IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  14-cv-03074-CMA

JOHANA PAOLA BELTRAN, and those similarly situated

Plaintiffs.

v.
PAMELA H. NOONAN,
THOMAS J. NOONAN,
INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC; EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE INC. D/B/A CULTURAL AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

---

## JOINDER IN AND SUPPLEMENT TO JOINT MOTION TO DISMISS

Defendants Au Pair International, Inc., EurAupair Intercultural Child Care Programs, American Cultural Exchange, LLC d/b/a Go Au Pair, Expert Group International, Inc. d/b/a Expert AuPair, and American Institute For Foreign Study d/b/a Au Pair in America (collectively, "These Defendants"), by their respective undersigned counsel, join in the Joint Motion to Dismiss by Certain Sponsor Defendants (the "Joint Motion") (Doc. # 82).  These Defendants file this separate Joinder in order to

supplement the Joint Motion by raising an additional ground for dismissal applicable only to them, and therefore not addressed in the Joint Motion.

## CERTIFICATE OF COMPLIANCE WITH CIVIL PRACTICE STANDARD 7.1D

One of the undersigned attorneys, Bogdan Enica, conferred regarding the issue raised in this motion with Alexander Hood, counsel for plaintiff Johana Paola Beltran. After discussion with plaintiff's counsel, based upon the nature of the defect in plaintiff's pleading, counsel for These Defendants do not believe the subject deficiency in plaintiff's Complaint (Doc. # 1) can be corrected by amendment.

## INTRODUCTION

As explained in the Joint Motion, the sole claim brought against the sponsor defendants, including These Defendants, is a claim that they conspired to fix the weekly stipend paid by host families to au pairs, in violation of the Sherman Act, 15 U.S.C. §§ 1 *et seq.* The elements of that claim are that the defendants: (1) entered into a plausible "contract, combination or a conspiracy;" (2) that "unreasonably restrains trade;" (3) in a "relevant market." *TV Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1027 (10th Cir. 1992). This Supplement, like the Joint Motion, is directed at the first element. The thrust of the Joint Motion is that the only factual allegations in the Complaint directed at the sponsor defendants are that each actually sets the weekly stipend rate at $195.75 for all au pairs they place, and that such allegations of bare "parallel conduct" are insufficient to state a claim as a matter of law.

Assuming the Court agrees, dismissal will be appropriate as to all sponsor defendants, including These Defendants, and the Court need not also consider this Supplement. However, there is an additional reason why the Complaint should be

dismissed as to These Defendants. Specifically, the well-pled factual allegations of the Complaint (including the documents cited therein) contradict, rather than support, the assertion that These Defendants set the stipend rate at $195.75 per week for all au pairs they place.

## ARGUMENT

Despite the length of the Complaint, the entirety of Plaintiff's conspiracy allegation is contained within the assertion that the sponsor defendants "agreed to fix all au pair weekly wages at exactly [the] minimum amount" fixed by the Department of State. *See* Complaint (Doc. # 1), at ¶ 85. In other words, Ms. Beltran maintains that Departments of Labor and State set the minimum rate to be paid by host families to au pairs ($195.75 per week), and that the Sponsor Defendants conspired to make this a fixed rate that would be paid to *all* au pairs.

However, the factual allegations in plaintiff's Complaint show that These Defendants do not even apply the designated rate of $195.75 to all au pairs they place, let alone conspire with other sponsor agencies to make that rate apply to all au pairs throughout the country. For example:

    1. Paragraph 29(ix) of the Complaint shows that while defendant Au Pair International uses the designated rate for "standard" au pairs, it also sets a stipend of $225 per week for "professional" au pairs;

    2. Paragraph 29(v) of the Complaint states that defendant EurAupair Intercultural sets a stipend of $250 per week for au pairs "par experience;" and

    3. Paragraph 29(xi) of the Complaint states that defendant American Institute For Foreign Study d/b/a Au pair in America sets a stipend of $250 per week for "au pairs extraordinaire."

As to the remainder of These Defendants, plaintiff's Complaint misleadingly cites their websites as fixing a rate of $195.75 for all au pairs, when in fact they do the opposite.[1] Specifically:

1. the website of defendant American Cultural Exchange, LLC (d/b/a Go AuPair) states that host families will pay different rates based on the experience of their au pair, with levels including "standard" ($195.75), "plus" ($215.00) or "premiere" ($255.00), *see* excerpt of Go AuPair website, attached as Exhibit A and available at *http://www.goaupair.com/host-families/fees/fees-by-au-pair-type;* and

2. the website of defendant Expert Group International, Inc. (d/b/a Expert AuPair) indicates $195.75 is "the minimum required," but goes on to state "you can pay more to your au pair, according to the terms of your contract with them," clearly indicating that au pairs are able to negotiate their wage with their employer. *See* excerpt of Expert AuPair website, attached as Exhibit B and available at *expertaupair.com.*

Where a complaint is brought against multiple defendants, it must contain factual allegations directed at each of them sufficient to support a claim for relief. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Here, the factual allegations

---

[1] The Court may consider these documents on a Motion to Dismiss, because they were referred to and quoted from in plaintiff's Complaint. *See, e.g., Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)

contained in the Complaint and directed at These Defendants are not sufficient to show that they engaged in parallel conduct by each setting the stipend rate at $195.75 for all au pairs they placed, let alone that they conspired with other agencies to that effect.

Wherefore, These Defendants move the Court to dismiss with prejudice the Complaint against them.

Respectfully submitted this 23rd day of February, 2015.

| | |
|---|---|
| Brownstein Hyatt Farber Schreck, LLP<br>*Attorneys for Defendant EurAupair Intercultural Child Care Programs* | JESTER GIBSON & MOORE, LLP<br>*Attorney for Defendant Au Pair International, Inc.* |
| *s/   Kathryn Anne Barrett*<br>Kathryn Anne Barrett<br>Martha Louise Fitzgerald<br>410 17th Street, Suite 2200<br>Denver, CO 80202-4432<br>303-223-1126<br>kbarrett@bhfs.com<br>mfitzgerald@bhfs.com | *s/  Brian T. Moore*<br>Brian T. Moore<br>1999 Broadway, Suite 3225<br>Denver, Colorado 80202<br>(303) 339-4779<br>BMoore@jgllp.com |
| Fisher & Phillips, LLP-Denver<br>*Attorneys for Defendant American Institute for Foreign Study* | Rietz Law Firm, LLC<br>*Attorney for Defendant American Cultural Exchange, LLC* |
| *s/ Lawrence L. Lee*<br>Daniel C. Perkins<br>Lawrence L. Lee<br>1801 California Street, Suite 2700<br>Denver, CO 80202-3025<br>303-218-3650<br>dperkins@laborlawyers.com<br>llee@laborlawyers.com | *s/ Brian Alan Birenbach*<br>Brian Alan Birenbach<br>114 Village Place, #301<br>Dillon, CO 80435<br>970-468-0210<br>brian@rietzlawfirm.com |

Attorney for Defendant Expert Group
International, Inc.


*s/ Bogdan Enica*
Bogdan Enica, Attorney at Law
111 2nd Avenue NE, Suite 213
St Petersburg, FL 33701-3440
727-225-2649
bogdane@hotmail.com

Attorney for Defendant Expert Group
International, Inc.


*s/ Bogdan Enica*
Bogdan Enica, Attorney at Law
111 2nd Avenue NE, Suite 213
St Petersburg, FL 33701-3440
727-225-2649
bogdane@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of February, 2015, a true and correct copy of JOINDER IN AND SUPPLEMENT TO JOINT MOTION TO DISMISS foregoing was filed and served via ECF/CM addressed to the following:

Alexander Hood
Towards Justice
601 16 Street, Suite C #207
Golden, CO 80401
Email: alex@towardsjustice.org

Raymond Myles Deeny
Sherman & Howard, L.L.C.-Denver
633 17th Street
Suite 3000
Denver, CO 80202-3622
Email: rdeeny@shermanhoward.com

Heather Fox Vickles
Sherman & Howard, L.L.C.-Denver
633 17th Street Suite 3000
Denver, CO 80202-3622
Email: hvickles@sah.com

William James Kelly , III
Kelly & Walker, LLC
1401 17th Street
Suite 925
Denver, CO 80202
Email: wkelly@kellywalkerlaw.com

Meshach Yustine Rhoades
Kutak Rock, LLP-Denver
1801 California Street
Suite 3000
Denver, CO 80202-2626
Email: rhoadesm@gtlaw.com

Bogdan Enica
111 2nd Avenue NE Suite 213
St Petersburg, FL 33701-3440
Email: bogdane@hotmail.com

Kathryn Anne Barrett
Brownstein Hyatt Farber Schreck, LLP-
410 17th Street Suite 2200
Denver, CO 80202-4432
Email: kbarrett@bhfs.com

Brooke A. Colaizzi
Sherman & Howard, L.L.C.-Denver
633 17th Street
Suite 3000
Denver, CO 80202-3622
Email: BColaizzi@shermanhoward.com

Martha Louise Fitzgerald
Brownstein Hyatt Farber Schreck, LLP
410 17th Street Suite 2200
Denver, CO 80202-4432
Email: mfitzgerald@bhfs.com

James Edward Hartley
Holland & Hart, LLP
555 17th Street
Suite 3200
Denver, CO 80201-8749
Email: jhartley@hollandhart.com

Mher Hartoonian
Holland & Hart, LLP-Denver
555 17th Street Suite 3200
Denver, CO 80201-8749
Email: mhartoonian@hollandhart.com

Donald Joseph Gentile
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
Email: dgentile@lawson-weitzen.com

Jeffrey Paul Allen
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
Email: jallen@lawson-weitzen.com

Walter Vernon Bernie Siebert
Sherman & Howard, L.L.C.-Denver
633 17th Street Suite 3000
Denver, CO 80202-3622
Email: bsiebert@shermanhoward.com

Brian Alan Birenbach
Rietz Law Firm, LLC
114 Village Place #301
Dillon, CO 80435
Email: brian@rietzlawfirm.com

Daniel C. Perkins
Fisher & Phillips, LLP-Denver
1801 California Street Suite 2700
Denver, CO 80202-3025
Email: dperkins@laborlawyers.com

Lawrence L. Lee
Fisher & Phillips, LLP-Denver
1801 California Street Suite 2700
Denver, CO 80202-3025
Email: llee@laborlawyers.com

Kathryn A. Reilly
Wheeler Trigg O'Donnell, LLP
370 17th Street Suite 4500
Denver, CO 80202-5647
Email: reilly@wtotrial.com

Lawrence Daniel Stone
Dufford & Brown, P.C.
1700 Broadway Suite 2100
Denver, CO 80290-2101
Email: lstone@duffordbrown.com

Susan Penniman Klopman
H & K Law, LLC
3900 East Mexico Avenue Suite 330
Denver, CO 80210
Email: sklopman@hklawllc.com

Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Email: reilly@wtotrial.com

*s/ Cristina Tostado*
Cristina Tostado, Paralegal