# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN; and those similarly situated,

    Plaintiffs,

v.

PAMELA H NOONAN;
THOMAS J NOONAN;
INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

    Defendants.

---

## DEFENDANT A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC'S JOINDER IN AND SUPPLEMENT TO JOINT MOTION TO DISMISS

---

Defendant A.P.EX. American Professional Exchange, LLC, d/b/a Proaupair ("PROaupair"), by its attorneys, Lawrence D. Stone and Christian D. Hammond of Dufford & Brown, P.C., hereby joins the Joint Motion to Dismiss by Certain Sponsor

{00641891.1}

Defendants (the "Joint Motion") (Doc. # 82), and incorporates by reference the Joint Motion as if fully set forth herein. Additionally, PROaupair supplements the Joint Motion by raising an additional basis for dismissal that is applicable to it, stating as follows:

> **Certificate of Compliance with Civil Practice Standard 7.1D**
> Undersigned counsel spoke with Plaintiff's counsel by telephone to discuss the Complaint's pleading deficiency and the relief requested herein. PROaupair's counsel is authorized to state that the Plaintiff opposes the relief requested herein.

## I. INTRODUCTION

PROaupair is designated by the U.S. State Department as an official sponsor of the J-1 Au Pair Exchange Visitor Program. See Complaint [Doc. #1] at ¶¶ 21-22. In her Complaint, Plaintiff's sole claim for relief against PROaupair alleges it conspired with the other Sponsor Defendants to fix the weekly stipend paid by host families to au pairs, in violation of the Sherman Act, 15 U.S.C. §§ 1 et seq. See Complaint at ¶¶ 82-92. As support for the alleged conspiracy, Plaintiff asserts that the Sponsor Defendants "agreed on the absolute minimum weekly wage for an *au pair* under the FLSA. The Sponsors then agreed to fix all *au pair* weekly wages at exactly that minimum amount." See Complaint at ¶ 85. The minimum weekly stipend amount is set by the U.S. Department of Labor and the U.S. Department of State at $195.75. *Id.* at ¶ 84.

However, as explained in the Joint Motion and below, Plaintiff's claim against PROaupair fails as a matter of law and should be dismissed.

## II.   ARGUMENT

To state a claim for a violation of Section 1 of the Sherman Act, "the plaintiff must allege facts which show: [1] the defendant entered a contract, combination or conspiracy [2] that unreasonably restrains trade [3] in the relevant market." *TV Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1027 (10th Cir. 1992). For the reasons set forth in the Joint Motion, Plaintiff's allegations that "many" of the Sponsor Defendants engaged in parallel conduct is insufficient to establish the first element of a claim brought under Section 1 of the Sherman Act, especially where the parallel conduct complied with federal regulations and was fully consistent with the Sponsor Defendants' individual economic interests. *See* Joint Motion at pp. 11-14.

In addition, contrary to Plaintiff's allegations, PROaupair does in fact instruct its host families to pay a weekly stipend to its au pairs that exceeds the minimum stipend established by the Department of Labor and the Department of State. Specifically, in her Complaint, Plaintiff cites to only a portion of PROaupair's website describing the costs associated with a traditional au pair hired through PROaupair. *See* Complaint at p. 12, ¶ 29(iii). The complete website page establishes that au pairs with more experience, called Professional Au Pairs, cost more than traditional au pairs because their minimum weekly stipend is more.[1]   The stipend is more in recognition of the fact

---

[1] *See* https://proaupair.com/fees (last visited February 23, 2015). The Court may consider these documents on a Motion to Dismiss because they were referred to and quoted from in Plaintiff's Complaint. *See, e.g., Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents'

{00641891.1}    3

that Professional Au Pairs must have a child-related degree and at least one to two years of childcare experience.[2]

Indeed, more detail regarding the different minimum weekly stipend host families will pay based on the experience of the au pair hired is provided by clicking on the "For Au Pairs" link at the top of the page.[3] After accessing the webpage associated with this link, one can link to the "Costs" page, which states that the weekly stipend for a Professional Au Pair is $250 per week.[4]

Accordingly, because PROaupair instructs its host families to pay different minimum weekly stipends based on the au pair's level of experience, PROaupair was not a participant in the alleged conspiracy forming the basis for Plaintiff's first claim for relief. Consequently, Plaintiff's claim against PROaupair for alleged violation of Section 1 of the Sherman Act should be dismissed.

### III.  CONCLUSION

WHEREFORE, for the reasons set forth in the Joint Motion and above, PROaupair respectfully requests the Court to dismiss Plaintiff's Count I for alleged

---

authenticity."); *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, . . . and documents incorporated into the complaint by reference.").

[2] *Id.; see also* https://proaupair.com/why-professional-aupair/comparing-in-home-care-options (comparing requirements for Professional Au Pairs, Nannies, and Traditional Au Pairs) (last visited February 23, 2015).

[3] See https://proaupair.com/.

[4] See http://proaupair.org/costs-and-fees/ (last visited February 23, 2015).

violation of Section 1 of the Sherman Act with prejudice, and for such further relief as the Court deems appropriate.

Respectfully submitted this 23rd day of February, 2015.

                                 DUFFORD & BROWN, P.C.

                                 s/ Lawrence D. Stone
                                 Lawrence D. Stone
                                 Christian D. Hammond
                                 1700 Broadway, Suite 2100
                                 Denver, CO  80290-2101
                                 Telephone:  (303) 861-8013
                                 E-mail:  lstone@duffordbrown.com
                                                          chammond@duffordbrown.com

                                 Attorneys for Defendants A.P.EX. American Professional Exchange, LLC d/b/a PROaupair

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2015, I served the foregoing **DEFENDANT A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC'S JOINDER IN AND SUPPLEMENT TO JOINT MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification via e-mail to all counsel of record.

*s/ Carol A. Larsen Cook*
Carol A. Larsen Cook