IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHENENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRE IVETTE GONZALES;
and those similarly situated

    Plaintiffs,

v.

PAMELA H NOONAN;
THOMAS J NOONAN;
INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AUPAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

    Defendants.

**MOTION TO CONTINUE SCHEDULING CONFERENCE BY DEFENDANTS
INTEREXCHANGE, INC. AND AMERICAN CULTURAL EXCHANGE, LLC d/b/a
GOAUPAIR**

EMPLOY/1192263.1

DEFENDANTS InterExchange, Inc. ("InterExchange") and American Cultural Exchange, LLC d/b/a GoAuPair ("GoAuPair"), by and through their undersigned counsel, hereby move the Court to continue the Scheduling Conference, currently set for March 25, 2015.  The reasons for the request are as follows:

1.  The initial Complaint in this case was filed November 13, 2014, and was 132 paragraphs in length.  (Doc #1.)

2.  The Complaint pleaded, on behalf of a single named Plaintiff (Beltran) and others similarly situated, a class action antitrust claim against InterExchange, GoAuPair, and thirteen other agency defendants.  (Doc. #1 at ¶¶ 82-92.)

3.  The Complaint also pleaded the following class or collective action claims against InterExchange:  violation of the minimum wage provisions of the Fair Labor Standards Act (Doc. #1 at ¶¶ 93-102); violation of unspecified states' wages laws (id. at ¶¶ 103-112); breach of fiduciary duty (id. at ¶¶ 113-119); and violation of the New York Wage Act (id. at ¶¶ 120-123).

4.  On January 26, 2015, this Court set a Scheduling Conference for March 25, 2015.  (Doc. #47.)  Per the Court's order, the parties' Proposed Scheduling Order was due to the Court by March 18, 2015.

5.  On February 20, 2015, InterExchange filed a Motion to Dismiss Plaintiff's Counts II-V.  (Doc. #75.)  InterExchange and GoAuPair also joined in a joint motion filed by most of the other agency defendants to dismiss Count I of the Complaint.  (Doc. #82.)

6.  With respect to InterExchange's Motion to Dismiss and as required by Judge Arguello's practice standards, undersigned counsel sought Plaintiff Beltran's position

2

with respect to the Motion to Dismiss, specifically his position on whether any of the defects in the Complaint could be cured by amendment.

7. Although due to impending weather and staffing issues InterExchange filed its Motion to Dismiss approximately two hours earlier than it had represented to Plaintiff Beltran's counsel that it would, InterExchange specifically invited Plaintiff Beltran's counsel to confer about the Motion, and indicated that InterExchange would amend its filings, if necessary.

8. Plaintiff Beltran's counsel did not respond to InterExchange's invitation to continue conferral about the Motion to Dismiss.

9. Similarly, in connection with the filing of the joint motion to dismiss Count I (Doc. #82), between February 17 and February 23, 2015, James E. Hartley, counsel for defendant Cultural Homestay International, communicated on several occasions with Plaintiff Beltran's lawyer concerning the substance of the motion to dismiss and whether any of the identified deficiencies in the Complaint could be cured by amendment.  At no time did Plaintiff Beltran's lawyer offer to amend the Complaint to address any of the deficiencies identified by Mr. Hartley, or propose to amend the Complaint to assert any new facts.

10. On March 2, 2015, the parties, including InterExchange and GoAuPair, began the conferral process for the Proposed Scheduling Order as to Count I.  The agency defendants conferred by phone with Plaintiff's counsel twice and exchanged multiple drafts of a proposed scheduling order, in addition to other email communications.

3

11. Separately, InterExchange proposed a separate Proposed Scheduling Order for Counts II-V and initiated conferral with Plaintiff Beltran's counsel about that proposal.

12.  As part of InterExchange's conferral with Plaintiff Beltran's counsel about the Proposed Scheduling Order, InterExchange's counsel specifically inquired as to whether Plaintiff Beltran's counsel would be adding defendants to the FLSA count. Plaintiff Beltran's counsel declined to respond.

13. On Friday, March 13, 2015, at approximately 7:47 p.m., Plaintiffs' counsel filed a First Amended Complaint (Doc. #101).  The First Amended Complaint is 112 pages and 534 paragraphs long.  (Id.)

14. The First Amended Complaint joined four new plaintiffs.  (Doc. #101.)  The First Amended Complaint also asserted a multitude of new facts and made the following changes or additions to claims in the Complaint:

   a. Added a new antitrust theory to Count I pleaded against all of the agency defendants (Doc. #101 at ¶ 471);

   b. Added a civil class action claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(C) against InterExchange and agency defendants Cultural Care and Au Pair in America (Doc. #101 at ¶¶ 475-481);

   c. Added defendants Cultural Care, Au Pair in America, and GoAuPair as defendants to the class action breach of fiduciary duty claim (Doc. #101 at ¶¶ 482-484);

d.  Added a class action negligent misrepresentation claim under unspecified states' laws against InterExchange and defendants Cultural Care, Au Pair in America, and GoAuPair (Doc. #101 at ¶¶ 485-487);

e.  Added a class action constructive fraud/fraudulent concealment claim under unspecified states' laws against InterExchange and defendants Cultural Care, Au Pair in America, and GoAuPair (Doc. #101 at ¶¶ 488-490);

f.  Added a class action consumer protection claim under unspecified states' laws against InterExchange and defendants Cultural Care, Au Pair in America, and GoAuPair (Doc. #101 at ¶¶ 491-493);

g.  Added a class action breach of contract/quasi contract claim against InterExchange and defendants Cultural Care, Au Pair in America, and GoAuPair (Doc. #101 at ¶¶ 494-500);

h.  Added Cultural Care, Au Pair in America, and GoAuPair as defendants to the collective action FLSA claim (Doc. #101 at ¶¶ 501-512);

i.  Added Cultural Care, Au Pair in America, and GoAuPair as defendants to the class action claim for unpaid wages under unspecified states' laws (Doc. #101 at ¶¶ 513-521); and

j.  Added Cultural Care, Au Pair in America, and GoAuPair as defendants to the class action wage claim under New York law (Doc. #101 at ¶¶ 522-527).

15. Plaintiffs' counsel made no disclosure of his intent to amend the Complaint or any parts thereof during any of the discussions surrounding InterExchange's Motion to Dismiss or the Proposed Scheduling Orders.

16. The new FLSA consent forms attached to the First Amended Complaint are dated January 9, 2014 [sic], February 3, 2015, February 5, 2015, and February 25, 2015, indicating that they were in Plaintiffs' counsel's possession long before discussions began surrounding the Motions to Dismiss and the Proposed Scheduling Orders.  (Doc. #101 at pp. 108-111).

17. The new and expanded claims and the new party alignments render the Proposed Scheduling Order drafts, and the parties' discussions about those drafts, obsolete.

18. In addition, key personnel of InterExchange are out of the country until shortly before the Scheduling Conference.  As a result, InterExchange will not have the opportunity to evaluate the First Amended Complaint or engage in any meaningful conferral with Plaintiffs' counsel about a revised Proposed Scheduling Order before the Scheduling Conference.

19. InterExchange and GoAuPair request a continuance of the Scheduling Conference of at minimum 30 days from the original date of March 25, 2015 to permit them to evaluate the First Amended Complaint, prepare their responses, and meaningfully confer with Plaintiffs' counsel with respect to Proposed Scheduling Orders.

20. Neither InterExchange nor GoAuPair has previously sought continuance of the Scheduling Conference.

## **Certificate of Compliance with D.C.Colo.LCivR 6.1 and 7.1**

Undersigned counsel for InterExchange has conferred with counsel for the other agency defendants regarding the relief sought in this Motion.  Counsel for defendant Cultural Care intends to file a motion seeking similar relief.  Counsel for the remaining agency defendants indicated that they <u>join</u> in the request for a continuance of the Scheduling Conference as requested herein.

On March 17, 2015, undersigned counsel for InterExchange sent an email to Plaintiffs' counsel outlining this Motion, requesting Plaintiffs' position, and inviting discussion about the Motion.  Plaintiffs' counsel stated that Plaintiffs do not oppose the relief sought in this Motion, but Plaintiffs do oppose the characterizations in the body of this Motion.

InterExchange and GoAuPair certify that a copy of this Motion was simultaneously served on InterExchange and GoAuPair.

DATED this 17th day of March, 2015.

Respectfully submitted,


*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
Raymond M. Deeny
Heather F. Vickles
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email:  bcolaizzi@shermanhoward.com
Email:  rdeeny@shermanhoward.com
Email:  hvickles@shermanhoward.com

ATTORNEYS FOR DEFENDANT
INTEREXCHANGE, INC.

*s/ Kathryn A. Reilly*
Kathryn A. Reilly
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202
Tel:  (303) 244-1800
Fax:  (303) 244-1879
Email:  reilly@wtotrial.com

ATTORNEY FOR DEFENDANT
AMERICAN CULTURAL EXCHANGE, LLC,
D/B/A GOAUPAIR

8

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 17th day of March, 2015, I electronically filed the foregoing **MOTION TO CONTINUE SCHEDULING CONFERENCE BY DEFENDANTS INTEREXCHANGE, INC. AND AMERICAN CULTURAL EXCHANGE, LLC D/B/A GOAUPAIR** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alexander Hood
Towards Justice
601 16th Street, Suite C #207
Golden, CO  80401
Email:  alex@towardsjustice.org

Susan Penniman Klopman
H&K Law, LLC
3900 East Mexico Ave., Suite 330
Denver, CO  80210
Email:  sklopman@hklawllc.com

Brian T. Moore
Jester Gibson & Moore, LLP
1999 Broadway, Suite 3225
Denver, CO  80220
Email:  BMoore@jgllp.com

Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Email: lstone@duffordbrown.com
Email: chammond@duffordbrown.com

William J. Kelly III
KELLY & WALKER LLC
1401 17th Street, Suite 925
Denver, CO  80202
Email:  wkelly@kellywalkerlaw.com

Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO  80202
Email:  reilly@wtotrial.com

Brian A. Birenbach
The Rietz Law Firm, L.L.C.
114 Village Place, Suite 301
Dillon, CO  80435
Email:  brian@rietzlawfirm.com

James E. Hartley
Mher Hartoonian
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email:  jhartley@hollandhart.com
Email:  mhartoonian@hollandhart.com

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bsiebert@shermanhoward.com

Jeffrey P. Allen
Donald Gentile
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
Email:  jallen@lawson-weitzen.com
Email:  dgentile@lawson-weitzen.com

| | |
|---|---|
| Bogdan Enica<br>Expert AuPair<br>111 Second Ave NE, Ste. 213<br>St. Petersburg, FL  33701<br>Email:  Bogdan@expertaupair.com | Lawrence Lee<br>Daniel C. Perkins<br>Fisher & Phillips LLP<br>1801 California Street, Suite 2700<br>Denver, CO  80202<br>Email:  llee@laborlawyers.com<br>Email:  dperkins@laborlawyers.com |
| Meshach Y. Rhoades<br>Martin Estevao<br>Greenberg Traurig, LLP<br>1200 Seventeenth Street, Suite 2400<br>Denver, CO  80202<br>Email:  Rhoadesm@gtlaw.com<br>Email:  Estevaom@gtlaw.com | Thomas Quinn<br>John Mann<br>Gordon Rees Scully Mansukhani LLP<br>555 Seventeenth Street, Suite 3400<br>Denver, CO  80202<br>Email:  tquinn@gordonrees.com<br>Email:  jmann@gordonrees.com |
| Martha L. Fitzgerald<br>Kathryn A. Barrett<br>Brownstein Hyatt Farber Schreck, LLP<br>410 Seventeenth Street, Suite 2200<br>Denver, CO  80202-4432<br>Email:  mfitzgerald@bhfs.com<br>Email:  kbarrett@bhfs.com | |

*s/ Lynn Zolal Howell*