# 1997 DOLWH LEXIS 16

U.S. Department of Labor Employment Standards Administration Wage and Hour Division Washington, D.c. 20210 U.S. Department of Labor, Employment Standards Administration, Wage and Hour Division, Washington, D.C. 20210

February 28, 1997

**Reporter**
1997 DOLWH LEXIS 16

## [NO NUMBER IN ORIGINAL]

February 28, 1997

## Core Terms

pair, tuition, hostess, minimum wage, memorandum

**Panel:** John R. Fraser, Acting Administrator

## Opinion

This is in reply to your letter asking whether an *au pair* employer may take credit against the minimum wage for the employer's payment of tuition on behalf of the *au pair*. You forwarded a legal memorandum with your letter -- prepared by your attorney -- that concludes that such credit may be taken for tuition costs, and you requested our review of the issue. The attorney's memorandum also raises the issue of whether an *au pair* employer may take credit against the minimum wage for medical insurance, so we have considered and opine on that matter as well. For the reasons discussed below, it is our opinion that an *au pair* employer may not take credit in meeting its minimum wage obligations for either tuition costs or medical insurance under the circumstances addressed in the memorandum.

TUITION

The Department has opined in several opinion letters -- including the April 3, 1967, Wage and Hour Administrator's Opinion cited in the memorandum -- that tuition may be credited against the minimum wage under certain circumstances. Such advice is based on the Department's regulations at 29 CFR § 531.32, which discuss "facilities," other [*2] than board and lodging, for which an employer may take credit against the minimum wage. Tuition furnished by a college to its student employees is among the facilities listed in § 531.32(a) for which an employer may take credit.

Credit for facilities under § 531.32 is conditioned by 29 CFR § 531.30, which requires that the employee's acceptance of such facilities be voluntary and uncoerced. Section § 531.32 was thus not intended to address the present situation where an employee must take courses as a condition of participation in the *au pair* program, and an employer is required to pay for the employee's tuition. Instead, it generally applies to colleges which employ students who voluntarily take courses. In none of the situations addressed by the aforementioned opinions was the employee obligated to accept the "facility" or the employer required by law or regulation to provide such tuition costs.

Consistent with the "cultural exchange" purpose of the *au pair* program administered by your agency, USIA regulations at 22 CFR 514.31(k) require the host family to pay the cost of an *au* pair's academic course work in an amount not to exceed $ 500. This situation is thus clearly [*3] distinguishable from one where an employee voluntarily accepts tuition credit as part of his/her wages and the employer is under no obligation to provide such tuition. An *au pair* employer must pay tuition costs up to $ 500 and the *au pair*must take courses as an element of participation in the program. Thus, the payment is not voluntary and uncoerced as required by § 531.30.

We also note that in quoting § 30c03(a)(5) of the FOH, the memorandum omitted the conditional clause at the end of the sentence. The full text of this provision states:

> Tuition furnished to an employee for courses or training for the individual's own personal benefit is a bona fide "facility" for which a wage credit may be taken, unless the training is related to employment or is required to retain employment. (Emphasis in original.)

In this case, the training is required to retain employment since the regulations require the *au pair* to be enrolled in an accredited post-secondary institution and the host family to provide tuition. Thus, a host family employer may not take credit for tuition costs under such circumstances.

INSURANCE

Section 531.32(c), which discusses "facilities" [*4] other than board and lodging for which an employer may take credit against the minimum wage, provides that medical services and hospitalization which the employer is bound to furnish under workers' compensation acts, or similar Federal, State, or local law, are not "facilities" within the meaning of that section. In addition, the Department has issued several opinions on this issue, holding that payments for insurance premiums are not "facilities." These opinions flow from Section 7(e) of the FLSA, which excludes payments for such health insurance and other benefit plans from the computation of the regular rate of pay. Therefore, an employer may not take credit for such payments.

The question also arises whether an employer may make a deduction from an employee's wage to pay an employee's medical insurance premium to a third party, and thereby reduce the wage below the statutory minimum wage. Such a deduction is permissible only if: (a) the employer is not required to provide the insurance; (b) the employer derives no direct or indirect benefit or profit; and (c) the deduction is made upon a voluntary assignment to a third party by the employee, which would be revocable at any time [*5] (see § 531.40). It is our view that these conditions are not satisfied under the *au pair* program.

Although USIA regulations at 22 CFR § 514.14 provide that "Sponsors shall require each exchange visitor to have insurance . . .", the legal memorandum which you submitted suggests that a host family is required to provide such insurance. Furthermore, a USIA document, entitled "Guidelines Governing the Designation and Administration of Au Pair Programs" states that "organizations must maintain health/accident insurance [and] shall provide the minimum currently in effect, which is . . . medical and accident coverage."

If the host family is required by law, regulation or some other legal instrument to provide such insurance, a deduction from wages to recoup the cost is not permissible. In such a situation, the

provision of insurance is a normal operating expense of the employer. Moreover, we believe that the employer derives a benefit from providing insurance to the *au pair*, thereby making such deduction impermissible. Without insurance the *au pair* cannot participate in the program and cannot provide child care to the host family. It is irrelevant that the medical insurance also [*6] benefits the *au pair* (which would likely be the case in any employment situation); if the employer derives any benefit, such deduction may not be made. Even assuming that the host family were not required to provide such insurance, it could not reduce an *au* pair's wage below the statutory minimum wage for an insurance premium without the *au* pair's voluntary authorization, which the employee must be free to revoke at any time.

I apologize for the delay in responding, and hope that the foregoing is responsive to your request.

Sincerely,

**Load Date:** 2014-06-28