**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN, *et al.*

Plaintiffs,

v.

INTEREXCHANGE, INC., et al.

Defendants.

---

**DEFENDANT AMERICAN CULTURAL EXCHANGE, LLC, D/B/A GO AU PAIR'S
MOTION TO DISMISS
COUNTS I, III, IV, V, VI, VII, VIII, IX AND X OF THE FIRST AMENDED COMPLAINT**

---

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant American Cultural Exchange, LLC, d/b/a Go Au Pair ("Go Au Pair") respectfully moves to dismiss Counts I, III, IV, V, VI, VII, VIII, IX and X set forth against it in the First Amended Complaint (Doc. # 101).

With respect to Count I, Go Au Pair joins and adopts, as if fully stated herein, the arguments set forth in the Joint Motion by Certain Sponsor Defendants to Dismiss the First Amended Complaint and Certification of Compliance with Civil Practice Standard 7.1D (the "Joint Motion to Dismiss"), filed on this same date. This Motion addresses solely Counts III through X. With respect to those claims, Go Au Pair joins in and incorporates by reference the arguments set forth in the Motion to Dismiss the First Amended Complaint by Defendant InterExchange, Inc. ("InterExchange's Motion to Dismiss," Doc. #130) and Defendant Cultural Care, Inc.'s Motion to Dismiss All Claims

in First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Cultural Care's Motion to Dismiss," Doc. No. 127). Go Au Pair files this separate Motion for the purpose of responding to the specific allegations concerning Go Au Pair.

## CERTIFICATION PURSUANT TO CIV. PRACTICE STANDARD 7.1D

Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned discussed the contents of this Motion with Plaintiffs' counsel and they declined to grant the relief requested. Based upon the nature of the defects in Plaintiffs' pleadings, the undersigned does not believe the deficiencies can be corrected by amendment.

## INTRODUCTION

This lawsuit attacks the very existence of our nation's au pair program, a "Department of State-designated exchange visitor program under which foreign nationals are afforded the opportunity to live with an American host family and participate directly in home life of the host family." 22 C.F.R. § 62.31(a). As part of the au pair program, the Department of State ("DOS") designates and closely regulates "sponsors"—legal entities that help administer the exchange visitor program in accordance with federal directives. *Id.* § 62.2. Go Au Pair is one of fifteen designated sponsors, all of whom have been named as defendants in this action as stand-ins for the true target of Plaintiffs' complaints—the federal government.

Plaintiffs' claims against Go Au Pair are based on their allegation that Go Au Pair and the other sponsors improperly fixed the weekly stipend amount paid by host families to au pairs at $195.75 per week, the stipend established by the Department of Labor ("DOL") and DOS. In addition to the Sherman Act claim not addressed in this

Motion, Plaintiffs assert four types of claims against Go Au Pair relating to the weekly stipend: (1) state law claims based on Go Au Pair's alleged misrepresentations to au pairs relating to the weekly stipends, asserted in Counts III, IV, V, and VI (the "fraud claims"); (2) violation of the Fair Labor Standards Act ("FLSA"), asserted in Count VIII (the "FLSA claim"); (3) violation of state wage laws, asserted in Counts IX and X (the "state wage claims"); and (4) breach of contract and quasi contract based on the alleged violation of the FLSA and state wage laws, asserted in Count VII (the "breach of contract claim"). All four categories of claims fail for multiple reasons.

First, as set forth in InterExchange's and Cultural Care's Motions to Dismiss, federal law preempts state law with respect to the au pair program, thus all state law claims asserted by Plaintiffs (including the fraud claims, the state wage claims, and the breach of contract claim) are barred as a matter of law.

Second, the fraud claims, which all depend on Plaintiffs' allegation that Go Au Pair made misrepresentations regarding the weekly stipend, fail because the statements at issue are all true. These statements merely reflect, and in some cases quote, the Code of Federal Regulations (the "Code") and other regulations and guidance governing the exchange visitor and au pair programs issued by DOS, DOL, and the Internal Revenue Service ("IRS").[1] Go Au Pair's recitation of these federal directives cannot, as a matter of law, serve as the basis for Plaintiffs' fraud claims.

---

[1] This Motion relies on several notices or other publications by the IRS, DOS, and DOL, the contract between Plaintiff Gonzalez and Go Au Pair, and Go Au Pair's website. These materials may be properly considered by the Court in connection with this Motion to Dismiss because these materials were referred to and quoted in the First Amended Complaint. *See, e.g., Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

Moreover, Plaintiffs' fraud claims are belied by Plaintiffs' other allegations. Contrary to Plaintiffs' contention that Go Au Pair misrepresented to au pairs that they could not be paid more than the $195.75 weekly stipend established by DOL and DOS (Doc. #101 ¶¶ 484, 487, 490, 493), their factual allegations acknowledge that Go Au Pair in fact advertised that host families will pay **different rates above** the $195.75 wage floor based on the au pair's experience (*id.* ¶¶ 274, 314). Indeed, even Plaintiff Alexandra Ivette Gonzalez ("Gonzalez") was paid more than the $195.75 weekly stipend set by DOL/DOS. (*Id.* ¶ 418.) On their face, Plaintiffs' allegations fail to establish any misrepresentation by Go Au Pair; the fraud claims should thus be dismissed.

Third, Plaintiffs' FLSA claim fails because, as demonstrated by both the federal regulations governing the au pair program and the au pair contracts themselves, an employer-employee relationship does not exist between Go Au Pair and au pairs. Without an employment relationship, Plaintiffs cannot establish a violation of the FLSA. Further, as set forth in InterExchange's and Cultural Care's Motions to Dismiss, Plaintiffs have failed to allege violations of FLSA's minimum wage or overtime requirements.

In short, this lawsuit is misdirected. Unable to sue the true source and target of Plaintiffs' complaint—the federal government—Plaintiffs instead have asserted claims against the sponsors, who are merely the designated administrators of the challenged federal program. Plaintiffs would be better served by addressing their grievances with the government, rather than filing lawsuits against government-sanctioned sponsors. Permitting a private right of action for these complaints would undermine, if not thwart,

4

the government's ability to effectively balance the interests and statutory objectives of the au pair program and ensure uniformity in the administration of this federal cultural exchange program.[2]

## ARGUMENT

### I. PLAINTIFFS' STATE LAW CLAIMS ARE PREEMPTED BY FEDERAL LAW

Federal law preempts state law as to the au pair program, and Plaintiffs' state law claims, asserted in Counts III, IV, V, VI, VII, IX, and X, should be dismissed for this reason. Go Au Pair joins and adopts, as if fully stated herein, the arguments set forth in Section III of InterExchange's Motion to Dismiss and Section III.C & E of Cultural Care's Motion to Dismiss.

### II. PLAINTIFFS' STATE LAW CLAIMS SOUNDING IN FRAUD FAIL BECAUSE PLAINTIFFS FAIL TO ALLEGE ANY MISREPRESENTATION

As alleged by Plaintiffs, the fraud claims[3]—breach of fiduciary duty,[4] negligent misrepresentation,[5] constructive fraud or fraudulent concealment,[6] and violations of

---

[2] Go Au Pair incorporates by reference as set forth in the Joint Motion to Dismiss and in InterExchange's and Cultural Care's Motions to Dismiss the summary of the relevant factual background and regulatory framework, and also the applicable legal standard. Specific factual allegations relating to Go Au Pair are addressed in the Argument Section below.

[3] Plaintiffs attempt to plead that Defendants' alleged fraud violates multiple state laws, but with respect to Go Au Pair, Plaintiffs only provide factual support for claims under Colorado and Maryland.

[4] *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020, 1022 (Colo. App. 1993) (the elements of a breach of fiduciary duty under Colorado law are (1) the defendant was acting as a fiduciary of the plaintiff, (2) **defendant breached a fiduciary duty to the plaintiff**, (3) the plaintiff incurred damages, and (4) defendant's breach of fiduciary duty was a cause of the plaintiff's damages.). Here, Plaintiffs claim that Go Au Pair breached its fiduciary duty by "misleading the au pairs to believe that the weekly wage was fixed by law."

---

(Doc. #101 FAC ¶ 484).  Pursuant to Civ. Practice Standard 7.1D(d)(1), Go Au Pair contends that Plaintiffs fail to allege facts sufficient to establish that Go Au Pair breached its fiduciary duty to Plaintiffs.  *G. M. Pusey and Assocs., Inc. v. Britt/Paulk Ins. Agency, Inc.*, Civ. No RDB-07-3229, 2008 WL 2003747, at *6-7 (D. Md. May 6, 2008) ("Maryland does not recognize an independent cause of action for breach of fiduciary duty.").

[5] The elements of negligent misrepresentation are substantially similar in Colorado and Maryland:  (1) defendant, in the course of his or her business, profession or employment; (2) **makes a misrepresentation of a material fact, without reasonable care**; (3) for the guidance of others in their business transactions; (4) with knowledge that his or her representations will be relied upon by the injured party; and (5) the injured party justifiably relied on the misrepresentation to his or her detriment. *Allen v. Steele*, 252 P.3d 476, 482 (Colo. 2011) (citation omitted); *Martens Chevrolet, Inc. v, Seney*, 439 A.2d 534, 539 (Md. 1982).  Pursuant to Civ. Practice Standard 7.1D(d)(1), Go Au Pair contends that Plaintiffs fail to allege facts sufficient to establish that Go Au Pair made a misrepresentation to Plaintiffs.

[6] Constructive fraud in Colorado and Maryland are substantially similar.  In both states, the claim is defined as a breach of a duty that the law declares fraudulent because of its tendency to **deceive, violate confidence or injure public interest**.  *See Kim v. Grover C. Coors Trust*, 179 P.3d 86, 98 (Colo. App. 2007) (citation omitted); *Ellerin v. Fairfax Sav., F.S.B.*, 652 A.2d 1117, 1127 n.11 (Md. 1995) (citation omitted).  Pursuant to Civ. Practice Standard 7.1D(d)(1), Go Au Pair contends that Plaintiffs fail to allege facts sufficient to establish that Go Au Pair deceived, violated confidence or injured public interest.  In Colorado, fraudulent concealment is:  (1) **concealment of a material existing fact that in equity and good conscience should be disclosed**, (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed, (3) ignorance of that fact on the part of the party from whom the material fact is concealed, (4) the intention that the concealment be acted upon, and (5) the party from whom the material fact was concealed acted upon the concealment suffering damages therefrom.  *Hawkinson v. A.H. Robbins Co., Inc.*, 595 F. Supp. 1290, 1312 (D. Colo. 1984).  Pursuant to Civ. Practice Standard 7.1D(d)(1), Go Au Pair contends that Plaintiffs fail to allege facts sufficient to establish that Go Au Pair concealed material facts from Plaintiffs.  In Maryland, fraudulent concealment requires plaintiff to prove:  (1) the defendant owed a duty to the plaintiff to disclose a material fact, (2) **the defendant failed to disclose that fact**, (3) the defendant intended to defraud or deceive the plaintiff, (4) the plaintiff took action in justifiable reliance on the concealment, and (5) the plaintiff suffered damages as a result of the defendant's concealment.  *Green v. H & R Block, Inc.*, 735 A.2d. 1039, 1059 (Md. 1999).  Pursuant to Civ. Practice Standard 7.1D(d)(1), Go Au Pair contends that Plaintiffs fail to allege facts sufficient to establish that Go Au Pair failed to disclose facts to Plaintiffs.

Colorado and Maryland consumer protection laws[7] (Counts III, IV, V, and IV)—all share a common element: misrepresentation and/or concealment of a material fact. As Plaintiffs cannot establish this essential element, the fraud claims should be dismissed.

    A. <u>The First Amended Complaint Refutes Any Contention That Go Au Pair Represented Au Pairs Could Not Be Paid Above the $195.75 Stipend.</u>

Plaintiffs' central contention underlying their fraud claims is that Go Au Pair fraudulently informed au pairs and prospective au pairs that they could not receive weekly stipends above the $195.75 stipend set by DOL and DOS. (Doc. #101 ¶¶ 14, 284) That general and unsubstantiated allegation, however, is belied by Plaintiffs' factual allegations. First, Plaintiffs allege Go Au Pair expressly advertised that au pairs could receive different weekly stipends above $195.75 per week based on their level of experience. (Doc. #101 ¶¶ 274, 314; *see also* Excerpt of Go Au Pair's website, attached as **Exhibit A**.) These allegations alone refute any contention that Go Au Pair misrepresented to au pairs that host families were prohibited from going above the DOL/DOS weekly stipend. Moreover, Plaintiffs allege the host family who employed Gonzalez—the only named Plaintiff Go Au Pair sponsored—paid her **$200 per week**; not the $195.75 stipend Plaintiffs allege Go Au Pair set as the "illegal wage ceiling." (*Id.*

---

[7] A private action may be brought under the Colorado Consumer Protection Act by actual or potential consumers of defendant's goods, services or property who are injured as a result of such **deceptive trade practices**. Colo. Rev. Stat. § 6-1-113(1). The Maryland Consumer Protection Act prohibits the commission of **unfair or deceptive trade practices**, which includes making "false . . . or misleading oral or written statement . . . or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers." Md. Code, Com. Law § 13-301. For both claims, pursuant to Civ. Practice Standard 7.1D(d)(1), Go Au Pair contends that Plaintiffs fail to allege facts sufficient to establish that Go Au Pair conducted unfair or deceptive trade practices.

¶ 418.)  Accordingly, Plaintiffs' primary allegation of misrepresentation fails on its face in light of Plaintiffs' other allegations.

  B. <u>Go Au Pair's Specific Representations Cited in the Complaint Cannot Establish Fraud Because They Are True.</u>

Although Plaintiffs broadly claim that Go Au Pair engaged in fraud, the specific representations challenged by Plaintiffs are irrefutably true, and thus cannot establish fraud.  As demonstrated in the chart below, the challenged statements accurately reflect governing federal regulations and directives.

| PLAINTIFFS' ALLEGATION OF MISREPRESENTATION | FEDERAL REGULATORY SCHEME |
|---|---|
| "Go Au Pair sets and advertises a standard au pair wage of $195 per week for 52 weeks, including two weeks of vacation without room."  (Doc. #101 ¶ 271.) | DOS and DOL set the $195.75 weekly stipend effective July 24, 2009 (the stipend increased over a period of two years to $195.75).  (**Exhibit B**.)  The stipend includes paid vacation, without mention of room and board.  22 C.F.R. § 62.31. |
| Go Au Pair advertises "Au Pair live-in Child Care is affordable at only $7.63/hour a number that includes both the 'stipend' and sponsor fees . . . [and] is derived from the $195.75." (Doc. #101 ¶ 264.) | In establishing the $195.75 weekly stipend, DOS discusses the impact of the increase of the federal minimum wage to $7.25 per hour on the au pair program, and declares that the standard au pair program is "directly connected to the federal minimum wage." (Ex. B.) |
| Go Au Pair advertises that "Your Local Area Representative and Go Au Pair are available to answer your questions and assist in all your needs . . . ." (Doc. #101 ¶ 266.) | The Code requires "monthly personal contact by the local counselor with each au pair" and "quarterly contact by the regional counselor with each au pair. . . ."  22 C.F.R. § 62.31(l). |

8

| **PLAINTIFFS' ALLEGATION OF MISREPRESENTATION** | **FEDERAL REGULATORY SCHEME** |
|---|---|
| Go Au Pair advertises to prospective au pairs that their "Local Area Representative [are] within a one-hour drive [from their host family] to help resolve any problems that arise during the year." (Doc. #101 ¶ 267.) | The Code requires sponsors to ensure "that the au pair participants are placed with a host family within one hour's driving time of the home of the local organizational representative authorized to act on the sponsor's behalf in both routine and emergency matters arising from the au pair's participation in their exchange program . . . ." 22 C.F.R. § 62.31(c)(5). |
| "Go Au Pair plays up its designation by [DOS] on its website to protect *au pairs* from scams . . . ." (Doc. #101 ¶ 268.) | Sponsors "may represent that they are designated by [DOS] as sponsor of an exchange visitor program," 22 C.F.R. § 62.9 (d)(5), and § 62.1 lists designated sponsors' obligations, all for the protection of au pairs. |
| "[DOS]'s guidance . . . reiterates that 'an employer usually may not deduct for housing,' . . . in the J-1 *au pair* program, 'housing must be provided free of charge.'" ((Doc. #101 ¶ 230) (no citation provided).) | The weekly stipend is calculated with a 40 percent credit for room and board. See Exchange Visitor Program, 60 Fed. Reg. 8547, 8551 (Feb. 15, 1995) (to be codified at 22 C.F.R. pt. 514) (the stipend will "automatically adjust using a formula based on the minimum wage and room and board costs routinely calculated by the Department of Labor;" Fact Sheet: Au Pair Stipend (Mar. 14, 1997) http://dosfan.lib.uic.edu/usia/GC/GC_Docs/AuPair/stipend.htm; Notice, Federal Minimum Wage Increase (June 14, 2007), **Exhibit C**. |

| **PLAINTIFFS' ALLEGATION OF MISREPRESENTATION** | **FEDERAL REGULATORY SCHEME** |
|---|---|
| Go Au Pair had a duty to know that training time . . . was compensable time . . . ." (Doc. #101 ¶ 239.) | Once participants arrive in the United States, the Code requires sponsors to "offer and record participation in an appropriate orientation for exchange visitors." 22 C.F.R. §§ 62.10(c); *see also* 62.31(f), (g). The orientation includes extensive information on American culture, program requirements, community resources and child safety and development. *Id.* §§ 62.10(c); 62.31(f), (g). No regulation requires compensation for orientation and training. See *id.* § 62.31(j). Additionally, Gonzalez completed her training prior to leaving Columbia. (Doc. #101 ¶ 415.) |
| "The Sponsors had a duty to know that . . . meeting with local coordinators was compensable time . . . . " (Doc. #101 ¶ 239.) | The Code requires sponsors to meet with au pairs to ensure satisfaction with host family and the program. 22 C.F.R. § 62.31(c), (i). No regulation requires compensation for meeting with coordinators. *See id.* § 62.31(j). |
| "Go Au Pair states on its website: '[DOL] has sole jurisdiction regarding matter of minimum wage and the credit for room and board which is applied against the weekly stipend." (Doc. #101 ¶ 269.) | The DOL has "sole jurisdiction regarding matters of minimum wage. . . ." (Ex. C.) |

Go Au Pair provided au pairs and prospective au pairs with accurate information regarding the applicable regulations governing the au pair program. The regulatory scheme defeats Plaintiffs' claims of fraud as it establishes the veracity of Go Au Pair's challenged statements. While Plaintiffs generally allege that Go Au Pair engaged in fraud, the specific factual allegations refute these very claims. Plaintiffs' conclusory allegations of deceptive conduct are insufficient as a matter of law, and the fraud claims should be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

    C. <u>The Allegations Relating to Gonzalez Also Refute the Fraud Claims</u>

Significantly, Plaintiffs do not allege that Gonzalez—the only named plaintiff that Go Au Pair sponsored—was deceived by any statements by Go Au Pair relating to the weekly stipend. To the contrary, Plaintiffs concede that Gonzalez selected Go Au Pair as a sponsor "because it was more responsive to her questions." (Doc. #101 ¶ 414.) This admission further confirms that, despite Plaintiffs' best efforts to manufacture fraud claims, there is simply no factual basis to support them.

### III.    PLAINTIFFS FAIL TO STATE AN FLSA CLAIM AGAINST GO AU PAIR

Plaintiffs assert they were "domestic service workers" within the meaning of the FLSA, and Go Au Pair and other sponsors were their "employers" and therefore liable for allegedly failing to pay au pairs overtime and minimum wage under federal law. (Doc. #101 ¶¶ 501-512.) Like Plaintiffs' other claims, the FLSA claim fails as a matter of law. Because Go Au Pair is not an employer of au pairs, it cannot be liable under the FLSA. Further, Plaintiffs have failed to allege any FLSA violations with respect to au pairs sponsored by Go Au Pair. Count VIII should be dismissed.

####    A. Go Au Pair Was Not Gonzalez's Employer

Go Au Pair is not an "employer" or "joint employer" of au pairs, and therefore is not liable for FLSA violations, if any occurred. "Employ" under the FLSA means "suffer or permit" to work. 29 U.S.C. § 203(g). An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). DOL and DOS specifically have determined that the host family, not the sponsor, is the au pair's employer. IRS, General Tax Information for Au Pairs (May 28, 2014) (attached as **Exhibit D**); Letter from Stanley Colvin, Deputy Assistant Secretary

11

for Private Sector Exchange, to Au Pair Program Participants (Dec. 2010) (attached as **Exhibit E**); Letter from Rick Ruth, Deputy Assistant Secretary for Private Sector Exchange, to American Host Families (attached as **Exhibit F**); Office of Designation, Private Sector Programs Division, U.S. Department of State, The Au Pair Exchange Program Brochure at 2-5 (2011) (attached as **Exhibit G**); *see also* 22 C.F.R. §§ 62.31(f)(j), 62.31(the Code mandates that the above mentioned letters and brochure be sent to au pair and host families prior to the au pair's arrival in the United States).

DOL's and DOS's conclusions are entirely consistent with the result reached under the economic realities test used by the Tenth Circuit to determine whether an entity or individual is an "employer" under the FLSA. *Baker v. Flint Engineering & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998). Under the economic realities test, an alleged employer has the power to hire and fire employees, supervise and control employee work schedules or conditions of employment, determine rate and method of payment and maintain employment records. *Id.*

Plaintiffs fail to establish that Go Au Pair meets the economic realities test. As proscribed by the regulatory scheme, Go Au Pair's narrow role as the sponsor is to administer and monitor au pairs and host families, and to ensure both parties are complying with federal regulations. 22 C.F.R. §§ 62.9, 62.31. Go Au Pair's compliance with DOS regulations, even its ability to remove participants from the program,[8] does not translate into "control" over an au pair's **employment** such that an employment

---

[8] Plaintiffs allege that Go Au Pair has the power to "fire" *au pairs*. Doc. #101 at ¶ 295. Go Au Pair's authority, however, derives from federal regulations and relates to *au pairs* immigration status as J-1 visa holders. 22 C.F.R. § 62.40.

12

relationship is established.  *See Ivanov v. Sunset Pools Mgmt. Inc.*, 567 F. Supp. 2d 189, 194-95 (D.D.C. 2008).  For example, in *Ivanov* the plaintiffs entered in the United States on J-1 visas to participate in the work travel exchange visitor program.  *Id.* at 190.  They sued their employer and their DOS-designated visa sponsor under the FLSA, alleging that the employer and visa sponsor were in fact joint employers and failed to pay plaintiffs' overtime*.  Id.* at 191.  The U.S. District Court for the District of Columbia rejected plaintiffs' argument that the visa sponsor was plaintiffs' "employer."  *Id.* at 195-96.  According to the Court, the visa sponsor's obligations under DOS regulations, such as recruitment, orientation training, health insurance, and employment monitoring, did not evidence control over the plaintiffs **as employees**.  *Id.* at 195.

     Much like the sponsor's role on *Ivanov*, Plaintiffs' allegations confirm that Go Au Pair was not Gonzalez's employer*.*  Notably, it was Gonzalez's host family that set her hours, determined her responsibilities, controlled her schedule, and had the discretion to (and ultimately did) release her from their employment. (Doc. #101 ¶¶ 417-26; *see also* 22 C.F.R. § 62.31(e)(5).)  Gonzalez's host family was also responsible for hiring and paying her, and understood that Plaintiff Gonzalez was not an employee of Go Au Pair (Letter from Rick Ruth, Deputy Assistant Secretary for Private Sector Exchange, to American Host Families (Ex. F); mandated by 22 C.F. R. §§  62.31(f)(j), 62.31).

     Moreover, the regulations governing the Au Pair Program confirm that the sponsors are not employers.  DOL has determined that the stipend constituted a wage "because an employer-employee relationship exists between the au pair and his host family."  (Ex. D; *see also* Exs. E, F (stating that the host family—and not the sponsor—is

the employer of the au pair).)  Neither DOS nor DOL interprets the sponsors' role as an "employer," shown by the fact that there is no requirement to pay for au pair training or orientation, nor do the sponsors have discretion to supervise the au pair's work product or make hiring or firing decisions.  It is the host families who hold these employer-related tasks.

The contract between Go Au Pair and Gonzalez also makes clear that Go Au Pair is not an employer.  (*See* Au Pair Agreement between Go Au Pair and Gonzalez (attached as **Exhibit H**).)  The agreement requires that Go Au Pair administer its sponsorship program in accordance with federal regulations, and monitor whether host families comply with the employment requirements set by the federal government for the host family-au pair relationship.  This monitoring, which again is proscribed by regulation, does not establish an employee-employer relationship vis-à-vis the au pairs and Go Au Pair.  *See Ivanov*, 567 F. Supp. 2d at 195 ("As evidence that [the visa sponsor] exercised control, plaintiffs point to [the sponsor's] requirements that they attend an orientation session upon their arrival in the United States, report any address changes on [the sponsor], notify [the sponsor] of any new employment and obtain authorization to leave their position.  Not only were these requirements unrelated to their jobs . . ., but they are obligations imposed on [the sponsor by regulations."). Plaintiffs fail to allege any facts that would plausibly support the conclusion that Go Au Pair was Gonzalez's employer within the meaning of the FLSA.

B. Plaintiffs Fail to Establish Any Violation of the FLSA

Go Au Pair joins and adopts, as if fully stated herein, the arguments set forth in Section VII.B of InterExchange's Motion to Dismiss and Section III.D.2 of Cultural Care's Motion to Dismiss establishing that the 40 percent deduction for room and board is authorized by DOL and DOS and thus does not constitute a violation of the FLSA.

## CONCLUSION

This lawsuit is an expression of certain individuals' dissatisfaction with the federal government's regulatory scheme and administration of the au pair program. To the extent Plaintiffs and their representatives seek to abolish or fundamentally reform this decades-old cultural exchange program, they must pursue those goals through the proper legislative and administrative process. Plaintiffs should not be permitted to circumvent that process and principles of sovereign immunity by prosecuting meritless claims against sponsors who are merely implementing the regulations Plaintiffs would like to see changed. Plaintiffs fail to allege factual allegations to support their claims, and have not pled facts sufficient to "nudge their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Go Au Pair respectfully requests that the Court dismiss with prejudice all claims against Go Au Pair—Counts I, III, IV, V, VI, VII, VIII, IX and X of the First Amended Complaint—and requests its costs and fees in preparing and filing this Motion.

Dated:  April 20, 2015.                    Respectfully submitted,


*s/ Kathryn A. Reilly*
Kathryn A. Reilly
Toren G.E. Mushovic
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:  reilly@wtotrial.com
           mushovic@wtotrial.com

Attorneys for Defendant American Cultural Exchange, LLC d/b/a Go Au Pair

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on April 20, 2015, I electronically filed the foregoing **DEFENDANT AMERICAN CULTURAL EXCHANGE, LLC, D/B/A GO AU PAIR'S MOTION TO DISMISS COUNTS I, III, IV, V, VI, VII, VIII, IX AND X OF THE FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Alexander Hood**
  alex@towardsjustice.org

- **Bogdan Enica**
  bogdan@expertaupair.com

- **Brian A. Birenbach**
  brian@rietzlawfirm.com

- **Brian T. Moore**
  bmoore@jgllp.com

- **Brooke A. Colaizzi**
  bcolaizzi@shermanhoward.com

- **Chandra M. Feldkamp**
  cfeldkamp@kellywalkerlaw.com

- **Daniel C. Perkins**
  dperkins@laborlawyers.com

- **Donald J. Gentile**
  dgentile@lawson-weitzen.com

- **Heather F. Vickles**
  hvickles@shermanhoward.com

- **James E. Hartley**
  jhartley@hollandhart.com

- **Jeffrey P. Allen**
  jallen@lawson-weitzen.com

- **John R. Mann**
  jmann@gordonrees.com

- **Kathryn Anne Barrett**
  kbarrett@bhfs.com

- **Lawrence D. Stone**
  lstone@duffordbrown.com

- **Lawrence L. Lee**
  llee@laborlawyers.com

- **Martin J. Estevao**
  estevaom@gtlaw.com

- **Martha L. Fitzgerald**
  mfitzgerald@bhfs.com

- **Meshach Y. Rhoades**
  rhoadesm@gtlaw.com

- **Mher Hartoonian**
  mhartoonian@hollandhart.com

- **Raymond M. Deeny**
  rdeeny@shermanhoward.com

- **Thomas B. Quinn**
  tquinn@gordonrees.com

- **W.V. Bernie Siebert**
  bsiebert@shermanhoward.com

- **William J. Kelly III**
  wkelly@kellywalkerlaw.com

*s/ Claudia Jones*