**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated,

      Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP DBA AUPAIR FOUNDATION;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

      Defendants.
_____

**DEFENDANT 20/20 CARE EXCHANGE, INC.'S JOINDER OF AND SUPPLEMENT TO JOINT MOTION TO DISMISS**
_____

{00651028.1}

Defendant 20/20 Care Exchange, Inc., d/b/a The International Au Pair Exchange ("20/20"), by its attorneys, Lawrence D. Stone and Christian D. Hammond of Dufford & Brown, P.C., hereby joins the Joint Motion by Certain Sponsor Defendants to Dismiss the First Amended Complaint and Certification of Compliance with Civil Practice Standard 7.1D (the "Joint Motion"), and incorporates by reference the Joint Motion as if fully set forth herein.  Additionally, 20/20 supplements the Joint Motion by raising an additional basis for dismissal that is applicable to it, stating as follows:

> **Certificate of Compliance with Civil Practice Standard 7.1D**
> Undersigned counsel conferred with Plaintiffs' counsel regarding the relief requested herein.  20/20's counsel is authorized to state that the Plaintiffs oppose the relief requested herein.

The Plaintiffs' First Amended Complaint is noticeably lacking in any specific allegations pertaining to 20/20 at all, much less allegations that 20/20 was involved in a conspiracy involving the amount of the stipend host families pay to au pairs.  Of the 534 paragraphs in the First Amended Complaint, 20/20 is referenced in only two (2) of the 534 paragraphs: paragraph 40 (identifying 20/20 as a defendant and setting forth its business location) and paragraph 110 (setting forth an out-of-context statement from 20/20's website).  Thus, the First Amended Complaint's lack of specificity is fatal to the Plaintiffs' sole claim for relief against 20/20, warranting dismissal of that claim.  *See, e.g., In re Elevator Antitrust Litigation,* 502 F.3d 47, 50-51 (2nd Cir. 2007) (general allegations of conspiratorial activities "without any specification of any particular activities by any particular defendant[, which are] nothing more than a list of theoretical

possibilities [that] one could postulate without knowing any facts whatever . . . do not supply facts adequate to show illegality."); *Michigan Div.-Monument Builders v. Michigan Cemetery Assoc.,* 458 F.Supp.2d 474, 485 (E.D. Mich. 2006), *aff'd,* 524 F.3d 726 (6th Cir. 2008) ("Plaintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to any individual defendant."); *In re Southeastern Milk Antitrust Litig.*, 555 F.Supp.2d 934, 942 (E.D. Tenn. 2008) ("To allege an agreement between antitrust co-conspirators, the complaint must allege facts such as a 'specific time, place, or person involved in the alleged conspiracies' to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin." (quoting *Twombly*, 550 U.S. at 564 n.10)).

WHEREFORE, for the reasons set forth above and in the Joint Motion, 20/20 respectfully requests the Court to dismiss Plaintiffs' Count I for alleged violation of Section 1 of the Sherman Act with prejudice, and for such further relief as the Court deems appropriate.

Respectfully submitted this 20th day of April, 2015.

DUFFORD & BROWN, P.C.


*s/ Christian D. Hammond*
Lawrence D. Stone
Christian D. Hammond
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Telephone:  (303) 861-8013
E-mail:  lstone@duffordbrown.com
            chammond@duffordbrown.com

Attorneys for Defendants 20/20 Care Exchange d/b/a The International Au Pair Exchange

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2015, I served the foregoing **DEFENDANT 20/20 CARE EXCHANGE, INC.'S JOINDER OF AND SUPPLEMENT TO JOINT MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification via e-mail to all counsel of record.

      *s/ Carol J. Kelly*
      Carol J. Kelly, Legal Assistant