# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated,

      Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP DBA AUPAIR FOUNDATION;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

      Defendants.

_____

**DEFENDANT A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC'S JOINDER IN AND SUPPLEMENT TO JOINT MOTION TO DISMISS**
_____

{00651049.1}

Defendant A.P.EX. American Professional Exchange, LLC, d/b/a Proaupair ("PROaupair"), by its attorneys, Lawrence D. Stone and Christian D. Hammond of Dufford & Brown, P.C., hereby joins the Joint Motion by Certain Sponsor Defendants to Dismiss the First Amended Complaint and Certification of Compliance with Civil Practice Standard 7.1D (the "Joint Motion"), and incorporates by reference the Joint Motion as if fully set forth herein.  Additionally, PROaupair supplements the Joint Motion by raising additional bases for dismissal that are applicable to it, stating as follows:

> **Certificate of Compliance with Civil Practice Standard 7.1D**
> Undersigned counsel has conferred with Plaintiffs' counsel regarding the relief requested herein.  PROaupair's counsel is authorized to state that the Plaintiffs oppose the relief requested herein.

## I.   INTRODUCTION

PROaupair is designated by the U.S. State Department as an official sponsor of the J-1 Au Pair Exchange Visitor Program.  *See* First Amended Complaint [Doc. #101] at ¶¶ 45-46.  In the First Amended Complaint, the Plaintiffs' sole claim for relief against PROaupair alleges it conspired with the other Sponsor Defendants to fix the weekly stipend paid by host families to au pairs, in violation of the Sherman Act, 15 U.S.C. §§ 1 *et seq.*  *See* First Amended Complaint at ¶¶ 466-474.  However, as explained in the Joint Motion and below, Plaintiff's claim against PROaupair fails as a matter of law and should be dismissed.

## II.  ARGUMENT

To state a claim for a violation of Section 1 of the Sherman Act, "the plaintiff must allege facts which show: [1] the defendant entered a contract, combination or conspiracy [2] that unreasonably restrains trade [3] in the relevant market." *TV Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1027 (10th Cir. 1992).  For the reasons set forth in the Joint Motion, Plaintiff's allegations that the Sponsor Defendants engaged in parallel conduct is insufficient to establish the first element of a claim brought under Section 1 of the Sherman Act, especially where the parallel conduct complied with federal regulations and was fully consistent with the Sponsor Defendants' individual economic interests.

Moreover, the Plaintiffs' First Amended Complaint is noticeably lacking in any specific allegations pertaining to PROaupair at all, much less allegations that PROaupair was involved in a conspiracy involving the amount of the stipend host families pay to au pairs.  Of the 534 paragraphs in the First Amended Complaint, PROaupair is specifically referenced in only three (3) paragraphs: paragraph 39 (identifying PROaupair as a defendant and setting forth its business location), paragraph 109 (setting forth an out-of-context statement from PROaupair's website), and paragraph 127 (identifying PROaupair as a member of the International Au Pair Association).  Thus, the First Amended Complaint's lack of specificity is fatal to the Plaintiffs' sole claim for relief against PROaupair, warranting dismissal of that claim. *See, e.g., In re Elevator Antitrust Litigation,* 502 F.3d 47, 50-51 (2nd Cir. 2007) (general allegations of conspiratorial activities "without any specification of any particular

activities by any particular defendant[, which are] nothing more than a list of theoretical possibilities [that] one could postulate without knowing any facts whatever . . . do not supply facts adequate to show illegality."); *Michigan Div.-Monument Builders v. Michigan Cemetery Assoc.,* 458 F.Supp.2d 474, 485 (E.D. Mich. 2006), *aff'd,* 524 F.3d 726 (6th Cir. 2008) ("Plaintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to any individual defendant."); *In re Southeastern Milk Antitrust Litig.*, 555 F.Supp.2d 934, 942 (E.D. Tenn. 2008) ("To allege an agreement between antitrust co-conspirators, the complaint must allege facts such as a 'specific time, place, or person involved in the alleged conspiracies' to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin." (quoting *Twombly*, 550 U.S. at 564 n.10)).

In addition, Plaintiffs' general allegations of a conspiracy involving PROaupair are clearly wrong because PROaupair is one of the six Sponsor Defendants Plaintiffs acknowledge instruct its host families to pay a weekly stipend to its au pairs that exceeds the minimum stipend established by the Department of Labor and the Department of State. Specifically, the First Amended Complaint concedes that "certain Sponsors [including PROaupair] have acknowledged that $195.75 per week is merely a programmatic wage floor. . . . [¶] Au Pair in America and five other Sponsors [including PROaupair] have also openly advertised on their websites extraordinary wages for certain au pair positions. . . . [T]hese sponsors necessarily recognized that the State Department's published weekly wage requirement reflects merely a programmatic wage

floor." *See* First Amended Complaint at ¶¶ 170-171. Indeed, PROaupair's website establishes that au pairs with more experience, called Professional Au Pairs, cost host families more than traditional au pairs because their minimum weekly stipend is more.[1] The stipend is more in recognition of the fact that Professional Au Pairs must have a child-related degree and at least one to two years of childcare experience.[2]

Accordingly, because PROaupair instructs its host families to pay different minimum weekly stipends based on the au pair's level of experience, PROaupair was not a participant in the alleged conspiracy forming the basis for Plaintiffs' first claim for relief. Consequently, Plaintiffs' claim against PROaupair for alleged violation of Section 1 of the Sherman Act should be dismissed.

### III.   CONCLUSION

WHEREFORE, for the reasons set forth in the Joint Motion and above, PROaupair respectfully requests the Court to dismiss Plaintiff's Count I for alleged

---

[1] *See* https://proaupair.com/fees (last visited April 20, 2015); *see also* http://proaupair.org/costs-and-fees/ (last visited April 20, 2015) (indicating that the stipend for Professional Au Pairs is $250 per week). In the First Amended Complaint, Plaintiffs only quote from a portion of PROaupair's website. *See* First Amended Complaint at ¶ 109. Additionally, the Court may consider PROaupair's website on a Motion to Dismiss because the website was referred to and quoted from in the First Amended Complaint. *See, e.g., Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."); *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, . . . and documents incorporated into the complaint by reference.").

[2] *Id.; see also* https://proaupair.com/why-professional-aupair/comparing-in-home-care-options (comparing requirements for Professional Au Pairs, Nannies, and Traditional Au Pairs) (last visited April 20, 2015).

violation of Section 1 of the Sherman Act with prejudice, and for such further relief as the Court deems appropriate.

Respectfully submitted this 20th day of April, 2015.

                          DUFFORD & BROWN, P.C.

                          *s/ Christian D. Hammond*
                          Lawrence D. Stone
                          Christian D. Hammond
                          1700 Broadway, Suite 2100
                          Denver, CO  80290-2101
                          Telephone:  (303) 861-8013
                          E-mail:  lstone@duffordbrown.com
                                           chammond@duffordbrown.com

                          Attorneys for Defendants A.P.EX. American Professional Exchange, LLC d/b/a PROaupair

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2015, I served the foregoing **DEFENDANT A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC'S JOINDER IN AND SUPPLEMENT TO JOINT MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification via e-mail to all counsel of record.

*s/ Carol J. Kelly*
Carol J. Kelly, Legal Assistant