**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEEELEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZÁLEZ;
and those similarly situated

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., d/b/a EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY d/b/a AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, d/b/a GOAUPAIR;
AGENT AU PAIR; INC.;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC d/b/a PROAUPAIR; and
20/20 CARE EXCHANGE, INC. d/b/a THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

---

**ORDER GRANTING JOINT MOTION BY CERTAIN SPONSOR DEFENDANTS
TO DISMISS THE FIRST AMENDED COMPLAINT**

The Court has reviewed the joint motion to dismiss the first amended complaint

(ECF No. 101), which was filed by Cultural Homestay International, UsAuPair, Inc.,

GreatAuPair, LLC, Expert Group International, Inc., EurAupair Intercultural Child Care

Programs, AuPair Care, Inc., Au Pair International, Inc., APF Global Exchange, NFP, Agent Au Pair, (collectively, the "Moving Defendants").  Count I asserts that the Moving Defendants, as well as the other defendants in this case, have engaged in a conspiracy to restrain trade in violation of Section 1 of the Sherman Act, 15 U.S.C § 1 *et seq.* Count I is the only claim asserted in the amended complaint against the Moving Defendants.

The Court also has reviewed the response brief filed by plaintiffs and is otherwise fully advised on the matter.

It is hereby ORDERED that the motion to dismiss is GRANTED and plaintiff's claim against the Moving Defendants as asserted in Count I of the amended complaint is dismissed.  Additionally, for the reasons set forth in the joint motion to dismiss, Count 1 also is dismissed as to the remaining defendants, which are InterExchange, Inc., Cultural Care, Inc., American Institute for Foreign Study, American Cultural Exchange, LLC, A.P. Ex. American Professional Exchange, LLC and 20/20 Care Exchange, Inc.

Because the plaintiff has had one opportunity to amend the complaint and has not suggested any way in which the deficiencies in the amended complaint can be cured by further amendment, Count I of the amended complaint is dismissed with prejudice.

DATED ___ day of _____ 2015.

BY THE COURT

_____
Christine M. Arguello
United States District Court

7738907_1