

1535 High Street, Suite 300
Denver, CO 80218
T: (720) 441-2236
F: (303) 957-2289
www.towardsjustice.org

April 1, 2015

**BY ELECTRONIC MAIL**
Kathryn A. Reilly
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, Colorado  80202-5647
reilly@wtotrial.com

> Re: *Johana Paola Beltran, et al. v. Pamela H Noonan, et al.*
> 14-CV-03074 (D. Colo.)

Dear Ms. Reilly:

We write on behalf of Plaintiffs in response to the letter of March 25, 2015, from American Cultural Exchange LLC d/b/a Go Au Pair (Go Au Pair) and Agent Au Pair, Inc. (Agent Au Pair), which (1) contained a request from Go Au Pair and Agent Au Pair for discovery, pursuant to Rule 26(b)(3)(C) of the Federal Rules of Civil Procedure, and (2) demanded information regarding communications with any defendants in the above-referenced action, based on unarticulated concerns.

***First***, we have received and have now responded to the discovery request from Go Au Pair and Agent Au Pair for statements under Rule 26(b)(3)(C).[1]  If Go Au Pair or Agent Au Pair seek records beyond the scope of Rule 26(b)(3)(C), please clarify by serving Plaintiffs with appropriate discovery requests under Rule 34 of the Federal Rules of Civil Procedure.

***Second***, we presume that Plaintiffs' response to your clients' Rule 26(b)(3)(C) discovery request fully satisfies the demands in your letter.  Yet we cannot be certain, both because your letter purports to seek information about communications with any defendant (*i.e.*, even those you do not represent) and because you have never identified your underlying concern.

To the extent any concern remains, Plaintiffs again request that Go Au Pair and Agent Au Pair explain the nature of those concerns, as well as the basis for their demands for information regarding communications between Plaintiffs and other defendants.

You have repeatedly refused to identify the concern purportedly underlying your urgently stated demands for information.  On March 18, 2015, you sent Plaintiffs an email on behalf of a group of defendants expressing "concern" that the defendants' admissions as set out in the complaint "took place outside the presence of counsel subsequent to the filing of the lawsuit."  Your email suggested that defendants were concerned about possible contact with represented parties; your email did not suggest any other basis for concern.  Defendants demanded information about the communications within 24

---

[1] Your letter cites "Rule 26(b)(3)(B)(C)," which we assume to be a typographical error.

1

hours.  Within two hours, we responded that all of the referenced communications occurred before any defendants were served.  That fact should have been obvious from the docket.

Plaintiffs believed our response would have fully satisfied any concerns the defendants may have had.  Yet, for reasons you did not articulate, you responded the next day that our response – which fully addressed the only concern defendants had even hinted at – "heightens rather than addresses [the] concerns about the communications."  Your email again failed to explain defendants' concerns.  We immediately responded, asking defendants to "articulate specifically what your concern is."

Defendants refused.  Instead, in an email later that day, defendants simply asserted "a strong possibility" that any communications by counsel, or made at counsel's direction, "were improper in light of the pending litigation."  We again responded immediately, asking defendants to "state precisely what your 'concerns' or the potential "improprieties' are."  Defendants did not respond.

Defendants have still not articulated any concerns.  Two of the defendants, your clients Go Au Pair and Agent Au Pair, have now, for the first time, cited rules; unfortunately, your letter does not provide explanations for how any of those rules could create concerns for either defendant or for any other defendant.  The letter states only that those two defendants "are concerned that the communications . . . may have violated the Colorado Rules of Professional Conduct, including but not limited to Rules 4.2, 4.3, and 8.4."  We have reviewed those rules, and we are no closer to understanding those concerns.  Plaintiffs again ask that Go Au Pair and Agent Au Pair articulate any concerns they have, so that Plaintiffs may address them.

Likewise, Plaintiffs seek to understand the basis for your clients' demands and the deadlines that have accompanied them.  If Go Au Pair and Agent Au Pair are making demands under Rules 33 or 34 of the Federal Rules of Civil Procedure, please clarify that they are doing so, and Plaintiffs will respond in accordance with those rules.  If they are making demands under some other rule or authority, please identify that rule or authority.

We have twice received demands from you insisting that Plaintiffs respond within 24 or 48 hours.  Please explain your grounds for doing so.  If you have none, please kindly refrain from arbitrarily setting urgent deadlines in the future.

If you would like to discuss this matter, please feel free to contact me.

Sincerely,

Alexander Hood