

1535 High Street, Suite 300
Denver, CO 80218
T: (720) 441-2236
F: (303) 957-2289
www.towardsjustice.org

April 6, 2015

**BY ELECTRONIC MAIL**
Daniel C. Perkins
Fisher & Phillips LLP
dperkins@laborlawyers.com

    Re:    *Johana Paola Beltran, et al. v. Pamela H Noonan, et al.*
            14-CV-03074 (D. Colo.)

Dear Mr. Perkins:

We write in response to the letter of April 2, 2015, of American Institute for Foreign Study doing business as Au Pair in America (AIFS) and APF Global Exchange, NFP (APF).

As background, AIFS and APF made a demand for previous statements under Rule 26(b)(3)(C) of the Federal Rules of Civil Procedure by letter dated March 27, 2015. Together, those defendants demanded "all previous statements made by either/both APF Global Exchange, NFP and/or Au pair in America." Plaintiffs served objections and a response on April 1, 2015, which included images of such previous statements.

The April 2 letter from AIFS and APF includes a series of demands for additional information, without any citation to legal authority. We understand that AIFS and APF are now demanding that Plaintiffs provide defendants with (1) copies of "full statements," "including notes, transcripts, digital or other audio recordings, or any other item in/on which the statements were recorded," (2) "the name(s), title(s), and employer of each person to whom each statement is attributed," and (3) "the identity of the person to whom each statement was made."[1] The defendants claim that their "request is reasonable under the intent and requirements of Rule 26." Yet defendants identify no legal authority supporting their position. Indeed, the letter does not even include the language of the rule.

The rule is quite narrow. It states:

> (C) *Previous Statement*. Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

---

[1] The letter also demands that Plaintiffs identify the date of the statements and whether the statements produced were attributable to AIFS or to APF. Plaintiffs have done so. Plaintiffs disclosed the date of the statements in the complaint. *See* First Amended Complaint ¶ 92 (disclosing statements made on November 20, 2014). And, immediately upon receiving the letter, Plaintiffs identified that the statements were all attributable to APF. Defendants' Rule 26(b)(3)(C) demand had not sought such identification. Regardless, Plaintiffs amended their discovery response to properly attribute the statements and the amended response was served together with this letter.

1

(i) a written statement that the person has signed or otherwise adopted or approved; or

(ii) a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement.

Fed. R. Civ. P. 26(b)(3)(C). Plaintiffs have fully complied with this rule, even under a liberal reading.

Please provide us with any support for defendants' contrary position. As for the first request for "full statements," we do not understand what defendants mean by "full statements." The rule addresses a party's own statements, as recorded substantially verbatim. Plaintiffs have provided APF with such previous statements. *See* Fed. R. Civ. P. 26(b)(3)(C) (defining "previous statement" with reference to a recording reciting "*substantially verbatim* the person's oral statement") (emphasis added); *see also Plunk v. Hobbs*, No. 5:08cv00203, 2010 U.S. Dist. LEXIS 126694, at *2 (E.D. Ark. Nov. 16, 2010) ("Disclosure of counsel's questions in addition to her 'own previous statement' would exceed the scope of the right afforded . . . under Rule 26(b)(3)(C)."). If defendants have support for a different interpretation of the disclosure requirements of Rule 26(b)(3)(C), please share that authority with us, so that Plaintiffs may consider it.

Likewise, Plaintiffs do not understand the basis for defendants' second and third requests, which also seek information beyond APF's own previous statements as defined by Rule 26(b)(3)(C). *See* Fed. R. Civ. P. 26(b)(3)(C). Again, if defendants have authority for making these demands under Rule 26(b)(3)(C), Plaintiffs ask that APF share that authority with us. Defendants have cited no such authority.

Finally, we note these requests for additional information appear to be requests for the production of records, or requests that Plaintiffs answer particular questions. If so, please indicate that defendants are making demands under Rules 34 or 33 of the Federal Rules of Civil Procedure. Plaintiffs would then act promptly to address any such requests, in accordance with those rules.

If you have any questions, please feel free to contact me.

                                                Sincerely,

                                                Alexander Hood