UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.  1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

Defendants.

## DEFENDANT CULTURAL CARE, INC.'S MOTION FOR PROTECTIVE ORDER

### I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(c), this Court should enter a protective order, substantially similar to the proposed order attached as *Exhibit 1*, staying discovery with

respect to Plaintiffs' claims against Defendant Cultural Care, Inc. ("Cultural Care") pending this Court's ruling on Cultural Care's Motion to Dismiss All Claims in Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss"), which was filed with this Court on April 17, 2015 (Docket No. 127). This Court should stay discovery because:

1) the Motion to Dismiss seeks to dismiss all Plaintiffs' claims against Cultural Care based on threshold issues including immunity, federal preemption, and fatal pleading defects that cannot be corrected by amendment; and

2) a short stay of discovery will cause Plaintiffs no prejudice; indeed Plaintiffs have already sought and received two extensions totaling 46 days to respond to the Motion to Dismiss. Conversely, Cultural Care will be unduly burdened if it is forced to respond to Plaintiffs' sweeping discovery requests, which essentially request all documents and information related to every au pair and host family that has participated in the au pair program under Cultural Care's sponsorship since 1989. Even if Cultural Care limits discovery responses to six years (the longest statute of limitations for any of Plaintiffs' claims), the response will necessitate the production of over a million pages of documents. Defense counsel at this time believes a good faith estimate, including the aforementioned limitation, would be in excess of 400,000 responses to interrogatories and 1,400,000 pages of

documents. The attorney hours necessary to ferret out essentially every piece of information regarding all prior au pairs placed by Cultural Care and draft over 400,000 answers to interrogatories based on the information would require the full attention of multiple attorneys for at least a month, who would need to be on-site at Cultural Care working directly with its employees. The burden of responding to the interrogatories would be staggering and financially significant. In addition, responding to the document requests would require hundreds of employee hours to compile the documents and at least several hundred hours of attorney time to review the documents before they are produced to Plaintiffs. In addition to being unduly expensive and time consuming, responding to the discovery requests will necessitate the unnecessary disclosure of Cultural Care's proprietary information to its codefendant competitors and the public.

Cultural Care is a United States Government-designated exchange visitor program sponsor that conducts a U.S. Government cultural exchange program under which foreign au pair candidates are afforded the opportunity to live in the United States and participate in the home life of an American host family. Au pairs are between eighteen and twenty-six years old, are high school graduates, are proficient in English and, in addition to providing limited child care services, complete an educational requirement while in the program. The program assists the U.S. Department of State ("DOS") in

furthering the foreign policy objectives of the United States. Plaintiffs are five alleged participants in the au pair program, two of which were allegedly placed by Cultural Care. While Plaintiffs assert myriad claims against Cultural Care from antitrust to civil RICO, the claims lack any merit because they seek to fault Cultural Care for ensuring that host families paid au pairs the $195.75 weekly stipend amount, **which was directed by DOS**.

Plaintiffs filed their 102-page Amended Complaint in this case on March 13, 2015 and then served sweeping discovery requests, attached hereto as *Exhibit 2*. Plaintiffs' discovery requests essentially request all documents and information related to every au pair placement that Cultural Care has ever made. The burden of providing this information would be crushing considering that Cultural Care has been placing au pairs since 1989. The discovery requests are also clearly abusive and harassing against the backdrop of Plaintiffs' specious theory of liability based on the DOS mandated stipend. While Plaintiffs will experience no prejudice as a result of a short stay of discovery, Cultural Care will be unduly burdened if it is forced to engage in expensive and time consuming discovery which may necessitate the unnecessary disclosure of Cultural Care's proprietary information when Plaintiffs' claims are likely to be dismissed. Accordingly, this Court should order that discovery is stayed pending a ruling on the Motion to Dismiss.

**CERTIFICATION OF COMPLIANCE WITH D.C.COLO.LCivR 7.1(a) and KMT Civ. Practice Standard III.A**

On May 28, 2015, Counsel for Cultural Care along with counsel for several other defendants participated in a teleconference with Plaintiffs' counsel, Alexander Hood, to discuss the issues raised in this motion. Counsel were unable to resolve the issues. On May 29, 2015, counsel for Cultural Care, Donald J. Gentile, spoke with Judge Tafoya's chambers for the purpose of scheduling an informal discovery conference with Judge Tafoya. Mr. Gentile was informed that a conference was unnecessary and that Cultural Care and the other defendants could proceed with filing motion(s) to stay discovery pending disposition of the pending motions to dismiss.

## II. FACTUAL AND PROCEDURAL OVERVIEW

### A. Overview of Au Pair Program.

As explained in detail in the Motion to Dismiss, the au pair program is a "Department of State-designated exchange visitor program under which foreign nationals are afforded the opportunity to live with an American host family and participate directly in the home life of the host family." 22 C.F.R. § 62.31(a). The au pair program furthers the foreign policy objectives of the U.S. DOS currently oversees, facilitates, and regulates several exchange visitor programs including the au pair program. Au pair participants provide limited child care services and pursue at least six semester hours of academic credit during the program. DOS requires that au pairs are paid a $195.75 weekly stipend by the host families.

### B. Case Overview.

Plaintiff Johana Paola Beltran, through counsel, filed the initial complaint in this case on November 13, 2014. Plaintiff Beltran alleged in the 27-page complaint that she

5

participated in the au pair program in 2012 after Defendant InterExchange, Inc. ("InterExchange"), a program sponsor wholly separate and distinct from Cultural Care, placed her in the home of Defendants Pamela and Thomas Noonan, a host family in Highlands Ranch, Colorado.[1] The defendants were the Noonans and InterExchange, who were directly involved in Plaintiff Beltran's au pair placement, and fifteen sponsors (including Cultural Care) who had no involvement whatsoever in Ms. Beltran's placement. Plaintiff Beltran asserted assorted wage claims and a breach of fiduciary claim against the Noonans and/or InterExchange, but only a single claim under Section 1 of the Sherman Act against Cultural Care and the other sponsors (including InterExchange).

### C. Cultural Care's First Motion to Dismiss and Filing of Amended Complaint.

Cultural Care filed its initial Motion to Dismiss with the Court on February 20, 2015 (Docket No. 74) seeking dismissal of Plaintiff Beltran's single antitrust claim against it based on immunity and defective pleading. The fourteen other sponsor defendants also moved for dismissal of the Sherman Act claim. On March 13, 2015, Plaintiffs' counsel filed a 102-page Amended Complaint that, among other things, added four additional plaintiffs and increased the number of claims asserted against Cultural Care from one to ten. Two of the four additional plaintiffs allege that they were placed by Cultural Care. The ten claims asserted against Cultural Care in the Amended Complaint are as follows:

---

[1] The Noonans were dismissed from the case on April 14, 2015 (Docket No. 125).

Count I: Sherman Act;

Count II: Civil RICO;

Count III: Breach of Fiduciary Duty Based on Laws of Several States;

Count IV: Negligent Misrepresentation;

Count V: Constructive Fraud and Fraudulent Concealment;

Count VI: Consumer Protection;

Count VII: Breach of Contract and Quasi Contract;

Count VIII: FLSA Minimum Wage and Overtime;

Count IX: Unpaid Wages Under Laws of Several States; and

Count X: Violations of New York Wage Act.

This Court ruled that the filing of the Amended Complaint rendered Cultural Care's Motion to Dismiss moot (Docket No. 106).

### D. Plaintiffs Seek to Conduct Sweeping Discovery and this Court (Shaffer, J.) Stays Discovery.

Plaintiffs' counsel has made it abundantly clear from the outset of this case that he intends to go on a fishing expedition at defendants' expense in an attempt to lend credibility to his clients' meritless claims. On February 27, 2015, the only claim against Cultural Care was the Sherman Act claim. While the scope of discovery relevant to the Sherman Act claim was narrow—communications between sponsors or between sponsors and DOS regarding stipend—Plaintiffs' counsel circulated a draft scheduling order in which he proposed to propound 100 interrogatories and 100 requests for

7

production. Plaintiffs' counsel made it clear on a conference call that he believed the rules allowed for all 100 interrogatories and 100 requests for production to <u>be served on each defendant</u>. On March 19, 2015, only 6 days after the filing of the 102-page Amended Complaint and before Cultural Care had an opportunity to file a responsive pleading, Plaintiffs' counsel served a sweeping interrogatory and request for production on Cultural Care and the other sponsor defendants that provided as follows:

<u>Interrogatory</u>

1. **Interrogatory #1**: **Please identify all au pairs that you have sponsored, past and present**. For each au pair, identify the au pair's name, home address, last known contact information (e.g., email addresses, phone numbers, etc.), country of origin, date of sponsorship, duration of sponsorship, host family(ies), host family address(es), last known contact information for each host family identified (e.g., email addresses, phone numbers, etc.), duration of placement with each host family, foreign agent(s) involved in facilitating sponsorship, total fees charged to each au pair (including an itemization of what the fee was for), and total fees charged to host family(ies) in regards to placement of identified au pair (including an itemization of what the fee was for).

<u>Request for Production</u>

1. **Request # 1**. **Please produce all Records relating to au pair compensation**. Include, but do not limit your response to, Records reflecting au pair compensation (e.g., stipends, wages, salaries, payments, benefits, or compensation of any kind), Records regarding au pairs' status as employees, and Records regarding au pairs' employment rights. Include, but do not limit your response to, Records exchanged with or reflecting communication with au pairs, potential au pairs, host families, potential host families, the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, the International Au Pair Association, attorneys for the various other Defendants in this matter, other trade associations, any foreign agent, any previously designated J-1 visa au pair sponsor, or other sponsor Defendants.

*Exhibit 2, Pltf. Discovery Requests.*

### E. Stay of Discovery.

Given Plaintiffs' sweeping discovery requests and the defendants' intent to file dispositive motions to dismiss, the parties had an informal discovery teleconference with Magistrate Judge Shaffer on April 16, 2015 to discuss a stay of discovery pending resolution of the motions to dismiss. During the conference call, Magistrate Judge Shaffer stayed discovery until the scheduling conference, which was then set for May 26, 2015 (Docket No. 126). Magistrate Judge Shaffer during the call reasoned that this temporary stay would allow him an opportunity to review the motions to dismiss and decide whether a further stay would be appropriate. Magistrate Judge Shaffer recused himself from the case on May 8, 2015, Magistrate Judge Tafoya was assigned to the case, and the scheduling conference was reset for July 6, 2015 (Docket Nos. 140-144). On May 22, 2015, Magistrate Judge Tafoya ruled that the stay of discovery remain in effect through the July 6th scheduling conference.

### F. Cultural Care's Second Motion to Dismiss and Plaintiffs' Extensions though June 26, 2015 to Respond.

Cultural Care filed its second Motion to Dismiss on April 17, 2015 (Docket No. 127). The Motion to Dismiss requests dismissal of all Plaintiffs' claims based on threshold legal issues. Cultural Care argues in the Motion to Dismiss, among other things, that i) it is immune from Plaintiffs' antitrust claims since it was following a federal mandate; ii) Plaintiffs have failed to validly plead conspiracy under *Twombly*; iiI) the

9

state-law wage claims fail for, among other reasons, that they are preempted by federal law; iv) Plaintiffs' FLSA claims fail because they are in direct conflict with the DOS regulations and Cultural Care never "employed" au pairs for purposes of FLSA; v) Plaintiffs' various fraud and misrepresentation claims fail on their face because, among other things, the state claims are preempted and Cultural Care's representations were true based on the DOS regulations and directives; vi) Plaintiffs' breach of fiduciary duty claims are preempted and rife with other legal defects; and vii) the breach of contract claims are preempted and include glaring pleading defects.

May 11, 2015 was Plaintiffs' initial deadline to respond to the Motion to Dismiss. On April 30, 2015, Plaintiffs sought an extension through June 1, 2015 to respond, which was granted by the Court (Docket Nos. 139, 140). On May 21, 2015, Plaintiffs sought a second extension through June 26, 2015 to respond, which was granted by the Court and is Plaintiffs' current response deadline (Docket Nos. 152, 157).

### III. LEGAL ARGUMENT

This Court should enter a protective order staying discovery pending this Court's ruling on Cultural Care's Motion to Dismiss because the motion seeks dismissal based on threshold issues including immunity, federal preemption, and fatal pleading defects that cannot be remedied by amendment. Plaintiffs' interest in proceeding to discovery is vastly outweighed by Cultural Care's burden of being forced to engage in extensive discovery where all claims will likely be dismissed.

The Court has broad discretion, pursuant to Fed. R. Civ. P. 26(c), to stay discovery. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). When considering a stay of discovery, this Court considers the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PA, 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (emphasis added) (citation omitted). Courts have routinely recognized that discovery may be inappropriate while the issues of immunity or other jurisdictional questions are being resolved pursuant to a motion to dismiss. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry,* 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue);

*Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same).

Here, the questions of whether Cultural Care is entitled to dismissal based on immunity, preemption, and/or incurable pleading defects are threshold issues and every factor cited above weighs in favor of a stay being entered. Briefing on the Motion to Dismiss will be closed by July 13, 2015[2] and the Court will have the ability to rule on the Motion to Dismiss thereafter. Any argument by Plaintiffs that the requested stay will cause an undue delay in discovery is belied by Plaintiffs' own action in seeking and receiving two extensions totaling 46 days to respond to the Motion to Dismiss. Thus, a stay of discovery will not interfere with Plaintiffs' ability to proceed expeditiously with this case and there will be no potential of prejudice to Plaintiffs.

On the other hand, the burden on Cultural Care will be enormous if a stay is not granted. Plaintiffs' theory in this case borders on the absurd because, among other things, Cultural Care's action in simply adhering to DOS's directive with respect to the stipend is inactionable as explained in the Motion to Dismiss. Plaintiffs' counsel has propounded sweeping discovery requests that demand **all documents and information related to every au pair placement that Cultural Care has made since 1989.** Defense counsel believes at this time that, even if Cultural Care limits the discovery requests to six

---

[2] Plaintiffs' current response deadline is June 26, 2015 and D.C.COLO.LCivR 7.1(d) allows Cultural Care until July 13, 2015 to file its reply brief.

years of information (the longest statute of limitations for any of plaintiffs' claims), the discovery would require in excess of 400,000 responses to interrogatories and 1,400,000 pages of documents. Even if discovery is limited to the six-year period as opposed to the 26 years Plaintiffs demand, the discovery will require hundreds of employee hours to compile the documents and at least several hundred hours of attorney time to review the documents before they are produced to Plaintiffs. The attorney hours necessary to ferret out essentially every piece of information regarding all prior au pairs placed by Cultural Care and draft over 400,000 answers to interrogatories based on the information would require the full attention of several attorneys for at least a month. The attorneys would need to be on-site at Cultural Care working directly with their employees to collect the necessary information. The burden of responding to the interrogatories would be staggering and financially significant. These efforts will be a complete waste of time and resources if the Court rules favorably on the Motion to Dismiss. If this Court declines to grant a stay of discovery, Plaintiffs will be allowed to unduly burden Cultural Care with discovery requests that encompass nearly every aspect of its operations. Cultural Care will be forced to expend staggering resources to comply with Plaintiffs' discovery requests and/or move this Court for protective relief. Either way, Cultural Care will suffer great expense when the claims against it will likely be dismissed pursuant to the Motion to Dismiss. Furthermore, Cultural Care should not be forced to disclose proprietary information and data regarding its operations to its competitor sponsors, who are

codefendants, just to have the claims against it dismissed. This needless disclosure of propriety information would be an unjust and irreparable result that can be easily avoided by a short stay of discovery. Accordingly, the burden to Cultural Care of proceeding through discovery while the Motion to Dismiss is pending greatly outweighs prejudice to Plaintiff, which is essentially nonexistent.

Finally, convenience to the court, the interests of persons not parties to this case, and the public interest also demand the requested stay. There is no reason for this Court to expend its time and resources considering motions addressing proprietary information and likely discovery disputes (given Plaintiffs' extremely expansive view of discovery) if this case is going to be dismissed. Neither the Court's, nor the parties' time is well-served by being involved in disputes over discovery and other procedural matters while dispositive motions are pending. Similarly, third-party witnesses and government witnesses (DOS officials for example) should not be inconvenienced with subpoenas if this case will be dismissed pursuant to the Motion to Dismiss. Thus, a stay of discovery relative to Plaintiffs' claims against Cultural Care is warranted in this case pending this Court's ruling on Cultural Care's Motion to Dismiss.

## IV. <u>CONCLUSION</u>

Pursuant to Fed. R. Civ. P. 26(c), this Court should enter an order, substantially similar to the proposed order attached as *Exhibit 1*, staying discovery with respect to Plaintiffs' claims against Cultural Care pending this Court's ruling on Cultural Care's

Motion to Dismiss because the Motion to Dismiss seeks dismissal based on threshold issues including immunity, federal preemption, and fatal pleading defects that cannot be remedied by amendment and the burden of Cultural Care proceeding through discovery while its Motion to Dismiss is pending greatly outweighs prejudice to Plaintiff, which is essentially nonexistent.

Respectfully Submitted,

___s/ Jeffrey P. Allen_____
Jeffrey P. Allen
E-mail: jallen@lawson-weitzen.com
Donald J. Gentile
E-mail: dgentile@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue
Boston, MA 02210
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

-and-

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email: bsiebert@shermanhoward.com

ATTORNEYS FOR DEFENDANT
CULTURAL CARE, INC.

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 4th day of June, 2015, a true and correct copy of the foregoing motion was electronically filed with the Court using the CM/ECF system which will send notification of such filing to the following:

Alexander N. Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 239-2606
alex@towardsjustice.org

*Attorney for Plaintiff Johana Paola Beltran, Lusapho Hlatshaneni, Beaudette Deetlefs, Dayanna Paola Cardenas Caicedo, Alexandra Ivette Gonzalez, and those similarly situated*

Brooke A. Colaizzi
Raymond M. Deeny
Heather F. Vickles
Erica H. Gutherz
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
rdeeny@shermanhoward.com
hvickles@shermanhoward.com
bcolaizzi@shermanhoward.com
eguthertz@shermanhoward.com

*Attorneys for Defendant Interexchange, Inc.*

Bogdan Enica
Bogdan Enica, Attorney at Law
111 2nd Avenue NE, Suite 213
St. Petersburg, FL 33701-3440
Telephone: (727) 225-2649

Lawrence Daniel Stone
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290-2101
Telephone: (303) 861-8013
lstone@duffordbrown.com

*Attorney for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair and 20/20 Care Exchange, Inc., d/b/a The International Au Pair Exchange*

Meshach Y. Rhoades
Kutak Rock, LLP
1801 California Street, Suite 3000
Denver, CO 80202-2626
Telephone: (303) 297-2400
rhoadesm@gtlaw.com

Martin J. Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 572-6500
estevaom@gtlaw.com

*Attorneys for Defendant GreatAuPair, LLC*

Brian T. Moore
Jester Gibson & Moore, LLP
1999 Broadway, Suite 3225
Denver, CO 80202
Telephone: (303) 377-7075

bogdane@hotmail.com

*Attorney for Defendant Expert Group International, Inc. d/b/a Expert AuPair*
James E. Hartley
Mher Hartoonian
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000
jhartley@hollandhart.com
mhartoonian@hollandhart.com

*Attorneys for Defendant Cultural Homestay International*

John R. Mann
Thomas B. Quinn
Gordon & Rees LLP
555 17th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 534-5160
tquinn@gordonrees.com
jmann@gordonrees.com

*Attorneys for Defendant AuPairCare, Inc.*

Katherine A. Barrett
Martha L. Fitzgerald
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202-4432
Telephone: (303) 223-1100
Kbarrett@bhfs.com
Mfitzgerald@bhfs.com

*Attorneys for Defendant EuRaupair InterCultural Child Care Programs*

bmoore@jgllp.com

*Attorney for Defendant Au Pair International, Inc.*
William J. Kelly III
Chanda M. Feldkamp
Kelly & Walker LLC
1515 Larimer Street, Suite 200
Denver, CO 80202
Telephone: (720) 236-1800
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com

*Attorneys for Defendant USAuPair, Inc.*

Brian A. Birenbach
The Rietz Law Firm, LLC
114 Village Place, Suite 301
Dillon, CO 80435
Telephone: (970) 468-0210
brian@rietzlawfirm.com

*Attorney for Defendants Au Pair International, Inc. and American Cultural Exchange, LLC*

Kathryn A. Reilly
Toren G.E. Mushovic
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244-1800
reilly@wtotrial.com
muschovic@wtotrial.com

*Attorneys for Defendants Agent Au Pair, Inc. and American Cultural Exchange, LLC d/b/a GoAuPair*

17

Daniel C. Perkins
Lawrence L. Lee
Fisher & Phillips, LLP
1801 California St., Suite 2700
Denver, CO 80202-3025
Telephone: (303) 218-3650
dperkins@laborlawlawyers.com
llee@laborlawlawyers.com

*Attorneys for Defendants APF Global Exchange, NFP and American Institute for Foreign Study, d/b/a Au Pair in America*

        s/ Jeffrey P. Allen
Jeffrey P. Allen