# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZÁLEZ;
and those similarly situated

      Plaintiffs,
v.

PAMELA H NOONAN;
THOMAS J NOONAN;
INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

      Defendants.

---

**PLAINTIFFS' FIRST REQUEST FOR DISCOVERY TO SPONSOR DEFENDANTS**

---

      PLEASE TAKE NOTICE THAT, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure (FRCP), the above-named plaintiffs, by their attorney, hereby request that

1

Interexchange, Inc., USAuPair, Inc., Great Au Pair, LLC, Expert Group International Inc. (d/b/a/ Expert AuPair), EurAuPair Intercultural Child Care Programs, Cultural Homestay International, Cultural Care, Inc. (d/b/a Cultural Care Au Pair), Au Pair Care Inc., Au Pair International, Inc., APF Global Exchange, NFP, DBA Au Pair Foundation, American Institute for Foreign Study (d/b/a Au Pair in America), American Cultural Exchange, LLC (d/b/a/ GoAuPair), Agent Au Pair, A.P.Ex. American Professional Exchange, LLC (d/b/a Pro AuPair), and 20/20 Care Exchange, Inc. (d/b/a/ The International Au Pair Exchange) (collectively, "you" or the "sponsor Defendants"), answer under oath the following written interrogatory and respond to the following request for documents, separately and fully, in writing, within the time allotted by the FRCP. The documents requested shall be produced on 4/23/2015 at 1535 High St., Suite 300, Denver, CO 80218 at 11am, or at such other time and place as mutually agreed upon by counsel.

PLEASE TAKE FURTHER NOTICE that you are under a duty to supplement responses pursuant to Rule 26(a) of the FRCP if you discover that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing. Further, pursuant to Rule 26(e)(2), you are under a duty to seasonably amend responses to these discovery requests if you learn that any response given is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Plaintiff during the discovery process or in writing.

### Definitions

As used in these requests for production the following terms have the following meanings:

1. The term "person" is defined as any natural person or business, legal, or governmental entity or association.

2. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, his officers, directors, employees, partners, corporate parent, subsidiaries, predecessors, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3. The term "sponsor Defendants" is defined as all Defendants named in this action other than Pamela Noonan and Thomas Noonan, including Interexchange, Inc., USAuPair, Inc., Great Au Pair, LLC, Expert Group International Inc. (d/b/a/ Expert AuPair), EurAuPair Intercultural Child Care Programs, Cultural Homestay International, Cultural Care, Inc. (d/b/a Cultural Care Au Pair), Au Pair Care Inc., Au Pair International, Inc., APF Global Exchange, NFP, DBA Au Pair Foundation, American Institute for Foreign Study (d/b/a Au Pair in America), American Cultural Exchange, LLC (d/b/a/ GoAuPair), Agent Au Pair, A.P.Ex. American Professional Exchange, LLC (d/b/a Pro AuPair), and 20/20 Care Exchange, Inc. (d/b/a/ The International Au Pair Exchange).

4. The terms "you" and "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

5. The term "foreign agents" means any agent, whether an organization or an individual that recruits au pairs that you may sponsor as a J1 visa sponsor or otherwise facilitates the J1 visa process for au pairs that you may sponsor.

6. The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

3

7. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

8. The word "each" shall be construed to include "every" and vice-versa.

9. The word "any" shall be construed to include "all" and vice-versa.

10. The present tense shall be construed to include the past tense and vice-versa.

11. The masculine shall be construed to include the feminine and vice-versa.

12. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

13. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

14. The term "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise).

15. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

16. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in F.R.C.P. 34(a)(1)(A). A draft of a non-identical copy is a separate document within the meaning of this term.

17. The term "Electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in F.R.C.P. 34(a)(1)(A).

18. The term "Record" shall encompass all "documents" and "Electronically stored information."

19. "Identify:"

4

a. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person; and

b. When referring to Records, "to identify" means to give, to the extent known, the (i) type of Record; (ii) general subject matter; (iii) date of the Record; and (iv) author(s), addressee(s), and recipient(s).

c. A draft of a non-identical copy is a separate Record within the meaning of this term.

20. The verb "sponsor" has the meaning generally used by the State Department with respect to the J-1 visa *au pair* program, including the issuance of a certificate of eligibility for exchange visitor (J-1) status on Form DS-2019 or otherwise.

21. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

### Instructions for Interrogatories

1. In answering each of these Interrogatories, please furnish all information that is available to you.

5

2.  Pursuant to F.R.C.P 26 and 33, each Interrogatory shall be answered separately and fully in writing under oath unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.

3.  In the event that you are unable to fully answer one or more of the following interrogatories after exercising due diligence to secure the necessary information, provide the most complete answer possible and specify the reason(s) for the inability to provide a complete response at the present time.

4.  Should a privilege be asserted with respect to any part of any discussion, document, or other communication concerning information requested by any of the following interrogatories, you must answer the Interrogatories in the manner indicated herein, except that the contents of the part deemed privileged need not be summarized; instead, indicate that a privilege is claimed for such part and state the nature of the privilege claimed and the facts upon which such claim is based in sufficient detail to permit the Court to adjudicate the validity of the privilege claim.

5.  Defendant is requested to supplement or correct his answers to these Interrogatories should Defendant later obtain information indicating answers are not complete or accurate. See F.R.C.P. 26(e).

6.  For each Interrogatory or part of an Interrogatory that you refuse to answer on grounds of burdensomeness, explain in as much detail as possible the basis for your contention.

## Instructions for Requests for Production

1.  If, in responding to this Request, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.  Whenever in this Request you are asked to identify or produce a Record which is deemed by you to be properly withheld from production, inspection, or copying:

    a.  If you are withholding the Record under claim of privilege (including but not limited to, the work product doctrine), please provide the information set forth in F.R.C.P. 26(b)(5), including the type of Record, the general subject matter of the Record, the date of the Record, and such other information as is sufficient to identify the Record, including, where appropriate, the author, addressee, custodian and any other recipient of the Record, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

    b.  If you are withholding the Record for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each Record and, in addition to the information requested in paragraph 2.A. above, please state the reason for withholding the Record.

3.  When a Record contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged

7

material. If a privilege is asserted with regard to part of the material contained in a Record, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Record has been redacted or altered in any fashion, identify as to each Record the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4.  If production of any requested Record(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

5.  Plaintiffs reserve the right to request to view the original of any copy of a Record provided in response to this Request.

6.  Pursuant to FRCP 34(B)(1)(c), please produce all electronically stored information ("ESI") in its original file format as maintained in your regular course of business and in a PDF format in such a manner that the information contained in the ESI is readable or otherwise understandable without the need for a specialty computer program.

### Interrogatory

1.  **Interrogatory #1: Please identify all au pairs that you have sponsored, past and present.** For each au pair, identify the au pair's name, home address, last known contact information (e.g., email addresses, phone numbers, etc.), country of origin, date of sponsorship, duration of sponsorship, host family(ies), host family address(es), last known contact information for each host family identified (e.g., email addresses, phone numbers, etc.), duration of placement with each host family, foreign agent(s) involved in facilitating sponsorship, total fees charged to each au pair (including an itemization of what the fee was for), and total fees charged

8

to host family(ies) in regards to placement of identified au pair (including an itemization of what the fee was for).

### Request for Production

1.      **Request # 1. Please produce all Records relating to au pair compensation.** Include, but do not limit your response to, Records reflecting au pair compensation (e.g., stipends, wages, salaries, payments, benefits, or compensation of any kind), Records regarding au pairs' status as employees, and Records regarding au pairs' employment rights. Include, but do not limit your response to, Records exchanged with or reflecting communication with au pairs, potential au pairs, host families, potential host families, the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, the International Au Pair Association, attorneys for the various other Defendants in this matter, other trade associations, any foreign agent, any previously designated J-1 visa au pair sponsor, or other sponsor Defendants.

Dated: March 19, 2015

Respectfully Submitted,

s/Alexander Hood
Alexander Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO  80218
Tel: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

Attorney for the Plaintiffs

9

## Certificate of Service

I hereby certify that on March 19, 2015 I served a true and correct copy of the foregoing on the individuals below pursuant to F.R.C.P. 5.

*Attorneys for Defendants:*

Raymond Myles Deeny
rdeeny@shermanhoward.com

Martha Louise Fitzgerald
mfitzgerald@bhfs.com

James Edward Hartley
jhartley@hollandhart.com

John Roger Mann
jmann@gordonrees.com

Lawrence Daniel Stone
lstone@duffordbrown.com

Walter Vernon Bernie Siebert
bsiebert@shermanhoward.com

Thomas Baker Quinn
tquinn@gordonrees.com

Heather Fox Vickles
hvickles@sah.com

Lawrence L. Lee
llee@laborlawyers.com

Brian Thomas Moore
bmoore@jgllp.com

Susan Penniman Klopman
sklopman@hklawllc.com

Brooke A. Colaizzi
BColaizzi@shermanhoward.com

Meshach Yustine Rhoades
rhoadesm@gtlaw.com

Kathryn A. Reilly
reilly@wtotrial.com

William James Kelly, III
wkelly@kellywalkerlaw.com

Daniel C. Perkins
dperkins@laborlawyers.com

Brian Alan Birenbach
brian@rietzlawfirm.com

Kathryn Anne Barrett
kbarrett@bhfs.com

Chanda Marie Feldkamp
cfeldkamp@kellywalkerlaw.com

Mher Hartoonian
mhartoonian@hollandhart.com

Bogdan Enica
bogdane@hotmail.com

Jeffrey Paul Allen
jallen@lawson-weitzen.com

Donald Joseph Gentile
dgentile@lawson-weitzen.com

s/ Alexander Hood
Alexander Hood
*Attorney for the Plaintiffs*

10