IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated,

      Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP DBA AUPAIR FOUNDATION;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

      Defendants.

_____

**JOINT MOTION BY CERTAIN SPONSOR DEFENDANTS FOR PROTECTIVE ORDER**
_____

Defendants, A.P.EX American Professional Exchange, LLC, d/b/a PROaupair,

20/20 Care Exchange, Inc., d/b/a The International Au Pair Exchange, USAuPair, Inc.,

{00644032.1}

GreatAuPair, LLC, Expert Group International, Inc. d/b/a Expert AuPair, Cultural

Homestay International, AuPairCare, Inc., Au Pair International, Inc., APF Global

Exchange, NFP d/b/a AuPair Foundation, American Institute for Foreign Study d/b/a Au

Pair in America, and Agent Au Pair (collectively the "Moving Defendants"), by their

respective attorneys, and pursuant to Fed.R.Civ.P. 26(c), hereby request a protective

order staying discovery in this matter until the Court rules on the Motions to Dismiss

filed by the Moving Defendants, and as grounds therefor, state as follows:

---

**Certificate of Compliance with Civil Practice Standard 7.1D**

On May 28, 2015, counsel with authority to confer on behalf of the Moving Defendants contacted Plaintiffs' counsel, Alexander Hood, to discuss the relief sought by this Motion.  The Plaintiffs oppose the relief requested herein.[1]

---

## I.   INTRODUCTION

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the U.S. Supreme Court

held that in order to avoid the "potentially enormous expense of discovery" in antitrust

cases, courts must require "a complaint with enough factual matter (taken as true) to

suggest that an agreement was made."  *Id.* at 556, 559.  Moreover, "an allegation of

parallel conduct and a bare assertion of conspiracy will not suffice" to meet the pleading

requirements of Fed.R.Civ.P. 8 and 12 in Section 1 antitrust cases.  *Id.* at 556.  This is

---

[1]  On May 29, 2015, Donald Gentile, counsel for Defendant Cultural Care, Inc., and acting with the Moving Defendants' authority, contacted Magistrate Judge Tafoya's law clerk, Mike Imdieke, to obtain potential dates for a discovery dispute conference pursuant to Judge Tafoya's  Practice Standards relating to discovery disputes.  Mr. Imdieke informed Mr. Gentile that there was no need to schedule a discovery conference because Judge Tafoya does not believe a motion to stay discovery would benefit from such a conference.  Instead, Mr. Imdieke advised Mr. Gentile that the defendants should file motions to stay discovery.

so because, "[w]ithout more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* at 556-57.

This case presents the exact same concern faced by the *Twombly* Court. Specifically, as to the Moving Defendants, Plaintiffs have merely alleged parallel conduct as well as bare and conclusory assertions of conspiracy with no factual support. Thus, under *Twombly*, because Plaintiffs have failed to allege sufficient facts to support a plausible conspiracy involving the Moving Defendants, the Moving Defendants have filed Motions to Dismiss the First Amended Complaint,[2] and those Motions have been referred to Magistrate Judge Tafoya. [Doc. No. 146]. In light of the Motions to Dismiss, and for the reasons stated in *Twombly*, Moving Defendants should not be forced to undertake the very expensive, time consuming, and potentially ruinous endeavor of responding to the extremely broad discovery contemplated by the Plaintiffs. Instead, as explained below, the Court should enter an Order staying discovery pending its ruling on the Motions to Dismiss filed by the Moving Defendants because if those Motions are granted, discovery involving the Moving Defendants will be unnecessary.

---

[2] The Moving Defendants Motions to Dismiss can be found at the following Docket Numbers: 132 (for Defendant 20/20), 133 (for Defendant A.P.Ex.), and 135 (for Defendants Cultural Homestay International, UsAuPair, Inc., GreatAuPair, LLC, Expert Group International, Inc., AuPairCare, Inc., Au Pair International, Inc., APF Global Exchange, NFP, and Agent Au Pair)

## II.   ARGUMENT

### A.   Applicable Legal Standards

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936); *Chimney Rock Pub. Power Dist. v. Tri-State Generation & Transmission Ass'n, Inc.*, 10-cv-02349-WJM-KMT, 2011 WL 834201, at *3 (D. Colo., Mar. 4, 2011) (unpublished) ("The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court."). Indeed, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis,* 299 U.S. at 254; *see also United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003) (same).

Additionally, "[w]hen a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D. D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Stone v. Vail Resorts Dev. Co.,* 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo., Jan. 7, 2010) (unpublished) ("Where a pending motion may dispose of an action, however, a stay of discovery may allow the Court to avoid expending resources in managing an action that

ultimately will be dismissed."); 8 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2040, at 521–22 (2d ed.1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.").

> **B.      The Factors Relevant to the Court's Analysis Favor the Entry of a Temporary Stay.**

The Tenth Circuit Court of Appeals has recognized that when "assessing the propriety of a stay, a district court should consider: whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake." *United Steelworkers,* 322 F.3d at 1227 (citing *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977)).

> **1.      The Moving Defendants Are Likely to Prevail on Their Motions to Dismiss.**

As argued in the Moving Defendants Motions to Dismiss,[3] the Plaintiffs' First Amended Complaint is noticeably lacking in any specific allegations pertaining to the Moving Defendants at all, much less allegations that the Moving Defendants were involved in a conspiracy involving the amount of the stipend host families pay to au pairs.  For example, with respect to Defendant PROaupair, of the 534 paragraphs in the First Amended Complaint, PROaupair is specifically referenced in only three (3) paragraphs: paragraph 39 (identifying PROaupair as a defendant and setting forth its business location), paragraph 109 (setting forth an out-of-context statement from

---

[3]   *See* footnote 2, *supra.*

PROaupair's website), and paragraph 127 (identifying PROaupair as a member of the International Au Pair Association).  *See* First Amended Complaint [Doc. No. 101]; *see also id.* at ¶¶ 26, 101, and 126 (pertaining to Defendant Great AuPair).  The allegations against Defendant 20/20 are even more limited since 20/20 is referenced in only two (2) of the 534 paragraphs: paragraph 40 (identifying 20/20 as a defendant and setting forth its business location) and paragraph 110 (setting forth an out-of-context statement from 20/20's website).  *Id.*  The First Amended Complaint is equally lacking in specific allegations directed at the other Moving Defendants.  *Id.*

Instead of providing specificity, Plaintiffs attempt to rely on the Moving Defendants alleged parallel conduct to support their claim of a conspiratorial agreement.[4]  *Id.* at ¶¶ 96-115; 466-474.  Pursuant to *Twombly*, these allegations are insufficient because, "[w]ithout more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."  *Twombly*, 550 U.S. at 556-57; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint does not suffice under Rule 8 "if it

---

[4]  Plaintiffs' allegations are clearly untrue as to Defendant PROaupair because PROaupair instructs its host families to pay a weekly stipend to its au pairs that exceeds the minimum stipend established by the Department of Labor and the Department of State.  Specifically, au pairs with more experience, called Professional Au Pairs, cost the host families more than traditional au pairs because their minimum stipend is $250 per week, instead of $197.75. *See* PROaupair's Motion for Joinder of and Supplement to Joint Motion to Dismiss [Doc. No. 133] at pp. 4-5.  For the same reason, Plaintiffs' allegations are untrue as to other defendants.  *See* First Amended Complaint at ¶ 78 (recognizing that six (6) of the defendants instruct host families to pay higher weekly stipends based on the au pair's level of experience); *see also* Joint Motion to Dismiss by Certain Defendants [Doc. No. 135] at 11-12 (arguing that Plaintiffs' allegations of parallel conduct fail because six Sponsor Defendants require host families to pay a higher weekly stipend based on the au pair's experience).

tenders naked assertions devoid of further factual enhancement."  *Id.* (internal

quotations omitted)); Joint Motion to Dismiss by Certain Defendants [Doc. No. 135] at 9-

14.

Accordingly, the First Amended Complaint's lack of specificity is fatal to the

Plaintiffs' sole claim for relief against the Moving Defendants, warranting dismissal of

that claim.  *See, e.g., In re Elevator Antitrust Litigation,* 502 F.3d 47, 50-51 (2nd Cir.

2007) (general allegations of conspiratorial activities "without any specification of any

particular activities by any particular defendant[, which are] nothing more than a list of

theoretical possibilities [that] one could postulate without knowing any facts whatever . .

. do not supply facts adequate to show illegality."); *Michigan Div.-Monument Builders v.*

*Michigan Cemetery Assoc.,* 458 F.Supp.2d 474, 485 (E.D. Mich. 2006), *aff'd,* 524 F.3d

726 (6th Cir. 2008) ("Plaintiffs cannot escape their burden of alleging that each

defendant participated in or agreed to join the conspiracy by using the term 'defendants'

to apply to numerous parties without any specific allegations as to any individual

defendant."); *In re Southeastern Milk Antitrust Litig.*, 555 F.Supp.2d 934, 942 (E.D.

Tenn. 2008) ("To allege an agreement between antitrust co-conspirators, the complaint

must allege facts such as a 'specific time, place, or person involved in the alleged

conspiracies' to give a defendant seeking to respond to allegations of a conspiracy an

idea of where to begin." (quoting *Twombly*, 550 U.S. at 564 n.10)).

Thus, a temporary stay of discovery is warranted given the strong likelihood that

the Moving Defendants will prevail on their Motions to Dismiss.

**2.      Without a Stay, the Moving Defendants Will Suffer Irreparable Harm.**

The Moving Defendants will suffer irreparable harm if the Court denies their request for a temporary stay of discovery.  Courts recognize that "[t]he costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984).  Additionally, "[i]f we permit antitrust plaintiffs to overcome a motion to dismiss simply by alleging parallel conduct, we risk propelling defendants into expensive antitrust discovery on the basis of acts that could just as easily turn out to have been rational business behavior as they could a proscribed antitrust conspiracy."  *Mayor and City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 137 (2nd Cir. 2013).  Thus, as the Supreme Court stated, "it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence to support a § 1 [Sherman Act] claim."  *Twombly,* 550 U.S. at 559.

Here, Plaintiff Beltran's first draft of a proposed Scheduling Order indicated her intent to propound 100 interrogatories and 100 requests for production of documents on **_each_** of the 15 sponsor defendants, totaling 3,000 written discovery requests.  Plaintiff Beltran also proposed conducting 45 depositions.[5]  Plaintiffs' expansive scope of

---

[5]  Plaintiffs' first draft of a proposed Scheduling Order was exchanged before Plaintiff filed the First Amended Complaint, which, among other things, added four additional Plaintiffs.  Therefore, it is reasonable to assume that with the addition of four more

{00644032.1}                                                  8

discovery is a strong-arm tactic that could force some of the defendants to settle the Plaintiffs' groundless claims rather than expend the time and money necessary to respond to the discovery.  *See, e.g., Twombly*, 550 U.S. at 557-58 (stating that "a plaintiff with a largely groundless claim [should not] be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.").

Furthermore, the irreparable harm is real and immediate because on March 19, 2015, Plaintiffs served all of the Defendants with extremely broad and burdensome discovery requests before the Defendants even had a chance to respond to the First Amended Complaint.  *See* Plaintiffs' First Request for Discovery to Sponsor Defendants, attached hereto as Exhibit 1.  As the Court can see, the Plaintiffs' first interrogatory seeks a seemingly limitless amount of information, given the number of au pairs the Moving Defendants have sponsored and the fact that the interrogatory fails to include any date restrictions.

This interrogatory is particularly offensive because it has no bearing whatsoever on an alleged antitrust violation, which is the ***only*** claim for relief Plaintiffs have asserted against the Moving Defendants.  Plaintiffs are clearly attempting to obtain information about the Moving Defendants' sponsored au pairs so they can then try to persuade the au pairs to join the lawsuit.  Yet, in order to obtain this information, Plaintiffs are attempting to bootstrap their request to their fatally weak antitrust claim.  Under *Twombly* and its progeny, however, Plaintiffs must first allege facts such as a

---

Plaintiffs, Plaintiffs will seek to increase the number of written discovery requests and depositions.

specific time, place, or person involved in the alleged conspiracy before the Moving Defendants should be faced with the "potentially enormous expense of discovery," especially discovery that has nothing to do with an antitrust claim.  *See Twombly*, 550 U.S. at 556, 557, 570; *see also* Joint Motion to Dismiss by Certain Defendants [Doc. No. 135], *passim* and at 16. Thus, given the strength of the Moving Defendants' Motions to Dismiss, the Moving Defendants would be irreparably harmed if they are forced to respond to this discovery, particularly since going through the extensive effort of responding will likely be unnecessary.

Consequently, given the irreparable harm faced by the Moving Defendants, and the strength of the Motions to Dismiss, a temporary stay of discovery is warranted.[6]

### 3.    A Temporary Stay Will Not Cause Substantial Harm to the Plaintiffs.

The Plaintiffs will not be prejudiced by a brief stay of discovery pending this Court's ruling on the Motions to Dismiss because, if the motions are denied, Plaintiffs will have ample time to conduct discovery in this case.  *See In re First Constitution Shareholders Litigation*, 145 F.R.D. 291, 293 (D. Conn. 1991) (granting defendants' motion for a stay of discovery after finding there would be no prejudice to plaintiff, "which will have ample time [if the motion to dismiss is denied] to take discovery on the merits of its claims."); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357

---

[6]  Furthermore, granting the requested relief would also benefit the Court because the Court would avoid having to decide the parties' motions that will almost certainly be filed regarding the scope of discovery and those seeking to compel discovery.  Additionally, the brief stay will avoid this Court's involvement in expansive discovery matters involving numerous parties that are located in ten different states and nineteen different cities across the country.  Therefore, judicial resources will be preserved if the Court grants a temporary stay pending the determination of the Motions to Dismiss.

{00644032.1}                                       10

F.Supp.2d 1277, 1280 (D. Colo. 2004) (same).  On the other hand, if the Motions to Dismiss are granted, the case against the Moving Defendants will be dismissed and any discovery that was conducted involving the Moving Defendants would have been unnecessary and a waste of the parties' time and resources.

Therefore, this factor favors the entry of a temporary stay of discovery.

### 4.      The Public Interest Favors a Temporary Stay.

The public has, as a primary interest, the efficient and just resolution of actions pending before the Court, and "[a]voiding wasteful efforts by the Court clearly serves this interest." *Blixseth v. Cushman & Wakefield of Colo., Inc.*, No. 12-cv-00393, 2012 WL 3962800, at *3 (D. Colo., Sept. 11, 2012) (unpublished).  As discussed above, absent a stay, the Moving Defendants, Plaintiffs, and the Court will engage in wasteful efforts, given the likelihood that the claims against the Moving Defendants will be dismissed.  Thus, this factor also favors the entry of a temporary stay of discovery.

Accordingly, the Court should enter a temporary stay of discovery pending the Court's ruling on the pending Motions to Dismiss.

WHEREFORE, for the reasons set forth above, the Moving Defendants respectfully request the Court to enter a protective order temporarily staying discovery in this matter until the Court rules on the pending Motions to Dismiss, and for such further relief as the Court deems appropriate.

Respectfully submitted this 9th day of June, 2015.

s/ Christian D. Hammond

Lawrence D. Stone
Christian D. Hammond
DUFFORD & BROWN, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Telephone:  (303) 861-8013
lstone@duffordbrown.com
chammond@duffordbrown.com

**ATTORNEYS FOR DEFENDANTS 20/20 CARE EXCHANGE D/B/A THE INTERNATIONAL AU PAIR EXCHANGE AND A.P.EX AMERICAN PROFESSIONAL EXCHANGE, LLC, D/B/A PROAUPAIR**

s/William J. Kelly, III

William James Kelly, III
Chanda Marie Feldkamp
KELLY & WALKER, LLC
1401 17th Street, Suite 925
DENVER, CO 80202
Phone:  720-236-1800
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com

**ATTORNEYS FOR DEFENDANT USAUPAIR, INC.**

*s/Meshach Y. Rhoades*
Meshach Y. Rhoades
Martin Estevao
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
Phone:  303-572-6500
rhoadesm@gtlaw.com
estevaom@gtlaw.com

**ATTORNEYS FOR DEFENDANT
GREATAUPAIR, LLC**


*s/Bogdan Enica*
Bogdan Enica, Attorney at Law
111 2nd Avenue NE, Suite 213
St Petersburg, FL 33701-3440
Phone:  727-225-2649
bogdane@hotmail.com

**ATTORNEY FOR DEFENDANT
EXPERT GROUP INTERNATIONAL INC., D/B/A
EXPERT AUPAIR**


*s/James E. Hartley*
James E. Hartley
Mher Hartoonian
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone:  303-295-8000
jhartley@hollandhart.com
mhartoonian@hollandhart.com

**ATTORNEYS FOR DEFENDANT
CULTURAL HOMESTAY INTERNATIONAL**

s/John R. Mann
John Roger Mann
Thomas Baker Quinn
Gordon & Rees, LLP-Denver
555 17th Street, Suite 3400
Denver, CO 80202
Phone:  303-534-5160
jmann@gordonrees.com
tquinn@gordonrees.com

**ATTORNEYS FOR DEFENDANT AUPAIRCARE, INC.**

s/Brian Thomas Moore
Brian Thomas Moore
Jester Gibson & Moore, LLP
1999 Broadway, #3225
Denver, CO 80202
303-377-7888
bmoore@jgllp.com

**ATTORNEYS FOR DEFENDANT AU PAIR INTERNATIONAL, INC.**

s/Lawrence L. Lee
Lawrence L. Lee
Daniel C. Perkins
FISHER & PHILLIPS LLP
1801 California Street, Suite 2700
Denver, CO 80202
Phone:  303-218-3650
llee@laborlawyers.com
dperkins@laborlawyers.com

**ATTORNEYS FOR DEFENDANTS APF GLOBALEXCHANGE, NFP D/B/A AUPAIR FOUNDATION AND AMERICAN INSTITUTE FOR FOREIGN STUDY D/B/A AU PAIR IN AMERICA**

s/Kathryn A. Reilly
Kathryn A. Reilly
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:  303-244-1800
reilly@wtotrial.com

**ATTORNEYS FOR DEFENDANT
AGENT AU PAIR**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2015, I served the foregoing **JOINT MOTION BY CERTAIN SPONSOR DEFENDANTS FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which will send notification via e-mail to all counsel of record.


*s/ Carol A. Larsen Cook*
Carol A. Larsen Cook