IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated

      Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC., D/B/A CULTURAL CARE AUPAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY, DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC, DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC., DBA THE INTERNATIONAL AU PAIR EXCHANGE

      Defendants.

---

**DEFENDANT INTEREXCHANGE, INC, AMERICAN CULTURAL EXCHANGE, LLC, AND AMERICAN INSTITUTE FOR FOREIGN STUDY'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS**

---

Defendants InterExchange, Inc. ("InterExchange"), American Cultural Exchange, LLC, d/b/a Go Au Pair ("GoAuPair"), and American Institute for Foreign Study, d/b/a Au Pair in American ("Au Pair in America") (collectively, the "Moving Defendants"), by their attorneys, move pursuant to Fed. R. Civ. P. 26(c) to stay all discovery in this case pending resolution of InterExchange's Motion to Dismiss (Doc. # 130), Go Au Pair's Motion to Dismiss (Doc. #131), and Au Pair in America's Motion to Dismiss (Doc. # 136).  Upon a showing of good cause, Moving Defendants seek a stay of discovery to prevent them from suffering the extreme burden and expense of discovery in this hybrid class-collective action case, as a favorable ruling on their Motions to Dismiss would substantially, if not completely, resolve the case.

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 26(c)(1) AND CIV. PRACTICE STANDARD 7.1D

Counsel on behalf of Moving Defendants conferred with Plaintiffs' counsel by phone on March 2 and 5, and April 10, 2015, in conjunction with the parties' Rule 26(f) conference, and again on May 28, 2015.  Plaintiffs oppose any stays of discovery.

## I.    FACTUAL AND PROCEDURAL BACKGROUND.

Moving Defendants are designated sponsors of the United States Department of State's J-1 Exchange Visitor au pair program.  The au pair program gives foreign nationals an opportunity to live with an American family for one year, experience American family life and culture, and continue their education.  22 C.F.R. § 62.4(h)(5). In exchange, au pairs receive room and board and provide up to 45 hours of child care services for the family per week.  Id.; 22 C.F.R. § 62.31(a), (c)(3).  The au pairs are paid

a weekly stipend calculated by the U.S. Department of Labor.  22 C.F.R. § 62.31(j), (n)(3).

InterExchange sponsored Plaintiff Johana Beltran's ("Beltran's") J-1 visa in connection with her program participation in 2012.  Beltran attended a week of training in New York upon her arrival in the United States, which is required by State Department regulations.  22 C.F.R. §§ 62.10, 62.31(f), (g).  Beltran was placed with a host family in Colorado, Pamela J. and Thomas H. Noonan.  Beltran served as an au pair for the Noonans from approximately August 2012 to November 2012.

Beltran filed this lawsuit on November 13, 2014.  (Doc. #1.)  She and four other Plaintiffs filed a First Amended Complaint on March 13, 2015 (Doc. #101).  Count I is a class-action antitrust claim against Moving Defendants and twelve other agencies who serve as sponsors for the au pair program.  (Id. at ¶¶ 466-74.)  Count II is a civil RICO class action against InterExchange, Au Pair in America, and Defendant Cultural Care, alleging that the sponsors engaged in fraudulent schemes, act, and misrepresentations to deprive the Plaintiffs of wages.  (Id. at ¶¶ 475-81.)  Count III is a breach of fiduciary duty class action under the laws of the several states against InterExchange, GoAuPair, Au Pair in America, and Cultural Care,, alleging the sponsors breached fiduciary duties with respect to au pairs' wages.  (Id. at ¶¶ 482-84.)  Count IV is a class-action negligent representation claim under the laws of the several states against InterExchange, GoAuPair, Au Pair in America, and Cultural Care, alleging misrepresentations related to au pair wages.  (Id.  at ¶¶ 485-87.)  Count V is a constructive fraud/fraudulent concealment class action under the laws of the several states against InterExchange,

GoAuPair, Au Pair in America, and Cultural Care, alleging that the sponsors concealed knowledge that the weekly au pair wage could be illegal.  (Id. at ¶¶ 488-90.)  Count VI is a class action under the consumer protection laws of the several states against InterExchange, GoAuPair, Au Pair in American, and Cultural Care, alleging the sponsors "tricked" au pairs into signing up for programs based on false and misleading representations about the wage.  (Id. at ¶¶ 491-93.)  Count VII is a breach of contract/quasi contract class action against InterExchange, GoAuPair, Au Pair in America, and Cultural Care, alleging unspecified breaches of contracts between the sponsors and au pairs.  (Id. at ¶¶ 494-500.)  Count VIII is an FLSA collective action against InterExchange, GoAuPair, Au Pair in America, and Cultural Care.  (Id. at ¶¶ 501-12.)  Count IX is a class action wage claim under the laws of the several states against InterExchange, GoAuPair, Au Pair in America, and Cultural Care.  (Id. at ¶¶ 513-21.)  Count X is a class action claim under New York's Wage Act against InterExchange, GoAuPair, Au Pair in America, and Cultural Care, alleging sponsors violated New York state law by not paying au pairs for the week of State Department-required orientation.  (Id. at ¶¶ 522-26.)

Moving Defendants moved to dismiss all claims against them.  (Docs. #130, 131, and 136).  In a telephonic discovery conference on April 16, 2015, Magistrate Judge Shaffer stayed discovery until the Scheduling Conference, at that time set for May 26, 2015.  Magistrate Judge Shaffer recused himself on May 8, 2015.  (Doc. #141.)  The case was reassigned to Magistrate Judge Tafoya and the Scheduling Conference reset to July 6, 2015.  (Doc. #143, 144.)  The parties agreed to, and the Court approved,

continuing the discovery stay until at least the Scheduling Conference on July 6.  (Doc. #156.)

Moving Defendants now seek a temporary stay of discovery until the Court resolves the Motions to Dismiss.  The Motions to Dismiss raise substantive threshold legal issues that, if resolved in Moving Defendants' favor, would substantially, if not completely, resolve this case.  Specifically, Moving Defendants argue that Plaintiffs' claims, as applied to the *au pair* program, are preempted by federal law and the federal government's supremacy over immigration.  (Docs. #130, 131, and 136.)  Further, as set forth in the Motions to Dismiss and also certain sponsor Defendants' joint motion to dismiss Plaintiffs' antitrust claim (Doc. #135), Plaintiffs have failed to allege sufficient facts to support a plausible antitrust conspiracy.   Because of the extremely expensive and otherwise onerous burden of discovery sought by Plaintiffs, as described in more detail below, Moving Defendants respectfully request that the Court stay discovery until such time as the Court can rule on Moving Defendants' Motions to Dismiss.

## II.  ARGUMENT

The court should exercise its authority to stay discovery in this case to avoid imposing undue expense and hardship on Moving Defendants.  The court has considerable discretion over the timing of discovery, including staying an action while a dispositive motion is pending.  <u>Trustees of the Springs Transit Co. Employee's Retirement and Disability Plan v. City of Colorado Springs</u>, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *4 (D. Colo. May 11, 2010) (internal citations omitted).  Also, the court has authority to enter a protective order to protect Moving Defendants from

EMPLOY/1215417.1

"annoyance, embarrassment, oppression, or undue burden or expense" from discovery conducted while the Motions to Dismiss are pending.  Id.; Fed. R. Civ. P. 26(c). Although stays of discovery are generally disfavored, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."  Wason Ranch Corp. v. Hecla Mining Co., No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (citing Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 692 (M.D. Fla. 2003)).  At least one court has found a stay warranted when anticipated court decisions would have preempted the plaintiff's claims.  See Fullington v. Pfizer, Inc., No. 4:10cv00236 JLH, 2011 WL 692055, at *1 (E.D. Ark. Feb. 18, 2011).

The following factors are relevant to whether a party has good cause for a stay of discovery:  (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending litigation.  String Cheese Incident, LLC v. Stylus Shows, Inc., 02-cv-01934LTB-PA, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (citing FDIC v. Renda, No. 85-2216-0, 1987 WL 348635, at *2 (D. Kan. 1987)).  These factors weigh in favor of a stay in this case.

A.   Plaintiff Has No Special Interest in Proceeding Expeditiously.

This case does not present any circumstances under which Plaintiffs would have a special or unique interest in moving the lawsuit ahead quickly.  Passage of time alone

is not a burden on Plaintiffs for purposes of this analysis. Blixseth v. Cushman & Wakefield of Colo., Inc., No. 12-cv-00393-PAB-KLM, 2012 WL 3962800, at *2 (D. Colo. Sept. 11, 2012). In the Defendants' various consultations with Plaintiffs' counsel regarding this requested relief, Plaintiffs' counsel has not articulated any special or unique interest in moving quickly. See Patton v. Stolle Machinery Co., No. 14-cv-03392-WJM-KLM, 2015 WL 1598057, at *2 (D. Colo. Apr. 7, 2015) (holding that the first String Cheese factor is neutral when plaintiff failed to identify with specificity any substantial interest in proceeding immediately with discovery). Moreover, Plaintiffs have requested and consented to multiple extensions of time, including two extensions to respond to Defendants' Motions to Dismiss, which belies any need for immediate discovery. Warad West LLC v. Sorin CRM USA Inc., No. 14-cv-03242-WJM-KLM, 2015 WL 1577635, at *2 (D. Colo. Apr. 3, 2015); Doc. # 115, 139, 152. As described in more detail in subsection B *infra*, discovery in this case will be enormously expensive for both Plaintiffs and Defendants, and thus Plaintiffs too have an interest in avoiding those expenses, if, as Moving Defendants expect, the case is resolved or significantly narrowed based on the Motions to Dismiss. See Compton v. United States, No. 15-cv-00294-MSK-KMT, 2015 WL 2407126, at *2 (D. Colo. May 19, 2015) (noting that neither party would be well-served by proceeding with discovery before the court determined whether the case was time-barred). The first String Cheese factor weighs in favor of a stay or is at least neutral.

7

B.  Discovery Will Be Expensive, Protracted, and Extremely Burdensome for Moving Defendants.

The expected scope and expense of discovery also weighs in favor of a stay, as enormous amounts of resources would be wasted if the case is dismissed or narrowed significantly.  Blixseth, 2012 WL 3962800, at *2.  Plaintiffs' discovery plan more than confirms this fear.  Plaintiff Beltran's first draft of a proposed Scheduling Order indicated her intent to propound 100 interrogatories and 100 requests for production of documents on **_each_** of the 15 sponsor defendants, totaling 3,000 written discovery requests.  Plaintiff Beltran also proposed conducting 45 depositions.[1]  Plaintiffs' expansive scope of discovery is a strong-arm tactic that could force some Defendants to settle the Plaintiffs' groundless claims rather than expend the time and money necessary to respond to the discovery.  See, e.g., Twombly, 550 U.S. at 557-58 (stating that "a plaintiff with a largely groundless claim [should not] be allowed to take up the time of a number of other people, with the right to do so representing an _in terrorem_ increment of the settlement value.").

Moreover, on March 19, 2015, Plaintiffs served all of the Defendants with extremely broad and burdensome discovery requests before the Defendants even had a chance to respond to the First Amended Complaint.  See Plaintiffs' First Request for Discovery to Sponsor Defendants, attached hereto as Exhibit 1.  Plaintiffs' first interrogatory seeks a seemingly limitless amount of information, given the number of au

---

[1]  Plaintiffs' first draft of a proposed Scheduling Order was exchanged before Plaintiff filed the First Amended Complaint, which, among other things, added four additional Plaintiffs.  Therefore, it is reasonable to assume that with the addition of four more Plaintiffs, Plaintiffs will seek to increase the number of written discovery requests and depositions.

pairs the Moving Defendants have sponsored and the fact that the interrogatory fails to include any date restrictions.  Further, the sponsor Defendants are scattered across the country, so discovery will require significant travel on the part of all parties.  <u>See</u> Doc. # 101 at ¶¶ 23-40.

The burden Plaintiffs' proposed discovery will impose on Defendants cannot be exaggerated.  Many of the defendants, including InterExchange, are small sponsors.  As an example of the breadth of the information sought by Plaintiffs, InterExchange alone has placed more than a thousand *au pairs* with host families in approximately nineteen states in recent years.  And the larger sponsor Defendants work with tens of thousands of au pairs and host families each year.  Moreover, Plaintiffs seek information pertaining to <u>potential</u> au pairs and host families as well, which increases these numbers by a large factor.  In addition, most of the prospective class members are likely residing outside of the United States, as the J-1 program limits a participant's stay to one year, or on occasion, two years.  Au pairs who are currently participating in the J-1 program will be scattered across the country, with former participants spread throughout the globe.  Further increasing the burden of Plaintiffs' discovery requests, Moving Defendants consider the requested information to be proprietary and highly confidential.  It is conceivable that joinder of additional parties would be necessary, as it is settled as a matter of law that au pairs have an employment relationship with their host families.  Every au pair who is a potential class member has at minimum one host family that could be a necessary party.  Thus, class and merits discovery will be lengthy and expensive.  As Moving Defendants seek dismissal primarily on preemption

grounds, rather than some fact deficiency that could be cured by amendment, efficiency and economy are served by staying discovery until that motion is resolved.  Id.

C.  The Motions to Dismiss Raise Threshold Issues of Law that Would Completely Resolve This Case; Proceeding with Discovery Wastes Party and Judicial Resources.

Moving Defendants' Motions to Dismiss challenge Plaintiffs' claims on preemption grounds.[2]  Department of State Regulations comprehensively regulate the au pair program.  See 22 C.F.R. Part 62.  Specifically, the regulations set forth the compensation and work scheme for au pairs, as well as sponsor and host family obligations, au pair qualifications, and a conflict resolution mechanism.  See Doc. #130 Sec. III.  As set forth in the Motion to Dismiss, these regulations flow directly from the federal government's immigration power and clearly establish a federal system of regulation for the au pair program.  Id.  The preemption issue is not a pleading deficiency, but rather a substantive argument that would resolve the claims completely. See n.1, *supra*; compare Aronstein v. Thompson Creek Metals Co., No. 15-cv-00204-RM-NYW, 2015 WL 2375884, at *4 (D. Colo. May 15, 2015) (declining to stay discovery in part because the motion to dismiss raised pleading deficiencies, such that any

---

[2] Moving Defendants adopted the arguments to dismiss Count I, an antitrust claim, set forth in a joint Motion to Dismiss filed by certain other agency Defendants.  (Doc. #135.) These arguments are largely based on Plaintiffs' failure to meet the Twombly and Iqbal pleading standards.  (Doc. #135 at pp. 6-17.)  However, Defendants have now filed two motions to dismiss the antitrust claim, and thus conferred twice with Plaintiffs' counsel, under Judge Arguello's practice standards.  These standards require the parties to discuss whether deficiencies raised in a motion to dismiss can be cured by amendment.  Civ. Practice Standard 7.1D(a).  On both occasions, Plaintiffs' counsel declined to amend the pleadings or identify any alleged deficiencies that could be cured by amendment.  Thus, at this point, any argument by Plaintiffs that the Motions to Dismiss can be rendered moot by amendment are frivolous.

10

dismissal would be without prejudice and thus not necessarily eliminate the need for discovery).  The third factor weighs in favor of a stay.

Proceeding with discovery in this case would require the Court to participate in and/or monitor the various steps in the class and collective action processes, including but not limited to deciding a motion for conditional certification and monitoring the notification and opt-in procedures.  Judicial efficiency is best served by the Court determining what claims, if any, go forward before these expensive and lengthy processes begin.

D.   Tens of Thousands of Potential Non-Party Witnesses Benefit From a Stay of Discovery.

Proceeding with discovery inevitably would result in the identification of tens of thousands of witnesses and their compelled involvement in this case.  As set forth in InterExchange's Motion to Dismiss, Plaintiffs' claims cannot be resolved without the involvement, and possibly the joinder, of Plaintiffs' and class members' host families, as the host families are au pairs' employers and paid the au pairs' wages.  These individuals have a strong interest in avoiding the time and disruption of involvement in this case if the Motion to Dismiss could resolve all claims.  The fourth claim weighs in favor of a stay.

E.   The Public Holds No Special Interest in this Case.

The public has no unique subject matter interest in this case.  Rather, the public interest is the efficient and just resolution of the matter, which favors a stay.  See Bixseth, 2012 WL 3962800, at *3 (when no special public interest exists, court recognized the general public interest in efficiency and justice).  A stay would conserve

enormous amounts of time and resources, pending the Court's ruling on Moving Defendants' Motions to Dismiss.

## III.    CONCLUSION.

For the reasons stated above, Moving Defendants respectfully request that all discovery be stayed until after the Court issues a ruling on Moving Defendants' Motion to Dismiss.

DATED this 12th day of June, 2015.

Respectfully submitted,


s/ Brooke A. Colaizzi
Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: 303.297.2900
Facsimile: 303.298.0940
Email:  bcolaizzi@shermanhoward.com
        hvickles@shermanhoward.com
        rdeeny@shermanhoward.com


ATTORNEYS FOR DEFENDANT
INTEREXCHANGE, INC.


s/ Kathryn A. Reilly
Kathryn A. Reilly
Toren G.E. Mushovic
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:  reilly@wtotrial.com
        mushovic@wtotrial.com


Attorneys for Defendant American Cultural
Exchange, LLC d/b/a Go Au Pair

s/ Lawrence Lee
Lawrence Lee
Daniel C. Perkins
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO  80202
Telephone:  303.218.3650
Facsimile:  303.218.3651
Email:  llee@laborlawyers.com
        dperkins@laborlawyers.com

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on this 12th day of June, 2015, I electronically filed the foregoing **DEFENDANT INTEREXCHANGE, INC, AMERICAN CULTURAL EXCHANGE, LLC, AND AMERICAN INSTITUTE FOR FOREIGN STUDY'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alexander Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO  80218
Email:  alex@towardsjustice.org

Brian T. Moore
Jester Gibson & Moore, LLP
1999 Broadway, Suite 3225
Denver, CO  80220
Email:  BMoore@jgllp.com

Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Email: lstone@duffordbrown.com
         chammond@duffordbrown.com

William J. Kelly III
Chanda M. Feldkamp
Kelly & Walker LLC
1512 Larimer Street, Suite 200
Denver, CO  80202
Email:  wkelly@kellywalkerlaw.com
Email: cfeldkamp@kellywalkerlaw.com

Brian A. Birenbach
The Rietz Law Firm, L.L.C.
114 Village Place, Suite 301
Dillon, CO  80435
Email:  brian@rietzlawfirm.com

Kathryn A. Reilly
Toren G.E. Mushovic
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver CO  80202-5647
Email:  reilly@wtotrial.com
Email:  mushovic@wtotrial.com

James E. Hartley
Mher Hartoonian
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email:  jhartley@hollandhart.com
Email:  mhartoonian@hollandhart.com

W.V. Bernie Siebert
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bsiebert@shermanhoward.com

Jeffrey P. Allen
Donald J. Gentile
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
Email:  jallen@lawson-weitzen.com
Email:  dgentile@lawson-weitzen.com

Bogdan Enica
Expert AuPair
111 Second Avenue, NE, Suite 213
St. Petersburg, FL  33701
Email:  Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO  80202
Email:  Rhoadesm@gtlaw.com
Email:  Estevaom@gtlaw.com

Martha L. Fitzgerald
Kathryn A. Barrett
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Email:  mfitzgerald@bhfs.com
Email:  kbarrett@bhfs.com

Lawrence Lee
Daniel C. Perkins
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO  80202
Email:  llee@laborlawyers.com
Email:  dperkins@laborlawyers.com

John R. Mann
Thomas B. Quinn
Gordon & Rees, LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email:  jmann@gordonrees.com
Email:  tquinn@gordonrees.com

`

*s/ Paula C. Green*