**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,
v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**OPPOSED MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS [DOCS. 127, 130-133, 135-136]**

---

COME NOW, the Plaintiffs, by and through the undersigned counsel, with the following motion:

**CERTIFICATE OF CONFERAL PURSUANT TO D.C.COLO.LCivR 7.1(A)**

Plaintiffs' counsel consulted with counsel for all Defendants prior to filing this motion. The Defendants oppose this motion.

Plaintiffs seek a twenty-eight day extension of time to respond to the Defendants' motions to dismiss, from June 26, 2015 until July 22, 2015.  This extension is necessary to allow Boies, Schiller & Flexner LLP ("BSF"), which today appeared on behalf of the putative plaintiff's class, sufficient time to participate in the briefing in opposition to the Defendants' several motions to dismiss.  As set forth below, BSF — which was engaged in this matter less than a week ago — has been diligently working to familiarize itself with this complex case, and simultaneously has prepared a separate

responsive pleading filed earlier today opposing Defendants' motions to stay discovery [DOC. No. 173] and has assisted in the preparation, on an emergency basis, of a visa application for one of the named plaintiffs who was terminated last week in retaliation for her participation in this lawsuit.

**A.    The Relevant Facts**

On April 17, 2015, and April 20, 2015, Defendants filed seven motions to dismiss, all of which sought to dismiss Plaintiffs' First Amended Complaint in its entirety. (Docs. 127, 130-133, 135-136). Plaintiffs previously requested and were granted two extensions of time to respond to the motions — the first extended the Plaintiffs' time to respond until June 1, 2015 (Doc. 140), and the second extended the Plaintiffs' time to respond until June 26, 2015 (Doc. 157).  The Plaintiffs now respectfully move for a third extension of time, from June 26, 2015, until July 22, 2015, to respond to Defendants' motions.

On June 17, 2015, Plaintiff Johana Paola Beltran retained BSF to represent her. On June 19, 2015, a second Plaintiff, Lusapho Hlatshaneni, retained BSF.  BSF expects the remaining three named Plaintiffs — Beaudette Deetlefs, Dayanna Paola Cardena Caicedo, and Alexandra Ivette Gonzalez — to retain the firm in the near future.

BSF attorneys filed Notices of Appearance earlier today on behalf of Ms. Beltran and Ms. Hlatshaneni.  Also earlier today, BSF filed a consolidated opposition to various Defendants' motions to stay discovery and for a protective order (Docs. 160, 161, 162, 163, 164, 166).  Going forward, BSF will, at a minimum, represent Ms. Beltran and Ms.

Hlatshaneni along with Towards Justice, which will remain in the case on behalf of all five Plaintiffs.

**B.     The Legal Standard**

The Federal Rules of Civil Procedure provide that the Court may grant extensions of time "for good cause." Fed. R. Civ. P. 6(b)(1). The Local Civil Rules for the District of Colorado further provide that motions for extension of time "shall state the reason for an extension or continuance, the length of the requested extension of time or continuance, and the total number of extensions or continuances granted previously." Local Civ. R. 6.1(b). "A finding of good cause requires some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." *Wojdacz v. Norman*, No. 12 Civ. 1483 (REB) (MEH), 2014 WL 1389842, at *2 (D. Colo. Apr. 7, 2014) (internal quotation marks omitted).

**C.     Discussion**

Without an adjournment, BSF will effectively have no opportunity to represent its new clients with respect to the pending motions, which are otherwise due in two days. Towards Justice has been diligently working on a consolidated opposition to Defendants' motion to dismiss since those motions were filed in April 2015. Nevertheless, Plaintiffs respectfully submit that an additional brief extension of their time to respond to the various motions is required to permit BSF the opportunity to review the motions, to understand the various complicated legal issues that apply, to offer advice

3

on the motions, and to assist Toward Justice in formulating an opposition to those motions.

Plaintiffs further submit that an extension of a twenty-eight-day duration is warranted for at least four reasons. First, and most importantly, BSF is new to the case. The firm was retained less than a week ago. Before weighing in on motions that may be dispositive, the firm needs sufficient time to digest fully Defendants' numerous and lengthy briefs, all of which raise complicated legal issues. BSF will be able to get up to speed faster than it might otherwise because it will be assisted by Towards Justice, which will remain in the case and which has ably represented Plaintiffs to date. But BSF nevertheless requires additional time to understand the issues and to formulate the most effective responses. Particularly because the Defendants have taken the position (with which Plaintiffs of course disagree) that their motions raise threshold issues such as implied preemption that would foreclose this case entirely, Plaintiffs would be irreparably prejudiced if their counsel of choice were not permitted to meaningfully participate in responding to the motions.

Second, the motions to dismiss are not the only matters in this case requiring the attention of Plaintiffs' counsel at this time. On June 15, 2015, following the publication of an article in *The Washington Post* describing this case[1], Plaintiff Beudette Deetlefs was summarily fired from her position as an *au pair* and was kicked out on the street by

---

[1]    Lydia DePillis, *Au pairs provide cheap childcare. Maybe illegally cheap*, THE WASHINGTON POST, March 20, 2015, *available at* http://www.washingtonpost.com/blogs/wonkblog/wp/2015/03/20/au-pairs-provide-cheap-childcare-maybe-illegally-cheap/. Although the article was published in March, BSF understands that Ms. Deetlefs's host family only recently became aware of it.

her host family, who made clear to Ms. Deetlefs that she could not work in their home because of what they read in the *Post* article, which quoted Ms. Deetlefs by name. If another host family does not take Ms. Deetlefs in within the next several days, her sponsor — Defendant Cultural Care Au Pair — has indicated that it will withdraw her name from the list of approved visa holders, and Ms. Deetlefs will cease to have legal status in the country; absent some intervening development, she will be forced to return to South Africa before the end of the month. Toward Justice and BSF — which is not yet formally representing Ms. Deetlefs due to the logistical difficulties of obtaining an engagement letter from a woman who is effectively homeless — are now working against the clock to pursue any legal options Ms. Deetlefs may have to remain in the country before she faces removal.

Moreover, as the Court is aware, several of the Defendants have moved to stay discovery pending resolution of their motions to dismiss, and the Plaintiffs' opposition to that motion is due today. Plaintiffs do not seek an extension of time to respond to that motion and have filed their opposition today. Some of the attention BSF might otherwise have directed to the motions to dismiss in the short-term, however, was diverted to responding the stay motions to ensure that those motions were fully briefed in advance of the July 6, 2015 status conference, at which the Court has indicated it intends to address those motions. (Doc. 165).

Third, BSF needs additional time to secure engagement agreements with the remaining three named Plaintiffs. The arguments BSF makes in opposition to Defendants' motions to dismiss may be affected by the identity of the named Plaintiffs

5

the firm represents. Rather than approaching the opposition to the motion to dismiss piecemeal, BSF respectfully submits that a four-week extension will give it the time needed to finalize retention agreements with the remaining named Plaintiffs and to then weigh in on the pending motions on behalf of all of the Plaintiffs — or at least the final subset of named Plaintiffs that ultimately retain BSF.

Lastly, while not grounds alone for an extension, it should be noted that although multiple BSF attorneys filed appearances today, and the firm is committed to dedicating the appropriate resources to prosecute this important case on behalf of the Plaintiffs, several of the attorneys who will be handling this matter have residual obligations in other matters over the next several weeks. Most pressingly, one of the attorneys is presently conducting a trial in the Southern District of Florida (*Marshall v. United States*, 10 Civ. 24338); one is starting a trial on July 7, 2015, in the Western District of Texas (*KB Partners LLP v. Barbier*, 11 Civ. 1034); and a third is starting a trial on July 13, 2015, in San Francisco Superior Court (*Findley v. Lee*, FDI-13-780539). BSF's attorneys will manage the press of other business in addition to managing this case, but the unusual confluence of pre-existing trial and trial-preparation commitments has increased the amount of time BSF needs to review and oppose Defendants' motions during this initial phase of our involvement.

For all of these reasons, Plaintiffs respectfully submit that there is "good cause" to grant a four-week extension. This certainly is not a case where the request for an extension is driven by neglect or carelessness. *Cf. Lehman Bros. Holdings Inc. v. Universal Am. Mortgage Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014) (holding, in

considering "good cause" to extend a discovery deadline, that "'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). Rather, Plaintiffs' counsel have been working diligently, but some of Plaintiffs' attorneys have only just joined the case; they should have the opportunity to offer informed advice on Defendants' motions.

WHEREFORE, the Plaintiffs request that:

1. Their deadline to respond to Defendants' motions to dismiss (Docs. 127, 130-133, 135-136) be extended to July 22, 2015.

Dated: June 24, 2015

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

 /s/ Peter M. Skinner
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
575 Lexington Avenue
New York, New York  10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301
Tel.: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org
*Attorneys for Plaintiffs*[2]

---

[2] Boies, Schiller & Flexner LLP has been engaged by named plaintiffs Johana Paola Beltran and Lusapho Hlatshaneni; we anticipate being engaged by the remaining named plaintiffs in the near future.  Towards Justice continues to represent all named plaintiffs, and respectfully submits this filing on behalf of all named plaintiffs.

8

## Certificate of Service

I hereby certify that on June 24, 2015, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

Raymond Myles Deeny
rdeeny@shermanhoward.com

Martha Louise Fitzgerald
mfitzgerald@bhfs.com

James Edward Hartley
jhartley@hollandhart.com

John Roger Mann
jmann@gordonrees.com

Lawrence Daniel Stone
lstone@duffordbrown.com

Walter Vernon Bernie Siebert
bsiebert@shermanhoward.com

Thomas Baker Quinn
tquinn@gordonrees.com

Heather Fox Vickles
hvickles@sah.com

Lawrence L. Lee
llee@laborlawyers.com

Brian Thomas Moore
bmoore@jgllp.com

Meshach Yustine Rhoades
rhoadesm@gtlaw.com

Kathryn A. Reilly
reilly@wtotrial.com

William James Kelly, III
wkelly@kellywalkerlaw.com

Daniel C. Perkins
dperkins@laborlawyers.com

Brian Alan Birenbach
brian@rietzlawfirm.com

Kathryn Anne Barrett
kbarrett@bhfs.com

Chanda Marie Feldkamp
cfeldkamp@kellywalkerlaw.com

Mher Hartoonian
mhartoonian@hollandhart.com

Bogdan Enica
bogdane@hotmail.com

Jeffrey Paul Allen
jallen@lawson-weitzen.com

Brooke A. Colaizzi
BColaizzi@shermanhoward.com

Donald Joseph Gentile
dgentile@lawson-weitzen.com

Erica Herrera Gutherz
egutherz@shermanhoward.com

s/ Peter M. Skinner
Peter M. Skinner