**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF PLAINTIFFS'
OPPOSED MOTION FOR AN EXTENSION OF TIME TO RESPOND TO
DEFENDANTS' MOTIONS TO DISMISS [DOCS. 127, 130-133, 135-136]**

---

Plaintiffs respectfully submit this reply memorandum in further support of their motion for a twenty-eight day extension of time to respond to Defendants' motions to dismiss.

Towards Justice — a small non-profit organization with a team of four lawyers — has been diligently prosecuting this case and has worked hard to oppose Defendants' myriad motions. That Plaintiffs might need more resources to oppose seven motions put together by dozens of opposing counsel, however, should not be surprising. And it would be unjust to deny the young women prosecuting this case — all of whom are foreign to our system of justice, not to mention our country — the benefit of the additional resources they have found simply because they were unable to engage Boies, Schiller & Flexner LLP ("BSF") a few weeks earlier.

Unable to marshal a substantive objection to granting Plantiffs' more time, Defendants claim that Plaintiffs are engaged in gamesmanship and that they will be prejudiced by further delay.  Defendants' claim that Plaintiffs' request for time was not made in good faith — that is, that Plaintiffs manufactured the timing of BSF's appearance to secure more time to oppose the pending motions — simply defies credulity.  If Plaintiffs were so calculating, they would have *all* retained the firm at the same time, and they would have brought the firm in earlier than one week before the motions were due.  But in reality, only two Plaintiffs have engaged BSF thus far, and the firm was forced to enter the case prematurely only because of Defendants' surprising refusal to agree to give Plaintiffs one further extension of time to oppose their motions.

There is also simply too much at stake for Plaintiffs to have manufactured the situation in which they now find themselves.  To put it simply, BSF will not have time to meaningfully oppose the pending motions if an extension is not granted.  If Plaintiffs wanted to game the system, they presumably would have done it in a manner that gave them some hope of benefiting from their new attorneys' expertise should their motion be denied.

Moreover, while blithely claiming prejudice, no Defendant has actually explained how a four-week extension will cause them harm.  Nor could they.  Aside from the July 6, 2015 scheduling conference, which can go forward as planned regardless of the briefing schedule on the motions to dismiss, there are no other deadlines at this time.  Nothing in this case will be delayed by the extension other than the Court's eventual

resolution of the motions, and Defendants will not be harmed by waiting four more weeks for that ruling.

The Court can also swiftly reject Defendants' suggestion that the Plaintiffs' request for an extension of time with respect to the motion to dismiss is inconsistent with its opposition to a stay of discovery. Plaintiffs want a quick and just resolution of their claims. Staying merits discovery will put the entire case on hold for an open-ended period of time. Extending the briefing schedule for the motions to dismiss will delay resolution of those motions for a finite and set period of time, but it will not otherwise delay the case. Indeed, if there is no stay of discovery, the parties can make use of the time while the motions to dismiss are pending to move the case forward. In short, Plaintiffs' positions are not incongruous.

Lastly, this case is not even remotely comparable to the cases cited in Defendants' briefs, where new attorneys came into cases late and sought to re-do what had already been done. For instance, in *Marcin Engineering, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516 (D. Colo. 2003), the court denied new counsel's motion, after discovery had already closed, to "be granted an additional three months or more to designate experts, serve amended and new expert reports and produce its experts for deposition." *Id.* at 521. Here, in contrast, BSF is not seeking to re-open briefing on the motions to dismiss, but rather to have the opportunity to participate in a briefing process that is ongoing.

Similarly, in *Rhodes v. Amarillo Hospital District*, 654 F.2d 1148 (5th Cir. 1981), a plaintiff sought to amend his complaint thirty months after the original complaint was

3

filed and three weeks before trial.  *Id.* at 1154.  This case, of course, is quite different, as BSF is entering the case before motions to dismiss are even fully briefed, before a scheduling order has been entered, and long before a trial date has even been contemplated.

Likewise, in *Alexander v. Westbury Union Free School District*, 829 F. Supp. 2d 89 (E.D.N.Y. 2011), new counsel sought to amend plaintiff's complaint after discovery had closed and summary judgment motions had been briefed and decided, largely in defendant's favor.  *Id.* at 118.  The court further found that the plaintiff in *Alexander* had "not diligently pursued the amendment" and had made "no effort . . . to establish or identify any cause for her delay."  *Id.*  Under these circumstances, the court reasoned that granting the motion would allow plaintiff to "manufacture good cause . . . simply by switching counsel."  *Id.*  To put it simply, this case is not comparable.  Plaintiffs here are not adding BSF to the case *after* the motions to dismiss have been decided.  Rather, they have recognized the need for additional resources to litigate this complex case and have engaged new counsel *before* the motions were fully briefed.  And BSF has explained why it has not, in the less than one week since it was first engaged, had the opportunity to weigh in on the pending motions:  because of the length and complexity of Defendants' seven motions, because BSF is still determining who, precisely, it will represent in this action, because of the press of other business in this case, and because of the press of other business in other cases.  In short, Plaintiffs have demonstrated their good faith in seeking the enlargement of time and have provided a reasonable basis for their inability to comply with the existing deadlines.  That is good

4

cause. *Wojdacz v. Norman*, No. 12 Civ. 1483 (REB) (MEH), 2014 WL 1389842, at *2 (D. Colo. Apr. 7, 2014) ("A finding of good cause requires some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified.") (internal quotation marks omitted).

For all of these reasons, and the reasons explained in Plaintiffs' opening brief, Plaintiffs' motion for additional time to respond to Defendants' motions to dismiss should be granted.

Dated: June 25, 2015

                  Respectfully Submitted,

                  BOIES, SCHILLER & FLEXNER LLP

                  /s/ Peter M. Skinner
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
575 Lexington Avenue
New York, New York  10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301
Tel.: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org
*Attorneys for Plaintiffs*[1]

---

[1] Boies, Schiller & Flexner LLP has been engaged by named plaintiffs Johana Paola Beltran and Lusapho Hlatshaneni; we anticipate being engaged by the remaining named plaintiffs in the near future.  Towards Justice continues to represent all named plaintiffs, and respectfully submits this filing on behalf of all named plaintiffs.

6

## Certificate of Service

I hereby certify that on June 25, 2015, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

Raymond Myles Deeny
rdeeny@shermanhoward.com

Martha Louise Fitzgerald
mfitzgerald@bhfs.com

James Edward Hartley
jhartley@hollandhart.com

John Roger Mann
jmann@gordonrees.com

Lawrence Daniel Stone
lstone@duffordbrown.com

Walter Vernon Bernie Siebert
bsiebert@shermanhoward.com

Thomas Baker Quinn
tquinn@gordonrees.com

Heather Fox Vickles
hvickles@sah.com

Lawrence L. Lee
llee@laborlawyers.com

Brian Thomas Moore
bmoore@jgllp.com

Meshach Yustine Rhoades
rhoadesm@gtlaw.com

Kathryn A. Reilly
reilly@wtotrial.com

William James Kelly, III
wkelly@kellywalkerlaw.com

Daniel C. Perkins
dperkins@laborlawyers.com

Brian Alan Birenbach
brian@rietzlawfirm.com

Kathryn Anne Barrett
kbarrett@bhfs.com

Chanda Marie Feldkamp
cfeldkamp@kellywalkerlaw.com

Mher Hartoonian
mhartoonian@hollandhart.com

Bogdan Enica
bogdane@hotmail.com

Jeffrey Paul Allen
jallen@lawson-weitzen.com

Brooke A. Colaizzi
BColaizzi@shermanhoward.com

Donald Joseph Gentile
dgentile@lawson-weitzen.com

Erica Herrera Gutherz
egutherz@shermanhoward.com

s/ Peter M. Skinner
Peter M. Skinner