**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No.  1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

Defendants.

---

**DEFENDANT CULTURAL CARE, INC.'S REPLY TO PLAINTIFFS' CONSOLIDATED RESPONSE TO THE DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS AND TO STAY DISCOVERY[1]**

---

[1] All capitalized terms in this Reply, unless otherwise defined, shall have the meanings ascribed to them in Cultural Care's Motion for Protective Order (Docket No. 160).

## I. INTRODUCTION

Plaintiffs' action in securing yet a third extension (totaling 84 days) to respond to Cultural Care's Motion to Dismiss and the arguments in Plaintiffs' Consolidated Response to the Defendants' Motions for Protective Orders and to Stay Discovery (the "Opposition") only confirm that a temporary stay of discovery is appropriate because:

1. Plaintiffs will experience no prejudice whatsoever if discovery is stayed until this Court decides Cultural Care's Motion to Dismiss, indeed Plaintiffs own action has already delayed this case seven months (i.e., filing an amended complaint without conferral when faced with motions to dismiss, seeking multiple extensions, hiring new counsel at eleventh hour) and Plaintiffs cannot seriously argue that they will be unduly prejudiced by a short, further stay of discovery; and

2. Discovery would pose a significant, countervailing burden on Cultural Care because, even if the discovery is limited to six years (the longest statute of limitations for any of Plaintiffs' claims), it will require Cultural Care to produce in excess of 400,000 answers to interrogatories and over 1,400,000 pages of documents where the Motion to Dismiss, based on threshold issues such as immunity, federal preemption, and fatal pleading defects, will result in dismissal of all Plaintiffs' claims.

## II. LEGAL ARGUMENT

### I. Prejudice to Plaintiffs is Nonexistent.

Nowhere in the Opposition do Plaintiffs explain why they would experience any prejudice if discovery is stayed while the Court rules on Cultural Care's Motion to Dismiss, which is based on threshold legal issues, and will likely be dispositive of Plaintiffs' claims. Plaintiffs claim in the Opposition that "there can be little question that the interest of the plaintiffs in proceeding expeditiously with this litigation is great [and] the potential prejudice to plaintiffs of a delay is enormous." *Opp.* at 9. Plaintiffs offer this argument after they have literally done everything in their power under the Federal Rules of Civil Procedure in order to delay this case for the last *seven months*.[2]

Cultural Care's and the other defendants' motions to dismiss would have long since been decided (likely back in April) if it was not for Plaintiffs' gamesmanship and delay tactics. Plaintiffs were unconcerned about delay when they, without any notice or conferral, filed an amended complaint back in March on the very eve that their opposition to the initial motions to dismiss was due, which resulted in a continuance of the original scheduling conference and the necessity of a second round of briefing (Docket Nos. 101, 111). They were unconcerned with delay when they requested and received two extensions totaling 70 days to respond to the second round of motions to dismiss (Docket Nos. 139, 140, 152, 157). Plaintiffs were unconcerned with delay when, on June 24, 2015, a mere 48 hours before their opposition to the pending

---

[2] Specifically, Plaintiffs have acted to delay this Court's ruling on Cultural Care's Motion to Dismiss and previously Cultural Care's initial Rule 12(b)(6) motion, which was filed in February.

3

motions to dismiss was due, they requested yet another 28-day extension (Docket No. 174). Plaintiffs ultimately received an extension through July 10, 2015 to file their opposition (Docket No. 181). In addition, Plaintiffs further obfuscated by introducing new counsel into this case only last week, a mere 48 hours before their opposition to the Motion to Dismiss was due (Docket Nos. 168-172). To further complicate matters, new counsel has only been retained by two of the named plaintiffs and, given Plaintiffs' prior pattern of delay, it would be unsurprising if they seek to further delay this case to deal with issues surrounding retainer (Docket No. 174). Finally, Plaintiffs have failed to identify any specific prejudice that they will suffer if discovery is stayed; instead, they just provide vague and generalized claims of prejudice. Accordingly, it strains credulity, and Plaintiffs have certainly failed to show, that they will suffer any prejudice if discovery is stayed pending resolution of the Motion to Dismiss, Plaintiffs' objection to the stay based on delay is nothing but a pretext, and thus prejudice to Plaintiffs should not weigh against a further stay of discovery.

## II. Discovery Would Pose a Significant, Countervailing Burden on Cultural Care.

If Plaintiffs cannot find the time to oppose the pending motions (they have now secured three extensions totaling 84 days to respond) it is clear that they do not have the time or inclination at this stage to participate meaningfully in discovery. Instead, it is obvious that Plaintiffs plan to use discovery, not as a tool, but as a weapon to force Cultural Care into incurring massive costs before the Motion to Dismiss is decided in an effort to exert settlement pressure. As explained in Cultural Care's Motion for Protective Order, Plaintiffs have served sweeping discovery in this case, which essentially

4

requests all documents and information related to every au pair and host family that has participated in the au pair program under Cultural Care's sponsorship since 1989. *Exhibit 2 to Cultural Care's Motion for Protective Order, Pltf. Discovery Requests.* Even if Cultural Care limits discovery responses to six years (the longest statute of limitations for any of Plaintiffs' claims), defense counsel believes at this time that responses will require over 400,000 answers to interrogatories and the production of over 1,400,000 pages of documents. As explained in the Motion for Protective Order, the burden of producing this discovery will be staggering and financially significant for Cultural Care because it will require, among other things, hundreds of employee hours and several hundred attorney hours. In addition, the resources of this Court will likely be expended dealing with discovery disputes, procedural matters, and confidentiality issues related to proprietary information. Government witnesses (DOS officials for example) will also be inconvenienced with subpoenas and depositions. This poses the threat of a vast waste of Cultural Care's resources as well as the resources of this Court, the other defendants, and third parties if discovery is allowed to proceed only to have the case subsequently dismissed in its entirety on the grounds raised in the Motion to Dismiss. As explained in Cultural Care's Motion for Protective Order, all of the *String Cheese* factors demands a stay of discovery in this case, including that the requested stay of discovery poses no threat of prejudice to Plaintiffs while posing a significant, countervailing burden on Cultural Care.

### III. <u>CONCLUSION</u>

Pursuant to Fed. R. Civ. P. 26(c), this Court should enter an order, substantially similar to the proposed order attached as *Exhibit 1* to Cultural Care's Motion for Protective Order, staying discovery with respect to Plaintiffs' claims against Cultural Care pending this Court's ruling on Cultural Care's Motion to Dismiss because the Motion to Dismiss seeks dismissal based on threshold legal issues including immunity, federal preemption, and fatal pleading defects that cannot be remedied by amendment and the burden on Cultural Care of proceeding through discovery while its Motion to Dismiss is pending greatly outweighs prejudice to Plaintiffs, which is nonexistent.

Respectfully Submitted,


   s/ Jeffrey P. Allen
Jeffrey P. Allen
E-mail: jallen@lawson-weitzen.com
Donald J. Gentile
E-mail: dgentile@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue
Boston, MA 02210
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987

-and-

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email: bsiebert@shermanhoward.com

ATTORNEYS FOR DEFENDANT
CULTURAL CARE, INC.

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on July 1, 2015, I electronically filed the foregoing Defendant Cultural Care, Inc.'s Reply to Plaintiffs' Consolidated Response to the Defendants' Motions for Protective Orders and to Stay Discovery with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Lauren Fleischer Louis**
llouis@bsfllp.com

**Sigrid Stone McCawley**
smccawley@bsfllp.com

**Matthew Lane Schwartz**
mlschwartz@bsfllp.com

**Peter Murray Skinner**
pskinner@bsfllp.com

**Randall Wade Jackson**
rjackson@bsfllp.com

**Alexander Hood**
alex@towardsjustice.org

**Bogdan Enica**
bogdane@hotmail.com

**Brian A. Birenbach**
brian@rietzlawfirm.com

**Brooke A. Colaizzi**
bcolaizzi@shermanhoward.com

**Chandra M. Feldkamp**
cfeldkamp@kellywalkerlaw.com

**Christian D. Howard**
chammond@duffordbrown.com

**Daniel C. Perkins**
dperkins@laborlawyers.com

**Heather F. Vickles**
hvickles@shermanhoward.com

**Kathryn A. Reilly**
reilly@wtotrial.com

**Toren G. E. Mushovic**
mushovic@wtotrial.com

**James E. Hartley**
jhartley@hollandhart.com

**John R. Mann**
jmann@gordonrees.com

**Kathryn Anne Barrett**
kbarrett@bhfs.com

**Lawrence D. Stone**
lstone@duffordbrown.com

**Lawrence L. Lee**
llee@laborlawyers.com

**Martin J. Estevao**
estevaom@gtlaw.com

**Martha L. Fitzgerald**
mfitzgerald@bhfs.com

**Meshach Y. Rhoades**
rhoadesm@gtlaw.com

**Mher Hartoonian**
mhartoonian@hollandhart.com

| | |
|---|---|
| **Raymond M. Deeny** | **W.V. Bernie Siebert** |
| rdeeny@shermanhoward.com | bsiebert@shermanhoward.com |
| | |
| **Thomas B. Quinn** | **William J. Kelly III** |
| tquinn@gordonrees.com | wkelly@kellywalkerlaw.com |

       s/ Jeffrey P. Allen
       Jeffrey P. Allen

9