**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated,

      Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP DBA AUPAIR FOUNDATION;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

      Defendants.
_____

**REPLY IN SUPPORT OF JOINT MOTION BY CERTAIN SPONSOR DEFENDANTS**
**FOR PROTECTIVE ORDER**
_____

      Defendants, A.P.EX American Professional Exchange, LLC, d/b/a PROaupair,

20/20 Care Exchange, Inc., d/b/a The International Au Pair Exchange, USAuPair, Inc.,

{00663941.1}

GreatAuPair, LLC, Expert Group International, Inc. d/b/a Expert AuPair, Cultural Homestay International, AuPairCare, Inc., Au Pair International, Inc., APF Global Exchange, NFP d/b/a AuPair Foundation, American Institute for Foreign Study d/b/a Au Pair in America, and Agent Au Pair (collectively the "Moving Defendants"), by their respective attorneys, hereby submit their Reply in Support of their Joint Motion for Protective Order [Doc. # 162] ("Joint Motion"), stating as follows:

### I. ARGUMENT

#### A. A Stay of Discovery is Appropriate When a Dispositive Motion is Pending, Not Just Cases Involving Jurisdictional or Immunity Issues.

Citing to a single unpublished decision, Plaintiff claims that a stay of discovery is "only" available in the "narrow" category of cases where there is a motion to dismiss pending involving a jurisdictional or qualified immunity issue. *See* Plaintiffs' Consolidated Response to the Defendants' Motions for Protective Orders and to Stay Discovery [Doc. #173] (hereinafter "Response") at p. 6, 7, 8. However, Plaintiff is mistaken.

Instead, courts have stayed discovery in cases where, as here, defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim.[1] *See, e.g., Thornton v. DaVita Healthcare Partners, Inc.*, 13-cv-00573-RBJ-KMT, 2013 WL 5567560, at *1, *3 (D. Colo., Oct. 8, 2013) (in a putative class action case, the court stayed discovery pending resolution of the defendant's Rule 12(b)(6) motion to dismiss); *Harbinger Capital Partners LLC v. Ergen*, 14-cv-01907-WJM-KMT, 2015 WL 1133503, at *1-2 (D. Colo., Mar. 10, 2015) (stay of discovery granted pending determination of

---

[1] *See* Joint Motion, at n. 2 (setting forth docket numbers for the Moving Defendants' Motions to Dismiss).

defendant's motion to dismiss brought under Rules 12(b)(6), 8(a), and 9(b)); *Owens v. Nationstar Mortgage, LLC*, 14-cv-01434-PAB-KLM, 2014 WL 6733051, at *1 (D. Colo., Nov. 24, 2014) (stay granted pending ruling on Rule 12(b)(6) motion); *see also Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action,"); *Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010) ("[A] court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved.").

Thus, a stay of discovery is not limited to cases where a motion to dismiss has been filed based on a jurisdictional or immunity issue, as Plaintiffs claim. To the contrary, because the Moving Defendants' motions to dismiss are dispositive and will resolve the entire case against these Defendants, a stay of discovery pending the resolution of these motions "'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Harbinger Capital Partners LLC*, 2015 WL 1133503, at *1 (quoting *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005)).

### B.   The Relevant Factors Used to Determine Whether a Stay of Discovery is Warranted Favor the Entry of a Stay.

In their Joint Motion, the Moving Defendants relied on the four factors set forth in the Tenth Circuit's decision in *United Steelworkers of America v. Oregon Steel Mills,*

*Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) as the relevant factors to examine when evaluating a motion to stay. *See* Joint Motion at pp. 5-11 (discussing the following four factors: (1) whether the defendants are likely to prevail in the related proceeding; (2) whether, absent a stay, the defendants will suffer irreparable harm; (3) whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and (4) the public interests at stake). Plaintiffs, on the other hand, analyze the five factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo., Mar. 20, 2006) (these five factors are: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest).

      Plaintiffs argue that the *United Steelworkers* factors, and specifically the factor examining whether the Moving Defendants are likely to prevail on their dispositive motions, do not apply because *United Steelworkers* did not involve a motion to stay discovery. *See* Response at pp. 14-15. However, when determining whether a stay of discovery was warranted, this Court has applied the *United Steelworkers* factors. *See, e.g.,* General *Steel Domestic Sales, LLC v. Steelwise*, LLC, 07-cv-01145-DME-KMT, 2008 WL 5101341, at *3 (D. Colo., Nov. 26, 2008). More to the point, this Court specifically stated that "a court should also consider the strength of the dispositive motion that is the basis of the discovery stay application." *Id.* (citing *Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. 1994) (stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in

the law."); *see also Namoko v. Milgard Mfg., Inc.,* 06-cv-02031-WD, 2007 WL 1063564, at *2 (D. Colo., Apr. 6, 2007) (court considered whether the pending motion to dismiss was meritorious and case dispositive).[2]

Therefore, because the strength of the Moving Defendants' motions to dismiss is a proper factor to consider regardless of whether the Court applies the *United Steelworkers* factors or the *String Cheese Incident* factors, the Court should reject the Plaintiffs' argument to the contrary.

    *1.*   <u>*The Strength of the Moving Defendants' Motions to Dismiss Favor Entry of a Stay of Discovery*</u>.

In their Response, Plaintiffs rely on their now disproven argument that the likelihood of success on the motions to dismiss is not a factor courts should consider when deciding whether to issue a stay of discovery.  *See* Response at pp. 14-15. Plaintiffs completely fail to respond to the Moving Defendants' arguments set forth in their Joint Motion explaining the strength of the dispositive motions, and in two short sentences focus instead on an argument allegedly made by defendant InterExchange (but in fact was not made by InterExchange) in its motion for a stay of discovery.  *Id.* at p. 15.  The Plaintiffs' failure to respond to the Moving Defendants' arguments is telling since the Plaintiffs have asserted only one claim for relief based on an alleged antitrust

---

[2] The strength of the dispositive motions also should be considered under the third *String Cheese Incident* factor focusing on the convenience of the court.  *See, e.g., Stan Lee Media, Inc. v. Walt Disney Co.,* 12-cv-02663-WJM-KMT, 2013 WL 855101, at *3 (D. Colo., Mar. 6, 2013) ("A stay may be particularly inconvenient for the Court when it is tied to a pending motion for which ultimate success is not guaranteed. Where a pending motion may dispose of an action, however, a stay of discovery may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." (citing *Stone v. Vail Resorts Dev. Co.*, 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo., Jan 7, 2010)).

{00663941.1}        5

violation against the Moving Defendants, whereas they have asserted all ten of their claims against InterExchange.  *See* First Amended Complaint at pp. 86-98.  Moreover, the Plaintiffs' allegations of parallel conduct in support of their single antitrust claim against the Moving Defendants fall squarely within the *Twombly* rule that "[w]ithout more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

Thus, for all the reasons set forth in the Joint Motion, *see* Joint Motion at pp. 2-3, 5-7, as well as in the Moving Defendants Motions to Dismiss, this factor weighs in favor of granting the requested stay of discovery pending the resolution of the Motions to Dismiss.

### 2. The Plaintiffs' Interest in Proceeding Expeditiously.

Plaintiffs assert that there "can be little question that the interest of the plaintiffs in proceeding expeditiously with this litigation is great.  Similarly, the potential prejudice to plaintiffs of a delay is enormous."  *See* Response at p. 9.  However, the Plaintiffs' argument is contrary to their actions.  Specifically, rather than promptly filing responses to the sponsor defendants' motions to dismiss, Plaintiffs sought delay after delay.  Ultimately, the Plaintiffs will have had more than **eighty (80) days** to file their responses to the motions to dismiss.  If the potential prejudice to Plaintiffs of delay is truly "enormous," Plaintiffs would not have significantly delayed the briefing of the potentially dispositive motions to dismiss.  Thus, the Court should give little consideration of the Plaintiffs' claims of prejudice.

Additionally, Plaintiffs maintain they are allegedly surviving on wages that are below minimum wage and that any delay will exacerbate the supposed harm they are suffering as a result.  *See* Response at p. 9.  However, through their lawsuit, Plaintiffs are not seeking immediate relief often sought when there is a danger of immediate harm, such as an injunction to stop the alleged underpayment of wages. Instead, Plaintiffs are seeking monetary damages.  *See* First Amended Complaint at Prayer for Relief, pp. 100-101.  "[A] delay in the recovery of monetary damages, without more, is not prejudice."  *Wells v. Smith*, 12-cv-00447-WJM-KLM, 2014 WL 6886719, at *3 (D. Colo., Dec. 8, 2014) (citing *Pharmatech Oncology, Inc. v. Tamir Biotech., Inc.*, 11-cv-01490-LTB-KMT, 2011 WL 4550202, at *1 (D. Colo., Oct. 3, 2011)).  Furthermore, if the Plaintiffs ultimately prevail in this litigation, their damages will be adjusted for accrued interest to compensate them for any delays in the judicial process.  *See Chimney Rock Public Power Dist. v. Tri-State Generation & Transmission Assoc., Inc.*, 10-cv-02349-WJM-KMT, 2011 WL 834201, at *5 (D. Colo., Mar. 4, 2011) (granting a stay of discovery pending motions to dismiss an recognizing that: "Ultimately, if Plaintiffs prevail, their damages will be adjusted to compensate for any delays in the judicial process.").[3]

Consequently, because the Plaintiffs' assertions regarding the harm they will allegedly suffer are specious, and because any delay caused by a stay can be cured

---

[3] Furthermore, while the Plaintiffs' claim an interest in a prompt resolution of their lawsuit, "that consideration, standing alone, does not override the court's independent obligation to manage the discovery process in light of the burden or expense of the proposed discovery, its likely benefit, and the importance of the discovery in resolving the issues." *Chimney Rock Pub. Power Dist.*, 2011 WL 834201, at *4.

{00663941.1}                                    7

through the payment of interest if the Plaintiffs ultimately prevail, this factor does not support a denial of the Moving Defendants request for a stay of discovery.

     3.    <u>*The Burden on the Sponsor Defendants Weighs in Favor of a Stay*</u>.

The Plaintiffs assert that the burden on the Defendants in going forward with discovery without a stay would be "quite minimal."  *See* Response at p. 10.  Essentially, Plaintiffs argue that the discovery in this case is nothing beyond the ordinary.  *Id.*

However, courts have held that discovery in complex putative class actions, like this one, is anything but ordinary.  For example, in *Thornton*, which was a putative class action case involving twelve separate plaintiffs living in ten different states, the court held that "requiring Defendant to comply with Plaintiff's potentially 150 discovery requests and to proceed with potentially more than forty depositions . . . while a Motion to Dismiss is pending would impose on Defendant more than the ordinary burdens of litigation."  *Thornton*, 2013 WL 5567560 at *2.  Thus, the court concluded the burden on the defendant favored the entry of a stay of discovery.  *Id.* .  *See also Twombly*, 550 U.S. at 559 (commenting on the importance of avoiding the "potentially enormous expense of discovery" in antitrust cases).

Similarly, in *Stone v. Vail Resorts Dev. Co.*, 09-cv-02081-WYD-KLM, 2010 WL 148278, *2 (D. Colo., Jan. 7, 2010), the court held that complying with the plaintiff's discovery requests would impose on the defendants more than the ordinary burdens of litigation.  Specifically, the plaintiffs were seeking discovery regarding their class action claims, which involved up to sixty-six (66) individuals.  *Id.*

Here, Plaintiffs allege in their First Amended Complaint [Doc. # 101] that "a **conservative** estimate" of the size of just one of the proposed classes "is at least

*50,000* current and former au pairs." See First Amended Complaint at ¶ 443 (emphasis added). Moreover, as argued in the Joint Motion, in their first draft of a proposed Scheduling Order, Plaintiffs proposed serving approximately 3,000 written discovery requests on all of the 15 sponsor defendants, and taking 45 depositions. See Joint Motion at p. 9.

Therefore, this is clearly not a case involving ordinary discovery burdens, but instead is one like the cases cited above where there is a "potentially enormous expense of discovery," especially where there is "no reasonably founded hope that the [discovery] process will reveal relevant evidence" to support the Plaintiffs' antitrust claim. *Twombly*, 550 U.S. at 559. Accordingly, this factor favors a stay of discovery.[4]

### 4.   *The Remaining Factors Favor the Entry of a Stay*.

Finally, the remaining factors all favor the entry of a stay. Courts have recognized that where "a pending motion may dispose of an action, . . . a stay of discovery may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Stan Lee Media, Inc.,* 2013 WL 855101, at *3 (citing *Stone,* 2010 WL 148278, at *3). Here, if the Moving Defendants' Motions to Dismiss are granted, and the Court has not stayed discovery, the Court will have unnecessarily expended resources managing this complex antitrust class action. See *Thornton*, 2013 WL 5567560, at *3 ("Nevertheless, it is clear that should the pending [Rule 12(b)(6)]

---

[4] The Plaintiffs also claim the entry of a stay of discovery would be unfair because the sponsor defendants have already received "significant" discovery from the Plaintiffs. See Response at p. 12. However, a review of the Plaintiffs' responses to the defendants Rule 26(b)(3)(C) requests for previous statements (which are attached as Exhibit A to Plaintiffs' Response) quickly reveals that Plaintiffs' responses can hardly constitute "significant" discovery. Thus, the Plaintiffs' argument is specious.

motion be granted, this court will have expended resources managing a complex class action suit unnecessarily in the absence of a stay.").

Similarly, the public's interest in the efficient and just resolution of complex lawsuits while avoiding wasteful efforts by the Court and parties is served by the entry of a stay.  *See Blixseth v. Cushman & Wakefield of Colo., Inc.*, 12-cv-00393-PAB-KLM, 2012 WL 3962800, at *3 (D. Colo., Sept. 11, 2012).  Nevertheless, the Plaintiffs repeat their argument that any delay will harm the au pairs who are currently working in the United States.  *See* Response at p. 13.  However, any au pairs currently working in this country are similar to the named Plaintiffs because current au pairs fall within the Plaintiffs' proposed class definitions.  *See* First Amended Complaint at ¶¶ 430-442 (defining proposed classes to include all persons sponsored by any sponsor defendant to work as a standard au pairs, and all "current and former au pairs").  Thus, any delay suffered by these au pairs can be compensated for by the payment of interest if the Plaintiffs prevail in this lawsuit.

Therefore, these factors favor the entry of a stay of discovery.

## II.   Conclusion

For the reasons set forth above and in the Joint Motion, the Moving Defendants respectfully request the Court to enter a protective order temporarily staying discovery in this matter until the Court rules on the pending Motions to Dismiss, and for such further relief as the Court deems appropriate.

Respectfully submitted this 2nd day of July, 2015.

        *s/ Christian D. Hammond*
Lawrence D. Stone
Christian D. Hammond
D<span style="font-variant:small-caps">ufford</span> & B<span style="font-variant:small-caps">rown</span>, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Telephone:  (303) 861-8013
lstone@duffordbrown.com
chammond@duffordbrown.com

**ATTORNEYS FOR DEFENDANTS 20/20 CARE EXCHANGE D/B/A THE INTERNATIONAL AU PAIR EXCHANGE AND A.P.EX AMERICAN PROFESSIONAL EXCHANGE, LLC, D/B/A PROAUPAIR**

        *s/William J. Kelly, III*
William James Kelly, III
Chanda Marie Feldkamp
KELLY & WALKER, LLC
1401 17th Street, Suite 925
DENVER, CO 80202
Phone:  720-236-1800
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com

**ATTORNEYS FOR DEFENDANT USAUPAIR, INC.**

        *s/Meshach Y. Rhoades*
Meshach Y. Rhoades
Martin Estevao
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
Phone:  303-572-6500
rhoadesm@gtlaw.com
estevaom@gtlaw.com

**ATTORNEYS FOR DEFENDANT GREATAUPAIR, LLC**

*s/Bogdan Enica*
Bogdan Enica, Attorney at Law
111 2nd Avenue NE, Suite 213
St Petersburg, FL 33701-3440
Phone:  727-225-2649
bogdane@hotmail.com

**ATTORNEY FOR DEFENDANT
EXPERT GROUP INTERNATIONAL INC., D/B/A
EXPERT AUPAIR**


*s/James E. Hartley*
James E. Hartley
Mher Hartoonian
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone:  303-295-8000
jhartley@hollandhart.com
mhartoonian@hollandhart.com

**ATTORNEYS FOR DEFENDANT
CULTURAL HOMESTAY INTERNATIONAL**


*s/John R. Mann*
John Roger Mann
Thomas Baker Quinn
Gordon & Rees, LLP-Denver
555 17th Street, Suite 3400
Denver, CO 80202
Phone:  303-534-5160
jmann@gordonrees.com
tquinn@gordonrees.com

**ATTORNEYS FOR DEFENDANT
AUPAIRCARE, INC.**

                                  *s/Lawrence L. Lee*
Lawrence L. Lee
Daniel C. Perkins
FISHER & PHILLIPS LLP
1801 California Street, Suite 2700
Denver, CO 80202
Phone:  303-218-3650
llee@laborlawyers.com
dperkins@laborlawyers.com

**ATTORNEYS FOR DEFENDANTS
APF GLOBALEXCHANGE, NFP
D/B/A AUPAIR FOUNDATION AND
AMERICAN INSTITUTE FOR FOREIGN STUDY D/B/A
AU PAIR IN AMERICA**


*s/Kathryn A. Reilly*
Kathryn A. Reilly
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:  303-244-1800
reilly@wtotrial.com

**ATTORNEYS FOR DEFENDANTS AU PAIR
INTERNATIONAL, INC. AND
AGENT AU PAIR**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 2nd day of July, 2015, I served the foregoing **REPLY IN SUPPORT OF JOINT MOTION BY CERTAIN SPONSOR DEFENDANTS FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which will send notification via e-mail to all counsel of record.

*s/ Carol A. Larsen Cook*
Carol A. Larsen Cook