IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated,

      Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC., D/B/A CULTURAL CARE AUPAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY, DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC, DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC., DBA THE INTERNATIONAL AU PAIR EXCHANGE,

      Defendants.

---

## DEFENDANT INTEREXCHANGE, INC., AMERICAN CULTURAL EXCHANGE, LLC, AND AMERICAN INSTITUTE FOR FOREIGN STUDY'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS (DOC. # 164)

---

Defendant InterExchange, Inc. ("InterExchange"), American Cultural Exchange, LLC, d/b/a GoAuPair ("GoAuPair"), and American Institute for Foreign Study, d/b/a Au Pair in America ("Au Pair in America") (collectively the "Moving Defendants"), by their attorneys, hereby submit their reply in support of their Motion to Stay Discovery Pending Resolution of Motions to Dismiss (Doc. # 164).  Because this case presents several legally distinct and dispositive issues that should be resolved on Moving Defendants' Motions to Dismiss, a stay of discovery until such motions are decided prevents Moving Defendants from suffering the burdens of expansive and extremely expensive discovery while focusing judicial resources first on threshold legal issues at hand.

## I.  PLAINTIFFS' ASSERTION THAT ONLY ISSUES OF JURISDICTION OR QUALIFIED IMMUNITY WARRANT A STAY OF DISCOVERY IS WRONG.

Despite Plaintiffs' suggestion to the contrary, see Doc. #173 at pp. 7-8, this district has not limited stays of discovery to cases presenting questions of jurisdiction or qualified immunity.  Plaintiffs cite Randazzo v. CH2M Hill, Inc., No. 13-cv-03276-MSK-KLM, 2014 WL 928207, at *2 (D. Colo. Mar. 10, 2014) for this erroneous proposition. However, Randazzo merely states that a stay is *preferred* only in cases presenting such questions.  2014 WL 928207 at *2.  This district has made clear that although disfavored, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action," without restricting this principle to issues of jurisdiction or qualified immunity.  See Wason Ranch Corp. v. Hecla Mining Corp., No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007); Thornton v. Davita Healthcare Partners, Inc., No. 13-cv-00573-RBJ-KMT, 2013 WL 5567560, at *2 (granting stay due to pending Motion to Dismiss raising "threshold issues" such as statute of limitations).

2

Indeed courts in and out of this district, adhering to the same principles restricting stays of discovery, nevertheless approved stays in cases raising dispositive issues other than jurisdiction and qualified immunity.  See, e.g., Thornton, 2013 WL 5567560, at *2 (statute of limitations); Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 692 (M.D. Fla. 2003) (cited by Wason Ranch Corp. v. Hecla Mining Co., No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007)) (same); Fullington v. Pfizer, Inc., No. 4:10cv-00236 JLH, 2011 WL 692055, at *1 (E.D. Ark. Feb. 18, 2011) (preemption).  Regardless of the specific legal issue at hand, this Court has noted that a request for stay of discovery requires "a particularized analysis . . . because such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case."  General Steel Domestic Sales v. Steelwise, LLC, No. 07-cv-01145-DME-KMT, 2008 WL 5101341, at *2 (D. Colo. Nov. 26, 2008).

The Moving Defendants have briefed the threshold issues that warrant a stay of discovery in their Motions to Dismiss.  (Doc. # 130, 131, 136.)  They include, but are not limited to:

- Whether defendants entered into an agreement to instruct their host families to pay their au pair exchange visitors no more than the weekly stipend of $195.75;

- Whether federal law and regulations preempt Plaintiffs' state-law claims;

- Whether defendants are "employers" of au pair exchange visitors under the Fair Labor Standards Act, when DOS and DOL classify the host families as the employers of the au pairs; and

- Whether Plaintiffs have standing to sue under the wage laws of various states.

As explained in more detail in the Motions to Dismiss and the Moving Defendants' Motion to Stay Discovery, the resolution of these issues determines whether Plaintiffs' claims can survive at all.  It makes no sense to subject Moving Defendants to incredibly expensive and burdensome class and merits discovery that may be mooted or significantly limited by the Court's rulings on the Motions to Dismiss.

## II.    THE RELEVANT FACTORS WEIGH IN FAVOR OF A STAY.

With respect to the first factor, Plaintiffs offer nothing to establish a special interest in moving the case forward quickly.  They cite only to their unproven allegations of exploitation.  (Doc. # 173 at p. 9.)  However, due to the live-in arrangement of the au pair exchange visitor program, which provides au pairs with room and board, and the short (1-2 year) period for which any au pair may participate in the exchange visitor program, Plaintiffs' bald assertions of unusual prejudice from "illegal wages" ring hollow. (See Doc. # 164 at p. 2.)  Moreover, Plaintiffs provide no rebuttal to the fact that, despite their protests as to delay and the alleged "exploitation" of Plaintiffs, they have requested and received significant extensions of time to respond to the Motions to Dismiss and recently requested an additional 28 days to respond—delaying significantly the very decisions Moving Defendants seek to expedite.  (See Doc. # 174.)

With respect to the second, third, and fourth factors, Plaintiffs do not dispute that this case potentially involves over one hundred thousand putative plaintiffs both inside and outside of the United States and an equal if not greater number of potentially

necessary parties—the host families.  Plaintiffs have no response for the fact that

regardless of the ultimate scope of discovery in this case, discovery will be extremely

expensive and burdensome and, more importantly, *it will be unnecessary* if Moving

Defendants prevail on their Motions to Dismiss.  Plaintiffs' own discovery requests

present the clearest example of this reality.  (Doc. # 164-1.)  Plaintiffs requested through

written discovery each sponsor's complete information and documents related to every

au pair ever sponsored.  (Id.)  Also, in the recently filed Proposed Scheduling Order

(Doc. # 188), Plaintiffs propose 45 depositions per side and 100 interrogatories,

requests for production, and requests for admission per side, with a specific request

served on all parties constituting a single request.  (Doc. # 188 at p. 33.)  Thus, each

Defendant could be required to respond individually to 100 interrogatories, 100 requests

for production, and 100 requests for admission.  None of this information is necessary if

the Motions to Dismiss are resolved in Moving Defendants' favor.[1]  Where, as here,

clearly distinct legal issues exist that could be absolutely determinative of the viability of

Plaintiffs' claims against Moving Defendants, no interest is served by conducting

expansive class and merits discovery until those issues are resolved.[2]  See Thornton,

2013 WL 5567560, at *2 (finding that compliance with 150 discovery requests and 40

---

[1] As two examples only, if the federal regulations preempt state law, Plaintiffs' claims fail in their entirety.  (See Doc. #130 § III pp. 8-12.)  Similarly, if the Court confirms that sponsors are not au pairs' "employers," Plaintiffs' wage claims fail in their entirety, as they would not be proper defendants.  (Id. § VII pp. 19-23; § VIII pp. 23-24.)

[2] Plaintiffs allege "fundamental unfairness" in Moving Defendants' requests because Moving Defendants, among other defendants, sent Rule 26(b)(3)(C) requests to Plaintiffs.  (Doc. # 173 at pp. 12-13.)  These requests were served only because Plaintiffs' counsel refused to informally address with defendants unethical contacts counsel or his representatives had with representatives of defendants.  These circumstances are outlined in the Joint Motion to Strike Certain Allegations, Doc. # 134.

depositions exceeds "more than the ordinary burdens of litigation," and given the pending motion to dismiss, "[t]he requested discovery may ultimately be useless and a waste of the parties' time and resources").

Finally, rather than identifying any "public interests" that counsel against a stay, Plaintiffs merely reiterate their assertions of prejudice to Plaintiffs and putative Plaintiffs and potential host family parties.  (Doc. #164 at pp. 13-14.)  As Moving Defendants noted, the true public interest in this case is an efficient and just resolution, which is served by a discovery stay.  (Doc. # 164 at pp. 11-12.)

**III.   THE COURT IS NOT PRECLUDED FROM EVALUATING THE DISPOSITVE NATURE OF THE MOTIONS TO DISMISS.**

Aside from the factors, Plaintiffs argue that the Court should not consider the likelihood of success of the Motions to Dismiss in deciding the issue of a stay.[3]  (Doc. # 173 at p. 14.)  However, it is "helpful, and often necessary, to 'take a preliminary peek' at any pending dispositive motions to see if the motions appear to be meritorious and 'truly case dispositive.'"  Nankivil, 216 F.R.D. at 692 (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  Indeed, if Courts were precluded from a preliminary evaluation of the merits of a dispositive motion, stays of discovery would never be granted, even for issues related to immunity or jurisdiction.

---

[3] In this section D of Doc. # 173, pp. 14 and 15, Plaintiffs assert that Moving Defendants cited an allegedly irrelevant case, United Steelworkers v. Oregon Steel Mills, Inc., and Plaintiffs make reference to discussion in Moving Defendants' Motion related to specificity of the First Amended Complaint.  Plaintiffs' attribution to Moving Defendants' Motion is erroneous on these two points.

## IV.    CONCLUSION.

For the reasons stated herein and in Moving Defendants' Motion, Doc. # 164,

Moving Defendants respectfully request a stay of discovery until such time as the Court

rules on the Motions to Dismiss.

DATED this 2nd day of July, 2015.

Respectfully submitted,


*s/ Heather F. Vickles*
Heather F. Vickles
Brooke A. Colaizzi
Raymond M. Deeny
Erica H. Gutherz
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email:  hvickles@shermanhoward.com
Email:  bcolaizzi@shermanhoward.com
Email:  rdeeny@shermanhoward.com
Email:  egutherz@shermanhoward.com

ATTORNEYS FOR DEFENDANT
INTEREXCHANGE, INC.

*s/Lawrence Lee*
Lawrence Lee
Daniel C. Perkins
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO 80202
Email:  llee@laborlawyers.com
         dperkins@laborlawyers.com

ATTORNEYS FOR AMERICAN
INSTITUTE FOR FOREIGN STUDY

*s/Kathryn A. Reilly*
Kathryn A. Reilly
Toren G.E. Mushovic
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Tel.   (303
Fax:  (303)
Email:  reilly@wtotrial.com
         mushovic@wtotrial.com

ATTORNEYS FOR AMERICAN
CULTURAL EXCHANGE, LLC

7

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 2nd day of July, 2015, I electronically filed the foregoing **DEFENDANT INTEREXCHANGE, INC., AMERICAN CULTURAL EXCHANGE, LLC, AND AMERICAN INSTITUTE FOR FOREIGN STUDY'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS (DOC. # 164)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alexander Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO  80218
Email:  alex@towardsjustice.org

Brian T. Moore
Jester Gibson & Moore, LLP
1999 Broadway, Suite 3225
Denver, CO  80220
Email:  BMoore@jgllp.com

Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Email: lstone@duffordbrown.com
        chammond@duffordbrown.com

William J. Kelly III
Chanda M. Feldkamp
Kelly & Walker LLC
1512 Larimer Street, Suite 200
Denver, CO  80202
Email:  wkelly@kellywalkerlaw.com
Email: cfeldkamp@kellywalkerlaw.com

Brian A. Birenbach
The Rietz Law Firm, L.L.C.
114 Village Place, Suite 301
Dillon, CO  80435
Email:  brian@rietzlawfirm.com

Kathryn A. Reilly
Toren G.E. Mushovic
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver CO  80202-5647
Email:  reilly@wtotrial.com
Email:  mushovic@wtotrial.com

James E. Hartley
Mher Hartoonian
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email:  jhartley@hollandhart.com
Email:  mhartoonian@hollandhart.com

W.V. Bernie Siebert
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bsiebert@shermanhoward.com

Jeffrey P. Allen
Donald J. Gentile
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
Email:  jallen@lawson-weitzen.com
Email:  dgentile@lawson-weitzen.com

Bogdan Enica
Expert AuPair
111 Second Avenue, NE, Suite 213
St. Petersburg, FL  33701
Email:  Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO  80202
Email:  Rhoadesm@gtlaw.com
Email:  Estevaom@gtlaw.com

Martha L. Fitzgerald
Kathryn A. Barrett
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Email:  mfitzgerald@bhfs.com
Email:  kbarrett@bhfs.com

Lawrence Lee
Daniel C. Perkins
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO  80202
Email:  llee@laborlawyers.com
Email:  dperkins@laborlawyers.com
John R. Mann
Thomas B. Quinn
Gordon & Rees, LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email:  jmann@gordonrees.com
Email:  tquinn@gordonrees.com

Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Boies, Schiller & Flexner, LLP
575 Lexington Ave., 7th Floor
New York, NY  10022
Email:  mlschwartz@bsfllp.com
Email:  pskinner@bsfllp.com
Email:  rjackson@bsfllp.com

Lauren F. Louis
Sigrid S. McCawley
Boies, Schiller & Flexner, LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Email:  llouis@bsfllp.com
Email:  smccawley@bsfllp.com

*s/ Lynn Howell*