**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No.  1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.,*

Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*,

Defendants.

---

**DEFENDANT CULTURAL CARE, INC.'S MOTION TO STRIKE MATERIAL IN PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

---

**CERTIFICATION OF COMPLIANCE WITH D.C.COLO.LCivR 7.1**

Donald J. Gentile, counsel for Cultural Care, Inc., conferred with Matthew Schwartz, counsel for Plaintiffs, via telephone on August 4, 2015 in an effort to resolve the disputed issues.  Mr. Schwartz has indicated that Plaintiffs oppose the relief requested herein.

**I.  INTRODUCTION**

This Court should strike the following exhibits and all references thereto in Plaintiffs' Consolidated Opposition to Defendants' Motion to Dismiss (Docket No. 199) (the "Opposition"):

**Exhibit B:**  Washington Post Internet Newspaper Article authored by Lydia DePilis dated March 20, 2015 (the "Internet Article");

**Exhibit D:**   Brief for the Secretary of Labor as *Amicus Curiae* in *Ramos-Barrientos v. Bland,* No. 10-13412-C (11th Cir. 2010) dated October 13, 2010 (the "Amicus Brief"); and

**Exhibit E:**   U.S. Department of State PowerPoint Presentation regarding Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, P.L. 110–457 (Dec. 23, 2008) (the "PowerPoint Presentation")*.*

The Internet Article should be stricken because it was published after this case was filed and it purports to quote unnamed U.S. Department of State ("DOS") "officials" for DOS's current policy on the au pair stipend.  The article is obviously inadmissible hearsay and irrelevant; indeed, regulatory policy is not issued anecdotally by unnamed sources through internet news articles.  The Amicus Brief should be stricken because it is a rogue document with no connection to this case or the issues at bar; it was filed in a 2010 Eleventh Circuit appeal that did not involve the au pair cultural exchange program and its analysis is irrelevant to this case.  The U.S. Department of Labor ("DOL") has not filed an amicus brief in this case and this Court should not consider an amicus brief from a wholly unrelated case that speaks to different legal issues.  Finally, the PowerPoint Presentation should be stricken because, while it appears on the DOS website, it can only be found by conducting an internet word search for quotes made therein, its specific origins are unknown, it lacks context, and therefore it has not been properly authenticated.

## II.  LEGAL ARGUMENT

### A.  Exhibit B—Internet Article.

The Internet Article should be stricken from the Opposition because it is inadmissible hearsay.  It was published after this case was filed and it contains a statement supposedly from unnamed DOS "officials."  Thus, it cannot be considered by this Court as authority on DOS policy with respect to the au pair stipend.

Hearsay is an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is generally inadmissible as evidence because it is considered unreliable. *Williamson v. United States*, 512 U.S. 594, 598 (1994).  A newspaper article is "pure hearsay" and cannot be relied on by the Court for the truth of the matters asserted therein.  *See, e.g., Good v. Board of County Commissioners of County of Shawnee, Kansas,* 331 F. Supp. 2d 1315, 1327 (D. Kan. 2004)., *aff'd,* 141 Fed. Appr. 742 (10th Cir. 2005); *Colo. Springs P'ship v. Falcon Broadband, Inc.,* 05-cv-02295, 2006 U.S. Dist. LEXIS 18886, *11 (D. Colo., Mar. 2, 2006) ("the evidence plaintiff presents in this regard—a newspaper article from a local Colorado Springs newspaper and a press release—are pure hearsay"); *Chicago Firefighters Local 2 v. City of Chicago*, 249 F.3d 649, 654 (7th Cir. 2001) (newspaper articles are inadmissible hearsay when offered for truth of matters contained in them), cert. denied, 534 U.S. 995 (2001).

Plaintiffs seek to rebut decades of official legislative and regulatory guidance by citing the Internet Article for the proposition that state wage laws apply to the federal au pair program.  *Opp.* at 34.  The Internet Article was published approximately four

months *after* this lawsuit was filed.   The author of the Internet Article claims that *unnamed* "State Department officials" stated that "sponsors 'must also comply with . . . state minimum wage requirements."   This is pure hearsay that is not credible and should be ignored by the Court.   The Stipend Notice, a copy of which is attached as *Exhibit 1* to Cultural Care's Motion to Dismiss (Docket No. 127), set out DOL's interpretation of FLSA with respect to the au pair program in accordance with 22 C.F.R. § 62.31(j)(1), which provides that "[s]ponsors shall require that au pair participants are compensated at a weekly rate based upon 45 hours of child care services per week and paid in conformance with the requirements of the Fair Labor Standards Act **as interpreted and implemented by the United States Department of Labor**." (emphasis supplied).   The au pair regulations do not mention state minimum wage; the regulations expressly leave it to DOL to interpret FLSA for the federal program. Plaintiffs cite the Internet Article to rebut this dispositive authority.   The Internet Article is inadmissible and should be ignored by this Court in considering Cultural Care's Motion to Dismiss.

### B. Exhibit D—Amicus Brief.

The Amicus Brief should be stricken because it is a rogue document with no connection to this case and will only confuse the issues at bar.   Courts are not required to allow the filing of amicus curiae briefs, but permit them "as a matter of judicial grace." *Voices for Choices v. Ill. Bell Tel. Co.,* 339 F.3d 542, 544 (7th Cir. 2003) (*quoting Nat'l Org. for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000)).   "[T]he prime, if not sole, purpose of an amicus curiae brief is what its name implies, namely, to assist the

court on matters of law."  *Banerjee v. Board of Trustees of Smith College,* 648 F.2d 61, 65 n.9 (1st Cir. 1981).   "Some amicus briefs collect background or factual references that merit judicial notice . . . .   Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group." Luther T. Munford, When Does the Curiae Need An Amicus?, 1 J. App. Prac. & Process 279 (1999).

Here, the Amicus Brief cites only in passing a DOL Federal Register publication that Plaintiffs cite in their Opposition (Opp. at 34).  This is its only relation to this case and the issues at bar.  The Amicus Brief includes no analysis of the au pair program. This 49-page document (with exhibits) is not beneficial to the disposition of Cultural Care's Motion to Dismiss.  The brief collects no background or factual information relevant to the au pair program and provides no insight on the effect a ruling by this Court may have on the au pair program.  It will not help the Court in its consideration of the au pair stipend.  The Amicus Brief will only inappropriately confuse the issues at bar and add to this Court's burden in considering Cultural Care's Motion to Dismiss. Accordingly, the Amicus Brief should be stricken.

### C.  Exhibit E—PowerPoint Presentation.

The PowerPoint Presentation should be stricken because, while it appears on the DOS website, its specific origins are unknown, it lacks context, and thus it is not properly authenticated.  In fact, it is Cultural Care's understanding that the only way to locate the PowerPoint Presentation on the internet is by conducting a search (by Google for example) for quotes made therein.  A link then appears in the results list that

leads directly to the PowerPoint Presentation on the DOS website.  However, there is no accompanying website page that explains the PowerPoint Presentation or provides any context.  Fed. R. Evid. 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Plaintiffs have attached the PowerPoint Presentation apparently as a commentary from DOS on the au pair regulations.  Plaintiffs, however, provide no explanation as to its genesis, who authored it, or how it is used.  For example, Plaintiffs fail to explain whether it is part of an oral presentation given by a government employee, what explanations and statements accompany the presentation, who is the audience for the presentation, or whether any other written materials accompany it.  Accordingly, the PowerPoint Presentation should be stricken.

### III.  <u>CONCLUSION</u>

This Court should strike the Internet Article because it is inadmissible hearsay, the Amicus Brief because it is a rogue document with no connection to this case or the issues at bar, and the PowerPoint Presentation because it lacks context and has not been properly authenticated.

Respectfully Submitted,


_____s/ Jeffrey P. Allen_____
Jeffrey P. Allen
E-mail: jallen@lawson-weitzen.com
Donald J. Gentile
E-mail: dgentile@lawson-weitzen.com
         -and-
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue
Boston, MA 02210
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987

-and-

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email: bsiebert@shermanhoward.com

ATTORNEYS FOR DEFENDANT
CULTURAL CARE, INC.

7

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 6, 2015, I electronically filed the foregoing Defendant Cultural Care, Inc.'s Motion to Strike Material In Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss using the CM/ECF system which will send notification of such filing to the following e-mail addresses.

**Lauren Fleischer Louis**
llouis@bsfllp.com

**Sigrid Stone McCawley**
smccawley@bsfllp.com

**Matthew Lane Schwartz**
mlschwartz@bsfllp.com

**Peter Murray Skinner**
pskinner@bsfllp.com

**Randall Wade Jackson**
rjackson@bsfllp.com

**Alexander Hood**
alex@towardsjustice.org

**Bogdan Enica**
bogdane@hotmail.com

**Brian A. Birenbach**
brian@rietzlawfirm.com

**Brooke A. Colaizzi**
bcolaizzi@shermanhoward.com

**Chandra M. Feldkamp**
cfeldkamp@kellywalkerlaw.com

**Christian D. Howard**
chammond@duffordbrown.com

**Daniel C. Perkins**
dperkins@laborlawyers.com

**Heather F. Vickles**
hvickles@shermanhoward.com

**Kathryn A. Reilly**
reilly@wtotrial.com

**Toren G. E. Mushovic**
mushovic@wtotrial.com

**James E. Hartley**
jhartley@hollandhart.com

**John R. Mann**
jmann@gordonrees.com

**Kathryn Anne Barrett**
kbarrett@bhfs.com

**Lawrence D. Stone**
lstone@duffordbrown.com

**Lawrence L. Lee**
llee@laborlawyers.com

**Martin J. Estevao**
estevaom@gtlaw.com

**Martha L. Fitzgerald**
mfitzgerald@bhfs.com

**Meshach Y. Rhoades**
rhoadesm@gtlaw.com

**Mher Hartoonian**
mhartoonian@hollandhart.com

**Raymond M. Deeny**
rdeeny@shermanhoward.com

**Thomas B. Quinn**
tquinn@gordonrees.com

8

9

**W.V. Bernie Siebert**
bsiebert@shermanhoward.com

**William J. Kelly III**
wkelly@kellywalkerlaw.com

s/ Jeffrey P. Allen
Jeffrey P. Allen