IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al.

Plaintiffs,

v.

INTEREXCHANGE, INC., et al.

Defendants.

## DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY'S REPLY SUPPORTING ITS MOTION TO DISMISS (DOC. #136)

Defendant American Institute For Foreign Study d/b/a Au Pair In America ("AIFS") hereby submits its Reply to Plaintiff's Response to Motion to Dismiss (Doc. #199) ("Response").

### INTRODUCTION

In the First Amended Complaint ("FAC"), Plaintiffs claim that Defendant AIFS and eleven other au pair sponsor agencies violated antitrust, civil RICO, wage and hour, and a host of state law based claims on behalf of Plaintiffs and others similarly situated. The sponsor defendants, including AIFS, each moved to dismiss these claims, and the Plaintiffs filed a consolidated Response to those motions. Defendant AIFS incorporates by reference the replies filed by the other sponsor Defendants. With respect to the claims that are alleged specifically against AIFS, Defendant addresses below the Plaintiffs' inaccurate assessment of the legal and factual bases against dismissing all of those claims.

Plaintiffs disregard the context in which the relationships between sponsors, host families and au pairs are formed. The au pair program is a cultural exchange program, not a work program. The difference is explained in the 1990 the U.S. Government Accountability Office ("GAO") report which explicitly recognized a distinction between J visas "and other visas granted for work purposes." (Doc. # 101 at ¶¶ 55-57; GAO Publication No. 90-61 (1990). Au pairs do not enter the country on temporary employment visas, such as H-2A and H-2B visas (see 20 C.F.R. §§ 655.1, 655.103), they enter on J-1 visas under a specific program (22 C.F.R. § 62.31). J-1 visa status does not allow open market competition. 22 C.F.R. § 62.16 (employment is governed by the U.S. Department of State ("DOS" or "State Department") and unauthorized employment violates program status). The State Department's exercise of its authority over the au pair program could not be ignored by the sponsors during the relevant time period and cannot be ignored in this action. Plaintiffs' arguments miscast Defendants' motions, misstate the law, and mischaracterize contrary authority in an effort to survive Defendants' motions. Plaintiffs' FAC should be dismissed.

## ARGUMENT AND AUTHORITIES

**I.  Plaintiffs' anti-trust allegations fail to identify facts sufficient to state a plausible claim.**

Plaintiffs' Response fails to overcome the flaw in their antitrust claims that proved fatal to the antitrust claims in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007): Their only factual allegations are of parallel conduct. *Id.* at 556-57. The "circumstantial evidence" they cite in support of their conspiracy allegation also includes speculation, conclusions and labels ("cartel," "admissions," "programmatic floor"), but the law requires more than labels and

conclusions. *Id.* at 555. The only allegation referenced in the "catalogue" of "circumstantial evidence" on pages 10 and 11 of Plaintiff's Response that is specific to AIFS is that it posted the weekly stipend amount on its website. Plaintiffs argue that the parallel conduct necessary to support their anti-trust claim was the au pairs sponsors posting of the stipend and their amounts on their websites. This allegation is insufficient to survive dismissal.

Plaintiffs fail to identify any facts that show an opportunity for collusion or an actual conspiracy. Their argument that because some sponsors belonged to one organization, some belonged to another organization and some apparently belonged to no organization at all, simply does not add up to Plaintiffs' conclusion that organizational membership gave the 15 sponsors the opportunity to collude. *See Twombly*, 550 U.S. 566 n. 12; *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1295 (11th Cir. 2010). Unlike the plaintiffs in the cases cited in the Response[1], Plaintiffs in this action have failed to identify any act by AIFS that it used an alleged membership with any other au pair organization to further a conspiracy nor any facts to show an actual conspiracy. The alleged "admissions" of Defendants are no more than Plaintiffs' vague and conclusory allegations of three phone calls alleged to have occurred after the lawsuit was filed, devoid of party identification, quotes or context.[2]

DOS, not AIFS or other sponsors, set the wage amounts that are due to au pairs. The State Department sent notices to sponsors of "the weekly wage due to au pairs" and "the

---

[1] *In re Motor Fuel Temperature Sales Practices Litg.*, 534 F. Supp. 2d 1214, 1237 (D. Kan. 2008) (cited at Resp. p. 15), *Arapahoe Surgery Center, LLC v. Cigna Healthcare, Inc.*, No. 13-cv-3422, 2015 WL 753954 (D. Colo.Feb. 20, 2015) (at Resp. p. 11).
[2] Plaintiffs do not allege that AIFS was a party on any of those calls, much less allege facts to show AIFS was party to an agreement to fix prices.

amount of wage to be paid to au pairs" (Doc. #130-4) and informed sponsors of increases in "the weekly stipend." (Doc. #130-3)  These notices, however, did not inform sponsors of a *minimum* weekly wage, a *minimum* amount of wage to be paid, or a *minimum* weekly stipend.[3]  Plaintiffs have not identified any DOS communication to the sponsors that referred to the rate as a minimum.  Where, as here, a federal government entity expressly directs the conduct at issue, that conduct by private parties is immune from antitrust challenge.  *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 746-47 (2004).  Plaintiffs cite no authority to the contrary nor any exception to the rule, and Plaintiffs' anti-trust claim should be dismissed.

## II. The federal government's exclusive control over immigration matters preempts Plaintiffs' state law claims.

Plaintiffs failed to address adequately the preemption issue, focusing incorrectly on the (lack of) preemptive effect of the Fair Labor Standards Act (FLSA) on state minimum wage law.  The preemption of the state minimum wage laws that Plaintiffs cite is based on the federal government's exclusive control over *immigration* matters, under which the au pair program – a cultural exchange program (not a foreign work program) – unquestionably applies.  *See Buckman Co. v. Plaintiffs' Legal Cmtee,* 531 U.S. 341, 347-48 (2001) (no presumption against federal preemption of state law claims; *Bai Haiyan v. Hamden Pub. Sch.,* 875 F. Supp. 2d 109, 125 (D. Conn. 2012) (teaching under J-1 visa is pursuant to

---

[3] Plaintiffs allege that a February 1995 rulemaking by DOS's predecessor, USIA, required compensation of au pairs "at a rate not less than $115.00 per week." FAC ¶ 61. Plaintiffs provide no citation for the quote and cite nothing to show similar language was subsequently used.  Plaintiff's Response later describes the 1995 rulemaking as obsolete.  FAC ¶63.  The notices cited above were issued in 2007. (Doc. ##130-3, -4)

exchange visitor relationship, not employment relationship).  Instead of addressing the legal issue, Plaintiffs' Response relies on a statement attributed to unidentified "State Department Officials" in a newspaper article about this lawsuit, labeling it "an official statement" of the DOS.  Plaintiffs' attempt to rebut the preemption argument, therefore, fails, and the Court should find that the federal government's control over immigration preempts state minimum wage laws.

### III. Plaintiffs' RICO and state law based claims as seen in Counts II, IV, V and VI do not support a plausible claim of fraud.

Plaintiffs purport their federal RICO claim and state law-based claims for fraud, breach of fiduciary duty, and other state consumer protection laws are adequately pleaded and should not be dismissed because they set forth all required elements.  (Pl's Response, pp. 67-72).  Recitation of the elements [however] does not suffice; a plaintiff must offer specific factual allegations to support each claim.  *Twombly*, 550 U.S. at 555.  Plaintiffs who allege fraud or mistake must also "state with particularity the circumstances constituting fraud or mistake."  Fed.R.Civ.P. 9(b).  "'At a minimum, Rule 9(b) requires that a plaintiff set forth the "who, what, when, where and how" of the alleged fraud,' and must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726 (10th Cir. 2006) (internal citations omitted).   *See also Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013).  Plaintiffs have failed to meet the minimum requirements under Rule 9(b) and the expectations of the 10th Circuit Court of Appeals.

Plaintiffs further contend that each sponsor made false statements to au pairs and

5

prospective au pairs about the weekly stipend they would be paid (FAC ¶¶ 214-18, 478, pp. 45-46, 88) and "advertises that the weekly stipend is $195.75" (¶¶ 95-114) fails to state a claim. Even if the sponsors made statements that were false, which AIFS does not concede, "Racketeering is far more than simple illegality. Alleged civil violations of the FLSA do not amount to racketeering." *Id.* at 119 n. 12. Plaintiffs' allegations are conclusory and lack the particularity required to state a claim for fraud. As it pertains to AIFS, Plaintiffs' Response directs the Court to FAC paragraphs 98, 199-201 and 484 but those allegations lack the particularity required by Rule 9(b). "Bare-bones allegations do not satisfy Rule 9(b)." *Id.*

The requirement that Plaintiffs show intent to defraud is expressly contradicted by Plaintiffs' other allegations in their FAC and the attachments to various pleadings in this case. For instance, Plaintiffs' claims are premised on the "fact" that Defendants misled Plaintiffs concerning the amount of remuneration "required" by federal and state wage laws (Pls' Response, pp. 68-69). However, in their Response, Plaintiffs identify a State Department guidance letter that has been in effect for numerous years, which advises the sponsor defendants on how the appropriate amount of the stipend ($195.75) is determined, and which expressly applies the 40 percent credit against "wages" which Plaintiffs now argue is inappropriate. (*Id.*)

Plaintiffs also acknowledge that this guidance letter was only "withdrawn" by the DOS *after* the filing of this lawsuit. (Pl's Response, p. 38). Even assuming that the stipend amount was erroneously calculated, there are no material allegations (other than conclusory assertions made by Plaintiff) that AIFS *knew* the calculation was wrong,

6

particularly in light of the fact that the federal government advised the sponsors to take the deductions as permitted by the FLSA. (Doc. ## 130-3, 130-4). Even under the most generous reading of the facts, Plaintiffs fail to suggest AIFS acted unlawfully with the intent to induce them to act in contravention of their legal rights. At worst, AIFS and other sponsor defendants received little or no guidance on their obligations from the federal government. Plaintiffs' allegations do not establish actionable state law fraud, fiduciary duty, or other consumer protection-based claims.

Plaintiffs conclude that all the au pair sponsors made false statements or failed to provide correct information. (Pls' Resp. p. 73) They allege "Au Pair in America [AIFS] has threatened au pairs with deportation if they accept more from host families, and its website instructed host families to pay $195.75," citing the FAC at ¶ 199-201. These allegations contain the same bald statements without any facts to support counsel's characterization of some unidentified comment or action as a "threat" or to suggest Plaintiffs witnessed the unidentified "threat" or ever saw the website.

The State Department, not AIFS, instructs host families regarding the amount to be paid. AIFS's website does not instruct host families but simply repeats the amount set by the DOS in its notices. In turn, the host families pay the au pairs. (FAC ¶ 155). Thus, Plaintiffs' claims of fraud should be dismissed.

**IV.     Plaintiffs' allegations fail to suggest a basis for a fiduciary duty or a breach.**

Plaintiffs' Count III, the fiduciary duty claim, like their other state law claims, are preempted as discussed above. Additionally, Plaintiffs fail to allege any basis for a confidential relationship that would support this claim. Plaintiffs merely cite the au pair

7

program requirements in the regulations and fail to show that the regulations created a relationship of special trust or confidence, that sponsors invited or accepted such trust or confidence, that any Plaintiff reposed a special trust or confidence in any sponsor, or that reposing a special trust or confidence in them would have been justifiable.  *See First Nat'l Bank of Meeker v. Theos*, 794 P.2d 1055, 1060-61 (Colo. App. 1990).  Plaintiffs have not alleged that AIFS took any action beyond complying with the program's administrative requirements, rather, they rely on the "extensiveness" of the regulations.  Although the regulations impose extensive duties, the existence of extensive duties alone does not create a special trust.

Plaintiffs fail to reconcile the significant differences between the facts they allege and the facts in the decision on which they rely, *DerKevorkian v. Lionbridge Techs., Inc.*, No. 07-1125, 07-1149, 2008 WL 5077720 (10th Cir. Dec. 3, 2008).  Plaintiffs do not allege that AIFS or any sponsor did anything akin to what Lionbridge did in that case, promising to help the plaintiff get her green card, creating its own program to assist workers with immigration issues and hiring an attorney to assist the plaintiff.  Due to this fatal flaw, Plaintiffs' breach of fiduciary duty claim should be dismissed.

**V.    Plaintiff's FLSA claim fails because AIFS is not an "employer" nor is it a joint employer.**

Under the facts alleged in Count VIII of the FAC, Defendants are not employers as there are no allegations (other than conclusory ones) alleging the degree of control necessary to show that the Defendants "employed" Plaintiffs in any meaningful way.  *See, e.g., Orozco v. Plackis,* 757 F.3d 445, 448 (5th Cir. 2014) (each putative joint employer must meet the economic realities test).  Indeed, DOS has controlled the terms and conditions of employment

by regulation or vested that control in the host families.[4] Plaintiffs admit that the host families pay the au pairs (FAC ¶ 155). Plaintiffs were not entitled to overtime and were fully compensated.

Plaintiffs misstate the law in an effort to manufacture a federal FLSA claim where none exists, ignoring the specific guidance of the State Department, which expressly established the $195.75 federal stipend based upon application of credits against the federal minimum wage. This is a practice that has existed for many years from the very beginning of the au pair program. Plaintiffs misrepresent the facts in *Ivanov v. Sunset Pools Management Inc.*, 567 F. Supp. 2d 189 (D.D.C. 2008), in an attempt to distinguish that case from the present case (Pls' Resp. p. 31 n. 13), claiming that the defendant in *Ivanov*, Intrax, simply facilitated the initial job search process. The decision also states that Intrax kept employment records and helped the plaintiffs obtain health insurance and that the plaintiffs had to obtain Intrax's authorization to leave their positions. *Id.* at 195-96. Intrax's obligations, like AIFS's, were obligations imposed in it as a sponsor. Although Plaintiffs assert that the sponsors went beyond the obligations imposed by DOS, the actions they cite in support of that assertion are all sponsor obligations under the State Department's regulations[5] and are among the

---

[4] See 29 C.F.R. §§ 62.31(c)(1) (limiting duration of employment to one year), (c)(2) (limiting hours of work), (d) (setting qualifications for candidates including passing a background investigation and personality profile), (e) (dictating that sponsors shall secure placement and how they must do it, and that the au pair and host family must enter into a written agreement detailing the au pair's childcare obligations), (f) (requiring sponsors to provide certain information to au pairs), and (j) (mandating that compensation be based on 45 hours of work per week),

[5] In footnote 13 of the Response, Plaintiffs list actions that are, in fact, covered by the regulations: set wages and hours (see discussion above that DOS sets the pay and hours and 22 C.F.R. §62.31(j)), provided them with health insurance (see 22 C.F.R.

obligations that the plaintiffs argued unsuccessfully in *Ivanov*.  As the court held in *Ivanov*, compliance with DOS regulations is not indicative of a joint employment relationship.  *See id.*; *Taylor v. Waddell & Reed Inc.*, No. 09cv2909, 2010 WL 3212136, at *3 (S.D. Cal. Aug. 12, 2010).

Plaintiffs argue that the overtime exemption in 29 U.S.C. § 213(b)(21) for domestic service employees does not apply to joint employers of domestic service employees, citing a U.S. Department of Labor ("DOL") regulation (29 CFR 552.109(c), and fact sheet (#79E).  First, sponsors are not joint employers of Plaintiffs and whether an entity is a joint employer is determined by case law, not the aforementioned regulation or fact sheet.  Second, neither the FLSA, the regulation, nor the fact sheet addresses the application of the Act to sponsors under the DOS au pair program or cultural exchange programs.  Third, the change made to the regulation in 2013 to take the exemption away from joint employers was aimed at employment agencies that employ workers who provide home care services as a vocation. 78 Fed. Reg. 60453, 60454, 60455, 60457, 60459.  *Au pairs under the DOS program are not such individuals.*  The FAC does not contain an allegation that Plaintiff Lusapho Hlatshaneni worked more than 40 hours in any week.  *See Lundy*, 711 F.3d at 113-14 (dismissing FLSA overtime claim for failure to allege uncompensated work in excess of 40 hours in a given week).  Thus, she was not entitled to overtime compensation under the

---

§62.14(b)), trained au pairs and selected the site of training (see 22 C.F.R. §§ 62.10(c), 62.31(f), 62.31(g)), and selected the site of ultimate placement (22 C.F.R. §62.31(e)). They allege that AIFS defied the regulations by "requir[ing] au pairs to agree to provide child care up to 45 hours per week" but the regulations set that requirement.  See 22 C.F.R. §62.31(j).  Plaintiffs' FAC does not suggest that Sponsors defied or went beyond the regulations.

FLSA.

Ms. Hlatshaneni received the proper and legal minimum wage for all hours worked. Plaintiffs in their Response erroneously contend that the forty percent credit is not available because 29 C.F.R. § 552.100(b) allows employers to take credit for the reasonable cost or fair value of food, lodging and other facilities furnished to the employee if the employee's acceptance of them is "voluntary and uncoerced" and not required by law. [6]  Although Plaintiffs argue that this interpretation by the DOL is entitled to substantial deference, federal courts have held otherwise.  Section 3(m) of the FLSA allows an employer to credit toward its obligation to pay the minimum wage "the reasonable cost ... of furnishing [an] employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees."  29 U.S.C. § 203(m).  Section 3(m) focuses on the actions of the employer, not the employee, so the Secretary of Labor was without authority to require that the acceptance of the benefit be voluntary on the part of the employee.  See *Herman v. Collis Foods, Inc.*, 176 F.3d 912, 918 (6th Cir. 1999) and cases cited therein from the 5th and 11th circuit courts of appeals.  Thus, the Court should dismiss Plaintiffs' claims made under the FLSA.

**VI.     Plaintiffs' Count VII fails to state a claim for breach of contract.**

The arguments in Plaintiffs' Response fail to identify any contractual provisions that

---

[6] Section 552.100(b) references FLSA Section 3(m) and Section 531 of the regulations. See 29 C.F.R. § 531.30 (voluntary and uncoerced).  Plaintiffs also argue that an employer may not take credit for lodging that is required by law.  The only authority Plaintiffs cite for this notion is a Wage and Hour Opinion Letter dated August 19, 1997, which did not concern lodging and which relied upon 29 C.F.R § 531.30 to hold that other types of payments could not be credited because they were required by law.

created binding duties that were allegedly breached by AIFS.  No contractual relationship existed between AIFS and the au pairs that were employed by the host families.  Plaintiffs' Response cites paragraphs 11, 46 and 305-09 of the FAC, but these vague and conclusory allusions to the regulations and document in those paragraphs are insufficient to state a breach of contract claim.  *Twombly,* 550 U.S. at 555; *McDonald v. Miller*, 945 F. Supp. 2d 1201, 1206 (D. Colo. 2013), *rev'd in part on different grounds*, 769 F.3d 1202, 1221 (10th Cir. 2014).  The mere assertion that Plaintiffs believe AIFS has a form contract that it provides for foster families and au pairs to sign (FAC ¶ 309) is not enough to support a claim for a breach of contract.  See *Al-Owhali v. Holder*, 687 F.3d 1236, 1243 (10th Cir. 2012).

By making this allegation "on information and belief" and admitting that AIFS was not a party to the contract between the host family and Plaintiff Hlatshaneni which she claims was breached (FAC ¶ 497), Ms. Hlatshaneni has merely highlighted the theoretical basis of the claim.  *See Id*.  Plaintiffs' Response cites a regulation (22 C.F.R. § 62.31(e)) that prohibits sponsors from placing an au pair with a family "unless a written agreement *between the au pair and the host family* ... has been signed" and other host family obligations (Pls' Resp. p. 72, emphasis added), but those allegations are insufficient to state a claim that AIFS was a party to or breached a contract.  Plaintiffs mistakenly contends, as an alleged joint employer, the sponsors were parties to the Plaintiffs' contracts with the host families.  These allegations are insufficient to survive dismissal.

**VII.  Plaintiffs' Claims of unpaid wages and wage violations as seen in Counts IX and X should be dismissed because the state wage and hour laws do not apply.**

    *A.*    *Plaintiff Hlatshaneni was not "employed" by AIFS under New York law.*

Ironically, after arguing for deference to DOL interpretations and relying heavily on

one of its fact sheets, Plaintiffs proclaim, without any authority, that the New York State Department of Labor's advisory has no force and argue for an interpretation unrelated to the plain meaning of its words. The FAC fails to state a claim under New York law and this claim should be dismissed.

    *B.    Plaintiff Hlatshaneni fails to show that she was "employed" by AIFS under California or any other state law.*

Plaintiffs argue that Plaintiff Hlatshaneni and others placed by AIFS are employees of AIFS under the California Labor Code because that code has a broad definition of the term "employer" just like the FLSA. (Pls' Response, pp. 66-67). In fact, the definition of "employer" under the California Labor Code is one who:

    (a) exercises control over the wages, hours or working conditions of employees, or
    (b) suffers or permits employees to work, or
    (c) engages employees, thereby creating a common law employment relationship.

*Martinez v. Combs,* 49 Cal. 4th 35, 64 (2010). Under this definition, AIFS is not Hlatshaneni's employer. Although Plaintiffs consistently characterize AIFS's (and other sponsor defendants') responsibilities as "control" over au pairs' wages, hours, and/or working conditions, that characterization blatantly misstates the facts alleged in Plaintiffs' FAC and substantiated by the various attachments thereto.

Again, Plaintiff's admissions are telling and fatal to their claims: The host families (not AIFS) set work hours, issue payment of the stipend, provide tools, instruction, and parameters of the child care duties expected, and actually have the power to hire (choose) and fire (reject) the services provided by the au pair. (FAC ¶¶ 46, 48, 369, pp. 11, 73). The only "control" identified by Plaintiffs is the control exercised and *mandated* by the federal government in the State Department's comprehensive regulations of the au pair

industry, such as the monitoring of the au pair/host family relationship to ensure that government-mandated hours and other restrictions are not exceeded. (FAC ¶¶ 45-48, pp. 11-12) As Plaintiffs' acknowledge, AIFS does not mandate the 45-hour maximum work week; the State Department does. (FAC ¶ 48, p. 11). AIFS does not control how much is paid to the au pairs it places; rather, even under the most generous reading of the Plaintiffs' factual allegations, AIFS merely implements a "programmatic wage floor" and host families control the payment of at least that amount. (FAC ¶¶ 61-64, pp. 14-15). Further, despite Plaintiffs' argument to the contrary, neither AIFS nor any other sponsor defendant "hires or fires" au pairs. As Plaintiffs admit in their FAC, host families choose their own au pairs. (FAC ¶¶ 357, 367, 396, 398, 406, 414, pp. 72-73, 76-78). Other than simply alleging in a conclusory fashion that the sponsor agencies "control" working conditions, Plaintiffs plead absolutely no facts establishing what controls AIFS and other sponsor defendants exercise over the conditions of work. (FAC ¶¶ 11, 507, pp. 5, 94).

Accordingly, Plaintiffs, in particular Ms. Hlatshaneni, cannot allege any facts other than ultimate conclusory assertions, to establish that AIFS is an "employer" as contemplated by any definition of the term, whether in California, in other states, or under the FLSA. Therefore, the Court should dismiss the state wage and hour claims from this lawsuit.

## CONCLUSION

**WHEREFORE**, Defendant AIFS requests that this Court dismiss the First Amended Complaint with Prejudice. As demonstrated, Plaintiffs have failed to state an actionable claim under any theory of liability. Other than mere parallel conduct, they

14

assert no facts sufficient to support a viable antitrust claim, nor do they present facts sufficient to sustain a conspiracy to support a civil RICO action.  Further, Plaintiffs plead no facts to establish that AIFS was legally an employer of the au pairs it sponsored, whether under federal or state law, or that AIFS was a joint employer with host families, and its claims under FLSA and state wage laws should be dismissed.

The au pair program is a cultural exchange program, not a work program, which is heavily regulated by the federal government and thus, any state law claims are preempted. Plaintiffs' claims under various state laws on the topics of fraud, consumer protection, wages, contract, and fiduciary duty, should also be dismissed because the facts alleged do not support such claims.  Accordingly, the Court should grant Defendant AIFS's Motion to Dismiss in full and release Defendant AIFS from this action.

Respectfully submitted this 10th day of August 2015.

<u>s/Lawrence Lee</u><br>
Lawrence Lee<br>
Susan Schaecher<br>
FISHER & PHILLIPS LLC<br>
1801 California Street, Suite 270<br>
Denver, CO 80202<br>
Phone: 303-218-3650<br>
Email: llee@laborlawyers.com

**Attorneys for Defendant**
**American Institute for Foreign Study**
**d/b/a AuPair In America, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2015, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Alexander Neville Hood
TOWARDS JUSTICE-GOLDEN
alex@towardsjustice.org

Susan Penniman Klopman
H & K LAW, LLC
sklopman@hklawllc.com

Brian T. Moore
JESTER GIBSON & MOORE LLP
BMoore@jgllp.com

Brooke A. Colaizzi
Raymond Myles Deeny
Heather Fox Vickles
W.V. Bernie Siebert
SHERMAN & HOWARD, LLC
bcolaizzi@shermanhoward.com
rdeeny@shermanhoward.com
hvickles@shermanhoward.com
bsiebert@shermanhoward.com

Bogdan Enica
EXPERT AUPAIR
Bogdan@expertaupair.com

Martha Louise Fitzgerald
Kathryn Anne Barrett
BROWNSTEIN HYATT FARBER SCHRECK, LLP
mfitzgerald@bhfs.com
kbarrett@bhfs.com

Jeffrey Paul Allen
Donald J. Gentile
LAWSON & WEITZEN, LLP
jallen@lawson-weitzen.com

William James Kelly, III
KELLY & WALKER, LLC
wkelly@kellywalkerlaw.com

Brian Alan Birenbach
RIETZ LAW FIRM, LLC
brian@rietzlawfirm.com

Kathryn A. Reilly
Torin G.E. Mushovic
WHEELER TRIGG O'DONNELL, LLP
reilly@wtotrial.com
mushovic@wtotrial.com

Lawrence D. Stone
Christian D. Hammond
DUFFORD & BROWN, P.C.
lstone@duffordbrown.com'
chammond@duffordbrown.com

Meshach Y. Rhoades
Martin Estevao
GREENBERG TRAURIG, LLP
rhoadesm@gtlaw.com
estevaom@gtlaw.com

Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Boies, Schiller & Flexner LLP
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Sigrid S..McCawley
Lauren Fleischer Louis
Boies, Schiller & Flexner LLP
smmcawley@bsfllp.com
llouis@bsfllp.com

                                             *s/Lawrence Lee*
                                             Lawrence Lee