IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

       Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

       Defendants.

---

**DEFENDANT AMERICAN CULTURAL EXCHANGE, LLC D/B/A GO AU PAIR'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [DOC. # 131]**

---

Defendant American Cultural Exchange, LLC d/b/a Go Au Pair ("Go Au Pair") respectfully submits the following reply in support of its motion to dismiss Counts I, III, IV, V, VI, VII, VIII, IX and X of the First Amended Complaint ("FAC") (Doc. # 131) and in response to Plaintiffs' Opposition to Defendants' Motions to Dismiss ("Opposition") (Doc. # 199) pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.    INTRODUCTION**

With respect to Count I, Go Au Pair joins and adopts, as if fully stated herein, the arguments set forth in Moving Defendants' Reply Memorandum in Response to Plaintiffs' Consolidated Opposition and in Support of their Joint Motion to Dismiss Plaintiffs' Antitrust Claim (the "Joint Antitrust Reply," Doc. # 211), filed on this same date. With respect to Counts III through X, Go Au Pair joins in and incorporates by

reference the arguments set forth in the Reply in Support of Motion to Dismiss the First Amended Complaint by Defendant InterExchange, Inc. ("InterExchange's Reply," Doc. # 214) and Defendant Cultural Care, Inc.'s Reply to Plaintiffs' Consolidated Opposition to Defendants' Motion to Dismiss ("Cultural Care's Reply," Doc. # 207).  Go Au Pair files this separate Reply for the purpose of responding to the specific allegations concerning Go Au Pair.  As the Opposition fails to address the arguments raised in Go Au Pair's motion, this reply is limited to a single issue:  Plaintiffs' failure to meet their burden of pleading *factual* allegations—rather than vague and conclusory assertions—that Go Au Pair was a "joint employer" under the Fair Labor Standards Act ("FLSA") and state wage acts.  Plaintiffs' FLSA claim (Count VIII) and state law wage claims (Counts IX and X) must fail.

## II. PLAINTIFFS FAIL TO ALLEGE FACTS THAT RAISE A PLAUSIBLE SUGGESTION THAT DEFENDANTS WERE JOINT EMPLOYERS UNDER THE FLSA AND STATE WAGE ACTS

To determine whether Plaintiffs properly alleged that Go Au Pair was an "employer," this Court should analyze whether Plaintiffs' averments meet the economic realities test outlined in *Baker v. Flint Engineering & Const. Co.*, 137 F.3d 1436 (10th Cir. 1998).  Specifically, the FAC must allege that Go Au Pair:  (1) had the power to hire and fire *au pairs*; (2) supervised and controlled *au pairs'* work schedules or conditions of employment; (3) determined rate and method of payment; and (4) maintained employment records.  *See id.* at 1440.

Rather than specifically addressing the FAC's deficiencies with respect to Go Au Pair in their Opposition, Plaintiffs conflate allegations asserted against other Defendants

2

as if these allegations were asserted against Go Au Pair. In a feeble attempt to assert that the FAC properly alleges Go Au Pair is a joint employer, Plaintiffs point to nine allegations (Doc. # 199 at 31-32)—three of which do not even pertain to Go Au Pair. Moreover, Plaintiffs' remaining six allegations that are directed at Go Au Pair are either conclusory statements that conflict with the FAC's specific allegations relating to Go Au Pair or do not meet the economic realities test.

### A. Plaintiffs' Opposition Conflates the Allegations Made Against Other Defendants and Go Au Pair

In an attempt to bolster their "control" allegations against Go Au Pair, Plaintiffs' Opposition mischaracterizes the following allegations pertaining exclusively to InterExchange or Cultural Care as applying to all "Defendants":

- "Defendants dictate and control a 'stipend' at which the *au pairs* are paid." (*Id.* at 31 (citing FAC p. 62, ¶ 297) (alleging Defendant **InterExchange** explains in its *au pair* blog that "all au pairs earn a weekly stipend of $195.75 per week").)

- "The contracts entered into by the *au pairs* are drafted and controlled by Defendants." (*Id.* (FAC p. 62, ¶ 299) (alleging Defendant **InterExchange's** pro forma extension contracts outline *au pairs'* responsibilities).)

- "Defendants have a permanent role in overseeing the *au pair's* work and have authority to control that work including the power to discipline and even terminate the *au pair*." (*Id.* at 32 (FAC p. 63, ¶ 303) (alleging Defendant **Cultural Care** expressly retained the authority to terminate *au pairs* who "married or became pregnant").)

These allegations have nothing to do with Go Au Pair and are irrelevant to the Court's determination of whether Plaintiffs have sufficiently pleaded FLSA and state law wage claims against Go Au Pair.

3

### B. Likewise, the FAC's Specific *Factual* Allegations about Go Au Pair Contradict the Conclusory Assertions that Go Au Pair was a Joint Employer

Plaintiffs litter the FAC with conclusory assertions that **Defendants** exert control over *au pairs* and set their stipends. (*See* Doc. # 101 ¶¶ 289-296.) But bare statements of legal conclusions lodged against multiple defendants do not render a claim that Go Au Pair was an employer more plausible, regardless of repetition. *Robbin v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (failing to differentiate among defendants is proper grounds to dismiss a complaint for failing to provide fair notice under Rule 8). This is especially true when the general statements are refuted by specific factual allegations asserted against Go Au Pair elsewhere in the FAC. Indeed, other than the allegation regarding Go Au Pair's retention of records (addressed below), the sum total of the remaining allegations referenced in the Opposition is as follows:

- Defendants retain "**exclusive** control to hire and fire au pairs." (Doc. # 199 at 32 (emphasis added) (citing FAC p. 61, ¶ 295).)

- Plaintiffs repeat the same allegation multiple times—that Defendants control Plaintiffs' employment by dictating precisely how much *au pairs* are compensated and controlling their working hours. (*Id.* (citing FAC p. 61, ¶¶ 293-94; p. 13, ¶ 53; p. 61 ¶ 290).)

- Defendants exercise sole and exclusive control over Plaintiffs' work during the training session. (*Id.* (citing FAC p. 61, ¶ 292).)

*First*, the FAC contradicts Plaintiffs' assertions that Go Au Pair retained "**exclusive** control to hire and fire au pairs." (Doc. # 199 at 32; *see also* excerpt of Go Au Pair's website, attached as **Exhibit I** (discussing tools Go Au Pair created to help host families "interview" and "select" potential *au pairs*).) Alexandra Ivette Gonzalez's ("Gonzalez")—the only named Plaintiff Go Au Pair sponsored—host family terminated

4

Gonzales—not Go Au Pair.  (Doc. # 101 ¶ 425.)  Similarly, Go Au Pair did not have exclusive control over hiring *au pairs*.  After Gonzalez's termination, Go Au Pair unsuccessfully tried to assist Gonzalez to find another host family to hire her, but none would take her.  (*Id.* ¶¶ 426-27.)  Clearly, Go Au Pair did not have the power—much less exclusive control—to hire *au pairs*.[1]  Accordingly, the FAC itself establishes that Go Au Pair was not responsible for firing or hiring Gonzalez.

*Second*, with respect to Go Au Pair's control of *au pairs'* schedules or conditions of employment, Plaintiffs refute their own conclusory allegations by simultaneously alleging the host family who employed Gonzalez set her hours, determined her responsibilities and controlled her schedule.  (*Id.* ¶¶ 418-22; *see also* excerpt of Go Au Pair's website, attached as **Exhibit J** (discussing host families' ability to change and control their *au pair's* work schedules).)  The FAC lacks any factual allegations establishing Go Au Pair had any say—much less controlled—*au pairs'* schedules or conditions of employment.

*Third*, despite Plaintiffs' repeated, general reference to "Defendants'" control over the stipend in an effort to bootstrap their inadequate allegations, the FAC establishes that it was the host families, not Go Au Pair, who controlled the stipend.  While the FAC broadly alleges Go Au Pair sets the stipend at $195.75 (*see, e.g, id.* ¶ 284), the FAC also states that Gonzalez's host family **paid her over $195.75** (*id.* ¶ 418).  These payments above the alleged "set" rate advertised by Go Au Pair demonstrate that it was

---

[1] It defies logic that a host family would allow a third party to hire their child's caretaker.

5

the host family, not Go Au Pair, who determined and paid the weekly stipend to the *au pair*. Go Au Pair's lack of control over the stipend paid to *au pairs* is further confirmed by Go Au Pair's contract with Gonzalez, which, consistent with Department of State ("DOS") guidance and regulations, provides only that the "weekly stipend will be **not less than** $195.75 per week in exchange for working up to ten hours per day for a maximum of 45 hours per week." (*See* Au Pair Agreement with Go Au Pair, attached to the Motion as Exhibit H (emphasis added).)

*Fourth,* the FAC belies Plaintiffs' argument that Go Au Pair "exercise[s] sole and exclusive control" over Plaintiffs' work during the training session. (*See* Doc. # 199 at 32.) DOS requires sponsors to provide *au pair* participants with child development and safety training prior to becoming *au pairs*. 22 C.F.R. § 62.31 (g). According to the FAC, Go Au Pair merely sends prospective *au pairs* DVDs to watch at their leisure **prior to entering the United States**. (Doc. # 101 ¶ 273 (Go Au Pair "offer[s] 32 hours of DVDs" for *au pairs* to "watch in their home country"); *see also, id.* ¶ 415.) Go Au Pair's compliance with federal regulations does support Plaintiffs' burden in alleging a joint employer relationship. *See, e.g.*, *Taylor v. Waddell & Reed Inc.*, No. 09cv2909, 2010 WL 3212136, at *3 (S.D. Cal. Aug. 12, 2010) (at motion to dismiss stage, determining that compliance with specific legal requirements is not indicative of control for purposes of establishing an employer-employee relationship). Moreover, requiring *au pair* participants to watch child safety instructional videos prior to becoming an *au pair* does not indicate control in the joint employer context. *See Gonzalez-Sanchez v. Int'l Paper Co.*, 346 F.3d 1017, 1021 (11th Cir. 2003) (requiring viewing of instructional videotape

on common performance standards, by itself, does not constitute control to establish a joint employer relationship). The allegations in the FAC pertaining to training do not establish control.

### C. The FAC Fails to Allege Facts that Raise a Plausible Suggestion that Go Au Pair Was a Joint Employer

Plaintiffs' final allegation in support of its wage claims is that Go Au Pair is a joint employer because it keeps extensive records pertaining to *au pairs*. (Doc. # 199 at 32 (*citing* FAC ¶ 296).) This contention, however, ignores the fact that DOS mandates that sponsors annually report wide-ranging information regarding *au pairs* and host families and record monthly contacts. 22 C.F.R. § 62.31(l), (m)(5). Go Au Pair's retention of records for the purpose of complying with federal regulations does not help Plaintiffs meet their burden in alleging a joint employer relationship. *See, e.g.*, *Taylor*, 2010 WL 3212136, at *3.[2] Regardless, this single contention is insufficient to allege that Go Au Pair was an employer under *Baker*, and it does not "provide plausible grounds that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Rather, the contract between Go Au Pair and Gonzalez establishes that Go Au Pair was not her employer. (*See* Au Pair Agreement between Go Au Pair and Gonzalez, attached to the Motion as Exhibit H).) While the FAC lists Gonzalez's duties

---

[2] Furthermore, the Department of Labor Fact Sheet #79E cited in the Opposition (*see* Doc. # 199 at 27-28) states that maintaining records concerning issuing payments, tax withholdings and other payroll-related records is a "weak" indicator that the entity is a joint employer. U.S. Department of Labor, Wage and Hour Division, Fact Sheet #79E (June 2014) (attached as Exhibit K). Here, the FAC does not even allege Go Au Pair maintained payroll-related records.

and suggests Go Au Pair dictated the scope of this work, (*see* Doc. # 101 ¶ 311), the agreement itself refutes that allegation. In accordance with Go Au Pair's obligation to administer its sponsorship program in accordance with federal regulations, including informing both the *au pairs* and host families of J-1 program requirements, the agreement simply specifies the types of tasks that are and are not permitted pursuant to the regulations.

## III.   CONCLUSION

A complaint should be dismissed where, as here, a plaintiff not only fails to satisfy its own burden, but actually pleads facts contradicting conclusory allegations. In the FAC, Plaintiffs affirmatively allege facts establishing that Gonzalez's host family—not Go Au Pair—determined and paid her weekly stipend, controlled her work conditions, and controlled hiring and firing decisions. As a result, Plaintiffs' allegations are deficient and fail to state a claim either under FLSA or the state wage acts. Counts VIII, IX, and X, along with the other claims asserted against Go Au Pair, should be dismissed.

Dated:  August 10, 2015.

Respectfully submitted,

*s/ Kathryn A. Reilly*
Kathryn A. Reilly
Toren G.E. Mushovic
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:   Reilly@wtotrial.com
         Mushovic@wtotrial.com

Attorneys for Defendant American Cultural Exchange, LLC d/b/a GoAuPair.

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on August 10, 2015, I electronically filed the foregoing **DEFENDANT AMERICAN CULTURAL EXCHANGE, LLC D/B/A GO AU PAIR'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [DOC. 131]** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- Alexander Hood
  alex@towardsjustice.org

- Bogdan Enica
  bogdane@hotmail.com

- Brooke A. Colaizzi
  bcolaizzi@shermanhoward.com

- Chandra M. Feldkamp
  cfeldkamp@kellywalkerlaw.com

- Christian D. Howard
  chammond@duffordbrown.com

- Daniel C. Perkins
  dperkins@laborlawyers.com

- Donald J. Gentile
  dgentile@lawson-weitzen.com

- Erica H. Gutherz
  egutherz@shermanhoward.com

- Heather F. Vickles
  hvickles@shermanhoward.com

- James E. Hartley
  jhartley@hollandhart.com

- Jeffrey P. Allen
  jallen@lawson-weitzen.com

- John R. Mann
  jmann@gordonrees.com

- Kathryn Anne Barrett
  kbarrett@bhfs.com

- Lauren F. Louis
  llouis@bsfllp.com

- Lawrence D. Stone
  lstone@duffordbrown.com

- Lawrence L. Lee
  llee@laborlawyers.com

- Martin J. Estevao
  estevaom@gtlaw.com

- Martha L. Fitzgerald
  mfitzgerald@bhfs.com

- Matthew L. Schwartz
  mlschwartz@bsfllp.com

- Meshach Y. Rhoades
  rhoadesm@gtlaw.com

- Mher Hartoonian
  mhartoonian@hollandhart.com

- Peter M. Skinner
  pskinner@bsfllp.com

- Randall W. Jackson
  rjackson@bsfllp.com

- Raymond M. Deeny
  rdeeny@shermanhoward.com

- Sigrid S. McCawley
  smccawley@bsfllp.com

- Susan M. Schaecher
  sschaecher@laborlawyers.com

- Thomas B. Quinn
  tquinn@gordonrees.com
- W.V. Bernie Siebert
  bsiebert@shermanhoward.com
- William J. Kelly III
  wkelly@kellywalkerlaw.com

*s/ Claudia Jones*
Legal Secretary