**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,
v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**PLAINTIFFS' CROSS-MOTION TO STRIKE CERTAIN EXHIBITS SUBMITTED BY THE DEFENDANTS**

---

**Certification of Compliance with D. Colo. L. Civ. R. 7.1(a)**

On August 28, 2015, the undersigned counsel for plaintiffs e-mailed all defense counsel of record to ascertain their position on this motion, and to invite any defense counsel to speak further if they believed it might be possible to resolve any portion of this dispute. On August 31, 2015, counsel for Cultural Homestay International reported, on behalf of all defendants, that defendants do not consent to the relief requested in this motion.

1

**Preliminary Statement**

Simultaneously with filing this motion, plaintiffs are filing their opposition to defendant Cultural Care's motion to strike certain exhibits submitted by plaintiffs in opposition to the defendants' motions to dismiss. For the reasons given in that response, Cultural Care's motion should be rejected; in deciding the defendants' motions to dismiss, this Court should have a complete picture of what the federal government has said about the *au pair* program, rather than just the authority that the defendants prefer.

Indeed, everything Cultural Care says about the materials it wishes the Court to strike – we don't know who authored it or what authority she had to do so, it is hearsay, it lacks context, etc. – could be said about the 2007 State Department "notice" that Cultural Care claims is "dispositive," (Doc. 207 at 7), as well as the other documents submitted by defendants, such as a "Fact Sheet" of uncertain provenance. The Court should consider all of it, or none. Thus, if Cultural Care's motion is not denied, plaintiffs move in the alternative to strike all references to the State Department notice and the other documents submitted in support of defendants' motions to dismiss.

In addition, and in any event, the Court should strike two new documents, attached to defendant Go Au Pair's reply for the first time, which are plainly evidence and may not be considered on a motion to dismiss.

2

## Legal Standard

"The Rule 12(b)(6) standard tests 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.'" *Wyles v. Aluminaid International, A.G.*, No. 15–cv–00393–CMA–KMT, 2015 WL 4035862, at *2 (D. Colo. June 30, 2015) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). "Indeed, 'the court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *DeAtley v. Allard*, No. 14–cv–00100–RM–KMT, 2014 WL 1258170, at *4 (D. Colo. Mar. 27, 2014) (quoting *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)).

## Discussion

**I.   If the Court Does Not Deny Cultural Care's Motion to Strike, the Court Should Also Strike the Exhibits Attached to the Defendants' Motions to Dismiss**

For the reasons given in plaintiffs' opposition to Cultural Care's motion to strike, that motion should be denied in its entirety.  In the event that the Court is inclined to strike any of the challenged material, however, it should also strike the exhibits attached to the defendants' motions[1] – particularly the 2007 State Department "Notice."

---

[1]   The complete list of exhibits that should be stricken includes the following:

Cultural Care's moving brief (Doc. 127), Exhibits 1-4;
Interexchange's moving brief (Doc. 130), Exhibits A-D, G, and H;
Go Au Pair's moving brief (Doc. 131), Exhibits B-G; and
Certain Sponsor Defendants' joint moving brief (Doc. 135), Exhibits A, and C-E.

Note that many of these are duplicates; for example virtually all of the defendants attached the 2007 State Department "Notice."

The State Department notice is not the product of formal rule-making, and lacks any context or explanation. Indeed, everything that Cultural Care says about the documents to which it objects can be said equally about the State Department notice: it is not authenticated, it lacks context, it is hearsay, it is a "rogue" document, and it appears without any explanation.

For instance, Cultural Care argued that the Wilberforce presentation, (Doc. 199, Ex. E), should be stricken because, though it appears on the State Department's web site, "there is no accompanying website page that explains [it] or provides any context." (Doc. 206 at 6). As plaintiffs demonstrate in their response to Cultural Care's motion to strike, this is dead wrong about the Wilberforce presentation – but it is exactly right about the 2007 notice. *The 2007 notice not only does not have an "accompanying website page," it is not on the State Department's website at all.* (*See generally* http://1.usa.gov/1N67JqI). After this lawsuit was filed, the State Department removed the 2007 notice – a powerful indication that it does not reflect the government's position any longer, if it ever did.[2]

Plaintiffs believe the best course of action is for the Court to consider all of the relevant material – starting of course with the text of the *au pair* regulations and the FLSA itself, and then applying ordinary canons of construction, including principles of

---

[2] As plaintiffs note in opposition to the motions to dismiss, it is the Department of Labor, and not the State Department, that expressly has the authority to interpret the FLSA as it applies to the *au pair* program. The Labor Department, consistent with the amicus brief, (Doc. 199, Ex. E), and the other authority cited by plaintiffs, has never suggested that $195.75 is a lawful wage. (*See* Doc. 199 at 37-38).

administrative deference. Certain materials, like the since-withdrawn 2007 notice, should be afforded no deference, while others, like the Department of Labor's opinion letters and amicus brief, should be afforded much deference, but the Court should consider it all. If *any* of these interpretive aids is to be stricken, however, it should be the 2007 notice, which plainly does not reflect the views of the government.

## II.     The Court Should Strike the Exhibits to Go Au Pair's Reply Brief

On a totally separate note, the Court should strike the first two exhibits (labelled I and J) to the reply brief submitted by American Cultural Exchange, d/b/a Go Au Pair. (Doc. 216). Those exhibits – excerpts from Go Au Pair's website – are submitted as evidence of Go Au Pair's policies, and are not properly considered on a motion to dismiss. Indeed, Go Au Pair uses the exhibits for a plainly prohibited purpose: to attempt to argue that Go Au Pair is not a joint employer under the "economic realities" test. (*See* Doc. 216 at 4-5 (relying on the exhibits to demonstrate that Go Au Pair purportedly did not have exclusive power to hire and fire *au pairs*, and did not control their work schedules)).

But the Court may not accept the defendants' proffers on this point, which are far outside of the pleadings. As plaintiffs argue in their opposition to the motions to dismiss, the economic realities test is inherently fact-dependent and therefore not appropriately resolved on a motion to dismiss. (Doc. 199 at 24-27; *see also id.* at 28-32 (discussing application of the economic realities test to the allegations in the Complaint)). Go Au Pair cannot attempt to skirt that fact by submitting evidence outside

of the complaint on a motion to dismiss, particularly when that evidence has not been tested in discovery. The Court should strike those exhibits.[3]

## Conclusion

For the reasons just given, in the event that the Court grants any portion of Cultural Care's motion to strike, (Doc. 206), the Court should also strike the documents attached to defendants' motions to dismiss – especially the 2007 State Department "Notice." And regardless of how the Court decides Cultural Care's motion, the Court should also strike exhibits I and J to defendant Go Au Pair's reply brief.

---

[3] If the Court declines to strike those exhibits, "the motion [to dismiss] must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also* Judge Christine M. Arguello Civ. Practice Standard 7.1D(e) ("**Matters outside the pleadings.** Rule 12(b) motions should not be stated in the alternative as a Rule 56 motion for summary judgment. If matters outside the pleadings are submitted in support of or opposition to a Rule 12(b) motion, both parties should discuss whether the 12(b) motion should be converted to a summary judgment motion. In such a case, the Court may issue an order to show cause why the motion should not be treated as a Rule 56 motion, or the parol submissions may be disregarded."). Given that plaintiffs have not had the opportunity to conduct discovery, however, summary judgment would not be appropriate. *See* Fed. R. Civ. P. 56(d).

Dated: August 31, 2015

Respectfully Submitted,
BOIES, SCHILLER & FLEXNER LLP

 /s/  Matthew L. Schwartz
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
575 Lexington Avenue
New York, New York  10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301
Tel.: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on August 31, 2015, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

Brooke A. Colaizzi
BColaizzi@shermanhoward.com

Erica Herrera Gutherz
egutherz@shermanhoward.com

Chanda Marie Feldkamp
cfeldkamp@kellywalkerlaw.com

Meshach Yustine Rhoades
mrhoades@armstrongteasdale.com

Bogdan Enica
bogdane@hotmail.com

Martha Louise Fitzgerald
mfitzgerald@bhfs.com

Mher Hartoonian
mhartoonian@hollandhart.com

Donald Joseph Gentile
dgentile@lawson-weitzen.com

John Roger Mann
jmann@gordonrees.com

Brian Alan Birenbach
brian@rietzlawfirm.com

Toren G.E. Mushovic
mushovic@wtotrial.com

Lawrence L. Lee
llee@laborlawyers.com

Raymond Myles Deeny
rdeeny@shermanhoward.com

Heather Fox Vickles
hvickles@sah.com

William James Kelly, III
wkelly@kellywalkerlaw.com

Martin Estevao
mestevao@armstrongteasdale.com

Kathryn Anne Barrett
kbarrett@bhfs.com

James Edward Hartley
jhartley@hollandhart.com

Jeffrey Paul Allen
jallen@lawson-weitzen.com

Walter Vernon Bernie Siebert
bsiebert@shermanhoward.com

Thomas Baker Quinn
tquinn@gordonrees.com

Kathryn A. Reilly
reilly@wtotrial.com

Daniel C. Perkins
dperkins@laborlawyers.com

Susan M. Schaecher
sschaecher@laborlawyers.com

8

Christian Dow Hammond
chammond@duffordbrown.com

Lawrence Daniel Stone
lstone@duffordbrown.com

  /s/  Matthew L. Schwartz
Matthew L. Schwartz