**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**UNOPPOSED MOTION FOR LEAVE TO CITE NEW RELEVANT AUTHORITY**

---

**Certification of Compliance with D. Colo. L. Civ. R. 7.1(a)**

On August 28, 2015, the undersigned counsel for plaintiffs e-mailed all defendants to ascertain their position on this motion. On August 31, 2015, counsel for Cultural Homestay International reported, on behalf of all defendants, that defendants do not oppose this motion.

**Unopposed Motion for Leave to Cite New Relevant Authority**

Plaintiffs respectfully seek leave to cite new, relevant authority in connection with the pending motions to dismiss. Pursuant to this Court's Civil Practice Standard 7.1A:

> A motion for leave to cite new relevant authority may be filed if the supplemental authority was issued after briefing on a motion closed. The motion shall be limited to the case title, citation, date of decision, and a single-sentence reference to the issue to which the movant believes the new decision pertains. No comment on the significance of the decision, or

>its interpretation, may be made, and no responsive comment will be permitted.

Accordingly, plaintiffs seek leave to cite the following two new authorities:

1. *Home Care Association of America v. Weil*, – F.3d –, No. 15-5018, 2015 WL 4978980 (D.C. Cir. Aug. 21, 2015).  This case is relevant to the validity of recent changes in Department of Labor rules regarding joint- and third-party employment of live-in domestic servants under 29 C.F.R. § 552.109(c), which were discussed at pages 39-41 and footnote 16 of the plaintiffs' consolidated opposition to the motions to dismiss, (Doc. 199).  A copy of the decision, and the Labor Department's statement concerning the decision, is available at http://1.usa.gov/1L517Wz.

2. On July 15, 2015, the Administrator of the Department of Labor's Wage and Hour Division issued an Interpretation Letter (No. 2015-1) entitled "The Application of the Fair Labor Standards Act's 'Suffer or Permit' Standard in the Identification of Employees Who Are Misclassified as Independent Contractors."  This Labor Department guidance is relevant to the "economic realities" test and thus the question of whether defendants are joint employers of *au pairs*.  *See, e.g.*, Interpretation Letter at 13-14 ("Some employers assert that the control that they exercise over workers is due to the nature of their business, regulatory requirements, or the desire to ensure that their customers are satisfied. However, control exercised over a worker, even for any or all of those reasons, still indicates that the worker is an employee. As the Eleventh Circuit explained: '[The employer] also argues that its quality control measures and regulation of schedules stemmed from "the nature of the business" and are therefore not the type of control that is relevant to the economic dependence inquiry. We disagree. The economic reality inquiry requires us to examine the nature and degree of the alleged employer's control, not why the alleged employer exercised such control. Business needs cannot immunize employers from the FLSA's requirements. If the nature of a business requires a company to exert control over workers to the extent that [the employer] has allegedly done, then that company must hire employees, not independent contractors.  *Scantland* [*v. Jeffry Knight, Inc.*], 721 F.3d [1308,] 1316 [(11th Cir. 2013)].'").  A copy of the Administrator's Interpretation Letter is available at http://1.usa.gov/1Gnc8fZ, and an

explanation of what an Interpretation Letter is, is available at http://1.usa.gov/1KP3Obv.

Dated: August 31, 2015

                  Respectfully Submitted,
BOIES, SCHILLER & FLEXNER LLP

 /s/  Matthew L. Schwartz
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
575 Lexington Avenue
New York, New York  10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301
Tel.: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on August 31, 2015, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

Brooke A. Colaizzi
BColaizzi@shermanhoward.com

Erica Herrera Gutherz
egutherz@shermanhoward.com

Chanda Marie Feldkamp
cfeldkamp@kellywalkerlaw.com

Meshach Yustine Rhoades
mrhoades@armstrongteasdale.com

Bogdan Enica
bogdane@hotmail.com

Martha Louise Fitzgerald
mfitzgerald@bhfs.com

Mher Hartoonian
mhartoonian@hollandhart.com

Donald Joseph Gentile
dgentile@lawson-weitzen.com

John Roger Mann
jmann@gordonrees.com

Brian Alan Birenbach
brian@rietzlawfirm.com

Toren G.E. Mushovic
mushovic@wtotrial.com

Lawrence L. Lee
llee@laborlawyers.com

Raymond Myles Deeny
rdeeny@shermanhoward.com

Heather Fox Vickles
hvickles@sah.com

William James Kelly, III
wkelly@kellywalkerlaw.com

Martin Estevao
mestevao@armstrongteasdale.com

Kathryn Anne Barrett
kbarrett@bhfs.com

James Edward Hartley
jhartley@hollandhart.com

Jeffrey Paul Allen
jallen@lawson-weitzen.com

Walter Vernon Bernie Siebert
bsiebert@shermanhoward.com

Thomas Baker Quinn
tquinn@gordonrees.com

Kathryn A. Reilly
reilly@wtotrial.com

Daniel C. Perkins
dperkins@laborlawyers.com

Susan M. Schaecher
sschaecher@laborlawyers.com

4

Christian Dow Hammond
chammond@duffordbrown.com

Lawrence Daniel Stone
lstone@duffordbrown.com

                                             /s/  Matthew L. Schwartz
                                            Matthew L. Schwartz