UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.  1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.,*

Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*,

Defendants.

**CULTURAL CARE, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE**[1]

Cultural Care hereby replies to Plaintiffs' Opposition to Motion to Strike (Docket No. 220) (the "Opposition") as follows:

**A.   Exhibit B—Internet Article.**

This Court should not consider an internet news article replete with hearsay from unnamed sources to support Plaintiffs' Opposition to Cultural Care's Motion to Dismiss. The Internet Article is inherently unreliable and irrelevant where it cites unnamed "State Department officials," was authored and published ***after*** the events at issue in this case, and was written to appeal to readers of an internet site, not to be an authoritative statement of government policy.  Plaintiffs' reliance on such a dubious source while summarily disregarding legitimate authority—like federal case law and the official DOS

---

[1] All capitalized terms in this Reply, unless otherwise defined, shall have the meanings ascribed to them in Cultural Care's Motion to Strike (Docket No. 206).

Stipend Notice[2]—further confirms the fatal defects in their claims.  Plaintiffs' lawsuit is premised on ignoring the relevant DOS regulations and mandates that specifically govern this federal exchange program, distorting the nature of the program to resemble a traditional employment relationship with the sponsors as employers, and cherry-picking state and federal wage law to apply to the au pair program (like FLSA and state wage laws) in the absence of any legal basis.  The Court should not allow Plaintiffs to muddy the waters further by submitting the Internet Article in support of their claims.

Plaintiffs argue that this Court should consider the Internet Article because "courts often defer to post-litigation agency interpretations."  *Opp. at 13.*  Cultural Care cannot locate a case in which this Court has cited an internet article quoting an unnamed source as "authority" for a government agency's policies.  Plaintiffs principally rely on two lines in the Internet Article that purport to quote unnamed "State Department officials" for the proposition that "sponsors 'must also comply with . . . state minimum wage . . . .'"  *Pltfs. Opp. to MTD at 2-3; Internet Article at 2.*  First, it is noteworthy that the word "sponsors" falls outside of the quotation marks in the article.  It is also noteworthy that, while the Internet Article attributes this quote to unnamed "State Department officials," Plaintiffs vehemently insist in the Opposition that the quote is attributable to a DOS spokesman named Nathan Arnold.  *Opp. at 5-6, 14 n.4.*  While Mr. Arnold is quoted twice in the Internet Article, the quote about state minimum wage is not attributed to him.  *Internet Article at 2.  C*ourts do not and should not consider internet news articles as an authority on government policy, especially articles published after

---

[2] A copy of which is attached as *Exhibit 1* to Cultural Care's Motion to Dismiss (Docket No. 127).

the events at issue that are fraught with hearsay from unnamed sources. For the above reasons and those provided in the Motion to Strike, this Court should strike the Internet Article.

### B. Exhibit D—Amicus Brief.

Plaintiffs provide no authority in the Opposition that prevents the striking of the Amicus Brief. The Amicus Brief includes no analysis of the au pair program and is a irrelevant document submitted five years ago in an inapposite Eleventh Circuit case. The Stipend Notice, which was a mandate issued by DOS specifically for the au pair program, **_expressly_** included a 40% room and board credit. *Exhibit 1 to CC MTD* ("[t]he Au Pair stipend is based on a U.S. Department of Labor formula that includes credit for room and board Host Families provide for their Au Pairs. The room and board credit currently is 40% of an au pair's credited compensation."). Plaintiffs again summarily ignore this dispositive mandate from DOS and cite a wholly unrelated amicus brief that discusses whether employers of H-2A employees (temporary or seasonal agricultural workers) can take a housing deduction under FLSA. The au pair program involves an entirely different statutory and regulatory framework than H-2A employees and au pairs are cultural exchange participants, not temporary or seasonal workers. Indeed, the au pair program is not a work program, but a cultural exchange. The Amicus Brief includes no analysis of the au pair program, collects no background or factual information relevant to the au pair program, and provides no insight on the effect a ruling by this Court may have on the au pair program. The 59-page Amicus Brief should be stricken

because it will only inappropriately confuse the issues at bar and add to this Court's burden in considering Cultural Care's Motion to Dismiss.

**C. Exhibit E—PowerPoint Presentation.**

During the D.C.COLO.LCivR 7.1 conferral prior to the filing of the Motion to Strike, counsel for Cultural Care asked Plaintiffs' counsel if he was aware of a DOS webpage that provided some context for the PowerPoint Presentation. Counsel for Cultural Care was unable to locate such a webpage. Although this information was not provided during the conferral, Plaintiffs have provided it in the Opposition. Thus, while Cultural Care believes that the PowerPoint presentation is irrelevant and provides no support for Plaintiffs' claims, it withdraws its motion to strike based on authentication.

Respectfully Submitted,

_____s/ Jeffrey P. Allen_____
Jeffrey P. Allen
E-mail: jallen@lawson-weitzen.com
Donald J. Gentile
E-mail: dgentile@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue
Boston, MA 02210
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987

-and-

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email: bsiebert@shermanhoward.com

ATTORNEYS FOR DEFENDANT
CULTURAL CARE, INC.

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on September 17, 2015, I electronically filed the foregoing Cultural Care, Inc.'s Reply to Plaintiffs' Opposition to Motion to Strike using the CM/ECF system which will send notification of such filing to the following e-mail addresses.

**Lauren Fleischer Louis**
llouis@bsfllp.com

**Sigrid Stone McCawley**
smccawley@bsfllp.com

**Matthew Lane Schwartz**
mlschwartz@bsfllp.com

**Peter Murray Skinner**
pskinner@bsfllp.com

**Randall Wade Jackson**
rjackson@bsfllp.com

**Alexander Hood**
alex@towardsjustice.org

**Bogdan Enica**
bogdane@hotmail.com

**Brian A. Birenbach**
brian@rietzlawfirm.com

5

**Brooke A. Colaizzi**
bcolaizzi@shermanhoward.com

**Chandra M. Feldkamp**
cfeldkamp@kellywalkerlaw.com

**Christian D. Howard**
chammond@duffordbrown.com

**Daniel C. Perkins**
dperkins@laborlawyers.com

**Heather F. Vickles**
hvickles@shermanhoward.com

**Kathryn A. Reilly**
reilly@wtotrial.com

**Toren G. E. Mushovic**
mushovic@wtotrial.com

**James E. Hartley**
jhartley@hollandhart.com

**John R. Mann**
jmann@gordonrees.com

**Kathryn Anne Barrett**
kbarrett@bhfs.com

**Lawrence D. Stone**
lstone@duffordbrown.com

**Lawrence L. Lee**
llee@laborlawyers.com

**Martin J. Estevao**
estevaom@gtlaw.com

**Martha L. Fitzgerald**
mfitzgerald@bhfs.com

**Meshach Y. Rhoades**
rhoadesm@gtlaw.com

**Mher Hartoonian**
mhartoonian@hollandhart.com

**Raymond M. Deeny**
rdeeny@shermanhoward.com

**Thomas B. Quinn**
tquinn@gordonrees.com

**W.V. Bernie Siebert**
bsiebert@shermanhoward.com

**William J. Kelly III**
wkelly@kellywalkerlaw.com


    s/ Jeffrey P. Allen
Jeffrey P. Allen