UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.  1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.,*

Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*,

Defendants.

---

**CULTURAL CARE, INC.'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO STRIKE CERTAIN EXHIBITS SUBMITTED BY DEFENDANTS**

---

## I. INTRODUCTION

This Court should deny Plaintiffs' Cross-Motion to Strike Certain Exhibits Submitted by Defendants (the "Cross-Motion") because, whereas Cultural Care, Inc.'s ("Cultural Care") Motion to Strike (Docket No. 206) primarily asks the Court to strike an internet news article fraught with hearsay from unnamed sources that Plaintiffs cited as "authority" on U.S. Department of State ("DOS") policy, Plaintiffs' Cross-Motion is merely an exercise in retaliation for the Motion to Strike and there is no basis to strike the four exhibits to Cultural Care's Motion to Dismiss.  Plaintiffs' request to strike Exhibit 1 to Cultural Care's Motion to Dismiss, the DOS notice dated June 14, 2007 (the "Stipend Notice"), is especially frivolous because Plaintiffs themselves rely on the Stipend Notice throughout their Amended Complaint and specifically reference it at ¶ 83

and on page 35,[1] the document is not only central to Plaintiffs' claims but dispositive of their claims in this case, and Plaintiffs admit (most recently in the Cross-Motion) that DOS issued it. Thus, unlike the internet news article in Cultural Care's Motion to Strike, there is no dispute regarding the authenticity of the Stipend Notice. In addition, Plaintiffs' attempt to strike Exhibits 2 through 4 to Cultural Care's Motion to Dismiss must also fail because the documents were all issued by government agencies, are publicly available on the respective agency websites, provide specific guidance on the au pair program, and are central to Plaintiffs' claims.

## II. LEGAL ARGUMENT

### A. Legal Standard.

When considering a motion to dismiss, "a Court may consider outside documents that are both central to the plaintiffs' claims and to which the plaintiffs refer in their complaint." *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) (and cases cited therein). "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *Id.; see also Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (noting that documents are not "outside the pleadings" if they are "referred to in the plaintiff's complaint and are central to his

---

[1] As discussed below, the Stipend Notice is the document in which DOS set the $195.75 au pair stipend, and Plaintiffs reference the $195.75 stipend approximately 140 times in their Amended Complaint. Plaintiffs' allege in ¶ 83 of their Amended Complaint that "As of July 24, 2009, a State Department bulletin updated the weekly minimum programmatic wage floor to $195.75 for 45 hours of weekly work." Plaintiffs allege on page 35 that "The State Department's Posted Minimum Wage of $195.75 Represents a Programmatic Wage Floor."

2

claim"). A Court may also consider outside documents subject to judicial notice. A court may take judicial notice of a fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (b), (d). Courts often take judicial notice of government publications. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006); *Clemmons v. Bohannon*, 956 F.2d 1523, 1532 & n.2 (10th Cir. 1992) (Seymour, J., dissenting) (en banc) (judicial notice of government reports); *Clappier v. Flynn*, 605 F.2d 519, 535 (10th Cir. 1979) (judicial notice of official governmental publications); *Buhendwa, Reg'l Transp. Dist.*, No. 14-CV-00720, 2015 WL 1143174, at n.1 (D. Colo. Mar. 10, 2015); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on official government website); *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670, 2008 WL 4183981, at *2 (N.D. Cal. Sept. 9, 2008) ("Information on government agency websites has often been treated as properly subject to judicial notice."); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public records and government documents available from reliable sources on the Internet.").

### B. Stipend Notice (Exhibit 1).

Plaintiffs' motion to strike the Stipend Notice fails under every legal standard summarized above. First, the Stipend Notice is central to Plaintiffs' claims and

3

permeates throughout the entire Amended Complaint. Plaintiffs specifically incorporate the Stipend Notice at ¶ 83 of the Amended Complaint when they allege that "As of July 24, 2009, a State Department bulletin updated the weekly minimum programmatic wage floor to $195.75 for 45 hours of weekly work." Plaintiffs incorporate the Stipend Notice again on page 35 of the Amended Complaint when they state that "The State Department's Posted Minimum Wage of $195.75 Represents a Programmatic Wage Floor." Not only do Plaintiffs specifically incorporate the Stipend Notice, but they rely on it throughout the Amended Complaint. The Stipend Notice is the document in which DOS set the $195.75 weekly stipend that host families must pay to au pairs. The $195.75 amount from the Stipend Notice appears approximately 140 times in Plaintiffs' Amended Complaint and repeatedly in nearly every filing in this case. It is difficult to imagine a document more central to Plaintiffs' claims than the Stipend Notice. Plaintiffs also admit that the Stipend Notice is a DOS publication and, in any event, its authenticity is clear from the face of the document and the fact that DOS published it on DOS's official website. The Stipend Notice was publicly available through the DOS website at http://j1visa.state.gov/wp-content/uploads/2012/09/aupair_wageincrease.pdf when Cultural Care filed its original Motion to Dismiss (Docket No. 74) on February 20, 2015 (Cultural Care noted this in footnote 5 on page 6 of its original Motion to Dismiss). This Court should therefore take judicial notice of it as a government publication. The authenticity of the Stipend Notice is not subject to reasonable dispute and this fact demonstrates the pure retaliatory nature of the Cross-Motion.

4

### C. IRS Publication (Exhibit 2), USIA Publication (Exhibit 3), and NYDOL Publication (Exhibit 4).

This Court should deny Plaintiffs' motion to strike the documents appended as Exhibits 2 through 4 to Cultural Care's Motion to Dismiss because they are all government publications specifically discussing the au pair program that are publicly available on official government websites and are central to Plaintiffs' claims. Plaintiffs also specifically cite Exhibit 3 in the Amended Complaint.

The Internal Revenue Service ("IRS") publication (Exhibit 2) is publicly available on the agency's website at http://www.irs.gov/Individuals/International-Taxpayers/Au-Pairs (last visited September 24, 2015). It demonstrates, among other things, that the IRS has acknowledged that DOL has already established that the host family, and not the sponsor, is the "employer" in the au pair program. The IRS publication is yet another source that refutes Plaintiffs' baseless claim that the sponsor is the "employer" in the program. Similarly, the United States Information Agency ("USIA")[2] publication (Exhibit 3) confirms the host family's status as the "employer" and is publicly available on the Electronic Research Collection at http://dosfan.lib.uic.edu/usia/GC/GC_Docs/AuPair/stipend.htm (last visited September 24, 2015). Plaintiffs specifically rely on the USIA publication in ¶ 163 of their Amended Complaint ("from approximately March 1997 through September 1999, the USIA website posted a document entitled 'Fact Sheet: Au Pair Stipend'). The Electronic Research Collection is a partnership between DOS and the Federal Depository Library at the University of Illinois at Chicago. http://dosfan.lib.uic.edu/ERC/index.html (last

---

[2] The USIA regulated the au pair program before DOS.

visited September 24, 2015). The Electronic Research Collection is recognized by the U.S. Government Printing Office and "is responsible for electronically archived information products produced by State Department from 1990 to 1997," which is the year that the USIA publication was published. *Id.* The USIA publication also confirms that host families are entitled to a "Department of Labor determined credit for room and board," which Plaintiffs deny in the absence of any legal basis. Finally, the New York State Department of Labor ("NYSDOL") publication (Exhibit 4) is also publicly available on the agency's official government website at https://labor.ny.gov/legal/laws/pdf/domestic-workers/facts-for-employers.pdf (last visited September 24, 2015). The NYDOL publication is central to Plaintiffs' claims because it categorically demonstrates that Plaintiffs' claims under New York Wage Act fail because the New York Department of Labor has concluded that au pairs are not subject to the state's domestic worker and labor laws. Accordingly, Exhibits 2 through 4 to Cultural Care's Motion to Dismiss should not be stricken because they are all government publications specifically discussing the au pair program that are available on official government websites and are central to Plaintiffs' claims.

### III. CONCLUSION

The Court should deny Plaintiffs' Cross-Motion because it is a purely retaliatory filing and there is no basis to strike the four exhibits attached to Cultural Care's Motion to Dismiss. Plaintiffs' request to strike the Stipend Notice (Exhibit 1) is particularly meritless because Plaintiffs themselves introduced the document into this case by citing it and relying on it in their Amended Complaint. In any event, Exhibits 1 through 4 to

Cultural Care's Motion to Dismiss should not be stricken because the documents are subject to judicial notice given that they were all issued by government agencies, are publicly available, provide specific guidance on the au pair program, and are central to Plaintiffs' claims.

Respectfully Submitted,

_____s/ Jeffrey P. Allen_____
Jeffrey P. Allen
E-mail: jallen@lawson-weitzen.com
Donald J. Gentile
E-mail: dgentile@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue
Boston, MA 02210
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987

-and-

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email: bsiebert@shermanhoward.com

ATTORNEYS FOR DEFENDANT
CULTURAL CARE, INC.

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on September 24, 2015, I electronically filed the foregoing Cultural Care, Inc.'s Opposition to Plaintiffs' Cross-Motion to Strike Certain Exhibits Submitted by Defendants using the CM/ECF system which will send notification of such filing to the following e-mail addresses.

**Lauren Fleischer Louis**
llouis@bsfllp.com

**Sigrid Stone McCawley**
smccawley@bsfllp.com

**Matthew Lane Schwartz**
mlschwartz@bsfllp.com

**Peter Murray Skinner**
pskinner@bsfllp.com

**Randall Wade Jackson**
rjackson@bsfllp.com

**Alexander Hood**
alex@towardsjustice.org

**Bogdan Enica**
bogdane@hotmail.com

**Brian A. Birenbach**
brian@rietzlawfirm.com

**Brooke A. Colaizzi**
bcolaizzi@shermanhoward.com

**Chandra M. Feldkamp**
cfeldkamp@kellywalkerlaw.com

**Christian D. Howard**
chammond@duffordbrown.com

**Daniel C. Perkins**
dperkins@laborlawyers.com

**Heather F. Vickles**
hvickles@shermanhoward.com

**Kathryn A. Reilly**
reilly@wtotrial.com

**Toren G. E. Mushovic**
mushovic@wtotrial.com

**James E. Hartley**
jhartley@hollandhart.com

**John R. Mann**
jmann@gordonrees.com

**Kathryn Anne Barrett**
kbarrett@bhfs.com

**Lawrence D. Stone**
lstone@duffordbrown.com

**Lawrence L. Lee**
llee@laborlawyers.com

**Martin J. Estevao**
estevaom@gtlaw.com

**Martha L. Fitzgerald**
mfitzgerald@bhfs.com

**Meshach Y. Rhoades**
rhoadesm@gtlaw.com

**Mher Hartoonian**
mhartoonian@hollandhart.com

**Raymond M. Deeny**
rdeeny@shermanhoward.com

**Thomas B. Quinn**
tquinn@gordonrees.com

| | |
|---|---|
| **W.V. Bernie Siebert** <br> bsiebert@shermanhoward.com | **Susan M. Schaecher** <br> sschaecher@laborlawyers.com |
| **William J. Kelly III** <br> wkelly@kellywalkerlaw.com | |

                                              s/ Jeffrey P. Allen
                                              Jeffrey P. Allen

9