IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

---

**JOINT RESPONSE BY CERTAIN SPONSOR DEFENDANTS TO PLAINTIFFS' CROSS-MOTION TO STRIKE CERTAIN EXHIBITS SUBMITTED BY THE DEFENDANTS (DOC. # 221)**

---

Defendants Agent Au Pair, Inc.; American Cultural Exchange, LLC d/b/a GoAuPair ("Go Au Pair"); InterExchange, Inc., ("InterExchange"); Cultural Homestay International; UsAuPair, Inc.; GreatAuPair, LLC; Expert Group International, Inc.; EurAupair Intercultural Child Care Programs; AuPair Care, Inc.; Au Pair International, Inc.; and APF Global Exchange, NFP (collectively, the "Responding Defendants") respond to Plaintiffs' Cross-Motion to Strike Certain Exhibits Submitted by the Defendants (Doc. # 221).

## INTRODUCTION

This purported class action challenges the weekly stipend paid by host families in the United States to au pairs through our nation's au pair program, a cultural exchange visitor program. As the Department of State ("DOS") designates and closely regulates

the fifteen sponsor Defendants who help administer the au pair program—including determining and publicizing the weekly stipend at issue—DOS's regulations and its interpretation of those regulations are at the center of this controversy.  Plaintiffs improperly seek to strike the regulatory exhibits offered by Responding Defendants in their motion to dismiss briefing.  Plaintiffs themselves cited not only general DOS guidance (both formal and informal) throughout the First Amended Complaint ("FAC"), *but they also cite to many of the specific documents they now seek to strike.*  For that reason, Plaintiffs' motion is frivolous and should be denied.  Additionally, Responding Defendants should be awarded their attorneys' fees incurred in preparing this response.

The eight exhibits Plaintiffs seek to strike are plainly proper.  Plaintiffs do not offer any reason why the Court should strike the majority of the exhibits listed in its motion—presumably because these exhibits are matters of public record of which the Court can take judicial notice.  The fact that Plaintiffs themselves reference many of these documents in their FAC underscores the groundlessness of their motion.  Plaintiffs' strategy of cherry-picking and presenting portions of documents out of context and then seeking to prevent Responding Defendants from providing the full context of those materials must fail.

## LEGAL STANDARD

In determining whether to grant a Rule 12(b)(6) motion, federal courts generally do not look beyond the four corners of the complaint.  *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir 2010).  Relevant here, there are three exceptions to this rule, which allow courts to consider:  (1) documents the complaint incorporated by reference; (2)

documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice. *Id.*; *MacArthur v. San Juan Cnty*, 309 F.3d 1216, 1221 (10th Cir. 2002). These exceptions allow a court to determine whether all the facts alleged, taken collectively, meet the 12(b)(6) standard, "not whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). The exhibits challenged by Plaintiffs fall within these exceptions.

## DISCUSSION

Plaintiffs seek to strike the following eight exhibits: (1) United States Information Agency's ("USIA") Fact Sheet: Au Pair Stipend ("Fact Sheet");[1] (2) DOS Weekly Wage Due to Au Pair Program Participants;[2] (3) Notice Federal Minimum Wage Increase ("Notice");[3] (4) The Au Pair Exchange Program Brochure ("Brochure");[4] (5) Internal Revenue Service ("IRS") Guidance: Au Pairs;[5] (6) New York State Department of Labor ("NYDOL") Facts for Employers;[6] (7) DOS's Written Statements to Au Pairs and Host Families Regarding the Au Pair Program;[7] and (8) excerpts from Go Au Pair's website.[8]

---

[1] InterExchange's moving brief (Doc. # 130), Ex. B; Go Au Pair's moving brief (Doc. # 131), Ex. C; Certain Sponsor Defendants' joint moving brief (Doc. # 135), Ex. A.

[2] Doc. # 130, Ex. D; Doc. # 135, Ex. D.

[3] Doc. # 130, Ex. C; Doc. # 131, Ex. B; Doc. # 135, Ex. C.

[4] Doc. # 130, Ex. A; Doc. # 131, Ex. G.

[5] Doc. # 130, Ex. G; Doc. # 131, Ex. D; Doc. # 135, Ex. E.

[6] Doc. # 130, Ex. H.

[7] Doc. # 131, Exs. E, F.

(Doc. # 221 at 3 n.1.)  These exhibits fall within three categories:  (A) legal authority—*i.e.*, agency guidance interpreting the Fair Labor Standards Act ("FLSA") and the au pair regulations, specifically referenced or quoted in the FAC; (B) agency guidance interpreting the FLSA and au pair regulations, not referenced in the FAC; and (C) non-government-related documents, relied upon in the FAC.  In the context of this case, these categories and their included exhibits are properly considered at the motion to dismiss stage.

**A.     Legal Authority Referenced In The FAC**

Plaintiffs assert a variety of claims relating to the weekly stipend provided to au pairs participating in the au pair program.  (Doc. # 101 ¶¶ 322-427).  All these claims relate to or rely on the allegation that the government set $195.75 as a minimum for the weekly stipend.  The FAC relies on the Fact Sheet, DOS's Weekly Wage Due to Au Pair Program Participants and the Notice in an attempt to establish that the government set the au pair stipend as a "programmatic wage floor."

**a.     1997 Fact Sheet:  Au Pair Stipend**

In 1997, USIA—the agency who then oversaw the Au Pair Program—issued the Fact Sheet, which provided sponsors with the agency's guidance on the au pair stipend.  (Doc. # 131, Exhibit C.)  The Fact Sheet is publicly available (at http://dosfan.lib.uic.edu/usia/GC/GC_Docs/AuPair/stipend.htm) on the Electronic Research Collection ("ERC"), which is a partnership between DOS and the Federal Depository Library at the University of Illinois at Chicago.

---

[8] Go Au Pair's Reply in Support of its Motion to Dismiss (Doc. # 216), Exs. I, J.

(http://dosfan.lib.uic.edu/ERC/index.html.)  The ERC is responsible for electronically archiving information produced by DOS from 1990 to 1997. *Id.*

The FAC relies on the Fact Sheet in an attempt to establish that the Government set the au pair stipend as a programmatic wage floor:  "[F]rom approximately March 1997 through September 1999, the USIA website posted a document entitled 'Fact Sheet:  Au Pair Stipend.'  The document informed sponsors and host families that the minimum FLSA stipend calculation, then $128.25 per week, was a *'minimum* weekly stipend.'"  (Doc. # 101 ¶ 163 (emphasis added).)  Thus, Plaintiffs specifically cite to and rely upon the Fact Sheet in attempting to plead their claims.

However, Plaintiffs also assert that it is improper for host families to receive a credit against the federal minimum wage for lodging.  (Doc. # 101 ¶ 63.)  Plaintiffs' assertion is contrary to the Fact Sheet, which states the stipend is calculated "using a formula based on the minimum wage and room and board."  (Doc. # 131, Ex. C.)  Accordingly, the Fact Sheet refutes Plaintiffs' claim that au pairs are paid "just $4.35 per hour"—which is repeated countless times in the FAC.  (*See, e.g.,* Doc. # 101 ¶ 5.)  The Fact Sheet is therefore central to the factual allegations set forth in the FAC.  Plaintiffs' failure to attach the Fact Sheet does not preclude Responding Defendants from submitting the Fact Sheet for this Court's consideration in deciding if Plaintiffs allege sufficient facts to state a plausible claim.  *GFF Corp. v. Ass. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (if a plaintiff does not attach a document that is central to the complaint, defendant may attach the document as an exhibit to a motion to dismiss).

### b. DOS's Weekly Wage Due to Au Pair Program Participants

Similarly, Plaintiffs also identified and quoted the DOS's "Weekly Wage Due to Au Pair Program Participants" in the FAC for support that the stipend must comply with the minimum wage law: "In 2002, [DOS] . . . issued a notice entitled 'Weekly Wage Due to Au Pair Program Participants' . . . . The notice stated that [the Labor Department] has 'sole jurisdiction regarding matters of minimum wage.' The notice reiterated that 'the wage given an Au Pair must conform to minimum wage law and adjustments.'" (Doc. # 101 at ¶ 165.) As with the Fact Sheet, Defendants may attach this exhibit to their motions to dismiss, as Plaintiffs specifically rely upon it in the FAC, and therefore, the Court should have the ability to assess the document in its entirety when deciding upon the motions to dismiss.

Plaintiffs understandably want to strike this document, as it refutes Plaintiffs' assertions that the credit for room and board is illegal: The Labor Department "determine[d] the credit (room and board) to be applied against the weekly" stipend. (Doc. # 130, Ex. D at 1.) Plaintiffs would rather the Court only consider those portions of the DOS's Weekly Wage Due to Au Pair Program Participants they deem helpful to their case. In deciding the motions to dismiss, this Court should have a complete picture of what the federal government has said about the au pair program, rather than only relying on snippets Plaintiffs prefer. While Plaintiffs are free to argue that unhelpful sections of the DOS's Weekly Wage Due to Au Pair Program Participants are unpersuasive, there is no legitimate basis on which to strike the exhibit.

### c. Notice Federal Minimum Wage Increase

6

Lastly, the FAC apparently refers to the Notice: "As of July 24, 2009, a [DOS] bulletin updated the weekly minimum programmatic wage floor to $195.75 for 45 hours of weekly work." (Doc. # 101 at ¶ 83.) The Notice directly tracks this allegation as it updated the weekly stipend based on an increase in the minimum wage. As with the previous exhibits, it is proper for the Court to evaluate such a document that is relied upon in the FAC.

Like the other exhibits Plaintiffs seek to strike, the Notice is harmful to their position: The Notice states DOS used the 40% credit in calculating the weekly stipend, which refutes Plaintiffs' allegations that the credit is illegal. (*See* Doc. # 130, Ex. C) There is no basis to strike this exhibit.

Alternatively, if plaintiffs contend that the DOS bulletin referenced in the FAC is different than the Notice, this Court should take judicial notice of this exhibit under the legal authorities set forth below. Plaintiffs acknowledge the Notice was posted on DOS's website, and therefore the Notice satisfies the judicial notice standard. (Doc. # 221 at p. 4.)

### B.   The Court should take Judicial Notice of Agency Guidance Not Referenced In The FAC

Federal courts ruling on a motion to dismiss may take judicial notice of matters of public record or similar matters that meet the judicial notice test, without converting the motion to dismiss into a motion for summary judgment. *See, e.g.*, *Tellabs, Inc.*, 551 U.S. at 322-23 (standard for motion to dismiss a securities fraud claim in violation of § 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b–5). Indeed, just as the court need not accept as true allegations of a

complaint that are contradicted by the exhibits attached to the complaint, the court need not accept as true allegations that contradict matters properly subject to judicial notice. The rules of evidence provide that, when requested by a party, a court may take judicial notice of a fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (b), (d).

Courts routinely take judicial notice of information on government websites— regardless if the information is the product of formal rule making. *See, e.g., Buhendwa, Reg'l Transp. Dist.*, No. 14-CV-00720, 2015 WL 1143174, at n.1 (D. Colo. Mar. 10, 2015); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on official government website); *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670, 2008 WL 4183981, at *2 (N.D. Cal. Sept. 9, 2008) ("Information on government agency websites has often been treated as properly subject to judicial notice."); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public records and government documents available from reliable sources on the Internet.").

    a.    **The Au Pair Exchange Program Brochure**

The Brochure is offered as a statement of DOS's interpretation of 22 C.F.R. § 62.3—the very regulation at issue in this case.  22 C.F.R. §§ 62.10 (c)(7), 62.31 (f)(1),

(5), (i)(1), (2).  The Brochure is publicly available on DOS's website (at http://j1visa.state.gov/wp-content/uploads/2012/09/au-pair-program-brochure-sept-2011.pdf) (last visited Sept. 8, 2015).  Plaintiffs refer to DOS's website as the "virtual front door" to the au pair program.  (Doc. # 101 at ¶ 156.)  The Brochure outlines DOS's comprehensive regulations governing the au pair program.  *First*, the Brochure discusses host families' obligations: "The rules are clear:  au pairs are provided a private bedroom, meals, remuneration tied to the minimum wage, one and one-half days off weekly plus a free weekend off each month, two weeks' paid vacation, and $500 toward the cost of required coursework."  (Doc. # 131, Ex. G at 1.)  *Second*, the Brochure advises prospective host families that the average annual cost of the au pair program is $17,000, which includes fees to the sponsoring organizations, the stipend, education allowances and room and board.  (*Id.* at 3.)  *Third*, the Brochure identifies the host family—not sponsors—who employs au pairs.  (*Id.* at 1.)  Lastly, the Brochure refers to the weekly stipend as a "predetermined weekly wage."  (*Id.*)  Thus, the Brochure represents DOS's interpretation of the au pair regulations, and, as set forth above, this Court should take judicial notice of the Brochure as a matter of the public record.

      **b.**    **IRS Guidance: Au Pairs**

The "IRS Guidance: Au Pairs" is publically available on the IRS's website (at http://www.irs.gov/Individuals/International-Taxpayers/Au-Pairs) (last visited Sept. 8, 2015).  The guidance explains an au pair's obligations for filing U.S. individual income tax returns.  (Doc. # 131, Ex. D at 1.)  The guidance also states the Labor Department

has determined "an employer-employee relationship exists between the au pair and his host family." (*Id.*)  The guidance supports Responding Defendants' argument that the sponsors are not employers of au pairs.  This Court should take judicial notice of the guidance as a matter of the public record because its authenticity is not subject to reasonable dispute.

  **c.** **New York State Department of Labor Facts for Employers**

Plaintiffs allege InterExchange has violated New York wage laws.  (Doc. # 101 ¶¶ 522-26.)  This exhibit, which provides guidance from the New York State Department of Labor ("NYDOL"), is a matter of public record and the proper subject of judicial notice.  NYDOL enforces state labor laws in New York, including minimum wage, hours, and wage payment.  N.Y. Labor Law § 20 (2013).  Thus, NYDOL's guidance on how those laws apply to au pairs is applicable to the legal issues before the Court.  NYDOL issued the New York State Department of Labor Facts for Employers, which is publically available on the NYDOL's website.[9]  The guidance states that au pairs are not subject to the state's domestic worker and labor laws.  (Doc. # 130, Ex. H.)  Thus, NYDOL's guidance is dispositive as to the viability of Plaintiffs' wage claims under New York state law.

  **d.** **DOS's Written Statements to Au Pairs and Host Families Regarding the Au Pair Program**

Sponsors are required to provide each au pair and host family DOS's written statements regarding the au pair program.  22 C.F.R. §§ 62.10 (c)(7), 62.31 (f)(1), (5),

---

[9] At https://labor.ny.gov/legal/laws/pdf/domestic-workers/facts-for-employers.pdf.) (last visited Sept. 10, 2015).

(i)(1), (2). Exhibits E and F attached to Go Au Pair's motion to dismiss are the written statements the DOS regulations require the sponsors to provide au pairs and host families prior to the au pair's arrival in the United States. (*See* Doc. # 131, Ex. E, F.) It is appropriate for this Court to take judicial notice of correspondence from the government. *Von Koening v. Snapple Beverage Corp.*, 713 F. Supp. 2.d 1066, 1073 (E.D. Cal. 2010) (FDA warning letter found to be matter of public record); *Tillman v. Smith & Nephew, Inc.*, 2012 WL 6681698, at *1 (N.D. Ill. 2012) (Department of Health and Human Services letter found to be matter of public record). Here, the written statements establish DOS has determined that the host family—not the sponsor—is the au pair's employer. (*Id.*) Thus, DOS's statements contradict Plaintiffs' allegations that Responding Defendants are the au pairs' employers or joint employers.

**C.     Non-Government-Related Documents Relied On In The FAC**

Plaintiffs argue Exhibits I and J—excerpts from Go Au Pair's website—attached to Go Au Pair's reply brief, are not properly considered on a motion to dismiss because they are outside of the pleadings. (Doc. # 221 at 5.) Not true. The FAC specifically quotes Go Au Pair's website in an attempt to support Plaintiffs' claims relating to the weekly au pair stipend. (Doc. # 101 ¶¶ 99, 264-73.) Go Au Pair is thus entitled to present additional portions of that web site to provide a fuller context and to refute Plaintiffs' contentions. *GFF Corp.*, 130 F.3d at 1384.

**Conclusion**

The Court should deny Plaintiffs' groundless motion to strike Responding Defendants' exhibits reflecting regulatory guidance centrally relevant to this action and

citing additional portions of documents referenced in the FAC.  Furthermore, Responding Defendants respectfully request an award of their fees and costs in responding to this retaliatory and groundless motion.  *See* 28 U.S.C. § 1927; *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980); *United States v. McCall*, 235 F.3d 1211, 1216 (10th Cir. 2000); *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 372 F.3d 1186, 1191 (10th Cir. 2004).

Dated:  September 24, 2015               Respectfully submitted,


*s/ Toren G.E. Mushovic*
Kathryn A. Reilly
Toren G.E. Mushovic
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:  Reilly@wtotrial.com
          Mushovic@wtotrial.com

Attorneys for Defendants Agent Au Pair, Inc., American Cultural Exchange, LLC d/b/a GoAuPair, and Au Pair International Inc.

*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
Erica Herrera Gutherz
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Telephone:  303.297.2900
Denver, CO 80202
Email:  bcolaizzi@shermanhoward.com
          hvickles@shermanhoward.com
          redeny@shermanhoward.com
          egutherz@shermanhoward.com

Attorneys for Defendant InterExchange, Inc.

*s/ William J. Kelly, III*
Williams James Kelly III
Chanda Marie Feldkamp
Kelly & Walker, LLC
1512 Larimer Street, Suite 200
Denver, CO 80202
Telephone:  720.236.1800
Email:  wkelly@kellywalkerlaw.com
          cfeldkamp@kellywalkerlaw.com

Attorneys for Defendant USAuPair, Inc.

*s/ Bogdan Enica*
Bogdan Enica, Attorney at Law
111 2nd Avenue NE, Suite 213
St. Petersburg, FL  33701-3440
Telephone:  727.225.2649
Email:  bogdane@hotmail.com

Attorney for Defendant Expert Group
International Inc., d/b/a Expert AuPair

*s/ James E. Hartley*
James E. Hartley
Mher Hartoonian
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO  80202
Telephone:  303.295.8000
Email:  jhartley@hollandhart.com
          mhartoonian@hollandhart.com

13

Attorneys for Defendant Cultural Homestay International

*s/ Martha Louise Fitzgerald*
Martha Louise Fitzgerald
Kathryn Anne Barrett
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO  80202
Telephone:  303.223.1126
Email:  mfitzgerald@bhfs.com
           kbarrett@bhfs.com

Attorneys for Defendant EurAupair Intercultural Child Care Programs

*s/ John R. Mann*
John Roger Mann
Thomas Baker Quinn
Gordon & Rees, LLP-Denver
555 17th Street, Suite 3400
Denver, CO  80202
Telephone:  303.534.5160
Email:  jmann@gordonrees.com
           tquinn@gordonrees.com

Attorneys for Defendant AuPairCare, Inc.

*s/ Lawrence L. Lee*
Lawrence L. Lee
Susan Schaecher
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO  80202
Telephone:  303.218.3650
Email:  llee@laborlawyers.com
           sschaecher@laborlawyers.com

Attorneys for Defendants APF GlobalExchange, NFP d/b/a Aupair Foundation, and American Institute for Foreign Study

*s/ Meshach Y. Rhoades*
Meshach Y. Rhoades
Martin J. Estevao
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202

14

Phone Number: 303.572.6500
Fax Number: 303.572.6540
E-Mail: RhoadesM@gtlaw.com
      EstevaoM@gtlaw.com

Attorneys for Defendants GreatAuPair, LLC

# CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on September 24, 2015, I electronically filed the foregoing **JOINT RESPONSE BY CERTAIN SPONSOR DEFENDANTS TO PLAINTIFFS' CROSS-MOTION TO STRIKE CERTAIN EXHIBITS SUBMITTED BY THE DEFENDANTS (DOC. # 221)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- Alexander Hood
  alex@towardsjustice.org

- Bogdan Enica
  bogdane@hotmail.com

- Brooke A. Colaizzi
  bcolaizzi@shermanhoward.com

- Chandra M. Feldkamp
  cfeldkamp@kellywalkerlaw.com

- Christian D. Howard
  chammond@duffordbrown.com

- Daniel C. Perkins
  dperkins@laborlawyers.com

- Donald J. Gentile
  dgentile@lawson-weitzen.com

- Erica H. Gutherz
  egutherz@shermanhoward.com

- Heather F. Vickles
  hvickles@shermanhoward.com

- James E. Hartley
  jhartley@hollandhart.com

- Jeffrey P. Allen
  jallen@lawson-weitzen.com

- John R. Mann
  jmann@gordonrees.com

- Kathryn Anne Barrett
  kbarrett@bhfs.com

- Lauren F. Louis
  llouis@bsfllp.com

- Lawrence D. Stone
  lstone@duffordbrown.com

- Lawrence L. Lee
  llee@laborlawyers.com

- Martha L. Fitzgerald
  mfitzgerald@bhfs.com

- Martin J. Estevao
  mestevao@armstrongteasdale.com

- Matthew L. Schwartz
  mlschwartz@bsfllp.com

- Meshach Y. Rhoades
  mrhoades@armstrongteasdale.com

- Mher Hartoonian
  mhartoonian@hollandhart.com

- Peter M. Skinner
  pskinner@bsfllp.com

- Randall W. Jackson
  rjackson@bsfllp.com

- Raymond M. Deeny
  rdeeny@shermanhoward.com

- Sigrid S. McCawley
  smccawley@bsfllp.com

- Susan M. Schaecher
  sschaecher@laborlawyers.com

- Thomas B. Quinn
  tquinn@gordonrees.com

- W.V. Bernie Siebert
  bsiebert@shermanhoward.com

- William J. Kelly III
  wkelly@kellywalkerlaw.com

*s/ Toren G.E. Mushovic*
Toren Mushovic