IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**PLAINTIFFS' CONSOLIDATED REPLY IN FURTHER SUPPORT OF THEIR CROSS-MOTION TO STRIKE CERTAIN EXHIBITS SUBMITTED BY THE DEFENDANTS**

---

**Preliminary Statement**

Far from being "retaliatory," plaintiffs' cross-motion to strike various of the exhibits submitted by defendants in support of their motions to dismiss is the product of logic and fairness: if the Court is convinced by Cultural Care's motion to strike – or what's left of it – then, by the exact same logic, certain documents relied upon by the defendants must also be stricken. As plaintiffs explained in their motion, (Doc. 221), in deciding the motions to dismiss, our preference is for this Court to have a complete picture of what the federal government has said about the *au pair* program, rather than just the authority that the defendants prefer. The oppositions submitted by the defendants, (Docs. 226 and 227), set forth at length the legal basis for this Court to

consider the materials submitted by the parties as statements or interpretations of the law.

At the same time, not all law is created equal. The plaintiffs rely on the text of the FLSA and its regulations, as well as interpretations of the FLSA provided by the Department of Labor – the agency definitively charged with interpreting it, even under the State Department's *au pair* regulations – and the most recent statements by the State Department. The defendants, on the other hand, rely principally on a one-page, now-repudiated "notice" posted by the State Department nearly ten years ago, which contains no analysis – and therefore is entitled to no deference at all.

The defendants notably do not deny that the State Department notice has been withdrawn, which reflects its true status: not as even a persuasive interpretation of the FLSA (which is expressly for the Department of Labor to interpret, anyway), but as a misguided and discarded "notice" that never accurately reflected the law. If any of the documents submitted by the parties should be stricken as inauthentic, unreliable, and lacking context, it is that one.

The only material that is entirely different in kind are the exhibits (I and J) to the reply brief submitted by American Cultural Exchange, d/b/a Go Au Pair, (Doc. 216), which were submitted by Go Au Pair as *evidence* in support of the application of a fact-intensive legal balancing test. Unlike the exhibits that reflect interpretations of law, such evidence is not properly considered on a Rule 12(b)(6) motion, and must be disregarded at this stage.

**I.      If the Court Does Not Deny Cultural Care's Motion to Strike, the Court Should Also Strike the Exhibits Attached to the Defendants' Motions to Dismiss**

In its opposition, Cultural Care sets out case law supporting the principle that virtually any government publication or statement may be subject to judicial notice. And the other responding defendants explain why, whatever its form, "agency guidance" interpreting the FLSA is generally properly considered. That describes the materials cited by plaintiffs and subject to Cultural Care's motion to strike – the Wilberforce presentation (available on the State Department website), the Department of Labor amicus brief (publicly filed in the Eleventh Circuit), and the on-the-record statements of a State Department spokesperson (published in, and subject to the editorial standards of, the *Washington Post*) – just as much as any exhibit relied upon by defendants.

If any of the documents submitted by any of the parties is "subject to reasonable dispute," Fed. R. Evid. 201(b),[1] it is the 2007 State Department "notice." While the defendants aver that the notice was available on the Department of State's website at

---

[1]      Federal Rule of Evidence 201 sets out the general standard for "adjudicative facts" of which a court may take judicial notice. But while the Court may take judicial notice of the *existence* of documents on a motion to dismiss if appropriate under Federal Rule of Evidence 201, under Rule 12(b)(6), "the Court may not rely on the truth or falsity of those records." *Sayed v. Broman*, No. 13-cv-02961-CMA-MJW, 2014 WL 6883253, at *2 (D. Colo. Dec. 5, 2014) (*citing ASARCO LLC v. Union Pac. R. Co.*, 755 F.3d 1183, 1188 n.5 (10th Cir. 2014); *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006)); *see also In re Ubiquiti Networks, Inc., Secs. Litig.*, 33 F. Supp. 3d 1107, 1118 n.2 (N.D. Cal. 2014) ("[c]ourts taking judicial notice of documents [at the Rule 12(b)(6) stage] generally take notice only of their existence, not the truth of their representations (unless beyond reasonable dispute).)" Here, of course, the parties very much dispute the validity of the contents of the various documents submitted by the defendants, none of which reflect official agency guidance from the Department of Labor.

some point, there is no dispute that it is no longer there.  The Court should therefore not rely on it as a statement of the State Department's current view of the law – especially in view of the facts that (a) under the State Department's own regulations, the Labor Department is the agency charged with interpreting the FLSA, *see* 22 C.F.R. § 62.31(j)(1), and (b) after this lawsuit was filed, the State Department went on-record to explain that, among other things, state minimum wage laws apply to *au pairs*.

It makes no difference that the notice was referenced in the plaintiffs' complaint.  As an initial matter, defendants conflate reference to the $195.75 per week wage – the unlawful and below-market wage at which defendants conspired to set the price of labor for *au pairs* – with references to the notice.  While the notice may contain that figure, not every reference to that figure – indeed, virtually none – relates to the notice.

Moreover, just because a complaint references the *existence* of a document does not mean that it is properly considered on a motion to dismiss; it matters *why* the document is referenced.  The notice is referenced only once in the First Amended Complaint.  At paragraph 83, plaintiffs note that "a State Department bulletin updated the weekly minimum programmatic wage floor to $195.75 for 45 hours of weekly work."  It is therefore a historical fact (as alleged) that the State Department put out a notice in June 2007 saying that; but that does not mean that the content of the notice should be considered, much less taken as true or construed as a current or valid interpretation of the law.  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("[T]he mere mention of the existence of a document is insufficient to incorporate the contents

of a document"); *Gerritsen v. Warner Bros. Entertainment Inc.*, __ F. Supp. 3d __, 2015 WL 3958723, at *9 (C.D. Cal. June 12, 2015) ("As courts have recognized, merely mentioning the existence of a document does not satisfy the incorporation by reference standard."); *see generally* 5 Wright & Miller, Federal Prac. and Proc. (2d ed.1990) § 1327 (stating that the mere mention of the existence of a document is insufficient to incorporate the document by reference).

The same thing is true of the other documents relevant to this motion, such as the IRS publication. While the Complaint may reference the IRS notice as historical fact, it does not rely on the content of that document, which is therefore not incorporated into the Complaint for purposes of a motion to dismiss except to the extent there were any dispute about its existence (which there of course is not).[2] Other objected-to documents, such as the New York State fact sheet, are not even referenced in the Complaint.[3]

---

[2]   In addition, defendants continue to willfully misread the IRS publication. For example, Cultural Care argues that the IRS publication "acknowledged that DOL has already established that the host family, and not the sponsor, is the 'employer' in the au pair program." (Doc. 226, at 5). Not so. The Department of Labor has found, and the IRS publication repeated, that host families are employers under the FLSA. But it said absolutely nothing about whether the sponsors are employers. As set forth in the plaintiffs' opposition to the motions to dismiss, (Doc. 199, at 24-32), the sponsors are "joint employers" under the FLSA, and all of the recent Department of Labor rulemaking and commentary – including the additional authority submitted with leave of the Court, (Doc. 222) – supports that conclusion.

[3]   In any event, the New York State fact sheet is not entitled to deference because it does not derive from an area where "specialized knowledge and understanding of underlying operational practices or . . . an evaluation of factual data and inferences to be drawn therefrom is at stake such that [a court] should defer to the administrative

**II.     The Court Should Strike the Exhibits to Go Au Pair's Reply Brief**

In a single paragraph, (Doc. 227 at 11), Go Au Pair argues that the admittedly "non-government related documents" submitted as Exhibits I and J to its reply brief should be considered because they are excerpts from Go Au Pair's website, and the First Amended Complaint cites that website.  This argument turns the motion to dismiss standard on its head.  The Complaint cites (entirely different) portions of Go Au Pair's website as examples of false and misleading, or otherwise illegal, statements.  Go Au Pair, however, would have this Court accept the entirety of its website as true — or as if it were incorporated as a true statement.  That is not the law.

In plaintiffs' Complaint, Go Au Pair's website is quoted to (a) demonstrate that Go Au Pair advertised a $195.75 per week stipend, the same below-mark and unlawful rate that all of the defendants agreed to offer as part of their conspiracy in restraint of trade, (Doc. 101, ¶ 99); and (b) as part of a section of the Complaint entitled "In Deceiving and/or Misleading *Au Pairs*, . . . Go Au Pair . . . Breached Fiduciary Duties to, Made Negligent Misrepresentations to, and/or Engaged in Constructive Fraud Against *Au*

---

agency's interpretation unless irrational or unreasonable." *Roberts v. Tishman Speyer*, 13 N.Y.3d 270, 285 (2009).  Rather, "the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, [so] there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations . . . And, of course, if the regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight." *Id.* (internal quotation marks, citations, and alterations omitted).  In this case, there is no basis to defer to New York's reading, which was not subject to notice-or-comment rulemaking, and is based solely on New York's mistaken interpretation of a matter of federal law.

*Pairs*," plaintiffs alleged that Go Au Pair made various false or misleading statements to *au pairs* on its website and elsewhere, (Doc. 101, ¶¶ 264-275).

None of those statements was offered by plaintiffs as a true statement; they were quoted only to demonstrate that they had been said.  In such a situation, Go Au Pair is not entitled to quote other, entirely unrelated portions of its website and cloak them with the presumption of truth that accompanies pleadings on a Rule 12(b)(6) motion.  *See, e.g., Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 455-56 (7th Cir. 1998) ("To conclude summarily, however, that letters written by Century Center represent the truth with regard to the defendants' intent simply because NIGOS attached them to its complaint for reasons unrelated to their truthfulness is inappropriate.  Rather than accepting every word in a unilateral writing by a defendant and attached by a plaintiff to a complaint as true, it is necessary to consider why a plaintiff attached the documents, who authored the documents, and the reliability of the documents. . . .  To require district courts to accept unilateral statements in documents written by a defendant as true simply because they were attached as exhibits to a plaintiff's complaint would be contrary to the concept of notice pleading. It would enable parties to hide behind untested, self-serving assertions").

It would be a different matter, for example, if plaintiffs had selectively or misleadingly quoted the website; in that case, Go Au Pair would be entitled to point to other statements that made its website, taken as a whole, truthful.  *See, e.g., Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 99–100 (5th Cir.1974) (in

case alleging securities fraud, court properly looked at entire prospectus to determine if it was misleading). But that is not what Go Au Pair attempts to do. Rather, it attempted to introduce (as Exhibit I and J) sections of its website describing its purported employment policies, which it then attempts to use to argue that Go Au Pair is not a joint employer under the fact-intensive "economic realities" test. (*See* Doc. 216 at 4-5 (relying on the exhibits to demonstrate that Go Au Pair purportedly did not have exclusive power to hire and fire *au pairs*, and did not control their work schedules)).

These portions of the website, entirely separate from the ones cited in the Complaint and offered for an entirely different purpose, do not provide a "fuller context" for any allegation in the Complaint; rather, they are offered as evidence. They are therefore not appropriately considered on a Rule 12(b)(6) motion, and should be stricken. Moreover, should the Court decline to strike them, plaintiffs must be given the opportunity to take relevant discovery and offer contrary material. After all, there is no reason to believe (and certainly no evidence) that Go Au Pair actually adheres to its policies, and it is a joint employer's actual role and conduct – and not how they self-servingly describe themselves – that governs whether it qualifies as an "employer" under the FLSA's "economic realities" test. *See, e.g.*, Department of Labor, Wage and Hour Div. Interpretation Letter No. 2015-1 (July 15, 2015) ("A worker who is economically dependent on an employer is suffered or permitted to work by the employer. Thus, applying the economic realities test in view of the expansive definition of 'employ' under the Act, most workers are employees under the FLSA. The application

of the economic realities factors must be consistent with the broad 'suffer or permit to work' standard of the FLSA."). In the case of *au pairs*, they literally cannot work absent oversight by their sponsors, which in turn exercise extensive control over the terms and conditions of their employment.

### III. The Defendants Are Not Entitled To Fees or Costs

Finally, the Court should swiftly reject the request made by the defendants other than Cultural Care – in a single sentence, and without explanation or analysis – for their fees and costs in responding to plaintiffs' cross-motion.

Fees and costs may only be awarded where a party's conduct "unreasonably and vexatiously" "multiplies the proceedings," 28 U.S.C. § 1927, or when a party acts in "bad faith," *Sterling Energy Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984) (requiring court to "make a finding of subjective bad faith" to order fees or costs). Far from being any of those things – or from being "retaliatory," as defendants accuse – plaintiffs' motion was necessitated by at least two simple facts.

*First*, Cultural Care's motion to strike certain documents relied on by plaintiffs set out an incorrect view of the law – and one contrary to what the other parties agree upon.[4] The plaintiffs were entitled to oppose that motion or, in the alternative, ask that

---

[4] The plaintiffs and the defendants other than Cultural Care essentially agree on the appropriate legal standards and their application to the various documents cited by the parties. In plaintiffs' original briefing, we stated: "[I]n deciding the defendants' motions to dismiss, this Court should have a complete picture of what the federal government has said about the *au pair* program, rather than just the authority that the defendants prefer." (Doc. 221, at 2). Echoing almost precisely that language, the defendants (other than Cultural Care) agree: "In deciding the motions to dismiss, this

the same standards be applied to the exhibits submitted by defendants. And under this Court's rules, that alternative relief had to be requested by separate motion, rather than in plaintiffs' response to Cultural Care's motion. (Doc. 220, at 4 n.2 (citing D. Colo. L. Civ. R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."))).

*Second*, Exhibits I and J submitted by Go Au Pair are plainly objectionable, and must be stricken for the reasons given above and in our initial motion. For that reason alone, the defendants' request for fees and costs must be denied. *See Sterling Energy*, 744 F.2d at 1435 ("A party acts in bad faith only when the claim brought is entirely without color *and* has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." (internal quotation marks and citation omitted, emphasis supplied).

## Conclusion

For the reasons just given, and those in plaintiffs' moving brief, in the event that the Court grants any portion of Cultural Care's motion to strike, (Doc. 206), the Court should also strike the documents attached to defendants' motions to dismiss – especially the 2007 State Department "Notice." And regardless of how the Court decides Cultural Care's motion, the Court should also strike Exhibits I and J to defendant Go Au Pair's reply brief.

---

Court should have a complete picture of what the federal government has said about the au pair program, rather than only relying on snippets Plaintiffs prefer." (Doc. 227, at 6).

Dated: October 8, 2015

Respectfully Submitted,
BOIES, SCHILLER & FLEXNER LLP

 /s/  Matthew L. Schwartz
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
575 Lexington Avenue
New York, New York  10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301
Tel.: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on October 8, 2015, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

Brooke A. Colaizzi
BColaizzi@shermanhoward.com

Erica Herrera Gutherz
egutherz@shermanhoward.com

Chanda Marie Feldkamp
cfeldkamp@kellywalkerlaw.com

Meshach Yustine Rhoades
mrhoades@armstrongteasdale.com

Bogdan Enica
bogdane@hotmail.com

Martha Louise Fitzgerald
mfitzgerald@bhfs.com

Mher Hartoonian
mhartoonian@hollandhart.com

Donald Joseph Gentile
dgentile@lawson-weitzen.com

John Roger Mann
jmann@gordonrees.com

Brian Alan Birenbach
brian@rietzlawfirm.com

Toren G.E. Mushovic
mushovic@wtotrial.com

Lawrence L. Lee
llee@laborlawyers.com

Raymond Myles Deeny
rdeeny@shermanhoward.com

Heather Fox Vickles
hvickles@sah.com

William James Kelly, III
wkelly@kellywalkerlaw.com

Martin Estevao
mestevao@armstrongteasdale.com

Kathryn Anne Barrett
kbarrett@bhfs.com

James Edward Hartley
jhartley@hollandhart.com

Jeffrey Paul Allen
jallen@lawson-weitzen.com

Walter Vernon Bernie Siebert
bsiebert@shermanhoward.com

Thomas Baker Quinn
tquinn@gordonrees.com

Kathryn A. Reilly
reilly@wtotrial.com

Daniel C. Perkins
dperkins@laborlawyers.com

Susan M. Schaecher
sschaecher@laborlawyers.com

Christian Dow Hammond
chammond@duffordbrown.com

Lawrence Daniel Stone
lstone@duffordbrown.com

                                                                /s/  Matthew L. Schwartz
                                                               Matthew L. Schwartz