IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03074–CMA–KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
DAYANNA PAOLA CARDENAS CAICEDO, and
ALEXANDRA IVETTE GONZALEZ,

    Plaintiffs,

v.

INTEREXCHANGE, INC,
USAUPAIR, INC.,
GREAT AUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., d/b/a Expert AuPair,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMSTAY INTERNATIONAL,
CULTURAL CARE, INC. d/b/a Cultural Care Au Pair,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, d/b/a AuPair Foundation,
AMERICAN INSTITUTE FOR FOREIGN STUDY d/b/a Au Pair in America,
AMERICAN CULTURAL EXCHANGE, LLC, d/b/a/ GoAuPair,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC d/b/a/ ProAuPair, and
20/20 CARE EXCHANGE, INC. d/b/a The International Au Pair Exchange,

    Defendants.

**ORDER**

This matter is before the court on defendants InterExchange, Inc., USAuPair, Inc.,

GreatAuPair, LLC, Cultural Homestay International, APF Global Exchange, NFP, American

Institute For Foreign Study d/b/a Au Pair In America, Agent Au Pair, American Cultural

Exchange, LLC d/b/a Go Aupair, Au Pair International, Inc., AuPairCare, Inc., Cultural Care, Inc. d/b/a Cultural Au Pair and Expert Group International, Inc. d/b/a Expert AuPair's ("moving defendants") "Joint Motion to Strike Certain Allegations." [Doc. No. 134.] Plaintiffs filed their "Response to Joint Motion to Strike Amended Complaint Sections 90 to 94 by Certain Moving Defendants" [Doc. No. 147] on May 13, 2015, and the moving defendants filed "Defendants' Reply to Plaintiff's Response to Motion to Strike (Doc. 147)" [Doc. No. 159] on June 1, 2015.

The moving defendants allege that an investigator working for Plaintiffs' attorneys, in violation of Colorado Rules of Professional Responsibility 8.4, 4.3 and 4.2,[1] unethically directly contacted certain defendant organizations after the original Complaint in this case had been filed. The moving defendants claim the investigator's true purpose in making the contacts was to "elicit admissions concerning the weekly stipend paid by host families to their au pair" and that he misrepresented his intent to the improperly contacted defendants. (Mot. at 2.) The parties spend the majority of their arguments debating whether or not the actions of the investigator actually violated any of the applicable Rules of Professional Conduct. The moving defendants seek to strike from paragraphs 90 through 94 of the First Amended Complaint factual allegations that are based upon the arguably unethical contacts.

Fed. R. Civ. P. 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.,* No. 07–cv–01514–WDM–BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing

---

[1] The District of Colorado has adopted the Colorado Rules of Professional Conduct. *See* D.C.COLO.LAttyR 2(a).

*United States v. Shell Oil Co.,* 605 F. Supp. 1064, 1085 (D. Colo. 1985)).  *See also Sierra Club v. Tri–State Generation & Transmission Ass'n,* 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler–Durant Mining Corp.,* 823 F. Supp. 873, 875 (D. Colo. 1993).  Striking a portion of a pleading is a drastic remedy; federal courts generally view motions to strike with disfavor and infrequently grant such requests.  5C Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1380 (3d ed. 2011).

The underlying facts concerning the investigator's contacts are not disputed, including: 1) this case was originally filed on November 13, 2014; 2) the forms requesting service of process were not filed until November 20, 2014 [Doc. No. 8]; 3) the questioned contacts by the investigator occurred on November 20-21, 2014; 4) the investigator did not identify himself as working for the Plaintiffs' attorney(s) as part of this lawsuit; 5) none of the contacted defendants were aware of the existence of the lawsuit at the time of the contact; 6) none of the contacted defendants had been served in connection with this lawsuit at the time of the contact; 7) none of the contacted defendants had retained counsel to represent them in the lawsuit at the time of the contacts, and; 8) the earliest that any of the defendants in the case was served was December 5, 2014 [Doc. Nos. 11-13].

In general, "[a]n ethical violation ought to be dealt with by sanctions against the errant attorney, except in special cases."  *Weider Sports Equipment Co., Ltd. v. Fitness First, Inc.,* 912 F. Supp. 502, 509 (D. Utah 1996).  *See also Johnson v. Cadillac Plastic Grp., Inc.*, 930 F. Supp. 1437, 1442 (D. Colo. 1996), citing *Weider* with approval and stating

> [a]n exclusionary rule is an indirect sanction that sacrifices truth on the [altar] of advocacy rather than a more functional approach of imposing a direct sanction on the errant attorneys. It leads to excessive quibbling, tactical maneuvering and possible frustration of justice.

*Id.*

Courts in other jurisdictions predominantly hold that because disciplinary rules are not statutes, courts are not obligated to exclude evidence even if it finds that counsel obtained the evidence by violating ethical rules.  *See United States v. Hammad,* 858 F.2d 834, 837 (2d Cir. 1988) (discouraging suppression of evidence to punish unethical conduct of prosecutor); *Stagg v. New York City Health & Hosp. Corp.,* 162 A.D.2d 595, 556 N.Y.S.2d 779, 780 (2d Dep't 1990) (court admitted testimony allegedly obtained in violation of DR 7–104(A)(1) finding that even if the matters to which the investigator testified were unethically obtained, they nevertheless would be admissible at trial); *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 119, 126 (S.D.N.Y. 1999) (finding that the remedy of preclusion would not serve the public interest or promote the goals of the professional disciplinary rules applicable to attorneys).

Given that motions to strike are disfavored and will only be granted under the rarest of circumstances, the moving party's "burden of proof is a heavy one."  *Holzberlein v. OM Fin. Life Ins. Co.,* Case No. 08–cv–02053–LTB, 2008 WL 5381503, at *1 (D. Colo., Dec. 22, 2008).  Further, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club,* 173 F.R.D. at 285.  In addition, regardless of whether the moving party has met its burden to prove that allegations contained in a pleading violate Rule 12(f) by being redundant, immaterial, impertinent or scandalous, discretion remains with the Court to grant or deny the motion.  *See* Fed. R. Civ. P. 12(f) (denoting only that allegations which are subject to Rule 12(f) "may" be stricken).

Here, it is far from clear that the contacts between the investigator and several of the defendant entities were actually violations of the Rules of Professional Conduct. Further, whether or not the contact was improper, striking factual allegations in a charging document is not the preferred remedy. Finally, no prejudice has been shown against the defendants merely by the inclusion of factual allegations in the Complaint—allegations which must ultimately be proved or disproved after the discovery period. As a result, the moving defendants have failed to meet their heavy burden of demonstrating that these four paragraphs of the First Amended Complaint should be stricken pursuant to Fed. R. Civ. P. 12(f). See *Big Cats of Serenity Springs, Inc. v. Vilsack*, 84 F. Supp. 3d 1179, 1198 (D. Colo. 2015).

It is therefore **ORDERED** that the "Joint Motion to Strike Certain Allegations" [Doc. No. 134] is **DENIED**.

Dated this 16th day of November, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge