**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**JOINT STATUS REPORT**

---

      Pursuant to the July 6, 2015 Order of United States Magistrate Judge Kathleen M. Tafoya, Plaintiffs respectfully submit the following joint status report with respect to the state of this litigation, on behalf of all parties.

**A.      Plaintiffs' Report**

      As explained in greater detail below, Plaintiffs believe that – now that the Court has issued its Report and Recommendation ("Report") recommending that substantially all of Plaintiffs' claims move forward, and consistent with Your Honor's prior order – the parties should proceed immediately to fact discovery.  Plaintiffs have made their initial disclosures, and have served all defendants with initial sets of interrogatories and document requests.

### 1.    The Motion to Dismiss

On February 22, 2016, Your Honor issued the Recommendation, recommending that the Defendants' various motions to dismiss be denied in large part, and that substantially all of Plaintiffs' claims may proceed.  On February 25, 2015, Defendants filed an opposed application for a fourteen-day extension of their time to file objections to the Report.  On March 1, 2016, Judge Arguello granted Defendants a seven-day extension of their time to file objections, finding that a fourteen-day extension was unnecessary given that "Defendants are plainly conversant with the relevant arguments at this juncture, and the objections process is not intended to allow Defendants to make new arguments, or to merely reargue their positions on the Motion to Dismiss, but rather, to specifically analyze why the Magistrate Judge erred in [her] conclusions." (ECF No. 244).  Defendants' objections are due on March 14, 2016, and Plaintiffs' responses to those objections are presently due on March 28, 2016.

### 2.    Discovery

At the July 6, 2015 conference, the Court ruled that: "the case be stayed from all discovery pending issuance of a recommendation on the defendants' motions to dismiss."  (July 6, 2015 Transcript ("Tr.") at 52:5-8).  The July 6, 2015 Courtroom Minutes also stated:  "Discovery is STAYED pending the issuance of a recommendation on Defendants' motions to dismiss."  (ECF No. 198).  Accordingly, although discovery was stayed pending issuance of the Report, the stay was lifted when the Report was issued under the plain terms of the Court's order.

2

Defendants contend, however, that notwithstanding the clear language of both the Courtroom Minutes and Your Honor's oral ruling, discovery is still somehow stayed. Although Defendants appear to be relying on the Court's statement that "I'm going to grant Documents Number 160, 162, and 164 for a stay until the time that we can have a status conference after the recommendation is issued."  (Tr. at 42:15-17).  However, subsequent to making this comment, Your Honor analyzed the stay factors at length before concluding, ten transcript pages later, that "balancing all these factors, I am going to rule that the case be stayed from all discovery pending issuance of a recommendation on the defendants' motions to dismiss."  (Tr. at 52:5-8).  And as set out above, the Courtroom Minutes likewise stated that any stay was only pending issuance of the Report.

Indeed, at the hearing, Your Honor continued by noting that "the ruling may shed some light on your feelings about whether or not you want to appeal or whether or not, you know, we should go forward with some discovery.  If so, how much? Would it be reasonable at that point then to use a time-limited discovery?"  (Tr. at 52:19-23).  This language, and the Court's subsequent discussion of whether to order phased discovery, suggests the Court will consider the parameters of discovery, and not whether discovery should go forward at all.

Even if the record from the July 6, 2015 conference were not clear, the stay should be lifted in any event because the Court has recommended that Judge Arguello deny Defendants' motions to dismiss virtually in their entirety.  At bottom, the Court

granted the motion to stay discovery out of concern that resources would be wasted if the Court ultimately recommended granting Defendants' motions to dismiss.  (*See, e.g.*, Tr. at 51 ("I think judicial timing and resources would plainly be wasted if I have to go through what I think I will have to go through on discovery if it turns out that I'm recommending that the motions to dismiss be granted."); *id.* ("Again, I think the best practice is to ensure that plaintiffs' claims are viable before allowing the broad and intrusive third-party discovery.").  That has not happened.

Unlike in July, when the Court had not yet carefully examined the motions, (Tr. at 8, 51), Your Honor is now intimately familiar with the motions to dismiss.  And the Court knows – consistent with its Recommendation – that they are meritless.  Plaintiffs have a strong interest in beginning discovery for all of the reasons explained in their opposition to Defendants' motion for a stay.  Most significantly, the Recommendation concludes that *au pairs* are entitled to be paid the state and federal minimum wage, consistent with the Fair Labor Standards Act.  As of now, thousands of *au pairs* are paid far below the minimum wage.  Those *au pairs* – and the public – have a strong interest in moving this case forward.  Meanwhile, any burden of discovery on the Defendants is justified, given the merits of Plaintiffs' claims.  In short, even if the Court's prior order were not clear, now that the Court knows Plaintiffs' claims have merit, it should permit discovery to proceed immediately.

**3.      Discovery**

Plaintiffs have served Defendants with both initial disclosures, as well as a first set of discovery demands (both interrogatories and document requests).  In the interest of identifying potential claimants and other particularly relevant evidence, those demands are limited temporally – they go back to January 1, 2009.  Defendants should begin responding to those demands immediately.

Plaintiffs intend to expand the scope of those demands after the Court establishes the full scope of discovery and the manner in which it will proceed.  There is no reason for Defendants to wait for the Court to resolve all discovery issues before responding to the pending demands, which are limited in scope, not unduly burdensome (in no small part because they are presumably call for almost entirely electronic data), and are clearly within the bounds of permissible discovery.

**4.      Protective Order**

Plaintiffs anticipate that the parties will need to enter into a protective order in order to protect personal, commercial, and other sensitive information.  Consistent with Your Honor's instructions at the July 6, 2016 conference, Plaintiffs will discuss the protective order with defendants in an effort to agree on the form of the order, and we will present the proposed order to the Court for Your Honor's review and approval.

**B.    Defendants' Report**

**a.    Motion to Dismiss**

Defendants intend to file Objections to the Recommendations of the Magistrate

Judge (Dkt. #240).  Pursuant to the Court's ruling on Defendants' Motion for Extension

of Time to File Objections, Defendants Objections are now due on March 14, 2016.  To

the extent possible, Defendants anticipate filing consolidated objections.

**b.    Discovery**

**i.  Stay of Discovery**

Defendants request that the Court maintain the stay of discovery until there is a

ruling on Defendants' Objections to the Recommendation.  This Court previously

granted a stay of discovery until such time as a status conference is held following the

issuance of the Recommendation.  Notwithstanding the issuance of the

Recommendations, the issues raised by the Motion to Dismiss have not been finally

resolved.  Thus, the breadth of issues that existed at the time of the initial Scheduling

Conference remain.  The four Defendants against whom Plaintiffs have filed FLSA

claims do not object to continuing the tolling agreement as to the FLSA claims until final

resolution of the Motions to Dismiss.  Defendants propose that the stay terminate seven

(7) days after Judge Arguello rules on Defendants' objections, should any claim remain

in the case.

### ii.  Scope of Discovery

As this Court previously recognized, the scope of the discovery in this case will be astronomical.  It will involve not only the discovery between and among multiple current plaintiffs and multiple defendants, but also involving tens of thousands of au pairs and tens of thousands of host families (approximately 20,000 au pairs and host families participate in the programs each year).  The travel both domestically and internationally will be a real and substantial burden on Defendants.  Even assuming some form of representative testimony, the mere cost of discovery will put some sponsors out of business and threatens to shut down the entire au pair program itself, which has been a significant part of U.S. foreign policy since the 1960s.

### iii.  Discovery Procedure

The discovery requests served on Defendants prior to the stay were grossly disproportionate to not only the claims brought in this case, but also as to individual Defendants, some of whom are currently defending a single antitrust claim.  Should the Court decide to proceed with discovery, Defendants propose that the parties first conduct discovery on the threshold issues that remain unresolved, initially, the issues of intent, meaning and enforcement of the State Department regulations governing the au pair program; the issues of the existence or non-existence of an agreement to "fix" the au pair stipend; and whether joint employment status exists.  Discovery on these initial issues would provide the parties with the best opportunity to control costs and hopefully, maintain the viability of all of the Defendants.  Additionally, the segmenting of discovery

would likely provide the parties the opportunity to place these initial issue before the Court for review and ruling in and expeditious and logical manner.

Absent controlled discovery, Defendants propose that the Court determine the scope of initial discovery and the parties can prepare a proposed Scheduling Order for the Court's consideration.

## Conclusion

Plaintiffs respectfully submit this status report outlining the parties' respective positions for the Court's consideration.

Dated: March 3, 2016

Respectfully Submitted,
BOIES, SCHILLER & FLEXNER LLP

  /s/  Matthew L. Schwartz
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
575 Lexington Avenue
New York, New York  10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301
Tel.: (954) 356-0011
Fax: (954) 356-0022

smccawley@bsfllp.com
llouis@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on March 3, 2016, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

Christian Dow Hammond
chammond@duffordbrown.com

Lawrence Daniel Stone
lstone@duffordbrown.com

Lawrence L. Lee
llee@laborlawyers.com

Daniel C. Perkins
dperkins@ laborlawyers.com

Susan M. Schaecher
sschaecher@laborlawyers.com

Toren G. E. Mushovic
mushovic@wtotrial.com

Kathryn A. Reilly
reilly@wtotrial.com

Brian Alan Birenbach
brian@rietzlawfirm.com

John Roger Mann
jmann@gordonrees.com

Thomas Baker Quinn
tquinn@gordonrees.com

Jeffrey Paul Allen
jallen@lawson-weitzen.com

Donald Joseph Gentile
dgentile@lawson-weitzen.com

William Leitzsey Monts, III
william.monts@hoganlovells.com

Walter Vernon Siebert
bsiebert@shermanhoward.com

James Edward Hartley
jhartley@hollandhart.com

Mher Hartoonian
mhartoonian@hollandhart.com

Margo J. Arnold
marnold@bhfs.com

Kathryn Anne Barrett
kbarrett@bhfs.com

Martha Louise Fitzgerald
mfitzgerald@bhfs.com

Bogdan Enica
bogdane@hotmail.com

Martin Jose Estevao
mestevao@armstrongteasdale.com

Meshach Yustine Rhoades
rhoadesm@armstrongteasdale.com

Brooke A. Colaizzi
BColaizzi@shermanhoward.com

Raymond Myles Deeny
rdeeny@shermanhoward.com

Erica Lynn Herrera
eherrera@shermanhoward.com

Heather Fox Vickles
hvickles@shermanhoward.com

Chanda Marie Feldkamp
cfeldkamp@kellywalkerlaw.com

William James Kelly, III
wkelly@kellywalkerlaw.com

  /s/  Matthew L. Schwartz
Matthew L. Schwartz