## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No.  1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.,*

Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*,

Defendants.

---

## DEFENDANT CULTURAL CARE, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND

---

Defendant Cultural Care, Inc. ("Cultural Care") hereby answers Plaintiffs' First Amended Complaint [Doc. 101] (the "Complaint"), denying each and every allegation not specifically admitted, and, without assuming any burden of proof that would otherwise not be placed on Cultural Care by laws, averring separate defenses as follows:

## <u>INTRODUCTORY STATEMENT</u>

1.      Admitted in part; denied in part.  Admitted that Congress created the au pair program to, among other things, "enable the Government of the United States to increase mutual understanding between the people of the United States and the people of other countries . . ., assist in the development of friendly, sympathetic, and peaceful relations between the United States and the other countries of the world . . .," and to "assist the Department of State in furthering the foreign policy objectives of the United

States."  Mutual Educational and Cultural Exchange Act of 1961 (Fulbright-Hays Act), 22 U.S.C. § 2451, *et seq.*; 22 C.F.R. § 62.1(a).  The remaining allegations in Paragraph 1 are denied.

2.      Admitted in part; denied in part.   Admitted that the United States Information Agency ("USIA") administered the au pair program prior to the U.S. Department of State ("DOS") and that DOS designated the fifteen defendants as the current sponsors of the program.  The remaining allegations in Paragraph 2 are denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.   Cultural Care avers that it receives a program fee from host families.

8.      Denied.

9.      Admitted in part; denied in part.  Admitted that most au pair participants in the Cultural Care program are successfully placed and have excellent experiences. The remaining allegations in Paragraph 9 are denied.

10.     Denied.

11.     Admitted in part; denied in part.   Admitted that Plaintiffs Beaudette Deetlefs ("Plaintiff Deetlefs") and Dayanna Paola Cardenas Caicedo ("Plaintiff Cardenas") applied to participate in the program while in their home countries and that

Cultural Care oversaw their placement with American host families in accordance with DOS regulations.  The remaining allegations in Paragraph 11 are denied.

12.     Denied.

## NATURE OF THE ACTION

13.     Paragraph 13 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.   To the extent a response is required, the allegations in paragraph 13 are denied.

14.     Paragraph 14 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.   To the extent a response is required, the allegations in paragraph 14 are denied.

15.     Paragraph 15 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.   To the extent a response is required, the allegations in paragraph 15 are denied.

## JURISDICTION AND VENUE

16.     Cultural Care does not contest jurisdiction.

17.     Cultural Care does not contest venue.

## PARTIES

18.     Denied in part.  Cultural Care denies the characterization of an au pair's participation in the DOS cultural exchange program as a "service contract."  Cultural Care is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18, and therefore denies same.

19.     Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies same.

20.     Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies same.

21.     Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies same.

22.     Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies same.

23.     Defendants Pamela H. Noonan and Thomas J. Noonan (collectively, the "Noonans") are no longer parties to this action.

24.     Paragraph 24 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

25.     Paragraph 25 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

26.     Paragraph 26 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

27.     Paragraph 27 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

28.     Paragraph 28 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

29.     Paragraph 29 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

30.     Admitted that Cultural Care is a Massachusetts corporation with its principal office located at One Education Street, Cambridge, Massachusetts 02141.

31.     Paragraph 31 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

32.     Paragraph 32 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

33.     Paragraph 33 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

34.     Paragraph 34 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

35.     Paragraph 35 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

36.     Paragraph 36 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

37.     Paragraph 37 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

38.     Paragraph 38 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

39.     Paragraph 39 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

40.     Paragraph 40 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

41.     Paragraph 41 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.

## STATEMENT OF FACTS

42.     Denied.

43.     Admitted in part; denied in part.  Admitted that the au pair program is one of several U.S. Government cultural exchange programs created pursuant to the Mutual Educational and Cultural Exchange Act of 1961 (Fulbright-Hays Act), 22 U.S.C. § 2451, *et seq.* and that DOS oversees, facilitates, and regulates the program.  It is also admitted that au pair participants obtain a J-1 visa.  The remaining allegations in Paragraph 43 are denied.

44.     Admitted in part; denied in part.  Admitted that, pursuant to 22 C.F.R. § 62.31, the au pair program allows foreign nationals who, among other things, are between the ages of 18 and 26, who are secondary school graduates, and who are proficient in spoken English, to live with an American host family and participate directly in the home life of the host family.  *Id.* at § 62.31(d).  Au pair participants provide limited child care services to the host family and attend a U.S. post-secondary educational institution.  *Id.* at § 62.31(a).  Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.  *Id.*  The remaining allegations in Paragraph 44 are denied.

45.     Admitted in part; denied in part.  Admitted that DOS oversees, facilitates, and regulates the au pair program, designates entities to act as sponsors, and that the

15 currently designated sponsors of the au pair program are the defendants in this case. Cultural Care denies that DOS's sole role is to facilitate the program and designate sponsors.

46. Admitted in part; denied in part. Admitted that one must be designated by DOS as a sponsor of the au pair program in order to place au pairs and that au pairs placed in the U.S. must be sponsored in order to participate in the program. The remaining allegations in paragraph 46 consist of conclusions of law in that they seek to paraphrase the DOS regulations, which speak for themselves, and therefore no response is required. To the extent a response is required, the remaining allegations in paragraph 46 are denied.

47. Admitted in part; denied in part. Admitted that Cultural Care is a for-profit entity. The remaining allegations in Paragraph 47 make no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a response is required, the remaining allegations in paragraph 47 are denied.

48. The allegations in paragraph 48 consist of conclusions of law and therefore no response is required. To the extent a response is required, the allegations in paragraph 48 are denied.

49. Denied.

50. Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and therefore denies same.

51. Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and therefore denies same.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Admitted in part; denied in part.  Admitted that the report was issued; however, the report is in writing and speaks for itself, and all attempts to paraphrase or characterize the report are denied.   The remaining allegations in paragraph 55 are denied.

56.     Admitted in part; denied in part.  Admitted that the report was issued; however, the report is in writing and speaks for itself, and all attempts to paraphrase or characterize the report are denied. The remaining allegations in paragraph 56 are denied.

57.     Admitted in part; denied in part.  Admitted that the report was issued; however, the report is in writing and speaks for itself, and all attempts to paraphrase or characterize the report are denied.   The remaining allegations in paragraph 57 are denied.

58.     Admitted in part; denied in part. Admitted that the USIA conducted a rulemaking and published its interim final rule with request for comment in December 1994. However, the interim final rule is in writing and speaks for itself, and all attempts to paraphrase or characterize the final rule are denied.  The remaining allegations of paragraph 58 are denied.

59.     Admitted in part; denied in part.  Admitted that the final rule was issued. The final rule is in writing and speaks for itself, and all attempts to paraphrase or

characterize the final rule are denied.  The remaining allegations of paragraph 59 are denied.

60.     The final rule is in writing and speaks for itself, and all attempts to paraphrase or characterize the final rule are denied.  Any remaining allegations of paragraph 60 are denied.

61.     The final rule is in writing and speaks for itself, and all attempts to paraphrase or characterize the final rule are denied.  Any remaining allegations of paragraph 61 are denied.

62.     The final rule is in writing and speaks for itself, and all attempts to paraphrase or characterize the final rule are denied.  Any remaining allegations of paragraph 62 are denied.

63.     Denied.

64.     Admitted in part; denied in part.  Admitted that 22 C.F.R. § 63.31(j)(1) governs the au pair program.  However, the regulation is in writing and speaks for itself, and all attempts to paraphrase or characterize the regulation are denied.  Any remaining allegations of paragraph 64 are denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Admitted in part; denied in part. Admitted that Mr. Duffey testified; however, his testimony is in writing and speaks for itself, and all attempts to paraphrase

or characterize his testimony are denied.   Any remaining allegations of paragraph 68 are denied.

69.     Denied.

70.     Denied.

71.     Admitted in part; denied in part.  Admitted that Cultural Care is designated by DOS as a sponsor of the au pair program and that a foreign national must be sponsored by Cultural Care or another sponsor in order to participate in the program. All remaining allegations of paragraph 71 are denied.

72.     Admitted in part; denied in part.  Admitted that Cultural Care and the other U.S. Government designated sponsors comprise all the currently-designated sponsors. The remaining allegations in paragraph 72 are denied.

73.     Admitted in part; denied in part.  Admitted that Cultural Care competes with other sponsors and that Cultural Care collects a fee from host families; however, DOS allots only a limited number of visas to Cultural Care each year.  The remaining allegations in paragraph 73 are denied.

74.     Admitted in part; denied in part.  Admitted that Cultural Care markets itself to potential au pairs as a quality sponsor.  The remaining allegations in paragraph 74 are denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Admitted that DOS oversees and regulates the program.

81.     Denied.

82.     The au pair regulations are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     The Cultural Care document is in writing and speaks for itself, and all attempts to paraphrase or characterize the document are denied, and the remaining allegations in paragraph 87 are denied.

88.     Paragraph 88 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 88 are denied.

89.     Denied.

90.     Denied.

91.     Denied.

      i.     Denied.

      ii.     Denied.

      iii.     Denied.

      iv.     Denied.

v.      Denied.

92.     Paragraph 92 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 92 are denied.

93.     Paragraph 93 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 93 are denied.

94.     Paragraph 94 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 94 are denied.

95.     Denied.

96.     Paragraph 96 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 96 are denied.

97.     Admitted in part; denied in part.  Admitted that Cultural Care advertises a stipend in accordance with DOS regulation and directives.  The remaining allegations in paragraph 97 are denied.

98.     Paragraph 98 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 98 are denied.

99.     Paragraph 99 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 99 are denied.

100.     Paragraph 100 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 100 are denied.

101.     Paragraph 101 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 101 are denied.

102.     Paragraph 102 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 102 are denied.

103.     Paragraph 103 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 103 are denied.

104.     Paragraph 104 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 104 are denied.

105.     Paragraph 105 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 105 are denied.

106.   Paragraph 106 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 106 are denied.

107.   Paragraph 107 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 107 are denied.

108.   Paragraph 108 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 108 are denied.

109.   Paragraph 109 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 109 are denied.

110.   Paragraph 110 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 110 are denied.

111.   Paragraph 111 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 111 are denied.

112.   Paragraph 112 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 112 are denied.

113.    Paragraph 113 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 113 are denied.

114.    Paragraph 114 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 114 are denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Admitted in part; denied in part.  Admitted that au pairs seek to experience American culture and life.  The remaining allegations in paragraph 122 are denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Admitted in part; denied in part.  Admitted that Cultural Care is a member of the Alliance for International Exchange (the "Alliance").  The remaining allegations in paragraph 126 are denied.

127.   Admitted in part; denied in part.  Admitted that Cultural Care is a member of the International Au Pair Association ("IAPA").  The remaining allegations in paragraph 127 are denied.

128.   Denied.

129.   Denied.

130.   Paragraph 130 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 130 are denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Admitted in part; denied in part.  Admitted that Cultural Care posts stipend information online.  The remaining allegations in paragraph 135 are denied.

136.   Denied.

137.   Denied.

138.   Paragraph 138 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 138 are denied.

139.   Paragraph 139 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 139 are denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Paragraph 143 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 143 are denied.

144.   Paragraph 144 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 144 are denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

153.   Denied.

154.   Denied.

155.   The website is in writing and speaks for itself and all attempts to paraphrase or characterize the website are denied.  The remaining allegations in paragraph 155 are denied.

156.   Denied.

157.   Denied.  The USIA rule making publications are in writing and speak for themselves, and all attempts to paraphrase or characterize the publications are denied.

158.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 and therefore denies same.

159.   The USIA rule making publications are in writing and speak for themselves, and all attempts to paraphrase or characterize the publications are denied. Any remaining allegations in paragraph 159 are denied.

160.   The 1997 U.S. Department of Labor ("DOL") Opinion Letter is in writing and speaks for itself, and all attempts to paraphrase or characterize the Opinion Letter are denied.  Any remaining allegations in paragraph 160 are denied.

161.   Denied.

162.   Admitted that DOS assumed oversight over the au pair program in 1999.

163.   The Fact Sheet is in writing and speaks for itself, and all attempts to paraphrase or characterize the Fact Sheet are denied.   Any remaining allegations in paragraph 163 are denied.

164.   Denied.

165.   The DOS notice entitled "Weekly Wage Due au pair program Participants" is in writing and speaks for itself, and all attempts to paraphrase or characterize it are denied.  Any remaining allegations in paragraph 165 are denied.

166.   Denied.

167.   Denied.

168.    Admitted in part; denied in part. Admitted that Cultural Care has access to regulations and publications related to the au pair program. The remaining allegations in paragraph 168 are denied.

169.    Admitted in part; denied in part. Admitted Cultural Care has access to other Sponsors' public websites, but denies Cultural Care has access to all Sponsors' marketing materials.

170.    Paragraph 170 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 170 are denied.

171.    Paragraph 171 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 171 are denied.

172.    Paragraph 172 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 172 are denied.

173.    Paragraph 173 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 173 are denied.

174.    Paragraph 174 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 174 are denied.

175.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and therefore denies same.

176.    Paragraph 176 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 176 are denied.

177.    Paragraph 177 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 177 are denied.

178.    Paragraph 178 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 178 are denied.

179.    The "tax advice" document is in writing and speaks for itself and all attempts to paraphrase or characterize it are denied.  Any remaining allegations in paragraph 179 are denied.

180.    Denied.

181.    Paragraph 181 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 181 are denied.

182.    Paragraph 182 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 182 are denied.

183.    Paragraph 183 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 183 are denied.

184.    Paragraph 184 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 184 are denied.

185.    Denied.

186.    Denied.

187.    Paragraph 187 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 187 are denied.

188.    Paragraph 188 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 188 are denied.

189.    Paragraph 189 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 189 are denied.

190.    Paragraph 190 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 190 are denied.

191.   Paragraph 191 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 191 are denied.

192.   Paragraph 192 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 192 are denied.

193.   Denied.

194.   Cultural Care's marketing material is in writing and speaks for itself, and all attempts to paraphrase or characterize the materials are denied.  Any remaining allegations in paragraph 194 are denied.

195.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 and therefore denies same.

196.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and therefore denies same.

197.   Cultural Care's marketing materials are in writing and speak for themselves, and all attempts to paraphrase or characterize the materials are denied. Any remaining allegations in paragraph 197 are denied.

198.   Denied.

199.   Paragraph 199 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 199 are denied.

200.   Paragraph 200 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 200 are denied.

201.   Paragraph 201 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 201 are denied.

202.   Denied.

203.   Admitted in part; denied in part. Admitted that Cultural Care enters into contracts with host families, receives a fee from host families, and that its host families have no contractual relationship amongst themselves with respect to the au pair program. The remaining allegations in paragraph 203 are denied.

204.   The DOS regulations are in writing and speak for themselves, and all attempts to paraphrase or characterize the regulations are denied.  Any remaining allegations in paragraph 204 are denied.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied.

209.   Denied.

210.   Denied.

211.   Denied.

212.   Denied.

213.   Denied.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

225.   Denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

230.   Denied.

231.   Denied.

232.   Denied.

233.   Denied.

234.   Denied.

235.   Denied.

236.   Denied.

237.   Denied.

238.   Denied.

239.   Denied.

240.   Denied.

241.   Denied.

242.   Denied.

243.   Denied.

244.   Denied.

245.   Denied.

246.   Paragraph 246 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 246 are denied.

247.   Paragraph 247 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 247 are denied.

248.   Paragraph 248 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 248 are denied.

249.    Paragraph 249 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 249 are denied.

250.    Paragraph 250 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 250 are denied.

251.    Paragraph 251 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 251 are denied.

252.    Paragraph 252 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 252 are denied.

253.    Paragraph 253 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 253 are denied.

254.    Denied.

255.    Denied.

256.    The webpage is in writing and speaks for itself, and all attempts to paraphrase or characterize the webpage are denied.

257.    Denied.

258.    Denied.

259.    The websites are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.

260.    The website is in writing and speaks for itself, and all attempts to paraphrase the website are denied.

261.    Cultural Care's tax advice is in writing and speaks for itself, and all attempts to paraphrase it are denied. The remaining allegations in paragraph 261 are denied.

262.    Denied.

263.    Denied.

264.    Paragraph 264 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 264 are denied.

265.    Paragraph 265 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 265 are denied.

266.    Paragraph 266 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 266 are denied.

267.    Paragraph 267 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 267 are denied.

268.    Paragraph 268 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 268 are denied.

269.    Paragraph 269 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 269 are denied.

270.    Paragraph 270 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 270 are denied.

271.    Paragraph 271 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 271 are denied.

272.    Paragraph 272 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 272 are denied.

273.    Paragraph 273 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 273 are denied.

274.    Paragraph 274 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 274 are denied.

275.    Paragraph 275 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 275 are denied.

276.    Paragraph 276 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 276 are denied.

277.    Paragraph 277 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 277 are denied.

278.    Paragraph 278 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 278 are denied.

279.    Paragraph 279 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 279 are denied.

280.    Paragraph 280 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 280 are denied.

281.    Paragraph 281 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 281 are denied.

282.    Paragraph 282 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 282 are denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Denied.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Paragraph 296 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 296 are denied.

297.    Paragraph 297 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 297 are denied.

298.     Paragraph 298 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 298 are denied.

299.     Paragraph 299 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 299 are denied.

300.     Paragraph 300 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 300 are denied.

301.     Paragraph 301 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 301 are denied.

302.     Paragraph 302 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 302 are denied.

303.     Denied.

304.     Denied.

305.     Paragraph 305 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 305 are denied.

306.    Paragraph 306 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 306 are denied.

307.    Paragraph 307 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 307 are denied.

308.    Paragraph 308 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 308 are denied.

309.    Paragraph 309 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 309 are denied.

310.    Paragraph 310 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 310 are denied.

311.    Paragraph 311 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 311 are denied.

312.    Paragraph 312 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 312 are denied.

313.   Admitted in part; denied in part. Admitted that Cultural Care ensures that host families pay the DOS-mandated stipend to au pairs. The remaining allegations in paragraph 313 are denied.

314.   Paragraph 314 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 314 are denied.

315.   Admitted.

316.   Paragraph 316 is a statement of law, to which no response is required. To the extent that a responsive pleading is required, the allegations in paragraph 316 are denied.

317.   Denied.

318.   Denied.

319.   Denied.

320.   Denied.

321.   Denied.

322.   Paragraph 322 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 322 are denied.

323.   Paragraph 323 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 323 are denied.

324.   Paragraph 324 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 324 are denied.

325.   Paragraph 325 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 325 are denied.

326.   Paragraph 326 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 326 are denied.

327.   Paragraph 327 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 327 are denied.

328.   Paragraph 328 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 328 are denied.

329.   Paragraph 329 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 329 are denied.

330.   Paragraph 330 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 330 are denied.

331.    Paragraph 331 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 331 are denied.

332.    Paragraph 332 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 332 are denied.

333.    Paragraph 333 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 333 are denied.

334.    Paragraph 334 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 334 are denied.

335.    Paragraph 335 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 335 are denied.

336.    Paragraph 336 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 336 are denied.

337.    Paragraph 337 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 337 are denied.

338.   Paragraph 338 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 338 are denied.

339.   Paragraph 339 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 339 are denied.

340.   Paragraph 340 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 340 are denied.

341.   Paragraph 341 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 341 are denied.

342.   Paragraph 342 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 342 are denied.

343.   Paragraph 343 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 343 are denied.

344.   Paragraph 344 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 344 are denied.

345.    Paragraph 345 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 345 are denied.

346.    Paragraph 346 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 346 are denied.

347.    Paragraph 347 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 347 are denied.

348.    Paragraph 348 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 348 are denied.

349.    Paragraph 349 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 349 are denied.

350.    Paragraph 350 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 350 are denied.

351.    Paragraph 351 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 351 are denied.

352.    Paragraph 352 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 352 are denied.

353.    Paragraph 353 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 353 are denied.

354.    Paragraph 354 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 354 are denied.

355.    Paragraph 355 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 355 are denied.

356.    Paragraph 356 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 356 are denied.

357.    Paragraph 357 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 357 are denied.

358.    Paragraph 358 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 358 are denied.

359.    Paragraph 359 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 359 are denied.

360.    Paragraph 360 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 360 are denied.

361.    Paragraph 361 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 361 are denied.

362.    Paragraph 362 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 362 are denied.

363.    Paragraph 363 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 363 are denied.

364.    Paragraph 364 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 364 are denied.

365.    Paragraph 365 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 365 are denied.

366.   Paragraph 366 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 366 are denied.

367.   Paragraph 367 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 367 are denied.

368.   Paragraph 368 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 368 are denied.

369.   Paragraph 369 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 369 are denied.

370.   Paragraph 370 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 370 are denied.

371.   Admitted.

372.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 372 and therefore denies same.

373.   Denied.

374.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 374 and therefore denies same.

375.    Admitted that Plaintiff Deetlefs was ultimately accepted by Cultural Care as a potential au pair. All remaining allegations contained in paragraph 375 are denied.

376.    Admitted in part; denied in part. Admitted that Plaintiff Deetlefs created a profile. The remaining allegations in paragraph 376 are denied.

377.    Denied.

378.    Admitted.

379.    Admitted in part; denied in part. Admitted Ms. Deetlefs received training in New York. The remaining allegations in paragraph 379 are denied.

380.    Admitted that the training was mandatory pursuant to DOS regulations and related to childcare services and the other aspects of the au pair program.

381.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 381 and therefore denies same.

382.    Admitted.

383.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 383 and therefore denies same.

384.    Admitted that Ms. Deetlefs' host family has paid the stipend.

385.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 385 and therefore denies same.

386.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 386 and therefore denies same.

387.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 387 and therefore denies same.

388.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 388 and therefore denies same.

389.    Admitted that the host family paid Plaintiff Deetlefs the stipend. Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 389 and therefore denies same.

390.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 390 and therefore denies same.

391.    Admitted.

392.    Admitted.

393.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 393 and therefore denies same.

394.    Denied.

395.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 395 and therefore denies same.

396.    Admitted.

397.    Admitted that Ms. Cardenas was never placed in Chicago.

398.    Admitted Ms. Cardenas was placed with a family in New Jersey.

399.    Admitted.

400.    Admitted.

401.    Denied.

402.    Admitted that the training was mandatory pursuant to DOS regulations and related to childcare services and other aspects of the au pair program.

403. Admitted.

404. Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 404 and therefore denies same.

405. Admitted.

406. Admitted that Plaintiff Cardenas was placed with a host family in Pennsylvania.

407. Admitted that the host family pays Plaintiff Cardenas the stipend.

408. Paragraph 408 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in paragraph 408 are denied.

409. Paragraph 409 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in paragraph 409 are denied.

410. Paragraph 410 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in paragraph 410 are denied.

411. Paragraph 411 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in paragraph 411 are denied.

412. Paragraph 412 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in paragraph 412 are denied.

413.     Paragraph 413 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 413 are denied.

414.     Paragraph 414 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 414 are denied.

415.     Paragraph 415 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 415 are denied.

416.     Paragraph 416 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 416 are denied.

417.     Paragraph 417 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 417 are denied.

418.     Paragraph 418 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 418 are denied.

419.     Paragraph 419 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 419 are denied.

420.   Paragraph 420 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 420 are denied.

421.   Paragraph 421 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 421 are denied.

422.   Paragraph 422 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 422 are denied.

423.   Paragraph 423 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 423 are denied.

424.   Paragraph 424 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 424 are denied.

425.   Paragraph 425 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 425 are denied.

426.   Paragraph 426 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 426 are denied.

427.   Paragraph 427 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 427 are denied.

## RULE 23 CLASS ALLEGATIONS

428.   Cultural Care repeats and realleges its responses to paragraphs 1 through 427 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

429.   Denied.

430.   Denied.

431.   Paragraph 431 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 431 are denied.

432.   Denied.

433.   Paragraph 433 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 433 are denied.

434.   Paragraph 434 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 434 are denied.

435.   Paragraph 435 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 435 are denied.

436.    Paragraph 436 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 436 are denied.

437.    Denied.

438.    Paragraph 438 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 438 are denied.

439.    Paragraph 439 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 439 are denied.

440.    Paragraph 440 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 440 are denied.

441.    Denied.

442.    Paragraph 442 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 442 are denied.

443.    Denied.

444.    Denied.

445.    Denied.

446.    Denied.

447.    Denied.

448.   Denied.

449.   Denied.

450.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 450 and therefore denies same.

451.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 451 and therefore denies same.

452.   Denied. The Noonan Defendants are no longer a party to this action.

453.   Denied.

454.   Denied.

## 29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

455.   Cultural Care repeats and realleges its responses to paragraphs 1 through 455 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

456.   Denied.

457.   Cultural Care is without know or information sufficient to form a belief as to the truth of the allegations contained in paragraph 457 and therefore denies same.

458.   Paragraph 458 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 458 are denied.

459.   Paragraph 459 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 459 are denied.

460.   Paragraph 460 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 460 are denied.

461.   Denied.

462.   Denied.

463.   Paragraph 463 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 463 are denied.

464.   Paragraph 464 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 464 are denied.

465.   Denied.

      i.      Denied.

      ii.     Denied.

      iii.   Denied.

**COUNT I: RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1 ET SEQ.**

466.   Cultural Care repeats and realleges its responses to paragraphs 1 through 465 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

467.   Denied.

468.   Denied.

469.   Denied.

470.    Denied.

471.    Denied.

472.    Denied.

473.    Denied.

474.    Denied.

### COUNT II: CIVIL RICO, 18 U.S.C. 1964(C)

475.    Cultural Care repeats and realleges its responses to paragraphs 1 through 474 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

476.    Denied.

477.    Denied.

478.    Denied.

479.    Denied.

480.    Denied.

481.    Denied.

### COUNT III: BREACH OF FIDUCIARY DUTY UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

482.    Cultural Care repeats and realleges its responses to paragraphs 1 through 481 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

483.    Denied.

484.    Denied.

## COUNT IV: NEGLIGENT MISREPRESENTATION UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

485.   Cultural Care repeats and realleges its responses to paragraphs 1 through 484 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

486.   Denied.

487.   Denied.

## COUNT V: CONSTRUCTIVE FRAUD OR FRAUDULENT CONCEALMENT UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

488.   Cultural Care repeats and realleges its responses to paragraphs 1 through 487 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

489.   Denied.

490.   Denied.

## COUNT VI: CONSUMER PROTECTION UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

491.   Cultural Care repeats and realleges its responses to paragraphs 1 through 490 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

492.   Denied.

493.   Denied.

## COUNT VII: BREACH OF CONTRACT AND QUASI-CONTRACT[1]

494.    Cultural Care repeats and realleges its responses to paragraphs 1 through 493 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

495.    Denied.

496.    Denied.

497.    Denied.

498.    Denied.

499.    Denied.

500.    Denied.

## COUNT VIII: FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 ET SEQ.

501.    Cultural Care repeats and realleges its responses to paragraphs 1 through 500 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

502.    Denied.

503.    Denied.

504.    Admitted that Cultural Care had annual revenues in excess of $500,000.00.  The remainder of the allegations in Paragraph 504 are denied.

505.    Denied.

506.    Denied.

_____

[1] The claims for breach of contract have been dismissed.

507.   Denied.

508.   Paragraph 508 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 508 are denied.

509.   Denied.

510.   Denied.

511.   Denied.

512.   Denied.

## COUNT IX: CLAIMS FOR UNPAID WAGES UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA[2]

513.   Cultural Care repeats and realleges its responses to paragraphs 1 through 512 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

514.   Denied.

515.   Denied.

516.   Denied.

517.   Denied.

518.   Denied.

519.   Denied.

520.   Denied.

521.   Denied.

_____

[2] The claims for unpaid wages under the laws of Utah have been dismissed.

## COUNT X: VIOLATIONS OF NEW YORK WAGE ACT

522.   Cultural Care repeats and realleges its responses to paragraphs 1 through 521 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

523.   Denied.

524.   Denied.

525.   Denied.

526.   Denied.

## COUNT XI: CLAIM FOR UNPAID WAGES UNDER COLORADO LAWS, INCLUDING C.R.S. §§ 8-6-101, ET SEQ. AS IMPLEMENTED BY 7 CCR 1103-1, C.R.S. § 8-4-101 ET SEQ., AND COMMON LAW CONTRACT AND EQUITABLE PRINCIPLES

527.   Cultural Care repeats and realleges its responses to paragraphs 1 through 526 of the First Amended Complaint and incorporates the same by reference as if fully set forth herein.

528.   Paragraph 528 makes no allegations regarding Cultural Care and the Noonans are no longer defendants in this action, therefore, no responsive pleading is required.

529.   Paragraph 529 makes no allegations regarding Cultural Care and the Noonans are no longer defendants in this action, therefore, no responsive pleading is required.

530.   Paragraph 530 makes no allegations regarding Cultural Care and the Noonans are no longer defendants in this action, therefore, no responsive pleading is required.

531.    Paragraph 531 makes no allegations regarding Cultural Care and the Noonans are no longer defendants in this action, therefore, no responsive pleading is required.

532.    Paragraph 532 makes no allegations regarding Cultural Care and the Noonans are no longer defendants in this action, therefore, no responsive pleading is required.

533.    Paragraph 533 makes no allegations regarding Cultural Care and the Noonans are no longer defendants in this action, therefore, no responsive pleading is required.

## DEMAND FOR JURY TRIAL

534.    Cultural Care demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Cultural Care respectfully requests that:

a.    This Court decline to certify this action as a class action;

b.    This Court decline to maintain and certify this action as a collective action under 29 U.S.C. § 216(b);

c.    Enter judgment in Cultural Care's favor as to Counts I (Sherman Act), II (Civil RICO), III (Breach of Fiduciary Duty), IV (Negligent Misrepresentation), V (Constructive Fraud and Fraudulent Concealment), VI (Consumer Protection), VII (Quasi Contract), VIII (FLSA), IX (State Wage Claims), and X (New York Wage Act); and

d.    Award such other and further relief as the Court may deem just and proper.

## **SEPARATE DEFENSES**

Each and every allegation in Plaintiffs' Complaint that is not admitted is expressly denied.   In addition, and without assuming any burden of proof that would not otherwise be placed on Cultural Care by law, Cultural Care asserts the following separate defenses.

### SEPARATE DEFENSE I

The Complaint fails to state a claim or cause of action upon which relief can be granted.

### SEPARATE DEFENSE II

If Plaintiffs suffered any injuries, said damages are the result of the actions of third parties for which Cultural Care is not responsible.

### SEPARATE DEFENSE III

The Plaintiffs' claims are barred, in whole or in part, because the named plaintiffs are not proper class representatives.

### SEPARATE DEFENSE IV

Neither a class nor a collective action would be appropriate or in conformity with applicable law.

### SEPARATE DEFENSE V

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

<u>SEPARATE DEFENSE VI</u>

Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if they would be allowed to recover any part of the damages alleged in the complaint.

<u>SEPARATE DEFENSE VII</u>

Certain of Plaintiffs' claims are preempted by federal law.

<u>SEPARATE DEFENSE VIII</u>

There is no liability because no host family was an agent or employee of Cultural Care.

<u>SEPARATE DEFENSE IX</u>

Some activities alleged to be compensable are not compensable as prescribed by the Portal-to-Portal Act 29 U.S.C. §§ 254 *et seq.*

<u>SEPARATE DEFENSE X</u>

Certain of Plaintiffs' claims are barred because Plaintiffs failed to exhaust their administrative remedies.

<u>SEPARATE DEFENSE XI</u>

All conduct by Cultural Care was in good faith and with reasonable grounds for believing that such conduct comported with the antitrust laws, FLSA, the Portal-to-Portal Act, and the requirements of the United States Department of State.

<u>SEPARATE DEFENSE XII</u>

Any compensation is subject to a credit pursuant to 29 C.F.R. §§ 531.31 *et seq.*

## SEPARATE DEFENSE XIII

Any overtime compensation sought is subject to a statutory credit pursuant to 29 U.S.C. § 207.

## SEPARATE DEFENSE XIV

All claims are barred by 29 U.S.C. § 259 on the basis that Defendant acted in good faith and in reliance on pay requirements issued by the United States Department of State.

## SEPARATE DEFENSE XV

All claims are barred by 29 U.S.C. § 259 on the basis that Defendant acted in good faith and in reliance on the enforcement policies of the DOL.

## SEPARATE DEFENSE XVI

Liquidated damages, pursuant to 29 U.S.C. § 260, are not available as such are barred by Cultural Care's good faith and Cultural Care's reasonable grounds for believing it was acting in conformity with the FLSA and its actions were not violative of the Act.

## SEPARATE DEFENSE XVII

There can be no liability because Cultural Care was acting in accordance with a bona fide custom and practice.

## SEPARATE DEFENSE XVIII

Because the actions of Cultural Care were not willful, the applicable period of limitations for certain claims is two (2) years.

<u>SEPARATE DEFENSE XIX</u>

There is no liability because Cultural Care was not the "employer" or "joint-employer" of the Plaintiffs or any other au pair.

<u>SEPARATE DEFENSE XX</u>

Because Cultural Care was not the employer or joint employer of the Plaintiffs or any other au pair, there is no common pay practice and a collective action would not be appropriate or in conformity with applicable law.

<u>SEPARATE DEFENSE XXI</u>

Colorado law specifically is not applicable to Cultural Care as there is an exclusion of the law for persons acting as au pairs.

<u>SEPARATE DEFENSE XXII</u>

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

<u>SEPARATE DEFENSE XXIII</u>

Plaintiffs' claims are barred because Cultural Care's actions have been procompetitive and did not lessen competition in the market.

<u>SEPARATE DEFENSE XXIV</u>

Plaintiffs' claims are barred, in whole or in part, because any and all of Cultural Care's conduct has been reasonable and based on independent, legitimate business and economic justifications.

SEPARATE DEFENSE XXV

Plaintiffs' claims are barred, in whole or in part, because plaintiffs have not suffered antitrust injury proximately caused by the conduct of Cultural Care and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

SEPARATE DEFENSE XXVI

Plaintiffs' claims are barred, in whole or in part, because of conduct of which plaintiffs complain is reasonable and justified, has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

SEPARATE DEFENSE XXVII

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

SEPARATE DEFENSE XXIIX

Plaintiffs' claims are barred because they have not alleged a properly defined relevant product (or service) and geographic markets.

SEPARATE DEFENSE XXIX

Plaintiffs' claims are barred because Cultural Care reasonably relied upon the weekly stipend designated by the DOS and/or the DOL to be paid to participants in the

au pair exchange program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in the Cultural Care au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

### SEPARATE DEFENSE XXX

If, for some reason, any or all of the alleged acts and omissions of Cultural Care were not within the scope of conduct authorized by the DOS and/or the DOL, such a situation was not reasonably foreseeable by Cultural Care.

### SEPARATE DEFENSE XXXI

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the state action doctrine and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due to, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

### SEPARATE DEFENSE XXXII

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack antitrust standing.

### SEPARATE DEFENSE XXXIII

Plaintiffs' claims are barred, in whole or in part, because plaintiffs are not direct sellers of any product or service to Cultural Care.

### SEPARATE DEFENSE XXXIV

Plaintiffs' claims for equitable relief are barred, in whole or in part, because plaintiffs lack standing to seek such relief.

### SEPARATE DEFENSE XXXV

Cultural Care adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

### SEPARATE DEFENSE XXXVI

Cultural Care reserves the right to assert additional separate defenses if and when they become known through investigation and discovery.

DATED this 20th day of April, 2016.

Respectfully Submitted,

_____ s/ Jeffrey P. Allen _____
Jeffrey P. Allen
E-mail: jallen@lawson-weitzen.com
Donald J. Gentile
E-mail: dgentile@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue
Boston, MA 02210
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987

-and-

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email: bsiebert@shermanhoward.com

-and-

William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Email:  William.monts@hoganlovells.com

ATTORNEYS FOR DEFENDANT
CULTURAL CARE, INC.

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on April 20, 2016, I electronically filed the foregoing Defendant Cultural Care, Inc.'s Answer to Plaintiffs' First Amended Complaint and Jury Demand using the CM/ECF system which will send notification of such filing to the following e-mail addresses.

**Lauren Fleischer Louis**
llouis@bsfllp.com

**Sigrid Stone McCawley**
smccawley@bsfllp.com

**Matthew Lane Schwartz**
mlschwartz@bsfllp.com

**Peter Murray Skinner**
pskinner@bsfllp.com

**Randall Wade Jackson**
rjackson@bsfllp.com

**Alexander Hood**
alex@towardsjustice.org

**Bogdan Enica**
bogdane@hotmail.com

**Brian A. Birenbach**
brian@rietzlawfirm.com

**Brooke A. Colaizzi**
bcolaizzi@shermanhoward.com

**Chanda M. Feldkamp**
cfeldkamp@kellywalkerlaw.com

**Christian D. Hammond**
chammond@duffordbrown.com

**Heather F. Vickles**
hvickles@shermanhoward.com

**Kathryn A. Reilly**
reilly@wtotrial.com

**Toren G. E. Mushovic**
mushovic@wtotrial.com

**James E. Hartley**
jhartley@hollandhart.com

**John R. Mann**
jmann@gordonrees.com

**Lawrence D. Stone**
lstone@duffordbrown.com

**Lawrence L. Lee**
llee@laborlawyers.com

**Martin J. Estevao**
mestevao@armstrongteasdale.com

**Martha L. Fitzgerald**
mfitzgerald@bhfs.com

**Meshach Y. Rhoades**
rhoadesm@armstrongteasdale.com

**Raymond M. Deeny**
rdeeny@shermanhoward.com

**Thomas B. Quinn**
tquinn@gordonrees.com

**W.V. Bernie Siebert**
bsiebert@shermanhoward.com

**William J. Kelly III**
wkelly@kellywalkerlaw.com

**Susan M. Schaecher**
sschaecher@laborlawyers.com

**Erica L. Herrera**
eherrera@shermanhoward.com

**William L. Monts III**
William.monts@hoganlovells.com

    s/ Jeffrey P. Allen
    Jeffrey P. Allen