IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*,

      Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*;

      Defendants.

---

## DEFENDANT INTEREXCHANGE INC.'S ANSWER TO FIRST AMENDED COMPLAINT

---

Defendant InterExchange, Inc. ("InterExchange") submits the following Answer to Plaintiffs' First Amended Complaint (Doc. 101) ("Complaint"):

### INTRODUCTORY STATEMENT

1.     InterExchange denies the allegations in paragraph 1 of the Complaint.

2.     InterExchange admits the au pair program was initially administered by the United States Information Agency ("USIA"), which subsequently was merged into the State Department, and that fifteen organizations are authorized by the State Department to match au pairs with American families as set forth in the governing regulations, 22 CFR § 62.31. InterExchange denies all remaining allegations in paragraph 2 of the Complaint.

3.     InterExchange denies the allegations in paragraph 3 of the Complaint.

4.      InterExchange admits that the Department of State, a government agency, oversees the au pair program. InterExchange denies all remaining allegations in paragraph 4 of the Complaint.

5.      InterExchange denies the allegations in paragraph 5 of the Complaint.

6.      InterExchange denies the allegations in paragraph 6 of the Complaint.

7.      InterExchange denies the allegations in paragraph 7 of the Complaint.

8.      InterExchange denies the allegations in paragraph 8 of the Complaint.

9.      InterExchange denies the allegations in paragraph 9 of the Complaint.

10.     InterExchange denies the allegations in paragraph 10 of the Complaint.

11.     InterExchange admits that Plaintiff Beltran is from Colombia and that a family in the United States selected her to be their au pair. InterExchange admits that Beltran was required to attend training in New York. InterExchange denies all remaining allegations in paragraph 11 of the Complaint.

12.     InterExchange denies the allegations in paragraph 12 of the Complaint.

## NATURE OF THE ACTION

13.     InterExchange admits Plaintiffs are seeking the relief described, but expressly denies any violation of state or federal antitrust laws, or any other local, state or federal law, and denies Plaintiffs are entitled to any relief whatsoever.

14.     InterExchange admits Plaintiffs attempt to state the claims described, but expressly denies it has engaged in any unlawful conduct or violated any of the laws mentioned in paragraph 14 of the Complaint.

EMPLOY/1283093.1

15.     InterExchange admits Plaintiffs attempt to state claims under the Fair Labor Standards Act ("FLSA") and state wage laws, but expressly denies it has violated such laws in any manner.

## JURISDICTION AND VENUE

16.     InterExchange denies the allegations in paragraph 16 of the Complaint.

17.     InterExchange admits venue is proper in this Court, and that it does business in Colorado. InterExchange expressly denies the existence of any alleged conspiracy. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, and therefore denies the same.

## PARTIES

18.     InterExchange admits Plaintiff Beltran is a natural person, and affirmatively states Beltran participated in a cultural exchange program in Colorado. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint, and therefore denies the same.

19.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies the same.

20.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies the same.

EMPLOY/1283093.1

21.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies the same.

22.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies the same.

23.     Upon information and belief, InterExchange admits the allegations in paragraph 23 of the Complaint.

24.     InterExchange admits it is a not for profit business entity, and affirmatively states its principal place of business is located at 100 Wall Street, New York, New York 10005. InterExchange denies all remaining allegations in paragraph 24 of the Complaint.

25.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and therefore denies the same.

26.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore denies the same.

27.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and therefore denies the same.

EMPLOY/1283093.1

28.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore denies the same.

29.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and therefore denies the same.

30.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore denies the same.

31.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and therefore denies the same.

32.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and therefore denies the same.

33.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies the same.

34.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and therefore denies the same.

35.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore denies the same.

36.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and therefore denies the same.

37.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies the same.

38.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and therefore denies the same.

39.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and therefore denies the same.

40.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and therefore denies the same.

41.     InterExchange admits that the defendants other than the Noonan defendants are at times referred to collectively in the Complaint as the "Sponsors" or the "Sponsor Defendants."

## PLAINTIFFS' STATEMENT OF "FACTS"

42.     InterExchange denies the allegations in paragraph 42 of the Complaint.

43.     InterExchange admits that participants in the au pair program must have a J-1 visa, and that the au pair program is one of several J-1 visa "cultural exchange" programs overseen and administered by the U.S. Department of State. InterExchange further admits that the au pair program is carried out under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, as well as the applicable regulations issued by the State Department. InterExchange denies all remaining allegations in paragraph 43 of the Complaint.

44.     InterExchange admits that, among the requirements for participants in the au pair program, as set forth in the governing regulations at 22 CFR § 62.31, are that they must be between the ages of 18 and 26, must have a secondary school education (or equivalent), and must be proficient in spoken English. InterExchange further admits that foreign nationals participating in the au pair program are afforded the opportunity to live with, and participate directly in the home life of, an American host family; au pair participants provide up to forty-five hours of child care services per week to the host family and pursue not less than six semester hours of academic credit or its equivalent at a U.S. post-secondary educational institution; and that host families provide participants in the au pair program a suitable private bedroom and a weekly stipend. InterExchange denies the remaining allegations in paragraph 44 of the Complaint.

45.     InterExchange admits that the State Department authorizes certain entities to act as sponsors in the au pair program, and that all of the entities currently

EMPLOY/1283093.1

authorized to serve as sponsors are named as defendants. InterExchange denies all remaining allegations in paragraph 45 of the Complaint.

46.     InterExchange admits that sponsors are the only entities authorized by the State Department to place au pairs with host families in the U.S., and that the placement of au pairs with a host family is governed by State Department regulations. InterExchange denies all remaining allegations in paragraph 46 of the Complaint.

47.     InterExchange admits it is a non-profit entity that generates revenue from program fees paid by host families. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of the Complaint, and therefore denies the same.

48.     InterExchange admits it is governed by detailed State Department regulations, and states that such regulations speak for themselves. InterExchange denies all remaining allegations in paragraph 48 of the Complaint.

49.     InterExchange denies the allegations in paragraph 49 of the Complaint.

50.     InterExchange admits the allegations in paragraph 50 of the Complaint.

51.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and therefore denies the same.

52.     InterExchange denies the allegations in paragraph 52 of the Complaint.

53.     InterExchange admits that the first stipend for the au pair program was $100. InterExchange denies all remaining allegations in paragraph 53 of the Complaint.

54.     InterExchange denies the allegations in paragraph 54 of the Complaint.

55.     InterExchange admits the GAO issued a report regarding J-Visas in February 1990, and states that such report speaks for itself. InterExchange denies the remaining allegations in paragraph 55 of the Complaint.

56.     InterExchange denies the allegations in paragraph 56 of the Complaint and states that the GAO report speaks for itself.

57.     InterExchange denies the allegations in paragraph 57 of the Complaint and states that the GAO report speaks for itself.

58.     InterExchange denies the allegations in paragraph 58 of the Complaint.

59.     InterExchange admits the USIA issued a final rule in February 1995, and states that the final rule speaks for itself. InterExchange denies any remaining allegations in paragraph 59 of the Complaint.

60.     InterExchange states that the February 1995 final rule speaks for itself, and denies any remaining allegations in paragraph 60 of the Complaint.

61.     InterExchange states that the February 1995 final rule speaks for itself, and denies any remaining allegations in paragraph 61 of the Complaint.

62.     InterExchange states that the February 1995 final rule speaks for itself, and denies any remaining allegations in paragraph 62 of the Complaint.

63.     InterExchange admits that au pair program regulations require host families to provide au pairs with a suitable private bedroom. InterExchange denies all remaining allegations in paragraph 63 of the Complaint.

64.     InterExchange admits that in June 1997, USIA published an interim final rule, which later became final and remains in force today, and states that such rule

speaks for itself. InterExchange denies any remaining allegations in paragraph 64 of the Complaint.

65.    InterExchange denies the allegations in paragraph 65 of the Complaint.

66.    InterExchange denies the allegations in paragraph 66 of the Complaint.

67.    InterExchange denies the allegations in paragraph 67 of the Complaint.

68.    InterExchange denies that the Sponsors "have a cartel." InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68, and therefore denies the same.

69.    InterExchange denies the allegations in paragraph 69 of the Complaint.

70.    InterExchange denies the allegations in paragraph 70 of the Complaint.

71.    InterExchange admits that it is designated by the State Department as a sponsor of the au pair program, and that a foreign national must be sponsored by InterExchange or another designated sponsor in order to participate in the program. InterExchange denies all remaining allegations in paragraph 71 of the Complaint.

72.    InterExchange admits that it and the other State Department designated sponsors comprise all of the currently-designated sponsors. InterExchange denies all remaining allegations in paragraph 72 of the Complaint.

73.    InterExchange denies the allegations in paragraph 73 of the Complaint.

74.    InterExchange denies the allegations in paragraph 74 of the Complaint.

75.    InterExchange denies the allegations in paragraph 75 of the Complaint.

76.    InterExchange denies the allegations in paragraph 76 of the Complaint.

77.    InterExchange denies the allegations in paragraph 77 of the Complaint.

78.     To the extent paragraph 78 of the Complaint contains factual allegations directed to InterExchange, InterExchange denies the same. InterExchange admits that Plaintiffs purport to use the term "standard au pair" to describe au pair positions as set forth in paragraph 78.

79.     InterExchange denies the allegations in paragraph 79 of the Complaint.

80.     InterExchange admits the allegations in paragraph 80 of the Complaint.

81.     InterExchange denies the allegations in paragraph 81 of the Complaint.

82.     InterExchange admits that it is governed by detailed State Department regulations, and states that such regulations speak for themselves. InterExchange denies any remaining allegations in paragraph 82 of the Complaint.

83.     InterExchange admits that as of July 24, 2009, the State Department designated $195.75, which included a 40% credit for room and board, as the weekly stipend to be paid by host families to participants in the au pair program. InterExchange denies any remaining allegations in paragraph 83 of the Complaint.

84.     InterExchange denies the allegations in paragraph 84 of the Complaint.

85.     InterExchange denies the allegations in paragraph 85 of the Complaint.

86.     InterExchange denies the allegations in paragraph 86 of the Complaint.

87.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint, and therefore denies the same.

88.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint, and therefore denies the same.

89.     InterExchange denies the allegations in paragraph 89 of the Complaint.

90.     InterExchange denies the allegations in paragraph 90 of the Complaint.

91.     InterExchange denies the allegations in paragraph 91 of the Complaint.

92.     InterExchange denies any of its representatives, with the title of "director" or otherwise, participated in any such telephone conversation on November 20, 2014. InterExchange further denies that it participated in any "understanding" with other sponsors concerning the amount of the weekly stipend to be paid by host families to their au pairs. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92 of the Complaint, and therefore denies the same.

93.     InterExchange denies any of its representatives, with the title of "director" or otherwise, participated in any such telephone conversation on November 21, 2014. InterExchange further denies that it participated in any agreement with other sponsors concerning the amount of the weekly stipend to be paid by host families to their au pairs. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 of the Complaint, and therefore denies the same.

94.     InterExchange denies any of its representatives, with the title of "director" or otherwise, participated in any such telephone conversation on November 21, 2014.

InterExchange further denies that it participated in any agreement with other sponsors concerning the amount of the weekly stipend to be paid by host families to their au pairs. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94 of the Complaint, and therefore denies the same.

95.     InterExchange denies the allegations in paragraph 95 of the Complaint.

96.     InterExchange admits the table and its contents appeared on its website in November 2014. InterExchange denies the remaining allegations in paragraph 96 of the Complaint.

97.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint, and therefore denies the same.

98.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint, and therefore denies the same.

99.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint, and therefore denies the same.

100.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint, and therefore denies the same.

101.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint, and therefore denies the same.

102.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint, and therefore denies the same.

103.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint, and therefore denies the same.

104.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint, and therefore denies the same.

105.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint, and therefore denies the same.

106.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint, and therefore denies the same.

107.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint, and therefore denies the same.

108.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint, and therefore denies the same.

109.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint, and therefore denies the same.

110.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint, and therefore denies the same.

111.    InterExchange admits it has posted information on its website and in other written materials concerning the amount of the minimum weekly stipend to be paid by host families to their au pairs. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111 of the Complaint, and therefore denies the same.

112.    InterExchange admits it has posted information on "blog.foraupairs.org" concerning the amount of the weekly stipend to be paid by host families to their au pairs. InterExchange denies any remaining allegations in paragraph 112 of the Complaint.

113.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint, and therefore denies the same.

114.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint, and therefore denies the same.

115.   InterExchange denies the allegations in paragraph 115 of the Complaint.

116.   InterExchange denies the allegations in paragraph 116 of the Complaint.

117.   InterExchange denies the allegations in paragraph 117 of the Complaint.

118.   InterExchange denies the allegations in paragraph 118 of the Complaint.

119.   InterExchange denies the allegations in paragraph 119 of the Complaint.

120.   InterExchange denies the allegations in paragraph 120 of the Complaint.

121.   InterExchange denies the allegations in paragraph 121 of the Complaint.

122.   InterExchange admits that some foreign nationals seek to participate in the au pair program as a means for experiencing life in the U.S. InterExchange denies all remaining allegations in paragraph 122 of the Complaint.

123.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint, and therefore denies the same.

124.   InterExchange denies the allegations in paragraph 124 of the Complaint.

125.   InterExchange denies the allegations in paragraph 125 of the Complaint.

126.   InterExchange admits that it is a member of an association called the Alliance for International Education and Cultural Exchange (the "Alliance"). InterExchange lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in paragraph 126 of the Complaint, and therefore denies the same.

127.    InterExchange admits that it is a member of an association called the International Au Pair Association ("IAPA"). InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 127 of the Complaint, and therefore denies the same.

128.    InterExchange admits that for a period of time, a representative of InterExchange and a representative of Cultural Care held board seats with IAPA. InterExchange denies any remaining allegations in paragraph 128 of the Complaint.

129.    InterExchange admits that from time to time, representatives of InterExchange attend meetings of the Alliance and IAPA, which are also attended by representatives of other sponsor defendants. InterExchange denies the remaining allegations in paragraph 129 of the Complaint.

130.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Complaint, and therefore denies the same.

131.    InterExchange denies the allegations in paragraph 131 of the Complaint.

132.    InterExchange denies the allegations in paragraph 132 of the Complaint.

133.    InterExchange denies the allegations in paragraph 133 of the Complaint.

134.    InterExchange denies the allegations in paragraph 134 of the Complaint.

135.    InterExchange denies the allegations in paragraph 135 of the Complaint.

136.    InterExchange denies the allegations in paragraph 136 of the Complaint.

137.    InterExchange denies the allegations in paragraph 137 of the Complaint.

138.    InterExchange admits it enters into various written agreements with host families and au pairs, and states that such agreements speak for themselves. InterExchange denies all remaining allegations in paragraph 138 of the Complaint.

139.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Complaint, and therefore denies the same.

140.    InterExchange denies the allegations in paragraph 140 of the Complaint.

141.    InterExchange denies the allegations in paragraph 141 of the Complaint.

142.    InterExchange denies the allegations in paragraph 142 of the Complaint.

143.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint, and therefore denies the same.

144.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint, and therefore denies the same.

145.    InterExchange denies the allegations in paragraph 145 of the Complaint.

146.    InterExchange denies the allegations in paragraph 146 of the Complaint.

147.    InterExchange denies the allegations in paragraph 147 of the Complaint.

148.    InterExchange denies the allegations in paragraph 148 of the Complaint.

149.    InterExchange denies the allegations in paragraph 149 of the Complaint.

150.    InterExchange denies the allegations in paragraph 150 of the Complaint.

151.    InterExchange denies the allegations in paragraph 151 of the Complaint.

152.    InterExchange admits the current $195.75 is the minimum weekly stipend to be paid by host families to their au pairs. InterExchange denies all remaining allegations in paragraph 152 of the Complaint.

153.    InterExchange admits the current $195.75 is the minimum weekly stipend to be paid by host families to their au pairs. InterExchange denies all remaining allegations in paragraph 153 of the Complaint.

154.    InterExchange admits the current $195.75 is the minimum weekly stipend to be paid by host families to their au pairs. InterExchange denies all remaining allegations in paragraph 154 of the Complaint.

155.    InterExchange admits that the State Department's J-1 website has contained various statements at various times regarding the weekly stipend that host families are required to pay to their au pairs, and states that any such statements posted on the government agency's website speak for themselves. InterExchange denies any remaining allegations in paragraph 155 of the Complaint.

156.    InterExchange admits that the State Department's J-1 website has contained various statements at various times regarding the weekly stipend that host families are required to pay to their au pairs, and states that any such statements posted on the government agency's website speak for themselves. InterExchange denies any remaining allegations in paragraph 156 of the Complaint.

157.    InterExchange admits that the USIA initially administered the au pair program before USIA was merged into the State Department. InterExchange admits the

19

USIA's governing regulations in 1995 required host families to pay au pairs a weekly stipend of not less than $115. InterExchange denies any remaining allegations contained in paragraph 157 of the Complaint.

158.    InterExchange admits that, following each increase in the federal minimum wage, the USIA informed sponsors of corresponding increases in the minimum weekly stipend required to be paid by host families to their au pairs. InterExchange denies any remaining allegations contained in paragraph 158 of the Complaint.

159.    InterExchange admits that the USIA engaged in rulemaking in June 1997 and the regulations governing the au pair program were subsequently amended. InterExchange states that such regulations speak for themselves. InterExchange denies any remaining allegations contained in paragraph 159 of the Complaint.

160.    InterExchange admits that the U.S. Department of Labor issued an Opinion Letter dated February 28, 1997 concerning host families and the weekly stipend, and states that such Opinion Letter speaks for itself.

161.    InterExchange admits that the U.S. Department of Labor issued an Opinion Letter dated August 19, 1997 concerning host families and the weekly stipend, and states that such Opinion Letter speaks for itself.

162.    InterExchange admits that the USIA was merged into the State Department in 1999, and that the State Department has administered the J-1 visa au pair program since that time. InterExchange denies any remaining allegations in paragraph 162 of the Complaint.

163.    InterExchange admits that the USIA published a document entitled "Fact Sheet: Au Pair Stipend" dated March 14, 1997, and states that such Fact Sheet speaks for itself.

164.    InterExchange states that any "subsequent State Department rulemakings" speak for themselves. InterExchange denies any remaining allegations in paragraph 164 of the Complaint.

165.     InterExchange admits the State Department issued a notice in 2002 titled "Weekly Wage Due to Au Pair Program Participants," and states that such notice speaks for itself.

166.    InterExchange responds that the various rules, statements, notices and websites cited in the Complaint speak for themselves. InterExchange denies any remaining allegations in paragraph 166 of the Complaint.

167.    InterExchange admits that it understands that the weekly stipend to be paid by host families to their au pairs is a minimum weekly stipend. InterExchange denies any remaining allegations in paragraph 167 of the Complaint.

168.    InterExchange denies the allegations in paragraph 168 of the Complaint.

169.    InterExchange denies the allegations in paragraph 169 of the Complaint.

170.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 of the Complaint, and therefore denies the same.

171.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the Complaint, and therefore denies the same.

172.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the Complaint, and therefore denies the same.

173.    InterExchange admits that in the past, it offered au pair positions at a weekly stipend higher than the minimum weekly stipend published by the State Department. InterExchange denies any remaining allegations in paragraph 173 of the Complaint.

174.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the Complaint, and therefore denies the same.

175.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the Complaint, and therefore denies the same.

176.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the Complaint, and therefore denies the same.

177.    InterExchange admits that in the past, it advertised and offered au pair positions at a weekly stipend higher than the minimum weekly stipend published by the

State Department. InterExchange denies any remaining allegations in paragraph 177 of the Complaint.

178.    InterExchange admits that the State Department publishes information regarding the minimum weekly stipend to be paid by host families to their au pairs. InterExchange denies any remaining allegations in paragraph 178 of the Complaint.

179.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 of the Complaint, and therefore denies the same.

180.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 of the Complaint, and therefore denies the same.

181.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 of the Complaint, and therefore denies the same.

182.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of the Complaint, and therefore denies the same.

183.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 of the Complaint, and therefore denies the same.

184.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 of the Complaint, and therefore denies the same.

185.    InterExchange denies the allegations in paragraph 185 of the Complaint.

186.    InterExchange denies the allegations in paragraph 186 of the Complaint.

187.    InterExchange denies the allegations in paragraph 187 of the Complaint.

188.    InterExchange admits that from time to time, it has posted entries to a blog directed to au pairs, and states that such entries speak for themselves. InterExchange denies any remaining allegations in paragraph 188 of the Complaint.

189.    InterExchange denies the allegations in paragraph 189 of the Complaint.

190.    InterExchange denies the allegations in paragraph 190 of the Complaint.

191.    InterExchange denies the allegations in paragraph 191 of the Complaint.

192.    InterExchange denies the allegations in paragraph 192 of the Complaint.

193.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 of the Complaint, and therefore denies the same.

194.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194 of the Complaint, and therefore denies the same.

195.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 of the Complaint, and therefore denies the same.

196.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 of the Complaint, and therefore denies the same.

197.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 of the Complaint, and therefore denies the same.

198.    InterExchange responds to the allegations in paragraph 198 of the Complaint by stating that the "public filings in this case" speak for themselves.

199.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 of the Complaint, and therefore denies the same.

200.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 of the Complaint, and therefore denies the same.

201.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 of the Complaint, and therefore denies the same.

202.    InterExchange denies the allegations in paragraph 202 of the Complaint.

203.    InterExchange admits it enters into written agreements with host families, and states that such agreements speak for themselves. InterExchange denies, or lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in paragraph 203 of the Complaint.

204.    InterExchange admits it is governed by detailed State Department regulations, and states that such regulations speak for themselves. InterExchange denies the remaining allegations in paragraph 204 of the Complaint.

205.    InterExchange denies the allegations in paragraph 205 of the Complaint.

206.    InterExchange denies the allegations in paragraph 206 of the Complaint.

207.    InterExchange denies the allegations in paragraph 207 of the Complaint.

208.    InterExchange denies the allegations in paragraph 208 of the Complaint.

209.    InterExchange denies the allegations in paragraph 209 of the Complaint.

210.    InterExchange denies the allegations in paragraph 210 of the Complaint.

211.    InterExchange denies the allegations in paragraph 211 of the Complaint.

212.    InterExchange denies the allegations in paragraph 212 of the Complaint.

213.    InterExchange denies the allegations in paragraph 213 of the Complaint.

214.    InterExchange denies the allegations in paragraph 214 of the Complaint.

215.    InterExchange denies the allegations in paragraph 215 of the Complaint.

216.    InterExchange denies the allegations in paragraph 216 of the Complaint.

217.    InterExchange denies the allegations in paragraph 217 of the Complaint.

218.    InterExchange denies the allegations in paragraph 218 of the Complaint.

219.    InterExchange denies the allegations in paragraph 219 of the Complaint.

220.    InterExchange denies the allegations in paragraph 220 of the Complaint.

221.    InterExchange denies the allegations in paragraph 221 of the Complaint.

222.    InterExchange admits it is governed by detailed State Department regulations, and states that such regulations speak for themselves. InterExchange denies all remaining allegations in paragraph 222 of the Complaint.

223.    InterExchange denies the allegations in paragraph 223 of the Complaint.

224.    InterExchange denies the allegations in paragraph 224 of the Complaint.

225.    InterExchange denies the allegations in paragraph 225 of the Complaint.

226.    InterExchange denies the allegations in paragraph 226 of the Complaint.

227.    InterExchange denies the allegations in paragraph 227 of the Complaint.

228.    InterExchange denies the allegations in paragraph 228 of the Complaint.

229.    InterExchange admits the U.S. Department of Labor issued an Opinion Letter dated February 28, 1997, and states that such Opinion Letter speaks for itself. InterExchange denies the remaining allegations in paragraph 229 of the Complaint.

230.    InterExchange denies the allegations in paragraph 230 of the Complaint.

231.    InterExchange denies the allegations in paragraph 231 of the Complaint.

232.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 232 of the Complaint, and therefore denies the same.

233.    InterExchange denies the allegations in paragraph 233 of the Complaint.

234.    InterExchange denies the allegations in paragraph 234 of the Complaint.

235.    InterExchange denies the allegations in paragraph 235 of the Complaint.

236.    InterExchange denies the allegations in paragraph 236 of the Complaint.

237.    InterExchange denies the allegations in paragraph 237 of the Complaint.

238.   InterExchange denies the allegations in paragraph 238 of the Complaint.

239.   InterExchange denies the allegations in paragraph 239 of the Complaint.

240.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 240 of the Complaint, and therefore denies the same.

241.   InterExchange denies that it entered into any employment contract with any au pair. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 241 of the Complaint, and therefore denies the same.

242.   InterExchange denies the allegations in paragraph 242 of the Complaint.

243.   InterExchange denies the allegations in paragraph 243 of the Complaint.

244.   InterExchange denies the allegations in paragraph 244 of the Complaint.

245.   InterExchange denies the allegations in paragraph 245 of the Complaint.

246.   InterExchange admits that its website has content directed to host families, and states that such content speaks for itself. InterExchange denies any remaining allegations in paragraph 246 of the Complaint.

247.   InterExchange admits that its website has content directed to au pairs, and states that such content speaks for itself. InterExchange denies any remaining allegations in paragraph 247 of the Complaint.

248.   InterExchange admits that its website has content directed to au pairs, and states that such content speaks for itself. InterExchange denies any remaining allegations in paragraph 248 of the Complaint.

249.    InterExchange admits that its website has content directed to au pairs, and states that such content speaks for itself. InterExchange denies any remaining allegations in paragraph 249 of the Complaint.

250.    InterExchange responds that the form agreements it has used at various times speak for themselves. InterExchange denies any remaining allegations in paragraph 250 of the Complaint.

251.    InterExchange denies the allegations in paragraph 251 of the Complaint.

252.    InterExchange admits that it understands that the weekly stipend to be paid by host families to their au pairs is a minimum weekly stipend. InterExchange admits that in the past, it offered au pair positions at a weekly stipend higher than the minimum weekly stipend published by the State Department. InterExchange denies any remaining allegations in paragraph 252 of the Complaint.

253.    InterExchange admits it disseminates information in various forms directed to au pairs, and states that such materials speak for themselves. InterExchange denies all remaining allegations in paragraph 253 of the Complaint.

254.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254 of the Complaint, and therefore denies the same.

255.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 255 of the Complaint, and therefore denies the same.

256.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 256 of the Complaint, and therefore denies the same.

257.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 257 of the Complaint, and therefore denies the same.

258.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 258 of the Complaint, and therefore denies the same.

259.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259 of the Complaint, and therefore denies the same.

260.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260 of the Complaint, and therefore denies the same.

261.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261 of the Complaint, and therefore denies the same.

262.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262 of the Complaint, and therefore denies the same.

263.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 263 of the Complaint, and therefore denies the same.

264.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 264 of the Complaint, and therefore denies the same.

265.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265 of the Complaint, and therefore denies the same.

266.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266 of the Complaint, and therefore denies the same.

267.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267 of the Complaint, and therefore denies the same.

268.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 268 of the Complaint, and therefore denies the same.

269.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269 of the Complaint, and therefore denies the same.

270.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270 of the Complaint, and therefore denies the same.

271.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271 of the Complaint, and therefore denies the same.

272.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 272 of the Complaint, and therefore denies the same.

273.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 273 of the Complaint, and therefore denies the same.

274.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 274 of the Complaint, and therefore denies the same.

275.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 275 of the Complaint, and therefore denies the same.

276.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 276 of the Complaint, and therefore denies the same.

277.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 277 of the Complaint, and therefore denies the same.

278.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 278 of the Complaint, and therefore denies the same.

279.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 279 of the Complaint, and therefore denies the same.

280.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 280 of the Complaint, and therefore denies the same.

281.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 281 of the Complaint, and therefore denies the same.

282.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282 of the Complaint, and therefore denies the same.

283.    InterExchange denies the allegations in paragraph 283 of the Complaint.

284.    InterExchange denies the allegations in paragraph 284 of the Complaint.

285.    InterExchange denies the allegations in paragraph 285 of the Complaint.

286.    InterExchange denies the allegations in paragraph 286 of the Complaint.

287.    InterExchange denies the allegations in paragraph 287 of the Complaint.

288.    InterExchange denies the allegations in paragraph 288 of the Complaint.

289.    InterExchange denies the allegations in paragraph 289 of the Complaint.

290.    InterExchange admits that it complied with all State Department regulations regarding the provision of health insurance to the au pairs. InterExchange denies all remaining allegations in paragraph 290 of the Complaint.

291.    InterExchange admits it provided all orientation and training required by the State Department regulations governing the au pair program. InterExchange denies all remaining allegations in paragraph 291 of the Complaint.

292.    InterExchange admits au pairs worked in the homes of their host families. InterExchange denies all remaining allegations in paragraph 292 of the Complaint.

293.    InterExchange denies the allegations in paragraph 293 of the Complaint.

294.    InterExchange denies the allegations in paragraph 294 of the Complaint.

295.    InterExchange denies the allegations in paragraph 295 of the Complaint.

296.    InterExchange denies the allegations in paragraph 296 of the Complaint.

297.    InterExchange admits that from time to time it has posted content on a blog directed to au pairs, and states that such content speaks for itself. InterExchange denies any remaining allegations in paragraph 297 of the Complaint.

298.    InterExchange admits that it has used various videos at various times, and responds that the content of such videos speaks for itself. InterExchange denies any remaining allegations in paragraph 298 of the Complaint.

299.    InterExchange responds that the various written agreements it has used at various times speak for themselves. InterExchange denies any remaining allegations in paragraph 299 of the Complaint.

300.    InterExchange responds that the written agreements it has used at various times speak for themselves. InterExchange denies any remaining allegations in paragraph 300 of the Complaint.

301.    InterExchange admits that it has disseminated an Au Pair Handbook, and states that such Handbook speaks for itself. InterExchange denies all remaining allegations in paragraph 301 of the Complaint.

302.    InterExchange denies the allegations in paragraph 302 of the Complaint.

303.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 303 of the Complaint, and therefore denies the same.

304.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 304 of the Complaint, and therefore denies the same.

305.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 305 of the Complaint, and therefore denies the same.

306.    InterExchange admits that State Department regulations limit the hours an au pair may work for a host family to no more than 45 hours per week. InterExchange

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 306 of the Complaint, and therefore denies the same.

307.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 307 of the Complaint, and therefore denies the same.

308.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 308 of the Complaint, and therefore denies the same.

309.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 309 of the Complaint, and therefore denies the same.

310.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 310 of the Complaint, and therefore denies the same.

311.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 311 of the Complaint, and therefore denies the same.

312.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 312 of the Complaint, and therefore denies the same.

313.    InterExchange denies the allegations in paragraph 313 of the Complaint.

314.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 314 of the Complaint, and therefore denies the same.

315.    InterExchange admits the federal minimum wage has been $7.25 per hour since July 24, 2009.

316.    InterExchange admits the allegations in paragraph 316 of the Complaint.

317.    InterExchange denies the allegations in paragraph 317 of the Complaint.

318.    InterExchange denies the allegations in paragraph 318 of the Complaint.

319.    InterExchange admits it provides all orientation and training required under the State Department regulations governing the au pair program. InterExchange denies all remaining allegations in paragraph 319 of the Complaint.

320.    InterExchange denies the allegations in paragraph 320 of the Complaint.

321.    InterExchange denies the allegations in paragraph 321 of the Complaint.

322.    Upon information and belief, InterExchange admits the allegations in paragraph 322 of the Complaint.

323.    InterExchange admits Beltran submitted an application to participate in the J-1 visa au pair program through InterExchange, and affirmatively states it received such application in late 2011. InterExchange denies the remaining allegations in paragraph 323 of the Complaint.

324.    InterExchange admits Beltran completed an application that was later submitted to InterExchange. InterExchange denies that Beltran paid it $2,500. InterExchange lacks knowledge or information sufficient to form a belief as to the truth

37

of the remaining allegations in paragraph 324 of the Complaint, and therefore denies the same.

325.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 325 of the Complaint, and therefore denies the same.

326.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 326 of the Complaint, and therefore denies the same.

327.    InterExchange admits that Beltran's profile was posted as an au pair candidate on that portion of its website that is accessible to host families searching for au pairs. InterExchange denies any remaining allegations in paragraph 327 of the Complaint.

328.    InterExchange admits that Beltran interviewed with the Noonans via Skype or telephone, and affirmatively states such interview occurred April 8, 2012. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 328 of the Complaint, and therefore denies the same.

329.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 329 of the Complaint, and therefore denies the same.

330.    Upon information and belief, InterExchange admits the allegations in paragraph 330 of the Complaint.

331.    InterExchange denies the allegations in paragraph 331 of the Complaint.

332.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 332 of the Complaint, and therefore denies the same.

333.    InterExchange admits the allegations in paragraph 333 of the Complaint.

334.    InterExchange admits Beltran was provided lodging in a New York hotel, along with approximately 40 other au pairs, while she attended the orientation and training required under State Department regulations. InterExchange denies the remaining allegations in paragraph 334 of the Complaint.

335.    InterExchange admits it did not compensate Beltran for her participation in the orientation and training required under State Department regulations, although it provided lodging and some meals. InterExchange denies any remaining allegations in paragraph 335 of the Complaint.

336.    InterExchange admits that the State Department regulations require au pair orientation and training, and admits that it complied with such regulations. InterExchange denies all remaining allegations in paragraph 336 of the Complaint.

337.    InterExchange admits the allegations in paragraph 337 of the Complaint.

338.    Upon information and belief, InterExchange admits the allegations in paragraph 338 of the Complaint.

339.    InterExchange admits a local coordinator contacted Beltran on a number of occasions while Beltran was an au pair in Colorado. InterExchange denies any remaining allegations in paragraph 339 of the Complaint.

340.    InterExchange admits its local coordinators schedule monthly meetings with au pairs, and that Beltran attended at least one such meeting. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 340 of the Complaint, and therefore denies the same.

341.    InterExchange denies the allegations in paragraph 341 of the Complaint.

342.    Upon information and belief, InterExchange admits the allegations in paragraph 342 of the Complaint.

343.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 343 of the Complaint, and therefore denies the same.

344.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 344 of the Complaint, and therefore denies the same.

345.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 345 of the Complaint, and therefore denies the same.

346.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 346 of the Complaint, and therefore denies the same.

347.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 347 of the Complaint, and therefore denies the same.

348.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 348 of the Complaint, and therefore denies the same.

349.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 349 of the Complaint, and therefore denies the same.

350.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 350 of the Complaint, and therefore denies the same.

351.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 351 of the Complaint, and therefore denies the same.

352.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 352 of the Complaint, and therefore denies the same.

353.    InterExchange admits that the Noonans requested that Beltran be "rematched," its local coordinator conducted a meeting at the Noonans' home, and Beltran subsequently left the Noonans' home. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 353 of the Complaint, and therefore denies the same.

354.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 354 of the Complaint, and therefore denies the same.

355.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 355 of the Complaint, and therefore denies the same.

356.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 356 of the Complaint, and therefore denies the same.

357.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 357 of the Complaint, and therefore denies the same.

358.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 358 of the Complaint, and therefore denies the same.

359.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 359 of the Complaint, and therefore denies the same.

360.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 360 of the Complaint, and therefore denies the same.

EMPLOY/1283093.1

361.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 361 of the Complaint, and therefore denies the same.

362.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 362 of the Complaint, and therefore denies the same.

363.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 363 of the Complaint, and therefore denies the same.

364.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 364 of the Complaint, and therefore denies the same.

365.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 365 of the Complaint, and therefore denies the same.

366.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 366 of the Complaint, and therefore denies the same.

367.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 367 of the Complaint, and therefore denies the same.

EMPLOY/1283093.1

368.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 368 of the Complaint, and therefore denies the same.

369.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 369 of the Complaint, and therefore denies the same.

370.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 370 of the Complaint, and therefore denies the same.

371.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 371 of the Complaint, and therefore denies the same.

372.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 372 of the Complaint, and therefore denies the same.

373.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 373 of the Complaint, and therefore denies the same.

374.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 374 of the Complaint, and therefore denies the same.

44

375. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 375 of the Complaint, and therefore denies the same.

376. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 376 of the Complaint, and therefore denies the same.

377. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 377 of the Complaint, and therefore denies the same.

378. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 378 of the Complaint, and therefore denies the same.

379. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 379 of the Complaint, and therefore denies the same.

380. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 380 of the Complaint, and therefore denies the same.

381. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 381 of the Complaint, and therefore denies the same.

382.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 382 of the Complaint, and therefore denies the same.

383.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 383 of the Complaint, and therefore denies the same.

384.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 384 of the Complaint, and therefore denies the same.

385.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 385 of the Complaint, and therefore denies the same.

386.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 386 of the Complaint, and therefore denies the same.

387.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 387 of the Complaint, and therefore denies the same.

388.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 388 of the Complaint, and therefore denies the same.

389.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 389 of the Complaint, and therefore denies the same.

390.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 390 of the Complaint, and therefore denies the same.

391.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 391 of the Complaint, and therefore denies the same.

392.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 392 of the Complaint, and therefore denies the same.

393.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 393 of the Complaint, and therefore denies the same.

394.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 394 of the Complaint, and therefore denies the same.

395.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 395 of the Complaint, and therefore denies the same.

396.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 396 of the Complaint, and therefore denies the same.

397.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 397 of the Complaint, and therefore denies the same.

398.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 398 of the Complaint, and therefore denies the same.

399.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 399 of the Complaint, and therefore denies the same.

400.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 400 of the Complaint, and therefore denies the same.

401.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 401 of the Complaint, and therefore denies the same.

402.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 402 of the Complaint, and therefore denies the same.

403.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 403 of the Complaint, and therefore denies the same.

404.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 404 of the Complaint, and therefore denies the same.

405.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 405 of the Complaint, and therefore denies the same.

406.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 406 of the Complaint, and therefore denies the same.

407.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 407 of the Complaint, and therefore denies the same.

408.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 408 of the Complaint, and therefore denies the same.

409.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 409 of the Complaint, and therefore denies the same.

410.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 410 of the Complaint, and therefore denies the same.

411.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 411 of the Complaint, and therefore denies the same.

412.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 412 of the Complaint, and therefore denies the same.

413.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 413 of the Complaint, and therefore denies the same.

414.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 414 of the Complaint, and therefore denies the same.

415.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 415 of the Complaint, and therefore denies the same.

416.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416 of the Complaint, and therefore denies the same.

417.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 417 of the Complaint, and therefore denies the same.

418.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 418 of the Complaint, and therefore denies the same.

419.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 419 of the Complaint, and therefore denies the same.

420.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 420 of the Complaint, and therefore denies the same.

421.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 421 of the Complaint, and therefore denies the same.

422.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 422 of the Complaint, and therefore denies the same.

423.     InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 423 of the Complaint, and therefore denies the same.

424.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 424 of the Complaint, and therefore denies the same.

425.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 425 of the Complaint, and therefore denies the same.

426.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 426 of the Complaint, and therefore denies the same.

427.    InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 427 of the Complaint, and therefore denies the same.

## RULE 23 CLASS ALLEGATIONS

428.    InterExchange admits and denies the allegations in paragraphs 1 through 427 of the Complaint as set forth above.

429.    InterExchange admits Plaintiffs attempt to assert Counts I-VII and IX-X as Fed. R. Civ. P. 23 ("Rule 23") class action claims. InterExchange denies all remaining allegations in paragraph 429 of the Complaint, and specifically denies that certification of any class would be proper under Rule 23.

430.    InterExchange admits that Plaintiffs purport to define what they call the "Price Fixed Class" as set forth in paragraph 430 of the Complaint. InterExchange

denies all remaining allegations in paragraph 430 and denies that certification of any class would be proper under Rule 23.

431.    InterExchange admits that Plaintiffs purport to define what they call the "Interexchange National Wage Class" as set forth in paragraph 431 of the Complaint. InterExchange denies all remaining allegations in paragraph 431 and denies that certification of any class would be proper under Rule 23.

432-434.    Paragraphs 432-434 make no allegations regarding InterExchange and therefore no responsive pleading is required. To the extent a response is required, InterExchange denies all allegations in these paragraphs, and expressly denies that certification of any class would be proper under Rule 23.

435.    InterExchange admits that Plaintiffs purport to define what they call the "Interexchange New York Wage Class" as set forth in paragraph 435 of the Complaint. InterExchange denies all remaining allegations in paragraph 435 and denies that certification of any class would be proper under Rule 23.

436-438.    Paragraphs 436-438 make no allegations regarding InterExchange and therefore no responsive pleading is required. To the extent a response is required, InterExchange denies all allegations in these paragraphs, and expressly denies that certification of any class would be proper under Rule 23.

439.    InterExchange admits that Plaintiffs purport to define what they call the "InterExchange Fraud Class" as set forth in paragraph 439 of the Complaint. InterExchange denies all remaining allegations in paragraph 439 and denies that certification of any class would be proper under Rule 23.

440-442.     Paragraphs 440-442 make no allegations regarding InterExchange and therefore no responsive pleading is required. To the extent a response is required, InterExchange denies all allegations in these paragraphs, and expressly denies that certification of any class would be proper under Rule 23.

443.   InterExchange denies that certification of any class would be proper under Rule 23. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 443 of the Complaint, and therefore denies the same.

444.   InterExchange denies the allegations in paragraph 444 of the Complaint.

445.   InterExchange denies the allegations in paragraph 445 of the Complaint.

446.   InterExchange denies the allegations in paragraph 446 of the Complaint.

447.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 447 of the Complaint, and therefore denies the same.

448.   InterExchange denies the allegations in paragraph 448 of the Complaint.

449.   InterExchange denies the allegations in paragraph 449 of the Complaint.

450.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 450 of the Complaint, and therefore denies the same.

451.   InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 451 of the Complaint, and therefore denies the same.

452.    InterExchange admits that during the time Beltran participated in the au pair program, she worked for her host family the Noonans in Colorado. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 452 of the Complaint, and therefore denies the same.

453.    InterExchange denies the allegations in paragraph 453 of the Complaint.

454.    InterExchange denies the allegations in paragraph 454 of the Complaint.

## 29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

455.    InterExchange admits and denies the allegations in paragraphs 1 through 454 of the Complaint as set forth above.

456.    InterExchange admits Plaintiffs purport to bring certain FLSA claims as collective actions pursuant to 29 U.S.C. § 216(b) ("Section 216(b)"). InterExchange denies any remaining allegations in paragraph 456 of the Complaint, and specifically denies that certification of any collective action would be proper.

457.    InterExchange admits that various documents, including some titled "FLSA Consent Form," are attached to the Complaint as Exhibit 1.

458.    InterExchange admits that Plaintiffs purport to define what they call the "InterExchange 216(b) Class" as set forth in paragraph 458 of the Complaint. InterExchange denies all remaining allegations in paragraph 458 and denies that certification of any class would be proper under Section 216(b).

459-464.    Paragraphs 459-464 make no allegations regarding InterExchange and therefore no responsive pleading is required. To the extent a response is required,

InterExchange denies all allegations in these paragraphs, and expressly denies that certification of any class would be proper under Section 216(b).

465.    InterExchange denies the allegations in paragraph 465 of the Complaint.

## COUNT I:  RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1 *ET SEQ.*

466.    InterExchange admits and denies the allegations in paragraphs 1 through 465 of the Complaint as set forth above. InterExchange denies that Plaintiffs may assert claims on behalf of any other similarly situated participants in the au pair program and denies the remaining allegations in paragraph 466 of the Complaint.

467.    InterExchange denies the allegations in paragraph 467 of the Complaint.

468.    InterExchange denies the allegations in paragraph 468 of the Complaint.

469.    InterExchange denies the allegations in paragraph 469 of the Complaint.

470.    InterExchange denies the allegations in paragraph 470 of the Complaint.

471.    InterExchange denies the allegations in paragraph 471 of the Complaint.

472.    InterExchange denies the allegations in paragraph 472 of the Complaint.

473.    InterExchange denies the allegations in paragraph 473 of the Complaint.

474.    InterExchange denies the allegations in paragraph 474 of the Complaint.

## COUNT II:  CIVIL RICO, 18 U.S.C. 1964(C)

475.    InterExchange admits and denies the allegations in paragraphs 1 through 474 of the Complaint as set forth above.

476.    InterExchange denies that Plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair program and denies the remaining allegations in paragraph 476 of the Complaint.

477.    InterExchange denies the allegations in paragraph 477 of the Complaint.

478.    InterExchange denies the allegations in paragraph 478 of the Complaint.

479.    InterExchange denies the allegations in paragraph 479 of the Complaint.

480.    InterExchange denies the allegations in paragraph 480 of the Complaint.

481.    InterExchange denies the allegations in paragraph 481 of the Complaint.

## COUNT III:  BREACH OF FIDUCIARY DUTY UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

482.    InterExchange admits and denies the allegations in paragraphs 1 through 481 of the Complaint as set forth above.

483.    InterExchange denies that Plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair program and denies the remaining allegations in paragraph 483 of the Complaint.

484.    InterExchange denies the allegations in paragraph 484 of the Complaint.

## COUNT IV:  NEGLIGENT MISREPRESENTATION THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

485.    InterExchange admits and denies the allegations in paragraphs 1 through 484 of the Complaint as set forth above.

486.    InterExchange denies that Plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair program and denies the remaining allegations in paragraph 486 of the Complaint.

487.    InterExchange denies the allegations in paragraph 487 of the Complaint.

## COUNT V:  CONSTRUCTIVE FRAUD OR FRAUDULENT CONCEALMENT UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

488.    InterExchange admits and denies the allegations in paragraphs 1 through 487 of the Complaint as set forth above.

489.    InterExchange denies that Plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair program and denies the remaining allegations in paragraph 489 of the Complaint.

490.    InterExchange denies the allegations in paragraph 490 of the Complaint.

## COUNT VI:  CONSUMER PROTECTION UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

491.    InterExchange admits and denies the allegations in paragraphs 1 through 490 of the Complaint as set forth above.

492.    InterExchange denies that Plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair program and denies the remaining allegations in paragraph 492 of the Complaint.

493.    InterExchange denies the allegations in paragraph 493 of the Complaint.

## COUNT VII:  BREACH OF CONTRACT AND QUASI CONTRACT[1]

494.    InterExchange admits and denies the allegations in paragraphs 1 through 493 of the Complaint as set forth above.

495.    InterExchange denies that Plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair program and denies the remaining allegations in paragraph 495 of the Complaint.

---

[1] The claims for breach of contract have been dismissed.

496.    InterExchange denies the allegations in paragraph 496 of the Complaint.

497.    InterExchange denies the allegations in paragraph 497 of the Complaint.

498.    InterExchange denies the allegations in paragraph 498 of the Complaint.

499.    InterExchange denies the allegations in paragraph 499 of the Complaint.

500.    InterExchange denies the allegations in paragraph 500 of the Complaint.

**COUNT VIII:  FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION
OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *ET SEQ.***

501.    InterExchange admits and denies the allegations in paragraphs 1 through 500 of the Complaint as set forth above.

502.    InterExchange denies that Plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair program and denies the remaining allegations in paragraph 502 of the Complaint.

503.    InterExchange denies the allegations in paragraph 503 of the Complaint.

504.    InterExchange admits that its annual revenues exceed $500,000. InterExchange denies that it was a member of an enterprise as described in the Complaint. InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 504 of the Complaint, and therefore denies the same.

505.    InterExchange denies the allegations in paragraph 505 of the Complaint.

506.    InterExchange denies the allegations in paragraph 506 of the Complaint.

507.    InterExchange denies the allegations in paragraph 507 of the Complaint.

508.    InterExchange admits the Noonans were Beltran's employer under the FLSA. InterExchange denies all remaining allegations in paragraph 508 of the Complaint.

509.    InterExchange denies the allegations in paragraph 509 of the Complaint.

510.    InterExchange denies the allegations in paragraph 510 of the Complaint.

511.    InterExchange denies the allegations in paragraph 511 of the Complaint.

512.    InterExchange denies the allegations in paragraph 512 of the Complaint.

## COUNT IX:  CLAIMS FOR UNPAID WAGES UNDER THE LAWS OF SEVERAL STATES AND THE DISTRICT OF COLUMBIA[2]

513.    InterExchange admits and denies the allegations in paragraphs 1 through 512 of the Complaint as set forth above.

514.    InterExchange denies that Plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair program and denies the remaining allegations in paragraph 514 of the Complaint.

515.    InterExchange denies the allegations in paragraph 515 of the Complaint.

516.    InterExchange denies the allegations in paragraph 516 of the Complaint.

517.    InterExchange denies the allegations in paragraph 517 of the Complaint.

518.    InterExchange denies the allegations in paragraph 518 of the Complaint.

519.    InterExchange denies the allegations in paragraph 519 of the Complaint.

520.    InterExchange denies the allegations in paragraph 520 of the Complaint.

521.    InterExchange denies the allegations in paragraph 521 of the Complaint.

---

[2] The claims for unpaid wages under the laws of the state of Utah have been dismissed.

<u>**COUNT X:  VIOLATIONS OF NEW YORK WAGE ACT**</u>

522.    InterExchange admits and denies the allegations in paragraphs 1 through 521 of the Complaint as set forth above.

523.    InterExchange denies that Plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair program and denies the remaining allegations in paragraph 523 of the Complaint.

524.    InterExchange denies the allegations in paragraph 524 of the Complaint.

525.    InterExchange denies the allegations in paragraph 525 of the Complaint.

526.    InterExchange denies the allegations in paragraph 526 of the Complaint.

<u>**COUNT XI:  CLAIM FOR UNPAID WAGES UNDER COLORADO LAWS, INCLUDING C.R.S. § 8-6-101, *ET SEQ.* AS IMPLEMENTED BY 7 CCR 1103-1, C.R.S. § 8-4-101 *ET SEQ.*, AND COMMON LAW CONTRACT AND EQUITABLE PRINCIPLES**</u>

527.    Although this claim is not asserted against InterExchange, InterExchange admits and denies the allegations in paragraphs 1 through 526 of the Complaint as set forth above.

528.    Although this claim is not asserted against InterExchange, InterExchange admits the Noonans employed Beltran, and denies all remaining allegations in paragraph 528 of the Complaint.

529.    Although this claim is not asserted against InterExchange, InterExchange lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 529 of the Complaint, and therefore denies the same.

530.    Although this claim is not asserted against InterExchange, InterExchange denies the allegations in paragraph 530 of the Complaint.

EMPLOY/1283093.1

531.    Although this claim is not asserted against InterExchange, InterExchange denies the allegations in paragraph 531 of the Complaint.

532.    Although this claim is not asserted against InterExchange, InterExchange denies the allegations in paragraph 532 of the Complaint.

533.    Although this claim is not asserted against InterExchange, InterExchange denies the allegations in paragraph 533 of the Complaint.

534.    InterExchange admits that Plaintiffs have demanded a trial by jury for all issues so triable.

535.    InterExchange denies each and every allegation in the Complaint not specifically admitted above.

536.    InterExchange denies Plaintiff Beltran, any other Plaintiff, or any putative class or collective action member is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

537.    InterExchange demands a jury trial for all issues so triable.

## SEPARATE DEFENSES[3]

### First Separate Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Separate Defense

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

---

[3] InterExchange asserts these defenses without assuming the burden of proof or production that would otherwise rest on Plaintiffs. InterExchange reserves the right to amend its Answer if appropriate to assert additional defenses which may be revealed through discovery or as the case develops.

EMPLOY/1283093.1

### Third Separate Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of InterExchange and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

### Fourth Separate Defense

Plaintiffs' claims are barred, in whole or in part, because the conduct of which Plaintiffs complain is reasonable and justified, and has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injury, destroy, or prevent competition.

### Fifth Separate Defense

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim. In particular, the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

### Sixth Separate Defense

The actions of InterExchange have been procompetitive, did not lessen competition in the marker, and were carried out in furtherance of its legitimate business interests.

### Seventh Separate Defense

Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

**Eighth Separate Defense**

Plaintiffs' claims are barred because InterExchange reasonably relied upon the weekly stipend designated by the State Department and the Department of Labor to be paid to participants in the au pair exchange program, specifically including the credit for room and board. The weekly stipend paid by host families to participants in InterExchange's au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

**Ninth Separate Defense**

If any alleged act or omission by InterExchange was not within the scope of conduct authorized by the State Department and Department of Labor, such situation was not reasonably foreseeable by InterExchange.

**Tenth Separate Defense**

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine and/or the doctrine of implied immunity. Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

EMPLOY/1283093.1

### Eleventh Separate Defense

Plaintiffs' claims are barred, in whole or in part, because InterExchange has acted at all times in good faith and with intent to comply with all applicable federal and state laws.

### Twelfth Separate Defense

Any injuries, losses or damages suffered by Plaintiffs were the result of the actions of third parties for which InterExchange is not responsible.

### Thirteenth Separate Defense

Plaintiffs' claims for damages against InterExchange are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating any alleged damages.

### Fourteenth Separate Defense

The alleged injury, loss or damage suffered by Plaintiffs, if any, would be compensated adequately by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

### Fifteenth Separate Defense

Plaintiffs' claims are barred, in whole or in part, because they are preempted by federal law.

### Sixteenth Separate Defense

Defendant InterExchange is not an "employer" or a "joint employer" within the meaning of the FLSA or any applicable state statute, law or regulation, including but not

EMPLOY/1283093.1

limited to the Colorado Wage Act, Colorado Minimum Wage Order, and New York state laws.

## Seventeenth Separate Defense

Because InterExchange is not an "employer" or "joint employer" of Plaintiffs or any other au pair, there is no common pay practice and a collective action is not appropriate or in conformity with applicable law.

## Eighteenth Separate Defense

Plaintiffs are exempt from minimum wage and overtime requirements under the FLSA and other state statutes, laws and regulations, including but not limited to the Colorado Wage Act, Colorado Minimum Wage Order, and New York state laws.

## Nineteenth Separate Defense

Defendant InterExchange at all times acted in good faith and had reasonable grounds to believe its actions were not in violation of the FLSA or any other law.

## Twentieth Separate Defense

Plaintiffs' claims are barred by 29 U.S.C. § 259 on the basis that Defendant InterExchange acted in good faith, in conformity with, and in reliance upon published, written regulations and interpretations of the U.S. Department of Labor, and the U.S. Department of State.

## Twenty-First Separate Defense

At no time were the actions of Defendant InterExchange willful; thus, if applicable at all, the FLSA limitations period is two years.

## Twenty-Second Separate Defense

Plaintiffs' claims are barred in whole or in part based on the failure to join indispensable parties.

### Twenty-Third Separate Defense

InterExchange is not liable because no host family was an agent or employee of InterExchange.

### Twenty-Fourth Separate Defense

The named Plaintiffs, including Plaintiff Beltran, are not similarly situated to other potential plaintiffs and are not proper class representatives.

### Twenty-Fifth Separate Defense

The named Plaintiffs, including Plaintiff Beltran, lack standing to assert claims on behalf of persons other than themselves.

### Twenty-Sixth Separate Defense

The Complaint does not meet the requirements of a class action under Fed. R. Civ. P. 23, or a collective action under 29 U.S.C. § 216(b).

### Twenty-Seventh Separate Defense

No confidential relationship existed between Plaintiffs, or any au pair, and InterExchange, as is necessary to create a fiduciary duty.

### Twenty-Eighth Separate Defense

Plaintiffs' claims, including Beltran's claims, are barred in whole or in part by her failure to substantially perform, and prior breach of, the terms of her agreement with InterExchange.

### Twenty-Ninth Separate Defense

Enforcement of any alleged contract between Plaintiffs and InterExchange is barred by the statute of frauds.

### Thirtieth Separate Defense

Plaintiffs' claims, including Beltran's claims, are barred, in whole or in part, because of her own misconduct and/or pursuant to the doctrines of unclean hands, estoppel, waiver and/or laches.

### Thirty-First Separate Defense

Liquidated damages are barred pursuant to 29 U.S.C. § 260 because Defendant InterExchange acted in good faith and with reasonable grounds for believing it was acting in conformity with the FLSA, and that its actions did not violate the FLSA.

### Thirty-Second Separate Defense

InterExchange is not liable for damages, if any, because it was acting in accordance with a bona fide custom and practice.

### Thirty-Third Separate Defense

Some activities alleged to be compensable are not compensable as prescribed by the Portal-to-Portal Act, 29 U.S.C. §§ 254, *et seq.*

### Thirty-Fourth Separate Defense

Compensation owed, if any, is subject to a statutory credit pursuant to 29 U.S.C. § 207, and a credit pursuant to 29 C.F.R. §§ 531.31, *et seq.*

### Thirty-Fifth Separate Defense

Plaintiffs' damages, if any, are barred or limited under the doctrine of workers' compensation exclusivity.

### Thirty-Sixth Separate Defense

Plaintiffs' damages, if any, are barred or limited due to failure to reasonably mitigate.

### Thirty-Seventh Separate Defense

Plaintiffs' damages, if any, are barred or limited by applicable statutory damage caps.

### Thirty-Eighth Separate Defense

Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged.

### Thirty-Ninth Separate Defense

Plaintiffs' damages, if any, are barred or limited by doctrines of settlement, release, and accord and satisfaction.

### Fortieth Separate Defense

Any claim asserted by or on behalf of an au pair sponsored by InterExchange are subject to mandatory arbitration.

### Forty-First Separate Defense

InterExchange adopts by reference any applicable defense pleaded by any other Defendant that is not set forth in this Answer.

WHEREFORE, Defendant InterExchange respectfully requests that this Court decline to certify this action as a class action under Fed. R. Civ. P. 23 or as a collective action under 29 U.S.C. § 216(b); that the First Amended Complaint be dismissed in its entirety, with prejudice; that judgment be entered in favor of InterExchange and against

EMPLOY/1283093.1

Plaintiffs on all claims; and that the Court award InterExchange its attorneys' fees and all other costs reasonably incurred in defense of this action.

DATED this 21st day of April, 2016.

Respectfully submitted,

*s/ Heather Fox Vickles*
Heather Fox Vickles
Brooke A. Colaizzi
Raymond M. Deeny
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel:  (303) 297-2900
Fax:  (303) 298-0940
Email:  hvickles@shermanhoward.com
Email:  bcolaizzi@shermanhoward.com
Email:  rdeeny@shermanhoward.com

ATTORNEYS FOR DEFENDANT
INTEREXCHANGE, INC.

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 21st day of April, 2016, I electronically filed the foregoing **DEFENDANT INTEREXCHANGE INC.'S ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alexander Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO  80218
Email:  alex@towardsjustice.org

Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Email: lstone@duffordbrown.com
          chammond@duffordbrown.com

William J. Kelly III
Chanda M. Feldkamp
Kelly & Walker LLC
1512 Larimer Street, Suite 200
Denver, CO  80202
Email:  wkelly@kellywalkerlaw.com
Email: cfeldkamp@kellywalkerlaw.com

Brian A. Birenbach
The Rietz Law Firm, L.L.C.
114 Village Place, Suite 301
Dillon, CO  80435
Email:  brian@rietzlawfirm.com

Kathryn A. Reilly
Toren G.E. Mushovic
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver CO  80202-5647
Email:  reilly@wtotrial.com
Email:  mushovic@wtotrial.com

James E. Hartley
Adam A. Hubbard
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email:  jhartley@hollandhart.com
Email: aahubbard@hollandhart.com

W.V. Bernie Siebert
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bsiebert@shermanhoward.com

Jeffrey P. Allen
Donald J. Gentile
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
Email:  jallen@lawson-weitzen.com
Email:  dgentile@lawson-weitzen.com

William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
Email:  william.monts@hoganlovells.com

Bogdan Enica
Expert AuPair
111 Second Avenue, NE, Suite 213
St. Petersburg, FL  33701
Email:  Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Armstrong Teasdale LLP
4643 S. Ulster St., Suite 800
Denver, CO  80237
Email:  mrhoades@armstrongteasdale.com
Email:  mestevao@armstrongteasdale.com

Martha L. Fitzgerald
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Email:  mfitzgerald@bhfs.com

Lawrence Lee
Susan M. Schaecher
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO  80202
Email:  llee@laborlawyers.com
Email:  sschaecher@laborlawyers.com

John R. Mann
Thomas B. Quinn
Brian P. Maschler
Peggy Kozal
Gordon & Rees, LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email:  jmann@gordonrees.com
Email:  tquinn@gordonrees.com
Email:  bmaschler@gordonrees.com
Email:  pkozal@gordonrees.com

Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Boies, Schiller & Flexner, LLP
575 Lexington Ave., 7th Floor
New York, NY  10022
Email:  mlschwartz@bsfllp.com
Email:  pskinner@bsfllp.com
Email:  rjackson@bsfllp.com

Lauren F. Louis
Sigrid S. McCawley
Boies, Schiller & Flexner, LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Email:  llouis@bsfllp.com
Email:  smccawley@bsfllp.com

*s/ Lynn Zola Howell*

EMPLOY/1283093.1