IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEEELEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZÁLEZ;
and those similarly situated

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., d/b/a EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY d/b/a AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, d/b/a GOAUPAIR;
AGENT AU PAIR; INC.;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC d/b/a PROAUPAIR; and
20/20 CARE EXCHANGE, INC. d/b/a THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

---

## CULTURAL HOMESTAY INTERNATIONAL'S
## ANSWER TO FIRST AMENDED COMPLAINT

---

Defendant Cultural Homestay International ("CHI") answers the first amended

complaint as follows.

1.      Answering paragraph 1,[1] CHI admits that the Mutual Educational

and Cultural Exchange Act of 1961, 22 U.S.C. § 2451, *et seq.* indicates that Congress

created the exchange visitor programs

> to enable the Government of the United States to increase
> mutual understanding between the people of the United
> States and the people of other countries by means of
> educational and cultural exchange; to strengthen the ties
> which unite us with other nations by demonstrating the
> educational and cultural interests, developments, and
> achievements of the people of the United States and other
> nations, and the contributions being made toward a peaceful
> and more fruitful life for people throughout the world; to
> promote international cooperation for educational and
> cultural advancement; and thus to assist in the development
> of friendly, sympathetic, and peaceful relations between the
> United States and the other countries of the world.J-1 visa
> program to facilitate cultural exchange between nations.

CHI also admits that under the au pair exchange visitor program,

> foreign nationals are afforded the opportunity to live with an
> American host family and participate directly in the home life
> of the host family. All au pair participants provide child care
> services to the host family and attend a U.S. post-secondary
> educational institution. Au pair participants provide up to
> forty-five hours of child care services per week and pursue
> not less than six semester hours of academic credit or its
> equivalent during their year of program participation.

22 C.F.R. § 62.31.  CHI denies the remaining allegations in paragraph 1.

2.      Answering paragraph 2, CHI admits that the au pair exchange

program initially was administered and regulated by the United States Information

Agency, and later by the Department of State.  CHI also admits that 15 organizations

are currently authorized by the Department of State to place au pairs with American

---

[1] All references to paragraph numbers are to paragraphs of the first amended
complaint.

families as set forth in the governing regulations, 22 C.F.R. § 62.31, *et seq.* CHI denies the remaining allegations in paragraph 2.

      3.     CHI denies paragraph 3.

      4.     Answering paragraph 4, CHI admits that the Department of State oversees the au pair exchange program. CHI asserts that the allegations concerning the stipend due to "J-1 visa holders" does not apply to participants in the au pair exchange program. CHI denies the remaining allegations in paragraph 4.

      5.     CHI denies paragraphs 5-12.

      6.     Answering paragraph 13, CHI admits that plaintiffs seek the relief set forth in that paragraph. CHI denies that it has violated state or federal antitrust laws and denies that plaintiffs are entitled to any relief whatsoever.

      7.     Answering paragraphs 14-15, CHI admits that plaintiffs assert the claims set forth in those paragraphs. CHI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 14 and 15.

**Jurisdiction and Venue**

      8.     Answering paragraph 16, CHI admits that this Court has jurisdiction over this lawsuit in its present form. However, CHI asserts that any dispute involving an au pair sponsored by CHI is subject to a mandatory arbitration provision, which would deprive the Court of jurisdiction over the parties to any such dispute. Accordingly, CHI reserves the right to challenge the Court's jurisdiction in the future should a class be certified or if the complaint is amended further to assert claims on behalf of an au pair sponsored by CHI.

9.      Answering paragraph 17, CHI admits that venue is proper in this Court.  The remaining allegations in paragraph 17 are denied.

### Parties

10.      CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 18-28.

11.      Answering paragraph 29, CHI admits that it is a California, non-profit entity with its principal place of business at 104 Butterfield Rd., San Anselmo, California, 94960.

12.      CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 30-40.

13.      Answering paragraph 41, CHI admits that at times, the defendants other than the Noonan Defendants are referred to collectively in the amended complaint as the "Sponsors" or the "Sponsor Defendants."

### Statement of Alleged Facts

14.      CHI denies paragraph 42.

15.      Answering paragraph 43, CHI admits that participants in the au pair exchange program must have a J-1 visa, and that the au pair exchange program is one of several J-1 visa "cultural exchange" programs overseen, administered, and regulated by the United States Department of State. CHI further admits that the au pair exchange program is carried out under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, as well as the applicable regulations issued by the Department of State.  CHI denies the remaining allegations in paragraph 43.

16.     CHI asserts that the regulations governing the au pair exchange program are set forth in 22 C.F.R. § 62.31 *et seq.*  CHI admits that among the requirements for participants in the au pair exchange program are that they must be between the ages of 18 and 26, must have a secondary school education (or equivalent), and must be proficient in spoken English.  Additionally, CHI admits that foreign nationals participating in the au pair exchange program

> are afforded the opportunity to live with an American host family and participate directly in the home life of the host family.  All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31(a).  CHI further admits that the host families provide participants in the au pair exchange program a suitable private bedroom and a weekly stipend.  CHI denies the remaining allegations in paragraph 44.

17.     Answering paragraph 45, CHI admits that the Department of State authorizes certain entities to act as sponsors in the au pair exchange program.  CHI further admits that all of the entities currently authorized to serve as sponsors are named as defendants in this case.  CHI denies the remaining allegations in paragraph 45.

18.     Answering paragraph 46, CHI admits that sponsors are the only entities authorized by the Department of State to place au pairs with host families in the United States.  CHI further admits that the placement of au pairs with a host family is

governed by Department of State regulations.  CHI denies the remaining allegations in paragraph 46.

19.     Answering paragraph 47, CHI admits that it is a non-profit entity that has generated revenue from program fees paid by host families.  CHI denies that it receives revenues from au pairs.  Chi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47.

20.     Answering paragraph 48, CHI admits that Department of State regulations govern the au pair exchange program and state in part that au pairs:

(1) Are compensated at a weekly rate based upon 45 hours of child care services per week and paid in conformance with the requirements of the Fair Labor Standards Act as interpreted and implemented by the United States Department of Labor . . .;

(2) Do not provide more than 10 hours of child care per day, or more than 45 hours of child care in any one week . . .;

(3) Receive a minimum of one and one half days off per week in addition to one complete weekend off each month; and

(4) Receive two weeks of paid vacation.

22 C.F.R. § 62.31(j).  CHI denies the remaining allegations in paragraph 48.

21.     CHI denies the allegations in paragraph 49.

22.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 50-57.

23.     Answering paragraph 58, CHI admits that in 1994-95, the USIA conducted formal rulemaking concerning the au pair exchange program.  CHI lacks

sufficient knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 58.

24.     Answering paragraphs 59-65, CHI admits that USIA issued final regulations in 1995.  Without citation, these paragraphs purport to quote selectively from those regulations and the accompanying statements by USIA.  Those regulations and statements speak for themselves and no further answer is required.  The remaining allegations in paragraphs 59-65 are denied.

25.     CHI denies paragraphs 66-67.

26.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68.  CHI denies that the sponsors "have a cartel."

27.     CHI denies paragraphs 69-70.

28.     Answering paragraphs 71- 72, CHI admits that the sponsor defendants are the only entities authorized by the Department of State to sponsor participants in the au pair exchange program in the United States.  CHI denies the remaining allegations in paragraphs 71-72.

29.     CHI denies the allegations in paragraphs 73-77.

30.     Answering paragraph 78, CHI admits that plaintiffs purport to use the term "standard au pair" to describe au pair positions as set forth in paragraph 78. CHI denies that the term "standard au pair" has any significant meaning in light of the economic realities of the au pair exchange program.  CHI denies the remaining allegations in paragraph 78.

31.     CHI denies paragraph 79.

32.     Answering paragraph 80, CHI admits that the Department of State oversees, administers, and regulates the au pair exchange visitor program.

33.     CHI denies paragraph 81.

34.     Answering paragraph 82, CHI admits that 22 C.F.R. § 62.31(j) states in part that au pairs are to be "compensated at a weekly rate based upon 45 hours of child care services per week and paid in conformance with the requirements of the Fair Labor Standards Act as interpreted and implemented by the United States Department of Labor . . . ."

35.     Answering paragraph 83, CHI admits that as of July 24, 2009, the Department of State designated $195.75, which included a 40% credit for room and board, as the weekly stipend to be paid to participants in the au pair exchange program. CHI denies the remaining allegations in paragraph 83.

36.     CHI denies paragraphs 84-86.

37.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87.

38.     Answering paragraph 88, CHI admits that it has from time to time used a "slide deck" in presentations describing the CHI au pair exchange program. CHI denies the remaining allegations in paragraph 88.

39.     CHI denies paragraphs 89-91.

40.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 92-94.  CHI denies that it participated in an

agreement or understanding with other sponsors concerning the amount of the weekly stipend to be paid by host families to their au pairs.

41.    CHI denies paragraph 95.

42.    CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 96-103.

43.    Answering paragraph 104, CHI admits that at one time its website informed host families that the minimum weekly stipend required by the U.S. Department of State was $195.75.  CHI denies the remaining allegations in paragraph 104.

44.    CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 105-114.

45.    CHI denies paragraphs 115-121.

46.    Answering paragraph 122, CHI admits that some foreign nationals seek to participate in the au pair exchange program as a means for experiencing life in the United States.  CHI denies the remaining allegations in paragraph 122.

47.    CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123.

48.    CHI denies paragraphs 124-125.

49.    CHI admits that it is a member of an association called the Alliance for International Education and Cultural Exchange, which is referred to in paragraph 126 as the "Alliance."  CHI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 126.

9

50.     CHI admits that it is a member of an association called the International Au Pair Association, which is referred to in paragraph 127 as "IAPA."  CHI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 127-128.

51.     Answering paragraph 129, CHI admits that from time to time, representatives of CHI attend meetings of the Alliance and IAPA, which are also attended by representatives of other sponsor defendants. CHI denies the remaining allegations in paragraph 129.

52.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130.

53.     CHI denies paragraphs 131-137.

54.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 138-139.

55.     CHI denies the allegations in paragraphs 140-141.

56.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 142-144.

57.     CHI denies paragraphs 145-151.

**Allegations Concerning Interexchange, Cultural Care and Au Pair in America**

58.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs 152-166.  Additionally, CHI states that the allegations in these paragraphs purport to describe regulations issued and other actions taken by USIA, the Department of State and the Department of Labor

concerning the weekly stipend paid to participants in the au pair exchange program. The regulations and other actions taken by USIA, the Department of State and the Department of Labor speak for themselves and no answer is required to these paragraphs.

59.     Answering paragraph 167, CHI admits that it understands that the amount of the weekly stipend to be paid to participants in the au pair exchange program as designated by the Department of State is a minimum weekly stipend.  The remaining allegations in paragraph 167 are denied.

60.     CHI denies paragraphs 168-169.

61.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 170-175.

62.     Answering paragraphs 176-220, CHI understands that the allegations contained in these paragraphs pertain to defendants other than CHI.  In particular, CHI understands that the use of the term "Sponsor" or "Sponsors" as used in these paragraphs pertains to one or more of defendants Interexchange, Cultural Care and Au Pair in America, and not to CHI.  Based upon this understanding, CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs 176-220.  To the extent plaintiffs intended to refer to CHI in any of these paragraphs, CHI denies those allegations.

63.     Answering paragraphs 221-321, CHI understands that the allegations contained in these paragraphs pertain to defendants other than CHI.  In particular, CHI understands that the use of the term "Sponsor" or "Sponsors" as used in

these paragraphs pertains to one or more of defendants Interexchange, Cultural Care, Go Au Pair and Au Pair in America, and not to CHI.  Based upon this understanding, CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs 221-321.  To the extent plaintiffs intended to refer to CHI in any of these paragraphs, CHI denies those allegations.

### Injuries Allegedly Suffered by Plaintiffs

64.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 322-427.

### Class Action Allegations

65.     Answering paragraph 428, CHI incorporates by reference its response to all previous paragraphs of the first amended complaint.

66.     Answering paragraph 429, CHI admits that plaintiffs purport to assert Counts I-VII and IX-X as class action claims.  CHI denies the remaining allegations in paragraph 429 and denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

67.     Answering paragraph 430, CHI admits that plaintiffs purport to define what they call the "Price Fixed Class" as set forth in that paragraph.  CHI denies the remaining allegations in paragraph 430 and denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

68.     Answering paragraphs 431-442, CHI states that the alleged classes purportedly defined in these paragraphs relate to claims that are not asserted against CHI and therefore no response is required from CHI.  In any event, CHI lacks

knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 431-442.

69.    CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 443.  CHI denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

70.    CHI denies paragraphs 444-446.

71.    Answering paragraph 447, CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

72.    CHI denies paragraphs 448-449.

73.    CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 450-452.

74.    CHI denies paragraphs 453-454.

75.    Answering paragraphs 455-465, CHI states that these paragraphs relate to claims that are not asserted against CHI and therefore no answer by CHI is required.

**Count I:  Alleged Restraint of Trade**

76.    Answering paragraph 466, CHI incorporates by reference its response to all previous paragraphs of the first amended complaint.  CHI denies that plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair exchange program and denies the remaining allegations in paragraph 466.

77.    CHI denies paragraphs 467-474.

**Counts II - XI**

78.     Answering paragraphs 475-533, the allegations in these paragraphs pertain to claims that are not asserted against CHI and therefore no response by CHI is required.

79.     CHI denies all allegations of the first amended complaint that are not expressly admitted.

**Demand for Jury Trial**

80.     Answering paragraph 534, CHI demands a jury trial for all issues so triable.

**Plaintiffs' Prayer for Relief**

81.     To the extent that the plaintiffs' prayer for relief may be deemed to require a response, it is denied.  CHI states that plaintiffs are not entitled to maintain this action as a class-action and deny that plaintiffs are entitled to any relief or damages whatsoever.

**SEPARATE DEFENSES**

CHI asserts the following separate defenses to Count I in the first amended complaint, which is the only claim asserted against CHI.  CHI asserts these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on the plaintiffs.  CHI has not yet conducted any discovery, which might reveal additional defenses.  CHI therefore reserves the right to amend this answer if appropriate to assert additional defenses.

14

FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, 15 U.S.C. § 15b.

THIRD DEFENSE

Any claim asserted by or on behalf of an au pair sponsored by CHI are subject to mandatory arbitration.

FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs have not suffered antitrust injury proximately caused by the conduct of CHI and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct of which plaintiffs complain is reasonable and justified and has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

SEVENTH DEFENSE

The actions of CHI have been procompetitive and CHI's actions were carried out in furtherance of CHI's legitimate business interests.

EIGHTH DEFENSE

Plaintiffs' claims are barred because they have not alleged properly defined a relevant product (or service) and geographic markets.

NINTH DEFENSE

Plaintiffs' claims are barred because CHI reasonably relied upon the weekly stipend established, calculated, and applied by the Department of State and the Department of Labor to be paid to participants in the au pair exchange program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in the CHI au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

## TENTH DEFENSE

If, for some reason, any or all of the alleged acts and omissions of CHI were not within the scope of conduct authorized by the Department of State and/or the Department of Labor, such a situation was not reasonably foreseeable by CHI.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine, and/or the doctrine of implied immunity. Plaintiffs' claims are further barred because the alleged conduct that is the subject of the first amended complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because CHI has acted in good faith and with intent to comply with the law.

## THIRTEENTH DEFENSE

Any injuries, losses, or damages suffered by plaintiffs were the result of the independent actions and decisions of third parties. CHI is not liable for the acts of others over which it has no control.

## FOURTEENTH DEFENSE

Plaintiffs' claims for damages against CHI are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

<u>FIFTEENTH DEFENSE</u>

The alleged injuries, losses, or damages suffered by plaintiffs, if any, would be compensated adequately by damages.  Accordingly, plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

<u>SIXTEENTH DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or latches.

<u>SEVENTEENTH DEFENSE</u>

Count I cannot be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

<u>EIGHTEENTH DEFENSE</u>

CHI adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

**CHI'S PRAYER FOR RELIEF**

Therefore, CHI prays for relief as follows:

1.      That this Court decline to certify as a class action the claims asserted in Count 1 in the first amended complaint;

2.      That plaintiffs take nothing by way of the claim asserted in Count I of the first amended complaint, and the action be dismissed with prejudice;

3.      That judgment be entered in favor of CHI and against plaintiffs with respect to Count I in the first amended complaint;

4.      That the Court award CHI its attorneys' fees and all are other costs reasonably incurred in defense of this action; and

5.      That the Court award such other relief as it may deem just and proper.

Dated:  April 21, 2016

                                        Respectfully submitted,

                                        s/ Adam A. Hubbard
                                        Adam A. Hubbard
                                        HOLLAND & HART LLP
                                        1800 Broadway, Suite 300
                                        Boulder, CO  80302
                                        Phone: 303-473-2700
                                        aahubbard@holandhart.com

                                        James E. Hartley
                                        HOLLAND & HART LLP
                                        555 Seventeenth Street, Suite 3200
                                        Denver, CO 80202
                                        Phone:  303-295-8000
                                        jhartley@hollandhart.com

                                        ATTORNEYS FOR DEFENDANT
                                        CULTURAL HOMESTAY INTERNATIONAL

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2016, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Adam A. Hubbard     aahubbard@hollandhart.com
Alexander Neville Hood     alex@towardsjustice.org
Bogdan Enica     bogdane@hotmail.com
Brian Alan Birenbach     brian@rietzlawfirm.com
Brian P. Maschler     bmaschler@gordonrees.com
Brooke A. Colaizzi     BColaizzi@shermanhoward.com
Chanda Marie Feldkamp     cfeldkamp@kellywalkerlaw.com
Christian Dow Hammond     chammond@duffordbrown.com
Donald Joseph Gentile     dgentile@lawson-weitzen.com
Erica Lynn Herrera     eherrera@shermanhoward.com
Heather Fox Vickles     hvickles@shermanhoward.com
Jeffrey Paul Allen     jallen@lawson-weitzen.com
John Roger Mann     jmann@gordonrees.com
Kathryn A. Reilly     reilly@wtotrial.com
Lauren Fleischer Louis     llouis@bsfllp.com
Lawrence Daniel Stone     lstone@duffordbrown.com
Lawrence L. Lee     llee@laborlawyers.com
Martha Louise Fitzgerald     mfitzgerald@bhfs.com
Martin Jose Estevao     mestevao@armstrongteasdale.com
Matthew Lane Schwartz     mlschwartz@bsfllp.com
Meshach Yustine Rhoades     rhoadesm@armstrongteasdale.com
Peggy E. Kozal     pkozal@gordonrees.com
Peter Murray Skinner     pskinner@bsfllp.com
Randall Wade Jackson     rjackson@bsfllp.com
Raymond Myles Deeny     rdeeny@shermanhoward.com
Sigrid Stone McCawley     smccawley@bsfllp.com
Susan M. Schaecher     sschaecher@laborlawyers.com
Susan Penniman Klopman     sklopman@hklawllc.com
Thomas Baker Quinn     tquinn@gordonrees.com
Toren G. E. Mushovic     mushovic@wtotrial.com
Walter Vernon Siebert     bsiebert@shermanhoward.com
William James Kelly , III     wkelly@kellywalkerlaw.com
William Leitzsey Monts , III     william.monts@hoganlovells.com

s/ Adam A. Hubbard
Adam A. Hubbard
HOLLAND & HART LLP

8618955_3