**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN;
LSUAPHO HLATSHANENI;
BEAUDETTE DEETLEEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AUPAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

---

**AMERICAN INSTITUTE FOR FOREIGN STUDY'S ANSWER
TO FIRST AMENDED COMPLAINT**

---

American Institute for Foreign Study d/b/a Au Pair in America ("Au Pair in America"), by and through its attorneys of record, for its answer to Plaintiffs' First Amended Complaint admits, denies and alleges as follows.

FPDOCS 31590282.2

In this answer, Au Pair in America responds for and about itself and its responses should not be taken as comment on the experience or actions of other sponsors unless expressly stated otherwise.

## INTRODUCTORY STATEMENT

1.      Defendant Au Pair in America admits that Congress created the J-1 visa program to facilitate cultural exchange between nations, admits that today the au pair program recruits foreign nationals to provide child care to American families, and denies all remaining allegations of paragraph 1.

2.      Defendant Au Pair in America admits that the au pair program was initially administered by the United States Information Agency (USIA) which merged with the United States Department of State ("State Department") and that the sponsor organizations were designated by the State Department to provide certain services to exchange visitors as directed by the State Department. Defendant Au Pair in America denies all remaining allegations of paragraph 2.

3.      Defendant Au Pair in America denies the allegations of paragraph 3.

4.      Defendant Au Pair in America states that the State Department website speaks for itself and denies all remaining allegations of paragraph 4.

5.      Defendant Au Pair in America denies the allegations of paragraphs 5, 6, 7, 8 and 10.

6.      Defendant Au Pair in America admits that many au pairs join great families and have exceptional experiences and denies the remaining allegations of paragraph 9.

7.      Defendant Au Pair in America states that the references to "agents of sponsors" and violations of law state legal conclusions to which no response is required

2

and therefore denies the same.   Defendant Au Pair in America admits that au pairs in its program were recruited in their home countries, states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning other au pairs or sponsors and therefore denies the same.  Defendant Au Pair in America denies all remaining allegations of paragraph 11.

8. Defendant Au Pair in America lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 regarding the named Plaintiffs other than Lsuapho Hlatshaneni and sponsors other than itself and therefore denies the same and denies all other allegations contained in paragraph 12.

## NATURE OF THE ACTION

9. Defendant Au Pair in America admits that paragraphs 13, 14 and 15 of the Amended Complaint purport to describe the claims for which Plaintiffs seek relief. Defendant denies that it has violated any law or statute and aver that Plaintiffs fail to state a claim for relief with respect to Defendant as to some or all of the claims asserted.  Accordingly, Defendant denies paragraphs 13, 14 and 15.

## JURISDICTION AND VENUE

10. With respect to the allegations contained in paragraph 16, Defendant Au Pair in America admits that Plaintiffs seek to invoke the jurisdiction of this Court but denies that Defendant has violated any law, statute or regulation referred to in the Amended Complaint.

11. With respect to the allegations contained in paragraph 17, Defendant Au Pair in America admits that Plaintiffs seek to establish that venue is proper in this Court

FPDOCS 31590282.2

but denies that Defendant has violated any law, statute or regulation or common law referred to in the Amended Complaint.

**PARTIES**

12.     Defendant Au Pair in America lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 39 and 40 regarding the named Plaintiffs and Defendants other than Lsuapho Hlatshaneni and Defendant Au Pair in America and therefore denies the same and denies all other allegations contained in these paragraphs.

13.     Defendant Au Pair in America admits that Plaintiff Lusapho Hlatshaneni is a natural person, states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 regarding where she currently resides therefore denies those allegations and denies all remaining allegations of paragraph 19.

14.     Defendant Au Pair in America admits the allegations of paragraph 34.

15.     For purposes of using references consistent with those used in the Amended Complaint, in this Answer, Defendant Au Pair in America will refer to all Defendants other than the Noonan Defendants collectively as the "Sponsors" or the "Sponsor Defendants" as Plaintiffs state in paragraph 41.  Defendant denies that the Sponsors acted collectively and denies any allegations in paragraph 41.

**STATEMENT OF ALLEGED FACTS**

16.     Defendant Au Pair in America denies the allegations of paragraph 42, 49, 53, 54, 66, 67, 69, 70, 71, 75, 76, 77, 81, 84, 85, 86, 89, 90, 91, 92, 93, 94, 95, 98, 111,

4

113, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 131, 132, 133, 134, 135, 136, 137, 140, 141, 145, 146, 147, 148, 149, 150, 151, 158, 183, 199, 200, 201, 202, 212, 240, 241, 242, 243, 244, 245, 307, 321, 354, 362, 364 and 369.

17.    Defendant Au Pair in America admits that au pair placement is made possible through the J-1 visa au pair program, the J-1 visa au pair program is one of several J-1 visa "cultural exchange " programs overseen and administered by the State Department under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, and denies all remaining allegations of paragraph 43.

18.    Defendant Au Pair in America states that the Mutual Educational and Cultural Exchange Act of 1961 speaks for itself and denies all remaining allegations of paragraph 44.

19.    Defendant Au Pair in America admits that the State Department facilitates J-1 visa programs by designating entities to act as sponsors and denies the remaining allegations of paragraph 45.

20.    Defendant Au Pair in America admits the allegations of paragraphs 80, 181, 182, 276, 368 and 370.

21.    Defendant Au Pair in America admits that sponsors designated by the State Department are the exclusive entities authorized to recruit and place au pairs with host families in the United States and admits that to participate in the au pair program, exchange visitors must be sponsored by a State Department-designated sponsor. Defendant Au Pair in America denies all remaining allegations of paragraph 46.

22.    Defendant Au Pair in America admits that it is a for-profit entity and it generates revenue from program fees paid by host families and au pairs. Defendant Au

FPDOCS 31590282.2

Pair in America lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 47 and therefore denies the same.

23. Defendant Au Pair in America states that the State Department regulations speak for themselves and denies the allegations of paragraph 48.

24. Defendant Au Pair in America admits that the J-1 visa au pair program began in the United States around 1986, admits that the United States information Agency had administrative responsibilities, and denies the remaining allegations of paragraph 50.

25. Defendant Au Pair in America lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 51, 52, 55, 68, 79, 87, 88, 96, 97, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 112, 114, 127, 128, 130, 138, 139, 143, 144, 169, 170, 172, 173, 174, 175, 177, 178, 179, 180, 187, 188, 189, 190, 191, 192, 193, 1945, 196, 197, 198, 232, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 297, 298, 299, 300, 301, 302, 303, 304, 310, 311, 312, 314, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 355, 358, 359, 360, 365, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426 and 427 and therefore denies the same.

26.     Plaintiffs' allegations in paragraphs 58, 60, 61, 63, 64, 152, 153, 154, 164, 166, 222, 227, 231, 233, 234, 235, 236, 237, 238, 239, 315, 316, 317, 318 state legal conclusions to which no response is required.  To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied.

27.     Defendant Au Pair in America states that the allegation in paragraph 65 that the rules set a programmatic wage floor and the reference to "abusive labor practices" state legal conclusions to which no response is required.  To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied.

28.     Defendant Au Pair in America states the documents and websites referenced in paragraphs 56, 57, 59, 62, 155, 156, 157, 159, 160, 161, 165, 166, 204, 229, 230, 277, 278, 279, 280, 281, 282, 305 and 306 speak for themselves and further state that these paragraphs state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied.

29.     Defendant Au Pair in America admits that the Sponsors comprise 100 percent of the State Department–designated sponsors of J-1 visa au pairs at this time and deny the remaining allegations of paragraph 72.

30.     Defendant Au Pair in America admits that it competes with other sponsors in attracting au pairs to participate in the program, admits that revenue is generated from the placement of au pairs with host families and denies the remaining allegations concerning Defendant Au Pair in America.  Defendant Au Pair in America states that it lacks sufficient knowledge or information to form a belief as to the truth of the

7

allegations contained in paragraph 73 regarding other sponsors and therefore denies the same and denies all remaining allegations of paragraph 73.

31.    Defendant Au Pair in America admits that it seeks to attract potential au pairs for the program through marketing efforts, information on its website and outreach in foreign nations; admits that it gives an "Au Pair of the Year" award; states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 74 regarding other sponsors and therefore denies the same and denies all other allegations of paragraph 74.

32.    Defendant Au Pair in America admits that it sponsors an au pair extraordinaire position with a stipend above $195.75 per week, denies that there are 15 current sponsors and denies the remaining allegations of paragraph 78 regarding Defendant Au Pair in America. Defendant Au Pair in America states that it lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 78 concerning other sponsors and therefore denies the same and denies all remaining allegations of paragraph 78.

33.    Defendant Au Pair in America states that the regulations speak for themselves and that Plaintiffs' allegations in paragraph 82 state legal conclusions to which no response is required.  To the extent the statements contained in paragraph 82 are construed to constitute factual allegations, they are denied.

34.    Defendant Au Pair in America admits there exists a State Department bulletin dated July 24, 2009, states that the bulletin speaks for itself and denies all remaining allegations of paragraph 83.

8

35.     Defendant Au Pair in America admits that the Alliance holds events where its members have the opportunity to meet, denies the remaining allegations regarding the Alliance, and states that it lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 129 and therefore denies the same.

36.     Defendant Au Pair in America denies the allegations relating to Defendant Au Pair in America in paragraphs 142, 171, 176, 185, 186, 210, 213, 214, 215, 216, 217, 218, 219, 220, 221, 223, 224, 225, 226, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 313, 320 and 366, states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs regarding others and therefore denies the same, and denies the remaining allegations of those paragraphs.

37.     On information and belief, Defendant Au Pair in America admits the allegations of paragraphs 162 and 357.

38.     Defendant Au Pair in America states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 163 regarding what was posted on the USIA website from March 1997 through September 1999 and therefore denies the same and denies all remaining allegations of paragraph 163.

39.     Defendant Au Pair in America lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 168 whether it has access to the materials referenced in paragraph 168 and therefore denies the same and denies all remaining allegations in paragraph 168.

FPDOCS 31590282.2

40.    Defendant Au Pair in America states that the allegations of paragraphs 167, 205, 206, 207, 208 and 209 state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied insofar as they apply to Defendant Au Pair in America.  Defendant Au Pair in America lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs regarding others and therefore denies the same and denies all remaining allegations of these paragraphs.

41.    Defendant Au Pair in America admits that just prior to commencement of this suit, its website did not characterize the stipend as a minimum on its website and denies the remaining allegations of paragraph 184.

42.    Defendant Au Pair in America admits the allegations of paragraphs 126 and 211 as to Defendant Au Pair in America, states that it lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in these paragraphs and therefore denies the same and denies all remaining allegations of these paragraphs.

43.    Defendant Au Pair in America admits, on information and belief, that the host families for Defendant Au Pair in America have no contractual relationships among themselves, states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 203 regarding other sponsors or their host families and therefore denies the same, and denies all remaining allegations of paragraph 203.

44.     Defendant Au Pair in America denies that "the contractual wage was only $4.35" and states that the remaining allegations of paragraph 228 state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied.

45.     Defendant Au Pair in America admits that the terms and conditions of its agreement with Ms. Hlatshaneni contains the language alleged in paragraph 308 at subparagraphs (b), (c) and (e); denies that it contains the remaining language in paragraph 308 and denies all remaining allegations of paragraph 308.

46.     Defendant Au Pair in America admits that over the years it has provided form agreements used by au pairs and host families and denies all remaining allegations of paragraph 309.

47.     Defendant Au Pair in America admits that au pairs it sponsors participate in roughly a week of training before joining their host families, denies the remaining allegations concerning Defendant Au Pair in America and states that it lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in the remainder of paragraph 319 and therefore denies the same and denies all allegations of paragraph 319.

48.     On information and belief, Defendant Au Pair in America admits that Ms. Hlatshaneni went to African Ambassadors' office in Cape Town and applied to be an au pair.  Defendant Au Pair in America states the allegation in paragraph 356 that African Ambassadors was an agent of Defendant Au Pair states a legal conclusion to which no response is required. To the extent the statements in paragraph 356 are construed to constitute factual allegations, they are denied.

11

49.     Defendant Au Pair in America admits that Ms. Hlatshaneni and other au pairs received orientation in Tarrytown, New York, states that the reference to "agent" states a legal conclusion to which no response is required, and denies all remaining allegations of paragraph 361.

50.     Defendant Au Pair in America admits that after one year with a family in Virginia, Ms. Hlatshaneni matched with a new family in California and denies all remaining allegations of paragraph 367.

## RULE 23 CLASS ALLEGATIONS

51.     In response to paragraph 428, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

52.     Defendant Au Pair in America admits that Plaintiffs purport to allege class action claims, denies that Plaintiffs have properly asserted such claims, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraph 429.

53.     Defendant Au Pair in America admits that Plaintiffs purport to allege a "Price Fixed Class," denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraph 430.

54.     Defendant Au Pair in America admits that Plaintiffs purport to allege and define classes in paragraphs 431, 432, 434, 435, 437, 438, 439, 441 and 442 and states that the alleged classes purportedly defined in those paragraphs relate to claims that are not asserted against Defendant Au Pair in America and therefore no response

is required from Defendant Au Pair in America.  Defendant further states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 431, 432, 434, 435, 437, 438, 439, 441 and 442 and therefore denies the same, denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraphs 431, 432, 434, 435, 437, 438, 439, 441 and 442.

55.    Defendant Au Pair in America admits that Ms. Hlatshaneni purports to allege an "Au Pair in America National Wage Class," denies that Ms. Hlatshaneni has properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's claims meet the standards for class actions actions, and denies all remaining allegations of paragraph 433.

56.    Defendant Au Pair in America admits that Ms. Hlatshaneni purports to allege an "Au Pair in America New York Wage Class," denies that Ms. Hlatshaneni has properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's claims meet the standards for class actions, and denies all remaining allegations of paragraph 436.

57.    Defendant Au Pair in America admits that Ms. Hlatshaneni purports to allege an "Au Pair in America Fraud Class," denies that Ms. Hlatshaneni has properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's claims meet the standards for class actions, and denies all remaining allegations of paragraph 440.

58.    Defendant Au Pair in America lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 443 and therefore denies the same and denies all remaining allegations of paragraph 443.

59.     Defendant Au Pair in America denies the allegations of paragraphs 444, 445, 446, 448, 449, 450, 453, 454.

60.     Defendant Au Pair in America lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 447, 451 and 452 and therefore denies the same and denies all allegations of those paragraphs.

## 29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

61.     In response to paragraph 455, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

62.     Defendant Au Pair in America admits that Plaintiffs purport to allege class action claims, denies that Plaintiffs have properly asserted such claims, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraph 456.

63.     On information and belief, Defendant Au Pair in America admits the allegations of paragraph 457.

64.     Defendant Au Pair in America admits that Plaintiffs purport to allege and define classes in paragraphs 458, 461, 462, 463, and 464 and states that the alleged classes purportedly defined in those paragraphs relate to claims that are not asserted against Defendant Au Pair in America and therefore no response is required from Defendant Au Pair in America.  Defendant further states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 458, 461, 462, 463, and 464 and therefore denies the same, denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs'

claims meet the standards for class actions, and denies all remaining allegations of those paragraphs.

65.     Defendant Au Pair in America acknowledges that Ms. Hlatshaneni alleges an "Au Pair in America 216(b) Class," denies that Ms. Hlatshaneni has properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's claims meet the standards for collective actions, and denies all remaining allegations of paragraph 459.

66.     Defendant Au Pair in America acknowledges that Ms. Hlatshaneni alleges an "Au Pair in America Sub-216(b)[sic] Class," denies that Ms. Hlatshaneni has properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's claims meet the standards for collective actions, and denies all remaining allegations of paragraph 460.

67.     Defendant Au Pair in America denies the allegations of paragraph 465.

**COUNT 1:  RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1 ET SEQ**.

**Brought by:**

**Plaintiffs and the Price Fixed Class Against the Sponsor Defendants**

68.     For its response to paragraph 466, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.  Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

69.     Defendant Au Pair in America denies the allegations of paragraphs 467, 468, 470, 471, 472, 473 and 474.

70.     Defendant Au Pair in America admits that the Sponsors directly compete with one another and denies the remaining allegations of paragraph 469.

## COUNT II:  CIVIL RICO, 19 U.S.C. § 1964(C)

### Brought by:

- **Ms. Beltran and the InterExchange Fraud class against InterExchange**

- **Mmes. Deetlefs and Carenas and the Cultural Care Fraud Class Against Cultural Care**

- **Ms. Hlatshaneni and the Au Pair in America Fraud Wage Class against Au Pair in America**

71.     For its response to paragraph 475, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

72.     Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek and denies the remaining allegations of paragraph 476.

73.     Defendant Au Pair in America denies the allegations of paragraphs 477, 478, 479, 480, and 481.

## COUNT III:  BREACH OF FIDUCIARY DUTY UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

### Brought by:

- **Ms. Beltran and the InterExchange Fraud class against InterExchange**

16

- **Mmes. Deetlefs and Carenas and the Cultural Care Fraud Class Against Cultural Care**

- **Ms. Hlatshaneni and the Au Pair in America Fraud Wage Class against Au Pair in America**

- **Ms. Ivette and the GoAuPair Fraud Class against GoAuPair**

74.     For its response to paragraph 482, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

75.     For its response to paragraph 483, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

76.     Defendant Au Pair in America denies the allegations of paragraph 484.

## COUNT IV:  NEGLIGENT MISREPRESENTATION [SIC] THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

### Brought by:

- **Ms. Beltran and the InterExchange Fraud class against InterExchange**

- **Mmes. Deetlefs and Carenas and the Cultural Care Fraud Class Against Cultural Care**

- **Ms. Hlatshaneni and the Au Pair in America Fraud Wage Class against Au Pair in America**

- **Ms. Ivette and the GoAuPair Fraud Class against GoAuPair**

17

77.     For its response to paragraph 485, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

78.     For its response to paragraph 486, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

79.     Defendant Au Pair in America denies the allegations of paragraph 487.

**COUNT V:  CONSTRUCTIVE FRAUD OR FRAUDULENT CONCEALMENT UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA**

**Brought by:**

- **Ms. Beltran and the InterExchange Fraud class against InterExchange**

- **Mmes. Deetlefs and Carenas and the Cultural Care Fraud Class Against Cultural Care**

- **Ms. Hlatshaneni and the Au Pair in America Fraud Wage Class against Au Pair in America**

- **Ms. Ivette and the GoAuPair Fraud Class against GoAuPair**

80.     For its response to paragraph 488, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

81.     For its response to paragraph 489, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert

their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

82.     Defendant Au Pair in America denies the allegations of paragraph 490.

## COUNT VI: CONSUMER PROTECTION UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

### Brought by:

- **Ms. Beltran and the InterExchange Fraud class against InterExchange**

- **Mmes. Deetlefs and Carenas and the Cultural Care Fraud Class Against Cultural Care**

- **Ms. Hlatshaneni and the Au Pair in America Fraud Wage Class against Au Pair in America**

- **Ms. Ivette and the GoAuPair Fraud Class against GoAuPair**

83.     For its response to paragraph 491, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

84.     For its response to paragraph 492, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

85.     Defendant Au Pair in America denies the allegations of paragraph 493.

## <u>COUNT VII:  BREACH OF CONTRACT AND QUASI CONTRACT</u>

### Brought by:

- **Ms. Beltran and the InterExchange Fraud class against InterExchange**

- **Mmes. Deetlefs and Carenas and the Cultural Care Fraud Class Against Cultural Care**

- **Ms. Hlatshaneni and the Au Pair in America Fraud Wage Class against Au Pair in America**

- **Ms. Ivette and the GoAuPair Fraud Class against GoAuPair**

86.     For its response to paragraph 494, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

87.     For its response to paragraphs 495 - 500, Defendant Au Pair in America states that the Order Adopting and Affirming in Part February 22, 2016 Recommendation of United States Magistrate Judge filed March 31, 2016 (doc. #258) dismissed Plaintiffs' claim for breach of contract.

88.     For its response to paragraph 495, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

89.     Defendant Au Pair in America admits the allegations of paragraph 496 concerning au pairs in Defendant Au Pair in America's program and states it lacks

sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 496 and therefore denies the same.

90.     Defendant Au Pair in America denies the allegations of paragraphs 497, 498, 499 and 500.

## COUNT VIII:  FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 ET SEQ.

**Brought by:**

- **Ms. Beltran and the InterExchange 216(b) class against InterExchange and the Noonans**

- **Mmes. Deetlefs and Carenas and the Cultural Care 216(b) Class and the Cultural Care 216(b) Sub-Class against Cultural Care**

- **Ms. Hlatshaneni and the Au Pair in America 216(b) Class, and the Au Pair in America 216(b) Sub-Class against Au Pair in America**

- **Ms. Ivette and the GoAuPair 216(b) Class, ad GoAuPair 216(b) Sub-Class against Au Pair in America [sic]**

91.     For its response to paragraph 501, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

92.     For its response to paragraph 502, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

21

93.     Defendant Au Pair in America denies the allegations of paragraphs 503, 505, 506, 507, 508, 509, 510, 511 and 512.

94.     Defendant Au Pair in America admits the allegations of paragraph 504 as to Defendant Au Pair in America and states it lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 504 concerning others and therefore denies the same.

## COUNT IX:  CLAIMS FOR UNPAID WAGES UNDER THE LAWS OF SEVERAL STATES AND THE DISTRICT OF COLUMBIA

**Brought by:**

- **Ms. Beltran and the InterExchange National Wage Class against InterExchange**

- **Mmes. Deetlefs and Carenas and the Cultural Care National Wage Class against Cultural Care**

- **Ms. Hlatshaneni and the Au Pair in America National Wage Class against Au Pair in America**

- **Ms. Ivette and the GoAuPair National Wage Class against GoAuPair**

95.     For its response to paragraph 513, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

96.     For its response to paragraphs 513 through 521, Defendant Au Pair in America states that the Order Adopting and Affirming in Part February 22, 2016 Recommendation of United States Magistrate Judge filed March 31, 2016 (doc. #258) dismissed Plaintiffs' claim under the Utah Minimum Wage Act.

97.     For its response to paragraph 514, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

98.     Defendant Au Pair in America denies the allegations of paragraphs 515, 517, 518, 519, 520 and 521.

## COUNT X:  VIOLATIONS OF NEW YORK WAGE ACT

### Brought by:

- **Ms. Beltran and the InterExchange New York Wage Class against InterExchange**

- **Mmes. Deetlefs and Carenas and the Cultural Care New York Wage Class against Cultural Care**

- **Ms. Hlatshaneni and the Au Pair in America New York Wage Class against Au Pair in America**

- **Ms. Ivette and the GoAuPair New York Wage Class against GoAuPair**

99.     For its response to paragraph 522, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

100.     For its response to paragraph 523, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in

FPDOCS 31590282.2

America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

101.    Defendant Au Pair in America states that it lacks sufficient knowledge or information to form a belief as the truth of the allegations regarding InterExchange and Cultural Care and therefore denies the same and denies the remaining allegations of paragraphs 524, 525 and 526.

**COUNT XI:  CLAIM FOR UNPAID WAGES UNDER COLORADO LAWS, INCLUDING C.R.S. § 8-6-101, ET SEQ. AS IMPLEMENTED BY 7 CCR 1103-1, C.R.S. § 8-4-101 ET SEQ., AND COMMON LAW CONTRACT AND EQUITABLE PRINCIPLES**

**Brought by Ms. Beltran against the Noonans**

102.    For its response to paragraph 527, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

103.    Count XI is not brought against Defendant Au Pair in America accordingly, a response by Defendant Au Pair in America to paragraphs 528, 529, 530, 531, 532 and 533 is not required.  To the extent any allegation in paragraphs 528 through 533 is deemed an allegation against Defendant Au Pair in America, the allegation is denied.

**DEMAND FOR JURY TRIAL**

104.    For its response to paragraph 534, Defendant Au Pair in America admits that Plaintiffs have demanded a jury trial on all claims so triable.

**PRAYER FOR RELIEF**

105.    Defendant Au Pair in America admits that Plaintiffs seek certain relief, deny that they are entitled to such relief, and deny the allegations of paragraphs (a) through (r).

## GENERAL DENIAL

106.    Any allegation not specifically admitted above is denied.

## DEFENSES

A.    Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

B.    Plaintiffs' claims are barred in whole or in part by applicable statutes of limitation.

C.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of Defendant Au Pair in America and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

D.    Plaintiffs' claims are barred, in whole or in part, because the conduct of which Plaintiffs complain is reasonable and justified, has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

E.    Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

F.    The actions of Defendant Au Pair in America constitute bona fide, legitimate business competition, and Defendant Au Pair in America's actions were carried out in furtherance of Defendant Au Pair in America's legitimate business interests.

FPDOCS 31590282.2

G. Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

H. Plaintiffs' claims are barred because Defendant Au Pair in America reasonably relied upon the weekly stipend established, calculated and applied by the State Department to be paid to participants in the au pair program, specifically including the credit for room and board. The weekly stipend paid by host families to participants in the Defendant Au Pair in America au pair program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair program.

I. If, for some reason, any or all of the alleged acts and omissions of Defendant Au Pair in America were not within the scope of conduct authorized by the State Department, such a situation was not reasonably foreseeable by Defendant Au Pair in America.

J. Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instumentality doctrine, the sovereign immunity doctrine, the state action doctrine and/or the doctrine of implied immunity. Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Amended Complaint was caused by, due to, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

K. Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties. Defendant Au Pair in America is not liable for the acts of others over which it has no control.

FPDOCS 31590282.2

L.      Plaintiffs' claims for damages against Defendant Au Pair in America are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

M.      The alleged injury, loss or damage suffered by Plaintiffs, if any, would be compensated adequately by damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

N.      Counts I through VII, IX and X cannot be certified as class actions under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

O.      Count VIII cannot be maintained as a collective action under the provisions of the Fair Labor Standards Act.

P.      The Court lacks jurisdiction over Plaintiffs' claims as they are subject to arbitration agreements requiring plaintiffs to submit the claims to binding arbitration.

Q.      Plaintiffs were paid in full all compensation due and owing them for work performed.

R.      Plaintiffs were properly paid for all work time, but, should it be determined that some hours of work were not properly paid, which Defendant specifically denies, then such amount was negligible and de minimis and the Court should deny any recovery for such claim

S.      Plaintiffs were au pairs and therefore exempt from the minimum wage and overtime requirements of state laws.

T.      Defendant Au Pair in America acted in good faith and upon reasonable grounds for believing they were not violating the law.

U.      Plaintiffs' damages, if any, under state law are limited by the provisions of those laws.

V.      Plaintiffs' contract claims and claims based on Utah law are barred by res judicata.

W.      Plaintiffs' claims are barred in whole or in part by estoppel.

X.      Plaintiffs' claims are barred in whole or in part by waiver.

Y.      Plaintiffs' claims are barred by unclean hands.

Z.      Plaintiffs' are not entitled to the relief requested.

AA.     Plaintiffs failed to mitigate their damages, if any, and to protect themselves from avoidable consequences.

BB.     Defendant Au Pair in America adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

Defendant Au Pair in America respectfully requests that Plaintiffs' Amended Complaint be dismissed in its entirety and that Defendant Au Pair in America be awarded its costs herein and such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 21st day of April, 2016.

*s/ Lawrence L. Lee*
Lawrence L. Lee
Susan M. Schaecher
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO  80202
Tel:  303-218-3650
Fax: 303-218-3651
llee@laborlawyers.com
sschaecher@laborlawyers.

28

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2016, I electronically filed the foregoing AMERICAN INSTITUTE OF FOREIGN STUDY'S ANSWER TO FIRST AMENDED COMPLAINT through the Court's CF/ECF system which will serve the pleading to the following e-mail addresses:

Lauren Fleischer Louis
Sigrid S. McCawley
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL  33301
Email: llouis@bsfllp.com
Email: smccawley@bsfllp.com

Matthew L. Schwartz
Peter Skinner
Randall W. Jackson
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue, 7th Floor
New York, NY  10022
Email: mlschwartz@bsfllp.com
Email: pskinner@bsfllp.com
Email: rjackson@bsfllp.com

Alexander Hood
Towards Justice
601 16th Street, Suite C #207
Golden, CO  80401
Email:  alex@towardsjustice.org

Toren G.E. Mushovic
Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Email: mushovic@wtotrial.com
Email: reilly@wtotrial.com

Brian Alan Birenbach
Rietz Law Firm, LLC
P.O. Box 5268
114 Village Place, #301

Dillon, CO  80435
Email: brian@rietzlawfirm.com

Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Email: lstone@duffordbrown.com
Email: chammond@duffordbrown.com

William J. Kelly III
Chandra Marie Feldkamp
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO  80202
Email:  wkelly@kellywalkerlaw.com
Email:  cfeldkamp@kellywalkerlaw.com

James E. Hartley
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email:  jhartley@hollandhart.com

Adam A. Hubbard
Holland & Hart LLP
1800 Broadway Suite 300
Boulder, CO  80302
Email: aahubbard@hollandhart.com

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bsiebert@shermanhoward.com

William Leitzsey Monts, III
Hogan Lovells US LLP-DC
555 13th Street, N.W., Suite 1300
Washington, D.C. 20004-1109
Email: William.monts@hoganlovells.com

Jeffrey P. Allen
Donald J. Gentile

LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
Email:  jallen@lawson-weitzen.com
        dgentile@lawson-weitzen.com

Bogdan Enica
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL  33701
Email:  Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO  80202
Email:  Rhoadesm@gtlaw.com
Email:  Estevaom@gtlaw.com

Martha L. Fitzgerald
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Email:  mfitzgerald@bhfs.com

Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
Erica Lynn Herrera
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bcolaizzi@shermanhoward.com
Email:  hvickles@shermanhoward.com
Email:  rdeeny@shermanhoward.com
Email:  eherrera@shermanhoward.com

Brian P. Maschler
Gordon & Rees, LLP-San Francisco
275 Battery Street, Suite 2000
San Francisco, CA  94579
Email: bmaschler@gordonrees.com

John R. Mann

Peggy E. Kozal
Thomas Baker Quinn
Gordon & Reese LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email:  jmann@gordonrees.com
Email:  pkozal@gordonrees.com
Email:  tquinn@gordonrees.com

                              s/ Lawrence Lee
                              Lawrence Lee
                              For Fisher & Phillips LLP
                              1801 California Street, Suite 2700
                              Denver, Colorado  80202
                              303-218-3650
                              303-218-3651 facsimile
                              llee@laborlawyers.com