# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN;
LSUAPHO HLATSHANENI;
BEAUDETTE DEETLEEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AUPAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

## APF GLOBAL EXCHANGE, NFP'S ANSWER
## TO FIRST AMENDED COMPLAINT

APF Global Exchange, NPF (APF), by and through its attorneys of record, for its answer to Plaintiffs' First Amended Complaint admits, denies and alleges as follows.

FPDOCS 31594812.2

In this answer, Defendant APF responds for and about itself and its responses should not be taken as comment on the experience or actions of other sponsors unless expressly stated otherwise.

## INTRODUCTORY STATEMENT

1.      Defendant APF admits that Congress created the J-1 visa program to facilitate cultural exchange between nations, admits that today the au pair program recruits foreign nationals to provide child care to American families, and denies all remaining allegations of paragraph 1.

2.      Defendant APF admits that the au pair program was initially administered by the United States Information Agency (USIA) which merged with the United States Department of State ("State Department") and that the program currently has fifteen sponsor organizations which were designated by the State Department to provide certain services to exchange visitors as directed by the State Department. Defendant APF denies all remaining allegations of paragraph 2.

3.      Defendant APF denies the allegations of paragraph 3.

4.      Defendant APF states that the State Department website speaks for itself and denies all remaining allegations of paragraph 4.

5.      Defendant APF denies the allegations of paragraphs 5, 6, 7, 8 and 10.

6.      Defendant APF admits that many au pairs join great families and have exceptional experiences and denies the remaining allegations of paragraph 9.

7.      Defendant APF states that the references to "agents of sponsors" and violations of law state legal conclusions to which no response is required and therefore denies the same.  Defendant APF admits that au pairs in its program were recruited in

their home countries, states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning other au pairs or sponsors and therefore denies the same. Defendant Au Pair denies all remaining allegations of paragraph 11.

8. Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 regarding the named Plaintiffs and sponsors other than itself and therefore denies the same and denies all other allegations contained in paragraph 12.

## NATURE OF THE ACTION

9. Defendant APF admits that paragraphs 13, 14 and 15 of the Amended Complaint purport to describe the claims for which Plaintiffs seek relief. Defendant denies that it has violated any law or statute and aver that Plaintiffs fail to state a claim for relief with respect to Defendant as to some or all of the claims asserted. Accordingly, Defendant denies paragraphs 13, 14 and 15.

## JURISDICTION AND VENUE

10. With respect to the allegations contained in paragraph 16, Defendant APF admits that Plaintiffs seek to invoke the jurisdiction of this Court but denies that Defendant APF has violated any law, statute or regulation referred to in the Amended Complaint.

11. With respect to the allegations contained in paragraph 17, Defendant APF admits that Plaintiffs seek to establish that venue is proper in this Court but denies that Defendant has violated any law, statute or regulation or common law referred to in the Amended Complaint.

3

## PARTIES

12. Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39 and 40 regarding the named Plaintiffs and Defendants other than Defendant APF and therefore denies the same and denies all other allegations contained in these paragraphs.

13. Defendant APF admits the allegations of paragraph 33.

14. For purposes of using references consistent with those used in the Amended Complaint, in this Answer, Defendant APF will refer to all Defendants other than the Noonan Defendants collectively as the "Sponsors" or the "Sponsor Defendants" as Plaintiffs state in paragraph 41.  Defendant denies that the Sponsors acted collectively and denies any allegations in paragraph 41.

## STATEMENT OF ALLEGED FACTS

15. Defendant APF denies the allegations of paragraphs 42, 49, 53, 54, 66, 67, 69, 70, 75, 76, 77, 81, 84, 85, 86, 89, 90, 91, 92, 93, 94, 95, 111, 113, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 131, 132, 133, 134, 135, 136, 137, 140, 141, 145, 146, 147, 148, 149, 150, 151, 158, 183, 240, 241, 242, 243, 244, 245, 307, 321, 362, 364 and 369.

16. Defendant APF admits that au pair placement is made possible through the J-1 visa au pair program, the J-1 visa au pair program is one of several J-1 visa "cultural exchange " programs overseen and administered by the State Department under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, and denies all remaining allegations of paragraph 43.

17. Defendant APF states that the Mutual Educational and Cultural Exchange Act of 1961 speaks for itself and denies all remaining allegations of paragraph 44.

18. Defendant APF admits the allegations of paragraphs 45, 80.

19. Defendant APF admits that Sponsors designated by the State Department are the exclusive entities authorized to recruit and place au pairs with host families in the United States and admits that to participate in the au pair program, exchange visitors must be sponsored by a State Department-designated sponsor.  Defendant APF denies all remaining allegations of paragraph 46.

20. Defendant APF admits that it is a not-for-profit entity and it generates revenue from program fees paid by host families and au pairs. Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 47 and therefore denies the same.

21. Defendant APF states that the State Department regulations speak for themselves and denies the allegations of paragraph 48.

22. Defendant APF admits that the J-1 visa au pair program began in the United States around 1986, admits that the United States information Agency had administrative responsibilities, and denies the remaining allegations of paragraph 50.

23. Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 51, 52, 55, 68, 79, 87, 88, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 109, 110, 112, 113, 114, 128, 130, 138, 139, 143, 144, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199,

5

200, 201, 202, 203, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 232, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 319, 320, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426 and 427 and therefore denies the same.

24. Plaintiffs' allegations in paragraphs 58, 61, 63, 64, 65, 152, 153, 154, 164, 222, 227, 231, 233, 234, 235, 236, 237, 238, 239, 315, 316, 317 and 318 state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied.

25. Defendant APF states the documents and websites referenced in paragraphs 56, 57, 59, 60, 62, 107, 108, 155, 156, 157, 159, 160, 161, 165, 166, 204, 229 and 230 speak for themselves and further state that these paragraphs state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied.

26. Defendant APF admits that the Sponsor Defendants are the only sponsors currently designated by the State Department, and denies all remaining allegations of paragraph 71.

27. Defendant APF admits that the Sponsors comprise 100 percent of the State Department–designated sponsors of J-1 visa au pairs at this time and deny the remaining allegations of paragraph 72.

28. Defendant APF admits that it competes with other sponsors in attracting au pairs to participate in the program, admits that revenue is generated from the placement of au pairs with host families and denies the remaining allegations concerning Defendant APF. Defendant APF states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 73 regarding other sponsors and therefore denies the same and denies all remaining allegations of paragraph 73.

29. Defendant APF admits that it seeks to attract potential au pairs for the program through marketing efforts, information on its website and outreach in foreign nations; states that it offers contests, and states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 74 regarding other sponsors and therefore denies the same and denies all other allegations of paragraph 74.

30. Defendant APF denies that it sponsors a single au pair position, denies that it sponsors additional positions with a higher stipend, and denies the remaining allegations of paragraph 78 regarding Defendant APF. Defendant APF states that it lacks sufficient knowledge and information to form a belief as to the truth of the

7

allegations contained in paragraph 78 concerning other sponsors and therefore denies the same and denies all remaining allegations of paragraph 78.

31. Defendant APF states that the regulations speak for themselves and that Plaintiffs' allegations in paragraph 82 state legal conclusions to which no response is required. To the extent the statements contained in paragraph 82 are construed to constitute factual allegations, they are denied.

32. Defendant APF admits there exists a State Department bulletin dated July 24, 2009, states that the bulletin speaks for itself and denies all remaining allegations of paragraph 83.

33. Defendant APF admits that the Alliance holds events where its members have the opportunity to meet, denies the remaining allegations regarding the Alliance, and states that it lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 129 and therefore denies the same.

34. Defendant APF denies the allegations relating to Defendant APF in paragraphs 142, 221, 223, 224, 225, 226, and 366, states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs regarding others and therefore denies the same, and denies the remaining allegations of those paragraphs.

35. On information and belief, Defendant APF admits the allegations of paragraph 162.

36. Defendant APF states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 163 regarding what was

8

posted on the USIA website from March 1997 through September 1999 and therefore denies the same and denies all remaining allegations of paragraph 163.

37. Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 168 whether it has access to the materials referenced in paragraph 168 and therefore denies the same and denies all remaining allegations in paragraph 168.

38. Defendant APF states that the allegations of paragraph 167, state legal conclusions to which no response is required. To the extent the statements contained in this paragraph are construed to constitute factual allegations, they are denied insofar as they apply to Defendant APF. Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph regarding others and therefore denies the same and denies all remaining allegations of this paragraph.

39. Defendant APF admits the allegations of paragraphs 126, 127 and as to Defendant APF, states that it lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in these paragraphs and therefore denies the same and denies all remaining allegations of these paragraphs.

40. Defendant APF denies that "the contractual wage was only $4.35," states that the remaining allegations of paragraph 228 state legal conclusions to which no response is required. To the extent the statements contained in this paragraph are construed to constitute factual allegations, they are denied.

9

41. Defendant APF admits that over the years it has provided form agreements used by au pairs and host families and denies all remaining allegations of paragraph 309.

## RULE 23 CLASS ALLEGATIONS

42. In response to paragraph 428, Defendant APF incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

43. Defendant APF admits that Plaintiffs purport to allege class action claims, denies that Plaintiffs have properly asserted such claims, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraph 429.

44. Defendant APF admits that Plaintiffs purport to allege a "Price Fixed Class," denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraph 430.

45. Defendant APF admits that Plaintiffs purport to allege and define classes in paragraphs 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441 and 442 and states that the alleged classes purportedly defined in those paragraphs relate to claims that are not asserted against Defendant APF and therefore no response is required from Defendant APF. Defendant further states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441 and 442 and therefore denies the same, denies that Plaintiffs have properly asserted an appropriate class, denies that

FPDOCS 31594812.2

any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of these paragraphs.

46. Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 443 and therefore denies the same and denies all remaining allegations of paragraph 443.

47. Defendant APF denies the allegations of paragraphs 444, 445, 446, 448, 449, 450, 453, 454.

48. Defendant APF lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 447, 451 and 452 and therefore denies the same and denies all allegations of those paragraphs.

## 29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

49. In response to paragraph 455, Defendant APF incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

50. Defendant APF admits that Plaintiffs purport to allege class action claims, denies that Plaintiffs have properly asserted such claims, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraph 456.

51. Defendant APF lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 457 and therefore denies the same.

52. Defendant APF admits that Plaintiffs purport to allege and define classes in paragraphs 458, 459, 460, 461, 462, 463, and 464 and states that the alleged classes purportedly defined in those paragraphs relate to claims that are not asserted against

11

Defendant APF and therefore no response is required from Defendant APF.  Defendant further states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 458, 459, 460, 461, 462, 463, and 464 and therefore denies the same, denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of those paragraphs.

53. Defendant APF denies the allegations of paragraph 465.

**COUNT 1:  RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1 ET SEQ**.

**Brought by:**

**Plaintiffs and the Price Fixed Class Against the Sponsor Defendants**

54. For its response to paragraph 466, Defendant APF incorporates by reference all previous paragraphs of this Answer as though fully set forth herein. Defendant APF admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated. Defendant APF denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

55. Defendant APF denies the allegations of paragraphs 467, 468, 470, 471, 472, 473 and 474.

56. Defendant APF admits that the Sponsors directly compete with one another and denies the remaining allegations of paragraph 469.

### COUNTS II through X

57. For its response to paragraphs 475 through 533, Defendant APF states that the allegations pertain to claims that are not asserted against Defendant APF and therefore no response is required.

### DEMAND FOR JURY TRIAL

58. For its response to paragraph 534, Defendant APF admits that Plaintiffs have demanded a jury trial on all claims so triable.

### PRAYER FOR RELIEF

59. Defendant APF admits that Plaintiffs seek certain relief, deny that they are entitled to such relief, and deny the allegations of paragraphs (a) through (r).

### GENERAL DENIAL

60. Any allegation not specifically admitted above is denied.

### DEFENSES

A. Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

B. Plaintiffs' claims are barred in whole or in part by applicable statutes of limitation.

C. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of Defendant APF and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

D. Plaintiffs' claims are barred, in whole or in part, because the conduct of which Plaintiffs complain is reasonable and justified, has not, and will not substantially

lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

E. Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim. In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

F. The actions of Defendant APF constitute bona fide, legitimate business competition, and Defendant APF's actions were carried out in furtherance of Defendant APF's legitimate business interests.

G. Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

H. Plaintiffs' claims are barred because Defendant APF reasonably relied upon the weekly stipend established, calculated and applied by the State Department to be paid to participants in the au pair program, specifically including the credit for room and board. The weekly stipend paid by host families to participants in the Defendant APF au pair program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair program.

I. If, for some reason, any or all of the alleged acts and omissions of Defendant APF were not within the scope of conduct authorized by the State Department, such a situation was not reasonably foreseeable by Defendant APF.

14

J. Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine and/or the doctrine of implied immunity. Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Amended Complaint was caused by, due to, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

K. Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties. Defendant APF is not liable for the acts of others over which it has no control.

L. Plaintiffs' claims for damages against Defendant APF are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

M. The alleged injury, loss or damage suffered by Plaintiffs, if any, would be compensated adequately by damages. Accordingly, plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

N. The Court lacks jurisdiction over Plaintiffs' claims as they are subject to arbitration agreements requiring plaintiffs to submit the claims to binding arbitration.

O. Plaintiffs' claims are barred in whole or in part by estoppel.

P. Plaintiffs' claims are barred in whole or in part by waiver.

Q. Plaintiffs' claims are barred by unclean hands.

R. Plaintiffs' are not entitled to the relief requested.

S. Plaintiffs' failed to mitigate their damages, if any, and to protect themselves from avoidable consequences.

15

T.      Defendant APF adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

Defendant APF Global respectfully requests that Plaintiffs' Amended Complaint be dismissed in its entirety and that Defendant APF Global be awarded its costs herein and such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 21st day of April, 2016.

*s/ Lawrence L. Lee*
Lawrence L. Lee
Susan M. Schaecher
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO  80202
Tel:  303-218-3650
Fax: 303-218-3651
llee@laborlawyers.com
sschaecher@laborlawyers.

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2016, I electronically filed the foregoing APF GLOBAL EXCHANGE, NFP'S ANSWER TO FIRST AMENDED COMPLAINT through the Court's CF/ECF system which will serve the pleading to the following e-mail addresses:

Lauren Fleischer Louis
Sigrid S. McCawley
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL  33301
Email: llouis@bsfllp.com
Email: smccawley@bsfllp.com

Matthew L. Schwartz
Peter Skinner
Randall W. Jackson
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue, 7th Floor
New York, NY  10022
Email: mlschwartz@bsfllp.com
Email: pskinner@bsfllp.com
Email: rjackson@bsfllp.com

Alexander Hood
Towards Justice
601 16th Street, Suite C #207
Golden, CO  80401
Email:  alex@towardsjustice.org

Toren G.E. Mushovic
Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Email: mushovic@wtotrial.com
Email: reilly@wtotrial.com

Brian Alan Birenbach
Rietz Law Firm, LLC

17

P.O. Box 5268
114 Village Place, #301
Dillon, CO  80435
Email: brian@rietzlawfirm.com

Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Email: lstone@duffordbrown.com
Email: chammond@duffordbrown.com

William J. Kelly III
Chandra Marie Feldkamp
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO  80202
Email:  wkelly@kellywalkerlaw.com
Email:  cfeldkamp@kellywalkerlaw.com

James E. Hartley
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email:  jhartley@hollandhart.com

Adam A. Hubbard
Holland & Hart LLP
1800 Broadway Suite 300
Boulder, CO  80302
Email: aahubbard@hollandhart.com

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bsiebert@shermanhoward.com

William Leitzsey Monts, III
Hogan Lovells US LLP-DC
555 13th Street, N.W., Suite 1300
Washington, D.C. 20004-1109
Email: William.monts@hoganlovells.com

18

Jeffrey P. Allen
Donald J. Gentile
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
Email:  jallen@lawson-weitzen.com
Email:  dgentile@lawson-weitzen.com

Bogdan Enica
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL  33701
Email:  Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO  80202
Email:  Rhoadesm@gtlaw.com
Email:  Estevaom@gtlaw.com

Martha L. Fitzgerald
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Email:  mfitzgerald@bhfs.com

Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
Erica Lynn Herrera
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bcolaizzi@shermanhoward.com
Email:  hvickles@shermanhoward.com
Email:  rdeeny@shermanhoward.com
Email:  eherrera@shermanhoward.com

Brian P. Maschler
Gordon & Rees, LLP-San Francisco
275 Battery Street, Suite 2000
San Francisco, CA  94579
Email: bmaschler@gordonrees.com

19

John R. Mann
Peggy E. Kozal
Thomas Baker Quinn
Gordon & Reese LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email:  jmann@gordonrees.com
Email:  pkozal@gordonrees.com
Email:  tquinn@gordonrees.com

*s/ Lawrence Lee*
Lawrence Lee
For Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, Colorado  80202
303-218-3650
303-218-3651 facsimile
llee@laborlawyers.com

20