**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated,

      Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

      Defendants.
_____

**DEFENDANTS' A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC
AND 20/20 CARE EXCHANGE, INC.'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND**
_____

      Defendants, A.P.EX. American Professional Exchange, LLC and 20/20 Care Exchange, Inc. (hereinafter "Defendants"), by their attorney, Lawrence D. Stone of

{00715108.1}

Dufford & Brown, P.C., hereby respond to the enumerated allegations in Plaintiffs' First Amended Complaint ("Complaint"), and state as follows:

1. Defendants admit paragraph 16 as to the allegation that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in its present form, paragraph 17 in that venue is proper pursuant to 28 U.S.C. § 1391, paragraphs 39 and 40, except A.P.EX.'s address is now 806 East Avenue Pico, Suite I 270, San Clemente, CA 92673, the second sentence in paragraph 43, paragraph 45, the fourth sentence in paragraph 63, the third sentence in paragraph 71 and paragraphs 80, 109 and 110.

2. Defendants deny, deny as stated or deny due to lack of knowledge the allegations in the following paragraphs unless otherwise admitted in paragraph 1 above.: 1-13; 16 as to supplemental jurisdiction; 17 as to all allegations not expressly admitted; 18-38, 42-44, 46-79, 81, 83-108, 111-140, 141-158, 161-176, 221, 223-245, 322-427, 429-454, and 466-474.

3. The following paragraphs set forth legal conclusions for which a response is not necessary: 6, 64, 82, 159, 160 and 222.

4. The following paragraphs are not applicable to these Defendants as they involve claims against other Defendants for which a response is not necessary or for which Defendants do not have knowledge and deny the same: 14, 15, 177-220, 246-321, 455-465, and 475-533.

5. A response to the following paragraphs is not necessary or for which Defendants do not have knowledge as they do not contain any factual allegations: 41, 428 and 534.

{00715108.1} 2

6. Defendants incorporate by reference their responses to paragraphs 1-427 in response to paragraph 428 of the Complaint.

## GENERAL DENIALS

7. Defendants deny any allegation, averment, statement or conclusion of law that is not expressly admitted.

8. These Defendants deny the allegations regarding the other Defendants and sponsors due to lack of knowledge or information.

## PLAINTIFFS' PRAYER FOR RELIEF

9. To the extent that the Plaintiffs' prayer for relief may be deemed to require a response, it is denied.  Defendants state that Plaintiffs are not entitled to maintain this action as a class-action and deny that Plaintiffs are entitled to any relief or damages whatsoever.

## SEPARATE DEFENSES

10. Defendants assert the following separate defenses to count I in the first amended complaint, which is the only claim asserted against Defendants.  Defendants assert these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on the Plaintiffs.  Defendants have not yet conducted any discovery, which might reveal additional defenses.  Defendants therefore reserve the right to amend this answer if appropriate to assert additional defenses.

### FIRST DEFENSE

11. Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

12.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, 15 U.S.C. 15 b.

## THIRD DEFENSE

13.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of Defendants and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

## FOURTH DEFENSE

14.     Plaintiffs' claims are barred, in whole or in part, because of conduct of which Plaintiffs complain is reasonable and justified, has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

## FIFTH DEFENSE

15.     Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

## SIXTH DEFENSE

16.     The actions of Defendants constitute bona fide, legitimate business competition, and Defendants' actions were carried out in furtherance of their legitimate business interests.

### SEVENTH DEFENSE

17.     Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

### EIGHTH DEFENSE

18.     Plaintiffs' claims are barred because Defendants reasonably relied upon the weekly stipend established, calculated and applied by the State Department and the Department of Labor to be paid to participants in the au pair program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in Defendants' au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

### NINTH DEFENSE

19.     If, for some reason, any or all of the alleged acts and omissions of Defendants were not within the scope of conduct authorized by the State Department and/or the Department of Labor, such a situation was not reasonably foreseeable by Defendants.

### TENTH DEFENSE

20.     Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by,

due to, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

### ELEVENTH DEFENSE

21. Plaintiffs' claims are barred, in whole or in part, because Defendants have acted in good faith and with intent to comply with the law.

### TWELFTH DEFENSE

22. Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties. Defendants are not liable for the acts of others over which it has no control.

### THIRTEENTH DEFENSE

23. Plaintiffs' claims for damages against Defendants are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

### FOURTEENTH DEFENSE

24. The alleged injury, loss or damage suffered by Plaintiffs, if any, would be compensated adequately by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

### FIFTEENTH DEFENSE

25. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or latches.

## SIXTEENTH DEFENSE

26. Count I cannot be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

## SEVENTEENTH DEFENSE

27. Any alleged dispute between Defendants and the au pairs it sponsored are subject to mandatory arbitration provisions for which Defendants reserve the right to move to dismiss this action and/or compel arbitration, and for which this Answer shall not be deemed a waiver of these rights.

## EIGHTEENTH DEFENSE

28. The actions of Defendants have been procompetitive and Defendants' actions were carried out in furtherance of Defendants' legitimate business interests and did not lessen competition in the market.

## NINETEENTH DEFENSE

29. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack antitrust standing.

## TWENTIETH DEFENSE

30. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not direct sellers of any product or service to Defendants.

## TWENTY-FIRST DEFENSE

31. Plaintiffs' damages may be barred or diminished to the extent they failed to mitigate their damages.

## TWENTY-SECOND DEFENSE

32.  Defendants adopt by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

WHEREFORE, Defendants pray that Plaintiffs' First Amended Complaint be dismissed, that judgment be entered in favor of Defendants and against Plaintiffs, and that Defendants be awarded costs, expert witness fees, attorneys' fees and such other and further relief as this Court may deem just and proper.

DEFENDANTS REQUEST A JURY OF SIX (6) AS TO ALL ISSUES SO TRIABLE.

Respectfully submitted this 21st day of April, 2016.

DUFFORD & BROWN, P.C.

*s/ Lawrence D. Stone*
Lawrence D. Stone
Christian D. Hammond
1700 Broadway, Suite 2100
Denver, CO  80290-2101
(303) 861-8013
lstone@duffordbrown.com
chammond@duffordbrown.com

Attorneys for Defendants A.P.EX. American Professional Exchange, LLC dba ProAuPair; and 20/20 Care Exchange, Inc. dba The International Au Pair Exchange

Defendants' Addresses:

A.P.EX. American Professional Exchange, LLC
806 East Avenue Pico, Suite I 270
San Clemente, CA  92673

20/20 Care Exchange, Inc.
1250 Newell Avenue
Walnut Creek, CA  92672

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of April, 2016, I served the foregoing **DEFENDANTS' A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC AND 20/20 CARE EXCHANGE, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND** using the CM/ECF system which will send notification via e-mail to the following:

William James Kelly, III
Chandra M. Feldkamp
KELLY & WALKER, LLC
wkelly@kellywalkerlaw.com
cfeldman@kellywalkerlaw.com

Susan M. Schaecher
FISHER & PHILLIPS, LLP–DENVER
sschaecher@laborlawyers.com

Meshach Y. Rhoades
Martin J. Estevao
ARMSTRONG TEASDALE, LLP
rhoadesm@armstrongteasdale.com
estevaom@armstrongteasdale.com

Bogdan Enica
ATTORNEY AT LAW
Bogdane@hotmail.com

Martha Louise Fitzgerald
BROWNSTEIN HYATT FARBER SCHRECK, LLP
mfitzgerald@bhfs.com

James E. Hartley
Adam A. Hubbard
HOLLAND & HART LLP
jhartley@hollandhart.com
aahubbard@hollandhart.com

John Roger Mann
Thomas B. Quinn
Peggy Kozal
Brian P. Maschler
GORDON & REES
jmann@gordonrees.com
tquinn@gordonrees.com
pkozal@gordonrees.com
bmaschler@gordonrees.com

Jeffrey Paul Allen
Donald J. Gentile
LAWSON & WEITZEN, LLP
jallen@lawson-weitzen.com
dgentile@lawson-weitzen.com

Alexander Neville Hood
TOWARDS JUSTICE-GOLDEN
alex@towardsjustice.org

Kathryn A. Reilly
Toren G.E. Mushovic
WHEELER TRIGG O'DONNELL, LLP
reilly@wtotrial.com
mushovic@wtotrial.com

Brian Alan Birenbach
RIETZ LAW FIRM, LLC
brian@rietzlawfirm.com

Lawrence L. Lee
FISHER & PHILLIPS LLP
llee@laborlawyers.com

William Leitzsey Monts, III
HOGAN LOVELLS US LLP-DC
william.monts@hoganlovells.com

Randall Wade Jackson
Lauren Fleischer Louis
Sigrid Stone McCawley
Matthew Lane Schwartz
Peter Murray Skinner
BOIES SCHILLER & FLEXNER, LLP
rjackson@bsfllp.com
llouis@bsfllp.com
smccawley@bsfllp.com

{00715108.1}                                10

mlschwartz@bsfllp.com
pskinner@bsfllp.com

Brooke A. Colaizzi
Raymond Myles Deeny
Heather Fox Vickles
W.V. Bernie Siebert
Erica Lynn Herrera
SHERMAN & HOWARD, LLC
bcolaizzi@shermanhoward.com
rdeeny@shermanhoward.com
hvickles@shermanhoward.com
bsiebert@shermanhoward.com
eherrera@shermanhoward.com

*s/ Carol A. Larsen Cook*
Carol A. Larsen Cook