**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al.

      Plaintiffs,

          v.

INTEREXCHANGE, INC., et al.

      Defendants.

---

**DEFENDANT EURAUPAIR INTERNATIONAL CHILD CARE PROGRAMS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Defendant EurAupair Intercultural Child Care Programs ("EurAupair") answers

Plaintiffs' First Amended Complaint as follows:

**<u>INTRODUCTORY STATEMENT</u>**

1.    Answering paragraph 1,  EurAupair admits that the Mutual Educational and

Cultural Exchange Act of 1961, 22 U.S.C. § 2451, *et seq.*, indicates that the

congressional purpose of the exchange visitor programs is:

> to enable the Government of the United States to increase mutual understanding between the people of the United States and the people of other countries by means of educational and cultural exchange; to strengthen the ties which unite us with other nations by demonstrating the educational and cultural interests, developments, and achievements of the people of the United States and other nations, and the contributions being made toward a peaceful and more fruitful life for people throughout the world; to promote international cooperation for educational and cultural advancement; and thus to assist in the development of friendly, sympathetic, and peaceful relations between the United States and the other countries of the world.

EurAupair also admits that under the au pair exchange visitor program:

> foreign nationals are afforded the opportunity to live with an American host family and participate directly in the home life of the host family. All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31.  EurAupair denies the remaining allegations in paragraph 1.

2.      Answering paragraph 2, EurAupair admits that the au pair exchange program initially was administered by the United States Information Agency, which subsequently was merged into the State Department.  EurAupair also admits that 15 organizations are authorized by the State Department to place au pairs with American families as set forth in the governing regulations, 22 C.F.R. § 62.31, *et seq.*  EurAupair denies the remaining allegations in paragraph 2.

3.      EurAupair denies the allegations in paragraph 3.

4.      Answering paragraph 4, EurAupair admits that government agencies oversee the au pair exchange program.  EurAupair asserts that the allegations concerning the stipend due to "J-1 visa holders" does not apply to participants in the au pair exchange program.  EurAupair denies the remaining allegations in paragraph 4.

5.      EurAupair denies the allegations in paragraphs 5-12.

## NATURE OF THE ACTION

6.      Answering paragraph 13, EurAupair admits that plaintiff seek the relief set forth in that paragraph.  EurAupair denies that it has violated state or federal antitrust laws and denies that plaintiffs are entitled to any relief whatsoever.

7.      Answering paragraphs 14-15, EurAupair admits that plaintiffs assert the claims set forth in those paragraphs.  EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 14 and 15 and therefore denies them.

## JURISDICTION AND VENUE

8.      Answering paragraph 16, EurAupair admits that this Court has jurisdiction over this lawsuit in its present form.  However, EurAupair asserts that any dispute involving an au pair sponsored by EurAupair is subject to a mandatory arbitration provision, which would deprive the Court of jurisdiction over the parties to any such dispute. Accordingly, EurAupair reserves the right to challenge the Court's jurisdiction in the future should a class be certified or if the complaint is amended further to assert claims on behalf of an au pair sponsored by EurAupair.

9.      Answering paragraph 17, EurAupair admits that venue is proper in this Court. The remaining allegations in paragraph 17 are denied.

## PARTIES

10.      EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 18-27 and therefore denies them.

11.      Answering paragraph 28, EurAupair admits that it is a California, non-profit entity with its principal place of business at 250 North Coast Highway, Laguna Beach, California 92651.

12.      EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 29-40 and therefore denies them.

13.     Answering paragraph 41, EurAupair admits that the defendants other than the Noonan Defendants are, at times, referred to collectively in the First Amended Complaint as the "Sponsors" or the "Sponsor Defendants."

## STATEMENT OF ALLEGED FACTS

14.     EurAupair denies the allegations in paragraph 42.

15.     Answering paragraph 43, EurAupair admits that participants in the au pair exchange program must have a J-1 visa, and that the au pair exchange program is one of several J-1 visa "cultural exchange" programs overseen and administered by the United States Department of State. EurAupair further admits that the au pair exchange program is carried out under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, as well as the applicable regulations issued by the state Department.  EurAupair denies the remaining allegations in paragraph 43.

16.     Answering paragraph 44, EurAupair asserts that the regulations governing the au pair exchange program are set forth in 22 C.F.R. § 62.31, *et seq.*  EurAupair admits that among the requirements for participants in the au pair exchange program are that they must be between the ages of 18 and 26, must have a secondary school education (or equivalent), and must be proficient in spoken English.  Additionally, EurAupair admits that foreign nationals participating in the au pair exchange program:

> are afforded the opportunity to live with an American host family and participate directly in the home life of the host family.  All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31(a).  EurAupair further admits that the host families provide participants in the au pair exchange program a suitable private bedroom and a weekly stipend.  EurAupair denies the remaining allegations in paragraph 44.

17.     Answering paragraph 45, EurAupair admits that the State Department authorizes certain entities to act as sponsors in the au pair exchange program.  EurAupair further admits that all of the entities currently authorized to serve as sponsors are named as defendants in this case.  EurAupair denies the remaining allegations in paragraph 45.

18.     Answering paragraph 46, EurAupair admits that sponsors are the only entities authorized by the State Department to place au pairs with host families in the United States.  EurAupair further admits that the placement of au pairs with a host family is governed by State Department regulations.  EurAupair denies the remaining allegations in paragraph 46.

19.     Answering paragraph 47, EurAupair admits that it is a non-profit entity that has generated revenue from program fees paid by host families.  EurAupair denies that it receives revenues from au pairs.  EurAupair lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies them.

20.     Answering paragraph 48, EurAupair admits that State Department regulations govern the au pair exchange program and state in part that au pairs:

> (1) Are compensated at a weekly rate based upon 45 hours of child care services per week and paid in conformance with the requirements of the Fair Labor Standards Act as interpreted and implemented by the United States Department of Labor . . .;
>
> (2) Do not provide more than 10 hours of child care per day, or more than

45 hours of child care in any one week . . .;

(3) Receive a minimum of one and one half days off per week in addition to one complete weekend off each month; and

(4) Receive two weeks of paid vacation.

22 C.F.R. § 62.31(j).  EurAupair denies the remaining allegations in paragraph 48.

21.     EurAupair denies the allegations in paragraph 49.

22.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 50-57 and therefore denies them.

23.     Answering paragraph 58, EurAupair admits that in 1994-95, the United States Information Agency ("USIA") conducted formal rulemaking concerning the au pair exchange program.  EurAupair lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 58 and therefore denies them.

24.     Answering paragraphs 59-65, EurAupair admits that USIA issued final regulations in 1995.  Without citation, these paragraphs purport to quote selectively from those regulations and the accompanying statements by USIA.  Those regulations and statements speak for themselves and no further answer is required.  The remaining allegations in paragraphs 59-65 are denied.

25.     EurAupair denies the allegations in paragraphs 66-67.

26.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and therefore denies them.  EurAupair denies that the sponsors "have a cartel."

27.     EurAupair denies the allegations in paragraphs 69-70.

28.     Answering paragraph 71, EurAupair admits that the sponsors are the only entities authorized to serve as sponsoring organizations in the au pair exchange program.  EurAupair denies the remaining allegations in paragraph 71.

29.     Answering paragraph 72, EurAupair admits that the sponsor defendants are the only entities authorized by the State Department to sponsor participants in the au pair exchange program in the United States.  EurAupair denies the remaining allegations in paragraph 72.

30.     EurAupair admits that it competes with the Sponsor Defendants in attracting au pairs to work with it, and that it generates revenue in connection with the placement of au pairs with host families.  Except as expressly admitted, EurAupair denies the allegations in paragraph 73.

31.     EurAupair denies the allegations in paragraphs 74-77.

32.     Answering paragraph 78, EurAupair admits that plaintiffs purport to use the term "standard au pair" to describe au pair positions as set forth in paragraph 78.  EurAupair denies that the term "standard au pair" has any significant meaning in light of the economic realities of the au pair exchange program.  EurAupair denies the remaining allegations in paragraph 78.

33.     EurAupair denies the allegations in paragraph 79.

34.     Answering paragraph 80, EurAupair admits that the State Department administers the au pair exchange visitor program.

35.     EurAupair denies the allegations in paragraph 81.

36.     Answering paragraph 82, EurAupair admits that 22 C.F.R. § 62.31(j) states in part that au pairs are to be "compensated at a weekly rate based upon 45 hours of child care services per week and paid in conformance with the requirements of the Fair Labor Standards Act as interpreted and implemented by the United States Department of Labor . . . ."

37.     Answering paragraph 83, EurAupair admits that as of July 24, 2009, the State Department designated $195.75, which included a 40% credit for room and board, as the weekly stipend to be paid to participants in the au pair exchange program. EurAupair denies the remaining allegations in paragraph 83.

38.     EurAupair denies the allegations in paragraphs 84-86.

39.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 87-88 and therefore denies them.

40.     EurAupair denies the allegations in paragraphs 89-91.

41.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 92-94 and therefore denies them.  EurAupair denies that it participated in an agreement or understanding with other sponsors concerning the amount of the weekly stipend to be paid by host families to their au pairs.

42.     EurAupair denies the allegations in paragraph 95.

43.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 96-102 and therefore denies them.

44.     Answering paragraph 103, EurAupair admits that its website did inform and still does inform host families that the regular weekly stipend is $195.75 as established by the U.S. Department of State and that experienced au pairs in the "Par Expérience" program receive $250.  EurAupair denies the remaining allegations in paragraph 103.

45.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 105-114 and therefore denies them.

46.     EurAupair denies the allegations in paragraphs 115-121.

47.     Answering paragraph 122, EurAupair admits that some foreign nationals seek to participate in the au pair exchange program as a means for experiencing life in the United States.  EurAupair denies the remaining allegations in paragraph 122.

48.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123 and therefore denies them.

49.     EurAupair denies the allegations in paragraphs 124-125.

50.     EurAupair admits that it is a member of an association called the Alliance for International Education and Cultural Exchange, which is referred to in paragraph 126 as the "Alliance."  EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 126 and therefore denies them.

51.     EurAupair admits that it is a member of an association called the International Au Pair Association, which is referred to in paragraph 127 as "IAPA."  EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 127-128 and therefore denies them.

52.     Answering paragraph 129, EurAupair admits that representatives of EurAupair attend meetings of the Alliance and IAPA, which are also attended by representatives of other sponsor defendants. EurAupair denies the remaining allegations in paragraph 129.  .

53.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130 and therefore denies them.

54.     EurAupair denies the allegations in paragraphs 131-137.

55.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 138-139 and therefore denies them.

56.     EurAupair denies the allegations in paragraphs 140-141.

57.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 142-144 and therefore denies them.

58.     EurAupair denies the allegations in paragraphs 145-151.

## ALLEGATIONS CONCERNING INTEREXCHANGE, CULTURAL CARE AND AU PAIR IN AMERICA

59.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs 152-166 and therefore denies them. Additionally, EurAupair states that the allegations in these paragraphs purport to describe regulations issued and other actions taken by USIA, the State Department, and the Department of Labor concerning the weekly stipend paid to participants in the au pair exchange program.  The regulations and other actions taken by USIA, the State Department and the Department of Labor speak for themselves and no answer is required to these paragraphs.

60.     Answering paragraph 167, EurAupair admits that it understands that the amount of the weekly stipend to be paid to participants in the au pair exchange program as designated by the State Department is a minimum weekly stipend.  The remaining allegations in paragraph 167 are denied.

61.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 168-175 and therefore denies them.

62.     Answering paragraphs 176-220, EurAupair understands that the allegations contained in these paragraphs pertain to defendants other than EurAupair.  In particular, EurAupair understands that the use of the term "Sponsor" or "Sponsors" as used in these paragraphs pertains to one or more of defendants Interexchange, Cultural Care, and Au Pair in America, and not to EurAupair.  Based upon this understanding, EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs 176-220 and therefore denies them.  To the extent plaintiffs intended to refer to EurAupair in any of these paragraphs, EurAupair denies those allegations.

63.     Answering paragraphs 221-321, EurAupair understands that the allegations contained in these paragraphs pertain to defendants other than EurAupair.  In particular, EurAupair understands that the use of the term "Sponsor" or "Sponsors" as used in these paragraphs pertains to one or more of defendants Interexchange, Cultural Care, Go Au Pair, and Au Pair in America, and not to EurAupair.  Based upon this understanding, EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs 221-321 and therefore denies

them.  To the extent plaintiffs intended to refer to EurAupair in any of these paragraphs, EurAupair denies those allegations.

### INJURIES ALLEGEDLY SUFFERED BY NAMED PLAINTIFFS

64.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 322-427.

### CLASS ACTION ALLEGATIONS

65.     Answering paragraph 428, EurAupair incorporates by reference its response to all previous paragraphs of the First Amended Complaint.

66.     Answering paragraph 429, EurAupair admits that plaintiffs purport to assert Counts I-VII and IX-X as class action claims.  EurAupair denies the remaining allegations in paragraph 429 and denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

67.     Answering paragraph 430, EurAupair admits that plaintiffs purport to define what they call the "Price Fixed Class" as set forth in that paragraph.  EurAupair denies the remaining allegations in paragraph 430 and denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

68.     Answering paragraphs 431-442, EurAupair states that the alleged classes purportedly defined in these paragraphs relate to claims that are not asserted against EurAupair and therefore no response is required from EurAupair.  In any event, EurAupair lacks knowledge or information sufficient to form a believe about the truth of the allegations in paragraphs 431-442 and therefore denies them.

69.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 443 and therefore denies them.  EurAupair denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

70.     EurAupair denies the allegations in paragraphs 444-446.

71.     Answering paragraph 447, EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies them.

72.     EurAupair denies the allegations in paragraphs 448-449.

73.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 450-452 and therefore denies them.

74.     EurAupair denies the allegations in paragraphs 453-454.

75.     Answering paragraphs 455-465, EurAupair states that these paragraphs relate to claims that are not asserted against EurAupair and therefore no answer by EurAupair is required.

## COUNT I:  ALLEGED RESTRAINT OF TRADE

76.     Answering paragraph 466, EurAupair incorporates by reference its response to all previous paragraphs of the First Amended Complaint.  EurAupair denies that plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair exchange program and denies the remaining allegations in paragraph 466.

77.     EurAupair denies the allegations in paragraphs 467-474.

## COUNTS I - XI

78.     Answering paragraphs 475-533, the allegations in these paragraphs pertain to claims that are not asserted against EurAupair and therefore no response by EurAupair is required.

79.     EurAupair denies all allegations of the First Amended Complaint that are not expressly admitted.

## DEMAND FOR JURY TRIAL

80.     Answering paragraph 534, EurAupair admits that plaintiffs have demanded a trial by jury for all issues so triable.

## PLAINTIFFS' PRAYER FOR RELIEF

81.     To the extent that the plaintiffs' prayer for relief may be deemed to require a response, it is denied.  EurAupair states that plaintiffs are not entitled to maintain this action as a class-action and deny that plaintiffs are entitled to any relief or damages whatsoever.

## SEPARATE DEFENSES

EurAupair asserts the following separate defenses to count I in the First Amended Complaint, which is the only claim asserted against EurAupair.  EurAupair asserts these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on the plaintiffs.  EurAupair has not yet conducted any discovery, which might reveal additional defenses.  EurAupair therefore reserves the right to amend this answer if appropriate to assert additional defenses.

**FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRD DEFENSE**

Any claim asserted by or on behalf of an au pair sponsored by EurAupair are subject to mandatory arbitration.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because plaintiffs have not suffered antitrust injury proximately caused by the conduct of EurAupair and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because of conduct of which plaintiffs complain is reasonable and justified, has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and plaintiffs have not alleged and cannot prove the elements of a

rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

## SEVENTH DEFENSE

The actions of EurAupair have been procompetitive and EurAupair's actions were carried out in furtherance of EurAupair's legitimate business interests and purposes.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

## NINTH DEFENSE

Plaintiffs' claims are barred because EurAupair reasonably relied upon the weekly stipend established, calculated, and applied by the State Department and the Department of Labor to be paid to participants in the au pair exchange program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in EurAupair's au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

## TENTH DEFENSE

If, for some reason, any or all of the alleged acts and omissions of EurAupair were not within the scope of conduct authorized by the State Department and/or the Department of Labor, such a situation was not reasonably foreseeable by EurAupair.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine, and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the First Amended Complaint was caused by, due to, based upon, or in response from directives, laws, regulations, authorizations, policies, and/or acts of government and/or their agencies.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because EurAupair has acted in good faith and with intent to comply with the law.

**THIRTEENTH DEFENSE**

Any injuries, losses, or damages suffered by plaintiffs were the result of the independent actions and decisions of third parties.  EurAupair is not liable for the acts of others over which it has no control.

**FOURTEENTH DEFENSE**

Plaintiffs' claims for damages against EurAupair are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

**FIFTEENTH DEFENSE**

The alleged injury, loss, or damage suffered by plaintiffs, if any, would be compensated adequately by damages.  Accordingly, plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or latches.

**SEVENTEENTH DEFENSE**

Count I cannot be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

**EIGHTEENTH DEFENSE**

EurAupair adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

**<u>EURAUPAIR'S PRAYER FOR RELIEF</u>**

Therefore, EurAupair prays for relief as follows:

1.     That this Court decline to certify as a class action the claims asserted in Count 1 in the first amended complaint;

2.     That plaintiffs take nothing by way of the claim asserted in Count I of the First Amended Complaint, and the action be dismissed with prejudice;

3.     That judgment be entered in favor of EurAupair and against plaintiffs with respect to Count I in the First Amended Complaint;

4.     That the Court award EurAupair its attorneys' fees and all are other costs reasonably incurred in defense of this action; and

5.     That the Court award such other relief as it made deem just and proper.

Respectfully submitted this 21st day of April 2016.

By:  *s/ Martha L. Fitzgerald*
    Martha Louise Fitzgerald
    Brownstein Hyatt Farber Schreck, LLP
    410 17th Street, Suite 2200
    Denver, CO 80202
    Telephone:  303-223-1100
    Facsimile:  303-223-1111
    Email:  mfitzgerald@bhfs.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of April 2016, a true and correct copy of the foregoing **DEFENDANT EURAUPAIR INTERNATIONAL CHILD CARE PROGRAMS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alexander N. Hood
alex@towardsjustice.org

Lauren Fleischer Louis
llouis@bsfllp.com

Peter M. Skinner
pskinner@bsfllp.com

Brooke A. Colaizzi
bcolaizzi@shermanhoward.com

Heather F. Vickles
hvickles@shermanhoward.com

William J. Kelly III
wkelly@kellywalkerlaw.com

Martin J. Estevao
estevaom@gtlaw.com

Bogdan Enica
bogdane@hotmail.com

William Monts, III
William.monts@hoganlovells.com

Donald J. Gentile
dgentile@lawson-weitzen.com

Brian A. Birenbach
brian@rietzlawfirm.com

Susan M. Schaecher
sschaecher@laborlawyers.com

Sigrid S. McCawley
smccawley@bsfllp.com

Matthew L. Schwartz
mlschwartz@bsfllp.com

Randall W. Jackson
rjackson@bsfllp.com

Raymond M. Deeny
rdeeny@shermanhoward.com

Erica H. Gutherz
egutherz@shermanhoward.com

Chanda M. Feldkamp
cfeldkamp@kellywalkerlaw.com

Meshach Y. Rhoades
rhoadesm@gtlaw.com

James E. Hartley
jhartley@hollandhart.com

Jeffrey P. Allen
jallen@lawson-weitzen.com

W.V. Bernie Siebert
bsiebert@shermanhoward.com

Toren G.E. Mushovic
mushovic@wtotrial.com

Lawrence L. Lee
llee@laborlawyers.com

Lawrence Daniel Stone
lstone@duffordbrown.com

Christine D. Hammond
chammond@duffordbrown.com

Thomas B. Quinn
tquinn@gordonrees.com

Brian Maschler
bmaschler@gordonrees.com

Kathryn A. Reilly
reilly@wtotrial.com

John R. Mann
jmann@gordonrees.com

Peggy Kozal
pkozal@gordonrees.com

Adam A. Hubbard
aahubard@hollandhart.com

_s/ Shirley M. Newman_
Shirley M. Newman, Paralegal

017997\0001\14632181.2