**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
LSUAPHO HLATSHANENI;
BEAUDETTE DEETLEEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AUPAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by all parties to this action *except* Defendant Greataupair, LLC[1], by and through their respective attorneys of record herein, that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from certain disclosures and from use for any purpose other than prosecuting this litigation may be

---

[1] The Defendant filing this motion with the Court did not hear back from this Defendant regarding whether it approved of the final version of the Stipulated Protective Order.

FPDOCS 31597726.1
FPDOCS 31679783.1

warranted.  Accordingly, the parties hereby stipulate to and move the Court to enter the following Stipulated Protective Order.  The terms of this Protective Order are consistent with the Protective Order requirements set forth in *Gillard v. Boulder Valley School District RE-2*,  196 F.R.D. 382, Appendix A (D. Colo. 2000).

The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal.  Local Rule 7.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be all information, regardless of the manner in which it is generated or maintained, that is protected under Colorado or federal law as confidential business or financial information, trade secrets, or as being within the zone of privacy of an individual or entity, including, but not limited to, information that is confidential and implicates common law and statutory privacy interests of (a) current or former employees of defendants, (b) current or former au pairs and (c) current or former host families.  See, e.g., section 24-72-204(3)(a)(II)(A), C.R.S. (concerning disclosure of personnel records).  Confidential material shall include, but not be limited to, any copies, excerpts, summaries, or compilations from such information, as well as testimony by witnesses or statements by counsel that reveal the contents of such information.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Counsel for any producing party may designate documents, deposition testimony or other information that it produces or discloses in the course of pretrial discovery in the Action as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" when such producing party in good faith believes that such documents, materials or information constitute or reveal confidential trade secrets, or other sensitive confidential business or financial information, whose disclosure beyond that permitted by this

2

Protective Order presents a meaningful risk of competitive or business injury (other than injury to the designating party's position in this action).

5. The designation by any party of any document, material or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall constitute a representation that such document, material or information has been reviewed by an attorney for the party and that, in such counsel's opinion, there is a good faith basis for such designation.

6. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case, regardless of whether those counsel have appeared or are formally designated as counsel of record;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained by a party or its counsel to serve as an expert witness or a consultant in this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses;

(h) other persons by written agreement of the parties; and

(i) the parties insurance claims adjusters or other insurance handling professionals.

7. "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents, materials, and/or information (collectively "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information") may be disclosed to only those identified in Paragraph 6(a), (b), (d), (e), (f), and (h). HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be disclosed to only those identified in Paragraph 6(g) only if the deponent, witness or potential witness was the author or specified recipient of the designated material or is a current employee or expert witness for the Designating

3

Party, or where counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials to that person, except that such person may not retain any such materials. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may not be disclosed to any other person by the receiving attorney, including but not limited to a client of the receiving attorney, without written permission of the producing party or pursuant to Court order.

8. Prior to disclosing any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel, stenographic reporters, and the parties' insurance claims adjusters or other insurance handling professionals), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions as set forth in Exhibit A to this Order. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.  Any party publicly filing any information marked CONFIDENTIAL shall file it as "Level 1 Restricted," and any information marked or HIGHLY CONFIDENTIAL shall file it as "Level 2 Restricted," pursuant to Local Rule 7.2 and shall notify the designating party who shall be responsible for filing the Motion to Restrict contemplated by that rule.

9. Documents are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

10. Whenever a deposition involves the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. Inadvertent failure to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and inadvertent production of privileged information, shall not constitute a waiver of such claim or privilege and may be corrected.  In the event that any producing party discovers that it has inadvertently produced information that has not, but should have, been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or should have been withheld, the producing party promptly may designate the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or may claw-back the information or documents, by subsequent notice to counsel for all parties

4

to the Action, in writing, specifically identifying the information by Bates number, deposition transcript page number, interrogatory response number, or other like manner, in which event all parties shall henceforth treat such information as provided in this Protective Order. A person who has received information in discovery that is subsequently designated as privileged, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall in good faith assist the designating party in retrieving such discovery material from all recipients not entitled to receive such discovery materials under the terms of this Protective Order and prevent further disclosures except as authorized under this Protective Order. In the case of information clawed back as privileged, the designating party must produce a privilege log of the clawed-back information within 14 days of sending notice under this paragraph.

12. A party may object to the designation of particular CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall bear the burden of establishing that good cause exists for the disputed information to be treated as such.

13. This Stipulated Protective Order survives the conclusion of this case. By signing this Stipulated Protective Order, the parties and their counsel represent in good faith that they will take reasonable steps to preserve the confidentiality of each document and all copies thereof which have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this _____ day of May, 2016

BY THE COURT:

_____
U.S. District Court Judge

STIPULATED AND AGREED TO:

Dated:  May 5, 2016

*s/ Lauren Fleischer Louis*
Lauren Fleischer Louis
Sigrid S. McCawley
Boies Schiller & Flexner – Ft. Lauderdale
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL   33301
Tel:  954-356-0011
Fax: 954-356-0022
llouis@bsfllp.com
smccawley@bsfllp.com

Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Boies Schiller & Flexner – New York
575 Lexington Avenue
New York, New York  10022
Tel: 212-446-2300
Fax: 212-446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, CO  80218
Tel:  720-239-2606
Fax: 303-957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

Dated:  May 5, 2016

*s/ Susan M. Schaecher*
Susan M. Schaecher
Lawrence L. Lee
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO  80202
Tel:  303-218-3650
Fax: 303-218-3651
sschaecher@laborlawyers.com
llee@laborlawyers.com

*Attorneys for Defendants American Institute for Foreign Study d/b/a Au Pair in America;  APF Global Exchange, NFP d/b/a Aupair Foundation*

Heather F. Vickles
Brooke A. Colaizzi
Raymond M. Deeny
Erica L. Herrera
SHERMAN & HOWARD, L.L.C.
633 Seventeenth St., Suite 3000
Denver, CO  80202
Tel:  303-297-2900
Fax: 303-298-0940
hvickles@shermanhoward.com
bcolaizzi@shermanhoward.com
rdeeny@shermanhoward.com
eherrera@shermanhoward.com

*Attorneys for Defendant Interchange, Inc.*

6

FPDOCS 31597726.1
FPDOCS 31679783.1

Jeffrey P. Allen
Donald J. Gentile
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
jallen@lawson-weitzen.com
dgentile@lawson-weitzen.com

W.V. Bernie Siebert
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
bsiebert@shermanhoward.com

William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
William.monts@hoganlovells.com

*Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair*

Adam A. Hubbard
Holland & Hart, LLP
1800 Broadway
One Boulder Plaza, Suite 300
Boulder, CO 80302
aahubbard@hollandhart.com

James E. Hartley
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Tel: 303-295-8000
jhartley@hollandhart.com

*Attorneys for Defendant Cultural Homestay International*

7

Brian Allen Birenbach
Reitz Law Firm, LLC
P.O. Box 5268
114 Village Place #301
Dillon, CO  80435
Tel:  970-468-0210
Fax: 970-468-0371
brian@rietzlawfirm.com

Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Tel:  303-244-1800
Fax: 303-244-1879
Reilly@wtotrial.com

*Attorneys for Defendant Au Pair International, Inc.; American Cultural Exchange, LLC d/b/a Goaupair; Agent Au Pair*

William J. Kelly III
Chanda Marie Feldkamp
Kelly & Walker, LLC
1401 17th Street, Suite 925
Denver, CO  80202
Tel:  720-236-1800
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com

*Attorneys for Defendant Usaupair, Inc.*

Martha L. Fitzgerald
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO  80202
Tel:  303-223-1126
mfitzgerald@bhfs.com
dmeschke@bhfs.com

*Attorneys for Defendant Euraupair Intercultural Child Care Programs*

8

Bogdan Enica
Bogdan Enica Attorney at Law
111 2nd Avenue NE
St. Petersburg, FL  33701-3440
Tel:  727-225-2649
Fax: 727-822-8959
bogdane@hotmail.com

*Attorneys for Defendant Expert Group International, Inc. d/b/a Expert Au Pair*

John Roger Mann
Thomas Baker Quinn
Brian P. Maschler
Peggy Kozal
Gordon and Rees, LLP-Denver
555 17th Street, Suite 3400
Denver, CO  80202
Tel:  303-534-5160
Fax: 303-534-5161
jmann@gordonrees.com
tquinn@gordonrees.com
bmaschler@gordonrees.com
pkozal@gordonrees.com

*Attorneys for Defendant Aupaircare, Inc.*

Christian Dow Hammond
Lawrence Daniel Stone
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Tel:  303-861-8013
Fax: 303-832-3804
chammond@duffordbrown.com
lstone@duffordbrown.com

*Attorneys for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a Proaupair; 20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange*

9