# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

      Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

      Defendants.

---

**DEFENDANT AMERICAN CULTURAL EXCHANGE, LLC D/B/A GO AU PAIR'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT [DOC. # 101]**

---

Defendant American Cultural Exchange, LLC d/b/a Go Au Pair ("Go Au Pair") respectfully submits the following First Amended Answer to the First Amended Complaint [Doc. #101] as follows:

## INTRODUCTORY STATEMENT

1.    Go Au Pair admits that the Mutual Educational and Cultural Exchange Act of 1961, 22 U.S.C. § 2451, *et seq.*, indicates that Congress created the J-1 visa program to facilitate exchange visitor programs that would

> enable the Government of the United States to increase mutual understanding between the people of the United States and the people of other countries by means of educational and cultural exchange; to strengthen the ties which unite us with other nations by demonstrating the educational and cultural interests, developments, and achievements of the people of the United States and other nations, and the contributions being made toward a peaceful and more fruitful life for people throughout the world; to promote international cooperation for educational and cultural advancement; and thus to assist in the development of friendly,

sympathetic, and peaceful relations between the United States and the other countries of the world.

22 U.S.C. § 2451. Go Au Pair further admits that under the au pair program,

foreign nationals are afforded the opportunity to live with an American host family and participate directly in the home life of the host family. All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 1.

2.     Go Au Pair admits that the au pair program initially was administered by the United States Information Agency ("USIA"), which subsequently merged into the State Department, and that the State Department has authorized 15 organizations to place au pairs with American families as set forth in the governing regulations, 22 C.F.R. § 62.31, *et seq.* Except as expressly admitted, Go Au Pair denies the allegations in paragraph 2.

3.     Go Au Pair denies the allegations in paragraph 3.

4.     Go Au Pair admits that the State Department oversees the au pair program, which is a J-1 visa program.  The State Department's website and regulations speaks for themselves.  To the extent the allegations in paragraph 4 are inconsistent with the State Department's website or the regulations, Go Au Pair denies them.  Go Au Pair further denies the remaining allegations in paragraph 4.

5.     Go Au Pair denies the allegations in paragraph 5.

6.     Go Au Pair denies the allegations in paragraph 6.

2

7.     Go Au Pair denies the allegations in paragraph 7.

8.     Go Au Pair denies the allegations in paragraph 8.

9.     Go Au Pair admits that many au pairs join great families and have exceptional experiences. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 9.

10.    Go Au Pair denies the allegations in paragraph 10.

11.    Go Au Pair denies the allegations in paragraph 11.

12.    Go Au Pair denies the allegations in paragraph 12.

## NATURE OF THE ACTION

13.    Go Au Pair admits that Plaintiffs seek the relief set forth in paragraph 13, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

14.    Go Au Pair admits that Plaintiffs assert the claims identified in paragraph 14, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

15.    Go Au Pair admits that Plaintiffs assert the claims identified in paragraph 15, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

16.    Go Au Pair admits that this Court has jurisdiction over this lawsuit.

17.    Go Au Pair admits that venue is proper in this Court, but denies the remaining allegations in paragraph 17.

## PARTIES

18.    Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 18 and, therefore, denies them.

19.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 19 and, therefore, denies them.

20.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 20 and, therefore, denies them.

21.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 21 and, therefore, denies them.

22.     Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, denies them.

23.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 23 and, therefore, denies them.

24.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 24 and, therefore, denies them.

25.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 25 and, therefore, denies them.

26.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 26 and, therefore, denies them.

27.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 27 and, therefore, denies them.

28.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 28 and, therefore, denies them.

29.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 29 and, therefore, denies them.

30.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 30 and, therefore, denies them.

31.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 31 and, therefore, denies them.

32.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 32 and, therefore, denies them.

33.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 33 and, therefore, denies them.

34.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 34 and, therefore, denies them.

35.     Go Au Pair denies the allegations in paragraph 35.

36.     Go Au Pair admits American Cultural Exchange, LLC, dba Go Au Pair is a business entity at 151 East 6100 South, Suite 200, Murray, Utah 84107.  Go Au Pair denies the remaining allegations in paragraph 36.

37.     Go Au Pair denies the allegations in Paragraph 37.

38.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 38 and, therefore, denies them.

39.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 39 and, therefore, denies them.

40.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 40 and, therefore, denies them.

41.     Go Au Pair admits that at times, the defendants other than the Noonan Defendants are referred to collectively in the amended complaint as the "Sponsors" or the "Sponsor Defendants."

<u>**STATEMENT OF FACTS**</u>

I.     **BACKGROUND**

      A.     <u>**The J-1 Visa *Au Pair* Program**</u>

      42.     Go Au Pair denies the allegations in paragraph 42.

      43.     Go Au Pair admits that participants in the au pair program must have a J-1 visa and that the au pair program is one of several J-1 visa "cultural exchange" programs overseen and administered by the United States Department of State ("DOS"). Go Au Pair further admits that the au pair program is carried out under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, as well as the applicable regulations.  Except as expressly admitted, Go Au Pair denies the allegations in paragraph 43.

      44.     With respect to the allegations in paragraph 44, Go Au Pair states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, Go Au Pair denies the allegations in paragraph 44.

      45.     With respect to the allegations in paragraph 45, Go Au Pair states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, Go Au Pair denies the allegations in paragraph 45.

46.     With respect to the allegations in paragraph 46, Go Au Pair states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, Go Au Pair denies the allegations in paragraph 46.

47.     Go Au Pair admits that the sponsors are a mix of for-profit and non-profit entities that have generated revenue from program fees paid by host families and au pairs.  Except as expressly admitted, Go Au Pair denies the allegations of paragraph 47.

48.     With respect to the allegations in paragraph 48, Go Au Pair states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, Go Au Pair denies the allegations in paragraph 48.

**B.**     **Historical Labor Abuses in the *Au Pair* Program**

49.     Go Au Pair denies the allegations in paragraph 49.

**1.**     **The Program Began with a Price-Fixing Cartel that Paid Illegal Wages in Contravention of Federal and State Labor Laws.**

50.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 50 and, therefore, denies them.

51.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 51 and, therefore, denies them.

52.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 52 and, therefore, denies them.

53.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 53 and, therefore, denies them.

54.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 54 and, therefore, denies them.

### 2.     The Program Came Under Nearly Immediate Scrutiny for Early Sponsors' Abuses.

55.     Go Au Pair admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, Go Au Pair denies the allegations in paragraph 55.

56.     Go Au Pair admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, Go Au Pair denies the allegations in paragraph 56.

57.     Go Au Pair admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, Go Au Pair denies the allegations in paragraph 57.

### 3.     The Government Issued Rules to Require Sponsors to Protect *Au Pairs'* Rights as Employees.

58.     Go Au Pair admits that USIA initiated a formal rulemaking concerning the au pair program in 1994. Go Au Pair lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 58 and, therefore, denies them.

59.     Go Au Pair admits that USIA issued a final rule in February 1995. That rule and any related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, Go Au Pair denies the allegations in paragraph 59.

60.     With respect to the allegations in paragraph 60, Go Au Pair states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, Go Au Pair denies the allegations in paragraph 60.

### 4.      The Government Created a Programmatic Wage Floor.

61.     With respect to the allegations in paragraph 61, Go Au Pair states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, Go Au Pair denies the allegations in paragraph 61.

62.     With respect to the allegations in paragraph 62, Go Au Pair states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, Go Au Pair denies the allegations in paragraph 62.

63.     Go Au Pair denies the allegations contained in the first sentence of paragraph 63. The second sentence of paragraph 63 states a legal conclusion to which no response is required. With respect to the remaining allegations in paragraph 63, Go Au Pair states that regulations governing the au pair program and any formal opinions issued by the Department of Labor ("DOL") speak for themselves, and no further

response is required regarding their content. To the extent a response is required, Go Au Pair denies the allegations in the third through fifth sentences of paragraph 63.

64.　　With respect to the allegations in paragraph 64, Go Au Pair admits that regulations governing the au pair program are codified at 22 C.F.R. § 63.31. Those regulations speak for themselves, and no further response is required regarding their content. To the extent a response is required, Go Au Pair denies the allegations in paragraph 64.

65.　　Go Au Pair denies the allegations in paragraph 65.

> **5.　　Abuses of *Au Pairs'* Rights as Employees Continued Under a "Cartel" of Sponsors, Which Fixed Wages at the Programmatic Wage Floor, Irrespective of Federal and State Minimum Wage Laws.**

66.　　Go Au Pair denies the allegations contained in the first sentence of paragraph 66. With respect to the allegations in the second sentence of paragraph 66, Go Au Pair states that the USIA rulemaking of June 27, 1997, as documented in the Federal Register, speaks for itself, and no further response is required regarding its content. To the extent a response is required, Go Au Pair denies the allegations in the second sentence of paragraph 66.

67.　　Go Au Pair denies the allegations in paragraph 67.

68.　　Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 68 and, therefore, denies them.

69.　　Go Au Pair denies the allegations in paragraph 69.

II.   **THE SPONSOR DEFENDANTS HAVE ILLEGALLY FIXED STANDARD *AU PAIR* WAGES**

70.   Go Au Pair denies the allegations in paragraph 70.

A.   **The Sponsor Collectively Control the Market for J-1 Vis Au Pair Employment.**

71.   Go Au Pair admits that DOS-designated sponsors are the only entities authorized to serve as sponsoring organizations in the au pair program.  Go Au Pair denies the remaining allegations in paragraph 71.

72.   Go Au Pair admits that the Sponsor Defendants are, at this time, the only DOS-authorized sponsors of the au pair program in the United States. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 72.

73.   Go Au Pair admits that it competes with the Sponsor Defendants in attracting au pairs to work with it, and that it generates revenue in connection with the placement of sponsors with host families.  Except as expressly admitted, Go Au Pair denies the allegations in paragraph 73.

74.   Go Au Pair denies the allegations in paragraph 74.

75.   Go Au Pair denies the allegations in paragraph 75.

76.   Go Au Pair denies the allegations in paragraph 76.

B.   **The Sponsor Defendants Have Conspired to Fix Standard *Au Pair* Wages**

77.   Go Au Pair denies the allegations in paragraph 77.

78.   Go Au Pair admits that Plaintiffs use the term "standard au pair" to describe au pair positions as set forth in paragraph 78, but Go Au Pair denies that the term "standard au pair" has any significant meaning in light of the economic realities of

the au pair program.  Further, it is the host families and not Go Au Pair who determines the weekly stipend paid to the au pairs. Go Au Pair denies the remaining allegations in paragraph 78.

79.    Go Au Pair denies the allegations in paragraph 79.

### 1.    The Sponsors Have Conspired to Set Standard *Au Pair* Wages at the Programmatic Wage Floor, Which is Currently $197.75 Per Week.

80.    Go Au Pair admits the allegation in paragraph 80.

81.    Go Au Pair denies the allegations in paragraph 81.

82.    With respect to the allegations in paragraph 82, Go Au Pair states that the governing regulations speak for themselves, and no further response regarding their content is required.

83.    Go Au Pair admits that as of July 24, 2009, the State Department designated $195.75, which included a 40% credit for room and board, as the weekly stipend to be paid to participants in the au pair exchange program.  Except as expressly admitted, Go Au Pair denies the allegations in paragraph 83.

84.    Go Au Pair denies the allegations in paragraph 84.

85.    Go Au Pair denies the allegations in paragraph 85.

86.    Go Au Pair denies the allegations in paragraph 86.

87.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 87 and, therefore, denies them.

88.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 88 and, therefore, denies them.

89.     Go Au Pair denies the allegations in paragraph 89.

**2.      Several Sponsors Have Admitted that the Sponsors Collectively Colluded to Set Standard *Au Pair* Wages at that Amount.**

90.     Go Au Pair denies the allegations in paragraph 90.

91.     Go Au Pair denies the allegations in paragraph 91.

92.     Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 92 and, therefore, denies them.

93.     Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 93 and, therefore, denies them.

94.     Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 94 and, therefore, denies them.

**3.      The Sponsors Uniformly Advertise Standard *Au Pair* Wages at the Identical Amount.**

95.     Go Au Pair denies the allegations in paragraph 95.

**a.      InterExchange**

96.     Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 96 and, therefore, denies them.

**b.      Cultural Care**

97.     Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 97 and, therefore, denies them.

**c.      Au Pair in America**

98.     Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 98 and, therefore, denies them.

      **d.**    **GoAuPair**

99.   Go Au Pair admits that it its website displays the following information:

| 1 Year Program Fees | Standard | Educare | Plus | Premiere |
|---|---|---|---|---|
| Application Fee | $250 | $250 | $250 | $250 |
| Program Fee | $7,695 | $6,995 | $7,695 | $7,895 |
| International & Domestic Air Travel Fees | Learn More | Learn More | Learn More | Learn More |
| Minimum Weekly Stipend | $195.75 | $146.81 | $215.00 | $255.00 |
| Education Contribution | $500 | $1,000 | $500 | $500 |
| Hours Per Week | 45 hours | 30 hours | 45 hours | 45 hours |
| Average Weekly Cost | $353.35 | $300.56 | $372.60 | $416.44 |
| Average Hourly Cost | $7.85 | $10.02 | $8.28 | $9.25 |

Except as expressly admitted, Go Au Pair denies the allegations in paragraph 99.

      **e.**    **USAuPair**

100.   Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 100 and, therefore, denies them.

      **f.**    **GreatAuPair**

101.   Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 101 and, therefore, denies them.

      **g.**    **Expert AuPair**

102.   Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 102 and, therefore, denies them.

      **h.**    **EurAuPair**

103.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 103 and, therefore, denies them.

### i.    Cultural Homestay

104.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 104 and, therefore, denies them.

### j.    AuPairCare

105.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 105 and, therefore, denies them.

### k.    Au Pair International

106.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 106 and, therefore, denies them.

### l.    APF Global Exchange

107.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 107 and, therefore, denies them.

### m.    Agent Au Pair

108.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 108 and, therefore, denies them.

### n.    ProAuPair

109.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 109 and, therefore, denies them.

**The International Au Pair Exchange**

110.　　Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 110 and, therefore, denies them.

111.　　Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 111 and, therefore, denies them.

112.　　Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 112 and, therefore, denies them.

113.　　Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 113 and, therefore, denies them.

114.　　Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 114 and, therefore, denies them.

> **4.　　The Sponsors Have Maintained the Fixed Standard *Au Pair* Wage, Despite Illegality and Difference in Market Conditions.**

115.　　Go Au Pair denies the allegations in paragraph 115.

116.　　Go Au Pair denies the allegations in paragraph 116.

117.　　Go Au Pair denies the allegations in paragraph 117.

118.　　Go Au Pair denies the allegations in paragraph 118.

119.　　Go Au Pair denies the allegations in paragraph 119.

120.　　Go Au Pair denies the allegations in paragraph 120.

> **5.　　The Sponsors Have Had the Means, Opportunity, and Motive to Conspire to Fix Standard *Au Pair* Wages.**

121.　　Go Au Pair denies the allegations in paragraph 121.

122.    With respect to the allegations in paragraph 122, Go Au Pair states that it lacks sufficient information regarding the reasons foreign nationals choose to participate in the au pair program and, therefore, denies those allegations.

123.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 123 and, therefore, denies them.

124.    Go Au Pair denies the allegations in paragraph 124.

125.    Go Au Pair denies the allegations in paragraph 125.

126.    Go Au Pair admits that it is a member of an association called the Alliance for International Education and Cultural Exchange, which the First Amended Complaint refers to as the "Alliance." Go Au Pair lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 126 and, therefore, denies them.

127.    Go Au Pair admits that it is a member of an association called the International Au Pair Association, which the First Amended Complaint refers to as the "Association." Go Au Pair lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 127 and, therefore, denies them.

128.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 128 and, therefore, denies them.

129.    Go Au Pair admits that from time to time, representatives of Go Au Pair attend meetings of the Alliance and IAPA, which meetings are also attended by representatives of other sponsor defendants. Except as expressly admitted, Go Au Pair denies the remaining allegations in paragraph 129.

130.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 130 and, therefore, denies them.

131.    Go Au Pair denies the allegations in paragraph 131.

132.    Go Au Pair denies the allegations in paragraph 132.

133.    Go Au Pair denies the allegations in paragraph 133.

134.    Go Au Pair denies the allegations in paragraph 134.

135.    Go Au Pair admits that it posts information on its website relating to the weekly stipend established by DOS. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 135.

136.    Go Au Pair denies the allegations in paragraph 136.

137.    Go Au Pair denies the allegations in paragraph 137.

138.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 138 and, therefore, denies them.

139.    Go Au Pair admits it provides a handbook, entitled "Go Au Pair Au Pair Household Handbook" to host families.  The handbook speaks for itself, and thus no response is required.  To the extent a response is required, Go Au Pair denies the allegations in paragraph 139.

### 6.    The Sponsors Have Used Deception as One Means of Maintaining Fixed Standard *Au Pair* Wages.

140.    Go Au Pair denies the allegations in paragraph 140.

141.    Go Au Pair denies the allegations in paragraph 141.

142.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 142 and, therefore, denies them.

143.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 143 and, therefore, denies them.

144.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 144 and, therefore, denies them.

C.    **The Sponsor Defendants' Conspiracy Has Damaged and/or Continues to Damage Plaintiffs and All Those Similarly Situated.**

145.    Go Au Pair denies the allegations in paragraph 145.

146.    Go Au Pair denies the allegations in paragraph 146.

147.    Go Au Pair denies the allegations in paragraph 147.

148.    Go Au Pair denies the allegations in paragraph 148.

149.    Go Au Pair denies the allegations in paragraph 149.

150.    Go Au Pair denies the allegations in paragraph 150.

151.    Go Au Pair denies the allegations in paragraph 151.

III.    **INTEREXCHANGE, CULTURAL CARE, AND AU PAIR IN AMERICA HAVE DECEIVED STANDARD *AU PAIRS* TO INDUCE THEM TO ACCEPT ILLEGAL WAGES.**

A.    **InterExchange, Cultural Care, and Au Pair in America Have Fasley Informed *Au Pairs* That They Are Not Entitled, by Law, to Any Amount Beyond $195.75 Per Week.**

1.    **The State Department's Posted Minimum Wage of $195.75 Represents a Programmatic Wage Floor, Not a Maximum or Government-Fixed Amount.**

152.    Go Au Pair admits that its website lists a minimum weekly stipend of $195.75 as specified by DOS, but that it lacks information sufficient to form a belief as to whether all other defendant-sponsors list a minimum weekly stipend in that amount. Whether a minimum weekly stipend of $195.75 is compelled by law states a legal

conclusion to which no response is required. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 152.

153.    Go Au Pair admits that the current $195.75 weekly minimum stipend amount is a programmatic wage floor established by DOS.

154.    With respect to the allegations in paragraph 154, Go Au Pair states that any government action or publication speaks for itself, and no further response is required.

155.    Statements on the DOS website speak for themselves, and no further response is required.

156.    Go Au Pair lacks sufficient information to form a belief as to truth of the allegation in paragraph 156 and, therefore, denies it.

157.    With respect to the allegations contained in paragraph 157, Go Au Pair states that "USIA's original rule" speaks for itself, and no further response is required.

158.    Go Au Pair admits that DOS has from time to time informed au pair sponsors of increases in the federal minimum wage, and the corresponding increases to the au pair weekly stipend.

159.    Go Au Pair admits that USIA amended the au pair regulations in 1997 and that the 1997 amendments reflect the currently-effective regulations. With respect to the remaining allegations in paragraph 159, Go Au Pair states that the governing regulations speak for themselves, and no further response is required regarding their content.

160.    With respect to the allegations in paragraph 160, Go Au Pair states that the February 1997 DOL opinion letter speaks for itself, and no further response is required regarding its content.

161.    With respect to the allegations in paragraph 161, Go Au Pair states that the August 1997 DOL opinion letter speaks for itself, and no further response is required regarding its content

162.    Go Au Pair admits the allegations in paragraph 162.

163.    Go Au Pair admits that the USIA website previously posted a document entitled "Fact Sheet: Au Pair Stipend." That document speaks for itself, and no further response is required regarding its content.

164.    Go Au Pair admits that the 1997 amendments to the au pair regulations reflect the currently-effective rules. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 164.

165.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 165 and, therefore, denies them.

166.    With respect to the allegations in paragraph 166, Go Au Pair states that the governing regulations, DOL letter, DOS notices, and DOS website speak for themselves, and no further response is required regarding their content.

> **2.    The Sponsors All Know that the Published Federal Minimum Weekly Wage of $195.75 Is Simply a Programmatic Wage Floor.**

167.    Go Au Pair admits it is aware that the amount of the weekly stipend required under the regulations governing the au pair program is a minimum weekly

stipend. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 167.

168.    With respect to the allegations in the first half of paragraph 168, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of those allegations and, therefore, denies them. With respect to the allegations in the second half of paragraph 168, Go Au Pair states that the referenced "government materials" speak for themselves, and no further response is required.

169.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 169 and, therefore, denies them.

170.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 170 and, therefore, denies them.

171.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 171 and, therefore, denies them.

172.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 172 and, therefore, denies them.

173.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 173 and, therefore, denies them.

174.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 174 and, therefore, denies them.

175.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 175 and, therefore, denies them.

176.     The allegations in paragraphs 176-220 pertain to defendants other than Go Au Pair and, thus, no response is required. With respect to those allegations, Go Au Pair states that it understands the term "Sponsor" or "Sponsors," as used in paragraphs 176-220, to refer to defendants other than Go Au Pair. To the extent Plaintiffs intended to refer to Go Au Pair in any of these paragraphs, Go Au Pair denies those allegations.

**B.     In Deceiving and/or Misleading *Au Pairs*, InterExchange, Cultural Care, GoAuPair and Au Pair in America Breached Fiduciary Duties to, Made Negligent Misrepresentations to, and/or Engaged in Constructive Fraud Against *Au Pairs*.**

221.     Go Au Pair denies the allegations in paragraph 221.

**1.     The Sponsors Have Known That $4.35 Per Hour is Not a Legal Wage.**

222.     With respect to the allegations in paragraph 222, Go Au Pair states that 22 C.F.R. § 62.31 speaks for itself, and the extent that regulation imposes legal duties on Go Au Pair is a legal conclusion to which no response is required. Go Au Pair further states that statements in any program materials, agreements, or training materials speak for themselves, and no further response is required. Go Au Pair denies the remaining allegations in paragraph 222.

223.     Go Au Pair denies the allegations in paragraph 223.

224.     Go Au Pair denies the allegations in paragraph 224.

225.     Go Au Pair denies the allegations in paragraph 225.

226.     Go Au Pair denies the allegations in paragraph 226.

227.     Go Au Pair denies the allegations in paragraph 227.

228.     Go Au Pair denies the allegations in paragraph 228.

229.    Go Au Pair admits that it is aware of the February 1997 DOL letter referenced in paragraph 229. That letter speaks for itself, and no further response is required regarding its content. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 229.

230.    With respect to the allegations in paragraph 230, Go Au Pair states that the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, and any related guidance issued pursuant to that Act, speak for themselves, and no further response is required regarding its content.

231.    Go Au Pair denies the allegations in paragraph 231.

232.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 232 and, therefore, denies them.

233.    Go Au Pair denies the allegations in paragraph 233.

234.    Go Au Pair denies the allegations in paragraph 234.

235.    Go Au Pair denies the allegations in paragraph 235.

236.    Go Au Pair denies the allegations in paragraph 236.

237.    Go Au Pair denies the allegations in paragraph 237.

238.    Go Au Pair denies the allegations in paragraph 238.

239.    Go Au Pair denies the allegations in paragraph 239.

240.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 240 and, therefore, denies them.

241.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 241 and, therefore, denies them.

242.   Go Au Pair denies the allegations in paragraph 242.

243.   Go Au Pair denies the allegations in paragraph 243.

244.   Go Au Pair denies the allegations in paragraph 244.

245.   Go Au Pair denies the allegations in paragraph 245.

**2.     Specifically, InterExchange, Cultural Care, GoAuPair and Au Pair in America Have Known That $4.35 per Hour is Not a Legal Wage.**

246.   The allegations in paragraphs 246-263 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 246-263 and, therefore, denies them.

**c.     Go Au Pair**

264.   Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 264.

265.   Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 265.

266.   Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 266.

267.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 267.

268.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 268.

269.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 269.

270.    Go Au Pair denies the allegations in paragraph 270.

271.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 271.

272.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 272.

273.    Go Au Pair admits that its au pairs are offered DVDs to watch in their home country to satisfy the DOS training requirement.  Go Au Pair otherwise denies the remaining allegations in paragraph 273.

274.    Go Au Pair admits that the $195.75 weekly stipend established by DOS is not a wage ceiling.  Go Au Pair otherwise denies the remaining allegations in paragraph 274.

275.   Go Au Pair denies the allegations in paragraph 275.

276.   The allegations in paragraphs 276-282 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 276-282 and, therefore, denies them.

**C.   In Deceiving and/or Misleading *Au Pairs*, InterExchange, Cultural Care, GoAuPair, and Au Pair in America Violated the *Au Pairs* Rights As Consumers.**

283.   Go Au Pair denies the allegations in paragraph 283.

284.   Go Au Pair denies the allegations in paragraph 284.

285.   Go Au Pair denies the allegations in paragraph 285.

286.   Go Au Pair denies the allegations in paragraph 286.

287.   Go Au Pair denies the allegations in paragraph 287.

288.   Go Au Pair denies the allegations in paragraph 288.

**IV.   INTEREXCHANGE, CULTURAL CARE, AU PAIR IN AMERICA AND GOAUPAIR EMPLOYED THE *AU PAIRS* THEY SPONSORED AND FAILED TO PAY THEM AT LEAST MINIMUM WAGE FOR THE HOURS THEY WORKED**

**A.   The Sponsors Employed the *Au Pairs***

289.   Go Au Pair denies the allegations in paragraph 289.

290.   With respect to the allegations in the first sentence of paragraph 290, Go Au Pair admits that it prepared a partial form agreement to be completed by the host families and executed by host families and au pairs participating in Go Au Pair's program, as well as an agreement between Go Au Pair and the au pairs. Go Au Pair admits these agreements, along with the DOS regulations they implement, governed

the au pairs' participation in the program. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 290.

291.    Go Au Pair admits that it identifies eligible au pair participants; performs administrative actions to enable the au pairs to obtain Form DS-2019 after matching with host families; and provides training for au pair participants as required under 22 C.F.R. § 62.31(d)-(e) and (g). Except as expressly admitted, Go Au Pair denies the allegations in paragraph 291.

292.    Go Au Pair admits that au pair participants provided child care services to host families in accordance with the governing DOS regulations. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 292.

293.    Go Au Pair admits that it administered its au pair program in compliance with the governing regulations and that it informed host families of regulatory requirements concerning the au pairs' weekly stipend, hours, and benefits. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 293.

294.    Go Au Pair denies the allegations in paragraph 294.

295.    Go Au Pair admits that, pursuant to 22 C.F.R. § 62.40, as a sponsor of an exchange visitor program, it may terminate an au pair's participation in the au pair program under certain conditions.  Except as expressly admitted, Go Au Pair denies the allegations in paragraph 295.

296.    Go Au Pair denies the allegations in paragraph 296.

**B.**     **Each Sponsor Individually Demonstrated Their Control**

297.    The allegations in paragraphs 297-309 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 297-309 and, therefore, denies them.

310.    With respect to the allegations in paragraph 310, Go Au Pair admits that it entered into agreements with au pair participants. Those agreements speak for themselves, and no further response is required regarding their content.

311.    With respect to the allegations in paragraph 311, Go Au Pair states that the agreements between Go Au Pair and the au pairs and the agreements between the host families and the au pairs referenced therein speaks for themselves, and no further response is required regarding its content.

312.    Go Au Pair denies the allegations in paragraph 312.

**C.**     **The Sponsors Failed to Pay the *Au Pairs* Minimum Wage or Overtime**

313.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 313 and, therefore, denies them.

314.    With respect to the allegations in paragraph 314, Go Au Pair incorporates its response to paragraph 99.  Go Au Pair otherwise denies the allegations in paragraph 314.

315.    With respect to the allegation in paragraph 315, Go Au Pair states that federal wage law speaks for itself, and no further response is required.

316.   With respect to the allegation in paragraph 316, Go Au Pair states that federal and state wage laws speak for themselves, and no further response is required.

317.   The allegations in paragraph 317 state a legal conclusion to which no response is required.

318.   The allegations in paragraph 318 state a legal conclusion to which no response is required.

319.   Go Au Pair admits that it provides au pairs training as required under 22 C.F.R. § 62.31(g). Except as expressly admitted, Go Au Pair denies the allegations in paragraph 319.

320.   Go Au Pair admits that it monitors au pair exchange participants as required under 22 C.F.R. § 62.31(l). Except as expressly admitted, Go Au Pair denies the allegations in paragraph 320.

321.   Go Au Pair denies the allegations in paragraph 321.

## V.   THE NAMED PLAINTIFFS' SUFFERED AS A RESULT OF DEFENDANTS' WRONGFUL ACTIONS

322.   The allegations in paragraphs 322-407 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 321-407 and, therefore, denies them.

### E.   Ms. Ivette Gonzalez's Experience in the *Au Pair* Program

408.   Go Au Pair lacks information sufficient to form a belief as to the truth of the allegation in paragraph 408 and, therefore, denies it.

409.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 409 and, therefore, denies them.

410.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 410 and, therefore, denies them.

411.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 411 and, therefore, denies them.

412.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 412 and, therefore, denies them.

413.    Go Au Pair admits that Plaintiff Gonzalez applies to Go Au Pair and that Go Au Pair accepted Plaintiff Gonzalez's application. Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 413 and, therefore, denies them.

414.    Go Au Pair admits that Plaintiff Gonzalez was a participant in the au pair program administered by Go Au Pair, Plaintiff Gonzalez and a host family in Maryland mutually matched, and Go Au Pair performed the administrative actions necessary to facilitate her flight to Maryland. Go Au Pair lacks information sufficient to form a belief as to the remaining allegations in paragraph 414 and, therefore, denies them.

415.    Go Au Pair admits that it provided Plaintiff Gonzalez training consistent with its obligations under DOS regulations before she left her home country. Except as expressly admitted, Go Au Pair denies the remaining allegations in paragraph 415.

416.    Go Au Pair admits that the governing regulations require au pair participants to attend 32 hours of training before placement with a host family. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 416.

417.    Go Au Pair admits that Plaintiff Gonzalez joined her host family in or around July 2014. Go Au Pair lacks information sufficient to form a belief as to the remaining allegations in paragraph 417 and, therefore, denies them.

418.    Go Au Pair admits that the contract between Plaintiff Gonzalez and her host family provides that the host family would pay Plaintiff Gonzalez $200 per week. Go Au Pair lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 418 and, therefore, denies them.

419.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 419 and, therefore, denies them.

420.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 420 and, therefore, denies them.

421.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 421 and, therefore, denies them.

422.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 422 and, therefore, denies them.

423.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 423 and, therefore, denies them.

424.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 424 and, therefore, denies them.

425.    With respect to the first sentence of paragraph 425, Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 425 and, therefore, denies them. With respect to the second sentence of paragraph 425, Go Au Pair denies the allegations.

426.    Go Au Pair admits that it attempted to locate a second host family for Plaintiff Gonzalez. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 426.

427.    Go Au Pair admits that Plaintiff Gonzalez was not selected by a second host family. Go Au Pair lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 427 and, therefore, denies them.

## **RULE 23 CLASS ALLEGATIONS**

428.    Go Au Pair incorporates by reference its response to all previous paragraphs in the First Amended Complaint.

429.    Go Au Pair admits that Plaintiffs assert Counts I-VII and IX-X as class action claims pursuant to Federal Rule of Civil Procedure 23, but denies that certification of a class would be proper under Rule 23.

430.    Go Au Pair admits that Plaintiffs purport to define a class referred to as the "Price Fixed Class," as set forth in paragraph 430, but denies that certification of such a class would be proper under Rule 23.

431.    The allegations in paragraph 431 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

432.    The allegations in paragraph 432 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

433.    The allegations in paragraph 433 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

434.    Go Au Pair admits that Plaintiffs attempt to define a putative class as described in paragraph 434, but denies that certification of such a class is proper under Rule 23.

435.    The allegations in paragraph 435 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

436.    The allegations in paragraph 436 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

437.    The allegations in paragraph 437 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

438.    Go Au Pair admits that Plaintiffs attempt to define a putative class as described in paragraph 438, but denies that certification of such a class is proper under Rule 23.

439.     The allegations in paragraph 439 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

440.     The allegations in paragraph 440 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

441.     The allegations in paragraph 441 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

442.     Go Au Pair admits that Plaintiffs attempt to define a putative class as described in paragraph 442, but denies that certification of such a class is proper under Rule 23.

443.     Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 443 and, therefore, denies them. Go Au Pair denies that certification of any putative class is proper under Rule 23.

444.     Go Au Pair denies the allegations in paragraph 444.

445.     Go Au Pair denies the allegations in paragraph 445.

446.     Go Au Pair denies the allegations in paragraph 446.

447.     Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 447 and, therefore, denies them.

448.     Go Au Pair denies the allegations in paragraph 448.

449.     Go Au Pair denies the allegations in paragraph 449.

450.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 450 and, therefore, denies them.

451.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 451 and, therefore, denies them.

452.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 452 and, therefore, denies them.

453.    Go Au Pair denies the allegations in paragraph 453.

454.    Go Au Pair denies the allegations in paragraph 454.

## 20 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

455.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the First Amended Complaint.

456.    Go Au Pair admits that Plaintiffs assert claims under the FLSA, but denies that Plaintiffs are entitled to any relief.

457.    Go Au Pair admits that certain written consents are attached as exhibits to the First Amended Complaint. These exhibits speak for themselves, and no further response is required.

458.    The allegations in paragraph 458 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

459.    The allegations in paragraph 459 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

460.    The allegations in paragraph 460 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

461.    The allegations in paragraph 461 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

462.    The allegations in paragraph 462 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

463.    Go Au Pair admits that Plaintiffs attempt to define a putative class as described in paragraph 463, but denies that certification of such a class is proper under Rule 23.

464.    Go Au Pair admits that Plaintiffs attempt to define a putative class as described in paragraph 464, but denies that certification of such a class is proper under Rule 23.

465.    Go Au Pair denies the allegations contained in paragraph 465.

## COUNT I: RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1, *ET SEQ.*

466.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the First Amended Complaint. With respect to the allegations in the second sentence of paragraph 466, Go Au Pair admits that Plaintiffs purport to assert Count I on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

467.    Go Au Pair denies the allegations in paragraph 467.

468.    Go Au Pair denies the allegations in paragraph 468.

469.    Go Au Pair denies the allegations in paragraph 469.

470.    Go Au Pair denies the allegations in paragraph 470.

471.    Go Au Pair denies the allegations in paragraph 471.

472.    Go Au Pair denies the allegations in paragraph 472.

473.    Go Au Pair denies the allegations in paragraph 473.

474.    Go Au Pair denies the allegations in paragraph 474.

## COUNT II: CIVIL RICO, U.S.C. 1964(C)

475.    The allegations in paragraphs 475-481 pertain to Count II, which Plaintiffs do not assert against Go Au Pair, and thus no response is required.

## COUNT III: BREACH OF FIDUCIARY DUTY UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

482.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the First Amended Complaint.

483.    With respect to the allegations in paragraph 483, Go Au Pair admits that Plaintiffs purport to assert Count III on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

484.    Go Au Pair denies the allegations in paragraph 484.

**COUNT IV: NEGLIGENT MISREPRESENTATION OF THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA**

485.   Go Au Pair incorporates by reference its responses to all previous paragraphs in the First Amended Complaint.

486.   With respect to the allegations in paragraph 486, Go Au Pair admits that Plaintiffs purport to assert Count IV on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

487.   Go Au Pair denies the allegations in paragraph 487.

**COUNT V: CONSTRUCTIVE FRAUD OR FRAUDULENT CONCEALMENT UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA**

488.   Go Au Pair incorporates by reference its responses to all previous paragraphs in the First Amended Complaint.

489.   With respect to the allegations in paragraph 489, Go Au Pair admits that Plaintiffs purport to assert Count V on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

490.   Go Au Pair denies the allegations in paragraph 490.

**COUNT VI: CONSUMER PROTECTION UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA**

491.   Go Au Pair incorporates by reference its responses to all previous paragraphs in the First Amended Complaint.

492.   With respect to the allegations in paragraph 492, Go Au Pair admits that Plaintiffs purport to assert Count VI on behalf of themselves and all others similarly

situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

493.    Go Au Pair denies the allegations in paragraph 493.

## COUNT VII: BREACH OF CONTRACT AND QUASI CONTRACT

494.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the First Amended Complaint.

495.    With respect to the allegations in paragraph 495, Go Au Pair admits that Plaintiffs purport to assert Count VII on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

496.    Go Au Pair admits that it entered into agreements with individuals participating as au pairs in Go Au Pair's program, which agreements govern the terms of those individuals' participation in the program.  Except as expressly admitted, Go Au Pair denies the allegations in paragraph 496.

497.    Go Au Pair denies the allegations in paragraph 497.

498.    Go Au Pair denies the allegations in paragraph 498.

499.    Go Au Pair denies the allegations in paragraph 499.

500.    Go Au Pair denies the allegations in paragraph 500.

## COUNT VIII: FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *ET SEQ*

501.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the First Amended Complaint.

502.    With respect to the allegations in paragraph 502, Go Au Pair admits that Plaintiffs purport to assert Count VIII on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

503.    The allegations in paragraph 503 state a legal conclusion to which no response is required.

504.    Go Au Pair admits that it has annual revenues that exceed $500,000. Except as expressly admitted, Go Au Pair lacks information sufficient to form a belief as to the allegations in paragraph 504 and, therefore, denies them.

505.    With respect to the allegations in the first part of paragraph 505, Go Au Pair admits that it identifies eligible au pair participants; allows vetted host families the opportunity to review au pair applications which are then selected and mutually matched by host families and au pairs; performs the administrative actions to facilitate issuance of the Form DS-2019 and arrange for flights for the au pairs; provides training for au pair participants, conducts cultural activities available to the au pairs; and performs monthly contacts with the au pairs and host families as required under 22 C.F.R. § 62.31(d)-(e), (g), and (I). Except as expressly admitted, Go Au Pair denies the allegations in the first part of paragraph 505. The allegations in the second part of paragraph 505 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in the second part of paragraph 505 and, therefore, denies them.

506.     The allegations in paragraph 506 state a legal conclusion to which no response is required.

507.     Go Au Pair denies the allegations in paragraph 507.

508.     The allegations in paragraph 508 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in paragraph 508 and, therefore, denies them.

509.     Go Au Pair denies the allegations in paragraph 509.

510.     Go Au Pair denies the allegations in paragraph 510.

511.     Go Au Pair denies the allegations in paragraph 511.

512.     Go Au Pair denies the allegations in paragraph 512.

## COUNT IX: CLAIMS FOR UNPAID WAGES UNDER THE LAWS OF SEVERAL STATES AND THE DISTRICT OF COLUMBIA

513.     Go Au Pair incorporates by reference its responses to all previous paragraphs in the First Amended Complaint.

514.     With respect to the allegations in paragraph 514, Go Au Pair admits that Plaintiffs purport to assert Count IX on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

515.     Go Au Pair denies the allegations in paragraph 515.

516.     The allegations in paragraph 516 state a legal conclusion to which no response is required.

517.     Go Au Pair denies the allegations in paragraph 517.

518.    Go Au Pair denies the allegations in paragraph 518.

519.    Go Au Pair denies the allegations in paragraph 519.

520.    Go Au Pair denies the allegations in paragraph 520.

521.    Go Au Pair denies the allegations in paragraph 521.

## COUNT X: VIOLATIONS OF NEW YORK WAGE ACT

522.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the First Amended Complaint.

523.    With respect to the allegations in paragraph 523, Go Au Pair admits that Plaintiffs purport to assert Count X on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

524.    The allegations in paragraph 524 pertain to defendants other than Go Au Pair and, thus, no response is required.

525.    The allegations in paragraph 525 appear to pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent Plaintiffs intended to include Go Au Pair in the term "Defendants," as used in paragraph 525, Go Au Pair states that the allegations in paragraph 525 state a legal conclusion to which no response is required.

526.    The allegations in paragraph 526 state a legal conclusion to which no response is required. To the extent a response is required, Go Au Pair denies the allegations in paragraph 526.

**COUNT XI: CLAIM FOR UNPAID WAGES UNDER COLORADO LAWS, INCLUDING C.R.S § 8-6-101, *ET SEQ.* IMPLEMENTED BY 7 CCR 1103-1, C.R.S. § 8-4-101 *ET SEQ.*, AND COMMON LAW CONTRACT AND EQUITABLE PRINCIPALS**

527.   The allegations in paragraphs 527-533 pertain to Count XI, which is not asserted against Go Au Pair, and thus no response is required.

## DEMAND FOR JURY TRIAL

534.   Go Au Pair admits that Plaintiffs have demanded a jury trial.

## PLAINTIFFS' PRAYER FOR RELIEF

To the extent that a response to Plaintiffs' prayer for relief is required, Go Au Pair denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Go Au Pair asserts the following affirmative defenses to Counts I and III-X, which are the only claims asserted against it. Go Au Pair asserts these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on Plaintiffs. Go Au Pair has not conducted any discovery, which might reveal additional defenses; Go Au Pair therefore reserves the right to amend this answer as appropriate to assert additional defenses.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, and/or waiver.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of Go Au Pair and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct of which Plaintiffs complain is reasonable and justified, and such conduct has not, and will not, substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule-of-reason claim.  In particular, the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

## SEVENTH DEFENSE

The actions of Go Au Pair have been procompetitive, and Go Au Pair's actions were carried out in furtherance of its legitimate business interests.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because they have not alleged any properly-defined or relevant product (or service) and geographic market.

## NINTH DEFENSE

Plaintiffs' claims are barred because Go Au Pair reasonably relied upon the weekly stipend established, calculated, and consistently applied by the State Department and the Department of Labor to be paid to participants in the au pair exchange program, specifically including the credit for room and board. The weekly stipend paid by host families to participants in Go Au Pair's au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

## TENTH DEFENSE

If, for some reason, any or all of the alleged acts and omissions of Go Au Pair were not within the scope of conduct authorized by the State Department and/or the Department of Labor, such a situation was not reasonably foreseeable by Go Au Pair.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine, and/or the doctrine of implied immunity. Plaintiffs' claims are further barred because the alleged conduct that is the subject of the First Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Go Au Pair has acted in good faith, with a reasonable basis, and with intent to comply with the law.

## THIRTEENTH DEFENSE

Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties.  Go Au Pair is not liable for the acts of others over which it has no control.

## FOURTEENTH DEFENSE

Plaintiffs' claims for damages against Go Au Pair are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

## FIFTEENTH DEFENSE

The alleged injury, loss or damage suffered by Plaintiffs, if any, would be compensated adequately by damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

## SIXTEENTH DEFENSE

None of the Counts asserted against Go Au Pair may be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure, or a collective action under 29 U.S.C. § 216(b).

## SEVENTEENTH DEFENSE

Plaintiffs are exempt from minimum wage and overtime requirements under the FLSA and any other applicable state statute, law or regulation, including but not limited to New York state laws.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred by 29 U.S.C. § 259 on the basis that Go Au Pair acted in good faith, in conformity with, and in reliance upon published, written regulations and interpretations of the U.S. Department of Labor.

## NINETEENTH DEFENSE

No fiduciary relationship existed between Plaintiff Gonzalez and Go Au Pair.

## TWENTIETH DEFENSE

At no time were the actions of Go Au Pair willful; thus, if applicable at all, the FLSA limitations period is two years.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part based on the failure to join indispensable parties.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims, including Plaintiff Gonzalez's claims, are barred in whole or in part by her failure to substantially perform, and prior breach of, the terms of her agreement with Go Au Pair.

### TWENTY-THIRD DEFENSE

Liquidated damages are barred pursuant to 29 U.S.C. § 260 because Go Au Pair acted in good faith and with reasonable grounds to believe its conduct did not violate the FLSA.

### TWENTY-FOURTH DEFENSE

Plaintiffs' damages, if any, are barred or limited due to failure to reasonably mitigate.

### TWENTY-FIFTH DEFENSE

Plaintiffs' damages, if any, are barred or limited by applicable statutory damage caps.

### TWENTY-SIXTH DEFENSE

Plaintiffs' damages, if any, are barred or limited by doctrines of settlement, release, and accord and satisfaction.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' state law claims are barred in whole or in part due to federal preemption.

### TWENTY-EIGHTH DEFENSE

Any claim asserted by or on behalf of certain au pairs sponsored by Go Au Pair are subject to mandatory arbitration.

### TWENTY-NINTH DEFENSE

Some activities alleged to be compensable are not compensable as prescribed by the Portal-to-Portal Act, 29 U.S.C. §§ 254, *et seq.*

<u>THIRTIETH DEFENSE</u>

<u>Compensation owed, if any, is subject to a statutory credit pursuant to 29 U.S.C. § 207, and a credit pursuant to 29 C.F.R. §§ 531.31, *et seq.*</u>

<u>THIRTY-FIRST DEFENSE</u>

<u>At no time were the actions of Go Au Pair willful; thus, if applicable at all, the FLSA limitations period is two years.</u>

<u>THIRTY-SECOND DEFENSE</u>

Go Au Pair adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

**<u>GO AU PAIR'S PRAYER FOR RELIEF</u>**

Therefore, Go Au Pair prays for relief as follows:

1.      That Plaintiffs take nothing by way of the claims asserted in Count I, III-X of the First Amended Complaint, and that this action be dismissed with prejudice;

2.      That judgment be entered in favor of Go Au Pair and against Plaintiffs with respect to all Counts asserted against Go Au Pair;

3.      That the Court award Go Au Pair its attorneys' fees and all are other costs reasonably incurred in defense of this action; and

4.      That the Court award such other relief as it made deem just and proper.

Dated:  May 12, 2016.                              Respectfully submitted,


                                                   *s/ Kathryn A. Reilly*
                                                   Kathryn A. Reilly
                                                   Wheeler Trigg O'Donnell LLP
                                                   370 Seventeenth Street, Suite 4500
                                                   Denver, CO  80202-5647
                                                   Telephone:  303.244.1800
                                                   Facsimile:  303.244.1879
                                                   Email:  Reilly@wtotrial.com

                                                   Attorneys for Defendant American Cultural
                                                   Exchange, LLC d/b/a GoAuPair.

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 12, 2016, I electronically filed the foregoing **DEFENDANT AMERICAN CULTURAL EXCHANGE, LLC D/B/A GO AU PAIR'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- Alexander Hood
  alex@towardsjustice.org

- Bogdan Enica
  bogdane@hotmail.com

- Brian P. Maschler
  bmaschler@gordonrees.com

- Brooke A. Colaizzi
  bcolaizzi@shermanhoward.com

- Chandra M. Feldkamp
  cfeldkamp@kellywalkerlaw.com

- Christian D. Howard
  chammond@duffordbrown.com

- Donald J. Gentile
  dgentile@lawson-weitzen.com

- Erica L. Herrera
  eherrera@shermanhoward.com

- Heather F. Vickles
  hvickles@shermanhoward.com

- James E. Hartley
  jhartley@hollandhart.com

- Jeffrey P. Allen
  jallen@lawson-weitzen.com

- John R. Mann
  jmann@gordonrees.com

- Lauren F. Louis
  llouis@bsfllp.com

- Lawrence D. Stone
  lstone@duffordbrown.com

- Lawrence L. Lee
  llee@laborlawyers.com

- Martha L. Fitzgerald
  mfitzgerald@bhfs.com

- Martin J. Estevao
  mestevao@armstrongteasdale.com

- Matthew L. Schwartz
  mlschwartz@bsfllp.com

- Meshach Y. Rhoades
  mrhoades@armstrongteasdale.com

- Peggy Kozal
  elpkozal@gordonrees.com

- Peter M. Skinner
  pskinner@bsfllp.com

- Randall W. Jackson
  rjackson@bsfllp.com

- Raymond M. Deeny
  rdeeny@shermanhoward.com

- Sigrid S. McCawley
  smccawley@bsfllp.com

- Susan M. Schaecher
  sschaecher@laborlawyers.com

- Thomas B. Quinn
  tquinn@gordonrees.com

- W.V. Bernie Siebert
  bsiebert@shermanhoward.com

- William J. Kelly III
  wkelly@kellywalkerlaw.com

- William L. Monts III
  william.monts@hoganlovells.com

*s/ Claudia Jones*
Legal Secretary