# EXHIBIT 2

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| | |
|---|---|
| Beltran et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   1:14-cv-03074 |
| Interexchange, Inc., et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: 　　　　　　　　　　　David Keil

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Conversations you or your agents had with certain defendants in this case as described in Paragraphs 90-94 of the First Amended Complaint  and in Exhibits A(1) and A(2) attached hereto.

| Place:  Sherman & Howard L.L.C.<br>633 Seventeenth Street \| Suite 3000<br>Denver, Colorado 80202 | Date and Time:<br>07/20/2016 10:00 am |
|---|---|

The deposition will be recorded by this method:　Court Reporter

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  Please see Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　06/06/2016

| CLERK OF COURT | OR | |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_　Cultural Care, Inc.
, who issues or requests this subpoena, are:

Jeffrey P. Allen, Lawson & Weitzen, LLP, 88 Black Falcon Ave. Boston, MA, 02210, jallen@lawson-weitzen.com (617) 439-4990

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:14-cv-03074

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### INSTRUCTIONS

For a statement of your obligations in producing documents under this subpoena, see Rule 45(d)(1) and (2) of the Federal Rules of Civil Procedure, which appear as the final page of this subpoena. This subpoena is intended to collect all documents and things in the possession, custody, or control of David Keil, the private investigator hired by Plaintiffs' counsel, related to the conversations Mr. Keil or his agents had with certain defendants in this case as described in Paragraphs 90-94 of the First Amended Complaint ("FAC") dated March 13, 2015 and in the Declaration of Alexander Hood, Esq., filed with the Court on May 13, 2015, and attached hereto as Exhibit 1 (the "Hood Declaration").

### DEFINITIONS

1.      The term "defendants" shall refer to the defendants in this lawsuit and all of their past and present directors, officers, agents, employees, consultants, attorneys, and others acting on behalf of said entities. The following is a list of the defendants in this lawsuit: Interexchange, Inc., USAuPair, Inc., GreatAuPair, LLC, Expert Group International, Inc., EuRaupair InterCultural Child Care Programs, Cultural Homestay International, Cultural Care, Inc., d/b/a Cultural Care Au Pair, AuPairCare, Inc., AU Pair International, Inc., APF Global Exchange, NFP d/b/a Aupair Foundation, American Institute for Foreign Study, d/b/a Au Pair in America,  American Cultural Exchange, LLC, d/b/a GoAuPair, Associates in Cultural Exchange, d/b/a GoAuPair, Agent Au Pair,

A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair, 20/20 Care Exchange, Inc., d/b/a The International Au Pair Exchange.

## DOCUMENT PRODUCTION TOPICS

1.      Notes or audio recordings describing or documenting any telephone conversations or attempted conversations that you or your agents had with any representatives of the defendants created during or after said telephone conversations or attempted conversations occurred.

2.      Lists or logs of telephone calls or attempted calls that you or your agents made to any of the defendants maintained by you or your agents.

3.      A complete copy of any documents that memorialize your conversation with a representative of APF Global Exchange, NFP, or identify in any way the person with whom you spoke, as described in paragraphs 9 and 10 of the Hood Declaration, and include the following language quoted in paragraph 92 of the FAC: "there is no difference in prices, as far as the stipend goes, between all agencies."

4.      A complete copy of any documents that memorialize your conversation with a representative of APF Global Exchange, NFP, or identify in any way the person with whom you spoke, and include the following language quoted in Plaintiffs' Amended Objections and Response to Fed. R. Civ. P. 26(b)(3)(c) Discovery Request from defendants APF Global Exchange, NFP and American Institute for Foreign Study d/b/a Au Pair in America, attached hereto as Exhibit 2:

(i)      "We are in the middle, price-wise;"

    (ii)   "the more fixed expenses, like the stipend paid to the au pairs;"

    (iii)   "That is where pricing becomes standard across all agencies. There is no difference in prices, as far as the stipend goes, between all of the agencies;"

    (iv)   "Well yea, it's that;"

    (v)   "Plus, we are all subject to the same federal guidelines, so we all stay within that;"

    (vi)   "Sure, the government sets an amount, and we all pay that amount;"

    (vii)   "Correct, correct! Everybody agrees, correct!"

5.    A complete copy of any documents that memorialize your conversation with a representative of the defendant who allegedly made the statements in Paragraph 93 of the FAC, or identify in any way the person with whom you spoke, as described in paragraphs 9 and 10 of the Hood Declaration, and include the following language quoted in paragraph 93 of the FAC: "all agreed to pay that amount, no more."

6.    A complete copy of any documents that memorialize your conversation with a representative of the defendant who allegedly made the statements in Paragraph 94 of the FAC, or identify in any way the person with whom you spoke, as described in paragraphs 9 and 10 of the Hood Declaration, and include the following language quoted in paragraph 94 of the FAC: "the stipend is identical across all companies."

7.    A complete copy of any documents that memorialize your conversations or attempted conversations with any defendant or identifies in any way the person(s) with whom you spoke.

8.      You or your agents' notes, documents, or phone logs related to conversations with au pairs.

9.      Lists of questions, notes, or outlines, you or your agents prepared in advance of conversations or attempted conversations with any defendant.

10.      A list of all defendants you called or intended to call and your contact or attempted contact person at each defendant.

Exhibit A(1)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

   Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

   Defendants.

---

### DECLARATION OF ALEXANDER HOOD, ESQ.

---

I, Alexander N. Hood, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1.      I am an attorney at Towards Justice, and I represent Plaintiffs Johana Paola Beltran, Lusapho Hlatshaneni, Beaudette Deetlefs, Dayanna Paola Cardenas Caicedo, and Alexandra Ivette González (collectively, Plaintiffs) in this matter. I submit this declaration in opposition to the Joint Motion to Strike Certain Allegations, dated April 20, 2015, and docketed as document 134 (the Joint Motion), and Defendant AuPairCare, Inc.'s Supplement to Joint Motion to Strike Certain Allegations, dated April 21, 2015, and docketed as document 137 (the AuPairCare Supplement). I submit this declaration on the basis of personal knowledge, unless otherwise noted, and upon my review of the Joint Motion and the AuPairCare Supplement.

2.      This declaration is divided into three Parts. In **Part I**, I provide background regarding the allegations that certain defendants seek to strike. In **Part II**, I explain why

I did not believe, and still do not believe, that the three defendants contacted by the investigator were represented at the time of that contact. In **Part III**, I address the discovery issues raised by the Joint Motion.

3.     In this declaration, I use the terms "Defendants," "Sponsor Defendants," and "Sponsors" to refer to all of the defendants named in this matter, except for Pamela and Thomas Noonan. I use the term "Moving Defendants" to refer to defendants InterExchange, Inc., USAuPair, Inc., GreatAuPair, LLC, Cultural Homestay International, APF Global Exchange, NFP, American Institute for Foreign Study d/b/a Au Pair in American, Agent Au Pair, American Cultural Exchange, LLC d/b/a Go Aupair, Au Pair International, Inc., AuPairCare, Inc., Cultural Care, Inc. d/b/a Cultural Au Pair, and Expert Group International d/b/a Expert AuPair. I use the term "Original Complaint" to refer to the complaint filed in this matter on November 13, 2014, and docketed as document 1. I use the term "Amended Complaint" to refer to the First Amended Complaint filed in this matter on March 13, 2015, and docketed as document 101.

I. THE CHALLENGED ADMISSIONS.

4.     The Original Complaint in this matter alleged a wage-fixing antitrust conspiracy among the fifteen Sponsor Defendants. *See* Original Complaint ¶¶ 82-92. Specifically, the Original Complaint alleged that the Sponsors had "agreed to fix all *au pair* weekly wages." *See id.* ¶ 85.

5.     In response to that complaint, a number of Sponsor Defendants filed a joint motion to dismiss Plaintiffs' antitrust claims under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Those defendants argued that the antitrust conspiracy

allegations were "sparse" and "legally insufficient to state a conspiracy claim." *See* Joint Motion to Dismiss by Certain Sponsor Defendants and Certification of Compliance with Civil Practice Standard 7.1D, dated Feb. 23, 2015 [Dkt. 82], at 7.  Defendants argued that the Original Complaint lacked direct evidence of conspiracy, such as "conversations," "correspondence," "or other facts" supporting a conspiracy.  *See, e.g.*, Defendant Cultural Care, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(b), dated Feb. 20, 2015 [Dkt. 74] at 15.  One defendant characterized the Original Complaint as containing no more than "a bare assertion of conspiracy." *Id.* at 15.

6.       On March 13, 2015, Plaintiffs filed an Amended Complaint, which added direct admissions that the Sponsors did, indeed, conspire amongst themselves to fix au pair wages.  These admissions were described in paragraphs 90 through 94 of the Amended Complaint.

7.       Paragraph 90 of the Amended Complaint summarized that "Several Sponsors have admitted to an agreement among all of the Sponsors to keep standard *au pair* wages at exactly $195.75 per week."

8.       Paragraph 91 of the Amended Complaint provides further detail regarding the admissions by certain Sponsor Defendants.  Those admissions included that:

   a. Each and every Sponsor conspired to reach an agreement on standard
   *au pair* wages;

    b.   In that agreement, all of the Sponsors pegged the weekly wage for their sponsored *au pairs* at the published minimum allowable amount of $195.75 per week;

    c.   The Sponsors agreed to ensure that host families "pay that amount, no more";

    d.   Maintaining this weekly wage keeps *au pair* labor as a "fixed expense"; and

    e.   As a result of the Sponsors' collective agreement on fixed wages, "pricing becomes standard across all agencies," "the stipend is identical across all companies," and "there is no difference in prices, as far as the stipend goes, between all of the agencies."

9.    Paragraphs 92 through 94 of the Amended Complaint describe the telephone conversations in which these admissions were made.  Those paragraphs identify three separate such conversations.  One conversation took place on November 20, 2014, and two occurred on November 21, 2014.

10.    The Sponsors whose statements are described in paragraphs 92 through 94 of the Amended Complaint are Au Pair International, Inc. (API); EurAupair Intercultural Child Care Programs (EurAupair); and APF Global Exchange, NFP (APF).

11.    According to the Joint Motion, EurAupair has not joined that motion, and API and APF have joined that motion.

12.     In the Joint Motion, none of the Moving Defendants denies that the admissions described in paragraphs 90 through 94 of the Amended Complaint were made and accurately recounted.

13.     API does not challenge that it made the admissions described in the Amended Complaint.

14.     API has submitted a declaration from an employee, Joanna Gorry, who describes her belief that she handled one of the calls with Plaintiffs' investigator.  *See* Declaration of Joanna Gorry, dated Apr. 17, 2015 (Gorry Decl.), ¶¶ 1-6, attached as Ex. 7 to Joint Motion.  My understanding is that Plaintiffs' investigator obtained the API admission from Ms. Gorry.  Accordingly, Plaintiffs identified Ms. Gorry in their Rule 26(a) disclosures.

15.     Ms. Gorry explains that she "does not appear to have made any notes" of the call and "cannot identify this call from memory." *Id.* ¶¶ 7-8.

16.     Ms. Gorry does not deny that she could have made the admissions described in paragraphs 90 through 94 of the Amended Complaint.

17.     APF also does not challenge that it made the admissions described in the Amended Complaint.

18.     APF has submitted a declaration from Carrie Crompton, an APF employee and its National Director of Field Operations, in which Ms. Crompton explains that she "may be the person or one of the people who answered . . . [the] calls to APF . . . referenced by the Plaintiffs in their Amended Complaints." *See* Declaration of Carrie Crompton, dated Apr. 20, 2015 (Crompton Decl.), ¶ 5, attached as Ex. 10 to Joint

Motion.  My understanding is that Plaintiffs' investigator contacted Ms. Crompton. Accordingly, Plaintiffs identified Ms. Crompton in their initial disclosures.

19.     Ms. Crompton states that she "cannot be certain whether [she] might have made any of those statements."  *Id.* ¶ 6.

20.     Ms. Crompton does not deny that she could have made the admissions in paragraph 92 of the Amended Complaint.

21.     APF has also submitted a declaration from one of its Vice Presidents, Theresa Nelson.  *See* Declaration of Theresa Nelson, dated Apr. 20, 2015, ¶ 5, attached as Ex. 9 to Joint Motion.

22.     Ms. Nelson states she "cannot be certain whether [she] or any other person affiliated with APF Global Foundation might have made any of those statements."

23.     Ms. Nelson does not challenge that APF made the admissions in paragraph 92 of the Amended Complaint.

24.     I have reviewed the Joint Motion.  In the motion, the Moving Defendants do not deny the accuracy of the allegations in paragraphs 90 through 94 of the Amended Complaint.

## II. REPRESENTATION BY COUNSEL.

25.     The Amended Complaint states that the admissions described in paragraphs 90 through 94 were made in conversations on November 20 and 21, 2014. I understand, from communications with investigator David Keil, that those statements were made by APF, EurAupair, and API.

26.     I do not believe that APF, EurAupair, or API was represented by counsel as of November 21, 2014.

27.     I am familiar with the ECF docket in this matter. I have been registered with ECF and have received ECF notices of all filings in this case. Those filings include notices about service on Defendants.

28.     According to the docket, none of the Sponsor Defendants had been served by November 21, 2014. Neither APF, EurAupair, nor API had been served by that point. The following appears on the docket:

a.  Plaintiff Johana Paola Beltran, the original sole plaintiff, received leave to proceed *in forma pauperis*. *See* Order dated Nov. 15, 2014 [Dkt. 5].

b.  As a result, the Clerk mailed summonses to the United States Marshals Service for service of process on the Sponsor Defendants. *See* Certificate of Service, dated Nov. 20, 2014 [Dkt. 8].

c.  The Marshals did not receive that mailing until November 21, 2014. *See, e.g.*, Summons Retuned Executed, dated Dec. 22, 2014 [Dkt. 13] (stamped "RECEIVED," "2014 NOV 21").

d.  The first Sponsor Defendant was served on December 15, 2014; others were served between then and January 21, 2015. *See* Summons Returned Executed [Dkts. 13, 17-18, 27-28, 30-32, 34-36, 50-51].

e.  As of November 21, 2014, no defendant had filed a notice of appearance.

29.     In addition, as of November 21, 2014, I had not received notice from APF, EurAuPair, or API stating that any of these Defendants had retained counsel.  As of that point in time, no lawyer had contacted me to introduce himself or herself as counsel for any of these three defendants.  I am unaware of any press coverage of this case that existed as of November 21, 2014.

30.     Accordingly, as of November 21, 2014, I believed that neither APF, EurAupair, nor API had notice of this action or was represented by counsel.

31.     The docket further indicates that no Sponsor Defendant made an appearance in this matter until January 2015, *i.e.*, not until months after the November 20-21, 2014 admissions.

32.     Both API and EurAupair have previously told the Court that they were not represented by counsel until a date long after the admissions of November 20-21, 2015.

33.     API, in its motion of January 5, 2015, for an extension of time to respond to the complaint, averred that it retained counsel on December 31, 2014 (*i.e.*, more than a month after the admissions).  *See* Motion dated Jan. 5, 2015 [Dkt. 16], ¶ 3.

34.     Likewise, EurAupair claimed that it "had not yet retained counsel" as late as January 23, 2015 (*i.e.*, more than two months following the admissions).  *See* Motion dated Feb. 12, 2015 [Dkt. 66], ¶¶ 3-5.

35.     In addition, there remains no indication on the docket that APF was represented by counsel in this matter in November 2014.

36.     According to the docket, other Sponsor Defendants themselves recognized as late as January 23, 2015, that APF had no counsel of record in this matter.  *See* Motion dated Jan. 23, 2015 [Dkt. 42], ¶ 2.

37.     No counsel entered an appearance for APF until February 11, 2015 (*i.e.,* more than two months after the APF admissions).  *See* Notices of Entry of Appearance, dated Feb. 11, 2015 [Dkts. 63, 65].

38.     A group of Sponsor Defendants that had appeared in this case as of late January 2015 noted that APF had no counsel of record at that point.  That group of nine Sponsors -- which did not include APF -- filed for an extension request on January 23, 2015, representing to the Court that they were the only Sponsor "Defendants to have counsel of record in this case."  *See* Motion dated Jan. 23, 2015 [Dkt. 42], ¶ 2.

39.     Their stated conclusion that APF was not yet represented by counsel is consistent with every indication on the docket.  According to the docket, APF had been served on December 23, 2014, *see* Summons Returned Executed [Dkt. 31]; its response was due by January 13, 2015, *see* Fed. R. Civ. P. 12(a)(1)(A)(i); and yet, by January 23, 2015 (*i.e.,* ten days after its answer was due), APF had neither responded to the complaint nor moved for an extension of time.

40.     In my experience, a party represented by counsel generally does not disregard response deadlines.  I therefore believe it is most likely that, as the docket reflects and as the other Defendants appear to have assumed, APF was not represented by counsel until February 2015 (*i.e.,* months after APF's admissions).

41.    I am not aware of any evidence from API, EurAupair or APF showing that any of these defendants was represented by counsel as of November 20-21, 2015.

42.    For these reasons, I continue to believe that API, EurAupair, and APF were not represented by counsel in November 2014.

43.    As of November 21, 2014, I believed a single Sponsor Defendant had retained counsel to represent it on any matter relating to any Plaintiff.  That Defendant was InterExchange.  Plaintiff Beltran had retained an attorney before retaining me.  That attorney had communicated with an attorney for InterExchange regarding Ms. Beltran, and had informed me of the communication.  Because the InterExchange lawyer had been retained in connection with Ms. Beltran's prior representation, I had no reason to believe that InterExchange knew of this proceeding.  Nevertheless, I instructed Plaintiffs' investigator to avoid any contact with InterExchange.

44.    If I had any grounds to believe that any other Sponsor Defendant had obtained representation, I would have instructed the investigator not to contact that party, in accordance with my instructions to avoid any contact with InterExchange.

### III. DISCOVERY ISSUES.

45.    Plaintiffs identified, in their Rule 26(a) disclosures of March 16, 2015, the particular individuals at APF, EurAupair, and API who participated in the conversations described in the Amended Complaint.  The disclosures identified each individual, along with her respective phone number at each such organization. *See id.* ¶¶ 21-23.

46.    Plaintiffs' initial disclosures further identified Plaintiffs' investigator, David Keil.

47.     Defendants served discovery under Rule 26(b)(3)(C) of the Federal Rules of Civil Procedure for their own statements.  They styled the requests as urgent, with deadlines of less than one week.  Copies of some of these requests are included within Exhibit 11 of the Joint Motion.

48.     Plaintiffs promptly responded to these requests, with one exception as noted in the next paragraph.  Exhibits 11 and 12 of the Joint Motion includes responses to the requests also included in that exhibit.  As Exhibit 12 demonstrates, APF was among the Defendants serving such discovery, and Plaintiffs promptly responded by identifying statements of APF.  Neither API nor EurAupair served similar requests.  Plaintiffs completed these responses on April 6, 2015.

49.     Plaintiffs did not respond to the Rule 26(b)(3)(C) request by Defendant AuPairCare, Inc. (AuPairCare).  AuPairCare served Plaintiffs with this request on March 31, 2015.  The request sought a response by April 8, 2015.  On April 1, 2015, I sent an email to counsel for all Sponsors, including counsel for AuPair Care.  The email said, "At this point I believe I responded to all of the discovery requests I received last week pursuant to FRCP 26(b)(3)(C). If you have not received a response and you served me with a request, please let me know. I'll correct the oversight asap." I attach to this declaration as Exhibit A a true and complete copy of the email.  I never received a response from AuPairCare to my email.

50.     Plaintiffs invited several defendants to serve discovery requests to obtain further information regarding the admissions.  I attach to this declaration as Exhibit B a true and complete copy of a letter I sent counsel for American Cultural Exchange LLC

d/b/a Go Au Pair and Agent Au Pair, Inc. on April 1, 2015.  The letter states, "If Go Au Pair and Agent Au Pair are making demands under Rules 33 or 34 of the Federal Rules of Civil Procedure, please clarify that they are doing so, and Plaintiffs will respond in accordance with those rules."  I attach to this declaration as Exhibit C a true and complete copy of a similar letter I sent counsel for APF and Au Pair in America on April 6, 2015.  The letter states:  "[T]hese requests for additional information appear to be requests for the production of records, or requests that Plaintiffs answer particular questions. If so, please indicate that defendants are making demands under Rules 34 or 33 of the Federal Rules of Civil Procedure. Plaintiffs would then act promptly to address any such requests, in accordance with those rules."  However, none of the defendants served discovery for information beyond their Rule 26(b)(3)(C) requests.

51.     On April 10, 2015, shortly after I sent Plaintiffs' responses to Defendants' various Rule 26(b)(3)(C) discovery requests, Defendants informed me that they would seek to stay all discovery.

52.     Defendants requested a stay from the Court at a conference on April 17, 2015. At that point, no Defendant had responded to Plaintiffs' discovery requests, which I had served on all Sponsor Defendants on March 19, 2015, and which were due within a week of the April 17 conference.

53.    As a result of the temporary stay granted by the Court, the only discovery responses delivered in this matter have been Plaintiffs' responses to the Defendants' Rule 26(b)(3)(C) requests.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  May 13, 2015
         Denver, Colorado

/s/ Alexander N. Hood

Exhibit A(2)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN, ET AL.

  Plaintiffs,

v.

PAMELA H NOONAN, ET AL.

  Defendants.

---

**PLAINTIFFS' AMENDED OBJECTIONS AND RESPONSE TO FED. R. CIV. P. 26(b)(3)(C) DISCOVERY REQUEST FROM DEFENDANTS APF GLOBAL EXCHANGE, NFP AND AMERICAN INSTITUTE FOR FOREIGN STUDY D/B/A/ AU PAIR IN AMERICA**

---

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, Towards Justice, hereby respond in writing to the request for previous statements under Rule 26(b)(3)(C) of the Federal Rules of Civil Procedure presented on March 27, 2015, by Defendants APF Global Exchange, NFP and American Institute for Foreign Study d/b/a/ Au Pair in America ("Defendants"), as follows:

<u>OBJECTIONS AND RESPONSE TO DISCOVERY REQUEST FOR PREVIOUS STATEMENTS UNDER FED. CIV. P. 26(b)(3)(C)</u>

1. Pursuant to Rule 26(b)(3)(C) of the Federal Rules of Civil Procedure, please provide no later than April 3, 2015, all recording or notes reflecting any and all previous statements made either/both APF Global Exchange, NFP and/or Au Pair in America concerning the subject matter of the litigation.

Plaintiffs object to the one-week deadline in this request.  That deadline is unreasonable and not grounded in the Federal Rules of Civil Procedure.

Plaintiffs object to this request under Rule 26(b)(3)(C) of the Federal Rules of Civil Procedure to the extent it seeks statements beyond the scope of Rule 26(a)(3)(C).

Without waiving the foregoing objections, and construing this request as seeking previous statements within the scope of Rule 26(b)(3)(C), Plaintiffs respond as follows. Plaintiffs have no responsive statements related to American Institute for Foreign Study d/b/a/ Au Pair in America. Plaintiffs produce the following statements made by APF Global Exchange, NFP:

"We are in the middle, price-wise"

"the more fixed expenses, like the stipend paid to the au pairs."

"That is where pricing becomes standard across all agencies. There is no difference in prices, as far as the stipend goes, between all of the agencies."

" Well, yea, it's that".

"Plus, we are all subject to the same federal guidelines, so we all stay within that."

"Sure, the government sets an amount, and we all pay that amount."

"Correct, correct! Everybody agrees, correct!

2

Dated: April 6, 2015

Respectfully Submitted,

s/Alexander Hood
Alexander Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO  80203
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org
Attorneys for the Plaintiffs

3

### Certificate of Service

I hereby certify that on April 6, 2015, I served a true and correct copy of the Plaintiffs' Objections and response to Fed. R. Civ. P. 26(b)(3)(C) Discovery Request from Defendants APF Global Exchange, NFP and Au Pair in America on the individuals below by electronic mail and first class mail:

Daniel C. Perkins
Lawrence Lee
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO 80202
dperkins@laborlawyers.com


s/ Alexander Hood
Alexander Hood

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2016, I served the foregoing Notice of Deposition of David Keil and Subpoena to David Keil to Testify at a Deposition in a Civil Action via First Class Mail and e-mail on the following attorneys of record.

**Lauren Fleischer Louis**
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard
Suite 1200
Ft. Lauderdale, FL 33301
llouis@bsfllp.com

**Sigrid Stone McCawley**
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard
Suite 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

**Matthew Lane Schwartz**
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue
7th Floor
New York, NY 10022
mlschwartz@bsfllp.com

**Peter Murray Skinner**
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue
7th Floor
New York, NY 10022
pskinner@bsfllp.com

**Randall Wade Jackson**
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue
7th Floor
New York, NY 10022
rjackson@bsfllp.com

**Alexander Hood**
Towards Justice-Denver
1535 High Street Suite 300
Denver, CO 80218
alex@towardsjustice.org

**Bogdan Enica**
Bogdan Enica Attorney at Law
111 2nd Avenue NE
St. Petersburg FL 33701-3440
bogdane@hotmail.com

**Brian A. Birenbach**
Rietz Law Firm, LLC
114 Village Place #301
Dillon, CO 80435
brian@rietzlawfirm.com

**Brooke A. Colaizzi** Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
bcolaizzi@shermanhoward.com

**Chandra M. Feldkamp**
Kelly & Walker, LLC
1401 17th Street, Suite 925
Denver, CO 80202
cfeldkamp@kellywalkerlaw.com

**Christian D. Hammond**
Dufford and Brown, P.C.
1700 Broadway Suite 2100
Denver, CO 80290-2101
chammond@duffordbrown.com

**Adam A. Hubbard**
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
aahubbard@hollandhart.com

**Heather F. Vickles**
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
hvickles@shermanhoward.com

**Kathryn A. Reilly**
Wheeler Trigg O'Donnel LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
reilly@wtotrial.com

**James E. Hartley**
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
jhartley@hollandhart.com

**John R. Mann**
Gordon and Rees, LLP-Denver
555 17th Street, Suite 3400
Denver CO, 3400
jmann@gordonrees.com

**Peggy Kozal**
Gordon and Rees, LLP-Denver
555 17th Street, Suite 3400
Denver CO, 3400
pkozal@gordonrees.com

**Brian P. Maschler**
Gordon and Rees, LLP-Denver
555 17th Street, Suite 3400
Denver CO, 3400
bmaschler@gordonrees.com

**Lawrence D. Stone**
Dufford and Brown, P.C.
1700 Broadway Suite 2100
Denver, CO 80290-2101
lstone@duffordbrown.com

**Lawrence L. Lee**
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO 80202
llee@laborlawyers.com

**Martin J. Estevao**
Armstrong Teasdale, LLP-Denver
1200 17th Street, Suite 2400
Denver, CO 80202
mestevao@armstrongteasdale.com

**Martha L. Fitzgerald**
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
mfitzgerald@bhfs.com

**Meshach Y. Rhoades**
Armstrong Teasdale, LLP-Denver
1200 17th Street, Suite 2400
Denver, CO 80202
rhoadesm@armstrongteasdale.com

**Mher Hartoonian**
mhartoonian@hollandhart.com

**Raymond M. Deeny**
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
rdeeny@shermanhoward.com

**Thomas B. Quinn**
Gordon and Rees, LLP-Denver
555 17th Street, Suite 3400
Denver CO, 3400
tquinn@gordonrees.com

**William J. Kelly III**
Kelly & Walker, LLC
1401 17th Street, Suite 925
Denver, CO 80202
wkelly@kellywalkerlaw.com

**Erica L. Herrera**
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
eherrera@shermanhoward.com

**Susan M. Schaecher**
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO 80202
sschaecher@laborlawyers.com

**David Meschke**
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
dmeschke@bhfs.com

Jeffrey P. Allen