IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

**PLAINTIFFS' MOTION TO AMEND AND INCORPORATED MEMORANDUM OF LAW**

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C. COLO.LCiv.R. 7.1(A)**

Pursuant to D.C. Colo.L.Civ.R. 7.1(a), Plaintiffs conferred with counsel for all Defendants via email on August 12, 2016, regarding Defendants' position on Plaintiffs' Motion To Amend. Defendants indicated they wished to review the filings before stating their position, and thus did not consent to the relief requested.

**Plaintiffs' Motion To Amend Complaint**

Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs Johana Paola Beltran, Beaudette Deetlefs, Lusapho Hlatshaneni, Ivette Alexandra Gonzalez Cortes, and Dayanna Paola Cardenas Caicedo, by and through their counsel from the law firms of Boies, Schiller & Flexner LLP and Towards Justice, hereby move to amend the Complaint. Plaintiffs seek leave to amend the complaint in order to add as named plaintiffs Sarah Rascon, Laura Mejia Jimenez, Juliane Harning and Nicole Mapledoram. All four of the proposed new plaintiffs were *au pairs* sponsored by one of the existing

defendants in this case: Ms. Rascon, by Cultural Care; Mmes. Jimenez and Harning, by AuPairCare; and Ms. Mapledoram, by Expert Au Pair. The Second Amended Complaint raises allegations specific to these four plaintiffs, but substantially similar to those alleged by the existing Plaintiffs, with respect to their Sponsor Defendants. The proposed amended complaint raises one new claim: a violation of New Jersey's Wage Law by Defendant AuPairCare. No other new claims are raised. The proposed amendment would join Defendant AuPairCare to the existing claim, against defendants Cultural Care, InterExchange, and Au Pair in America, alleging violations of 18 U.S.C. § 1964(c)(Count II). The amendment additionally names Defendants AuPairCare and Expert Au Pair to Plaintiffs' existing claims for breach of fiduciary duty (Count III); negligent misrepresentation (Count IV); constructive fraud/fraudulent concealment (Count V); consumer protection violations (Count VI) and claims for unpaid wages in violation of state and federal law (Counts VIII & IX). The amendment would eliminate existing counts VII (breach of contract) and IX (unpaid wages against dismissed defendants).

     A clean version of the Second Amended Complaint is attached as Exhibit 1. Pursuant to D.C.COLO.LCivR 15.1, a redlined version of the proposed Second Amended Complaint is attached as Exhibit 2.

## ARGUMENT

**I.   THE AMENDMENT SHOULD BE PERMITTED.**

     Under the Federal Rules of Civil Procedure, leave to amend to amend is freely granted. Pursuant to F.R.C.P. 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave

when justice so requires." *See. e.g.*, *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (per curiam)(noting that "it is an abuse of discretion to deny leave to amend unless there is sufficient reason...."). Indeed, it is the opposing party's burden to persuade the court not to allow leave to amend. *See Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004). The Supreme Court has instructed that absent dilatory tactics or futility of the amendment, leave to amend should be granted. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)(identifying bases for denial as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

Plaintiffs' Second Amended Complaint suffers from none of these defects. The amendment is within the deadline set by the Court's Scheduling Order (D.E. 295). The Second Amended Complaint arises from the same conduct alleged in the original and First Amended Complaint. The new allegations relate to three changes: First, additional named plaintiffs are joined. With their joinder, new claims are asserted as to Defendants AuPairCare and Expert Au Pair for their respective violations of state and federal wage laws, including the New Jersey wage law, RICO, breach of fiduciary duty, negligent misrepresentation, fraud and consumer protection laws. Additionally, Defendant GoAuPair Operations LLC is joined upon information and belief that it is the corporate entity which entered into contracts with the plaintiff *au pair* and is at least a joint employer with existing Defendants Associates In Cultural Exchange dba Goaupair; American Cultural Exchange, LLC, dba GoAuPair.

Additionally, the Second Amended Complaint does not assert a claim for breach of contract, which this Court dismissed in granting Defendants' motions to dismiss; nor does it include a count asserting a violation of Colorado's wage act, which had been previously alleged with respect to individual defendants.

None of the proposed amendments operate to prejudice the Defendants within the meaning of the Federal Rules. Indeed, Defendants have anticipated this amendment since the April 25, 2016 scheduling conference, when Plaintiffs disclosed their intention to move for leave to amend in order to add additional plaintiffs and additional FLSA defendants. Apr. 25, 2016 Trans. at 27. The Court accounted for this anticipated amendment in its entry of the Scheduling Order by, for example, establishing the same deadline for the amendment of the pleadings, and for Plaintiffs to file the latest motion for conditional certification.[1] As such, no delay will result from allowing the amendment.

## II. THE AMENDMENT SHOULD RELATE BACK TO THE ORIGINAL COMPLAINT PURSUANT TO F.R.C.P. 15(c).

The original Complaint in this case was filed on November 13, 2014. The First Amended Complaint was filed on March 13, 2015. With the exception of the claim alleging violations of the New Jersey Wage Act, there are no new claims and the factual allegations are largely the same. The Second Amended Complaint should therefore relate back to the date of the original complaint pursuant to F.R.C.P. 15(c).

F.R.C.P. 15(c) states,

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

---

[1] Plaintiffs' Second Motion for Conditional Certification is being filed simultaneously and draws upon allegations raised in the Second Amended Complaint, as well as Declarations in support of the Motion.

4

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

With regard to adding new Plaintiffs through amendments, the rules committee notes state: "[t]he relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." *See American Banker's Ins. Co. of Florida v. Colorado Flying Academy, Inc.*, 93 F.R.D. 135, 36 (D.Colo. 1982) (quoting committee notes). In considering the relation back of pleadings that add new plaintiffs, the 10th Circuit has held that a for claim that arises "out of the conduct, transaction, or occurrence set forth in the original complaint" and is "centered with the same impact and force around" the factual questions raised in the original complaint, relation back under Rule 15(c) is appropriate. *American Fidelity & Cas. Co. v. All American Bus Lines, Inc.*, 190 F.2d 234, 237 (10th Cir. 1951); *see also United States ex rel. Koch v. Koch Indus.*, 1995 U.S. Dist. LEXIS 20832, *28-9 (N.D. Okla. Oct. 6, 1995) (same) (citing *American Fidelity & Cas. Co. v. All American Bus Lines, Inc.*, 190 F.2d 234, 237 (10th Cir. 1951)); *American Banker's Ins. Co. of Florida*, 93 F.R.D. at 136-37 (same) (citing C. Wright & A. Miller, Federal Practice and Procedure, § 1501 (1971)).

The Second Amended Complaint indeed arises out of the same conduct alleged in the original and First Amended Complaint. The amendment merely adds four Plaintiffs that worked in the same position as the existing Plaintiffs and suffered from the same injuries. Moreover, the new Plaintiffs were members of the putative F.R.C.P. 23 and FLSA collective action classes that existed in the original complaint, and now merely switch roles to named Plaintiffs. The Defendants were on notice of these new named Plaintiffs as putative class members. Defendants AuPairCare and Expert Au Pair were similarly on notice that their alleged conduct, in setting an illegally low wage for the *au pair* they sponsor, would support claims against them no less so than the existing FLSA Defendants. The Second Amended Complaint should therefore relate back to the date of the original complaint in this case.

Relation back of claims against Defendant GoAuPair Operations LLC is appropriate pursuant to Rule 15(c)(ii). Defense counsel informed Plaintiffs' counsel within the last month that the party named might not be the right party in interest, and identified GoAuPair Operations LLC as the entity that has entered into contracts with the *au pair* class. The failure to identify the error earlier is through no fault of Plaintiffs, who propounded discovery in March 2016 seeking information regarding Defendants' corporate structure and information relating to the Defendants' revenue from participating in the *au pair* program; no responsive documents were produced.

Because the Second Amended Complaint arises from the same conduct and asserts the same legal grounds for relief against the Defendants, the amendment should relate back to the date of the original filing.

## **CONCLUSION**

For the reasons given above, Plaintiffs respectfully request:

1.      Leave to amend their complaint pursuant to F.R.C.P. 15(a), that the Court Clerk be ordered to docket Plaintiffs' Second Amended Complaint, filed along with this Motion as Exhibit 1, as Plaintiffs' complaint going forward, and that the case caption in this case going forward be the caption displayed in the Second Amended Complaint; and

2.      That, pursuant to F.R.C.P. 15(c), the Second Amended Complaint relate back to the date of the original complaint in this case: November 13, 2014.

Dated: August 15, 2016                                      Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

/s/Matthew L. Schwartz
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
575 Lexington Avenue
New York, New York  10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301
Tel.: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 15th day of August, 2016, I electronically served the foregoing Plaintiffs' Motion to Amend and Incorporated Memorandum of Law to the following e-mail addresses:

Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Email: reilly@wtotrial.com

Brian Alan Birenbach Rietz Law Firm, LLC P.O. Box 5268
114 Village Place #301
Dillon, CO 80435
Email: brian@rietzlawfirm.com

Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290-2101
Email: chammond@duffordbrown.com

Lawrence D. Stone
Kathleen E. Craigmile
Nixon Shefrin Hensen Ogburn, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111
Email: lstone@nixonshefrin.com
Email: kcraigmile@nixonshefrin.com

William J. Kelly III
Chandra Marie Feldkamp
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202
Email: wkelly@kellywalkerlaw.com
Email: cfeldkamp@kellywalkerlaw.com

James E. Hartley
Jonathan S. Bender
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Email: jhartley@hollandhart.com
Email: jsbender@hollandhart.com

Adam A. Hubbard
Holland & Hart LLP
1800 Broadway Suite 300
Boulder, CO 80302
Email: aahubbard@hollandhart.com

Robert M. Buchanan, Jr.
Joan A. Lukey
Lyndsey M. Kruzer
Michael T. Gass
Justin J. Wolosz
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110
Email: rbuchanan@choate.com
Email: joan.lukey@choate.com
Email: lkruzer@choate.com
Email: mgass@choate.com
Email: jwolosz@choate.com

Jessica L. Fuller
Diane Hazel
James M. Lyons
Lewis Roca Rothgerber Christie LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Email: jfuller@lrrc.com
Email: dhazel@lrrc.com
Email: jlyons@lrrc.com

Bogdan Enica
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701
Email: Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
Email: Rhoadesm@gtlaw.com
Email: Estevaom@gtlaw.com

Martha L. Fitzgerald
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Email: mfitzgerald@bhfs.com
Email: dmeschke@bhfs.com

Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
Erica Lynn Herrera
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email: bcolaizzi@shermanhoward.com
Email: hvickles@shermanhoward.com
Email: rdeeny@shermanhoward.com
Email: eherrera@shermanhoward.com

Brian P. Maschler
Gordon & Rees, LLP-San Francisco
275 Battery Street, Suite 2000 San Francisco, CA 94579
Email: bmaschler@gordonrees.com

John R. Mann
Peggy E. Kozal
Thomas Baker Quinn
Gordon & Reese LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email: jmann@gordonrees.com
Email: pkozal@gordonrees.com
Email: tquinn@gordonrees.com

Lawrence L. Lee, Esq.
Susan M. Schaecher, Esq.
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651
Email: llee@laborlawyers.com
Email: sschaecher@laborlawyers.com


 /s/  Matthew L. Schwartz
Matthew L. Schwartz

9