IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

_____

**MOTION OF DEFENDANT CULTURAL CARE, INC. FOR SANCTIONS
PURSUANT TO RULE 37(d), AND INCORPORATED MEMORANDUM**

## INTRODUCTION

Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair ("Cultural Care") properly noticed the deposition of Plaintiff Dayanna Paola Cardenas Caicedo ("Cardenas Caicedo") to occur on Tuesday, August 16, 2016, a date that Ms. Cardenos Caicedo chose. Although Ms. Cardenos Caicedo filed her putative collective action in Denver, the deposition was scheduled, at her request, to occur in Philadelphia, where she now resides. Two of Cultural Care's attorneys traveled from Boston to Philadelphia the evening before the scheduled deposition to ensure that they would be ready for a timely start.

But, Ms. Cardenos Caicedo failed to appear. Her counsel, who did appear, albeit tardily, offered no explanation, nor has one been forthcoming since. Despite having had ample opportunity on and after the day of the scheduled deposition, and having been

invited to do so in the telephonic discovery hearing before Magistrate Judge Tafoya on August 19, 2016, Ms. Cardenos Caicedo still has not provided any reason whatsoever. Her unexcused failure has deprived Cultural Care of the ability to test her allegations, including her contention that she is an appropriate representative of a collective group of *au pairs* with regard to the issues asserted. Indeed, her conduct leaves Cultural Care unclear as to whether she intends now, or ever intended, to pursue the claims that her attorneys have advanced on her behalf. Because her deposition was to have been the first of any of the named Plaintiffs, the uncertainty as to the status of this putative collective action is more pronounced.

Cultural Care now moves for sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. Cultural Care asks the Court to issue an order: (a) striking all paragraphs that refer to Ms. Cardenas Caicedo in the First Amended Complaint (ECF No. 101) and the proposed Second Amended Complaint (ECF No. 329-1) (if the motion to amend is allowed), striking the Declaration of Dayanna Paola Cardenas Caicedo submitted to the Court in support of Plaintiffs' Motion for Conditional Collective Action Certification, prohibiting Ms. Cardenas Caicedo from offering evidence to support her claims, and dismissing her from this case with prejudice; (b) ordering Plaintiffs, their attorneys, or both to pay Cultural Care's reasonable expenses, including attorneys' fees, caused by Ms. Cardenas Caicedo's failure to appear at her deposition[1] in the

---

[1] Cultural Care is simultaneously filing an affidavit of its adjusted costs. Cultural Care understands that other defendants whose counsel attended the deposition may join this motion and seek costs as well.

amount of $28,469.04; and (c) awarding costs and attorneys' fees attributable to this motion.

## Certification

Pursuant to District of Colorado Local Civil Rule 7.1(a), counsel for Cultural Care represents that undersigned counsel has communicated with Plaintiffs' counsel regarding the subject of this motion, and that Plaintiffs have not responded. Counsel for Cultural Care have contacted counsel for plaintiff Cardenas Calcedo on multiple occasions, by email and by phone, in an effort to determine their position on this motion. Despite Cultural Care's agreement as a matter of courtesy to defer the filing of this motion from last week to today, Plaintiffs have failed to respond. Therefore, counsel for Defendants must conclude that Plaintiffs oppose this motion

## BACKGROUND

Plaintiffs filed their initial complaint (ECF No. 1) on November 13, 2014, alleging claims against Sponsors of the *au pair* program ("Sponsors"), including Fair Labor Standards Act ("FLSA") collective action claims and Rule 23 class action claims, concerning the weekly stipend paid by Host Families to *au pairs*. On March 13, 2015, Plaintiffs filed their First Amended Complaint ("FAC") (ECF No. 101), which (among other things) added Ms. Cardenas Caicedo as a plaintiff, including as a representative of proposed FLSA and other classes. In the FAC, Ms. Cardenas Caicedo advances a number of allegations regarding her Sponsor, Cultural Care, including allegations regarding representations allegedly made to her while in Colombia, and allegations regarding her stay with Host Families in the United States. FAC, ¶¶ 21, 392-407.

3

Proposed class definitions referencing Ms. Cardenas Caicedo are alleged against Cultural Care as well. FAC, ¶¶ 432, 437, 441, 461, and 462.[2]

On July 25, 2016, Plaintiffs, including Ms. Cardenas Caicedo, filed Plaintiffs' Motion for Conditional Collective Action Certification ("Conditional Certification Motion") (ECF No. 325) seeking conditional certification of the FLSA claims against certain Sponsors, including Cultural Care. Plaintiffs submitted a declaration from Ms. Cardenas Caicedo in support of their motion. (Exhibit B to ECF 325-1). Given her role with respect to the FLSA claims and allegations, Defendant Cultural Care sought to depose Ms. Cardenas Caicedo (and the other proposed class representative) prior to the then-existing August 24, 2016 deadline for opposing the Conditional Certification Motion.[3]

In order to expedite the scheduling and in the spirit of cooperation, counsel for Cultural Care conferred with Plaintiffs' counsel, and agreed to conduct the deposition in a city and on a date that was convenient for the witness and her attorney. Through counsel, Ms. Cardenas Caicedo requested that the parties conduct her deposition in Philadelphia, where she currently resides. FAC ¶¶ 21, 392 (SAC ¶¶ 21, 434). None of the attorneys in the case practices in that city, but for the convenience of the witness, Cultural Care agreed to a deposition in Philadelphia at 9:00 a.m. on August 16, 2016. Cultural Care issued a Notice of Deposition (Ex. 1) on August 1, 2016.

---

[2] On August 15, 2015, Plaintiffs moved for leave to file a Second Amended Complaint (ECF No. 329) that makes similar allegations concerning Ms. Cardenas Caicedo. See ECF No. 329-1, ¶¶ 21, 434-449, 523, 530, 535, 557, and 558.

[3] This deadline was extended to September 15, 2016 during the telephonic hearing before the Magistrate Judge on August 19, 2016.

2010621530_1

Counsel then set about preparing for the deposition, including conducting a review of the allegations in the complaint, of the declaration filed by Ms. Cardenas Caicedo in support of Plaintiffs' Conditional Certification Motion, of interrogatory responses, and eventually, of more than 400 pages of documents that Ms. Cardenas Caicedo produced by email at 7:11 PM the evening before the deposition. Declaration of Justin J. Wolosz ("Wolosz Decl.") ¶¶ 6-7. Two attorneys for Cultural Care flew from Boston to Philadelphia the day before the deposition, staying overnight in a hotel, and appeared at the designated time for the deposition. Wolosz Decl. ¶ 8. The court reporter and videographer were in attendance as well. Wolosz Decl. ¶ 9. Attorneys from eight other law firms representing other Sponsors appeared telephonically. Ex. 3.

When the 9:00 a.m. start time for the deposition arrived, neither the witness nor her attorney appeared, even though they had not called or emailed counsel for Cultural Care to advise that they would be late or absent. After waiting half an hour past the designated start time, counsel for Cultural Care emailed Plaintiffs' counsel and inquired as to the status. Ex. 2. Plaintiffs' counsel replied ten minutes later, saying that she was in the building and would "be there in a moment." *Id.*

At approximately 9:45 a.m., forty-five minutes after the deposition was noticed to commence, Plaintiffs' counsel arrived alone. The parties went on the record and memorialized Ms. Cardenas Caicedo's absence. Ex. 3, 5:1-13; 19-21. Counsel for Plaintiffs would not explain the witness's failure to appear other than to state: "Plaintiffs aren't prepared to move forward with the deposition today." Ex. 3, 5:14-16. Even in response to a direct question, Plaintiffs' counsel refused to provide any further

5

information regarding Ms. Cardenas Caicedo's absence. Ex. 3, 6:9-12, 7:2-5. Plaintiffs' counsel was likewise given the opportunity to explain Ms. Cardenas Caicedo's absence during the conference with Magistrate Judge Tafoya on August 19, 2016, but did not do so. As of the filing of this motion, Plaintiffs have offered no explanation for Ms. Cardenas Caicedo's absence, leaving open the very real possibility that the explanation bears adversely on her suitability to serve as a representative of the putative class.

## ARGUMENT

Ms. Cardenas Caicedo purports to be pursuing claims on her own behalf and on behalf of a putative class, yet she failed to appear at her own deposition to answer questions about those claims. She has offered no explanation, much less a sufficient one, for her actions, and should be subject to the resulting sanctions provided in Fed. R. Civ. P. 37.

### I. The Court Should Sanction Ms. Cardenas Caicedo for her Unexcused Failure to Appear by Prohibiting Her from Pursuing Her Claims.

Having failed to comply with one of the basic requirements of bringing a lawsuit – attending her deposition – Ms. Cardenas Caicedo should not be allowed to proceed with her claims. Rule 37(d)(3) expressly contemplates such a sanction, stating that when a party fails to appear for her own deposition, the Court on motion may issue an order that "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d)(3). Those provisions include prohibiting a plaintiff from supporting her claims (Rule 37(b)(2)(A)(ii)), striking allegations in the complaint (Rule 37(b)(2)(A)(iii)), and dismissing the action (Rule 37(b)(2)(A)(v)).

6

2010621530_1

Imposing such a sanction would be fair and appropriate in these circumstances. If Ms. Cardenas Caicedo is unwilling to comply with her obligations as a Plaintiff and participate in the litigation, she should not be permitted to continue pursuing her claims against Cultural Care, particularly as the representative of a putative class. She has advanced serious allegations against Cultural Care in the First Amended Complaint, in her interrogatory responses, and in the declaration that Plaintiffs are using in an attempt to have their case conditionally certified as a collective action. Cultural Care has a right to test her contentions, challenge the proposed class, and challenge Ms. Cardenas Caicedo's ability to serve as a class representative. It would be extremely unfair for her to be permitted to obstruct that right and stifle her adversary's attempt to prepare its defense simply by not showing up.

Rules 37(b)(2)(A)(ii) and (iii) allow the Court, in these circumstances, to prohibit Ms. Cardenas Caicedo from supporting her claims, and to strike her allegations and claims from the First Amended Complaint. *See, e.g., Danjanovich v. Robbins*, No. 2:04–CV–623, 2006 WL 1348204, at *1 (D. Utah May 15, 2006) (precluding testimony by defendant under Rule 37(b)(2) for failure to appear at depositions); *W. Reserve Oil & Gas Co. v. Key Oil, Inc.*, 626 F. Supp. 948, 949-50 (S.D. W. Va. 1986) ("Exclusion of testimony [by principal of plaintiff under Rule 37(b)(2)(A)(ii)] is particularly appropriate where the wrong pertains to a failure to allow a deposition to take place."); *Hare v. Gov't Emp. Ins. Co.*, 132 F.R.D. 448, 451 (E.D. Tex. 1990) (striking plaintiffs' complaint under Rule 37(b)(2) for failure to appear at their depositions). Such a result would be fitting since Ms. Cardenas Caicedo's failure to attend her deposition and answer questions

about her allegations has left Cultural Care at a serious disadvantage in trying to respond to her allegations in connection with the Conditional Certification Motion and defend against the litigation more broadly. *Carbajal v. Warner*, No. 10–cv–02862, 2014 WL 1257058, at *3 (D. Colo. Mar. 27, 2014) (finding prejudice where plaintiff failed to attend his deposition and his "testimony . . . constitutes a crucial part of the evidence" because, among other things, defendants were deprived of the ability "to develop further their defenses").[4]

Alternatively, Rule 37(b)(2)(A)(v) allows the Court to dismiss the claims brought by Ms. Cardenas Caicedo. In this circuit, a dismissal *with prejudice* for a discovery violation is determined by balancing the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Those factors include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the Court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* (quotations omitted).

Application of this test leads easily to the conclusion that Ms. Cardenas Caicedo's case should be dismissed. As explained above, Defendants are prejudiced by her failure to attend her deposition, as they are prevented from collecting evidence to oppose the Conditional Certification Motion and potential class representation, and from testing the factual allegations that Ms. Cardenas Caicedo has advanced. *See id.* (first

---

[4] *Carbajal* suggests that at times, striking a pleading or prohibiting a plaintiff from supporting her claims is effectively the same thing as a dismissal, the appropriateness of which is analyzed under Rule 37(b)((2)(A)(v) (discussed *infra*). *Id.* at *5*.

factor). Moreover, while the litigation remains pending, the offensive, public allegations she has made in the lawsuit continue to tarnish Cultural Care's reputation. *Ehrenhaus*, 965 F.2d at 921; *see also Winsor v. Young*, No. 12–CV–35, 2013 WL 1090325, at *3 (D. Wyo. Mar. 15, 2013) (dismissing suit for failure to appear at depositions, noting that complaint's accusations are harmful to defendant's professional reputation).

Ms. Cardenas Caicedo's failure to attend her deposition also directly interferes with the judicial process. *See Ehrenhaus*, 965 F.2d at 921 (second factor); *Gomez v. Dillon Cos.*, No. 09–cv–00676, 2010 WL 1644610, at *3-5 (D. Col. Apr. 22, 2010) (finding plaintiff's "disregard of the court's rules concerning discovery" constituted interference with the judicial process and weighed heavily in favor of dismissal). Cultural Care was working diligently to conduct her deposition in time to respond to the Conditional Certification Motion on the initial schedule. Had the original deadline remained, Ms. Cardenas Caicedo's absence would have severely impacted the schedule. Her absence has also taken up time of counsel, and resulted in additional proceedings, such as the need to file this motion.

Ms. Cardenas Caicedo's failure to offer any explanation for her absence, despite having notice and having agreed to the date and chosen the geographic location, means that culpability rests squarely with her on the current record. *See Ehrenhaus*, 965 F.2d at 921 (third factor); *Gomez,* 2010 WL 1644610, at *3-5 (finding third *Ehrenhaus* factor satisfied where "[n]othing in the record indicates any reason for . . . non-compliance other tha[n] [plaintiff's] intentional decision to flout the rules applicable to this lawsuit"). At the same time, there is no lesser sanction that would be appropriate,

9

both because her failure to attend has already occurred, and because her lack of an explanation makes considering the feasibility of other sanctions impossible. *See Ehrenhaus*, 965 F.2d at 921 (fifth factor).

With respect to the fourth factor, although the Court has not previously warned Ms. Cardenas Caicedo that dismissal would be a consequence of failure to participate in discovery, such a warning is not a requirement since Cultural Care is seeking this sanction pursuant to Rule 37(d). *Compare* Fed. R. Civ. P. Rule 37(b) (allowing sanctions only after order compelling disclosure is disobeyed) *with* Fed. R. Civ. P. Rule 37(d) (allowing sanctions without a prior order from a court). Moreover, Ms. Cardenas Caicedo is represented by counsel and should have understood this potential consequence of her actions, particularly where counsel had been required to travel from another state and where both a court reporter and a videographer were standing by. In any event, given that the other *Ehrenhaus* factors favor dismissal, the absence of a prior explicit warning should not be enough to avoid it. *See Hafed v. Fed. Bureau of Prisons*, No. 07–cv–01499, 2009 WL 2424528, at *11 (D. Col. Aug. 5, 2009) ("'A district court should ordinarily consider and address all of the above factors before imposing dismissal as a sanction. However, often some of these factors will take on more importance than others.'") (quoting *Ehrenhaus*, 965 F.2d at 922).

Alternatively, if the Court is unwilling to dismiss Ms. Cardenas Caicedo's claims *with prejudice*, the Court should consider dismissal *without prejudice*. The *Ehrenhaus* factors do not control when a Court is considering a *without prejudice* dismissal. *See Robledo-Valdez v. Smelser*, 593 Fed. App'x 771, 775 (10th Cir. 2014) ("We note that,

2010621530_1

when the dismissal is without prejudice, as in this [Rule 41(b)] case, consideration of the Ehrenhaus factors is not required.");[5] *Lemke v. Banther*, No. CIV-08-06, 2009 U.S. Dist. LEXIS 95637, at *6 n.3 (W.D. Okla. Sept. 16, 2009) (calling application of factors "somewhat dubious" when seeking dismissal *without* prejudice) (Westlaw citation unavailable, Ex. 4). Such a dismissal instead rests with the discretion of the Court based on the circumstances and "without attention to any particular procedures". *Robledo-Valdez*, 593 Fed. App'x at 775 (quotations omitted) (affirming dismissal without prejudice). Here, a dismissal *without prejudice* is certainly justified.

Regardless of the particular method chosen, the immediate result the Court reaches should be the same. In light of her unexcused failure to attend her properly-noticed deposition, Ms. Cardenas Caicedo should not be permitted to proceed with her claims at this time.

## II. The Court Should Require Plaintiffs to Reimburse Cultural Care For Its Reasonable Costs and Attorneys' Fees in Preparing For and Attending the Deposition.

In addition to the substantive sanctions for Ms. Cardenas Caicedo's refusal to subject herself to questioning, the applicable rule requires the Court to impose monetary sanctions for her actions, absent substantial justification:

> [T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

---

[5] The *Ehrenhaus* factors are applied equally to Rule 37 and Rule 41(b) cases. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (seeing "no principled distinction between sanctions" under either rule).

11

2010621530_1

Here, Cultural Care's reasonable costs and fees incurred in connection with the deposition are outlined in the Wolosz Declaration, ¶¶ 3-15. They include attorneys' fees for preparation and attendance (*e.g.*, *Fields v. 7-Eleven Inc.*, No. 07–cv–00049, 2007 WL 2986164, at *2-3 (D. Col. Oct. 9, 2007)), travel expenses (*id.*), and court reporter and videographer fees (*e.g.*, *Dowling v. Xcel Energy*, No. 11–cv–03173, 2012 WL 4892977, at *2 (D. Col. Oct. 15, 2012)). Plaintiffs, their attorneys, or both should be required to reimburse Defendants for these expenses that flowed directly from her failure to appear. Fed. R. Civ. P. 37(d)(3); *see, e.g., Jones v. Trawick*, No. 98-6352, 1999 WL 273969, at *1-2 (10th Cir. May 5, 1999) (affirming order of fees and costs and dismissal where plaintiff could "not proffer any reasoned justification for his failure . . . to attend his scheduled deposition").

The amount that Defendants seek is reasonable. When assessing whether attorneys' fees are reasonable, the Tenth Circuit considers the "lodestar" amount to be presumptively reasonable. *Homeward Bound, Inc. v. Hissom Memorial Ctr.*, 963 F.2d 1352, 1355 (10th Cir. 1992); *Gomez v. Dillon Cos.*, No. 09–cv–00676, 2012 WL 695134, at *2-4 (D. Colo. Mar. 5, 2012) (ordering plaintiff to pay for extensive deposition preparation and over $11,000 in total attorneys' fees) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The lodestar amount is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Gomez*, 2012 WL 695134, at *3 (quotations omitted). As the Tenth Circuit has stated: "[t]he best evidence of the value of the lawyer's services is what the client agreed to pay." *Centennial*

*Archaeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (*citing Assessment Techs. of WI, LLC v. Wiredata, Inc.*, 361 F.3d 434, 438 (7th Cir. 2004)).[6]

The time spent preparing was reasonable, particularly given the necessity of probing the differences among the named plaintiffs and those they seek to represent in order to determine whether the putative class should be permitted to proceed collectively. Moreover, in addition to the expected preparation, Ms. Cardenas Caicedo produced over 400 pages of documents to Cultural Care the night before her deposition when counsel were already in Philadelphia, requiring a last-minute review and early morning time at the hotel service center printing copies for use at the deposition. Wolosz Decl. ¶ 7; *see Gomez*, 2012 WL 695134, at *2-4 (noting production of 740 pages concerning facts and allegations in complaint contributed to extensive deposition preparation). In light of these circumstances, the close to an hour spent on scheduling and logistics, more than seven hours spent traveling, over forty-seven hours spent preparing for, and three hours attending to or addressing the aborted deposition itself are reasonable. *Id.* at *2-4 (awarding fees for extensive hours of preparation plus deposition time).

### III. The Court Should Require Plaintiffs to Reimburse Cultural Care for the Cost of Bringing This Motion.

Finally, pursuant to Rule 37(d)(3), the Court should also order Plaintiffs and/or their counsel to reimburse Cultural Care for the costs and attorneys' fees required to

---

[6] Notwithstanding the *Centennial Archaeology* and *Assessment Techs of WI* holdings, for purposes of this motion Cultural Care is requesting sanctions adjusted to Denver-area rates for attorneys of comparable seniority to Cultural Care's Boston-based attorneys. Boston rates would be materially higher.

prepare and prosecute this motion. A declaration pertaining to same will be provided upon direction of the Court.

## CONCLUSION

**WHEREFORE**, Moving Defendants pray that this Court: (1) prohibit Ms. Cardenas Caicedo from supporting her claims; strike FAC ¶¶ 21 and 392-407 (and SAC ¶¶ 21 and 434-449), strike references to Ms. Cardenas Caicedo in FAC ¶¶ 432, 437, 441, 461, and 462 (and SAC ¶¶ 523, 530, 535, 557, and 558), strike references to Ms. Cardenas Caicedo in Counts II-VII and VIII-X, strike the Declaration of Dayanna Paola Cardenas Caicedo submitted to the Court in support of Plaintiffs' Motion for Conditional Collective Action Certification; and dismiss Ms. Cardenas Caicedo from this action with prejudice; (2) order Plaintiffs and/or their attorneys to pay Defendants' reasonable expenses, including attorneys' fees, caused by Ms. Cardenas Caicedo's failure to appear; and (3) award Defendants attorneys' fees and costs attributable to this motion.

Dated: August 31, 2016.                    Respectfully submitted,

*s/ Diane R. Hazel*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 31, 2016, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Randall W. Jackson (rjackson@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Boies Schiller & Flexner, LLP
401 East Las Olas Boulevard
Suite 1200
Ft. Lauderdale, FL 33301


Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver
1535 High Street
Suite 300
Denver, CO 80218

*s/ Diane R. Hazel*
Diane R. Hazel

7715386

2010621530_1