# Exhibit 4

Positive
As of: August 22, 2016 5:35 PM EDT

# Lemke v. Banther

United States District Court for the Western District of Oklahoma

September 16, 2009, Decided; September 16, 2009, Filed

Case No. CIV-08-06-HE

**Reporter**
2009 U.S. Dist. LEXIS 95637

SETH PAUL LEMKE, Plaintiff, vs. DENNIS BANTHER, et al., Defendants.

**Subsequent History:** Adopted by, Motion granted by, Claim dismissed by, Dismissed without prejudice by *Lemke v. Banther, 2009 U.S. Dist. LEXIS 95639 (W.D. Okla., Oct. 14, 2009)*

**Prior History:** *Lemke v. Banther, 2009 U.S. Dist. LEXIS 52251 (W.D. Okla., June 17, 2009)*

## Core Terms

discovery, Recommendation, discovery request, fail to comply, fail to respond, dismissal without prejudice, amended complaint, undersigned, internal quotation marks, appropriate sanction, considers, sanctions, deadline, factors, cases

**Counsel:** [*1] Seth Lemke, Plaintiff, Pro se, Oklahoma City, OK.

For Dennis Banther, Sheriff, Kingfisher County, Yvonne Dow, Court Clerk, Kingfisher Co, Defendants: Andrew A Artus, Collins Zorn Jones & Wagner PC, Oklahoma City, OK; Jamison C Whitson, Collins Zorn & Wagner PC, Oklahoma City, OK.

**Judges:** DOYLE W. ARGO, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** DOYLE W. ARGO

## Opinion

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to *42 U.S.C. § 1983*, alleging a violation of his constitutional rights. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with *28 U.S.C. § 636(b)(1)(B)*. Defendant Yvonne Dow has filed a Motion to Dismiss for Plaintiff's Failure to Cooperate in Discovery and Brief in Support ("Motion"). [Doc. 45]. [1] Although Plaintiff has failed to respond to the Defendant's motion, the time for doing so has now passed and thus the motion is at issue. See Local Civil R. 7.1(g). For the following reasons, it is recommended that the Defendant's motion be granted, and Plaintiff's claims against the Defendant Dow be dismissed without prejudice.

### I. Background

Plaintiff contends that the Defendant Dow, who is the court clerk for Kingfisher County, violated his constitutional right to privacy by printing his social security number and address on court documents. Plaintiff claims that the Defendant's printing of such information on court documents has exposed him to the possibility of identity theft because "[t]his information cannot be kept from being disclosed to other inmates in the close confines of this county jail." Amended Complaint, p. 3. [Doc. No. 12].

Defendant Dow seeks dismissal of this case due to Plaintiff's failure to cooperate in discovery. Defendant's Motion, p. 1 [Doc. No. 45]. She notes that she sent interrogatories and requests for the production of documents ("discovery requests") by certified mail to Plaintiff's address of record, where one Jessica Blanchard signed for the delivery. Id. On April 21, 2009, the Defendant sent another copy of her discovery requests to Plaintiff by certified mail and requested that Plaintiff respond to her discovery requests within fifteen days. Id. at p. 2. This correspondence was sent to

---

[1] The Defendant Sheriff Dennis Banther has been previously [*2] dismissed from this lawsuit, leaving only Defendant Dow as a defendant.

Plaintiff's address [*3] of record and to the correctional facility at which Plaintiff currently resides. Id. Defendant alleges that Plaintiff received the correspondence and discovery requests on or about April 22, 2009. Id. Plaintiff failed to respond to the Defendant's discovery requests, so on May 19, 2009, the Defendant filed a motion to compel in which she asked the Court for an order compelling Plaintiff to respond to her discovery requests. Id. Plaintiff failed to respond to the Defendant's motion to compel, and on June 12, 2009, the Court ordered Plaintiff to respond to the Defendant's discovery requests within twenty-one days from the date of that order. Id. The Defendant alleges that Plaintiff has failed to comply with the Court's order and he has not responded to her discovery requests. She notes that the Court has authority to dismiss Plaintiff's claims against her due to his failure to respond to her discovery requests, citing Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(1)(A)(ii) and 37(d)(3). As noted, the Plaintiff has not responded to the motion.

## II. Discussion

Fed. R. Civ. P. 37(b)(2)(A) states that the court where the action is pending may sanction a party for failing to comply with a court order [*4] compelling discovery. Appropriate sanctions for failing to comply with such an order include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed R. Civ. P. 37(b)(2)(A)(i)-(vii). [2]

### A. DISMISSAL AS AN APPROPRIATE SANCTION

### 1. Factors For Analysis

A district court has discretion in deciding which sanction is appropriate under Rule 37(b)(2). However, "that discretion is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." Proctor & Gamble Co. v. Haugen, 427 F.3d 727, 738 (10th Cir. 2005) (internal quotation marks omitted). Dismissal with prejudice is an extreme sanction and is only appropriate "in cases involving willfulness, bad faith, or [some] fault on the part of the party to be sanctioned." Id. (alteration in the original) (internal quotation marks omitted). In deciding whether dismissal is an appropriate sanction, the district court must consider the following factors: "(1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective." LaFleur v. Teen Help, 342 F.3d 1145, 1151 (10th Cir. 2003). [*6] [3] These factors are not exhaustive and are

---

[2] As noted, Defendant also cites Fed. R. Civ. P. 37(d)(1)(A)(ii) and 37(d)(3) in support of her motion. Fed. R. Civ. P. 37(d) incorporates by reference the sanctions set forth in Fed. R. Civ. P. 37(b). As both subsections (b) and (d) employ the same procedure for determining whether dismissal is an appropriate sanction, the Court need not separately consider whether dismissal of Plaintiff's [*5] claims against the Defendant is appropriate under subsection (d).

[3] It should be noted that Proctor & Gamble, LaFleur, and the other cases cited in this Report and Recommendation involved dismissals *with* prejudice while this case involves a dismissal *without* prejudice. Therefore, the applicability of the five factors listed above is somewhat dubious. See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1143 n.10 (10th Cir. 2007) (stating that no particular procedures apply to a dismissal without prejudice under Rule 41(b) and that only a dismissal with prejudice triggers analysis of the five factors listed above). Nevertheless, since Plaintiff has failed to provide any dates regarding when his claims against the Defendant arose, it is impossible to determine if the statute of limitations has run on Plaintiff's claims. For this reason, [*7] the Court will conduct an analysis of the five factors listed above. See AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assocs., 552 F.3d 1233, 1236 (10th Cir. 2009) ("a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired").

not necessarily of equal weight. *Proctor & Gamble, 427 F.3d at 738*. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." Id. (internal quotation marks omitted). An analysis of the five factors listed above shows that dismissal is appropriate in this case.

## 2. Application of Factors

The first factor considers the degree to which Plaintiff's failure to comply with the Court's order compelling discovery prejudiced the Defendant. Plaintiff's Amended Complaint contains scant details regarding Plaintiff's claims against the Defendant. It does not state when the conduct forming the basis of Plaintiff's action occurred or whether, as a result of the Defendant's conduct, Plaintiff became a victim of identity theft. In response, the Defendant sent Plaintiff discovery requests which, among other things, were designed to provide insight into the merits of Plaintiff's claims against her. [*See, e.g.,* Doc. 40 at Ex. 1 Interrog. Nos. 2, 4, 5, 6; Ex. 2 Req. Nos. 1, 3, 4] Without this information or more specific information related to Plaintiff's claims, it would be difficult for the Defendant to defend herself against Plaintiff's claims. See *Ellsworth v. Gibson, No. 05-7047 164 Fed. App'x 782, 784 (10th Cir. Jan. 26, 2006)* [*8] (court did not abuse its discretion in dismissing a prisoner's case when the court found, among other things, that the prisoner's failure to provide adequate discovery responses "meant that defendants were unable to proceed with their defense"). [4] Therefore, Plaintiff's failure to comply with this Court's order compelling discovery substantially prejudiced the Defendant.

The second factor considers the degree to which Plaintiff's failure to comply with the Court's order compelling discovery interfered with the judicial process. On May 5, 2009, the Court issued an order setting the discovery deadline at August 17, 2009, and the deadline to file dispositive motions at September 4, 2009. [Doc. 37] Due mainly to Plaintiff's failure to meet certain deadlines and his failure to respond to the Defendant's discovery requests, the Court reset the discovery deadline to October 16, 2009, and the deadline to file dispositive motions to November 3, 2009. [Doc. 42] Therefore, Plaintiff's failure to respond to the Defendant's discovery responses interfered with and [*9] is continuing to interfere with the Court's ability to efficiently manage its docket. If the Defendant is not able to conduct discovery she probably will not be able to file a dispositive motion as she apparently anticipates or be able to get this matter prepared for trial. This case has been on file with this Court for over twenty months and it appears the case is no closer to trial than it was when filed.

The third factor considers Plaintiff's culpability in failing to comply with the Court's order compelling discovery. As Plaintiff failed to file a response to the motion at issue here, the undersigned is unable to ascertain any other reason for Plaintiff's failure to comply with the Court's order compelling discovery other than Plaintiff willfully intended to disobey that order. See *Schroeder v. Southwest Airlines, No. 04-6194, 129 Fed. App'x 481, 484 (10th Cir. April 28, 2005)* ("Willful failure means 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'"), quoting *M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872-73 (10th Cir. 1987)*.

The fourth factor considers whether the Court warned Plaintiff in advance that failure [*10] to comply with the Court's order compelling discovery could result in dismissal of Plaintiff's claims against the Defendant. In its order compelling discovery, the Court admonished Plaintiff "that his continued failure to cooperate in discovery may result in the imposition of sanctions, including dismissal of his claims." Order, p. 2 [Doc. 43] Therefore, Plaintiff knew he was risking dismissal of his claims against the Defendant if he failed to comply with the Court's order compelling discovery.

The final factor considers whether a lesser sanction would be effective in deterring Plaintiff from further misconduct. As stated above, dismissal is a severe sanction and "should be imposed only if a lesser sanction would not serve the ends of justice." *LaFleur, 342 F.3d at 1151* (internal quotation marks omitted). "In many cases, a lesser sanction will deter the errant party from further misconduct." *Proctor & Gamble, 427 F.3d at 738* (internal quotation marks omitted). However, in this case, the undersigned finds that any sanction other than dismissal will not serve to deter Plaintiff from future misconduct. Since filing his amended complaint on February 7, 2008, Plaintiff has failed to prosecute [*11] this case. On April 3, 2008, the Defendants Banther and Dow filed separate motions to dismiss. [Doc. Nos. 18, 19]. The Plaintiff failed to respond to the motions and on July 28, 2008, the undersigned entered a Report and Recommendation, recommending that the

---

[4] This and any other unpublished dispositions are cited pursuant to **Federal Rule of Appellate Procedure 32.1** and **Tenth Circuit Rule 32.1**.

Defendant Dow's motion be denied but that the Defendant Banther's motion be granted unless Plaintiff filed an amended complaint within twenty days of any order adopting the Report and Recommendation. [Doc. No. 24]. Judge Heaton adopted the Report and Recommendation on January 13, 2009, and he gave Plaintiff until February 2, 2009 to file an amended complaint against the Defendant Banther. [Doc. No. 29]. Since Plaintiff did not file an amended complaint or seek an extension of time to do so, the undersigned entered another Report and Recommendation on February 20, 2009, recommending that Plaintiff's claims against the Defendant Banther be dismissed. [Doc. No. 32]. Judge Heaton adopted that Report and Recommendation on June 17, 2009. [Doc. No. 44]. Plaintiff also failed to respond to Defendant Dow's motion to compel and to the motion at issue here. Additionally, given Plaintiff's in forma pauperis status, monetary sanctions would [*12] be meaningless. *Smith v. McKune, No. 08-3253, 345 Fed. Appx. 317, 2009 U.S. App. LEXIS 18299, 2009 WL 2480774, at \*2 (10th Cir. Aug. 14, 2009)*. Finally, failure to dismiss Plaintiff's claims against the Defendant would encourage Plaintiff and other litigants to flout the Court's future orders. See *Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)* (per curiam) ("But here, as in other areas of law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."). Accordingly, it is recommended that Plaintiff's claims against the Defendant Dow be dismissed without prejudice.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendant Yvonne Dow's Motion to Dismiss for Plaintiff's Failure to Cooperate in Discovery and Brief in Support [Doc. No. 45] be **GRANTED,** and Plaintiff's claims against her be dismissed without prejudice. *Fed. R. Civ. P. 37(b)(2)(A)(v)*.

The parties are advised of their right to file an objection to this Report and Recommendation with [*13] the Clerk of this Court by October 6, 2009, in accordance with *28 U.S.C. § 636* and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States, 950 F.2d 656 (10th Cir. 1991)*. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 16th day of September, 2009.**

/s/ Doyle W. Argo

**DOYLE W. ARGO**

**UNITED STATES MAGISTRATE JUDGE**

**End of Document**