IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

_____

**DECLARATION OF JUSTIN J. WOLOSZ IN SUPPORT OF MOTION OF DEFENDANT CULTURAL CARE, INC. FOR SANCTIONS PURSUANT TO RULE 37(d)**
_____

I, Justin J. Wolosz, hereby declare as follows:

1. I am an attorney at Choate, Hall & Stewart LLP ("Choate"), counsel for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair ("Cultural Care") in *Beltran, et al. v. Interexchange, Inc., et al.*, U.S. District Court for the District of Colorado, Civil Action No. 1:14-cv-03074-CMA-KMT. I make this declaration in support of the Motion of Defendant Cultural Care, Inc. for Sanctions Pursuant to Rule 37(d).

2. I am a member of the bar of the United States District Court for the District of Colorado. I am also a member of the bar of the United States Court of Appeals for the First Circuit, the United States Court of Appeals for the Ninth Circuit, the United States Tax Court, the United States Court of Federal Claims, the United States District Court for the District of Massachusetts, and the Commonwealth of Massachusetts.

3. I make the following statements based upon my personal knowledge or upon the analysis of my firm's records by lawyers of my firm acting under my supervision.

4. I oversaw preparation by Cultural Care attorneys for the deposition of Dayanna Paola Cardenas Caicedo. Had the deposition gone forward, I would have been questioning Ms. Cardenas Ciacedo at the deposition.

5. Lyndsey Kruzer, an associate at my firm, actively assisted me in the preparation for the deposition, and prepared to assist me during the deposition as well. Other Choate attorneys also contributed to our preparation.

6. As part of our deposition preparation, we reviewed the allegations in the complaint, the declaration filed by Ms. Cardenas Caicedo in support of Plaintiffs' Conditional Certification Motion, and interrogatory responses. We reviewed, selected, and prepared exhibits from discovery produced by plaintiffs and from our client's own records. We prepared a detailed outline covering all of the relevant information we intended to cover in the deposition.

7. We also reviewed more than 400 pages of documents that Ms. Cardenas Caicedo produced by email at 7:11PM the evening before the deposition. We spent time in the early morning the day of the deposition at the hotel service center printing copies to use at the deposition.

8. Attorney Kruzer and I flew from Boston to Philadelphia the day before the deposition, staying overnight in a hotel, and appeared at the designated time for the

deposition. Coach airfare costs totaled $1,145.45;[1] hotel costs totaled $498.80; and non-air travel costs totaled $238.72. Receipts for these travel costs (airfare, hotel, and non-air travel) incurred by Cultural Care, to the extent they are available as of the date of this filing, are attached hereto as <u>Exhibit A</u>. They total $1,882.97.

9. Cultural Care secured the services of a stenographer and a videographer for the deposition, who each appeared at the deposition, at a cost of $243.57 and $400 respectively. Receipts for these costs incurred by Cultural Care are attached hereto as <u>Exhibit B</u>.

10. In total, Choate attorneys spent 58.6 hours preparing for and attending Ms. Cardenas Caicedo's deposition.

11. Choate sets its billing rates to be competitive with rates charged by other major law firms that are located in Boston, Massachusetts. For purposes of this fee application, Choate has adjusted its normal rates down, below the rates it charged to Cultural Care for the work described herein, so that the fee request is based upon rates comparable to Denver-area rates for attorneys of similar seniority.

12. Attached hereto as <u>Exhibit C</u> is a summary of attorneys' fees for Choate's legal services in connection with the activities and efforts described herein. Again, the fees have been adjusted to reflect the reduced rates described in paragraph 11.

13. The summary includes only the efforts and fees sought in connection with this motion. An attorney's efforts on unrelated matters for a given day are not included.

---

[1] The attached airfare receipts show an erroneous duplicate charge of $75.00. This amount has been deducted from the total airfare costs sought herein.

7719755

Certain of the descriptions have been redacted or edited in order to maintain the attorney-client privilege and privilege under the work product doctrine.

14. I have reviewed all of the time entries on the attached summary. The time spent and fees incurred in connection with Cultural Care's efforts concerning Ms. Cardenas Caicedo's scheduled deposition were, in my judgment, necessary to properly represent our client.

15. Taking into account the reduction in rate amount described above, Cultural Care seeks reimbursement of $28,469.04 for attorneys' fees and costs related to Ms. Cardenas Caicedo's deposition.

16. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 31st day of August 2016.

Justin J. Wolosz