# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN, et al.

Plaintiffs,

v.

INTEREXCHANGE, INC., et al.

Defendants.

## DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant American Institute for Foreign Study, d/b/a Au Pair in America (AIFS), by and though undersigned counsel, moves this Court to compel Plaintiff Lusapho Hlatshaneni to fully answer Defendant's requests for production.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1A

By signature below, undersigned counsel certifies having attempted to confer in good faith with opposing counsel regarding this motion by sending a detailed email and by requesting a telephone conference.  Plaintiff did not call or answer a call on the afternoon she indicated she would be available to confer.  See Exhibit A.  Plaintiff's counsel has not responded to the message counsel left that day.  Plaintiff Lusapho Hlatshaneni's deposition is scheduled for September 7, 2016

FPDOCS 32171173.1

The disputed requests and responses made on August 9, 2016 are set forth below.  Plaintiff made some documents available on August 15 but without referencing to which request (or interrogatory) they were responsive.

*RFP 1.  All documents reflecting, referring, or relating to communications and all documents identified in response to any interrogatory served by any Defendant.*

*RESPONSE:  Hlatshaneni objects to this request on the grounds that the phrase "all documents or communications identified" is not described with sufficient particularity and it is unclear whether it is intended to encompass all documents relating to or supporting Hlatshaneni's interrogatory responses or is limited to documents that Hlatshaneni specifically described in her Responses.  Subject to the foregoing objection, Hlatshaneni states that she will conduct a reasonable search for documents specifically described by her in her interrogatory responses and produce the resulting responsive, non-privileged documents.*

Plainly, the request seeks not only documents identified in response to interrogatories but also documents reflecting communications identified in response to interrogatories.  Plaintiff has chosen to disregard half of the request.

*RFP 5.  All documents reflecting, referring, or relating to communications between you, or any attorney or other representative acting on your behalf, and the United States Department of State, the United States Department of Labor, any state attorneys general or any foreign government agency relating to the Au Pair Program or your placement as an au pair.*

*RESPONSE:  Hlatshaneni objects to this request on the grounds that the phrase "reflecting, referring, or relating to communications" is vague and overbroad. Hlatshaneni further objects to this request because as phrased, this request purports to demand attorney-work product created during the course of litigation and attorney-client communications that have occurred or will occur during the course of litigation.  As stated above in her Preliminary Statement, Hlatshaneni does not agree to search for or log attorney-work product created during the course of litigation or attorney-client communications that have occurred or will occur during the course of this litigation. Subject to the foregoing objections, Hlatshaneni states that she will conduct a reasonable search for all documents constituting communications by her, or by her attorneys or representatives, with the United States Department of State, the United States Department of Labor, any state attorneys general, or any foreign government*

2

*agency, relating to the Au Pair Program and/or her position as an au pair. Hlatshaneni will produce the resulting responsive, non-privileged documents, if any.*

The objected-to phrase "reflecting, referring or relating to communications" is not vague or overbroad as it is limited to communications between Ms. Hlatshaneni and her representatives and specific agencies on a specific subject. *See Waters v. Union Pacific Railroad Co.*, No. 15-1287-EFM-KGG, 2016 WL 3405173 (D. Kan. June 21, 2016). Providing documents *constituting* communications is not a complete response to this request.

*RFP 8.  All documents reflecting or documenting the hours you provided services as an au pair during your placement with your Host Families.*

*RESPONSE:  Hlatshaneni objects to this request because it seeks documents that are not in her possession, custody or control and are the possession, custody, and are in the possession, custody, and control of Go Au Pair and/or her host family.  Subject to the foregoing objections, Hlatshaneni will conduct a reasonable search for documents documenting the hours that she provided childcare services as an au pair during her placement with her Host Family and will produce all resulting responsive, non-privileged documents, if any.*

Ms. Hlatshaneni's response apparently was copied from another plaintiff's responses to discovery as it refers to GoAuPair and speaks of a host family (singular) when she had two host families when with AIFS.

*RFP 9.  All documents related to payments and nonmonetary benefits offered or received as an au pair, including but not limited to, documents evidencing payments of any kind you were offered or received for your services as an au pair, including without limitation gifts, spending money, and bonuses, and communications between you and your Host Families, Sponsors, or other au pairs regarding payments and nonmonetary benefits offered or received.*

*RESPONSE:  Hlatshaneni objects to this request on the grounds that a request for all documents "related to payments and nonmonetary benefits offered or received" is overbroad because it seeks documents unrelated to Hlatshaneni's participation in the*

3

*Au Pair Program that are not relevant to any party's claim or defense and not proportional to the needs of the case. Hlatshaneni further objects on the grounds that the Request asks her to speculate as to the reason she was "offered" each of the "payments or non-monetary benefits," which would include gifts. Hlatshaneni further objects to this request because as phrased, this request purports to demand attorney-work product created during the course of litigation and attorney-client communications that have occurred or will occur during the course of litigation. As stated above in her Preliminary Statement, Hlatshaneni does not agree to search for or log attorney-work product created during the course of litigation or attorney-client communications that have occurred or will occur during the course of this litigation. Subject to the foregoing objections, Hlatshaneni agrees to conduct a reasonable search for documents showing monetary payments that she received from her Host Family or from any Sponsor and produce the resulting responsive, non-privileged documents, if any. As to the request for documents concerning nonmonetary benefits, Hlatshaneni objects to this Request on the ground that it seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.*

In response to the objection that the request seeks documents unrelated to Ms. Hlatshaneni's participation in the program, it should be noted that the request specifically states "for your services as an au pair." Regarding the objections that the request for nonmonetary benefits is not proportional to the needs of the case, Ms. Hlatshaneni put the matter of nonmonetary benefits in issue by challenging the credit taken for room and board.

*RFP 12. All of your tax returns or other tax-related filings, including attachments, from two years before your entered the Au Pair Program to the present.*

*RESPONSE: Hlatshaneni objects to this Request on the ground that it seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.*

The objection that the requested tax returns and filings are not proportional to needs of the case and not relevant is not well-founded. *See, e.g., Maddow v. Proctor & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997). Ms. Hlatshaneni complains in this

4

lawsuit about the payments she received from her host family and alleges she is due additional amounts. The amounts she received are thus highly relevant to her claims. AIFS does not possess information regarding what the host families actually paid to her. Her tax records of payments received should provide a reliable record of those amounts.

*RFP 14. All documents related to your allegations that the Sponsors entered into an agreement or conspiracy to fix the wages paid to au pairs, including all documents constituting, creating, amending or relating to each alleged agreement.*

*RESPONSE: Hlatshaneni objects to this request because as phrased, this request purports to demand attorney-work product created during the course of litigation and attorney-client communications that have occurred or will occur during the course of litigation. As stated above in her Preliminary Statement, Hlatshaneni does not agree to search for or log attorney-work product created during the course of litigation or attorney-client communications that have occurred or will occur during the course of this litigation. Hlatshaneni further objects to this request on the grounds that it seeks documents already in the possession, custody, or control of the defendants. Subject to the foregoing objections, Hlatshaneni agrees to conduct a reasonable search for documents and produce the resulting, non-privileged responsive documents.*

*RFP 25. All documents related to meetings or communications between Sponsors, including but not limited to, events, seminars, programs or other meetings of members of the Alliance for International Education and Cultural Exchange and/or the International Au Pair Association.*

*RESPONSE: Hlatshaneni objects to this request because as phrased, this request purports to demand attorney-work product created during the course of litigation and attorney-client communications that have occurred or will occur during the course of litigation. As stated above in her Preliminary Statement, Hlatshaneni does not agree to search for or log attorney-work product created during the course of litigation or attorney-client communications that have occurred or will occur during the course of this litigation. Hlatshaneni further objects to this request to the extent it purports to require Hlatshaneni to produce documents produced to Plaintiffs by Defendants or documents publicly available, which Hlatshaneni does not agree to do, as indicated above in her Preliminary Statement. Subject to the foregoing objections, Hlatshaneni agrees to conduct a reasonable search for responsive documents and produce the resulting, non-privileged responsive documents.*

*RFP 30.  All documents, correspondence or communications received from any Sponsor which you believe suggest or admit any fault, wrongdoing, or legal respon¬sibility for the damages you claim in this case.*

*RESPONSE:  Hlatshaneni objects to this request to the extent it purports to require Hlatshaneni to produce documents produced to Plaintiffs by Defendants or documents publicly available, which Hlatshaneni does not agree to do, as indicated above in her Preliminary Statement.  Subject to the foregoing objection, Hlatshaneni states that she will conduct reasonable search for communications received from Sponsors and produce the resulting responsive, non-privileged documents.*

The responses to RFPs 14, 25 and 30 that these requests purport to require Ms. Hlatshaneni to produce documents already in AIFS's possession or documents publicly available are not well founded.  What Ms. Hlatshaneni "believes" is neither a matter of public record nor in AIFS's possession.  Further, there is no requirement that information be unavailable to the public in order to be discoverable.  *See Phillips v. Hanover Insurance Co.*, CIV-14-871-R, 2015 WL 1781873 (W.D. Okla. Apr. 20, 2015) and cases cited therein at n.1*.  See also, e.g., Carbajal v. Warner*, Civil Action 10-cv-02862-REB-KLM, 2013 WL 1129429 (D. Colo. Mar. 18, 2013) (whether documents are available in public records or already in the requesting party's possession is irrelevant).  A party is required to produce documents that she has in her possession, control or custody regardless of whether she believes opposing party already has those documents.  *Walt Disney Co v. DeFabiis*, 168 F.R.D. 281 (C.D. Cal. 1996).  Ms. Hlatshaneni is required to produce documents in her "possession, custody, or control."  Fed.R.Civ.P. 34(a)(1).

*RFP 18.  All documents related to the compensation that you claim au pairs are entitled to be paid.*

*RESPONSE:  Hlatshaneni objects to this request on the grounds that it is vague and to the extent it mischaracterized Hlatshaneni's contentions in this action, as Hlatshaneni has not claimed that au pairs are entitled to a single uniform stipend.  Hlatshaneni further objects to this request because as phrased, this request purports to demand attorney-work product created during the course of litigation and attorney-client communications that have occurred or will occur during the course of litigation.  As stated above in her Preliminary Statement, Hlatshaneni does not agree to search for or log attorney-work product created during the course of litigation or attorney-client communications that have occurred or will occur during the course of this litigation.*

The request cannot be said to mischaracterize Ms. Hlatshaneni's contentions when it simply asks for documents related to whatever compensation she claims au pairs were entitled to be paid.  Ms. Hlatshaneni claims the payments she received from her host families were deficient.  Asking her to produce any documents that show she was entitled to more than she received does not characterize her contentions – it seeks to discover them and what supports them.

*RFP 33.  All documents that support your claim for damages.*

*RESPONSE:  Hlatshaneni objects to this request on the grounds that it seeks information that is properly the subject of expert discovery.  Hlatshaneni further objects to this request because as phrased, this request purports to demand attorney-work product created during the course of litigation and attorney-client communications that have occurred or will occur during the course of litigation.  As stated above in her Preliminary Statement, Hlatshaneni does not agree to search for or log attorney-work product created during the course of litigation or attorney-client communications that have occurred or will occur during the course of this litigation.  Subject to the foregoing objections, Hlatshaneni agrees to conduct a reasonable search for responsive documents which she currently believes support her claim for damages and produce the resulting responsive, non-privileged documents.  Hlatshaneni will supplement her production accordingly as discovery progresses consistent her obligations under the Federal Rules of Civil Procedure and any court orders imposing deadlines in this litigation, including those related to expert discovery.*

The statement that the request for documents that support Ms. Hlatshaneni's claim for damages is "properly the subject of expert discovery" is not a proper objection.

7

It is not for the responding party to decide what form of discovery the requesting party should utilize.  Ms. Hlatshaneni has not identified any expert discovery and is not required to do so until after the deadline for completing fact discovery, thus the objection inhibits the flow of discovery.  Ms. Hlatshaneni clearly possesses or claims to possess information relevant to her damages claims.  Ms. Hlatshaneni signed a declaration on July 19, 2016 (Exhibit B), outlining her allegations of hours worked and amounts paid by her and by her host families and asserting she was not paid for overtime hours or for hours actually worked, all of which is the essence of her damages claim.  Ms. Hlatshaneni is required to produce documents in her "possession, custody, or control" related to her damages claims.

*RFP 34.  All documents referenced or described in the Complaint, including but not limited to:*
  *a)     Documents relating to the writing described in paragraph 87;*
  *b)     The slide deck described in paragraph 88;*
  *c)     Notes, transcripts or other documents relating to the communications with Sponsors as described in paragraphs 90 through 94;*
  *d)     The publication described in paragraph 130; and*
  *e)     Documents relating to the statements described in paragraph 143.*

*RESPONSE:  Hlatshaneni objects to this request on the grounds that "all documents referenced or described" does not identify the requested documents or category of documents with sufficient particularity.  Subject to the foregoing objection, Hlatshaneni agrees to conduct a reasonable search for responsive documents and produce the resulting, non-privileged responsive documents.*

It is disingenuous for Ms. Hlatshaneni to object that the documents and communications she mentioned in her complaint, which are incorporated by reference in this request, are not identified with sufficient particularity for her to understand the request for production.

For the foregoing reasons, Defendant respectfully requests that this Court compel the production of the requested documents.

Respectfully submitted this 2nd day of September, 2016.

                                        <u>s/ *Susan M. Schaecher*</u>
                                        Susan M. Schaecher
                                        Lawrence L. Lee
                                        FISHER & PHILLIPS LLP
                                        1801 California Street, Suite 2700
                                        Denver, Colorado  80202
                                        303-218-3650
                                        sschaecher@laborlawyers.com
                                        llee@laborlawyers.com

## CERTIFICATE OF SERVICE

       I hereby certify that on this 2nd day of September, 2016, I electronically filed the foregoing Defendant American Institute for Foreign Study's Motion to Compel Production of Documents through the Court's ECF filing system which will serve the document to the following e-mail addresses:

Lauren Fleischer Louis
Sigrid S. McCawley
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL  33301
llouis@bsfllp.com
smccawley@bsfllp.com

Matthew L. Schwartz
Peter Skinner
Randall W. Jackson
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue, 7th Floor
New York, NY  10022
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Alexander Hood
Towards Justice
601 16th Street, Suite C #207
Golden, CO  80401
Email:  alex@towardsjustice.org

Kathryn A. Reilly
Grace A. Fox
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Email: reilly@wtotrial.com
Email: fox@wtotrial.com

Brian Alan Birenbach
Rietz Law Firm, LLC
P.O. Box 5268
114 Village Place, #301
Dillon, CO  80435
brian@rietzlawfirm.com

Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Email: chammond@duffordbrown.com

Lawrence D. Stone
Kathleen E. Craigmile
Nixon Shefrin Hensen Ogburn, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO  80111
lstone@nixonshefrin.com
kcraigmile@nixonshefrin.com

William J. Kelly III
Chandra Marie Feldkamp
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO  80202
Email:  wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com

James E. Hartley
Jonathan S. Bender
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email:  jhartley@hollandhart.com
Email:  jsbender@hollandhart.com

Joan A. Lukey
Robert M. Buchanan, Jr.
Lyndsey M. Kruzer
Michael T. Gass
Justin J. Wolosz
Choate Hall & Stewart LLP
Two International Place
Boston, MA  02110
rbuchanan@choate.com
joan.lukey@choate.com
lkruzer@choate.com
mgass@choate.com
jwolosz@choate.com

Bogdan Enica
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL  33701
Email:  Bogdan@expertaupair.com

Martha L. Fitzgerald
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Email:  mfitzgerald@bhfs.com
Email: dmeschke@bhfs.com

Adam A. Hubbard
Holland & Hart LLP
1800 Broadway Suite 300
Boulder, CO  80302
Email: aahubbard@hollandhart.com

Jessica L. Fuller
Diane Hazel
Lewis Roca Rothgerber Christie LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO  80202
jfuller@lrrc.com
dhazel@lrrc.com

Meshach Y. Rhoades
Martin Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO  80202
Email:  Rhoadesm@gtlaw.com
Email:  Estevaom@gtlaw.com

Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
Erica Lynn Herrera
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bcolaizzi@shermanhoward.com
Email:  hvickles@shermanhoward.com
Email:  rdeeny@shermanhoward.com
Email:  eherrera@shermanhoward.com

11

Thomas Baker Quinn
Peggy E. Kozal
John R. Mann
Gordon & Reese LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email:  jmann@gordonrees.com
Email:  pkozal@gordonrees.com
Email:  tquinn@gordonrees.com

Brian P. Maschler
Gordon & Rees, LLP-San Francisco
275 Battery Street, Suite 2000
San Francisco, CA  94579
bmaschler@gordonrees.com

*s/ Susan M. Schaecher*
Susan M. Schaecher
Lawrence Lee
For Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, Colorado  80202
303-218-3650
303-218-3651 facsimile
sschaecher@laborlawyers.com
llee@laborlawyers.com

12