# EXHIBIT A

# Defendant American Institute of Foreign Study's Motion to Compel Production of Documents

## Schaecher, Susan

| | |
|---|---|
| **From:** | Lauren Louis <llouis@bsfllp.com> |
| **Sent:** | Monday, August 29, 2016 9:34 AM |
| **To:** | Schaecher, Susan; Jonathan Bender |
| **Cc:** | Aneisha Christie; Sabria McElroy; Lee, Lawrence |
| **Subject:** | RE: Beltran/InterExchange - Crompton deposition |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Sue, I am not available today but can confer late on Tuesday.

Lauren F. Louis
Counsel
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd.
Ste. 1200
Fort Lauderdale, FL 33301
954-356-0011 (main)
954-356-0022 (fax)

**From:** Schaecher, Susan [mailto:sschaecher@fisherphillips.com]
**Sent:** Friday, August 26, 2016 4:28 PM
**To:** Lauren Louis; Jonathan Bender
**Cc:** Aneisha Christie; Sabria McElroy; Lee, Lawrence
**Subject:** RE: Beltran/InterExchange - Crompton deposition

Thanks Lauren. We don't have an office in St. Louis.

Could you and I set a time next Monday or Tuesday to confer regarding Lusapho Hlatshaneni's discovery responses? I will be out of pocket the rest of next week. I'm available any time on Monday and after 10 a.m. MDT on Tuesday. I realize you will probably be at the depo on Tuesday, but maybe there will be some time late in the day.

**Susan Schaecher**
Attorney at Law

Fisher & Phillips LLP
1801 California Street | Suite 2700 | Denver, CO 80202
sschaecher@fisherphillips.com | O: (303) 218-3676

vCard | Bio | Website   *On the Front Lines of Workplace Law*[SM]

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

**From:** Lauren Louis [mailto:llouis@bsfllp.com]
**Sent:** Friday, August 26, 2016 1:56 PM
**To:** Jonathan Bender <JSBender@hollandhart.com>
**Cc:** Schaecher, Susan <sschaecher@fisherphillips.com>; Aneisha Christie <achristie@BSFLLP.com>; Sabria McElroy <smcelroy@BSFLLP.com>
**Subject:** RE: Beltran/InterExchange - Crompton deposition

1

**From:** Egan, Elisabeth
**Sent:** Tuesday, August 23, 2016 3:42 PM
**To:** llouis@bsfllp.com
**Cc:** Schaecher, Susan <sschaecher@fisherphillips.com>; Lee, Lawrence <llee@fisherphillips.com>
**Subject:** Beltran, et al. v. Interexchange, Inc., et al.

Ms. Louis,

Please see the attached correspondence.

Thank you.



**Elisabeth (Lisa) Egan**
**Legal Secretary**
Fisher & Phillips LLP
1801 California Street | Suite 2700 | Denver, CO 80202
eegan@fisherphillips.com | O: (303) 218-3673

Website      *On the Front Lines of Workplace Law*℠

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

1



fisherphillips.com

August 23, 2016

Denver
1801 California
Suite 2700
Denver, CO 80202

(303) 218-3650 Tel
(303) 218-3651 Fax

**Writer's Direct Dial:**
(303) 218-3650

**Writer's E-mail:**
llee@fisherphillips.com

Via Email to llouis@bsfllp.com

Lauren Louis

    Re:    *Lusapho Hlatshaneni's Responses to American Institute for Foreign Studies' Requests for Production*

Dear Lauren:

    We write to confer under Local Rule 7.1(a) regarding the objections raised in Plaintiff Lusapho Hlatshaneni's response to AIFS's requests for production of documents.

    RFP No. 1: You objected that the request for "communications and documents identified in response to interrogatories" was not clear. Please note that the request is stated in the conjunctive. Breaking it down, it seeks "all documents reflecting, referring or relating to communications ... identified in response to interrogatories" and "all documents reflecting, referring or relating to documents ... identified in response to interrogatories." Please apply the plain meanings of the terms "reflecting," "referring," and "relating." "All documents reflecting, referring or relating to communications ... identified in response to interrogatories" would include, for example, notes of a conversation identified in an interrogatory response. "All documents reflecting, referring or relating to documents ... identified in response to interrogatories" would include, for example, emails discussing a document identified in response to an interrogatory. If this is still unclear, please call us at 303.218.3650.

    RFP No. 5: You object that "the phrase 'reflecting, referring or relating to communications' is vague and overbroad." See discussion of RFP 1 above. Additionally, whether such terms are overbroad depends upon the overall request. They are overbroad or vague only when used with respect to a general category or broad range of documents. *Waters v. Union Pacific Railroad Co.*, No. 15-1287-EFM-KGG, 2016 WL 3405173 (D. Kan. June 21, 2016). Request No. 5 is limited to communications between Ms. Hlatshaneni and her representatives and specific agencies on a specific subject. Nothing about the request is confusing or requires guesswork to answer properly. Providing documents *constituting* communications is not a complete response to this request.

**Fisher & Phillips LLP**
Atlanta • Baltimore • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Portland • Sacramento • San Antonio • San Diego • San Francisco • Seattle • Tampa • Washington, DC

FPDOCS 32148909.1

Lauren Louis
Page 2
August 23, 2016

RFP No. 8: Ms. Hlatshaneni's response apparently was copied from another plaintiff's responses to discovery as it refers to GoAuPair and speaks of a host family (singular) when she had two host families. Please provide Ms. Hlatshaneni's response.

RFP No. 9: In response to your objection that the request seeks documents unrelated to Ms. Hlatshaneni's participation in the program, please note that the request specifically states "for your services as an au pair." Regarding your objections that the request for nonmonetary benefits is not proportional to the needs of the case, please recall that Ms. Hlatshaneni has put the issue of nonmonetary benefits in issue by challenging the credit taken for room and board.

RFP No. 12: The objection that the requested tax returns and filings are not proportional to needs of the case and not relevant is not well-founded. *See, e.g., Maddow v. Proctor & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997). Ms. Hlatshaneni complains about the payments she received from her host family and alleges she is due additional amounts. The amounts she received are thus highly relevant to her claims. AIFS does not possess information regarding what the host families actually paid to her. Her tax records of payments received provide a reliable record of those amounts.

RFP No. 18: We do not see how the request can be said to mischaracterize Ms. Hlatshaneni's contentions when it simply asks for documents related to whatever compensation she claims au pairs were entitled to be paid. Ms. Hlatshaneni claims the payments she received from her host families were deficient. Asking her to produce any documents that show she was entitled to more than she received does not characterize her contentions – it seeks to discover them. There is no support for her refusal to produce non-privileged documents.

RFP No. 14, 25 and No. 30: The objections that these requests purport to require Ms. Hlatshaneni to produce documents already in AIFS's possession or documents publicly available are not well founded. What Ms. Hlatshaneni "believes" is neither a matter of public record nor in AIFS's possession. Further, there is no requirement that information be unavailable to the public in order to be discoverable. See *Phillips v. Hanover Insurance Co.*, CIV-14-871-R, 2015 WL 1781873 (W.D. Okla. Apr. 20, 2015) and cases cited therein at n.1. See also, e.g., *Carbajal v. Warner*, Civil Action 10-cv-02862-REB-KLM, 2013 WL 1129429 (D. Colo. Mar. 18, 2013) (whether documents are available in public records or already in the requesting party's possession is irrelevant). A party is required to produce documents that she has in her possession, control or custody regardless of whether she believes opposing party already has those documents. *Walt Disney Co v. DeFabiis*, 168 F.R.D. 281 (C.D. Cal. 1996). Ms. Hlatshaneni is required to produce documents in her "possession, custody, or control." Fed.R.Civ.P. 34(a)(1).

RFP No. 33: The statement that the request for documents that support Ms. Hlatshaneni's claim for damages is "properly the subject of expert discovery" is not a proper objection. It is not for the responding party to decide what form of discovery the requesting party should utilize. Ms. Hlatshaneni has not identified any expert discovery and is not required to do so until after the deadline for completing fact discovery, thus the objection inhibits the flow of discovery. Ms. Hlatshaneni clearly possesses or claims to possess information relevant to her damages claims. Ms. Hlatshaneni signed a declaration on July 19, 2016, outlining her allegations of hours worked and amounts paid by her and by her host families and asserting she was not paid for overtime hours or for hours actually worked, all of which is the essence of her

Lauren Louis
Page 3
August 23, 2016

damages claim.  Ms. Hlatshaneni is required to produce documents in her "possession, custody, or control" related to her damages claims.

    RFP No. 34:  We don't understand how Ms. Hlatshaneni can say that the documents and communications *she* mentioned in her complaint, which are incorporated by reference in this request, are not identified with sufficient particularity for her to understand the request for production, to wit:

        a)      Documents relating to the writing described in paragraph 87;
        b)      The slide deck described in paragraph 88;
        c)      Notes, transcripts or other documents relating to the communications with Sponsors as described in paragraphs 90 through 94;
        d)      The publication described in paragraph 130;
        e)      Documents relating to the statements described in paragraph 143.

    We request that Ms. Hlatshaneni amend and supplement her responses accordingly sufficiently in advance of her deposition that we have time to review the response and take further steps if necessary.

                            Sincerely,


                            Lawrence L. Lee
                            Susan Schaecher
                            For FISHER & PHILLIPS LLP


/ele

FPDOCS 32148909.1