# SHERMAN & HOWARD

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202-3622
Telephone: 303.297.2900   Fax: 303.298.0940   www.shermanhoward.com

**Brooke A. Colaizzi**
**Sherman & Howard L.L.C.**
**Direct Dial Number: 303.299.8471**
**E-mail: bcolaizzi@shermanhoward.com**

August 12, 2016

**VIA E-MAIL llouis@bsfllp.com**

Lauren Louis
Boies, Schiller & Flexner, LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301

      Re:    <u>Beltran et al. v. InterExchange, Inc., et al.</u>, Case No. 14-cv-03074-CMA-KMT
             Conferral Regarding Proposed Collective Action Notice

Dear Lauren:

      Please accept this letter as conferral on behalf of the four FLSA defendants regarding the proposed collective action notice attached as Exhibit 2 to Plaintiffs' Motion for Conditional Collective Action Certification and Incorporated Memorandum of Law, and the related proposals regarding means of notice.  I have been authorized by GoAuPair, Au Pair in America, and Cultural Care, in addition to my client InterExchange, to confer with you regarding these two matters.  Please understand that this conferral regards the proposed notice and means only and does not reflect any FLSA defendant's position regarding the remainder of the Motion and/or exhibits.

      Below are the FLSA defendants' collective objections to the proposed notice, with suggested corrections where appropriate:

"TO:" Paragraph

1. The notice should be addressed to "current and former au pairs," with appropriate language summarizing the conditionally certified class(es).  Defendants dispute that the au pairs were "employees" of the sponsors, and it therefore is inappropriate to address the au pairs as such in the notice.

Active/43456348.1

Lauren Louis
August 12, 2016
Page 2

2. For similar reasons, it is not appropriate to identify current and former au pairs "who worked on or after July 25, 2013." As to the au pairs' relationship with the sponsors, the undisputed relationship is that of a J-1 visa sponsor. Any alleged employment relationship is in dispute. The language should mirror the proposed class definitions, which relate to the dates of J-1 visa sponsorship.

"RE" Paragraph

Given the dispute about the employment relationship identified above, it is not appropriate to state that Defendants "cannot fire" au pairs in retaliation for participating in the lawsuit. We suggest the language be changed to "Defendants cannot terminate participation in the program or retaliate against you in any way . . . ."

Section 1

1. The first paragraph is this section is misleading. We suggest the following language:

"Plaintiffs have sued Defendants to recover amounts they claim you and all other [DEFENDANT] au pairs are owed as unpaid wages. Plaintiffs claim that Defendant did not pay federal minimum wage for all hours that you worked, did not pay overtime wages for hours worked over 40 in a week, failed to pay for training, and improperly deducted room and board from your weekly stipend. Plaintiff is suing to recover the unpaid amounts times two, attorney's fees, and costs from DEFENDANT."

2. We propose the following for the statement about the Defendants' defenses:

"Defendant maintains that host families were responsible for paying au pair wages and that Defendant complied with its legal obligations by informing host families of their obligation to pay no less than the weekly stipend of $195.75, which was set by the U.S. Department of State. Defendant denies that the stipend amount violated federal minimum wage and/or overtime requirements, denies that Defendant was required to pay for training time, and denies that the room and board credit was taken by Defendant or was improper."

Section 2

For reasons set forth above, the last sentence of the first paragraph should be replaced with the following:

"You are receiving this Notice because DEFENDANT sponsored your J-1 visa on or after July 25, 2013."

Active/43456348.1

Lauren Louis
August 12, 2016
Page 3

Section 4

1. We believe that the first sentence should be changed as follows, as whether or not an individual au pair recovers money is subject to proof by that au pair of damages:

"If you join in this lawsuit, you may have the opportunity to prove that you are entitled to a share of any money recovered by Plaintiffs."

2. Similarly, au pairs need to be advised of their obligations if they join the class. Judge Arguello has approved language similar to this in other decisions:

"If you do not prevail on your claim, court costs and expenses (not including Defendants' attorneys' fees) may possibly be assessed against you. Further, while this suit is pending, you may be required to submit documents and written answers to questions and to testify under oath at a deposition, hearing, or trial, which may take place in Denver, Colorado."

Section 6

The proposed language contains legal jargon that is likely inappropriate for the proposed class(es), based on Judge Arguello's rulings in other cases. We propose the following instead:

"If you choose not to join this lawsuit, you will not be affected by any judgment or settlement concerning the federal minimum wage and overtime claims, whether favorable or unfavorable to the plaintiff class. If you choose not to join this lawsuit, you are free to file your own lawsuit regarding these claims, but you will then be responsible for all costs, including counsel fees, associated with your lawsuit. You should be aware that the statute of limitations will continue to run on any claims you may have for unpaid federal minimum wage or overtime and, thus, delay in joining this case or filing your own lawsuit may result in some or all of your claims expiring as a matter of law."

Section 7

1. "Federal criminal law" should be replaced with "federal law," as retaliation remedies would not necessarily be limited to criminal statutes.

2. The first sentence should not refer to an "employer," because as noted above whether or not the sponsors are employers of au pairs is strongly contested in this case. "Employer" can be replaced with "Defendant."

3. The last sentence is misleading, as of course some unknown party could make a call, even if such a call would be retaliatory. We propose adding the following language to the end of the previous sentence:

Lauren Louis
August 12, 2016
Page 4

"Retaliation includes calls to or threats to call the police or Immigration."

Consent to Join Form

    Item number 1 should not make reference to "current/former employers." It also differs significantly from the description of the action in the Notice. We propose the following:

"I hereby consent, agree and opt-in to become a Plaintiff in this action (14-cv-03074-CMA-KMT) brought under the Fair Labor Standards Act to recover amounts claimed to be owed to au pairs as unpaid wages."

Means of Notice

1. Email and mail notification should be presumed sufficient, absent some showing by Plaintiffs to the contrary. Defendants have reliable email and mailing addresses for current au pairs, and contact information for former au pairs is only two to three years old. Also, the au pairs' mailing addresses in their home countries in many cases are their parents' addresses, which is likely to facilitate communication with the au pairs.

2. Notice by Twitter, Facebook, or other forms of social media is improper because it lacks the private, targeted nature of email communications.

3. Website posting is unnecessary in this case and is merely punitive to Defendants. Website posting is generally disfavored unless it serves to reach potential plaintiffs that are otherwise unreachable and does so without unnecessarily reaching third parties, such as customers and potential customers. Defendants have no reason to believe that former au pairs, the group likely to be the most difficult to reach, would access Defendants' websites, and even current au pairs have few reasons to do so.

4. It is improper to contemplate notice by means of telephone, Skype, or similar media. These methods run the risk of deviation from the approved notice, as they are verbal instead of written. Without some evidence that mail or email notice is insufficient, these methods should be excluded.

5. No reason exists for Defendants to produce host family information in conjunction with notice. Nothing suggests that host families provide a more reliable way of reaching au pairs than email and mailing addresses on file.

Lauren Louis
August 12, 2016
Page 5

      Please let me know when you have reviewed this letter and are available to discuss these matters, with the hope of reaching an agreement on a proposed notice in the event that one or more classes is conditionally certified. I look forward to hearing from you.

                                      Sincerely,

                                        Brooke A. Colaizzi

BAC/ll

cc via email:    Adam A. Hubbard aahubbard@hollandhart.com
                   Alexander Hood alex@towardsjustice.org
                   Bogdan Enica bogdane@hotmail.com
                   Brian A. Birenbach brian@rietzlawfirm.com
                   Brian P. Maschler bmaschler@gordonrees.com
                   Chanda M. Feldkamp cfeldkamp@kellywalkerlaw.com
                   Christian D. Hammond chammond@duffordbrown.com
                   David B. Meschke dmeschke@bhfs.com
                   Diane Hazel dhazel@lrrc.com
                   Erica L. Herrera eherrera@shermanhoward.com
                   Heather F. Vickles hvickles@shermanhoward.com
                   James E. Hartley jhartley@hollandhart.com
                   James M. Lyons jlyons@lrrc.com
                   Jessica Fuller jfuller@lrrc.com
                   Joan A. Lukey joan.lukey@choate.com
                   John R. Mann jmann@gordonrees.com
                   Jonathan S. Bender jsbender@hollandhart.com
                   Justin J. Wolosz jwolosz@choate.com
                   Kathleen E. Craigmile kcraigmile@nixonshefrin.com
                   Kathryn A. Reilly reilly@wtotrial.com
                   Lawrence D. Stone lstone@nixonshefrin.com
                   Lawrence Lee llee@laborlawyers.com
                   Lyndsey M. Kruzer lkruzer@choate.com
                   Martha L. Fitzgerald mfitzgerald@bhfs.com
                   Martin Estevao mestevao@armstrongteasdale.com
                   Matthew L. Schwartz mlschwartz@bsfllp.com
                   Mesach Y. Rhoades mrhoades@armstrongteasdale.com
                   Michael T. Gass mgass@choate.com
                   Peggy Kozal pkozal@gordonrees.com

Active/43456348.1

Lauren Louis
August 12, 2016
Page 6

        Peter M. Skinner pskinner@bsfllp.com
        Randall W. Jackson rjackson@bsfllp.com
        Raymond M. Deeny redeny@shermanhoward.com
        Robert M. Buchanan, Jr. rbuchanan@choate.com
        Sigrid S. McCawley smccawley@bsfllp.com
        Susan M. Schaecher sschaecher@laborlawyers.com
        Thomas B. Quinn tquinn@gordonrees.com
        William J. Kelly III wkelly@kellywalkerlaw.com

Active/43456348.1