IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

    Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

    Defendants.
_____

**DEFENDANT CULTURAL CARE, INC.'S ANSWERS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**
_____

    Defendant Cultural Care, Inc., ("Cultural Care," "Defendant" or "Responding Party"), by counsel, Lawson & Weitzen, LLP, submits the following answers to Plaintiffs' First Set of Interrogatories pursuant to Fed.R.Civ.P. 33:

**GENERAL OBJECTIONS**

    Cultural Care makes the following general objections, to which each of the responses set forth below are subject:

    A.    Defendant objects to Plaintiffs' interrogatories to the extent they

1

improperly seek class-wide merits or damages discovery before any class or collective action has been certified or any motion for certification filed. At present, the only plaintiffs in this case are the named Plaintiffs. In particular but without limitation, Defendant objects to interrogatories seeking the identity of and private and confidential information concerning putative class members prior to class certification.

B. Defendant objects to Plaintiffs' interrogatories to the extent they seek information that violates the privacy rights of non-parties.

C. Defendant objects to Plaintiffs' interrogatories pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not proportional to the needs of the case or seek information that is not proportional to the needs of the case.

D. Defendant reserves the right to supplement its responses as additional information and things are discovered, if any.

E. Any information disclosed in response to these interrogatories shall be subject to a suitable protective order.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify all au pairs that you have sponsored, past and present. For each au pair, identify the au pair's name, home address, last known contact information (e.g., email addresses, phone numbers, etc.), country of origin, date of sponsorship, duration of sponsorship, host family(ies), host family address(es), last known contact information for each host family identified (e.g., email addresses, phone numbers, etc.), duration of placement with each host family, foreign agent(s) involved in facilitating sponsorship, total fees charged to each au pair (including an itemization of what the fee was for), and total fees charged.

**RESPONSE TO INTERROGATORY NO. 1:**

Redacted

Redacted

Redacted

**INTERROGATORY NO. 2:** Identify all steps you take to ensure that program participants satisfy all requirements as mandated by 22 C.F.R. § 62.31, including but not limited to steps you take to ensure that au pairs are not working more than 10 hours per day or 45 hours per week; are permitted required time off including paid vacation; and are completing educational requirements.

**RESPONSE TO INTERROGATORY NO. 2:**

Cultural Care follows various procedures to educate all of our program participants with regard to their individual responsibilities under the regulations and to ensure and facilitate compliance. Pursuant to the federal regulations, prior to enrollment in the program, we interview all prospective host families within their home and inspect the home environment, including the au pair bedroom to make sure that this is a suitable placement. During this interview there is an extensive review of program regulations to make certain that families understand the responsibilities they have under

the regulations as participants on the program. We require the host family to acknowledge their understanding in writing at the completion of the interview acknowledging understanding of the pertinent federal regulations. When a host family repeats in the program we provide this information again to the host family as a reminder of their ongoing responsibilities and require another written acknowledgement. Even for families and au pairs extending their term together, we review these regulations once again and there is a standard form for this meeting to guide this conversation which once again must be acknowledged.

As required by the regulations, a two week orientation meeting is held with the host family and the au pair. The program regulations are once again reviewed in detail in the presence of all and all participants confirm their understanding by signing a form.

In addition, each month we have personal contact separately with every host family and au pair and confirm how things are going and ask specifically about compliance with the regulations regarding the weekly hours and payment. This information is entered into the Local Childcare Consultant (LCC) online accounts individually for each au pair and each host family. Once each entry is submitted, an automatic message is sent to the family and the au pair as confirmation. This message comes from the LCC and invites them to make contact with the Program Director if there is any incorrect information with regard to the compliance information reported. The monthly contact entries also include a section where the LCC is asked to provide an update on the progress towards completion of the educational component. All entries are maintained in our database.

Both the host family and the au pair have an online account which has extensive information regarding the Department of State's au pair regulations.

**INTERROGATORY NO. 3:** Identify each time you have communicated to anyone that au pairs in your sponsorship may be compensated more than the weekly stipend. For each responsive communication, identify the audience by name, whether an au pair, host family, government entity or other; the forum in which the communication was made; the date or, if published, range of dates the communication was viewable; and the precise communication.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant further objects to this interrogatory to the extent it improperly seeks class-wide discovery before any class or collective action has been certified or any motion for certification filed.

Defendant further objects to this interrogatory as having multiple discrete subparts that should count as at least five separate interrogatories pursuant to Fed.R.Civ.P. 33(a)(1). Defendant further objects to this interrogatory on the grounds that it is overly broad, is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case, and is unduly burdensome. Defendant also objects to this interrogatory on the grounds it seeks information that is subject to Cultural Care's privacy policy and/or is violative of the privacy rights of host families and others who are not parties to this action, that it is not relevant to any issue in the case, and that it is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this interrogatory on the grounds it seeks information that is

7

proprietary and confidential to Cultural Care. Without waiving the aforementioned objection and specifically relying on said objection, Cultural Care responds has hereinafter set forth:

We do not keep records of such conversations as such we are unable to respond to this interrogatory as set forth. We do confirm that all au pairs in our sponsorship are compensated weekly. If asked we instruct host families that they are free to pay more provided it is not dependent on the au pair increasing hours or chores to a level not permitted by the DOS regulations.

There are marketing materials and informational documents stating this policy and we will produce documents sufficient to demonstrate this practice and supplement this response in a reasonable time frame with said information.

**INTERROGATORY NO. 4:** Identify all putative Class members who have been paid more than $195.75 per week.  For each Putative Class member that has been paid Compensation in excess of the $195.75 weekly stipend, state how much the Putative Class member was paid and the dates of employment.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this interrogatory on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to Cultural Care, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this interrogatory to the extent it improperly seeks class-wide discovery before any class or collective action has been certified or any motion for certification filed.

Defendant further objects to this interrogatory as having multiple discrete subparts that should count as at least three separate interrogatories pursuant to Fed.R.Civ.P. 33(a)(1).  Defendant further objects to this interrogatory on the grounds it is overly broad, is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case, and is unduly burdensome.  Defendant also objects to this interrogatory on the grounds it seeks information that is subject to Cultural Care's privacy policy and/or is violative of the privacy rights of host families and others who are not parties to this action, that it is not relevant to any issue in the case, and that it is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this interrogatory on the grounds that it seeks information that is proprietary and confidential to Cultural Care. Without waiving the aforementioned objection and specifically relying on said objection, Cultural Care responds has hereinafter set forth: We do not keep records of the amount of the stipend provided to each au pair. Our records are limited to records confirming receipt of a weekly stipend.

Dated:  May 9, 2016                                    Respectfully Submitted,


       s/ Jeffrey P. Allen
Jeffrey P. Allen
E-mail: jallen@lawson-weitzen.com
Donald J. Gentile
E-mail: dgentile@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue
Boston, MA 02210
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987

ATTORNEYS FOR DEFENDANT
CULTURAL CARE, INC.

**VERIFICATION**

COMMONWEALTH OF MASSACHUSETTS )

) ss.

COUNTY OF MIDDLESEX )

I, Natalie Jordan, being first duly sworn, depose and state that I am employed by Cultural Care, Inc. and that I am authorized to speak and act for said company in these matters, that I have read the foregoing Defendant Cultural Care Inc.'s Answers to Plaintiffs' First Set of Interrogatories and know the contents thereof, that said contents are true and accurate to the best of my knowledge and belief.

Natalie Jordan

SUBSCRIBED AND SWORN to before me this 9th day of May, 2016, by Natalie Jordan.

WITNESS my hand and official seal.



Notary Public

My commission expires: _____

The Commonwealth of Massachusetts
On this 9th day of May, 2016.
Natalie Jordan personally appeared before me, and proved to me through satisfactory evidence of identification, which were MA DL, to be the person whose name is signed on the preceding or attached document in my presence.

RIKKI TRACY, Notary Public
My Commission Expires April 7, 2017

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2016, I served the foregoing on the following e-mail addresses.

**Lauren Fleischer Louis**
llouis@bsfllp.com

**Sigrid Stone McCawley**
smccawley@bsfllp.com

**Matthew Lane Schwartz**
mlschwartz@bsfllp.com

**Peter Murray Skinner**
pskinner@bsfllp.com

**Randall Wade Jackson**
rjackson@bsfllp.com

**Alexander Hood**
alex@towardsjustice.org

**Bogdan Enica**
bogdane@hotmail.com

**Brian A. Birenbach**
brian@rietzlawfirm.com

**Brooke A. Colaizzi**
bcolaizzi@shermanhoward.com

**Chandra M. Feldkamp**
cfeldkamp@kellywalkerlaw.com

**Christian D. Hammond**
chammond@duffordbrown.com

**Adam A. Hubbard**
aahubbard@hollandhart.com

**Heather F. Vickles**
hvickles@shermanhoward.com

**Kathryn A. Reilly**
reilly@wtotrial.com

**James E. Hartley**
jhartley@hollandhart.com

**John R. Mann**
jmann@gordonrees.com

**Lawrence D. Stone**
lstone@duffordbrown.com

**Lawrence L. Lee**
llee@laborlawyers.com

**Martin J. Estevao**
mestevao@armstrongteasdale.com

**Martha L. Fitzgerald**
mfitzgerald@bhfs.com

**Meshach Y. Rhoades**
rhoadesm@armstrongteasdale.com

**Mher Hartoonian**
mhartoonian@hollandhart.com

**Raymond M. Deeny**
rdeeny@shermanhoward.com

**Thomas B. Quinn**
tquinn@gordonrees.com

**W.V. Bernie Siebert**
bsiebert@shermanhoward.com

**William J. Kelly III**
wkelly@kellywalkerlaw.com

**Erica L. Herrera**
eherrera@shermanhoward.com

**William L. Monts III**
William.monts@hoganlovells.com

**Susan M. Schaecher**
sschaecher@laborlawyers.com

**David Meschke**
dmeschke@bhfs.com

s/ Jeffrey P. Allen
Jeffrey P. Allen