**Exhibit D**

Deposition of Lusapho Hlatshaneni
September 7, 2016

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT
_____

JOHANA PAOLA BELTRAN; et al.,

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.,

    Defendants.

_____

VIDEO DEPOSITION OF LUSAPHO HLATSHANENI

SEPTEMBER 7, 2016

_____

      PURSUANT TO NOTICE and the Colorado Rules of Civil Procedure, the video deposition of LUSAPHO HLATSHANENI was taken on behalf of the Defendant American Institute for Foreign Study, Inc., Au Pair In America, Au Pair Foundation at 1801 California Street, Toronto Room, Denver, Colorado, on September 7, 2016, at 9:11 a.m., before Renee S. Wilson, Certified Shorthand Reporter and Notary Public within the State of Colorado.

Wilson & Associates, LLC
(303) 588-0079

Deposition of Lusapho Hlatshaneni
September 7, 2016

Page 117

1      Q.   Did you receive a ticket for that violation?
2      A.   Yes.
3      Q.   Did you receive a ticket for the speeding
4  violation?
5      A.   I was instructed to pay.
6      Q.   Did you receive some speeding ticket that
7  indicated what your name was and what you were being
8  cited for specifically as to speeding?
9      A.   Yes.
10     Q.   Do you have a copy of either of those
11 violations?
12     A.   No.
13     Q.   Were you cited for any other type of traffic
14 or criminal violations when you were with the Prime
15 family?
16     A.   No.
17          MR. HOOD:  I'm going to stop this line of
18 questioning and object.
19          Larry, can you articulate a reason -- other
20 than to harass and intimidate my client -- why
21 you're asking questions about traffic violations?
22          MR. LEE:  Is that a form or foundation
23 question -- objection?
24          MR. HOOD:  I'm trying to decide whether I
25 should seek a protective order and stop you from

Deposition of Lusapho Hlatshaneni
September 7, 2016

Page 119

1      THE DEPONENT: At this point, it's okay.
2  And if I don't, I'll let you know.
3      MR. HOOD: All right. You may answer the
4  question.
5      Q. (BY MR. LEE) Did you violate any other
6  U.S. traffic or criminal laws other than the two
7  you've testified to?
8      A. No.
9      Q. Who paid the penalties for those traffic
10 violations?
11     A. I did.
12     Q. Did you ask for reimbursement from the Prime
13 family?
14     A. No.
15     Q. Did you ask for reimbursement from Au Pair
16 In America?
17     A. No.
18     Q. Were these two traffic violations committed
19 during the time that you were having some time off
20 from the family?
21     A. Yes.
22     Q. Did you eat meals with the Prime family in
23 their home?
24     A. Yes.
25     Q. Who paid for those meals?

Wilson & Associates, LLC
(303) 588-0079

Deposition of Lusapho Hlatshaneni
September 7, 2016

Page 126

1    **Q. According to the first paragraph of**
2  **Exhibit 34, it appears that you were in a car**
3  **accident using one of the Primes' cars.**
4        MR. HOOD: I'm going to object again and ask
5  what -- what the purpose of this line of questioning
6  into the car accident is --
7        MR. LEE: I don't have --
8        MR. HOOD: -- and decide whether or not I
9  should instruct my client not to answer --
10       MR. LEE: Based on what?
11       MR. HOOD: -- and ask for protective
12  order.
13       I think you're trying to intimidate my
14  client.
15       MR. LEE: I'm not trying to intimidate your
16  client at all. That's your opinion.
17       And once again, this is a speaking
18  objection. There's --
19       MR. HOOD: I'm not --
20       MR. LEE: Let me finish. Let me make the
21  record. I've listened to you.
22       That's an inappropriate speaking objection.
23  I can ask her any question of any document -- which,
24  by the way, you provided, Alex, to us. So if you're
25  not -- if you have a problem with the documents that

Deposition of Lusapho Hlatshaneni
September 7, 2016

Page 127

1   you provide us, I would look more carefully at
2   documents before you actually disclose them.
3            I can certainly ask about -- any questions
4   about her experience with the -- with the Prime
5   family as it applies to safety, as it applies to her
6   experiences, and I take offense by the fact that you
7   believe that I'm trying to intimidate her.
8            MR. HOOD:  It's what it appears, because I
9   don't see any real purpose of this question other
10  than intimidating her.  That's why I'm asking you to
11  provide a rationale.
12           MR. LEE:  Is that a form or a foundation
13  objection?
14           MR. HOOD:  You asked me a question, Larry.
15           MR. LEE:  I'm asking you, is that a form or
16  foundation objection?
17           MR. HOOD:  Lusapho, are you okay with
18  answering the question?  Are you okay with answering
19  questions regarding the car accident?
20           If you're comfortable, you can proceed.
21           THE DEPONENT:  I don't feel comfortable
22  answering the question.
23       **Q.   (BY MR. LEE)  May I ask why you don't feel**
24  **comfortable answering a question about a car**
25  **accident you had in the Prime family's car?**

Wilson & Associates, LLC
(303) 588-0079

Deposition of Lusapho Hlatshaneni
September 7, 2016

Page 128

1        MR. HOOD:  My client doesn't need to respond
2   to that question.
3        MR. LEE:  No, you do need to respond,
4   because you asked her a question out of turn, and
5   you can't do that as well.  You're breaking all the
6   rules.
7        **Q.   (BY MR. LEE)  Why do you feel uncomfortable?**
8        MR. HOOD:  We're going to seek a protective
9   order regarding this issue.  She does not have to
10  answer the question.  If she would like to answer
11  the question, she can.
12       MR. LEE:  Is it based on privilege?
13       MR. HOOD:  The protective order is based on
14  trying to scare and intimidate the witness.
15       MR. LEE:  Tell me how I'm trying to scare
16  and intimidate this witness by asking about a
17  document that you, Alex Hood, from your law firm,
18  provided to us.  Tell me how that's intimidating and
19  harassing.
20       MR. HOOD:  I don't see what the relevance is
21  other than trying to intimidate.
22       MR. LEE:  You're not the judge.  I can ask
23  about anything regarding this document that you
24  provided.
25       MR. HOOD:  Rule 26(c) bars intimidating and

Deposition of Lusapho Hlatshaneni
September 7, 2016

Page 129

1  harassing witnesses.
2      MR. LEE: I know --
3      MR. HOOD: And you can seek a protective
4  order for that. If my client feels comfortable
5  responding, she may, but if she says she doesn't
6  want to respond because she doesn't feel
7  comfortable, that is a sufficient response, and we
8  can move for protective order. It's up to her.
9      MR. LEE: Because you asked her that
10 question, what else is she supposed to say other
11 than "yes"? You made a speaking objection, which is
12 completely inappropriate. You've done it this
13 entire deposition. You will have the chance to ask
14 questions after my questions.
15     MR. HOOD: I made very few objections in
16 this deposition, other than where I think my client
17 is being intimidated. If she is in fact not feeling
18 intimidated, she may respond to the question and we
19 will not seek a protective order.
20    **Q. (BY MR. LEE) May I ask why you feel**
21 **intimidated?**
22    A.   Because I am being asked about car accidents
23 that I had, and I don't really understand how it all
24 comes with the case.
25    **Q.   Did you understand that there was a safety**

Page 130

1 component of what you did in the child care duties

2 as the au pair over the Prime family? Did you

3 understand that not only in your training but also

4 as part of your duties?

5     A. Yes.

6     Q. And do you think getting in a car accident

7 has anything to do with the safety component of what

8 your job was as an au pair? If I'm not allowed to

9 ask any questions about the circumstances of this

10 car accident, do you understand why that is

11 relevant?

12     MR. HOOD: I'm going to again instruct my

13 witness that she does not need to respond if she's

14 feeling that the purpose of this line of questioning

15 is to harass and intimidate her. I don't see any

16 relevance to this line of questioning.

17     MR. LEE: I would ask that you keep your

18 objections to form or foundation and not --

19     MR. HOOD: I can certainly --

20     MR. LEE: Let me finish.

21     MR. HOOD: Okay.

22     MR. LEE: I'm letting you make your

23 objections, but they're not true objections. It's

24 either form or foundation, not speaking objections.

25 And you are leading this witness, clearly. You have

Deposition of Lusapho Hlatshaneni
September 7, 2016

Page 131

```
 1   done it for the last two hours.
 2      Q.   (BY MR. LEE)  Were you cited for this
 3   accident?  Yes or no.
 4      A.   No.
 5      Q.   Were the kids in the car when you were
 6   cited -- when you were in this accident?
 7           MR. HOOD:  Again, instruct my witness that
 8   she does not have to respond to the question.  We'll
 9   seek a protective order if she feels that the
10   purpose of the question is to intimidate or harass
11   her.
12      Q.   (BY MR. LEE)  I'm not trying to intimidate
13   or harass you.
14           Yes or no.
15      A.   I don't feel comfortable answering this
16   question.
17      Q.   Why not?
18      A.   Because of the tone that I'm receiving about
19   this -- about this exact question.
20      Q.   I'll ask you in a nicer tone.
21           Were the kids in the car during this
22   accident?  Yes or no.
23           MR. HOOD:  Again, instruct my witness, if
24   she's feeling intimidated or harassed by the
25   question, that she does not need to respond to the
```

Deposition of Lusapho Hlatshaneni
September 7, 2016

Page 132

 1   question and we'll seek a protective order.
 2           Larry, if we could go off the record after
 3   this?
 4           MR. LEE:  I'm not going off the record until
 5   I get an answer to this question because it's
 6   perfectly legal.  And you should know better, Alex,
 7   quite frankly.
 8       Q.   (BY MR. LEE)  Were the kids in the car
 9   during the time of the accident?
10       A.   Yes.
11       Q.   And also, as it proceeds, it looks like
12   there was some sort of payment to repair the car;
13   was that your understanding?
14       A.   Yes.
15       Q.   Was there anything unfair about the proposal
16   that Mr. Prime offered you to take care of the cost
17   of the car?
18       A.   No.
19       Q.   In fact, he indicates in here that you split
20   the cost $500 each way; is that right?
21       A.   Yes.
22       Q.   Did you end up resolving the cost of the
23   repairs with Mr. Prime?
24       A.   Yes.
25       Q.   Were there any problems with that

Deposition of Lusapho Hlatshaneni
September 7, 2016

Page 133

1   resolution?
2       A.   No.
3       Q.   And he also indicated that you owe for a
4   couple of Vonage bills.  But it looks like he
5   forgave that.  Was that your understanding at the
6   time?
7       A.   Yes.
8       Q.   Mr. Prime appears to be a nice host, father
9   of the family, doesn't he?
10      A.   He was.
11      Q.   And this looks like towards the time period
12  that your one year is about to expire with the Prime
13  family.  Do I have that correct?
14      A.   Yes.
15      Q.   It looks like the Prime family is throwing
16  you a party; is that right?
17      A.   Yes.
18      Q.   It also looks like Mr. Prime is offering to
19  take you to the airport before your departure; is
20  that right?
21      A.   Yes.
22      Q.   Was that your departure back to South
23  America?
24      A.   That would be South Africa.
25      Q.   South Africa.

Deposition of Lusapho Hlatshaneni
September 7, 2016

Page 153

1   Q.   (BY MR. LEE)  Do you recognize this
2   document?
3   A.   Yes.
4   Q.   Did you have a chance to review this
5   document in its entirety prior to August 9, 2016?
6   A.   Yes.
7   Q.   Did you review it anytime after that?
8   A.   Yes.
9   Q.   When?
10  A.   I don't remember exactly, but it was after.
11  Q.   Did you review it in preparation for this
12  deposition?
13  A.   Yes.
14  Q.   Turn to Page 8.  Is that your signature at
15  the bottom of the -- titled "Declaration"?
16  A.   Yes.
17  Q.   Just so I'm clear, you had a chance to
18  review this document for truth, accuracy, and
19  thoroughness; is that correct?
20  A.   As far as I can remember, yes.
21  Q.   As far as you remember, the answers were
22  complete and truthful to the best of your knowledge,
23  right?
24  A.   Yes.
25  Q.   Did you file taxes with the U.S. Government

Deposition of Lusapho Hlatshaneni
September 7, 2016

Page 154

1   in 2013?

2         MR. HOOD:  I'm going to object.  I think the
3   purpose of this line of questioning is to harass or
4   intimidate my client, and I'm going to instruct my
5   client if she feels that she is being harassed or
6   intimidated by this question that she does not need
7   to answer.
8       Q.   (BY MR. LEE)  Sitting here today, while
9   under oath, despite your attorney's speaking
10  objection, by me asking you the simple question of
11  whether or not you filed taxes in 2013, is that
12  intimidating or harassing to you?
13      A.   I just don't understand why it's being
14  asked.
15      Q.   That wasn't what I asked.
16      A.   What did you ask?
17      Q.   Is my question of asking you if you filed
18  taxes with the U.S. Government in 2013, is that
19  intimidating or harassing to you?
20         MR. HOOD:  Objection as to form.
21      A.   Intimidating, yes.  Harassment, it's
22  borderline.
23      Q.   (BY MR. LEE)  Tell me why it's intimidating.
24      A.   As I said, I don't understand why it's being
25  asked, so. . .