IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

      Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

      Defendants.

_____

**MOTION FOR LEAVE TO EXCEED PAGE LIMITATION
[EXPEDITED REVIEW REQUESTED]**

      Defendants Cultural Care d/b/a Cultural Care Au Pair ("Cultural Care"), InterExchange, Agent Au Pair, Go Aupair, American Institute for Foreign Study d/b/a Au Pair in America ("Au Pair in America"), and AuPairCare, Inc. ("AuPairCare") (collectively, "Defendants"), by and through undersigned counsel, and for good cause shown, seek leave of this Court to exceed the fifteen (15) page limit for filing their Joint Response in Opposition to Plaintiffs' Motion for a Protective Order. Defendants seek permission to file a consolidated response not in excess of twenty-five (25) pages in length.

**BACKGROUND**

      On September 27, 2016, Plaintiffs filed a Motion for a Protective Order ("Motion"). *See* Motion for a Protective Order, ECF No. 365 ("Mot."). Plaintiffs' Motion wrongly accused six attorneys for the Defendants of asking harassing questions during depositions of Plaintiffs and sought a protective order preventing inquiries into certain

subject areas.[1]  Mot. at 1-2.  The accused counsel deny any and all such conduct and take serious issue with the accusations.  The Court ordered Defendants to file a consolidated response to Plaintiffs' Motion no later than October 13, 2016.  *See* ECF No. 370.

Pursuant to Magistrate Judge Kathleen M. Tafoya's Civil Practice Standards, responses to motions are limited to fifteen (15) pages.  KMT Civ. Practice Standard III.B.1.  Given the legal issues involved, the number of Defendants and their counsel specifically named, and the desire of the accused counsel to respond adequately to the specific allegations pertaining to them, Defendants request an additional ten (10) pages for their consolidated Response.

After conferral with Defendants' counsel, Plaintiffs' counsel oppose this motion.

## ARGUMENT

Under Magistrate Judge Tafoya's Civil Practice Standards, exceptions to page limitations "will be granted only upon a showing of good cause, *e.g.*, due to the complexity or numerosity of the issues involved."  KMT Civ. Practice Standard III.B.3.  Defendants have good cause to seek the additional pages requested.

First, although Plaintiffs generally accuse all Defendants of asking "inappropriate questions" at depositions, Plaintiffs specifically call out six Defendants at five different depositions.  *See* Mot. at 2-7.

| Depositions Challenged | |
|---|---|
| **Deposition** | **Defendant(s) Accused of Inappropriate Questioning** |
| Johana Beltran | Defendant Interexchange (Attorney Brooke Colaizzi) and Defendant Agent Au Pair, Go Aupair, and Defendant Au Pair in America |

---

[1] Plaintiffs challenge questions from the depositions of Johana Beltran, Lusapho Hlatshaneni, Juliane Harning, Laura Jimenez, and Beaudette Deetleefs.  Juliane Harning and Laura Jimenez are not named plaintiffs but proposed plaintiffs.

2

|  | (Attorney Kathryn Reilly) |
|---|---|
| Lusapho Hlatshaneni | Defendant Au Pair in America (Attorney Lawrence Lee) |
| Juliane Harning | Defendant AuPairCare (Attorney Thomas Quinn) |
| Laura Jimenez | Defendant AuPairCare (Attorney Brian Maschler) |
| Beaudette Deetlefs | Defendant Cultural Care (Attorney Justin Wolosz) |

Defendants cite excerpts from these depositions as alleged examples of what they claim are irrelevant, abusive, and intimidating lines of questioning. Defendants strongly dispute these allegations, and each Defendant and its counsel specifically called out should have the opportunity to explain that each question was designed to elicit testimony that is relevant to at least one of the myriad claims and defenses raised by Plaintiffs' 102-page First Amended Complaint, and not to harass or intimidate the Plaintiffs. *See* Fed. R. civ. P. 26(b)(1). Further, Plaintiffs' unsubstantiated allegations against Defendants' counsel implicate counsel's ethical obligations and falsely impugn their professional conduct. Given the gravity of these accusations, and the possible impact on the accused attorneys, counsel should have the right to address and demonstrate that these accusations are unfounded.

Second, in addition to the number of specific Defendants implicated by Plaintiffs' Motion, Plaintiffs raise a number of separate legal issues. Plaintiffs broadly challenge as inappropriate any inquiries into Plaintiffs' (1) personal lives, (2) immigration status, and (3) financial condition. Mot. at 2. Plaintiffs attempt to improperly group these unique subject areas into one generalized off-limits area of questioning. But each subject area—while broad on its own—warrants separate consideration. Defendants seek to adequately explain to the Court that questions pertaining to particular subjects

3

are relevant and support Defendants' theory of defense, especially to antitrust claims and claims of fraud or misrepresentation of the au pair program. Furthermore, Defendants should have the opportunity to develop that plaintiffs' activities outside the childcare commitment to their respective families were entirely consistent with the purpose of the exchange program, and plaintiffs' own expectations of a valuable cultural exchange experience. Although Plaintiffs chose in their Motion to present their argument at a high level, with little case law, Defendants believe it is important that they go through the challenged questions with more detail, and cite supporting authority where appropriate, which also requires additional space.

To determine whether a protective order is warranted, the Court must "balance the [moving] party's need for information against the injury which might result.'" *Exum v. U.S. Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002). Prior to engaging in this balancing exercise, the Court should have all relevant information before it. Defendants strive to provide the Court with this information and respond to Plaintiffs' Motion and broad allegations with economy. But given the number of Defendants accused of inappropriate conduct and the complexity of legal issues involved, Defendants seek leave to file ten additional pages to explain the relevancy of their questions and why a protective order is not appropriate and warranted here. *See, e.g.*, *Wilson v. Hudson*, No. 2:13-CV-20692, 2015 WL 4978724, n. 3 (S.D. W. Va. July 30, 2015), report and recommendation adopted, No. 2:13-CV-20692, 2015 WL 4999006 (S.D. W. Va. Aug. 20, 2015) (recommending to grant leave to exceed the page limit when response "addresses multiple claims against multiple defendants").

WHEREFORE, Defendants respectfully request that this Court grant this Motion, allowing Defendants ten (10) additional pages for its Consolidated Response in Opposition to Plaintiffs' Motion for a Protective Order.

Dated: October 7, 2016.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*s/ Diane Hazel*
　　　　　　　　　　　　　　　　　　　　Joan A. Lukey (joan.lukey@choate.com)
　　　　　　　　　　　　　　　　　　　　Robert M. Buchanan, Jr.
　　　　　　　　　　　　　　　　　　　　(rbuchanan@choate.com)
　　　　　　　　　　　　　　　　　　　　Michael T. Gass (mgass@choate.com)
　　　　　　　　　　　　　　　　　　　　Justin J. Wolosz (jwolosz@choate.com
　　　　　　　　　　　　　　　　　　　　Lyndsey M. Kruzer (lkruzer@choate.com)
　　　　　　　　　　　　　　　　　　　　CHOATE HALL & STEWART LLP
　　　　　　　　　　　　　　　　　　　　Two International Place
　　　　　　　　　　　　　　　　　　　　Boston, Massachusetts 02110
　　　　　　　　　　　　　　　　　　　　Telephone: (617) 248-4790

　　　　　　　　　　　　　　　　　　　　James M. Lyons (jlyons@lrrc.com)
　　　　　　　　　　　　　　　　　　　　Jessica L. Fuller (jfuller@lrrc.com)
　　　　　　　　　　　　　　　　　　　　Diane Hazel (dhazel@lrrc.com)
　　　　　　　　　　　　　　　　　　　　LEWIS ROCA ROTHGERBER CHRISTIE LLP
　　　　　　　　　　　　　　　　　　　　One Tabor Center, Suite 3000
　　　　　　　　　　　　　　　　　　　　1200 Seventeenth Street
　　　　　　　　　　　　　　　　　　　　Denver, CO 80202
　　　　　　　　　　　　　　　　　　　　Tel: (303) 623-9000
　　　　　　　　　　　　　　　　　　　　Fax: (303) 623-9222

　　　　　　　　　　　　　　　　　　　　***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

　　　　　　　　　　　　　　　　　　　　*s/ Kathryn A. Reilly*
　　　　　　　　　　　　　　　　　　　　Kathryn A. Reilly (reilly@wtotrial.com)
　　　　　　　　　　　　　　　　　　　　Wheeler Trigg O'Donnell LLP
　　　　　　　　　　　　　　　　　　　　370 Seventeenth Street, Suite 4500
　　　　　　　　　　　　　　　　　　　　Denver, CO 80202-5647

　　　　　　　　　　　　　　　　　　　　***Attorneys for Defendants Agent Au Pair and American Cultural Exchange, LLC d/b/a Go Aupair***

5

*s/ Brian Alan Birenbach*
Brian Alan Birenbach
(brian@rietzlawfirm.com)
Rietz Law Firm
LLC P.O. Box 5268
114 Village Place #301
Dillon, CO 80435

***Attorneys for Defendants American Cultural Exchange, LLC d/b/a Go Aupair and Au Pair International, Inc.***

*s/ Susan M. Schaecher*
Lawrence L. Lee, Esq.
(llee@laborlawyers.com)
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

*s/ Brian P. Maschler*
Brian P. Maschler
(bmaschler@gordonrees.com)
Gordon & Rees, LLP-San Francisco
275 Battery Street, Suite 2000 San Francisco, CA 94579

John R. Mann (jmann@gordonrees.com)
Peggy E. Kozal (pkozal@gordonrees.com)
Thomas Baker Quinn
(tquinn@gordonrees.com)
Gordon & Reese LLP
555 17th Street, Suite 3400
Denver, CO 80202

***Attorneys for Defendant AuPairCare, Inc.***

*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
(bcolaizzi@shermanhoward.com)
Heather F. Vickles
(hvickles@shermanhoward.com)

6

Raymond M. Deeny
(rdeeny@shermanhoward.com)
Erica Lynn Herrera
(eherrera@shermanhoward.com)
Joe Hunt
(jhunt@shermanhoward.com)
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

***Attorneys for Defendant InterExchange, Inc.***

7

## CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on October 7, 2016, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Randall W. Jackson (rjackson@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Boies Schiller & Flexner, LLP
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL 33301


Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver
1535 High Street, Suite 300
Denver, CO 80218


                                            *s/ Diane Hazel*
                                            Diane Hazel