**EXHIBIT B**

Johana Paola Beltran, et al. vs.
Interexchange, Inc., et al.

Confidential Video Deposition of Ivette Alexandra Gonzalez
September 28, 2016

```
 1              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLORADO
 2
    Civil Action No. 1:14-cv-03074-CMA-KMT
 3  _____

 4  JOHANA PAOLA BELTRAN, et al.,

 5       Plaintiffs,

 6  vs.

 7  INTEREXCHANGE, INC.; et al.,

 8       Defendants.
    _____
 9
                CONFIDENTIAL VIDEO DEPOSITION OF
10                  IVETTE ALEXANDRA GONZALEZ

11                    September 28, 2016
    _____
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case No. 1:14-cv-03074-CMA-KMT   Document 386-2   filed 10/13/16   USDC Colorado   pg 3 of 7

| | |
|---|---|
| Johana Paola Beltran, et al. vs.<br>Interexchange, Inc., et al. | Confidential Video Deposition of Ivette Alexandra Gonzalez<br>September 28, 2016 |

Page 7

```
 1                MR. LEE:  Larry Lee here on behalf of AIFS
 2   for APF.
 3                THE VIDEOGRAPHER:  And counsel on the
 4   phone?
 5                MR. DREW:  This is Mike Drew.  I represent
 6   A.P.EX and 20/20 Care Exchange.
 7                MS. KRUZER:  This is Lyndsey Kruzer.  I
 8   represent Cultural Care.
 9                MS. LOUIS:  Lauren Louis with Boies
10   Schiller on behalf of plaintiff.
11                MR. ENICA:  And Bogdan Enica on behalf of
12   Expert Group International doing business as Expert
13   AuPair.
14                MS. FITZGERALD:  Martha Fitzgerald on
15   behalf of EurAupair.
16                MS. REILLY:  Also let the record reflect
17   with me today is Bill Kapler from GoAuPair.
18                THE VIDEOGRAPHER:  Will the reporter
19   please swear in the witness.
20                IVETTE ALEXANDRA GONZALEZ,
21   having been first duly sworn, was examined and testified
22   as follows:
23                         EXAMINATION
24   BY MS. REILLY:
25        Q.   Good morning, Ms. Gonzalez.  I'm Katie
```

Johana Paola Beltran, et al. vs.
Interexchange, Inc., et al.

Confidential Video Deposition of Ivette Alexandra Gonzalez
September 28, 2016

Page 8

1  Reilly, and I represent GoAuPair, Agent Au Pair, and
2  Au Pair International in the lawsuit.  Ms. Gonzalez, why
3  did you join this lawsuit?
4       A.   Because I thought that the salary was not
5  fair.
6       Q.   And what was not fair about it?
7       A.   It was not fair to work 9 hours a day and
8  receive that salary having personal needs.
9       Q.   Did you know what the salary would be
10 before you entered the au pair program?
11      A.   Yes, of course, but in Colombia that's a
12 lot of money.
13      Q.   What do you think GoAuPair did wrong?
14      A.   I think introducing the girls to the
15 United States without knowing how is the life here, how
16 it is, how the money is here, and if that money really
17 works here for our personal needs.
18      Q.   The salary you received was paid by your
19 host family, right?
20      A.   Yes.
21      Q.   And it was your host family who decided
22 how much to pay you?
23      A.   I'm not sure I understand the question
24 because there's two parts here.  GoAuPair in Colombia
25 told me the salary, and they told me that the family

Johana Paola Beltran, et al. vs.
Interexchange, Inc., et al.

Confidential Video Deposition of Ivette Alexandra Gonzalez
September 28, 2016

Page 129

1    Q.   How often did the class meet?

2    A.   Two times a week, and every time that I
3  would go it was 2 hours.

4    Q.   How did you get back and forth?

5    A.   Mrs. Sanders would take me, and the sir
6  would return me.

7    Q.   And when you had gatherings with the other
8  au pairs, how would you get to and from those?

9    A.   Mrs. Sanders would take me, but Alona
10  would bring me back.

11    Q.   And how far away from you did Alona live
12  by car?

13    A.   I don't really know, honestly.

14    Q.   And did you -- did you do fun things on
15  the weekends?

16         MS. McELROY:   Objection.

17    A.   I consider this to be personal things.  I
18  don't know if I have to respond about this things.

19         MS. REILLY:   So this is the essential
20  allegation -- the essential complaint is she was told
21  that this would be a cultural exchange program, and it
22  turned out to be a work program.  So we are entitled to
23  explore the cultural exchange component of the
24  experience, and that's what my questions are designed to.
25  They're not designed to harass, and there's no basis for

| | |
|---|---|
| Johana Paola Beltran, et al. vs.<br>Interexchange, Inc., et al. | Confidential Video Deposition of Ivette Alexandra Gonzalez<br>September 28, 2016 |

Page 130

```
 1   an objection.
 2              MS. McELROY:  Well, to the extent, you
 3   know, the magistrate's preliminary ruling was that
 4   questions about their personal time are off limits, they
 5   don't have to answer.  So to the extent you're asking
 6   about time she wasn't working, that's not related to the
 7   au pair program.  And she doesn't have to answer.
 8              MS. REILLY:  Then if that's your question,
 9   we're going to have to possibly leave the deposition open
10   and call the court.  That issue actually was not before
11   the judge.  That conference was addressing the tax return
12   issue, and there were frankly inappropriate comments that
13   were brought up by plaintiffs' counsel during the call
14   that were not addressed by defense counsel.  And that
15   stray segment -- or sentence fragment that is quoted in
16   the motion for protective order is far from a binding
17   court order and will be challenged by the defendants.
18              So to be clear, are you instructing the
19   witness that she cannot testify as to anything about any
20   aspect of her au pair program experience beyond the hours
21   she was working for the host family?
22              MS. McELROY:  I'm instructing her that she
23   does not have to answer questions about her personal time
24   if she was not working during that time and how she spent
25   her personal time.  She can choose to answer if she wants
```

Johana Paola Beltran, et al. vs.  
Interexchange, Inc., et al.  
Confidential Video Deposition of Ivette Alexandra Gonzalez  
September 28, 2016

Page 131

1  to.
2            Do you want to answer this question?
3            MS. REILLY:  What legal basis is there for
4  this idea of, Do you want to answer a question?  There's
5  either an instruction not to answer, or there's an
6  objection and she answers.  Those are the two options.
7  So if you want to instruct her not to answer, that's
8  fine.  And we can have it out with the judge.  But this
9  letting her choose whether or not to answer is not --
10 that's not recognized.  There's no legal basis for such
11 an instruction, and that's not -- it's not going to
12 happen that way.  If you want to instruct her not to
13 answer, we can fight it out later.  And we can leave the
14 deposition open.
15           MS. McELROY:  Based on my understanding,
16 based the judge's preliminary ruling, she does not have
17 to answer questions about her personal time.  So --
18           MS. REILLY:  Is there an instruction,
19 Counsel, not to answer?
20           MS. McELROY:  No.  My instruction to her
21 is that she does not have to answer.
22           MS. REILLY:  Let's take a break.
23           THE VIDEOGRAPHER:  Going off the record.
24 The time is 3:42.
25           (Recess taken from 3:42 p.m. to 4:15 p.m.)