# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

---

**DECLARATION OF THOMAS B. QUINN IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

---

I, Thomas B. Quinn, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of Colorado and admitted to the United States District Court for the District of Colorado. The matters stated herein are based upon my personal knowledge.

2. I have reviewed Plaintiffs' Motion for a Protective Order [DE365] and the Declaration of Lauren F. Louis [DE367] filed with that Motion. I submit this Declaration in support of Defendants' Response to Plaintiffs' Motion for a Protective Order.

3. The statements made by Ms. Louis in her Declaration regarding AuPairCare's conduct are nonsense. On September 7, 2016, I deposed Juliane Harning. In no way did I harass, intimidate, target or otherwise attack Ms. Harning. The examination of Ms. Harning was consistent with the procedural posture of the case and content of Second Amended Complaint ("SAC") and her recently submitted affidavit. In the SAC, plaintiffs, including Ms. Harning, represent themselves to be "vulnerable foreign workers" (p. 108, ¶587) that "justifiably relied" on the "deceptive" conduct of the defendants (p.108, ¶587). Further, the plaintiffs allege the defendants "tricked" (p.110, ¶593) them into taking au pair jobs in which they unknowingly accepted a miserably low wage. The plaintiffs also allege that as a consequence of their inferior status and state of knowledge that the defendants were in a fiduciary relationship with each au pair and that relationship prevented the au pairs from "effectively protecting themselves" (p. 107, ¶584). These allegations cut across all claims for relief pursued by the plaintiffs and are alleged with particularity in the negligent misrepresentation, fraud and deceptive trade practices claims for relief.

4. The defendants are entitled to explore all avenues of questioning that are related to all claims for relief. Included within that discovery will be questioning to

test plaintiffs' claims that they were vulnerable visitors to this country and unsophisticated in the wages paid to child care workers in the U.S., including au pairs. How each au pair may or may not have learned this information is grounds for discovery.

5. The court should not be surprised to learn that the depositions thus far have revealed that putative class representatives are bright and articulate young women that came to the United States to be part of a cultural exchange program. Many of the plaintiffs have college degrees and some have post graduate education. Some have been au pairs more than once and as well as served as au pairs in countries other than the U.S as well. The putative plaintiffs have excellent points of comparison on whether to choose an au pair position in the U.S. or take a better paying au pair position in a different country.

6. Further, many of the plaintiffs, like Ms. Harning, are seeking damages unique to their own experiences here in the U.S. and so how those damages occurred is relevant to each plaintiff's claim. The individual losses may well be related to conduct outside the day-to-day au pair duties and wages.

7. Finally, each putative class plaintiff has submitted an affidavit in support of the claims and damages. Ms. Harning's affidavit contained information that was inconsistent with facts otherwise known. A party's credibility can be tested at all stages of litigation, including deposition.

FURTHER DECLARANT SAYETH NOT.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I executed this declaration on October 7, 2016 in Denver, Colorado.

_____
Thomas B. Quinn