# EXHIBIT O

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMAKMT

JOHANA PAOLA BELTRAN; et al.

        Plaintiffs,

v.

INTEREXCHANGE, INC., et al.

        Defendants.

_____/

**PLAINTIFF BEAUDETTE DEETLEFS' SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST AMENDED SET OF INTERROGATORIES**

Plaintiff Beaudette Deetlefs ("Deetlefs"), by and through her undersigned counsel, files Plaintiff's Supplemental Answers to Defendant's First Amended Interrogatories propounded by Defendant Cultural Care, Inc. ("Cultural Care").

**PRELIMINARY STATEMENT**

The answers below reflect the current state of Deetlefs' knowledge, understanding and belief based upon the investigation and discovery to date. Deetlefs reserves the right to make subsequent revisions and to supplement her responses as additional information is discovered, if any.

Deetlefs further reserves the right to object on any ground and at any time to a demand for further answers to these Interrogatories. In responding to the Interrogatories, Deetlefs does not waive, or intend to waive, any privilege or objection,

Ex. 59

including but not limited to, any objection to the competency, relevance, materiality, or admissibility of any of the Interrogatories.

The preceding Preliminary Statement is incorporated into Deetlefs' answers to each and every Interrogatory. No response to any Interrogatory is, or shall be deemed to be, a waiver of Deetlefs' Preliminary Statement.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

INTERROGATORY 1: Identify all representations made to you by, or communications that you had with, (a) Cultural Care, Inc., a Massachusetts company, and (b) International Care, Ltd., a Swiss company operating under the registered business name Cultural Care Au Pair, in both instances regarding your participation in the Au Pair Program, including but not limited to communications regarding any payments you could or would earn as an au pair.

RESPONSE: Deetlefs objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and vague with respect to the phrase "all representations made to you by, or communications that you had with, (a) Cultural Care, Inc., a Massachusetts company, and (b) International Care, Ltd., a Swiss company operating under the registered business name Cultural Care Au Pair, in both instances regarding your participation in the Au Pair Program." As phrased, this interrogatory requires Deetlefs to recall each and every communication with Cultural Care and, in addition, calls for Deetlefs to speculate as to the legal organization and structure of Cultural Care, and the specific legal entitles that employed Cultural Care's representatives. Subject to and without waiver of the foregoing objections, Deetlefs states as follows:

In or around June 2014, she traveled to Cape Town to meet with two representatives of Cultural Care for information regarding the au pair program. At the first meeting with

2

Cultural Care, Deetlefs was told that the weekly stipend was $195.75 and that it was the minimum amount that a family may pay to the au pair per week. The representatives suggested to her that a family could pay her more and that the au pair could work more than the regular, scheduled hours for which the host family would pay the au pair overtime for such hours.

After being accepted into the program, Deetlefs was instructed to travel to New York and attend mandatory, unpaid training lasting three days. At this training, Deetlefs was told by Cultural Care representatives that she could only be paid $195.75 per week. Ms. Deetlefs repeated what she had been told by Cultural Care representatives in Cape Town and the Cultural Care instructors told her she must have misunderstood. The representatives then told her that she could not make anything more, or anything less; and that it did not matter the number of hours she worked.

INTERROGATORY 2: Describe all payments made to you, or amounts of money you received during or as a result of your participation in the Au Pair Program, including: (a) the date(s) on which you were paid; (b) the amount of compensation you received with each payment; (c) the method of payment; (d) the person or entity from whom you received each payment; and (e) the purpose of the payment (e.g., compensation for services performed, reimbursement for expenses, monetary gifts, bonuses, etc.).

RESPONSE: Deetlefs states that from in or around August, 2014 to June 2015, she was paid $195.75 by her host family every week that she worked.

INTERROGATORY 3: Describe all other benefits you received from your Host Family (e.g., personal use of their vehicle, vacations, dinners at restaurants, use of a cell phone, payments of bills or debts made on your behalf, and/or non-monetary gifts), including (a) the nature of the benefit;(b) the date(s) on which you received or had use of the befit; and (c) the approximate monetary value of the benefit.

RESPONSE: Deetlefs objects to Interrogatory No. 3 on the grounds that the term "benefit" is not defined and ambiguous as used in this Interrogatory. Subject to and

3

without waiver of the foregoing objection, Deetlefs states her host family paid for her cellphone plan.

INTERROGATORY 4:   Identify any communication you have had with any person, other than your counsel, regarding this lawsuit and/or the allegations in the Complaint.

RESPONSE: Deetlefs objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and vague with respect to the phrase "any communication you have had with any person…regarding this lawsuit and/or the allegations in the Complaint." As phrased, this interrogatory requires Deetlefs to recall each and every communication with every individual during an undefined period of time. In addition, Deetlefs objects to this interrogatory on the grounds that it calls for information pertaining to individuals not a party to this action, and potentially encompasses communications not relevant to the facts at issue in this action. Subject to and without waiver of the foregoing objections, Deetlefs states that she spoke to one friend regarding the lawsuit during her time in the United States. Ms. Deetlefs spoke this fellow au pair, Alicia Hutton in relation to Deetlef's role as an au pair. Ms. Deetlefs estimates that this communication occurred in December 2014. Ms. Deetlefs and Ms. Hutton discussed, related the allegations in this complaint, the number of hours Ms. Hutton worked (12 per day) and their dissatisfaction with the amount of pay, specifically, that $195.75 per week was not enough for them to get by on. They also discussed the fees they paid to participate in the au pair program.

In addition, Deetlefs states that she had a conversation with the mother from her host family regarding the rate of pay, in which the mother told Deetlefs that Cultural Care

4

instructed the family to pay the au pair only $195.75 per week, and were not permitted to pay the au pair more.

INTERROGATORY 5:   Describe (a) any complaints that you had but did not tell anyone with regard to your time as an au pair, and (b) any complaints that you made to any other person or entity, including but not limited to Cultural Care, a Local Childcare Consultant ("LCC"), and/or the United States Department of State, related to any aspect of your participation in the Au Pair Program (e.g., working conditions, rules, hours, vacation, education, the relationship with your host family, etc.). With regard to (b), your response should include: (i) the date of the complaint; (ii) the method of communication of the complaint; (iii) the person or persons to whom you directed the complaint; (iv) the details of the complaint; (v) a description of what happened with the complaint after you made it (e.g., additional communications, resolution, etc.); and (vi) how the complaint was resolved.

RESPONSE: Deetlefs objects to subpart a of this interrogatory on the grounds that the term "complaints" as used in this context is vague, unduly burdensome, ambiguous, and overbroad. As phrased, this interrogatory requires Deetlefs to recall and describe thoughts, feeling, and mental impressions that could be construed as "complaints" over an extended period. Deetlefs objects to subpart b of this interrogatory on the grounds that Defendant has documents in its possession that would have informed Deetlefs' response and enabled her to provide a more fulsome response. However, Defendant has failed, since May 12, 2016, when its responses to Plaintiffs' Requests for the Production of Documents were due, to produce documents responsive to those requests. Subject to and without waiver of the foregoing objections, as to part (a), Deetlefs states that she had several complaints that she did not make to anybody including, but not limited to, the length of her working day often totaling thirteen hours or more. As to part (b) Deetlefs states that she made several complaints to the LCC, Reba Davies, including, but not limited to, regarding not feeling welcome in her host family's

5

home. As noted in response to Interrogatory No. 5, Ms. Deetlefs discussed her dissatisfaction with her time as an au pair with Ms. Hutton, including not feeling like part of the family.

INTERROGATORY 6: Have you, your attorneys, their investigators, or anyone acting on your behalf interviewed or taken any statement from any Sponsor or its past or present agents, employees, or representatives? If so, state: (a) the name, address, and telephone number of the person interviewed; (b) the name, address, and telephone number of the person conducting the interview; (c) the person or persons present when the interview occurred; (d) the persons having knowledge of the substance of the interview; (e) whether the interview was recorded or otherwise how obtained; (f) the substance of the statements made; (g) if notes exist purporting to be a summary or verbatim recital of an oral statement, state the name and address of the person who made or took the notes, the nature of the notes, and the date(s) the notes were prepared; and (h) the date of and place where the interview was conducted.

RESPONSE: Deetlefs objects to this Interrogatory to the extent it seeks protected work product or attorney-client communications. Deetlefs further objects to this Interrogatory on the grounds that it asks her to verify under oath information that is outside her personal knowledge.

INTERROGATORY 7: Did you apply to any other education, job, cultural or other activities for the year or years in which you ultimately decided to be an au pair. If so, state (a) the name and address of the entity to which you applied; (b) the position for which you applied; (c) the advertised compensation, if any, for that position; and (d) whether you received an offer for that position.

RESPONSE: Deetlefs states that she did not apply to any other job for the year in which she ultimately was an au pair.

INTERROGATORY 8: Did your Host Family provide you with a Communications Journal or other form of log or journal? If so, what did you use it for and how often did you or the Host Family contribute to it, and where is it now?

6

RESPONSE: Deetlefs states that there was a white board on the wall in the kitchen of her host family's home, and that notes about the day and/or reminders would occasionally be written on there by both Deetlefs and a member of the host family. Deetlefs was not provided with any other form of log or journal by her Host Family.

INTERROGATORY 9:   Describe your employment history for the last seven years, including: (a) dates of employment; (b) the resume(s) you submitted to obtain employment (c) identity of your employer(s); (d) the position(s) you held; (e) your responsibilities and duties for each position; and (f) the amount of compensation you earned in each position.

RESPONSE: Deetlefs states that she has worked in the below prior positions of employment:

**WEC**
- Shop Assistant
- Responsibilities included customer service (retail); general management of shop; stock control
- 2015 (exact dates of employment unknown)
- Compensation: R850 per week

**Memoranda Boerdery Farm**
- General Farm Work
- Duties included tending to livestock; vaccinations; general supervision; general holiday work
- Dates of employment unknown
- Compensation: unpaid

**Spur Montana (Potchefstroom)**
- Waiter
- Duties included customer service; retail; taking/placing orders
- Duration of employment approximately 10 months; exact dates unknown
- Compensation: R35 per hour

**Transnet Rail Engineering**
- Millwright Apprentice
- Duties included precision measuring; building and repair of pipes; basic filling; welding; fault finding on welding machines, pneumatic machines, gearboxes
- July 31, 2011-October 27, 2012

7

- Compensation: R1650 per month

**Players Ceres**
- Bar Manager
- Duties included customer service; retail; ordering stock; supervising staff; handling finances
- Dates of employment unknown
- Compensation: R4000 per month

**Tulbagh Vet**
- Front Desk and Vet Assistant
- Duties included customer care; ordering stock; accounts; filing; assisting vet with operations
- Dates of employment unknown
- Compensation: Vet assistant
- R4000 per month

**Vodacom**
- Sales Consultant
- Duties included customer service (retail); stock control; admin; sales
- Dates of employment unknown
- Compensation: R4500 per month

DATED this 16th day of September, 2016.

As to the objections stated:

BOIES, SCHILLER & FLEXNER LLP

*/s/ Lauren Louis*

Lauren Fleischer Louis
Sigrid S. McCawley
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL 33301
llouis@bsfllp.com
smccawley@bsfllp.com

Matthew L. Schwartz
Peter Skinner
Randall W. Jackson
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue, 7th Floor
New York, NY 10022
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Alexander Hood
Towards Justice
601 16th Street, Suite C #207
Golden, CO 80401
Email: alex@towardsjustice.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2016, I electronically served the foregoing Plaintiff Beaudette Deetlefs' Answers to Defendant's First Amended Interrogatories to the following e-mail addresses:

Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Email: reilly@wtotrial.com

Brian Alan Birenbach Rietz Law Firm, LLC P.O. Box 5268
114 Village Place #301
Dillon, CO 80435
Email: brian@rietzlawfirm.com

Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290-2101
Email: chammond@duffordbrown.com

Lawrence D. Stone
Kathleen E. Craigmile
Nixon Shefrin Hensen Ogburn, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111
Email: lstone@nixonshefrin.com
Email: kcraigmile@nixonshefrin.com

William J. Kelly III
Chandra Marie Feldkamp
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202
Email: wkelly@kellywalkerlaw.com
Email: cfeldkamp@kellywalkerlaw.com

James E. Hartley
Jonathan S. Bender
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Email: jhartley@hollandhart.com
Email: jsbender@hollandhart.com

Adam A. Hubbard
Holland & Hart LLP
1800 Broadway Suite 300
Boulder, CO 80302
Email: aahubbard@hollandhart.com

Robert M. Buchanan, Jr.
Joan A. Lukey
Lyndsey M. Kruzer
Michael T. Gass
Justin J. Wolosz
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110
Email: rbuchanan@choate.com
Email: joan.lukey@choate.com
Email: lkruzer@choate.com
Email: mgass@choate.com
Email: jwolosz@choate.com

Jessica L. Fuller
Diane Hazel
James M. Lyons
Lewis Roca Rothgerber Christie LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Email: jfuller@lrrc.com
Email: dhazel@lrrc.com
Email: jlyons@lrrc.com

Bogdan Enica
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701
Email: Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com

Martha L. Fitzgerald
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Email: mfitzgerald@bhfs.com
Email: dmeschke@bhfs.com

Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
Erica Lynn Herrera
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email: bcolaizzi@shermanhoward.com
Email: hvickles@shermanhoward.com
Email: rdeeny@shermanhoward.com
Email: eherrera@shermanhoward.com

Brian P. Maschler
Gordon & Rees, LLP-San Francisco
275 Battery Street, Suite 2000 San
Francisco, CA 94579
Email: bmaschler@gordonrees.com


/s/ Lauren Louis
Lauren Louis, Esquire