IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

_____

**DEFENDANT CULTURAL CARE, INC.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 37(d)**

## INTRODUCTION

Plaintiff Dayanna Paola Cardenas Caicedo ("Cardenas")[1] would have been the first Plaintiff deposed in this case if she had attended her deposition. Given that timing, her decision not to appear could not have been influenced by questions asked of other Plaintiffs, as she now implies. Nor is there any basis for her claim that the questioning at those depositions has been designed to harass or intimidate. To the contrary, Plaintiffs' contention that a group of respected officers of the Court conspired to harass and intimidate them is far-fetched and offensive. Any reasonable observer at the depositions would confirm that defense counsel have been respectful and appropriate, as the Court can observe on the video recordings filed in conjunction with Defendants' Opposition to Plaintiffs' Motion for Protective Order ("PO Opposition"), ECF No. 386.

There is likewise no basis for Cardenas to make outlandish statements that she

---

[1] Cultural Care was recently informed that Cardenas is the proper family name, even though both parties have used the shorthand "Caicedo" in prior submissions.

2010704841_1

is afraid to sit for deposition because Cultural Care treated her like a "product to be sold, not a human being." Declaration of Dayanna Paola Cardenas Caicedo in Support of Plaintiffs' Opposition to Motion for Sanctions ("2d Cardenas Declaration"), ECF No. 366 at ¶7. Indeed, it is telling that these conclusory, inflammatory statements do not appear in Plaintiffs' three complaints and are being asserted now when Cardenas and her counsel face the prospect of having to pay Cultural Care's attorneys' fees for traveling to Philadelphia on a date selected by Cardenas, only to be confronted with Cardenas' unexplained refusal to show up for her deposition. Given that Cultural Care cannot depose Cardenas to probe the veracity of these outrageous assertions, and in light of the circumstances under which they are being advanced, they should not be credited.

Cardenas' agreement to have her claims dismissed and be stricken as class representative is appropriate. But neither her dismissal, her complaints about Cultural Care and counsel, nor her disingenuous claim that Cultural Care failed to confer should absolve Cardenas or her counsel from paying Cultural Care's expenses, as provided for in the Federal Rules of Civil Procedure. The Court should grant Cultural Care's Motion.

**ARGUMENT**

**I.    Cardenas' Claims Should Be Dismissed and Her Submissions Stricken.**

Cardenas has consented to have her claims dismissed without prejudice. Opposition at 4. Accordingly, at a minimum, the Court should enter an order of dismissal pursuant to Fed. R. Civ. P. 41(a)(2), as to all claims brought by Cardenas.[2]

---

[2] Cultural Care maintains that dismissal should be with prejudice. See Motion at 8-10. If the Court disagrees, then Cardenas claims should be dismissed without prejudice, and her participation limited to that of a class member (if one is certified).

2010704841_1

The Court should also enter an order striking all paragraphs that refer to Cardenas in the First Amended Complaint ("FAC") (ECF No. 101) and the proposed Second Amended Complaint (ECF No. 329-1) (if the motion to amend is allowed), and striking the Cardenas Declaration (ECF No. 325-1 at 10-11).

## II. The Court Should Award Cultural Care Its Attorneys' Fees.

### A. Plaintiffs Have Failed to Show that Cardenas' Absence Was Substantially Justified.

Plaintiffs quarrel with Cultural Care's interpretation of Rule 37(d)(3) (*see* Opposition at 7-8) but they cite the same language as Cultural Care as governing an award of attorneys' fees. Motion at 11. "Instead of or in addition to [the sanctions set forth in Rule 37(b)(2)(A)(i)-(vi)], the court must require the party failing to act, the attorney advising that party, or both" to pay the other party's reasonable attorneys' fees and expenses "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *see also Chamber of Comm. of the United States v. Edmonson*, 594 F.3d 742, 766 (10th Cir. 2010) ("costs and attorneys' fees are mandatory sanctions for violations of" Rule 37(d)). The parties agree that Cardenas failed to attend, so the question is whether Plaintiffs have established that she was "substantially justified," or that a fee award would be "unjust." They have not.

#### 1. Cardenas' Claims Regarding Cultural Care are Not Credible and Do Not Excuse Her Failure to Attend Her Deposition.

Cardenas first attempts to excuse her violation of the rules by making highly-inflammatory statements that she was "treated like a product to be sold" when she was

2010704841_1

an *au pair*, that she was "dominated and intimidated" by Cultural Care, and that she believes Cultural Care "will stop at nothing to ruin my life for pursuing claims against them now." 2d Cardenas Declaration at ¶¶ 6-8. None of these claims is credible.

These outrageous allegations appear nowhere in the 27-page Complaint, the 102-page First Amended Complaint, the 118-page Proposed Second Amended Complaint, the Cardenas Declaration, or any other pleading. Experienced counsel drafted the complaints, and no doubt sought to include any allegation supported by the evidence that would make plausible the allegations that (for example) "the history of the *au pair* program is a history of sponsor abuse" (FAC ¶ 3) or that would support their claims sounding in RICO, breach of fiduciary duty, and violation of consumer protection laws. The absence of anything remotely approaching these allegations in any version of the complaint seriously calls into question their veracity.

These allegations are also at odds with the historical record. Following her first year with her host family in Pennsylvania, *Cardenas voluntarily extended for an additional six months*. Cardenas Decl. ¶¶ 5, 13. If Cardenas felt "dominated and intimidated," as she now says, it is highly unlikely that she would voluntarily choose to subject herself to that treatment for an additional six months.

Cardenas' claim that she believes Cultural Care is trying to ruin her life for pursuing claims is also completely unfounded. Cardenas has not offered any evidence to support this conclusory claim; indeed, she does not even contend that Cultural Care has contacted her since she left the program. Nor is there any basis to fear that her deposition will impact her legal status. Cardenas does not attempt to explain that fear,

4

2010704841_1

much less connect it to any action taken by Cultural Care.[3]

Most importantly, Cultural Care has no way to test any of these excuses that Cardenas now offers, because she will not sit for a deposition. Given the strong reasons that call into question her credibility, it would be extremely unfair for the Court to take Cardenas' word and determine that a 12-paragraph, conclusory, untested declaration is sufficient to show "substantial justification."

### 2. Cardenas' Claims Regarding Other Depositions Are Inaccurate and Do Not Justify Her Absence.

Cardenas' claims regarding other depositions are misplaced. Since hers would have been the first deposition, she cannot point to questions that others were asked as "substantial justification" for her failure to attend.

In any event, Cardenas' claim that defense counsel have harassed or intimidated other plaintiffs is wrong. As to the deponent she references, Beaudette Deetlefs, every question was asked in a respectful, non-threatening tone (*see* ECF No. 386-6) and was relevant to a claim in this case and to allegations that Deetlefs made in the complaint or in public sources when discussing this lawsuit.[4] For example, documents say that when Deetlefs was considering extending her stay as an *au pair*, she restricted the search to Utah because she had met a boyfriend and wanted to stay near him. ECF No. 386-12. Deetlefs has suggested that it was Cultural Care's responsibility to find her a new host

---

[3] Plaintiffs and their counsel have been adamant at depositions that any questions regarding immigration status are improper. Yet when, as here, they believe it will help their argument, they apparently have no problem highlighting immigration status.

[4] Defendants go through each challenged question in detail in their PO Opposition at 11-23. That discussion is incorporated by reference herein.

5

2010704841_1

family when her host family asked her to leave.  ECF No. 386-13.  It was reasonable to ask whether Deetlefs had a boyfriend, in order to determine whether she did impose a restriction that made a re-match much more difficult, and whether time spent with him may have contributed to her feeling that she was not embraced by her Host Family.  Moreover, the high-level question was "Did you meet a boyfriend while you were in the U.S.?"  ECF No. 367-1 at 9.  There is no suggestion that counsel probed further into inappropriate details, and in fact, after asking that single question, Plaintiffs' counsel made a speaking objection and Deetlefs did not answer.  *Id.* at 148:2-15.

Deetlefs was quoted in the Washington Post about this litigation, complaining that she did not have "a very pleasant feeling in" her Host Family's home, and that she felt in the way.  ECF No. 386-3.  According to the article, Deetlefs also complained that "[t]raveling around was difficult on the $195.75 stipend; she spent much of it on public transportation and toiletries" and she "hasn't been able to afford to leave her host family's house."  *Id.*  Having made these public allegations when discussing this case, counsel's questions were a reasonable attempt to determine whether it was Deetlefs, the host family, the home, time spent with a boyfriend or other friend, racial comments she made to the family,[5] or perhaps the geographic location that caused Deetlefs not to feel welcome.  In context, the questions about whether she found living with a family to be "irritating" or "restricting" are relevant and certainly not harassing.

---

[5] Deetlefs reportedly made racist comments to her host family, which prompted them to limit her time around their children.  ECF No. 386-11.  She admits that she had posted pages on her public Facebook account that draw distinctions between people who are white and black that are unquestionably offensive, despite her claim to the contrary.  *E.g.,* ECF No. 362-7 (urging white people to "take back your stake").

6

As to Cardenas' suggestion that the tone of the Deetlefs' deposition was harassing or intimidating, Cultural Care is submitting the video of the deposition. Cultural Care invites the Court to review the entire deposition, and see for itself that the tone was cordial and Deetlefs was neither harassed nor intimidated. If the Court is unable to view the entire deposition, Cultural Care has also submitted the excerpts that Plaintiffs have highlighted. *See* video, ECF No. 386-6.[6]

### B. Plaintiffs Have Failed to Show that an Award of Attorneys' Fees Would be Unjust.

Plaintiffs have also failed to show that an award of fees would be unjust. Cardenas' claim that she cannot afford to pay is not verifiable because she refuses to be deposed. What can be verified is that Cultural Care incurred the fees in attempting to defend against her serious claims. Cultural Care did nothing wrong; Cardenas filed suit, selected a location and date, and then failed to attend as required. It would be unjust to make Cultural Care bear the cost simply because one paragraph in the 2d Cardenas Declaration says that she cannot afford to pay.

Moreover, if Cardenas cannot afford to pay then her counsel should. Plaintiffs' discussion of cases that involve different sections of Rule 37 misses the point. *See* Opposition at 10 (citing cases that do not involve Rule 37(d)(3)). The rule governing *this* motion provides that "the court must require the party failing to act, the attorney advising that party, or both to pay" the other party's fees and costs. Fed. R. Civ. P. 37(d)(3). Plaintiffs' conclusory claim that there was "nothing that . . . counsel could have

---

[6] To the extent that Cardenas claims that attorneys for other defendants asked harassing and intimidating questions, Cultural Care respectfully directs the Court to Defendants' PO Opposition, which addresses this issue at length. *See* ECF No. 386.

done to avert this situation" (Opposition at 11) is questionable. Cardenas should have been advised by her counsel that as a Plaintiff, she needed to sit for her deposition. If she was so afraid of Cultural Care that she was unable to do so, that should have been known to her counsel much earlier than it ostensibly was, and certainly by the day before the deposition, when Cultural Care's counsel traveled to Philadelphia.

Someone is obviously bearing the cost of this litigation. If the case is being handled on a contingent fee basis, expenses are apparently being covered by the law firm given her protestations of insufficient ability to pay; and no basis exists to treat this expense differently than others that Plaintiffs are incurring while advancing this massive case in which they claim massive damages.

### C.  Cultural Care's Requested Fees Are Not Excessive.

Plaintiffs' cursory attempt to argue that Cultural Care's fees are excessive deserves no serious consideration. Having raised claims that range from FLSA and state wage and hour claims, to antitrust and other causes of action for which they allege a Rule 23 class, they cannot complain that two attorneys worked on the preparation and deposition. One of the attorneys who would have conducted the deposition is a partner with experience in class actions and commercial litigation. Second Declaration of Justin J. Wolosz ("2d Wolosz Decl."), ECF No. 386-19, Ex.1. The other, who assisted, is an associate with experience in FLSA and wage and hour litigation. *Id.*, Ex. 2. Combining efforts was the most efficient way to cover the topics Plaintiffs have raised.

Plaintiffs' granular complaints fare no better. As the hosts, counsel had to be present a few minutes early so that they could greet others, and it required several

minutes after Plaintiffs' counsel arrived to speak on and off the record about Cardenas' absence. Billing 1.3 hours for the deposition, even though Plaintiffs' attorney arrived 45 minutes late, is justified. As for travel time, counsel only billed for time during normal business hours that prevented them from doing other work, which is only fair.

Cultural Care already reduced the rates for its attorneys to those of comparable Denver law firms, and was careful to include in its request only time spent in connection with this deposition. The time is justified and should not be discounted by the Court.

### III. Cultural Care Attempted to Confer while Plaintiffs' Counsel Remained Silent and Provided No Explanation for Cardenas' Absence.

Finally, it is Plaintiffs who should be reprimanded for their failure to confer, as they engaged in a pattern of silence and delay to avoid discussing this motion:

- On August 16, 2016, the day of Cardenas' deposition, Plaintiffs' counsel (Ms. Louis) represented that she would be providing a written explanation of why Cardenas failed to appear, which she never provided. 2d Wolosz Decl. ¶ 5.

- On August 18, Cultural Care's counsel (Ms. Lukey) emailed and asked Plaintiffs' counsel to discuss the matter, or advise if Plaintiffs would consent to this motion. Decl. of Lauren F. Louis ("Louis Decl."), ECF No. 367,, Ex. F.

- On August 23, during a discovery conference, Mr. Wolosz noted that Plaintiffs had failed to respond regarding Cardenas' failure to appear. Ms. Louis said that a response would be forthcoming. 2d Wolosz Decl., ¶ 6.

- On August 25, Plaintiffs' counsel sent an email to Ms. Lukey asking "what you consider to be defendants' reasonable costs." Louis Decl., Ex. G.

- The next day, August 26, Ms. Lukey provided a detailed response that

- included fees and costs for both the deposition and this motion, but noted that Cultural Care was "willing to discuss the fees and costs." Louis Decl., Ex. H.

- Plaintiffs' counsel (Mr. Schwartz) asked if the discussion could be put off until the following Monday, and Cultural Care agreed. When they spoke, Mr. Schwartz asked for "another 48 hours." Louis Decl., Ex. J.

- Although Cultural Care agreed, Plaintiffs did not get back to Cultural Care within 48 hours or thereafter, despite two August 30 emails from Ms. Lukey reminding Plaintiff that Cultural Care needed to move forward. *Id.*

- Cultural Care filed its motion at 1:36 PM (eastern)[7] on August 31, 2016.

Cultural Care took diligent steps and allowed ample time in an attempt to confer with Plaintiffs, but was met with silence or delay. Meanwhile, the time to oppose conditional certification was dwindling, and Plaintiffs had failed to explain why Cardenas did not attend her deposition or what her role in the case would be going forward. This left Cultural Care with no choice but to file this motion. The Court should not reward Plaintiffs for their delay by finding that Cultural Care should have done even more.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be granted, the Court should award Cultural Care its costs and attorneys' fees relating to the deposition in the amount of $28,469.04, and award Cultural Care its costs and attorneys' fees in connection with this Motion in an amount to be determined.

---

[7] Cultural Care's counsel and Cardenas' counsel, Ms. Louis and Mr. Schwartz, all reside and work in the eastern time zone.

10

2010704841_1

Dated: October 14, 2016.

Respectfully submitted,

*s/ Diane R. Hazel*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

## CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on October 14, 2016, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Randall W. Jackson (rjackson@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Boies Schiller & Flexner, LLP
401 East Las Olas Boulevard
Suite 1200
Ft. Lauderdale, FL 33301


Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver
1535 High Street
Suite 300
Denver, CO 80218


                                            *s/ Diane R. Hazel*