# EXHIBIT A TO MOTION FOR LEAVE TO FILE CONSOLIDATED SUR-REPLY

2010718132_1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

  Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

  Defendants.

_____

**DEFENDANTS' CONSOLIDATED SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

## INTRODUCTION

  In a short section of Plaintiffs' Reply Memorandum of Law in Further Support of their Motions for Conditional Collective Action Certification (ECF No. 383) ("Reply"), Plaintiffs have attempted to slip a brand new allegation into this case. Specifically, they contend for the first time that equitable tolling should be applied to extend the statute of limitations governing their FLSA claims. Pursuant to this new theory, Plaintiffs claim that the class should run from July 2009,[1] rather than from July and August of 2013 as they themselves proposed in their two Motions for Conditional Collective Action Certification. Plaintiffs offer no authority that would allow them to double the time period of their putative class in the final pages of a reply brief, months after their deadline to

---

[1] If Plaintiffs have a rationale as to why the class should run from July 2009, seven years prior to the filing of their first Motion for Conditional Certification, they have not expressed it. Given that the statute of limitations for claims under the FLSA is only two years (or three years for willful violations), 29 U.S.C. § 255(a), Plaintiffs' unsubstantiated request for a seven-year look-back period is excessive.

seek certification has passed.  Moreover, their late "equitable tolling" claim is flawed.  Accordingly, the Court should reject Plaintiffs' untimely request to change their class definition, and limit its consideration to the classes Plaintiffs requested in their two Motions for Conditional Collective Action Certification.

## **ARGUMENT**

### I.   **Plaintiffs' Contention that They Have Previously Taken No Position as to the Temporal Definition of the Class Is False.**

In asking the Court to consider their new, revised class, Plaintiffs have inexplicably centered their argument around a statement that is demonstrably false.  Specifically, Plaintiffs state in their Reply that, "Plaintiffs purposely did not define the Proposed Class with temporal limitations in its [sic] opening brief."  Reply at 30, n. 13.  But, on the *first page* of both their First Motion for Conditional Certification and their Second Motion for Conditional Certification, Plaintiffs requested the following relief:

> Plaintiffs seek conditional certification under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), with respect to all current and former *au pairs* who were sponsored by Defendants Cultural Care, Au Pair in America, GoAuPair, or InterExchange ("the FLSA Defendants"), **at any time during the last three (3) years.**[2]

ECF Nos 325 and 330 at 1 (emphasis added).  They then request the Court to order three years of class discovery.  ECF Nos. 325 at 16, 330 at 13-14.  In addition, in the Proposed Notice attached to their First and Second Motions, Plaintiffs define the class as individuals who were *au pairs* during the past three years.  ECF Nos. 325-2 at 2 and 330-2 at 2.  Given the words Plaintiffs put on these pages, their claim now that they

---

[2]   The First Motion for Conditional Certification, ECF No. 325, was filed on July 25, 2016.  The Second Motion for Conditonal Certification, ECF No. 330, was filed on August 15, 2016.

2

strategically decided "not [to] define" the time period of the proposed class is either untrue or indicative of an unacceptable and manipulative strategy to prevent Defendants from being able to address the longer class period in their opposition.  This attempt must be rejected.

II.     **Plaintiffs Are Precluded from Making a Request to Certify a New Class Now.**

What Plaintiffs are really seeking to do, i.e., to *change* the class they seek by more than doubling its duration, is impermissible.  Months ago, the parties stipulated to an August 15, 2016 deadline to move for conditional collective action certification, which subsequently was ordered by the Court.  *See* Scheduling Order ¶ 9(c) (ECF No. 295).  Plaintiffs filed motions on July 25 (ECF No. 325) and August 15 (ECF No. 330), each seeking conditional certification of au pairs sponsored within three years prior to the respective dates of filing.  ECF Nos. 325 and 330 at 1.  Their request in their Reply to certify a different class (more than twice the duration of their previous one) comes two months *after* the deadline passed and is simply too late.  *See* Scheduling Order ¶ 13, ECF No. 295 (ordering that "[t]his scheduling order may only be amended upon a showing of good cause," a showing that Plaintiffs do not even attempt to make).

It is noteworthy that, in analogous circumstances, courts have routinely prohibited parties from offering new argument or evidence in a reply brief.[3]  As one such court explained:

> Plaintiff offered evidence in his reply brief that appears to
> have been available to submit with his motion for conditional

---

[3] If new *evidence* is not allowed in a reply, then certainly an entirely new definition of the class, asserted after the deadline for moving for certification, should not be allowed.

> certification. While plaintiff submitted the evidence in response to defendant's argument that plaintiff had not adequately supported his motion, the court believes that the evidence would have been more properly submitted with plaintiff's motion—not with the reply brief, effectively depriving defendant of the opportunity to respond. . . . The court will consider the merits of plaintiff's motion without considering pages 12-15 of the response or the five exhibits referenced therein.

*Armstrong v. Genesh, Inc.*, No. 11-1161, 2011 WL 6151416, at *1 (D. Kan. Dec. 12, 2011); *see also Brubach v. City of Albuquerque*, 893 F. Supp. 2d 1216, 1237 n.6 (D.N.M. 2012) (declining to consider FLSA theory raised for the first time in a reply because defendants could not have been put on notice by the opening brief). Other courts have more specifically analyzed the issue under the doctrine of waiver, reaching the same conclusion. *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003) ("[The party] first raised this argument in its reply brief. Therefore, this argument is waived."). Such a finding is particularly appropriate when, as Plaintiffs claim here, the new material was *purposefully* not raised until the reply brief. *See In re Cox. Enters. Set-Top TV Box Antitrust Litig.*, 790 F.3d 1112, 1119 (10th Cir. 2015) (affirming waiver where party unnecessarily delayed raising legal arguments and engaged in "improper gamesmanship"); *cf. Sherwood v. BRT Corp.*, No. 12-cv-2782, 2014 WL 5762105, *3 (D. Colo. Nov. 5, 2014) (denying motion where Plaintiff "strategically waited" to raise a new argument and engaged in "hide-the-ball tactics").

Plaintiffs suggest that expanding the FLSA classes at this late stage is proper because InterExchange, the sponsor that placed Beltran, pointed out an obvious defect in Plaintiffs' certification motion. Reply Br. at 30 n.13. Plaintiffs certainly knew the years

4

of Beltran's tenure as an *au pair*, just as they knew the period for which they had asked that the classes be conditionally certified.  That InterExchange picked up on the facts already known to Plaintiffs and pointed out that Beltran, because of the dates of her tenure as an au pair,[4] was not even a member of Plaintiffs' proposed FLSA class, does not constitute a "new argument" of the type that entitles Plaintiffs to redefine the classes in their Reply.  *See, e.g.*, *Silverman v. Prisoner Transp. Servs. of Am., LLC (PTS)*, No. CIV-15-1093-F, 2016 WL 3355334, at *3 & n.2 (W.D. Okla. Apr. 26, 2016) (declining to consider new issue raised in reply brief, citing *In re Gold Resource Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015)).

      Plaintiffs' alternative suggestion, that their equitable tolling request could not have been made earlier because they had not yet uncovered certain evidence (Reply Br. at 30-31 n.13), fares no better.  To the contrary, the key new "evidence" to which Plaintiffs point is their *own* deposition testimony.  *Id.* ("[T]he [equitable tolling] argument is based in part on evidence that was not obtained until after Plaintiffs' had filed their opening briefs, including Plaintiffs' deposition testimony . . . .").  Plaintiffs cannot seriously contend that they learned new information, which they did not know previously, from their own testimony.

---

[4]    Plaintiffs even included the dates of Beltran's tenure in their Motion.  ECF No. 325 at 10.

5

Plaintiffs appear be suggesting that they made a strategic choice to seek a three-year class when they filed their motions,[5] and then to seek to more than double the class period when they filed their Reply. Their tactic should be rejected.

### III.     Plaintiffs Do Not Meet the Requirements for Equitable Tolling.

Moreover, even if Plaintiffs could show that they are not barred from raising equitable tolling now, which they cannot, Plaintiffs have failed to raise sufficient allegations to meet the high bar for equitable tolling. Equitable tolling is to be applied "sparingly." *Adams v. Inter-Con Sec. Sys, Inc.*. 242 F.R.D. 530, 542 (N.D. Cal. 2007). It is only appropriate "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and '[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights.'" *U.S. v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (*quoting Biester v. Midwest Health Servs., Inc*, 77 F.3d 1264, 1267 (10th Cir. 1996)). An alleged "misinterpretation of the applicable law and actions reliant upon that interpretation are not grounds for tolling the statute of limitations under the FLSA." *Redmond v. Chains, Inc.*, 996 P.2d 759, 763-64 (Colo. App. 2000) (*citing Shunney v. Fuller Co.*, 111 F. Supp. 543 (D.R.I. 1953) (FLSA statute of limitations is not tolled where alleged misrepresentations were misrepresentations of law)).[6] Consistent with this principal,

---

[5]     This was a logical choice, given the three year statute of limitations for willful violations. *See* 29 U.S.C. § 255(a).

[6] Plaintiffs in the present case also make the conclusory allegation that, "[t]he Sponsor Defendants further failed to post or provide any notice explaining the FLSA to their *au pairs*, as is required pursuant to 29 CFR §516.4." Reply at 31. Defendants deny that they are employers who are subject to the provisions of 29 CFR §516.4, and no discovery has been sought as to whether host families provided any wage-related

6

equitable tolling is not warranted, for example, simply because an employer allegedly represents to employees that they are not entitled to overtime pay.  *See Hart v. Sandridge Energy, Inc.*, No. 14-178, 2014 WL 2983358, at *3 (W.D. Okla. July 1, 2014).

Given this standard, Plaintiffs have not raised allegations sufficient to justify the "extraordinary" remedy of equitable tolling.  Plaintiffs have amended their complaint twice and still not a single plaintiff has pled the most central requirement for equitable tolling, i.e., that an action taken by the Defendants "made it impossible for her to exercise her rights under the FLSA." *Abdulina v. Eberl's Temp. Servs.*, No. 14-cv-00314, 2015 WL 12550929, *6 (D. Colo. April 27, 2015).  Instead, they have alleged that Defendants' conduct somehow misled them as to their legal rights.  Plaintiffs undisputedly were not misled regarding any of the facts that they now allege in support of their claims:  Each plaintiff knew each week how many hours he or she provided childcare and how much he or she was paid.  *Hart*, 2014 WL 2983358 at *3 (denying remedy of equitable tolling because plaintiffs knew how many hours they worked per week and knew what they were paid in each pay period); *see also Young v. Dollar Tree Stores, Inc.*, No. 11-cv-18402013, 2013 WL 1223613, *2 (D. Colo. March 25, 2013) (rejecting motion for equitable tolling) ("Generally, potential opt-in plaintiffs are presumed to be aware of the **facts and circumstances** of their employment with Dollar Tree, and it is those **facts and circumstances** that allegedly form the basis of each

---

notices to *au pairs*.  Again, though, this argument is inapposite because failure to post or provide notices of rights under the FLSA is not a sufficient basis for equitable tolling. *See Campanelli v. Hershey Co.*, No. 08-1862, 2010 WL 3219501, at *6 (N.D. Cal. August 13, 2010); *Noble v. Serco, Inc.*, No. 3:08-76, 2009 WL 3254143, at *4 (E.D. Ky. Oct. 7, 2009); *Saunders v. City of New York*, 594 F. Supp. 2d 346, 363-64 and n.115 (S.D.N.Y. 2008); *see also Redmond*, 996 P.2d at 763.

7

plaintiff's FLSA claim against Dollar Tree. Generally, their claims accrue when they gain knowledge of these **facts**") (emphasis added). Even if Plaintiffs had evidence that Defendants' conduct somehow misled them about their legal rights—which they do not—and even if the Court found that Plaintiffs sufficiently and timely pled it, Plaintiffs are not entitled to equitable tolling based on misinterpretations or misrepresentations of law. *Shunney*, 111 F. Supp. At 546*; see also Russell v. Easter Seals Soc'y*, No. 96-384-SD, 1997 WL 821975, at *1 (D.N.H. Nov. 20, 1997) ("Plaintiff claims that Easter Seals engaged in such affirmative misconduct by telling plaintiff that their conduct was entirely lawful and that he was not entitled to overtime wages. According to plaintiff, he relied on Easter Seals' misrepresentation, causing him to delay in filing his claim for overtime wages. However, it was unreasonable for plaintiff to rely on a Easter Seals' assertions that their conduct was lawful...").

Moreover, the single, ambiguous[7] statement from Lusapho Hlatshaneni, which is the only piece of evidence Plaintiffs offer to support their equitable tolling argument (Reply at 31), is insufficient.[8] As this Court has held, even if one potential plaintiff

---

[7] Plaintiffs' Reply alleges that Ms. Hlatshaneni was warned by a "sponsor" "that she could lose her visa if she accepted anything more," citing her deposition testimony about a declaration she had filed with the Court (Doc. No. 325-1 at 23, ¶ 3). (Reply p. 31, Ex. A hereto (Hlatshaneni Dep. Ex. 29, ¶3)) Ms. Hlatshaneni agreed at her deposition that she "understood the rule to be that you were not to accept any additional wages outside of what you would be earning from the host family..." (Ex. B, Hlatshaneni Tr. 63:25 – 64:4). This testimony is consistent with the law, whereas participation in the program is subject to termination when an *au pair* engages in unauthorized employment. 22 C.F.R. § 62, 40(b). Not only is her statement ambiguous, it concerns a representation of law.

[8] Plaintiffs also allege that the doctrine of equitable tolling is appropriate because "the employees in question had difficulty speaking English." Reply at 32. However, there is no fact in the record that supports this conclusory statement; to the contrary, English-

8

shows that his or her circumstances may justify equitable tolling, "[t]here is no basis, however, to assume, *a fortiori*, without any evidence, that all opt-in plaintiffs or potential opt-in plaintiffs in this case somehow have been prevented from filing a timely FLSA claim. . ." *Kinne v. Rocky Mountain EMS, Inc.,* No. 12-cv-02710, 2013 WL 4871751, at *2 (D. Colo. Sept. 11, 2013); *see also Young*, 2013 WL 1223613 at *2.  Plaintiffs offer no class-wide evidence that would support equitable tolling.  Tellingly, Beltran, the only Plaintiff who falls outside the three-year statute of limitations and the time period requested in Plaintiffs' Motions, has not pled any facts to satisfy the elements for equitable tolling.

Plaintiffs' vague and conclusory statements in their reply are simply insufficient to justify the application of equitable tolling.  *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754 (N.D. Tex. 2013) (finding that general allegations that defendant interfered with plaintiffs' ability to pursue their claim were insufficient to establish the "rare and exceptional circumstances" to justify equitable tolling).

## **CONCLUSION**

For the reasons set forth herein and in Defendants' previously filed oppositions, Plaintiffs' Motion for Conditional Collective Action Certification should be denied.  If it is allowed over Defendants' strong objection, the means of notice should at very least be limited to regular mail and electronic mail, and the content of the notice should be amended to reflect Defendants' proposed form of notice (ECF Nos. 359-6 and 359-7).

---

language proficiency is a requirement of the *au pair* program.  *See* 22 C.F.R. 62.31(d)(3).  At any rate, even if any plaintiff or potential plaintiff had difficulty with the English language, there is no allegation anywhere in this case that language difficulties precluded anyone from filing an FLSA claim.

9

Dated:  October 24, 2016

Respectfully submitted,

*s/ Diane Hazel*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

*s/ Kathryn A. Reilly*
Kathryn A. Reilly (reilly@wtotrial.com)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

***Attorneys for Defendants Agent Au Pair and American Cultural Exchange, LLC d/b/a Go Aupair***

*s/ Brian Alan Birenbach*
Brian Alan Birenbach
(brian@rietzlawfirm.com)
Rietz Law Firm

10

LLC P.O. Box 5268
114 Village Place #301
Dillon, CO 80435

***Attorneys for Defendants American Cultural Exchange, LLC d/b/a Go Aupair and Au Pair International, Inc.***

*s/ Susan M. Schaecher*_____
Lawrence L. Lee, Esq.
(llee@laborlawyers.com)
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

***Attorneys for Defendants APF Global Exchange, NFP and American Institute for Foreign Study d/b/a Au Pair in America***

*s/ Bogdan Enica*_____
Bogdan Enica (Bogdan@expertaupair.com)
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701

***Attorney for Defendant Expert Group International, Inc. d/b/a Expert Au Pair***

*s/ Brian P. Maschler*_____
Brian P. Maschler
(bmaschler@gordonrees.com)
Gordon & Rees, LLP-San Francisco
275 Battery Street, Suite 2000 San Francisco, CA 94579

John R. Mann (jmann@gordonrees.com)
Peggy E. Kozal (pkozal@gordonrees.com)
Thomas Baker Quinn
(tquinn@gordonrees.com)

11

Gordon & Reese LLP
555 17th Street, Suite 3400
Denver, CO 80202

***Attorneys for Defendant AuPairCare, Inc.***

*s/ Brooke A. Colaizzi*_____
Brooke A. Colaizzi
(bcolaizzi@shermanhoward.com)
Heather F. Vickles
(hvickles@shermanhoward.com)
Raymond M. Deeny
(rdeeny@shermanhoward.com)
Erica Lynn Herrera
(eherrera@shermanhoward.com)
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

***Attorneys for Defendant InterExchange, Inc.***

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on October 24, 2016, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Randall W. Jackson (rjackson@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Boies Schiller & Flexner, LLP
401 East Las Olas Boulevard
Suite 1200
Ft. Lauderdale, FL 33301


Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver
1535 High Street
Suite 300
Denver, CO 80218


*s/ Diane Hazel*

13