IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

       Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

       Defendants.

**GO AU PAIR'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

Defendants American Cultural Exchange, LLC d/b/a Go Au Pair and Go Au Pair Operations LLC (collectively, "Go Au Pair") submit this sur-reply in opposition to Plaintiffs' Motion for Conditional Collective Action Certification ("Motion") [ECF No. 325]. In addition to the arguments made herein, Go Au Pair joins and adopts, as if fully set forth herein, all arguments and objections raised in Defendants' Consolidated Sur-Reply Memorandum of Law in Further Opposition to Plaintiffs' Motion for Conditional Collective Action Certification [ECF No. 404].

## INTRODUCTION

Plaintiffs' Motion rests on the assertion that the FLSA Defendants each implemented a single, commonly-applicable policy by "uniformly mandating that au pairs be paid $195.75 per week." (Pls.' Reply Mem. of Law in Further Support of Their Mot. for Conditional Collective Action Certification ("Reply") at 1, ECF No. 383.) But, as

demonstrated in Go Au Pair's opposition brief, Gonzalez does not offer substantial allegations or evidence showing that Go Au Pair had such a policy, and the available evidence—now supplemented by Gonzalez's own deposition testimony—undisputedly shows that her host family, not Go Au Pair, decided to pay her a different amount. (Def. Am. Cultural Exchange, LLC d/b/a Go Au Pair's Opp. to Pls.' Mot. for Conditional Collective Action Certification ("Go Au Pair's Opposition) at 4-6.) Thus, her Motion should be denied.

## **ARGUMENT**

Neither Gonzalez's allegations nor the new evidence she cites shows that she is similarly situated to the other putative class members, which include only other Go Au Pair-sponsored au pairs. As stated in Go Au Pair's Opposition, Gonzalez has not provided a single declaration from, or even a single allegation about, any other au pair sponsored by Go Au Pair.[1] (Opp. at 4.) Her Reply does not dispute this. Thus, her allegations are not enough to meet her burden on conditional certification.

Perhaps recognizing this, Gonzalez attempts to buttress her position by selectively citing documents and deposition testimony obtained after Go Au Pair filed its

---

[1] Although Gonzalez need not "identify other au pair[s] who will join this lawsuit" (Reply at 13 (emphasis added) (citing authority supporting only that proposition), she must still present substantial allegations showing that other Go Au Pair-sponsored au pairs are subject to a single policy implemented by Go Au Pair. See *Thiessen v. Gen Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). To meet this burden, she must do more that make allegations or present evidence about her own experience, which standing alone fails to give rise to an inference that other Go Au Pair-sponsored au pairs are similarly situated. (Opp. at 4-6 & n.5.)

Opposition.[2] (*See* Reply at 7, 10.) This evidence, however, does not show that Go Au Pair implemented the alleged common policy on which the Motion rests, *i.e.*, a practice of "mandating that au pairs be paid $195.75 per week." (Reply at 1; *see also* Opp. at 4-6.) Nor does it contradict the evidence Go Au Pair presented in its Opposition, which establishes that Gonzalez's host family—not Go Au Pair—determined the amount of her weekly stipend, or Gonzalez's own admission that she received something other than the supposedly mandated wage. In fact, Gonzalez's deposition testimony confirms both of these facts—she repeatedly acknowledged that her host family decided to pay her $200 per week, as opposed to the $195.75 Go Au Pair allegedly required. (*See* Deposition of Ivette Alexandra Gonzalez ("Gonzalez Dep."), attached hereto as **Exhibit A-1**, at 9:6-11, 103:25-104:2 (discussing Deposition Exhibit 107), 116:14-19; Dep. Ex. 107, Go Au Pair Orientation Package at 1, attached hereto as **Exhibit A-2**.)

First, citing her deposition testimony, Gonzalez argues that Go Au Pair "approved" "her host family's decision" to pay her $200 per week. (Reply at 10.) But this gloss on her testimony does not negate her own admission that it was her host family, not Go Au Pair, who decided the amount of her weekly stipend. (*See* Ex. A-1, Gonzalez Dep. at 104:3-6 ("Q: Is that [$200] what Mrs. Sanders said when she was asked what the stipend would be? A: Yes, ma'am."), 116:14-19 (stating, about her host family, "They were the ones who said 200, yes . . . . They were the ones that said that.").) Nor

---

[2] Notably, the passages discussing this evidence constitute the <u>only</u> portions of the Reply that address Go Au Pair specifically. Gonzalez, in fact, does not even respond to the unique contract-based arguments raised in Go Au Pair's Opposition. (*See* Opp. at 4-6.)

3

does it contradict documentary evidence showing the same. (*See* Opp. at 5-6.) Similarly, given that host families had discretion in setting an au pair's stipend, the fact that Gonzalez testified that she was aware of two other Go Au Pair-sponsored au pairs that were paid $195.75 per week does not show that those au pairs were "similarly situated." *See Blaney v. Charlotte-Mecklenburg Hosp. Auth.,* No. 3:10-cv-592, 2011 WL 4351631, at *7 (W.D.N.C. Sept. 16, 2011) (denying conditional certification because plaintiffs failed to show implementation of a common policy when the alleged policies were "actually left to the discretion" of individual units and management staff); *Eng-Hatcher v. Sprint Nextel Corp.,* No. 07 Civ. 7350(BSJ), 2009 WL 7311383, at *4 (S.D.N.Y. Nov. 13, 2009) ("The reliance on limited anecdotal hearsay does not persuasively show that [defendant] likely has a common plan or practice, implemented through individual store managers, requiring [employees] to work uncompensated overtime at many of its 1,200 locations."). Gonzalez does not respond to this argument or attempt to distinguish the supporting authorities cited in Go Au Pair's Opposition.

Second, quoting ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Moreover, there is nothing in this document to suggest that Go Au Pair <u>required</u> host families to pay their au pairs $195.75, as Plaintiffs allege.

4

And, third, Gonzalez argues that Go Au Pair's website and the international agency Gonzalez first contacted both advise potential au pairs that they will be paid $195.75 without explaining that this amount is a minimum requirement. (Reply at 7, 10 & n.5.) Once again, however, this "evidence" does not alter the admitted fact that Gonzalez's own host family chose to pay her a different amount, and had the discretion to do so.

Accordingly, neither Gonzalez's allegations nor the evidence she presents show that either she or other Go Au Pair-sponsored au pairs are subject to an alleged common practice of "mandating that au pairs be paid $195.75 per week." (Reply at 1.) Gonzalez, therefore, has failed to show that she is similarly situated to the putative class members, and the Court should deny conditional certification of the Go Au Pair classes.

## **CONCLUSION**

For the reasons stated above, and in Go Au Pair's Opposition, Gonzalez's motion to conditionally certify the proposed Go Au Pair classes for collective-action treatment should be denied.

Dated: October 25, 2016.

Respectfully submitted,

s/ Kathryn A. Reilly
Kathryn A. Reilly
Grace A. Fox
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: Reilly@wtotrial.com
Fox@wtotrial.com

Attorneys for Defendants American Cultural Exchange, LLC d/b/a GoAuPair and Go Au Pair Operations LLC

### CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on October 25, 2016, I electronically filed the foregoing GO AU PAIR'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record:

s/ Claudia Jones