IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

| | | | |
|---|---|---|---|
| Civil Action No: | 14-cv-03074-CMA-KMT | Date: | October 25, 2016 |
| Courtroom Deputy: | Sabrina Grimm | FTR: | Courtroom C-201 |

*Parties:*  *Counsel:*

JOHANA PAOLA BELTRAN, Lauren Louis
LUSAPHO HLATSHANENI, Peter Skinner
BEAUDETTE DEETLEFS, Nina DiSalvo
DAYANNA PAOLA CARDENAS CAICEDO, and
ALEXANDRA IVETTE GONZALEZ,
SARAH CAROLINA AZUELA RASCON,
LAURA MEJIA JIMENEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM, and those similarly situated,

　　Plaintiffs,

v.

INTEREXCHANGE, INC, Brooke Colaizzi
　　　　　　　　　　　　　　　　 Heather Vickles
　　　　　　　　　　　　　　　　 Joseph Hunt
USAUPAIR, INC., No Appearance
GREAT AUPAIR, LLC, No Appearance
EXPERT GROUP INTERNATIONAL INC., d/b/a Bogdan Enica (by telephone)
Expert AuPair,
EURAUPAIR INTERCULTURAL CHILD CARE David Meschke
PROGRAMS, Martha Fitzgerald
CULTURAL HOMSTAY INTERNATIONAL, Adam Hubbard
　　　　　　　　　　　　　　　　 James Hartley
　　　　　　　　　　　　　　　　 Jonathan Bender

CULTURAL CARE, INC. d/b/a Cultural Care Au Pair, Diane Hazel
　　　　　　　　　　　　　　　　 James Lyons
　　　　　　　　　　　　　　　　 Joan Lukey
　　　　　　　　　　　　　　　　 Justin Wolosz (by telephone)
　　　　　　　　　　　　　　　　 Lyndsey Kruzer (by telephone)
AUPAIRCARE INC., Peggy Kozal
　　　　　　　　　　　　　　　　 Thomas Quinn
　　　　　　　　　　　　　　　　 Brian Maschler (by telephone)
AU PAIR INTERNATIONAL, INC., Kathryn Reilly
AMERICAN CULTURAL EXCHANGE, LLC, d/b/a/
GoAuPair,

| | |
|---|---|
| GOAUPAIR OPERATIONIS, LLC, d/b/a GoAuPair, AGENT AU PAIR, | |
| APF GLOBAL EXCHANGE, NFP, d/b/a AuPair Foundation, | Susan Schaecher |
| AMERICAN INSTITUTE FOR FOREIGN STUDY d/b/a Au Pair in America, | |
| A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC d/b/a/ ProAuPair, and | Lawrence Stone (by telephone) |
| 20/20 CARE EXCHANGE, INC. d/b/a The International Au Pair Exchange, | |

    Defendants.

## COURTROOM MINUTES

**MOTION HEARING**

**1:36 p.m.    Court in session.**

Court calls case.  Appearances of counsel.

Discussion and argument regarding Plaintiff Dayanna Cardenas Caicedo's failure to appear at a scheduled deposition and awarding attorneys' costs and fees related to the preparation of the deposition.

**ORDERED:   Motion of Defendant Cultural Care, Inc. for Sanctions Pursuant to Rule 37(d), and Incorporated Memorandum [337] is GRANTED IN PART. Defendant Cultural Care is awarded costs and attorney fees, jointly and severally against Plaintiff Dayanna Paola Cardenas Caicedo and the law firm of Boise, Schiller & Flexner, incurred in the preparation of Ms. Cardenas Caicedo's deposition in the amount of $19,807.19.**

**ORDERED:   The court RECOMMENDS that Plaintiff Dayanna Paola Cardenas Caicedo be dismissed as agreed to by the parties.**

**ADVISEMENT TO THE PARTIES:**

Within fourteen days after service of a copy of the Recommendation, in this case the Recommendation that Plaintiff Dayanna Paola Cardenas Caicedo be dismissed as a named Plaintiff, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); In re Griego, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the

objection will not preserve the objection for de novo review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla., 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. See Vega v. Suthers, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); One Parcel of Real Prop., 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review); Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc., 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); Ayala v. United States, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). But see Morales-Fernandez v. INS, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Discussion and argument regarding the relevancy of questions inquiring into time which the Plaintiffs spent outside of their hours engaging in child care work.

**ORDERED:   Plaintiffs' Motion for Protective Order [365] is DENIED, as discussed.**

**ORDERED:   AUPAIRCARE INC.'s oral motion to reconsider the court's previous ruling with respect to asking questions about an au pair's immigration status is DENIED.**

**ORDERED:   Plaintiffs' oral motion to file a response to Defendants' Motion for Leave to File a Consolidated Sur-Reply Memorandum of Law in Further Opposition to Plaintiffs' Motion for Conditional Collective Action Certification [404] is GRANTED.  Plaintiff shall file a response by October 26, 2016.**

**3:53 p.m.   Court in recess.**

Hearing concluded.
Total in-court time    02:17

*To obtain a transcript of this proceeding, please contact Stevens-Koenig Reporting at 303-988-8470.