**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

    Plaintiffs,
v.

INTEREXCHANGE, INC., *ET AL.*

    Defendants.

---

**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS'
MOTION TO FILE A SUR-REPLY (DKTS. 404 and 407)**

---

**PRELIMINARY STATEMENT**

    In their reply in further support of their motion for conditional class certification, Plaintiffs argued that discovery and the notice period should run from July 2009 under equitable tolling principles. Because equitable tolling was not addressed in the Plaintiffs' opening brief, Defendants have sought leave to respond in a consolidated sur-reply. Plaintiffs do not agree that this is the type of new argument for which a sur-reply is warranted, as it was made in response to arguments presented for the first time in Defendants' opposition memoranda. Nevertheless, Plaintiffs do not object to Defendants' application to file a consolidated sur-reply addressing whether a class should be conditionally certified from July 2009—that is, Points I and II of Defendants' proposed consolidated sur-reply brief. (Dkt. 404, Ex. A at 2-6). Plaintiffs object to

Defendants' application to file a consolidated sur-reply addressing the merits of Plaintiffs' equitable tolling argument (Point III of Defendants' proposed consolidated sur-reply brief), however, as it is premature to address the merits while discovery is ongoing.

In addition, Defendant GoAuPair has sought leave to file a sur-reply brief to address evidence presented in Plaintiffs' Reply (Dkt. 407).  While the evidence presented was not in support of new legal arguments, and arguably was not even new, Plaintiffs do not object to GoAuPair's filing of a sur-reply, with the exception of the arguments in GoAuPair's proposed sur-reply relating to GoAuPair's website.  The website evidence was included in Plaintiffs' original motion, is not new, *see* Dkt. 325, at 14, and is not properly addressed in a sur-reply.

**A.    Background**

In their Complaint, Plaintiffs defined the FLSA classes without start dates.  *See* Dkt 101 at ¶¶ 458, 459, 461, 463.  In their brief in support of conditional collective action certification, Plaintiffs again defined each class of employees without a time limit—*see* Dkt 325 at 3.  This was intentional, as Plaintiffs believed putative class members with claims that fell outside the applicable statute of limitations would be able to bring claims under an equitable tolling theory because Defendants concealed Plaintiffs' rights under the FLSA from Plaintiffs.[1]

---

[1]    In the Introduction to their opening brief, Plaintiffs stated erroneously that conditional certification was sought for *au pairs* who were employed by the Sponsors "at any time during the last three (3) years").  (Dkt 325 at 1).  This language tracked a three-year temporal limit that Plaintiffs likewise erroneously included in their original proposed notice but did not track the relief request in the body of their opening brief.

Plaintiffs' intent to extend the class period beyond the FLSA limitations period was apparent to at least some of the Defendants. Indeed, Expert AuPair objected to the absence of a start date. *See, e.g.*, Dkt. 375 at 3-4 ("Notably the first proposed class does not have a start date and it is defined without accounting for the FLSA statute of limitations"). At the same time, another defendant, InterExchange, seized on the three-year period included in Plaintiffs' proposed notice, arguing that Plaintiff Johanna Beltran could not be a member of a class beginning on July 25, 2013 because she stopped working in November 2012. (Dkt. 355 at 4). In response to all of Defendants' objections, Plaintiffs argued in their reply that the class period should not have a start date because the statute of limitations on their claims should be equitably tolled.[2]

Defendants now seek leave to file a sur-reply responding to the equitable tolling argument presented in Plaintiffs' reply. Defendants would raise two primary arguments in their proposed consolidated sur-reply: first, that Plaintiffs should not be permitted to argue for an "expansion" of the FLSA classes described in the Introduction of their opening brief and the attached proposed notice; and second, that, on the merits, Plaintiffs have not met the requirements for equitable tolling.

---

(*Compare* Dkt. 325 at 1 and *id.* Ex. 2 *with id.* at 3-4). Defendants observe that Plaintiffs stated in their conditional class certification reply brief that they did not define the class temporally in their opening brief. *See* Dkt. 383 at 30, n.13. Although that statement was accurate as to the body of the brief, it was inaccurate with respect to the Introduction, as Defendants correctly note.

[2]   Plaintiffs nonetheless proposed in their reply that discovery and the notice run from July 2009, when the Defendants began mandating the $195.75 stipend, in recognition of the burden that may arise were discovery pushed back to the beginning of the *au pair* program.

Defendant GoAuPair also moved separately (Dkt. 407) for leave to file an additional sur-reply in response to deposition evidence and documents cited in the Plaintiffs' conditional class certification reply.[3]

**B.   Applicable Law**

"Surreplies are typically not allowed…[and] are permitted in rare cases, but not without leave of court." *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004). While the nonmoving party may sometimes be allowed to respond to new materials raised for the first time in a movant's reply, *see Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005), when a reply includes arguments made directly in response to arguments raised in an opposition to a motion, no sur-reply is permitted, as the arguments in the reply are not properly characterized as "new".  *See, e.g.*, *Gates Corp. v. Dorman Prod., Inc.*, No. 09-cv-02058-CMA-KLM, 2009 WL 4675099, at *2 (D. Colo. Dec. 7, 2009) (finding that legal arguments in a reply brief should not be considered "new" where they are in "direct rebuttal" to arguments raised in response brief); *Altamirano v. Chem. Safety & Hazard Investigation Bd.*, 41 F. Supp. 3d 982, 994 (D. Colo. 2014) (refusing to allow motion to strike or in alternative to file sur-reply where arguments not "new" because "they rebut matters that plaintiff has put in issue."); *COPE v. Kansas State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1240 (D. Kan. 2014) ("This is not new argument but instead responds to an argument made by plaintiffs in their Memorandum in Opposition.  Plaintiffs contend that they have not had an opportunity to oppose defendants' argument on this point … but allowing plaintiffs to file a sur-reply in

---

[3]   Seeking as many bites at the proverbial apple as possible, GoAuPair has also joined Defendants' Motion for leave to file a consolidated sur-reply.  *See* Dkt. 404 at 1.

response to an argument that is not "new" contradicts our rules governing briefing on motions"). A proposed sur-reply also should not be allowed which "advances new legal argument and expands arguments that [the movants] made or could have made in their Memorandum of Opposition." *U.S. ex rel. Thomas v. Black & Veatch Special Projects Corp.*, No. 11-2475-DDC-JPO, 2015 WL 3570661, at *6 (D. Kan. June 5, 2015).

**C. Discussion**

  **1. Defendants' Motion for a Consolidated Sur-Reply**

In their conditional class certification reply, Plaintiffs discussed the appropriate time period for the class in response to InterExchange's argument that Ms. Beltran is not a member of the putative class (Dkt 383 at 18) as well as in response to Defendants' broader arguments that discovery and the class period should be confined to the FLSA's three-year limitations period (*id.* at 30-31). The equitable tolling argument therefore was not "new" such that a sur-reply is warranted. Certainly with respect to Expert AuPair's objection to the lack of time limits, Plaintiffs may explain in their reply why the FLSA's limitations period is not controlling. Likewise, the equitable tolling argument was presented in response to InterExchange's opposition argument that Ms. Beltran falls outside the class period. This is the very nature of a reply—to respond to arguments presented in an opposition. *See Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D. Kan. 1998) ("The general rule against sur-replies and other post-reply briefing fairly and reasonably assists the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word....At some point briefing must cease.") (internal quotation omitted).

5

Defendants further are not prejudiced by Plaintiffs' presentation of the equitable tolling argument on reply.  Plaintiffs are not arguing that their FLSA claims are *in fact* equitably tolled, but rather that a class should be *conditionally* certified to reflect the likelihood that some members of the putative class may have valid equitable tolling arguments.  *See Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (approving conditional certification of a collective action over defendants' objections to the inclusion of claims outside the two-year statute of limitations, noting that challenges to the timeliness of the claims of certain plaintiffs, including the named plaintiff, can be addressed *after* the completion of discovery, during the second phase of the collective action certification process).  Indeed, an expanded class in the future is always a possibility given the possible emergence of new plaintiffs with equitable tolling arguments regardless of the notice that is sent out at this stage or the scope of the class that is *conditionally* certified.

On the other hand, there is potential prejudice to would be members of the FLSA classes if the class were restricted to a three-year period, as fewer potential plaintiffs would receive notice of this lawsuit.  As a result, courts routinely default to broader class periods, to account for the possibility that, with further discovery, equitable tolling will be appropriate.  *See*, *e.g.*, *Abrams v. City of Albuquerque*, No. 10-0872 MV-RHS, 2014 WL 11497810 at * 5 (D.N.M. June 26, 2014) (collecting cases, and stating that "[t]hese courts cast a wide net to avoid excluding putative class members whose claims seemingly fall outside of the statute of limitations but who might have viable claims under the doctrine of equitable tolling); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767

6

F. Supp. 2d 445, 451 (S.D.N.Y. 2011) ("Plaintiffs allege that equitable tolling may extend the statute of limitations for certain prospective plaintiffs. Therefore, it is appropriate for notice to be sent to the larger class of prospective members, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date").

Nevertheless, Plaintiffs do not object to Defendants' application for a sur-reply to address (1) whether Plaintiffs have previously taken no position on the temporal limits of the proposed class or (2) whether Plaintiffs are precluded from making an equitable tolling argument because Plaintiffs erroneously included inconsistent language on the scope of the FLSA classes in their opening motion, as described above.

Plaintiffs do, however, object to Defendants' proposed briefing on the merits of Plaintiffs' equitable tolling argument at this point in the litigation. Plaintiffs have not argued that their claims are in fact equitably tolled; indeed, the timeliness of specific claims by class members is not yet at issue. Moreover, Plaintiffs' motion for conditional certification does not turn on equitable tolling. It is sufficient at this stage that Plaintiffs have raised substantial allegations to justify discovery and notice of a class beyond the presumptive three-year statute of limitations.

Indeed, equitable tolling is a concept often considered and applied by courts in the collective action context because the FLSA statute of limitations continues to run until a plaintiff "opts in" by filing a form consenting to join the litigation. *See Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1180-81 (D. Colo. 2012). Thus, before the actual certification of a class, courts are frequently confronted in the FLSA

context with questions of how far to extend the period of discovery and how widely to send the notice.  When the circumstances and allegations justify doing so, courts favor sending out broader notice with the recognition that the class may later be decertified in part if the plaintiffs are unable to justify equitable tolling. *See*, *e.g.*, *Whitehorn* 767 F. Supp. 2d at 451 (S.D.N.Y. 2011).

As a result, Defendants' request to address the merits of whether Plaintiffs have a sufficient basis for equitable tolling is premature, and should take place at the close of discovery.

**2. GoAuPair's Motion for a Sur-Reply**

GoAuPair has also sought leave to file an additional sur-reply to respond to "new" materials presented in Plaintiffs' Reply.  While GoAuPair's motion does not identify the pieces of documentary evidence to which GoAuPair objects, the proposed sur-reply describes three items: 1) deposition testimony by Ivette Alexandra Gonzalez; 2) an e-mail from Bill Kepler describing instructions given to *au pairs* for filling out tax forms; and 3) statements made by Go Au Pair (on its website) and by an international partner regarding the stipend paid by Go Au Pair.

None of these pieces of evidence were offered in support of new legal argument. The portions of Ms. Gonzalez's deposition cited by GoAuPair are consistent with and nearly identical to Ms. Gonzalez's declaration, which was attached to the original motion. (Compare Dkt 383 at 10 with Dkt. 325, Louis Decl., Ex. A).  The document describing tax forms was produced to Plaintiffs on September 9, 2016, after Plaintiffs had filed the original motion but before GoAuPair filed its opposition, and is also directly

responsive to the declaration attached to GoAuPair's opposition, which asserts that GoAuPair does not have a policy of setting a uniform wage.  *See* Dkt 359-1.  Finally, Plaintiffs' argument that "GoAuPair's website and the international agency Gonzalez first contacted both advise potential au pairs that they will be paid $195.75," Dkt 407-1 at 5, is wholly consistent with arguments Plaintiffs have made throughout this case, including in the original motion.  *See* Dkt 325 at 14 ("On its website, GoAuPair defines '[the weekly stipend' as 'the term for the wages paid to the *Au Pair* by the Host family' and sets the amount at $195.75").

As both the deposition testimony and the e-mail from Bill Kepler were first presented on reply, however, Plaintiffs do not object to permitting Defendant GoAuPair to address that evidence in a sur-reply, despite GoAuPair's having themselves participated in scheduling the deposition for a time after their opposition was due, and despite their having only produced the e-mail after the original motion was brought. Neither do Plaintiffs object to GoAuPair's proposed sur-reply addressing statements made by GoAuPair's international partner agency.  However, Plaintiffs do object to GoAuPair's further argumentation regarding the language on GoAuPair's website, as this evidence is in no way "new."

## Conclusion

For the foregoing reasons, Plaintiffs do not object to the filing of Points I and II of Defendants' proposed consolidated sur-reply brief but Plaintiffs oppose the filing of Point III.  Further, Plaintiffs do not object to GoAuPair's proposed saur-reply, except to

9

the extent that it addresses website evidence that was not presented for the first time on reply.

Dated: New York, New York
      October 26, 2016

                      Respectfully Submitted,

                      BOIES, SCHILLER & FLEXNER LLP

                      /s/ Peter M. Skinner
                      Matthew L. Schwartz
                      Peter M. Skinner
                      Randall W. Jackson
                      575 Lexington Avenue
                      New York, New York  10022
                      Tel: (212) 446-2300
                      Fax: (212) 446-2350
                      mlschwartz@bsfllp.com
                      pskinner@bsfllp.com
                      rjackson@bsfllp.com

                      Sigrid S. McCawley
                      Lauren Fleischer Louis
                      401 East Las Olas Blvd., Suite 1200
                      Fort Lauderdale, Florida  33301
                      Tel.: (954) 356-0011
                      Fax: (954) 356-0022
                      smccawley@bsfllp.com
                      llouis@bsfllp.com

                      Alexander Hood
                      TOWARDS JUSTICE
                      1535 High Street, Suite 300
                      Denver, Colorado  80218
                      Tel: (720) 239-2606
                      Fax: (303) 957-2289
                      alex@towardsjustice.org
                      *Attorneys for Plaintiffs*

## Certificate of Service

I hereby certify that on October 26, 2016, I served a true and correct copy of the forgoing on all counsel of record via the Court ECF system pursuant to F.R.C.P. 5.

        /s/ Peter M. Skinner
Peter M. Skinner