IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

_____

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A CONSOLIDATED SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFFS' MOTIONS FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

    Plaintiffs do not oppose the Moving Defendants'[1] motion for leave to file a sur-reply with respect to Sections I and II of the proposed sur-reply.  *See* Plaintiffs' Partial Opposition to Defendants' Motion to File a Sur-Reply (ECF No. 414) ("Opposition") at 1, 7.  Yet they oppose the filing of Section III, claiming that these four pages address the viability of Plaintiffs' new equitable tolling theory, and the Court may not consider that question at this time.  *Id.* at 1-2, 7-8.  Plaintiffs' claim is incorrect, and they should not be permitted to prevent Defendants' legitimate argument in this manner.

    First, it is noteworthy that, rather than simply opposing the motion for leave to file a sur-reply, Plaintiffs respond substantively to arguments in the proposed sur-reply itself.  In doing so, Plaintiffs are, in effect, submitting additional argument in support of their motions for conditional collective action certification.  They should not be permitted

---

[1] Defined terms not otherwise defined herein have the same meaning set forth in Defendants' Motion for Leave to File a Consolidated Sur-Reply Memorandum of Law in Further Opposition to Plaintiffs' Motions for Conditional Collective Action Certification (ECF No. 404).

to make their argument and at the same time prevent Defendants from doing so. For this reason alone, Defendants' motion should be granted so that the sur-reply may be filed in its entirety.

Second, Plaintiffs cannot fundamentally change their requested class definition, expanding the time period to more than twice their request, by claiming in a footnote on this procedural motion that they made a mistake. Opposition at 2-3, n.1. The suggestion that Plaintiffs' counsel accidentally defined a three-year class in two motions for conditional certification and two proposed notices, when they really meant to leave the time period undefined, is dubious at best. Moreover, this suggestion is inherently incompatible with Plaintiffs' argument that they argued equitable tolling in response to InterExchange's argument that Plaintiff Beltran was outside the proposed class based on the dates of her tenure as an au pair. If Plaintiffs truly made a mistake, they do not explain why they felt compelled to argue equitable tolling in response to InterExchange's argument rather than simply stating that the three-year class period upon which InterExchange's argument was based was an error. Regardless, the class definition is far too significant to allow this kind of fundamental change, based on an "explanation" buried in a footnote, in an opposition to a motion for leave to file a sur-reply. The Court should disregard Plaintiffs' "explanation" and consider their motions for conditional certification based upon the class that they requested in their motions.

Third, Plaintiffs' suggestion that equitable tolling is not a new issue raised for the first time in their Reply, and that there is no prejudice to Defendants from raising the issue late, is simply wrong. Opposition at 5-7. Nothing on the face of their motions for

2

conditional certification could reasonably be construed to have put Defendants on notice that Plaintiffs would claim equitable tolling, which they did not allege in any of their three complaints, which they did not allege in their class definition, and which would expand the proposed class to begin years before the date Plaintiffs expressly said it would begin.

Finally, even if Plaintiffs had validly raised equitable tolling, they are wrong in contending that the Court cannot consider whether there is any basis for such tolling at this time. Opposition at 7-8. To the contrary, Plaintiffs bear the burden – even at the conditional certification phase – of showing that equitable tolling is appropriate. *See Gordon v. Kaleida Health*, No. 08-CV-378S, 2009 WL 3334784, at *13 (W.D.N.Y. Oct. 14, 2009) (rejecting plaintiffs' request to notify an expanded class because "Plaintiffs have not met their burden of demonstrating the existence of circumstances warranting equitable tolling"). As Defendants discuss in more detail in Section III of their sur-reply, Plaintiffs have not raised any factual allegation in any of their three complaints or in any filing with this Court to support the notion that equitable tolling should apply to this case. Plaintiffs attempt to deflect the issue by saying that "discovery is ongoing." Opposition at 2. However, this argument misses the point: Plaintiffs have not pled any facts supporting equitable tolling, and Plaintiffs have not produced any documents or interrogatory responses that support equitable tolling. The depositions of several named Plaintiffs have revealed no facts that support equitable tolling. Without specific facts that support the remedy of equitable tolling, Plaintiffs must not be allowed to proceed with an expanded conditional class. *See Abdulina v. Eberl's Temp. Servs.*, No.

3

14-cv-00314, 2015 WL 12550929, at *6 (D. Colo. April 27, 2015) (rejecting equitable tolling at conditional certification phase because plaintiff's motion "focuses on the propriety of equitable tolling, but fails to identify any specific facts that support the application of the doctrine to this action.").

Equitable tolling is an "extraordinary" remedy, and the Court must address the merit of Plaintiffs' argument in order to determine whether expansion of the proposed conditional class is appropriate. *See Rojas v. Garda CL Se., Inc.*, 297 F.R.D. 669, 680 (S.D. Fla. 2013) (reviewing equitable tolling on its merits at the same time as motion for conditional certification and rejecting equitable tolling because "Plaintiffs have made no showing of extraordinary circumstances"). Conditional certification provides Plaintiffs an opportunity to notify potential class members who the Court believes are likely to have claims similar to the named Plaintiffs; it is not a fishing expedition in which Plaintiffs are entitled to send notice to any former *au pair* from any time period they choose in order to see if they can find someone who may have an argument that his or her claim should be equitably tolled. For these reasons, the Court should consider Defendants' sur-reply in its entirety and should not grant Plaintiffs' request that the Court ignore the merits argument in Section III. *See, e.g., Abdulina*, 2015 WL 12550929 at *6 (analyzing merits of equitable tolling argument when considering motion for conditional certification); *Hart v. Sandridge Energy, Inc.*, No. CIV-14-178, 2014 WL 2983358, at *3 (W.D. Okla. July 1, 2014) (same); *Rojas*, 297 F.R.D. at 679-80; *Gordon,* 2009 WL 3334784 at *12-13 (considering the merits of equitable tolling at the conditional certification phase and rejecting plaintiffs' request to notify an expanded class) *Smith v.*

*BNSF Ry.*, 246 F.R.D. 652, 654-55 (D. Kan. 2007) (rejecting argument for equitable tolling in a motion for conditional certification after analyzing merits of plaintiffs' equitable tolling argument).

## CONCLUSION

For all of the foregoing reasons, the Court should grant Moving Defendants' Motion for Leave to File a Consolidated Sur-reply Memorandum of Law in Further Opposition to Plaintiffs' Motions for Conditional Collective Action Certification.

Dated:  October 28, 2016                           Respectfully submitted,

*s/ Diane Hazel*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

5

*s/ Kathryn A. Reilly*
Kathryn A. Reilly (reilly@wtotrial.com)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

**Attorneys for Defendants Agent Au Pair and American Cultural Exchange, LLC d/b/a Go Aupair**

*s/ Brian Alan Birenbach*
Brian Alan Birenbach
(brian@rietzlawfirm.com)
Rietz Law Firm
LLC P.O. Box 5268
114 Village Place #301
Dillon, CO 80435

**Attorneys for Defendants American Cultural Exchange, LLC d/b/a Go Aupair and Au Pair International, Inc.**

*s/ Susan M. Schaecher*
Lawrence L. Lee, Esq.
(llee@laborlawyers.com)
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

**Attorneys for Defendants APF Global Exchange, NFP and American Institute for Foreign Study d/b/a Au Pair in America**

6

*s/ Bogdan Enica*_____
Bogdan Enica (Bogdan@expertaupair.com)
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701

**Attorney for Defendant Expert Group International, Inc. d/b/a Expert Au Pair**

*s/ Brian P. Maschler*_____
Brian P. Maschler
(bmaschler@gordonrees.com)
Gordon & Rees, LLP-San Francisco
275 Battery Street, Suite 2000 San Francisco, CA 94579

John R. Mann (jmann@gordonrees.com)
Peggy E. Kozal (pkozal@gordonrees.com)
Thomas Baker Quinn
(tquinn@gordonrees.com)
Gordon & Reese LLP
555 17th Street, Suite 3400
Denver, CO 80202

**Attorneys for Defendant AuPairCare, Inc.**

*s/ Brooke A. Colaizzi*_____
Brooke A. Colaizzi
(bcolaizzi@shermanhoward.com)
Heather F. Vickles
(hvickles@shermanhoward.com)
Raymond M. Deeny
(rdeeny@shermanhoward.com)
Erica Lynn Herrera
(eherrera@shermanhoward.com)
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

**Attorneys for Defendant InterExchange, Inc.**

7

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on October 28, 2016, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Randall W. Jackson (rjackson@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Boies Schiller & Flexner, LLP
401 East Las Olas Boulevard
Suite 1200
Ft. Lauderdale, FL 33301


Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver
1535 High Street
Suite 300
Denver, CO 80218


*s/ Diane Hazel*