```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF COLORADO

 3   Case No. 14-cv-03074-CMA-KMT

 4   _____

 5   JOHANA PAOLA BELTRAN, et al.,

 6        Plaintiffs,

 7   vs.

 8   INTEREXCHANGE, INC., et al.,

 9        Defendants.

10   _____

11           Proceedings before KATHLEEN M. TAFOYA, United

12   States Magistrate Judge, United States District Court for the

13   District of Colorado, commencing at 3:13 p.m., August 19,

14   2016, in the United States Courthouse, Denver, Colorado.

15   _____

16           WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

17   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...

18   _____

19                        APPEARANCES

20        LAUREN F. LOUIS, Attorney at Law, appearing for

21   the plaintiffs.

22        BROOKE A. COLAIZZI, Attorney at Law, appearing for

23   the defendant InterExchange, Inc.

24   _____

25           TELEPHONIC INFORMAL DISCOVERY CONFERENCE
```

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 2

```
 1                  APPEARANCES (Cont'd)

 2           BOGDAN ENICA, Attorney at Law, appearing for the

 3    defendant Expert Group International, Inc.

 4            ADAM A. HUBBARD, Attorney at Law, appearing for

 5    the defendant Cultural Homestay International.

 6           JOAN A. LUKEY, Attorney at Law, appearing for the

 7    defendant Cultural Care, Inc.

 8           THOMAS B. QUINN and BRIAN P. MASCHLER, Attorneys

 9    at Law, appearing for the defendant AuPairCare, Inc.

10           KATHRYN A. REILLY, Attorney at Law, appearing for

11    the defendants Au Pair International, Inc., and American

12    Cultural Exchange, LLC.

13            SUSAN M. SCHAECHER, Attorney at Law, appearing

14    for the defendants APF Global Exchange, NFP, and American

15    Institute for Foreign Study.

16                  P R O C E E D I N G S

17           (Whereupon, the within electronically recorded

18    proceedings are herein transcribed, pursuant to order of

19    counsel.)

20           THE COURTROOM DEPUTY:  Court is in session.

21           THE COURT:  Good afternoon, everyone.  This is

22    Judge Tafoya.  I'm sitting in the courtroom so that we will

23    have a record of this hearing if we happen to need one.

24           We are here today in case number 14-cv-3074, which

25    is Beltran, et al., versus InterExchange, Inc., et al.  This
```

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 3

1   is an informal discovery conference.  I understand that the

2   parties want to talk to the Court about some scheduling

3   issues.  So we're all here today.  And I will ask each of you

4   to enter an appearance here.  I know that you've already told

5   my clerk who's here, but I think the record should be

6   complete so that it sets forth who all is here.  So if you'll

7   begin -- well, however you want.  Plaintiff first, I guess.

8            MS. LOUIS:  Good afternoon, Your Honor.  This is

9   Lauren Louis of Boies Schiller & Flexner on behalf of the

10  plaintiffs.

11           THE COURT:  All right.

12           MR. QUINN:  Good morning -- or good afternoon,

13  Your Honor.  This is Tom Quinn and Brian Maschler on behalf

14  of the defendant, AuPairCare.

15           THE COURT:  All right.

16           MS. LUKEY:  Good afternoon, Your Honor.  This is

17  Joan Lukey at Choate, Hall on behalf of Cultural Care,

18  Incorporated.

19           THE COURT:  Okay.  Maybe -- maybe it would be

20  easier if I called you -- called out since there's so many of

21  you on the phone.  So let me just make sure I don't forget

22  anyone.  So for InterExchange, Inc.

23           MS. COLAIZZI:  Good afternoon, Your Honor, Brooke

24  Colaizzi of Sherman & Howard.

25           THE COURT:  All right.  And for Expert Group

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 4

```
 1   International, Inc.
 2           MR. ENICA:  Good afternoon, Your Honor.  Bogdan
 3   Enica for Expert AuPair.
 4           THE COURT:  And for Cultural Homestay
 5   International.
 6           MR. HUBBARD:  Good afternoon, Your Honor.  This is
 7   Adam Hubbard from Holland & Hart on behalf of Cultural
 8   Homestay.
 9           THE COURT:  Okay.  And for Au Pair International,
10   Inc.
11           MS. REILLY:  Hi, Your Honor.  This is Katie Reilly
12   for Au Pair International as well as American Cultural
13   Exchange and Agent Au Pair, who I believe come next.
14           THE COURT:  All right.  And how about for APF
15   Global Exchange.
16           MS. SCHAECHER:  Good afternoon, Your Honor.  Susan
17   Schaecher with Fisher and Phillips.
18           THE COURT:  All right.  Did I get everybody?
19           MS. SCHAECHER:  Also representing American
20   Institute for Foreign Study.
21           THE COURT:  Foreign Study.  Okay.  And did I leave
22   anyone out?  Okay.  Sounds good.  All right.  Who would like
23   to tell me what the issue is?  And speak for -- tell me
24   whoever you're speaking for.  All right?
25           MR. QUINN:  Your Honor, this is Tom Quinn.  And we
```

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 5

1    are the ones that -- that requested the informal assistance

2    this afternoon.  I -- I represent AuPairCare, Inc.,

3    defendant.

4              THE COURT:  All right.

5              MR. QUINN:  And let me briefly set the stage for

6    Your Honor.  The -- Your Honor, there are -- these are

7    primarily the FLSA defendants in the lawsuit that are -- as

8    well as the plaintiff that are attending the call today.  As

9    you may be aware, on July 25th, the first motion for

10   conditional class certification was filed.  On August 15th a

11   second motion for conditional class certification was filed,

12   along with a motion to amend the complaint to add two

13   defendants to the FLSA class, as well as a handful of new

14   named plaintiffs.  So what we had -- in the -- in the last

15   day or so the plaintiffs on the one hand, the defendants on

16   the other, have addressed whether we could reach a common

17   briefing schedule for the conditional class certification

18   briefing.  In other words, because of the staggered filings,

19   we now have staggered briefing schedules.  And while the

20   defendants think it's a good idea to have a common briefing

21   schedule, the plaintiffs are opposed.  Let me try and explain

22   succinctly what I think the issues are between the two

23   parties, and then, of course, I'll let Ms. Louis chime in and

24   clarify anything I haven't -- either I've left out or I

25   have -- I haven't stated clearly.

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 6

```
 1              On the one hand the defendants think a common
 2   briefing schedule will be beneficial because there will be
 3   one stack of pleadings that the Court will rule on in terms
 4   of the question of conditional class certification.  In other
 5   words, we're going to cut the workload not only for the Court
 6   but for the parties in half.
 7              Next, there will be a uniform opt-in period that
 8   will apply throughout the FLSA class.  And then, finally,
 9   there is -- if we end up with two different sets of pleadings
10   there's a chance we will end up with inconsistent rulings on
11   some or all of the same or similar facts or circumstances.
12   So I think in general we thought that a common briefing date
13   would be beneficial under those circumstances.  In terms of
14   what the plaintiffs have indicated their opposition is, I
15   think generally they -- they hearken -- they go back to the
16   August -- or to the April 25th hearing in which it was
17   identified by the plaintiffs that there will be -- there
18   would -- there was a possibility of two distinct petitions
19   for conditional class certification filed and a different
20   deadline.  And that the parties at that point did -- nor the
21   Court expressed any reservation for dealing with it if there
22   were indeed two different petitions for class certification.
23   Also at that time plaintiffs' counsel indicated that the --
24   that there would be identification of new named plaintiffs
25   coming in short order, if I have that correctly, using the
```

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 7

1   term, but then there weren't any new plaintiffs coming for

2   just about -- something short of four months (inaudible), the

3   very date of the last date for amendment of the pleadings and

4   adding new parties.  So if there's a substantial gap in time

5   perhaps that -- those arguments might make more sense to the

6   defendants, but in general because there's only a 21-day gap

7   in time, it seems that getting us on to a common briefing

8   schedule would be important.

9            Now, the only other issue that's really

10  outstanding between the defendants that were -- that were

11  added to the FLSA class on August 15th and the original FLSA

12  defendants from late July is that we believe that because

13  there was a motion to amend to add new parties to that claim

14  filed at the exact same time that the condition -- or

15  petition for conditional class certification was filed

16  against those same new defendants, that the timing of the

17  responsive pleadings of the petition for class

18  certification -- conditional class certification should begin

19  to tick once -- you know, that clock should be set once the

20  motion to amend is granted, not from the date of the filing.

21  So those are -- that's a separate and distinct issue with

22  respect to the two new defendants.  And I think instead of

23  going into any dates, I think that the dates that we've

24  proposed to plaintiffs' counsel are relative -- are

25  consistent with what the Court has previously ordered, all --

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 8

1    with the only change now being trying to true everything up

2    to where we are today.  So instead of getting any new dates,

3    why don't we just see how you feel about these issues?  And

4    if you think that some of these proposals have some merit,

5    then maybe we can put some dates together.  Can I answer any

6    other questions for you, Your Honor?

7              THE COURT:  No.  I think I understand what you're

8    saying.  But you -- you want everything to run on one track,

9    but you don't want that track to actually start until after

10   the motion to -- to amend is ruled on?

11             MR. QUINN:  That's exactly right.

12             THE COURT:  Okay.  So, plaintiff?

13             MS. LOUIS:  Thank you, Your Honor.  So the last

14   point that Mr. Quinn made I think is probably the most

15   important, which is that there is this distinction between

16   the first FLSA motion, which is not interdependent at all on

17   the second one.  The response, the opposition, is due on

18   Tuesday.  And it's in a different posture.  In fact, defense

19   counsel has sent us a proposal.  We're speaking about the

20   form and proposed order.  It's in a totally separate posture.

21   And there's just no reason to tie it to the second motion.

22   And so (inaudible) the resolution of the motion that was

23   filed on July 25th to the motion that was for conditional

24   certification that were filed this week.  So the -- in Court,

25   when it imposed this deadline, we -- we were all present.  We

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 9

 1   all spoke about the likelihood that the plaintiffs would file

 2   a motion to amend and two conditional certification motions.

 3   And (inaudible) for that circumstance, the Court set the date

 4   for both of those events, the final motion for conditional

 5   certification and the final date to amend the joint parties

 6   for August 15th.  We adhered by both (inaudible), starting

 7   the deadlines, taking for the opposition, both for the motion

 8   to amend and for the opposition for conditional certification

 9   which has a longer timeframe for the defendants to oppose it.

10   So with respect -- if we -- if we -- we (inaudible) the two

11   motions differently.  I disagree with the characterization

12   that tying them together will cut everyone's work in half.

13   Mr. Quinn said that there would be one set of pleadings.

14   That does not mean one pleading.  It just means that they'll

15   be coming in at the same time.  It doesn't cut the work in

16   half.

17           With respect to Mr. Quinn's concern that having

18   two sets of pleadings coming into the Court at two different

19   times will lead to two different results, I think that that

20   highlights the potential for -- I'm sorry.  The fact that

21   (inaudible) the motion as a defendant will be assessed

22   independent of each other with respect to however the

23   plaintiffs presented it in their motion.  And so I -- I truly

24   don't see -- and, you know, we invited the discussion, but I

25   don't see any value in tying these two together.  Ultimately,

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 10

 1   if we were to agree to the schedule that is proposed, which

 2   is an indefinite briefing schedule, instead of having

 3   opposition due on Tuesday, it becomes not due at all.  It

 4   will delay all of the other deadlines in the case.

 5   (Inaudible) the defendants' motion to move for

 6   decertification of the FLSA conditional certification is six

 7   months away, and, you know, contemplating a three- to

 8   six-month notice period.  So if we continue to just

 9   (inaudible) the deadlines for it, it will impact the rest of

10   the case.  We (inaudible) that we don't see good cause to do

11   so.  And there is already a briefing schedule that is

12   established in the Court's scheduling order.  So it's our

13   position that with respect to the motion to amend (inaudible)

14   recommended a briefing schedule for that, defendant can

15   stipulate to that, but we do not stipulate either to the --

16   the delay or (inaudible) of deadlines with respect to the

17   first FLSA motion, which is due on -- the opposition is due

18   on Tuesday.  And it would not be our agreement to change the

19   Court's deadline.  The Court has imposed a deadline of

20   30 days from the time of filing.

21         THE COURT:  Okay.  Let me -- let me ask you -- I

22   do have a couple of questions of you.  Besides the date of

23   filing of these two motions, which I -- I do want to note are

24   pending in front of Judge Arguello, not me, what -- you say

25   they're in a different posture.  How are they different?

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 11

 1          MS. LOUIS:  Well, are the two FLSA motions

 2   (inaudible)?

 3          THE COURT:  Yes.

 4          MS. LOUIS:  Well, the -- the (inaudible) one was

 5   only filed on Monday.  And I have not conferred further with

 6   either defendant for AuPairCare or Expert AuPair, which are

 7   the two new FLSA defendants under the second amended

 8   complaint versus the first motion that was filed back in

 9   July.  (Inaudible) its opposition is due on Tuesday.  It is

10   utterly unaffected by the second amended complaint with a

11   potential exception for Cultural Care because we did add a

12   named plaintiff with respect to Cultural Care.  But --

13   actually, now I think that's wrong.  I'm still not sure.  But

14   it wouldn't impact Cultural Care's position on the FLSA

15   motion.  And the counsel for InterExchange, which is one of

16   those four FLSA defendants that we (inaudible) in the first

17   motion, I contacted plaintiffs' counsel with proposed changes

18   to the -- the notice and the proposed order, and we may be in

19   a posture of agreeing on both of those things.  Again,

20   (inaudible) the extent to which that would involve the entire

21   motion.  They didn't otherwise indicate.  But that dialog has

22   already progressed.

23          THE COURT:  Okay.  So -- so, really, the only

24   difference is -- I mean, outside of -- obviously it's

25   different defendants, but -- is that you filed one early.

Johana Paola Beltran, et al. vs.                    **Telephonic Informal Discovery Conference**
InterExchange, Inc., et al.                                                      **August 19, 2016**

 1   And then the motion to amend doesn't impact very much of
 2   those.  But that seems to be somewhat of an artificial
 3   distinction when you say that they're not in the same posture
 4   because, really, they are in the same posture.  You just
 5   decided to get on a fast track with one set of defendants and
 6   not with the others.  So I don't see really that that makes
 7   any sense.  I will tell you as a practical matter, I can't
 8   imagine, although I don't control her docket, and I don't
 9   know what she -- how she actually rules on the motions, but I
10   will tell you that if the motions were pending in front of
11   me, I'd wait until all of them are briefed and rule on the
12   whole thing together.  I mean, I wouldn't undertake anything
13   apart like that.  You know, it just doesn't seem to make
14   sense because the issues are the same.  I think there's very
15   little chance of getting inconsistent rulings because you've
16   got the same judge, right?  So that's not really an issue, I
17   don't think.  So the issue is the practicality of it.  And
18   I -- I'm not really sure why you filed one early.  Maybe
19   because you knew about the, you know, upcoming -- I think we
20   all were alerted to the upcoming possibility of an amended
21   complaint.  So I'm not suggesting that's underhanded.  I --
22   you know, I'm sure we talked about it in April.  But it -- it
23   seems to me more practical to put it all on the same track,
24   however, it's not practical to me to wait until after the
25   motion to amend is ruled on.  I think, for me, the motion to

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 13

 1  amend was filed on time.  So that means that the only
 2  criteria is that it comply with Rule 15.  And Rule 15, as you
 3  all know, says the Court should freely give leave to amend
 4  when justice so requires.  And, really, only excepts that
 5  when you can show that the party engaged in undue delay, bad
 6  faith, dilatory motive, failure to cure deficiencies by
 7  amendments previously allowed, which doesn't apply, and undue
 8  prejudice.  And while I understand that any change is
 9  prejudicial, any addition of charges or claims against a
10  company is prejudicial, it's not unduly prejudicial when you
11  add the plaintiffs.  So I'm not saying that because it's not
12  pending in front of me that -- that Judge Arguello will say
13  yes to the amendment, but I think the law is pretty clear
14  that the presumption is yes, unless you can show one of those
15  kind of bad faith things.  So I don't see why we should wait
16  on the class certification either.  So -- so I don't -- I
17  don't really get it.  I mean, I -- I think the practical
18  thing to do would be to run the briefing -- run these
19  briefing schedules together.  And then -- you know, but not
20  wait on the motion to amend.  I'd just put them all together
21  with the second one.  Now, that said, I -- you know, if
22  there's strong opposition to that, which it sounds like there
23  is some, then brief it twice.  It doesn't matter to me.  I'm
24  telling you, the Court probably isn't going to look at it
25  twice, but, you know, if you want to brief it twice, that's

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 14

1    fine.  So, you know, I -- I guess, am I missing a point here

2    or something?

3              MR. QUINN:  No, Your Honor.  This is Tom Quinn.

4    May I -- may I speak?

5              THE COURT:  Yes.

6              MR. QUINN:  So what -- the issue for us is just

7    there's a -- there should be a good amount of time or a

8    reasonable amount of time allowed to investigate the

9    plaintiffs preceding the petition for class certification.

10   On April 25th, 2016, on page 27 of the hearing that date

11   plaintiff's counsel said, We intend to move to leave to amend

12   the complaint in short order, Your Honor, and adding

13   additional plaintiffs, to add additional FLSA defendants, end

14   quote.  And what happened is instead of short order, it

15   waited four months, and then filed on the same day -- on the

16   same deadline.  So we ended up having -- instead of having

17   short order and some time to investigate and be prepared and

18   have reasonable time to object, prepare evidence to object to

19   the condition of class certification, we got them filed

20   15 minutes apart at a quarter to 12:00 -- a quarter to

21   midnight on the date they were due.  That's not a whole bunch

22   of time.  And that's our point about trying to at least get

23   some reasonable time on the motion to amend, whether that's a

24   few days or a few weeks, whatever it may be, to get geared

25   up.  That's my point in this process.  So was it done

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 15

1    pursuant to the -- to the strict order?  Yes, it was.  Is it

2    done in spirit of what sort of underlied (sic) the -- the

3    discussions that day?  Well, you know, that's a little

4    different.

5            THE COURT:  Well, as far as the motion to amend

6    goes, I mean, you're -- you have 21 days from the date it was

7    filed.  And are you asking for more time than that?

8            MR. QUINN:  No, none, none.

9            THE COURT:  Okay.

10           MR. QUINN:  We'll -- we'll live with all the

11   deadlines.  We'll live right within the deadlines.  We just

12   think that we should get -- we think that the meter should

13   run for a uniform petition -- response to the petition for

14   class certification from the -- from the date that the Court

15   granted the motion to amend the complaint to add these two

16   defendants.  And then we're off to the races.  All parties

17   are off to the races.  I disagree that it's going to change

18   the -- we're trying to abrogate the deadlines.  We didn't ask

19   for that at all.  And I don't think it's going to delay any

20   other deadlines.  I mean, this is triggered by plaintiffs'

21   own conduct.  They could have filed it earlier.  They chose

22   to file that date.  That's the day that the loss -- these

23   issues are being triggered from.  So I think we've said it --

24   I -- I've had my piece.  Thank you for taking the call.  And

25   we look forward to your -- any instruction -- how would you

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 16

1    like for us to handle it from here, Your Honor?

2            MS. LUKEY:  Excuse me.  If I could, this is Joan

3    Lukey from Cultural Care.  The three of us who were affected

4    by the first motion haven't spoken yet.

5            THE COURT:  All right.

6            MS. LUKEY:  And I did want to draw a matter or two

7    if I may to your attention, Your Honor.  There were five

8    plaintiffs initially, and three of us have those -- two of

9    them are au pairs who formally worked with my client's

10   organization.  There was, as you know, a limited period in

11   which we could do some preliminary discovery in order to

12   determine whether we would take the unusual step of approving

13   even the conditional cert at the beginning.  In this instance

14   Cultural Care made an effort to depose both of these two

15   plaintiffs because we think there are serious issues about

16   their ability to represent a putative class.  The first of

17   those plaintiffs, Dayanna -- I didn't get the name of

18   their -- I don't have the papers with me.  I'm not in my

19   office.  Caicedo I believe it is, did not appear last week

20   for her deposition which was scheduled in the city in which

21   she resides, Philadelphia, at her request, and on a date that

22   she had suggested was convenient to her.  And when Ms. Louis

23   did appear that morning she said she was unable to tell us

24   why her client did not appear.  And we traveled from Boston,

25   not I, but my partner and my associates, for the purposes of

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 17

 1   that deposition.  And one of the things we had hoped that

 2   we'd be able to say today is we don't think we should be

 3   compelled to be filing our opposition in a circumstance where

 4   we will likely be filing a motion to strike Ms. Caicedo from

 5   this action.

 6            The second plaintiff, we offered and they agreed

 7   that we would pay her expenses to come -- all of her expenses

 8   to come from South Africa to be deposed in a city of her

 9   choice.  I think we went to the city, which is New York.

10   Now, she has attempted to cooperate, as have we, but she has

11   not been able, despite efforts on both parties' sides, to get

12   a visa in time to come.  These are not meaningless

13   depositions, Your Honor.  I can only say to you that we have

14   a good faith basis for believing that there's a serious

15   question about these two being able to represent the class,

16   particularly as to Ms. Deetlefs, the second one from South

17   Africa.  So we are now in a position -- we are confronting a

18   deadline, which we understand to be Wednesday, not Tuesday,

19   for whatever that's worth.  That's the 30th day from the

20   filing.  And we still haven't had the opportunity to confirm

21   the information that we believe is relevant to this.  And we

22   would be asking in the ordinary course, and thought we could

23   do so at this time in this proceeding, knowing that the Court

24   would expect us to request the business days in advance, that

25   we be given additional time to either move to strike or get

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 18

1  this lady's deposition, although, frankly, we have no

2  interest in paying again to go to another city to do it when

3  she just refused to show up.  And we'd like to be able to do

4  Ms. Deetlefs' deposition as well.  So we are in a posture,

5  despite very good faith efforts to get that discovery done

6  quickly where we cannot.

7           Further, the amended complaint does add an au

8  pair, another au pair who's employed by Cultural Care.  That

9  au pair has not been named in either of the two conditional

10 motions, so we don't know whether she's not an FLSA plaintiff

11 or what the story is.  We just know that we're suddenly

12 looking at a motion to amend to add a third named plaintiff

13 against one au pair agency which would put us potentially on

14 two schedules, Your Honor.  And that is exactly what I think

15 Mr. Quinn was suggesting he'd like to avoid.  I can assure

16 you we would like to avoid that as well since it would

17 directly impact us.

18           THE COURT:  Well, let me -- let me ask all of you

19 this:  And if someone else wants to speak, I'll give you a

20 chance in a minute to.  But let me just throw out something.

21 What if we put the date for the response to the motion to

22 amend and the responses to the certification of the

23 collectives -- the collectives at 9/15.  That's 30 days from

24 the date the second one was filed.  And the -- and 30 days

25 from the date the motion to amend was filed.  Do you think

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 19

```
 1   that would put us on a track where those of you who need to
 2   get more discovery and, you know, take some depositions or
 3   whatever, you'd have enough time?  We don't want to -- I
 4   don't want to go too far out, but that date kind of makes
 5   sense because that's really the response date for motion
 6   number two anyway.  So does that sound like something that
 7   would work for everyone?  I know plaintiff probably disagrees
 8   with this.  So, plaintiff, I'll certainly let you speak to
 9   it.  But for defendants, did -- would that work?
10           MS. LOUIS:  (Inaudible.)
11           MR. QUINN:  (Inaudible.)
12           MS. LOUIS:  Your Honor, for what it's worth,
13   plaintiffs' counsel -- I wouldn't oppose that.
14           THE COURT:  Okay.
15           MR. QUINN:  Your Honor, this is Tom Quinn again.
16   I -- I would be -- it would be fine with us if we can be
17   assured that we will have our opportunities to depose
18   Ms. Harning and Ms. Jimenez within -- you know, within
19   adequate time to add their information to -- to any sort of
20   opposition.  We too have serious doubts about whether these
21   are adequate plaintiffs to represent a class.  And so I'm
22   sure that plaintiffs' counsel will do their best to cooperate
23   to get their clients here.  If they can assure us that they
24   can -- we can get it done within the next two or three weeks,
25   I think we're -- we can work with that.
```

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 20

```
 1              THE COURT:  Well, have you -- I'm sure you must
 2     have considered taking video depositions, etcetera.  I don't
 3     see why you would go through getting a visa and everything to
 4     get people here when you could ask them the questions you
 5     need to ask them on video.
 6              MS. LOUIS:  Your Honor, that was exactly the
 7     position that I took with respect to especially my plaintiffs
 8     that are in South Africa.  It will acquire 24 hours of plane
 9     travel to get here.  Cultural Care offered to pay to bring
10     them here.  They agreed.  As Ms. Lukey explained, the -- the
11     second one was scheduled to fly just in a few hours.  Her
12     visa didn't issue.  But I completely agree that
13     videoconferencing is the appropriate response to the distance
14     that these plaintiffs have to travel in order to attend and
15     try to get here with the difficulties of (inaudible) here.
16              MS. LUKEY:  Well, Your Honor, we obviously chose
17     to bear, this is -- this is Joan Lukey again, the substantial
18     cost of bringing Ms. Deetlefs in from South Africa because I,
19     as trial counsel, happen to believe that it is much more
20     effective to take a deposition in person.  You're there to
21     hand the documents that you want to refer someone to them.
22     They have the documents at the same time you do.  It is very
23     difficult to do a truly efficient and effective deposition by
24     video that involves exhibits.  And that's what we would have
25     been compelled to do, which is why we went so far as to incur
```

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 21

```
 1   the cost of offering to bring her here.  The other one, the
 2   one that didn't show up, she lives in Philadelphia.  And
 3   we've agreed to go there to do it in person.
 4           THE COURT:  Yeah.  The other one, I'm -- that's a
 5   different issue.  You know, when people agree to come and set
 6   a date and set a time and then don't come, that's a bit of a
 7   different issue.  And that's an issue that might result in
 8   costs being assessed.  So I don't know what the deal was
 9   there.  But that -- that I'm leaving out of this discussion.
10   But the South Africa one couldn't get there.  Now, if you
11   want them there, and you're willing to pay, and they want to
12   come, that -- I'm -- I'm not saying you shouldn't do that.  I
13   just -- it is time-consuming, you know.  So -- so that's
14   another thing to think about.
15           How about, Ms. Lukey, do you think if we -- if we
16   had all these responses due on 9/15, would -- do you think
17   that's adequate time to at least try to get things done?  And
18   then everything would be on the same track.  You would
19   file -- you'd have to file a response to the motion to amend
20   and to the FLSA action, whichever motion you're in.  I guess
21   you're in -- probably in the second one, by 9/15.  And that's
22   only about, what, a little over three weeks away now.  Well,
23   almost a month.  But -- but that would get us all on track.
24   And I think that might be the way -- the best way to handle
25   it, and -- and go from there.  Do I hear any --
```

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 22

```
 1            MS. LUKEY:  Well, I think --
 2            THE COURT:  -- vociferous objection to that?
 3            MS. LUKEY:  -- we could work -- I'm sorry.  I
 4   think we could work with that, Your Honor, if we can get the
 5   depositions done.  Frankly, we will be moving to strike
 6   Ms. Caicedo's participation.  And we will do that promptly.
 7   But as to Ms. Deetlefs, I am told that a certain day a visa
 8   should be issuing.  And if we can get her agreement to come
 9   on another date that's convenient to her to, again, New York
10   or whatever city she wants, we'll still pay the costs.  But
11   as Mr. Quinn was mentioning, if we run into a circumstance
12   where in the short time allowed that can't be effected, it
13   could be a problem.  And I say that in very good faith
14   because we have a serious issue on Ms. Deetlefs, on one of
15   the class -- one of the key class characteristics.  I'm just
16   (inaudible) to that statement in advance of her deposition.
17   But we really need the deposition.
18            THE COURT:  Okay.  Well --
19            MS. LUKEY:  So if we can get that done, if she can
20   come, and we can get that visa, then, yes, we really
21   appreciate the coordinated dates, and we would work with
22   that.
23            THE COURT:  All right.  And, Ms. Louis, did you --
24   I -- you kind of broke -- ended, and I didn't hear you quite
25   fully.  Did you say that's all right with plaintiff?
```

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 23

```
 1          MS. LOUIS:  Did I say what was all right with

 2   plaintiff?  The September 15th (inaudible) opposition date,

 3   Your Honor?

 4          THE COURT:  Yes.

 5          MS. LOUIS:  That's what I said, that the plaintiff

 6   would not oppose.  It would be fine with both FLSA opposition

 7   motions to opposition being due on September 15th.

 8          THE COURT:  Okay.  So let's -- let's do that.  Why

 9   don't -- why don't we put the response dates to both of the

10   FLSA motions?  And I should call them by number.  So hold on.

11   Just let me look up so that the minutes are correct.  I know

12   my courtroom deputy can get it, but it's easier if I say it.

13          So the first motion is document 327.  No.  Excuse

14   me.  That's not right.  325, motion to certify class filed on

15   July 25th.  And the second one is the second motion to

16   certify class, which is 330.  So the responses to both of

17   those will be due on September 15.  The responses from

18   defendants to the motion to amend the complaint, which is

19   329, will also be due on 9/15.

20          Now, I'm going to -- what I'm going to say is that

21   replies, if any, you know, because that's kind of up to you,

22   though most people do want to reply.  So replies would be due

23   two weeks after that.  So that -- well, we'll just go with

24   the 14 -- the normal 14 days.  And then everything will be

25   coordinated.  It will all be in front of Judge Arguello
```

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 24

1  because she hasn't referred any of those motions.  And it

2  could be she just hasn't looked at them yet.  But -- but

3  they're not referred.  And she doesn't usually refer class

4  certification motions to me, so I don't think I'll get those.

5  I think you'll be in front of her.  And that -- that tees

6  everything up by October 1st or so.  All right?

7         MS. LOUIS:  Yes, Your Honor.  Thank you.

8         MR. QUINN:  Your Honor, Tom Quinn again, if I can

9  chime back in.  So -- but I just -- I just want to make sure.

10 For the two new FLSA defendants, by participating in

11 discovery there's going to be no claim that we waived our

12 objection on the motion to amend.

13        THE COURT:  Yes.

14        MR. QUINN:  I know we're trying to be efficient

15 here, but I don't want any sort of a, Well, look it, you went

16 and took a deposition, therefore, you waived your right to

17 object to the motion to amend.  We're not going to hear that,

18 are we, counsel, plaintiffs' counsel?

19        MS. LOUIS:  Mr. Quinn, I'm not clear what it is

20 that you are asking.  I'm sorry.

21        MR. QUINN:  I don't -- want to make sure that we

22 get a waiver argument.  Just by participating in discovery,

23 if that's what happens regarding conditional class

24 certification, that later on if we -- if we intend to object

25 to the motion to amend that there's some sort of waiver

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 25

1  argument that's raised -- raised because we did participate

2  in discovery.

3          MS. LOUIS:  Not from me, no.  No.  You're not.

4          MR. QUINN:  Okay.

5          MS. LOUIS:  I don't view --

6          MR. QUINN:  All right.

7          MS. LOUIS:  -- that as a waiver.  Your Honor, may

8  I clarify (inaudible) on the timing?  Under the original

9  scheduling order plaintiffs had 21 days to reply to the

10  motions for -- I'm sorry, the oppositions to FLSA, especially

11  considering that it may be six separate motions.  Would the

12  Court still give us the 21 days from an opposition to file

13  our replies?

14          THE COURT:  Yes, if you want.  I thought maybe if

15  we consolidated it you might not need it, but since you've

16  brought it up, I did read the transcript, so I do know that I

17  did give you that before.  So that would be --

18          MS. LOUIS:  (Inaudible.)

19          THE COURT:  -- let's say the 6th.  So we'll just

20  make the replies due on everything.  All right.  On all --

21  all three of these motions we've talked about will be due on

22  October 6th.  And then that way they're teed up for Judge

23  Arguello on October 7th, and she can decide what to do.

24          MS. LOUIS:  Thank you, Your Honor.

25          THE COURT:  All right?

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 26

1    MS. LOUIS:  Your Honor, since -- since discovery

2  issues have been raised, can I seek clarification on -- on

3  the scope of the Court's ruling on two things?

4           THE COURT:  Yes.

5           MS. LOUIS:  The first thing is, you know, with

6  respect to the plaintiff -- I'm sorry, the defendants have

7  represented a couple of times that they are okay with

8  (inaudible) so long as they get the depositions of the

9  plaintiffs within the 30 days.  Is that part of the Court's

10  order?

11          THE COURT:  Well, it's not part of my order, but

12  I -- I will tell you that I understand why they want those

13  and why it's important to these two motions.  So I -- I

14  think -- I would be inclined to give them more time, which I

15  don't think you want if they didn't get those, but I'm not

16  going to make a ruling on a supposition, you know.  And it's

17  not really part of my order.  I'm just extending your dates

18  based on the argument that you've given me.  I understand

19  why -- why they want them.  And I think that every effort

20  should be made to do that.

21          MS. LOUIS:  And every effort will be, Your Honor.

22  We've done literally nothing but cooperate in an attempt to

23  get these depositions scheduled.  But just by a point of

24  clarification, the only one that will have occurred is the

25  one that was scheduled last week with Ms. Harning.  Her

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 27

```
 1   deposition that will have occurred next week would have been
 2   the day before the second (inaudible) opposition was due.
 3   And the others are scheduled way out front of the original
 4   briefing period.  And while we will -- I mean to make no
 5   representation that we don't think it's important or that
 6   we're going to try to hold them outside of the 30 days or not
 7   diligently schedule them, but just I wanted to clarify
 8   whether or not it's part of the Court's order that we have to
 9   produce them within the next 30 days, particularly here in
10   the United States.
11           THE COURT:  Well, no, because, frankly, I don't
12   think anybody ought to be producing them.  Okay.  I'm not
13   telling -- like, for instance, Ms. Lukey, I'm absolutely not
14   saying that she can't bring them here if her client wants to
15   pay.  But I'm not going to give you a bunch of extra time
16   because of visa problems and everything because I think you
17   can take them by video deposition.  Now, I understand it's
18   not as good.  Excuse me.  But I still think you can.  So I'm
19   not -- I'm not making that part of my order.
20           MS. LOUIS:  Okay.  I'm sorry, Your Honor.  Thank
21   you.
22           THE COURT:  All right.  Anything else?  All right.
23   Hear --
24           MS. LOUIS:  Not from the plaintiff, Your Honor.
25           THE COURT:  All right.
```

Johana Paola Beltran, et al. vs.
InterExchange, Inc., et al.

Telephonic Informal Discovery Conference
August 19, 2016

Page 28

1          MR. QUINN:  Nothing, Your Honor.

2          THE COURT:  Is there anybody that wanted to say

3   anything that I didn't call on?  Okay.  I'll consider that

4   everything is good.  And we'll be in recess.

5          MS. LOUIS:  Thank you, Your Honor.  Have a good

6   weekend.

7          THE COURT:  You too.

8          UNIDENTIFIED SPEAKER:  Thank you, Your Honor.

9          UNIDENTIFIED SPEAKER:  Thank you.

10          (Whereupon, the within hearing was then in

11   conclusion at 3:50 p.m.)

12

13

14          I certify that the foregoing is a correct

15   transcript, to the best of my knowledge and belief (pursuant

16   to the quality of the recording) from the record of

17   proceedings in the above-entitled matter.

18

19

20

21   /s/ Laurel S. Tubbs                    November 22, 2016

22   Signature of Transcriber              Date

23

24

25