# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN;
LSUAPHO HLATSHANENI;
BEAUDETTE DEETLEEFS;
ALEXANDRA IVETTE GONZALEZ;
SARAH CAROLINA AZUELA RASCON;
LAURA MEJIA JIMENEZ;
JULIANE HARNING;
NICOLE MAPLEDORAM;
and those similarly situated

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AUPAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
GOAUPAIR OPERATIONS, LLC D/B/A GOAUPAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

---

## APF GLOBAL EXCHANGE, NFP'S ANSWER
## TO SECOND AMENDED COMPLAINT

---

APF Global Exchange, NFP (APF), by and through its attorneys of record, for its answer to Plaintiffs' Second Amended Complaint admits, denies and alleges as follows.

In this answer, Defendant APF responds for and about itself and its responses should not be taken as comment on the experience or actions of other sponsors unless expressly stated otherwise.

## <u>INTRODUCTORY STATEMENT</u>

1.      Defendant APF admits that Congress created the J-1 visa program to facilitate cultural exchange between nations, admits that today the au pair program recruits foreign nationals to provide child care to American families, and denies all remaining allegations of paragraph 1.

2.      Defendant APF admits that the au pair program was initially administered by the United States Information Agency (USIA) which merged with the United States Department of State ("State Department") and that the program currently has fifteen sponsor organizations which were designated by the State Department to provide certain services to exchange visitors as directed by the State Department. Defendant APF denies all remaining allegations of paragraph 2.

3.      Defendant APF denies the allegations of paragraph 3.

4.      Defendant APF states that the State Department website speaks for itself and denies all remaining allegations of paragraph 4.

5.      Defendant APF denies the allegations of paragraphs 5, 6, 7, 8 and 10.

6.      Defendant APF admits that many au pairs join great families and have exceptional experiences and denies the remaining allegations of paragraph 9.

2

7.      Defendant APF states that the references to "agents of sponsors" and violations of law state legal conclusions to which no response is required and therefore denies the same.  Defendant APF admits that au pairs in its program were recruited in their home countries, states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning other au pairs or sponsors and therefore denies the same.  Defendant APF denies all remaining allegations of paragraph 11.

8.      Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 regarding the named Plaintiffs and sponsors other than itself and therefore denies the same and denies all other allegations contained in paragraph 12.

## NATURE OF THE ACTION

9.      Defendant APF admits that paragraphs 13, 14 and 15 of the Amended Complaint purport to describe the claims for which Plaintiffs seek relief.  Defendant APF denies that it has violated any law or statute and aver that Plaintiffs fail to state a claim for relief with respect to Defendant APF as to some or all of the claims asserted. Accordingly, Defendant APF denies paragraphs 13, 14 and 15.

## JURISDICTION AND VENUE

10.      With respect to the allegations contained in paragraph 16, Defendant APF admits that Plaintiffs seek to invoke the jurisdiction of this Court but denies that Defendant APF has violated any law, statute or regulation referred to in the Amended Complaint.

FPDOCS 32347117.1

11.     With respect to the allegations contained in paragraph 17, Defendant APF admits that Plaintiffs seek to establish that venue is proper in this Court but denies that Defendant has violated any law, statute or regulation or common law referred to in the Amended Complaint.

## PARTIES

12.     Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39, 40, 41, 42 and 43 regarding the named Plaintiffs and Defendants other than Defendant APF and therefore denies the same and denies all other allegations contained in these paragraphs.

13.     Defendant APF admits the allegations of paragraph 36.

14.     For purposes of using references consistent with those used in the Amended Complaint, in this Answer, Defendant APF will refer to all Defendants collectively as the "Sponsors" or the "Sponsor Defendants" as Plaintiffs state in paragraph 44.  Defendant denies that the Sponsors acted collectively and denies any allegations in paragraph 44.

## STATEMENT OF ALLEGED FACTS

15.     Defendant APF denies the allegations of paragraphs 45, 52, 56, 57, 69, 70, 72, 73, 78, 79, 80, 84, 87, 88, 89, 92, 93, 94, 95, 96, 97, 98, 114, 116, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 134, 135, 136, 137, 138, 139, 140, 143, 144, 145, 148, 149, 150, 151, 152, 153, 154, 161, 190, 209, 210, 211, 212, 213, 240, 255, 256, 257, 258, 336, 363, 404, 406 and 411.

FPDOCS 32347117.1

16.     Defendant APF admits that au pair placement is made possible through the J-1 visa au pair program, the J-1 visa au pair program is one of several J-1 visa "cultural exchange" programs overseen and administered by the State Department under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, and denies all remaining allegations of paragraph 46.

17.     Defendant APF states that the Mutual Educational and Cultural Exchange Act of 1961 speaks for itself and denies all remaining allegations of paragraph 47.

18.     Defendant APF admits that the State Department facilitates J-! visa programs and designates sponsors and denies all remaining allegations of paragraphs 48 and 83.

19.     Defendant APF admits that sponsors designated by the State Department are the exclusive entities authorized to recruit and place au pairs with host families in the United States and admits that to participate in the au pair program, exchange visitors must be sponsored by a State Department-designated sponsor.  Defendant APF denies all remaining allegations of paragraph 49.

20.     Defendant APF admits that it is a not-for-profit entity and it generates revenue from program fees paid by host families and au pairs. Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 50 and therefore denies the same.

21.     Defendant APF states that the State Department regulations speak for themselves and denies the allegations of paragraph 51.

22.    Defendant APF admits that the J-1 visa au pair program began in the United States around 1986, admits that the United States information Agency had administrative responsibilities, and denies the remaining allegations of paragraph 53.

23.    Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 54, 55, 58, 71, 82, 90, 91, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 112, 113, 115, 116, 117, 131, 133, 141, 142, 146, 147, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 245, 254, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 361, 362, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468,

6

469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517 and 518 and therefore denies the same.

24.     Plaintiffs' allegations in paragraphs 61, 64, 66, 67, 68, 155, 156, 157, 161, 235, 240, 244, 246, 247, 248, 249, 250, 251, 252, 357, 358, 359 and 360 state legal conclusions to which no response is required.  To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied.

25.     Defendant APF states the documents and websites referenced in paragraphs 59, 60, 62, 63, 65, 110, 111, 158, 159, 160, 162, 163, 164, 167, 168, 169, 217, 242 and 243 speak for themselves and further state that these paragraphs state legal conclusions to which no response is required.  To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied.

26.     Defendant APF admits that the Sponsor Defendants are the only sponsors currently designated by the State Department, and denies all remaining allegations of paragraph 74.

27.     Defendant APF denies that the Sponsors comprise 100 percent of the State Department–designated sponsors of J-1 visa au pairs at this time, states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the number of State Department designated sponsors in November 2014 and therefore denies the same, and denies the remaining allegations of paragraph 75.

FPDOCS 32347117.1

28.     Defendant APF admits that it competes with other sponsors in attracting au pairs to participate in the program, admits that revenue is generated from the placement of au pairs with host families and denies the remaining allegations concerning Defendant APF in paragraph 76.  Defendant APF states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 76 regarding other sponsors and therefore denies the same and denies all remaining allegations of paragraph 76.

29.     Defendant APF admits that it seeks to attract potential au pairs for the program through marketing efforts, information on its website and outreach in foreign nations; states that it offers contests, and states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 77 regarding other sponsors and therefore denies the same and denies all other allegations of paragraph 77.

30.     Defendant APF denies that there are 15 current sponsors, denies it sponsors a single au pair position, denies that it sponsors additional positions with a higher stipend, and denies the remaining allegations of paragraph 81 regarding Defendant APF. Defendant APF states that it lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 81 concerning other sponsors and therefore denies the same and denies all remaining allegations of paragraph 81.

31.     Defendant APF states that the regulations speak for themselves and that Plaintiffs' allegations in paragraph 85 state legal conclusions to which no response is

required.  To the extent the statements contained in paragraph 85 are construed to constitute factual allegations, they are denied.

32.     Defendant APF admits there exists a State Department bulletin dated July 24, 2009, states that the bulletin speaks for itself and denies all remaining allegations of paragraph 86.

33.     Defendant APF admits that the Alliance holds events where its members have the opportunity to meet, denies the remaining allegations regarding the Alliance, and states that it lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 132 and therefore denies the same.

34.     Defendant APF denies the allegations relating to Defendant APF in paragraphs 145, 234, 236, 237, 238 and 239, states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs regarding others and therefore denies the same, and denies the remaining allegations of those paragraphs.

35.     On information and belief, Defendant APF admits the allegations of paragraph 165.

36.     Defendant APF states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 166 regarding what was posted on the USIA website from March 1997 through September 1999 and therefore denies the same and denies all remaining allegations of paragraph 166.

37.     Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 171 whether it has access to the materials referenced in paragraph 171 and therefore denies the same and denies all remaining allegations in paragraph 171.

38.     Defendant APF states that the allegations of paragraph 170, state legal conclusions to which no response is required. To the extent the statements contained in this paragraph are construed to constitute factual allegations, they are denied insofar as they apply to Defendant APF.  Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph regarding others and therefore denies the same and denies all remaining allegations of this paragraph.

39.     Defendant APF admits the allegations of paragraphs 129 and 130 and as to Defendant APF, states that it lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in these paragraphs and therefore denies the same and denies all remaining allegations of these paragraphs.

40.      Defendant APF denies that "the contractual wage was only $4.35," states that the remaining allegations of paragraph 241 state legal conclusions to which no response is required. To the extent the statements contained in this paragraph are construed to constitute factual allegations, they are denied.

## RULE 23 CLASS ALLEGATIONS

41.     In response to paragraph 519, Defendant APF incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

42.     Defendant APF admits that Plaintiffs purport to allege class action claims, denies that Plaintiff's Second Amended Complaint contains a Count VII, denies that Plaintiffs have properly asserted such claims, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraph 520.

43.     Defendant APF admits that Plaintiffs purport to allege a "Price Fixed Class," denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraph 521.

44.     Defendant APF admits that Plaintiffs purport to allege and define classes in paragraphs 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535,536 537 and 538 and states that the alleged classes purportedly defined in those paragraphs relate to claims that are not asserted against Defendant APF and therefore no response is required from Defendant APF.  Defendant APF further states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535 and 536 and therefore denies the same, denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of these paragraphs.

FPDOCS 32347117.1

45.     Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 539 and therefore denies the same and denies all remaining allegations of paragraph 539.

46.     Defendant APF denies the allegations of paragraphs 540, 541, 542, 543, 544, 545, 546, 549 and 550.

47.     Defendant APF lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 547, 548 and 553 and therefore denies the same and denies all allegations of those paragraphs.

## 29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

48.     In response to paragraph 551, Defendant APF incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

49.     Defendant APF admits that Plaintiffs purport to allege class action claims, denies that Plaintiffs have properly asserted such claims, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraph 552.

50.     Defendant APF lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 553 and therefore denies the same.

51.     Defendant APF admits that Plaintiffs purport to allege and define classes in paragraphs 554, 555, 556, 557, 558, 559, 560, 561, 562, 563 and 564 and states that the alleged classes purportedly defined in those paragraphs relate to claims that are not asserted against Defendant APF and therefore no response is required from Defendant

APF.  Defendant APF further states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 554, 555, 556, 557, 558, 559, 560, 561, 562, 563 and 564 and therefore denies the same, denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of those paragraphs.

52.     Defendant APF denies the allegations of paragraph 565.

**COUNT 1:  RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1 ET SEQ**.

**Brought by:**

**Plaintiffs and the Price Fixed Class Against the Sponsor Defendants**

53.     For its response to paragraph 566, Defendant APF incorporates by reference all previous paragraphs of this Answer as though fully set forth herein. Defendant APF admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated. Defendant APF denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

54.     Defendant APF denies the allegations of paragraphs 567, 568, 570, 571, 572, 573 and 574.

55.     Defendant APF admits that the Sponsors directly compete with one another and denies the remaining allegations of paragraph 569.

## COUNTS II through X

56.     For its response to paragraphs 575 through 625, Defendant APF states that the allegations pertain to claims that are not asserted against Defendant APF and therefore no response is required.

## DEMAND FOR JURY TRIAL

57.     For its response to paragraph 626, Defendant APF admits that Plaintiffs have demanded a jury trial on all issues so triable.

## PRAYER FOR RELIEF

58.     Defendant APF admits that Plaintiffs seek certain relief, deny that they are entitled to such relief, and deny the allegations of paragraphs (a) through (r).

## GENERAL DENIAL

59.     Any allegation not specifically admitted above is denied.

## DEFENSES

A.     Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

B.     Plaintiffs' claims are barred in whole or in part by applicable statutes of limitation.

C.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of Defendant APF and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

D.      Plaintiffs' claims are barred, in whole or in part, because the conduct of which Plaintiffs complain is reasonable and justified, has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

E.      Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

F.      The actions of Defendant APF constitute bona fide, legitimate business competition, and Defendant APF's actions were carried out in furtherance of Defendant APF's legitimate business interests.

G.      Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

H.      Plaintiffs' claims are barred because Defendant APF reasonably relied upon the weekly stipend established, calculated and applied by the State Department to be paid to participants in the au pair program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in the Defendant APF au pair program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair program.

I.       If, for some reason, any or all of the alleged acts and omissions of Defendant APF were not within the scope of conduct authorized by the State Department, such a situation was not reasonably foreseeable by Defendant APF.

J.       Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Amended Complaint was caused by, due to, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

K.       Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties.  Defendant APF is not liable for the acts of others over which it has no control.

L.       Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack antitrust standing.

M.       Plaintiffs' claims are barred, in whole or in part, because plaintiffs are not direct sellers of any product or service to Defendant APF.

N.       Plaintiffs' claims for equitable relief are barred, in whole or in part, because plaintiffs lack standing to seek such relief.

O.       Plaintiffs' claims for damages against Defendant APF are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

P.      The alleged injury, loss or damage suffered by Plaintiffs, if any, would be compensated adequately by damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

Q.      Counts I through VI, IX, X and XI cannot be certified as class actions under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

R.      The Court lacks jurisdiction over Plaintiffs' claims as they are subject to arbitration agreements requiring plaintiffs to submit the claims to binding arbitration.

S.      Defendant APF acted in good faith and upon reasonable grounds for believing it was not violating the law.

T.      Plaintiffs' claims are barred in whole or in part by estoppel.

U.      Plaintiffs' claims are barred in whole or in part by waiver.

V.      Plaintiffs' claims are barred by unclean hands.

W.      Plaintiffs' are not entitled to the relief requested.

X.      Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if they were allowed to recover the damages alleged in the complaint.

Y.      Defendant APF adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

Defendant APF Global respectfully requests that Plaintiffs' Second Amended Complaint be dismissed in its entirety and that Defendant APF Global be awarded its costs herein and such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 2nd day of December, 2016.

_s/ Susan M. Schaecher_
Susan M. Schaecher
Lawrence Lee
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO  80202
Tel:  303-218-3650
Fax: 303-218-3651
sschaecher@laborlawyers.com
llee@laborlawyers.com

FPDOCS 32347117.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of December, 2016, I electronically filed the foregoing APF GLOBAL EXCHANGE, NFP'S ANSWER TO SECOND AMENDED COMPLAINT through the Court's CF/ECF system which will serve the pleading to the following e-mail addresses:

Lauren Fleischer Louis
Sigrid S. McCawley
Sabria McElroy
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL  33301
llouis@bsfllp.com
smccawley@bsfllp.com
smcelroy@bsfllp.com

Matthew L. Schwartz
Peter Skinner
Randall W. Jackson
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue, 7th Floor
New York, NY  10022
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Alexander Hood
Towards Justice
601 16th Street, Suite C #207
Golden, CO  80401
alex@towardsjustice.org

Kathryn A. Reilly
Grace A. Fox
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
reilly@wtotrial.com
Fox@wtotrial.com

Brian Alan Birenbach
Rietz Law Firm, LLC
P.O. Box 5268
114 Village Place, #301

FPDOCS 32347117.1

Dillon, CO  80435
brian@rietzlawfirm.com

Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
chammond@duffordbrown.com

Lawrence D. Stone
Kathleen E. Craigmile
Nixon Shefrin Hensen Ogburn, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO  80111
lstone@nixonshefrin.com
kcraigmile@nixonshefrin.com

William J. Kelly III
Chandra Marie Feldkamp
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO  80202
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com

James E. Hartley
Jonathan S. Bender
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
jhartley@hollandhart.com
jsbender@hollandhart.com

Adam A. Hubbard
Holland & Hart LLP
1800 Broadway Suite 300
Boulder, CO  80302
aahubbard@hollandhart.com

Robert M. Buchanan, Jr.
Joan A. Lukey
Lyndsey M. Kruzer
Michael T. Gass
Justin J. Wolosz

Choate Hall & Stewart LLP
Two International Place
Boston, MA  02110
rbuchanan@choate.com
joan.lukey@choate.com
lkruzer@choate.com
mgass@choate.com
jwolosz@choate.com

Jessica L. Fuller
Diane Hazel
Lewis Roca Rothgerber Christie LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO  80202
jfuller@lrrc.com
dhazel@lrrc.com

Bogdan Enica
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL  33701
Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO  80202
Rhoadesm@gtlaw.com
Estevaom@gtlaw.com

Martha L. Fitzgerald
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
mfitzgerald@bhfs.com
dmeschke@bhfs.com

Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
Joseph H. Hunt

SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
bcolaizzi@shermanhoward.com
hvickles@shermanhoward.com
rdeeny@shermanhoward.com
jhunt@shermanhoward.com

Brian P. Maschler
Gordon & Rees, LLP-San Francisco
275 Battery Street, Suite 2000
San Francisco, CA  94579
bmaschler@gordonrees.com

John R. Mann
Peggy E. Kozal
Thomas Baker Quinn
Gordon & Reese LLP
555 17th Street, Suite 3400
Denver, CO 80202
jmann@gordonrees.com
pkozal@gordonrees.com
tquinn@gordonrees.com

Dawn L. Smalls
Boies, Schiller & Flexner, LLP
575 Lexington Avenue 7th Floor
New York, NY 10022
dsmalls@bsfllp.com

John B. Fulfree
Joseph B. Cartafalsa
Robert M. Tucker
Stephen J. Macri
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue
New York, New York  10175

                                        s/ Susan M. Schaecher
                                        Susan M. Schaecher
                                        Lawrence Lee
                                        For Fisher & Phillips LLP
                                        1801 California Street, Suite 2700

FPDOCS 32347117.1

Denver, Colorado  80202
303-218-3650
303-218-3651 facsimile
sschaecher@laborlawyers.com
llee@laborlawyers.com