**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-cv-03074-CMA-

KMT JOHANA PAOLA BELTRAN, *ET*

*AL.,* Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*,

Defendants.

---

**DEFENDANT CULTURAL CARE, INC.'S ANSWER TO PLAINTIFFS'**
**SECOND AMENDED COMPLAINT**

---

Defendant Cultural Care, Inc. ("Cultural Care") hereby answers Plaintiffs' Second

Amended Complaint [Doc. 395] (the "SAC"), denying each and every allegation not

specifically admitted, and, without assuming any burden of proof that would otherwise

not be placed on Cultural Care by laws, averring separate defenses as follows:

**<u>INTRODUCTORY STATEMENT</u>**[1]

1.       Admitted that Congress created the cultural exchange program to, among

other things, "enable the Government of the United States to increase mutual

understanding between the people of the United States and the people of other

countries . . ., assist in the development of friendly, sympathetic, and peaceful relations

between the United States and the other countries of the world . . .," and to "assist the

---

[1] For convenience, Cultural Care repeats certain of the headings used by Plaintiffs.  In
so doing, Cultural Care does not admit or agree, and expressly denies, the
characterizations in Plaintiffs' headings.

Department of State in furthering the foreign policy objectives of the United States." Mutual Educational and Cultural Exchange Act of 1961 (Fulbright-Hays Act), 22 U.S.C. § 2451, *et seq.*; 22 C.F.R. § 62.1(a). The remaining allegations in Paragraph 1 are denied.

2.      Admitted that the United States Information Agency ("USIA") administered the au pair program prior to the U.S. Department of State ("DOS") and DOS has authorized sponsors to place au pairs with American families as set forth in the governing regulations.  The remaining allegations in Paragraph 2 are denied.

3.      Denied.

4.      Admitted that DOS oversees the au pair program, which is a J-1 visa program, and that DOS has set a stipend amount with respect to the au pair program. DOS's website and regulations speak for themselves; to the extent the allegations of Paragraph 4 are inconsistent with the website and regulations, they are denied.  The remaining allegations in Paragraph 4 are denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Admitted that most participants in the au pair program that are sponsored by Cultural Care are successfully placed and have excellent experiences. The remaining allegations in Paragraph 9 are denied.

10.     Denied.

11.     Denied.

12.     Denied.

## **NATURE OF THE ACTION**

13.     Admitted that Plaintiffs appear to seek the relief set forth in Paragraph 13, but denies that Plaintiffs are entitled to any relief and denies the remaining allegations in Paragraph 13, if any.

14.     Admitted that Plaintiffs appear to seek the relief set forth in Paragraph 14, but denies that Plaintiffs are entitled to any relief and denies the remaining allegations in Paragraph 14, if any.

15.     Admitted that Plaintiffs appear to seek the relief set forth in Paragraph 15, but denies that Plaintiffs are entitled to any relief and denies the remaining allegations in Paragraph 15.

## **JURISDICTION AND VENUE**

16.     Cultural Care does not contest jurisdiction.

17.     Cultural Care does not contest venue, but denies the remaining allegations in Paragraph 17.

## **PARTIES**

18.     Cultural Care denies the characterization of an au pair's participation in the DOS cultural exchange program as a "service contract." Cultural Care is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18, and therefore denies same.

19.     Cultural Care denies the characterization of an au pair's participation in the DOS cultural exchange program as a "service contract." Cultural Care is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 19, and therefore denies same.

20.     Cultural Care denies the characterization of an au pair's participation in the DOS cultural exchange program as a "service contract." Cultural Care is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 20, and therefore denies same.

21.     This Paragraph has been struck; no response is required.[2]

22.     Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies same.

23.     Cultural Care denies the characterization of an au pair's participation in the DOS cultural exchange program as a "service contract." Cultural Care is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 23, and therefore denies same.

24.     Cultural Care denies the characterization of an au pair's participation in the DOS cultural exchange program as a "service contract." Cultural Care is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 24, and therefore denies same.

25.     Cultural Care denies the characterization of an au pair's participation in the DOS cultural exchange program as a "service contract." Cultural Care is without

---

[2] Plaintiff Dayanna Paola Cardenas Caicedo has been dismissed from this lawsuit, and this allegation, along with several others, has been stricken.  *See* ECF No. 432.

knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 25, and therefore denies same.

26.     Cultural Care denies the characterization of an au pair's participation in the DOS cultural exchange program as a "service contract." Cultural Care is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 26, and therefore denies same.

27.     Paragraph 27 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 27, and therefore denies same.

28.     Paragraph 28 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 28, and therefore denies same.

29.     Paragraph 29 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 29, and therefore denies same.

30.     Paragraph 30 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 30, and therefore denies same.

31.     Paragraph 31 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31, and therefore denies same.

32.     Paragraph 32 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 32, and therefore denies same.

33.     Admitted that Cultural Care is a corporation with its principal office located at One Education Street, Cambridge, Massachusetts 02141.

34.     Paragraph 34 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 34, and therefore denies same.

35.     Paragraph 35 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 35, and therefore denies same.

36.     Paragraph 36 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 36, and therefore denies same.

37.     Paragraph 37 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 37, and therefore denies same.

38.     Paragraph 38 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 38, and therefore denies same.

39.     Paragraph 39 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 39, and therefore denies same.

40.     Paragraph 40 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 40, and therefore denies same.

41.     Paragraph 41 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 41, and therefore denies same.

42.     Paragraph 42 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required,

Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 42, and therefore denies same.

43.     Paragraph 43 makes no allegations regarding Cultural Care and therefore no responsive pleading is required.  To the extent a response is deemed required, Cultural Care is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 43, and therefore denies same.

44.     Admitted that Plaintiffs refer to the defendants as "Sponsors" and "Sponsor Defendants" in the SAC.  The remaining allegations in Paragraph 44, if any, are denied.

## STATEMENT OF FACTS

45.     Denied.

46.     Admitted that the au pair program is one of several U.S. Government cultural exchange programs created pursuant to the Mutual Educational and Cultural Exchange Act of 1961 (Fulbright-Hays Act), 22 U.S.C. § 2451, *et seq.* and that DOS oversees, facilitates, and regulates the program. It is also admitted that au pair participants obtain a J-1 visa. The remaining allegations in Paragraph 46 are denied.

47.     Admitted that, pursuant to 22 C.F.R. § 62.31, the au pair program allows foreign nationals who, among other things, are between the ages of 18 and 26, who are secondary school graduates, and who are proficient in spoken English, to live with an American host family and participate directly in the home life of the host family. *Id.* at § 62.31(d). Au pair participants provide limited child care services to the host family and attend a U.S. post-secondary educational institution. *Id.* at § 62.31(a). Au pair

participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation. *Id.* The remaining allegations in Paragraph 47 are denied.

48.     Admitted that DOS oversees, facilitates, and regulates the au pair program, designates entities to act as sponsors, and that 15 designated sponsors of the au pair program are defendants in this case. The remaining allegations in Paragraph 48 are denied.

49.     Admitted that one must be designated by DOS as a sponsor of the au pair program in order to place au pairs and that au pairs placed in the U.S. must be sponsored in order to participate in the program. The remaining allegations in Paragraph 49 consist of conclusions of law in that they seek to paraphrase the DOS regulations, which speak for themselves, and therefore no response is required. To the extent a response is required, the remaining allegations in Paragraph 49 are denied.

50.     Admitted that Cultural Care is a for-profit entity. Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50, and therefore denies same.

51.     The allegations in Paragraph 51 consist of conclusions of law and therefore no response is required. To the extent a response is required, the allegations in Paragraph 51 are denied.

52.     Denied.

53.     Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and therefore denies same.

54.     Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and therefore denies same.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Admitted that the report was issued; however, the report is in writing and speaks for itself, and all attempts to paraphrase or characterize the report are denied. The remaining allegations in Paragraph 58 are denied.

59.     Admitted that the report was issued; however, the report is in writing and speaks for itself, and all attempts to paraphrase or characterize the report are denied. The remaining allegations in Paragraph 59 are denied.

60.     Admitted that the report was issued; however, the report is in writing and speaks for itself, and all attempts to paraphrase or characterize the report are denied. The remaining allegations in Paragraph 60 are denied.

61.     Admitted that the USIA conducted a rulemaking and published its interim final rule with request for comment in December 1994. However, the interim final rule is in writing and speaks for itself, and all attempts to paraphrase or characterize the final rule are denied. Cultural Care is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 61, and therefore denies same.

62.     Admitted that the final rule was issued. The final rule is in writing and speaks for itself, and all attempts to paraphrase or  characterize the final rule are denied. The remaining allegations of Paragraph 62 are denied.

63.     Admitted that the final rule was issued.  The final rule is in writing and speaks for itself, and all attempts to paraphrase or characterize the final rule are denied. Any remaining allegations of Paragraph 63 are denied.

64.     Admitted that the final rule was issued.  The final rule is in writing and speaks for itself, and all attempts to paraphrase or characterize the final rule are denied. Any remaining allegations of Paragraph 64 are denied.

65.     Admitted that the final rule was issued.  The final rule is in writing and speaks for itself, and all attempts to paraphrase or characterize the final rule are denied. Any remaining allegations of Paragraph 65 are denied.

66.     Denied.

67.     Admitted that 22 C.F.R. § 63.31(j)(1) governs the au pair program. However, the regulation is in writing and speaks for itself, and all attempts to paraphrase or characterize the regulation are denied. Any remaining allegations of Paragraph 67 are denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Admitted that Mr. Duffey testified; however, his testimony speaks for itself, and all attempts to paraphrase or characterize his testimony are denied. Any remaining allegations of Paragraph 71 are denied.

72.     Denied.

73.     Denied.

74.     Admitted that Cultural Care is designated by DOS as a sponsor of the au pair program and that a foreign national must be sponsored by Cultural Care or another sponsor in order to participate in the program. All remaining allegations of Paragraph 74 are denied.

75.     Admitted that Cultural Care and the other DOS-designated sponsors comprised all of the designated sponsors as of November 2014. The remaining allegations in Paragraph 75 are denied.

76.     Admitted that Cultural Care competes with other sponsors and that Cultural Care collects a fee from host families. The remaining allegations in Paragraph 76 are denied.

77.     Admitted that Cultural Care holds itself out as a quality sponsor. The remaining allegations in Paragraph 77 are denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Admitted that Plaintiffs use the term "standard au pair" in the SAC, but deny any characterization of that term.  The remaining allegations in Paragraph 81 are denied.

82.     Denied.

83.     Admitted.

84.     Denied.

85.     The au pair regulations are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.  The remaining allegations in Paragraph 85, if any, are denied.

86.     Admitted that as of July 24, 2009, the DOS had designated $195.75, which included a 40% credit for room and board, as the weekly stipend for participants in the cultural exchange au pair program.

87.     Denied.

88.     Denied.

89.     Denied.

90.     The quotation purports to derive from a document, which speaks for itself, and all attempts to paraphrase or characterize the document are denied.  The remaining allegations in Paragraph 90, if any, are denied.

91.     Paragraph 91 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and therefore denies same.

92.     Denied.

93.     Denied.

94.     Denied.

      i.      Denied.

      ii.     Denied.

      iii.    Denied.

iv.     Denied.

v.      Denied.

95.     Paragraph 95 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care denies that the quotations accurately and/or completely convey the substance of the conversation that Plaintiffs' investigator is alleged to have had.  The remaining allegations in Paragraph 95 are denied.

96.     Paragraph 96 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care denies that the quotations accurately and/or completely convey the substance of the conversation that Plaintiffs' investigator is alleged to have had.  The remaining the allegations in Paragraph 96 are denied.

97.     Paragraph 97 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care denies that the quotations accurately and/or completely convey the substance of the conversation that Plaintiffs' investigator is alleged to have had.  The remaining the allegations in Paragraph 97 are denied.

98.     Denied.

99.     Paragraph 99 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore denies same.

100.   Admitted that Cultural Care conveys the stipend amount in accordance with DOS regulation and directives. The remaining allegations in Paragraph 100 are denied.

101.   Paragraph 101 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and therefore denies same.

102.   Paragraph 102 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore denies same.

103. Paragraph 103 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore denies same.

104.   Paragraph 104 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore denies same.

105.   Paragraph 105 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is

required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore denies same.

106.   Paragraph 106 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore denies same.

107.   Paragraph 107 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and therefore denies same.

108.   Paragraph 108 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and therefore denies same.

109.   Paragraph 109 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and therefore denies same.

110.   Paragraph 110 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and therefore denies same.

111.    Paragraph 111 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and therefore denies same.

112.    Paragraph 112 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and therefore denies same.

113.    Paragraph 113 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore denies same.

114.    Admitted that Cultural Care conveys the stipend amount in accordance with DOS regulation and directives. As to Cultural Care, the remaining allegations in Paragraph 114 are denied.  As to other Defendants, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and therefore denies same.

115.    Paragraph 115 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and therefore denies same.

116.    Paragraph 116 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and therefore denies same.

117.    Paragraph 117 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore denies same.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore denies same.

127.    Denied.

128.    Denied.

129.    Admitted that Cultural Care is a member of the Alliance for International Exchange (the "Alliance"). The remaining allegations in Paragraph 129 are denied.

130.   Admitted that Cultural Care is a member of the International Au Pair Association ("IAPA"). The remaining allegations in Paragraph 130 are denied.

131.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and therefore denies same.

132.   Denied.

133.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and therefore denies same.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Admitted that Cultural Care posts stipend information online. The remaining allegations in Paragraph 138 are denied.

139.   Denied.

140.   Denied.

141.   Paragraph 141 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, and therefore denies same.

142.   Paragraph 142 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is

required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and therefore denies same.

143. Denied.

144. Denied.

145. Denied.

146. Paragraph 146 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, and therefore denies same.

147. Paragraph 147 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and therefore denies same.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Admitted that Cultural Care has conveyed the minimum stipend amount of $195.75 per week, which amount is set by DOS. Whether the amount is "compelled by

law" states a legal conclusion to which no response is required; to the extent a response is deemed required, this allegation is denied.  Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 to the extent they relate to defendants other than Cultural Care, and therefore denies same.  Cultural Care denies the remaining allegations in Paragraph 155.

156.    Admitted that host families may pay more than $195.75 per week, which is the amount that the DOS has set as the stipend.[3]

157.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157, and therefore denies same.

158.    The website is in writing and speaks for itself and all attempts to paraphrase or characterize the website are denied. The remaining allegations in Paragraph 158 are denied.

159.    Denied.

160.    The USIA rule making publications are in writing and speak for themselves, and all attempts to paraphrase or characterize the publications are denied. The remaining allegations, if any, in Paragraph 160 are denied

161.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 and therefore denies same.

---

[3] In Cultural Care's Motion to Dismiss the First Amended Complaint, predecessor counsel argued that (i) $195.75 was not a "floor" but a mandated stipend amount, and (ii) if $195.75 was a "floor," Cultural Care had no way of knowing that was the case. *E.g.,* Defendant Cultural Care, Inc.'s Motion to Dismiss All Claims in First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 127) at 8, 10, 23.  Cultural Care's successor counsel has confirmed based on further investigation that Cultural Care in fact understood $195.75 to be a minimum, not a mandated stipend amount.

162.    The USIA rule making publications are in writing and speak for themselves, and all attempts to paraphrase or characterize the publications are denied. Any remaining allegations in Paragraph 162 are denied.

163.    The February 1997 U.S. Department of Labor ("DOL") Opinion Letter is in writing and speaks for itself, and all attempts to paraphrase or characterize the opinion letter are denied. Any remaining allegations in Paragraph 163 are denied.

164.    The August 1997 DOL Opinion Letter is in writing and speaks for itself, and all attempts to paraphrase or characterize the opinion letter are denied. Any remaining allegations in Paragraph 164 are denied.

165.    Admitted.

166.    The Fact Sheet is in writing and speaks for itself, and all attempts to paraphrase or characterize the Fact Sheet are denied. Any remaining allegations in Paragraph 166 are denied.

167.    Denied.

168.    The DOS notice entitled "Weekly Wage Due au pair program Participants" is in writing and speaks for itself, and all attempts to paraphrase or characterize it are denied. Any remaining allegations in Paragraph 168 are denied.

169.    Denied.

170.    Admitted that Cultural Care is aware that the amount set by the DOS is a minimum weekly stipend that host families must pay to au pairs.  Cultural Care is without knowledge or information sufficient to form a belief as to the truth of this

allegation as it relates to other defendants, and therefore denies same.  The remaining allegations in Paragraph 170 are denied.

171.    Admitted that Cultural Care has access to regulations and publications related to the au pair program, which regulations and publications speak for themselves. The remaining allegations in Paragraph 171 are denied.

172.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172, and therefore denies same.  .

173.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173, and therefore denies same.  .

174.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174, and therefore denies same.

175.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, and therefore denies same.

176.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176, and therefore denies same.

177.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and therefore denies same.

178.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178, and therefore denies same.

179.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179, and therefore denies same.

180.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, and therefore denies same

181.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, and therefore denies same.

182.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, and therefore denies same.

183.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183, and therefore denies same.

184.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184, and therefore denies same.

185.    Cultural Care's marketing and informational materials are in writing and speak for themselves, and all attempts to paraphrase them are denied.

186.    Admitted.

187.    Cultural Care denies that the stipend represents "wages."  The remaining allegations in Paragraph 187 are admitted.

188.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188, and therefore denies same.

189.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189, and therefore denies same.

190.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190, and therefore denies same.

191.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191, and therefore denies same.

192.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, and therefore denies same.

193.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and therefore denies same.

194.   Denied.

195.   Denied.

196.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196, and therefore denies same.

197.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197, and therefore denies same.

198.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198, and therefore denies same.

199.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199, and therefore denies same.

200.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200, and therefore denies same.

201.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, and therefore denies same.

202.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, and therefore denies same.

203.   Cultural Care denies that it has advised au pairs generally that the weekly stipend is "fixed."   To the extent that this Paragraph is referring to specific communications, which are not identified or provided, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 and therefore denies same.

204.   Cultural Care's marketing material is in writing and speaks for itself, and all attempts to paraphrase or characterize the materials are denied. Any remaining allegations in Paragraph 204 are denied.

205.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 and therefore denies same.

206.   Cultural Care denies that it advised au pairs generally "that their wage would be $195.75 per week."   To the extent that this Paragraph is referring to specific communications, which are not identified or provided, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 and therefore denies same.

207.   Cultural Care's marketing materials are in writing and speak for themselves, and all attempts to paraphrase or characterize the materials are denied. Any remaining allegations in Paragraph 207 are denied.

208.   Cultural Care's filings in this case are in writing and speak for themselves, and all attempts to paraphrase or characterize the filings are denied. Any remaining allegations in Paragraph 208 are denied.[4]

---

[4] *See* n. 3, *supra*.

209.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209, and therefore denies same.

210.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210, and therefore denies same.

211.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211, and therefore denies same.

212.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and therefore denies same.

213.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, and therefore denies same.

214.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214, and therefore denies same.

215.   Denied.

216.   Admitted that Cultural Care enters into contracts with host families, receives a fee from host families, and that (to Cultural Care's knowledge) the host families with which Cultural Care places au pairs have no contractual relationship amongst themselves with respect to the au pair program. The remaining allegations in Paragraph 216 are denied.

217.   The DOS regulations are in writing and speak for themselves, and all attempts to paraphrase or characterize the regulations are denied. Any remaining allegations in Paragraph 217 are denied.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

225.   Denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

230.   Denied.

231.   Denied.

232.   Denied.

233.   Denied.

234.   Denied.

235.   The referenced regulation is in writing and speaks for itself, and all attempts to paraphrase or characterize the regulation are denied. Any remaining allegations of Paragraph 235 are denied.

236.   Denied.

237.   Denied.

238.   Denied.

239.   Denied.

240.   Denied.

241.   Denied.

242.   Admitted that Cultural Care is aware of the February 1997 letter referenced in Paragraph 242.  That letter speaks for itself, and no further response is required regarding its content.  Except as expressly admitted, Cultural Care denies the allegations in Paragraph 242.

243.   The William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, and any related guidance issued pursuant to that act, speak for themselves and no further response is required regarding its content.   Except as expressly admitted, Cultural Care denies the allegations in Paragraph 243.

244.   Denied.

245.   Denied.

246.   Denied.

247.   Denied.

248.   Denied.

249.   Denied.

250.   Denied.

251.   Denied.

252.   Denied.

253.   Denied.

254.   Denied.

255.   Denied.

256.   Denied.

257.   Denied.

258.   Denied.

259.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259, and therefore denies same.

260.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260, and therefore denies same.

261.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261, and therefore denies same.

262.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262, and therefore denies same.

263.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263, and therefore denies same.

264.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264, and therefore denies same.

265.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265, and therefore denies same.

266.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266, and therefore denies same.

267.   The websites are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.

268.    The websites are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.

269.    The websites are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.

270.    The websites are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.

271.    The websites are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.

272.    The websites are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.

273.    The websites are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.

274.    The websites are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.

275.    Admitted that Cultural Care is aware that a host family is not prohibited from paying their au pair more than the stipend amount of $195.75.  With respect to the second sentence of Paragraph 275, Cultural Care's marketing and informational materials are in writing and speak for themselves, and all attempts to paraphrase them are denied. The remaining allegations in Paragraph 275 are denied.

276.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 276 and therefore denies same.

277.    Cultural Care's marketing and informational materials are in writing and speak for themselves, and all attempts to paraphrase them are denied. The remaining allegations in Paragraph 277 are denied.

278.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278, and therefore denies same.

279.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279, and therefore denies same.

280.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280, and therefore denies same.

281.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281, and therefore denies same.

282.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282, and therefore denies same.

283.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283, and therefore denies same.

284.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284, and therefore denies same.

285.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285, and therefore denies same.

286.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286, and therefore denies same.

287.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287, and therefore denies same.

288.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288, and therefore denies same.

289.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289, and therefore denies same.

290.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290, and therefore denies same.

291.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291, and therefore denies same.

292.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 292, and therefore denies same.

293.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293, and therefore denies same.

294.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294, and therefore denies same.

295.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295, and therefore denies same.

296.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296, and therefore denies same.

297.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297, and therefore denies same.

298.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298, and therefore denies same.

299.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299, and therefore denies same.

300.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300, and therefore denies same.

301.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301, and therefore denies same.

302.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302, and therefore denies same.

303.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303, and therefore denies same.

304.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304, and therefore denies same.

305.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305, and therefore denies same.

306.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306, and therefore denies same.

307.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307, and therefore denies same.

308.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308, and therefore denies same.

309.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309, and therefore denies same.

310.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310, and therefore denies same.

311.   Denied.

312.   Denied.

313.   Denied.

314.   Denied.

315.   Denied.

316.   Denied.

317.   Denied.

318.   Admitted that Cultural Care prepares host family and au pair agreements. The remaining allegations in Paragraph 318 are denied.

319.   Admitted that Cultural Care performs administrative actions and provides training of au pairs it sponsors, consistent with applicable regulations.  The remaining allegations in Paragraph 319 are denied.

320.   Admitted that au pair participants provide child care services to host families in accordance with the governing DOS regulations.  The remaining allegations in Paragraph 320 are denied.

321.   Admitted that Cultural Care administered its au pair program in compliance with the governing regulations and that it informed host families of

regulatory requirements concerning the au pairs' weekly stipend, hours, and benefits. The remaining allegations in Paragraph 321 are denied.

322.  Denied.

323.  Admitted that, pursuant to applicable law, as a sponsor of an exchange visitor program, Cultural Care may terminate an au pair's participation in the au pair program under certain circumstances.  The remaining allegations in Paragraph 323 are denied.

324.  Denied.

325.  Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325, and therefore denies same.

326.  Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326, and therefore denies same.

327.  Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327, and therefore denies same.

328.  Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328, and therefore denies same.

329.  Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329, and therefore denies same.

330.  Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330, and therefore denies same.

331.    The agreement between Cultural Care and each au pair is in writing and speaks for itself.   All attempts to paraphrase or characterize these documents are denied.  The remaining allegations in Paragraph 331, if any, are denied.

332.    Denied.

333.    Paragraph 333 appears to be an error, and contains no allegation.  To the extent a response is required, denied.

334.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334, and therefore denies same.

335.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335, and therefore denies same.

336.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 336, and therefore denies same.

337.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337, and therefore denies same.

338.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338, and therefore denies same.

339.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339, and therefore denies same.

340.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340, and therefore denies same.

341.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341, and therefore denies same.

342.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342, and therefore denies same.

343.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343, and therefore denies same.

344.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 344, and therefore denies same.

345.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 345, and therefore denies same.

346.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 346, and therefore denies same.

347.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 347, and therefore denies same.

348.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 348, and therefore denies same.

349.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349, and therefore denies same.

350.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350, and therefore denies same.

351.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 351, and therefore denies same.

352.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 352, and therefore denies same.

353.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 353, and therefore denies same.

354.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 354, and therefore denies same.

355.   Admitted that Cultural Care advises that host families must pay a minimum of $195.75 to au pairs, and that au pairs may provide no more than 45 hours of child care per week, in accordance with Department of State regulations. The remaining allegations in Paragraph 355 are denied.

356.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356, and therefore denies same.

357.   The federal wage law speaks for itself, and no further response to Paragraph 357 is required.

358.   State wage laws speak for themselves, and no further response to Paragraph 358 is required.

359.   Denied.

360.   Paragraph 360 is a purported statement of law, to which no response is required. To the extent that a response is required, the allegations in Paragraph 360 are denied.

361.   Admitted that Cultural Care requires au pairs to complete one week of training prior to meeting their host families. The remaining allegations in Paragraph 361 are denied.

362.   Admitted that Cultural Care requires au pairs to attend certain meetings. The remaining allegations in Paragraph 362 are denied.

363.   Denied.

364-412.   Paragraphs 364-412 contain allegations involving defendants other than Cultural Care, to which no responsive pleading by Cultural Care is required.  To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 364-412, and therefore denies same.

413.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 413, and therefore denies same.

414.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 414 and therefore denies same.

415.   Denied.

416.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 416 and therefore denies same.

417.   Admitted that Plaintiff Deetlefs was interviewed and ultimately accepted by Cultural Care as a potential au pair. All remaining allegations contained in Paragraph 417 are denied.

418.   Admitted that Plaintiff Deetlefs created a profile and spoke with at least one host family. Cultural Care denies the remaining allegations of the first sentence of Paragraph 418.  Cultural Care is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in the second sentence of Paragraph 418 and therefore denies same.

419.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 419 regarding the United States embassy and a visa, and therefore denies same.  Cultural Care denies all remaining allegations in Paragraph 419.

420.    Admitted.

421.    Admitted Ms. Deetlefs received training in New York for approximately one week. The remaining allegations in Paragraph 421 are denied.

422.    Admitted that the training was mandatory pursuant to DOS regulations and related to childcare services and the other aspects of the au pair program.  Except as expressly admitted, Cultural Care denies the allegations in Paragraph 422.

423.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 423 and therefore denies same.

424.    Admitted.

425.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 425 and therefore denies same.

426.    Admitted that Ms. Deetlefs' host family has paid the stipend.  Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 426 and therefore denies same.

427.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 427 and therefore denies same.

428.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 428 and therefore denies same.

429.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 429 and therefore denies same.

430.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 430 and therefore denies same.

431.    Admitted that the host family paid Plaintiff Deetlefs the stipend. Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 431 and therefore denies same.

432.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 432 and therefore denies same.

433.    Admitted, except that August 2015 has already passed.

434-449.    Paragraphs 434-449 of the Second Amended Complaint have been stricken; no response is required.  *See* ECF No. 432.

450-469.    Paragraphs 450-469 contain allegations involving defendants other than Cultural Care, to which no responsive pleading by Cultural Care is required.  To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 450-469, and therefore denies same.

470.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 470 and therefore denies same.

471.    Admitted.

472.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 472 and therefore denies same.

473.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 473 and therefore denies same.

474.   Cultural Care denies the first sentence of Paragraph 474.  Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 474 and therefore denies same.

475.   Admitted.

476.   Admitted that Ms. Rascon received training in New York pursuant to DOS regulations and related to childcare services and other aspects of the au pair program.

477.   Denied.

478.   Admitted.

479.   Admitted that Ms. Rascon's host family paid her the stipend. Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 479 and therefore denies same.

480.   Admitted.

481.   Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 481 and therefore denies same.

482.   Denied.

483.    Admitted Ms. Rascon was paid the stipend by her host family. Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 483 and therefore denies same.

484-518.   Paragraphs 484-518 contain allegations involving defendants other than Cultural Care, to which no responsive pleading by Cultural Care is required.  To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 484-518, and therefore denies same.

## RULE 23 CLASS ALLEGATIONS

519.    Cultural Care repeats and realleges its responses to Paragraphs 1 through 518 of the Second Amended Complaint and incorporates the same by reference as if fully set forth herein.

520.    Admitted that Plaintiffs purport to assert the referenced counts as class claims, but denied that that certification would be proper under Fed. R. Civ. P. 23.

521.    Admitted that Plaintiffs purport to define the class referenced in Paragraph 521, but denied that certification would be proper under Fed. R. Civ. P. 23.

522.    Paragraph 522 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 522 are denied.

523.    Admitted that Plaintiffs Deetlefs and Rascon purport to define the class referenced in Paragraph 523, but denied that certification would be proper under Fed. R. Civ. P. 23.

524.    Paragraph 524 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 524 are denied.

525.    Paragraph 525 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 525 are denied.

526.    Paragraph 526 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 526 are denied.

527.    Paragraph 527 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 527 are denied.

528.    Paragraph 528 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 528 are denied.

529.    Paragraph 529 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 529 are denied.

530.    Admitted that Plaintiffs Deetlefs and Rascon purport to define the class referenced in Paragraph 530, but denied that certification would be proper under Fed. R. Civ. P. 23.

531.    Paragraph 531 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 531 are denied.

532.    Paragraph 532 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 532 are denied.

533.    Paragraph 533 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 533 are denied.

534.    Paragraph 534 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 534 are denied.

535.    Admitted that Plaintiffs Deetlefs and Rascon purport to define the class referenced in Paragraph 535, but denied that certification would be proper under Fed. R. Civ. P. 23.

536.    Paragraph 536 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 536 are denied.

537.    Paragraph 537 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 537 are denied.

538.     Paragraph 538 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 538 are denied.

539.     Denied.

540.     Denied.

541.     Denied.

542.     Denied.

543.     Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 543 and therefore denies same.

544.     Denied.

545.     Denied.

546.     Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 546 and therefore denies same.

547.     Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 547 and therefore denies same.

548.     Denied.

549.     Denied.

550.     Denied.

## 29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

551.     Cultural Care repeats and realleges its responses to Paragraphs 1 through 550 of the Second Amended Complaint and incorporates the same by reference as if fully set forth herein.

552.    Admitted that Plaintiffs purport to assert the referenced counts as collective actions, but denied that that collective action certification would be proper.

553.    Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 553 and therefore denies same.

554.    Paragraph 554 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 554 are denied.

555.    Paragraph 555 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 555 are denied.

556.    Paragraph 556 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 556 are denied.

557.    Admitted that Plaintiffs Deetlefs and Rascon purport to define the class referenced in Paragraph 557, but denied that collective action certification would be proper.

558.    Admitted that Plaintiffs Deetlefs and Rascon purport to define the class referenced in Paragraph 558, but denied that collective action certification would be proper.

559.    Paragraph 559 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 559 are denied.

560.    Paragraph 560 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 560 are denied.

561.    Paragraph 561 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 561 are denied.

562.    Paragraph 562 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 562 are denied.

563.    Paragraph 563 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 563 are denied.

564.    Paragraph 564 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 564 are denied.

565.    Denied.

    i.    Denied.

    ii.    Denied.

    iii.    Denied.

**COUNT I: RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1 ET SEQ.**

566.    Cultural Care repeats and realleges its responses to Paragraphs 1 through 565 of the Second Amended Complaint and incorporates the same by

reference as if fully set forth herein.  As to the second sentence of Paragraph 566, admitted that Plaintiffs purport to assert the referenced count on their own behalf and on behalf of all those similarly situated, but denied that that certification would be proper under Fed. R. Civ. P. 23.

567.    Denied.

568.    Denied.

569.    Denied.

570.    Denied.

571.    Denied.

572.    Denied.

573.    Denied.

574.    Denied.

## COUNT II: CIVIL RICO, 18 U.S.C. 1964(C)

575.    Cultural Care repeats and realleges its responses to Paragraphs 1 through 574 of the Second Amended Complaint and incorporates the same by reference as if fully set forth herein.

576.    Admitted that Plaintiffs purport to assert the referenced count on their own behalf and on behalf of all those similarly situated, but denied that that certification would be proper under Fed. R. Civ. P. 23.

577.    Denied.

578.    Denied.

579.    Denied.

580.   Denied.

581.   Denied.

## COUNT III: BREACH OF FIDUCIARY DUTY UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

582.   Cultural Care repeats and realleges its responses to Paragraphs 1 through 581 of the Second Amended Complaint and incorporates the same by reference as if fully set forth herein.

583.   Admitted that Plaintiffs purport to assert the referenced count on their own behalf and on behalf of all those similarly situated, but denied that that certification would be proper under Fed. R. Civ. P. 23.

584.   Denied.

## COUNT IV: NEGLIGENT MISREPRESENTATION UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

585.   Cultural Care repeats and realleges its responses to Paragraphs 1 through 584 of the Second Amended Complaint and incorporates the same by reference as if fully set forth herein.

586.   Admitted that Plaintiffs purport to assert the referenced count on their own behalf and on behalf of all those similarly situated, but denied that that certification would be proper under Fed. R. Civ. P. 23.

587.   Denied.

**COUNT V: CONSTRUCTIVE FRAUD OR FRAUDULENT CONCEALMENT UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA**

588.    Cultural Care repeats and realleges its responses to Paragraphs 1 through 587 of the Second Amended Complaint and incorporates the same by reference as if fully set forth herein.

589.    Admitted that Plaintiffs purport to assert the referenced count on their own behalf and on behalf of all those similarly situated, but denied that that certification would be proper under Fed. R. Civ. P. 23.

590.    Denied.

**COUNT VI: CONSUMER PROTECTION UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA**

591.    Cultural Care repeats and realleges its responses to Paragraphs 1 through 590 of the Second Amended Complaint and incorporates the same by reference as if fully set forth herein.

592.    Admitted that Plaintiffs purport to assert the referenced count on their own behalf and on behalf of all those similarly situated, but denied that that certification would be proper under Fed. R. Civ. P. 23.

593.    Denied.

**COUNT VIII: FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 ET SEQ.**

594.    Cultural Care repeats and realleges its responses to Paragraphs 1 through 593 of the Second Amended Complaint and incorporates the same by reference as if fully set forth herein.

595.    Admitted that Plaintiffs purport to assert the referenced count on their own behalf and on behalf of all those similarly situated, but denied that that certification would be proper under applicable law.

596.    Denied.

597.    Admitted that Cultural Care had annual revenues in excess of $500,000.00.  Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 597 regarding the annual revenue of other defendants, and therefore denies same.  The remainder of the allegations in Paragraph 597 are denied.

598.    Paragraph 598 makes no allegations regarding Cultural Care and therefore no responsive pleading is required. To the extent a responsive pleading is required, Cultural Care is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 598 and therefore denies same.

599.   Denied.

600.   Denied.

601.   Denied.

602.   Denied.

603.   Denied.

604.   Denied.

## COUNT IX: CLAIMS FOR UNPAID WAGES UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

605.    Cultural Care repeats and realleges its responses to Paragraphs 1 through 604 of the Second Amended Complaint and incorporates the same by reference as if fully set forth herein.

606.    Admitted that Plaintiffs purport to assert the referenced count on their own behalf and on behalf of all those similarly situated, but denied that that certification would be proper under Fed. R. Civ. P. 23.

607.    Denied.

608.    The allegations in Paragraph 608 state legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in Paragraph 608 are denied.

609.    Denied.

610.    Denied.

611.    Denied.

612.    Denied.

613.    Denied.

## COUNT X: VIOLATIONS OF NEW YORK WAGE ACT

614.    Cultural Care repeats and realleges its responses to Paragraphs 1 through 613 of the Second Amended Complaint and incorporates the same by reference as if fully set forth herein.

615.    Admitted that Plaintiffs purport to assert the referenced count on their own behalf and on behalf of all those similarly situated, but denied that that certification would be proper under Fed. R. Civ. P. 23.

616.    Denied.

617.    Denied.

618.    Denied.

619.    Denied.

## COUNT XI: CLAIM FOR VIOLATIONS OF NEW JERSEY WAGE ACT

620.    Paragraph 620 makes no allegations regarding Cultural Care, therefore, no responsive pleading is required.   To the extent a response is deemed required, denied.

621.    Paragraph 621 makes no allegations regarding Cultural Care, therefore, no responsive pleading is required.  To the extent a response is deemed required, denied.

622.    Paragraph 622 makes no allegations regarding Cultural Care, therefore, no responsive pleading is required.  To the extent a response is deemed required, denied.

623.    Paragraph 623 makes no allegations regarding Cultural Care, therefore, no responsive pleading is required.  To the extent a response is deemed required, denied.

624.   Paragraph 624 makes no allegations regarding Cultural Care, therefore, no responsive pleading is required.  To the extent a response is deemed required, denied.

625.   Paragraph 625 makes no allegations regarding Cultural Care, therefore, no responsive pleading is required.  To the extent a response is deemed required, denied.

## DEMAND FOR JURY TRIAL

626.   Cultural Care demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Cultural Care respectfully requests that:

a.   This Court decline to certify this action as a class action;

b.   This Court decline to maintain and certify this action as a collective action under 29 U.S.C. § 216(b);

c-q.   To the extent that a response is required with respect to these Paragraphs in Plaintiffs' Prayer for Relief, Cultural Care denies that Plaintiffs are entitled to the relief requested and asks the Court to enter judgment in Cultural Care's favor as to all counts alleged against Cultural care and make no award of damages or other relief for Plaintiffs; and

r.   Award such other and further relief as the Court may deem just and proper.

## SEPARATE DEFENSES

Each and every allegation in Plaintiffs' Complaint that is not admitted is expressly denied. In addition, and without assuming any burden of proof that would not otherwise be placed on Cultural Care, Cultural Care asserts the following separate defenses.

### SEPARATE DEFENSE I

The Complaint fails to state a claim or cause of action upon which relief can be granted.

### SEPARATE DEFENSE II

If Plaintiffs suffered any injuries, said damages are the result of the actions of third parties for which Cultural Care is not responsible.

### SEPARATE DEFENSE III

The Plaintiffs' claims are barred, in whole or in part, because the named plaintiffs are not proper class representatives.

### SEPARATE DEFENSE IV

Neither a class nor a collective action would be appropriate or in conformity with applicable law.

### SEPARATE DEFENSE V

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### SEPARATE DEFENSE VI

Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if they would be allowed to recover any part of the damages alleged in the complaint.

## SEPARATE DEFENSE VII

Certain of Plaintiffs' claims are preempted by federal law.

## SEPARATE DEFENSE VIII

There is no liability because no host family was an agent or employee of Cultural Care.

## SEPARATE DEFENSE IX

Some activities alleged to be compensable are not compensable as prescribed by the Portal-to-Portal Act 29 U.S.C. §§ 254 *et seq.*

## SEPARATE DEFENSE X

Certain of Plaintiffs' claims are barred because Plaintiffs failed to exhaust their administrative remedies.

## SEPARATE DEFENSE XI

All conduct by Cultural Care was in good faith and with reasonable grounds for believing that such conduct comported with the antitrust laws, FLSA, the Portal-to-Portal Act, and the requirements of the United States Department of State.

## SEPARATE DEFENSE XII

Any compensation is subject to a credit pursuant to 29 C.F.R. §§ 531.31 *et seq.*

## SEPARATE DEFENSE XIII

Any overtime compensation sought is subject to a statutory credit pursuant to 29 U.S.C. § 207.

## SEPARATE DEFENSE XIV

All claims are barred by 29 U.S.C. § 259 on the basis that Defendant acted in good faith and in reliance on the enforcement policies of the DOL.

## SEPARATE DEFENSE XV

Liquidated damages, pursuant to 29 U.S.C. § 260, are not available as such and are barred by Cultural Care's good faith and Cultural Care's reasonable grounds for believing it was acting in conformity with the FLSA and its actions were not violative of the Act.

## SEPARATE DEFENSE XVI

There can be no liability because Cultural Care was acting in accordance with a bona fide custom and practice.

## SEPARATE DEFENSE XVII

Because the actions of Cultural Care were not willful, the applicable period of limitations for certain claims is two (2) years.

## SEPARATE DEFENSE XVIII

There is no liability because Cultural Care was not the "employer" or "joint-employer" of the Plaintiffs or any other au pair.

## SEPARATE DEFENSE XIX

Because Cultural Care was not the employer or joint employer of the Plaintiffs or any other au pair, there is no common pay practice and a collective action would not be appropriate or in conformity with applicable law.

## SEPARATE DEFENSE XX

Colorado law specifically is not applicable to Cultural Care as there is an exclusion of the law for persons acting as au pairs.

## SEPARATE DEFENSE XXI

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

## SEPARATE DEFENSE XXII

Plaintiffs' claims are barred, in whole or in part, because any and all of Cultural Care's conduct has been reasonable and based on independent, legitimate business and economic justifications.

## SEPARATE DEFENSE XXIII

Plaintiffs' claims are barred, in whole or in part, because plaintiffs have not suffered antitrust injury proximately caused by the conduct of Cultural Care and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

## SEPARATE DEFENSE XXIV

Plaintiffs' claims are barred, in whole or in part, because the conduct of which plaintiffs complain is reasonable and justified, is procompetitive, and has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

## SEPARATE DEFENSE XXV

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and plaintiffs have not alleged and cannot prove the elements of a rule of reason claim. In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

<u>SEPARATE DEFENSE XXVI</u>

Plaintiffs' claims are barred because they have not alleged a properly defined relevant product (or service) and geographic markets.

<u>SEPARATE DEFENSE XXVII</u>

Plaintiffs' claims are barred because Cultural Care reasonably relied upon the weekly stipend designated by the DOS and/or the DOL to be paid to participants in the au pair exchange program, specifically including the credit for room and board. The weekly stipend paid by host families to participants in the Cultural Care au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

<u>SEPARATE DEFENSE XXVIII</u>

If, for some reason, any or all of the alleged acts and omissions of Cultural Care were not within the scope of conduct authorized by the DOS and/or the DOL, such a situation was not reasonably foreseeable by Cultural Care.

<u>SEPARATE DEFENSE XXIX</u>

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine and/or the doctrine of implied immunity. Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due to, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

## SEPARATE DEFENSE XXX

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack antitrust standing.

## SEPARATE DEFENSE XXXI

Plaintiffs' claims are barred, in whole or in part, because plaintiffs are not direct sellers of any product or service to Cultural Care.

## SEPARATE DEFENSE XXXII

Plaintiffs' claims for equitable relief are barred, in whole or in part, because plaintiffs lack standing to seek such relief.

## SEPARATE DEFENSE XXXIII

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, and/or waiver.

## SEPARATE DEFENSE XXXIV

Cultural Care adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

## SEPARATE DEFENSE XXXV

Cultural Care reserves the right to assert additional separate defenses if and when they become known through investigation and discovery.

DATED this 2nd day of December, 2016.

*s/ Diane Hazel*

Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

**Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair**

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on December 2, 2016, I electronically filed the foregoing Defendant Cultural Care, Inc.'s Answer to Plaintiffs' Second Amended Complaint and Jury Demand using the CM/ECF system which will send notification of such filing to the following e-mail addresses.

Randall W. Jackson (<u>rjackson@bsfllp.com</u>)
Lauren F. Louis (<u>llouis@bsfllp.com</u>)
Sigrid S. McCawley (<u>smccawley@bsfllp.com</u>)
Matthew L. Schwartz (<u>mlschwartz@bsfllp.com</u>)
Peter M. Skinner (<u>pskinner@bsfllp.com</u>)
Dawn L. Smalls (<u>dsmalls@bsfllp.com</u>)
Boies Schiller & Flexner, LLP
401 East Las Olas Boulevard
Suite 1200
Ft. Lauderdale, FL 33301

Alexander N. Hood (<u>alex@towardsjustice.org</u>)
Towards Justice-Denver
1535 High Street
Suite 300
Denver, CO 80218

*s/ Diane Hazel*
Diane Hazel