**I**N **T**HE **U**NITED **S**TATES **D**ISTRICT **C**OURT
**F**OR **T**HE **D**ISTRICT **O**F **C**OLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al.,

Plaintiffs,

v.

INTEREXCHANGE, INC., et al.,

Defendants.

---

**CULTURAL HOMESTAY INTERNATIONAL'S
ANSWER TO SECOND AMENDED COMPLAINT**

---

Defendant Cultural Homestay International ("CHI") answers the second amended complaint as follows.  All references to paragraph numbers are to paragraphs of the second amended complaint.  Additionally, a statement by CHI that it lacks knowledge or information sufficient to form a belief about the truth of an allegation shall have shall have the effect of a denial of that allegation.

1.      Answering paragraph 1, CHI admits that the Mutual Educational and Cultural Exchange Act of 1961, 22 U.S.C. § 2451, *et seq.* indicates that Congress created the exchange visitor programs

> to enable the Government of the United States to increase mutual understanding between the people of the United States and the people of other countries by means of educational and cultural exchange; to strengthen the ties which unite us with other nations by demonstrating the educational and cultural interests, developments, and achievements of the people of the United States and other nations, and the contributions being made toward a peaceful and more fruitful life for people throughout the world; to

> promote international cooperation for educational and cultural advancement; and thus to assist in the development of friendly, sympathetic, and peaceful relations between the United States and the other countries of the world.J-1 visa program to facilitate cultural exchange between nations.

CHI also admits that under the au pair exchange visitor program,

> foreign nationals are afforded the opportunity to live with an American host family and participate directly in the home life of the host family. All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31.  CHI denies the remaining allegations in paragraph 1.

2.      Answering paragraph 2, CHI admits that the au pair exchange program initially was administered and regulated by the United States Information Agency, and later by the Department of State.  CHI also admits that 16 organizations currently are authorized by the Department of State to place au pairs with American families as set forth in the governing regulations, 22 C.F.R. § 62.31, *et seq.*  CHI denies the remaining allegations in paragraph 2.

3.      CHI denies paragraph 3.

4.      Answering paragraph 4, CHI admits that the Department of State oversees the au pair exchange program.  CHI asserts that the allegations concerning the stipend due to "J-1 visa holders" do not apply to participants in the au pair exchange program.  CHI denies the remaining allegations in paragraph 4.

5.      CHI denies paragraphs 5-12.

**Nature of the Action**

6.      Answering paragraph 13, CHI admits that plaintiffs seek the relief set forth in that paragraph.  CHI denies that it has violated state or federal antitrust laws and denies that plaintiffs are entitled to any relief whatsoever.

7.      Answering paragraphs 14-15, CHI admits that plaintiffs assert the claims set forth in those paragraphs.  CHI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 14 and 15.

**Jurisdiction and Venue**

8.      Answering paragraph 16, CHI admits that this Court has jurisdiction over this lawsuit in its present form.  However, CHI asserts that any dispute involving an au pair sponsored by CHI is subject to a mandatory arbitration provision, which would deprive the Court of jurisdiction over the parties to any such dispute.  Accordingly, CHI reserves the right to challenge the Court's jurisdiction in the future should a class be certified or if the complaint is amended further to assert claims on behalf of an au pair sponsored by CHI.

9.      Answering paragraph 17, CHI admits that venue is proper in this Court.  The remaining allegations in paragraph 17 are denied.

**Parties**

10.      Answering paragraphs 18-26, CHI denies the characterization of an au pair's participation in the DOS cultural exchange program as a "service contract."  CHI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 18-26.

11.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 27-31.

12.     Answering paragraph 32, CHI admits that it is a California, non-profit entity with its principal place of business at 104 Butterfield Rd., San Anselmo, California, 94960.

13.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 33-43.

14.     Answering paragraph 44, CHI admits that at times, the defendants are referred to collectively in the second amended complaint as the "Sponsors" or the "Sponsor Defendants."

**Statement of Alleged Facts**

15.     CHI denies paragraph 45.

16.     Answering paragraph 46, CHI admits that participants in the au pair exchange program must have a J-1 visa, and that the au pair exchange program is one of several J-1 visa "cultural exchange" programs overseen, administered, and regulated by the United States Department of State. CHI further admits that the au pair exchange program is carried out under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, as well as the applicable regulations issued by the Department of State.  CHI denies the remaining allegations in paragraph 46.

17.     Answering paragraph 47, CHI asserts that the regulations governing the au pair exchange program are set forth in 22 C.F.R. § 62.31 *et seq.*  CHI admits that among the requirements for participants in the au pair exchange program

are that they must be between the ages of 18 and 26, must have a secondary school education (or equivalent), and must be proficient in spoken English.  Additionally, CHI admits that foreign nationals participating in the au pair exchange program

> are afforded the opportunity to live with an American host family and participate directly in the home life of the host family.  All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31(a).  CHI further admits that the host families provide participants in the au pair exchange program a suitable private bedroom and a weekly stipend.  CHI denies the remaining allegations in paragraph 47.

18.     Answering paragraph 48, CHI admits that the Department of State authorizes certain entities to act as sponsors in the au pair exchange program.  CHI further admits that 15 of the entities currently authorized to serve as sponsors are named as defendants in this case.  CHI denies the remaining allegations in paragraph 48.

19.     Answering paragraph 49, CHI admits that sponsors are the only entities authorized by the Department of State to place au pairs with host families in the United States.  CHI further admits that the placement of an au pair with a host family is governed by Department of State regulations.  CHI denies the remaining allegations in paragraph 49.

20.     Answering paragraph 50, CHI admits that it is a non-profit entity that has generated revenue from program fees paid by host families.  CHI denies that it

receives revenues from au pairs.  Chi lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in paragraph 50.

21.     Answering paragraph 51, CHI admits that Department of State

regulations govern the au pair exchange program and state in part that au pairs:

> (1) Are compensated at a weekly rate based upon 45 hours
> of child care services per week and paid in conformance with
> the requirements of the Fair Labor Standards Act as
> interpreted and implemented by the United States
> Department of Labor . . .;
>
> (2) Do not provide more than 10 hours of child care per day,
> or more than 45 hours of child care in any one week . . .;
>
> (3) Receive a minimum of one and one half days off per
> week in addition to one complete weekend off each month;
> and
>
> (4) Receive two weeks of paid vacation.

22 C.F.R. § 62.31(j).  CHI denies the remaining allegations in paragraph 51.

22.     CHI denies the allegations in paragraph 52.

23.     CHI lacks knowledge or information sufficient to form a belief about

the truth of the allegations in paragraphs 53-57.

24.     Answering paragraphs 58-60, CHI admits that the referenced report

was issued.  However, the report is in writing and speaks for itself, and all attempts to

paraphrase or characterize the report are denied. CHI denies the remaining allegations

in paragraphs 58-60.

25.     Answering paragraph 61, CHI admits that in 1994-95, the USIA

conducted formal rulemaking concerning the au pair exchange program.  CHI lacks

sufficient knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 61.

26.     Answering paragraphs 62-67, CHI admits that USIA issued final regulations in 1995.  Without citation, paragraphs 62-67 purport to quote selectively from those regulations and the accompanying statements by USIA.  Those regulations and statements speak for themselves and no further answer is required.  CHI denies the remaining allegations in paragraphs 62-67.

27.     CHI denies paragraphs 68-70.

28.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71.  CHI denies that the sponsors "have a cartel."

29.     CHI denies paragraphs 72-73.

30.     Answering paragraphs 74-75, CHI denies that the sponsor defendants are the only entities authorized by the Department of State to sponsor participants in the au pair exchange program in the United States.  CHI denies the remaining allegations in paragraphs 74-75.

31.     Answering paragraph 76, CHI admits it competes with other sponsors and that it collects a fee from host families. CHI denies the remaining allegations in paragraph 76.

32.     Answering paragraph 77, CHI admits that it asserts that it is a quality sponsor. CHI denies the remaining allegations in paragraph 77.

33.     CHI denies the allegations in paragraphs 78-80.

34.     Answering paragraph 81, CHI admits that plaintiffs purport to use the term "standard au pair" to describe au pair positions as set forth in paragraph 81. CHI denies that the term "standard au pair" has any significant meaning in light of the economic realities of the au pair exchange program.  CHI denies the remaining allegations in paragraph 81.

35.     CHI denies paragraph 82.

36.     Answering paragraph 83, CHI admits that the Department of State oversees, administers, and regulates the au pair exchange visitor program.

37.     CHI denies paragraph 84.

38.     Answering paragraph 85, CHI admits that 22 C.F.R. § 62.31(j) states in part that au pairs are to be "compensated at a weekly rate based upon 45 hours of child care services per week and paid in conformance with the requirements of the Fair Labor Standards Act as interpreted and implemented by the United States Department of Labor."

39.     Answering paragraph 86, CHI admits that as of July 24, 2009, the Department of State designated $195.75, which included a 40% credit for room and board, as the weekly stipend to be paid to participants in the au pair exchange program. CHI denies the remaining allegations in paragraph 86.

40.     CHI denies paragraphs 87-89.

41.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.

42.     Answering paragraph 91, CHI admits that it has from time to time used a "slide deck" in presentations describing the CHI au pair exchange program. CHI denies the remaining allegations in paragraph 91.

43.     CHI denies paragraphs 92-98.

44.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 99-106.

45.     Answering paragraph 107, CHI admits that at one time its website informed host families that the minimum weekly stipend required by the U.S. Department of State was $195.75.  CHI denies the remaining allegations in paragraph 107.

46.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 108-117.

47.     CHI denies paragraphs 118-124.

48.     Answering paragraph 125, CHI admits that some foreign nationals seek to participate in the au pair exchange program as a means for experiencing life in the United States.  CHI denies the remaining allegations in paragraph 125.

49.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126.

50.     CHI denies paragraphs 127-128.

51.     CHI admits that it is a member of an association called the Alliance for International Education and Cultural Exchange, which is referred to in paragraph 129

as the "Alliance."  CHI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 129.

52.     Answering paragraphs 130-131, CHI admits that it is a member of an association called the International Au Pair Association, which is referred to in paragraph 130 as "IAPA."  CHI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 130-31.

53.     Answering paragraph 132, CHI admits that from time to time, representatives of CHI attend meetings of the Alliance and IAPA, which are also attended by representatives of other sponsor defendants. CHI denies the remaining allegations in paragraph 132.

54.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133.

55.     CHI denies paragraphs 134-137.

56.     Answering paragraph 138, CHI admits that it posts stipend information online.  CHI denies the remaining allegations in paragraph 138.

57.     CHI denies paragraphs 139-140.

58.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 141-142.

59.     CHI denies the allegations in paragraphs 143-144.

60.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 145-147.

61.     CHI denies paragraphs 148-154.

**Allegations Concerning Interexchange, Cultural Care,**
**Au Pair in America, AuPairCare, GoAuPair and Expert AuPair**

62.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 155-169, which relate to other defendants. Additionally, CHI states that the allegations in these paragraphs purport to describe regulations issued and other actions taken by USIA, the Department of State and the Department of Labor concerning the weekly stipend paid to participants in the au pair exchange program.  The regulations and other actions taken by USIA, the Department of State and the Department of Labor speak for themselves and no answer is required to these paragraphs.

63.     Answering paragraph 170, CHI admits that it understands that the amount of the weekly stipend to be paid to participants in the au pair exchange program as designated by the Department of State is a minimum weekly stipend.  The remaining allegations in paragraph 170 are denied.

64.     CHI denies paragraphs 171-172.

65.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 173-179.

66.     Answering paragraphs 180-233, CHI understands that the allegations contained in these paragraphs pertain to defendants other than CHI.  In particular, CHI understands that the use of the term "Sponsor" or "Sponsors" as used in these paragraphs pertains to one or more of defendants Interexchange, Cultural Care, Au Pair in America and Cultural Care, and not to CHI.  Based upon this understanding, CHI lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraphs 180-233.  To the extent plaintiffs intended to refer to CHI in any of these paragraphs, CHI denies those allegations

67.     Answering paragraphs 234-363, CHI understands that the allegations contained in these paragraphs pertain to defendants other than CHI.  In particular, CHI understands that the use of the term "Sponsor" or "Sponsors" as used in these paragraphs pertains to one or more of defendants Interexchange, Cultural Care, Go Au Pair, Au Pair in America, AuPairCare and Expert Au Pair, not to CHI.  Based upon this understanding, CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 234-363.  To the extent plaintiffs intended to refer to CHI in any of these paragraphs, CHI denies those allegations

### Injuries Allegedly Suffered by Plaintiffs

68.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 364-518.

### Rule 23 Class Action Allegations

69.     Answering paragraph 519, CHI incorporates by reference its response to all previous paragraphs of the second amended complaint.

70.     Answering paragraph 520, CHI admits that plaintiffs purport to assert Counts I-VII and IX-X as class action claims.  CHI denies the remaining allegations in paragraph 520 and denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

71.     Answering paragraph 521, CHI admits that plaintiffs purport to define what they call the "Price Fixed Class" as set forth in that paragraph.  CHI denies

the remaining allegations in paragraph 521 and denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

72.     Answering paragraphs 522-538, CHI states that the alleged classes purportedly defined in these paragraphs relate to claims that are not asserted against CHI and therefore no response is required from CHI.  In any event, CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 522-538.

73.     CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 539.  CHI denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

74.     CHI denies paragraphs 540-542.

75.     Answering paragraph 543, CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

76.     CHI denies paragraphs 544-545.

77.     CHI admits that this action was filed in 2014.  CHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 546-548.

78.     CHI denies paragraphs 549-550.

79.     Answering paragraphs 551-565, CHI states that these paragraphs relate to claims that are not asserted against CHI and therefore no answer by CHI is required.

### Count I:  Alleged Restraint of Trade

80.     Answering paragraph 566, CHI incorporates by reference its response to all previous paragraphs of the second amended complaint.  CHI denies that plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair exchange program and denies the remaining allegations in paragraph 566.

81.     CHI denies paragraphs 567-574.

### Counts II - XI

82.     Answering paragraphs 575-625, the allegations in these paragraphs pertain to claims that are not asserted against CHI and therefore no response by CHI is required.

83.     CHI denies all allegations of the second amended complaint that are not expressly admitted.

### Demand for Jury Trial

84.     Answering paragraph 626, CHI demands a jury trial for all issues so triable.

### Plaintiffs' Prayer for Relief

85.     To the extent that the plaintiffs' prayer for relief may be deemed to require a response, it is denied.  CHI states that plaintiffs are not entitled to maintain this action as a class action and deny that plaintiffs are entitled to any relief or damages whatsoever.

## SEPARATE DEFENSES

CHI asserts the following separate defenses to Count I in the second amended complaint, which is the only claim asserted against CHI.  CHI asserts these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on the plaintiffs.  CHI has not yet completed discovery, which might reveal additional defenses.  CHI therefore reserves the right to amend this answer if appropriate to assert additional defenses.

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, 15 U.S.C. § 15b.

### THIRD DEFENSE

Any claim asserted by or on behalf of an au pair sponsored by CHI is subject to mandatory arbitration.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs have not suffered antitrust injury proximately caused by the conduct of CHI and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

<u>FIFTH DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack antitrust standing.

<u>SIXTH DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, because plaintiffs are not direct sellers of any product or service to CHI.

<u>SEVENTH DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, because the conduct of which plaintiffs complain is reasonable, justified and procompetitive, and has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

<u>EIGHTH DEFENSE</u>

The actions of CHI have been reasonable and procompetitive and CHI's actions were justified by and carried out in furtherance of CHI's independent and legitimate, business and economic interest.

<u>NINTH DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

## TENTH DEFENSE

Plaintiffs' claims are barred because they have not alleged properly defined a relevant product (or service) and geographic market.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because CHI reasonably relied upon the weekly stipend established, calculated, and applied by the Department of State and the Department of Labor to be paid to participants in the au pair exchange program, specifically including the credit for room and board. The weekly stipend paid by host families to participants in the CHI au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

## TWELFTH DEFENSE

If, for some reason, any or all of the alleged acts and omissions of CHI were not within the scope of conduct authorized by the Department of State and/or the Department of Labor, such a situation was not reasonably foreseeable by CHI.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine, and/or the doctrine of implied immunity. Plaintiffs' claims are further barred because the alleged conduct that is the subject of the second amended complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

## FOURTEENTH TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because CHI has acted in good faith and with intent to comply with the law.

## FIFTEENTH DEFENSE

Any injuries, losses, or damages suffered by plaintiffs were the result of the independent actions and decisions of third parties.  CHI is not liable for the acts of others over which it has no control.

## SIXTEENTH DEFENSE

Plaintiffs' claims for damages against CHI are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

## SEVENTEENTH DEFENSE

The alleged injuries, losses, or damages suffered by plaintiffs, if any, would be compensated adequately by damages.  Accordingly, plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or latches.

## NINETEENTH DEFENSE

Count I cannot be certified as a proper class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

<u>TWENTIETH DEFENSE</u>

CHI adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

**CHI'S PRAYER FOR RELIEF**

Therefore, CHI prays for relief as follows:

1.      That this Court decline to certify as a class action the claims asserted in Count 1 in the second amended complaint;

2.      That plaintiffs take nothing by way of the claim asserted in Count I of the second amended complaint, and the action be dismissed with prejudice;

3.      That judgment be entered in favor of CHI and against plaintiffs with respect to Count I in the second amended complaint;

4.      That the Court award CHI its attorneys' fees and all are other costs reasonably incurred in defense of this action; and

5.      That the Court award such other relief as it may deem just and proper.

Dated:  December 2, 2016

Respectfully submitted,

*s/ James E. Hartley*
James E. Hartley
Jonathan S. Bender
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone:  303-295-8000
jhartley@hollandhart.com
jsbender@hollandhart.com

Adam A. Hubbard
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO  80302
Phone: 303-473-2700
aahubbard@holandhart.com

**ATTORNEYS FOR DEFENDANT
CULTURAL HOMESTAY INTERNATIONAL**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 2, 2016, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Matthew Lane Schwartz | mlschwartz@bsfllp.com; |
| Peter Murray Skinner | pskinner@bsfllp.com; |
| Randall Wade Jackson | rjackson@bsfllp.com; |
| Sigrid Stone McCawley | smccawley@bsfllp.com; |
| Lauren Fleischer Louis | llouis@bsfllp.com; |
| Sabrina Alexandria McElroy | smcelroy@bsfllp.com; |
| Dawn L. Smalls | dsmalls@bsfllp.com; |
| Alexander Hood | alex@towardsjustice.org; |
| Brooke A. Colaizzi | bcolaizzi@shermanhoward.com; |
| Heather F. Vickles | hvickles@shermanhoward.com; |
| Raymond Myles Deeny | rdeeny@shermanhoward.com; |
| Joseph H. Hunt | jhunt@shermanhoward.com; |
| William J. Kelly III | wkelly@kellywalkerlaw.com; |
| Chandra M. Feldkamp | cfeldkamp@kellywalkerlaw.com; |
| Meshach Y. Rhoades | mrhoades@armstrongteasdale.com; |
| Martin J. Estevao | mestevao@armstrongteasdale.com; |
| Bogdan Enica | bogdane@hotmail.com; |
| David B. Meschke | dmeschke@bhfs.com; |
| Martha L. Fitzgerald | mfitzgerald@bhfs.com; |
| Robert M. Buchanan, Jr. | rbuchanan@choate.com; |
| Joan A. Lukey | joan.lukey@choate.com; |
| Michael T. Gass | mgass@choate.com; |
| Justin J. Wolosz | jwolosz@choate.com; |
| Lindsey M. Kruzer | lkruzer@choate.com; |
| James M. Lyons | jlyons@lrrc.com; |
| Jessica L. Fuller | jfuller@lrrc.com; |
| Diane Hazel | dhazel@lrrc.com; |
| Jonelle Martinez | jmartinez@lrrc.com; |
| Thomas B. Quinn | tquinn@gordonrees.com; |
| Brian P. Maschler | bmaschler@gordonrees.com; |
| Peggy Kozal | pkozal@gordonrees.com; |
| John R. Mann | jmann@gordonrees.com; |
| Lawrence L. Lee | llee@laborlawyers.com; |
| Susan M. Schaecher | sschaecher@laborlawyers.com; |
| Joseph B. Cartafalsa | jcartafalsa@putneylaw.com |
| Stephen J. Macri | smacri@putneylaw.com |
| John B. Fulfree | jfulfree@putneylaw.com |
| Robert M. Tucker | rtucker@putneylaw.com |

Kathryn A. Reilly                reilly@wtotrial.com;
Grace Anne Fox                   fox@wtotrial.com;
Lawrence D. Stone                lstone@nixonshefrin.com;
Kathleen E. Craigmile            kcraigmile@nixonshefrin.com;


_s/ James E. Hartley_
James E. Hartley
HOLLAND & HART LLP


9237900_4