## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
SARAH CAROLINA AZUELA RASCON;
LAURA MEJIA JIMENEZ; JULIANE HARNING;
NICOLE MAPLEDORAM; and those similarly situated

       Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AUPAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

       Defendants.

---

## AMERICAN INSTITUTE FOR FOREIGN STUDY
## DBA AU PAIR IN AMERICA'S ANSWER
## TO PLAINTIFFS' SECOND AMENDED COMPLAINT

---

American Institute for Foreign Study d/b/a Au Pair in America ("Au Pair in America"),
by and through its attorneys, Putney, Twombly, Hall & Hirson, LLP, as and for its Answer to
Plaintiffs' Second Amended Complaint (the "Second Amended Complaint"), states as follows:

## INTRODUCTORY STATEMENT

1.      Admits that Congress created the J-1 visa program to facilitate cultural exchange
between nations, and that today the au pair program recruits foreign nationals to provide child
care to American families. Defendant Au Pair in America denies all remaining allegations
contained in paragraph 1 of the Second Amended Complaint.

2.      Admits that the au pair program was initially administered by the United States
Information Agency (USIA) which merged with the United States Department of State ("State
Department") and that the sponsor organizations were designated by the State Department to
provide certain services to exchange visitors as directed by the State Department. Defendant Au
Pair in America denies all remaining allegations contained in paragraph 2 of the Second
Amended Complaint.

3.      Denies each and every allegation contained in paragraph 3 of the Second
Amended Complaint.

4.      Defendant Au Pair in America states that the State Department website speaks for
itself and denies all remaining allegations contained in paragraph 4 of the Second Amended
Complaint.

5.      Denies each and every allegation contained in paragraphs 5, 6, 7, 8, 9 and 10 of the
Second Amended Complaint.

6.      Defendant Au Pair in America states that Plaintiffs' references to "agents of
sponsors" and violations of law in paragraph 11 state legal conclusions to which no response is

required.  Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning other au pairs or sponsors.  Defendant Au Pair in America denies all other allegations contained in paragraph 11 of the Second Amended Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 regarding the named Plaintiffs other than Lusapho Hlatshaneni, and sponsors other than itself, and denies the other allegations contained in paragraph 12 of the Second Amended Complaint.

## NATURE OF THE ACTION

8.      Admits that paragraphs 13, 14 and 15 of the Second Amended Complaint purport to describe claims for which Plaintiffs seek relief, and, accordingly, denies paragraphs 13, 14 and 15 thereof.

## JURISDICTION AND VENUE

9.      Admits that Plaintiffs seek to invoke the jurisdiction of this Court as alleged in paragraph 16, but denies that Au Pair in America has violated any law, statute or regulation referred to in the Second Amended Complaint.

10.      Defendant Au Pair in America admits that Plaintiffs seek to establish that venue is proper in this Court as alleged in paragraph 17 of the Second Amended Complaint, but denies that Au Pair in America has violated any law, statute or regulation or common law referred to therein.

## PARTIES

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34,

35, 36, 38, 39, 40, 41, 42, 43 regarding the named Plaintiffs and Defendants other than Lusapho Hlatshaneni and Defendant Au Pair in America, and denies the same and denies all other allegations contained in these paragraphs.

12.     Admits that Plaintiff Lusapho Hlatshaneni is a natural person, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 concerning Plaintiff Hlatshaneni's current residence, and denies all other allegations contained in paragraph 19 of the Second Amended Complaint.

13.     Admits the allegations in paragraph 37 of the Second Amended Complaint.

14.     For purposes of using references consistent with those used in the Second Amended Complaint, in this Answer, Defendant Au Pair in America will refer to all Defendants collectively as the "Sponsors" or the "Sponsor Defendants" as Plaintiffs state in paragraph 44, and denies all other allegations in paragraph 44.

## STATEMENT OF ALLEGED FACTS

15.     Denies each and every allegation in paragraphs 45, 52, 55, 56, 57, 69, 70, 72, 73, 74, 78, 79, 80, 82, 84, 87, 88, 89, 92, 93, 94, 95, 96, 97, 98,  114, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 134, 135, 136, 137, 138, 139, 140, 143, 144, 148, 149, 150, 151, 152, 153, 154, 161, 190, 194, 195, 209, 210, 211, 215, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 236, 237, 238, 239, 244, 253, 254, 255, 256, 257, 258, 336, 396, 404, and 405 of the Second Amended Complaint.

16.     Admits that au pair placement is made possible through the J-1 visa au pair program, and that the J-1 visa au pair program is one of several J-1 visa "cultural exchange" programs overseen and administered by the State Department under the authority of the Mutual

Educational and Cultural Exchange Act of 1961, as amended.  Defendant Au Pair in America denies all remaining allegations contained in paragraph 46 of the Second Amended Complaint.

17.     Defendant Au Pair in America states that the Mutual Educational and Cultural Exchange Act of 1961 speaks for itself and denies all remaining allegations contained in paragraph 47 of the Second Amended Complaint.

18.     Admits that the State Department facilitates J-1 visa programs by designating entities to act as sponsors, and denies the remaining allegations contained in paragraph 48 of the Second Amended Complaint.

19.     Admits that sponsors designated by the State Department are the exclusive entities authorized to recruit and place au pairs with host families in the United States, and admits that to participate in the au pair program, exchange visitors must be sponsored by a State Department-designated sponsor. Defendant Au Pair in America denies all remaining allegations contained in paragraph 49 of the Second Amended Complaint.

20.     Admits that it is a for-profit entity and it generates revenue from program fees paid by host families and au pairs. Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of the Second Amended Complaint.

21.     Defendant Au Pair in America states that the State Department regulations speak for themselves, and denies the allegations contained in paragraph 51 of the Second Amended Complaint.

22.     Admits that the J-1 visa au pair program began in the United States around 1986, admits that the United States information Agency had administrative responsibilities, and denies the remaining allegations contained in paragraph 53 of the Second Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 54, , 71, 90, 91, 99, 100, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 115, 117, 130, 131, 133, 141, 142, 146, 147, 172, 173, 175, 176, 177, 178, 180, 181, 182, 183, 184, 185, 186, 187, 192, 193, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 212, 213, 214, 245, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 325, 326, 327, 328, 329, 330, 331, 332, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 356, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 397, 400, 401, 402, 407, 408, 411, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, and 518 of the Second Amended Complaint.

24.     Defendant Au Pair in America states the documents and websites referenced in paragraphs 59, 60, 61, 62, 65, 101, 116, 158, 159, 160, 162, 163, 164, 168, 169, 217, 242, 243, 305, 306, 307, 308, 309, 310, 334, and 335 speak for themselves, and further state that these paragraphs state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are interpreted to represent factual allegations, they are denied.

25.     Plaintiffs' allegations in paragraphs 58, 63, 64, 66, 67, 155, 156, 157, 167, 235, 240,  246, 247, 248, 249, 250, 251, 252, 357, 358, 359, and 360, state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are interpreted to represent factual allegations, they are denied.

26.     Defendant Au Pair in America states that the allegation in paragraph 68 that the rules set a programmatic wage floor, and the reference to "abusive labor practices" state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are interpreted to represent factual allegations, they are denied.

27.     Admits that the Sponsors currently comprise 100 percent of the State Department–designated sponsors of J-1 visa au pairs, and deny the remaining allegations contained in paragraph 75 of the Second Amended Complaint.

28.     Admits that it competes with other sponsors in attracting au pairs to participate in the program, admits that revenue is generated from the placement of au pairs with host families, and denies the remaining allegations concerning Defendant Au Pair in America. Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 concerning other sponsors.

29.     . Defendant Au Pair in America admits that it seeks to attract potential au pairs for the program through marketing efforts, information on its website and outreach in foreign nations and that it gives an "Au Pair of the Year" award, and denies the remaining allegations concerning Defendant Au Pair in America.  Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 regarding other sponsors.

30.     Admits that it sponsors an au pair extraordinaire position with a stipend above $195.75 per week, denies that there are 15 current sponsors, and denies the remaining allegations contained in paragraph 81 regarding Defendant Au Pair in America. Defendant Au Pair in America states that it lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 81 concerning other sponsors.

31.     Admits the allegations contained in paragraphs 83, 165, 188, 189, 304, 399, 410, and 412 of the Second Amended Complaint.

32.     Defendant Au Pair in America states that the regulations speak for themselves and that the allegations in paragraph 85 state legal conclusions to which no response is required. To the extent the statements contained in paragraph 85 are interpreted to represent factual allegations, they are denied.

33.     Admits that there exists a State Department bulletin dated July 24, 2009, and states that the bulletin speaks for itself.  Defendant Au Pair in America denies all remaining allegations contained in paragraph 86 of the Second Amended Complaint.

34.     Admits the allegations contained in paragraph 129 as to Defendant Au Pair in America, and denies sufficient knowledge and information to form a belief as to the truth of the remainder of Plaintiffs' allegations contained in paragraph 129 of the Second Amended Complaint.

35.     Admits that the Alliance holds events where its members have the opportunity to meet, and denies the remaining allegations regarding the Alliance.  Defendant Au Pair in America further denies sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 132 of the Second Amended Complaint.

36.     Denies the allegations relating to Defendant Au Pair in America in paragraph 145, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 concerning other sponsors.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 regarding what was posted on the USIA website from March 1997 through September 1999, and denies all remaining allegations contained in paragraph 166 of the Second Amended Complaint.

38.     Defendant Au Pair in America states that paragraph 170 states a legal conclusion to which no response is required. To the extent the allegations contained in paragraph 170 are interpreted to represent factual allegations, they are denied insofar as they apply to Defendant Au Pair in America.  Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 regarding other sponsors.

39.     Defendant Au Pair in America states that paragraph 171 states a legal conclusion to which no response is required. To the extent the allegations contained in paragraph 171 are interpreted to represent factual allegations, they are denied insofar as they apply to Defendant Au Pair in America.  Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171 regarding other sponsors.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168 as to whether it has access to the materials referenced in therein, and denies all remaining allegations in paragraph 168 of the Second Amended Complaint.

41.     Denies the allegations relating to Defendant Au Pair in America in paragraph 174, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs regarding other sponsors.

42.     Denies the allegations relating to Defendant Au Pair in America in paragraph 179, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs regarding other sponsors.

43.     Admits that just prior to commencement of this suit, its website did not characterize the stipend as a minimum on its website and denies the remaining allegations contained in paragraph 191 of the Second Amended Complaint.

44.     Admits the allegations in paragraph 216 as to Defendant Au Pair in America, and states that it lacks sufficient knowledge and information to form a belief as to all remaining allegations in paragraph 216 of the Second Amended Complaint.

45.     Defendant Au Pair in America states that the allegations in paragraphs 218, 219, 220, 221, and 222 state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied insofar as they apply to Defendant Au Pair in America.  Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs regarding other sponsors.

46.     Denies that "the contractual wage was only $4.35," and states that the remaining allegations contained in paragraph 241 state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are interpreted to represent factual allegations, they are denied.

47.     Denies the allegations relating to Defendant Au Pair in America in paragraphs 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, and 324, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning other sponsors.

48.     Defendant Au Pair in America states that its agreement with Ms. Hlatshaneni speaks for itself and denies all remaining allegations contained in paragraph 337 of the Second Amended Complaint.

49.     Admits that over the years, it has provided agreements used by au pairs and host families and denies all remaining allegations contained in paragraph 338 of the Second Amended Complaint.

50.     Denies the allegations contained in paragraph 355 as to Defendant Au Pair in America, and denies sufficient knowledge and information to form a belief as to the truth of the allegations concerning other sponsors.

51.     Admits that au pairs it sponsors participate in roughly a week of training before joining their host families, and denies the remaining allegations in paragraph 361 concerning Defendant Au Pair in America.  Defendant Au Pair in America further denies sufficient knowledge and information to form a belief as to the truth of the allegations concerning other sponsors.

52.     Admits that its au pairs attend meetings, and denies the remaining allegations contained in paragraph 362 regarding Defendant Au Pair in America, and states that it lacks sufficient knowledge and information to form a belief as to the truth of the allegations concerning other sponsors.

53.     On information and belief, Defendant Au Pair in America admits that Ms. Hlatshaneni went to African Ambassadors' office in Cape Town and applied to be an au pair. Defendant Au Pair in America states the allegation in paragraph 398 that African Ambassadors was an agent of Defendant Au Pair states a legal conclusion to which no response is required. To the extent the statements in paragraph 398 are construed to constitute factual allegations, they are denied.

54.     Admits that Ms. Hlatshaneni and other au pairs received orientation in Tarrytown, New York, states that the reference to "agent" states a legal conclusion to which no response is required, and denies all remaining allegations contained in paragraph 403 of the Second Amended Complaint.

55.     Admits that after one year with a family in Virginia, Ms. Hlatshaneni matched with a new family in California, and denies all remaining allegations contained in paragraph 409 of the Second Amended Complaint.

## RULE 23 CLASS ALLEGATIONS

56.     In response to paragraph 519, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

57.     Admits that Plaintiffs purport to allege class action claims, denies that Plaintiffs have properly asserted such claims, denies that Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations contained in paragraph 520 of the Second Amended Complaint.

58.     Admits that Plaintiffs purport to allege a "Price Fixed Class," denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the

standards for class actions, and denies all remaining allegations contained in paragraph 521 of the Second Amended Complaint.

59.     Admits that Plaintiffs purport to allege and define classes in paragraphs 522, 523, 525, 526, 527, 528, 530, 531, 532, 533, 535, 536, 537, and 538, and states that the alleged classes purportedly defined in those paragraphs relate to claims that are not asserted against Defendant Au Pair in America and, therefore, no response is required.  Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 522, 523, 525, 526, 527, 528, 530, 531, 532, 533, 535, 536, 537, and 538, and therefore denies the same.  Defendant Au Pair in America denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations contained in paragraphs 522, 523, 525, 526, 527, 528, 530, 531, 532, 533, 535, 536, 537, and 538 of the Second Amended Complaint.

60.     Admits that Ms. Hlatshaneni purports to allege an "Au Pair in America National Wage Class," denies that Ms. Hlatshaneni has properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's claims meet the standards for class actions actions, and denies all remaining allegations contained in paragraph 524 of the Second Amended Complaint.

61.     Admits that Ms. Hlatshaneni purports to allege an "Au Pair in America New York Wage Class," denies that Ms. Hlatshaneni has properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's claims meet the standards for class actions, and denies all remaining allegations contained in paragraph 529 of the Second Amended Complaint.

62.     Admits that Ms. Hlatshaneni purports to allege an "Au Pair in America Fraud Class," denies that Ms. Hlatshaneni has properly asserted an appropriate class, denies that any of

Ms. Hlatshaneni's claims meet the standards for class actions, and denies all remaining allegations contained in paragraph 534 of the Second Amended Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 539, and therefore denies the same, and denies all remaining allegations contained in paragraph 539 of the Second Amended Complaint.

64.     Denies each and every allegation in paragraphs 540, 541, 542, 544, 545, 546, 549, and 550 of the Second Amended Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 543, 547, and 548 of the Second Amended Complaint.

## 26 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

66.     In response to paragraph 551, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

67.     Admits that Plaintiffs purport to allege class action claims, denies that Plaintiffs have properly asserted such claims, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations contained in paragraph 552 of the Second Amended Complaint.

68.     Defendant Au Pair in America states that Plaintiffs' allegations in paragraph 553 require no response, as they make reference to documents attached to the Second Amended Complaint, which speak for themselves.

69.     Admits that Plaintiffs purport to allege and define classes in paragraphs 554, 557, 558, 559, 560, 561, 562, 563 and 564, and states that the alleged classes purportedly defined in those paragraphs relate to claims that are not asserted against Defendant Au Pair in America and therefore, no response is required. Defendant further denies knowledge or information sufficient

to form a belief as to the truth of the allegations contained in paragraphs 554, 557, 558, 559, 560, 561, 562, 563 and 564 and therefore denies the same. Defendant Au Pair in America further denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations contained in those paragraphs.

70. Defendant Au Pair in America acknowledges that Ms. Hlatshaneni alleges an "Au Pair in America 216(b) Class," denies that Ms. Hlatshaneni has properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's claims meet the standards for collective actions, and denies all remaining allegations contained in paragraph 555 of the Second Amended Complaint.

71. Defendant Au Pair in America acknowledges that Ms. Hlatshaneni alleges an "Au Pair in America Sub-216(b)[sic] Class," denies that Ms. Hlatshaneni has properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's claims meet the standards for collective actions, and denies all remaining allegations contained in paragraph 556 of the Second Amended Complaint.

72. Denies each and every allegation in paragraph 565 of the Second Amended Complaint.

## ANSWERING COUNT I

73. For its response to paragraph 566, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein. Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated. Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

74.     Denies each and every allegation contained in paragraphs 567, 568, 570, 571, 572, 573 and 574 of the Second Amended Complaint.

75.     Admits that the Sponsors directly compete with one another, and denies the remaining allegations contained in paragraph 569 of the Second Amended Complaint.

## ANSWERING COUNT II

76.     For its response to paragraph 575, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

77.     Admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek, and denies the remaining allegations contained in paragraph 576 of the Second Amended Complaint.

78.     Denies each and every allegation contained in of paragraphs 577, 578, 579, 580, and 581 of the Second Amended Complaint.

## ANSWERING COUNT III

79.     For its response to paragraph 582, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

80.     For its response to paragraph 583, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

81.     Denies each and every allegation contained in paragraph 584 of the Second Amended Complaint.

## ANSWERING COUNT IV

82.     For its response to paragraph 585, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

83.     For its response to paragraph 586, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

84.     Denies each and every allegation contained in paragraph 587 of the Second Amended Complaint.

## ANSWERING COUNT V

85.     For its response to paragraph 588, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

86.     For its response to paragraph 589, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

87.     Denies each and every allegation contained in paragraph 590 of the Second Amended Complaint.

## ANSWERING COUNT VI

88.     For its response to paragraph 591, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

89.     For its response to paragraph 592, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims

on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

90.     Denies each and every allegation contained in paragraph 593 of the Second Amended Complaint.

## ANSWERING COUNT VIII[1]

91.     For its response to paragraph 594, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

92.     For its response to paragraph 595, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

93.     Denies each and every allegation contained in paragraphs 596, 598, 599, 600, 601, 602, 603, and 604 of the Second Amended Complaint.

94.     Admits the allegations contained in paragraph 597 as to Defendant Au Pair in America and states it lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 597 concerning other sponsors.

## ANSWERING COUNT IX

95.     For its response to paragraph 605, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

96.     For its response to paragraph 606, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims

---

[1] Plaintiffs' Second Amended Complaint omits a "Count VII."

on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that

Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

97.     Denies each and every allegation contained in paragraphs 607, 609, 610, 611, 612,

and 613 of the Second Amended Complaint.

98.     Defendant Au Pair in America states that the allegations contained in paragraph

608 of the Second Amended Complaint state legal conclusions to which no response is required.

## ANSWERING COUNT X

99.     For its response to paragraph 614, Defendant Au Pair in America incorporates by

reference all previous paragraphs of this Answer as though fully set forth herein.

100.    For its response to paragraph 615, Defendant Au Pair in America admits that

Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims

on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that

Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

101.    Denies knowledge or information sufficient to form a belief as the truth of the

allegations regarding InterExchange and Cultural Care and denies the remaining allegations

contained in paragraphs 616, 617, and 618 of the Second Amended Complaint.

102.    Denies each and every allegation contained in paragraph 619 of the Second

Amended Complaint.

## ANSWERING COUNT XI

103.    For its response to paragraph 620, Defendant Au Pair in America incorporates by

reference all previous paragraphs of this Answer as though fully set forth herein.

104.    Count XI of the Second Amended Complaint is not brought against Defendant Au

Pair in America.  Therefore, a response by Defendant Au Pair in America to paragraphs 621, 622,

623, 624, and 625 is not required.  To the extent any allegation in paragraphs 621, 622, 623, 624, and 625 is deemed an allegation against Defendant Au Pair in America, the allegation is denied.

## DEMAND FOR JURY TRIAL

105.    Defendant Au Pair in America admits that Plaintiffs have demanded a jury trial on all claims so triable.

## PRAYER FOR RELIEF

106.    Denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE Paragraph of the Second Amended Complaint, including all subsections thereof.

## AS AND FOR A FIRST DEFENSE

107.    Plaintiffs' claims, in whole or in part, fail to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

108.    The Second Amended Complaint is barred, in whole or in part, to the extent that it was not filed within the period of time mandated by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE

109.    Plaintiffs' claims are barred, in whole or in part, as Plaintiffs have not suffered antitrust injury proximately caused by the conduct of Au Pair in America and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

## AS AND FOR A FOURTH DEFENSE

110.    Plaintiffs' claims are barred, in whole or in part, as the conduct of which Plaintiffs complain is reasonable and justified, has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

## AS AND FOR A FIFTH DEFENSE

111.     Plaintiffs' claims are barred, in whole or in part, as said claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

## AS AND FOR A SIXTH DEFENSE

112.     Au Pair in America's actions were carried out in furtherance of its legitimate business interests.

## AS AND FOR A SEVENTH DEFENSE

113.     Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

## AS AND FOR AN EIGHTH DEFENSE

114.     Plaintiffs' claims are barred because Au Pair in America reasonably relied upon the weekly stipend established, calculated and applied by the State Department to be paid to participants in the au pair program, specifically including the credit for room and board. The weekly stipend paid by host families to participants in Au Pair in America's au pair program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair program.

## AS AND FOR A NINTH DEFENSE

115.     If any or all of the alleged acts and omissions of Au Pair in America were not within the scope of conduct authorized by the State Department, such a situation was not reasonably foreseeable by Au Pair in America.

## AS AND FOR A TENTH DEFENSE

116.    Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

## AS AND FOR AN ELEVENTH DEFENSE

117.    Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties.  Au Pair in America is not liable for the acts of others over which it has no control.

## AS AND FOR A TWELFTH DEFENSE

118.    Plaintiffs' claims for damages against Au Pair in America are barred, as the alleged damages, if any, are speculative and impossible to ascertain.

## AS AND FOR A THIRTEENTH DEFENSE

119.    Counts I through VI, IX and X cannot be certified as class actions under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

## AS AND FOR A FOURTEENTH DEFENSE

120.    Count VIII cannot be maintained as a collective action under the provisions of the Fair Labor Standards Act.

## AS AND FOR A FIFTEENTH DEFENSE

121.    The Court lacks jurisdiction over Plaintiffs' claims as they are subject to arbitration agreements requiring plaintiffs to submit the claims to binding arbitration.

## AS AND FOR A SIXTEENTH DEFENSE

122.    Plaintiffs were paid in full all compensation due and owing them for work performed.

## AS AND FOR A SEVENTEENTH DEFENSE

123.    Plaintiffs were properly paid for all work time, but, should it be determined that some hours of work were not properly paid, which Au Pair in America specifically denies, such amount was negligible and de minimis and the Court should deny any recovery for such claim.

## AS AND FOR AN EIGHTEENTH DEFENSE

124.    Plaintiffs were au pairs and, therefore, exempt from the minimum wage and overtime requirements of state laws.

## AS AND FOR A NINETEENTH DEFENSE

125.    Defendant Au Pair in America acted in good faith and upon reasonable grounds for believing they were not violating the law.

## AS AND FOR A TWENTIETH DEFENSE

126.    Plaintiffs' damages, if any, under state law are limited by the provisions of those laws.

## AS AND FOR A TWENTY-FIRST DEFENSE

127.    Plaintiffs' contract-based claims and claims based on Utah law are barred by res judicata.

## AS AND FOR A TWENTY-SECOND DEFENSE

128.    Plaintiffs' claims are barred in whole or in part by estoppel.

## AS AND FOR A TWENTY-THIRD DEFENSE

129.    Plaintiffs' claims are barred in whole or in part by waiver.

## AS AND FOR A TWENTY-FOURTH DEFENSE

130.    Plaintiffs' claims are barred by unclean hands.

## AS AND FOR A TWENTY-FIFTH DEFENSE

131.    Plaintiffs' are not entitled to the relief requested.

## AS AND FOR A TWENTY-SIXTH DEFENSE

132.    The Plaintiffs' claims are barred, in whole or in part, as the named plaintiffs are not proper class representatives.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

133.    Certain of Plaintiffs' claims are preempted by federal law.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

134.    There is no liability because no host family was an agent or employee of Au Pair in America.

## AS AND FOR A TWENTY-NINTH DEFENSE

135.    Certain of Plaintiffs' claims are barred, as Plaintiffs failed to exhaust their administrative remedies.

## AS AND FOR A THIRTIETH DEFENSE

136.    There is no liability because Au Pair in America was not the "employer" or "joint-employer" of the Plaintiffs or any other au pair.  Since Au Pair in America was not the employer or joint employer of the Plaintiffs or any other au pair, there is no common pay practice and a collective action would not be appropriate or in conformity with applicable law.

## AS AND FOR A THIRTY-FIRST DEFENSE

137.    Plaintiffs failed to mitigate their damages, if any, and to protect themselves from avoidable consequences.

## **AS AND FOR A THIRTY-SECOND DEFENSE**

138.     Defendant Au Pair in America adopts by reference any applicable defense pleaded

by any other defendant that is not set forth in this answer

**WHEREFORE**, Defendant Au Pair in America demands judgment dismissing the

Second Amended Complaint in its entirety, with prejudice, together with costs, fees (including

attorneys' fees) and disbursements incurred defending this action and such other and further

relief as the Court deems appropriate.

Dated: New York, New York
        December 2, 2016

By:  _____/s/ Stephen J. Macri_____
Stephen J. Macri
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue
New York, New York 10175
(212) 682-0020

*Attorneys for Defendant American Institute*
*for Foreign Study d/b/a Au Pair in America*

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on this 2nd day of December 2016, I electronically filed Defendant

American Institute for Foreign Study d/b/a Au Pair in America's Answer to Plaintiffs' Second

Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all counsel on record.


/s/ John B. Fulfree