**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al.

      Plaintiffs,

          v.

INTEREXCHANGE, INC., et al.

      Defendants.

---

**DEFENDANT EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS'
ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

---

Defendant EurAupair Intercultural Child Care Programs ("EurAupair") answers Plaintiffs' Second Amended Complaint as follows:

**<u>INTRODUCTORY STATEMENT</u>**

1.    Answering Paragraph 1, EurAupair admits that the Mutual Educational and Cultural Exchange Act of 1961, 22 U.S.C. § 2451, *et seq.*, indicates that the congressional purpose of the exchange visitor programs is:

> to enable the Government of the United States to increase mutual understanding between the people of the United States and the people of other countries by means of educational and cultural exchange; to strengthen the ties which unite us with other nations by demonstrating the educational and cultural interests, developments, and achievements of the people of the United States and other nations, and the contributions being made toward a peaceful and more fruitful life for people throughout the world; to promote international cooperation for educational and cultural advancement; and thus to assist in the development of friendly, sympathetic, and peaceful relations between the United States and the other countries of the world.

EurAupair also admits that under the au pair exchange visitor program:

> foreign nationals are afforded the opportunity to live with an American host family and participate directly in the home life of the host family. All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31.  EurAupair denies the remaining allegations in Paragraph 1.

2.      Answering Paragraph 2, EurAupair admits that the au pair exchange visitor program initially was administered by the United States Information Agency, which subsequently was merged into the United States Department of State.  EurAupair also admits that, as of November 2014, 15 organizations were authorized by the United States Department of State to place au pairs with American families as set forth in the governing regulations, 22 C.F.R. § 62.31, *et seq*.  EurAupair denies the remaining allegations in Paragraph 2.

3.      EurAupair denies the allegations in Paragraph 3.

4.      Answering Paragraph 4, EurAupair admits that government agencies oversee the au pair exchange visitor program.  EurAupair asserts that the allegations concerning the stipend due to "J-1 visa holders" does not apply to participants in the au pair exchange visitor program.  EurAupair denies the remaining allegations in Paragraph 4.

5.      EurAupair denies the allegations in Paragraphs 5-12.

**NATURE OF THE ACTION**

6.      Answering Paragraph 13, EurAupair admits that plaintiff seeks the relief set forth in that paragraph.  EurAupair denies that it has violated state or federal antitrust laws and denies that plaintiffs are entitled to any relief whatsoever.

7.      Answering Paragraphs 14-15, EurAupair admits that plaintiffs assert the claims set forth in those paragraphs.  EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 14-15 and therefore denies them.

**JURISDICTION AND VENUE**

8.      Answering Paragraph 16, EurAupair admits that this Court has jurisdiction over this lawsuit in its present form.

9.      Answering Paragraph 17, EurAupair admits that venue is proper in this Court. The remaining allegations in Paragraph 17 are denied.

**PARTIES**

10.      Answering Paragraphs 18-20, EurAupair denies the characterization of an au pair's participation in the United States Department of State cultural exchange visitor program as a "service contract." EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 18-20 and therefore denies them.

11.     Paragraph 21 in Plaintiffs' Second Amended Complaint has been struck and no response is required.[1]

12.     Answering Paragraphs 22-26, EurAupair denies the characterization of an au pair's participation in the United States Department of State cultural exchange visitor program as a "service contract." EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 22-26 and therefore denies them

13.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 27-30 and therefore denies them.

14.     Answering Paragraph 31, EurAupair admits that it is a California public benefit non-profit entity with its principal place of business at 250 North Coast Highway, Laguna Beach, California 92651.

15.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 32-43 and therefore denies them.

16.     Answering Paragraph 44, EurAupair admits that the defendants are, at times, referred to collectively in the Second Amended Complaint as the "Sponsors" or the "Sponsor Defendants."

## STATEMENT OF ALLEGED FACTS

17.     EurAupair denies the allegations in Paragraph 45.

18.     Answering Paragraph 46, EurAupair admits that participants in the au pair exchange visitor program must have a J-1 visa, and that the au pair exchange visitor

---

[1] Plaintiff Dayanna Paola Cardenas Caicedo has been dismissed from this lawsuit, and this allegation has been stricken.  *See* ECF No. 432.

program is one of several J-1 visa "cultural exchange" programs overseen and/or administered by the United States Department of State. EurAupair further admits that the au pair exchange visitor program is carried out under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, as well as the applicable regulations issued by the United States Department of State.  EurAupair denies the remaining allegations in Paragraph 46.

19.     Answering Paragraph 47, EurAupair asserts that the regulations governing the au pair exchange visitor program are set forth in 22 C.F.R. § 62.31, *et seq.*  EurAupair admits that among the requirements for participants in the au pair exchange visitor program are that they must be between the ages of 18 and 26, must have a secondary school education (or equivalent), and must be proficient in spoken English.  Additionally, EurAupair admits that foreign nationals participating in the au pair exchange visitor program:

> are afforded the opportunity to live with an American host family and participate directly in the home life of the host family.  All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31(a).  EurAupair further admits that the host families provide participants in the au pair exchange visitor program a suitable private bedroom and a weekly stipend.  EurAupair denies the remaining allegations in Paragraph 47.

20.     Answering Paragraph 48, EurAupair admits that the United States Department of State authorizes certain qualified entities to act as program sponsors in the au pair

exchange visitor program.  EurAupair further admits that all of the entities authorized to serve as program sponsors as of November 2014 are named as defendants in this case.  EurAupair denies the remaining allegations in Paragraph 48.

21.     Answering Paragraph 49, EurAupair admits that the program sponsors are the only entities authorized by the United States Department of State as of November 2014 to place au pair exchange visitors with host families in the United States.  EurAupair further admits that the placement of au pair exchange visitors with a host family is governed by United States Department of State regulations.  EurAupair denies the remaining allegations in Paragraph 49.

22.     Answering Paragraph 50, EurAupair admits that it is a public benefit non-profit entity that has generated revenue from program fees paid by host families.  EurAupair denies that it receives revenues from au pairs.  EurAupair lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and therefore denies them.

23.     Answering Paragraph 51, EurAupair admits that United States Department of State regulations govern the au pair exchange visitor program and state in part that au pair exchange visitors:

> (1) Are compensated at a weekly rate based upon 45 hours of child care services per week and paid in conformance with the requirements of the Fair Labor Standards Act as interpreted and implemented by the United States Department of Labor . . .;
>
> (2) Do not provide more than 10 hours of child care per day, or more than 45 hours of child care in any one week . . .;
>
> (3) Receive a minimum of one and one half days off per week in addition to one complete weekend off each month; and

(4) Receive two weeks of paid vacation.

22 C.F.R. § 62.31(j).  EurAupair denies the remaining allegations in Paragraph 51.

24.     EurAupair denies the allegations in Paragraph 52.

25.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 53-57 and therefore denies them.

26.     Answering Paragraphs 58-60, EurAupair admits that the report was issued but asserts that the report is in writing and speaks for itself.  EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 58-60.

27.     Answering Paragraph 61, EurAupair admits that in 1994-1995, the United States Information Agency conducted formal rulemaking concerning the au pair exchange visitor program.  However, the interim final rule is in writing and speaks for itself, and all attempts to paraphrase or characterize the final rule are denied.  EurAupair lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61 and therefore denies them.

28.     Answering Paragraphs 62-68, EurAupair admits that the United States Information Agency issued final regulations in 1995.  Without citation, these paragraphs purport to quote selectively from those regulations and the accompanying statements by the United States Information Agency.  Those regulations and statements speak for themselves and no further answer is required.  The remaining allegations in Paragraphs 62-68 are denied.

29.     EurAupair denies the allegations in Paragraphs 69-70.

30.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 and therefore denies them.  EurAupair denies that the sponsors "have a cartel."

31.     EurAupair denies the allegations in Paragraphs 72-73.

32.     Answering Paragraph 74, EurAupair admits that, as of November 2014, the sponsors were the only entities designated by the United States Department of State to serve as sponsoring organizations in the au pair exchange visitor program.  EurAupair denies the remaining allegations in Paragraph 74.

33.     Answering Paragraph 75, EurAupair admits that the sponsor defendants were the only entities designated by the United States Department of State in November 2014 to sponsor participants in the au pair exchange visitor program in the United States.  EurAupair denies the remaining allegations in Paragraph 75.

34.     Answering Paragraph 76, EurAupair admits that it competes with the Sponsor Defendants in attracting au pairs for program participation, and that it generates revenue in connection with the placement of au pair exchange visitors with host families.  Except as expressly admitted, EurAupair denies the allegations in Paragraph 76.

35.     EurAupair denies the allegations in Paragraphs 77-80.

36.     Answering Paragraph 81, EurAupair admits that plaintiffs purport to use the term "standard au pair" to describe au pair positions as set forth in Paragraph 81.  EurAupair denies that the term "standard au pair" has any significant meaning in light of the

economic realities of the au pair exchange visitor program.  EurAupair denies the remaining allegations in Paragraph 81.

37.     EurAupair denies the allegations in Paragraph 82.

38.     Answering Paragraph 83, EurAupair admits that the United States Department of State administers the au pair exchange visitor program.

39.     EurAupair denies the allegations in Paragraph 84.

40.     Answering Paragraph 85, EurAupair admits that 22 C.F.R. § 62.31(j) states in part that au pairs are to be "compensated at a weekly rate based upon 45 hours of child care services per week and paid in conformance with the requirements of the Fair Labor Standards Act as interpreted and implemented by the United States Department of Labor . . . ."  The au pair regulations are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.  EurAupair denies any remaining allegations in Paragraph 85.

41.     Answering Paragraph 86, EurAupair admits that as of July 24, 2009, the United States Department of State designated $195.75, which included a 40% credit for room and board, as the weekly stipend to be paid to participants in the au pair exchange visitor program.  EurAupair denies the remaining allegations in Paragraph 86.

42.     EurAupair denies the allegations in Paragraphs 87-89.

43.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 90-91 and therefore denies them.

44.     EurAupair denies the allegations in Paragraphs 92-94.

45.     To the extent a responsive pleading is required, EurAupair denies that the quotations in Paragraphs 95-97 accurately and/or completely convey the substance of the conversation that Plaintiffs' investigator is alleged to have had.  EurAupair further denies that it participated in an agreement or understanding with other sponsors concerning the amount of the weekly stipend to be paid by host families to their au pairs.  EurAupair denies the remaining allegations Paragraphs 95-97.

46.     EurAupair denies the allegations in Paragraph 98.

47.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 99-105 and therefore denies them.

48.     Answering Paragraph 106, EurAupair admits that its website did inform and still does inform host families that the minimum regular weekly stipend is $195.75 as established by the U.S. Department of State and that experienced au pairs in the "Par Expérience" program receive at least a minimum weekly stipend of $250.  EurAupair denies the remaining allegations in Paragraph 106.

49.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 107-117 and therefore denies them.

50.     EurAupair denies the allegations in Paragraphs 118-124.

51.     Answering Paragraph 125, EurAupair admits that some foreign nationals seek to participate in the au pair exchange visitor program as a means for experiencing life in the United States.  EurAupair denies the remaining allegations in Paragraph 125.

52.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126 and therefore denies them.

53.    EurAupair denies the allegations in Paragraphs 127-128.

54.    EurAupair admits that it is a member of an association called The Alliance for International Exchange (formerly The Alliance for International Educational and Cultural Exchange), which is referred to in Paragraph 129 as the "Alliance."  EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 129 and therefore denies them.

55.    EurAupair admits that it is a member of an association called the International Au Pair Association, which is referred to in Paragraph 130 as "IAPA."  EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 130-131 and therefore denies them.

56.    Answering Paragraph 132, EurAupair admits that representatives of EurAupair attend meetings of the Alliance and IAPA, which are also attended by representatives of other sponsor defendants. EurAupair denies the remaining allegations in Paragraph 132.

57.    EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133 and therefore denies them.

58.    EurAupair denies the allegations in Paragraphs 134-137.

59.    EuAupair admits that it posts stipend information online.  EurAupair denies the remaining allegations in Paragraph 138.

60.    EurAupair denies the allegations in Paragraphs 139-140.

61.    EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 141-142 and therefore denies them.

62.     EurAupair denies the allegations in Paragraphs 143-144.

63.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 145-147 and therefore denies them.

64.     EurAupair denies the allegations in Paragraphs 148-154.

## ALLEGATIONS CONCERNING INTEREXCHANGE, CULTURAL CARE AND AU PAIR IN AMERICA

65.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in these Paragraphs 155-169 and therefore denies them. Additionally, EurAupair states that the allegations in these paragraphs purport to describe regulations issued and other actions taken by the United States Information Agency, the United States Department of State, and the United States Department of Labor concerning the weekly stipend paid to participants in the au pair exchange visitor program.  The regulations and other actions taken by the United States Information Agency, the United States Department of State, and the United States Department of Labor speak for themselves and no answer is required to these paragraphs.

66.     Answering Paragraph 170, EurAupair admits that it understands that the amount of the weekly stipend to be paid to participants in the au pair exchange visitor program as designated by the United States Department of State is a minimum weekly stipend. The remaining allegations in Paragraph 170 are denied.

67.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 171-178 and therefore denies them.

68.     Answering Paragraphs 179-233, EurAupair understands that the allegations contained in these paragraphs pertain to defendants other than EurAupair.  In particular,

EurAupair understands that the use of the term "Sponsor" or "Sponsors" as used in these paragraphs pertains to one or more of defendants Interexchange, Cultural Care, Au Pair in America, and AuPairCare, and not to EurAupair.  Based upon this understanding, EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in these Paragraphs 179-233 and therefore denies them.  To the extent plaintiffs intended to refer to EurAupair in any of these paragraphs, EurAupair denies those allegations.

69.     Answering Paragraphs 234-363, EurAupair understands that the allegations contained in these paragraphs pertain to defendants other than EurAupair.  In particular, EurAupair understands that the use of the term "Sponsor" or "Sponsors" as used in these paragraphs pertains to one or more of defendants Interexchange, Cultural Care, GoAuPair, Au Pair in America, AuPairCare, and Expert Au Pair, and not to EurAupair. Based upon this understanding, EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in these Paragraphs 234-363 and therefore denies them.  To the extent plaintiffs intended to refer to EurAupair in any of these paragraphs, EurAupair denies those allegations.

## INJURIES ALLEGEDLY SUFFERED BY NAMED PLAINTIFFS

70.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 364-518.

## CLASS ACTION ALLEGATIONS

71.     Answering Paragraph 519, EurAupair incorporates by reference its response to all previous paragraphs of the Second Amended Complaint.

72.     Answering Paragraph 520, EurAupair admits that plaintiffs purport to assert Counts I-VII and IX-X as class action claims.  EurAupair denies the remaining allegations in Paragraph 520 and denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

73.     Answering Paragraph 521, EurAupair admits that plaintiffs purport to define what they call the "Price Fixed Class" as set forth in that paragraph.  EurAupair denies the remaining allegations in Paragraph 521 and denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

74.     Answering Paragraphs 522-538, EurAupair states that the alleged classes purportedly defined in these paragraphs relate to claims that are not asserted against EurAupair and therefore no response is required from EurAupair.  In any event, EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 522-538 and therefore denies them.

75.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 539 and therefore denies them.  EurAupair denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

76.     EurAupair denies the allegations in Paragraphs 540-542.

77.     Answering Paragraph 543, EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies them.

78.     EurAupair denies the allegations in Paragraphs 544-545.

79.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 546-547 and therefore denies them.

80.     Answering Paragraph 548, EurAupair admits that proceedings have been pending in this jurisdiction since in or about 2014.  EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 548.

81.     EurAupair denies the allegations in Paragraphs 549-550.

82.     Answering Paragraphs 551-565, EurAupair states that these paragraphs relate to claims that are not asserted against EurAupair and therefore no answer by EurAupair is required.

## COUNT I:  ALLEGED RESTRAINT OF TRADE

83.     Answering Paragraph 566, EurAupair incorporates by reference its response to all previous paragraphs of the Second Amended Complaint.  EurAupair denies that plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair exchange visitor  program and denies the remaining allegations in Paragraph 566.

84.     EurAupair denies the allegations in Paragraphs 567-574.

## COUNTS II - XI

85.     Answering Paragraphs 575-625, the allegations in these paragraphs pertain to claims that are not asserted against EurAupair and therefore no response by EurAupair is required.

86.     EurAupair denies all allegations of the Second Amended Complaint that are not expressly admitted.

## DEMAND FOR JURY TRIAL

87.     Answering Paragraph 626, EurAupair admits that plaintiffs have demanded a trial by jury for all issues so triable.

## PLAINTIFFS' PRAYER FOR RELIEF

88.     To the extent that the plaintiffs' prayer for relief may be deemed to require a response, it is denied.  EurAupair states that plaintiffs are not entitled to maintain this action as a class-action and deny that plaintiffs are entitled to any relief or damages whatsoever.

## SEPARATE DEFENSES

EurAupair asserts the following separate defenses to Count I in the Second Amended Complaint, which is the only claim asserted against EurAupair.  EurAupair asserts these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on the plaintiffs.  EurAupair has not yet conducted any discovery, which might reveal additional defenses.  EurAupair therefore reserves the right to amend this answer if appropriate to assert additional defenses.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRD DEFENSE**

Neither a class nor a collective action would be appropriate or in conformity with applicable law.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because plaintiffs have not suffered antitrust injury proximately caused by the conduct of EurAupair and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because of conduct of which plaintiffs complain is reasonable and justified, has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

**SEVENTH DEFENSE**

The actions of EurAupair have been procompetitive and EurAupair's actions were carried out in furtherance of EurAupair's legitimate business interests and purposes.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

**NINTH DEFENSE**

Plaintiffs' claims are barred because EurAupair reasonably relied upon the weekly stipend established, calculated, and applied by the United States Department of State and the United States Department of Labor to be paid to participants in the au pair exchange visitor program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in EurAupair's au pair exchange visitor program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange visitor program.

**TENTH DEFENSE**

If, for some reason, any or all of the alleged acts and omissions of EurAupair were not within the scope of conduct authorized by the United States Department of State and/or the United States Department of Labor, such a situation was not reasonably foreseeable by EurAupair.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine, and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in response from directives, laws, regulations, authorizations, policies, and/or acts of government and/or their agencies.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because EurAupair has acted in good faith and with intent to comply with the law.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if they would be allowed to recover any part of the damages alleged in the complaint.

**FOURTEENTH DEFENSE**

Because EurAupair was not the employer or joint employer of the Plaintiffs or any other au pair, there is no common pay practice and a collective action would not be appropriate or in conformity with applicable law.

**FIFTEENTH DEFENSE**

There is no liability because no host family was an agent or employee of EurAupair.

**SIXTEENTH DEFENSE**

There is no liability because EurAupair was not the "employer" or "joint-employer" of the Plaintiffs or any other au pair.

**SEVENTEENTH DEFENSE**

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**EIGHTEENTH DEFENSE**

Any injuries, losses, or damages suffered by plaintiffs were the result of the independent actions and decisions of third parties.  EurAupair is not liable for the acts of others over which it has no control.

**NINETEENTH DEFENSE**

Plaintiffs' claims for damages against EurAupair are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

**TWENTIETH DEFENSE**

The alleged injury, loss, or damage suffered by plaintiffs, if any, would be compensated adequately by damages.  Accordingly, plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or latches.

**TWENTY-SECOND DEFENSE**

Count I cannot be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

**TWENTY-EIGHTH DEFENSE**

EurAupair adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

**<u>EURAUPAIR'S PRAYER FOR RELIEF</u>**

Therefore, EurAupair prays for relief as follows:

1.      That this Court decline to certify as a class action the claims asserted in Count 1 in the Second Amended Complaint;

2.      That plaintiffs take nothing by way of the claim asserted in Count I of the Second Amended Complaint, and the action be dismissed with prejudice;

3.      That judgment be entered in favor of EurAupair and against plaintiffs with respect to Count I in the Second Amended Complaint;

4.      That the Court award EurAupair its attorneys' fees and all are other costs reasonably incurred in defense of this action; and

5.      That the Court award such other relief as it made deem just and proper.

Respectfully submitted this 2nd day of December 2016.

By:   *s/ Martha L. Fitzgerald*
Martha Louise Fitzgerald
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone:  303-223-1100
Facsimile:  303-223-1111
Email:  mfitzgerald@bhfs.com;
dmeschke@bhfs.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of December 2016, a true and correct copy of the foregoing **DEFENDANT EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alexander N. Hood
alex@towardsjustice.org

Counsel for Plaintiffs

Lauren Fleischer Louis
llouis@bsfllp.com

Counsel for Plaintiffs

Peter M. Skinner
pskinner@bsfllp.com

Counsel for Plaintiffs

Dawn Smalls
dsmalls@bsfllp.com

Counsel for Plaintiffs

Christine D. Hammond
chammond@duffordbrown.com

Counsel for Defendant A.P.E.X. American Professional Exchange, LLC, and 20/20 Care Exchange, Inc. dba The International Au Pair Exchange, Inc.

Kathleen E. Craigmile
kcraigmile@nixonshefrin.com

Counsel for Defendants A.P.E.X. American Professional Exchange, LLC, and 20/20 Care Exchange, Inc. dba The International Au Pair Exchange, Inc.

Sigrid S. McCawley
smccawley@bsfllp.com

Counsel for Plaintiffs

Matthew L. Schwartz
mlschwartz@bsfllp.com

Counsel for Plaintiffs

Randall W. Jackson
rjackson@bsfllp.com

Counsel for Plaintiffs

Sabria A. McElroy
smcelroy@bsfllp.com

Counsel for Plaintiffs

Lawrence Daniel Stone
lstone@duffordbrown.com

Counsel for Defendant A.P.E.X. American Professional Exchange, LLC, and 20/20 Care Exchange, Inc. dba The International Au Pair Exchange, Inc.

Lawrence L. Lee
llee@laborlawyers.com

Counsel for Defendants American Institute for Foreign Study dba Au Pair in America, and APF Global Exchange, NFP dba Aupair Foundation

Susan M. Schaecher
sschaecher@laborlawyers.com

Counsel for Defendants American Institute
for Foreign Study dba Au Pair in America,
and APF Global Exchange, NFP dba
Aupair Foundation

Robert M. Tucker
rtucker@putneylaw.com

Counsel for Defendants American Institute
for Foreign Study dba Au Pair in America

John B. Fulfree
jfulfree@putneylaw.com

Counsel for Defendants American Institute
for Foreign Study dba Au Pair in America

John R. Mann
jmann@gordonrees.com

Counsel for Au PairCare, Inc.

Thomas B. Quinn
tquinn@gordonrees.com

Counsel for Au PairCare, Inc.

Kathryn A. Reilly
reilly@wtotrial.com

Counsel for Defendants American Cultural
Exchange, LLC dba GoAuPair, Au Pair
International, Inc., and Agent Au Pair

Joan A. Lukey
joan.lukey@choate.com

Counsel for Cultural Care, Inc. dba

Stephen J. Macri
smacri@putneylaw.com

Counsel for Defendants American Institute
for Foreign Study dba Au Pair in America

Joseph B. Cartafalsa
jcartafalsa@putneylaw.com

Counsel for Defendants American Institute
for Foreign Study dba Au Pair in America

Peggy Kozal
pkozal@gordonrees.com

Counsel for Au PairCare, Inc.

Brian Maschler
bmaschler@gordonrees.com

Counsel for Au PairCare, Inc.

Brian A. Birenbach
brian@rietzlawfirm.com

Counsel for Defendants American Cultural
Exchange, LLC dba GoAuPair, Au Pair
International, Inc., and Agent Au Pair

Grace A. Fox
fox@wtotrial.com

Counsel for Defendants American Cultural
Exchange, LLC dba GoAuPair, Au Pair
International, Inc., and Agent Au Pair

Robert M. Buchanan, Jr.
rbuchanan@choate.com

Counsel for Cultural Care, Inc. dba

Cultural Care Au Pair

Justin J. Wolosz
jwolosz@choate.com

Counsel for Cultural Care, Inc. dba
Cultural Care Au Pair

Lyndsey M. Kruzer
lkruzer@choate.com

Counsel for Cultural Care, Inc. dba
Cultural Care Au Pair

Jessica L. Fuller
jfuller@lrrc.com

Counsel for Cultural Care, Inc. dba
Cultural Care Au Pair

Jonathan S. Bender
jsbender@hollandhart.com

Counsel for Defendant Cultural Homestay
International

Adam A. Hubbard
aahubard@hollandhart.com

Counsel for Defendant Cultural Homestay
International

Meshach Y. Rhoades
mrhoades@gtlaw.com

Counsel for Defendant GreatAuPair, LLC

Joseph H. Hunt
jhunt@shermanhoward.com

Counsel for Defendant InterExchange, Inc.

Raymond M. Deeny
rdeeny@shermanhoward.com

Cultural Care Au Pair

Michael T. Gass
mgass@choate.com

Counsel for Cultural Care, Inc. dba
Cultural Care Au Pair

James M. Lyons
jlyons@lrrc.com

Counsel for Cultural Care, Inc. dba
Cultural Care Au Pair

Diane Hazel
dhazel@lrrc.com

Counsel for Cultural Care, Inc. dba
Cultural Care Au Pair

James E. Hartley
jhartley@hollandhart.com

Counsel for Defendant Cultural Homestay
International

Bogdan Enica
bogdane@hotmail.com

Counsel for Defendant Expert Group
International, Inc.

Martin J. Estevao
mestevao@armstrongteasdale.com

Counsel for Defendant GreatAuPair, LLC

Brooke A. Colaizzi
bcolaizzi@shermanhoward.com

Counsel for Defendant InterExchange, Inc.

Heather F. Vickles
hvickles@shermanhoward.com

Counsel for Defendant InterExchange, Inc.    Counsel for Defendant InterExchange, Inc.

Chanda M. Feldkamp    William J. Kelly III
cfeldkamp@kellywalkerlaw.com    wkelly@kellywalkerlaw.com

Counsel for Defendant US AuPair, Inc.    Counsel for Defendant US AuPair, Inc.

_s/ Shirley M. Newman_
Shirley M. Newman, Paralegal

017997\0001\15178865.2