**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, ET AL.,

     Plaintiffs,

v.

INTEREXCHANGE, INC., ET AL.,

     Defendants.

---

**DEFENDANT GREATAUPAIR, LLC'S**
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

---

Defendant GreatAuPair, LLC ("GAP"), by and through its undersigned counsel, respectfully responds to Plaintiffs' Second Amended Complaint ("Complaint") as follows:

1.     GAP admits: (A) Paragraph 16 as to the allegation that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in its present form; (B) Paragraph 17 in that venue is proper pursuant to 28 U.S.C. § 1391; (C) Paragraph 29; (D) the second sentence in Paragraph 46; (E) Paragraph 48; (F) the fourth sentence in Paragraph 66; (G) the third sentence in Paragraph 74; and (H) Paragraphs 83 and 104.

2.     GAP denies, denies as stated, or denies due to lack of knowledge the allegations in the following paragraphs unless otherwise admitted in Paragraph 1 above: 1–13; 16 as to supplemental jurisdiction; 17 as to all allegations not expressly admitted;

18–28, 30–43, 45–47, 49–82, 84, 86–103, 105–161, 164–179, 234, 236–258, 364–518, 520–550, and 566–575.

3.      The following paragraphs set forth legal conclusions for which a response is not necessary:  6, 67, 85, 162, 163, and 235.

4.      The following paragraphs are not applicable to GAP as they involve claims against other defendants for which a response is not necessary or for which GAP does not have knowledge and therefore denies the same:  14, 15, 180–233, 259–363, 551–565, and 575–625.

5.      The following paragraphs do not contain any factual allegations requiring a response:  44, 519, and 626.

6.      GAP incorporates by reference its responses to Paragraphs 1–518 in response to Paragraph 519 of the Complaint.

## GENERAL DENIALS

7.      GAP denies any allegation, averment, statement, or conclusion of law that is not expressly admitted.

8.      GAP denies the allegations regarding the other defendants due to lack of knowledge or information.

## PLAINTIFFS' PRAYER FOR RELIEF

9.      To the extent that Plaintiffs' prayer for relief may be deemed to require a response, it is denied.  GAP states that Plaintiffs are not entitled to maintain this action as a class-action and deny that Plaintiffs are entitled to any relief or damages whatsoever.

**SEPARATE DEFENSES**

10.     GAP asserts the following separate defenses to Count I of the Complaint, which is the only claim asserted against GAP.  GAP asserts these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on Plaintiffs.  Additional defenses may be revealed through further investigation and discovery.  GAP therefore reserves the right to amend this Answer if appropriate to assert additional defenses.

FIRST DEFENSE

11.     Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

SECOND DEFENSE

12.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, 15 U.S.C. § 15b.

THIRD DEFENSE

13.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by GAP or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

FOURTH DEFENSE

14.     Plaintiffs' claims are barred, in whole or in part, because the conduct about which Plaintiffs complain is reasonable and justified and has not, and will not, substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

3

<u>FIFTH DEFENSE</u>

15.     Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

<u>SIXTH DEFENSE</u>

16.     GAP's actions constitute bona fide, legitimate business competition and were carried out in furtherance of its legitimate business interests.

<u>SEVENTH DEFENSE</u>

17.     Plaintiffs' claims are barred because they have not alleged properly defined relevant products (or services) and geographic markets.

<u>EIGHTH DEFENSE</u>

18.     Plaintiffs' claims are barred because GAP reasonably relied upon the weekly stipend established, calculated, and applied by the State Department and the Department of Labor to be paid to participants in the au pair program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in GAP's au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

NINTH DEFENSE

19.     If, for some reason, any or all of the alleged acts and omissions of GAP were not within the scope of conduct authorized by the State Department and/or the Department of Labor, such a situation was not reasonably foreseeable by GAP.

TENTH DEFENSE

20.     Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine, and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due to, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

ELEVENTH DEFENSE

21.     Plaintiffs' claims are barred, in whole or in part, because GAP has acted in good faith and with intent to comply with the law.

TWELFTH DEFENSE

22.     Any injuries, losses, or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties.  GAP is not liable for the acts of others over which it has no control.

THIRTEENTH DEFENSE

23.     Plaintiffs' claims for damages against GAP are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

## FOURTEENTH DEFENSE

24.     The alleged injury, loss, or damage suffered by Plaintiffs, if any, would be compensated adequately by damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

## FIFTEENTH DEFENSE

25.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or latches.

## SIXTEENTH DEFENSE

26.     Count I cannot be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

## SEVENTEENTH DEFENSE

27.     Any alleged dispute between GAP and the au pairs it sponsored is subject to mandatory arbitration provisions for which GAP reserves the right to move to dismiss this action and/or compel arbitration, and for which this Answer shall not be deemed a waiver of these rights.

## EIGHTEENTH DEFENSE

28.     GAP's actions have been procompetitive and carried out in furtherance of GAP's legitimate business interests.

## NINETEENTH DEFENSE

29.     The alleged injury, loss, or damage suffered by Plaintiffs, if any, were not proximately caused by or attributable to GAP because GAP believes it has sponsored no au pairs in the State of Colorado during the relevant time period.

<u>TWENTIETH DEFENSE</u>

30.    GAP adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this Answer.

WHEREFORE, GAP prays that Plaintiffs' First Amended Complaint be dismissed, that judgment be entered in favor of GAP and against Plaintiffs, and that GAP be awarded costs, expert witness fees, attorneys' fees, and such other and further relief as this Court may deem just and proper.

GAP REQUESTS A JURY OF SIX (6) AS TO ALL ISSUES SO TRIABLE.

Respectfully submitted this 2nd day of December, 2016.

ARMSTRONG TEASDALE LLP

*s/ Meshach Y. Rhoades*
Meshach Y. Rhoades
Martin J. Estevao
1700 Broadway, Suite 2100
Denver, CO  80290-2101
(720) 722-7170
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com

Attorneys for Defendant GreatAuPair, LLC

<u>Defendant's Address</u>:

6836 Bee Caves Road
Suite 222
Austin, Texas 78746

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2016, I served the foregoing **DEFENDANT GREATAUPAIR, LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** using the CM/ECF system which will send notification via e-mail to the following:

| | |
|---|---|
| Matthew Lane Schwartz | mlschwartz@bsfllp.com; |
| Peter Murray Skinner | pskinner@bsfllp.com; |
| Randall Wade Jackson | rjackson@bsfllp.com; |
| Sigrid Stone McCawley | smccawley@bsfllp.com; |
| Lauren Fleischer Louis | llouis@bsfllp.com; |
| Sabrina Alexandria McElroy | smcelroy@bsfllp.com; |
| Dawn L. Smalls | dsmalls@bsfllp.com; |
| Alexander Hood | alex@towardsjustice.org; |
| Brooke A. Colaizzi | bcolaizzi@shermanhoward.com; |
| Heather F. Vickles | hvickles@shermanhoward.com; |
| Raymond Myles Deeny | rdeeny@shermanhoward.com; |
| Joseph H. Hunt | jhunt@shermanhoward.com; |
| William J. Kelly III | wkelly@kellywalkerlaw.com; |
| Chandra M. Feldkamp | cfeldkamp@kellywalkerlaw.com; |
| Bogdan Enica | bogdane@hotmail.com; |
| David B. Meschke | dmeschke@bhfs.com; |
| Martha L. Fitzgerald | mfitzgerald@bhfs.com; |
| Robert M. Buchanan, Jr. | rbuchanan@choate.com; |
| Joan A. Lukey | joan.lukey@choate.com; |
| Michael T. Gass | mgass@choate.com; |
| Justin J. Wolosz | jwolosz@choate.com; |
| Lindsey M. Kruzer | lkruzer@choate.com; |
| James M. Lyons | jlyons@lrrc.com; |
| Jessica L. Fuller | jfuller@lrrc.com; |
| Diane Hazel | dhazel@lrrc.com; |
| Thomas B. Quinn | tquinn@gordonrees.com; |
| Brian P. Maschler | bmaschler@gordonrees.com; |
| Peggy Kozal | pkozal@gordonrees.com; |
| John R. Mann | jmann@gordonrees.com; |
| Lawrence L. Lee | llee@laborlawyers.com; |
| Susan M. Schaecher | sschaecher@laborlawyers.com; |
| Joseph B. Cartafalsa | jcartafalsa@putneylaw.com; |
| Stephen J. Macri | smacri@putneylaw.com; |
| John B. Fulfree | jfulfree@putneylaw.com; |
| Robert M. Tucker | rtucker@putneylaw.com; |
| Brian Alan Birenbach | brian@rietzlawfirm.com; |

| | |
|---|---|
| Kathryn A. Reilly | reilly@wtotrial.com; |
| Grace Anne Fox | fox@wtotrial.com; |
| Christian Dow Hammond | christian@dallahammond.com |
| Lawrence D. Stone | lstone@nixonshefrin.com; |
| Kathleen E. Craigmile | kcraigmile@nixonshefrin.com; |
| Adam A. Hubbard | aahubbard@hollandhart.com; |
| James Edward Hartley | jhartley@hollandhart.com; |
| Jonathan S. Bender | jsbender@hollandhart.com |

*s/Hsueh Peng*
Hsueh Peng