IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

        Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

        Defendants.

---

## DEFENDANT GO AU PAIR'S ANSWER
## TO SECOND AMENDED COMPLAINT [DOC. # 395]

---

Defendants American Cultural Exchange, LLC d/b/a Go Au Pair and Go Au Pair Operations LLC (collectively, "Go Au Pair")[1] respectfully submit the following Answer to the Second Amended Complaint as follows:

### INTRODUCTORY STATEMENT

1.     Go Au Pair admits that the Mutual Educational and Cultural Exchange Act of 1961, 22 U.S.C. § 2451, *et seq.*, indicates that Congress created the J-1 visa program to facilitate exchange visitor programs that would

> enable the Government of the United States to increase mutual understanding between the people of the United States and the people of other countries by means of educational and cultural exchange; to strengthen the ties which unite us with other nations by demonstrating the educational and cultural interests, developments, and achievements of the

---

[1] The Second Amended Complaint also names Associates in Cultural Exchange as a defendant. That entity has no relationship with American Cultural Exchange, LLC or Go Au Pair Operations LLC, and it is not represented by the undersigned counsel.

people of the United States and other nations, and the contributions being made toward a peaceful and more fruitful life for people throughout the world; to promote international cooperation for educational and cultural advancement; and thus to assist in the development of friendly, sympathetic, and peaceful relations between the United States and the other countries of the world.

22 U.S.C. § 2451. Go Au Pair further admits that under the au pair program,

foreign nationals are afforded the opportunity to live with an American host family and participate directly in the home life of the host family. All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 1.

2.      Go Au Pair admits that the au pair program initially was administered by the United States Information Agency ("USIA"), which subsequently merged into the State Department. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 2.

3.      Go Au Pair denies the allegations in paragraph 3.

4.      Go Au Pair admits that the State Department oversees the au pair program, which is a J-1 visa program.  The State Department's website and regulations speaks for themselves.  To the extent the allegations in paragraph 4 are inconsistent with the State Department's website or the regulations, Go Au Pair denies them.  Go Au Pair further denies the remaining allegations in paragraph 4.

5.      Go Au Pair denies the allegations in paragraph 5.

6.      Go Au Pair denies the allegations in paragraph 6.

7.      Go Au Pair denies the allegations in paragraph 7.

8.      Go Au Pair denies the allegations in paragraph 8.

9.      Go Au Pair admits that many au pairs join great families and have exceptional experiences.  Except as expressly admitted, Go Au Pair denies the allegations in paragraph 9.

10.      Go Au Pair denies the allegations in paragraph 10.

11.      Go Au Pair denies the allegations in paragraph 11.

12.      Go Au Pair denies the allegations in paragraph 12.

## NATURE OF THE ACTION

13.      Go Au Pair admits that Plaintiffs seek the relief set forth in paragraph 13, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

14.      Go Au Pair admits that Plaintiffs assert the claims identified in paragraph 14, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

15.      Go Au Pair admits that Plaintiffs assert the claims identified in paragraph 15, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

16.      Go Au Pair admits that this Court has jurisdiction over this lawsuit.

17.      Go Au Pair admits that venue is proper in this Court, but denies the remaining allegations in paragraph 17.

## PARTIES

18.      Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 18 and, therefore, denies them.

19.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 19 and, therefore, denies them.

20.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 20 and, therefore, denies them.

21.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 21 and, therefore, denies them.

22.     Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, denies them.

23.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 23 and, therefore, denies them.

24.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 24 and, therefore, denies them.

25.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 25 and, therefore, denies them.

26.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 26 and, therefore, denies them.

27.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 27 and, therefore, denies them.

28.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 28 and, therefore, denies them.

29.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 29 and, therefore, denies them.

30.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 30 and, therefore, denies them.

31.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 31 and, therefore, denies them.

32.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 32 and, therefore, denies them.

33.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 33 and, therefore, denies them.

34.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 34 and, therefore, denies them.

35.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 35 and, therefore, denies them.

36.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 36 and, therefore, denies them.

37.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 37 and, therefore, denies them.

38.     Go Au Pair denies the allegations in paragraph 38.

39.     Go Au Pair admits American Cultural Exchange, LLC, dba Go Au Pair is a business entity at 151 East 6100 South, Suite 200, Murray, Utah 84107.  Go Au Pair denies the remaining allegations in paragraph 39.

40.     Go Au Pair denies the allegations in Paragraph 40.

41.      Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 41 and, therefore, denies them.

42.      Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 42 and, therefore, denies them.

43.      Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 43 and, therefore, denies them.

44.      Go Au Pair admits that at times, the defendants are referred to collectively in the Second Amended Complaint as the "Sponsors" or the "Sponsor Defendants."

**STATEMENT OF FACTS**

I.      **BACKGROUND**

A.      **The J-1 Visa *Au Pair* Program**

45.      Go Au Pair denies the allegations in paragraph 45.

46.      Go Au Pair admits that participants in the au pair program must have a J-1 visa and that the au pair program is one of several J-1 visa "cultural exchange" programs overseen and administered by the United States Department of State ("DOS"). Go Au Pair further admits that the au pair program is carried out under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, as well as the applicable regulations.  Except as expressly admitted, Go Au Pair denies the allegations in paragraph 46.

47.      With respect to the allegations in paragraph 47, Go Au Pair states that the au pair program is governed by a comprehensive set of regulations that speak for

themselves, and no further response concerning their content is required. To the extent a response is required, Go Au Pair denies the allegations in paragraph 47.

48.     With respect to the allegations in paragraph 48, Go Au Pair states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, Go Au Pair denies the allegations in paragraph 48.

49.     With respect to the allegations in paragraph 49, Go Au Pair states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, Go Au Pair denies the allegations in paragraph 49.

50.     Go Au Pair admits that the sponsors are a mix of for-profit and non-profit entities that have generated revenue from program fees paid by host families and au pairs.  Except as expressly admitted, Go Au Pair denies the allegations of paragraph 50.

51.     With respect to the allegations in paragraph 51, Go Au Pair states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, Go Au Pair denies the allegations in paragraph 51.

B.     **Historical Labor Abuses in the *Au Pair* Program**

52.     Go Au Pair denies the allegations in paragraph 52.

### 1. The Program Began with a Price-Fixing Cartel that Paid Illegal Wages in Contravention of Federal and State Labor Laws.

53.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 53 and, therefore, denies them.

54.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 54 and, therefore, denies them.

55.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 55 and, therefore, denies them.

56.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 56 and, therefore, denies them.

57.     Go Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 57 and, therefore, denies them.

### 2. The Program Came Under Nearly Immediate Scrutiny for Early Sponsors' Abuses.

58.     Go Au Pair admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, Go Au Pair denies the allegations in paragraph 58.

59.     Go Au Pair admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, Go Au Pair denies the allegations in paragraph 59.

60.     Go Au Pair admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, Go Au Pair denies the allegations in paragraph 60.

### 3.     The Government Issued Rules to Require Sponsors to Protect *Au Pairs'* Rights as Employees.

61.     Go Au Pair admits that USIA initiated a formal rulemaking concerning the au pair program in 1994. Go Au Pair lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 61 and, therefore, denies them.

62.     Go Au Pair admits that USIA issued a final rule in February 1995. That rule and any related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, Go Au Pair denies the allegations in paragraph 62.

63.     With respect to the allegations in paragraph 63, Go Au Pair states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, Go Au Pair denies the allegations in paragraph 63.

### 4.     The Government Created a Programmatic Wage Floor.

64.     With respect to the allegations in paragraph 64, Go Au Pair states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, Go Au Pair denies the allegations in paragraph 64.

65.     With respect to the allegations in paragraph 65, Go Au Pair states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, Go Au Pair denies the allegations in paragraph 65.

66.     Go Au Pair denies the allegations contained in the first sentence of paragraph 66. The second sentence of paragraph 66 states a legal conclusion to which no response is required. With respect to the remaining allegations in paragraph 66, Go Au Pair states that regulations governing the au pair program and any formal opinions issued by the Department of Labor ("DOL") speak for themselves, and no further response is required regarding their content. To the extent a response is required, Go Au Pair denies the allegations in the third through fifth sentences of paragraph 66.

67.     With respect to the allegations in paragraph 67, Go Au Pair admits that regulations governing the au pair program are codified at 22 C.F.R. § 63.31. Those regulations speak for themselves, and no further response is required regarding their content. To the extent a response is required, Go Au Pair denies the allegations in paragraph 67.

68.     Go Au Pair denies the allegations in paragraph 68.

> **5.     Abuses of *Au Pairs'* Rights as Employees Continued Under a "Cartel" of Sponsors, Which Fixed Wages at the Programmatic Wage Floor, Irrespective of Federal and State Minimum Wage Laws.**

69.     Go Au Pair denies the allegations contained in the first sentence of paragraph 69. With respect to the allegations in the second sentence of paragraph 69, Go Au Pair states that the USIA rulemaking of June 27, 1997, as documented in the

Federal Register, speaks for itself, and no further response is required regarding its content. To the extent a response is required, Go Au Pair denies the allegations in the second sentence of paragraph 69.

70.    Go Au Pair denies the allegations in paragraph 70.

71.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 71 and, therefore, denies them.

72.    Go Au Pair denies the allegations in paragraph 72.

II.    **THE SPONSOR DEFENDANTS HAVE ILLEGALLY FIXED STANDARD *AU PAIR* WAGES**

73.    Go Au Pair denies the allegations in paragraph 73.

A.    <u>**The Sponsor Collectively Control the Market for J-1 Vis Au Pair Employment.**</u>

74.    Go Au Pair admits that DOS-designated sponsors are the only entities authorized to serve as sponsoring organizations in the au pair program.  Go Au Pair denies the remaining allegations in paragraph 74.

75.    Go Au Pair admits that, as of November 2014, the Sponsor Defendants were the only DOS-authorized sponsors of the au pair program in the United States. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 75.

76.    Go Au Pair admits that it competes with the Sponsor Defendants in attracting au pairs to work with it, and that it generates revenue in connection with the placement of sponsors with host families.  Except as expressly admitted, Go Au Pair denies the allegations in paragraph 76.

77.    Go Au Pair denies the allegations in paragraph 77.

78.     Go Au Pair denies the allegations in paragraph 78.

79.     Go Au Pair denies the allegations in paragraph 79.

**B.      The Sponsor Defendants Have Conspired to Fix Standard *Au Pair* Wages**

80.     Go Au Pair denies the allegations in paragraph 80.

81.     Go Au Pair admits that Plaintiffs use the term "standard au pair" to describe au pair positions as set forth in paragraph 81, but Go Au Pair denies that the term "standard au pair" has any significant meaning in light of the economic realities of the au pair program.  Further, it is the host families and not Go Au Pair who determines the weekly stipend paid to the au pairs. Go Au Pair denies the remaining allegations in paragraph 81.

82.     Go Au Pair denies the allegations in paragraph 82.

**1.      The Sponsors Have Conspired to Set Standard *Au Pair* Wages at the Programmatic Wage Floor, Which is Currently $197.75 Per Week.**

83.     Go Au Pair admits the allegation in paragraph 83.

84.     Go Au Pair denies the allegations in paragraph 84.

85.     With respect to the allegations in paragraph 85, Go Au Pair states that the governing regulations speak for themselves, and no further response regarding their content is required.

86.     Go Au Pair admits that as of July 24, 2009, the State Department designated $195.75, which included a 40% credit for room and board, as the weekly stipend to be paid to participants in the au pair exchange program.  Except as expressly admitted, Go Au Pair denies the allegations in paragraph 86.

87.     Go Au Pair denies the allegations in paragraph 87.

88.     Go Au Pair denies the allegations in paragraph 88.

89.     Go Au Pair denies the allegations in paragraph 89.

90.     Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 90 and, therefore, denies them.

91.     Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 91 and, therefore, denies them.

92.     Go Au Pair denies the allegations in paragraph 92.

## 2.     Several Sponsors Have Admitted that the Sponsors Collectively Colluded to Set Standard *Au Pair* Wages at that Amount.

93.     Go Au Pair denies the allegations in paragraph 93.

94.     Go Au Pair denies the allegations in paragraph 94.

95.     Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 95 and, therefore, denies them.

96.     Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 96 and, therefore, denies them.

97.     Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 97 and, therefore, denies them.

## 3.     The Sponsors Uniformly Advertise Standard *Au Pair* Wages at the Identical Amount.

98.     Go Au Pair denies the allegations in paragraph 98.

### a.    InterExchange

99.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 99 and, therefore, denies them.

### b.    Cultural Care

100.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 100 and, therefore, denies them.

### c.    Au Pair in America

101.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 101 and, therefore, denies them.

### d.    GoAuPair

102.    Go Au Pair admits that it its website displays the following information:

| 1 Year Program Fees | Standard | Educare | Plus | Premiere |
|---|---|---|---|---|
| Application Fee | $250 | $250 | $250 | $250 |
| Program Fee | $7,695 | $6,995 | $7,695 | $7,895 |
| International & Domestic Air Travel Fees | Learn More | Learn More | Learn More | Learn More |
| Minimum Weekly Stipend | $195.75 | $146.81 | $215.00 | $255.00 |
| Education Contribution | $500 | $1,000 | $500 | $500 |
| Hours Per Week | 45 hours | 30 hours | 45 hours | 45 hours |
| Average Weekly Cost | $353.35 | $300.56 | $372.60 | $416.44 |
| Average Hourly Cost | $7.85 | $10.02 | $8.28 | $9.25 |

Except as expressly admitted, Go Au Pair denies the allegations in paragraph 102.

### e.    USAuPair

103.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 103 and, therefore, denies them.

**f.    GreatAuPair**

104.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 104 and, therefore, denies them.

**g.    Expert AuPair**

105.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 105 and, therefore, denies them.

**h.    EurAuPair**

106.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 106 and, therefore, denies them.

**i.    Cultural Homestay**

107.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 107 and, therefore, denies them.

**j.    AuPairCare**

108.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 108 and, therefore, denies them.

**k.    Au Pair International**

109.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 109 and, therefore, denies them.

l.      **APF Global Exchange**

110.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 110 and, therefore, denies them.

m.     **Agent Au Pair**

111.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 111 and, therefore, denies them.

n.      **ProAuPair**

112.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 112 and, therefore, denies them.

### The International Au Pair Exchange

113.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 113 and, therefore, denies them.

114.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 114 and, therefore, denies them.

115.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 115 and, therefore, denies them.

116.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 116 and, therefore, denies them.

117.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 117 and, therefore, denies them.

4.     **The Sponsors Have Maintained the Fixed Standard *Au Pair* Wage, Despite Illegality and Difference in Market Conditions.**

118.    Go Au Pair denies the allegations in paragraph 118.

119.    Go Au Pair denies the allegations in paragraph 119.

120.    Go Au Pair denies the allegations in paragraph 120.

121.    Go Au Pair denies the allegations in paragraph 121.

122.    Go Au Pair denies the allegations in paragraph 122.

123.    Go Au Pair denies the allegations in paragraph 123.

**5.    The Sponsors Have Had the Means, Opportunity, and Motive to Conspire to Fix Standard *Au Pair* Wages.**

124.    Go Au Pair denies the allegations in paragraph 124.

125.    With respect to the allegations in paragraph 125, Go Au Pair states that it lacks sufficient information regarding the reasons foreign nationals choose to participate in the au pair program and, therefore, denies those allegations.

126.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 126 and, therefore, denies them.

127.    Go Au Pair denies the allegations in paragraph 127.

128.    Go Au Pair denies the allegations in paragraph 128.

129.    Go Au Pair admits that it is a member of an association called the Alliance for International Education and Cultural Exchange, which the Second Amended Complaint refers to as the "Alliance." Go Au Pair lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 129 and, therefore, denies them.

130.    Go Au Pair admits that it is a member of an association called the International Au Pair Association, which the Second Amended Complaint refers to as

the "Association." Go Au Pair lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 130 and, therefore, denies them.

131.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 131 and, therefore, denies them.

132.    Go Au Pair admits that from time to time, representatives of Go Au Pair attend meetings of the Alliance and IAPA, which meetings are also attended by representatives of other sponsor defendants. Except as expressly admitted, Go Au Pair denies the remaining allegations in paragraph 132.

133.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 133 and, therefore, denies them.

134.    Go Au Pair denies the allegations in paragraph 134.

135.    Go Au Pair denies the allegations in paragraph 135.

136.    Go Au Pair denies the allegations in paragraph 136.

137.    Go Au Pair denies the allegations in paragraph 137.

138.    Go Au Pair admits that it posts information on its website relating to the weekly stipend established by DOS. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 138.

139.    Go Au Pair denies the allegations in paragraph 139.

140.    Go Au Pair denies the allegations in paragraph 140.

141.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 141 and, therefore, denies them.

142.    Go Au Pair admits it provides a handbook, entitled "Go Au Pair Au Pair Household Handbook" to host families.  The handbook speaks for itself, and thus no response is required.  To the extent a response is required, Go Au Pair denies the allegations in paragraph 142.

### 6.    The Sponsors Have Used Deception as One Means of Maintaining Fixed Standard *Au Pair* Wages.

143.    Go Au Pair denies the allegations in paragraph 143.

144.    Go Au Pair denies the allegations in paragraph 144.

145.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 145 and, therefore, denies them.

146.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 146 and, therefore, denies them.

147.    Go Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 147 and, therefore, denies them.

### C.    The Sponsor Defendants' Conspiracy Has Damaged and/or Continues to Damage Plaintiffs and All Those Similarly Situated.

148.    Go Au Pair denies the allegations in paragraph 148.

149.    Go Au Pair denies the allegations in paragraph 149.

150.    Go Au Pair denies the allegations in paragraph 150.

151.    Go Au Pair denies the allegations in paragraph 151.

152.    Go Au Pair denies the allegations in paragraph 152.

153.    Go Au Pair denies the allegations in paragraph 153.

154.    Go Au Pair denies the allegations in paragraph 154.

III.   **INTEREXCHANGE, CULTURAL CARE, AND AU PAIR IN AMERICA HAVE DECEIVED STANDARD *AU PAIRS* TO INDUCE THEM TO ACCEPT ILLEGAL WAGES.**

    A.   <u>**InterExchange, Cultural Care, Au Pair in America, and AuPairCare Have Fasley Informed *Au Pairs* That They Are Not Entitled, by Law, to Any Amount Beyond $195.75 Per Week.**</u>

        1.   **The State Department's Posted Minimum Wage of $195.75 Represents a Programmatic Wage Floor, Not a Maximum or Government-Fixed Amount.**

155.   Go Au Pair admits that its website lists a minimum weekly stipend of $195.75 as specified by DOS, but that it lacks information sufficient to form a belief as to whether all other defendant-sponsors list a minimum weekly stipend in that amount. Whether a minimum weekly stipend of $195.75 is compelled by law states a legal conclusion to which no response is required. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 155.

156.   Go Au Pair admits that the current $195.75 weekly minimum stipend amount is a programmatic wage floor established by DOS.

157.   With respect to the allegations in paragraph 157, Go Au Pair states that any government action or publication speaks for itself, and no further response is required.

158.   Statements on the DOS website speak for themselves, and no further response is required.

159.   Go Au Pair lacks sufficient information to form a belief as to truth of the allegation in paragraph 159 and, therefore, denies it.

160.    With respect to the allegations contained in paragraph 160, Go Au Pair states that "USIA's original rule" speaks for itself, and no further response is required.

161.    Go Au Pair admits that DOS has from time to time informed au pair sponsors of increases in the federal minimum wage, and the corresponding increases to the au pair weekly stipend.

162.    Go Au Pair admits that USIA amended the au pair regulations in 1997 and that the 1997 amendments reflect the currently-effective regulations. With respect to the remaining allegations in paragraph 162, Go Au Pair states that the governing regulations speak for themselves, and no further response is required regarding their content.

163.    With respect to the allegations in paragraph 163, Go Au Pair states that the February 1997 DOL opinion letter speaks for itself, and no further response is required regarding its content.

164.    With respect to the allegations in paragraph 164, Go Au Pair states that the August 1997 DOL opinion letter speaks for itself, and no further response is required regarding its content

165.    Go Au Pair admits the allegations in paragraph 165.

166.    Go Au Pair admits that the USIA website previously posted a document entitled "Fact Sheet: Au Pair Stipend." That document speaks for itself, and no further response is required regarding its content.

167.    Go Au Pair admits that the 1997 amendments to the au pair regulations reflect the currently-effective rules. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 167.

168.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 168 and, therefore, denies them.

169.    With respect to the allegations in paragraph 169, Go Au Pair states that the governing regulations, DOL letter, DOS notices, and DOS website speak for themselves, and no further response is required regarding their content.

> **2.    The Sponsors All Know that the Published Federal Minimum Weekly Wage of $195.75 Is Simply a Programmatic Wage Floor.**

170.    Go Au Pair admits it is aware that the amount of the weekly stipend required under the regulations governing the au pair program is a minimum weekly stipend. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 170.

171.    With respect to the allegations in the first half of paragraph 171, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of those allegations and, therefore, denies them. With respect to the allegations in the second half of paragraph 171, Go Au Pair states that the referenced "government materials" speak for themselves, and no further response is required.

172.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 172 and, therefore, denies them.

173.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 173 and, therefore, denies them.

174.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 174 and, therefore, denies them.

175.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 175 and, therefore, denies them.

176.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 176 and, therefore, denies them.

177.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 177 and, therefore, denies them.

178.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 178 and, therefore, denies them.

179.    The allegations in paragraphs 179-233 pertain to defendants other than Go Au Pair and, thus, no response is required. With respect to those allegations, Go Au Pair states that it understands the term "Sponsor" or "Sponsors," as used in paragraphs 179-233, to refer to defendants other than Go Au Pair. To the extent Plaintiffs intended to refer to Go Au Pair in any of these paragraphs, Go Au Pair denies those allegations.

**B.**    **In Deceiving and/or Misleading _Au Pairs_, InterExchange, Cultural Care, GoAuPair, Au Pair in America, AuPairCare and Expert Au Pair Breached Fiduciary Duties to, Made Negligent Misrepresentations to, and/or Engaged in Constructive Fraud Against _Au Pairs_.**

234.    Go Au Pair denies the allegations in paragraph 234.

      1.     **The Sponsors Have Known That $4.35 Per Hour is Not a Legal Wage.**

235.    With respect to the allegations in paragraph 235, Go Au Pair states that 22 C.F.R. § 62.31 speaks for itself, and the extent that regulation imposes legal duties on Go Au Pair is a legal conclusion to which no response is required. Go Au Pair further states that statements in any program materials, agreements, or training materials speak for themselves, and no further response is required. Go Au Pair denies the remaining allegations in paragraph 235.

236.    Go Au Pair denies the allegations in paragraph 236.

237.    Go Au Pair denies the allegations in paragraph 237.

238.    Go Au Pair denies the allegations in paragraph 238.

239.    Go Au Pair denies the allegations in paragraph 239.

240.    Go Au Pair denies the allegations in paragraph 240.

241.    Go Au Pair denies the allegations in paragraph 241.

242.    Go Au Pair admits that it is aware of the February 1997 DOL letter referenced in paragraph 242. That letter speaks for itself, and no further response is required regarding its content. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 242.

243.    With respect to the allegations in paragraph 243, Go Au Pair states that the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, and any related guidance issued pursuant to that Act, speak for themselves, and no further response is required regarding its content.

244.    Go Au Pair denies the allegations in paragraph 244.

245.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 245 and, therefore, denies them.

246.    Go Au Pair denies the allegations in paragraph 246.

247.    Go Au Pair denies the allegations in paragraph 247.

248.    Go Au Pair denies the allegations in paragraph 248.

249.    Go Au Pair denies the allegations in paragraph 249.

250.    Go Au Pair denies the allegations in paragraph 250.

251.    Go Au Pair denies the allegations in paragraph 251.

252.    Go Au Pair denies the allegations in paragraph 252.

253.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 253 and, therefore, denies them.

254.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 254 and, therefore, denies them.

255.    Go Au Pair denies the allegations in paragraph 255.

256.    Go Au Pair denies the allegations in paragraph 256.

257.    Go Au Pair denies the allegations in paragraph 257.

258.    Go Au Pair denies the allegations in paragraph 258.

### 2.    Specifically, InterExchange, Cultural Care, GoAuPair Au Pair in America, AuPairCare and Expert Au Pair Have Known That $4.35 per Hour is Not a Legal Wage.

259.    The allegations in paragraphs 259-277 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go

Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 259-277 and, therefore, denies them.

<strong>c.      Go Au Pair</strong>

278.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 278.

279.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 279.

280.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 280.

281.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 281.

282.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 282.

283.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 283.

284.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 284.

285.    Go Au Pair denies the allegations in paragraph 285.

286.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 286.

287.    Go Au Pair admits that it advertises on its website.  The content of Go Au Pair's website speaks for itself, and no further response is required.  Go Au Pair denies the remaining allegations in paragraph 287.

288.    Go Au Pair admits that its au pairs are offered DVDs to watch in their home country to satisfy the DOS training requirement.  Go Au Pair otherwise denies the remaining allegations in paragraph 288.

289.    Go Au Pair admits that the $195.75 weekly stipend established by DOS is not a wage ceiling.  Go Au Pair otherwise denies the remaining allegations in paragraph 289.

290.    Go Au Pair denies the allegations in paragraph 290.

291.    The allegations in paragraphs 291-310 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 291-310 and, therefore, denies them.

C.    **In Deceiving and/or Misleading *Au Pairs*, InterExchange, Cultural Care, GoAuPair, Au Pair in America, AuPairCare and Expert Au Pair Violated the *Au Pairs* Rights As Consumers.**

311.   Go Au Pair denies the allegations in paragraph 311.

312.   Go Au Pair denies the allegations in paragraph 312.

313.   Go Au Pair denies the allegations in paragraph 313.

314.   Go Au Pair denies the allegations in paragraph 314.

315.   Go Au Pair denies the allegations in paragraph 315.

316.   Go Au Pair denies the allegations in paragraph 316.

IV.    **INTEREXCHANGE, CULTURAL CARE, AU PAIR IN AMERICA, GOAUPAIR, AUPAIRCARE AND EXPERT AU PAIR EMPLOYED THE *AU PAIRS* THEY SPONSORED AND FAILED TO PAY THEM AT LEAST MINIMUM WAGE FOR THE HOURS THEY WORKED**

A.    **The Sponsors Employed the *Au Pairs***

317.   Go Au Pair denies the allegations in paragraph 317.

318.   With respect to the allegations in the first sentence of paragraph 318, Go Au Pair admits that it prepared a partial form agreement to be completed by the host families and executed by host families and au pairs participating in Go Au Pair's program, as well as an agreement between Go Au Pair and the au pairs. Go Au Pair admits these agreements, along with the DOS regulations they implement, governed the au pairs' participation in the program. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 318.

319.   Go Au Pair admits that it identifies eligible au pair participants; performs administrative actions to enable the au pairs to obtain Form DS-2019 after matching with host families; and provides training for au pair participants as required under 22

C.F.R. § 62.31(d)-(e) and (g). Except as expressly admitted, Go Au Pair denies the allegations in paragraph 319.

320.    Go Au Pair admits that au pair participants provided child care services to host families in accordance with the governing DOS regulations. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 320.

321.    Go Au Pair admits that it administered its au pair program in compliance with the governing regulations and that it informed host families of regulatory requirements concerning the au pairs' weekly stipend, hours, and benefits. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 321.

322.    Go Au Pair denies the allegations in paragraph 322.

323.    Go Au Pair admits that, pursuant to 22 C.F.R. § 62.40, as a sponsor of an exchange visitor program, it may terminate an au pair's participation in the au pair program under certain conditions.  Except as expressly admitted, Go Au Pair denies the allegations in paragraph 323.

324.    Go Au Pair denies the allegations in paragraph 324.

**B.**    **Each Sponsor Individually Demonstrated Their Control**

325.    The allegations in paragraphs 325-338 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 325–338 and, therefore, denies them.

339.   With respect to the allegations in paragraph 339, Go Au Pair admits that it entered into agreements with au pair participants. Those agreements speak for themselves, and no further response is required regarding their content.

340.   With respect to the allegations in paragraph 340, Go Au Pair states that the agreements between Go Au Pair and the au pairs and the agreements between the host families and the au pairs referenced therein speaks for themselves, and no further response is required regarding its content.

341.   Go Au Pair denies the allegations in paragraph 341.

342.   The allegations in paragraphs 342-354 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 342-354 and, therefore, denies them.

**C.**     **The Sponsors Failed to Pay the *Au Pairs* Minimum Wage or Overtime**

355.   Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 355 and, therefore, denies them.

356.   With respect to the allegations in paragraph 356, Go Au Pair incorporates its response to paragraph 102.  Go Au Pair otherwise denies the allegations in paragraph 356.

357.   With respect to the allegation in paragraph 357, Go Au Pair states that federal wage law speaks for itself, and no further response is required.

358.   With respect to the allegation in paragraph 358, Go Au Pair states that federal and state wage laws speak for themselves, and no further response is required.

359.    The allegations in paragraph 359 state a legal conclusion to which no response is required.

360.    The allegations in paragraph 360 state a legal conclusion to which no response is required.

361.    Go Au Pair admits that it provides au pairs training as required under 22 C.F.R. § 62.31(g). Except as expressly admitted, Go Au Pair denies the allegations in paragraph 361.

362.    Go Au Pair admits that it monitors au pair exchange participants as required under 22 C.F.R. § 62.31(l). Except as expressly admitted, Go Au Pair denies the allegations in paragraph 362.

363.    Go Au Pair denies the allegations in paragraph 363.

## V.    THE NAMED PLAINTIFFS' SUFFERED AS A RESULT OF DEFENDANTS' WRONGFUL ACTIONS

364.    The allegations in paragraphs 364-449 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 364-449 and, therefore, denies them.

### E.    Ms. Ivette Gonzalez's Experience in the *Au Pair* Program

450.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegation in paragraph 450 and, therefore, denies it.

451.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 451 and, therefore, denies them.

452.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 452 and, therefore, denies them.

453.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 453 and, therefore, denies them.

454.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 454 and, therefore, denies them.

455.    Go Au Pair admits that Plaintiff Gonzalez applies to Go Au Pair and that Go Au Pair accepted Plaintiff Gonzalez's application. Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 455 and, therefore, denies them.

456.    Go Au Pair admits that Plaintiff Gonzalez was a participant in the au pair program administered by Go Au Pair, Plaintiff Gonzalez and a host family in Maryland mutually matched, and Go Au Pair performed the administrative actions necessary to facilitate her flight to Maryland. Go Au Pair lacks information sufficient to form a belief as to the remaining allegations in paragraph 456 and, therefore, denies them.

457.    Go Au Pair admits that it provided Plaintiff Gonzalez training consistent with its obligations under DOS regulations before she left her home country. Except as expressly admitted, Go Au Pair denies the remaining allegations in paragraph 457.

458.    Go Au Pair admits that the governing regulations require au pair participants to attend 32 hours of training before placement with a host family. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 458.

459.     Go Au Pair admits that Plaintiff Gonzalez joined her host family in or around July 2014. Go Au Pair lacks information sufficient to form a belief as to the remaining allegations in paragraph 459 and, therefore, denies them.

460.     Go Au Pair admits that the contract between Plaintiff Gonzalez and her host family provides that the host family would pay Plaintiff Gonzalez $200 per week. Go Au Pair lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 460 and, therefore, denies them.

461.     Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 461 and, therefore, denies them.

462.     Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 462 and, therefore, denies them.

463.     Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 463 and, therefore, denies them.

464.     Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 464 and, therefore, denies them.

465.     Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 465 and, therefore, denies them.

466.     Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 466 and, therefore, denies them.

467.     With respect to the first sentence of paragraph 467, Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 467

and, therefore, denies them. With respect to the second sentence of paragraph 467, Go Au Pair denies the allegations.

468.    Go Au Pair admits that it attempted to locate a second host family for Plaintiff Gonzalez. Except as expressly admitted, Go Au Pair denies the allegations in paragraph 468.

469.    Go Au Pair admits that Plaintiff Gonzalez was not selected by a second host family. Go Au Pair lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 469 and, therefore, denies them.

470.    The allegations in paragraphs 470-518 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 470-518 and, therefore, denies them.

## RULE 23 CLASS ALLEGATIONS

519.    Go Au Pair incorporates by reference its response to all previous paragraphs in the Second Amended Complaint.

520.    Go Au Pair admits that Plaintiffs assert Counts I-VII and IX-X as class action claims pursuant to Federal Rule of Civil Procedure 23, but denies that certification of a class would be proper under Rule 23.

521.    Go Au Pair admits that Plaintiffs purport to define a class referred to as the "Price Fixed Class," as set forth in paragraph 521, but denies that certification of such a class would be proper under Rule 23.

522.    The allegations in paragraph 522 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

523.    The allegations in paragraph 523 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

524.    The allegations in paragraph 524 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

525.    Go Au Pair admits that Plaintiffs attempt to define a putative class as described in paragraph 525, but denies that certification of such a class is proper under Rule 23.

526.    The allegations in paragraph 526 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

527.    The allegations in paragraph 527 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

528.    The allegations in paragraph 528 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

529.    The allegations in paragraph 529 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

530.    The allegations in paragraph 530 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

531.    Go Au Pair admits that Plaintiffs attempt to define a putative class as described in paragraph 531, but denies that certification of such a class is proper under Rule 23.

532.    The allegations in paragraph 532 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

533.    The allegations in paragraph 533 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

534.    The allegations in paragraph 534 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

535.    The allegations in paragraph 535 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

536.    Go Au Pair admits that Plaintiffs attempt to define a putative class as described in paragraph 536, but denies that certification of such a class is proper under Rule 23.

537.    The allegations in paragraph 537 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

538.    The allegations in paragraph 538 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

539.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 539 and, therefore, denies them. Go Au Pair denies that certification of any putative class is proper under Rule 23.

540.    Go Au Pair denies the allegations in paragraph 540.

541.    Go Au Pair denies the allegations in paragraph 541.

542.    Go Au Pair denies the allegations in paragraph 542.

543.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 543 and, therefore, denies them.

544.    Go Au Pair denies the allegations in paragraph 544.

545.    Go Au Pair denies the allegations in paragraph 545.

546.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 546 and, therefore, denies them.

547.    Go Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 547 and, therefore, denies them.

548.    Go Au Pair admits that this case has been pending in this jurisdiction since 2014. Go Au Pair lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 548 and, therefore, denies them.

549.    Go Au Pair denies the allegations in paragraph 549.

550.    Go Au Pair denies the allegations in paragraph 550.

## 29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

551.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the Second Amended Complaint.

552.    Go Au Pair admits that Plaintiffs assert claims under the FLSA, but denies that Plaintiffs are entitled to any relief.

553.    Go Au Pair admits that certain written consents are attached as exhibits to the Second Amended Complaint. These exhibits speak for themselves, and no further response is required.

554.    The allegations in paragraph 554 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

555.    The allegations in paragraph 555 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

556.    The allegations in paragraph 556 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

557.    The allegations in paragraph 557 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

558.    The allegations in paragraph 558 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

559.    Go Au Pair admits that Plaintiffs attempt to define a putative class as described in paragraph 559, but denies that certification of such a class is proper under Rule 23.

560.    Go Au Pair admits that Plaintiffs attempt to define a putative class as described in paragraph 560, but denies that certification of such a class is proper under Rule 23.

561.    The allegations in paragraph 561 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

562.    The allegations in paragraph 562 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

563.     The allegations in paragraph 563 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

564.     The allegations in paragraph 564 attempt to define a putative class relating to claims that are not asserted against Go Au Pair and, thus, no response is required.

565.     Go Au Pair denies the allegations contained in paragraph 565.

## COUNT I: RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1, *ET SEQ.*

566.     Go Au Pair incorporates by reference its responses to all previous paragraphs in the Second Amended Complaint. With respect to the allegations in the second sentence of paragraph 566, Go Au Pair admits that Plaintiffs purport to assert Count I on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

567.     Go Au Pair denies the allegations in paragraph 567.

568.     Go Au Pair denies the allegations in paragraph 568.

569.     Go Au Pair denies the allegations in paragraph 569.

570.     Go Au Pair denies the allegations in paragraph 570.

571.     Go Au Pair denies the allegations in paragraph 571.

572.     Go Au Pair denies the allegations in paragraph 572.

573.     Go Au Pair denies the allegations in paragraph 573.

574.     Go Au Pair denies the allegations in paragraph 574.

## COUNT II: CIVIL RICO, U.S.C. 1964(C)

575.    The allegations in paragraphs 575-581 pertain to Count II, which Plaintiffs do not assert against Go Au Pair, and thus no response is required.

## COUNT III: BREACH OF FIDUCIARY DUTY UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

582.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the Second Amended Complaint.

583.    With respect to the allegations in paragraph 583, Go Au Pair admits that Plaintiffs purport to assert Count III on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

584.    Go Au Pair denies the allegations in paragraph 584.

## COUNT IV: NEGLIGENT MISREPRESENTATION OF THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

585.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the Second Amended Complaint.

586.    With respect to the allegations in paragraph 586, Go Au Pair admits that Plaintiffs purport to assert Count IV on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

587.    Go Au Pair denies the allegations in paragraph 587.

**COUNT V: CONSTRUCTIVE FRAUD OR FRAUDULENT CONCEALMENT UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA**

588.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the Second Amended Complaint.

589.    With respect to the allegations in paragraph 589, Go Au Pair admits that Plaintiffs purport to assert Count V on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

590.    Go Au Pair denies the allegations in paragraph 590.

**COUNT VI: CONSUMER PROTECTION UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA**

591.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the Second Amended Complaint.

592.    With respect to the allegations in paragraph 592, Go Au Pair admits that Plaintiffs purport to assert Count VI on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

593.    Go Au Pair denies the allegations in paragraph 593.

**COUNT VIII: FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *ET SEQ***

594.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the Second Amended Complaint.

595.    With respect to the allegations in paragraph 595, Go Au Pair admits that Plaintiffs purport to assert Count VIII on behalf of themselves and all others similarly

situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

596.    The allegations in paragraph 596 state a legal conclusion to which no response is required.

597.    Go Au Pair admits that it has annual revenues that exceed $500,000. Except as expressly admitted, Go Au Pair lacks information sufficient to form a belief as to the allegations in paragraph 597 and, therefore, denies them.

598.    With respect to the allegations in the first part of paragraph 598, Go Au Pair admits that it identifies eligible au pair participants; allows vetted host families the opportunity to review au pair applications which are then selected and mutually matched by host families and au pairs; performs the administrative actions to facilitate issuance of the Form DS-2019 and arrange for flights for the au pairs; provides training for au pair participants, conducts cultural activities available to the au pairs; and performs monthly contacts with the au pairs and host families as required under 22 C.F.R. § 62.31(d)-(e), (g), and (l). Except as expressly admitted, Go Au Pair denies the allegations in the first part of paragraph 598. The allegations in the second part of paragraph 598 pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in the second part of paragraph 598 and, therefore, denies them.

599.    The allegations in paragraph 599 state a legal conclusion to which no response is required.

600.    Go Au Pair denies the allegations in paragraph 600.

601.    Go Au Pair denies the allegations in paragraph 601.

602.    Go Au Pair denies the allegations in paragraph 602.

603.    Go Au Pair denies the allegations in paragraph 603.

604.    Go Au Pair denies the allegations in paragraph 604.

## COUNT IX: CLAIMS FOR UNPAID WAGES UNDER THE LAWS OF SEVERAL STATES AND THE DISTRICT OF COLUMBIA

605.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the Second Amended Complaint.

606.    With respect to the allegations in paragraph 606, Go Au Pair admits that Plaintiffs purport to assert Count IX on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

607.    Go Au Pair denies the allegations in paragraph 607.

608.    The allegations in paragraph 608 state a legal conclusion to which no response is required.

609.    Go Au Pair denies the allegations in paragraph 609.

610.    Go Au Pair denies the allegations in paragraph 610.

611.    Go Au Pair denies the allegations in paragraph 611.

612.    Go Au Pair denies the allegations in paragraph 612.

613.    Go Au Pair denies the allegations in paragraph 613.

## **COUNT X: VIOLATIONS OF NEW YORK WAGE ACT**

614.    Go Au Pair incorporates by reference its responses to all previous paragraphs in the Second Amended Complaint.

615.    With respect to the allegations in paragraph 615, Go Au Pair admits that Plaintiffs purport to assert Count X on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

616.    The allegations in paragraph 616 pertain to defendants other than Go Au Pair and, thus, no response is required.

617.    The allegations in paragraph 617 appear to pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent a response is required, Go Au Pair denies the allegations in paragraph 617.

618.    The allegations in paragraph 618 appear to pertain to defendants other than Go Au Pair and, thus, no response is required. To the extent Plaintiffs intended to include Go Au Pair in the term "Defendants," as used in paragraph 618, Go Au Pair states that the allegations in paragraph 618 state a legal conclusion to which no response is required.

619.    The allegations in paragraph 619 state a legal conclusion to which no response is required. To the extent a response is required, Go Au Pair denies the allegations in paragraph 619.

## COUNT XI: VIOLATIONS OF NEW JERSEY WAGE ACT

620.    The allegations in paragraphs 620-625 pertain to Count XI, which is not asserted against Go Au Pair, and thus no response is required.

## DEMAND FOR JURY TRIAL

626.    Go Au Pair admits that Plaintiffs have demanded a jury trial.

## PLAINTIFFS' PRAYER FOR RELIEF

To the extent that a response to Plaintiffs' prayer for relief is required, Go Au Pair denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Go Au Pair asserts the following affirmative defenses to Counts I and III-X, which are the only claims asserted against it. Go Au Pair asserts these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on Plaintiffs. Go Au Pair has not conducted any discovery, which might reveal additional defenses; Go Au Pair therefore reserves the right to amend this answer as appropriate to assert additional defenses.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, and/or waiver.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of Go Au Pair and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct of which Plaintiffs complain is reasonable and justified, and such conduct has not, and will not, substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule-of-reason claim.  In particular, the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

## SEVENTH DEFENSE

The actions of Go Au Pair have been procompetitive, and Go Au Pair's actions were carried out in furtherance of its legitimate business interests.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because they have not alleged any properly-defined or relevant product (or service) and geographic market.

## NINTH DEFENSE

Plaintiffs' claims are barred because Go Au Pair reasonably relied upon the weekly stipend established, calculated, and consistently applied by the State Department and the Department of Labor to be paid to participants in the au pair exchange program, specifically including the credit for room and board. The weekly stipend paid by host families to participants in Go Au Pair's au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

## TENTH DEFENSE

If, for some reason, any or all of the alleged acts and omissions of Go Au Pair were not within the scope of conduct authorized by the State Department and/or the Department of Labor, such a situation was not reasonably foreseeable by Go Au Pair.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal-instrumentality doctrine, the sovereign-immunity doctrine, the state-action doctrine, and/or the doctrine of implied immunity. Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Go Au Pair has acted in good faith, with a reasonable basis, and with intent to comply with the law.

## THIRTEENTH DEFENSE

Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties.  Go Au Pair is not liable for the acts of others over which it has no control.

## FOURTEENTH DEFENSE

Plaintiffs' claims for damages against Go Au Pair are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

## FIFTEENTH DEFENSE

The alleged injury, loss or damage suffered by Plaintiffs, if any, would be compensated adequately by damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

## SIXTEENTH DEFENSE

None of the Counts asserted against Go Au Pair may be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure, or a collective action under 29 U.S.C. § 216(b).

## SEVENTEENTH DEFENSE

Plaintiffs are exempt from minimum wage and overtime requirements under the FLSA and any other applicable state statute, law or regulation, including but not limited to New York state laws.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred by 29 U.S.C. § 259 on the basis that Go Au Pair acted in good faith, in conformity with, and in reliance upon published, written regulations and interpretations of the U.S. Department of Labor.

## NINETEENTH DEFENSE

No fiduciary relationship existed between Plaintiff Gonzalez and Go Au Pair.

## TWENTIETH DEFENSE

At no time were the actions of Go Au Pair willful; thus, if applicable at all, the FLSA limitations period is two years.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part based on the failure to join indispensable parties.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims, including Plaintiff Gonzalez's claims, are barred in whole or in part by her failure to substantially perform, and prior breach of, the terms of her agreement with Go Au Pair.

TWENTY-THIRD DEFENSE

Liquidated damages are barred pursuant to 29 U.S.C. § 260 because Go Au Pair acted in good faith and with reasonable grounds to believe its conduct did not violate the FLSA.

TWENTY-FOURTH DEFENSE

Plaintiffs' damages, if any, are barred or limited due to failure to reasonably mitigate.

TWENTY-FIFTH DEFENSE

Plaintiffs' damages, if any, are barred or limited by applicable statutory damage caps.

TWENTY-SIXTH DEFENSE

Plaintiffs' damages, if any, are barred or limited by doctrines of settlement, release, and accord and satisfaction.

TWENTY-SEVENTH DEFENSE

Plaintiffs' state law claims are barred in whole or in part due to federal preemption.

TWENTY-EIGHTH DEFENSE

Any claim asserted by or on behalf of certain au pairs sponsored by Go Au Pair is subject to mandatory arbitration.

TWENTY-NINTH DEFENSE

Some activities alleged to be compensable are not compensable as prescribed by the Portal-to-Portal Act, 29 U.S.C. §§ 254, *et seq.*

<u>THIRTIETH DEFENSE</u>

Compensation owed, if any, is subject to a statutory credit pursuant to 29 U.S.C.

§ 207, and a credit pursuant to 29 C.F.R. §§ 531.31, *et seq.*

<u>THIRTY-FIRST DEFENSE</u>

Go Au Pair adopts by reference any applicable defense pleaded by any other

defendant that is not set forth in this answer.

**<u>GO AU PAIR'S PRAYER FOR RELIEF</u>**

Therefore, Go Au Pair prays for relief as follows:

1.      That Plaintiffs take nothing by way of the claims asserted in Count I, III-X

of the Second Amended Complaint, and that this action be dismissed with prejudice;

2.      That judgment be entered in favor of Go Au Pair and against Plaintiffs with

respect to all Counts asserted against Go Au Pair;

3.      That the Court award Go Au Pair its attorneys' fees and all are other costs

reasonably incurred in defense of this action; and

4.      That the Court award such other relief as it made deem just and proper.

Dated:  December 2, 2016.                    Respectfully submitted,


                                             *s/ Kathryn A. Reilly*
                                             Kathryn A. Reilly
                                             Grace A. Fox
                                             Wheeler Trigg O'Donnell LLP
                                             370 Seventeenth Street, Suite 4500
                                             Denver, CO  80202-5647
                                             Telephone:  303.244.1800
                                             Facsimile:  303.244.1879
                                             Email:  Reilly@wtotrial.com
                                                      Fox@wtotrial.com

                                             Attorneys for Defendants American Cultural
                                             Exchange, LLC d/b/a GoAuPair and Go Au
                                             Pair Operations LLC

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on December 2, 2016, I electronically filed the foregoing **DEFENDANT GO AU PAIR'S ANSWER TO SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


*s/ Claudia Jones*
Legal Secretary