IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

        Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

        Defendants.

---

**DEFENDANT AU PAIR INTERNATIONAL INC.'S ANSWER TO SECOND AMENDED COMPLAINT [DOC. # 395]**

---

Defendant Au Pair International, Inc. ("API") respectfully submits the following Answer to the Second Amended Complaint as follows:

## INTRODUCTORY STATEMENT

1.    API admits that the Mutual Educational and Cultural Exchange Act of 1961, 22 U.S.C. § 2451, *et seq.*, indicates that Congress created the J-1 visa program to facilitate exchange visitor programs that would

> enable the Government of the United States to increase mutual understanding between the people of the United States and the people of other countries by means of educational and cultural exchange; to strengthen the ties which unite us with other nations by demonstrating the educational and cultural interests, developments, and achievements of the people of the United States and other nations, and the contributions being made toward a peaceful and more fruitful life for people throughout the world; to promote international cooperation for educational and cultural advancement; and thus to assist in the development of friendly, sympathetic, and peaceful relations between the United States and the other countries of the world.

22 U.S.C. § 2451. API further admits that under the au pair program,

> foreign nationals are afforded the opportunity to live with an American host family and participate directly in the home life of the host family. All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31. Except as expressly admitted, API denies the allegations in paragraph 1.

2. API admits that the au pair program initially was administered by the United States Information Agency ("USIA"), which subsequently merged into the State Department. Except as expressly admitted, API denies the allegations in paragraph 2.

3. API denies the allegations in paragraph 3.

4. API admits that the State Department oversees the au pair program, which is a J-1 visa program. The State Department's website speaks for itself. To the extent the allegations in paragraph 4 are inconsistent with the State Department's website, API denies them. API further denies the remaining allegations in paragraph 4.

5. API denies the allegations in paragraph 5.

6. API denies the allegations in paragraph 6.

7. API denies the allegations in paragraph 7.

8. API denies the allegations in paragraph 8.

9. API denies the allegations in paragraph 9.

10. API denies the allegations in paragraph 10.

11. API denies the allegations in paragraph 11.

12.     API denies the allegations in paragraph 12.

## NATURE OF THE ACTION

13.     API admits that Plaintiffs seek the relief set forth in paragraph 13, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

14.     API admits that Plaintiffs assert the claims identified in paragraph 14, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

15.     API admits that Plaintiffs assert the claims identified in paragraph 15, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

16.     API admits that this Court has jurisdiction over this lawsuit.

17.     API admits that venue is proper in this Court, but denies the remaining allegations in paragraph 17.

## PARTIES

18.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 18 and, therefore, denies them.

19.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 19 and, therefore, denies them.

20.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 20 and, therefore, denies them.

21.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 21 and, therefore, denies them.

22.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 22 and, therefore, denies them.

23.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 23 and, therefore, denies them.

24.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 24 and, therefore, denies them.

25.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 25 and, therefore, denies them.

26.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 26 and, therefore, denies them.

27.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 27 and, therefore, denies them.

28.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 28 and, therefore, denies them.

29.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 29 and, therefore, denies them.

30.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 30 and, therefore, denies them.

31.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 31 and, therefore, denies them.

32.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 32 and, therefore, denies them.

33.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 33 and, therefore, denies them.

34.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 34 and, therefore, denies them.

35.     API admits that it is a business entity with its principal place of business at 4450 Arapahoe Ave., Suite 100, Boulder, Colorado 80303.

36.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 36 and, therefore, denies them.

37.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 37 and, therefore, denies them.

38.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 38 and, therefore, denies them.

39.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 39 and, therefore, denies them.

40.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 40 and, therefore, denies them.

41.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 41 and, therefore, denies them.

42.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 42 and, therefore, denies them.

43.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 43 and, therefore, denies them.

44.     API admits that at times, the defendants are referred to collectively in the second amended complaint as the "Sponsors" or the "Sponsor Defendants."

## STATEMENT OF FACTS

I.     **BACKGROUND**

A.     **The J-1 Visa *Au Pair* Program**

45.     API denies the allegations in paragraph 45.

46.     API admits that participants in the au pair program must have a J-1 visa and that the au pair program is one of several J-1 visa "cultural exchange" programs overseen and administered by the United States Department of State ("DOS"). API further admits that the au pair program is carried out under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, as well as the applicable regulations.  Except as expressly admitted, API denies the allegations in paragraph 46.

47.     With respect to the allegations in paragraph 47, API states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, API denies the allegations in paragraph 47.

48.     With respect to the allegations in paragraph 48, API states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, API denies the allegations in paragraph 48.

49.     With respect to the allegations in paragraph 49, API states that the au pair program is governed by a comprehensive set of regulations that speak for themselves,

and no further response concerning their content is required. To the extent a response is required, API denies the allegations in paragraph 49.

50.     API admits that the sponsors are a mix of for-profit and non-profit entities that have generated revenue from program fees paid by host families and au pairs. Except as expressly admitted, API denies the allegations of paragraph 50.

51.     With respect to the allegations in paragraph 51, API states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, API denies the allegations in paragraph 51.

   **B.     Historical Labor Abuses in the *Au Pair* Program**

52.     API denies the allegations in paragraph 52.

   **1.     The Program Began with a Price-Fixing Cartel that Paid Illegal Wages in Contravention of Federal and State Labor Laws.**

53.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 53 and, therefore, denies them.

54.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 54 and, therefore, denies them.

55.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 55 and, therefore, denies them.

56.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 56 and, therefore, denies them.

57.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 57 and, therefore, denies them.

**2.     The Program Came Under Nearly Immediate Scrutiny for Early Sponsors' Abuses.**

58.     API admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, API denies the allegations in paragraph 58.

59.     API admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, API denies the allegations in paragraph 59.

60.     API admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, API denies the allegations in paragraph 60.

**3.     The Government Issued Rules to Require Sponsors to Protect *Au Pairs'* Rights as Employees.**

61.     API admits that USIA initiated a formal rulemaking concerning the au pair program in 1994. API lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 61 and, therefore, denies them.

62.     API admits that USIA issued a final rule in February 1995. That rule and any related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, API denies the allegations in paragraph 62.

63.     With respect to the allegations in paragraph 63, API states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, API denies the allegations in paragraph 63.

## 4.     The Government Created a Programmatic Wage Floor.

64.     With respect to the allegations in paragraph 64, API states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, API denies the allegations in paragraph 64.

65.     With respect to the allegations in paragraph 65, API states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, API denies the allegations in paragraph 65.

66.     API denies the allegations contained in the first sentence of paragraph 66. The second sentence of paragraph 66 states a legal conclusion to which no response is required. With respect to the remaining allegations in paragraph 66, API states that regulations governing the au pair program and any formal opinions issued by the Department of Labor ("DOL") speak for themselves, and no further response is required regarding their content. To the extent a response is required, API denies the allegations in the third through fifth sentences of paragraph 66.

67.     With respect to the allegations in paragraph 67, API admits that regulations governing the au pair program are codified at 22 C.F.R. § 63.31. Those

regulations speak for themselves, and no further response is required regarding their content. To the extent a response is required, API denies the allegations in paragraph 67.

68.   API denies the allegations in paragraph 68.

> **5.   Abuses of *Au Pairs'* Rights as Employees Continued Under a "Cartel" of Sponsors, Which Fixed Wages at the Programmatic Wage Floor, Irrespective of Federal and State Minimum Wage Laws.**

69.   API denies the allegations contained in the first sentence of paragraph 669 With respect to the allegations in the second sentence of paragraph 69, API states that the USIA rulemaking of June 27, 1997, as documented in the Federal Register, speaks for itself, and no further response is required regarding its content. To the extent a response is required, API denies the allegations in the second sentence of paragraph 69.

70.   API denies the allegations in paragraph 70.

71.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 71 and, therefore, denies them.

72.   API denies the allegations in paragraph 72.

## II.   THE SPONSOR DEFENDANTS HAVE ILLEGALLY FIXED STANDARD *AU PAIR* WAGES

73.   API denies the allegations in paragraph 73.

A.    **The Sponsor Collectively Control the Market for J-1 Vis Au Pair Employment.**

74.    API admits that DOS-designated sponsors are the only entities authorized to serve as sponsoring organizations in the au pair program.  API denies the remaining allegations in paragraph 74.

75.    API admits that, as of November 2014, the Sponsor Defendants  were the only DOS-authorized sponsors of the au pair program in the United States. Except as expressly admitted, API denies the allegations in paragraph 75.

76.    API admits that it competes with the Sponsor Defendants in attracting au pairs to work with it, and that it generates revenue in connection with the placement of sponsors with host families.  Except as expressly admitted, API denies the allegations in paragraph 76.

77.    API denies the allegations in paragraph 77.

78.    API denies the allegations in paragraph 78.

79.    API denies the allegations in paragraph 79.

B.    **The Sponsor Defendants Have Conspired to Fix Standard *Au Pair* Wages**

80.    API denies the allegations in paragraph 80.

81.    API admits that Plaintiffs use the term "standard au pair" to describe au pair positions as set forth in paragraph 81, but API denies that the term "standard au pair" has any significant meaning in light of the economic realities of the au pair program.  Further, it is the host families and not API who determines the weekly stipend paid to the au pairs. API denies the remaining allegations in paragraph 81.

82.    API denies the allegations in paragraph 82.

**1.    The Sponsors Have Conspired to Set Standard *Au Pair* Wages at the Programmatic Wage Floor, Which is Currently $197.75 Per Week.**

83.    API admits the allegation in paragraph 83.

84.    API denies the allegations in paragraph 84.

85.    With respect to the allegations in paragraph 85, API states that the governing regulations speak for themselves, and no further response regarding their content is required.

86.    API admits that as of July 24, 2009, the State Department designated $195.75, which included a 40% credit for room and board, as the weekly stipend to be paid to participants in the au pair exchange program.  Except as expressly admitted, API denies the allegations in paragraph 86.

87.    API denies the allegations in paragraph 87.

88.    API denies the allegations in paragraph 88.

89.    API denies the allegations in paragraph 89.

90.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 90 and, therefore, denies them.

91.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 91 and, therefore, denies them.

92.    API denies the allegations in paragraph 92.

>    **2.  Several Sponsors Have Admitted that the Sponsors
>        Collectively Colluded to Set Standard *Au Pair* Wages at that
>        Amount.**

93.    API denies the allegations in paragraph 93.

94.    API denies the allegations in paragraph 94.

95.    API lacks sufficient information to form a belief as to the truth of the

allegations in paragraph 95 and, therefore, denies them.

96.    API lacks sufficient information to form a belief as to the truth of the

allegations in paragraph 96 and, therefore, denies them.

97.    API lacks sufficient information to form a belief as to the truth of the

allegations in paragraph 97 and, therefore, denies them.

>    **3.  The Sponsors Uniformly Advertise Standard *Au Pair* Wages at
>        the Identical Amount.**

98.    API denies the allegations in paragraph 98.

>    **a.  InterExchange**

99.    API lacks sufficient information to form a belief as to the truth of the

allegations in paragraph 99 and, therefore, denies them.

>    **b.  Cultural Care**

100.    API lacks sufficient information to form a belief as to the truth of the

allegations in paragraph 100 and, therefore, denies them.

>    **c.  Au Pair in America**

101.    API lacks sufficient information to form a belief as to the truth of the

allegations in paragraph 101 and, therefore, denies them.

**d.      GoAuPair**

102.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 102 and, therefore, denies them.

**e.      USAuPair**

103.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 103 and, therefore, denies them.

**f.      GreatAuPair**

104.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 104 and, therefore, denies them.

**g.      Expert AuPair**

105.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 105 and, therefore, denies them.

**h.      EurAuPair**

106.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 106 and, therefore, denies them.

**i.      Cultural Homestay**

107.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 107 and, therefore, denies them.

**j.      AuPairCare**

108.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 108 and, therefore, denies them.

### k.      Au Pair International

109.    API admits that its website displays the following information:

**FEES TABLE**

|  | Standard Au Pair and Infant Specialized Au Pair | Au Pair Professional | Pre Selected Au Pair |
|---|---|---|---|
| **Application Fee** | ~~$350~~ $0 | ~~$350~~ $0 | $350 |
| **Program Fee\*** | ~~$6,990~~ $6,690 | $7,490 | ~~$6,990~~ $5,990 |
| **Weekly Stipend \*\*** | $195.75 | $225 | $195.75 |
| **Average cost for 45 hours of customized care** | $324/week $7.20/hour | $369/week $8.20/hour | $310/week $6.90/hour |

Except as expressly admitted, API denies the allegations in paragraph 109.

### l.      APF Global Exchange

110.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 110 and, therefore, denies them.

### m.      Agent Au Pair

111.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 111 and, therefore, denies them.

### n.      ProAuPair

112.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 112 and, therefore, denies them.

o.      **The International Au Pair Exchange**

113.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 113 and, therefore, denies them.

114.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 114 and, therefore, denies them.

115.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 115 and, therefore, denies them.

116.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 116 and, therefore, denies them.

117.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 117 and, therefore, denies them.

3.      **The Sponsors Have Maintained the Fixed Standard *Au Pair* Wage, Despite Illegality and Difference in Market Conditions.**

118.    API denies the allegations in paragraph 118.

119.    API denies the allegations in paragraph 119.

120.    API denies the allegations in paragraph 120.

121.    API denies the allegations in paragraph 121.

122.    API denies the allegations in paragraph 122.

123.    API denies the allegations in paragraph 123.

4.      **The Sponsors Have Had the Means, Opportunity, and Motive to Conspire to Fix Standard *Au Pair* Wages.**

124.    API denies the allegations in paragraph 124.

125.    With respect to the allegations in paragraph 125, API states that it lacks sufficient information regarding the reasons foreign nationals choose to participate in the au pair program and, therefore, denies those allegations.

126.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 126 and, therefore, denies them.

127.    API denies the allegations in paragraph 127.

128.    API denies the allegations in paragraph 128.

129.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 129 and, therefore, denies them.

130.    API admits that it is a member of an association called the International Au Pair Association ("IAPA"). API lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 130 and, therefore, denies them.

131.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 131 and, therefore, denies them.

132.    API admits that from time to time, representatives of API attend meetings of the Alliance and IAPA, which meetings are also attended by representatives of other sponsor defendants. Except as expressly admitted, API denies the remaining allegations in paragraph 132.

133.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 133 and, therefore, denies them.

134.    API denies the allegations in paragraph 134.

135.    API denies the allegations in paragraph 135.

136.    API denies the allegations in paragraph 136.

137.    API denies the allegations in paragraph 137.

138.    API admits that it posts information on its website relating to the weekly stipend established by DOS. Except as expressly admitted, API denies the allegations in paragraph 138.

139.    API denies the allegations in paragraph 139.

140.    API denies the allegations in paragraph 140.

141.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 141 and, therefore, denies them.

142.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 142 and, therefore, denies them.

> **5.    The Sponsors Have Used Deception as One Means of Maintaining Fixed Standard *Au Pair* Wages.**

143.    API denies the allegations in paragraph 143.

144.    API denies the allegations in paragraph 144.

145.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 145 and, therefore, denies them.

146.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 146 and, therefore, denies them.

147.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 147 and, therefore, denies them.

C. **The Sponsor Defendants' Conspiracy Has Damaged and/or Continues to Damage Plaintiffs and All Those Similarly Situated.**

148.   API denies the allegations in paragraph 148.

149.   API denies the allegations in paragraph 149.

150.   API denies the allegations in paragraph 150.

151.   API denies the allegations in paragraph 151.

152.   API denies the allegations in paragraph 152.

153.   API denies the allegations in paragraph 153.

154.   API denies the allegations in paragraph 154.

III.   **INTEREXCHANGE, CULTURAL CARE, AND AU PAIR IN AMERICA HAVE DECEIVED STANDARD *AU PAIRS* TO INDUCE THEM TO ACCEPT ILLEGAL WAGES.**

A. **InterExchange, Cultural Care, Au Pair in America, and AuPairCare Have Fasley Informed *Au Pairs* That They Are Not Entitled, by Law, to Any Amount Beyond $195.75 Per Week.**

1. **The State Department's Posted Minimum Wage of $195.75 Represents a Programmatic Wage Floor, Not a Maximum or Government-Fixed Amount.**

155.   API admits that its website lists a minimum weekly stipend of $195.75, but that it lacks information sufficient to form a belief as to whether all other defendant-sponsors list a minimum weekly stipend in that amount. Whether a minimum weekly stipend of $195.75 is compelled by law states a legal conclusion to which no response is required. Except as expressly admitted, API denies the allegations in paragraph 155.

156.   API admits that the current $195.75 weekly minimum stipend amount is a programmatic wage floor established by DOS.

157.   With respect to the allegations in paragraph 157, API states that any government action or publication speaks for itself, and no further response is required.

158.   Statements on the DOS website speak for themselves, and no further response is required.

159.   API lacks sufficient information to form a belief as to truth of the allegation in paragraph 159 and, therefore, denies it.

160.   With respect to the allegations contained in paragraph 160, API states that "USIA's original rule" speaks for itself, and no further response is required.

161.   API admits that DOS has from time to time informed au pair sponsors of increases in the federal minimum wage, and the corresponding increases to the au pair weekly stipend.

162.   API admits that USIA amended the au pair regulations in 1997 and that the 1997 amendments reflect the currently-effective regulations. With respect to the remaining allegations in paragraph 162, API states that the governing regulations speak for themselves, and no further response is required regarding their content.

163.   With respect to the allegations in paragraph 163, API states that the February 1997 DOL opinion letter speaks for itself, and no further response is required regarding its content.

164.   With respect to the allegations in paragraph 164, API states that the August 1997 DOL opinion letter speaks for itself, and no further response is required regarding its content

165.   API admits the allegations in paragraph 165.

166.   API admits that the USIA website previously posted a document entitled "Fact Sheet: Au Pair Stipend." That document speaks for itself, and no further response is required regarding its content.

167.   API admits that the 1997 amendments to the au pair regulations reflect the currently-effective rules. Except as expressly admitted, API denies the allegations in paragraph 167.

168.   API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 168 and, therefore, denies them.

169.   With respect to the allegations in paragraph 169, API states that the governing regulations, DOL letter, DOS notices, and DOS website speak for themselves, and no further response is required regarding their content.

        **2.**      **The Sponsors All Know that the Published Federal Minimum Weekly Wage of $195.75 Is Simply a Programmatic Wage Floor.**

170.   API admits it is aware that the amount of the weekly stipend required under the regulations governing the au pair program is a minimum weekly stipend. Except as expressly admitted, API denies the allegations in paragraph 170.

171.   With respect to the allegations in the first half of paragraph 171, Go API states that it lacks information sufficient to form a belief as to the truth of those allegations and, therefore, denies them. With respect to the allegations in the second half of paragraph 171, API states that the referenced "government materials" speak for themselves, and no further response is required.

172.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 172 and, therefore, denies them.

173.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 173 and, therefore, denies them.

174.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 174 and, therefore, denies them.

175.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 175 and, therefore, denies them.

176.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 176 and, therefore, denies them.

177.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 177 and, therefore, denies them.

178.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 178 and, therefore, denies them.

179.    The allegations in paragraphs 179-363 pertain to defendants other than API and, thus, no response is required. With respect to those allegations, API states that it understands the term "Sponsor" or "Sponsors," as used in paragraphs 179-363, to refer to defendants other than API. To the extent Plaintiffs intended to refer to API in any of these paragraphs, API denies those allegations.

## V.    THE NAMED PLAINTIFFS' SUFFERED AS A RESULT OF DEFENDANTS' WRONGFUL ACTIONS

364.    The allegations in paragraphs 364-518 pertain to defendants other than API and, thus, no response is required. To the extent a response is required, API states

that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 364-518 and, therefore, denies them.

## **RULE 23 CLASS ALLEGATIONS**

519.    API incorporates by reference its response to all previous paragraphs in the Second Amended Complaint.

520.    API admits that Plaintiffs assert Counts I-VII and IX-X as class action claims pursuant to Federal Rule of Civil Procedure 23, but denies that certification of a class would be proper under Rule 23.

521.    API admits that Plaintiffs purport to define a class referred to as the "Price Fixed Class," as set forth in paragraph 521, but denies that certification of such a class would be proper under Rule 23.

522.    The allegations in paragraphs 522-538 attempt to define putative classes relating to claims that are not asserted against API and, thus, no response is required.

539.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 539 and, therefore, denies them. API denies that certification of any putative class is proper under Rule 23.

540.    API denies the allegations in paragraph 540.

541.    API denies the allegations in paragraph 541.

542.    API denies the allegations in paragraph 542.

543.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 543 and, therefore, denies them.

544.    API denies the allegations in paragraph 544.

545.    API denies the allegations in paragraph 545.

546.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 546 and, therefore, denies them.

547.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 547 and, therefore, denies them.

548.    API admits that this case has been pending in this jurisdiction since 2014. API lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 548 and, therefore, denies them.

549.    API denies the allegations in paragraph 549.

550.    API denies the allegations in paragraph 550.

## 29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

551.    The allegations in paragraphs 551-565 attempt to define putative classes relating to claims that are not asserted against API and, thus, no response is required.

## COUNT I: RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1, *ET SEQ.*

566.    API incorporates by reference its responses to all previous paragraphs in the Second Amended Complaint. With respect to the allegations in the second sentence of paragraph 566, API admits that Plaintiffs purport to assert Count I on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

567.    API denies the allegations in paragraph 567.

568.    API denies the allegations in paragraph 568.

569.    API denies the allegations in paragraph 569.

570.   API denies the allegations in paragraph 570.

571.   API denies the allegations in paragraph 571.

572.   API denies the allegations in paragraph 572.

573.   API denies the allegations in paragraph 573.

574.   API denies the allegations in paragraph 574.

## COUNTS II-XI

575.   The allegations in paragraphs 575-625 pertain to Counts II-XI, which are not asserted against API, and thus no response is required

## DEMAND FOR JURY TRIAL

626.   API admits that Plaintiffs have demanded a jury trial.

## PLAINTIFFS' PRAYER FOR RELIEF

To the extent that a response to Plaintiffs' prayer for relief is required, API denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

API asserts the following affirmative defenses to Count I, which is the only claim asserted against it. API asserts these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on Plaintiffs. API has not conducted any discovery, which might reveal additional defenses; API therefore reserves the right to amend this answer as appropriate to assert additional defenses.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, and/or waiver.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of API and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct of which Plaintiffs complain is reasonable and justified, and such conduct has not, and will not, substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule-of-reason claim.  In particular, the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

<u>SEVENTH DEFENSE</u>

The actions of API have been procompetitive, and API's actions were carried out in furtherance of its legitimate business interests.

<u>EIGHTH DEFENSE</u>

Plaintiffs' claims are barred because they have not alleged any properly-defined or relevant product (or service) and geographic market.

<u>NINTH DEFENSE</u>

Plaintiffs' claims are barred because API reasonably relied upon the weekly stipend established, calculated, and applied by the State Department and the Department of Labor to be paid to participants in the au pair exchange program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in API's au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

<u>TENTH DEFENSE</u>

If, for some reason, any or all of the alleged acts and omissions of API were not within the scope of conduct authorized by the State Department and/or the Department of Labor, such a situation was not reasonably foreseeable by API.

<u>ELEVENTH DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine and/or the doctrine of implied immunity.  Plaintiffs' claims are further

barred because the alleged conduct that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because API has acted in good faith and with intent to comply with the law.

THIRTEENTH DEFENSE

Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties.  API is not liable for the acts of others over which it has no control.

FOURTEENTH DEFENSE

Plaintiffs' claims for damages against API are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

FIFTEENTH DEFENSE

The alleged injury, loss or damage suffered by Plaintiffs, if any, would be compensated adequately by damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

SIXTEENTH DEFENSE

None of the Counts asserted against API may be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

SEVENTEENTH DEFENSE

API adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

**API'S PRAYER FOR RELIEF**

Therefore, API prays for relief as follows:

1.     That Plaintiffs take nothing by way of the claims asserted in Count I, III-XI of the Second Amended Complaint, and that this action be dismissed with prejudice;

2.     That judgment be entered in favor of API and against Plaintiffs with respect to all Counts asserted against API;

3.     That the Court award API its attorneys' fees and all are other costs reasonably incurred in defense of this action; and

4.     That the Court award such other relief as it made deem just and proper.

Dated: December 2, 2016.                     Respectfully submitted,


                                             *s/ Kathryn A. Reilly*
                                             Kathryn A. Reilly
                                             Grace A. Fox
                                             Wheeler Trigg O'Donnell LLP
                                             370 Seventeenth Street, Suite 4500
                                             Denver, CO  80202-5647
                                             Telephone:  303.244.1800
                                             Facsimile:  303.244.1879
                                             Email:  Reilly@wtotrial.com
                                                     Fox@wtotrial.com

                                             Attorneys for Defendant Au Pair International, Inc.

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on December 2, 2016, I electronically filed the foregoing **DEFENDANT AU PAIR INTERNATIONAL INC.'S ANSWER TO SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record

*s/ Claudia Jones*
Legal Secretary