# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

Plaintiffs,
v.

INTEREXCHANGE, INC., *ET AL.*

Defendants.

---

### DECLARATION OF DAWN L. SMALLS IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER OR, IN THE ALTERNATIVE, AMENDMENT OF THE SCHEDULING ORDER

---

I, Dawn L. Smalls, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner with the law firm of Boies, Schiller & Flexner LLP, Co-Counsel for the Plaintiffs. I am over the age of 18. The matters stated herein are based on my personal knowledge and, if called upon to testify, I could and would testify competently thereto. I make this declaration in support of Plaintiffs' Motion for Protective Order, or, In the Alternative, Amendment of the Scheduling Order.

2. On March 19, 2015, Plaintiffs served Defendants with their First Request for Discovery to Sponsor Defendants. A true and correct copy of the document served is attached herein as Ex. A.

3. On March 3, 2016, Plaintiffs served Defendants with additional Interrogatories entitled Plaintiffs First Set of Interrogatories. A true and correct copy of the document served is attached herein as Ex. B.

4. On March 3, 2016, Plaintiffs served Defendants their additional Requests for Production of Documents, entitled Plaintiffs' First Request for the Production of Documents ("March 3 RFP"). A true and correct copy of the document served is attached herein as Ex. C.

5. On May 4, 2016 Defendant, AuPairCare, Inc. served Answers to the March 3 RFP. A true and correct copy of the AuPairCare's Answers is attached herein as Ex. D.

6. On May 12, 2016, Defendant, Cultural Care, Inc. served on Plaintiffs their Responses to Plaintiffs' First Request for the Production of Documents.

7. On May 23, 2016 Defendant, Cultural Care, Inc. served on Plaintiffs their Supplemental Responses to Plaintiffs' First Request for the Production of Documents.

8. On May 26, 2016 Defendant, Cultural Care, Inc. served on Plaintiffs their Second Supplemental Responses to Plaintiffs' First Requests for Production. A true and correct copy of the document is attached herein as Ex. E.

9. On September 15, 2016, Plaintiffs wrote to Defendant, American Institute for Foreign Study d/b/a Au Pair in America's ("AIFS") regarding deficiencies in AIFS's Responses to Plaintiffs' First RFP and AIFS's Responses to Plaintiffs' First Interrogatories. A true and correct copy of the letter is attached herein as Ex. F.

10. On September 22, 2016, Plaintiffs wrote to Defendant, Cultural Care, Inc. regarding deficiencies in Cultural Care's discovery responses and Cultural Care's ESI proposal of September 2, 2016. A true and correct copy of the letter is attached herein as Ex. G. That same day, Plaintiffs deposed Carrie Crompton, a former employee of Defendant APF and current employee of Defendant CHI. A true and correct copy of a

portion of that Deposition is excerpted here as Ex. H.

11.     On September 26, 2016, Defendant, AIFS wrote to Plaintiffs regarding AIFS' Responses to Plaintiffs' First RFP, AIFS' Responses to Plaintiffs' First Interrogatories, and AIFS' Supplemental Responses to Plaintiffs' First RFP. A true and correct copy of the letter is attached herein as Ex. I.

12.     On September 29, 2016, Plaintiffs' counsel engaged in a telephone call with counsel for Cultural Care, during which Cultural Care's representatives refused to supply information identifying its host families and *au pairs*.

13.     In October, 2016, Plaintiffs wrote to Defendants Great AuPair, US AuPair, Expert AuPair, American Cultural Exchange, LLC; AuPairCare; Agent Au Pair, Inc.; A.P.EX. American Professional Exchange, LLC; Cultural Homestay International and Au Pair International regarding deficiencies in their responses to Plaintiff s' First RFP and Plaintiffs' First Interrogatories. Plaintiffs' counsel drafted and signed these letters with instructions to a legal assistant to send them. However, there are not copies of all of the final signed letters in counsel's files to append to this motion. Therefore, Plaintiffs cannot represent with 100% certainty that all of these letters were sent.  True and correct copies of the signed letters to Great AuPair, USA Au Pair, and Expert AuPair and unsigned letters to APEX, 20/20, Au Pair International, Agent Au Pair, Go AuPair,  and Cultural Homestay International are combined herein as Ex. J

14.     On October 11, 2016, Plaintiffs wrote to Defendant, AuPairCare regarding deficiencies in AuPairCare's Responses to Plaintiffs' First RFP and AuPairCare's Responses to Plaintiffs' First Interrogatories.  Plaintiffs' counsel drafted and signed this letter with instructions to a legal assistant to send it. However, there is no copy of the

final signed letter in counsel's files to append to this motion. Therefore Plaintiffs cannot represent with 100% certainty that the letter was sent. A true and correct copy of the unsigned letter is attached herein as Ex. K.

15. On October 19, 2016, Plaintiffs wrote to Defendant, Cultural Care, Inc. regarding Cultural Care's objections to Plaintiffs' discovery requests and the process of document collection. A true and correct copy of the letter is attached herein as Ex. L.

16. On October 24, 2016, Defendant, Cultural Care, Inc. wrote to Plaintiffs to respond to Plaintiffs' inquiries regarding document collection and the contact information of former *au pairs*. A true and correct copy of the letter is attached herein as Ex. M.

17. On December 16th, 2016, Plaintiffs' counsel engaged in a telephonic conference with Defendant Cultural Care's legal counsel.  As confirmed by letter on December 19th, the parties discussed an upcoming production by Cultural Care.  Cultural Care maintained its objection to producing au pair contact information before a conditional class has been certified.  Plaintiffs' counsel asked in its December 19th letter for confirmation that the documents in the upcoming production would include host family contact information.  A true and correct copy of the letter is attached herein as Ex. N.

18. On December 23, 2016, Defendant, Cultural Care, Inc. produced to Plaintiffs documents they determined responsive to Plaintiffs' First RFP. A true and correct copy of the letter sent to Plaintiffs informing them of the production is attached herein as Ex. O.  The production did not contain identification information for Cultural Care's *au pairs*, save some *au pairs*' first and last name, with no addresses; it did not contain identification information for cultural Care host families, and it did not contain audit information submitted by Cultural Care to the Department of State.

19. On December 30, 2016, Plaintiffs wrote to AuPairCare to confirm that further production of AuPairCare's documents would not prejudice their previously filed Motion to Compel Arbitration. Plaintiffs also reiterated Request 1 and Request 2 from Plaintiffs' First RFP. A true and correct copy of the letter is attached herein as Ex. P.

20. On December 30, 2016, Plaintiffs wrote to AIFS regarding the status of AIFS' responses to Plaintiffs' discovery requests and requesting APF's financial statements and documents relating to its organizational structure. A true and correct copy of the letter is attached herein as Ex. Q.

21. On January 5, 2017, Plaintiffs wrote to Defendant, APC to inquire if APC would produce responsive documents, including wage data for the *au pairs* or audits submitted to the State Department, by January 6, 2017. A true and correct copy of the email sent is attached herein as Ex. R.

22. On January 5, 2017, AIFS's legal counsel wrote in an e-mail to Plaintiffs' counsel that AIFS would reply to Plaintiffs' counsel's December 30, 2016 e-mail regarding the status of AIFS' responses to Plaintiffs' discovery requests "next week." A true and correct copy of that e-mail is attached herein as Ex. S. As of the signing of this Declaration, Plaintiffs' counsel has not received further reply to its December 30, 2016 letter.

23. On January 6, 2017, Defendant APF's legal counsel wrote to Plaintiffs a letter stating that APF does not have "information on what [stipend] amounts [*au pairs*] actually received if they received more [than $195.75]". A true and correct copy of that letter is attached as Exhibit T.

24. On January 6, 2017, APC's legal counsel wrote an e-mail to Plaintiffs' counsel stating that they had "reached out to our client but have not been able to discuss with them the matters you have raised. I am working on this and will get back to you as soon as I can, hopefully on Monday or Tuesday of next week." A true and correct copy of that letter is attached as Exhibit U. Plaintiffs have not received a further reply to this letter.

25. On January 6, 2017 Agent Au Pair, Go Au Pair, and Au Pair International's legal counsel wrote a letter to Plaintiff's counsel stating that they had, "objected to the production of that information [host family contact information] many months ago." A true and correct copy of that letter is attached as Exhibit V.

26. On January 6, 2017, Cultural Homestay International's legal counsel wrote an e-mail to Plaintiffs' counsel stating that Cultural Homestay International "does not intend to produce the names and contact information for all the host families it has worked with." A true and correct copy of that letter is attached as Exhibit W.

27. On January 6, 2017, EurAuPair's legal counsel wrote an e-mail to Plaintiffs' counsel stating that EurAuPair International "will not be producing documents containing host family contact information." A true and correct copy of that letter is attached as Exhibit X.

28. On January 6, 2017, GreatAuPair's legal counsel wrote an e-mail to Plaintiffs' counsel stating that they "objected to the production of that information [host family contact information] on multiple grounds several months ago." A true and correct copy of that letter is attached as Exhibit Y.

29. On January 7, 2017, Plaintiffs' counsel informed defendants by e-mail dated January 7, 2017, that Plaintiffs would be making this motion, and invited defendants to respond. A true and correct copy of that letter is attached as Exhibit Z.

30. On January 7, 2017, APEX 20/20's legal counsel wrote an email to Plaintiff's counsel stating that they "objected to the production of that [host family contact information] on multiple grounds many months ago." A true and correct copy of that letter is attached as Exhibit AA.

31. On January 9, 2017 at 9:18 AM Defendant Expert Group International Inc. d/b/a Expert AuPair submitted supplemental responses to Plaintiffs' First Requests for Production, including audit materials prepared by Expert AuPair as required by Exchange Visitor Program Regulations CFR 22 62.31 (m). A true and correct copy of that letter is attached as Exhibit BB.

32. On January 9, 2017, at 4:55 PM, counsel for Defendant Cultural Care e-mailed Plaintiffs and requested that Plaintiffs advise the Court that Cultural Care has been unable to respond to the requested relief since it was provided e-mail notification on Saturday, January 7 and its lead counsel was scheduled to begin a multi-week federal trial on January 9. A true and correct copy of that letter is attached as Exhibit CC.

33. On January 9, 2017, at 5:28 PM counsel for Defendant Apex 20/20 e-mailed Plaintiffs and the other Sponsor Defendants, and requested more time to confer with their clients about the relief requested in the proposed motion. A true and correct copy of that letter is attached as Exhibit DD.

34. To date, Plaintiffs have received incomplete disclosures from Defendants. However, the evidence Plaintiffs will use in support of an class certification expert opinion

includes, among other things, records by one Sponsor's local care coordinators which record stipends paid to some *au pairs*, publically available information, defendants' own statements that the *au pair* stipend is set at $195.75, letters written by Defendants to government institutions, standard form contracts, certain executed contracts, materials gathered from other au pairs, advertisements, some of Defendants' internal corporate materials, and various promotional materials, in addition to the fact that each of the named plaintiffs in this action received a stipend of approximately $195.75.

    I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

*[Signature]*
Dawn L. Smalls