# Ex. 1

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**


Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

Plaintiffs,
v.

INTEREXCHANGE, INC., *ET AL.*

Defendants.

---

**DECLARATION OF DAWN L. SMALLS IN SUPPORT OF PLAINTIFFS'
MOTION FOR A PROTECTIVE ORDER OR, IN THE ALTERNATIVE, AMENDMENT
OF THE SCHEDULING ORDER**

---

I, Dawn L. Smalls, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a partner with the law firm of Boies, Schiller & Flexner LLP, Co-Counsel for the Plaintiffs. I am over the age of 18. The matters stated herein are based on my personal knowledge and, if called upon to testify, I could and would testify competently thereto. I make this declaration in support of  Plaintiffs' Motion for Protective Order, or, In the Alternative, Amendment of the Scheduling Order.

2.      On March 19, 2015, Plaintiffs served Defendants with their First Request for Discovery to Sponsor Defendants.  A true and correct copy of the document served is attached herein as Ex. A.

3.      On March 3, 2016, Plaintiffs served Defendants with additional Interrogatories entitled Plaintiffs First Set of Interrogatories. A true and correct copy of the document served is attached herein as Ex. B.

4.      On March 3, 2016, Plaintiffs served Defendants their additional Requests for Production of Documents, entitled Plaintiffs' First Request for the Production of Documents ("March 3 RFP"). A true and correct copy of the document served is attached herein as Ex. C.

5.      On May 4, 2016 Defendant, AuPairCare, Inc. served Answers to the March 3 RFP.  A true and correct copy of the AuPairCare's Answers is attached herein as Ex. D.

6.      On May 12, 2016, Defendant, Cultural Care, Inc. served on Plaintiffs their Responses to Plaintiffs' First Request for the Production of Documents.

7.      On May 23, 2016 Defendant, Cultural Care, Inc. served on Plaintiffs their Supplemental Responses to Plaintiffs' First Request for the Production of Documents.

8.      On May 26, 2016 Defendant, Cultural Care, Inc. served on Plaintiffs their Second Supplemental Responses to Plaintiffs' First Requests for Production. A true and correct copy of the document is attached herein as Ex. E.

9.      On September 15, 2016, Plaintiffs wrote to Defendant, American Institute for Foreign Study d/b/a Au Pair in America's ("AIFS") regarding deficiencies in AIFS's Responses to Plaintiffs' First RFP and AIFS's Responses to Plaintiffs' First Interrogatories. A true and correct copy of the letter is attached herein as Ex. F.

10.      On September 22, 2016, Plaintiffs wrote to Defendant, Cultural Care, Inc. regarding deficiencies in Cultural Care's discovery responses and Cultural Care's ESI proposal of September 2, 2016. A true and correct copy of the letter is attached herein as Ex. G.  That same day, Plaintiffs deposed Carrie Crompton, a former employee of Defendant APF and current employee of Defendant CHI.  A true and correct copy of a

portion of that Deposition is excerpted here as Ex. H.

11.     On September 26, 2016, Defendant, AIFS wrote to Plaintiffs regarding AIFS' Responses to Plaintiffs' First RFP, AIFS' Responses to Plaintiffs' First Interrogatories, and AIFS' Supplemental Responses to Plaintiffs' First RFP. A true and correct copy of the letter is attached herein as Ex. I.

12.     On September 29, 2016, Plaintiffs' counsel engaged in a telephone call with counsel for Cultural Care, during which Cultural Care's representatives refused to supply information identifying its host families and *au pairs*.

13.     In October, 2016, Plaintiffs wrote to Defendants Great AuPair, US AuPair, Expert AuPair,  American Cultural Exchange, LLC; AuPairCare; Agent Au Pair, Inc.; A.P.EX. American Professional Exchange, LLC; Cultural Homestay International and Au Pair International regarding deficiencies in their responses to Plaintiff s' First RFP and Plaintiffs' First Interrogatories. Plaintiffs' counsel drafted and signed these letters with instructions to a legal assistant to send them. However, there are not copies of all of the final signed letters in counsel's files to append to this motion. Therefore, Plaintiffs cannot represent with 100% certainty that all of these letters were sent.  True and correct copies of the signed letters to Great AuPair, USA Au Pair, and Expert AuPair and unsigned letters to APEX, 20/20, Au Pair International, Agent Au Pair, Go AuPair,  and Cultural Homestay International are combined herein as Ex. J

14.     On October 11, 2016, Plaintiffs wrote to Defendant, AuPairCare regarding deficiencies in AuPairCare's Responses to Plaintiffs' First RFP and AuPairCare's Responses to Plaintiffs' First Interrogatories.  Plaintiffs' counsel drafted and signed this letter with instructions to a legal assistant to send it. However, there is no copy of the

final signed letter in counsel's files to append to this motion. Therefore Plaintiffs cannot represent with 100% certainty that the letter was sent. A true and correct copy of the unsigned letter is attached herein as Ex. K.

15.     On October 19, 2016, Plaintiffs wrote to Defendant, Cultural Care, Inc. regarding Cultural Care's objections to Plaintiffs' discovery requests and the process of document collection. A true and correct copy of the letter is attached herein as Ex. L.

16.     On October 24, 2016, Defendant, Cultural Care, Inc. wrote to Plaintiffs to respond to Plaintiffs' inquiries regarding document collection and the contact information of former *au pairs*. A true and correct copy of the letter is attached herein as Ex. M.

17.     On December 16th, 2016, Plaintiffs' counsel engaged in a telephonic conference with Defendant Cultural Care's legal counsel.  As confirmed by letter on December 19th, the parties discussed an upcoming production by Cultural Care.  Cultural Care maintained its objection to producing au pair contact information before a conditional class has been certified.  Plaintiffs' counsel asked in its December 19th letter for confirmation that the documents in the upcoming production would include host family contact information.  A true and correct copy of the letter is attached herein as Ex. N.

18.     On December 23, 2016, Defendant, Cultural Care, Inc. produced to Plaintiffs documents they determined responsive to Plaintiffs' First RFP. A true and correct copy of the letter sent to Plaintiffs informing them of the production is attached herein as Ex. O.  The production did not contain identification information for Cultural Care's *au pairs*, save some *au pairs*' first and last name, with no addresses; it did not contain identification information for cultural Care host families, and it did not contain audit information submitted by Cultural Care to the Department of State.

19.     On December 30, 2016, Plaintiffs wrote to AuPairCare to confirm that further production of AuPairCare's documents would not prejudice their previously filed Motion to Compel Arbitration. Plaintiffs also reiterated Request 1 and Request 2 from Plaintiffs' First RFP. A true and correct copy of the letter is attached herein as Ex. P.

20.     On December 30, 2016, Plaintiffs wrote to AIFS regarding the status of AIFS' responses to Plaintiffs' discovery requests and requesting APF's financial statements and documents relating to its organizational structure. A true and correct copy of the letter is attached herein as Ex. Q.

21.     On January 5, 2017, Plaintiffs wrote to Defendant, APC to inquire if APC would produce responsive documents, including wage data for the *au pairs* or audits submitted to the State Department, by January 6, 2017. A true and correct copy of the email sent is attached herein as Ex. R.

22.     On January 5, 2017, AIFS's legal counsel wrote in an e-mail to Plaintiffs' counsel that AIFS would reply to Plaintiffs' counsel's December 30, 2016 e-mail regarding the status of AIFS' responses to Plaintiffs' discovery requests "next week."  A true and correct copy of that e-mail is attached herein as Ex. S.  As of the signing of this Declaration, Plaintiffs' counsel has not received further reply to its December 30, 2016 letter.

23.     On January 6, 2017, Defendant APF's legal counsel wrote to Plaintiffs a letter stating that APF does not have "information on what [stipend] amounts [*au pairs*] actually received if they received more [than $195.75]".  A true and correct copy of that letter is attached as Exhibit T.

24.      On January 6, 2017, APC's legal counsel wrote an e-mail to Plaintiffs' counsel stating that they had "reached out to our client but have not been able to discuss with them the matters you have raised.  I am working on this and will get back to you as soon as I can, hopefully on Monday or Tuesday of next week."   A true and correct copy of that letter is attached as Exhibit U.  Plaintiffs have not received a further reply to this letter.

25.      On January 6, 2017 Agent Au Pair, Go Au Pair, and Au Pair International's legal counsel wrote a letter to Plaintiff's counsel stating that they had, "objected to the production of that information [host family contact information] many months ago." A true and correct copy of that letter is attached as Exhibit V.

26.      On January 6, 2017, Cultural Homestay International's legal counsel wrote an e-mail to Plaintiffs' counsel stating that Cultural Homestay International "does not intend to produce the names and contact information for all the host families it has worked with."   A true and correct copy of that letter is attached as Exhibit W.

27.      On January 6, 2017, EurAuPair's legal counsel wrote an e-mail to Plaintiffs' counsel stating that EurAuPair International "will not be producing documents containing host family contact information." A true and correct copy of that letter is attached as Exhibit X.

28.      On January 6, 2017, GreatAuPair's legal counsel wrote an e-mail to Plaintiffs' counsel stating that they "objected to the production of that information [host family contact information] on multiple grounds several months ago." A true and correct copy of that letter is attached as Exhibit Y.

29.     On January 7, 2017, Plaintiffs' counsel informed defendants by e-mail dated January 7, 2017, that Plaintiffs would be making this motion, and invited defendants to respond. A true and correct copy of that letter is attached as Exhibit Z.

30.     On January 7, 2017, APEX 20/20's legal counsel wrote an email to Plaintiff's counsel stating that they "objected to the production of that [host family contact information] on multiple grounds many months ago." A true and correct copy of that letter is attached as Exhibit AA.

31.     On January 9, 2017 at 9:18 AM Defendant Expert Group International Inc. d/b/a Expert AuPair submitted supplemental responses to Plaintiffs' First Requests for Production,  including audit materials prepared by Expert AuPair as required by Exchange Visitor Program Regulations CFR 22 62.31 (m).  A true and correct copy of that letter is attached as Exhibit BB.

32.     On January 9, 2017, at 4:55 PM, counsel for Defendant Cultural Care e-mailed Plaintiffs and requested that Plaintiffs advise the Court that Cultural Care has been unable to respond to the requested relief since it was provided e-mail notification on Saturday, January 7 and its lead counsel was scheduled to begin a multi-week federal trial on January 9.  A true and correct copy of that letter is attached as Exhibit CC.

33.     On January 9, 2017, at 5:28 PM counsel for Defendant Apex 20/20 e-mailed Plaintiffs and the other Sponsor Defendants, and requested more time to confer with their clients about the relief requested in the proposed motion.  A true and correct copy of that letter is attached as Exhibit DD.

34.      To date, Plaintiffs have received incomplete disclosures from Defendants. However, the evidence Plaintiffs will use in support of an class certification expert opinion

includes, among other things, records by one Sponsor's local care coordinators which record stipends paid to some *au pairs*, publically available information, defendants' own statements that the *au pair* stipend is set at $195.75, letters written by Defendants to government institutions, standard form contracts, certain executed contracts, materials gathered from other au pairs, advertisements, some of Defendants' internal corporate materials, and various promotional materials, in addition to the fact that each of the named plaintiffs in this action received a stipend of approximately $195.75.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Dawn L. Smalls

# Ex. A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZÁLEZ;
and those similarly situated

      Plaintiffs,
v.

PAMELA H NOONAN;
THOMAS J NOONAN;
INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

      Defendants.

_____

**PLAINTIFFS' FIRST REQUEST FOR DISCOVERY TO SPONSOR DEFENDANTS**

_____

      PLEASE TAKE NOTICE THAT, pursuant to Rules 33 and 34 of the Federal Rules of

Civil Procedure (FRCP), the above-named plaintiffs, by their attorney, hereby request that

1

Interexchange, Inc., USAuPair, Inc., Great Au Pair, LLC, Expert Group International Inc. (d/b/a/ Expert AuPair), EurAuPair Intercultural Child Care Programs, Cultural Homestay International, Cultural Care, Inc. (d/b/a Cultural Care Au Pair), Au Pair Care Inc., Au Pair International, Inc., APF Global Exchange, NFP, DBA Au Pair Foundation, American Institute for Foreign Study (d/b/a Au Pair in America), American Cultural Exchange, LLC (d/b/a/ GoAuPair), Agent Au Pair, A.P.Ex. American Professional Exchange, LLC (d/b/a Pro AuPair), and 20/20 Care Exchange, Inc. (d/b/a/ The International Au Pair Exchange) (collectively, "you" or the "sponsor Defendants"), answer under oath the following written interrogatory and respond to the following request for documents, separately and fully, in writing, within the time allotted by the FRCP.  The documents requested shall be produced on 4/23/2015 at 1535 High St., Suite 300, Denver, CO 80218 at 11am, or at such other time and place as mutually agreed upon by counsel.

PLEASE TAKE FURTHER NOTICE that you are under a duty to supplement responses pursuant to Rule 26(a) of the FRCP if you discover that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing.  Further, pursuant to Rule 26(e)(2), you are under a duty to seasonably amend responses to these discovery requests if you learn that any response given is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Plaintiff during the discovery process or in writing.

## **Definitions**

As used in these requests for production the following terms have the following meanings:

1.      The term "person" is defined as any natural person or business, legal, or governmental entity or association.

2.      The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, his officers, directors, employees, partners, corporate parent, subsidiaries, predecessors, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3.      The term "sponsor Defendants" is defined as all Defendants named in this action other than Pamela Noonan and Thomas Noonan, including Interexchange, Inc., USAuPair, Inc., Great Au Pair, LLC, Expert Group International Inc. (d/b/a/ Expert AuPair), EurAuPair Intercultural Child Care Programs, Cultural Homestay International, Cultural Care, Inc. (d/b/a Cultural Care Au Pair), Au Pair Care Inc., Au Pair International, Inc., APF Global Exchange, NFP, DBA Au Pair Foundation, American Institute for Foreign Study (d/b/a Au Pair in America), American Cultural Exchange, LLC (d/b/a/ GoAuPair), Agent Au Pair, A.P.Ex. American Professional Exchange, LLC (d/b/a Pro AuPair), and 20/20 Care Exchange, Inc. (d/b/a/ The International Au Pair Exchange).

4.      The terms "you" and "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

5.      The term "foreign agents" means any agent, whether an organization or an individual that recruits au pairs that you may sponsor as a J1 visa sponsor or otherwise facilitates the J1 visa process for au pairs that you may sponsor.

6.      The singular of each word shall be construed to include its plural and vice-versa,   and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

7.      The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

8.      The word "each" shall be construed to include "every" and vice-versa.

9.      The word "any" shall be construed to include "all" and vice-versa.

10.     The present tense shall be construed to include the past tense and vice-versa.

11.     The masculine shall be construed to include the feminine and vice-versa.

12.     The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

13.     The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

14.     The term "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise).

15.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

16.     The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in F.R.C.P. 34(a)(1)(A).  A draft of a non-identical copy is a separate document within the meaning of this term.

17.     The term "Electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in F.R.C.P. 34(a)(1)(A).

18.     The term "Record" shall encompass all "documents" and "Electronically stored information."

19.     "Identify:"

a.    When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person; and

b.    When referring to Records, "to identify" means to give, to the extent known, the (i) type of Record; (ii) general subject matter; (iii) date of the Record; and (iv) author(s), addressee(s), and recipient(s).

c.    A draft of a non-identical copy is a separate Record within the meaning of this term.

20.    The verb "sponsor" has the meaning generally used by the State Department with respect to the J-1 visa *au pair* program, including the issuance of a certificate of eligibility for exchange visitor (J-1) status on Form DS-2019 or otherwise.

21.    If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

**Instructions for Interrogatories**

1.    In answering each of these Interrogatories, please furnish all information that is available to you.

2.      Pursuant to F.R.C.P 26 and 33, each Interrogatory shall be answered separately and fully in writing under oath unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.

3.      In the event that you are unable to fully answer one or more of the following interrogatories after exercising due diligence to secure the necessary information, provide the most complete answer possible and specify the reason(s) for the inability to provide a complete response at the present time.

4.      Should a privilege be asserted with respect to any part of any discussion, document, or other communication concerning information requested by any of the following interrogatories, you must answer the Interrogatories in the manner indicated herein, except that the contents of the part deemed privileged need not be summarized; instead, indicate that a privilege is claimed for such part and state the nature of the privilege claimed and the facts upon which such claim is based in sufficient detail to permit the Court to adjudicate the validity of the privilege claim.

5.      Defendant is requested to supplement or correct his answers to these Interrogatories should Defendant later obtain information indicating answers are not complete or accurate.  See F.R.C.P. 26(e).

6.      For each Interrogatory or part of an Interrogatory that you refuse to answer on grounds of burdensomeness, explain in as much detail as possible the basis for your contention.

**Instructions for Requests for Production**

1.      If, in responding to this Request, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.      Whenever in this Request you are asked to identify or produce a Record which is deemed by you to be properly withheld from production, inspection, or copying:

  a.   If you are withholding the Record under claim of privilege (including but not limited to, the work product doctrine), please provide the information set forth in F.R.C.P. 26(b)(5), including the type of Record, the general subject matter of the Record, the date of the Record, and such other information as is sufficient to identify the Record, including, where appropriate, the author, addressee, custodian and any other recipient of the Record, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

  b.   If you are withholding the Record for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each Record and, in addition to the information requested in paragraph 2.A. above, please state the reason for withholding the Record.

3.      When a Record contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged

material.  If a privilege is asserted with regard to part of the material contained in a Record, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a Record has been redacted or altered in any fashion, identify as to each Record the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

4.      If production of any requested Record(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

5.      Plaintiffs reserve the right to request to view the original of any copy of a Record provided in response to this Request.

6.      Pursuant to FRCP 34(B)(1)(c), please produce all electronically stored information ("ESI") in its original file format as maintained in your regular course of business and in a PDF format in such a manner that the information contained in the ESI is readable or otherwise understandable without the need for a specialty computer program.

## Interrogatory

1.      **Interrogatory #1**:  **Please identify all au pairs that you have sponsored, past and present**.  For each au pair, identify the au pair's name, home address, last known contact information (e.g., email addresses, phone numbers, etc.), country of origin, date of sponsorship, duration of sponsorship, host family(ies), host family address(es), last known contact information for each host family identified (e.g., email addresses, phone numbers, etc.), duration of placement with each host family, foreign agent(s) involved in facilitating sponsorship, total fees charged to each au pair (including an itemization of what the fee was for), and total fees charged

to host family(ies) in regards to placement of identified au pair (including an itemization of what the fee was for).

## Request for Production

1.      **Request # 1.  Please produce all Records relating to au pair compensation**.  Include, but do not limit your response to, Records reflecting au pair compensation (e.g., stipends, wages, salaries, payments, benefits, or compensation of any kind), Records regarding au pairs' status as employees, and Records regarding au pairs' employment rights.  Include, but do not limit your response to, Records exchanged with or reflecting communication with au pairs, potential au pairs, host families, potential host families, the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, the International Au Pair Association, attorneys for the various other Defendants in this matter, other trade associations, any foreign agent, any previously designated J-1 visa au pair sponsor, or other sponsor Defendants.

Dated: March 19, 2015

Respectfully Submitted,

s/Alexander Hood_____
Alexander Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO  80218
Tel: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

Attorney for the Plaintiffs

## Certificate of Service

I hereby certify that on March 19, 2015 I served a true and correct copy of the foregoing on the individuals below pursuant to F.R.C.P. 5.

*Attorneys for Defendants:*

Raymond Myles Deeny
rdeeny@shermanhoward.com

Martha Louise Fitzgerald
mfitzgerald@bhfs.com

James Edward Hartley
jhartley@hollandhart.com

John Roger Mann
jmann@gordonrees.com

Lawrence Daniel Stone
lstone@duffordbrown.com

Walter Vernon Bernie Siebert
bsiebert@shermanhoward.com

Thomas Baker Quinn
tquinn@gordonrees.com

Heather Fox Vickles
hvickles@sah.com

Lawrence L. Lee
llee@laborlawyers.com

Brian Thomas Moore
bmoore@jgllp.com

Susan Penniman Klopman
sklopman@hklawllc.com

Brooke A. Colaizzi
BColaizzi@shermanhoward.com

Meshach Yustine Rhoades
rhoadesm@gtlaw.com

Kathryn A. Reilly
reilly@wtotrial.com

William James Kelly, III
wkelly@kellywalkerlaw.com

Daniel C. Perkins
dperkins@laborlawyers.com

Brian Alan Birenbach
brian@rietzlawfirm.com

Kathryn Anne Barrett
kbarrett@bhfs.com

Chanda Marie Feldkamp
cfeldkamp@kellywalkerlaw.com

Mher Hartoonian
mhartoonian@hollandhart.com

Bogdan Enica
bogdane@hotmail.com

Jeffrey Paul Allen
jallen@lawson-weitzen.com

Donald Joseph Gentile
dgentile@lawson-weitzen.com

s/ Alexander Hood
Alexander Hood
*Attorney for the Plaintiffs*

10

Ex. B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZÁLEZ;
and those similarly situated

      Plaintiffs,

v.

PAMELA H NOONAN;
THOMAS J NOONAN;
INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

      Defendants.

---

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

---

PLEASE TAKE NOTICE THAT, pursuant to Rule 33 of the Federal Rules

of Civil Procedure (FRCP), the above-named plaintiffs, by their attorney, hereby

request that Defendants Interexchange, Inc., USAuPair, Inc., Great Au Pair, LLC,

Expert Group International Inc. (d/b/a/ Expert AuPair), EurAuPair Intercultural Child Care Programs, Cultural Homestay International, Cultural Care, Inc. (d/b/a Cultural Care Au Pair), Au Pair Care Inc., Au Pair International, Inc., APF Global Exchange, NFP, DBA Au Pair Foundation, American Institute for Foreign Study (d/b/a Au Pair in America), American Cultural Exchange, LLC (d/b/a/ GoAuPair), Agent Au Pair, A.P.Ex. American Professional Exchange, LLC (d/b/a Pro AuPair), and 20/20 Care Exchange, Inc. (d/b/a/ The International Au Pair Exchange) (collectively, "you" or the "sponsor Defendants"), answer under oath the following written interrogatories separately and fully, in writing, within the time allotted by the FRCP.

PLEASE TAKE FURTHER NOTICE that you are under a duty to supplement responses pursuant to Rule 26(a) of the FRCP if you discover that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiffs during the discovery process or in writing. Further, pursuant to Rule 26(e)(2), you are under a duty to seasonably amend responses to these discovery requests if you learn that any response given is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Plaintiffs during the discovery process or in writing.

## **Definitions**

1.     The term "person" is defined as any natural person or business, legal, or governmental entity or association.

2.     The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where

applicable, his officers, directors, employees, partners, corporate parent, subsidiaries, predecessors, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3.      The term "Putative Class members" means all persons who could satisfy any one of the classes defined at paragraph 430-442 of the First Amended Complaint and includes the named plaintiffs Johana Paola Beltran; Lusapho Hlatshaneni; Beaudette Deetlefs; Dayanna Paola Cardenas Caicedo; and Alexandra Ivette González.

4.      The terms "you" and "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

5.      The term "foreign agents" means any agent, whether an organization or an individual that recruits au pairs that you may sponsor as a J1 visa sponsor or otherwise facilitates the J1 visa process for au pairs that you may sponsor.

6.      The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.  The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

7.      The word "each" shall be construed to include "every" and vice-versa.

8.      The word "any" shall be construed to include "all" and vice-versa.

9.      The present tense shall be construed to include the past tense and vice-versa.

10.     The masculine shall be construed to include the feminine and vice-versa.

11.     The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

12.     The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

13.     The term "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise).

14.     The term "Compensation" means wages paid to the au pair and does not include other benefits, such as room and board or contribution of tuition.

15.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

      a.     "Identify:" When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person; and

      b.     When referring to Records, "to identify" means to give, to the extent known, the (i) type of Record; (ii) general subject matter; (iii) date of the Record; and (iv) author(s), addressee(s), and recipient(s).

      c.     A draft of a non-identical copy is a separate Record within the meaning of this term.

4

18.   The verb "sponsor" has the meaning generally used by the State Department with respect to the J-1 visa *au pair* program, including the issuance of a certificate of eligibility for exchange visitor (J-1) status on Form DS-2019 or otherwise.

### Instructions for Interrogatories

1.   In answering each of these Interrogatories, please furnish all information that is available to you.

2.   Pursuant to F.R.C.P. 26 and 33, each Interrogatory shall be answered separately and fully in writing under oath unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.

3.   In the event that you are unable to fully answer one or more of the following interrogatories after exercising due diligence to secure the necessary information, provide the most complete answer possible and specify the reason(s) for the inability to provide a complete response at the present time.

4.   Should a privilege be asserted with respect to any part of any discussion, document, or other communication concerning information requested by any of the following interrogatories, you must answer the Interrogatories in the manner indicated herein, except that the contents of the part deemed privileged need not be summarized; instead, indicate that a privilege is claimed for such part and state the nature of the privilege claimed and the facts upon which such claim is based in sufficient detail to permit the Court to adjudicate the validity of the privilege claim.

5.   Defendant is requested to supplement or correct his answers to these Interrogatories should Defendant later obtain information indicating answers are not complete or accurate. See F.R.C.P. 26(e).

6.      For each Interrogatory or part of an Interrogatory that you refuse to answer on grounds of burdensomeness, explain the basis for your contention.

7.      The time period covered by for these Requests is January 1, 2009 to the present.

### Interrogatories

### INTERROGATORY NO. 1:

Please identify all au pairs that you have sponsored, past and present. For each au pair, identify the au pair's name, home address, last known contact information (e.g., email addresses, phone numbers, etc.), country of origin, date of sponsorship, duration of sponsorship, host family(ies), host family address(es), last known contact information for each host family identified (e.g., email addresses, phone numbers, etc.), duration of placement with each host family, foreign agent(s) involved in facilitating sponsorship, total fees charged to each au pair (including an itemization of what the fee was for), and total fees charged.

ANSWER:

### INTERROGATORY NO. 2:

Identify all steps you take to ensure that program participants satisfy all requirements as mandated by 22 C.F.R. § 62.31, including but not limited to steps you take to ensure that au pairs are not working more than 10 hours per day or 45 hours per week; are permitted required time off including paid vacation; and are completing educational requirements.

**INTERROGATORY NO. 3:**

Identify each time you have communicated to anyone that au pair in your sponsorship may be compensated more than the weekly stipend. For each responsive communication, identify the audience by name, whether an au pair, host family, government entity or other; the forum in which the communication was made; the date or, if published, range of dates the communication was viewable, and the precise communication.

**INTERROGATORY NO. 4:**

Identify all putative Class members who have been paid more than $195.75 per week. For each Putative Class member that has been paid Compensation in excess of the $195.75 weekly stipend, state how much the Putative Class member was paid and the dates of employment.

Dated: March 3, 2016

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

By:   /s/_____
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
575 Lexington Avenue
New York, NY 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 356-0011
Fax: (954) 356-0022
Smccawley@bsfllp.com
llouis@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado 80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on March 3, 2016, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

Christian Dow Hammond
chammond@duffordbrown.com

Lawrence Daniel Stone
lstone@duffordbrown.com

Lawrence L. Lee
llee@laborlawyers.com

Daniel C. Perkins
dperkins@ laborlawyers.com

Susan M. Schaecher
sschaecher@laborlawyers.com

Toren G. E. Mushovic
mushovic@wtotrial.com

Kathryn A. Reilly
reilly@wtotrial.com

Brian Alan Birenbach
brian@rietzlawfirm.com

John Roger Mann
jmann@gordonrees.com

Thomas Baker Quinn
tquinn@gordonrees.com

Jeffrey Paul Allen
jallen@lawson-weitzen.com

Donald Joseph Gentile
dgentile@lawson-weitzen.com

William Leitzsey Monts, III
william.monts@hoganlovells.com

Walter Vernon Siebert
bsiebert@shermanhoward.com

James Edward Hartley
jhartley@hollandhart.com

Mher Hartoonian
mhartoonian@hollandhart.com

Margo J. Arnold
marnold@bhfs.com

Kathryn Anne Barrett
kbarrett@bhfs.com

Martha Louise Fitzgerald
mfitzgerald@bhfs.com

Bogdan Enica
bogdane@hotmail.com

Martin Jose Estevao
mestevao@armstrongteasdale.com

Meshach Yustine Rhoades
rhoadesm@armstrongteasdale.com

Brooke A. Colaizzi
BColaizzi@shermanhoward.com

Raymond Myles Deeny
rdeeny@shermanhoward.com

Erica Lynn Herrera
eherrera@shermanhoward.com

Heather Fox Vickles
hvickles@shermanhoward.com

Chanda Marie Feldkamp
cfeldkamp@kellywalkerlaw.com

William James Kelly, III
wkelly@kellywalkerlaw.com


  /s/  Matthew L. Schwartz
Matthew L. Schwartz

Ex. C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**


Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

     Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

     Defendants.


**PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

     Pursuant to Fed. R. Civ. P. 34, Plaintiffs, by and through their undersigned attorneys, hereby request that Defendants produce the documents and things designated herein for inspection at the offices of Boies, Schiller & Flexner LLP, 401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, Florida 33301 within the time provided under the Federal Rules of Civil Procedure. This request for documents shall be read and interpreted in accordance with the definitions and instructions identified below.

**DEFINITIONS AND INSTRUCTIONS**

     Plaintiffs incorporate by reference all the instructions, definitions and rules contained in the Federal Rules of Civil Procedure, as well as the applicable instructions and for purposes of this request for production, the following instructions and definitions shall apply:

## DEFINITIONS AND INSTRUCTIONS

1.       The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, his officers, directors, agents, employees, partners, corporate parent, subsidiaries, predecessors, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.       The term "Putative Class members" means all persons who could satisfy any one of the classes defined at paragraph 430-442 of the First Amended Complaint and includes the named plaintiffs Johana Paola Beltran; Lusapho Hlatshaneni; Beaudette Deetlefs; Dayanna Paola Cardenas Caicedo; and Alexandra Ivette González.

3.       The terms "you" and "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

4.       The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.  The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

5.       The word "each" shall be construed to include "every" and vice-versa.

6.       The word "any" shall be construed to include "all" and vice-versa.

7.       The present tense shall be construed to include the past tense and vice-versa.

8.      The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

9.      The term "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise).

10.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

11.     The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in F.R.C.P. 34(a)(1)(A). A draft of a nonidentical copy is a separate document within the meaning of this term.

12.     The term "Electronically stored information" or ESI is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in F.R.C.P. 34(a)(1)(A).

13.     The term "Record" shall encompass all "documents" and "Electronically stored information."

      a.  "Identify:" When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address and e-mail address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person; and

b. When referring to Records, "to identify" means to give, to the extent known, the (i) type of Record; (ii) general subject matter; (iii) date of the Record; and (iv) author(s), addressee(s), and recipient(s).

c. A draft of a non-identical copy is a separate Record within the meaning of this term.

14. The verb "sponsor" has the meaning generally used by the State Department with respect to the J-1 visa *au pair* program, including the issuance of a certificate of eligibility for exchange visitor (J-1) status on Form DS-2019 or otherwise.

15. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

16. The time period covered by for these Requests is from January 1, 2009 to the present.  Plaintiffs reserve the right to broaden this date restriction, consistent with the Case Management Order to be entered by the Court, without serving a new request for the broader date range.

## DOCUMENTS REQUESTED

**Document Request No. 1**

Documents sufficient to identify all au pair you have sponsored, including the period of sponsorship, the state in which each au pair worked, and the family for whom each au pair worked.

**Document Request No. 2**

Documents concerning au pair compensation.

**Document Request No. 3**

Documents concerning any other sponsor's rate of au pair compensation.

**Document Request No. 4**

Documents concerning any meetings between you and any other sponsor.

**Document Request No. 5**

Correspondence with or about any other defendant in this lawsuit.

**Document Request No. 6**

Documents concerning agreements, contractual or otherwise, entered into between or among defendants.

**Document Request No. 7**

Correspondence with any Putative Class member in this lawsuit, including contracts executed by or provided to such class member.

**Document Request No. 8**

Contracts between defendants and host families relating to the Putative Class members.

**Document Request No. 9**

Any document relating to any named plaintiff in this case, excluding filed pleadings in this lawsuit.

**Document Request No. 10**

Time records sufficient to show the actual number of hours worked by the putative class members.

**Document Request No. 11**

Documents supporting defendants' claim that the government has mandated a uniform wage.

**Document Request No. 12**

Documents concerning statements you have made to host families regarding compensation to au pair.

**Document Request No. 13**

Documents concerning statements you have made to host families regarding the number of hours au pair may be required to work.

**Document Request No. 14**

Documents concerning or constituting complaints from au pair about an au pair's compensation or work schedule, including but not limited to complaints that the au pair was working more than ten hours per day or 45 hours per week; that the au pair's work schedule prevented the au pair from attending school; that the au pair was not permitted days off or vacation time; or that the au pair was required to be "on call" for the host family.  This Request includes responses made to au pairs and any discussion about the complaint(s).

**Document Request No. 15**

Communications concerning au pair compensation between you and any government entity or nongovernment entity representing au pairs, including but not limited to the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association.

**Document Request No. 16**

Your audited or unaudited financial statements, including documents sufficient to show your annual revenue and income derived from participating in the au pair program during each year in which you have participated in the program.

**Document Request No. 17**

Documents sufficient to show your corporate structure, including your internal reporting lines as well as the existence of parent companies, affiliates and subsidiaries, including but not limited to organizational charts.

 **Document Request No. 18**

Documents sufficient to identify your employees, including names, titles and reporting lines.

**Document Request No. 19**

All advertisements intended to reach potential au pairs concerning compensation, including all prior versions of your website.

**Document Request No. 20**

Documents concerning training provided to au pairs.

Dated: March 3, 2016

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

By:     /s/_____
        Matthew L. Schwartz
        Peter M. Skinner
        Randall W. Jackson
        575 Lexington Avenue
        New York, NY 10022
        Tel: (212) 446-2300
        Fax: (212) 446-2350
        mlschwartz@bsfllp.com
        pskinner@bsfllp.com
        rjackson@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 356-0011
Fax: (954) 356-0022
Smccawley@bsfllp.com
llouis@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado 80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

## Certificate of Service

I hereby certify that on March 3, 2016, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

Christian Dow Hammond
chammond@duffordbrown.com

Lawrence L. Lee
llee@laborlawyers.com

Susan M. Schaecher
sschaecher@laborlawyers.com

Kathryn A. Reilly
reilly@wtotrial.com

John Roger Mann
jmann@gordonrees.com

Jeffrey Paul Allen
jallen@lawson-weitzen.com

William Leitzsey Monts, III
william.monts@hoganlovells.com

James Edward Hartley
jhartley@hollandhart.com

Margo J. Arnold
marnold@bhfs.com

Martha Louise Fitzgerald
mfitzgerald@bhfs.com

Martin Jose Estevao
mestevao@armstrongteasdale.com

Brooke A. Colaizzi
BColaizzi@shermanhoward.com

Erica Lynn Herrera
eherrera@shermanhoward.com

Lawrence Daniel Stone
lstone@duffordbrown.com

Daniel C. Perkins
dperkins@ laborlawyers.com

Toren G. E. Mushovic
mushovic@wtotrial.com

Brian Alan Birenbach
brian@rietzlawfirm.com

Thomas Baker Quinn
tquinn@gordonrees.com

Donald Joseph Gentile
dgentile@lawson-weitzen.com

Walter Vernon Siebert
bsiebert@shermanhoward.com

Mher Hartoonian
mhartoonian@hollandhart.com

Kathryn Anne Barrett
kbarrett@bhfs.com

Bogdan Enica
bogdane@hotmail.com

Meshach Yustine Rhoades
rhoadesm@armstrongteasdale.com

Raymond Myles Deeny
rdeeny@shermanhoward.com

Heather Fox Vickles
hvickles@shermanhoward.com

Chanda Marie Feldkamp
cfeldkamp@kellywalkerlaw.com

William James Kelly, III
wkelly@kellywalkerlaw.com

 /s/  Matthew L. Schwartz
Matthew L. Schwartz

Ex. D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

      Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

      Defendants.

_____

## DEFENDANT AUPAIRCARE, INC.'S ANSWERS
## TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION
_____

      Defendant AuPairCare, Inc. ("Defendant," "AuPairCare" or "Responding Party"), by counsel, Gordon & Rees LLP, submits the following response to Plaintiffs' First Requests for Production of Documents pursuant to Fed.R.Civ.P. 34:

## GENERAL OBJECTIONS

      Defendant makes the following general objections, to which each of the

responses set forth below is subject:

A.     Defendant objects to these requests on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.  <u>AuPairCare expressly reserves the right to move to dismiss this action and/or compel arbitration.  Nothing in these responses or objections may be deemed a waiver of that right.</u>

B.     Defendant objects to Plaintiffs' instructions to the extent they require acts inconsistent with the Federal Rules of Civil Procedure or the Local Rules of this Court.

C.     Defendant objects to Plaintiffs' requests for production to the extent they improperly seek class-wide merits or damages discovery before any class or collective action has been certified or any motion for certification filed.  At present, the only plaintiffs in this case are the named Plaintiffs.  In particular but without limitation, Defendant objects to requests seeking the identity of and private and confidential information concerning putative class members prior to class certification.

D.     Defendant generally objects to Plaintiffs' requests for production of documents to the extent that Plaintiff seeks financial information and documents.  Evidence of a defendant's financial status is not discoverable.  Absent relevancy and a compelling need, a party may not obtain a defendant's financial records through discovery.  *See Bonanno v. Quizno's Franchise Co. LLC*, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (*citing Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159

(Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta v. Albertson's, Inc.,* 975 P.2d 718, 721 n.4, 723 (Colo. 1999); s*ee also Leidholt v. Dist. Ct.*, 619 P.2d 768, 770 (Colo. 1980); *Packard v. Moore*, 71 P.2d 922 (Cal. 1937); *Baggett v. Davis*, 169 So. 372 (Fla. 1936); *Laidlaw v. Sage*, 52 N.E. 679 (N.Y. 1899); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).

E.     Defendant objects to Plaintiffs' requests for production to the extent they seek information pertaining to claims in the First Amended Complaint that are not brought against Defendant.

F.     Defendant objects to Plaintiffs' requests for production to the extent they require production of attorney-client or work product privileged information. Defendant's production of such privileged materials is unintentional and inadvertent. Defendant requests that Plaintiff immediately return to Defendant all documents that appear to be subject to the attorney-client privilege or work product doctrine.

G.     Defendant objects to Plaintiffs' requests for production to the extent they would require production of Defendant's proprietary business information or trade secrets.

H.     Defendant objects to Plaintiffs' requests for production to the extent they would require production of documents and things that are not in Defendant's possession, custody, or control.

I.     Defendant objects to Plaintiffs' requests for production to the extent they seek information that violates the privacy rights of non-parties.

J.     A response that Defendant "will produce" responsive documents means

that if such documents exist, are within Defendant's possession, custody and control, and are not privileged, they will be produced subject to the Court's protective order.

K.      Defendant objects to Plaintiffs' requests for production to the extent they are irrelevant and reserves all rights and objections with respect to relevance, materiality and admissibility.

L.      Defendant objects to Plaintiffs' requests for production pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not proportional to the needs of the case or seek information that is not proportional to the needs of the case.

M.      Defendant objects to Plaintiffs' requests for production insofar as they seek production of documents prior to the entry of an appropriate protective order. Defendant's production of documents shall be subject to that protective order.

N.      Defendant reserves the right to supplement its responses as additional information and things are discovered, if any.

## RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to identify all au pairs you have sponsored, including the period of sponsorship, the state in which each au pair worked, and the family for whom each au pair worked.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs.  Defendant further objects to this request for production on the grounds it is overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint and unduly burdensome.  Defendant further objects to this request on the grounds it seeks documents that are not relevant to any issue at this phase of the case,  it seeks information that is not proportional to the needs of the case, it is not reasonably calculated to lead to the discovery of relevant or admissible evidence and is compound and contains multiple sub-parts.  Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to AuPairCare.

**REQUEST FOR PRODUCTION NO. 2:** Documents concerning au pair compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At

- 5 -

present, the only parties as to whom documents are properly discoverable are the named Plaintiffs.  Defendant AuPairCare objects to this request for production on the ground that it is vague and ambiguous, overbroad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint and is unduly burdensome. Defendant further objects to this request for production on the grounds that it seeks documents that are subject to AuPairCare's privacy policy, that it seeks information that is not proportional to the needs of the case, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to AuPairCare.  Subject to and without waiving these objections, Defendant will produce documents responsive to this request following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 3:** Documents concerning any other sponsor's rate of au pair compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request on the grounds that alleged any disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Subject to and without waiving this objection, Defendant does not possess documents responsive to this request.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 4:** Documents concerning any meetings between

you and any other sponsor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this request on the grounds that alleged any disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

**REQUEST FOR PRODUCTION NO. 5:** Correspondence with or about any other defendant in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds that it seeks documents and information subject to the joint defense privilege, attorney-client privilege and/or work product doctrine. Defendant further objects to this request for

production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant further objects to this request insofar as it seeks information protected from disclosure by the joint defense privilege.

**REQUEST FOR PRODUCTION NO. 6:** Documents concerning agreements, contractual or otherwise, entered into between or among defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Defendant further objects to this request for production on the grounds it seeks documents and information that are protected by the attorney-client and attorney work

product privileges, and by a joint defense agreement between the parties and their counsel.  Subject to and without waiving these objections, Defendant responds that it does not possess non-privileged documents responsive to this request.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 7:** Correspondence with any Putative Class member in this lawsuit, including contracts executed by or provided to such class member.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.  AuPairCare expressly reserves the right to dismiss this action and/or move to compel arbitration.  Nothing in these responses or objections may be deemed a waiver of that right.

Defendant further objects to this request on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At present, the only parties to whom documents are properly discoverable are the named Plaintiffs.  Defendant objects to this request for production on the ground that it is overly broad, is not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, and is unduly burdensome.  Defendant further objects to this request for production on the grounds that it seeks documents that are subject to AuPairCare's privacy policy, documents that are not relevant to any issue in the case or

reasonably calculated to lead to the discovery of admissible evidence and seeks information not proportional to the needs of the case.  Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to AuPairCare.  Subject to and without waiving these objections, following the entry of a suitable protective order, Defendant will produce sample form contracts between it and au pair sponsor candidates.

**REQUEST FOR PRODUCTION NO. 8:** Contracts between defendants and host families relating to the Putative Class members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs.  Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the

discovery of relevant or admissible evidence.  Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to AuPairCare.  Subject to and without waiving these objections, upon entry of a suitable protective order, Defendant will produce exemplars of contracts between Defendant and host families.

**REQUEST FOR PRODUCTION NO. 9:** Any document relating to any named plaintiff in this case, excluding filed pleadings in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Subject to and without waiving this objection, Defendant responds that it does not possess any documents responsive to this request.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 10:** Time records sufficient to show the actual number of hours worked by the putative class members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request on the grounds it improperly seeks

class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs.  Defendant further objects to this request on the grounds that it pertains to claims or causes of action in the First Amended Complaint that are not asserted against Defendant.  Defendant further objects to this request on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to AuPairCare.

**REQUEST FOR PRODUCTION NO. 11:** Documents supporting defendants' claim that the government has mandated a uniform wage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**   Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.   Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Without waving these objections, Defendant responds that it does not claim that the government has mandated a uniform wage.  It possesses no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:** Documents concerning statements you have made to host families regarding compensation to au pair [sic].

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed. At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs. Defendant objects to this request on the grounds it is vague, is overbroad, is not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, and is unduly burdensome. Defendant further objects to this request on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to AuPairCare. Subject to and without waiving these objections, Defendant will produce documents responsive to this request following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 13:**  Documents concerning statements you have made to host families regarding the number of hours au pairs may be required to work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request insofar as it pertains to claims or causes of action in the First Amended Complaint that are not asserted against Defendant. Defendant further objects to this request on the grounds it is overly broad, is not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, and is unduly burdensome.  Defendant further objects to this request on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Subject to and without waiving these objections, Defendant will produce documents responsive to this request following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 14:** Documents concerning or constituting complaints from au pairs about an au pair's compensation or work schedule, including but not limited to complaints that the au pair was working more than ten hours per day or 45

hours per week; that the au pair's work schedule prevented the au pair from attending school; that the au pair was not permitted days off or vacation time; or that the au pair was required to be "on call" for the host family.  This Request includes responses made to au pairs and any discussion about the complaint(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs.  Defendant further objects to this request on the grounds it seeks information and documents pertaining to claims and causes of action, including FLSA and state law wage and hour claims, that are not brought against Defendant.

**REQUEST FOR PRODUCTION NO. 15:** Communications concerning au pair compensation between you and any government entity or nongovernment entity representing au pairs, including but not limited to the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this  request on the ground that the government and nongovernment entities identified in the Request—the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association—do not "represent" au pairs. Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not pro-portional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant further objects to this request for production to the extent that it calls for production of documents that are matters of public record and which are therefore available to Plaintiffs from the government agency with which they were filed.   Subject to and without waiving these objections, Defendant will produce documents responsive to this request following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 16:** Your audited or unaudited financial state-ments, including documents sufficient to show your annual revenue and income derived from participating in the au pair program during each year in which you have partici-

pated in the program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant further objects to this request on the grounds it seeks documents and information that are proprietary and confidential to Defendant and in the nature of a trade secret.

Defendant further objects to Plaintiffs' Requests for Production of Documents to the extent that Plaintiff seeks financial information and documents.  Evidence of a defendant's financial status is not discoverable.  Absent a compelling need, a party may not obtain a defendant's financial records through discovery.  *See Bonanno v. Quizno's Franchise Co. LLC*, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (*citing Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159 (Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta v. Albertson's, Inc.,* 975 P.2d 718, 721 n.4, 723 (Colo. 1999); s*ee also Leidholt v. Dist. Ct.*, 619 P.2d 768, 770 (Colo. 1980);

*Packard v. Moore*, 71 P.2d 922 (Cal. 1937); *Baggett v. Davis*, 169 So. 372 (Fla. 1936); *Laidlaw v. Sage*, 52 N.E. 679 (N.Y. 1899); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to show your corporate structure, including your internal reporting lines as well as the existence of parent companies, affiliates and subsidiaries, including but not limited to organizational charts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds that it is vague and ambiguous, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant further objects to this request for production on the ground that it seeks documents and information that are proprietary and confidential to Defendant.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to identify your employees, including names, titles and reporting lines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**  Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has

sponsored are subject to mandatory arbitration provisions.   Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not pro- portional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant further objects to this request on the ground it seeks documents and information that are proprietary and confidential to Defendant.  Subject to and without waiving these objections, Defendant will produce documents responsive to this request following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 19:** All advertisements intended to reach potential au pairs concerning compensation, including all prior versions of your website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.   Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds it is vague and ambiguous with respect to the phrase "intended to reach potential au pairs concerning compensation," it is overly broad,  not reasonably limited in time to the facts

- 19 -

and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case, and seeks documents that are neither  relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Subject to and without waiving these objections, Defendant will produce responsive documents following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 20:** Documents concerning training provided to au pairs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request insofar as it pertains to claims or causes of action in the First Amended Complaint that are not asserted against Defendant. Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not pro-portional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

DATED this 4th day of May, 2016.

*s/Peggy Kozal*
Thomas B. Quinn
Peggy Kozal
GORDON & REES LLP
555 17th Street, Suite 3400
Denver, Colorado 80202
Tel: 303-534-5160
tquinn@gordonrees.com
pkozal@gordonrees.com

-and-

Brian P. Maschler
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94579
Tel: 415-875-3127
bmaschler@gordonrees.com

*Attorneys for Defendant*
*AuPairCare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2016, I served the foregoing Defendant AuPairCare, Inc.'s Answers to Plaintiffs' First Requests For Production via email and regular U.S. Mail on all counsel of record as follows:

| | |
|---|---|
| *Attorneys for Plaintiffs:* <br><br> *Alexandra Ivette Gonzalez* <br> *Beaudette Deetlefs* <br> *Dayanna Paola Cardenas Caicedo* <br> *Johana Paola Beltran* <br> *Lusapho Hlatshaneni* | Alexander N. Hood <br> Towards Justice-Denver <br> Suite 300 <br> 1535 High Street <br> Denver, CO 80218 <br> alex@towardsjustice.org <br><br> -and- <br><br> Randall W. Jackson <br> Matthew L. Schwartz <br> Peter M. Skinner <br> Boies Schiller & Flexner, LLP-New York <br> 7th Floor <br> 575 Lexington Avenue <br> New York, NY 10022 |

| | rjackson@bsfllp.com<br>mlschwartz@bsfllp.com<br>pskinner@bsfllp.com<br><br>-and-<br><br>Sigrid S. McCawley<br>Lauren F. Louis<br>Boies Schiller & Flexner, LLP-Ft. Lauderdale<br>Suite 1200<br>401 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>smccawley@bsfllp.com<br>llouis@bsfllp.com |
|---|---|
| *Attorneys for Defendants:*<br><br>*20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange*<br>*-and-*<br>*A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair* | Lawrence D. Stone<br>Christian D. Hammond<br>Dufford & Brown, P.C.<br>Suite 2100<br>1700 Broadway<br>Denver, CO 80290-2101<br>lstone@duffordbrown.com<br>chammond@duffordbrown.com |
| *Attorneys for Defendants:*<br><br>*Agent Au Pair, Inc.*<br>*-and-*<br>*American Cultural Exchange, LLC d/b/a GoAuPair*<br>*-and-*<br>*Au Pair International, Inc.* | Kathryn A. Reilly<br>Wheeler Trigg O'Donnell, LLP<br>Suite 4500<br>370 17th Street<br>Denver, CO 80202-5647<br>reilly@wtotrial.com |
| *Attorneys for Defendants:*<br><br>*APF Global Exchange, NFP d/b/a Aupair Foundation*<br>*-and-*<br>*American Institute for Foreign Study d/b/a Au Pair in America* | Lawrence L. Lee<br>Susan M. Schaecher<br>Fisher & Phillips LLP<br>Suite 2700<br>1801 California Street<br>Denver, CO 80202<br>llee@laborlawyers.com<br>sschaecher@laborlawyers.com |
| *Attorneys for Defendants:*<br><br>*Au Pair International, Inc.*<br>*-and-*<br>*American Cultural Exchange, LLC d/b/a GoAuPair* | Brian Alan Birenbach<br>Rietz Law Firm, LLC<br>Suite 301<br>114 Village Place<br>Dillon, CO 80435 |

| | brian@rietzlawfirm.com |
|---|---|
| *Attorneys for Defendant:*<br><br>*Cultural Care, Inc.* | Jeffrey Paul Allen<br>Donald J. Gentile<br>Lawson & Weitzen, LLP<br>Suite 345<br>88 Black Falcon Avenue<br>Boston, MA 02210<br>jallen@lawson-weitzen.com<br>dgentile@lawson-weitzen.com<br><br>-and-<br><br>Walter V. Siebert<br>Sherman & Howard L.L.C.<br>Suite 3000<br>633 17th Street<br>Denver, CO 80202<br>bsiebert@shermanhoward.com<br><br>-and-<br><br>William L. Monts III<br>Hogan Lovells US LLP<br>Suite 1300<br>555 Thirteenth St., N.W.<br>Washington, CO 20004-1109<br>William.monts@hoganlovells.com |
| *Attorneys for Defendant:*<br><br>*Cultural Homestay International* | Adam A. Hubbard<br>Holland & Hart LLP<br>Suite 300<br>1800 Broadway<br>Boulder, CO 80302<br>aahubbard@hollandhart.com<br><br>James E. Hartley<br>Holland & Hart, LLP<br>Suite 3200<br>555 17th Street<br>Denver, CO 80202<br>jhartley@hollandhart.com |
| *Attorneys for Defendant:*<br><br>*EurAupair Intercultural Child Care Programs* | David B. Meschke<br>Martha L. Fitzgerald<br>Brownstein Hyatt Farber Schreck, LLP<br>Suite 2200<br>410 17th Street<br>Denver, CO 80202 |

| | dmeschke@bhfs.com |
| | mfitzgerald@bhfs.com |
| | |
| | -and- |
| | |
| | Margo J. Arnold |
| | Brownstein Hyatt Farber Schreck, LLP |
| | Suite 3550 |
| | 2049 Century Park East |
| | Los Angeles, CA 90067 |
| | marnold@bhfs.com |
| Attorney for Defendant: Expert Group International, Inc. | Bogdan Enica Bogdan Enica, Attorney at Law Suite 213 111 2nd Avenue NE St. Petersburg, FL 33701-3440 bogdane@hotmail.com |
| Attorneys for Defendant: Great AuPair, LLC | Meshach Y. Rhoades Martin J. Estevao Armstrong Teasdale LLP Suite 800 4643 S. Ulster Street Denver, CO 80237 mrhoades@armstrongteasdale.com mestevao@armstrongteasdale.com |
| Attorneys for Defendant: InterExchange, Inc. | Heather Fox Vickles Brooke A. Colaizzi Raymond M. Deeny Sherman & Howard, LLC Suite 3000 633 17th Street Denver, CO 80202 hvickles@shermanhoward.com bcolaizzi@shermanhoward.com rdeeny@shermanhoward.com |
| Attorneys for Defendant: USAuPair, Inc. | William J. Kelly, III Chandra M. Feldkamp Kelly & Walker LLC Suite 200 1512 Larimer Street Denver, CO 80202 wkelly@kellywalkerlaw.com cfeldkamp@kellywalkerlaw.com |

_/s/Lisa M. Riggenbach_

Ex. E

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No.  1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.,*

Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.,*

Defendants.

---

## DEFENDANT CULTURAL CARE, INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

---

Pursuant to Fed. R. Civ. P. 34, Defendant Cultural Care, Inc. ("Defendant") submits the following responses to Plaintiffs' First Requests for the Production of Documents:

## GENERAL OBJECTIONS

Defendant makes the following general objections, to which each of the responses set forth below is subject:

A.    Defendant objects to Plaintiffs' instructions to the extent they require acts inconsistent with the Federal Rules of Civil Procedure or the Local Rules of this Court.

B.    Defendant objects to Plaintiffs' requests to the extent they improperly seek class-wide merits or damages discovery before any class or collective action has been certified or any motion for certification filed.  At present, the only plaintiffs in this case

are the named Plaintiffs.  In particular but without limitation, Defendant objects to requests seeking the identity of and private and confidential information concerning putative class members prior to class certification.

C.    Defendant objects to Plaintiffs' requests to the extent they seek information pertaining to claims in the First Amended Complaint that are not brought against Defendant.

D.    Defendant objects to Plaintiffs' requests to the extent they require production of attorney-client or work-product privileged information.  Defendant's production of such privileged materials is unintentional and inadvertent.  Defendant requests that Plaintiff immediately return to Defendant all documents that appear to be subject to the attorney-client privilege or work product doctrine.

E.    Defendant objects to Plaintiffs' requests to the extent they would require production of Defendant's proprietary business information or trade secrets.

F.    Defendant objects to Plaintiffs' requests to the extent they would require production of documents and things that are not in Defendant's possession, custody, or control.

G.    Defendant objects to Plaintiffs' requests to the extent they seek information that violates the privacy rights of non-parties.

H.    A response that Defendant "will produce" responsive documents means that if such documents exist, are within Defendant's possession, custody and control, and are not privileged, they will be produced subject to the Court's protective order.

I.    Defendant objects to Plaintiffs' requests for production to the extent

they are irrelevant and reserve all rights and objections with respect to relevance, materiality and admissibility.

J.      Defendant objects to Plaintiffs' requests pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not proportional to the needs of the case or seek information that is not proportional to the needs of the case.

K.      Defendant reserves the right to supplement its responses as additional information and things are discovered, if any.

## RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to identify all au pairs you have sponsored, including the period of sponsorship, the state in which each au pair worked, and the family for whom each au pair worked.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this request on the grounds that it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is overly broad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, unduly burdensome, and seeks information that violates the privacy rights of non-parties.  Defendant further objects to this request on the grounds that it seeks documents that are not relevant to any issue at this phase of the case, it seeks inform-ation that is not proportional to the needs of the case, it is not reasonably calculated to lead to the discovery of relevant or admissible evidence and is compound and contains multiple sub-parts.  Defendant further objects to this request on the grounds that it

seeks information that is proprietary and confidential to Defendant. The defendant has been sponsoring au pairs for over twenty-five years and the majority of these au pair are by the operation of law not relevant to this lawsuit and thus the time frame suggested by this request is inappropriate.

Subject to and without waiving these objections and the general objections, Defendant provides the following response:  Any documents provided in response to this request will be produced subject to the protective order regarding confidentiality entered by the Court and will be marked "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  In regard to au pairs whose service occurred within the most liberal applicable statute of limitations under FLSA without agreeing that is the appropriate statute of limitations and expressly denying the same, the requested documents will be made available at the time of conditional certification.  If the parties agree to the appropriate use of the information prior to conditional certification, the documents will be made available earlier.  At the time that the identities of the individuals "opting in" to the FLSA action are known, all pertinent documents regarding the host families corresponding to those au pairs will be produced.  All remaining au pairs whose service falls within the applicable statute of limitations for the antitrust claims will be identified at the time that the Court certifies that proposed class.

**REQUEST FOR PRODUCTION NO. 2:** Documents concerning au pair compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this request on the grounds that it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or

otherwise, and before any motion for certification has been filed.  At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs. Defendant objects to this request on the ground that it is vague and ambiguous, overbroad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint and is unduly burdensome. Defendant further objects to this request on the grounds that it seeks documents that are subject to Defendant's privacy policy, that it seeks information that is not proportional to the needs of the case, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to Defendant.

Subject to and without waiving these objections and the general objections, Defendant will produce (1) documents sufficient to show Cultural Care's standard forms; (2) advertisements; and (3) Department of State guidance relating to au pair compensation. Defendant's internal documents will be produced subject to the protective order.  Defendant, in consultation with a third party consultant, is in the process of collecting such electronically stored information. Cultural Care produces the following documents as Bates Number CC 001-008, 009-016, 017-024, 025-032, 033-034, 035-039, 040-048, 049-120, 121-1136. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 3:** Documents concerning any other sponsor's rate of au pair compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request on the grounds that it is overbroad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, is unduly burdensome, and seeks information that is proprietary and confidential to the Defendant.

Subject to and without waiving these objections and the general objections, Defendant will provide responsive information after the parties confer and reach an agreement regarding the search and production of electronically stored information. Defendant's internal documents will be produced subject to the protective order.

**REQUEST FOR PRODUCTION NO. 4:** Documents concerning any meetings between you and any other sponsor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Subject to and without waiving these objections and the general objections, Defendant will provide responsive after the parties confer and reach an agreement regarding the search and production of electronically stored information. Defendant's internal documents will be produced subject to the protective order.

**REQUEST FOR PRODUCTION NO. 5:** Correspondence with or about any other defendant in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this request on the grounds that it seeks documents and information subject to the joint defense privilege, attorney-client privilege and/or work product doctrine. Defendant further objects to this request on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not pro-portional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and seeks information that is proprietary and confidential to Defendant.

**REQUEST FOR PRODUCTION NO. 6:** Documents concerning agreements, contractual or otherwise, entered into between or among defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this request on the grounds that it seeks documents and information that are protected by the attorney-client and attorney work product privileges, and by a joint defense agreement between the parties and their counsel. Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor

reasonably calculated to lead to the discovery of relevant or admissible evidence.

Subject to and without waiving these objections and the general objections, Defendant is in possession of no documents regarding an agreement between Defendant and another sponsor except a document between counsel regarding the defense of this case which is clearly outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 7:** Correspondence with any Putative Class member in this lawsuit, including contracts executed by or provided to such class member.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request on the grounds that it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At present, the only parties to whom documents are properly discoverable are the named Plaintiffs. Defendant objects to this request on the ground that it is overbroad, is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, and is unduly burdensome.  Defendant further objects to this request on the grounds that it seeks documents that are subject to Defendant's privacy policy, documents that are not relevant to any issue in the case or reasonably calculated to lead to the discovery of admissible evidence and seeks information not proportional to the needs of the case. Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to Defendant.

Subject to and without waiving these objections and the general objections, Defendant will provide responsive information subject to the protective order after the

parties confer and reach an agreement regarding the search and production of electronically stored information. Defendant has no contracts with any au pair.

**REQUEST FOR PRODUCTION NO. 8:** Contracts between defendants and host families relating to the Putative Class members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request on the grounds that it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs. Defendant further objects to this request on the grounds that it is overly broad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case, seeks information that violates the privacy rights of non-parties, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to Defendant.

Subject to and without waiving these objections and the general objections, Defendant will provide sample contracts between Defendant and host families subject to the protective order. Cultural Care produces the following documents as Bates Number CC 121-154, 159-161, 292-300, 456-492, 534-569, 679-686, 689-699, 780-810, 914-933, 944-963, 1123-1132. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 9:** Any document relating to any named plaintiff in this case, excluding filed pleadings in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and seeks information subject to attorney-client and/or work-product privilege.

**REQUEST FOR PRODUCTION NO. 10:** Time records sufficient to show the actual number of hours worked by the putative class members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request on the grounds that it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs.

Subject to and without waiving these objections and the general objections, Defendant possesses no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:** Documents supporting defendants' claim that the government has mandated a uniform wage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this request to the extent it seeks information that is publicly available and equally accessible to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 12:** Documents concerning statements you have made to host families regarding compensation to au pairs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request on the grounds that it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs. Defendant objects to this request on the grounds that it is vague, is overbroad, is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, is unduly burdensome, and seeks information that is not proportional to the needs of the case.

Subject to and without waiving these objections and the general objections, Defendant provides the following response:   Defendant will provide responsive information subject to the protective order after the parties confer and reach an agreement regarding the search and production of electronically stored information. Defendant will also produce marketing materials and informational documents sufficient to show the statement of policy and of this practice. Cultural Care produces the following documents as Bates Number CC 001-008, 009-016, 017-024, 025-032, 033-034, 035-039, 040-048, 049-120, 155-156, 162-291, 301-455, 493-533, 570-678, 700-779, 811-913, 934-943, 964-1120. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 13:**  Documents concerning statements you have made to host families regarding the number of hours au pairs may be required to work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request on the grounds that it improperly seeks class-

wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs. Defendant objects to this request on the grounds that it is vague, is overbroad, is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, is unduly burdensome, and seeks information that is not proportional to the needs of the case.

Subject to and without waiving these objections and the general objections, Defendant will provide responsive information subject to the protective order after the parties confer and reach an agreement regarding the search and production of electronically stored information and will produce sample host family agreement and other materials for relevant years. Cultural Care produces the following documents as Bates Number CC 001-008, 009-016, 017-024, 025-032, 033-034, 035-039, 040-048, 049-120, 149-156, 162-291, 298-455, 490-533, 547-549, 570-678, 688-689, 700-779, 787-790, 811-913, 929-931, 934-943, 964-1120. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 14:** Documents concerning or constituting complaints from au pairs about an au pair's compensation or work schedule, including but not limited to complaints that the au pair was working more than ten hours per day or 45 hours per week; that the au pair's work schedule prevented the au pair from attending school; that the au pair was not permitted days off or vacation time; or that the au pair was required to be "on call" for the host family.  This Request includes responses made to au pairs and any discussion about the complaint(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request on the grounds that it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs. Defendant objects to this request on the grounds that it is vague, is overbroad, is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, is unduly burdensome, and seeks information that is not proportional to the needs of the case.  Further, the defendant objects that these issues are not relevant in any manner to the issues before the court nor calculated to lead to the discovery of relevant information.

**REQUEST FOR PRODUCTION NO. 15:** Communications concerning au pair compensation between you and any government entity or nongovernment entity representing au pairs, including but not limited to the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant further objects to this request on the ground that the government and nongovernment entities identified in this request—the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association—do not "represent" au pairs. Defendant further objects to this request on the grounds that it is vague and ambiguous,

overly broad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Subject to and without waiving these objections and the general objections, Defendant will provide responsive information subject to the protective order after the parties confer and reach an agreement regarding the search and production of electronically stored information.

**REQUEST FOR PRODUCTION NO. 16:** Your audited or unaudited financial statements, including documents sufficient to show your annual revenue and income derived from participating in the au pair program during each year in which you have participated in the program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this request to the extent that Plaintiffs seeks financial information and documents. Evidence of a defendant's financial status is not discoverable. Absent relevancy and a compelling need, a party may not obtain a defendant's financial records through discovery. *See Bonanno v. Quizno's Franchise Co. LLC*, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (*citing Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159 (Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta v. Albertson's, Inc.,* 975 P.2d 718, 721 n.4, 723 (Colo. 1999); s*ee also Leidholt v. Dist. Ct.*, 619 P.2d 768, 770 (Colo. 1980); *Packard v. Moore*, 71 P.2d 922 (Cal. 1937); *Baggett v. Davis*, 169 So. 372 (Fla. 1936); *Laidlaw v. Sage*, 52

N.E. 679 (N.Y. 1899); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).  Defendant further objects to this request on the grounds that it is overly broad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant further objects to this request on the grounds that it seeks documents and information that are proprietary and confidential to Defendant and in the nature of a trade secret.

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to show your corporate structure, including your internal reporting lines as well as the existence of parent companies, affiliates and subsidiaries, including but not limited to organizational charts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this request on the grounds that it is overly broad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant further objects to this request on the grounds that it seeks documents and information that are proprietary and confidential to Defendant and in the nature of a trade secret.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to identify your employees, including names, titles and reporting lines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this request on the grounds that it is overly broad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this request on the grounds that it seeks documents and information that are proprietary and confidential to Defendant and in the nature of a trade secret.

**REQUEST FOR PRODUCTION NO. 19:** All advertisements intended to reach potential au pairs concerning compensation, including all prior versions of your website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this request on the grounds that it is overly broad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence. With respect to the request for prior versions of the website, Defendant objects on the basis that Plaintiffs have access to this information through internet archive services such as the "Wayback Machine."

Subject to and without waiving these objections and the general objections, Defendant possesses no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:** Documents concerning training provided to au

pairs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Dated:  May 26, 2016

Respectfully Submitted,

_  s/ Jeffrey P. Allen_____
Jeffrey P. Allen
E-mail: jallen@lawson-weitzen.com
Donald J. Gentile
E-mail: dgentile@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue
Boston, MA 02210
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987

-and-

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email: bsiebert@shermanhoward.com

-and-

William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Tel: (202) 637 6440
Fax: (202) 637 5910
Email:William.monts@hoganlovells.com

ATTORNEYS FOR DEFENDANT
CULTURAL CARE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2016, I served the foregoing on the following e-mail addresses.

**Lauren Fleischer Louis**
llouis@bsfllp.com

**Sigrid Stone McCawley**
smccawley@bsfllp.com

**Matthew Lane Schwartz**
mlschwartz@bsfllp.com

**Peter Murray Skinner**
pskinner@bsfllp.com

**Randall Wade Jackson**
rjackson@bsfllp.com

**Alexander Hood**
alex@towardsjustice.org

**Bogdan Enica**
bogdane@hotmail.com

**Brian A. Birenbach**
brian@rietzlawfirm.com

**Brooke A. Colaizzi**
bcolaizzi@shermanhoward.com

**Chandra M. Feldkamp**
cfeldkamp@kellywalkerlaw.com

**Christian D. Hammond**
chammond@duffordbrown.com

**Adam A. Hubbard**
aahubbard@hollandhart.com

**Heather F. Vickles**
hvickles@shermanhoward.com

**Kathryn A. Reilly**
reilly@wtotrial.com

**James E. Hartley**
jhartley@hollandhart.com

**John R. Mann**
jmann@gordonrees.com

**Lawrence D. Stone**
lstone@duffordbrown.com

**Lawrence L. Lee**
llee@laborlawyers.com

**Martin J. Estevao**
mestevao@armstrongteasdale.com

**Martha L. Fitzgerald**
mfitzgerald@bhfs.com

**Meshach Y. Rhoades**
rhoadesm@armstrongteasdale.com

**Mher Hartoonian**
mhartoonian@hollandhart.com

**Raymond M. Deeny**
rdeeny@shermanhoward.com

**Thomas B. Quinn**
tquinn@gordonrees.com

**W.V. Bernie Siebert**
bsiebert@shermanhoward.com

**William J. Kelly III**
wkelly@kellywalkerlaw.com

**Erica L. Herrera**
eherrera@shermanhoward.com

**William L. Monts III**
William.monts@hoganlovells.com

**Susan M. Schaecher**
sschaecher@laborlawyers.com

**David Meschke**
dmeschke@bhfs.com

                                             s/ Jeffrey P. Allen
                                             Jeffrey P. Allen

Ex. F

# BOIES, SCHILLER & FLEXNER LLP

401 EAST LAS OLAS BLVD.* SUITE 1200* FT. LAUDERDALE, FL 33301* 954-356-0011* FAX 954-356-0022

**Lauren Louis, Esq.**
**E-mail: llouis@bsfllp.com**
**Tel.: 954-356-0011**

September 15, 2016

**VIA EMAIL**

Susan M. Schaecher
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, Colorado 80202
sschaecher@fisherphillips.com

  **Re:** *Beltran v. Interexchange, Inc., et al.*

Dear Susan,

  We write to discuss deficiencies with Defendant American Institute for Foreign Study d/b/a Au Pair In America's ("AIFS") Responses to Plaintiffs' First Request for the Production of Documents ("First RFP") and AIFS's Responses to Plaintiffs' to Plaintiffs' First Set of Interrogatories ("First Interrogatories").

## I.  Responses to First RFP

  At the outset, we note that your responses include "General Objections" consisting of boilerplate objections purporting to apply to all Requests.  Pursuant to Fed. R. Civ. P. 34(b), objections to requests for production must be stated with specificity.  Therefore, your General Objections are improper and if not withdrawn, we will move to strike unless all deficiencies described herein are timely resolved.  Additionally, your production arbitrarily limits the date range for responsive documents from January 1, 2009 to November 1, 2011.  No basis has been advanced sufficient to justify your refusal to produce responsive documents within the date range defined. We demand that you supplement your production accordingly.

  Deficiencies regarding specific responses are discussed below.

  **RFP No. 1**:  AIFS has improperly limited its response to documents identifying Plaintiff Lusapho Hlatshaneni.  AIFS's confidentiality objection is without basis given the prior entry of a protective order in this case.  AIFS's objection to RFP No. 1 on the grounds that it seeks "class-wide discovery before any class or collective action has been certified" is also improper and invalid.  The Magistrate Judge specifically rejected Defendants' attempts to bi-furcate discovery into phases relating to class discovery.  Moreover, Plaintiffs' Motion for Conditional Certification has been filed and while your client declined to assert a position prior to its filing, AIFS did not indicate objection to the conditional certification of the classes.  Implicit in AIFS' non-objection is the recognition that conditional certification is inevitable.  Your refusal to

Susan M. Schaecher
September 15, 2016
Page **2** of **4**

produce responsive documents on this ground is unjustified, and if you persist in the objection and delay production of documents pertaining to the class, Plaintiffs will seek sanctions under Fed. R. Civ. Rule 37.  AIFS has also stated that the request "contains multiple sub-parts."  The parties are unlimited in the number of Requests for Production each may propound and this is a baseless objection.  AIFS's other boilerplate objections are not stated with specificity and are improper under Fed. R. Civ. P. 34(b).

With respect to AIFS's objection stating that the phrase "documents sufficient" is vague, we refer AIFS to the definition of "Identify" included in Plaintiffs' First RFP.  The Definitions provide that: "When referring to a person, 'to identify' means to give, to the extent known, the person's full name, present or last known address and e-mail address, and when referring to a natural person, additionally, the present or last known place of employment."  Accordingly, "documents sufficient to identity" as used within the context of RFP No. 1 requests documents providing the full name, present or last known address and e-mail address, and present or last known place of employment of each au pair that AIFS has sponsored.

Finally, the Definitions and Instructions provided with Plaintiffs' First RFP state that the "[t]he time period covered by these Requests is from January 1, 2009 to the present."  Contrary to AIFS's objection, this time period is clearly limited in time to the facts and transaction alleged in the Amended Complaint and AIFS's objection on the basis of the time period is improper.

**RFP Nos. 4-5**:  AIFS has objected to RFP Nos. 4-5 on privilege grounds, but has failed to produce a privilege log in the 4 months since asserting this privilege.  No justification for this delay has been offered, nor could it be.  Under Fed. R. Civ. P 26(b)(5), the privilege log should have been provided contemporaneously with AIFS's production.  Unless AIFS propounds an adequate privilege log or the documents previously withheld on the basis of privilege within 14 days, we will move to compel those documents.  Moreover, AIFS has agreed to produce non-privileged documents responsive to RFP Nos. 4-5, but, to date, has failed to do so.

**RFP No. 6**:  AIFS has asserted the absence of non-privileged responsive documents.  Again AIFS failed to log the purportedly privileged documents responsive to this request.  We demand that AIFS propound an adequate privilege log or the documents previously withheld on the basis of privilege within 14 days.

**RFP No. 10**:  AIFS's boilerplate objections to RFP No. 10 and its objections regarding class discovery and confidentiality are improper and without basis for the reasons discussed in the section regarding RFP No. 1, above.  With respect to AIFS's objection stating that the phrase "time records sufficient" is vague, AIFS has failed to state with specificity the reasons it believes this phrase is unclear and this objection is therefore improper.  AIFS has represented that it possesses no documents responsive to RFP No. 10.  However, we note that AIFS produced a blank form titled "Regulation Check-In Report," Bates stamped AIFS 0000189, which contains the following question: "Is the au pair working over hours?"  Completed copies of this form for the au pairs sponsored by AIFS are responsive to RRP No. 10.  Additionally, any e-mail

Susan M. Schaecher
September 15, 2016
Page **3** of **4**

correspondence between au pairs and AIFS stating that an au pair is working more than 45 hours per week would be responsive to RFP No. 10.  It is clear no efforts were taken to determine the extent of responsive documents to RFP No. 10.

**RFP Nos. 12-13**:  AIFS has stated that it will only produce "its standard documents, forms, advertisements and other materials directed to host families" relating to compensation of standard au pairs and relating to hours of standard au pairs.  However, AIFS's boilerplate objections to RFP Nos. 12 and 13 and its objection regarding class discovery and confidentiality are improper and without basis for the reasons discussed in the section regarding RFP No. 1, above.  Documents responsive to this Request would include, at a minimum, specific communications with host families regarding au pair compensation and the number of hours an au pair may be required to work.

**RFP No. 14**:  AIFS has only agreed to produce documents constituting complaints from Plaintiff Lusapho Hlatshaneni.  It has otherwise objected to RFP No. 14.  The boilerplate objections and objections regarding class discovery and confidentiality are improper for the reasons discussed in the section regarding RFP No. 1, above.  Documents responsive to this request include all responsive complaints from all au pairs during the time period specified in the Requests.

**RFP Nos. 15 and 17-18:**  AIFS has produced a limited number of documents responsive to RFP No. 15, but the production appears incomplete.  AIFS has not produced documents responsive to RFP Nos. 17-18, despite its agreement to do so.

## II.      <u>Responses to First Interrogatories</u>

First, we note that AIFS's repeated objection that Plaintiffs' interrogatories contain multiple sub-parts is without merit and contrary to caselaw, which recognizes that "interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, 09-CV-01862-ZLW-MEH, 2010 WL 5464313, at *1 (D. Colo. 2010); *see also* Notes of Advisory Committee on Rules, Fed. R. Civ. P. 33 ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed.2010) (Subparts "directed at eliciting details concerning a common theme should be considered a single question.")  Applying this standard, Plaintiffs' have submitted 4 interrogatories to AIFS and have not come close to exceeding the limit.

**Interrogatory No. 1**:  AIFS's boilerplate objections are improper under Fed. R. Civ. P 33(b)(4), which requires that "[t]he grounds for objecting to an interrogatory must be stated with specificity."  Interrogatory No. 1 requests information that is readily to AIFS and directly relevant to the claims in this action.  Contrary to AIFS's objection, the time period specified in

Susan M. Schaecher
September 15, 2016
Page **4** of **4**

Plaintiffs' Definitions and Instructions is clearly limited in time to the facts and transactions alleged in the Amended Complaint.  Moreover, the fact that a motion for certification has not yet been filed does not provide a valid basis for objecting to "class-wide discovery."  This objection is now moot in any event, since Plaintiffs' filed their Motion for Conditional Certification on July 25, 2016, as noted above in the section regarding RFP No. 1.  The prior entry of a confidentiality also moots any objection based on information that is confidential and proprietary to AIFS.

**Interrogatory No. 3**:  AIFS has failed to respond substantively to Interrogatory No. 3 by identifying specific, responsive communications with host families, au pairs, or other entities.  AIFS's boilerplate objections are improper for the reasons stated in above, in the section regarding Interrogatory No. 1.

**Interrogatory No. 4**:  Although Interrogatory No. 4 asks AIFS to identify all putative Class members who have been paid more than $195.75 per week, AIFS has responded to Interrogatory No.4 only with regard to Plaintiff Lusapho Hlatshaneni.  With respect to AIFS's boilerplate objections, these are improper for the reasons stated above.  With respect to AIFS's objection stating that Interrogatory No. 4 "seeks information that AIFS does not possess," let us be clear: the Interrogatories seek information in the custody and control of AIFS and its agents, or ascertainable upon a search of reasonable scope. Your objection implies that the information may be ascertainable but that you are standing on a rigid construction of what is known in order to circumvent your obligation to fully respond.

### III.         Correcting Deficiencies

AIFS has not met its basic discovery obligations despite months to complete and supplement its production.  If AIFS intends to correct the deficiencies described herein, so indicate by no later than September 26, 2016, identifying what measures AIFS is willing to undertake to perfect its production and interrogatory responses.  If you wish to confer further with respect to Plaintiffs' initial discovery demands, we will meet and confer with you by that date.  If we have no response, we may seek intervention from the Court.

Sincerely,

*/s/Lauren Louis, Esq*
Lauren Louis, Esq.

cc:    Sabria McElroy, Esq.
        smcelroy@bsfllp.com

Ex. G

# B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

401 EAST LAS OLAS BLVD.* SUITE 1200* FT. LAUDERDALE, FL 33301* PH. 954-356-0011* FAX 954-356-0022

LAUREN LOUIS
E-mail: llouis@bsfllp.com

September 22, 2016

BY ELECTRONIC MAIL

Justin Wolosz
Choate Hall & Stewart LLP
Two International Place
Boston, Massachusetts 02110
E-mail: joan.lukey@choate.com

     **Re:**    *Beltran v. InterExchange, et al.*

Dear Justin:

     I previously wrote regarding some of the deficiencies in Cultural Care's document production (letter of Aug. 11, 2016). I write to address remaining deficiencies in Cultural Care's discovery responses and to respond to your ESI proposal of September 2, 2016.

     General Objections

     Cultural Care has asserted a series of objections that are baseless and must be withdrawn. Your responses assert an objection to production of discovery related to the class. This objection is not well-founded. The Magistrate Judge specifically rejected Defendants' attempts to bi-furcate discovery into phases relating to class and merits discovery. Your refusal to produce responsive documents on this ground is unjustified. Similarly, there is no basis for refusing to provide responsive information on the ground that "they seek information that violates the privacy rights of non-parties." This case is governed by a stipulated protective order that was entered by the court on May 6, 2016. Yet Cultural Care has produced heavily redacted documents that restrict plaintiffs from viewing the indisputably responsive and relevant information, including the names of families. Plaintiffs demand a corrected and un-redacted production of Cultural Care's most recent production.

     Cultural Care has objected to discovery on the basis that the requests are "not proportional to the needs of the case and the burden and expense of producing the material is outweighed by its likely benefit." Cultural Care has not supported this objection by defining the cost or burden it contends outweighs the benefit to Plaintiffs and merely relies on volume of names presumably responsive to the request (represented to be 100,000). Your assertion of burden is belied by your predecessor's representation to the Court on April 25, 2016, that the task of compiling the information *had already begun* and would be produced within weeks. Four months later, Plaintiffs have not received the results of what Cultural Care's counsel promised in open court.

     Interrogatories

     Cultural Care's objection that Plaintiffs' interrogatories contain multiple sub-parts is without

**B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P**

merit and contrary to caselaw, which recognizes that "interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, 09-CV-01862-ZLW-MEH, 2010 WL 5464313, at *1 (D. Colo. 2010); *see also* Notes of Advisory Committee on Rules, Fed. R. Civ. P. 33 ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed.2010) (Subparts "directed at eliciting details concerning a common theme should be considered a single question.") Applying this standard, Plaintiffs' have submitted 4 interrogatories to Cultural Care and have not come close to exceeding the limit.

Interrogatory No. 3 asks Cultural Care to identify communications made to anyone indicating that au pair may be paid more than the weekly stipend. Cultural Care responded with the assertion that "[i]f asked we instruct host families that they are free to pay more …" yet also represented that you are "unable to respond" because records of such conversations are not kept. Cultural Care cannot have it both ways. If there is a factual basis for the assertion made in the response, answer the question in full by identifying the communications on which this response is based.

<u>Requests for Documents</u>

Request No. 1. Cultural Care contends that the timeframe requested is "inappropriate." The defined timeframe is January 1, 2009 to the present. Cultural Care neither objected to the timeframe nor proposed an alternative; please confirm that Cultural Care is searching for and producing documents within the entire timeframe as defined by Plaintiffs' Requests. Cultural Care has agreed to produce documents pertaining to "opt-in" plaintiffs yet has failed to produce documents for opt-in plaintiffs Sarah Rascon, Ashley Riley, Cynthia Tobon, Paula Roque, or Martin Kollmann. We demand their immediate production, including documents stored in the Tellus and Salesforce databases for these Plaintiffs.

Request No. 3 seeks documents in the custody of Cultural Care and pertaining to any other Sponsor Defendant's rate of au pair compensation. Cultural Care asserted baseless objections, including, astoundingly, that the information sought is proprietary and confidential to Cultural Care. Plaintiffs demand that you withdraw these objections and produce responsive documents without limitation.

Requests Nos. 5 & 6 seeks correspondence with or about, and contracts between, the other sponsor defendants. To alleviate your objection regarding the joint defense privilege, no Request seeks communications by outside litigation counsel. Notwithstanding the barrage of objections asserted to Request No. 6, Cultural Care represents that it has no responsive documents. Please confirm that good faith efforts were made to search for documents responsive to this request and describe those measures taken.

Request No. 11 seeks documents supporting Cultural Care's claim that the government has mandated a uniform wage. Cultural Care's sole objection, that it seeks information that is publicly

available, is unfounded. *See Phillips v. Hanover Insurance Co.*, CIV-14-871-R, 2015 WL 1781873, n.1 (W.D. Okla. Apr. 20, 2015).

Request No. 14 seeks documents relating to complaints made by au pair regarding the conditions of their employment, including complaints about the compensation and number of hours worked. The fact that these documents requested are relevant in this FLSA suit cannot reasonably be debated, yet Cultural Care has objected on the basis of relevance. We demand that you withdraw the objections asserted to the Request and immediately begin production by disclosing the annual audits prepared by Cultural Care, in addition to searching for responsive documents in the other databases maintained by Cultural Care.

Request No. 16 seeks revenue and financial statements. While such information is not automatically relevant for every defendant, in this FLSA suit Plaintiffs bear the burden of proving that Cultural Care qualifies as an employer within the meaning of that law. The income and revenue information sought is directly relevant. Moreover, Plaintiffs claim damages arising from the fees the class has paid to Cultural Care and the amount of revenue derived therefrom is clear evidence of the amount of these damages suffered by the class.

Request No. 17 seeks documents reflecting your corporate structure and parent/affiliate companies. Cultural Care objected on the basis that the information is a "trade secret." Even if this were possible, we have a protective order in place specifically for the protection of trade secrets.

Your letter of September 2, 2016 attempts to restrict the timeframe for the search of ESI to November 13, 2010 to November 13, 2014. As noted above, the relevant timeframe is January 1, 2009 continuing until the present. Presumably your proposed ESI protocol is not limited to searching for documents identifying the putative class members, yet you have suggested a date range that is tied to your interpretation of the statute of limitations—which is relevant only to identifying the putative class. We will not agree to a protocol for ESI that does not include documents from the entire defined date range.

Nor will we agree to the arbitrary limitation you seek to impose on the number of custodians whose data you will collect and search. Your assumption that it is "unreasonable simply to increase" the number of custodians from 12 lacks any support. You have not indicated the volume of data to be searched, or more pertinently, how many documents hit on agreed search terms within the data of the particular custodians. Each of the individuals named in my August 23, 2016 correspondence were identified in documents produced by Cultural Care and appear to be, on the face of those documents, a person likely to have responsive documents in their ESI. The same is true for Mr. Widerberg, despite your representation that you disagree with your predecessor regarding his value to *your* claims or defenses. You have offered no explanation for your determination that the 12 custodians you picked are the most likely sources of responsive documents, or that those I identified are not likely to have non-redundant responsive documents.

As a final note regarding your document production to date, it has lacked metadata, including custodial information. Please correct your first production to include all metadata, particularly custodial information, and include all metadata in future productions.

**B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P**

Your failure to produce responsive documents is preventing Plaintiffs from preparing to take the deposition of Cultural Care pursuant to Rule 30(b)(6) as well as other individual depositions. I am available to confer[1] any day next week in attempt to resolve the identified deficiencies. Whatever disputes remain by the end of next week we intend to present to the Magistrate Judge for informal resolution.

Sincerely,

_/s/  Lauren Louis____
Lauren Louis

---

[1] Please provide your proposed search terms at least a day in advance to permit meaningful review and response at our conferral.

Ex. H

Page 1

             IN THE UNITED STATES DISTRICT COURT

             FOR THE DISTRICT OF COLORADO


JOHANA PAOLA BELTRAN, et al.,


              Plaintiffs,


vs.                              No. 14-cv-03074-CMA-KMT


INTEREXCHANGE, INC., et al.,


              Defendants.


     Deposition of CARRIE CROMPTON, taken on behalf
of the Plaintiffs, at the offices of GorePerry
Reporting & Video, 515 Olive Street, Suite 300, in
the City of St. Louis, State of Missouri, on the
22nd day of September, 2016, before Kristine A.
Toennies, RMR, CRR, CBC, MO-CCR #769, CSR (IL
#084-004388 & IA), and Notary Public.



Page 13

1    Q   So no in-person contact with phone -- I'm

2  sorry -- with host families?

3    A   No in-person.

4    Q   When you say customer service, could you

5  explain what you mean by that, what your role is

6  with customer service?

7    A   Sure.  Being an added layer of support for

8  both the host families and the au pairs, also for

9  the community administrators.  If any questions come

10  up, you know, helping them find the answers,

11  providing the answers if there's any issues that

12  come up.  We are a business trying to make people

13  happy.

14    Q   So you provide customer service for both

15  host families as well as for au pairs; is that fair

16  to say?

17    A   Yes.

18    Q   Do you ever speak to host families about the

19  stipend that au pairs receive for their work?

20    A   Yes.

21    Q   Do you ever speak to au pairs about the

22  stipend that they receive for their work?

23    A   Yes.

24    Q   You said you're also responsible for the

25  Department of State forms.  Could you explain what



Page 14

1    your role in that regard is?

2       A    Sure.  I help coordinate the completion of

3    the monthly reports that the community

4    administrators work on and complete and submit to

5    the main office -- I do not complete them myself --

6    as well as the 48-hour check-in, the pre-arrival

7    orientation paperwork as well as the two-week

8    post-arrival supervision paperwork.  Again, I don't

9    do any of that, but I help coordinators -- excuse

10   me -- CAs do that.  Sorry.  I'll say community

11   administrators.  We call them CAs.  Sorry.  I help

12   them do that and then work with the main office if

13   we're missing anything or something didn't get

14   submitted properly.

15      Q    So these monthly reports that you mention,

16   these are monthly reports that you submit to the

17   State Department?

18      A    They are -- I do not submit them.  The

19   coordinators submit them through the online system.

20   They are then used by the main office.  I'm not sure

21   what the main office -- I'm assuming they probably

22   print them and have files.  I know that we have to

23   have, per the Department of State, have to have

24   physical files of every host family and au pair, and

25   those reports are used in the annual audit.



Page 15

1       Q    So you submit them or your office submits

2    them -- or your coordinators, rather, submit them to

3    your main office?

4       A    Correct.

5       Q    What types of information is in the monthly

6    report?

7       A    The monthly report has general questions

8    about, you know -- and this is asked to both the

9    au pair and the host family on separate occasions,

10   but questions like, Is everybody happy?  Are there

11   any issues?  Very kind of like rate the

12   relationship, if you will, on a scale of one to

13   three, so that's kind of the top questions.

14          And then there's specific questions of, Are

15   you receiving the weekly stipend, yes/no?  If no,

16   explain the situation.

17          There's a question about the hours worked.

18   Are you working over 45 hours in a week?  Are you

19   working over ten hours in any given day?  There's a

20   section about the education component, kind of what

21   the status is, have you started looking, are you

22   enrolled, are you done, things like that.

23          And then there's free comment boxes at the

24   bottom so if there's any other issues that they need

25   to report or they want to mention or questions they



Page 16

1    may have.

2          Q    Do the on-site community coordinators -- did

3    I get that correct?

4          A    Yes.

5          Q    Do they interview host families, each host

6    family, each au pair monthly for these reports?

7          A    They do.

8          Q    Who do you report to at CHI?

9          A    I report to Christina Reilly.

10         Q    What is her position?

11         A    She's the director of the au pair program.

12         Q    Do you know if she reports to anyone?

13         A    She reports to Tom Areton, who is the owner

14   of the company.

15         Q    Could you spell his last name?

16         A    A-R-E-T-O-N.

17         Q    How many community coordinators do you

18   personally supervise?

19         A    I believe it's about 15.

20         Q    It's your understanding that those community

21   coordinators are all independent contractors?

22         A    Correct.

23         Q    Is there anyone else who holds your position

24   at Cultural -- at CHI?

25         A    Yes.  There is a regional administrator for

