# Ex. I



fisherphillips.com

**Denver**
1801 California
Suite 2700
Denver, CO 80202

(303) 218-3650 Tel
(303) 218-3651 Fax

**Writer's Direct Dial:**
303-218-3650

**Writer's E-mail:**
sschaecher@fisherphillips.com

September 26, 2016

*VIA E-MAIL*

Lauren Louis, Esq.
Boies, Schiller & Flexner LLP
401 East Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301

   Re:  *Beltran v. Interexchange, Inc., et al.*

Dear Lauren:

   We write in response to your letter dated September 15, 2016 regarding Defendant American Institute for Foreign Study d/b/a Au Pair in America's Responses to Plaintiffs' First Request for the Production of Documents ("First RFP") and AIFS's Responses to Plaintiffs' First Set of Interrogatories ("First Interrogatories"). Your letter does not mention Defendant American Institute for Foreign Study d/b/a Au Pair in America's First Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents ("Supplemental Response") which was served on plaintiffs on August 24, 2016, nor does it appear that you considered the Supplemental Responses when you prepared your letter. We trust you will reevaluate your position in light of those responses.

   We disagree with your characterization of our objections as lacking specificity. Isolating a phrase may make it appear to lack specificity but the responses must be taken in the context in which they are made, as discussed further below.

   Your letter erroneously states that AIFS's production limited the date range to January 1, 2009 to November 1, 2011. In fact, those are the dates to which AIFS objected. Your letter advances no basis for defining the date range as January 1, 2009 to present, it simply states a conclusion that this extended time period is "limited to the facts and transaction alleged in the Amended Complaint." In the 534 paragraphs of the 101-page First Amended Complaint, not a single transaction between Plaintiffs and Defendants is alleged to have occurred prior to November 1, 2011, and the only "facts" alleged as having occurred prior to that date are government agency actions cited as background information. As you know, the complaint was filed in November 2015. You should also know that the limitation period for FLSA claims is two years, three if the violation was willful, and the limitation period for antitrust and RICO claims is four years. Requesting documents from January 1, 2009 to November 1, 2011, is not

**Fisher & Phillips LLP**
Atlanta • Baltimore • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Portland • Sacramento • San Antonio • San Diego • San Francisco • Seattle • Tampa • Washington, DC

FPDOCS 32243085.1

Lauren Louis, Esq.
September 26, 2016
Page 2

reasonably calculated to lead to the discovery of admissible evidence. The financial and administrative burdens of reviewing and producing documents for the period beginning even four years prior to the filing of the lawsuit are great. It has cost AIFS nearly $6,500 per month just to store the data collected for review for the four-year period. The burden and expense of adding two years outweighs any likely benefit.

**Requests for Production**

    **RFP No. 1:** The Supplemental Response omitted, as no longer applicable, the objections based on a motion for certification not having been filed and a protective order not having been entered. Documents were produced subject to the Protective Order. AIFS withdraws the objection that the request contains multiple subparts as it was included in error; no documents were withheld based on that objection. AIFS also withdraws the objection that the words "documents sufficient" is vague.

    We are not withdrawing our objection to pre-certification discovery regarding unnamed class members. The request is not relevant to any issue at this phase of the case and is not proportional to the needs of the case. *See, e.g., Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 681 (D. Colo. 1997) (plaintiffs are entitled to discovery of the names and addresses of putative class members "upon certification of a collective action.") The identity and contact information for host families and unnamed au pairs is proprietary and confidential to AIFS and constitutes private information of those nonparties.

    **RFP Nos. 4-5:** You claim that AIFS agreed to produce nonprivileged documents responsive to RFPs 4-5 but "to this date, has failed to do so." You are mistaken: documents were produced in the Supplemental Response. Further, by agreeing to produce documents in response to a request, AIFS is not agreeing to search for or log any attorney-work product created during the course of this litigation or any attorney-client communications that occurred and will occur during the course of this litigation. That objection aside, a privilege log was created that I thought was included with the Supplemental Responses and a copy is attached.

    **RFP No. 6:** By agreeing to produce documents in response to a request, AIFS is not agreeing to search for or log any attorney-work product created during the course of this litigation or any attorney-client communications that occurred and will occur during the course of this litigation.

    **RFP No. 10:** First, by agreeing to produce documents in response to a request, AIFS is not agreeing to search for or log any attorney-work product created during the course of this litigation or any attorney-client communications that occurred and will occur during the course of this litigation. Second, your letter falsely accuses AIFS of making no effort to find responsive documents. On August 24 we provided you with the list of search terms used by AIFS which are clearly broad enough to encompass records which show the "actual number of hours worked."

Lauren Louis, Esq.
September 26, 2016
Page 3

You claim that completed forms like AIFS 000189 - which contains the Yes–No question "Is the au pair working over hours?" - are responsive to this request, but RFP No. 10 seeks "a record of hours sufficient to show the actual number of hours worked by the putative class members," not a response to a question of whether the au pair is working over hours. Further, forms like AIFS 00189, when completed, contain specific, personal information about non-parties to this suit - au pairs other than Lusapho Hlatshaneni and host families – which is private to those individuals and confidential and proprietary to AIFS. No classes have been certified and the court has not authorized notice to putative class members. See response regarding RFP No. 1, above.

**RFP No. 12-13:** AIFS *has* produced documents responsive to these requests. See Supplemental Responses. The supplemental responses omitted, as no longer applicable, the objections based on a motion for certification not having been filed and a protective order not having been entered. Documents were produced subject to the Protective Order in the Supplemental Responses. AIFS objects to producing at this time documents containing specific, personal information about non-parties to this suit - au pairs other than Ms. Hlatshaneni and host families – which is private to those individuals and confidential and proprietary to AIFS. No classes have been certified and the court has not authorized notice to putative class members. See response regarding RFP No. 1, above. Further, the request is overly broad, burdensome and oppressive and not proportional to the needs of the case. AIFS necessarily communicated with *every* host family regarding compensation to au pairs and the maximum number of hours au pairs could provide childcare services.

**RFP No. 14:** AIFS has found no documents relating to complaints by Ms. Hlatshaneni. Regarding AIFS's objections, see response to RFP No. 1 above.

**RFP No. 15 and 17-18:** The Supplemental Responses to RFPs 17 and 18 omitted as no longer applicable the objections based on a protective order not having been entered. Documents were produced in response to each of these requests, subject to the Protective Order. AIFS withdrew the objection that the requests contain multiple subparts in its Supplemental Response to RFP No. 15. Defendant withdraws those objections from RFPs 17 and 18 as they were included in error. No documents were withheld based on those objections. Regarding the remaining objections, see response regarding RFP No. 1 above. Additionally, no claims or allegations have been made relating to AIFS's employees and the request is not proportional to the needs of the case.

## Interrogatories

We agree that questions asking about communications seeking the time, place, persons present and contents are to treated as a single interrogatory, but only Interrogatory 3 poses such a question, and AIFS withdraws the objection that Interrogatory 3 contains subparts. However, Interrogatory 1, for example, goes well beyond requesting information to identify an au pair and identifies at least ten subparts. Interrogatory No. 2 asks about steps taken to comply with a

Lauren Louis, Esq.
September 26, 2016
Page 4

regulation containing 16 numbered parts and 63 numbered subparts and asks AIFS to provide the equivalent of a narrative account of its compliance with requirements not at issue in this case, as well as a narrative of compliance with requirements that are at issue. *Compare, e.g., Lawrence v. 1st Kansas Bank & Trust Co.*, 169 F.R.D. 657, 659 (D. Kan. 1996) (court concluded that request for all facts forming the basis for a defendant's denial of 58 paragraphs of a complaint, identification of documents and witnesses on which the defendant relied in support of its denials and the source for any denial that was based on information and belief could be construed as 232 separate interrogatories and sustained the defendant's objection that the request was overly broad and burdensome). The Notes of the Advisory Committee on Rules also state that parties cannot evade the presumptive limitation on the number of interrogatories through the device of joining as "subparts" questions that seek information about discrete separate subjects.

   **Int. No. 1:**  You argue that certain objections are moot and that AIFS should supplement its responses as a result. Again, you have overlooked AIFS's Supplemental Responses. Interrogatory No. 1 incorporated by reference Defendant's responses to Requests for Production 1, 7, 8 and 9. The Supplemental Responses to Requests 1, 7 and 8 omitted, as no longer applicable, the objections regarding a motion for certification not having been filed and a protective order not having been entered. Documents were produced subject to the Protective Order. Your arguments about these objections are themselves moot. Regarding our objections to pre-certification discovery regarding unnamed class members, see the discussion at Request No. 1 above. The request is not relevant to any issue at this phase of the case and the disproportionality to the needs of the case is especially acute as this request seeks personal, private and proprietary information for thousands of au pairs, host families, and foreign agents.

   **Int. No. 3:**  The Supplemental Responses to Requests 2, 12, 13 and 15 omitted, as no longer applicable, the objections regarding a motion for certification not having been filed and a protective order not having been entered. Documents were produced subject to the Protective Order. Your arguments about these objections are themselves moot. Regarding our objections to pre-certification discovery regarding unnamed class members, see the discussion at Request No. 1 above. Requests for "all communications" are overbroad. *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641 (10th Cir. 2008). For example, Interrogatory No. 3 is broad enough to encompass every time AIFS referred to the stipend as a minimum and every time AIFS did not react negatively to reports that au pairs were paid more. Given the number of years for which information is sought, the number of au pairs, host families, government entities and other persons with whom AIFS has communicated, it is impossible to recount "each time you have communicated to anyone that au pair in your sponsorship may be compensated more than the weekly stipend." Nonetheless, AIFS responded by incorporating the documents responsive to RFPs 2, 12, 13 and 15. AIFS will supplement its response to Interrogatory 3 to make it clear that it does not keep records of its communications with others regarding au pair compensation other than informational materials; and that, if asked, it states that host families may pay more but may not exceed the 10 hours a day 45 hours per week limitations or add services beyond the type permitted by DOS regulations.

Lauren Louis, Esq.
September 26, 2016
Page 5

**Int. No. 4:**  See discussion at RFP No. 1.  Regarding the response that AIFS does not possess information as to whether Ms. Hlatshaneni was paid more than $195.75, we do not understand what "rigid construction" you claim we are standing on.  AIFS did not pay Ms. Hlatshaneni.  It does not know what she was paid.  It does not have or control information regarding what she was paid and cannot ascertain it through searching.  Further, this is information Plaintiff already has in her possession.

Please contact Larry or me if you have additional questions.

Sincerely,

Susan M. Schaecher
For FISHER & PHILLIPS LLP

SMAS:kh
Enclosure

American Institute for Foreign Study d/b/a Au Pair In America (AIFS)
Privilege Log
*Beltran, et al. v. Interexchange, Inc., et al.*
Case No. 14-cv-03074-CMA-KMT

| Date | From | To | Cc | Subject | Privilege |
|------|------|-----|-----|---------|-----------|
| 3/25/2015 | Anneli Lowe | Ruth Ferry | Linda James | Documentation regarding AP Hlathsaneni | Attorney-Client |

FPDOCS 317061195.1

Ex. J

# B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

October 14, 2016

**Via email**
Martin Estevao, Esq.
Armstrong Teasdale LLP
4643 S. Ulster Street, Suite 800
Denver, CO  80237

> ***Re:*** ***Beltran v. InterExchange, et al.***

Dear Mr. Estevao,

We write to address the deficiencies in GreatAuPair LLC's ("GreatAuPair") Responses to Plaintiffs' First Request for the Production of Documents ("First RFP") and GreatAuPair's Responses to Plaintiffs' First Set of Interrogatories ("First Interrogatories").

## I.    General Objections

Classwide Discovery.  We begin by noting that you have made an almost uniform objection to the First RFP and First Interrogatories on the basis that they improperly seek classwide discovery before any class has been certified or any motion for certification has been filed. You have made this objection with respect to Document Requests #1, #2, #7, #8, #10, #12 and #14 and Plaintiffs' Interrogatories #1, #3, and #4. You have also objected to the First RFP on the basis that the requests violate the privacy rights of non-parties, which is directly tied to the issue of whether Plaintiffs' are entitled to class wide discovery. These objections are unjustified. The Magistrate Judge specifically rejected Defendants' attempts to bi-furcate discovery into phases relating to class and merits discovery.  In addition, a Motion for conditional certification is now pending and the caselaw is clear that plaintiffs are generally entitled to pre-certification discovery to establish the requirements for a class action.[1]

If you will not withdraw this objection and begin production of class related discovery, we will need to raise this issue immediately with the Magistrate Judge.  The delay and bifurcation of discovery will impede the efficient adjudication of this matter and will not allow discovery sufficient for Plaintiffs to establish their claims.  Please let us know by <u>Monday, October 24, 2016</u> whether you will withdraw this objection; otherwise we will seek to elevate this issue to the Magistrate.

---

[1] *Roberts v. C.R. England, Inc.*, No. 2:12-CV-0302, 2013 WL 3893987, at *2 (D. Utah July 26, 2013). ("Some discovery is necessary prior to a determination of class certification."). See also *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 539-543 (D. Kan. 2011) (allowing discovery pre-certification, noting that to obtain certification Plaintiffs were required to show that members of the putative class were similarly situated.) (finding the privacy interests of the Bank's former employees did not outweigh Plaintiffs' need for discovery.)

BOIES, SCHILLER & FLEXNER LLP

Martin Estevao, Esq.
October 14, 2016
Page 2

     <u>Confidential proprietary business information.</u> You have objected to a number of requests, specifically Requests #1, #2, #7, #8, #10, #12, #16, #17, and #18, and Plaintiffs' Interrogatories #1, #3, and #4 on the basis that they request information that is proprietary and confidential. Even if this designation were appropriate for the documents encompassed by these requests – which include statements made to families regarding au pair compensation and a request for a list of GreatAuPair's employees - we have a protective order[2] in place specifically for the protection of confidential information. Therefore, this objection must be withdrawn.

     <u>Attorney-client privilege and/or work product doctrine.</u> GreatAuPair objects to Plaintiffs' request for correspondence with or about any other Defendant, and agreements entered into by Defendants, on the basis that the requests seek documents subject to the joint defense privilege or the attorney-client privilege and/or work product doctrine.[3] This objection is specious and must be withdrawn. To further address this objection, Plaintiffs clarify that we only ask that Electronically Searchable Information be searched prior to date of service and that no Request seeks communications to, from, or produced by outside litigation counsel.

     Deficiencies regarding specific responses are discussed below.

     **RFP No. 1**: GreatAuPair's blanket refusal to produce responsive documents for the Putative Class members is entirely unjustified. As discussed above, unless your objections are withdrawn, we will seek resolution before the Magistrate.

     **RFP Nos. 3, 9, & 10**: GreatAuPair states that it has no documents responsive to these requests. Please identify the searches that were conducted in response to these requests.

     **RFP No. 6**: GreatAuPair states that it has no non-privileged documents responsive to Request No. 6. Please identify the searches that were conducted in response to this request.

     **RFP No. 7**: Correspondence with putative class members is relevant and necessary to establishing what representations may have been made to putative class members about their compensation. To the extent that Defendants find this request unreasonably burdensome, Plaintiffs will also accept a stipulation that communications to au pairs uniformly stated that the pay was fixed at $195.75 for standard au pairs.

---

[2] "Generally, concerns about confidentiality or the disclosure of private or sensitive information are not a sufficient basis to withhold discovery and are best addressed in the form of a protective order." *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 534, 541 (D. Kan. 2011).

[3] One relying on the joint defense privilege must establish that (1) the documents are protected by the attorney-client privilege and/or the work product doctrine; (2) there was existing litigation or a strong possibility of future litigation at the time of the communications reflected in the documents; and (3) the documents were exchanged between parties and their separate counsel for the purpose of mounting a common defense against the litigation. *CGC Holding Co., LLC v Hutchens*, No. 11-CV-01012-RBJ-KLM, 2016 WL 233551, at *2 (D. Colo. Jan 20, 2016).

BOIES, SCHILLER & FLEXNER LLP

Martin Estevao, Esq.
October 14, 2016
Page 3

**RFP No. 14**: GreatAuPair makes a number of objections to Request No. 14 including relevance. Again, documents relating to complaints au pairs may have made about compensation or work schedule are entirely relevant as to whether that compensation was fixed and/or whether they may have been eligible for or received an increase. In lieu of a full production, Plaintiffs will accept the aforementioned stipulation or the audits that summarize the information requested in RFP No. 14 and were provided to the Department of State. These documents are easily identifiable and eliminate any production burden.

**RFP Nos. 16 & 17:** In Request Nos. 16 and 17, we request documents relating to GreatAuPair's financial statements and corporate structure. Given the revised claims with respect to GreatAuPair in the Amended Complaint, we withdraw these two requests without prejudice to renew.

**RFP Nos. 18**: GreatAuPair objects to the request for a list of its employees, including names, titles, and reporting lines, on this basis that the information is a proprietary and confidential. Even if this were possible, we have a protective order in place specifically for the protection of proprietary and confidential information. As a result, GreatAuPair should provide this information as part of its production.

Finally, with respect to the form of the production, GreatAuPair has failed to produce documents in a manner consistent with Rule 34, specifically that the production be supplemented in a format that included metadata. We look forward to GreatAuPair addressing this and the other aforementioned deficiencies as soon as possible.

## II.   <u>Interrogatories</u>

GreatAuPair's objection that Plaintiffs' Interrogatories #1, #3, and #4 contain multiple sub-parts is without merit and contrary to caselaw, which recognizes that "interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, 09-CV-01862-ZLW-MEH, 2010 WL 5464313, at *1 (D. Colo. 2010).[4] Applying this standard, Plaintiffs' have submitted 4 interrogatories to GreatAuPair and have not come close to exceeding the limit.

With respect to the Fourth Interrogatory, GreatAuPair states that it does not possess records establishing the total amounts actually paid by host families to au pairs. The

---

[4] See also Notes of Advisory Committee on Rules, Fed. R. Civ. P. 33 ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed.2010) (Subparts "directed at eliciting details concerning a common theme should be considered a single question.")

BOIES, SCHILLER & FLEXNER LLP

Martin Estevao, Esq.
October 14, 2016
Page 4

interrogatory does not request records, it requests that GreatAuPair identify all putative class members who have been paid more than $195.75. To the extent that GreatAuPair does not know of any putative class members that have been paid more than $195.75, the appropriate response to this interrogatory is: "None."

## III.    Correcting Deficiencies

We look forward to GreatAuPair correcting the deficiencies listed above. In addition, please let us know whether you will withdraw the objection to class discovery by Monday, October 24th so that we can promptly seek resolution of this issue before the Magistrate.

Sincerely,

Dawn L. Smalls

# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

October 14, 2016

**By email**
William Kelly III, Esq.
Kelly & Walker LLC
1512 Larimer Street, Suite 200
Denver, CO 80202

    *Re:*   *Beltran v. InterExchange, et al.*

Dear Mr. Kelly,

    We write to address the deficiencies in USAuPair, Inc.'s ("USAuPair") Responses to Plaintiffs' First Request for the Production of Documents ("First RFP") and USAuPair's Responses to Plaintiffs' First Set of Interrogatories ("First Interrogatories").

## I.   General Objections

    Classwide Discovery. We begin by noting that you have made an almost uniform objection to the First RFP and First Interrogatories on the basis that they improperly seek classwide discovery before any class has been certified or any motion for certification has been filed. You have made this objection with respect to Document Requests #1, #2, #7, #8, #10, #12 and #14 and Plaintiffs' Interrogatories #1, #3, and #4. You have also objected to the First RFP on the basis that the requests violate the privacy rights of non-parties, which is directly tied to the issue of whether Plaintiffs' are entitled to class wide discovery. These objections are unjustified. The Magistrate Judge specifically rejected Defendants' attempts to bi-furcate discovery into phases relating to class and merits discovery. In addition, a Motion for conditional certification is now pending and the caselaw is clear that plaintiffs are generally entitled to pre-certification discovery to establish the requirements for a class action.[1]

    If you will not withdraw this objection and begin production of class related discovery, we will need to raise this issue immediately with the Magistrate Judge. The delay and bifurcation of discovery will impede the efficient adjudication of this matter and will not allow discovery sufficient for Plaintiffs to establish their claims. Please let us know by <u>Monday, October 24, 2016</u> whether you will withdraw this objection; otherwise we will seek to elevate this issue to the Magistrate.

---

[1] *Roberts v. C.R. England, Inc.*, No. 2:12-CV-0302, 2013 WL 3893987, at *2 (D. Utah July 26, 2013). ("Some discovery is necessary prior to a determination of class certification."). See also *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 539-543 (D. Kan. 2011) (allowing discovery pre-certification, noting that to obtain certification Plaintiffs were required to show that members of the putative class were similarly situated.) (finding the privacy interests of the Bank's former employees did not outweigh Plaintiffs' need for discovery.)

BOIES, SCHILLER & FLEXNER LLP

William Kelly III, Esq.
October 14, 2016
Page 2

    <u>Confidential proprietary business information.</u> You have objected to a number of requests, specifically Requests #1, #2, #7, #8, #10, #12, #16, #17, and #18, and Plaintiffs' Interrogatories #1, #3, and #4 on the basis that they request information that is proprietary and confidential. Even if this designation were appropriate for the documents encompassed by these requests – which include statements made to families regarding au pair compensation and a request for a list of USAuPair's employees - we have a protective order[2] in place specifically for the protection of confidential information. Therefore, this objection must be withdrawn.

    <u>Attorney-client privilege and/or work product doctrine.</u> USAuPair objects to Plaintiffs' request for correspondence with or about any other Defendant and agreements entered into by Defendants, on the basis that the requests seek documents subject to the joint defense privilege or the attorney-client privilege and/or work product doctrine.[3] This objection is specious and must be withdrawn. To further address this objection, Plaintiffs clarify that we only ask that Electronically Searchable Information be searched prior to date of service and that no Request seeks communications to, from, or produced by outside litigation counsel.

    Deficiencies regarding specific responses are discussed below.

    **RFP Nos. 7, 8, 12 &13**:  USAuPair's blanket refusal to produce responsive documents for the Putative Class members is entirely unjustified. As discussed above, unless your objections are withdrawn, we will seek resolution before the Magistrate.

    **RFP Nos. 3, 4, 9, & 10**: USAuPair states that it has no documents responsive to these requests. Please identify the searches that were conducted in response to these requests.

    **RFP Nos. 5 & 6**: USAuPair states that it has no non-privileged documents responsive to Request Nos. 5 & 6. Please identify the searches that were conducted in response to this request.

    **RFP No. 7**:  Correspondence with putative class members is relevant and necessary to establishing what representations may have been made to putative class members about their compensation. To the extent that Defendants find this request unreasonably burdensome, Plaintiffs will also accept a stipulation that communications to au pairs uniformly stated that the pay was fixed at $195.75 for standard au pairs.

---

[2] "Generally, concerns about confidentiality or the disclosure of private or sensitive information are not a sufficient basis to withhold discovery and are best addressed in the form of a protective order." *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 534, 541 (D. Kan. 2011).

[3] One relying on the joint defense privilege must establish that (1) the documents are protected by the attorney-client privilege and/or the work product doctrine; (2) there was existing litigation or a strong possibility of future litigation at the time of the communications reflected in the documents; and (3) the documents were exchanged between parties and their separate counsel for the purpose of mounting a common defense against the litigation. *CGC Holding Co., LLC v Hutchens*, No. 11-CV-01012-RBJ-KLM, 2016 WL 233551, at *2 (D. Colo. Jan 20, 2016).

William Kelly III, Esq.
October 14, 2016
Page 3

**RFP No. 14**: USAuPair makes a number of objections to Request No. 14 including relevance. Again, documents relating to complaints au pairs may have made about compensation or work schedule are entirely relevant as to whether that compensation was fixed and/or whether they may have been eligible for or received an increase. In lieu of a full production, Plaintiffs will accept the aforementioned stipulation or the audits that summarize the information requested in RFP No. 14 and were provided to the Department of State. These documents are easily identifiable and eliminate any production burden.

**RFP Nos. 16 & 17:** In Request Nos. 16 and 17, we request documents relating to USAuPair's financial statements and corporate structure. Given the revised claims with respect to USAuPair in the Amended Complaint, we withdraw these two requests without prejudice to renew.

**RFP Nos. 18**: USAuPair objects to the request for a list of its employees, including names, titles, and reporting lines, on the basis that the information is a proprietary and confidential. Even if this were possible, we have a protective order in place specifically for the protection of proprietary and confidential information. As a result, USAuPair should provide this information as part of its production.

**RFP No. 20.** You have also objected to RFP No. 20 on the basis of relevance. Documents that relate to what au pairs may have been told about their responsibilities as au pair, as well as what they should do if they had a problem or complaint, are relevant as to whether that compensation was fixed. In lieu of a full production to RFP No. 20, Plaintiffs will also accept a stipulation that communications to au pair were uniform and stated that the pay was fixed at $195.75 for standard au pairs.

## II.    Interrogatories

USAuPair's objection that Plaintiffs' Interrogatories #1, #3, and #4 contain multiple sub-parts is without merit and contrary to caselaw, which recognizes that "interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, 09-CV-01862-ZLW-MEH, 2010 WL 5464313, at *1 (D. Colo. 2010).[4] Applying this standard, Plaintiffs' have submitted 4 interrogatories to USAuPair and have not come close to exceeding the limit.

---

[4] See *also* Notes of Advisory Committee on Rules, Fed. R. Civ. P. 33 ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed.2010) (Subparts "directed at eliciting details concerning a common theme should be considered a single question.")

William Kelly III, Esq.
October 14, 2016
Page 4

    With respect to the Fourth Interrogatory, USAuPair states that it does not possess records establishing the total amounts actually paid by host families to au pairs. The interrogatory does not request records, it requests that USAuPair identify all putative class members who have been paid more than $195.75. To the extent that USAuPair does not know of any putative class members that have been paid more than $195.75, the appropriate response to this interrogatory is: "None."

## III.   <u>Correcting Deficiencies</u>

    USAuPair has produced *no documents at all* in the 5 months since it provided these responses. While USAuPair has interjected a series of legally insufficient objections, it did agree to produce "Defendant's standard documents, forms, advertisements, and other materials relating to au pair compensation, after a protective order has been entered in this matter; and (2) Department of State guidance relating to au pair compensation." Yet not even these items have been provided.

    We look forward to USAuPair correcting the deficiencies listed above. In addition, please let us know whether you will withdraw the objection to class discovery by <u>Monday, October 24th</u> so that we can promptly seek resolution of this issue before the Magistrate.

Sincerely,

Dawn L. Smalls

**BOIES,   SCHILLER   &   FLEXNER   LLP**

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

October 14, 2016

**Via email**
Bogdan Enica, Esq.
111 Second Avenue, NE, Suite 204
St. Petersburg, FL 33701

> *Re:*   *Beltran v. InterExchange, et al.*

Dear Mr. Enica,

We write to address the deficiencies in Expert Group International, Inc. d/b/a Expert AuPair's ("Expert AuPair") Responses to Plaintiffs' First Request for the Production of Documents ("First RFP"), Second Request for the Production of Documents ("Second RFP"), and Expert AuPair's Responses to Plaintiffs' First Set of Interrogatories ("First Interrogatories").

## I.   General Objections

Classwide Discovery.  We begin by noting that you have made an almost uniform objection to the First RFP and First Interrogatories on the basis that they improperly seek classwide discovery before any class has been certified or any motion for certification has been filed. You have made this objection with respect to Document Requests #1, #2, #7, #8, #10, #12, and #14, and Plaintiffs' Interrogatories #1, #3, and #4. You have also objected to Document Requests #2 and #7, and Plaintiffs' Interrogatories #1, #3, and #4 on the basis that they violate the privacy rights of Expert AuPair and non-parties, an objection directly tied to the issue of whether Plaintiffs' are entitled to class wide discovery. These objections are unjustified. The Magistrate Judge specifically rejected Defendants' attempts to bi-furcate discovery into phases relating to class and merits discovery.  In addition, a Motion for conditional certification is now pending and the caselaw is clear that plaintiffs are generally entitled to pre-certification discovery to establish the requirements for a class action.[1]

If you will not withdraw this objection and begin production of class related discovery immediately, we will need to raise this issue with the Magistrate Judge.  The delay and bifurcation of discovery will impede the efficient adjudication of this matter and will not allow discovery sufficient for Plaintiffs to establish their claims.  Please let us know by Monday

---

[1] *Roberts v. C.R. England, Inc.*, No. 2:12-CV-0302, 2013 WL 3893987, at *2 (D. Utah July 26, 2013). ("Some discovery is necessary prior to a determination of class certification.").  See also *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 539-543 (D. Kan. 2011) (allowing discovery pre-certification, noting that to obtain certification Plaintiffs were required to show that members of the putative class were similarly situated.) (finding the privacy interests of the Bank's former employees did not outweigh Plaintiffs' need for discovery.)

BOIES, SCHILLER & FLEXNER LLP

Bogdan Enica
October 14, 2016
Page 2

October 24, 2016 whether you will withdraw this objection; otherwise we will seek to elevate this issue to the Magistrate.

Confidential proprietary business information. You have objected to a number of requests, specifically Requests #1, #2, #7, #8, #10, #12, #16, #17, and #18, and Plaintiffs' Interrogatory #1 on the basis that they are proprietary and confidential. Even if this designation were appropriate for the documents encompassed by these requests – which include documents concerning au pair compensation and a request for a list of Expert AuPair's employees - we have a protective order[2] in place specifically for the protection of confidential information. Therefore, this objection must be withdrawn.

Attorney-client privilege and/or work product doctrine. Expert AuPair objects to Plaintiffs' request for correspondence with or about any other Defendant, and agreements entered into by Defendants, on the basis that the requests seek documents subject to the joint defense privilege or the attorney-client privilege and/or work product doctrine.[3] This objection is specious and must be withdrawn. To further address this objection, Plaintiffs clarify that we only ask that ESI be searched prior to date of service and that no Request seeks communications to, from, or produced by outside litigation counsel.

## II.   Specific Objections

Deficiencies regarding specific responses are discussed below.

**RFP Nos. 1, 2, 7, 8, 10, 12 &14**:  Expert AuPair's blanket refusal to produce responsive documents for the Putative Class members is entirely unjustified. As discussed above, unless your objections are withdrawn, we will seek resolution before the Magistrate.

**RFP Nos. 3, 6, & 15:** Notwithstanding your numerous objections, you state that you have no responsive documents to these requests. Accordingly, please identify the searches that were conducted in response to these requests.

**RFP No. 4.** Your objection that Plaintiffs' request for documents concerning any meetings between you and any other sponsor, on the basis that it is not relevant is not credible.

---

[2] "Generally, concerns about confidentiality or the disclosure of private or sensitive information are not a sufficient basis to withhold discovery and are best addressed in the form of a protective order." *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 534, 541 (D. Kan. 2011).

[3] One relying on the joint defense privilege must establish that (1) the documents are protected by the attorney client privilege and/or the work product doctrine; (2) there was existing litigation or a strong possibility of future litigation at the time of the communications reflected in the documents; and (3) the documents were exchanged between parties and their separate counsel for the purpose of mounting a common defense against the litigation. *Metro Wastewater Reclamation Dist. v. Cont'l Cas. Co.*, 142 F.R.D. 471, 478-479 (D. Colo. 1992). See also *CGC Holding Co., LLC v. Hutchens*, No. 11-CV-01012-RBJ-KLM, 2016 WL 233551, at *2 (D. Colo. Jan. 20, 2016).

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

Bogdan Enica
October 14, 2016
Page 3

This request goes to the core of Plaintiffs' claims that Defendants conspired to keep the weekly pay for au pairs fixed at $195.75.

**RFP No. 7:**  Correspondence with putative class members is relevant and necessary to establishing what representations may have been made to putative class members about their compensation. To the extent that Defendants find this request unreasonably burdensome, Plaintiffs will also accept a stipulation that communications to au pairs uniformly stated that the pay was fixed at $195.75 for standard au pairs.

**RFP No. 8**: Contracts between Defendants and host families relating to the putative class members are relevant and necessary to establishing what was communicated to host families about au pair compensation. To the extent that Defendants find this request unreasonably burdensome, Plaintiffs will also accept a stipulation that communications to au pairs uniformly stated that the pay was fixed at $195.75 for standard au pairs.

**RFP No. 9:** ExpertAuPair has produced some documents pertaining to named representative Nicole Mapledoram, however, that production is patently deficient. Specifically, Plaintiff Mapledoram produced, in response to ExperAuPair's subpoena duces tecum,  a significant number of documents in her possession constituting communications with ExpertAuPair. ExpertAuPair, as a recipient or sender of those communications, clearly had possession of the documents, which should have been produced to Plaintiffs. Plaintiffs ask that you supplement this production with all communications with or about Nicole Mapledoram or provide explanation as to why these responsive documents are no longer in your possession.

**RFP No. 13.** Your objection that Plaintiffs' request for documents concerning statements you have made to host families regarding the number of hours au pairs may be required to work, on the basis of relevance is again not credible. Any information around what you may have communicated to host families about the number of hours that an au pair would be required to work is entirely relevant as to whether the pay for au pairs was fixed and/or whether there may have been any FLSA violations.

**RFP No. 14**: Documents relating to complaints au pairs may have made about compensation or work schedule are entirely relevant as to whether that compensation was fixed and/or whether they may have been eligible for or received an increase. In lieu of a full production, Plaintiffs will accept (1) a stipulation that communications to host families were uniform and stated that the pay was fixed at $195.75 for standard au pairs; or (2) the audits that summarize the information requested in RFP No. 14 and were provided to the Department of State. These documents are easily identifiable and eliminate any production burden.

**RFP No. 16:** You have also objected to Plaintiff's requests for Expert AuPair's financial statements. Plaintiffs have the right to all information that may lead to the discovery of admissible evidence and this information is critical to Plaintiffs' claims. Plaintiffs claim damages

BOIES, SCHILLER & FLEXNER LLP

Bogdan Enica
October 14, 2016
Page 4

arising from the fees the class has paid to Expert AuPair and the amount of revenue derived therefrom is clear evidence of the amount of these damages suffered by the class.[4]

**RFP No. 20.** You have also objected to RFP No. 20 on the basis of relevance. Documents that relate to what au pairs may have been told about their responsibilities as au pair, as well as what they should do if they had a problem or complaint, are relevant as to whether that compensation was fixed. In lieu of a full production to RFP No. 20, Plaintiffs will also accept a stipulation that communications to au pair were uniform and stated that the pay was fixed at $195.75 for standard au pairs.

**RFP Nos. 22-25:** Expert AuPair states that it has no documents responsive to these requests. Please identify the searches that were conducted in response to these requests.

## III.    **Interrogatories**

Expert AuPair's objection to Plaintiffs' Interrogatories on the basis that they contain multiple sub-parts is without merit and contrary to caselaw, which recognizes that "interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, 09-CV-01862-ZLW-MEH, 2010 WL 5464313, at *1 (D. Colo. 2010).[5] Applying this standard, Plaintiffs' have submitted 4 interrogatories to Expert AuPair and have not come close to exceeding the limit.

Further, Expert AuPair's blanket refusal to respond to the Interrogatories for the Putative Class members is entirely unjustified. As discussed above, unless your objection is withdrawn, we will seek resolution before the Magistrate.

## IV.    **Correcting Deficiencies**

We look forward to Expert AuPair correcting the deficiencies listed above. In addition,

---

[4] *Gulf Coast Shippers Ltd. P'ship v. DHL Express (USA), Inc.*, No. 2:09CV221, 2015 WL 127857, at *2 (D. Utah Jan. 7, 2015) (granting motion to compel of plaintiff's financial statements).

[5] S*ee also* Notes of Advisory Committee on Rules, Fed. R. Civ. P. 33 ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed.2010) (Subparts "directed at eliciting details concerning a common theme should be considered a single question.")

# B O I E S,   S C H I L L E R   &   F L E X N E R   L L P

Bogdan Enica
October 14, 2016
Page 5

please let us know whether you will withdraw the objection to class discovery by <u>Monday, October 24th</u> so that we can promptly seek resolution of this issue before the Magistrate.

Sincerely,

Dawn L. Smalls

# B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

October 10, 2016

**FILE COPY**

**Via email**
Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647

    *Re:    Beltran v. InterExchange, et al.*

Dear Ms. Reilly,

    I am writing to address the deficiencies in American Cultural Exchange, LLC d/b/a GoAuPair's ("GoAuPair") Responses to Plaintiffs' First Request for the Production of Documents ("First RFP") and GoAuPair' Responses to Plaintiffs' First Set of Interrogatories ("First Interrogatories").

## I.    General Objections

    <u>Classwide Discovery</u>.  We begin by noting that you have made an almost uniform objection to the First RFP and First Interrogatories on the basis that they improperly seek classwide discovery before any class has been certified or any motion for certification has been filed. You have made this objection with respect to Document Requests #1, #2, #7, #8, #10, #12, and #14 and **[all four of Plaintiffs' Interrogatories]**. You have also objected to Document Requests #2 and #7 on the basis that they seek documents that are subject to Defendant's privacy policy, which is directly tied to the issue of whether Plaintiffs' are entitled to class wide discovery. These objections are unjustified. The Magistrate Judge specifically rejected Defendants' attempts to bi-furcate discovery into phases relating to class and merits discovery. In addition, a Motion for conditional certification is now pending and the caselaw is clear that plaintiffs are generally entitled to pre-certification discovery to establish the requirements for a class action.[1]

    If you will not withdraw this objection and begin production of class related discovery, we will need to raise this issue immediately with the Magistrate Judge.  The delay and bifurcation of discovery will impede the efficient adjudication of this matter and will not allow discovery sufficient for Plaintiffs to establish their claims.  Please let us know by <u>Wednesday,</u>

---

[1] *Roberts v. C.R. England, Inc.*, No. 2:12-CV-0302, 2013 WL 3893987, at *2 (D. Utah July 26, 2013). ("Some discovery is necessary prior to a determination of class certification."). See also *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 539-543 (D. Kan. 2011) (allowing discovery pre-certification, noting that to obtain certification Plaintiffs were required to show that members of the putative class were similarly situated.) (finding the privacy interests of the Bank's former employees did not outweigh Plaintiffs' need for discovery.)

BOIES, SCHILLER & FLEXNER LLP

Kathryn A. Reilly
January 6, 2017
Page 2

October 12, 2016 whether you will withdraw this objection; otherwise we will seek to elevate this issue to the Magistrate.

Confidential proprietary business information or trade secrets. You have objected to a number of requests, specifically Requests #1, #2, #7, #8, #10, #12, #16, #17, and #18, **[and all four Interrogatories]** on the basis that they are proprietary and confidential. Even if this designation were appropriate for the documents encompassed by these requests – which include documents concerning au pair compensation and documents sufficient to identify GoAuPair's employees - we have a protective order[2] in place specifically for the protection of confidential information. Therefore, this objection must be withdrawn.

Attorney-client Privilege and/or work product doctrine. GoAuPair objects to Plaintiffs' request for correspondence with or about any other Defendant and documents relating to agreements entered into by Defendants, on the basis that the requests seek documents subject to the joint defense privilege or the attorney-client privilege and/or work product doctrine.[3] This objection is specious and must be withdrawn. To further address this objection, Plaintiffs clarify that ESI protocol requires Defendants to search only documents prior to January 2015 (date of service) and that no Request seeks communications by outside litigation counsel.

## II.    Specific Objections

Deficiencies regarding specific responses are discussed below.

**RFP Nos. 1, 7, 8 & 14**:  GoAuPair's blanket refusal to produce responsive documents for the Putative Class members is entirely unjustified. As discussed above, unless your objections are withdrawn, we will seek resolution before the Magistrate.

**RFP Nos. 16:** You have also objected to Plaintiff's requests for GOAUPAIR's financial statements. Plaintiffs have the right to all information that may lead to the discovery of admissible evidence and this information is imperative to the majority of Plaintiffs claims. Plaintiff claim damages arising from the fees the class has paid to GOAUPAIR and the amount

---

[2] "Generally, concerns about confidentiality or the disclosure of private or sensitive information are not a sufficient basis to withhold discovery and are best addressed in the form of a protective order." *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 534, 541 (D. Kan. 2011).

[3] One relying on the joint defense privilege must establish that (1) the documents are protected by the attorney-client privilege and/or the work product doctrine; (2) there was existing litigation or a strong possibility of future litigation at the time of the communications reflected in the documents; and (3) the documents were exchanged between parties and their separate counsel for the purpose of mounting a common defense against the litigation. *CGC Holding Co., LLC v. Hutchens*, No. 11-CV-01012-RBJ-KLM, 2016 WL 233551, at *2 (D. Colo. Jan. 20, 2016).

BOIES,   SCHILLER   &   FLEXNER   LLP

Kathryn A. Reilly
January 6, 2017
Page 3

of revenue derived therefrom is clear evidence of the amount of these damages suffered by the class.[4]

      **RFP No. 18:** Defendant objects to the request for a list of its employees, including names, titles, and reporting lines, on the basis that the information is proprietary and confidential. Even if this were possible, we have a protective order in place specifically for the protection of confidential information. As a result, GoAuPair should provide this information as part of its production.

## III.    Interrogatories

      **GoAuPair's objection that Plaintiffs' First, Third and Fourth interrogatory contain multiple sub-parts is without merit and contrary to caselaw, which recognizes that "interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."** *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, **09-CV-01862-ZLW-MEH, 2010 WL 5464313, at \*1 (D. Colo. 2010).[5] Applying this standard, Plaintiffs' have submitted 4 interrogatories to GOAUPAIR and have not come close to exceeding the limit.**

      **With respect to the Fourth Interrogatory, GOAUPAIR states that GOAUPAIR does not possess records establishing the total amounts actually paid by an individual host family to an au pair. The interrogatory does not request records, it requests that GOAUPAIR identify all putative class members who have been paid more than $195.75. To the extent that GOAUPAIR does not know of any putative class members that have been paid more than $195.75, the appropriate response to this interrogatory is: "None."**

## IV.    Correcting Deficiencies

      We look forward to GoAuPair correcting the deficiencies listed above. In addition, please

---

[4] *Gulf Coast Shippers Ltd. P'ship v. DHL Express (USA), Inc.*, No. 2:09CV221, 2015 WL 127857, at \*2 (D. Utah Jan. 7, 2015) (granting motion to compel of plaintiff's financial statements).

[5] *See also* Notes of Advisory Committee on Rules, Fed. R. Civ. P. 33 ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed.2010) (Subparts "directed at eliciting details concerning a common theme should be considered a single question.")

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

Kathryn A. Reilly
January 6, 2017
Page 4

let us know whether you will withdraw the objection to class discovery by Wednesday, October 12th so that we can promptly seek resolution of this issue before the Magistrate.

Sincerely,

Dawn L. Smalls

# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

October 11, 2016

Peggy Kozal, Esq.
555 17th Street, Suite 3400
Denver, CO  80202

**FILE COPY**

    *Re:*    ***Beltran v. InterExchange, et al.***

Dear Ms. Kozal,

      Thank you for your work to diligently respond to Plaintiffs' First Request for the Production of Documents ("First RFP") and Plaintiffs' First Set of Interrogatories ("First Interrogatories"). We write to address the deficiencies in your production.

## General Objections

      Classwide Discovery.  We begin by noting that you have made an almost uniform objection to the First RFP and First Interrogatories on the basis that they improperly seek classwide discovery before any class has been certified or any motion for certification has been filed. You have made this objection with respect to Document Requests #1, #2, #7, #8, #10, #12, and #14, and Plaintiffs' Interrogatories #1, #3, and #4. You have also objected to Document Requests #2 and #7, and Plaintiffs' Interrogatories #1, #3, and #4 on the basis that they violate the privacy rights of AuPairCare and non-parties, an objection directly tied to the issue of whether Plaintiffs' are entitled to class wide discovery. These objections are unjustified. The Magistrate Judge specifically rejected Defendants' attempts to bi-furcate discovery into phases relating to class and merits discovery.  In addition, a Motion for conditional certification is now pending and the caselaw is clear that plaintiffs are generally entitled to pre-certification discovery to establish the requirements for a class action.[1]

      If you will not withdraw this objection and begin production of class related discovery immediately, we will need to raise this issue with the Magistrate Judge.  The delay and bifurcation of discovery will impede the efficient adjudication of this matter and will not allow discovery sufficient for Plaintiffs to establish their claims.  Please let us know by Thursday October 19, 2016 whether you will withdraw this objection; otherwise we will seek to elevate this issue to the Magistrate.

---

[1] *Roberts v. C.R. England, Inc.*, No. 2:12-CV-0302, 2013 WL 3893987, at *2 (D. Utah July 26, 2013). ("Some discovery is necessary prior to a determination of class certification.").  See also *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 539-543 (D. Kan. 2011) (allowing discovery pre-certification, noting that to obtain certification Plaintiffs were required to show that members of the putative class were similarly situated.) (finding the privacy interests of the Bank's former employees did not outweigh Plaintiffs' need for discovery.)

B O I E S,   S C H I L L E R   &   F L E X N E R   L L P

Peggy Kozal
January 6, 2017
Page 2

Confidential proprietary business information. You have objected to a number of requests, specifically Requests #1, #2, #7, #8, #10, #12, #16, #17, and #18, and Plaintiffs' Interrogatories #1, #3, and #4 on the basis that they are proprietary and confidential. Even if this designation were appropriate for the documents encompassed by these requests – which include documents concerning au pair compensation and a request for a list of AuPairCare's employees - we have a protective order[2] in place specifically for the protection of confidential information. Therefore, this objection must be withdrawn.

Attorney-client privilege and/or work product doctrine. AuPairCare objects to Plaintiffs' request for correspondence with or about any other Defendant and agreements entered into by Defendants, on the basis that the requests seek documents subject to the joint defense privilege or the attorney-client privilege and/or work product doctrine.[3] This objection is specious and must be withdrawn. To further address this objection, Plaintiffs clarify that we only ask that ESI be searched prior to the date of service and that no Request seeks communications to, from, or produced by outside litigation counsel.

Arbitration. We also note that you have made a uniform objection to the First RFP and First Interrogatories on the basis that the dispute is governed by an arbitration clause. Even if this objection was valid, you have waived this objection by participating in the first two years of litigation.

### Specific Objections

Deficiencies regarding specific responses are discussed below.

**RFP Nos. 1, 2, 7, 8, 10, 12, & 14.** AuPairCare's blanket refusal to produce responsive documents for the Putative Class members is entirely unjustified. As discussed above, unless your objections are withdrawn, we will seek resolution before the Magistrate.

**RFP Nos. 3 & 9**: AuPairCare states that it has no documents responsive to these requests. Please identify the searches that were conducted in response to these requests.

---

[2] "Generally, concerns about confidentiality or the disclosure of private or sensitive information are not a sufficient basis to withhold discovery and are best addressed in the form of a protective order." *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 534, 541 (D. Kan. 2011).

[3] One relying on the joint defense privilege must establish that (1) the documents are protected by the attorney client privilege and/or the work product doctrine; (2) there was existing litigation or a strong possibility of future litigation at the time of the communications reflected in the documents; and (3) the documents were exchanged between parties and their separate counsel for the purpose of mounting a common defense against the litigation. *Metro Wastewater Reclamation Dist. v. Cont'l Cas. Co.*, 142 F.R.D. 471, 478-479 (D. Colo. 1992). See also *CGC Holding Co., LLC v. Hutchens*, No. 11-CV-01012-RBJ-KLM, 2016 WL 233551, at *2 (D. Colo. Jan. 20, 2016).

BOIES,   SCHILLER   &   FLEXNER   LLP

Peggy Kozal
January 6, 2017
Page 3

   **RFP No. 4.** Your objection that Plaintiffs' request for documents concerning any meetings between you and any other sponsor is not relevant is not credible. This request goes to the core of Plaintiffs' claims that Defendants conspired to keep the weekly stipend for au pairs fixed at $195.75.

   **RFP No. 5.** AuPairCare objects to this request on the basis that it seeks documents and information subject to the joint defense privilege, attorney-client privilege and/or work product doctrine. As stated above, this objection is specious and must be withdrawn. Correspondence with or about any other Defendant in this lawsuit is relevant as to whether there may have been a conspiracy to keep the weekly stipend for an au pair fixed at $195.75.

   **RFP No. 6:** AuPairCare states that it has no non-privileged documents responsive to Request No. 6. Please identify the searches that were conducted in response to this request.

   **RFP No. 14:** Documents relating to complaints au pairs may have made about compensation or work schedule are entirely relevant as to whether that compensation was fixed and/or whether they may have been eligible for or received an increase. In lieu of a full production, Plaintiffs will accept (1) a stipulation that communications to host families were uniform and stated that the pay was fixed at $195.75 for standard au pairs; or (2) the audits that summarize the information requested in RFP No. 14 and were provided to the Department of State. These documents are easily identifiable and eliminate any production burden.

   **RFP No. 16 & 17:** You have also objected to Plaintiffs' requests for AuPairCare's financial statements and information relating to its corporate structure. Plaintiffs have the right to all information that may lead to the discovery of admissible evidence and this information is imperative to the majority of Plaintiff's claims. Plaintiff claim damages arising from the fees the class has paid to AuPairCare and the amount of revenue derived therefrom is clear evidence of the amount of these damages suffered by the class.[4]

   **RFP No. 20.** You have also objected to RFP No. 20 on the basis of relevance. Documents that relate to what au pairs may have been told about their responsibilities as au pair, as well as what they should do if they had a problem or complaint, are relevant as to whether that compensation was fixed. In lieu of a full production to RFP No. 20, Plaintiffs will also accept a stipulation that communications to au pair were uniform and stated that the pay was fixed at $195.75 for standard au pairs.

---

[4] *Gulf Coast Shippers Ltd. P'ship v. DHL Express (USA), Inc.*, No. 2:09CV221, 2015 WL 127857, at *2 (D. Utah Jan. 7, 2015) (granting motion to compel of plaintiff's financial statements).

BOIES, SCHILLER & FLEXNER LLP

Peggy Kozal
January 6, 2017
Page 4

## II.   **Interrogatories**

AuPairCare's objection to Plaintiffs' Interrogatories #1, #2, and #4 on the basis that they contain multiple sub-parts is without merit and contrary to caselaw, which recognizes that "interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, 09-CV-01862-ZLW-MEH, 2010 WL 5464313, at *1 (D. Colo. 2010).[5] Applying this standard, Plaintiffs' have submitted 4 interrogatories to AuPairCare and have not come close to exceeding the limit.

Again with respect to the Interrogatories, AuPairCare's blanket refusal to produce responsive documents for Putative Class members is entirely unjustified. As discussed above, unless your objections are withdrawn, we will seek resolution before the Magistrate.

## III.   **Correcting Deficiencies**

We look forward to AuPairCare correcting the deficiencies listed above. In addition, please let us know whether you will withdraw the objection to class discovery by Thursday, October 19th so that we can promptly seek resolution of this issue before the Magistrate.

Sincerely,

---

[5] *See also* Notes of Advisory Committee on Rules, Fed. R. Civ. P. 33 ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed.2010) (Subparts "directed at eliciting details concerning a common theme should be considered a single question.")

# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

October 14, 2016

**By email**
Kathryn A. Reilly, Esq.
Wheeler Trigg O'Donnell
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

**FILE COPY**

*Re:    Beltran v. InterExchange, et al.*

Dear Ms. Reilly,

We write to address the deficiencies in Agent Au Pair, Inc.'s ("Agent Au Pair") Responses to Plaintiffs' First Request for the Production of Documents ("First RFP") and Agent Au Pair's Responses to Plaintiffs' First Set of Interrogatories ("First Interrogatories").

## I.    General Objections

Classwide Discovery. We begin by noting that you have made an almost uniform objection to the First RFP and First Interrogatories on the basis that they improperly seek classwide discovery before any class has been certified or any motion for certification has been filed. You have made this objection with respect to Document Requests #1, #2, #7, #8, #10, #12 and #14 and Plaintiffs' Interrogatories #1, #3, and #4. You have also objected to the First RFP on the basis that the requests violate the privacy rights of non-parties, which is directly tied to the issue of whether Plaintiffs' are entitled to class wide discovery. These objections are unjustified. The Magistrate Judge specifically rejected Defendants' attempts to bi-furcate discovery into phases relating to class and merits discovery. In addition, a Motion for conditional certification is now pending and the caselaw is clear that plaintiffs are generally entitled to pre-certification discovery to establish the requirements for a class action.[1]

If you will not withdraw this objection and begin production of class related discovery, we will need to raise this issue immediately with the Magistrate Judge. The delay and bifurcation of discovery will impede the efficient adjudication of this matter and will not allow discovery sufficient for Plaintiffs to establish their claims. Please let us know by Thursday, October 19, 2016 whether you will withdraw this objection; otherwise we will seek to elevate this issue to the Magistrate.

---

[1] *Roberts v. C.R. England, Inc.*, No. 2:12-CV-0302, 2013 WL 3893987, at *2 (D. Utah July 26, 2013). ("Some discovery is necessary prior to a determination of class certification."). See also *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 539-543 (D. Kan. 2011) (allowing discovery pre-certification, noting that to obtain certification Plaintiffs were required to show that members of the putative class were similarly situated.) (finding the privacy interests of the Bank's former employees did not outweigh Plaintiffs' need for discovery.)

BOIES, SCHILLER & FLEXNER LLP

Kathryn A. Reilly, Esq.
January 6, 2017
Page 2

Confidential proprietary business information. You have objected to a number of requests, specifically Requests #1, #2, #7, #8, #10, #12, #16, #17, and #18, and Interrogatories #1, #3, & #4 on the basis that they request information that is proprietary and confidential. Even if this designation were appropriate for the documents encompassed by these requests – which include statements made to families regarding au pair compensation and a request for a list of Agent Au Pair's employees - we have a protective order[2] in place specifically for the protection of confidential information. Therefore, this objection must be withdrawn.

Attorney-client privilege and/or work product doctrine. Agent Au Pair objects to Plaintiffs' request for correspondence with or about any other Defendant and agreements entered into by Defendants, on the basis that the requests seek documents subject to the joint defense privilege or the attorney-client privilege and/or work product doctrine.[3] This objection is specious and must be withdrawn. To further address this objection, Plaintiffs clarify that we only ask that Electronically Searchable Information be searched prior to date of service and that no Request seeks communications to, from, or produced by outside litigation counsel.

Deficiencies regarding specific responses are discussed below.

**RFP No. 1:** Agent Au Pair's blanket refusal to produce responsive documents for the Putative Class members is entirely unjustified. As discussed above, unless your objections are withdrawn, we will seek resolution before the Magistrate.

**RFP Nos. 3, 9, & 10:** Agent Au Pair states that it has no documents responsive to these requests. Please identify the searches that were conducted in response to these requests.

**RFP No. 6:** Agent Au Pair states that it has no non-privileged documents responsive to Request No. 6. Please identify the searches that were conducted in response to this request.

**RFP No. 7:** Correspondence with putative class members is relevant and necessary to establishing what representations may have been to putative class members about their compensation. To the extent that Defendants find this request unreasonably burdensome, Plaintiffs will also accept a stipulation that communications to standard au pairs uniformly stated that the pay was fixed at $195.75.

---

[2] "Generally, concerns about confidentiality or the disclosure of private or sensitive information are not a sufficient basis to withhold discovery and are best addressed in the form of a protective order." *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 534, 541 (D. Kan. 2011).

[3] One relying on the joint defense privilege must establish that (1) the documents are protected by the attorney-client privilege and/or the work product doctrine; (2) there was existing litigation or a strong possibility of future litigation at the time of the communications reflected in the documents; and (3) the documents were exchanged between parties and their separate counsel for the purpose of mounting a common defense against the litigation. *CGC Holding Co., LLC v Hutchens*, No. 11-CV-01012-RBJ-KLM, 2016 WL 233551, at *2 (D. Colo. Jan 20, 2016).

BOIES, SCHILLER & FLEXNER LLP

Kathryn A. Reilly, Esq.
January 6, 2017
Page 3

**RFP No. 14**: Agent AuPair makes a number of objections to Request No. 14 including relevance. Again, documents relating to complaints au pairs may have made about compensation or work schedule are entirely relevant as to whether that compensation was fixed and/or whether they may have been eligible for or received an increase. In lieu of a full production, Plaintiffs will accept the aforementioned stipulation or the audits that summarize the information requested in RFP No. 14 and were provided to the Department of State. These documents are easily identifiable and eliminate any production burden.

**RFP Nos. 16 & 17**: In Request Nos. 16 and 17, we request documents relating to Agent AuPair's financial statements and corporate structure. Given the revised claims with respect to Agent AuPair in the Amended Complaint, we withdraw these two requests without prejudice to renew.

**RFP Nos. 18**: Defendant objects to the request for a list of its employees, including names, titles, and reporting lines, on this basis that the information is a proprietary and confidential." Even if this were possible, we have a protective order in place specifically for the protection of proprietary and confidential information. As a result, Agent AuPair should provide this information as part of its production.

## II. Interrogatories

Agent Au Pair's objection that Plaintiffs' Interrogatories #1, #3, & #4 contain multiple sub-parts is without merit and contrary to caselaw, which recognizes that "interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, 09-CV-01862-ZLW-MEH, 2010 WL 5464313, at *1 (D. Colo. 2010).[4] Applying this standard, Plaintiffs' have submitted 4 interrogatories to Agent Au Pair and have not come close to exceeding the limit.

With respect to the Fourth Interrogatory, Agent Au Pair states that it does not possess records establishing the total amounts actually paid by host families to au pairs. The interrogatory does not request records, it requests that Agent Au Pair identify all putative class members who have been paid more than $195.75. To the extent that Agent Au Pair does not know of any putative class members that have been paid more than $195.75, the appropriate response to this interrogatory is: "None."

---

[4] *See also* Notes of Advisory Committee on Rules, Fed. R. Civ. P. 33 ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed.2010) (Subparts "directed at eliciting details concerning a common theme should be considered a single question.")

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

Kathryn A. Reilly, Esq.
January 6, 2017
Page 4

## III.   **Correcting Deficiencies**

We look forward to Agent Au Pair correcting the deficiencies listed above. In addition, please let us know whether you will withdraw the objection to class discovery by Thursday, October 19th so that we can promptly seek resolution of this issue before the Magistrate.

Sincerely,

Dawn L. Smalls

# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

October 14, 2016

**Via email**
Christian D. Hammond, Esq.
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290-2101

**FILE COPY**

    *Re:*   *Beltran v. InterExchange, et al.*

Dear Mr. Hammond,

    We write to address the deficiencies in A.P.EX. American Professional Exchange, LLC d/b/a ProAuPair; and 20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange ("ProAuPair") Responses to Plaintiffs' First Request for the Production of Documents ("First RFP") and Defendant's Responses to Plaintiffs' First Set of Interrogatories ("First Interrogatories").

## I.   <u>General Objections</u>

    <u>Classwide Discovery.</u>  We begin by noting that you have made an almost uniform objection to the First RFP and First Interrogatories on the basis that they improperly seek classwide discovery before any class has been certified or any motion for certification has been filed. You have made this objection with respect to Document Requests #1, #2, #7, #8, #10, #12 and #14 and Plaintiffs' Interrogatories #1, and #4. You have also objected to the First RFP on the basis that the requests violate the privacy rights of non-parties, which is directly tied to the issue of whether Plaintiffs' are entitled to class wide discovery. These objections are unjustified. The Magistrate Judge specifically rejected Defendants' attempts to bi-furcate discovery into phases relating to class and merits discovery.  In addition, a Motion for conditional certification is now pending and the caselaw is clear that plaintiffs are generally entitled to pre-certification discovery to establish the requirements for a class action.[1]

    If you will not withdraw this objection and begin production of class related discovery, we will need to raise this issue immediately with the Magistrate Judge.  The delay and bifurcation of discovery will impede the efficient adjudication of this matter and will not allow discovery sufficient for Plaintiffs to establish their claims.  Please let us know by <u>Thursday,</u>

---

[1] *Roberts v. C.R. England, Inc.*, No. 2:12-CV-0302, 2013 WL 3893987, at *2 (D. Utah July 26, 2013). ("Some discovery is necessary prior to a determination of class certification.").  See also *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 539-543 (D. Kan. 2011) (allowing discovery pre-certification, noting that to obtain certification Plaintiffs were required to show that members of the putative class were similarly situated.) (finding the privacy interests of the Bank's former employees did not outweigh Plaintiffs' need for discovery.)

BOIES, SCHILLER & FLEXNER LLP

Christian D. Hammond, Esq.
January 6, 2017
Page 2


October 19, 2016 whether you will withdraw this objection; otherwise we will seek to elevate this issue to the Magistrate.

Confidential proprietary business information. You have objected to a number of requests, specifically Requests #1, #2, #7, #8, #10, #12, #16, #17, and #18, and Interrogatories #1, #3, & #4 on the basis that they request information that is proprietary and confidential. Even if this designation were appropriate for the documents encompassed by these requests – which include statements made to families regarding au pair compensation and a request for a list of ProAuPair's employees - we have a protective order[2] in place specifically for the protection of confidential information. Therefore, this objection must be withdrawn.

Attorney-client privilege and/or work product doctrine. ProAuPair objects to Plaintiffs' request for correspondence with or about any other Defendant, and agreements entered into by Defendants, on the basis that the requests seek documents subject to the joint defense privilege or the attorney-client privilege and/or work product doctrine.[3] This objection is specious and must be withdrawn. To further address this objection, Plaintiffs clarify that we only ask that Electronically Searchable Information be searched prior to date of service and that no Request seeks communications to, from, or produced by outside litigation counsel.

Deficiencies regarding specific responses are discussed below.

RFP No. 1:  Ascertaining all au pairs that were sponsored by ProAuPair is absolutely necessary to pursuing Plaintiff's claims, and ProAuPair's blanket refusal to produce responsive documents for the Putative Class members is entirely unjustified. As discussed above, unless your objections are withdrawn, we will seek resolution before the Magistrate.

RFP Nos. 3, 9, 10, 11: ProAuPair states that it has no documents responsive to these requests. Please identify the searches that were conducted in response to these requests.

RFP No. 6:  ProAuPair states that it has no non-privileged documents responsive to Request No. 6. Please identify the searches that were conducted in response to this request.

RFP No. 7:  Correspondence with putative class members is relevant and necessary to establishing what representations may have been to putative class members about their

---

[2] "Generally, concerns about confidentiality or the disclosure of private or sensitive information are not a sufficient basis to withhold discovery and are best addressed in the form of a protective order." *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 534, 541 (D. Kan. 2011).

[3] One relying on the joint defense privilege must establish that (a) there was existing litigation or a strong possibility of future litigation; and (b) the materials were provided for the purpose of mounting a common defense against it. *Metro Wastewater Reclamation Dist. v. Cont'l Cas. Co.*, 142 F.R.D. 471, 478-479 (D. Colo. 1992). See also *CGC Holding Co., LLC v. Hutchens*, No. 11-CV-01012-RBJ-KLM, 2016 WL 233551, at *2 (D. Colo. Jan. 20, 2016).

BOIES, SCHILLER & FLEXNER LLP

Christian D. Hammond, Esq.
January 6, 2017
Page 3

compensation. To the extent that Defendants find this request unreasonably burdensome, Plaintiffs will also accept a stipulation that communications to au pairs uniformly stated that the pay was fixed at $195.75 for standard au pairs.

**RFP No. 14**: ProAuPair states that it possesses no responsive documents to RFP No. 14. In lieu of a full production, Plaintiffs will accept a stipulation that communications to host families were uniform and stated that the pay was fixed at $195.75 for standard au pairs or the audits that summarize the information requested in RFP No. 14 and were provided to the Department of State. These documents are easily identifiable and eliminate any production burden.

**RFP Nos. 16 & 17:** In Request Nos. 16 and 17, we request documents relating to ProAuPair's financial statements and corporate structure. Given the revised claims with respect to ProAuPair in the Amended Complaint, we withdraw these two requests without prejudice to renew.

## II.    Interrogatories

ProAuPair's objection that Plaintiffs' First, Third and Fourth interrogatory contain multiple sub-parts is without merit and contrary to caselaw, which recognizes that "interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, 09-CV-01862-ZLW-MEH, 2010 WL 5464313, at *1 (D. Colo. 2010).[4] Applying this standard, Plaintiffs' have submitted 4 interrogatories to ProAuPair and have not come close to exceeding the limit.

With respect to the Fourth Interrogatory, ProAuPair states that it does not possess records establishing the total amounts actually paid by host families to au pairs. The interrogatory does not request records, it requests that ProAuPair identify all putative class members who have been paid more than $195.75. To the extent that ProAuPair does not know of any putative class members that have been paid more than $195.75, the appropriate response to this interrogatory is: "None."

---

[4] See *also* Notes of Advisory Committee on Rules, Fed. R. Civ. P. 33 ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed.2010) (Subparts "directed at eliciting details concerning a common theme should be considered a single question.")

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

Christian D. Hammond, Esq.
January 6, 2017
Page 4


**III.     <u>Correcting Deficiencies</u>**

     We look forward to ProAuPair correcting the deficiencies listed above. In addition, please let us know whether you will withdraw the objection to class discovery by <u>Thursday, October 19th</u> so that we can promptly seek resolution of this issue before the Magistrate.

               Sincerely,


               Dawn L. Smalls

# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

October 10, 2016

**Via email**
James E. Hartley
Holland & Hart, LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202

   ***Re: Beltran v. InterExchange, et al.***

Dear Mr. Hartley,

  We appreciate the work you have done with our team to agree on an ESI protocol for the production of documents. However, several important issues remain and I write to address the deficiencies in Cultural Homestay International's ("CHI") Responses to Plaintiffs' First Request for the Production of Documents ("First RFP") and CHI's Responses to Plaintiffs' First Set of Interrogatories ("First Interrogatories").

## I. General Objections

  <u>Classwide Discovery</u>.  We begin by noting that you have made an almost uniform objection to the First RFP and First Interrogatories on the basis that they improperly seek classwide discovery before any class has been certified or any motion for certification has been filed. You have made this objection with respect to Document Requests #1, #2, #7, #10, #12, #14 and all four of Plaintiffs' Interrogatories. You have also objected to Document Requests #2 and #7 on the basis that they violate the privacy rights of CHI and non parties, which is directly tied to the issue of whether Plaintiffs' are entitled to class wide discovery. These objections are unjustified. The Magistrate Judge specifically rejected Defendants' attempts to bi-furcate discovery into phases relating to class and merits discovery.  In addition, a Motion for conditional certification is now pending and the caselaw is clear that plaintiffs are generally entitled to pre-certification discovery to establish the requirements for a class action.

  If you will not withdraw this objection and begin production of class related discovery, we will need to raise this issue immediately with the Magistrate Judge.  The delay and bifurcation of discovery will impede the efficient adjudication of this matter and will not allow discovery sufficient for Plaintiffs to establish their claims.  Please let us know by <u>Wednesday October 12, 2016</u> whether you will withdraw this objection; otherwise we will seek to elevate this issue to the Magistrate.

  <u>Confidential proprietary business information or trade secrets.</u> You have objected to a number of requests, specifically Requests #7, #12, #16, #17, and #18, and all four Interrogatories on the basis that they are proprietary and confidential. Even if this designation were appropriate

BOIES, SCHILLER & FLEXNER LLP

James E. Hartley
October 10, 2016
Page 2

for the documents encompassed by these requests – which include statements made to families regarding au pair compensation and a request for a list of CHI's employees - we have a protective order in place specifically for the protection of confidential information or trade secrets. Therefore, this objection must be withdrawn.

 <u>Attorney-client Privilege and/or work product doctrine</u>. CHI objects to Plaintiffs' request for correspondence with or about any other Defendant, and agreements entered into by Defendants, on the basis that the requests seek documents subject to the joint defense privilege or the attorney-client privilege and/or work product doctrine. This objection is specious and must be withdrawn. To further address this objection, Plaintiffs clarify that the ESI protocol we have agreed upon requires Defendants to search only documents prior to January 2015 (date of service) and that no Request seeks communications by outside litigation counsel.

## II.   <u>Specific Objections</u>

 Deficiencies regarding specific responses are discussed below.

 **RFP No. 1**:  Ascertaining all au pairs that were sponsored by CHI is absolutely necessary to pursuing Plaintiffs' claims, and CHI's blanket refusal to produce responsive documents for the Putative Class members is entirely unjustified. As discussed above, unless your objections are withdrawn, we will seek resolution before the Magistrate.

 **RFP No. 7**: Correspondence with putative class members is relevant and necessary to establishing what representations may have been made to putative class members about their compensation. To the extent that Defendants find this request unreasonably burdensome, Plaintiffs will also accept a stipulation that the same contract with the same terms was provided to each putative class member, or provide a whole sample set of contracts that could have been provided to putative class members during the relevant time period.

 **RFP No. 9**: You have stated that you have no documents responsive to this request. Please confirm that you have conducted a good faith search. Upon information and belief, we proffer that you have at least documents relating to Nicole Mapledoram, who submitted an application to CHI and interviewed with a CHI family.

 **RFP No. 10**: CHI stated that it has no documents responsive to this request. Accordingly, please identify the searches that were conducted in response to this request.

 **RFP Nos. 12 & 13 :** The representations that you have made to host families regarding compensation and hours are entirely relevant as to whether that compensation was fixed, notwithstanding the number of hours worked or the number of children for which the au pair was responsible.  To the extent that CHI finds this request unreasonably burdensome, Plaintiffs will

BOIES, SCHILLER & FLEXNER LLP

James E. Hartley
October 10, 2016
Page 3

also accept a stipulation that communications to host families were uniform and stated that the pay was fixed at $195.75 for standard au pairs.

**RFP No. 14**: CHI makes a number of objections to Request No. 14 including relevance. Again, documents relating to complaints au pairs may have made about compensation or work schedule are entirely relevant as to whether that compensation was fixed and/or whether they may have been eligible for or received an increase. In lieu of a full production, Plaintiffs will accept the aforementioned stipulation or the audits that summarize the information requested in RFP No. 14 and were provided to the Department of State. These documents are easily identifiable and eliminate any production burden.

**RFP Nos. 16 & 17**:  In Request Nos. 16 and 17, we request documents relating to CHI's financial statements and corporate structure. Given the revised claims with respect to CHI in the Amended Complaint, we withdraw these two requests without prejudice to renew.

**RFP Nos. 18**: Defendant objects to the request for a list of its employees, including names, titles, and reporting lines, on this basis that the information is a "trade secret." Even if this were possible, we have a protective order in place specifically for the protection of trade secrets. As a result, CHI should provide this information as part of its production.

## III.   <u>Interrogatories</u>

CHI's objection that Plaintiffs' First, Third and Fourth interrogatory contain multiple sub-parts is without merit and contrary to caselaw, which recognizes that "interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, 09-CV-01862-ZLW-MEH, 2010 WL 5464313, at *1 (D. Colo. 2010).  Applying this standard, Plaintiffs have submitted 4 interrogatories to CHI and have not come close to exceeding the limit.

With respect to the Fourth Interrogatory, CHI states that CHI does not possess records establishing the total amounts actually paid by an individual host family to an au pair. The interrogatory does not request records, it requests that CHI identify all putative class members who have been paid more than $195.75. To the extent that CHI does not know of any putative class members that have been paid more than $195.75, the appropriate response to this interrogatory is: "None."

## IV.   <u>Correcting Deficiencies</u>

We look forward to CHI correcting the deficiencies listed above. In addition, please let us know whether you will withdraw the objection to class discovery by <u>Wednesday, October 12th</u> so that we can promptly seek resolution of this issue before the Magistrate.

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

James E. Hartley
October 10, 2016
Page 4

Sincerely,

/s/ Dawn Smalls

Dawn L. Smalls

# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

October 14, 2016

Kathryn A. Reilly, Esq.
Wheeler Trigg O'Donnell
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

**FILE COPY**

>    *Re:   Beltran v. InterExchange, et al.*

Dear Ms. Reilly,

We write to address the deficiencies in Au Pair International's ("Au Pair International") Responses to Plaintiffs' First Request for the Production of Documents ("First RFP") and Au Pair International's Responses to Plaintiffs' First Set of Interrogatories ("First Interrogatories").

## I.   <u>General Objections</u>

<u>Classwide Discovery.</u>  We begin by noting that you have made an almost uniform objection to the First RFP and First Interrogatories on the basis that they improperly seek classwide discovery before any class has been certified or any motion for certification has been filed. You have made this objection with respect to Document Requests #1, #2, #7, #8, #10, #12 and #14 and Plaintiffs' Interrogatories #1, #3, and #4. You have also objected to Document Requests #2 and #7 on the basis that the requests violate the privacy rights of non-parties, which is directly tied to the issue of whether Plaintiffs' are entitled to class wide discovery. These objections are unjustified. The Magistrate Judge specifically rejected Defendants' attempts to bifurcate discovery into phases relating to class and merits discovery.  In addition, a Motion for conditional certification is now pending and the caselaw is clear that plaintiffs are generally entitled to pre-certification discovery to establish the requirements for a class action.[1]

If you will not withdraw this objection and begin production of class related discovery, we will need to raise this issue immediately with the Magistrate Judge.  The delay and bifurcation of discovery will impede the efficient adjudication of this matter and will not allow discovery sufficient for Plaintiffs to establish their claims.  Please let us know by <u>Thursday, October 19, 2016</u> whether you will withdraw this objection; otherwise we will seek to elevate this issue to the Magistrate.

---

[1] *Roberts v. C.R. England, Inc.*, No. 2:12-CV-0302, 2013 WL 3893987, at *2 (D. Utah July 26, 2013). ("Some discovery is necessary prior to a determination of class certification."). See also *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 539-543 (D. Kan. 2011) (allowing discovery pre-certification, noting that to obtain certification Plaintiffs were required to show that members of the putative class were similarly situated.) (finding the privacy interests of the Bank's former employees did not outweigh Plaintiffs' need for discovery.)

BOIES, SCHILLER & FLEXNER LLP

Kathryn A. Reilly, Esq.
January 6, 2017
Page 2

Confidential proprietary business information. You have objected to a number of requests, specifically Requests #1, #2, #7, #8, #10, #12, #16, #17, and #18, and Plaintiffs' Interrogatories #1, #3, and #4 on the basis that they request information that is proprietary and confidential. Even if this designation were appropriate for the documents encompassed by these requests – which include statements made to families regarding au pair compensation and a request for a list of Au Pair International's employees - we have a protective order[2] in place specifically for the protection of confidential information. Therefore, this objection must be withdrawn.

Attorney-client privilege and/or work product doctrine. Au Pair International objects to Plaintiffs' request for correspondence with or about any other Defendant and agreements entered into by Defendants, on the basis that the requests seek documents subject to the joint defense privilege or the attorney-client privilege and/or work product doctrine.[3] This objection is specious and must be withdrawn. To further address this objection, Plaintiffs clarify that we only ask that Electronically Searchable Information be searched prior to date of service and that no Request seeks communications to, from, or produced by outside litigation counsel.

Deficiencies regarding specific responses are discussed below.

RFP No. 1:  Au Pair International's blanket refusal to produce responsive documents for the Putative Class members is entirely unjustified. As discussed above, unless your objection is withdrawn, we will seek resolution before the Magistrate.

RFP Nos. 3, 9, 10: Au Pair International states that it has no documents responsive to these requests. Please identify the searches that were conducted in response to these requests.

RFP No. 6:  Au Pair International states that it has no non-privileged documents responsive to Request No. 6. Please identify the searches that were conducted in response to this request.

RFP No. 7:  Correspondence with putative class members is relevant and necessary to establishing what representations may have been made to putative class members about their compensation. To the extent that Defendants find this request unreasonably burdensome,

---

[2] "Generally, concerns about confidentiality or the disclosure of private or sensitive information are not a sufficient basis to withhold discovery and are best addressed in the form of a protective order." *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 534, 541 (D. Kan. 2011).

[3] One relying on the joint defense privilege must establish that (1) the documents are protected by the attorney-client privilege and/or the work product doctrine; (2) there was existing litigation or a strong possibility of future litigation at the time of the communications reflected in the documents; and (3) the documents were exchanged between parties and their separate counsel for the purpose of mounting a common defense against the litigation. *CGC Holding Co., LLC v Hutchens*, No. 11-CV-01012-RBJ-KLM, 2016 WL 233551, at *2 (D. Colo. Jan 20, 2016).

BOIES,  SCHILLER  &  FLEXNER  LLP

Kathryn A. Reilly, Esq.
January 6, 2017
Page 3

Plaintiffs will also accept a stipulation that communications to au pairs uniformly stated that the pay was fixed at $195.75 for standard au pairs.

RFP No. 14: Au Pair International makes a number of objections to Request No. 14 including relevance.  Again, documents relating to complaints au pairs may have made about compensation or work schedule are entirely relevant as to whether that compensation was fixed and/or whether they may have been eligible for or received an increase. In lieu of a full production, Plaintiffs will accept the aforementioned stipulation or the audits that summarize the information requested in RFP No. 14 and were provided to the Department of State. These documents are easily identifiable and eliminate any production burden.

RFP Nos. 16 & 17:  In Request Nos. 16 and 17, we request documents relating to Au Pair International's financial statements and corporate structure. Given the revised claims with respect to Au Pair International in the Amended Complaint, we withdraw these two requests without prejudice to renew.

RFP Nos. 18: Au Pair International objects to the request for a list of its employees, including names, titles, and reporting lines, on this basis that the information is a proprietary and confidential." Even if this were possible, we have a protective order in place specifically for the protection of proprietary and confidential information. As a result, Au Pair International should provide this information as part of its production.

## II.   Interrogatories

Au Pair International's objection that Plaintiffs' Interrogatories #1, #3, and #4 contain multiple sub-parts is without merit and contrary to caselaw, which recognizes that "interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, 09-CV-01862-ZLW-MEH, 2010 WL 5464313, at *1 (D. Colo. 2010).[4] Applying this standard, Plaintiffs' have submitted 4 interrogatories to Au Pair International and have not come close to exceeding the limit.

With respect to the Fourth Interrogatory, Au Pair International states that it does not possess records establishing the total amounts actually paid by host families to au pairs. The interrogatory does not request records, it requests that Au Pair International identify all putative class members who have been paid more than $195.75. To the extent that Au Pair International

---

[4] *See also* Notes of Advisory Committee on Rules, Fed. R. Civ. P. 33 ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed.2010) (Subparts "directed at eliciting details concerning a common theme should be considered a single question.")

BOIES, SCHILLER & FLEXNER LLP

Kathryn A. Reilly, Esq.
January 6, 2017
Page 4

does not know of any putative class members that have been paid more than $195.75, the appropriate response to this interrogatory is: "None."

## III.   Correcting Deficiencies

We look forward to Au Pair International correcting the deficiencies listed above. In addition, please let us know whether you will withdraw the objection to class discovery by Thursday, October 19th so that we can promptly seek resolution of this issue before the Magistrate.

Sincerely,

Dawn L. Smalls