Ex. S

| | |
|---|---|
| **From:** | Dawn Smalls |
| **To:** | Maria Guarisco |
| **Cc:** | Daniel Schwartz |
| **Subject:** | FW: AIFS: Beltran v. InterExchange, Inc. et al. |
| **Date:** | Friday, January 06, 2017 12:46:15 PM |

**From:** Stephen Macri [mailto:SMacri@putneylaw.com]
**Sent:** Thursday, January 05, 2017 6:02 PM
**To:** Dawn Smalls
**Cc:** Schaecher, Susan
**Subject:** AIFS: Beltran v. InterExchange, Inc. et al.

Dear Dawn,

Sue Schaecher was kind enough to forward a January 3 email to me, which included a letter from you dated December 30. That email came to my attention yesterday.

Our client's representative who is responsible for this matter was traveling abroad and has been ill the last few days. When she returns to the office, I will discuss your request with her and get back to you next week.

Thank you for your continued cooperation.
Steve

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Stephen J. Macri
Putney, Twombly, Hall & Hirson LLP,
521 Fifth Avenue, New York, NY 10175
smacri@putneylaw.com
Firm:        212 682-0020
Direct:      212 682-5435
Facsimile:  212 682-9380

Notice: This e-mail message and any attachment to this e-mail message contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at (212) 682-0020 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Putney Twombly Hall & Hirson, LLP. Although Putney Twombly Hall & Hirson, LLP attempts to sweep e-mail and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving Putney Twombly Hall & Hirson, LLP.

**From:** Schaecher, Susan [mailto:sschaecher@fisherphillips.com]
**Sent:** Tuesday, January 03, 2017 3:02 PM
**To:** Dawn Smalls <DSmalls@BSFLLP.com>
**Cc:** Maria Guarisco <MGuarisco@BSFLLP.com>; Sheryl Heyward <SHeyward@BSFLLP.com>; Stephen Macri <SMacri@putneylaw.com>; Lee, Lawrence <llee@fisherphillips.com>
**Subject:** RE: Re: Beltran v. InterExchange, Inc. et al.

Dawn, today I received the email below with your letters regarding APF and AIFS.  Please note that Steve Macri of Putney, Twombly, Hall & Hirson LLP is now lead counsel for AIFS and communications regarding AIFS should be directed to him.   I have forwarded your letter to Steve.

Larry and I continue to represent APF.

Thank you.

### Susan Schaecher
**Attorney at Law**

Fisher & Phillips LLP
1801 California Street | Suite 2700 | Denver, CO 80202
sschaecher@fisherphillips.com | O: (303) 218-3676

| vCard | Bio | Website | *On the Front Lines of Workplace Law℠*

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

---

**From:** Sheryl Heyward [mailto:SHeyward@BSFLLP.com]
**Sent:** Tuesday, January 3, 2017 12:23 PM
**To:** Schaecher, Susan <sschaecher@fisherphillips.com>; Lee, Lawrence <llee@fisherphillips.com>
**Cc:** Dawn Smalls <DSmalls@BSFLLP.com>; Maria Guarisco <MGuarisco@BSFLLP.com>
**Subject:** FW: Re: Beltran v. InterExchange, Inc. et al.

Dear Ms. Schaecher,

Attached is correspondence from Ms. Smalls, she attempted to email you on December 30th but it bounced back to her.

Thank you.

Sheryl Heyward

Sheryl A. Heyward
Legal Assistant to Dawn Smalls

BOIES, SCHILLER & FLEXNER LLP

575 Lexington Avenue

New York, New York 10022

Main:  (212) 446-2300

Direct:  (212) 446-2355

Facsimile:  (212) 446-2350

sheyward@bsfllp.com

---

**From:** Dawn Smalls
**Sent:** Friday, December 30, 2016 5:29 PM
**To:** 'sschaecher@fisherphilipps.com'; 'llee@fisherphilipps.com'
**Cc:** Sheryl Heyward; Maria Guarisco
**Subject:** Re: Beltran v. InterExchange, Inc. et al.

Susan,

Please find correspondence relating to the Beltran matter attached.

Thank you.

Dawn

Dawn L. Smalls
Partner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Ave
New York, NY 10022
212-754-4216 (Direct)
212-446-2350 (Fax)
dsmalls@bsfllp.com
www.bsfllp.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

# Ex. T



fisherphillips.com

**Denver**
1801 California
Suite 2700
Denver, CO  80202

(303) 218-3650 Tel
(303) 218-3651 Fax
**Writer's Direct Dial:**
303-218-3650

**Writer's E-mail:**
sschaecher@fisherphillips.com

January 6, 2017

**Via email dsmalls@bsfllp.com**

Dawn L. Smalls
Boies, Schiller & Flexner LLP
575 Lexington Ave.
New York, New York  10022

Dear Dawn:

I did not receive a phone message from you regarding the status of APF's responses to plaintiffs' discovery requests, only your letter dated December 30 which I received via email on January 3.

Regarding your request for information identifying host families, we objected to the request on several bases, not only that it was seeking class-wide discovery before a class had been certified. Producing host family information is tantamount to producing au pair information, which you implicitly acknowledge in your letter is premature.  We also objected that the request was burdensome and oppressive and the information sought is irrelevant and proprietary and confidential to APF.  The host families are the lifeblood of APF's business, and their privacy interests are at stake here.

Your letter claims you need this information to determine what au pairs were actually paid and states that APF "has represented that it does not have this information since it does not process the au pair's wages on a weekly basis."  (Please note:  APF's position is that au pairs are not employees; accordingly, no one pays them "wages" and we dispute all the references to wages and employment in your letter.)  Just to be clear, APF has information on amounts that were to be paid to au pairs and whether au pairs received at least $195.75 per week but not information on what amounts they actually received if they received more.  The au pairs are as likely, if not more likely, to have information regarding what they actually received.  Moreover, the Fair Labor Standards Act and state wage law claims in the lawsuit have not been brought

**Fisher & Phillips LLP**
Atlanta • Baltimore • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Portland • Sacramento • San Antonio • San Diego • San Francisco • Seattle • Tampa • Washington, DC

Dawn L. Smalls
January 6, 2017
Page 2

against APF, so there is no need to determine what APF's au pairs were actually paid.  You also argue that you need to know what APF told host families about the cost of "employing" au pairs. APF has produced its standard documents, forms, and advertisements concerning au pair compensation and host family contract forms.  These include communications with host families regarding payments.

Regarding your request for APF's financial statements, the information sought is proprietary and confidential, not relevant, burdensome and not proportional to the needs of the case.  As discussed in our responses to the request, evidence of financial status is not discoverable absent a showing of relevance and compelling need, and speculation that financial statements might show "patterns" "indicative of collusive behavior" fails to meet that standard.

Regarding your request for documents relating to APF's organizational structure, see APF's response and supplemental response to request for production 17.

Finally, you demand documents relating to au pair compensation including reports and surveys re "wages" and documents relating to complaints by au pairs about compensation or work schedule.  Again, APF objects to producing such documents on that basis that they contain confidential information and are irrelevant, the request is being made before any class action has been certified, is burdensome, not proportional to the needs of the case and pertains to causes of action not brought against APF.  Without waiving these objections, APF will produce copies of the annual Reporting of Independent Accountants on Applying Agreed-Upon Procedures prepared for APF and the Department of State.

Sincerely,

s/ *Susan M. Schaecher*
Susan M. Schaecher
Attorney
For FISHER & PHILLIPS LLP

SMAS:kh

# Ex. U

| | |
|---|---|
| **From:** | Dawn Smalls |
| **To:** | Maria Guarisco |
| **Cc:** | Daniel Schwartz |
| **Subject:** | FW: Your message |
| **Date:** | Friday, January 6, 2017 4:22:04 PM |

---

**From:** Peggy Kozal [mailto:pkozal@gordonrees.com]
**Sent:** Friday, January 06, 2017 4:10 PM
**To:** Dawn Smalls
**Subject:** RE: Your message

Dawn,

I have been out of the office for the holidays. I have reached out to our client but have not been able to discuss with them the matters you have raised. I am working on this and will get back to you as soon as I can, hopefully on Monday or Tuesday of next week.

Peggy

**PEGGY E. KOZAL**
**Of Counsel**
**GORDON & REES**
**SCULLY MANSUKHANI**
Direct: 303-200-6888

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Thursday, January 05, 2017 11:06 AM
**To:** Peggy Kozal
**Subject:** RE: Your message

Peggy,

I hope you had a nice holiday. As you know the deadline to exchange affirmative expert witness disclosures is next Friday, January 13, 2017. Accordingly, please indicate by tomorrow whether you plan to produce additional documents, and whether in that production you intend to provide wage data for au pairs or the audits submitted to the State Department on a monthly basis, as well as the information indicated in the attached correspondence.

Thank you.

Dawn

---

**From:** Dawn Smalls

**Sent:** Friday, December 30, 2016 4:07 PM
**To:** 'Peggy Kozal'
**Subject:** RE: Your message

Hi Peggy,

Please use this version. Both are identical but this is the pdf version.

Thanks,

Dawn

---

**From:** Dawn Smalls
**Sent:** Friday, December 30, 2016 4:04 PM
**To:** 'Peggy Kozal'
**Subject:** RE: Your message

Hi Peggy,

Please find correspondence relating to the Beltran matter attached.

Best,

Dawn

---

**From:** Peggy Kozal [mailto:pkozal@gordonrees.com]
**Sent:** Friday, December 23, 2016 11:43 AM
**To:** Dawn Smalls
**Subject:** RE: Your message

That is fine.  Please call me on my direct line at 12:30 MST/2:30 EST.  Thank you.

**PEGGY E. KOZAL**
**Of Counsel**
**GORDON & REES**
**SCULLY MANSUKHANI**
Direct: 303-200-6888

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Thursday, December 22, 2016 4:05 PM
**To:** Peggy Kozal
**Subject:** RE: Your message

Could we push it to 2:30?

**From:** Peggy Kozal [mailto:pkozal@gordonrees.com]
**Sent:** Thursday, December 22, 2016 12:45 PM
**To:** Dawn Smalls
**Subject:** RE: Your message

Dawn,

Does 12:00 MST/2:00 EST on the 28th work for you?

**PEGGY E. KOZAL**
**Of Counsel**
**GORDON & REES**
**SCULLY MANSUKHANI**
Direct: 303-200-6888

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Wednesday, December 21, 2016 7:35 AM
**To:** Peggy Kozal
**Subject:** RE: Your message

Hi Peggy,

Yes. The afternoon of the 27th or the 28th should work for a call. Please let me know when works for you.

Dawn

---

**From:** Peggy Kozal [mailto:pkozal@gordonrees.com]
**Sent:** Tuesday, December 20, 2016 11:57 AM
**To:** Dawn Smalls
**Subject:** Your message

Hi Dawn,

I got your message on AuPairCare's document production.  Can we schedule a time to talk after Christmas, on 12/27 or 12/28?  Thanks.

Peggy

---

**PEGGY E. KOZAL**  | Of Counsel
**GORDON & REES**
**SCULLY MANSUKHANI**

555 Seventeenth Street, Suite 3400

Denver, CO 80202

D: 303-200-6888  |  P: 303-534-5160  |  F: 303-534-5161

**pkozal@gordonrees.com**

**vCard**  |  **Bio**

Alabama • Arizona • California • Colorado • Connecticut • Florida • Georgia
Illinois • Maryland • Massachusetts • Missouri • Nevada • New Jersey • New York
North Carolina  • Ohio • Oregon • Pennsylvania • South Carolina • South Dakota
Texas • Virginia • Washington • Washington, D.C. • West Virginia

www.gordonrees.com

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Maryland * Massachusetts * Missouri * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON & REES LLP**

http://www.gordonrees.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Ex. V



Kathryn A. Reilly
303.244.1983
reilly@wtotrial.com

January 6, 2017

Dawn L. Smalls
Boies, Schiller & Flexner, LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
dsmalls@bsfllp.com

     Re:    *Beltran, et al. v. InterExchange, Inc., et al.*

Dear Dawn:

     I am writing on behalf of my clients, Go Au Pair, Au Pair International, and Agent Au Pair (the "Sponsors") in response to your correspondence dated December 21, 2016. Go Au Pair's and Au Pair International's ESI productions will be completed no later than Friday, January 13. You should receive Agent Au Pair's production no later than Friday, January 20.

     In response to your request for documents identifying host families, the Sponsors objected to the production of that information on multiple grounds many months ago. Among other objections, the Sponsors object to this request on the basis it improperly seeks class-wide discovery before any class or collective action has been certified. Further, the host families' identities and contact information are proprietary, confidential and highly sensitive trade secrets that implicate third parties' privacy rights. The production of this information would threaten the viability of their businesses, and would thus be unduly burdensome.

     Moreover, the information sought is not relevant, nor is the request proportional to the needs of the case. You state that the host family information is necessary because "Plaintiffs must determine what au pairs were actually paid to support Plaintiffs' claims." That contention, however, does not apply to either Au Pair International or Agent Au Pair, against whom no wage claims have been asserted. With respect to Go Au Pair, the au pairs are at least as likely to have information regarding the stipends and other benefits they received. As you are aware, Go Au Pair has agreed to produce au pair information only if a class is conditionally certified—a position Plaintiffs have not challenged. Given that the conditional class certification order should be issued any day now, and the fact that Plaintiffs are yet to conduct the deposition of any sponsor or any host family (despite knowing the identity of the many host families associated with your clients), the issues raised in your letter are premature.

     Further, contrary to your letter, the Sponsors have <u>not</u> represented that they "do not process the au pair's wages on a weekly basis." Au pairs receive stipends, not wages, as they are

# Wheeler Trigg O'Donnell LLP

January 6, 2017
Page 2

not employees. While you are correct that the Sponsors do not have records of stipend amounts that were actually paid to the au pairs, Go Au Pair does have documents reflecting stipend amounts that were to be paid to au pairs. Go Au Pair is in the process of collecting these documents, and will produce them on a rolling basis with a goal of completing that production by early February.

The Sponsors also dispute that host family discovery is necessary to determine what host families were told regarding cost of the au pair program. Each Sponsor has produced its standard contracts, advertisements, forms, and documents concerning the stipends and fees to be paid by the host families. Further, the ESI productions for all three Sponsors include communications with host families regarding payments.

Finally, in response to your reference to upcoming deadlines, I note that Plaintiffs received the Sponsors' responses and objections to Plaintiffs' discovery requests, including the objections to Plaintiffs' requests seeking host family information, on May 4, 2016. Plaintiffs waited more than seven months (until your call on December 21, 2016) before raising any issue regarding host family discovery. Any timing challenges now faced by Plaintiffs are entirely of their own making.

Please do not hesitate to contact me if you have any questions.

Sincerely,

Kathryn A. Reilly

KAR:cj

Ex. W

| | |
|---|---|
| **From:** | Dawn Smalls |
| **To:** | Maria Guarisco |
| **Cc:** | Daniel Schwartz |
| **Subject:** | FW: Beltran - Cultural Homestay"s Production |
| **Date:** | Friday, January 6, 2017 9:02:41 PM |
| **Attachments:** | image001.png |

Sent with Good (www.good.com)

-----Original Message-----
**From:** Adam Hubbard [AAHubbard@hollandhart.com]
**Sent:** Friday, January 06, 2017 05:35 PM Eastern Standard Time
**To:** Dawn Smalls
**Cc:** Jonathan Bender; Jim Hartley
**Subject:** RE: Beltran - Cultural Homestay's Production

Dawn,

Thank you for your correspondence regarding the production of documents by CHI. As always, we want to avoid any misunderstandings, so we are happy to clarify what we intend to produce. As relevant here, it is my understanding that you are requesting that CHI produce the following:

1. "Audits submitted to the State Department on a monthly basis;"
2. "Wage data for au pairs;" and
3. Names and contact information of host families.

Each category is addressed below.

**1. "Audits submitted to the State Department on a monthly basis"**

CHI intends to produce the annual audits submitted to the Department of State. Please note that CHI is not required to, and does not, submit audits on a monthly basis.

**2. "Wage data for au pairs"**

CHI intends to produce data related to au pair wages. For example, CHI will produce documents showing whether au pairs were in fact paid stipends by their host families. To be clear, though, CHI does not have records showing the actual stipend amount each au pair was paid or whether the au pair received additional monetary or non-monetary compensation. CHI simply does not have records showing how much au pairs were paid and when, and thus cannot produce such documentation. Also, in your letter you claim that "CHI has represented that it does not have this information *since it does not process the au pair's wages on a weekly basis*." (emphasis added). The statement implies CHI does somehow, and on some different schedule, "process the au pair's wages." That is not the case, and CHI has never represented otherwise.

**3.  Names and contact information of host families**

CHI does not intend to produce the names and contact information for all the host families it has worked with.

As an initial matter, CHI properly objected to producing that information on multiple bases including, for example, that (1) class-wide discovery was inappropriate prior to the certification of an antitrust class; (2) producing such information would violate the privacy rights of the host families; (3) such information is proprietary, confidential, and a highly sensitive trade secret; and (4) producing information for all of CHI's host families would be burdensome and would not be would not be proportional to the needs of this case.  Indeed, production of this information would threaten the very viability of CHI.  Although you dispute whether CHI's class-wide discovery objection applies to host families, you make no attempt to address CHI's other objections or concerns.

You also do not adequately justify why such information is needed.  You broadly state that "Plaintiffs must determine what au pairs were actually paid to support plaintiffs' claims" and that you need host family contact information to get that data.  But you have not elaborated on why such information is needed to support your claims against CHI, which is a defendant in the antitrust claim only.  Further, what CHI told host families regarding the cost of hosting an au pair is readily available from documents that have or will be produced, such as host family agreements and marketing materials.  What is more, you should already have the contact information for various host families, such as those that hosted plaintiffs.  Yet you have not tried to take the depositions of those host families or otherwise direct discovery towards them, which suggests that host family contact information is not necessary, relevant, or proportional to the needs of this case.

Finally, as I have indicated, CHI expects to produce the remaining documents in the next week or two.  If you have any questions, please let me know.

Regards,
Adam

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Thursday, January 05, 2017 10:05 AM
**To:** Adam Hubbard
**Cc:** Jonathan Bender; Jim Hartley
**Subject:** RE: Beltran - Cultural Homestay's Production

Adam,

Thank you for your commitment to completing your production of documents by next week. As you know the deadline to exchange affirmative expert witness disclosures is next Friday, January 13, 2017. Accordingly, please indicate by tomorrow whether in that production you intend to provide wage data for au pairs or the audits submitted to the State Department on a monthly basis, as well as the information indicated in the attached correspondence.

Thank you.

Dawn

**From:** Adam Hubbard [mailto:AAHubbard@hollandhart.com]
**Sent:** Friday, December 16, 2016 1:34 PM
**To:** Dawn Smalls
**Cc:** Jonathan Bender; Jim Hartley
**Subject:** Beltran - Cultural Homestay's Production

Dawn, sorry I missed your call this morning, but I was tied up in meetings.  In terms of production, we have already produced a number of documents and will be completing our production in the first two weeks of January.

Let me know if you have any questions.

Best,
Adam

**Adam A. Hubbard**
*Associate*
Holland & Hart LLP
1800 Broadway, Suite 300
Boulder, CO  80302
Phone: (303) 473-4827
Fax: (303) 957-2305
E-mail: AAHubbard@HollandHart.com



**CONFIDENTIALITY NOTICE:** This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Ex. X

| | |
|---|---|
| **From:** | Dawn Smalls |
| **To:** | Maria Guarisco |
| **Cc:** | Daniel Schwartz |
| **Subject:** | FW: Beltran v. InterExchange, et al. |
| **Date:** | Friday, January 6, 2017 9:02:08 PM |

Sent with Good (www.good.com)


-----Original Message-----
**From:** Meschke, David B. [dmeschke@bhfs.com]
**Sent:** Friday, January 06, 2017 06:31 PM Eastern Standard Time
**To:** Dawn Smalls
**Cc:** Fitzgerald, Martha L.
**Subject:** RE: Re: Beltran v. InterExchange, et al.

Dawn:

This is in response to your email of yesterday, January 5, 2017.  First, I note that you represent that EuAupair "committed" to produce documents by the middle of January.  In fact,  we made no firm commitment to an exact date for providing our production of documents, but are working diligently with the goal of producing by the middle of January.

We will be providing a longer follow-up letter in the coming days, but for now here are brief responses to some of the questions you requested we answer today:

1.   Our production will not include data for stipends actually paid to au pairs.  EurAupair does not solicit nor does it collect that information;

2.   We will be providing audits which EuAupair submitted to the Department of State during the relevant time period;

3.   We will not be producing documents containing host family contact information. We have objected to this request on several bases, including that the request seeks class-wide discovery before a class has been certified; that production of such records would be in essence production of au pair information, which is premature; that the request is burdensome and oppressive; and that the request seeks information which is irrelevant, proprietary, and confidential to EurAupair.  Your request also puts the host families' privacy interests at issue.

4.   We will not be producing EurAupair's financial statements absent some cogent articulation on your part that would demonstrate the relevance of such information.

Best,

David

**David B. Meschke**

**Brownstein Hyatt Farber Schreck, LLP**

410 Seventeenth Street, Suite 2200

Denver, CO 80202

303.223.1219 tel

dmeschke@bhfs.com

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Thursday, January 05, 2017 9:51 AM
**To:** Meschke, David B.
**Subject:** RE: Re: Beltran v. InterExchange, et al.

David,

Thank you for your commitment to providing a production of documents by the middle of January. As you know the deadline to exchange affirmative expert witness disclosures is next Friday, January 13, 2017. Accordingly, please indicate by tomorrow whether in that production you intend to provide wage data for au pairs or the audits submitted to the State Department on a monthly or annual basis, as well as the information indicated in the attached correspondence.

Thank you.

Dawn

**From:** Dawn Smalls
**Sent:** Wednesday, December 21, 2016 11:08 AM
**To:** 'dmeschke@bhfs.com'
**Subject:** Re: Beltran v. InterExchange, et al.

David,

Please find correspondence relating to the Beltran matter attached.

Best,

Dawn

Dawn L. Smalls

Partner

**BOIES, SCHILLER & FLEXNER LLP**

575 Lexington Ave

New York, NY 10022

212-754-4216 (Direct)

212-446-2350 (Fax)

dsmalls@bsfllp.com

www.bsfllp.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

STATEMENT OF CONFIDENTIALITY & DISCLAIMER: The information contained in this email message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify us immediately by calling (303)-223-1300 and delete the message. Thank you.

Ex. Y

| | |
|---|---|
| **From:** | Dawn Smalls |
| **To:** | Maria Guarisco |
| **Cc:** | Daniel Schwartz |
| **Subject:** | FW: Beltran v. InterExchange, et al. |
| **Date:** | Friday, January 6, 2017 9:01:42 PM |

Sent with Good (www.good.com)

-----Original Message-----
**From:** Meshach Y. Rhoades [MRhoades@ArmstrongTeasdale.com]
**Sent:** Friday, January 06, 2017 06:33 PM Eastern Standard Time
**To:** Dawn Smalls
**Cc:** Martin J. Estevao
**Subject:** RE: Re: Beltran v. InterExchange, et al.

Dawn,

I hope you had a good holiday as well.  GreatAuPair did indeed confirm that it has no additional relevant documents in response to plaintiffs' discovery requests.

I understand that several other defendants recently received requests for company financial information, but I do not believe that GreatAuPair received any such communication.  Please explain the scope and basis for your request for any financial information.

In response to your request for documents identifying host families, GreatAuPair objected to the production of that information on multiple grounds several months ago.  Among other objections, GreatAuPair objects to this request on the basis that it improperly seeks class-wide discovery before any class or collective action has been certified.  Further, the host families' identities and contact information are proprietary, confidential and highly sensitive trade secrets that implicate third parties' privacy rights.  The production of this information would threaten the viability of their businesses, and would thus be unduly burdensome.  Moreover, the information sought is neither relevant nor proportional to the needs of the case.  You state that the host family information is necessary because "Plaintiffs must determine what au pairs were actually paid to support Plaintiffs' claims."  That contention, however, does not apply to GreatAuPair, against whom no wage claims have been asserted.

Please feel free to call me to discuss.

Sincerely,

Meshach

Meshach Y. Rhoades | Partner
Armstrong Teasdale LLP
DIRECT: 720.722.7195 CELL: 303.332.3215
mrhoades@armstrongteasdale.com



**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*PRIVATE AND CONFIDENTIAL\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient or Armstrong Teasdale LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by e-mail (admin@armstrongteasdale.com) or telephone (314-621-5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP shall be understood as neither given nor endorsed by it.**

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Wednesday, January 04, 2017 10:13 PM
**To:** Meshach Y. Rhoades
**Subject:** RE: Re: Beltran v. InterExchange, et al.

Meshach,

I hope you had a good holiday. I trust you have now had an opportunity to consult with your client. Accordingly, please let me know **by this Friday** whether additional documents will be forthcoming in response to Plaintiff's discovery requests, specifically the company financials, information relating to au pair compensation or complaints that au pairs may have made, and host family information.

Thank you.

Dawn

**From:** Dawn Smalls
**Sent:** Wednesday, December 21, 2016 1:51 PM
**To:** 'mrhoades@armstrongteasdale.com'
**Subject:** Re: Beltran v. InterExchange, et al.

Meshach,

Please find correspondence relating to the Beltran matter attached.

Dawn

Dawn L. Smalls
Partner

**BOIES, SCHILLER & FLEXNER LLP**

575 Lexington Ave

New York, NY 10022

212-754-4216 (Direct)

212-446-2350 (Fax)

dsmalls@bsfllp.com

www.bsfllp.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Ex. Z

| From: | Peter Skinner |
|---|---|
| To: | Peggy L. Skinner; "lriggenbach@gordonrees.com"; "aahubbard@hollandhart.com"; "jguy@hollandhart.com"; "bogdane@hotmail.com"; "brian@rietzlawfirm.com"; "ali@rietzlawfirm.com"; "laura@rietzlawfirm.com"; "bcolaizzi@shermanhoward.com"; "tlewis@shermanhoward.com"; "cfeldkamp@kellywalkerlaw.com"; "crichardson@kellywalkerlaw.com"; "dmeschke@bhfs.com"; "dhazel@lrrc.com"; "dgrooms@lrrc.com"; "kwener@lrrc.com"; "fox@wtotrial.com"; "nmartinez@wtotrial.com"; "hvickles@shermanhoward.com"; "lhowell@shermanhoward.com"; "jhartley@hollandhart.com"; "lmlopezvelasquez@hollandhart.com"; "thall@hollandhart.com"; "jlyons@lrrc.com"; "jmartinez@lrrc.com"; "jfuller@lrrc.com"; "lvialpando@lrrc.com"; "joan.lukey@choate.com"; "bdenton@choate.com"; "jsbender@hollandhart.com"; "jhunt@shermanhoward.com"; "jwolosz@choate.com"; "reilly@wtotrial.com"; "cljones@wtotrial.com"; "mels@wtotrial.com"; "llee@laborlawyers.com"; "hvignola@laborlawyers.com"; "kgripp@fisherphillips.com"; "strujillo@laborlawyers.com"; "lkruzer@choate.com"; "mfitzgerald@bhfs.com"; "snewman@bhfs.com"; "mestevao@armstrongteasdale.com"; "aschneider@armstrongteasdale.com"; "mischwartz@bsfllp.com"; "mrhoades@armstrongteasdale.com"; "spend@armstrongteasdale.com"; "jreed@armstrongteasdale.com"; "lwickham@armstrongteasdale.com"; "mgass@choate.com"; "rdeeny@shermanhoward.com"; "mnavride@sah.com"; "rbuchanan@choate.com"; "sschaecher@laborlawyers.com"; "khanson@laborlawyers.com"; "sklopman@hklawllc.com"; "mbrents@my-watson.com"; "nvanhooser@my-watson.com"; "wkelly@kellywalkerlaw.com"; "tamidon@kellywalkerlaw.com"; "jfulfree@putneylaw.com"; "jcartafalsa@putneylaw.com"; "jbc54@cornell.edu"; "rtucker@putneylaw.com"; "robert.m.tucker1@gmail.com"; "smacri@putneylaw.com"; "pkozal@gordonrees.com"; "bmaschler@gordonrees.com"; "tquinn@gordonrees.com"; Lawrence D. Stone; Carol A. Larsen Cook |
| Cc: | "alex@towardsjustice.org"; Matthew L. Schwartz; Dawn Smalls; Lauren Louis; Sabria McElroy; Daniel Schwartz |
| Subject: | Beltran |
| Date: | Saturday, January 7, 2017 7:57:51 PM |

All,

Plaintiffs have been seeking the following from Defendants from some time:  (1) information about what au pairs were paid; and (2) contact information for au pairs and host families.  Defendants have categorically objected to these categories of information prior to class certification, except with respect to the named plaintiffs, or have otherwise failed to produce them.  (Certain defendants' productions incidentally included a small subset of this data).

In the past few weeks, we have renewed our efforts to secure the requested information in advance of producing our class certification expert reports.  For most of you, we set a 1/6 deadline for the production of additional information so that we would have time to incorporate that information into our reports.  We have received very little in response.

Despite your meager productions, we are prepared to disclose expert opinions on 1/13 in support of class certification.  Nevertheless, because defendants should not benefit from their failure to comply with our discovery requests, we will move on Monday 1/9 for a protective order preventing Defendants from arguing that Plaintiffs' experts' opinions are based in insufficient wage data or, in the alternative, for a further amendment of the scheduling order to extend the deadline for the disclosure of class certification expert reports to allow us time to move to compel for the production of information from Defendants and to secure information from au pairs and hosts families directly.  We will ask for an additional two months, which will also require corresponding adjustments of the other deadlines in the schedule.  If any of you will agree to either form of relief, please let us know by Monday 1/9 at 11:00 AM EST.

Best,
Peter

Ex. AA

| | |
|---|---|
| **From:** | Dawn Smalls |
| **To:** | Peter Skinner |
| **Cc:** | Daniel Schwartz; Maria Guarisco |
| **Subject:** | FW: Beltran v. A.P.EX. and 20-20 -- A.P.EX. and 20-20"s AMENDED Third Supplemental Disclosures |
| **Date:** | Monday, January 9, 2017 11:47:45 AM |
| **Attachments:** | image001.png |

**From:** Lawrence D. Stone [mailto:LStone@nixonshefrin.com]
**Sent:** Saturday, January 07, 2017 8:26 PM
**To:** Dawn Smalls
**Subject:** RE: Beltran v. A.P.EX. and 20-20 -- A.P.EX. and 20-20's AMENDED Third Supplemental Disclosures

Dawn, this is to supplement our email below about additional information plaintiffs seek re APEX's financial statements, au pair compensation, au pair complaints and host family contact information. Following are comments about each of these topics in addition to the objections we previously asserted in APEX's discovery responses:

1. **APEX's Financial Statements**.  In your email below, you state the reason plaintiffs need this information relates to fees the class has paid to sponsors and revenue derived therefrom. This information is already available to you. Please review APEX-20/20 257-264 and 305 which are price sheets explaining the various fees charged by APEX from which you can glean the revenues generated as the spreadsheets we recently disclosed and produced bearing Bates Nos. APEX-20/20 7642-7650 identify each and every au pair placed by APEX. Please let me know why this information does not suffice for your purposes.

   Also, the fees charged by APEX deviate from the fees charged by other sponsors in the same way that more than 96% of the au pairs placed by APEX have entered into contracts with their host family to be paid a stipend of $250 or more per week which is well in excess of the standard stipend of $195.75/week. Please let me know if we are mistaken in this regard.

   Hence, this request is not proportional to plaintiffs' needs re its anti-trust claim against APEX.

2. **Au Pair Compensation**. As you know, we recently produced two sets of data regarding au pair compensation including contracts between host families and au pairs which bear Bates Nos. APEX-20/20 4826-7635, and spreadsheets regarding au pair stipends bearing Bates Nos. 7642-7651. Based on this information, you have what you need as to all au pairs placed by APEX. What the contracts reveal is that more than 96% of the au pairs sponsored by our clients entered into agreements with their host families to be compensated at the rate of $250 or more per week. Based on this data, our clients are clearly not part of a wage fixing conspiracy for au pairs to be compensated at the rate of $195.75/per week by host families.

   In your letter dated 12/19/16 you state, "Plaintiffs must determine what au pairs were

actually paid to support Plaintiffs' claims." That contention, however, does not apply to APEX, against which no wage claims have been asserted. The contracts we have produced set the stipend to which each au pair must be paid; APEX does not have any information about what each au pair was actually paid.

Furthermore, producing additional reports, surveys, etc. is not proportional to plaintiffs' needs re its anti-trust claim against APEX. If you disagree, please explain what else you need and why you need it.

3. **Au Pair Complaints re Compensation or Work Schedule**. Information related to au pair complaints about work schedules is clearly related to plaintiffs FLSA claims which have not been asserted against APEX. Hence, there is not a valid reason this information should be produced.

    Similarly, au pair complaints about compensation does not advance plaintiffs' anti-trust claim against APEX as more than 96% of the au pairs placed by our clients have entered into contracts with their host family to be paid a stipend of $250 or more per week which is well in excess of the standard stipend of $195.75/week. Please explain why producing information about au pair complaints is proportional to plaintiffs' needs re its anti-trust claim against APEX under the circumstances.

4. **Host Family Contact Information**. In response to your request for documents identifying host families, APEX objected to the production of that information on multiple grounds many months ago.  Among other objections, APEX objected to this request on the basis it improperly seeks class-wide discovery before any class or collective action has been certified.  Further, the host families' identities and contact information are proprietary, confidential and highly sensitive trade secrets that implicate third parties' privacy rights.  The production of this information would threaten the viability of APEX's business, and would thus be unduly burdensome.

Nonetheless, we are in the process of preparing supplemental discovery responses as it applies to the information we recently disclosed and produced in APEX's second, third and fourth supplemental disclosures. Please let me know if you would like to schedule a time to discuss any of this.

Thank you.

Best,

Larry

**Lawrence D. Stone**

Nixon | Shefrin | Hensen | Ogburn
A PROFESSIONAL CORPORATION

5619 DTC Parkway Suite 1200
Greenwood Village, CO  80111

# Ex. BB

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET. AL*.

Plaintiffs,

v.

INTEREXCHANGE, INC.; *ET AL.*

Defendants.

_____

## DEFENDANT EXPERT AUPAIR'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION
_____

Defendant Expert Group International, Inc. d/b/a Expert AuPair ("Expert AuPair"), submits the following response to Plaintiffs' First Requests for Production of Documents pursuant to Fed.R.Civ.P. 34:

## GENERAL OBJECTIONS

Defendant makes the following general objections, to which each of the responses set forth below is subject:

A.     Expert AuPair objects to Plaintiffs' instructions to the extent they require acts inconsistent with the Federal Rules of Civil Procedure or the Local Rules of this Court.

B.     Expert AuPair objects to Plaintiffs' requests for production to the extent they improperly seek class-wide merits or damages discovery before any class or collective action has been certified or any motion for certification filed.  At present, the only plaintiffs in this case are the named Plaintiffs.  In particular but

without limitation, Expert AuPair objects to requests seeking the identity of and private and confidential information concerning putative class members prior to class certification.

C.      Expert AuPair generally objects to Plaintiffs' requests for production of documents to the extent that Plaintiff seeks financial information and documents.  Evidence of a defendant's financial status is not discoverable.  *See Bonanno v. Quizno's Franchise Co. LLC*, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (*citing Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159 (Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta v. Albertson's, Inc.,* 975 P.2d 718, 721 n.4, 723 (Colo. 1999); s*ee also Leidholt v. Dist. Ct.*, 619 P.2d 768, 770 (Colo. 1980); *Baggett v. Davis*, 169 So. 372 (Fla. 1936); *Packard v. Moore*, 71 P.2d 922 (Cal. 1937); *Laidlaw v. Sage*, 52 N.E. 679 (N.Y. 1899); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).

D.      Expert AuPair objects to Plaintiffs' requests for production to the extent they seek information pertaining to claims in the First Amended Complaint that are not brought against Expert AuPair.

E.      Expert AuPair objects to Plaintiffs' requests for production to the extent they require production of attorney-client or work-product privileged information.   Expert AuPair's production of such privileged materials is unintentional and inadvertent.    Expert AuPair requests that Plaintiff immediately return all documents that appear to be subject to the attorney-client privilege or work product doctrine.

F.      Expert AuPair objects to Plaintiffs' requests for production to the

extent they would require production of Expert AuPair's proprietary business information or trade secrets before entering of a Protection Order.

G.      Expert AuPair objects to Plaintiffs' requests for production to the extent they would require production of documents and things that are not in Expert AuPair's possession, custody, or control.

H.      Expert AuPair objects to Plaintiffs' requests for production to the extent they seek information that violates the privacy rights of non-parties.

I. Expert AuPair objects to Plaintiffs' requests for production insofar as they seek production of documents prior to the entry of an appropriate Protective Order.  Defendants production of document shall be subject to that protective order.

J.      Expert AuPair objects to Plaintiffs' requests for production to the extent they are irrelevant and reserve all rights and objections with respect to relevance, materiality and admissibility.

K.      Expert AuPair objects to Plaintiffs' requests for production pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not proportional to the needs of the case or seek information that is not proportional to the needs of the case.

L.      Expert AuPair reserves the right to supplement its responses as additional information and things are discovered, if any.

## RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 15:** Communications concerning au pair compensation between you and any government entity or nongovernment entity

representing au pairs, including but not limited to the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

**REQUEST FOR PRODUCTION NO. 1:** Expert AuPair objects to this request on the ground that the government and nongovernment entities identified in the Request—the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association—do not "represent" au pairs. Expert AuPair further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the Second Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.   Expert AuPair further objects to this request for production to the extent that it calls for production of documents that are matters of public record and which are therefore available to Plaintiffs from the government agency with which they were filed.   Subject to and without waiving these objections, Expert AuPair is producing documents ExpertAuPair000461 - ExpertAuPair000567. The documents were redacted to remove the names of the au pairs and host families. These documents are subject to the Protective Order and marked for attorney eyes only.

DATED this 9th day of January, 2017

Respectfully submitted,

s/Bogdan Enica
Bogdan Enica, Esq.
111 Second Avenue NE, Suite 204
St Petersburg, FL 33701
Phone:  727-388-3472
bogdane@hotmail.com
ATTORNEY FOR DEFENDANT EXPERT
GROUP INTERNATIONAL INC. D/B/A
EXPERT AUPAIR

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the above and foregoing was served via electronic mail to all counsel below on the 9th day of January, 2017, addressed to:

Lauren F. Louis
Sigrid S. McCawley
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Sabrina A. McElroy
Dawn L. Smalls
BOIES SCHILLER & FLEXNER, LLP
llouis@bsfllp.com
smccawley@bsfllp.com
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
smcelroy@bsfllp.com
dsmalls@bsfllp.com
Alexander N. Hood
TOWARDS JUSTICE – DENVER
alex@towardsjustice.org
**Attorneys for Plaintiffs**

Joan A. Lukey
Robert M. Buchanan, Jr.
Michael T. Gass
Justin J. Wolosz
Lyndsey M. Kruzer
CHOATE, HALL & STEWART, LLP
joan.lukey@choate.com
rbuchanan@choate.com
mgass@choate.com
jwolosz@choate.com
lkruzer@choate.com
**Attorneys for Defendant Cultural
Care, Inc. d/b/a Cultural Care Au Pair**

Thomas B. Quinn
Brian P. Maschler
Peggy E. Kozal
John Roger Mann
GORDON & REES LLP
tquinn@gordonrees.com
brian.maschler@arentfox.com
jmann@gordonrees.com
pkozal@gordonrees.com
**Attorneys for Defendant**
**AuPairCare, Inc.**

Brooke A. Colaizzi
Raymond M. Deeny
Heather F. Vickles
Erica L. Herrera
Joseph H. Hunt
SHERMAN & HOWARD, LLC
bcolaizzi@shermanhoward.com
rdeeny@shermanhoward.com
hvickles@shermanhoward.com
eherrera@shermanhoward.com
jhunt@shermanhoward.com
**Attorneys for Defendant**
**InterExchange, Inc.**

William J. Kelly, III
Chanda M. Feldkamp
KELLY & WALKER, LLC
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com
**Attorneys for Defendant USAuPair,**
**Inc.**

David B. Meschke
Martha L. Fitzgerald
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
dmeschke@bhfs.com
mfitzgerald@bhfs.com
**Attorneys for Defendant EurAupair**
**InterCultural Child Care Programs**

Diane R. Hazel
James M. Lyons
Jessica L. Fuller
Jonelle Martinez
LEWIS ROCA ROTHGERBER
CHRISTIE LLP
dhazel@lrrc.com
jlyons@lrrc.com
jfuller@lrrc.com
jmartinez@lrrc.com
**Attorneys for Defendant Cultural**
**Care, Inc. d/b/a Cultural Care Au Pair**

Kathryn A. Reilly
Grace A. Fox
WHEELER TRIGG O'DONNELL, LLP
reilly@wtotrial.com
fox@wtotrial.com
**Attorneys for Defendants Au Pair**
**International, Inc., American Cultural**
**Exchange, LLC d/b/a GoAuPair**
**and Agent Au Pair**

Meshach Y. Rhoades
Martin J. Estevao
ARMSTRONG TEASDALE, LLP
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com
**Attorneys for Defendant**
**GreatAuPair, LLC**

James E. Hartley
Adam A. Hubbard
Jonathan S. Bender
HOLLAND & HART, LLP
jhartley@hollandhart.com
aahubbard@hollandhart.com
jsbender@hollandhart.com
**Attorneys for Defendant Cultural**
**Homestay International**

Lawrence L. Lee
Susan M. Schaecher
FISHER & PHILLIPS, LLP
llee@laborlawyers.com
sschaecher@laborlawyers.com
**Attorneys for Defendants APF Global Exchange, NFP d/b/a Aupair Foundation; American Institute for Foreign Study d/b/a Au Pair in America**

Joseph B. Cartafalsa
Stephen J. Macri
John B. Fulfree
Robert M. Tucker
PUTNEY,TWOMBLY, HALL & HIRSON LLP
jcartafalsa@putneylaw.com
smacri@putneylaw.com
jfulfree@putneylaw.com
rtucker@putneylaw.com
**Attorneys for Defendants American Institute for Foreign Study d/b/a Au Pair in America**

Lawrence D. Stone
Kathleen E. Craigmile
NIXON SHEFRIN HENSEN OGBURN, P.C.
lstone@nixonshefrin.com
kcraigmile@nixonshefrin.com
**Attorneys for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair; 20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange**

s/*Bogdan Enica*
Bogdan Enica, Esq.

Ex. CC

| | |
|---|---|
| **From:** | Dawn Smalls |
| **To:** | Maria Guarisco |
| **Subject:** | FW: Beltran |
| **Date:** | Monday, January 9, 2017 5:01:54 PM |

---

**From:** Peter Skinner
**Sent:** Monday, January 09, 2017 5:00 PM
**To:** Matthew L. Schwartz; Dawn Smalls; Daniel Schwartz
**Subject:** FW: Beltran

---

**From:** Peter Skinner
**Sent:** Monday, January 9, 2017 5:00 PM
**To:** 'Kruzer, Lyndsey M.'
**Cc:** Lukey, Joan; Wolosz, Justin J.
**Subject:** RE: Beltran

Lyndsey, if we move forward, we will note your position as requested.

Joan, good luck with your trial.  Sounds like a fun situation.

Best,
Peter

---

**From:** Kruzer, Lyndsey M. [mailto:lkruzer@choate.com]
**Sent:** Monday, January 9, 2017 4:55 PM
**To:** Peter Skinner
**Cc:** Lukey, Joan; Wolosz, Justin J.
**Subject:** RE: Beltran

Peter:

Your email from Saturday evening fails to provide a meaningful timeframe for conferral on the complex issues you raise.  As a preliminary matter, Joan Lukey, lead counsel for Cultural Care, and Justin Wolosz, who has handled all previous discovery-related conferrals, were scheduled to begin a high-profile, multi-week federal trial this morning and were unavailable to review your request and respond to it in the short time you provided.  They are currently on call to begin the trial at some point between tomorrow and, at the latest, next Tuesday.

Furthermore, your email and proposed motion(s) raise complex discovery issues that we have been discussing with your colleagues Ms. Louis and Ms. Smalls for several months now.  In some instances, it is your team that has failed to engage in the discussion process with us in order to narrow and potentially resolve issues.  For example, as to the production of au pair information, Cultural Care has agreed to produce au pair contact information if and when the Court conditionally

certifies a class, and has asked you to explain why Plaintiffs would require such a list prior to conditional certification.  Without such an explanation, which has not been provided, we have assumed that the purpose of the list is to contact and attempt to recruit additional individuals as an end run around the Court's conditional certification/notice process.  As we have stated before, we consider it inappropriate for you to make any such contact before a conditional class is certified and the Court's carefully crafted notice is ready.

We will prepare a more fulsome response to your email, and to the remaining issues discussed in the letter that Ms. Smalls provided over the holidays (which did not contain the 1/6 response deadline you reference, and made no mention of a connection between the parties' ongoing discovery discussions and Plaintiffs' expert reports due January 13).  In the meantime, if you choose to move forward with motion practice today, we request that you advise the Court that Cultural Care has been unable to respond to the requested relief since it was provided email notification on Saturday, January 7, primarily because its lead counsel was scheduled to begin a multi-week federal trial on January 9.

Lyndsey M. Kruzer

CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4790
f 617.502.4790
lkruzer@choate.com
www.choate.com

---

**From:** Peter Skinner [mailto:PSkinner@BSFLLP.com]
**Sent:** Saturday, January 07, 2017 7:58 PM
**To:** Peggy L. Skinner; 'lriggenbach@gordonrees.com'; Adam Hubbard; 'jguy@hollandhart.com'; Bogdan Enica; 'brian@rietzlawfirm.com'; 'ali@rietzlawfirm.com'; 'laura@rietzlawfirm.com'; Brooke Colaizzi; 'llewis@shermanhoward.com'; Chanda Feldkamp; Courtney Richardson; David Meschke; Diane Hazel; 'dgrooms@lrrc.com'; Kathleen Wener; 'fox@wtotrial.com'; 'nmartinez@wtotrial.com'; Heather Vickles; 'lhowell@shermanhoward.com'; James Hartley; 'lmlopezvelasquez@hollandhart.com'; 'thall@hollandhart.com'; James Lyons; J. Martinez; Jessica Fuller; 'lvialpando@lrrc.com'; Lukey, Joan; Denton, Brenda; Jonathan Bender; Joseph Hunt; Wolosz, Justin J.; Kathryn Reilly; 'cljones@wtotrial.com'; 'mels@wtotrial.com'; Lawrence Lee; 'hvignola@laborlawyers.com'; 'kgripp@fisherphillips.com'; 'strujillo@laborlawyers.com'; Kruzer, Lyndsey M.; Martha Fitzgerald; Shirley Newman; Martin Estevao; 'aschneider@armstrongteasdale.com'; 'mischwartz@bsfllp.com'; Meshach Rhoades; 'spend@armstrongteasdale.com'; 'jreed@armstrongteasdale.com'; 'lwickham@armstrongteasdale.com'; Gass, Michael T.; Raymond Deeny; 'mnavride@sah.com'; Buchanan, Bob; Susan Schaecher; 'khanson@laborlawyers.com'; 'sklopman@hklawllc.com'; 'mbrents@my-watson.com'; 'nvanhooser@my-watson.com'; William Kelly III; 'tamidon@kellywalkerlaw.com'; John Fulfree; Joseph Cartafalsa; 'jbc54@cornell.edu'; Robert Tucker; 'robert.m.tucker1@gmail.com'; Stephen Macri; Peggy Kozal; 'bmaschler@gordonrees.com'; Thomas Quinn; Lawrence Stone; Carol A. Larsen Cook
**Cc:** 'alex@towardsjustice.org'; Matthew L. Schwartz; Dawn Smalls; Lauren Louis; Sabria McElroy; Daniel

Schwartz
**Subject:** Beltran

All,

Plaintiffs have been seeking the following from Defendants from some time:  (1) information about what au pairs were paid; and (2) contact information for au pairs and host families.  Defendants have categorically objected to these categories of information prior to class certification, except with respect to the named plaintiffs, or have otherwise failed to produce them.  (Certain defendants' productions incidentally included a small subset of this data).

In the past few weeks, we have renewed our efforts to secure the requested information in advance of producing our class certification expert reports.  For most of you, we set a 1/6 deadline for the production of additional information so that we would have time to incorporate that information into our reports.  We have received very little in response.

Despite your meager productions, we are prepared to disclose expert opinions on 1/13 in support of class certification.  Nevertheless, because defendants should not benefit from their failure to comply with our discovery requests, we will move on Monday 1/9 for a protective order preventing Defendants from arguing that Plaintiffs' experts' opinions are based in insufficient wage data or, in the alternative, for a further amendment of the scheduling order to extend the deadline for the disclosure of class certification expert reports to allow us time to move to compel for the production of information from Defendants and to secure information from au pairs and hosts families directly.  We will ask for an additional two months, which will also require corresponding adjustments of the other deadlines in the schedule.  If any of you will agree to either form of relief, please let us know by Monday 1/9 at 11:00 AM EST.

Best,
Peter

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-800-520-2427. For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Ex. DD

| From: | Lawrence D. Stone |
|---|---|
| To: | Peter Skinner; Peggy L. Skinner; "lriggenbach@gordonrees.com"; "aahubbard@hollandhart.com"; "jguy@hollandhart.com"; "bogdane@hotmail.com"; "brian@rietzlawfirm.com"; "ali@rietzlawfirm.com"; "laura@rietzlawfirm.com"; "bcolaizzi@shermanhoward.com"; "llewis@shermanhoward.com"; "cfeldkamp@kellywalkerlaw.com"; "crichardson@kellywalkerlaw.com"; "dmeschke@bhfs.com"; "dhazel@lrrc.com"; "dgrooms@lrrc.com"; "kwener@lrrc.com"; "fox@wtotrial.com"; "nmartinez@wtotrial.com"; "hvickles@shermanhoward.com"; "lhowell@shermanhoward.com"; "jhartley@hollandhart.com"; "lmlopezvelasquez@hollandhart.com"; "thall@hollandhart.com"; "jlyons@lrrc.com"; "jmartinez@lrrc.com"; "jfuller@lrrc.com"; "lvialpando@lrrc.com"; "joan.lukey@choate.com"; "bdenton@choate.com"; "jsbender@hollandhart.com"; "jhunt@shermanhoward.com"; "jwolosz@choate.com"; "reilly@wtotrial.com"; "cljones@wtotrial.com"; "mels@wtotrial.com"; "llee@laborlawyers.com"; "hvignola@laborlawyers.com"; "kgripp@fisherphillips.com"; "strujillo@laborlawyers.com"; "lkruzer@choate.com"; "mfitzgerald@bhfs.com"; "snewman@bhfs.com"; "mestevao@armstrongteasdale.com"; "aschneider@armstrongteasdale.com"; "mischwartz@bsfllp.com"; "mrhoades@armstrongteasdale.com"; "spend@armstrongteasdale.com"; "jreed@armstrongteasdale.com"; "lwickham@armstrongteasdale.com"; "mgass@choate.com"; "rdeeny@shermanhoward.com"; "mnavride@sah.com"; "rbuchanan@choate.com"; "sschaecher@laborlawyers.com"; "khanson@laborlawyers.com"; "sklopman@hklawllc.com"; "mbrents@my-watson.com"; "nvanhooser@my-watson.com"; "wkelly@kellywalkerlaw.com"; "tamidon@kellywalkerlaw.com"; "jfulfree@putneylaw.com"; "jcartafalsa@putneylaw.com"; "jbc54@cornell.edu"; "ttucker@putneylaw.com"; "robert.m.tucker1@gmail.com"; "smacri@putneylaw.com"; "pkozal@gordonrees.com"; "bmaschler@gordonrees.com"; "tquinn@gordonrees.com"; Carol A. Larsen Cook |
| Cc: | "alex@towardsjustice.org"; Matthew L. Schwartz; Dawn Smalls; Lauren Louis; Sabria McElroy; Daniel Schwartz |
| Subject: | RE: Beltran |
| Date: | Monday, January 9, 2017 5:28:41 PM |
| Attachments: | image001.png |

Peter, below is a response to your request for the sponsor defendants' position regarding the proposed motion referenced in your email below. On behalf of our clients, APEX and 20/20, Jim Hartley's client and Katie Reilly's clients, we need more time to confer with our clients about the relief requested in your proposed motion. Moreover, your proposed motion does not comply with the Magistrate Judge's procedures for discovery disputes and has other procedural defects. On behalf of the above-referenced defendants, we request you include the following quoted conferral language in your motion if you file it.

"Plaintiffs' counsel has conferred with the sponsor defendants about the relief requested in plaintiffs' motion by forwarding an email to defendants on Saturday, January 7, 2017 at 5:58 pm MST and requesting to be informed whether defendants' oppose the motion on or before Monday, January 9, 2017 at 9 am MST. Certain defendants have informed plaintiffs' counsel that they have not had adequate time to confer with their clients about their position regarding the relief requested and need several additional days to do so."

To all defendants: Please advise Peter whether you adopt the position stated above or have a different position.

Thank you.

Best,

Larry

**Lawrence D. Stone**



5619 DTC Parkway Suite 1200
Greenwood Village, CO  80111

Reception:      (303) 773-3500
Direct:          (303) 874-3408
Fax:              (303) 779-0740
E-mail:          lstone@nixonshefrin.com
Website:        www.nixonshefrin.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Peter Skinner [mailto:PSkinner@BSFLLP.com]
**Sent:** Saturday, January 07, 2017 5:58 PM
**To:** Peggy L. Skinner; 'lriggenbach@gordonrees.com'; 'aahubbard@hollandhart.com'; 'jguy@hollandhart.com'; 'bogdane@hotmail.com'; 'brian@rietzlawfirm.com'; 'ali@rietzlawfirm.com'; 'laura@rietzlawfirm.com'; 'bcolaizzi@shermanhoward.com'; 'llewis@shermanhoward.com'; 'cfeldkamp@kellywalkerlaw.com'; 'crichardson@kellywalkerlaw.com'; 'dmeschke@bhfs.com'; 'dhazel@lrrc.com'; 'dgrooms@lrrc.com'; 'kwener@lrrc.com'; 'fox@wtotrial.com'; 'nmartinez@wtotrial.com'; 'hvickles@shermanhoward.com'; 'lhowell@shermanhoward.com'; 'jhartley@hollandhart.com'; 'lmlopezvelasquez@hollandhart.com'; 'thall@hollandhart.com'; 'jlyons@lrrc.com'; 'jmartinez@lrrc.com'; 'jfuller@lrrc.com'; 'lvialpando@lrrc.com'; 'joan.lukey@choate.com'; 'bdenton@choate.com'; 'jsbender@hollandhart.com'; 'jhunt@shermanhoward.com'; 'jwolosz@choate.com'; 'reilly@wtotrial.com'; 'cljones@wtotrial.com'; 'mels@wtotrial.com'; 'llee@laborlawyers.com'; 'hvignola@laborlawyers.com'; 'kgripp@fisherphillips.com'; 'strujillo@laborlawyers.com'; 'lkruzer@choate.com'; 'mfitzgerald@bhfs.com'; 'snewman@bhfs.com'; 'mestevao@armstrongteasdale.com'; 'aschneider@armstrongteasdale.com'; 'mischwartz@bsfllp.com'; 'mrhoades@armstrongteasdale.com'; 'spend@armstrongteasdale.com'; 'jreed@armstrongteasdale.com'; 'lwickham@armstrongteasdale.com'; 'mgass@choate.com'; 'rdeeny@shermanhoward.com'; 'mnavride@sah.com'; 'rbuchanan@choate.com'; 'sschaecher@laborlawyers.com'; 'khanson@laborlawyers.com'; 'sklopman@hklawllc.com'; 'mbrents@my-watson.com'; 'nvanhooser@my-watson.com'; 'wkelly@kellywalkerlaw.com'; 'tamidon@kellywalkerlaw.com'; 'jfulfree@putneylaw.com'; 'jcartafalsa@putneylaw.com'; 'jbc54@cornell.edu'; 'rtucker@putneylaw.com'; 'robert.m.tucker1@gmail.com'; 'smacri@putneylaw.com'; 'pkozal@gordonrees.com'; 'bmaschler@gordonrees.com'; 'tquinn@gordonrees.com'; Lawrence D. Stone; Carol A. Larsen Cook
**Cc:** 'alex@towardsjustice.org'; Matthew L. Schwartz; Dawn Smalls; Lauren Louis; Sabria McElroy; Daniel Schwartz
**Subject:** Beltran

All,

Plaintiffs have been seeking the following from Defendants from some time:  (1) information about what au pairs were paid; and (2) contact information for au pairs and host families.  Defendants have categorically objected to these categories of information prior to class certification, except with respect to the named plaintiffs, or have otherwise failed to produce them.  (Certain defendants' productions incidentally included a small subset of this data).

In the past few weeks, we have renewed our efforts to secure the requested information in advance of producing our class certification expert reports.  For most of you, we set a 1/6 deadline for the production of additional information so that we would have time to incorporate that information into our reports.  We have received very little in response.

Despite your meager productions, we are prepared to disclose expert opinions on 1/13 in

support of class certification.  Nevertheless, because defendants should not benefit from their failure to comply with our discovery requests, we will move on Monday 1/9 for a protective order preventing Defendants from arguing that Plaintiffs' experts' opinions are based in insufficient wage data or, in the alternative, for a further amendment of the scheduling order to extend the deadline for the disclosure of class certification expert reports to allow us time to move to compel for the production of information from Defendants and to secure information from au pairs and hosts families directly.  We will ask for an additional two months, which will also require corresponding adjustments of the other deadlines in the schedule.  If any of you will agree to either form of relief, please let us know by Monday 1/9 at 11:00 AM EST.

Best,
Peter

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]