# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*;

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*;

    Defendants.

## DECLARATION OF BROOKE A. COLAIZZI

1. My name is Brooke A. Colaizzi. I am one of the attorneys representing Defendant InterExchange, Inc. in this case. I am a member in good standing of the bar of this Court.

2. InterExchange served responses to Plaintiffs' First Request for Production of Documents and First set of Interrogatories, served March 3, 2016, on May 4, 2016. InterExchange supplemented its responses on May 20, 2016 and October 10, 2016 and will produce another supplement in early February 2017. A copy of InterExchange's responses, which are most relevant to the matters currently before the Court, are Exhibits 1 (interrogatories) and 2 (requests for production) to this Declaration.

3. In response to Plaintiffs' request for all au pair program information, InterExchange produced the relevant information for Plaintiff Beltran but objected to

class-wide discovery unless and until the Court conditionally certified a class under the FLSA.  Exhibit 1 at p. 2; Exhibit 2 at p. 2.

4.  InterExchange informed Plaintiffs in its discovery responses that it does not have information establishing precisely what au pairs were paid, as InterExchange did not pay the au pairs, and aside from ensuring that au pairs receive the minimum stipend of $195.75, compensation is a matter between the au pair and his or her host family.  Exhibit 1 at pp. 7-8; Exhibit 2 at p. 2.  InterExchange has or will shortly produce all documents that it has regarding au pair compensation generally, including standard contracts, au pair and host family communications, websites, advertisements, audit reports, and email communications.  As a general matter, these materials only refer to the minimum stipend of $195.75 and do not identify the specific dollars paid to an au pair.

5.  Since InterExchange served its initial discovery responses, it has reviewed an additional 850,000 emails and documents for responsiveness to discovery requests and has produced approximately 11,000 additional documents.

6.  After InterExchange's initial discovery responses on May 4, 2016, the first communication that my co-counsel or I received from Plaintiffs' counsel regarding allegedly insufficient discovery responses or improper objections was on January 4, 2017.  See Exhibit 3, Smalls email to Vickles and attachment, Jan. 4, 2017.  Plaintiffs requested a response by January 6, 2017, just two days later.  Id.

2

7. I responded to Plaintiffs' counsel that same day, January 4, informing them that we would respond to the letter at our earliest convenience but likely would not have a response ready by January 6. See Exhibit 4, Colaizzi email to Smalls, Jan. 4, 2017.

8. We received no further individual communications from Plaintiffs prior to the filing of the Motion for Protective Order or, in the Alternative, Amendment to the Scheduling Order. (Doc. #454).

9. On Saturday, January 7, 2017, at approximately 6 p.m. MST, I received the email that Plaintiffs' counsel Mr. Skinner sent regarding conferral on the Motion for Protective Order or, in the Alternative, Amendment to the Scheduling Order.

10. On Sunday, January 8, 2017, I responded on behalf of InterExchange to Plaintiffs' counsel's email of Saturday, January 7, 2017, disputing as to InterExchange Plaintiffs' assertion that they had sufficiently raised discovery concerns with InterExchange prior to filing the Motion. See Exhibit 5.

11. In addition to the all-parties conferrals that took place regarding the production of contact information and "wage data," Plaintiffs' counsel Ms. Smalls requested a meet and confer with me regarding InterExchange's production. See Exhibit 6. That call took place on January 17, 2017. It was my understanding following that call that Plaintiffs were awaiting an additional production that we were preparing, and no motion to compel was imminent.

3

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 30, 2017.

<u>*s/Brooke A. Colaizzi*</u>

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
et al,

    Plaintiffs,

v.

INTEREXCHANGE, INC.;
et al,

    Defendants.

## DEFENDANT INTEREXCHANGE, INC.'s RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant InterExchange, Inc. ("InterExchange"), by its attorneys, Sherman & Howard L.L.C., submits the following objections and responses to Plaintiffs' First Set of Interrogatories. All identified documents will be produced subsequent to entry of a protective order by the Court.

### Interrogatories

**INTERROGATORY NO. 1:**

Please identify all au pairs that you have sponsored, past and present. For each au pair, identify the au pair's name, home address, last known contact information (e.g., email addresses, phone numbers, etc.), country of origin, date of sponsorship, duration

of sponsorship, host family(ies), host family address(es), last known contact information for each host family identified (e.g., email addresses, phone numbers, etc.), duration of placement with each host family, foreign agent(s) involved in facilitating sponsorship, total fees charged to each au pair (including an itemization of what the fee was for), and total fees charged.

ANSWER: Defendant objects to Interrogatory No. 1 to the extent that it requests information about au pairs other than Johana Paola Beltran, named Plaintiff. No classes have been certified, and the Court has not authorized notice to putative class members. See Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 681 (D. Colo. 1997) (plaintiffs are entitled to discovery of the names and addresses of putative class members "upon certification of a collective action"). Defendant also objects to this Interrogatory to the extent that Plaintiff Beltran's claims against Defendant are subject to mandatory arbitration, as discovery is properly had in the arbitral forum. Defendant also objects to this request as disproportionate to the needs of the case, as it is not subject to a reasonable time limit. Defendant also objects to this request as it contains multiple subparts that should be treated as separate requests. Subject to and without waiving these objections, as to named Plaintiffs, Plaintiffs already have in their possession most of the requested information, as Johana Paola Beltran is a named Plaintiff. Defendant's international cooperator in Colombia at the time that Ms. Beltran applied for and was selected to participate in the au pair program was Au Pair Exchange (now Global Exchange International). InterExchange does not have any knowledge as to how much Au Pair Exchange charged Ms. Beltran. However, $500 of

the fees charged to Ms. Beltran by Au Pair Exchange were paid to Defendant as a program share fee. Defendant then paid Au Pair Exchange $600 for its services. See also InterExchange0000001-0000009.

**INTERROGATORY NO. 2:**

Identify all steps you take to ensure that program participants satisfy all requirements as mandated by 22 C.F.R. § 62.31, including but not limited to steps you take to ensure that au pairs are not working more than 10 hours per day or 45 hours per week; are permitted required time off including paid vacation; and are completing educational requirements.

ANSWER: As Defendant is required to operate its au pair program in full compliance with Department of State Regulations, including 22 C.F.R. § 62.31, its entire program is designed to maintain such compliance. Specifically, candidates for the InterExchange Au Pair USA program complete their applications in their home countries, with the assistance of the international cooperator(s) in those home countries. Prior to submitting their applications, au pairs are provided with information that details all fees that they would have to pay, the refund policies attached to those fees, as well as stipend and hour information as set forth in the regulations. If the au pair agrees to the fee structure and the terms of the program, the au pair signs a contract with Defendant and submits his or her application. Au pair applicants must provide two child care references and one personal reference to the international cooperator(s), who verify the references. Au pair applicants also must provide proof that they have completed

3

the required secondary education. Au pair applicants are subject to a criminal background check and medical examination and must complete a personality test. Au pair applicants are interviewed in person in their home countries, in English, to determine suitability for the program and to evaluate their English proficiency. All information collected in au pair applicants' home countries is reviewed by Defendant before au pair applicants are accepted into the program.

After an au pair's information has been reviewed by Defendant, the au pair is placed into the pool for matching. A host family selects individuals from the pool of candidates for further review. The family then schedules interviews with the candidates, which are required by the DOS au pair regulations. When a host family finds an au pair that it wants to match with, it notifies Defendant. Defendant coordinates the au pair's arrival dates with the au pair and the host family and begins processing the visa paperwork. Defendant also reserves a spot for the au pair in the orientation training. When an au pair and a host family agree to match with one another, they enter into a written agreement.

Before the au pair departs his or her home country, the au pair completes an online training module. This training was not provided to au pairs at the time of Plaintiff Beltran's participation in the program, although she received all training mandated by the DOS au pair regulations at the time. The au pair schedules interviews at the American embassy for his or her visa, and Defendant arranges and purchases the au pair's flight to New York City. In New York City, the au pair attends the training mandated by DOS regulations. Defendant provides au pairs with a schedule planner

4

that allows the au pair to track his or her work hours, pay, and time off. Defendant encourages the au pair to fill out the planner with his or her host family. After the training, the au pair departs New York City for his or her host family's home.

Once in the home, Defendant's local coordinator contacts the au pair and host family within 48 hours after arrival and meets with them in the home within two weeks after arrival. The local coordinator provides reports of both meetings to Defendant. Thereafter, the local coordinator meets monthly with the au pair. Defendant's regional coordinator contacts the au pair quarterly. During these meetings, the local and regional coordinators inquire about the au pair's work hours, pay, days off, vacation, and other requirements of the program, to ensure that all parties are complying with the regulations.

At the end of the program, Defendant requests that the au pair submit the paperwork establishing his or her compliance with the education requirement of the program.

Defendant's local coordinators also interview prospective host families in their homes prior to placing au pairs in those homes and submit reports to Defendant. The local coordinators, and then Defendant, verify the host family members' identification and employment, and meet their children. Host families are required to provide two personal or professional references. Defendant and host families enter into a written contract during this application process. The regional coordinator also contacts the host families quarterly.

EMPLOY/1285802.1

Defendant is available at all times, whether through the local or regional coordinators or through the corporate office, to field concerns or complaints from au pairs or host families. Au pairs and host families can also contact the U.S. Department of State at any time for any reason. See also InterExchange0000010-0000119, 0000152-0000154, 0000208, 0000240-0000242, 0000318, 0000414-0000466, 0000470-0000474, 0000490-0000554, 0000575-0000578, 0000587-0004040.

**INTERROGATORY NO. 3:**

Identify each time you have communicated to anyone that au pair in your sponsorship may be compensated more than the weekly stipend. For each responsive communication, identify the audience by name, whether an au pair, host family, government entity or other; the forum in which the communication was made; the date or, if published, range of dates the communication was viewable, and the precise communication.

ANSWER: Defendant objects to Interrogatory No. 3 as disproportionate to the needs of the case as it is not subject to a reasonable time limit, and Defendant does not keep records of and cannot expect to recall every communication it has had that may involve au pair compensation. Defendant also objects to this Interrogatory to the extent that Plaintiff Beltran's claims against Defendant are subject to mandatory arbitration, as discovery is properly had in the arbitral forum. Subject to and without waiving these objections, Defendant states that it has never knowingly represented to anyone that the

6

EMPLOY/1285802.1

au pair stipend is a maximum amount. Defendant continues to work to identify responsive communications through documents, as Defendant has identified approximately 300,000 emails that could be responsive to this Interrogatory. See also InterExchange0000014-0000049.

**INTERROGATORY NO. 4:**

Identify all putative Class members who have been paid more than $195.75 per week. For each Putative Class member that has been paid Compensation in excess of the $195.75 weekly stipend, state how much the Putative Class member was paid and the dates of employment.

ANSWER: Defendant objects to Interrogatory No. 4 to the extent that it requests information about au pairs other than Johana Paola Beltran, named Plaintiff. No classes have been certified, and the Court has not authorized notice to putative class members. See Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 681 (D. Colo. 1997) (plaintiffs are entitled to discovery of the names and addresses of putative class members "upon certification of a collective action"). Defendant also objects to this request as disproportionate to the needs of the case, as it is not subject to a reasonable time limit. Subject to and without waiving these objections, au pairs are paid by their host families, not by Defendant. Therefore, unless a problem is brought to Defendant's attention by an au pair or host family, the amount of compensation is a

7

matter of discussion between the host family and the au pair, subject to the regulation-mandated $195.75 minimum. Defendant has not identified any responsive documents.

DATED this 4th day of May, 2016.

Respectfully submitted,

*s/ Brooke Colaizzi*
Heather F. Vickles
Brooke A. Colaizzi
Raymond M. Deeny
Erica L. Herrera
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email: hvickles@shermanhoward.com
Email: bcolaizzi@shermanhoward.com
Email: rdeeny@shermanhoward.com
Email: eherrera@shermanhoward.com

ATTORNEYS FOR DEFENDANT
INTEREXCHANGE, INC.

8

## VERIFICATION OF MICHAEL MCHUGH

STATE OF NEW YORK      )
                       )
COUNTY OF _New York_   )

  As to Answers to Interrogatories, on the __4__ day of May, 2016, Michael McHugh, being duly sworn upon his oath, deposes and states that he has read the Interrogatories and the Answers thereto, and the Answers are true to the best of his knowledge and belief.

_____
Michael McHugh

Sworn and subscribed to before me this __04__ day of May, 2016, by Michael McHugh.

Witness my official hand and seal.

_____
Notary Public

    KRISTY LING FENG LI
  NOTARY PUBLIC-STATE OF NEW YORK
    NO. 01LI6339776
  QUALIFIED IN KINGS COUNTY
  MY COMMISSION EXPIRES 04-04-2020

9

EMPLOY/1285570.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2016, I served the foregoing **DEFENDANT INTEREXCHANGE, INC.'s RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** via email and first-class mail, to the following:

Alexander Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
Email: alex@towardsjustice.org

Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290-2101
Email: lstone@duffordbrown.com
chammond@duffordbrown.com

William J. Kelly III
Chanda M. Feldkamp
Kelly & Walker LLC
1512 Larimer Street, Suite 200
Denver, CO 80202
Email: wkelly@kellywalkerlaw.com
Email: cfeldkamp@kellywalkerlaw.com

Brian A. Birenbach
The Rietz Law Firm, L.L.C.
114 Village Place, Suite 301
Dillon, CO 80435
Email: brian@rietzlawfirm.com

Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver CO 80202-5647
Email: reilly@wtotrial.com

James E. Hartley
Adam A. Hubbard
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Email: jhartley@hollandhart.com
Email: aahubbard@hollandhart.com

W.V. Bernie Siebert
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email: bsiebert@shermanhoward.com

Jeffrey P. Allen
Donald J. Gentile
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
Email: jallen@lawson-weitzen.com
Email: dgentile@lawson-weitzen.com

William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Email: william.monts@hoganlovells.com

Bogdan Enica
Expert AuPair
111 Second Avenue, NE, Suite 213
St. Petersburg, FL 33701
Email: Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Armstrong Teasdale LLP
4643 S. Ulster St., Suite 800
Denver, CO 80237
Email: mrhoades@armstrongteasdale.com
Email: mestevao@armstrongteasdale.com

Martha L. Fitzgerald
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Email: mfitzgerald@bhfs.com
Email: dmeschke@bhfs.com

Lawrence Lee
Susan M. Schaecher
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO 80202
Email: llee@laborlawyers.com
Email: sschaecher@laborlawyers.com

John R. Mann
Thomas B. Quinn
Brian P. Maschler
Peggy Kozal
Gordon & Rees, LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email: jmann@gordonrees.com
Email: tquinn@gordonrees.com
Email: bmaschler@gordonrees.com
Email: pkozal@gordonrees.com

Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Boies, Schiller & Flexner, LLP
575 Lexington Ave., 7th Floor
New York, NY 10022
Email: mlschwartz@bsfllp.com
Email: pskinner@bsfllp.com
Email: rjackson@bsfllp.com

Lauren F. Louis
Sigrid S. McCawley
Boies, Schiller & Flexner, LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Email: llouis@bsfllp.com
Email: smccawley@bsfllp.com

*s/ Laura Lewis*
Legal Secretary