IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
et al,

    Plaintiffs,

v.

INTEREXCHANGE, INC.;
et al,

    Defendants.

## DEFENDANT INTEREXCHANGE, INC.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant InterExchange, Inc. ("InterExchange") hereby submits its first supplemental response to Plaintiffs' First Request for Production of Documents. As a general matter, Defendant does not produce any responsive emails, as it has identified approximately one million emails and attachments that may be responsive to one or more of these requests. Defendant is reviewing those documents as quickly as possible and will supplement further if necessary.

### GENERAL OBJECTIONS

Defendant objects to Plaintiffs' Instruction No. 2, defining "Putative Class members" and objects to any request for class-wide discovery or discovery about

EMPLOY/1290112.1

"Putative Class members." Plaintiffs have not filed a motion for conditional class certification, and the Court has not authorized to notice to putative class members.

Defendant objects to Plaintiffs' requested date range from January 1, 2009 to the present, as this date range greatly exceeds the timeframe relevant to this case, both in terms of facts and in terms of statutes of limitations.

Defendant also objects to these requests to the extent Plaintiff Beltran's claims against Defendant are subject to mandatory arbitration, as discovery with respect to those claims should be had in the arbitral forum.

## RESPONSES TO DOCUMENT REQUESTS

### Document Request No. 1

Documents sufficient to identify all au pair you have sponsored, including the period of sponsorship, the state in which each au pair worked, and the family for whom each au pair worked.

Response: Defendant objects to Document Request No. 1 to the extent that it requests information about au pairs other than Johana Paola Beltran, named Plaintiff. No classes have been certified, and the Court has not authorized notice to putative class members. See Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 681 (D. Colo. 1997) (plaintiffs are entitled to discovery of the names and addresses of putative class members "upon certification of a collective action"). Defendant also objects to this request to the extent that Plaintiff Beltran's claims against Defendant are subject to mandatory arbitration, as discovery is properly had in the arbitral forum. Defendant also objects to this request as disproportionate to the needs of the case in that it is not subject to a reasonable time limit. Subject to and without waiving these objections,

see InterExchange0000001-0000049, responsive documents related to Plaintiff Beltran.

**Document Request No. 2**

Documents concerning au pair compensation.

Response: Defendant objects to Document Request No. 2 to the extent that it seeks the production of documents protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request to the extent that Plaintiff Beltran's claims against Defendant are subject to mandatory arbitration, as discovery is properly had in the arbitral forum. Defendant also objects to this request as disproportionate to the needs of the case, as it is not subject to a reasonable time limit. Defendant objects to this request as unduly burdensome. Defendant has identified approximately 300,000 emails that could be responsive to this request. Subject to and without waiving these objections, see InterExchange0000010-0000361. Defendant continues to attempt to identify responsive documents.

**Document Request No. 3**

Documents concerning any other sponsor's rate of au pair compensation.

Response: Defendant objects to Document Request No. 3 as disproportionate to the needs of the case, as it is not subject to a reasonable time limit. Subject to and without waiving this objection, Defendant has not identified any responsive documents at this time.

**Document Request No. 4**

Documents concerning any meetings between you and any other sponsor.

Response: Defendant objects to this Document Request No. 4 as disproportionate to the needs of the case, as it is not subject to a reasonable time limit, nor is it limited to topics or subject matters relevant to this case. Subject to and without waiving these objections, Defendant has not identified any responsive documents at this time.

**Document Request No. 5**

Correspondence with or about any other defendant in this lawsuit.

Response: Defendant objects to Document Request No. 5 as it requests information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or the joint defense doctrine. Defendant also objects to this request as disproportionate to the needs of the case, as it does not limit the request to topics or subject matters relevant to the case. Subject to and without waiving these objections, Defendant has not identified any responsive documents at this time. Defendant continues to attempt to identify responsive documents.

**Document Request No. 6**

Documents concerning agreements, contractual or otherwise, entered into between or among defendants.

Response: Defendant objects to Document Request No. 6 as it requests documents protected by the attorney-client privilege, attorney work product doctrine, and/or the joint defense privilege. Defendant also objects to this request as disproportionate to the needs of the case as it is not limited to topics or subject matters relevant to the

case. Subject to and without waiving these objections, Defendant has not identified any responsive, non-privileged documents at this time.

**Document Request No. 7**

Correspondence with any Putative Class member in this lawsuit, including contracts executed by or provided to such class member.

Response: Defendant objects to Document Request No. 7 to the extent that it requests information about specific au pairs other than Plaintiff Beltran. No classes have been certified, and the Court has not authorized notice to putative class members. See Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 681 (D. Colo. 1997) (plaintiffs are entitled to discovery of the names and addresses of putative class members "upon certification of a collective action"). Defendant also objects to the request to the extent that Plaintiff Beltran's claims against Defendant are subject to mandatory arbitration, as discovery is properly had in the arbitral forum. Subject to and without waiving these objections, Defendant has not identified any responsive documents. Correspondence with Plaintiff Beltran is produced in response to other requests. See also InterExchange0000050-0000065.

**Document Request No. 8**

Contracts between defendants and host families relating to the Putative Class members.

Response: Defendant objects to Document Request No. 8 to the extent that it requests information about specific host families other than the Noonans. No classes have been certified, and the Court has not authorized notice to putative class members. See Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 681 (D. Colo.

1997) (plaintiffs are entitled to discovery of the names and addresses of putative class members "upon certification of a collective action"). Defendant also objects to the request to the extent that Plaintiff Beltran's claims against Defendant are subject to mandatory arbitration, as discovery is properly had in the arbitral forum. Subject to and without waiving these objections, see InterExchange0000014-0000049, Host Family Agreement with the Noonans.

**Document Request No. 9**

Any document relating to any named plaintiff in this case, excluding filed pleadings in this lawsuit.

Response: See InterExchange0000050-0000065, 0000362-0000466. Defendant has not identified any responsive documents relating to named Plaintiffs other than Johana Paola Beltran.

**Document Request No. 10**

Time records sufficient to show the actual number of hours worked by the putative class members.

Response: Defendant objects to Document Request No. 10 to the extent that it requests information about specific au pairs other than Plaintiff Beltran. No classes have been certified, and the Court has not authorized notice to putative class members. See Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 681 (D. Colo. 1997) (plaintiffs are entitled to discovery of the names and addresses of putative class members "upon certification of a collective action"). Defendant also objects to the request to the extent that Plaintiff Beltran's claims against Defendant are subject to mandatory arbitration, as discovery is properly had in the arbitral forum. Subject to

and without waiving these objections, Defendant has not identified any responsive documents.

**Document Request No. 11**

Documents supporting defendants' claim that the government has mandated a uniform wage.

Response: Defendant objects to Document Request No. 11 as it has never claimed that the government "mandated" a uniform wage. Defendant states that the United States Information Agency and later the U.S. Department of State calculated a legal, minimum weekly stipend. Subject to and without waiving this objection, see InterExchange0000066, 0000088-0000090, 0000106, 0000125-0000127, 0000146-0000148, 0000152-0000160.

**Document Request No. 12**

Documents concerning statements you have made to host families regarding compensation to au pair.

Response: Defendant objects to Document Request No. 12 as disproportionate to the needs of the case as it is not subject to a reasonable time limit. Defendant also objects to this request as duplicative of Document Request No. 2. See response to Document Request No. 2 and InterExchange0000010-0000049.

**Document Request No. 13**

Documents concerning statements you have made to host families regarding the number of hours au pair may be required to work.

Response: Defendant objects to Document Request No. 13 as disproportionate to the needs of the case, as none of Plaintiffs' claims are based on alleged misconduct

related to hours worked. Defendant also objects to this request as disproportionate to the needs of the case as it is not subject to a reasonable time limit. Subject to and without waiving these objections, see InterExchange0000010-0000049. See also response to Document Request No. 2.

**Document Request No. 14**

Documents concerning or constituting complaints from au pair about an au pair's compensation or work schedule, including but not limited to complaints that the au pair was working more than ten hours per day or 45 hours per week; that the au pair's work schedule prevented the au pair from attending school; that the au pair was not permitted days off or vacation time; or that the au pair was required to be "on call" for the host family. This Request includes responses made to au pairs and any discussion about the complaint(s).

Response: Defendant objects to Document Request No. 14 to the extent that it requests information about specific au pairs other than Plaintiff Beltran. No classes have been certified, and the Court has not authorized notice to putative class members. See Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 681 (D. Colo. 1997) (plaintiffs are entitled to discovery of the names and addresses of putative class members "upon certification of a collective action"). Defendant also objects to the request to the extent that Plaintiff Beltran's claims against Defendant are subject to mandatory arbitration, as discovery is properly had in the arbitral forum. Defendant also objects to this request as disproportionate to the needs of the case, as it is not subject to a reasonable time limit and it requests information related to topics that are not the subject of Plaintiffs' claims. Subject to and without waiving these objections, the following complaint was made regarding Plaintiff Beltran:

ID: 122957

Match Type: OCP

Current Placement Number: 1

Total Placements: 1

Family Arrival Date: 8/13/2012

Family Departure Date: 2/6/2013

Ap ID: A19994738

AP First: Johana

AP Last: Beltran Merchan

AP Email: Pao.18.02@hotmail.com

AP Status: Left Program  8/13/2012

AP Program Begin Date: 2/6/2013

Country of Citizenship: Colombia

International Cooperator: Au Pair Exchange

Host Family Name: Noonan

Host Family Since: 2002

Local Coordinator: Patricia Hughes

Local Coordinator Summation of Issues: Au Pair appears to understand English but maybe doesn't. Au pair has made no progress towards getting her driving license; au pair wants weekends off and mom sometimes needs her; au pair dresses provocatively (poor role model for young girls in home in terms of dress)

Transition Start Date: 10/26/2012

Transition Summary:  The host family and au pair are in transition because the au pair's English is not strong enough for their needs.

Was this Incident or Complaint:

Transitions Issues:  Au Pair Participant is not proficient in the spoken English language

Sponsor Review Findings: The host family and au pair are in transition because the au pair's English is not strong enough for their needs. The au pair feels like she is not a good fit for the family.

Remedial Action:  Trying to rematch both parties

Reported to DOS:  No

Transition Initiated By:  Host Family

Was There a Three Point Meeting:  Yes

Date of Three Point Meeting:  10/25/2012

Transition Outcome Host Family:  Rematched

Transition HF Resolution Date:  2/20/2013

Transition Outcome Au Pair:  Self Terminated

Transition AP Resolution Date:  2/20/2013

**Document Request No. 15**

Communications concerning au pair compensation between you and any government entity or nongovernment entity representing au pairs, including but not limited to the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association.

Response:  Defendant objects to Document Request No. 15 as disproportionate to the needs of the case, as it is not subject to a reasonable time frame or limited to topics or subject matters relevant to the case.  Defendant has identified over 300,000 emails alone that could be responsive to this Request.  Subject to and without waiving these objections, see InterExchange0000066, 0000073, 0000087-0000090, 0000106-0000115, 0000120-0000160, 0000467-0000487.  Defendant continues to attempt to identify responsive documents.

**Document Request No. 16**

Your audited or unaudited financial statements, including documents sufficient to show your annual revenue and income derived from participating in the au pair program during each year in which you have participated in the program.

Response:  Defendant objects to this request, as a defendant's financial information is generally not discoverable at this stage of litigation.  Defendant also objects because it is a not-for-profit corporation, so its financial information is not relevant.  Moreover, Defendant's financial is publicly available given its not-for-profit status.

**Document Request No. 17**

Documents sufficient to show your corporate structure, including your internal reporting lines as well as the existence of parent companies, affiliates and subsidiaries, including but not limited to organizational charts.

Response:  See InterExchange0000488-0000489.

EMPLOY/1290112.1

**Document Request No. 18**

Documents sufficient to identify your employees, including names, titles and reporting lines.

Response: Defendant objects to Document Request No. 18 as irrelevant. Plaintiffs do not plead any claims or even make any allegations relating to Defendant's employees. Defendant also objects to this Request as disproportionate to the needs of the case, as it is not subject to a reasonable time limit.

**Document Request No. 19**

All advertisements intended to reach potential au pairs concerning compensation, including all prior versions of your website.

Response: Defendant objects to Document Request No. 19 as disproportionate to the needs of the case, as it is not subject to a reasonable time frame. Subject to and without waiving this objection, see InterExchange0001977-0002851.

**Document Request No. 20**

Documents concerning training provided to au pairs.

Response: Defendant objects to Document Request No. 20 as disproportionate to the needs of the case, as it is not subject to a reasonable time frame. Subject to and without waiving this objection, see InterExchange0000085-0000086, 0000490-0000586.

DATED this 20th day of May, 2016.

        Respectfully submitted,

        *s/ Brooke Colaizzi*
        Heather F. Vickles
        Brooke A. Colaizzi
        Raymond M. Deeny
        Erica L. Herrera
        SHERMAN & HOWARD L.L.C.
        633 Seventeenth Street, Suite 3000
        Denver, CO 80202
        Tel: (303) 297-2900
        Fax: (303) 298-0940
        Email:  hvickles@shermanhoward.com
        Email:  bcolaizzi@shermanhoward.com
        Email:  rdeeny@shermanhoward.com
        Email:  eherrera@shermanhoward.com

        ATTORNEYS FOR DEFENDANT
        INTEREXCHANGE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2016, I served the foregoing **DEFENDANT INTEREXCHANGE, INC.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** via email to the following; and first-class mail to Lauren F. Louis:

Alexander Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO  80218
Email:  alex@towardsjustice.org

Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Email: lstone@duffordbrown.com
chammond@duffordbrown.com

William J. Kelly III
Chanda M. Feldkamp
Kelly & Walker LLC
1512 Larimer Street, Suite 200
Denver, CO  80202
Email:  wkelly@kellywalkerlaw.com
Email: cfeldkamp@kellywalkerlaw.com

Brian A. Birenbach
The Rietz Law Firm, L.L.C.
114 Village Place, Suite 301
Dillon, CO  80435
Email:  brian@rietzlawfirm.com

Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver CO  80202-5647
Email:  reilly@wtotrial.com

James E. Hartley
Adam A. Hubbard
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email:  jhartley@hollandhart.com
Email: aahubbard@hollandhart.com

W.V. Bernie Siebert
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:bsiebert@shermanhoward.com

Jeffrey P. Allen
Donald J. Gentile
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
Email:  jallen@lawson-weitzen.com
Email:  dgentile@lawson-weitzen.com

William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
Email: william.monts@hoganlovells.com

Bogdan Enica
Expert AuPair
111 Second Avenue, NE, Suite 213
St. Petersburg, FL  33701
Email:  Bogdan@expertaupair.com

EMPLOY/1290112.1

Meshach Y. Rhoades
Martin Estevao
Armstrong Teasdale LLP
4643 S. Ulster St., Suite 800
Denver, CO  80237
Email: mrhoades@armstrongteasdale.com
Email: mestevao@armstrongteasdale.com

Martha L. Fitzgerald
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Email:  mfitzgerald@bhfs.com
Email:  dmeschke@bhfs.com

Lawrence Lee
Susan M. Schaecher
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO  80202
Email:  llee@laborlawyers.com
Email:  sschaecher@laborlawyers.com

John R. Mann
Thomas B. Quinn
Brian P. Maschler
Peggy Kozal
Gordon & Rees, LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email:  jmann@gordonrees.com
Email:  tquinn@gordonrees.com
Email:  bmaschler@gordonrees.com
Email:  pkozal@gordonrees.com

Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Boies, Schiller & Flexner, LLP
575 Lexington Ave., 7th Floor
New York, NY  10022
Email:  mlschwartz@bsfllp.com
Email:  pskinner@bsfllp.com
Email:  rjackson@bsfllp.com

Lauren F. Louis
Sigrid S. McCawley
Boies, Schiller & Flexner, LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Email:  llouis@bsfllp.com
Email:  smccawley@bsfllp.com

s/Laura Lewis
*Legal Secretary*

EMPLOY/1290112.1