# EXHIBIT
# G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*;

      Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*;

      Defendants.

---

## DECLARATION OF STEPHEN J. MACRI

---

I, Stephen J. Macri, hereby declare as follows:

1.  I am an attorney admitted to this Court and a member of the firm Putney, Twombly, Hall & Hirson LLP, counsel for Defendant American Institute for Foreign Study d/b/a Au Pair In America ("Au Pair In America") in *Beltran, et al. v. Interexchange, Inc., et al.*, U.S. District Court for the District of Colorado, Civil Action No. 1:14-cv-03074-CMA-KMT.

2.  I make this declaration in opposition to Plaintiffs' Motion for a Protective Order, or, in the alternative, Amendment of the Scheduling Order.

3.  On November 1, 2016, my firm and I entered and filed Notices of Appearance as counsel for Au Pair In America. (See ECF Nos. 419-422). The law firm of Fisher & Phillips, LLP ("Fisher and Phillips") continues to assist our firm and Au Pair In America, as local counsel.

4.  Fisher and Phillips informed us that Au Pair In America served responses to Plaintiffs' First Request for Production of Documents and First Set of Interrogatories on May 4, 2016, and supplemented its responses on June 6, 2016.  Copies of Au Pair In America's responses are annexed hereto as Exhibits 1 and 2.

5.  In those responses, Au Pair In America notified Plaintiffs that it does not possess information regarding the actual compensation paid by host families to au pairs in the Au Pair In America Program.  Exhibit 1 at p. 6; Exhibit 2 at pp. 6-7.

6.  Au Pair In America does not compensate au pairs or determine the amount of their weekly stipend.  Rather, au pair compensation is a matter determined solely by each au pair and the respective host family.  All documents produced by Au Pair In America regarding au pair compensation refer simply to the $195.75 minimum weekly stipend, which is specified by the United States Department of State.

7.  Pursuant to its discovery obligations, Au Pair In America has continued to discuss document production issues with Plaintiffs' counsel and to supplement its earlier production of documents. Specifically, Au Pair In America has provided supplemental documents and information to Plaintiffs as recently as January 24, 2017.

8.  By letter dated September 15, 2016, more than four months after Au Pair In America served its response to Plaintiffs' initial discovery requests, Plaintiffs asserted for the first time certain alleged deficiencies in Au Pair In America's responses to Plaintiffs' discovery requests. Those alleged deficiencies included Au Pair In America's objection to providing pre-certification discovery of information that would identify the au

pairs associated with its Program, or information about the identity of host families. (Smalls Dec. Ex. F).

9.   By letter dated September 26, 2016, Susan M. Schaecher, a member of Fisher and Phillips, responded to Plaintiffs' September 15, 2016 letter stating, *inter alia*, that Au Pair In America would not withdraw its objections to Plaintiffs' request for information about unnamed au pairs and host families, including documents containing personal or identifying information about au pairs and host families. (Smalls Decl. Ex. I). Ms. Schaecher explained that such information is "proprietary and confidential," and, thus, Plaintiffs were not entitled to the requested discovery. Id.  Plaintiffs have never responded to the September 26, 2016 letter.

10.   On January 3, 2017, more than three months after Au Pair In America's prompt response to Plaintiffs' discovery deficiency letter, Ms. Schaecher received an email. That email attached a letter dated December 30, 2016 from Dawn Smalls, counsel for Plaintiffs. Ms. Smalls initially attempted, but failed, to send that email to Ms. Schaecher at 5:39 p.m. EST on Friday, December 30, 2016, after my office's close of business for the three day federal holiday.  After the extended holiday weekend, Ms. Smalls realized that she failed in her communication, and sent the January 3, 2017, email to Ms. Schaecher, which she in turn forwarded by email to me on January 3, 2017.  A copy of Ms. Schaecher's email and the letter attached to Ms. Smalls' email are annexed hereto as Exhibit 3.

11.   The January 3, 2017 communication discussed purported deficiencies in Au Pair In America's May 4, 2016 discovery responses and insisted on a response by January

6, 2017. Ms. Smalls' January 3, 2017 communication ignores the parties' September 2016 correspondence. The communication also fails to address the concerns and arguments raised by Au Pair In America in its September 26, 2016 letter.

12. After several attempts to contact our client's representative, I confirmed that she was absent from work due to illness. I sent an email to Ms. Smalls on January 5, 2017, which explained that our client's representative was unavailable due to illness, and that I required additional time to discuss the issues raised in Ms. Smalls' January 3, 2017 communication. I further informed her that I would have a discussion with her on these issues during the week of January 9, 2017. (Smalls Decl. Ex. S).

13. Ms. Smalls never responded to me and Plaintiffs provided no further individual communication prior to the filing of the Motion for Protective Order or, in the Alternative, Amendment to the Scheduling Order.

14. During the overnight hours of Saturday, January 7, 2017, Peter Skinner, another member of Plaintiffs' law firm, sent me an email. For reasons related to the practice of my faith, I did not receive or review that (or any other business email) until approximately 6:00 a.m. on Monday, January 9, 2017. Mr. Skinner's email stated that Plaintiff would file a Motion for Protective Order or, in the Alternative, Amendment to the Scheduling Order on January 9, 2017 at 11:00 a.m. EST. Once again, the strategic dispatch and timing of Plaintiffs' counsel's email left me with no viable opportunity to confer with our client about the matters raised in either his email or Ms. Smalls' email received on the prior Wednesday.

15. On January 9, 2017, Plaintiffs filed the instant motion.

4

16.   Plaintiffs' contentions that they repeatedly sought production of Au Pair In America's discovery responses are demonstrably false.  Plaintiffs waited over four months to raise any issue with Au Pair In America's objections to Plaintiffs' requests for au pair and host family information.  After Au Pair In America promptly notified Plaintiffs that it would not withdraw these objections, Plaintiffs failed to respond or otherwise address the matter.  Instead of satisfying their obligation to meet and confer in good faith regarding the dispute over au pair and host family information, Plaintiffs abruptly provided Au Pair In America with unreasonable notices and self-imposed deadlines to provide the outstanding contested discovery.  Plaintiffs then filed the instant motion before Au Pair In America could reasonably and/or substantively respond to Plaintiffs' demand.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 31, 2017.


/s/ Stephen J. Macri
Stephen J. Macri

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN, et al.

Plaintiffs,

v.

INTEREXCHANGE, INC., et al.

Defendants.

---

**DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN
AMERICA'S RESPONSES TO PLAINTIFFS' FIRST SET REQUEST FOR
PRODUCTION OF DOCUMENTS**

---

Defendant American Institute for Foreign Study d/b/a Au Pair in America (AIFS),
by and through its undersigned counsel, submits its responses to Plaintiffs' First Set of
Request for Production of Documents as follows.

**GENERAL OBJECTIONS**

In addition to the objections stated below, AIFS objects to all requests for
production as follows.

A.      AIFS objects to and rejects the "Definitions and Instructions" (hereafter
Definitions and Instructions) appearing in Plaintiffs' First Set of Request for Production
of Documents to where not authorized by the Federal Rules of Civil Procedure.
Defendants will respond for and regarding itself in accordance with normal meanings
and interpretations and consistent with the Federal Rules of Civil Procedure.

FPDOCS 31547325.1

B.      AIFS objects that the request for information from January 1, 2009 to the present (See "Definitions and Instructions" ¶ 16, p. 4) is overly broad, burdensome and oppressive and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving its objections, AIFS responds for the period November 1, 2011 to present.

C.      AIFS objects that the requests for production seek class-wide merits or damages discovery before any class or collective action has been certified or any motion for certification filed.  The only plaintiffs in the case are the named plaintiffs. Without waiving this objection, AIFS responds regarding the named plaintiffs.

D.      AIFS objects to Plaintiffs' requests for production pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not proportional to the needs of the case or seek information that is not proportional to the needs of the case.

E.      AIFS objects to Plaintiffs' requests for production insofar as they seek confidential and proprietary information prior to the entry of an appropriate protective order.

F.      Defendant generally objects to Plaintiffs' requests for production of documents to the extent that Plaintiff seeks financial information and documents.  Evidence of a defendant's financial status is not discoverable.  Absent relevancy and a compelling need, a party may not obtain a defendant's financial records through discovery.  *See Bonanno v. Quizno's Franchise Co. LLC*, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (*citing Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159 (Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta*

2

*v. Albertson's, Inc.,* 975 P.2d 718, 721 n.4, 723 (Colo. 1999); *see also Leidholt v. Dist. Ct.,* 619 P.2d 768, 770 (Colo. 1980); *Packard v. Moore,* 71 P.2d 922 (Cal. 1937); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).

G.      AIFS objects to Plaintiffs' requests for production to the extent they seek information that violates the privacy rights of non-parties.

H.      Defendant objects to Plaintiffs' requests for production pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not proportional to the needs of the case or seek information that is not proportional to the needs of the case.

I.       AIFS objects that Plaintiffs' requests for production are irrelevant and not likely to lead to the discovery of admissible evidence inasmuch as they encompass au pairs other than standard au pairs and the court has ordered that "Plaintiffs, and those they seek to represent in a class action, are 'standard' au pairs and '[T]he only issues relevant to the current inquiry pertain to Defendants' practices with regard to standard au pairs.' (Doc. #220 at 14.)"  Order Adopting and Affirming in Part Feb. 22, 2016 Recommendation of U.S. Magistrate Judge, Doc #258 at n. 13 (Mar. 31, 2016).

J.      AIFS objects to Plaintiffs' requests for production to the extent they require production of attorney-client and/or work-product privileged information.  Any production of such privileged materials by AIFS is unintentional and inadvertent, and AIFS requests that Plaintiff immediately return to Defendant all documents that appear to be subject to the attorney-client privilege or work product doctrine.

3

K.      AIFS objects to Plaintiffs' requests for production to the extent they would require production of documents and things that are not in AIFS's possession, custody, or control.

L.      Defendant objects to Plaintiffs' requests for production to the extent they are irrelevant and reserves all rights and objections with respect to relevance, materiality and admissibility.

M.      A response that AIFS "will produce" responsive documents means that if such documents exist, are within AIFS's possession, custody and control, and are not privileged, they will be produced subject to the Court's protective order.

N.      Defendant reserves the right to supplement its responses as additional information and things are discovered, if any.

## DOCUMENTS REQUESTED

*Request No. 1:  Documents sufficient to identify all au pair you have sponsored, including the period of sponsorship, the state in which each au pair worked, and the family for whom each au pair worked.*

**Response to Request No. 1**

AIFS objects that this request is overly broad, burdensome and oppressive, vague regarding the words "documents sufficient," requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  AIFS further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks

4

information that is not proportional to the needs of the case; and contains multiple sub-parts. AIFS further objects to this request on the grounds that it seeks information that is proprietary and confidential to AIFS and information about parties and non-parties which is private.

Without waiving its objections, and [[following entry of a protective order]], AIFS produces documents identifying Plaintiff Lsuapho Hlatshaneni and states that it does not possess or control any such documents related to the other named plaintiffs.

*Request No. 2: Documents concerning au pair compensation.*

**Response to Request No. 2**

AIFS objects that this request is overly broad, burdensome and oppressive, vague and ambiguous, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. AIFS further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; seeks information that is proprietary and confidential to AIFS; and seeks information about parties and non-parties which is private.

Without waiving its objections and the fact that AIFS is not an employer over au pairs, following entry of a protective order, AIFS will produce its standard documents, forms, advertisements and other materials relating to standard au pair compensation

5

and U.S. Department of State materials relating to au pair compensation for the period

November 1, 2011 to July 15, 2015.  Discovery is continuing.

*Request No. 3:  Documents concerning any other sponsor's rate of au pair compensation.*

**Response to Request No. 3**

AIFS objects that this request is overly broad, burdensome and oppressive,

vague and ambiguous, requests information that is confidential and irrelevant and is not

reasonably calculated to lead to the discovery of admissible evidence.  AIFS further

objects that this request improperly seeks class-wide discovery before any class or

collective action has been certified, conditionally or otherwise, and before any motion for

certification has been filed; is not reasonably limited in time to the facts and transactions

alleged in the Amended Complaint; seeks information that is not proportional to the

needs of the case; seeks information that is proprietary and confidential; and

information about parties and non-parties which is private. Without waiving its

objections, AIFS responds:  None.  To AIFS's knowledge, no sponsor compensates au

pairs.

*Request No. 4:  Documents concerning any meetings between you and any other sponsor.*

**Response to Request No. 4**

AIFS objects that this request seeks documents and information subject to the

joint defense privilege, attorney-client privilege and/or work product doctrine.  AIFS

further objects that the request is overly broad, burdensome and oppressive, vague and

6

ambiguous, requests information that is not reasonably calculated to lead to the discovery of admissible evidence.  AIFS further objects that this request is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint and seeks information that is not proportional to the needs of the case. Without waiving its objections, AIFS produces documents related to International Au Pair Association/IAPA meetings attended by more than one sponsor.  Also without waiving its objections and following agreement of the parties regarding the search and production of electronically stored information, AIFS will produce non-privileged information that appears in emails for the period November 1, 2011 to July 15, 2015. Discovery is continuing.

*Request No. 5:  Correspondence with or about any other defendant in this lawsuit.*

**Response to Request No. 5**

        AIFS objects that this request seeks documents and information subject to the joint defense privilege, attorney-client privilege and/or work product doctrine and by a joint defense agreement between the defendants and their counsel.  AIFS further objects that the request is overly broad, burdensome and oppressive, vague and ambiguous, and requests information that is not reasonably calculated to lead to the discovery of admissible evidence.  AIFS further objects that this request is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint and seeks information that is not proportional to the needs of the case. Without waiving its objections, and following agreement of the parties regarding the search and production of electronically stored information, AIFS will produce non-

7

privileged information concerning standard au pairs that appears in emails for the period November 1, 2011 to July 15, 2015. Discovery is continuing.

*Request No. 6: Documents concerning agreements, contractual or otherwise, entered into between or among defendants.*

**Response to Request No. 6**

AIFS objects that this request seeks documents and information subject to the joint defense privilege, attorney-client privilege and/or work product doctrine and by a joint defense agreement between the defendants and their counsel. AIFS further objects that the request is overly broad, burdensome and oppressive, vague and ambiguous, and requests information that is not reasonably calculated to lead to the discovery of admissible evidence. AIFS further objects that this request is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint and seeks information that is not proportional to the needs of the case. Without waiving its objections, AIFS states that there are no non-privileged agreements responsive to this request.

*Request No. 7: Correspondence with any Putative Class member in this lawsuit, including contracts executed by or provided to such class member.*

**Response to Request No. 7**

AIFS objects that this request is overly broad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. AIFS further objects that this request improperly seeks class-wide discovery before any class or collective action has been

8

setup

certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; seeks information that is proprietary and confidential to AIFS; and information about parties and non-parties which is private. Without waiving its objections, and following entry of a protective order, AIFS will produce documents related to Plaintiff Lsuapho Hlatsheneni and states that it does not possess or control any such documents related to the other named plaintiffs.

*Request No. 8:  Contracts between defendants and host families relating to the Putative Class members.*

**Response to Request No. 8**

AIFS objects that this request is overly broad, burdensome and oppressive, vague and ambiguous, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  AIFS further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; seeks information that is proprietary and confidential; and information about parties and non-parties which is private. Without waiving its objections and after entry of a protective order, AIFS will produce documents related to Plaintiff

FPDOCS 31547325.1

Lsuapho Hlatsheneni and states that it does not possess or control any such documents related to the other named plaintiffs.

*Request No. 9: Any document relating to any named plaintiff in this case, excluding filed pleadings in this lawsuit.*

**Response to Request No. 9**

AIFS objects that this request is overly broad, burdensome and oppressive, vague and ambiguous, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. AIFS further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; seeks information that is proprietary and confidential; and information about parties and non-parties which is private. Without waiving its objections, AIFS will produce documents related to Plaintiff Lsuapho Hlatsheneni and states that it does not possess or control any such documents related to the other named plaintiffs. See also responses to requests 1, 7 and 8.

*Request No. 10: Time records sufficient to show the actual number of hours worked by the putative class members.*

**Response to Request No. 10**

AIFS objects that this request is overly broad, burdensome and oppressive, vague regarding the words "time records sufficient," AIFS objects that this request

10

improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; seeks information that is proprietary and confidential; and information about parties and non-parties which is private. Without waiving its objections, AIFS states that it has no responsive documents.

*Request No. 11: Documents supporting defendants' claim that the government has mandated a uniform wage.*

**Response to Request No. 11**

Without waiving its General Objections, AIFS states that it does not claim that the government has mandated a uniform wage.

*Request No. 12: Documents concerning statements you have made to host families regarding compensation to au pair.*

**Response to Request No. 12**

AIFS objects that this request is overly broad, burdensome and oppressive, vague and ambiguous, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. AIFS further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the

11

needs of the case; seeks information that is proprietary and confidential to AIFS; and seeks information about parties and non-parties which is private.

Without waiving its objections and following entry of a protective order, AIFS will produce its standard documents, forms, advertisements and other materials directed to host families relating to compensation of standard au pairs for the period November 1, 2011 to July 15, 2015.  Discovery is continuing.

*Request No. 13:  Documents concerning statements you have made to host families regarding the number of hours au pair may be required to work.*

**Response to Request No. 13**

AIFS objects that this request is overly broad, burdensome and oppressive, vague and ambiguous, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  AIFS further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; seeks information that is proprietary and confidential to AIFS; and seeks information about parties and non-parties which is private.

Without waiving its objections and following entry of a protective order, AIFS will produce its standard documents, forms, advertisements and other materials directed to host families relating to hours of standard au pairs based on federal regulation and

12

applicable law for the period November 1, 2011 to July 15, 2015.  Discovery is

continuing.

*Request No. 14:  Documents concerning or constituting complaints from au pair about an au pair's compensation or work schedule, including but not limited to complaints that the au pair was working more than ten hours per day or 45 hours per week; that the au pair's work schedule prevented the au pair from attending school; that the au pair was not permitted days off or vacation time; or that the au pair was required to be "on call" for the host family.  This Request includes responses made to au pairs and any discussion about the complaint(s).*

**Response to Request No. 14**

AIFS objects that this request is overly broad, burdensome and oppressive,

vague regarding the words "complaints," requests information that is confidential and

irrelevant and is not reasonably calculated to lead to the discovery of admissible

evidence.  AIFS further objects that this request improperly seeks class-wide discovery

before any class or collective action has been certified, conditionally or otherwise, and

before any motion for certification has been filed; is not reasonably limited in time to the

facts and transactions alleged in the Amended Complaint; seeks information that is not

proportional to the needs of the case; and contains multiple sub-parts.  AIFS further

objects to this request on the grounds that it seeks information that is proprietary and

confidential to AIFS and information about parties and non-parties which is private.

Without waiving its objections, and following entry of a protective order, AIFS

produces documents relating to complaints by Plaintiff Lsuapho Hlatshaneni and states

that it does not possess or control any such documents related to the other named

plaintiffs.

13

*Request No. 15:  Communications concerning au pair compensation between you and any government entity or nongovernment entity representing au pairs, including but not limited to the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association.*

**Response to Request No. 15**

AIFS objects that this request is overly broad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  AIFS further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; [[and contains multiple sub-parts]].  AIFS further objects to this request on the grounds that it seeks information that is public record and easily accessible to plaintiffs.

Without waiving its objections, AIFS will produce documents for the period November 1, 2011 to July 15, 2015.  Discovery is continuing.

*Request No. 16:  Your audited or unaudited financial statements, including documents sufficient to show your annual revenue and income derived from participating in the au pair program during each year in which you have participated in the program.*

**Response to Request No. 16**

AIFS objects that this request is overly broad, burdensome and oppressive, vague regarding the words "documents sufficient," requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  AIFS further objects that this request is not reasonably limited in

14

time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; [[and contains multiple sub-parts]]. AIFS further objects to this request on the grounds that it seeks information that is proprietary and confidential to AIFS. Evidence of a defendant's financial status is not discoverable.  Absent relevancy and a compelling need, a party may not obtain a defendant's financial records through discovery.  *See Bonanno v. Quizno's Franchise Co. LLC*, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (*citing Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159 (Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 721 n.4, 723 (Colo. 1999); s*ee also Leidholt v. Dist. Ct.*, 619 P.2d 768, 770 (Colo. 1980); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).

*Request No. 17:  Documents sufficient to show your corporate structure, including your internal reporting lines as well as the existence of parent companies, affiliates and subsidiaries, including but not limited to organizational charts.*

**Response to Request No. 17**

AIFS objects that this request is overly broad, burdensome and oppressive, vague regarding the words "documents sufficient," requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  AIFS further objects that this request is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains multiple sub-parts.  AIFS further objects to this request on the grounds that it seeks information that is proprietary

15

and confidential to AIFS.  Without waiving its objections and following entry of a

protective order, AIFS will produce documents regarding AIFS's structure.

*Request No. 18:  Documents sufficient to identify your employees, including names, titles and reporting lines.*

**Response to Request No. 18**

AIFS objects that this request is overly broad, burdensome and oppressive,

vague regarding the words "documents sufficient," requests information that is

confidential and irrelevant and is not reasonably calculated to lead to the discovery of

admissible evidence.  AIFS further objects that this request is not reasonably limited in

time to the facts and transactions alleged in the Amended Complaint; seeks information

that is not proportional to the needs of the case; and contains multiple sub-parts.  AIFS

further objects to this request on the grounds that it seeks information that is proprietary

and confidential to AIFS and information about non-parties which is private.

Without waiving its objections and following entry of a protective order, AIFS will

produce documents regarding AIFS's employees.

*Request No. 19:  All advertisements intended to reach potential au pairs concerning compensation, including all prior versions of your website.*

**Response to Request No. 19**

AIFS objects that this request is overly broad, burdensome and oppressive,

vague regarding the words "advertisements intended to reach potential au pairs,"

requests information that is not reasonably calculated to lead to the discovery of

admissible evidence.  AIFS further objects that this request improperly seeks class-wide

16

discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; and seeks information that is not proportional to the needs of the case.

Without waiving its objections, AIFS will produce advertisements directed at potential standard au pairs concerning standard au pair compensation pursuant to federal regulation and applicable law for the period November 1, 2011 to July 15, 2015. Discovery is continuing.

*Request No. 20: Documents concerning training provided to au pairs.*

**Response to Request No. 20**

AIFS objects that this request is overly broad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. AIFS further objects that this request is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; and seeks information that is not proportional to the needs of the case. AIFS further objects to this request on the grounds that it seeks information that is proprietary and confidential to AIFS and information about non-parties which is private.

Without waiving its objections and following entry of a protective order, AIFS will produce documents concerning training provided to standard au pairs for the period November 1, 2011 to July 15, 2015. Discovery is continuing.

Dated this 4th day of May, 2016.

17

s/ *Susan M. Schaecher*
Susan M. Schaecher
Lawrence L. Lee
FISHER & PHILLIPS LLP
1801 California Street, Suite 2700
Denver, Colorado  80202
303-218-3650
sschaecher@laborlawyers.com
llee@laborlawyers.com

18

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2016, I electronically served the foregoing responses to the following e-mail addresses:

Lauren Fleischer Louis
Sigrid S. McCawley
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL  33301
llouis@bsfllp.com
smccawley@bsfllp.com

Matthew L. Schwartz
Peter Skinner
Randall W. Jackson
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue, 7th Floor
New York, NY  10022
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Alexander Hood
Towards Justice
601 16th Street, Suite C #207
Golden, CO  80401
Email:  alex@towardsjustice.org

Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Email: reilly@wtotrial.com

Brian Alan Birenbach
Rietz Law Firm, LLC
P.O. Box 5268
114 Village Place, #301
Dillon, CO  80435
brian@rietzlawfirm.com

19

FPDOCS 31547325.1

Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Email: lstone@duffordbrown.com
Email: chammond@duffordbrown.com

William J. Kelly III
Chandra Marie Feldkamp
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO  80202
Email:  wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com

James E. Hartley
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email:  jhartley@hollandhart.com

Adam A. Hubbard
Holland & Hart LLP
1800 Broadway Suite 300
Boulder, CO  80302
Email: aahubbard@hollandhart.com

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bsiebert@shermanhoward.com

William Leitzsey Monts, III
Hogan Lovells US LLP-DC
555 13th Street, N.W., Suite 1300
Washington, D.C. 20004-1109
William.monts@hoganlovells.com

Jeffrey P. Allen
Donald J. Gentile
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345

20

Boston, MA  02210
Email:  jallen@lawson-weitzen.com
           dgentile@lawson-weitzen.com

Bogdan Enica
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL  33701
Email:  Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO  80202
Email:  Rhoadesm@gtlaw.com
Email:  Estevaom@gtlaw.com

Martha L. Fitzgerald
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Email:  mfitzgerald@bhfs.com
Email:  dmeschke@bhfs.com

Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
Erica Lynn Herrera
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bcolaizzi@shermanhoward.com
Email:  hvickles@shermanhoward.com
Email:  rdeeny@shermanhoward.com
Email:  eherrera@shermanhoward.com

Brian P. Maschler
Gordon & Rees, LLP-San Francisco
275 Battery Street, Suite 2000
San Francisco, CA  94579
bmaschler@gordonrees.com

21

John R. Mann
Peggy E. Kozal
Thomas Baker Quinn
Gordon & Reese LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email:  jmann@gordonrees.com
Email:  pkozal@gordonrees.com
Email:  tquinn@gordonrees.com

     *s/ Susan M. Schaecher*
     Susan M. Schaecher
     Lawrence Lee
     For Fisher & Phillips LLP
     1801 California Street, Suite 2700
     Denver, Colorado  80202
     303-218-3650
     303-218-3651 facsimile
     sschaecher@laborlawyers.com
     llee@laborlawyers.com

22