EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN, et al.

Plaintiffs,

v.

INTEREXCHANGE, INC., et al.

Defendants.

---

**DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

---

Defendant American Institute for Foreign Study d/b/a Au Pair in America (AIFS), by and through its undersigned counsel, submits its responses to Plaintiffs' First Set of Interrogatories as follows.

## GENERAL OBJECTIONS

In addition to the objections stated below, AIFS objects to all interrogatories as follows.

A.     AIFS objects to and rejects the "Definitions and Instructions" (hereafter Definitions and Instructions) appearing in Plaintiffs' First Set of Interrogatories where not authorized by the Federal Rules of Civil Procedure.  AIFS will respond for and regarding itself in accordance with normal meanings and interpretations and consistent with the Federal Rules of Civil Procedure.

B.     AIFS objects that the request for information from January 1, 2009 to the present (See "Instructions for Int." ¶ 7) is overly broad, burdensome and oppressive,

FPDOCS 31539693.1

irrelevant and not likely to lead to the discovery of admissible evidence.  Without waiving its objections, AIFS responds for the period of November 1, 2011 to present.

C.      AIFS objects that the interrogatories seek class-wide merits or damages discovery before any class or collective action has been certified or any motion for certification filed.  The only plaintiffs in the case are the named plaintiffs.  Without waiving this objection, APIA and APIA responds regarding the named plaintiffs.

D.      AIFS objects to Plaintiffs' interrogatories pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not proportional to the needs of the case or seek information that is not proportional to the needs of the case.

E.      AIFS objects to Plaintiffs' interrogatories insofar as they seek confidential and proprietary information prior to the entry of an appropriate protective order.

F.      Defendant generally objects to Plaintiffs' interrogatories to the extent that Plaintiff seeks financial information and documents.  Evidence of a defendant's financial status is not discoverable.  Absent relevancy and a compelling need, a party may not obtain a defendant's financial records through discovery.  *See Bonanno v. Quizno's Franchise Co. LLC*, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (citing *Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159 (Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 721 n.4, 723 (Colo. 1999); *see also Leidholt v. Dist. Ct.*, 619 P.2d 768, 770 (Colo. 1980); *Packard v. Moore*, 71 P.2d 922 (Cal. 1937); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).

G.      AIFS objects to Plaintiffs' interrogatories to the extent they seek information that violates the privacy rights of non-parties.

2

H.      AIFS objects that Plaintiffs' interrogatories are overly broad, irrelevant and not likely to lead to the discovery of admissible evidence inasmuch as they encompass au pairs other than standard au pairs and the court has ordered that "Plaintiffs, and those they seek to represent in a class action, are 'standard' au pairs and '[T]he only issues relevant to the current inquiry [] pertain to Defendants' practices with regard to standard au pairs.' (Doc. #220 at 14.)"  Order Adopting and Affirming in Part Feb. 22, 2016 Recommendation of U.S. Magistrate Judge, Doc #258 at n. 13 (Mar. 31, 2016).

I.      AIFS objects that Plaintiffs' interrogatories exceed numerical limitations placed by the court on the number of interrogatories.   Interrogatory 2 requests information regarding steps taken to comply with a regulation comprising 16 numbered parts and 63 numbered subparts, with additional parts incorporated therein and including numerous requirements clearly irrelevant to this case.

J.      Defendant objects to Plaintiffs' interrogatories to the extent they are irrelevant and reserves all rights and objections with respect to relevance, materiality and admissibility.

K.      Defendant reserves the right to supplement its responses as additional information and things are discovered, if any.

---

## INTERROGATORIES

*Interrogatory No. 1:*

*Please identify all au pairs that you have sponsored, past and present.  For each au pair, identify the au pair's (a) name, home address, last known contact information (e.g., email addresses, phone numbers, etc.), (b) country of origin, (c) date of sponsorship, (d) duration of sponsorship, (e) host family(ies), host family address(es), last known contact information for each host family identified (e.g. email addresses, phone numbers, etc.),*

3

duration of placement with each host family, (f) foreign agent(s) involved in facilitating sponsorship, (g) total fees charged to each au pair (including an itemization of what the fee was for), and (h) total fees charged.

**Response to Interrogatory No. 1**

AIFS objects that this interrogatory is overbroad, burdensome and oppressive, requests information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. AIFS further objects that this interrogatory improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains at least eight separate sub-parts. AIFS further objects to this request on the grounds that it seeks information that is proprietary and confidential to AIFS.

Without waiving its objections and upon entry of a protective order, AIFS will produce information relating to Plaintiff Lsuapho Hlatshaneni. See also response to Request for Production 1, 7, 8, 9.

*Interrogatory No. 2:*

*Identify all steps you take to ensure that program participants satisfy all requirements as mandated by 22 C.F.R. § 62.31, including but not limited to steps you take to ensure that au pairs are not working more than 10 hours per day or 45 hours per week; are permitted required time off including paid vacation; and are completing educational requirements.*

**Response to Interrogatory No. 2**

AIFS objects that this interrogatory is overbroad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated

4

to lead to the discovery of admissible evidence.  AIFS further objects that this interrogatory improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and seeks information regarding au pairs that Plaintiffs do not seek to represent.  AIFS objects that the interrogatory exceeds the numerical limitations placed by the court on the number of interrogatories the parties may serve.  Interrogatory 2 asks about steps taken to comply with a regulation containing 16 numbered parts and 63 numbered subparts and including numerous requirements clearly irrelevant to this case.  AIFS further objects to this request on the grounds that it seeks information that is proprietary and confidential to AIFS.

Without waiving its objections, AIFS states that it complies with the requirements of 22 CFR 62.31 and, concerning the time and educational requirements, communicates the requirements orally and in writing to au pairs, host families and consultants at orientations, on its website, and in other communications; assigns consultants to communicate with au pairs to confirm the requirements are met; and requires au pairs to tell consultants, and consultants to complete reports, regarding whether the requirements are met.

See also response to Request for Production 2, 8, 12, 13.

*Interrogatory No. 3:*

*Identify each time you have communicated to anyone that au pair in your sponsorship may be compensated more than the weekly stipend.  For each responsive*

5

*communication, identify the audience by name, whether an au pair, host family, government entity or other; the forum in which the communication was made; the date or if published, range of dates the communication was viewable, and the precise communication.*

**Response to Interrogatory No. 3**

AIFS objects that Plaintiffs have exceeded the numerical limitations placed by the court on the number of interrogatories the parties may serve. AIFS objects that this interrogatory is overbroad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. AIFS further objects that this interrogatory improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains multiple sub-parts. AIFS further objects to this request on the grounds that it seeks information that is proprietary and confidential to AIFS.

Without waiving its objections, AIFS states that regarding standard au pairs, its communications regarding the stipend do not foreclose payment of more than the stipend. Communications regarding the stipend appear on AIFS's website, in presentations to potential au pairs and host families, in flyers and similar materials. See also response to Request for Production 2, 12, 13, 15.

*Interrogatory No. 4*

*Identify all putative Class members who have been paid more than $195.75 per week. For each Putative Class member that has been paid Compensation in excess of the*

6

*$195.75 weekly stipend, state how much the Putative Class member was paid and the dates of employment.*

**Response to Interrogatory No. 4**

AIFS objects that Plaintiffs have exceeded the numerical limitations placed by the court on the number of interrogatories the parties may serve.  AIFS objects that this interrogatory is overbroad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  AIFS further objects that this interrogatory improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains multiple sub-parts.  AIFS further objects to this request on the grounds that it seeks information that AIFS does not possess.

Without waiving its objections, AIFS states regarding Plaintiff Lsuapho Hlatshaneni that it does not possess information as to whether she was paid more than $195.75.

7

_____, being first duly sworn, deposes and says that [he/she is

_____ for American Institute for Foreign Study d/b/a Au Pair in America; that

she does not have personal knowledge of the facts recited in the foregoing answers, but

the information has been gathered by and from employees who are representatives of

American Institute for Foreign Study d/b/a Au Pair in America; that the answers are true

to the best of her belief based on the information supplied by such employees or

representatives; and that the foregoing answers are verified by her as agent for

Defendants in  accordance with the Federal Rules of Civil Procedure.


_____ _____


SUBSCRIBED AND SWORN TO before me this ____ day of _____,
20___.


____                                           _____
                                               Notary Public
SEAL

My commission expires:

_____—

8

AS TO OBJECTIONS:

s/ *Susan M. Schaecher*
Susan M. Schaecher
Lawrence L. Lee
FISHER & PHILLIPS LLP
1801 California Street, Suite 2700
Denver, Colorado  80202
303-218-3650
sschaecher@laborlawyers.com
llee@laborlawyers.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2016, I electronically served the foregoing responses to the following e-mail addresses:

Lauren Fleischer Louis
Sigrid S. McCawley
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL  33301
llouis@bsfllp.com
smccawley@bsfllp.com

Matthew L. Schwartz
Peter Skinner
Randall W. Jackson
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue, 7th Floor
New York, NY  10022
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Alexander Hood
Towards Justice
601 16th Street, Suite C #207
Golden, CO  80401
Email:  alex@towardsjustice.org

Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Email: reilly@wtotrial.com

Brian Alan Birenbach
Rietz Law Firm, LLC
P.O. Box 5268
114 Village Place, #301
Dillon, CO  80435
brian@rietzlawfirm.com

10

Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Email: lstone@duffordbrown.com
Email: chammond@duffordbrown.com

William J. Kelly III
Chandra Marie Feldkamp
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO  80202
Email:  wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com

James E. Hartley
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email:  jhartley@hollandhart.com

Adam A. Hubbard
Holland & Hart LLP
1800 Broadway Suite 300
Boulder, CO  80302
Email: aahubbard@hollandhart.com

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bsiebert@shermanhoward.com

William Leitzsey Monts, III
Hogan Lovells US LLP-DC
555 13th Street, N.W., Suite 1300
Washington, D.C. 20004-1109
William.monts@hoganlovells.com

Jeffrey P. Allen
Donald J. Gentile
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210

11

Email:  jallen@lawson-weitzen.com
        dgentile@lawson-weitzen.com

Bogdan Enica
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL  33701
Email:  Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO  80202
Email:  Rhoadesm@gtlaw.com
Email:  Estevaom@gtlaw.com

Martha L. Fitzgerald
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Email:  mfitzgerald@bhfs.com
Email: dmeschke@bhfs.com

Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
Erica Lynn Herrera
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bcolaizzi@shermanhoward.com
Email:  hvickles@shermanhoward.com
Email:  rdeeny@shermanhoward.com
Email:  eherrera@shermanhoward.com

Brian P. Maschler
Gordon & Rees, LLP-San Francisco
275 Battery Street, Suite 2000
San Francisco, CA  94579
bmaschler@gordonrees.com

12

John R. Mann
Peggy E. Kozal
Thomas Baker Quinn
Gordon & Reese LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email:  jmann@gordonrees.com
Email:  pkozal@gordonrees.com
Email:  tquinn@gordonrees.com

<div style="margin-left:40%">

_s/ Susan M. Schaecher_
Susan M. Schaecher
Lawrence Lee
For Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, Colorado  80202
303-218-3650
303-218-3651 facsimile
llee@laborlawyers.com

</div>

13

EXHIBIT 3



**From:** Schaecher, Susan [mailto:sschaecher@fisherphillips.com]
**Sent:** Tuesday, January 03, 2017 2:52 PM
**To:** Stephen Macri <SMacri@putneylaw.com>; John B. Fulfree <jfulfree@putneylaw.com>
**Cc:** Lee, Lawrence <llee@fisherphillips.com>
**Subject:** FW: Re: Beltran v. InterExchange, Inc. et al.

I just received the email below and the attached letter regarding AIFS. I will let Dawn know by email that she should communicate with you regarding the letter directed to AIFS.



**Susan Schaecher**
Attorney at Law
Fisher & Phillips LLP
1801 California Street | Suite 2700 | Denver, CO 80202
sschaecher@fisherphillips.com | O: (303) 218-3676

vCard | Bio | Website   *On the Front Lines of Workplace Law℠*

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

**From:** Sheryl Heyward [mailto:SHeyward@BSFLLP.com]
**Sent:** Tuesday, January 3, 2017 12:23 PM
**To:** Schaecher, Susan <sschaecher@fisherphillips.com>; Lee, Lawrence <llee@fisherphillips.com>
**Cc:** Dawn Smalls <DSmalls@BSFLLP.com>; Maria Guarisco <MGuarisco@BSFLLP.com>
**Subject:** FW: Re: Beltran v. InterExchange, Inc. et al.

Dear Ms. Schaecher,

Attached is correspondence from Ms. Smalls, she attempted to email you on December 30th but it bounced back to her.

Thank you.

Sheryl Heyward

Sheryl A. Heyward

1

Legal Assistant to Dawn Smalls
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue
New York, New York 10022
Main:  (212) 446-2300
Direct:  (212) 446-2355
Facsimile:  (212) 446-2350
sheyward@bsfllp.com

**From:** Dawn Smalls
**Sent:** Friday, December 30, 2016 5:29 PM
**To:** 'sschaecher@fisherphilipps.com'; 'llee@fisherphilipps.com'
**Cc:** Sheryl Heyward; Maria Guarisco
**Subject:** Re: Beltran v. InterExchange, Inc. et al.

Susan,

Please find correspondence relating to the Beltran matter attached.

Thank you.

Dawn

Dawn L. Smalls
Partner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Ave
New York, NY 10022
212-754-4216 (Direct)
212-446-2350 (Fax)
dsmalls@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

# B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

December 30, 2016

**VIA EMAIL**
Susan M. Schaecher, Esq.
Fisher & Phillips, LLP
1801 California Street, Suite 2700
Denver, CO  80202

> *Re:*   *Beltran v. InterExchange, et al.*

Susan,

I write to follow up on my phone message to you regarding the status of your responses to Plaintiff's discovery requests. There are number of deficiencies in your production that need to be addressed immediately. First, Plaintiffs ask that documents sufficient to identify host families for *au pairs* sponsored by American Institute for Foreign Study ("AIFS"), as well as any documents in AIFS's possession, custody and control that identify wages and/or other amounts paid by host families to *au pairs*, be included in AIFS's production. Plaintiffs first requested these documents in its First Request for Production of Documents issued March 3rd in which we requested (1) Documents sufficient to identify all au pair you have sponsored, including the period of sponsorship, the state in which each au pair worked, and the family for whom each au pair worked; and (2) documents concerning au pair compensation.

Plaintiffs must determine what *au pairs* were actually paid to support Plaintiffs' claims. AIFS has represented that it does not have this information since it does not process the *au pair's* wages on a weekly basis. If AIFS as a sponsor agency is not in possession of this information, Plaintiffs will need to contact the individual *au pairs* or the host families to request it. Information from host families is also relevant as to what they were told by sponsor agencies regarding the cost of employing an au pair and whether they were told that that cost was fixed and/or subject to wage and hour laws.

You have maintained an objection to producing *au pair* contact information before a conditional class has been certified. However, your rationale for refusing to produce information about putative class members does not extend to host family contact information and there is no basis for a refusal to produce these documents.  Please confirm that documents sufficient to identify host families will be produced, or that you object to producing this information and the basis for that objection by **January 6, 2017**, so that we can appropriately elevate this issue with the court.

Plaintiffs also reissue their request for AIFS's financial statements and documents relating to its organizational structure.  Plaintiffs claim damages arising from the fees the class has paid to AIFS and the amount of revenue derived therefrom is clear evidence of the amount of

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

Susan M. Schaecher, Esq.
December 30, 2016
Page 2

these damages suffered by the class. In addition, patterns in costs and revenues as well as the company's margins over time, could be indicative of collusive behavior.  Plaintiffs also reissue their demand for documents relating to au pair compensation including (1) any reports and surveys collected, maintained, or generated relating to au pair wages; and (2) documents relating to complaints au pairs may have made about compensation or work schedule. Information relating to complaints can be found in the monthly audits provided to the Department of State and is relevant as to whether au pair compensation was fixed and/or whether they may have been eligible for or received an increase.

As you are aware, class certification deadlines are quickly approaching.  I look forward to your response and/or the production of documents referenced above by **January 6, 2017.**

Sincerely,

/s/ Dawn Smalls

Dawn L. Smalls