# EXHIBIT
# H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

        Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

        Defendants.

---

## DECLARATION OF JUSTIN J. WOLOSZ

1.      My name is Justin J. Wolosz.  I am a partner at the law firm of Choate, Hall & Stewart LLP and a member in good standing of the bar of the Commonwealth of Massachusetts.  I am admitted to the United States District Court for the District of Colorado.

2.      I am one of the attorneys representing Defendant Cultural Care, Inc. ("Cultural Care") in the above-captioned case.

3.      Cultural Care served answers to Plaintiffs' First Set of Interrogatories on May 9, 2016.  *See* Exhibit 1, attached hereto (excerpts with highly confidential information redacted).  Cultural Care served its initial response to Plaintiffs' First Set of Requests for Production of Documents on May 12, 2016.  Cultural Care served supplemental responses to Plaintiffs' First Set of Requests for Production of Documents on May 23 and 26, 2016.  Smalls Decl. Ex. E.[1]

---

[1] Citations in the format "Smalls Decl. Ex. __" are to the exhibits to the Declaration of Dawn L. Smalls in Support of Plaintiffs' Motion for a Protective Order or, in the Alternative, Amendment of the Scheduling Order, Doc. 455.

4.      Cultural Care objected to Plaintiffs' Interrogatory Number 1, which sought the identities and contact information of all au pairs that Cultural Care has sponsored, along with the identities and contact information for all families that hosted those au pairs. *See* Exhibit 1, p. 3. Cultural Care answered the interrogatory with respect to the two named au pair plaintiffs that Cultural Care had sponsored but otherwise objected on several grounds, including that a class or collective action has not been conditionally certified. *Id.*, pp. 3-4.

5.      Cultural Care objected to Plaintiffs' Document Request Number 1, which asked for documents sufficient to identify all au pairs that Cultural Care has sponsored, on several grounds, including that a class or collective action has not been conditionally certified. Smalls Decl. Ex. E, pp. 3-4.

6.      On September 29, 2016, my colleague Kevin O'Keefe and I participated in a telephonic meet and confer with counsel for Plaintiffs, Lauren Louis and Dawn Smalls. Plaintiffs' counsel asked whether Cultural Care would produce contact information for each of the au pairs that it has sponsored since 2009. I referred to Cultural Care's prior responses and objections and asked why Plaintiffs were attempting to press for au pair contact information when no collective or class action had been certified. Plaintiffs' counsel, Ms. Smalls, responded by saying that she is not required to answer that question, that au pair contact information is relevant and necessary to identify the class, and that it should be produced.

7.      In an October 19, 2016 letter Plaintiffs' counsel appeared to raise the issue of au pair contact information again.  Smalls Decl. Ex. L.  The letter suggested that Cultural Care had asserted a burden objection based on the "volumes of names," and claimed that such an objection was inadequate.  *Id.*

8.      I responded by letter dated October 24, 2016, recounting our discussion regarding this topic during the September 29, 2016 meet and confer and clarifying that Cultural Care's objection was not based on burden.  Smalls Decl. Ex. M.  Among other things, my letter said that absent a contrary explanation, Cultural Care must assume that Plaintiffs were seeking the information in order to recruit additional plaintiffs, as an end-run around the Court supervised notice procedures.  *Id.*

9.      Plaintiffs' counsel did not contact me again regarding discovery issues until December 16, 2016, when Ms. Smalls contacted me via telephone. During this call, Ms. Smalls said that in light of Cultural Care's objection regarding au pair contact information, Plaintiffs intended to press for the production of host family contact information.  Ms. Smalls told me that Plaintiffs required the identities and contact information of the families that hosted au pairs in order to collect information related to stipends paid.  To the best of my recollection, this was the first time in our discovery conferrals that Ms. Smalls or any of her colleagues had referenced a need for host family information for this purpose.  Plaintiffs' counsel reiterated this position in a letter dated December 19, 2016.  Smalls Decl. Ex. N. Plaintiffs' counsel did not say or suggest, either on the call or in the December 19

3

letter, that Plaintiffs required the au pair or host family contact information in order to prepare expert reports.

10.     On Saturday, January 7, 2017, Plaintiffs' counsel, Peter Skinner, emailed Defendants, indicating that Plaintiffs intended to file this motion unless Defendants' agreed to the relief sought by Plaintiffs before 11:00 AM EST on Monday.  My colleague, Lyndsey Kruzer, responded to Skinner on Monday afternoon, reporting that we were unable to confer in the abbreviated timeframe. Smalls Decl. Ex. CC.

11.     On January 17, 2017, Ms. Kruzer and I participated in a telephonic meet and confer with counsel for Plaintiffs, Ms. Smalls and Daniel Schwartz, to discuss records regarding stipend amounts paid to au pairs.

12.     During the call, Plaintiffs' counsel asked about certain records that Cultural Care had produced in response to Plaintiffs' document requests, examples of which are attached hereto as Exhibits 2 and 3 (names of au pairs and host families have been redacted).  We explained to Plaintiffs' counsel that (i) our search term exercise had identified approximately 11,000 of these "Monthly Contact Report" sheets from Cultural Care; (ii) the vast majority do not contain dollar amounts or hours, and instead have only initials under the columns labeled "Stipend paid to au pair each week (LCC initials)" and "Au pair worked 45 hours or less each week (LCC Initials)"; and (iii) we had produced approximately 125 of

these contact sheets, as they were the only ones identified by our search and review that contained numbers of hours or dollar amounts.[2]

13.     Some of the Monthly Contact Report sheets appear to indicate payment of a stipend in the amount of $195.75; others appear to indicate a stipend far in excess of that amount, even during weeks where the report shows the amount of childcare provided was far less than the program maximum of 45 hours. *See* Exs. 2, 3.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED this 31st day of January 2017.

/s/ Justin J. Wolosz
Justin J. Wolosz

_____

[2] Documents produced in this case indicate that the hour and dollar amounts should not have been included, as the form called for initials only.  *See* Ex. 3, at CC00002987.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

     Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

     Defendants.

---

## DEFENDANT CULTURAL CARE, INC.'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

---

     Defendant Cultural Care, Inc., ("Cultural Care," "Defendant" or "Responding Party"), by counsel, Lawson & Weitzen, LLP, submits the following answers to Plaintiffs' First Set of Interrogatories pursuant to Fed.R.Civ.P. 33:

### GENERAL OBJECTIONS

     Cultural Care makes the following general objections, to which each of the responses set forth below are subject:

     A.    Defendant objects to Plaintiffs' interrogatories to the extent they

1

improperly seek class-wide merits or damages discovery before any class or collective action has been certified or any motion for certification filed.  At present, the only plaintiffs in this case are the named Plaintiffs.  In particular but without limitation, Defendant objects to interrogatories seeking the identity of and private and confidential information concerning putative class members prior to class certification.

B.      Defendant objects to Plaintiffs' interrogatories to the extent they seek information that violates the privacy rights of non-parties.

C.      Defendant objects to Plaintiffs' interrogatories pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not  proportional to the needs of the case or seek information that is not proportional to the needs of the case.

D.      Defendant reserves the right to supplement its responses as additional information and things are discovered, if any.

E.      Any information disclosed in response to these interrogatories shall be subject to a suitable protective order.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify all au pairs that you have sponsored, past and present.  For each au pair, identify the au pair's name, home address, last known contact information (e.g., email addresses, phone numbers, etc.), country of origin, date of sponsorship, duration of sponsorship, host family(ies), host family address(es), last known contact information for each host family identified (e.g., email addresses, phone numbers, etc.), duration of placement with each host family, foreign agent(s) involved in facilitating sponsorship, total fees charged to each au pair (including an itemization of what the fee was for), and total fees charged.

2

**RESPONSE TO INTERROGATORY NO. 1:**

## HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Defendant further objects to this interrogatory to the extent it improperly seeks class-wide discovery before any class or collective action has been certified or any motion for certification filed.

Defendant Cultural Care further objects to this interrogatory as having multiple discrete subparts that should count as at least thirteen separate interrogatories pursuant to Fed.R.Civ.P. 33(a)(1). Defendant further objects to this interrogatory on the grounds that it is overly broad, is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case, and is unduly burdensome. Defendant also objects to this interrogatory on the grounds that it seeks information that is subject to Cultural Care's privacy policy and is violative of the privacy rights of host families and others who are not parties to this action. This request in its entirety is seeking in excess of approximately 100,000 names, addresses, phone numbers, and email addresses and is thus not proportional to the needs of the case and the burden and expense of producing the material is outweighed by its likely benefit. Defendant further objects to this interrogatory on the grounds it seeks information that is proprietary and confidential to Cultural Care. Cultural Care also objects to the use of the word "agent" in seeking information regarding any foreign entity that was involved in facilitating sponsorship of au pairs. Without waiving the foregoing objections and specifically relying on the same, Cultural Care Inc. answers as follows:

As to the named plaintiffs Beaudette Elizabeth Deetlefs and Dayanna Paola

3

Cardenas Caicedo the requested information is set forth below and is subject to the protective order regarding confidentiality entered by the court and should be considered "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

In regard to au pairs whose service occurred within the most liberal applicable statute of limitations under FLSA without agreeing that is the appropriate statute of limitations and expressly denying the same, that information will be made available at the time of conditional certification. If the parties agree to the appropriate use of the information prior to conditional certification, the information will be made available earlier. At the time that the identities of the individuals "opting in" to the FLSA action are known, all pertinent information regarding the host families corresponding to those au pairs will be produced. All remaining au pairs whose service falls with the applicable statute of limitations for the anti-trust claims will be identified at the time that the Court certifies that proposed class.

Without waiving the foregoing objections and specifically relying on the same, Cultural Care, Inc. provides the requested information for the named plaintiffs.

Baudette Elizabeth Deetlefs
REDACTED

Ms. Deetlefs was recruited and screened by International Care, Ltd.

Dayanna Paola Cardenas Caicedo

4

REDACTED

Ms. Carenas Caicedo was recruited and screened by International Care, Ltd.

**INTERROGATORY NO. 2:** Identify all steps you take to ensure that program partici-pants satisfy all requirements as mandated by 22 C.F.R. § 62.31, including but not limited to steps you take to ensure that au pairs are not working more than 10 hours per day or 45 hours per week; are permitted required time off including paid vacation; and are completing educational requirements.

**RESPONSE TO INTERROGATORY NO. 2:**

Cultural Care follows various procedures to educate all of our program participants with regard to their individual responsibilities under the regulations and to ensure and facilitate compliance. Pursuant to the federal regulations, prior to enrollment in the program, we interview all prospective host families within their home and inspect the home environment, including the au pair bedroom to make sure that this is a suitable placement. During this interview there is an extensive review of program regulations to make certain that families understand the responsibilities they have under

5

the regulations as participants on the program. We require the host family to acknowledge their understanding in writing at the completion of the interview acknowledging understanding of the pertinent federal regulations. When a host family repeats in the program we provide this information again to the host family as a reminder of their ongoing responsibilities and require another written acknowledgement. Even for families and au pairs extending their term together, we review these regulations once again and there is a standard form for this meeting to guide this conversation which once again must be acknowledged.

As required by the regulations, a two week orientation meeting is held with the host family and the au pair. The program regulations are once again reviewed in detail in the presence of all and all participants confirm their understanding by signing a form.

In addition, each month we have personal contact separately with every host family and au pair and confirm how things are going and ask specifically about compliance with the regulations regarding the weekly hours and payment. This information is entered into the Local Childcare Consultant (LCC) online accounts individually for each au pair and each host family. Once each entry is submitted, an automatic message is sent to the family and the au pair as confirmation. This message comes from the LCC and invites them to make contact with the Program Director if there is any incorrect information with regard to the compliance information reported. The monthly contact entries also include a section where the LCC is asked to provide an update on the progress towards completion of the educational component. All entries are maintained in our database.

6

Both the host family and the au pair have an online account which has extensive information regarding the Department of State's au pair regulations.

**INTERROGATORY NO. 3:** Identify each time you have communicated to anyone that au pairs in your sponsorship may be compensated more than the weekly stipend. For each responsive communication, identify the audience by name, whether an au pair, host family, government entity or other; the forum in which the communication was made; the date or, if published, range of dates the communication was viewable; and the precise communication.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant further objects to this interrogatory to the extent it improperly seeks class-wide discovery before any class or collective action has been certified or any motion for certification filed.

Defendant further objects to this interrogatory as having multiple discrete subparts that should count as at least five separate interrogatories pursuant to Fed.R.Civ.P. 33(a)(1). Defendant further objects to this interrogatory on the grounds that it is overly broad, is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case, and is unduly burdensome. Defendant also objects to this interrogatory on the grounds it seeks information that is subject to Cultural Care's privacy policy and/or is violative of the privacy rights of host families and others who are not parties to this action, that it is not relevant to any issue in the case, and that it is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this interrogatory on the grounds it seeks information that is

7

proprietary and confidential to Cultural Care. Without waiving the aforementioned objection and specifically relying on said objection, Cultural Care responds has hereinafter set forth:

We do not keep records of such conversations as such we are unable to respond to this interrogatory as set forth. We do confirm that all au pairs in our sponsorship are compensated weekly. If asked we instruct host families that they are free to pay more provided it is not dependent on the au pair increasing hours or chores to a level not permitted by the DOS regulations.

There are marketing materials and informational documents stating this policy and we will produce documents sufficient to demonstrate this practice and supplement this response in a reasonable time frame with said information.

**INTERROGATORY NO. 4:** Identify all putative Class members who have been paid more than $195.75 per week.  For each Putative Class member that has been paid Compensation in excess of the $195.75 weekly stipend, state how much the Putative Class member was paid and the dates of employment.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this interrogatory on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to Cultural Care, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this interrogatory to the extent it improperly seeks class-wide discovery before any class or collective action has been certified or any motion for certification filed.

8

Defendant further objects to this interrogatory as having multiple discrete subparts that should count as at least three separate interrogatories pursuant to Fed.R.Civ.P. 33(a)(1).  Defendant further objects to this interrogatory on the grounds it is overly broad, is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case, and is unduly burdensome.  Defendant also objects to this interrogatory on the grounds it seeks information that is subject to Cultural Care's privacy policy and/or is violative of the privacy rights of host families and others who are not parties to this action, that it is not relevant to any issue in the case, and that it is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this interrogatory on the grounds that it seeks information that is proprietary and confidential to Cultural Care. Without waiving the aforementioned objection and specifically relying on said objection, Cultural Care responds has hereinafter set forth: We do not keep records of the amount of the stipend provided to each au pair. Our records are limited to records confirming receipt of a weekly stipend.

9

Dated:  May 9, 2016

Respectfully Submitted,

   s/ Jeffrey P. Allen
Jeffrey P. Allen
E-mail: jallen@lawson-weitzen.com
Donald J. Gentile
E-mail: dgentile@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue
Boston, MA 02210
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987

ATTORNEYS FOR DEFENDANT
CULTURAL CARE, INC.

**VERIFICATION**

COMMONWEALTH OF MASSACHUSETTS )

                                 ) ss.

COUNTY OF MIDDLESEX             )

I, Natalie Jordan, being first duly sworn, depose and state that I am employed by Cultural Care, Inc. and that I am authorized to speak and act for said company in these matters, that I have read the foregoing Defendant Cultural Care Inc.'s Answers to Plaintiffs' First Set of Interrogatories and know the contents thereof, that said contents are true and accurate to the best of my knowledge and belief.



Natalie Jordan

SUBSCRIBED AND SWORN to before me this ___9th___ day of May, 2016, by Natalie Jordan.

         WITNESS my hand and official seal.

> RIKKI TRACY
> Notary Public
> COMMONWEALTH OF MASSACHUSETTS
> My Commission Expires
> April 7, 2017

Notary Public

My commission expires: _____

---

**The Commonwealth of Massachusetts**

On this ___9th___ day of ___May___ 20 __16__,

___Natalie Jordan___ personally appeared before me, and proved to me through satisfactory evidence of identification, which were ___MA__ , to be the person whose name is signed on the preceding or attached document in my presence.

RIKKI TRACY, Notary Public
My Commission Expires April 7, 2017

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2016, I served the foregoing on the following e-mail addresses.

**Lauren Fleischer Louis**
llouis@bsfllp.com

**Sigrid Stone McCawley**
smccawley@bsfllp.com

**Matthew Lane Schwartz**
mlschwartz@bsfllp.com

**Peter Murray Skinner**
pskinner@bsfllp.com

**Randall Wade Jackson**
rjackson@bsfllp.com

**Alexander Hood**
alex@towardsjustice.org

**Bogdan Enica**
bogdane@hotmail.com

**Brian A. Birenbach**
brian@rietzlawfirm.com

**Brooke A. Colaizzi**
bcolaizzi@shermanhoward.com

**Chandra M. Feldkamp**
cfeldkamp@kellywalkerlaw.com

**Christian D. Hammond**
chammond@duffordbrown.com

**Adam A. Hubbard**
aahubbard@hollandhart.com

**Heather F. Vickles**
hvickles@shermanhoward.com

**Kathryn A. Reilly**
reilly@wtotrial.com

**James E. Hartley**
jhartley@hollandhart.com

**John R. Mann**
jmann@gordonrees.com

**Lawrence D. Stone**
lstone@duffordbrown.com

**Lawrence L. Lee**
llee@laborlawyers.com

**Martin J. Estevao**
mestevao@armstrongteasdale.com

**Martha L. Fitzgerald**
mfitzgerald@bhfs.com

**Meshach Y. Rhoades**
rhoadesm@armstrongteasdale.com

**Mher Hartoonian**
mhartoonian@hollandhart.com

**Raymond M. Deeny**
rdeeny@shermanhoward.com

**Thomas B. Quinn**
tquinn@gordonrees.com

**W.V. Bernie Siebert**
bsiebert@shermanhoward.com

**William J. Kelly III**
wkelly@kellywalkerlaw.com

**Erica L. Herrera**
eherrera@shermanhoward.com

**William L. Monts III**
William.monts@hoganlovells.com

**Susan M. Schaecher**
sschaecher@laborlawyers.com

**David Meschke**
dmeschke@bhfs.com

s/ Jeffrey P. Allen
Jeffrey P. Allen

# EXHIBIT 2

**Cultural Care Au Pair**

Host Family Monthly Contact Report for (Month/Year): _November 2012_

LCC Name: Rosalie Gennarelli   (NJ)

Due by the 10th of the next month to Charlotte Landon

If Host Family Day Conference, please fill in information below:

Date of meeting: _____

Type of meeting (picnic, etc) : _____

Location of meeting: _____

The US Department of State expects that the following are conducted and documented by the LCC:

1) monthly personal contact with each au pair and host family for which the LCC is responsible

2) contact with au pair and hostfamily twice  monthly for the first two months following a transition placement

3) specific contact regarding the schedule or violations of other regulations be documented

| Host family name (first names) | Au pair arrival date | Au pair name | Stipend paid to au pair each week (LCC initials) | Au pair worked 45 hours or less each week (LCC initials) | Form of contact (meeting, phone, etc) | Date of contact | Date of 2nd contact (for in-country only) | Family initials at Host Family Day Conference | Comments |
|---|---|---|---|---|---|---|---|---|---|
| REDACTED | 1/3/2012 | REDACTED | 300 RY | 35 hrs | email | 11/15 11/17 LM 11/13 | N/A | | Very happy Love aupair |
| | 8/23/2012 | | 300 RY | 40 RY | phone | 11/17 LM 11/23 | N/A | | Excellent things are great |
| | 9/10/2012 | | 200 RY | 35 hrs RY | phone | 11/17 11/18 | N/A | | Things Not great upset abou Car accident AP had |
| | 3/28/2012 | | 300 RY | 40 RY | phone | 11/17 | N/A | | Everything going well |
| | 10/30/2012 | | 200 RY | 40 RY | meeting | 11/8/12 | N/A | | Everything going well glad Ada is leaving |
| | 11/28/2011 | | 195.75 RY | 35 RY | phone | 11/17/12 | N/A | | |
| | 10/15/2012 | | 195.75 RY | 35 RY | phone | 11/17/12 | N/A | | good things going well so far |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

CC00002909

**Cultural Care Au Pair**

# Au Pair Monthly Contact Report for (Month/Year): _November 2012_

LCC Name: Rosalie Giannarelli (NJ)

Date of meeting: 11/12/12

Location of meeting: ARMONK

Type of meeting: (Circle applicable)

GSEP   Cultural   Social   Host Family Event   Other

PR Event   Kids First event   _Fire Safety meeting_

*Due by the 10th of the next month to Charlotte Landon*

The US Department of State expects that the following are conducted and documented by the LCC:

1) monthly personal contact with each au pair and host family for which the LCC is responsible

2) contact with au pair and host family twice monthly for the first two months following a transition placement

3) specific contact regarding the schedule or violations of other regulations be documented

| Au pair name (family name) | Au pair initials | Au pair arrival date | Stipend rcvd each week (LCC initials) | Worked 45 hours or less each week (LCC initials) | Date of contact | Date of 2nd contact (for in-country only) | Form of contact (meeting, phone, etc) | Comments |
|---|---|---|---|---|---|---|---|---|
| REDACTED | CS | 9/10/2012 | 300 R | 25/32 | 11/13/12 | N/A | meeting | nice |
| | LW | 11/28/2011 | 187.79 | 35 (?) | 11/12/12 | N/A | meeting | PERFECTIV ? |
| | K.M | 10/15/2012 | 195.75 | 35 | 11/12/12 | N/A | meeting | cool |
| | L.G | 8/20/2012 | 200.00 | 40 | 11/12/12 | N/A | meeting | Pretty good |
| | L.A | 1/30/2012 | S 300 | 45 | 11/12 | N/A | meeting | COOL |
| | WK | 10/30/2012 | 200.00 | 40 | 11/12 | N/A | meeting | to something ok. |
| | NL | 3/26/2012 | 200.00 | 45 | 11/12/12 | N/A | meeting | everythings good |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

CC00002910

# EXHIBIT 3

**Cultural Care Au Pair**

Au Pair Monthly Contact Report for (Month/Year): _February 2013_

Due by the 10th of the next month to Caroline Cronin

LCC Name: Jennifer Napueno (NJ)

Date of meeting: _Feb. 25, 2013_

Location of meeting: _Fun Plex, East Haven_

Type of meeting: (Circle applicable)

CSEP   Cultural   Social   Host Family Event

PR Event   Kids First event   Other _____

The US Department of State expects that the following are conducted and documented by the LCC:

1) monthly personal contact with each au pair and host family for which the LCC is responsible

2) contact with au pair and hostfamily twice monthly for the first two months following a transition placement

3) specific contact regarding the schedule or violations of other regulations be documented

| Au pair name (family name) | Au pair initials | Au pair arrival date | Stipend recvd each week (LCC initials) | Worked 45 hours or less each week (LCC initials) | Date of contact | Date of 2nd contact (for in-country only) | Form of contact (meeting, phone, etc) | Comments |
|---|---|---|---|---|---|---|---|---|
| REDACTED | CH | 8/20/2012 |  | 35h | 2/25 | N/A | meeting | everything is good a |
|  | CH | 8/13/2012 | X | X | 2/25 | N/A | meeting | everything good |
|  |  | 9/24/2012 | 20n $ | 40 h | 2/25 | N/A | meeting | everything is ok |
|  | MS | 8/20/2012 | 200 $ | 35h | 2/25 | N/A | meeting | everything is ok |
|  | LRS | 9/24/2012 | 197.75 | 40 h | 2/25 | N/A | meeting | everything ok |
|  | N | 9/10/2012 | 197.95 | 35h/40h | 2/25 | N/A | meeting | good good |

\* please see attached
email from LCC
confirming

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

CC00002986

**Caroline Cronin**

| | |
|---|---|
| **From:** | Jennifer Rapuano <jennifer.rapuano@lcc.culturalcare.com> |
| **Sent:** | Tuesday, March 05, 2013 10:18 AM |
| **To:** | Caroline Cronin |
| **Subject:** | Re: Monthly contact report |

Thanks Caroline. Glad that I got this pretty much right. If you could check REDACTED off as abiding to the rules and stipend that would be great. I spent a good amount of time with her recently so I do know that it's ok on her end. Thanks so much for your input and help, I appreciate it!!

Best,
Jennifer


On Tuesday, March 5, 2013, Caroline Cronin wrote:

Hello Jennifer!

They look great except that on the AP sheet it is blank next in the 45 hr / stipend boxes for   REDACTED   We need these to be verified with her signature or yours (or if you email me that you confirmed these rules were being abided by then I can check them off no your behalf as well). Otherwise the AP looks great. You don't need to put how much everyone's getting or how many hours are worked, you just need to initial the boxes (or have the AP initial the boxes) so it's confirmed no rules are being broken.

The HF sheet looks perfect!

Please email me about REDACTED or fill it out and re-scan it.

Thanks!

-Caroline


**From:** Jennifer Rapuano [mailto:jennifer.rapuano@lcc.culturalcare.com]
**Sent:** Monday, March 04, 2013 8:23 PM
**To:** Caroline Cronin
**Subject:** Monthly contact report


Caroline,

Attached are the monthly contact forms for the month of February. Since this is my first time doing so, please let me know if this looks ok.

1

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**                                                         CC00002987