# EXHIBIT
# I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*,

     Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*,

     Defendants.

---

## DECLARATION OF SUSAN M. SCHAECHER

---

I, Susan M. Schaecher declare the following.

1.     I am one of the attorneys representing APF Global Foundation NFP in this case.  I am a member in good standing of the bar of this Court.

2.     APF served its responses to Plaintiffs First Set of Interrogatories and First Set of Requests for Production of Documents on May 4, 2016.  APF supplemented its responses on May 11, 2016.  (Exh. 1 (interrogatories), Exh. 2 (requests for production))  In response to Plaintiffs' requests for contact and identifying information for au pairs and their host families (Interrogatory 1 and Request for Production 1), APF raised a number of objections, including an objection to class-wide prior to certification of a class.  (Exhs. 1, 2)

3.     By letter dated September 9, 2016 (Exhibit 3), Plaintiffs' counsel challenged APF's responses to interrogatories 2 and 3, and requests 2, 4-5, 12, 14, 17

1

and 18.  The parties conferred by telephone regarding those items on September 13, and APF produced additional documents related to items discussed.

  4. In late October and early November 3, 2016, the parties communicated regarding the production of email messages.

  5. I received via email on January 3, 2017, a copy of a letter dated December 30 from Plaintiffs' counsel stating she was following up on a phone message (which the undersigned never received), demanding host family and au pair information and demanding a response by January 6, 2017.  (Exh. 4)  APF responded by letter on January 6, maintaining its objections.  (Exh. 5)

  6. APF received no further individual communication from Plaintiffs prior to the filing of the Motion for Protective Order or, in the Alternative, Amendment to the Scheduling Order.  (Doc. #454).

  7. On Monday, January 9, 2017, at approximately 8:30 a.m. MST, I saw the email that Plaintiffs' counsel Peter Skinner sent regarding conferral on the Motion for Protective Order or, in the Alternative, Amendment to the Scheduling Order.

  8. In addition to the all-parties conferrals that took place regarding the production of host family and au pair contact information and "wage data," on January 13, Plaintiffs' counsel requested a meet and confer with me regarding "APF's production of wage data."  (Exh. 6)  That call took place on January 17, 2017.  Regarding "wage data," APF agreed to produce additional documents and to enter a stipulation in lieu of producing certain documents.  It was my understanding following that call that Plaintiffs were awaiting an additional production that we were preparing, and no motion to compel was imminent.

2

I declare under penalty of perjury that the foregoing is true and correct.


Executed on January 31, 2017.


/s/Susan M. Schaecher
Susan M. Schaecher

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN, et al.

Plaintiffs,

v.

INTEREXCHANGE, INC., et al.

Defendants.

---

## DEFENDANT APF GLOBAL EXCHANGE, NFP's RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

---

Defendant APF Global Exchange, NFP, by and through its undersigned counsel, submits its responses to Plaintiffs' First Set of Interrogatories as follows.

### GENERAL OBJECTIONS

In addition to the objections stated below, APF objects to all interrogatories as follows.

A.      APF objects to and rejects the "Definitions and Instructions" (hereafter Definitions and Instructions) appearing in Plaintiffs' First Set of Interrogatories where not authorized by the Federal Rules of Civil Procedure.  APF will respond for and regarding itself in accordance with normal meanings and interpretations and consistent with the Federal Rules of Civil Procedure.

B.      APF objects that the request for information from January 1, 2009 to the present (See "Instructions for Int." ¶ 7) is overly broad, burdensome and oppressive, irrelevant and not likely to lead to the discovery of admissible evidence.  APF did not

receive its U.S. Department of State designation as a sponsor until May 13, 2013. Without waiving its objections, APF responds for the period May 2013 to present.

      C.      APF objects that the interrogatories seek class-wide merits or damages discovery before any class or collective action has been certified or anuy motion for certification filed. The only plaintiffs in the case are the named plaintiffs. Without waiving this objection, APF and APF responds regarding the named plaintiffs.

      D.      APF objects to Plaintiffs' interrogatories pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not proportional to the needs of the case or seek information that is not proportional to the needs of the case.

      E.      APF objects to Plaintiffs' interrogatories insofar as they seek confidential and proprietary information prior to the entry of an appropriate protective order.

      F.      Defendant generally objects to Plaintiffs' interrogatories to the extent that Plaintiff seeks financial information and documents. Evidence of a defendant's financial status is not discoverable. Absent relevancy and a compelling need, a party may not obtain a defendant's financial records through discovery. *See Bonanno v. Quizno's Franchise Co.* LLC, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (citing *Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159 (Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 721 n.4, 723 (Colo. 1999); *see also Leidholt v. Dist. Ct.*, 619 P.2d 768, 770 (Colo. 1980); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).

      G.      APF objects to Plaintiffs' interrogatories to the extent they seek information that violates the privacy rights of non-parties.

H      APF objects that Plaintiffs' interrogatories are overly broad, irrelevant and not likely to lead to the discovery of admissible evidence inasmuch as they encompass au pairs other than standard au pairs and the court has ordered that "Plaintiffs, and those they seek to represent in a class action, are 'standard' au pairs and '[T]he only issues relevant to the current inquiry [] pertain to Defendants' practices with regard to standard au pairs.' (Doc. #220 at 14.)"  Order Adopting and Affirming in Part Feb. 22, 2016 Recommendation. of U.S. Magistrate Judge, Doc #258 at n. 13 (Mar. 31, 2016).

I.      APF objects that Plaintiffs' interrogatories exceed numerical limitations placed by the court on the number of interrogatories.   Interrogatory 2 requests information regarding steps taken to comply with a regulation comprising 16 numbered parts and 63 numbered subparts, with additional parts incorporated therein and including numerous requirements clearly irrelevant to this case.

J.      Defendant objects to Plaintiffs' interrogatories to the extent they are irrelevant and reserves all rights and objections with respect to relevance, materiality and admissibility.

K.      Defendant reserves the right to supplement its responses as additional information and things are discovered, if any.

## INTERROGATORIES

*Interrogatory No. 1:*

*Please identify all au pairs that you have sponsored, past and present.  For each au pair, identify the au pair's name, home address, last known contact information (e.g., email addresses, phone numbers, etc.), country of origin, date of sponsorship, duration of sponsorship, host family(ies), host family address(es), last known contact information for each host family identified (e.g. email addresses, phone numbers, etc.), duration of placement with each host family, foreign agent(s) involved in facilitating sponsorship,*

3

*total fees charged to each au pair (including an itemization of what the fee was for), and total fees charged.*

**Response to Interrogatory No. 1**

APF objects that this interrogatory is overbroad, burdensome and oppressive, requests information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. APF further objects that this interrogatory improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains at least eight separate sub-parts. APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF.

*Interrogatory No. 2:*

*Identify all steps you take to ensure that program participants satisfy all requirements as mandated by 22 C.F.R. § 62.31, including but not limited to steps you take to ensure that au pairs are not working more than 10 hours per day or 45 hours per week; are permitted required time off including paid vacation; and are completing educational requirements.*

**Response to Interrogatory No. 2**

APF objects that this interrogatory is overbroad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. APF further objects that this interrogatory improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the

4

Amended Complaint; seeks information that is not proportional to the needs of the case; and seeks information regarding au pairs that Plaintiffs do not seek to represent. APF objects that the interrogatory exceeds the numerical limitations placed by the court on the number of interrogatories the parties may serve. Interrogatory 2 asks about steps taken to comply with a regulation containing 16 numbered parts and 63 numbered subparts and including numerous requirements clearly irrelevant to this case. APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF.

Without waiving its, APF states that it complies with the requirements of 22 CFR 62.31 and, concerning the time and educational requirements, communicates the requirements orally and in writing to au pairs, host families and consultants at orientations, on its website, and in other communications; assigns consultants to communicate with au pairs regarding whether the requirements are met; and requires au pairs to tell consultants, and consultants to prepare reports, regarding whether the requirements are met.

See also responses to Request for Production 2, 8, 12, 13.

*Interrogatory No. 3:*

*Identify each time you have communicated to anyone that au pair in your sponsorship may be compensated more than the weekly stipend. For each responsive communication, identify the audience by name, whether an au pair, host family, government entity or other; the forum in which the communication was made; the date or if published, range of dates the communication was viewable, and the precise communication.*

**Response to Interrogatory No. 3**

5

APF objects that Plaintiffs have exceeded the numerical limitations placed by the court on the number of interrogatories the parties may serve. APF objects that this interrogatory is overbroad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. APF further objects that this interrogatory improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains multiple sub-parts. APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF.

Without waiving its objections, APF states that regarding standard au pairs, its communications regarding the stipend do not foreclose payment of more than the stipend. Communications regarding the stipend appear on APIA's website, in presentations to potential au pairs and host families, in flyers and similar materials. See also response to Request for Production 2, 12, 13, 15.

*Interrogatory No. 4*

*Identify all putative Class members who have been paid more than $195.75 per week. For each Putative Class member that has been paid Compensation in excess of the $195.75 weekly stipend, state how much the Putative Class member was paid and the dates of employment.*

6

**Response to Interrogatory No. 4**

APF objects that Plaintiffs have exceeded the numerical limitations placed by the court on the number of interrogatories the parties may serve.  APF objects that this interrogatory is overbroad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  APF further objects that this interrogatory improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains multiple sub-parts.  APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF.

Dated this 4th day of May, 2016.

7

_____, being first duly sworn, deposes and says that [he/she is

_____ for APF Global Exchange, NFP ; that s/he does not have personal

knowledge of the facts recited in the foregoing answers, but the information has been

gathered by and from employees who are representatives of APF Global Exchange,

NFP ; that the answers are true to the best of [his/her] belief based on the information

supplied by such employees or representatives; and that the foregoing answers are

verified by [him/her] as agent for APF Global Exchange, NFP in  accordance with the

Federal Rules of Civil Procedure.


_____ _____


SUBSCRIBED AND SWORN TO before me this _____ day of _____,
20____.


_____
SEAL

_____
Notary Public


My commission expires:
_____

8

AS TO OBJECTIONS:

s/ *Susan M. Schaecher*
Susan M. Schaecher
Lawrence L. Lee
FISHER & PHILLIPS LLP
1801 California Street, Suite 2700
Denver, Colorado  80202
303-218-3650
sschaecher@laborlawyers.com
llee@laborlawyers.com

9

5/7/16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN, et al.

Plaintiffs,

v.

INTEREXCHANGE, INC., et al.

Defendants.

---

## DEFENDANT APF GLOBAL EXCHANGE, NFP's AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

---

Defendant APF Global Exchange, NFP, by and through its undersigned counsel, submits its Amended Responses to Plaintiffs' First Set of Interrogatories as follows.

### GENERAL OBJECTIONS

In addition to the objections stated below, APF objects to all interrogatories as follows.

A.      APF objects to and rejects the "Definitions and Instructions" (hereafter Definitions and Instructions) appearing in Plaintiffs' First Set of Interrogatories where not authorized by the Federal Rules of Civil Procedure.  APF will respond for and regarding itself in accordance with normal meanings and interpretations and consistent with the Federal Rules of Civil Procedure.

B.      APF objects that the request for information from January 1, 2009 to the present (See "Instructions for Int." ¶ 7) is overly broad, burdensome and oppressive, irrelevant and not likely to lead to the discovery of admissible evidence.  APF did not

FPDOCS 31682019.1

receive its U.S. Department of State designation as a sponsor until May 13, 2013. Without waiving its objections, APF responds for the period May 2013 to present.

C.     APF objects that the interrogatories seek class-wide merits or damages discovery before any class or collective action has been certified or anuy motion for certification filed.  The only plaintiffs in the case are the named plaintiffs.  Without waiving this objection, APF and APF responds regarding the named plaintiffs.

D.     APF objects to Plaintiffs' interrogatories pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not proportional to the needs of the case or seek information that is not proportional to the needs of the case.

E.     APF objects to Plaintiffs' interrogatories insofar as they seek confidential and proprietary information prior to the entry of an appropriate protective order.

F.     Defendant generally objects to Plaintiffs' interrogatories to the extent that Plaintiff seeks financial information and documents.  Evidence of a defendant's financial status is not discoverable.  Absent relevancy and a compelling need, a party may not obtain a defendant's financial records through discovery.  *See Bonanno v. Quizno's Franchise Co.* LLC, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (citing *Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159 (Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 721 n.4, 723 (Colo. 1999); *see also Leidholt v. Dist. Ct.*, 619 P.2d 768, 770 (Colo. 1980); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).

G.     APF objects to Plaintiffs' interrogatories to the extent they seek information that violates the privacy rights of non-parties.

2

H       APF objects that Plaintiffs' interrogatories are overly broad, irrelevant and not likely to lead to the discovery of admissible evidence inasmuch as they encompass au pairs other than standard au pairs and the court has ordered that "Plaintiffs, and those they seek to represent in a class action, are 'standard' au pairs and '[T]he only issues relevant to the current inquiry [] pertain to Defendants' practices with regard to standard au pairs.' (Doc. #220 at 14.)"  Order Adopting and Affirming in Part Feb. 22, 2016 Recommendation. of U.S. Magistrate Judge, Doc #258 at n. 13 (Mar. 31, 2016).

I.      APF objects that Plaintiffs' interrogatories exceed numerical limitations placed by the court on the number of interrogatories.   Interrogatory 2 requests information regarding steps taken to comply with a regulation comprising 16 numbered parts and 63 numbered subparts, with additional parts incorporated therein and including numerous requirements clearly irrelevant to this case.

J.      Defendant objects to Plaintiffs' interrogatories to the extent they are irrelevant and reserves all rights and objections with respect to relevance, materiality and admissibility.

K.      Defendant reserves the right to supplement its responses as additional information and things are discovered, if any.

## INTERROGATORIES

*Interrogatory No. 1:*

*Please identify all au pairs that you have sponsored, past and present.  For each au pair, identify the au pair's name, home address, last known contact information (e.g., email addresses, phone numbers, etc.), country of origin, date of sponsorship, duration of sponsorship, host family(ies), host family address(es), last known contact information for each host family identified (e.g. email addresses, phone numbers, etc.), duration of placement with each host family, foreign agent(s) involved in facilitating sponsorship,*

3

*total fees charged to each au pair (including an itemization of what the fee was for), and total fees charged.*

**Response to Interrogatory No. 1**

APF objects that this interrogatory is overbroad, burdensome and oppressive, requests information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. APF further objects that this interrogatory improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains at least eight separate sub-parts. APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF.

*Interrogatory No. 2:*

*Identify all steps you take to ensure that program participants satisfy all requirements as mandated by 22 C.F.R. § 62.31, including but not limited to steps you take to ensure that au pairs are not working more than 10 hours per day or 45 hours per week; are permitted required time off including paid vacation; and are completing educational requirements.*

**Response to Interrogatory No. 2**

APF objects that this interrogatory is overbroad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. APF further objects that this interrogatory improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the

4

Amended Complaint; seeks information that is not proportional to the needs of the case; and seeks information regarding au pairs that Plaintiffs do not seek to represent. APF objects that the interrogatory exceeds the numerical limitations placed by the court on the number of interrogatories the parties may serve. Interrogatory 2 asks about steps taken to comply with a regulation containing 16 numbered parts and 63 numbered subparts and including numerous requirements clearly irrelevant to this case. APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF.

Without waiving its objections, APF states that it complies with the requirements of 22 CFR 62.31 and, concerning the time and educational requirements, communicates the requirements orally and in writing to au pairs, host families and consultants at orientations, on its website, and in other communications; assigns coordinators to communicate with au pairs regarding whether the requirements are met; and requires au pairs to tell coordinators, and coordinators to prepare reports, regarding whether the requirements are met.

See also responses to Request for Production 2, 8, 12, 13.

*Interrogatory No. 3:*

*Identify each time you have communicated to anyone that au pair in your sponsorship may be compensated more than the weekly stipend. For each responsive communication, identify the audience by name, whether an au pair, host family, government entity or other; the forum in which the communication was made; the date or if published, range of dates the communication was viewable, and the precise communication.*

**Response to Interrogatory No. 3**

5

APF objects that Plaintiffs have exceeded the numerical limitations placed by the court on the number of interrogatories the parties may serve.  APF objects that this interrogatory is overbroad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  APF further objects that this interrogatory improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains multiple sub-parts.  APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF.

Without waiving its objections, APF states that regarding standard au pairs, its communications regarding the stipend do not foreclose payment of more than the stipend.  Communications regarding the stipend appear on APF's website, in presentations to potential au pairs and host families, in flyers and similar materials.  See also response to Request for Production 2, 12, 13, 15.

*Interrogatory No. 4*

*Identify all putative Class members who have been paid more than $195.75 per week. For each Putative Class member that has been paid Compensation in excess of the $195.75 weekly stipend, state how much the Putative Class member was paid and the dates of employment.*

**Response to Interrogatory No. 4**

APF objects that Plaintiffs have exceeded the numerical limitations placed by the court on the number of interrogatories the parties may serve.  APF objects that this

6

interrogatory is overbroad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. APF further objects that this interrogatory improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains multiple sub-parts. APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF.

Dated this 4th day of May, 2016.

Theresa Nelson, being first duly sworn, deposes and says that she is Vice President, ARO for APF Global Exchange, NFP; that she does not have personal knowledge of the facts recited in the foregoing answers, but the information has been gathered by and from employees who are representatives of APF Global Exchange, NFP; that the answers are true to the best of her belief based on the information supplied by such employees or representatives; and that the foregoing answers are verified by her as agent for APF Global Exchange, NFP in  accordance with the Federal Rules of Civil Procedure.

_~~Nelson~~_

SUBSCRIBED AND SWORN TO before me this 7th day of _May 2016_, 20 16.

_Robt N Foster_

Notary Public

SEAL

> ROBERT N. FOSTER
> Commission # 2147855
> Notary Public - California
> Sonoma County
> My Comm. Expires Apr 25, 2020

My commission expires:
4 25 20

8

AS TO OBJECTIONS:

s/ *Susan M. Schaecher*
Susan M. Schaecher
Lawrence L. Lee
FISHER & PHILLIPS LLP
1801 California Street, Suite 2700
Denver, Colorado  80202
303-218-3650
sschaecher@laborlawyers.com
llee@laborlawyers.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2016, I electronically served the foregoing responses to the following e-mail addresses:

Alexander Hood
Towards Justice
601 16th Street, Suite C #207
Golden, CO 80401
Email: alex@towardsjustice.org

Toren G.E. Mushovic
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Email: mushovic@wtotrial.com

Brian T. Moore
Jester Gibson & Moore, LLP
1999 Broadway, Suite 3225
Denver, CO 80220
Email: BMoore@jgllp.com

Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290-2101
Email: lstone@duffordbrown.com
Email: chammond@duffordbrown.com

William J. Kelly III
KELLY & WALKER LLC
1401 17th Street, Suite 925
Denver, CO 80202
Email: wkelly@kellywalkerlaw.com

Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202
Email: reilly@wtotrial.com
Brian A. Birenbach
The Rietz Law Firm, L.L.C.

10

FPDOCS 31682019.1

114 Village Place, Suite 301
Dillon, CO 80435
Email: brian@rietzlawfirm.com

James E. Hartley
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Email: jhartley@hollandhart.com

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email: bsiebert@shermanhoward.com

Jeffrey P. Allen
Donald J. Gentile
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
Email: jallen@lawson-weitzen.com
        dgentile@lawson-weitzen.com

Bogdan Enica
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701
Email: Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
Email: Rhoadesm@gtlaw.com
Email: Estevaom@gtlaw.com

Martha L. Fitzgerald
Kathryn A. Barrett
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Email: mfitzgerald@bhfs.com
Email: kbarrett@bhfs.com

11

FPDOCS 31682019.1

Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email: bcolaizzi@shermanhoward.com
Email: hvickles@shermanhoward.com
Email: rdeeny@shermanhoward.com

John R. Mann
Gordon & Reese LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email: jmann@gordonrees.com

*s/ Susan M. Schaecher*
Susan M. Schaecher
Lawrence L. Lee
For Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, Colorado  80202
303-218-3650
303-218-3651 facsimile
llee@laborlawyers.com
sschaecher@laborlawyers.com

FPDOCS 31682019.1