# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN, et al.

Plaintiffs,

v.

INTEREXCHANGE, INC., et al.

Defendants.

---

### DEFENDANT APF GLOBAL EXCHANGE, NFP'S RESPONSES TO PLAINTIFFS' FIRST SET REQUEST FOR PRODUCTION OF DOCUMENTS

---

Defendants APF Global Exchange, NFP (APF), by and through its undersigned counsel, submits its responses to Plaintiffs' First Set of Request for Production of Documents as follows.

### DEFINITIONS AND INSTRUCTIONS

A.      APF objects to and rejects the "Definitions and Instructions" (hereafter Definitions and Instructions) appearing in Plaintiffs' First Set of Request for Production of Documents to where not authorized by the Federal Rules of Civil Procedure. Defendants will respond for and regarding itself in accordance with normal meanings and interpretations and consistent with the Federal Rules of Civil Procedure.

B.      APF objects that the request for information from January 1, 2009 to the present (See "Definitions and Instructions" ¶ 16, p. 4) is overly broad, burdensome and oppressive, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. APF did not receive its U.S. Department of State designation as a

sponsor until May 13, 2013.  Without waiving its objections, APF responds for the period May 2013 to present.

      C.    APF objects to Plaintiffs' requests for production to the extent they seek information pertaining to claims in the First Amended Complaint that are not brought against APF.

      D.    APF objects that the requests for production seek class-wide merits or damages discovery before any class action has been certified or any motion for certification filed.  The only plaintiffs in the case are the named plaintiffs.  Without waiving this objection, APF responds regarding the named plaintiffs.

      E.    APF objects to Plaintiffs' requests for production pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not proportional to the needs of the case or seek information that is not proportional to the needs of the case.

      F.    APF objects to Plaintiffs' requests for production insofar as they seek confidential and proprietary information prior to the entry of an appropriate protective order.

      G.    Defendant generally objects to Plaintiffs' requests for production of documents to the extent that Plaintiff seeks financial information and documents.  Evidence of a defendant's financial status is not discoverable.  Absent relevancy and a compelling need, a party may not obtain a defendant's financial records through discovery.  *See Bonanno v. Quizno's Franchise Co. LLC*, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (*citing Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159 (Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 721 n.4, 723 (Colo. 1999); s*ee also Leidholt v. Dist.*

2

*Ct.*, 619 P.2d 768, 770 (Colo. 1980); *Packard v. Moore*, 71 P.2d 922 (Cal. 1937); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).

H.     APF objects to Plaintiffs' requests for production to the extent they seek information that violates the privacy rights of non-parties.

I.     APF objects that Plaintiffs' requests for production are overly broad, irrelevant and not likely to lead to the discovery of admissible evidence inasmuch as they encompass au pairs other than standard au pairs and the court has ordered that "Plaintiffs, and those they seek to represent in a class action, are 'standard' au pairs and '[T]he only issues relevant to the current inquiry [] pertain to Defendants' practices with regard to standard au pairs.' (Doc. #220 at 14.)"  Order Adopting and Affirming in Part Feb. 22, 2016 Recommendation of U.S. Magistrate Judge, Doc #258 at n. 13 (Mar. 31, 2016).

J.     APF objects to Plaintiffs' requests for production to the extent they require production of attorney-client or work-product privileged information.  Any production of such privileged materials by APF is unintentional and inadvertent, and APF requests that Plaintiff immediately return to Defendant all documents that appear to be subject to the attorney-client privilege or work product doctrine.

K.     APF objects to Plaintiffs' requests for production to the extent they would require production of documents and things that are not in APF's possession, custody, or control.

L.     Defendant objects to Plaintiffs' requests for production to the extent they are irrelevant and reserves all rights and objections with respect to relevance, materiality and admissibility.

3

M.      A response that APF "will produce" responsive documents means that if such documents exist, are within APF's possession, custody and control, and are not privileged, they will be produced subject to the Court's protective order.

N.      Defendant reserves the right to supplement its responses as additional information and things are discovered, if any.

## DOCUMENTS REQUESTED

*Request No. 1:*

*Documents sufficient to identify all au pair you have sponsored, including the period of sponsorship, the state in which each au pair worked, and the family for whom each au pair worked.*

**Response to Request No. 1**

APF objects that this request is overly broad, burdensome and oppressive, vague regarding the words "documents sufficient," requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. APF further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains multiple sub-parts. APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF and information about parties and non-parties which is private.

4

Without waiving its objections, and following entry of a protective order, APF states that it does not possess or control any such documents related to named plaintiffs.

*Request No. 2:*

*Documents concerning au pair compensation.*

**Response to Request No. 2**

APF objects that this request is overly broad, burdensome and oppressive, vague and ambiguous, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. APF further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; seeks information that is proprietary and confidential to APF; and seeks information about parties and non-parties which is private.

Without waiving its objections or the General Objections and following entry of a protective order, APF will produce its standard documents, forms, advertisements and other materials relating to standard au pair compensation and materials received from the U.S. Department of State relating to au pair compensation for the period May 2013 to present.

*Request No. 3:*

*Documents concerning any other sponsor's rate of au pair compensation.*

5

**Response to Request No. 3**

APF objects that this request is overly broad, burdensome and oppressive, vague and ambiguous, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  APF further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; seeks information that is proprietary and confidential; and information about parties and non-parties which is private. Without waiving its objections, APF responds that it does not possess or control any responsive documents.  To APF's knowledge, no sponsor compensates au pairs or set rates of compensation.

*Request No. 4*

*Documents concerning any meetings between you and any other sponsor.*

**Response to Request No. 4**

APF objects that this request seeks documents and information subject to the joint defense privilege, attorney-client privilege and/or work product doctrine.  APF further objects that  the request is overly broad, burdensome and oppressive, vague and ambiguous, requests information that is not reasonably calculated to lead to the discovery of admissible evidence.  APF further objects that this request is not

6

reasonably limited in time to the facts and transactions alleged in the Amended Complaint and seeks information that is not proportional to the needs of the case. Without waiving its objections, and following agreement of the parties regarding the search and production of electronically stored information, APF will produce non-privileged information for the period May 2013 to present.

*Request No. 5:*

*Correspondence with or about any other defendant in this lawsuit.*

**Response to Request No. 5**

APF objects that this request seeks documents and information subject to the joint defense privilege, attorney-client privilege and/or work product doctrine and by a joint defense agreement between the defendants and their counsel.  APF further objects that the request is overly broad, burdensome and oppressive, vague and ambiguous, and requests information that is not reasonably calculated to lead to the discovery of admissible evidence.  APF further objects that this request is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint and seeks information that is not proportional to the needs of the case. Without waiving its objections, and following agreement of the parties regarding the search and production of electronically stored information, APF will produce non-privileged information for the period May 2013 to present.

*Request No. 6:*

*Documents concerning agreements, contractual or otherwise, entered into between or among defendants.*

7

**Response to Request No. 6**

APF objects that this request seeks documents and information subject to the joint defense privilege, attorney-client privilege and/or work product doctrine and by a joint defense agreement between the defendants and their counsel.  APF further objects that the request is overly broad, burdensome and oppressive, vague and ambiguous, and requests information that is not reasonably calculated to lead to the discovery of admissible evidence.  APF further objects that this request is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint and seeks information that is not proportional to the needs of the case. Without waiving its objections, APF states that it does not possess or control any non-privileged agreements responsive to this request.

*Request No. 7:*

*Correspondence with any Putative Class member in this lawsuit, including contracts executed by or provided to such class member.*

**Response to Request No. 7**

APF objects that this request is overly broad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  APF further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case;

8

seeks information that is proprietary and confidential to APF; and information about parties and non-parties which is private. Without waiving its objections, and following entry of a protective order, APF states that it will produce sample contracts between APF and au pairs.

*Request No. 8:*

*Contracts between defendants and host families relating to the Putative Class members.*

**Response to Request No. 8**

APF objects that this request is overly broad, burdensome and oppressive, vague and ambiguous, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. APF further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; seeks information that is proprietary and confidential; and information about parties and non-parties which is private. Without waiving its objections and after entry of a protective order, APF will produce sample contracts between APF and host families.

*Request No. 9:*

*Any document relating to any named plaintiff in this case, excluding filed pleadings in this lawsuit.*

**Response to Request No. 9**

Without waiving its General Objections, APF states that it has no responsive documents.

*Request No. 10:*

*Time records sufficient to show the actual number of hours worked by the putative class members.*

**Response to Request No. 10**

APF objects that this request is overly broad, burdensome and oppressive, vague regarding the words "time records sufficient," APF objects that this request improperly seeks class-wide discovery before any class action has been certified and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; seeks information that is proprietary and confidential; and information about parties and non-parties which is private. Without waiving its objections, APF states APF responds that it does not possess or control any responsive documents.

*Request No. 11:*

*Documents supporting defendants' claim that the government has mandated a uniform wage.*

**Response to Request No. 11**

Without waiving its General Objections, APF states that it does not claim that the government has mandated a uniform wage.

*Request No. 12:*

10

*Documents concerning statements you have made to host families regarding compensation to au pair.*

**Response to Request No. 12**

APF objects that this request is overly broad, burdensome and oppressive, vague and ambiguous, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. APF further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; seeks information that is proprietary and confidential to APF; and seeks information about parties and non-parties which is private.

Without waiving its objections and following entry of a protective order, APF will produce its standard documents, forms, advertisements and other materials directed to host families relating to compensation of standard au pairs for the period May 2013 to present.

*Request No. 13:*

*Documents concerning statements you have made to host families regarding the number of hours au pair may be required to work.*

**Response to Request No. 13**

APF objects that this request is overly broad, burdensome and oppressive, vague and ambiguous, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. APF further

11

objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; seeks information that is proprietary and confidential to APF; and seeks information about parties and non-parties which is private.

Without waiving its objections and following entry of a protective order, APF will produce its standard documents, forms, advertisements and other materials directed to host families relating to compensation of standard au pairs for the period May 2013 to present.

*Request No. 14:*

*Documents concerning or constituting complaints from au pair about an au pair's compensation or work schedule, including but not limited to complaints that the au pair was working more than ten hours per day or 45 hours per week; that the au pair's work schedule prevented the au pair from attending school; that the au pair was not permitted days off or vacation time; or that the au pair was required to be "on call" for the host family. This Request includes responses made to au pairs and any discussion about the complaint(s).*

**Response to Request No. 14**

APF objects that this request is overly broad, burdensome and oppressive, vague regarding the words "complaints," requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. APF further objects that this request improperly seeks class-wide discovery before any class action has been certified and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the

12

Amended Complaint; seeks information that is not proportional to the needs of the case; and contains multiple sub-parts.  APF further objects to this request on the grounds that it seeks information pertaining to causes of action not brought against APF.

*Request No. 15:*

*Communications concerning au pair compensation between you and any government entity or nongovernment entity representing au pairs, including but not limited to the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association.*

**Response to Request No. 15**

APF objects that this request is overly broad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  APF further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case. APF further objects to this request on the grounds that it seeks information that is public record and easily accessible to plaintiffs.

Without waiving its objections, and following entry of a protective order, APF will produce documents for the period May 2013 to present.

*Request No. 16:*

*Your audited or unaudited financial statements, including documents sufficient to show your annual revenue and income derived from participating in the au pair program during each year in which you have participated in the program.*

13

**Response to Request No. 16**

APF objects that this request is overly broad, burdensome and oppressive, vague regarding the words "documents sufficient," requests information that is confidential and irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. APF further objects that this request is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; [[and contains multiple sub-parts]]. APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF. Evidence of a defendant's financial status is not discoverable. Absent relevancy and a compelling need, a party may not obtain a defendant's financial records through discovery.  *See Bonanno v. Quizno's Franchise Co. LLC*, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (*citing Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159 (Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta v. Albertson's, Inc.,* 975 P.2d 718, 721 n.4, 723 (Colo. 1999); s*ee also Leidholt v. Dist. Ct.*, 619 P.2d 768, 770 (Colo. 1980); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).

*Request No. 17:*

*Documents sufficient to show your corporate structure, including your internal reporting lines as well as the existence of parent companies, affiliates and subsidiaries, including but not limited to organizational charts.*

**Response to Request No. 17**

APF objects that this request is overly broad, burdensome and oppressive, vague regarding the words "documents sufficient," requests information that is

14

confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  APF further objects that this request is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains multiple sub-parts.  APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF.  Without waiving its objections, APF states that it does business as Au Pair Foundation, Inc. and has no parent companies, affiliates or subsidiaries, and following entry of a protective order, APF will produce an organizational chart showing its internal reporting lines.

*Request No. 18:*

*Documents sufficient to identify your employees, including names, titles and reporting lines.*

**Response to Request No. 18**

APF objects that this request is overly broad, burdensome and oppressive, vague regarding the words "documents sufficient," requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  APF further objects that this request is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; seeks information that is not proportional to the needs of the case; and contains multiple sub-parts.  APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF and information about non-parties which is private.

Without waiving its objections and following entry of a protective order, APF will produce documents.

15

*Request No. 19:*

*All advertisements intended to reach potential au pairs concerning compensation, including all prior versions of your website.*

**Response to Request No. 19**

APF objects that this request is overly broad, burdensome and oppressive, vague regarding the words "advertisements intended to reach potential au pairs," requests information that is not reasonably calculated to lead to the discovery of admissible evidence.  APF further objects that this request improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed; is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint; and seeks information that is not proportional to the needs of the case.

Without waiving its objections and following entry of a protective order, APF will produce documents showing website content, material directed at potential standard au pairs concerning standard au pair compensation for the period May 2013 to present.

*Request No. 20:*

*Documents concerning training provided to au pairs.*

**Response to Request No. 20**

APF objects that this request is overly broad, burdensome and oppressive, requests information that is confidential and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  APF further objects that this request is not reasonably limited in time to the facts and transactions alleged in the Amended

16

Complaint; and seeks information that is not proportional to the needs of the case.  APF further objects to this request on the grounds that it seeks information that is proprietary and confidential to APF and information about non-parties which is private.

Without waiving its objections and following entry of a protective order, APF will produce documents concerning training provided to standard au pairs for the period May 2013 to present.

Dated this 4th day of May, 2016.

FPDOCS 31539903.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2016, I electronically served the foregoing responses to the following e-mail addresses:

Alexander Hood
Towards Justice
601 16th Street, Suite C #207
Golden, CO  80401
Email:  alex@towardsjustice.org

Toren G.E. Mushovic
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Email: mushovic@wtotrial.com

Brian T. Moore
Jester Gibson & Moore, LLP
1999 Broadway, Suite 3225
Denver, CO  80220
Email:  BMoore@jgllp.com

Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Email: lstone@duffordbrown.com
Email: chammond@duffordbrown.com

William J. Kelly III
KELLY & WALKER LLC
1401 17th Street, Suite 925
Denver, CO  80202
Email:  wkelly@kellywalkerlaw.com

Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO  80202
Email:  reilly@wtotrial.com

Brian A. Birenbach
The Rietz Law Firm, L.L.C.
114 Village Place, Suite 301
Dillon, CO  80435
Email:  brian@rietzlawfirm.com

James E. Hartley
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email:  jhartley@hollandhart.com

W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bsiebert@shermanhoward.com

Jeffrey P. Allen
Donald J. Gentile
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
Email:  jallen@lawson-weitzen.com
         dgentile@lawson-weitzen.com


Bogdan Enica
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL  33701
Email:  Bogdan@expertaupair.com

Meshach Y. Rhoades
Martin Estevao
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO  80202
Email:  Rhoadesm@gtlaw.com
Email:  Estevaom@gtlaw.com

Martha L. Fitzgerald
Kathryn A. Barrett
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200

19

Denver, CO  80202-4432
Email:  mfitzgerald@bhfs.com
Email:  kbarrett@bhfs.com

Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Email:  bcolaizzi@shermanhoward.com
Email:  hvickles@shermanhoward.com
Email:  rdeeny@shermanhoward.com

John R. Mann
Gordon & Reese LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email:  jmann@gordonrees.com

*s/ Susan M. Schaecher*
Susan M. Schaecher
Lawrence Lee
For Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, Colorado  80202
303-218-3650
303-218-3651 facsimile
llee@laborlawyers.com
sschaecher@laborlawyers.com

20