**EXHIBIT 3**

# BOIES, SCHILLER & FLEXNER LLP

I EAST LAS OLAS BOULEVARD • SUITE 1200 • FORT LAUDERDALE, FL 33301-2211 • PH. 954.356.0011 • FAX 954.356.0022

Sabria A. McElroy, Esq.
E-mail: smcelroy@bsfllp.com
Tel.: 954-356-0011

September 9, 2016

**VIA EMAIL**

Susan M. Schaecher
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, Colorado 80202

Re: *Beltran v. Interexchange, Inc., et al.*

Dear Susan,

We are writing to discuss deficiencies with Defendant APF Global Exchange, NFP's ("APF") Responses to Plaintiffs' First Request for the Production of Documents ("First RFP") and APF Responses to Plaintiffs' to Plaintiffs' First Set of Interrogatories ("First Interrogatories") in advance of the deposition of Carrie Crompton. While we don't expect that you will be able to complete your document production prior to the scheduled deposition, we are requesting that you make an effort to amend the specific responses addressed below and produce the categories of documents noted below by Monday, September 19.

This letter focuses on specific deficiencies that should be addressed prior to the Crompton deposition. By raising these targeted issues, Plaintiffs are not waiving their objections to APF's other discovery responses.

## Responses to Interrogatories

First, we note that APF's objection that Plaintiffs' interrogatories contain multiple subparts is without merit and contrary to caselaw, which recognizes that "interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, 09-CV-01862-ZLW-MEH, 2010 WL 5464313, at *1 (D. Colo. 2010); see also Notes of Advisory Committee on Rules, Fed. R. Civ. P. 33 ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed.2010) (Subparts "directed at eliciting details concerning a common theme should be considered a single question.") Applying this standard, Plaintiffs have submitted 4 interrogatories to APF and have not come close to exceeding the limit.

Susan M. Schaecher
September 9, 2016
Page 2 of 4

**Interrogatory No. 2:** Interrogatory No. 2 asks APF to identify all steps that it takes to ensure that program participants satisfy all requirements as mandated by 22 C.F.R. § 62.31. In response, APF has provided a high level overview of its general compliance process. This summary response, however, fails to identify all steps taken to ensure compliance. For instance, APF's response does not indicate how often the assigned consultants communicate with au pairs, what actions the consultants take if an au pair or host family conveys information that suggests a violation of 22 C.F.R. § 62.31, and how the consultants' reports are used to ensure compliance. Please supplement this response to provide this additional information and any other relevant information regarding the specific steps that APF takes to ensure compliance. To the extent Ms. Crompton is involved in the compliance process, please provide the information relevant to her role, or alternatively pursuant to Rule 33(d) attach the relevant documents, by September 19.

**Interrogatory No. 3:** APF's boilerplate objections are improper under Fed. R. Civ. P 33(b)(4), which requires that "[t]he grounds for objecting to an interrogatory must be stated with specificity." Interrogatory No. 3 requests information that is readily to APF and directly relevant to the claims in this action. The fact that a class action has not been certified does not provide a valid basis for objecting to "class-wide discovery." Moreover, the prior entry of a confidentiality order moots any objection based on information that is confidential and proprietary to APF. APF's answer to Interrogatory No. 3 is nonresponsive and fails to identify specific, responsive communications with host families, au pairs, or other entities. Please provide an amended response by September 19 that at minimum identifies each time that Ms. Crompton has communicated to anyone that an au pair in your sponsorship may be compensated more than the weekly stipend, or alternatively pursuant to Rule 33(d), attach the documents constituting such communications, including call notes, logs maintained, and emails that memorialize or constitute those communications.

## Responses to Requests for Production

**RFP No. 2:** APF has improperly limited its response to its standard form documents, forms, and advertisements and materials received from the U.S. Department of State. This limited production fails to satisfy the scope of the request and APF's objections are without basis. APF's objection on the grounds that it seeks "class-wide discovery before any class or collective action has been certified" is invalid. The Magistrate Judge specifically rejected Defendants' attempts to bi-furcate discovery into phases relating to class discovery. APF has also stated that the request seeks information that is proprietary and confidential. However, the prior entry of a protective order in this case moots any objection based on confidentiality. APF's objections regarding relevance, proportionality, the time period covered by the request, and admissibility are also clearly without basis. The rates of au pair compensation are central to Plaintiffs' claims in this action. Moreover, while the fact that APF did not receive its sponsor designation until May 13, 2013 permits it to limit it responses to May 13, 2013 to present, it does not provide a basis for APF to limit the substance of its responses. APF's other objections are not stated with specificity and are improper under Fed. R. Civ. P. 34(b). Please withdraw these boilerplate objections and amend your response to include all documents concerning au pair

BOIES, SCHILLER & FLEXNER LLP

Susan M. Schaecher
September 9, 2016
Page 3 of 4

compensation. At minimum, this would include not only APF's standard form documents, but also communications with individual au pairs and host families regarding the stipend, internal communications regarding the stipend, any employee guidelines, policies, or scripts regarding the stipend, and call notes or other records noting conversations with au pairs or host families regarding the stipend. We don't expect to receive all documents responsive to RFP No. 2 prior to the deposition. However, to the extent that there are communications to or from Ms. Crompton concerning au pair compensation, or records, reports or notes created by Ms. Crompton concerning au pair compensation, please produce these documents prior to September 19.

**RFP Nos. 4-5:** To date, APF has not produced any documents responsive to RFP Nos. 4-5. To the extent Ms. Crompton was involved with any meetings, or has correspondence with or about any other defendant in this lawsuit, please produce these documents no later than September 19.

**RFP No. 12:** APF has stated that it will only produce "its standard documents, forms, advertisements and other materials directed to host families" relating to compensation of standard au pairs. However, APF's boilerplate objections to RFP Nos. 12 and 13 and its objection regarding class discovery and confidentiality are improper and without basis for the reasons discussed in the section regarding RFP No. 2, above. Documents responsive to this Request would include, at a minimum, specific communications with host families regarding au pair compensation. To the extent Ms. Crompton has communicated with host families regarding au pair compensation, please produce these documents prior to September 19.

**RFP No. 14:** In response to RPF No. 14, APF has objected on the grounds that the word "complaints" is vague and overbroad. The plain, dictionary definition of this term is clear and APF has failed to state with specificity why it believes otherwise. Plaintiffs disagree with APF's claim that the request seeks information pertaining to causes of action not brought against APF and, in any event, this objection does not justify APF's refusal to produce any responsive documents. APF's other boilerplate objections based on proportionality, class-wide discovery, and the time period covered by the requests are invalid for the reasons discussed above in the section regarding RFP No. 2. Please withdraw these objections and amend your response to produce all documents concerning or constituting complaints from au pairs. At a minimum, this would include formal complaints lodged by au pairs with APF, communications or records of communications with au pairs in which the au pair has expressed dissatisfaction with her pay, hours, duties, or treatment by her host families, and any records and reports created by the consultants assigned to monitor au pairs described in your response to Interrogatory No. 2 that concern complaints expressed by au pairs. While we don't expect to receive all documents responsive to RFP No. 14 prior to the deposition, we request that APF provide, at minimum, the consultant records and reports prior to September 19.

BOIES, SCHILLER & FLEXNER LLP

Susan M. Schaecher
September 9, 2016
Page 4 of 4

**RFP Nos. 17-18:** To date, APF has not produced any documents sufficient to show its employees and internal reporting lines. Please produce these documents as soon as possible and no later than September 19.

Sincerely,

Sabria A. McElroy, Esq.

cc:  Lauren Louis, Esq.
     llouis@bsfllp.com

# EXHIBIT 4

## Schaecher, Susan

| | |
|---|---|
| **From:** | Sheryl Heyward <SHeyward@BSFLLP.com> |
| **Sent:** | Tuesday, January 3, 2017 12:23 PM |
| **To:** | Schaecher, Susan; Lee, Lawrence |
| **Cc:** | Dawn Smalls; Maria Guarisco |
| **Subject:** | FW: Re: Beltran v. InterExchange, Inc. et al. |
| **Attachments:** | 2016 12 30 ltr re APF Global Exchange.pdf; 2016 12 30 ltr re AIFS.pdf |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Dear Ms. Schaecher,

Attached is correspondence from Ms. Smalls, she attempted to email you on December 30th but it bounced back to her.

Thank you.

Sheryl Heyward


Sheryl A. Heyward
Legal Assistant to Dawn Smalls
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue
New York, New York 10022
Main:  (212) 446-2300
Direct:  (212) 446-2355
Facsimile:  (212) 446-2350
sheyward@bsfllp.com



**From:** Dawn Smalls
**Sent:** Friday, December 30, 2016 5:29 PM
**To:** 'sschaecher@fisherphilipps.com'; 'llee@fisherphilipps.com'
**Cc:** Sheryl Heyward; Maria Guarisco
**Subject:** Re: Beltran v. InterExchange, Inc. et al.

Susan,

Please find correspondence relating to the Beltran matter attached.

Thank you.

Dawn

1

Dawn L. Smalls
Partner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Ave
New York, NY 10022
212-754-4216 (Direct)
212-446-2350 (Fax)
dsmalls@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

December 30, 2016

**VIA EMAIL**
Susan M. Schaecher, Esq.
Fisher & Phillips, LLP
1801 California Street, Suite 2700
Denver, CO 80202

  Re: *Beltran v. InterExchange, et al.*

Susan,

  I write to follow up on my phone message to you regarding the status of your responses to Plaintiff's discovery requests. There are number of deficiencies in your production that need to be addressed immediately. First, Plaintiffs have requested that documents sufficient to identify host families for *au pairs* sponsored by APF Global Exchange, as well as any documents in APF Global Exchange's possession, custody and control that identify wages and/or other amounts paid by host families to *au pairs*, be included in APF Global Exchange's production. Plaintiffs first requested these documents in its First Request for Production of Documents issued March 3rd in which we requested (1) Documents sufficient to identify all au pair you have sponsored, including the period of sponsorship, the state in which each au pair worked, and the family for whom each au pair worked; and (2) documents concerning au pair compensation.

  Plaintiffs must determine what *au pairs* were actually paid to support Plaintiffs' claims. APF Global Exchange has represented that it does not have this information since it does not process the *au pair's* wages on a weekly basis. If APF Global Exchange as a sponsor agency is not in possession of this information, Plaintiffs will need to contact the individual *au pairs* or the host families to request it. Information from host families is also relevant as to what they were told by sponsor agencies regarding the cost of employing an au pair and whether they were told that that cost was fixed and/or subject to wage and hour laws.

  You have maintained an objection to producing *au pair* contact information before a conditional class has been certified. However, your rationale for refusing to produce information about putative class members does not extend to host family contact information and there is no basis for a refusal to produce these documents. Please confirm that documents sufficient to identify host families will be produced, or that you object to producing this information and the basis for that objection by **January 6, 2017**, so that we can appropriately elevate this issue with the court.

  Plaintiffs also reissue their request for APF Global Exchange's financial statements and documents relating to its organizational structure. Plaintiffs claim damages arising from the fees the class has paid to APF Global Exchange and the amount of revenue derived therefrom is clear

www.bsfllp.com

BOIES, SCHILLER & FLEXNER LLP

Susan M. Schaecher, Esq.
December 30, 2016
Page 2

evidence of the amount of damages suffered by the class. In addition, patterns in costs and revenues as well as the company's margins over time, could be indicative of collusive behavior. Plaintiffs also reissue their demand for documents relating to au pair compensation including (1) any reports and surveys collected, maintained, or generated relating to au pair wages; and (2) documents relating to complaints au pairs may have made about compensation or work schedule. Information relating to complaints can be found in the monthly audits provided to the Department of State and is relevant as to whether au pair compensation was fixed and/or whether they may have been eligible for or received an increase.

As you are aware, class certification deadlines are quickly approaching. I look forward to your response and/or the production of documents referenced above by **January 6, 2017.**

Sincerely,

/s/ Dawn Smalls

Dawn L. Smalls

# EXHIBIT 5

**Schaecher, Susan**
_____

| | |
|---|---|
| **From:** | Hanson, Kim |
| **Sent:** | Friday, January 6, 2017 3:41 PM |
| **To:** | Dawn Smalls |
| **Cc:** | Schaecher, Susan |
| **Subject:** | Beltran v. InterExchange, et al. |
| **Attachments:** | Letter to S Smalls 1-6-17.pdf |

Ms. Smalls:

I am attaching a letter from Sue Schaecher regarding the above-referenced matter. Please let me know if you are unable to open the attachment.



**Kim Hanson**
**Legal Secretary**
Fisher & Phillips LLP
1801 California Street | Suite 2700 | Denver, CO 80202
khanson@fisherphillips.com | O: (303) 218-3672

Website    *On the Front Lines of Workplace Law℠*

_This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message._

1



fisherphillips.com

January 6, 2017

**Denver**
1801 California
Suite 2700
Denver, CO 80202

(303) 218-3650 Tel
(303) 218-3651 Fax

**Writer's Direct Dial:**
303-218-3650

**Writer's E-mail:**
sschaecher@fisherphillips.com

**Via email dsmalls@bsfllp.com**

Dawn L. Smalls
Boies, Schiller & Flexner LLP
575 Lexington Ave.
New York, New York 10022

Dear Dawn:

    I did not receive a phone message from you regarding the status of APF's responses to plaintiffs' discovery requests, only your letter dated December 30 which I received via email on January 3.

    Regarding your request for information identifying host families, we objected to the request on several bases, not only that it was seeking class-wide discovery before a class had been certified. Producing host family information is tantamount to producing au pair information, which you implicitly acknowledge in your letter is premature. We also objected that the request was burdensome and oppressive and the information sought is irrelevant and proprietary and confidential to APF. The host families are the lifeblood of APF's business, and their privacy interests are at stake here.

    Your letter claims you need this information to determine what au pairs were actually paid and states that APF "has represented that it does not have this information since it does not process the au pair's wages on a weekly basis." (Please note: APF's position is that au pairs are not employees; accordingly, no one pays them "wages" and we dispute all the references to wages and employment in your letter.) Just to be clear, APF has information on amounts that were to be paid to au pairs and whether au pairs received at least $195.75 per week but not information on what amounts they actually received if they received more. The au pairs are as likely, if not more likely, to have information regarding what they actually received. Moreover, the Fair Labor Standards Act and state wage law claims in the lawsuit have not been brought

**Fisher & Phillips LLP**
Atlanta • Baltimore • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Portland • Sacramento • San Antonio • San Diego • San Francisco • Seattle • Tampa • Washington, DC

Dawn L. Smalls
January 6, 2017
Page 2

against APF, so there is no need to determine what APF's au pairs were actually paid. You also argue that you need to know what APF told host families about the cost of "employing" au pairs. APF has produced its standard documents, forms, and advertisements concerning au pair compensation and host family contract forms. These include communications with host families regarding payments.

Regarding your request for APF's financial statements, the information sought is proprietary and confidential, not relevant, burdensome and not proportional to the needs of the case. As discussed in our responses to the request, evidence of financial status is not discoverable absent a showing of relevance and compelling need, and speculation that financial statements might show "patterns" "indicative of collusive behavior" fails to meet that standard.

Regarding your request for documents relating to APF's organizational structure, see APF's response and supplemental response to request for production 17.

Finally, you demand documents relating to au pair compensation including reports and surveys re "wages" and documents relating to complaints by au pairs about compensation or work schedule. Again, APF objects to producing such documents on that basis that they contain confidential information and are irrelevant, the request is being made before any class action has been certified, is burdensome, not proportional to the needs of the case and pertains to causes of action not brought against APF. Without waiving these objections, APF will produce copies of the annual Reporting of Independent Accountants on Applying Agreed-Upon Procedures prepared for APF and the Department of State.

Sincerely,

*s/ Susan M. Schaecher*
Susan M. Schaecher
Attorney
For FISHER & PHILLIPS LLP

SMAS:kh

# EXHIBIT 6

## Schaecher, Susan

| | |
|---|---|
| **From:** | Dawn Smalls <DSmalls@BSFLLP.com> |
| **Sent:** | Friday, January 13, 2017 1:38 PM |
| **To:** | Schaecher, Susan |
| **Cc:** | Peter Skinner |
| **Subject:** | FW: Wage Data Meet and Confer TUESDAY at 1:00 p.m. |

Hi Susan,

Can you let me know a time on Tuesday afternoon that would work for a meet and confer to discuss APF's production of wage data? Please let me know.

Thanks,

Dawn

**From:** Dawn Smalls
**Sent:** Friday, January 13, 2017 3:36 PM
**To:** 'Peggy L. Skinner'; 'lriggenbach@gordonrees.com'; 'aahubbard@hollandhart.com'; 'jguy@hollandhart.com'; 'bogdane@hotmail.com'; 'brian@rietzlawfirm.com'; 'ali@rietzlawfirm.com'; 'laura@rietzlawfirm.com'; 'bcolaizzi@shermanhoward.com'; 'llewis@shermanhoward.com'; 'cfeldkamp@kellywalkerlaw.com'; 'crichardson@kellywalkerlaw.com'; 'dmeschke@bhfs.com'; 'dhazel@lrrc.com'; 'dgrooms@lrrc.com'; 'kwener@lrrc.com'; 'fox@wtotrial.com'; 'nmartinez@wtotrial.com'; 'hvickles@shermanhoward.com'; 'lhowell@shermanhoward.com'; 'jhartley@hollandhart.com'; 'lmlopezvelasquez@hollandhart.com'; 'thall@hollandhart.com'; 'jlyons@lrrc.com'; 'jmartinez@lrrc.com'; 'jfuller@lrrc.com'; 'lvialpando@lrrc.com'; 'joan.lukey@choate.com'; 'bdenton@choate.com'; 'jsbender@hollandhart.com'; 'jhunt@shermanhoward.com'; 'jwolosz@choate.com'; 'reilly@wtotrial.com'; 'cljones@wtotrial.com'; 'mels@wtotrial.com'; 'llee@laborlawyers.com'; 'hvignola@laborlawyers.com'; 'kgripp@fisherphillips.com'; 'strujillo@laborlawyers.com'; 'lkruzer@choate.com'; 'mfitzgerald@bhfs.com'; 'snewman@bhfs.com'; 'mestevao@armstrongteasdale.com'; 'aschneider@armstrongteasdale.com'; 'mischwartz@bsfllp.com'; 'mrhoades@armstrongteasdale.com'; 'spend@armstrongteasdale.com'; 'jreed@armstrongteasdale.com'; 'lwickham@armstrongteasdale.com'; 'mgass@choate.com'; 'rdeeny@shermanhoward.com'; 'mnavride@sah.com'; 'rbuchanan@choate.com'; 'sschaecher@laborlawyers.com'; 'khanson@laborlawyers.com'; 'sklopman@hklawllc.com'; 'mbrents@my-watson.com'; 'nvanhooser@my-watson.com'; 'wkelly@kellywalkerlaw.com'; 'tamidon@kellywalkerlaw.com'; 'jfulfree@putneylaw.com'; 'jcartafalsa@putneylaw.com'; 'jbc54@cornell.edu'; 'rtucker@putneylaw.com'; 'robert.m.tucker1@gmail.com'; 'smacri@putneylaw.com'; 'pkozal@gordonrees.com'; 'bmaschler@gordonrees.com'; 'tquinn@gordonrees.com'; 'Carol A. Larsen Cook'; Lawrence D. Stone
**Cc:** 'alex@towardsjustice.org'; Matthew L. Schwartz; Lauren Louis; Sabria McElroy; Daniel Schwartz
**Subject:** Wage Data Meet and Confer TUESDAY at 1:00 p.m.

Pursuant to the call yesterday, Plaintiffs would like to schedule a meet and confer call **Tuesday at 1:00 p.m. EST** to discuss the production of wage data. This call is for the Defendants that have produced: (1) no documents at all; or (2) only examples of host family agreements, au pair agreements, web pages, or advertisements in response to Plaintiffs' request for all documents relating to au pair compensation. If there is another time that works better for the majority of Defendants, please let us know and we will do our best to accommodate that time.

Plaintiffs do not view the production of standard host family agreements, au pair agreements, web pages, or advertisements as a sufficient response to Plaintiffs' document request. It is the Plaintiffs' position that Defendants must produce documents specific to each au pair and each host family that documents what the au pair was paid or was to be paid. These include individualized au pair agreements, individual host family agreements, as well as any surveys or accounting that Defendants have used to keep track of whether au pairs were being paid the stipend and in what amount. These include: weekly or monthly surveys that ask whether the au pairs received the stipend, payment vouchers created

1

for host families; and any documents in which the amount paid to the au pair is recorded by the local coordinator, host family or au pair.

I will separately email counsel for the small number of Defendants that have produced some, but limited wage data, to schedule a separate call. Call in information for the meet and confer call Tuesday at 1:00 p.m. EST is:

**888-453-4405 #125126**

Thank you.

Dawn

Dawn L. Smalls
Partner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Ave
New York, NY 10022
212-754-4216 (Direct)
212-446-2350 (Fax)
dsmalls@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]