# EXHIBIT
# J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*;

     Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*;

     Defendants.

---

## DECLARATION OF PEGGY E. KOZAL

---

1. My name is Peggy E. Kozal. I am one of the attorneys representing Defendant AuPairCare, Inc. ("AuPairCare") in this case. I am a member in good standing of this Court.

2. AuPairCare served responses to Plaintiffs' First Request for Production of Documents and First Set of Interrogatories on May 4, 2016. Exs. 2 (responses to interrogatories) and 3 (responses to requests for production). From May 4, 2016 until December 28, 2016, Plaintiffs did not raise the issue of producing host family and *au pair* contact information that is the subject of their Motion for Protective Order Or, in the Alternative, Amendment of the Scheduling Order ("Motion").

3. In furtherance of AuPairCare's responses, AuPairCare produced several hundred pages of documents which identify Plaintiffs Juliane Harning and Laura Mejia Jimenez's host families and contain AuPairCare's communications with them. However, AuPairCare objected to class-wide discovery before any class or collective action had been certified under the Fair Labor Standards Act. AuPairCare also asserted objections

to the written discovery based upon the fact that it was, *inter alia,* overbroad, disproportionate to the needs of the case and that it would violate the privacy rights of host families and others who are not parties to this action.  Ex. 2, pp. 4-5, Response to Interrogatory No. 1.

4.  As to Plaintiffs' recent requests that AuPairCare identify "wages" and/or other amounts paid by host families to *au pairs*, as AuPairCare Vice President Sarah McNamara has stated in her Declaration, host families (and not AuPairCare) handle the payment of the stipend and other compensation to *au pairs*.  Doc.  #360-1, Ex. A, pp. 2-3, ¶4.  AuPairCare does not keep records of the exact amount of *au pair* compensation paid by the host families.  *Id.*

5.  This point was reiterated to Plaintiffs in recent correspondence to Plaintiffs' counsel, with an indication that the exemplar contracts, advertisements, forms and other documents referring to the stipends and fees at issue have already been produced.  Ex. 5.  In this correspondence, AuPairCare indicated that it will produce annual audit documentation that includes information related to whether *au pair* participants were paid the minimum stipend.  *Id.*

6.  Plaintiffs' Motion contains a number of false and misleading statements regarding its "course of communications" with AuPairCare.  For example, Plaintiffs' Motion states the following:

> On October 11, 2016, **plaintiffs objected** to APC's refusal to produce documents regarding putative class members pursuant to numerous of its Requests for Production, and **objected** that APC had persisted in its failure to identify their *au pairs* or provide adequate information in APC's possession to identify wages actually paid by host families to *au pairs*.

Plaintiffs' Motion, pp. 7-8 (emphasis added).  Plaintiffs rely on this statement to allege that AuPairCare has been a part of "consistent and categorical stonewalling."

7.  Plaintiffs' statements regarding conferral are false.  Plaintiffs' cite to the Declaration of Dawn L. Smalls and a draft letter to "support" Plaintiffs statements. Notably, **the draft letter had no attorney's name in the signature block and was never sent**.  Smalls Decl. Ex. K.  The signature block is empty and appears as follows:

Sincerely,

*Id.*

8.  Ms. Smalls made no effort to ascertain the truth and then misstated the facts. She never asked any of AuPairCare's counsel whether they received the letter nor does her Declaration indicate whether she made any good faith effort to review her email or her unnamed legal assistant's email to verify whether the letters were indeed sent.[1]

9.  Burying a statement in Ms. Smalls' Declaration that "Plaintiffs cannot represent with 100% certainty that the letter was sent" does not change that Plaintiffs' Motion affirmatively states that "plaintiffs' objected" to AuPairCare's discovery responses.

10. In the first discussion that I had with Ms. Smalls on December 28, 2016 regarding AuPairCare's discovery responses,[2] when I asked why Plaintiffs waited until late-

---

[1] The draft letter also contains a header with a date of January 8, 2017—not October 11, 2016—further evidence that the letter was never signed and sent, as Plaintiffs have claimed.

[2] It is my strong recollection that I had not even spoken with Ms. Smalls until December 28, 2016.

December to raise the issue of host family and *au pair* contact information, Ms. Smalls did not mention that she thought her office had sent a letter in October 2016.

11. During this discussion, I informed Ms. Smalls that I would be on a holiday vacation from December 29, 2016 to January 4, 2016, and unable to respond until after I was able to confer with AuPairCare.[3]  As a result, the remainder of Plaintiffs' representations regarding their conferral efforts with AuPairCare similarly misconstrues the course of events.  Before I had the opportunity to confer with AuPairCare on the issues raised by Plaintiffs' counsel, they had indicated they would be filing their Motion. As I informed Ms. Smalls on January 6, 2017, I had reached out to AuPairCare, but had not been able to discuss the matters Plaintiffs had raised.

12. On January 20, 2017, I sent a letter to Ms. Smalls requesting that she: (a) identify who from "Plaintiffs' counsel" she was referring to in paragraph 14 of her Declaration; (b) specifically name the attorney who "signed the letter" [which contained no attorney name in the signature block]; (c) identify who gave "instructions to a legal assistant to send it"; (d) identify the legal assistant that she claimed someone told to send the letter; and (e) to produce the metadata associated with the letter.  I requested that, in the interest of candor to the Court, Plaintiffs' counsel clarify the misstatements made in Plaintiffs' Motion.  Plaintiffs refused to do anything other than identify that it was Ms. Smalls who allegedly told a legal assistant to send the letter.[4]  Ex. 1.

---

[3] Ms. Smalls chose to send her conferral letter on December 30, 2016, while I was gone.

[4] Notably absent from Plaintiffs' Motion is a declaration from Ms. Small's legal assistant that he or she was told to send several letters to defense counsel, but that he or she did not do so.

13. The draft conferral letter that Plaintiffs claim they sent indicated that it would "promptly" seek resolution with the Magistrate if AuPairCare did not agree to withdraw objections to class discovery by October 19, 2016.  Their failure to do so further reflects their lack of candor in their Motion and their prolonged delay in raising these issues before expert disclosure deadlines.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.  Executed on January 31, 2017.

/s/ Peggy E. Kozal

Peggy E. Kozal

EXHIBIT 1

## Lisa Riggenbach

| | |
|---|---|
| **From:** | Dawn Smalls <DSmalls@BSFLLP.com> |
| **Sent:** | Friday, January 20, 2017 3:00 PM |
| **To:** | Lisa Riggenbach; Peter Skinner; 'alex@towardsjustice.org'; Matthew L. Schwartz; Lauren Louis; Sabria McElroy |
| **Cc:** | Peggy Kozal; 'Maschler, Brian P.'; Nathan Huey; Thomas Quinn; Connie Parrish; Maria Guarisco |
| **Subject:** | RE: Beltran v. AuPairCare, et al. - US District Court District of Colorado Case No: 1:14-cv-03074-CMA-KMT |

Peggy,

Thank you for your correspondence. I will respond to each item you raise in your letter below:

1. **My declaration.** In your letter, you request that we identify Plaintiff's counsel that I refer to in my declaration. I am that counsel and the assistant referred to is my assistant. I, as an officer of the court, was very careful not to misstate what occurred. To the extent that you did not receive the letter, I would suggest that you state that, as I cannot affirm that that is the case. I presented to the court the facts to the best of my knowledge.
2. **Host Family and Au Pair Contact Information.** With regard to host family and au pair contact information, that issue is the subject of Tuesday's informal discovery conference. We look forward to discussing it with the court then.
3. **Wage data.** With respect to wage related data, you state that monthly personal contacts with au pairs "do not elicit any specific information pertaining to compensation actually paid by host families to au pairs." However, APC was required to ensure that au pairs were paid a minimum weekly stipend of $195.75. Please confirm how APC did that, and produce any survey information or monthly contact forms if appropriate.
4. **Financial Statements.** Plaintiffs have previously articulated our need for these documents and why they are relevant. Any concerns regarding the sensitivity of this information is addressed by the issuance of the protective order. To the extent that you maintain this objection, I suggest we schedule a time to call the court for an informal discovery conference to resolve this issue.
5. **Audits.** We look forward to the prompt production of the audits. We affirm what we said in our prior letter - that the production of additional documents will not prejudice your pending motion to compel arbitration.

Dawn

**From:** Lisa Riggenbach [mailto:lriggenbach@gordonrees.com]
**Sent:** Friday, January 20, 2017 4:28 PM
**To:** Dawn Smalls; Peter Skinner; 'alex@towardsjustice.org'; Matthew L. Schwartz; Lauren Louis; Sabria McElroy
**Cc:** Peggy Kozal; 'Maschler, Brian P.'; Nathan Huey; Thomas Quinn; Connie Parrish
**Subject:** Beltran v. AuPairCare, et al. - US District Court District of Colorado Case No: 1:14-cv-03074-CMA-KMT

Good afternoon all:

Please see Peggy Kozal's correspondence attached.

Thank you,

**LISA A. RIGGENBACH**  | Legal Secretary
**GORDON & REES**

1

# EXHIBIT 1

**SCULLY MANSUKHANI**

555 Seventeenth Street, Suite 3400
Denver, CO 80202
P: 303-534-5160  |  F: 303-534-5161
**lriggenbach@gordonrees.com**

Alabama • Arizona • California • Colorado • Connecticut • Florida • Georgia
Illinois • Maryland • Massachusetts • Missouri • Nevada • New Jersey • New York
North Carolina  • Ohio • Oregon • Pennsylvania • South Carolina • South Dakota
Texas • Virginia • Washington • Washington, D.C. • West Virginia
www.gordonrees.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

      Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

      Defendants.

---

## DEFENDANT AUPAIRCARE, INC.'S ANSWERS
## TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

---

      Defendant AuPairCare, Inc., ("AuPairCare," "Defendant" or "Responding Party"), by counsel, Gordon & Rees LLP, submits the following answers to Plaintiffs' First Set of Interrogatories pursuant to Fed.R.Civ.P. 33:

### GENERAL OBJECTIONS

      AuPairCare makes the following general objections, to which each of the

EXHIBIT 2

responses set forth below are subject:

A.     Defendant objects to these interrogatories on the grounds that alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.   Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.   <u>AuPairCare expressly reserves the right to move to dismiss this action and/or compel arbitration.  Nothing in these responses or objections may be deemed a waiver of that right.</u>

B.     Defendant objects to Plaintiffs' instructions to the extent they require acts inconsistent with the Federal Rules of Civil Procedure or the Local Rules of this Court.

C.     Defendant objects to Plaintiffs' interrogatories to the extent they improperly seek class-wide merits or damages discovery before any class or collective action has been certified or any motion for certification filed.   At present, the only plaintiffs in this case are the named Plaintiffs.   In particular but without limitation, Defendant objects to interrogatories seeking the identity of and private and confidential information concerning putative class members prior to class certification.

D.     Defendant objects to Plaintiffs' interrogatories to the extent they seek information pertaining to claims in the First Amended Complaint that are not brought against Defendant.

E.     Defendant objects to Plaintiffs' interrogatories to the extent they would require production of attorney-client or work-product privileged information. Defendant's production of such privileged materials or information is unintentional

EXHIBIT 2

and inadvertent.  Defendant requests that Plaintiffs immediately return to Defendant all documents that appear to be subject to the attorney-client privilege or work product doctrine.

F.     Defendant objects to Plaintiffs' interrogatories to the extent they would require production of Defendant's proprietary business information or trade secrets.

G.     Defendant objects to Plaintiffs' interrogatories to the extent they seek information that violates the privacy rights of non-parties.

H.     Defendant objects to Plaintiffs' interrogatories to the extent they seek information that violates the privacy rights of non-parties.

I.     Defendant objects to Plaintiffs' interrogatories pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not  proportional to the needs of the case or seek information that is not proportional to the needs of the case.

J.     Defendant reserves the right to supplement its responses as additional information and things are discovered, if any.

K.     Any information disclosed in response to these interrogatories shall be subject to a suitable protective order.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify all au pairs that you have sponsored, past and present.  For each au pair, identify the au pair's name, home address, last known contact information (e.g., email addresses, phone numbers, etc.), country of origin, date of sponsorship, duration of sponsorship, host family(ies), host family address(es), last known contact information for each host family identified (e.g., email addresses, phone

EXHIBIT 2

numbers, etc.), duration of placement with each host family, foreign agent(s) involved in facilitating sponsorship, total fees charged to each au pair (including an itemization of what the fee was for), and total fees charged.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this interrogatory on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this interrogatory insofar as it seeks discovery relating to claims of causes of action in the First Amended Complaint not asserted against Defendant. Defendant further objects to this interrogatory on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified or any motion for certification filed.

Defendant AuPairCare further objects to this interrogatory as having multiple discrete subparts that should count as at least thirteen separate interrogatories pursuant to Fed.R.Civ.P. 33(a)(1). Defendant further objects to this interrogatory on the grounds that it is overly broad, is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case, and is unduly burdensome. Defendant also objects to this interrogatory on the grounds that it seeks information that is subject to AuPairCare's privacy policy and is violative of the privacy rights of host families and others who are not parties to this action, that is not relevant to any issue in the case, and that is not

- 4 -

EXHIBIT 2

reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this interrogatory on the grounds it seeks information that is proprietary and confidential to AuPairCare.

**INTERROGATORY NO. 2:** Identify all steps you take to ensure that program participants satisfy all requirements as mandated by 22 C.F.R. § 62.31, including but not limited to steps you take to ensure that au pairs are not working more than 10 hours per day or 45 hours per week; are permitted required time off including paid vacation; and are completing educational requirements.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this interrogatory on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this interrogatory insofar as it seeks information pertinent to claims or causes of action in the First Amended Complaint that are not asserted against Defendant. Defendant further objects to this interrogatory on the grounds it is compound and improperly contains multiple subparts. Subject to and without waiving these objections, Defendant responds as follows:

Defendant's specific obligations with respect to the au pair exchange program are set forth in 22 CFR 62.31. Defendant complies with all of these requirements, including but not limited to requiring monthly personal contact by the local counselor with each au pair and host family; requiring quarterly contact by the regional counsel

- 5 -

EXHIBIT 2

with each au pair and host family; and requiring that all local and regional counselors are appraised of their obligation to report unusual or serious situations or incidents involving either the au pair or host family.  Defendant further fulfills its obligations under 22 C.F.R. §62.31 by providing the disclosures, documents, and agreements specifically referenced in that regulation to au pairs and host families.

**INTERROGATORY NO. 3:** Identify each time you have communicated to anyone that au pairs in your sponsorship may be compensated more than the weekly stipend. For each responsive communication, identify the audience by name, whether an au pair, host family, government entity or other; the forum in which the communication was made; the date or, if published, range of dates the communication was viewable; and the precise communication.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this interrogatory on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this interrogatory on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified or any motion for certification filed.

Defendant further objects to this interrogatory as having multiple discrete subparts that should count as at least five separate interrogatories pursuant to Fed.R.Civ.P. 33(a)(1).  Defendant further objects to this interrogatory on the grounds

- 6 -

EXHIBIT 2

that it is overly broad, is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case, and is unduly burdensome.  Defendant also objects to this inter- rogatory on the grounds it seeks information that is subject to AuPairCare's privacy policy and/or is violative of the privacy rights of host families and others who are not parties to this action, that it is not relevant to any issue in the case, and that it is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this interrogatory on the grounds it seeks information that is proprietary and confidential to AuPairCare.

**INTERROGATORY NO. 4:** Identify all putative Class members who have been paid more than $195.75 per week.  For each Putative Class member that has been paid Compensation in excess of the $195.75 weekly stipend, state how much the Putative Class member was paid and the dates of employment.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this interrogatory on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this interrogatory on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified or any motion for certification filed.

Defendant further objects to this interrogatory as having multiple discrete

EXHIBIT 2

subparts that should count as at least three separate interrogatories pursuant to Fed.R.Civ.P. 33(a)(1).  Defendant further objects to this interrogatory on the grounds it is overly broad, is not reasonably limited in time to the facts and transactions alleged in the Amended Complaint, seeks information that is not proportional to the needs of the case, and is unduly burdensome.  Defendant also objects to this interrogatory on the grounds it seeks information that is subject to AuPairCare's privacy policy and/or is violative of the privacy rights of host families and others who are not parties to this action, that it is not relevant to any issue in the case, and that it is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this interrogatory on the grounds that it seeks information that is proprietary and confidential to AuPairCare.

EXHIBIT 2

## **VERIFICATION**

I, Marcie Schneider, President of AuPairCare, declare that the foregoing AUPAIRCARE, INC.'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES are true and correct.

May 4, 2016 (Date)  _____ (Signature)

STATE OF CALIFORNIA            )

                               )

COUNTY OF SAN FRANCISCO )

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Subscribed and sworn to before me, a Notary Public, this 4th day of May, 2016, Witness my hand and official seal.          BY MARCIE LYN SCHNEIDER

My commission expires: 12/17/19 (Date)

Signature  M. Vdovychenko

> MARIYA VDOVYCHENKO
> COMM. # 2137186
> NOTARY PUBLIC - CALIFORNIA
> SAN FRANCISCO COUNTY
> COMM. EXPIRES DEC. 17, 2019

- 9 -

EXHIBIT 2

DATED this 4th day of May, 2016.

s/Thomas B. Quinn
Thomas B. Quinn
GORDON & REES LLP
555 17th Street, Suite 3400
Denver, Colorado 80202

Attorneys for Defendant
AuPairCare, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2016, I served the foregoing via electronic mail and regular U.S. mail on the following:

Alexander Neville Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
alex@towardsjustice.org
**Attorney for Plaintiffs**

Lauren F. Louis
Sigrid S. McCawley
Boies, Schiller & Flexner, LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
**Attorney for Plaintiffs Deetlefs, Caicedo and Gonzalez**

Randall W. Jackson
Peter M. Skinner
Matthew L. Schwartz
Boies, Schiller & Flexner, LLP
575 Lexington Ave., 7th Floor

New York, NY 10022
**Attorney for Plaintiffs Deetlefs, Caicedo and Gonzales**

Sigrid S. McCawley
Lauren F. Louis
Randall W. Jackson
Peter M. Skinner
Matthew L. Schwartz
Boies, Schiller & Flexner, LLP
401 E. Las Olas Blvd., Ste. 1200
Ft. Lauderdale, FL 33301
**Attorney for Plaintiffs Beltran and Hlatshaneni**

Brooke A. Colaizzi
Raymond Myles Deeny
Heather Fox Vickles
Sherman & Howard, LLC

- 10 -

EXHIBIT 2

633 17th Street, Suite 3000
Denver, CO 80202
bcolaizzi@shermanhoward.com
rdeeny@shermanhoward.com
hvickles@shermanhoward.com
**Attorneys for InterExchange, Inc.**

William James Kelly, III
Chanda M. Feldkamp
Kelly Stacy & Rita, LLC
1401 17th Street, #925
Denver, CO 80202
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com
**Attorneys for USAuPair, Inc.**

Meshach Y. Rhoades
Martin J. Estevao
Armstrong Teasdale LLP
4643 S. Ulster St., Ste. 800
Denver, CO 80237
mrhoades@armstrongteasdale.com
mrhoades@armstrongteasdale.com
**Attorney for Great AuPair, LLC**

Bogdan Enica
Bogdan Enica, Attorney at Law
111 2nd Avenue NE, Suite 213
St. Petersburg, FL 33701
bogdane@hotmail.com
**Attorney for Expert Group
International, Inc.**

Kathryn A. Barrett
Martha L. Fitzgerald
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
kbarrett@bhfs.com
mfitzgerald@bhfs.com
**Attorneys for EurAupair Intercultural
Child Care Programs**

James Edward Hartley
Holland & Hart, LLP
555 17th Street, Suite 3200
Denver, CO 80201
jhartley@hollandhart.com
mhartoonian@hollandhart.com
**Attorneys for Cultural Homestay
International**

Jeffrey Paul Allen
Donald J. Gentile
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
jallen@lawson-weitzen.com
dgentile@lawson-weitzen.com
**Attorneys for Cultural Care, Inc.
d/b/a Cultural Care Au Pair**

William L. Monts III
Hogan Lovells US LLP
555 Thirteenth St., N.W.
Washington, CO 20004-1109
**Attorneys for Cultural Care, Inc.**

Walter V. Bernie Siebert
Sherman & Howard
633 17th Street, Suite 3000
Denver, CO 80202
bsiebert@shermanhoward.com
**Attorney for Cultural Care, Inc.
d/b/a Cultural Care Au Pair**

Brian Alan Birenbach
Rietz Law Firm, LLC
114 Village Place, #301
Dillon, CO 80435
brian@rietzlawfirm.com
**Attorney for Au Pair International,
Inc.;
American Cultural Exchange,
LLC d/b/a GoAuPair**

Kathryn A. Reilly
Toren G.E. Mushovic
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO 80202
reilly@wtotrial.com
**Attorneys for American Cultural
Exchange, LLC d/b/a GoAuPair;
Agent Au Pair, Au Pair International,
Inc.**

Lawrence Lee
Susan M. Schaecher
Daniel C. Perkins
Fisher & Phillips LLP
1801 California St., Suite 2700

- 11 -

EXHIBIT 2

Denver, CO 80202
llee@laborlawyers.com
dperkins@laborlawyers.com
***Attorneys for APF Global Exchange,***
***NFP d/b/a Aupair Foundation;***
***American Institute for Foreign Study***
***d/b/a Au Pair in America***

Lawrence Daniel Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290
lstone@duffordbrown.com
chammond@duffordbrown.com
***Attorneys for A.P.E.X. American***
***Professional Exchange, LLC d/b/a***
***ProAuPair;***
***20/20 Care Exchange, Inc.***
***d/b/a The International Au Pair***
***Exchange***

Martin J. Estevao
Greenberg Traurig, LLP
1200 17th St., Ste. 2400
Denver, CO 80202
estevaom@gtlaw.com

***Attorney for Great AuPair, LLC***

*/s/ Lacey Hunt*