EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

 Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

 Defendants.

---

## DEFENDANT AUPAIRCARE, INC.'S ANSWERS
## TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

---

 Defendant AuPairCare, Inc. ("Defendant," "AuPairCare" or "Responding Party"), by counsel, Gordon & Rees LLP, submits the following response to Plaintiffs' First Requests for Production of Documents pursuant to Fed.R.Civ.P. 34:

### GENERAL OBJECTIONS

 Defendant makes the following general objections, to which each of the

EXHIBIT 3

responses set forth below is subject:

A.     Defendant objects to these requests on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.   Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.   <u>AuPairCare expressly reserves the right to move to dismiss this action and/or compel arbitration.   Nothing in these responses or objections may be deemed a waiver of that right.</u>

B.     Defendant objects to Plaintiffs' instructions to the extent they require acts inconsistent with the Federal Rules of Civil Procedure or the Local Rules of this Court.

C.     Defendant objects to Plaintiffs' requests for production to the extent they improperly seek class-wide merits or damages discovery before any class or collective action has been certified or any motion for certification filed.   At present, the only plaintiffs in this case are the named Plaintiffs.   In particular but without limitation, Defendant objects to requests seeking the identity of and private and confidential information concerning putative class members prior to class certification.

D.     Defendant generally objects to Plaintiffs' requests for production of documents to the extent that Plaintiff seeks financial information and documents.  Evidence of a defendant's financial status is not discoverable.  Absent relevancy and a compelling need, a party may not obtain a defendant's financial records through discovery.  *See Bonanno v. Quizno's Franchise Co. LLC*, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (*citing Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159

EXHIBIT 3

(Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta v. Albertson's, Inc.,* 975 P.2d 718, 721 n.4, 723 (Colo. 1999); s*ee also Leidholt v. Dist. Ct.,* 619 P.2d 768, 770 (Colo. 1980); *Packard v. Moore*, 71 P.2d 922 (Cal. 1937); *Baggett v. Davis*, 169 So. 372 (Fla. 1936); *Laidlaw v. Sage*, 52 N.E. 679 (N.Y. 1899); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).

E.     Defendant objects to Plaintiffs' requests for production to the extent they seek information pertaining to claims in the First Amended Complaint that are not brought against Defendant.

F.     Defendant objects to Plaintiffs' requests for production to the extent they require production of attorney-client or work product privileged information. Defendant's production of such privileged materials is unintentional and inadvertent. Defendant requests that Plaintiff immediately return to Defendant all documents that appear to be subject to the attorney-client privilege or work product doctrine.

G.     Defendant objects to Plaintiffs' requests for production to the extent they would require production of Defendant's proprietary business information or trade secrets.

H.     Defendant objects to Plaintiffs' requests for production to the extent they would require production of documents and things that are not in Defendant's possession, custody, or control.

I.     Defendant objects to Plaintiffs' requests for production to the extent they seek information that violates the privacy rights of non-parties.

J.     A response that Defendant "will produce" responsive documents means

EXHIBIT 3

that if such documents exist, are within Defendant's possession, custody and control, and are not privileged, they will be produced subject to the Court's protective order.

K.      Defendant objects to Plaintiffs' requests for production to the extent they are irrelevant and reserves all rights and objections with respect to relevance, materiality and admissibility.

L.      Defendant objects to Plaintiffs' requests for production pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not proportional to the needs of the case or seek information that is not proportional to the needs of the case.

M.      Defendant objects to Plaintiffs' requests for production insofar as they seek production of documents prior to the entry of an appropriate protective order. Defendant's production of documents shall be subject to that protective order.

N.      Defendant reserves the right to supplement its responses as additional information and things are discovered, if any.

## RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to identify all au pairs you have sponsored, including the period of sponsorship, the state in which each au pair worked, and the family for whom each au pair worked.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

- 4 -

EXHIBIT 3

Defendant further objects to this request on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs.   Defendant further objects to this request for production on the grounds it is overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint and unduly burdensome.   Defendant further objects to this request on the grounds it seeks documents that are not relevant to any issue at this phase of the case,  it seeks information that is not proportional to the needs of the case, it is not reasonably calculated to lead to the discovery of relevant or admissible evidence and is compound and contains multiple sub-parts.   Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to AuPairCare.

**REQUEST FOR PRODUCTION NO. 2:** Documents concerning au pair compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.  At

EXHIBIT 3

present, the only parties as to whom documents are properly discoverable are the named Plaintiffs.  Defendant AuPairCare objects to this request for production on the ground that it is vague and ambiguous, overbroad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint and is unduly burdensome. Defendant further objects to this request for production on the grounds that it seeks documents that are subject to AuPairCare's privacy policy, that it seeks information that is not proportional to the needs of the case, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to AuPairCare.  Subject to and without waiving these objections, Defendant will produce documents responsive to this request following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 3:** Documents concerning any other sponsor's rate of au pair compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request on the grounds that alleged any disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Subject to and without waiving this objection, Defendant does not possess documents responsive to this request.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 4:** Documents concerning any meetings between

EXHIBIT 3

you and any other sponsor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this request on the grounds that alleged any disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

**REQUEST FOR PRODUCTION NO. 5:** Correspondence with or about any other defendant in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds that it seeks documents and information subject to the joint defense privilege, attorney-client privilege and/or work product doctrine.  Defendant further objects to this request for

EXHIBIT 3

production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this request insofar as it seeks information protected from disclosure by the joint defense privilege.

**REQUEST FOR PRODUCTION NO. 6:** Documents concerning agreements, contractual or otherwise, entered into between or among defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Defendant further objects to this request for production on the grounds it seeks documents and information that are protected by the attorney-client and attorney work

EXHIBIT 3

product privileges, and by a joint defense agreement between the parties and their counsel.   Subject to and without waiving these objections, Defendant responds that it does not possess non-privileged documents responsive to this request.   Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 7:** Correspondence with any Putative Class member in this lawsuit, including contracts executed by or provided to such class member.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.   Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.   AuPairCare expressly reserves the right to dismiss this action and/or move to compel arbitration.   Nothing in these responses or objections may be deemed a waiver of that right.

Defendant further objects to this request on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed.   At present, the only parties to whom documents are properly discoverable are the named Plaintiffs.   Defendant objects to this request for production on the ground that it is overly broad, is not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, and is unduly burdensome.   Defendant further objects to this request for production on the grounds that it seeks documents that are subject to AuPairCare's privacy policy, documents that are not relevant to any issue in the case or

EXHIBIT 3

reasonably calculated to lead to the discovery of admissible evidence and seeks information not proportional to the needs of the case. Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to AuPairCare. Subject to and without waiving these objections, following the entry of a suitable protective order, Defendant will produce sample form contracts between it and au pair sponsor candidates.

**REQUEST FOR PRODUCTION NO. 8:** Contracts between defendants and host families relating to the Putative Class members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed. At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs. Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the

EXHIBIT 3

discovery of relevant or admissible evidence.  Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to AuPairCare.  Subject to and without waiving these objections, upon entry of a suitable protective order, Defendant will produce exemplars of contracts between Defendant and host families.

**REQUEST FOR PRODUCTION NO. 9:** Any document relating to any named plaintiff in this case, excluding filed pleadings in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Subject to and without waiving this objection, Defendant responds that it does not possess any documents responsive to this request.  Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 10:** Time records sufficient to show the actual number of hours worked by the putative class members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request on the grounds it improperly seeks

EXHIBIT 3

class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed. At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs. Defendant further objects to this request on the grounds that it pertains to claims or causes of action in the First Amended Complaint that are not asserted against Defendant. Defendant further objects to this request on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to AuPairCare.

**REQUEST FOR PRODUCTION NO. 11:** Documents supporting defendants' claim that the government has mandated a uniform wage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**   Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.   Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Without waving these objections, Defendant responds that it does not claim that the government has mandated a uniform wage. It possesses no documents responsive to this request.

EXHIBIT 3

**REQUEST FOR PRODUCTION NO. 12:** Documents concerning statements you have made to host families regarding compensation to au pair [sic].

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed. At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs. Defendant objects to this request on the grounds it is vague, is overbroad, is not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, and is unduly burdensome. Defendant further objects to this request on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this request on the grounds that it seeks information that is proprietary and confidential to AuPairCare. Subject to and without waiving these objections, Defendant will produce documents responsive to this request following the entry of a suitable protective order.

- 13 -

EXHIBIT 3

**REQUEST FOR PRODUCTION NO. 13:** Documents concerning statements you have made to host families regarding the number of hours au pairs may be required to work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request insofar as it pertains to claims or causes of action in the First Amended Complaint that are not asserted against Defendant. Defendant further objects to this request on the grounds it is overly broad, is not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, and is unduly burdensome. Defendant further objects to this request on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving these objections, Defendant will produce documents responsive to this request following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 14:** Documents concerning or constituting complaints from au pairs about an au pair's compensation or work schedule, including but not limited to complaints that the au pair was working more than ten hours per day or 45

- 14 -

EXHIBIT 3

hours per week; that the au pair's work schedule prevented the au pair from attending school; that the au pair was not permitted days off or vacation time; or that the au pair was required to be "on call" for the host family. This Request includes responses made to au pairs and any discussion about the complaint(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request on the grounds it improperly seeks class-wide discovery before any class or collective action has been certified, conditionally or otherwise, and before any motion for certification has been filed. At present, the only parties as to whom documents are properly discoverable are the named Plaintiffs. Defendant further objects to this request on the grounds it seeks information and documents pertaining to claims and causes of action, including FLSA and state law wage and hour claims, that are not brought against Defendant.

**REQUEST FOR PRODUCTION NO. 15:** Communications concerning au pair compensation between you and any government entity or nongovernment entity representing au pairs, including but not limited to the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association.

EXHIBIT 3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request on the ground that the government and nongovernment entities identified in the Request—the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association—do not "represent" au pairs. Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not pro-portional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this request for production to the extent that it calls for production of documents that are matters of public record and which are therefore available to Plaintiffs from the government agency with which they were filed. Subject to and without waiving these objections, Defendant will produce documents responsive to this request following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 16:** Your audited or unaudited financial state-ments, including documents sufficient to show your annual revenue and income derived from participating in the au pair program during each year in which you have partici-

EXHIBIT 3

pated in the program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.  Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant further objects to this request on the grounds it seeks documents and information that are proprietary and confidential to Defendant and in the nature of a trade secret.

Defendant further objects to Plaintiffs' Requests for Production of Documents to the extent that Plaintiff seeks financial information and documents.  Evidence of a defendant's financial status is not discoverable.  Absent a compelling need, a party may not obtain a defendant's financial records through discovery.  *See Bonanno v. Quizno's Franchise Co. LLC*, 255 F.R.D. 550, 555-56 (D. Colo. 2009) (*citing Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159 (Colo. 2008)); *In re Dist. Ct., City & Cnty. of Denver*, 256 P.3d 687, 691 (2011); *Corbetta v. Albertson's, Inc.,* 975 P.2d 718, 721 n.4, 723 (Colo. 1999); s*ee also Leidholt v. Dist. Ct.*, 619 P.2d 768, 770 (Colo. 1980);

- 17 -

EXHIBIT 3

*Packard v. Moore*, 71 P.2d 922 (Cal. 1937); *Baggett v. Davis*, 169 So. 372 (Fla. 1936); *Laidlaw v. Sage*, 52 N.E. 679 (N.Y. 1899); and 1 Jones on Evidence, §§ 4.48, 49 (6th ed. 1972)).

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to show your corporate structure, including your internal reporting lines as well as the existence of parent companies, affiliates and subsidiaries, including but not limited to organizational charts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds that it is vague and ambiguous, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this request for production on the ground that it seeks documents and information that are proprietary and confidential to Defendant.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to identify your employees, including names, titles and reporting lines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has

EXHIBIT 3

sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this request on the ground it seeks documents and information that are proprietary and confidential to Defendant. Subject to and without waiving these objections, Defendant will produce documents responsive to this request following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 19:** All advertisements intended to reach potential au pairs concerning compensation, including all prior versions of your website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request for production on the grounds it is vague and ambiguous with respect to the phrase "intended to reach potential au pairs concerning compensation," it is overly broad, not reasonably limited in time to the facts

EXHIBIT 3

and transactions alleged in the First Amended Complaint, seeks information that is not proportional to the needs of the case, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.   Subject to and without waiving these objections, Defendant will produce responsive documents following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 20:** Documents concerning training provided to au pairs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this request on the grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions.   Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper.

Defendant further objects to this request insofar as it pertains to claims or causes of action in the First Amended Complaint that are not asserted against Defendant. Defendant further objects to this request for production on the grounds that it is vague and ambiguous, overly broad, not reasonably limited in time to the facts and transactions alleged in the First Amended Complaint, seeks information that is not pro-portional to the needs of the case and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

EXHIBIT 3

DATED this 4th day of May, 2016.

s/Peggy Kozal
Thomas B. Quinn
Peggy Kozal
GORDON & REES LLP
555 17th Street, Suite 3400
Denver, Colorado 80202
Tel: 303-534-5160
tquinn@gordonrees.com
pkozal@gordonrees.com

-and-

Brian P. Maschler
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94579
Tel: 415-875-3127
bmaschler@gordonrees.com

Attorneys for Defendant
AuPairCare, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2016, I served the foregoing Defendant AuPairCare, Inc.'s Answers to Plaintiffs' First Requests For Production via email and regular U.S. Mail on all counsel of record as follows:

| Attorneys for Plaintiffs:<br><br>Alexandra Ivette Gonzalez<br>Beaudette Deetlefs<br>Dayanna Paola Cardenas Caicedo<br>Johana Paola Beltran<br>Lusapho Hlatshaneni | Alexander N. Hood<br>Towards Justice-Denver<br>Suite 300<br>1535 High Street<br>Denver, CO 80218<br>alex@towardsjustice.org<br><br>-and-<br><br>Randall W. Jackson<br>Matthew L. Schwartz<br>Peter M. Skinner<br>Boies Schiller & Flexner, LLP-New York<br>7th Floor<br>575 Lexington Avenue<br>New York, NY 10022 |

EXHIBIT 3

| | |
|---|---|
| | rjackson@bsfllp.com<br>mlschwartz@bsfllp.com<br>pskinner@bsfllp.com<br><br>-and-<br><br>Sigrid S. McCawley<br>Lauren F. Louis<br>Boies Schiller & Flexner, LLP-Ft. Lauderdale<br>Suite 1200<br>401 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>smccawley@bsfllp.com<br>llouis@bsfllp.com |
| *Attorneys for Defendants:*<br><br>*20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange*<br>*-and-*<br>*A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair* | Lawrence D. Stone<br>Christian D. Hammond<br>Dufford & Brown, P.C.<br>Suite 2100<br>1700 Broadway<br>Denver, CO 80290-2101<br>lstone@duffordbrown.com<br>chammond@duffordbrown.com |
| *Attorneys for Defendants:*<br><br>*Agent Au Pair, Inc.*<br>*-and-*<br>*American Cultural Exchange, LLC d/b/a GoAuPair*<br>*-and-*<br>*Au Pair International, Inc.* | Kathryn A. Reilly<br>Wheeler Trigg O'Donnell, LLP<br>Suite 4500<br>370 17th Street<br>Denver, CO 80202-5647<br>reilly@wtotrial.com |
| *Attorneys for Defendants:*<br><br>*APF Global Exchange, NFP d/b/a Aupair Foundation*<br>*-and-*<br>*American Institute for Foreign Study d/b/a Au Pair in America* | Lawrence L. Lee<br>Susan M. Schaecher<br>Fisher & Phillips LLP<br>Suite 2700<br>1801 California Street<br>Denver, CO 80202<br>llee@laborlawyers.com<br>sschaecher@laborlawyers.com |
| *Attorneys for Defendants:*<br><br>*Au Pair International, Inc.*<br>*-and-*<br>*American Cultural Exchange, LLC d/b/a GoAuPair* | Brian Alan Birenbach<br>Rietz Law Firm, LLC<br>Suite 301<br>114 Village Place<br>Dillon, CO 80435 |

EXHIBIT 3

| | brian@rietzlawfirm.com |
|---|---|
| *Attorneys for Defendant:*<br><br>*Cultural Care, Inc.* | Jeffrey Paul Allen<br>Donald J. Gentile<br>Lawson & Weitzen, LLP<br>Suite 345<br>88 Black Falcon Avenue<br>Boston, MA 02210<br>jallen@lawson-weitzen.com<br>dgentile@lawson-weitzen.com<br><br>-and-<br><br>Walter V. Siebert<br>Sherman & Howard L.L.C.<br>Suite 3000<br>633 17th Street<br>Denver, CO 80202<br>bsiebert@shermanhoward.com<br><br>-and-<br><br>William L. Monts III<br>Hogan Lovells US LLP<br>Suite 1300<br>555 Thirteenth St., N.W.<br>Washington, CO 20004-1109<br>William.monts@hoganlovells.com |
| *Attorneys for Defendant:*<br><br>*Cultural Homestay International* | Adam A. Hubbard<br>Holland & Hart LLP<br>Suite 300<br>1800 Broadway<br>Boulder, CO 80302<br>aahubbard@hollandhart.com<br><br>James E. Hartley<br>Holland & Hart, LLP<br>Suite 3200<br>555 17th Street<br>Denver, CO 80202<br>jhartley@hollandhart.com |
| *Attorneys for Defendant:*<br><br>*EurAupair Intercultural Child Care Programs* | David B. Meschke<br>Martha L. Fitzgerald<br>Brownstein Hyatt Farber Schreck, LLP<br>Suite 2200<br>410 17th Street<br>Denver, CO 80202 |

EXHIBIT 3

| | dmeschke@bhfs.com<br>mfitzgerald@bhfs.com<br><br>-and-<br><br>Margo J. Arnold<br>Brownstein Hyatt Farber Schreck, LLP<br>Suite 3550<br>2049 Century Park East<br>Los Angeles, CA 90067<br>marnold@bhfs.com |
|---|---|
| *Attorney for Defendant:*<br>*Expert Group International, Inc.* | Bogdan Enica<br>Bogdan Enica, Attorney at Law<br>Suite 213<br>111 2nd Avenue NE<br>St. Petersburg, FL 33701-3440<br>bogdane@hotmail.com |
| *Attorneys for Defendant:*<br>*Great AuPair, LLC* | Meshach Y. Rhoades<br>Martin J. Estevao<br>Armstrong Teasdale LLP<br>Suite 800<br>4643 S. Ulster Street<br>Denver, CO 80237<br>mrhoades@armstrongteasdale.com<br>mestevao@armstrongteasdale.com |
| *Attorneys for Defendant:*<br>*InterExchange, Inc.* | Heather Fox Vickles<br>Brooke A. Colaizzi<br>Raymond M. Deeny<br>Sherman & Howard, LLC<br>Suite 3000<br>633 17th Street<br>Denver, CO 80202<br>hvickles@shermanhoward.com<br>bcolaizzi@shermanhoward.com<br>rdeeny@shermanhoward.com |
| *Attorneys for Defendant:*<br>*USAuPair, Inc.* | William J. Kelly, III<br>Chandra M. Feldkamp<br>Kelly & Walker LLC<br>Suite 200<br>1512 Larimer Street<br>Denver, CO 80202<br>wkelly@kellywalkerlaw.com<br>cfeldkamp@kellywalkerlaw.com |

EXHIBIT 3

*/s/Lisa M. Riggenbach*