EXHIBIT 4

**Lisa Riggenbach**

**From:** Peggy Kozal
**Sent:** Friday, January 06, 2017 2:10 PM
**To:** 'Dawn Smalls'
**Subject:** RE: Your message

Dawn,

I have been out of the office for the holidays. I have reached out to our client but have not been able to discuss with them the matters you have raised. I am working on this and will get back to you as soon as I can, hopefully on Monday or Tuesday of next week.

Peggy

**PEGGY E. KOZAL**
**Of Counsel**
**GORDON & REES**
**SCULLY MANSUKHANI**
Direct: 303-200-6888

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Thursday, January 05, 2017 11:06 AM
**To:** Peggy Kozal
**Subject:** RE: Your message

Peggy,

I hope you had a nice holiday. As you know the deadline to exchange affirmative expert witness disclosures is next Friday, January 13, 2017. Accordingly, please indicate by tomorrow whether you plan to produce additional documents, and whether in that production you intend to provide wage data for au pairs or the audits submitted to the State Department on a monthly basis, as well as the information indicated in the attached correspondence.

Thank you.

Dawn

---

**From:** Dawn Smalls
**Sent:** Friday, December 30, 2016 4:07 PM
**To:** 'Peggy Kozal'
**Subject:** RE: Your message

Hi Peggy,

Please use this version. Both are identical but this is the pdf version.

Thanks,

Dawn

EXHIBIT 4

**From:** Dawn Smalls
**Sent:** Friday, December 30, 2016 4:04 PM
**To:** 'Peggy Kozal'
**Subject:** RE: Your message

Hi Peggy,

Please find correspondence relating to the Beltran matter attached.

Best,

Dawn

**From:** Peggy Kozal [mailto:pkozal@gordonrees.com]
**Sent:** Friday, December 23, 2016 11:43 AM
**To:** Dawn Smalls
**Subject:** RE: Your message

That is fine. Please call me on my direct line at 12:30 MST/2:30 EST. Thank you.

PEGGY E. KOZAL
Of Counsel
GORDON & REES
SCULLY MANSUKHANI
Direct: 303-200-6888

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Thursday, December 22, 2016 4:05 PM
**To:** Peggy Kozal
**Subject:** RE: Your message

Could we push it to 2:30?

**From:** Peggy Kozal [mailto:pkozal@gordonrees.com]
**Sent:** Thursday, December 22, 2016 12:45 PM
**To:** Dawn Smalls
**Subject:** RE: Your message

Dawn,

Does 12:00 MST/2:00 EST on the 28th work for you?

PEGGY E. KOZAL
Of Counsel
GORDON & REES
SCULLY MANSUKHANI
Direct: 303-200-6888

EXHIBIT 4

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Wednesday, December 21, 2016 7:35 AM
**To:** Peggy Kozal
**Subject:** RE: Your message

Hi Peggy,

Yes. The afternoon of the 27th or the 28th should work for a call. Please let me know when works for you.

Dawn

**From:** Peggy Kozal [mailto:pkozal@gordonrees.com]
**Sent:** Tuesday, December 20, 2016 11:57 AM
**To:** Dawn Smalls
**Subject:** Your message

Hi Dawn,

I got your message on AuPairCare's document production. Can we schedule a time to talk after Christmas, on 12/27 or 12/28? Thanks.

Peggy

**PEGGY E. KOZAL** | Of Counsel
**GORDON & REES**
**SCULLY MANSUKHANI**

555 Seventeenth Street, Suite 3400
Denver, CO 80202
D: 303-200-6888 | P: 303-534-5160 | F: 303-534-5161
**pkozal@gordonrees.com**

vCard | Bio

Alabama • Arizona • California • Colorado • Connecticut • Florida • Georgia
Illinois • Maryland • Massachusetts • Missouri • Nevada • New Jersey • New York
North Carolina • Ohio • Oregon • Pennsylvania • South Carolina • South Dakota
Texas • Virginia • Washington • Washington, D.C. • West Virginia
www.gordonrees.com

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Maryland * Massachusetts * Missouri * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON & REES LLP**
http://www.gordonrees.com

EXHIBIT 4

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

EXHIBIT 5

GORDON&REES
SCULLY MANSUKHANI
ATTORNEYS AT LAW
275 BATTERY STREET, SUITE 2000
SAN FRANCISCO, CA 94111
PHONE: (415) 986-5900
FAX: (415) 986-8054
WWW.GORDONREES.COM

PEGGY KOZAL
PKOZAL@GORDONREES.COM

January 6, 2017

***Via E-Mail*** dsmalls@bsfllp.com

Dawn L. Smalls
Peter Skinner
Boies, Schiller & Flexner LLP
575 Lexington Avenue
7th Floor
New York, NY 10022

Re: *Beltran v. InterExchange, et al.*
U.S. District Court for the District Court of Colorado
Case No. 1:14-cv-03074-CMA-KMT

Dawn and Peter,

We write to respond to the discovery issues that you have recently raised.

## I. Statements in Ms. Smalls' Declaration and Plaintiffs' Motion for Protective Order

As you are aware, we did not receive a conferral letter from anyone at Boies, Schiller & Flexner LLP until December 30, 2016. In Plaintiffs' Motion for Protective Order Or, In the Alternative, Amendment of the Scheduling Order, you state to the Court that "[o]n October 11, 2016, **plaintiffs objected** to APC's refusal to produce documents regarding putative class members pursuant to numerous of its Requests for Production, and **objected** that APC had persisted in its failure to identify their au pairs or provide adequate information....APC did not reply." This statement clearly misleads Court.

Ms. Smalls' Declaration which you use to "support" these statements attached a draft letter that, notably, had no attorney's name in the signature block and that also had the date of January 8, 2017 (not October 11, 2016) in the header. This letter in conjunction with the representation made in the Motion is problematic. Burying a statement in Ms. Smalls' Declaration that "Plaintiffs cannot represent with 100% certainty that the letter was sent" does not change that Plaintiffs' Motion directly misrepresents the facts. We request that Ms. Smalls identify who from "Plaintiffs' counsel" she is referring to in paragraph 14 of her Declaration, specifically naming the attorney who "signed the letter" and who gave "instructions to a legal assistant to send it." We also request that you identify the legal assistant that you claim someone told to send the letter and that you produce the metadata associated with the letter. In the interest

EXHIBIT 5



of candor to the Court, we lastly request that you clarify the misstatement you made in Plaintiffs' Motion.

The timing issues that you find yourselves in with regard to the relief requested in your Motion for Protective Order are of your own making. AuPairCare responded to Plaintiffs' First Set of Interrogatories more than eight months ago, on May 4, 2016. Despite being on notice of AuPairCare's objections since last spring, your team chose to do nothing about them until after having sought an extension of time for Plaintiffs' class certification expert designations.

## II. Host Family and Au Pair Contact Information

As to the issues you now delinquently raise, you have inquired whether AuPairCare will be producing documents sufficient to identify host families for au pairs sponsored by AuPairCare. Please note that AuPairCare has already produced several hundred pages of documents which include AuPairCare's communications with Juliane Harning and Laura Mejia Jimenez's host families. Those documents identify the host families for the named Plaintiffs sponsored by AuPairCare. We understand that you agree with this premise.

AuPairCare maintains its objections to providing documents sufficient to specifically identify other host families. This request improperly seeks class-wide discovery before any class or collective action has been certified and is disproportionate to the needs of the case. A production of documents identifying other host families or providing their contact information directly invades these host families' privacy interests. It is incumbent upon AuPairCare to protect the identity of these families. Further, host family identities for au pairs that have been sponsored by AuPairCare is highly-sensitive, confidential and proprietary business information. Finally, AuPairCare reaffirms the other objections previously set forth in its responses to the requests for production.

Production of au pair information is an issue that is currently before the court in relation to Plaintiffs' motion for conditional class certification. If a Fair Labor Standards Act class is conditionally certified, AuPairCare will agree to produce that information within the confines of the proper notice and procedure.

## III. Documents Regarding Payments to Au Pairs and Template Contracts

You are also seeking host family and au pair contact information so that you may contact these individuals to determine what host families paid to au pairs on a weekly basis. You have similarly requested documents in AuPairCare's possession, custody and control that identify "wages" and/or other amounts paid by host families to au pairs. We have informed you that AuPairCare does not have records that show the stipend amounts that were actually paid to the au pairs by their host families. The best source of this information is from the au pairs themselves.

As to the claim that Plaintiffs need to contact host families in order to understand what sponsors told them regarding the stipends that host families pay to au pairs, again, the angle Plaintiffs are taking is disproportionate to the needs of the case. AuPairCare has already

EXHIBIT 5



produced its exemplar contracts, advertisements, forms and other documents referring to the stipends and fees at issue.[1] Executed au pair and host family contracts would not give any further information regarding actual compensation paid by host families to au pairs than what has been provided in the AuPairCare host family and au pair template agreements. This is evidenced by the agreements signed by Ms. Harning and Ms. Jimenez and their respective host families.

## IV. Financial Statements and Org Charts

Your recent correspondence also requests AuPairCare's financial statements. The law is clear in Colorado that sensitive financial information is not discoverable absent a compelling need. You indicate that Plaintiffs claim damages arising from the fees "the class has paid" to AuPairCare; however, you fail to recognize that no such class has been certified. Even if it had, Plaintiffs have not and can not articulate any basis upon which AuPairCare's financial information is discoverable under the facts of this case.

As to your request for documents related to AuPairCare's organizational structure, an AuPairCare org chart was previously produced which sufficiently responds to Plaintiffs' request for production.

## V. Audit Information

Your December 28, 2016 correspondence requests monthly audits provided to the Department of State. AuPairCare had no obligation to provide such data to the Department of State on a monthly basis. Regarding your request for "surveys" that you raised this week in a conferral call, please note that the monthly personal contacts that Area Directors make with each au pair and host family do not elicit any specific information pertaining to compensation actually paid by host families to au pairs. We are, however, collecting the annual audits for the relevant timeframe and will be producing non-privileged, responsive information that is discoverable and not confidential and proprietary in nature. This audit information will include findings which relate to whether au pair participants were paid at a "weekly rate based upon 45 hours per week and paid in conformance with the requirements of the Fair Labor Standards Act."

We are preparing the supplemental production of audit information. As discussed with Ms. Smalls on December 28, 2016, to the extent that AuPairCare produces additional documents, Plaintiffs agreed that they will not assert that such a production constitutes a waiver of AuPairCare's right to compel arbitration. Finally, as I indicated to you, AuPairCare has not joined in the other Defendants' compromise proposal regarding the motion to compel issues Plaintiffs raised this week in light of the pendency of its motion to compel arbitration.

---

[1] Further, obtaining this information would be best accomplished through depositions of sponsor representatives, which of course, Plaintiffs have elected not to proceed with to date.

EXHIBIT 5



Please let us know if you have any questions.

Very truly yours,

GORDON & REES SCULLY MANSUKHANI, LLP

Peggy Kozal