IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*;

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*;

    Defendants.

## DECLARATION OF LAWRENCE D. STONE

    I, Lawrence D. Stone, pursuant to 28 U.S.C. § 1746, declare as follows.

    1.    I am a shareholder of Nixon Shefrin Hensen Ogburn, P.C. and the principal counsel in this action for two of the Defendants, A.P.EX. American Professional Exchange, LLC dba ProAuPair (hereinafter "APEX") and 20/20 Care Exchange, Inc. dba The International Au Pair Exchange (hereinafter "20/20"). I am over the age of 18 and make the statements in this declaration based on my personal knowledge of the documents filed or served in this action as described below. This declaration is made and submitted in support of APEX and 20/20's Response to Plaintiffs' Motion for Protective Order, or in the Alternative, Amendment of the Scheduling Order (Doc. #454, "Motion").

    2.    Plaintiffs have asserted a single claim against APEX and 20/20, *i.e.*, Count 1, a class claim asserting restraint of trade in the form of price-fixing in violation of the Sherman Act, 15 U.S.C. *§§ 1 et seq.* None of the originally named Plaintiffs, nor any of

Exhibit 1

the Plaintiffs who joined this action after the Complaint was filed, was sponsored by APEX or 20/20.

3. In this action, APEX and 20/20 have produced 7650 pages of documents as Fed. R. Civ. P. 26(a)(1) disclosures, as responsive to Plaintiffs' requests for production, or both. As noted in Certain Defendants' Joint Response, on March 3, 2016, Plaintiffs served their first sets of requests for production of documents and interrogatories on all Defendants. APEX and 20/20 timely served responses and objections to those discovery requests on May 2, 2016 and produced 792 pages of documents responsive to those requests on May 26, 2016 (APEX-20/20 1-792). On November 21, 2016, APEX and 20/20 served a first supplemental disclosure of 725 additional pages of documents (APEX-20/20 793-1517). On December 21, 2016, APEX and 20/20 served both a second supplemental disclosure and a third supplemental disclosure containing more than 6100 pages of documents (APEX-20/20 1518-4825 and APEX-20/20 4826-7623). Produced in these second and third supplemental disclosures were qualification profiles for each of the au pairs placed by APEX or 20/20 since their existence in 2011 and 2013 respectively as well as each of the contracts in their possession between host families and the au pairs. All such documents were redacted only to remove personally identifying information relating to the particular au pair or host family consistent with objections as to privacy and confidentiality that APEX and 20/20 (and other Defendants) had asserted in response to the Plaintiffs' discovery requests. On December 28, 2016, two weeks before Plaintiffs filed the Motion, APEX and 20/20 served a fourth supplemental disclosure containing spreadsheets identifying

2

each au pair placed with a host family by ID number, the au pair's classification as either a professional or regular au pair, the au pair's occupation, and the stipend that the host family agreed to pay.  A true and correct copy of these spreadsheets produced to Plaintiff's counsel (filed pursuant to D.C.COLO.LCivR 7.2 as Restricted Level 1) accompanies this declaration as Exhibit 1-A.   APEX and 20/20 have informed Plaintiffs in a supplemental discovery response that they do not have any responsive documents to produce concerning or constituting complaints from au pairs about an au pair's stipend or rate of compensation.

4. Between June 3, 2016 and the date of this declaration, I have conferred on multiple occasions with Plaintiffs' counsel (Ms. Louis and later Ms. Smalls) regarding the production of documents and other information by APEX and 20/20.  With the exception of producing un-redacted copies of documents containing personally identifying information regarding au pairs or host families, APEX and 20/20 have produced all available contracts between host families and au pairs relating to the stipend amounts paid to each au pair sponsored by APEX and 20/20 and, as noted above, produced all such documents before Plaintiffs filed their Motion.  With respect to the redaction of personally identifying information of au pairs and host families, the issue of pre-class certification disclosure of such identifying information has been the subject of multiple discussions among the parties and ultimately an informal discovery conference that occurred January 24, 2017.  The minutes of the conference (Doc. 462) indicate that Plaintiffs were directed to file a motion to compel with respect to this identifying information and wage (i.e. stipend) data on or before January 26, 2017 which

Plaintiffs have done.  Notably, this motion is not directed at APEX and 20/20.  See Plaintiffs' Motion to Compel (Doc. 465), fn. 1.

5. Exhibit J to the Declaration supporting Plaintiff's Motion contains an unsigned letter that is dated October 14, 2016 and addressed to Christian Hammond, an attorney at my former firm who had entered an appearance and participated to some extent in the action before I joined my new firm in July 2016.  See Doc. 455-2, pages 34-37.  Plaintiffs' counsel indicated in her declaration that she is unsure whether this or other letters contained in Exhibit J were sent.  Neither I nor my current partner, Kathleen Craigmile (who entered her appearance in this action in July 2016) received a copy of this letter and I have confirmed with Mr. Hammond that he never received it.  I am not aware of any attempt by Plaintiffs' counsel to follow up with any of APEX / 20-20's attorneys regarding this letter.  In any event, as described above, APEX and 20/20 produced all information sought by Plaintiffs that is the subject of the Motion (with the exception of au pair and host family identifying information).

6. Exhibit AA to the Motion is an email that I sent to Plaintiffs' counsel on January 7, 2017.  It is accurate (as Ms. Smalls notes in her declaration (Doc. 455 ¶ 30)) that I stated in the email that APEX and 20/20 had "objected to the production of that [host family contact information] on multiple grounds many months ago."  However, I also responded in that email to multiple questions from Plaintiffs' counsel regarding documents and information that had been provided by APEX and 20/20.

7. The basis of Plaintiffs' antitrust claim against APEX, 20-20 and the other Defendants is that there is a cartel among Defendants fixing au pair wages at $195.75

per week.  See Second Amended Complaint, Doc. 395, at ¶ 5.  As set forth in host family/au pair contracts produced by APEX and 20/20, the spreadsheet attached as Exhibit 1-A, and my email attached as Exhibit AA to the Motion, more than 95% of the au pairs placed by APEX and 20/20 are professional au pairs compensated at the rate of $250 or more per week and less than 5% were regular au pairs who were paid less than that amount.  Of the professional au pairs, many were paid pursuant to their host family contracts more than the $250.00 standard weekly base stipend for that classification.  Of the regular au pairs, most host family/au pair contracts provided for payment of the $195.75 minimum stipend amount set by the State Department, but others specified a $200.00 weekly stipend and one was paid $250 per week.  Therefore, as noted in my January 7, 2017 email to Plaintiffs' counsel, based on this data, APEX and 20/20 clearly are not part of a wage fixing conspiracy for au pairs to be compensated at the rate of $195.75 per week by host families.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 31, 2017.

<u>s/ Lawrence D. Stone</u><br>
Lawrence D. Stone