IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

    Plaintiffs,

    v.

INTEREXCHANGE, INC., *ET AL.*

    Defendants.

---

**PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER [D.E. 295, 452] AND FOR EXPEDITED BRIEFING AND CONSIDERATION OF THE REQUESTED RELIEF**

---

Plaintiffs move pursuant to Fed. R. Civ. P. 16(b)(4) and D.C. COLO. L CivR 7.1(a) to amend the Scheduling Order [D.E. 295], as amended by Minute Order [D.E. 452], to extend the remaining deadlines by 90 days and for expedited consideration of this motion.

### Certification of Compliance with D. Colo. L. Civ. R. 7.1(a)

From February 1 to February 3, 2017, Plaintiffs' counsel conferred with counsel for Defendant Cultural Care as a representative of all Defense counsel with respect to Plaintiffs' request to amend the Scheduling Order.  The parties were unable to reach an agreement as to the amended schedule.  With the exception of AuPairCare, all of the Defendants oppose Plaintiffs' application.  AuPairCare does not take a position on the motion due to its pending motion related to arbitration.

## **Preliminary Statement**

The current Scheduling Order is unworkable for the simple reason that Defendants have belatedly produced too many documents for Plaintiffs to review and analyze before their class certification motion is due on February 24, 2017. This is a problem of Defendants' making, and it is a problem that affects Defendants, though not as much as it impacts Plaintiffs. Perhaps as a result, Defendants have not agreed to any of Plaintiffs' proposals to fix it.

From March 2016, when Plaintiffs first served their second set of document demands on Defendants, until early December 2016, Defendants produced documents at a trickle. Finally, at the end of December 2016, they began to produce documents in earnest. But it was not until January 13, 2017 — coincidentally, the same day class certification expert reports were due — that the pace of production really picked up. Since then, in just three weeks, Defendants have made at least twenty separate productions totaling more than 86,000 pages of records.[1]

Viewed charitably, Defendants' productions were postponed by legitimate delays in the review and processing of voluminous records. Viewed otherwise, Defendants have made a strategic play to overwhelm Plaintiffs with documents on the eve of class certification so that Plaintiffs cannot make effective use of those documents in support of their motion. Either way, Plaintiffs should not pay the price for Defendants' belated productions, which continue to this day.

---

[1] Plaintiffs can only estimate the total number of productions and pages, as they have not yet had a chance to load everything onto their document management platform. Indeed, the most recent production arrived only hours before Plaintiffs filed this motion.

Moreover, even if Defendants had not rendered the schedule superfluous with their bleated document productions, Plaintiffs' pending motions for a protective order and to compel the production of host family and *au pair* contact information would likewise warrant an extension of the scheduling order. Both motions may affect the overall schedule. And both motions may affect the scope of information relevant to the class certification motion. It would be inefficient for both the Court and the parties to begin litigating class certification issues before those motions are resolved.

Accordingly, and to give Plaintiffs' the relief they need before the class certification motion is upon them, the Court should grant Plaintiffs' request for a 90-day extension on an expedited basis.

## Argument

### A.   Good Cause Exists to Amend the Scheduling Order

The Court may modify the scheduling order for good cause shown. *See* Fed. R. Civ. P. 16(b)(4). Good cause exists here to modify the scheduling order to provide sufficient time for Plaintiffs to analyze Defendants' recent and ongoing document productions and to permit time for Plaintiffs' pending motions to be resolved before Plaintiffs move for class certification.

Between January 13, 2017, the date Plaintiffs submitted their expert reports, and the date of this motion, Defendants have produced nearly 86,000 pages of new discovery. To put this in perspective, Defendants produced in three weeks more than twice the volume of records that had produced in the preceding seven months. A few of the highlights include:

3

- Go Au Pair, on its own, made six productions;
- Au Pair International, Cultural Homestay International, EurAuPair, and Expert Group International made two production each;
- Agent Au Pair, Au Pair in America, and Interexchange made one production each;
- Just in February so far, ExpertAuPair has made two productions, and US AuPair one;
- On February 2, 2017, Defendant USAu Pair made its first production of any documents in this case; and
- On the date of this motion, the same day Plaintiffs' rebuttal expert reports were due, GoAuPair produced spreadsheets identifying, among other things, the stipend amount and hours worked for what appear to be all of their au pairs going back to 2010 — that is, the very type of comprehensive wage data Defendants previously claimed not to have, leading to Plaintiffs' motion to compel the production of contact information.[2]

A complete list of Defendants' productions since December 1, 2017 is attached as Exhibit A.

Many of these documents — Plaintiffs do not know how many, as they have not yet been able to review all of the documents in detail — are relevant to class certification. For instance, Defendants have produced documents related to *au pair* compensation, such as summaries of the stipends paid to *au pairs* and the hours worked by *au pairs*, and agreements showing how much host families agreed to pay *au pairs*. There can be no real dispute that this information is relevant to whether Plaintiffs are similarly situated — that is, whether their claims are subject to generalizable proof. *See CGC Holding Co. v. Broad & Cassel*, 773 F.3d 1076, 1087 (10th Cir. 2014) ("The

---

[2] To be sure, the production of this information does not moot Plaintiffs' motion to compel. GoAuPair has previously advised that it will not stipulate that its *au pairs* were actually paid in a manner consistent with this type of summary report purporting to show how much their *au pairs* were paid. And further, the data is for only one Defendant. But this is precisely the type of comprehensive wage information Plaintiffs have always suspected Defendants possessed, and it is certainly relevant and useful to the class certification issues presented in this case. Plaintiffs do not know why it was not produced until now.

real question is whether plaintiff's have sufficiently met their burden under Rule 23(b)—specifically whether the plaintiffs can show that common questions subject to generalized, classwide proof predominate over individual questions.").

However, Plaintiffs have not had the time to fully or completely review this information to identify everything that may help them meet their burden of proof with respect to class certification.  Nor is it possible by February 24, 2017 to review and analyze Defendants' voluminous and continuing productions, follow-up with Defendants as necessary, conduct any depositions that may relate to the documents produced, and incorporate the resulting evidence into a motion for class certification.  Especially given the importance of a motion for class certification in this case, the need to analyze continuing and substantial productions of documents is good cause to amend the scheduling order.[3]

It will further advance the efficient disposition of this case if Plaintiffs' pending motions to compel and for a protective order are resolved before Plaintiffs move for class certification.  For instance, if Plaintiffs prevail on their motion to compel following argument on March 10, 2017, they may receive additional wage data relevant to class certification issues.  They will then have no choice but to move to amend or supplement their class certification motion to account for the new information (or seek reconsideration based on newly discovered evidence in the unlikely event their motion for class certification were denied).  They may also need to re-open any depositions of

---

[3]   Plaintiffs' need to review Defendants' tardy document productions likewise warrants a delay of the entire discovery schedule, not just the class certification briefing schedule.  Indeed, depositions and all other follow-on discovery, such as interrogatories and requests to admit, must be held in abeyance pending review of Defendants' documents.

5

Defendants' class certification experts that preceded the disclosure of the additional information. This would be both inefficient and unfair, given that the information is plainly relevant and Defendants have nevertheless simply refused to produce it. Alternatively, if Plaintiffs' motion for a protective order is granted, there may be no need to analyze additional wage data from sponsors or *au pairs*, as defendants will be precluded from attacking the scope of the wage data Plaintiffs rely upon in support of class certification. And if both of Plaintiffs' pending motions are denied, the parties will have certainty as to the scope of information relevant to class certification at the time they move rather than having to account for potential shifts after the motions are resolved. In short, it will be substantially more efficient to resolve Plaintiffs' pending motions before Plaintiffs' move for class certification.

Likewise, an amendment of the scheduling order writ large is warranted to permit resolution of the pending motion to compel the production of contact information. For instance, if Plaintiffs prevail on their motion to compel contact information, which is not even scheduled to be argued until March 10, 2017, the relevant information will then need to be produced, and a survey will need to be conducted and results of that survey analyzed — a process that will take weeks and will certainly extend beyond the current fact discovery cutoff date of April 17, 2017. Nor can the parties simply wait to see how the motion is resolved and then seek more time if needed. Indeed, the Scheduling Order puts limits on the number of depositions and interrogatories permitted in this case, and the parties must make strategic choices now about how to best use the limited discovery they are permitted. It is impossible for Plaintiffs and Defendants alike to appropriately plan discovery if they do not know whether or when Defendants will be

compelled to identify *au pairs* and host families.  An extension of the discovery schedule is thus warranted simply to allow time for the motion to compel to be resolved.[4]

The Court appeared to recognize as much, as the January 24, 2017, Courtroom Minutes [D.E. 462] following the informal discovery conference on Plaintiffs' motion to compel state:  "If the parties feel the discovery schedule will be affected [by Plaintiffs' motion to compel production of *au pair* and host family contact information], they shall file a motion and address the issue jointly."  Plaintiffs have tried, unsuccessfully, to address the issue jointly with Defendants, and now must seek the Court's intervention to forge a solution to what has become an unworkable discovery schedule.

Accordingly, Plaintiffs seek the following changes to the existing scheduling order[5]:

| **Existing Dates in Scheduling Order** | **Proposed Amended Schedule** |
|---|---|
| **Rule 23 Briefing Schedule** | **Rule 23 Briefing Schedule** |
| Plaintiffs' Move: February 24, 2017 | Plaintiffs Move:  The later of May 24, 2017, or eight weeks after a decision on D.E. 465 is issued |
| Defendant's Opposition: March 24, 2017 | Defendant's Opposition: 28 days after Plaintiffs move |
| Plaintiffs' Reply: April 14, 2017 | Plaintiffs' Reply:  21 days after Defendants file their opposition |
| Fact Discovery Cut-off: April 17, 2017 | Fact Discovery Cut-off:  July 17, 2017 |
| Expert Discovery Cut-off: July 17, 2017 | Expert Discovery Cut-off: October 16, 2017 |

---

[4] Plaintiffs made every effort to expedite resolution of their motion to compel to limit the impact on the discovery schedule, but Defendants' scheduling demands, both with respect to briefing as well as their limited availability to argue the motion, led to a more relaxed motion schedule.

[5] A proposed order is attached at Exhibit B.

**B.**     <u>**Plaintiffs' Motion Should Be Considered on an Expedited Basis**</u>

Plaintiffs' motion to amend the Scheduling Order should be resolved as quickly as possible so that the parties have certainty as to the date for Plaintiffs' motion for class certification, which is presently scheduled for February 24, 2017.  Given that date, Plaintiffs are now preparing their motion for class certification — work that may prove premature depending upon the results of Plaintiffs' document review.  Plaintiffs are also noticing depositions relevant to class certification for the next two weeks, including depositions of Defendants' experts and depositions of multiple corporate representatives pursuant to Rule 30(b)(6).  Unless and until the schedule is amended, Plaintiffs will need to prepare for and take those depositions — depositions that may ultimately need to be re-opened depending upon Plaintiffs' review and analysis of Defendants' ongoing document productions.  Defendants likewise will need to prepare their witnesses and defend those depositions.  In short, Plaintiffs and Defendants will both benefit from certainty as to the class certification motion date so that they can properly plan for the next three weeks.  Plaintiffs therefore respectfully request expedited briefing and resolution of their motion to amend the scheduling order.

## **Conclusion**

WHEREFORE, Plaintiffs move to amend the Scheduling Order [D.E. 295, 452] as specified above, and for expedited consideration of their motion.

Dated: New York, New York
February 3, 2017

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

/s/ Peter M. Skinner
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
575 Lexington Avenue
New York, New York  10022
Tel:  (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
Sabria McElroy
401 East Las Olas Blvd., Suite 1200 Fort Lauderdale, Florida 33301 Tel.: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com
smcelroy@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 3, 2017, I electronically served the foregoing motion to amend the scheduling order on all counsel of record.

      /s/ Peter Skinner
      Peter Skinner, Esq.