IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

_____

**CERTAIN DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER AND FOR EXPEDITED BRIEFING AND CONSIDERATION**

    Defendants Cultural Care, Inc. (d/b/a Cultural Care Au Pair), InterExchange, Inc., USAuPair, Inc., GreatAuPair, LLC, Expert Group International, Inc., EurAupair InterCultural Child Care Programs, Cultural Homestay International, Au Pair International, Inc., American Cultural Exchange, LLC (d/b/a/ GoAuPair), Agent Au Pair, APF Global Exchange, NFP (d/b/a/ Aupair Foundation) and American Institute for Foreign Study (d/b/a Au Pair in America) (collectively the "Responding Defendants") respond as follows to Plaintiffs' Motion to Amend the Scheduling Order and for Expedited Briefing and Consideration ("Motion to Amend").

## Response to Plaintiffs' Request to Amend the Scheduling Order

As the Responding Defendants have made clear to Plaintiffs since this issue arose, they do not oppose – and, subject to the two considerations referenced below, have not opposed – an extension enlarging the existing deadlines by sixty (60) days. The discovery deadline is currently April 17, 2017, and an extension of sixty days would change that deadline to June 16, 2017. This new date, which is more than four months

7969589v1

out, would allow more than enough time for Plaintiffs to complete discovery. The extension would also push the deadline to move for class certification from February 24, 2017 to April 25, 2017, allowing more than enough time for Plaintiffs to review documents that Defendants have produced in time to file their motion.[1] The ninety (90) day extension requested by Plaintiffs is, however, excessive, at least under the current and reasonably foreseeable circumstances.

*Any Amendment Should Address Opt-In Discovery*

Any amendment to the schedule, however, should address two further matters, as proposed by Defendants to Plaintiffs in the conferral regarding this motion. First, the amendment should make clear that, if a Fair Labor Standards Act class is conditionally certified, Defendants will be entitled to conduct discovery of opt-in plaintiffs in the sixty days following the conclusion of the opt-in period. Defendants are entitled to discovery of opt-in plaintiffs between the end of the opt-in period and Defendants' motion to decertify the class. *See, e.g., In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 638 F. Supp. 2d 1290, 1298 (D. Colo. 2009) ("Unlike a Rule 23 class action, once a FLSA collective action is initially certified upon a determination that a group of employees are 'similarly situated,' the opt-in plaintiffs may be subject to some individualized discovery, following which they will be required to demonstrate that they are 'similarly situated' under a stricter standard.") (*citing Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1102-03 (10th Cir. 2001)). Indeed, several courts have held that defendants in FLSA

---

[1] Plaintiffs cannot point to their own Motion for Protective Order (ECF No. 454) or Motion to Compel (ECF No. 465) as a reason for more time. Motion to Amend at 5-6. Plaintiffs alone chose to wait until recently to file those motions.

collective actions are entitled to conduct written interrogatories and depositions of all opt-in class members.  *See, e.g.*, *Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446, 449-50 (S.D.N.Y. 1995); *Ingersoll v. Royal & Sunalliance USA, Inc.*, No. C05-1774-MAT, 2006 WL 2091097, at *2-3 (W.D. Wash. July 25, 2006).  Because opt-in plaintiffs are *parties*, the number of interrogatories and depositions allowed is typically determined by the court outside of the limits on non-party depositions and discovery.  *Smith v. Lowe's Home Centers*, 236 F.R.D. 354, 356-58 (S.D. Ohio 2006); *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:08-CV-00722, 2010 WL 2872406, at *3-5 (D. Nev. July 19, 2010).  Defendants respectfully request that any revised schedule accommodate this opt-in discovery or, at a minimum, provide that the parties will address opt-in discovery once any opt-in period has concluded.[2]

<u>*Any Amendment Should Also Address Trial Depositions*</u>

Second, Defendants request that the Court order that if and when a trial date is set, if any party determines that a disclosed fact witness is unavailable to appear at trial, videotaped depositions may be taken to preserve the witness' testimony for trial, even if no deposition was taken during the discovery period.  Responding Defendants are in the process of identifying additional trial witnesses, including au pair, host family and local child care consultants or coordinators.  Some of these individuals will be outside the Court's jurisdiction, and it is unlikely that they will be able to make a final decision

---

[2] During the scheduling conference on April 25, 2016, the Court deferred the question of opt-in discovery unless and until a class is conditionally certified.  4/25/16 Sched. Conf. Tr. at 89:8-17, ECF No. 307.  Responding Defendants agree that the precise details of what discovery should be permitted can wait until any opt-in period has concluded.

- 3 -

before the discovery period concludes about whether they will be able to attend the trial. In addition, the current scheduling order does not accommodate these depositions because there is a limit of twenty-five non-party depositions total – far too few to cover trial witnesses given the number of defendants in the case and the separate classes and claims that are alleged against them.  Allowing trial depositions to proceed in this fashion, outside the normal limits of discovery, is accepted practice.  *See, e.g., Mathews v. Denver Newspaper Agency LLP*, No. 07-cv-02097-WDM-KLM, 2009 WL 112819, at *2 (D. Colo. Jan. 15, 2009) (allowing deposition after discovery period concluded, noting that "there is a practical distinction between a trial deposition and a discovery deposition . . . the Court holds that this is a trial deposition and not for the primary purpose of discovery"); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 355 (D. Colo. 2001) ("[C]ourts cannot ignore a party's need to *preserve* testimony for trial, as opposed to the need to *discover* evidence, simply because the period for discovery has expired.  As the [Fifth Circuit noted], in a trial deposition, the parties are simply 'seeking a means for introducing [the deponent's] testimony at trial,' and discovery is a matter of secondary concern, or not a concern at all." (emphasis and third alteration in original) (quoting *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982)).

### Response to Plaintiffs' Representations Regarding Defendants

Although Responding Defendants do not object to a sixty (60) day extension (subject to the terms set forth herein), Responding Defendants dispute Plaintiffs' claim that an extension is necessary because Defendants have been slow to produce documents.  *E.g.,* Motion to Amend at 2-3.  Plaintiffs share responsibility for the timing

of document productions in this case. Indeed, there have been numerous instances throughout the discovery meet and confer process when Plaintiffs have engaged in inexplicable and unnecessary delay.[3] Responding Defendants will refrain from providing voluminous submissions that describe each Defendant's correspondence with Plaintiffs to catalog these instances, because such an exercise does not seem necessary or helpful for the Court in resolving this motion. By choosing not to provide a point-by-point response, however, Responding Defendants in no way concede that Plaintiffs' recitation and attempt to place blame on Defendants for their timing issues are accurate.

Finally, Responding Defendants are compelled to make one further observation. In the Motion to Amend, Plaintiffs make the serious allegation that Defendants may have acted with an improper, bad-faith motive in connection with discovery and this motion. Plaintiffs claim that Defendants created the time crunch, and now may have strategically "not agreed to any of Plaintiffs' proposals" seeking to amend the schedule because timing issues impact Plaintiffs more than Defendants. Motion to Amend at 2.

---

[3] By way of example only, after Cultural Care spent significant time revising its search term list to address comments from Plaintiffs, Plaintiffs failed to respond and agree or disagree with the proposed list. *See* October 24, 2016 Letter from J. Wolosz to L. Louis, attached to Declaration of Dawn Smalls (ECF No. 467) at Exhibit N, p. 2 (ECF No. 467-14). Cultural Care urged Plaintiffs to respond, noting that Cultural Care is "anxious" to move forward with the substantial review "without delay." Id. Yet Plaintiffs did not contact Cultural Care again regarding discovery until December 16, 2016 – almost two months later. Declaration of Justin Wolosz (ECF No. 476-13) at ¶¶ 8-9. Similarly, after negotiating with plaintiffs for several weeks, defendant Cultural Homestay International proposed a final list of search terms on September 26, 2016. Plaintiffs did not respond until December 6, over two months later. *See also* Certain Defs. Jt. Response to Mot. for Protective Order at 1-2, 6-8 & n.1, ECF No. 476 (describing further delay by Plaintiffs).

They also suggest that Defendants may have delayed their document productions as part of "a strategic play to overwhelm Plaintiffs with documents on the eve of class certification so that Plaintiffs cannot make effective use of those documents in support of their motion." *Id.* Such allegations are not only inappropriate, they are flatly contradicted by the record. As explained above, Plaintiffs bear significant responsibility for the timing of Defendants' productions. With respect to the dates, Plaintiffs even fail to disclose to the Court that the Responding Defendants were willing to agree to a significant extension that would have alleviated any impact to the Plaintiffs from that timing. *See* Email from J. Lukey to P. Skinner, attached as Exhibit A.

## CONCLUSION

For all of the foregoing reasons, the Court should amend the Scheduling Order to allow an additional sixty days for remaining deadlines consistent with the terms set forth herein; provide that Defendants will be permitted to conduct opt-in discovery if a class is conditionally certified; and provide that the parties may conduct trial depositions outside of the discovery period that are not included within the current per-side limit of discovery depositions. A proposed order is attached hereto as Exhibit B.

Date:  February 9, 2017                    Respectfully submitted,

*s/ Jessica Fuller*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place

Boston, Massachusetts  02110
Telephone:  (617) 248-5000

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

*Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair*

*s/ Kathryn A. Reilly*
Kathryn A. Reilly (reilly@wtotrial.com)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

*Attorneys for Defendants Agent Au Pair and American Cultural Exchange, LLC d/b/a Go Aupair*

*s/ James E. Hartley*
James E. Hartley (jhartley@hollandhart.com)
Jonathan S. Bender (jsbender@hollandhart.com)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202

Adam A. Hubbard (aahubbard@hollandhart.com)
Holland & Hart LLP
1800 Broadway Suite 300
Boulder, CO 80302

*Attorneys for Defendant Cultural Homestay International*

- 7 -

*s/ Susan M. Schaecher*
Lawrence L. Lee, Esq.
(llee@laborlawyers.com)
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

**Attorneys for Defendants APF Global Exchange, NFP**

*s/ Stephen J. Macri*
Stephen J. Macri
(smacri@putneylaw.com)
Joseph B. Cartafalsa
(jcartafalsa@putneylaw.com)
Robert M. Tucker (rtucker@putneylaw.com)
John B. Fulfree
(jfulfree@putneylaw.com)
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue
New York, NY 10175
(212) 682-0020 ext. 221

**Attorneys for American Institute for Foreign Study d/b/a Au Pair in America**

*s/ Bogdan Enica*
Bogdan Enica (Bogdan@expertaupair.com)
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701

**Attorney for Defendant Expert Group International, Inc. d/b/a Expert Au Pair**

*s/ Martha L. Fitzgerald*
Martha L. Fitzgerald (mfitzgerald@bhfs.com)
David B. Meschke (dmeschke@bhfs.com)
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200

Denver, CO 80202-4432

***Attorneys for Defendant EurAuPair Intercultural Child Care Programs***

*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
(bcolaizzi@shermanhoward.com)
Heather F. Vickles
(hvickles@shermanhoward.com)
Raymond M. Deeny
(rdeeny@shermanhoward.com)
Joseph Hunt  (jhunt@shermanhoward.com)
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

***Attorneys for Defendant InterExchange, Inc.***

*s/ William J. Kelly III*
William J. Kelly III
(wkelly@kellywalkerlaw.com)
Chandra Marie Feldkamp
(cfeldkamp@kellywalkerlaw.com)
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202

***Attorneys for Defendant USAuPair, Inc.***

*s/ Meshach Y. Rhoades*
Meshach Y. Rhoades
Martin J. Estevao
4643 S. Ulster Street, Suite 800
Denver, CO 80237
(720) 722-7195
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com

***Attorneys for Defendant GreatAuPair, LLC***

- 9 -

**CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on February 9, 2017, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of records, including:

Randall W. Jackson (rjackson@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Boies Schiller & Flexner, LLP
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL 33301

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver
1535 High Street, Suite 300
Denver, CO 80218

                                                  s/ Jessica L. Fuller