# EXHIBIT E TO

# DEFENDANTS' OPPOSITION TO MOTION TO COMPEL ANSWER TO PLAINTIFFS' INTER. NO. 1 AND RFP NO. 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

---

JOHANA PAOLA BELTRAN; et al.

      Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

      Defendants.

Civil Action No. 1:14-cv-03074-CMA-KMT

---

**PLAINTIFF SARAH CAROLINA AZUELA RASCON'S RESPONSE TO**
**DEFENDANT CULTURAL CARE, INC.'S FIRST SET OF DISCOVERY REQUESTS**

Plaintiff Sarah Carolina Azuela Rascon ("Ms. Azuela") responds and objects, pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the District of Colorado ("Local Rules"), to the Defendant Cultural Care, Inc.'s First Set of Discovery Requests (the "Requests").

**GENERAL OBJECTIONS**

Ms. Azuela asserts the following general objections and limitations, including those related to the Definitions and Instructions, (collectively, the "General Objections") to the Requests, each of which is incorporated into the specific responses by Ms. Azuela to the Requests. Each response is made without waiving the General Objections. Each general objection and limitation is set forth below:

1. Ms. Azuela's responses are made without waiving any objection to evidence described or suggested herein on the grounds of authenticity, relevance, competency, privilege, work product, hearsay, or any other proper ground. Nothing in these responses is

intended to, or does, waive any valid privilege, work product protection, or other protection against disclosure, and any inadvertent disclosure or production shall not be deemed a waiver of any privilege, immunity, or other protection.  Furthermore, these responses are not an admission by Ms. Azuela regarding any matter.

2.     Ms. Azuela's objections and responses to the Requests are made without waiving Ms. Azuela's right to object on any ground at any time to other discovery requests or other discovery procedures involving or relating to the subject matter of the Requests or these responses.

3.     Ms. Azuela objects to the Requests, including the Definitions and Instructions, to the extent that they purport to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules.

4.     Ms. Azuela objects to the Requests, and to each Definition, Instruction or specific Request therein, insofar as they seek information or documents that are not relevant to specific claims or defenses in this litigation and are not likely to lead to the discovery of admissible evidence, or which exceed the scope of discovery permitted by Federal Rules of Civil Procedure 26 and 34.  Ms. Azuela also objects to the Requests insofar as the burden of identifying or producing responsive documents outweighs any relevance the documents might have.

5.     Ms. Azuela objects to the Requests and to each Definition, Instruction, and specific Request contained therein, insofar as it seeks information or documents not in Ms. Azuela's possession, custody or control.  Ms. Azuela further objects to the Requests to the extent they seek information or documents that Ms. Azuela does not have the practical ability

to identify, obtain or retrieve or which would be unreasonably burdensome to identify, obtain or retrieve.

6.     When a response indicates that Ms. Azuela will produce documents, Ms. Azuela does not represent that any responsive documents are in her possession, custody, or control, but rather production will be made if any such documents are located after a reasonable search.

7.     Ms. Azuela objects to the Requests, including the Definitions and Instructions, to the extent they seek information or documents unreasonably cumulative or duplicative, not relevant to the subject matter of this action, or not proportional to the needs of this case.

8.     Ms. Azuela objects to the Requests to the extent they seek information relating to confidential or financial information, the disclosure of which might violate the confidentiality and privacy rights of third parties under Colorado, or federal law, or any jurisdiction in which any third party may lay claim.  Ms. Azuela will not disclose such information or produce such documents, and any inadvertent disclosure or production shall not be deemed a waiver of any privilege, immunity, or other protection.

9.     Ms. Azuela objects to the Requests, including the Definitions and Instructions, to the extent they are vague, ambiguous, irrelevant, overly broad, and/or unduly burdensome, including to the extent they seek "all" documents concerning the subject matter referenced therein.

10.   Ms. Azuela objects to the Requests, including the Definitions and Instructions, to the extent they contain unwarranted factual or legal conclusions, allegations, or claims.  A response by Ms. Azuela that she will produce documents in response to any Request is not an admission or representation by Ms. Azuela that any factual or legal conclusion, allegation, or

claim in any such Request or in the Definitions or Instructions are warranted, true or accurate. In responding to the Requests, Ms. Azuela does not waive or intend to waive, but rather reserves, the right to object on all appropriate grounds to the introduction of any evidence covered or referred to in these Requests.

11.   Ms. Azuela's responses are only based on facts reasonably known to Ms. Azuela at the time of responding to these Requests.   Ms. Azuela reserves the right to alter, supplement, amend or otherwise modify these responses.

12.   Ms. Azuela objects to the Requests to the extent they seek information already available to or obtained by Defendant, that is publically available, or that it can obtain from sources that are more convenient, less burdensome, or less expensive.

13.   Ms. Azuela objects to the Requests, including the Definitions and Instructions, to the extent they call for the disclosure or production of information or documents that were prepared for, or in anticipation of, litigation, constitute work product, contain or reflect attorney-client communications or are otherwise privileged or protected from disclosure.  To the extent that any Request may be construed as calling for information or documents that are subject to any such claim or privilege, Ms. Azuela hereby asserts that doctrine or privilege and objects on that basis. Any inadvertent disclosure of information that is properly the subject of a privilege or protection shall not be deemed a waiver, in whole or in part, of any such privilege or protection. Any information derived from inadvertently disclosed information or produced document subject to a proper claim of privilege or other protection shall not be used by Defendants in any manner.

## INTERROGATORIES

### INTERROGATORY NO. 1

1.      Separately identify each and every representation made to you by, or communications that you had with, (a) Cultural Care, Inc., a Massachusetts company, and (b) International Care, Ltd., a Swiss company operating under the registered business name Cultural Care Au Pair, in both instances regarding your participation in the Au Pair Program, including but not limited to communications regarding any payments you could or would receive as an au pair and any other benefit, tangible or intangible, you expected to receive.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and vague with respect to the phrase: "each and every representation made to you by, or communications that you had with, (a) Cultural Care, Inc., a Massachusetts company, and (b) International Care, Ltd., a Swiss company operating under the registered business name Cultural Care Au Pair, in both instances regarding your participation in the Au Pair Program." As phrased, this interrogatory requires Azuela to recall each and every communication with Cultural Care and in addition calls for Azuela to speculate about the corporate organization and structure of Cultural Care and the specific legal entities that employed Cultural Care's representatives. Ms. Azuela also objects to this interrogatory to the extent it is duplicative of other requests. Finally, the information requested is in Defendant's possession. Subject to and notwithstanding these objections, Ms. Azuela states that:

- In late 2013, she decided to apply to Cultural Care. She selected Cultural Care because of how much advertising I saw from Cultural Care in my country, Mexico. The advertisement promised the "best year" of her life.

- She called for more information and was prompted to make an appointment with a representative in Hermosillo, her home town. She made an appointment with the Cultural Care representative, Sandra Santos.

- Ms. Santos told her she would be expected to work 40 hours per work, no more, and that she would be paid $195.75 per week. She said Azuela would be paid this amount, no matter which family she paired with, or how many hours she worked in a week.

- Ms. Santos gave me a handbook that informed her that she would be expected to work up to 45 hours, not 40 as Ms. Santos told her.

Ms. Azuela also states that the following documents contain communications responsive to this request: Sazuela00006; Sazuela00007; Sazuela00028; Sazuela00029; Sazuela00030; Sazuela00031; Sazuela00032; Sazuela00033; Sazuela00034; Sazuela00035; Sazuela00038; Sazuela00053.


**INTERROGATORY NO. 2**

2.  Describe each payment made to you, or amounts of money you received during or as a result of your participation in the Au Pair Program, including: (a) the date(s) on which you were paid; (b) the amount of compensation you received with each payment; (c) the method of payment; (d) the person or entity from whom you received each payment; and (e) the purpose of the payment (e.g., reimbursement for expenses, monetary gifts, bonuses, etc.).

**RESPONSE:** Subject to and not withstanding these General Objections, Ms. Azuela states that she was paid:

- $196.00 a week by check from 1/14/14 until 5/23/14 when she was employed by Donna Griffiths and James Budreau, with the exception of the week of 2/21/2014 in which she was paid $196.00 a week by check, plus an additional $20 in cash.

- $195.75 a week by check from 7/11/2014 to 8/8/2014 when she was employed by Torri Turner and Philip Doyle.

- $200 a week from 8/22/14 to 3/6/15 when she was employed by Lisa Greeves. From 3/13/15 to 12/11/15, Ms. Azuela was paid additional monies that were on average $25 per week but on occasion equaled up to an additional $250 a week for duties unrelated

to her responsibilities as an au pair that included making more than 50 boxes, packing boxes prior to a move, moving boxes, and a deep clean of the house, including bathrooms, prior to its sale. Weekly duties unrelated to her responsibilities as an au pair included laundry for the host mother which she left in Ms. Azuela's room for her to wash, preparation of meals for the whole family, and gardening in anticipation of the sale of the home.

Additional detail about the payments received by Ms. Azuela as a result of the au pair program can be found in the following documents: Sazuela00021; Sazuela00022; Sazuela00023; Sazuela00024; Sazuela00025; Sazuela00026; Sazuela00044; Sazuela00052.

**INTERROGATORY NO. 3**

3.      Describe all other benefits you derived from your au pair experience and/or benefits you received from your Host Family (e.g., personal use of their vehicle, vacations, dinners at restaurants, use of a cell phone, payments of bills or debts made on your behalf, and/or non-monetary gifts), including (a) the nature of the benefit; (b) the date(s) on which you received or had use of the benefit; and (c) the approximate monetary value of the benefit.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. The Request is also vague as to the meaning of "benefits." Subject to and notwithstanding these objections, Ms. Azuela states that she received the use of a car and a cell phone during her time as an au pair. Ms. Azuela further states that detailed information regarding the "benefits" she received during her time as an au pair, including the nature of the benefit, the date on which she received or had use of the benefit and the approximate monetary value of the benefit can be found at Sazuela00052.

7

## INTERROGATORY NO. 4

4.      Identify any communication you have had with any person, other than your

counsel, regarding this lawsuit and/or the allegations in the Complaint.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request

as overbroad and unduly burdensome and vague with respect to the phrase "any communication

you have had with any person, other than your counsel, regarding this lawsuit and/or the

allegations in the Complaint." Additionally, Ms. Azuela objects to the extent this Request is

cumulative and duplicative of other Requests. Subject to and notwithstanding these objections,

Ms. Azuela states that she communicated with the following former au pairs regarding this

lawsuit: Nelly Paulina, Caro Montano, Izai Andrade, Francia Betanzos , Karen Lryorr Elizondo,

Aline Cruz, Maria Fernanda de la Rosa. Finally, Ms. Azuela has discussed the lawsuit with her

mother Olivia Rascon, sister Olivia Azuela, and her husband Steven John Penegor.

## INTERROGATORY NO. 5

5.      Describe (a) any complaints that you had but did not tell anyone with regard to
your time as an au pair, and (b) any complaints that you made to any other
person or entity, including but not limited to Cultural Care, a Local Childcare
Consultant ("LCC"), and/or the United States Department of State, related to
any aspect of your participation in the Au Pair Program (e.g., conditions, rules,
hours, vacation, education, the relationship with your host family, etc.). With
regard to (b), your response should include: (i) the date of the complaint; (ii)
the method of communication of the complaint; (iii) the person or persons to
whom you directed the complaint; (iv) the details of the complaint; (v) a
description of what happened with the complaint after you made it (e.g.,
additional communications, resolution, etc.); and (vi) how the complaint was
resolved.

**RESPONSE**: In addition to the General Objections, Ms. Azuela objects to this Request

as overbroad and unduly burdensome. As phrased, this interrogatory requires Azuela to recall

each and every communication with every individual during an undefined period of time. In addition, Azuela objects to this Interrogatory on the grounds that it calls for information pertaining to individuals not a party to this action, and potentially encompasses communications not relevant to the facts at issue in this action. Ms. Azuela objects to subpart (a) of this interrogatory on the grounds that the term "complaints" as used in this context is vague, unduly burdensome, ambiguous, and overbroad. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela states that:

In February 2014, she complained to host mother Donna Griffith that she was only allowed to use the car to go to the gym and for work. She asked whether she could use it to go to school and was told that it was not allowed. The complaint was not resolved and when she needed to use the car for work or to go to the gym, she had to ask for it daily.

In May 2014, she complained to her LCC that the host family restricted what she was able to eat, including eggs, which they said were expensive. After making the complaint, they brought her a bag of apples and some tuna. The complaint was not resolved as she was still not allowed to eat much of the food kept in the kitchen. The host family, for the most part, stopped speaking to her after she made the complaint.

Upon rematch with Tori Turner, Ms. Azuela complained immediately to her LLC that (1) her host mom regularly threw things on the ground and told her to pick it up; (2) her host mom told her "white bitches" didn't know how to make her girls' hair; (3) her host mom made constant references to beans and tortillas in a reference to Ms. Azuela's purported diet; and (4) she was required to perform additional duties beyond that required of an au pair, including returning a rented car at 11 p.m. Ms. Azuela discussed these complaints with Turner, and Turner became aggressive toward her. Ms. Azuela tried to raise her concerns with the LCC but was told that she should talk through the problems with the host family.

In June 2014, while employed by Turner, Ms. Azuela complained that she felt unsafe as on one occasion she knocked on the door of the bathroom while the host child was in there to make sure she was OK and left after she received no response. When the host child finished in the bathroom, she said to Ms. Azuela: "why are you knocking; do you want to see me naked? You are a pervert." The host father was there during this incident and laughed at her remarks. During the same period, Ms. Azuela's host mom accused her of bringing someone to the house to urinate in the bathroom and have sex on her couch. Ms. Azuela was particularly offended by these accusations given the fact that she had been in Starbucks all day.

Ms. Azuela also made a complaint to Dessire Tomlinson, her LCC at the time, that the host child was being permitted to watch videos and play videogames that Azuela viewed as violent and improper. During her time with the Turner family, she also reached out to Marta Pena, the LCC she had been assigned to when employed by her first host family, to express concerns regarding potential sexual abuse by the host father at the Turner home. She was told by Ms. Pena that she was just an au pair and because she was an au pair no one was likely to believe her. Her concerns were resolved by Ms. Azuela leaving that family.   She left feeling that she had received no support from the LCCs in dealing with her complaints.

In June 2015, when employed by Lisa Greeves, Ms. Azuela complained about added responsibilities involved with a move to a new house. These responsibilities included making more than 50 boxes, packing boxes prior to the move, moving boxes, and a deep clean of the house, including bathrooms, prior to its sale. Additional responsibilities included laundry for the host mother which she left in Ms. Azuela's room for her to wash, preparation of meals for the whole family, and gardening in anticipation of the sale of the home. After Ms. Azuela communicated her concerns to Diana Taylor, her LCC at the time, Taylor informed her that while technically she was required to report her complaints, she wouldn't do it because she didn't think Ms. Azuela would find another family to match with. Taylor told Azuela that she hoped Ms. Azuela's situation improved and if it didn't, she would help her exit.

Finally, Ms. Azuela states that the following documents contain communications that involve a complaint regarding Ms. Azuela's time as an au pair: Sazuela00001; Sazuela00002; Sazuela00004; Sazuela00008; Sazuela00010; Sazuela00011; Sazuela00012; and Sazuela00014.

## INTERROGATORY NO. 6

6.      Did you apply to any education, job, or employment for the year or years in which you ultimately decided to be an au pair? If so, state (a) the name and address of the entity to which you applied; (b) the position for which you applied; (c) the advertised compensation, if any, for that position; (d) whether you received an offer for that position; and (e) the reasons for not accepting if received an offer.

**RESPONSE**: In addition to the General Objections, Ms. Azuela objects to this Request as overbroad, unduly burdensome, and neither relevant nor calculated to lead to admissible evidence.   Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests.  Subject to and notwithstanding these objections,

Ms. Azuela states that she was offered a position as a Business Administration Manager for the Partido Accion Nacional (PAN) .Bulevard Paseo Rio Sonora 83270 Hermosillo, Sonora, Mexico. Ms. Azuela was offered the position by Andres Ramirez Nenniger and Vladimir Ore Colio for pay of $600 per month. She did not accept the offer because she wanted to travel to and experience life in the United States.

Ms. Azuela further states that she was offered a scholarship to attend Nison Universidad De Sonora for a masters in Regional Development. She did not accept the scholarship because she wanted to travel and practice her English. Finally, Ms. Azuela states that additional details about these offers can be found at Sazuela00003.


**INTERROGATORY NO. 7**

7.      Did you participate in cultural or other activities outside of the home of the host family during your years as an au pair? If so, identify (a) each such activity; (b) the persons involved; and (c) the date(s) in which you participated.

**RESPONSE**: In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome.  The Request is also vague in its use of "cultural or other activities," which could cover every time Ms. Azuela went for a walk, or spent any time outside the host families' home whatsoever.  The interrogatory is also vague in that it does not distinguish between activities taken as part of the au pair's duties and those taken voluntarily. Because this Request appears to call for every action taken by Ms. Azuela outside of the host families' home, it is impossible to answer.  Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela states that information concerning cultural activities engaged in during Ms. Azuela's time as an au pair, including the activity, the persons involved and the date in

which she participated, can be found in Sazuela00003.

## INTERROGATORY NO. 8

8.      Did your Host Family provide you with a communications journal or other form of log or journal? If so, what did you use it for and how often did you or the Host Family contribute to it, and where is it now?

**RESPONSE**: Subject to and notwithstanding the General Objections, Ms. Azuela states

that no communications journal or other form of log or journal was provided to Ms. Azuela by

any of her host families during her time as an au pair.

## INTERROGATORY NO. 9

9.      Describe your employment history for the last seven years, including: (a) dates and location of employment; (b) the resume(s) you submitted to obtain employment (c) identity of your employer(s); (d) the position(s) you held; (e) your responsibilities and duties for each position; (f) the hours you worked per week and (g) the amount of compensation you earned in each position.

**RESPONSE**: In addition to the General Objections, Ms. Azuela objects to this Request

as overbroad, unduly burdensome, and neither relevant nor calculated to lead to the discovery of

admissible evidence. Additionally, Ms. Azuela objects to the extent this Request is cumulative

and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela

states that she has been employed in the positions described below over the last seven years:

- **Connecting Cultures**
  October 2017
  Medical interpreter - Green Bay, Wisconsin.
  Facilitate communication between Connecting Culture's customers and their limited English proficient clients while adhering to healthcare Interpreter code of ethics and the company standards of practice and service. Build a positive team environment and professional relationships with all internal and external customers. Use effective problem solving and critical thinking skills to adapt to challenge inherent to meeting the demands of connecting cultures and its customers.
  Hours: 8hrs or more per day.
  Compensation: 14dls per hour

- **Childcare provider**
  January 2014 to December 2015
- **Cultural care au pair –** Herndon Virginia (Exchange Program)
  Promoted good behaviors by using the positive reinforcement method. Established a safe play environment for the children. Supervised children on field trips to local parks, fire stations and zoos. Encouraged children to be understanding of others. Made healthy, well-balanced breakfasts and lunches for the children. Maintained a child-friendly environment with access to outdoor activities. Observed children for signs of illness, injury, emotional disturbance, learning disorders and speech problems. Plan, organize, facilitate and modify ideas and activities to ensure quality, inclusiveness and developmentally appropriate. Knowledge of behavior management strategies.
  Hours:40 hours or more.
  Compensation:195 per week.

- **Technical Analyst**
  2013

- **Fiscal agency of the state government** −Hermosillo, Mexico
  Performed the task of planning, conducting, and supervising information systems assignments. Monitored the functionality of the information systems for minor and major projects. Completed the projects in agreement with the prescribed technical specifications. Provided computer help desk support and training to end users. Performed hardware installation and maintenance for desktops, laptops, printers, and peripherals. Responsible for issuing certificate of no criminal record. Responsible for issuing driver's licenses. Analysis of official documentation.
  Hours: 8 hours daily
  Compensation: 10,200 MXN pesos. per month.

- **Director's Assistant and Finances**
  2012

- **SERCOPA**−Hermosillo, Mexico
  Effective analysis of problems and anticipating the needs of customers. Customers on credit counseling suited to meet their needs. Analyze, evaluate, process loan requests while working with Credit and Collection Units. Interview prospective loan applicants to determine up front eligibility and screen for approval.
  Hours: 8 hour daily
  Compensation: 6,000 MXN pesos per month.

- **Director's Assistant**
  2011

- **PSICASE**−Hermosillo, México.
  Analysis and organization of office procedures such as administration, accounting, assistance in all aspects of office organization, public relations, management agenda, corporate planning

activities. Monthly promotional writing articles on different projects of the company, sent mail, telephone calls, receiving visitors, assisting clients in their offices, responsible for the management of petty cash.
Hours:8 hour daily
Compensation: 5,000 MXN pesos per month

## INTERROGATORY NO. 10

10.     State the nature and amount of damages you are claiming and the calculation(s) made for such claimed damages.

RESPONSE: Ms. Azuela objects to this Request because it is duplicative of Plaintiffs' Rule 26 disclosures.

## DOCUMENTS TO BE PRODUCED

## REQUEST FOR PRODUCTION NO. 1

1.      All documents or communications identified in answer to, or relied upon in answering, any interrogatory served by any Defendant.

RESPONSE:  In addition to the General Objections, Ms. Azuela incorporates her responses to each of the interrogatories.  Subject to and notwithstanding these objections, Ms. Azuela will produce non-privileged documents in answer to, or relied upon in answering, the interrogatories answered above.

## REQUEST FOR PRODUCTION NO. 2

2.      All communications with, or documents given to you by, Cultural Care, Inc. or International Care, Ltd., including without limitation agreements, completed application package forms, notes, marketing information, or other documents related to the Au Pair Program.

RESPONSE: In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Finally, the information requested is in Defendant's possession.  Subject to and notwithstanding these objections, Ms. Azuela will produce non-privileged

documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 3

3.      All documents reflecting, referring, or relating to communications with your Host Family, or any potential host family, related to your participation in the Au Pair Program or your performance, duties, or compensation as an au pair.

**RESPONSE**: In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. As an initial matter, the lack of a date range or specific subject matter renders the request inherently overbroad, unduly burdensome, and not proportional to the needs of this case. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 4

4.      All documents reflecting, referring, or relating to communications between you, or any attorney or other representative acting on your behalf, and any U.S. or foreign government agency, including but not limited to the United States Department of Labor, the United States Department of State and/or state attorneys general.

**RESPONSE:**  In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objection, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 5

5.      All documents, including but not limited to communications journals, reflecting or documenting the hours you provided childcare services as an au pair during your placement with your Host Family.

**RESPONSE:**  In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela states that she does not have documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 6

6.      All documents related to any compensation, payments, or amounts of money or other benefits you received from any source during or in connection with participation in the Au Pair Program, including but not limited to, documents evidencing compensation of any kind you received for your services as an au pair, including without limitation gifts, spending money, money for education or classes, overtime payments, bonuses, or any other form of remuneration, and communications between you and your Host Family, Sponsors, or other au pairs regarding compensation for au pair services and cultural and other activities in which you participated

**RESPONSE:**  In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

**REQUEST FOR PRODUCTION NO. 7**

7.      All documents reflecting or documenting any conditions, rules, procedures, terms, or expectations regarding your time as an au pair.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Finally, the information requested is in Defendant's possession.  Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

**REQUEST FOR PRODUCTION NO. 8**

8.      All financial records for the period that you lived in the United States, reflecting, referring, or relating to any compensation, payments, or non-monetary benefits received by you during the time you participated in the Au Pair Program, including but not limited to cancelled checks and bank statements.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad, unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

**REQUEST FOR PRODUCTION NO. 9**

9.      All documents concerning any offers of employment, educational, volunteer, cultural or other opportunities that you had for the year or years during which you were in the Au Pair Program.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad, unduly burdensome, and neither relevant nor likely to lead to the discovery of admissible evidence. Additionally, Ms. Azuela objects to the extent this Request is cumulative

and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela

will produce non privileged documents responsive to this request that can be located after a

reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 10

10.    All documents related to your allegations that the Sponsors entered into an agreement or conspiracy to fix the amount of the stipend paid to au pairs, including all documents constituting, creating, amending or relating to each alleged agreement.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request

as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this

Request is cumulative and duplicative of other Requests. Finally, the information requested is in

Defendant's possession.  Subject to and notwithstanding these objections, Ms. Azuela will

produce non privileged documents responsive to this request that can be located after a

reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 11

11.    All documents related to any attempt you made to negotiate, demand or request a higher compensation for your time as an au pair.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request

as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this

Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these

objections, Ms. Azuela will produce non privileged documents responsive to this request that can

be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 12

12. All documents you have authored or created, including without limitation emails, texts, blogs, social media postings, diaries, journals, calendars, etc., relating to your participation in the Au Pair Program, activities in which you participated, or your experience as an au pair.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 13

13. All communications with any person other than counsel, including but not limited to family, friends and/or other au pairs, regarding the terms and conditions in place during your time as an au pair, including but not limited to compensation, hours, living conditions, duties, your Host Family, and benefits of your position as an au pair.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 14

14. All documents that support or relate to your allegations that Sponsors uniformly advertise au pair "wages" at an identical amount, as described in the allegations in the Complaint, including but not limited to, paragraphs 98 through 117 of the Complaint.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Finally, the information requested is in Defendant's possession.  Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 15

15.　　All documents related to any website, blog, social media posting, or commentary upon which you relied or referenced in your Complaint or which supports the allegations in your Complaint.

RESPONSE: In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 16

16.　　All documents that support or relate to your allegations that "[s]everal Sponsors have admitted to an agreement among all of the Sponsors to keep standard au pair wages at exactly $195.75 per week," as described in paragraphs 93 through 97 of the Complaint.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 17

17.     All documents that support or relate to your allegation in paragraph 140 of the Complaint that "Sponsors dictate wages to au pair family employers, and families agree to pay the fixed wages to au pairs."

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Finally, the information requested is in Defendants' possession. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 18

18.     All documents that support or relate to your allegations in paragraph 472 regarding purported Cultural Care advertisements.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Finally, the information requested is in Defendants' possession. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 19

19.     All documents, correspondence or communications received from any Sponsor which you believe suggest or admit any fault, wrongdoing, or legal responsibility for the damages you claim in this case.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Finally, the information requested is in Defendants' possession. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 20

20.     All documents related to each and every statement of any witness, known to you or your attorneys and their investigators, who claims to have seen or heard any Sponsor, or any employee, agent, or representative of any Sponsor, make a statement relative to any of the circumstances or events which are the subject of this action.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 21

21.     All documents related to each and every statement obtained from or made by any Sponsor, or from any employee, agent, or representative of any Sponsor, which is pertinent to the subject matter of this action.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Finally, the information requested is in Defendants' possession.   Subject to and notwithstanding these objections, Ms. Azuela will produce non

privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 22

22.    All documents, including but not limited to calculations and estimates that support your claim for damages.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Ms. Azuela also objects to this Request because it is duplicative of Plaintiffs' Rule 26 disclosures.

## REQUEST FOR PRODUCTION NO. 23

23.    All documents referenced in the Complaint, described in the Complaint, or relied upon in drafting the Complaint.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

## REQUEST FOR PRODUCTION NO. 24

24.    All documents soliciting your participation in this lawsuit.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections,

Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

**REQUEST FOR PRODUCTION NO. 25**

25.    All resumes created by you during or subsequent to your participation in the Au Pair Program.

**RESPONSE:** In addition to the General Objections, Ms. Azuela objects to this Request as overbroad and unduly burdensome. Ms. Azuela further objects to the lack of a timeframe and interprets this Request as not imposing an ongoing obligation should she continue to update her resume during the pendency of this case.   Additionally, Ms. Azuela objects to the extent this Request is cumulative and duplicative of other Requests. Subject to and notwithstanding these objections, Ms. Azuela will produce non privileged documents responsive to this request that can be located after a reasonable search and which are within her custody, possession or control.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

/s/      Dawn L. Smalls _____
Dawn L. Smalls
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
Sabria McElroy
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Tel.: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com
smcelroy@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado 80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al.,

        Plaintiff,

v.

INTEREXCHANGE, INC., et al.,

        Defendants.

---

## DECLARATION OF SARAH CAROLINA AZUELA RASCON

    I, Sarah Carolina Azuela Rascon, respectfully submit this Declaration in support of Plaintiff's, Sarah Carolina Azuela Rascon, Answers to Defendant's FirstSet of Interrogatories. I affirm and attest that the foregoing Answers to the Interrogatories are true and correct to the best of my knowledge, information and belief.

    I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 27 day of January, 2017.

                                              Sarah Carolina Azuela Rascon