IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03074–CMA–KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
DAYANNA PAOLA CARDENAS CAICEDO,
ALEXANDRA IVETTE GONZALEZ,
SARAH CAROLINA AZUELA RASCON,
LAURA MEJIA JIMENEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM, and those similarly situated,

        Plaintiffs,

v.

INTEREXCHANGE, INC,
USAUPAIR, INC.,
GREAT AUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., d/b/a Expert AuPair,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMSTAY INTERNATIONAL,
CULTURAL CARE, INC. d/b/a Cultural Care Au Pair,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, d/b/a AuPair Foundation,
AMERICAN INSTITUTE FOR FOREIGN STUDY d/b/a Au Pair in America,
AMERICAN CULTURAL EXCHANGE, LLC, d/b/a GoAuPair,
GOAUPAIR OPERATIONIS, LLC, d/b/a GoAuPair,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC d/b/a/ ProAuPair, and
20/20 CARE EXCHANGE, INC. d/b/a The International Au Pair Exchange,

        Defendants.

_____

**ORDER**

_____

This matter is before the court on "Plaintiffs' Motion to Amend the Scheduling Order [D.E. 295, 452] and for Expedited Briefing and Consideration of the Requested Relief" [Doc. No. 482].   Defendants A.P.EX. American Professional Exchange, LLC d/b/a ProAuPair (hereinafter "APEX") and 20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange (hereinafter "20/20") filed a Response ("APEX and 20/20 Resp.") on February 9, 2017 objecting to any discovery extensions and alleging the issues complained of by Plaintiffs were inapplicable to those Defendants.  [Doc. No. 478.]  Defendants Cultural Care, Inc. (d/b/a Cultural Care Au Pair), InterExchange, Inc., USAuPair, Inc., GreatAuPair, LLC, Expert Group International, Inc., EurAupair InterCultural Child Care Programs, Cultural Homestay International, Au Pair International, Inc., American Cultural Exchange, LLC (d/b/a/ GoAuPair), Agent Au Pair, APF Global Exchange, NFP (d/b/a/ Aupair Foundation) and American Institute for Foreign Study (d/b/a Au Pair in America) (collectively the "Responding Defendants") filed "Certain Defendants' Response to Plaintiffs' Motion to Amend the Scheduling Order and for Expedited Briefing and Consideration" [Doc. 487] on February 9, 2017, in which they agreed to an extension of the discovery dates, albeit to a shorter time period, and further requested the court address two additional discovery scheduling issues in its order.

Plaintiffs' request that the deadline for filing its Motion and Brief in support of Rule 23 Class Certification be moved from February 24, 2017 to May 24, 2017 and that the remaining briefing dates be adjusted accordingly, to wit: Response briefing deadline moved from March 24, 2017 to June 21, 2017 (28 days after the motion), and Reply briefing deadline moved from April 14, 2017 to July 12, 2017 (21 days after the Response(s)).  Plaintiffs also request the fact

discovery deadline be moved from April 17, 2017 to July 17, 2017 and the expert discovery deadline be moved to October 16, 2017.

The Responding Defendants proposed the following alternate schedule:  Motion and Brief in support of Rule 23 Class Certification filed on or before April 25, 2017; Response briefs due May 23, 2017, and; Reply due June 13, 2017.  Responding Defendants propose that the Fact Discovery deadline be extended to June 16, 2017 and expert discovery deadline extended to October 16, 2017.

Scheduling Order deadlines "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Strope v. Collins,* 315 F. App'x  57, 61 (10th Cir. 1009) (citation omitted); *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006).  Properly construed, good cause means that scheduling deadlines cannot be met despite a party's diligent efforts.  *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681–82 (D. Colo. 2014).

The decision to modify the Scheduling Order "is committed to the sound discretion of the trial court."  *Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987); *see also Benton v. Avedon Eng'g, Inc.,* No. 10–cv–01899–RBJ–KLM, 2013 WL 1751886, at *1 (D. Colo. April 23, 2013).  When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the

need for additional discovery in light of the time allowed for discovery by the Court; and (6) the

likelihood that the discovery will lead to relevant evidence.  *Smith,* 834 F.2d at 169 (citations

omitted).  While "the [Scheduling Order] defines a lawsuit's boundaries in the trial court and on

appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.,* 132 F.3d 599,

604 (10th Cir. 1997) (*Hull v. Chevron U.S.A., Inc*., 812 F.2d 584, 588 (10th Cir. 1987)).

There is no trial date set in this case and a motion for conditional certification of a

collective action concerning the FLSA Defendants[1] has been pending since August 15, 2016.

*See* [Doc. No. 330].  Plaintiffs continue to seek information which is being resisted, in part,

because that certification motion has not yet been ruled on.  A ruling on that motion is likely to

occur relatively quickly and a great deal of additional discovery will be forthcoming should that

motion be granted.[2]  A large part of that discovery will be applicable to Rule 23 class action

certification issues and so involves all the Defendants, not just those in the FLSA group.

The court find Plaintiffs have been diligent in trying to discover wage information

necessary for the case but have been hampered by the fact that Defendants are not the actual

payers of the stipend or additional sums to the au pairs in the putative class, but rather the au

---

[1] APEX and 20/20, who oppose any continuance of the discovery period, are antitrust claim-only
Defendants that did not sponsor any named Plaintiff.  (APEX and 20/20 Resp. at 2.) Therefore,
whether or not a collective action is certified with respect to the FLSA claims is of no import to
them.

[2] At the first step, prior to discovery, the district court makes a 'notice stage' determination of
whether the plaintiffs are similarly situated. For conditional certification at the notice stage, the
Tenth Circuit 'require[s] nothing more than substantial allegations that the putative class
members were together the victims of a single decision, policy or plan. This initial step creates a
lenient standard which typically results in conditional certification of a representative class.'
*Smith v. Pizza Hut, Inc.*, Case No. 09-cv-01632-CMA-BNB, 2012 WL 1414325, at *3 (D. Colo.
Apr. 21, 2012) (*quoting Renfro v. Spartan Computer Servs., Inc*., 243 F.R.D. 431, 432 (D. Kan.
2007) (internal citations omitted)); *see also Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165,
170 (1989).

pairs were paid by the host families for whom they provided child care services.  The issue of discovery concerning the host families is now pending before this court.  [Doc. No. 469.]

This court finds that all the defendants should be grouped for pretrial proceedings for the just and efficient conduct of the litigation and that severing APEX and 20/20 to proceed on a different discovery track would be inefficient and detrimental to the proper administration of the case.  None of the defendants are prejudiced by a short continuance.

Plaintiffs have shown good cause for the continuance in that they have received some 80,000+ documents in a very short period of time and have not had time to prepare for the filing of opening briefs on class certification scheduled for February 24, 2017.[3]  It would be inefficient and nonsensical for the court, knowing there is a large volume of relevant material which has been recently produced as well as more material which likely will be produced in the near future, to force the filing of the Rule 23 Class Certification motion only to have it necessarily needing supplementation, along with supplementation of responses and replies.  It is far more efficient for the court to allow additional time now so that this somewhat unwieldy case can stay on a straightforward track with respect to class issues.

Because no collective class has yet been certified, the Court declines as premature the invitation to consider a schedule for Defendants' apparent request for discovery directed at opt-in collective members.  If a collective class is certified in this case, the parties will address the possibility of and scheduling in connection with opt-in discovery subsequent to the opt-in period at the appropriate time.

---

[3] This deadline was stayed by the court pending ruling on this Motion.  [Doc. No. 485.]

The Responding Defendants have also requested the Court consider the expansion of the allowed number of depositions to take "preservation" depositions as a separate category and to conduct those depositions outside the normal discovery schedule.  The court considers this topic to be an improper motion pursuant to D.C.COLO.LCivR 7.1(d), which provides, "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."  Therefore, this implied motion to expand allowable depositions is **denied** without prejudice.

Therefore, it is **ORDERED**

"Plaintiffs' Motion to Amend the Scheduling Order [D.E. 295, 452] and for Expedited Briefing and Consideration of the Requested Relief" [Doc. No. 482] is **GRANTED IN PART**.

The following discovery deadlines shall henceforth be in full force and effect.

Rule 23 Certification Motions:

| | |
|---|---|
| Opening Brief | April 25, 2017 |
| Response Briefs | May 23, 2017 |
| Reply Brief | June 13, 2017 |

| | |
|---|---|
| Fact Discovery Cut-off Date is | July 17, 2017 |

| | |
|---|---|
| Expert Discovery Cut Off Date is | October 16, 2017 |
| Affirmative Expert Disclosure | July 17, 2017 |
| Rebuttal Expert Disclosure | August 16, 2017 |

| | |
|---|---|
| Dispositive Motion Deadline | October 16, 2017 |

Dated February 16, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge