No *Shepard's* Signal™
As of: February 27, 2017 10:51 AM EST

# Garrett v. Payne

United States District Court for the Eastern District of Oklahoma

February 23, 2006, Decided; February 23, 2006, Filed

Case No. CIV-05-472-WH, CIV-06-42-WH

**Reporter**
2006 U.S. Dist. LEXIS 96920 *

DWAYNE GARRETT, Plaintiff, v. JAMES H. PAYNE, WILLIAM B. GUTHRIE, CAROLYN ZUNDA, STEPHANIE K. SEYMORE, FRANK H. SEAY, JOHN C. PORFILIO, STEPHEN H. ANDERSON, DEANELL R. TACHA, BOBBY R. BALDOCK, WADE BRORBY, DAVID M. EBEL, PAUL J. KELLY, JR., ROBERT H. HENRY, MARY BECK BRISCOE, CARLOS F. LUCERO, MICHAEL R. MURPHY, HARRIS L. HARTZ, MICHAEL W. MCCONNELL, MONROE G. MCKAY, ARDELL SCHULER, OPAL A. CARTER, SUSAN S. BRANDON, and SHELDON J. SPERLING, Defendants.

## Core Terms

clerks, pro se, cases, proceed pro se, allegations, complaints, permission, frivolous, filings, summary judgment, lawsuits, default, courts

**Counsel:** **[*1]** Dwayne Garrett, an individual, Plaintiff (6:05-cv-00472-RAW), Pro se, Ramona, OK.

Dwayne Garrett, an individual, Plaintiff (6:06-cv-00042-RAW), Pro se, Ramona, OK.

**Judges:** Ronald A. White, United States District Judge.

**Opinion by:** Ronald A. White

## Opinion

### OPINION AND ORDER

This matter comes before the Court on Plaintiff's motion for summary judgment (Docket # 22) and Plaintiff's request for the "clerks (sic) entry of default and the clerks (sic) entry of judgment" (Docket # 24), both in CIV-05-472. The Court *sua sponte* DISMISSES both CIV-05-472 and CIV-06-42 with prejudice pursuant to *Fed. R. Civ. P. 12(b)(6)* for failure to state a claim upon which relief can be granted. Plaintiff's motion (Docket # 22) and request (Docket # 24) are DENIED as moot. Furthermore, Plaintiff is ENJOINED from proceeding as a plaintiff in this District unless he is represented by a licensed attorney admitted to practice in this Court or unless he first obtains permission to proceed *pro se.*

### BACKGROUND

The first case, CIV-05-472, was originally assigned to Federal District Judge, James H. Payne. He recused himself, however, as Plaintiff brought the second suit, CIV-06-42, essentially the same litigation, adding Judge Payne as a Defendant.

Plaintiff **[*2]** brought CIV-05-472 against the above named Federal Judges, Clerks, and United States Attorneys, claiming the action was properly brought "under authority of *18 U.S.C. § 1964(a)*&*(c)* for blatant violations of *18 U.S.C. §§ 371*, *1001*, *1341* , & *1961*/RACKETEERING." Plaintiff's complaint is, in a nutshell, a tedious rant about his disdain for the legal system, containing odd and nonsensical uses of rhetoric and legalese throughout. [1] Plaintiff begins his "theory of the case" by referring to Defendants as "thugs." He then includes a section defining the "legal system" and a section defining the "extralegal system." Plaintiff states that "[i]t is common knowledge that parties similarly situated to [Defendants] will tell any lie, violate any rule, break any law, or commit any crime necessary to perfect their schemes of fraud and extortion."

Plaintiff's complaint then lists more than two pages of cases with no apparent relationship to one another that he claims are "[v]erification of sham legal process festering in the federal court system." He claims the cases he lists "represent part of the estimated fifty million **[*3]** federal frauds in just the last twenty five years." Plaintiff states that "many of the involved judges

[1] The Court's initial impression of both complaints was that they were just goofy.

EXHIBIT D

. . . are quite literally so dumb they are pathetic." Plaintiff also states that "federal judges including magistrates and clerks, circuit court judges including law clerks and clerks, and the United States Supreme Court, definitely including clerks and law clerks, are simply imposing the unpublished rules of the extralegal system over the published rule of law with the intent and result of the bar controlling America's courts for the illicit purposes of fraud and extortion including, when ever (sic) necessary, profiteering from the prison industry. A jury shall determine that the federal judiciary, from bottom to top is absolutely shamelessly corrupt and in fact down right evil."

Under the heading, "causes of action," Plaintiff lists eleven instances in which he claims Defendants (not every Defendant is listed in every instance) deprived him of in excess of one and one half million dollars by "blocking lawful process" or by "preparing and submitting false documents." Plaintiff provides dates and locations, but no other facts to support his allegations. Plaintiff then goes on to refer **[*4]** to Defendants' "childish and deceitful antics," and to refer to Defendants as "part of the absolute filth" that has promulgated the "sham legal proceedings of the extralegal and extrajudicial proceedings of the bar."

Plaintiff requests that all of the Defendants "cease and desist any association with the federal court system whatsoever," and that he be awarded damages "treble what the jury shall determine Dwayne Garrett's damages to business and property interest are." He claims that his damages are $ 1,500,000.00, and he requests $ 4,500,000.00.

Plaintiff filed his motion for summary judgment along with a request for "the clerks entry of default and the clerks entry of judgment" under *Fed. R. Civ. P. 55(b)(1)* on January 27, 2006. Plaintiff filed CIV-06-42 on the same day. This second case adds Judge James H. Payne, William B. Guthrie, and Carolyn Zunda, claiming that they blocked the clerk's entry of judgment and default. This Court consolidated the cases.

The Court is well aware of this *pro se* Plaintiff's history of litigation in the Eastern District Oklahoma ("Eastern District"), as well as the Northern District of Oklahoma ("Northern District") and the Tenth Circuit. Because of Plaintiff's **[*5]** numerous filings and history of frivolous and abusive *pro se* litigation in the Northern District, on November 13, 2000, the Northern District "prohibited [him] from proceeding as a plaintiff unless he is represented by a licensed attorney admitted to practice in the court or unless he first obtains permission to proceed *pro se.*" *Garrett v. Esser, 53 Fed.Appx. 530 (10th Cir. 2002)*. The Tenth Circuit upheld that restriction. *Id.*

At the time the Order was filed in the Northern District restricting Plaintiff's filings, he had filed fourteen lawsuits in that District in a year and a half. It appears as though Plaintiff has attempted to circumvent that restriction by simply ignoring it (*Garrett v. Oklahoma Corp. Comm., 56 Fed.Appx. 442 (10th Cir. 2003)*, by having his father file for him (*Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836 (10th Cir. 2005))* and by improperly filing in the Eastern District a case that should have been filed in, and was subsequently transferred to, the Northern District, and then dismissed and affirmed on appeal (*Garrett v. Esser, 81 Fed.Appx. 720 (10th Cir. 2003))*. In the past three and a half years, Plaintiff has been before the Tenth Circuit at least five **[*6]** times in his own name. [2] Additionally, Plaintiff has previously brought at least three suits in the Eastern District, two of which were against two of the Defendants in this case, Ardell Schuler and Opal Carter. The first case against Ardell Schuler and Opal Carter was dismissed. In the second, they were granted summary judgment.

**ANALYSIS**

The Tenth Circuit has held that a district court may *sua sponte* dismiss a complaint pursuant to *Fed. R. Civ. P. 12(b)(6)* for failure to state a claim upon which relief can be granted "when *it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.*" *Curley v. Perry, et. al., 246 F.3d 1278, 1283 (10th Cir. 2001)* (citation omitted) (emphasis in *Curley*). The Tenth Circuit noted that "[a] number of courts have held . . . that *sua sponte* dismissal of a meritless claim under *Rule 12(b)(6)* **[*7]** or a statutory provision does not violate due process or unduly burden a plaintiff's right of access to the courts." *Id.* (citation omitted.)

The Court construes the *pro se* litigant's pleadings liberally in accordance with *Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)*. "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on

---

[2] *Garrett v. Albert, 111 Fed.Appx. 997 (10th Cir. 2004)*; ***Garrett v. Esser, 81 Fed.Appx. 720 (10th Cir. 2003)***, ***Garrett v. Schuler, 81 Fed.Appx 720 (10th Cir. 2003)***, *Garrett v. Oklahoma Corp. Comm'n, 56 Fed.Appx. 442 (10th Cir. 2003)*, *Garrett v. Esser, 53 Fed. Appx. 530 (10th Cir. 2002)*.

which relief can be based." *Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)*. "Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Id.* (citations omitted).

A review of Plaintiff's litigation history shows that he has brought the same allegations time and again. Although Plaintiff fails to give any facts regarding his allegations in the cases now before this Court, this litigation appears to be more of the same, with the addition of nearly every Judge on the Tenth Circuit, all but one District Judge from the Eastern District of Oklahoma, some Court Clerks and United States Attorneys. The allegations submitted by this *pro se* Plaintiff are conclusory and contain false, immaterial, **[*8]** impertinent and scandalous matter. Plaintiff's pleadings should be stricken for this reason alone pursuant to *Fed. R. Civ. P. 12(f)*. Plaintiff's frivolous *pro se* complaints have repeatedly consumed the valuable time of both the courts and the defendants. By Plaintiff's complaints in the cases now before the Court, it is apparent that Plaintiff has brought these cases to harass Defendants. Plaintiff has not stated a claim upon which relief can be granted. Furthermore, it is patently obvious that Plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile. Therefore, Plaintiff's complaints in CIV-05-472 and CIV-06-42 are hereby dismissed for failure to state a claim upon which relief can be granted. [3]

Plaintiff's motion for summary judgment (Docket # 22) and his request for **[*9]** the "clerks (sic) entry of default and the clerks (sic) entry of judgment" (Docket # 24), both in CIV-05-472, are denied as moot.

SANCTIONS

As the Northern District previously pointed out, Plaintiff is in the category of "hobbyist litigators" described in *Westridge v. Allstate Ins. Co., 118 F.R.D. 617, 621 (W.D. Ark. 1988)*. "These lawsuits are not only a nuisance, but they threaten to delay justice for those who should be in federal court and who have legitimate and significant matters to litigate." *Id.* Plaintiff "has no absolute, unconditional right of access to the courts and no constitutional right to prosecute frivolous or malicious actions." *Garrett v. Esser, 53 Fed.Appx. 530, 531 (10th Cir. 2002)*. Furthermore, the Court "may impose restrictions commensurate with its inherent power to enter orders 'necessary and appropriate' in aid of jurisdiction." *Id.; 28 U.S.C. § 1651*. To this point, Plaintiff's filings in the Eastern District have not been extremely numerous, but have been without merit and brought to harass. The Court, being well aware of Plaintiff's abuse in the Northern District, combined with his past filings in the Eastern District, and his frivolous, malicious, and abusive **[*10]** complaints now before the Court, does not deem it necessary to allow Plaintiff to file numerous more meritless complaints before limiting his ability to do so. Therefore, Plaintiff is hereby enjoined from proceeding as a plaintiff in this District unless he is represented by a licensed attorney admitted to practice in this Court or unless he first obtains permission to proceed *pro se.*

For the convenience of Plaintiff, this Court adopts the same instructions on obtaining permission to proceed *pro se,* as set forth by the Northern District. Plaintiff must take the following steps to obtain permission to proceed *pro se:*

1. File a petition with the clerk of this court requesting leave to file a *pro se* action;
2. Include in the petition the following information:
   A. A list of all lawsuits currently pending or filed previously with this court, including the name and number of each case, and the current status or disposition of the lawsuit; and

   B. A list apprizing this court of all outstanding injunctions or orders limiting Garrett's access to federal court, including orders and injunctions requiring Garrett to seek leave to file matters *pro se* or requiring him to be represented by an attorney, **[*11]** including the name and case number of all such orders or injunctions; and
3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis of the claim asserted, and describing with particularity the facts giving rise to said claims. The affidavit also must certify, to the best of Garrett's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are

[3] Moreover, with regard to the Judicial Defendants, Plaintiff's claims are barred by absolute judicial immunity. *Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)*; *Garrett v. Albert, 111 Fed.Appx. 997, 998 (10th Cir. 2004)*. With regard to the U.S. Attorney Defendants, Plaintiff's claims are barred by qualified immunity. *United States v. Stanley, 483 U.S. 669, 107 S. Ct. 3054, 97 L. Ed. 2d 550 (1987)*.

> warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the lawsuit is not interposed for any improper purpose, and that he will comply with all local rules of this court.

As in the Northern District, these documents shall be submitted to the Court Clerk, who will refer them to a Magistrate Judge for review to determine whether the complaint is lacking in merit, duplicative or frivolous. The Magistrate Judge will then forward the complaint along with his or her opinion onto the Chief Judge, who will make the final determination whether to dismiss the complaint or to enter an order allowing the complaint to proceed in accordance with the Federal **[*12]** Rules of Civil Procedure and the Local Rules of the Eastern District.

Plaintiff has ten days from the date of this Order to file written objections, limited to ten pages, to these sanctions. If Plaintiff files no objection, the sanctions noted herein will take effect twenty days from the date of this Order. If Plaintiff files objections, these sanctions will not take effect until after the Court rules on those objections.

**CONCLUSION**

Accordingly, both cases, CIV-05-472 and CIV-06-42, are hereby DISMISSED. Plaintiff's motion for summary judgment (Docket # 22) and request for the "clerks (sic) entry of default and the clerks (sic) entry of judgment" (Docket # 24), both in CIV-05-472, are hereby

> DENIED as moot. Furthermore, Plaintiff is hereby ENJOINED from proceeding as a plaintiff in this District unless he is represented by a licensed attorney admitted to practice in this Court or unless he first obtains permission to proceed *pro se.*

IT IS SO ORDERED this 23<rd> day of February, 2006.

Ronald A. White

United States District Judge

Eastern District of Oklahoma

---

End of Document