IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*;

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*;

    Defendants.

---

## DECLARATION OF STEPHEN J. MACRI

---

I, Stephen J. Macri, hereby declare as follows:

1. I am an attorney admitted to this Court and a member of the firm Putney, Twombly, Hall & Hirson LLP, counsel for Defendant American Institute for Foreign Study d/b/a Au Pair in America ("AIFS") in *Beltran, et al. v. Interexchange, Inc., et al.*, U.S. District Court for the District of Colorado, Civil Action No. 1:14-cv-03074-CMA-KMT.

2. I make this declaration in opposition to Plaintiffs' Motion to Compel Defendants' production of information responsive to Document Request No. 16 of Plaintiffs' First Request for the Production of Documents (hereinafter "Motion").

3. On November 1, 2016, my firm and I entered and filed Notices of Appearance as counsel for AIFS. (See ECF Nos. 419-422). The law firm of Fisher & Phillips, LLP ("Fisher and Phillips") continues to assist our firm and AIFS, as local counsel.

4.   Since 1986, AIFS has operated the Au Pair in America Program ("APIA") as its only au pair cultural exchange program. AIFS operates four other distinct programs, which are unrelated to au pair cultural exchange.

5.   Fisher and Philips informed us that Plaintiffs' served their First Request for the Production of Documents on March 3, 2016.  A copy of Plaintiffs' request is annexed hereto as Exhibit 1.

6.   Document Request No. 16 within Plaintiffs' First Request for the Production of Documents ("Request No. 16") demanded AIFS' "audited or unaudited financial statements, including documents sufficient to show your annual revenue and income derived from participating in the au pair program during each year in which you have participated in the program." Exhibit 1 at p. 7.

7.   Accordingly, Request No. 16 demands more than thirty years of financial statements from AIFS.

8.   Fisher and Phillips informed us that AIFS served responses to Plaintiffs' First Request for Production of Documents on May 4, 2016.  A copy of AIFS' responses are annexed hereto as Exhibit 2.

9.   AIFS objected to Plaintiffs' demand for nearly thirty years of financial statements on the grounds that it is overly broad, burdensome and oppressive; seeks confidential information, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence; is not proportional to the needs of the case, and; seeks information that is proprietary and confidential to AIFS. Exhibit 2 at p. 15.

2

10. Plaintiffs' served their Second Set of Interrogatories on January 20, 2017, a copy of which is annexed hereto as Exhibit 3.

11. AIFS served its responses to Plaintiffs' Second Set of Interrogatories on February 22, 2017, a copy of which is annexed hereto as Exhibit 4.

12. Plaintiffs' first response to AIFS' objections to Request for No. 16 occurred more than nine months later on February 17, 2017. A copy of Plaintiffs' February 17, 2017 email is annexed hereto as Exhibit 5.  In that communication, Plaintiffs' counsel contacted all defendants, seeking to meet and confer about several of Plaintiffs' document requests, including Request No. 16.

13. Later that same day, counsel for Plaintiffs and AIFS conferred via teleconference.  At the conclusion of the teleconference, Plaintiffs' counsel offered to engage in a further meet and confer with any individual defendant concerning Plaintiffs' perceived deficiencies in defendants' responses.

14. On February 24, 2017, AIFS agreed to produce certain documents responsive to Plaintiffs' demands.  While AIFS reaffirmed and elaborated on its objections to production of financial statements in response to Request No. 16 in accordance with case law, AIFS agreed that it would again meet and confer with Plaintiffs' counsel after issuance of post-discovery dispositive motions.  A copy of the February 24, 2017 email is annexed hereto as Exhibit 6.

15. On February 27, 2017, Plaintiffs' counsel stated their intention to move to compel AIFS' response to Request No. 16. A copy of the February 27, 2017 email is annexed hereto as Exhibit 7.

16. On March 9, 2017, the parties held an informal discovery teleconference before Magistrate Judge Kathleen M. Tafoya.  Thereafter, Judge Tafoya issued an Order permitting Plaintiffs to file the instant Motion to Compel. (ECF No. 505).

17. On March 13, 2017, Plaintiffs filed the instant Motion. (ECF No. 507).

18. In an effort to avoid unnecessary litigation, on March 23, 2017, AIFS provided Plaintiffs' counsel information that accurately demonstrates the actual revenue, allocated expenses and income of APIA for each year from 2009 through 2014. This information, in addition to the information provided in response to Plaintiffs' Second Interrogatories, allows Plaintiffs to make any and all financial contentions desired for the years relevant to the instant action.  A copy of the March 23, 2017 and redacted attachments are annexed hereto as Exhibit 8.

19. As the information attached to the March 23, 2017 email is highly confidential and proprietary it was designated for Plaintiffs' Attorneys Eyes Only and has been redacted to remove its numerical contents, as compared to the version provided to Plaintiffs' counsel.

20. Later on March 23, 2017, Plaintiffs' counsel refused to accept the APIA's tender of information about its annual revenue, allocated expenses and income as sufficient response as responsive to Request No. 16.  Plaintiffs' counsel failed to provide any substantive explanation for their refusal, and did not identify any other financial information required for investigation and assessment of its claims.  Instead, they simply insisted that "Plaintiffs will not litigate the issue with Defendants via email" and, thus continue to demand that AIFS produce more than thirty years of financial statements.  A

copy of the March 23, 2017 email from Plaintiffs' counsel is annexed hereto as Exhibit 9.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 27, 2017.

_s/ Stephen J. Macri_
Stephen J. Macri