# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

    Plaintiffs,
v.

INTEREXCHANGE, INC., *ET AL.*

    Defendants.

---

**PLAINTIFFS' SECOND SET OF INTERROGATORIES**

---

PLEASE TAKE NOTICE THAT, pursuant to Rule 33 of the Federal Rules of Civil Procedure (FRCP), the above-named plaintiffs, by their attorney, hereby request that Defendants Interexchange, Inc., USAuPair, Inc., Great Au Pair, LLC, Expert Group International Inc. (d/b/a/ Expert AuPair), EurAuPair Intercultural Child Care Programs, Cultural Homestay International, Cultural Care, Inc. (d/b/a Cultural Care Au Pair), Au Pair Care Inc., Au Pair International, Inc., APF Global Exchange, NFP, DBA Au Pair Foundation, American Institute for Foreign Study (d/b/a Au Pair in America), American Cultural Exchange, LLC (d/b/a/ GoAuPair), Agent Au Pair, A.P.Ex. American Professional Exchange, LLC (d/b/a Pro AuPair), and 20/20 Care Exchange, Inc. (d/b/a/ The International Au Pair Exchange) (collectively, "you" or the "sponsor Defendants"), answer under oath the following written interrogatories separately and fully, in writing, within the time allotted by the FRCP.

PLEASE TAKE FURTHER NOTICE that you are under a duty to supplement responses pursuant to Rule 26(a) of the FRCP if you discover that in some material respect the information disclosed is incomplete or incorrect and if the additional or

1

corrective information has not otherwise been made known to Plaintiffs during the discovery process or in writing. Further, pursuant to Rule 26(e)(2), you are under a duty to seasonably amend responses to these discovery requests if you learn that any response given is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Plaintiffs during the discovery process or in writing.

## Definitions

1. The term "person" is defined as any natural person or business, legal, or governmental entity or association.

2. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, his officers, directors, employees, partners, corporate parent, subsidiaries, predecessors, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3. The term "Putative Class members" means all persons who could satisfy any one of the classes defined at paragraphs 519-538 of the Second Amended Complaint and includes the named plaintiffs Johana Paola Beltran; Lusapho Hlatshaneni; Beaudette Deetlefs; Alexandra Ivette González; Sarah Carolina Azuela Rascon; Laura Mejia Jimenez; Juliane Harning; and Nicole Mapledoram.

4. The terms "you" and "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

5. The term "foreign agents" means any agent, whether an organization or an individual that recruits au pairs that you may sponsor as a J1 visa sponsor or

2

otherwise facilitates the J1 visa process for au pairs that you may sponsor.

6.      The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.  The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

7.      The word "each" shall be construed to include "every" and vice-versa.

8.      The word "any" shall be construed to include "all" and vice-versa.

9.      The present tense shall be construed to include the past tense and vice-versa.

10.     The masculine shall be construed to include the feminine and vice-versa.

11.     The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

12.     The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

13.     The term "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise).

14.     The term "Compensation" means wages paid to the au pair and does not include other benefits, such as room and board or contribution of tuition.

15.     The term "fees" means the payment made by host families to sponsor agencies, including but not limited to fees described by sponsors as registration fees, processing fees, and program fees.

16.     The term "standard au pair" shall have the meaning given to the term

3

in paragraph 81 of the Second Amended Complaint.

17. The term "non-standard au pair" shall mean any au pair not included within the scope of the definition of "standard au pair".

18. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

a. "Identify:" When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person; and

b. When referring to Records, "to identify" means to give, to the extent known, the (i) type of Record; (ii) general subject matter; (iii) date of the Record; and (iv) author(s), addressee(s), and recipient(s).

c. A draft of a non-identical copy is a separate Record within the meaning of this term.

18. The verb "sponsor" has the meaning generally used by the State Department with respect to the J-1 visa *au pair* program, including the issuance of a certificate of eligibility for exchange visitor (J-1) status on Form DS-2019 or otherwise.

### Instructions for Interrogatories

1. In answering each of these Interrogatories, please furnish all information that is available to you.

2. Pursuant to F.R.C.P 26 and 33, each Interrogatory shall be answered separately and fully in writing under oath unless it is objected to, in which event the

4

reasons for objection shall be stated in lieu of an answer.

3. In the event that you are unable to fully answer one or more of the following interrogatories after exercising due diligence to secure the necessary information, provide the most complete answer possible and specify the reason(s) for the inability to provide a complete response at the present time.

4. Should a privilege be asserted with respect to any part of any discussion, document, or other communication concerning information requested by any of the following interrogatories, you must answer the Interrogatories in the manner indicated herein, except that the contents of the part deemed privileged need not be summarized; instead, indicate that a privilege is claimed for such part and state the nature of the privilege claimed and the facts upon which such claim is based in sufficient detail to permit the Court to adjudicate the validity of the privilege claim.

5. Defendant is requested to supplement or correct his answers to these Interrogatories should Defendant later obtain information indicating answers are not complete or accurate. See F.R.C.P. 26(e).

6. For each Interrogatory or part of an Interrogatory that you refuse to answer on grounds of burdensomeness, explain the basis for your contention.

7. The time period covered by for these Requests is January 1, 2000 to the present.

**Interrogatories**

**INTERROGATORY NO. 5:**

Please identify the total number of au pairs you sponsored each year for the years 2000 through 2015. In providing your Answer, please identify:

   a. The total number of standard au pairs you sponsored each year for the years

5

    2000 through 2015 and;

b.  The total number of non-standard au pairs, if any, you sponsored each year for the years 2000 through 2015.

**INTERROGATORY NO. 6:**

Please identify the amount of fees you charged a host family for each of the years 2000 through 2015. In providing your Answer, please identify:

a.  The fees you charged a host family associated with the placement of a standard au pair for the years 2000 through 2015 and;

b.  The fees you charged a host family associated with the placement of a non-standard au pair for the years 2000 through 2015.

    Respectfully Submitted,

    BOIES, SCHILLER & FLEXNER LLP

    /s/       Peter M. Skinner
    Matthew L. Schwartz
    Peter M. Skinner
    Randall W. Jackson
    Dawn L. Smalls
    575 Lexington Avenue
    New York, New York 10022
    Tel: (212) 446-2300
    Fax: (212) 446-2350
    mlschwartz@bsfllp.com
    pskinner@bsfllp.com
    rjackson@bsfllp.com
    dsmalls@bsfllp.com

    Sigrid S. McCawley
    Lauren Fleischer Louis
    Sabria McElroy
    401 East Las Olas Blvd., Suite 1200
    Fort Lauderdale, Florida 33301
    Tel.: (954) 356-0011

Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com
smcelroy@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado 80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org
*Attorneys for Plaintiffs*

7

## Certificate of Service

I hereby certify that on January 20, 2017, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

Robert M. Buchanan
rbuchanan@choate.com

Adam A. Hubbard
aahubbard@hollandhart.com

Joan A. Lukey
joan.lukey@choate.com

Christian Dow Hammond
chammond@duffordbrown.com

Lawrence D. Stone
lstone@nixonshefrin.com

Susan M. Schaecher
sschaecher@laborlawyers.com

Kathryn A. Reilly
reilly@wtotrial.com

John Roger Mann
jmann@gordonrees.com

Jonathan S. Bender
jsbender@hollandhart.com

James Edward Hartley
jhartley@hollandhart.com

Bogdan Enica
bogdane@hotmail.com

Martin Jose Estevao
mestevao@armstrongteasdale.com

Michael T. Gass
mgass@choate.com

Lyndsey M. Kruzer
lkruzer@choate.com

Justin J. Wolosz
jwolosz@choate.cco

Kathleen E. Craigmile
kcraigmile@nixonshefrin.com

Lawrence L. Lee
llee@laborlawyers.com

Brian Alan Birenbach
brian@rietzlawfirm.com

Peggy E. Kozal
pkozal@gordonrees.com

Thomas Baker Quinn
tquinn@gordonrees.com

Brian P. Maschler
bmaschler@gordonrees.com

David Meschke
dmeschke@bhfs.com

Martha Louise Fitzgerald
mfitzgerald@bhfs.com

Meshach Yustine Rhoades
rhoadesm@armstrongteasdale.com

Brooke A. Colaizzi
bcolaizzi@shermanhoward.com

Heather Fox Vickles
hvickles@shermanhoward.com

Joseph H. Hunt
Jhunt@shermanhoward.com

Jessica L. Fuller
jfuller@lrrc.com

Chandra Marie Feldkamp
cfeldkamp@kellywalkerlaw.com

Joseph B. Cartafalsa
jcartafalsa@putneylaw.com

Robert M. Tucker
rtucker@putneylaw.com

Raymond Myles Deeny
rdeeny@shermanhoward.com

Diane Hazel
dhazel@lrrc.com

James M. Lyons
jylons@lrrc.com

William James Kelly, III
wkelly@kellywalkerlaw.com

John B. Fulfree
jfulfree@putneylaw.com

Stephen J. Macri
smacri@putneylaw.com

/s/ Daniel R. Schwartz
Daniel R. Schwartz