IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

       Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

       Defendants.

**DEFENDANTS AGENT AU PAIR, INC., AMERICAN CULTURAL EXCHANGE, LLC D/B/A GOAUPAIR, GO AU PAIR OPERATIONS LLC, AND AU PAIR INTERNATIONAL INC.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (ECF NO. 507)**

Defendants American Cultural Exchange, LLC d/b/a GoAuPair, Go Au Pair Operations LLC (together, "Go Au Pair"), Agent Au Pair, Inc. ("Agent Au Pair"), and Au Pair International Inc. ("Au Pair International" and, together with Go Au Pair and Agent Au Pair, "Defendants" ) respond as follows to Plaintiffs' Motion to Compel Response to Document Request No. 16 from Defendants Apex, 20/20, Agent Au Pair, AIFS, Au Pair Care, Au Pair International, Cultural Care, Expert Au Pair, and Go Au Pair ("Motion to Compel") (ECF No. 507):

## INTRODUCTION

There should have been no need for this response. Go Au Pair, Agent Au Pair, and Au Pair International have agreed to produce precisely the financial information that Plaintiffs requested during the conferral process. Although Defendants strongly disagree with Plaintiffs' contention that Defendants' highly confidential financial information is relevant to Plaintiffs'

claims in this litigation, due to resource constraints, Defendants have agreed to collect and produce the requested revenue and expense information. Plaintiffs, however, continue to move the target. Even when presented with the exact information they requested—Defendants' annual profit and loss statements—Plaintiffs have refused to withdraw their Motion to Compel as to Defendants. Plaintiffs' Motion should be denied.

## ARGUMENT

Plaintiffs' Motion requests the Court to compel Defendants' response to Document Request No. 16, which seeks "audited or unaudited financial statements, including documents sufficient to show your annual revenue and income derived from participating in the au pair program during each year in which you have participated in the program." Defendants dispute Plaintiffs' claim they are entitled to the requested financial documents, and incorporate by reference other Defendants' oppositions to the Motion to Compel. (*See* ECF Nos. 511 and 515.)

However, as Defendants are small businesses with limited resources, Defendants agreed to produce exactly the information sought by Plaintiffs—*i.e.*, documents "sufficient to show [thei]r annual revenue and income derived from participating in the au pair program during each year in which [they] . . . have participated in the program." During conferrals, Plaintiffs' counsel confirmed that Plaintiffs specifically are seeking profit and loss statements. Accordingly, Defendants each agreed to provide profit and loss statements for 2009-2014, to the extent they

possess such information.[1] For unknown reasons, Plaintiffs nonetheless have refused to withdraw their Motion to Compel as against Go Au Pair, Agent Au Pair, and Au Pair International. Plaintiffs have not offered any explanation as to why the information Defendants have agreed to produce is insufficient. To the extent Plaintiffs seek additional financial information, any such information would be either duplicative of the information Defendants have agreed to produce or irrelevant to the claims and defenses in the case. Accordingly, any request for additional financial information would violate Rule 26(b)(2)'s proportionality requirement and should thus be rejected by this Court.

## CONCLUSION

Plaintiffs' Motion to Compel should be denied, along with their request for attorneys' fees. As set forth in the other Defendants' oppositions incorporated herein, Defendants' objections to Plaintiffs' request were substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Moreover, Defendants have agreed to provide precisely the revenue and expense information requested by Plaintiffs. There is simply no basis for Plaintiffs' continued pursuit of its Motion to Compel as to Go Au Pair, Agent Au Pair, and Au Pair International.

---

[1] While Go Au Pair and Au Pair International have and will produce profit and loss statements for 2009-2014, Agent Au Pair has reasonable access to that information only beginning in 2011. Plaintiffs have asserted no objection to the fact that Go Au Pair's profit and loss statements are reflected in tax returns; as a limited liability company owned by a single entity, Go Au Pair's profits and losses are reported on Schedule C of the owner's personal tax return. *See* Schedule C (Form 1040) 2016, *available at* https://www.irs.gov/pub/irs-pdf/f1040sc.pdf (last accessed March 27, 2017).

Dated:  March 27, 2017.                    Respectfully submitted,


                                             *s/ Grace A. Fox*
Kathryn A. Reilly
Grace A. Fox
Natalie West
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:   Reilly@wtotrial.com
             Fox@wtotrial.com
             West@wtotrial.com

Attorneys for Defendants Agent Au Pair, Inc., American Cultural Exchange, LLC d/b/a GoAuPair, Go Au Pair Operations LLC, and Au Pair International Inc.

4

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on March 27, 2017, I electronically filed the foregoing **DEFENDANTS AGENT AU PAIR, INC., AMERICAN CULTURAL EXCHANGE, LLC D/B/A GOAUPAIR, GO AU PAIR OPERATIONS LLC, AND AU PAIR INTERNATIONAL INC.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (ECF NO. 507)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record:

*s/ Grace A. Fox*