

April 10, 2017

**VIA ELECTRONIC FILING**
Hon. Kathleen M. Tafoya
United States District Court, District of Colorado
Byron G. Rogers United States Courthouse
1929 Stout Street, Second Floor, Courtroom C201
Denver, CO 80294

*Beltran v. Interexchange, Inc.*, No. 14-cv-03074-CMA-KMT

Dear Judge Tafoya:

I write on behalf of Plaintiffs in the above-captioned action to request partial renewal of Plaintiffs' Motion to Compel Answer to Plaintiffs' Interrogatory No. 1 and Request for Production No. 1 Pursuant to Rule 37(a) (Dkt. No. 465) (the "Motion to Compel"). Specifically, Plaintiffs request that the Court renew the portion of that motion seeking au pair information.

As the Court is aware, the Motion to Compel was granted in part and denied at part at a hearing—and through a subsequent order—on March 10, 2017. At that hearing, Your Honor made clear that the Court was denying the portion of the Motion to Compel seeking au pair information out of a concern that "there's a reason" that Judge Arguello had not ruled on the then-pending motion for conditional class certification. (Mar. 10, 2017 Mot. Hr'g Tr. at 53:15-17.[1]) Noting that the Court did not "see any reason to step on what is Judge Arguello's right to decide," the Court denied Plaintiffs' motion and informed Defendants, "If she certifies a collective action, you better be prepared to give out the au pair list." (*Id.* at 54:1-5.)

On March 31, 2017, Judge Arguello granted Plaintiffs' motion for conditional certification.[2] The same day, Plaintiffs wrote to Defendants asking them to produce the au pair contact information requested in the Motion to Compel on the grounds that the Court's concern regarding the Motion to Compel was no longer applicable, and the Court had stated that if a collective action were certified the information should be produced. Defendants again refused to produce any au pair contact information not explicitly covered by Judge Arguello's order, stating that "they continued to stand on our objection to the production of au pair contact information prior to the certification of a Rule 23 class."[3]

---

[1] A true and correct copy of excerpts of the hearing transcript are attached as Exhibit A.

[2] Judge Arguello's order also determined the au pair contact information that the FLSA Defendants must produce to facilitate notice to the class. It did not decide any issues regarding the subject of the Motion to Compel, namely the au pair information that must be produced as merits discovery (which is broader than for notice purposes and addressed to all Defendants). To Plaintiffs' knowledge, the affected Defendants intend to comply with the order regarding au pair notice information, and Plaintiffs do not intend by this letter to raise any issues regarding that order.

[3] True and correct copies of the e-mails reflecting these communications are attached as Exhibit B.

**BSF**

Plaintiffs request for au pair information for the purposes of merits discovery (in support of both the ultimate merits and the upcoming motion for Rule 23 certification) has been fully briefed as recently as the last few months, and was argued at a hearing a month ago today. Given the recent briefing of this issue, and the fact that the reason for the Court's denial of Plaintiffs' motion is no longer applicable, the most efficient course is for the Court to permit renewal of the au pair portion of the Motion to Compel and to decide the renewed motion without further briefing or argument. Plaintiffs respectfully request that relief and that Defendants be ordered to produce the au pair information requested in the Motion to Compel.

Respectfully submitted,

Joshua J. Libling

Encls.

CC: All Counsel (by ECF)

# Exhibit A



700 17th Street, Suite 1750
Denver, CO  80202
303-988-8470 (Office)   303-988-8478 (Fax)
SKReporting.com

1 disagree with the characterization of her testimony.  I don't
2 think I really should get into it because that's getting
3 quite far afield.  So the only thing I'll say is that we
4 think plaintiff Rascon's testimony was consistent with the
5 idea that she was paid the 95.75 for -- or sometimes 196.  It
6 was rounded up by one family, I believe, for her work as an
7 au pair.
8        And then I also -- I will quickly address the
9 ethics issues that counsel brought up.  First of all, this is
10 simply not relevant to whether we're entitled to receive host
11 family information.  There is no ethical bar on us receiving
12 host family contact information.  They argue that there are
13 ethical bars with what we can do with that information.  So
14 let's start with what we can obviously do.  And Your Honor
15 brought this up.  We could seek formal discovery.  If that's
16 what we want to do, we can do that.  And we can attempt to do
17 the equivalent of a statistical survey or whatever we want to
18 do through the formal discovery procedures that exist for
19 every third-party or nonparty deponent or subpoena recipient,
20 or what have you, you know, in a litigation such as this.  We
21 could do that.  In terms of the -- in terms of the surveys,
22 nobody is disputing that Rule 4.3 applies.  But, you know, we
23 can create a survey that is consistent with Rule 4.3.  And if
24 we feel that that's too difficult, maybe we won't, and maybe
25 we'll go the formal route.  It's really our issue to decide

1 and our issue to work out.  We are bound by the ethical
2 requirements.  There's no reason to believe that we -- that
3 we're incapable of sticking to our ethical requirements.  And
4 there's nothing in this rule that says informal surveys are
5 impermissible.  So with respect -- I think that issue is a
6 red herring.  It's unusual that the defendant gets up and is
7 worried about how effective the discovery the plaintiff wants
8 to take is going to be.  But in this case plaintiff has many
9 options.  And the core point is that we're entitled to the
10 information.  We are entitled to pursue information about the
11 actual compensation that au pairs received because defendants
12 have said that their documents which -- and at the risk of
13 really repeating myself at this point, the surveys, the form
14 contracts, the training materials, the advertisements,
15 everything, all of that doesn't show what au pairs were
16 actually paid.  That's their position.  We're entitled to
17 rebut it.  We need this information to do so.  Thank you,
18 Your Honor.
19        MS. LUKEY:  May I briefly respond, Your Honor?
20        THE COURT:  Yes.
21        MS. LUKEY:  Thank you.  First, Your Honor, with
22 regard to the plaintiffs' argument that they're entitled to
23 the au pair contact information not for purposes of reaching
24 out to the au pairs in advance of notice but for merits and
25 certification, if they cannot reach out to the au pairs

1 because notice has not been given, there's no way having the
2 contact information helps them with regard to the merits of
3 the case or to certification.  It's only by attempting to
4 gain information from the au pairs that they might
5 conceivably, they claim, find assistance with merits and
6 certification.  And, again, Your Honor, we believe that
7 should not be happening before an appropriate notice.  And
8 with regard to notice to the au pairs, we would also point
9 out that at least it is my recollection that before this
10 Court in a hearing or an informal conference maybe six weeks
11 ago the plaintiffs were talking about an au pair survey as a
12 means of gaining information that they would be able to use
13 for both their antitrust and other class claims.  Today what
14 we're hearing is much more focused on host families, which we
15 believe should be a second line and only after preliminary --
16 preliminary matters have been decided.
17        On the issue of the host families, I'm going to
18 close just by saying this:  And it may be more -- perhaps I'm
19 imposing personal observations on this, and if so I
20 apologize.  If you are a parent to the child you do not want
21 your address in the hands of strangers along with the
22 information that you have a child or children.  It is that
23 simple.  Thank you.
24        MR. LIBLING:  Your Honor, I won't argue.  I just
25 want to correct a misimpression.  We are seeking both au pair

1 and host family.  We do anticipate surveys to both.  That's
2 certainly things we are considering.  And I didn't mean to
3 imply that we couldn't reach out to the au pairs before
4 notice is sent.  I was drawing a distinction in the case law
5 between cases that say -- where the plaintiff says, I want
6 the information for notice purposes, and when a plaintiff
7 says, I want the information for merits or certification
8 purposes.  That's the distinction I meant to draw.  I
9 apologize if it was confusing.
10        THE COURT:  All right.  Thank you.  Well, let me
11 start by saying -- and I am going to flip through my notes a
12 bit here.  I don't have anything written out, prepared
13 because I did want to hear from all of you because I felt
14 like I was perhaps missing something.  I -- I don't think I
15 am anymore.  So -- but let me -- let me tell you that I'm
16 viewing host families and au pairs separately for the primary
17 reason that au pairs are the class members if you have a
18 class.  They're the class members.  And that is different
19 from the host families.  The host families are not class
20 members.  The host families are witnesses in the case
21 perhaps.  And they're not in any way going to be class
22 members.  That's -- that's not their role.  So I think for
23 that reason only that puts them in a different category
24 depending on how you want to look at it.  I've done many
25 collective action certifications.  And the -- the rules for

Page 53

1   a -- you know, certifying a collective initially are very
2   low.  And those -- those decisions are usually made pretty
3   quickly because the -- the bar is so low.  It concerns me
4   that the decision has not been made yet on that by Judge
5   Arguello.  And it is her case.  I have not talked to her
6   about the case.  I don't have any insight information at all.
7   But just as an observer who is, you know, looking at the
8   discovery in the case, that fact makes me think that there's
9   some reason why she has not ruled on it yet.
10        Now, I agree with the comments of Ms. Lukey.  And
11  I -- I believe I've probably made them to all of you before.
12  I think it's very likely that you will get a ruling on that
13  before March 31st because if you don't it's something she's
14  got to report.  And she doesn't ever report anything from
15  what I can see.  Right.  She always -- she's very
16  conscientious which makes me think there's a reason why she
17  hasn't ruled.  And so since I don't know what that reason is,
18  I feel that I need to respect it.  There's -- there's
19  something that's going on and, therefore, that puts the au
20  pairs category in a different position at this time.
21        There is a lot of case law that you don't give out
22  the class member's contact information until after you have a
23  collective -- or class in a case of a Rule 23 class.  I think
24  that there could -- could be an exception made in this case,
25  however, I really do think you're going to have a ruling on

Page 54

1   something by the end of the month.  I don't see any reason to
2   step on what is Judge Arguello's right to decide in this
3   case.  She did not refer that motion to me.  And so it's --
4   she's going to decide it.  If she certifies a collective
5   action, you better be prepared to give out the au pair list.
6   I mean, that's the next step because they are your putative
7   class.  So you have to do it then.  And I'm not going to
8   through a discovery order take that away from her prematurely
9   because it's just not my right to do that.  It's her right to
10  do it.  So for that reason I'm not going to grant the motion
11  with respect to the au pairs, the -- the names and addresses
12  and other contact information of the au pairs at this time.
13  I do want to state that I probably would if it -- we weren't
14  in March.  But we're here.  So let's see what Judge Arguello
15  says first.  Because if she says no, then the issue is
16  different.  If she says no collective, the -- the reason to
17  have 100,000 people produced to you is different.  And should
18  that go forward?  Should -- I mean, that -- it just changes
19  the whole landscape if she does not certify the collective, I
20  think, as far as producing the entirety of the au pair list.
21  I think there's still a very good argument to be made that --
22  in the antitrust claim that you are entitled to that
23  information, but I think that's an argument for another day.
24        So what that leaves me with is whether or not you
25  should get the information about the host families.  And as I

Page 55

1   said, I take them completely out of it because I don't think
2   it makes any difference whether or not there's been a class
3   action certified.  And, in fact, I find it very troubling --
4   and I -- I'm reading to you from document 489 which was the
5   defendants' opposition to the motion to compel.  Right on the
6   first page the defendants state -- and this, of course, isn't
7   filed on behalf of all defendants, but on -- on the majority
8   of them.  This is like the last full sentence on the page.
9   But as plaintiffs' motion to compel makes clear, plaintiffs
10  do not know whether all au pairs were paid the same amount or
11  whether they provided the same number of hours of childcare
12  per week.  Now they want to conduct an individualized inquiry
13  of au pairs and host families to attempt to determine whether
14  their allegations are accurate.  So you're using against the
15  plaintiffs the fact that they don't know what the au pairs
16  were paid, and yet the reason that they don't know what all
17  the au pairs were paid is because the sponsors didn't pay
18  them and will not give up the information about who did pay
19  them.  So you really cannot have it both ways.  I think this
20  is a situation where the host families -- absolutely the
21  contact information must be provided and should have been
22  provided long ago because the -- the sponsors are -- I -- I'm
23  assuming, absolutely truthfully saying, We don't know.  You
24  know, we don't pay them.  We let the host families know what
25  they have to pay them, what the stipend is.  And, you know,

Page 56

1   I'm not saying that it's necessarily wages.  But we -- we
2   just tell them what -- you have to give them the stipend.
3   And you have to do certain other things.  But if you give
4   them more, that's kind of up to you.  That's what the
5   defendants are saying that most of them will say.  So that
6   means the host families are the people who pay.  And that's
7   the only way that plaintiffs can find this information out.
8   And it's not fair to withhold the information from them and
9   then criticize them because they can't make their class
10  allegations stick because they don't know if everybody is in
11  the same position.  It's just not -- that's just not right.
12  This is a -- that is a wrong way to look at it.  And the host
13  families are not protected by the fact of being class members
14  because they're not class members.  So there's no problem
15  there with notice.
16        Now, I -- I grant you, I had my law clerk bring me
17  4.3 just to reread it.  I don't think it quite says what
18  the -- everybody -- or Ms. Lukey says it's -- I mean, I'm not
19  saying you said it wrong.  But the way you paraphrased it is
20  the way that I think lawyers look at things when they say,
21  You don't want to even touch it.  If it smells like a fish,
22  you know, just don't touch it.  And so -- but that's not
23  exactly what 4.3 says.  And I think that the plaintiffs could
24  contact all the host families.  They probably do need to have
25  some kind of advisory language in there about what they're

Page 57

1  doing.  They're representing a group of au pairs, you know,
2  in a -- in a proposed class action case at this point who
3  believe they were underpaid, or however you want to put it.
4  But -- but I think certainly that much of an advisement has
5  to go out and maybe more.  But that -- again, that's an issue
6  for another day too because the the -- what we're talking
7  about today is are they entitled to the information?  And I
8  think that in -- you know, absolutely, 100 percent, they are.
9  And I think they're -- like I said, I think they're entitled
10 to it now.
11        One of the arguments that the defendants brought
12 today was that the au pairs are the best source of wages.
13 But we're not going to give you the au pairs because it's not
14 time to give you the au pairs yet.  So -- so, yeah, that's
15 your best source, but you can't have that source.  So what's
16 the second best source?  Well, the second best source is the
17 host families.  Frankly, I think you're wrong about that.  I
18 think the host families are the better source, but I -- I'm
19 not sure that my opinion or your opinion or anyone else's
20 opinion really matters who's best or not.  But -- but where
21 can the plaintiffs get the information that they need?  And
22 they clearly need it.  If the sponsors had been able to
23 truthfully say, Hey, we -- we control this.  All the money
24 goes through us.  I was thinking like a staffing company, for
25 instance.  A staffing company that puts together employers

Page 58

1  and employees.  Some staffing companies don't have anything
2  to do with the money.  Some staffing companies actually pay
3  the employee, and they get their money by billing the
4  employer.  And so that the -- the difference between those
5  two things is their profits.  I'm not sure how it works in
6  the au pair industry.  No one has really told me how that
7  works.  But what I know is that from what the defendants have
8  said, they don't really control any other thing other than
9  making sure that the au pairs receive the stipend that
10 they're supposed to get.  And so they -- they can't act in
11 that role.  I think the logical place to get that
12 information, the most logical is the primarily United
13 States-based host families who have to, I'm going to say,
14 write a check.  But they may or may not write a check.  They
15 may give cash.  But who -- who actually are paying the money.
16 I think they're the best source of knowing what they paid.
17 They should know what they paid even if they don't file it on
18 tax returns.  And obviously Ms. Lukey is correct that
19 probably a lot of them -- well, maybe a lot of them don't.
20 It depends on whether you itemize, I suppose, and any number
21 of things.  But nonetheless, you know, if you don't itemize,
22 you might have a checking account that says, you know, To
23 Ms. So-and-so every week, so you know.
24        And so I think even if it's not perfect, it's the
25 best place to get it because the sponsors can't give it to

Page 59

1  them.  And they're entitled to it.
2        So I'm going to grant the motion to compel insofar
3  as the names and contact information for the host families.
4  Now, if you -- if the sponsors believe they should, it can
5  certainly go under a protective order.  Not an attorney's
6  eyes only protective order, but a regular protective order to
7  withhold addresses so that you're doing what you can to make
8  sure that the information is not in the public forum.  That's
9  not to say that plaintiffs can't use that information to
10 contact the host families.  But I don't see any reason why
11 the addresses of the host families should be in the local
12 newspaper or filed as anything in the court.  And that's
13 really what a protective order is for.  So I think there's
14 some value there.  I also think as a practical real matter, I
15 have children.  I was a federal prosecutor before I took the
16 bench.  And I couldn't withhold my address.  I tried.  But it
17 was all over the internet.  You know, so anybody could have
18 come and taken my child out of school too.  So I understand
19 the situation.  But in this day and age withholding
20 addresses, I don't think it does any good.  And -- and,
21 frankly, I don't think that's why the sponsors don't want to
22 give that up.  I don't believe that argument.  I think they
23 don't particularly want their clients to be contacted.  And I
24 understand.  But that's part of what we're doing here.
25        So, anyway, for those reasons I am going to grant

Page 60

1  the defendants' (sic) motion to compel in part on the host
2  families, but I'm going to deny it with respect to the names
3  and contact information of the au pairs.
4        Now, I am going to require that as to host
5  families, the names of the au pairs be provided.  So when you
6  give up a host family you say who the au pair is.  You don't
7  have to give up any contact information on the au pair,
8  however, at this point unless you want to because at the end
9  of this month if -- if Judge Arguello certifies the class, or
10 the collective, not really the class, then at least for those
11 defendants who are FLSA defendants that -- that information
12 is going to be given up anyway.  So you can decide if it's
13 easier or cheaper to do it all at once or not.
14        MS. LUKEY:  May I ask a clarifying question on
15 behalf of the sponsors?  Given that in each instance the
16 sponsors are going to be acting contrary to a contractual
17 provision, may they inform the host families that they are
18 giving out their contact information in advance?
19        THE COURT:  I don't see anything that would keep
20 you from --
21        MS. LUKEY:  Pursuant to court order --
22        THE COURT:  Yeah.
23        MS. LUKEY:  -- we'd have to tell them.
24        THE COURT:  Well, I don't see any reason why you
25 shouldn't tell them.  Do you have an argument against that?

# Exhibit B

| From: | Lukey, Joan |
|---|---|
| To: | Dawn Smalls; "brian@rietzlawfirm.com"; Buchanan, Bob; Joseph Cartafalsa; Brooke Colaizzi; Kathleen Craigmile; Raymond Deeny; Bogdan Enica; Martin Estevao; Chanda Feldkamp; Martha Fitzgerald; "fox@wtotrial.com"; John Fulfree; Jessica Fuller; Gass, Michael T.; "christian@dallahammond.com"; James Hartley; "mhartoonian@hollandhart.com"; Diane Hazel; Adam Hubbard; Joseph Hunt; William Kelly III; "sklopman@hklawllc.com"; Peggy Kozal; Lawrence Lee; James Lyons; Stephen Macri; "jmann@gordonrees.com"; "bmaschler@gordonrees.com"; David Meschke; Thomas Quinn; Kathryn Reilly; Meshach Rhoades; Susan Schaecher; Lawrence Stone; Robert Tucker; Heather Vickles; Kruzer, Lyndsey M.; Boyd, Patrick S. |
| Cc: | Peter Skinner; Matthew L. Schwartz; Joshua Libling; Maria Guarisco |
| Subject: | RE: Production of Au Pair Contact Information |
| Date: | Friday, April 7, 2017 7:41:39 PM |

Dawn –

    The FLSA Defendants will provide contact information in accord with Judge Arguello's order (*see* p. 12).   We join with Jim Hartley's objection on behalf of the antitrust-only Defendants to the production otherwise of au pair contact information prior to the certification of a Rule 23 class.

Joan A. Lukey
logo



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949
f 617.502.4949
joan.lukey@choate.com
www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Thursday, April 06, 2017 1:21 PM
**To:** 'brian@rietzlawfirm.com'; Buchanan, Bob; Joseph Cartafalsa; Brooke Colaizzi; Kathleen Craigmile; Raymond Deeny; Bogdan Enica; Martin Estevao; Chanda Feldkamp; Martha Fitzgerald; 'fox@wtotrial.com'; John Fulfree; Jessica Fuller; Gass, Michael T.; 'christian@dallahammond.com'; James Hartley; 'mhartoonian@hollandhart.com'; Diane Hazel; Adam Hubbard; Joseph Hunt; William Kelly III; 'sklopman@hklawllc.com'; Peggy Kozal; Lawrence Lee; Lukey, Joan; James Lyons; Stephen Macri; 'jmann@gordonrees.com'; 'bmaschler@gordonrees.com'; David Meschke; Thomas Quinn; Kathryn Reilly; Meshach Rhoades; Susan Schaecher; Lawrence Stone; Robert Tucker; Heather Vickles; Kruzer, Lyndsey M.; Boyd, Patrick S.
**Cc:** Peter Skinner; Matthew L. Schwartz; Joshua Libling; Maria Guarisco
**Subject:** RE: Production of Au Pair Contact Information

Counsel,

Please let Plaintiffs know whether you will now produce au pair contact information not expressly covered by Judge Arguello's order, or if Plaintiffs will have to renew their motion to compel to obtain that information by **tomorrow at 5:00 p.m.**

Thank you.

Dawn

**From:** Dawn Smalls
**Sent:** Friday, March 31, 2017 2:57 PM
**To:** 'brian@rietzlawfirm.com'; 'Buchanan, Bob'; 'Joseph Cartafalsa'; 'Brooke Colaizzi'; 'Kathleen Craigmile'; 'Raymond Deeny'; 'Bogdan Enica'; 'Martin Estevao'; 'Chanda Feldkamp'; 'Martha Fitzgerald'; 'fox@wtotrial.com'; 'John Fulfree'; 'Jessica Fuller'; 'Gass, Michael T.'; 'christian@dallahammond.com'; 'James Hartley'; 'mhartoonian@hollandhart.com'; 'Diane Hazel'; 'Adam Hubbard'; 'Joseph Hunt'; 'William Kelly III'; 'sklopman@hklawllc.com'; 'Peggy Kozal'; 'Lawrence Lee'; 'Lukey, Joan'; 'James Lyons'; 'Stephen Macri'; 'jmann@gordonrees.com'; 'bmaschler@gordonrees.com'; 'David Meschke'; 'Thomas Quinn'; 'Kathryn Reilly'; 'Meshach Rhoades'; 'Susan Schaecher'; 'Lawrence Stone'; 'Robert Tucker'; 'Heather Vickles'; 'Kruzer, Lyndsey M.'; 'Boyd, Patrick S.'
**Cc:** Peter Skinner; Matthew L. Schwartz; Joshua Libling; Maria Guarisco
**Subject:** Production of Au Pair Contact Information

Counsel:

In light of today's order granting Plaintiff's motion for conditional certification, I write to raise the issue of Defendants' production of au pair information.  Certain Defendants have been ordered to produce certain au pair contact information within 14 days to facilitate notice to the eleven FLSA classes and subclasses, but as you know Plaintiffs' request for such information for merits purposes was broader and directed at all Defendants.  Defendants have previously taken the position that they would not produce au pair information until after this motion was granted.  In addition, Judge Tafoya expressly based her denial of Plaintiffs' motion to compel au pair contact information on the pendency of the motion for conditional certification, even noting that she "probably would" have granted the motion were it not March.  (Mar. 10 Hr'g Tr. 54:13-14.)  Indeed, Judge Tafoya expressly stated, "If [Judge Arguello] certifies a collective action, you better be prepared to give out the au pair list."  (*Id.* at 54:4-5.)

Please let us know whether you will now produce au pair contact information in light of today's order, or force Plaintiffs to renew their motion to compel.

Dawn

Dawn L. Smalls
Partner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Ave
New York, NY 10022
212-754-4216 (Direct)
212-446-2350 (Fax)
dsmalls@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

For more information about Choate, Hall & Stewart LLP, please visit us at [choate.com](choate.com)

| From: | Meschke, David B. |
|---|---|
| To: | Jim Hartley; Dawn Smalls; Brian Birenbach; Robert Buchanan; Joseph B. Cartafalsa; Brooke Colaizzi; Kathleen Craigmile; Raymond Deeny; Bogdan Enica; Martin Estevao; Chanda Feldkamp; Fitzgerald, Martha L.; Grace Anne Fox; John B. Fulfree; Jessica L. Fuller; Michael Gass; "christian@dallahammond.com"; Diane Hazel; Adam Hubbard; Joseph Hunt; Bill Kelly; Susan Klopman; Peggy Kozal; Larry Lee; "Lukey, Joan"; James Lyons; "Stephen Macri"; Jack Mann; Brian Maschler; Tom Quinn; Katie Reilly; Meshach Rhoades; Susan Schaecher; Larry Stone; Robert M. Tucker; Heather Vickles; Lyndsey Kruzer; "Boyd, Patrick S." |
| Cc: | Peter Skinner; Matthew L. Schwartz; Joshua Libling; Maria Guarisco |
| Subject: | RE: Production of Au Pair Contact Information |
| Date: | Friday, April 7, 2017 6:13:53 PM |

Dawn,

EurAupair joins the views expressed in counsel for CHI's email below that the recent ruling does not compel the production of au pair contact information by the antitrust-only defendants, and stands on our objection to the production of au pair contact information prior to the certification of a Rule 23 class.

Best,

David

**David B. Meschke**
**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1219 tel
dmeschke@bhfs.com

---

**From:** Jim Hartley [mailto:JHartley@hollandhart.com]
**Sent:** Friday, April 07, 2017 2:10 PM
**To:** Dawn Smalls; Brian Birenbach; Robert Buchanan; Joseph B. Cartafalsa; Brooke Colaizzi; Kathleen Craigmile; Raymond Deeny; Bogdan Enica; Martin Estevao; Chanda Feldkamp; Fitzgerald, Martha L.; Grace Anne Fox; John B. Fulfree; Jessica L. Fuller; Michael Gass; 'christian@dallahammond.com'; Diane Hazel; Adam Hubbard; Joseph Hunt; Bill Kelly; Susan Klopman; Peggy Kozal; Larry Lee; 'Lukey, Joan'; James Lyons; 'Stephen Macri'; Jack Mann; Brian Maschler; Meschke, David B.; Tom Quinn; Katie Reilly; Meshach Rhoades; Susan Schaecher; Larry Stone; Robert M. Tucker; Heather Vickles; Lyndsey Kruzer; 'Boyd, Patrick S.'
**Cc:** Peter Skinner; Matthew L. Schwartz; Joshua Libling; Maria Guarisco
**Subject:** RE: Production of Au Pair Contact Information

Dawn,

As you know, my client, Cultural Homestay International, is a defendant only on the antitrust claim. Of course, Judge Arguello's order applies only to the motion for certification on the FLSA collective action claim. The recent ruling does not compel the production of au pair contact information by the antitrust-only defendants. Therefore, we continue to stand on our objection to the production of au pair contact information prior to the certification of a Rule 23 class. I am authorized to say that Au Pair International, Agent Au Pair, GreatAuPair, A.P.Ex. American Professional Exchange, 20/20 Care Exchange, USAuPair and APF Global Exchange join in the views expressed in this email. I should add that other defendants may well join in these views, but I have not contacted them.

If you have any questions, please contact me or the lawyers for one of the other defendants listed above.  Thanks very much.

Jim Hartley

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Thursday, April 06, 2017 11:21 AM
**To:** 'brian@rietzlawfirm.com'; 'Buchanan, Bob'; 'Joseph Cartafalsa'; 'Brooke Colaizzi'; 'Kathleen Craigmile'; 'Raymond Deeny'; 'Bogdan Enica'; 'Martin Estevao'; 'Chanda Feldkamp'; 'Martha Fitzgerald'; 'fox@wtotrial.com'; 'John Fulfree'; 'Jessica Fuller'; 'Gass, Michael T.'; 'christian@dallahammond.com'; Jim Hartley; 'mhartoonian@hollandhart.com'; 'Diane Hazel'; Adam Hubbard; 'Joseph Hunt'; 'William Kelly III'; 'sklopman@hklawllc.com'; 'Peggy Kozal'; 'Lawrence Lee'; 'Lukey, Joan'; 'James Lyons'; 'Stephen Macri'; 'jmann@gordonrees.com'; 'bmaschler@gordonrees.com'; 'David Meschke'; 'Thomas Quinn'; 'Kathryn Reilly'; 'Meshach Rhoades'; 'Susan Schaecher'; 'Lawrence Stone'; 'Robert Tucker'; 'Heather Vickles'; 'Kruzer, Lyndsey M.'; 'Boyd, Patrick S.'
**Cc:** Peter Skinner; Matthew L. Schwartz; Joshua Libling; Maria Guarisco
**Subject:** RE: Production of Au Pair Contact Information

Counsel,

Please let Plaintiffs know whether you will now produce au pair contact information not expressly covered by Judge Arguello's order, or if Plaintiffs will have to renew their motion to compel to obtain that information by **tomorrow at 5:00 p.m.**

Thank you.

Dawn

---

**From:** Dawn Smalls
**Sent:** Friday, March 31, 2017 2:57 PM
**To:** 'brian@rietzlawfirm.com'; 'Buchanan, Bob'; 'Joseph Cartafalsa'; 'Brooke Colaizzi'; 'Kathleen Craigmile'; 'Raymond Deeny'; 'Bogdan Enica'; 'Martin Estevao'; 'Chanda Feldkamp'; 'Martha Fitzgerald'; 'fox@wtotrial.com'; 'John Fulfree'; 'Jessica Fuller'; 'Gass, Michael T.'; 'christian@dallahammond.com'; 'James Hartley'; 'mhartoonian@hollandhart.com'; 'Diane Hazel'; 'Adam Hubbard'; 'Joseph Hunt'; 'William Kelly III'; 'sklopman@hklawllc.com'; 'Peggy Kozal'; 'Lawrence Lee'; 'Lukey, Joan'; 'James Lyons'; 'Stephen Macri'; 'jmann@gordonrees.com'; 'bmaschler@gordonrees.com'; 'David Meschke'; 'Thomas Quinn'; 'Kathryn Reilly'; 'Meshach Rhoades'; 'Susan Schaecher'; 'Lawrence Stone'; 'Robert Tucker'; 'Heather Vickles'; 'Kruzer, Lyndsey M.'; 'Boyd, Patrick S.'
**Cc:** Peter Skinner; Matthew L. Schwartz; Joshua Libling; Maria Guarisco
**Subject:** Production of Au Pair Contact Information

Counsel:

In light of today's order granting Plaintiff's motion for conditional certification, I write to raise the issue of Defendants' production of au pair information.  Certain Defendants have been ordered to

produce certain au pair contact information within 14 days to facilitate notice to the eleven FLSA classes and subclasses, but as you know Plaintiffs' request for such information for merits purposes was broader and directed at all Defendants.  Defendants have previously taken the position that they would not produce au pair information until after this motion was granted.  In addition, Judge Tafoya expressly based her denial of Plaintiffs' motion to compel au pair contact information on the pendency of the motion for conditional certification, even noting that she "probably would" have granted the motion were it not March.  (Mar. 10 Hr'g Tr. 54:13-14.)  Indeed, Judge Tafoya expressly stated, "If [Judge Arguello] certifies a collective action, you better be prepared to give out the au pair list."  (*Id.* at 54:4-5.)

Please let us know whether you will now produce au pair contact information in light of today's order, or force Plaintiffs to renew their motion to compel.

Dawn

Dawn L. Smalls
Partner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Ave
New York, NY 10022
212-754-4216 (Direct)
212-446-2350 (Fax)
dsmalls@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

STATEMENT OF CONFIDENTIALITY & DISCLAIMER: The information contained in this email message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify us immediately by calling (303)-223-1300 and delete the message. Thank you.

| From: | Peggy Kozal |
|---|---|
| To: | Dawn Smalls; "brian@rietzlawfirm.com"; "Buchanan, Bob"; "Joseph Cartafalsa"; "Brooke Colaizzi"; "Kathleen Craigmile"; "Raymond Deeny"; "Bogdan Enica"; "Martin Estevao"; "Chanda Feldkamp"; "Martha Fitzgerald"; "fox@wtotrial.com"; "John Fulfree"; "Jessica Fuller"; "Gass, Michael T."; "christian@dallahammond.com"; "James Hartley"; "mhartoonian@hollandhart.com"; "Diane Hazel"; "Adam Hubbard"; "Joseph Hunt"; "William Kelly III"; "sklopman@hklawllc.com"; "Lawrence Lee"; "Lukey, Joan"; "James Lyons"; "Stephen Macri"; Jack Mann; "David Meschke"; Thomas Quinn; "Kathryn Reilly"; "Meshach Rhoades"; "Susan Schaecher"; "Lawrence Stone"; "Robert Tucker"; "Heather Vickles"; "Kruzer, Lyndsey M."; "Boyd, Patrick S."; Nathan Huey |
| Cc: | Peter Skinner; Matthew L. Schwartz; Joshua Libling; Maria Guarisco |
| Subject: | RE: Production of Au Pair Contact Information |
| Date: | Friday, April 7, 2017 5:38:57 PM |

Dawn,

AuPairCare will produce the au pair contact information to the extent ordered by Judge Arguello. AuPairCare continues to stand on its objection to the production of au pair contact information beyond that until the certification of a class under Rule 23.  Thank you.

Peggy

**PEGGY E. KOZAL**
**Of Counsel**
**GORDON & REES**
**SCULLY MANSUKHANI**
Direct: 303-200-6888

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Thursday, April 06, 2017 11:21 AM
**To:** 'brian@rietzlawfirm.com'; 'Buchanan, Bob'; 'Joseph Cartafalsa'; 'Brooke Colaizzi'; 'Kathleen Craigmile'; 'Raymond Deeny'; 'Bogdan Enica'; 'Martin Estevao'; 'Chanda Feldkamp'; 'Martha Fitzgerald'; 'fox@wtotrial.com'; 'John Fulfree'; 'Jessica Fuller'; 'Gass, Michael T.'; 'christian@dallahammond.com'; 'James Hartley'; 'mhartoonian@hollandhart.com'; 'Diane Hazel'; 'Adam Hubbard'; 'Joseph Hunt'; 'William Kelly III'; 'sklopman@hklawllc.com'; Peggy Kozal; 'Lawrence Lee'; 'Lukey, Joan'; 'James Lyons'; 'Stephen Macri'; Jack Mann; Brian Maschler; 'David Meschke'; Thomas Quinn; 'Kathryn Reilly'; 'Meshach Rhoades'; 'Susan Schaecher'; 'Lawrence Stone'; 'Robert Tucker'; 'Heather Vickles'; 'Kruzer, Lyndsey M.'; 'Boyd, Patrick S.'
**Cc:** Peter Skinner; Matthew L. Schwartz; Joshua Libling; Maria Guarisco
**Subject:** RE: Production of Au Pair Contact Information

Counsel,

Please let Plaintiffs know whether you will now produce au pair contact information not expressly covered by Judge Arguello's order, or if Plaintiffs will have to renew their motion to compel to obtain that information by **tomorrow at 5:00 p.m.**

Thank you.

Dawn

**From:** Dawn Smalls

**Sent:** Friday, March 31, 2017 2:57 PM
**To:** 'brian@rietzlawfirm.com'; 'Buchanan, Bob'; 'Joseph Cartafalsa'; 'Brooke Colaizzi'; 'Kathleen Craigmile'; 'Raymond Deeny'; 'Bogdan Enica'; 'Martin Estevao'; 'Chanda Feldkamp'; 'Martha Fitzgerald'; 'fox@wtotrial.com'; 'John Fulfree'; 'Jessica Fuller'; 'Gass, Michael T.'; 'christian@dallahammond.com'; 'James Hartley'; 'mhartoonian@hollandhart.com'; 'Diane Hazel'; 'Adam Hubbard'; 'Joseph Hunt'; 'William Kelly III'; 'sklopman@hklawllc.com'; 'Peggy Kozal'; 'Lawrence Lee'; 'Lukey, Joan'; 'James Lyons'; 'Stephen Macri'; 'jmann@gordonrees.com'; 'bmaschler@gordonrees.com'; 'David Meschke'; 'Thomas Quinn'; 'Kathryn Reilly'; 'Meshach Rhoades'; 'Susan Schaecher'; 'Lawrence Stone'; 'Robert Tucker'; 'Heather Vickles'; 'Kruzer, Lyndsey M.'; 'Boyd, Patrick S.'
**Cc:** Peter Skinner; Matthew L. Schwartz; Joshua Libling; Maria Guarisco
**Subject:** Production of Au Pair Contact Information

Counsel:

In light of today's order granting Plaintiff's motion for conditional certification, I write to raise the issue of Defendants' production of au pair information.  Certain Defendants have been ordered to produce certain au pair contact information within 14 days to facilitate notice to the eleven FLSA classes and subclasses, but as you know Plaintiffs' request for such information for merits purposes was broader and directed at all Defendants.  Defendants have previously taken the position that they would not produce au pair information until after this motion was granted.  In addition, Judge Tafoya expressly based her denial of Plaintiffs' motion to compel au pair contact information on the pendency of the motion for conditional certification, even noting that she "probably would" have granted the motion were it not March.  (Mar. 10 Hr'g Tr. 54:13-14.)  Indeed, Judge Tafoya expressly stated, "If [Judge Arguello] certifies a collective action, you better be prepared to give out the au pair list."  (*Id.* at 54:4-5.)

Please let us know whether you will now produce au pair contact information in light of today's order, or force Plaintiffs to renew their motion to compel.

Dawn

<span style="color:red">Dawn L. Smalls</span>
Partner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Ave
New York, NY 10022
212-754-4216 (Direct)
212-446-2350 (Fax)
dsmalls@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from

disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

---

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Maryland * Massachusetts * Missouri * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON & REES LLP**
**http://www.gordonrees.com**