**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ, and
SARAH CAROLINE AZUELA RASCON,

Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., d/b/a Expert AuPair,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC., d/b/a Cultural Care Au Pair,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, d/b/a/ Aupair Foundation,
AMERICAN INSTITUTE FOR FOREIGN STUDY, d/b/a Au Pair in America,
AMERICAN CULTURAL EXCHANGE, LLC, d/b/a GoAuPair,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC, d/b/a ProAuPair,
20/20 CARE EXCHANGE, INC., d/b/a The International Au Pair Exchange,
ASSOCIATES IN CULTERUAL EXCANGE, d/b/a GoAu Pair, and
GOAUPAIR OPERATIONS, LLC,

Defendants.

---

**ORDER OVERRULING DEFENDANT CULTURAL CARE, INC.'S OBJECTION TO THE MAGISTRATE JUDGE**

---

This matter is before the Court on Defendant Cultural Care, Inc.'s ("Cultural Care") Rule 72(a) Objections to Order on Defendants' Motion to Strike. (Doc. # 495.) For the reasons detailed herein, the objection is overruled.

## I. BACKGROUND

In their Amended Complaint, Plaintiffs assert, *inter alia*, an antitrust claim against Defendants alleging collusion to set au pair wages at the minimum amount permitted by law. (Doc. # 101 at 20–35, 86–88.) Paragraphs 90-94 of the Amended Complaint include allegations relevant to the antitrust claim and are supported by interviews of certain Defendants' employees conducted by David Keil, a private investigator employed by the Plaintiffs.

On March 31, 2016, this Court adjudicated Defendants' motions to dismiss, and the anti-trust claim, among others, survived. (Doc. # 258.) The Defendants thereafter deposed Mr. Keil and obtained his telephone logs, which summarized the interviews that formed the basis of the anti-trust claim.

On August 11, 2016, Defendants filed their Joint Motion to Strike Repudiated Allegations and for Leave to File Reconstituted Motion to Dismiss Antitrust Claim. (Doc. # 327.) In that Motion, the Defendants alleged that Mr. Keil's logs and deposition testimony did not support the allegations in paragraphs 90-94 of the Amended Complaint and that the paragraphs should therefore be stricken pursuant to Fed. R. Civ. P. 12(f).

On February 13, 2017, Magistrate Judge Kathleen M. Tafoya issued an order concluding that the content of Mr. Keil's telephone logs and deposition testimony did in

fact support the antitrust allegations in the Amended Complaint, and denied Defendants' Motion to Strike. (Doc. # 490.)

Cultural Care filed the instant objection to the ruling of the Magistrate Judge on February 27, 2017 (Doc. # 495), and a companion motion for a hearing on its objection pursuant to CMA Civ. Practice Standard 7.1A(f) (Doc. # 496). Because this Court does not believe it would benefit from oral argument, the motion for hearing will be denied.

## II. LEGAL STANDARDS

*a) Review of the non-dispositive ruling of a Magistrate Judge*

District courts review magistrate judges' orders regarding non-dispositive motions under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless "'on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

*b) Fed. R. Civ. P. 12(f)*

Fed. R. Civ. P. 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, striking a portion of a pleading is a drastic remedy; federal courts generally view

motions to strike with disfavor and infrequently grant such requests. 5C Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1380 (3d ed. 2011). Given that motions to strike are disfavored and will only be granted under the rarest of circumstances, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, Case No. 08–cv–02053–LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008). Further, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club v. Tri-State Generation and Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. Feb. 6, 1997). In addition, regardless of whether the moving party has met its burden to prove that allegations contained in a pleading violate Rule 12(f) by being redundant, immaterial, impertinent or scandalous, discretion remains with the Court to grant or deny the motion. *See* Fed. R. Civ. P. 12(f) (denoting only that allegations which are subject to Rule 12(f) "may" be stricken).

## III. DISCUSSION

Culture Care objects to the ruling of Magistrate Judge Tafoya on the basis that her order is "predicated upon a clearly erroneous assessment of selective quotes in response to leading questions" from Mr. Keil, that the challenged allegations "cannot fairly support an antitrust claim" against the Defendants, and that the evidence generated through the interviews is both inappropriate and unreliable. Put differently, the objection is a transparent effort by Culture Care to relitigate the motions to dismiss adjudicated by this Court over a year ago by arguing that the evidence generated by the investigator is not a sufficient basis upon which to hold it liable for an antitrust violation.

This Court has carefully reviewed the ruling of the Magistrate Judge and cannot discern any error. The Magistrate Judge combed through the report generated by Mr. Keil, comparing each conversation with the antitrust allegations set forth in the Amended Complaint. She concluded those allegations were not "redundant, immaterial, impertinent, or scandalous matter" for the purpose of the extraordinary burden set forth in Fed. R. Civ. P. 12(f). Having reviewed the record in its entirety, this Court is not left with a "definite and firm conviction that a mistake has been committed." *Ocelot*, 847 F.2d at 1464. To the contrary, this Court wholeheartedly agrees with the conclusion of the Magistrate Judge that the allegations as pled are supported by the evidence generated by Mr. Keil.

The Court well understands the Defendant's argument that the evidence accompanying the antitrust allegations in the Amended Complaint is weak and open to different interpretations when read in context—a reality that was explicitly acknowledged in this Court's order adjudicating the motions to dismiss. *See* (Doc. # 258 at14) ("[T]he Court does recognize that this evidence – at least as it is currently pled – is "weak" direct evidence, insofar as it does not provide critical details, such as the individuals with whom the investigator spoke, and whether such individuals (who allegedly identified themselves as "Directors") had the authority to speak for one, much less all, of sponsor Defendants.). But just as a motion to dismiss is an inappropriate vehicle to test the sufficiency of the evidence, so is a motion brought pursuant to Fed. R. Civ. P. 12(f). Culture Care and all of the defendants in this case will have ample opportunity to dispute the sufficiency of the evidence, either through a motion for summary judgment,

or in front of a jury. The parties to this dispute enjoy the able representation of zealous counsel, who have vigorously litigated this case from the moment of filing. The Court would advise, however, that counsel expend their precious resources moving this case forward, and not fixating on matters that are long past settled.

In accordance with the foregoing, it is hereby ORDERED that Defendant Cultural Care, Inc.'s Rule 72(a) Objections to Order on Defendants' Motion to Strike (Doc. # 495) are OVERRULED. It is

FURTHER ORDERED that Defendant Cultural Care, Inc.'s Motion for Oral Argument Regarding Its Rule 72(a) Objections to Order on Defendants' Motion to Strike (Doc. # 496) is DENIED AS MOOT.

DATED: June 9, 2017

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge