IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.
_____

**UNOPPOSED MOTION FOR RESTRICTED ACCESS (LEVEL ONE) TO CONFIDENTIAL EXHIBITS TO THE DECLARATION OF SEAN RODRIGUEZ (ECF. Nos. 558-6, 558-9 to 558-14, 558-15, 558-16, 558-17, 558-19 to 558-25, 560-65)**
_____

Defendant AuPairCare, Inc., through undersigned counsel, hereby submits this Unopposed Motion for Restricted Access to certain exhibits to the Declaration of Sean Rodriguez (ECF. Nos. 558-6, 558-9 to 558-14, 558-15, 558-16, 558-17, 558-19 to 558-25, 560-65).

1. D.C.COLO.LCivR 7.1(A) Certification: Undersigned counsel certifies that before filing this Motion, she conferred with counsel for Plaintiffs and was advised Plaintiffs do not oppose this Motion.

In compliance with D.C.COLO.LCivR 7.2B and the Court's Pretrial Procedures 7.1E(d)(1), Defendant states as follows:

2. This putative class action lawsuit involves Plaintiffs' claims that Defendants set weekly wages for sponsored au pairs at unlawfully low rates. The documents for which restriction is sought include medical records, personal identifying information of nonparties and confidential and proprietary business information. All of the foregoing, are private confidential or proprietary and appropriately restricted from public access.

3. Personal identifying information and medical records are confidential under Fed. R. Civ. P. 26(c)). *See Morris v. City of Colo. Springs*, No. 09-cv-01506-PAB-MEH, 2009 U.S. Dist. LEXIS 122239, at *3-4 (D. Colo. Dec. 18, 2009) (medical records fall within the scope of confidential documents under Fed. R. Civ. P. 26(c)); *see also Gianzero v. Wal-Mart Stores, Inc.*, No. 09-cv-00656-REB-BNB, 2011 U.S. Dist. LEXIS 74227, at *15 (D. Colo. July 8, 2011) (recognizing personal identifying information as confidential).

4. Privacy and preservation of trade secrets are among the interests which have been found to overcome the presumption of openness. *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010). "Access properly is denied where court

files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Services, LLC v. Garrett*, 2011 U.S. Dist. LEXIS 41527, 2011 WL 1375117 at *3 (D. Colo. April 12, 2011).

5. The public has no legitimate interest in Plaintiff Julian Harning's medical history or personal identifying information, thus her interest in protecting such information is not outweighed by the presumption of public access. Similarly, a party's right to privacy of confidential, proprietary trade secrets, such as contracts, handbooks and business information, overcomes the presumption of openness because public access could harm Defendant's competitive standing.

6. Defendant seeks the least restrictive level of access at Level 1, which limits access to the parties and the Court to the following documents:

Exhibit 6, ECF No. 558-6, Excerpts of Deposition of Sarah McNamara, pages 25-28, 34-39, 68-72, 111-115. Ms. McNamara testified about confidential business communications, AuPairCare's contracts and handbooks, which are proprietary and constitute trade secrets. Defendant has narrowly tailored its request and seeks only restriction to those pages of the deposition wherein Ms. McNamara discusses confidential information. Attached as Exhibit A is Ms. McNamara's deposition with the portions containing confidential information redacted, which can be available to the public. Accordingly, Defendant requests the Court maintain ECF. No 558-6 as level-one restricted access and that Exhibit A be filed as available for public inspection.

Exhibit Nos. 9-14, ECF. Nos. 558-9 to 558-14 contain Defendant AuPairCare's Au Pair Agreements, which are confidential proprietary trade secrets and have been marked "Attorney's Eyes Only" ("AEO") without objection. Defendant requests the Court maintain ECF. Nos. 558-9 to 558-14 as level-one restricted access as these documents contain confidential proprietary trade secrets.

Exhibit 15, ECF No. 558-15 contains Defendant AuPairCare's Host Family Agreement, which is confidential, proprietary trade secret and has been marked AEO without objection. Defendant requests the Court maintain ECF. No. 558-15 as level-one restricted access as this document is a confidential proprietary trade secrets.

- 3 -

Exhibit 16, ECF No. 558-16 contains Defendant AuPairCare's Handbook, which is confidential, proprietary trade secret and has been marked AEO without objection. Defendant requests the Court maintain ECF. No. 558-16 as level-one restricted access as this document is a confidential proprietary trade secret.

Exhibit 17, ECF No. 558-17 contains Plaintiff' Juliane Harning's medical report, which is confidential and private and has been marked AEO without objection. Defendant requests the Court maintain ECF. No. 558-17 as level-one restricted access as this document contains private medical information.

Exhibit Nos. 19-25, ECF. Nos. 558-19 to 558-25 contains Defendant AuPairCare's Host Family Agreements, which are confidential proprietary trade secrets and have been marked AEO without objection. Defendant requests the Court maintain ECF. Nos. 558-19 to 558-25 as level-one restricted access as these documents contain confidential proprietary trade secrets.

Exhibit 146, ECF No. 560-65, pages 70, 72-73 contains exhibits to Plaintiffs' Expert, William Kerr's report summarizing proprietary information regarding Defendants' contracts, training and business. Attached as Exhibit C is Exhibit 146 with the proprietary business information redacted. Accordingly, Defendant requests the Court maintain ECF. No 560-65 as level-one restricted access and that Exhibit B be filed for public inspection.

7. If access is not restricted, private medical and proprietary business information would be publically accessible. A party's right to privacy of confidential, proprietary trade secrets, such as contracts, handbooks and business information, overcomes the presumption of openness because public access could harm Defendant's competitive standing.

8. Furthermore, Defendant seeks the least restrictive level of access at Level 1, which limits access to the parties and the Court.

WHEREFORE, for good cause shown, Defendant AuPairCare requests that the Court enter an order restricting access to the exhibits referenced herein. A proposed Order granting the relief requested herein is filed contemporaneously.

Respectfully submitted this 16th day of June, 2017.

*s/Heather Kelly*
Thomas B. Quinn, Atty No. 17955
Peggy E. Kozal, Atty No. 33700
Heather K Kelly, Atty No. 36052
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 534-5160
Fax: (303) 534-5161
tquinn@gordonrees.com
pkozal@gordonrees.com
hkelly@gordonrees.com
***Attorneys for Defendant AuPairCare, Inc.***

## CERTIFICATE OF SERVICE (CM/ECF)

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system, which will send notification to all counsel referenced below, and/or sent via electronic mail on this the 16th day of June, 2017 addressed to:

| | | |
|---|---|---|
| Lauren F. Louis<br>Sigrid S. McCawley<br>Sabria McElroy<br>Matthew L. Schwartz<br>Peter M. Skinner<br>Randall W. Jackson<br>Dawn L. Smalls<br>Joshua Libling<br>Sean P. Rodriguez<br>Juan P. Valdivieso<br>BOIES SCHILLER & FLEXNER, LLP<br>llouis@bsfllp.com<br>smccawley@bsfllp.com<br>smcelroy@bsfllp.com<br>mlschwartz@bsfllp.com<br>pskinner@bsfllp.com<br>rjackson@bsfllp.com<br>dsmalls@bsfllp.com<br>jlibling@bsfllp.com | Brooke A. Colaizzi<br>Raymond M. Deeny<br>Heather F. Vickles<br>Joseph H. Hunt<br>Alyssa L. Levy<br>SHERMAN & HOWARD, LLC<br>bcolaizzi@shermanhoward.com<br>rdeeny@shermanhoward.com<br>hvickles@shermanhoward.com<br>jhunt@shermanhoward.com<br>alevy@shermanhoward.com<br>***Attorneys for Defendant InterExchange, Inc.*** | William J. Kelly, III<br>Chanda M. Feldkamp<br>KELLY & WALKER, LLC<br>wkelly@kellywalkerlaw.com<br>cfeldkamp@kellywalkerlaw.com<br>***Attorneys for Defendant USAuPair, Inc.*** |

| | | |
|---|---|---|
| srodriguez@bsfllp.com<br>jvaldivieso@bsfllp.com<br>    and<br>Alexander N. Hood<br>TOWARDS JUSTICE – DENVER<br>alex@towardsjustice.org<br>***Attorneys for Plaintiffs*** | | |
| Meshach Y. Rhoades<br>Martin J. Estevao<br>Vance O. Knapp<br>ARMSTRONG TEASDALE, LLP<br>mrhoades@armstrongteasdale.com<br>mestevao@armstrongteasdale.com<br>vknapp@armstrongteasdale.com<br>***Attorneys for Defendant GreatAuPair, LLC*** | Bogdan Enica<br>BOGDAN ENICA, ATTORNEY AT LAW<br>bogdane@hotmail.com<br>***Attorney for Defendant Expert Group International, Inc. d/b/a Expert AuPair*** | David B. Meschke<br>Martha L. Fitzgerald<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>dmeschke@bhfs.com<br>mfitzgerald@bhfs.com<br>***Attorneys for Defendant EurAupair InterCultural Child Care Programs*** |
| James E. Hartley<br>Adam A. Hubbard<br>Jonathan S. Bender<br>HOLLAND & HART, LLP<br>jhartley@hollandhart.com<br>aahubbard@hollandhart.com<br>jsbender@hollandhart.com<br>***Attorneys for Defendant Cultural Homestay International*** | Brian A. Birenbach<br>RIETZ LAW FIRM, LLC<br>brian@rietzlawfirm.com<br>    and<br>Kathryn A. Reilly<br>Grace A. Fox<br>Natalie West<br>WHEELER TRIGG O'DONNELL, LLP<br>reilly@wtotrial.com<br>fox@wtotrial.com<br>west@wtotrial.com<br>***Attorneys for Defendants Au Pair International, Inc.; American Cultural Exchange, LLC d/b/a GoAuPair*** | Kathryn A. Reilly<br>Grace A. Fox<br>Natalie West<br>WHEELER TRIGG O'DONNELL, LLP<br>reilly@wtotrial.com<br>fox@wtotrial.com<br>west@wtotrial.com<br>***Attorney for Defendant Agent Au Pair*** |
| Lawrence L. Lee<br>Susan M. Schaecher<br>FISHER & PHILLIPS, LLP<br>llee@laborlawyers.com<br>sschaecher@laborlawyers.com<br><br>and<br><br>John B. Fulfree | Eric J. Stock<br>Gibson, Dunn & Crutcher LLP<br>estock@gibsondunn.com<br>mao@gibsondunn.com<br>***Attorneys for Defendant American Institute for Foreign Study d/b/a Au*** | Joan A. Lukey<br>Robert M. Buchanan, Jr.<br>Michael T. Gass<br>Justin J. Wolosz<br>Lyndsey M. Kruzer<br>Kevin P. O'Keefe<br>CHOATE, HALL & STEWART, LLP |

| | | |
|---|---|---|
| Joseph B. Cartafalsa<br>Robert M. Tucker<br>Stephen J. Macri<br>PUTNEY, TWOMBLY, HALL & HIRSON, LLP<br>jfulfree@putneylaw.com<br>jcartafalsa@putneylaw.com,<br>jbc54@cornell.edu<br>rtucker@putneylaw.com,<br>robert.m.tucker1@gmail.com<br>smacri@putneylaw.com<br><br>**Attorneys for Defendants APF Global Exchange, NFP d/b/a Aupair Foundation; American Institute for Foreign Study d/b/a Au Pair in America** | **Pair in America**<br><br>Lawrence D. Stone<br>Kathleen E. Craigmile<br>NIXON SHEFRIN HENSEN OGBURN, P.C.<br>lstone@nixonshefrin.com<br>kcraigmile@nixonshefrin.com<br>**Attorneys for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair;<br>20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange** | joan.lukey@choate.com<br>rbuchanan@choate.com<br>mgass@choate.com<br>jwolosz@choate.com<br>lkruzer@choate.com<br>kokeefe@choate.com<br>  and<br>Diane R. Hazel<br>James M. Lyons<br>Jessica L. Fuller<br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>dhazel@lrrc.com<br>jlyons@lrrc.com<br>jfuller@lrrc.com<br>**Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair** |

*/s/Heather Kelly*
For Gordon & Rees LLP

- 7 -