IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*,

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*,

    Defendants.

**DEFENDANT CULTURAL CARE, INC.'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL [ECF NOS. 558, 559, 560]**

    Pursuant to D.C.COLO.LCivR 7.2, Defendant Cultural Care, Inc. ("Cultural Care"), hereby moves the Court for an Order restricting public access, under Level 1, for certain information contained in (i) Plaintiffs' Motion for Rule 23 Class Certification and Appointment of Counsel ("Motion for Class Certification") [ECF No. 559], and (ii) certain exhibits accompanying the Motion for Class Certification.  In support thereof, Cultural Care states as follows:

    1.    As required by D.C.COLO.LCivR 7.1(a), counsel for Cultural Care conferred with Plaintiffs' counsel in good faith regarding this motion and is authorized to state that Plaintiffs do not oppose the relief requested herein.

    2.    All parties to this action have stipulated to a Protective Order ("Stipulated Protective Order") that is consistent with the requirements set forth in *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, App. A (D. Colo. 2000).

    3.    The Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to

interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure of discovery duties created by the Federal Rules of Civil Procedure." Stipulated Protective Order ¶ 1 [ECF No. 305].

4. Pursuant to the Stipulated Protective Order, all parties have agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Level 1 or Level 2 restricted access. *Id.* ¶ 8.

5. On June 3, 2017, Plaintiffs filed their Motion for Class Certification and the Declaration of Sean P. Rodriguez in Support of that Motion ("Rodriguez Declaration") (ECF Nos. 558, 559). The Motion for Class Certification and certain exhibits from the Rodriguez Declaration contain Cultural Care's confidential, proprietary information. As detailed below, publicizing this confidential, proprietary information would cause Cultural Care—and potentially third parties—serious injury.

6. In accordance with D.C.COLO.LCivR 7.2(c)(1) and (2), Cultural Care identifies the documents for which restriction is sought and the interests to be protected as follows:

    ***a.*** ***Exhibit 50 and References to Exhibit 50 in the Motion for Class Certification***

Attached as Exhibit 50 [ECF No. 558-50] to the Rodriguez Declaration is an email exchange between Cultural Care and another sponsor discussing the substance and participation in certain Congressional meetings and is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Because Exhibit 50 reflects personally identifying information about the members of those meetings and reveals information about Cultural Care's business strategies, Cultural Care seeks to retain Exhibit 50 as

Level 1 restricted access. Cultural Care thus requests that the original, unredacted version of Exhibit 50 retain Level 1 restricted access.

The Motion for Class Certification discusses Exhibit 50 on page 7, footnote 7. Cultural Care requests that the text describing and discussing Exhibit 50 be restricted as reflected in the redacted version of the Motion for Class Certification attached hereto as **Exhibit A**.[1] This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of the Motion for Class Certification remain under Level 1 restricted access.

### b.     *Exhibit 55*

Exhibit 55 [ECF No. 558-55] is a copy of excerpts from the Fed. R. Civ. P. 30(b)(6) testimony of Cultural Care representative Natalie Jordan, and portions of this testimony have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Because certain parts of Ms. Jordan's testimony reveal competitively sensitive and/or confidential business information, Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibit 55 attached hereto as **Exhibit B**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted Exhibit 55 remain under Level 1 restricted access.

### c.     *Exhibit 56*

Attached as Exhibit 56 [ECF No. 558-56] to the Rodriguez Deposition is an internal Cultural Care document regarding internal organization and staffing and is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Because of the

---

[1] Cultural Care recognizes that other Defendants may move to restrict other portions of the Motion for Class Certification. If it would be helpful to the Court, a compiled, redacted version of the Motion for Class Certification can be filed within a reasonable time after the Court's orders on the motions to restrict access.

competitively sensitive information and confidential business information in Exhibit 56, Cultural Care requests that the entirety of Exhibit 56 retain Level 1 restricted access.

### d.   Exhibit 57

Attached as Exhibit 57 [ECF No. 558-57] to the Rodriguez Deposition are Cultural Care's audited financial statements from 2009 to 2010 and is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Because of the confidential financial information in Exhibit 57, Cultural Care requests that the entirety of Exhibit 57 retain Level 1 restricted access.

### e.   Exhibit 58 and references to Exhibit 58 in the Motion for Class Certification

Attached as Exhibit 58 [ECF No. 558-58] to the Rodriguez Declaration is an internal Cultural Care competitive analysis document marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Because Exhibit 58 contains competitively sensitive business information, Cultural Care requests that the entirety of Exhibit 58 retain Level 1 restricted access.

The Motion for Class Certification references Exhibit 58 on page 5, footnote 7. Cultural Care requests that the text describing Exhibit 58 be restricted as reflected in the redacted version of the Motion for Class Certification. *See* Ex. A. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of the Motion for Class Certification remain under Level 1 restricted access.

### f.   Exhibit 62 and References to Exhibit 62 in the Motion for Class Certification

Attached as Exhibit 62 [ECF No. 558-62] to the Rodriguez Declaration is (i) an agreement between Cultural Care's international affiliate and an au pair, and (ii) the au

4

pair's university transcript.  Exhibit 62 is marked "CONFIDENTIAL."  Because Exhibit 62 contains both confidential business information and personally identifying information of the au pair, Cultural Care requests that the entirety of Exhibit 62 retain Level 1 restricted access.

The Motion for Class Certification references Exhibit 62 on page 17, footnote 23. Cultural Care requests that the text describing and discussing Exhibit 62 be restricted as reflected in the redacted version of the Motion for Class Certification.  *See* Ex. A. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of the Motion for Class Certification remain under Level 1 restricted access.

### g.     Exhibit 63

Attached as Exhibit 63 [ECF No. 558-63] to the Rodriguez Deposition is an internal Cultural Care document describing key aspects of its business and is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Because of the competitively sensitive information and confidential business information in Exhibit 63, Cultural Care requests that the entirety of Exhibit 63 retain Level 1 restricted access.

### h.     *Exhibit 65 and References to Exhibit 65 in the Motion for Class Certification*

Attached as Exhibit 65 [ECF No. 558-65] to the Rodriguez Declaration is an email chain among employees of Cultural Care and its international affiliate regarding competitively sensitive information and is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Consequently, Cultural Care requests that Exhibit 65 retain Level 1 restricted access.

The Motion for Class Certification references Exhibit 65 on page 29. Cultural Care requests that the text describing and discussing Exhibit 65 be restricted as reflected in the redacted version of the Motion for Class Certification. *See* Ex. A. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of the Motion for Class Certification remain under Level 1 restricted access.

### i.   Exhibit 122

Attached as Exhibit 122 [ECF No. 560-36] to the Rodriguez Deposition is a copy of excerpts from the testimony of Sarah Carolina Azuela. The transcript reveals personally identifying information about host families. Cultural Care requests that the testimony identifying host families by name be restricted according to the redactions in the version of Exhibit 122 attached hereto as **Exhibit C**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of Exhibit 122 retain Level 1 restricted access.

7.   In accordance with D.C.COLO.LCivR 7.2(c)(2) and (3), there is a legitimate interest in protecting the information and data that Cultural Care has identified herein, which outweighs the presumption of public access. *See SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *1 (D. Colo. July 16, 2012). If access is not restricted, Cultural Care's confidential and sensitive business information would be improperly available within the public domain causing it serious injury. *Id.* at *2 ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness."). In addition, many of these exhibits and references to the exhibits in the Motion for Class Certification contain personally identifying information of

third parties.  Accordingly, the public interest will not be served by these documents being exposed to public view.

8. In accordance with D.C.COLO.LCivR 7.2(c)(4), the restrictions sought by Cultural Care are tailored to the confidential, proprietary, and sensitive business information and personal information to be protected.  Cultural Care has sought the least restrictive means to protecting this information by, for example, redacting documents when possible instead of wholly restricting them.  No alternative restrictions are practicable.  See SOLIDFX, 2012 WL 2917116 at *1.

WHEREFORE, for the foregoing reasons, Cultural Care respectfully requests that this Court issue an Order (i) restricting public access, under Level 1, to Exhibits 50, 56, 57, 58, 62, 63, and 65 and (ii) substituting redacted versions of the Motion for Class Certification, Exhibit 55, and Exhibit 122, and for such further relief as the Court deems just and proper.

Respectfully submitted this 16th day of June, 2017

*s/ Jessica L. Fuller*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com)
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

*Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 16, 2017, I caused to be electronically filed the foregoing DEFENDANT CULTURAL CARE, INC.'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

                                        *s/ Jessica L. Fuller*
                                        Jessica L. Fuller