IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*,

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*,

    Defendants.

**DEFENDANT CULTURAL CARE, INC.'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' MOTION TO AMEND AND INCORPORATED MEMORANDUM OF LAW [ECF NO. 561]**

Pursuant to D.C.COLO.LCivR 7.2, Defendant Cultural Care, Inc. ("Cultural Care"), hereby moves the Court for an Order restricting public access, under Level 1 restricted access, for certain information contained in Plaintiffs' Motion to Amend and Incorporated Memorandum of Law ("Motion to Amend") [ECF No. 561]. In support thereof, Cultural Care states as follows:

    1.    As required by D.C.COLO.LCivR 7.1(a), counsel for Cultural Care conferred with Plaintiffs' counsel in good faith regarding this motion and is authorized to state that Plaintiffs do not oppose the relief requested herein.

    2.    All parties to this action have stipulated to a Protective Order ("Stipulated Protective Order") that is consistent with the requirements set forth in *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, App. A (D. Colo. 2000).

    3.    The Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed pursuant to the disclosure of discovery duties created by the Federal Rules of Civil Procedure." Stipulated Protective Order ¶ 1 [ECF No. 305].

4. Pursuant to the Stipulated Protective Order, all parties have agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Level 1 or Level 2 restricted access. *Id.* ¶ 8.

5. On June 3, 2017, Plaintiffs filed their Motion to Amend [ECF No. 561] under restricted access Level 1. As detailed below, the Motion to Amend contains confidential, proprietary information that would cause Cultural Care serious injury if exposed to public view.

6. In accordance with D.C.COLO.LCivR 7.2(c)(1) and (2), Cultural Care identifies the documents for which restriction is sought and the interests to be protected as follows:

### a. *Confidential Information in the Motion to Amend*

The Motion to Amend [ECF No. 561] reveals confidential business information and competitively sensitive information about Cultural Care and its international affiliate, International Care, Ltd. ("ICL"). This includes information as to how Cultural Care operates its au pair business, Cultural Care's financial information, and Cultural Care's business relationships. Cultural Care requests that this confidential information be restricted as reflected in the redacted version of the Motion to Amend attached hereto as **Exhibit A**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of the Motion to Amend remain under Level 1 restricted access.

### b. *Confidential Information in the Declaration of Joshua Libling*

The Declaration of Joshua J. Libling [ECF No. 561-1] ("Libling Declaration") to the Motion to Amend designates the relevant exhibits to Plaintiffs' proposed Third Amended Complaint. The Libling Declaration describes Exhibits 6 and 7 to the proposed Third Amended Complaint, which contain confidential business information and, as noted below, Cultural Care requests that these retain Level 1 restricted access. Accordingly, Cultural Care requests that the text in the Libling Declaration describing Exhibits 6 and 7 be restricted as reflected in the redacted version of the Libling Declaration attached hereto as **Exhibit B**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of the Libling Declaration retain Level 1 restricted access.

### c. *Confidential Information in the Third Amended Complaint*

Plaintiffs' proposed Third Amended Complaint [ECF No. 561-2] and the redlined version of their Third Amended Complaint [ECF No. 561-3] filed with their Motion to Amend reveal confidential business and competitively sensitive information about Cultural Care. This includes information as to how Cultural Care operates its au pair business, Cultural Care's financial information, contracts or agreements Cultural Care may have with other entities, and Cultural Care's business relationships. Cultural Care requests that this confidential information be restricted as reflected in the redacted versions of the proposed Third Amended Complaint and redlined Third Amended Complaint, attached hereto as **Exhibit C** and **Exhibit D**, respectively. These redacted versions may be filed in the public record, but Cultural Care requests that the original, unredacted versions of the Third Amended Complaint remain under Level 1 restricted access.

### d.     *Exhibit 4*

Exhibit 4 [ECF No. 561-5] to the Motion to Amend is a copy of excerpts from the Fed. R. Civ. P. 30(b)(6) deposition testimony of Cultural Care representative Natalie Jordan, portions of which have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Exhibit 4 reveals confidential business information about Cultural Care, its agreements with affiliated entities, and competitively sensitive information about its business operations.  Cultural Care requests that this confidential information be restricted as reflected in the redacted version of Exhibit 4 attached hereto as **Exhibit E**.  This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of Exhibit 4 remain under Level 1 restricted access.

### e.     *Exhibit 6*

Exhibit 6 [ECF No. 561-7] to the Motion to Amend is a copy of Cultural Care's audited financial statements from 2011 and 2012 and is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Because of the confidential business information contained throughout Exhibit 6, Cultural Care requests to retain Exhibit 6 as Level 1 restricted access.

### f.     *Exhibit 7*

Exhibit 7 [ECF No. 561-8] to the Motion to Amend is an email from Cultural Care's counsel to Plaintiffs' counsel regarding the production of Cultural Care agreements that Cultural Care designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Exhibit 7 reveals confidential business information about Cultural Care and its operations.  Cultural Care requests that this confidential information be restricted as reflected in the redacted version of Exhibit 7 attached hereto as **Exhibit F**.  This

redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of Exhibit 7 remain under Level 1 restricted access.

### g. Exhibit 8

Exhibit 8 [ECF No. 561-9] to the Motion to Amend is an email chain that includes communications among Cultural Care employees and outside counsel regarding competitively sensitive information. Exhibit 8 is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Cultural Care requests that this confidential information be restricted as reflected in the redacted version of Exhibit 8 attached hereto as **Exhibit G**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of Exhibit 8 remain under Level 1 restricted access.

### h. Exhibit 9

Exhibit 9 [ECF No. 561-10] to the Motion to Amend is an excerpt from Cultural Care's privilege log and is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Exhibit 9 reveals personally identifying information about host families. Cultural Care requests that this personal and sensitive information be restricted as reflected in the redacted version of Exhibit 9 attached hereto as **Exhibit H**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of Exhibit 9 retain Level 1 restricted access.

7. In accordance with D.C.COLO.LCivR 7.2(c)(2) and (3), there is a legitimate interest in protecting the information and data that Cultural Care has identified herein, which outweighs the presumption of public access. *See SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *1 (D. Colo. July 16, 2012). If access is not restricted, Cultural Care's confidential and

sensitive business information would be improperly available within the public domain causing it serious injury. *Id.* at *2 ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness."). In addition, some of these exhibits contain personally identifying information about host families and third parties. Accordingly, the public interest will not be served by these documents being exposed to public view.

8.  In accordance with D.C.COLO.LCivR 7.2(c)(4), the restrictions sought by Cultural Care are tailored to the confidential, proprietary, and sensitive business information and personal information to be protected. Cultural Care has sought the least restrictive means to protecting this information by, for example, redacting documents when possible instead of wholly restricting them. No alternative restrictions are practicable. *See SOLIDFX*, 2012 WL 2917116 at *1.

WHEREFORE, for the foregoing reasons, Cultural Care respectfully requests that this Court issue an Order (i) restricting public access to Level 1 for Exhibit 6 and (ii) substituting the redacted versions of the Motion to Amend, Libling Declaration, proposed Third Amended Complaint, redlined Third Amended Complaint, Exhibit 4, Exhibit 7, Exhibit 8, and Exhibit 9, and for such further relief as the Court deems just and proper.

Respectfully submitted this 16th day of June, 2017

*s/ Jessica L. Fuller*
Joan A. Lukey
(joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com)
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

*Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair*

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 16, 2017, I caused to be electronically filed the foregoing DEFENDANT CULTURAL CARE, INC.'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' MOTION TO AMEND AND INCORPORATED MEMORANDUM OF LAW with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

                                              *s/ Jessica L. Fuller*
                                                 Jessica L. Fuller