# Exhibit A
## to Cultural Care, Inc.'s Unopposed Motion to Restrict Public Access (Level 1) to Plaintiffs' Motion to Amend and Incorporated Memorandum of Law

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**PLAINTIFFS' MOTION TO AMEND AND INCORPORATED MEMORANDUM OF LAW**

---

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C. COLO.LCiv.R. 7.1(A)

Pursuant to D.C. Colo. L. Civ. R. 7.1(a), plaintiffs conferred with counsel for all defendants via email on June 2, 2017, regarding defendants' position on plaintiffs' Motion to Amend. Cultural Care, Go Au Pair, Au Pair International, Great AuPair, APEX, 20/20, AuPairCare, Au Pair Foundation, and Expert AuPair indicated that they would oppose the motion. InterExchange indicated it wished to review the filings before stating their position, and thus did not consent to the relief requested.

### Plaintiffs' Motion To Amend Complaint

Pursuant to Federal Rules of Civil Procedure 15 and 21, plaintiffs, by and through their counsel from the law firms of Boies Schiller Flexner LLP and Towards Justice, hereby move to amend the Complaint. Plaintiffs seek leave to make two categories of amendments.

1

EXHIBIT A

*First*, plaintiffs seek leave to amend the complaint in order to add as named plaintiffs Linda Elizabeth, Camila Gabriela Perez Reyes, and Cathy Caramelo. All three of the proposed new plaintiffs were *au pairs* sponsored by one of the existing defendants in this case: Ms. Elizabeth and Ms. Caramelo by Cultural Care, and Ms. Reyes by Au Pair in America. The allegations in the Third Amended Complaint related to these three plaintiffs are substantially similar to those alleged in the existing complaint, albeit specific to each plaintiff's experience. The proposed amended complaint does not raise any new claims.

*Second*, plaintiffs seek leave to amend the complaint in order to name International Care, Ltd. ("ICL") as a defendant. Through discovery, plaintiffs have begun to understand the relationship between defendant Cultural Care and its "affiliates," including ICL.[1] ███████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

---

[1] In addition to ICL, Cultural Care has other "affiliates" that may be liable in this action, including a Swiss entity called EF Education First ("EF"). As explained below, Cultural Care has thus far refused to provide any discovery of its "affiliates" – including both ICL and EF – and its Rule 30(b)(6) witness professed not to understand the relationship, legal or practical, between the "affiliates." *See* Declaration of Joshua J. Libling in Support of Plaintiff's Motion to Amend ("Libling Decl."), Ex. 4 at 28:17 – 19. Plaintiffs are still in the process of conferring with defense counsel on these issues, and will elevate them for resolution by the Court when necessary. Plaintiffs expressly reserve the right to add additional Cultural Care affiliates, including EF, as this action progresses.

███████████████████████████████████████████████████████████

█████████████████████████ *See, e.g.*, Libling Decl., Ex. 3, Tr. of May 11, 2017, Telephonic Informal Discovery / Status Conference ("May 11 Tr.") at 47:7-19 (Magistrate Judge Tafoya stating "You cannot have it both ways" in response to arguments from Cultural Care suggesting that Cultural Care and ICL were closely aligned or had a common interest in relation to the claims in this lawsuit, at the same time that it argued that discovery regarding ICL was beyond the scope of the lawsuit).

Accordingly, the proposed Third Amended Complaint alleges that ICL and Cultural Care are alter egos and agents of each other, and that ICL is independently liable for Cultural Care's relevant actions. ICL does business as Cultural Care ███████

████████████████████████████████████████████████████████████

███

The proposed complaint includes specific allegations about ICL and its relationship to Cultural Care (beyond those mentioned in this motion) in order to support these theories, but the actions ICL is alleged to have taken towards *au pairs* or host families are of the same character as the allegations included for the other defendants. The proposed amended complaint does not raise new claims and simply adds ICL as a defendant wherever Cultural Care was already a defendant.

A clean version of the Third Amended Complaint is attached to the Libling Declaration as Exhibit 1. Pursuant to D.C. Colo. L. Civ. R. 15.1, a redlined version of the

proposed Third Amended Complaint compared against the Second Amended Complaint is attached as Exhibit 2.

## ARGUMENT

**I. THE AMENDMENT SHOULD BE PERMITTED**

Under the Federal Rules of Civil Procedure, leave to amend should be freely granted. Pursuant to Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "'Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Abulkadir v. Halliburton Energy Servs., Inc.*, No. 16-CV-00281-CMA-STV, 2017 WL 2311200, at *2 (D. Colo. May 25, 2017) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)); *see Swan v. Physician Health Partners, Inc.*, 212 F. Supp. 3d 1000, 1003 (D. Colo. 2016) (same).[2]

Plaintiffs' Third Amended Complaint suffers from none of these defects. The Third Amended Complaint arises from the same conduct alleged in the prior complaints.

---

[2] The Court had previously set a deadline of August 15, 2016, for amendments to the complaint. (Dkt. No. 295.) This proposed amendment, however, does not change the contours of the lawsuit and promotes the efficient resolution of the claims in this action. Indeed, absent amendment, plaintiffs would be required to file new lawsuits that would be fundamentally identical to this one. Reason and efficiency make clear that these claims should all be heard together before this Court. Plaintiffs, therefore, request relief from the Court's order.

4

As to the three new plaintiffs, plaintiffs do not anticipate that their addition will cause any delay or prejudice to defendants whatsoever. Indeed, the situation is much as it was when a similar motion to amend pleadings was filed simultaneously with plaintiffs' Second Motion for Conditional Certification. (*See* Dkt. Nos. 329-30.) That motion to amend was unopposed.

Most importantly, the addition of the new named plaintiffs will not prejudice the existing defendants in any way. Indeed, those plaintiffs are already part of this case. Magistrate Judge Tafoya recognized that "if they were an au pair and they were here under that program, they're part of this case." Libling Decl. Ex. 3, May 11 Tr. at 15:22-23. To the extent relevant to plaintiffs' class certification motion, the new named plaintiffs are prepared to sit for depositions, and to produce relevant documents, promptly. There is, therefore, no reason not to grant the requested amendment adding three new plaintiffs.

The addition of ICL as a defendant likewise would not prejudice the existing defendants in any way, nor would the timing of its joinder put ICL at any disadvantage. Excluding ICL from this case, on the other hand, would cause significant prejudice to plaintiffs. As described in the proposed Third Amended Complaint, although Cultural Care is the sponsor organization recognized by the Department of State, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Moreover, while Cultural Care and ICL represent themselves to *au pairs* and host families as one entity, the position Cultural Care has taken in this

5

lawsuit is the polar opposite. ▮

▮

▮

▮

▮ Libling Decl. Ex. 5. As a result of the position taken by Cultural Care, therefore, plaintiffs have been denied critical discovery.

But more concerning than the denial of discovery, is the substance of Cultural Care's position. Cultural Care appears to be preparing a defense to the claims in this lawsuit based in part on disclaiming responsibility for ICL's actions. Although plaintiffs firmly believe that ICL is an agent and alter ego of Cultural Care, should plaintiffs not prevail on those arguments, having ICL in the lawsuit will be essential for a full recovery. *Cf.* Fed. R. Civ. P. 19(a)(1)(A). ▮

▮

▮

▮

▮

▮

Plaintiffs have only recently been able to understand the full scope of Cultural Care's position vis-à-vis ICL. Although requested in March 2016, ▮ ▮ four days before its Rule 30(b)(6)

6

deposition on April 14.  It was only as a result of these events in mid-April of this year that plaintiffs became aware of the contours of Cultural Care's apparent corporate form defense and the problems with that theory.[3]

Federal Rule of Civil Procedure 21 permits the Court to "at any time, on just terms, add or drop a party."  Wright & Miller make clear that "Rule 21 authorizes the addition of a person who, for whatever reason, has not been made a party and whose presence as a party is deemed to be necessary or desirable."  7 Fed. Prac. & Proc. Civ. § 1683 (3d ed.); *see Crew Tile Distribution, Inc. v. Porcelanosa Los Angeles, Inc.*, No. 13-cv-3206, 2016 WL 8608448, at *3 (D. Colo. June 23, 2016) (same).  ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

ICL also satisfies the standard for permissive joinder under Rule 20, because plaintiffs assert a "right to relief" against ICL and Cultural Care "jointly [and] severally," for circumstances "arising out of the same transaction, occurrence, or series of transactions or occurrences," and there are "question[s] of law or fact common to all

---

[3] ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

defendants," as explained at length in the accompanying motion for class certification and in the proposed complaint. Fed. R. Civ. P. 20(a)(2).

## II. THE AMENDMENT RELATES BACK TO THE ORIGINAL COMPLAINT.

The original Complaint in this case was filed on November 13, 2014, the First Amended Complaint on March 13, 2015, and the Second Amended Complaint on August 15, 2016. The proposed Third Amended Complaint contains no new claims and the factual allegations are largely the same. As explained below, the Third Amended Complaint therefore relates back under both Rule 15(c) and the *American Pipe* tolling doctrine.

### A. The New Complaint Relates Back Under Rule 15(c)

The Third Amended Complaint should relate back to the date of the original complaint pursuant to Rule 15(c), which states:

> (1) *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
>
>     (A)    the law that provides the applicable statute of limitations allows relation back;
>
>     (B)    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
>     (C)    the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for

>   > serving the summons and complaint, the party to be brought in by amendment:
>   >
>   > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>   >
>   > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

With regard to adding new plaintiffs through amendments, the rules committee notes state: "[t]he relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." *See American Banker's Ins. Co. of Florida v. Colorado Flying Academy, Inc.*, 93 F.R.D. 135, 36 (D. Colo. 1982) (quoting committee notes). In considering the relation back of pleadings that add new plaintiffs, the Tenth Circuit has held that for a claim that arises "out of the conduct, transaction, or occurrence set forth in the original complaint" and is "centered with the same impact and force around" the factual questions raised in the original complaint, relation back under Rule 15(c) is appropriate. *American Fidelity & Cas. Co. v. All American Bus Lines, Inc.*, 190 F.2d 234, 237 (10th Cir. 1951); *see also United States ex rel. Koch v. Koch Indus.*, 1995 U.S. Dist. LEXIS 20832, *28-9 (N.D. Okla. Oct. 6, 1995) (same) (citing *American Fidelity & Cas. Co. v. All American Bus Lines, Inc.*, 190 F.2d 234, 237 (10th Cir. 1951)); *American*

9

*Banker's Ins. Co. of Florida*, 93 F.R.D. at 136-37 (same) (*citing* C. Wright & A. Miller, Federal Practice and Procedure, § 1501 (1971)). Further, "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading" *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010).

The Third Amended Complaint arises out of the exact same conduct alleged in the prior complaints. The amendment merely adds three plaintiffs who worked in the same position as the existing plaintiffs and suffered from the same injuries, and a defendant that was involved in identical conduct to one of the existing defendants.[4] Moreover, the new plaintiffs are members of the putative Rule 23 and FLSA collective action classes that existed in the original complaint, and now merely switch roles to named plaintiffs.

### B. The New Complaint Relates Back Under *American Pipe*

The *American Pipe* doctrine provides that the filing of a putative class action tolls the limitations period while the case is pending. *Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 551 (1974); *State Farm Mutual Automobile Ins. Co. v. Boellstorff*, 540 F.3d 1223 (10th Cir. 2008).

---

[4] Because plaintiffs allege ICL is the alter ego of Cultural Care Inc., ICL has always effectively been a defendant in this action. *E.g.*, *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 142–43 (2d Cir. 1991) ("the alter egos are treated as one entity"; alter ego corporation was always party to the case and therefore could not use the statute of limitations or jurisdictional arguments to defeat liability).

10

As the Tenth Circuit has explained, *American Pipe* permits individual plaintiffs within a proposed class to benefit from relation back to the date of the originally filed class complaint, even if the new complaint is filed before class certification. *State Farm*, 540 F.3d at 1234-35. Since the proposed new plaintiffs' claims arise from the same transactions or occurrences as in the original complaint, defendants cannot complain of any unfairness. *See Cullen v. Margiotta*, 811 F.2d 698, 720–21 (2d Cir. 1987) ("*American Pipe* tolling is properly extended to claims of absent class members that involve the same evidence, memories, and witnesses as were involved in the initial putative class action."); *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1489 (9th Cir. 1985) ("We find no persuasive authority for a rule which would require that the individual suit must be identical in every respect to the class suit for the statute to be tolled."); *State Farm,* 540 F.3d at 1231-32 (adopting the Second Circuit and Ninth Circuit's approach to *American Pipe* tolling); *see also Grubka v. WebAccess Int'l, Inc.*, No. CIV 05CV02483LTBOES, 2006 WL 2527815, at *1 (D. Colo. Aug. 31, 2006) (state claims tolled by prior RICO class action alleging similar facts because "[a]pplication of the American Pipe tolling doctrine turns on the question whether the defendants received fair notice of potential claims against them.").

The defendants were on notice of these new named plaintiffs as putative class members. Defendants AuPairCare and Expert Au Pair were similarly on notice that their alleged conduct, in setting an illegally low wage for the *au pairs* they sponsor, would support claims against them no less so than the existing FLSA defendants. The

11

Third Amended Complaint should therefore relate back to the date of the original complaint in this case.

Similarly, ICL knew, or should have known, that it was a proper defendant in this action. ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████ *See, e.g.*, Libling Decl. Ex. 4 at 110 – 111.  ICL engages in fraudulent advertising and recruitment of *au pairs*, works to suppress *au pair* wages, and participates in the monitoring of the program.  They are proper defendants, and were, as an alter ego of Cultural Care, on notice of this fact.  *See Krupski*, 560 U.S. at 541 ("relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading").  ICL has also had actual notice of this lawsuit since its filing. ██████████████

███████████████████████████████████████

███████████████████████████████████████

---

5 ███████████████████████████████████████
█████████████████████████████

12



## CONCLUSION

For the reasons given above, plaintiffs respectfully request:

    1.    Leave to amend their complaint; that the Court Clerk be ordered to docket plaintiffs' Third Amended Complaint as plaintiffs' complaint going forward, and that the case caption in this case be the caption displayed in the Third Amended Complaint; and

    2.    That, pursuant to Rule 15(c), the Third Amended Complaint relate back to the date of the original complaint in this case: November 13, 2014.

13

Dated: June 2, 2017

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

 /s/ Joshua J. Libling
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com

Sean P. Rodriguez
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel. (510) 874-1000
Fax: (510) 874-1460

Sigrid S. McCawley
Lauren Fleischer Louis
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Tel.: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com

14

TOWARDS JUSTICE
Alexander Hood
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

15

## Certificate of Service

I hereby certify that on June 2, 2017, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

Heather Fox Vickles, Esq.
Brooke A. Colaizzi, Esq.
Raymond M. Deeny, Esq.
SHERMAN & HOWARD LLC
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: 303-297-2900
Fax: 303-298-0940
hvickles@shermanhoward.com
bcolaizzi@shermanhoward.com
redeeny@shermanhoward.com

William J. Kelly, III, Esq.
Chandra Marie Feldkamp, Esq
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202
Tel: 720-236-1800
Fax: 720-236-1799
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com

Meshach Y. Rhoades, Esq.
Martin J. Estevao, Esq.
ARMSTRONG TEASDALE, LLP
1700 Broadway, Suite 2100
Denver, CO 80290-2101
Tel: 720-722-7195
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com

Bogdan Enica, Esq.
111 Second Avenue NE, Suite 204
St. Petersburg, FL 33701
Tel: 727-388-3472

bogdane@hotmail.com
Martha L. Fitzgerald, Esq.
David Meschke, Esq.
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Tel: 303-223-1219
Fax: 303-223-1111
dmeschke@bhfs.com
mfitzgerald@bhfs.com

James Hartley, Esq.
Jonathan S. Bender, Esq
HOLLAND & HART
555 Seventeenth Street, Suite 3200
Denver, CO 80202-3979
Tel: 303-295-8000
jhartley@hollandhart.com
jsbender@hollandhart.com

Adam A. Hubbard, Esq.
HOLLAND & HART
1800 Broadway, Suite 300
Boulder, CO 80302-5234
Tel: 303-473-2700
aahubbard@hollandhart.com

Brian Alan Birenbach
RIETZ LAW FIRM, LLC
P.O. Box 5268
114 Village Place, #301
Dillon, CO 80435
Tel: 970-468-0210
Fax: 970-468-0371

16

brian@rietzlawfirm.com

Robert M. Buchanan, Jr.
Joan A. Lukey
Lyndsey M. Kruzer
Michael T. Gass
Justin J. Wolosz
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110
rbuchanan@choate.com
joan.lukey@choate.com
lkruzer@choate.com
mgass@choate.com

Lawrence, D. Stone
Kathleen E. Craigmile
NIXON SHEFRIN HENSEN OBURN, P.C.
5619 DTC Parkway, Suite 1200
Greenwood, Vilage, CO 80111
303-773-3500
lstone@nixonshefrin.com
kcraigmile@nixonshefrin.com

Jessica L. Fuller
Diane Hazel
James M. Lyons
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
jfuller@lrrc.com
dhazel@lrrc.com
jlyons@lrrc.com

Christian Hammond, Esq.
DUFFORD & BROWN, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290-2101

chammond@duffordbrown.com
Thomas B. Quinn, Esq.
Peggy E. Kozal, esq.
John R. Mann, Esq.
GORDON & REES, LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Tel: 303-534-5160
Fax: 303-534-5161
tquinn@gordonrees.com
pkozal@gordonrees.com
jmann@gordonrees.com

Brian P. Maschler, Esq.
GORDON & REES, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Tel: 415-986-5900
Fax: 415-986-8054
bmaschler@gordonrees.com

Kathryn A. Reilly, Esq.
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel: 303.244.1983
Fax: 303.244.1879
reilly@wtotrial.com

Lawrence L. Lee, Esq.
Susan M. Schaecher, Esq.
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651
llee@laborlawyers.com
sschaecher@laborlawyers.com

      /s/ *Joshua J. Libling*
Joshua J. Libling