IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

---

**AMERICAN INSTITUTE FOR FOREIGN STUDY'S
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND**

---

Defendant, American Institute for Foreign Study ("AIFS"), d/b/a Au Pair in America ("APIA"), hereby opposes Plaintiffs' Motion to Amend the Second Amended Complaint (hereinafter "Motion"). AIFS joins, adopts and incorporates by reference, as if fully set forth herein, Defendant Cultural Care Au Pair's Opposition to Plaintiffs' Motion to Amend ("Cultural Care Opposition").

In addition to the reasons set forth in the Cultural Care Opposition, Plaintiffs are unable to satisfy the Rule 16 and Rule 15 standards (see Cultural Care Opposition, Argument Sections I(A) and II(A)) because they knew or should have known about Camila Gabriela Perez Reyes on or before January 9, 2017. On that date, Plaintiffs' counsel obtained a declaration from Ms. Reyes' former host parent, Eileen Boehne. (Macri Decl. Ex. B). To the extent that Plaintiffs assert claims based in employment and that such a

relationship existed, then it is inarguable under Plaintiffs' theory that Ms. Boehne would be Ms. Reyes' employer-in-fact.  Indeed, Plaintiffs' counsel continuously made such assertions during the discovery dispute regarding production of host family contact information.  (ECF No. 465).  As such, Plaintiffs' counsel had full access to the essential information about the terms and conditions of Ms. Reyes' residency with the Boehne Family and any childcare assistance she provided to her host family.  Accordingly, more than five months prior to the instant Motion, Plaintiffs knew or should have known any and all of the facts and circumstances necessary to assert the claims that they now attempt to bring on behalf of Ms. Reyes.

By email dated January 13, 2017, counsel for Plaintiffs served the Declaration of Eileen Boehne (the "Boehne Declaration") on counsel for Defendants.  (Macri Decl. ¶ 3).  Counsel for Plaintiffs obtained the Boehne Declaration in order to support an expert report.  (Macri Decl. Ex. A).  In the Declaration, Ms. Boehne stated that she had hosted six au pairs through the APIA Program. (Macri Decl. Ex. B).  In fact, Camila Gabriela Perez Reyes is one of those six former au pairs who participated in the APIA Program.  It is reasonable to conclude, therefore, that Plaintiffs were aware of Ms. Reyes and all facts necessary to assert the claims on her behalf no later than January 9, 2017 or at a time immediately proximate.  There is simply no reason why Plaintiffs could not have moved to amend to include Ms. Reyes as a nominal Plaintiff in January 2017, and before five additional months elapsed from the time allocated to discovery.  Such an unexplained delay is the opposite of the diligence required to satisfy Rule 16 and constitutes undue

delay under Rule 15.  *Birch v. Polaris*, 812 F.3d 1238, 1247 (10th Cir. 2015); *Klaassen v. Atkinson*, 2016 U.S. Dist. LEXIS 57476, at *8–10 (D. Kan. April 29, 2016); *Semsroth v. City of Wichita*, 2006 U.S. Dist. LEXIS 63294, at *13 (D. Kan. Sep. 5, 2006).

Similarly, Plaintiffs cannot credibly argue that they were unaware of Ms. Reyes' identity until they received au pair names and contact information from AIFS on April 14, 2017 and May 12, 2017.  Indeed, the Court ordered production of that information for the sole and exclusive purpose of disseminating a conditional certification collective action notice, which Plaintiffs have yet to disseminate.  (ECF No. 525).  As Ms. Reyes' host parent and alleged employer, Ms. Boehne possessed all the relevant facts and information necessary for Plaintiffs to know about, or to have conducted further immediate and reasonable inquiry about, Ms. Reyes.  Therefore, the identity and circumstances of Ms. Reyes were not gleaned from the April 14, 2017 or May 12, 2017 disclosures.

## **CONCLUSION**

For the reasons set forth above and in the Cultural Care Opposition, AIFS respectfully requests that the Court deny Plaintiffs' Motion in its entirety, together and with such other and further relief as the Court deems just and proper.

3

Date:  June 23, 2017

        Respectfully submitted,

        s/ *Stephen J. Macri*
        Stephen J. Macri (smacri@putneylaw.com)
        Robert M. Tucker (rtucker@putneylaw.com)
        Putney, Twombly, Hall & Hirson LLP
        521 Fifth Avenue
        New York, NY 10175
        (212) 682-0020 ext. 221

        ***Attorneys for American Institute for Foreign Study d/b/a Au Pair in America***

## **CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on June 23, 2017, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                s/ Stephen J. Macri
                                Stephen J. Macri