# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-

JOHANA PAOLA BELTRAN, et al.,

        Plaintiffs,

v.

INTEREXCHANGE, INC., et al.,

        Defendants.
_____/

### PLAINTIFF DAYANNA PAOLA CARDENAS CAICEDO'S ANSWERS TO DEFENDANT'S FIRST AMENDED SET OF INTERROGATORIES

Plaintiff Dayanna Paola Cardenas Caicedo ("Caicedo"), by and through her undersigned counsel, files Plaintiff's Answers to Amended Interrogatories propounded by Defendant, Cultural Care, Inc. ("Cultural Care").

### PRELIMINARY STATEMENT

The answers below reflect the current state of Caicedo's knowledge, understanding and belief based upon the investigation and discovery to date. Caicedo reserves the right to make subsequent revisions and to supplement her responses as additional information is discovered, if any.

Caicedo further reserves the right to object on any ground and at any time to a demand for further answers to these Interrogatories. In responding to the Interrogatories, Caicedo does not waive, or intend to waive, any privilege or objection, including but not limited to, any objection to the competency, relevance, materiality, or admissibility of any of the Interrogatories.

The preceding Preliminary Statement is incorporated into Caicedo's answers to each and every Interrogatory. No response to any Interrogatory is, or shall be deemed to be, a waiver of Caicedo's Preliminary Statement.

**ANSWERS AND OBJECTIONS TO INTERROGATORIES**

INTERROGATORY 1: Identify all representations made to you by, or communications that you had with, (a) Cultural Care, Inc., a Massachusetts company, and (b) International Care, Ltd., a Swiss company operating under the registered business name Cultural Care Au Pair, in both instances regarding your participation in the Au Pair Program, including but not limited to communications regarding any payments you could or would earn as an au pair.

RESPONSE: Caicedo objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and vague with respect to the phrase "all representations made to you by, or communications that you had with, (a) Cultural Care, Inc., a Massachusetts company, and (b) International Care, Ltd., a Swiss company operating under the registered business name Cultural Care Au Pair, in both instances regarding your participation in the Au Pair Program." As phrased, this interrogatory requires Caicedo to recall each and every communication with Cultural Care and, in addition, calls for Caicedo to speculate about the corporate organization and structure of Cultural Care, and the specific legal entitles that employed Cultural Care's representatives. Subject to and without waiver of the foregoing objections, Caicedo states that she recalls the following statements and communications by representatives who identified themselves as employees or agents of "Cultural Care":

a) In or around December 2013 or January 2014, Caicedo visited a Cultural Care office in Bucaramanga and an employee there made the following representations: (1) Caicedo would have to complete the au pair

2

DATED this 12th day of August, 2016.

          As to the objections stated:

BOIES, SCHILLER & FLEXNER LLP

*/s/ Lauren Louis*
Lauren Fleischer Louis
Sigrid S. McCawley
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL 33301
llouis@bsfllp.com
smccawley@bsfllp.com

Matthew L. Schwartz
Peter Skinner
Randall W. Jackson
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue, 7th Floor
New York, NY 10022
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Alexander Hood
Towards Justice
601 16th Street, Suite C #207
Golden, CO 80401
alex@towardsjustice.org

11