# Exhibit K

Positive
As of: June 23, 2017 1:08 PM Z

# Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n

United States District Court for the District of Colorado

September 16, 2013, Decided; September 16, 2013, Filed

Civil Action No. 11-cv-00970-PAB-MEH

**Reporter**
2013 U.S. Dist. LEXIS 174681 *

GORSUCH, LTD., a Colorado corporation, Plaintiff, v. WELLS FARGO NATIONAL BANK ASSOCIATION, Defendant.

**Subsequent History:** Adopted by, Motion denied by, Objection overruled by Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n, 2013 U.S. Dist. LEXIS 174682 (D. Colo., Dec. 13, 2013)

**Prior History:** Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n, 2013 U.S. Dist. LEXIS 118715 (D. Colo., Aug. 21, 2013)

## Core Terms

tort claim, amended complaint, parties, amendments, statute of limitations, arbitration, third-party, doctrine of relation back, beneficiary, recommends, scheduling order, discovery, present motion, good cause, applies, reopen, set forth, argues, unduly, district court, requirements, deadline, futile, merits, second amended complaint, acceleration, notice, amendment to pleading, doctrines, confirm

**Counsel:** [*1] For Gorsuch, Ltd., a Colorado corporation, Plaintiff: Matthew C. Ferguson, Garfield & Hecht, PC-Aspen, Aspen, CO; Richard B. Podoll, Robert Alan Kitsmiller, Podoll & Podoll, P.C., Greenwood Village, CO.

For Wells Fargo National Bank Association, Defendant: Brian J. Berardini, David Cameron Walker, Brown, Berardini & Dunning, P.C., Denver, CO.

**Judges:** Michael E. Hegarty, United States Magistrate Judge.

**Opinion by:** Michael E. Hegarty

## Opinion

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is a Motion for Leave to File Third Amended Complaint [filed July 10, 2013; docket #71]. The motion is referred to this Court for disposition. Docket #75. The matter is fully briefed, and the Court heard oral argument on September 5, 2013. For the reasons that follow, the Court respectfully RECOMMENDS that the motion be **DENIED**.[1]

### BACKGROUND

This action initiated in Eagle County District Court;

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections [*2] are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

however, on April 12, 2011, Defendant Wells Fargo National Bank Association ("Wells Fargo") removed the action to this Court. Docket #1. Shortly thereafter, Plaintiffs Gorsuch, Ltd., Gorsuch, Ltd. B.C., Gorusch, Limited at Aspen, Gorsuch Limited at Keystone Mountain, and Gorsuch Cooper, LLC filed the operative Amended Complaint on May [*3] 10, 2011. Docket #9. Plaintiff Gorsuch, Ltd. ("Gorsuch") alleged claims for breach of contract, breach of the covenant of good faith and fair dealing, and fraudulent inducement against Wells Fargo based primarily upon its declaration of default and suspension of Gorsuch's line of credit in January 2011. *Id.* The remaining Plaintiffs (hereinafter referred to as "Gorsuch Affiliates" and "Gorsuch Cooper") alleged a third- party beneficiary claim against Wells Fargo based upon the same conduct with respect to the line of credit contract between Gorsuch and Wells Fargo. *Id.*

The procedural history of this case is significant. In response to the Amended Complaint, Wells Fargo filed a motion to dismiss the third-party beneficiary claim. Docket #14. At the same time, Wells Fargo filed a motion to compel arbitration of the remaining claims alleged by Gorsuch and, in the event the motion to dismiss was denied, compel arbitration of the third-party beneficiary claim. Docket #15. Plaintiffs, then, filed a motion conceding that arbitration was appropriate as to Gorsuch's claims, but seeking an order staying the arbitration pending the current litigation of the third-party claim. Docket #22. Thereafter, [*4] Gorsuch filed a motion seeking partial summary judgment on its breach of contract claim. Docket #28.

On November 17, 2011, the Honorable Philip A. Brimmer issued an order granting Wells Fargo's motion to dismiss and motion to compel arbitration, and denying as moot the Plaintiffs' motion for summary judgment and motion to stay. Docket #46. More specifically with respect to the motion to dismiss, Judge Brimmer ruled, "Plaintiffs' second claim for relief is dismissed. Plaintiffs Gorsuch, Ltd., B.C.; Gorsuch, Limited at Aspen; Gorsuch, Limited at Keystone Mountain; and Gorsuch Cooper, LLC are dismissed from this case." *Id.* at 10. Judge Brimmer further stayed the action and administratively closed the case until December 1, 2012. *Id.* at 10-11.

The following month, "Plaintiffs"[2] filed a motion for leave to file a second amended complaint, which renamed the dismissed Plaintiffs, but that motion was held in abeyance pending the re-opening of the case. Docket #49. Two days later, "Plaintiffs" filed a motion to reopen the case (docket #50), then withdrew the motion several months later (docket #53). On April 26, 2012, Judge Brimmer denied the motion to amend without prejudice to re-filing upon [*5] the re-opening of the case. Docket #55. When no further action was taken by December 1, 2012, Judge Brimmer dismissed the case without prejudice on December 3, 2012. Docket #56.

That same day, "Plaintiffs" filed a motion for reconsideration of Judge Brimmer's December 3 order and a motion for extension of time within which to seek to reopen the case. Dockets ##57, 58. Judge Brimmer granted the motions, vacated dismissal of the case, and permitted the "Plaintiffs" to file a motion to reopen on or before April 5, 2013. Docket #63. On April 1, 2013, "Plaintiffs" filed a motion to reopen the case based upon two grounds: first, they argued they were entitled to seek confirmation of the arbitration award through this court and, second, they stated that they intend to seek leave to assert third-party beneficiary claims against Wells Fargo. Docket #64. On May 8, 2013, Judge Brimmer [*6] found good cause to reopen the case due to the parties' justified expectation that a district court could confirm an arbitration award. Docket #68. With respect to the intended third-party claims, the district court stated, "[t]he viability of plaintiffs' third-party claims is not properly before the Court on plaintiffs' motion to reopen and will not be addressed until such time as plaintiffs file a motion to assert these claims." *Id.* at 3-4.

Two months later, "Plaintiffs" filed a motion to confirm the arbitration award and the present motion seeking leave to file a "third" amended complaint. Dockets ## 70, 71. On August 21, 2013, Judge Brimmer granted the motion to confirm the arbitration award. Docket #89. That same day, this Court set a hearing on the motion to amend for September 5, 2013. Docket #88. In the order setting the hearing, this Court noted the following:

> As set forth in its August 1, 2013 order, this Court notes that Judge Brimmer ordered the dismissal of all Plaintiffs except Gorsuch, Ltd. on November 17, 2011 (docket #46). Plaintiff then filed a motion for leave to file a second amended complaint, which renamed the dismissed Plaintiffs, but that motion

---

[2] All originally-named Plaintiffs continued to file motions and other documents in this case despite Judge Brimmer's order dismissing four of the five Plaintiffs. As explained more fully below, this Court finds such filings to be improper, given that only one Plaintiff remained in the case following the dismissal order.

was held in abeyance [*7] (docket #49), then denied without prejudice to re-filing upon the reopening of the case (docket #55). Thereafter, the case was dismissed without prejudice on December 3, 2012 (docket #56). Thus, the proposed second amended complaint was never accepted, and the case caption remains as it did after the November 17, 2011 dismissal order (see above). Accordingly, the pending motion for leave to amend should actually seek leave to file a "second" (rather than "third") amended complaint.

*Id.* On August 22, 2013, "Plaintiffs" filed a motion asking this Court to correct the order setting the hearing as to the above notation regarding the posture of this case. Docket #90. The "Plaintiffs" argued that Judge Brimmer's November 2011 dismissal order is merely "interlocutory"; thus, no claims and no parties have been actually dismissed from this case. *Id.*

The Court heard both the motion to correct and the motion to amend at the September 5, 2013 hearing. After considering arguments for and against correcting this Court's view on the posture of the case, the Court concluded that only one Plaintiff (Gorsuch, Ltd.) and three claims remained in this case against Wells Fargo at the time the case was reopened [*8] and, thus, the Court denied the motion to correct. The Court then invited argument and heard from the parties on the present motion.

## MOTION & BRIEFING

The present motion was filed incorrectly, first, by all originally-named Plaintiffs and, second, by seeking leave to file a "third" amended complaint. *See* docket #71. Regarding the first oversight, the Court has concluded that Gorsuch, Ltd. was the sole Plaintiff in the case at the time Judge Brimmer reopened the case in May 2013. Regarding the second oversight, the operative complaint in this action is the Amended Complaint filed May 10, 2011. Docket #9. Although "Plaintiffs" sought leave to file a second amended complaint in December 2011 (docket #47), the motion was held in abeyance (docket #49), then denied without prejudice in April 2012 (docket #55); thus, the Court has never accepted a second amended complaint in this case. Therefore, the Court construes the present motion as seeking leave to file a "second" amended complaint.

The present motion seeks an order (which counsel for Gorsuch confirmed at the hearing) permitting leave for former Plaintiffs Gorsuch Cooper, LLC ("Gorsuch Cooper") and Gorusch, Limited at Aspen ("Gorsuch Aspen") [*9] to bring claims for intentional interference with contract and intentional interference with prospective business advantage against Wells Fargo based upon alleged conduct in the August 2009 acceleration of Gorsuch Ltd.'s line of credit and a term loan. Further, the motion states "Plaintiff Gorsuch, Ltd. seeks confirmation of the Final Award of the Arbitration Panel, *but does not seek any additional relief by way of the proposed [Second] Amended Complaint.*" Motion, ¶ 27, docket #71 at 5 (emphasis added).

Wells Fargo opposes the motion asserting that the proposed claims are untimely and unduly prejudicial, and the addition of such claims would be futile as barred by the statute of limitations or, alternatively, by the doctrines of *res judicata* and collateral estoppel. Because the subject transaction occurred in August 2009, Wells Fargo argues that Gorsuch should have asserted the claims within the two-year statute of limitations ending in August 2011. Further, Wells Fargo contends the new claims do not relate back to the original complaint, which specifically involved conduct that occurred in January 2009. Alternatively, to the extent that the claims relate back, Wells Fargo argues that [*10] such claims are barred by the doctrines of claim and issue preclusion, because the claims should have been raised in the original complaint.

Gorsuch replies that neither *res judicata* nor collateral estoppel apply when a party's claim has been dismissed without prejudice for lack of jurisdiction, as occurred during the arbitration. Further, Gorsuch asserts that no judgment exists in this case which must be vacated before a motion to amend may be considered. Gorsuch also argues that former Plaintiffs Gorsuch Cooper and Gorsuch Aspen could not have asserted the proposed tort claims during the period November 2011 through May 2013, because the proceedings of this case were stayed pending arbitration. Finally, Gorsuch contends that the proposed tort claims are not precluded by any findings made by the arbitration panel, since the panel findings involved conduct that occurred in January 2009, but the conduct alleged in the proposed tort claims occurred in August 2009.

During the hearing, the Court noted that neither party briefed the issue of joinder of the former Plaintiffs Gorsuch Cooper and Gorsuch Aspen to this action. Neither party was prepared to argue the issue; thus, the Court permitted [*11] Gorsuch to file a supplemental brief on or before September 9, 2013[3] and Wells Fargo

---

[3] The Court notes that, in its supplemental brief, Gorsuch

to file a response to the supplement on or before September 11, 2013.

After hearing argument on the present motion and considering the original and supplemental briefs, the Court is now fully advised and recommends as follows.

## **DISCUSSION**

The present motion implicates both Fed. R. Civ. P. 15 and 16. First, the motion was filed after the deadline set for joinder of parties and amendment of pleadings in the governing scheduling order; thus, Gorsuch must demonstrate good cause for modifying the scheduling order pursuant to Rule 16(b). Second, the motion must comply with the requirements of Rule 15(a) for amendment of pleadings. Third, to overcome the statute [*12] of limitations challenge, Gorsuch must meet the requirements of Rule 15(c). The Court will address each requirement in turn.

### **I. Modification of the Scheduling Order**

According to the Scheduling Order, the deadline for joinder of parties and amendment of pleadings was set for July 12, 2011. (Docket #19 at 7.) No extension of this deadline was requested, and the case was not stayed until November 2011. Because Gorsuch filed the present motion well after the deadline, granting the motion pursuant to Rule 15(a) would require an amendment of the Scheduling Order. Thus, the Court employs a two-step analysis. First, the Court evaluates whether Gorsuch demonstrates good cause allowing amendment of the Scheduling Order. Second, if Gorsuch shows good cause, it must also meet the requirements of Fed. R. Civ. P. 15.

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive [*13] reason as to why the amendment could not have been effected within

---

presented arguments regarding both the joinder of the previously dismissed Plaintiffs and whether the dismissed Plaintiffs were actually "removed" from the case by Judge Brimmer's November 2011 order. The Court already addressed the latter argument at the hearing on Gorsuch's motion to correct minute order(docket #90); thus, the Court will focus on Gorsuch's former argument for the present motion.

the time frame established by the court." *Id*. In order to show good cause, Plaintiff "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Notably, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SFHC, Inc..*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to seek amendment within the deadline may be excused if due to oversight, inadvertence or excusable neglect. *Id*. Additionally, "[t]he fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause." *Riggs v. Johnson*, No. 09-cv-01226-WYDKLM, 2010 U.S. Dist. LEXIS 48125, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010), *adopted by* 2010 U.S. Dist. LEXIS 48124, 2010 WL 1957099 (D. Colo. May 17, 2010) (citation omitted).

Here, Gorsuch concedes that it knew of the conduct underlying the proposed tort claims at the inception of this case in April 2011; however, Gorsuch claims that it could not have asserted both the third-party beneficiary contract claims and the tort claims at the same time, without [*14] subjecting the tort claims to dismissal pursuant to the economic loss rule. Wells Fargo counters that Gorsuch could have filed the contract and tort claims, in the alternative. The Court agrees with Wells Fargo.

The economic loss rule provides:
> [A] party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law. Economic loss is defined generally as damages other than physical harm to persons or property.

*Town of Alma v. Azco Construction, Inc.*, 10 P.3d 1256, 1264 (Colo. 2000). However, parties are permitted to pursue claims for breach of contract and tort claims in the alternative. *See SolidFX, LLC v. Jeppesen Sanderson, Inc.*,935 F. Supp. 2d 1069, 2013 WL 1189507, at *18 (D. Colo. 2013) (citing *Marquardt v. Perry*, 200 P.3d 1126, 1127 (Colo. App. 2008) ("if a plaintiff fails to prove a breach of contract claim, he or she may nevertheless be able to recover on a promissory estoppel claim")). In addition, "where, as here, the scope of the contract is disputed, a jury is permitted to decide between a breach of contract and a related tort [*15] claim." *Id.* (citing *Level 3 Commc'ns, LLC v. Liebert Corp.*, 535 F. 3d 1146, 1163 (10th Cir.

2008)). Further, Gorsuch argues that the conduct underlying the tort claims occurred in August 2009, whereas the conduct underlying the breach of contract claim occurred in January 2009. Thus, there is some question whether the economic loss rule would even apply.

Nevertheless, the Court finds that Gorsuch has not provided an adequate explanation for the delay nor asserted a persuasive reason as to why the amendment could not have been effected on or before the deadline of July 12, 2011 for joinder of parties and amendment of pleadings. *See Minter*, 451 F.3d at 1205 n.4. Thus, the Court recommends finding that good cause does not exist to modify the Scheduling Order in this matter pursuant to Fed. R. Civ. P. 16(b).

## II. Amendment pursuant to Rule 15(a)

Even if Gorsuch had demonstrated good cause for modifying the Scheduling Order, Gorsuch must also meet the requirements of Fed. R. Civ. P. 15(a). Once a 21-day period after a responsive pleading to the complaint is filed lapses, a party may amend its pleading only by leave of the court or by written consent of the adverse party. *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). [*16] The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (2013); *see also Foman*, 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman*, 371 U.S. at 182.

Here, Wells Fargo argues that the proposed amendments should be denied as unduly delayed, unduly prejudicial and futile. The Court will address each challenge, beginning with futility.

A. <u>Futility of the Amendments</u>

Wells Fargo argues that permitting amendment of the proposed claims would be futile, as the claims are barred by the [*17] applicable statute of limitations or by the *res judicata* and collateral estoppel doctrines. The Court will address each argument in turn.

1. Res Judicata *and Collateral Estoppel*

These doctrines are also known as the "claim preclusion" and "issue preclusion" doctrines, respectively. The doctrine of claim preclusion will "prevent a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). Three elements are required to apply the doctrine of claim preclusion: (1) a final judgment on the merits in an earlier action; (2) identity or privity of the parties in the two suits; and (3) identity of the cause of action in both suits. *Id.* (*citing Wilkes v. Wyo. Dep't of Employment Div. of Labor Stds.*, 314 F.3d 501, 504 (10th Cir. 2003)). "If these requirements are met, [claim preclusion] is appropriate unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in the prior suit." *Id.* (*citing Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 n. 4 (10th Cir. 1999)).

The issue preclusion doctrine will "bar a party from relitigating an issue [*18] once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Burrell v. Armijo*, 456 F.3d 1159, 1172 (10th Cir. 2006). Four elements are required to apply the doctrine of issue preclusion: (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Id.*

The Court must agree with Gorsuch that neither the claim preclusion doctrine nor the issue preclusion doctrine apply to the proposed tort claims. Under both doctrines, there must have been a final judgment or adjudication on the merits. However, there has been no final judgment entered in this case and the only claims finally adjudicated in the arbitration were those brought by Plaintiff Gorsuch Ltd. *See Carpenter v. Young*, 773 P.2d 561, 568 (Colo. 1989) ("to be accorded preclusive effect, a judgment must [*19] be 'sufficiently firm' in the sense that it was not tentative, the parties had an opportunity to be heard, and there was an opportunity for review"). The proposed tort claims here are raised only by non-party former plaintiffs, Gorsuch Cooper and

Gorsuch Aspen. While Judge Brimmer disposed of the third-party beneficiary claims brought by these former Plaintiffs, and the arbitration panel, in turn, dismissed without prejudice the renewed third-party beneficiary claims for lack of jurisdiction, there has been no adjudication nor finding on the proposed tort claims currently before the Court.

Wells Fargo argues that the proposed tort claims *should have been brought* in the Amended Complaint or the arbitration and, thus, are precluded. However, again, Wells Fargo has not demonstrated that the claims or any issues raised by the non-party former Plaintiffs have been finally adjudicated. Accordingly, the Court recommends finding that the doctrines of claim and issue preclusion do not apply to the proposed tort claims.

2. *Statute of Limitations*

The present motion seeks the addition of two plaintiffs and five claims: interference with contract, one by Gorsuch Cooper and one by Gorsuch Aspen, interference [*20] with prospective business advantages, one by Gorsuch Cooper and one by Gorsuch Aspen, and a "claim" for punitive damages. The Colorado statute of limitations for the tort claims is two years. Colo. Rev. Stat. § 13-80-102(1)(a); *see also U.S. ex rel. Conner v. Salina Regional Health Center, Inc.*, 543 F.3d 1211, 1224-25 (10th Cir. 2008) ("When determining whether state law claims are timely commenced, [federal courts] look to state law."). While the statute of limitations is an affirmative defense, if it is clear from the complaint that the right to bring an action has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. *Aldrich v. McCulloch Prop., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1287 (D. Colo. 2009) (noting that "once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to [the p]laintiff to establish a later accrual date of the statute of limitations or to show that there is a basis to toll the accrual date."). As it is clear from the face of the proposed amended pleading that the alleged activity occurred more than two years before the [*21] proposed pleading was filed here, Gorsuch has the burden of demonstrating facts sufficient to toll the statute of limitations.

Gorsuch argues that the proposed claims "relate back" to the date of the operative pleading pursuant to Fed. R. Civ. P. 15(c). Rule 15(c)(1) governs the relation back of amendments. If the applicable statute of limitations has run, an amended complaint may relate back to the date of the timely filed original complaint when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A-C) [*22] (2013). As reflected in the plain language of the statute, Rule 15(c)(1)(B) applies to an amendment asserting a claim or defense, and Rule 15(c)(1)(C) applies to an amendment changing a party or the naming of a party (the connecting word between Rule 15(c)(1)(B) and (C) is "or"). *See Pierce v. Amaranto*, 276 F. App'x 788, 792 (10th Cir. May 1, 2008) (finding that the predecessor to Rule 15(c)(1)(B) governs "*issues*, not *parties*, that were not raised in the pleadings") (emphasis in original). The purpose of relation back is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure...for resolving disputes on their merits." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 130 S. Ct. 2485, 2494, 177 L. Ed. 2d 48 (2010).

Here, no party argues for the application of Rule 15(c)(1)(A). However, Gorsuch contends that Rule 15(c)(1)(B) applies to the new tort claims and Rule 15(c)(1)(C) applies to the added Plaintiffs; therefore, the Court will look to whether Gorsuch meets the requirements of both Rule 15(c)(1)(B) and Rule 15(c)(1)(C).

a. Relation Back of Added Claims

The rationale behind Rule 15(c)(1)(B) is that "a party [*23] who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n. 3, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) (citation omitted). As long as there is a "factual nexus" between

the original and amended complaints, the amended claim "is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." *Benton v. Bd. of Cnty. Comm'rs*, No. 06-cv-01406-PSF, 2007 U.S. Dist. LEXIS 84157, 2007 WL 4105175, at *3 (D. Colo. Nov. 14, 2007), *aff'd*, 303 F. App'x 625 (10th Cir. Dec. 17, 2008) (unpublished) (quoting *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983)). The law governing application of the relation back doctrine is aptly summarized as follows:

> As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts. For relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery. On the other hand, amendments [*24] generally will not relate back if they interject entirely different facts, conduct, transactions or occurrences. It is a matter committed to the district court's sound discretion to decide whether a new claim arises out of the same transaction or occurrence.

*Benton*, 2007 U.S. Dist. LEXIS 84157, 2007 WL 4105175, at *3 (quoting *Kidwell v. Bd. of Cnty. Comm'rs of Shawnee Cnty.*, 40 F. Supp. 2d 1201, 1217 (D. Kan. 1998), *aff'd*, 189 F.3d 478 (10th Cir.), *cert. denied*, 528 U.S. 1064, 120 S. Ct. 620, 145 L. Ed. 2d 514 (1999)).

Gorsuch relies on the operative Amended Complaint to demonstrate that the proposed tort claims relate to conduct alleged and described in May 2011, which was within the limitations period. Specifically, Gorsuch points to paragraphs 123-126 of the Amended Complaint which allege:

> 123. While Gorsuch was attempting to maintain its business operations and locate new financing, Wells Fargo continued to exert undue financial pressure in an effort to force Gorsuch to capitulate to its demands.
>
> 124. On August 31, 2009, Wells Fargo accelerated both the revolving line of credit, and the Term Loans, declared all sums immediately due and payable, and imposed default interest. (See Letter from Brian Belov, dated August 31, 2009, attached hereto as [*25] Exhibit T.)
>
> 125. In time, Gorsuch was able to find take out financing but incurred substantial costs and substantially higher interest rates than Wells Fargo was contractually obligated to provide under the October 31, 2008 Credit Agreement.
>
> 126. Gorsuch, Ltd. and the Gorsuch Affiliates also sustained substantial business losses and injury to their businesses. They were forced to slash retail prices. They were unable to purchase additional inventory for resale. They were prevented from buying Euro futures. They were inhibited in the preparation of its catalog.

Amended Complaint, docket #9. The proposed tort claims are based primarily on the acceleration of the loans in August 2009. *See* Proposed [Second] Amended Complaint, ¶ 132 ("Wells Fargo intentionally and wrongfully accelerated the Term Note"), ¶ 141 ("Wells Fargo improperly interfered with Gorsuch Cooper's prospective, business advantage with Gorsuch Aspen by wrongfully accelerating all amounts due to Wells Fargo ..."), ¶ 150 ("Wells Fargo, by words or conduct or both, intentionally caused Gorsuch Cooper not to perform the Lease and caused the lease to be terminated."), ¶ 156 ("Wells Fargo, by words or conduct or both, intentionally [*26] and improperly interfered with the Lease and with Gorsuch Aspen's prospective business advantage represented by the two 10-year renewal terms under the Lease by, without limitation, wrongfully accelerating [the] Term Loan ...").

Accordingly, the Court finds that the proposed tort claims relate back to the Amended Complaint, filed May 10, 2011, within the limitations period set forth for tort claims in Colorado. *Benton*, 2007 U.S. Dist. LEXIS 84157, 2007 WL 4105175, at *3 ("As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts.").

b. Relation Back of Added Parties

Rule 15(c)(1)(C) governs relation back of an amended complaint that "changes the party or the naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C). Thus, with the addition of parties, Rule 15(c)(1)(C) governs relation back to the original complaint because the list of parties has "changed." *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (holding that [the predecessor to Rule 15(c)(1)(C) ] governed relation back because the plaintiff's amendment [*27] "amounted to adding a new party" (citations omitted)); *see also Bell v. City of Topeka, Kansas*, 279 F. App'x 689, 692 (10th Cir. May 23, 2008) (unpublished) (applying Rule 15(c)(1)(C) when a plaintiff adds a new party). Accordingly, Rule 15(c)(1)(C) applies

to the addition of new parties after the statute of limitations has run on proposed new claims. *See VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001) ("[i]f a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint."). "[Rule 15(c)(1)] mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski*, 560 U.S. 538, 130 S. Ct. at 2496.

Here, the Court has concluded that Rule 15(c)(1)(B) is satisfied; therefore, the Court must determine whether "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) [*28] knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Although it appears from the face of the rule that Rule 15(c)(1)(C) applies only to the addition of new defendants, Gorsuch contends that the rule applies as well to the addition of new plaintiffs. Citing *Metropolitan Paving Co., Inc. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, *cert. denied*, 404 U.S. 829, 92 S. Ct. 68, 30 L. Ed. 2d 58 (1971), Gorsuch argues that the Tenth Circuit applied the rule when affirming a district court's order substituting three non-party corporate entities as plaintiffs. Supplemental Brief, docket #93 at 2. While Gorsuch is correct that the Tenth Circuit in *Metropolitan Paving* affirmed the lower court's order applying Rule 15(c) to allow substitution of plaintiffs after the statute of limitations had run, the facts and analysis of that case are distinguishable from this case. The *Metropolitan Paving* court found that the district court

> did not abuse the discretion implied in Rules 15(c) and 17(a), Fed. R. Civ. P. Since it was clear from the outset that the three corporations were the real parties in interest in this matter, [*29] there was no prejudice to the defendant in granting the motion to amend. The fact that an applicable statute of limitations may have run before the real parties were substituted is not significant where the change is merely formal and in no way alters the known facts and issues on which the action is based.

*Id.* at 306. In this case, Gorsuch does not seek to substitute real parties in interest and its proposed tort claims will alter the facts and issues on which the original action is based.

Gorsuch also cites cases outside of the Tenth Circuit for the proposition that Rule 15(c)(1)(C) applies to the addition of new plaintiffs. *See* Supplemental Brief, docket #93 at 2-3 (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19, 36 F. 1458 (2d Cir. 1997); *Staren v. American Nat'l Bank & Trust Co.*, 529 F.2d 1257, 1263 (7th Cir. 1976); *Employees Committed for Justice v. Eastman Kodak Co.*, 407 F. Supp. 2d 423, 439 (W.D.N.Y. 2005). However, other courts have concluded that Rule 15(c)(1)(C) is not applicable in cases where an amendment seeks to add new plaintiffs. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) ("Rule 15(c)(1)(C) permitting relation back [*30] of an amendment changing a party or its name applies, by its plain language, to changes to *defendants*.") (emphasis in original); *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 561 (3d Cir. 2008) ("... Rule 15(c)(1) is simply not applicable here, as, by its own terms, it applies only to amendments to the 'party ... *against whom a claim is asserted*,' that is, the defendant.") (emphasis in original) (citing Fed. R. Civ. P. 15(c)(1)(C)).

Nevertheless, even if the Tenth Circuit were to determine that Rule 15(c)(1)(C) applies to amendments seeking the addition of new *plaintiffs* after the statute of limitations has run, this Court recommends finding that Gorsuch has failed to demonstrate the "notice" and "mistake" requirements of the rule.

Subsection (i) of the Rule provides that within 120 days after a complaint is filed, the defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits." *See Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1259 n.9 (11th Cir. 2008) (in applying Rule 15(c)(1)(C) to an amendment seeking the addition of a new plaintiff, the court views the text of the rule as "referring to the defendant in all cases"). [*31] Here, as in *Makro* (*id.* at 1259), the Court finds that the proposed tort claims, though they arise from the same common facts as those alleged in the operative Amended Complaint, are substantially different than the third-party beneficiary claims alleged in the operative pleading and, thus, failed to give Wells Fargo notice of any potential tort claims within the period set forth in the rule. By Gorsuch's own admission, the third-party beneficiary claims were based upon the January 2009 breach of contract, while the proposed tort claims are primarily based upon Wells

Fargo's alleged subsequent conduct, including the "wrongful" acceleration of the loans in August 2009.

The Court finds that Wells Fargo could not have been notified in the summer/fall 2011 that Gorsuch Cooper and Gorsuch Aspen had, and intended to bring, claims for intentional interference with contract and intentional interference with prospective business advantage against Wells Fargo based upon the allegations set forth in paragraphs 123-126 of the Amended Complaint. In fact, in arguing that Wells Fargo will not be unduly prejudiced by the proposed amendments, Gorsuch admits that some, if not most, of the allegations [*32] underlying the proposed tort claims arose from discovery during the arbitration proceeding and findings of the arbitration panel (again, the arbitration proceedings occurred from approximately December 2011 through October 17, 2012). *See* Motion, docket #71 at 17 ("The parties have already engaged in extensive discovery regarding the same subject matter and underlying facts upon which the tort claims are predicated, and have completed an arbitration where the arbitrators made significant factual findings which are binding on the parties."); *see also* Proposed [Third] Amended Complaint, ¶¶ 86-88, 91-93, docket #73. Certainly, a comparison of the operative Amended Complaint with the proposed amended pleading reveals that the facts concerning Wells Fargo's alleged post-breach conduct in the proposed pleading are significantly more numerous and detailed than those set forth in the operative pleading.

In the same vein, Gorsuch fails to show how Wells Fargo knew or should have known that the tort claims would have been brought against it but for a mistake concerning the proper party's identity. Gorsuch identifies no "mistake" in adding Gorsuch Cooper and Gorsuch Aspen; rather, Gorsuch seems [*33] to rely on case law out of the Second Circuit that the "mistake" requirement is not applicable when an amendment seeks to add plaintiffs. *See Employees Committed for Justice*, 407 F. Supp. 2d at 439 (citing *Advanced Magnetics, Inc.*, 106 F.3d at 19 ("The relevant inquiry in applying the relation back analysis is two-fold: (1) did the defendant have fair notice of the substance of the amendments and (2) will the defendants suffer prejudice by allowing the amendments."). Even if the Tenth Circuit were to adopt the Second Circuit's analysis, the Court finds (as set forth above) that Gorsuch has failed to demonstrate Wells Fargo knew or should have known in the period established by the rule (summer/fall 2011) that the proposed tort claims would have been brought against it. And, as set forth *infra*, the Court finds that permitting Gorsuch's requested amendments will unduly prejudice Wells Fargo.

Accordingly, the Court concludes that Gorsuch has failed to demonstrate the application of the relation back doctrine pursuant to Fed. R. Civ. P. 15(c) to its proposed claims and, thus, this Court recommends finding that the proposed amendments are barred by the statute of limitations and would be [*34] futile, if permitted.

B. Undue Delay

In the event that the District Court disagrees with this Court's recommendation concerning the futility of the proposed amendments, the Court will proceed with analyses of Wells Fargo's challenges concerning undue delay and undue prejudice.

When evaluating opposition to a motion to amend based upon undue delay, the Tenth Circuit focuses primarily on the asserted reasons for delay. *Minter*, 451 F.3d at 1206. Denial based upon delay is appropriate "when the party filing the motion has no adequate explanation for the delay," or in instances where it appears the plaintiff utilizes Rule 15 to make the complaint "a moving target." *Id.* (citations omitted). The Court may also deny leave to amend "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

As described above in the Court's evaluation of good cause to modify the Scheduling Order, the Court finds that the motion is untimely because Gorsuch failed to provide an adequate explanation for the delay after July 12, 2011. Gorsuch concedes that it was [*35] aware at the time of the original (April 2011) and/or Amended (May 10, 2011) Complaints of the conduct underlying the proposed claims, as such conduct occurred in August 2009; therefore, Gorsuch could have, but did not, allege the proposed tort claims in the alternative to the third-party beneficiary claims in April and/or May 2011. In fact, in the Amended Complaint, the original Plaintiffs asserted Wells Fargo's alleged conduct, including its "wrongful" acceleration of the line of credit and term loans, in the "General Allegations" section of the pleading, which now serves as a factual basis for the proposed tort claims. *See* Amended Complaint, ¶ 124, docket #9 at 19. Thus, the Court finds that denial of the proposed amendments based upon undue delay is appropriate here.

C. Undue Prejudice

In the Tenth Circuit, the "most important . . . factor in deciding a motion to amend the pleadings . . . is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). [*36] "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* (citations omitted). "As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . . 'provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'" *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991).

Here, the Court believes permitting amendment of the complaint to add new plaintiffs and new claims would unduly prejudice Wells Fargo at this stage in the litigation. This case proceeded through discovery on the Amended Complaint (filed May 10, 2011) from June 13, 2011 to November 17, 2011, at which time Judge Brimmer dismissed all Plaintiffs except Gorsuch Ltd. and ordered the remaining claims by Gorsuch Ltd. against Wells Fargo to proceed to arbitration. Apparently, the arbitration hearing took place from October 8-17, 2012. Gorsuch Ltd. raised not only those claims asserted in the Amended Complaint against Wells Fargo at arbitration, but the other Gorsuch entities brought third-party claims [*37] asserted in a tendered second amended complaint (never accepted in this litigation) in the arbitration as well. The arbitration panel heard evidence on all claims before determining on November 26, 2012 that they lacked jurisdiction to resolve the third-party beneficiary claims brought by the other Gorsuch entities. *See* Interim Award at 9, docket #71-1 ("[t]he third-party beneficiary claims of the Gorsuch Affiliates have been dismissed [by Judge Brimmer in this case], and the Panel does not have jurisdiction to consider such claims.").

The Court concludes that permitting amendment to raise new tort claims by non-parties unduly prejudices Wells Fargo at this stage, as Wells Fargo has already engaged in discovery of the Plaintiffs' original claims for more than five months, successfully obtained dismissal of the Gorsuch entities' third-party beneficiary claims, then pursued its defense of Gorsuch Ltd.'s original claims *plus* the Gorsuch entities' renewed third-party beneficiary claims through a year of arbitration proceedings, then fully resolved Gorsuch Ltd.'s claims by Judge Brimmer's confirmation of the arbitration award and its own payment of the judgment. Gorsuch may argue that any [*38] prejudice is not undue since discovery was not fully completed on the Gorsuch entities' claims; however, although discovery was not completed at the time Judge Brimmer issued his November 2011 order, the proposed tort claims here are based primarily upon conduct admittedly different than that alleged as a primary basis for claims raised in the Amended Complaint. *See Minter*, 451 F.3d at 1207 (undue prejudice most often "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues"). Therefore, the parties essentially may need to "re-start" discovery, or at the very least, engage in an extended period of discovery in this case if amendment is granted.

Accordingly, the Court finds that granting Gorsuch's motion as to the proposed tort claims by non-party former Plaintiffs would unduly prejudice Wells Fargo at this state when all other claims have been resolved. *See, e.g., Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (affirming district court's denial of a motion to amend as the case "was near resolution and discovery had been completed"); *Semsroth v. City of Wichita*, No. 04-1245-MLB, 2006 U.S. Dist. LEXIS 63294, 2006 WL 2570557, at *5 (D. Kan. Sept. 5, 2006) [*39] (denial of a motion to file a second amended class action complaint because significant discovery had occurred, written discovery requests had been served, and the proposed complaint contained new factual allegations).

This Court recommends that the District Court deny the present motion to amend pursuant to Fed. R. Civ. P. 15(a), as the proposed amendments are unduly delayed, unduly prejudicial and would be futile, if permitted.

## CONCLUSION

Accordingly, for the reasons stated above and the entire record herein, the Court respectfully RECOMMENDS that the Motion for Leave to File Third Amended Complaint [filed July 10, 2013; docket #71] be **DENIED**.

Dated at Denver, Colorado, this 16th day of September, 2013.

BY THE COURT:

/s/ Michael E. Hegarty

2013 U.S. Dist. LEXIS 174681, *39

Michael E. Hegarty

United States Magistrate Judge

---

**End of Document**