IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

_____

**CERTAIN DEFENDANTS MOTION FOR ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER GRANTING CONDITIONAL COLLECTIVE ACTION CLASS CERTIFICATION [DOC. NO. 569], FOR IMMEDIATE CORRECTIVE ACTION, SANCTIONS AND EXPEDITED CONSIDERATION**

_____

Defendants InterExchange, Inc., GreatAuPair, LLC, Expert Group International, Inc., EurAuPair Intercultural Child Care Programs, Cultural Homestay International, Cultural Care, Inc., AuPairCare, Inc., Au Pair International, Inc., APF Global Exchange, NFP, American Institute for Foreign Study, American Cultural Exchange, LLC, Agent Au Pair, A.P.E.X. American Professional Exchange, and 20/20 Care Exchange, Inc.,

through undersigned counsel, hereby submit this Motion for Order to Show Cause for Failure to Comply with the Court's Order Granting Conditional Collective Action Class Certification [Doc. No. 569], for Immediate Corrective Action, Sanctions and  Expedited Consideration.

## I.    CONFERRAL

Pursuant to D.C. COLO. LCivR 7.1(a), Defendants made extensive efforts to reach a compromise on the issues raised herein.  No agreement could be reached.

## II.    INTRODUCTION

Last week, Plaintiffs sent an unauthorized, misleading, biased and prejudicial class "notice," in direct contravention to this Court's Second Amended Order Granting Conditional Collective Action Class Certification [Doc. No. 569] (the "Order").[1]  Plaintiffs sent an improper email to current and former au pairs of seven Defendants who do not have FLSA claims pending against them, instead of sending the Court-approved Notice of Your Right to Join Lawsuit for Unpaid Wages (the "Court-approved Notice") to current and former au pairs who were sponsored by the six Defendants against whom Plaintiffs have asserted Fair Labor Standards Act ("FLSA") claims.   These Defendants have received a flurry of inquiries from their current and former au pairs, which has resulted in serious and extensive business disruption, including unnerving anxiety and confusion.

Further, instead of providing only the Court-approved Notice, Plaintiffs obscured their true identity and included non-neutral language that improperly solicits putative

---

[1] The original Order Granting Motion for Conditional Collective Action Certification was entered on March 31, 2017 (Doc. No. 525).  The Amended Order Granting Motion for conditional Collective Action Certification was entered on April 28, 2017 (Doc. No. 539).

plaintiffs.  This unapproved, solicitous content has also been posted in various social media outlets and has been (and is being) forwarded by recipients to others.

With respect to Plaintiffs' proposed class notice, the Court made various findings and corrections, including that certain language was "not neutral."  (Doc. No. 569 at p. 11).  The Court then directed Plaintiffs to submit a revised Notice to Defendants. Plaintiffs submitted a revised Notice and the parties agreed to it—including the elimination of language per the Court's Order that may insinuate that the Sponsors are "employers" of the au pairs.  Unlike that approved Notice, Plaintiffs' email (set out below) solicits putative class members to opt in and, most notably, provides a link to a consent form that bypassed the agreed neutral class Notice altogether.  This "transmittal email" and subsequent social media postings are improper for various reasons, including because:

(1) the transmittal email allows class members to opt-in without ever seeing, much less reading, the approved Notice;

(2) the approved Notice is neutral, but the transmittal email is entirely one-sided and entices class members with "additional compensation for your past work;"

(3) the transmittal email is an unethical solicitation;

(4) the Court-approved Notice does not allow for link/click class registration; and

(5) the Court-approved Notice was sent to au pairs who were sponsored from 2009 to 2013, allowing them to opt-in even though the proposed notice that was presented to Defendants and agreed to by the parties was limited to the period 2013 and after.[2]

---

[2] To the extent that the Court's Amended Order reserved the Court's right to rule on the issue of equitable tolling and permitted Plaintiffs to **notify** putative plaintiffs that were sponsored between 2009 and July 24, 2013 that they "may have a claim," a separate

Defendants seek an Order to Show Cause as to why the actions requested below should not be taken in an effort to remedy Plaintiffs' unjustifiable and highly prejudicial conduct.

### III.    ARGUMENT

### A. Plaintiffs Directly Violated the Court Order by Sending the Non-Neutral, Solicitation Email to Au Pairs Who Were Sponsored by "Antitrust-Only" Defendants

Plaintiffs' counsel has admitted the email solicitation was erroneously sent to those au pairs sponsored by all but one of the Defendants against whom no FLSA claims have been asserted.[3]  However, Plaintiffs fall short in their willingness to rectify this serious and prejudicial error.

Though Plaintiffs sent a "corrective" email to au pairs who should not have received the notice, they refuse to refrain from representing au pairs who received the notice with respect to any new claims in this lawsuit.[4]  Such relief is necessary and warranted under the circumstances of this egregious situation.  *See Hamm v. TBC*

---

notice—first submitted to defendants and, if they could not reach agreement, to the Court—should have been sent, not one that purports to permit those recipients to join the lawsuit.  The Court-approved Notice does not allow pre-2013 au pairs to opt-in.

[3] Plaintiffs did not send the email solicitation to any of USAuPair's au pairs, and USAuPair is not a movant in this Motion. Plaintiffs sent the email to current and former au pairs of: Agent Au Pair, GreatAuPair, EurAuPair, Cultural Homestay International ("CHI"), Au Pair International, APF Global Exchange, and APEX and 20/20's regular au pairs.  As to CHI, several of its au pairs received the email, for reasons which are unclear to Defendants.

[4] Notably, during conferral efforts, Plaintiffs' counsel unequivocally agreed to not represent any au pair who wrongfully received the improper solicitation email in any new claims against the antitrust-only defendants.  However, the following day, Plaintiffs' counsel reneged on  the agreement. Exhibit C, 7/12/17 email from Katie Reilly to Dawn Smalls, "Follow Up to 7/10 Meet and Confer – Non FLSA Defendants."

*Corp.,* 597 F.Supp.2d 1338, 1340, 1353 (S.D. Fla. 2009)(adopting magistrate's recommendation regarding sanctions for law firm's improper solicitation of FLSA putative class members, including "barring [law firm] from representing any future opt-in client not directly associated with the named plaintiffs."), *aff'd* 395 Fed.Appx. 406 (11th Cir. 2009); *In re Universal Bldg. Prods.,* 486 B.R. 650, 660-661 (Bankr.Del. 2010) (disqualifying counsel for creditors' committee because of improper solicitation).

Further, to enable the Court and Defendants to understand the magnitude of the problem Plaintiff's' counsel has created, Plaintiffs should be required to forthwith produce all communications they have had with the vendor who sent the email, as well as a list of all au pairs to whom the notice was sent, categorized by sponsor.

Fees and costs are similarly appropriate—for both the business disruption these sponsors have experienced and for attorneys' time incurred in dealing with this matter and seeking necessary remedies. The sponsors affected by this wrongful conduct have very limited resources to defend this litigation.

Similar sanctions have previously been awarded in a District of Colorado case: *Kaufman v. Am. Family Mut. Ins. Co.,* Civil Action No. 05-CV-02311-WDM-MEH, 2008 U.S. Dist. LEXIS 32497, at *15-20 (D. Colo. Apr. 21, 2008). In *Kaufman*, the plaintiffs' counsel used confidential information obtained from the defendant-insurer's claims files to contact and solicit potential plaintiffs for a class action. The plaintiffs' counsel argued they acted in good faith reliance on an Official Comment to R.P.C. 7.2 which states that neither Rule 7.2 nor 7.3 "prohibits communications authorized by law, such as notice to class members of a class in class action litigation." The court noted that there is a

"significant difference between notifying potential class members of a pending action" and individually soliciting additional named plaintiffs to sign contingency agreements.  In concluding the insurer incurred significant legal fees because of plaintiffs' counsel's improper contact and solicitation of additional parties, the court ordered awarded the plaintiffs' attorneys to pay legal fees and costs incurred by the insurer for the discovery and motions practice that the insurer had to undertake.  The court further stated "these actions do not preclude further consideration of an order to show cause why counsel should not be held in contempt."  *Id.* at *20.

### B.  Plaintiffs Improperly Circumvented the Court's Order by Materially Deviating from the Court-Approved Notice

Plaintiffs' counsel should well know that notice to potential class members is prepared and issued in accordance with orders of the court.  *See Kaufman,* 2008 U.S. Dist. LEXIS 32497, *15 (stating "Plaintiff's counsel, who claims to be adequate to represent the class, surely is aware that notice to potential class members, after a class is certified, is prepared and issued in accordance with orders of the court.)  "Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate...." *Lewis v. ASAP Land Exp., Inc.*, No. 07-CV-2226, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008).  District courts must closely monitor the notice process and take steps to safeguard class members from "unauthorized [and] misleading communications from the parties or their counsel." *Erhardt v. Prudential Group, Inc.*, 629 F.2d 843, 846 (2d Cir. 1980).  District courts have "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders

governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 68 L. Ed. 2d 693, 101 S. Ct. 2193 (1981).

Courts recognize that the class notice process "must be careful to guard against the 'stirring up' of litigation through unwarranted solicitation." *Snelling v. ATC Healthcare Servs.*, No. 2:11-CV-00983, 2013 U.S. Dist. LEXIS 49105, at *7 (S.D. Ohio Apr. 4, 2013). Indeed, it is well settled that "[t]he class notice is not a vehicle to assist class counsel in soliciting new clients." *Macarz v. Transworld Sys.*, 201 F.R.D. 54, 57 (D. Conn. 2001); *see also* David F. Herr, Manual for Complex Litigation § 21.33 (4th ed.) ("If improper communications occur, curative action might be necessary, such as...voiding improperly solicited opt [ins or] outs and providing a new opportunity to opt [in or] out.").

In the case at bar, the transmittal email, attached as Exhibit A and copied below, circumvents the Court-approved Notice, and contains biased and non-neutral language. Furthermore, the email was signed by an unidentified person named "Jesse," an apparently intentional choice by plaintiffs to mislead au pairs into believing this email

## AU PAIR WAGE ACTION

You are receiving this message because you worked as an au pair between 2009 and 2016 and may be entitled to additional compensation for your past work.

**You may be owed additional compensation for the work you did as an au pair. Find out more or sign up to join the lawsuit.**

A group of au pairs has filed a class action suit alleging they were paid in violation of minimum wage laws in the United States. The au pairs claim that they were not paid minimum hourly wages, overtime wages, for time spent in mandatory training, and had an improper credit for room and board deducted from their wages. More information about the litigation can be found in the **Notice of Your Right to Join Lawsuit for Unpaid Wages.**

**You have the right to participate in this lawsuit to recover any money owed to you. To do so, you must sign up.**

This email is being sent to you on behalf of Boies Schiller Flexner LLP, the attorneys for the au pairs in their litigation against the visa sponsor agencies.

If you sign up, the attorneys will represent you too. **Sign up now.**

Thank you,

Jesse

was perhaps sent by a fellow au pair rather than a law firm.  The following is the transmittal email sent to au pairs last week.

If an au pair chose the first, third or fourth link, they were immediately brought to a page giving them the option to "Join the Lawsuit."



Indeed, the only way for potential litigants to **ever have seen** the actual Notice is to click on the *third* link on the transmittal email "*Notice of Your Rights to Join Lawsuit for Unpaid Wages,*" or to scroll down on the website from the large "Join the Lawsuit" buttons and look through the links to "Documents".

On Monday, July 10, 2017, after finally relenting to demands sent by several of the Defendants during the weekend, Plaintiffs revised their website (www.aupairwageaction.com) to now incorporate an additional button for a potential litigant to click on that would allow them to view the Court-approved Notice.  However, given the amount of time that has elapsed since the email notification went to au pairs and the subsequent social media postings of the same content, significant harm has already been done.  Defendants understand that hundreds, if not thousands of au pairs, already have joined the lawsuit—yet it is unknown how many au pairs opted in without ever seeing the Court-approved Notice.

In short, the transmittal email and webpage did nothing to direct au pairs to the Notice before joining the lawsuit, but instead made **every effort** to avoid au pairs ever seeing or receiving the actual Notice, rendering it the most difficult and obscure part of the transmittal email and website.  In addition:

- The transmittal email contains inappropriate and non-neutral language, such as:

    - "If you sign up, the attorneys will represent you too. Sign up now."

    - "You have the right to participate in this lawsuit to recover any money owed to you. To do so, you must sign up."

- Eliminating Defendants' position that au pairs were properly paid.

- The Notice departs from the court's approved language; *See* Exhibit B

- The Notice contains an unethical and improper solicitation.

    - "**If you sign up, the attorneys will represent you too. Sign up now.**"  (See Exhibit A) (emphasis added).

- The transmittal email and website allow for opt-ins through a website link, rather than the approved Notice, which provided for opt-ins via email or facsimile (*See* Exhibit B, p. 3).

- The email boldly refers to "additional compensation" and the recovery of "money owed" to the au pair.  For example, it states that in order to recover "any money owed," that the au pair "must sign up" and that if the au pair signs up, "the attorneys will represent you too."  This overlooks several important aspects addressed by the Court-approved Notice (e.g., consequences to an au pair who  joins the lawsuit, how the attorneys are

- 9 -

paid, and that an au pair who does not join the lawsuit would still have a right to file his or her own lawsuit.)

- o The email says twice in the first two sentences that the au pair is receiving the email because he/she "may be entitled to additional compensation."  The language in the Court-approved Notice states that in answer to the question "Why am I Getting This Notice?", the recipient has the "right to participate in a minimum wage and overtime lawsuit" because he or she was "sponsored to work as an au pair by one of the named visa sponsors on or after July 25, 2013."  (The use of the word "work" flies in the face of the Court's directive to remove sponsor-as-employer related language.)

- The Court-approved Notice reflects, on its face, that it was being addressed to "Current and Former Au Pairs who on or after **July 25, 2013** were sponsored by" one of the defendants who have FLSA claims being asserted by them.  The email, on the other hand, is addressed to au pairs who "worked" as an au pair between **2009 and 2016**.  *Compare* Exhibit B *with* Exhibit A.

- o Plaintiffs' choice to use different dates in the cover email than they used in the Notice is severely misleading to au pairs who participated in the program from 2009-July 23, 2014.  Defendants acknowledge that this Court has deferred its ruling on equitable tolling and ruled that a notice could be sent to the earlier group of

au pairs.  However, any notice to those au pairs, whose claims are outside the statute of limitations, should explain that any potential claims are contingent on this Court's ruling on equitable tolling.[5]

In summary, Plaintiffs' counsel has made every effort to bury and dilute the Court approved Notice, improperly solicit putative class members and egregiously circumvent this Court's orders, as well as their ethical duties of candor and to the administration of justice.

### C. An Order to Show Cause is Appropriate, since the Email Transmittal Together with the Website Links, Attempts to Circumvent Any Au Pair from Reading or Receiving the Court-Approved Notice.

This is not simply a matter of form over substance, but addresses a reckless or deliberate attempt to circumvent the Court-approved Notice.  Tellingly, undersigned counsel were unable to find *a single* case where a cover email transmittal or other form of notice deviated from a court approved notice.

Regardless of how sent, whether email, website or letter, the Notice must mirror that approved by the court and remain neutral.  In its Order, this Court permitted Plaintiffs to distribute Notice "via mail, email, publication, and other electronic means,

---

[5] This Court ruled in its Order that Plaintiffs had to present Defendants with a draft notice at least 48 hours before sending it in order to give Defendants an opportunity to object and bring any unresolved issues to the Court.  Plaintiffs presented Defendants with a Notice that was addressed only to au pairs who participated in the program on or after July 24, 2013.  Had Plaintiffs addressed that Notice to Plaintiffs from 2009-2016 without making it clear to the earlier au pairs that their claims were contingent on equitable tolling, Defendants would have made this objection at that time. Unfortunately, Plaintiffs denied Defendants this opportunity by providing the later date in the draft notice, and then unilaterally sending out a cover email that had a date four years earlier, which they then sent to au pairs going back to 2009.

including social media," citing *Mark v. Gawker Media LLC*, No. 13-CV-4347 AJN, 2014 WL 5557489, at *5 (S.D.N.Y Nov. 3, 2014).  Plaintiffs completely disregard that *Gawker* states that "[t]o the extent Plaintiffs propose to use social media to provide potential plaintiffs **with notice that mirrors the notice otherwise approved by the Court,** that request is granted." (emphasis added).  Similarly, in *Woods v. Vector*, 14-V-0264-EMC, 2015 WL 1198593, at *6–7 (N.D. Cal. Mar. 16, 2015) (also cited by this Court's Order), the court looked critically at certain aspects of the social media advertisement proposed by the plaintiffs.  The *Woods* court allowed plaintiffs' counsel to use a Facebook ad, but when a collective action member clicked on the ad, he or she would be immediately redirected to the long-form notice and consent to join form, as well as a proposed verification process designed to reduce the burden of processing ineligible claims.  *Id.* at **12-13.  Thus, in both *Gawker* and *Woods*, whether by email or social media – the putative class member was directed to the court-approved notice first.  Moreover, the email or social media page contained *neutral* language mirroring the class notice.  Here, Plaintiffs' counsel has willfully circumvented such safeguards by burying the Court-approved notice in emailed language blatantly designed to improperly lure a potential litigant into the case without ever seeing the Court-approved Notice.

The harm to the FLSA Defendants as well as the putative class members is apparent.  First and foremost, the email transmittal likely resulted in a large number of opt-ins never having received or read the Court-approved Notice.  If an au pair chose three out of the four links, they were immediately brought to a page giving them the option to "Join the Lawsuit."

Clearly aware that the transmittal email and layout of the webpage all but buries the Court-approved Notice, Plaintiffs' counsel belatedly changed the website a few days ago, so that upon clicking on a link from the transmittal email, an au pair is brought to a website with the following options:



But this change is still insufficient, because putative class members will *not receive the Court-approved Notice* before having the chance to "Join the Lawsuit." Only individuals, selecting "View Notice," will actually receive the Court-approved Notice.

The entire purpose and role of the court in providing class notice is to ensure putative class members receive *neutral* language that apprises them of the litigation, what happens if they choose to join the lawsuit, what happens should they choose not to join the lawsuit and how to obtain more information.

There can be no legitimate question that Plaintiffs have bypassed and violated the Court's order and attempted to solicit class members. The fact that Plaintiffs' counsel has utilized a method whereby a Plaintiff can opt-in via a website, is, in and of itself, not the issue, but is part and parcel of the clear effort to solicit class members and avoid them having to ever read the neutral notice. Moreover, it is but one more

example of Plaintiffs' counsel disregard and circumvention of the Court's method of approving notice.

Equally problematic is that the email transmittal is an impermissible solicitation. It is well-settled in the case law and the rules of professional conduct that solicitation of clients is improper. *See, e.g., Macarz v. Transworld Sys.*, 201 F.R.D. 54, 57 (D. Conn. 2001) ("[t]he class notice is not a vehicle to assist class counsel in soliciting new clients."); R. Prof'l C. 7.3. Here, the email transmittal solicits putative class members, stating that the au pair "must sign up" to recover "any money owed," and that "**If you sign up, the attorneys will represent you too. Sign up now.**" (*See* Exhibit A) (emphasis added).

## IV. CONCLUSION AND REQUESTED RELIEF

Court involvement ensuring that the class notice remains neutral is a cornerstone in class litigation. It ensures that, on the one hand, class members are aware of the risks, benefits and alternatives to opting in to a class action, and, on the other hand, is aimed at preventing plaintiffs from unnecessarily "stirring-up" litigation or causing irreparable reputational harm to a class of defendants by promising risk-free, click-of-a-button monetary awards to putative class members with no risk to the class members. The email transmittal together with the website flouts the Court's Order and the purpose of a neutral notice, causing harm to Defendants and the putative class members while resulting in a benefit to Plaintiffs.

Plaintiffs' disregard for the mandate of this Court warrants an immediate Order to Show Cause as to why the following relief should not be granted:

(1) An Order that Plaintiffs' counsel cannot represent any au pair that was sent the email last week in any new claims brought by that au pair against any Defendant that is not currently defending an FLSA claim;

(2) Granting sanctions to those Defendants defending only the antitrust claim for fees and costs incurred due to the business disruption this matter has caused in responding to inquiries from current and former au pairs about the nature of the notice that was sent to them improperly;

(3) Terminating the links in Plaintiffs' email;

(4) Changing Plaintiffs' website to feature only the full Court-approved Notice and Consent to Join form;

(5) Striking any putative plaintiff that has opted-in through Plaintiffs' website without reviewing the Court-approved Notice;

(6) Precluding Plaintiffs from sending a "reminder notice" at the 60 day mark in an email that includes any language other than the Court-approved Notice;

(7) Precluding Plaintiffs from allowing any au pair who was sponsored only during from 2009 to July 24, 2013 from joining the lawsuit until a ruling on equitable tolling has been made;

(8) Granting sanctions to all Defendants for their fees and costs incurred in conducting the discovery necessary to understand the breadth of the improper solicitations (*e.g.,* to determine which parties opted-in without reviewing the Court-approved Notice and to determine the nature of Plaintiffs' counsel's communications with its vendor who sent the email); and

(9) Granting sanctions to the moving Defendants for their fees and costs incurred

for the filing of this Motion.

Defendants seek such further relief as the Court deems just and proper.

Respectfully submitted this 13th day of July, 2017.

*/s/ Peggy Kozal*
Thomas B. Quinn
John R. Mann
Peggy E. Kozal
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 534-5160
Fax: (303) 534-5161
tquinn@grsm.com
jmann@grsm.com
pkozal@grsm.com
**Attorneys for Defendant**
**AuPairCare, Inc.**


/s/ Brooke A. Colaizzi
Brooke A. Colaizzi
Raymond M. Deeny
Heather F. Vickles
Joseph H. Hunt
Alyssa L. Levy
SHERMAN & HOWARD, LLC
bcolaizzi@shermanhoward.com
rdeeny@shermanhoward.com
hvickles@shermanhoward.com
jhunt@shermanhoward.com
alevy@shermanhoward.com
**Attorneys for Defendant InterExchange, Inc.**


/s/ Martin J. Estevao
Meshach Y. Rhoades
Martin J. Estevao
ARMSTRONG TEASDALE, LLP
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com
**Attorneys for Defendant GreatAuPair, LLC**

- 16 -

/s/ Bogdan Enica
Bogdan Enica
BOGDAN ENICA, ATTORNEY AT LAW
bogdane@hotmail.com
*Attorney for Defendant Expert Group*
*International, Inc. d/b/a Expert AuPair*


/s/ David B. Meschke
David B. Meschke
Martha L. Fitzgerald
BROWNSTEIN HYATT FARBER SCHRECK,
LLP
dmeschke@bhfs.com
mfitzgerald@bhfs.com
*Attorneys for Defendant EurAupair*
*InterCultural Child Care Programs*


/s/ James E. Hartley
James E. Hartley
Adam A. Hubbard
Jonathan S. Bender
HOLLAND & HART, LLP
jhartley@hollandhart.com
aahubbard@hollandhart.com
jsbender@hollandhart.com
*Attorneys for Defendant Cultural Homestay*
*International*


/s/ Kathryn A. Reilly
Kathryn A. Reilly
Grace A. Fox
Natalie West
WHEELER TRIGG O'DONNELL, LLP
reilly@wtotrial.com
fox@wtotrial.com
west@wtotrial.com
*Attorneys for Defendants Au Pair*
*International, Inc.; American Cultural*
*Exchange, LLC d/b/a GoAuPair*


/s/ Kathryn A. Reilly
Kathryn A. Reilly
Grace A. Fox
Natalie West
WHEELER TRIGG O'DONNELL, LLP
reilly@wtotrial.com

fox@wtotrial.com
west@wtotrial.com
**_Attorney for Defendant Agent Au Pair_**


/s/ Susan M. Schaecher
Lawrence L. Lee
Susan M. Schaecher
FISHER & PHILLIPS, LLP
llee@laborlawyers.com
sschaecher@laborlawyers.com


/s/ John Fulfree
John B. Fulfree
Joseph B. Cartafalsa
Robert M. Tucker
Stephen J. Macri
PUTNEY, TWOMBLY, HALL & HIRSON, LLP
jfulfree@putneylaw.com
jcartafalsa@putneylaw.com,
jbc54@cornell.edu
rtucker@putneylaw.com,
robert.m.tucker1@gmail.com
smacri@putneylaw.com
**_Attorneys for Defendants APF Global
Exchange, NFP d/b/a Aupair Foundation;
American Institute for Foreign Study d/b/a
Au Pair in America_**


/s/ Eric Stock
Eric J. Stock
Gibson, Dunn & Crutcher LLP
estock@gibsondunn.com
mao@gibsondunn.com
**_Attorneys for Defendant American Institute
for Foreign Study d/b/a Au Pair in America_**

- 18 -

/s/ Joan A. Lukey
Joan A. Lukey
Robert M. Buchanan, Jr.
Michael T. Gass
Justin J. Wolosz
Lyndsey M. Kruzer
Kevin P. O'Keefe
CHOATE, HALL & STEWART, LLP
joan.lukey@choate.com
rbuchanan@choate.com
mgass@choate.com
jwolosz@choate.com
lkruzer@choate.com
kokeefe@choate.com

and

Diane R. Hazel
James M. Lyons
Jessica L. Fuller
LEWIS ROCA ROTHGERBER CHRISTIE LLP
dhazel@lrrc.com
jlyons@lrrc.com
jfuller@lrrc.com
**Attorneys for Defendant Cultural Care, Inc.
d/b/a Cultural Care Au Pair**


/s/ Lawrence D. Stone
Lawrence D. Stone
Kathleen E. Craigmile
NIXON SHEFRIN HENSEN OGBURN, P.C.
lstone@nixonshefrin.com
kcraigmile@nixonshefrin.com
**Attorneys for Defendants A.P.E.X. American
Professional Exchange, LLC d/b/a
ProAuPair;
20/20 Care Exchange, Inc.
d/b/a The International Au Pair Exchange**

## CERTIFICATE OF SERVICE (CM/ECF)

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system, which will send notification to all counsel referenced below, and/or sent via electronic mail on this the 13th day of July, 2017 addressed to:

Lauren F. Louis
Sigrid S. McCawley
Sabria McElroy
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua Libling
Juan P. Valdivieso
BOIES SCHILLER & FLEXNER, LLP
llouis@bsfllp.com
smccawley@bsfllp.com
smcelroy@bsfllp.com
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
srogriguez@bsfllp.com
jlibling@bsfllp.com
jvaldivieso@bsfllp.com
        *and*
Alexander N. Hood
TOWARDS JUSTICE – DENVER
alex@towardsjustice.org
**Attorneys for Plaintiffs**

Brooke A. Colaizzi
Raymond M. Deeny
Heather F. Vickles
Joseph H. Hunt
Alyssa L. Levy
SHERMAN & HOWARD, LLC
bcolaizzi@shermanhoward.com
rdeeny@shermanhoward.com
hvickles@shermanhoward.com
jhunt@shermanhoward.com
alevy@shermanhoward.com
**Attorneys for Defendant InterExchange, Inc.**

William J. Kelly, III
Chanda M. Feldkamp
KELLY & WALKER, LLC
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com
**Attorneys for Defendant USAuPair, Inc.**

Meshach Y. Rhoades
Martin J. Estevao
ARMSTRONG TEASDALE, LLP
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com
**Attorneys for Defendant GreatAuPair, LLC**

Bogdan Enica
BOGDAN ENICA, ATTORNEY AT LAW
bogdane@hotmail.com
**Attorney for Defendant Expert Group International, Inc. d/b/a Expert AuPair**

David B. Meschke
Martha L. Fitzgerald
BROWNSTEIN HYATT FARBER SCHRECK, LLP
dmeschke@bhfs.com
mfitzgerald@bhfs.com
**Attorneys for Defendant EurAupair InterCultural Child Care Programs**

James E. Hartley
Adam A. Hubbard
Jonathan S. Bender
HOLLAND & HART, LLP
jhartley@hollandhart.com
aahubbard@hollandhart.com
jsbender@hollandhart.com
**Attorneys for Defendant Cultural Homestay International**

Brian A. Birenbach
RIETZ LAW FIRM, LLC
brian@rietzlawfirm.com
        *and*
Kathryn A. Reilly
Grace A. Fox
Natalie West
WHEELER TRIGG O'DONNELL, LLP
reilly@wtotrial.com
fox@wtotrial.com
west@wtotrial.com
**Attorneys for Defendants Au Pair International, Inc.; American Cultural Exchange, LLC d/b/a GoAuPair**

Kathryn A. Reilly
Grace A. Fox
Natalie West
WHEELER TRIGG O'DONNELL, LLP
reilly@wtotrial.com
fox@wtotrial.com
west@wtotrial.com
**Attorney for Defendant Agent Au Pair**

Lawrence L. Lee
Susan M. Schaecher
FISHER & PHILLIPS, LLP
llee@laborlawyers.com
sschaecher@laborlawyers.com
        and
John B. Fulfree
Joseph B. Cartafalsa
Robert M. Tucker
Stephen J. Macri
PUTNEY, TWOMBLY, HALL & HIRSON, LLP
jfulfree@putneylaw.com
jcartafalsa@putneylaw.com, jbc54@cornell.edu
rtucker@putneylaw.com, robert.m.tucker1@gmail.com
smacri@putneylaw.com
**Attorneys for Defendants APF Global Exchange, NFP d/b/a Aupair Foundation;**
**American Institute for Foreign Study d/b/a Au Pair in America**

Eric J. Stock
Gibson, Dunn & Crutcher LLP
estock@gibsondunn.com
mao@gibsondunn.com
**Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in**
**America**

Joan A. Lukey
Robert M. Buchanan, Jr.
Michael T. Gass
Justin J. Wolosz
Lyndsey M. Kruzer
Kevin P. O'Keefe
CHOATE, HALL & STEWART, LLP
joan.lukey@choate.com
rbuchanan@choate.com
mgass@choate.com
jwolosz@choate.com
lkruzer@choate.com

kokeefe@choate.com
*and*
Diane R. Hazel
James M. Lyons
Jessica L. Fuller
LEWIS ROCA ROTHGERBER CHRISTIE LLP
dhazel@lrrc.com
jlyons@lrrc.com
jfuller@lrrc.com
**Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair**

Lawrence D. Stone
Kathleen E. Craigmile
NIXON SHEFRIN HENSEN OGBURN, P.C.
lstone@nixonshefrin.com
kcraigmile@nixonshefrin.com
**Attorneys for Defendants A.P.E.X. American**
**Professional Exchange, LLC d/b/a**
**ProAuPair;**
**20/20 Care Exchange, Inc.**
**d/b/a The International Au Pair Exchange**

*/s/ Peggy Kozal*
Thomas B. Quinn
John R. Mann
Peggy E. Kozal
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 534-5160
Fax: (303) 534-5161
tquinn@grsm.com
jmann@grsm.com
pkozal@grsm.com
**Attorneys for Defendant**
**AuPairCare, Inc.**