THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**PLAINTIFFS' OPPOSITION TO INTERNATIONAL CARE LIMITED'S
MOTION FOR LEAVE TO MAKE A SPECIAL APPEARANCE**

---

International Care Limited ("ICL") offers no citations or support for its "motion for leave to make a special appearance." That is because Federal law is clear that special appearances do not exist and a potential defendant has no standing to oppose a motion to amend. ICL's motion, which is simply an attempt to get two rounds of motion to dismiss briefing rather than one, all while attempting to refuse to accept service, should be denied.

## ARGUMENT

### I. ICL Lacks Standing To Challenge The Proposed Complaint

ICL's motion "for leave to make a special appearance" fails because there is no such thing under the Federal Rules. *See, e.g.*, *Miller v. Bennett*, 2013 WL 5450311, at *3 (D. Colo. Aug. 12, 2013) ("[Defendant] filed a Motion to Enter Special Appearance…I denied that motion, noting that under the Federal Rules of Civil Procedure there is no

1

reference to either a general or special appearance."); *In re Merriam*, 250 B.R. 724, 734 (Bankr. D. Colo. 2000) ("Limited appearances are not authorized in matters before the District Court"); *see also Johnson v. Bd. of Cty. Comm'rs for Cty. of Fremont*, 868 F. Supp. 1226, 1229 (D. Colo. 1994) (ordering party to "show cause why all pleadings filed on behalf of [proposed defendant] should not be stricken and under what legal authority [existing defendant] presumed to enter a limited appearance on [proposed defendant's] behalf."). ICL cites no rule of federal procedure nor any other authority for its motion. There simply is no legal basis under the Federal Rules for potential parties to "make a special appearance" to oppose an amended pleading. ICL's motion should be denied on that ground alone.

Indeed, Rule 12 was amended decades ago to do away with special or limited appearances. *See, e.g.*, *Johnson*, 868 F. Supp. at 1230 ("[T]echnical distinctions between general and special appearances have been abolished."); *Producers Coop. Oil Mill v. DFW Biodiesel, Inc.*, 2012 WL 12863166, at *1 (W.D. Okla. Feb. 7, 2012) ("Whatever the significance of a 'limited appearance' may be in other courts, the final sentence of Rule 12(b), Fed. R. Civ. P. abolishes the distinction between general and special (or limited) appearances in federal court."); *Jonsson v. Nat'l Feeds, Inc.,* 2012 WL 425274, at *1 n. 2 (D. Utah Feb.9, 2012) (citing *Investors Royalty Co. v. Mkt. Trend Survey,* 206 F.2d 108, 111 (10th Cir. 1953) for the proposition that Rule 12(b) "abolishes the distinction between general and special appearances").

Specifically, as District Courts across the country have held, a proposed defendant has no standing to oppose the amendment that would add them. *See, e.g.*, *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, 2014 WL 988829, at *2 (D.N.J.

Feb. 27, 2014) ("Proposed defendants do not have standing to oppose a motion to amend because they are not yet named parties."); *Goel v. Coal. Am. Holding Co. Inc.*, No. CV 11-2349 GAF (EX), 2011 WL 13128719, at *2 (C.D. Cal. Aug. 30, 2011) ("[Putative defendant]—which is not yet a defendant in this case—does not have standing to oppose Plaintiff's motion for leave to file an amended complaint."); *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.,* 246 F.R.D. 143, 146 n. 1 (E.D.N.Y. 2007) (proposed new defendants "did not have standing" to oppose the motion); *Dungan v. Acad. at Ivy Ridge*, No. 06-CV-0908, 2009 WL 2176278, at *2 (N.D.N.Y. July 21, 2009) ("As non-parties, [proposed defendants] do not have standing to oppose the motion for leave to amend . . . Accordingly, their papers in opposition to the motion have been disregarded."); *see also* Motion Practice, 9–80 (David F. Herr et al., eds., 5th Ed. Supp. 2012) ("If a motion seeks leave to amend to name additional parties, those parties are not entitled to notice and they have no absolute right to participate in the motion hearing until they are formally added to the litigation through a granted amendment.... [T]hey have no standing under Rule 15 to object."); *cf. Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, No. 11-CV-00970-PAB-MEH, 2013 WL 6925132, at *2 (D. Colo. Dec. 13, 2013), *aff'd sub nom.*, 771 F.3d 1230 (10th Cir. 2014) (potential new plaintiffs "do not have standing to move to amend the complaint").[1]

---

[1] For the same reason, ICL cannot move to intervene, which it has not done anyway. *See Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 913 (10th Cir. 2017) (all Rule 24 intervenors must independently have standing).

3

Because there is no such thing as a "special appearance" in federal court, and because ICL lacks standing to oppose the motion to amend, its motion should be denied.[2]

## II. Any Consideration of ICL's Opposition to Plaintiffs' Motion to Amend Filings is Highly Prejudicial.

Exhibit A to ICL's motion is an attempt to litigate twice a combination 12(b)(1) and 12(b)(6) motion to dismiss and a motion to compel arbitration. ICL must hope to make its arguments, see Plaintiffs' response and the Court's reasoning and then, if Plaintiffs' motion to amend is granted and ICL is added as a defendant, file its motions taking into account all it has learned. That is not how litigation works, and Plaintiffs would be financially and substantively prejudiced by having to defend against such repetitive motions.

Indeed, ICL's motion is especially prejudicial because ICL has indicated that its counsel will attempt to refuse to accept service of process. (Decl. of Joshua J. Libling in Supp. of Pls.' Opp'n to ICL's Mot. for Leave to Make a Special Appearance, Ex. 1.) ICL cannot have it both ways: it cannot adopt rights that belong to a formal party (such as moving to dismiss under Rule 12, or opposing a motion to amend) while also refusing to appear in the case. This gamesmanship only underscores the procedural headache ICL's strategy invites should the Court consider ICL's improper filings. *See Clark v. Hamilton Mortg. Co.*, No. 1:07-CV-252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008) ("such disorderly practice [should not] be countenanced.").

---

[2] ICL did not confer with Plaintiffs before filing its motion as required by D.C.COLO.LCivR 7.1(a). Had it done so, Plaintiffs could have pointed out these problems without the need for briefing.

4

By contrast, ICL will suffer no prejudice if its motion for a special appearance is denied. Once it is added as a party, and like all litigants, ICL will have a full and fair opportunity to move to dismiss, move to compel arbitration, or make any other motion permitted under the Federal Rules. ICL argues that it is prejudiced by not being able to oppose the motion for class certification, but Plaintiffs have not yet sought to certify a class with ICL as a defendant. If Plaintiffs ever do make such a motion after ICL is added as a defendant, ICL will be able to oppose it. It is true that Plaintiffs' position is that ICL is the alter ego of Cultural Care, which is a class defendant, but Cultural Care is able to oppose the motion directed at it, and ICL will have a full and fair opportunity to litigate the alter ego issue.

Indeed, in rejecting for lack of standing efforts by proposed defendants to pre-emptively challenge a pleading, courts have noted that relief under Rule 12 will be available if and when the proposed defendant is added to the case. *See, e.g.*, *Snellink*, 2015 WL 12818829, at *6, n.5 ("Any argument of futility by [proposed defendant] is similarly improper because proposed defendants do not have standing to oppose a motion to amend because they are not yet named parties … [Proposed defendant] may challenge the sufficiency of Plaintiffs' pleading by way of dispositive motion in accordance with the Federal Rules of Civil Procedure after Plaintiffs effectuate service of the Third Amended Complaint.") (citations and quotations marks omitted); *In re Cent. Illinois Energy Co-op.*, No. 09-81409, 2011 WL 4625343, at *2 (Bankr. C.D. Ill. Oct. 4, 2011) ("The amended complaint should be allowed to be filed, with [proposed defendant] to be joined and to appear by counsel...Once personal jurisdiction is properly acquired over [proposed defendant] and it is properly represented by counsel of record,

it may assert defenses and arguments on its own behalf."); *Clark*, 2008 WL 919612, at *2 ("[Proposed defendant], who is not a party to the case, has nothing to say about the proposed amendment at this point. After the second amended complaint is filed, [proposed defendant] is free to raise any and all defenses by proper motion, in an orderly fashion."). Accordingly, if and when ICL is added as a defendant, the Federal Rules will provide ICL ample opportunities to litigate their defenses.

For these reasons, and because the law is clear that ICL has no authority to make a special appearance or oppose the motion to amend, Plaintiffs do not here address the substance of Exhibit A to ICL's motion. Should the Court decide to consider ICL's filings, Plaintiffs request a proper briefing schedule on ICL's disguised motions to dismiss and to compel arbitration such that Plaintiffs need only brief the issues once.

## Conclusion

For the reasons given herein, ICL's motion for leave to make a special appearance should be denied and ICL's filings should not be considered in the Court's adjudication of the motion to amend.

Dated: New York, New York
July 14, 2017

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

*/s/ Joshua J. Libling*
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
575 Lexington Avenue
New York, New York  10022
Tel:  (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 14, 2017, I electronically served the foregoing motion on all counsel of record.

                                        */s/ Joshua J. Libling*
                                        Joshua J. Libling