# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**PLAINTIFFS' MOTION TO AMEND THE FLSA NOTICE DOCUMENTS**

---

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1

BACKGROUND ........................................................................................................ 2

ARGUMENT.............................................................................................................. 4

    I.    The Class Period in the Notice Should Conform to the Certification Order............ 4

    II.   The Transmittal Email and Reminder Email Should Address Au Pairs' Concerns. 7

CONCLUSION ......................................................................................................... 9

## CERTIFICATE OF CONFERRAL PURSUANT TO D.C. COLO.LCivR. 7.1(A)

Pursuant to D.C. Colo.LCivR. 7.1(a) and the Court's Second Amended Order Granting Motion for Conditional Collective Action Certification ("Certification Order"), as discussed in the Declaration of Dawn L. Smalls Regarding FLSA Opt-In Process submitted herewith, Plaintiffs conferred extensively about the issues raised in their Motion to Amend the FLSA Notice Documents with counsel for all Defendants. Plaintiffs certify that the parties "are unable to resolve the issue between themselves." Certification Order 14.

## PRELIMINARY STATEMENT

Although there are other disputes between the parties that are addressed in Plaintiffs' Opposition to Defendants' Motion for an Order to Show Cause (*see* DE 617) ("OSC Opposition"), this Motion addresses only two issues: (1) the inaccurate date on the Class Notice, which lists 2013-2016 as the eligible period, rather than 2009-2016, and (2) confusion potential class members have expressed over the transmittal email.

On the first issue, because the Certification Order held clearly that "Plaintiffs are authorized to send notice and consent forms . . . to each member of the class employed on or after July 24, 2009" (Certification Order 14-15), Plaintiffs contend that 2009-2016 is the correct date range. Because Defendants were unwilling to agree, notwithstanding the Court's clear language, Plaintiffs are forced to move to amend the notice accordingly.

On the second issue, Defendants have raised numerous objections to the existing transmittal email, all of which are fully addressed in Plaintiffs' OSC Opposition. In this motion, Plaintiffs seek Court approval of minor changes to the existing transmittal email, as well as the 60-day reminder email, for two reasons. First, in response to

1

concerns that the transmittal email might be a scam, or spam, or otherwise illegitimate, Plaintiffs propose to add a header in the email that states, "This is a Court-Authorized Communication." Second, in response to confusion over whether the lawsuit seeks recovery from host families or the Sponsor agencies, Plaintiffs propose to add a sentence to the email clarifying that recovery is not sought against host families.

## BACKGROUND

In an order dated June 9, 2017, the Court conditionally certified various classes of au pairs under the FLSA over the extensive objections of the FLSA Defendants. *See* Certification Order (DE 569). The Court's Certification Order defined the class period: "Plaintiffs are authorized to send notice and consent forms, in accordance with this Order, to each member of the classes employed on or after July 24, 2009." Certification Order 14-15. The Court's footnote 4 to that statement reads: "There is a dispute as to whether the statute of limitations has been tolled. At this stage, the Court reserves ruling on the issue, because there is no prejudice to Defendants in notifying putative plaintiffs that may have a claim, and no significant additional burden associated with the accompanying discovery." *Id.* at n.4 (internal citations omitted).

After issuance of the Certification Order, the parties negotiated changes to the notice and reached agreement on June 28, 2017. That agreed long-form notice contained the wrong start date for the time frame covered by the notice, an error Plaintiffs did not recognize before posting it. The agreed long-form notice is attached as Exhibit 1 (the "Notice" or "Class Notice").[1] A redline of the proposed changes to that Notice that are requested by Plaintiffs is attached as Exhibit 2.

---

[1] Unless otherwise stated, the "Exhibit ___" or "Ex. _" references are to the exhibits attached to the Declaration of Dawn L. Smalls Regarding FLSA Opt-In Process (hereinafter, "Smalls Decl."), filed herewith in support of this Motion.

The first wave of transmittal emails to the class was sent on July 5, 2017.  Ex. 10-1 (Declaration of Marlon Marshall, filed herewith as Exhibit 10 to Smalls Decl., "Marshall Decl.").  The transmittal email contained a short description of the purpose of the email and the nature of the lawsuit, as well as four hyperlinks: three to the front page of the class website, and one directly to a single pdf of the Notice and Consent to Join form (the "Opt-In Form"), both of which were also accessible from the front page of the class website.  Exs. 10-1 (Email) & 8 (Website); *see also* Smalls Decl. ¶ 12.  That email went to 30,741 FLSA au pairs (*i.e.*, au pairs who were employed by a FLSA Defendant) out of a total of 91,204 FLSA au pairs.  Smalls Decl. ¶ 13; Marshall Decl. ¶ 7 & Ex. 10-1.  At this time, the remaining 60,463 FLSA au pairs have not yet received any notice of the conditionally certified class due to the high number of invalid au pair email addresses that were produced by Defendants.  Smalls Decl. ¶ 54.  Given the high number of undeliverable messages, the vendor halted transmission to determine which emails were valid before resuming transmission.  *Id.*[2]

On Monday July 10th, Defendants demanded a meet and confer within 1.5 hours of the request for one.  Smalls Decl. ¶ 31; Ex. 20.  Plaintiffs acquiesced and the parties conferred by phone.  *Id.*  On that call, the FLSA Defendants voiced various objections to the transmittal email, website, and the fact that 2009-2013 au pairs received the Notice.  Smalls Decl. ¶¶ 35-36.  Most of these issues are addressed more fully in the OSC Opposition.  With regards to the class period dates in the Notice, on July 11th, Plaintiffs wrote to Defendants and stated that "we still do not understand the contours of your

---

[2]   In light of the present motion practice, Plaintiffs have voluntarily ceased transmission of the email.  Thus, roughly two-thirds of the FLSA class has not yet been notified, and will not be sent the notice transmission until there is some resolution to this dispute.  *See* Smalls Decl. ¶ 54.

3

position.  Please propose the precise language Defendants seek, and if the parties cannot reach agreement then the issue can be quickly submitted to Judge Arguello as contemplated in her order."  Ex. 20.  Defendants never responded to this message or provided any language.  Smalls Decl. ¶ 38.

Since sending the first wave of transmittal emails, Plaintiffs have received numerous inquiries demonstrating confusion among potential class members.  Smalls Decl. ¶¶ 5, 46-49.  Most crucially, au pairs are confused as to the cut-off date for joining the class.  *Id.* ¶ 47.  Unsurprisingly, this confusion is caused by an unintentional disconnect between the 2009 start date approved by the Court, which is included in the transmittal email, and the start date as stated in the Notice (July 25, 2013).  In addition to that disconnect, Plaintiffs' counsel have also received messages from au pairs indicating confusion about whether the Notice is part of a scam, and about whether the lawsuit seeks recovery from the sponsor agencies or their host families.  *Id.* ¶¶ 48-49.  Accordingly, in addition to the 2009 / 2013 change, Plaintiffs seek the Court's approval to address some of the Class's confusion through changes to the transmittal email and through the 60-day reminder email.  A redline of the new proposed transmittal email is attached as Exhibit 5 and the proposed 60-day reminder email is attached as Exhibit 7.

## ARGUMENT

### I. The Class Period in the Notice Should Conform to the Certification Order.

The Certification Order states that "Plaintiffs are authorized to send notice and consent forms . . . to each member of the class employed on or after July 24, 2009." Certification Order at 14-15.  As a result, notice was sent to au pairs dating back to July 24, 2009, and the transmittal email states that the au pair is receiving the email because he or she "worked as an au pair between 2009 and 2016."  Ex. 10-1.  The Notice,

4

however, mistakenly states in two places that it is addressed to au pairs who worked "on or after July 25, 2013." Ex. 1. Plaintiffs seek to change both dates to the Court-ordered eligibility date of July 24, 2009. These are the only changes to the Notice sought by plaintiffs.

As could be expected, potential class members have been confused by the difference. Plaintiffs have received both telephone and email inquiries from au pairs who worked between 2009 and 2013 asking if they qualify. Smalls Decl ¶ 47. Less specifically, but also probative of potential confusion, 2,040 au pairs have requested additional information through the website. *Id.* ¶ 55. And more generally, the many thousands of au pairs that served between July 24, 2009, and July 25, 2013, will likely be confused by the difference.

Plaintiffs' requests are reasonable and supported by the plain language of the Certification Order, which contemplates only a single notice to all FLSA au pairs from 2009 through 2016. Defendants, however, argue that an entirely separate class notice must be devised, singling out 2009 – 2013 au pairs for a separate notice process. Despite a request from Plaintiffs, Defendants still have not proposed any language for this supposed separate notice. Smalls Decl. ¶ 37. Defendants also request a court order "[p]recluding Plaintiffs from allowing any au pair who was sponsored only during from [sic] 2009 to July 24, 2013 from joining the lawsuit until a ruling on equitable tolling has been made." Def. Br. 15.

Defendants' objections are a transparent attempt to re-litigate an issue the Court has already addressed. The dispute about whether equitable tolling applies to 2009-2013 au pairs was thoroughly litigated in the context of conditional class certification

5

briefing.  *See, e.g.,* DE 325, 356, 359, 360, 362, 384, 404, 414, & 418.  The Court resolved the dispute by expressly permitting the notice process to go forward, while reserving judgment on the merits of the issue, reasoning that "there is no prejudice to Defendants in notifying putative plaintiffs that may have a claim."  Certification Order 14-15 & n.4.  Defendants now ask the Court to either preclude 2009-2013 au pairs from joining the lawsuit, or rule on the underlying tolling issue, which is in effect, a request to stay the initial ruling, or reconsider it.

Defendants' position is apparently that while the Court overruled Defendants' objections and permitted notice and a consent to join form to be sent to au pairs starting from July 24, 2009, the Court nevertheless did not intend for these au pairs to "join the lawsuit."  Def. Br. 4, n.2.  That argument is incoherent and undermines the purpose of class notice.  If the Court had not wanted 2009-2013 au pairs to "join the lawsuit," then notice of the lawsuit would not have been permitted.

Defendants also argue that an entirely separate notice to the pre-2013 au pairs should "explain that any potential claims are contingent on this Court's ruling on equitable tolling."  Def. Br. 11.  This argument similarly makes no sense.  The statute of limitations defense that Defendants argue applies to pre-2013 au pairs is no different than any other defense that Defendants may raise for the post-2013 au pairs—or, indeed, all au pairs.  There are always un-litigated defenses at the time that conditional certification is granted; the Defendants' affirmative defense based on the statute of limitations is not substantively different from any other.  Thus, there simply is no justification for treating the pre- and post-2013 au pairs differently for notice purposes.

## II. The Transmittal Email and Reminder Email Should Address Au Pairs' Concerns.

Plaintiffs propose to address two substantive questions that have been raised by au pairs that received the initial transmittal email by modifying future transmittal emails and through the 60 day reminder. Exs. 6, 7. *First*, Plaintiffs have received questions about whether the lawsuit is against the sponsors or host families. Smalls Decl. ¶ 49. To address this concern, Plaintiffs propose to alter the opening paragraph of the transmittal email through addition of the underlined text: "You are receiving this message because you worked as an au pair between 2009 and 2016 and may be entitled to additional compensation from the agency that sponsored your au pair visa for your past work. The lawsuit described below, and in the Notice of Your Rights, does not seek any relief from your host family." *See* Ex. 5 (Redline). Because this information is factually accurate and will address existing confusion among the au pairs, it should be permitted.

*Second*, the au pairs—who are principally young and technologically savvy, but by definition foreigners with limited English proficiency and little to no familiarity with the U.S. legal system—have questioned whether the Class Notice and accompanying transmittals are spam, part of some sort of scam, or otherwise illegitimate. Smalls Decl. ¶ 48. To address this concern, Plaintiffs would like to add at the top of the transmittal email, "This is a Court-Authorized Communication." Ex. 5. Plaintiffs believe that this addition will help assuage the au pairs' concerns and not cause them to mistakenly disregard the email. Courts routinely approve of such language precisely so that recipients can instantly authenticate the communication. *See, e.g., Agerbrink v. Model Serv. LLC*, No. 14 CIV. 7841 JPO JCF, 2015 WL 6473005, at *12 (S.D.N.Y. Oct. 27,

7

2015) ("You previously received an e-mail from me about the lawsuit referenced above. The Court has authorized this notice to correct any possible misunderstandings created by that e-mail."); *Wright v. Adventures Rolling Cross Country, Inc.*, No. C-12-0982 EMC, 2012 WL 2239797, at *6 (N.D. Cal. June 15, 2012) ("You may have received emails from [defendant] regarding the lawsuit referenced above. . . . The Court has authorized this notice to correct any possible misunderstandings created by the emails.").

The original transmittal email, proposed additions to the transmittal email, 60-day reminder email, and use of the class website are entirely consistent with the Court's Certification Order and relevant case law. The body of the email contains the following elements: (i) a salutation; (ii) an accurate statement about the purpose of the communication (quoted above); (iii) a link to the class website that reads, "You may be owed additional compensation for the work you did as an au pair. Find out more or sign up to join the lawsuit."; (iv) a quotation from the Notice describing the case and a link to the Notice; (v) a second link to the class website that reads, "You have the right to participate in this lawsuit to recover any money owed to you. To do so, you must sign up."; (vi) disclosure that the email is being sent on behalf of "Boies Schiller Flexner LLP, the attorneys for the au pairs in their litigation against the visa sponsor agencies"; (vii) an accurate statement that counsel represents class members and a third link to the class website that reads, "Sign up now."; and (viii) a sign-off that reads, "Thank you, Jesse." *See* Exs. 6, 7. "Jesse" is the name of the actual person who sent the email. Smalls Decl. ¶ 12. The 60-day reminder email is substantially similar. Ex. 7.

The email, in other words, provides an abbreviated introduction to the purposes of the communication, as befits email, social media, and other electronic means, as a

means of communication. Recipients are able to download and print the Class Notice and Opt-In Form, or they can go to the class website. Once on the website, users again are able to view the Class Notice, request additional information about the lawsuit, and obtain, print and submit an Opt-In Form electronically or by mail. There is nothing remarkable or controversial about this process for electronically disseminating a FLSA notice to potential plaintiffs. However, because the proposed two additions to the transmittal email and 60-day reminder email address substantive issues not previously raised with the Court, Plaintiffs request approval to include these additions in future communications with the class.

## CONCLUSION

For the reasons given herein, Plaintiffs' request that the Court grant Plaintiffs' motion, including:

1) approval of the revised Notice, in the form attached as Exhibit 1 to the Proposed Order filed herewith; and,

2) approval of content included in (i) the revised transmittal email and (ii) the 60-day reminder email, in the form attached as Exhibits 2 and 3 to the Proposed Order filed herewith.

Dated: New York, New York
July 20, 2017

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

*/s/* Dawn L. Smalls
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
575 Lexington Avenue
New York, New York  10022
Tel:  (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

10

## CERTIFICATE OF SERVICE

      I hereby certify that on July 20, 2017, I electronically served the foregoing motion on all counsel of record.

/s/ Dawn L. Smalls  
Dawn L. Smalls
