# Exhibit 13

| | |
|---|---|
| **From:** | Dawn Smalls |
| **To:** | Lukey, Joan; Thomas Quinn; Jonathan Bender; Peter Skinner; Sean Rodriguez |
| **Cc:** | Beltrandefendants |
| **Subject:** | RE: Remedies for Notice violations and Temporary Restraining Order |
| **Date:** | Monday, July 10, 2017 9:59:48 AM |
| **Attachments:** | RE Remedies for Notice violations and Temporary Restraining Order.msg |

Joan,

Please see attached email which provided the corrected notice with changes made in track changes for your review.

Dawn

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Monday, July 10, 2017 9:57 AM
**To:** Dawn Smalls; Thomas Quinn; Jonathan Bender; Peter Skinner; Sean Rodriguez
**Cc:** Beltrandefendants
**Subject:** RE: Remedies for Notice violations and Temporary Restraining Order

And I responded that we *are* objecting.  Please send us your proposed revised notice, with track changes because I am not sure which option you are pursuing.  We will formally object and confer, and we can then discuss how best to get this to the court.  In the meantime, it is our position that you cannot leave the incorrect webpage up.

Joan A. Lukey
logo



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949
f 617.502.4949
joan.lukey@choate.com
www.choate.com

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Monday, July 10, 2017 9:36 AM
**To:** Lukey, Joan; Thomas Quinn; Jonathan Bender; Peter Skinner; Sean Rodriguez
**Cc:** Beltrandefendants
**Subject:** RE: Remedies for Notice violations and Temporary Restraining Order

Joan,

My previous email specifically stated:

> The court provides that "Defendants shall have two business days from the receipt of the revised notice to assert any objection that the form does not comply with the Order." It also

specifically states that Defendants may not assert any new objection that it failed to address in your opposition brief. As outlined above, the issue about notice to the pre-2013 au pairs has been raised and decided by the court. **Please let Plaintiffs know whether you intend to raise an objection regarding the timeframe in the notice. We will hold off on posting the corrected notice until you do so.**

Dawn

---

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Monday, July 10, 2017 9:33 AM
**To:** Dawn Smalls; Thomas Quinn; Jonathan Bender; Peter Skinner; Sean Rodriguez
**Cc:** Beltrandefendants
**Subject:** RE: Remedies for Notice violations and Temporary Restraining Order

Good morning, Dawn –

The Court gave you permission to tell the July 2009 to July 2013 au pairs that they "*may* have a claim" (emphasis added).  Your website tells all APs between 2009 and 2016 that "[y]ou *have* the right to participate in this lawsuit to recover any money owed to you" (emphasis added), not that they *may* have the right.  In order to circulate a "new notice form, revised in accordance with this Order, to Defendants for review" that comported with the Order, you had two choices:

First, you could keep the existing notice form with the 2013 start date and circulate that particular form to the July 2013 forward group, with a separate notice form informing the earlier group that they *may* have a claim.  You chose to circulate only the existing form at this time, with the 2013 start date, which was acceptable to the FLSA Defendants.

Second, you could have circulated to the FLSA Defendants for approval a revised notice form, with the longer date range but specifying that while the July 2013 forward group actually have a right to participate, the July 2019 to July 2013 group at this point merely *may* have a right to participate once the court determines the equitable tolling issue.

The one thing that you could not do was circulate the form with the July 2013 start date to all APs, including those who participated before the start date, informing all of them that they have the right to participate, and then creating a 75% likelihood that they would never even see the Notice with the July 2013 start date.  I have to assume that you or your vendor have received inquiries from the pre-July 2013 participants who actually read the notice, want to participate, but are confused by the reference on the webpage to a 2009 start date and the reference in the notice to a 2013 start date.  We call upon you to ensure that all such communications are preserved.

Cultural Care strongly objects to any unilateral modification of the existing notice and calls upon Plaintiffs to abide by the Court-approved procedure allowing for comment and opportunity to present disagreements to the Court.  At very least, we will ask the Court to require a separate notice for the pre-July 2013 au pairs truthfully informing them that they *may* have a right to participate in the lawsuit contingent upon a future ruling.  We reserve all rights to seek other remedies and/or sanctions.  In the meantime, because this process will take time, we again call upon Plaintiffs to take down the existing webpage and inform all pre-July 2013 recipients that they received the last email in error.

Joan A. Lukey
logo


Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949
f 617.502.4949
joan.lukey@choate.com
www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Monday, July 10, 2017 9:03 AM
**To:** Lukey, Joan; Thomas Quinn; Jonathan Bender; Peter Skinner; Sean Rodriguez
**Cc:** Beltrandefendants
**Subject:** RE: Remedies for Notice violations and Temporary Restraining Order

Joan,

Your argument is belied by the plain language of the Order. The order addresses notice to the 2009 – 2013 au pairs specifically in Footnote 4 which provides that:

> there is a dispute as to whether the statute of limitations, *see* 29 U.S.C. 255, has been tolled. (Doc. #383 at 30) (alleging Defendants "actively concealed the rights of the putative class members" such that the statute of limitations should be tolled). **At this stage, the Court reserves ruling on the issue, because there is no prejudice to Defendants in notifying putative plaintiffs that may have a claim, and no significant additional burden associated with the accompanying discovery."**

There is no separate notice contemplated or mentioned in the order with respect to the pre-2013 aupairs. The court listed each of Defendants' objections that it wanted addressed in the revised notice. With respect to all other objections made by Defendants, the court stated:

> Except as specifically addressed above, the Court APPROVES the proposed notice and consent forms. Before sending these materials to potential plaintiffs, Plaintiffs shall provide a new notice form, revised in accordance with this Order, to Defendants for review. Defendants shall have two business days from the receipt of such a revised notice form to assert any objection that the form does not comply with this Order. Defendants may not assert any new objection that it failed to raise in its opposition to the instant motion. If Defendants raise any proper objection, the parties shall confer, and involve the Court only if they are unable to resolve the issue between themselves.

The court provides that "Defendants shall have two business days from the receipt of the revised notice to assert any objection that the form does not comply with the Order." It also specifically states that Defendants may not assert any new objection that it failed to address in your opposition brief. As outlined above, the issue about notice to the pre-2013 au pairs has been raised and decided by the court. Please let Plaintiffs know whether you intend to raise an objection regarding the timeframe in the notice. We will hold off on posting the corrected notice until you do so.

While Plaintiffs maintain the existence of the website, its design, and its content are completely in accordance with the court's order, Plaintiffs will change the "sign up" hyperlinks to link to the Notice rather than the Consent Form to address your concern. Plaintiffs will also address your concerns about the notice not being prominent enough on the website by making the following changes:

- Add the following to the banner:
    a. Au pairs that were sponsored by InterExchange, Cultural Care Au Pair; Au Pair in America; Go Au Pair; Au Pair Care, Inc.; and Expert AuPair please click here to review

- the **Notice of Your Rights to Join Lawsuit for Unpaid Wages**. Include this in all pages for the website in large text and prominent lettering.
  - Add to the bar for Join the Lawsuit: Click here to view the Notice to Join Lawsuit for Unpaid Wages.
  - Change the first Documents link to say the Notice of Your Rights to Join Lawsuit for Unpaid Wages such that it reads:  Welcome to the *Au Pair Wage Action* official informational website. **The Notice of Your Rights to Join Lawsuit** provides important information about the claims in the lawsuit and answers to many of the questions you may have.

Please identify what issues remain.

Dawn

---

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Sunday, July 09, 2017 4:38 PM
**To:** Dawn Smalls; Thomas Quinn; Jonathan Bender; Peter Skinner; Sean Rodriguez
**Cc:** Beltrandefendants
**Subject:** RE: Remedies for Notice violations and Temporary Restraining Order

Dawn –

On behalf of Cultural Care, please be advised of our preliminary response to your email as follows:

1. **2009-2013**:  While Judge Arguello may have granted permission over objection for you to send "notice and consent forms" to the classes participating in the au pair program on or after July 24, 2009, she did not indicate that the SAME notice and consent form could go to the groups on both sides of the July 2013 dividing line.  Au pairs who participated between July 24, 2009 and July 24, 2013 will only become part of the conditional class if the Court rules in your favor on equitable tolling.  Otherwise, the claims for that group are time-barred.  You cannot tell them in a Notice that they have the **right** to participate in the lawsuit, when at this point they do not.   You chose to address the notice only to those who are currently in the conditional class by virtue of their participation within the  limitations period.  We justifiably assumed that you did so on purpose.  We vehemently object to any effort on your part to change the date on the Notice unilaterally and mislead those au pairs whose right to participate is premised on a ruling that has not been made.  If you wish to change the date range on the Notice, you must allow us the opportunity to comment and to bring any disagreements to the Court.

2. **Social Media**:  No one has suggested that Plaintiffs could not "distribute notice" through social media.  Rather we have objected to certain non-Notice aspects of your postings, including the three hyperlinks that permit au pairs to opt in without ever seeing the Notice.

3. **Full Text notice**:  You miss the point of our objection.   You included four hyperlinks on the webpage, three of which allowed the au pairs to opt in without opening or reading the court-approved Notice.  If you wish to have a simple webpage that contains a hyperlink to the approved Notice, fine.  It is not fine to include three other opt-in hyperlinks that circumvent the Notice.

4. "**Chatty**" **language**:   Again, you miss the point.  "Jesse" writes to each au pair, "**[y]ou have the right to participate in this lawsuit** to recover any money owed to you.  To do so, you must sign up" (emphasis added).  That language constitutes a hyperlink to a "join the lawsuit" sign-up page, which completely circumvents the Notice.  "Plain English" does not mean allowing current conditional class members to opt in without reading the Notice, nor does it mean misleading four years of au pair participants into believing that they already have a right to participate in this

lawsuit, when their right, if any, is dependent upon a ruling that has not been made. Moreover, we litigated the specific language of the Notice, the Court ruled on the disputes that the parties raised, and then the Court put in place an explicit process by which language of the revised Notice must be provided to Defendants who have two business days to object.  Are Plaintiffs really taking the position that (a) they can modify the formal notice without going through that process, and (b) say whatever they want in a cover email or cover web page, without even telling the Defendants in advance?

Cultural Care strongly objects to Plaintiffs taking remedial actions that do not include the steps that I described to you in an earlier email.  In addition, we object to your newly voiced intent unilaterally to change the date range on the Notice, which we believe was addressed, correctly, to the conditionally certified class as it is currently constituted, without reference to rulings that may, or may not, be made in the future.

Joan A. Lukey
logo



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949
f 617.502.4949
joan.lukey@choate.com
www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Sunday, July 09, 2017 2:39 PM
**To:** Thomas Quinn; Jonathan Bender; Peter Skinner; Sean Rodriguez
**Cc:** Beltrandefendants
**Subject:** RE: Remedies for Notice violations and Temporary Restraining Order

Counsel:

The FLSA Defendants have raised a number of objections to the email notification sent to members of the class authorized in the Order Granting Motion for Conditional Collective Action Certification dated March 31, 2017. Specifically, objections raised include:

1. **That the email included au pairs from 2009 – 2013.** In fact Judge Arguello's Order specifically authorized Plaintiffs to "send notice and consent forms, in accordance with this Order, to each member of the classes employed on or after July 24, 2009." Thus, it is the notice of consent form that is in error, not Plaintiffs' mailing. Thank you for pointing out the mistake which we will correct immediately. Attached is an updated notice and consent form, correcting that error.

2. **The use of social media to notify au pairs of the class.** In fact, Judge Arguello's order specifically allows the use of social media and other electronic means to contact au pairs.  The relevant language from her Order is included below:

    > 4. Plaintiffs request notice be distributed via mail, email, publication, and other electronic means, including social media platforms like Facebook. Defendants object,

    arguing notice should be given only by mail and email. Recent opinions recognize the efficiency of the internet in communicating to class members. *See, e.g., Mark v. Gawker Media LLC*, No. 13-CV-4347 AJN, 2014 WL 5557489, at *5 (S.D.N.Y Nov. 3, 2014) ("To the extent Plaintiffs propose to use social media to provide potential plaintiffs with notice that mirrors the notice otherwise approved by the Court, that request is granted.") **The Court agrees that electronic notice through social media platforms is particularly appropriate for classes comprised of largely young, largely transient unnamed plaintiffs, because email addresses and physical addresses may not "provide a reliable, durable form of contact . . . ."** *Woods v. Vector Marketing Corp.*, 14-V-0264-EMC, 2015 WL 1198593, at *6–7 (N.D. Cal. Mar. 16, 2015). Like the plaintiffs in *Woods*, putative class members here are "particularly likely to maintain a social networking presence." *Id.* (approving the use of Facebook for posting notice subject to court approval of the Facebook ad content). **Accordingly, Defendants' objection is OVERRULED, and Plaintiffs are permitted to distribute notice through the requested channels.**

3. **That the email does not include the full long notice as text.** The email includes a link to the long-form notice and to a website with both the notice and Judge Arguello's Order. Further, the full long form notice cannot be shared via social media and other online communication systems, as was expressly contemplated and allowed by the Order.  See Fed. Jud. Center, Manual for Complex Litig. (4th ed) sec. 21.311 ("referring class members to an Internet site for further information can provide complete access to a wide range of information about a class settlement").

4. **That the email includes "chatty language" (i.e. plain English).** Language that is understandable and accessible to the audience, particularly one with limited English proficiency, is critical to providing accurate information.  The language included in the email was accurate—and, again, always linked to the long-form notice.

Plaintiffs are prepared to participate in a conference call tomorrow to understand and discuss any additional concerns the FLSA Defendants might have and how we might address them. Please let us know what time works best.

Dawn

---

**From:** Thomas Quinn [mailto:tquinn@grsm.com]
**Sent:** Sunday, July 09, 2017 2:25 PM
**To:** Dawn Smalls; 'Jonathan Bender'; Peter Skinner; Sean Rodriguez
**Cc:** 'beltrandefendants'
**Subject:** RE: Remedies for Notice violations and Temporary Restraining Order

Dawn, thank you for responding. I believe that our concerns are well presented in my initial email to you that was sent Friday evening. As for legal support for my position, our TRO papers are nearly finished and there are many courts that have been offended by putative class Notice communications that have not been authorized by the presiding judge. In those cases, the trial court conclusions range from inadvertent errors to unethical behavior. What we cannot find are any reported decisions that support transmittal Notice emails that misstate the approved class period, circumvent the reading of the Notice in order to become a class member, created a delivery communication that was not approved by the court, or allow a direct link to class counsel's website before the approved Notice is delivered. I will review any authorities that you may have on these points and support the as sent transmittal email and embedded links. Otherwise, it seems to me that we all received the court approved Notice and had a clear understanding of what the opt-in

putative class members were going to receive. The as sent transmittal exceeds the approved Notice content and is inaccurate.

Do you have answers to my questions sent to you on Friday regarding remedies?

Thank you, Tom

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Sunday, July 09, 2017 8:08 AM
**To:** Thomas Quinn; 'Jonathan Bender'; Peter Skinner; Sean Rodriguez
**Cc:** 'beltrandefendants'
**Subject:** RE: Remedies for Notice violations and Temporary Restraining Order

Tom,

We are not sure we understand from your e-mail precisely what portions of the transmittal e-mail or website you find problematic. If Defendants have legitimate concerns, we may be willing to accommodate them before the next wave of e-mails to FLSA defendant-au pairs goes out. We suggest a call on Monday where we can discuss your concerns (and the legal support for them) and we can discuss any appropriate accommodations. Please let us know when you are available.

Dawn

---

**From:** Thomas Quinn [mailto:tquinn@grsm.com]
**Sent:** Sunday, July 09, 2017 9:12 AM
**To:** 'Jonathan Bender'; Dawn Smalls; Peter Skinner; Sean Rodriguez
**Cc:** 'beltrandefendants'
**Subject:** RE: Remedies for Notice violations and Temporary Restraining Order

Dawn. Peter and Sean, do you have a response to my email below? Time is of the essence.

In the meantime, preserve all intra-firm/inter-firm emails dealing with this improper Notice transmittal; preserve all email exchanges with all vendors that your firm has communicated with on the class notice process; preserve all draft transmittal Notice communications of any nature; any other communications on this Notice process; draft web site pages from the initial concept of an au pair class web site to this latest version that is currently operating.

What is your availability for a hearing tomorrow?

Thank you, Tom

---

**THOMAS B. QUINN**  | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

555 Seventeenth Street, Suite 3400

Denver, CO 80202

D: 303-534-5154

**tquinn@grsm.com**

**vCard**

Alabama | Arizona | California | Colorado | Connecticut | Florida Georgia | Illinois | Maryland | Massachusetts | Missouri | Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio | Oklahoma | Oregon| Pennsylvania | South Carolina | South Dakota | Texas | Utah Virginia | Washington | Washington, D.C. |West Virginia | Wisconsin

**www.grsm.com**

 Please consider the environment before printing this email.

---

**From:** Thomas Quinn
**Sent:** Friday, July 07, 2017 5:02 PM
**To:** 'Jonathan Bender'; Dawn Smalls; Peter Skinner; Sean Rodriguez
**Cc:** beltrandefendants
**Subject:** Remedies for Notice violations and Temporary Restraining Order

Dawn, Peter and Sean, we are considering filing a Temporary Restraining Order on the method in which the Notice is being transmitted to putative class members. I would like your response to our position on the interim resolution of these violations and the TRO.

Without limitation the offensive aspects of the transmittal Notice include the following:

1. The approved Notice does not allow for link/click class registration.

2. The approved Notice does not allow for a transmittal email that serves as a solicitation.

3. The transmittal email allows for class participation that circumvents a receipt of the approved Notice (three of the four click links take all for signing up without receiving the approved Notice--the only court approved method of class communication).

Please confirm your position on our demand that all further transmittal emails will cease and that the website associated with the transmittal email will be taken down immediately, or in the alternative what the plaintiffs' position is on the TRO.

Thank you, Tom

---

**THOMAS B. QUINN**  | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

555 Seventeenth Street, Suite 3400

Denver, CO 80202

D: 303-534-5154

**tquinn@grsm.com**

**vCard**

Alabama | Arizona | California | Colorado | Connecticut | Florida | Georgia | Illinois | Maryland | Massachusetts | Missouri | Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio | Oklahoma | Oregon| Pennsylvania | South Carolina | South Dakota | Texas | Utah | Virginia | Washington | Washington, D.C. |West Virginia | Wisconsin

**www.grsm.com**

 Please consider the environment before printing this email.

**From:** Jonathan Bender [mailto:JSBender@hollandhart.com]
**Sent:** Friday, July 07, 2017 4:07 PM
**To:** Dawn Smalls; Peter Skinner; Sean Rodriguez
**Cc:** beltrandefendants
**Subject:** notice to antitrust only au pairs

Dawn, Peter, and Sean,

At least 5 of the antitrust-only defendants (Aupair Foundation, Au Pair International, Agent Au Pair, Cultural Homestay International, and EurAupair) have au pairs who received the notice, which is improper. Who did you send the notice to, and do you know why any antitrust-only sponsored au pairs would have received it?

Thank you.

Jon


**Jonathan S. Bender**
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
(303) 295-8456
jsbender@hollandhart.com

**CONFIDENTIALITY NOTICE:** This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Maryland * Massachusetts * Missouri * Nebraska * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI LLP**

http://www.grsm.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is

intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com