# Exhibit 18

| | |
|---|---|
| **From:** | Thomas Quinn |
| **To:** | Dawn Smalls; "Jonathan Bender"; Peter Skinner; Sean Rodriguez |
| **Cc:** | "beltrandefendants" |
| **Subject:** | RE: Remedies for Notice violations and Temporary Restraining Order |
| **Date:** | Sunday, July 9, 2017 3:48:16 PM |

Dawn, thank you and I understand that social media is an approved method of putative class communication. Importantly, no defendant has objected to the use of social media as best I can see. It is the content and variance from approved language, along with the hyperlinks that has generated this extended discussion.

Tom

**THOMAS B. QUINN**  | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

555 Seventeenth Street, Suite 3400
Denver, CO 80202
D: 303-534-5154
**tquinn@grsm.com**

**vCard**

Alabama | Arizona | California | Colorado | Connecticut | Florida
Georgia | Illinois | Maryland | Massachusetts | Missouri | Nebraska
Nevada | New Jersey | New York | North Carolina | Ohio | Oklahoma
Oregon| Pennsylvania | South Carolina | South Dakota | Texas | Utah
Virginia | Washington | Washington, D.C. |West Virginia | Wisconsin

www.grsm.com

 Please consider the environment before printing this email.

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Sunday, July 09, 2017 12:39 PM
**To:** Thomas Quinn; 'Jonathan Bender'; Peter Skinner; Sean Rodriguez
**Cc:** 'beltrandefendants'
**Subject:** RE: Remedies for Notice violations and Temporary Restraining Order

Counsel:

The FLSA Defendants have raised a number of objections to the email notification sent to members of the class authorized in the Order Granting Motion for Conditional Collective Action Certification dated March 31, 2017. Specifically, objections raised include:

1. **That the email included au pairs from 2009 – 2013.** In fact Judge Arguello's Order specifically authorized Plaintiffs to "send notice and consent forms, in accordance with this Order, to each member of the classes employed on or after July 24, 2009." Thus, it is the notice of consent form that is in error, not Plaintiffs' mailing. Thank you for pointing out the mistake which we will correct immediately. Attached is an updated notice and consent form, correcting that error.

2. **The use of social media to notify au pairs of the class.** In fact, Judge Arguello's order specifically allows the use of social media and other electronic means to contact au pairs. The relevant language from her Order is included below:

   > 4. Plaintiffs request notice be distributed via mail, email, publication, and other electronic means, including social media platforms like Facebook. Defendants object, arguing notice should be given only by mail and email. Recent opinions recognize the efficiency of the internet in communicating to class members. *See, e.g., Mark v. Gawker Media LLC*, No. 13-CV-4347 AJN, 2014 WL 5557489, at *5 (S.D.N.Y Nov. 3, 2014) ("To the extent Plaintiffs propose to use social media to provide potential plaintiffs with notice that mirrors the notice otherwise approved by the Court, that request is granted.") **The Court agrees that electronic notice through social media platforms is particularly appropriate for classes comprised of largely young, largely transient unnamed plaintiffs, because email addresses and physical addresses may not "provide a reliable, durable form of contact . . . ."** *Woods v. Vector Marketing Corp.*, 14-V-0264-EMC, 2015 WL 1198593, at *6–7 (N.D. Cal. Mar. 16, 2015). Like the plaintiffs in *Woods*, putative class members here are "particularly likely to maintain a social networking presence." *Id.* (approving the use of Facebook for posting notice subject to court approval of the Facebook ad content). **Accordingly, Defendants' objection is OVERRULED, and Plaintiffs are permitted to distribute notice through the requested channels.**

3. **That the email does not include the full long notice as text.** The email includes a link to the long-form notice and to a website with both the notice and Judge Arguello's Order. Further, the full long form notice cannot be shared via social media and other online communication systems, as was expressly contemplated and allowed by the Order. See Fed. Jud. Center, Manual for Complex Litig. (4th ed) sec. 21.311 ("referring class members to an Internet site for further information can provide complete access to a wide range of information about a class settlement").

4. **That the email includes "chatty language" (i.e. plain English).** Language that is understandable and accessible to the audience, particularly one with limited English proficiency, is critical to providing accurate information. The language included in the email was accurate— and, again, always linked to the long-form notice.

Plaintiffs are prepared to participate in a conference call tomorrow to understand and discuss any additional concerns the FLSA Defendants might have and how we might address them. Please let us know what time works best.

Dawn

---

**From:** Thomas Quinn [mailto:tquinn@grsm.com]
**Sent:** Sunday, July 09, 2017 2:25 PM
**To:** Dawn Smalls; 'Jonathan Bender'; Peter Skinner; Sean Rodriguez
**Cc:** 'beltrandefendants'
**Subject:** RE: Remedies for Notice violations and Temporary Restraining Order

Dawn, thank you for responding. I believe that our concerns are well presented in my initial email to you that was sent Friday evening. As for legal support for my position, our TRO papers are nearly finished and there are many courts that have been offended by putative class Notice communications that have not been authorized by the presiding judge. In those cases, the trial court conclusions range from inadvertent errors to unethical behavior. What we cannot find are any reported decisions that support transmittal Notice emails that misstate the approved class period,