# Exhibit 28

| | |
|---|---|
| **From:** | Dawn Smalls |
| **To:** | Reilly, Katie; "William Kelly III"; Vance O. Knapp; Meshach Y. Rhoades; Martin J. Estevao; "David Meschke"; "Martha Fitzgerald"; "James Hartley"; Jonathan Bender; "Adam Hubbard"; west@wtotrial.com; brian@rietzlawfirm.com; fox@wtotrial.com; llee@laborlawyers.com; sschaecher@laborlawyers.com; Lawrence D. Stone |
| **Cc:** | Sean Rodriguez; Peter Skinner; Maria Guarisco |
| **Subject:** | RE: Follow Up to 7/10 Meet and Confer - Non FLSA Defendants |
| **Date:** | Wednesday, July 12, 2017 6:15:00 PM |

Katie,

You and I spoke at length this morning. On our call you asked me to provide in writing a more fulsome explanation as to why Plaintiffs believe that the relief that you request is neither a necessary or proportionate remedy to address the erroneous mailing.

First, let me state unequivocally that Plaintiffs do not seek or have any intention on capitalizing on the error. We are carefully monitoring the sponsor of any au pair that completes a consent form and are disregarding any that are received for any of the non-FLSA Defendants.  Further, Plaintiffs will not use responses from the erroneous email as an opportunity to contact au pairs to discuss their potential FLSA claims, or to identify new named plaintiffs.

Second, a prospective bar to BSF's or TJ's representation of all au pairs who received the email is neither appropriate nor proportionate as such a bar may prejudice au pairs who had no role in the error and adversely affect their substantive rights. For instance, if an au pair who did not receive the email notification came forward and volunteered to serve as a named plaintiff with respect to a new FLSA class, and the court permitted that class to be added to the complaint, any au pairs who received the email would barred from opting into that class through no fault of their own.

Third, the discussion is hypothetical at this point as none of the au pairs that received the email may ever be added as a named plaintiff. To the extent that that were to ever happen, your rights are fully reserved.  Plaintiffs also agree not to assert a laches defense if and when this issue ever becomes ripe.

Dawn

---

**From:** Dawn Smalls
**Sent:** Wednesday, July 12, 2017 10:24 AM
**To:** 'Reilly, Katie'
**Cc:** Sean Rodriguez; beltrandefendants@choate.com; Peter Skinner
**Subject:** RE: Follow Up to 7/10 Meet and Confer - Non FLSA Defendants

Katie,

As I communicated to you in a separate email, I said I agreed preliminarily on the call but that I needed to discuss it internally before I could formally agree. You said you had to check as well before there could be a formal agreement. We have discussed it internally and we do not agree to the third request for the reasons outlined below. I strongly disagree with your characterization that I went back on my word.

Dawn

---

**From:** Reilly, Katie [mailto:Reilly@wtotrial.com]
**Sent:** Wednesday, July 12, 2017 9:38 AM
**To:** Dawn Smalls
**Cc:** Sean Rodriguez; beltrandefendants@choate.com
**Subject:** Re: Follow Up to 7/10 Meet and Confer - Non FLSA Defendants

Dawn:

I am shocked by your email. In contrast to the FLSA-defendants' issues, you didn't say you needed to further discuss this issue with your team. I raised it, and you immediately agreed--without any reservation. Then Sean and I went back and forth regarding his clarification that the corrective action you agreed to wouldn't bar BSF from representing the antitrust-only au pairs with respect to the antitrust claims in our case. I said I would need to confirm, but that was my understanding as well. During my discussion with Sean, Sean also confirmed that BSF would not assert new claims against the antitrust-only defendants on behalf of au pairs who wrongfully received the FLSA notice.

I'm copying the entire group, as there were many people on the call who can verify that Dawn agreed to our third request without reservation. Please reconsider your position and let me know if you will stand by your word. Otherwise, we will need to bring this to the court. The bottom line is that, as you have acknowledged, the transmission of the FLSA notice (including the improper personalized solicitation email) to the antitrust-only defendants was a serious violation from which BSF absolutely cannot benefit.

Katie

On Jul 12, 2017, at 7:19 AM, Dawn Smalls <DSmalls@BSFLLP.com<mailto:DSmalls@BSFLLP.com>> wrote:

Katie,

I said I agreed preliminarily on the call but that I needed to discuss it internally before I could formally agree. You said you had to check as well before there could be a formal agreement. We have discussed it internally and we do not agree to the third request for the reasons outlined below.

Dawn



Sent with Good (www.good.com<http://www.good.com>)


-----Original Message-----
From: Reilly, Katie [Reilly@wtotrial.com<mailto:Reilly@wtotrial.com>]
Sent: Wednesday, July 12, 2017 09:08 AM Eastern Standard Time
To: Dawn Smalls
Cc: Sean Rodriguez
Subject: Re: Follow Up to 7/10 Meet and Confer - Non FLSA Defendants

Dawn and Sean: before I send you a formal response that includes the full group, I have to tell you - I'm baffled by your response to our third request. On our call, in response to my request, you agreed that BSF would not represent any antitrust-only au pair who wrongfully received the notice *with respect to any new claims against the antitrust-only defendants.* Sean clarified, and I agreed, that this corrective action wouldn't impact BSF's representation

of the antitrust-only au pairs with respect to their existing antitrust claims in our action. Your email doesn't reflect that agreement. Please clarify? If a call would be helpful, I'm on my cell - 703.587.9800.

Katie

On Jul 11, 2017, at 10:18 PM, Dawn Smalls <DSmalls@BSFLLP.com<mailto:DSmalls@BSFLLP.com><mailto:DSmalls@BSFLLP.com>> wrote:

Katie,

During our meet and confer yesterday you, on behalf of the non-FLSA Defendants, made three requests to Plaintiffs as corrective measures for the erroneous mailing of the Notice of Your Right to Join Lawsuit for Unpaid Wages to au pairs sponsored by non-FLSA Defendants.

First, you asked for confirmation that the corrective email with the language you provided was sent to all non-FLSA au pairs that received the notice. As I said to you on the call, it was sent out Sunday evening as requested in English to all au pairs that received the notice, and in Spanish and Portuguese yesterday to the au pairs that received the initial email in those languages.

Second, you asked that each non-FLSA Defendant be provided a list of each au pair that received the notice, and separately a list of each au pair that was sent the corrective notice. Plaintiffs agree to that request and hope to provide that information to all non-FLSA Defendants by tomorrow.

Third, you requested that Plaintiffs agree that they will not represent any au pair that was sent the email in a future FLSA action. Plaintiffs do not agree to this request, as (1) "there is no prejudice to Defendants in notifying putative plaintiffs that may have a claim" See Fn. 4 of the Amended Order; and (2) such action would inappropriately prejudice the class and affect their substantive rights. If you would like to have a follow up meet and confer to discuss this or any other concerns you may have, please let me know.

Dawn

Dawn L. Smalls
Partner


BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
(t) +1 212 754 4216
(m) +1 917 406 9977
dsmalls@.bsfllp.com<http://bsfllp.com><mailto:dsmalls@.bsfllp.com<http://bsfllp.com>>
www.bsfllp.com<http://www.bsfllp.com><http://www.bsfllp.com/>

_____
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

_____
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]