# Exhibit 30

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-01614-CMA-MJW

ALFONSO AVENDANO, on behalf of himself and others similarly situated,

    Plaintiff,

v.

AVERUS, INC., and
MICHAEL SHANK,

    Defendants.

## ORDER GRANTING JOINT MOTION TO APPROVE
## FLSA OPT-IN NOTICE AND CONSENT TO JOIN

This matter is before the Court on Plaintiff's Joint Motion for Approval of Fair Labor Standards Act (FLSA) Opt-In Notice and Consent to Join (Doc. # 95.). On September 29, 2016, the Court issued two Orders in this case: (1) an Order granting conditional certification of the national FLSA opt-in class under 29 U.S.C. § 216(b) (Doc. # 91) and (2) an Order granting certification of the Colorado class under Rule 23 of the Federal Rules of Civil Procedure (Doc. # 92). Both Orders stated that the parties shall submit, within fourteen days, proposed class notice forms. To date, neither party has submitted a proposed Rule 23 notice as to the Colorado class. The instant Motion concerns only the FLSA opt-in class. The Motion indicates the parties have conferred and largely agree as to the notice and opt-in consent to join forms (Notice) (Doc. # 95-1)

Case No. 1:14-cv-02074-CMA-KMT Document 99 filed 10/25/16 USDC Colorado pg 2
of 6
Case 1:14-cv-01614-CMA-MJW Document 99 Filed 10/25/16 USDC Colorado Page 2 of 5

with one exception: sending Notice by text message. After reviewing the parties' arguments and the applicable law, the Court grants the Motion, approves the proposed Notice, and grants Plaintiff's request to notify potential class members by text message.

Section 216(b) of the FLSA provides a unique procedural mechanism allowing collective actions for minimum wage and overtime violations. If the district court conditionally certifies a class under section 216(b), putative class members are provided with court-approved notice and the opportunity to opt in to the action. *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165, 170–72 (1989); *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). "Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter Plaintiff's proposed notice unless such alteration is necessary." *Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA-BNB, 2012 WL 1414325, at *7 (D. Colo. Apr. 21, 2012).

The parties agree on the form and substance of the Notice, service deadlines, and dissemination of the Notice by First Class Mail. The parties disagree, however, on whether the class members should also be notified by text message. Specifically, Plaintiff requests permission to distribute the following text message to all class members:

> You may be entitled to join a lawsuit against Averus, Inc. for unpaid wages, including unpaid overtime. Go to this webpage to read about the lawsuit and decide whether or not to join: www.AverusWageLawsuit.com.[1]

(Doc. # 95 at 3.)

---

[1] The Court recognizes that this is a temporary URL that is not yet active and that Plaintiff intends to use subdomains that will link to the Spanish and English Notices.

2

Plaintiff argues that texting is necessary because of "the transient nature of the class" with whom "text messaging is the most reliable means of communicat[ion]." (Doc. # 95 at 3.) Plaintiff adds that, after Plaintiff's counsel previously mailed notice forms to the FLSA Denver class, thirty-five percent of those notices were returned as undeliverable.

Defendants oppose Plaintiff's request. Defendants do not dispute, however, the transient nature of the class or argue that the Plaintiff has mischaracterized the community. Instead, Defendant primarily argues that "[s]ending [n]otice by first class mail has been the uniform[] [and preferred] method of serving [n]otice"; "there is no reason to believe that sending a text message will be as effective or more effective" than sending the Notice by mail; and case law does not support Plaintiff's request. (Doc. # 95 at 5.)

Given the undisputed transient nature of the class and Plaintiff's assertion that text messaging is the most reliable form of communication, the Court finds that notification by text message is likely to be a viable and efficient means of notifying many prospective members of this collective action. *See* Fed. R. Civ. P. 23(c)(2) (A certified class must receive "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."); *Sperling*, 493 U.S. at 170 (Potential class members are entitled to receive "accurate and timely notice concerning the pendency of the collective action."). The Court disagrees with Defendants that case law does not support this method of dissemination. *See, e.g.*, *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-CV-2625 RJS, 2015 WL 4240985,

3

Case No. 4:14-cv-02074-CMA-KMT Document 619-30 filed 07/20/17 USDC Colorado pg 5 of 5

at *5 (S.D.N.Y. July 13, 2015). Even if serving notice by U.S. mail is the preferred method, nothing in section 216(b) of the FLSA or in FLSA class action jurisprudence outright prohibits using more than one form of dissemination, particularly when the nature of the class requires it. *See id* (permitting plaintiffs to post notice on employee bulletin boards in addition to using direct mail and text messaging). Accordingly, the Court concludes that Plaintiff may provide Notice to potential opt-in class members via text message.

Accordingly the Court GRANTS the Motion (Doc. # 95), APPROVES the proposed Notice (Doc. # 95-1), and ORDERS as follows:

1. The Defendants shall have 14 days from the issuance of this Order to provide Plaintiffs with a class list and contact information for the class, including the class members' last known cell phone numbers to the extent they are available;
2. The Plaintiff shall have 21 days from the issuance of this Order to serve the Notice on the class;
3. The opt-in deadline shall be 91 days from the date the Notice is mailed and texted;
4. The Notice shall be mailed by First Class Mail to the last known addresses of all class members;
5. The following message shall be texted to the last known cell phone numbers of all class members:

> You may be entitled to join a lawsuit against Averus, Inc. for unpaid wages, including unpaid overtime. Go to this

4

      webpage to read about the lawsuit and decide whether or not to join: www.AverusWageLawsuit.com.[2]

6. The Notice shall be made available on a website on or before Plaintiff's deadline to serve the Notice on the class;

7. Opt-in class members may sign and submit Consent to Join forms digitally on the internet using Plaintiff's Counsel's DocuSign platform. The publically accessible Notice on the internet shall have an access code provided on it so that only persons who receive the Notice can access it.

8. The Notice shall be provided in English and in Spanish.

DATED: October 25, 2016

                        BY THE COURT:

                        *Christine M. Arguello*

                        CHRISTINE M. ARGUELLO
                        United States District Judge

---

[2] The Court recognizes that this is a temporary URL that is not yet active. The Plaintiff may use subdomains as necessary to include the Spanish and English Notices.