## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

## PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER

---

Plaintiffs move the Court pursuant to Fed. R. Civ. P. 16(b)(4) and

D.C.COLO.LCivR 7.1(a) to amend the Scheduling Order, ECF No. 295 (as amended by

ECF Nos. 452, 493, and 555), to extend certain deadlines, specified below.

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR. 7.1(A)

Pursuant to D.C.COLO.LCivR. 7.1(a), Plaintiffs conferred about their Motion to

Amend the Scheduling Order with counsel for all Defendants via email on July 17, 2017,

and certain Defendants in the days following, but were not able to reach agreement.

Defendants demanded that the following statement be included with respect to the

conferral process:

> Defendants object to the requested extension on the basis
> that Plaintiffs have not provided sufficient reasons to justify a
> delay of the disclosure of experts. As a matter of
> professional courtesy, Defendants were willing to agree to a
> two-week extension of the expert disclosure deadlines and
> to consent to service by Plaintiffs of a short supplemental

> expert disclosure if financial documents are produced at a
> later date. Plaintiffs declined.

In support of this motion to amend the Scheduling Order, Plaintiffs state as

follows:

1.        Merits expert reports are due on July 31, 2017, more than two months before

the fact discovery cut-off.  Plaintiffs have worked expeditiously to gather the factual

information their experts need to assess the merits of this case.  Nevertheless, through

no fault of Plaintiffs, substantial information relevant to the merits of this case remains

outstanding.  For instance, despite the expert deadline, Defendants have not completed

their documents productions and have made key witnesses available for deposition only

in the last week July and in August and September.  The Alliance for International

Exchange (the "Alliance"), an association that engages in public advocacy and lobbying

on behalf of the sponsor defendants, has likewise resisted providing any documents or

deposition witnesses, despite being served at the end of May with a subpoena.

Plaintiffs continue to wait for the production of financial information, which is the subject

of a pending motion to compel.  And Plaintiffs are only just now able to gather

information from au pairs who have begun to opt into the class.  Plaintiffs' experts

should not have to consider the merits of this case without these key sources of

evidence.  Thus, Plaintiffs seek to extend the deadline for the exchange of merits expert

reports by two months, to coincide roughly to the end of fact discovery, which will

ensure that all of the experts—both Plaintiffs' and Defendants'—have equal opportunity

to assess the merits of this case.

2.        Since March 3, 2016, Plaintiffs have been requesting audited or unaudited

financial statements from Defendants.  However, Agent Au Pair, AIFS, Au Pair Care, Au

Pair International, Cultural Care, and Go Au Pair refused to produce these documents—

in whole or in part—and forced Plaintiffs to file a motion to compel on March 13, 2017.

ECF No. 507.  The Court has not yet had an opportunity to rule on that motion.

3.      As explained in Plaintiffs' motion to compel and their reply in support of that

motion, Defendants' financial statements are relevant to the merits of Plaintiffs' antitrust

claims and to damages.  ECF No. 507 at 6-11; ECF No. 528 at 2-5.

4.      Defendants continue to produce documents and no defendant has certified

that it has completed its production.  Just yesterday, July 19, APEX 20/20 produced

additional financial documents relating to au pair stipends and disclosed the identity of a

witness with knowledge of APEX's finances.  Skinner Decl. ¶ 3.  As part of that

production, they further provided amended stipend information—evidence directly

relevant to the merits of this case.  Thus, even if the Court were to deny Plaintiffs'

motion to compel with respect to the financial information, ECF No. 507, there are still

additional documents being produced that bear on Plaintiffs' merits expert's analysis.

5.      Moreover, despite Plaintiffs' diligent efforts,[1] there are still several depositions

pending.  There are seven depositions scheduled between July 25 and August 24,

2017, where Plaintiffs expect to learn additional information relevant to Plaintiffs' expert

opinions, including additional information about Defendants' finances and business

practices.  Skinner Decl. ¶ 4.  Since June 2017, Plaintiffs have also been trying to

schedule the deposition of William Gertz, President and CEO of AIFS and the Chair of

the Alliance, but AIFS's counsel has not yet agreed to a deposition date and is now

---

[1]  Plaintiffs have been participating diligently in discovery and in preparing this case for trial.  For example from April until June, 2017, Plaintiffs participated in 18 depositions. *See* ECF No. 593 at 6 n.5.

proposing that the deposition take place in September 2017.[2]  Skinner Decl. ¶ 5.

Although Plaintiffs sought to schedule these depositions earlier, the parties were unable

to do so.

6.       In addition, Plaintiffs served an amended subpoena on the Alliance for

International Exchange (the "Alliance") on May 25, 2017, and have been attempting

virtually ever since to coordinate with the Alliance's counsel to schedule the depositions

of the Alliance's former and current directors.[3]  The Alliance has yet to propose dates

for these depositions, despite Plaintiffs' repeated requests for dates on which the

witnesses are available, nor has the Alliance produced a single document or indicated

to Plaintiffs when they intend to begin production.  Skinner Decl. ¶ 6.

7.       Additional Plaintiffs began joining the lawsuit through the opt-in process on

July 5, 2017, and will continue to do so through the opt-in period ending on November

2, 2017.  Each of them may possess information relevant to Plaintiffs' merit's expert's

analysis.

8.       Plaintiffs' merits expert requires the information discussed above that has yet

to be produced or discovered in depositions—and sufficient time to analyze it—to

prepare his report, which under the current Scheduling Order is due on July 31, 2017.

ECF No. 555.

---

[2] Indeed, at least with respect to Mr. Gertz, Defendants have used their superior access to information to their advantage.  Defendants' class certification experts interviewed Mr. Gertz on January 4, 2017 and relied on information from that interview in their class certification expert reports, whereas AIFS has not made Mr. Gertz available to Plaintiffs for a deposition until September.  *See* Newlon Report Ex. 2; Stiroh Report at 19 n. 81, at 20 n. 83 & Ex. 2 (Skinner Decl. ¶ 7).

[3] The amended subpoena corrected a technical defect in a subpoena served January 27, 2017, but was otherwise identical in the information requested.

9.      Thus, despite their diligent efforts, Plaintiffs will be unable to meet the expert disclosure deadline.  *See* ECF No. 493 ("Properly construed, good cause means that scheduling deadlines cannot be met despite a party's diligent efforts." (citing *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681-82 (D. Colo. 2014)).  The additional time will allow Defendants to complete their document productions and Plaintiffs to conduct any remaining depositions.  It will also allow the Court to rule on the pending motion to compel, ECF No. 507, and, if granted, allow Defendants to produce their financial information and Plaintiffs' expert an opportunity to analyze that information.

10.      Accordingly, having shown good cause, Plaintiffs request that the Scheduling Order be amended to extend the deadline for expert disclosures from July 31, 2017 until October 2, 2017, or four weeks from when the Court orders that documents be produced if it grants Plaintiffs' pending motion to compel, ECF No. 507, whichever is earlier.

11.      Moving the expert disclosure deadline will likewise require the adjustment of additional dates in the schedule.[4]  Accordingly, Plaintiffs seek the following changes to the existing Scheduling Order:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Plaintiffs' Reply in Support of Rule 23 Motion | August 2, 2017 | August 2, 2017 |
| Affirmative Expert Disclosures | July 31, 2017 | October 2, 2017, or 4 weeks after Court orders production |

---

[4]  A trial date has not yet been set, which is a factor that courts consider when ruling on motions to amend scheduling orders.  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

| Rebuttal Expert Disclosures | August 30, 2017 | October 30, 2017, or 8 weeks after Court orders production |
|---|---|---|
| Fact Discovery Ends | October 6, 2017 | November 3, 2017, or 12 weeks after Court orders production |
| Rule 56 Motions | October 30, 2017 | November 30, 2017, or 16 weeks after Court orders production |
| Expert Discovery Ends | October 30, 2017 | November 30, 2017, or 16 weeks after Court orders production |
| Opposition to Rule 56 Motion(s) | November 20, 2017 | December 21, 2017, or 19 weeks after Court orders production |
| Reply in Support of Rule 56 Motion | December 4, 2017 | January 5, 2018, or 21 weeks after Court orders production |

Dated: New York, New York
      July 20, 2017

                                   Respectfully Submitted,

                                   BOIES SCHILLER FLEXNER LLP

                                   */s/* Peter M. Skinner
                                   Matthew L. Schwartz
                                   Peter M. Skinner
                                   Randall W. Jackson
                                   Dawn L. Smalls
                                   Joshua J. Libling
                                   575 Lexington Avenue
                                   New York, New York  10022
                                   Tel:  (212) 446-2300
                                   Fax: (212) 446-2350
                                   mlschwartz@bsfllp.com
                                   pskinner@bsfllp.com
                                   rjackson@bsfllp.com
                                   dsmalls@bsfllp.com
                                   jlibling@bsfllp.com

                                   Sean P. Rodriguez
                                   1999 Harrison Street, Suite 900
                                   Oakland, California 94612
                                   Tel: (510) 874-1000
                                   Fax: (510) 874-1460
                                   srodriguez@bsfllp.com

                                   Alexander Hood
                                   TOWARDS JUSTICE
                                   1535 High Street, Suite 300
                                   Denver, Colorado  80218
                                   Tel: (720) 239-2606
                                   Fax: (303) 957-2289
                                   alex@towardsjustice.org

                                   *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2017, I electronically served the foregoing motion on all counsel of record.

<u>*/s/* Peter M. Skinner</u>
Peter M. Skinner