**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

JOHANA PAOLA BELTRAN; et al.

      Plaintiffs,

                                   No. 1:14-cv-03074-CMA-KMT

v.

INTEREXCHANGE, INC.; et al.

      Defendants.

---

**INTERNATIONAL CARE LIMITED'S REPLY IN FURTHER SUPPORT OF ITS**
**MOTION TO MAKE A SPECIAL APPEARANCE TO OPPOSE**
**PLAINTIFFS' MOTION TO AMEND THE SECOND AMENDED COMPLAINT**

      International Care Limited's ("ICL") Motion for Leave to Make a Special Appearance to Oppose Plaintiffs' Motion to Amend (Dkt. 585) sought permission to file an opposition brief (Dkt. 585-1) that explains why Plaintiffs' proposed third amended complaint is futile, highly prejudicial to ICL, and severely untimely.  District courts have wide discretion to allow such special appearances, and nothing in the federal rules or authorities cited by Plaintiffs prohibit the court from considering ICL's position.  ICL should be permitted to make a special appearance and file the brief because no defendant can adequately explain why ICL is uniquely prejudiced by the Plaintiffs' untimely motion and why the complaint against ICL is ultimately futile.  It is not ICL that seeks some unfair advantage by making its voice heard on this Motion – Plaintiffs chose to add ICL at the last second in this case, thereby depriving ICL of the opportunity to participate in any of the proceedings to date, and they should not be able to prejudice ICL and profit from that delay.

## I.   FEDERAL COURTS PERMIT SPECIAL APPEARANCES TO CHALLENGE MOTIONS FOR LEAVE TO AMEND

Plaintiffs hinge their opposition to ICL's motion entirely on the procedural argument that ICL cannot make a special appearance to challenge their intended addition of ICL as a party herein, after three years of litigation.  But Plaintiffs are incorrect.  District courts allow putative defendants to make special appearances to oppose motions for leave to amend complaints, and this Court similarly has wide discretion to allow ICL to make a special appearance here and consider ICL's arguments.  *See L.D. Schreiber Cheese Co., Inc. v. Clearfield Cheese Co., Inc.*, 495 F. Supp. 313, 315, 319 (W.D. Pa. 1980) (denying motion to amend to add party; noting proposed defendant "entered a special appearance before this court for the limited purpose of objecting to the court's jurisdiction and venue over it as an additional party."); *Whatman, Inc. v. Davin*, No. 8:08-2103-RBH, 2010 WL 1294080, at *1 (D.S.C. Mar. 29, 2010) (noting that putative counterclaim-defendant made "special appearance" to oppose motion to amend to add that putative counterclaim-defendant).  In addition to opposing a motion for leave to amend, special appearances are allowed to challenge personal jurisdiction or venue.  *See, e.g.*, *Ace Inv'rs, LLC v. Rubin*, 494 F. App'x 856, 856 (10th Cir. 2012) (allowing special appearance and holding court lacked personal jurisdiction over garnishees' trustee); *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 724 (6th Cir. 2000) (allowing special appearance and holding contract between parties insufficient to confer specific jurisdiction on out-of-state corporation with no other contacts to forum state).

2

The authorities cited by Plaintiffs are either not to the contrary or easily distinguished.  The decisions in *In re Merriam* and *Johnson v. Board of County Commissioners* held that attorneys were prohibited from making "special appearances" where they were "ghost writing" pleadings and documents on behalf of litigants they did not otherwise purport to represent.  *See In re Merriam*, 250 B.R. 724, 734 (Bankr. D. Colo. 2000) (disapproving of attorney's failure to make general appearance in case after drafting bankruptcy paperwork for litigant to file *pro se*); *Johnson v. Bd. of Cty. Comm'rs for Cty. of Freemont*, 868 F. Supp. 1226, 1229–31 (D. Colo. 1994) (stating that attorney representing sheriff in his official capacity must formally appear on behalf of the same individual in his personal capacity to continue representation).  The cited language in *Miller v. Bennett* refers to a minute order that denied a *pro se* defendant's request for a ruling on a motion to dismiss prior to her being required to make a formal appearance.  *See* No. 12-cv-02063-MSK-CBS, 2013 WL 5450311, at *3 (D. Colo. Aug. 12, 2013).  Other cases cited by Plaintiffs merely recognize that Federal Rules no longer refer to "Special Appearances" because Rule 12 allows parties to raise jurisdictional and venue defenses at the same time as other defenses.  *See, e.g.*, *Inv'rs Royalty Co. v. Mkt. Trend Survey*, 206 F.2d 108, 111 (10th Cir. 1953) ("No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." (quoting Fed. R. Civ. P. 12(b)).[1]

---

[1] The language cited by Plaintiffs in both *Producers Coop. Oil Mill v. DFW Biodiesel, Inc.*, No. CIV-11-1170-F, 2012 WL 12863166, at *1 (W.D. Okla. Feb. 7, 2012), and *Jonsson v. Nat'l Feeds, Inc.*, No. 2:11-CV-00140BSJ, 2012 WL 425274, at *1 n.2 (D. Utah Feb.9, 2012), similarly acknowledge that "it no longer is necessary to appear specially or employ any particular set of words to challenge a federal court's personal

Plaintiffs' argument that ICL lacks "standing" to challenge a Motion to Amend likewise misses the mark. The few cases Plaintiffs cite all rely on a footnote from an unreported decision in *Vasquez v. Summit Women's Center, Inc.*, No. Civ. 301-CV-955-PCD, 2001 WL 34150397, at *1 n.1 (D. Conn. Nov. 16, 2001).[2] That line of decisions, from out of circuit district courts, rely on the same dicta and are not binding here.[3] Likewise, the District Court of the District of Colorado's opinion in *Gorsuch* states only that a non-party affiliate of the *plaintiff* – not defendant – lacked standing to amend the plaintiff's complaint. *See Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, No. 11-CV-00970-PAB-MEH, 2013 WL 6925132, at *2 n.3 (D. Colo. Dec. 13, 2013).

ICL has standing to oppose Plaintiffs' Motion for Leave to Amend because ICL is uniquely harmed by Plaintiffs' untimely, futile amendment. If Plaintiffs were correct that ICL lacks standing, it would mean a putative defendant may never have the opportunity

---

jurisdiction, venue, or service of process." *Jonsson*, 2012 WL 425274 at *1 n.2 (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1344, at 28–29 n.9 (3d ed. 2004) (noting "use of the words 'special appearance,'" is not penalized and can "emphasize that a party is not waiving an objection to jurisdiction.")).

[2] *See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 146 n. 1 (E.D.N.Y. 2007) (citing *Vasquez* footnote 1); *Dungan v. Acad. at Ivy Ridge*, No. 06-CV-0908, 2009 WL 2176278, at *2 (N.D.N.Y. July 21, 2009) (citing *State Farm* footnote 1); *Goel v. Coal. Am. Holding Co. Inc.*, No. CV 11-2349 GAF (EX), 2011 WL 13128719, at *2 (C.D. Cal. Aug. 30, 2011) (citing *Dungan*); *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-5592 (NLH/AMD), 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) (citing *State Farm* and *Vasquez*); *Snellink v. Universal Travel Grp. Inc.*, No. 11-2164 (KLM), 2015 WL 12818829,at *6 (D.N.J. Nov. 4, 2015) (citing *Custom Pak* and *State Farm*).

[3] The *Vasquez* footnote in turn relies on a treatise's observation that third parties do not have standing to contest an *impleader* motion under Rule 14 prior to it being granted, but they can move to set aside the impleader motion once joined. *See id.* at *1 n.1 (citing 3-14 *Moore's Federal Practice* - Civil § 14.21 ("Because the third-party defendant is not yet a party to the action, however, it is not entitled to notice of the motion for leave to implead, and not entitled to object at the hearing on the motion.").

to challenge joinder even though it is the one most prejudiced by a delay and in the best position to explain a complaint's futility. Nothing in the federal rules requires the Court to reach that conclusion, and Rule 15 requires the Court to consider prejudice, delay, and futility of amending when granting leave to amend a complaint.

Indeed, Plaintiffs already argued that the existing "defendants would not be prejudiced by the Amendment," (Pls. Br. at 6, (Dkt. 594)) – and their position on ICL's motion would mean that the Court has no occasion to consider the prejudicial effects on ICL at all.  That prejudice is substantial: Plaintiffs here delayed three years into this litigation before deciding to add ICL, depriving ICL of the opportunity to participate in the significant fact discovery that has already occurred, including depositions of the named Plaintiffs and Plaintiffs' private investigator.  Moreover, class certification discovery and briefing has proceeded without ICL.  If ICL is added as a defendant to this case, ICL would be required to engage in expedited fact and expert discovery and at the same time litigate its motions to dismiss and to compel arbitration.  Moreover, ICL's proposed Opposition brief explained why Plaintiffs' amendment is ultimately futile – *i.e.*, nothing in the complaint establishes this court's ability to exercise personal jurisdiction over ICL, and Plaintiffs' claims are subject to arbitration and forum selection clauses.  These are defenses that could not otherwise be raised by the defendants.  ICL's opposition to Plaintiffs' Motion to Amend allows the Court to consider these arguments before subjecting ICL to the prejudice of untimely joinder, and should be considered.

## **CONCLUSION**

For the reasons herein, ICL should be allowed to make a special appearance to oppose Plaintiffs' Motion for Leave to Amend.

Respectfully submitted,

Date:  July 21, 2017          By:    s/ Harvey J. Wolkoff
                                     *Harvey J. Wolkoff*
                                     ROPES & GRAY LLP
                                     Prudential Tower
                                     800 Boylston Street
                                     Boston, MA  02199-3600
                                     Tel:    617-951-7000
                                     harvey.wolkoff@ropesgray.com

                                     *Counsel for International Care, Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 21, 2017 I caused a true and correct copy of the foregoing International Care Limited's Reply in Further Support of Its Motion to Make a Special Appearance in Order to Oppose Plaintiffs' Motion to Amend the Second Amended Complaint, filed through the ECF system, to be served electronically on all counsel of record identified on the Notice of Electronic Filing as registered participants.

s/ Harvey J. Wolkoff
*Harvey J. Wolkoff*