IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*,

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*,

    Defendants.

---

**DEFENDANT CULTURAL CARE, INC.'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL [ECF NO. 603]**

---

Pursuant to D.C.COLO.LCivR 7.2(c), Defendant Cultural Care, Inc. ("Cultural Care"), hereby moves the Court for an Order restricting public access, under Level 1, for certain information contained in (i) Defendants' Response to Plaintiffs' Motion for Rule 23 Class Certification and Appointment of Counsel ("Defendants' Response") [ECF No. 603], and (ii) certain exhibits accompanying Defendants' Response.  In support thereof, Cultural Care states as follows:

    1.    As required by D.C.COLO.LCivR 7.1(a), counsel for Cultural Care conferred with Plaintiffs' counsel in good faith regarding this motion and is authorized to state that Plaintiffs take no position as to the relief requested herein.

    2.    All parties to this action have stipulated to a Protective Order ("Stipulated Protective Order") that is consistent with the requirements set forth in *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, App. A (D. Colo. 2000).

    3.    The Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to

interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure of discovery duties created by the Federal Rules of Civil Procedure." Stipulated Protective Order ¶ 1 [ECF No. 305].

4.  Pursuant to the Stipulated Protective Order, all parties have agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Level 1 or Level 2 restricted access. *Id.* ¶ 8.

5.  On July 17, 2017, Defendants filed their Response [ECF No. 603] and certain exhibits in support thereof. The Defendants' Response and certain exhibits contain Cultural Care's confidential, proprietary information.[1] As detailed below, publicizing this confidential, proprietary information would cause Cultural Care—and potentially third parties—serious injury.

6.  In accordance with D.C.COLO.LCivR 7.2(c)(1) and (2), Cultural Care identifies the documents for which restriction is sought and the interests to be protected as follows:

   ***a.   Exhibit K***

Exhibit K [ECF No. 603-26] is a selection of excerpts from the September 21, 2016 deposition of Beaudette Deetlefs, and portions of this testimony have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Because Exhibit K reflects personally identifying information about Ms. Deetlefs' host family, information regarding Ms. Deetlefs' medical history, and sensitive

---

[1] A redacted version of Defendants' Response, with references to the exhibits at issue in this motion redacted, is attached as **Exhibit A** to this motion. Cultural Care recognizes that other Defendants may move to restrict other portions of the Defendants' Response. If it would be helpful to the Court, a compiled, redacted version of the Defendants' Response can be filed within a reasonable time after the Court's orders on the motions to restrict access. While the redacted Exhibit A may be filed on the public docket, Cultural Care requests that the unredacted Defendants' Response remain restricted under Level 1.

Cultural Care documents, Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibit K attached hereto as **Exhibit B**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of Exhibit K remain under Level 1 restricted access.

### b.   *Exhibit L*

Exhibit L [ECF No. 603-27] is a selection of excerpts from the March 3, 2017, deposition of Sarah Carolina Azuela Rascon, and portions of this testimony have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Because certain parts of Ms. Azuela's testimony contain personally identifying information of third parties, Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibit L attached hereto as **Exhibit C**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted Exhibit L remain under Level 1 restricted access.

### c.   *Exhibit R*

Exhibit R [ECF No. 603-36] is the March 10, 2017 declaration of Cultural Care representative Natalie Jordan marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Because of the competitively sensitive information and confidential business information in Exhibit R, Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibit R attached hereto as **Exhibit D**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted Exhibit R remain under Level 1 restricted access.

### d.   *Exhibit T*

Exhibits T-1 and T-2 [ECF No. 603-38] include the July 17, 2017 Declaration of Justin Wolosz, a Department of State presentation containing non-public industry data,

and Cultural Care exit survey results.  The exit survey results are marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Because of the competitively sensitive information and confidential business information in Exhibits T-1 and T-2, Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibits T-1 and T-2 attached hereto as **Exhibit E**.  This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted Exhibits T-1 and T-2 remain under Level 1 restricted access.

Exhibit T-3 [ECF Nos. 603-39 and 603-40] includes monthly contact reports maintained by Cultural Care's LCCs marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Because of the competitively sensitive business information and identifying information of third parties in Exhibit T-3, Cultural Care requests that the entirety of Exhibit T-3 retain Level 1 restricted access.

### e.   Exhibit V

Exhibit V [ECF No. 603-42] is a selection of excerpts from the May 4, 2017 and July 5, 2017 depositions of William O. Kerr.  The deposition excerpts discuss sensitive and confidential business information of Cultural Care.  Because of the competitively sensitive information and confidential business information in Exhibit V, Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibit V attached hereto as **Exhibit F**.  This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted Exhibit V remain under Level 1 restricted access.

### f.   Exhibit Y

Exhibit Y [ECF No. 603-45] is the January 13, 2017 Expert Report of Lauren J. Stiroh, Ph.D., marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4

Because of the competitively sensitive information and confidential business information in Exhibit Y, Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibit Y attached hereto as **Exhibit G**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted Exhibit Y remain under Level 1 restricted access.

### g.     *Exhibit Z*

Exhibit Z [ECF No. 603-46] is the February 3, 2017 Expert Rebuttal Report of Lauren J. Stiroh, Ph.D. and is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Because of the competitively sensitive information and confidential business information in Exhibit Z, Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibit Z attached hereto as **Exhibit H**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted Exhibit Z remain under Level 1 restricted access.

WHEREFORE, for the foregoing reasons, Cultural Care respectfully requests that this Court issue an Order (i) restricting public access to Level 1 for Exhibit T-3 [ECF Nos. 603-39 and 603-40] and (ii) substituting the redacted versions of Defendants' Response [ECF No. 603] and Exhibit K [ECF No. 603-26], Exhibit L [ECF No. 603-27], Exhibit R [ECF No. 603-36], Exhibits T-1 and T-2 [ECF No. 603-38], Exhibit V [ECF No. 603-42], Exhibit Y [ECF No. 603-45], and Exhibit Z [ECF No. 603-46] while maintaining the original, unredacted versions under Level 1 restricted access.

Respectfully submitted this 31st day of July, 2017

<u>*s/ Diane R. Hazel*</u>
Joan A. Lukey
(joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com)
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane R. Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

*Attorneys for Defendant Cultural Care, Inc.
d/b/a Cultural Care Au Pair*

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 31, 2017, I caused to be electronically filed the foregoing DEFENDANT CULTURAL CARE, INC.'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

                                                *s/ Diane R. Hazel*
                                                 Diane R. Hazel