IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

---

**GO AU PAIR'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO MATERIALS SUBMITTED IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [ECF NOS. 601, 601-1 TO -3, 603, & 603-30 TO -33]**

---

Pursuant to D.C.COLO.LCivR 7.2, Defendants American Cultural Exchange, LLC d/b/a Go Au Pair and Go Au Pair Operations LLC (collectively, "Go Au Pair") hereby move this Court for an order restricting public access, under Level 1 restricted access, to: (1) Go Au Pair's Opposition to Plaintiffs' Motion for Class Certification ("Go Au Pair's Opposition") [ECF No. 601]; (2) Exhibit A to Go Au Pair's Opposition [ECF No. 601-1 to 601-3]; (3) Defendants' Response in Opposition to Plaintiffs' Motion for Rule 23 Class Certification and Appointment of Counsel ("Defendants' Joint Opposition") [ECF No. 603]; and (4) Exhibit O to Defendants' Joint Opposition [ECF No. 603-30 to 603-33]. In support thereof, Go Au Pair states as follows:

1.      Pursuant to D.C.COLO.LCivR. 7.1(a), the undersigned counsel has conferred with Plaintiffs' counsel via email regarding this motion. Plaintiffs do not oppose the relief requested herein.

2.      All parties to this action have stipulated to a protective order ("Stipulated Protective Order") that is consistent with the requirements set forth in *Gillard v. Boulder Valley School District RE-2*, 196 F.R.D. 382, Appendix A (D. Colo. 2000).

3.      The Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure." (Stipulated Protective Order ¶ 1, ECF No. 305.)

4.      Pursuant to the Stipulated Protective Order, all parties have agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Level 1 or Level 2 restricted access. (*Id.* ¶ 8.)

5.      On July 17, 2017, Go Au Pair filed its Opposition to Plaintiffs' Motion for Class Certification and the Declaration of Bill Kapler in Support of Go Au Pair's Opposition.  Go Au Pair also joined in Defendants' Joint Opposition filed that same day. Go Au Pair believes in good faith that Go Au Pair's Opposition, the Defendants' Joint Opposition, and Mr. Kapler's declaration, which is attached as Exhibit A to Go Au Pair's Opposition [ECF No. 601-1 to 601-3] and as Exhibit O to Defendants' Joint Opposition [ECF No. 603-30 to 603-33], contain highly confidential information related to Go Au Pair's business operations.

6. For example, Go Au Pair has designated the Mr. Kapler's declaration, as well as Exhibit 8 to that declaration, as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. These documents provide detailed information regarding Go Au Pair's business, including the size of Go Au Pair's business and the number of au pairs that come through Go Au Pair's program, supply and demand dynamics of Go Au Pair's host families and au pairs, and an analysis of the reasons potential host families choose not to use au pairs for their childcare needs. Indications of the total number of au pairs sponsored by Go Au Pair, and, thus, the size of Go Au Pair's business, are also contained Go Au Pair's Opposition and Defendants' Joint Opp'n. (*See* Go Au Pair Opp'n at 5; Defs.' Joint Opp'n at 8.) As such, Go Au Pair's Opposition, Defendants' Joint Opposition, and Mr. Kapler's declaration (including Exhibit 8 thereto), contain proprietary business information of competitive value and significance.

7. Further, Exhibits 3, 4, 5, and 7 to Mr. Kapler's declaration contain confidential name and contact information for individual third parties (a Go Au Pair host family).

8. Accordingly, to preserve the confidentiality of Go Au Pair's sensitive business information and the privacy of individual third parties, portions of Go Au Pair's Opposition, Defendants' Joint Opposition, and Mr. Kapler's declaration should be restricted from public view. *See SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-CV-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012) ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness. In addition, [a]ccess

properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing.").

9.  Because only a portion of Go Au Pair's Opposition and Mr. Kapler's declaration reference confidential information, Go Au Pair has attached redacted versions of these documents as Exhibits A and B, respectively, to this motion. These redacted versions of Go Au Pair's Opposition and Mr. Kapler's declaration (including all exhibits thereto, redacted as appropriate) may be filed in the public record. Go Au Pair, however, requests that the original, unredacted versions of both documents remain under Level 1 restricted access.

10. Similarly, because only a portion of Defendants' Joint Opposition contains confidential information relating to Go Au Pair, a redacted version of that document may be filed in the public record. Defendants' Joint Opposition, however, contains confidential information relating to other defendants, which is addressed by those defendants in their individual motions for restricted access. For the Court's convenience, Defendants will jointly file a redacted version of Defendants' Joint Opposition that addresses all Defendants' confidentiality concerns and which may be filed in the public record. Go Au Pair, however, requests that the original, unredacted version of Defendants' Joint Opposition remain under Level 1 restricted access.

WHEREFORE, for the foregoing reasons, Go Au Pair respectfully requests this Court issue an Order restricting public access, under Level 1 restricted access, to: (1) Go Au Pair's Opposition [ECF No. 601]; (2) Exhibit A to Go Au Pair's Opposition

4

[ECF No. 601-1 to 601-3]; (3) Defendants' Joint Opposition [ECF. No. 603] and

(4) Exhibit O to Defendants' Joint Opposition [ECF No. 603-30 to 603-33].

Dated: July 31, 2017. Respectfully submitted,

*s/ Kathryn A. Reilly*
Kathryn A. Reilly
Grace A. Fox
Natalie West
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:  Reilly@wtotrial.com
            Fox@wtotrial.com
            West@wtotrial.com

Attorneys for Defendants American Cultural Exchange, LLC d/b/a Go Au Pair and Go Au Pair Operations LLC.

5

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on July 31, 2017, I electronically filed the foregoing GO AU PAIR'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO MATERIALS SUBMITTED IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [ECF NOS. 601, 601-1 TO -3, 603, & 603-30 TO -33] with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Claudia Jones*