IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*,

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*,

    Defendants.

---

**DEFENDANT CULTURAL CARE, INC.'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO AMEND AND EXHIBITS IN SUPPORT [ECF NOS. 593, 594]**

---

    Pursuant to D.C.COLO.LCivR 7.2(c), Defendant Cultural Care, Inc. ("Cultural Care"), hereby moves the Court for an Order restricting public access, under Level 1 restricted access, for certain information contained in Plaintiffs' Reply In Support of Their Motion to Amend ("Reply") [ECF No. 593] and certain of the exhibits attached to the Declaration of Joshua J. Libling in Further Support of Plaintiffs' Motion to Amend [ECF No. 594].  In support thereof, Cultural Care states as follows:

    1.    As required by D.C.COLO.LCivR 7.1(a), counsel for Cultural Care conferred with Plaintiffs' counsel in good faith regarding this motion and is authorized to state that Plaintiffs take no position on the relief requested herein.

    2.    All parties to this action have stipulated to a Protective Order ("Stipulated Protective Order") that is consistent with the requirements set forth in *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, App. A (D. Colo. 2000).

    3.    The Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to

interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure of discovery duties created by the Federal Rules of Civil Procedure." Stipulated Protective Order ¶ 1 [ECF No. 305].

4. Pursuant to the Stipulated Protective Order, all parties have agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Level 1 or Level 2 restricted access. *Id.* ¶ 8.

5. On July 7, 2017, Plaintiffs filed their Reply [ECF No. 593] and exhibits in support thereof [ECF Nos. 594-1 through ECF No. 594-7] under restricted access Level 1. As detailed below, the Reply contains confidential, proprietary information that would cause Cultural Care serious injury if exposed to public view.

6. In accordance with D.C.COLO.LCivR 7.2(c)(1) and (2), Cultural Care identifies the documents for which restriction is sought and the interests to be protected as follows:

### *a. Confidential Information in the Reply*

The Reply [ECF No. 593] reveals confidential business information and competitively sensitive information about Cultural Care and its international affiliate, International Care, Ltd. ("ICL"). This includes confidential financial and intellectual property information as well as information about Cultural Care's business and contractual relationships, including with ICL. Cultural Care requests that this confidential information be restricted as reflected in the redacted version of the Reply attached hereto as **Exhibit A**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of the Reply remain under Level 1 restricted access.

### *b.     Exhibit 5*

Exhibit 5 [ECF No. 594-5] to the Reply is a copy of excerpts from the Federal Rule of Civil Procedure 30(b)(6) deposition testimony of Cultural Care representative Natalie Jordan, portions of which have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Exhibit 5 reveals confidential business information about Cultural Care, its agreements with affiliated entities, and competitively sensitive information about its business operations. Cultural Care requests that this confidential information be restricted as reflected in the redacted version of Exhibit 5 attached hereto as **Exhibit B**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of Exhibit 5 remain under Level 1 restricted access.

### *c.     Exhibit 6*

Exhibit 6 [ECF No. 594-6] to the Reply is an excerpt from Cultural Care's privilege log and is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Exhibit 6 reveals personally identifying information about host families. Cultural Care requests that this personal and sensitive information be restricted as reflected in the redacted version of Exhibit 6 attached hereto as **Exhibit C**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted version of Exhibit 6 retain Level 1 restricted access.

7.     In accordance with D.C.COLO.LCivR 7.2(c)(2) and (3), there is a legitimate interest in protecting the information and data that Cultural Care has identified herein, which outweighs the presumption of public access. *See SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *1 (D. Colo. July 16, 2012). If access is not restricted, Cultural Care's confidential and

sensitive business information would be improperly available within the public domain causing it serious injury.  *Id.* at *2 ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness.").  In addition, some of these exhibits contain personally identifying information about host families and third parties.  Accordingly, the public interest will not be served by these documents being exposed to public view.

8. In accordance with D.C.COLO.LCivR 7.2(c)(4), the restrictions sought by Cultural Care are tailored to the confidential, proprietary, and sensitive business information and personal information to be protected.  Cultural Care has sought the least restrictive means to protecting this information by, for example, redacting documents when possible instead of wholly restricting them.  No alternative restrictions are practicable.  *See SOLIDFX*, 2012 WL 2917116 at *1.

WHEREFORE, for the foregoing reasons, Cultural Care respectfully requests that this Court issue an Order substituting the redacted versions of the Reply [ECF No. 593], Exhibit 5 [ECF No. 594-5], and Exhibit 6 [ECF No. 594-6] while maintaining the original, unredacted versions under Level 1 restricted access, and for such further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of August, 2017

                              *s/ Diane R. Hazel*
                              Joan A. Lukey
                              (joan.lukey@choate.com)
                              Robert M. Buchanan, Jr.
                              (rbuchanan@choate.com)
                              Michael T. Gass (mgass@choate.com)
                              Justin J. Wolosz (jwolosz@choate.com)
                              Lyndsey M. Kruzer (lkruzer@choate.com)
                              CHOATE HALL & STEWART LLP
                              Two International Place
                              Boston, Massachusetts 02110

Telephone: (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

*Attorneys for Defendant Cultural Care, Inc.
d/b/a Cultural Care Au Pair*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 2, 2017, I caused to be electronically filed the foregoing DEFENDANT CULTURAL CARE, INC.'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO AMEND AND EXHIBITS IN SUPPORT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

                                              *s/ Diane R. Hazel*
                                                Diane R. Hazel