THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

    plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

    Defendants.

---

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN FURTHER OPPOSTION TO INTERNATIONAL CARE LIMITED'S MOTION
FOR LEAVE TO MAKE A SPECIAL APPEARANCE**

---

Pursuant to CMA Civ. Practice Standard 7.1A(d)(4), Plaintiffs, by and through undersigned counsel, seek leave of the Court to file a sur-reply, which is attached hereto as Exhibit A, in response to non-party/putative defendant International Care Limited's ("ICL") Reply in Further Support of Its Motion to Make a Special Appearance ("Reply", D.E. 623). Plaintiffs propose a short sur-reply that is five (5) pages in length and addresses two issues ICL raised for the very first time in its Reply.

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C. COLO.LCivR. 7.1(A)**

Pursuant to D.C.COLO.LCivR. 7.1(A), Plaintiffs' counsel emailed ICL's counsel regarding the subject of this motion and received no response prior to filing.

1

## ARGUMENT

When a party raises new arguments in a reply brief, "the nonmoving party should be given an opportunity to respond". *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005)*; see also Pippin v. Burlington Res. Oil & Gas Co.,* 440 F.3d 1186, 1191-92 (10th Cir. 2006) ("if the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials").

On June 2, 2017, Plaintiffs filed a motion for leave to amend their complaint, *see* D.E. 564 ("Motion to Amend"), which has been opposed by several existing defendants, *see* D.E. 587, 589.  On June 23, 2017, current non-party and putative defendant ICL filed what it has styled a "Motion for Leave to Make a Special Appearance to Oppose Plaintiffs' Motion to Amend Second Amended Complaint" ("Motion to Appear", D.E. 585), also purporting to oppose Plaintiff's Motion to Amend.

This Court's Rules reflect basic common sense, which is that any motion should, at the very least, "state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d).[1]  ICL's five-sentence Motion to Appear nowhere stated any legal basis.  *See* D.E. 585.  Instead, ICL simply presumed that it had a right to be heard on Plaintiffs' Motion to Amend, and ICL thus attached memorandum of law that asserts purported affirmative defenses to the not-as-yet-operative (proposed) Third Amended Complaint.  *See* D.E. 585-1.

On July 14, 2017, Plaintiffs submitted their Opposition to ICL's Motion to Appear, *see* D.E. 598, which addressed not only ICL's decision to file a motion without providing

---

[1] ICL also did not confer with Plaintiffs before filing its Motion to Appear, as required by D.C.COLO.LCivR 7.1(a). Had it done so, Plaintiffs could have pointed out the legal problems with ICL's Motion, and obviated the need more briefing.

2

a legal basis for it, but also the fact that the Federal Rules and relevant case law forbid putative defendants from opposing amended pleadings **before** they become operative. On July 21, 2017, ICL filed its Reply in which it raised, for the very first time, two new legal arguments in support of its Motion to Appear:

(1) "District courts have wide discretion to allow such special appearances, and nothing in the federal rules or authorities cited by Plaintiffs prohibit the court from considering ICL's position."

(2) "ICL should be permitted to make a special appearance and file the brief because no defendant can adequately explain why ICL is uniquely prejudiced by the Plaintiffs' untimely motion and why the complaint against ICL is ultimately futile."

*See* D.E. 623 at 1.

This is precisely a situation that merits a sur-reply. ICL has for the first time in its Reply done what it should have done in the first place – provide legal arguments that support its motion. Given that ICL has sprung these arguments on Plaintiffs in a reply, Plaintiffs have prepared a short sur-reply, in the form appended hereto as Exhibit A, which is limited to addressing these two issues.

## **CONCLUSION**

For good cause shown, Plaintiffs request that the Court grant their Motion for Leave to File a Sur-Reply, as attached hereto as Exhibit A, and enter such, and any other further relief as this Court deems appropriate.

Dated: New York, New York
August 4, 2017

        Respectfully Submitted,

        BOIES, SCHILLER & FLEXNER LLP

        <u>/s/ Joshua J. Libling</u>
        Matthew L. Schwartz
        Peter M. Skinner
        Randall W. Jackson
        Dawn L. Smalls
        Joshua J. Libling
        575 Lexington Avenue
        New York, New York  10022
        Tel:  (212) 446-2300
        Fax: (212) 446-2350
        mlschwartz@bsfllp.com
        pskinner@bsfllp.com
        rjackson@bsfllp.com
        dsmalls@bsfllp.com
        jlibling@bsfllp.com

        Alexander Hood
        TOWARDS JUSTICE
        1535 High Street, Suite 300
        Denver, Colorado  80218
        Tel: (720) 239-2606
        Fax: (303) 957-2289
        alex@towardsjustice.org

        *Attorneys for plaintiffs*

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 4, 2017, I electronically served the foregoing motion on all counsel of record.

/s/ Joshua J. Libling
Joshua J. Libling
