# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSTION TO INTERNATIONAL CARE LIMITED'S MOTION FOR LEAVE TO MAKE A SPECIAL APPEARANCE**

---

Ignoring the relevant Court rules and legal practices, International Care Limited ("ICL"), filed a "Motion for Leave to Make a Special Appearance to Oppose Plaintiffs' Motion to Amend Second Amended Complaint" ("Motion to Appear", D.E. 585), which contained no legal authority whatsoever.  *See* D.C.COLO.LCivR 7.1(d) ("a motion …shall state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion").  Plaintiffs submitted an opposition that addressed ICL's failure to cite any authority, and more importantly, contrary authority that explicitly forbids putative defendants from doing what ICL proposed to do – assert and adjudicate defenses to a pleading before that pleading has become operative.  *See* D.E. 598 ("Opp.").  In reply, ICL raised two entirely new, incorrect arguments, and now frames its motion as a garden variety request to 'file a brief'.  Specifically, ICL now argues that:

1

    (1) "District courts have wide discretion to allow such special appearances, and nothing in the federal rules or authorities cited by Plaintiffs prohibit the court from considering ICL's position."

    (2) "ICL should be permitted to make a special appearance and file the brief because no defendant can adequately explain why ICL is uniquely prejudiced by the Plaintiffs' untimely motion and why the complaint against ICL is ultimately futile."

See D.E. 623 at 1 ("ICL Rep."). But what ICL seeks to do has been soundly rejected by courts that have actively considered the issue. On the question of whether a **putative** defendant has any right to oppose an amended pleading **before** the pleading has been amended, the overwhelming weight of authority says no. ICL's new arguments in no way undercut this weight of authority and, in fact, some of ICL's cases affirmatively show why it is wrong to try to pre-litigate defenses. ICL will have ample opportunity to litigate those defenses, if and when they are added as a party.

### I.    ICL has provided no authority to support a *pre-amendment* appearance by a putative defendant to challenge a *proposed complaint*.

In its Reply, ICL insists that its motion is proper because (i) "special" appearances really do still exist, and (ii) some courts have allowed putative parties to be heard on a motion to amend a pleading.

It cannot be emphasized enough: Plaintiffs' are not nit-picking about ICL's use of the word "special". The problem is that styling its motion a "special appearance" signifies ICL's misunderstanding of Fed. R. Civ. P. 12 ("Rule 12"), which was amended decades ago to require **one** appearance, **after** a complaint becomes operative, during which defendants have a full and fair opportunity to raise all of their defenses at once. In the pre-Rule 12 amendment days, the word 'special' connoted that a party was not waiving defenses like personal jurisdiction by appearing in a case; but then Rule 12's

2

amendment happened, and words like 'special' or 'limited' are now legally meaningless, because Rule 12 no longer distinguishes between appearances, and simply requires a party present **all** its defenses in an answer or motion, **after** it has been added to a case. *See* Opp. at 1-2 (citing cases).

In response, ICL has found two cases that used the word "special" to describe a motion. *See* ICL Rep. at 2 (citing *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000), and, *Ace Inv'rs, LLC v. Rubin*, 494 F. App'x 856 (10th Cir. 2012)). In *Calphalon*, having been named a defendant in an operative (not proposed) complaint, defendant "Rowlette then filed a special appearance in the Ohio federal case and moved for dismissal of the Ohio action under Federal Rule 12(b)(2), alleging lack of personal jurisdiction." 228 F.3d at 721. Regardless of the word "special", it was quite unremarkable that **after** being sued, the defendant moved to dismiss under Rule 12. Similarly, in *Ace*, after the court granted plaintiffs' motion to add the garnishee as a party, and after being served with the garnishment writ, the garnishee "entered a special appearance and objected to the writs of garnishment asserting, among other grounds, that the Garnishees were not subject to personal jurisdiction in Utah." *Id. Ace* thus followed precisely the procedure Plaintiffs identified as the only appropriate procedure— a motion was filed to add a party, the motion was granted, and only then did the party appear to oppose the relief sought and advance defenses.

Whether ICL styles its motion as "limited", "special", "awesome" or any other adjective, the motion is improper not for its word-choice, but because it seeks to pre-litigate ICL's defenses in contravention of Rule 12. As ICL's own cases demonstrate, the proper procedure is to raise these defenses after ICL is added. To do otherwise

3

would effectively give ICL multiple bites at the same apple, because if and when it is added to this case, it will have all the rights of a party under Rule 12, including the right to (re)litigate these very same defenses.  Rule 12 forbids this.  So does Rule 15.  *See* Opp. at 2-6 (discussing cases that reject ICL's position).

In response to this range of cases, ICL found two cases where courts belatedly considered filings from putative parties.  *See* ICL Rep. at 1 (citing *Whatman, Inc. v. Davin*, No. CIV. 8:08-2103-RBH, 2010 WL 1294080 (D.S.C. Mar. 29, 2010), and, *L. D. Schreiber Cheese Co. v. Clearfield Cheese Co.*, 495 F. Supp. 313 (W.D. Pa. 1980).  As an initial matter, *Whatman* and *L.D. Schreiber* both predate the Supreme Court and the Tenth Circuit's more recent guidance on non-party standing (Opp. at 3 n.1).  *See Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 913 (10th Cir. 2017) (citing *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013)).  Regardless, in neither of ICL's cases was the appropriateness of the putative party's appearance contested and, in *Whatman*, the existing plaintiff "d[id] not object" to the addition of a new plaintiff, "counsel for [putative plaintiff] ha[d] already appeared at depositions", and the putative plaintiff was already a party in a state court action involving some of the parties.  2010 WL 1294080, at *1.  In *L.D. Schreiber*, the court considered objections from a putative defendant to a proposed amended pleading, but the issue of whether that party had standing to do so was not raised or otherwise litigated.  495 F. Supp. at 315.  Neither of these cases, therefore, provide any analytical support for ICL's position.

The overwhelming weight of authority since *L.D. Schreiber*, and all of the cases cited by Plaintiffs or ICL in which the issue has actually been raised and litigated, supports Plaintiffs' position.  *See* Opp. at 2-3, 5-6.

4

## II.     Whether existing Defendants will raise ICL's defenses is irrelevant.

ICL also advances a position ungrounded in any legal doctrine that it would be unfair to exclude its filings because "it would mean a putative defendant may never have the opportunity to challenge joinder even though it is the one most prejudiced by a delay and in the best position to explain a complaint's futility." ICL Rep. at 5. ICL further contends that it suffers prejudice because personal jurisdiction and arbitration "are defenses that could not otherwise be raised by the [existing] defendants." *Id.* This reasoning has already been rejected—as discussed below—but it is worth emphasis that ICL's position turns the standard practices of litigation on their head. The way litigation works is that a complaint is filed and then the defendant gets to respond. None of the current defendants were permitted to argue that they should not be included in the original complaint's allegations *before* the complaint was filed. ICL, therefore, is the one asking to be treated especially well, it is not the party equitably aggrieved.

Moreover, ICL will have a full and fair opportunity to seek dismissal if and when it is added, on whatever grounds it chooses, including jurisdiction and arbitration. That is precisely why courts in this circuit have adopted the very rule ICL complains about, existing defendants "do not have standing to assert claims of futility on behalf of proposed defendants." *Coleman v. Apple Eight Hosp. Mgmt., Inc.*, 16-cv-1343-JTM, 2017 WL 1836974, at *3 (D. Kan. May 8, 2017).[1] The result in *Coleman* was expressly predicated on the reasoning that the new defendant could assert its own defense once it was added to the case, just as ICL can do here. *Id.*

---

[1] *Coleman*, *id.* at *3, cites with approval several of the cases ICL dismissed as "out of circuit." ICL Rep. at 4.

**Conclusion**

For the reasons given in Plaintiffs' Opposition and herein, ICL's motion for leave to make a special appearance should be denied and ICL's filings should not be considered in the Court's adjudication of the motion to amend.[2]

Dated: New York, New York
August 4, 2017

          Respectfully Submitted,

          BOIES, SCHILLER & FLEXNER LLP

          /s/ Joshua J. Libling
          Matthew L. Schwartz
          Peter M. Skinner
          Randall W. Jackson
          Dawn L. Smalls
          Joshua J. Libling
          575 Lexington Avenue
          New York, New York  10022
          Tel:  (212) 446-2300
          Fax: (212) 446-2350
          mlschwartz@bsfllp.com
          pskinner@bsfllp.com
          rjackson@bsfllp.com
          dsmalls@bsfllp.com
          jlibling@bsfllp.com

          Alexander Hood
          TOWARDS JUSTICE
          1535 High Street, Suite 300
          Denver, Colorado  80218
          Tel: (720) 239-2606
          Fax: (303) 957-2289
          alex@towardsjustice.org

          *Attorneys for Plaintiffs*

---

[2] ICL's Reply does not oppose Plaintiffs' request for additional briefing on the merits of ICL's defenses, should the Court wish to reach those issues now.  *See* Opp. at 6.