IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

       Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

       Defendants.

_____

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO AMEND SCHEDULING ORDER [ECF NO. 620-1]**

       Plaintiffs' Motion to Amend the Scheduling Order, ECF No. 620-1 ("Motion") is an attempt to remedy a problem of their own making.  Plaintiffs claim that they need to extend the deadline for merits expert reports (and other deadlines that follow) because Defendants and third parties have failed to provide discovery that their expert needs in order to prepare his report.  The issues about which they complain, however, are specious, untethered to any work their expert may be doing, and serve to demonstrate that any failure to gather necessary information lies squarely with Plaintiffs.

       Perhaps more concerning than the substance of Plaintiffs' Motion, however, is the process they have followed with respect to this deadline, treating the latter as a suggestion rather than a court order.  None of the supposed issues about which they complain is new; yet they approached Defendants and filed their Motion less than two weeks before the deadline.  Then, when the Court did not grant the expedited hearing

Plaintiffs sought, they simply announced, first to Defendants and then to the Court, that they would not serve expert reports on the deadline.  In granting themselves an extension in this manner, Plaintiffs not only violated the Scheduling Order, they forced Defendants either to comply with the deadline and possibly suffer an unfair disadvantage (because Plaintiffs would have Defendants' reports well before Plaintiffs are willing to provide theirs), or accede to Plaintiffs' request that Defendants should violate the Scheduling Order as well.

Defendants declined Plaintiffs' request, and served their expert reports on July 31, 2017 as required by the Scheduling Order.  Plaintiffs should not get a free pass on their failure to do the same.  For the reasons discussed herein, Plaintiffs' Motion should be denied.

## PROCEDURAL BACKGROUND

Plaintiffs filed this case on November 13, 2014.  Following motions to dismiss and the filing of an amended complaint, the Court entered the initial scheduling order on April 25, 2016.  ECF No. 295.  Plaintiffs have since requested two amendments (ECF Nos. 454, 482), and the parties have twice stipulated to amendments to the scheduling order, most recently on May 16, 2017 (ECF Nos. 450, 553).  The Court entered that most recent amendment (the "Scheduling Order") on May 19, 2017.  ECF No. 555.

According to the Scheduling Order, the parties were required to exchange affirmative expert disclosures on the merits on July 31, 2017.  Plaintiffs' counsel emailed Defendants on July 17, 2017, proposing an extension for these disclosures either to four weeks after the Court rules on Plaintiffs' motion to compel financial information from

2

certain Defendants (ECF No. 507), or by ten weeks.[1]  Defendants did not agree, but did offer that if it would avoid motion practice, Defendants would agree not to oppose a two-week extension of the deadline and to offer Plaintiffs the opportunity to supplement their expert disclosures after resolution of the motion to compel.  Plaintiffs declined Defendants' offer and filed a Third Motion to Amend the Scheduling Order on July 20, 2017.  The Motion seeks an approximate two-month extension of the deadline for affirmative expert disclosures and rebuttal expert disclosures, and an approximate one-month extension of the fact discovery deadline, Rule 56 deadlines, and the expert discovery deadline.  Mot. 5-6.

Plaintiffs requested forthwith consideration of the Motion (ECF No. 620), which the Court effectively declined by Order dated July 21, 2017 (ECF No. 622).  Undeterred, Plaintiffs wrote to Defendants on July 24, 2017, and announced that "Plaintiffs do not believe that their merits expert report remains due on July 31, 2017, and do not intend to produce our report then.  We likewise do not expect Defendants to produce their merits report on that date."  In other words, Plaintiffs take the position that by setting the hearing on their motion for September 21, the Court has effectively given them the extension that they requested.  On July 27, 2017, following Defendants' refusal to ignore the Scheduling Order as Plaintiffs had requested, Plaintiffs filed a "Supplement to Plaintiffs' Motion to Amend Scheduling Order" (ECF No. 626) in which they proclaimed

---

[1] As explained in Section I, *infra*, the Court resolved the motion to compel on July 24, 2017 and, in any event, Plaintiffs never explain how the relatively small amount of additional financial data at issue prevented them from complying with the expert deadline.

again – this time to the Court – that they "do not intend to make their merit expert disclosures on July 31, 2017" (*id.* ¶ 10).  Defendants responded the next day (ECF No. 630) and explained that the Scheduling Order, which had not been adjourned, still controls.  Defendants produced their expert reports on July 31, 2017; Plaintiffs did not.[2]

On Sunday, July 30, 2017, one day before the deadline, Plaintiffs served Plaintiffs' Fourth Set of Interrogatories and Plaintiffs' Sixth Request to All Defendants for the Production of Documents.  Exs. A, B.  Many of the interrogatories and document requests appear directly related to issues that have been raised by Defendants' expert witnesses, and about which Plaintiffs questioned Defendants' experts during prior depositions in this case.  ECF No. 603-45 (Stiroh Rpt.), ¶¶ 23-24, 39; ECF No. 603-46 (Stiroh Reb. Rpt.), ¶¶ 35-37; Ex. C (Excerpts of Stiroh Dep.), 145:15-146:22, 150:13-17.  It thus appears that these requests, the responses to which are due well after the deadline to serve expert reports, are designed to collect information for Plaintiffs' expert that Plaintiffs simply did not request in time to incorporate into a timely expert report.  Defendants posit that this failure is a more logical explanation for Plaintiffs' need for an extension than anything to do with small amounts of missing financial data.

---

[2] Plaintiffs' counsel wrote to Defendants on July 31, 2017 – the day the expert reports were due – and again invited Defendants to join them in delaying exchange of expert reports.  Plaintiffs also made a curious representation that if Defendants serve expert reports as required, neither Plaintiffs' counsel nor other representatives will open or read the reports.  Although Plaintiffs say that this is an attempt to prevent any unfair advantage, the tactic appears to be another example of Plaintiffs manipulating the court-ordered deadlines in order to increase their chance that the Court will allow the extension that they have taken.

## ARGUMENT

Plaintiffs cannot unilaterally extend the case schedule to fit their needs or strategies and to forgive their own failure to conduct needed discovery or otherwise to prosecute this case.  The parties conferred and stipulated to a revised Scheduling Order less than three months ago.  *See* ECF Nos. 553, 555.  That Scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Catholic Health Initiatives Colo. v. Gross*, No. 06-cv-01366-REB-BNB, 2007 WL 3232455, at *1 (D. Colo. Oct. 29, 2007).  "[S]cheduling orders are contemplated and designed to offer a degree of certainty in pretrial proceedings, ensuring at some point that the claims and evidence are fixed so that the parties may proceed to trial."  *Dedmon v. Cont'l Airlines, Inc.*, No. 13-cv-0005-WJM-NYW, 2015 WL 4639737, at *4 (D. Colo. Aug. 5, 2015) (citing *Home Design Servs. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *6 (D. Colo. Apr. 9, 2010)).  Because Plaintiffs cannot show that a departure from the Scheduling Order is warranted, their Motion should be denied.

**I.     PLAINTIFFS FAIL TO SATISFY THE STANDARD FOR AMENDMENT OF THE SCHEDULING ORDER.**

Federal Rule of Civil Procedure 16 dictates that a scheduling order may be modified only for good cause and by leave of Court.  *Home Design Servs.*, 2010 WL 1435382, at *16-18 (denying motion to extend discovery and dispositive motions deadlines).  The decision to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion of the Court."  *Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, at *1 (D. Colo. Apr. 23, 2013) (internal

5

quotation omitted).  When exercising its discretion, courts in this Circuit consider: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence.  *Id.*

      Here, even if the Court were to disregard Plaintiffs' self-help approach, factors 2, 3, 4 and 6 mandate denial of the extensions.  As explained more fully below, Plaintiffs cannot show that they have been diligent in obtaining the (unidentified) discovery that their expert supposedly needs, nor have they shown that the discovery issues about which they complain will result in discovery that will be useful for consideration by their expert.  Moreover, their recent service of new discovery requests the day before reports were due – seeking information clearly geared toward expert issues – underscores that the real reason Plaintiffs need more time is their self-inflicted unpreparedness.  In the meantime, Defendants continue to suffer prejudice while the case is extended longer and longer, at significant cost, as the result of Plaintiffs' actions.

      Plaintiffs have not and cannot show that an extension is warranted, much less that their conduct is excusable.  The Motion should be denied.

## II. PLAINTIFFS FAIL TO IDENTIFY ANY OUTSTANDING DISCOVERY THAT WARRANTS A TWO-MONTH EXTENSION OF THE EXPERT DISCLOSURE DEADLINE.

Plaintiffs' complaints regarding document productions, depositions, and third party subpoenas all suffer from the same fundamental problem: they are not tied to the expert reports for which Plaintiffs claim they need more time.  Plaintiffs thus offer no grounds to depart from this Scheduling Order other than their own unexplained delay and the apparent fact that they simply were not ready.  That is not a sufficient reason for an extension.  *Granite Southlands Town Ctr. LLC v. Alta. Town Ctr., LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (denying motion to amend scheduling order when moving party's "newly discovered evidence" claim was "belied by the procedural and discovery history" of the case).

### A. Plaintiffs Fail to Show that the Motion to Compel Financial Information from Two Defendants and Supplemental Financial Data from Five Defendants Requires an Extension.

Plaintiffs first complain that more time is needed because certain Defendants objected to producing financial information in whole or in part, and Plaintiffs moved to compel.  Mot. 2-3.  Plaintiffs never say, however, how this relatively small amount of additional[3] financial information supposedly hamstrung their experts and prevented

---

[3] Most defendants produced complete financial information weeks or months ago; others produced the profit and loss information that Plaintiffs specifically demanded, and only disputed whether they were required at this stage to provide such additional information as historic asset and liability numbers, bearing only on damages. *See* Plaintiffs' Motion to Compel Response to Document Request No. 16 (ECF No. 507), Cultural Care Inc.'s Response in Opposition to Plaintiffs' Motion to Compel (ECF No. 511), AuPairCare Inc.'s Opposition to Plaintiffs' Motion to Compel Response to Document Request No. 16 (ECF No. 513), AIFS' Response to Plaintiffs' Motion to Compel (ECF No. 515), Agent Au Pair, Inc., American Cultural Exchange, LLC d/b/a

7

them from meeting the deadline.  Moreover, Defendants' offer of compromise would have allowed Plaintiffs to serve a subsequent supplemental disclosure if necessary following a decision on the motion to compel.  Finally, the Court has now ruled on the motion to compel and the documents were produced on or before July 31.  There would be no possible justification for an additional two months following that incremental production.  Plaintiffs' reliance upon the motion to compel as justification for the expert report extension they seek rings hollow.

### B. Plaintiffs Fail to Show that Their Complaints Regarding the Timing of Discovery Require an Extension.

Plaintiffs' next complaint is that Defendants supposedly have not completed their document productions because they have not "certified" that they are complete, and relatedly, that some Defendants continue to supplement their production and disclosures.  As to the first point, there is no "certification" requirement in this district, so the failure to certify does not mean that Defendants' productions are not complete.  As to the second, while it is true that Defendants continue to supplement their document productions, interrogatory responses, and initial disclosures (as all parties are obligated to do pursuant to Fed. R. Civ. P. 26(e)), Plaintiffs fail to show what these supplemental responses have to do with expert reports.  For example, Plaintiffs specifically cite July 19, 2017 disclosures from Defendant APEX American Professional Exchange, LLC.  Mot. 3.  That production, however, consisted of <u>four</u> documents, which themselves are revised versions of documents that had been produced already.  And

---

GoAuPair, Go Au Pair Operations LLC, and Au Pair International Inc.'s Response to Plaintiffs' Motion to Compel (ECF No. 517), Order granting in part plaintiffs' motion to compel (ECF No. 624).

crucially, Plaintiffs make no attempt to connect these or any other documents to opinions that their expert will offer. The fact that there is limited, ongoing supplementation (apparently unconnected with Plaintiffs' expert's work) in this massive litigation, where millions of pages have been produced by Defendants, is the norm for this type of case, not the exception.[4] Plaintiffs cannot point to that fact alone as good cause for an extension.

Plaintiffs' complaint regarding depositions fares no better. There have been more than 35 depositions in this case thus far; 22 taken by Plaintiffs. Plaintiffs now single out one proposed deponent – William Gertz of AIFS – whom they say they cannot depose until September. But by their own admission, Plaintiffs began attempting in June to schedule Mr. Gertz's deposition (*i.e.*, just one month before they filed the Motion), even though Defendants' experts had disclosed in January 2017 that they had discussions with Mr. Gertz in advance of preparing their report. *See* Mot. 3-4 & n.2. More importantly Plaintiffs again fail to show how this or any other remaining deposition would impact their expert's analysis and thus justify the delay they seek.[5]

---

[4] Plaintiffs' complaint about a small amount of supplemental discovery is particularly difficult to understand given that Plaintiffs are arguing that they should be able – at this late date – to add new Plaintiffs and a new Defendant to the case. *See* Plaintiffs' Motion to Amend (ECF No. 561), American Institute for Foreign Study's Opposition to Plaintiffs' Motion to Amend (ECF No. 587), Defendant Cultural Care, Inc.'s Response In Opposition to Plaintiffs' Motion to Amend (ECF No. 589), Plaintiffs' Reply in Further Support of Their Motion to Amend (ECF No. 593).

[5] Plaintiffs' claim that they have been preparing diligently by referencing eighteen depositions taken over three months is beside the point. *See* Mot. 3 n.1. It was Plaintiffs' choice to bring a 626 paragraph complaint alleging a conspiracy as to all but one of the sixteen agencies designated by the Department of State to administer the au pair program. (The sixteenth came into existence at or after the time of filing of the

Plaintiffs' next complaint, that the Alliance for International Exchange (the "Alliance") has not responded to Plaintiffs' non-party subpoena, is again perplexing in light of Plaintiffs' delay. Although Plaintiffs discussed the Alliance in the First Amended Complaint, ECF No. 101, filed on March 13, 2015, Plaintiffs did not serve the operative subpoena until May 25, 2017, and they say virtually nothing about what actions they have taken to obtain this discovery, apart from making phone calls and taking four months to correct the first, defective subpoena. *See* Mot. 4 n.3. And, as with their other issues, Plaintiffs do nothing to connect anticipated discovery from the Alliance with their expert.

Plaintiffs filed a massive, complex putative class action involving potentially thousands of class members and fifteen different defendants. Those Defendants have made dozens of witnesses available for deposition and produced an enormous amount of discovery. The fact that some relatively small amount of supplementation continues to trickle in does not constitute the adequate explanation required to modify the Scheduling Order, particularly when Plaintiffs have done nothing to connect their discovery issues to the expert report deadline that is the impetus for this Motion. *See Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) ("Demonstrating good cause under [Rule 16] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.") (internal quotations omitted).

---

original Complaint.)

### C. Plaintiffs' Claimed Need for Opt-In Discovery Is Logically Unsound and, in Any Event, Is the Result of Plaintiffs' Delay.

Finally, Plaintiffs' brief comment that additional plaintiffs are opting into the lawsuit, who "may possess information relevant to" their expert's analysis, does not justify the extension they seek. Mot. 4. Plaintiffs do not explain which opt-ins may have relevant information, what that information is, or why Plaintiffs can be sure that such relevant opt-ins will have joined the action before the deadline and with sufficient time for Plaintiffs' counsel and experts to review their information and incorporate it into their analyses. Certainly without more, Plaintiffs' perfunctory comment that Plaintiffs are opting in (which they presumably will continue to do until the current deadline of November 2, 2017) is not enough to meet their burden.

Moreover, any delay brought about as a result of the opt-in process is attributable to Plaintiffs. Instead of promptly distributing the agreed-upon Notice to potential opt-in plaintiffs shortly after the Court conditionally certified the FLSA class, Plaintiffs waited more than three months. *Compare* Mar. 31, 2017 Order Granting Mot. for Conditional Collective Action (ECF No. 525) *with* Pls. Mot. to Amend FLSA Notice 3 (ECF No. 618-1) (stating that Plaintiffs commenced the notice process on July 5, 2017).[6] Plaintiffs cannot now use their own delay as a reason to give themselves more time. *See Home*

---

[6] The delay with respect to opt-in plaintiffs will require a limited extension of the discovery period and motion for decertification briefing, so that Defendants can conduct discovery of the opt-in plaintiffs. Defendants will confer with Plaintiffs about this issue and hope to present a joint proposal to the Court. *See* Feb. 16, 2017 Order 5 (ECF No. 493) (recognizing that some adjustment to the Scheduling Order will be needed to seek discovery from opt-in plaintiffs). As the Plaintiffs are solely responsible for the delay and for the need to extend the time for this opt-in discovery, however, they should not benefit by being given additional time as a result.

11

*Design Servs.*, 2010 WL 1435382 at *8 (denying motion to amend where "Plaintiff's predicament is the result of counsel's own tactical decisions and failure to pursue discovery in a timely manner.").

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Third Motion to Amend the Scheduling Order.

Dated:  August 10, 2017    Respectfully submitted,

*s/ Jessica L. Fuller*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

*s/ Kathryn A. Reilly*
Kathryn A. Reilly (reilly@wtotrial.com)
Grace A. Fox (fox@wtotrial.com)
Natalie E. West (west@wtotrial.com)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

***Attorneys for Defendants Agent Au Pair, Au Pair International, Go Au Pair Operations, and American Cultural Exchange, LLC d/b/a Go Au Pair***

*s/ Lawrence D. Stone*
Lawrence D. Stone
(lstone@nixonshefrin.com)
Katheleen E. Craigmile
(kcraigmile@nixonshefrin.com)
Nixon Shefrin Hensen Ogburn, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111

***Attorneys for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair and 20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange***

*s/ James E. Hartley*
James E. Hartley
(jhartley@hollandhart.com)
Jonathan S. Bender
(jsbender@hollandhart.com)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202

Adam A. Hubbard
(aahubbard@hollandhart.com)
Holland & Hart LLP
1800 Broadway, Suite 300
Boulder, CO 80302

*Attorneys for Defendant Cultural Homestay International*

*s/ Lawrence L. Lee*
Lawrence L. Lee, Esq.
(llee@laborlawyers.com)
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

*Attorneys for Defendants APF Global Exchange, NFP*

*s/ Stephen J. Macri*
Stephen J. Macri
(smacri@putneylaw.com)
Joseph B. Cartafalsa
(jcartafalsa@putneylaw.com)
Robert M. Tucker
(rtucker@putneylaw.com)
John B. Fulfree
(jfulfree@putneylaw.com)
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue
New York, NY 10175
(212) 682-0020 ext. 221

*s/ Eric J. Stock*
Eric J. Stock
(estock@gibsondunn.com)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-2301

*Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in America*

14

*s/ Bogdan Enica*
Bogdan Enica
(Bogdan@expertaupair.com)
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701

**Attorney for Defendant Expert Group International, Inc. d/b/a Expert Au Pair**

*s/ Peggy Kozal*
Peggy E. Kozal
(pkozal@gordonrees.com)
Thomas Baker Quinn
(tquinn@gordonrees.com)
Nathan A. Huey (nhuey@gordonrees.com)
Heather K. Kelly (hkelly@gordonrees.com)
Gordon & Rees LLP
555 17th Street, Suite 3400
Denver, CO 80202

**Attorneys for Defendant AuPairCare, Inc.**

*s/ Martha L. Fitzgerald*
Martha L. Fitzgerald
(mfitzgerald@bhfs.com)
David B. Meschke
(dmeschke@bhfs.com)
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432

**Attorneys for Defendant EurAuPair Intercultural Child Care Programs**

*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
(bcolaizzi@shermanhoward.com)
Heather F. Vickles
(hvickles@shermanhoward.com)
Raymond M. Deeny
(rdeeny@shermanhoward.com)
Joseph Hunt
(jhunt@shermanhoward.com)
Alyssa L. Levy
(alevy@shermanhoward.com)
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

***Attorneys for Defendant InterExchange, Inc.***

*s/ William J. Kelly III*
William J. Kelly III
(wkelly@kellywalkerlaw.com)
Chandra Marie Feldkamp
(cfeldkamp@kellywalkerlaw.com)
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202

***Attorneys for Defendant USAuPair, Inc.***

*s/ Meshach Y. Rhoades*
Meshach Y. Rhoades
Martin J. Estevao
1700 Broadway, Suite 2100
Denver, CO 80290-2101
(720) 722-7195
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com

***Attorneys for Defendant GreatAuPair, LLC***

16

## CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on August 10, 2017, I caused to be electronically filed the foregoing Defendants' Response in Opposition to Plaintiffs' Motion to Amend Scheduling Order with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

                                        *s/ Jessica L. Fuller*
                                        Jessica L. Fuller