IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*,

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*,

    Defendants.

---

**DEFENDANT CULTURAL CARE, INC.'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' REPLY IN SUPPORT OF RULE 23 CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL AND EXHIBITS THERETO [ECF NO. 641, 642]**

---

    Pursuant to D.C.COLO.LCivR 7.2, Defendant Cultural Care, Inc. ("Cultural Care"), hereby moves the Court for an Order restricting public access, under Level 1, for certain information contained in (i) Plaintiffs' Reply in Support of Rule 23 Class Certification and Appointment of Class Counsel ("Plaintiffs' Reply") [ECF No. 642], and (ii) certain exhibits accompanying Plaintiffs' Reply.  In support thereof, Cultural Care states as follows:

    1.    As required by D.C.COLO.LCivR 7.1(a), counsel for Cultural Care conferred with Plaintiffs' counsel in good faith regarding this motion and is authorized to state that Plaintiffs do not oppose the relief requested herein.

    2.    All parties to this action have stipulated to a Protective Order ("Stipulated Protective Order") that is consistent with the requirements set forth in *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, App. A (D. Colo. 2000).

    3.    The Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to

interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure of discovery duties created by the Federal Rules of Civil Procedure." Stipulated Protective Order ¶ 1 [ECF No. 305].

4. Pursuant to the Stipulated Protective Order, all parties have agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Level 1 or Level 2 restricted access. *Id.* ¶ 8.

5. On August 2, 2017, Plaintiffs filed their Plaintiffs' Reply and certain exhibits in support thereof [ECF Nos. 641[1], 642]. The Plaintiffs' Reply and certain exhibits contain Cultural Care's confidential, proprietary information. As detailed below, publicizing this confidential, proprietary information would cause Cultural Care—and potentially third parties—serious injury.

6. In accordance with D.C.COLO.LCivR 7.2(c)(1) and (2), Cultural Care identifies the documents for which restriction is sought and the interests to be protected as follows:

### a. Plaintiffs' Reply in Support of Rule 23 Class Certification and Appointment of Class Counsel

Plaintiffs' Reply brief (ECF No. 642) contains competitively sensitive information and confidential business information. Accordingly, Cultural Care requests that this information be restricted as reflected in the redacted version of Plaintiffs' Reply attached hereto as **Exhibit A**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted Plaintiffs' Reply remain under Level 1 restricted access.

---

[1] All exhibits referenced in this motion are to exhibits to the Declaration of Juan P. Valdivieso in Support of Plaintiffs' Reply in Further Support of Rule 23 Class Certification and Appointment of Class Counsel (ECF No. 641).

### b. Exhibit 7

Exhibit 7 [ECF No. 641-10] is an internal email chain between Cultural Care employees. Because the email chain contains competitively sensitive information and confidential business information, Cultural Care requests that this information be restricted in its entirety and remain under Level 1 restricted access.

### c. Exhibit 8

Exhibit 8 [ECF No. 641-11] is an internal email chain between Cultural Care employees. Because the email chain contains competitively sensitive information and confidential business information, Cultural Care requests that this information be restricted in its entirety and remain under Level 1 restricted access.

### d. Exhibit 23

Exhibit 23 [ECF No. 641-26] is a selection of excerpts from the March 3, 2017 deposition of Sarah Carolina Azuela. The deposition excerpts contain identifying information of third parties and as such Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibit 23 attached hereto as **Exhibit B**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted Exhibit 23 remain under Level 1 restricted access.

### e. Exhibit 26

Exhibit 26 [ECF No. 641-29] is a selection of excerpts from the May 4, 2017 and deposition of William O. Kerr. The deposition excerpts discuss sensitive and confidential business information of Cultural Care. Because of the competitively sensitive information and confidential business information in Exhibit 26, Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibit 26 attached hereto as **Exhibit C**. This redacted version may be filed in the public

record, but Cultural Care requests that the original, unredacted Exhibit 26 remain under Level 1 restricted access.

### f.     Exhibit 28

Exhibit Y [ECF No. 641-31] is a selection of charts and other data prepared by Plaintiffs' retained expert firm, Berkeley Research Group.  Because of the competitively sensitive and confidential business information in Exhibit 28, which was derived in part from sensitive and confidential information provided by Cultural Care in discovery, Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibit 28 attached hereto as **Exhibit D**.  This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted Exhibit 28 remain under Level 1 restricted access.

### g.     Exhibit 29

Exhibit 29 [ECF No. 641-32] is the January 13, 2017 Expert Report of Lauren J. Stiroh, Ph.D.  Because of the competitively sensitive and confidential business information in Exhibit 29, Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibit 29 attached hereto as **Exhibit E**.  This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted Exhibit 29 remain under Level 1 restricted access.

### h.     Exhibit 31

Exhibit 31 [ECF No. 641-34] is the March 10, 2017 Declaration of Natalie Jordan, which contains sensitive and competitive business information. This document was previously filed as Exhibit R to Defendants' Response to Plaintiffs' Motion for Rule 23 Class Certification and Appointment of Counsel (ECF No. 603). Defendants moved to restrict this document on July 31, 2017 (ECF No. 633) and the Court granted that

5

motion on August 15, 2017 (ECF No. 656) ordering that ECF No. 603 remain under Level 1 restriction. For the same reasons, Cultural Care requests that this copy of the Declaration of Natalie Jordan also remain restricted under Level 1. A redacted copy of the document is on the public docket at ECF No. 633-4.

WHEREFORE, for the foregoing reasons, Cultural Care respectfully requests that this Court issue an Order (i) restricting public access, under Level 1, to Plaintiffs' Reply and Exhibits 7, 8, 23, 26, 28, 29 and 31 and (ii) substituting redacted versions of Plaintiffs' Reply and 23, 26, 28, and 29.

Respectfully submitted this 16th day of August, 2017.

       *s/ James M. Lyons*
Joan A. Lukey
(joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com)
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

*Attorneys for Defendant Cultural Care, Inc.
d/b/a Cultural Care Au Pair*

6

8261274v1

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2017, I caused to be electronically filed the foregoing **DEFENDANT CULTURAL CARE, INC.'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' REPLY IN SUPPORT OF RULE 23 CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL AND EXHIBITS THERETO [ECF NO. 641, 642]** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

*s/ James M. Lyons*
James M. Lyons

7

8261274v1