THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

 Plaintiffs,
v.

INTEREXCHANGE, INC., *ET AL.*

 Defendants.

---

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO AMEND THE FLSA NOTICE DOCUMENTS**[1]

---

**PRELIMINARY STATEMENT**

 Plaintiffs' Motion to Amend seeks to correct the date in the Notice to conform it to the date in the Certification Order, and to mark the transmittal and reminder emails as Court-approved to combat class members' concerns that the emails are spam. Defendants refuse to agree to the correction of the date in the Notice arguing that a separate notice should be written and sent to *au pairs* sponsored between 2009 and 2013. Such a position is not supported by the record or the plain language of the Certification Order, and the Court should therefore grant Plaintiffs' Motion.

---

[1] Concurrent with their Motion to Amend the FLSA Notice Documents ("Motion to Amend" or "Mot."), Plaintiffs also filed a Motion for Forthwith Treatment (D.E. 618). Defendants do not oppose the latter motion, as their opposition papers nowhere address it. Accordingly, Plaintiffs here address only the Motion to Amend.

1

# ARGUMENT

I. **The Class Period in the Notice Should Conform to the Certification Order.**

Plaintiffs seek Court authorization to conform the Notice to the Certification Order, which states that "Plaintiffs are authorized to send notice and consent forms, in accordance with this Order, to each member of the classes employed on or after July 24, 2009." Certification Order 14-15; Mot. 4-6.

In their Opposition, Defendants argue that (1) despite the clear language of the Certification Order, *au pairs* from July 24, 2009, through July 24, 2013, should not receive notice at this time (Opp'n 12); or (2) the notice that goes to such *au pairs* should reflect that "Defendants reserve all rights with regards to their position that the statute of limitations bars notice to the au pairs who served in this earlier period"[2] (Opp'n 13-14 and 15 n.8). These arguments are wrong. Indeed, the Court has already rejected them. Defendants' untenable position only reflects their refusal to allow this litigation to proceed even in the face of Court orders.

    A. **The Court Has Already Determined that Notice Should Be Sent to 2009 – 2013 *Au Pairs*.**

Defendants seek to use a clerical error that the parties initially overlooked as an opportunity to re-litigate a fight Defendants have already lost. The proposed notice submitted to the Court during the class certification briefing contained an error: it stated

---

[2] Defendants refer the reader to footnote 8 for the "additional language" they seek to include in the notice (Opp'n 14), but footnote 8 reserves Defendants' rights with regards to their position that *au pairs* should receive notice at all. Plaintiffs presume Defendants meant that the notice would reflect a reservation of rights on the substantive defense because it is incoherent to suggest that the notice approved by the Court and actually sent to *au pairs* would reflect Defendants' position that the notice should not be sent.

2

that eligible *au pairs* worked on or after July 25, 2013.[3]  The parties' briefing and the Court's Certification Order focused on whether July 24, 2009, or July 25, 2013, was the appropriate date, depending on a potential statute of limitations defense.  The Court sided with Plaintiffs, and "authorized [Plaintiffs] to send notice and consent forms . . . to each member of the classes employed on or after July 24, 2009."  Certification Order 14-15.

Defendants nonetheless argue that 2009-2013 *au pairs* should not be notified of the FLSA action "until the Court rules substantively on the issue of equitable tolling."  Opp'n 12.  But this argument is not new.  The parties have already briefed this exact issue extensively:

- InterExchange initially raised the issue, arguing that named plaintiff Beltran could not be a member of a class because she stopped working outside the limitations period in November 2012.  *See* D.E. 355 at 4.

- In reply, Plaintiffs argued that even assuming July 25, 2013, was the correct limitations date, it should be equitably tolled back to July 24, 2009.  *See* D.E. 383 at 30-33.

- The parties thereafter filed sur-replies that address this precise issue – whether the class period should start in 2009 or 2013.  Defendants argued that no basis for equitable tolling back to 2009 had been shown.  *See* D.E. 404-1 at 6-9.

- Plaintiffs responded that the merits of tolling were premature, and that courts typically certify conditional FLSA classes even where affirmative defenses have not yet been litigated.  *See* D.E. 414 at 6-8 (citing statute of limitation cases).

- Defendants replied again that equitable tolling should not apply, and that the Court should decide the issue now, prior to conditionally certifying the class.  *See* D.E. 418 at 3 ("Plaintiffs . . . are wrong in contending that the Court cannot consider . . . such tolling at this time.  To the contrary, Plaintiffs bear the burden – even at the conditional certification phase – of showing that equitable tolling is appropriate.").

---

[3] *See* D.E. 414 at 2-4 for background on the date issue in the certification briefing.

The Court, therefore, was fully aware of these issues when it held:

> There is a dispute as to whether the statute of limitations, *see* 29 U.S.C. 255, has been tolled. (Doc. # 383 at 30) (alleging Defendants "actively concealed the rights of the putative class members" such that the statute of limitations should be tolled). At this stage, the Court reserves ruling on the issue, because there is no prejudice to Defendants in notifying putative plaintiffs that may have a claim, and no significant additional burden associated with the accompanying discovery.

Certification Order 15 n.4. The Court agreed with Plaintiffs that it should defer ruling on tolling, and ordered that notice be sent "to each member of the classes employed on or after July 24, 2009." *Id*. at 15.

Defendants seek to incorporate into their Opposition, *see* Opp'n 12, Point III of their Reply in Support of Motion for Order to Show Cause (D.E. 596) ("OSC Reply"), which seeks a "stay" of notice "until such time as a ruling on equitable tolling is made." Again, however, that is the same issue the Court already decided in the Certification Order, and Defendants' arguments should be rejected for that reason alone. In addition, Defendants make no effort to meet (or even state) the requirements for a stay. Similarly, Defendants have not sought clarification or reconsideration under Fed. R. Civ. P. 59 or 60, or otherwise properly requested that the Court review its decision to defer ruling on equitable tolling. Nor could they. Defendants raise no new law, arguments, or evidence. Defendants simply restate the precise argument they have already made.

In sum, the Court has already ruled against Defendants on the issue of whether notice should be sent to 2009-2013 *au pairs*, and Defendants provide no reasons whatsoever for the Court to revisit its decision.

4

### B. The Statute of Limitations Defense Is No Different Than Any Other Defense Defendants Seek to Maintain.

Lacking any basis to prevent notice to 2009-2013 *au pairs*, Defendant next retreat to the position that the notice should somehow make clear that the 2009-2013 *au pairs*' "claims are contingent on this Court's ruling on equitable tolling." Opp'n at 13. Indeed, Defendants assert without explanation that it would actually be "misleading" not to tell the 2009-2013 *au pairs* that their claims are "contingent" on tolling. *Id.* Defendants' real goal is to reduce the number of opt-ins by adding discouraging language not required by the Court's Order, and their argument fails for several reasons.

*First*, there is no legal support for the notion that FLSA class members should receive different notices based on what affirmative defenses might apply to them. To be sure, the purpose and effect of such a warning would only be to dissuade potential opt-ins from joining. And tellingly, Defendants cite no cases where courts required such a warning. As stated in Plaintiffs' Motion (at 6), and not addressed by Defendants, there are often un-litigated defenses at the time that conditional certification is granted, and Defendants provide no reason why their affirmative defense based on the statute of limitations is substantively different from any other. *See*, *e.g.*, *Abrams v. City of Albuquerque*, No. 10-0872 MV-RHS, 2014 WL 11497810 at * 5 (D.N.M. June 26, 2014) (collecting cases, and stating that "[t]hese courts cast a wide net to avoid excluding putative class members whose claims seemingly fall outside of the statute of limitations but who might have viable claims under the doctrine of equitable tolling).

*Second*, Defendants have already presented to the Court this same reasoning—that some FLSA *au pairs* should be treated differently than the rest for class notice

5

purposes because of affirmative defenses.  The Court rejected it.  As noted above, the Court denied Defendants' request to keep 2009-2013 *au pairs* out of the class because of a potential statute of limitations defense.  In addition, in its FLSA certification opposition, defendant AuPairCare argued that its *au pairs* could not be included in a conditionally certified class because they may be subject to mandatory out-of-court arbitration.  *See* D.E. 360 at 7-8.  AuPairCare subsequently moved to compel arbitration.  D.E. 431.  Although that motion remained pending, the Court nevertheless issued the Certification Order, in which it approved of notice to all FLSA-Defendant *au pairs*, with no carve-out for AuPairCare.  In short, the Court has already refused to treat subsets of *au pairs* differently based on the affirmative defenses that may apply to them, and Defendants provide no reason to revisit that ruling.

*Third*, Defendants' proposal is unworkable.  As noted above, *see* fn. 2, Defendants appear to propose that the Notice reflect some form of reservation of rights with respect to the statute of limitations issue.  Even putting aside the problems with Defendants' proposed language being confusing and designed to deter participation, *inclusio unius est exclusio alterius*—the inclusion of one is the exclusion of others.  In other words, if the notice singles out one specific affirmative defense, it suggests that Defendants cannot raise other defenses.  Thus, the notice would become misleading if Defendants were granted the relief they seek.

\* \* \*

For all of the reasons given above, therefore, Plaintiffs' request to conform the notice to the Certification Order should be granted.

## II.     The Proposed Changes to the Transmittal and Reminder Emails Are Appropriate.

Plaintiffs propose two substantive changes to the transmittal email that is to be sent to potential class members (both the initial and 60-day reminder versions): (i) insert a header that states that the communication is Court-approved; and (ii) insert a clause stating that recovery is not sought against host families.  These requests are not only based on case law supporting such additions (Mot. at 7-8), but also on Plaintiffs' initial experience notifying potential class members.  In initial responses, potential class members expressed confusion over the authenticity of the email and wanted to know whether host families were being sued.  Defendants do not oppose the first request, but argue that the second is misleading.

The proposed sentence, "The lawsuit described below, and in the Notice of Your Rights, does not seek any relief from your host family," is entirely accurate.  Defendants seek to use its accuracy as a criticism—calling it "carefully worded" (Opp'n 10), an attribute that is normally a positive in such communications.  To nonetheless object, Defendants try to suggest "that the putative class could seek such relief [from host families] in the future."  Opp'n 10.  As an initial matter, Defendants do not explain how a class of *au pairs* could seek relief from host families, each of whom would presumably be responsible only to the *au pairs* they hosted.  More fundamentally, however, Plaintiffs cannot unilaterally change the class the Court has conditionally certified to include entirely new defendants.  Class definitions require Court approval.  And, where the new class definition would add entirely new claims (indeed, un-pled claims) against entirely new defendants, a new notice would be required.  All of which simply underlines the point that the notice is meant to reflect the class that has actually been conditionally

7

certified, and the Court has not certified any class, conditionally or otherwise, against any host families.

Because the first request is unopposed and Defendants' arguments regarding the second request ignore the class at issue, Plaintiffs' motion should be granted. Nothing about Defendants' other arguments regarding the transmittal emails changes that conclusion.

Defendants concede that a "simple, neutral email" is appropriate. Opp'n 11. While Defendants generally complain about the language of Plaintiffs' proposed email, their only specific suggestions for changing that language is to alter the phrase "additional compensation" and to remove the name of the email sender. As to the former, Defendants argue that this phrase suggests that Plaintiffs already received compensation from Defendants or that the joint employer issue has been resolved. Opp'n 10-11. That reading is tortured—the word "additional" merely reflects that *au pairs* were paid for their work (albeit illegally low wages), and the word "compensation" is no different that the word "money" that is used in the Notice. Even if the Court is inclined to edit Plaintiffs' proposed language, however, Defendants' objection is easily dealt with. As to the latter, Defendants have never explained how signing an email with the name of the person sending it is "likely to add confusion" (Opp'n 6), especially when the email clearly states it was sent on behalf of Boies Schiller Flexner.

Defendants also object that the email does not contain "the potential obligations associated with joining the lawsuit." Opp'n 5. But the email is not the Notice. The email links to the Notice which contains all of the language to which the Defendants are entitled. Defendants have also not proposed any specific language about the potential

8

obligations associated with joining the lawsuit that would be appropriate for a cover email, so it is impossible to evaluate their position.

Finally, Defendants take issue with the links contained in the email. Opp'n 6-7. Defendants, however, ignore the critical fact, pointed out in Plaintiffs' Motion, that three of the four links in the transmittal email go directly to the class website, and the fourth link goes directly to a pdf containing the full Notice and Consent to Join Form. Mot. at 3. The class website itself contains several links to the full Notice. Contrary to Defendants invented concern that class members will join "without ever seeing the notice," Plaintiffs have designed a process that repeatedly provides the Notice. Moreover, as noted in the Motion, class members affirm that they agree with representations from the Notice when they sign the form.[4]

In sum, and as discussed more fully in Plaintiffs' Opposition to Defendants Show Cause Motion (D.E. 617): (i) courts routinely approve truncated cover emails or even text messages that do not include the full notice (*id*. at 8-9, citing cases); (ii) courts routinely delegate the form and substance of the transmittal email to plaintiffs, as the Court did here (*id.* at 11, citing cases); and (iii) the form and content must match the medium (*i.e.*, an email that excerpts the class notice, that provides multiple links to that notice, and that recipients can quickly authenticate) (*id.* at 8). Defendants' proposals are none of those things. They want the entire long form Notice pasted into an email (with no explanation), or they want a completely blank email that only contains a link or a pdf attachment of the notice. This is no surprise, because Defendants know full well

---

[4] In their OSC Reply, Defendants seem to suggest that submitting opt-in forms via the class website somehow implies that the class members did not see the notice. *See* OSC Reply at 8 n.8. That is incorrect. Nothing about that method of opting-in suggests that the class member did not see or have the opportunity to see the notice.

that most recipients of such a suspicious email ("Click on me to read about a lawsuit") will assume it is a scam or spam.

### III. Defendants' Off-Point Arguments Are Also Wrong.

Defendants raise two arguments that are at most tangentially relevant to Plaintiffs' Motion. *First*, Defendants argue that Plaintiffs have somehow provided themselves with an extension of the opt-in period. Not so. After a week of threatening a restraining order, and repeated refusals to seek a compromise, Defendants initiated a motion challenging the transmittal email. Plaintiffs stopped sending that email in order to litigate said motion, and to seek the forthwith treatment Defendants failed to seek. The 120-day period runs for "each" *au pair* from the day notice is sent—thus it is running for those that have received notice (and Plaintiffs have not argued otherwise) and not for those who have not been sent notice. *See* Certification Order 15 ("120 day opt-in period will begin on the date that notice is mailed for **each** potential opt-in class member to opt into the case.") (emphasis added).

*Second*, Defendants argue that they are entitled to communications between opt-ins and Plaintiffs' counsel. Defendants have already received all the information that they have requested of Plaintiffs. If they need anything additional, they should request the information from Plaintiffs in the first instance. Only after Plaintiffs refuse to provide the information they seek and completing any meet-and-confer process should the issue be brought to the Court (indeed, such a meet and confer process is ongoing).

### Conclusion

For the reasons stated in Plaintiffs' Motion and herein, the Court should grant Plaintiffs' Motion to Amend the FLSA Notice Documents.

Dated: New York, New York
August 21, 2017

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

/s/ Dawn L. Smalls
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
575 Lexington Avenue
New York, New York  10022
Tel:  (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 21, 2017, I electronically served the foregoing motion on all counsel of record.

/s/ Dawn L. Smalls
Dawn L. Smalls
