IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*,

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*,

    Defendants.

---

**DEFENDANT CULTURAL CARE, INC.'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO THE DECLARATION OF SEAN P. RODRIGUEZ IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' *DAUBERT* MOTION AS TO CLASS CERTIFICATION OPINIONS AND CERTAIN EXHIBITS THERETO [ECF NO. 649]**

---

Pursuant to D.C.COLO.LCivR 7.2, Defendant Cultural Care, Inc. ("Cultural Care"), hereby moves the Court for an Order restricting public access, under Level 1, for certain information contained in (i) the Declaration of Sean P. Rodriguez in Support of Plaintiffs' Opposition to Defendants' *Daubert* Motion as to Class Certification Opinions (the "Rodriguez Declaration") [ECF No. 649], and (ii) certain exhibits accompanying the Rodriguez Declaration. In support thereof, Cultural Care states as follows:

1. As required by D.C.COLO.LCivR 7.1(a), counsel for Cultural Care conferred with Plaintiffs' counsel in good faith regarding this motion and is authorized to state that Plaintiffs do not oppose the relief requested herein.

2. All parties to this action have stipulated to a Protective Order ("Stipulated Protective Order") that is consistent with the requirements set forth in *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, App. A (D. Colo. 2000).

3. The Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure of discovery duties created by the Federal Rules of Civil Procedure." Stipulated Protective Order ¶ 1 [ECF No. 305].

4. Pursuant to the Stipulated Protective Order, all parties have agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Level 1 or Level 2 restricted access. *Id.* ¶ 8.

5. On August 7, 2017, Plaintiffs filed the Rodriguez Declaration and exhibits thereto.[1] The Rodriguez Declaration and certain exhibits contain Cultural Care's confidential, proprietary information. As detailed below, publicizing this confidential, proprietary information would cause Cultural Care—and potentially third parties— serious injury.

6. In accordance with D.C.COLO.LCivR 7.2(c)(1) and (2), Cultural Care identifies the documents for which restriction is sought and the interests to be protected as follows[2]:

    **a. Exhibit 1**

Exhibit 1 is the January 13, 2017 Expert Report of William O. Kerr, Ph.D and supporting exhibits (all filed at ECF No. 649-1). Exhibit 1 contains sensitive and proprietary business information concerning Cultural Care as well as the personal identifying information of third parties. Exhibit 1 was originally filed at ECF No. 560-65.

---

[1] All exhibit references in this motion refer to exhibits to the Rodriguez Declaration (ECF No. 649).
[2] Cultural Care addresses its own confidential information in this motion. Several of the exhibits contain information concerning other defendants. Where possible, Cultural Care is attaching a redacted version of the document.

A motion to restrict access with respect to this document was filed at ECF Nos. 573, 573-2.  The Court granted that motion at ECF No. 583.  In accordance with the Court's earlier order, Cultural Care requests that the original, unredacted Exhibit 1 remain under Level 1 restricted access.

        **b.**     **Exhibit 4**

Exhibit 4 [ECF No. 649-4, 649-5] is the complete transcript of the May 4, 2017 deposition of William O. Kerr.  Because the transcript contains competitively sensitive information and confidential business information, Cultural Care requests that this information be restricted in its entirety and remain under Level 1 restricted access.

        **c.**     **Exhibit 7**

Exhibit 7 [ECF No. 649-8] is a selection of charts and other data prepared by Plaintiffs' retained expert firm, Berkeley Research Group.  Exhibit 7 contains sensitive and proprietary business information concerning Cultural Care and has been designated "HIGHLY CONFIDENTIAL" – attorneys' eyes only.  Exhibit 7 was originally filed at ECF No. 641-31.  A motion to restrict access with respect to this document was filed at ECF Nos. 657, 657-4.  For the reasons given in that motion, Cultural Care requests that the original, unredacted Exhibit 7 remain under Level 1 restricted access.

        **d.**     **Exhibit 14**

Exhibit 14 [ECF No. 649-15] is the January 13, 2017 Expert Report of Lauren J. Stiroh, Ph.D.  Exhibit 14 contains sensitive and proprietary business information concerning Cultural Care and has been designated "HIGHLY CONFIDENTIAL" – attorneys' eyes only.  Exhibit 14 was originally filed at ECF No. 603-45.  A motion to restrict access with respect to this document was filed at ECF Nos. 633, 633-7.  The Court granted that motion at ECF No. 656.  In accordance with the Court's earlier order,

Cultural Care requests that the original, unredacted Exhibit 14 remain under Level 1 restricted access.

### e. Exhibit 21

Exhibit 21 [ECF No. 649-23] is a Cultural Care "au pair monthly contact report" which has been designated "HIGHLY CONFIDENTIAL" – attorneys' eyes only. Because the monthly contact report contains the personal information of non-parties, Cultural Care requests that this information be restricted as reflected in the redacted version of Exhibit 21 attached hereto as **Exhibit A**. This redacted version may be filed in the public record, but Cultural Care requests that the original, unredacted Exhibit 21 remain under Level 1 restricted access.

### f. Exhibit 22

Exhibit 22 [ECF No. 649-24] is an internal business plan document prepared by Cultural Care and has been designated "HIGHLY CONFIDENTIAL" – attorneys' eyes only. Because of the competitively sensitive and confidential business information in Exhibit 22, Cultural Care requests that the original, unredacted Exhibit 22 remain under Level 1 restricted access.

### g. Exhibit 27

Exhibit 27 [ECF No. 649-29] is Plaintiffs' Motion to Compel Answer to Plaintiffs' Interrogatory No. 1 and Request for Production No. 1 Pursuant to Rule 37(a). Exhibit 27 contains competitively sensitive and confidential business information of Cultural Care. Exhibit 27 was originally filed at ECF No. 465. A motion to restrict access with respect to this document was filed at ECF No. 464. The Court granted that motion at ECF No. 480. In accordance with the Court's earlier order, Cultural Care requests that the original, unredacted Exhibit 27 remain under Level 1 restricted access.

### h.  Exhibit 30

Exhibit 30 [ECF No. 649-32] is Plaintiffs' Motion for Rule 23 Class Certification and Appointment of Class Counsel [Corrected].  This document contains competitively sensitive and confidential business information of Cultural Care.  Exhibit 30 was originally filed at ECF No. 565-2.  Motions to restrict access with respect to this document were filed at ECF Nos. 579, 579-2 and exhibits in support thereof at ECF Nos. 572 through 582.  The Court granted these motions at ECF Nos. 583 and 584.  In accordance with the Court's earlier order, Cultural Care requests that the original, unredacted Exhibit 30 remain under Level 1 restricted access.

### i.  Exhibit 31

Exhibit 31 [ECF No. 649-33] is Defendants' Response in Opposition to Plaintiffs' Motion for Rule 23 Class Certification and Appointment of Class Counsel.  This document contains competitively sensitive and confidential business information of Cultural Care.  Exhibit 31 was originally filed at ECF No. 603.  Motions to restrict access with respect to this document were filed at ECF Nos. 633, 633-1, 634, 635, 635-1, 636, 636-1.  The Court granted these motions at ECF No. 656.  In accordance with the Court's earlier order, Cultural Care requests that the original, unredacted Exhibit 31 remain under Level 1 restricted access.

### j.  Exhibit 32

Exhibit 32 [ECF No. 649-34] is Plaintiffs' Reply in Support of Rule 23 Class Certification and Appointment of Class Counsel.  This document contains competitively sensitive and confidential business information of Cultural Care.  Exhibit 32 was originally filed at ECF No. 642.  Motions to restrict access with respect to this document were filed at ECF Nos. 657, 657-1, 658, 658-1, 659.  For the reasons explained in those

motions, Cultural Care requests that the original, unredacted Exhibit 32 remain under Level 1 restricted access.

WHEREFORE, for the foregoing reasons, Cultural Care respectfully requests that this Court issue an Order (i) restricting public access, under Level 1, to Exhibits 1, 4, 7, 14, 21, 22, 27, 30, 31, and 32 and (ii) substituting a redacted version of Exhibit 21.

Respectfully submitted this 21st day of August, 2017

*s/ Diane R. Hazel*
Joan A. Lukey
(joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com)
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

*Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2017, I caused to be electronically filed the foregoing **DEFENDANT CULTURAL CARE, INC.'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1_ TO THE DECLARATION OF SEAN P. RODRIGUEZ IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS'** *DAUBERT* **MOTION AS TO CLASS CERTIFICATION OPINIONS AND CERTAIN EXHIBITS THERETO** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

                                           *s/ Diane R. Hazel*
                                           Diane R. Hazel