THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO AMEND THE SCHEDULING ORDER**

---

In reply in further support of the their Motion to Amend the Scheduling Order, ECF No. 620-1, as supplemented by ECF No. 626, Plaintiffs state as follows:

1. Plaintiffs filed this motion on July 20, 2017, after Defendants refused to agree to a proposed amended schedule and it became apparent that Plaintiffs' experts would have neither the information they required nor sufficient time to analyze it in advance of the July 31, 2017 expert disclosure deadline. *Id.* ¶ 8. Plaintiffs also concurrently sought forthwith treatment of the motion in an effort to have the motion decided before the deadline. ECF No. 620. As Plaintiffs explained, through no fault of their own, there was substantial discovery outstanding, including important financial information subject to a

1

then-pending motion to compel (ECF No. 507), bearing on Plaintiffs' merits expert's analysis. ECF No. 620-1 ¶¶ 1-7.[1]

2. On July 21, 2017, the Court set a hearing for the Plaintiffs' motion to amend the schedule for September 21, 2017. ECF No. 622. This hearing date was later amended to August 31, 2017, ECF No. 654, and then August 25, 2017, ECF No. 662. Plaintiffs believe that if the Court had intended to deny Plaintiffs' motion, it would have done so by order rather than by setting a hearing date after the expert disclosure deadline and then re-setting it after the deadline had passed. *See* ECF No. 626 ¶ 8. As Plaintiffs noted in the supplement to this motion, "there would be no reason to schedule a hearing on a motion to extend the July 31 deadline for the production of merits expert reports if the reports remain due on that date. Indeed, the production of the reports on July 31 [would have mooted] the motion that is the subject of a Court-ordered hearing." *Id.*

3. On July 24, 2017, Judge Tafoya granted Plaintiffs' motion to compel as to all but one Defendant, and ordered those Defendants to produce the relevant documents by July 31, 2017. The Defendants subject to the order produced financial documents between July 26, 2017 and July 31, 2017. Those document productions did not provide detailed financial information Plaintiffs need to analyze the relevant Defendants' profits,

---

[1] Although the motion listed several categories of discovery that was both outstanding as of July 20, 2017, and relevant to Plaintiffs' experts' analysis, *see* ECF No. 620-1 ¶¶ 1, 4-7, Defendants' opposition focuses on the financial information that was the subject of the above-mentioned motion to compel, ECF No. 507. Plaintiffs maintain that these other categories of discovery also support a finding of good cause, but do not repeat those arguments here.

including sources of income and itemized expenses.  Plaintiffs will likely have to depose witnesses of the relevant Defendants to obtain this information.[2]

4.    On July 31, 2017, Defendants served their expert disclosure on Plaintiffs.  As Defendants noted in their opposition, Opp. 4 n.2, Plaintiffs represented that neither they nor their agents would open or read Defendants' reports.  Plaintiffs have abided by this representation.  Accordingly, Defendants will not suffer any prejudice if the Court amends the schedule for the exchange of expert reports.

5.    As Plaintiffs explained in their motion to compel and their reply in support of that motion, Defendants' financial statements are relevant to the merits of Plaintiffs antitrust claims and to damages.  Given that the last production of financial statements took place on the same day as the expert disclosure deadline, it would have been impossible for Plaintiffs to meet the deadline despite their "diligent efforts" — even if the productions had contained all of the necessary financial information, which, as noted above, they did not.  *See Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014).  Indeed, Plaintiffs could not produce expert disclosures incorporating evidence that Judge Tafoya reasoned Plaintiffs "should be allowed [to use] . . . to prove collusion alleged among the Sponsor defendants on the

---

[2] In their motion, Plaintiffs sought to extend the deadline for the exchange of merits expert reports until October 2, 2017, or four weeks from when the Court ordered that documents be produced if it granted Plaintiffs' then-pending motion to compel, ECF No. 507, whichever was earlier.  ECF No. 620-1 ¶1.  Given that Plaintiffs will have to conduct still more discovery to obtain the detailed financial information necessary to analyze Defendants' profits, Plaintiffs respectfully request that the deadline for the exchange of expert reports be extended until October 2, 2017.  The amended dates for the revised schedule are the same as those proposed in Plaintiffs' opening brief (at ¶ 11).

antitrust claim," *see* ECF 624 at 10-11 n.5 — on the same day that information was produced.

6.      Defendants' principal arguments to the contrary – that the inability to meet the expert disclosure deadline was a problem of Plaintiffs' "own making" and that the outstanding discovery was "untethered to any work their expert may be doing" (Opp. 1) – holds no water after the Court's recent order on the motion to compel.  *Id.*  Plaintiffs' inability to comply with the July 31, 2017 expert disclosure deadline is a direct result of certain Defendants' refusal to produce financial documents that were requested on **March 3, 2016**, and that they did not produce until July 31, 2017, only after being compelled to do so by the Court.  Judge Tafoya observed: "Given that the District Court here has already commented on the fact that evidence of profit motive may be circumstantial evidence of Defendants' antitrust collusion, there can be no credible dispute that financial statements, which show profit and losses, are relevant to Plaintiffs' antitrust claim."  ECF No. 624 at 11.  As Plaintiffs argued, the "financial documents will be essential to proving the economic motive behind Defendant Sponsors' alleged collusion to keep *au pair* wages low and therefore increase the volume of individual fees paid by the host families for Sponsor services."  *Id*. at 14.

7.      Defendants' arguments relating to Plaintiffs' recently served interrogatories and requests for production, Opp. 4, are a red herring and irrelevant.  The fact discovery cutoff is still months away, and Plaintiffs are free to propound appropriate discovery until that point irrespective of the Court's decision on the instant motion and regardless of whether the fruits of that discovery are to be used in its experts' reports.  That Plaintiffs have sought additional discovery since filing this motion does not change the fact that

certain Defendants produced financial information necessary for Plaintiffs' experts' analysis on the expert disclosure deadline and only under compulsion.

8.   Finally, the cases Defendants cite in their opposition are easily distinguishable or unavailing.  In *Dedmond v. Cont'l Airlines, Inc.*, No. 13-cv-0005-WJM-NYM, 2015 WL 4639737 (D. Colo. Aug. 5, 2015) (cited in Opp. 5), plaintiff ignored the scheduling order in submitting initial disclosures after the deadline and "did not even attempt to amend the Scheduling Order to account for her late disclosure."  *Id.* at *4. Moreover, unlike here, the *Dedmond* court had already entered a Final Pretrial Order before plaintiff submitted her initial disclosures.  *Id.*  In *Home Design Servs. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *8 (D. Colo. Apr. 9, 2010) (cited in Opp. 5), the court found plaintiff's predicament to be "the result of counsel's own tactical decisions and failure to pursue discovery in a timely manner" where plaintiff had scheduled depositions just days before the discovery cut-off.  In *Granite Southlands Town Ctr. LLC v. Alberta Town Ctr., LLC*, No. 09-CV-00799-ZLW-KLM, 2010 WL 2635524 (D. Colo. June 8, 2010), *report and recommendation adopted*, No. 09-CV-00799-ZLW-KLM, 2010 WL 2635527 (D. Colo. June 28, 2010) (cited in Opp. 7), plaintiff sought to amend the complaint after the deadline to amend had passed, arguing it had good cause to do so because it had newly discovered evidence.  *Id*. at *1-2.  The court denied the motion because it found that plaintiff actually had that evidence in its possession "throughout the litigation of this case."  *Id.* at *2.  Finally, in *Strope v. Collins*, 315 Fed. Appx. 57 (10th Cir. 2009) (citied in Opp. 10), the plaintiff moved to amend the complaint after the deadline to amend had passed and, unlike here, "did not provide a reason for his tardy application."  *Id.* at 60.

9.     Here, by contrast, Plaintiffs requested financial information necessary for its experts' report in March 2016, filed a motion to compel in March 2017 due to certain Defendants' unwillingness to produce the requested financial information the Court ultimately ordered produced, and timely moved to amend the Scheduling Order (setting forth several reasons for finding good cause) when it became apparent that the financial information would not be produced with sufficient time for Plaintiffs' experts to analyze it and incorporate it into their report in time for the July 31, 2017 disclosure deadline.

10.    As the court noted in *Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886 (D. Colo. Apr. 23, 2013) (cited in Opp. 5), "Furthermore, and perhaps most importantly, justice favors allowing a claim to be tried on its merits." *Id.* at *2 (granting extension). Here, Plaintiffs have shown good cause and justice favors an extension of the affirmative expert and rebuttal expert disclosures so that Plaintiffs' case can be tried on its merits. The proposed amended schedule is as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Affirmative Expert Disclosures | July 31, 2017 | October 2, 2017 |
| Rebuttal Expert Disclosures | August 30, 2017 | October 30, 2017 |
| Fact Discovery Ends | October 6, 2017 | November 3, 2017 |
| Rule 56 Motions | October 30, 2017 | November 30, 2017 |
| Expert Discovery Ends | October 30, 2017 | November 30, 2017 |
| Opposition to Rule 56 Motion(s) | November 20, 2017 | December 21, 2017 |
| Reply in Support of Rule 56 Motion | December 4, 2017 | January 5, 2018 |

Dated: New York, New York
August 22, 2017

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

/s/ Peter M. Skinner
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
575 Lexington Avenue
New York, New York  10022
Tel:  (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, California 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 22, 2017, I electronically served the foregoing motion on all counsel of record.

<u>/s/ Peter M. Skinner</u>
Peter M. Skinner
