THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

 Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

 Defendants.

---

**PLAINTIFFS' MOTION TO RESTRICT PUBLIC ACCESS (LEVEL TWO) TO THE DECLARATION OF DAWN L. SMALLS REGARDING FLSA VENDOR CORRESPONDENCE AND ALL EXHIBITS THERETO [D.E. 682]**

---

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C. COLO.LCivR. 7.1(A)**

 Pursuant to D.C.Colo.L.Civ. R. 7.1(a), Plaintiffs attempted to confer with counsel for all Defendants via email in the afternoon (MDT) of August 24, 2017, regarding Defendants' position on Plaintiffs' Motion to Restrict. Defendants Agent Au Pair, Au Pair International, and Go Au Pair oppose. The remainder of Defendants did not have time to convey their position to Plaintiffs, but based on earlier correspondence between the parties Plaintiffs anticipate that the Defendants that did not respond will not consent to the relief requested.

**MOTION TO RESTRICT**

 Plaintiffs, by and through their counsel, and pursuant to D.C.Colo.L.Civ.R. 7.2, hereby respectfully submit this Motion to Restrict Public Access (Level Two) to the

1

Declaration of Dawn L. Smalls Regarding FLSA Vendor Correspondence ("Smalls Declaration") and All Exhibits Thereto, and state as follows:

1.      On August 21, 2017, the Court issued a Minute Order requiring Plaintiffs' counsel to file with the Court "all correspondence with the email vendor related to the erroneous transmission by close of business" on August 23, 2017.  D.E. 665.  The "erroneous transmission" is the subject of motions pending before the Court (D.E. 596, 618), and a forthcoming hearing on August 25, 2017 (D.E. 662).

2.      In accordance with the Minute Order, on August 23, 2017, Plaintiffs' counsel filed with the Court the Smalls Declaration, which described and appended the correspondence requested by the Court.  D.E. 682.

3.      Plaintiffs have designated these filings as "Restricted Level Two" because—as the Court can see—the emails are privileged and wholly work product, largely work product, or are otherwise protected by the Federal Rules' provisions concerning consulting experts (hereafter "privileged").

4.      On the same date, Plaintiffs provided to Defendants' counsel a redacted form of the Smalls Declaration, attached hereto as Exhibit A.

5.      The Smalls Declaration attached twenty-nine (29) exhibits, all of which are comprised of communications between Plaintiffs' counsel and their consultants or agents, as well as documents attached to those communications.  All of the exhibits were created solely in anticipation for, and in connection with, this ongoing litigation. Each exhibit contains communications between one or several vendors hired to assist Plaintiffs' counsel's prosecution of this case.

6.      Almost every exhibit reveals Plaintiffs' counsel's mental impressions, litigation strategy, and their vendors' impressions and strategies.

- Exhibit 1: describes discussion between vendor and attorney regarding a Court order.

- Exhibit 2: discussion between vendor and attorney; also contains password information.

- Exhibit 4: contains discussion between vendor and attorney and data analyses the vendor prepared for attorney.

- Exhibit 5: contains discussion between vendor and attorney about strategy, and data analyses the vendor prepared for attorney

- Exhibit 6: discussion of vendor's review of data provided to vendor by attorney and paralegal.

- Exhibit 7: contains discussion of litigation strategy and vendor data analysis.

- Exhibit 8: communication from attorney to vendor relaying information about the case.

- Exhibit 9: vendor analysis of data prepared for attorney's review.

- Exhibit 10: litigation strategy discussion between vendor and attorney.

- Exhibit 11: contains analyses prepared by the vendor at the attorney's direction.

- Exhibit 12: contains and discusses analyses prepared by the vendor at an attorney's direction.

- Exhibit 13: contains and discusses analyses prepared by the vendor at an attorney's direction.

- Exhibit 14: contains and discusses analyses prepared by the vendor at an attorney's direction.

- Exhibit 15: contains and discusses analyses prepared by the vendor at an attorney's direction.

- Exhibit 16: discussion of litigation strategy between attorney and vendor.

- Exhibit 17: contains and discusses analyses prepared by the vendor at an attorney's direction.

- Exhibit 18: contains and discusses analyses prepared by the vendor at an attorney's direction.

- Exhibit 19: discusses litigation strategy and contains and discusses analyses prepared by the vendor at an attorney's direction.

- Exhibit 20: discusses litigation strategy and contains and discusses analyses prepared by the vendor at an attorney's direction.

- Exhibit 21: discussion of litigation strategy and document reviewed or prepared by attorney.

- Exhibit 22: discussion of vendor analyses done at the direction of attorney.

- Exhibit 23: discussion of vendor analyses done at the direction of attorney.

- Exhibit 24: discussion of litigation strategy and document reviewed or prepared by attorney.

- Exhibit 25: discussion of vendor analyses done at the direction of attorney.

- Exhibit 26: discussion of litigation strategy and document reviewed or prepared by attorney.

- Exhibit 28: discussion of litigation strategy and document reviewed or prepared by attorney.

7. Accordingly, each of the documents attached to the Smalls Declaration is privileged. *See, e.g.,* Fed. R. Civ. P. 26(b)(4) ("a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's…consultant…or agent)."); *United States v. Nobles*, 422 U.S. 225, 238-239 (1975) ("[T]he doctrine protect[s] material prepared by agents for the attorney as well as those prepared by the attorney himself."); *see also Hickman v. Taylor*, 329 U.S. 495, 510 (1947). In addition, the portions of the Smalls Declaration that discuss the underlying exhibits are also privileged.

8.     Because the redacted portions of the Smalls Declaration and every exhibit thereto are comprised entirely of privileged information, the documents should be lodged with the Court with Level 2 restricted access, and not divulged to Defendants or the public.  *See, e.g., United States v. Dillard*, 795 F.3d 1191, 1206 (10th Cir. 2015) ("We have long recognized the significant interest parties have in maintaining privilege."); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 462 (10th Cir. 1980) ("[P]laintiffs' interest in preserving the attorney-client privilege and the work product doctrine here outweighs the more general public interest in information about disputes in the public courts.").

9.     No remedy short of sealing this material from opposing parties and the public is sufficient to protect Plaintiffs' interest in maintaining their privilege.  Revealing any of these documents to the public or opposing parties would be extremely prejudicial to Plaintiffs' ability to prosecute this case, especially because the documents reveal attorney litigation strategy and mental impressions   Level 2 restriction, which provides that only the Court and the filing party can access the material, is the only way to protect this interest.

10.    Moreover, Plaintiffs produced this information solely in response to a Court order.  Plaintiffs, therefore, cannot be deemed to have waived the privilege.  *See, e.g., Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 668 (10th Cir. 2006) (waiver of work product privilege must be voluntary); *B.H. ex rel. Holder v. Gold Fields Mining Corp.*, 239 F.R.D. 652, 660 (N.D. Okla. 2005) (disclosure in court filing does not automatically waive work product protection).

11.    However, at least one Defendant has already started the process of seeking discovery into the issue of Plaintiffs' counsels communications with its vendors

related to the non-FLSA notice issue. If there is to be a dispute that needs to come before the Court about the scope of privilege, it should first go through the process of discovery requests, objections, and meet-and-confers.[1]

12.     For the foregoing reasons, no discovery by Defendants is appropriate. Plaintiffs have not waived any privilege or protection because the subject matter of Plaintiffs' earlier filings is also the subject of motions practice now before the Court, Defendants put these issues before the Court by questioning whether Plaintiffs' vendor acted in good faith, and Plaintiffs' response does not does not waive privilege by putting the vendor's conduct 'at issue.' *See Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 199 F.R.D. 677, 682, 685 (N.D. Okla. 2001) (no affirmative "at issue" waiver where opposing party responded to movant's bad faith argument by asserting good faith).

---

[1] All parties to this action have stipulated to a protective order consistent with the requirements set forth in *Gillard v. Boulder Valley School District RE-2*, 196 F.R.D. 382, Appendix A (D. Colo. 2000). *See* D.E. 305. The Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure." Stipulated Protective Order ¶ 1. Pursuant to the Stipulated Protective Order, all parties have agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Level 1 or Level 2 restricted access. *Id.* ¶ 8. Exhibits to the Smalls Declaration contain sensitive information Defendants produced to Plaintiffs that they designed, or may be subject to confidential or highly confidential treatment under the Stipulated Protective Order. This includes data about host family and au pair contain information, as well as other sensitive business information. *See SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11- CV-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012).

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court issue an Order restricting public access, under Level 2 restricted access, to the Declaration of Dawn L. Smalls Regarding FLSA Vendor Correspondence and all exhibits thereto (D.E. 682).

Dated: New York, New York
August 24, 2017

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

/s/ Dawn L. Smalls
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
575 Lexington Avenue
New York, New York  10022
Tel:  (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, California 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org
*Attorneys for Plaintiffs*

8

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 24, 2017, I electronically served the foregoing motion on all counsel of record.

                    /s/ Dawn L. Smalls
                    Dawn L. Smalls