# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.,*

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.,*

    Defendants.

---

## AMENDED STIPULATED PROTECTIVE ORDER

---

    IT IS HEREBY STIPULATED by all parties to this action, by and through their respective attorneys of record herein, that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from certain disclosures and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and move the Court to enter the following Stipulated Protective Order. The terms of this Protective Order are consistent with the Protective Order requirements set forth in *Gillard v. Boulder Valley School District RE-2*, 196 F.R.D. 382, Appendix A (D. Colo. 2000).

    The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. Local Rule 7.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal,

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be all information, regardless of the manner in which it is generated or maintained, that is protected under Colorado or federal law as confidential business or financial information, trade secrets, or as being within the zone of privacy of an individual or entity, including, but not limited to, information that is confidential and implicates common law and statutory privacy interests of (a) current or former employees of defendants, (b) current or former au pairs and (c) current or former host families. See, e.g., section 24-72-204(3)(a)(II)(A), C.R.S. (concerning disclosure of personnel records). Confidential material shall include, but not be limited to, any copies, excerpts, summaries, or compilations from such information, as well as testimony by witnesses or statements by counsel that reveal the contents of such information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Counsel for any producing party may designate documents, deposition testimony or other information that it produces or discloses in the course of pretrial discovery in the Action as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" when such producing party in good faith believes that such documents, materials or information constitute or reveal confidential trade secrets, or other sensitive confidential business or financial information, whose disclosure beyond that permitted by this Protective Order presents a meaningful risk of competitive or business injury (other than injury to the designating party's position in this action).

5. The designation by any party of any document, material or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall constitute a representation that such document, material or information has been reviewed by an attorney for the party and that, in such counsel's opinion, there is a good faith basis for such designation.

6. CONFIDENTIAL documents , materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case, regardless of whether those counsel have appeared or are formally designated as counsel of record;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

2

(d) expert witnesses and consultants retained by a party or its counsel to serve as an expert witness or a consultant in this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses;

(h) other persons by written agreement of the parties; and

(i) the parties insurance claims adjusters or other insurance handling professionals.

7. "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents, materials, and/or information (collectively "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information") may be disclosed to only those identified in Paragraph 6(a), (b), (d), (e), (f), and (h). HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be disclosed to only those identified in Paragraph 6(g) only if the deponent, witness or potential witness was the author or specified recipient of the designated material or is a current employee or expert witness for the Designating Party, or where counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials to that person, except that such person may not retain any such materials.  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may not be disclosed to any other person by the receiving attorney, including but not limited to a client of the receiving attorney, without written permission of the producing party or pursuant to Court order.

8. Prior to disclosing any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel, stenographic reporters, and the parties' insurance claims adjusters or other insurance handling professionals), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions as set forth in Exhibit A to this Order. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel. Any party publicly filing any information marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall file it as "Level 1 Restricted" pursuant to Local Rule 7.2.

9. Documents are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

10. Whenever a deposition involves the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. Inadvertent failure to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and inadvertent production of privileged information, shall not constitute a waiver of such claim or privilege and may be corrected. In the event that any producing party discovers that it has inadvertently produced information that has not, but should have, been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or should have been withheld, the producing party promptly may designate the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or may claw-back the information or documents, by subsequent notice to counsel for all parties to the Action, in writing, specifically identifying the information by Bates number, deposition transcript page number, interrogatory response number, or other like manner, in which event all parties shall henceforth treat such information as provided in this Protective Order. A person who has received information in discovery that is subsequently designated as privileged, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall in good faith assist the designating party in retrieving such discovery material from all recipients not entitled to receive such discovery materials under the terms of this Protective Order and prevent further disclosures except as authorized under this Protective Order. In the case of information clawed back as privileged, the designating party must produce a privilege log of the clawed-back information within 14 days of sending notice under this paragraph.

12. A party may object to the designation of particular CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party

designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall bear the burden of establishing that good cause exists for the disputed information to be treated as such.

      13.    This Stipulated Protective Order survives the conclusion of this case. By signing this Stipulated Protective Order, the parties and their counsel represent in good faith that they will take reasonable steps to preserve the confidentiality of each document and all copies thereof which have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

      Dated this _____ day of _____, 2017.

      BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

STIPULATED AND AGREED TO:

Dated: August 30, 2017                                Dated: August 30, 2017

| *s/ Diane R. Hazel* | *s/ Dawn L. Smalls* |
|---|---|
| Joan A. Lukey (joan.lukey@choate.com) | Matthew L. Schwartz |
| Robert M. Buchanan, Jr. (rbuchanan@choate.com) | Peter M. Skinner |
| | RandallW. Jackson |
| Michael T. Gass (mgass@choate.com) | Dawn L. Smalls |
| Justin J. Wolosz (jwolosz@choate.com | Joshua J. Libling |
| Lyndsey M. Kruzer (lkruzer@choate.com) | BOIES, SCHILLER & FLEXNER LLP |
| CHOATE HALL & STEWART LLP | 575 Lexington Avenue |
| Two International Place | New York, New York 10022 |
| Boston, Massachusetts  02110 | Tel: (212) 446-2300 |
| Telephone:  (617) 248-4790 | Fax: (212) 446-2350 |
| | mlschwartz@bsfllp.com |
| James M. Lyons (jlyons@lrrc.com) | pskinner@bsfllp.com |
| Jessica L. Fuller (jfuller@lrrc.com) | rjackson@bsfllp.com |
| Diane R. Hazel (dhazel@lrrc.com) | dsmalls@bsfllp.com |
| LEWIS ROCA ROTHGERBER CHRISTIE LLP | jlibling@bsfllp.com |
| One Tabor Center, Suite 3000 | Sean P. Rodriguez |
| 1200 Seventeenth Street | Juan P. Valdivieso |
| Denver, CO 80202 | BOIES, SCHILLER & FLEXNER LLP |
| Tel: (303) 623-9000 | 1999 Harrison Street, Suite 900 |
| Fax: (303) 623-9222 | Oakland, California 94612 |
| | Tel: (510) 874-1000 |

5

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

*s/ Kathryn A. Reilly*
Kathryn A. Reilly (reilly@wtotrial.com)
Grace A. Fox (fox@wtotrial.com)
Natalie E. West (west@wtotrial.com)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

***Attorneys for Defendants Agent Au Pair, Au Pair International, Go Au Pair Operations, and American Cultural Exchange, LLC d/b/a Go Au Pair***

*s/ Lawrence D. Stone*
Lawrence D. Stone
(lstone@nixonshefrin.com)
Katheleen E. Craigmile
(kcraigmile@nixonshefrin.com)
Nixon Shefrin Hensen Ogburn, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111

***Attorneys for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair and 20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange***

*s/ James E. Hartley*
James E. Hartley
(jhartley@hollandhart.com)
Jonathan S. Bender
(jsbender@hollandhart.com)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202

Adam A. Hubbard
(aahubbard@hollandhart.com)

Fax: (510) 874-1460
srodriguez@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado 80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

***Attorneys for Plaintiffs***

6

Holland & Hart LLP
1800 Broadway, Suite 300
Boulder, CO 80302

**Attorneys for Defendant Cultural Homestay International**

*s/ Lawrence L. Lee*
Lawrence L. Lee, Esq.
(llee@laborlawyers.com)
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

**Attorneys for Defendants APF Global Exchange, NFP**

*s/ Stephen J. Macri*
Stephen J. Macri
(smacri@putneylaw.com)
Joseph B. Cartafalsa
(jcartafalsa@putneylaw.com)
Robert M. Tucker
(rtucker@putneylaw.com)
John B. Fulfree
(jfulfree@putneylaw.com)
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue
New York, NY 10175
(212) 682-0020 ext. 221

*s/ Eric J. Stock*
Eric J. Stock
(estock@gibsondunn.com)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-2301

**Attorneys for Defendant American**

*Institute for Foreign Study d/b/a Au Pair in America*


*s/ Bogdan Enica*
Bogdan Enica
(Bogdan@expertaupair.com)
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701

*Attorney for Defendant Expert Group International, Inc. d/b/a Expert Au Pair*


*s/ Peggy Kozal*
Peggy E. Kozal
(pkozal@gordonrees.com)
Thomas Baker Quinn
(tquinn@gordonrees.com)
Nathan A. Huey (nhuey@gordonrees.com)
Heather K. Kelly (hkelly@gordonrees.com)
Gordon & Rees LLP
555 17th Street, Suite 3400
Denver, CO 80202

*Attorneys for Defendant AuPairCare, Inc.*


*s/ Martha L. Fitzgerald*
Martha L. Fitzgerald
(mfitzgerald@bhfs.com)
David B. Meschke
(dmeschke@bhfs.com)
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432

*Attorneys for Defendant EurAuPair Intercultural Child Care Programs*


*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
(bcolaizzi@shermanhoward.com)
Heather F. Vickles

(hvickles@shermanhoward.com)
Raymond M. Deeny
(rdeeny@shermanhoward.com)
Joseph Hunt
(jhunt@shermanhoward.com)
Alyssa L. Levy
(alevy@shermanhoward.com)
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

***Attorneys for Defendant InterExchange, Inc.***


*s/ William J. Kelly III*
William J. Kelly III
(wkelly@kellywalkerlaw.com)
Chandra Marie Feldkamp
(cfeldkamp@kellywalkerlaw.com)
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202

***Attorneys for Defendant USAuPair, Inc.***


*s/ Meshach Y. Rhoades*
Meshach Y. Rhoades
Martin J. Estevao
1700 Broadway, Suite 2100
Denver, CO 80290-2101
(720) 722-7195
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com

***Attorneys for Defendant GreatAuPair, LLC***

9