IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.
_____

**MOTION TO STAY PENDING APPEAL BY DEFENDANT AUPAIRCARE, INC.**
_____

Defendant AuPairCare, Inc. ("AuPairCare") hereby moves, pursuant to Federal Rule of Appellate Procedure 8(a), section 16(a) of the Federal Arbitration Act, 9 U.S.C. § 16(a), and Tenth Circuit precedent, for an immediate order staying this case as against AuPairCare, pending resolution of AuPairCare's appeal before the United States Court of Appeals for the Tenth Circuit.

1

### Certification

In accordance with Local Rule 7.1(a), the undersigned certifies that counsel for AuPairCare contacted counsel for Plaintiffs to inquire whether Plaintiffs opposed this motion. Plaintiffs' counsel opposes the motion to stay.

### Preliminary Statement

Upon AuPairCare's filing of a Notice of Appeal regarding this Court's September 21, 2017 Order denying AuPairCare's Motion to Compel Arbitration (the "Order") [ECF No. 705], this Court was divested of jurisdiction over this matter as to AuPairCare. The notice of appeal filed by AuPairCare is not frivolous, thereby mandating that this Court immediately stay the case as against AuPairCare.

### Background

This suit was filed in November 2014, but did not name as plaintiffs any au pairs that had been sponsored by AuPairCare. As this Court pointed out, even before this suit included any individual claims against AuPairCare, AuPairCare raised the arbitrability of any claims against it as an affirmative defense to the original Complaint, Order at 2, and in responses to discovery requests, id. at 3. Indeed, as this Court put it, "at every practicable opportunity, counsel for APC endeavored – almost compulsively – to communicate and preserve arbitration objections." Id. at 10.

On October 17, 2016, this Court approved Plaintiffs' filing of the Second Amended Complaint, which for the first time named as plaintiffs two AuPairCare-sponsored au pairs, Juliane Harning and Laura Mejia-Jiminez. AuPairCare filed its Motion to Compel Arbitration and Dismiss or, Alternatively, Stay Lawsuit ("Motion to

2

Compel Arbitration") shortly thereafter, on November 11, 2016 [ECF No. 431]. In doing so, AuPairCare invoked the Federal Arbitration Act ("FAA" or "the Act"), 9 U.S.C. § 1, *et seq.*, and specifically referenced 9 U.S.C. § 4. Id. at 2, 9.

AuPairCare has produced its agreements with Harning and Jimenez, both of which include broad arbitration agreements. Order at 4. Those agreements provide that "any dispute or claims arising out of this Agreement [between plaintiffs and AuPairCare], including but not limited to any resulting or related transaction or the relationship of the parties, shall be decided by neutral, exclusive and binding arbitration in San Francisco, California, U.S. before an arbitration provider selected by AuPairCare, upon petition of either party." Id. This Court determined that "the scope of the [AuPairCare] arbitration clause covers all causes of actions brought against APC, including the FLSA and antitrust claims." Id. at 7-8.

Notwithstanding this Court's finding that the mandatory arbitration provision applies to all causes of action against APC, the Court denied AuPairCare's Motion to Compel Arbitration, finding that the agreement is unconscionable under California law and therefore unenforceable. Order. Simultaneously herewith, AuPairCare has filed a notice of appeal. Filing of the notice of appeal divested this Court of jurisdiction over this case with respect to AuPairCare, and the Court should now stay all proceedings in this Court as against AuPairCare.

## Legal Analysis

Section 16(a) of the FAA allows a defendant to immediately appeal an order denying a motion to compel arbitration made pursuant to § 4 of the Act. 9 U.S.C. §

3

16(a)(B). The Tenth Circuit has clearly held that a "district court is divested of jurisdiction while a non-frivolous § 16(a) motion is pending." McCauley v. Halliburton Energy Servs., 413 F.3d 1158, 1162 (10th Cir. 2005). This divestiture of jurisdiction occurs "upon the filing of a non-frivolous § 16(a) appeal." Id. at 1160. See also Stewart v. Donges, 915 F.2d 572, 577-78 (10th Cir. 1990) ("Once a notice of appeal on an appealable issue such as qualified immunity is filed, the status quo is that the district court has lost jurisdiction to proceed."), relied upon by McCauley, 413 F.3d at 1161-62. Upon the filing of a notice of appeal, a district court may only regain jurisdiction after a conducting a hearing and certifying the § 16(a) appeal as frivolous. McCauley, 413 F.3d at 1162. Such a certification is immediately reviewable by the 10th Circuit. Id. "[D]istrict courts in the Tenth Circuit have noted that a moving party 'faces a rather difficult burden to overcome an interlocutory appeal and maintain jurisdiction in the district court,' and that an appeal is not frivolous 'if it is at least 'colorable.'" CoxCom, Inc. v. Egghead Telecom, Inc., 2009 U.S. Dist. LEXIS 108454, *4, 2009 WL 4042906 (N.D. Okl. 2009) (internal citations omitted).

      Courts in this Circuit have found, in light of the immediate right of appeal afforded by § 16(a), that a party's appeal of an order denying arbitrability, is non-frivolous. See, e.g., Let's Go Aero, Inc. v. Cequent Performance Prods., Inc., Civ. No. 14-cv-01600 (D. Colo. Mar. 26, 2015) (holding that the appeal was non-frivolous because Defendants had a right to immediately appeal the court's order finding that certain claims were not arbitrable) (attached hereto as Exhibit 1); Belnap v. IASIS Healthcare Corp., Case No. 2:14-cv-00086 (D. Utah Feb. 20, 2015) (finding no motion to stay was necessary

4

because "this court was divested of jurisdiction when Defendants filed their Notice of Appeal") (attached hereto as Exhibit 2).

As this Court has found already, the arbitration provision in the AuPairCare contracts "covers all causes of action" asserted in this case against AuPairCare. This Court's Order finding that the arbitration provision was not enforceable is immediately appealable. 9 U.S.C. § 16(a). AuPairCare's appeal of this Order will argue that, contrary to this Court's Order, the terms of the mandatory arbitration provision should be enforced in accordance with the California and federal "presumption in favor of arbitrability." See Kepas v. eBay, 412 Fed. Appx. 40, 43 (10th Cir. 2010); see also AT&T Mobility v. Concepcion, 563 U.S. 333, 345-46 (2011) (noting that the Supreme Court has "repeatedly described the Act as 'embod[ying] [a] national policy favoring arbitration,'" and a "'liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary") (internal citations omitted).

## Conclusion

Because AuPairCare's Notice of Appeal, filed simultaneously herewith, is not frivolous, this Court must stay all proceedings against AuPairCare.

Respectfully submitted this 12th day of October, 2017.

        */s/ Thomas Quinn*
        Thomas B. Quinn
        Peggy E. Kozal
        Nathan Huey
        Jennifer Arnett-Roehrich
        GORDON & REES LLP

555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 534-5160
Fax: (303) 534-5161

tquinn@grsm.com
pkozal@grsm.com
nhuey@grsm.com
jarnett-roehrich@grsm.com
***Attorneys for Defendant-Appellant AuPairCare, Inc.***

## CERTIFICATE OF SERVICE (CM/ECF)

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system, which will send notification to all counsel referenced below, and/or sent via electronic mail on this the 12th day of October, 2017 addressed to:

| | | |
|---|---|---|
| Lauren F. Louis<br>Sigrid S. McCawley<br>Sabria McElroy<br>Matthew L. Schwartz<br>Peter M. Skinner<br>Randall W. Jackson<br>Dawn L. Smalls<br>Joshua Libling<br>Sean P. Rodriguez<br>Juan P. Valdivieso<br>BOIES SCHILLER & FLEXNER, LLP<br>llouis@bsfllp.com<br>smccawley@bsfllp.com<br>smcelroy@bsfllp.com<br>mlschwartz@bsfllp.com<br>pskinner@bsfllp.com<br>rjackson@bsfllp.com<br>dsmalls@bsfllp.com<br>jlibling@bsfllp.com<br>srodriguez@bsfllp.com<br>jvaldivieso@bsfllp.com<br>      and<br>Alexander N. Hood<br>TOWARDS JUSTICE – DENVER<br>alex@towardsjustice.org<br>**Attorneys for Plaintiffs** | Brooke A. Colaizzi<br>Raymond M. Deeny<br>Heather F. Vickles<br>Joseph H. Hunt<br>Alyssa L. Levy<br>SHERMAN & HOWARD, LLC<br>bcolaizzi@shermanhoward.com<br>rdeeny@shermanhoward.com<br>hvickles@shermanhoward.com<br>jhunt@shermanhoward.com<br>alevy@shermanhoward.com<br>**Attorneys for Defendant InterExchange, Inc.** | William J. Kelly, III<br>Chanda M. Feldkamp<br>KELLY & WALKER, LLC<br>wkelly@kellywalkerlaw.com<br>cfeldkamp@kellywalkerlaw.com<br>**Attorneys for Defendant USAuPair, Inc.** |
| Meshach Y. Rhoades<br>Martin J. Estevao<br>Vance O. Knapp<br>ARMSTRONG TEASDALE, LLP<br>mrhoades@armstrongteasdale.com<br>mestevao@armstrongteasdale.com<br>vknapp@armstrongteasdale.com<br>**Attorneys for Defendant GreatAuPair, LLC** | Bogdan Enica<br>BOGDAN ENICA, ATTORNEY AT LAW<br>bogdane@hotmail.com<br>**Attorney for Defendant Expert Group International, Inc. d/b/a Expert AuPair** | David B. Meschke<br>Martha L. Fitzgerald<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>dmeschke@bhfs.com<br>mfitzgerald@bhfs.com<br>**Attorneys for Defendant EurAupair InterCultural Child Care Programs** |
| James E. Hartley | Brian A. Birenbach | Kathryn A. Reilly |

| | | |
|---|---|---|
| Adam A. Hubbard<br>Jonathan S. Bender<br>HOLLAND & HART, LLP<br>jhartley@hollandhart.com<br>aahubbard@hollandhart.com<br>jsbender@hollandhart.com<br>**Attorneys for Defendant Cultural Homestay International** | RIETZ LAW FIRM, LLC<br>brian@rietzlawfirm.com<br>and<br>Kathryn A. Reilly<br>Grace A. Fox<br>Natalie West<br>WHEELER TRIGG O'DONNELL, LLP<br>reilly@wtotrial.com<br>fox@wtotrial.com<br>west@wtotrial.com<br>**Attorneys for Defendants Au Pair International, Inc.; American Cultural Exchange, LLC d/b/a GoAuPair** | Grace A. Fox<br>Natalie West<br>WHEELER TRIGG O'DONNELL, LLP<br>reilly@wtotrial.com<br>fox@wtotrial.com<br>west@wtotrial.com<br>**Attorney for Defendant Agent Au Pair** |
| Lawrence L. Lee<br>Susan M. Schaecher<br>FISHER & PHILLIPS, LLP<br>llee@laborlawyers.com<br>sschaecher@laborlawyers.com<br><br>and<br><br>John B. Fulfree<br>Joseph B. Cartafalsa<br>Robert M. Tucker<br>Stephen J. Macri<br>PUTNEY, TWOMBLY, HALL & HIRSON, LLP<br>jfulfree@putneylaw.com<br>jcartafalsa@putneylaw.com,<br>jbc54@cornell.edu<br>rtucker@putneylaw.com,<br>robert.m.tucker1@gmail.com<br>smacri@putneylaw.com<br><br>**Attorneys for Defendants APF Global Exchange, NFP d/b/a Aupair Foundation; American Institute for Foreign Study d/b/a Au Pair in America** | Eric J. Stock<br>Gibson, Dunn & Crutcher LLP<br>estock@gibsondunn.com<br>mao@gibsondunn.com<br>**Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in America**<br><br>Lawrence D. Stone<br>Kathleen E. Craigmile<br>NIXON SHEFRIN HENSEN OGBURN, P.C.<br>lstone@nixonshefrin.com<br>kcraigmile@nixonshefrin.com<br>**Attorneys for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair; 20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange** | Joan A. Lukey<br>Robert M. Buchanan, Jr.<br>Michael T. Gass<br>Justin J. Wolosz<br>Lyndsey M. Kruzer<br>Kevin P. O'Keefe<br>CHOATE, HALL & STEWART, LLP<br>joan.lukey@choate.com<br>rbuchanan@choate.com<br>mgass@choate.com<br>jwolosz@choate.com<br>lkruzer@choate.com<br>kokeefe@choate.com<br>     and<br>Diane R. Hazel<br>James M. Lyons<br>Jessica L. Fuller<br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>dhazel@lrrc.com<br>jlyons@lrrc.com<br>jfuller@lrrc.com<br>**Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair** |

/s/Lisa Riggenbach
For Gordon & Rees LLP