IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,
v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**PLAINTIFFS' MOTION TO RE-SET HEARING
AND FOR RECONSIDERATION**

---

# CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR. 7.1(a), Plaintiffs conferred about this motion with counsel for all Defendants via email on October 12, 2017. Plaintiffs further discussed the issues by phone with certain other Defendants the same day, and counsel speaking for several Defendants joined Plaintiffs in a call with Magistrate Judge Tafoya's Chambers.

Seven of the Defendants have no opposition to the relief Plaintiffs request if the Court has jurisdiction.[1]  The others have not yet stated their position.

---

[1]  Cultural Care, GoAuPair, Agent Au Pair, Au Pair International, InterExchange, Expert AuPair, and EurAupair.

**TABLE OF CONTENTS**

Page

INTRODUCTION AND SUMMARY ............................................................................................1

BACKGROUND ............................................................................................................................3

LEGAL STANDARD.....................................................................................................................3

ARGUMENT..................................................................................................................................4

I.   THIS CASE HAS NOT CHANGED IN ANY WAY THAT AFFECTS THE MOTION TO COMPEL ....................................................................................................................... 4

II.   THE DISCOVERY MOTION IS URGENT, AND THERE IS NO REASON TO DELAY ITS RESOLUTION ............................................................................................................ 6

III.   RECONSIDERATION IS APPROPRIATE ........................................................................... 7

CONCLUSION...............................................................................................................................8

i

**INTRODUCTION AND SUMMARY**

A discovery dispute between Plaintiffs on one side, and thirteen of the fifteen Defendants on the other, has been fully briefed and was set for hearing next week, on October 18, 2017. The motion was expedited because the dispute is interfering with the schedule in this case. On October 12, that hearing was vacated in a Minute Order (ECF No. 724) that cited a notice of appeal by AuPairCare from an interlocutory order denying AuPairCare's motion to compel arbitration.

The appealed order and notice of appeal affect only AuPairCare and those Plaintiffs who were parties to employment agreements with AuPairCare. Tens of thousands of Plaintiffs and absent class members continue to litigate the full panoply of claims in this case against the remaining fourteen Defendants. AuPairCare itself remains before this Court as well: The great majority of Plaintiffs have no arbitration agreement with AuPairCare—but they assert antitrust conspiracy claims against AuPairCare—and the appeal has no jurisdictional significance to them.

The discovery motion that was to be decided on October 18 concerns evidence that goes primarily to the antitrust claims, so its importance and relevance remain intact. The motion is ripe for decision, and Plaintiffs respectfully request that the hearing go forward. Plaintiffs therefore seek reconsideration of the *sua sponte* Minute Order, and request that the hearing be placed back on calendar for October 18, 2017, or at the earliest date convenient for the Court.

\*          \*          \*

Judge Arguello denied AuPairCare's motion to compel arbitration in an order that only addressed and affected <u>solely</u> the relationship between AuPairCare and those Plaintiffs and putative class members who signed AuPairCare's 2013-15 form employment agreement. ECF No. 705 at 4; ECF No. 723 (noticing appeal of ECF No. 705; hereafter the "Notice"). On

1

October 11, 2017, AuPairCare, noticed an interlocutory appeal. The next morning, the Minute Order vacated a discovery hearing before this Court.

It is black-letter law that a notice of appeal affects jurisdiction solely between the parties to the appeal and as to the issues on appeal. Therefore, the Notice does not affect this case for:

- The fourteen other Defendants. They are not covered by the notice of appeal or the order appealed from, and are also not parties to any relevant arbitration agreement.

- The tens of thousands of Plaintiffs and putative class members who never worked for AuPairCare, and therefore never signed an arbitration agreement with AuPairCare. These plaintiffs sued AuPairCare for Defendants' antitrust conspiracy, in which AuPairCare participated. Those claims are not affected by the order appealed from or the Notice of Appeal.[2]

Finally, AuPairCare has moved for a stay as to AuPairCare alone. ECF No. 726 at 1 (moving for an "order staying this case as against AuPairCare"). The motion to stay is not fully briefed and Judge Arguello has not ruled on it. Unless and until Judge Arguello grants that motion, AuPairCare has no right to slow or stop the claims by Plaintiffs with whom it never signed any arbitration agreement—including the tens of thousands it harmed as an antitrust conspirator. All parties have an interest in resolving the discovery dispute as expeditiously as possible. Plaintiffs therefore respectfully request that the hearing be put back on calendar for October 18, 2017.

---

[2] AuPairCare never contended that it had arbitration agreements before 2010, and the arbitration order does not address pre-2010 agreements. Some opt-in Plaintiffs signed AuPairCare agreements in 2008 and 2009. Those Plaintiffs assert not just antitrust, but also federal and state employment law, and state tort and consumer protection law claims against AuPairCare. Plaintiffs have not yet had an opportunity to fully assess the status of those opt-ins. AuPairCare 2008-09 *au pairs* may remain before the Court and, therefore, AuPairCare may continue to litigate the non-antitrust claims against it while the interlocutory appeal is pending.

## BACKGROUND

A fully briefed and expedited motion to compel discovery is now pending before this Court. AuPairCare is one of thirteen Defendants who oppose the motion. *See* ECF No. 715 at 1 n.1. The motion was set for hearing on October 18. ECF No. 706.

On October 11, 2017, defendant AuPairCare (and AuPairCare alone) noticed an interlocutory appeal of the District Court's September 21, 2017 order that denied AuPairCare's motion to compel arbitration over claims involving its au pairs. ECF No. 723 (noticing appeal of ECF No. 705). No other Defendant appealed because no other Defendant was affected by the underlying order appealed from.

On October 12, this Court issued a Minute Order vacating the October 18, 2017 motion hearing in light of AuPairCare's Notice. ECF No. 724. Later the same morning, AuPairCare filed a motion to stay the "case <u>as against AuPairCare</u>, pending resolution of AuPairCare's" interlocutory appeal. ECF No. 726 at 1 (emphasis added). On October 13, AuPaireCar filed a motion to stay the case solely as to to AuPairCare. ECF No. 726.

## LEGAL STANDARD

Reconsideration in this context "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Rodeman v. Foster*, 767 F. Supp. 2d 1176, 1188 (D. Colo. 2011) (citation omitted); *see also* Fed. R. Civ. P. 54(b). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citation omitted).

It "is not required that the Court consider such a request according to any particular standard." *Ankeney v. Zavaras*, 2012 WL 224441, at *6–7 (D. Colo. 2012) (citing *Trujillo v. Bd. of Educ. of Albuquerque Public Schools,* 212 Fed. App'x 760, 765–66 (10th Cir. 2007)). However, "when the prior ruling is…a short discovery ruling" the movant faces a lower burden than where the prior ruling implicates the merits of the dispute. *Anderson Living Trust v. WPX Energy Production*, LLC, 312 F.R.D. 620, 647 (D.N.M. 2015).

Court in this Circuit addressing reconsideration motions have considered factors such as "how thoroughly the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenges", "the case's overall progress and posture" and whether there is a "clear indication—one that manifests itself without the need for in-depth analysis or review of the facts—that the Court erred." *Anderson Living Trust*, 312 F.R.D. at 647-48.

## ARGUMENT

### I. THIS CASE HAS NOT CHANGED IN ANY WAY THAT AFFECTS THE MOTION TO COMPEL

An order that denies a motion to arbitrate is considered a "final" order that may be subject to interlocutory appeal. 9 U.S.C. § 16(a). Subject to some exceptions, when a party files a notice of appeal, the notice "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

The jurisdictional rule has a necessary corollary: A notice of appeal has no effect concerning "matters not involved in the appeal." *Garcia v. Burlington N.R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (emphasis added). This rule applies as much to appeals under the Federal Arbitration Act as any other. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). The

4

pending discovery motion is not an "aspect[] of the case involved in the appeal," and has not resulted in this Court's losing jurisdiction over any Defendant.

It would violate other core legal principles if this Court lost jurisdiction as to anyone but those Plaintiffs who made arbitration agreements with AuPaireCare. Arbitration and orders concerning it are matters of contract. "It goes without saying that a contract cannot bind a nonparty." *Waffle House*, 534 U.S. at 294. Thus, an arbitration clause in an employment agreement cannot bar a non-signatory to the arbitration agreement from litigation concerning the same underlying transactions. *Id.*; *E.E.O.C. v Joslin Dry Goods Co.*, No. Civ.A. 05-00177(WD), 2007 WL 433144, at *2 (D. Colo. Feb. 2, 2007) (same).

Indeed, it is "not only reasonable but eminently sensible" that litigation continue between parties without arbitration agreements while an interlocutory is on appeal between different parties. It. *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 416 (7th Cir. 2014); *see also, e.g.*, *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-CV-116, 2009 WL 10679587, at *4 (S.D. Ohio Jan. 7, 2009) (staying case as to claim potentially subject to arbitration pending appeal while allowing discovery to proceed as to claim not subject to arbitration); *Narragansett Elec. Co. v. Constellation Energy Commodities Grp., Inc.*, 563 F. Supp. 2d 325, 331 (D.R.I. 2008) ("litigation may proceed against parties not subject to an arbitration agreement, even though claims against arbitrating parties have been stayed" (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 & n.23 (1983))).

In sum, there has been no change in the posture of this case as to tens of thousands of Plaintiffs and absent class members, and the fourteen Defendants besides AuPairCare. Whether AuPairCare itself can stay the entire case against itself—and the cases cited above provide some

of the reasons it cannot—is ultimately irrelevant. At this time, all fifteen Defendants remain active litigants before this Court.

## II. THE DISCOVERY MOTION IS URGENT, AND THERE IS NO REASON TO DELAY ITS RESOLUTION

The discovery motion to compel primarily concerns the conspiracy claims, ECF No. 710, at 1 & 7 n.6, which can proceed even if Judge Arguello ultimately grants AuPairCare's motion to stay the case as against itself. *In re Cotton Yarn Antitrust Litig.,* 505 F.3d 274, 284 (4th Cir. 2007) (antitrust "co-conspirators are not necessary parties; a plaintiff can prove the existence of a conspiracy in an action against just one of the members of the conspiracy" and "defendants would be jointly and severally liable"); *Dillon v. BMO Harris Bank, N.A.*, 16 F. Supp. 3d 605, 613 (M.D.N.C. 2014) (same for RICO). Thirteen of the fifteen defendants in this case are party to this privilege dispute over the Alliance's initial production, and it appears to be Cultural Care's counsel upon whom the claims of privilege are based (*see* ECF No. 719, at 9). The materials at issue do not mention any counsel for AuPairCare and none of the statements at issue are attributed to an AuPairCare witness. *See* ECF No. 719, at 9.[3]

This discovery dispute threatens to disrupt the case schedule. It has already caused the deposition of one Defendant's CEO to be held open, re-scheduled two third-party depositions, and has delayed further document productions from an important third party. *See* ECF No. 709, at ¶ 17 & Ex. 12; *see also* ECF No. 710 (citing ECF No. 709, at ¶ 20 & Ex. 12). The dispute has also prejudiced Plaintiffs' ability to incorporate relevant evidence into its expert disclosures. *See* ECF No. 710, at 2 & n.1. And, because Defense witnesses' memories appear to fade rapidly

---

[3] AuPairCare filed the Opposition on behalf of its co-Defendants and itself. It would be unfair to delay the motion to compel hearing because AuPairCare was the Opposition filer—particularly since AuPairCare's counsel must have known there was a likelihood it would file an appeal while the motion was being litigated (and the stay is seeks has not yet been granted in any case).

6

(*see, e.g.*, ECF No. 710, at 7 n.6; ECF No. 719, at 8-9 n.5), Plaintiffs face significant prejudice if discovery is stayed or delayed.

### III.  RECONSIDERATION IS APPROPRIATE

To the extent the Minute Order misapprehends the jurisdictional impact of AuPairCare's appeal, Plaintiffs respectfully submit that the Order should be reconsidered because there is a "need to correct clear error." *Servants of Paraclete*, 204 F.3d at 1012. AuPairCare's appeal has jurisdictional effect, at most, solely as between AuPairCare and those Plaintiffs who were employed by AuPairCare. The notice of appeal does not affect or stop this case as to: (i) the tens of thousands of Plaintiffs and putative class members who never signed an arbitration agreement with AuPairCare; and (ii) the remaining fifteen defendants who were not parties to or implicated by the order appealed from. *See also* fn.2, above. With respect to the former, AuPairCare cannot (has and not tried to) compel these *au pairs* to arbitrate and has not moved to do so. The notice of appeal is a nullity as to them. Regarding the latter, the remaining Defendants are not (and could not have been) parties to AuPairCare's motion to compel arbitration, the order denying it, or the subsequent appeal. The notice of appeal has no effect as to those Defendants. In light of these authorities, Plaintiffs respectfully request that the Court reconsider its ruling. There is no doubt that the remaining Defendants continue to be subject to discovery, and that this Court retains jurisdiction to resolve the pending discovery motion. *See Inhalation Plastics, Inc.*, 2009 WL 10679587, at *4.

It also appropriate to reconsider the Minute Order because it was issued prior to the parties having the opportunity to present their positions on the foregoing issues to the Court. Although motions for reconsideration are "inappropriate vehicles to reargue" issues previously presented to the Court, the parties did not have an opportunity to do so here. *See Anderson*

7

*Living Trust*, 312 F.R.D. at 647 (the district court should consider "how thoroughly the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenges").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the motion to compel hearing be placed back on calendar for October 18, 2017, or at the Court's earliest convenience.

Dated: October 13, 2017

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

*s/Sean P. Rodriguez*
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis

8

9

        401 East Las Olas Blvd., Suite 1200
        Fort Lauderdale, Florida  33301
        Tel: (954) 356-0011
        Fax: (954) 356-0022
        smccawley@bsfllp.com
        llouis@bsfllp.com

        TOWARDS JUSTICE
        Alexander Hood
        1535 High Street, Suite 300
        Denver, Colorado  80218
        Tel: (720) 239-2606
        Fax: (303) 957-2289
        alex@towardsjustice.org

        *Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on October 13, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Heather Fox Vickles, Esq.
Brooke A. Colaizzi, Esq.
Raymond M. Deeny, Esq.
SHERMAN & HOWARD LLC
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: 303-297-2900
Fax: 303-298-0940
hvickles@shermanhoward.com
bcolaizzi@shermanhoward.com
redeeny@shermanhoward.com

William J. Kelly, III, Esq.
Chandra Marie Feldkamp, Esq
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202
Tel: 720-236-1800
Fax: 720-236-1799
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com

Meshach Y. Rhoades, Esq.
Martin J. Estevao, Esq.
ARMSTRONG TEASDALE, LLP
1700 Broadway, Suite 2100
Denver, CO 80290-2101
Tel: 720-722-7195
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com

Bogdan Enica, Esq.
111 Second Avenue NE, Suite 204
St. Petersburg, FL 33701
Tel: 727-388-3472
bogdane@hotmail.com
Martha L. Fitzgerald, Esq.
David Meschke, Esq.

BROWNSTEIN HYATT FARBER
SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Tel: 303-223-1219
Fax: 303-223-1111
mfitzgerald@bhfs.com
dmeschke@bhfs.com

James Hartley, Esq.
Jonathan S. Bender, Esq.
HOLLAND & HART
555 Seventeenth Street, Suite 3200
Denver, CO 80202-3979
Tel: 303-295-8000
jhartley@hollandhart.com
jsbender@hollandhart.com

Adam A. Hubbard, Esq.
HOLLAND & HART
1800 Broadway, Suite 300
Boulder, CO 80302-5234
Tel: 303-473-2700
aahubbard@hollandhart.com

Brian Alan Birenbach
RIETZ LAW FIRM, LLC
P.O. Box 5268
114 Village Place, #301
Dillon, CO 80435
Tel: 970-468-0210
Fax: 970-468-0371
brian@rietzlawfirm.com

Robert M. Buchanan, Jr.
Joan A. Lukey
Lyndsey M. Kruzer
Michael T. Gass

i

Justin J. Wolosz
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110
rbuchanan@choate.com
joan.lukey@choate.com
lkruzer@choate.com
mgass@choate.com

Lawrence, D. Stone
Kathleen E. Craigmile
NIXON SHEFRIN HENSEN OBURN, P.C.
5619 DTC Parkway, Suite 1200
Greenwood, Village, CO 80111
303-773-3500
lstone@nixonshefrin.com
kcraigmile@nixonshefrin.com

Jessica L. Fuller
Diane Hazel
James M. Lyons
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
jfuller@lrrc.com
dhazel@lrrc.com
jlyons@lrrc.com

Christian Hammond, Esq.
DUFFORD & BROWN, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290-2101
chammond@duffordbrown.com
Thomas B. Quinn, Esq.
Peggy E. Kozal, esq.
John R. Mann, Esq.
GORDON & REES, LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Tel: 303-534-5160
Fax: 303-534-5161
tquinn@gordonrees.com
pkozal@gordonrees.com
jmann@gordonrees.com

Brian P. Maschler, Esq.
GORDON & REES, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Tel: 415-986-5900
Fax: 415-986-8054
bmaschler@gordonrees.com

Kathryn A. Reilly, Esq.
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel: 303.244.1983
Fax: 303.244.1879
reilly@wtotrial.com

Lawrence L. Lee, Esq.
Susan M. Schaecher, Esq.
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651
llee@laborlawyers.com
sschaecher@laborlawyers.com

Eric J. Stock
GIBSON DUNN & CRUTCHER, LLP
200 Park Avenue, 48th Floor
New York, NY 10166-0193
estock@gibsondunn.com

  s/Sean P. Rodriguez
Sean P. Rodriguez