IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

_____

**EXHIBIT 1**
**TO**
**MOTION TO STAY PENDING APPEAL BY DEFENDANT AUPAIRCARE, INC.**
_____

Case 1:14-cv-01600-RM-MEH   Document 54   Filed 03/26/15   USDC Colorado   Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 14-cv-01600-RM-MEH

LET'S GO AERO, INC., a Colorado corporation,

     Plaintiff,

v.

CEQUENT PERFORMANCE PRODUCTS, INC., a Delaware corporation, f/k/a Cequent Towing Products, Inc.,

     Defendant.

---

## AMENDED ORDER

---

This matter is before the Court on Defendant Cequent Performance Products, Inc.'s ("Cequent") motion to stay (ECF No. 50) the matter pending resolution of Cequent's appeal before the United States Court of Appeals for the Federal Circuit (ECF No. 49). Plaintiff Let's Go Aero, Inc. ("LGA") opposes Defendant's motion. (ECF No. 51.)

For the reasons stated below, the Court GRANTS Defendant's motion to stay.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

The Court previously set forth the relevant factual background in its prior order.  (ECF No. 46 at 1-4.)

### B.      Procedural Background

On January 28, 2015, the Court granted, in part, and denied, in part, Defendant's motion to compel arbitration.  (ECF No. 46.)  The Court found that Claims One, Two, Three, Six, Ten, and Twelve of Plaintiff's Second Amended Complaint (ECF No. 15) were arbitrable.  (ECF No. 46 at 22.)  The Court stayed the matter as to those claims pending *de novo* resolution of *Cequent Performance Products, Inc. v. Let's Go Aero, Inc.*, 1:14-CV-08457 in the United States District Court for the Northern District of Illinois (hereinafter "*Illinois Action*"). (ECF No. 46 at 20-22.) The Court denied, in part, Defendant's motion to compel arbitration as to Claims Four, Five, Seven, Eight, Nine, and Eleven of Plaintiff's Second Amended Complaint (ECF No. 15), and reserved ruling on whether to stay the entire proceedings.  (ECF No. 46 at 23.)

On February 3, 2015, Defendant filed a notice of appeal to the Federal Circuit.  (ECF No. 47.)  On February 4, 2015, Defendant moved to stay this matter pending resolution of its appeal. (ECF No. 50.)

## II.      LEGAL STANDARDS

### A.      Federal Arbitration Act

Section 16(a) of the Federal Arbitration Act ("FAA"), in pertinent part, provides that:

An appeal may be taken from—

> (1)      an order—
>          (A)      refusing a stay of any action under section 3 of this title,

(B)     denying a petition under section 4 of this title to order arbitration to proceed,

(C)     denying an application under section 206 of this title to compel arbitration,

(D)     confirming or denying confirmation of an award or partial award, or

(E)     modifying, correcting, or vacating an award.

9 U.S.C. § 16(a)(1).

## III.   ANALYSIS

Under Section 16(a)(1)(B) of the FAA, a party may immediately appeal an order denying a motion to compel arbitration.  9 U.S.C. § 16(a)(1)(B); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005).  In *McCauley*, the Tenth Circuit Court of Appeals held that "upon the filing of a non-frivolous § 16(a) appeal, the district court is divested of jurisdiction until the appeal is resolved on the merits."  413 F.3d at 1160 (citations omitted).  The Court must adhere to this Tenth Circuit precedent.  *See United States v. Spedalieri*, 910 F.2d 707, 709, 709 n.2 (10th Cir. 1990) (citations omitted).

The Court previously denied, in part, Defendant's motion to compel (ECF No. 29) pursuant to Section 4 of the FAA.  (ECF No. 46 at 20-23.)  The Court determined that certain of Plaintiff's claims were arbitrable but that it lacked jurisdiction to compel arbitration.  (ECF No. 46 at 20-23.)  The Court determined that certain of Plaintiff's claims were not arbitrable.  (ECF No. 46 at 20-23.)  Thus, Defendant had a right to immediately appeal this prior order.  *See* 9 U.S.C. § 16(a)(1)(B).  Therefore, Defendant's appeal is non-frivolous.

## IV.   CONCLUSION

Based on the foregoing, the Court:

(1)     GRANTS Defendant's motion to stay (ECF No. 50);

(2)      STAYS the matter pending resolution of Federal Circuit Case Number 15-1308;

and

(3)      ORDERS the parties to file a joint status report within ten (10) days of the Federal

Circuit's resolution of Case Number 15-1308.

DATED this 26th day of March, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge