IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.
_____

**EXHIBIT 2
TO
MOTION TO STAY PENDING APPEAL BY DEFENDANT AUPAIRCARE, INC.**
_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LEGRAND P. BELNAP, M.D., <br><br> Plaintiff, <br> v. <br><br> IASIS HEALTHCARE CORPORATION, a Delaware corporation; SALT LAKE REGIONAL MEDICAL CENTER, L.P., a Delaware limited partnership, D.B.A. SALT LAKE REGIONAL MEDICAL CENTER; BEN HOWARD, M.D.; ALAN DAVIS, M.D.; ANGELO CHACHAS, M.D.; WANDA UPDIKE, M.D.; KATHY OLESON; and DOES 1-10, <br><br> Defendants. | **ORDER REGARDING CASE STATUS** <br><br><br> Case No.2:14-cv-00086 <br><br> District Judge David Nuffer |

In the Attorney's Planning Meeting Report,[1] Dr. Belnap's counsel indicated that Defendants had taken the position that the district court was divested of jurisdiction due to the Defendants' appeal[2] of the Order denying in part Defendants' Motion to Stay the Litigation.[3] Defendants cite to *McCauley v. Halliburton*[4] in support of their position.

Dr. Belnap, on the other hand, argues that the case is not automatically stayed once an appeal is filed.[5] Dr. Belnap argues that "Defendants ***must file a motion*** to stay litigation pending

---

[1] Attorney's Planning Meeting Report ("Report"), docket no. 46, filed February 10, 2015.

[2] Notice of Appeal, docket no. 43, filed February 9, 2015.

[3] Memorandum Decision and Order Granting in Part and Denying in Part Motion to Stay Litigation and Compel Arbitration, docket no. 41, entered January 28, 2015.

[4] *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158 (10th Cir. 2005).

[5] Plaintiff's Response to Defendants' Claim that Appeal Divests This Court of Jurisdiction ("Response"), docket no. 48, filed February 17, 2015.

appeal (which they failed to do here), and the simple act of filing a notice of appeal ***does not divest*** this Court of jurisdiction or automatically stay the case."[6]

Dr. Belnap's argument runs directly contrary to *McCauley*. There, the Tenth Circuit held that "*upon the filing* of a non-frivolous §16(a) [of the Federal Arbitration Act] appeal, the district court is divested of jurisdiction until the appeal is resolved on the merits."[7] While it is true that *McCauley* expressed concern with "dilatory appeals,"[8] *McCauley* does not require that a motion to stay be filed before the court is divested of jurisdiction. If the district court is concerned with the legitimacy of the appeal, it *may* take the "affirmative step, after a hearing, of certifying the §16(a) appeal as frivolous or forfeited."[9] But if there are no concerns about the legitimacy of the appeal, *McCauley* does not require a motion to stay before the district court may be divested of jurisdiction. Rather, jurisdiction is *automatically* divested once the notice of appeal is filed.[10]

Here, Defendants' appeal is not frivolous. Therefore, this court was divested of jurisdiction when Defendants filed their Notice of Appeal, and the case is stayed in this court until Defendants' appeal is resolved on the merits.

Dated February 20, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[6] *Id.* at 1-2 (emphasis in original).

[7] *McCauley*, 413 F.3d at 1160 (emphasis added).

[8] *Id.* at 1162.

[9] *Id.*

[10] *Id.* at 1163 ("[T]he district court was divested of jurisdiction by Halliburton's *filing of its notice of appeal*." (emphasis added)).

2