IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

_____

**SPECIALLY APPEARING DEFENDANT AUPAIRCARE, INC.'S RESPONSE TO PLAINTIFFS'
MOTION TO RE-SET HEARING AND FOR RECONSIDERATION [ECF NO. 728]**
_____

Specially appearing Defendant AuPairCare, Inc.[1] ("APC") hereby responds to

Plaintiffs' Motion to Re-Set Hearing and for Reconsideration ("Motion for

Reconsideration") [ECF No. 728], as ordered by Magistrate Judge Kathleen M. Tafoya

_____

[1] AuPairCare appears specially to make clear that it does not intend to waive the jurisdictional arguments set forth in its Motion to Stay Pending Appeal [Dkt. 726].

1

on October 16, 2017 [ECF No. 735].  The Minute Order at issue [ECF No. 726] vacated a hearing previously set on a discovery motion (i.e., Plaintiff's pending Motion to Compel [ECF No. 710]).  The Minute Order made no findings regarding the Court's jurisdiction over APC or the impact of APC's Notice of Appeal on other Defendants, and did not address APC's Motion to Stay [ECF No. 728], which was filed shortly after entry of the Minute Order.  As such, APC takes no position on whether the Court may proceed with a hearing on Plaintiffs' Motion to Compel with respect to Defendants other than APC, and responds for the sole purpose of noting that (1) APC maintains its position, as set forth in the Motion to Stay, that this Court has been divested of jurisdiction over this action as to APC, including with respect to Plaintiffs' Motion to Compel, and (2) Plaintiffs' Motion for Reconsideration is a procedurally improper vehicle for Plaintiffs to assert their opposition to a stay pending APC's appeal.

## Background

APC, on November 10, 2016, moved this Court to compel arbitration and dismiss or, alternatively, to stay the lawsuit against it.  ECF No. 431.  APC argued that *all* claims by any plaintiff against it, as set forth in Plaintiffs' Second Amended Complaint, arise out of its Au Pair Agreements and therefore are subject to arbitration.  Id. at 14-15.  APC similarly contended that the "case and controversy…are clearly encompassed by APC's Arbitration Agreement," and asked the Court to compel arbitration and "dismiss this action in its entirety as to" APC or, in the alternative, "stay this action."  Id. at 15.  APC's motion also made clear that the claims of *all* APC-sponsored au pairs are subject to arbitration.  See id. at 4 (noting that in its Answer to Plaintiffs' First Amended Complaint,

APC asserted the affirmative defense that "[a]ny alleged disputes between this Defendant and the au pairs it has sponsored are subject to mandatory arbitration provisions"), 5 (noting that APC objected to discovery on the "grounds that any alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions").[2]

Plaintiffs opposed APC's Motion to Compel Arbitration on December 5, 2016. ECF No. 449.  Plaintiffs did *not*, however, argue that APC's Arbitration Agreement does not apply to this action in its entirety.  Though Judge Arguello denied APC's Motion to Compel Arbitration (which had asked the Court to dismiss or stay the entire action as to APC) on the ground that the Arbitration agreement is unconscionable, she determined that "the scope of the APC arbitration clause covers *all* causes of action brought against APC, including the FLSA and antitrust claims."  ECF No. 705 at 7-8 (emphasis added). In doing so, Judge Arguello noted that Plaintiffs' counsel were "silent on the issue of scope" and that they "apparently concede that the…arbitration provisions encompass all claims against APC."  Id. at 8.

APC filed its Notice of Appeal from Judge Arguello's Order on October 11, 2017 [ECF No. 723], and the Court entered a Minute Order the next day, on October 12, 2017, vacating the October 18th Motion Hearing "[i]n light of the Notice of Appeal," [ECF No. 724].  The Court's Minute Order did not include any other rationale for vacating the

---

[2] APC has taken this position elsewhere since filing its Motion to Compel Arbitration, including but not limited to its Opposition to Plaintiffs' Second Motion for Conditional Collective Action Certification [ECF No. 360] at 7 (arguing that "each putative class member has the option to have his or her claims decided by an arbitrator rather than a court, as does APC").

motion hearing.  APC filed its Motion to Stay the entire action against it shortly thereafter.  [ECF No. 726].  Plaintiffs filed their Motion to Reconsider the Court's Minute Order [ECF No. 728] a day later, on October 13, 2017.  To date, Plaintiffs have not responded to APC's Motion to Stay and that Motion, which addresses jurisdictional issues, has not been referred to Magistrate Judge Tafoya for determination.

<u>Analysis</u>

First, APC takes no position on Plaintiffs' Motion for Reconsideration of a Minute Order vacating a hearing date except to note that, as set forth in its Motion to Stay, the Court was divested of jurisdiction with respect to APC upon the filing of APC's Notice of Appeal.  <u>See</u> <u>McCauley v. Halliburton Energy Servs.</u>, 413 F.3d 1158, 1160-62 (10th Cir. 2005); <u>Stewart v. Donges</u>, 915 F.2d 572, 577-78 (10th Cir. 1990).  As noted *infra*, APC's Motion to Compel Arbitration sought dismissal or a stay of the entire action, Plaintiffs did not take issue with the scope of relief requested or the scope of the arbitration clause, and Judge Arguello held that the Arbitration Clause applies to *all* claims in this action against APC.  ECF No. 705 at 7-8.  That Order by Judge Arguello currently is before the Tenth Circuit on appeal.  APC has moved for a stay of this action against it, but did not ask the Court to vacate the October 18th hearing on Plaintiffs' motion to compel and did not take the position in its Motion to Compel Arbitration or in its Motion to Stay that activity in this action should cease with respect to any other defendant.  It is APC's position that the question of whether to proceed with respect to other Defendants is better left to the Court, to Plaintiffs, and to the remaining Defendants.

Second, it is improper for Plaintiffs to attempt to transform their motion to reconsider Magistrate Tafoya's Minute Order into a referendum on this Court's jurisdiction over APC or to end-run the normal briefing process.  Again, the Court's Minute Order did not address the question of jurisdiction and did not discuss APC's Motion to Stay.  It merely vacated a hearing date on Plaintiffs' Motion to Compel, which previously had been set for October 18, 2017.  To the extent Plaintiffs wish to oppose APC's Motion to Stay, they must respond according to the Federal Rules of Civil Procedure, and APC must be given the opportunity to file a reply.  "Once a notice of appeal on an appealable issue… is filed, the status quo is that the district court has lost jurisdiction to proceed."  <u>Stewart</u>, 915 F.2d at 577-78.  A district court may only regain jurisdiction after conducting a hearing and certifying the § 16(a) appeal as frivolous. <u>McCauley</u>, 413 F.3d at 1162.  Such a certification is immediately reviewable by the Tenth Circuit.  <u>Id</u>.  Plaintiffs' attempt to end-run this process is procedurally improper.

<u>**Conclusion**</u>

This Court has been divested of jurisdiction over this action as to APC, including with respect to Plaintiffs' Motion to Compel.  However, APC takes no position on whether the hearing on Plaintiffs' Motion to Compel may proceed as to the remaining Defendants.  Plaintiffs have not yet responded to APC's Motion to Stay and the Court has not held a hearing or made the certification required by the Tenth Circuit in <u>McCauley</u>.  Therefore, the Court currently lacks jurisdiction over APC.

Respectfully submitted this 18th day of October, 2017.

_/s/ Thomas Quinn_
Thomas B. Quinn
Peggy E. Kozal
Nathan Huey
Jennifer Arnett-Roehrich
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 534-5160
Fax: (303) 534-5161
tquinn@grsm.com
pkozal@grsm.com
nhuey@grsm.com
jarnett-roehrich@grsm.com
**_Attorneys for Defendant-Appellant
AuPairCare, Inc._**

**CERTIFICATE OF SERVICE (CM/ECF)**

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system, which will send notification to all counsel referenced below, and/or sent via electronic mail on this the 18th day of October, 2017 addressed to:

| | | |
|---|---|---|
| Lauren F. Louis<br>Sigrid S. McCawley<br>Sabria McElroy<br>Matthew L. Schwartz<br>Peter M. Skinner<br>Randall W. Jackson<br>Dawn L. Smalls<br>Joshua Libling<br>Sean P. Rodriguez<br>Juan P. Valdivieso<br>BOIES SCHILLER & FLEXNER, LLP<br>llouis@bsfllp.com<br>smccawley@bsfllp.com<br>smcelroy@bsfllp.com<br>mlschwartz@bsfllp.com<br>pskinner@bsfllp.com<br>rjackson@bsfllp.com<br>dsmalls@bsfllp.com<br>jlibling@bsfllp.com<br>srodriguez@bsfllp.com<br>jvaldivieso@bsfllp.com<br>*and*<br>Alexander N. Hood<br>TOWARDS JUSTICE – DENVER<br>alex@towardsjustice.org<br>***Attorneys for Plaintiffs*** | Brooke A. Colaizzi<br>Raymond M. Deeny<br>Heather F. Vickles<br>Joseph H. Hunt<br>Alyssa L. Levy<br>SHERMAN & HOWARD, LLC<br>bcolaizzi@shermanhoward.com<br>rdeeny@shermanhoward.com<br>hvickles@shermanhoward.com<br>jhunt@shermanhoward.com<br>alevy@shermanhoward.com<br>***Attorneys for Defendant InterExchange, Inc.*** | William J. Kelly, III<br>Chanda M. Feldkamp<br>KELLY & WALKER, LLC<br>wkelly@kellywalkerlaw.com<br>cfeldkamp@kellywalkerlaw.com<br>***Attorneys for Defendant USAuPair, Inc.*** |
| Meshach Y. Rhoades<br>Martin J. Estevao<br>Vance O. Knapp<br>ARMSTRONG TEASDALE, LLP<br>mrhoades@armstrongteasdale.com<br>mestevao@armstrongteasdale.com<br>vknapp@armstrongteasdale.com<br>***Attorneys for Defendant GreatAuPair, LLC*** | Bogdan Enica<br>BOGDAN ENICA, ATTORNEY AT LAW<br>bogdane@hotmail.com<br>***Attorney for Defendant Expert Group International, Inc. d/b/a Expert AuPair*** | David B. Meschke<br>Martha L. Fitzgerald<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>dmeschke@bhfs.com<br>mfitzgerald@bhfs.com<br>***Attorneys for Defendant EurAupair InterCultural Child Care Programs*** |
| James E. Hartley<br>Adam A. Hubbard<br>Jonathan S. Bender<br>HOLLAND & HART, LLP<br>jhartley@hollandhart.com | Brian A. Birenbach<br>RIETZ LAW FIRM, LLC<br>brian@rietzlawfirm.com<br>*and*<br>Kathryn A. Reilly | Kathryn A. Reilly<br>Grace A. Fox<br>Natalie West<br>WHEELER TRIGG O'DONNELL, LLP |

| | | |
|---|---|---|
| aahubbard@hollandhart.com<br>jsbender@hollandhart.com<br>**Attorneys for Defendant**<br>**Cultural Homestay International** | Grace A. Fox<br>Natalie West<br>WHEELER TRIGG<br>O'DONNELL, LLP<br>reilly@wtotrial.com<br>fox@wtotrial.com<br>west@wtotrial.com<br>**Attorneys for Defendants Au**<br>**Pair International, Inc.;**<br>**American Cultural**<br>**Exchange, LLC d/b/a**<br>**GoAuPair** | reilly@wtotrial.com<br>fox@wtotrial.com<br>west@wtotrial.com<br>**Attorney for Defendant**<br>**Agent Au Pair** |
| Lawrence L. Lee<br>Susan M. Schaecher<br>FISHER & PHILLIPS, LLP<br>llee@laborlawyers.com<br>sschaecher@laborlawyers.com<br><br>and<br><br>John B. Fulfree<br>Joseph B. Cartafalsa<br>Robert M. Tucker<br>Stephen J. Macri<br>PUTNEY, TWOMBLY, HALL &<br>HIRSON, LLP<br>jfulfree@putneylaw.com<br>jcartafalsa@putneylaw.com,<br>jbc54@cornell.edu<br>rtucker@putneylaw.com,<br>robert.m.tucker1@gmail.com<br>smacri@putneylaw.com<br><br>**Attorneys for Defendants APF**<br>**Global Exchange, NFP d/b/a**<br>**Aupair Foundation; American**<br>**Institute for Foreign Study d/b/a**<br>**Au Pair in America** | Eric J. Stock<br>Gibson, Dunn & Crutcher LLP<br>estock@gibsondunn.com<br>mao@gibsondunn.com<br>**Attorneys for Defendant**<br>**American Institute for**<br>**Foreign Study d/b/a Au Pair**<br>**in America**<br><br>Lawrence D. Stone<br>Kathleen E. Craigmile<br>NIXON SHEFRIN HENSEN<br>OGBURN, P.C.<br>lstone@nixonshefrin.com<br>kcraigmile@nixonshefrin.com<br>**Attorneys for Defendants**<br>**A.P.E.X. American**<br>**Professional Exchange, LLC**<br>**d/b/a**<br>**ProAuPair;**<br>**20/20 Care Exchange, Inc.**<br>**d/b/a The International Au**<br>**Pair Exchange** | Joan A. Lukey<br>Robert M. Buchanan, Jr.<br>Michael T. Gass<br>Justin J. Wolosz<br>Lyndsey M. Kruzer<br>Kevin P. O'Keefe<br>CHOATE, HALL &<br>STEWART, LLP<br>joan.lukey@choate.com<br>rbuchanan@choate.com<br>mgass@choate.com<br>jwolosz@choate.com<br>lkruzer@choate.com<br>kokeefe@choate.com<br>and<br>Diane R. Hazel<br>James M. Lyons<br>Jessica L. Fuller<br>LEWIS ROCA<br>ROTHGERBER CHRISTIE<br>LLP<br>dhazel@lrrc.com<br>jlyons@lrrc.com<br>jfuller@lrrc.com<br>**Attorneys for Defendant**<br>**Cultural Care, Inc. d/b/a**<br>**Cultural Care Au Pair** |

/s/Fran Aragon Eaves
For Gordon & Rees LLP