IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

_____

**REPLY IN SUPPORT OF MOTION TO STAY PENDING
APPEAL [ECF NO. 726] BY DEFENDANT AUPAIRCARE, INC.**

_____

All claims by all Plaintiffs against AuPairCare, Inc. ("APC") should be stayed

pending the outcome of APC's appeal to the Tenth Circuit. Plaintiffs have waived their

right to argue otherwise, and the mandatory stay of appeals from denials of motions to compel arbitration applies to all claims, asserted by all Plaintiffs,[1] against APC.

Plaintiffs concede that all claims by APC-sponsored au pairs against APC are stayed pending APC's appeal. Pls.' Opp'n to AuPairCare's Mot. to Stay Pending Appeal [ECF # 740] ("Pls.' Opp'n"), at 1 ("Thus, Plaintiffs do not oppose a stay solely as to claims between AuPairCare *au pairs* and AuPairCare."). Plaintiffs argue that this Court did not automatically lose jurisdiction over two categories of claims: first, claims by APC-sponsored au pairs against defendants other than APC and, second, claims by non-APC-sponsored au pairs against APC. APC takes no position at this time on claims by APC-sponsored au pairs against other defendants. Thus, the only dispute is over the antitrust claim asserted by non-APC-sponsored plaintiffs against APC.

Plaintiffs accuse APC of making a "false" argument that the stay applies to all claims against APC. Pls.' Opp'n at 3. But the scope of the requested stay is directly tied to this Court's Order – an inconvenient truth that Plaintiffs completely ignore. While Plaintiffs omit any mention of this Court's finding, that "the scope of the arbitration clause covers all causes of actions brought against APC, including the FLSA and antitrust claims," Order Denying Defendant AuPairCare, Inc.'s Motion to Compel Arbitration [ECF No. 705] ("Order") at 7-8, hiding from this Court's findings cannot salvage Plaintiffs' now-waived argument.

---

[1] The term "Plaintiffs" currently includes only the nine named Plaintiffs. While counsel for Plaintiffs repeatedly refers to "tens of thousands" of plaintiffs, Pls.' Opp'n to APC's Mot. to Stay Pending Appeal [ECF No. 740], at 1, 9, no class has yet been certified. As such, the putative opt-in class members cannot be considered "Plaintiffs" in this case.

Further, APC appeals from both the Court's denial of APC's request for arbitration and the related request for a stay of the entire action against APC. Under §16(a) of the Federal Arbitration Act ("FAA"), and the Tenth Circuit's holding in McCauley v. Halliburton Energy Servs., 413 F.3d 1158, 1162 (10th Cir. 2005), the entire case against APC must be stayed pending the Tenth Circuit's decision on the enforceability of APC's arbitration provision. Plaintiffs concede that APC's appeal is not frivolous. Thus, in the absence of a certification from this Court that APC's appeal is frivolous, this Court lacks jurisdiction over APC. In the alternative, even if this Court were to analyze the requested stay with respect to the antitrust claim of non-APC Plaintiffs as a matter of discretion, the result is the same – the stay should be entered.

## Background

Particularly in light of Plaintiffs' eleventh hour argument regarding the claims of non-APC au pairs, it is worth reviewing pertinent background. In November 2016, APC moved this court for an order compelling arbitration and a stay of the entire case against APC pending arbitration. Def. AuPairCare, Inc.'s Mot. to Compel Arbitration and Dismiss or, Alternatively, Stay Lawsuit [ECF No. 431] ("Mot. to Compel Arbitration"). APC stated that the "case and controversy, as alleged in the SAC, are clearly encompassed by APC's Arbitration Agreement." At 15. Plaintiffs did not dispute this statement regarding the scope of the arbitration agreement, and they did not argue that the case may appropriately be stayed with respect to APC-sponsored au pairs but not with respect to non-APC au pairs. See generally Pls.' Opp'n to Def. AuPairCare's Motion to Compel Arbitration and Dismiss or, Alternatively, Stay Lawsuit [ECF No. 449] ("Opp'n to Mot. to

Compel Arbitration"). On September 21, 2017, this Court ruled that the APC arbitration provisions apply to all claims asserted against APC but denied the motion to compel arbitration. Order at 7-8, 20.  Plaintiffs did not move for reconsideration. APC has appealed the Order, including the decision to not stay the entire case against APC pending arbitration. Notice of Appeal [ECF No. 723]. As a precautionary measure only, APC also filed a Motion to Stay the entire case against APC pending the Tenth Circuit appeal. Motion to Stay Pending Appeal [ECF No. 726.]

## **Legal Argument**

*Plaintiffs Waived Any Argument That the Antitrust*
*Claim of Non-APC Plaintiffs Should Not Be Stayed*

Plaintiffs' accusations of falsity, Pls.' Opp'n at 1, 3, cannot mask the fact that Plaintiffs have, through their inaction and last-minute reversal in strategy, waived any argument that the stay should not apply to non-APC au pairs. Before filing their Opposition to APC's motion to stay, Plaintiffs failed to assert that any stay pending arbitration should not apply to non-APC sponsored au pairs. In its motion to compel arbitration, APC argued that all of the claims against APC arise out of its arbitration agreements, and that the entire case against APC should be stayed pending arbitration. Mot. to Compel Arbitration at 15. Plaintiffs did not refute this argument, choosing instead to argue against the motion to compel arbitration and to stay the case *in toto.* Plaintiffs' counsel made the strategic decision to not argue, as they do now, that the claims of APC-sponsored au pairs and their non-APC counterparts should be treated differently, and the Court found that "Plaintiffs' counsel, who are silent on the issue of scope, apparently concede that the APC arbitration provisions encompass <u>all claims</u> against

APC." Order at 8 (emphasis added).[2] Plaintiffs cannot now suddenly change course and make the *post hac* argument that only some of the claims, by some of the Plaintiffs, arise out of the APC arbitration provision, and that claims of only certain Plaintiffs against APC should be stayed.

Plaintiffs had ample opportunity to argue that any stay of claims against APC pending arbitration should not apply to claims by non-APC au pairs, but they have not done so. Plaintiffs could have argued, in their opposition to APC's motion to compel arbitration, that not all claims against APC arise out of APC's arbitration agreement, and that any stay pending arbitration should not apply to claims by non-APC au pairs, but they did not do so. Plaintiffs could have filed a motion to reconsider this Court's conclusions that the APC arbitration provisions "cover[] all causes of action[] brought against APC," and that Plaintiffs "concede that the APC arbitration provisions encompass all claims against APC," Order at 8, but they did not do so.

Plaintiffs are now simply too late to change course. APC stated in its Motion to Compel Arbitration that "[t]his case and controversy, as alleged in the SAC, are clearly encompassed by APC's Arbitration Agreement," and APC requested that the Court "grant AuPairCare's motion to compel arbitration, and dismiss this action in its entirety as to them." Mot. to Compel Arbitration at 15. The Court ruled that the APC arbitration provisions apply to "<u>all claims</u>" against APC, and APC has filed a notice of appeal of the

---

[2] Plaintiffs refer to the Court's definition of "APC Agreement" as the agreements signed by named plaintiffs Harning and Jimenez. Pls.' Opp'n at 8-9 n.4. But in concluding that "the scope of the arbitration clause covers all causes of actions brought against APC," Order at 7-8, the Court did not limit the finding to "APC Agreements." Rather, the conclusion is all-encompassing, and Plaintiffs' protests to the contrary are misplaced.

Court's Order denying its motion to compel arbitration. This filing of the notice of appeal has resulted in this Court being divested of jurisdiction over claims against APC pending the outcome of the appeal.

Nevertheless, Plaintiffs reverse course and now argue that the APC arbitration provisions cannot apply to non-APC au pairs, Pls.' Opp'n at 5-6. But the assumption of Plaintiffs – that "[t]he district court retains jurisdiction over all parties and claims not subject to the arbitration agreements on appeal," Pls.' Opp'n at 6-7 – rings hollow, because this Court concluded that the APC arbitration provisions "cover[] all causes of action[] brought against APC," Order at 8. When APC appealed this Order, the Court was divested of jurisdiction. As such, the only appropriate forum for Plaintiffs to argue that all claims against APC do not arise out of the APC arbitration provisions, and that the entire case against APC should not be stayed, is the Tenth Circuit. FAA §16.

_APC's Appeal Is Not Frivolous, A Point Conceded by Plaintiffs_

APC's appeal encompasses all claims against it, including the antitrust claim asserted by non-APC-sponsored au pairs. APC moved the Court for an order dismissing the action "in its entirety as to" APC, Mot. to Compel Arbitration at 15, and this Court concluded that the APC arbitration provisions "cover[] all causes of action[] brought against APC, including the FLSA and antitrust claims," Order at 7-8. The Court found that the arbitration provisions were unconscionable and therefore denied APC's motion to compel arbitration, which ruling APC has appealed. Included within the scope of APC's appeal is the Court's denial of APC's request for a dismissal or stay of the entire case against it, including the antitrust claim of non-APC au pairs, pending

arbitration. The entirety of APC's appeal from the Court's Order denying arbitration is encompassed within §16(a) of the FAA. Therefore, the same standard for the present motion to stay applies to the claims of non-APC-sponsored plaintiffs as applies to the claims asserted by APC-sponsored plaintiffs.

That standard has been clearly articulated by the Tenth Circuit, in McCauley, 413 F.3d 1158. There, the Court explained that a district court lacks jurisdiction over matters encompassed within an order denying a motion to compel arbitration unless the court "tak[es] the affirmative step, after a hearing, of certifying the § 16(a) appeal as frivolous or forfeited." Id. at 1162. Plaintiffs have not requested a hearing certifying that the appeal is frivolous. Indeed, Plaintiffs concede that APC's appeal is not frivolous, as they must. Pls.' Opp'n at 6 n.2 ("[T]he standard for frivolousness is extremely high and the decision at issue is sufficiently factbound that there is no precedent so squarely against AuPairCare that it lacks any colorable argument.") (emphasis in original). See Let's Go Aero, Inc. v. Cequent Performance Prods., Inc., Civ. No. 14-cv-01600, Amended Order at 3 (D. Colo. Mar. 26, 2015) (finding that an appeal from a denial of a motion to compel arbitration is not frivolous). The entire case against APC, including the antitrust claim of non-APC plaintiffs, should therefore be stayed pending APC's appeal.

*In the Alternative, the Discretionary Stay Analysis Supports Entry of a Stay with Respect to the Claims by Non-APC-Sponsored Au Pairs Against APC*

APC contends that this entire action against it should be stayed pending its appeal pursuant to §16(a) of the FAA, and Plaintiffs agree with respect to claims by APC-sponsored Plaintiffs. With respect to the antitrust claim of non-APC-sponsored Plaintiffs, Plaintiffs argue, purportedly in anticipation of APC's arguments, that a

discretionary stay analysis should apply. Pls.' Opp'n at 10 and n.5. Even applying a discretionary stay analysis, which is <u>not</u> appropriate here, this court should stay the causes of action by non-APC-sponsored Plaintiffs against APC.

The Supreme Court has explained, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). Pertinent to the present case, the Court in <u>Landis</u> recognized that courts may stay proceedings in favor of proceedings in another court even where the parties and issues in the different fora are not identical. <u>Id.</u>

The Tenth Circuit has articulated discretionary stay factors: "whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake." <u>USW v. Or. Steel Mills, Inc.</u>, 322 F.3d 1222, 1227 (10th Cir. 2003). Here, each of the factors weighs in favor of staying the claims of non-APC-sponsored au pairs against APC pending the outcome of APC's appeal.

First, APC is likely to prevail in its appeal. There is a strong presumption in favor of arbitration. <u>See, e.g.</u>, <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983). This court's denial of APC's motion to compel is, with all due respect, likely to be overturned given that the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts <u>shall</u> direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."

-8-

Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in original). As APC argued in its motion seeking to compel arbitration, all causes of action that are asserted against APC arise out of APC's au pair agreements, and, therefore, all causes of action, by all parties, against APC should be stayed pending the Tenth Circuit's decision on the enforceability of APC's arbitration provision.

Second, APC will suffer irreparable harm if the same antitrust claim is pursued against APC in both arbitration and before this Court. If APC prevails on its appeal regarding the enforceability of its arbitration provision with respect to APC-sponsored au pairs, but the non-APC antitrust claim were to proceed in this Court, APC would face the very real possibility of inconsistent rulings. The Second Amended Complaint ("SAC") makes no distinction in the antitrust allegations by APC and non-APC sponsored au pairs. There is a single antitrust cause of action, asserted by all plaintiffs against all defendants. See SAC at Count I. Thus, APC would face a ruling by an arbitrator on the antitrust claim, and also, on the identical antitrust claim, a ruling by this Court. Courts are to avoid such high probability of inconsistent rulings. See, e.g., McCauley, 413 F.3d at 1162 ("Indeed, continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." (citation omitted)). This likelihood of inconsistent rulings is the very essence of irreparable harm, and a stay of the non-APC sponsored au pairs' antitrust claim against APC should be stayed for this reason alone. See, e.g., Paramedica Electromedicina Comercial Ltda. v. GE Med. Sys. Info. Techs., Case No. 02 Civ. 9369, 2003 U.S. Dist. LEXIS 26928, at *38 (S.D.N.Y. June 4, 2003) (finding that party would

be irreparably harmed, due to possibility of conflicting judgments, if claims were to proceed in two fora).

Third, the other Defendants are in the best position to assess if they would be prejudiced by a stay of the antitrust claim by non-APC Plaintiffs against APC. To alleviate any potential prejudice, the Court could stay the entire case pending the appeal.

Finally, the public interest will not be impacted if the non-APC plaintiffs' antitrust claim against APC is stayed pending appeal. If the Court were to stay the entire case pending the appeal (and likely arbitration), the antitrust case could continue after the appeal and arbitration. There will be no impact on the public interest.

## Conclusion

APC and Plaintiffs agree that the claims by APC-sponsored au pairs must be stayed pending appeal. The only dispute is with respect to non-APC au pairs' antitrust claim against APC. For the reasons provided in APC's Motion to Stay and in this Reply, all claims against APC, including the one claim asserted by non-APC au pairs, should be stayed pending the outcome of APC's appeal to the Tenth Circuit.

Respectfully submitted this 3rd day of November, 2017.

/s/ Thomas Quinn
Thomas B. Quinn
Peggy E. Kozal
Nathan Huey
Jennifer Arnett-Roehrich
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 534-5160
Fax: (303) 534-5161

-10-

tquinn@grsm.com
pkozal@grsm.com
nhuey@grsm.com
jarnett-roehrich@grsm.com
***Attorneys for Defendant-Appellant
AuPairCare, Inc.***

**CERTIFICATE OF SERVICE (CM/ECF)**

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system, which will send notification to all counsel referenced below, and/or sent via electronic mail on this the 3rd day of November, 2017 addressed to:

| | | |
|---|---|---|
| Lauren F. Louis<br>Sigrid S. McCawley<br>Sabria McElroy<br>Matthew L. Schwartz<br>Peter M. Skinner<br>Randall W. Jackson<br>Dawn L. Smalls<br>Joshua Libling<br>Sean P. Rodriguez<br>Juan P. Valdivieso<br>BOIES SCHILLER &<br>FLEXNER, LLP<br>llouis@bsfllp.com<br>smccawley@bsfllp.com<br>smcelroy@bsfllp.com<br>mlschwartz@bsfllp.com<br>pskinner@bsfllp.com<br>rjackson@bsfllp.com<br>dsmalls@bsfllp.com<br>jlibling@bsfllp.com<br>srodriguez@bsfllp.com<br>jvaldivieso@bsfllp.com<br>*and*<br>Alexander N. Hood<br>TOWARDS JUSTICE –<br>DENVER<br>alex@towardsjustice.org<br>***Attorneys for Plaintiffs*** | Brooke A. Colaizzi<br>Raymond M. Deeny<br>Heather F. Vickles<br>Joseph H. Hunt<br>Alyssa L. Levy<br>SHERMAN & HOWARD,<br>LLC<br>bcolaizzi@shermanhoward.com<br>rdeeny@shermanhoward.com<br>hvickles@shermanhoward.com<br>jhunt@shermanhoward.com<br>alevy@shermanhoward.com<br>***Attorneys for Defendant***<br>***InterExchange, Inc.*** | William J. Kelly, III<br>Chanda M. Feldkamp<br>KELLY & WALKER, LLC<br>wkelly@kellywalkerlaw.com<br>cfeldkamp@kellywalkerlaw.com<br>***Attorneys for Defendant***<br>***USAuPair, Inc.*** |
| Meshach Y. Rhoades<br>Martin J. Estevao<br>Vance O. Knapp<br>ARMSTRONG TEASDALE,<br>LLP<br>mrhoades@armstrongteasdale.com<br>mestevao@armstrongteasdale.com<br>vknapp@armstrongteasdale.com<br>***Attorneys for Defendant***<br>***GreatAuPair, LLC*** | Bogdan Enica<br>BOGDAN ENICA,<br>ATTORNEY AT LAW<br>bogdane@hotmail.com<br>***Attorney for Defendant***<br>***Expert Group***<br>***International, Inc. d/b/a***<br>***Expert AuPair*** | David B. Meschke<br>Martha L. Fitzgerald<br>BROWNSTEIN HYATT<br>FARBER SCHRECK, LLP<br>dmeschke@bhfs.com<br>mfitzgerald@bhfs.com<br>***Attorneys for Defendant***<br>***EurAupair InterCultural***<br>***Child Care Programs*** |
| James E. Hartley<br>Adam A. Hubbard | Brian A. Birenbach<br>RIETZ LAW FIRM, LLC | Kathryn A. Reilly<br>Grace A. Fox |

| | | |
|---|---|---|
| Jonathan S. Bender<br>HOLLAND & HART, LLP<br>jhartley@hollandhart.com<br>aahubbard@hollandhart.com<br>jsbender@hollandhart.com<br>***Attorneys for Defendant Cultural Homestay International*** | brian@rietzlawfirm.com<br>*and*<br>Kathryn A. Reilly<br>Grace A. Fox<br>Natalie West<br>WHEELER TRIGG<br>O'DONNELL, LLP<br>reilly@wtotrial.com<br>fox@wtotrial.com<br>west@wtotrial.com<br>***Attorneys for Defendants Au Pair International, Inc.; American Cultural Exchange, LLC d/b/a GoAuPair*** | Natalie West<br>WHEELER TRIGG<br>O'DONNELL, LLP<br>reilly@wtotrial.com<br>fox@wtotrial.com<br>west@wtotrial.com<br>***Attorney for Defendant Agent Au Pair*** |
| Lawrence L. Lee<br>Susan M. Schaecher<br>FISHER & PHILLIPS, LLP<br>llee@laborlawyers.com<br>sschaecher@laborlawyers.com<br><br>and<br><br>John B. Fulfree<br>Joseph B. Cartafalsa<br>Robert M. Tucker<br>Stephen J. Macri<br>PUTNEY, TWOMBLY, HALL & HIRSON, LLP<br>jfulfree@putneylaw.com<br>jcartafalsa@putneylaw.com,<br>jbc54@cornell.edu<br>rtucker@putneylaw.com,<br>robert.m.tucker1@gmail.com<br>smacri@putneylaw.com<br><br>***Attorneys for Defendants APF Global Exchange, NFP d/b/a Aupair Foundation; American Institute for Foreign Study d/b/a Au Pair in America*** | Eric J. Stock<br>Gibson, Dunn & Crutcher LLP<br><br>estock@gibsondunn.com<br>mao@gibsondunn.com<br>***Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in America***<br><br>Lawrence D. Stone<br>Kathleen E. Craigmile<br>NIXON SHEFRIN HENSEN OGBURN, P.C.<br>lstone@nixonshefrin.com<br>kcraigmile@nixonshefrin.com<br>***Attorneys for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair; 20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange*** | Joan A. Lukey<br>Robert M. Buchanan, Jr.<br>Michael T. Gass<br>Justin J. Wolosz<br>Lyndsey M. Kruzer<br>Kevin P. O'Keefe<br>CHOATE, HALL & STEWART, LLP<br>joan.lukey@choate.com<br>rbuchanan@choate.com<br>mgass@choate.com<br>jwolosz@choate.com<br>lkruzer@choate.com<br>kokeefe@choate.com<br>and<br>Diane R. Hazel<br>James M. Lyons<br>Jessica L. Fuller<br>LEWIS ROCA<br>ROTHGERBER CHRISTIE LLP<br>dhazel@lrrc.com<br>jlyons@lrrc.com<br>jfuller@lrrc.com<br>***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair*** |

*/s/ Kelly M. Trease*
For Gordon & Rees LLP