# Exhibit 30

| | |
|---|---|
| **From:** | Maria Guarisco |
| **To:** | "brian@rietzlawfirm.com"; "Buchanan, Bob"; "Joseph Cartafalsa"; "Brooke Colaizzi"; "Kathleen Craigmile"; "Raymond Deeny"; "Bogdan Enica"; "Martin Estevao"; "Chanda Feldkamp"; "Martha Fitzgerald"; "fox@wtotrial.com"; "John Fulfree"; "Jessica Fuller"; "Gass, Michael T."; "christian@dallahammond.com"; "James Hartley"; "Diane Hazel"; "Adam Hubbard"; "Joseph Hunt"; "William Kelly III"; "sklopman@hklawllc.com"; "Peggy Kozal"; "Lawrence Lee"; "Lukey, Joan"; "James Lyons"; "Stephen Macri"; "jmann@gordonrees.com"; "bmaschler@gordonrees.com"; "David Meschke"; "Thomas Quinn"; "Kathryn Reilly"; "Meshach Rhoades"; "Susan Schaecher"; "Lawrence Stone"; "jsbender@hollandhart.com"; "Robert Tucker"; "Heather Vickles"; "Kruzer, Lyndsey M."; "Boyd, Patrick S."; "ALevy@shermanhoward.com"; "Newman, Shirley M." |
| **Cc:** | Dawn Smalls; Peter Skinner; Matthew L. Schwartz; Sean Rodriguez; Joshua Libling; Daniel Schwartz; Juan Valdivieso; Byron Pacheco; Abigail Tudor |
| **Subject:** | Plaintiffs" Amended Subpoena for Documents to the Alliance for International Exchange |
| **Date:** | Thursday, May 25, 2017 12:57:00 PM |
| **Attachments:** | 2017-05-25 Alliance Subpoena FINAL.pdf |

Counsel:

Please find attached Plaintiffs' Amended Subpoena for Documents to the Alliance for International Exchange. This email serves as notice of our intent to serve the subpoena as required by Rule 45(a)(4).

Maria

**Maria Guarisco**
Paralegal

**BOIES SCHILLER FLEXNER** LLP

575 Lexington Avenue
New York, NY 10022
(t) +1 212-446-2347
mguarisco@bsfllp.com
www.bsfllp.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| JOHANA PAOLA BELTRAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>INTEREXCHANGE INC., et al.,<br><br>　　　　Defendants. | Civil Case No. 14-cv-03074-CMA-KMT |

**PLAINTIFFS' AMENDED SUBPOENA FOR DOCUMENTS**
**TO THE ALLIANCE FOR INTERNATIONAL EXCHANGE**

YOU ARE HEREBY COMMANDED pursuant to Fed. R. Civ. P. 45, to produce the documents and things designated herein for inspection at the offices of Boies Schiller Flexner LLP, 1401 New York Ave, NW, Washington, D.C. 20005, by 6:00 pm Eastern DST on June 9, 2017. This subpoena for documents shall be read and interpreted in accordance with the definition and instructions identified below.

**DEFINITIONS AND INSTRUCTIONS**

Plaintiffs incorporate by reference all the instructions, definitions and rules contained in the Federal Rules of Civil Procedure, as well as the applicable instructions and for purposes of this request for production, the following instructions and definitions shall apply:

　　1.　　The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

　　2.　　The present tense shall be construed to include the past tense and vice-versa.

3. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

4. The word "any" shall be construed to include "all" and vice-versa.

5. The term "au pair program" means the United States Department of State's Au Pair Exchange Program.

6. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7. The terms "communication" or "communications" means any document intended to convey information from one person to another in whatever form.

8. The term "compensation" is defined to include all forms of benefit received in exchange for a good or service including, but not limited to, money (whether a salary, stipend, allowance, bequest, pocket money, or in any other form), healthcare benefits, in-kind benefits, housing benefits, room and board deductions, educational benefits, or any other good, service, or thing of value.

9. The term "data" shall be interpreted broadly to mean information in any form.

10. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R.Civ. P. 34(a)(1)(A). A draft of a non-identical copy is a separate document within the meaning of this term.

11. The term "Electronically stored information" or ESI is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in F.R.C.P. 34(a)(1)(A).

a.      All ESI shall be produced as multi- page TIFF files with multi-page text files, and IPRO (.lfp), Opticon (.opt) and Summation (.dii) load files shall be provided, along with a separate ASCII delimited text file for metadata. Except for documents produced as paper, the metadata fields will include the following fields: Beginning Doc #; Ending Doc #; Beginning Attachment #; Ending Attachment #; MD5HASH; Date last modified; Date sent; Date created; Date received; Author; Sent on behalf of; From; To; CC; BCC; File extension; Custodian; Subject; and File Name. Excel documents shall be produced natively, unless they are redacted. Text files shall be provided for each document with text either extracted from a native text layer or, if none exists, with text generated via OCR.

12.     The term "Sponsor" shall mean any au pair sponsor organization designated by the United States Department of State.

13.     The term "stipend" means any monetary compensation paid to au pairs.

14.     The terms "you" and "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

## DOCUMENTS TO BE PRODUCED

**Document Request No. 1**

All documents concerning the above-captioned litigation.

**Document Request No. 2**

All documents concerning compensation for au pairs. This request includes but is not limited to all documents concerning:

(i)     the amount of compensation paid to au pairs;

(ii)    the role of Sponsors in setting compensation;

3

(iii)     whether the weekly stipend is subject to a maximum or is fixed, uniform, or set at certain amount by law;

(iv)     any stipends higher than any minimum, maximum, fixed, or uniform stipend;

(v)      any increase in the weekly stipend upon an increase in the federal minimum wage;

(vi)     responses by Sponsors to host families that requested or inquired about paying more than the minimum stipend;

(vii)    guidance provided by Sponsors to au pairs or host families about au pair compensation;

(viii)   Whether the weekly stipend and/or the room and board credit is taxable income; and

(ix)     Whether the weekly stipend is subject to wage and hour laws.

**Document Request No. 3**

All documents concerning whether Sponsors are employers of au pairs.

**Document Request No. 4**

Documents sufficient to show the dates, location, and attendees of any meeting, conference, or gathering of two or more Sponsors, together with any minutes, agenda, transcription, recording, or similar record of that meeting.

**Document Request No. 5**

All documents concerning any collaborative or joint efforts undertaken by Sponsors.

**Document Request No. 6**

All documents concerning competition of any kind among Sponsors, or lack thereof, including the allegation that Sponsors "have a "cartel" as alleged by Joseph Duffey, then Director of the United States Information Agency, in 1995.

**Document Request No. 7**

All documents concerning your position papers on the au pair program, including but not limited to the final position papers, drafts, comments received or solicited, and discussion of the position papers both before and after their release. For the avoidance of doubt, "position papers" means documents of the sort available at: http://www.alliance-exchange.org/sites/default/files/AuPair_2016.pdf for all years for which such a paper was issued or supported or promoted by you.

**Document Request No. 8**

All communications with the United States Departments of State or Labor concerning au pairs or the au pair program.

**Document Request No. 9**

All documents concerning guidance or regulations issued by the United States Departments of State or Labor (including, but not limited to, 22 C.F.R. 62.31) concerning au pairs or the au pair program, including but not limited to, analysis of such guidance or regulations, as well as guidance provided by you to your members regarding the Department of State or Department of Labor guidance or regulation.

**Document Request No. 10**

All documents concerning the child care market and the factors underlying a family's decision to hire an au pair.

**Document Request No. 11**

All documents concerning Sponsor revenue or profit streams.

**Document Request No. 12**

Documents sufficient to show the rules, regulations, or guidelines governing membership in you, including but not limited to any dues charged, as well as how those rules, regulations, or guidelines have changed over time. The temporal scope of this request is from 2000 to the present.

BOIES SCHILLER FLEXNER LLP

*/s/ Dawn L. Smalls*
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
Sabria McElroy
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Tel.: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com
smcelroy@bsfllp.com

6

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado 80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org
*Attorneys for Plaintiffs*

7

## Text of Federal Rule of Civil Procedure 45(d) and (e)

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1) *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection*.

(A) *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena*.

(A) *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

(B) *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.
(e) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) *Producing Documents or Electronically Stored Information*. These procedures apply to producing documents or electronically stored information:
  (A) *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) *Claiming Privilege or Protection*.
  (A) *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.