# Exhibit 31

|         |                                            |
|---------|--------------------------------------------|
| **From:**    | Ben Ogletree                          |
| **To:**      | Juan Valdivieso                       |
| **Cc:**      | Faith Reyes; Sean Rodriguez           |
| **Subject:** | Re: Docs on which we will begin review |
| **Date:**    | Saturday, September 30, 2017 12:40:45 PM |

Juan -- We'll confer with our client and then call you on Monday.

Benjamin Ogletree

> On Sep 29, 2017, at 6:21 PM, Juan Valdivieso <JValdivieso@BSFLLP.com> wrote:
>
> Dear Ben and Faith,
>
> It looks like we are moving toward enforcement proceedings. We are willing to have one more meet and confer in an attempt to avoid that.
>
> Before we confer, please explain why you think the Western Convenience Stores authority does not apply, as we think that would be useful for us to know for our discussion.
>
> In the meantime, we expect you to be continuing with your work (at least as to the 9,871 you were willing to proceed with) and begin rolling productions immediately. If you decline to do so, please provide legal authority supporting your position. The Alliance agreed to complete its production by August 23, and we are now more than a month past that. Please confirm that you have commenced and are proceeding with your review.
>
> For the reasons discussed in my last email, we don't think you are entitled to have your fees and costs paid by Plaintiffs. We have asked that you provide evidence of the Alliance's inability to pay and you have not done so. We have documents that show otherwise. See attached at 53501 (showing reserves of $456,990 after 16 straight years in the black) (Counsel for GoAuPair has removed the AEO designation). The Alliance's 2015 Form 990, also attached, shows over $1 million in revenue, approximately $400k in assets, and the ability to pay Mr. McCarry a salary of over $200k.
>
> We feel strongly that Defendants should bear the Alliance's cost of compliance with the subpoena to the extent the Alliance demonstrates an inability to pay.
>
> The Alliance may wish its former counsel had not acted reasonably by reviewing and producing plainly nonprivileged materials, but it remains bound by that conduct. The only way it can avoid being bound is if it shows positive misconduct or a complete dereliction of any duty.
>
> Although our position is that you are entitled to nothing, as a matter of courtesy we would be willing to reimburse up to $2500 in non-legal project discovery management fees. We would not reimburse anything else.
>
> Please let me know when you are available to discuss on Monday.
>
> Regards,
>

> Juan
>
> Juan P. Valdivieso, Esq.
> Associate
>
>
> BOIES SCHILLER FLEXNER LLP
> 1999 Harrison Street
> Suite 900
> Oakland, CA 94612
> (t) +1 510 874 1010
> (m) +1 510 874 1000
> (f) +1 510 874 1460
> jvaldivieso@bsfllp.com<mailto:jvaldivieso@bsfllp.com>
> www.bsfllp.com<http://www.bsfllp.com/>
>
> From: Ben Ogletree [mailto:bogletree@verdiogletree.com]
> Sent: Thursday, September 28, 2017 5:16 PM
> To: Juan Valdivieso; Faith Reyes
> Cc: Sean Rodriguez
> Subject: RE: Docs on which we will begin review
>
> Juan – We received your message below regarding the Alliance's previously-asserted objection to payment of fees and costs in complying with Plaintiffs' third-party subpoena duces tecum. We respectfully disagree with your comments and analysis. In particular, as to the accusation below that the Alliance was "substantially involved" in the anticompetitive conduct alleged in the Beltran lawsuit, the accusation is false. The Alliance committed no wrongdoing whatsoever—none. Any suggestion to the contrary is simply incorrect and unhelpful in attempting to reach a resolution of this issue.
>
> We also disagree with the suggestion that the Alliance has caused "inordinate delay." In early June, the Alliance timely served objections to Plaintiffs' amended subpoena in which it promptly raised the issue of the cost and expense of compliance. Thus, Plaintiffs have known all along that costs/expenses would be an issue in this matter. And in the short time since my firm was retained by the Alliance less than two weeks ago, we have worked diligently and collaboratively with you in an effort to narrow the scope of the subpoena to encompass the materials that Plaintiffs seek. The correspondence between us thus far reflects as much. The bottom line is that Plaintiffs are asking the Alliance to review more than 15,000 documents and to produce non-privileged, relevant information contained therein. While the Alliance does not object to conducting such a review, the process is going to be very expensive and time consuming. In short, if Plaintiffs want the documents, they should pay at least for the costs to be charged by the IT Vendor as set forth in the estimates that we have sent you. Again, the Alliance is not asking that Plaintiffs pay for our firm's fees and costs in reviewing documents for privilege, etc. (which negates any complaints about our not agreeing to a "clawback" arrangement, which is unworkable in this case in any event for reasons that we've discussed). Under the circumstances, the Alliance's position is perfectly reasonable and consistent with the protections accorded to non-parties under Fed. R. Civ. P. 45. Moreover, the Western Convenience decision that you sent us is not to the contrary. That case is distinguishable on several grounds, and not controlling here.
>

> We remain open to any suggestions and proposals that you'd like us to consider. As I've said on several occasions, our goal is to complete the production process as quickly and efficiently as possible. At the same time, however, it is unfair and unreasonable for Plaintiffs to insist that the Alliance – a non-party, non-profit organization—foot the entire bill on Plaintiffs' behalf. Please let me know if/when you'd like to discuss. Thanks.
>
>
> Benjamin R. Ogletree
> VERDI & OGLETREE PLLC
> 1325 G Street, N.W.
> Suite 500
> Washington, D.C. 20005
> Phone: 202.449.7703
> Facsimile: 202.449.7701
>
> CONFIDENTIALITY NOTICE:
>
> This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail in error, please notify us immediately by reply or by telephone (call us collect at 202.449.7703) and immediately delete or destroy this e-mail, and all its attachments and copies.
>
>
> From: Juan Valdivieso [mailto:JValdivieso@BSFLLP.com]
> Sent: Wednesday, September 27, 2017 3:16 PM
> To: Faith Reyes <freyes@verdiogletree.com<mailto:freyes@verdiogletree.com>>
> Cc: Ben Ogletree <bogletree@verdiogletree.com<mailto:bogletree@verdiogletree.com>>; Sean Rodriguez <srodriguez@BSFLLP.com<mailto:srodriguez@BSFLLP.com>>
> Subject: RE: Docs on which we will begin review
>
> Faith and Ben,
>
> Thank you for clarifying your proposal with respect to fees and costs.
>
> I want to note that the Alliance is the third third-party subpoena that we have served on an association in this case and the only that has requested fees and costs to be paid by Plaintiffs, and the only one that has caused such inordinate delay.
>
> Given the circumstances, you are in a similar situation to the subpoenaed third party in the attached case, in which the court denied the vast majority of fees sought by the third party. See W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc., No. 11-CV-01611-MSK-CBS, 2014 WL 1257762, at *29 (D. Colo. Mar. 27, 2014) (declining to award fees and costs that were incurred pursuant to a strategy of delay and evasion).
>
> We have worked in good faith with you to reduce the scope of the subpoena by

limiting the time-frame and negotiating limitations on the search terms. Indeed, through our work we have cut down the universe of responsive documents from nearly 75,000 documents to approximately 15,000 documents. Furthermore, we accepted your predecessor's offer for the Alliance to produce its collected documents immediately (as of August 23), as a way to reduce your costs and to expedite the production. We think it is unreasonable to reject your client's own proposal that would reduce its costs and then seek reimbursement for the increased costs of doing so. Accordingly, you would not be entitled to fees and costs. Id. at *21-23.
>
> In determining whether to shift expenses to the requesting party, courts look to various factors, including "whether the nonparty has an interest in the outcome of the litigation, whether the nonparty can more readily bear the costs than the requesting party, and whether the litigation is of public interest." Id. at *23.
>
> Like the third party in Western Convenience Stores, the Alliance was "substantially involved" in the anticompetitive conduct and could have anticipated that its participation could "spawn litigation." Id. at *23. Indeed, the litigation and strategy around it, was actively discussed at Alliance meetings and it should have been no surprise to the Alliance to receive a subpoena given the allegations in the Complaint that the Alliance provided Defendants with the opportunity to collude, SAC ¶¶ 129-133. Therefore the Alliance has an interest in the outcome of the litigation, especially one involving several of its member entities.
>
> Plaintiffs are au pairs who earn $195.75 per week as a result of Defendants' anticompetitive conduct. Accordingly, the Alliance is in a better position to bear the costs of production. If you feel otherwise, please produce financial information that supports your position, and we will consider it.
>
> Finally, as the Western Convenience court noted, there is authority that a major antitrust suit brought on behalf of a large group of people weighs in the public interest. Accordingly, we think your claim to fees is weak.
>
> Please reconsider your position in light of this authority. I am happy to discuss this after you have had a chance to reevaluate.
>
> Regards,
>
> Juan
>
> Juan P. Valdivieso, Esq.
> Associate
>
>
> BOIES SCHILLER FLEXNER LLP
> 1999 Harrison Street
> Suite 900
> Oakland, CA 94612
> (t) +1 510 874 1010
> (m) +1 510 874 1000
> (f) +1 510 874 1460
> jvaldivieso@bsfllp.com<mailto:jvaldivieso@bsfllp.com>
> www.bsfllp.com<http://www.bsfllp.com/>
>

\> From: Faith Reyes [mailto:freyes@verdiogletree.com]
\> Sent: Wednesday, September 27, 2017 9:08 AM
\> To: Juan Valdivieso
\> Cc: Ben Ogletree
\> Subject: RE: Docs on which we will begin review
\>
\> Juan – to clarify, when we said we'd begin based on the 9,000 documents, it was simply to get started as we believed we would be mutually able to resolve the cost issue during the production process. Under either scenario (9,000 or 15,000 documents), the cost needs to be borne by Plaintiffs. However, based on the cost related to producing 15,000+ documents, we can't proceed because that expense is too high for the Alliance to take on and then obtain reimbursement from Plaintiffs. So right now, we are on hold until the cost issue is resolved as the Alliance lacks the means to pay this sum (or to contract for its payment). Thanks. Faith
\>
\> From: Juan Valdivieso [mailto:JValdivieso@BSFLLP.com]
\> Sent: Tuesday, September 26, 2017 4:48 PM
\> To: Ben Ogletree <bogletree@verdiogletree.com<mailto:bogletree@verdiogletree.com>>
\> Cc: Faith Reyes <freyes@verdiogletree.com<mailto:freyes@verdiogletree.com>>
\> Subject: RE: Docs on which we will begin review
\>
\> Faith and Ben,
\>
\> I wanted to confirm that you are offering the following:
\>
\> 1) Proceed with the production with all of the terms in the hit reports you sent on 9/22 and 9/23 at Plaintiffs' cost (approximately 15k documents total)
\>
\> 2) Proceed with the production with all of the terms in the hit report you sent on 9/19 at the Alliance's cost (9,871 documents total)
\>
\> Regards,
\>
\> Juan
\>
\> Juan P. Valdivieso, Esq.
\> Associate
\>
\>
\> BOIES SCHILLER FLEXNER LLP
\> 1999 Harrison Street
\> Suite 900
\> Oakland, CA 94612
\> (t) +1 510 874 1010
\> (m) +1 510 874 1000
\> (f) +1 510 874 1460
\> jvaldivieso@bsfllp.com<mailto:jvaldivieso@bsfllp.com>
\> www.bsfllp.com<http://www.bsfllp.com/>
\>
\> From: Ben Ogletree [mailto:bogletree@verdiogletree.com]
\> Sent: Tuesday, September 26, 2017 8:18 AM
\> To: Juan Valdivieso

> Cc: Faith Reyes
> Subject: Re: Docs on which we will begin review
>
> Juan -- Can we talk at 1:30 PM EST?
>
> Benjamin Ogletree
>
> On Sep 25, 2017, at 7:18 PM, Juan Valdivieso <JValdivieso@BSFLLP.com<mailto:JValdivieso@BSFLLP.com>> wrote:
> We can talk at 1230 pm eastern if that works.
>
> Juan P. Valdivieso, Esq.
> Associate
>
>
> BOIES SCHILLER FLEXNER LLP
> 1999 Harrison Street
> Suite 900
> Oakland, CA 94612
> (t) +1 510 874 1010
> (m) +1 510 874 1000
> (f) +1 510 874 1460
> jvaldivieso@bsfllp.com<mailto:jvaldivieso@bsfllp.com>
> www.bsfllp.com<http://www.bsfllp.com/>
>
> From: Ben Ogletree [mailto:bogletree@verdiogletree.com]
> Sent: Monday, September 25, 2017 12:30 PM
> To: Juan Valdivieso; Faith Reyes
> Subject: RE: Docs on which we will begin review
>
> Juan – All of us are out of the office today. Can we talk first thing tomorrow morning?
>
> From: Juan Valdivieso [mailto:JValdivieso@BSFLLP.com]
> Sent: Saturday, September 23, 2017 2:05 PM
> To: Faith Reyes <freyes@verdiogletree.com<mailto:freyes@verdiogletree.com>>
> Cc: Ben Ogletree <bogletree@verdiogletree.com<mailto:bogletree@verdiogletree.com>>
> Subject: RE: Docs on which we will begin review
>
> Hi Faith,
>
> Could you please re-produce ALLI0008, ALLI009, ALLI012, ALLI014, ALLI016, ALLI042, ALLI043(top), ALLI074(partially redacted)? The bottom (unless noted) appears to have been cut off in photocopying.
>
> Were you able to find out from your vendor regarding adding "host family" to the two terms?
>
> You can get back to me on both of these items on Monday.
>
> Many thanks,
>

> Juan
>
> Juan P. Valdivieso, Esq.
> Associate
>
>
> BOIES SCHILLER FLEXNER LLP
> 1999 Harrison Street
> Suite 900
> Oakland, CA 94612
> (t) +1 510 874 1010
> (m) +1 510 874 1000
> (f) +1 510 874 1460
> jvaldivieso@bsfllp.com<mailto:jvaldivieso@bsfllp.com>
> [www.bsfllp.com](http://www.bsfllp.com/)<http://www.bsfllp.com/>
>
> From: Juan Valdivieso
> Sent: Friday, September 22, 2017 9:59 AM
> To: 'Faith Reyes'
> Cc: 'Ben Ogletree'
> Subject: RE: Docs on which we will begin review
>
> Good point on stipend. Thanks.
>
> Juan P. Valdivieso, Esq.
> Associate
>
>
> BOIES SCHILLER FLEXNER LLP
> 1999 Harrison Street
> Suite 900
> Oakland, CA 94612
> (t) +1 510 874 1010
> (m) +1 510 874 1000
> (f) +1 510 874 1460
> jvaldivieso@bsfllp.com<mailto:jvaldivieso@bsfllp.com>
> [www.bsfllp.com](http://www.bsfllp.com/)<http://www.bsfllp.com/>
>
> From: Faith Reyes [mailto:freyes@verdiogletree.com]
> Sent: Friday, September 22, 2017 9:35 AM
> To: Juan Valdivieso
> Cc: Ben Ogletree
> Subject: Re: Docs on which we will begin review
>
> "Stipend" is a stand-alone term so those docs should all be captured. I will ask for s run with host family on the other 2 and see how many docs come up. I think I also saw an email with pricing info but I need to look at it a bit more closely to see more precisely what was priced.
>
> On Sep 22, 2017, at 12:00 PM, Juan Valdivieso <JValdivieso@BSFLLP.com<mailto:JValdivieso@BSFLLP.com>> wrote:
> Actually, I had overlooked that you took out "host family" and "stipend" from a couple of the terms.

```
>
> How many unique docs would that bring in?
>
> (employ* OR work* OR labor) AND ("au pair" OR
> aupair OR ap OR "host family")
> (hours OR timekeeping OR timesheet) AND ("au pair"
> OR aupair OR ap OR "host family")
> (rule OR regulation) AND ("au pair" OR aupair OR ap
> OR stipend)
>
> I think think those are the only terms outstanding.
>
> Juan P. Valdivieso, Esq.
> Associate
>
>
> BOIES SCHILLER FLEXNER LLP
> 1999 Harrison Street
> Suite 900
> Oakland, CA 94612
> (t) +1 510 874 1010
> (m) +1 510 874 1000
> (f) +1 510 874 1460
> jvaldivieso@bsfllp.com<mailto:jvaldivieso@bsfllp.com>
> www.bsfllp.com<http://www.bsfllp.com/>
>
> From: Faith Reyes [mailto:freyes@verdiogletree.com]
> Sent: Friday, September 22, 2017 8:51 AM
> To: Juan Valdivieso
> Cc: Ben Ogletree
> Subject: Re: Docs on which we will begin review
>
> Just to confirm - if we agree to the terms in those two reports, we've resolved the search term issues, correct?
>
>> On Sep 22, 2017, at 11:46 AM, Juan Valdivieso <JValdivieso@BSFLLP.com<mailto:JValdivieso@BSFLLP.com>> wrote:
>>
>> Thanks, Faith. Are you able to agree to the search terms in these two reports and begin review/production?
>>
>> Juan P. Valdivieso, Esq.
>> Associate
>>
>> BOIES SCHILLER FLEXNER LLP
>> 1999 Harrison Street
>> Suite 900
>> Oakland, CA 94612
>> (t) +1 510 874 1010
>> (m) +1 510 874 1000
>> (f) +1 510 874 1460
>> jvaldivieso@bsfllp.com<mailto:jvaldivieso@bsfllp.com>
>> www.bsfllp.com<http://www.bsfllp.com>
```

```
>>
>> -----Original Message-----
>> From: Faith Reyes [mailto:freyes@verdiogletree.com]
>> Sent: Friday, September 22, 2017 8:35 AM
>> To: Juan Valdivieso
>> Cc: Ben Ogletree
>> Subject: Docs on which we will begin review
>>
>> Juan - here is the report on the terms which we are working on uploading to start review. Faith
>>
>>
>> The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]
>>
>
> _____
> The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]
>
> _____
> The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]
>
> _____
> The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this
```

electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]
>
> _____
> The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]
>
> _____
> The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]
>
> _____
> The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]
> <GAP_00053498.pdf>
> <2015 Alliance Form 990.pdf>