Case No. 1:14-cv-03074-CMA-KMT Document 772-1 Filed 12/26/17 USDC Colorado Page 1 of 9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

     Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

     Defendants.

---

## Motion to Modify FLSA Opt-In Schedule

---

## CERTIFICATE OF CONFERRAL PURSUANT TO D.C. COLO.LCiv.R. 7.1(A)

As described in more detail below, the Plaintiffs and all Defendants (hereafter the "Parties") conferred pursuant to D.C. Colo.L.Civ.R. 7.1(a), most recently on December 14, 2017.  Defendants have indicated their intention to oppose this motion.

## MOTION TO MODIFY FLSA OPT-IN SCHEDULE

By this motion, Plaintiffs seek a reasonable amount of time for a limited number of potential FLSA class members who have not previously received notice to opt-in. These potential class members (the "No Notice Au Pairs") did not receive notice from Plaintiffs because (1) there was no email address provided by Defendants; (2) the email address provided by Defendants was deemed invalid; or (3) Plaintiffs received a hard bounce once an email attempt was made.  As a result, the e-mail notice that was sent to other potential class members was not sent to the No Notice Au Pairs.  Plaintiffs conferred with Defendants and the parties have agreed to send an initial notice to the No Notice Au Pairs by text message or, in the alternative, by Skype message. Notice was sent to the No Notice Au Pairs on December 20, 2017 and December 21, 2017.[1] Defendants, however, have taken the position that even though every other potential class member received 120 days to opt-in, the No Notice Au Pairs should receive only 20 days to opt-in.  Defendants' position is facially unreasonable and deprives the No Notice Au Pairs of the right to a reasonable opportunity to opt-in to the FLSA classes.

_____

[1] For administrative convenience, Plaintiffs treat all notices as if sent on December 20 and do not propose different schedules for No Notice Au Pairs who received notice on December 21.  Also, as a result of an unfortunate error, notice was sent to No Notice Au Pairs for Au Pair Care.  Although such notice is entirely appropriate at this time, Plaintiffs had agreed not to send it and regret the error.  Au Pair Care will not be prejudiced by the error, which will not cause Plaintiffs to file any additional opt-in notices against Au Pair Care.

Plaintiffs therefore request that the Court order that the No Notice Au Pairs be provided with the precise same opt-in opportunity as every other potential class member.

## BACKGROUND

In an order dated June 9, 2017, the Court conditionally certified various classes of au pairs under the FLSA. *See* D.E. 569 ("Certification Order"). Among other rulings, the Certification Order provided "that a 120 day opt-in period will begin on the date that notice is mailed for each potential opt-in class member to opt into the case," with a reminder e-mail to be sent at the 60-day mark. (Certification Order at 15.) After negotiations between the Parties, the first wave of e-mail notices were sent on July 5, 2017.

The Parties soon found themselves in a dispute and notice ceased being sent almost immediately. As the Court is aware, extensive motion practice was resolved by the Court at a hearing on August 25, 2017. That hearing resulted in a minute entry ("August 25 Order") that, *inter alia*, modified the opt-in schedule as follows:

> On or before Wednesday, August 30, 2017, the parties are ordered to confer and produce joint language for the 60-day reminder email scheduled for September 3, 2017. . . . . Plaintiffs' counsel shall transmit the second-wave notice on Monday, September 11, 2017. The reminder shall be transmitted 60 days later on November 10, 2017, and the opt-in window will close 60 days after that on January 9, 2018.

(D.E. 686.) The August 25 Order, therefore, preserved the Certification Order's mandate that each individual potential class member was entitled to 120 days to opt-in.

On November 22, 2017, Plaintiffs wrote to Defendants to inform them that "9000 members of the proposed class have not received notice of any kind" as a result of

missing or defective e-mail addresses and provided Defendants with the list of affected au pairs.  (Ex. 1 at Nov. 22, 2017 E-mail of D. Smalls.)  Plaintiffs proposed to use Skype and text messages as an alternative form or notice, provided proposed language for the notices, and requested a response within a week.  (*Id.*)  Because Defendants had provided phone numbers and Skype handles for many of these au pairs, and because Plaintiffs sought to hold to the current opt in deadline to the extent possible, Plaintiffs proposed noticing the au pairs, providing a reminder in 30 days, and encouraging all au pairs to respond by January 9, 2018.  (*Id.*)  However, Plaintiffs could not agree that No Notice Au Pairs who opted in within the 120 day opt in period outlined in the Certification Order would be barred from joining the lawsuit. Defendants responded the same day raising various objections and questioning the representations made by Plaintiffs' counsel.  (*Id.* at Nov. 22, 2017 E-mail of J. Lukey.)

For several weeks, Defendants continued to dispute the need for additional notice.  Plaintiffs accommodated Defendants' requests for documentation that the No Notice Au Pairs had not received notice, sending that information to them on November 28.  (*Id.* at November 28, 2017 E-mail of D. Smalls.)  Just under a week later, having received no response, Plaintiffs followed up again, stating that Plaintiffs would not take any action before obtaining agreement from Defendants to send the notice, but noting that under the Certification Order, "the opt in period does not begin for each individual au pair until notice has been sent."  (*Id.* at Dec. 4, 2017 E-mail of D. Smalls.)  Defendants responded the next day, refusing to allow notice to a significant subset of

the No Notice Au Pairs, and insisting that No Notice Au Pairs had to opt-in by January 9. (*Id.* at Dec. 5, 2017 E-mail of J. Lukey.)

Not until December 14, 2017, did Plaintiffs obtain agreement from Defendants to send notice to the No Notice Au Pairs, nearly three weeks after Plaintiffs initially proposed notice language to Defendants. (*Id.* at Dec. 14, 2017 E-mail from J. Wolosz.) As part of that agreement, Plaintiffs agreed to allow Defendants to preserve specified objections. (*Id.*) The parties could not reach agreement about the timing of a reminder notice, or with respect to modifications to the website to reflect the relevant opt in period for the No Notice Au Pairs. Plaintiffs informed Defendants that Plaintiffs would file a motion seeking the Court's resolution of the issues for which we could not reach agreement: (1) the relevant timeframe for a reminder notice; (2) the relevant opt in period; and (3) whether the website could be updated to reflect the relevant dates and opt in period for the No Notice Au Pairs. (*Id.* at Dec. 14, 2017 E-mail of D. Smalls.)

Ultimately, initial notice was sent on December 21 and 22, 2017. Although there are at least 7,205 No Notice Au Pairs, Plaintiffs were successful in sending only 1,694 notice by text message, and sent only 1,024 Skype invitations. A party must accept an invitation to chat on Skype before any message can be sent, so it is entirely possible that Skype notice will not ultimately be effective.

## ARGUMENT

Defendants' refusal to negotiate any extension to the January 9, 2018, deadline for opt-ins is causing the No Notice Au Pairs to be dissimilarly situated from all other potential class members in several ways. *First*, every other potential class member

received a 60-day reminder notice; under Defendants' proposal, the No Notice Au Pairs will not. *Second*, every other potential class members enjoyed a 120-day opt-in period; under Defendants' proposal, the No Notice Au Pairs will receive a 20-day opt-in period. *Third*, every other potential class member was explicitly told the deadline by which they needed to opt-in in the notice and reminder communications; due to Defendants' objections, no deadline has been or can be communicated to the No Notice Au Pairs. *Fourth*, every other potential class member can go to the class website and find explicit language explaining to them by when they need to opt-in; the No Notice Au Pairs will be confronted with a class website that provides timelines for two other groups of potential class members, but says nothing about when they are required to opt in.

There can be no dispute that the No Notice Au Pairs have taken no action that warrants compromising their rights as compared to other potential class members. Indeed, the only way in which the No Notice Au Pairs are distinguished from other au pairs is that they failed to receive effective notice due to the lack of a valid email address. Defendants have provided no explanation for why the No Notice Au Pairs nonetheless deserve to be disadvantaged compared to other potential class members. *See* Certification Order at 10 ("'Under the FLSA, the Court had the power and the duty to ensure that the notice is fair and accurate . . . .'" (quoting *Lewis v. ASAP Land Exp., Inc.*, No. 07-CV-2226, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008)).

The Court has already determined that a 120-day notice period for each au pair is appropriate. The Certification Order makes that explicit, and the August 25 Order adhered to that principle. Even if a shorter notice period were somehow appropriate

under the circumstances here, Defendants' proposed 20-day period is unjustifiable. *See, e.g.*, *Wass v. NPC Int'l, Inc.*, No. 09-CV-2254, 2011 WL 1118774, at *11 (D. Kan. Mar. 28, 2011) (ordering a 90-day period and describing a proposed 60-day opt-in period as "unusually-short"). Moreover, Defendants have at no time articulated any prejudice they would suffer from affording the No Notice Au Pairs the same opt-in rights afforded to all other class members.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that its Motion to Modify FLSA Opt-In Schedule be granted, and that the Court order that the No Notice Au Pairs should be treated equivalently to all other groups of au pairs, especially in terms of the length of the opt-in period (120 days), the reminder e-mail (at 60 days), and the class website (identification of the deadline).

Dated: December 26, 2017

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

*/s/ Joshua J. Libling*
Matthew L. Schwartz
Peter M. Skinner
Dawn L. Smalls
Randall W. Jackson
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com

6

pskinner@bsfllp.com
dsmalls@bsfllp.com
rjackson@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Tel.: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com

Sean P. Rodriguez
Juan P. Valdvieso
1999 Harrison St., Suite 900
Oakland, CA 94612
Tel.  (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado 80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2017, I electronically served the foregoing motion on all counsel of record.

*/s/ Joshua J. Libling*
Joshua J. Libling