# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

    Plaintiffs,
v.

INTEREXCHANGE, INC., *ET AL.*

    Defendants.

**PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

    Pursuant to Fed. R. Civ. P. 34, Plaintiffs, by and through their undersigned attorneys, hereby request that Defendants produce the documents and things designated herein for inspection at the offices of Boies, Schiller & Flexner LLP, 401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, Florida 33301 within the time provided under the Federal Rules of Civil Procedure. This request for documents shall be read and interpreted in accordance with the definitions and instructions identified below.

**DEFINITIONS AND INSTRUCTIONS**

    Plaintiffs incorporate by reference all the instructions, definitions and rules contained in the Federal Rules of Civil Procedure, as well as the applicable instructions and for purposes of this request for production, the following instructions and definitions shall apply:

## **DEFINITIONS AND INSTRUCTIONS**

1. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, his officers, directors, agents, employees, partners, corporate parent, subsidiaries, predecessors, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. The term "Putative Class members" means all persons who could satisfy any one of the classes defined at paragraph 430-442 of the First Amended Complaint and includes the named plaintiffs Johana Paola Beltran; Lusapho Hlatshaneni; Beaudette Deetlefs; Dayanna Paola Cardenas Caicedo; and Alexandra Ivette González.

3. The terms "you" and "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

4. The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

5. The word "each" shall be construed to include "every" and vice-versa.

6. The word "any" shall be construed to include "all" and vice-versa.

7. The present tense shall be construed to include the past tense and vice-versa.

8. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

9. The term "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise).

10. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

11. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in F.R.C.P. 34(a)(1)(A). A draft of a nonidentical copy is a separate document within the meaning of this term.

12. The term "Electronically stored information" or ESI is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in F.R.C.P. 34(a)(1)(A).

13. The term "Record" shall encompass all "documents" and "Electronically stored information."

   a. "Identify:" When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address and e-mail address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person; and

3

      b. When referring to Records, "to identify" means to give, to the extent known, the (i) type of Record; (ii) general subject matter; (iii) date of the Record; and (iv) author(s), addressee(s), and recipient(s).

      c. A draft of a non-identical copy is a separate Record within the meaning of this term.

14. The verb "sponsor" has the meaning generally used by the State Department with respect to the J-1 visa *au pair* program, including the issuance of a certificate of eligibility for exchange visitor (J-1) status on Form DS-2019 or otherwise.

15. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

16. The time period covered by for these Requests is from January 1, 2009 to the present. Plaintiffs reserve the right to broaden this date restriction, consistent with the Case Management Order to be entered by the Court, without serving a new request for the broader date range.

4

## DOCUMENTS REQUESTED

### Document Request No. 1

Documents sufficient to identify all au pair you have sponsored, including the period of sponsorship, the state in which each au pair worked, and the family for whom each au pair worked.

### Document Request No. 2

Documents concerning au pair compensation.

### Document Request No. 3

Documents concerning any other sponsor's rate of au pair compensation.

### Document Request No. 4

Documents concerning any meetings between you and any other sponsor.

### Document Request No. 5

Correspondence with or about any other defendant in this lawsuit.

### Document Request No. 6

Documents concerning agreements, contractual or otherwise, entered into between or among defendants.

### Document Request No. 7

Correspondence with any Putative Class member in this lawsuit, including contracts executed by or provided to such class member.

### Document Request No. 8

Contracts between defendants and host families relating to the Putative Class members.

5

**Document Request No. 9**

Any document relating to any named plaintiff in this case, excluding filed pleadings in this lawsuit.

**Document Request No. 10**

Time records sufficient to show the actual number of hours worked by the putative class members.

**Document Request No. 11**

Documents supporting defendants' claim that the government has mandated a uniform wage.

**Document Request No. 12**

Documents concerning statements you have made to host families regarding compensation to au pair.

**Document Request No. 13**

Documents concerning statements you have made to host families regarding the number of hours au pair may be required to work.

**Document Request No. 14**

Documents concerning or constituting complaints from au pair about an au pair's compensation or work schedule, including but not limited to complaints that the au pair was working more than ten hours per day or 45 hours per week; that the au pair's work schedule prevented the au pair from attending school; that the au pair was not permitted days off or vacation time; or that the au pair was required to be "on call" for the host family.  This Request includes responses made to au pairs and any discussion about the complaint(s).

**Document Request No. 15**

Communications concerning au pair compensation between you and any government entity or nongovernment entity representing au pairs, including but not limited to the U.S. Department of State, the U.S. Department of Labor, the Alliance for International Educational and Cultural Exchange, or the International Au Pair Association.

**Document Request No. 16**

Your audited or unaudited financial statements, including documents sufficient to show your annual revenue and income derived from participating in the au pair program during each year in which you have participated in the program.

**Document Request No. 17**

Documents sufficient to show your corporate structure, including your internal reporting lines as well as the existence of parent companies, affiliates and subsidiaries, including but not limited to organizational charts.

**Document Request No. 18**

Documents sufficient to identify your employees, including names, titles and reporting lines.

**Document Request No. 19**

All advertisements intended to reach potential au pairs concerning compensation, including all prior versions of your website.

**Document Request No. 20**

Documents concerning training provided to au pairs.

Dated: March 3, 2016

                                              Respectfully submitted,

                                              BOIES, SCHILLER & FLEXNER LLP

                              By:    /s/_____
                                       Matthew L. Schwartz
                                       Peter M. Skinner
                                       Randall W. Jackson
                                       575 Lexington Avenue
                                       New York, NY 10022
                                       Tel: (212) 446-2300
                                       Fax: (212) 446-2350
                                       mlschwartz@bsfllp.com
                                       pskinner@bsfllp.com
                                       rjackson@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 356-0011
Fax: (954) 356-0022
Smccawley@bsfllp.com
llouis@bsfllp.com


Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado 80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

8

## Certificate of Service

I hereby certify that on March 3, 2016, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

Christian Dow Hammond
chammond@duffordbrown.com

Lawrence L. Lee
llee@laborlawyers.com

Susan M. Schaecher
sschaecher@laborlawyers.com

Kathryn A. Reilly
reilly@wtotrial.com

John Roger Mann
jmann@gordonrees.com

Jeffrey Paul Allen
jallen@lawson-weitzen.com

William Leitzsey Monts, III
william.monts@hoganlovells.com

James Edward Hartley
jhartley@hollandhart.com

Margo J. Arnold
marnold@bhfs.com

Martha Louise Fitzgerald
mfitzgerald@bhfs.com

Martin Jose Estevao
mestevao@armstrongteasdale.com

Brooke A. Colaizzi
BColaizzi@shermanhoward.com

Erica Lynn Herrera
eherrera@shermanhoward.com

Lawrence Daniel Stone
lstone@duffordbrown.com

Daniel C. Perkins
dperkins@ laborlawyers.com

Toren G. E. Mushovic
mushovic@wtotrial.com

Brian Alan Birenbach
brian@rietzlawfirm.com

Thomas Baker Quinn
tquinn@gordonrees.com

Donald Joseph Gentile
dgentile@lawson-weitzen.com

Walter Vernon Siebert
bsiebert@shermanhoward.com

Mher Hartoonian
mhartoonian@hollandhart.com

Kathryn Anne Barrett
kbarrett@bhfs.com

Bogdan Enica
bogdane@hotmail.com

Meshach Yustine Rhoades
rhoadesm@armstrongteasdale.com

Raymond Myles Deeny
rdeeny@shermanhoward.com

Heather Fox Vickles
hvickles@shermanhoward.com

| | |
|---|---|
| Chanda Marie Feldkamp<br>cfeldkamp@kellywalkerlaw.com | William James Kelly, III<br>wkelly@kellywalkerlaw.com |

                                  /s/  Matthew L. Schwartz
                                  Matthew L. Schwartz