IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*;

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*;

    Defendants.

---

**AMERICAN INSTITUTE FOR FOREIGN STUDY D/B/A AU PAIR IN AMERICA'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO ECF Nos. 786, 787-5, and 787-8**

---

    Pursuant to D.C. COLO. L.Civ. R. 7.2, Defendant, American Institute for Foreign Study d/b/a Au Pair in America ("AIFS") hereby moves this Court for permanent Level 1 restricted access to ECF Nos. 786, 787-5, and 787-8.  ECF Nos. 786, 787-5, and 787-8 were filed in connection with Plaintiffs' Motion to Restrict Public Access to Plaintiffs' Motion For Reconsideration of an Order Denying Plaintiffs' Motion to Compel Production of Defendant American Institute for Foreign Study's Financial Records (ECF Nos. 786 and 787) (hereinafter, Plaintiff's "Motion for Reconsideration").  In support of its unopposed motion, AIFS states as follows:

    1.    All parties to this action have stipulated to a protective order ("Amended Stipulated Protective Order") that is consistent with the requirements set forth in <u>Gillard v. Boulder Valley School District RE-2</u>, 196 F.R.D. 382, Appendix A (D. Colo. 2000).

2. The Amended Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure." (Amended Stipulated Protective Order ¶ 1, ECF No. 694).

3. Pursuant to the Amended Stipulated Protective Order, all parties have agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Level 1 restricted access. Id. at ¶ 8.

4. On January 5, 2018, Plaintiffs filed their Motion for Reconsideration (ECF Nos. 786 and 787). Plaintiffs' Motion for Reconsideration includes a Memorandum of Law (ECF 786), the Declaration of Dawn Smalls, and the exhibits attached thereto (ECF Nos. 787, and 787-1 through 787-9, respectively). Plaintiffs' Motion for Consideration was filed without restriction.

5. On January 8, 2018, Plaintiffs filed a motion seeking Level 1 restriction of its Motion for Reconsideration, and the exhibits attached thereto, in anticipation of AIFS filing its own motion to restrict in accordance with D.C. COLO. L.Civ. R. 7.2 (ECF No. 796).

6. As required by D.C. COLO. L.Civ.R. 7.1(A), undersigned counsel certifies that on January 17 and 18, 2018, he conferred with Plaintiffs' counsel concerning the relief sought herein, and Plaintiffs do not oppose.

7. Courts will limit public access to documents if the documents contain: (1) trade secrets (<u>Pine Tel. Co., Inc. v. Alcatel Lucent USA Inc.</u>, 617 F. App'x 846, 851 (10th Cir. 2015)); or (2) business information that might harm a litigant's competitive standing (<u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 598 (1978)); Fed. R. Civ. P. 5.2; <u>see also</u> <u>Anderson v. Walgreen Co.</u>, 14-CV-02642-RM-MJW, 2016 WL 74934, at *2 (D Colo Jan. 7, 2016).

8. In an effort to balance the public interest with AIFS's need to protect its confidential and proprietary business information, AIFS submits herewith redacted versions of ECF Nos. 786, 787-5, and 787-8 for public filing.  Therefore, AIFS satisfies the requirement set forth in Rule 7.2(C)(4) that, where practicable, the movant utilize an alternative means of restriction to protect the public interest. See <u>XY, LLC v. Trans Ova Genetics, LC</u>, 13-CV-00876-WJM-NYW, 2015 WL 7014419, at *3 (D. Colo. Nov. 12, 2015) (ordering that defendant file a redacted version of a transcript, eliminating discussion specific to a commercial license agreement); <u>W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.</u>, 970 F. Supp. 2d 1162, 1192 (D. Colo. 2013) (ordering that a redacted version of a document subject to motion to restrict be filed).

**Restriction and Leave to Redact ECF No. 786**

9. AIFS seeks to restrict access to Plaintiff's Memorandum of Law (ECF No. 786).  Plaintiffs' Memorandum of Law includes AIFS's confidential business information which, if disclosed, would impair AIFS's competitive standing. <u>Nixon</u>, 435 U.S. at 598; <u>SOLIDFX, LLC v. Jeppesen Sanderson, Inc.</u>, No. 11-CV-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012) ("Privacy and preservation of trade secrets are

3

among the interests which have been found, under certain circumstances, to overcome the presumption of openness."); Huddleson v. City of Pueblo, Colo., 270 F.R.D. 635, 637 (D. Colo. 2010).

10. Specifically, pages 5 and 9 of ECF No. 786 contain quotations from the transcript of AIFS's Chief Executive Officer, William Gertz's September 14, 2017, deposition, which AIFS previously designated as Highly Confidential - Attorneys' Eyes Only. The Memorandum of Law contains testimony concerning AIFS's business operations, and other proprietary business information of competitive value, including certain confidential financial information concerning the comparative revenues of the various divisions within AIFS.

11. Only a small portion of ECF No. 786 discloses AIFS's confidential information. Therefore, AIFS submits a redacted copy of ECF No. 786, annexed hereto as Exhibit A. This redacted copy would protect AIFS's confidential information and may be made available for public viewing.

**Restriction and Leave to Redact ECF Nos. 787-5 and 787-8**

12. AIFS also seeks to restrict access to Exhibit 5 to the Declaration of Dawn Smalls in support of Plaintiffs' Motion for Reconsideration (ECF No. 787-5). Exhibit 5 includes AIFS's confidential financial information, which, if disclosed, would impair AIFS's competitive standing. Nixon, 435 U.S. at 598; SOLIDFX, 2012 WL 2917116, at *2; Huddleson, 270 F.R.D. at 637. Specifically, ECF No. 787-5 contains highly confidential, sensitive financial information concerning revenues and various expenses for the APIA program.

4

13. Only a portion of ECF 787-5 discloses AIFS's confidential financial information. Therefore, AIFS submits a redacted copy of ECF No. 787-5, annexed hereto as <u>Exhibit B</u>.  This redacted copy would protects AIFS's confidential information, and may be made available for public viewing.

14. Finally, AIFS seeks to restrict access to Exhibit 8 to the Declaration of Dawn Smalls in support of Plaintiffs' Motion for Reconsideration (ECF No. 787-8).  ECF 787-8 contains the transcript of AIFS's Chief Executive Officer, William Gertz's September 14, 2017, deposition, which AIFS previously designated as Highly Confidential - Attorneys' Eyes Only.

15. ECF No. 787-8 contains detailed testimony concerning various aspects of AIFS's business operations, and other proprietary business information of competitive value.  <u>Nixon</u>, 435 U.S. at 598; <u>SOLIDFX</u>, 2012 WL 2917116, at *2; <u>Huddleson</u>, 270 F.R.D. at 637.

16. The following excerpts of ECF No. 787-8 contain competitively sensitive information which, if disclosed, would irreparably compromise the business standing of AIFS, and expose its proprietary business information:

- Pages 31:9-25 through 32:2-16 discuss confidential financial information concerning the comparative revenues of the various divisions within AIFS;

- Pages 63:19-22 discuss confidential financial information concerning which of AIFS's offices is the largest with respect to revenue;

- Pages 65, 66, and 68:25 through 69:2-16 discuss confidential financial information concerning the comparative revenues and operational costs associated with the different divisions and programs within AIFS;

5

- Pages 70:10-25, 71, and 72:2-16 discuss AIFS's 2011 business plan (deposition exhibit 5) and AIFS's confidential financial information concerning AIFS's calculation of revenues and various operational costs;

- Pages 75:14-25 through 76:2 discuss AIFS's proprietary, confidential analysis of its competition in the market, as set forth in its 2011 business plan (deposition exhibit 5);

- Pages 87:17-25 through 88:2-7 discuss AIFS's proprietary analysis or studies concerning the impact of the au pair program on its various participants;

- Pages 90:24-25, 94-96, 101:12-25, 102-109:2-9, 109:20-25 to 112:2-16, 115:18-25 to 117:2-9, and 117:22-25 to 126:2-8 include a protracted, detailed discussion of ECF No. 787-5, and AIFS's confidential financial information concerning, *inter alia*, yearly revenues, costs (including, but not limited to, marketing costs), and allocations and costs of overhead;

- Pages 129:16-25 to 144:2-12 discuss the contents of confidential minutes of an AIFS executive committee meeting (deposition exhibit 7), including, *inter alia*, proprietary business and confidential financial information such as annual revenue and market forecasts, and comparative revenues among AIFS's divisions;

- Pages 144:19-25 to 158:2-9 discuss the contents of confidential minutes of another AIFS executive committee meeting (deposition exhibit 8), including, *inter alia*, proprietary business and confidential financial information, such as annual revenue and market forecasts, au pair program costs, information concerning AIFS's operational protocols, and comparative revenues among AIFS's divisions.

17.     AIFS's co-defendants are its business competitors.  Therefore, public disclosure of the above-referenced testimony will needlessly compromise AIFS's competitive standing.

18.     Only certain portions of ECF No. 787-8 disclose AIFS's confidential information. Therefore, AIFS submits a redacted copy of ECF No. 787-8, annexed hereto as <u>Exhibit C</u>.  This redacted copy would protects AIFS's confidential information, and may be made available for public viewing.

6

19. In light of the foregoing, AIFS respectfully requests: (1) that ECF Nos. 786, 787-5, and 787-8 maintain their Level 1 restriction, as they contain confidential business information and operational information and/or trade secrets, the disclosure of which would greatly impair AIFS's competitive standing; and (2) that the Court accept the enclosed redacted versions of ECF Nos. 786, 787-5, and 787-8 for public filing.

20. As per the Court's August 25, 2017, directive, the undersigned counsel certifies that on January 16, 2018, he conferred with Defendants' counsel, and confirmed that no other Defendant requires redaction or restriction of any information contained in ECF Nos. 786, 787-5, and 787-8.

WHEREFORE, for the foregoing reasons, AIFS respectfully requests this Court issue an Order restricting public access, under Level 1 restricted access, to ECF Nos. 786, 787-5, and 787-8, and accept the attached redacted versions of ECF Nos. 786, 787-5, and 787-8 for public filing.

Dated: January 19, 2018         Respectfully Submitted,

<u>s/ John B. Fulfree</u>
John B. Fulfree
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue
New York, NY 10175
(212) 682-0020
Email: jfulfree@putneylaw.com
**Attorneys for American Institute for Foreign Study d/b/a Au Pair in America**

## CERTIFICATE OF SERVICE

   I hereby certify that on this 19th day of January, 2018, I electronically served a true and correct copy of **AMERICAN INSTITUTE FOR FOREIGN STUDY D/B/A AU PAIR IN AMERICA'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO ECF Nos. 786, 787-5, and 787-8** upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Matthew Lane Schwartz | mlschwartz@bsfllp.com |
| Peter Murray Skinner | pskinner@bsfllp.com |
| Randall Wade Jackson | rjackson@bsfllp.com |
| Sigrid Stone McCawley | smccawley@bsfllp.com |
| Lauren Fleischer Louis | llouis@bsfllp.com |
| Sabrina Alexandria McElroy | smcelroy@bsfllp.com |
| Dawn L. Smalls | dsmalls@bsfllp.com |
| Byron Pacheco | bpacheco@bsfllp.com |
| Alexander Hood | alex@towardsjustice.org |
| Brooke A. Colaizzi | bcolaizzi@shermanhoward.com |
| Heather F. Vickles | hvickles@shermanhoward.com |
| Raymond Myles Deeny | rdeeny@shermanhoward.com |
| Joseph H. Hunt | jhunt@shermanhoward.com |
| William J. Kelly III | wkelly@kellywalkerlaw.com |
| Chandra M. Feldkamp | cfeldkamp@kellywalkerlaw.com |
| Meshach Y. Rhoades | mrhoades@armstrongteasdale.com |
| Martin J. Estevao | mestevao@armstrongteasdale.com |
| Bogdan Enica | bogdane@hotmail.com |
| David B. Meschke | dmeschke@bhfs.com |
| Martha L. Fitzgerald | mfitzgerald@bhfs.com |
| Adam Hubbard | aahubbard@hollandhart.com |
| James E. Hartley | jhartley@hollandhart.com |
| Jonathan S. Bender | jsbender@hollandhart.com |
| Thomas B. Quinn | tquinn@gordonrees.com |
| Brian P. Maschler | brian.maschler@arentfox.com |
| Peggy Kozal | pkozal@gordonrees.com |
| John R. Mann | jmann@gordonrees.com |
| Susan M. Schaecher | sschaecher@laborlawyers.com |
| Joseph B. Cartafalsa | jcartafalsa@putneylaw.com |
| Stephen J. Macri | smacri@putneylaw.com |
| Robert M. Tucker | rtucker@putneylaw.com |
| Kathryn A. Reilly | reilly@wtotrial.com |
| Grace Anne Fox | fox@wtotrial.com |
| Natalie Elizabeth West | west@wtotrial.com |
| Brian Alan Birenbach | brian@rietzlawfirm.com |
| Lawrence D. Stone | lstone@nixonshefrin.com |

| | |
|---|---|
| Kathleen E. Craigmile | kcraigmile@nixonshefrin.com |
| Lyndsey M. Kruzer | lkruzer@choate.com |
| Joan A. Lukey | joan.lukey@choate.com |
| Robert M. Buchanan, Jr. | rbuchanan@choate.com |
| Michael T. Gass | mgass@choate.com |
| Justin J. Wolosz | jwolosz@choate.com |

*s/ John B. Fulfree*

John B. Fulfree