IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*,

Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*,

Defendants.

---

**AIFS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

---

Defendant, American Institute for Foreign Study ("AIFS") d/b/a Au Pair in America ("APIA"), hereby responds to Plaintiffs' Motion For Reconsideration ("Second Motion") of the Court's July 24, 2017, Order (the "July 24 Order," ECF No. 624), which denied Plaintiffs' motion to compel the production of financial statements from AIFS ("First Motion").

**PRELIMINARY STATEMENT**

In its July 24 Order, the Court correctly held that AIFS satisfied its burden of production by providing Plaintiffs with information specific to the APIA Program's revenues, expenses and income for the years 2009 through 2014, in response to Plaintiffs' request for AIFS' audited and unaudited financial statements. The Court found that "Plaintiffs failed in their burden 'to prove that the [information provided by [AIFS] [is] incomplete, inadequate, or false."

More than ten months after Plaintiffs filed the First Motion and more than six months after the Court denied it, Plaintiffs remain unable to satisfy the burden that they bore in the First Motion. The Second Motion must also be denied because each of the arguments and contentions raised in the Second Motion could have been raised by Plaintiffs in the First Motion. As a matter of law, Plaintiffs' failure to raise these arguments in the First Motion precludes them from relying on all such arguments in the Second Motion.

In a failed attempt to manufacture the "new" evidence necessary for reconsideration, Plaintiffs mischaracterize and distort the deposition testimony of William L. Gertz, President and CEO of AIFS. Contrary to Plaintiffs' assertions, Mr. Gertz did **not** testify that the financial information provided by AIFS about its APIA Program was false or incorrect. Similarly, Mr. Gertz did **not** testify that AIFS' consolidated financial statements contain information attributable solely to the APIA Program's revenues, expenses and/or income.

The uncontroverted evidence establishes that AIFS' financial statements do not meet Plaintiffs' stated need for those statements. Specifically, as AIFS' financial statements consolidate information from five programs, those documents will not enable Plaintiffs to determine revenues, expenses and income solely for AIFS' operation of its APIA Program. The APIA-specific financial information that AIFS produced more than nine months ago, however, permits Plaintiffs to reach such determinations. Plaintiffs' continued pursuit of AIFS' consolidated financial statements, despite their possession of

the specific information that they purport to seek from those statements, suggests that Plaintiffs' true motivation is to embarrass or harass AIFS.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2017, Plaintiffs moved to compel responses to Document Request No. 16 ("Request No. 16") by Defendants AIFS, A.P.E.X. American Professional Exchange, LLC d/b/a/ ProAuPair, 20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange, Agent Au Pair, AuPairCare, Au Pair International, Cultural Care Au Pair, Expert AuPair, and GoAuPair. (ECF No. 507). Request 16 ("Request No. 16") reads as follows:

> Audited or unaudited financial statements, including documents sufficient to show your annual revenue and income derived from participating in the au pair program during each year in which you have participated in the program.

(ECF No. 787-2) (emphasis added).

AIFS objected to Request No. 16 for several reasons, including most notably, that AIFS' financial statements do not contain the information that Plaintiffs purportedly seek to determine from the statements. (See ECF No. 787-4). As APIA is one of five distinct programs operated by AIFS for purposes of foreign study or cultural exchange, AIFS' consolidated financial statements do not demonstrate revenue, expense and income information specific and/or limited to APIA. (Mahoney Aff., Exhibit 1 at ¶ 5). In fact, AIFS financial statements ***have no specific information*** about "annual revenue and income derived from participating in the au pair program" as stated in Request No. 16. Id.

On March 23, 2017, AIFS provided information sufficient to demonstrate the "annual revenue and income derived from participating in the au pair program" for each year relevant to the instant action. (ECF Nos. 515-9, 787-5 and 787-6). Specifically, AIFS provided information that accurately demonstrates the APIA Program's actual revenues, allocated expenses and income for each year from 2009 through 2014 ("APIA Financial Information"). Accordingly, since March 23, 2017, Plaintiffs have possessed all of the financial information necessary to know and/or calculate the information that they seek in Request No. 16. Id.

Plaintiffs' counsel refused to accept the specific financial information about the APIA Program that AIFS tendered on March 23, 2017, as a sufficient response to Request No. 16. (See ECF No. 515-10). Plaintiffs' counsel failed to provide any substantive explanation for their refusal. Similarly, Plaintiffs' counsel did not identify or specify any other financial information that it purportedly required for investigation and assessment of Plaintiffs' claims. Id. Instead, they simply insisted that "Plaintiffs will not litigate the issue with Defendants via email," and persisted to demand that AIFS produce its audited and unaudited financial statements. Id.

With the First Motion fully-submitted and awaiting decision, Plaintiffs noticed a deposition for AIFS pursuant to FRCP 30(b)(6). (See Tucker Decl. at Exhibit 1). The 30(b)(6) Notice designated several topics for testimony, including "[AIFS'] finances, including but not limited to your financial records, revenue, expense streams, major sources of revenue or funding, profits and losses, and overall financial position." Id.

AIFS designated Ruth F. Ferry, Senior Vice President and Director of AIFS, as its corporate representative. On May 11, 2017, AIFS produced Ms. Ferry to testify on the topics enumerated in the 30(b)(6) notice. (See Tucker Decl. ¶4). Notwithstanding, Plaintiffs did not make any inquiries about the APIA financial information tendered on March 23, 2017, and did not otherwise explore the topic of corporate finances, during Ms. Ferry's deposition.

By Order dated July 24, 2017, the Court denied Plaintiffs' motion to compel financial statements against AIFS because the APIA Financial Information that it produced was sufficient to satisfy its burden of production for Request No. 16. (ECF No. 624). The Court emphasized that Plaintiffs failed to state "why the production was inadequate, what is missing that Plaintiffs believe is encompassed in their request, or how the production could be supplemented to satisfy the request for production." (Id. at pp. 16-17). As a result of this failure, the Court held that "Plaintiffs have failed in their burden 'to prove that the answers before the court are incomplete, inadequate, or false.'" Id. Significantly, the July 24 Order was final and Plaintiffs failed to timely object to the Order under FRCP 72(a).

On September 14, 2017, Plaintiffs deposed Mr. Gertz as a fact witness. (ECF No. 787-8). During the deposition, Plaintiffs' counsel introduced the APIA Financial Information as an exhibit. (Id. at p. 90; Gertz Aff. at ¶7). Mr. Gertz testified that he did not recognize the document. (Id. at pp. 90:15-16; Gertz Aff. at ¶8). He also testified repeatedly that he has a limited role in corporate finance, and that he does not review

financial statements. (Id. at pp. 91-93; Gertz Aff. at ¶¶4, 10, and 11).

On November 14, 2017, two months after Mr. Gertz's deposition, Plaintiffs' counsel renewed their demand for production of AIFS' financial statements. (ECF No. 787-1). During the conferral process, counsel for AIFS substantively disputed Plaintiffs' counsel's mischaracterizations of Mr. Gertz's testimony. (Tucker Decl. at ¶7). AIFS similarly reaffirmed that its audited and unaudited financial statements do not demonstrate revenues, expenses and income that are attributable solely to APIA. Id.

AIFS' financial statements consolidate financial information from at least four programs wholly unrelated to the au pair program and do not provide any program-specific information for APIA. (Mahoney Aff. Exhibit 1 at ¶¶ 4-5). In an effort to avoid unnecessary litigation, counsel for AIFS invited Plaintiffs to identify any other information or alternative documents that Plaintiffs would accept in lieu of AIFS' financial statements. (Tucker Decl. at ¶8). Plaintiffs did not respond and, instead, requested and obtained permission to file the instant Motion. Id.

## ARGUMENT

### I. Legal Standard

A motion to reconsider "should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." National Business Brokers, Ltd. v. Jim Williamson Products, Inc., 115 F.Supp.2d 1250, 1256 (D.Colo.2000) (internal citations omitted); Whittington v. Taco Bell of America Inc., 2012 WL 3705046 (D.Colo. Aug. 27, 2012) (Tafoya, M.J.); Seabron v. American Family Mut. Ins. Co., Case No. 11–

cv–01096, 2012 WL 3028224, *1 (D.Colo. July 24, 2012). Grounds warranting a motion to reconsider are as follows: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiffs have not and cannot establish such grounds in the instant action.

The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed. See Whittington, 2012 WL 3705046, at *2; Seabron, 2012 WL 3028224, at *1; see also Servants of the Paraclete, 204 F.3d at 1012. Arguments that could have been raised in the original briefing on the dispute in question may not be made in a motion for reconsideration. Id. "Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare." Whittington, 2012 WL 3705046, at *2; Seabron, 2012 WL 3028224, at *1.

Plaintiffs have failed to establish any of the conditions or grounds warranting reconsideration. Instead, Plaintiffs merely advance arguments that could have been made at the time they filed and briefed the First Motion.

## II. The APIA Financial Information Is Complete, Adequate and Correct

Plaintiffs have not demonstrated and cannot demonstrate that the APIA Financial Information is "incomplete, inadequate or incorrect." Without such proof, Plaintiffs are unable to rebut either the factual or legal foundation for the Court's July 24 Order.

The APIA Financial Information is complete and adequate. As is reflected in the

language of Request No. 16 and Plaintiffs' representations during the First Motion, Plaintiffs' stated purpose for discovery of AIFS' audited and unaudited financial statements is to determine revenue, expense and income associated with AIFS' operation of the APIA Program. (ECF No. 787-2). The APIA Financial Information supplies all of this information. Indeed, all revenue, expenses and income allocated and/or attributed to APIA for the years 2009 – 2014 are stated in the APIA Financial Information document. (Mahoney Aff., Ex. 2).

The APIA Financial Information is also correct and accurate. (Mahoney Aff. at ¶3). James Mahoney, Vice President of Finance of AIFS, the individual who prepared the APIA Financial Information document and who is responsible for the maintenance of AIFS' financial records, has submitted two affidavits attesting to the accuracy of the document. (Id. at Exhibit 1). Plaintiffs have failed to supply any evidence to rebut or to disprove Mr. Mahoney's sworn statements.

Mr. Gertz was called and testified as a fact witness. AIFS did not present him as its 30(b)(6) corporate representative and/or as an individual with knowledge about AIFS' corporate finances or the APIA Financial Information, which Mr. Mahoney compiled in Response to Request No. 16. (ECF No. 787-8). Mr. Gertz testified simply and truthfully that he did not recognize the APIA Financial Information document, and that he was unfamiliar with the information contained therein. (Id. at pp. 90, 91-93; Gertz Aff. at ¶8). Plaintiffs have presented no evidence to the contrary, and such testimony alone does not establish that the APIA Financial Information was either incorrect or inaccurate.

The record demonstrates that the APIA Financial Information is complete, adequate and correct. Therefore, Plaintiffs cannot disturb the Court's holding that the APIA Financial Information satisfied AIFS' burden of production for Request No. 16.

## III. Plaintiffs are Precluded from Relying on Arguments that Could Have Been Advanced in the First Motion

The Second Motion must also fail because Plaintiffs rely exclusively on arguments that could have been raised in the First Motion. It is well-established that a party is precluded from raising an argument in a motion for reconsideration that it could have raised in the initial motion. See Whittington, 2012 WL 3705046, at *2; Seabron, 2012 WL 3028224, at *1; see also Servants of the Paraclete, 204 F.3d at 1012.

Plaintiffs argue that the APIA Financial Information document is insufficient because: (i) it does not contain enough detail; (ii) it contains typos; and (iii) it does not explain the different categories of revenue, income and expenses. Each of these contentions are based solely on Plaintiffs' own review of the APIA Financial Information and, thus, could have been made during the briefing of the First Motion. Plaintiffs also could have advanced such questions to Ms. Ferry during the 30(b)(6) deposition they conducted on May 11, 2017.

Instead of notifying the Court of these purported deficiencies, Plaintiffs merely stated in the First Motion that "[the APIA Financial Information] does not provide [] Plaintiffs with complete information about [AIFS'] finances." (ECF No. 528). The Court found that this general and unsubstantiated claim was insufficient to satisfy Plaintiffs'

burden because Plaintiffs "[did] not further state why the production was inadequate, what is missing that Plaintiffs believe is encompassed in their request, or how the production could be supplemented to satisfy the request for production." (ECF No. 624 at p. 16). Plaintiffs do not get another chance to present such an argument in the Second Motion. See Whittington, 2012 WL 3705046, at *2; Seabron, 2012 WL 3028224, at *1; see also Servants of the Paraclete, 204 F.3d at 1012.

Even if Plaintiffs did get a second "bite of the apple," AIFS has responded to the purported deficiencies identified in Plaintiffs' Second Motion. As a courtesy, AIFS revised the APIA Financial Information document (see Mahoney Aff. at Exhibit 2) to address the purported deficiencies and provided Plaintiffs with same contemporaneously with the filing of this brief.

## IV. Mr. Gertz's Testimony Does not Constitute New Evidence Warranting Reconsideration

Plaintiffs have failed to establish the existence of new evidence warranting reconsideration of the July 24 Order. Instead, they have used misleading and mischaracterized excerpts from Mr. Gertz's deposition testimony as a pretext for revisiting the Court's well-reasoned Order. At most, Plaintiffs can establish that Mr. Gertz is unfamiliar with the APIA Financial Information and that he does not have a substantive role in AIFS' financial operations. This "evidence," however, does not establish that the APIA Financial Information is incomplete, inadequate or false.

At his deposition, Mr. Gertz repeatedly testified that he has a limited role in corporate finances and that he does not review financial statements. (ECF No. 787-8 at

91-93). Mr. Gertz also testified consistently that he did not recognize the APIA Financial Information document. (Id. at pp. 90, 15-16; Gertz Aff. at ¶8). Despite Mr. Gertz's consistent testimony that he was unfamiliar with the document and has a limited role in AIFS and/or APIA accounting, Plaintiffs' counsel peppered Mr. Gertz with questions about the APIA Financial Information document. (Id. at pp. 91-93; Gertz Aff. at ¶¶4, 10, 11).

At no point during the deposition did Mr. Gertz testify that AIFS' audited or unaudited financial statements contain program or division specific information. Although Mr. Gertz testified that revenues and expenses are allocated by program (Id. at 69; 93), such testimony is wholly consistent with the information contained in the APIA Financial Information document and AIFS' opposition to the First Motion.

Plaintiffs have had notice of APIA's program-specific financial allocations since March 2017—before the First Motion was fully briefed. Certainly AIFS has the ability to allocate revenues and expenses by division/program, otherwise it would not have been able to create the APIA Financial Information document that it provided to Plaintiffs on March 23, 2017.

Notwithstanding, AIFS' financial statements make no such allocation by program/division and contain no financial information specific to the APIA Program. (Mahoney Aff., Exhibit 1 at ¶¶5-6). Nothing in Mr. Gertz's testimony or any other evidence suggests otherwise. As AIFS has consistently and unequivocally explained in this action, AIFS' financial statements are consolidated and do not demonstrate revenue, expenses and income that is attributable solely to APIA. (Mahoney Aff. at ¶¶3-4; Mahoney Aff.,

Exhibit 1, ¶¶5-7). Two sworn and uncontroverted affidavits by AIFS' Vice President of Finance conclusively establish AIFS' position, while Plaintiffs present no evidence to the contrary. Nevertheless, AIFS is prepared to file its audited and unaudited financial statements under Level 3 restriction for the Court's review in order to corroborate Mr. Mahoney's sworn affidavits.

## V. The Second Motion Improperly Seeks New Documents and Information

The Second Motion seeks new documents and information that are not responsive to Document Request No. 16. Document Request No. 16 seeks "audited or unaudited financial statements, including documents sufficient to show your annual revenue and income derived from participating in the au pair program during each year in which you have participated in the program." (emphasis added). In the First Motion, Plaintiffs tracked the language of Request No. 16 and repeatedly stated that they were seeking production of "financial statements."

In the Second Motion, Plaintiffs conveniently conflate the terms "financial statements" and "financial records" throughout their papers in order to expand their requested relief beyond the scope of Document Request No. 16. Plaintiffs now seek production of:

> any financial records, whether as statements, records, or some other format, showing the performance of its au pair program, including records for its au pair program alone, and consolidated records, to the extent they contain any detail about the au pair program.

Proposed Order (ECF No. 786-1) (emphasis added). Such a broad scope of desired

information includes documents that exceed the scope of and are not responsive to Document Request No. 16. To the extent Plaintiffs seek any documents beyond AIFS' audited or unaudited financial statements, such documents should have been sought with a timely and proper document request before the January 5, 2018, fact discovery deadline. Plaintiffs cannot use a motion for reconsideration to circumvent that deadline and obtain untimely discovery.

## CONCLUSION

For all of the above reasons, AIFS respectfully requests that the Court deny Plaintiffs' Motion for Reconsideration in its entirety, together with the costs and fees incurred in connection with opposing this motion, and with such other and further relief as the Court deems just and proper.

Date: January 26, 2018

Respectfully submitted,

s/ *Stephen J. Macri*

Stephen J. Macri
Robert M. Tucker
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue
New York, NY 10175
(212) 682-0020
Email: smacri@putneylaw.com
rtucker@putneylaw.com
***Attorneys for American Institute for Foreign Study d/b/a Au Pair in America***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2018, I electronically served a true and correct copy of the foregoing upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Matthew Lane Schwartz | mlschwartz@bsfllp.com |
| Peter Murray Skinner | pskinner@bsfllp.com |
| Randall Wade Jackson | rjackson@bsfllp.com |
| Sigrid Stone McCawley | smccawley@bsfllp.com |
| Lauren Fleischer Louis | llouis@bsfllp.com |
| Sabrina Alexandria McElroy | smcelroy@bsfllp.com |
| Dawn L. Smalls | dsmalls@bsfllp.com |
| Byron Pacheco | bpacheco@bsfllp.com |
| Alexander Hood | alex@towardsjustice.org |
| Brooke A. Colaizzi | bcolaizzi@shermanhoward.com |
| Heather F. Vickles | hvickles@shermanhoward.com |
| Raymond Myles Deeny | rdeeny@shermanhoward.com |
| Joseph H. Hunt | jhunt@shermanhoward.com |
| William J. Kelly III | wkelly@kellywalkerlaw.com |
| Chandra M. Feldkamp | cfeldkamp@kellywalkerlaw.com |
| Meshach Y. Rhoades | mrhoades@armstrongteasdale.com |
| Martin J. Estevao | mestevao@armstrongteasdale.com |
| Bogdan Enica | bogdane@hotmail.com |
| David B. Meschke | dmeschke@bhfs.com |
| Martha L. Fitzgerald | mfitzgerald@bhfs.com |
| Adam Hubbard | aahubbard@hollandhart.com |
| James E. Hartley | jhartley@hollandhart.com |
| Jonathan S. Bender | jsbender@hollandhart.com |
| Thomas B. Quinn | tquinn@gordonrees.com |
| Brian P. Maschler | brian.maschler@arentfox.com |
| Peggy Kozal | pkozal@gordonrees.com |
| John R. Mann | jmann@gordonrees.com |
| Susan M. Schaecher | sschaecher@laborlawyers.com |
| Joseph B. Cartafalsa | jcartafalsa@putneylaw.com |
| Stephen J. Macri | smacri@putneylaw.com |
| Robert M. Tucker | rtucker@putneylaw.com |
| Kathryn A. Reilly | reilly@wtotrial.com |
| Grace Anne Fox | fox@wtotrial.com |
| Natalie Elizabeth West | west@wtotrial.com |
| Brian Alan Birenbach | brian@rietzlawfirm.com |
| Lawrence D. Stone | lstone@nixonshefrin.com |
| Kathleen E. Craigmile | kcraigmile@nixonshefrin.com |

| | |
|---|---|
| Lyndsey M. Kruzer | lkruzer@choate.com |
| Joan A. Lukey | joan.lukey@choate.com |
| Robert M. Buchanan, Jr. | rbuchanan@choate.com |
| Michael T. Gass | mgass@choate.com |
| Justin J. Wolosz | jwolosz@choate.com |

s/ *Stephen J. Macri*
Stephen J. Macri