# Exhibit 4

| | |
|---|---|
| **From:** | Robert Tucker |
| **To:** | Dawn Smalls |
| **Cc:** | Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree |
| **Subject:** | RE: Deficiencies in AIFS" Responses to Plaintiffs" Discovery Requests |
| **Date:** | Thursday, January 4, 2018 11:09:54 AM |
| **Attachments:** | dsmall_email.pdf |

Dawn,

I am confused. You have acknowledged the following:

- Receipt of production provided March 24, 2017 containing documents bearing bates numbers AIFS0003893 - AIFS0010019

- Receipt of production provided April 17, 2017 (also see attached email)

- Receipt of production provided April 21, 2017 containing documents bearing bates numbers AIFS0058219 - AIFS0071152

If the April 17, 2017 production did not contain AIFS0010020 – AIFS0058218 what do you contend that it contained? As we explained in our transmittal emails the productions were only active on the FTPs for 8 days. The April 17, 2017 production did not remain intact on the FTP beyond 8 days let alone after more than 8 months. As such, our vendor has confirmed that we cannot send you the April 17, 2017 production as it existed when it was made available. However, RICOH is rerunning the production of AIFS' April 17, 2017 production and it will send you a link to download same as soon as it is completed (hopefully later today or tomorrow).

Thanks,
Rob


**Robert M. Tucker**
**Putney, Twombly, Hall & Hirson LLP**
**521 Fifth Avenue**
**New York, NY 10175**
**(212) 682-0020**
**(212) 682-9380 (fax)**
**RTucker@putneylaw.com**

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Monday, December 18, 2017 1:02 PM
**To:** Robert Tucker <RTucker@putneylaw.com>
**Cc:** Byron Pacheco <bpacheco@BSFLLP.com>; Maria Guarisco <MGuarisco@BSFLLP.com>; Stephen Macri <SMacri@putneylaw.com>; Joseph Cartafalsa <JCartafalsa@putneylaw.com>; John B. Fulfree <jfulfree@putneylaw.com>
**Subject:** RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests

Robert,

We received this production and downloaded it from the FTP site but the production we downloaded does not include the 50,000 documents you say were included. Please (1) resend the production and (2) provide support for the fact that these documents were included in the April 17, 2017 production you reference in the attachments.

Thanks,

Dawn

---

**From:** Robert Tucker [mailto:RTucker@putneylaw.com]
**Sent:** Monday, December 18, 2017 12:23 PM
**To:** Dawn Smalls
**Cc:** Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree
**Subject:** RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests

Dawn,

I am available at 2PM. Also attached are the requested transmittal emails with correspondence between you and our vendor.

Thanks,
Rob

**Robert M. Tucker**
**Putney, Twombly, Hall & Hirson LLP**
**521 Fifth Avenue**
**New York, NY 10175**
**(212) 682-0020**
**(212) 682-9380 (fax)**
**RTucker@putneylaw.com**

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Monday, December 18, 2017 11:24 AM
**To:** Robert Tucker <RTucker@putneylaw.com>
**Cc:** Byron Pacheco <bpacheco@BSFLLP.com>; Maria Guarisco <MGuarisco@BSFLLP.com>; Stephen Macri <SMacri@putneylaw.com>; Joseph Cartafalsa <JCartafalsa@putneylaw.com>; John B. Fulfree <jfulfree@putneylaw.com>
**Subject:** RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests

Robert,

Is it possible to do our call to Tafoya's chambers at 2:00 or earlier? I now have a conflict at 3:00. Please let me know. If that does not work, I could alternatively do a call today at 6:00 EST or tomorrow between 3:00 p.m. and 6:00 p.m. EST.

Dawn

**From:** Robert Tucker [mailto:RTucker@putneylaw.com]
**Sent:** Friday, December 08, 2017 5:07 PM
**To:** Dawn Smalls
**Cc:** Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree
**Subject:** RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests

Dawn:

**FLSA Opt-in Discovery**

**Form of Responses to AIFS' Interrogatories and Requests for Admission**

We are amenable to the "questionnaire"-style form of responses to AIFS' interrogatories and requests for admission, contingent on agreement on the following:

- The questionnaire must include the caption or title of the litigation.

- The questionnaire should not include any default responses and au pairs must not be able to complete the questionnaire without responding to all applicable questions.

- The questionnaire should not include multiple choice responses unless the parties agree.

- The raw, unedited responses for each of AIFS' interrogatories and requests for admission will be provided in Excel format with each au pair's responses on a separate 'sheet.'

- Each au pair must certify under oath that the responses are true and complete ("I certify under oath that all of my responses are true and accurate to the best of my knowledge").

- The parties will stipulate that Plaintiffs' certified responses to AIFS' interrogatories shall be considered valid responses under FRCP 33(b)(3).

- Plaintiffs may include their own questions in the questionnaire; however, they must be segregated from AIFS' interrogatories and requests for admission. Inclusion of these questions shall not be deemed an acknowledgement or concession by AIFS that the questions (or responses to same) are relevant, valid, or otherwise proper. AIFS will expressly reserve all rights to challenge these questions/responses in the event that Plaintiffs' rely on same in the litigation.

- AIFS will preserve its position that that any au pair who fails to timely respond to the interrogatories and requests for admission is subject to a default judgment, and Plaintiffs preserve their position that she/he is not subject to a default judgment, reserving the issue for the Court at a later point.

- The parties' agreement on these issues must be reduced to a stipulation and

submitted to the Court for review and approval.

**Plaintiffs' Objections to AIFS' Written Opt-in Discovery**

We have received and reviewed Plaintiffs' responses and objections to AIFS' written discovery. Plaintiffs repeatedly object to AIFS' requests on the basis that "discovery requests aimed at the entirety of large FLSA classes are inappropriate." The Court expressly rejected this principle in <u>Whittington v. Taco Bell of America Inc.</u>, 2012 WL 3705046 (Aug. 27, 2012).

In <u>Whittington</u>, Plaintiffs sought to limit written discovery to 20% of the 488-person opt-in class. MJ Tafoya held that Defendants could issue 8 interrogatories, 5 requests for production of documents and 5 requests for admissions to **the entire 488-person class**. The justification for class-wide written discovery is far more compelling here where each opt-in class member resided at a different, unrelated "work site" **and** each had a different host family—the "employer-in-fact."

Based on <u>Whittington</u> and the particularly compelling justification for class-wide written discovery in this case, AIFS contends that it is entitled, *at a minimum*, to the written discovery approved by MJ Tafoya in <u>Whittington</u>: 8 interrogatories, 5 requests for production of documents, and 5 requests for admission from all members of the AIFS opt-in class. Despite its right to class-wide discovery, AIFS has voluntarily limited certain requests to approximately 15-20% of the total AIFS opt-in plaintiffs (see Exhibit A). As I explained during our telephone conversation, it is our intention to supplement Exhibit A and Exhibit B on a going forward basis with approximately 15-20% of opt-in plaintiffs in Exhibit A and the remainder in Exhibit B.

As set forth below, AIFS has revised or withdrawn many of its written discovery requests. The requests are narrowly tailored to seek information and documents relevant to the FLSA claim and they fit well within the written discovery limits approved in <u>Whittington</u>. These revisions constitute AIFS' good faith effort to resolve disputes regarding its written discovery to opt-in plaintiffs. In the event that Plaintiffs continue to object and refuse to provide information/documents responsive to AIFS' revised requests, AIFS intends to move to compel responses.

**AIFS' Interrogatories**

1. *Fully identify yourself by providing the following: (1) full name; (2) any other names used at any time in the two years prior, during and after your time as an au pair; (3) date of birth; (4) current address; (5) current and all former email address(es) you have used since you first applied to the au pair program; (6) the addresses (with respective dates of residence) of all locations at which you have lived since you first applied to the au pair program; (7) dates during which you participated in the au pair program; and (8) the name of the sponsor or sponsors that sponsored your participation in the au pair program*

    AIFS continues to seek responses to this interrogatory from all opt-in plaintiffs. Plaintiffs object specifically to subparts 5 and 6 of the interrogatory, which seek "current and former email address(es) you have used since you first applied to the au pair program" and "the addresses (with respective dates of residence) of all

locations at which you have lived since you first applied to the au pair program." AIFS seeks this information for purposes of identifying the opt-ins plaintiffs and for purposes of identifying any relevant communications sent to or received from them. AIFS will agree to limit the requests to "current email address and any email address(es) you used at any time during the period between when you applied to the au pair program through the conclusion of your participation in the program" and "the address(es) you lived at when you applied to the au pair program."

2. *For each host family with whom you were placed during your participation in the au pair program, identify each host parent and any other individual age 18 or older who resided or was present at the family's home on a weekly or more frequent basis, including: (a) full name; (b) relationship (e.g., host parent, host family relative, host family friend, host family employee, etc.); (c) employment status (i.e. employed or unemployed) and location of employment (i.e. at-home or away from home) if applicable.*

   AIFS continues to seek responses to this interrogatory from all opt-in plaintiffs. Plaintiffs have objected and declined to provide a response to this interrogatory. Based upon Plaintiffs' agreement with Cultural Care, however, it appears that Plaintiffs have agreed to provide information responsive to this interrogatory. Please clarify Plaintiffs' position.

3. *For each child of the host family or families with whom you were placed during your participation in the au pair program, state: (a) the child's approximate age; (b) whether the child attended school, daycare or camp; (c) approximate dates and/or month of attendance; (d) whether the child was a recipient of childcare (e.g., daycare, nanny, babysitter, relative, etc.), excluding any assistance you provided during the period of your placement.*

   AIFS continues to seek responses to this interrogatory from all opt-in plaintiffs. Plaintiffs have objected and declined to provide a response to this interrogatory. Based upon Plaintiffs' agreement with Cultural Care, however, it appears that Plaintiffs have agreed to provide information responsive to this interrogatory. Please clarify Plaintiffs' position.

4. *Identify every source of information that you relied on in making the decision to participate in the au pair program.*

   AIFS will withdraw this interrogatory.

5. *For each week that you participated in the au pair program, identify: (a) the amount that you were paid for that week's duties and responsibilities; (b) the date or day on which you were paid for that week; (c) the method by which you were paid (e.g. cash, check, direct deposit); (d) the person or entity from whom you received each payment; and (e) any document reflecting the amount and/or confirming the payment of that week's amount.*

   Plaintiffs have agreed to provide responses to this interrogatory, except for subparts (b) and (c). AIFS will withdraw subpart (b) of this interrogatory, but it

will continue to demand responses to subpart (c).  We understand that Plaintiffs have agreed to provide information responsive to subpart (c) in their agreement with Cultural Care.  Please clarify Plaintiffs' position.

6. *Identify all other payments and/or benefits that you received from each host family with whom you lived and include the approximate monetary value of each benefit. Examples of other payments and/or benefits include, but are not limited to, cash, gifts, bonuses, personal use of a car, cell phone, or computer, gas money, clothing, personal items, entertainment expenses and travel expenses.*

    AIFS will withdraw this interrogatory.

7. *Identify any university, college or other educational institution at which you took courses during your participation in the au pair program, including: (a) address of the campus or location where you took any courses; (b) the course name(s); (c) the days, times and length of each course; and (d) the beginning and end date of each course.*

    Plaintiffs have objected and declined to provide a response to this interrogatory.  AIFS continues to seek this information for all individuals listed in Exhibit A.  This requests seeks information relevant to hours worked.

**AIFS' Document Requests**

1. *All documents reflecting your actual hours of childcare assistance as an au pair, whether on a daily, weekly, monthly, or other basis.*

    Plaintiffs state that they "will produce any relevant, non-privileged documents sufficient to show actual hours spent performing duties assigned by AIFS or the au pair's host family" for the individuals listed on Exhibit A.  This is not responsive to the document request.  AIFS will revise the document request as follows: "All documents reflecting the actual hours you spent performing au pair duties, whether on a daily, weekly, monthly, or other basis."

2. *All documents reflecting the amount(s) or payment of a stipend or any other payments received from your host family or host families during your time as an au pair.*

    Plaintiffs state that they "will produce relevant, non-privileged documents sufficient to show actual compensation received in exchange for the performance of au pair duties."  Once again this is not responsive to the document request.  AIFS continues to seek documents responsive to this request for all individuals listed on Exhibit A.

3. *All documents, including but not limited to schedules, calendars, diaries, notes, files, appointment books, letters, agreements, emails, text messages, and social media postings, that describe or reflect your experiences as an au pair.*

    Plaintiffs object and refuse to provide documents responsive to this request.  AIFS continues to seek documents responsive to this request for all individuals listed on Exhibit A.  AIFS will revise this request as follows: "All documents, including but not limited to schedules, calendars, diaries, notes, files, appointment books, letters, agreements, emails, text messages, and social media postings, that describe

or reflect your duties, assignments, scheduled hours of childcare assistance, or orientation/training as an au pair."

4. *All documents provided to or received from your host family or host families related to the au pair program or this lawsuit, excluding documents that are (or would be) responsive to any of the Document Requests above.*

    AIFS continues to seek documents responsive to this request for all opt-in plaintiffs. This request seeks documents relevant to the putative employment / joint employment relationship.

5. *All documents identified in or used by you to prepare your answer to any Interrogatory.*

    AIFS will withdraw this request.

6. *All documents provided to or received from APIA.*

    AIFS will revise the document request as follows "All documents provided to or received from your APIA Community Counselor."

7. *All documents provided to or received from the U.S. Department of State related to the au pair program.*

    AIFS will withdraw this request.

8. *Not including communications involving your lawyers, all written communications with any other individual or entity about this lawsuit.*

    AIFS will withdraw this request.

9. *All documents upon which you relied when making your decision to participate in the au pair program.*

    AIFS will withdraw this request.

**AIFS' Requests for Admission**

1. *Admit that in one or more weeks you received more than $195.75 from your host family.*

    Plaintiffs have agreed to respond to this request.

2. *Admit that no APIA representative assigned you to the actual, specific duties that you provided for your host family.*

    AIFS continues to seek a response to this request from all opt-in plaintiffs. This request does not call for a legal conclusion regarding AIFS' status as a joint employer under the FLSA. Rather, it calls for factual information that is relevant to the joint-employer issue.

3. *Admit that no APIA representative ever observed you while you performed duties for your host family.*

   AIFS continues to seek a response to this request from all opt-in plaintiffs.

4. *Admit that no APIA representative determined or specified to you your scheduled hours or actual hours of childcare assistance during your participation in the au pair program.*

   AIFS continues to seek a response to this request from all opt-in plaintiffs. This request does not call for a legal conclusion regarding AIFS' status as a joint employer under the FLSA. Rather, it calls for factual information that is relevant to the joint-employer issue.

5. *Admit that no APIA representative gave you or paid you your weekly stipend amounts.*

   AIFS continues to seek a response to this request from all opt-in plaintiffs.

**Plaintiffs' Document Request**

You explained during our telephone conversation that Plaintiffs are only seeking documents that will eliminate the information asymmetry between the parties. In other words, if we review a category of documents pertaining to some or all opt-in class members, Plaintiffs contend that they should receive and have the opportunity to review those same documents. AIFS is amenable to this concept in theory. If Plaintiffs' agree, please revise the document request accordingly and send it to us for consideration.

**<u>Audited and Unaudited Financial Statements</u>**

After further consideration of the Plaintiffs' position as articulated in your initial email and during our telephone conversation, AIFS reaffirms its position that this issue was fully and finally determined by MJ. Tafoya's July 24, 2017 Order. Plaintiffs had a full and fair opportunity to litigate disclosure of AIFS' financial statements in their motion to compel. MJ. Tafoya held that Plaintiffs "failed in their burden 'to prove that the answers before the court are incomplete, inadequate, or false'" and, thus, AIFS satisfied its burden of production by producing documents that demonstrate the actual revenue, allocated expenses and associated income of APIA in lieu of AIFS' audited and unaudited financial statements. Significantly, MJ. Tafoya's Order was final and Plaintiffs' failed to timely object to or seek reconsideration of the Order.

During our telephone conversation, I asked if Plaintiffs would be willing to accept any information or documents in lieu of AIFS' financial statements. At that time, you did not identify any such information or documents and indicated that Plaintiffs intended to move to compel the financial statements. We are willing to consider any other facts or legal basis in support of Plaintiffs' contention that they are entitled to the AIFS financial statements despite the July 24, 2107 Order. Please be advised, however, that if Plaintiffs move to compel AIFS' financial statements or otherwise seek to relitigate the issues decided in MJ. Tafoya's July 24, 2017 Order, AIFS will seek costs and fees incurred in connection with opposing such an application.

**Email Communications with Overseas Offices**

As I explained during our telephone conversation, AIFS produced a significant number of communications between and among AIFS representatives located in the US and AIFS representatives located in overseas offices. The following is a sample of those communications:

- AIFS0014726 (email to/from Linda James re: au pair flight costs 2009)
- AIFS0046445-46449 (email to/from Linda James re: au pair flight costs 2010)
- AIFS0039957-39960; AIFS0040397 (emails to Linda James re: business and marketing plans)
- AIFS0023996; AIFS0037544-37558 (email re: quarterly issue of "CQ" (Community Counselor Communique entitled "Germany: Our Number one Recruiting Country"))
- AIFS0024464 (email cc'ing Linda James re: au pair quiz)
- AIFS0046699 (email cc'ing Linda James and Jean Quinn re: insurance docs)
- AIFS0052958 (email from Kelly O'Connor to Linda James and Sarah Mallet re: "US Docs")
- AIFS0025238-25239 (Emails between Ruth Ferry, Jean Quinn, and Linda James re: IAPA Codes of Conduct and Guidelines)
- AIFS0019361-19363 (Emails between Ruth Ferry, Jean Quinn, Thomas Kiechle (managing director, AIFS Germany), and Linda James re: "Grannie Au Pairs from Germany")
- AIFS0041457-41458 (Emails between Ruth Ferry, Marcy Schneider, and Linda James re: "HF Recruitment Manager Job Description")
- AIFS0029729 (email re: AIFS Deutchland Stats)
- AIFS0025214-25217 (email between and among Linda James, Ruth Ferry and Jean Quinn re: Israeli au pairs)
- AIFS0046808-46810 (emails between and among Linda James, Jean Quinn, Ruth Ferry, Marcie Schneider and Bill Gertz re: American au pairs in China)
- AIFS0041588 (Email re: counsellor workshop)
- AIFS0045695-45696 (Emails including Linda James re: AP flight delays at Heathrow)
- AIFS0019325-19329 (Emails including Linda James re: website redesign)
- AIFS0046583-46584 (memorandum to Linda James, Thomas Kiechle, and Jean Quinn re: program differentiators)
- AIFS0019809-19812 (Emails to and from Maike Schoeniger Deputy Program Manager Au Pair, Germany)
- AIFS0024722 (Emails to Thomas Kiechle, Bill Gertz, Maike Schoeniger et al from Ruth Ferry re: APIA review meeting)
- AIFS0043321-43324 (Emails featuring Thomas Kiechle (GER), and Annie Hutchinson (UK) re: au pair/host family dispute)
- AIFS0043325-43328 (Tina Pullen email to AIFS Germany and UK re: au pair rematch)
- AIFS0025158-25159 (Email from Ruth Ferry to Linda James, Jean Quinn, Thomas Kiechle, Bill Gertz, Maike Schoeniger et al re: H1N1 virus quarantine in China)

You stated that, based on Plaintiffs' understanding of the interaction between the AIFS US office and the overseas offices, Plaintiffs expected to see daily email communications from

the overseas offices notifying the US office that au pair applicants had been approved to be matched with a host family. I have now confirmed that this process does not occur via email. Rather, it occurs in AIFS' database. The overseas office merely updates an applicant's status in the database from under review to "to be matched." This process obviates the need for email communication regarding applicant approval.

**Privilege Log**

Please see the attached.

Thanks,
Rob
**Robert M. Tucker**
**Putney, Twombly, Hall & Hirson LLP**
**521 Fifth Avenue**
**New York, NY 10175**
**(212) 682-0020**
**(212) 682-9380 (fax)**
**RTucker@putneylaw.com**

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Monday, December 04, 2017 3:36 PM
**To:** Robert Tucker <RTucker@putneylaw.com>
**Cc:** Byron Pacheco <bpacheco@BSFLLP.com>; Maria Guarisco <MGuarisco@BSFLLP.com>; Stephen Macri <SMacri@putneylaw.com>; Joseph Cartafalsa <JCartafalsa@putneylaw.com>; John B. Fulfree <jfulfree@putneylaw.com>
**Subject:** RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests

Robert,

When we spoke on the 14th, you committed to letting me know your position on our proposal for opt in discovery and the outstanding issues with respect to AIFS' discovery responses as outlined below by Monday December 20th. Can you let me know your position on both issues and/or let me know when you will be able to do so?

Thanks,

Dawn

**From:** Dawn Smalls
**Sent:** Tuesday, November 14, 2017 6:12 PM
**To:** 'Robert Tucker'
**Cc:** Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree
**Subject:** RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests

Robert,

Thank you for speaking today. At the conclusion of the call you asked me to forward the details of the agreement that Plaintiffs have come to with Cultural Care. **That agreement is as follows:**

Interrogatories/RFAs:

In lieu of traditional interrogatories, a survey would go to all Cultural Care opt-in plaintiffs. The survey would be comprised of the questions outlined below. Each responding au pair would certify at the end of the survey that her/his answers are true and complete. Plaintiffs will consolidate the answers for each responding au pair, by name, into a spreadsheet using the au pair's actual unedited answers. Cultural Care would then be served with the spreadsheets on a rolling basis as Plaintiffs compile information, in a timely enough fashion for Cultural Care to begin and to complete the deposition process, also on a rolling basis. Plaintiffs will provide Cultural Care with a stipulation that each responding au pair has certified that her/his answers are true and complete, and that it may use the spreadsheets in the same manner as interrogatory responses. Cultural Care preserves its position that any au pair who fails to respond is subject to a default judgment, and Plaintiffs preserve our position that she/he is not subject to a default judgment, reserving the issue for the court at a later point.

RFPs will be reduced to a single category, which will be posed to each Cultural Care opt-in plaintiff, to wit: "Any documents relating to amounts paid to you and hours that you worked." We agreed that a response that the au pair possesses no such documents is not a ground for default. However, Cultural Care preserves its right to argue that a failure to respond to the request at all is a ground for default, and Plaintiffs preserve our position that it is not.

We did not agree to the total number of depositions appropriate for opt in discovery and defer that issue for now. Plaintiffs will not require that we determine the total number of depositions before depositions begin and we agree that Cultural Care may begin noticing them when they choose to do so. We will revisit this issue once Cultural Care notices more than 5% of the opt-in Plaintiffs for depositions.

RFAs incorporated as questions into survey:

- On one or more occasions [did] you receive[] more than $195.75 in weekly payment(s) from your host family or host families?
- Was your schedule set by, or determined in conjunction with, your host family?
- Was your stipend paid by your host family?

Survey Questions

- Whether any adults other than the au pair and the host parents lived in the host family home, and if so whether they assisted in childcare and for how many hours a week.
- How their schedule was determined, and the number of hours and days per week they worked.
- With respect to payment, we would ask them in detail and by payment/benefit, to list what the payment or benefit was, estimated amount of benefit, and timeframe for benefit (per day, per month, per week, per year).
- The number of host families with which they were placed
- Full name/Full name when au pair
- Date of Birth
- Current Address
- Country They Were Living in Before Coming to the US as an Au Pair
- How they first learned of the opportunity to become an au pair
- Month and Year they first applied to join the au pair program

- Whether they applied to a single sponsor agency or one
- Organization that recruited them to be an au pair
- Key Benefits of being an au pair as they understood them
- Downsides of Being an Au Pair as they understood them.
- Whether they met with a staff member of the sponsor agency when being recruited
- Whether they paid fees to participate in the program
- Number of Interviews with Host Families before being accepted into the Program
- Whether training was required by the Sponsor agency
- Host Family Name and Begin and End Date of Placement with Host Family
- Full Names and Relation of any Adults that lived in the household while the au pair was there
- Whether the weekly stipend was discussed in the initial interview with the host family for the position
- How the au pair and the family decided the weekly stipend
- The weekly stipend paid
- Person or entity that paid them
- Whether the amount of the stipend every varied
- If it did vary, how and why
- How they were paid
- Whether they received any payments or benefits from the host family other than the weekly stipend
- Number of children in the host family
- Age of Each Child, whether they attended school or daycare, and numbers of hours in school or daycare
- Main childcare tasks performed for this family
- Other childcare activities the au pair spent time on
- Whether the au pair provided services other than childcare to the host family
- Expected to be on call when not actively scheduled to provide childcare?
- Whether they had responsibilities for children waking overnight
- Whether there were times that they provided childcare that were unexpected or outside of the normal schedule
- Whether they ever made a complaint and if so who it was reported to and how it was resolved

Please let me know if these terms will work for AIFS and we will begin the process outlined above for AIFS opt ins.

Dawn

---

**From:** Robert Tucker [mailto:RTucker@putneylaw.com]
**Sent:** Tuesday, November 14, 2017 1:23 PM
**To:** Dawn Smalls
**Cc:** Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree
**Subject:** RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests

Dawn,

Could you please provide us with a phone number at which you can be reached for our call at 2PM?

Thanks,

Rob

**Robert M. Tucker**
**Putney, Twombly, Hall & Hirson LLP**
**521 Fifth Avenue**
**New York, NY 10175**
**(212) 682-0020**
**(212) 682-9380 (fax)**
**RTucker@putneylaw.com**

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Wednesday, November 08, 2017 11:10 AM
**To:** Robert Tucker <RTucker@putneylaw.com>
**Cc:** Byron Pacheco <bpacheco@BSFLLP.com>; Maria Guarisco <MGuarisco@BSFLLP.com>; Stephen Macri <SMacri@putneylaw.com>; Joseph Cartafalsa <JCartafalsa@putneylaw.com>; John B. Fulfree <jfulfree@putneylaw.com>
**Subject:** RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests

That works. Thank you. I will speak with you then.

Dawn

---

**From:** Robert Tucker [mailto:RTucker@putneylaw.com]
**Sent:** Wednesday, November 08, 2017 10:58 AM
**To:** Dawn Smalls
**Cc:** Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree
**Subject:** RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests

Dawn,

We are available Tuesday afternoon at 2:00PM (EST).  Please let me know if that date and time works for you.  I suggest that we discuss both your email below and opt-in discovery when we speak.

Thanks,

Rob

**Robert M. Tucker**
**Putney, Twombly, Hall & Hirson LLP**
**521 Fifth Avenue**
**New York, NY 10175**
**(212) 682-0020**
**(212) 682-9380 (fax)**
**RTucker@putneylaw.com**

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Tuesday, November 07, 2017 11:22 PM
**To:** John B. Fulfree <jfulfree@putneylaw.com>; Robert Tucker <RTucker@putneylaw.com>; Stephen

Macri <SMacri@putneylaw.com>
**Cc:** Byron Pacheco <bpacheco@BSFLLP.com>; Maria Guarisco <MGuarisco@BSFLLP.com>
**Subject:** RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests

John,

I am writing to schedule a meet and confer regarding the deficiencies outlined below. I am available tomorrow or Tuesday of next week. I would also like to schedule a time to discuss Plaintiffs' proposal for opt in discovery (attached). We have come to agreement with Cultural Care and would like to see if we can come to agreement with AIFS as well. Please let me know when works.

Thanks,

Dawn

---

**From:** Dawn Smalls
**Sent:** Thursday, November 02, 2017 4:08 PM
**To:** John B. Fulfree; 'Robert Tucker'; Stephen Macri
**Cc:** Byron Pacheco; Maria Guarisco
**Subject:** Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests

John,

 I am writing to follow up on several responses by AIFS to Plaintiffs' discovery requests, specifically your responses to Plaintiffs' Third, Fourth, and Sixth RFP.

 In the third RFP, Plaintiffs requested all documents relating to any "affiliate or parent companies and "third parties" involved with any aspect of operating AIFS' au pair program. This request would - however you define it - include AIFS Inc., American Institute for Foreign Study, Inc., AIFS Stamford, AIFS London, AIFS Germany, and AIFS Australia. Yet AIFS has produced limited documents in response to this request, most notably excluding email communications between AIFS Inc., AIFS London and American Institute for Foreign Study, Inc. that would be necessary - as the relationship has been laid out to us - to administer the au pair program on a daily, monthly, or annual basis. The fact that AIFS's 30(b)(6) witness did not refuse to answer questions about these entities does not obviate the need to produce documents responsive to this request.

 Similarly, in the Fourth RFP Plaintiffs requested all documents and communications with host families, au pairs, the Department of State, the Department of Labor, the Alliance, IAPA, or any third parties or affiliates (which would include AIFS Inc., American Institute for Foreign Study, Inc., AIFS Stamford, AIFS London, AIFS Germany, and AIFS Australia) about this litigation. This document request largely mirrors one served on Plaintiffs on the same day, and Plaintiffs made a production in response to that request on June 12, 2017.

 With respect to the request for financial information, Plaintiffs moved to compel APIA' audited or unaudited financial statements in March 2017. Judge Tafoya denied Plaintiffs' request based on APIA's representation that financial statements with respect to the APIA program individually do not exist and that the information provided to Plaintiffs provided all of the information covered by that request, though in a different form. Judge

Tafoya concluded that Plaintiffs failed to meet their burden to establish that AIFS' production was "incomplete, inadequate, or false." Plaintiffs believe that, following the deposition of AIFS CEO William Gertz, that Plaintiffs can now meet that burden and that complete financial statements relating to the au pair program should be produced immediately.

First, it is clear that segregated financial statements do exist. In Mr. Gertz' deposition, he repeatedly testified to having reviewed segregated financial statements for AIFS's divisions, including its au pair program:

> Q. And when -- do you know if the costs are delineated by division or are they delineated only AIFS wide?  A. They would be by division. Gertz Tr. 93:8-94:12.

Mr. Gertz's testimony also made clear that the financial information that had been produced to Plaintiffs was inadequate and incomplete. Looking at the very documents produced to Plaintiffs, AIFS'CEO could not discern key information about the au pair program that other Sponsors have produced, such as fees generated from host families, fees from au pairs, marketing costs, and the nature of the cost categories in the document. *See, e.g.*, Gertz Tr. 119.  He also could not explain several of the line items that were produced on the statements, such as land costs, and how they related to the au pair program.  *See* Gertz Tr. 103:9-105:19.

Lastly, Plaintiffs have reviewed AIFS' production and cannot locate a single privilege log. If you have produced one, we ask you to resend it as soon as possible. To the extent that you have not, Plaintiffs ask whether any documents have been redacted or withheld from any of AIFS' productions. If they have, a privilege log is long overdue and should be produced.

The deficiencies outlined above are significant and should be corrected immediately. If it would be helpful, I am also available to speak by phone and meet and confer.

Thank you.

Dawn

**Dawn L. Smalls**
Partner

BOIES SCHILLER FLEXNER LLP

575 Lexington Avenue
New York, NY 10022
(t) +1 212 754 4216
(m) +1 917 406 9977
dsmalls@.bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of

this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]