IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

        Defendants.
_____

**APEX AND 20-20'S RESPONSE TO MOVING PARTIES' JOINT MOTION
CONCERNING SUMMARY JUDGMENT PROCEDURE**
_____

        Defendants, A.P.EX. American Professional Exchange, LLC dba ProAuPair

("APEX"), and 20/20 Care Exchange, Inc. dba The International Au Pair Exchange

("20/20"), hereby respond to Moving Parties' Joint Motion Concerning Summary Judgment Procedure ("Joint Motion") [Doc. No. 822], and state as follows:

1.     The Joint Motion was filed on behalf of all parties *except* APEX and 20/20. APEX and 20/20 do not object to the Joint Motion *except* for the statement on page 4 which states:

> Plaintiffs, not joined by the undersigned Defendants, state that one of the smallest Defendants, APEX/2020, has declined to join this stipulation. APEX/2020 intends to file 20 pages of its own briefing.  Plaintiffs object to that as disproportionate and request that APEX/2020's individual briefing be subject to the same 10-page limitation as all other similarly-situated Defendants.

2.     APEX and 20/20 oppose Plaintiffs' proposed page limit for two reasons: first, APEX and 20/20 are unique in the au pair industry, and second, Plaintiffs' proposed page limitation is unnecessarily restrictive.

3.     Plaintiffs filed this lawsuit on November 13, 2014, more than three (3) years ago.  APEX and 20/20 are anti-trust only defendants in this action.  As the Joint Motion acknowledges, APEX and 20/20, which have common ownership, are some of the smallest defendants in the lawsuit.  Nonetheless, APEX and 20/20 have endured more than three years of litigation and have been awaiting the discovery cut-off (January 5, 2018) to have the opportunity to file a motion for summary judgment. Plaintiffs now seek to severely restrict APEX and 20/20 to a ten page limit for a motion for summary judgment and five page reply without any explanation even though, as

2

small defendants, they would be jointly and severally liable for any anti-trust damages awarded in this matter.

       4.     As noted in the Joint Motion, APEX and 20/20 intend to file a motion for summary judgment which will be separate and distinct from the dispositive motion filed by the other defendants and will not be joining the motion filed by co-defendants.  The reason for APEX and 20/20's separate motion is to describe their unique circumstances as summarized below:

       a.     APEX and 20/20's participation in the au pair program is unique as they focus on the placement of Professional, not Standard, au pairs.  Indeed, 96% of APEX and 20/20's au pairs were placed as professional au pairs[1] with stipends of $250.00 or more per week.[2]

       b.     Plaintiffs' anti-trust expert, William Kerr, admitted in his deposition that he has seen no evidence of collusion regarding the placement of professional au pairs which is a clean bill of health for 96% of the au pairs placed by APEX and 20/20 which distinguishes them from any other sponsor.

       c.     Plaintiffs' anti-trust class is limited to standard au pairs who were paid $195.75, yet the business model of APEX and 20/20 is focused on the placement of professional au pairs at substantially higher stipends.

       d.     APEX and 20/20 made the decision to discontinue placement of standard au pairs in 2015 and is no longer placing standard au pairs.

---

[1] Professional au pairs command a higher stipend based on their professional licensure, training, education and age, and include nurses, teachers, physical therapists, occupational therapists and the like.  They are typically selected by host families who have children with health issues or special needs.

[2] Between 2011 and 2016, APEX and 20/20 placed 765 au pairs, 735 of whom were professional au pairs and 30 of whom were standard au pairs.

e.      APEX and 20/20's host family fee structure is unique in the industry in that its host family fees are nearly twice as much for the placement of professional au pairs than for the placement of standard au pairs for the same amount of effort. Therefore, APEX and 20/20 are incentivized to place professional au pairs which is confirmed by their 96% placement rate which is contrary to the concept that they participated in an alleged price fixing conspiracy.

f.      APEX and 20/20 placed 30 standard au pairs between 2011 and 2016, and their stipends were determined for independent reasons other than alleged collusion. For example:

    i.      One of APEX's standard au pairs was paid $277.00 per week, two were paid $250.00 per week, and nine were paid more than $195.75 per week;

    ii.      Six of the 30 standard au pairs were prematches meaning the host family had preselected the au pair, determined the amount of the au pair's stipend and asked APEX or 20/20 to obtain the au pair's J-1 visa;

    iii.      One of the host families with which a standard au pair was placed recently experienced the death of a spouse and needed an au pair but could not afford more than $195.75 per week for the stipend;

    iv.      The owner of APEX and 20/20 hosted a standard au pair who was paid a stipend of $277.00 per week which suggests she, as owner of the two companies, had not entered into the alleged price fixing conspiracy;

4

v.       One of the 30 standard au pairs qualified as a professional at a stipend rate of $250.00 per week but chose to be placed as a standard au pair because the cultural exchange aspect of the au pair program was more important to her than the amount of the stipend;

vi.       One host family which sponsored three of the 30 standard au pairs would only sponsor standard au pairs at the rate of $195.75;

vii.       Several host families which sponsored standard au pairs did not have the financial wherewithal to sponsor a professional au pair;

viii.       One host family requested a Spanish speaking au pair from South America[3] but APEX's South American agent was not qualified to place professional au pairs; and

ix.       Due to the limited number of standard au pairs placed, APEX and 20/20 are able to explain why the stipend for each of its 30 standard au pairs was not due to collusion.

5.       APEX and 20/20 are also unique in that they retained their own anti-trust expert, Mark Glick, and did not participate in the expert witness disclosure of the anti-trust expert disclosed by the other sponsor defendants, who is Lauren Stiroh. Moreover, Plaintiffs' anti-trust expert, William Kerr, addressed the unique circumstances of APEX and 20/20 separately from his analysis of the conduct of the other sponsor defendants in his expert reports dated October 2, 2017 and October 30, 2017.  Dr.

---

[3] The vast majority of au pairs placed by APEX and 20/20 come from Germany.

Kerr's separate analysis of the alleged price fixing conspiracy by APEX and 20/20 is further confirmation of their unique circumstances.

6.      APEX and 20/20's potential joint and several liability for roughly 100,000 au pairs placed by other sponsors warrants more extensive briefing than proposed by Plaintiffs.

7.      Plaintiffs attempt to limit APEX and 20/20 to a ten page motion for summary judgment and five page reply is patently unfair and violates their rights of due process.  Instead, APEX and 20/20 should be governed by Judge Arguello's Practice Standard 10.1 of 20 pages for a motion for summary judgment and ten pages for a reply in order to address their unique circumstances.

8.      For the foregoing reasons, the Court should deny the Joint Motion as to Plaintiffs' attempt to unfairly limit APEX and 20/20's ability to extricate itself from this massive anti-trust class action lawsuit by limiting their motion for summary judgment to ten pages and a reply brief to five pages, which is woefully insufficient.

Respectfully submitted this 30th day of January, 2018.

NIXON SHEFRIN HENSEN OGBURN, P.C.


*s/ Lawrence D. Stone*
Lawrence D. Stone
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111
(303) 773-3500
lstone@nixonshefrin.com

Attorneys for Defendants A.P.EX. American
Professional Exchange, LLC dba ProAuPair; and
20/20 Care Exchange, Inc. dba The International
Au Pair Exchange

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2017, I have electronically filed the foregoing **APEX AND 20-20'S RESPONSE TO MOVING PARTIES' JOINT MOTION CONCERNING SUMMARY JUDGMENT PROCEDURE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record below:

Lauren F. Louis
Sigrid S. McCawley
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Sabrina A. McElroy
Dawn L. Smalls
Joshua J. Libling
Sean P. Rodriguez
Daniel R. Schwartz
Juan P. Valdivieso
BOIES SCHILLER & FLEXNER, LLP
llouis@bsfllp.com
smccawley@bsfllp.com
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
smcelroy@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
srodriguez@bsfllp.com
dschwartz@bsfllp.com
jvaldivieso@bsfllp.com

Alexander N. Hood
TOWARDS JUSTICE – DENVER
alex@towardsjustice.org
*Attorneys for Plaintiffs*

Bogdan Enica, Esq.
111 Second Avenue NE, Suite 204
St Petersburg, FL 33701
Phone: 727-388-3472
bogdane@hotmail.com
*Attorney for Defendant Expert Group International Inc. d/b/a Expert AuPair*

Joan A. Lukey
Robert M. Buchanan, Jr.
Michael T. Gass
Justin J. Wolosz
Lyndsey M. Kruzer
CHOATE, HALL & STEWART, LLP
joan.lukey@choate.com
rbuchanan@choate.com
mgass@choate.com
jwolosz@choate.com
lkruzer@choate.com
*kokeefe@choate.com*
*Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair*

8

Thomas B. Quinn
Peggy E. Kozal
Jennifer W. Vedra
Nathan A. Huey
Heather K. Kelly
GORDON & REES LLP
tquinn@gordonrees.com
pkozal@gordonrees.com
nhuey@gordonrees.com
jvedra@gordonrees.com
hkelly@gordonrees.com
*Attorneys for Defendant AuPairCare, Inc.*

Diane R. Hazel
James M. Lyons
Jessica L. Fuller
Jonelle Martinez
LEWIS ROCA ROTHGERBER
CHRISTIE LLP
dhazel@lrrc.com
 jlyons@lrrc.com
jfuller@lrrc.com
jmartinez@lrrc.com
*Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair*

Brooke A. Colaizzi
Raymond M. Deeny
Heather F. Vickles
Erica L. Herrera Joseph H. Hunt
SHERMAN & HOWARD, LLC
bcolaizzi@shermanhoward.com
rdeeny@shermanhoward.com
hvickles@shermanhoward.com
eherrera@shermanhoward.com
jhunt@shermanhoward.com
*Attorneys for Defendant InterExchange, Inc.*

Kathryn A. Reilly
Grace A. Fox
WHEELER TRIGG O'DONNELL, LLP
reilly@wtotrial.com fox@wtotrial.com
*Attorneys for Defendants Au Pair International, Inc., American Cultural Exchange, LLC d/b/a GoAuPair and Agent Au Pair*

William J. Kelly, III
Chanda M. Feldkamp
KELLY & WALKER, LLC
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com
*Attorneys for Defendant USAuPair, Inc.*

Meshach Y. Rhoades
Martin J. Estevao
ARMSTRONG TEASDALE, LLP
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com
*Attorneys for Defendant GreatAuPair, LLC*

David B. Meschke
Martha L. Fitzgerald
BROWNSTEIN HYATT FARBER
SCHRECK, LLP dmeschke@bhfs.com
mfitzgerald@bhfs.com
*Attorneys for Defendant EurAupair InterCultural Child Care Programs*

James E. Hartley
Adam A. Hubbard
Jonathan S. Bender HOLLAND & HART, LLP
jhartley@hollandhart.com
aahubbard@hollandhart.com
jsbender@hollandhart.com
*Attorneys for Defendant Cultural Homestay International*

Lawrence L. Lee
Susan M. Schaecher
FISHER & PHILLIPS, LLP
llee@laborlawyers.com
sschaecher@laborlawyers.com
***Attorneys for Defendants APF
Global Exchange, NFP d/b/a
Aupair Foundation; American
Institute for Foreign Study d/b/a
Au Pair in America***

Joseph B. Cartafalsa
Stephen J. Macri
John B. Fulfree
Robert M. Tucker
PUTNEY,TWOMBLY, HALL & HIRSON
LLP
jcartafalsa@putneylaw.com
smacri@putneylaw.com
jfulfree@putneylaw.com
rtucker@putneylaw.com

Eric J. Stock
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
estock@gibsondunn.com
***Attorneys for Defendants American
Institute for Foreign Study d/b/a Au
Pair in America***

*s/ Carol A. Larsen Cook*
Carol A. Larsen Cook