# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*;

      Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*;

      Defendants.

---

## DECLARATION OF JOHN B. FULFREE

---

I, John B. Fulfree, hereby declare as follows:

      1.     I am an attorney admitted to this Court and an Associate of Putney, Twombly, Hall & Hirson LLP, counsel for Defendant American Institute for Foreign Study d/b/a Au Pair in America ("AIFS") in *Beltran, et al. v. Interexchange, Inc., et al.*, U.S. District Court for the District of Colorado, Civil Action No. 1:14-cv-03074-CMA-KMT.

      2.     I make this declaration in opposition to Plaintiffs' Motion to Extend the Expert Discovery Deadline (ECF No. 816). In the Motion, Plaintiffs assert that AIFS produced 50,000 pages of new material on January 4, 2018 in a failed attempt to manufacture a reason for extending the expert deadlines. Plaintiffs' assertion is demonstrably false. As discussed below, AIFS produced the documents at issue to all parties on April 17, 2017. Plaintiffs, however, failed to download the documents from AIFS' File Transfer Protocol ("FTP") site and failed to realize a nearly 50,000-page

document production gap for nearly eight (8) months as a result of their own inexcusable neglect.

3.      On April 14, 2017, I designated and prepared 14,843 documents totaling 48,198 pages for production as a supplemental response to Plaintiffs' First Request for the Production of Documents.  These documents bear Bates Nos. AIFS0010020 – AIFS0058218.

4.      The majority of the documents within Bates Nos. AIFS0010020 – AIFS0058218 include e-mail correspondence pertaining to au pair travel logistics, various issues concerning host families and au pairs' program experience, program extensions for au pairs, job postings for positions within AIFS, au pair cluster meeting notices and correspondence, program brochures, and testimonials concerning specific au pair success stories.

5.      By email dated April 17, 2017, 1:25PM (EDT), I notified the parties that AIFS would make this supplemental response to Plaintiffs' First Request for the Production of Documents available for download via an FTP link later that day.  A copy of the April 17, 2017 of the 1:25PM (EDT) email is annexed hereto as Exhibit 1.  I further explained that the supplemental document production would be available on the FTP site for eight (8) days.  Id.

6.      Given the size of many of the document productions in this action, AIFS and other defendants have routinely satisfied their document production obligations by making productions available for download for a limited time on an FTP site.

7.      By email dated April 17, 2017, 12:55PM (EDT), Matt Hoffman, Senior Project Manager for Ricoh Legal, AIFS' third-party litigation support vendor, transmitted the FTP link to counsel for the parties, including, among others, Dawn Smalls, Boise, Schiller, Flexner LLP, counsel for Plaintiffs.  A copy of the April 17, 2017, 12:55PM (EDT) email is annexed hereto as Exhibit 2.

8.      Ms. Smalls acknowledged her receipt of the email from Matt Hoffman by email dated April 17, 2017, 2:57PM (EDT).  A copy of this email is annexed hereto as Exhibit 3

9.      At no point did Plaintiffs' counsel notify me that they were unable to download or access the April 17, 2017 supplemental production in part or in whole. Similarly, Ricoh Legal did not notify me that Plaintiffs' counsel encountered difficulty downloading or accessing the April 17, 2017 supplemental production.

10.     By email dated November 2, 2017, Plaintiffs requested additional documents by, between and/or among AIFS' overseas offices and its Stamford, Connecticut office.  A copy of the November 2, 2017 email is annexed hereto as Exhibit 4.  Plaintiffs claimed that such documents were responsive to Plaintiffs' Third Request for Production of Documents.  Plaintiffs notified AIFS of this purported deficiency for the first time more than five (5) months after AIFS served its response to Plaintiffs' Third Request for Production of Documents.

11.     On November 14, 2017, counsel for AIFS and counsel for Plaintiffs met and conferred regarding the issues addressed in Plaintiffs' November 2, 2017 email.

12.     By email dated December 8, 2017, Robert M. Tucker, a Partner of Putney, Twombly, Hall & Hirson LLP, counsel for AIFS, identified several examples of email communications by, between and/or among AIFS' Stamford office and its overseas offices, which had already been produced by AIFS.  A copy of the December 8, 2017 email is annexed hereto as Exhibit 5.  Each of these communications were produced in the April 17, 2017 supplemental production.  See id.

13.     By email dated December 12, 2017, nearly eight (8) months after the April 17, 2017 supplemental production, Ms. Smalls notified counsel for AIFS for the first time of a purported "+50,000 page gap" in AIFS' document production. A copy of the December 12, 2017 email is annexed hereto as Exhibit 6.  In the email, Ms. Smalls acknowledged receipt of AIFS document productions on March 24, 2017 (AIFS0003893 – AIFS0010019) and April 21, 2017 (AIFS0058219 – AIFS0071152) but claimed that Plaintiffs were missing AIFS0010020 – AIFS0058218.  Plaintiffs apparently only realized this purported gap in their records because they were unable to locate the communications cited in the December 8, 2017 email.  See Exhibit 5.

14.     Significantly, Plaintiffs did not realize that they had failed to download 48,198 pages of AIFS' document production for nearly eight (8) months.  Even worse, Plaintiffs would not have realized this "gap" had counsel for AIFS not referred them to documents contained in the April 17, 2017 supplemental production.

15.     On December 13, 2017, I reviewed my email correspondence and AIFS' document production records and confirmed that the documents bearing Bates Nos. AIFS0010020 – AIFS0058218 were produced in AIFS' April 17, 2017 supplemental

production.  Later that day, I spoke with Mr. Hoffman who confirmed that the April 17, 2017 supplemental production consisted of documents bearing Bates Nos. AIFS0010020 – AIFS0058218 and that such production was made available for download on the FTP site from April 17, 2017 through April 25, 2017.

16.     After my conversation with Mr. Hoffman on December 13, 2017, Mr. Tucker notified Ms. Smalls by email that AIFS had in fact produced AIFS0010020 – AIFS0058218 on April 17, 2017.  A copy of the December 13, 2017 email is annexed hereto as Exhibit 7.

17.     By email dated December 14, 2017, Ms. Smalls requested a copy of the transmittal email for the April 17, 2017 production. A copy of Ms. Smalls' December 14, 2017 email is annexed hereto as Exhibit 8.

18.     On December 18, 2017, Mr. Tucker forwarded the requested transmittal emails (Exhibit 1, Exhibit 2) to Ms. Smalls.  A copy of Mr. Tucker's December 14, 2017 email is annexed hereto as Exhibit 9.

19.     By email dated December 18, 2017, Ms. Smalls acknowledged Plaintiffs' receipt of the April 17, 2017 production but she claimed that the production did not include documents bearing Bates Nos. AIFS0010020 – AIFS0058218.  Ms. Smalls requested that AIFS "resend" the April 17, 2017 supplemental production.  A copy of the December 18, 2017 email is annexed hereto as Exhibit 10.

20.     During a telephone conversation on January 2, 2018, Mr. Hoffman once again confirmed that that the April 17, 2017 supplemental production consisted of documents bearing Bates Nos. AIFS0010020 – AIFS0058218 and that such production

was made available for download on the FTP site from April 17, 2017 through April 25, 2017.  Mr. Hoffman explained, however, that the April 17, 2017 production did not remain intact on the FTP site beyond eight (8) days, let alone after more than eight (8) months.  Thus, Ricoh Legal was unable to simply "resend" or "rehost" the April 17, 2017 supplemental production.  Mr. Hoffman also explained that Ricoh Legal had searched its archives but was unable to retrieve the April 17, 2017 supplemental production.

21.     By email dated January 4, 2018, Mr. Tucker explained to Ms. Smalls that AIFS was unable to "resend" the April 17, 2017 production as it existed when it was made available.  However, Mr. Tucker explained that AIFS had directed Ricoh Legal to rerun the April 17, 2017 production and make it available to Plaintiffs later on January 4th.  A copy of the January 4, 2018 email is annexed hereto as Exhibit 11.

22.     On January 4, 2017, Ricoh Legal reran the April 17, 2017 supplemental production and made it available to Plaintiffs.

23.     Since AIFS reran its April 17, 2017 supplemental production on January 4th and made it available to Plaintiffs, it has not been contacted by Plaintiffs regarding any of the documents within Bates Nos. AIFS0010020 – AIFS0058218.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 30, 2018.

*s/ John B. Fulfree*
John B. Fulfree

# Exhibit 1

## John B. Fulfree

| | |
|---|---|
| **From:** | John B. Fulfree |
| **Sent:** | Monday, April 17, 2017 1:25 PM |
| **To:** | mlschwartz@bsfllp.com; pskinner@bsfllp.com; rjackson@bsfllp.com; smccawley@bsfllp.com; llouis@bsfllp.com; smcelroy@bsfllp.com; dsmalls@bsfllp.com; alex@towardsjustice.org; Brooke Colaizzi; hvickles@shermanhoward.com; rdeeny@shermanhoward.com; jhunt@shermanhoward.com; wkelly@kellywalkerlaw.com; Chanda Feldkamp; mrhoades@armstrongteasdale.com; mestevao@armstrongteasdale.com; bogdane@hotmail.com; dmeschke@bhfs.com; mfitzgerald@bhfs.com; aahubbard@hollandhart.com; jhartley@hollandhart.com; jsbender@hollandhart.com; tquinn@gordonrees.com; pkozal@gordonrees.com; jmann@gordonrees.com; Brian P.'; llee@laborlawyers.com; sschaecher@laborlawyers.com; Joseph Cartafalsa; Stephen Macri; Robert Tucker; reilly@wtotrial.com; fox@wtotrial.com; west@wtotrial.com; brian@rietzlawfirm.com; lstone@nixonshefrin.com; kcraigmile@nixonshefrin.com; lkruzer@choate.com; joan.lukey@choate.com; rbuchanan@choate.com; mgass@choate.com; jwolosz@choate.com |
| **Subject:** | Beltran v. InterExchange, et al. - AIFS' supplemental production of documents |

All,

Today, AIFS will transmit its supplemental document production in response to Plaintiffs' First Request for the Production of Documents via FTP link.  This link will expire in 8 days.

Please note that this production includes information that has been designated Confidential, or Highly Confidential-Attorney's Eyes Only, pursuant to the Protective Order.

John B. Fulfree
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue
New York, NY 10175
(212) 682-0020
(212) 682-9380 (fax)
jfulfree@putneylaw.com

Notice: This e-mail message and any attachment to this e-mail message contain confidential information that may be protected by the attorney-client and/or attorney work product privileges.  If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it.  If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at (212) 682-0020 and delete this message.  Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Putney, Twombly, Hall & Hirson LLP.  Although Putney, Twombly, Hall & Hirson LLP attempts to sweep e-mail and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving Putney, Twombly, Hall & Hirson LLP.

# Exhibit 2

**From:**   Matthew Hoffman/NY/RCUS
**To:**     dsmalls@bsfllp.com



**Date:**     Monday, April 17, 2017 12:55PM
**Subject:**   Ricoh / Beltran v American Institute FTP

---

Good afternoon,

A project specific account on the RICOH USA FTP Site has been created for you. *This ID is not to be shared with anyone*. Please note the following policies governing access to and use of the Site:

·     All files should be zipped/compressed prior to being uploaded to the FTP Site.
·     The Site is to be used solely for the transfer of data between your firm and *Ricoh USA a RICOH Company* **for Beltran v American Institute**-  **it is not for storage**.

Once a data upload is complete, instruct the recipient to download the data and provide confirmation when it is done.  Be advised that files are automatically removed/purged from the FTP Site **8 days** after being uploaded to reclaim storage space.

Attached you will find a document containing instructions to download and install FileZilla, a free, open-source application, available for download at the following URL: http://filezilla-project.org/download.php?type=client. (choose the version that is appropriate for your computer's operating system); **please note that the RICOH USA FTP server uses security protocols that are *not* supported by the commonly-used web browsers** - for best results in accessing *any* FTP Site, we recommend downloading and installing a dedicated FTP client software application.

The attached document includes your *login* and *password* information on page 5, and instructions for settings you should use for SFTP on page 6, as well as basic troubleshooting information.

*(See attached file: Boies Schiller Flexner LLP - Beltran - RICOH_FileZilla_Client_Setup_and_Configuration_Guide_Dawn L. Smalls.pdf)*

If you require technical assistance with the installation and configuration thereof, or have any questions, please do not hesitate to contact us.  For support, please e-mail the team of RICOH USA FTP Site Administrators directly at DL-LDS-FTP-request@RICOH-USA.com.

Thank you,

**Matt Hoffman, CEDS**
Senior Project Manager
Ricoh Legal

**RICOH USA, INC.**
Phone: (347) 359-4632
matthew.hoffman@ricoh-usa.com
https://www.ricoh-usa.com/en/ediscovery

   

This email may contain material that is confidential and for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies

Attachments:

Boies Schiller Flexner LLP - Beltran - RICOH_FileZilla_Client_Setup_and_Configuration_Guide_Dawn L. Smalls.pdf

# Exhibit 3

**From:**  Dawn Smalls <DSmalls@BSFLLP.com>
**To:**  "Matthew.Hoffman@ricoh-usa.com" <Matthew.Hoffman@ricoh-usa.com>
**Cc:**  Maria Guarisco <MGuarisco@BSFLLP.com>

**Date:**  Monday, April 17, 2017 04:58PM
**Subject:**  RE: Ricoh / Beltran v American Institute FTP [EXTERNAL]

Sorry. Now cc-ing her.

**From:** Matthew.Hoffman@ricoh-usa.com [mailto:Matthew.Hoffman@ricoh-usa.com]
**Sent:** Monday, April 17, 2017 3:20 PM
**To:** Dawn Smalls
**Subject:** RE: Ricoh / Beltran v American Institute FTP

Hi Dawn,

I will get  the new account setup but I will need Maria's email address (She wasn't CC'd)

Thank you

**Matt Hoffman, CEDS**
Senior Project Manager
Ricoh Legal

**RICOH USA, INC.**
Phone: (347) 359-4632
matthew.hoffman@ricoh-usa.com
https://www.ricoh-usa.com/en/ediscovery




This email may contain material that is confidential and for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies

| From: | Dawn Smalls <DSmalls@BSFLLP.com> |
| To: | "'Matthew.Hoffman@ricoh-usa.com'" <Matthew.Hoffman@ricoh-usa.com> |
| Date: | 04/17/2017 02:57 PM |
| Subject: | RE: Ricoh / Beltran v American Institute FTP [EXTERNAL] |

Hi! Can I receive a login for our paralegal Maria who is cc-ed to this message? She will be responsible for downloading the production.

Thanks,

Dawn


Sent with Good (www.good.com)


-----Original Message-----
**From:** Matthew.Hoffman@ricoh-usa.com [Matthew.Hoffman@ricoh-usa.com]
**Sent:** Monday, April 17, 2017 12:55 PM Eastern Standard Time
**To:** Dawn Smalls
**Subject:** Ricoh / Beltran v American Institute FTP

Good afternoon,

A project specific account on the RICOH USA FTP Site has been created for you. ***This ID is not to be shared with anyone***. Please note the following policies governing access to and use of the Site:

· All files should be zipped/compressed prior to being uploaded to the FTP Site.
· The Site is to be used solely for the transfer of data between your firm and *Ricoh USA a RICOH Company for Beltran v American Institute*- **it is not for storage**.

Once a data upload is complete, instruct the recipient to download the data and provide confirmation when it is done.  Be advised that files are automatically removed/purged from the FTP Site **8 days** after being uploaded to reclaim storage space.

Attached you will find a document containing instructions to download and install FileZilla, a free, open-source application, available for download at the following URL: http://filezilla-project.org/download.php?type=client. (choose the version that is appropriate for your computer's operating system); **please note that the RICOH USA FTP server uses security protocols that are *not* supported by the commonly-used web browsers** - for best results in accessing *any* FTP Site, we recommend downloading and installing a dedicated FTP client software application.

The attached document includes your *login* and *password* information on page 5, and instructions for settings you should use for SFTP on page 6, as well as basic troubleshooting information.


If you require technical assistance with the installation and configuration thereof, or have any questions, please do not hesitate to contact us.  For support, please e-mail the team of RICOH USA FTP Site Administrators directly at DL-LDS-FTP-request@RICOH-USA.com.

Thank you,

**Matt Hoffman, CEDS**
Senior Project Manager
Ricoh Legal

**RICOH USA, INC.**
Phone: (347) 359-4632
matthew.hoffman@ricoh-usa.com
https://www.ricoh-usa.com/en/ediscovery




This email may contain material that is confidential and for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

# Exhibit 4

**John B. Fulfree**

| | |
|---|---|
| **From:** | Dawn Smalls <DSmalls@BSFLLP.com> |
| **Sent:** | Thursday, November 02, 2017 4:08 PM |
| **To:** | John B. Fulfree; Robert Tucker; Stephen Macri |
| **Cc:** | Byron Pacheco; Maria Guarisco |
| **Subject:** | Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests |

John,

I am writing to follow up on several responses by AIFS to Plaintiffs' discovery requests, specifically your responses to Plaintiffs' Third, Fourth, and Sixth RFP.

In the third RFP, Plaintiffs requested all documents relating to any "affiliate or parent companies and "third parties" involved with any aspect of operating AIFS' au pair program. This request would - however you define it - include AIFS Inc., American Institute for Foreign Study, Inc., AIFS Stamford, AIFS London, AIFS Germany, and AIFS Australia. Yet AIFS has produced limited documents in response to this request, most notably excluding email communications between AIFS Inc., AIFS London and American Institute for Foreign Study, Inc. that would be necessary - as the relationship has been laid out to us - to administer the au pair program on a daily, monthly, or annual basis. The fact that AIFS's 30(b)(6) witness did not refuse to answer questions about these entities does not obviate the need to produce documents responsive to this request.

Similarly, in the Fourth RFP Plaintiffs requested all documents and communications with host families, au pairs, the Department of State, the Department of Labor, the Alliance, IAPA, or any third parties or affiliates (which would include AIFS Inc., American Institute for Foreign Study, Inc., AIFS Stamford, AIFS London, AIFS Germany, and AIFS Australia) about this litigation. This document request largely mirrors one served on Plaintiffs on the same day, and Plaintiffs made a production in response to that request on June 12, 2017.

With respect to the request for financial information, Plaintiffs moved to compel APIA' audited or unaudited financial statements in March 2017. Judge Tafoya denied Plaintiffs' request based on APIA's representation that financial statements with respect to the APIA program individually do not exist and that the information provided to Plaintiffs provided all of the information covered by that request, though in a different form. Judge Tafoya concluded that Plaintiffs failed to meet their burden to establish that AIFS' production was "incomplete, inadequate, or false." Plaintiffs believe that, following the deposition of AIFS CEO William Gertz, that Plaintiffs can now meet that burden and that complete financial statements relating to the au pair program should be produced immediately.

First, it is clear that segregated financial statements do exist. In Mr. Gertz' deposition, he repeatedly testified to having reviewed segregated financial statements for AIFS's divisions, including its au pair program:

Q. And when -- do you know if the costs are delineated by division or are they delineated only AIFS wide?  A. They would be by division.  Gertz Tr. 93:8-94:12.

Mr. Gertz's testimony also made clear that the financial information that had been produced to Plaintiffs was inadequate and incomplete. Looking at the very documents produced to Plaintiffs, AIFS'CEO could not discern key information about the au pair program that other Sponsors have produced, such as fees generated from host families, fees from au pairs, marketing costs, and the nature of the cost categories in the document. *See, e.g.*, Gertz Tr. 119.  He also could not explain several of the

line items that were produced on the statements, such as land costs, and how they related to the au pair program. *See* Gertz Tr. 103:9-105:19.

Lastly, Plaintiffs have reviewed AIFS' production and cannot locate a single privilege log. If you have produced one, we ask you to resend it as soon as possible. To the extent that you have not, Plaintiffs ask whether any documents have been redacted or withheld from any of AIFS' productions. If they have, a privilege log is long overdue and should be produced.

The deficiencies outlined above are significant and should be corrected immediately. If it would be helpful, I am also available to speak by phone and meet and confer.

Thank you.

Dawn

**Dawn L. Smalls**
Partner

BOIES SCHILLER FLEXNER LLP

575 Lexington Avenue
New York, NY 10022
(t) +1 212 754 4216
(m) +1 917 406 9977
dsmalls@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

# Exhibit 5

**John B. Fulfree**

| | |
|---|---|
| **From:** | Robert Tucker |
| **Sent:** | Friday, December 08, 2017 5:07 PM |
| **To:** | Dawn Smalls |
| **Cc:** | Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree |
| **Subject:** | RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests |
| **Attachments:** | AIFS - Privilege Log (By Date).pdf |

Dawn:

## FLSA Opt-in Discovery

### Form of Responses to AIFS' Interrogatories and Requests for Admission

We are amenable to the "questionnaire"-style form of responses to AIFS' interrogatories and requests for admission, contingent on agreement on the following:

- The questionnaire must include the caption or title of the litigation.

- The questionnaire should not include any default responses and au pairs must not be able to complete the questionnaire without responding to all applicable questions.

- The questionnaire should not include multiple choice responses unless the parties agree.

- The raw, unedited responses for each of AIFS' interrogatories and requests for admission will be provided in Excel format with each au pair's responses on a separate 'sheet.'

- Each au pair must certify under oath that the responses are true and complete ("I certify under oath that all of my responses are true and accurate to the best of my knowledge").

- The parties will stipulate that Plaintiffs' certified responses to AIFS' interrogatories shall be considered valid responses under FRCP 33(b)(3).

- Plaintiffs may include their own questions in the questionnaire; however, they must be segregated from AIFS' interrogatories and requests for admission. Inclusion of these questions shall not be deemed an acknowledgement or concession by AIFS that the questions (or responses to same) are relevant, valid, or otherwise proper. AIFS will expressly reserve all rights to challenge these questions/responses in the event that Plaintiffs' rely on same in the litigation.

- AIFS will preserve its position that that any au pair who fails to timely respond to the interrogatories and requests for admission is subject to a default judgment, and Plaintiffs preserve their position that she/he is not subject to a default judgment, reserving the issue for the Court at a later point.

- The parties' agreement on these issues must be reduced to a stipulation and submitted to the Court for review and approval.

### Plaintiffs' Objections to AIFS' Written Opt-in Discovery

1

We have received and reviewed Plaintiffs' responses and objections to AIFS' written discovery. Plaintiffs repeatedly object to AIFS' requests on the basis that "discovery requests aimed at the entirety of large FLSA classes are inappropriate." The Court expressly rejected this principle in Whittington v. Taco Bell of America Inc., 2012 WL 3705046 (Aug. 27, 2012).

In Whittington, Plaintiffs sought to limit written discovery to 20% of the 488-person opt-in class. MJ Tafoya held that Defendants could issue 8 interrogatories, 5 requests for production of documents and 5 requests for admissions to **the entire 488-person class**. The justification for class-wide written discovery is far more compelling here where each opt-in class member resided at a different, unrelated "work site" **and** each had a different host family—the "employer-in-fact."

Based on Whittington and the particularly compelling justification for class-wide written discovery in this case, AIFS contends that it is entitled, *at a minimum*, to the written discovery approved by MJ Tafoya in Whittington: 8 interrogatories, 5 requests for production of documents, and 5 requests for admission from all members of the AIFS opt-in class. Despite its right to class-wide discovery, AIFS has voluntarily limited certain requests to approximately 15-20% of the total AIFS opt-in plaintiffs (see Exhibit A). As I explained during our telephone conversation, it is our intention to supplement Exhibit A and Exhibit B on a going forward basis with approximately 15-20% of opt-in plaintiffs in Exhibit A and the remainder in Exhibit B.

As set forth below, AIFS has revised or withdrawn many of its written discovery requests. The requests are narrowly tailored to seek information and documents relevant to the FLSA claim and they fit well within the written discovery limits approved in Whittington. These revisions constitute AIFS' good faith effort to resolve disputes regarding its written discovery to opt-in plaintiffs. In the event that Plaintiffs continue to object and refuse to provide information/documents responsive to AIFS' revised requests, AIFS intends to move to compel responses.

### AIFS' Interrogatories

1. *Fully identify yourself by providing the following: (1) full name; (2) any other names used at any time in the two years prior, during and after your time as an au pair; (3) date of birth; (4) current address; (5) current and all former email address(es) you have used since you first applied to the au pair program; (6) the addresses (with respective dates of residence) of all locations at which you have lived since you first applied to the au pair program; (7) dates during which you participated in the au pair program; and (8) the name of the sponsor or sponsors that sponsored your participation in the au pair program*

   AIFS continues to seek responses to this interrogatory from all opt-in plaintiffs. Plaintiffs object specifically to subparts 5 and 6 of the interrogatory, which seek "current and former email address(es) you have used since you first applied to the au pair program" and "the addresses (with respective dates of residence) of all locations at which you have lived since you first applied to the au pair program." AIFS seeks this information for purposes of identifying the opt-ins plaintiffs and for purposes of identifying any relevant communications sent to or received from them. AIFS will agree to limit the requests to "current email address and any email address(es) you used at any time during the period between when you applied to the au pair program through the conclusion of your participation in the program" and "the address(es) you lived at when you applied to the au pair program."

2. *For each host family with whom you were placed during your participation in the au pair program, identify each host parent and any other individual age 18 or older who resided or was present at the family's home on a weekly or more frequent basis, including: (a) full name; (b) relationship (e.g., host parent, host family relative, host family friend, host family employee, etc.); (c) employment*

*status (i.e. employed or unemployed) and location of employment (i.e. at-home or away from home) if applicable.*

AIFS continues to seek responses to this interrogatory from all opt-in plaintiffs. Plaintiffs have objected and declined to provide a response to this interrogatory. Based upon Plaintiffs' agreement with Cultural Care, however, it appears that Plaintiffs have agreed to provide information responsive to this interrogatory.  Please clarify Plaintiffs' position.

3. *For each child of the host family or families with whom you were placed during your participation in the au pair program, state: (a) the child's approximate age; (b) whether the child attended school, daycare or camp; (c) approximate dates and/or month of attendance; (d) whether the child was a recipient of childcare (e.g., daycare, nanny, babysitter, relative, etc.), excluding any assistance you provided during the period of your placement.*

AIFS continues to seek responses to this interrogatory from all opt-in plaintiffs.   Plaintiffs have objected and declined to provide a response to this interrogatory. Based upon Plaintiffs' agreement with Cultural Care, however, it appears that Plaintiffs have agreed to provide information responsive to this interrogatory.  Please clarify Plaintiffs' position.

4. *Identify every source of information that you relied on in making the decision to participate in the au pair program.*

AIFS will withdraw this interrogatory.

5. *For each week that you participated in the au pair program, identify: (a) the amount that you were paid for that week's duties and responsibilities; (b) the date or day on which you were paid for that week; (c) the method by which you were paid (e.g. cash, check, direct deposit); (d) the person or entity from whom you received each payment; and (e) any document reflecting the amount and/or confirming the payment of that week's amount.*

Plaintiffs have agreed to provide responses to this interrogatory, except for subparts (b) and (c).  AIFS will withdraw subpart (b) of this interrogatory, but it will continue to demand responses to subpart (c).  We understand that Plaintiffs have agreed to provide information responsive to subpart (c) in their agreement with Cultural Care.  Please clarify Plaintiffs' position.

6. *Identify all other payments and/or benefits that you received from each host family with whom you lived and include the approximate monetary value of each benefit.  Examples of other payments and/or benefits include, but are not limited to, cash, gifts, bonuses, personal use of a car, cell phone, or computer, gas money, clothing, personal items, entertainment expenses and travel expenses.*

AIFS will withdraw this interrogatory.

7. *Identify any university, college or other educational institution at which you took courses during your participation in the au pair program, including: (a) address of the campus or location where you took any courses; (b) the course name(s); (c) the days, times and length of each course; and (d) the beginning and end date of each course.*

Plaintiffs have objected and declined to provide a response to this interrogatory.  AIFS continues to seek this information for all individuals listed in Exhibit A.  This requests seeks information relevant to hours worked.

**AIFS' Document Requests**

1. *All documents reflecting your actual hours of childcare assistance as an au pair, whether on a daily, weekly, monthly, or other basis.*

   Plaintiffs state that they "will produce any relevant, non-privileged documents sufficient to show actual hours spent performing duties assigned by AIFS or the au pair's host family" for the individuals listed on Exhibit A.  This is not responsive to the document request.  AIFS will revise the document request as follows: "All documents reflecting the actual hours you spent performing au pair duties, whether on a daily, weekly, monthly, or other basis."

2. *All documents reflecting the amount(s) or payment of a stipend or any other payments received from your host family or host families during your time as an au pair.*

   Plaintiffs state that they "will produce relevant, non-privileged documents sufficient to show actual compensation received in exchange for the performance of au pair duties."  Once again this is not responsive to the document request.  AIFS continues to seek documents responsive to this request for all individuals listed on Exhibit A.

3. *All documents, including but not limited to schedules, calendars, diaries, notes, files, appointment books, letters, agreements, emails, text messages, and social media postings, that describe or reflect your experiences as an au pair.*

   Plaintiffs object and refuse to provide documents responsive to this request.  AIFS continues to seek documents responsive to this request for all individuals listed on Exhibit A.  AIFS will revise this request as follows: "All documents, including but not limited to schedules, calendars, diaries, notes, files, appointment books, letters, agreements, emails, text messages, and social media postings, that describe or reflect your duties, assignments, scheduled hours of childcare assistance, or orientation/training as an au pair."

4. *All documents provided to or received from your host family or host families related to the au pair program or this lawsuit, excluding documents that are (or would be) responsive to any of the Document Requests above.*

   AIFS continues to seek documents responsive to this request for all opt-in plaintiffs.  This request seeks documents relevant to the putative employment / joint employment relationship.

5. *All documents identified in or used by you to prepare your answer to any Interrogatory.*

   AIFS will withdraw this request.

6. *All documents provided to or received from APIA.*

   AIFS will revise the document request as follows "All documents provided to or received from your APIA Community Counselor."

7. *All documents provided to or received from the U.S. Department of State related to the au pair program.*

   AIFS will withdraw this request.

8. *Not including communications involving your lawyers, all written communications with any other individual or entity about this lawsuit.*

   AIFS will withdraw this request.

9. *All documents upon which you relied when making your decision to participate in the au pair program.*

   AIFS will withdraw this request.

**AIFS' Requests for Admission**

1. *Admit that in one or more weeks you received more than $195.75 from your host family.*

   Plaintiffs have agreed to respond to this request.

2. *Admit that no APIA representative assigned you to the actual, specific duties that you provided for your host family.*

   AIFS continues to seek a response to this request from all opt-in plaintiffs. This request does not call for a legal conclusion regarding AIFS' status as a joint employer under the FLSA. Rather, it calls for factual information that is relevant to the joint-employer issue.

3. *Admit that no APIA representative ever observed you while you performed duties for your host family.*

   AIFS continues to seek a response to this request from all opt-in plaintiffs.

4. *Admit that no APIA representative determined or specified to you your scheduled hours or actual hours of childcare assistance during your participation in the au pair program.*

   AIFS continues to seek a response to this request from all opt-in plaintiffs. This request does not call for a legal conclusion regarding AIFS' status as a joint employer under the FLSA. Rather, it calls for factual information that is relevant to the joint-employer issue.

5. *Admit that no APIA representative gave you or paid you your weekly stipend amounts.*

   AIFS continues to seek a response to this request from all opt-in plaintiffs.

**Plaintiffs' Document Request**

You explained during our telephone conversation that Plaintiffs are only seeking documents that will eliminate the information asymmetry between the parties. In other words, if we review a category of documents pertaining to some or all opt-in class members, Plaintiffs contend that they should receive and have the opportunity to review those same documents. AIFS is amenable to this concept in theory. If Plaintiffs' agree, please revise the document request accordingly and send it to us for consideration.

<u>**Audited and Unaudited Financial Statements**</u>

After further consideration of the Plaintiffs' position as articulated in your initial email and during our telephone conversation, AIFS reaffirms its position that this issue was fully and finally determined by MJ. Tafoya's July 24, 2017 Order. Plaintiffs had a full and fair opportunity to litigate disclosure of AIFS' financial statements in their motion to compel. MJ. Tafoya held that Plaintiffs "failed in their burden 'to prove that the answers before the court are incomplete, inadequate, or false'" and, thus, AIFS satisfied its burden of production by producing documents that demonstrate the actual revenue, allocated expenses and associated income of APIA in lieu of AIFS' audited and unaudited financial statements. Significantly, MJ. Tafoya's Order was final and Plaintiffs' failed to timely object to or seek reconsideration of the Order.

During our telephone conversation, I asked if Plaintiffs would be willing to accept any information or documents in lieu of AIFS' financial statements. At that time, you did not identify any such information or documents and indicated that Plaintiffs intended to move to compel the financial statements. We are willing to consider any other facts or legal basis in support of Plaintiffs' contention that they are entitled to the AIFS financial statements despite the July 24, 2107 Order. Please be advised, however, that if Plaintiffs move to compel AIFS' financial statements or otherwise seek to relitigate the issues decided in MJ. Tafoya's July 24, 2017 Order, AIFS will seek costs and fees incurred in connection with opposing such an application.

## Email Communications with Overseas Offices

As I explained during our telephone conversation, AIFS produced a significant number of communications between and among AIFS representatives located in the US and AIFS representatives located in overseas offices. The following is a sample of those communications:

- AIFS0014726 (email to/from Linda James re: au pair flight costs 2009)
- AIFS0046445-46449 (email to/from Linda James re: au pair flight costs 2010)
- AIFS0039957-39960; AIFS0040397 (emails to Linda James re: business and marketing plans)
- AIFS0023996; AIFS0037544-37558 (email re: quarterly issue of "CQ" (Community Counselor Communique entitled "Germany: Our Number one Recruiting Country"))
- AIFS0024464 (email cc'ing Linda James re: au pair quiz)
- AIFS0046699 (email cc'ing Linda James and Jean Quinn re: insurance docs)
- AIFS0052958 (email from Kelly O'Connor to Linda James and Sarah Mallet re: "US Docs")
- AIFS0025238-25239 (Emails between Ruth Ferry, Jean Quinn, and Linda James re: IAPA Codes of Conduct and Guidelines)
- AIFS0019361-19363 (Emails between Ruth Ferry, Jean Quinn, Thomas Kiechle (managing director, AIFS Germany), and Linda James re: "Grannie Au Pairs from Germany")
- AIFS0041457-41458 (Emails between Ruth Ferry, Marcy Schneider, and Linda James re: "HF Recruitment Manager Job Description")
- AIFS0029729 (email re: AIFS Deutchland Stats)
- AIFS0025214-25217 (email between and among Linda James, Ruth Ferry and Jean Quinn re: Israeli au pairs)
- AIFS0046808-46810 (emails between and among Linda James, Jean Quinn, Ruth Ferry, Marcie Schneider and Bill Gertz re: American au pairs in China)
- AIFS0041588 (Email re: counsellor workshop)
- AIFS0045695-45696 (Emails including Linda James re: AP flight delays at Heathrow)
- AIFS0019325-19329 (Emails including Linda James re: website redesign)
- AIFS0046583-46584 (memorandum to Linda James, Thomas Kiechle, and Jean Quinn re: program differentiators)
- AIFS0019809-19812 (Emails to and from Maike Schoeniger Deputy Program Manager Au Pair, Germany)
- AIFS0024722 (Emails to Thomas Kiechle, Bill Gertz, Maike Schoeniger et al from Ruth Ferry re: APIA review meeting)

- AIFS0043321-43324 (Emails featuring Thomas Kiechle (GER), and Annie Hutchinson (UK) re: au pair/host family dispute)
- AIFS0043325-43328 (Tina Pullen email to AIFS Germany and UK re: au pair rematch)
- AIFS0025158-25159 (Email from Ruth Ferry to Linda James, Jean Quinn, Thomas Kiechle, Bill Gertz, Maike Schoeniger et al re: H1N1 virus quarantine in China)

You stated that, based on Plaintiffs' understanding of the interaction between the AIFS US office and the overseas offices, Plaintiffs expected to see daily email communications from the overseas offices notifying the US office that au pair applicants had been approved to be matched with a host family. I have now confirmed that this process does not occur via email. Rather, it occurs in AIFS' database. The overseas office merely updates an applicant's status in the database from under review to "to be matched." This process obviates the need for email communication regarding applicant approval.

**Privilege Log**

Please see the attached.

Thanks,
Rob

**Robert M. Tucker**
**Putney, Twombly, Hall & Hirson LLP**
**521 Fifth Avenue**
**New York, NY 10175**
**(212) 682-0020**
**(212) 682-9380 (fax)**

RTucker@putneylaw.com

# Exhibit 6

**John B. Fulfree**

| | |
|---|---|
| **From:** | Dawn Smalls <DSmalls@BSFLLP.com> |
| **Sent:** | Tuesday, December 12, 2017 9:01 PM |
| **To:** | Robert Tucker |
| **Cc:** | Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree |
| **Subject:** | RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests |

Robert,

I look forward to speaking on Thursday to discuss opt in discovery. In your email you cite a number of documents that you say represent communications between and among AIFS representatives located in the US and AIFS representatives located in overseas offices. Plaintiffs have carefully reviewed AIFS productions to date and we are unable to locate any of these documents.  Instead, we have identified a +50,000 page gap in your productions that includes the bates ranges for each document in your sample list.

Production No. 7, which you provided to us on 3/24, contained documents marked AIFS0003893 - AIFS0010019.  Production No. 8, which you provided to us on 4/21, contained documents marked AIFS0058219 – AIFS0071152.  Thus, there is a gap, AIFS0010020 – AIFS0058218, that we have no record of receiving from you.

The failure to produce these documents is especially problematic as we have conducted depositions of individuals whose documents appear to fall within that gap range.  Please provide the missing documents to us as soon as possible, as well as an explanation for the gap.  We reserve our right to reopen the AIFS depositions taken to date, and to seek any additional relief from the Court that may be necessary.

Dawn

# Exhibit 7

## John B. Fulfree

| | |
|---|---|
| **From:** | Robert Tucker |
| **Sent:** | Wednesday, December 13, 2017 10:42 AM |
| **To:** | Dawn Smalls |
| **Cc:** | Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree |
| **Subject:** | RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests |

Dawn,

AIFS0010020 – AIFS0058218 were produced on April 17, 2017.  Please recheck your records.

Thanks,
Rob


**Robert M. Tucker**
**Putney, Twombly, Hall & Hirson LLP**
**521 Fifth Avenue**
**New York, NY 10175**
**(212) 682-0020**
**(212) 682-9380 (fax)**

RTucker@putneylaw.com

1

# Exhibit 8

## John B. Fulfree

| | |
|---|---|
| **From:** | Dawn Smalls <DSmalls@BSFLLP.com> |
| **Sent:** | Thursday, December 14, 2017 9:42 AM |
| **To:** | Robert Tucker |
| **Cc:** | Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree |
| **Subject:** | RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests |

Robert,

Can you reforward the transmittal email or written correspondence producing AIFS0010020 – AIFS0058218?  We have checked again and are not able to locate these documents.

Dawn

# Exhibit 9

## John B. Fulfree

| | |
|---|---|
| **From:** | Robert Tucker |
| **Sent:** | Monday, December 18, 2017 12:23 PM |
| **To:** | Dawn Smalls |
| **Cc:** | Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree |
| **Subject:** | RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests |
| **Attachments:** | Beltran v. InterExchange, et al. - AIFS' supplemental production of documents ; dsmall email.pdf |

Dawn,

I am available at 2PM.  Also attached are the requested transmittal emails with correspondence between you and our vendor.

Thanks,
Rob


**Robert M. Tucker**
**Putney, Twombly, Hall & Hirson LLP**
**521 Fifth Avenue**
**New York, NY 10175**
**(212) 682-0020**
**(212) 682-9380 (fax)**

RTucker@putneylaw.com



# Exhibit 10

## John B. Fulfree

| | |
|---|---|
| **From:** | Dawn Smalls <DSmalls@BSFLLP.com> |
| **Sent:** | Monday, December 18, 2017 1:02 PM |
| **To:** | Robert Tucker |
| **Cc:** | Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree |
| **Subject:** | RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests |
| **Attachments:** | Beltran v. InterExchange, et al. - AIFS' supplemental production of documents; dsmall email.pdf |

Robert,

We received this production and downloaded it from the FTP site but the production we downloaded does not include the 50,000 documents you say were included. Please (1) resend the production and (2) provide support for the fact that these documents were included in the April 17, 2017 production you reference in the attachments.

Thanks,

Dawn

# Exhibit 11

## John B. Fulfree

| | |
|---|---|
| **From:** | Robert Tucker |
| **Sent:** | Thursday, January 04, 2018 11:10 AM |
| **To:** | Dawn Smalls |
| **Cc:** | Byron Pacheco; Maria Guarisco; Stephen Macri; Joseph Cartafalsa; John B. Fulfree |
| **Subject:** | RE: Deficiencies in AIFS' Responses to Plaintiffs' Discovery Requests |
| **Attachments:** | dsmall email.pdf |

Dawn,

I am confused.  You have acknowledged the following:

- Receipt of production provided March 24, 2017 containing documents bearing bates numbers AIFS0003893 - AIFS0010019
- Receipt of production provided April 17, 2017 (also see attached email)
- Receipt of production provided April 21, 2017 containing documents bearing bates numbers AIFS0058219 - AIFS0071152

If the April 17, 2017 production did not contain AIFS0010020 – AIFS0058218 what do you contend that it contained?  As we explained in our transmittal emails the productions were only active on the FTPs for 8 days.  The April 17, 2017 production did not remain intact on the FTP beyond 8 days let alone after more than 8 months.  As such, our vendor has confirmed that we cannot send you the April 17, 2017 production as it existed when it was made available.  However, RICOH is rerunning the production of AIFS' April 17, 2017 production and it will send you a link to download same as soon as it is completed (hopefully later today or tomorrow).

Thanks,
Rob

**Robert M. Tucker**
**Putney, Twombly, Hall & Hirson LLP**
**521 Fifth Avenue**
**New York, NY 10175**
**(212) 682-0020**
**(212) 682-9380 (fax)**

RTucker@putneylaw.com