# Exhibit B

1

1         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF COLORADO

2

  Case No. 14-cv-03074-CMA-KMT

3  _____

4  JOHANA PAOLA BELTRAN, et al.,

5     Plaintiffs,

6  vs.

7  INTEREXCHANGE, INC., et al,

8     Defendants.

  _____

9

10        Proceedings before KATHLEEN M. TAFOYA, United

11  States Magistrate Judge, United States District Court for the

12  District of Colorado, commencing at 1:56 p.m., January 9,

13  2018, in the United States Courthouse, Denver, Colorado.

14  _____

15        WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16  ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

17  _____

18                APPEARANCES

19        SHAWN RODRIGUEZ, Attorney at Law, appearing for

20  the Plaintiffs.

21        MARTIN ESTEVAO, Attorney at Law, appearing

22  for the Defendant GreatAuPair.

23  _____

24

25             MOTION HEARING

2

```
 1

 2                    APPEARANCES (Continued)

 3            MARTHA FITZGERALD, Attorney at Law, appearing for

 4     the Defendant EuRaupair InterCultural.

 5            JONATHAN BENDER, Attorney at Law, appearing for

 6     Defendant Cultural Homestay International.

 7            DIANA HAZEL, JOAN LUKEY and SAMUEL RUDMAN,

 8     Attorneys at Law, appearing for Defendant Cultural Care.

 9            BROOKE COLAIZZI, Attorney at Law, appearing for

10     Defendant Interexchange.

11            KATHRYN REILLY, Attorney at Law, appearing for

12     Defendants GoAuPair, Agent Au Pair, and Au Pair

13     International.

14            LAWRENCE STONE, Attorney at Law, appearing for

15     Defendant A.P.E.X and 20/20.

16            BOGDAN ENICA, Attorney at Law, appearing for

17     Defendant Expert Group International, d/b/a Expert AuPair.

18            ERIC STOCK, Attorney at Law, appearing for

19     Defendant AIFS.

20     _____

21                 P R O C E E D I N G S

22            (Whereupon, the within electronically recorded

23     proceedings are herein transcribed, pursuant to order of

24     counsel.)

25            THE COURT:  Good afternoon, everybody.  Please be
```

44

1    you have to take those -- that into account because it's part

2    of any comparative group.

3            MS. LUKEY:  Well, I think -- I think we're

4    conflating the two models here, to be honest.  We've got this

5    wage law compliance model, which is completely based on

6    nothing but the difference between the stipend, which is

7    based on the federal minimum wage of the credit and whatever

8    the state or municipal minimum wage is.  That's what it is.

9            That has nothing to do on either end with the free

10   market and we have no idea whether there is a competitive

11   injury.  We know there is a labor injury if it was the case

12   that the exchange visitors were supposed to be paid at the

13   state minimum wage or municipal minimum wage.  That's a labor

14   code violation, but it has nothing to do with competition.

15           They're in a program where they were being paid

16   under a specific federal stipend, when it turns out by the

17   plaintiffs' accounting, which we dispute, that they should

18   have been paid under state minimum wage.  That's not an

19   antitrust collusion resulting in anticompetitive behavior.

20           It's an injury, yes, if they're right, it's a labor

21   injury, but there is a reason that antitrust injuries are

22   defined separately and looked at so carefully in this

23   circuit, more so than in many other circuits, actually.

24           What is the antitrust injury?  What is the free

25   market injury?  What is the anticompetitive injury, as