# Exhibit C

```
                                     1                                              3
 1                                        1
 2      UNITED STATES DISTRICT COURT      2    A P P E A R A N C E S:  (Continued)
        DISTRICT OF NEW YORK COLORADO     3
 3      ---------------------------------X 4    LEWIS ROCA ROTHGERBER CHRISTIE, LLP
        JOHANA PAOLA BELTRAN, et al.,            Attorneys for Defendant
 4                                        5    CULTURAL CARE, INC., d/b/a CULTURAL CARE
                    PLAINTIFFS,                 AU PAIR
 5                                        6    1200 17th Street, Suite 3000
 6         -against-   Case No.:                Denver, Colorado 80202
                 1:14-CV-03074-CMA-KMT    7    BY: DIANE R. HAZEL, ESQ.
 7                                              303.628.9545
 8      INTEREXCHANGE, INC., et al.,      8    dhazel@lrrc.com
 9              DEFENDANTS.                    (Via teleconference)
        ---------------------------------X 9
10                                       10    SHERMAN & HOWARD, LLP
11         DATE: December 21, 2017              Attorneys for Defendant
12         TIME: 9:03 A.M.                11    INTEREXCHANGE, INC.
13                                              633 Seventeenth Street, Suite 3000
14         VIDEOTAPED and TELECONFERENCED 12    Denver, Colorado 80202
15      DEPOSITION of a Non-Party Witness, WILLIAM  BY: BROOKE A. COLAIZZI, ESQ.
16      O. KERR, Ph.D., taken by the Defendants, 13    303.299.8471
17      pursuant to a Notice and to the Federal    bcolaizzi@shermanhoward.com
18      Rules of Civil Procedure, held at the 14   (Via teleconference)
19      offices of Putney Twombly Hall & Hirson, 15
20      LLP, 521 Fifth Avenue, New York, New York 16 NIXON SHEFRIN HENSEN & OGBURN, P.C.
21      10175, before Suzanne Pastor, an RPR and    Attorneys for Defendants
22      Notary Public of the State of New York. 17   APEX and 20/20
23                                              5619 DTC Parkway, Suite 1200
24                                       18    Greenwood Village, Colorado 80111
25                                              BY: LAWRENCE D. STONE, ESQ.
                                         19    303.874.3408
                                                lstone@nixonshefrin.com
                                         20    (Via teleconference)
                                         21
                                         22
                                         23
                                         24
                                         25

                                     2                                              4
 1                                        1
 2      A P P E A R A N C E S:            2    A P P E A R A N C E S:  (Continued)
 3                                        3
 4      BOIES SCHILLER & FLEXNER, LLP     4    WHEELER TRIG O'DONNELL
          Attorneys for the Plaintiffs          Attorneys for Defendants
 5      1999 Harrison Street, Suite 900   5    GO AU PAIR, AGENT AU PAIR and AU PAIR
        Oakland, California 94612              INTERNATIONAL
 6      BY: SEAN RODRIGUEZ, ESQ.          6    370 Seventeenth Street, Suite 4500
        510.874.1101                           Denver, Colorado 80202
 7      srodriguez@bsfllp.com             7    BY: KATHRYN A. REILLY, ESQ.
 8                                              303.244.1983
        CHOATE HALL & STEWART, LLP        8    reilly@wtotrial.com
 9        Attorneys for the Defendants         (Via teleconference)
          CULTURAL CARE, INC., d/b/a CULTURAL 9
10        CARE AU PAIR                   10
        Two International Place          11    BOGDAN ENICA, ESQ.
11      Boston, Massachusetts 02110            Attorney for Defendant
        BY: MICHAEL T. GASS, ESQ.              EXPERT GROUP INTERNATIONAL, INC., d/b/a
12      617.248.4750                     12    EXPERT AU PAIR
        mgass@choate.com                       111 Second Avenue, N.E., Suite 204
13      AND: SAMUEL M. RUDMAN, ESQ.      13    St. Petersburg, Florida
        srudman@choate.com                     727.388.3472
14                                       14    bogdane@hotmail.com
15      PUTNEY, TWOMBLY, HALL & HIRSON, LLP   (Via teleconference)
          Attorneys for the Defendant    15
16        AMERICAN INSTITUTE FOR FOREIGN STUDY, 16 GORDON & REES
          d/b/a AU PAIR IN AMERICA              Attorneys for Defendant
17      521 Fifth Avenue                 17    Au Pair Care
        New York, New York 10175               555 Seventeenth Street, Suite 3400
18      BY: JOHN B. FULFREE, ESQ.        18    Denver, Colorado 80202
        212.682.0020                           BY: THOMAS B. QUINN, ESQ.
19      jfulfree@putneylaw.com           19    303.534.5154
20         -and-                                tquinn@gordonrees.com
21      GIBSON DUNN & CRUTCHER           20    (Via teleconference)
        200 Park Avenue                  21
22      New York, New York 10166         22    ALSO PRESENT:
        BY: ERIC J. STOCK, ESQ.          23
23      212.351.2301                           HOWARD SEIDEL, Videographer
        estock@gibsondunn.com            24
24                                       25      *   *   *
        (Continued on the following page.)
25
```

1 (Pages 1 to 4)

DIAMOND REPORTING          (877) 624-3287       info@diamondreporting.com
1

```
                                          13                                              15
 1           W. KERR                           1           W. KERR
 2    with respect to the proposed class; that    2    world.  And the other -- the but-for world
 3    is, that from your perspective as an       3    is modeled on using economic indicators.
 4    antitrust expert, the classes should be    4    But they're the same model; they just have
 5    certified, is that correct?                5    different inputs.
 6       A.   Yes.                               6       Q.   Well, using economic
 7       Q.   And I believe in a number of       7    indicators -- strike that.  In referring to
 8    places and at your deposition you indicated 8    the second approach which you described as
 9    that it was premature at that stage to do a 9    using economic indicators, those indicators
10    fulsome analysis of the antitrust damages,10    are used to determine what the stipend
11    is that correct?                          11    would be based upon market forces
12       A.   Oh, yes.  That's something that   12    unconstrained by the alleged agreement in
13    goes to the merits.                       13    this case, is that correct?
14       Q.   So in those reports you were      14       A.   Yes, that's right.  In what you
15    opining with respect to a methodology that 15    referred to as -- I think -- I don't
16    could work at the merits once you had more 16    remember what term we used, but the
17    information with which to apply the        17    competition, the wage stipend model, I
18    methodologies, is that correct?           18    don't remember what you referred to it as,
19       A.   Well, I was opining on the         19    it is a way of figuring out the but-for
20    ability to define a class, to identify a   20    stipend based upon analysis of economic
21    class.  And I thought that the classes    21    indicators and not as the other approach
22    could be identified, yes, properly.       22    called for, assuming that in the absence of
23       Q.   And in those reports you          23    competition the stipend should be set
24    identified different potential damages    24    according to the federal and appropriate
25    models, is that correct?                  25    state minimum wage laws.

                                          14                                              16
 1           W. KERR                            1           W. KERR
 2       A.   I did, yes.                        2       Q.   And you would agree with me,
 3       Q.   And one of them you referred to    3    would you not, that minimum wage laws are
 4    as the wage law model which used applicable 4    not set based on competitive forces, is
 5    minimum wage laws in order to help         5    that correct?
 6    calculate the damages?                     6       A.   Minimum wage laws are not set
 7       A.   Yes.  That was one alternative,    7    by economic forces at all.  They're set by
 8    yes.                                       8    legislative fiat.
 9       Q.   And another alternative was I      9       Q.   By definition, correct?
10    think what you referred to as a more      10       A.   Yes, sure.
11    standard antitrust damage model where you 11       Q.   And do you recall with respect
12    calculated the but-for world based upon   12    to what I'll call the competitive approach
13    what an unconstrained market would produce 13    what -- well, strike that.
14    in terms of a stipend?                    14           As of the time of the rebuttal
15           MR. RODRIGUEZ:  Object to the      15    report in the class certification stages,
16       form.                                  16    did you have a plan for what economic
17       A.   I don't remember how I            17    analysis you would do at the merit stage?
18    characterized it.  There were two methods.18       A.   I did, yes.
19    I wouldn't say they're two different      19       Q.   And what was that plan?
20    models.  They're the same model.  One model20      A.   It was an evaluation of what
21    involves calculating the difference between21   the -- an estimate of what a competitive
22    the Fair Labor Standards Act, what we were 22   stipend, average stipend would be if that
23    referring to as the Fair Labor Standards   23   average stipend were not anchored by
24    Act, which actually includes state laws as 24   differences between an interpretation
25    well, for the minimum wage in the but-for  25   between the plaintiffs and defendants over
```

4 (Pages 13 to 16)