THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO COMPEL PRODUCTION OF DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY'S FINANCIAL RECORDS [D.E. 624]**

---

## PRELIMINARY STATEMENT

It is now clear what has occurred. AIFS has and has always had financial records for its au pair division, APIA, that contain more detail than AIFS has ever produced to Plaintiffs. In responding to Request 16, AIFS decided that whatever form those records were in, they were not "financial statements" and that Request 16, despite the "including" clause, was limited to financial statements. AIFS then framed its representations in such a way as to obfuscate this interpretation—going so far as to claim that it had produced "all the financial information" necessary to satisfy Request 16 (AIFS' Response to Plaintiffs' Motion to Compel ("AIFS First Opposition"), Doc. No. 515 at 4, 5, 11)—and to lead the Court to believe that compliance with the document request was "impossible." (July 24 Order at 16.) In its opposition to this motion, AIFS

1

supplemented its prior production with footnotes with additional detail, thereby proving that details were omitted from the initial production, but still does not include the detailed financial records that were the subject of Mr. Gertz's testimony.[1]

In its opposition, AIFS is very careful never to state that the sub-category level financial information is unavailable, limiting its representations to its "financial statements." (*E.g.* Opp'n at 3.) That is because the information is available. Mr. Gertz testified as much, and AIFS concedes as much, now taking the position that the fact that "revenues and expenses are allocated by program"—*i.e.*, that APIA-specific financial information is available—is "wholly consistent" with AIFS' prior representations. (Opp'n at 11.) In sum, there is no doubt that the financial detail Plaintiffs want, and which every other Defendant was ordered to produce, exists.

## ARGUMENT

Plaintiffs identified two justifications for reconsideration: misrepresentation by AIFS, and the disclosure of new information. Fed. R. Civ. P. 60(b)(1), (3), (6). AIFS confuses and conflates these grounds; however they are distinct.

I.  **AIFS misled the Court regarding the existence of separate financial records for its au pair program.**

The facts are:

(1) AIFS told the Court that it had produced "the relevant financial information"—not statements, "information"—that should render Plaintiffs' original motion to compel "moot." (AIFS First Opp. at 11.)

---

[1] The footnotes provide no breakdown for "Revenues" at all, and for other categories provide no guidance as to relevant levels. (Mahoney Ex. 2.) For example, "Selling, General & Administrative" apparently includes "sales and marketing expenses" as well as "compensation for APIA employees," but there is no way to tell whether other expenses are also included or how much of the broader categories should be assigned to each sub-category. (*Id.*)

2

(2) AIFS told the Court that "Plaintiffs already possess all the financial information"—not statements, "information"—"necessary to know and/or calculate the information that they purportedly seek from AIFS' financial statements."  (*Id.* at 4.)

(3)  The Court relied on these representations and noted:  "AIFS states it has produced financial information about its Au Pair in America ('APIA') program that includes its allocated revenue, expenses and income for the time period 2009-2014."  (July 24 Order at 16 (internal footnote omitted).)  The Court further noted that "AIFS argues that as to the APIA program individually, such financial statements do not exist and strict compliance with the request is therefore impossible. AIFS states, however, that the production to Plaintiffs, albeit in a different format, provides them all the information that would be covered by Plaintiffs' request."  (*Id.*)

(4) Mr. Gertz testified that further APIA financial information, which he was comfortable calling "financial statements," does exist.  (Smalls Ex. 8 at 93:13-23, 100:3-6.)

(5) AIFS has now admitted that this additional detail does exist.  (Opp'n at 11, § V; Gertz Aff. ¶ 10.)

The factual predicate for the Court's decision, therefore, has been proven incorrect by Mr. Gertz's testimony and AIFS' admissions.

AIFS nonetheless appears to take a two-pronged approach to arguing that is has been consistent in its representations.  *First*, AIFS argues that the financial information that exists and has not been disclosed is not in "financial statements."  *Second*, AIFS argues that only financial statements were called for by the RFP.  Both positions are incorrect.

*First*, AIFS's own CEO described the additional information Plaintiffs seek as being in "financial statements." When asked whether it was "established [that] there are other financial statements that include more detail," Mr. Gertz responded, "Yes." (Smalls Ex. 8 at 100:3-6.) Mr. Gertz similarly testified that the 6-page statement produced by AIFS was a "short form" and that "ours seems longer," again strongly suggesting that what was produced and what Mr. Gertz reviewed were the same kind of document. (*Id.* at 92:21-22, 101:7.)[2]  AIFS is now taking the position that "Mr. Gertz is unfamiliar with the APIA Financial Information," and that whatever form the additional information is contained in, it is not financial statements. (Opp'n at 10, § V.)  It is unreasonable to hold Plaintiffs to a technicality of nomenclature that even AIFS' CEO does not recognize. Plaintiffs are not experts in AIFS' documents or the names AIFS assigns to its documents.

Until its opposition papers herein, AIFS made no attempt to explain to Plaintiffs that the information sought existed but was not in "financial statements." Rather, the thrust of AIFS' statements, as outlined above, was that the information did not exist. Mr. Gertz now seeks to clarify through affidavit that "Although I have seen documents containing numerical information about budgets, revenue, expense and income on a program-specific basis, I have never seen program-specific information in AIFS' audited or unaudited financial statements." (Gertz Aff. ¶ 10.) Plaintiffs, of course, cannot know

---

[2] Also notable, AIFS repeatedly refers to its "consolidated financial statements," begging the question from which financial statements (or other financial documents) the information therein was consolidated. (Opp'n at 2, 3, 6, 11.)

what these "documents" are or why they do not qualify as "financial statements."[3]  AIFS chooses not to explain.

*Second*, AIFS is incorrect as to the scope of Request 16.  (*See* Opp'n § V.) While Request 16 did begin by identifying "audited or unaudited financial statements," it then clarified that the requested documents "include[ed] documents sufficient to show your annual revenue and income derived from participating in the au pair program." (Smalls Ex. 2 at 7.)  Indeed, in its objections and responses, AIFS specifically responded to the "documents sufficient to show" clause, including by arguing that "a party may not obtain a defendant's financial records through discovery."  (Smalls Ex. 3 at 14-15.)  AIFS was in no way confused as to what information Plaintiffs sought and the APIA "budgets, revenue, expense and income" (Gertz Aff. ¶ 10) that AIFS now concedes exists is entirely within the scope of Request No. 16.

II. **Disclosure of New Information in Mr. Gertz's testimony Justifies Reconsideration.**

AIFS uses several techniques to attempt to avoid the plain language of Mr. Gertz's testimony that the information he is provided in the ordinary course of his business contains "more detail," than the information produced to Plaintiffs, which "looks very short."  (Smalls Ex. 8 at 115:5-10.)

*First*, AIFS simply ignores the testimony.  In its section entitled, "The APIA Financial Information is Complete, Adequate and Correct," APIA does not even acknowledge Mr. Gertz's statement.  Rather, APIA asserts that the produced

---

[3] AIFS' offer to submit the financial statements for *in camera* review is, therefore, chimerical.  (Opp'n at 12.)  If anything should be submitted for *in camera* review, it is whatever documents Mr. Gertz was testifying about, or that AIFS states that it has when it admits that it is has APIA-specific financial information.  (*Id.*  at 11, § V; Gertz Aff. ¶ 10.)

5

information is "complete" without any discussion of why the additional "detail" should not be produced. The closest AIFS comes is an attempt to discredit its own CEO by downplaying his knowledge of AIFS' finances and stating that he was "a fact witness" ignorant of AIFS' finances. (Opp'n at 8.) Mr. Gertz was indeed a fact witness; a fact witness who "Through the regular performance of [his] duties as President and CEO, [has] gained a basic understanding of AIFS' overall revenues, expenses and income" (Gertz Aff. ¶ 6), and who testified that his job responsibilities include "oversight and management" of APIA and that he is "generally familiar" with APIA's financial information (Smalls Ex. 8 at 24:13-21). As such, he is perfectly competent to testify regarding the financial information he reviews for the au pair program and the level of detail contained therein. In determining whether additional, undisclosed financial information exists, Mr. Gertz's testimony that he routinely reviews precisely such information is dispositive.

*Second*, AIFS argues that Plaintiffs should somehow have raised arguments premised on Mr. Gertz's testimony before he testified. (Opp'n § III.) Unsurprisingly, none of the cases AIFS cites stand for that proposition. *See Whittington v. Taco Bell of Am., Inc.*, 2012 WL 3705046, at *2 (D. Colo. Aug. 27, 2012) ("Absent extraordinary circumstances, arguments that could have been raised in the original briefing on the dispute in question may not be made in a motion for reconsideration."); *Seabron v. Am. Family Mut Ins. Co.*, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012) (same in substance); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motions for reconsideration are inappropriate when "the motion merely advances new arguments, or supporting facts which were available at the time of the original

motion"). Of course, the entire premise of Plaintiffs' motion is that the "supporting facts" were not present "at the time of the original motion" and, hence, the arguments made in the instant motion could not "have been raised in the original briefing." Of note, AIFS' summary of Plaintiffs' arguments (Opp'n at 9) omits the crucial argument that additional financial detail of APIA's finances exists, including numerical detail breaking down the broad categories and sub-categories identified in AIFS' custom-made production.

## **CONCLUSION**

For the reasons given above and in Plaintiffs' opening brief, Plaintiffs' motion for reconsideration should be granted. In particular, AIFS should be ordered to produce any financial records, whether as statements, records, documents, or some other format, showing the performance of its au pair program, including records for its au pair program alone, and consolidated records, to the extent they contain any detail about the au pair program.

Dated: February 9, 2018

/s/ Joshua J. Libling
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301
Tel: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com

TOWARDS JUSTICE
Alexander Hood
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

8

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 9, 2018, I electronically served the foregoing motion on all counsel of record.

                                                /s/ Joshua J. Libling
                                                 Joshua J. Libling