**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION
TO EXTEND THE EXPERT DISCOVERY DEADLINE [ECF No. 816]**

---

Plaintiffs seek a limited exception from the January 5, 2018 expert discovery deadline in order to depose two of Defendants' experts. There is good cause to do so. Notwithstanding the January 5th fact discovery cut-off, between January 4-17, Defendants and the trade association with whom they claim a "common interest" (the Alliance for International Exchange) dumped over 82,000 pages of documents on Plaintiffs. Further, because of a series of delays Defendants caused, depositions of key Alliance employees did not occur until several weeks after the deadline. These documents and depositions cover a range of issues that Defendants placed centrally at issue in their proffered experts' reports.

Defendants' opposition does not dispute two core points: (1) Plaintiffs sought these documents and Alliance depositions well before the deadline, and (2) depositions of Defendants' experts would result in a fuller record for summary judgment and trial. Indeed, it makes no sense to encourage an incomplete record and invite expert opinions that are not based on all the facts – especially where no trial date has been set, and where other discovery continues in the case.

However, Defendants have mischaracterized (and, in one instance, misstated) the facts. Although Plaintiffs reject all of Defendants' scattershot arguments, Plaintiffs submit the following points in reply to correct the record.

*1.* Defendants argue prejudice (Opp. 10-11), but there cannot be prejudice to Defendants in having their own experts sit for depositions after Plaintiffs have had an opportunity to digest Defendants' documents. The 50,000 AIFS documents, for example, belong to AIFS. AIFS knows what is in those documents because it created them. Plaintiffs, on the other hand, did not create them and do not know what is in

1

them. Plaintiffs must have time to review them and analyze them, which could not possibly have happened 24 hours before the deadline.

*2.* Defendants' claim that their summary judgment motions will be prejudiced if their experts sit for a deposition now is nonsense. (Opp. 11). Defendants already disclosed their experts' opinions. The depositions at issue go to Plaintiffs' rebuttal, not Defendants' burden in their opening summary judgment papers. Moreover, Defendants have unlimited access to their own experts, so any information learned by Plaintiffs at a deposition should not come as a surprise to – and therefore cannot prejudice – the Defendants.

*3.* Defendants' new positions are irreconcilable with their arguments a short time ago. Now they say the Alliance is not their "proxy" and they have no control over its litigation conduct. (Opp. 10). Several months ago, Defendants argued that they held a "common"—even "identical"—legal interest with the Alliance in this lawsuit. *See* ECF No. 715 at 12-14. They (falsely) suggested that the Alliance was part of a "joint defense" group, and (again falsely) asserted that the head of the Alliance was an attorney who "facilitated" their strategy sessions. Vald. Suppl. Decl. Ex. 16 (Nov. 17, 2017 Hearing Tr. 14:16-15:6; 16:10-13); ECF No. 838-7 (Vald. Decl., Ex. 7, Zherka Tr. 12:12-15:11). Similarly, Defendants are fine with summary judgment-related discovery after the January 5th deadline so long as it only benefits them. Other discovery in the case continues – including FLSA opt-in depositions – which Defendants have repeatedly said they need for summary judgment. *Id.*, Ex. 15.

*4.* Finally, Defendants' assertion that Plaintiffs "failed to download" the 50,000 AIFS documents is false. (Opp. 12). AIFS failed to upload them, or to upload

2

them correctly. Plaintiffs explained that none of the documents were in any of AIFS's productions, including those Plaintiffs downloaded on April 17, 2017. Fulfree Decl. Ex. 6. Plaintiffs also explicitly asked AIFS to "provide support for the fact that these documents were included in the April 17, 2017 production." Vald. Decl. Ex. 4 at 3. AIFS never did so. Instead it responded on January 4, 2018 – the day before the discovery deadline –that its vendor "confirmed that we cannot send you the April 17, 2017 production as it existed when it was made available." *Id.* at 2. AIFS dumped the 50,000 documents on Plaintiffs later that day. The truth is this: In November 2017, Plaintiffs alerted AIFS that certain categories of documents were never produced. Vald. Decl. Ex. 4 at 15-16. Following two months of delay and excuses, on the literal eve of the discovery deadline, AIFS produced 50,000 pages of them. *See id.*[1]

## **CONCLUSION**

For the reasons stated herein, and in Plaintiffs' moving papers, good cause exists to modify the expert discovery deadline. Accordingly, Plaintiffs respectfully request that the Court provide thirty (30) additional days for the parties to conduct expert depositions.

---

[1] AIFS does not offer evidence to establish the contrary. AIFS provides generic cover emails that say nothing about what the productions contain – no Bates range, no description. *See* Fulfree Decl. Exs. 1, 2, 3. Plaintiffs, for their part, downloaded all the documents that were on the "FTP" site, as instructed by the emails. Without any information about what AIFS intended to include, Plaintiffs would have had no reason to think anything was out of the ordinary. Seeking to use its errors to its advantage, AIFS's counsel now states that on April 14, 2017, he "designated and prepared 14,843 documents totaling 48,198 pages for production," including the overseas recruitment documents. Fulfree Decl. ¶ 3. That may be, but there is no indication AIFS or its discovery vendor did anything to actually make those documents available to the Plaintiffs until the day before the discovery deadline.

3

Dated: February 10, 2018

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

 /s/ *Sean P. Rodriguez*
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

TOWARDS JUSTICE
Alexander Hood
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

      I hereby certify that on February 10, 2018, I electronically served the foregoing motion on all counsel of record.

*/s/ Sean P. Rodriguez*
Sean P. Rodriguez
