IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

_____

**CULTURAL CARE, INC.'S RESPONSE TO PLAINTIFFS' MOTION
TO COMPEL AND FOR RELIEF UNDER FEDERAL RULES OF
CIVIL PROCEDURE 26 AND 37 [ECF NO. 837]**

    Defendant Cultural Care, Inc. ("Cultural Care") submits this brief response to Plaintiffs' February 10, 2018 Motion to Compel and for Relief Under Federal Rules of Civil Procedure 26 and 37, ECF No. 837 ("Motion").

    While Cultural Care respectfully but strongly disagrees with this Court's February 12, 2018 Order reversing the December 4, 2017 Order of Magistrate Judge Tafoya relating to work product, attorney-client privilege, and common interest, and expressly preserves all appellate rights relating thereto, Cultural Care has no remaining bases on which to oppose Plaintiffs' Motion. The bases for Cultural Care's claw-back request were as stated in Magistrate Judge Tafoya's Order/Recommendation.

    To suggest that such reliance constituted bad faith warranting sanctions is unwarranted. The Magistrate Judge's Order/Recommendation was effectively the law of the case until two days ago, February 12. Cultural Care was entitled to rely upon the principles enunciated by the Magistrate Judge. The documents to which the Magistrate

- 1 -

Judge's Order/Recommendation related involved not only the same principles of law, but also, with regard to certain redactions, the same processes: to wit, the petitioning activities undertaken by the Alliance on behalf of, or in conjunction with, its sponsors upon the advice of Cultural Care's former counsel.

Although having no reason to believe that this Court would enter the first order that substantially reversed a recommendation, Cultural Care's counsel nonetheless attempted to work cooperatively with Plaintiffs' counsel by offering:

(a) Fifteen hours after the claw-back letter was communicated by email, relief to Plaintiffs' counsel from the obligation under the Amended Protective Order to scrub or sequester any documents pending a ruling by the Court on the privilege issue; and

(b) an agreement that, if this Court had not ruled by the time Plaintiffs' Opposition to Defendants' impending Motion for Summary Judgment came due, adoption of a procedure similar to that used at the deposition where the issue of privilege arose, "i.e., filing the relevant pages and exhibits AEO subject to a stipulation that Cultural Care's agreement to such use cannot be argued as evidence of waiver." *See* Lukey email to Valdivieso, February 7, 2018, appended as Ex. A to Transmittal Declaration of Joan A. Lukey filed herewith.

For these reasons, Plaintiffs' request for sanctions should be denied. Cultural Care's position was founded on the December 4, 2017 Order/Recommendation of Magistrate Judge Tafoya, with which the Court subsequently disagreed. In addition, when this dispute arose, counsel for Cultural Care agreed with Plaintiffs' counsel that, notwithstanding the terms of Section 11 of the Amended Stipulated Protective Order,

- 2 -

ECF No. 694, Plaintiffs need not expend time or resources to retrieve documents and related testimony that was the subject of the claw-back request while Plaintiffs' objections to Magistrate Judge Tafoya's Order were pending before the Court.  Because Cultural Care's request was grounded in the prior Order and was made in good faith to preserve any applicable privileges, sanctions are not warranted here.  Plaintiffs' authority is not to the contrary.  *See Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-KHV, 2013 WL 6071992, at *4-5 (D. Kan. Nov. 18, 2013) (sanctioning party for failure to comply with prior court order granting motion to compel); *Bautista v. MVT Servs., LLC*, No. 16-CV-01086-NYW, 2017 WL 2082925, at *10-11 (D. Colo. Mar. 20, 2017) (striking expert disclosure due to plaintiff's failure to disclose prior to deadline in scheduling order).

In light of the parties' prior agreement that Plaintiffs need not destroy or return the documents in question until Plaintiffs' privilege objection has been resolved, Cultural Care respectfully submits that the Motion should be denied as moot.

Finally, Cultural Care will not respond to the unfounded mischaracterizations in the Motion, insinuating that both Cultural Care and its counsel have engaged in a variety of misconduct, except to say that we disagree entirely and consider it unproductive.

## **CONCLUSION**

For the foregoing reasons, Cultural Care respectfully requests that the Court deny the Motion as moot.

Dated:  February 14, 2018.

Respectfully submitted,

*Diane R. Hazel*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane R. Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

- 4 -

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on February 14, 2018, I have caused to be electronically filed the foregoing **CULTURAL CARE, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND FOR RELIEF UNDER FEDERAL RULES OF CIVIL PROCEDURE 26 AND 37 [ECF NO. 837]** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

*s/ Diane R. Hazel*