IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ, and
SARAH CAROLINE AZUELA RASCON,

  Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., d/b/a Expert AuPair,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC., d/b/a Cultural Care Au Pair,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, d/b/a Au Pair Foundation,
AMERICAN INSTITUTE FOR FOREIGN STUDY, d/b/a Au Pair in America,
AMERICAN CULTURAL EXCHANGE, LLC, d/b/a GoAuPair,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC, d/b/a ProAuPair,
20/20 CARE EXCHANGE, INC., d/b/a The International Au Pair Exchange,
ASSOCIATES IN CULTURAL EXCHANGE, d/b/a GoAu Pair, and
GOAUPAIR OPERATIONS, LLC,

  Defendants.

**ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT**

This matter is before the Court on Plaintiffs' Motion to Amend Complaint, in which Plaintiffs seek leave to file a third amended complaint. (Doc. # 564.) For the following reasons, the Court denies Plaintiffs' Motion to Amend Complaint.

## I.  BACKGROUND

Plaintiffs initiated this action on November 13, 2014. (Doc. # 1.) After Defendants filed multiple Motions to Dismiss (Doc. ## 74, 75, 82), Plaintiffs filed a First Amended Complaint on March 13, 2015 (Doc. # 101), which added four plaintiffs. One month later, United States Magistrate Judge Kathleen M. Tafoya set **August 15, 2016, as the deadline for amendments to pleadings** and joinder of parties. (Doc. # 294.) On that deadline, August 15, 2016, Plaintiffs moved to amend the First Amended Complaint to add four more named plaintiffs. (Doc. # 329.) The Magistrate Judge granted Plaintiffs' motion (Doc. # 394), and their Second Amended Complaint was entered on October 17, 2016 (Doc. # 395).

Plaintiffs filed the instant Motion to Amend Complaint, seeking leave to file a third amended complaint, on June 3, 2017. (Doc. # 564.) Plaintiffs seek to amend the complaint to: (1) "add as named plaintiffs Linda Elizabeth, Camila Gabriela Perez Reyes, and Cathy Caramelo," and (2) "name International Care, Ltd. ('ICL') as a defendant," contending that ICL and Defendant Cultural Care, Inc. ("Cultural Care") "are alter egos and agents of each other" and that "ICL is independently liable for Cultural Care's relevant actions." (*Id.* at 2–3.) Defendant Cultural Care responded in opposition to both of Plaintiffs' bases for seeking leave to amend their complaint on June 23, 2017. (Doc. # 589.) Defendant American Institute for Foreign Study ("AIFS"), d/b/a Au Pair in

2

America, responded in opposition on the same day, joining and incorporating Defendant Cultural Care's Response and raising an additional argument about one of the proposed named plaintiffs. (Doc. # 587.) Plaintiffs replied on July 7, 2017. (Doc. # 595.) The Magistrate Judge granted ICL's request to make a special appearance to oppose Plaintiffs' Motion to Amend Complaint (Doc. # 615), and ICL filed its Special Appearance Brief to Oppose Plaintiffs' motion on July 20, 2017 (Doc. # 616).

## II.   LEGAL STANDARD

Plaintiffs filed the Motion to Amend Complaint now before this Court nearly ten months after the August 15, 2016, deadline for joinder of parties and amendments to pleadings. *See* (Doc. ## 294, 564.) "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under [Federal Rule of Civil Procedure] 16(b)(4) and (2) satisfaction of the [Federal Rule of Civil Procedure] 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

With regard to the first factor, Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The Tenth Circuit has clarified that this good cause standard "requires the movant to show the 'scheduling deadlines cannot be met despite the movant's diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco*, 204 F.R.D. at 668). The good cause standard of Rule 16(b)(4) may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed," for example. *Id.* However, "[i]f the plaintiff knew of the

underlying conduct but simply failed to raise . . . claims, . . . the claims are barred." *Id.* (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)).

As to the second factor, Rule 15(a)(2) directs a trial court to "freely give leave when justice so requires," a rule intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather on procedural niceties,'" *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Mintowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). However, if there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought" need not be granted. *Id.* at 1204 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The grant or denial of an opportunity to amend is within the discretion" of the trial court. *Foman*, 371 U.S. at 182.

### III. DISCUSSION

#### A. FIRST FACTOR: RULE 16(B)(4)'S GOOD CAUSE STANDARD

Plaintiffs assert that they have shown good cause to amend their complaint to add (1) additional named plaintiffs, and (2) ICL as a defendant because "they learned new information in discovery." (Doc. # 595 at 3) (citing *Gorsuch*, 771 F.3d at 1240 ("Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery.")). The Court disagrees.

First, the Court is not persuaded by Plaintiffs' argument in their Reply that they "did not learn the information necessary to add the three proposed plaintiffs until May

4

2017."[1] (Doc. # 595 at 6.)  Plaintiffs state that "Proposed plaintiff Linda Elizabeth and Cathy Caramelo asked to join the lawsuit on May 14 and 17, 2017, respectively," and that they did not learn of Camila Gabriela Perez Reyes's "interest in joining the case until May 1, 2017." (*Id.*)  These bare factual allegations fail to demonstrate that Plaintiffs engaged in "diligent efforts."  *See Gorsuch*, 771 F.3d at 1240.  Moreover, Plaintiffs had twice previously amended their Complaint to add additional named plaintiffs, *see* (Doc. ## 101, 395), which suggests to the Court that Plaintiffs were quite capable to doing so prior to the August 15, 2016, deadline.

Second, the Court rejects Plaintiffs' assertion that they "only recently [have] been able to understand the full scope of Cultural Care's position vis-à-vis ICL." (Doc. # 564 at 6.)  The record demonstrates that Plaintiffs have long had notice of the relationship between Cultural Care and ICL, as Defendant Cultural Care explains.  *See* (Doc. # 589 at 9–11.)  For example, Plaintiffs' First Amended Complaint quoted the contract between Plaintiff Beaudette Deetlefs and Defendant Cultural Care. (Doc. # 101 at 63–64).  That contract—which Plaintiffs cited in their First Amended Complaint, filed March 13, 2015, *see* (*id.*),—clearly states that Defendant Cultural Care has a "registered business name of International Care, Ltd." and that "CC" is ICL's successor and assignee, (Doc. # 589-2).  Additionally, at a scheduling conference before the Magistrate Judge on April 25, 2016, *see* (Doc. # 294), Defendant Cultural Care's

---

[1] Plaintiffs do not explain in their Motion to Amend Complaint why they could not have added the three newly named plaintiffs before the August 15, 2016, deadline.  See (Doc. # 564.) Rather, Plaintiffs ask for relief from the Court's deadline (Doc. # 294) in the interest of "[r]eason and efficiency" in a footnote.  (Doc. # 564 at 4 n.2.)  The Court declines to consider this perfunctory request.  *See In re C.W. Min. Co.*, 740 F.3d 548, 564 (10th Cir. 2014) (quoting *United States v. Berry*, 717 F.3d 823, 834 n.7 (10th Cir. 2013) ("We decline to address the issue because it is raised only in a footnote")).

counsel stated his assumption that Plaintiffs would seek discovery concerning "international disputes . . . for purposes . . . related to the recruitment of the *au pair*" and stated that "*au pairs* are recruited and their information is done by a foreign entity," (Doc. # 307 at 28–29).  Two weeks later, on May 9, 2016, Defendant Cultural Care wrote in its answers to Plaintiffs' interrogatories that "Ms. Deetlefs was recruited and screened by International Care, Ltd." and that "Ms. Carenas Caicedo was recruited and screened by International Care, Ltd."  (Doc. # 589-4.)  The Court therefore finds that Plaintiffs became aware of ICL's affiliation with Defendant Cultural Care well before the August 15, 2016, deadline to amend pleadings.

Here, the absence of good cause for Plaintiffs' delay in seeking to (yet again) amend their Complaint is manifest.  Because Plaintiffs fail to satisfy the good cause standard of Rule 16(b)(4), the Court denies their instant Motion to Amend Complaint.  *See Gorsuch*, 771 F.3d at 1242.

**B.**	**SECOND FACTOR: RULE 15(A)(2)**

Having concluded that Plaintiffs lack good cause to amend their Complaint so long after the scheduling order deadline, the Court need not reach the second factor, the standards of Rule 15(a), and declines to do so.  *See id.*

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiffs' Motion to Amend Complaint (Doc. # 564) is DENIED.

DATED: February 13, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge