IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

_____

**ALL PARTIES' JOINT REPORT
REGARDING PROPOSED RULE 23 NOTIFICATION PLAN**

_____

All Parties[1] hereby request that the Court enter a Rule 23 Notification Plan pursuant to this Court's February 2, 2018 Order Granting in Part and Denying in Part Plaintiff's Motion for Rule 23 Certification and Appointment of Class Counsel (the "Certification Order", ECF No. 828) or set a streamlined schedule for deciding remaining issues necessary for a Rule 23 Plan along the lines outlined below.  Where the parties have disputes, those issues are included below for the Court's determination

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1**

Counsel for all Parties have conferred and jointly submit this report.

**JOINT REPORT AND ISSUES IN DISPUTE**

The Parties state as follows:

---

[1] Counsel for EurAuPair did not provide consent to this motion prior to the filing.

1. On February 2, 2018, this Court issued the Certification Order certifying certain classes pursuant to Federal Rule of Civil Procedure 23. The Order directed the parties to "confer regarding class notice procedures" and, within ten (10) days of the Order, "reach agreement on as many issues as possible and set forth their proposals and points of dispute in a concise joint filing." Certification Order at 37.

2. On February 13, 2018, the Court granted an extension, to February 14, 2018, for submission of the proposal and points of dispute. ECF No. 845.

3. The Parties require clarification on the certified classes. In the Certification Order, the Court certified thirteen classes, each with class representatives. In the Order Denying Plaintiffs' Motion to Amend Complaint (ECF No. 850) ("TAC Order"), however, the Court declined to permit the amendment necessary to add three of those class representatives. For the Antitrust Class, RICO Class, and New York Training Subclass, other class representatives exist. For the Au Pair in America Illinois Subclass, Cultural Care Pennsylvania Subclass, and Cultural Care Texas Subclass, however, Ms. Elizabeth, Ms. Reyes, or Ms. Caramelo were the only class representatives. Plaintiffs refer to the Certification Order; Defendants refer to the TAC Order and the Certification Order's discussion of standing (ECF No. 828 at 14-16); all parties request a clarifying order as to the status of an Au Pair in America Illinois Subclass, Cultural Care Pennsylvania Subclass, and Cultural Care Texas Subclass.

4. The Parties have conferred and largely agreed on a notice to the class in the form of Exhibit 1. The Parties have two disputes concerning the notice.

5. <u>Class End Date</u>.

a. <u>Plaintiffs' Position</u>:  The Certification Order notes that "new class members [are] frequently being added."  (Certification Order at 8.) There is, moreover, no material difference between an au pair hired today and the rest of the class.  As a matter of practicality, an end date for the class will be necessary, and Plaintiffs' propose that it be 120 days before trial, with Sponsors to supplement their production of au pair contact information in advance of that date to permit a supplemental notice to be sent to the au pairs added to the class between the initial notice and that date. Plaintiffs do not believe additional briefing is needed for the Court to make a ruling on this issue.

b. <u>Defendants' Position</u>: Claims by individuals who became au pairs after the lawsuit was filed (and in some cases years after the lawsuit was filed) are different than those brought by the named plaintiffs.  Many sponsors have changed representations they make regarding the stipend, and the case has been widely publicized, which are significant factors in a lawsuit alleging that defendants (for example) defrauded au pairs regarding the stipend calculation. Defendants thus believe that the question of a class period end date, which Plaintiffs have left open-ended until now, requires an opportunity to present further argument to the Court.  Defendants propose that the Court allow the following streamlined process to

3

        address this and any other issues of disagreement: (1) both parties submit simultaneous submissions on these issues two weeks from today, on February 28, 2018; and (2) both parties submit simultaneous replies one week later, on March 7, 2018.

6. <u>Identification of Applicable Classes</u>.

    a. <u>Plaintiffs' Position</u>: Plaintiffs believe that a single notice to the entire au pair population is appropriate and propose to include an Appendix in the form of Exhibit 2 (modified as necessary depending on the Court's order regarding the three certified classes discussed above). This proposal serves the goal of informing the class members of which classes they are members while still being administratively manageable. Defendants' proposal of three separate notices would increase confusion and add unnecessary administrative complexity, burden, and cost for no material benefit.

    b. <u>Defendants' Position</u>: APEX and 20/20 request that a separate notice be sent regarding the anti-trust only claims asserted against it instead of one notice addressing all claims."

7. The Parties have conferred and largely agreed on a notice procedure in the form of Exhibit 3. The Parties have two disputes concerning the notice procedure.

8. <u>Timing</u>.

    a. <u>Plaintiffs' Position</u>: Plaintiffs see no reason to delay sending the first round of class notices. The classes have been certified, which

means that any au pair within the class definition is presumptively a class member. Those au pairs have a right to know about the lawsuit being prosecuted on their behalf, and a right to opt out if they so choose. The existence of the FLSA classes is a red herring. The FLSA opt-in period is entirely distinct from any issue to do with Rule 23 notice.

    b. <u>Defendants' Position</u>: On Friday, February 16, 2018, Defendants will be filing a Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f) in the United States Court of Appeals for the Tenth Circuit. Defendants believe that it would be confusing to au pairs and prejudicial to both parties if notices are being distributed and class members are communicating regarding opting out at the same time that the question of class certification is being considered by the Tenth Circuit. Accordingly, Defendants believe that sending of notice should be delayed at least until the Tenth Circuit has ruled on Defendants' Rule 23(f) Petition. Defendants propose that the parties address this issue, and the timing of notice more generally, pursuant to the streamlined process set forth in Paragraph 5(b) above.

9.    <u>Au Pair Care</u>.

    a. <u>Plaintiffs' Position</u>: AuPairCare cannot be prejudiced if its *au pairs* receive accurate information about the claims in this lawsuit and their status in this

5

case. In an effort to compromise, Plaintiffs have agreed to withhold notice to Au Pair Care sponsored au pairs at this time. Further, to ensure that any AuPairCare au pairs who learn of the notice through other channels, Plaintiffs have guarded against any confusion by agreeing to include the following language in the notice: "AuPairCare is currently appealing a decision that will determine whether au pairs sponsored by AuPairCare can be part of the class before the court in Colorado. If the appeal is resolved in Au Pair Care's favor, Au Pair Care sponsored au pairs will not be part of this case and any claim that Au Pair Care au pairs have must be brought in arbitration. In the event that AuPairCare-sponsored au pairs are ultimately made part of the class, AuPairCare au pairs will receive a separate notice and opportunity to opt out." AuPairCare contends this is not enough. They ask Plaintiffs to modify the Court's class definition by omitting the New Jersey Training Subclass, AuPairCare Michigan Subclass and AuPairCare Pennsylvania Subclass from the Notice, classes established in the Court's Order Granting in Part and Denying in Part Plaintiffs' Motion for Rule 23 Class Certification and Appointment of Class Counsel.

b. <u>Defendants' Position</u>: In light of AuPairCare's pending appeal of the Court's order denying its motion to compel arbitration, as well as the stay ordered by the Court as a result of AuPairCare's appeal, the Court only had jurisdiction to certify a class against AuPairCare to the extent it asserts an antitrust claim by au pairs who were sponsored by defendants other than AuPairCare. The notice needs to be revised to reflect that.

6

## CONCLUSION

For all of the foregoing reasons, the Parties respectfully request that the Court enter a Rule 23 Notification Plan or set a streamlined schedule for deciding remaining issues necessary for a Rule 23 Notification Plan as outlined above.

Dated:  February 14, 2018　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*s/ Dawn L. Smalls*
　　　　　　　　　　　　　　　　　　　　Matthew L. Schwartz
　　　　　　　　　　　　　　　　　　　　Peter M. Skinner
　　　　　　　　　　　　　　　　　　　　Randall W. Jackson
　　　　　　　　　　　　　　　　　　　　Dawn L. Smalls
　　　　　　　　　　　　　　　　　　　　Joshua J. Libling
　　　　　　　　　　　　　　　　　　　　Byron Pacheco
　　　　　　　　　　　　　　　　　　　　BOIES, SCHILLER & FLEXNER LLP
　　　　　　　　　　　　　　　　　　　　575 Lexington Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　　Tel: (212) 446-2300
　　　　　　　　　　　　　　　　　　　　Fax: (212) 446-2350
　　　　　　　　　　　　　　　　　　　　mlschwartz@bsfllp.com
　　　　　　　　　　　　　　　　　　　　pskinner@bsfllp.com
　　　　　　　　　　　　　　　　　　　　rjackson@bsfllp.com
　　　　　　　　　　　　　　　　　　　　dsmalls@bsfllp.com
　　　　　　　　　　　　　　　　　　　　jlibling@bsfllp.com

　　　　　　　　　　　　　　　　　　　　Sean Rodriguez
　　　　　　　　　　　　　　　　　　　　Juan Valdivieso
　　　　　　　　　　　　　　　　　　　　BOIES, SCHILLER & FLEXNER LLP
　　　　　　　　　　　　　　　　　　　　1999 Harrison St, #900
　　　　　　　　　　　　　　　　　　　　Oakland, CA 94612
　　　　　　　　　　　　　　　　　　　　Tel: (510) 874-1000
　　　　　　　　　　　　　　　　　　　　Fax: (510) 874-1460
　　　　　　　　　　　　　　　　　　　　srodriguez@bsfllp.com
　　　　　　　　　　　　　　　　　　　　jvaldivieso@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis
Sabria McElroy
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Tel.: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com
llouis@bsfllp.com
smcelroy@bsfllp.com

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado 80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

***Attorneys for Plaintiffs***

*s/ Joan A. Lukey*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

**Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair**

s/ Kathryn A. Reilly
Kathryn A. Reilly (reilly@wtotrial.com)
Grace A. Fox (fox@wtotrial.com)
Brett M. Mull (mull@wtotrial.com)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

**Attorneys for Defendants Agent Au Pair, Go Au Pair Operations, and American Cultural Exchange, LLC d/b/a Go Au Pair**

s/ Lawrence D. Stone
Lawrence D. Stone (lstone@nixonshefrin.com)
Kathleen E. Craigmile (kcraigmile@nixonshefrin.com)
Aubrey J. Markson (amarkson@nixonshefrin.com)
Nixon Shefrin Hensen Ogburn, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111

**Attorneys for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair**

s/ James E. Hartley
James E. Hartley (jhartley@hollandhart.com)
Jonathan S. Bender (jsbender@hollandhart.com)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202

Adam A. Hubbard (aahubbard@hollandhart.com)
Holland & Hart LLP
1800 Broadway, Suite 300

9

Boulder, CO 80302

**Attorneys for Defendant Cultural Homestay International**

*s/ Susan M. Schaecher*
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

**Attorneys for Defendants APF Global Exchange, NFP**

*s/ Stephen J. Macri*
Stephen J. Macri
(smacri@putneylaw.com)
Joseph B. Cartafalsa
(jcartafalsa@putneylaw.com)
Robert M. Tucker
(rtucker@putneylaw.com)
John B. Fulfree
(jfulfree@putneylaw.com)
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue
New York, NY 10175
(212) 682-0020 ext. 221

*s/ Eric J. Stock*
Eric J. Stock
(estock@gibsondunn.com)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-2301

**Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in America**

10

*s/ Bogdan Enica*
Bogdan Enica
(Bogdan@expertaupair.com)
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701

**Attorney for Defendant Expert Group International, Inc. d/b/a Expert Au Pair**

*s/ Peggy E. Kozal*
Peggy E. Kozal
(pkozal@gordonrees.com)
Thomas Baker Quinn
(tquinn@gordonrees.com)
Nathan A. Huey (nhuey@gordonrees.com)
Heather K. Kelly (hkelly@gordonrees.com)
Jennifer Arnett-Roehrich (jarnett-roehrich@grsm.com)
Gordon & Rees LLP
555 17th Street, Suite 3400
Denver, CO 80202

**Attorneys for Defendant AuPairCare, Inc.**

_____
Martha L. Fitzgerald
(mfitzgerald@bhfs.com)
David B. Meschke
(dmeschke@bhfs.com)
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432

**Attorneys for Defendant EurAuPair Intercultural Child Care Programs**

*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
(bcolaizzi@shermanhoward.com)
Heather F. Vickles
(hvickles@shermanhoward.com)

11

Raymond M. Deeny
(rdeeny@shermanhoward.com)
Joseph Hunt
(jhunt@shermanhoward.com)
Alyssa L. Levy
(alevy@shermanhoward.com)
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

**Attorneys for Defendant InterExchange, Inc.**

s/ William J. Kelly III
William J. Kelly III
(wkelly@kellywalkerlaw.com)
Chandra Marie Feldkamp
(cfeldkamp@kellywalkerlaw.com)
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202

**Attorneys for Defendant USAuPair, Inc.**

s/ Meshach Y. Rhoades
Meshach Y. Rhoades
Martin J. Estevao
Vance O. Knapp
1700 Broadway, Suite 2100
Denver, CO 80290-2101
(720) 722-7195
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com
vknapp@armstrongteasdale.com

**Attorneys for Defendant GreatAuPair, LLC**

12

# CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on February 12, 2018, I caused to be electronically filed the foregoing ALL PARTIES' MOTION FOR EXTENSION OF TIME TO SUBMIT PROPOSED NOTICES AND A PROPOSED NOTIFICATION PLAN PURSUANT TO THIS COURT'S FEBRUARY 2, 2018 ORDER (ECF NO. 828) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Byron Pacheco (bpacheco@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

                                                *s/ Dawn L. Smalls*