# Exhibit B

<u>**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**</u>

# If you were an au pair on a J-1 visa in the United States between Jan. 1, 2009 and the present, a class action lawsuit may affect your rights.

*A Court authorized this notice.  This is **not** a solicitation from a lawyer.*

- Au pairs have sued the companies that sponsored their J-1 visas, alleging violations of federal and/or state law arising from the weekly stipend paid to them.

- The Court has allowed this lawsuit to be a class action on behalf of au pairs who were sponsored by any one of fifteen (15) J-1 visa sponsors at any time from 2009 to the present.

- The Court has not decided whether the visa sponsors did anything wrong.  As a result, there is no money to recover now.  There is also no guarantee there will be a recovery.  However, your legal rights are affected now, and you have a choice to make:

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT

| | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit.  Await the outcome.  Give up certain rights.** |
| | By doing nothing, you keep the possibility of getting money or benefits if the Au Pairs prove their case at trial or the parties enter a settlement.  But, you give up any rights to sue your visa sponsor separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit.  Get no benefits if the lawsuit is successful.  Keep rights.** |
| | You may exclude yourself from all or part of the class action.  If you do so, and money or benefits are later awarded for the part of the lawsuit you excluded yourself from, you won't share in those.  But, you keep any rights to sue your visa sponsor separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice.  To be excluded from all or part of the class action, you must act before [**deadline**].

- The Au Pairs must prove the claims against the Sponsors at trial.  If the Au Pairs are successful and obtain money or benefits from the Sponsors, you will be notified about how to apply for your share.  If the Au Pairs are not successful, there will be no money or benefits awarded.

Any questions? Read on and visit [www.aupairclassaction.com]

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ...................................................................................................3

    1. Why did I get this notice? ............................................................................................ 3
    2. What is this lawsuit about? .......................................................................................... 3
    3. What is a class action and who is involved?............................................................... 3
    4. Why is this lawsuit a class action?............................................................................... 4

**THE CLAIMS IN THE LAWSUIT** .................................................................................5

    5. What does the lawsuit complain about?...................................................................... 5
    6. How do the Sponsors answer? .................................................................................... 5
    7. Has the Court decided who is right? ........................................................................... 5
    8. What are the Au Pairs asking for? ............................................................................... 5
    9. Is there any money available now? ............................................................................. 5

**WHO IS IN THE CLASS**..................................................................................................6

    10. Am I part of the Class? ............................................................................................. 6
    11. Which current and former au pairs are included?..................................................... 7
    12. Are any au pairs not included in the Class? .............................................................. 7
    13. I'm still not sure if I am included.............................................................................. 8

**YOUR RIGHTS AND OPTIONS**.....................................................................................9

    14. What happens if I do nothing at all? ......................................................................... 9
    15. Why would I ask to be excluded? ............................................................................. 9
    16. How do I ask the Court to exclude me from the Class?............................................ 9

**THE LAWYERS REPRESENTING YOU** ...................................................................11

    17. Do I have a lawyer in this case?.............................................................................. 11
    18. Should I get my own lawyer? ................................................................................. 11
    19. How will the lawyers be paid?................................................................................ 11

**THE TRIAL** ....................................................................................................................11

    20. How and when will the Court decide who is right?................................................ 11
    21. Do I have to come to the trial?................................................................................ 11
    22. Will I get money after the trial?.............................................................................. 11

**GETTING MORE INFORMATION** ............................................................................12

    23. Are more details available?..................................................................................... 12
    24. Is this class action related to the FLSA lawsuit against some Sponsors?.............. 12
    25. Does my immigration status matter for being part of the Class?............................ 13

# BASIC INFORMATION

### 1. Why did I get this notice?

According to the J-1 visa sponsors who operate the au pair program, you are or were an au pair in the United States between January 1, 2009 and the present.  This notice is being sent to you, per a Court Order, because you are now a member of a class action against these sponsors.  As a result, there are legal rights you may exercise before the Court holds a trial to decide whether the claims being made against these sponsors, on your behalf, are correct.  Judge Christine Arguello of the United States District Court for the District of Colorado is overseeing this class action.  The lawsuit is known as *Beltran, et al. v. Interexchange, et al.*, Case No. 14-cv-3074.

### 2. What is this lawsuit about?

As part of the au pair program, certain companies (the "Sponsors" listed below in Question 3) sponsor au pairs to live and work in the United States on J-1 visas.  This lawsuit is about whether those Sponsors conspired to fix the au pair stipend at $195.75 per week, and whether they violated federal, state, and/or local laws in doing so.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of all other people who have similar claims.  Together they are the "Class Members."  The Class Representatives are: Johana Paola Beltran, Lusapho Hlatshaneni, Beaudette Deetlefs, Alexandra Ivette Gonzalez, Juliane Harning, Nicole Mapledoram, Laura Mejia Jimenez, and Sarah Caroline Azuela Rascon.  Each was an au pair with one or more Sponsors.  Together with the Class Members, they are also called the Plaintiffs.  The companies they sued (the Sponsors) are called Defendants.  They include:

- Interexchange Inc.
- Great AuPair, LLC
- AuPairCare Inc.
- Agent Au Pair
- Au Pair International, Inc.
- Cultural Care, Inc., d/b/a Cultural Care Au Pair
- APF Global Exchange NFP, d/b/a Aupair Foundation
- USA Au Pair, Inc.
- Expert Group International Inc., d/b/a Expert AuPair
- EurAuPair Intercultural Child Care Programs
- Cultural Homestay International
- American Institute for Foreign Study, d/b/a Au Pair in America
- 20/20 Care Exchange, Inc., d/b/a The International Au Pair Exchange
- A.P.E.X. American Professional Exchange LLC, d/b/a ProAuPair
- American Cultural Exchange LLC and GoAuPair Operations, LLC, d/b/a GoAuPair.

The Class Representatives, Class Members and Sponsors are the "parties" in this class action. **The families that hosted au pairs are not parties, and the Plaintiffs do not seek any recovery from those families.**

Questions? Visit www.aupairclassaction.com or Call 1-800-000-0000        Page **3** of **13**

## 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts, including that:

- Over 91,000 au pairs are or were sponsored for J-1 visas by one or more Sponsors;
- There are legal questions and facts that are common to all of them;
- The Class Representatives' claims are typical of the claims of the rest of the Class;
- The Class Representatives and the lawyers representing the Class will fairly and adequately represent the Class' interests;
- The common legal questions and facts are more important than questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order Certifying the Class, which is available at www.aupairclassaction.com.

## THE CLAIMS IN THE LAWSUIT

### 5. What does the lawsuit complain about?

Au pairs claim that their J-1 visa sponsors violated federal antitrust laws by conspiring to fix their weekly stipend at $195.75. Au pairs also allege that certain sponsors violated federal racketeering laws and state consumer protection and wage laws, failed to pay them for training, and committed fraud. For more information about which claims are asserted against which sponsors, please refer to the Appendix to this Notice. You can read the Plaintiffs' Class Action Complaint at www.aupairclassaction.com.

### 6. How do the Sponsors answer?

The Sponsors deny that they did anything wrong and say that they did not conspire to fix the stipend at $195.75. They also say that $195.75 is the weekly stipend amount for au pairs set by the United States Department of State. The Sponsors deny that they committed fraud and they deny violating state consumer protection laws and wage laws. The Sponsors' Answers to the Complaint are also available on the class website at www.aupairclassaction.com.

### 7. Has the Court decided who is right?

No. The Court has not decided whether the Au Pairs or the Sponsors are correct. By establishing the Class and issuing this notice, the Court is not suggesting that the Au Pairs will win or lose the case. The Au Pairs must prove their claims at trial. (See "The Trial" below on page 9).

### 8. What are the Au Pairs asking for?

The Au Pairs are asking for money damages arising from the Sponsors' alleged conduct in fixing the au pair stipend at $195.75 per week The Au Pairs of certain Sponsors also ask for money they say they should have received if the weekly stipend complied with federal, state and local laws.  . In addition, Plaintiffs want the Sponsors to be barred from fixing au pair wages in the future, and to ensure that au pairs are paid lawful, market-based stipends going forward. For more information about which claims are asserted against which sponsors, please refer to the Appendix to this Notice.

### 9. Is there any money available now?

No money or benefits are available now because the Court has not yet decided whether the Sponsors did anything wrong, and there has been no settlement. There is no guarantee that money or benefits will be obtained. If they are, you will be notified about how to obtain your share, if you are entitled to receive any.

## WHO IS IN THE CLASS

**10. Am I part of the Class?**

All persons who were standard au pairs on a J-1 visa sponsored by one of the Sponsors listed in Question 3, between January 1, 2009 and the present, are members of one or more classes (collectively called the "Class"). A "standard" au pair is an au pair who was expected to provide up to 45 hours of childcare per week, and was offered a weekly stipend of $195.75. The Class is made up of eighteen (18) separate classes, each specific to certain legal claims, Sponsors, and/or States. You should carefully review the class definitions to determine which one(s) you are a part of:

| | |
|---|---|
| **Antitrust Class:** | All persons sponsored by any Defendant to work as a standard *au pair* in the United States pursuant to a J-1 Visa. |
| **Racketerr Influenced and Corruption Act (RICO) Class:** | All persons sponsored by Defendants Au Pair in America (American Institute for Foreign Study), AuPairCare, Inc., Cultural Care, Inc., or InterExchange, Inc. to work as a standard *au pair* in the United States pursuant to a J-1 Visa. |
| **Florida Training Subclass:** | All persons subjected to unpaid standard *au pair* training by Defendant Expert Group International, Inc. in Florida. |
| **New York Training Subclass:** | All persons subjected to unpaid standard *au pair* training by Defendants Au Pair in America (American Institute for Foreign Study), Cultural Care, Inc. or InterExchange, Inc. in New York. |
| **New Jersey Training Subclass:** | All persons subjected to unpaid standard *au pair* training by Defendant AuPairCare in New Jersey. |
| **Au Pair in America California Subclass:** | All persons sponsored by Defendant Au Pair in America (American Institute for Foreign Study) to work as a standard *au pair* in the State of California pursuant to a J-1 Visa. |
| **Au Pair in America Illinois Subclass:** | All persons sponsored by Defendant Au Pair in America (American Institute for Foreign Study) to work as a standard *au pair* in the State of Illinois pursuant to a J-1 Visa. |
| **AuPairCare Michigan Subclass:** | All persons sponsored by Defendant AuPairCare, Inc. to work as a standard *au pair* in the State of Michigan pursuant to a J-1 Visa. |
| **AuPairCare Pennsylvania Subclass:** | All persons sponsored by Defendant AuPairCare, Inc. to work as a standard *au pair* in the Commonwealth of Pennsylvania pursuant to a J-1 Visa. |
| **Cultural Care Maryland Subclass:** | All persons sponsored by Defendant Cultural Care, Inc. to work as a standard *au pair* in the State of Maryland pursuant to a J-1 Visa. |

| | |
|---|---|
| **Cultural Care Pennsylvania Subclass:** | All persons sponsored by Defendant Cultural Care, Inc. to work as a standard *au pair* in the Commonwealth of Pennsylvania pursuant to a J-1 Visa. |
| **Cultural Care Texas Subclass:** | All persons sponsored by Defendant Cultural Care, Inc. to work as a standard *au pair* in the State of Texas pursuant to a J-1 Visa. |
| **Cultural Care Utah Subclass:** | All persons sponsored by Defendant Cultural Care, Inc. to work as a standard *au pair* in the State of Utah pursuant to a J-1 Visa. |
| **Cultural Care Virginia Subclass:** | All persons sponsored by Defendant Cultural Care, Inc. to work as a standard *au pair* in the Commonwealth of Virginia pursuant to a J-1 Visa. |
| **Expert Au Pair Colorado Subclass:** | All persons sponsored by Defendant Expert Group International, Inc. to work as a standard *au pair* in the State of Colorado pursuant to a J-1 Visa. |
| **GoAuPair Maryland Subclass:** | All persons sponsored by Defendant American Cultural Exchange LLC and GoAuPair Operations, LLC (d/b/a GoAuPair) to work as a standard *au pair* in the State of Maryland pursuant to a J-1 Visa. |
| **InterExchange Colorado Subclass:** | All persons sponsored by Defendant InterExchange, Inc. to work as a standard *au pair* in the State of Colorado pursuant to a J-1 Visa. |

For more information about which claims are asserted against which sponsors, please refer to the Appendix to this Notice. You can also read more about each on the class website, www.aupairclassaction.com.

## 11. Which current and former au pairs are included?

If you were a "standard" au pair in the United States on a J-1 visa sponsored by any of the Sponsors listed in Question 3 **between January 1, 2009 and the present**, you are a member of the Class, including one or more of the 18 classes listed above.

## 12. Are any au pairs not included in the Class?

If you were an au pair sponsored by one of the Sponsors **before January 1, 2009**, you are not included in the Class. The Class does not include non-standard J-1 visa au pairs, such as "Extraordinaire", "EduCare," "Professional," "Premium," or "Plus" au pairs. The Class also does not include other providers of in-home childcare, such as nannies or babysitters.

AuPairCare is currently appealing a decision that will determine whether au pairs sponsored by AuPairCare can be part of the class before the court in Colorado. If the appeal is resolved in Au Pair Care's favor, Au Pair Care sponsored au pairs will not be part of this case and any claim that Au Pair Care au pairs have must be brought in arbitration. In the event that AuPairCare-sponsored au pairs are ultimately made part of the class, AuPairCare au pairs will receive a separate notice and opportunity to opt out.

### 13. I'm still not sure if I am included.

If you are still not sure whether you are included, you can call or write to the class administrator: [phone, email], or visit www.aupairclassaction.com.

## YOUR RIGHTS AND OPTIONS

### 14. What happens if I do nothing at all?

By doing nothing you are staying in the Class. If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share. Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, any Sponsor about the same legal claims that are the subject of this lawsuit. This also means that if you do nothing, you will be legally bound by the orders and judgments the Court issues in this class action.

### 15. Why would I ask to be excluded?

You should ask to be excluded if you do not wish to be part of this lawsuit against the sponsors of the Au Pair Program. You should also ask to be excluded if you already have, or want to file your own lawsuit regarding the same claims in this lawsuit. You may exclude yourself from the entire Class, or from as few or as many of the separate classes of which you are a member as you wish. If you exclude yourself from the Class entirely—sometimes called "opting-out"—you won't get any money or benefits from this lawsuit if the Au pairs prove their case at trial or if the parties enter any settlement. If you opt-out of only a part of the Class, you will only get money or benefits if the part of the class you remained in also gets money or benefits. If you opt-out, you will not be legally bound by the Court's orders and any judgments covering the class or classes you exclude yourself from.

If you file your own lawsuit after you opt-out, you will have to find and pay your own lawyer for that lawsuit. You will also have to prove your claims, which you should discuss with a lawyer soon as they may be subject to a statute of limitations.

Note that if you exclude yourself from the Class, or any individual class, and you are currently in the United States as an au pair on a J-1 visa sponsored by any of the Sponsors in this lawsuit, and changes are made to your Sponsor's policies regarding the weekly stipend as a result of this lawsuit, these changes would still apply to you.

### 16. How do I ask the Court to exclude me from the Class?

To ask to be excluded, you must send an "Exclusion Request" form to the class administrator. You may do so by email, mail, or online, no later than **Month 00, 0000.** You may complete an Exclusion Request Form directly on the www.aupairclassaction.com website. You may also obtain an Exclusion Request form on the class website, www.aupairclassaction.com and mail the form to Beltran v. Interexchange, P.O. Box 0000, City, ST 00000 by [date]. You may also exclude yourself by mailing a letter to the class administrator stating that you want to be excluded from *Beltran v. Interexchange*. In the letter, be sure to include your name and address, and sign the letter and send it to: Beltran v. Interexchange, P.O. Box 0000, City, ST 00000. If you submit your own letter, or use the Exclusion Request form, you **must** indicate which of the

individual classes listed in Question 10 you are excluding yourself from and postmark the letter by [Date]..  You may ask to exclude yourself entirely, or from only some classes.

# THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

Yes. You are represented by lawyers from Boies Schiller Flexner LLP, of New York, NY, and Towards Justice, of Denver, CO. Together they are "Class Counsel." They are experienced in handling similar cases. More information about each law firm, their practices, and their lawyers is available at www.bsfllp.com and www.towardsjustice.org.

### 18. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you are entitled to do have one. However, it will be your responsibility to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you. You may also consider hiring your own lawyer if you would like to be excluded from all or part of the Class and file your own lawsuit against any Sponsor.

### 19. How will the lawyers be paid?

If the Au Pairs are successful at trial, Class Counsel will ask the Court for payment for fees and expenses incurred while working on the Class' behalf. Win or lose, you won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be deducted from any money obtained for the Class or paid separately by the Sponsors.

# THE TRIAL

### 20. How and when will the Court decide who is right?

The trial is set to start on [date], in the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, in Courtroom A602. During the trial, a Jury or the Judge will hear all the evidence to help determine whether the Plaintiffs or Defendants are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money or benefits for the Class.

### 21. Do I have to come to the trial?

No, you do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and the Sponsors will present their defenses. You are welcome to come at your own expense.

### 22. Will I get money after the trial?

If the Au Pairs are successful at trial and, obtain money or benefits as a result of the trial or a settlement, you will be notified whether you are qualified to apply for a share.

# GETTING MORE INFORMATION

## 23. Are more details available?

Yes, on the website, www.aupairclassaction.com, where you will find the Court's Order Certifying the Class, the Complaint that the Class Representatives filed with the Court on your and other au pairs' behalf, the Sponsors' Answers to the Complaint, the Sponsors' motions to dismiss the action, as well as an Exclusion Request form.  You may also speak to the class administrator by calling [telephone #] or emailing [email address].

## 24. Is this class action related to the FLSA lawsuit against some Sponsors?

The Class described in this notice is part of the same case, *Beltran v. Interexchange*, in which some au pairs have made claims against their Sponsors for violations of the Fair Labor Standards Act (the "FLSA").  However, this Class is **not** the same as the FLSA classes.  The FLSA classes are suing for violations of the FLSA's minimum wage and overtime rules against the following six Sponsors **only**:

- InterExchange, Inc.;
- Cultural Care, Inc. d/b/a Cultural Care Au Pair;
- American Institute For Foreign Study (AIFS) d/b/a Au Pair In America (APIA);
- Go Au Pair Operations, LLC d/b/a Go Au Pair and American Cultural Exchange, LLC d/b/a Go Au Pair;
- Au Pair Care, Inc.;
- Expert Group International, Inc. d/b/a Expert AuPair.

This class action (including the 18 individual classes) makes different claims against **all** Sponsors, as described in Question 5.  Remaining in all or part of the Class, or opting-out of it, has no bearing on your participation in the FLSA classes against the six Sponsors named above. You can be a member of **both** this Class and a FLSA class.  You can also be a member of the FLSA classes and opt out of this Class, or any part of it.

Also, unlike the FSLA classes, to be a member of the Class described in this notice you **do not** need to opt-in.  If you do nothing, you will automatically be a member of the Class.  You only need to take action by the [date] deadline if you **do not** wish to be a part of this Class.  For more information about which claims are asserted against which sponsors, please refer to the Appendix to this Notice.  You can find more information about opting-out of all, or any of the 18 individual classes that make up the Class, on the class website, www.aupairclassaction.com.

## 25. Does my immigration status matter for being part of the Class?

No. You are a class member regardless of your immigration status, and regardless of whether you reside inside or outside the United States. Your visa sponsor cannot retaliate against you in any way because of your participation in this class action.