IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

    Plaintiffs,
v.

INTEREXCHANGE, INC., *ET AL.*

    Defendants.

---

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL AND FOR RELIEF UNDER
FEDERAL RULES OF CIVIL PROCEDURE 26 AND 37**

---

## PLAINTIFFS' POINTS IN REPLY

The parties agree that, after the February 12, 2018 order concerning other Alliance documents, the question whether the Zherka Documents are privileged is settled. (They are not.) Cultural Care now opposes only Plaintiffs' request for reimbursement and sanctions. Dkt. No. 849. Plaintiffs still believe that reimbursement and sanctions are appropriate. Cultural Care's opposition is misguided for the following reasons:

*1.* The Court found that the first Alliance dispute admitted of reasonable disagreement (Dkt. No. 842-43), but Cultural Care's position on the Zherka Documents was not within the scope of the then-operative Magistrate Judge's Order on Alliance-related privilege claims. As Plaintiffs explained, Cultural Care's contentions about the Zherka Documents exceeded the bounds Defendants attempted to identify in the original Alliance dispute. ECF No. 837, at 10.[1] And no reasonable person could contend that documents used in numerous depositions over the course of 8 months, where the party claiming privilege had actual knowledge of the documents' use, remained privileged.

*2.* Cultural Care's unreasonable positions prevented Plaintiffs from completing the Zherka deposition. See Ex. 28 at 61:16-62:22. The Alliance **still** refuses to give any date certain by which it will complete its production. Ex. 29.[2] The Zherka proceedings therefore may not be completed by the time Plaintiffs' summary

---

[1] Pagination refers to the ECF page number rather than the original pagination in the brief.

[2] The Alliance produced 262 redacted documents totaling 1297 pages; we do not know how many documents the Alliance withheld in their entirety because the Alliance did not provide a privilege log. Ex. 30.

judgment opposition is due.

    *3.*    Cultural Care's conduct caused Plaintiffs to spend the time and money to litigate this issue.  There will be another trip to DC to complete the Zherka deposition. And, because Cultural Care had waited until after the Zherka Documents were used in 7 depositions before clawing them back, associates and paralegals spent time scrubbing those transcripts, and work product derived from them in order to immediately comply with the Rules' clawback provisions.  All team members had to search their emails and delete for the same.  The fees and costs are significant, and should be taxed against Cultural Care now rather than at the time of judgment.

    *4.*    Cultural Care does not acknowledge its conduct during the deposition. Dkt. No. 849 at 3.  The transcript speaks for itself, and attached as Exhibit 28 is the full transcript.  Not only does Cultural Care's counsel waste time with soliloquys about privilege rather than accept Plaintiffs' offer to continue questioning under Cultural Care's reservation of rights (*id.* 36:3-60:14), Cultural Care at one point interjects and attempts to testify for the witness—at length.  *Id.* at 142:12-147:15.  Much of Mr. Zherka's deposition was taken up by Cultural Care's Counsel. Much of the proceeding was a shambles, and Cultural Care set the tone.  *See also* 28:18-29:10 (Alliance's counsel taking the witness out of the deposition room while a question was pending, over the examiner's objection). All of which substantially impeded the deposition of Mr. Zherka, a key witness, Plaintiffs have been waiting to depose for approximately 7 months, which will ultimately lead to further delay in this case.

## **CONCLUSION**

For the foregoing reasons, and those stated in Plaintiffs' moving papers, good cause exists to order Cultural Care to pay all fees and costs associated with this dispute.

Dated: February 16, 2018

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

  /s/ *Sean P. Rodriguez*
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

TOWARDS JUSTICE
Alexander Hood

                1535 High Street, Suite 300
                Denver, Colorado  80218
                Tel: (720) 239-2606
                Fax: (303) 957-2289
                alex@towardsjustice.org

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2018, I electronically served the foregoing motion on all counsel of record.

*/s/ Sean P. Rodriguez*
Sean P. Rodriguez
