IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

---

**DEFENDANT AU PAIR GLOBAL EXCHANGE NFP'S MOTION FOR SUMMARY JUDGMENT**

---

Pursuant to Federal Rule of Civil Procedure 56, Defendant APF Global Exchange, Inc. d/b/a Au Pair Foundation (APF) respectfully moves for summary judgment on Count 1 of Plaintiffs' Second Amended Complaint (Doc. # 395). Count I of the Complaint is the only claim asserted against APF. APF joins and adopts, as if fully stated herein, the arguments set forth in Defendants' Motion for Summary Judgment ("Joint Motion") filed this same date. APF files this Motion to address allegations specific to APF.

## STATEMENT OF FACTS

APF was designated an au pair sponsor by the Department of State in May of 2013. (See Declaration of Ellen Hoggard in Jt. Mot. Appx. p. 00000117 at ¶ 2) As such, APF sponsors the J-1 visa that allows "foreign nationals the opportunity to live with an American host family and participate directly in the home life of the host family."

22 C.F.R. § 62.31(a). The program enables au pairs to participate in educational and cultural programs in the United States and return home to share their experiences. 22 C.F.R. § 62.1(a). Sponsors must follow Department of State regulations which, among other things, require sponsors to provide information to au pairs regarding any payment the au pair will receive. 22 C.F.R. § 62.9(d)(3).

In each of the years it has been a sponsor, APF has received more completed applications to participate in the program from au pairs than it received from host families. (Hoggard Decl. Jt. Mot. Appx. p. 00000117 at ¶ 7)

## ARGUMENT

Plaintiffs' antitrust claim fails because Plaintiffs cannot prove that APF participated in any alleged conspiracy.

APF did not limit host families to paying au pairs exactly $195.75 per week and host families did not limit themselves to paying exactly $195.75 per week. (Hoggard Decl. Jt. Mot. Appx. p. 00000117 at ¶ 3) This is reflected in APF's Host Family - Au Pair Agreements that the host families and au pairs signed and in APF's audit reports. (Hoggard Decl. Jt. Mot. Appx. p. 00000117 at ¶¶ 4, 5)

APF's Host Family - Au Pair Agreements contained blanks for the host family and au pair to fill in the day of the week the au pair would be paid and the amount the au pair would be paid. (Hoggard Decl. Jt. Mot. Appx. p. 00000117 at ¶ 4; Agreement Jt. Mot. R. Appx. p 00000001 - 14[1]) The purpose of including the blanks was to enable the host family and the au pair to agree upon and record the day of the week and the

---

[1] The Host Family – Au Pair Agreement is referred to as Ex. A in the Hoggard Declaration.

2

amount to be paid.  (Hoggard Decl. Jt. Mot. Appx. p. 00000117 at ¶ 4)  Host families and au pairs, not APF, determined the weekly stipend amounts paid to the au pairs.

Additionally, APF's annual audit reports state that all au pairs who responded to the confirmations sent by the auditor for testing responded that they received "at least $195.75 per week as compensation." (Hoggard Decl. Jt. Mot. Appx. p. 00000117 at ¶ 6)  The use of the words "at least" reflect that some au pairs were paid more.

Plaintiffs will argue that marketing materials used by APF did not expressly state that $195.75 was a minimum.  Those materials also did not say that host families were prohibited from paying more or that they must pay "exactly" $195.75.  APF simply followed the Department of State's communications to sponsors that stated the au pair stipend starting July 24, 2009 was $195.75 and those communications did not characterize the stipend as a minimum.  (See June 2007 Notice Jt. Mot. Appx. p. 00000075; June 2009 Notice Jt. Mot. Appx. p. 00000478)  APF's marketing materials are not evidence of a conspiracy.

APF has received more completed applications to participate in the program from au pairs than it received from host families.  (Hoggard Decl. Jt. Mot. Appx. p. 00000117 at ¶ 7)  That fact illustrates that individual economic incentives, rather than any agreement with other sponsors to fix the stipend, is the most likely explanation of its communications of the stipend amount as $195.75.  As discussed more fully in the Joint Motion, sponsors will be more successful in attracting host families—which are more difficult to recruit than au pairs—if they communicate only the minimum required amount rather than a higher amount.  Because of these market conditions, the alleged conspiracy simply does not make economic sense.

3

## CONCLUSION

For all the reasons stated herein, Defendant APF Global Exchange, Inc. d/b/a Au Pair Foundation, respectfully requests entry of an order granting summary judgment in its favor on all claims asserted against it.

Respectfully submitted this 16th day of February, 2018

*s/ Susan M. Schaecher*
Susan M. Schaecher
For Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, Colorado  80202
303-218-3650
303-218-3651 facsimile
sschaecher@fisherphillips.com

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2018, I electronically filed the foregoing **Au Pair Global Exchange, NFP's Motion for Summary Judgment** through the Court's CF/ECF system which will serve the pleading to the following e-mail addresses:

Byron Pacheco
Dawn Smalls
Joshua James Libling
Matthew Lane Schwartz
Peter Murray Skinner
Randall Wade Jackson
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue, 7th Floor
New York, NY 10022
bpacheco@bsfllp.com
DSmalls@BSFLLP.com
jlibling@bsfllp.com
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Juan Pablo Valdivieso
Sean Phillips Rodriguez
Boies Schiller & Flexner, LLP-Oakland
1999 Harrison Street , Suite 900
Oakland, CA 94612
jvaldivieso@bsfllp.com
srodriguez@bsfllp.com

Lauren Fleischer Louis
Sabria Alexandria McElroy
Sigrid Stone McCawley
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard , Suite 1200
Ft. Lauderdale, FL 33301
llouis@bsfllp.com
smcelroy@bsfllp.com
smccawley@bsfllp.com

Alexander Neville Hood
Towards Justice-Denver
1535 High Street, Suite 300
Denver, CO 80218
alex@towardsjustice.org

5

Susan Penniman Klopman
H & K Law, LLC
3900 East Mexico Avenue, Suite 330
Denver, CO 80210
sklopman@hklawllc.com

Brooke A. Colaizzi
Raymond Myles Deeny
Alyssa Lauren Levy
Heather Fox Vickles
Joseph H. Hunt
Sherman & Howard, L.L.C.-Denver
633 17th Street, Suite 3000
Denver, CO 80202-3622
BColaizzi@shermanhoward.com
rdeeny@shermanhoward.com
alevy@shermanhoward.com
hvickles@shermanhoward.com
jhunt@shermanhoward.com

Chanda Marie Feldkamp
William James Kelly, III
Kelly & Walker, LLC
1512 Larimer Street, Suite 200
Denver, CO 80202
cfeldkamp@kellywalkerlaw.com
wkelly@kellywalkerlaw.com

Martin Jose Estevao
Meshach Yustine Rhoades
Vance Orlando Knapp
Armstrong Teasdale, LLP-Denver
4643 South Ulster Street, Suite 800
Denver, CO 80237
mestevao@armstrongteasdale.com
mrhoades@armstrongteasdale.com
vknapp@armstrongteasdale.com

Bogdan Enica
Bogdan Enica, Attorney at Law
111 2nd Avenue NE, Suite 213
St Petersburg, FL 33701-3440
bogdane@hotmail.com

6

David Meschke
Martha Louise Fitzgerald
Brownstein Hyatt Farber Schreck, LLP-Denver
410 17th Street, Suite 2200
Denver, CO 80202-4432
dmeschke@bhfs.com
mfitzgerald@bhfs.com

Adam A. Hubbard
James Edward Hartley
Jonathan S. Bender
Holland & Hart, LLP-Boulder
1800 Broadway
One Boulder Plaza, Suite 300
Boulder, CO 80302
aahubbard@hollandhart.com
jhartley@hollandhart.com
jsbender@hollandhart.com

Diane Rebecca Hazel
James Michael Lyons
Jessica Lynn Fuller
Lewis Roca Rothgerber Christie LLP-Denver
1200 17th Street
One Tabor Center
Suite 3000
Denver, CO 80202-5855
dhazel@lrrc.com
jlyons@lrrc.com
jfuller@lrrc.com

Joan A. Lukey
Justin J. Wolosz
Kevin Patrick O'Keefe
Lyndsey Marie Kruzer
Michael T. Gass
Robert M. Buchanan, Jr.
Samuel Newland Rudman
Choate, Hall & Stewart, LLP
Two International Place
Boston, MA 02110
joan.lukey@choate.com
jwolosz@choate.com
kokeefe@choate.com
lkruzer@choate.com

mgass@choate.com
rbuchanan@choate.com
srudman@choate.com

Jennifer Arnett Roehrich
Nathan Andrew Huey
Peggy E. Kozal
Thomas Baker Quinn
Gordon & Rees LLP-Denver
555 17th Street, Suite 3400
Denver, CO 80202
jarnett-roehrich@grsm.com
nhuey@gordonrees.com
pkozal@gordonrees.com
tquinn@gordonrees.com

Brett Michelle Mull
Kathryn A. Reilly
Natalie Elizabeth West
Wheeler Trigg O'Donnell, LLP-Denver
370 17th Street, Suite 4500
Denver, CO 80202-5647
mull@wtotrial.com
reilly@wtotrial.com
west@wtotrial.com

Brian Alan Birenbach
Rietz Law Firm, LLC
P.O. Box 5268
114 Village Place, #301
Dillon, CO 80435
brian@rietzlawfirm.com

Eric Jonathan Stock
Gibson Dunn & Crutcher, LLP-New York
200 Park Avenue, 48th Floor
New York, NY 10166-0193
estock@gibsondunn.com

John B. Fulfree
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue, 10th Floor
New York, NY 10175
jfulfree@putneylaw.com

Stephen J. Macri
Joseph B. Cartafalsa
Robert M. Tucker
Ogletree Deakins
1745 Broadway, 22nd Floor
New York, New York  10019
Stephen.macri@ogletree.com
Joseph.cartafalsa@ogletree.com
Robert.tucker@ogletree.com

Aubrey Jane Markson
Kathleen E. Craigmile
Lawrence Daniel Stone
Nixon Shefrin Hensen Ogburn, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111-3061
amarkson@nixonshefrin.com
kcraigmile@nixonshefrin.com
lstone@nixonshefrin.com

Harvey J. Wolkoff
Ropes & Gray, LLP-Boston
800 Boylston Street
Prudential Tower
Suite 3600
Boston, MA 02199-3600
harvey.wolkoff@ropesgray.com

*s/ Kimberly Hanson*
Kimberly Hanson
For Fisher & Phillips LLP