IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

       Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

       Defendants.

---

**DEFENDANT EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS'
MOTION FOR SUMMARY JUDGMENT**

---

      Defendant EurAupair Intercultural Child Care Programs ("EurAupair") moves for an order entering summary judgment on Plaintiffs' Sherman Act Section One claim against EurAupair.[1]

## BACKGROUND AND INTRODUCTION

      EurAupair is one of the 16 sponsor organizations the U.S. Department of State ("DOS") designated to administer its J-1 Visa cultural exchange-visitor program (the "Au Pair Program" or "Program").  *See* App. p. 1, Decl. of Celia Parker in Supp. of EurAupair's Mot. for Summ. J. ("Parker Decl.") ¶ 2; *see also* 22 C.F.R. Part 62.  As a sponsor of the Au Pair Program ("Sponsor"), EurAupair, *inter alia,* must "demonstrate

---

[1] EurAupair also joins Certain Defendants' Motion for Summary Judgment [ECF No. 860], and incorporates here by reference all legal standards and authority therein applicable to the antitrust claim against EurAupair.

. . . its ability to comply and remain in continual compliance with all applicable [DOS] provisions." 22 C.F.R. § 62.3(b).  Pursuant to its regulatory authority, DOS calculates the dollar amount of Program's au pair stipend and communicates that information to Sponsors and host families through official notices.  DOS requires EurAupair and the other Sponsors to comply with Program regulations and to ensure and monitor that host families and au pairs also comply with these regulations.  *See* 22 C.F.R. §§ 62.1-62.17, § 62.31.  Failure to do so could result in DOS sanctions, cancellation, or non-renewal of EurAupair's designation.  App. p. 1, Parker Decl. ¶ 5.

**I.   PLAINTIFFS' SHERMAN ACT CLAIM AGAINST EURAUPAIR FAILS AS A MATTER OF LAW.**

Burden of Proof and Elements

Plaintiffs contend that EurAupair violated Section One of the Sherman Antitrust Act through an alleged conspiracy to "fix" the au pairs' weekly stipend "at exactly" $195.75.  Second Am. Compl. ¶ 570, ECF No. 395.  To establish a Section One violation, Plaintiffs bear the burden of proving each of the following elements: (1) that EurAupair consummated an agreement with the other Sponsors, 15 U.S.C. § 1; (2) that agreement constituted an unreasonable restraint of trade, *Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1082 (10th Cir. 2006); (3) the agreement caused Plaintiffs to suffer an antitrust injury, *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977); and (4) that it resulted in damages, *Story Parchment Co. v. Patterson Parchment Paper Co.*, 282 U.S. 555, 563 (1931).  Where Plaintiffs lack direct evidence of a conspiracy they "must present [circumstantial] evidence that tends to exclude the possibility" that the alleged conspirator acted independently." *Mitchael v.*

2

*Intracorp, Inc.,* 179 F.3d 847,858 (10th Cir. 1999).

## II.	STATEMENT OF UNDISPUTED FACTS.

EurAupair's Limited Role in the Selection Process

EurAupair screens au pairs to ensure they meet DOS eligibility requirements. *See* 22 C.F.R. § 62.10(a); App. p. 1, Parker Decl. ¶¶ 8, 9.  An au pair satisfying those requirements is eligible for potential selection by a host family, but EurAupair's role in the ultimate selection is limited; that is left to host families and au pairs.  *Id.* at ¶ 10.

DOS Notices the Stipend Amount

DOS calculates and notices the weekly stipend amount "based upon 45 hours of child care services per week and paid in conformance with the requirements of the Fair Labor Standards Act as interpreted and implemented by the United States Department of Labor."  22 C.F.R. § 62.31(a), (j).  DOS currently sets that amount at $195.75 per week.  *Id.*; App. p. 1, Parker Decl. ¶ 12, App. p. 2, Ex. A to Parker Decl., 2007 DOS Notice (advising that the weekly minimum stipend would be $195.75 beginning July 24, 2009); *see also* App. p. 56, Dep. of Celia Parker ("Parker Dep.") 139:6-9 ("The United States Department of State has calculated the amount of weekly pocket money that's to be provided to au pairs")[2]; App. p. 66, Dep. of Susan Hayes ("Hayes Dep.") 85:8-10 (answering that a "minimum 195.75" is the stipend that applies to regular au pairs). "The minimum stipend amount . . . is the same regardless which au pair program sponsor a family chooses to host with."  App. p. 57, Parker Dep. 236:1-4; *see also* App. p. 1, Parker Decl. ¶ 14.  EurAupair has not and does not take into consideration how

---

[2] EurAupair's designated representative explained in her deposition that "pocket money" is the original term for the stipend used by DOS.  App. p. 54, Parker Dep. 100:4-9.

3

other Sponsors characterize and describe the stipend. App. p. 1, Parker Decl. ¶ 15; App. p. 63, Hayes Dep. 55:1-13. When DOS changes the minimum stipend amount, EurAupair updates its website and other materials to reflect the regulatory change. App. p. 1, Parker Decl. ¶ 13; *see also* App. p. 55, Parker Dep. 107:3-7.

<u>EurAupair "Par Expérience" Au Pairs Receive a Higher Stipend</u>

EurAupair families do not uniformly pay au pairs exactly $195.75 per week. Families have the option of two types of au pairs: (1) a regular au pair; and (2) a "par experience" au pair. App. p. 1, Parker Decl. ¶ 16. A "par experience" au pair, a category EurAupair created and is unique[3] to it, must satisfy additional qualifications not mandated by DOS. App. p. 1, Parker Decl. ¶ 17; *see also* App. p. 64-65, Hayes Dep. 81:21-82:10. These au pairs must "ha[ve] at least 2 years of full time child care experience or [be] a certified child care provider or hold[] a kindergarten or elementary school teaching degree." App. p. 1, Parker Decl. ¶ 18, App. p. 3, Ex. B to Parker Decl., Host Family Recruiter Manual ("HFRM") at 7. Par expérience au pairs also "must be at least 20 years of age." *Id.*; *see also* App. p. 1, Parker Decl. ¶ 18, App. p. 26, Ex. C to Parker Decl., EurAupair's 2013 brochure ("Brochure"); App. p. 53, Parker Dep. 99:7-17 (explaining that the difference between the two types of au pairs is "[t]he level of

---

[3] *Compare, e.g.*, https://www.euraupair.com/host-family/in-home-child-care-programs/ (advertising par expérience au pairs who have "at least 2 years of full time child care experience or [are] a certified child care provider or hold a kindergarten or elementary school teaching degree") (last visited Feb. 9, 2018), *with* http://www.goaupair.com/au-pairs/3-steps-to-become-an-au-pair/apply-now (advertising stipend of $215 for "Au Pair Plus" au pairs, who "must have previous experience as an Au Pair in another country," and $255 for "Premiere" au pairs, who must have a "[d]egree in child care related field or at least 2 years of full-time child care experience," "[a]t least 6 months of driving experience," and "[s]trong English skills") (last visited Feb. 9, 2018).

experience prior to coming into the program and -- and education in child care"). Second, a par expérience au pair's minimum stipend is higher.  *See, e.g.*, App. p. 1, Parker Decl. ¶ 19, App. p. 21, Ex. C, Brochure.  While for regular au pairs "the stipend is a minimum payment of 195.75," a par expérience au pair receives "a minimum of $250."  App. p. 77, Dep. of Holly Brown (Community Counselor ("CC") for EurAupair) ("Brown Dep.") 89:7-10.  Thus, a host family may select a par expérience au pair and pay a higher minimum stipend.  App. p. 1, Parker Decl. ¶ 20.

EurAupair's Education Concerning and Monitoring of The Stipend Payment

EurAupair provides a consistent message:  host families must comply with DOS's minimum stipend requirement and pay au pairs at least $195.75 per week.  App. p. 1, Parker Decl. ¶ 21.  This message begins with EurAupair's CCs[4] who first interact with host families and au pairs, and is included in EurAupair's brochures, contracts, and other communications.  App. p. 1, Parker Decl. ¶ 22.  CCs are au pairs' and host families' point of contact.  App. p. 1, Parker Decl. ¶ 23.  They receive the HFRM to help them identify potential host families; that manual instructs that host families must "[p]rovide the au pair with $195.75 pocket money per week."  App. p. 1, Parker Decl. ¶ 24, App. p. 3, Ex. B to Parker Decl., HFRM, at 7.  CCs also receive a Community Counselor Manual, ("CCM") which states that host families must "[p]rovide the au pair with $195.75 per week pocket money ($250.00 per week for Par Expérience au pairs).

---

[4] CCs are independent contractors who recruit host families and are "responsible for monitoring all au pair exchanges in order to ensure all is going well with the au pair and host family."  App. p. 1, Parker Decl. ¶ 23, App. p. 32, Ex. D to Parker Decl., 2014 CCM, at 2.

5

The amount is tied to the federal minimum wage and is set per family, not per child."[5] App. p. 1, Parker Decl. ¶ 25, App. p. 32, Ex. D to Parker Decl., 2014 CCM, at 14.[6] EurAupair's Regional Directors also advise CCs during yearly in-person training sessions that the stipend is "a minimum of 195.75 per week." App. p. 77, Brown Dep. 48:3-6. Consistent with their training, CCs inform prospective host families during the screening process that the stipend is "a minimum of 195.75 per week," and that they can choose to pay more than $195.75. *Id.*

EurAupair also communicates the DOS stipend requirement to host families and au pairs through brochures and during the orientation process. The brochures state that host families must "[p]rovide the au pair with $195.75[7] pocket money, per week. EurAupair informs that the pocket money is per family, not per child . . . and may not be prorated depending upon the number of hours of child care provided." App. p. 1, Parker Decl. ¶ 26, App. p. 19, Ex. C to Parker Decl., Brochure. EurAupair requires that every host family sign an agreement providing that the au pair will "[r]eceive pocket money of

---

[5] EurAupair's Executive Director testified that the fact that $195.75 is a "minimum" is "implicit" in EurAupair's documents that do not explicitly state that the listed stipend amount is a minimum amount that must be paid. App. p. 61, Hayes Dep. 40:7-10; 49:4-6.

[6] The EurAupair CCM also provides that "[t]he au pair receives room and board, including her own private bedroom plus weekly pocket money of $195.75. The amount of pocket money was determined by the Fair Labor Standards Act as interpreted and implemented by the United States Department of Labor by calculating how much anyone working these hours would earn based upon minimum wage, less a credit for room and board. This money cannot be withheld if the au pair is ill, or if the au pair works less than 45 hours per week." App. p. 32, Ex. D to Parker Decl., 2014 CCM, at 2.

[7] The brochure specifies that "[t]he au pair weekly pocket money amount is established by regulations promulgated by the United States Department of State in compliance with the Fair Labor Standards Act and is subject to change." App. p. 21, Ex. C to Parker Decl., Brochure*.*

not less than the amount required by the U.S. Department of State, payable on a weekly basis." App. p. 1, Parker Decl. ¶ 26, App. p. 33, Ex. E to Parker Decl., Host Family Agreement.  The family acknowledges that it has "received a copy of the U.S. Department of State Exchange Visitor Program Regulations" and that EurAupair may withdraw the au pair if the family "fail[s] to provide on a weekly basis the Au Pair's pocket money." *Id.*

EurAupair orientation materials state that DOS's guidelines require that the "[a]u pair must receive no less than $195.75 ($250 for Par Experience Program) weekly, regardless of hours worked." App. p. 1, Parker Decl. ¶ 28, App. p. 34, Ex. F to Parker Decl., EurAupair Au Pair Orientation Sheet; App. p. 35, Ex. G to Parker Decl., EurAupair Host Family Orientation Sheet.  EurAupair's Au Pair Handbook states that au pairs can expect their host family to "provide the Au Pair with $195.75 weekly pocket money. ($250 for Au Pair par Expérience program participants.)." App. p. 1, Parker Decl. ¶ 29, App. p. 36, Ex. H, Au Pair Handbook, at 5.  If stipend questions arise at orientation, CCs explain that the stipend is "a minimum of 195.75 per week." App. pp. 72-73, Brown Dep. 32:20-33:1.

Only host families and au pairs possess the discretion to determine all other terms and conditions of the au pair's cultural exchange experience, including the exact stipend amount they pay to the au pairs above the DOS minimum.  Parker Decl. ¶ 30. And host families, not EurAupair, handle the day-to-day management and supervision of their au pairs after placement.  Parker Decl., ¶ 31.  EurAupair and its CCs provide only "on-going availability and support" as *required* by DOS to ensure achievement of

the program's cultural-exchange goals and compliance with DOS's requirements. Parker Decl. ¶ 32, App. p. 14, Ex. C to Parker Decl., Brochure.  EurAupair representatives have regular contact with families and au pairs as a means of "ensur[ing] satisfactory compliance" with the DOS regulations.  59 Fed. Reg. 64296-01, 64299 (Decl. 14, 1994).  Pursuant to DOS regulations, EurAupair's CCs contact host families and au pairs at regular intervals to assess satisfaction with the program, often through "regular, routine phone calls" and periodic social and cultural events with other au pairs.  Parker Decl. ¶ 33, App. p. 14, Ex. C to Parker Decl., Brochure.  They also have monthly face-to-face meetings with au pairs, which provide an opportunity to understand if the au pairs are receiving the stipend, and could precipitate an investigation to confirm whether the stipend is being paid weekly in compliance with the regulations.  App. p. 74 -76, Brown Dep. 36:13-38:19.  EurAupair maintains records of these contacts, as required by DOS.  22 C.F.R. § 62.31(l); App. p. 1, Parker Decl. ¶ 33.

EurAupair monitors host families to make sure each host family provides its au pair a stipend of at least $195.75 per week, App. p. 1, Parker Decl. ¶ 15, and takes any failure to do so seriously.  *Id.* at ¶¶ 34, 35.  If a host family is not compliant, they are told to stop immediately.  App. p. 75, Brown Dep. 37:14-19. EurAupair has sent host families emails and letters concerning issues paying the minimum weekly stipend, and even banned a host family from hosting au pairs through EurAupair based on the family's failure to pay the minimum stipend.  *See e.g.*, App. p. 1, Parker Decl. ¶ 35, App. p. 37, Ex. I to Parker Decl., Host Family Warning Letter; App. p. 38, Ex. J to Parker Decl., Email re:  EurAupair Payment.

EurAupair's compliance reports from 2010 to 2015 show that 100 percent of the au pairs sample received the stipend in compliance with DOS regulations.  App. p. 1, Parker Decl. ¶ 36, App. pp. 44-49, Exs. K-P to Parker Decl., Compliance Reports for 2010-2015.  Results from quarterly questionnaires provided to au pairs also show that au pairs almost always receive at least the minimum stipend.  *See, e.g.*, Parker Decl. ¶ 37, App. p. 1, Ex. Q to Parker Decl., EAST Au Pair Quarterly Questionnaire June '13 (explaining at or near 100 percent compliance).

### III. PLAINTIFFS CANNOT DEMONSTRATE THE EXISTENCE OF AN ANTITRUST CONSPIRACY ON THE PART OF EURAUPAIR.

Plaintiffs present no direct evidence that EurAupair participated in an antitrust conspiracy.  EurAupair's actions are not only inconsistent with a conspiracy, but are a common response to common stimuli: the need to adhere to the DOS-mandated minimum stipend and ensure regulatory compliance.

EurAupair acted and acts independently of other Sponsors in informing au pairs and host families of the minimum stipend amount.  EurAupair updates its materials and communications to reflect any DOS stipend changes so that host families are in compliance with DOS regulations.  EurAupair does not change its pronouncements about the stipend due to any agreement with any other Sponsors.  It responds to the requirements of DOS regulations, not to other Sponsors' opinions or positions.  Statement of Undisputed Facts, § II, *supra*.  And, although EurAupair advertises a minimum of $195.75 for "standard" au pairs, it also advertises higher stipends for more experienced au pairs who qualify as par experience.  *Id.*  Further, the very existence of the EurAupair unique "par expérience" category belies any participation in sponsor-wide

9

conspiracy to fix stipends at an "exact" amount.

EurAupair is therefore entitled to summary judgment on Plaintiffs' antitrust claim, even if one could be supported against other Sponsors (which EurAupair does not concede).  *See Dahl v. Bain Capital Partners, LLC*, 963 F.Supp.2d 38, 48-49 (D. Mass. 2013) (granting summary judgment to alleged antitrust co-conspirator when evidence showed that its actions were "inconsistent with the overarching conspiracy").

## CONCLUSION

For the reasons set forth here and in Certain Defendants' Motion for Summary Judgment, EurAupair requests that summary judgment be entered in its favor on Plaintiffs' Sherman Act Section One claim against it.

Dated: February 16, 2018.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: *s/ Martha L. Fitzgerald*
Martha L. Fitzgerald
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado  80202-4432
Phone:  303-223-1100
Email: mfitzgerald@bhfs.com
       dmeschke@bhfs.com

*Attorneys for Defendant*
*EurAupair Intercultural Child Care Programs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 16th day of February, a true and correct copy of the foregoing **DEFENDANT EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT OF SAME** was electronically filed using the CM/ECF system which will send notification of such filing to the following:

Lauren F. Louis
Sigrid S. McCawley
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn Smalls
Sabria A. McElroy
Joshua J. Libling
Juan Valdivieso
Sean Rodriguez
Byron Pacheco
BOIES SCHILLER & FLEXNER, LLP
llouis@bsfllp.com
smccawley@bsfllp.com
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
smcelroy@bsfllp.com
jlibling@bsfllp.com
jvaldivieso@bsfllp.com
srodriguez@bsfllp.com
bpacheco@bsfllp.com

Alexander N. Hood
TOWARDS JUSTICE - DENVER
alex@towardsjustice.org

**Counsel for Plaintiffs**

Lawrence Daniel Stone
Kathleen E. Craigmile
Aubrey J. Markson
NIXON SHEFRIN HENSEN OGBURN, P.C.
lstone@nixonshefrin.com
kcraigmile@nixonshefrin.com
amarkson@nixonshefrin.com

**Counsel for Defendant A.P.E.X. American Professional Exchange, LLC, and 20/20 Care Exchange, Inc. dba The International Au Pair Exchange, Inc.**

Thomas B. Quinn
Peggy Kozal
Nathan Huey
Jennifer Arnett-Roehrich
GORDON & REES SCULLY MANSUKHANI
tquinn@gordonrees.com
pkozal@gordonrees.com
nhuey@gordonrees.com
jarnett-roehrich@grsm.com

**Counsel for Au PairCare, Inc.**

Joseph B. Cartafalsa
Stephen J. Macri
Robert M. Tucker
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Joseph.carafalsa@ogletree.com
Stephen.macri@ogletree.com
robert.tucker@ogletree.com

John B. Fulfree
PUTNEY, TWOMBLEY, HALL & HIRSON, LLP
jfulfree@putneylaw.com

Eric J. Stock
GIBSON, DUNN & CRUTCHER, LLP
estock@gibsondunn.com

**Counsel for Defendants American Institute for Foreign Study dba Au Pair in America, and APF Global Exchange, NFP dba Aupair Foundation AND American Institute for Foreign Study dba Au Pair in America**

| | | |
|---|---|---|
| Joan A. Lukey<br>Lyndsey M. Kruzer<br>Kevin P. O'Keefe<br>Robert M. Buchanan, Jr.<br>Justin J. Wolosz<br>Michael T. Gass<br>Samuel N. Rudman<br>CHOATE HALL & STEWART<br>joan.lukey@choate.com<br>lkruzer@choate.com<br>kokeefe@choate.com<br>rbuchanan@choate.com<br>jwolosz@choate.com<br>mgass@choate.com<br>srudman@choate.com<br><br>Diane Hazel<br>James M. Lyons<br>Jessica L. Fuller<br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>dhazel@lrrc.com<br>jlyons@lrrc.com<br>jfuller@lrrc.com<br><br>**Counsel for Cultural Care, Inc. dba Cultural Care Au Pair** | Kathryn A. Reilly<br>Natalie E. West<br>Brett M. Mull<br>WHEELER TRIGG O'DONNELL LLP<br>reilly@wtotrial.com<br>west@wtotrial.com<br>mull@wtotrial.com<br><br>Brian A. Birenbach<br>THE REITZ LAW FIRM LLC<br>brian@rietzlawfirm.com<br><br>**Counsel for Defendants American Cultural Exchange, LLC dba GoAuPair, Au Pair International, Inc., and Agent Au Pair**<br><br>Brooke A. Colaizzi<br>Heather F. Vickles<br>Alyssa L. Levy<br>Joseph H. Hunt<br>Raymond M. Deeny<br>SHERMAN & HOWARD LLC<br>bcolaizzi@shermanhoward.com<br>hvickles@shermanhoward.com<br>alevy@shermanhoward.com<br>jhunt@shermanhoward.com<br>rdeeny@shermanhoward.com<br><br>**Counsel for Defendant InterExchange, Inc.** | William J. Kelly III<br>Chanda M. Feldkamp<br>KELLY & WALKER LLC<br>wkelly@kellywalkerlaw.com<br>cfeldkamp@kellywalkerlaw.com<br><br>**Counsel for Defendant US AuPair, Inc.**<br><br>Adam A. Hubbard<br>Jonathan S. Bender<br>James E. Hartley<br>HOLLAND & HART<br>aahubard@hollandhart.com<br>jsbender@hollandhart.com<br>jhartley@hollandhart.com<br><br>**Counsel for Defendant Cultural Homestay International**<br><br>Bogdan Enica<br>bogdane@hotmail.com<br><br>**Counsel for Defendant Expert Group International, Inc.**<br><br>Meshach Y. Rhoades<br>Martin J. Estevao<br>Vance O. Knapp<br>ARMSTRONG TEASDALE LLP<br>mrhoades@armstrongteadale.com<br>mestevao@armstrongteasdale.com<br>vknapp@armstrongteasdale.com<br><br>**Counsel for Defendant GreatAuPair, LLC** |

<u>*s/ Shirley M. Newman*</u>