# EXHIBIT A

🅘 Cited
As of: February 16, 2018 3:59 PM Z

# Sheedy v. BSB Props.

United States District Court for the District of Utah, Central Division

January 26, 2016, Decided; January 26, 2016, Filed

Case No. 2:13-cv-290-JNP

**Reporter**
2016 U.S. Dist. LEXIS 178427 *

NICKOLAS SHEEDY, CHELSEA SHEEDY, ROSEANNA HODGES, and KENNETH HODGES, Plaintiffs, v. BSB PROPERTIES, LC, d/b/a MIDVALE STORAGE CENTER; PEAK DEVELOPMENT PROVO; FIDELITY SELF STORAGE, LLC, d/b/a AIRPORT SELF STORAGE, and BRIAN K. SNELSON, Defendants.

## Core Terms

trial brief, damages, two-year, promissory estoppel, summary judgment, parties, two year, statute of frauds, show cause, fail to identify, fair dealing, fraud claim, good faith, representations, defenses, factual record, covenant, negligent misrepresentation, evidence show

**Counsel:** [*1] For Nickolas Sheedy, individual, Chelsea Sheedy, individual, Roseanna Hodges, individual, Kenneth Hodges, individual, Plaintiffs: Loren M. Lambert, LEAD ATTORNEY, ARROW LEGAL SOLUTIONS GROUP, MIDVALE, UT.

For BSB Properties, a Utah LLC, doing business as Midvale Storage Center, Peak Development Provo, a Utah LLC, Fidelity Self Storage, a Utah LLC, doing business as Airport Self Storage, Brian K. Snelson, individual, Defendants: Robert L. Jeffs, JEFFS & JEFFS, PROVO, UT.

For Utah Labor Commission, Interested Party: Jaceson R. Maughan, LEAD ATTORNEY, UTAH LABOR COMMISSION, SALT LAKE CITY, UT.

For Scott Romney, Interested Party: Dennis R. James, LEAD ATTORNEY, MORGAN MINNOCK RICE & MINER, SALT LAKE CITY, UT.

For Fidelity Self Storage, a Utah LLC, Counter Claimant: Robert L. Jeffs, JEFFS & JEFFS, PROVO, UT.

For Roseanna Hodges, individual, Counter Defendant: Loren M. Lambert, LEAD ATTORNEY, ARROW LEGAL SOLUTIONS GROUP, MIDVALE, UT.

**Judges:** Jill N. Parrish, United States District Judge.

**Opinion by:** Jill N. Parrish

## Opinion

### ORDER TO SHOW CAUSE

Pursuant to the court's trial order, (Dkt. 214), the parties filed trial briefs outlining their claims and defenses on October 22, 2015, (Dkts. 219, 220). In the trial order, the court [*2] warned the parties that

> [a]ny claims or defenses not addressed by the parties in their trial briefs will be dismissed on summary judgment pursuant to Federal Rule of Civil Procedure 56(f)(3). As such, the parties are encouraged to make sure they clearly articulate each of the claims or defenses they intend to raise at trial. This means each of the parties' claims or defenses must be **expressly** identified in the trial brief, including the corresponding legal elements and the factual support that will be offered at trial. The parties are hereby on notice of their responsibility to come forward with "all of [their] evidence" or have their claims and defenses dismissed on summary judgment. *Sports Racing Servs. Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 892 (10th Cir. 1997).

After the trial briefs have been submitted, the Court will review them. If any of the claims and allegations in the briefs continue to lack the legal or factual support required to withstand summary judgment, the Court will notify the parties of its intent to render summary judgment on the deficient claims and defenses and will provide the affected parties with an opportunity to respond as required by Rule 56(f)(3). *See Scull v. New Mexico*, 236 F.3d 588,

Case No. 1:14-cv-03074-CMA-KMT   Document 879-1   filed 02/16/18   USDC Colorado   pg 3 of 7

Page 2 of 6
2016 U.S. Dist. LEXIS 178427, *2

600 (10th Cir. 2000) ("A court may grant summary judgment sua sponte so long as the losing party was on notice that [it] had to come forward with all of [its] evidence." [*3] (quoting *Sports Racing Servs., Inc.*, 131 F.3d at 892)).

Based on the facts and arguments contained in the parties' trial briefs, it appears that Plaintiffs will be unable to meet their burden of establishing a sufficient factual basis for the following causes of action: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) promissory estoppel, (4) fraud, and (5) negligent misrepresentation. "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Thus, because the following claims lack the legal or factual support to withstand summary judgment, the court intends to render summary judgment on them.

## I. Breach of Contract

Plaintiffs allege they entered into an oral contract with Defendants in which Defendants agreed to pay Plaintiffs to manage storage facilities for a two-year term followed by an "indefinite permanent period of employment for as long as Plaintiffs desired and were capable to provide management services." (Pls.' Trial Br. 88, Dkt. 219. Plaintiffs assert Defendants breached this contract by terminating [*4] Plaintiffs before the end of the initial two-year period.

To take their breach of contract claim to a jury, Plaintiffs must be able to establish each of the following elements: (1) the existence of a valid contract, (2) performance on their part, (3) a breach by Defendants, and (4) damages. *See Bair v. Axiom Design, L.L.C.*, 2001 UT 20, 20 P.3d 388, 392 (Utah 2001). Based on the record set forth in their trial brief, Plaintiffs cannot establish the existence of a valid employment contract because they concede they had only an oral contract. For the reasons that follow, the court is inclined to dismiss Plaintiffs' breach of contract claim as a matter of law because the alleged contract violates Utah's Statute of Frauds.

Under Utah's Statute of Frauds, "every agreement that by its terms is not to be performed within one year from the making of the agreement" must be "in writing, signed by the party to be charged" or the agreement is void. Utah Code Ann. § 25-5-4. Thus, the Statute of Frauds "applies only to those contracts whose performance could not possibly or conceivably be completed within one year." *Heslop v. Bank of Utah*, 839 P.2d 828, 836 (Utah 1992) (quoting *Hodge v. Evans Fin. Corp.*, 823 F.2d 559, 561-62, 262 U.S. App. D.C. 151 (D.C. Cir. 1987)).

Plaintiffs concede in their own trial brief both that "[t]here was no written contract between Defendant and Plaintiffs," (Pls.' Trial Br. 18, Dkt. 219), and that the alleged [*5] oral contract was "at least [a] 2 year contract of employment then for as long as they were able." (*id.* at 15 n.1, 20, 22). However, Plaintiffs' performance of managing storage facilities for a two-year period "could not possibly or conceivably be completed within one year." *Heslop*, 839 P.2d at 836. Plaintiffs argue that the indefinite period of employment following the initial two-year term somehow cures the Statute of Frauds problem, but this is simply not the case. By definition, an employment contract with "at least" a two-year term followed by an indefinite period of employment cannot be completed within one year. Because the Statute of Frauds voids the contract, Plaintiffs cannot prove the existence of a valid contract.

Without a contract, Plaintiffs cannot establish any of the elements required to establish a claim for breach of contract. Accordingly, Plaintiffs are ordered to show cause why the legal and factual record contained in their trial brief does not warrant dismissal of their breach of contract claim on summary judgment.

## II. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs allege Defendants intentionally interfered with Plaintiffs' ability to comply with their contractual obligations, thereby [*6] violating the implied covenant of good faith and fair dealing. "[T]o find a breach of the duty of good faith and fair dealing, there must be some type of preexisting contractual relationship." *Andreini v. Hultgren*, 860 P.2d 916, 921 (Utah 1993). Because there was no valid employment contract, Defendants could not have breached the covenant of good faith and fair dealing. Accordingly, Plaintiffs are ordered to show cause why the legal and factual record contained in their trial brief does not warrant dismissal of their claim for breach of the implied covenant of good faith and fair dealing.

## III. Promissory Estoppel

In the alternative, Plaintiffs argue that even if there were not a valid contract between the parties, Defendants should be estopped from repudiating their agreement with Plaintiffs. Plaintiffs assert that Defendants "promised [Plaintiffs] employment for at least a two-year period" and that Plaintiffs "justifiably relied upon this representation, accepted employment, severed all ties from their home states, and moved to Utah to commence work as on-site managers of the storage facilities." (Pls.' Trial Br. 113, Dkt. 219).

Where a contract is barred by the statute of frauds, a Plaintiff in is generally not permitted to pursue a promissory [*7] estoppel claim to enforce the agreement because to do so would "virtually eviscerate the effect of the statute" *Fericks v. Lucy Ann Soffe Trust*, 2004 UT 85, 100 P.3d 1200, 1204 (Utah 2004). An exception arises only where a "promise as to future conduct constitute[s] the intended abandonment of an existing right of the promisor"; nonetheless, simply failing "to perform a promise or contract which is unenforceable under the statute of frauds" is not enough. *Id.* (quoting *McKinnon v. Corp. of Pres. of Church of Jesus Christ of Latter-Day Saints*, 529 P.2d 434, 436 (Utah 1974)). Thus, under Utah law, Plaintiffs cannot seek damages for the alleged two-year term of employment under a promissory estoppel theory.

Even if Plaintiffs alternatively argued not for enforcement of the alleged contract but for intermediate relief like reliance damages, an issue that has yet to be addressed under Utah law, their promissory estoppel claim still fails because they do not identify evidence to support each of the elements of a promissory estoppel claim.

In Utah, the elements of promissory estoppel are

> (1) The plaintiff acted with prudence and in reasonable reliance on a promise made by the defendant; (2) the defendant knew that the plaintiff had relied on the promise which the defendant should reasonably expect to induce action or forbearance on the part of the plaintiff or a third person; (3) the [*8] defendant was aware of all material facts; and (4) the plaintiff relied on the promise and the reliance resulted in a loss to the plaintiff.

*Youngblood v. Auto-Owners Ins. Co.*, 2007 UT 28, 158 P.3d 1088, 1092 (Utah 2007) (quoting *Nunley v. Westates Casing Servs., Inc.*, 1999 UT 100, 989 P.2d 1077, 1088 (Utah 1999)). Plaintiffs have failed to come forward with sufficient evidence to show a promise "made by the *defendant*" to employ Plaintiffs for two years. Plaintiffs similarly fail to identify evidence from which a jury could calculate Plaintiffs' reliance damages.

## A. Absence of an Unfulfilled Promise Made by Defendants

Plaintiffs' trial brief alleges that Defendants promised Plaintiffs two years of employment. (Pls.' Trial Br. 113, Dkt. 219). In support of this allegation, Plaintiffs cite to three paragraphs from the statement of facts in their trial brief. First, Plaintiffs cite to an email from Sherri Pearce to Nick and Chelsea Sheedy in which Ms. Pearce states that she is "only interested in obtaining services from someone who is going to be around for some time." (*Id.* at 10). Next, Plaintiffs cite to a phone conversation between Mr. Sheedy and Brian Snelson in which Mr. Sheedy repeatedly states that he made a "two-year commitment" to Ms. Pearce. (*See id.* at 20-22). In one particularly relevant passage, Mr. Sheedy states,

> Okay. So if I had given a two-year commitment, [*9] which is what Sherri asked, and I provided. I said yes, I would commit to two years[.] She said she always asked for a two-year commitment. Then, I have a two-year commitment. . . . [W]e have a two-year commitment to this position. That's what we agreed to . . . .

(*Id.* at 21). Immediately following this passage, Mr. Snelson states, "Ok, again." (*Id.*). Finally, Plaintiffs cite to statements by Mr. Snelson that "I would hope that [the Sheedy's employment] wouldn't end," and with respect to the Hodges, "Similar thing. We d[idn]'t intend to sell the properties, and so we would hope that the managers could stay on as long as they could." (*Id.* at 22 (second alteration in original)).

None of the foregoing statements amount to a promise of a two-year term of employment *made by Defendants*. The only promise outlined above is *Plaintiffs'* commitment to two years. Plaintiffs have presented no evidence of a reciprocal promise made by Defendants. An employer who asks a prospective employee whether he is going to be "around for some time" and later requests a two-year commitment has not made a promise of two years of employment.

Even if the Sheedys or Hodges understood their own commitment to stay for two years as a promise of two [*10] years of employment, their subjective

understanding is irrelevant. The legal standard of "reasonable reliance" is an objective test. *Youngblood*, 158 P.3d at 1096. Given Plaintiffs' failure to present any evidence of an affirmative promise by Defendants to guarantee a two-year term of employment, it was not objectively reasonable for Plaintiffs to believe that their own two-year commitments entitled them to two years of employment.

Under Utah law, there is a presumption of at-will employment. *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, 976 (Utah 2009). This legal backdrop further evidences Plaintiffs' unreasonable reliance. To overcome the presumption of at-will employment, the employee must show a "clear and definite" promise "communicated to the employee and sufficiently definite to operate as a contract provision." *Tomlinson v. NCR Corp.*, 2014 UT 55, 345 P.3d 523, 527 (Utah 2014) (quoting *Johnson v. Morton Thiokol, Inc.*, 818 P.2d 997, 1002 (Utah 1991)). Here, Plaintiffs have not pointed to any promise made by Defendants. Instead, Plaintiffs point to their own commitments that if hired they would commit to work for two years. An employer's expression of interest in hiring employees "who [are] going to be around for some time," (Pls.' Trial Br. 10, Dkt. 219), or who can make a "two-year commitment," (*id.* at 21) does not amount to a "clear and definite" promise on which a reasonable employee could rely as [*11] promise of employment for two years.

### B. Absence of Evidence from which Reliance Damages may be Calculated

Even had Plaintiffs identified sufficient evidence of Defendants' alleged promise, Plaintiffs "must still prove damages to prevail on a claim of promissory estoppel." *Richards v. Brown*, 2009 UT App 315, 222 P.3d 69, 83 (Utah Ct. App. 2009). "An award of damages [for promissory estoppel] requires that a plaintiff prove the fact of damages by a preponderance of the evidence . . . ." *Andreason v. Aetna Cas. & Sur. Co.*, 848 P.2d 171, 176 (Utah Ct. App. 1993). Promissory estoppel damages "are limited to those which are sustained because the plaintiff has changed his position to his detriment in reasonable reliance upon the defendant's representation." *Richards*, 222 P.3d at 83 (quoting *Andreason*, 848 P.2d at 175). Thus, Plaintiffs must provide evidence of reliance damages, or "damages to return the plaintiff to the position the plaintiff enjoyed before relying on the promise." *Id.*

Plaintiffs, however, have not provided any evidence of reliance damages. In their 167-page brief, Plaintiffs devote a total of two paragraphs to their promissory estoppel claim. Pls.' Trial Br. 112-13, Dkt. 219). Neither of these paragraphs nor the statement of facts identify facts that would enable a jury to reasonably calculate the cost of returning Plaintiffs to the position they were in prior to their [*12] alleged detrimental reliance. Proof of reliance damages is necessary to establish a promissory estoppel claim. Thus, Plaintiffs' failure to identify evidence in the record to support this element is an additional basis on which their promissory estoppel claim fails.

In sum, Plaintiffs' trial brief fails to identify evidence necessary to establish a claim of promissory estoppel. First, Plaintiffs fail to identify evidence of a promise made by Defendants. Second, any claim of expectation damages is barred by the Statute of Frauds and Plaintiffs have come forward with no evidence of reliance damages. Accordingly, Plaintiffs are ordered to show cause why the legal and factual record contained in their trial brief does not warrant dismissal on summary judgment of their promissory estoppel claim.

### IV. Fraud

Plaintiffs allege that Defendants committed fraud when they "knowingly or recklessly represented that Plaintiffs would be treated as independent contractors, each Plaintiff would be paid $20,000 a year and that there was the probability of commissions." (Pls.' Trial Br. 166, Dkt. 219). Plaintiffs further allege that "[t]hese representations were made to induce the Plaintiffs to move from their home [*13] states and accept the offers of employment" and that "Plaintiffs reasonably relied upon these representations and moved to the state of Utah to commence employment." (*Id.*).

In order to prove a fraud claim, Plaintiffs must show
> (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.

*Armed Forces Ins. Exchange v. Harrison*, 2003 UT 14, 70 P.3d 35, 40 (Utah 2003) (quoting *Gold Standard, Inc.*

*v. Getty Oil Co.*, 915 P.2d 1060, 1066-67 (Utah 1996)).

Plaintiffs' fraud claim occupies only two paragraphs of their 167-page trial brief and fails to identify evidence to support each of the essential elements. Plaintiffs' sole citation to the factual record is that "[w]hen Plaintiffs arrived in Utah, they depended solely on the salary Defendants paid them for their livelihood." (Pls.' Trial Br. ¶ 22, Dkt. 219). In addition, Plaintiffs assert, without citation, that "Defendants knowingly or recklessly [*14] represented that Plaintiffs would be treated as independent contractors, each Plaintiff would be paid $20,000 a year and that there was the probability of commissions." This evidence, however, is insufficient to prove a claim in fraud. Importantly, Plaintiffs have not provided any evidence showing Defendants' representations to Plaintiffs were false *at the time they were made*. Moreover, Plaintiffs have not provided any evidence showing the representations were made recklessly. Lastly, Plaintiffs fail to provide any evidence of their damages caused by the fraud. Absent evidence of recklessness or knowledge of falsity at the time the representations were made and without any basis for determining damages, Plaintiffs cannot establish a claim for fraud.

Because Plaintiffs' trial brief fails to identify evidence of damages and that Defendants' alleged promises were knowingly false at the time they were made or were reckless, Plaintiffs have not established all of the essential fraud elements. Accordingly, Plaintiffs are ordered to show cause why the legal and factual record contained in their trial brief does not warrant dismissal of their fraud claim on summary judgment.

**V. Negligent Misrepresentation** [*15]

Plaintiffs' allegations with respect to their negligent misrepresentation claim are the same as their fraud claim. Both claims are addressed in the same two paragraphs. In order to prove a claim of negligent misrepresentation, Plaintiffs must show the following:
> Where (1) one having a pecuniary interest in a transaction, (2) is in a superior position to know material facts, and (3) carelessly or negligently makes a false representation concerning them, (4) expecting the other party to rely and act thereon, and (5) the other party reasonably does so and (6) suffers loss in that transaction, the representor can be held responsible if the other elements of fraud are also present.

*Christenson v. Commonwealth Land Title Ins. Co.*, 666 P.2d 302, 305 (Utah 1983) (quoting *Jardine v. Brunswick Corp.*, 18 Utah 2d 378, 423 P.2d 659, 662 (1967)).

As with their fraud claim, Plaintiffs only point to evidence showing their reliance on Defendants' representations. (Pls.' Trial Br. ¶ 22, Dkt. 219). Yet such evidence is not enough to prove all of the negligent misrepresentation elements. For example, Plaintiffs have not provided any evidence showing what Defendants' pecuniary interest was or how Defendants were in a superior position to know the material facts. Nor have Plaintiffs pointed to evidence showing Defendants expected Plaintiffs to rely on [*16] their supposed misrepresentations. Likewise, Plaintiffs identify no evidence of Defendants' carelessness or negligence in making the alleged representations. Finally, as with their fraud claim, Plaintiffs have not provided evidence showing the damages they would be entitled to recover under this claim.

Because Plaintiffs' trial brief fails to identify evidence of nearly all of the elements of negligent misrepresentation, Plaintiffs' claim is deficient. Accordingly, Plaintiffs are ordered to show cause why the legal and factual record contained in their trial brief does not warrant dismissal of their negligent misrepresentation claim on summary judgment.

**CONCLUSION**

Plaintiffs are ordered to show cause why the court should not grant summary judgment on each of the identified claims. In responding to the court's order, Plaintiffs may not raise new factual or legal arguments not cited to or raised in the trial briefs. The court was clear in its trial order that Plaintiffs and Defendants were "on notice of their responsibility to come forward with 'all of [their] evidence' or have their claims and defenses dismissed on summary judgment." (Trial Order 3, Dkt. 214 (quoting *Sports Racing Servs. Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 892 (10th Cir. 1997))). As such, Plaintiffs [*17] are ordered to respond to the court's order by explaining why their breach of contract, implied covenant of good faith and fair dealing, promissory estoppel, fraud, and negligent misrepresentation claims should not be dismissed on summary judgment. In their response, Plaintiffs should include citations to their trial brief for any factual support they claim the court has missed in its review of the claims outlined in the court's order to show cause. The court ORDERS Plaintiffs to respond by February 2,

2016.

DATED this 26th day of January, 2016.

BY THE COURT:

/s/ Jill N. Parrish

Jill N. Parrish

United States District Judge

**End of Document**