IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al.,

Plaintiffs,

v.

INTEREXCHANGE, INC., et al.,

Defendants.

---

**APEX AND 20/20'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PAGES 1 - 68 AND 79 - 106 OF APEX APPX. [ECF 874] TO APEX AND 20/20'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 872]**

---

Pursuant to D.C.COLO.LCivR 7.2 and the Court's direction (CMA Civ. Practice Standard 7.1E(d)(1)), Defendants, A.P.EX. American Professional Exchange, LLC dba ProAuPair (APEX), and 20/20 Care Exchange, Inc. dba The International Au Pair Exchange (20/20), respectfully move the Court for an Order restricting public access, under Level 1, to certain materials in APEX and 20/20's Appendix ("APEX Appx.") [ECF 874] to their Motion for Summary Judgment [ECF 872]. In support thereof, Defendants state as follows:

1. As required by D.C.COLO.LCivR 7.1(a), counsel for these Defendants conferred with Plaintiffs' counsel in good faith regarding this motion and is authorized to state that Plaintiffs do not oppose the relief requested herein.

2. All parties to this action have stipulated to an Amended Stipulated Protective Order ("Amended Stipulated Protective Order") that is consistent with the

requirements set forth in *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, App. A (D. Colo. 2000).

3. The Amended Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure of discovery duties created by the Federal Rules of Civil Procedure." Amended Stipulated Protective Order ¶ 1 [ECF No. 694].

4. Pursuant to the Amended Stipulated Protective Order, all parties have agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Level 1 restricted access. *Id.* ¶ 8.

5. On February 16, 2018, Defendants APEX and 20/20 filed their Motion for Summary Judgment [ECF No. 872]. In their Appendix to that Motion [ECF 874], Defendants have included a number of exhibits that have been designated by one or more parties as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY within the scope of the Amended Stipulated Protective Order, namely:

a. Excerpts from Deposition of Plaintiffs' expert William O. Kerr, Dec. 21, 2017;

b. Excerpts from Deposition of Heidi Mispagel, May 2, 2017;

c. Spreadsheets containing certain proprietary information of APEX and 20/20;

d. Excerpts from Expert Report of William O. Kerr, January 17, 2017;

e. Memorandum Report of David Keil (Plaintiffs' private investigator);

f. Excerpts from Deposition of David Keil (Plaintiffs' private investigator), July 21, 2016;

g. Excerpts from Rebuttal Merits Report of William O. Kerr, October 30, 2017;

h. APEX and 20/20's Second Am. Resp. to Plaintiffs' Second Set of Interrogs., July 31, 2017, containing proprietary business information of APEX and 2020;

i. Rebuttal Expert Report of Mark A. Glick, October 30, 2017.

6. It is APEX and 20/20's understanding that each of these documents has been designated CONFIDENTIAL by one or more parties, and many of these documents contain sensitive and proprietary business information of the Sponsor Defendants, which has been designated CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. In addition, APEX and 20/20's confidential business information is referenced throughout most of these exhibits, specifically those described in ¶ 5 (a), (b), (c), (d), (g), (h); and (i). Publicizing this confidential, proprietary information would cause APEX and 20/20 serious injury in their business enterprise. Because of the competitively sensitive and confidential business information in these documents, Defendants APEX and 20/20request that these documents remain under Level 1 restricted access.

7. With respect to the deposition and report of Plaintiff's private investigator, David Keil (¶ 5(e) and (f)), APEX and 20/20 request restriction only because Plaintiffs have, at times, claimed that this information is confidential. This Motion therefore serves as notice to Plaintiffs that APEX and 20/20 have filed these documents

"Restricted Access Level One," thereby restricting these documents from public view for fourteen days so that Plaintiffs may file a motion to restrict access, if they wish.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court issue an Order restricting public access, under Level 1, to the documents addressed in this motion.

Respectfully submitted this 16th day of February, 2018.

NIXON SHEFRIN HENSEN OGBURN, P.C.

*s/ Lawrence D. Stone*
Lawrence D. Stone
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111
(303) 773-3500
lstone@nixonshefrin.com

Attorneys for Defendants A.P.EX. American Professional Exchange, LLC dba ProAuPair; and 20/20 Care Exchange, Inc. dba The International Au Pair Exchange

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of February, 2018, I have electronically filed the foregoing **APEX AND 20/20'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PAGES 1 - 68 AND 79 - 106 OF APEX APPX. [ECF 874] TO APEX AND 20/20'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 872]** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Carol A. Larsen Cook*
Carol A. Larsen Cook,