IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

_____

**DEFENDANT CULTURAL CARE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR RELIEF UNDER FEDERAL RULES OF CIVIL PROCEDURE 26 AND 37 (ECF NO. 856)**

Defendant Cultural Care, Inc. ("CCI") hereby moves for leave to file the attached Sur-Reply to Plaintiffs' Reply in Further Support of Plaintiffs' Motion to Compel and for Relief Under Federal Rules of Civil Procedure 26 and 37 (ECF No. 856) ("Reply").  *See* Sur-Reply, Ex. A.

## CERTIFICATE OF CONFERRAL

Pursuant to D.C. Colo. LCivR. 7.1(a, ), Cultural Care, Inc. conferred with counsel for Plaintiffs regarding the request to file a Sur-Reply in a telephone conference on February 19, 2018.  After discussion, Plaintiffs declined to assent to the relief requested in this motion.

## ARGUMENT

As grounds for this Motion, CCI says the following:

1.      On Friday, February 16, Plaintiffs filed a Reply (ECF No. 856) to their pending Motion to Compel.  ECF No. 837.  Plaintiffs acknowledge that CCI had withdrawn its privilege claim to two documents (the "Zherka Exhibits") as to which a privilege dispute had arisen at the deposition of Alliance Executive Director Ilir Zherka on January 29, 2018.  Reply 2 .  CCI had actually agreed to forego the use of the Protective Order clawback provision on February 7, the morning after the clawback letter was sent, in favor of a less onerous, no cost method of protecting the Zherka depositions.  See original Lukey Dec., ECF No. 849-1 ¶ 4.  Then, when this Court reversed the Magistrate Judge's privilege Order on February 12, 2018 (ECF No. 843), CCI promptly notified the Court that it would not oppose Plaintiffs' Motion to Compel at all.  ECF No. 849.

2.      Nonetheless, Plaintiffs pursued their request for sanctions and costs in their Reply, purportedly based on conduct of CCI's counsel at the Zherka deposition that "prevented Plaintiffs from completing the Zherka deposition" (Reply, ECF No. 856 at 2 ¶ 4), "tak[ing] up" "much of Mr. Zherka's deposition" (*Id.*), and "set[ting] the tone" that caused "much of the proceeding . . . [to be] a shambles."  *Id.*  The allegations are demonstrably false based upon the transcript and video of the proceedings, where CCI's counsel consumed less than an estimated thirty minutes of a several hour deposition (s*ee* Supplemental Declaration of Joan A. Lukey ¶ 5, Ex. B ("Supp. Lukey Dec."), where CCI's counsel suggested that the privilege issue be wrapped into the pending appeal to this Court of the Magistrate Judge's Privilege Order to allow questioning to proceed on the Zherka Exhibits (Valdivieso Declaration Ex. 28 ("Ex. 28"), 69:13-22; Supp. Lukey Dep. ¶ 7) , where the parties agreed to just such an approach

2

(Ex. 28 at 72:18-74:12; Supp. Lukey Dec. ¶ 7) such that the examination went forward without incident (Ex. 28 at 76:10 *et seq.*; Supp. Lukey Dec. ¶ 7), where CCI's counsel took no position on issues pertaining to the reopening of Mr. Zherka's deposition (Ex. 28 at 70-1-72:1), where the deposition concluded without controversy at 5:40 p.m.  (*Id.* at 205:4), and where CCI's counsel's conduct was professional and civil throughout. *Id. passim*; *see also* Supp. Lukey Dec.¶ 5.  Indeed, Plaintiffs' contentions appear to relate in substantial part to disagreements that arose between Plaintiffs' counsel and the Alliance's counsel, over whom CCI's counsel exercises no control. *Id.* at 9.

3. In addition, the Reply contends that Plaintiffs should be awarded fees and costs for the period between the clawback request – which was required to be in writing and to identify the documents by bates number, exhibit number or comparable formal identification method (ECF No. 694 at 4 ¶ 11) – and its withdrawal.  This demand is made even though (a) CCI's clawback request was based upon the fact that the Zherka Exhibits were subsumed in the principles of the then extant privilege order and (b) the request was made at 8:15 p.m. ET on the evening of February 6, and CCI agreed to a different, no cost process at 11:20 ET the next morning,  less than two and a half business hours later.  ECF No. 84-1 ¶ 4.

4. In order to correct the factual inaccuracies that have been asserted regarding the professionalism of CCI's counsel, and to insure that this Court is aware of the true record in this case, CCI respectfully requests leave pursuant to CMA Civ. Pratice Standard 7.1A(d)(4) to file the attached Sur-Reply.  *See* Ex. A.

Dated:  February 20, 2018.                         Respectfully submitted,

*s/ Diane R. Hazel*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane R. Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

4

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on February 20, 2018, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

*s/ Diane R. Hazel*