# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.
    Plaintiffs,
v.

INTEREXCHANGE, INC.; et al.
    Defendants.

_____

**SUR-REPLY OF CULTURAL CARE, INC. TO PLAINTIFFS' REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR RELIEF UNDER FEDERAL RULES OF CIVIL PROCEDURE 26 AND 37 (ECF NO. 856)**

    Defendant Cultural Care, Inc. ("CCI") offers this Sur-reply to correct factual inaccuracies in Plaintiffs' captioned Reply (ECF No. 856).  Plaintiffs' counsel mischaracterizes the events relating to two Alliance documents (the "Zherka Exhibits") and inappropriately attacks the professionalism of CCI's lead counsel.  *See* Supplemental Declaration of Joan A. Lukey ("Supp. Lukey Dec.").  In response to this Court's reversal of the Magistrate Judge's Order on February 12 (ECF No. 843), CCI withdrew any opposition to the underlying motion to compel.  Plaintiffs' counsel presses the motion for the sole purpose of seeking "reimbursement and sanctions," Reply 2, in reliance on mischaracterizations of the Zherka deposition.  Far from disrupting that deposition, (a) Cultural Care agreed notwithstanding its privilege claim to proceed with the examination of Ilir Zherka ("Zherka") concerning the two exhibits (Supp Lukey Dec. ¶ 5) and (b) CCI consumed less than thirty minutes of the entire deposition (*Id.*).  In addition, CCI withdrew the clawback request for the Zherka Exhibits less than two and a

half business hours after the request was made.  See original Lukey Dec., ECF No. 849-1.

**Mischaracterization #1**:  "CCI's unreasonable positions prevented Plaintiffs from completing the Zherka deposition.  Ex. 28 at 61:16-62:22."  Reply 1 ¶ 2.

**Response**:  The cited passage (Valdivieso Dec., Ex. 28 ("Ex. 28") at 61:16-62:22) is an exchange between Dawn Smalls ("Smalls") and Faith Reyes ("Reyes"), Counsel to the Alliance, largely relating to whether the Alliance was part of a joint defense agreement.   CCI's counsel was not involved except to state briefly at the end of the colloquy that the redacted excerpt related to CCI's privilege claim.  *Id.* at 62:17-19, 21.  It appears the Reply mixes up Lukey and Reyes.  In any event, in stark contrast to the  contention that CCI prevented completion of the deposition,  Lukey (a) suggested that the privilege issue regarding the two documents be wrapped into the appeal of the Magistrate Judge's Order to this Court, in order to allow the deposition to proceed (*Id.* at 69:13-22; Supp. Lukey Dep. ¶ 7) and (b) agreed with all counsel that the questioning regarding the Zherka Exhibits would proceed, with that portion of the transcript designated as "highly confidential, attorneys' eyes only" pending the appeal. *Id.*;  Ex. 28 at 72:18-74:12; Supp. Lukey Dec. ¶ 7.  The questioning regarding the Zherka Exhibits did in fact proceed.  Ex. 28 at 76:10 *et seq.*; Supp. Lukey Dec. ¶ 7.  Lukey did not participate in the discussion as to whether Zherka's deposition would be reopened, which was between Smalls and Reyes. Ex. 28 at 70:1-72:1.  CCI did nothing to prevent Plaintiffs from completing the Zherka deposition.  Ex. 28; Supp. Lukey Dec. ¶ 10.

**Mischaracterization #2**:  "Much of Mr. Zherka's deposition was taken up by Cultural Care's Counsel.  Much of the proceedings was a shambles and Cultural Care set the tone.  *See also* 28:18-29:10."  Reply 2 ¶ 4.

2

**Response:** CCI "took up" 30 minutes or less (Supp. Lukey Dec. ¶ 5) of a deposition that extended from 10:05 a.m. to 5:40 p.m. (Ex. 28 at 7:9-10, 205:4) with a number of breaks (none of which CCI requested). CCI's cross-examination consumed three and a half pages in a 204 page transcript. Ex. 28 at 200:12-204:13. Consuming 1.7% of the deposition pages is not "much of Mr. Zherka's deposition." The vast majority of CCI's other speaking roles were 2-4 lines long.[1] Two longer discussions occurred, the first, upon the initial use of one of the Zherka Exhibits, relating to privilege and the Magistrate Judge's privilege order. CCI's counsel, confronted with a document that she had never read and with which she was not familiar (*Id.* at 42:8-12[2]; 42:15-21;[3] Supp. Lukey Dec. ¶ 6), engaged in a balanced colloquy with Smalls and Valdivieso, in which the time expended was almost the same for each side and was, in any event, estimated at only c. 12 to 15 minutes duration.[4] *Id.* ¶ 6; Ex. 28 at 42:8-53:22, 55:14-59:17, 65:17-66:16.[5] When pressed as to the basis for her privilege assertion, Lukey responded, "[i]t's the same principles that Magistrate Judge Tafoya has already dealt with" ( *Id.* at 45:1-5) . . . This falls squarely under her order, even though this wasn't one of the documents that was in the 77 pages of production." *Id.* at 46:7-9. When

---

[1] These were comprised of short objections when counsel deemed necessary; a standing deposition requested at the beginning (Ex. 28 at 23:12-25:8), and, when Plaintiffs' counsel forgot, providing bates numbers for exhibits to phone participants. *See, e.g.*, *id.* at 30:12-13; 41:14-15. The latter courtesy has been extended throughout the case.

[2] When Smalls first presented the document to Zherka, Reyes expressed "a little alarm[]" that Ms. Smalls was using an unredacted version of a document that the Alliance had produced only in redacted form. *Id.* at 41:18-42:7. CCI's counsel immediately responded, "**I haven't even had a chance to read it yet**." *Id.* at 42:8-12 (emphasis added).

[3] When Smalls pressed back that the document had been produced by a different sponsor, and that CCI therefore could not seek to claw-back, Lukey responded, "[t]hat's why I have to read it, Dawn, because I have to see whether it relates to my client or potentially the other clients on the phone who may have issues with this. And they probably don't have the document in front of them." *Id.* at 42:15-21.

[4] The total exchange relating to the Zherka Exhibits, contained in three excerpts, encompassed approximately 16 pages in a 204 page transcript. Of those 16 pages, a little over half were encompassed by Lukey's questions and comments about the Zherka Exhibits, a little under half by Smalls and Valdivieso, and the small remainder by Reyes and AuPairCare's counsel, Thomas Quinn.

3

Plaintiffs' counsel represented that the documents had been used in multiple depositions previously, CCI's counsel responded, "**I have not had the opportunity to look at any of the transcripts you're talking about to verify, nor do I know who, if anyone, was on the phone in each instance.**" *Id.* at 65:21-22, 66:1-2 (emphasis added); *see also id.* at 64:15-17.

Very shortly after expressing the latter point, Lukey suggested that, "[a]t the end of the day, it's the court that tells us. And this in particular where it falls into an issue of privilege and work product and appears to fall under the purview of the magistrate judge's order, which is now an appeal . . . And I'm sure there is a way that this can be wrapped into the appeal so that the court knows about it." *Id.* at 69:13-22. Shortly thereafter, the parties agreed to proceed with the questioning regarding the Zherka Exhibits. *Id.* at 72:18-74:12. That examination was then conducted by Smalls.

The second, shorter, discussion occurred when the witness misidentified a CCI non-profit foundation as the DOS approved J-1 au pair sponsor, rather than CCI. When Lukey sought to clarify then, rather than engaging later in cross, an objection and colloquy followed of five minutes or less duration. *Id.* at 149:20-152:22; 154:5-155:15; Supp. Lukey Dec. ¶ 8. Although Smalls and Lukey each expressed brief frustration over the misnaming issue (Ex. 28 at 154:5-155:15) – a matter unrelated to the motion to compel or the Zherka Exhibits – the deposition proceeded without incident (*Id.* at 155:16-201:8), Lukey then briefly (three and a half pages) cross-examined regarding the misnaming (*Id.* at 201:12-204:13), and Smalls closed without redirect examination or any stated plan to reopen. *Id.* at 204:18-19. Counsel parted amicably with absolutely no suggestion that Lukey had been disruptive or unprofessional. Supp. Lukey Dec. ¶ 8.

4

**Misstatement #3:** "Because Cultural Care had waited until after the Zherka Documents were used in 7 depositions before clawing them back, associates and paralegals spent time scrubbing those transcripts, and work product derived from them in order to immediately comply with the Rules' clawback provisions. All team members had to search their emails and delete for the same. The fees and costs are significant, and should be taxed against Cultural Care now rather than at the time of judgment."   Reply 2 ¶3.

**Response:** *See* Cultural Care's initial Response (ECF No. 849) and supporting original Lukey Dec. with exhibits (ECF No. 849-1), all incorporated here by reference. CCI relied in good faith on a valid court order in issuing its clawback request on the night of February 6 in accord with the stipulated Protective Order.  ECF No. 694 ¶ 11. The clawback order was not effective until made by formal notice "in writing, specifically identifying the information by Bates number, deposition transcript page number . . . or other like manner" (*Id.*), which occurred at 8:15 p.m. ET (ECF No. 849-1, Ex. A at 3). CCI agreed to a less onerous protection outside the protective order at 11:19 a.m./ET the morning after the request, **2 hours and 19 minutes** into the business day.  ECF No. 849-1, Ex. A at 2.  Valdivieso confirmed that evening that Boies Schiller started the process upon receipt of the clawback confirmation (*Id.* at 1), which was at 8:15 p.m. ET/5:15 PT the evening before.  Plaintiffs' undefined or verified fees and costs could hardly have been significant in that abbreviated period.  No award is warranted in any event in light of CCI's good faith reliance on an existing Court Order.

## Conclusion

For the reasons stated herein, and in CCI's Response to Plaintiffs' Motion to Compel and for Relief under Rules 26 and 37 of the Federal Rules of Civil Procedure, CCI respectfully requests that Plaintiffs' Motion to Compel be denied as moot, and that sanctions and costs be denied as unwarranted.

5

Dated:  February 20, 2018.

Respectfully submitted,

*s/ Diane R. Hazel*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane R. Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

6

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on February 20, 2018, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

*s/ Diane R. Hazel*