# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

       Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

       Defendants.
_____

**SUPPLEMENTAL DECLARATION OF JOAN A. LUKEY, ESQ. IN SUPPORT OF SUR-REPLY OF CULTURAL CARE, INC.TO PLAINTIFFS' REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR RELIEF UNDER FEDERAL RULES OF CIVIL PROCEDURE 26 AND 37 (ECF NO. 856)**

      The Declarant Joan A. Lukey, being of the age of majority and of sound mind, swears to the truth of the following:

      1.     My name is Joan A. Lukey, and I am one of the attorneys for Defendant Cultural Care, Inc. ("CCI"). I submit this declaration for the sole purpose of responding to unfounded allegations made in Plaintiffs' Reply relating to my conduct and professionalism at the deposition of Ilir Zherka, the Executive Director of the Alliance.

      2.     I am submitting this Supplemental Declaration because I was stunned upon receiving the Reply and reading the accusations leveled at me regarding my purported conduct at that deposition. Although I recognized that there were some strained moments between Plaintiffs' counsel and the Alliance's counsel, I had absolutely no sense that Dawn Smalls or Juan Valdivieso, the two counsel present from Boies Schiller, took issue with my professionalism or my civility during or after that deposition. Indeed, I have attended many depositions with Ms. Smalls, and, while we

have had the normal give and take precipitated by objections in an adversarial setting, I do not sense that either of us has ever questioned the professionalism or civility of the other.   The signatory on the Reply, Sean Rodriguez, was not present at the deposition.

3. I am a partner in the Boston law firm Choate Hall & Stewart LLP where I chair the Complex Trial & Appellate Practice Group.  I have been a member of the Massachusetts Bar since September 3, 1974.  I am also a member of the Bar of the United States Supreme Court, and of the Bars of Colorado and New Hampshire.

3. Because my professionalism has been placed in question, I am compelled to provide my background.  In my forty-three and a half years in practice, I have never been disciplined, sanctioned, or reprimanded, orally or in writing, by any court or any Bar oversight board.  To the best of my memory, I have never previously been accused, and certainly not in a public filing, of disrupting, setting an improper tone, or otherwise interfering with the conducting of a deposition.  I pride myself on conducting myself with civility, while recognizing my obligations as a zealous advocate for my clients.  I believe I have a reputation for a high level of professionalism as recognized by our judicial and executive branches in my home state, including being appointed by the federal court in Boston to perform an ethics review with regard to whether to reinstate a lawyer who had been disbarred, serving as special counsel to the Commission on Judicial Conduct, serving as counsel to the Chief of the Massachusetts Trial Court/District Court Division with regard to a disciplinary matter, and serving twice as a Special Assistant Attorney General.   I also served as the Chair of the Federal Judicial Nominating Committee during John Kerry's tenure as the senior Senator from Massachusetts, and as a

2

member of the Supreme Judicial Court Nominating Committee for the Commonwealth of Massachusetts under Governor Charlie Baker.

4. I have been blessed to receive a number of awards, but none mean more to me than those bearing on my integrity and professionalism. These include the St. Thomas Moore Award given by the full university of Boston College, and the Founder's Award from Boston College Law School. Also included in this category is my election in 1991 to the American College of Trial Lawyers, an invitation-only national organization whose three key criteria are excellence in trial skills, collegiality, and the highest level of ethics and integrity. Over the years I rose to the position of President (the first woman) of that organization.

5. I conducted myself professionally and appropriately at the deposition at issue, i.e., the deposition of Ilir Zherka. I respectfully request that the Court view the video of that deposition (which I expect to receive shortly) should there be any question in that regard. Although Mr. Rodriguez states in the Reply that I "consumed much of the proceedings," I believe that my participation, including discussions relating to two objections and my brief cross examination, encompassed less than thirty minutes in a deposition lasting several hours. Beyond that I did nothing but to make one or two line objections and to read to those participating by phone the bates numbers on documents marked as exhibits if Plaintiffs' counsel forgot to do so.

6. The signatory to the Reply, Mr. Rodriguez, takes issue with my discussion with Ms. Smalls and Mr. Valdivieso, although they took no issue at the time, relating to whether the two Zherka Exhibits were privileged. The balanced colloquy that occurred

3

between myself, Ms. Smalls, and Mr. Valdivieso relating to the Zherka Exhibits occurred when (a) a document was presented to the witness in unredacted form that had only been produced in redacted form by the Alliance, (b) I had not previously seen the document and asked for time to review, (c) the unredacted excerpt appeared on its face to fall squarely within the privilege principles enunciated by Magistrate Judge Tafoya in her privilege Order, relating to a privilege that belonged to my client Cultural Care, and (d) I was told there were prior occasions of use of the document about which I had no knowledge and expressed the need to investigate. *See* Valdivieso Dec. Ex. 28 ("Ex. 28") at 42:8-53:22, 55:14-59:17, 65:17-66:16. I stated all of these points promptly and – although I do not yet have the video with which to confirm precise times – I would estimate that the colloquy encompassed no more than twelve to fifteen minutes roughly evenly divided between the two sides.

7. Shortly after the discussion referenced above, I suggested deferring the legal issue for this Court's consideration of Plaintiffs' then-pending appeal of Magistrate Judge Tafoya's privilege Order (*Id.* at 69:6-22), and I joined in an agreement to proceed with the use of the two exhibits at issue, subject to a strict confidentiality designation pending determination of the appeal. *Id.* at 73:18-74:12. The examination proceeded without issue, and Plaintiffs were not inhibited in concluding their examination pertaining to the Zherka Exhibits.

8. The only other colloquy in which I engaged, briefly (c. 5-7 minutes), related to the witness's mistaken identification of an affiliated charitable foundation, rather than CCI, as the State Department-approved au pair program sponsor. I attempted to clarify that error – which is not a disputed fact – immediately so that we

4

would not have to engage in cross-examination later. While Ms. Smalls and I expressed frustration with each other over whether I could clarify during her examination ( *Id.* at 149:20-152:20), we proceeded, and I clarified on cross-examination. *Id.* at 201:12-204:13. I parted amicably with Ms. Smalls and Mr. Valdivieso and had no sense that they considered me to have been in any way unprofessional or disruptive of the deposition. I was not.

9. I did not participate in the discussion as to whether the deposition would be reopened at a later date. That discussion occurred between Ms. Smalls and Ms. Reyes. *Id.* at 70:1-72:1. Indeed, many of the purported grievances asserted in the Reply appear to relate to issues that arose between Plaintiffs' counsel and the Alliance and its counsel, over whom I exercise no control (but whose professionalism and conduct I do not question).

10. I did nothing that prevented Plaintiffs' counsel from concluding that day, and, indeed, she did so at 5:40 p.m.

11. As is no doubt apparent, I am troubled by the allegations in the Reply and consider them to be unwarranted and inappropriate.

Signed under the pains and penalties of perjury this 20th day of February, 2018.

*s/ Joan A. Lukey*

5