No. 18-_____

IN THE UNITED STATES DISTRICT COURT OF APPEALS
FOR THE TENTH CIRCUIT

JOHANA PAOLA BELTRAN, *ET AL.*,

*Plaintiffs-Respondents,*

v.

AUPAIRCARE, INC.,

*Defendant-Petitioner.*

On Appeal from the United States District Court
for the District of Colorado
Case No. 1:14-cv-03074-CMA-KMT
Honorable Christine M. Arguello, District Judge

DEFENDANT/PETITIONER AUPAIRCARE, INC.'S PETITION FOR PERMISSION TO
APPEAL THE DISTRICT COURT'S GRANT OF CLASS CERTIFICATION

Thomas B. Quinn
Peggy E. Kozal
Nathan A. Huey
Jennifer Arnett-Roehrich
Gordon & Rees LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
tquinn@grsm.com
pkozal@grsm.com
nhuey@grsm.com
jarnett-roehrich@grsm.com

*Attorneys for Defendant-Petitioner AuPairCare, Inc.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed.R.App.P. 26.1, AuPairCare, Inc. states that it is 100% owned by Intrax, Inc., and that no publicly held company owns 10% or more of its stock.

## TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ....................................................i

TABLE OF CONTENTS........................................................................ ii

TABLE OF AUTHORITIES .................................................................. iii

INTRODUCTION ................................................................................1

STATEMENT OF FACTS.......................................................................2

QUESTIONS PRESENTED .....................................................................6

REASONS WHY THE APPEAL SHOULD BE APPROVED .............................7

I.  The District Court Lacked Jurisdiction to Certify the Rule 23(f) Class With Respect to All But One Cause of Action Asserted Against APC.....7

II.  In the Alternative, the District Court's Decision to Certify Subclasses of APC-sponsored Au pairs Was Manifestly Erroneous. ............................10

   A.  The District Court Committed Manifest Error in Finding that Harning and Jimenez Are Adequate Class Representatives.........10

   B.  The District Court Committed Manifest Error in Finding that Common Issues Predominate With Respect to Plaintiff's Subclass of APC-Sponsored Au Pairs Asserting Wage Loss Claims for Training in New Jersey..................................................................14

   C.  The District Court Committed Manifest Error in Finding that Common Issues Predominate With Respect to Plaintiff's State Law Claims. ......................................................................15

RELIEF REQUESTED...........................................................................18

CERTIFICATE OF COMPLIANCE.............................................................19

CERTIFICATE OF SERVICE...................................................................20

## TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE**

*Basile v. H & R Block, Inc.*, 52 A.3d 1202 (Pa. 2012) ......................................13, 16

*Bostain v. Food Exp., Inc.,* 153 P.3d 846 (Wash. 2007)................................... 14-15

*Baxi v. Ennis Knupp & Assocs., Inc.,* No. 10-cv-6346, 2011 WL 3898034
(N.D. Ill. 2011)........................................................................................................14

*Beck v. Maximus, Inc.*, 457 F.3d 291 (3rd Cir. 2006)....................................... 13-14

*CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076
(10th Cir. 2014)................................................................................................. 16-17

*Collier v. Real Time Staffing Servs.*, Case No. 11 C 6209, 2012 WL 1204715
(N.D. Ill. 2012)..........................................................................................................8

*Dow v. Casale,* 989 N.E.2d 909 (Mass. App. Ct. 2013).........................................15

*Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371 (10th Cir. 1990) .................9

*Friedrich v. U.S. Comput. Sys., Inc.,* No. 90-1615, 1996 U.S. Dist. LEXIS 775
(E.D. Pa. 1996)........................................................................................................14

*Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470 (10th Cir. 2006)......................8

*Kelley v. Mid-Am. Racing Stables, Inc.*, 139 F.R.D. 405 (W.D. Okla. 1990) .........11

*Maez v. Chevron Texaco Corp.,* No. C 04-00790 JSW, 2005 WL 1656908
(N.D. Cal. 2005)......................................................................................................14

*McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158 (10th Cir. 2005)........7, 8, 9

*Paramedica Electromedicina Comercial Ltda. v. GE Med. Sys. Info. Techs.*,
Case No. 02 Civ. 9369, 2003 U.S. Dist. LEXIS 26928 (S.D.N.Y. 2003) .................9

*Senne v. Kan. City Royals Baseball Corp.*, 315 F.R.D. 523 (N.D. Cal. 2016)........15

CASES                                                                                          PAGE

*Senne v. Kan. City Royals Baseball Corp.*, 2017 WL 897338
(N.D. Cal. 2017).....................................................................................................15

*Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990) ...................................................8

*Vallario v. Vandehey*, 554 F.3d 1259 (10th Cir. 2009) .............................................7

*Weinstein v. Am. Biomaterials Corp.*, 123 F.R.D. 442 (S.D.N.Y. 1988) ...............12

*Welling v. Alexy*, 155 F.R.D. 654 (N.D. Cal. 1994) .................................................12

*Williams v. Terra Energy, Ltd.*, 2006 Mich. App. Lexis 2309 (2006) .............13, 16


STATUTES

22 C.F.R. § 62.31 ........................................................................................................3

Mutual Education and Cultural Exchange Act of 1961,
22 U.S.C. § 2451-2464 ...............................................................................................3


Ca. Labor Code § 1182.12 ........................................................................................15


COURT RULES

Fed. R. App. P. 8........................................................................................................18

Fed. R. Civ. P. 23 .............................................................................................4, 6, 7, 18


TREATISES

C. Wright, *et al.*, 7A *Federal Practice & Procedure* §1766 (1986) .......................11

## INTRODUCTION

The district court exceeded its jurisdiction and committed manifest error in certifying several national and statewide classes involving claims against AuPairCare, Inc. ("APC") by *au pairs* who were sponsored by APC. APC has taken the position in the court below that the claims of APC-sponsored *au pairs* are subject to mandatory arbitration. When the district court denied APC's motion to compel arbitration, APC timely appealed that decision to this Court pursuant to the Federal Arbitration Act. As a result of APC's appeal, the district court was divested of jurisdiction over the claims of APC-sponsored au pairs who assert claims against APC and it therefore lacked authority to certify classes and/or subclasses by such plaintiffs against APC.[1] It was manifestly erroneous for the district court to do so and APC should be permitted to pursue an interlocutory appeal pursuant to Rule 23(f).

In the alternative, to the extent this Court concludes that the district court had authority to certify classes against APC (and it did not), appeal still should be permitted because the district court's order granting class certification is based on significant errors of law and unsupported findings of fact. The district court

---

[1] Even though claims in the district court are stayed as to APC, out of an abundance of caution and to avoid waiving its opportunity to appeal, APC has joined other defendants in a simultaneously filed Rule 23(f) petition that seeks permission to appeal the district court's certification of antitrust, RICO, and sixteen state-based classes and subclasses. APC files this separate petition in order to raise issues that are unique to APC.

committed manifest error by concluding that the putative representatives of the classes certified against APC are adequate where each is subject to unique defenses. It also erred in concluding that common issues predominate with respect to Plaintiffs' many state law claims against APC where individual legal and factual issues, including proof of reliance, abound.

For the reasons set forth herein, APC respectfully requests that this Court grant its petition for permission to appeal the district court's order granting class certification.

### STATEMENT OF FACTS

Plaintiff Johana Beltran ("Beltran"), a former *au pair* sponsored by APC's co-defendant, InterExchange, Inc., filed suit in the United States District Court for the District of Colorado on November 13, 2014. ECF. No. 1. Plaintiffs filed their Second Amended Complaint, which remains the operative complaint, on October 17, 2016. ECF No. 395. It asserts federal claims for violations of Antitrust laws, the Racketeering Influenced and Corrupt Organizations Act ("RICO"), and the Fair Labor Standards Act ("FLSA"), along with state law claims for breach of fiduciary duty, negligent misrepresentation, and constructive fraud, among others. *Id.* at 7. The Second Amended Complaint added former *au pairs* Julianne Harning ("Harning") and Laura Mejia-Jimenez ("Jimenez") as plaintiffs. *Id.* at 8-9.

Harning and Jimenez were the first (and only) *au pairs* formerly sponsored by APC to join the action.

The *au pair* program arises from a J-1 visa program operated by the U.S. Department of State ("State Department") and is carried out under the authority of the Mutual Education and Cultural Exchange Act of 1961, 22 U.S.C. § 2451-2464. With respect to the *au pair* program, foreign nationals between ages 18 and 26, with secondary school educations and proficiency in English, live with host families for one year as childcare providers in exchange for room, board, and a stipend from their host families. *See* 22 C.F.R. § 62.31(c)(1), (d)(1)-(5).

The State Department operates the *au pair* program by designating entities such as APC to act as sponsors. ECF No. 395 at 2. The sponsors are authorized to facilitate the placement of *au pairs* with host families in the United States, and any foreign national seeking an *au pair* position in the United States must be sponsored. *Id.* at 11. Defendants in the action below are sponsors who help facilitate the *au pair* program. Plaintiffs allege, among other things, that all of the Sponsors conspired to fix the stipend paid by host families to au pairs at $195.75 per week, in violation of Section 1 of the Sherman Act. *See* ECF No. 395 at ¶ 570. Additionally, Plaintiffs allege that a weekly payment of $195.75 violates state and federal minimum wage laws, and that the Sponsors—rather than the host families

who pay the stipend to au pairs—are liable to the au pairs as joint-employers. *Id.* at ¶¶ 599, 604, 611.

APC filed a Motion to Compel Arbitration and Dismiss or, Alternatively, Stay Lawsuit on November 10, 2016. ECF No. 431. In support, APC invoked the mandatory arbitration and forum selection provisions of the contracts the two APC-sponsored *au pairs* – Harning and Jimenez – signed with APC in 2013 and 2014, respectively. ECF No. 431. The case continued to proceed against all defendants while the district court considered APC's motion to compel arbitration.

On June 3, 2017, Plaintiffs moved for certification of several nationwide and statewide classes pursuant to Fed.R.Civ.P. 23. ECF No. 559. Plaintiffs sought certification of numerous classes, including but not limited to nationwide antitrust and RICO classes against various defendants, a nationwide "training" class of *au pairs* who allegedly "were subjected to unpaid training in New Jersey" by APC, a nationwide class asserting state law claims against certain defendants, and subclasses of both Michigan and Pennsylvania APC-sponsored *au pairs* asserting state law claims against APC. ECF No. 559 at 3; *see also* ECF No. 559-1. The sponsor defendants filed a joint opposition to Plaintiff's motion for class certification on July 17, 2017 [ECF No. 603], and APC filed a separate opposition

that same day.[2]   ECF No. 602.   APC's separate brief in opposition to class certification focused on Plaintiffs' proposed Michigan and Pennsylvania state law subclasses of APC-sponsored au pairs, as well as their proposed nationwide subclass of APC-sponsored *au pairs* who allegedly underwent unpaid training in New Jersey.   ECF No. 602.   APC's opposition also pointed out that Harning and Jimenez are inadequate class representatives because their claims are subject to mandatory arbitration.   ECF No. 602 at 8 n. 5.

On September 21, 2017, the district court denied APC's motion to compel arbitration.   ECF No. 705.   APC filed its Notice of Appeal on October 11, 2017 [ECF No. 723], and filed a motion to stay in the district court pending its appeal of the district court's arbitration ruling the next day, on October 12, 2017.   ECF No. 726.   The district court granted in part and denied in part APC's motion to stay on November 15, 2017.   ECF No. 756.   The district court explicitly granted APC's motion to stay with respect to all claims against APC asserted by APC-sponsored *au pairs*.   *See* ECF No. 756 at 7, 13.   The only claim against APC that the district court did not stay was the antitrust claim asserted by non-APC-sponsored *au pairs*. *Id*. at 13.   APC filed the opening brief in support of its appeal of the district court's order denying arbitration on December 4, 2017.   That appeal currently is pending in this Court as Case No. 17-1359.

---

[2] Several other defendants likewise filed separate oppositions.   *See generally* ECF Nos. 604-614.

The district court granted in part and denied in part Plaintiff's motion for class certification on February 2, 2018.  ECF No. 828.  (**Exhibit A**).  The district court denied Plaintiffs' request for a nationwide state-claim class [*id*. at 13-16, 37], but certified every other class that Plaintiffs requested.  *Id*. at 34-37.  The certified classes include, but are not limited to: nationwide antitrust and RICO classes that include APC-sponsored *au pairs* asserting claims against APC, a New Jersey subclass of all persons subjected to unpaid training by APC in New Jersey, a subclass of APC-sponsored *au pairs* who served as *au pairs* in Michigan, and a subclass of APC-sponsored *au pairs* who served as *au pairs* in Pennsylvania.  ECF No. 828 at 34-37.

## QUESTIONS PRESENTED

1.      Whether the District Court erred in granting Plaintiffs' Motion for Class Certification pursuant to Fed.R.Civ.P. 23 as to APC in light of the stay of proceedings against APC pending resolution of its appeal of the District Court's Order denying APC's motion to compel arbitration?

2.      Whether the District Court erred by failing to rigorously analyze the elements and issues implicated by Plaintiffs' request to certify certain subclasses against APC?

### REASONS WHY THE APPEAL SHOULD BE ALLOWED

Pursuant to Fed. R. Civ. P. 23(f), this Court may permit an interlocutory appeal from orders either granting or denying class certification based on "any consideration" it "find[s] persuasive." *Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009). This Court has "unfettered" discretion to grant a petition under Rule 23(f), but traditionally grants review of certification decisions that "involve an unresolved issue of law relating to class actions that is likely to evade end-of-case review" or where the certification decision is "manifestly erroneous," especially where, as here, reversal will spare "the parties from a long and costly trial that is potentially for naught." *Vallario*, 554 F.3d at 1262-64. These circumstances are present here.

## I.    The District Court Lacked Jurisdiction to Certify the Rule 23(f) Class With Respect to All But One Cause of Action Asserted Against APC.

APC's Rule 23(f) petition should be granted, first and foremost, because the district court lacks jurisdiction over APC with respect to claims by APC-sponsored *au pairs* during the pendency of APC's appeal of the district court's order denying arbitration. The district court's disregard for its lack of jurisdiction over APC is manifestly erroneous.

As this Court has explained, "a district court is divested of jurisdiction while a non-frivolous § 16(a) motion is pending." *McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158, 1162 (10th Cir. 2005). This divestiture of jurisdiction

occurs "upon the filing of a non-frivolous § 16(a) appeal." *Id.* at 1160. *See also Stewart v. Donges*, 915 F.2d 572, 577-78 (10th Cir. 1990) ("Once a notice of appeal on an appealable issue such as qualified immunity is filed, the status quo is that the district court has lost jurisdiction to proceed."), *relied upon by McCauley*, 413 F.3d at 1161-62. When a district court loses jurisdiction pending a § 16(a) appeal, and a motion to certify a Rule 23 class is pending before it, the appropriate action for the court to take is to dismiss the motion to certify without prejudice, with leave to reinstate if the class claims eventually proceed in the district court. *See Collier v. Real Time Staffing Servs.*, Case No. 11 C 6209, 2012 WL 1204715 (N.D. Ill., Apr. 11, 2012) (granting defendant's motion to compel arbitration, and denying without prejudice and with leave to reinstate the motion to certify a class "should the class claims proceed in this court").

The district court recognized that upon the filing of a non-frivolous § 16(a) appeal, the district court is "automatically and immediately" divested of jurisdiction. Order, Dkt. No. 756, at 5-6 (quoting *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 474 (10th Cir. 2006)). The district court found that APC's appeal of the denial of its motion to compel arbitration was not frivolous. *Id.* at 7. As such, as the district court correctly held, "the [district] Court has been automatically divested of its jurisdiction over APC Plaintiffs' FLSA claim against APC." *Id.* at 7. The district court also stayed all other claims by APC-sponsored

*au pairs* against APC pending this Court's decision on APC's § 16(a) appeal [ECF No. 756], which currently is pending as pending Case No. 17-1359.  The only claim that was not stayed against APC was the single antitrust claim asserted by non-APC *au pairs* against APC.  Nevertheless, the district court certified Rule 23 classes by APC-sponsored *au pairs* against APC – without any mention of the current stay pending appeal.

Because the district court has been divested of jurisdiction over the claims brought by *au pairs* who were sponsored by APC, the district court lacked jurisdiction to certify a Rule 23 class against APC, except as to the antitrust claim asserted by non-APC *au pairs*.  *See Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 372-73 (10th Cir. 1990) (holding, in bankruptcy context, that district court lacked jurisdiction to enter summary judgment during stay of proceedings, and that ruling was therefore void).  The danger in having the class against APC proceed, simultaneous with APC's appeal of the district court's denial of its motion to compel arbitration, is that inconsistent rulings could result.  *See*, *e.g.*, *McCauley*, 413 F.3d at 1162 ("Indeed, continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." (citation omitted)); *Paramedica Electromedicina Comercial Ltda. v. GE Med. Sys. Info. Techs.*, Case No. 02 Civ. 9369, 2003 U.S. Dist. LEXIS 26928, at *38 (S.D.N.Y. June 4, 2003) (finding that party would be

irreparably harmed, due to possibility of conflicting judgments, if claims were to proceed in two fora).  When the district court certified Rule 23 classes by APC-sponsored *au pairs* against APC, it ignored that jurisdiction to do so is lacking, violated its own stay, and raised the very real possibility of inconsistent rulings and wasted resources.

The certification of Rule 23 classes of APC-sponsored *au pairs* asserting claims against APC was manifestly erroneous because the district court lacked jurisdiction and violated its own stay in doing so.  APC should be permitted to appeal on that basis alone.

## II.   In the Alternative, the District Court's Decision to Certify Subclasses of APC-sponsored *Au pairs* Was Manifestly Erroneous.

To the extent the district court had jurisdiction sufficient to justify its certification of subclasses of APC-sponsored *au pairs* asserting claims against APC—and it did not—a grant of APC's petition for permission to appeal is necessary because the district court committed manifest errors in certifying those subclasses.

### A.   The District Court Committed Manifest Error in Finding that Harning and Jimenez Are Adequate Class Representatives.

The district court committed manifest error in finding that Harning and Jimenez (the two named plaintiffs sponsored by APC) are adequate class representatives.   Indeed, the district court's finding was based solely on its

10

observation that "Plaintiffs state that there are no conflicts of interest among proposed representatives, counsel, and potential members" and that "Defendants fail to present evidence to the contrary." ECF No. 828 at 17. Though the district court acknowledged in passing APC's argument that Harning and Jimenez are not "suited to the task of representing the interests of Plaintiffs' proposed subclasses," it then erroneously asserted that this argument was "not substantiated with factual allegations or citations to the record." ECF No. 828 at 17. These findings are in error for at least two reasons.

First, the district court is wrong to suggest that the adequacy of putative class representatives is merely a question of whether there are "conflicts of interest." As APC pointed out in its opposition to class certification, ECF No. 602 at 7, adequacy also requires an "'inquiry into the knowledge of the representative…to ensure that the parties are not simply lending their names to a suit controlled entirely by the class attorney.'" *Kelley v. Mid-Am. Racing Stables, Inc.*, 139 F.R.D. 405, 410 (W.D. Okla. 1990) (quoting C. Wright, *et al.*, 7A *Federal Practice & Procedure* §1766 (1986)) (if representative has "lack of knowledge or understanding concerning what the suit is about, then the court may conclude that Rule 23(a)(4) is not satisfied").

Second, and contrary to the district court's claim, APC's opposition to class certification included numerous references to the record in support of its position

that Harning and Jimenez are inadequate class representatives for numerous reasons, including because their claims are subject to mandatory arbitration. ECF No. 602 at 8 n. 5. For example, APC pointed out that Harning could not remember basic and critical information such as: (1) how often she was required to work more than 45 hours per week during her time in Virginia; (2) how often she was paid for work beyond 45 hours; (3) why she decided to sign up for the au pair program; and (4) whether she ever received promotional materials from APC. ECF. No.602 at 9-10. Harning's supposed inability to recall such basic facts that are relevant to the core of Plaintiffs' claims presents a serious credibility issue and undermines her adequacy as a class representative.[3] *Weinstein v. Am. Biomaterials Corp.*, 123 F.R.D. 442, 466 (S.D.N.Y. 1988) (denying class certification motion where plaintiff's "credibility is subject to serious question and serious doubt"). It likewise undermines any claim by Plaintiffs that she would be capable of providing the appropriate "check on the otherwise unfettered discretion of counsel in prosecuting the suit." *Welling v. Alexy*, 155 F.R.D. 654, 659 (N.D. Cal. 1994). The district court committed manifest error by disregarding the applicable law, as well the extensive record cited by APC in its opposition to class certification, both

---

[3] APC's opposition also included extensive citations to the record demonstrating Jimenez's lack of relevant knowledge and inadequacy as a class representative. ECF No. 602 at 11-12.

of which demonstrate the inadequacy of Harning and Jimenez to serve as class representatives.

The district court failed to consider that Harning and Jimenez—who wish to represent a subclasses of Michigan and Pennsylvania au pairs sponsored by APC, respectively—are inadequate because they testified that the stipend was not among their reasons for joining the *au pair* program. ECF No. 602 at 10-11. Both Michigan and Pennsylvania require a showing of reliance in order to prevail on fraud and misrepresentation claims, which are causes of action asserted by the state law subclasses. *See*, *e.g.*, *Basile v. H & R Block, Inc.*, 52 A.3d 1202, 1211-12 (Pa. 2012); *Williams v. Terra Energy, Ltd.*, No. 260725, 2006 Mich. App. Lexis 2309, at *21 (July 25, 2006). Nor did the district court acknowledge that the statute of limitations on Harning's Michigan claim for unpaid wages expired in June 2012, approximately four and a half years *before* Harning joined the lawsuit as a putative class representative. ECF No. 602 at 10.

Courts regularly hold that adequacy is destroyed by defenses unique to a named plaintiff because the putative representative might devote time and effort to the defense at the expense of issues that are common and controlling for the class. *See Beck v. Maximus, Inc.*, 457 F.3d 291, 296-97 (3rd Cir. 2006) (collecting cases). Because a "class representative should 'not be permitted to impose such a

disadvantage on the class,'" it was manifest error for the district court to conclude that Harning and Jimenez are adequate class representatives. *Id.*

**B.      The District Court Committed Manifest Error in Finding that Common Issues Predominate With Respect to Plaintiff's Subclass of APC-Sponsored Au Pairs Asserting Wage Loss Claims for Training in New Jersey.**

The district court also erred by concluding, in summary fashion, that "common issues predominate in the resolution of the Training Classes' wage-and-hour claims." ECF No. 828 at 26. In doing so, the district court relied solely and uncritically on the notion that "[q]uestions common to the Training Classes that bear on their claims, such as whether the states' wage-and-hour laws require employees to be paid for training time and, if so, the amount of class members' damages, will predominate." ECF. No. 828 at 26. The district court's limited analysis wholly ignores the issues raised in APC's opposition to class certification.

For example, members of the putative subclass of APC-sponsored *au pairs* who underwent training in New Jersey went on to serve as *au pairs* in 31 separate states. ECF No. 602 at 6.[4] Most of these states apply their own state laws to

---

[4]   *See also Maez v. Chevron Texaco Corp.,* No. C 04-00790 JSW, 2005 WL 1656908, at *3 (N.D. Cal. July 13, 2005) (if employment relationship has a sufficient nexus to California, then employee subject to California law even when not physically performing in-state work); *Friedrich v. U.S. Comput. Sys., Inc.,* No. 90-1615, 1996 U.S. Dist. LEXIS 775, at *22 (E.D. Pa. Jan. 22, 1996) (Pennsylvania Minimum Wage Act applied to plaintiffs who worked in various other states); *Baxi v. Ennis Knupp & Assocs., Inc.,* No. 10-cv-6346, 2011 WL 3898034, at *15 (N.D. Ill. Sept. 2, 2011); *Bostain v. Food Exp., Inc.,* 153 P.3d 846,

14

employee wage claims when those employees perform work or training outside that state's borders, *id*., and the applicable state laws vary substantially. *Id*. at 6-7. For example, California employees with no previous experience in a job are subject to a minimum wage *exception* during their first 160 hours of work. *Id*. at 6-7; Ca. Labor Code § 1182.12.

It was manifestly erroneous for the district court to find predominance based on the presence of a single common issue when the subclass of APC-sponsored *au pairs* who underwent training in New Jersey will, at a minimum, require application of 31 state laws to the *au pairs*' claims. *See*, *e.g.*, *Senne v. Kan. City Royals Baseball Corp.*, 315 F.R.D. 523, 578 (N.D. Cal. 2016), *on reconsideration in part*, No. 14-cv-00608-JCS, 2017 WL 897338, at *37 (N.D. Cal. Mar. 7, 2017) ("choice of law questions that are likely to arise in connection with Florida and Arizona [spring training] classes defeat the predominance requirement as to those classes").

### C.   The District Court Committed Manifest Error in Finding that Common Issues Predominate With Respect to Plaintiff's State Law Claims.

The district court similarly erred in finding that common issues predominate with respect to Plaintiffs' state law claims. For example, with respect to the fraud

---

852-58 (Wash. 2007) (Washington has interest in applying its wage and hour laws regardless of employee's actual work location); *Dow v. Casale,* 989 N.E.2d 909, 914-15 (Mass. App. Ct. 2013) (Massachusetts' interest in applying its wage and hour laws contingent upon location of the employer, not situs of work performed).

and misrepresentation claims asserted by the training classes, the district court simply observed, in conclusory fashion, that "[a]ll members of the proposed Training Classes were allegedly defrauded by the same misrepresentations…and all raise tort claims that accrued in the same state (New Jersey, New York, or Florida) under the same circumstances (required, unpaid training)." ECF No. 828 at 27. The district court committed manifest error by failing even to address the myriad individualized factual issues, such as reliance and causation, that would require adjudication on an individual basis.

Again, both Michigan and Pennsylvania, two states for which the district court certified state law subclasses by APC-sponsored *au pairs* asserting claims against APC, require individualized showings of reliance when plaintiffs assert claims for fraud and misrepresentation. *See*, *e.g.*, *Basile*, 52 A.3d at 1211-12 (affirming Pennsylvania trial court's denial of certification of fraud and negligent misrepresentation claims based on individual issues of reliance); *Terra Energy*, 2006 Mich. App. Lexis 2309, at *21 (declining motion for class certification of plaintiffs' claims alleging fraud and misrepresentation, reasoning these claims "are not appropriate for determination in a class action because such claims require individual proof of reliance").

To the extent the district court based its finding of predominance on the Tenth Circuit's holding, in *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d

16

1076, 1089 (10th Cir. 2014), that there can be a class-wide "inference of reliance" where "the behavior of plaintiffs…cannot be explained in any way other than reliance upon the defendant's conduct," ECF No. 828 at 24, that finding is erroneous for the simple reason that there *are* other explanations for plaintiffs' behavior.

Harning, for example, made clear that she did not join the au pair program for the stipend.  ECF No. 602 at 5.  Indeed, she testified that she joined the program "to see the United States" because serving as an au pair "was a pretty cheap option" for doing so.  *Id.*  And Jimenez similarly testified *not* that she relied upon APC's marketing materials or statements when deciding to join the program, but rather that she spoke to "friends who had already been au pairs" because she was "looking for a way to study English in a foreign country."  ECF No. 602 at 5-6.  In fact, one of her "very best friends" (sponsored by co-defendant Cultural Care, not APC) is the one who first told her about the au pair program in the United States, including about the educational component, required hours, and compensation.  *Id.*  Her "main reason" for joining the au pair program was to learn English and to "have the experience," and she testified that she would have joined the program even if the weekly stipend was only $175.

The district court committed manifest error by ignoring such factual issues, which would overwhelm any common questions.

17

## RELIEF REQUESTED

Based on the foregoing, APC respectfully requests the Court grant its Petition for Appeal, order briefing and oral argument on the merits, vacate the Class Certification Order as to APC, and remand the case with instructions to the District Court that class certification as to claims by APC-sponsored au pairs against APC was improper. APC further requests the Court issue an Order staying further proceedings in the District Court as to APC pending the outcome of this appeal pursuant to Fed. R. Civ. P. 23(f) and Fed. R. App. P. 8(a)(2).

DATED this 16th day of February, 2018.

Respectfully submitted,

*/s/ Thomas B. Quinn*
Thomas B. Quinn
GORDON & REES LLP
555 17th Street, Suite 3400
Denver, CO 80202
(303) 534-5160
tquinn@gordonrees.com

*Attorney for Defendant-Petitioner*
*AuPairCare, Inc.*

18

**CERTIFICATE OF COMPLIANCE PURSUANT TO F.R.A.P. 5(C) AND 32(A)(C)(2)**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 5(c) because it contains 4,353 words, exclusive of the caption, certificate of compliance, the proof of service, and the accompanying documents required by Rule 5(b)(1)(E).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman fourteen (14) point font.

*/s/ Thomas B. Quinn*
Thomas B. Quinn
GORDON & REES LLP
555 17th Street, Suite 3400
Denver, CO 80202
(303) 534-5160
tquinn@gordonrees.com

*Attorney for Defendant-Petitioner*
*AuPairCare, Inc.*

19

## CERTIFICATE OF SERVICE

The undersigned does hereby certify pursuant to Fed.R.App.P. 25 that on this 16th day of February, 2018, a true and correct copy of the foregoing **PETITION FOR PERMISSION TO APPEAL THE DISTRICT COURT'S GRANT OF CLASS CERTIFICATION** was served via the ECF Court filing system to:

Lauren F. Louis
Sigrid S. McCawley
Sabria McElroy
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua Libling
Juan P. Valdivieso
Byron Pacheco
BOIES SCHILLER & FLEXNER, LLP
llouis@bsfllp.com
smccawley@bsfllp.com
smcelroy@bsfllp.com
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
srogriguez@bsfllp.com
jlibling@bsfllp.com
jvaldivieso@bsfllp.com
bpacheco@bsfllp.com

*and*

Alexander N. Hood
TOWARDS JUSTICE – DENVER
alex@towardsjustice.org

*Attorneys for Plaintiffs*

20

Brooke A. Colaizzi
Raymond M. Deeny
Heather F. Vickles
Joseph H. Hunt
Alyssa L. Levy
SHERMAN & HOWARD, LLC
bcolaizzi@shermanhoward.com
rdeeny@shermanhoward.com
hvickles@shermanhoward.com
jhunt@shermanhoward.com
alevy@shermanhoward.com

*Attorneys for Defendant InterExchange, Inc.*

William J. Kelly, III
Chanda M. Feldkamp
KELLY & WALKER, LLC
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com

*Attorneys for Defendant USAuPair, Inc.*

Meshach Y. Rhoades
Martin J. Estevao
Vance Orlando Knapp
ARMSTRONG TEASDALE, LLP
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com
vknapp@armstrongteasdale.com

*Attorneys for Defendant GreatAuPair, LLC*

Bogdan Enica
BOGDAN ENICA, ATTORNEY AT LAW
bogdane@hotmail.com

*Attorney for Defendant Expert Group International, Inc. d/b/a Expert AuPair*

21

David B. Meschke
Martha L. Fitzgerald
BROWNSTEIN HYATT FARBER SCHRECK, LLP
dmeschke@bhfs.com
mfitzgerald@bhfs.com

*Attorneys for Defendant EurAupair InterCultural Child Care Programs*

James E. Hartley
Adam A. Hubbard
Jonathan S. Bender
HOLLAND & HART, LLP
jhartley@hollandhart.com
aahubbard@hollandhart.com
jsbender@hollandhart.com

*Attorneys for Defendant Cultural Homestay International*

Brian A. Birenbach
RIETZ LAW FIRM, LLC
brian@rietzlawfirm.com

  *and*

Kathryn A. Reilly
Grace A. Fox
Natalie West
WHEELER TRIGG O'DONNELL, LLP
reilly@wtotrial.com
fox@wtotrial.com
west@wtotrial.com

*Attorneys for Defendants Au Pair International, Inc.; American Cultural Exchange, LLC d/b/a GoAuPair*

Kathryn A. Reilly
Grace A. Fox
Natalie West
WHEELER TRIGG O'DONNELL, LLP
reilly@wtotrial.com
fox@wtotrial.com
west@wtotrial.com

*Attorney for Defendant Agent Au Pair*

Lawrence L. Lee
Susan M. Schaecher
FISHER & PHILLIPS, LLP
llee@laborlawyers.com
sschaecher@laborlawyers.com

*and*

John B. Fulfree
Joseph B. Cartafalsa
Robert M. Tucker
Stephen J. Macri
PUTNEY, TWOMBLY, HALL & HIRSON, LLP
jfulfree@putneylaw.com
jcartafalsa@putneylaw.com, jbc54@cornell.edu
rtucker@putneylaw.com, robert.m.tucker1@gmail.com
smacri@putneylaw.com

*Attorneys for Defendants APF Global Exchange, NFP d/b/a Aupair Foundation;*
*American Institute for Foreign Study d/b/a Au Pair in America*

Eric J. Stock
GIBSON, DUNN & CRUTCHER LLP
estock@gibsondunn.com
mao@gibsondunn.com

*Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in America*


Lawrence D. Stone
Kathleen E. Craigmile
NIXON SHEFRIN HENSEN OGBURN, P.C.
lstone@nixonshefrin.com
kcraigmile@nixonshefrin.com

*Attorneys for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair; 20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange*

Joan A. Lukey
Robert M. Buchanan, Jr.
Michael T. Gass
Justin J. Wolosz
Lyndsey M. Kruzer
Kevin P. O'Keefe
CHOATE, HALL & STEWART, LLP
joan.lukey@choate.com
rbuchanan@choate.com
mgass@choate.com
jwolosz@choate.com
lkruzer@choate.com
kokeefe@choate.com

*and*

Diane R. Hazel
James M. Lyons
Jessica L. Fuller
LEWIS ROCA ROTHGERBER CHRISTIE LLP
dhazel@lrrc.com
jlyons@lrrc.com
jfuller@lrrc.com

*Attorneys for Defendant Cultural Care, Inc.  d/b/a Cultural Care Au Pair*

*/s/ Thomas B. Quinn*
Thomas B. Quinn
GORDON & REES LLP
555 17th Street, Suite 3400
Denver, CO 80202
(303) 534-5160
tquinn@gordonrees.com

*Attorney for Defendant-Petitioner*
*AuPairCare, Inc.*

25