IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ, and
SARAH CAROLINE AZUELA RASCON,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., d/b/a Expert AuPair,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC., d/b/a Cultural Care Au Pair,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, d/b/a Au Pair Foundation,
AMERICAN INSTITUTE FOR FOREIGN STUDY, d/b/a Au Pair in America,
AMERICAN CULTURAL EXCHANGE, LLC, d/b/a GoAuPair,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC, d/b/a ProAuPair,
20/20 CARE EXCHANGE, INC., d/b/a The International Au Pair Exchange,
ASSOCIATES IN CULTURAL EXCHANGE, d/b/a GoAu Pair, and
GOAUPAIR OPERATIONS, LLC,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND FOR RELIEF (DOC. # 842)

This matter is before the Court on Plaintiffs' Motion to Compel and For Relief Under Federal Rules of Civil Procedure 26 and 37 (the "Motion to Compel"). (Doc. # 842.) Plaintiffs challenge Defendant Cultural Care, Inc.'s clawing back of documents written by Ilir Zherka (the "Zherka Documents"), the Executive Director of the Alliance for International Exchange ("the Alliance"). (*Id.* at 1.) For the reasons discussed below, the Court grants in part and denies in part Plaintiffs' Motion to Compel.

### I.   BACKGROUND

The Zherka Documents are hand-written notes from teleconferences between the Alliance and several Defendants. (*Id.*) According to Plaintiff, they "confirm Defendants' coordination and intent not to compete on *au pair* wages." (*Id.*) The Zherka Documents were produced without redaction by three other Defendants and were used in at least seven depositions at which Defendant Cultural Care was present. (*Id.* at 2–3.) However, during the deposition of Zherka on January 29, 2018, Plaintiffs assert that Defendant Cultural Care "disrupted" the deposition with "incredible" new privilege claims. (*Id.*)

Plaintiffs filed the Motion to Compel now before the Court on February 10, 2018. (*Id.* at 16.) Plaintiffs argue that the Zherka Documents could never have been privileged and that any privilege that could have applied was waived long ago. (*Id.* at 4–5.) Plaintiffs request an award of attorneys' fees and costs, blaming Defendant Cultural

Care for causing "even more filings without cause over an already over-litigated case." (*Id*. at 5.)

On February 12, 2018, this Court issued an Order (the "February 12 Order") Reversing in Part the Magistrate Judge's Order (Doc. # 763) on Plaintiffs' other, related Motion to Compel (Doc. # 710). (Doc. # 843.) This Court ordered the Alliance to produce seventy-seven pages of its communications without redactions because it concluded that the Alliance's documents were protected by neither work product privilege nor attorney-client privilege. (*Id.* at 14.)

In light of this Court's February 12 Order, Defendant Cultural Care concedes that it now "has no remaining bases on which to oppose Plaintiffs' Motion [to Compel.]" (Doc. # 849 at 1.) It requests that the Court deny Plaintiffs' request for attorneys' fees and costs, rejecting Plaintiffs' "unfounded mischaracterizations" of it and its counsel's conduct as untrue and "unproductive." (*Id.* at 3.)

Plaintiffs replied in support of their request for attorneys' fees and costs on February 16, 2018. (Doc. # 856.) With the Court's leave, *see* (Doc. # 897), Defendant Cultural Care filed a surreply to further dispute Plaintiffs' assertions on February 20, 2018, *see* (Doc. # 893-1).

## II.  ANALYSIS

### A.  PRODUCTION OF THE ZHERKA DOCUMENTS

This Court explained at length the law relevant to this Motion to Compel in its February 12 Order. *See* (Doc. # 843.) That explanation is incorporated herein by reference. As Plaintiffs and Defendant Cultural Care now agree, the Zherka Documents

are **not** privileged communications. See (Doc. # 849 at 1; Doc. # 856 at 1). The Court therefore grants in part Plaintiffs' Motion to Compel and orders the Alliance to produce the Zherka Documents without redaction.

**B.    ATTORNEYS' FEES AND COSTS**

Federal Rule of Civil Procedure 37 governs costs and fees related to discovery disputes. Where, like here, a motion to compel disclosure or discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court "must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*. (emphases added). Substantial justification requires that an argument or response is "justified to a degree that could satisfy a reasonable person," but it need not be correct. *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988). *See also Peterson v. Hantman*, 227 F.R.D. 13, 16 (D.D.C. 2005) ("a party meets the 'substantially justified' standard when there is a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the action" (quoting Pierce, 487 U.S. at 565)).

For the reasons this Court explained in its February 12 Order, the Court is of the opinion that Defendant Cultural Care's opposition to production of the Zherka

Documents may have been substantially justified. *See* (Doc. # 843 at 24–25.) The Court therefore declines to assess Defendant Cultural Care attorneys' fees and costs.

However, the Court has carefully reviewed the transcript of Zherka's deposition, *see* (Doc. # 856-1), and is disappointed in the conduct of Defendant Cultural Care's counsel. This Court **will <u>not</u> tolerate** similar coaching of witnesses and unnecessary, unprofessional delays of depositions in the future. Should counsel for any party engage in this conduct, the Court will entertain a motion for attorneys' fees and costs.

### III. <u>CONCLUSION</u>

For the reasons set forth above, the Court GRANTS IN PART Plaintiffs' Motion to Compel (Doc. # 842) to the extent that it requests production of the Zherka Documents. It is

FURTHER ORDERED that Defendants and the Alliance provide Plaintiffs the Zherka Documents, without redactions. It is

FURTHER ORDERED that Plaintiffs' Motion to Compel (*id.*) is DENIED IN PART as to Plaintiffs' request for attorneys' fees and costs.

DATED: February 21, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge