IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.
    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.
    Defendants.

---

## DEFENDANTS' MOTION FOR A LIMITED STAY REGARDING THE DISTRIBUTION OF CLASS NOTICE

### INTRODUCTION

Defendants request that the Court stay the distribution of class notice until after the United States Court of Appeals for the Tenth Circuit has ruled on Defendants' Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f), which Defendants filed on Friday, February 16, 2018. This limited stay would not delay the resolution of this case, and would "avoid the confusion and substantial expense of renotification" that could be required depending on the decision reached by the Tenth Circuit. Manual for Complex Litigation § 21.28 (4th ed. 2004). Indeed, perhaps recognizing that no party benefits from multiple, possibly conflicting notices, plaintiffs often agree to delay the dissemination of class notice under these circumstances. When the parties do not agree, courts routinely allow a limited stay pending the resolution of Rule 23(f) petitions. The Court should reach that conclusion here, and order that the distribution of class notice will be stayed, at least until the Tenth Circuit

...
...

has ruled on Defendants' Rule 23(f) Petition.[1]

## STATEMENT OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), Defendants conferred in good faith with counsel for Plaintiffs regarding this Motion. Plaintiffs oppose the relief requested herein.

## BACKGROUND

On February 2, 2018, the Court granted (in substantial part) Plaintiffs' Motion for Rule 23 Class Certification and Appointment of Class Counsel. ECF No. 828 (the "Order"). The Order certified a number of classes and ordered the parties to confer regarding proposed notices and a notification plan. *Id.* at 37.

On February 16, 2018, Defendants filed their petition with the United States Court of Appeals for the Tenth Circuit, seeking permission to appeal the Order pursuant to Federal Rule of Civil Procedure 23(f) (the "Petition"). Before filing the Petition, Defendants informed Plaintiffs that they planned to appeal, and asked Plaintiffs to agree that notice should be delayed until after the Tenth Circuit rules on the Petition. *See* All Parties' Joint Report Regarding Proposed Rule 23 Notification Plan, ECF No. 851 ¶ 8(b). Plaintiffs would not agree. *See id.* ¶ 8(a).

## ARGUMENT

The court overseeing a class action has "discretion as to the timing of notice." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012). As

---

[1] If the Tenth Circuit grants Defendants' Rule 23(f) Petition and allows the appeal to proceed, then Defendants may request that the stay be extended until the substantive appeal is decided. At this time, the request set forth in this motion is limited to a stay pending a decision from the Tenth Circuit on whether to grant Defendants' Rule 23(f) Petition.

2

courts in this Circuit and elsewhere have repeatedly explained, "[i]n cases involving Rule 23(f) appeals, district courts ordinarily should stay the dissemination of class notice to avoid the confusion and substantial expense of renotification that may result from appellate reversal and modification." Manual for Complex Litigation § 21.28 (4th ed. 2004); *In re Rail Freight*, 286 F.R.D. at 94 (same); *Jenkins v. Hyundai Motor Fin. Co.*, No. C2-04-720, 2008 WL 2268319, at *4 (S.D. Ohio June 2, 2008) (same); *see In re Urethane Antitrust Litig.*, No. 04-MD-1616, 2006 WL 3021126, at *2 (D. Kan. Oct. 23, 2006) (same).

Courts considering whether to stay the distribution of notice typically examine three factors: (1) the likelihood of success on appeal, (2) the balance of harms to the parties that would follow from granting or denying the request, and (3) whether a stay is in the public interest. *See In re Urethane*, 2006 WL 3021126, at *1. Although district courts usually find (for purposes of the first factor) that class certification orders are unlikely to be reversed, they nevertheless routinely grant stays based on the second and third factors. *See id.* at *2 (staying notice even though "the court [did] not believe [defendant's] appeal has a substantial likelihood of success on the merits"); *In re Rail Freight*, 286 F.R.D. at 94-95 (same); *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2014 WL 12591692, at *1 (N.D. Ohio May 16, 2014) (same).

**I.      THE DISTRIBUTION OF CLASS NOTICE SHOULD BE STAYED.**

    **A.      The Likelihood of Success on Appeal**

Defendants respectfully submit that the Tenth Circuit is likely to grant their Petition. The Order addresses novel and unsettled questions of law that are important

to class actions and to this case, which the Tenth Circuit has not yet had an opportunity to address. ECF 898-1 at 1–2. These questions include how district courts should treat expert evidence at class certification, and whether an allegation of price fixing triggers a presumption of class-wide impact. *Id.* at 2. In Defendants' view, the Order also reflects several manifest errors of law that are the proper subject of Rule 23(f) review. *Id.* at 1.

The Tenth Circuit has explained that it is more likely to grant petitions that present questions like those in Defendants' Petition. *Vallario v. Vandehey*, 554 F.3d 1259, 1262–64 (10th Cir. 2009). It is particularly likely to grant Defendants' Petition, because some of the questions presented are the subject of a circuit split and concern the proper interpretation of prominent and recent decisions of the Tenth Circuit. ECF 898-1 at 15–21.

### B. The Balance of Harms and the Public Interest Both Weigh in Favor of a Stay.

Defendants and absent class members would likely be harmed unless the stay is granted. If the Tenth Circuit grants the Petition and modifies or reverses the Order after notice is disseminated, then the absent class members are likely to be confused,[2] and the parties will have to spend substantial time and energy figuring out how to proceed. In light of the "substantial expense of renotification," courts often grant stays for this reason alone. Manual for Complex Litigation § 21.28 (4th ed. 2004); *In re Urethane*, 2006 WL 3021126, at *2 ("[T]he court is persuaded that the potential confusion that could result if the Tenth Circuit were to vacate or modify the class certification order

---

[2] Indeed, as the Court is aware, there already have been instances in which some class members received an incorrect notice. *See* Declaration Regarding FLSA Opt-In Process, ECF No. 619.

4

after notice has already been disseminated to class members counsels against proceeding to issue notice at least until the Circuit has resolved the request to take the appeal."); *In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *5 ("In exercising this discretion [to stay class notice], district courts cite the desire to avoid confusing absent class members with successive class notices, and note that class notice is not a prerequisite to complete other litigation tasks (*e.g.*, completing discovery) while the district court and the parties await action from the court of appeals."); *In re Rail Freight*, 286 F.R.D. at 93 ("Defendants correctly note that proceeding with class notice while the Rule 23(f) petition is pending could lead to confusion among the public and absent class members."); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 WL 5818300, at *5 (N.D. Cal. Nov. 15, 2012) (highlighting that "curative notice would not be sufficient to stem the confusion that would arise in the event of a change to the class definition or decertification of the class altogether"); *Powell v. Tosh*, No. 5:09-CV-121, 2012 WL 1202289, at *5 (W.D. Ky. Apr. 10, 2012) ("Because a potential plaintiff in a Rule 23(b)(3) action is bound unless he or she opts out, voiding a previously issued class notice could create significant issues regarding whether additional action must be taken after any corrective notice is received by the class members. Thus, a district court should stay the dissemination of class notice.") (internal quotations omitted); *Jenkins*, 2008 WL 2268319, at *5 (recognizing the public interest in minimizing potential confusion that could result from potentially erroneous notices and staying notice to the class).

By contrast, Plaintiffs would suffer no harm if the Court grants this limited stay.

That is why plaintiffs often agree to stay dissemination of class notice under these circumstances.[3] Indeed, Plaintiffs agreed to withhold notice to au pairs sponsored by AuPairCare in light of the stay of their claims against it, pending resolution of the appeal in the Tenth Circuit regarding the Court's Order denying AuPairCare's motion to compel arbitration. All Parties' Joint Report Regarding Proposed Rule 23 Notification Plan, ECF No. 851 ¶ 9(a).[4] A stay of notifications to other Defendants' au pairs may allow for a more streamlined notification process that clearly identifies which claims are the subject of the opt-out notice, resulting in less confusion to au pairs. No trial date has been set, so this limited stay will not require rescheduling of trial. Moreover, during the time that notice would be stayed, the parties will be busy briefing other crucial motions: the parties will be briefing summary judgment until mid-April, and the parties will be briefing Defendants' motions to decertify until mid-July. *See* ECF No. 747-1 (granted at ECF No. 763). Thus the case will proceed, and one or both of these major motions will likely still be pending when the Tenth Circuit decides whether to entertain Defendants' appeal. Given the timing and the fact that it will not materially impact the progress of this case,

---

[3] *Perrin v. Papa Johns Int'l, Inc.*, No. 4:09CV01335 AGF, 2014 WL 306250, at *1 (E.D. Mo. 2014) (plaintiffs represented they "would not disseminate the Rule 23 Class Notice, at least until the Eighth Circuit decided whether to accept the Rule 23(f) appeal"); *Altamura v. L'Oreal, USA, Inc.*, No. CV11-1067 CAS JCX, 2013 WL 4537175, at *3 (C.D. Cal. Aug. 26, 2013) ("[P]laintiffs have agreed that a stay of merits discovery and class notification is appropriate pending defendant's Rule 23(f) appeal.").

[4] AuPairCare has also submitted to the Court that even though the notice would not be sent to au pairs it sponsored, the notice nonetheless needs to be revised so that certain classes and subclasses are not referenced—*e.g.,* the New Jersey Training Subclass and AuPairCare Michigan and Pennsylvania Subclasses, two subclasses the Court certified for which AuPairCare-sponsored au pairs were the class representatives. These certifications are the subject of AuPairCare's Rule 23(f) Petition.

the relative harms and the public interest thus both weigh in favor of a stay.

## CONCLUSION

The Court should stay dissemination of notice to the classes certified in the Order. The Court should order the parties to be prepared to disseminate notice promptly after the Tenth Circuit rules on Defendants' Petition. If the Petition is granted, then class notice should be delayed until the appeal is resolved, as Defendants will argue more fully in an appropriate motion filed at that time.

Dated:  February 28, 2018                    Respectfully submitted,

*s/ Diane R. Hazel*
Joan A. Lukey
(joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass
(mgass@choate.com)
Justin J. Wolosz
(jwolosz@choate.com)
Lyndsey M. Kruzer
(lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane R. Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 17th Street, Suite 3000
Denver, CO 80202
Telephone: (303) 623-9000

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

7

*s/ Kathryn A. Reilly*
Kathryn A. Reilly
(reilly@wtotrial.com)
Grace A. Fox (fox@wtotrial.com)
Natalie E. West
(west@wtotrial.com)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

**Attorneys for Defendants Agent Au Pair, Go Au Pair Operations, and American Cultural Exchange, LLC d/b/a Go Au Pair**

*s/ James E. Hartley*
James E. Hartley
(jhartley@hollandhart.com)
Jonathan S. Bender
(jsbender@hollandhart.com)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202

Adam A. Hubbard
(aahubbard@hollandhart.com)
Holland & Hart LLP
1800 Broadway, Suite 300
Boulder, CO 80302

**Attorneys for Defendant Cultural Homestay International**

8

*s/ Susan M. Schaecher*
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

**Attorneys for Defendants APF Global Exchange, NFP**


*s/ Stephen J. Macri*
Stephen J. Macri
(Stephen.macri@ogletree.com)
Joseph B. Cartafalsa
(joseph.cartafalsa@ogletree.com)
Robert M. Tucker
(robert.tucker@ogletree.com)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1745 Broadway, 22nd Floor
New York, NY 10019
(212) 492-2071

*s/ Eric J. Stock*
Eric J. Stock
(estock@gibsondunn.com)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-2301

**Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in America**

*s/ Bogdan Enica*
Bogdan Enica
(Bogdan@expertaupair.com)
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701

**Attorney for Defendant Expert Group International, Inc. d/b/a Expert Au Pair**

*s/ Peggy E. Kozal*
Peggy E. Kozal
(pkozal@gordonrees.com)
Thomas Baker Quinn
(tquinn@gordonrees.com)
Nathan A. Huey
(nhuey@gordonrees.com)
Heather K. Kelly
(hkelly@gordonrees.com)
Gordon & Rees LLP
555 17th Street, Suite 3400
Denver, CO 80202

**Attorneys for Defendant AuPairCare, Inc.**

*s/ Martha L. Fitzgerald*
Martha L. Fitzgerald
(mfitzgerald@bhfs.com)
David B. Meschke
(dmeschke@bhfs.com)
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432

**Attorneys for Defendant EurAuPair Intercultural Child Care Programs**

*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
(bcolaizzi@shermanhoward.com)
Heather F. Vickles
(hvickles@shermanhoward.com)
Raymond M. Deeny
(rdeeny@shermanhoward.com)
Joseph Hunt
(jhunt@shermanhoward.com)
Alyssa L. Levy
(alevy@shermanhoward.com)
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

***Attorneys for Defendant InterExchange, Inc.***

*s/ William J. Kelly III*
William J. Kelly III
(wkelly@kellywalkerlaw.com)
Chandra Marie Feldkamp
(cfeldkamp@kellywalkerlaw.com)
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202

***Attorneys for Defendant USAuPair, Inc.***

*s/ Meshach Y. Rhoades*
Meshach Y. Rhoades
Martin J. Estevao
1700 Broadway, Suite 2100
Denver, CO 80290-2101
(720) 722-7195
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com

***Attorneys for Defendant GreatAuPair, LLC***

*s/ Lawrence D. Stone*
Lawrence D. Stone
(lstone@nixonshefrin.com)
Katheleen E. Craigmile
(kcraigmile@nixonshefrin.com)
Nixon Shefrin Hensen Ogburn, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111

***Attorneys for Defendants
A.P.E.X. American Professional
Exchange, LLC d/b/a ProAuPair
and 20/20 Care Exchange, Inc.
d/b/a The International Au Pair
Exchange***

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on February 28, 2018, I caused to be electronically filed the foregoing **DEFENDANTS' MOTION FOR A LIMITED STAY REGARDING THE DISTRIBUTION OF CLASS NOTICE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

*s/ Diane R. Hazel*