# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, ET AL.

    Plaintiffs,

v.

INTEREXCHANGE, INC., ET AL.

    Defendants.

## DEFENDANT AUPAIRCARE, INC.'S RESPONSE TO PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant AuPairCare, Inc. ("Defendant" or "AuPairCare"), by counsel, Gordon & Rees LLP, submits the following Response to Plaintiffs' Fourth Request for Production of Documents pursuant to Fed.R.Civ.P. 34. As indicated below, AuPairCare is submitting this response without waiving its right to arbitration, as set forth in AuPairCare's Motion to Compel Arbitration and to Dismiss, or in the Alternative, Stay Action, which motion is pending before the Court. This response and other discovery pertaining to AuPairCare in this case may be used in the arbitration. The information disclosed in response to this request for production is designated "CONFIDENTIAL" pursuant to the terms of the Stipulated Protective Order entered in this case.

## GENERAL OBJECTIONS

AuPairCare makes the following general objections, to which each of the responses set forth below are subject:

    A.    Defendant objects to this request for production on the grounds that

1

alleged disputes between it and the au pairs it has sponsored are subject to mandatory arbitration provisions. Therefore, as to AuPairCare, discovery propounded under the auspices of this court proceeding is improper. AuPairCare has filed a motion to compel arbitration and to dismiss, or, in the alternative, stay this action. Nothing in these responses or objections may be deemed a waiver of AuPairCare's right to arbitration.

B.	Defendant objects to Plaintiffs' instructions to the extent they require acts inconsistent with the Federal Rules of Civil Procedure or the Local Rules of this Court.

C.	Defendant objects to Plaintiffs' request for production to the extent they improperly seek class-wide merits or damages discovery before any class action has been certified or any motion for certification filed. At present, the only plaintiffs in this case are the named Plaintiffs.

D.	Defendant objects to Plaintiffs' request for production to the extent they require disclosure of attorney-client or work-product privileged information. Defendant further objects to the discovery request to the extent they seek information and documents protected by the executive privilege, self-critical analysis privilege or any other evidentiary privilege, immunity, or doctrine recognized by Federal law.

E.	Defendant objects to Plaintiffs' request for production to the extent they require production of Defendant's proprietary business information and trade secrets.

F.	Defendant objects to Plaintiffs' request for production to the extent they seek information that violates the privacy rights of non-parties.

G.	Defendant objects to Plaintiffs' request for production to the extent they

2

require production of documents and things that are not in Defendant's possession, custody, or control.

  H. Defendant objects to Plaintiffs' request for production to the extent they are irrelevant and reserves all rights and objections with respect to relevance, materiality and admissibility.

  I. Defendant objects to Plaintiffs' request for production pursuant to Fed.R.Civ.P. 26(b)(1) to the extent they are not proportional to the needs of the case or seek information that is not proportional to the needs of the case, and to the extent that compliance would be unduly burdensome, and/or the burden and expense of compliance would outweigh its likely benefit.

  J. Defendant reserves the right to supplement its responses as additional information and things are discovered, if any.

## RESPONSE TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications pertaining to the claims in this action, the discovery of facts or potential witnesses, or to the resolution of actual or potential liability in connection with this action, exchanged between you or anyone acting on your behalf, including legal counsel, and any other individual or entity, including but not limited to documents and communications exchanged with:

  a. current, former, or prospective host families

  b. current, former, or prospective au pairs

  c. the Department of State

  d. the Department of Labor

3

Case 1:14-cv-03074-CMA-KMT Document 858-27 Filed 02/10/18 USDC Colorado Page 4 of 8

e. the Alliance for International Exchange

f. the International Au Pair Association

g. any third parties or affiliates including but not limited to any third parties with whom you contract in relation to your administration of the au pair program. These third parties or affiliates include, but are not limited to, any third parties or affiliates who are involved in or responsible for the production, dissemination, or creation of content for any advertisement relating to the Au Pair Program, the recruitment of host families or au pairs, the collection of fees charged to host families or au pairs, the training of au pairs, the monitoring of au pairs, and the provisioning of insurance or other services to au pairs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this request because it is vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case. The request is not reasonably limited in time and fails to describe with reasonable particularity each item or category of items to be inspected or produced as required by Fed. R. Civ.P. 34(b)(1)(A). For example, the request for "all documents and communications" between Defendant, its legal counsel, or anyone else acting on its behalf, and "any other individual or entity" regarding the "claims in this action, the discovery of facts or potential witnesses" or "the resolution of actual or potential liability" is the epitome of an overly broad, ambiguous, and vague request, especially since it appears that the request intends to encompass documents reflecting communications relating to any allegation within the 118 pages of Plaintiffs' Second Amended Complaint.

4

Defendant more specifically objects to the terms "prospective host families" and "prospective au pairs" within subparts (a) and (b) as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. Defendant further objects to subpart (a) to the extent that it is duplicative of Plaintiffs' Third Request for Production of Documents to AuPairCare dated October 14, 2016. Defendant incorporates herein its responses and objections sent in response to Plaintiffs' Third Request for Production on November 14, 2016.

Defendant further objects to subpart (g) as duplicative of Plaintiffs' Third Request for Production of Documents served on Defendant on April 13, 2017. Defendant incorporates herein its responses and objections sent in response to Plaintiffs' Third Request for Production on May 15 and May 16, 2017.

Even if limited to communications and documents concerning the litigation, the burden or expense of the proposed discovery as to each of the enumerated subparts outweighs its likely benefit, particularly in light of the extensive collection and review of electronically stored information (ESI) Defendant has already conducted pursuant to the parties' agreement on the reasonable scope of ESI searches. For example, Plaintiffs agreed to a cut-off date of December 18, 2014, the date of service on Defendant, for the collection of ESI. Even if Defendant completed another search of ESI, many of the documents would relate to procedural issues or being informed about the litigation itself, making such documents irrelevant and/or documents protected by the work-product doctrine.

Defendant further objects to this request to the extent that it seeks the production of documents and communications protected by the attorney-client privilege, that

5

constitutes work product, or that is otherwise protected from disclosure by any other privilege, including the common-interest privilege.[1] Rule 26(b)(3)'s work-product doctrine extends past attorneys to the party or any representative acting on its behalf. *See,* Fed. R. Civ. P. 26(b)(3) advisory committee's note (1970). Defendant further objects to this request in that Plaintiffs, without undue hardship, are able to obtain the equivalent documents being requested of Defendant through subpoenas or other methods available for third-party discovery.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged communications and documents concerning the litigation, which pursuant to the Stipulated Protective Order entered in this case on May 6, 2016, AuPairCare has marked as CONFIDENTIAL.

DATED this 19th day of May, 2017.

*s/Peggy Kozal*
Thomas B. Quinn
Peggy Kozal
GORDON & REES LLP
555 17th Street, Suite 3400
Denver, Colorado 80202
Tel: 303-534-5160
tquinn@gordonrees.com
pkozal@gordonrees.com

**Attorneys for Defendant AuPairCare, Inc.**

---

[1] Defendants claim privilege as to any and all documents dated after December 18, 2014, which reflect communications between undersigned counsel and their clients based on the attorney-client privilege or which are protected by the work product privilege and/or the other privileges stated herein. Such documents are privileged on their face and the forgoing description provides sufficient information for Plaintiffs to assess the applicability of the privilege pursuant to Fed. R. Civ. P. 26(b)(5)(A). Accordingly, an itemized privilege log is not required for such documents dated after December 18, 2014, as that would necessitate AuPairCare to incur extraordinary cost and expense, in cataloging and identifying thousands of pages of documents protected by the privilege(s). To the extent any party asserts additional information is necessary to assess the applicability of the privilege, Defendant reserves the right to supplement this description of the nature of documents, communications or tangible things not produced.

6

## CERTIFICATE OF SERVICE (CM/ECF)

The undersigned hereby certifies that a true copy of the above and foregoing was served via electronic mail on this the 19th day of May, 2017 addressed to:

| | | |
|---|---|---|
| Lauren F. Louis<br>Sigrid S. McCawley<br>Sabria McElroy<br>Matthew L. Schwartz<br>Peter M. Skinner<br>Randall W. Jackson<br>Dawn L. Smalls<br>Joshua Libling<br>Sean P. Rodriguez<br>Daniel R. Schwartz<br>Juan P. Valdivieso<br>BOIES SCHILLER & FLEXNER, LLP<br>llouis@bsfllp.com<br>smccawley@bsfllp.com<br>smcelroy@bsfllp.com<br>mlschwartz@bsfllp.com<br>pskinner@bsfllp.com<br>rjackson@bsfllp.com<br>dsmalls@bsfllp.com<br>jlibling@bsfllp.com<br>srodriguez@bsfllp.com<br>dschwartz@bsfllp.com<br>jvaldivieso@bsfllp.com<br>    and<br>Alexander N. Hood<br>TOWARDS JUSTICE – DENVER<br>alex@towardsjustice.org<br>***Attorneys for Plaintiffs*** | Brooke A. Colaizzi<br>Raymond M. Deeny<br>Heather F. Vickles<br>Joseph H. Hunt<br>Alyssa L. Levy<br>SHERMAN & HOWARD, LLC<br>bcolaizzi@shermanhoward.com<br>rdeeny@shermanhoward.com<br>hvickles@shermanhoward.com<br>jhunt@shermanhoward.com<br>alevy@shermanhoward.com<br>***Attorneys for Defendant InterExchange, Inc.*** | William J. Kelly, III<br>Chanda M. Feldkamp<br>KELLY & WALKER, LLC<br>wkelly@kellywalkerlaw.com<br>cfeldkamp@kellywalkerlaw.com<br>***Attorneys for Defendant USAuPair, Inc.*** |
| Meshach Y. Rhoades<br>Martin J. Estevao<br>ARMSTRONG TEASDALE, LLP<br>mrhoades@armstrongteasdale.com<br>mestevao@armstrongteasdale.com<br>***Attorneys for Defendant GreatAuPair, LLC*** | Bogdan Enica<br>BOGDAN ENICA, ATTORNEY AT LAW<br>bogdane@hotmail.com<br>***Attorney for Defendant Expert Group International, Inc. d/b/a Expert AuPair*** | David B. Meschke<br>Martha L. Fitzgerald<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>dmeschke@bhfs.com<br>mfitzgerald@bhfs.com<br>***Attorneys for Defendant EurAupair InterCultural Child Care Programs*** |
| James E. Hartley<br>Adam A. Hubbard<br>Jonathan S. Bender<br>HOLLAND & HART, LLP<br>jhartley@hollandhart.com<br>aahubbard@hollandhart.com<br>jsbender@hollandhart.com<br>***Attorneys for Defendant Cultural Homestay International*** | Brian A. Birenbach<br>RIETZ LAW FIRM, LLC<br>brian@rietzlawfirm.com<br>    and<br>Kathryn A. Reilly<br>Grace A. Fox<br>Natalie West<br>WHEELER TRIGG O'DONNELL, LLP<br>reilly@wtotrial.com<br>fox@wtotrial.com<br>west@wtotrial.com | Kathryn A. Reilly<br>Grace A. Fox<br>Natalie West<br>WHEELER TRIGG O'DONNELL, LLP<br>reilly@wtotrial.com<br>fox@wtotrial.com<br>west@wtotrial.com<br>***Attorney for Defendant Agent Au Pair*** |

7

| | *Attorneys for Defendants Au Pair International, Inc.; American Cultural Exchange, LLC d/b/a GoAuPair* | |
|---|---|---|
| Lawrence L. Lee<br>Susan M. Schaecher<br>FISHER & PHILLIPS, LLP<br>llee@laborlawyers.com<br>sschaecher@laborlawyers.com<br><br>and<br><br>John B. Fulfree<br>Joseph B. Cartafalsa<br>Robert M. Tucker<br>Stephen J. Macri<br>PUTNEY, TWOMBLY, HALL & HIRSON, LLP<br>jfulfree@putneylaw.com<br>jcartafalsa@putneylaw.com,<br>jbc54@cornell.edu<br>rtucker@putneylaw.com,<br>robert.m.tucker1@gmail.com<br>smacri@putneylaw.com<br><br>*Attorneys for Defendants APF Global Exchange, NFP d/b/a Aupair Foundation; American Institute for Foreign Study d/b/a Au Pair in America* | Eric J. Stock<br>Gibson, Dunn & Crutcher LLP<br>estock@gibsondunn.com<br>mao@gibsondunn.com<br>*Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in America*<br><br>Lawrence D. Stone<br>Kathleen E. Craigmile<br>NIXON SHEFRIN HENSEN OGBURN, P.C.<br>lstone@nixonshefrin.com<br>kcraigmile@nixonshefrin.com<br>*Attorneys for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair;<br>20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange* | Joan A. Lukey<br>Robert M. Buchanan, Jr.<br>Michael T. Gass<br>Justin J. Wolosz<br>Lyndsey M. Kruzer<br>Kevin P. O'Keefe<br>CHOATE, HALL & STEWART, LLP<br>joan.lukey@choate.com<br>rbuchanan@choate.com<br>mgass@choate.com<br>jwolosz@choate.com<br>lkruzer@choate.com<br>kokeefe@choate.com<br>           and<br>Diane R. Hazel<br>James M. Lyons<br>Jessica L. Fuller<br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>dhazel@lrrc.com<br>jlyons@lrrc.com<br>jfuller@lrrc.com<br>*Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair* |

/s/Lisa Riggenbach
For Gordon & Rees LLP