IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

_____

### [PROPOSED] ORDER REGARDING OPT-IN DEPOSITIONS

The matter before the Court is Defendant Cultural Care, Inc.'s ("CCI") Motion For Guidance And Instruction Regarding Scope Of Inquiry At Depositions Of Opt-In Plaintiffs ("Motion").  Having reviewed the Motion and related filings by all parties, it is hereby ORDERED that the Motion is GRANTED.

It is further ORDERED that, in connection with the depositions of Opt-In Plaintiffs, defendant CCI and the other defendants may inquire of Opt-In Plaintiffs relating to the following topics:

1. With regard to commonality and applicability of the FLSA to individual Opt-In Plaintiffs:

    a. hours worked per day and per week;

    b. tasks performed;

    c. monetary and non-monetary compensation;

    d. relative ease or difficulty of tasks performed, e.g., number, ages, and grade levels of children; other assistance with childcare, such as at-home parent, second au pair, or baby-sitter;

    e. participation in family and cultural exchange activities;

    f. degree and nature of control exercised by individual sponsor;

    g. training provided by individual sponsor; and

    h. nature and extent of interaction with individual sponsor.

2. With regard to preemption (including Congressional intent concerning predominance of cultural exchange versus work aspects of the Au Pair Program):

    a. the Opt-In Plaintiff's principal intent in participating in the program (including the importance, or lack thereof, assigned to the stipend amount), i.e., for cultural and education purposes or as employment;

    b. the Opt-In Plaintiff's comparative compensation before entering the program, and after leaving the program;

    c. the Opt-In Plaintiff's comparative employment positions before and after participating in the Au Pair Program;

    d. whether the Opt-In Plaintiff extended or returned to the Program;

    e. whether and why the Opt-In Plaintiff chose to return to the United States; and

    f. the importance assigned by the Opt-In Plaintiff to the cultural exchange aspects of her participation in the Program.

3. With regard to antitrust injury:

    a.  the Opt-In Plaintiff's principal intent in participating in the program (including the importance, or lack thereof, assigned to the stipend amount);

    b. whether the Opt-In Plaintiff ever asked the host family for a higher stipend amount or otherwise sought to negotiate the stipend amount; and

    c.  whether the Opt-In Plaintiff had alternatives to an au pair program and, if so, whether the alternatives were for amounts that were lower, higher or the same as the stipend amount.

4. With regard to background and credibility, both bearing on the individual sponsor's selection of potential witnesses whose testimony will be offered at trial:

    a.   general background;

    b. confirmation or rebuttal of the individual Opt-In Plaintiff's survey responses; and

    c. communications with Plaintiffs' counsel before opting in to the class.

All counsel participating in such depositions shall be mindful of their obligation to govern their conduct in accordance with Fed. R. Civ. P. 30(d)(3)(A) and D.C.COLO.LCivR 30.3.

DATED:_____, 2018.

                                              _____
                                              Hon. Christine M. Arguello
                                              United States District Judge