# Exhibit 10



**United States Department of State**

*Washington, D.C. 20520*

December 29, 2017

Joan A. Lukey, Esq.
Choate Hall & Stewart LLP
Two International Place
Boston, Massachusetts 02210
Joan.lukey@choate.com

Re:  Issuance of Subpoenas in <u>Beltran, et al. v. Interexchange, Inc., et al.</u>, No. 14-cv-3074 (D. Colo.)

Dear Ms. Lukey,

    I write on behalf of the United States Department of State (the "Department") in response to your <u>Touhy</u> request dated December 14, 2017, in which you requested testimony from certain Department employees.

    The Department's <u>Touhy</u> regulations address situations where a party seeks official information from the Department in a case where the Department is not a party to litigation. *See* <u>U.S. ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).  The Department's <u>Touhy</u> regulations are found at 22 C.F.R. § 172.1 <u>et seq</u>.  These regulations specify the procedures to be followed in making such a request, and they also set forth the factors the Department considers in responding to such a request. *See* 22 C.F.R § 172.8.

    As an initial matter, we received your request on December 15, 2017, with an indicated response due date of January 2, 2018.  This gave us nine business days to respond to a request for testimony from multiple Department employees, in connection with complex commercial litigation to which the government is not a party, during a time of year when I am sure you can appreciate we are short staffed due to the holidays.  Although we have endeavored to provide a considered response to your request within this short time frame, we reserve the right to amend or assert further objections as appropriate.

    On the substance of your request, first, we are unable to authorize the requested testimony because compliance with your request, which seeks the testimony of multiple individuals on a variety of topics, would impose an undue burden on the Department.  22 C.F.R

§ 172.8(a)(1). Further, compliance would undermine the "need to conserve the time of Department employees for the conduct of official business" (22 C.F.R § 172.8(a)(4)), and the "need to avoid spending the time and money of the United States for private purposes" (22 C.F.R § 172.8(a)(5)).

Second, providing the requested testimony would be likely to reveal the Department's internal deliberative processes, in contravention of 22 C.F.R. § 172.8(a)(2) and 22 C.F.R. § 172.8(b)(5). For example, your requests for testimony relating to the Department's "communications to sponsors and others" about au pair wages would likely reveal the deliberations that went into those communications; and your requests for testimony relating to the Department's "issuance of the June 24, 2009, notice concerning the calculation of the weekly stipend (and prior similar notices)" would likely reveal the deliberations that went into such notices.

Third, providing the requested testimony would be likely to reveal information protected by attorney-client privilege, in contravention of 22 C.F.R. § 172.8(a)(1) and 22 C.F.R. § 172.8(a)(2). For example, your requests for testimony relating to the Department's "interpretation of provisions concerning the weekly stipend to be paid by host families to au pairs," and for testimony as to "whether such payments are, in the view of the State Department, compliant with applicable law," would likely reveal legal advice provided by the Department's Office of the Legal Adviser to its clients within the Department.

Fourth, providing the requested testimony would be likely to reveal confidential commercial or financial information or trade secrets, in contravention of 22 C.F.R. § 172.8(b)(4). For example, your requests for testimony as to "whether the State Department has ever sanctioned or cautioned a Program sponsor in connection with the payment of a weekly stipend in accordance with calculations and instructions set forth in the State Department's notices and other communications regarding weekly stipends" would likely include information relevant to inquiries into au pair sponsor organizations' business practices, and would thus tend to reveal the confidential commercial information of any sponsors that may have been involved in the Department's enforcement activities.

Fifth, we have been unable to determine, within the short time frame you gave us, whether any of the individuals named in your request would be competent to provide testimony on your questions. To the extent they are not, testimony from these individuals would be unduly burdensome or otherwise inappropriate under the applicable rules of discovery or the rules of procedure governing the case or matter in which the demand arose. 22 C.F.R. § 172.8(a)(1). In addition, such testimony would not serve the public interest. 22 C.F.R. § 172.8(a)(3).

The foregoing considerations are not exclusive, and (as noted above) the Department reserves the right to amend or assert further objections as appropriate. For the foregoing reasons, please consider this letter as our written rejection of your request and please be advised that no Department testimony will be authorized at this time. *See* 22 C.F.R. § 172.4(a).

This letter has been issued pursuant to the Department's <u>Touhy</u> regulations on behalf of the Department and the subpoenaed employees in their respective official capacities. *See* 22 C.F.R. § 172.1(f). It is without prejudice to any defenses that may be available to those employees and/or the Department under Fed. R. Civ. P. 45, including, without limitation, insufficient service, undue burden or expense, failure to allow a reasonable time for compliance, and improperly seeking privileged or other protected information. All Rule 45 defenses are expressly reserved.

Sincerely,

Todd F. Buchwald
Assistant Legal Adviser for Public Diplomacy and Public Affairs
Office of the Legal Adviser