## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al.,

    Plaintiffs,

v.

INTEREXCHANGE, INC., et al.,

    Defendants.

_____

## APIA'S BRIEF IN OPPOSITION TO
## PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES

    Defendant American Institute for Foreign Study, Inc., d/b/a Au Pair in America ("APIA"), by and through its attorneys, respectfully submits this brief in opposition to Plaintiffs' Request for Attorneys' Fees (ECF No. 922.)

### PRELIMINARY STATEMENT

    Plaintiffs seek to hold APIA liable for more than $67,000 in fees, which ostensibly were incurred in connection with a single-issue discovery dispute. Plaintiffs' request is inflated and unreasonably disproportionate to the discovery at issue. For the reasons set forth below, and because the award requested by Plaintiffs is patently unreasonable, it should be denied or, at a minimum, substantially reduced.

## ARGUMENT

**I.     LEGAL STANDARD**

Federal Rule of Civil Procedure 37 governs costs and fees related to discovery disputes. Fed. R. Civ. P. 37. Specifically, Rule 37(a)(5) provides that the court require payment by a party whose failure to provide discovery necessitated the motion, unless: (1) the movant filed the motion before making a good faith attempt to resolve it via conferral with opposing counsel; (2) the opposing party's position was substantially justified; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Even where a Court deems proper an award of attorneys' fees, the movant must demonstrate that the amount it seeks is *reasonable*. *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482 (REB) (MJW), 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (emphasis added). Generally, the starting point for any calculation of a reasonable attorneys' fee is the "lodestar"; that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). To determine whether a reasonable number of hours were expended, the Court reviews counsel's time entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). As such, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Once the Court determines the lodestar, it may "adjust the lodestar upward or

downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436-37.

With respect to the hourly rate, the Tenth Circuit has indicated that "the court must look to 'what the evidence shows the market commands for civil rights or analogous litigation.'" *Burch v. La Petite Academy, Inc.*, 10 F. App'x 753, 755 (10th Cir. 2001) (quoting *Case,*157 F.3d at 1255). The burden is on the party seeking fees to provide evidence of the prevailing market rate for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community. *Ellis v. Univ. of Kan. Med. Ctr.*,163 F.3d 1186, 1203 (10th Cir. 1998).

## II. PLAINTIFFS' CLAIMED ATTORNEYS' FEES AND EXPENSES ARE UNREASONABLE AND MUST BE DENIED.

Here, the hourly rates charged by Plaintiffs' counsel are excessive. Specifically, the rates charged by attorneys Dawn Smalls ($900/hr.), Joshua Libling ($710/hr.), Byron Pacheco ($600/hr.), Daniel Schwartz ($460/hr.), and Tara Schwartz ($420/hr.) vastly exceed the reasonable attorney rates in Denver. (*See* ECF No. 922.) It is significant to note that Ms. Schwartz received her Juris Doctor degree in 2017 and, thus, has been admitted to practice law for less than one year. *Id.* at 4. In addition, Ms. Smalls' most recent work experience was not as a litigator, but rather it was in government service. *Id.* at 2-3. This Court has recognized that "the prevailing rates in Denver for experienced litigators approach $400 per hour in recent years," with $450 per hour representing the maximum hourly rate that could be considered reasonable for lead trial counsel. *See*

3

*Scott v. City and County of Denver*, No. 12-cv-00053 (MSK) (BNB), 2014 WL 287558 *2 (D. Colo. Jan. 27, 2014) (quoting *Xtreme Coil Drilling Corp. v. Encana Oil & Gas Corp.*, 958 F.Supp.2d 1238, 1256-59 (D. Colo. Jul. 23, 2013)).  Accordingly, any award to Plaintiffs for legal fees must be reduced to the prevailing and appropriate standards for the jurisdiction, as well as the attorney's level of expertise.

Further, the number of hours billed – by *five* attorneys and one paralegal in connection with basic discovery motions – are grossly excessive and disproportionate to what was required to provide effective legal counsel.  At issue on Plaintiffs' motion for reconsideration was the production of financial statements by one Defendant – APIA.  Yet, Plaintiffs' underlying motion to compel sought production of documents by *eight* Defendants.  While Plaintiffs purport to offer a "discount" to take that into account, even a cursory review of the time entries submitted in support of Plaintiffs' motion demonstrates that it is not possible to distinguish which time was spent by counsel addressing APIA's discovery, and which time was spent with respect to the other Defendants.  (*See* ECF No. 922, at 6-9.)[1]

Further, Plaintiffs seek fees in connection with the cost of deposing APIA CEO William Gertz prior to submitting their motion for reconsideration.  As an initial matter, Plaintiffs took the deposition of Mr. Gertz for general discovery purposes as part of this litigation.  The deposition was *not* taken for the purpose of compelling the production of

---

[1] Notably, Magistrate Judge Tafoya granted Plaintiffs' underlying motion to compel against these other Defendants but did not award attorneys' fees.  APIA should not be in a more disadvantageous position than these Defendants merely because Magistrate Judge Tafoya denied the motion to compel against APIA in the first instance.

4

discovery by APIA. Nevertheless, Plaintiffs seek nearly $7,000 in fees in connection with that deposition, including fees (i) for paralegal time performing document searches and assembling exhibits, (ii) for two lawyers to prepare for and attend the deposition, and (iii) for time spent reviewing the deposition transcript. In doing so, Plaintiffs overreach and unreasonably seek to bill Defendants for litigation costs having nothing to do with the discovery dispute at hand.

Simply stated, there is no basis to support the scope or the amount of the fee award sought by Plaintiffs. Accordingly, as the requested award is unreasonable on its face, it must be reduced.

## CONCLUSION

For all the foregoing reasons, APIA respectfully requests that the Court deny Plaintiffs' Motion in its entirety, together and with such other and further relief as the Court deems just and proper. In the alternative, APIA requests that the Court substantially reduce the award sought by Plaintiffs.

Respectfully submitted this 23th day of March, 2018.

> s/ *Stephen J. Macri*
> Stephen J. Macri
> Robert M. Tucker
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> 1745 Broadway, 22nd Floor
> New York, NY 10019
> (212) 492-2071
>
> Email:   stephen.macri@ogletree.com
>              robert.tucker@ogletree.com
>
> ***Attorneys for American Institute for Foreign Study d/b/a Au Pair in America***

5

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on March 23, 2018, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record, including:

Adam A. Hubbard     aahubbard@hollandhart.com

Alexander Neville Hood     alex@towardsjustice.org

Alyssa Lauren Levy     alevy@shermanhoward.com

Aubrey Jane Markson     amarkson@nixonshefrin.com

Bogdan Enica     bogdane@hotmail.com

Brett Michelle Mull     mull@wtotrial.com

Brian Alan Birenbach     brian@rietzlawfirm.com

Brooke A. Colaizzi     BColaizzi@shermanhoward.com

Byron Pacheco     bpacheco@bsfllp.com

Chanda Marie Feldkamp     cfeldkamp@kellywalkerlaw.com

David Meschke     dmeschke@bhfs.com

Dawn Smalls     DSmalls@BSFLLP.com

Diane Rebecca Hazel     dhazel@lrrc.com

Eric Jonathan Stock     estock@gibsondunn.com

Harvey J. Wolkoff     harvey.wolkoff@ropesgray.com

Heather Fox Vickles     hvickles@shermanhoward.com

James Edward Hartley     jhartley@hollandhart.com

James Michael Lyons     jlyons@lrrc.com

Jennifer Arnett Roehrich     jarnett-roehrich@grsm.com

6

Jessica Lynn Fuller     jfuller@lrrc.com

Joan A. Lukey     joan.lukey@choate.com

Jonathan S. Bender     jsbender@hollandhart.com

Joseph B. Cartafalsa     joseph.cartafalsa@ogletreedeakins.com

Joseph H. Hunt     jhunt@shermanhoward.com

Joshua James Libling     jlibling@bsfllp.com

Juan Pablo Valdivieso     jvaldivieso@bsfllp.com

Justin J. Wolosz     jwolosz@choate.com

Kathleen E. Craigmile     kcraigmile@nixonshefrin.com

Kathryn A. Reilly     reilly@wtotrial.com

Kevin Patrick O'Keefe     kokeefe@choate.com

Lauren Fleischer Louis     llouis@bsfllp.com

Lawrence Daniel Stone     lstone@nixonshefrin.com

Lyndsey Marie Kruzer     lkruzer@choate.com

Margo J. Arnold (Terminated)     marnold@bhfs.com

Martha Louise Fitzgerald     mfitzgerald@bhfs.com

Martin Jose Estevao     mestevao@armstrongteasdale.com

Matthew Lane Schwartz     mlschwartz@bsfllp.com

Meshach Yustine Rhoades     mrhoades@armstrongteasdale.com

Michael T. Gass     mgass@choate.com

Natalie Elizabeth West     west@wtotrial.com

Nathan Andrew Huey     nhuey@gordonrees.com

7

Peggy E. Kozal     pkozal@gordonrees.com

Peter Murray Skinner     pskinner@bsfllp.com

Randall Wade Jackson     rjackson@bsfllp.com

Raymond Myles Deeny     rdeeny@shermanhoward.com

Robert M. Buchanan , Jr     rbuchanan@choate.com

Sabria Alexandria McElroy     smcelroy@bsfllp.com

Samuel Newland Rudman     srudman@choate.com

Sean Phillips Rodriguez     srodriguez@bsfllp.com

Sigrid Stone McCawley     smccawley@bsfllp.com

Susan M. Schaecher     sschaecher@fisherphillips.com

Susan Penniman Klopman     sklopman@hklawllc.com

Thomas Baker Quinn     tquinn@gordonrees.com

Vance Orlando Knapp     vknapp@armstrongteasdale.com

William James Kelly , III     wkelly@kellywalkerlaw.com

s/ *Stephen J. Macri*  
Stephen J. Macri
