# Exhibit A

| | |
|---|---|
| **From:** | Sean Rodriguez |
| **Sent:** | Monday, February 19, 2018 2:57 PM |
| **To:** | Beltrandefendants; Dawn Smalls; Joshua Libling; Juan Valdivieso; Byron Pacheco |
| **Subject:** | RE: [Beltran] Withheld documents, Alliance, Gertz, and deposition motion for a protective order |

FLSA Defendants,

We agree to a 3-record hour limit for Defendants opening examination for the FLSA opt-in plaintiffs.

Cultural Care,

We look forward to your client's position on paying for au pairs' to travel to Boston (or New York).

Thanks,


**Sean P. Rodriguez**
Partner

**BOIES SCHILLER FLEXNER** LLP
1999 Harrison Street
Suite 900
Oakland, CA 94612
(d) +1 510 874 1101
(o) +1 510 874 1000
srodriguez@bsfllp.com
www.bsfllp.com


-----Original Appointment-----
**From:** Sean Rodriguez
**Sent:** Friday, February 16, 2018 11:13 AM
**To:** Kruzer, Lyndsey M.; Sean Rodriguez; Brooke Colaizzi; Beltrandefendants; LStone@nixonshefrin.com; Dawn Smalls; Joshua Libling; Juan Valdivieso; Byron Pacheco
**Subject:** RE: [Beltran] Withheld documents, Alliance, Gertz, and deposition motion for a protective order
**When:** Monday, February 19, 2018 9:30 AM-10:00 AM (UTC-08:00) Pacific Time (US & Canada).
**Where:** 888.453.4405 / 671497


When: Monday, February 19, 2018 9:30 AM-10:00 AM. Pacific Standard Time
Where: 888.453.4405 / 671497

*~*~*~*~*~*~*~*~*~*


Sean – It appears that a critical mass of FLSA defendants are available at the time proposed.  Will you be circulating a dial-in?

**From:** Sean Rodriguez [mailto:srodriguez@BSFLLP.com]
**Sent:** Thursday, February 15, 2018 11:47 PM
**To:** Brooke Colaizzi; Beltrandefendants
**Cc:** LStone@nixonshefrin.com; Dawn Smalls; Joshua Libling; Juan Valdivieso; Byron Pacheco
**Subject:** RE: [Beltran] Withheld documents, Alliance, Gertz, and deposition motion for a protective order

Correction – 1230 *Eastern* / 1030 Mountain.  I am terrible with time zones.

**Sean P. Rodriguez**
Partner

BOIES SCHILLER FLEXNER LLP

1999 Harrison Street

Suite 900

Oakland, CA 94612

(d) +1 510 874 1101

(o) +1 510 874 1000

srodriguez@bsfllp.com

www.bsfllp.com

**From:** Sean Rodriguez
**Sent:** Thursday, February 15, 2018 8:24 PM
**To:** 'Colaizzi, Brooke A.'; beltrandefendants@choate.com
**Cc:** LStone@nixonshefrin.com; Dawn Smalls; Joshua Libling; Juan Valdivieso; Byron Pacheco
**Subject:** RE: [Beltran] Withheld documents, Alliance, Gertz, and deposition motion for a protective order

Counsel,

One of your colleagues reached out in a productive way, and has suggested an openness to resolution short of court intervention.  We appreciate that, especially after this week's call with Tafoya, on which at least the scheduling and location issues seemed intractable.

Below are the specific terms that we propose to you and, at this time, plan to propose to the Court.

Your colleague may have already told you that we invite you to discuss these proposals with us on Monday at 1230pm (Mountain), a time we've penciled in.  If there's another time the group of you prefers, feel free to suggest one.

We are always happy to hear counterproposals or entertain compromise.  However, because of the number of depositions, the case schedule, and the extended quarrels on the call with Tafoya Monday, we intend to file on or before Wednesday morning if resolution cannot be reached promptly.

<u>Number of depositions</u>

We believe the following deposition counts are reasonable and proportionate, bearing in mind the efficiency goals of FLSA, and Judge Tafoya's "100 deposition" remark:

1.      The largest Defendants, i.e., those with ~1,000+ opt-ins may take up to 35 opt-in depositions.

2.      The two Defendants with ~150-200 opt-ins may depose up to 10% of their total opt-ins.

3.      The one Defendant with ~30 opt-ins may take 5 depositions (that is, ~17% of the class).

Alternatively, we are fine with what we believe was Judge Tafoya's idea:  100 depositions total, with each Defendant receiving a number of deponents equal to their share of the opt-ins (e.g., the Defendant with 22% of the total opt in class would receive 22 depositions.)  We see no reason for a larger "sample" for the largest Defendants because Defendants have chosen not to take a random sampling approach.

Plaintiffs will continue to undertake best efforts to offer any particular *au pair* a Defendant wants, but if the au pair cannot be made available Defendants will choose another because Defendants are not entitled to any particular *au pair*'s deposition.  Indeed, the usual course is to provide the Defendant only a random sample, not to permit cherry picking.

Location of depositions

4.     No *au pair* should have to cross international borders, as Judge Tafoya suggested.

5.     No *au pair* will be required to travel more than 50 miles from her place of residence.

6.     Plaintiffs will agree to Skype depositions provided that they are legal in the country of the au pair's residence.

7.     If a Defendant insists on an in person deposition of an au pair, that Defendant shall provide pre-judgment reimbursement for (a) any related costs incurred by the au pair (including any childcare or other expenses caused by the deposition); or (b) in the case of international depositions only, all travel expenses of Plaintiffs' attorneys provided that those expenses are within the ordinary guidelines used by Plaintiffs' Firm for international travel.

Duration of depositions

8.     Absent unusual circumstances, Defendants may use no more than 1.5 record-hours.  An additional 0.5 record-hours will be reserved for Plaintiffs.

We know that is sufficient:  Two depositions to date have finished in less than 2 hours, and those 2 hours included numerous irrelevant questions as well as Plaintiffs' examination at the end.

It is also necessary:  By the end of this week there will have been 24 opt-in depositions.  One took **6 record hours**, and all but 4 took over 2 hours and 59 minutes.

Scope of depositions

"The requirements to state a claim of a FLSA violation are quite straightforward, requiring plaintiff to show a failure to pay overtime compensation and/or minimum wages to covered employees'—no more."  *Rayfield v. Sandbox Logistics, LLC*, 217 F. Supp. 3d 1299, 1300 (D. Colo. 2016).  Room and board (Defendants have never identified any other conceivably available off-set), and the indicia of joint employer status, are fair game.  But information about different jobs, motivations, and the au pair's personal life have nothing to do with those issues.

Rule 23 certification does not give Defendants more rein because the presumption in Rule 23 cases is that no individualized discovery is necessary; instead, absent plaintiffs in a class action are "not required to do anything" and "may sit back and allow the litigation to run its course."  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811 (1985).  These depositions were justified and permitted solely on FLSA grounds.

In light of the above law – and much more that Plaintiffs is prepared to brief comprehensively – the following limitations are appropriate:

**9.** Limitations on opt-in FLSA depositions:

***A.*** Questioning shall be limited to the topics of the amount of wages paid the au pair, number of hours worked, and matters relevant to any room-and-board credit as well as joint-employer issues ("Relevant Issues"), subject to any express exception below.

***B.*** All questions shall be limited to the period when the deponent was on a J-1 visa sponsored by the questioning Defendant ("Relevant Period"), except that Defendants may inquire into Relevant Issues outside the Relevant Period so long as the questions pertain solely to the Relevant Period.

***C.*** No questions about a Plaintiff's personal life or subjective state of mind may be asked, except those concerning Plaintiff's present state of mind at the time of a statement or writing concerning a Relevant Issue, provided that the Plaintiff's state of mind is probative either of the accuracy or reliability of that statement or writing, or of the accuracy or reliability of the au pair's testimony at the time of the deposition.

**D.** Questions about the au pair's background shall be limited to name, age during the Relevant Period or at the time of the deposition, and country or city of origin.

The off-topic questions have been hurtful and distressing to these young women. To add just one more example to those in my email below: One *au pair* testified that her boyfriend harassed her <u>before her time as an *au pair*</u>—to which the questioner responded with the irrelevant, victim-blaming question whether the *au pair* reported the harassment to anyone. The non-FLSA questioning must stop.

Thanks,

**Sean P. Rodriguez**
Partner

BOIES SCHILLER FLEXNER LLP

1999 Harrison Street

Suite 900

Oakland, CA 94612

(d) +1 510 874 1101

(o) +1 510 874 1000

srodriguez@bsfllp.com

www.bsfllp.com

**From:** Colaizzi, Brooke A. [mailto:bcolaizzi@shermanhoward.com]
**Sent:** Tuesday, February 13, 2018 1:19 PM
**To:** Sean Rodriguez; beltrandefendants@choate.com
**Cc:** LStone@nixonshefrin.com; Dawn Smalls; Joshua Libling; Juan Valdivieso; Byron Pacheco
**Subject:** RE: [Beltran] Withheld documents, Alliance, Gertz, and deposition motion for a protective order

Sean,

We will review and get back to you regarding our position on the items below.  But I need to be clear that InterExchange has not participated in any way in the planning or taking of other sponsors' opt-in depositions.  Should a representation or suggestion be made to the court to the contrary,  it will be a patently false representation or suggestion.

We will be in touch.

Brooke

**Brooke A. Colaizzi** - *Member*

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202
Direct: 303.299.8471 | Facsimile: 303.298.0940
bcolaizzi@shermanhoward.com | www.shermanhoward.com

cid:image006.png@01D383CB.1CB46320

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

**From:** Sean Rodriguez [mailto:srodriguez@BSFLLP.com]
**Sent:** Tuesday, February 13, 2018 1:59 PM
**To:** Colaizzi, Brooke A. <bcolaizzi@shermanhoward.com>; beltrandefendants@choate.com
**Cc:** LStone@nixonshefrin.com; Dawn Smalls <DSmalls@BSFLLP.com>; Joshua Libling <jlibling@BSFLLP.com>; Juan Valdivieso <JValdivieso@BSFLLP.com>; Byron Pacheco <bpacheco@BSFLLP.com>
**Subject:** RE: [Beltran] Withheld documents, Alliance, Gertz, and deposition motion for a protective order

Brooke,

We will propose commonsense limitations, not "rules."  None will come as any surprise:

·        Depositions shall be limited to the topics actually relevant for FLSA.  As you know, there are very few.  No more inquiry into topics that are irrelevant (e.g., personal interest and recreation, potty training details) or that can have no legitimate purpose or effect but to intimidate (e.g., immigration status, details about current living situation or employers other than the Defendants).  *E.g.*, *Chao v. Westside Drywall, Inc.*, 254 F.R.D. 651, 660 (D. Or. 2009) (the relevant issues are whether "properly paid its employees and otherwise complied with the [FLSA's] requirements."); *Haught v. U.S. Engineering Contractors Corp.*, 2009 WL 36591, at *3 (S.D. Fla., Jan. 6, 2009); *see also Dole v. International Association Managers, Inc.*, 1991 WL 270194 at *4, (D. Ariz. 1991) (motivation of complainants irrelevant to the merits of plaintiff's allegations).

·        Depositions should be no longer than 2 hours total, 1.5 for Defendants and 0.5 reserved for Plaintiffs, absent extraordinary circumstances.

·        In addition to those principles Dawn stated yesterday, no travel unless Defendants pay all travel expenses to the limited extent *au pairs* may be willing to travel.  *E.g.*, *Allen v. Sears Roebuck and Co.*, 2010 WL 1417644, at *2 (E.D. Mich. 2010).

·        A number of depositions that is reasonable and proportionate to the burden on au pairs, the size of the Defendant, and whatever relevant propositions Defendants intend to establish.  *E.g.*, *Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo., 2008).  These will be consistent with the principles Dawn articulated yesterday, and with Judge Tafoya's observations.

We do not see the significance of any particular FLSA Defendant's not having taken a deposition.  The Defendant that you and your colleagues elected to lead the joint-defense group has taken a sufficient number of depositions for us to have a sound understanding of Defendants' approach and the limitations that are necessary to prevent abuse.

Best,


**Sean P. Rodriguez**
Partner

BOIES SCHILLER FLEXNER LLP

1999 Harrison Street

Suite 900

Oakland, CA 94612

(d) +1 510 874 1101

(o) +1 510 874 1000

srodriguez@bsfllp.com

www.bsfllp.com


**From:** Colaizzi, Brooke A. [mailto:bcolaizzi@shermanhoward.com]
**Sent:** Tuesday, February 13, 2018 12:25 PM
**To:** Sean Rodriguez; beltrandefendants@choate.com
**Cc:** LStone@nixonshefrin.com; Dawn Smalls; Joshua Libling; Juan Valdivieso; Byron Pacheco
**Subject:** RE: [Beltran] Withheld documents, Alliance, Gertz, and deposition motion for a protective order


Sean,

As to the FLSA motion, on behalf of InterExchange, we cannot state a position until we understand what your position is in terms of the "rules" you believe should apply. We have not taken a deposition yet nor attended any of the depositions that you believe were inappropriate, so anything you found objectionable up to this point is completely irrelevant as to InterExchange and, in our view, does not and cannot absolve the parties of a duty to confer. As a starting point for conferral, please provide a list of the "rules" you intend to propose to the Court on the subjects identified in your email, and we can proceed from there.


Thanks,

Brooke


**Brooke A. Colaizzi** - *Member*

9

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202
Direct: 303.299.8471 | Facsimile: 303.298.0940
bcolaizzi@shermanhoward.com | www.shermanhoward.com

cid:image006.png@01D383CB.1CB46320

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.


**From:** Sean Rodriguez [mailto:srodriguez@BSFLLP.com]
**Sent:** Tuesday, February 13, 2018 1:12 PM
**To:** beltrandefendants@choate.com
**Cc:** LStone@nixonshefrin.com; Dawn Smalls <DSmalls@BSFLLP.com>; Joshua Libling <jlibling@BSFLLP.com>; Juan Valdivieso <JValdivieso@BSFLLP.com>; Byron Pacheco <bpacheco@BSFLLP.com>
**Subject:** [Beltran] Withheld documents, Alliance, Gertz, and deposition motion for a protective order


Defendants,


I write with three issues.


Wm. Gertz deposition


As you know, we agreed to hold open the deposition of Wm. Gertz pending resolution of the Alliance "privilege" dispute. Gertz Tr at. 204-210.   Please provide at least two available dates prior to March 6 for Mr. Gertz's continued deposition.


Documents withheld for privilege

-

Now that law of the case on privilege is established, we need to complete what we were unable to do before the close of fact discovery due to Defendants' decision to litigate the Alliance-related issues: Obtain accurate privilege logs and receive assurances that privilege calls have been made consistent with the law.  If you do not intend to cooperate with the following request, please inform us immediately and we will raise with Judge Arguello before the end of the week:

For those Defendants whose counsel has personally stated a view of the law that is flatly inconsistent with Judge Arguello's order, either in connection with the Alliance dispute or at a deposition – namely, Cultural Care, AuPairCare, Au Pair International, Inc., Agent Au Pair, and Go Au Pair – we require a complete re-review of all withheld or redacted documents, with a rolling production of nonprivileged or partially nonprivileged documents, commencing immediately and completed by 2/23.  A complete and accurate privilege log must follow by 2/26.  We are particularly concerned about the attorney work product doctrine, since certain Defendants have previously rejected the limiting principles articulated by the Tenth Circuit and Judge Arguello.  These deadlines are necessary to minimize further interference with the summary judgment schedule and prejudice to Plaintiffs, including the certified classes.

For those Defendants who joined the Alliance motion, but whose counsel did not personally articulate such a plainly erroneous view of the law in connection with those proceedings or a deposition, please either (1) certify, in writing, that the law of privilege applied at all times during your review was consistent with Judge Arguello's order and <u>not</u> consistent with the arguments you endorsed in connection with the Motion; or (2) conduct the same privilege exercise as above, on the same timeline.

We reserve all rights to seek any relief necessary to avoid further prejudice to Plaintiffs, including the certified classes.  This may include re-opening certain depositions, scheduling relief, or a curative jury instruction or adverse inference.

<u>Depositions</u>

Before the end of the week Plaintiffs will file a motion for a protective order on the FLSA opt-in depositions.  Plaintiffs will request an order establishing the appropriate limitations on:

- The scope of questioning;
- The duration of each deposition;
- The parameters governing depositions' locations; and

·       The number of depositions.

We will also seek a hearing forthwith.  The motion will be directed at all FLSA Defendants.  The conduct of the depositions to date demonstrates that we need clear rules for the case, regardless whether any particular Defendant has yet conducted a deposition.  For instance, every deposition thus far has continued for hours on questions far afield from anything relevant to FLSA – from details about potty training to operating a KFC fryer, to take just two examples from last weekend – and several have ended in tears.

Please advise no later than Thursday morning at 9am Colorado time whether (1) you agree that, particularly in light of yesterday's teleconference with Judge Tafoya and the consistently inappropriate questioning at every deposition thus far taken, any further meet and confer efforts would be futile; and (2) your position on a motion forthwith.

Very truly yours,

**Sean P. Rodriguez**
Partner

BOIES SCHILLER FLEXNER LLP

1999 Harrison Street

Suite 900

Oakland, CA 94612

(d) +1 510 874 1101

(o) +1 510 874 1000

srodriguez@bsfllp.com

www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or

legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---