# Exhibit E

| | |
|---|---|
| **From:** | Joshua Libling |
| **To:** | Lukey, Joan; Beltrandefendants |
| **Cc:** | Dawn Smalls; Sean Rodriguez; Maria Guarisco |
| **Subject:** | RE: Opt-In Depositions |
| **Date:** | Wednesday, January 17, 2018 11:55:33 PM |

Joan,

Thank you for your email. Below, I keep to the paragraph terminology you helpfully preserved in your email.

*First*, your account of the history of opt-in discovery is inaccurate. You received the first set of responses to your written discovery within a day of your signing the stipulation. You received additional responses more recently. No responses are overdue. Further, to the extent that you sought information about the au pairs in order to schedule depositions - you have already had information for each au pair in your files. Go Au Pair has also recently received discovery responses and provided names for depositions. We are working through that list and will work with them – as we have with you - to schedule them. Other Defendants have opted to proceed through the formal discovery process, which is significantly more cumbersome for all involved, and includes the preparation of formal discovery responses for each au pair, review of the discovery responses by the au pair, and the return of a physical signature page certifying the responses. For the Defendants that we do have names to work with, we are working as quickly and as diligently as we can; however any accusations of delay are unfounded and inaccurate.

*Second*, with the exception of the last sentence of your paragraph, which is absurd, I believe we have a basis of agreement to proceed on clustering where possible and efficient. As with paragraph *first*, however, all FLSA defendants have sufficient information in their own files to create a deposition plan, even if some of the details of that plan need to change as discovery progresses.

*Third*, Plaintiffs do not understand the need for in-person international depositions. Nonetheless, and without waiving any rights, if those depositions can be conducted efficiently, we are willing to entertain the possibility. We will not, however, be making serial trips to locations around the globe. If Defendants plan to insist on in-person international depositions, therefore, this is another reason why immediate identification of all potential deponents is helpful. We also believe that it may make sense to revisit the issue after the anticipated remote Australian deposition. If there are issues you encounter during that deposition then we can discuss how they should be resolved.

*Finally*, Plaintiffs' concerns that the opt-in depositions are being taken for improper purposes is being heightened as each deposition occurs, but debate on that issue is premature. We wanted to inform you of our concerns to give you an opportunity to consider the appropriateness of the kinds of questions you are asking and the amount of time you are seeking, but we can defer further debate until Plaintiffs make the decision to take action.

Joshua

**Joshua J. Libling**
Counsel

**BOIES SCHILLER FLEXNER LLP**

575 Lexington Avenue
New York, NY 10022
(t) +1 212 446 2381
jlibling@bsfllp.com
www.bsfllp.com

---

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Wednesday, January 10, 2018 6:50 PM
**To:** Joshua Libling; Beltrandefendants
**Cc:** Dawn Smalls; Sean Rodriguez; Maria Guarisco
**Subject:** RE: Opt-In Depositions

Joshua –

      This is to respond on behalf of the FLSA Defendants to your letter of January 4.  I will respond to your points in the order in which you present them using your terminology, e.g., "first," "second," etc.

     *First*, your conditional collective action is comprised of opt-ins numbering c. 4000+ based on comments Dawn made in a telephonic court conference yesterday. Depositions in the low hundreds, probably well under 10% with respect to the sponsors with a larger number of opt-ins, and 15-20 depositions for the sponsors with a smaller number of opt-ins, should therefore come as no surprise. Each of these opt-ins has chosen – or purportedly chosen  -- to sue the Defendant who sponsored her or his tenure as an au pair.   As Judge Arguello noted in the August hearing, when you raised these same complaints about the number of depositions sought:

      "That is your perspective.  But they are defendants. They have an obligation to their clients.  So, I don't think it is at all unreasonable that if they want to spend the money to take that, and to fly to all of the different countries they have to go, to get interpreters to do that, I think that is within the realm of what they are entitled to do."

      For the several Defendants who have informed you of their desire to conduct depositions, written discovery was propounded first to allow them to narrow the list to those whom they actually find it necessary and prudent to depose.   However, in most instances, Plaintiffs have answered none, or only some, of the discovery requests.

      For my client Cultural Care, for example, we have received survey responses for less than a quarter of the Cultural Care-sponsored opt-in Plaintiffs whom you have identified thus far. (I informed Dawn of our position in this regard in an email last week, and it turns

out the percentage of opt-ins for whom we have received the survey information is even lower than I thought.)   Without the survey responses, we cannot identify the balance of the APs whom we wish to depose, even if we limit ourselves, at least for now, to the 5% number suggested by Dawn.  We were promised these results, which are a stipulated proxy for other written discovery, on a rolling basis; but we aren't getting them. Indeed, it took several weeks to get the only batch that we have received.

I am informed that the other defendants are in a similar situation. When you respond to each FLSA Defendant's written discovery, each of us can then provide our complete list of selected deponents.  If you don't respond, we will be seeking default judgments for APs who have not answered, or whose answers you are not sharing with us.

In addition, you have sought to extend the opt-in period for several thousand potential opt-ins through April 2017.  The defendants cannot be expected to evaluate and identify potential opt-in deponents from au pairs that have not yet opted in.  Similarly, in order to make a reasoned decision, defendants will be unable to evaluate the opt-in class as a whole with respect to the total number of depositions and the selection of depositions until the scope of the opt-in classes has been determined.

*Second*, I assume that you are referring to New York and California as Boies Schiller's "preferred venues," as opposed to Plaintiffs' "preferred venues."  My firm is Boston-based, so we have no problem with New York for APs resident in the eastern half of the country; and no particular issue with California for APs resident in the western half of the country. But, many of Defendants' attorneys are from Denver, where your co-counsel filed this lawsuit.  They may have a different view.  We are also OK with "clustering" *IF* Defendants have the necessary written discovery responses and are able to make determinations as to whom they wish to depose *in the same time frame*.  But, if, for example, you are fighting with one or more FLSA Defendants as to providing any meaningful written discovery, those of us who have some information cannot afford to wait.  The time frame is too short to allow that, and each of us is ethically obligated to make judgments based of our respective clients' best interests. We also note that the limitations you are placing on us should foreclose any contention at the decertification phase that our evidence of a lack of commonality among putative class members is *de minimis* or anecdotal.

*Third*, with regard to your contention that Plaintiffs will not permit Defendants who wish to conduct international depositions in person to do so, I respectfully refer you again to Judge Arguello's comments, quoted above.   None of us has any issue with you participating by Skype or similar available mode, but some of us feel strongly that we need to be present in person to take our depositions effectively and efficiently.  And, if any other defense counsel wishes to be present in person she or he has that right, too. As the parties taking the depositions, we need to deal with court reporters, videographers, and in some instances interpreters; and to deal with the selection and marking of exhibits based upon answers

that are given in real time. Your stated "compelling reason" standard is one of your own invention. If we are prepared to incur the expense and believe that it is in our clients' best interests to be present personally, we will exercise that right. As to ensuring that our depositions are noticed and conducted in accord with the laws of the jurisdiction, we are all aware of our ethical and professional responsibilities and will conduct ourselves in good faith in abiding by them. If you prefer to produce these deponents in your "preferred venues" of New York and California, or in Denver as the approved notice suggests that's certainly fine with us. Indeed, in some instances it may be necessary because of governmental restrictions.

*Finally*, while Defendants might be inclined to agree with you about the lack of proportionality in many aspects of this case, we are surprised to hear it from you. We have heard extraordinary damage numbers bandied about on your side, including from Dr. Kerr who cites a number of $799.4 million. While we obviously disagree with those numbers, you cannot fairly complain of proportionality while you continue to assert them. As to relevance you offer no example where irrelevant information has allegedly been sought; and I am aware of none. The range of issues still open in this FLSA claim is substantial, and includes without limitation compensation, hours worked, responsibilities, joint employment, representations, and preemption. Again, we are ethically obligated to pursue these issues to defend our respectively clients appropriately. Indeed, we are obligated to be zealous advocates.

If you have any questions with regard to these responses, please let me know.

Let me again state how critical it is that we receive your overdue responses to written discovery promptly. Defendants are trying to hold to the deadlines set in this case, and you are making it difficult for us to do so.

Joan A. Lukey

CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949
f 617.502.4949
joan.lukey@choate.com
www.choate.com

---

**From:** Joshua Libling [mailto:jlibling@BSFLLP.com]
**Sent:** Thursday, January 04, 2018 2:19 PM

**To:** Beltrandefendants
**Cc:** Dawn Smalls; Sean Rodriguez; Maria Guarisco
**Subject:** Opt-In Depositions

Please see the attached correspondence.

**Joshua J. Libling**
Counsel

## BOIES SCHILLER FLEXNER LLP

575 Lexington Avenue
New York, NY 10022
(t) +1 212 446 2381

jlibling@bsfllp.com

www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com