## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Christine M. Arguello

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ, and
SARAH CAROLINE AZUELA RASCON,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., d/b/a Expert AuPair,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC., d/b/a Cultural Care Au Pair,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, d/b/a Au Pair Foundation,
AMERICAN INSTITUTE FOR FOREIGN STUDY, d/b/a Au Pair in America,
AMERICAN CULTURAL EXCHANGE, LLC, d/b/a GoAuPair,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC, d/b/a ProAuPair,
20/20 CARE EXCHANGE, INC., d/b/a The International Au Pair Exchange,
ASSOCIATES IN CULTURAL EXCHANGE, d/b/a GoAu Pair, and
GOAUPAIR OPERATIONS, LLC,

    Defendants.

## ORDER AFFIRMING UNITED STATES MAGISTRATE JUDGE'S ORDER ON DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY

This matter is before the Court on Defendants' Objections (Doc. # 830) to an Order issued by United States Magistrate Judge Kathleen M. Tafoya on January 24, 2018 (the "Magistrate Judge's Order") (Doc. # 813), wherein the Magistrate Judge denied Defendants' Motion to Exclude Expert Testimony (the "Motion to Exclude"). In Defendants' Motion to Exclude, Defendants requested that the Court to exclude the testimony of Dr. William Kerr pursuant to Federal Rule of Evidence 702. (Doc. # 606.) Plaintiffs had cited Dr. Kerr's report and testimony in their Motion for Class Certification and Appointment of Class Counsel. (Doc. # 559 at 34–35.)

For the following reasons, the Court overrules Defendants' Objections (Doc. # 830) and affirms the Magistrate Judge's Order (Doc. # 813).

## I.  BACKGROUND

The factual and procedural background of this case has been extensively detailed in the Court's previous orders and the Magistrate Judge's recommendations. *See, e.g.*, (Doc. ## 240, 569, 828.) The matter now before the Court concerns the Court's certification of 18 classes and subclasses under Federal Rule of Civil Procedure 23. *See* (Doc. # 828.) Additional factual and procedural background is detailed here to the extent necessary to address Defendants' Objections.

Plaintiffs moved to certify 20 classes and subclasses of *au pairs* on June 3, 2017. (Doc. ## 559, 559-1.) Relevant here, Plaintiffs argued that class certification of the national Antitrust Class and national RICO Class was appropriate under Rule 23(b)(3)

2

because common issues of law and fact predominated; specifically, Plaintiffs alleged that these classes were harmed by a conspiracy and a common course of conduct. (Doc. # 559 at 27–35.) Plaintiffs proactively rejected any argument by Defendants that "hypothetical individualized damages issues" defeated class certification in part by proffering the testimony of their retained expert, Dr. Kerr. (*Id*. at 34–35.) According to Plaintiffs, Dr. Kerr's "analysis demonstrate[d] that the harm to class members [was] common, and [arose] from [Defendants'] unitary course of conduct." (*Id.* at 34.)

On July 17, 2017, Defendants jointly filed a Response in Opposition to Plaintiffs' Motion for Rule 23 Class Certification and Appointment of Class Counsel. (Doc. # 610.) A number of Defendants also independently filed additional briefs in opposition to class certification. (Doc. ## 599, 608, 609, 611, 612, 614.) Plaintiffs thereafter replied on August 2, 2017. (Doc. # 643.)

Also on July 17, 2017, Defendants jointly filed their Motion to Exclude Dr. Kerr's testimony, asserting that his opinions were "not based upon reliable principles and methods." (Doc. # 606 at 1.) Plaintiffs responded in support of Dr. Kerr's opinions on August 8, 2017 (Doc. # 650), to which Defendants replied on August 21, 2017 (Doc. # 701). The Court subsequently referred Defendants' Motion to Exclude to Magistrate Judge Tafoya. (Doc. # 766.) Magistrate Judge Tafoya heard arguments on Defendants' Motion to Exclude for nearly two hours on January 9, 2018. (Doc. # 799.)

Magistrate Judge Tafoya denied Defendants' Motion to Exclude on January 24, 2018. (Doc. # 813.) The Magistrate Judge concluded that "Dr. Kerr's Report and Rebuttal Report [met] the criteria for consideration by the District Court at this stage of

class certification analysis and that striking them on an over-technical application of *Daubert* is inappropriate at this time." (*Id.* at 17.)

On February 2, 2018, this Court granted in part Plaintiffs' Motion for Rule 23 Class Certification and Appointment of Class Counsel, certifying 18 classes and subclasses. (Doc. # 828.) This Court cited Dr. Kerr's opinions only once and only as a secondary explanation for its determination that common issues would predominate the issue of antitrust impact (for purposes of certifying the national Antitrust Class pursuant to Rule 23(b)(3)). (*Id.* at 21–22.)

Five days **after** the Court granted in large part Plaintiff's Motion for Rule 23 Class Certification, on February 7, 2018, Defendants filed their Objections to Magistrate Judge Tafoya's Order on Nondispositive Matter Under Rule 72(a). (Doc. # 830.) Defendants expressly recognized that this Court had already issued a class certification order but faulted it for doing so "without awaiting these Objections, which pertain to issues intertwined with the class certification order." (*Id.* at 1 n.1.) Defendants explained that they are "nonetheless filing the Objections because (a) this Court should have the opportunity to review a critical order denying a motion integrally related to the class certification order, and (b) preservation of the Objections is a necessary prerequisite to presenting the issues to which the Objections relate, if permitted, in an appeal to the Court of Appeals."[1] (*Id.*) Plaintiffs responded to Defendants' Objections on February 22, 2018. (Doc. # 907.)

---

[1] Certain Defendants have petitioned the Tenth Circuit Court of Appeals for permission to appeal this Court's certification order (Doc. # 828.) *See* (Doc. ## 898–900.)

## II. STANDARD OF REVIEW

Where a magistrate judge issues an order on a non-dispositive, pretrial order, "[a] party may serve and file objections to the order to the district court within 14 days after being served with a copy." Fed. R. Civ. Pro. 72(a). The district court must modify or set aside any part of the order that "is clearly erroneous or is contrary to law." Fed. R. Civ. Pro. 72(a); 28 U.S.C. § 636(b)(a)(A); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

With regard to legal matters, the district court conducts an independent, plenary review of the magistrate judge's order. *In re Motor Fuel Temperature Sales Practice Litigation*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010); *see also* 12 Charles Alan Wright, et al., Federal Practice & Procedure § 3069 (2d ed. 2017). Under the 'contrary to law' standard, the reviewing court "set[s] aside the magistrate order only if it applied an incorrect standard," *Dias v. City & Cty. of Denver*, No. 07-cv-00722-WDM-MJW, 2007 WL 4373229, *2 (D. Colo. Dec. 7, 2007) (internal quotations omitted), or applied the appropriate legal standard incorrectly, *Kissing Camels Surgery Ctr., LLC v. Centura Health Corp.*, No. 12-cv-3012-WJM-BNB, 2014 WL 5599127, *1 (D. Colo. Nov. 4, 2014).

As to factual findings by the magistrate judge, the 'clearly erroneous' standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United*

5

States Gypsum Co., 333 U.S. 364, 395 (1948)). This is a deferential standard. *In re Motor Fuel Temperature Sales Practice Litigation*, 707 F. Supp. 2d at 1147.

### III. ANALYSIS

**A. RELEVANT LAW**

**1. Admission of Expert Testimony, Generally**

Under *Daubert*, the trial court acts as a "gatekeeper" by reviewing a proffered expert opinion for relevance pursuant to Federal Rule of Evidence 401, and reliability pursuant to Federal Rule of Evidence 702. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589–95 (1993); *see also Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000). The proponent of the expert must demonstrate by a preponderance of the evidence that the expert's testimony and opinion are admissible. *United States v. Nacchio,* 555 F.3d 1234, 1241 (10th Cir. 2009)*; United States v. Crabbe*, F. Supp. 2d 1217, 1220–21 (D. Colo. 2008); F.R.E. 702 advisory comm. notes. This Court has discretion to evaluate whether an expert is helpful, qualified, and reliable under Rule 702. *See Goebel*, 214 F.3d at 1087; *United States v. Velarde*, 214 F.3d 1204, 1208–09 (10th Cir. 2000).

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 provides that a witness who is qualified as an expert by "knowledge, skill, experience, training, or education" may testify if:

    (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b)    the testimony is based on sufficient facts or data;
    (c)    the testimony is the product of reliable principles and methods; and
    (d)    the expert has reliably applied the principles and methods to the facts of the case.

F.R.E. 702.

In deciding whether expert testimony is admissible, the Court must make multiple determinations. First, it must first determine whether the expert is qualified "by knowledge, skill, experience, training, or education" to render an opinion. *Nacchio*, 555 F.3d at 124. Second, if the expert is sufficiently qualified, the Court must determine whether the proposed testimony is sufficiently "relevant to the task at hand," such that it "logically advances a material aspect of the case." *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884, 884 n.2 (10th Cir. 2005).

Third, the Court examines whether the expert's opinion "has 'a reliable basis in the knowledge and experience of his [or her] discipline.'" *Id.* (quoting *Daubert*, 509 U.S. at 592). In determining reliability, a district court must decide "whether the reasoning or methodology underlying the testimony is scientifically valid." *Id.* (quoting *Daubert*, 509 U.S. at 592–93). In making this determination, a court may consider: "(1) whether a theory has been or can be tested or falsified, (2) whether the theory or technique has been subject to peer review and publication, (3) whether there are known or potential rates of error with regard to specific techniques, and (4) whether the theory or approach has general acceptance." *Norris*, 397 F.3d at 884 (citing *Daubert*, 509 U.S. at 593–94). The Supreme Court has made clear that this list is neither definitive nor exhaustive. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). In short, "[p]roposed testimony must be supported by appropriate validation—i.e., 'good grounds,' based on what is known." *Daubert*, 509 U.S. at 590.

The requirement that testimony must be reliable does **not** mean that the party offering such testimony must prove "that the expert is indisputably correct." *Bitler v. A.O. Smith Corp.,* 400 F.3d 1227, 1233 (10th Cir. 2004) (quoting *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)). Rather, the party need only prove that "the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements." *Id.* Guided by these principles, this Court has "broad discretion" to evaluate whether an expert is helpful, qualified, and reliable under the "flexible" standard of F.R.E. 702. *Velarde*, 214 F.3d at 1208–09; *Daubert*, 509 U.S. at 594.

### 2. <u>Admission of Expert Testimony at the Class Certification Stage</u>

Class certification "is inherently tentative" and "preliminary." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978), *superseded by rule on other grounds as stated in*, *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017); *Blades v. Monsanto Co.*, 400 F.3d 562, 566–67 (8th Cir. 2005). Certification decisions are generally made before the close of merits discovery, as is true in the instant case, so "there is bound to be some evidentiary uncertainty." *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011). Because a court's ruling on a certification motion is **not** a conclusive judgment on the merits of the case, it is "of necessity . . . not accompanied by the traditional rules and procedure applicable to civil trial." *Id.* at 613–14 (quoting *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 178 (1974)).

Role 702 and *Daubert* apply when the merits of a case are weighed, and a court does not inquire into the merits at the class certification stage. "Courts, therefore, are

8

unwilling to conduct a full *Daubert* analysis the class certification stage." *Anderson v. Boeing Co.*, 222 F.R.D. 521, 526 (N.D. Okla. 2004) (quoting *Dean v. Boeing Co.*, 2003 U.S. Dis. LEXIS 8787, at *33–43 (D. Kan. 2003) (collecting cases)); *see also Jackson v. Unocal Corp.*, 262 P.2d 874, 886 (Colo. 2011) ("Nor does our caselaw require a trial court to determine, at the class certification stage, whether the expert testimony will be admissible at trial."). "[A]n exhaustive and conclusive *Daubert* inquiry before the completion of the merits discovery cannot be reconciled with the inherently preliminary nature of pretrial evidentiary and class certification rulings." *In re Zurn*, 644 F.3d at 613. Moreover, at the class certification stage, "[t]here is no independent fact-finder who requires shielding from inadmissible evidence and improper opinions." *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, No. 08-1330, 2016 WL 2344561, *1 (D. Kan. May 4, 2016).

Rather than conducting a meticulous *Daubert* inquiry, a court will examine an expert's testimony in light of the criteria for class certification and the current state of the evidence. *In re Zurn*, 644 F.3d at 614. The court then determines whether the expert's opinions "are so fatally flawed as to be inadmissible as a matter of law." *Anderson*, 222 F.R.D. at 527 (citing *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 135 (2d Cir. 2001); *Vickers v. General Motors Corp.*, 204 F.R.D. 476, 479 (D. Kan. 2001)). For example, in *In re Urethane Antitrust Litigation*, the district court was satisfied that class certification of an antitrust claim was warranted in part because the plaintiffs' expert's opinions about common impact were "sufficiently accurate" such "that the court [did] not disregard them." 351 F.R.D. 629, 637 (D. Kan. 2008).

9

## B. DR. KERR'S OPINIONS

Upon its independent, plenary review, the Court is satisfied that Magistrate Judge Tafoya's Order is not contrary to law.

First, Magistrate Judge Tafoya applied the correct standard. She thoroughly explained why "an over-technical application of *Daubert* is inappropriate" at this stage in litigation, citing to the extensive caselaw the Court overviewed in the preceding section. (Doc. # 813 at 16–17.) The Court rejects Defendants' argument that Magistrate Judge Tafoya erred by not conducting a "full and stringent application of *Daubert*" to Dr. Kerr's opinions. *See* (Doc. # 830 at 7–8.) Defendants' position—that "nothing less than a full Daubert analysis will suffice"—stems from a significant misunderstanding of the caselaw. *See* (*id.*) *Daubert* itself only requires that proposed testimony be supported by "'good grounds,' **based on what is known**." 509 U.S. at 590 (emphasis added). As Plaintiffs observe, the Supreme Court recently confirmed that expert opinion should be considered at the class certification context in a manner cognizant of its tentative and preliminary nature. *See* (Doc. # 907 at 11.) The Supreme Court held that a class damages model may support certification—even where "[r]easonable minds may differ as to whether the average" output of the model "is probative as to" the actual damages of each class member. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1049 (2016). Assigning the model a probative value "is the near-exclusive province of the jury," and a district court can deny class certification for lack of a sufficient classwide damages model "only if it conclude[s] that no reasonable juror could believ[e]" the model and its outputs. *Id*. The Court also agrees with Plaintiffs that "none of the cases

Defendants cite support their view" for the reasons Plaintiffs identify. See (Doc. # 907 at 11–12.) Thus, Magistrate Judge did not err in applying a relaxed *Daubert*-like standard to Dr. Kerr's opinions at this juncture.

Second, Magistrate Judge Tafoya applied this lesser legal standard properly. She accurately summarized Plaintiffs' theory of Defendants' antitrust misconduct and Plaintiffs' two theories of antitrust injury and then explained how Dr. Kerr's two models (the Compliance Model and the Competition Model) correspond to Plaintiffs' two theories of antitrust injury. (Doc. # 813 at 9.) Magistrate Judge Tafoya then explained in great detail why she concluded that Dr. Kerr's opinions are reliable and fit the facts of the case, even though all the facts were not yet gathered and the data was incomplete. (*Id.* at 11–16.) The Court agrees with her analysis for the reasons Plaintiffs identify in their Response to Defendants' Objections.[2] See (Doc. # 907.)

For these reasons, the Court concludes that the Magistrate Judge's Order is not contrary to law.

## IV. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Defendants' Objections (Doc. # 830) to the Magistrate Judge's Order are DENIED; and

2. The Magistrate Judge's Order (Doc. # 813) is AFFIRMED.

---

[2] Because the Court already ruled on Plaintiffs' certification motion, see (Doc. # 828), and Defendants' Objections are therefore moot, it declines to re-explain Magistrate Judge Tafoya's precise analysis. The Court understands that Defendants wish to preserve their Objections for appeal, see (Doc. # 830 at 1 n.1), but must conduct itself with an eye for judicial efficiency.

DATED: March 27, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge