# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

    Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

    Defendants.

---

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO RESTRICT PUBLIC ACCESS (LEVEL ONE) TO DEFENDANTS CULTURAL CARE, EXPERT AU PAIR, AND GO AU PAIR'S APPENDIXES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFFS' DECLARATION IN SUPPORT OF AND APPENDIXES TO OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

---

## CERTIFICATE OF CONFERRAL PURSUANT TO D.C. COLO. LCivR. 7.1(A)

Plaintiffs e-mailed Defendants' counsel on March 30, 2018 and were informed that none oppose the relief sought in this motion.

## ARGUMENT

Pursuant to D.C.COLO.LCivR 7.2 and the Court's direction, Plaintiffs hereby move the Court for an Order restricting public access, under Level 1, to certain of the documents filed by the parties in their summary judgment opposition briefing. Specifically, Plaintiffs move to restrict public access, under Level 1, to the following:

1

- portions of a deposition transcript, errata sheet, and deposition exhibit in the Appendix in Support of Go Au Pair's Opposition to Plaintiffs' Motion for Partial Summary Judgment specified *infra*.  ECF No. 934.[1]

- portions of the deposition of a Fair Labor Standards Act ("FLSA") opt-in witness contained in Go Au Pair's Appendix in Support of Response to Plaintiffs' Motion for Partial Summary Judgment specified *infra*.  ECF No. 935;

- portions of deposition transcripts in the Appendix in Support of Cultural Care, Inc.'s Opposition to Plaintiffs' Motion for Partial Summary Judgment specified *infra*.  ECF No. 938;

- portions of the deposition transcripts in the Appendix in Support of Expert Au Pair's Response in Opposition to Plaintiffs' Motion for Summary Judgment specified *infra*.  ECF No. 941; and

- portions of Plaintiffs' Declaration in Support of and Appendixes to Opposition to Defendants' Motions for Summary Judgment specified *infra*. ECF No. 943.

In support thereof, Plaintiffs state as follows:

1. All parties to this action have stipulated to an Amended Stipulated Protective Order ("Amended Stipulated Protective Order") that is consistent with the

---

[1] Go Au Pair filed these documents without Level 1 restrictions on March 16, 2018.  On March 23, 2018, following conferral with Plaintiffs' counsel, Go Au Pair modified its filing so that the appendix had Level 1 restricted access.

requirements set forth in *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D.382, App. A (D. Colo. 2000).

2.  The Amended Stipulated Protective Order applies to "all documents, materials, and information, including without limitation…deposition testimony." (Amended Stipulated Protective Order ¶ 1, ECF No. 694.)

3.  Pursuant to the Amended Stipulated Protective Order, all parties have agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Level 1 restricted access. *Id.* at ¶ 8.

4.  On March 16, 2018, Defendants Go Au Pair and Cultural Care filed motions seeking Level 1 restriction of their appendixes in support of their oppositions to Plaintiffs' motion for partial summary judgment.  ECF Nos. 936, 939.  On March 16, 2018, Defendant Expert AuPair filed its appendix in support of its opposition to Plaintiffs' motion for partial summary judgment with Level 1 restriction.  ECF No. 941.

5.  On March 23, 2018, Defendant Go Au Pair asked the clerk of the Court to add a Level 1 restriction to their originally filed appendix in support of their opposition to Plaintiffs' motion for partial summary judgment.  ECF No. 934.

6.  On March 16, 2018, Plaintiffs filed a Declaration in Support of and Appendix to their Opposition to Defendants' Motions for Summary Judgment.  ECF No. 943.

7.  In accordance with D.C.COLO.LCivR 7.2(c), Plaintiffs identify the documents for which restriction is sought and the interest to be protected as follows:

### a. Go Au Pair's Appendix in Support of Response to Plaintiffs' Motion for Partial Summary Judgment [ECF No. 934]

Plaintiffs respectfully request that Go Au Pair's Appendix maintain its Level 1 restriction with respect to the portions listed below. Those excerpts reflect personal, confidential information about non-party host families, including their children and their children's routines and habits, and the witness. *See Gillard*, 196 F.R.D. at 386 (entering protective order over personnel records and personally identifiable information about students) *Jacobsen v. Dillon Companies, Inc.*, No. 10-cv-01944-LTB-BNB, 2012 WL 13013600, at *2 (D. Colo. Jan. 5, 2012) (granting Level 1 restricted access to Exhibit containing "confidential information about non-party employees" because public access would "result in unwarranted and unnecessary annoyance or embarrassment to the non-parties"); *Smith v. Cheyenne Mountain Sch. Dist. 12*, Civ. 15-00881-PAB-CBS, 2017 WL 2791415, at *21 (D. Colo. May 11, 2017) (court *sua sponte* ordering documents containing identifiable information about minors as Level One restricted); *Huddleson v. City of Pubelo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010) ("privacy interests have been found to be sufficiently compelling to overcome the presumption of openness"); Fed. R. Civ. P. 5.2.

Specifically, Plaintiffs believe that the following portions of the appendix should be redacted:

- GAP App. 0111, Tr. 65:2-68:19
- GAP App. 0112, Tr. 81:5-84:2
- GAP App. 0114, Tr. 101:1-104:25
- GAP App. 0115, Tr. 117:1-19
- GAP App. 0118, Errata on P. 55, Line 9
- GAP App. 0119, Errata on P. 62, Lines 19-20
- GAP App. 0119, Errata on P. 68, Line 5
- GAP App. 0119, Errata on P. 96, Line 4
- GAP App. 0120, Host Family's Name

4

- GAP App. 0120, Answer to REG.RO.010.A Question
- GAP App. 0121, Answer to Opportunity Location Question
- GAP App. 0121, Answer to SAT.HF.030.A Question

Therefore, Plaintiffs submit a redacted copy, attached hereto as Exhibit A. This redacted copy would protect confidential information, and may be made available for public viewing.

### b. Go Au Pair's Restricted Appendix in Support of Response to Plaintiffs' Motion for Partial Summary Judgment [ECF No. 935]

Plaintiffs respectfully request that the FLSA opt-in deposition in Go Au Pair's Restricted Appendix maintain its Level 1 restriction with respect to the transcript excerpts listed below.[2] Those excerpts reflect personal, confidential information about non-party host families, including their children and their children's routine and habits, and the FLSA opt-in witness. *See supra* at 7.a. Accordingly, these excerpts should maintain their Level 1 restrictions.

Specifically, Plaintiffs believe that the following portions of the FLSA opt-in deposition excerpt should be redacted:

- GAP App. 0101, Tr. 45:22
- GAP App. 0101, Tr. 46:19-48:25
- GAP App. 0102, Tr. 53:6-55:1
- GAP App. 0102, Tr. 55:12-56:25
- GAP App. 0103, Tr. 65:2-24
- GAP App. 0103, Tr. 66:19-67:9
- GAP App. 0104, Tr. 68:21-71:10
- GAP App. 0104, Tr. 72:2-25
- GAP App. 0105, Tr. 77:4-79:23
- GAP App. 0105-06, Tr. 80:22-82:21
- GAP App. 0106, Tr. 84:4-8

---

[2] Plaintiffs take no position as to whether Exhibits B and C of Go Au Pair's appendix should be restricted from public view.

- GAP App. 0106-07, Tr. 84:21-85:6
- GAP App. 0107, Tr. 85:23-88:25
- GAP App. 0108, Tr. 93:1-94:13
- GAP App. 0108-09, Tr. 95:22-97:14
- GAP App. 0109, Tr. 98:18-100:25

Therefore, Plaintiffs submit a redacted copy, attached hereto as <u>Exhibit B</u>.  This redacted copy would protect confidential information, and may be made available for public viewing.

### c. Cultural Care's Restricted Appendix in Support of Opposition to Plaintiffs' Motion for Partial Summary Judgment [ECF No. 938]

Plaintiffs respectfully request that certain portions of Cultural Care's Restricted Appendix maintain its Level 1 restriction with respect to the excerpts listed below.[3] Those transcript excerpts reflect personal, confidential information about non-party host families, including their children and their children's routine and habits, and the FLSA opt-in witness.  *See supra* at 7.a.  Accordingly, these excerpts should maintain their Level 1 restrictions.

Specifically, Plaintiffs believe that the following portions of the FLSA opt-in deposition excerpts should be redacted:

- CCI Restricted Appx. 00005, Tr. 91:1-17
- CCI Restricted Appx. 00007, Tr. 24:1-25
- CCI Restricted Appx. 00008, Tr. 64:6-25
- CCI Restricted Appx. 00009, Tr. 65:1-25
- CCI Restricted Appx. 00010-11, Tr. 1:14-19; 32:1-25
- CCI Restricted Appx. 00012, Tr. 82:9-16
- CCI Restricted Appx. 00013, Tr. 83:2-24
- CCI Restricted Appx. 00015, Tr. 62:1-25

---

[3] Further, Plaintiffs agree with Cultural Care's unopposed motion where it states that "names and other personal information of non-party host families and Local Childcare Consultants" be Level 1 restricted and include those proposed restrictions below.  ECF No. 939 at ¶ 10.

6

- CCI Restricted Appx. 00017, Tr. 25:1-25
- CCI Restricted Appx. 00019, Tr. 39:16-24
- CCI Restricted Appx. 00021, Tr. 23:12-18
- CCI Restricted Appx. 00023, Tr. 100:1-25
- CCI Restricted Appx. 00025, Tr. 62:20-25
- CCI Restricted Appx. 00028, Tr. 33:5-10
- CCI Restricted Appx. 00029, Tr. 34:14-21
- CCI Restricted Appx. 00033, Tr. 52:23-25

Therefore, Plaintiffs submit a redacted copy, annexed hereto as <u>Exhibit C</u>. This redacted copy would protect confidential information, and may be made available for public viewing.

### d. Expert Au Pair's Restricted Appendix in Support of Response In Opposition to Plaintiffs' Motion for Summary Judgment [ECF No. 941]

Plaintiffs respectfully request that Expert Au Pair's Restricted Appendix maintain its Level 1 restriction with respect to the excerpts listed below. Plaintiffs move to restrict access because the transcript excerpts reflect personal, confidential information about non-party host families, non-party potential host families, and the witness. *See supra* at 7.a. Accordingly, these excerpts should maintain their Level 1 restrictions.

Specifically, Plaintiffs believe that the following portions of the Appendix should be redacted:

- Expert AuPair Restricted Appx. 003, Tr. 51:8-16
- Expert AuPair Restricted Appx. 004, Tr. 52:4-7
- Expert AuPair Restricted Appx. 004-05, Tr. 52:25-53:20
- Expert AuPair Restricted Appx. 006, Tr. 54:3-17
- Expert AuPair Restricted Appx. 007, Tr. 55:5-9
- Expert AuPair Restricted Appx. 007, Tr. 55:22-25
- Expert AuPair Restricted Appx. 008, Tr. 251:1-20
- Expert AuPair Restricted Appx. 009, Tr. 265:18-25

Therefore, Plaintiffs submit a redacted copy, attached hereto as <u>Exhibit D</u>. This redacted copy would protect confidential information, and may be made available for public viewing.

### e. Plaintiffs' Declaration in Support of and Appendixes to Opposition to Defendants' Motions for Summary Judgment [ECF No. 943]

Plaintiffs respectfully request that their Declaration in Support of and Appendixes to Opposition to Defendants' Motions for Summary Judgment maintain its Level 1 restriction with respect to the excerpts listed below. Plaintiffs move to restrict access because the transcript excerpts reflect personal, confidential information about non-party host families, non-party potential host families, au pair program participants, and au pair witnesses. *See supra* at 7.a. Accordingly, these excerpts should maintain their Level 1 restrictions.

Specifically, Plaintiffs believe that the following portions of the Appendix should be redacted:

<u>Exhibit E</u>
- Plaintiffs' Resp. App. 703-05, Exhibit 73
- Plaintiffs' Resp. App. 724-30, Exhibit 80

<u>Exhibit F</u>
- Plaintiffs' Resp. App. 1168-70, Exhibit 117
- Plaintiffs' Resp. App. 1171-76, Exhibit 118

<u>Exhibit G</u>
- Plaintiffs' Resp. App. 1344-46, Exhibit 133

<u>Exhibit H</u>
- Plaintiffs' Resp. App. 1557-68, Exhibit 161
- Plaintiffs' Resp. App. 1666-73, Exhibit 174
- Plaintiffs' Resp. App.1684-92, Exhibit 176
- Plaintiffs' Resp. App.1715-17, Exhibit 182
- Plaintiffs' Resp. App.1724-26, Exhibit 184
- Plaintiffs' Resp. App. 1727-29, Exhibit 185

<u>Exhibit I</u>
- Plaintiffs' Resp. App. 1746-48, Exhibit 189

<u>Exhibit J</u>
- Plaintiffs' Resp. App. 1905-06, Exhibit 236
- Plaintiffs' Resp. App. 1907-10, Exhibit 237

<u>Exhibit K</u>
- Plaintiffs' Resp. App. 2212-40, Exhibit 266
- Plaintiffs' Resp. App. 2241-44, Exhibit 267

<u>Exhibit L</u>
- Plaintiffs' Resp. App. 2272-2304, Exhibit 270

<u>Exhibit M</u>
- Plaintiffs' Resp. App. 2352-54, Exhibit 275
- Plaintiffs' Resp. App. 2355-56, Exhibit 276

<u>Exhibit N</u>
- Plaintiffs' Resp. App. 2457-88, Exhibit 282

<u>Exhibit O</u>
- Plaintiffs' Resp. App. 2495-2505, Exhibit 283
- Plaintiffs' Resp. App. 2518-22, Exhibit 286
- Plaintiffs' Resp. App. 2541-45, Exhibit 291
- Plaintiffs' Resp. App. 2557-59, Exhibit 294

<u>Exhibit P</u>
- Plaintiffs' Resp. App. 2601-02, Exhibit 302
- Plaintiffs' Resp. App. 2603-05, Exhibit 303
- Plaintiffs' Resp. App. 2661-70, Exhibit 306

<u>Exhibit Q</u>
- Plaintiffs' Resp. App. 2826-52, Exhibit 315
- Plaintiffs' Resp. App. 2853-55, Exhibit 316

<u>Exhibit R</u>
- Plaintiffs' Resp. App. 3491-95, Exhibit 351
- Plaintiffs' Resp. App. 3581-90, Exhibit 354

<u>Exhibit S</u>
- Plaintiffs' Resp. App. 3662-63, Exhibit 358

Exhibit T
- Plaintiffs' Resp. App. 4092-4102, Exhibit 372

Exhibit U
- Plaintiffs' Resp. App. 4204-06, Exhibit 380
- Plaintiffs' Resp. App. 4207-09, Exhibit 381

Exhibit V
- Plaintiffs' Resp. App. 4225-53, Exhibit 385
- Plaintiffs' Resp. App. 4376-81, Exhibit 397
- Plaintiffs' Resp. App. 4382-85, Exhibit 398
- Plaintiffs' Resp. App. 4392-97, Exhibit 400

Exhibit W
- Plaintiffs' Resp. App. 4726-35, Exhibit 425
- Plaintiffs' Resp. App. 4736-41, Exhibit 426
- Plaintiffs' Resp. App. 4742-47, Exhibit 427
- Plaintiffs' Resp. App. 4748-53, Exhibit 428
- Plaintiffs' Resp. App. 4754-61, Exhibit 429
- Plaintiffs' Resp. App. 4762-67, Exhibit 430
- Plaintiffs' Resp. App. 4768-73, Exhibit 431
- Plaintiffs' Resp. App. 4774-70, Exhibit 432
- Plaintiffs' Resp. App. 4780-85, Exhibit 433
- Plaintiffs' Resp. App. 4814-22, Exhibit 436

Exhibit X
- Plaintiffs' Resp. App. 4829-85, Exhibit 438
- Plaintiffs' Resp. App. 4886-5097, Exhibit 439
- Plaintiffs' Resp. App. 5133-81, Exhibit 441

Therefore, Plaintiffs submit redacted copies, attached hereto as Exhibits E-X.[4]

These redacted copies will protect confidential information, and may be made available for public viewing.

---

[4] Plaintiffs respectfully request that Exhibit E replace ECF No. 943-4, Exhibit F replace ECF No. 943-11, Exhibit G replace ECF No. 943-13, Exhibit H replace ECF No. 943-16, Exhibit I replace ECF No. 943-17, Exhibit J replace ECF No. 943-18, Exhibit K replace ECF No. 943-21, Exhibit L replace ECF No. 943-22, Exhibit M replace ECF No. 943-23, Exhibit N replace ECF No. 943-26, Exhibit O replace ECF No. 943-27, Exhibit P replace ECF No. 943-28, Exhibit Q replace ECF No. 943-30, Exhibit R replace ECF No. 943-34, Exhibit S replace ECF No. 943-38, Exhibit T replace ECF No. 943-44, Exhibit U replace ECF No.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court issue an Order restricting public access under Level 1, to ECF Nos. 934, 935, 938, 941, and 943, and accept the attached redacted versions of ECF Nos. 934, 935, 938, 941, and 943 for public filing.

Dated: March 30, 2018

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

  /s/ Joshua J. Libling
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

Sigrid S. McCawley
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301

---

943-45, Exhibit V replace ECF No. 943-46, Exhibit W replace ECF No. 943-47, and Exhibit X replace ECF No. 943-48.

Tel: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com

TOWARDS JUSTICE
Alexander Hood
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 30, 2018, I electronically served the foregoing motion on all counsel of record.

*/s/* Joshua J. Libling
Joshua J. Libling
