IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*,

      Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*,

      Defendants.

---

**CERTAIN DEFENDANTS' UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NO. 942] AND TO CERTAIN EXHIBITS TO PLAINTIFFS' OPPOSITION [ECF NOS. 943 – 943-50]**

---

      Pursuant to D.C.COLO.LCivR 7.2 and the Court's direction, Moving Defendants Agent Au Pair, APF Global Exchange NFP d/b/a/ Au Pair Foundation ("APF"), A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair and 20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange ("APEX and 20/20"), American Institute for Foreign Study d/b/a Au Pair in America ("APIA"), Au Pair International ("API"), Cultural Care, Inc. ("Cultural Care"), Cultural Homestay International ("CHI"), EurAuPair Intercultural Child Care Programs ("EurAuPair"), and Go Au Pair Operations LLC and American Cultural Exchange, LLC d/b/a Go Au Pair (together, "Go Au Pair") hereby move the Court for an Order restricting public access, under Level 1, to certain exhibits (ECF Nos. 943 through 943-50) to Plaintiffs' Opposition to Defendants' Motions for Summary Judgment (ECF No. 942) ("Opposition) and to certain parts of Plaintiffs' Opposition brief.  In support thereof, Moving Defendants state as follows:

1.      As required by D.C.COLO.LCivR 7.1(a), counsel for Moving Defendants conferred with Plaintiffs' counsel in good faith regarding this Motion, and Plaintiffs did not oppose the relief requested.

2.      All parties to this action have stipulated to an Amended Stipulated Protective Order ("Amended Stipulated Protective Order") that is consistent with the requirements set forth in *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, App. A (D. Colo. 2000).

3.      The Amended Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure of discovery duties created by the Federal Rules of Civil Procedure."  Amended Stipulated Protective Order ¶ 1 (ECF No. 694).

4.      Pursuant to the Amended Stipulated Protective Order, all parties have agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Level 1 restricted access.  *Id.* ¶ 8.

5.      On February 17, 2018, Plaintiffs filed their Opposition to Defendants' Motions for Summary Judgment (ECF No. 942).  Plaintiffs also filed exhibits in Plaintiffs' Restricted Appendix under Level 1 restriction (ECF Nos. 943 through 943-50) ("PRA").

6.      In accordance with D.C.COLO.LCivR 7.2(c)(1) and (2), Moving Defendants identify the documents in Plaintiffs' Restricted Appendix (ECF Nos. 943

through 943-50) for which restriction is sought and the interests to be protected as follows:

### Agent Au Pair

a.    **Exhibit 413**:  Exhibit 413 (Attachment 47, ECF No. 943-47, PRA 4627-34) contains a portion of the deposition of Stacey Frank that Agent Au Pair has designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY because it reflects competitively sensitive information concerning its transfer of ownership (*see* PRA 4630). Agent Au Pair requests that this information remain restricted from public view to protect Agent Au Pair's business interests. Agent Au Pair is willing to submit a redacted version of Exhibit 413 that omits the highly confidential information for filing on the public docket.

### APEX and 20/20

b.    **Exhibit 406**:  Exhibit 406 (Attachments 46 and 47, ECF Nos. 943-46, 943-47, PRA 4499-559) is the Fed. R. Civ. P. 30(b)(6) deposition of Heidi Mispagel who served as the company representative for APEX and 20/20, the transcript of which was designated as CONFIDENTIAL.  Exhibit 406 contains confidential business information about these sponsor Defendants.

### APF

c.    **Exhibits 5, 103-107, 109, 136, 229, 346-47, 409, 446**:  These exhibits comprise documents and testimony that APF has designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY because they detail APF's policies and practices related to its relationships with au pairs and host families, constitute material

developed at significant investment of time and expense and are considered to be of competitive value.  The documents contain proprietary business information of competitive value and significance.

- Exhibit 5 (Attachment 1, ECF No. 943-1, PRA 388)

- Exhibit 103 (Attachment 11, ECF No. 943-11, PRA 1001-02)

- Exhibit 104 (Attachment 11, ECF No. 943-11, PRA 1004-18)

- Exhibit 105 (Attachment 11, ECF No. 943-11, PRA 1020-24)

- Exhibit 106 (Attachment 11, ECF No. 943-11, PRA 1025-31)

- Exhibit 107 (Attachment 11, ECF No. 943-11, PRA 1033-75)

- Exhibit 109 (Attachment 11, ECF No. 943-11, PRA 1080-83)

- Exhibit 136 (Attachment 14, ECF No. 943-14, PRA 1374-77)

- Exhibit 229 (Attachment 17, ECF No. 943-17, PRA 1852)

- Exhibit 346 (Attachment 33, ECF No. 943-33, PRA 3385-99)

- Exhibit 347 (Attachments 34 and 35, ECF No. 943-33, 943-34, PRA 3400-3450)

- Exhibit 409 (Attachment 47, ECF No. 943-47, PRA 4577-80, 4582, 4584-87)

- Exhibit 446 (Attachment 48, ECF No. 943-48, PRA 5431, 5439-40, 5444, 5448-51, 5455-60, 5462-65, 5468-83)

**APIA**

**d.**     **Exhibits 38, 40, and 41**:  With respect to Exhibit 38 (Attachment 3, ECF No. 943-3, PRA 548-49), Exhibit 40 (Attachment 3, ECF No. 943-3, PRA 568-569),

and Exhibit 41 (Attachment 3, ECF No. 943-3, PRA 571-72), APIA moves to restrict these documents as they contain confidential email correspondence between the Alliance and APIA regarding APIA's business operations.

   e. **Exhibit 64:** Exhibit 64 (Attachment 4, ECF No. 943-4, PRA 659-61) contains confidential email correspondence from AIFS' Senior Vice President and Director Ruth Ferry regarding the agenda for an internal meeting regarding business operations and, therefore, should be restricted from public access.

   f. **Exhibits 55 and 73:** Exhibit 55[1] (Attachment 4, ECF No. 943-4, PRA 625-27) and Exhibit 73 (Attachment 4, ECF No. 943-4, PRA 703-705) contain confidential APIA email communication between the Alliance and APIA regarding a position paper and should be restricted from public access.

   g. **Exhibit 78:** Exhibit 78 (Attachment 4, ECF No. 943-4, PRA 717-19) is a confidential email from a host family to Ruth Ferry regarding a potential legal action.

   h. **Exhibits 85-89:** Exhibit 85 (Attachment 4, ECF No. 943-4, PRA 764-65) should be restricted from public access because it contains a competitively sensitive internal draft of a business document.  Exhibit 86 (Attachment 4, ECF No. 943-4, PRA 766-69) should be restricted because it is a competitively sensitive information sheet prepared by APIA regarding the au pair stipend.  Exhibit 87 (Attachment 4, ECF No. 943-4, PRA 769-73) should be restricted because it is a competitively sensitive APIA analysis and comparison of different au pair sponsor programs.  Exhibit 88

---

[1] Cultural Care also moves to restrict Exhibit 55 and details its reasons for the restriction *infra* ¶ 6.kk.

(Attachment 4, ECF No. 943-4, PRA 774-76) should be restricted because it is a confidential email from Ruth Ferry regarding the agenda for an internal meeting regarding business operations.  Exhibit 89 (Attachment 4, ECF No. 943-4, PRA 777-78) should be restricted because it is a confidential email discussing the Alliance meeting agenda and APIA business operations.

       **i.**      **Exhibits 90-93:**  Exhibits 90 and 91 (Attachment 5, ECF No. 943-5, PRA 779-83) should be restricted from public access because it contains confidential emails from Ruth Ferry regarding APIA's internal business operations.  Exhibit 92 (Attachment 5, ECF No. 943-5, PRA 784-87) should be restricted because it contains confidential notes from an Au Pair Sponsor Meeting regarding APIA business operations.  Exhibit 93 (Attachment 5, ECF No. 943-5, PRA 788-90) should be restricted because it is a confidential email from Ruth Ferry regarding APIA's internal business operations.

       **j.**      **Exhibits 212 and 218:**  Exhibit 212 (Attachment 17, ECF No. 943-17, PRA 1800-01) should be restricted from public access because it is a confidential email communication from APIA regarding an Alliance meeting.  Exhibit 218[2] (Attachment 17, ECF No. 943-17, PRA 1818-21) should also be restricted because it contains confidential email correspondence between Alliance and APIA.

       **k.**      **Exhibit 249:**  Exhibit 249 (Attachment 18, ECF No. 943-18, PRA 2048-49) should be restricted as it contains confidential email correspondence between the Alliance and APIA regarding proposed AP education survey.

---

[2] Cultural Care also moves to restrict Exhibit 218 and details its reasons for the restriction *infra* ¶ 6.rr.

l.      **Exhibits 250-252:**  Exhibit 250 (Attachment 18, ECF No. 943-18, PRA 2051-52) contains competitively sensitive arrival notes and tips for au pairs and host families.  Exhibit 251 (Attachment 18, ECF No. 943-18, PRA 2053-57) is confidential correspondence between APIA and a host family regarding fees.  Exhibit 252 (Attachment 18, ECF No. 943-18, PRA 2058-67) is a competitively sensitive document providing guidance to host families regarding educational requirement fulfillment and extension in the program generally, and APIA respectfully requests that it be restricted from public access so not to irreparably compromise the business standing of AIFS and expose its proprietary, non-public business information and documents.

m.      **Exhibits 259 and 269:**  Exhibit 259 (Attachment 20, ECF No. 943-20, PRA 2185-86) is a competitively sensitive APIA host family interview outline and should be restricted from public access.  Similarly, Exhibit 269 (Attachments 21 and 22, ECF Nos. 943-21, 943-22, PRA 2247-304) should be restricted from public access because it contains competitively sensitive APIA guidelines for au pairs.  If this information was released to the public, it would irreparably compromise the business standing of AIFS and expose its proprietary business information.

n.      **Exhibits 264-267:**  Exhibit 264 (Attachment 21, ECF No. 943-21, PRA 2206-08) is a confidential email between the APIA compliance and extension program coordinator and an au pair.  Exhibit 265 (Attachment 21, ECF No. 943-21, PRA 2209-11) is a competitively sensitive internal email communication regarding marketing strategy.  Exhibit 266 (Attachment 21, ECF No. 943-21, PRA 2212-40) is a confidential email regarding a disagreement between a host family and au pair and discussing an au

pair's application for the program.  Exhibit 267 (Attachment 21, ECF No. 943-21, PRA 2241-44) is a confidential email communications between APIA and a host family regarding coordinating an au pair.

   **o.**   **Exhibit 270:**  Exhibit 270 (Attachment 22, ECF No. 943-22, PRA 2272-304) should be restricted from public access because it is a host family application and contains sensitive information related to third parties, including redactions of personal identifiers.

   **p.**   **Exhibit 341:**  Exhibit 341 (Attachment 33, ECF No. 943-33, PRA 3274-80) should be restricted from public access because it is a competitively sensitive APIA community counselor letter of agreement.

   **q.**   **Exhibits 344, 383-85:**  Exhibit 344 (Attachment 33, ECF No. 943-33, PRA 3287-375) should be restricted from public access because it comprises competitively sensitive APIA orientation materials and training agenda.  Additionally, Exhibit 383 (Attachment 46, ECF No. 943-46, PRA 4212-13) is an internal meeting agenda related to APIA's business operations.  Exhibit 384 (Attachment 46, ECF No. 943-46, PRA 4214-24) is a competitively sensitive internal Au Pair in America extension letter to au pair / paperwork.  Exhibit 385 (Attachment 46, ECF No. 943-46, PRA 4225-55) is a competitively sensitive document containing au pair's snapshot for a specific au pair.

   **r.**   **Exhibits 387 and 388:**  Exhibit 387 (Attachment 46, ECF No. 943-46, PRA 4285-98) should be restricted from public access because it is APIA's quarterly

status report form.  Exhibit 388 (Attachment 46, ECF No. 943-46, PRA 4299-304) is APIA's tax guidance and information for au pairs, which are both highly confidential.

      **s.**    **Exhibits 411 and 447:**  Exhibit 411 (Attachment 47, ECF No. 943-47, PRA 4595-612) contains excerpts from Ruth Ferry's deposition discussing confidential business operations and competitively sensitive information, including, but not limited to, placement rates and advertisement strategy.   Additionally, Exhibit 447 (Attachment 48, ECF No. 943-48, PRA 5485-528) contains excerpts from Ruth Ferry's deposition discussing confidential business operations and competitively sensitive information, including, but not limited to, APIA's organizational structure and job duties of APIA's personnel.  Restriction from public access for Exhibit 447 (Attachment 49, ECF No. 943-49, PRA 5529-80) is also requested by APIA as these are excerpts from Ruth Ferry's deposition discussing confidential business operations and competitively sensitive information, including, but not limited to, marketing.

      **t.**    **Exhibit 460:**  Exhibit 460 (Attachment 49, ECF No. 943-49, PRA 5968-69) should be restricted from public access as these are internal APIA email communications regarding new possible legislation governing J-1 visas.

      **u.**    **Exhibit 461:**  Exhibit 461 (Attachment 49, ECF No. 943-49, PRA 5970-71) should be restricted from public access because it contains competitively sensitive information, including email communications regarding APIA confidential business communications and strategy.

**<u>Au Pair International</u>**

      **v.**      **Pacheco Declaration ¶ 352**:  The declaration of Byron Pacheco (ECF No. 943) reflects personally identifying information of a member of an API host family (*see* ¶ 352).  API requests that this information remain restricted from public view to protect the privacy of this individual.  API is willing to submit a redacted version of Exhibit 115 that omits the confidential information for filing on the public docket.

      **w.**      **Exhibits 115-119**:  Exhibits 115, 116, 117, 118, and 119 (Attachment 11, ECF No. 943-11, PRA 1099-1176) are copies of email exchanges produced by API that reflect personal email addresses belonging to individual third parties, including host families.  API requests that this information remain restricted from public view to protect the privacy of these individuals.  API is willing to submit a redacted version of Exhibit 115 that omits the confidential information for filing on the public docket.

      **x.**      **Exhibit 351**:  Exhibit 351 (Attachment 34, ECF No. 943-34, PRA 3491-95) is an email exchange produced by API that reflects confidential name and contact information for a member of an API host family.  API requests that this information remain restricted from public view to protect the privacy of this individual.  API is willing to submit a redacted version of Exhibit 351 that omits the confidential information for filing on the public docket.

      **y.**      **Exhibit 470**:  Exhibit 470 (Attachment 50, ECF No. 943-50, PRA 6144-74) contains a portion of the deposition of Steve Lehan that API has designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY because it reflects

competitively sensitive information concerning the value of API's business (*see* PRA 6171-73).  API requests that this information remain restricted from public view to protect API's business interests.  API is willing to submit a redacted version of Exhibit 470 that omits the highly confidential information for filing on the public docket.

### Cultural Care

**z.**     **Exhibit 1:**  Exhibit 1 (Attachment 1, ECF No. 943-1, PRA 1-89) is the January 13, 2017 Expert Report of William O. Kerr, Ph.D and supporting exhibits. Exhibit 1 contains sensitive and proprietary business information concerning Cultural Care as well as the personal identifying information of third parties.  Exhibit 1 was originally filed at ECF No. 560-65.  A motion to restrict access with respect to this document was filed at ECF No. 573.  The Court granted that motion at ECF No. 583.  In accordance with the Court's earlier order, Cultural Care requests that the original, unredacted Exhibit 1 remain under Level 1 restricted access.

**aa.**     **Exhibit 2:**  Exhibit 2 (Attachment 1, ECF No. 943-1, PRA 90-137) is the February 3, 2017 Rebuttal Expert Report of William O. Kerr, Ph.D and supporting exhibits.  The exhibit contains sensitive and proprietary business information concerning Cultural Care and the other Sponsor Defendants as well as the personal identifying information of third parties.  Disclosure of this internal confidential business information would cause competitive harm to Cultural Care and the Other Defendants.  Cultural Care requests that Exhibit 2 remains under Level 1 restricted access.

**bb.**     **Exhibit 3:**  Exhibit 3 (Attachment 1, ECF No. 943-1, PRA 138-287) is the October 2, 2017 Merits Report of William O. Kerr, Ph.D and supporting exhibits.

The exhibit contains sensitive and proprietary business information concerning Cultural Care and the other Sponsor Defendants as well as the personal identifying information of third parties.  Disclosure of this internal confidential business information would cause competitive harm to Cultural Care and the Other Defendants.  Cultural Care requests that Exhibit 3 remains under Level 1 restricted access.

   **cc.** **Exhibit 4:**  Exhibit 4 (Attachment 1, ECF No. 943-1, PRA 288-386) is the October 30, 2017 Rebuttal Merits Report of William O. Kerr, Ph.D and supporting exhibits.  The exhibit contains sensitive and proprietary business information concerning Cultural Care and the other Sponsor Defendants as well as the personal identifying information of third parties.  Disclosure of this internal confidential business information would cause competitive harm to Cultural Care and the Other Defendants.  Cultural Care requests that Exhibit 4 remains under Level 1 restricted access.

   **dd.** **Exhibits 11, 12, 14-16:**  Exhibit 11 (Attachment 1, ECF No. 943-1, PRA 424-25), Exhibit 12 (Attachment 1, ECF No. 943-1, PRA 426-27), and Exhibits 14, 15, and 16 (Attachment 1, ECF No. 943-1, PRA 430-43) are excerpts of notes produced by third party the Alliance for International Exchange (the "Alliance") reflecting discussions among one or more Cultural Care officers, Alliance personnel, representatives of other sponsor agencies, and/or lobbyists acting on behalf of certain sponsors.  The exhibits were designated CONFIDENTIAL pursuant to a stipulated agreement entered among the parties and the Alliance, which is in relevant part identical to the Amended Stipulated Protective Order.  These notes reflect private and confidential discussions concerning lobbying and advocacy strategies related to the au

pair program.  Disclosure of these confidential deliberations would cause harm to Cultural Care and other defendants with respect to their advocacy initiatives.  Cultural Care requests that Exhibits 11, 12, and 14-16 remain under Level 1 restricted access.

ee.    **Exhibit 17:**  Exhibit 17 (Attachment 1, ECF No. 943-1, PRA 444-48) is a draft memorandum with handwritten notations from the Alliance addressed to au pair program sponsors that are members of the Alliance.  The exhibit was produced by the Alliance and designated CONFIDENTIAL pursuant to a stipulated agreement entered among the parties and the Alliance, which is in relevant part identical to the Amended Stipulated Protective Order.  This memorandum reflects private and confidential discussions concerning lobbying and advocacy strategies related to the au pair program.  Disclosure of these confidential deliberations would cause harm to Cultural Care and other defendants with respect to their advocacy initiatives.  Cultural Care requests that Exhibit 17 remains under Level 1 restricted access.

ff.    **Exhibit 18:**  Exhibit 18 (Attachment 1, ECF No. 943-1, PRA 449-51) is a memorandum from the Alliance addressed to au pair program sponsors that are members of the Alliance.  The exhibit was produced by the Alliance and designated CONFIDENTIAL pursuant to a stipulated agreement entered among the parties and the Alliance, which is in relevant part identical to the Amended Stipulated Protective Order. The memorandum reflects private and confidential discussions concerning lobbying and advocacy strategies related to the au pair program.  Disclosure of these confidential deliberations would cause harm to Cultural Care and other defendants with respect to

their advocacy initiatives.  Cultural Care requests that Exhibit 18 remains under Level 1 restricted access.

       **gg.**    **Exhibit 19:**  Exhibit 19 (Attachment 1, ECF No. 943-1, PRA 452-53) is an email from Natalie Jordan of Cultural Care to Ilir Zherka of the Alliance.  The exhibit was produced by the Alliance and designated CONFIDENTIAL pursuant to a stipulated agreement entered among the parties and the Alliance, which is in relevant part identical to the Amended Stipulated Protective Order.  The email reflects private and confidential discussions concerning lobbying and advocacy strategies related to the au pair program.  Disclosure of these confidential deliberations would cause harm to Cultural Care with respect to its advocacy initiatives.  Cultural Care requests that Exhibit 19 remains under Level 1 restricted access.

       **hh.**    **Exhibit 39:**  Exhibit 39 (Attachment 3, ECF No. 943-3, PRA 558-67) is a memorandum from the Alliance addressed to Alliance members.  The exhibit was produced by the Alliance and designated CONFIDENTIAL pursuant to a stipulated agreement entered among the parties and the Alliance, which is in relevant part identical to the Amended Stipulated Protective Order.  The memorandum reflects private and confidential discussions concerning lobbying and advocacy strategies related to the au pair program as well as other exchange programs.  Disclosure of these confidential deliberations would cause harm to Cultural Care, other defendants, and non-party program sponsors with respect to their advocacy initiatives.  Cultural Care requests that Exhibit 39 remains under Level 1 restricted access.

ii.     **Exhibit 47:**  Exhibit 47 (Attachment 3, ECF No. 943-3, PRA 589-98) is a memorandum from the Alliance addressed to the Alliance Board of Directors. The exhibit was produced by the Alliance and designated CONFIDENTIAL pursuant to a stipulated agreement entered among the parties and the Alliance, which is in relevant part identical to the Amended Stipulated Protective Order.  The memorandum reflects private and confidential discussions concerning lobbying and advocacy strategies related to the au pair program as well as other exchange programs.  Disclosure of these confidential deliberations would cause harm to Cultural Care, other defendants, and non-party program sponsors with respect to their advocacy initiatives.  Cultural Care requests that Exhibit 47 remains under Level 1 restricted access.

jj.     **Exhibit 48:**  Exhibit 48 (Attachment 3, ECF No. 943-3, PRA 599-606) is a memorandum from a lobbying firm addressed to the Alliance.  The exhibit was produced by the Alliance and designated CONFIDENTIAL pursuant to a stipulated agreement entered among the parties and the Alliance, which is in relevant part identical to the Amended Stipulated Protective Order.  The memorandum reflects private and confidential discussions concerning lobbying and advocacy strategies related to the au pair program as well as other exchange programs.  Disclosure of these confidential deliberations would cause harm to Cultural Care, other defendants, and non-party program sponsors with respect to their advocacy initiatives.  Cultural Care requests that Exhibit 48 remains under Level 1 restricted access.

kk.     **Exhibits 51, 54-55, 57-59, 62:**  Exhibit 51 (Attachment 4, ECF No. 943-4, PRA 613-16), Exhibit 54 (Attachment 4, ECF No. 943-4, PRA 622-24), Exhibit

55[3] (Attachment 4, ECF No. 943-4, PRA 625-27), Exhibits 57-59 (Attachment 4, ECF No. 943-4, PRA 631-38), and Exhibit 62 (Attachment 4, ECF No. 943-4, PRA 649-53) are emails between and among officers of the Alliance and officers of the Defendants, as well as lobbyists retained by one or more Defendants.  The exhibits were produced by the Alliance and designated CONFIDENTIAL pursuant to a stipulated agreement entered among the parties and the Alliance, which is in relevant part identical to the Amended Stipulated Protective Order.  The emails reflect private and confidential discussions concerning lobbying and advocacy strategies related to the au pair program.  Disclosure of these confidential deliberations would cause harm to Cultural Care and other Defendants with respect to their advocacy initiatives.  Cultural Care requests that Exhibits 51, 54, 55, 57-59, and 62 remain under Level 1 restricted access.

     **II.**     **Exhibit 60:**  Exhibit 60 (Attachment 4, ECF No. 943-4, PRA 639-45) is a memorandum from the Alliance.  The exhibit was produced by the Alliance and designated CONFIDENTIAL pursuant to a stipulated agreement entered among the parties and the Alliance, which is in relevant part identical to the Amended Stipulated Protective Order.  The memorandum reflects private and confidential discussions concerning lobbying and advocacy strategies related to the au pair program.  Disclosure of these confidential deliberations would cause harm to Cultural Care and other defendants with respect to their advocacy initiatives.  Cultural Care requests that Exhibit 60 remains under Level 1 restricted access.

---

[3] APIA also moves to restrict Exhibit 55 and details the reasons for the restriction *supra* ¶ 6.f.

      **mm.   Exhibit 108:**  Exhibit 108 (Attachment 11, ECF No. 943-11, PRA 1076-78) is an email between officers of the Alliance and officers of the Defendants, as well as lobbyists retained by one or more Defendants.  The exhibit was produced by ExpertAuPair and designated CONFIDENTIAL pursuant to the Amended Stipulated Protective Order.  The email reflects private and confidential discussions concerning lobbying and advocacy strategies related to the au pair program.  Disclosure of these confidential deliberations would cause harm to Cultural Care and other Defendants with respect to their advocacy initiatives.  Cultural Care requests that Exhibit 108 remains under Level 1 restricted access.

      **nn.   Exhibit 120:**  Exhibit 120 (Attachment 12, ECF No. 943-12, PRA 1253-55) is an internal market competition report prepared by Cultural Care.  The exhibit was produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  The report reflects Cultural Care's proprietary and confidential analyses of its market competitors, the other sponsor Defendants.  Disclosure of this internal confidential business information would cause competitive harm to Cultural Care.  Cultural Care requests that Exhibit 120 remains under Level 1 restricted access.

      **oo.   Exhibit 157:**  Exhibit 157 (Attachment 15, ECF No. 943-15, PRA 1543-45) is the same document as Exhibit 108.  For the reasons discussed *supra* at paragraph 6.mm, Cultural Care requests that Exhibit 157 remains under Level 1 restricted access.

**pp.      Exhibit 208:**  Exhibit 208 (Attachment 17, ECF No. 943-17, PRA 1789-92) is an email thread between officers of the Alliance and lobbyists retained by one or more Defendants.  The exhibit was produced by the Alliance and designated CONFIDENTIAL pursuant to a stipulated agreement entered among the parties and the Alliance, which is in relevant part identical to the Amended Stipulated Protective Order. The email reflects private and confidential discussions concerning lobbying and advocacy strategies related to the au pair program.  Disclosure of these confidential deliberations would cause harm to Cultural Care and other Defendants with respect to their advocacy initiatives.  Cultural Care requests that Exhibit 208 remains under Level 1 restricted access.

**qq.      Exhibit 216:**  Exhibit 216 (Attachment 17, ECF No. 943-17, PRA 1813-15) is an internal email thread among officers of Cultural Care and its international affiliate.  The exhibit was produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  The email reflects Cultural Care's proprietary and confidential business determinations concerning market competitors.  Disclosure of this internal confidential business information would cause competitive harm to Cultural Care. Cultural Care requests that Exhibit 216 remains under Level 1 restricted access.

**rr.      Exhibits 217 and 218:**  Exhibit 217 (Attachment 17, ECF No. 943-17, PRA 1816-17) and Exhibit 218[4] (Attachment 17, ECF No. 943-17, PRA 1818-21) are internal email threads among officers of Cultural Care.  The exhibits were produced

---

[4] APIA also moves to restrict Exhibit 218 and details its reasons for the restriction *supra* at ¶ 6.j.

by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  The emails reflect Cultural Care's internal and candid assessments with respect to its interactions with its primary regulator and competitors and were not intended for publication.  Disclosure of this internal confidential business information would cause harm to Cultural Care.  Cultural Care requests that Exhibits 217 and 218 remain under Level 1 restricted access.

ss.     **Exhibit 247:**  Exhibit 247 (Attachment 18, ECF No. 943-18, PRA 1957-86) is the February 3, 2017 Expert Rebuttal Report of Dr. Elizabeth H. Newlon, which has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  Dr. Newlon's report contains proprietary and competitively sensitive confidential business information of the Defendants.  Publicizing this confidential, proprietary information would cause Defendants serious injury.  Cultural Care requests that Exhibits 247 remains under Level 1 restricted access.

tt.     **Exhibit 248:**  Exhibit 248 (Attachment 18, ECF No. 943-18, PRA 1987-2043) is the July 31, 2017 Expert Report of Dr. Lauren J. Stiroh, which has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  Dr. Stiroh's report contains proprietary and competitively sensitive confidential business information of the Defendants.  Publicizing this confidential, proprietary information would cause Defendants serious injury.  Cultural Care requests that Exhibits 248 remains under Level 1 restricted access.

uu.     **Exhibit 273:**  Exhibit 273 (Attachment 23, ECF No. 943-23, PRA 2320-22) is an internal memorandum prepared by Cultural Care.  The exhibit was produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  The report reflects Cultural Care's proprietary and confidential marketing strategies.  Disclosure of this internal confidential business information would cause competitive harm to Cultural Care.  Cultural Care requests that Exhibit 273 remains under Level 1 restricted access.

vv.     **Exhibit 275:**  Exhibit 275 (Attachment 23, ECF No. 943-23, PRA 2352-54) is an au pair incident report prepared by Cultural Care.  The exhibit was produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  The report reflects personal information related to an au pair and a non-party host family.  Publicizing this information would result in unnecessary disclosure of personal and confidential information.  Cultural Care requests that Exhibit 275 remains under Level 1 restricted access, or, in the alternative, is willing to submit a version redacting personally identifying information for public filing.

ww.     **Exhibit 276:**  Exhibit 276 (Attachment 23, ECF No. 943-23, PRA 2355-56) is a letter to the U.S. Embassy in Colombia prepared by Cultural Care.  The exhibit was produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  The report reflects personal information related to an au pair and a non-party host family.  Publicizing this information would result in unnecessary disclosure of personal and

confidential information.  Cultural Care requests that Exhibit 276 remains under Level 1 restricted access, or, in the alternative, is willing to submit a version redacting personally identifying information for public filing.

   **xx.**  **Exhibit 282:**  Exhibit 282 (Attachments 26 and 27, ECF Nos. 943-26, 943-27, PRA 2456-94) is an au pair profile.  The exhibit was produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  The profile reflects personal information related to an au pair and a non-party host family and LCC.  Publicizing this information would result in unnecessary disclosure of personal and confidential information. Cultural Care requests that Exhibit 282 remains under Level 1 restricted access, or, in the alternative, is willing to submit a version redacting personally identifying information for public filing.

   **yy.**  **Exhibit 283:**  Exhibit 283 (Attachment 27, ECF No. 943-27, PRA 2495-505) is a host family profile.  The exhibit was produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  The profile reflects personal information related to a non-party host family.  Publicizing this information would result in unnecessary disclosure of personal and confidential information.  Cultural Care requests that Exhibit 283 remains under Level 1 restricted access, or, in the alternative, is willing to submit a version redacting personally identifying information for public filing.

   **zz.**  **Exhibit 317:**  Exhibit 317 (Attachment 30, ECF No. 943-30, PRA 2856-58) is an internal email thread among officers of Cultural Care and officers of its

international affiliate.  The exhibit was produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  The email reflects Cultural Care's internal and candid assessments with respect to its interactions with its primary regulator and competitors and were not intended for publication.  Disclosure of this internal confidential business information would cause harm to Cultural Care.  Cultural Care requests that Exhibit 317 remain under Level 1 restricted access.

      **aaa.   Exhibit 353:**  Exhibit 353 (Attachment 34, ECF No. 943-34, PRA 3568-80) is an confidential service agreement between Cultural Care and its international affiliate.  The exhibit was produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  The agreement reflects Cultural Care's confidential and proprietary business information.  Disclosure of this internal confidential business information would cause competitive harm to Cultural Care.  Cultural Care requests that Exhibit 353 remain under Level 1 restricted access.

      **bbb.   Exhibit 354:**  Exhibit 354 (Attachment 34, ECF No. 943-34, PRA 3581-90) is an agreement between an au pair and Cultural Care's international affiliate. The exhibit was produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  The profile reflects personal information related to an au pair.  Publicizing this information would result in unnecessary disclosure of personal and confidential information. Cultural Care requests that Exhibit 354 remains under Level 1 restricted access, or, in

the alternative, is willing to submit a version redacting personally identifying information for public filing.

      **ccc.   Exhibit 358:**  Exhibit 358 (Attachment 38, ECF No. 943-38, PRA 3662-63) is a monthly contact report.  The exhibit was produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  This report reflects personal and confidential information about non-party au pairs, host families, and a Local Childcare Consultant, including personally identifying information and what appear to be payment records.  Publicizing this information would result in unnecessary disclosure of personal and confidential information.  Cultural Care requests that Exhibit 358 remains under Level 1 restricted access, or, in the alternative, is willing to submit a version redacting personally identifying information for public filing.

      **ddd.   Exhibit 403:**  Exhibit 403 (Attachment 46, ECF No. 943-46, PRA 4415-86) is the entire transcript of the April 14, 2017 deposition of Cultural Care's 30(b)(6) representative, Natalie Jordan.  Cultural Care designated pages 261, 263, 266, 268, and 276-77 as CONFIDENTIAL and pages 29-42, 46-58, 73, 96, 112-14, 129-30, 133-43, 154-55, 158, 172-73, 181-84, 192-95, 201, 203, 211, 224-57, 273-74, and 278 as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  These pages reflect confidential and proprietary information relating to Cultural Care's business operations, including its internal operations and relationships with its affiliates.  Disclosure of this internal confidential business information would cause competitive harm to Cultural Care.  Cultural Care

requests that Exhibit 403 remains under Level 1 restricted access, or, in the alternative, is willing to submit a version redacting confidential and proprietary business information for public filing.

   **eee.** **Exhibit 417:** Exhibit 417 (Attachment 47, ECF No. 943-17, PRA 4651-79) contains excerpts of the transcript of the June 12, 2017 deposition of Cultural Care's CEO, Goran Rannefors.  Cultural Care designated pages 28, 203, and 211-29 as CONFIDENTIAL and pages 18-19, 58, 63-80, 85-86, 161-76, and 205-10 as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  These pages reflect confidential and proprietary information relating to Cultural Care's business operations, including its internal operations and relationships with its affiliates.  Disclosure of this internal confidential business information would cause competitive harm to Cultural Care.  Cultural Care requests that Exhibit 417 remains under Level 1 restricted access, or, in the alternative, is willing to submit a version redacting confidential and proprietary business information for public filing.

   **fff.** **Exhibits 427, 429, 430, 432, 433, 436:** Exhibit 427 (Attachment 47, ECF No. 943-47, PRA 4742-47), Exhibit 429 (Attachment 47, ECF No. 943-47, PRA 4754-61), Exhibit 430 (Attachment 47, ECF No. 943-47, PRA 4762-67), Exhibit 432 (Attachment 47, ECF No. 943-47, PRA 4774-79), Exhibit 433 (Attachment 47, ECF No. 943-47, PRA 4780-85), and Exhibit 436 (Attachment 47, ECF No. 943-47, PRA 4814-22) contain excerpts of the transcripts of the depositions of FLSA opt-in Plaintiffs Mariel Andrea Bobboni, Cecile Pavot, Dafne DiMarco, Kubra Sahin, Laura Juliana Cano

Ligarreto, and Anais Marine Patience Zanga Tayida.  The exhibits reflect personally identifying information of non-party host family members and Local Childcare Consultants, including some potentially sensitive personal information, specifically at pages PRA 4745-47, 4759, 4761, 4765, 4779, 4783-85, and 4817-19.  Publicizing this information would result in unnecessary disclosure of personal and confidential information.  Cultural Care requests that Exhibits 427, 429, 430, 432, 433, and 436 remain under Level 1 restricted access, or, in the alternative, is willing to submit versions redacting personally identifying information for public filing.

ggg.   **Exhibit 435**:  Exhibit 435 (Attachment 47, ECF No. 943-47, PRA 4808-13) contains excerpts of the transcript of the January 29, 2018 deposition of Alliance officer Ilir Zherka.  The entire transcript was designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order.  The excerpts reflect communications among certain of the Defendants and the Alliance concerning advocacy strategies with respect to their interactions with the U.S. Department of State and other regulatory bodies.  Publicizing this confidential, proprietary information would cause Defendants and the Alliance injury.  Cultural Care requests that Exhibit 435 remains under Level 1 restricted access.

hhh.   **Exhibit 441**:  Exhibit 441 (Attachment 48, ECF No. 943-48, PRA 5133-81) is the entire transcript of the March 3, 2017 deposition of Plaintiff Sarah Carolina Azuela Rascon.  The exhibit reflects personally identifying information of non-party host family members and Local Childcare Consultants, including some potentially sensitive personal information, specifically at pages PRA 5146-60, 5163-72, and 5175.

Publicizing this information would result in unnecessary disclosure of personal and confidential information. Cultural Care requests that Exhibit 441 remains under Level 1 restricted access, or, in the alternative, is willing to submit versions redacting personally identifying information for public filing.

   **iii.**  **Exhibit 450:** Exhibit 450 (Attachment 49, ECF No. 943-49, PRA 5701-66) is the entire transcript of the June 12, 2017 deposition of Cultural Care's CEO, Goran Rannefors. Cultural Care designated pages 28, 41, 92-93, 203, and 211-29 as CONFIDENTIAL and pages 18-19, 44-50, 53-58, 63-80, 85-86, 101-20, 122-26, 129-30, 140-45, 161-76, and 205-10 as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order. These pages reflect confidential and proprietary information relating to Cultural Care's business operations, including its internal operations and relationships with its affiliates. Disclosure of this internal confidential business information would cause competitive harm to Cultural Care. Cultural Care requests that Exhibit 450 remains under Level 1 restricted access, or, in the alternative, is willing to submit a version redacting confidential and proprietary business information for public filing.

   **jjj.**  **Exhibit 452:** Exhibit 452 (Attachment 49, ECF No. 943-49, PRA 5829-83) is the entire transcript of the January 26, 2018 deposition of former Alliance officer Michael McCarry. The transcript was designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order. The transcript reflects communications among certain of the Defendants and the Alliance concerning advocacy strategies with respect to their interactions with the U.S.

Department of State and other regulatory bodies.  Publicizing this confidential, proprietary information would cause Defendants and the Alliance injury.  Cultural Care requests that Exhibit 452 remains under Level 1 restricted access.

      **kkk.**   **Exhibit 453:**  Exhibit 453 (Attachment 49, ECF No. 943-49, PRA 5884-946) is the entire transcript of the February 14, 2018 deposition of FLSA Opt-in Plaintiff Liliana Paulin Lozano.  The exhibit reflects personally identifying information of non-party host family members and Local Childcare Consultants, including some potentially sensitive personal information, specifically at pages PRA 5900-01, 5903-06, 5908-15, 5917, and 5920.  Publicizing this information would result in unnecessary disclosure of personal and confidential information.  Cultural Care requests that Exhibit 453 remains under Level 1 restricted access, or, in the alternative, is willing to submit a version redacting personally identifying information for public filing.

      **lll.**   **Exhibit 463:**  Exhibit 463 (Attachment 49, ECF No. 943-49, PRA 5978-80) is the same document as Exhibits 108 and 157.  For the reasons discussed *supra* at paragraphs 6.mm and 6.oo, Cultural Care requests that Exhibit 463 remains under Level 1 restricted access.

      **mmm. Exhibit 467:**  Exhibit 467 (Attachment 49, ECF No. 943-49, PRA 5991-6068) is the entire transcript of the December 21, 2017 deposition of William O. Kerr.  The transcript reflects sensitive and confidential business information of Cultural Care and other sponsor Defendants.  Publicizing this confidential, proprietary information would cause injury to Cultural Care and the other Defendants.  Cultural Care requests that Exhibit 467 remains under Level 1 restricted access, or, in the

alternative, is willing to submit a version redacting confidential and proprietary business information for public filing.

## Cultural Homestay International

nnn.   **Exhibit 133:**  Exhibit 133 (Attachment 13, ECF No. 943-13 at 48, PRA 1345) is an internal email that references a host family by name.  To protect the privacy interests of the host family, CHI requests that the name be redacted or the entire email be restricted.

ooo.   **Exhibit 359:**  Exhibit 359 (Attachment 38, ECF No. 943-38 at 17-39, PRA 3665-87) is CHI's Partner Agency Training Manual, in which CHI provides proprietary guidance to overseas partners on multiple issues, including how to recruit au pairs, the interview and selection process, topics to cover during the interview, CHI's matching processes, pre-departure orientation matters, and other issues unique to CHI.

## EurAuPair

ppp.   **Exhibit 143:**  Exhibit 143 (Attachment 15, ECF No. 943-15, PRA 1423-61) is EurAuPair's Au Pair Handbook.  EurAuPair respectfully requests an order restricting access, Level 1, to Exhibit 143.  Exhibit 143 is designated CONFIDENTIAL, and constitutes EurAupair's confidential, sensitive, and proprietary business information. EurAupair's right to privacy of its confidential, sensitive, and proprietary business information, such as handbooks and agreements, overcomes the presumption of openness because public access could harm EurAupair's competitive standing by revealing confidential business information about EurAupair and competitively sensitive information about its business operations.

qqq.   **Exhibit 144:**  Exhibit 144 (Attachment 15, ECF No. 943-15, PRA 1463-64) is EurAuPair's Au Pair Agreement form.  EurAuPair respectfully requests an order restricting access, Level 1, to Exhibit 144.  Exhibit 144 is designated CONFIDENTIAL, and constitutes EurAupair's confidential, sensitive, and proprietary business information. EurAupair's right to privacy of its confidential, sensitive, and proprietary business information, such as handbooks and agreements, overcomes the presumption of openness because public access could harm EurAupair's competitive standing by revealing confidential business information about EurAupair and competitively sensitive information about its business operations.

rrr.   **Exhibit 364:**  Exhibit 364 (Attachments 39, 40, and 41, ECF Nos. 943-39, 943-40, and 943-41, PRA 3748-959) is EurAuPair's Community Counselor Manual.  EurAuPair respectfully requests an order restricting access, Level 1, to Exhibit 364.  Exhibit 364 is designated CONFIDENTIAL, and constitutes EurAupair's confidential, sensitive, and proprietary business information. EurAupair's right to privacy of its confidential, sensitive, and proprietary business information, such as handbooks and agreements, overcomes the presumption of openness because public access could harm EurAupair's competitive standing by revealing confidential business information about EurAupair and competitively sensitive information about its business operations.

sss.   **Exhibit 365:**  Exhibit 365 (Attachment 41, ECF No. 943-41, PRA 3961) is EurAuPair's Host Family/Au Pair Agreement.  EurAuPair respectfully requests an order restricting access, Level 1, to Exhibit 365.  Exhibit 365 is designated CONFIDENTIAL, and constitutes EurAupair's confidential, sensitive, and proprietary

business information. EurAupair's right to privacy of its confidential, sensitive, and proprietary business information, such as handbooks and agreements, overcomes the presumption of openness because public access could harm EurAupair's competitive standing by revealing confidential business information about EurAupair and competitively sensitive information about its business operations.

**ttt.   Exhibit 367:**  Exhibit 367 (Attachments 41 and 42, ECF Nos. 943-41, 943-42, PRA 3971-4018) is EurAuPair's 2014 Host Family Handbook.  EurAuPair respectfully requests an order restricting access, Level 1, to Exhibit 367.  Exhibit 367 is designated CONFIDENTIAL, and constitutes EurAupair's confidential, sensitive, and proprietary business information. EurAupair's right to privacy of its confidential, sensitive, and proprietary business information, such as handbooks and agreements, overcomes the presumption of openness because public access could harm EurAupair's competitive standing by revealing confidential business information about EurAupair and competitively sensitive information about its business operations.

**Go Au Pair**

**uuu.   Exhibit 161:**  Exhibit 161 (Attachment 16, ECF No. 943-16, PRA 1557-68) is an email exchange produced by Go Au Pair that reflects confidential name and contact information for a member of a Go Au Pair host family.  Go Au Pair requests that this information remain restricted from public view to protect the privacy of this individual.  Go Au Pair is willing to submit a redacted version of Exhibit 161 that omits the confidential information for filing on the public docket.

**vvv.   Exhibit 163**:  Exhibit 163 (Attachment 16, ECF No. 943-16, PRA 1606-10) reflects personal email addresses used by an individual associated with defendant Go Au Pair.  Go Au Pair requests that this information remain restricted from public view to protect the privacy of this individual.  Go Au Pair is willing to submit a redacted version of Exhibit 163 that omits the confidential information for filing on the public docket.

**www. Exhibit 291**:  Exhibit 291 (Attachment 27, ECF No. 943-27, PRA 2541-45) is an email exchange produced by Go Au Pair that reflects confidential name and contact information for a member of a Go Au Pair host family.  Go Au Pair requests that this information remain restricted from public view to protect the privacy of this individual.  Go Au Pair is willing to submit a redacted version of Exhibit 291 that omits the confidential information for filing on the public docket.

**xxx.   Exhibit 292**:  Exhibit 292 (Attachment 27, ECF No. 943-27, PRA 2546-53) is an email exchange produced by Go Au Pair that reflects an internal business discussion concerning Go Au Pair's public relations strategy and which Go Au Pair designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  Go Au Pair requests that Exhibit 292 remain restricted from public view to protect Go Au Pair's competitive business interests.

**yyy.   Exhibit 294**:  Exhibit 294 (Attachment 27, ECF No. 943-27, PRA 2557-59) is an email exchange produced by Go Au Pair that reflects confidential name and contact information for a member of a Go Au Pair host family.  Go Au Pair requests that this information remain restricted from public view to protect the privacy of this

individual.  Go Au Pair is willing to submit a redacted version of Exhibit 294 that omits the confidential information for filing on the public docket.

zzz.    **Exhibit 372:**  Exhibit 372 (Attachment 44, ECF No. 943-44, PRA 4092-4102) is Go Au Pair's Child Care Services Agreement.  Exhibit 372 reflects confidential name and residence information for a Go Au Pair host family, including a minor child.  Go Au Pair requests that this information remain restricted from public view to protect the privacy of these individuals.  Go Au Pair is willing to submit a redacted version of Exhibit 291 that omits the confidential information for filing on the public docket.

aaaa.  **Exhibits 412 and 448:**  Exhibit 412 (Attachment 47, ECF 943-47, PRA 4613-26) and Exhibit 448 (Attachment 49, ECF No. 943-49, PRA 5582-5643) include excerpts from the deposition of Bill Kapler that Go Au Pair has designated either confidential or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  Exhibit 412 reflects highly confidential information regarding the purchase of Go Au Pair by its current owner (*see* PRA 4616) and confidential personal information regarding the email addresses used by an individual associated with defendant Go Au Pair (*see* PRA 4623).  Exhibit 448 reflects: (1) highly confidential information regarding Go Au Pair's financial arrangement with Mr. Kapler's consulting firm (*see* PRA 5588); (2) highly confidential information regarding the purchase of Go Au Pair by its current owner (*see* PRA 5589-90); (3) confidential personal information regarding the email addresses used by an individual associated with defendant Go Au Pair (*see* PRA 5594); (4) highly confidential information regarding Go Au Pair's financial performance and profitability (*see* PRA

5596-98); and (5) highly confidential information regarding Go Au Pair's perspective on competition with other sponsors (*see* PRA 5641-42).  Go Au Pair requests that this information remain restricted from public view to protect the privacy interests of individual third parties and to preserve the confidentiality of information Go Au Pair considers to be competitively sensitive and, thus, highly confidential.  Go Au Pair is willing to submit redacted excerpts of Exhibits 412 and 448 that omit this confidential and highly confidential information for filing on the public docket.

7.      In accordance with D.C.COLO.LCivR 7.2(c)(1) and (2), Cultural Care also identifies a section in Plaintiffs' Opposition for which restriction is sought and the interests to be protected.

a.      **Plaintiffs' Opposition (ECF No. 942)**:  Page 110 and footnote 248 on page 110 of Plaintiffs' Opposition reveal confidential information about Cultural Care and one of its affiliates, ICL.  Cultural Care seeks to protect this competitively sensitive information and the confidential nature of that business relationship.  Cultural Care is willing to provide a redacted version of Plaintiffs' Opposition that omits the confidential information contained in a sentence on page 110 and in footnote 248 for filing on the public docket.

* * *

WHEREFORE, for the foregoing reasons, Moving Defendants respectfully request that this Court issue an Order restricting public access, under Level 1, to the foregoing exhibits and the relevant sections in Plaintiffs' Opposition.

Dated:  March 30, 2018                    Respectfully submitted,

                                          *s/ Diane R. Hazel*_____
                                          Joan A. Lukey
                                          (joan.lukey@choate.com)
                                          Robert M. Buchanan, Jr.
                                          (rbuchanan@choate.com)
                                          Michael T. Gass
                                          (mgass@choate.com)
                                          Justin J. Wolosz
                                          (jwolosz@choate.com
                                          Lyndsey M. Kruzer
                                          (lkruzer@choate.com)
                                          CHOATE HALL & STEWART LLP
                                          Two International Place
                                          Boston, Massachusetts  02110
                                          Telephone:  (617) 248-4790

                                          James M. Lyons (jlyons@lrrc.com)
                                          Jessica L. Fuller (jfuller@lrrc.com)
                                          Diane R. Hazel (dhazel@lrrc.com)
                                          LEWIS ROCA ROTHGERBER
                                          CHRISTIE LLP
                                          One Tabor Center, Suite 3000
                                          1200 Seventeenth Street
                                          Denver, CO 80202
                                          Tel: (303) 623-9000
                                          Fax: (303) 623-9222

                                          **Attorneys for Defendant Cultural
                                          Care, Inc. d/b/a Cultural Care Au
                                          Pair**

<u>s/ Kathryn A. Reilly</u>
Kathryn A. Reilly
Brett M. Mull
Natalie West
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Tel: (303) 244-1800
Fax: (303) 244-1879

***Attorneys for Defendants
American Cultural Exchange,
LLC d/b/a Go Au Pair and Go Au
Pair Operations LLC***


<u>s/ Susan M. Schaecher</u>
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

***Attorneys for Defendants APF
Global Exchange, NFP***


<u>s/ Stephen J. Macri</u>
Stephen J. Macri
(Stephen.macri@ogletree.com)
Robert M. Tucker
(Robert.tucker@ogletree.com)
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
1745 Broadway, 22nd Floor
New York, NY  10019
(212-) 492-2071

Eric J. Stock
(estock@gibsondunn.com)
Gibson Dunn & Crutcher, LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

**_Attorneys for Defendant_**
**_American Institute for Foreign_**
**_Study d/b/a Au Pair in America_**


_s/ James M. Hartley_
James E. Hartley
(jhartley@hollandhart.com)
Adam A. Hubbard
(ahubbard@hollandhart.com)
Holland & Hart, LLP
1800 Broadway
Suite 300
Boulder, CO  80302
(303) 245-2075

Jonathan S. Bender
(jsbender@hollandhart.com)
Holland & Hart
555 Seventeenth Street
Suite 3200
Denver, CO  80201-8749
(303) 295-8000

**_Attorneys for Defendant Cultural_**
**_Homestay International_**

<u>s/ Martha L. Fitzgerald</u>
Martha L. Fitzgerald
(mfitzgerald@bfhs.com)
David B. Meschke
(dmeschke@bhfs.com)
Brownstein Hyatt Farber Schreck,
LLP - Denver
410 17th Street
Suite 2200
Denver, CO  80202-4432
(303) 223-1100

**Attorneys for Defendant
EurAuPair Intercultural Child
Care Programs**


<u>s/ Lawrence D. Stone</u>
Lawrence D. Stone
(lstone@nixonshefrin.com)
Kathleen E. Craigmile
(kcraigmile@nixonshefrin.com)
Nixon Shefrin Hensen Ogburn, P.C.
5619 DTC Parkway
Suite 1200
Greenwood Village, CO  80111-
3061
(303) 773-3500

**Attorneys for Defendant A.P.E.X.
American Professional
Exchange, LLC d/b/a ProAuPair
and 20/20 Care Exchange, Inc.
d/b/a The International Au Pair
Exchange**

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2018, I caused to be electronically filed the foregoing **CERTAIN DEFENDANTS' UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NO. 942] AND TO CERTAIN EXHIBITS TO PLAINTIFFS' OPPOSITION [ECF NOS. 943 – 943-50]** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Lauren F. Louis (llouis@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

*s/ Diane R. Hazel*
Diane R. Hazel