FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-03074-CMA-CBS

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ, and
SARAH CAROLINE AZUELA RASCON,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., d/b/a Expert AuPair,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC., d/b/a Cultural Care Au Pair,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, d/b/a Au Pair Foundation,
AMERICAN INSTITUTE FOR FOREIGN STUDY, d/b/a Au Pair in America,
AMERICAN CULTURAL EXCHANGE, LLC, d/b/a GoAuPair,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC, d/b/a ProAuPair,
20/20 CARE EXCHANGE, INC., d/b/a The International Au Pair Exchange,
ASSOCIATES IN CULTURAL EXCHANGE, d/b/a GoAu Pair, and
GOAUPAIR OPERATIONS, LLC,

    Defendants.

## ORDER ON DEPOSITIONS OF FLSA OPT-IN CLASS MEMBERS

This matter is before the Court on Defendant Cultural Care, Inc.'s ("Cultural Care") Motion for Clarification of Topics That Remain Open and Appropriate for Depositions of FLSA Opt-In Plaintiffs (Doc. # 924) and Plaintiffs' Motion for a Protective Order Regarding Defendant Cultural Care's Depositions of FLSA Opt-In Class Members (Doc. # 953). Having reviewed both Motions and related filings, it is hereby ORDERED that Defendant Cultural Care's Motion for Clarification (Doc. # 924) is DENIED and Plaintiffs' Motion for a Protective Order (Doc. # 953) is GRANTED IN PART. It is

FURTHER ORDERED that all questions asked of FLSA opt-in class members shall be limited to the period when the deponent was recruited to join an *au pair* program through the termination of the deponent's J-1 visa. Cultural Care may inquire into hours worked, tasks performed, wages and other compensation paid, and joint employer indicia ("Relevant Issues") outside of this period only if the questions pertain solely to the deponent's *au pair* experience. It is

FURTHER ORDERED that no questions about a deponent's personal life or subjective state of mind may be asked, except those concerning the deponent's present state of mind at the time of a statement or writing concerning a Relevant Issue, provided that the deponent's state of mind is probative either of the accuracy or reliability of that statement or writing, or the accuracy or reliability of the deponent's testimony during the deposition. It is

FURTHER ORDERED that questions about a deponent's background shall not address the deponent's romantic relationships, marital status, friendships, immigration status, and current or past employers (unless related to proper questioning about Relevant Issues). Questions should not ask the deponent to provide information about the names, locations, and statuses of his/her friends and family. It is

FURTHER ORDERED that Defendant Cultural Care shall not ask questions regarding its preemption defense, including questions about a deponent's motivations for participating in the program. *See* (Doc. # 924-1 at 2.) This Court already concluded that "Plaintiffs' claims under state wage laws are not, in fact, preempted by some kind of amorphous 'federal framework,'" (Doc. # 258 at 29), when it affirmed and adopted United States Magistrate Judge Kathleen M. Tafoya's finding that Defendants' preemption argument "has no support in federal law," *see* (Doc. # 240 at 32). Moreover, were the Court to entertain Defendants' position on preemption, the deponents' beliefs and experiences would have no bearing on the Court's legal analysis of Congress's intent. It is

FURTHER ORDERED that opt-in class members residing in countries that restrict depositions shall not be required to travel internationally to be deposed.

The Court understands that counsel for both Plaintiffs and Defendants have an ethical responsibility to zealously represent their clients. However, the Court reminds counsel that they are also officers of the court. Moving forward, the Court expects that both sides will abide by the Golden Rule and conduct themselves with professionalism

and integrity, and that they treat one another in the manner that they would like to be treated by opposing counsel.

DATED: April 4, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge