IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al;
and those similarly situated,

    Plaintiffs,

v.

INTEREXCHANGE, INC., et al;

    Defendants.

## DEFENDANT INTEREXCHANGE, INC.'S MOTION TO COMPEL DISCOVERY

Pursuant to Fed. R. Civ. P. 26 and 37, Defendant InterExchange, Inc. ("InterExchange") moves to compel opt-in plaintiffs' responses to InterExchange's discovery requests and in support states as follows:

### I. CERTIFICATE OF CONFERRAL

Pursuant to D.C. Colo. L. Civ. R. 7.1(a), the undersigned counsel has conferred with plaintiffs' counsel. As described below, at least since October 5, 2017, the parties have exchanged numerous emails regarding the scope of discovery requests to InterExchange's opt-in plaintiffs in an effort to obtain discovery without court action. Plaintiffs oppose the relief requested herein.

48275382.1

## II.  FORTHWITH HEARING ON MOTIONS

Pursuant to CMA Civ. Practice Standard 7.1A(g), InterExchange will make a contemporaneous motion for a forthwith hearing on this motion to compel discovery.

## III.  GENERAL BACKGROUND

On September 29, 2017, InterExchange served its first set of Interrogatories, Requests for Production, and Requests for Admission to FLSA Opt-In Plaintiffs. (Exhibit A). InterExchange served similar discovery requests following each notice of additional opt-in plaintiffs of InterExchange. These requests consist of 10 Interrogatories, 8 Requests for Production, and 6 Requests for Admission.

Plaintiffs served "responses" on October 30, 2017, objecting to every request or declining to respond at all. (Exhibit B). Specifically, plaintiffs declined to respond to each Interrogatory and Request for Admission and stated that they would produce responsive documents after the parties agreed which opt-in plaintiffs would be subject to written discovery.

On November 8, 2017, plaintiffs proposed, in lieu of discovery, to submit a survey questionnaire to InterExchange's opt-in plaintiffs about: (i) whether the amount of the stipend varied; (ii) whether au pairs received payments or benefits from the host family other than the weekly stipend; (iii) the number of children in the host family; (iv) whether the children attended school or daycare; (v) the main childcare tasks performed for the family; (vi) other childcare activities the au pair spent time on; (vii) whether the au pair was 'on call' when not providing childcare; and (viii) whether the au pair made a complaint, to whom it was reported, and how it was resolved. (Exhibit C).

2

InterExchange declined plaintiffs' proposed survey because the survey was optional for the opt-in plaintiffs to complete.  Plaintiffs never mentioned surveying InterExchange's opt-in plaintiffs again.  The parties continued negotiating the terms of InterExchange's discovery requests over the course of the next several months.  At plaintiffs' insistence, InterExchange pared down or eliminated certain discovery requests.

Plaintiffs ultimately agreed to written discovery from 25% of InterExchange's opt-in plaintiffs. (Exhibit D).   Notably, the revised Interrogatories were based on discovery by Defendant Cultural Care, Inc. to which plaintiffs' counsel stated that they had only "limited objections."   (*See id.*).   InterExchange served the revised set of discovery requests to 22 of InterExchange's opt-in plaintiffs on January 17, 2018.  (Exhibit E). The requests consist of 6 Interrogatories, 6 Requests for Production, and 6 Requests for Admission.

To date, 10 opt-in plaintiffs have responded, 10 have not responded, and 2 have withdrawn from the lawsuit.  Of those opt-in plaintiffs who responded, they all "declined" to answer Interrogatory Nos. 2, 3, 5, and 6, which are re-printed below:

> Interrogatory No. 2:  For each host family with whom you were placed during your  participation in the au pair program, for each child who lived in the family's home at any point during your placement, state (a) the child's age; (b) whether the child attended school; (c) if the child attended school, how many days each week and how many hours each day he or she attended school; and (d) for each day of the week, the specific duties and responsibilities you had with respect to that child.

> Interrogatory No. 3: If your host family asked you to perform duties or take on responsibilities not listed in response to Interrogatory No. 2 above, describe in detail the specific duties and responsibilities and state the

3

48275382.1

> specific day or days of each week that you were required to perform that duty or responsibility.
>
> Interrogatory No. 5: Identify all other payments and/or benefits that you received from each host family with whom you lived. Examples of other payments and/or benefits include, but are not limited to, cash; gifts; bonuses; personal use of a car, cell phone, or computer; gas money; clothing; personal items; family vacations; and travel expenses.
>
> Interrogatory No. 6: If you made any complaint to your host family(ies), InterExchange, the United States Department of State, or any other person or entity regarding wages, benefits, the stipend, your responsibilities as an au pair, or living conditions, identify (a) the date of the complaint; (b) the method of communication of the complaint; (c) the person or entity to whom you directed the complaint; (d) the substance of the complaint; and (e) how the complaint was resolved.

Plaintiffs objected to Interrogatory Nos. 2, 3, 5, and 6 because these Interrogatories seek information purportedly unrelated to claims under the Fair Labor Standards Act ("FLSA"). (The opt-in plaintiffs' responses are virtually identical and a sample is attached hereto as Exhibit F). Plaintiffs further stated that they would produce responsive documents after a reasonable search, however, plaintiffs have not produced any responsive materials.[1]

On March 21, 2018, plaintiffs' counsel sent Plaintiffs Wendy Arias' and Mariane Melo's survey answers – apparently the same survey that plaintiffs had offered in lieu of written discovery – to the undersigned counsel. (Exhibit G). Plaintiffs' counsel later advised InterExchange that these surveys had been sent in error. Plaintiffs' counsel

---

[1] At this juncture, InterExchange has conducted 11 depositions of opt-in plaintiffs. Certain plaintiffs testified that they have not conducted a search for responsive documents. Others testified that they are in possession of responsive documents, such as weekly schedules, relevant emails, or bank statements, but they have not produced them. Also, nearly all of the opt-in plaintiffs (of those who were deposed) testified that they completed a survey questionnaire, as described below.

4

further stated that InterExchange has no right to the survey responses because InterExchange "has declined to stipulate to the use of au pair survey responses as evidence" in lieu of written discovery. Plaintiffs have declined to disclose any other survey answers by InterExchange's opt-in plaintiffs. Upon information and belief, the opt-in plaintiffs have been asked to complete, and have completed, the aforementioned surveys. Plaintiffs maintain their objections to InterExchange's pared-down written discovery requests.

This Motion is necessitated by (i) certain opt-in plaintiffs' failure to respond to InterExchange's discovery requests,[2] (ii) plaintiffs' refusal to respond to Interrogatory Nos. 2, 3, 5, and 6, and (iii) plaintiffs' failure to respond to Requests for Production and failure to disclose the opt-in plaintiffs' survey answers. InterExchange respectfully requests the Court to compel production of this information.

## IV.  ARGUMENT

Fed. R. Civ. P. 26(b) provides that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." The scope of evidence that is subject to discovery under the federal rules is broad. *Tinley v. Poly-Triplex Techs., Inc.*, 07-CV-01136, 2008 U.S. Dist. LEXIS 23524, at *1 (D. Colo. Mar. 18, 2008). This is true in collective actions, too. *See Stickle v. SCI W. Mkt. Support Ctr., L.P.*, Case 08-CV-083, 2010 U.S. Dist. LEXIS 83986, *11 (D. Ariz. Aug. 13 2010)

---

[2] The opt-in plaintiffs who failed to respond to the discovery requests dated January 17, 2018 are as follows: Jennifer Karina Zambrano, Ana Karla Forte Silva, Inmaculada C. Simancas Martin, Silvia Morales Prado, Jacqueline Benavente, Jesica Mancera Gomez, Ligia Mercedes Diaz Portillo, Maria Camila Mejia, Rene Aaron Flores Flores, and Sarah Aghouiles.

5

(permitting 11 interrogatories to 1,400 opt-in plaintiffs); *Evans v. Lowe's Home Ctrs., Inc.,* Case 03-CV-0438, 2005 U.S. Dist. LEXIS 19072, *1 (M.D. Pa. Aug. 29, 2005) (court approval of written discovery directed to all 508 opt-in plaintiffs); *Coldiron v. Pizza Hut, Inc.,* Case 03-CV-05865, 2004 U.S. Dist. LEXIS 23610, *6-7 (C.D. Cal. Oct. 25, 2004) (permitting individualized discovery consisting of requests for admission, interrogatories, and requests for production of documents to 306 opt-in plaintiffs).

With respect to category (i) above, Plaintiffs have not provided any response whatsoever for 10 of the opt-in plaintiffs to whom InterExchange served written discovery (that is 10 out of 22 opt-in plaintiffs following extensive negotiations between the parties regarding the scope of discovery and the limited number of opt-in plaintiffs subject to written discovery).  InterExchange respectfully moves the Court to compel responses and production of documents by these plaintiffs or dismiss them from the lawsuit for failure to respond to discovery.

With respect to category (ii) above, plaintiffs' objections to Interrogatory Nos. 2, 3, 5, and 6 are meritless and in bad faith.  Interrogatory Nos. 2, 3, 5, and 6 seek information that is fundamental to the claims under the FLSA.  Namely, whether an au pair was 'on duty' or 'off duty' performing childcare is precisely a disputed issue in this case (Interrogatory Nos. 2-3).  *See* Second Amended Compl. ¶¶ 7, 47, 321, 384-385. The amount of money au pairs were paid, the date on which they were paid, the method of payment, and from whom the au pairs received payment is plainly relevant to plaintiffs' claims (Interrogatory No. 5).  *See* Second Amended Compl. ¶¶ 1, 51, 157, 194, 201, 565.  So is whether au pairs engaged in protected activity under the FLSA

6

(Interrogatory No. 6).  *See* Second Amended Compl. ¶¶ 10, 236, 253-255.  There is no non-frivolous argument that Interrogatory Nos. 2, 3, 5, and 6 are not relevant to the FLSA.

Plaintiffs' objections are not only meritless but made in bad faith.  That is, plaintiffs *already* collected responsive information by way of the survey questionnaire (as revealed by their disclosure of survey answers for 2 opt-in plaintiffs).  Indeed, InterExchange's Interrogatories mirror many of the survey questions (*compare* Interrogatory No. 2 with Questions 41, 43, 44, and 49; *compare* Interrogatory No. 3 with Questions 46, 48, and 50; *compare* Interrogatory No. 5 with Questions 36, 37, and 54; and *compare* Interrogatory No. 6 with Questions 58 and 59).  In other words, not only is this information relevant, but plaintiffs possess responsive information in the first instance.

The Court should deny plaintiffs' objections and order all 22 opt-in plaintiffs to respond to InterExchange's Interrogatory Nos. 2, 3, 5, and 6.  Plaintiffs already offered to provide responsive information to Interrogatory Nos. 2, 3, 5, and 6 by way of the survey (before InterExchange, within its rights, insisted on written discovery responses).  (*See* Exhibit C).  InterExchange objected to the survey because the survey was optional for the opt-in plaintiffs to complete.  The opt-in plaintiffs were not permitted to refuse to respond to discovery requests simply because InterExchange declined to accept a survey in lieu of limited written discovery.  InterExchange was – and still is – entitled to signed and verified discovery responses from the limited sample of opt-in plaintiffs who were subject to written discovery.

7

With respect to category (iii) above, plaintiffs have not produced any documents in response to InterExchange's Requests for Production, nor have they confirmed that plaintiffs have conducted a search for responsive materials. The opt-in plaintiffs' survey answers themselves are responsive to InterExchange's Request for Production Nos. 3, 4, and 5.[3] (*See* Exhibit E). Thus, the Court should deny plaintiffs' objections and order the opt-in plaintiffs to produce responsive information and to produce all surveys completed by InterExchange's opt-in plaintiffs.

## V. CONCLUSION

For the reasons stated above, the Court should compel responses to InterExchange's discovery requests by the 10 opt-in plaintiffs who have not responded; the Court should deny plaintiffs' objections and compel answers to Interrogatory Nos. 2, 3, 5, and 6; the Court should grant InterExchange's motion to compel production of documents; and the Court should grant InterExchange's motion to compel production of

---

[3] InterExchange's Request for Production Nos. 3, 4, and 5 are as follows:

> Request for Production No. 3: All records reflecting your actual hours of childcare assistance as an au pair, whether on a daily, weekly, monthly, or other basis.
>
> Request for Production No. 4: All documents reflecting the amount(s) or payment of a stipend or any other payments received from your host family or host families during your time as an au pair.
>
> Request for Production No. 5: All documents, including but not limited to schedules, calendars, diaries, notes, files, appointment books, letters, agreements, emails, text messages, and social media postings, that describe or reflect your experiences as an au pair.

8

48275382.1

survey answers for all opt-in plaintiffs.  The Court should further award InterExchange's reasonable fees and costs in making this motion pursuant to Fed. R. Civ. P. 37(a)(5).

DATED this 4th day of April 2018.

                                    Respectfully submitted,

*s/ Joseph H. Hunt*
Brooke A. Colaizzi
Heather F. Vickles
Raymond M. Deeny
Joseph H. Hunt
Alyssa L. Levy
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email: bcolaizzi@shermanhoward.com
Email: hvickles@shermanhoward.com
Email: rdeeny@shermanhoward.com
Email: jhunt@shermanhoward.com
Email: alevy@shermanhoward.com

ATTORNEYS FOR DEFENDANT
INTEREXCHANGE, INC.

48275382.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April 2018, I electronically filed the foregoing **DEFENDANT INTEREXCHANGE, INC.'S MOTION TO COMPEL DISCOVERY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, CO  80218
Email: alex@towardsjustice.org

Lawrence D. Stone
Kathleen E. Craigmile
NIXON SHEFRIN HENSEN OGBURN, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111
E-mail: LStone@Nixonshefrin.com
E-mail: kcraigmile@nixonshefrin.com

Brian A. Birenbach
THE RIETZ LAW FIRM, L.L.C.
114 Village Place, Suite 301
Dillon, CO  80435
Email: brian@rietzlawfirm.com

Kathryn A. Reilly
Natalie E. West
Brett M. Mull
V. William Scarpato III
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver CO  80202-5647
Email: reilly@wtotrial.com
Email: West@wtotrial.com
Email: Mull@wtotrial.com
Email: Scarpato@wtotrial.com

William J. Kelly III
Chanda M. Feldkamp
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO  80202
Email: wkelly@kellywalkerlaw.com
Email: cfeldkamp@kellywalkerlaw.com

Adam A. Hubbard
Jonathan S. Bender
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email: aahubbard@hollandhart.com
Email: jsbender@hollandhart.com

48275382.1

Joseph B. Cartafalsa
Robert M. Tucker
Stephen J. Macri
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1745 Broadway, 22nd Floor
New York, NW 10019
Email: joseph.cartafalsa@ogletree.com
Email: Robert.tucker@ogletree.com
Email:  Stephen.macri@ogletree.com

Martha L. Fitzgerald
David B. Meschke
Margo J. Arnold
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Email: mfitzgerald@bhfs.com
Email: dmeschke@bhfs.com
Email: marnold@bhfs.com

Joan A. Lukey
Robert M. Buchanan, Jr.
Michael T. Gass
Justin J. Wolosz
Lyndsey M. Kruzer
Kevin P. O'Keefe
Samuel N. Rudman
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 82110
Email: joan.lukey@choate.com
Email: rbuchanan@choate.com
Email: mgass@choate.com
Email: jwolosz@choate.com
Email: lkruzer@choate.com
Email: kokeefe@choate.com
Email: srudman@choate.com

Thomas B. Quinn
Peggy E. Kozal
Jennifer W. Vedra
Nathan A. Huey
Jennifer Arnett-Roehrich
GORDON & REES, LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email: tquinn@gordonrees.com
Email: pkozal@gordonrees.com
Email: jvedra@gordonrees.com
Email: nhuey@gordonrees.com
Email: jarnett-roehrich@gordonrees.com

James M. Lyons
Jessica L. Fuller
Diane R. Hazel
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Email: jlyons@lrrc.com
Email: jfuller@lrrc.com
Email: dhazel@lrrc.com

Meshach Y. Rhoades
Martin Estevao
Vance O. Knapp
ARMSTRONG TEASDALE LLP
4643 S. Ulster St., Suite 800
Denver, CO  80237
Email: mrhoades@armstrongteasdale.com
Email: mestevao@armstrongteasdale.com
Email: vknapp@armstrongteasdale.com

Bogdan Enica
Bogdan Enica, Attorney at Law
111 Second Avenue, NE, Suite 213
St. Petersburg, FL 33701
Email: Bogdane@hotmail.com

Susan Penniman Klopman
H & K Law, LLC
3900 East Mexico Ave, Suite 330
Denver, CO 80210
Email: sklopman@hklawllc.com

Sigrid S. McCawley
Sabria McElroy
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Email: smccawley@bsfllp.com
Email: smcelroy@bsfllp.com

Eric J. Stock
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Email: estock@gibsondunn.com

Sean P. Rodriguez
Juan P. Valdivieso
Boies Schiller Flexner LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Email: srodriguez@bsfllp.com
Email: jvaldivieso@bsfllp.com

Matthew L. Schwartz
Peter M. Skinner
Dawn L. Smalls
Randall W. Jackson
Joshua J. Libling
Byron Pacheco
Boies, Schiller & Flexner, LLP
575 Lexington Ave., 7th Floor
New York, NY 10022
Email: mlschwartz@bsfllp.com
Email: pskinner@bsfllp.com
Email: dsmalls@bsfllp.com
Email: rjackson@bsfllp.com
Email: jlibling@bsfllp.com
Email: bpacheco@bsfllp.com

James E. Hartley
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Email: jhartley@hollandhart.com

*s/ Laura Lewis*

48275382.1