# EXHIBIT B

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

---

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT
INTEREXCHANGE, INC.'S INTERROGATORIES, REQUESTS FOR PRODUCTION,
AND REQUESTS FOR ADMISSION TO FLSA OPT-IN PLAINTIFFS**

---

Plaintiffs Respond and Object, pursuant to Federal Rules of Civil Procedure 26, 33, 34, 36, 37 and the Local Rules of the District of Colorado ("Local Rules"), to Defendant InterExchange, Inc.'s Interrogatories, Requests for Production, and Requests for Admission to FLSA Opt-In Plaintiffs.

## GENERAL OBJECTIONS

Plaintiffs assert the following general objections and limitations, including those related to the Definitions and Instructions (collectively, the "General Objections"), to the Interrogatories, Requests for Production, and Requests for Admission, each of which is incorporated into the specific responses by Plaintiffs. Each response is made without waiving the General Objections. Each general objection and limitation is set forth below:

1.      Plaintiffs' responses are made without waiving any objection to evidence described or suggested herein on the grounds of authenticity, relevance, competency, privilege, work product, hearsay, or any other proper ground.  Nothing in these responses is intended to, or does, waive any valid privilege, work product protection, or other protection against disclosure, and any inadvertent disclosure or production shall not be deemed a waiver of any privilege, immunity, or other protection. Furthermore, these responses are not an admission by Plaintiffs regarding any matter.

2.      Plaintiffs' objections and responses are made without waiving Plaintiffs' right to object on any ground at any time to other discovery requests or other discovery procedures involving or relating to the subject matter of the Interrogatories, Requests for Production, or Requests for Admission or these responses.

3.      Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent that they purport to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules.

4.      Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent that they purport to impose discovery obligations on every opt-in plaintiff, a procedure that is unreasonably burdensome and not proportional to the needs of this case.

5.      Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, and to each Definition, Instruction or specific Request therein, insofar as they seek information or documents that are not relevant to specific claims or defenses in this litigation and are not likely to lead to the discovery of admissible

evidence, or which exceed the scope of discovery permitted by Federal Rules of Civil Procedure 26 and 34. Plaintiffs also object to the Interrogatories, Requests for Production, and Requests for Admission insofar as the burden of identifying or producing responsive documents outweighs any relevance the documents might have.

6.      Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission and to each Definition and specific Interrogatories, Request for Production, and Request for Admission contained therein, insofar as it seeks information or documents not in Plaintiffs' possession, custody or control. Plaintiffs further object to the Interrogatories, Requests for Production, and Requests for Admission to the extent they seek information or documents that Plaintiffs do not have the practical ability to identify, obtain or retrieve or which would be unreasonably burdensome to identify, obtain or retrieve.

7.      When a response indicates that Plaintiffs will produce documents, Plaintiffs do not represent that any responsive documents are in their possession, custody, or control, but rather production will be made if any such documents are located after a reasonable search.

8.      Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent they seek information or documents unreasonably cumulative or duplicative, not relevant to the subject matter of this action, or not proportional to the needs of this case.

9.      Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission to the extent they seek information relating to confidential or financial information, the disclosure of which might violate the confidentiality and privacy

rights of third parties under Colorado, or federal law, or any jurisdiction in which any third party may lay claim. Plaintiffs will not disclose such information or produce such documents, and any inadvertent disclosure or production shall not be deemed a waiver of any privilege, immunity, or other protection.

10.     Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent they are vague, ambiguous, irrelevant, overly broad, and/or unduly burdensome, including to the extent they seek "all" documents concerning the subject matter referenced therein.

11.     Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent they contain unwarranted factual or legal conclusions, allegations, or claims. A response by Plaintiffs that they will produce documents in response to any Interrogatory, Request for Production, or Request for Admission is not an admission or representation by Plaintiffs that any factual or legal conclusion, allegation, or claim in any such Interrogatory, Request for Production, and Request for Admission or in the Definitions and Instructions are warranted, true or accurate. In responding to the Interrogatories, Requests for Production, and Requests for Admission, Plaintiffs do not waive or intend to waive, but rather reserve, the right to object on all appropriate grounds to the introduction of any evidence covered or referred to in these Interrogatories, Requests for Production, and Requests for Admission.

12.     Plaintiffs' responses are only based on facts reasonably known to Plaintiffs at the time of responding to these Interrogatories, Requests for Production, and Requests for Admission.  Plaintiffs reserve the right to alter, supplement, amend or

otherwise modify these responses.

13.     Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission to the extent they seek information already available to or obtained by Defendant, that is publically available, or that it can obtain from sources that are more convenient, less burdensome, or less expensive.

14.     Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent they call for the disclosure or production of information or documents that were prepared for, or in anticipation of, litigation, constitute work product, contain or reflect attorney-client communications or are otherwise privileged or protected from disclosure. To the extent that any Request may be construed as calling for information or documents that are subject to any such claim or privilege, Plaintiffs hereby asserts that doctrine or privilege and objects on that basis. Any inadvertent disclosure of information that is properly the subject of a privilege or protection shall not be deemed a waiver, in whole or in part, of any such privilege or protection. Any information derived from inadvertently disclosed information or produced document subject to a proper claim of privilege or other protection shall not be used by Defendants in any manner.

15.     Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission to the extent they seek information or documents not relevant to the FLSA claims in this action, which are the only appropriate focus of such opt-in discovery.

## I.   **INTERROGATORIES**

### **Interrogatory No. 1**

Fully identify yourself by providing the following:  (1) full name; (2) any other names used at any time in the two years prior, during and after your time as an au pair; (3) date of birth; (4) current address; (5) current and all former email address(es); (6) all social media sites that you have used or to which you have belonged during or after the time you were an au pair, including but not limited to Facebook, Twitter, and  Snapchat; (7) the addresses (with respective dates of residence) of all locations at which you have lived since January 1, 2007; (8) dates during which you participated in an au pair program either in the United States or any other country; and (9) the name of any other sponsor(s), in addition to InterExchange, that sponsored your participation in the au pair program.

**RESPONSE**:

Plaintiffs object to the scope of this interrogatory, which is directed at "all

InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome.

Burdensome discovery requests aimed at the entirety of large FLSA classes are

inappropriate.  *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb.,

Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit"

because "[t]he individual discovery required ... would destroy the economy of scale

envisioned by the FLSA collective action procedure.").  Plaintiffs object to parts (1), (2),

(3), (4), (5), and (8) as overbroad and unduly burdensome to the extent it requests

information unrelated to the plaintiffs' time as an au pair in the United States or is

already in InterExchange's possession, custody or control.  *See Fast v. Applebee's

Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins

must not otherwise be available to defendants).  Plaintiffs object to parts (5), (6) and (7)

on the grounds that they seek information that is not relevant to the FLSA claims in this

action.  In addition, requests for "all former email address(es)" and "all social media" are

not reasonably calculated to the needs of the case or reasonably calculated to lead to

the discovery of relevant or admissible evidence. In light of these objections, Plaintiffs decline to respond to this interrogatory until the parties agree which au pairs should be subject to the extensive written discovery outlined in these requests.

## Interrogatory No. 2

For each host family with whom you were placed during your participation in the au pair program, for each adult who lived in the family's home at any point during your placement, state (a) the adult's full name; (b) whether the adult was employed; (c) where the adult was employed (e.g. away from home or at home); and (d) for each day of the week, the number of hours the adult spent in employment, whether away from home or at home.

**RESPONSE**:

Plaintiffs object to the scope of this interrogatory, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate.  *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure.").  Plaintiffs object to parts (a), (b), (c) and (d) as overbroad and unduly burdensome to the extent the requested information is already in InterExchange's possession, custody or control.  *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins must not otherwise be available to defendants).  Plaintiffs further object to parts (a), (b), (c), and (d) on the grounds that they seek information that is not relevant to the FLSA claims in this action.  Moreover, the interrogatory is inappropriate because it calls for au-pairs to speculate about facts beyond their knowledge, including the "full name" for each adult who lived in the family's home, and for information

regarding the employment status, employment duties, and schedule of third parties.  In light of these objections, Plaintiffs decline to respond to this interrogatory until the parties agree which au pairs should be subject to the extensive written discovery outlined in these requests.

## Interrogatory No. 3

For each host family with whom you were placed during your participation in the au pair program, for each child who lived in the family's home at any point during your placement, state (a) the child's age; (b) whether the child attended school; (c) if the child attended school, how many days each week and how many hours each day he or she attended school; and (d) for each day of the week, the specific duties and responsibilities you had with respect to that child.

**RESPONSE:**

Plaintiffs object to the scope of this interrogatory, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate.  *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure.").  Plaintiffs object to parts (a), (b), (c) and (d) as overbroad and unduly burdensome to the extent the requested information is already in InterExchange's possession, custody or control.  *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins must not otherwise be available to defendants).  Plaintiffs further object to all parts of the interrogatory on the grounds that they seek information that is not relevant to the FLSA claims in this action.  In light of these objections, Plaintiffs

decline to respond to this interrogatory until the parties agree which au pairs should be subject to the extensive written discovery outlined in these requests.

**Interrogatory No. 4:**

If your host family asked you to perform duties or take on responsibilities not listed in response to Interrogatory No. 3 above, describe in detail the specific duties and responsibilities and state the specific day or days of each week that you were required to perform that duty or responsibility.

**RESPONSE:**

Plaintiffs object to the scope of this interrogatory, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure."). Plaintiffs object to the interrogatory as overbroad and unduly burdensome to the extent the request requests "the specific day or days of each week" or the requested information is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins must not otherwise be available to defendants). Plaintiffs further object on the grounds that the interrogatory seeks information that is not relevant to the FLSA claims in this action. In light of these objections, Plaintiffs decline to respond to this interrogatory until the parties agree which au pairs should be subject to the extensive written discovery outlined in these requests.

**Interrogatory No. 5**

For each week that you participated in the au pair program, identify (a) the amount that you were paid for that week's duties and responsibilities; (b) the date on which you were paid for that week; (c) the method by which you were paid (e.g. cash, check, etc.); (d) the person or entity from whom you received each payment; and (e) any document reflecting the amount and/or confirming the payment of that week's amount, including but not limited to bank records and copies of deposited checks.

**RESPONSE**:

Plaintiffs object to the scope of this interrogatory, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate.  *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure.").  Plaintiffs object to the interrogatory as overbroad and unduly burdensome to the extent the requested information is already in InterExchange's possession, custody or control.  *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins must not otherwise be available to defendants).  Plaintiffs further object to parts (b) and (c) on the grounds that the interrogatory seeks information that is not relevant to the FLSA claims in this action.  In light of these objections, Plaintiffs decline to respond to this interrogatory until the parties agree which au pairs, if any, should be subject to the extensive written discovery outlined in these requests.

**Interrogatory No. 6**

Identify all other payments and/or benefits that you received from each host family with whom you lived and include the approximate value of each benefit.  Examples of other payments and/or benefits include, but are not limited to, cash; gifts; bonuses; personal use of a car, cell phone, or computer; gas money; clothing; personal items; family vacations; and travel expenses.

**RESPONSE**:

Plaintiffs object to the scope of this interrogatory, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate.  *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure.").  Plaintiffs object to the interrogatory as overbroad and unduly burdensome to the extent the requested information is already in InterExchange's possession, custody or control.  *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins must not otherwise be available to defendants).  The interrogatory is also vague and ambiguous to the extent it seeks information regarding "all other payments and/or benefits that you received" and the "value of each benefit."  Plaintiffs further object on the grounds that the interrogatory seeks information that is not relevant to the FLSA claims in this action.  *See* Fair Labor Standards Act (FLSA) § 7(e), 29 U.S.C. § 207(e). In light of these objections, Plaintiffs decline to respond to this interrogatory.

**Interrogatory No. 7**

For each week that you lived with a host family as an au pair, (a) identify the days or partial days you were relieved from any duties or responsibilities for that week; and (b) state whether you are in possession or have ever been in possession of any document reflecting your schedule for that week.

**RESPONSE**:

Plaintiffs object to the scope of this interrogatory, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery procedure."). The interrogatory is also vague and ambiguous to the extent it seeks information regarding times where au pairs were "relieved from duties or required ... would destroy the economy of scale envisioned by the FLSA collective action responsibilities." It is also unduly burdensome to the extent that it requires au pairs, many years later, to recall specific "days or partial days" that they may have been "relieved from duties." Plaintiffs further object on the grounds that this information is not relevant to the FLSA claims in this action. In light of these objections, Plaintiffs decline to respond to this interrogatory until the parties agree which au pairs should be subject to the extensive written discovery outlined in these requests.

**Interrogatory No. 8**

Identify every source of information on which you relied in making the decision to participate in the au pair program and describe in detail the specific information that you received from each source.

**RESPONSE**:

Plaintiffs object to the scope of this interrogatory, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Discovery requests aimed at the entirety of large FLSA classes are inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure."). Plaintiffs object to the interrogatory as overbroad and unduly burdensome to the extent the requested information is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins must not otherwise be available to defendants). The interrogatory is also overbroad, unduly burdensome, vague and ambiguous to the extent it asks au pairs to identify "every source" they "relied" on. Plaintiffs further object on the grounds that this information is not relevant to the FLSA claims in this action. In light of these objections, Plaintiffs decline to respond to this interrogatory.


**Interrogatory No. 9**

If you made any complaint to your host family(ies), InterExchange, the United States Department of State, or any other person or entity about your experience as an au pair, identify (a) the date of the complaint; (b) the method of communication of the complaint; (c) the person or entity to whom you directed the complaint; (d) the substance of the complaint; (e) a description of what happened with the complaint after you made it; and (f) how the complaint was resolved.

**RESPONSE**:

Plaintiffs object to the scope of this interrogatory, which is directed at "all

InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure."). Plaintiffs object to the interrogatory as overbroad and unduly burdensome, especially to the extent the requested information regarding au pair "complaint[s]" is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins must not otherwise be available to defendants). The interrogatory is also vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks information regarding "any complaints." The information is also irrelevant to the FLSA claims in this action. In light of these objections, Plaintiffs decline to respond to this interrogatory.

**Interrogatory No. 10**

Identify how you learned of this lawsuit, including but not limited to: (a) whether you viewed an advertisement sponsored by Google or Facebook related to this lawsuit before you joined; (b) whether you joined this lawsuit by clicking on a link within a Google or Facebook advertisement; and (c) whether you read the Notice of Your Right to Join Lawsuit for Unpaid Wages, attached as Exhibit A, before you joined.

**RESPONSE**:

Plaintiffs object to the scope of this interrogatory, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are

inappropriate.  *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb.,

Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit"

because "[t]he individual discovery required ... would destroy the economy of scale

envisioned by the FLSA collective action procedure.").  Plaintiffs also object to the

interrogatory because "how [au pairs] learned about this lawsuit" is irrelevant to the

FLSA claims in this action.  In light of these objections, Plaintiffs decline to respond to

this interrogatory.

## II.      REQUESTS FOR PRODUCTION

### Requests for Production No. 1

All documents identified or referenced in your answer to any Interrogatory.

**RESPONSE**:

Plaintiffs object to the scope of this request, which is directed at "all

InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome.

Burdensome discovery requests aimed at the entirety of large FLSA classes are

inappropriate.  *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb.,

Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit"

because "[t]he individual discovery required ... would destroy the economy of scale

envisioned by the FLSA collective action procedure.").  Plaintiffs will produce any non-

privileged documents responsive to this request, after a reasonable search, after the

parties agree which au pairs should be subject to the extensive written discovery

outlined in these requests.

**Requests for Production No. 2**

All communications with or documents provided to or received from InterExchange or the agency in your home country related to the au pair program.

**RESPONSE**:

Plaintiffs object to the scope of this request, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure."). Plaintiffs also object to the request as overbroad and unduly burdensome because the documents requested are already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins must not otherwise be available to defendants). Moreover, the term "related to the au pair program" is vague and ambiguous. Plaintiffs will produce any non-privileged documents responsive to this request, after a reasonable search, after the parties agree which au pairs should be subject to the extensive written discovery outlined in these requests.

**Requests for Production No. 3**

All communications or documents provided to or received from your host family or host families related to your participation in the au pair program or this lawsuit.

**RESPONSE**:

Plaintiffs object to the scope of this request, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate.  *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure.").  Plaintiffs object to the request as overbroad and unduly burdensome to the extent the requested information is already in InterExchange's possession, custody or control.  *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins must not otherwise be available to defendants).  The request is also vague, ambiguous, overbroad, and unduly burdensome as it seeks documents "related to your participation in the au pair program or this lawsuit."  Plaintiffs will produce any non-privileged documents responsive to this request after a reasonable search, after the parties agree which au pairs should be subject to the extensive written discovery outlined in these requests.

## Requests for Production No. 4

All records reflecting your actual hours of childcare assistance as an au pair, whether on a daily, weekly, monthly, or other basis.

**RESPONSE**:

Plaintiffs object to the scope of this request, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome.

Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure."). Plaintiffs object to the request as overbroad and unduly burdensome to the extent it seeks "all records," and to the extent that the requested information is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins must not otherwise be available to defendants). Plaintiffs also object to the use of the term "childcare assistance," which is vague and ambiguous. Plaintiffs will produce non-privileged documents sufficient to show actual hours spent performing duties assigned by Interexchange or the au pair's host family, to the extent such information exists, after the parties agree which au pairs should be subject to the extensive written discovery outlined in these requests.

**Requests for Production No. 5**

All documents reflecting the amount(s) or payment of a stipend or any other payments received from your host family or host families during your time as an au pair.

**RESPONSE**:

Plaintiffs object to the scope of this request, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit"

because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure.").  Plaintiffs object to the request as overbroad and unduly burdensome to the extent it seeks "[a]ll documents" and to the extent that the requested information is already in InterExchange's possession, custody or control.  *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins must not otherwise be available to defendants). The request is also vague and ambiguous to the extent it seeks documents regarding "any other payments" received.  Plaintiffs further object on the grounds that the request seeks documents that are not relevant to the FLSA claims in this action.  Plaintiffs will produce non-privileged documents sufficient to show actual compensation received in exchange for performance of au pair duties, to the extent such information exists, after the parties agree which au pairs should be subject to the extensive written discovery outlined in these requests.

### Requests for Production No. 6

All documents, including but not limited to schedules, calendars, diaries, notes, files, appointment books, letters, agreements, emails, text messages, and social media postings, that describe or reflect your experiences as an au pair.

**RESPONSE**:

Plaintiffs object to the scope of this request, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate.  *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit"

because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure.").  Plaintiffs object to the request as overbroad and unduly burdensome to the extent the requested information is already in InterExchange's possession, custody or control.  *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (finding any discovery of opt ins must not otherwise be available to defendants).  The request is also vague, ambiguous, overbroad and unduly burdensome to the extent it seeks "[a]ll documents" that "describe or reflect your experiences as an au pair."  Plaintiffs will withhold documents on the basis of these objections if any responsive documents are located.

**Requests for Production No. 7**

Not including communications involving your lawyers, all communications with any other person about this lawsuit or your decision to participate in this lawsuit

**RESPONSE**:

Plaintiffs object to the scope of this request, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate.  *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure.").  Plaintiffs object to the terms "about this lawsuit" and "your decision to participate in this lawsuit" as vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to the request

because an au pair's communications about this lawsuit and their decision to join are not relevant to the FLSA claims asserted in this action.  Moreover, the term "involving" is vague and ambiguous and Plaintiffs object to the production of any privileged communications, including those that do not "involv[e]" lawyers.  Plaintiffs will withhold documents on the basis of these objections if any responsive documents are located.

## Requests for Production No. 8

All documents related to any advertising or marketing upon which you relied when making the determination about which sponsor you would apply to or when deciding to participate in the au pair program.

## RESPONSE:

Plaintiffs object to the scope of this request, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate.  *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure.").  Plaintiffs object to the request because documents which au pairs "relied" on when determining which sponsor to apply to, or whether to participate in the program are not relevant to the FLSA claims in this action.  Moreover, Plaintiffs object to the term "rely" because the term is vague and ambiguous.  Plaintiffs will withhold documents on the basis of these objections if any responsive documents are located.

## III.    REQUESTS FOR ADMISSION

### Requests for Admission No. 1

Admit that on one or more occasions you received more than $195.75 in weekly payment(s) from your host family or host families.

**RESPONSE:**

Plaintiffs object to the scope of this request, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure."). Furthermore, Plaintiffs object to the term "payment(s)" as vague and ambiguous. Plaintiffs further object to the extent that "payment(s)" include items besides the weekly stipend as those items are not relevant to the FLSA claims in this action. In light of these objections, Plaintiffs decline to respond to this request.

### Requests for Admission No. 2

Admit that no representative of InterExchange assigned you to the particular duties or responsibilities that you provided to your host family.

**RESPONSE:**

Plaintiffs object to the scope of this request, which is directed at "all

InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure."). Furthermore, Plaintiffs object to the request because it calls for a legal conclusion regarding InterExchange's status as a joint employer under the FLSA.

## Requests for Admission No. 3

Admit that no representative of InterExchange ever observed you while you performed duties for your host family.

**RESPONSE:**

Plaintiffs object to the scope of this request, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure."). In light of these objections, Plaintiffs decline to respond to this request.

**Requests for Admission No. 4**

Admit that no representative of InterExchange ever determined or specified to you your schedule or the actual hours when you would perform your duties and responsibilities during your participation in the au pair program.

**RESPONSE:**

Plaintiffs object to the scope of this request, which is directed at "all

InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome.

Burdensome discovery requests aimed at the entirety of large FLSA classes are

inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb.,

Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit"

because "[t]he individual discovery required ... would destroy the economy of scale

envisioned by the FLSA collective action procedure.").  In light of these objections,

Plaintiffs decline to respond to this request.


**Requests for Admission No. 5**

Admit that InterExchange did not give or pay you your weekly stipend amounts.

**RESPONSE:**

Plaintiffs object to the scope of this request, which is directed at "all

InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome.

Burdensome discovery requests aimed at the entirety of large FLSA classes are

inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb.,

Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit"

because "[t]he individual discovery required ... would destroy the economy of scale

envisioned by the FLSA collective action procedure.").  Furthermore, Plaintiffs object to

the request because it calls for a legal conclusion regarding InterExchange's status as a

joint employer under the FLSA.


**Requests for Admission No. 6**

Excluding your two weeks of vacation, admit that you worked fewer than 45 hours during at least one week that you were an au pair.

**RESPONSE:**

Plaintiffs object to the scope of this request, which is directed at "all InterExchange FLSA Opt-in Plaintiffs", as overbroad and unduly burdensome. Burdensome discovery requests aimed at the entirety of large FLSA classes are inappropriate. *See Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required ... would destroy the economy of scale envisioned by the FLSA collective action procedure."). Plaintiffs also object to this request because it presumes that au pairs all received "two weeks of vacation." In light of this objection, Plaintiffs decline to respond to this request.


Dated: October 30, 2017                    **BOIES SCHILLER FLEXNER LLP**

                                           _____/s/ Dawn L. Smalls_____

                                           575 Lexington Avenue
                                           New York, New York 10022
                                           Tel: (212) 446-2300
                                           Fax: (212) 446-2350

                                           *Attorneys for Plaintiffs*