# EXHIBIT C

| | |
|---|---|
| **From:** | Dawn Smalls |
| **To:** | Hunt, Joe H. |
| **Cc:** | Colaizzi, Brooke A.; Levy, Alyssa L. |
| **Subject:** | RE: Beltran, et al. v. Interexchange, Inc., et al. |
| **Date:** | Wednesday, November 08, 2017 9:53:50 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | RE stream-lined opt-in discovery.msg |
| | RE Opt-In Discovery.msg |
| | RE Beltran et al. v. Interexchange Inc. et al..msg |

Joe,

If you choose to do so, you are welcome to file a motion to compel (1) after we have met and conferred; and (2) we have held an informal discovery conference before Judge Tafoya. In my email to Brooke last evening (attached for reference) I offered two times to either continue the conversation about Plaintiffs' proposal for opt in discovery or to meet and confer about Plaintiff's Objections and Responses to your Interrogatories, RFAs and RFPs. Please let me know what time would work best for you and which you would like to discuss.

It is Plaintiffs' preference to see if we can come to agreement on written opt in discovery and get you the information you seek more quickly and more efficiently than would follow from the more formal discovery process. It is also our preference to do so without motion practice or court intervention as we did with Cultural Care. However, we do not believe that the extensive written discovery outlined in your requests is appropriate for opt in plaintiffs — even in a class of 145 - as we believe it is disproportionate and unduly burdensome and "destroys the economy of scale envisioned by the FLSA collective action procedure." For that reason, we are prepared to litigate the issue.

For your reference, the outlines of Plaintiffs' proposal were made in the attached email. The ultimate agreement that we have come to with Cultural Care is as follows:

> Interrogatories/RFAs:
> In lieu of traditional interrogatories, a survey would go to all Cultural Care opt-in plaintiffs. The survey would be comprised of the questions outlined below. Each responding au pair would certify at the end of the survey that her/his answers are true and complete. Plaintiffs will consolidate the answers for each responding au pair, by name, into a spreadsheet using the au pair's actual unedited answers. Cultural Care would then be served with the spreadsheets on a rolling basis as Plaintiffs compile information, in a timely enough fashion for Cultural Care to begin and to complete the deposition process, also on a rolling basis. Plaintiffs will provide Cultural Care with a stipulation that each responding au pair has certified that her/his answers are true and complete, and that it may use the spreadsheets in the same manner as interrogatory responses. Cultural Care preserves its position that any au pair who fails to respond is subject to a default judgment, and Plaintiffs preserve our position that she/he is not subject to a default judgment, reserving the issue for the court at a later point.
>
> RFPs will be reduced to a single category, which will be posed to each Cultural Care opt-in plaintiff, to wit: "Any documents relating to amounts paid to you and hours that you worked." We agreed that a response that the au pair possesses no such documents is not a ground for default. However, Cultural Care preserves its right to argue that a failure to respond to the request at all is a ground for default, and Plaintiffs preserve our position that it is not.
>
> We did not agree to the total number of depositions appropriate for opt in discovery and defer that issue for now. Plaintiffs will not require that we determine the total number of depositions before depositions begin and we agree that Cultural Care may begin noticing them when they choose to do so. We will revisit this issue once Cultural Care notices more than 5% of the opt-in Plaintiffs for depositions.
>
> > RFAs incorporated as questions into survey:

- On one or more occasions [did] you receive[] more than $195.75 in weekly payment(s) from your host family or host families?
- Was your schedule set by, or determined in conjunction with, your host family?
- Was your stipend paid by your host family?

Survey Questions

- Whether any adults other than the au pair and the host parents lived in the host family home, and if so whether they assisted in childcare and for how many hours a week.
- How their schedule was determined, and the number of hours and days per week they worked.
- With respect to payment, we would ask them in detail and by payment/benefit, to list what the payment or benefit was, estimated amount of benefit, and timeframe for benefit (per day, per month, per week, per year).
- The number of host families with which they were placed
- Full name/Full name when au pair
- Date of Birth
- Current Address
- Country They Were Living in Before Coming to the US as an Au Pair
- How they first learned of the opportunity to become an au pair
- Month and Year they first applied to join the au pair program
- Whether they applied to a single sponsor agency or one
- Organization that recruited them to be an au pair
- Key Benefits of being an au pair as they understood them
- Downsides of Being an Au Pair as they understood them.
- Whether they met with a staff member of the sponsor agency when being recruited
- Whether they paid fees to participate in the program
- Number of Interviews with Host Families before being accepted into the Program
- Whether training was required by the Sponsor agency
- Host Family Name and Begin and End Date of Placement with Host Family
- Full Names and Relation of any Adults that lived in the household while the au pair was there
- Whether the weekly stipend was discussed in the initial interview with the host family for the position
- How the au pair and the family decided the weekly stipend
- The weekly stipend paid
- Person or entity that paid them
- Whether the amount of the stipend every varied
- If it did vary, how and why
- How they were paid
- Whether they received any payments or benefits from the host family other than the weekly stipend
- Number of children in the host family
- Age of Each Child, whether they attended school or daycare, and numbers of hours in school or daycare
- Main childcare tasks performed for this family
- Other childcare activities the au pair spent time on
- Whether the au pair provided services other than childcare to the host family
- Expected to be on call when not actively scheduled to provide childcare?
- Whether they had responsibilities for children waking overnight
- Whether there were times that they provided childcare that were unexpected or outside of

        the normal schedule
- Whether they ever made a complaint and if so who it was reported to and how it was resolved

**From:** Hunt, Joe H. [mailto:JHunt@shermanhoward.com]
**Sent:** Tuesday, November 07, 2017 7:21 PM
**To:** Dawn Smalls
**Cc:** Colaizzi, Brooke A.; Levy, Alyssa L.
**Subject:** RE: Beltran, et al. v. Interexchange, Inc., et al.

Dawn,

We are in receipt of the FLSA opt-in plaintiffs' objections to InterExchange's discovery requests. We deem the 'responses' non-responsive and are considering filing a motion to compel production of the information. As you know, the rules provide for sanctions against a party that fails to respond to discovery requests, and such failure is not excused on the grounds that the discovery sought is objectionable (InterExchange has also not received any response by the opt-in plaintiffs who opted in by notice dated October 2, 2017). The opt-in plaintiffs had an obligation to respond or to seek a protective order. That is precisely what happened in the case on which the opt-in plaintiffs rely, *Morales v. Farmland Foods, Inc.*, Case 8:08CV504, 2010 U.S. Dist. LEXIS 96626, 2010 WL 3447513 (D. Neb. Aug. 27, 2010), in support of their contention that no response is necessary until the parties agree on the scope of opt-in discovery. Although we have conferred in general about this issue, you did not indicate that you would refuse to respond to all requests. InterExchange has not made discovery requests aimed at the entirety of a large FLSA class, as is claimed in the objections, but only 145 opt-in plaintiffs (to date). We previously made it clear that we believe discovery from all opt-ins is appropriate here. I understand that you made a proposal to Brooke Colaizzi about narrowing the scope of written discovery. Brooke is unavailable, so please reiterate your proposal. We welcome the opportunity to confer and to get the ball rolling in order to determine whom to depose.

Regards,

**Joe H. Hunt**

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202
Direct: 303.299.8302
jhunt@shermanhoward.com | www.shermanhoward.com
cid:image001.png@01D26763.8346BC80



CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Monday, October 30, 2017 9:14 PM
**Cc:** Colaizzi, Brooke A.; Vickles, Heather F.; Deeny, Raymond M.; Hunt, Joe H.; Levy, Alyssa L.; Lewis, Laura
**Subject:** RE: Beltran, et al. v. Interexchange, Inc., et al.

Please find Plaintiffs' responses to Interexchange, Inc.'s Interrogatories, Requests for Production, and Requests for Admission to FLSA Opt-in Plaintiffs attached.

**From:** Boyte, Louisa [mailto:lboyte@shermanhoward.com]
**Sent:** Friday, September 29, 2017 5:56 PM
**To:** 'alex@towardsjustice.org'; 'LStone@Nixonshefrin.com'; 'kcraigmile@nixonshefrin.com'; 'jfulfree@putneylaw.com'; 'jcartafalsa@putneylaw.com'; 'rtucker@putneylaw.com'; 'smacri@putneylaw.com'; 'joan.lukey@choate.com'; 'rbuchanan@choate.com'; 'mgass@choate.com'; 'jwolosz@choate.com'; 'lkruzer@choate.com'; 'kokeefe@choate.com'; 'jlyons@lrrc.com'; 'jfuller@lrrc.com'; 'dhazel@lrrc.com'; 'Bogdane@hotmail.com'; 'wkelly@kellywalkerlaw.com'; 'cfeldkamp@kellywalkerlaw.com'; 'brian@rietzlawfirm.com'; 'reilly@wtotrial.com'; 'fox@wtotrial.com'; 'West@wtotrial.com'; 'jhartley@hollandhart.com'; 'aahubbard@hollandhart.com'; 'jsbender@hollandhart.com'; 'mfitzgerald@bhfs.com'; 'dmeschke@bhfs.com'; 'marnold@bhfs.com'; 'tquinn@gordonrees.com'; 'pkozal@gordonrees.com'; 'hkelly@gordonrees.com'; 'jvedra@gordonrees.com'; 'nhuey@gordonrees.com'; 'mrhoades@armstrongteasdale.com'; 'mestevao@armstrongteasdale.com'; 'vknapp@armstrongteasdale.com'; 'sklopman@hklawllc.com'; Lauren Louis; Sigrid McCawley; Sabria McElroy; Sean Rodriguez; Juan Valdivieso; 'llee@laborlawyers.com'; 'sschaecher@laborlawyers.com'; 'estock@gibsondunn.com'; Matthew L. Schwartz; Peter Skinner; Dawn Smalls; Randall Jackson; Joshua Libling; 'EBeckmann@nixonshefrin.com'
**Cc:** Colaizzi, Brooke A.; Vickles, Heather F.; Deeny, Raymond M.; Hunt, Joe H.; Levy, Alyssa L.; Lewis, Laura
**Subject:** Beltran, et al. v. Interexchange, Inc., et al.

Counsel,

Attached you will find Interexchange, Inc.'s Interrogatories, Requests for Production, and Requests for Admission to FLSA Opt-in Plaintiffs, regarding the above-referenced matter.

*Sincerely,*

*Louisa Boyte*

*Legal Secretary to Rod Smith, Chuck Newcom, Matt Morrison, Elizabeth Chilcoat and James Korte*

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202
Direct: 303.299.8444
lboyte@shermanhoward.com | www.shermanhoward.com



CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]