# EXHIBIT D

| | |
|---|---|
| **From:** | Dawn Smalls |
| **To:** | Hunt, Joe H. |
| **Cc:** | Colaizzi, Brooke A.; Levy, Alyssa L.; Maria Guarisco |
| **Subject:** | RE: Beltran, et al. v. Interexchange, Inc., et al. |
| **Date:** | Friday, December 22, 2017 6:08:30 PM |
| **Attachments:** | image001.png |
| | image002.png |

Joe,

Our conferrals have been limited to written discovery and have not touched on depositions. Plaintiffs have not agreed to a number or percentage of depositions with any Defendant. As part of our ongoing discussions with Cultural Care, we agreed that they may start noticing depositions, but that we would object once the number exceeded 5% of opt ins.

We will accept your proposal to request written discovery from 25% of opt ins and will await the names for the au pairs whom you would like to respond to written discovery. With respect to the requests themselves, we can use the Cultural Care discovery requests served on November 30th as a basis for InterExchange's requests if you would like to do so. Plaintiffs have limited objections to the discovery requests included in these requests.

With respect to outstanding discovery requests, Plaintiffs served our discovery requests to InterExchange for documents relating to opt ins in InterExchange's possession several weeks before yours were issued. Before any accusations of delinquent productions can be made, InterExchange must first respond to Plaintiffs' outstanding request.

Dawn

---

**From:** Hunt, Joe H. [mailto:JHunt@shermanhoward.com]
**Sent:** Tuesday, December 19, 2017 11:25 AM
**To:** Dawn Smalls
**Cc:** Colaizzi, Brooke A.; Levy, Alyssa L.; Maria Guarisco
**Subject:** RE: Beltran, et al. v. Interexchange, Inc., et al.

Hi Dawn,

I'm writing as a follow up to the email below. We would appreciate your response soon, if possible.

Regards,

**Joe H. Hunt**

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202
Direct: 303.299.8302
jhunt@shermanhoward.com | www.shermanhoward.com



SHERMAN & HOWARD

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

**From:** Hunt, Joe H.
**Sent:** Wednesday, December 06, 2017 4:12 PM
**To:** 'Dawn Smalls'
**Cc:** Colaizzi, Brooke A.; Levy, Alyssa L.; Maria Guarisco
**Subject:** RE: Beltran, et al. v. Interexchange, Inc., et al.

Dawn,

You are backtracking about the bases for your prior objections, but thank you for acknowledging that amounts, methods, and dates of payment are relevant to the FLSA claims. Thank you for making a counteroffer, too. We will dispense with arguing about case law. Obviously, courts handle disputes like this in a variety of ways. We propose that InterExchange be permitted written discovery and discovery by deposition for 25% of the final number of its opt-in plaintiffs (right now, that stands at 45 out of 179 opt-in plaintiffs). To avoid any confusion, we will provide a list of 45 opt-in plaintiffs whom we want to respond to written discovery, and a separate list of 45 opt-in plaintiffs whom we want to depose. We disagree with your characterization of InterExchange's revised opt-in discovery requests as "extensive," however, we have made further revisions (deleting former Interrogatory No. 8 and narrowing the scope of former Interrogatory No. 9) to address your concerns about Rule 23 discovery. In the alternative, we are willing to change the discovery requests to reflect the language in Culture Care's opt-in discovery requests (attached). We are making these revisions and offering to limit the sample of opt-in plaintiffs without prejudice to seek discovery from other opt-in plaintiffs in the event that responses are inadequate or deficient by the 25% sample. Finally, to be clear, we have not received responses to InterExchange's discovery requests to opt-in plaintiffs dated November 1, 7, 20, and 28, and December 4, 2017. Some of the deadlines to respond have expired. For those that have expired, we deem the matters set forth in the request for admissions admitted.

Regards,

**Joe H. Hunt**

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202
Direct: 303.299.8302
jhunt@shermanhoward.com | www.shermanhoward.com



**SHERMAN & HOWARD**

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of

the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Wednesday, December 06, 2017 8:25 AM
**To:** Hunt, Joe H.
**Cc:** Colaizzi, Brooke A.; Levy, Alyssa L.; Maria Guarisco
**Subject:** RE: Beltran, et al. v. Interexchange, Inc., et al.

Joe,

Your message conflates several distinct issues. Plaintiffs have asserted both FLSA claims and Rule 23 class claims against InterExchange. For purposes of the FLSA claims, we agree that InterExchange may seek discovery from a representative sample of opt-ins. However, the level of discovery allowed in an opt in class is entirely different than the level of discovery allowed in an Rule 23 class, and InterExchange cannot use FLSA discovery to obtain discovery that it never would have been entitled to in a Rule 23 class.

To be clear, we do not object to a sampling of an opt in Plaintiff's name and DOB, as well as the amount of payment for *a sampling* of opt in Plaintiffs. What we object to is the proposal that *all* opt ins should be subject to this discovery. In your email you state that Plaintiffs have not offered a counter proposal. Putting aside the fact that your offer of "compromise" appears to be nothing of the sort as you reserve the rights to seek complete discovery even if we agree to your proposal, Plaintiffs propose a sample of 20% which is well supported by the caselaw. *See, e.g., Evans v. Lowe's Home Ctrs., Inc.*, 2005 WL 2100708, at *2 (M.D. Pa. Aug. 29, 2005) (no prejudice to defendants in receiving discovery from a subset of opt ins); *Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004) (faulting plaintiffs for taking an "all or nothing" position); *O'Toole v. Sears Roebuck and Co.*, 2014 WL 1388660, at *2 (N.D. Ill. Apr. 10, 2014) (faulting defendants for refusing a sample). The extensive discovery you seek is in fact frowned upon by courts because it "would destroy the economy of scale envisioned by the FLSA collective action procedure." *Morales v. Farmland Foods, Inc.*, 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010).

Your revised interrogatories, document requests, and requests for admission continue to seek information that is irrelevant to the FLSA claims, including why au pairs decided to participate in the program, and information about their experiences as au pairs generally. In your email, you assert that the discovery propounded on opt-ins "is not limited to FLSA claims and includes information related to InterExchange's defenses..." That is not the law. **Discovery from absent Rule 23 class members is the exception, not the rule, and as a result, requests for such discovery are "generally disfavored."** *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2009 WL 3244696, at *2 (D. Kan. Oct. 6, 2009). Because it is generally disfavored, "[t]he party moving [for such discovery] has the burden of proving necessity." *Id.* (citation omitted); *see also Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340-41 (7th Cir. 1974) (the burden is on defendants to show the need for discovery from absent class members). This is because, unlike FLSA opt-ins who arguably may be party-plaintiffs, absent Rule 23 class members "are not considered parties for purposes of traditional discovery measures". *Schwartz v. Celestial Seasonings, Inc.*, 185 F.R.D. 313, 319 (D. Colo. 1999). In cases with both FLSA and Rule 23 claims, courts analyze the discovery obligations for Rule 23 and FLSA separately,

precisely because they are driven by different statutory regimes and legal standards. *See, e.g., Charles v. Nationwide Mut. Ins. Co.*, Inc., 2010 WL 7132173, at *1 (E.D.N.Y. 2011) (distinguishing the "procedural mechanism" for FLSA discovery from Rule 23 discovery, and analyzing plaintiff's motion to compel each type of discovery separately); *Dziennik v. Sealift, Inc.*, 2006 WL 1455464, at *2 (E.D.N.Y. 2006) (distinguishing Rule 23 discovery from FLSA discovery where "the limitations period continues to run until the potential class member opts in"). Further, the rationale parties often use to justify Rule 23 discovery is absent here, because the Court already has the relevant information before it necessary to evaluate class certification. *See, e.g., Colorado Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 2011 WL 5865059, at *1 (D. Colo. Nov. 22, 2011) (absent class member discovery "is generally limited to certification issues: e.g., the number of class members, the existence of common questions, the typicality of claims, and the representative's ability to represent the class."). In short, you may conduct discovery of the Rule 23 claims concurrently; however Plaintiffs will not agree to discovery beyond the FLSA claims for any plaintiffs beyond the named plaintiffs.

Further, the cases you cite do not support six (or three in the case of the revised requests) pages of discovery to a Rule 23 class **or** a FLSA class. *See, e.g., Stickle v. SCI Western Market Support Center, L.P.*, 2010 WL 3218598, at *1 (D. Ariz. Aug. 13, 2010) (interrogatories were "easy to follow and seek very obvious information", nearly all of which required only "answering in a box"); *Evans*, 2005 WL 2100708, at *2 (refusing to dismiss the 20% of plaintiffs who failed to respond to discovery requests because there was "no prejudice to Defendant"); *Coldiron*, 2004 WL 2601180, at *2 (allowing discovery of all 306 opt-ins because plaintiffs refused to offer an alternative or compromise with defendants); *O'Toole*, 2014 WL 1388660, at *2-3 (allowing discovery of a sample of 33% of opt-ins and "question[ing] the good sense of the" parties, where neither party's position was "particularly compelling" and defendants failed to provide a basis for refusing to accept discovery from a subset of the class); *Winkler v. Sunbelt Rentals, Inc.*, 2014 WL 12596498, at *4-5 (N.D. Tex. July 10, 2014) (adopting defendant's 2/3rd sampling plan over plaintiff's 10% plan because of the "particular needs" of the parties, including plaintiffs' distinct FLSA claim); *Brooks v. Farm Fresh, Inc.*, 759 F. Supp. 1185, 1188 (E.D. Va. 1991) (where the parties could not agree on scope of discovery, the court allowed ongoing depositions of **up to** 127 opt-ins, "at least until either party felt that the record was sufficiently developed for the Court to determine whether the case should proceed as a representative action").

With respect to timing, we have filed Responses and Objections to your discovery requests on a timely basis. As we stated in our Reponses and Objections, we will start producing the information we indicated that we would produce as soon as we have come to an agreement on the number of au pairs that are subject to the extensive discovery you have requested.

Dawn

**From:** Hunt, Joe H. [mailto:JHunt@shermanhoward.com]
**Sent:** Friday, December 01, 2017 11:49 AM
**To:** Dawn Smalls
**Cc:** Colaizzi, Brooke A.; Levy, Alyssa L.
**Subject:** RE: Beltran, et al. v. Interexchange, Inc., et al.

Dawn,

InterExchange wants all 178 of its opt-in plaintiffs to respond to discovery requests. This case is unusual in that there are 178 unique host families, methods of payment, and worksites for all opt-in plaintiffs of InterExchange. As described below, case law suggests that class-wide individualized discovery is proper under the circumstances. In an effort to compromise, we have pared down or eliminated certain discovery requests (see attached tracked changes). You have not made any proposal about the number of opt-in plaintiffs who will respond. InterExchange, however, is offering that *half* of the opt-in plaintiffs respond to these revised requests to get the ball rolling. We reserve the right to seek discovery from all opt-in plaintiffs.

We are baffled by some of your objections and uncertain about who is making the objections (i.e., the lawyer, named plaintiffs, or opt-in plaintiffs). By way of example only, you have objected to InterExchange's request for the opt-in plaintiff's name and date of birth as overbroad and unduly burdensome. That does not appear to be a sincere objection. You have also objected to InterExchange's request for information about when and how the opt-in plaintiff was paid and contend that such request is not relevant to the FLSA claims. Notwithstanding when and how the host families paid the au pairs is directly related to the FLSA claims, the objection ignores that the scope of discovery is not limited to FLSA claims and includes information related to InterExchange's defenses, including that a collective action is not proper. Moreover, your firm's position previously has been that discovery from these individuals can be had only once, and thus any desired discovery must be included in this set. By offering to revise InterExchange's discovery requests or limit discovery, we reserve the right to bring these matters to the Court's attention.

As you know, courts do not uniformly handle discovery disputes like this one. In response to your statement that you "have not found a single case that provides for individualized discovery" in an opt-in class such as this one, please see the following cases permitting comprehensive individualized discovery to more opt-in plaintiffs than are at issue here: *Stickle v. SCI W. Mkt. Support Ctr., L.P.*, Case 08-CV-083, 2010 U.S. Dist. LEXIS 83986, *11 (D. Ariz. Aug. 13 2010) (permitting 11 interrogatories to 1,400 opt-in plaintiffs); *Evans v. Lowe's Home Ctrs., Inc.*, Case 03-CV-0438, 2005 U.S. Dist. LEXIS 19072, *1 (M.D. Pa. Aug. 29, 2005) (court approval of written discovery directed to all 508 opt-in plaintiffs); *Coldiron v. Pizza Hut, Inc.*, Case 03-CV-05865, 2004 U.S. Dist. LEXIS 23610, *6-7 (C.D. Cal. Oct. 25, 2004) (permitting individualized discovery consisting of requests for admission, interrogatories, and requests for production of documents to 306 opt-in plaintiffs). Also, the court in *O'Toole v. Sears Roebuck & Co.*, Case 11-CV-4611, 2014 U.S. Dist. LEXIS 49408, *14 (N.D. Ill. Apr. 10, 2014), permitted individualized written discovery, consisting of 7 interrogatories and 17 requests for production, to 33% of 700 opt-in plaintiffs. The court in *Winkler v. Sunbelt Rentals, Inc.*, Case 12-CV-3789, 2014 U.S. Dist. LEXIS 196481, *3 (N.D. Tex. July 2014), permitted written discovery and discovery by deposition to 110 out of 164 opt-in plaintiffs. Finally, the court in *Brooks v. Farm Fresh, Inc.*, 759 F. Supp. 1185, 1188 (E.D. Va. 1991), permitted discovery by deposition of 127 opt-in plaintiffs. To put this in perspective, InterExchange has proposed written discovery to fewer opt-in plaintiffs than were subject to depositions in the *Brooks* case.

Your clients have voluntarily chosen to endure discovery by virtue of opting in to this lawsuit, and, though they are not named plaintiffs, they are full parties. We think InterExchange's proposal to propound discovery to half of its opt-in plaintiffs is a reasonable one at this juncture. So is

InterExchange's rebuff of your offer to send opt-in plaintiffs an optional survey. We hope that the revised discovery requests address some of your concerns about the burden in responding. Please meet us half way.

Also, in response to your question about timing, the deadlines to which we were referring are the deadlines to respond to written discovery by the opt-in plaintiffs. We have promptly served discovery requests each time the plaintiffs have filed a new notice of additional opt-in plaintiffs. We are offering to extend those deadlines because the clock is ticking. We look forward to your affirmative response.

Regards,

**Joe H. Hunt**

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202
Direct: 303.299.8302
jhunt@shermanhoward.com | www.shermanhoward.com



## SHERMAN & HOWARD

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Friday, November 10, 2017 5:32 AM
**To:** Hunt, Joe H.
**Cc:** Colaizzi, Brooke A.; Levy, Alyssa L.
**Subject:** RE: Beltran, et al. v. Interexchange, Inc., et al.

Joe,

We have looked at this issue extensively and have not found a single case that provides for individual discovery in an opt in class that even closely resembles the six pages of interrogatories, RFAs, and RFPs that you have issued. If you have found legal support for this kind of extensive individual opt in discovery, please share it. We would be happy to review it.

I would also note that discovery for opt ins is only appropriate with respect to FLSA claims and Plaintiffs will only answer requests that relate to the FLSA claims. Your discovery requests extend beyond the FLSA claims.

With respect to your reference to timing, can you explain what deadlines you are referring to extending? We have filed our responses and objections within the timeframe required under the federal rules. There are over 3300 opt ins and Plaintiffs are engaged with contacting them to obtain

relevant information about the case. It will take some time to gather, review, and produce information for each au pair. Is there another hard deadline that you are referring to? If so, please let us know.

Thanks,

Dawn

**From:** Hunt, Joe H. [mailto:JHunt@shermanhoward.com]
**Sent:** Wednesday, November 08, 2017 4:59 PM
**To:** Dawn Smalls
**Cc:** Colaizzi, Brooke A.; Levy, Alyssa L.
**Subject:** RE: Beltran, et al. v. Interexchange, Inc., et al.

Dawn,

We cannot agree to a survey to IEX's opt-in plaintiffs that is optional for them to complete. We also cannot agree to reduce IEX's requests for production of documents to a single inquiry. Each opt-in plaintiff is now a party suing IEX, and we insist on individualized discovery. As you are probably aware, courts have permitted individualized written discovery to far greater numbers of FLSA opt-in plaintiffs than are at issue here for IEX. We would agree to permit additional time for the opt-in plaintiffs to respond than would otherwise be permitted under the rules. And we are amenable to limiting the number of depositions, but we can address opt-in depositions later. Until we resolve written discovery to opt-in plaintiffs, would you agree to have half of the opt-ins subject to IEX's requests on September 29, 2017, respond to get started?

Regards,

Joe H. Hunt

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202
Direct: 303.299.8302
jhunt@shermanhoward.com | www.shermanhoward.com

125 YEARS

SHERMAN & HOWARD

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Wednesday, November 08, 2017 9:53 AM
**To:** Hunt, Joe H.

**Cc:** Colaizzi, Brooke A.; Levy, Alyssa L.
**Subject:** RE: Beltran, et al. v. Interexchange, Inc., et al.

Joe,

If you choose to do so, you are welcome to file a motion to compel (1) after we have met and conferred; and (2) we have held an informal discovery conference before Judge Tafoya. In my email to Brooke last evening (attached for reference) I offered two times to either continue the conversation about Plaintiffs' proposal for opt in discovery or to meet and confer about Plaintiff's Objections and Responses to your Interrogatories, RFAs and RFPs. Please let me know what time would work best for you and which you would like to discuss.

It is Plaintiffs' preference to see if we can come to agreement on written opt in discovery and get you the information you seek more quickly and more efficiently than would follow from the more formal discovery process. It is also our preference to do so without motion practice or court intervention as we did with Cultural Care. However, we do not believe that the extensive written discovery outlined in your requests is appropriate for opt in plaintiffs -- even in a class of 145 - as we believe it is disproportionate and unduly burdensome and "destroys the economy of scale envisioned by the FLSA collective action procedure." For that reason, we are prepared to litigate the issue.

For your reference, the outlines of Plaintiffs' proposal were made in the attached email. **The ultimate agreement that we have come to with Cultural Care is as follows:**

> Interrogatories/RFAs:
>
> In lieu of traditional interrogatories, a survey would go to all Cultural Care opt-in plaintiffs. The survey would be comprised of the questions outlined below. Each responding au pair would certify at the end of the survey that her/his answers are true and complete. Plaintiffs will consolidate the answers for each responding au pair, by name, into a spreadsheet using the au pair's actual unedited answers. Cultural Care would then be served with the spreadsheets on a rolling basis as Plaintiffs compile information, in a timely enough fashion for Cultural Care to begin and to complete the deposition process, also on a rolling basis. Plaintiffs will provide Cultural Care with a stipulation that each responding au pair has certified that her/his answers are true and complete, and that it may use the spreadsheets in the same manner as interrogatory responses. Cultural Care preserves its position that any au pair who fails to respond is subject to a default judgment, and Plaintiffs preserve our position that she/he is not subject to a default judgment, reserving the issue for the court at a later point.
>
> RFPs will be reduced to a single category, which will be posed to each Cultural Care opt-in plaintiff, to wit: "Any documents relating to amounts paid to you and hours that you worked." We agreed that a response that the au pair possesses no such documents is not a ground for default. However, Cultural Care preserves its right to argue that a failure to respond to the request at all is a ground for default, and Plaintiffs preserve our position that it is not.
>
> We did not agree to the total number of depositions appropriate for opt in discovery and defer that issue for now. Plaintiffs will not require that we determine the total number of depositions before depositions begin and we agree that Cultural Care may begin noticing them when they choose to do so. We will revisit this issue once Cultural Care notices more than 5% of the opt-in Plaintiffs for depositions.
>
>> RFAs incorporated as questions into survey:

- On one or more occasions [did] you receive[] more than $195.75 in weekly payment(s) from your host family or host families?
- Was your schedule set by, or determined in conjunction with, your host family?
- Was your stipend paid by your host family?

Survey Questions

- Whether any adults other than the au pair and the host parents lived in the host family home, and if so whether they assisted in childcare and for how many hours a week.
- How their schedule was determined, and the number of hours and days per week they worked.
- With respect to payment, we would ask them in detail and by payment/benefit, to list what the payment or benefit was, estimated amount of benefit, and timeframe for benefit (per day, per month, per week, per year).
- The number of host families with which they were placed
- Full name/Full name when au pair
- Date of Birth
- Current Address
- Country They Were Living in Before Coming to the US as an Au Pair
- How they first learned of the opportunity to become an au pair
- Month and Year they first applied to join the au pair program
- Whether they applied to a single sponsor agency or one
- Organization that recruited them to be an au pair
- Key Benefits of being an au pair as they understood them
- Downsides of Being an Au Pair as they understood them.
- Whether they met with a staff member of the sponsor agency when being recruited
- Whether they paid fees to participate in the program
- Number of Interviews with Host Families before being accepted into the Program
- Whether training was required by the Sponsor agency
- Host Family Name and Begin and End Date of Placement with Host Family
- Full Names and Relation of any Adults that lived in the household while the au pair was there
- Whether the weekly stipend was discussed in the initial interview with the host family for the position
- How the au pair and the family decided the weekly stipend
- The weekly stipend paid
- Person or entity that paid them
- Whether the amount of the stipend every varied
- If it did vary, how and why
- How they were paid
- Whether they received any payments or benefits from the host family other than the weekly stipend
- Number of children in the host family
- Age of Each Child, whether they attended school or daycare, and numbers of hours in school or daycare
- Main childcare tasks performed for this family
- Other childcare activities the au pair spent time on
- Whether the au pair provided services other than childcare to the host family

- Expected to be on call when not actively scheduled to provide childcare?
- Whether they had responsibilities for children waking overnight
- Whether there were times that they provided childcare that were unexpected or outside of the normal schedule
- Whether they ever made a complaint and if so who it was reported to and how it was resolved

**From:** Hunt, Joe H. [mailto:JHunt@shermanhoward.com]
**Sent:** Tuesday, November 07, 2017 7:21 PM
**To:** Dawn Smalls
**Cc:** Colaizzi, Brooke A.; Levy, Alyssa L.
**Subject:** RE: Beltran, et al. v. Interexchange, Inc., et al.

Dawn,

We are in receipt of the FLSA opt-in plaintiffs' objections to InterExchange's discovery requests. We deem the 'responses' non-responsive and are considering filing a motion to compel production of the information. As you know, the rules provide for sanctions against a party that fails to respond to discovery requests, and such failure is not excused on the grounds that the discovery sought is objectionable (InterExchange has also not received any response by the opt-in plaintiffs who opted in by notice dated October 2, 2017). The opt-in plaintiffs had an obligation to respond or to seek a protective order. That is precisely what happened in the case on which the opt-in plaintiffs rely, *Morales v. Farmland Foods, Inc.*, Case 8:08CV504, 2010 U.S. Dist. LEXIS 96626, 2010 WL 3447513 (D. Neb. Aug. 27, 2010), in support of their contention that no response is necessary until the parties agree on the scope of opt-in discovery. Although we have conferred in general about this issue, you did not indicate that you would refuse to respond to all requests. InterExchange has not made discovery requests aimed at the entirety of a large FLSA class, as is claimed in the objections, but only 145 opt-in plaintiffs (to date). We previously made it clear that we believe discovery from all opt-ins is appropriate here. I understand that you made a proposal to Brooke Colaizzi about narrowing the scope of written discovery. Brooke is unavailable, so please reiterate your proposal. We welcome the opportunity to confer and to get the ball rolling in order to determine whom to depose.

Regards,

Joe H. Hunt

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202
Direct: 303.299.8302
jhunt@shermanhoward.com | www.shermanhoward.com



SHERMAN&HOWARD

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately

inform me by "reply" email and delete the message. Thank you.

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Monday, October 30, 2017 9:14 PM
**Cc:** Colaizzi, Brooke A.; Vickles, Heather F.; Deeny, Raymond M.; Hunt, Joe H.; Levy, Alyssa L.; Lewis, Laura
**Subject:** RE: Beltran, et al. v. Interexchange, Inc., et al.

Please find Plaintiffs' responses to Interexchange, Inc.'s Interrogatories, Requests for Production, and Requests for Admission to FLSA Opt-in Plaintiffs attached.

**From:** Boyte, Louisa [mailto:lboyte@shermanhoward.com]
**Sent:** Friday, September 29, 2017 5:56 PM
**To:** 'alex@towardsjustice.org'; 'LStone@Nixonshefrin.com'; 'kcraigmile@nixonshefrin.com'; 'jfulfree@putneylaw.com'; 'jcartafalsa@putneylaw.com'; 'rtucker@putneylaw.com'; 'smacri@putneylaw.com'; 'joan.lukey@choate.com'; 'rbuchanan@choate.com'; 'mgass@choate.com'; 'jwolosz@choate.com'; 'lkruzer@choate.com'; 'kokeefe@choate.com'; 'jlyons@lrrc.com'; 'jfuller@lrrc.com'; 'dhazel@lrrc.com'; 'Bogdane@hotmail.com'; 'wkelly@kellywalkerlaw.com'; 'cfeldkamp@kellywalkerlaw.com'; 'brian@rietzlawfirm.com'; 'reilly@wtotrial.com'; 'fox@wtotrial.com'; 'West@wtotrial.com'; 'jhartley@hollandhart.com'; 'aahubbard@hollandhart.com'; 'jsbender@hollandhart.com'; 'mfitzgerald@bhfs.com'; 'dmeschke@bhfs.com'; 'marnold@bhfs.com'; 'tquinn@gordonrees.com'; 'pkozal@gordonrees.com'; 'hkelly@gordonrees.com'; 'jvedra@gordonrees.com'; 'nhuey@gordonrees.com'; 'mrhoades@armstrongteasdale.com'; 'mestevao@armstrongteasdale.com'; 'vknapp@armstrongteasdale.com'; 'sklopman@hklawllc.com'; Lauren Louis; Sigrid McCawley; Sabria McElroy; Sean Rodriguez; Juan Valdivieso; 'llee@laborlawyers.com'; 'sschaecher@laborlawyers.com'; 'estock@gibsondunn.com'; Matthew L. Schwartz; Peter Skinner; Dawn Smalls; Randall Jackson; Joshua Libling; 'EBeckmann@nixonshefrin.com'
**Cc:** Colaizzi, Brooke A.; Vickles, Heather F.; Deeny, Raymond M.; Hunt, Joe H.; Levy, Alyssa L.; Lewis, Laura
**Subject:** Beltran, et al. v. Interexchange, Inc., et al.

Counsel,

Attached you will find Interexchange, Inc.'s Interrogatories, Requests for Production, and Requests for Admission to FLSA Opt-in Plaintiffs, regarding the above-referenced matter.

*Sincerely,*

*Louisa Boyte*

*Legal Secretary to Rod Smith, Chuck Newcom, Matt Morrison, Elizabeth Chilcoat and James Korte*

633 Seventeenth Street, Suite 3000, Denver, Colorado 80202
Direct: 303.299.8444
lboyte@shermanhoward.com | www.shermanhoward.com

125 YEARS

**SHERMAN & HOWARD**

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as

indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" email and delete the message. Thank you.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]