# EXHIBIT F

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

    Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

    Defendants.

---

**PLAINTIFF BRENDA MEJIA CANALES'S RESPONSES AND OBJECTIONS TO DEFENDANT INTEREXCHANGE, INC.'S INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO FLSA OPT-IN PLAINTIFFS**

---

Plaintiff Responds and Objects, pursuant to Federal Rules of Civil Procedure 26, 33, 34, 36, 37 and the Local Rules of the District of Colorado ("Local Rules"), to Defendant InterExchange's ("InterExchange") Interrogatories, Requests for Production, and Requests for Admission to FLSA Opt-In Plaintiffs.

## **GENERAL OBJECTIONS**

Plaintiff asserts the following general objections and limitations, including those related to the Definitions and Instructions (collectively, the "General Objections"), to the Interrogatories, Requests for Production, and Requests for Admission, each of which is incorporated into the specific responses by Plaintiff. Each response is made without waiving the General Objections. Each general objection and limitation is set forth below:

1.     Plaintiff's responses are made without waiving any valid privilege, work product

1

protection, or other protection against disclosure, and any inadvertent disclosure or production shall not be deemed a waiver of any privilege, immunity, or other protection.

2. Plaintiff objects to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent that they purport to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules.

3. Plaintiff objects to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent that they purport to impose discovery obligations on every opt-in plaintiff, a procedure that is unreasonably burdensome and not proportional to the needs of this case.

4. Plaintiff objects to the Interrogatories, Requests for Production, and Requests for Admission, and to each Definition, Instruction or specific Request therein, insofar as they seek information or documents that are not relevant to the FLSA claims in this litigation, or which exceed the scope of discovery permitted by Federal Rules of Civil Procedure 26 and 34. Plaintiff also objects to the Interrogatories, Requests for Production, and Requests for Admission insofar as the burden of identifying or producing responsive documents grossly outweighs any relevance the documents might have.

5. Plaintiff objects to the Interrogatories, Requests for Production, and Requests for Admission and to each Definition and specific instruction contained therein, insofar as it seeks information or documents not in Plaintiff's possession, custody or control.

6. When a response indicates that Plaintiff will produce documents, Plaintiff does not represent that any responsive documents are in their possession, custody, or control, but rather production will be made if any such documents are located after a reasonable search.

2

7. Plaintiff objects to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent they are vague, ambiguous, irrelevant, overly broad, and/or unduly burdensome, including to the extent they seek "all" documents concerning the subject matter referenced therein.

8. Plaintiff objects to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent they contain unwarranted factual or legal conclusions, allegations, or claims. A response by Plaintiff that they will produce documents in response to any Interrogatory, Request for Production, or Request for Admission is not an admission or representation by Plaintiff that any factual or legal conclusion, allegation, or claim contained in any such Interrogatory, Request for Production, and Request for Admission or in the Definitions and Instructions are warranted, true or accurate.

9. Plaintiff's responses are only based on facts reasonably known to Plaintiff at the time of responding to these Interrogatories, Requests for Production, and Requests for Admission. Plaintiff reserves the right to alter, supplement, amend or otherwise modify these responses.

10. Plaintiff objects to the Interrogatories, Requests for Production, and Requests for Admission to the extent they seek information already available to or obtained by Defendant, that is publically available, or that it can obtain from sources that are more convenient, less burdensome, or less expensive.

**I.     INTERROGATORIES**

1.     Fully identify yourself by providing the following: (1) full name; (2) any other names used during and after your time as an au pair; (3) date of birth; (4) current address; (5) current and all former email address(es); (6) dates during which you participated in an au pair program either in the United States or any other country; and (7) the name of any other sponsor(s), in addition to InterExchange, that sponsored your participation in the au pair program.

**RESPONSE**: Plaintiff objects to each sub-part as overbroad and unduly burdensome to the extent the requested information is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (discovery of opt-ins must not otherwise be available to defendants).  Subject to this objection, Plaintiff responds as follows:

> (1) Full name: **Brenda Mejia Canales**
> (2) Any other names used during and after your time as an au pair: **None**
> (3) Date of birth: **09/28/1990**
> (4) Current address: **Fray Juan de San Miguel 13 Villa de los Frailes 37790 San Miguel de Allende Guancijuato Mexico**
> (5) Current and all former email address(es): **brenda.eme@outlook.com**
> (6) Dates during which you participated in an au pair program either in the United States or any other country: **08/11/2016 – 02/06/2017**
> (7) The name of any other sponsor(s), in addition to InterExchange, that sponsored your participation in the au pair program: **Edu & Care**

2.     For each host family with whom you were placed during your participation in the au pair program, for each child who lived in the family's home at any point during your placement, state (a) the child's age; (b) whether the child attended school; (c) if the child attended school, how many days each week and how many hours each day he or she attended school; and (d) for each day of the week, the specific duties and responsibilities you had with respect to that child.

4

**RESPONSE:** Plaintiff objects to each subpart as overbroad and unduly burdensome to the extent the requested information is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (discovery of opt-ins must not otherwise be available to defendants). Plaintiff further objects to each subpart on the grounds that they seek information that is not relevant to the FLSA claims in this action. In light of these objections, Plaintiff declines to respond to this interrogatory.

3. If your host family asked you to perform duties or take on responsibilities not listed in response to Interrogatory No. 2 above, describe in detail the specific duties and responsibilities and state the specific day or days of each week that you were required to perform that duty or responsibility.

**RESPONSE:** Plaintiff objects to each subpart on the grounds that they seek information that is not relevant to the FLSA claims in this action. In light of this objection, Plaintiff declines to respond to this interrogatory.

4. For each week that you participated in the au pair program, identify (a) the amount that you were paid for that week's duties and responsibilities; (b) the method by which you were paid (e.g. cash, check, etc.); and (c) the person or entity from whom you received each payment.

**RESPONSE**: Plaintiff objects to each sub-part as overbroad and unduly burdensome to the extent the requested information is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (discovery of opt ins must not otherwise be available to defendants). Subject to this objection, Plaintiff responds as follows:

(a) The amount that you were paid for that week's duties and responsibilities: **$195.75**
(b) The method by which you were paid (e.g. cash, check, etc.): **Online Bank Transfer**

5

(c) The person or entity from whom you received each payment: **Ryan Morris or Margaret Morris**

5.      Identify all other payments and/or benefits that you received from each host family with whom you lived. Examples of other payments and/or benefits include, but are not limited to, cash; gifts; bonuses; personal use of a car, cell phone, or computer; gas money; clothing; personal items; family vacations; and travel expenses.

**RESPONSE**: Plaintiff objects to each subpart on the grounds that they seek information that is not relevant to the FLSA claims in this action.  In light of this objection, Plaintiff declines to respond to this interrogatory.

6.      If you made any complaint to your host family(ies), InterExchange, the United States Department of State, or any other person or entity regarding wages, benefits, the stipend, your responsibilities as an au pair, or living conditions, identify (a) the date of the complaint; (b) the method of communication of the complaint; (c) the person or entity to whom you directed the complaint; (d) the substance of the complaint; and (e) how the complaint was resolved.

**RESPONSE**: Plaintiff objects to each sub-part as overbroad and unduly burdensome to the extent the requested information is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (discovery of opt ins must not otherwise be available to defendants).  Plaintiff also objects to each subpart on the grounds that they seek information that is not relevant to the FLSA claims in this action.  In light of these objections, Plaintiff declines to respond to this interrogatory.

**II.     REQUESTS FOR PRODUCTION**

1.      All documents identified or referenced in your answer to any Interrogatory.

**RESPONSE**: Plaintiff will produce any relevant, non-privileged documents responsive to this request after a reasonable search.

2. All communications or documents provided to or received from your host family or host families related to your participation in the au pair program or this lawsuit.

**RESPONSE:** Plaintiff objects to the request as overbroad and unduly burdensome to the extent the requested information is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (discovery of opt-ins must not otherwise be available to defendants). The request is also vague, ambiguous, overbroad, and unduly burdensome as it seeks documents "related to the au pair program or this lawsuit." Subject to these objections, Plaintiff will produce any non-privileged, relevant documents responsive to this request after a reasonable search.

3. All records reflecting your actual hours of childcare assistance as an au pair, whether on a daily, weekly, monthly, or other basis.

**RESPONSE**: Plaintiff objects to the scope of this request to the extent it seeks "[a]ll records," and to the extent that the requested information is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (discovery of opt-ins must not otherwise be available to defendants). Plaintiff also objects to this request because it is vague and ambiguous with respect to the term "childcare assistance." Subject to these objections, Plaintiff will produce any relevant, non-privileged documents sufficient to show actual hours spent performing au pair duties, to the extent such information exists.

4. All documents reflecting the amount(s) or payment of a stipend or any other payments received from your host family or host families during your time as an au pair.

7

**RESPONSE:** Plaintiff objects to the scope of this request as overbroad and unduly burdensome to the extent it seeks "[a]ll documents," and to the extent that the requested information is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (discovery of opt-ins must not otherwise be available to defendants). The request is also vague and ambiguous to the extent it seeks documents regarding "any other payments" received. Plaintiff further objects on the grounds that the request seeks documents that are not relevant to the FLSA claims in this action. Subject to these objections, Plaintiff will produce relevant, non-privileged documents sufficient to show actual compensation received in exchange for performance of au pair duties, to the extent such information exists.

5. All documents, including but not limited to schedules, calendars, diaries, notes, files, appointment books, letters, agreements, emails, text messages, and social media postings, that describe or reflect your experiences as an au pair.

**RESPONSE**: Plaintiff objects to the scope of this request as overbroad and unduly burdensome to the extent it seeks "[a]ll documents," and to the extent that the requested information is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (discovery of opt ins must not otherwise be available to defendants). The request is also vague, ambiguous, overbroad and unduly burdensome to the extent it seeks "[a]ll documents" that "describe or reflect your experiences as an au pair." Plaintiff further objects on the basis that the request seeks documents that are not relevant to the FLSA claims in this action. Plaintiff will withhold documents on the basis of these objections, if any responsive documents are located after a reasonable search.

8

6.	Not including communications involving your lawyers, all communications with any other person about this lawsuit or your decision to participate in this lawsuit.

**RESPONSE:** Plaintiff objects to the scope of this request as overbroad and unduly burdensome to the extent it seeks "[a]ll documents," and to the extent that the requested information is already in InterExchange's possession, custody or control. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) (discovery of opt-ins must not otherwise be available to defendants).  Plaintiff objects to the terms "involving" and "about this lawsuit" as vague and ambiguous. Plaintiff further objects to the request because an au pair's communications about this lawsuit are not relevant to the FLSA claims asserted in this action. Plaintiff also objects to the production of any privileged communications, including those that do not "involve lawyers."  Plaintiff will withhold documents on the basis of these objections if any responsive documents are located after a reasonable search.

### III.	REQUESTS FOR ADMISSION

1.	Admit that on one or more occasions you received more than $195.75 in weekly payment(s) from your host family or host families.

**RESPONSE:** Plaintiff declines to answer this Request to Admit as the request seeks a legal admission requiring the assistance of counsel lending it improper for a discovery request in a collective FLSA class action.  *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) ("any such [opt-in] discovery must…[be] simple enough that it does not require the assistance of counsel to answer"); *Smith v. Lowe's Home Centers. Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (denying written opt-in discovery where the class size made it impossible for class counsel "to assist each client in preparing his or her discovery responses").

9

Plaintiff also objects to this request on the basis that the Request for Admission is duplicative, as the information requested may be provided in response to the Interrogatories.

2.      Admit that no representative of InterExchange assigned you to the particular duties or responsibilities that you provided to your host family.

**RESPONSE:** Plaintiff declines to answer this Request to Admit as the request seeks a legal admission requiring the assistance of counsel lending it improper for a discovery request in a collective FLSA class action.  *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) ("any such [opt-in] discovery must…[be] simple enough that it does not require the assistance of counsel to answer"); *Smith v. Lowe's Home Centers. Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (denying written opt-in discovery where the class size made it impossible for class counsel "to assist each client in preparing his or her discovery responses").

3.      Admit that no representative of InterExchange ever observed you while you performed duties for your host family.

**RESPONSE:** Plaintiff declines to answer this Request to Admit as the request seeks a legal admission requiring the assistance of counsel lending it improper for a discovery request in a collective FLSA class action.  *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) ("any such [opt-in] discovery must…[be] simple enough that it does not require the assistance of counsel to answer"); *Smith v. Lowe's Home Centers. Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (denying written opt-in discovery where the class size made it impossible for class counsel "to assist each client in preparing his or her discovery responses").

4.      Admit that no representative of InterExchange ever determined or specified to you your schedule or the actual hours when you would perform your duties and responsibilities during your participation in the au pair program.

**RESPONSE:** Plaintiff declines to answer this Request to Admit as the request seeks a legal admission requiring the assistance of counsel lending it improper for a discovery request in a collective FLSA class action. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) ("any such [opt-in] discovery must…[be] simple enough that it does not require the assistance of counsel to answer"); *Smith v. Lowe's Home Centers. Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (denying written opt-in discovery where the class size made it impossible for class counsel "to assist each client in preparing his or her discovery responses").

5. Admit that InterExchange did not give or pay you your weekly stipend amounts.

**RESPONSE:** Plaintiff declines to answer this Request to Admit as the request seeks a legal admission requiring the assistance of counsel lending it improper for a discovery request in a collective FLSA class action. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) ("any such [opt-in] discovery must…[be] simple enough that it does not require the assistance of counsel to answer"); *Smith v. Lowe's Home Centers. Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (denying written opt-in discovery where the class size made it impossible for class counsel "to assist each client in preparing his or her discovery responses").

6. Excluding your two weeks of vacation, admit that you worked fewer than 45 hours during at least one week that you were an au pair.

**RESPONSE:** Plaintiff declines to answer this Request to Admit as the request requires a legal admission requiring the assistance of counsel lending it improper for a discovery request in a collective FLSA class action. *See Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo. 2008) ("any such [opt-in] discovery must…[be] simple enough that it does not require the assistance of counsel to answer"); *Smith v. Lowe's Home Centers. Inc.*, 236 F.R.D.

354, 357-58 (S.D. Ohio 2006) (denying written opt-in discovery where the class size made it impossible for class counsel "to assist each client in preparing his or her discovery responses").

Dated: February 5, 2018                                  As to objections,

                                                                 /s/ Dawn L. Smalls
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

Sigrid S. McCawley
Lauren Fleischer Louis

        401 East Las Olas Blvd., Suite 1200
        Fort Lauderdale, Florida 33301
        Tel: (954) 356-0011
        Fax: (954) 356-0022
        smccawley@bsfllp.com
        llouis@bsfllp.com

        TOWARDS JUSTICE
        Alexander Hood
        1535 High Street, Suite 300
        Denver, Colorado  80218
        Tel: (720) 239-2606
        Fax: (303) 957-2289
        alex@towardsjustice.org

        *Attorneys for Plaintiffs*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Brenda Mejia Canales, hereby declare, under the penalty of perjury under the laws of the United States of America, that my responses to InterExchange's Interrogatories, Requests for Production, and Requests for Admission are true and correct to the best of my knowledge, belief and information.

Dated this 5th day of February 2018.

San Miguel de Allende, Mexico.

BY: *[signature: Brenda]*