# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

      Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

      Defendants.

## REPLY IN FUTHER SUPPORT OF PLAINTIFFS' REQUEST
## FOR ATTORNEYS' FEES [ECF No. 922]

### PRELIMINARY STATEMENT

This dispute centers on Defendant AIFS's material misrepresentations about the status of its financial records.  *See* ECF No. 858, at 7.  Rather than turn those records over when they were first requested, AIFS falsely claimed they did not exist, thereby forcing Plaintiffs to litigate two motions and consume valuable deposition time.  This misconduct cost Plaintiffs' counsel over $67,000.  With the Court's permission, Plaintiffs' counsel has requested payment for the substantial attorney time required to uncover and correct AIFS's misconduct.  In response, AIFS takes potshots at Plaintiffs' counsels' credentials, and complains about the billing rates and hours that insued due to its misconduct.  Plaintiffs respond only to briefly correct AIFS's misguided assertions.

1

**ARGUMENT**

I. **Plaintiffs' Counsel's Hourly Rates Are Reasonable.**

Over the 12 months between the original motion to compel, the deposition of William Gertz, and the motion for reconsideration, five BSF attorneys and one paralegal separately worked on different aspects of this dispute. Collectively their average hourly billing rate is $553. ECF No. 922, Smalls Decl. ¶¶ 14-17. AIFS contends that this rate is "excessive" in light of the rates charged by attorneys in Denver, and because Plaintiffs' counsel lacks the "expertise" to justify these rates. AIFS's argument fails for a host of reasons.

*First*, the rates are reasonable because they are similar – in fact less – than what paying clients pay. *See Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) ("The best evidence of the value of the lawyer's services is what the client agreed to pay") (citation omitted). As explained in the Declaration of Dawn L. Smalls in Support of Plaintiffs' Request for Attorneys' Fees ("Smalls Declaration", ECF No. 922), the rates used on this contingency fee case are significantly discounted from BSF's standard, full-price "rack rates". Smalls Decl. ¶ 11. Instead, the $553 average hourly rate represents the kind of discounted rate that might be provided to a longstanding or core client. *Id.* In short, the rates are presumptively reasonable because they represent what the market pays for these individuals' legal services.

*Second*, the rates are reasonable when compared with what similar firms in New York City charge paying clients – including the two New York law firms representing AIFS in this matter: Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and Gibson, Dunn & Crutcher LLP. In a recent case Gibson Dunn litigated in federal court in Buffalo, New York, it sought and obtained attorneys' fees as a sanction for discovery misconduct

2

based on an average hourly rate of $562.50 for five attorneys.  *Ceglia v. Zuckerberg*, 10-cv-00569A(F), 2012 WL 503810 (W.D.N.Y. Feb. 14, 2012).  Gibson Dunn represented social networking giant Facebook and its founder Mark Zuckerberg, who typically pay Gibson Dunn at least 25% more.  *Id.* at *6.  But just as here, where Plaintiffs have used discounted rates in this contingency fee case, Gibson Dunn similarly discounted its normal rates in its sanctions request, which the court accepted as reasonable.  *Id.*

Importantly, the *Ceglia* court also rejected the argument that Gibson Dunn's fees should be subject to a further local discount, given that lawyers in Buffalo, New York typically charge much lower rates than lawyers in New York City, where the Gibson Dunn lawyers were located.  *Id*. at 6-7.  The court reasoned that although the "forum rule" (*i.e.*, deference to the forum's attorney rates) is sometimes appropriate in statutory fee-shifting cases, Rule 37 sanctions are driven by very different policy considerations: "attorney's fees awarded as sanctions are not intended only as compensation of reimbursement for legal services, but also serve to deter abusive litigation practices."  *Id.* at *7.  Accordingly, the court awarded Gibson Dunn its New York City rates.  *Id.*

Like the Buffalo discount the Court rejected in *Ceglia*, AIFS contends that there should be a discount here to align Plaintiffs' counsel's rates with the rates of the forum – despite the fact that all attorneys in this dispute typically practice in New York City.  In support AIFS cites a case, *Scott v. City and County of Denver*, No. 12-cv-00053-MSK-RNB, 2014 WL 287558, (D. Colo. Jan. 27, 2014), a case where the Court questioned the reasonableness of a $427,000 attorney fee request, where plaintiff had only recovered $15,000 in the underlying judgment.  The case had nothing to do with any

3

discovery sanction, and contrary to AIFS's assertion, the Court said nothing about the proposition AIFS cites this case for – that Denver rates must prevail, rather than the rates of the locales where counsel typically practice.  In fact, the *Scott* attorneys were all Denver locals, and so the issue never came up.

By contrast, like *Ceglia*, the Tenth Circuit agrees that the purpose of awarding attorneys' fees as a sanction for discovery abuses is to "deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." *Centennial*, 688 F.3d at 680 (citation omitted).  The Tenth Circuit has emphasized that the discretion to determine the appropriate amount of the sanction fee lies with the district court.  *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1228 (10th Cir. 2015).  Just as AIFS's counsel obtained its New York City-based rates for the discovery abuses in *Ceglia*, so too should Plaintiffs' counsel here.

**<u>Third</u>**, Plaintiffs' counsel's rates are reasonable in light of the skills and expertise of each attorney.  Contrary to AIFS's insinuations, the skills of all of the attorneys involved on this matter are commensurate with their billing rates – including both the two attorneys whose credentials AIFS questions (Ms. Smalls and Ms. Schwartz) and their colleagues whose credentials AIFS did not question (Mr. Libling, Mr. Pacheco, and Mr. Schwartz).  The Court already reviewed Plaintiffs' counsel's credentials when it appointed them class counsel, and found that they have "extensive experience in handling complex class action suits, are knowledgeable about relevant law, and have ample resources to vigorously advocate for Plaintiffs."  ECF No. 828 at 34.

**<u>Fourth</u>**, courts around the country have approved BSF fee award requests based on similar hourly rates, in similarly complex cases.  *See, e.g., O'Bannon v. National*

4

*Collegiate Athletic Association,* 114 F. Supp. 3d 819, 827 (N.D. Cal. 2015) (finding BSF attorney fees reasonable in antitrust class action, including partner rates of $600-985, associate rates of $370-490, and paralegal rates of $300-320), *aff'd in part and modified in part by,* No. C 09-3329 CW, 2016 WL 1255454 (N.D. Cal. Mar. 31, 2016); *In re Polyurethane Foam Antitrust Litig.,* 135 F. Supp. 3d 679, 689-90 (N.D. Ohio 2015) (finding, in antitrust class action litigated by BSF that "Class Counsel's hourly rates are high, but those rates reflect the reputation and ability of their firms. The hourly rates are, moreover, Class Counsel's standard hourly rates, charged to paying customers.").

## II. The Hours Spent Uncovering and Holding AIFS Responsible for Its Misconduct Are Reasonable.

As the Court is aware, because of AIFS's misconduct, Plaintiffs were forced to litigate two motions, including filing four different briefs, conduct significant legal and factual research, engage in multiple meet and confers, and expend considerable deposition preparation and record time getting to the bottom of AIFS's misrepresentations. All of this time is part of the overall discovery dispute and all of it is compensable. *See Atlas Resources, Inc. v. Liberty Mut. Ins. Co.*, 297 F.R.D. 482, 484 (D.N.M. 2011) (ordering fees for two subsequent discovery motions and for "depositions taken to determine whether all of the requested documents had been produced"). Indeed, Plaintiffs have not sought additional fees they are entitled to, including "fees-on-fees" for the two fee-related submissions to the Court. *See Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1254 (10th Cir. 1998) ("An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application.").

The billing entries and information contained in the Smalls Declaration is

sufficient to refute much of AIFS' argument.  Plaintiffs, therefore confine their response to making a few discrete points.  *First*, AIFS is wrong to dispute the manner in which Plaintiffs discounted the original motion to compel and the deposition of William Gertz.  Notably, AIFS does not actually dispute the underlying calculations.[1]  Where, as here, precise hours cannot be severed from larger tasks, courts routinely approve of such discounts.  *See McDonald v. Pension Plan of the NYSA–ILA Pension Trust Fund,* 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming" a fee request).

*Second*, AIFS's criticism of Plaintiffs' decision to have an associate second-chair Mr. Gertz's deposition is overreach.  Opp. at 5.  Not only is this a common practice, but AIFS was itself represented by three partners from two law firms at Mr. Gertz's deposition. ECF No. 787-8 (Gertz Dep. Tr. 1-4 (attorney appearances)).

*Finally*, AIFS takes a passing shot at Plaintiffs' paralegal (Ms. Guarisco), claiming that "performing document searches and assembling exhibits" is somehow unreasonable.  Opp. at 5.  Paralegals routinely assist attorneys in performing document review and in assembling information that will be used at depositions, and such time is awardable.  *See H.S. Field Services, Inc. v. CEP Mid-Continent, LLC*, No. 12-CV-531-GKF-PJC, 2015 WL 1954462, at *10 (N.D. Okla. Apr. 29, 2015) (awarding discovery abuse sanctions of attorney and paralegal time).

---

[1] In a footnote AIFS claims that it should not have to pay fees in connection with the original motion to compel because the other defendants did not have to do so.  *See* Opp. at 4 n.1.  AIFS of course ignores the fact that the other Defendants did not actively mislead the Court and cause tens of thousands of dollars in avoidable legal fees.

**CONCLUSION**

For the reasons stated above, and in the Declaration of Dawn L. Smalls In Support of Plaintiffs' Request For Attorneys' Fees, the Court should award **$67,917.83** in fees to Plaintiffs arising from this extensive discovery dispute.

Dated: April 6, 2018

          /s/ Dawn L. Smalls
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

Sigrid S. McCawley
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301
Tel: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com

TOWARDS JUSTICE
Alexander Hood
1535 High Street, Suite 300

Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2018, I electronically served the foregoing motion on all counsel of record.

/s/ *Dawn L. Smalls*
Dawn L. Smalls