IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

       Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

       Defendants.
_____

**DEFENDANTS CULTURAL CARE INC. AND GO AU PAIR'S
JOINT MOTION TO COMPEL DISCOVERY**

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 26 and 37, Defendants Cultural Care, Inc. ("CCI") and American Cultural Exchange, LLC (d/b/a Go Au Pair) and Go Au Pair Operations, LLC (collectively, "Go Au Pair") jointly move to compel production of opt-in surveys and, in the case of CCI, depositions. This discovery is vital to the Defendants' ability to defend this action. The survey responses and depositions sought provide necessary information regarding the number of hours and stipend amount, as well as other key information relevant to Defendants' decertification motion. In support, Defendants state as follows:

**I.   CERTIFICATE OF CONFERRAL**

Pursuant to D.C. Colo. L. Civ. R. 7.1(a), the undersigned counsel has conferred with Plaintiffs' counsel.  As described below, the parties have exchanged many emails and participated in phone calls regarding production of the opt-in surveys as well as

scheduling of depositions in an effort to resolve this discovery matter without the Court's intervention.  Plaintiffs did not consent to the relief sought herein.

## II.   GENERAL BACKGROUND

### a.   Opt-In Survey Responses

CCI issued written discovery requests to all opt-in plaintiffs on October 4, 2017. Declaration of Lyndsey Kruzer ("Kruzer Decl."), at ¶ 3, attached as Exhibit 1.   After extended discussions with Plaintiffs' counsel regarding written discovery, CCI agreed to give up its right to seek written discovery from opt-in plaintiffs in exchange for receiving survey answers from a survey prepared and sent out by Plaintiffs' counsel to all opt-in au pairs.[1]  Kruzer Decl. at ¶ 5.  As part of this agreement, Plaintiffs agreed to produce the responses for *all* of the au pairs in CCI's class. The parties' agreement was memorialized in the form of a stipulation on December 27, 2017.  *See* CCI Stipulation, attached as Exhibit 2; Kruzer Decl. at ¶ 6.  Since that time, Cultural Care has received completed survey responses for only 1,030 of the 1,752 opt-ins (58%).  CCI has also received partial responses from 154 additional opt-ins.  Kruzer Decl. at ¶ 7.  CCI has conferred with Plaintiffs via email on several occasions requesting that Plaintiffs provide the remaining required responses, to no avail.

After issuing discovery requests in early October and engaging in several meet-and-confers, Go Au Pair executed a similar stipulated agreement with Plaintiffs on

---

[1] Of note, Plaintiffs' counsel had already prepared and distributed this survey to Plaintiffs – presumably for their own purposes – prior to reaching agreement with CCI. Therefore, CCI's agreement (and Go Au Pair's later agreement) significantly reduced the burden on Plaintiffs' counsel by requiring them only to produce responses they had already sought in their survey.  In exchange, CCI and Go Au Pair expected that Plaintiffs would work diligently to ensure responses from substantially all of the opt-in plaintiffs.

January 4, 2018, forfeiting its right to written discovery from the opt-in plaintiffs and agreeing to instead accept the survey responses collected by Plaintiffs. Declaration of Kathryn Reilly ("Reilly Decl."), at ¶ 4, attached as Exhibit 3; *see also* Go Au Pair Stipulation, attached as Exhibit 4. The stipulations entered between CCI, Go Au Pair and Plaintiffs (referred to collectively as the "Stipulation") state (in pertinent part):

> The Questionnaire Response shall be considered signed by counsel under the provisions of Federal Rule of Civil Procedure Rules 26(g)(1) and signed by all Opt-ins whose information is included pursuant to Federal Rule of Civil Procedure 33(b)(5), regardless of whether an attorney or Opt-in signature appears on the face of the Questionnaire Response.
>
> …
>
> The Questionnaire Responses shall be usable for all purposes permitted through Federal Rule of Civil Procedure Rule 33(c) as if signed by counsel and the respective Opt-ins.

Ex. 2 at ¶¶ 4, 5; Ex. 4 ¶¶ 3, 4. As evidenced by the stipulations, these surveys were meant to be a substitute for formal interrogatories. Nonetheless, they hold the same evidentiary value pursuant to the Stipulation. Kruzer Decl. at ¶ 6; Reilly Decl. at ¶ 4.

To date, Go Au Pair has received responses from only 89 of 155 timely opt-in plaintiffs in its class (57%). Reilly Decl. at ¶ 5. Of those 89 survey responses, only 66 were complete—23 were produced only partially completed. *Id.* Additionally, Go Au Pair never received responses from 15 of the 36 au pairs it sought to depose. *Id.* Go Au Pair has conferred with Plaintiffs via email and over the phone on numerous occasions requesting that Plaintiffs provide the remaining required responses pursuant to the Stipulation. *Id.* Plaintiffs have not complied. *Id.*

**b.  CCI's Deposition Requests**

CCI has requested deposition availability for fifty-two au pairs, which represents less than 3% of the Cultural Care FLSA opt-in class.  To date, thirty-five depositions have occurred, and one remaining deposition is scheduled for this Saturday, April 7, 2018.  Plaintiffs have reported that ten of the other deponents live in countries with blocking statutes and, per the Court's order on April 4, 2018, CCI is not currently seeking their depositions.  *See* ECF 969 Order on Depositions of FLSA Opt-In Class Members.  However, there are six remaining deponents that Plaintiffs have failed to produce for deposition without explanation.[2]

In an effort to accommodate these deponents, CCI has offered to travel to the au pairs to make it easy for them to attend.  Further, CCI has offered to schedule these depositions at times that were convenient for the au pairs including outside of business hours and on weekends.  Nevertheless, these individuals have apparently declined to sit for depositions.

**III.  ARGUMENT**

Defendants CCI and Go Au Pair are entitled to the discovery requested.  *See Renfro v. Spartan Comput. Servs.*, No. 06-2284-KHV*,* 2008 WL 821950, at *203 (D. Kan. Mar. 26, 2008) (permitting discovery from all 136 opt-in plaintiffs); *Brooks v. Farm Fresh Inc.*, 759 F. Supp. 1185, 1118 (E.D. Va. 1991) (authorizing depositions of all 127

---

[2] The following deponents were never produced for deposition: Carolina Vieira da Motta Mello, Laura Froissart, Mariano Rogerio Gomes Alves,  Claire Alexandra Bohlsen,  and Lauren Kimpton.   Additionally,  Estafania Vagas Mondragon was scheduled to be deposed in Mexico on February 17, 2018, but the deposition was canceled by Ms. Mondragon through Plaintiffs' counsel the day before (when counsel for CCI was already present in Mexico). No alternative dates were provided.

opt-in plaintiffs).  Under Fed. R. Civ. P. 26, "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."  In the event that a party fails to comply with the rules of discovery, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  *Allstate Ins. Co. v. W. Am. Ins. Co.*, No. 09-cv-00967-REB-MJW, 2010 WL 4595591, at *2 (D. Colo. Nov. 5, 2010) (quoting F.R.C.P. 37(a)(3)(B)).  "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  *Id.* (quoting F.R.C.P. 37(a)(4)).

Furthermore, the Court may impose sanctions for a party's failure "to disclose information or witnesses, answer interrogatories, attend a deposition, or comply with a court order."  *Dinkel v. Medstar Health, Inc.*, 304 F.R.D. 339, 342 (D.D.C. 2014) (*quoting Davis v. D.C. Child & Family Servs. Agency*, 304 F.R.D. 51, 60 (D.D.C. 2014)).  *See also* Fed. R. Civ. P. 37(b)(2), (d).  Pursuant to Rule 37(b)(2), dismissal is a permissible sanction for failure to comply with a discovery request.  *Smith v. BNSF Ry. Co*, No. 06–2534–CM, 2010 WL 3862025, at *1–2 (D. Kan. 2010) (concluding that dismissal is appropriate where opt-in plaintiffs fail to respond to discovery requests or comply with court orders).

While Defendants CCI and Go Au Pair are not requesting dismissal at this time, the Tenth Circuit has set forth factors to consider when determining whether or not dismissal is a just sanction:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

8606824v2

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)(internal citations omitted). As evidenced below, CCI and Go Au Pair can already show that dismissal of noncompliant opt-in plaintiffs may be warranted.

### A. Survey Responses

After agreeing to provide Defendants CCI and Go Au Pair with 100% of the survey responses for their respective classes, Plaintiffs have only provided responses for a little more than half of each class—and many of those are not complete.  This is a material impediment to Defendants' ability to defend this action.  *Porter v. West Side Restaurant, LLC*, No. 13–1112–JAR–KCG, 2014 WL 5430249, at *2 (D. Kan. Oct. 24, 2014) ("By refusing to comply with their discovery obligations, the opt-in plaintiffs have interfered with Defendant's ability to defend this action on the ground that the opt-in plaintiffs do not have FLSA claims within the parameters of the certified collective action here."); *Scott v. Raudin McCormick, Inc.* No. 08-4045, 2010 WL 3125955, at *5 (D. Kan. Aug. 6, 2010) (noting that opt-in plaintiffs were put on notice that they may be required to respond to discovery requests, making them culpable for failing to respond). Defendants entered into the Stipulation with Plaintiffs with the understanding that they would receive 100% of the survey responses for their class.  Plaintiffs' failure to abide by their agreement and further failure to provide survey responses for noticed depositions suggests bad faith and is conduct that warrants an admonishment from this Court.

In the Court-authorized notice, this Court has already notified Plaintiffs of their obligation to provide discovery in this case.  *See* Notice, attached as Exhibit 5 ("While this suit is pending you may be required to submit documents and written answers to

questions and to testify under oath at a deposition hearing…").   Each opt-in plaintiff should have reviewed this language before electing to participate in this lawsuit. Nevertheless, in order to ensure that opt-in plaintiffs have fair notice of the potential consequences of a failure to comply with discovery requests, Defendants CCI and Go Au Pair respectfully move the Court to (1) instruct Plaintiffs' counsel to inform opt-in plaintiffs that a failure to comply with their discovery obligations may result in dismissal from the lawsuit, and (2) compel Plaintiffs to produce the remaining survey responses for their respective classes promptly and no later thirty (30) days following the entry of the Court's order.

### B. CCI's Noticed Depositions

Throughout the course of opt-in fact discovery, Defendant CCI has made every effort to accommodate opt-in plaintiffs, while still ensuring it was able to collect the information needed to defend this action.   Plaintiffs' failure to produce the selected witnesses has meant that CCI has only been able to depose 1.9% percent of their class. *See Porter v. West Side Restaurant, LLC*, 2014 WL 5430249, at *2 (stating that "the opt-in plaintiffs' refusal to attend depositions despite repeated notices interferes with the judicial process.").   Courts have found that failure to attend depositions may warrant dismissal.   *Young v. Dollar Tree Stores, Inc.*, No. 11–cv–1840–REB–MJW, 2013 WL 1223620, at *1 (D. Colo. Mar. 25, 2013) (setting forth factors for dismissal and concluding that dismissal is appropriate where opt-in plaintiffs fail to attend depositions or comply with court orders).

8606824v2

Defendant CCI respectfully moves this Court to issue an order compelling the six requested opt-in plaintiffs to appear, noting that failing to comply with a court order may warrant dismissal.

## IV.  CONCLUSION

For the reasons stated herein, CCI and Go Au Pair request that the Court enter an order (1) compelling Plaintiffs to produce survey responses for all opt-in plaintiffs; and (2) requiring Plaintiffs' counsel to inform all opt-in plaintiffs (a) that they are obligated to respond to the survey, and (b) that they may be dismissed from the lawsuit if they do not provide completed survey responses by May 2, 2018.[3]

Further, CCI requests that the Court compel the appearance at deposition for those opt-in plaintiffs that have (1) canceled a deposition without rescheduling; or (2) failed to attend a noticed deposition.  CCI further requests that the Court instruct Plaintiffs' counsel to inform these opt-in plaintiffs that failure to appear for a deposition may result in dismissal from the lawsuit.  The Court should further award CCI and Go Au Pair reasonable fees and costs in making this motion pursuant to Fed. R. Civ. P. 37(a)(5).

---

[3] Opt-in discovery is currently set to close on April 9, 2018.  CCI and Go Au Pair do not plan to seek any new discovery after that deadline, but do seek the already past-due responses to existing requests.  Defendants' motions to decertify the collective action are due on May 9, 2018, so Defendants need responses in advance of that deadline.

8606824v2

Dated:  April 6, 2018.

Respectfully submitted,

*s/ James M. Lyons*
James M. Lyons (jlyons@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO  80202
Tel: (303) 623-9000
Fax: (303) 623-9222

Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone: (617) 248-4790

***Attorneys for Defendant Cultural Care, Inc.
d/b/a Cultural Care Au Pair***

*s/ Kathryn A. Reilly*
Kathryn A. Reilly (reilly@wtotrial.com)
Grace A. Fox (fox@wtotrial.com)
Brett M. Mull (mull@wtotrial.com)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

***Attorneys for Defendants Agent Au Pair, Go
Au Pair Operations, and American Cultural
Exchange, LLC d/b/a Go Au Pair***

8606824v2

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on April 6, 2018, I have caused to be electronically filed the foregoing Defendants Cultural Care, Inc. and Go Au Pair's Joint Motion to Compel Discovery with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver


*s/ James M. Lyons*

8606824v2