# Exhibit 4

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

    Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

    Defendants.

---

## STIPULATION REGARDING OPT-IN DISCOVERY

---

Plaintiffs hereby stipulate and agree to the following:

1. On October 5, 2017, Defendants American Cultural Exchange, LLC d/b/a GoAuPair and Go Au Pair Operations LLC (collectively, "Go Au Pair") issued discovery requests, including interrogatory requests, to FLSA opt-in plaintiffs (the "Opt-ins").

2. Plaintiffs and Go Au Pair engaged in meet-and-confers regarding these discovery requests and agreed, *inter alia*, that much of the information sought by Go Au Pair would be provided through production of a spreadsheet containing answers to a questionnaire sent to the Opt-ins ("Questionnaire Response").

3. The Questionnaire Response shall be considered signed by counsel under the provisions of Federal Rule of Civil Procedure Rules 26(g)(1) and signed by all Opt-ins whose information is included pursuant to Federal Rule of Civil Procedure 33(b)(5), regardless of whether an attorney or Opt-In signature appears on the face of the Questionnaire Response.

4.     The Questionnaire Response shall be usable for all purposes permitted through Federal Rule of Civil Procedure Rule 33(c) as if signed by counsel and the respective Opt-ins.

5.     The intent of this Stipulation is to permit Go Au Pair to use the Questionnaire Response at trial or in any other proceeding in this litigation as if each entry were contained in an interrogatory response signed by counsel and the respective Opt-ins. Accordingly, the Parties stipulate that the Questionnaire Response is admissible in all circumstances where such an interrogatory response would be admissible, including as a summary pursuant to Federal Rule of Evidence 1006. In addition, Plaintiffs agree not to object on the ground that the content is not contained in a signed interrogatory response, and further agree that they will cooperate in executing any further agreement that may be required in order to ensure that the Questionnaire Response may be used in the manner set forth herein.

6.     By agreeing to the aforementioned provisions, Plaintiffs do not waive, but expressly reserve, any and all other rights, objections, or positions they may have or may be entitled to raise. Without limiting the foregoing in any way, and by way of example only, Plaintiffs reserve the right to take the position that failure of an Opt-In to answer one or any of the items in the questionnaire is not sufficient to warrant entry of a default. Conversely, Go Au Pair takes the position that failure of an Opt-In to answer one or any of the items in the questionnaire is sufficient to warrant entry of a default, as to that individual. It is the intent of the parties to preserve and defer for subsequent ruling by the Court the determination of whether the failure to respond, in whole or in part, to the questionnaire is sufficient to warrant entry of a default.

January 4, 2018

BOIES SCHILLER FLEXNER LLP

*signature*

Dawn L. Smalls
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
dsmalls@bsfllp.com

*Attorneys for Plaintiffs*

WHEELER TRIGG O'DONNELL LLP

*signature*

Kathryn A. Reilly
Grace A. Fox
Natalie West
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: Reilly@wtotrial.com
       Fox@wtotrial.com
       West@wtotrial.com

*Attorneys for Defendants American Cultural Exchange, LLC d/b/a GoAuPair, and Go Au Pair Operations LLC*

3

8417331v1