IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al.,

    Plaintiffs,

v.

INTEREXCHANGE, INC., et al.,

    Defendants.

## EXPERT AUPAIR'S MOTION TO COMPEL DISCOVERY

Defendant Expert Group International Inc. d/b/a Expert AuPair ("Expert AuPair"), pursuant to Fed. R. Civ. P. 26 and 37, moves to compel responses to Expert AuPair's discovery requests and in support states as follows:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.Colo L.Civ.R.7.1(a), the undersigned counsel has conferred with Plaintiff's counsel regarding the opt-in discovery. The parties have exchanged emails and participated in phone calls regarding opt-in discovery requests and agreed on the number of depositions to be conducted in this case. Regarding the contents of this motion, Plaintiffs advised on April 9, 2018, that they oppose the relief requested herein as they do not believe opt-in plaintiffs are required to respond to detailed discovery requests in order to participate in this lawsuit.

## GENERAL BACKGROUND

Expert AuPair issued three sets of discovery requests aimed at 21 opt-in plaintiffs as follows:

On November 8, 2017, Expert AuPair propounded 9 interrogatories, 8 requests for production, and 7 requests for admission directed at 12 opt-in plaintiffs. (Exhibit A).

On December 8, 2017, Expert AuPair propounded 9 interrogatories, 8 requests for production, and 7 requests for admission directed at 8 additional opt-in plaintiffs. (Exhibit B).

On March 5, 2018, Expert AuPair propounded 5 interrogatories, 6 requests for production, and 6 requests for admissions aimed at one additional opt-in plaintiff. (Exhibit C).

On December 8, 2017, prior to Expert AuPair serving its second set of discovery requests, Plaintiffs served responses and objections to the first set of discovery requests. In regards to their responses to interrogatories, Plaintiffs stated that they will respond with "the relevant information responsive to this interrogatory." Regarding the requests for production of documents, Plaintiffs mentioned that "subject to the foregoing objections, Plaintiffs will produce any relevant, nonprivileged documents responsive to this request after a reasonable search." (Exhibit D). To date, only certain plaintiffs that were deposed produced responsive documents, and more than 15 plaintiffs did not produce any document.

On January 5, 2018 and January 16, 2018, Plaintiffs served discovery responses for 6 of the 21 opt-in plaintiffs. The remaining 15 plaintiffs never responded to Expert

AuPair's written discovery requests.

The 6 opt-in plaintiffs that responded to our requests for the production of documents stated that they would produce responsive documents if any identified. (*See* Exhibit D). To date, only the opt-in plaintiffs that were deposed produced responsive documents, shortly before the scheduled date for their deposition[1].

## ARGUMENT

Expert AuPair is entitled to discovery responses from the Opt-in Plaintiffs. Fed. R. Civ. P. 26 (b) provides that a party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." The party upon which discovery requests are served has 30 calendar days to object or respond to such requests. Fed. R. Civ. P. 33, 34. Furthermore, regarding the Requests for Admission, a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36 (a) (3).

In this case, the Plaintiffs failed to respond or otherwise object to discovery requests propounded by Expert AuPair. By failing to assert objections in the timeframe provided by law, the Plaintiffs waived such objections. *See, e.g., Fischer v. Forrest*, 14-cv-01307-PAE-AJP, Document 159 (S.D.N.Y, Feb. 28, 2017).

The opt-in plaintiffs are former au pairs that worked for different host families in different localities, in various states, through the U.S. It is undisputed that host families

---

[1] During their depositions, certain opt-in plaintiffs testified that they did not perform any searches for responsive documents. *See* Exhibit E.

[2] During their depositions, most of the opt-in plaintiffs deposed testified that they often

paid all opt-in plaintiffs and that sponsors did not maintain records of such payments. It is also undisputed that the number of hours the plaintiffs worked varied greatly[2]. Given the variations between the specific situations for each of the opt-in plaintiff, obtaining discovery is essential in defending this collective action.

While addressing the issue of FLSA Opt-in discovery, courts considered both the burden on the Plaintiffs and the size of a statistically significant number. *See. Smith v. Lowes Home Centers, Inc.,* 236 F.R.D. 354, 357-58 (S.D. Ohio 2006). The class against Expert AuPair has 29 members. Expert AuPair propounded written discovery to 21 class members and took the deposition of 7 plaintiffs[3].

In a class with only 29 members, the burden of answering to interrogatories, requests for admission and a very limited production cannot be considered excessive. *See. Lloyd v. JPMorgan Chase & Co.*, 2015 WL 1283681, at * 4 (S.D.N.Y. Mar. 20, 2015) (allowing defendants to serve written discovery on each of the 100 opt-in plaintiffs), *Renfro v. Spartan Comput. Servs.,* 2008WL821950, at *203 (D. Kan.Mar. 26, 2008) (permitting discovery from all 136 opt-in plaintiffs), *Ingersoll v. Royal & SunAlliance USA, Inc.,* 2006 U.S. Dist. LEXIS 50912 at *7-9 (W.D. Wash. 2006) (discovery permitted where total collective action class was 36 individuals), *Coldiron v. Pizza Hut, Inc*., 2004 U.S. Dist. LEXIS 23610, *5-6 (C.D. Cal. 2004) (allowing

---

[2] During their depositions, most of the opt-in plaintiffs deposed testified that they often worked more than 45 hours per week, without informing their sponsor of the actual number of hours worked.

[3] Parties are in agreement to take the deposition of another opt-in plaintiff shortly after the discovery cut-off. The opt-in did not show up at her scheduled deposition due to an alleged medical issue.

individualized discovery of all opt-in plaintiffs); *Tum v. Barber Foods, Inc.*, 2002 U.S. Dist. LEXIS 297 (D. Me. 2002) (sanctioning plaintiffs for failing to respond to discovery), *Brooks v. Farm Fresh Inc.*, 759 F. Supp. 1185, 1188 (E.D. Va. 1991) (authorizing depositions of all 127 opt-in plaintiffs).

Furthermore, in this case, Expert AuPair is seeking discovery responses from only 21 opt-in plaintiffs, while agreeing with the Plaintiffs in scheduling depositions for only 8 opt-in plaintiffs. Even so, Plaintiffs have not provided any discovery responses for 15 opt-in plaintiffs[4] and did not timely or properly object to the discovery requests.

Since November 8, 2017, no objections have been raised as to the number of plaintiffs to whom Expert AuPair is entitled to serve interrogatories, requests for admission or requests for production.

The information requested is relevant to the claims asserted against Expert AuPair, and most important, allows Expert AuPair to identify the opt-in plaintiffs and their host families. For example, without the information provided by answering its discovery requests, Expert AuPair is unable to identify some of the opt-in plaintiffs' name at the time of alleged participation in the program.

The First Interrogatory is worded as follows:

> 1.  *Fully identify yourself by providing the following: (1) full name; (2) any other names used at any time during or after your time as an au pair; (3) date of birth; (4) current address; (5) current email address; (6) any email address used since July 24, 2009; (7) dates during which you participated in the au pair program; (8) name of the sponsor agency that sponsored your J-1 visa;*

---

[4] Two of the opt-in plaintiffs that were deposed did not provide any answers to written discovery or documents responsive to the request for production. These two plaintiffs are in addition to the 15 opt-ins mentioned here.

*and (9) the name(s) of the members of the host family or host families with whom you lived while in the United States with a J-1 visa.*

As the address maintained by Expert AuPair in the au pair's archived file is often the host family's U.S. address, the address provided in the opt-in forms does not match the addresses known by Expert AuPair.  Also, some of the former au pair participants changed their last names as a result of changing their marital status. Without responses to the first interrogatory, Expert AuPair is unable to locate all the opt-in plaintiffs. Declaration of Mark Gaulter (Exhibit F).

## CONCLUSION

For the reasons stated herein, Expert AuPair requests the Court enters an order compelling Plaintiffs to provide responses to Expert AuPair's discovery requests by the opt-in plaintiffs who have not responded; deems the Requests for Admission as admitted for all the opt-in plaintiffs that failed to answer or otherwise object to the propounded Requests for Admissions; and any such other relief as deemed appropriate by the Court.

DATED:  April 9, 2018            Respectfully submitted,

 *s/Bogdan Enica*
Bogdan Enica, Esq.
111 Second Avenue NE, Suite 204
St Petersburg, FL 33701
Phone:  727-388-3472
bogdane@hotmail.com
ATTORNEY FOR DEFENDANT EXPERT GROUP INTERNATIONAL INC. D/B/A EXPERT AUPAIR

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the above and foregoing was served all counsel below on the 9th day of April 2018, using the CM/ECF system which sends notification of such filing to all counsel of record.

Sigrid S. McCawley
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Sabrina A. McElroy
Dawn L. Smalls
BOIES SCHILLER & FLEXNER, LLP
llouis@bsfllp.com
smccawley@bsfllp.com
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
smcelroy@bsfllp.com
dsmalls@bsfllp.com
Alexander N. Hood
TOWARDS JUSTICE – DENVER
alex@towardsjustice.org
***Attorneys for Plaintiffs***

Thomas B. Quinn
Brian P. Maschler
Peggy E. Kozal
John Roger Mann
GORDON & REES LLP
tquinn@gordonrees.com
brian.maschler@arentfox.com
jmann@gordonrees.com
pkozal@gordonrees.com
***Attorneys for Defendant AuPairCare, Inc.***

Joan A. Lukey
Robert M. Buchanan, Jr.
Michael T. Gass
Justin J. Wolosz
Lyndsey M. Kruzer
CHOATE, HALL & STEWART, LLP
joan.lukey@choate.com
rbuchanan@choate.com
mgass@choate.com
jwolosz@choate.com
lkruzer@choate.com
***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

Diane R. Hazel
James M. Lyons
Jessica L. Fuller
Jonelle Martinez
LEWIS ROCA ROTHGERBER CHRISTIE LLP
dhazel@lrrc.com
jlyons@lrrc.com
jfuller@lrrc.com
jmartinez@lrrc.com
***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

| | |
|---|---|
| Susan M. Schaecher<br>FISHER & PHILLIPS, LLP<br>llee@laborlawyers.com<br>sschaecher@laborlawyers.com<br>***Attorneys for Defendants APF Global Exchange, NFP d/b/a Aupair Foundation;*** | Kathryn A. Reilly<br>Grace A. Fox<br>WHEELER TRIGG O'DONNELL, LLP<br>reilly@wtotrial.com<br>fox@wtotrial.com<br>***Attorneys for Defendants Au Pair International, Inc., American Cultural Exchange, LLC d/b/a GoAuPair and Agent Au Pair*** |
| Brooke A. Colaizzi<br>Raymond M. Deeny<br>Heather F. Vickles<br>Erica L. Herrera<br>Joseph H. Hunt<br>SHERMAN & HOWARD, LLC<br>bcolaizzi@shermanhoward.com<br>rdeeny@shermanhoward.com<br>hvickles@shermanhoward.com<br>eherrera@shermanhoward.com<br>jhunt@shermanhoward.com<br>***Attorneys for Defendant InterExchange, Inc.*** | Lawrence D. Stone<br>Kathleen E. Craigmile<br>NIXON SHEFRIN HENSEN OGBURN, P.C.<br>lstone@nixonshefrin.com<br>kcraigmile@nixonshefrin.com<br>***Attorneys for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair; 20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange*** |
| William J. Kelly, III<br>Chanda M. Feldkamp<br>KELLY & WALKER, LLC<br>wkelly@kellywalkerlaw.com<br>cfeldkamp@kellywalkerlaw.com<br>***Attorneys for Defendant USAuPair, Inc.*** | Meshach Y. Rhoades<br>Martin J. Estevao<br>ARMSTRONG TEASDALE, LLP<br>mrhoades@armstrongteasdale.com<br>mestevao@armstrongteasdale.com<br>***Attorneys for Defendant GreatAuPair, LLC*** |
| David B. Meschke<br>Martha L. Fitzgerald<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>dmeschke@bhfs.com<br>mfitzgerald@bhfs.com<br>***Attorneys for Defendant EurAupair InterCultural Child Care Programs*** | James E. Hartley<br>Adam A. Hubbard<br>Jonathan S. Bender<br>HOLLAND & HART, LLP<br>jhartley@hollandhart.com<br>aahubbard@hollandhart.com<br>jsbender@hollandhart.com<br>***Attorneys for Defendant Cultural Homestay International*** |

Joseph B. Cartafalsa
Stephen J. Macri
Robert M. Tucker
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
joseph.cartafalsa@ogletree.com
stephen.macri@ogletree.com
rtucker@putneylaw.com
***American Institute for Foreign Study d/b/a Au Pair in America***

                                      s/*Bogdan Enica*
                                      Bogdan Enica, Esq.