# Exhibit D

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

Defendants.

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT EXPERT AU PAIR'S INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO FLSA OPT-IN PLAINTIFFS

Plaintiffs Respond and Object, pursuant to Federal Rules of Civil Procedure 26, 33, 34, 36, 37 and the Local Rules of the District of Colorado ("Local Rules"), to Defendant Expert Au Pair's Interrogatories, Requests for Production, and Requests for Admission to FLSA Opt-In Plaintiffs.

## **GENERAL OBJECTIONS**

Plaintiffs assert the following general objections and limitations, including those related to the Definitions and Instructions (collectively, the "General Objections"), to the Interrogatories, Requests for Production, and Requests for Admission, each of which is incorporated into the specific responses by Plaintiffs. Each general objection and limitation is set forth below:

1. Plaintiffs' responses are made without waiving any privilege, work product

protection, or other protection against disclosure, and any inadvertent disclosure or production shall not be deemed a waiver of any privilege, immunity, or other protection.

2. Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent that they purport to impose requirements or obligations in addition to, or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules.

3. Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent that they purport to impose discovery obligations on every opt-in plaintiff, a procedure that is unreasonably burdensome and not proportional to the needs of this case. Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent that they purport to impose discovery obligations on every opt-in plaintiff, a procedure that is unreasonably burdensome and not proportional to the needs of this case.

4. Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, and to each Definition, Instruction or specific Request therein, insofar as they seek information or documents that are not relevant to the Fair Labor Standards Act ("FLSA") claims in this litigation, or which exceed the scope of discovery permitted by Federal Rules of Civil Procedure 26 and 34. Plaintiffs also object to the Interrogatories, Requests for Production, and Requests for Admission insofar as the burden of identifying or producing responsive documents grossly outweighs any relevance the documents might have.

5. Plaintiffs object to the Interrogatories, Requests for Production, and

2

Requests for Admission and to each Definition and specific Interrogatory, Request for Production, and Request for Admission contained therein, insofar as they seek information or documents not in Plaintiffs' possession, custody or control.

6. When a response indicates that Plaintiffs will produce documents, Plaintiffs do not represent that any responsive documents are in their possession, custody, or control, but rather production will be made if any such documents are located after a reasonable search.

7. Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent they are vague, ambiguous, irrelevant, overly broad, and/or unduly burdensome, including to the extent they seek "all" documents concerning the subject matter referenced therein.

8. Plaintiffs object to the Interrogatories, Requests for Production, and Requests for Admission, including the Definitions and Instructions, to the extent they contain unwarranted factual or legal conclusions, allegations, or claims. A response by Plaintiffs that they will produce documents is not an admission or representation by Plaintiffs that any factual or legal conclusion, allegation, or claim contained in any such Interrogatory, Request for Production, and Request for Admission or in the Definitions and Instructions are warranted, true or accurate.

9. Plaintiffs' responses are only based on facts reasonably known to Plaintiffs at the time of responding to these Interrogatories, Requests for Production, and Requests for Admission. Plaintiffs reserve the right to alter, supplement, amend or otherwise modify these responses.

10. Plaintiffs object to the Interrogatories, Requests for Production, and

3

Requests for Admission to the extent they seek information already available to or obtained by Defendant, that is publically available, or that it can obtain from sources that are more convenient, less burdensome, or less expensive.

### I.      Interrogatories

1. Fully identify yourself by providing the following: (1) full name; (2) any other names used at any time during or after your time as an au pair; (3) date of birth; (4) current address; (5) current email address; (6) any email address used since July 24, 2009; (7) dates during which you participated in the au pair program; (8) name of the sponsor agency that sponsored your J-1 visa; and (9) the name(s) of the members of the host family or host families with whom you lived while in the United States with a J-1 visa.

**Subject to the general objections, Plaintiffs will respond with the relevant information responsive to this interrogatory.**

2. Describe in detail the duties that each host family with whom you lived required you to perform as an au pair.

**Plaintiffs decline to respond to this interrogatory on the basis that it seeks information that is not relevant to the FLSA claims in this action.**

3. Describe in detail any rules, curfews, or other restrictions that each host family with whom you lived asked or required you to comply with during your time as an au pair.

**Plaintiffs decline to respond to this interrogatory on the basis that it seeks information that is not relevant to the FLSA claims in this action.**

4. For each week that you lived with a host family as an au pair, identify (a) the amount you were paid for that week's work; (b) the date on which you were paid for that week's work; (c) the method by which you were paid; (d) the person or entity from whom you received each payment; (e) state whether you are in possession of any document reflecting the amount and/or confirming the payment of that week's stipend, (f) state whether you are aware of any document reflecting the amount and/or confirming the payment of that week's stipend.

**Plaintiffs object to the scope of this interrogatory as overbroad and unduly burdensome to the extent that it requests payment information for each week plaintiff participated in the program, or requests information already in Expert Au Pair's possession or control. Plaintiffs further object to parts (b) and (c) on the grounds that the interrogatory seeks information that is not relevant to the**

4

**FLSA claims in this action. Subject to these objections, Plaintiffs will provide relevant information responsive to this interrogatory.**

5.  List all monetary and non-monetary benefits that you received from each host family with whom you lived and include the approximate value of each benefit. Examples of benefits include, but are not limited to, gifts, bonuses, personal use of a car, cell phone, or computer; flight tickets and travel expenses; educational costs in excess of $500; etc.

**Plaintiffs decline to respond to this interrogatory on the basis that it seeks information that is not relevant to the FLSA claims in this action. See Fair Labor Standards Act (FLSA) § 7(e), 29 U.S.C. § 207(e).**

6.  For each week that you lived with a host family as an au pair, (a) describe your schedule, including the number of hours worked each day; (b) identify the days or partial days you were off that week; and (c) state whether you are in possession of any document reflecting your schedule for that week.

**Plaintiffs object to the scope of this interrogatory as overbroad and unduly burdensome to the extent that it requests payment information for each week plaintiffs participated in the program, or requests information already in Expert Au Pair's control. Subject to these objections, Plaintiffs will produce relevant information responsive to this request.**

7.  Identify every source of information that you relied on in making the decision to participate in the au pair program and describe in detail the specific information that you received from each source.

**Plaintiffs decline to respond to this interrogatory on the basis that it seeks information that is not relevant to the FLSA claims in this action.**

8.  Provide a list containing the names of all potential au pairs you referred to Expert AuPair regardless if they signed up or participated in the program.

**Plaintiffs decline to respond to this interrogatory on the basis that it seeks information that is not relevant to the FLSA claims in this action.**

9.  If you made any complaint to your host family(ies), Expert AuPair, the United States Department of State, or any other person about your experience as an au pair, identify (a) the date of the complaint; (b) the method of communication of the complaint; (c) the person to whom you directed the complaint; (d) the substance of the complaint; (e) a description of what happened with the complaint after you made it; and (f) how the complaint was resolved.

**Plaintiffs decline to respond to this interrogatory on the basis that it seeks information that is not relevant to the FLSA claims in this action.**

5

## II.  REQUESTS FOR PRODUCTION

  1.  All documents identified or referenced in your answer to any Interrogatory.

  **Subject to the foregoing objections, Plaintiffs will produce any relevant non privileged documents responsive to this request.**

  2.  All communications with or documents given or sent to you by Expert AuPair or any other entity related to the au pair program.

  **Plaintiffs object to this request as overbroad and unduly burdensome to the extent that the requested information is already in Expert Au Pair's possession, custody, or control. Subject to the foregoing objections, Plaintiffs will produce any relevant, nonprivileged documents responsive to this request after a reasonable search.**

  3.  All communications with your host family or host families before, during, or after your time as an au pair related to hours, compensation, schedule, au pair duties, or this lawsuit.

  **Plaintiffs object to this interrogatory on the basis that communications relating to au pair duties or this lawsuit are not relevant to the FLSA claims in this action. Subject to the foregoing objections, Plaintiffs will produce any nonprivileged documents responsive to the request for documents related to hours, compensation, and schedule, after a reasonable search.**

  4.  All documents reflecting the hours you worked as an au pair, whether on a daily, weekly, monthly, or other basis.

  **Subject to the foregoing objections, Plaintiffs will produce any relevant, nonprivileged documents responsive to this request after a reasonable search.**

  5.  All documents reflecting the amount or payment of the stipend or any other money payments received from your host family or host families during your time as an au pair.

  **Subject to the foregoing objections, Plaintiffs will produce any relevant, nonprivileged documents responsive to this request after a reasonable search.**

  6.  All documents, including but not limited to calendars, diaries, notes, files, appointment books, emails, text messages, and social media postings, that describe or reflect your experiences as an au pair.

6

**Plaintiffs decline to respond to this request on the basis that it is not relevant to the FLSA claims in this action.**

7. All testimonials you published on any website, including social media, regarding Expert AuPair or the au pair program.

**Plaintiffs decline to respond to this request on the basis that it is not relevant to the FLSA claims in this action.**

8. Not including communications involving your lawyers, all communications with any other person about this lawsuit or your decision to participate in this lawsuit.

**Plaintiffs decline to respond to this RFP on the basis this request is not relevant to the FLSA claims in this action.**

### III.   REQUESTS FOR ADMISSION

1. Admit that in one or more occasions you received more than 195.75 in weekly payments from your host family or host families.

**Subject to the general objections, Plaintiffs will respond to this request.**

2. Admit that in one or more weeks during your time working as an au pair, without counting vacations, you worked less than 45 hours.

**Subject to the general objections, Plaintiffs will respond to this request.**

3. Admit that your daily schedule was set up by your host family and not by Expert AuPair.

**Plaintiffs decline to respond to this request for admission on the basis that the request for admission calls for a legal conclusion regarding Expert Au Pair's status as a joint employer under FLSA.**

4. Admit that your stipend was paid to you by your host family and not by Expert AuPair.

**Plaintiffs decline to respond to this request for admission on the basis that the request for admission calls for a legal conclusion regarding Expert Au Pair's status as a joint employer under FLSA.**

7

Dated: December 8, 2017

| | |
|---|---|
| As to the objections stated: | BOIES SCHILLER FLEXNER LLP<br><br>/s/ Dawn L. Smalls<br>Matthew L. Schwartz<br>Peter M. Skinner<br>Randall W. Jackson<br>Dawn L. Smalls<br>Joshua J. Libling<br>Byron Pacheco<br>575 Lexington Avenue<br>New York, New York 10022<br>Tel: (212) 446-2300<br>Fax: (212) 446-2350<br>mlschwartz@bsfllp.com<br>pskinner@bsfllp.com<br>rjackson@bsfllp.com<br>dsmalls@bsfllp.com<br>jlibling@bsfllp.com<br>bpacheco@bsfllp.com<br><br>Sean P. Rodriguez<br>Juan P. Valdivieso<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Tel: (510) 874-1000<br>srodriguez@bsfllp.com<br>jvaldivieso@bsfllp.com<br><br>TOWARDS JUSTICE<br>Alexander Hood<br>1535 High Street, Suite 300<br>Denver, Colorado 80218<br>Tel: (720) 239-2606<br>Fax: (303) 957-2289<br>alex@towardsjustice.org<br><br>*Attorneys for Plaintiffs* |