# Exhibit A

# 103 PROPRIETY OF COMPENSATING A NON-EXPERT WITNESS IN A CIVIL ACTION

**Replaces Formal Opinion 44.**
**Adopted December 19, 1998.**

### *Introduction and Scope*

Attorneys routinely compensate expert witnesses in civil actions for expenses incurred by the experts in preparing for and testifying at trials, hearings and depositions and for the experts' time expended in testifying and preparing to testify. Often, non-expert witnesses in civil actions also ask to be compensated for their expenses incurred and for their time expended in testifying and preparing to testify. This opinion addresses the issue of whether an attorney ethically may compensate a non-expert witness in a civil action for the expenses incurred by the witness in testifying at a trial, hearing or deposition and for the time expended by the witness in testifying and preparing to testify at a trial, hearing or deposition in a civil action. This opinion does not address the issue of witness compensation in a criminal case.

### *Syllabus*

An attorney ethically may reimburse a non-expert witness in a civil action not only for expenses incurred in testifying at a trial, hearing or deposition, but also for the reasonable value of the witness's time expended in testifying and in preparing to testify, so long as such reimbursement is not contingent upon the content of the witness's testimony or the outcome of the case and is not prohibited by law. The amount of such compensation must be reasonable based on all relevant circumstances, determined on a case-by-case basis.

### *Analysis*

Rule 3.4(b) of the Colorado Rules of Professional Conduct provides that a lawyer shall not "falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law."

Comment [3] to this Rule states:

With regard to paragraph (b), it is not improper to pay a witness' expenses or to compensate an expert witness on terms permitted by law. The common law rule in most jurisdictions is that it is improper to pay an occurrence witness any fee for testifying and that it is improper to pay an expert witness a contingent fee.

This Colorado Rule and its Comment [3] track Rule 3.4(b) of the Model Rules of Professional Conduct (1983, as amended) and its Comment [3] identically on this issue. The American Bar Association Standing Committee on Ethics and Professional Responsibility has published a formal ethics opinion interpreting Model Rule 3.4(b). ABA Formal Opinion 96-402 (8/2/96). In that opinion, the ABA reasoned as follows:

Reading Comment [3] literally, compensating a witness for loss of time which he could have devoted to other pursuits does not constitute payment of an "expense" incurred by the witness. Nor, on the other hand, does compensating a witness for his loss of time amount to paying him a "fee for testifying." Indeed, the precursor of Model Rule 3.4, DR 7-109 of the Model Code of Professional Responsibility, expressly permitted "reasonable compensation to a witness for his loss of time in attending or testifying," [footnote omitted] and there is nothing in the history of Rule 3.4 to indicate that the drafters of the Model Rules intended to negate this concept by using the language that they did. In addition, such compensation is implicitly authorized by certain statutes and court decisions. See, for example, 18 U.S.C. Section 201 (j), which provides that payment to lay witnesses for "the reasonable

Opinion 103                          *Colorado Ethics Handbook*

      value of time lost in attendance at any such trial, hearing or proceeding" do not violate federal bribery statutes. The Committee therefore concludes that payment for loss of time is not prohibited by Model Rule 3.4.

The Colorado Bar Association Ethics Committee agrees with the reasoning of the ABA.

    The precursor of the Colorado Rules of Professional Conduct, the Colorado Code of Professional Responsibility, was identical on this issue to the Model Code cited in the ABA Opinion. DR 7-109(C) stated:

      A lawyer shall not pay, offer to pay or acquiesce in the payment of compensation to a witness contingent upon the content of his testimony or the outcome of the case. But a lawyer may advance, guarantee, or acquiesce in the payment of:
      1) Expenses reasonably incurred by a witness in attending or testifying.
      2) Reasonable compensation to a witness for his loss of time in attending or testifying.
      3) A reasonable fee for the professional services of an expert witness.

    Colorado statutes specifically provide for the payment of fees and mileage expenses to witnesses. C.R.S. §§ 13-33-102(1) through 102(3) set forth fees that witnesses shall receive for their attendance in various courts in Colorado. C.R.S. § 13-22-102(4) provides that witnesses called to testify regarding opinions founded on special study or experience in any branch of science or to make scientific or professional examinations and state the result thereof shall receive additional compensation. C.R.S. § 13-33-103 sets forth mileage fees that witnesses shall receive. These statutes do not prohibit compensation to witnesses in excess of the amounts specified.

    Furthermore, compensating a witness for a reasonable amount of time spent preparing to testify, such as time spent reviewing and researching records that are germane to his or her testimony or time spent in pretrial interviews, is not prohibited by Rule 3.4, so long as it is made clear to the witness that the compensation is not for the substance or efficacy of the witness's testimony, but solely to compensate the witness for the time he or she expended in order to give testimony. ABA Formal Opinion 96-402 (8/2/96); State Bar of Arizona Committee on the Rules of Professional Conduct, Formal Opinion 97-07 (10/31/97); State Bar of Michigan Standing Committee on Professional and Judicial Ethics, Opinion RI-117 (2/24/92); Illinois State Bar Association, Advisory Opinion 87-5 (1/29/88). *Compare* Pennsylvania Bar Association Committee on Legal Ethics and Professional Responsibility, Opinion 95-126 (9/26/95) (disfavoring compensation to non-expert witnesses for time invested in preparing for testimony).

    There are, however, ethical limitations on compensating witnesses. Rule 3.4 explicitly prevents an attorney from offering an inducement to a witness that is prohibited by law. Furthermore, compensation paid to a witness must be reasonable so as to avoid affecting, even unintentionally, the content of the witness's testimony. ABA Formal Opinion 96-402 (8/2/96).

    In *People v. Attorney A*, 861 P.2d 705 (Colo. 1993), an attorney, in an effort to save his client's privilege to drive, improperly offered to have his client plead guilty in a criminal case to the original charge of driving under the influence of alcohol, rather than the lesser charge of driving while ability impaired, if the arresting officer would agree not to appear at a license revocation hearing arising from the client's refusal to submit to a blood-alcohol test. The Colorado Supreme Court ruled that the attorney should be disciplined because his conduct was prejudicial to the administration of justice, in violation of DR 1-102(A)(5) of the former Code of Professional Responsibility.

    In *People v. Belfor*, 591 P.2d 585 (Colo. 1979), the Colorado Supreme Court suspended an attorney for one year for paying a judgment that had been entered against a witness in a separate civil action as either a gift to the witness to induce him to provide testimony favorable to the attorney's client, or a loan with a contingency that it would be forgiven if the witness testified favorably. The Court found that the attorney's conduct violated DR 7-109(C), as well as several other provisions, of the former Code of Professional Responsibility.

    Colorado statutes also make it a crime to bribe a witness, intimidate a witness or tamper with a witness. *See* C.R.S. §§ 18-8-701 through 18-18-708.

Other jurisdictions have held that in certain circumstances the compensation paid to non-expert witnesses was improper. In *Committee on Legal Ethics of the West Virginia State Bar v. Sheatsley*, 452 S.E.2d 75 (W. Va. 1994), the court publicly reprimanded an attorney for acquiescing in the payment of money to a witness in a racial discrimination case if the case was decided favorably to the attorney's client, or if all proceedings were voluntarily withdrawn by the complainant.

In *Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Association*, 865 F.Supp. 1516 (S.D. Fla. 1994), the court held that an insurer's attorneys violated Rule 3.4(b) by acquiescing in and actively assisting in the payment of substantial sums to two fact witnesses in a case involving insurance coverage for the theft of over $9 million worth of gold. One witness negotiated payments totaling $260,000 for his participation in the civil action, including $95,000 for giving two depositions, $65,000 for living expenses, and $100,000 as a reward for original information. The other witness was paid $25,000 for giving a deposition, $25,000 for original information, $22,000 for living expenses, and $72,000 for agreeing to appear to testify at a criminal trial. Payment was contingent on three conditions: (1) the testimony had to be truthful; (2) the testimony had to be material; and (3) the testimony had to be helpful to the insurer in the defense of the civil action. *Id*. at 1524-25. The court stated that Rule 3.4(b) clearly prohibits a lawyer from "paying or offering to pay money or other rewards to witnesses in return for their testimony, be it truthful or not, because it violates the integrity of the justice system and undermines the proper administration of justice." *Id*. at 1526. The court concluded that the insurer's repeated payments of substantial sums of money to the witnesses had an effect on the testimony they gave. That the insurer's willingness to pay was contingent on the condition that the testimony had to be helpful to the insurer in its defense of the civil action made "even more pronounced the subversive and egregious nature" of the insurer's and its counsel's actions. *Id*. at 1526.

In *Wagner v. Lehman Brothers Kuhn Loeb Incorporated*, 646 F. Supp 643 (N.D. Ill. 1986), the court ruled that an attorney violated DR 7-109(C) of the Code of Professional Responsibility by acquiescing in his client's agreement to pay a witness up to 20 percent of his potential recovery in return for the witness's testimony. *Id.* at 656.

In determining the reasonableness of the compensation paid to a witness, the attorney must determine each situation on an individual basis, based on all relevant circumstances. ABA Formal Opinion 96-402 (8/2/96). As stated by the New York State Bar Association Committee on Professional Ethics:

> We must attempt to draw the line between compensation that enhances the truth seeking process by easing the burden of testifying witnesses, and compensation that serves to hinder the truth seeking process because it tends to "influence" witnesses to "remember" things in a way favorable to the side paying them.

New York State Bar Association Committee on Professional Ethics, Opinion 668 (6/3/94). For this reason, compensation to a witness ethically may not be contingent upon the content of the witness's testimony or the outcome of the case.

What is a reasonable amount may be determined easily for a witness who is paid on an hourly basis and who actually has lost wages due to time away from work. If the witness is salaried and is paid by his or her employer despite missing time from work, the attorney paying the compensation should attempt to determine if the employer, rather than the witness, should be reimbursed for the witness's time away from work.

The determination of reasonableness may be more difficult where the witness is self-employed, retired, or unemployed. This Committee will not attempt to define what is reasonable compensation in all circumstances, as that is a fact-specific determination that will vary from case to case. Ethics opinions from other jurisdictions, however, provide some guidance on the matter. "Possible objective bases upon which to determine reasonable compensation might include the witness' rate of pay if currently employed, what the witness last earned if currently unemployed, or what others earn for comparable activity." California State Bar Standing Committee on Professional Responsibility and Conduct, Formal Opinion 1997-149 (1997). Reasonable compensation may be determined by considering what the individual could expect to be paid in the ordinary course of his or her profession or business. New York State Bar

Opinion 103 *Colorado Ethics Handbook*

Association Committee on Professional Ethics, Opinion 668 (6/3/94). However, "a fee that is too high will tend to appear as an improper, unethical inducement," and "a fee may appear unreasonable if the fee is so high that the witness is 'better off' than she would have been if she spent the time otherwise earning an income rather than testifying or preparing to testify." State Bar of Arizona Committee on the Rules of Professional Conduct, Formal Opinion 97-07 (10/31/97).

     An attorney should keep in mind that compensation paid to a witness may be discoverable in the course of the litigation, and evidence thereof may be admissible at trial. Even though compensating a witness ethically may be permissible in a civil action, such compensation is not necessarily advisable in any and all circumstances. Furthermore, this committee expresses no opinion on the legal question of whether compensation paid to a non-expert witness is recoverable as an item of costs. *See Cherry Creek School District v. Voelker*, 859 P.2d 805, 812-14 (Colo. 1993); *Crawford v. French*, 633 P.2d 526 (Colo. App. 1981).