# Exhibit B

**Editor's Note:**

State Bar Ethics Opinions cite the applicable California Rules of Professional Conduct in effect at the time of the writing of the opinion. Please refer to the California Rules of Professional Conduct [Cross Reference Chart](#) for a table indicating the corresponding current operative rule. There, you can also link to the text of the current rule.

---

THE STATE BAR OF CALIFORNIA
STANDING COMMITTEE ON
PROFESSIONAL RESPONSIBILITY AND CONDUCT

# FORMAL OPINION NO. 1997-149

---

## ISSUE:

May an attorney pay a non-expert witness for the time spent preparing for a deposition or a trial, even though such preparation does not cause a loss of income?

## DIGEST:

An attorney may pay a non-expert witness for the time spent preparing for a deposition or a trial, but the attorney must comply with the requirements of rule 5-310(B) of the California Rules of Professional Conduct. Compensation for preparation time or for time spent testifying must be reasonable in light of all the circumstances and cannot be contingent upon the content of the witness' testimony or on the outcome of the matter. Possible bases upon which to determine reasonable compensation include the witness' normal rate of pay if currently employed, what the witness last earned, if currently unemployed, or what others earn for comparable activity.

## AUTHORITIES INTERPRETED:

Rule 5-310(B) of the California Rules of Professional Conduct.

## STATEMENT OF FACTS

Attorney represents Company in the defense of an environmental litigation arising out of its prior ownership of land. Witness was employed for many years by Company, including the time period covered by the litigation, and is now retired. Witness has detailed knowledge of events occurring during the period in question as well as some notes that are relevant to Company's defense. Attorney wishes to meet with Witness, have him review documents and notes and otherwise prepare for a deposition and possibly a trial and, if necessary, ask him to testify. Witness says he would have to be compensated for his time.

## DISCUSSION

**A. May an attorney pay a non-expert witness for the time spent preparing for a deposition or a trial?**

### (1) The California Rule:

The issue is one of statutory interpretation. Rule 5-310(B) of the California Rules of Professional Conduct (*Prohibited Contact with Witnesses*) (hereinafter "rule 5-310(B)") neither expressly prohibits payment for a non-expert witness' preparation time, nor expressly permits it. Rule 5-310(B) states:

> A member shall not:
>
> (B) Directly or indirectly pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of the witness' testimony or the outcome of the case. Except where prohibited by law, a member may advance, guarantee, or acquiesce in the payment of:
>
>> (1) Expenses reasonably incurred by a witness in attending or testifying.
>>
>> (2) Reasonable compensation to a witness for loss of time in attending or testifying.
>>
>> (3) A reasonable fee for the professional services of an expert witness.

Payments to witnesses are permitted under some circumstances not articulated in rule 5-310, such as statutory witness fees.[1] Read literally, rule 5-310(B) first prohibits only payments "contingent upon the content of the witness' testimony or the outcome of the case." But then it goes on expressly to identify three narrow categories of permitted payments: (1) expenses incurred in attending or testifying; (2) compensation for loss of time in attending or testifying; and (3) expert witness fees.

Since Witness is not a named expert and his expenses incurred are not in question, subparagraph (2) provides the only language which could be construed to address compensation for preparation time. Rule 5-310(B)(2) does not expressly permit paying a witness for "preparing," as distinguished from attending or testifying. But neither does rule 5-310(B) anywhere expressly prohibit such a payment. While it is possible to construe the phrase "loss of time in attending or testifying" as inclusive of necessary preparation time, nothing in rule 5-310(B) dictates such construction.

Since rule 5-310(B)'s three numbered subparagraphs are arguably neither conclusive nor comprehensive but serve as examples of payments to witnesses that are not prohibited by the rule, the Committee believes that a witness may be compensated under other circumstances which are not specified in the numbered subparagraphs. Whether such a payment is permitted depends on whether the payment is consistent with the principle stated in the rule: that a member not compensate a witness contingent upon the content of the witness' testimony, or the outcome of the case.

Only a few California cases have interpreted rule 5-310(B) (or its predecessor provisions); however, those cases which have applied the rule focus on its underlying policy and purpose. The only California appellate court decision directly interpreting rule 5-310 is *Ojeda v. Sharp Cabrillo Hospital* (1992) 8 Cal.App. 4th 1, 10 [10 Cal.Rptr.2d 230] (analyzing contingent fee consulting contracts and finding them not per se improper, citing Cal. State Bar Formal Opn. No. 1984-79). Cases predating rule 5-310 emphasize the policy prohibiting paying a witness for testimony contingent upon its content or upon the outcome of the case. (E.g., *Hare v. McGue* (1918) 178 Cal. 740, 741-742 [contingent fee contract hiring a detective to find facts in a divorce suit not improper because the payment not contingent upon the facts found]; *Von Kesler v. Baker* (1933) 131 Cal.App. 654, 657-658 [court denies expert witness claim for contingent fee under a contract to testify at trial after favorable verdict because such contracts are void as against public policy]; *Harris v. Moore* (1929) 102 Cal.App. 413, 416-417 [distinguishing *Hare v. McGue* on its facts and refusing to enforce detective's contingent fee contract because payable only if he found facts useful to spouse].)

### (2) Derivation of the California Rule:

Rule 5-310 (B) is identical, except for non-substantive matters, to DR 7-109(C) of the American Bar Association ("ABA") Model Code of Professional Responsibility (all references to "EC" and "DR" are to the ABA Model Code of Professional Responsibility).[2] Unless otherwise indicated, the commentary applicable to DR 7-109(C) may be considered in construing California's rule.[3]

The fundamental policy behind DR 7-109(C)'s witness payment limitation is that "[w]itnesses should always testify truthfully and should be free from financial inducements that might tempt them to do otherwise." (EC 7-28.) But EC 7-28 goes on to state that "[a] lawyer should not pay or agree to pay a non-expert witness an amount in excess of reimbursement for expenses and *financial loss incident to* his being a witness . . . ." (Emphasis added.) No authority exists determining exactly what the emphasized language includes or excludes, which leaves the intended meaning of "incident to" open to reasonable interpretation.

Looking to other ethical standards and codes for guidance, rule 3.4(b) of the ABA Model Rules of Professional Conduct (hereinafter "MR"), the successor to DR 7-109(C), states only that "a lawyer shall not . . . falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law . . . ." This newer formulation eliminated the drafting problem of DR 7-109(C) by simply leaving the matter up to individual states. However, by doing so, MR 3.4(b) arguably offers even less guidance than its predecessor.[4]

The Comment following MR 3.4(b) states: "[I]t is not improper to pay a witness' expenses or to compensate an expert witness on terms permitted by law. The common law rule in most jurisdictions is that it is improper to pay an occurrence witness any fee for testifying and that it is improper to pay an expert witness a contingent fee."

Unfortunately, this Comment does not end the inquiry either. It begs the question whether preparation payment is a prohibited "fee for testifying" in the sense of purchased testimony or, instead, is part of permissible "expenses incurred" or "compensation for loss of time."

Given the ambiguities in the language of the California and ABA standards, it is appropriate to interpret the language based on the principles underlying those standards, as articulated above. Viewed with those principles in mind, reasonable compensation for preparation time, the amount and nature of which is discoverable and admissible at trial, seems no more objectionable in principle than expert witness fees. In some cases, accurate testimony without substantial preparation may be impossible.[5]

## B. If an attorney may pay a non-expert witness for the time spent preparing for a deposition or a trial, what should be used as a basis for determining reasonable compensation?

As noted above, the language of rule 5-310, DR 7-109(C), and other standards provides no express guidance on how to determine whether compensation is reasonable. The Wisconsin State Bar Association's Committee on Professional Ethics, opinion number E-89-17 (1989) concluded, "We believe that this determination would have to be made on a case-by-case basis."

Possible objective bases upon which to determine reasonable compensation might include the witness' rate of pay if currently employed, what the witness last earned if currently unemployed, or what others earn for comparable activity.

The New York State Bar Association's Committee on Professional Ethics has twice considered the question how to determine reasonable compensation. In its Opinion Number 547 (1982), it acknowledged:

> Problems may arise when the witness is self-employed or is compensated on a commission basis, or when weekends and night-hours are devoted to preparation, and in that event, closer consideration should be given to the matter of assessing the amount to be paid. But even recreation time is susceptible to valuation.

Attorneys are frequently called upon to elicit proof of unliquidated damages, and should not feel at a loss in coping with the vagaries of the situation.

When the New York State Bar Association's Committee on Professional Ethics revisited the subject in its Opinion Number 668 (1994), it examined separately whether an attorney could pay a non-expert witness $150 per hour for time spent (i) assisting in the fact- finding process of a litigated matter where the individual may be a witness, and (ii) preparing to testify, testifying, and attending the trial. Assuming client consent, the committee found no impropriety with the payments in either circumstance. In analyzing whether the amount was reasonable, the committee observed:

> DR 7-109(C) is designed to prevent compensation that would have a tendency to lead to the production of fraudulent evidence and to the giving of falsely colored testimony as well as to the prevention of outright perjury. Further the rule also is influenced by the notion that the testimonial duty, like other civic duties, is to be performed without pay, the sacrifice being an inherent burden of citizenship. On the other hand, not everyone views testifying at trial as an honor or civic duty, especially when the individual incurs expenses or suffers a financial loss. *We must attempt to draw the line between compensation that enhances the truth seeking process by easing the burden of testifying witnesses, and compensation that serves to hinder the truth seeking process because it tends to influence witnesses to remember things in a way favorable to the side paying them.* (Emphasis added; citations omitted.)

The New York State Bar Association's Committee on Professional Ethics concluded that reasonable compensation could be determined by the "market value" of the testifying witness (for example, $150 an hour, if that was the witness' ordinary rate of pay). The committee expressly adopted the analysis of its earlier Opinion Number 547 (1982), quoted above, and the conclusion of the Wisconsin State Bar Association's Committee on Professional Ethics, opinion number E-89-17 (1989), that even retired or unemployed persons could be compensated for time spent in preparation, travel, or testifying, even though calculation of the amount might present some difficulties.

Legal limits to witness payments exist which are beyond the scope of this opinion. For example, federal and state laws prohibit bribing witnesses and limit payments to incarcerated witnesses.[6] In addition, certain contracts with witnesses may be illegal under common law principles. (See generally 1 Witkin on Summary of California Law, (9th ed. 1987) Contracts, § 611.) Whether a particular payment violates these or other substantive rules is a question of law, upon which the Committee does not opine.[7] However, the Committee notes that an attorney may not ethically make or participate in making an illegal payment to a witness even if the payment is not prohibited under rule 5-310. (See rule 3-210 of the California Rules of Professional Conduct (prohibiting a member from advising a violation of any law, rule, or ruling of a tribunal unless the member believes in good faith that such a law, rule, or ruling is invalid); Bus. & Prof. Code, § 6068 (a) (reciting an attorney's duty to support the laws of the United States and California); rule 1-120 (prohibiting a member from knowingly assisting, soliciting, or inducing a violation of the rules of professional conduct or the State Bar Act).)

# CONCLUSION

The opinions of the majority of other ethics committees considering the issue generally reach the same conclusions, as noted. Those opinions are persuasive in their uniformity of reasons and results, and agree with our own analysis of the issues. We conclude that it is not inappropriate to compensate a witness for otherwise uncompensated time necessary for preparation for or testifying at deposition or trial, as long as the compensation is reasonable in conformance with rule 5-310(B), does not violate applicable law, and is not paid to a witness contingent upon the content of the witness' testimony, or the outcome of the case.[8] This applies whether the witness is currently employed, unemployed, retired, suspended or in any other employment status.

This opinion is issued by the Standing Committee on Professional Responsibility and Conduct of the State Bar of California. It is advisory only. It is not binding upon the courts, the State Bar of California, its Board of Governors, any persons or tribunals charged with regulatory responsibilities, or any member of the State Bar.

¹ See, e.g., Government Code section 68093 which authorizes payment of $35 per day plus 20 cents per mile fee for witnesses "legally required to attend" superior, municipal, and justice courts, for each day's "actual attendance."

² See California State Bar Special Committee to Study the ABA Code of Professional Responsibility, *Final Report* (1972) at page 50. ("Rule 7-108 [the predecessor to rule 5-310] is the substance of ABA Code DR 7-109.") DR 7-109(C) states: "A lawyer shall not pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of his testimony or the outcome of the case. But a lawyer may advance, guarantee, or acquiesce in the payment of: (1) Expenses reasonably incurred by a witness in attending or testifying. (2) Reasonable compensation to a witness for his loss of time in attending or testifying. (3) A reasonable fee for the professional services of an expert witness."

³ Rule 1-100(A) of the California Rules of Professional Conduct, in part, states, "Although not binding, opinions of ethics committees in California should be consulted by members for guidance on proper professional conduct. Ethics opinions and rules and standards promulgated by other jurisdictions and bar associations may also be considered." (See *Cho v. Superior Court* (1995) 39 Cal. App.4th 113, 121, fn. 2 [45 Cal.Rptr. 2d 863] ["The [California] Supreme Court has looked to the principles underlying the American Bar Association counterparts to our rules of professional conduct (citing *Flatt v. Superior Court* (1994) 9 Cal.4th 275, 282 [36 Cal.Rptr.2d 537]), but also has declined to adopt the American Bar Association rules")]; compare *General Dynamics Corp. v. Superior Court* (1994) 7 Cal.4th 1164, 1190 fn. 6 [32 Cal.Rptr.2d 1] [In California ethical prescriptions are those embodied in the state's rules of professional conduct and certain provisions of the Business and Professions Code; court declines to adopt as predicate for retaliatory discharge claim by in-house counsel either the ABA Model Rules of Professional Conduct or the ABA Model Code of Professional Responsibility, both of which have no legal force of their own and neither of which has been adopted by the court.]).

⁴ The ABA does not find such ambiguities in DR 7-109(C), MR 3.4, or Comment [3] thereto. In its formal opinion No. 96-402 (Aug. 2, 1996) (Propriety of Payments to Occurrence Witnesses), the ABA Committee on Professional Ethics opined that its standards permitted compensation to non-expert fact witnesses for preparation time, including pretrial meetings with lawyers, and time spent reviewing and researching records:

> Indeed, the precursor of Model Rule 3.4, DR 7-109 of the Model Code of Professional Responsibility, expressly permitted '[r]easonable compensation to a witness for his loss of time in attending or testifying,' and there is nothing in the history of Rule 3.4 to indicate that the drafters of the Model Rules intended to negate this concept by using the language that they did. . . . The Committee also sees no reason to draw a distinction between (a) compensating a witness for time spent in actually attending a deposition or a trial and (b) compensating the witness for time spent in pretrial interviews with the lawyer in preparation for testifying, as long as the lawyer makes it clear to the witness that the payment is not being made for the substance (or efficacy) of the witness's testimony or as an inducement to 'tell the truth.' The Committee is further of the view that the witness may also be compensated for time spent in reviewing and researching records that are germane to his or her testimony, provided, or course, that such compensation is not barred by local law.

The ABA has taken this view since at least 1965. (See ABA Comm. on Prof. Ethics, informal opn. No. 847 (Aug. 4, 1965) (Payment to Witness (A) Lay (B) Expert) [Canon 39 permits payment of actual expenses and reasonable compensation to persons who cannot afford to come and testify at the statutory fees, with no attempt to influence their testimony, the arrangement being disclosed to the court and jury; includes wages for loss of time or actual expense plus reasonable transportation charges].)

⁵ A survey of the ethics opinions of other jurisdictions reveals that most ethics committees considering DR 7-109(C), EC 7- 28, or local variations thereof, have found that payments to witnesses for preparation time are not improper. (See, e.g., N.Y. State Bar Assn. Comm. on Prof. Ethics, opn. no. 668 (1994) [with client's consent, witness may be paid $150 per hour for pre-trial fact-finding, and for trial time, if that rate is reasonable; unemployed, self-employed, or retired persons entitled to reasonable compensation, not limited to lost wages or

out-of-pocket expenses, since "even recreation time is susceptible to valuation"; market value of witness' time is one gauge of reasonableness]; Mass. State Bar Assn. Comm. on Prof. Ethics, opn. no. 1991-3, [extensively analyzing Mass. rule and other ethics opinions, and concluding DR 7-109(C) is hopelessly ambiguous; in light of that, finding payment to a former employee for time spent reviewing documents in preparation for testimony, or overtime to regular employee for same, not improper]; Ill. State Bar Assn. Ethics Opn. No. 87-5 (1988) [finding permissible payment of reasonable compensation to witness for time spent in pre-testimony interviews]; Wis. State Bar Assn. Comm. on Prof. Ethics, opn. nos. E-88-9 (1988) and E-89-17 (1989) [permitting unemployed or retired persons compensation for time spent in preparation, travel, or testifying, without opining whether payment based on usual wage or hourly rate when employed was reasonable]; Va. State Bar Assn. Standing Comm. on Legal Ethics, opn. no. 587 (1984) [payment for preparation time proper; should be tied to fair value of time expended, such as by witness' usual hourly charge for time or other reasonable method of calculating value of time expended]; but see Penn. State Bar Assn. Comm. on Legal Ethics and Prof. Responsibility, opn. no. 95-126 (9/26/95) [construing rule 3.4(b) of the Penn. Rules of Prof. Conduct, which follows DR 7-109(C), and finding that while no express prohibition against compensating fact witness for preparation time, such payments are disfavored, and if lawyer decides to pay fact witness anyway, "witness must be instructed that, if asked on cross-examination, he is to be candid about the nature and amount of the compensation he has been paid;" even with that protective measure, committee cannot guarantee that lawyer would not face discipline].)

[6] See, e.g., 18 United States Code section 201 (c)(2) ("U.S.C.") (cannot directly give or promise anything of value for testimony under oath to be given by person as witness except as stated in 18 U.S.C. section 201 (d)); 28 U.S.C. section 1821 (f) (any witness who is incarcerated at the time testimony given may not receive fees or allowances); California Penal Code section 4000.1 (a) (prohibiting promises, offers, or payments by government over $50 for in-custody informant's testimony in criminal proceeding); *Shuttlesworth v. Housing Opportunities Made Equal* (S.D. Ohio 1994) 873 F. Supp. 1069, 1078 ("under 18 U.S.C., § 201(c) (2), Defendants apparently could commit an offense even if they offered rental assistance only to secure truthful testimony against Plaintiff"); compare *Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Association* (S.D. Fla. 1994) 865 F.Supp. 1516 (payments arranged by plaintiff insurance company's lawyer of $95,000 to one fact witness to testify at two depositions, and $25,000 to another fact witness to testify at his deposition, did not violate 18 U.S.C. section 201 (c) (2) because testimony was truthful, but did violate Florida's ethics rule prohibiting lawyers from offering inducement to witness contingent upon outcome in case favorable to plaintiff).

[7] The ABA opines unequivocally that compensation for a witness's preparation time under the ABA Model Rules of Professional Conduct and the ABA Model Code of Professional Responsibility (from which California's rule is taken) does not violate federal bribery law: "In addition, such compensation is implicitly authorized by certain statutes and court decisions. See, for example, 18 U.S.C. section 201 (j), which provides that payments to lay witnesses for 'the reasonable value of time lost in attendance at any such trial, hearing or proceeding' do not violate federal bribery statutes." (ABA Formal Ethics Opn. No. 96-402, *supra* , at fn. 4.)

[8] E.g., *Florida Bar v. Jackson* (Fla. 1986) 490 So.2d 935 (improper for attorney to request that his clients be paid $50,000 for their testimony in a pending insurance claim case in N.Y.); *In re Kien* (Ill. 1977) 372 N.E.2d 376 (improper for a lawyer to pay $50 to a police officer for even truthful testimony); *In re Robinson* (N.Y. 1913) 103 N.E. 160 (attorney improperly participated in and approved client's lavish expenditures on witnesses, investigators, and the like).

.