# Exhibit C

NEW YORK STATE BAR ASSOCIATION
*Committee on Professional Ethics*

<u>Opinion 668 (16-94) 6/3/94</u>

Topic: "Reasonable Compensation" of a Witness

Digest: There is no ethical limit on the amount an individual may be paid for assistance in the fact finding process, so long as the client consents after full disclosure. The attorney should keep in mind that such pay may affect the amount the attorney may recover in attorneys' fees. An individual testifying at trial may receive a reasonable rate, deter-mined by the fair market value for the time, regardless of whether the individual suffered actual financial loss.

Code: DR 7-109(C)

<u>QUESTION</u>

May an attorney pay an individual a fee for assistance in the fact-finding process of a litigated matter where the individual may be a witness?

<u>OPINION</u>

An attorney represents a client in a potential lawsuit to recover funds allegedly lost due to conspiracy, fraud, and other violations of law. The attorney believes that proof of the case is dependent upon an individual, who, in exchange for services, seeks $150/hour for work that should take approximately 50-60 hours. Such work involves finding and explaining documents, tape recordings, and photographs purporting to prove the client's case. The individual will attend interviews, examine and explain documents and tape recordings, and otherwise assist in the fact-finding process. The individual also may be required to testify at the trial.

This question is governed to some extent by DR 7-109(C), which states that:

A lawyer shall not pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of his or her
testimony or the outcome of a case. But a lawyer may advance, guarantee, or acquiesce in the payment of:

1. Expenses reasonably incurred by a witness in attending or testifying.

2. Reasonable compensation to a witness for the loss of time in attending or testifying.

3. A reasonable fee for the professional services of an expert witness.

DR 7-109(C), on its face, governs only the compensation of "witnesses," those parties testifying or attending trial. Thus, DR 7-109(C) has no bearing on instances, such as the one at hand, where an individual is to be retained, not necessarily as a testifying witness, but as an assistant in the fact-finding process. This assumes that such arrangement does not serve as a pretext for avoidance of the proscriptions of DR 7-109(C). An individual testifying at trial is entitled to compensation, as limited by DR 7-109(C).

Pre-Trial Fact-Finding

There is no ethical impropriety, if a client so determines, in paying an individual $150/hour for pre-trial fact-finding as DR 7-109(C) does not apply to situations where the individual is not a witness. See Alabama Op. 83-77 (undated), indexed in ABA/BNA Lawyer's Manual on Professional

Conduct 801:1055 (1986) (attorney could pay an "investigator/consultant for documentary evidence and witnesses he has discovered on his own initiative … [if payment] is made with the client's consent after full disclosure"); Maryland Op. 83-38 (1982), indexed in ABA/BNA Lawyer's Manual on Professional Conduct 801:4327 (1986) (client can pay informant for information, but cannot pay the informant for testifying except reimbursement for expenses and financial loss).

In the instant situation, the attorney may pay an individual whatever amount the client consents to for pre-trial fact-finding services that the individual provides. In striking such a bargain, the attorney should keep in mind other ethical duties, such as closely monitoring a nonIawyer's participation in the litigation, and insuring that the attorney's fee is not higher than the applicable statutes permit. Even with the client's consent, an attorney is not entitled to receive amounts from the transaction that would in the aggregate constitute an excessive fee. DR 2-106(A); N.Y. State 576 (1986). To the extent the individual's duties replace the traditional functions of the attorney, the contingency fee charged by the attorney may become unreasonable. For example, if the client is paying $150/hour for the individual to perform the fact-finding duties normally performed by the attorney, a contingency fee percentage might be too high. See e.g., N.Y. State 572 (1985) (when another entity's services displace the attorney's work, the reasonableness of the attorney's contingent fee percentage may be affected.)

Trial Testimony

If, and when, the individual also becomes a witness, the compensation is governed by DR 7-109(C). The issue is whether $150/hour is "reasonable compensation" for the time, if any, the individual spends testifying, preparing to testify, and attending the trial. DR 7-109(C) is designed to prevent compensation that would have a tendency to lead to the "production of fraudulent evidence and to the giving of falsely colored testimony as well as to [the prevention of] outright perjury." N.Y. State 547 (1982), citing 6A Corbin on Contracts, §143O (1951). Further, the rule also is influenced by the notion that "the testimonial duty, like other civic duties, is to be performed without pay, the sacrifice being an inherent burden of citizenship … ." Id., citing 8 Wigmore Evidence, §202 (McNaughton Rev., 1961).

On the other hand, not everyone views testifying at trial as an honor or civic duty, especially when the individual incurs expenses or suffers a financial loss. We must attempt to draw the line between compensation that enhances the truth seeking process by easing the burden of testifying witnesses, and compensation that serves to hinder the truth seeking process because it tends to "influence" witnesses to "remember" things in a way favorable to the side paying them.

For that reason, DR 7-109(C) explicitly prohibits the payment of a witness on a contingency basis because the witness will be tempted to give more favorable testimony in the hopes of insuring or increasing the witness fee. Reasonable compensation, however, expressly is allowed under DR 7-109(C). The term "loss of time in attending or testifying" has been interpreted to mean "loss of time in testifying or in otherwise attending court proceedings and preparing therefor." N.Y. State 547 (1982). The witness' "loss of time" then must be translated into dollars. Id. A witness who loses wages because of his or her role as a witness may be reimbursed for the money lost. A witness who is unemployed, self-employed, or on salary, also may be compensated since even "recreation time is susceptible to valuation." Id. A witness who is reimbursed for loss of free time, or does not lose money as a result of the role as a witness, is still entitled to compensation, but the amount should be given "closer consideration" than it is when the witness is being reimbursed for lost wages. Id. Thus, "reasonable compensation" is not merely out-of-pocket expenses or lost wages.

Thus, the fact that an individual may perform duties for the attorney on his or her own time or may currently be unemployed does not necessitate a finding that the individual is not entitled to receive compensation. See Wisc. Op. E-89-17 (1989), indexed in ABA/BNA Lawyer's Manual on

Professional Conduct 901:9111(1990) (retired person could be compensated for the "reasonable and necessary time spent in preparation, travel, and testifying even though the compensation will not be for lost wages since the witness is retired").

The amount of compensation that is to be considered "reasonable" will be determined by the market value of the testifying witness. For example, if in the ordinary course of individual's profession or business, he or she could expect to be paid the equivalent of $150/hour, he or she may be reimbursed at such rate.

CONCLUSION

Subject to the qualifications stated above, the question is answered in the affirmative.