Case 1:14-cv-03074-CMA-KMT   Document 952-18   Filed 03/20/18   USDC Colorado   Page 1 of 31

# Exhibit N

Case No. 1:14-cv-03074-CMA-KMT Document 680-4 filed 04/09/18 USDC Colorado pg 2 of 31

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Monday, February 05, 2018 9:36 PM
**To:** Cahill, Mark
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Mark,

Notwithstanding the State Department guidance on its website that we have cited below, we have researched the issue and believe that we can legally proceed with the depositions in Mexico. Thus we can move forward with the depositions of Ximena Uribe Zacarias and Liliana Paulin Lozano this week.

With respect to the cases you cite in your email, as I'm sure you are aware the cases are for corporate plaintiffs and not opt in FLSA plaintiffs.  Further *In re TJX Cos.*, MDL No. 1853, No. 07-md-1853, KHV, 2008 U.S. Dist. LEXIS 21566 (D. Kan. Mar. 17, 2008) does not stand for the proposition you say it does. In that case the court stated that "defendants may have overstated the utility of face-to-face depositions" for *named plaintiffs* **in a Rule 23 case**. Virtually all of the opt-ins work full time and it is a challenge for them to find any time to these depositions. We have dealt with that challenge by conducting depositions in or near their place of residence and on weekends. The au pairs in countries with blocking statutes are no different and cannot afford the time or expense as an opt in to travel to Denver for a deposition. This would also place an excessive burden on these opt ins that is disproportionate with the needs of the case.

With respect to Ms. Wiggett and Ms. Mhlanzi, contrary to how we have been operating thus far, you issued a formal notice without me providing confirmation that the specific date worked. In most cases, we were able to confirm the specific dates noticed based on the au pair's general availability that they provided. However, in these two cases we were not. To avoid future situations like this, I suggest returning to how we had been operating previously, and sending an email with the specific date that you wish to depose the au pair (as you did below) so that I can inform you whether that date works before you issue the formal notice. With respect to Ms. Nhlanzi, I stated she could be deposed on a Tuesday morning or on a weekend. If you cannot guarantee that she can leave by 11:30 on that date, we should instead schedule this deposition for a weekend.

With respect to the noticed depositions in Denver for Rosina Kellman, Larissa Luana Goncalves Silva,

and Yessica Lucero Morales Palacio, we did not provide dates of availability for any of these au pairs and they will not appear on the dates or at the location noticed.

Dawn

---

**From:** Cahill, Mark [mailto:mcahill@choate.com]
**Sent:** Monday, February 05, 2018 5:36 PM
**To:** Dawn Smalls
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Dawn, I just became aware of a typographical error in my email to you earlier today – the date for Felecia Thandeka Mhlanzi's deposition is Tuesday **February 13th** (not 12th), starting at 9 a.m.  Thanks. –Mark

Mark D. Cahill
logo

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5033
f 617-248-4000
mcahill@choate.com
www.choate.com

---

**From:** Cahill, Mark
**Sent:** Monday, February 05, 2018 2:45 PM
**To:** 'Dawn Smalls'
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Dawn, thank you for following up. I was out of town and mostly *incommunicado* on Friday and all weekend.

Regarding the plaintiffs/witnesses who are currently located in Mexico, our understanding is that that permission is required only for the taking of *compulsory* evidence, the process for which is outlined in Chapter I of the Hague Evidence Convention. We understand that it takes 4-6 months to obtain such permission, and, given the current discovery deadline, it is not feasible to do so for this case.  We further understand, however, that the government of Mexico has issued a complete reservation with regard to Article 17 of the Hague Evidence Convention (the mechanism that allows private attorneys or "commissioners" to depose *voluntary* witnesses abroad with or without permission).  Accordingly, our position is that permission is not required to take the depositions of Mexico if those depositions are conducted on a *voluntary* basis.  You, however, apparently take issue with this analysis and insist that permission is required even for *voluntary* depositions.  If that is not your position, please promptly so advise.

In the absence of any agreement regarding whether permission is required, we understand that you will not make witnesses available in Mexico. Please let us know if you will now make witnesses available in Mexico, or if you would prefer to make them available in the United States.

As for Ms. Machelard and other plaintiffs/witnesses located in France, French law does require permission to depose French citizens, and we understand that this process takes a minimum of 45-60 days. In order to comply with the Court's discovery deadlines in this case, we have suggested that you make French witnesses available in London (which is a short trip from Paris and does not require permission) or in the United States. Accordingly, please promptly provide dates that Ms. Machelard is available in London or in the United States. Otherwise, we will notice her deposition to take place in Denver.

The *Geer* case to which you cite is inapposite for many reasons, including that the defendants in *Geer* wanted to depose every opt-in plaintiff and refused to consent to telephonic depositions. In stark contrast, here we have proposed taking depositions of only a fraction of the opt-in plaintiffs, offered various locations where the depositions can be conducted without permission from a foreign jurisdiction, offered to take depositions via video conference in locations that are especially remote (such as Australia and South Africa), and offered to conduct depositions at times designed to minimize inconvenience to the witnesses.

The Plaintiffs, however, are refusing to make certain witnesses available at all, and instead appear to be hiding behind blocking statutes, a tactic that is unfair, unnecessary, and contrary to applicable law. Regardless of where they may currently reside, the opt-in plaintiffs are still subject to the jurisdiction of the Court in this case, and as you certainly must know there is a presumption that plaintiffs will make themselves available for examination in the district in which suit was brought. *See*, *e.g.*, *In re TJX Cos.*, MDL No. 1853, No. 07-md-1853, KHV, 2008 U.S. Dist. LEXIS 21566 (D. Kan. Mar. 17, 2008) (requiring class plaintiffs to travel to forum district and expressly rejecting plaintiffs' proposal for remote depositions because defendants have "fundamental right of . . . face-to-face depositions"); *Clayton v. Velociti, Inc.*, No. 08-2298-CM/GLR, 2009 U.S. Dist. LEXIS 33111 (D. Kan. Apr. 17, 2009) (denying plaintiffs' motion for protective order where class plaintiffs failed to support claims that travel to forum district would cause extreme hardship and further holding that opt-in plaintiffs must make specific showing of hardship, tied to individual circumstances, to justify proposed substitute of deposition by telephone). *See also Young v. Dollar Tree Stores, Inc.*, No. 11-cv-01840-REB-MJW, 2012 U.S. Dist. LEXIS 33856 (D. Colo. Mar. 14, 2012).

As you also must know, plaintiffs cannot hide behind their foreign nationality to thwart fair and efficient discovery. *See*, *e.g.*, *Societe Nationale Industrielle Aeropatiale v. U.S.D.C. for S.D. Iowa*, 482 U.S. 522, 539-40 (1987). In reliance on *Societe*, district courts within the Tenth Circuit have ruled that foreign plaintiffs must submit to the forum district for deposition. *See Bigpayout LLC v. Mantex Enters.*, No. 2:12-cv-1183-RJS-BCW, 2015 U.S. Dist. LEXIS 139959 (D. Utah Oct. 13, 2015) (Brazilian

plaintiffs); *Peiker Acustic, Inc. v. Kennedy*, No. 10-cv-02083-REB-MJW, 2011 U.S. Dist. LEXIS 40549 (D. Colo. Apr. 8, 2011) (J., Wantanabe) (German plaintiffs). *Accord In re Vitamin Antitrust Litig.*, Misc. No. 99-197, MDL No. 1285, 2001 U.S. Dist. LEXIS 25070 (D.D.C. Sept. 11, 2001) (requiring foreign defendants to appear for 30(b)(6) depositions in the U.S. at plaintiffs' expense where defendant companies had headquarters based in countries which barred depositions, including Germany, France, and Switzerland).

We have consistently been willing, and we remain willing, to schedule and conduct depositions of the foreign opt-in plaintiffs in a cooperative fashion. If you will not agree to reasonable accommodations to facilitate the depositions of plaintiffs who live in jurisdictions that have blocking statutes then the only option will be to conduct those depositions in the United States.

On another note, after we noticed Ms. Wiggett's deposition for an agreed-upon time and date (February 12, 2018 at 5 p.m. EST), you then advised (in your February 1 email) that she is not available to appear on that date but that she is available the following Monday or Tuesday. Please confirm that she will appear for deposition on February 19 at 5 p.m. EST/Tuesday February 20 at 9 a.m. her time).

Finally, in your 2/1/2018 5:02 p.m. email you state that you had misunderstood Felecia Thandeka Mhlanzi's availability and that she can only be deposed on a Tuesday morning. In a continued good faith effort to cooperate and efficiently take discovery, we will reschedule the deposition for Tuesday morning, February 12, 2018 commencing at 9 a.m. and reserve all rights regarding the length and/or end time of the deposition. Please confirm that she will appear for deposition on February 12th.

Please respond concerning the open items above ASAP. Meanwhile, best wishes. – Mark

Mark D. Cahill

logo



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5033
f 617-248-4000
mcahill@choate.com
www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Monday, February 05, 2018 11:43 AM
**To:** Cahill, Mark
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Mark,

Following up on this. Please let me know if you have obtained the required permissions to legally proceed with the depositions in Mexico and Poland this week. The deponents and Plaintiffs' counsel are ready to proceed and are waiting to hear back from you.

With respect to your email below, Plaintiffs' request that you demonstrate that you can legally take the deposition of an au pair in country before contacting them, is very much reasonable particularly given what has occurred with the French, German, and Austrian au pairs. Plaintiffs did not start off with this request. For all of the French, German, and Austrian au pairs, we contacted them, took the time to procedurally tell them what a deposition is and why they would need to appear for one, told them on your representation that they would need to appear but that we would do it in their home country, and corresponded with them multiple times to schedule, and confirm logistics. After all of that, you told Plaintiffs that in fact a deposition in country was not possible because it was illegal, and to ask that we move it to a neighboring country to accommodate those countries' blocking statutes. All of which could have been avoided if you had checked whether it was possible to depose the au pairs in country before we reached out to them.

We reject your move to now require these au pairs, who had already agreed and were ready to appear as you initially requested, to appear in Denver, as a matter of equity and procedure. *See* Geer v. Challenge Financial Investors Corp., 2007 WL 1341773, at *4 (D. Kan. 2007) (refusing to make opt-ins in Florida, Virginia, Texas, Ohio and California travel to Kansas for depositions because that would undermine the purpose of FLSA, to provide "efficient resolution" for worker claims).

Dawn

**From:** Dawn Smalls
**Sent:** Thursday, February 01, 2018 4:06 PM
**To:** 'Cahill, Mark'
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Yes. I was very confused by Joan's comments. The only point that we made with respect to the Mexico depositions was that our research showed that permission from the Mexican Central Authority needed to occur prior to a deposition taking place. If that is not the case and you have authority to support that, and/or you have obtained the requisite permission, we can absolutely proceed. This is not a requirement imposed by Plaintiffs.

**From:** Cahill, Mark [mailto:mcahill@choate.com]
**Sent:** Thursday, February 01, 2018 3:59 PM
**To:** Dawn Smalls
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Dawn, in light of the comments made during the call with the court clerk just now, can we agree to take the Mexico depositions as scheduled? Please let us know. –Mark

Mark D. Cahill



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5033
f 617-248-4000
mcahill@choate.com
www.choate.com

---

**From:** Cahill, Mark
**Sent:** Thursday, February 01, 2018 2:47 PM
**To:** 'Dawn Smalls'
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Dawn, may the depositions of Felecia Thandeka Mhlanzi and Julia Natali Heller Neves on February 8th  (proposed to begin at 7 am and 1 pm, respectively) be conducted at BSF's NYC office? Please advise ASAP.

Regarding Marion Sylvie Anna Machelard, we understand from your 1/31 email that she has returned to France.  Please promptly provide availability dates for her deposition.

Thanks. –Mark

Mark D. Cahill



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5033
f 617-248-4000
mcahill@choate.com
www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Wednesday, January 31, 2018 7:13 PM
**To:** Cahill, Mark
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

27. Julia Natali Heller Neves (Forest Hill, NY) - Available to be deposed in NYC next Thursday.

Sent with Good (www.good.com)


-----Original Message-----
**From:** Dawn Smalls
**Sent:** Wednesday, January 31, 2018 12:00 PM Eastern Standard Time
**To:** Cahill, Mark
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Mark,

Carly Faye Fitzpatrick (Sydney, Australia). Carly is available on Saturday afternoon (her time/Friday night our time). She is also available her time Monday 11-2; Tuesday 10-2; and Wednesday 10-2.
Marion Sylvie Anna Machelard (Cambridge, MA). Marion is no longer in Cambridge and has returned to France.
Aimee Jane Cunnane (Boulder, CO). Aimee is available to meet on Feb. 9 in Denver.
Felecia Thandeka Mhlanzi (Mount Vernon, NY). Felecia is available to meet on a weekend or on a weekday up until 11:30 in NYC.
Marion Brigitte Sylvie – Parnaud (Worcester, MA). Marion is available to meet on a Sunday in Boston.
Amy Sylla (Toronto, Canada) – Amy is available on Monday the 19th at 10:30.

Dawn

**From:** Dawn Smalls
**Sent:** Tuesday, January 30, 2018 6:12 AM
**To:** 'Cahill, Mark'
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Mark,

I will respond to your email more fully in a separate email but write to provide the availability for the following opt in plaintiffs:

10. Cristoph Zachhuber –Phoenix, AZ. He is available on a weekday morning in Phoenix
45. Vanessa Wiggett (Melbourne, Australia). She is available on Feb 12 or Feb. 13.
48. Carly Faye Fitzpatrick (Sydney, Australia). Carly is available on Saturday afternoon (her time/Friday night our time)
46. Matilda Patrick (Parkwood, Australia). Available Wed. or Friday at 9pm local time. Also available all day Sunday.
47. Matilda Louise Patrick (Sunnybank, Australia). This is the same au pair as above.

Dawn

**From:** Cahill, Mark [mailto:mcahill@choate.com]

**Sent:** Monday, January 29, 2018 1:49 PM
**To:** Dawn Smalls
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Dawn,

Plaintiffs' "request" is objectively unreasonable.

We have repeatedly attempted to work with you in good faith to schedule depositions of opt-in plaintiffs. We initially proposed taking international depositions in the opt-in plaintiffs' home countries for their convenience. We have given you the option of conducting all depositions of international opt-ins in Denver, New York, or Boston. We have also agreed to take depositions of certain witnesses located in unsafe or particularly distant locales by videoconference. Pursuant to your request and for your convenience, we have made every effort to cluster depositions based on the witness availability information provided by your office.

Moreover, and although not required to do so, we provided you with authority permitting the taking of depositions in particular countries, even though you and we have already taken or agreed to take depositions in several of the countries. We disagree with the analysis of the Hague Convention posited in your email, and note that you cite no authority for your proposition that a Letter of Request is required for deposing a witness in Poland.

You now unreasonably assert that you will not even contact your clients to (i) confirm that they reside in a particular country, or (ii) determine if they are able to travel cross-border to a country that does not require permission for a deposition, unless/until we first go through the time consuming and resource-intensive process of obtaining permission. This position is particularly egregious given that the Hague Convention requires one to provide the witness's complete address (Article 3) and an agreed upon time and place (Article 7) *before* any necessary permissions can be sought.

Given your position, we will now notice all depositions for opt-in plaintiffs who reside in countries with "blocking statutes" or requiring advance permission for depositions to take place in Denver, New York or Boston.

As you well know, we wish to take these depositions ASAP. Accordingly, please provide availability dates for all au pairs identified in my prior email by the close of business this Thursday, February 1, 2018. Otherwise we will need to address this matter with the court.

Thank you. –Mark

Mark D. Cahill



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5033
f 617-248-4000
mcahill@choate.com
www.choate.com

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Saturday, January 27, 2018 11:37 PM
**To:** Cahill, Mark
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Mark,

With respect to the international depositions, for any country that requires permission to depose their citizens, Plaintiffs request confirmation that you have received that permission prior to contacting au pairs about appearing for a deposition in those countries. Plaintiffs specifically note the requirements of the countries below:

**Netherlands:**

In order to take a deposition pursuant to Article 17 of the Hague Convention, Cultural Care must comply with the following:

"The permission referred to in Article 17 must be requested from the President of the District Court in the area in which evidence is to be taken. If evidence is to be taken from witnesses or experts, the area in question will be that in which the witnesses or experts, or the majority of them, reside. If the President gives permission, he may impose any conditions which he considers necessary to ensure that the evidence is taken in a proper manner. He may decide that the evidence should be taken at the court, under the supervision of a judge designated by him. Permission will only be granted if the following conditions are met:
(a) the witness or expert concerned must have been duly summoned; the summons must be in Dutch or must be accompanied by a Dutch translation and must contain:
– the facts of the case and a summary of the proceedings in connection with which the evidence is to be taken, and details of the court which has requested the evidence;
– a statement to the effect that there is no obligation for the witness or expert to appear, and that if he refuses to appear, to take an oath, to give his word of honour or to give evidence, he will not incur any penalty or measure of any kind, either in the Netherlands or in the State where the proceedings have been instituted;
– a statement to the effect that the person concerned may be legally represented;
– a statement to the effect that in so far as the person concerned has a privilege or duty to refuse to give evidence, he may do so;
– a statement to the effect that the commissioner will reimburse expenses incurred by the witness or expert in connection with his appearance to give evidence."

**Italy:**

To depose an au pair In Italy, you must obtain permission from the Italian Court of Appeals and arrange for someone authorized under Italian law to administer an oath.  If the deposition is to be videotaped, you must obtain special customs clearance from Italian customs before such equipment can be brought into the country.

"Another procedure available to litigants under the Convention (Art. 17) permits a commissioner (for example, a private American attorney) appointed by the American court to take the testimony of a witness of any nationality without compulsion. **_For the voluntary depositions of non-U.S. citizens, the commissioner must first arrange through local counsel for permission of the Court of Appeals in Italy having jurisdiction over the deponent and arrange for someone authorized under Italian law to administer oaths to do so._** If the deposition is to be conducted before a U.S. consular officer, American attorneys should make all necessary arrangements with the Embassy in Rome or the appropriate U.S. consulate. If counsel intends to utilize videotape equipment for the purpose of recording the deposition, please note that special customs clearances must be obtained from appropriate Italian customs authorities before such equipment can be taken into Italy. Without clearances, the equipment may be confiscated. American equipment may need special adapters to function on Italian electrical currents."

**Mexico:**

To depose an au pair in Mexico, you must obtain prior permission from the Mexican Central Authority. **Please confirm that you have obtained the permission of the Mexican Central Authority to depose Lily Paulin Lozano in Playa del Carmen on February 7th.** Plaintiffs will require confirmation that you have obtained the required permission for the deposition to proceed on that date, and to reach out to Estefania Vagas Mondragon about scheduling her deposition.

"Voluntary depositions of U.S. citizen witnesses may be conducted in Mexico regardless of the nationality of the witness, provided no compulsion is used. **_Voluntary depositions of Mexican and third country nationals require prior permission from the Mexican Central Authority for the Hague Evidence Convention_**. Oral depositions or depositions on written questions may be taken on notice by U.S. consular officers or by private attorneys from the United States or Mexico at the U.S. Embassy, one of the U.S. Consulates or at another location such as a hotel or office. If the services of a U.S. consular officer are required to administer an oath to the witness, interpreter and stenographer, such arrangements must be made in advance with the U.S. embassy directly."

Poland

It appears Poland requires a Letter of Request prior to deposing a Polish citizen. Please confirm that the Letter of Request and the requisite approvals have been obtained for the deposition by videoconference of Katarzyna Dulewska on February 10, and for the proposed deposition of Celina Kaminska.

---

**From:** Cahill, Mark [mailto:mcahill@choate.com]
**Sent:** Friday, January 26, 2018 5:53 PM
**To:** Dawn Smalls
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Dawn, your position regarding "legal authority" is without merit generally, and makes no sense at all for deponents in countries where we have already conducted depositions (Australia, South Africa) or in countries where plaintiffs have already agreed to allow us to schedule conduct depositions (Mexico). As noted in earlier emails from Joan, we disagree with your stance, and reserve all rights.

That said, and without waiving any rights or positions, and in a good faith effort to narrow areas of dispute (or potential dispute), please see the additional information and links highlighted in yellow in the below copy of my email to you yesterday afternoon.

Please provide availability dates for all au pairs identified in my prior email.

Best wishes. –Mark

Mark D. Cahill


logo

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5033
f 617-248-4000
mcahill@choate.com
www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Thursday, January 25, 2018 3:51 PM
**To:** Cahill, Mark
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Hi Mark,

Per my previous email, we will begin to reach out to the au pairs you have named that are US based, but will await the legal authority to conduct depositions in those locations for au pairs that are located outside of the United States.

Best,

Dawn

Sent with Good (www.good.com)

-----Original Message-----
**From:** Cahill, Mark [mcahill@choate.com]
**Sent:** Thursday, January 25, 2018 03:33 PM Eastern Standard Time
**To:** Dawn Smalls
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve

**Subject:** RE: international depositions

Thanks.

Here is the list of additional persons whom we intend to depose ASAP. As you will see, the list includes Estefania Vagas Mondragon. With respect to each person, the list shows where we understand the witness to be located based on information we have received to date. Please note that we remain agreeable to any deponent electing to be deposed in Denver as the venue of the lawsuit, if you and s/he so choose. We are also amenable to any deponent electing to be deposed in New York or Boston.

Please provide availability dates for these witnesses. If you have different location information, please advise. Additionally, we are operating under the assumption that none of the witnesses require translators. Please let us know if this is not correct.

## Domestic

26. Lars Christoffer Stromstedt (New York, NY)
27. Julia Natali Heller Neves (Forest Hill, NY)
28. Carolina Vieira da Motta Mello (Metuchen, NJ)
29. Giulia Montanari (Boston, MA)
30. Marion Sylvie Anna Machelard (Cambridge, MA)
31. Marion Brigitte Sylvie – Parnaud (Worcester, MA)
32. Laura Froissart (Pleasantville, NY)
33. Angelines Gallardo Gonzalez (Hackensack, NJ)
34. Felecia Thandeka Mhlanzi (Mount Vernon, NY)
35. Zeqing Xu (Escondido, CA)
36. Mariano Rogerio Gomes Alves (Daly City, CA)
37. Aimee Jane Cunnane (Boulder, CO)
38. Claire Alexandra Bohlsen (Columbia, MD)

## North America

39. Estefania Vagas Mondragon (Playa del Carmen, Mexico)
40. Amy Sylla (Toronto, Canada) - https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Canada.html ("There are no rules in Canada which prohibit foreign tribunals or litigants from taking evidence from a willing witness in private civil matters. Therefore, parties in a private civil case in the United States may arrange to depose a willing witness in Canada without prior consultation with or permission from Canadian federal or provincial authorities.")

## South America

41. Daniela Henao Velasquez (Bogota, Colombia) -

https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Colombia.html ("In its accession to the Hague Evidence Convention, Colombia did not object to voluntary depositions of willing witnesses in civil and commercial matters, regardless of the nationality of the witness.")

### Europe

42. Danielle Gomes Oliveira (Den Haag, Netherlands) - https://www.hcch.net/en/states/authorities/details3/?aid=510 (Depositions which are conducted at a U.S. embassy do not require permission as stated in Articles 15 and 16; depositions conducted in a private office require permission, which we will obtain before formally noticing any deposition. Accordingly, please confirm that this witness is residing in the Netherlands, and is not able to travel to another country that does not require permission.)

43. Simona Gadia (Milan, Italy) - https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Italy.html (Permission to depose non-U.S. citizens in Italy is required, which we will obtain before formally noticing any deposition. Accordingly, please confirm that this witness is residing in Italy, and is not able to travel to another country that does not require permission.)

44. Celina Kaminska (Poland – no city listed) - https://www.hcch.net/en/states/authorities/details3/?aid=512 (Poland is a member of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters and has no restrictions on the taking of evidence by diplomatic officers, consular agents and commissioners as it has excluded application of Articles 16 and 17 of Chapter II)

### Australia and South Africa (to be conducted by video conference)

45. Vanessa Wiggett (Melbourne, Australia) (by video conference)
46. Matilda Patrick – Parkwood, Australia) (by video conference)
47. Matilda Louise Patrick (Sunnybank, Australia) (by video conference)
48. Carly Faye Fitzpatrick (Sydney, Australia) (by video conference)
49. Lauren Kimpton (Canberra, Australia) (by video conference)
50. Shevonne Ellis – Capetown, South Africa (by video conference)

In order to complete our depositions of selected opt-in Plaintiffs in the limited time permitted, we need to begin the depositions of this group soon, so please provide availability dates ASAP. Thanks. –Mark

Mark D. Cahill

logo


Choate, Hall & Stewart LLP
Two International Place

Boston, MA 02110
t 617-248-5033
f 617-248-4000
mcahill@choate.com
www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Thursday, January 25, 2018 10:19 AM
**To:** Cahill, Mark
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Mark,

Ximena's email is ███████████████ and she said she can skype from home at 3:00 p.m. on 2/6. Please cc Juan or myself on any correspondence. I will check on Estefania Vagas Mondragon's availability.

Dawn

---

**From:** Cahill, Mark [mailto:mcahill@choate.com]
**Sent:** Thursday, January 25, 2018 9:26 AM
**To:** Dawn Smalls
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan; Aguilar, Genevieve
**Subject:** RE: international depositions

Dawn, one more thing (for now) – please provide the email address for Ximena Uribe Zacarias, who is to be deposed on 2/6 via Skype from her home in Colima, in order to set up the video conferencing.  Alternatively, we can arrange for a hotel conference room with WiFi.  Thanks. –Mark

Mark D. Cahill

logo

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5033
f 617-248-4000
mcahill@choate.com
www.choate.com

---

**From:** Cahill, Mark
**Sent:** Thursday, January 25, 2018 9:11 AM
**To:** Lukey, Joan; 'Dawn Smalls'
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling
**Subject:** RE: international depositions

Dawn, we understand that the Estefania located in Kissimmee is Estefania Pinto, who is scheduled to be deposed on February 2nd.  As Joan noted, we understand that Estefania Vagas Mondragon is located in Playa del Carmen.  If Ms. Mondragon is in fact located in Kissimmee, then let's schedule her deposition to occur next week on either Thursday afternoon or Friday morning.  Otherwise, we should schedule her deposition to occur in Playa del Carmen as suggested in my earlier email.  Please advise. –Mark

Mark D. Cahill



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5033
f 617-248-4000
mcahill@choate.com
www.choate.com

---

**From:** Lukey, Joan
**Sent:** Thursday, January 25, 2018 6:30 AM
**To:** 'Dawn Smalls'; Cahill, Mark
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling
**Subject:** RE: international depositions

Hi, Dawn –

The person to whom you're referring who will be deposed via Skype from her home in Colima is Ximena Uribe Zacarias.   The person to whom Mark referred is from a new list that we are finalizing.  Her name is Estefania Vagas Mondragon, and we understand she lives in Playa del Carmen.  Mark reached out to you because we already have another deposition confirmed in Playa del Carmen next Wednesday Feb. 7 of Liliana Paulin Lozano.  Mark raised the issue of Estefania's deposition right away in case we could conduct both depositions in Playa del Carmen at the same time.

Thanks.

Joan A. Lukey

logo

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949
f 617.502.4949

joan.lukey@choate.com
www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Wednesday, January 24, 2018 10:58 PM
**To:** Cahill, Mark
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan
**Subject:** RE: international depositions

Mark,

Are you referring to Ximena Uribe Zacarias?  The deposition notice you issued today states that her deposition will take place in Colima Mexico when Joan previously indicated that you were opting not to travel there due to the travel warnings issued by the State Department for that portion of Mexico. We instead agreed to Skype (see attached). In any event, Ms. Zacarias is available in person or by skype for a deposition on the 6th starting at 3:00 pm. local time.

Dawn

---

**From:** Dawn Smalls
**Sent:** Wednesday, January 24, 2018 10:22 PM
**To:** 'Cahill, Mark'
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan
**Subject:** RE: international depositions

Hi Mark,

Estefania is located in Kissimee Florida.

Dawn

---

**From:** Cahill, Mark [mailto:mcahill@choate.com]
**Sent:** Wednesday, January 24, 2018 5:07 PM
**To:** Dawn Smalls
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia; Joshua Libling; Lukey, Joan
**Subject:** RE: international depositions

Good afternoon Dawn.  We're in the process of finalizing another list of persons whom we intend to depose in February, so we can get proposed dates from you. One of the people on that list is Estefania Vagas Mondragon, who I understand lives in Playa del Carmen, Mexico.  The deposition of another witness who lives there, Liliana Paulin Lozano, already has been scheduled and confirmed for Wednesday February 7th.  Obviously, it would make sense to conduct both depositions on the same trip – to that end, please let us know if Ms. Mondragon can be deposed on either 2/6 or 2/8. Thanks.

Mark D. Cahill



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5033
f 617-248-4000
mcahill@choate.com
www.choate.com

---

**From:** Lukey, Joan
**Sent:** Wednesday, January 24, 2018 1:39 PM
**To:** 'Joshua Libling'; Dawn Smalls
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Cahill, Mark; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia
**Subject:** RE: international depositions

That position is curious as you are producing Opt-Ins in the U.S. for at least one other sponsor. But, we can let the Court decide. We'll get all the notices, confirmed and unconfirmed, to you this afternoon.

Joan A. Lukey




Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949
f 617.502.4949
joan.lukey@choate.com
www.choate.com

---

**From:** Joshua Libling [mailto:jlibling@BSFLLP.com]
**Sent:** Wednesday, January 24, 2018 11:14 AM
**To:** Lukey, Joan; Dawn Smalls
**Cc:** Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Cahill, Mark; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia
**Subject:** RE: international depositions

Joan —

I do not intend to respond to each of the factual statements in your email, many of which are inaccurate. (By way of example only, you specifically told us you wanted to engage in Skype depositions of German au pairs and now appear to agree that doing so would be illegal.)

Noticing foreign au pairs for depositions in Denver (or New York or Boston) will be an exercise in futility. If you have authority for your position that opt-ins are required to engage in international

travel to sit for duplicative depositions of, at most, marginal usefulness, please provide that
authority.  We are not aware of it.  If your position is factual rather than legal, *i.e.*, you have a
specific reason why these particular au pairs are important for the litigation in light of the hundreds
of alternative au pairs and many depositions already conducted or scheduled, please provide that
justification.

Absent a legal or factual explanation that we can agree with, you can consider any notices for the au
pairs we have been discussing for depositions in the United States objected to on the grounds of, at
a minimum, undue burden, duplicativeness, relevance, and lack of proportionality.

Joshua

**Joshua J. Libling**
Counsel

**BOIES SCHILLER FLEXNER** LLP

575 Lexington Avenue
New York, NY 10022
(t) +1 212 446 2381
jlibling@bsfllp.com
www.bsfllp.com

---

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Wednesday, January 24, 2018 10:43 AM
**To:** Dawn Smalls
**Cc:** Joshua Libling; Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Cahill, Mark; Kruzer, Lyndsey M.;
O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia
**Subject:** RE: international depositions

Dawn –

      We have not noticed any of the international depositions yet, much less noticing
depositions to occur in countries where that is not permitted.  Instead, in the context of complying
with the Local Rules by conferring with you first regarding dates and locales before sending out
notices, we proposed cities across national borders in those instances where the country prohibited
depositions.  The one exception was the error in France where the local Veritext branch apparently
mistakenly thought the deponents were U.S. Citizens.  If you scroll down in our email chain below to
my email of January 2, you will note the following, which completely negates the tone and contents
of your email:

      First, we gave you the option of conducting all depositions of international opt-ins in
Denver, New York, or Boston.   We also proposed Houston, or a Skype deposition (which you
elected)  for one of the Mexican opt-ins who resides in a state considered unsafe by the State
Department.  The references to the international locales were for *the opt-ins'* convenience in the
event that they did not wish to return to the U.S., even though they filed suit here and, in our view,
are obligated to appear  here.   The latter is especially true where they cannot be deposed via Skype
in the countries that prohibit depositions.

      Second,  we were very clear in our conferral email that, "[w]here local laws restrict or

prohibit depositions, we have proposed alternative nearby sites."  We never noticed these depositions to occur in the countries of residence and then proposed to move them.  It is not within our control that you informed – or misinformed – any deponents that they would be deposed in their countries of residence or by Skype.  We correctly noted that the Danish and Austrian residents could *not* be deposed in those countries, and proposed the nearest cities across the national borders.  Again, this was to spare those opt-ins the trip to the United States, in a circumstance where we cannot use Skype any more than we can do an in-person deposition.   With regard to Germany, we informed you that we could not get space in the consulate in a timely manner despite our best efforts; and, again to spare the opt-ins the requirement to come to the U.S., again in circumstances where they cannot be deposed by Skype, we proposed nearby cities across the border.   We never proposed to take the latter depositions elsewhere in Germany, and  your reference to criminal penalties is therefore totally unwarranted.

In sum, we provided you with a list of the first set of opt-ins whom we wish to depose.  When we conferred as required before noticing the depositions, we correctly informed you (except with regard to France) of the need to cross national borders if the deponents did not wish to come to the U.S.

Given your position that the opt-ins residing in Denmark, Austria, Germany, and France will not travel to the nearest cross-border cities, and given that we cannot use Skype depositions to circumvent these so-called "blocking" rules, we will notice those opt-ins for Denver, with the understanding that you may elect New York or Boston if you do so in a timely manner.

We will send the notices today, holding to the dates agreed upon, and to the locales agreed upon for all deponents who do not reside in Denmark, Austria, Germany, and France.   Those in the latter countries will, as noted, be noticed for Denver.

Please let me know if you have any questions.


Joan A. Lukey



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949
f 617.502.4949
joan.lukey@choate.com
www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Wednesday, January 24, 2018 9:54 AM
**To:** Lukey, Joan
**Cc:** Joshua Libling; Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Cahill, Mark; Kruzer, Lyndsey M.; O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia
**Subject:** RE: international depositions

Joan,

On January 4th, we cautioned in a letter to you and the other FLSA Defendants about the noticing of

international depositions stating that "Defendants who wish to conduct international depositions are responsible for ensuring that *those depositions are appropriate under the local law of the jurisdiction in question, including the Hague Convention where appropriate."*

You responded to that letter stating: "As to ensuring that our depositions are noticed and conducted in accord with the laws of the jurisdiction, we are all aware of our ethical and professional responsibilities and will conduct ourselves in good faith in abiding by them." The next day on January 5, you provided the names of 25 au pairs that you wished to depose, stating for any international au pairs that you "would travel to the deponent's country or, at your choice, conduct the deposition in the U.S. if you elect to bring the deponent here at Plaintiffs' expense." On the basis of that representation, we reached out to the au pairs and told them that the attorneys would come to their country for the deposition or that we would conduct it by Skype. Plaintiffs are spending the considerable time speaking to, corresponding with, and coordinating schedules and logistics with these au pairs, and in doing so, relied on the fact that you were noticing the au pairs in accordance with "local law of the jurisdiction in question."

Despite serious reservations about doing so, in an email to you on January 18 I provided the availability for 9 au pairs located outside of the US, including Austria, Germany, and France. Four days later, you responded with suggested dates and locations based on the au pairs' stated availability. In this email, you note for the first time that you have learned that Austrian and Danish law do not allow depositions of Austrian and Danish citizens in Austria and Denmark at all, and that German depositions can only be conducted at the consulate in Frankfort. As a solution to these impediments to "travel[ling] to the deponents' country," you then suggest that the au pairs travel up to 9 hours, obtain visas in some cases, and travel to neighboring countries to accommodate your request for an in person deposition. In that email you offered Skype depositions to the two German au pairs and confirmed the depositions of two French au pairs in Paris. On that basis, we reached out to them again to confirm these depositions by Skype and in Paris.

After we had already confirmed these depositions, we received a note (attached) from you indicating that you have been relying on a discovery vendor's legal analysis about the propriety of conducting a deposition in France and offering to pay for the au pairs to travel to London to accommodate your efforts to unnecessarily depose these au pairs.

In fact, a cursory review of the State Department website shows that (1) Polish depositions may only be taken after approval from the Polish Ministry of Justice; (2) voluntary depositions may not be taken of Austrian citizens; (3) voluntary depositions of French citizens cannot be taken without prior permission of the French Central Authority and the French Central Authority will not approve any deposition taken on notice; and (4) voluntary depositions in Germany may only be conducted before a U.S consular officer and with pre-approval of the German Ministry of Justice and that unauthorized depositions **may lead to criminal penalties against the participants.**

All of which is contrary to your representation that "[a]s to ensuring that our depositions are noticed and conducted in accord with the laws of the jurisdiction, we are all aware of our ethical and professional responsibilities and will conduct ourselves in good faith in abiding by them." On this basis and your representation that you would depose any international au pairs in their home country, and because it is patently unreasonable to ask Plaintiffs to reach out to these au pairs with a third proposal which runs counter to everything we have told them prior, we will not be making these au pairs, or other au pairs from these countries, available in another location. In addition, going forward Plaintiffs will require the legal authority on which you rely for the proposition that you can take a deposition in any particular country prior to contacting an au pair for deposition.

Dawn

---

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Tuesday, January 23, 2018 1:25 PM
**To:** Dawn Smalls
**Cc:** Joshua Libling; Sean Rodriguez; Juan Valdivieso; Wolosz, Justin J.; Cahill, Mark; Kruzer, Lyndsey M.;

O'Keefe, Kevin P.; Rudman, Samuel N.; Smychkovich, Natalia
**Subject:** RE: international depositions

Dawn –

Our selection of opt-in Plaintiffs whom we wish to depose was not made because of their countries of residence.   Where we cannot depose them in their home countries at all – which I believe is Austria and Denmark – we'll notice the depositions to occur in Denver.  Where there is no prohibition on depositions, but rather logistical problems, e.g., Germany, we'll notice them in Denver or by Skype-equivalent. (Please elect by Friday, or we'll do so.)  So, here's the status:

1. *Ximena Uribe Zacarias, Colima Mexico*:  She will skype.  Confirmed.
2. *Liliana Paulin Lozano,  Rivera Maya, Mexico*: She is available on Wednesday, February 7 in Playa del Carmen not Cancun.  Confirmed. (May have to use a hotel conference room)
3. *Maria Camila Diez Montoya, Medellin, Colombia*:  As we have previously noted, we will send availability for opt-ins as we receive it.  We need these depositions for summary judgment.  We will notice and move to default if we can't accomplish that.
4. *Rosina Kellman, Essex, UK*:  As we have previously noted, we will send availability for opt-ins as we receive it.  We need these depositions for summary judgment.  We will notice and move to default if we can't accomplish that.
5. *Anna Kozlowska, Glasgow, Scotland*:   Confirmed for Tuesday, January 30 in Glasgow.  Confirmed
6. *Indra Sinnathurai Kandasamy, Bondy, France*:  Confirmed for Feb. 3 in Paris  Confirmed.
7. *Charlotte Fevre, Nancy France*:  Charlotte is available on Friday February 2 at 4pm or Saturday February 3 at 3pm . Confirmed
8. Inti Denise Escalante, Biella, Italy:  Inti is available for a deposition on February 1 or 2 in London.  Confirmed
9. *Katarzyna Izabela Dulewska, Szczecin, Poland*: Neither of the proposed locations are suitable as both would require excessive travel.  We'll notice for Denver or by Skype.  We need your election by Friday, or we'll elect.
10. *Julie Asterdal, Copenhagen, Denmark*: *Julie Asterdal, Copenhagen, Denmark*:  The proposed location is not suitable as it requires travel to another country.  We'll notice for Denver
11. *Nadine Brunner, Vienna, Austria*:  Neither of the proposed locations are suitable as both would require excessive travel (or, in one case, application for a visa).  We'll notice for Denver.
12. *Claudia Habl, Baumgarten, Austria*:  Neither of the proposed locations are suitable as both would require excessive travel (or, in one case, application for a visa).  We'll notice for Denver.
13. Andreas Bringmann, Hamburg, Germany. Neither of the proposed locations are suitable as both would require excessive travel.  We'll notice for Denver or by Skype.  We need your election by Friday, or we'll elect.
14. *Jonathan Russek, Friedrichshafen, Germany*. The proposed location is not suitable as it would require excessive travel.  We'll notice for Denver or by Skype.  We need your election by Friday, or we'll elect.

Please note that my partner Mark Cahill is joining the team and will be actively involved in the deposition logistics and process.  Thank you.

Joan A. Lukey



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949
f 617.502.4949
joan.lukey@choate.com
www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Tuesday, January 23, 2018 12:56 PM
**To:** Lukey, Joan
**Cc:** Joshua Libling; Sean Rodriguez; Juan Valdivieso
**Subject:** RE: international depositions

Joan,

In our correspondence to you on January 4th, we cautioned that "Defendants who wish to conduct international depositions are responsible for ensuring that those depositions are appropriate under the local law of the jurisdiction in question, including the Hague Convention where appropriate." The following day you acknowledged this obligation and then noticed several au pairs resident and citizens of countries that do not allow depositions of their citizens. Two others you noticed can only be deposed at a consulate for which there is no availability for the next several months (or more). As a solution to these impediments, you would have au pairs travel 9 plus hours, apply for visas, and travel to neighboring countries to sit for a four hour deposition for information for which you already have written discovery. This is on its face unreasonable, particularly in a class where there are almost 2000 opt ins, many of which are located in the United States or in countries that do allow depositions of their citizens.

You note two additional au pairs for which you have not yet received their availability. If you do not have their availability, it means that we have not been able to reach them or have not yet received their dates of availability. Other than theater, there is no point in noticing depositions for specific dates and locations when these au pairs may not even have notice that you would like to depose them yet.

For ease of reference, I use your numbering system to respond for each au pair named below:

*Ximena Uribe Zacarias, Colima Mexico*:  She will skype.

2. *Liliana Paulin Lozano,  Rivera Maya, Mexico*: She is available on Wednesday, February 7 in Playa del Carmen not Cancun.

3. *Maria Camila Diez Montoya, Medellin, Colombia*:  As we have previously noted, we will send availability for opt-ins as we receive it.

4. *Rosina Kellman, Essex, UK*:  As we have previously noted, we will send availability for opt-ins as we receive it.

5. *Anna Kozlowska, Glasgow, Scotland*:   Confirmed for Tuesday, January 30 in Glasgow.

6. *Indra Sinnathurai Kandasamy, Bondy, France*:  Confirmed for Feb. 3 in Paris
7. *Charlotte Fevre, Nancy France*:  Charlotte is available on Friday February 2 at 4pm or Saturday February 3 at 3pm
8. Inti Denise Escalante, Biella, Italy:  Inti is available for a deposition on February 1 or 2 in London.
9. *Katarzyna Izabela Dulewska, Szczecin, Poland*: Neither of the proposed locations are suitable as both would require excessive travel.
10. *Julie Asterdal, Copenhagen, Denmark*: *Julie Asterdal, Copenhagen, Denmark*:  The proposed location is not suitable as it requires travel to another country.
11. *Nadine Brunner, Vienna, Austria*:  Neither of the proposed locations are suitable as both would require excessive travel (or, in one case, application for a visa).
12. *Claudia Habl, Baumgarten, Austria*:  Neither of the proposed locations are suitable as both would require excessive travel (or, in one case, application for a visa).
13. Andreas Bringmann, Hamburg, Germany. Neither of the proposed locations are suitable as both would require excessive travel.
14. *Jonathan Russek, Friedrichshafen, Germany*. The proposed location is not suitable as it would require excessive travel.

Dawn

---

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Monday, January 22, 2018 12:10 PM
**To:** Dawn Smalls
**Cc:** Joshua Libling; Sean Rodriguez; Juan Valdivieso
**Subject:** international depositions

Dawn –

As you know, we need to get the international deposition schedule finalized, which requires resolving the issues set forth below.  Please note that we are agreeable to any deponent electing to be deposed in Denver as the venue of the lawsuit, if you and s/he so choose.  We are also amenable to any deponent electing to be deposed in New York or Boston.  With regard to those who will be deposed abroad, please note that our proposed locales are the nearest cities of any significant size to the towns of residence.  Where local laws restrict or prohibit depositions, we have proposed alternative nearby sites.

**Central America**

1. *Ximena Uribe Zacarias, Colima Mexico*:  Although you proposed the week of January 15, we have determined that the U.S. State Department has a "Level 4: Do Not Travel" advisory for Colima State, and a "Level 3: Reconsider Travel" advisory for neighboring Jalisco, the locus of Guadalajara (the nearest large city).  Neither Choate, Lewis Rocca, nor (I suspect) Veritext, considers it prudent to send personnel into either locale.  We therefore offer you the following for a deposition  on Tuesday, February 6, **or such other mutually agreeable date as you may propose to us by the end of this week.**  You and Ms. Uribe Zacarias may select any of these **options:**

   **a.  As indicated above, the deposition may occur in person in Denver, Boston, or New York (the first two being our preference, and the third you have indicated to be yours).**

     **b.  The deposition may occur in Houston, which I understand to be the closest major U.S. city to her residence in Mexico.**

     **c.  The deposition may occur in Cancun, the day before or after the deposition of Liliana Paulin Lozano as discussed below.**

     **c.  If she has a strong Internet connection that would enable us to use Skype (or a similar service) and to read exhibits electronically, she can be deposed from home.  This requires that you stipulate that we will be in Boston with a court reporter who will administer the oath remotely.  If she requires a translator, the latter individual would also be with us.  You can be either with us or in your own office as you prefer.**

     2.  *Liliana Paulin Lozano,  Rivera Maya, Mexico*:  You have offered Wednesdays and Thursdays.  We select Wednesday, February 7,  **or such other mutually agreeable date as you may propose to us by the end of this week**.   We propose Cancun as the locale.

**South America**

     3.  *Maria Camila Diez Montoya, Medellin, Colombia*:  We are still awaiting word on availability from you.  We shall send a notice for Friday, February 9 (in order to "cluster" with Ms. Paulin Lozano's deposition), **or such other mutually agreeable date as you may propose to us by the end of this week**. **We suggest Bogata or Cali, Colombia as the locale and request that you let us know by the end of the week whether you have a preference**.   If you do not indicate a preference, we shall select on the basis of such factors as availability of conference space.

**Europe**

     4.  *Rosina Kellman, Essex, UK*:  We are still awaiting word on availability from you.  We shall send a notice for Monday, January 29 (in order to "cluster" with Ms. Kozlowska's deposition as referenced below), **or such other mutually agreeable date as you may propose to us by the end of this week**. We suggest London as the locale.

     5.  *Anna Kozlowska, Glasgow, Scotland*:   This deposition is scheduled for Tuesday, January 30 in Glasgow.

     6.  *Indra Sinnathurai Kandasamy, Bondy, France*:  You have suggested February 3 or 10.  We select February 3.  We suggest Paris as the locale.

     7.  *Charlotte Fevre, Nancy France*:  We are awaiting a response from you on availability.  In order to cluster with the depositions above, we will notice the deposition to occur on Friday, February 2, **or such other mutually agreeable date as you may propose to us by the end of this week**.  We propose Paris in order to cluster with Ms. Sinnathurai Kandasamy, but **we are amenable to Luxembourg if you so indicate by Friday**.

     8.  Inti Denise Escalante, Biella, Italy:  We are awaiting a response from you on availability.  In order to cluster with the depositions above, we will notice the deposition to occur on Monday, February 5, **or such other mutually agreeable date as you may propose to us by the end of this week**.  We propose Milan as the locale.

     9.  *Katarzyna Izabela Dulewska, Szczecin, Poland*:   You have indicated availability on Saturdays.  In order to cluster with the depositions referenced below, we suggest Saturday, February 10 **or such other mutually agreeable date as you may propose to us by the end of this week**.  We propose Warsaw, Poland as the locale but **are amenable to Gdansk if you let us know by Friday and if we can confirm conference space**.

10. *Julie Asterdal, Copenhagen, Denmark*:  You have proposed February 3 or 17 at 11 a.m. and February 5 through 8 at 5 p.m.   We select February 8, **or such other mutually agreeable date as you may propose to us by the end of this week,** in order to cluster with Ms. Dulewska.  However, Danish law does not permit depositions of its citizens at all in Denmark.  We therefore suggest Malmo Sweden, which we understand to be a short train ride away.

11. *Nadine Brunner, Vienna, Austria*:  You have suggested February 5, 6, 7 or 9.  In order to cluster with other depositions, we suggest February 6, **or such other mutually agreeable date as you may propose to us by the end of this week**.  Like Denmark, Austrian law does not permit depositions of its citizens in Austria.  We therefore propose Budapest, Hungary, which is a 2 hour 40 minute drive, or a 1 hour 45 minute flight.  Alternatively, **if you let us know by Friday that this is your preference, we will seek available conference space is Bratislavia, Slovakia and ascertain the ability to get transient visas quickly.**  They are the two closest capital cities in Europe and have multiple means of travel between them, including a one hour drive.

12*. Claudia Habl, Baumgarten, Austria*:  You have suggested January 29 or 30, and February 1.  We choose February 1, **or such other mutually agreeable date as you may propose to us by the end of this week**.  As noted above, Austrian law does not permit depositions of its citizens in Austria.  We therefore propose Budapest, Hungary, which is a 2 hour 40 minute drive, or a 1 hour 45 minute flight.  **Alternatively, if you let us know by Friday that this is your preference, we will seek available conference space is Bratislavia, Slovakia and ascertain the ability to get transient visas quickly**.  Again as noted above, they are the two closest capital cities in Europe and have multiple means of travel between them, including a one hour drive.

13. Andreas Bringmann, Hamburg, Germany:  You have indicated January 26 or future dates with advance notice.  In order to cluster with other depositions, we suggest February 6, **or such other mutually agreeable date as you may propose to us by the end of this week**.  Because German law requires depositions to occur at the Consulate in Frankfurt, which has no availability until after the close of discovery, we propose Amsterdam, which is an hour and five minutes away by air, as the locale.  **If you prefer, he could travel to Zurich and his deposition be clustered with Mr. Russek's if you let us know by the end of the week.**

14. *Jonathan Russek, Friedrichshafen, Germany*:  You have proposed February 15 or 16. We select February 15, **or such other mutually agreeable date as you may propose to us by the end of this week**, with Zurich as the locale.  As noted above, the Consulate in Frankfurt has no availability before the end of discovery.  (**We suggest that Andreas Bringmann be moved to February 14 or 16 if he is prepared to travel to Zurich and you let us know by the end of the week.**)

Where indicated in bold above, please let us know your responses by Friday.
Thank you.

Joan A. Lukey

logo

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

t 617.248.4949
f 617.502.4949
joan.lukey@choate.com
www.choate.com

---

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and
may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from
disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible
to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this
communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately
notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is
intended exclusively for the individual or entity to which it is addressed. The substance of this
message, along with any attachments, may contain information that is proprietary, confidential
and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated
recipient of this message, you are not authorized to read, print, retain, copy or disseminate this
message or any part of it. If you have received this message in error, please destroy and/or delete all
copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and
may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from
disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible
to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this
communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately
notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is
intended exclusively for the individual or entity to which it is addressed. The substance of this
message, along with any attachments, may contain information that is proprietary, confidential
and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated
recipient of this message, you are not authorized to read, print, retain, copy or disseminate this
message or any part of it. If you have received this message in error, please destroy and/or delete all
copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and
may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from
disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible
to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this
communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately
notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is
intended exclusively for the individual or entity to which it is addressed. The substance of this
message, along with any attachments, may contain information that is proprietary, confidential
and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated
recipient of this message, you are not authorized to read, print, retain, copy or disseminate this

message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential

and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is

intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com