IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

### DEFENDANT USAUPAIR, INC.'S REPLY
### IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, USAuPair, Inc. ("USAP") respectfully submits this Reply in Support of Its Motion for Summary Judgment against Plaintiffs (Dkt. No. 867) ("the Motion").

USAP's Motion demonstrates that there is no evidence, whether direct or circumstantial, that USAP was somehow involved with any conspiracy, plan or agreement to fix the stipend for the Au Pair industry at exactly $195.75. USAP's Motion also demonstrates that USAP's communications to host families and au pairs are inconsistent with a conspiracy to fix the stipend amount at exactly $195.75.

In their Opposition, Plaintiffs raise no triable issue of fact specific to USAP. They ignore the Motion's presentment of uncontroverted evidence that Ms. Young[1] relied

---

[1] As further evidence of their desperation, Plaintiffs refuse to call this sole proprietor, Helene Young, by her name. Instead, in an effort to create *gravitas* where it does not exist, Plaintiffs refer instead to this sole proprietor as "USAuPair's CEO." Opp at p. 52.

1

upon publications of the State Department and applicable regulations to represent the stipend amount to host families. They do not so much as mention that USAP's multiple and various statements regarding the stipend amount took on several different forms. *See*, Motion and Defs.' Appx. 1037-1042.

Instead, Plaintiffs justify USAP's inclusion in this massive antitrust litigation by pointing to innocuous correspondence between USAP and other host sponsors, and by noting that Ms. Young attended industry meetings in which the stipend was discussed. Taken to its logical end, Plaintiffs argue that an industry participant who attends a conference touching on the subject of antitrust litigation can properly be forced to trial on that subject because "a reasonable jury could find that USAuPair joined and furthered Defendants' conspiracy." Opp at p. 53. Of course, well-established law dictates otherwise.

Under the law, Plaintiffs must demonstrate that USAP "conscious[ly] commit[ted]" to the alleged conspiracy." *See Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 768 (1984); *Dahl v. Bain Capital Partners, LLC*, 963 F. Supp. 2d 38, 43-44 (D. Mass. 2013) ("Plaintiffs must satisfy [the evidentiary requirements for summary judgment] with respect to each defendant alleged to have participated in the purported conspiracy to show that each defendant committed themselves to the conspiracy."). Under Rule 56, to defeat summary judgment, it is simply not enough to point to correspondence between Defendants regarding the stipend amount to justify a trial. And under notions of logic, to defeat summary judgment, Plaintiffs cannot not merely point to the uncontested and unremarkable notion that the stipend amount has been discussed

2

between certain host sponsors in the past. Yet that is all that their evidence demonstrates.

The evidence demonstrates that Ms. Young obtained the stipend amount from State Department published bulletins, corresponding regulations, and communication with the State Department. Defs.' Appx. 1041, ¶ 22. The evidence demonstrates that USAP relied on those statements as having the force of law and as mandating what it could advise hosts and au pairs as to the minimum stipend amount. *Id.* This reliance is reflected not only in Ms. Young's declaration, but in USAP's Program Fees & Schedules. Because Plaintiffs do not directly contest this dispositive evidence, instead pointing to correspondence and conferences that show nothing of a conspiracy, the Opposition tacitly admits that Plaintiffs have no evidence to overcome the Motion.

WHEREFORE, Defendant USAuPair, Inc. respectfully requests entry of an order granting summary judgment in its favor, and for such other relief as is just and proper under the circumstances.

**KELLY & WALKER LLC**

*/s/ William J. Kelly III*
William J. Kelly III, No. 38749
1512 Larimer Street, Suite 200
Denver, Colorado 80202
720-236-1800 (Telephone)
720-236-1799 (Facsimile)
Email: WKelly@kellywalkerlaw.com

**ATTORNEYS FOR DEFENDANT USAUPAIR, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 13, 2018, a true and correct copy of Defendant USAuPair's Reply in Support of Its Motion for Summary Judgment was duly filed and served via the Court's CM/ECF system which will send notification of such filing to all counsel of record.

                                                      /*s/William J. Kelly III*
                                                      William J. Kellly III

5

## CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on April 13, 2018, I electronically filed the foregoing defendant USAUPAIR'S MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record:

      *s/* _____