**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

Defendants.

---

**APF GLOBAL FOUNDATION NFP'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

Defendant APF Global Foundation NFP joins in Certain Defendants' Reply in Support of Their Motion for Summary Judgment filed this day ("Reply"). As discussed in the Reply, Plaintiffs make repeated misleading suggestions of a reference to an illegal agreement where none exists. Selectively quoting statements out of context and drawing unreasonable inferences is insufficient to create a genuine issue of material fact to defeat summary judgment. *See, e.g., Sylvia Dev. Corp*. *v. Calvert County Maryland*, 48 F.3d 810, 821-22 (4th Cir. 1995).

## I. <u>There is no direct or circumstantial evidence of a conspiracy</u>

Plaintiffs' Opposition to Defendants' Motions for Summary Judgment [#942] alleges in Section I B.1 that there is direct evidence of a conspiracy, evidence "that officials of the defendant had met and agreed explicitly on the terms of a conspiracy to raise price" then argue that three statements by former APF employee Carrie Crompton

constitute such evidence. None of them are evidence of a meeting or an explicit agreement on the terms of a conspiracy.

One is an email from Crompton to APF's local coordinators that included the statement that "The weekly stipend is currently $195.75. The Department of State sets the weekly stipend at Federal Minimum Wage minus room and board. So this is a federally mandated stipend that ALL au pair agencies must adhere to." #943-11 at 1001. The second was an email from Crompton to a prospective host family that stated "The weekly stipend is $195.75 as with all agencies." (Opp. at 8-9) These comments say nothing about a meeting or agreement among sponsors, much less an explicit agreement by sponsors on the terms of a conspiracy.

The third statement was a response Crompton allegedly made to Plaintiffs' investigator's leading question to Crompton:

> Later that day, I called back and spoke [sic] Ms. Crompton, seeking clarification.
> I stated, "I'm still a little confused on the stipend amount. Can you explain it to me?"
> She responded, "Sure, the government sets an amount, and we all pay that amount."
> I then asked, "So you're saying that the government sets a minimum amount to pay, and all the agencies agree to pay that exact same minimum amount?"
> And Carrie answered, "Correct, correct! Everybody agrees, correct!"

(Opp. p. 17, citing #943-17 at 1803) Clearly, Crompton was referencing acceptance of the government action that set the stipend amount rather than an agreement initiated by and among sponsors to set an amount.

Lastly, Plaintiffs pluck from an email the innocuous comment that "All boats always rise with the tide when we as programs work together under the umbrella of the

Alliance" and assert it is direct evidence of a conspiracy. (Opp. at 13) This comment was preceded by "Thank you for sharing this great news ..." and was made in response to news that certain lobbying efforts were successful. (#943-17 at 1811-12) Legal petitioning activity is not evidence of an illegal conspiracy. *In re Musical Instruments Equip. Antitrust Litig.*, 798 F.3d 1186, 1195 (9th Cir. 2015); see also Reply § I.A.

Plaintiffs cite two items relating to APF as circumstantial evidence. One is an email CHI sent to APF when a third party listed APF as a reference. Plaintiffs argue this email is an action "rationally explicable by conspiracy." (Opp. at 20 n. 31 (#943-11 at 1079) It had nothing to do with stipends and is not evidence that the sponsors acted against their self interest or took steps that would be economically irrational absent a conspiracy. See Reply § I.C.1 at 13. The other is a conversation in which one sponsor told APF's president that she did not agree with her suggestion for background checking host families. (Opp. at 21 n. 36 (#943-47 at 4703, 127:7 - 128:18) Plaintiffs argue this conversation was a means of monitoring the alleged conspiracy and punishing cheaters. The conversation had nothing to do with stipends.

## II. <u>There is no evidence that APF joined a conspiracy</u>

Plaintiffs grasp at straws to argue there is evidence that APF joined a conspiracy to artificially depress stipends and that evidence corroborates the alleged conspiracy.

Their argument that APF's president recognized that there is a demand for childcare and such is evidence of a motive to join a conspiracy to suppress the stipend amount (Opp. at 41) is counterintuitive. Businesses exist because there is a need for the services they provide and the greater the need, the more they can charge for their

services. The president's "admission" that the stipend does not vary based on the au pair's age, qualifications or state (Op. at 41-42) reflects the fact that the stipend set by the government does not vary on those bases. The fact that APF's president has been the treasurer and a board member of the Alliance for International Exchange (Opp. at 42) does not support a conclusion that APF joined a conspiracy.

The statement in APF's au pair application that au pairs may not accept payment, other than for their duties as an au pair with their host family, according to current U.S. Government regulations, is evidence of APF meeting the government's requirement that sponsors inform au pairs how to remain in non-immigrant status. (Opp. at 42 referencing PRA 4578-79 & 1020 (APF 30(b)(6) Tr. 165:5-168:20 & Ex. 13)) Au pairs are participants in the US Department of State (DOS) exchange visitor program. 22 C.F.R. § 62.4 (h)(5). Program regulations require sponsors to provide certain pre-arrival information to au pairs. 22 C.F.R. § 62.10(b). "In addition, sponsors must provide clear information and materials on . . . how to remain in lawful non-immigrant status." *Id*. The regulations further provide:

> (b) An exchange visitor who engages in unauthorized employment shall be deemed to be in violation of his or her program status and is subject to termination as a participant in an exchange visitor program.

22 C.F.R. § 62.16. The statement was required by the regulations.

Plaintiffs also argue that the Alliance furthered the alleged conspiracy, citing notes of an au pair sponsor conference call in which it was written "Ellen: keep as much out of writing as possible → not available on Friday." (Opp. at 42, #943-1 at 434). Plaintiffs quote the phrase without context. The notes are dated January 12, 2016 and

reflect discussion of an upcoming meeting with the Bureau of Educational and Cultural Affairs of the DOS ("ECA"). (#943-1 at 434) The context is further shown in a subsequent email from Ilir Zherka of the Alliance to sponsors dated January 29, 2016 about which Plaintiffs' counsel's questioned APF's president at her deposition. (#943-17 at 1811-12)

> Q. And Mr. Zherka writes: "We have some very good news to share. The appropriations subcommittee staff jointly asked ECA for a verbal brief – briefing on the stipend question, rather than a written report.

APF's president testified that she agreed this was good news:

> A. "Because I always think it's better when the parties are talking.
> [ ]
> A. [ ] I think it's always a great thing when staff on the Hill and ECA actually are talking to each other about big policy issues to try and work together to come up with the best outcomes."

(Exhibit A hereto at 158:13-21) Nothing about the conference call notes suggests the statement was intended to keep sponsors' statements out of writing (indeed, notes continued to be taken of the conference call). Rather, the context shows this was an expression of a desire that the ECA not present a written report at that time. It is evidence of lawful lobbying activity, not evidence of efforts to further a conspiracy.

APF and the sponsors' are entitled to summary judgment.

Respectfully submitted this 13th day of April, 2018.

*s/ Susan M. Schaecher*
Susan M. Schaecher
For Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, Colorado 80202
303-218-3650
303-218-3651 facsimile
sschaecher@fisherphillips.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April, 2018, I electronically filed the foregoing APF GLOBAL EXCHANGE, NFP'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT through the Court's CF/ECF system which will serve the pleading to the following e-mail addresses:

Byron Pacheco
Dawn Smalls
Joshua James Libling
Matthew Lane Schwartz
Peter Murray Skinner
Randall Wade Jackson
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue, 7th Floor
New York, NY 10022
bpacheco@bsfllp.com
DSmalls@BSFLLP.com
jlibling@bsfllp.com
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com

Juan Pablo Valdivieso
Sean Phillips Rodriguez
Boies Schiller & Flexner, LLP-Oakland
1999 Harrison Street , Suite 900
Oakland, CA 94612
jvaldivieso@bsfllp.com
srodriguez@bsfllp.com

Sabria Alexandria McElroy
Sigrid Stone McCawley
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard , Suite 1200
Ft. Lauderdale, FL 33301
smcelroy@bsfllp.com
smccawley@bsfllp.com

Alexander Neville Hood
Towards Justice-Denver
1535 High Street, Suite 300

Denver, CO 80218
alex@towardsjustice.org

Susan Penniman Klopman
H & K Law, LLC
3900 East Mexico Avenue, Suite 330
Denver, CO 80210
sklopman@hklawllc.com

Brooke A. Colaizzi
Raymond Myles Deeny
Alyssa Lauren Levy
Heather Fox Vickles
Joseph H. Hunt
Sherman & Howard, L.L.C.-Denver
633 17th Street, Suite 3000
Denver, CO 80202-3622
BColaizzi@shermanhoward.com
rdeeny@shermanhoward.com
alevy@shermanhoward.com
hvickles@shermanhoward.com
jhunt@shermanhoward.com

Chanda Marie Feldkamp
William James Kelly, III
Kelly & Walker, LLC
1512 Larimer Street, Suite 200
Denver, CO 80202
cfeldkamp@kellywalkerlaw.com
wkelly@kellywalkerlaw.com

Martin Jose Estevao
Meshach Yustine Rhoades
Vance Orlando Knapp
Armstrong Teasdale, LLP-Denver
4643 South Ulster Street, Suite 800
Denver, CO 80237
mestevao@armstrongteasdale.com
mrhoades@armstrongteasdale.com
vknapp@armstrongteasdale.com

Bogdan Enica
Bogdan Enica, Attorney at Law
111 2nd Avenue NE, Suite 213
St Petersburg, FL 33701-3440
bogdane@hotmail.com

David Meschke
Martha Louise Fitzgerald
Brownstein Hyatt Farber Schreck, LLP-Denver
410 17th Street, Suite 2200
Denver, CO 80202-4432
dmeschke@bhfs.com
mfitzgerald@bhfs.com

Adam A. Hubbard
James Edward Hartley
Jonathan S. Bender
Holland & Hart, LLP-Boulder
1800 Broadway
One Boulder Plaza, Suite 300
Boulder, CO 80302
aahubbard@hollandhart.com
jhartley@hollandhart.com
jsbender@hollandhart.com

Diane Rebecca Hazel
James Michael Lyons
Jessica Lynn Fuller
Lewis Roca Rothgerber Christie LLP-Denver
1200 17th Street
One Tabor Center
Suite 3000
Denver, CO 80202-5855
dhazel@lrrc.com
jlyons@lrrc.com
jfuller@lrrc.com

Joan A. Lukey

Justin J. Wolosz
Kevin Patrick O'Keefe
Lyndsey Marie Kruzer
Michael T. Gass
Robert M. Buchanan, Jr.
Samuel Newland Rudman
Choate, Hall & Stewart, LLP
Two International Place
Boston, MA 02110
joan.lukey@choate.com
jwolosz@choate.com
kokeefe@choate.com
lkruzer@choate.com
mgass@choate.com
rbuchanan@choate.com
srudman@choate.com

Jennifer Arnett Roehrich
Nathan Andrew Huey
Peggy E. Kozal
Thomas Baker Quinn
Gordon & Rees LLP-Denver
555 17th Street, Suite 3400
Denver, CO 80202
jarnett-roehrich@grsm.com
nhuey@gordonrees.com
pkozal@gordonrees.com
tquinn@gordonrees.com

Brett Michelle Mull
Kathryn A. Reilly
V. William Scarpato III
Natalie Elizabeth West
Wheeler Trigg O'Donnell, LLP-Denver
370 17th Street, Suite 4500
Denver, CO 80202-5647
mull@wtotrial.com
reilly@wtotrial.com
scarpato@wtotrial.com
west@wtotrial.com
Brian Alan Birenbach
Rietz Law Firm, LLC

P.O. Box 5268
114 Village Place, #301
Dillon, CO 80435
brian@rietzlawfirm.com

Eric Jonathan Stock
Gibson Dunn & Crutcher, LLP-New York
200 Park Avenue, 48th Floor
New York, NY 10166-0193
estock@gibsondunn.com

Stephen J. Macri
Joseph B. Cartafalsa
Robert M. Tucker
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1745 Broadway, 22nd Floor
New York, New York 10019
Stephen.macri@ogletree.com
Joseph.cartafalsa@ogletree.com
Robert.tucker@ogletree.com

Kathleen E. Craigmile
Lawrence Daniel Stone
Nixon Shefrin Hensen Ogburn, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111-3061
kcraigmile@nixonshefrin.com
lstone@nixonshefrin.com

Harvey J. Wolkoff
Ropes & Gray, LLP-Boston
800 Boylston Street
Prudential Tower
Suite 3600
Boston, MA 02199-3600
harvey.wolkoff@ropesgray.com

*s/ Susan Schaecher*
Susan Schaecher
For Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, Colorado 80202
303-218-3650
303-218-3651 facsimile
sschaecher@laborlawyers.com