IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.
_____

**AUPAIRCARE, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [ECF NO. 871]**
_____

Defendant AuPairCare, Inc. ("APC") hereby submits its Reply in Support of Motion for Summary Judgment [ECF No. 871].

## I.     INTRODUCTION

Plaintiffs' Opposition to Defendants' Motions for Summary Judgment ("Opposition") fails to set forth any evidence supporting a conclusion that APC entered into an agreement related to the amount of the stipend or that it colluded with any of the Sponsors in communicating the stipend amount. Rather, Plaintiffs' Opposition blatantly misconstrues the documents that it proffers as circumstantial evidence of collusion and sets forth no direct evidence of a wage fixing conspiracy. Plaintiffs' misconstrued circumstantial evidence falls far short of rebutting the undisputed fact that APC's representations about the stipend are directly consistent with its obligation to comply with Department of State regulations and other directives. Counsel's interpretation of documents cannot substitute for what the documents themselves show (or, in this case, fail to show). As a result, APC is entitled to summary judgment on the antitrust claim asserted against it by au pairs who were sponsored by other Defendants.[1]

## II.     ARGUMENT

There is nothing in the record which could establish an agreement between APC and any other Sponsor regarding the alleged setting of the stipend. On a claim for concerted price fixing, the antitrust plaintiff must present evidence sufficient to carry the burden of proving that there was an agreement. *Monsanto Co. v. Spray Rite Serv. Corp.*, 465 U.S. 752, 763 (1984). Actions that are "merely consistent with" an alleged agreement do not plausibly suggest that an agreement exists. *Bell Atl. Corp. v.*

---

[1] APC also joins Certain Defendants' Reply in Support of Their Motion for Summary Judgment ("Joint Reply") filed on April 13, 2018, to the extent that it relates to the dispositive relief requested by Plaintiffs against APC.

*Twombly*, 550 U.S. 544, 557 (2007).  Here, APC has established that the actions it took in communicating the minimum stipend amount to au pairs and host families were done in conformance with Department of State directives.  ECF 871 at pp. 3-4.

Plaintiffs' heavy reliance on APC's membership and participation in the Alliance for International Exchange (the "Alliance") does nothing to establish collusion.  Plaintiffs argue that APC had "ample opportunity" to collude due to its participation in certain Alliance meetings (Opp. at p. 34), but glaringly absent is any evidence—direct or circumstantial—that serves to close the evidentiary gap by showing that APC agreed with other Sponsors to fix the au pair stipend at exactly $195.75 per week and to communicate the same to host families and au pairs.

Membership and involvement in a trade association does not, by itself, establish the existence of a conspiracy for antitrust purposes.  *Llacua v. W. Range Assoc.,* No. 15-1889-REB-CBS, 2016 WL 9735747, at *12-14 (D. Colo. June 3, 2016), *adopted in relevant part,* 2016 WL 9735748 (D. Colo. Sept. 6, 2016) (citations omitted).  *See also, In re Musical Instruments Equip. Antitrust Litig.*, 798 F.3d 1186, 1195 (9th Cir. 2015) ("[M]ere participation in trade organization meetings where information is exchanged and strategies are advocated does not suggest an illegal agreement."); *ADA v. Cigna Corp.*, 605 F.3d 1283, 1295–96 (11th Cir. 2010) ("[I]t was well-settled before *Twombly* that participation in trade organizations provides no indication of conspiracy.").

Plaintiffs misconstrue documents and testimony in a strained effort to establish that APC "discussed their shared goal of maintaining a uniform national stipend."  Opp. at p. 34, FN 80.  This bold statement is remarkably unsupported by the evidence.  For

example, Plaintiffs rely on Alliance notes from a conference call which took place approximately 14 months after this litigation was filed (PRA 434) wherein the only comments made by an APC representative were: (1) a question about "What is the expectation for the meeting [that was being scheduled]?"; and (2) a comment that discussion should be had about what certain proposed legislation "may mean for the families." The former inquiry certainly does nothing to further Plaintiffs' point. The latter similarly fails to suggest that APC played an active role setting or "maintaining a uniform national stipend." Even if it were capable of being construed as such, which it is not, this type of statement would fall within the type of coordinated lobbying effort which cannot be construed as an antitrust violation and that is protected under the *Noerr-Pennington* doctrine. *See* Joint Reply, Section I.B.1.

Other documents relied upon by Plaintiffs similarly fail to establish that APC colluded during Alliance discussions. Indeed, it is inconceivable as to how any of these documents could stand as evidence of collusive behavior on the part of APC: (1) PRA 575, 585: these documents are simply emails from the Alliance in the first quarter of 2016 planning membership calls; (2) PRA 425: these notes refer to an au pair Alliance member call wherein the notes do not even reflect that a representative from APC said anything during the call; and (3) PRA 4567: this document includes testimony from an APC representative which indicates only that the members of the Alliance have "discussed wages and hours," but this representative further testifies in this same line of questioning that she had no knowledge that Alliance members have ever made an agreement concerning wages and hours or discussed communications that Sponsors

3

make to prospective host families about wages and hours for au pairs.  *See* Opp. at p. 34, FN 80.[2]  Even a cursory examination of these documents establishes the exact opposite of the premise that Plaintiffs seek to establish, as the documents indisputably show that APC did <u>not</u> actively participate in any type of alleged agreement to set the wages during Alliance meetings.[3]

Plaintiffs similarly misconstrue an APC notice to au pairs about the stipend in an attempt to establish circumstantial evidence of a wage fixing conspiracy, despite the fact that this document is not between alleged co-conspirators, but was instead sent by APC to au pairs.  The document cannot, by any stretch of the imagination, show an agreement among au pair sponsor organizations.  Further, the uncontroverted deposition testimony relied upon explains the basis for the statements in the document.  Opp. at p. 34.  Plaintiffs conveniently omit in their quote about the notice two undisputed facts: (1) the notice specifically tied the stipend to "what is listed in the regulations published by the US Department of State for the au pair program," and (2) the reason the statement was issued was due to there being phishing scams where au pairs were being financially taken advantage of by individuals posing as U.S.-designated au pair agencies.  PRA 4564-65 (APC Dep. Tr. 25:23-26:1, 26:21-25).  The statement is neither direct evidence nor circumstantial evidence that establishes that

---

[2] Similarly, PRA 510 includes slides from an August 11, 2016 Alliance presentation wherein presumably the use of certain key words was presented.  The referenced slide, however, falls far short of establishing that APC was an active participant in this or any other Alliance meeting wherein members allegedly colluded to set a specific stipend.  Opp. at p. 35, FN 83.

[3] Notably, the documents Plaintiffs rely on post-date the filing of this litigation by 14 to 18 months.

APC participated in the alleged conspiracy.  *See In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 628 (7th Cir. 2010)) (holding direct evidence is an admission "that officials of the defendants had met and agreed explicitly on the terms of a conspiracy to [fix] price[s]); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 n.4 (2007) (stating that proof of an alleged conspiracy requires more than mere parallel conduct explained by "independent responses to common stimuli.").  Communication of $195.75 as the minimum stipend to be paid to au pairs cannot establish a conspiracy as a matter of law, as it simply mirrors the Department of State's communications about the stipend—not a conspiracy that APC participated in to fix the stipend at $195.75.

### III.   CONCLUSION

Plaintiffs have failed to cite to a single document or point to any testimony that establishes that APC did anything other than follow Department of State directives when marketing the au pair program or otherwise communicating the au pair stipend.  Plaintiffs' Opposition fails to establish a triable issue of material fact that would prove the existence of any plausible theory of an agreement between APC and any other Sponsor.  This Court should reject Plaintiffs' argument that an illegal agreement can be inferred from Defendants' constitutionally protected petitioning activity and their participation in a trade association.  This Court should also disregard Plaintiffs' attempts to point to inculpable documents that even the most dedicated conspiracy theorist would find unworthy of consideration.  Summary judgment should therefore be entered and the antitrust claim against APC dismissed.

5

Respectfully submitted this 13th day of April, 2018.

*s/ Peggy Kozal*
Thomas B. Quinn
Peggy E. Kozal
Nathan Huey
Jennifer Arnett-Roehrich
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 534-5160
Fax: (303) 534-5161
tquinn@grsm.com
pkozal@grsm.com
nhuey@grsm.com
jarnett-roehrich@grsm.com

***Attorneys for Defendant***
***AuPairCare, Inc.***

## CERTIFICATE OF SERVICE (CM/ECF)

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system, which will send notification to all counsel referenced below, and/or sent via electronic mail on this the 13th day of April 2018 addressed to:

| | | |
|---|---|---|
| Sigrid S. McCawley<br>Sabria McElroy<br>Matthew L. Schwartz<br>Peter M. Skinner<br>Randall W. Jackson<br>Dawn L. Smalls<br>Joshua Libling<br>Juan P. Valdivieso<br>Byron Pacheco<br>BOIES SCHILLER & FLEXNER, LLP<br>smccawley@bsfllp.com<br>smcelroy@bsfllp.com | Brooke A. Colaizzi<br>Raymond M. Deeny<br>Heather F. Vickles<br>Joseph H. Hunt<br>Alyssa L. Levy<br>SHERMAN & HOWARD, LLC<br>bcolaizzi@shermanhoward.com<br>rdeeny@shermanhoward.com<br>hvickles@shermanhoward.com<br>jhunt@shermanhoward.com<br>alevy@shermanhoward.com<br>***Attorneys for Defendant*** | William J. Kelly, III<br>Chanda M. Feldkamp<br>KELLY & WALKER, LLC<br>wkelly@kellywalkerlaw.com<br>cfeldkamp@kellywalkerlaw.com<br>***Attorneys for Defendant USAuPair,***<br>***Inc.*** |

6

| | | |
|---|---|---|
| mlschwartz@bsfllp.com<br>pskinner@bsfllp.com<br>rjackson@bsfllp.com<br>dsmalls@bsfllp.com<br>srogriguez@bsfllp.com<br>jlibling@bsfllp.com<br>jvaldivieso@bsfllp.com<br>bpacheco@bsfllp.com<br><br>    and<br>Alexander N. Hood<br>TOWARDS JUSTICE – DENVER<br>alex@towardsjustice.org<br>**Attorneys for Plaintiffs** | *InterExchange, Inc.* | |
| Meshach Y. Rhoades<br>Martin J. Estevao<br>Vance Orlando Knapp<br>ARMSTRONG TEASDALE, LLP<br>mrhoades@armstrongteasdale.com<br>mestevao@armstrongteasdale.com<br>vknapp@armstrongteasdale.com<br>**Attorneys for Defendant GreatAuPair, LLC** | Bogdan Enica<br>BOGDAN ENICA, ATTORNEY AT LAW<br>bogdane@hotmail.com<br>**Attorney for Defendant Expert Group International, Inc. d/b/a Expert AuPair** | David B. Meschke<br>Martha L. Fitzgerald<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>dmeschke@bhfs.com<br>mfitzgerald@bhfs.com<br>**Attorneys for Defendant EurAupair InterCultural Child Care Programs** |
| James E. Hartley<br>Adam A. Hubbard<br>Jonathan S. Bender<br>HOLLAND & HART, LLP<br>jhartley@hollandhart.com<br>aahubbard@hollandhart.com<br>jsbender@hollandhart.com<br>**Attorneys for Defendant Cultural Homestay International** | Brian A. Birenbach<br>RIETZ LAW FIRM, LLC<br>brian@rietzlawfirm.com<br>    and<br>Kathryn A. Reilly<br>Grace A. Fox<br>Natalie West<br>V. William Scarpato III<br>WHEELER TRIGG O'DONNELL, LLP<br>reilly@wtotrial.com<br>fox@wtotrial.com<br>west@wtotrial.com<br>scarpato@wtotrial.com<br>**Attorneys for Defendants Au Pair International, Inc.; American Cultural Exchange, LLC d/b/a GoAuPair** | Kathryn A. Reilly<br>Grace A. Fox<br>Natalie West<br>WHEELER TRIGG O'DONNELL, LLP<br>reilly@wtotrial.com<br>fox@wtotrial.com<br>west@wtotrial.com<br>**Attorney for Defendant Agent Au Pair** |
| Lawrence L. Lee<br>Susan M. Schaecher<br>FISHER & PHILLIPS, LLP<br>llee@laborlawyers.com<br>sschaecher@laborlawyers.com<br><br>and | Eric J. Stock<br>Gibson, Dunn & Crutcher LLP<br>estock@gibsondunn.com<br>mao@gibsondunn.com<br>**Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in America**<br><br>Lawrence D. Stone | Joan A. Lukey<br>Robert M. Buchanan, Jr.<br>Michael T. Gass<br>Justin J. Wolosz<br>Lyndsey M. Kruzer<br>Kevin P. O'Keefe<br>CHOATE, HALL & STEWART, LLP<br>joan.lukey@choate.com<br>rbuchanan@choate.com<br>mgass@choate.com |

- 8 -

| Joseph B. Cartafalsa<br>Robert M. Tucker<br>Stephen J. Macri<br>Joseph B. Cartafalsa<br>OGLETREE, DEAKINS<br>Stephen.macri@ogletree.com<br>Jopseh.cartafalsa@ogletree.com<br>**Attorneys for Defendants APF Global Exchange, NFP d/b/a Aupair Foundation; American Institute for Foreign Study d/b/a Au Pair in America** | Kathleen E. Craigmile<br>NIXON SHEFRIN HENSEN OGBURN, P.C.<br>lstone@nixonshefrin.com<br>kcraigmile@nixonshefrin.com<br>**Attorneys for Defendants A.P.E.X. American Professional Exchange, LLC d/b/a ProAuPair;<br>20/20 Care Exchange, Inc. d/b/a The International Au Pair Exchange** | jwolosz@choate.com<br>lkruzer@choate.com<br>kokeefe@choate.com<br>　and<br>Diane R. Hazel<br>James M. Lyons<br>Jessica L. Fuller<br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>dhazel@lrrc.com<br>jlyons@lrrc.com<br>jfuller@lrrc.com<br>**Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair** |

　　　　　　　　　　　　　　　　*/s/Lisa Riggenbach*
　　　　　　　　　　　　　　　For Gordon & Rees LLP