**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ,
SARAH CAROLINA AZUELA RASCON,
CATHY CARAMELO,
LINDA ELIZABETH,
GABRIELA PEREZ REYES,
    and those similarly situated,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION,
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA,
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR,
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR,
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR, and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

    Defendants.

**DECLARATION OF DAWN L. SMALLS IN SUPPORT OF PLAINTIFFS' OPPOSITION
TO DEFENDANT CULTURAL CARE, INC. AND GO AU PAIR'S JOINT MOTION TO
COMPEL DISCOVERY [ECF No. 973]**

I, DAWN L. SMALLS, declare as follows:

1. I am an attorney duly licensed to practice law in the State of New York and am a Partner with the law firm of Boies Schiller Flexner LLP, counsel for the Plaintiffs and for the Class. I am admitted to practice in New York, Massachusetts, the United States Supreme Court, the United States Court of Appeals for the Second Circuit, the United States Court of Appeals for the Sixth Circuit, the United States Court of Appeals for the Tenth Circuit, the United States District Court for the Southern and Eastern Districts of New York, the United States District Court for the District of Massachusetts, and the United States District Court for the District of Colorado.

2. The matters stated herein are based on my personal knowledge and, if called upon to testify, I could and would testify competently thereto.

3. I submit this declaration in support of Plaintiffs' Opposition to Defendant Cultural Care, Inc. and Go Au Pair's Joint Motion to Compel Discovery [ECF No. 973].

**Cultural Care**

4. Attached hereto as **Exhibit 1** is a true and correct copy of Cultural Care, Inc.'s Interrogatories and Requests for Production to FLSA Opt-In Plaintiffs, dated October 4, 2017.

5. Attached hereto as **Exhibit 2** is a true and correct copy of Cultural Care, Inc.'s [Amended] Interrogatories and Requests for Production to FLSA Opt-In Plaintiffs, dated October 12, 2017.

6. Attached hereto as **Exhibit 3** is a true and correct copy of an email chain between Joan Lukey, the other Defendants in this case, and I, dated October 12-13, 2017.

7. Attached hereto as **Exhibit 4** is a true and correct copy of an email chain between Joan Lukey, all the other Defendants in this case, and I, dated October 4- 5, 2017.

8. Attached hereto as **Exhibit 5** is a true and correct copy of an email chain between Joan Lukey and I, dated November 7, 2017.

9. Attached hereto as **Exhibit 6** is a true and correct copy of an email chain between Joan Lukey and I, dated November 27, 2017.

10. Attached hereto as **Exhibit 10** is a true and correct copy of an email chain between Justin Wolosz and I, dated December 1-19, 2017.

11. Attached hereto as **Exhibit 11** is a true and correct copy of an email chain between counsel for Cultural Care, Inc. and I, dated January 22-February 5, 2018.

12. Attached hereto as **Exhibit 12** is a true and correct copy of an email chain between Joshua Libling, Joan Lukey and Lyndsey Kruzer, and I, dated January 4-18, 2018.

13. Attached hereto as **Exhibit 13** is a true and correct copy of an email chain between Joan Lukey and I, dated February 20-March 13, 2018.

14. Attached hereto as **Exhibit 14** is a true and correct copy of an email chain between Joshua Libling, counsel for Plaintiffs, and Justin Wolosz, and I, dated November 7-December 11, 2017, wherein Justin Wolosz attached Cultural Care, Inc.'s redlines to the Stipulation Regarding Opt-In Discovery on December 11, 2017.

15. Cultural Care took a total of thirty-six opt-in depositions: three depositions were taken in December 2017, seven were taken in January 2018, nineteen were taken in February 2018, six were taken in March 2018, and one was taken in April 2018.

16. I was the attorney for the Plaintiffs primarily responsible for negotiating the agreement relating to opt-in discovery that Plaintiffs reached with Cultural Care. At first I negotiated the terms for Cultural Care with Justin Wolosz, from Choate, Hall & Stewart, and at some later point, Joan Lukey, from the same law firm. Neither I, nor any other members of Plaintiffs' legal team, have ever spoken with Jim Lyons about opt-in discovery. While Lyndsey Kruzer was copied on some of the relevant correspondence, I only spoke with her about opt-in discovery once the agreement regarding opt-in discovery had been made and the stipulation was signed.

17. In response to Plaintiffs' Seventh Request to All Defendants for the Production of Documents, Cultural Care produced documents relating to opt-ins' employment applications, host family applications (which include information about the number of children in a host family and a proposed *au pair* schedule), and other personnel records. During opt-in depositions, Cultural Care used these documents as exhibits.

### Go Au Pair

18. Attached hereto as **Exhibit 7** is a true and correct copy of Go Au Pair's Interrogatories, Requests for Production, and Requests for Admission to FLSA Opt-In Plaintiffs, dated October 5, 2017.

19. Attached hereto as **Exhibit 8** is a true and correct copy of Plaintiffs' Responses and Objections to Defendant Go Au Pair's Interrogatories, Requests for Production, and Requests for Admission to FLSA Opt-In Plaintiffs, dated November 6, 2017.

20. Attached hereto as **Exhibit 9** is a true and correct copy of an email chain between Katie Reilly and I, dated October 19-November 7, 2017.

21. Pursuant to the parties' practice, Go Au Pair identified several opt-ins as potential deponents. However, notices of deposition were never formally issued for the fifteen opt-ins referenced in Defendants' brief. Mot. at 3, 6.

22. Plaintiffs' counsel provided survey responses to Go Au Pair's counsel for every opt-in that Go Au Pair deposed.

23. In response to Plaintiffs' Seventh Request to All Defendants for the Production of Documents, Go Au Pair produced documents relating to opt-ins' employment applications, host family applications (which include information about the number of children in a host family and a proposed *au pair* schedule), and other personnel records. During opt-in depositions, Go Au Pair used these documents as exhibits.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 18th day of April, 2018, at New York, New York.

Respectfully submitted,

/s/ Dawn L. Smalls
Dawn L. Smalls
BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Tel. (212) 446-2300
Fax. (212) 446-2350
dsmalls@bsfllp.com

*Counsel for Plaintiffs*