# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al.,

      Plaintiffs,

v.

INTEREXCHANGE, INC., et al.,

      Defendants.

---

## CULTURAL CARE, INC.'S INTERROGATORIES AND
## REQUESTS FOR PRODUCTION TO FLSA OPT-IN PLAINTIFFS

---

      Defendant Cultural Care, Inc., pursuant to Fed. R. Civ. P. 26, 33, 34, and 37, submits the following Interrogatories and Requests for Production to FLSA Opt-In Plaintiffs (individually, "Opt-In Plaintiff").

## **<u>DEFINITIONS</u>**

      1.     As used in this document, the terms "Opt-In Plaintiff," "you," "au pair," and derivatives of those terms refer to the individual responding to these requests, who has consented to become a plaintiff in this lawsuit, as well as to his or her attorneys and other persons acting or purporting to act on his or her behalf.

      2.     As used in this document, the term "Defendant" or "sponsor" refers to the company that sponsored your J-1 visa in connection with your participation in the au pair program in the United States and any officer, employee, or agent of the sponsor.

3.      The word "communication" or "communications" means any transmission of thoughts, opinions, or information by speech, writing, or signs.

4.      The word "document" or "documents" shall be interpreted as broadly as permitted by the Federal Rules of Civil Procedure and shall mean any written, typed, or mechanically or electronically recorded or stored communications or records of any kind, however produced or reproduced.  If copies of a document have been prepared and the copies are not identical (or have undergone alterations by the addition or deletion of notations or other modifications), each non-identical copy is a separate "document."

## INSTRUCTIONS

5.      In answering these Interrogatories and Requests for Production you are requested to furnish all information that is available to you, including that which has been obtained by, and that which is now in the possession of, your attorneys, employees, agents, and other representatives, and not merely the information known by the individuals preparing this response.

6.      If a requested document once existed but is no longer in existence, so state and, to the best of your recollection, provide the content of the document, the date and circumstances under which it ceased to exist, and the identity of all persons having knowledge of the contents thereof.

7.      If you are unable to respond fully and completely to any of these Interrogatories or Requests for Production, after exercising due diligence to ensure the information necessary to make such full and complete responses, so state, and in

addition, respond to each such Interrogatory or Request for Production to the fullest extent possible, specifying your knowledge, and the reason for your inability to respond to the remainder, and state whatever information or knowledge you may have concerning the answered portions thereof.

8.     If you consider any requested document or communication to be privileged, please provide a written log of all such documents or communications in sufficient detail to allow Defendant's counsel to assess the claim of privilege.  Your response should include the identification of such document or communication, the dates of the document or communication, the identity of the persons who were parties to the communication, and the basis asserted for such a privilege.

9.     You are requested to respond to these Interrogatories and Requests for Production in writing and under oath within thirty (30) days from the date of service or from the date you agreed to opt-in to become a plaintiff in this action, whichever is later.

10.     Each of the following Interrogatories and Requests for Production is a continuing one and must be supplemented in accordance with Fed. R. Civ. P. 26(e).  If you later obtain, or become aware of, any further information pertaining to these Interrogatories or Requests for Production, you are requested to promptly serve upon Defendant amended answers setting forth such information.

## **INTERROGATORIES**

1.     Fully identify yourself by providing the following:  (1) full name; (2) any other names used at any time in the two years prior, during and after your time as an au pair; (3) date of birth; (4) current address; (5) current and all former email address(es);

(6) all social media sites that you have used or to which you have belonged during or after the time you were an au pair, including but not limited to Facebook, Twitter, and Snapchat; (7) the addresses (with respective dates of residence) of all locations at which you have lived since January 1, 2007, (8) dates during which you participated in an au pair program either in the United States or any other country; and (9) the name of the sponsor or sponsors that sponsored your participation in the au pair program.

2.      For each host family with whom you were placed during your participation in the au pair program, for each adult who lived in the family's home at any point during your placement, state (a) the adult's full name; (b) whether the adult was employed; (c) where the adult was employed (e.g. away from home or at home); and (d) for each day of the week, the number of hours the adult spent in employment, whether away from home or at home.

3.      For each host family with whom you were placed during your participation in the au pair program, for each child who lived in the family's home at any point during your placement, state (a) the child's age; (b) whether the child attended school; (c) if the child attended school, how days each week and how many hours each day he or she attended school; and (d) for each day of the week, the specific duties and responsibilities you had with respect to that child.

4.      If your host family asked you to perform duties or take on responsibilities not listed in response to Interrogatory No. 3 above, describe in detail the specific duties and responsibilities and state the day or days of each week that you were required to perform that duty or responsibility.

5.      For each week that you participated in the au pair program, identify (a) the amount that you were paid for that week's duties and responsibilities; (b) the date on which you were paid for that week; (c) the method by which you were paid (e.g. cash, check, etc.); (d) the person or entity from whom you received each payment; and (e) any document reflecting the amount and/or confirming the payment of that week's amount, including but not limited to bank records and copies of deposited checks.

6.      Identify all other payments and/or benefits that you received from each host family with whom you lived and include the approximate value of each benefit. Examples of other payments and/or benefits include, but are not limited to, cash; gifts; bonuses; personal use of a car, cell phone, or computer; gas money; clothing; personal items; family vacations; and travel expenses.

7.      For each week that you lived with a host family as an au pair, (a) identify the days or partial days you were relieved from any duties or responsibilities for that week; and (b) state whether you are in possession or have ever been in possession of any document reflecting your schedule for that week.

8.      Identify every source of information that you relied on in making the decision to participate in the au pair program and describe in detail the specific information that you received from each source.

9.      If you made any complaint to your host family(ies), your sponsor, the United States Department of State, or any other person or entity about your experience as an au pair, identify (a) the date of the complaint; (b) the method of communication of the complaint; (c) the person or entity to whom you directed the complaint; (d) the

substance of the complaint; (e) a description of what happened with the complaint after you made it; and (f) how the complaint was resolved.

10.    Identify how you learned of this Lawsuit, including but not limited to: (a) whether you viewed an advertisement sponsored by Google or Facebook related to this Lawsuit before you joined; (b) whether you joined this Lawsuit by clicking on a link within a Google or Facebook advertisement; and (c) whether you read the Notice of Your Right to Join Lawsuit for Unpaid Wages, attached as Exhibit A, before you joined.

## REQUESTS FOR PRODUCTION

1.    All documents identified or referenced in your answer to any Interrogatory.

2.    All communications with or documents provided to or received from your sponsor or the agency in your home country related to the au pair program.

3.     All communications or documents provided to or received from your host family or host families related to your participation in the au pair program or this lawsuit.

4.    All records reflecting your actual hours of childcare assistance as an au pair, whether on a daily, weekly, monthly, or other basis.

5.    All documents reflecting the amount(s) or payment of a stipend or any other payments received from your host family or host families during your time as an au pair.

6.    All documents, including but not limited to schedules, calendars, diaries, notes, files, appointment books, letters, agreements, emails, text messages, and social media postings, that describe or reflect your experiences as an au pair.

7.     Not including communications involving your lawyers, all communications with any other person about this lawsuit or your decision to participate in this lawsuit.

8.     All documents related to any advertising or marketing upon which you relied when making the determination about which Sponsor you would apply to or when deciding to participate in the au pair program.

## **REQUESTS FOR ADMISSION**

1.     Admit that on one or more occasions you received more than $195.75 in weekly payment(s) from your host family or host families.

2.     Admit that no sponsor representative assigned you to the particular duties or responsibilities that you provided to your host family.

3.     Admit that no sponsor representative ever observed you while you performed duties for your host family.

4.     Admit that no sponsor representative ever determined or specified to you your scheduled or actual hours of childcare assistance during your participation in the au pair program.

5.     Admit that your sponsor did not give or pay you your weekly stipend amounts.

6.     Excluding your two weeks of vacation, admit that you worked fewer than 45 hours during at least one week that you were an au pair.

DATED:  October 4, 2017          Respectfully submitted,


s/ Lyndsey M. Kruzer
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
Choate Hall & Stewart LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

**Attorneys for Defendant Cultural Care, Inc.
d/b/a Cultural Care Au Pair**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of October, 2017, I served the foregoing CULTURAL CARE, INC.'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO OPT-IN COLLECTIVE MEMBERS via email to the following:

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, CO  80218
Email: alex@towardsjustice.org

Lawrence D. Stone
Kathleen E. Craigmile
NIXON SHEFRIN HENSEN OGBURN,
    P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111
E-mail: LStone@Nixonshefrin.com
E-mail:
    kcraigmile@nixonshefrin.com

William J. Kelly III
Chanda M. Feldkamp
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO  80202
Email: wkelly@kellywalkerlaw.com
Email: cfeldkamp@kellywalkerlaw.com

Brian A. Birenbach
THE RIETZ LAW FIRM, L.L.C.
114 Village Place, Suite 301
Dillon, CO  80435
Email: brian@rietzlawfirm.com

Kathryn A. Reilly
Grace A. Fox
Natalie E. West
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver CO  80202-5647
Email: reilly@wtotrial.com
Email: fox@wtotrial.com
Email: West@wtotrial.com

James E. Hartley
Adam A. Hubbard
Jonathan S. Bender
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Email: jhartley@hollandhart.com
Email: aahubbard@hollandhart.com
Email: jsbender@hollandhart.com

John B. Fulfree
Joseph B. Cartafalsa
Robert M. Tucker
Stephen J. Macri
PUTNEY, TWOMBLY, HALL & HIRSON
    LLP
521 Fifth Avenue
New York, NW 10175
Email: jfulfree@putneylaw.com
Email: jcartafalsa@putneylaw.com
Email: rtucker@putneylaw.com
Email: smacri@putneylaw.com

Joan A. Lukey
Robert M. Buchanan, Jr.
Michael T. Gass
Justin J. Wolosz
Lyndsey M. Kruzer
Kevin P. O'Keefe
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 82110
Email: joan.lukey@choate.com
Email: rbuchanan@choate.com
Email: mgass@choate.com
Email: jwolosz@choate.com
Email: lkruzer@choate.com
Email: kokeefe@choate.com

James M. Lyons
Jessica L. Fuller
Diane R. Hazel
LEWIS ROCA ROTHGERBER CHRISTIE
    LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Email: jlyons@lrrc.com
Email: jfuller@lrrc.com
Email: dhazel@lrrc.com

Martha L. Fitzgerald
David B. Meschke
Margo J. Arnold
BROWNSTEIN HYATT FARBER
    SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Email: mfitzgerald@bhfs.com
Email: dmeschke@bhfs.com
Email: marnold@bhfs.com

Thomas B. Quinn
Peggy E. Kozal
Heather K. Kelly
Jennifer W. Vedra
Nathan A. Huey
GORDON & REES, LLP
555 17th Street, Suite 3400
Denver, CO 80202
Email: tquinn@gordonrees.com
Email: pkozal@gordonrees.com
Email: hkelly@gordonrees.com
Email: jvedra@gordonrees.com
Email: nhuey@gordonrees.com

Meshach Y. Rhoades
Martin Estevao
Vance O. Knapp
ARMSTRONG TEASDALE LLP
4643 S. Ulster St., Suite 800
Denver, CO 80237
Email: mrhoades@armstrongteasdale.com
Email: mestevao@armstrongteasdale.com
Email: vknapp@armstrongteasdale.com

Bogdan Enica
Bogdan Enica, Attorney at Law
111 Second Avenue, NE, Suite 213
St. Petersburg, FL  33701
Email: Bogdane@hotmail.com

Lawrence Lee
Susan M. Schaecher
FISHER & PHILLIPS LLP
1801 California Street, Suite 2700
Denver, CO  80202
Email: llee@laborlawyers.com
Email: sschaecher@laborlawyers.com

Susan Penniman Klopman
H & K Law, LLC
3900 East Mexico Ave, Suite 330
Denver, CO 80210
Email: sklopman@hklawllc.com

Eric J. Stock
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Email: estock@gibsondunn.com

Lauren F. Louis
Sigrid S. McCawley
Sabria McElroy
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
575 Lexington Ave., 7th Floor
New York, NY  10022
Email: llouis@bsfllp.com
Email: smccawley@bsfllp.com
Email: smcelroy@bsfllp.com

Matthew L. Schwartz
Peter M. Skinner
Dawn L. Smalls
Randall W. Jackson
Joshua J. Libling
Boies, Schiller & Flexner, LLP
575 Lexington Ave., 7th Floor
New York, NY  10022
Email:  mlschwartz@bsfllp.com
Email:  pskinner@bsfllp.com
Email: dsmalls@bsfllp.com
Email:  rjackson@bsfllp.com
Email: jlibling@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
Boies Schiller Flexner LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Email:  srodriguez@bsfllp.com
Email:  jvaldivieso@bsfllp.com

*s/  Lyndsey M. Kruzer*
_____