# Exhibit 3

| | |
|---|---|
| **From:** | Dawn Smalls |
| **To:** | Lukey, Joan |
| **Cc:** | Wolosz, Justin J.; Kruzer, Lyndsey M.; O"Keefe, Kevin P. |
| **Subject:** | RE: stream-lined opt-in discovery |
| **Date:** | Monday, October 23, 2017 9:52:07 PM |

Joan,

To address your concerns about the information sought in your discovery requests, we would be open to adding the following questions:

1. Whether any adults other than the au pair and the host parents lived in the host family home, and if so whether they assisted in childcare and for how many hours a week.
2. How their schedule was determined, and the number of hours and days per week they worked.
3. With respect to payment, we would ask them in detail and by payment/benefit, to list what the payment or benefit was, estimated amount of benefit, and timeframe for benefit (per day, per month, per week, per year).

The requests to admit attempt to get the au pair to "admit" information that is already solicited in the questions. As for the legal admissions themselves, we will object to them and do not see the purpose of going through the exercise if you already have the information underlying them. The whole purpose behind this approach is efficiency on both sides and to limit the issues we need to bring before the court. There is little to no efficiency for Plaintiffs if we then need to prepare objections and responses to Requests to Admit for each Plaintiff.

In your email you also raise concern about the evidentiary strength of the information in the spreadsheet. To solve this issue, instead of providing individualized certifications, Plaintiffs would be willing to stipulate that the information in the spreadsheet would have the same evidentiary status as answers to interrogatories or requests to admit. We would need to work out the specifics of the stipulation, but we believe this would solve your issue and not require individualized certifications. The information in the spreadsheet will be broken down by au pair name.

As I communicated to you by phone and then subsequently by email, Plaintiffs object to written discovery for all opt ins and do not agree that there will be "ramifications" for any au pair that does not respond. To be clear, Plaintiffs will not agree to requests to admit and interrogatories directed at all opt-in plaintiffs. The research we have done, which we are happy to share with you, demonstrates that the law supports sampling in situations like this for written discovery as well as for depositions. The purpose of this proposal is to compromise by offering you responses from potentially far, far more opt-ins than we would ever agree to sample.

Dawn

---

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Saturday, October 21, 2017 11:33 AM
**To:** Dawn Smalls
**Cc:** Wolosz, Justin J.; Kruzer, Lyndsey M.; O'Keefe, Kevin P.

**Subject:** RE: stream-lined opt-in discovery

Hello, Dawn –

After reviewing your proposal against our opt-in discovery, we believe that we have some common ground, but also some areas of disagreement that we hope can be resolved.

First, the concept of a spreadsheet could work, at least in the first instance, subject to two caveats:

(1)  We assume that the spreadsheet will have the information broken down by au pair name, so we can tell who did and didn't respond, and what each of them had to say.  But, we still can't use the spread sheet as evidence at trial – and possibly not even at the summary judgment phase – unless we have a certification that the information is accurate and complete, as interrogatory responses would be, from those responding.  We need to know if any of Cultural Care's opt-ins have failed or refused to respond to your outreach to them, as there are ramifications for that conduct.  Given that you are reaching out to each of them anyway, -- you indicate that you "will request this information for each opt in and produce whatever we receive from them in response to the questions" --  we suggest that the easiest compromise would be to have each of them print their name and hand sign a simple certification to the effect that "[t]he information provided today from my email account, [insert email address] was provided by me personally, and I affirm that it is true and accurate to the best of my knowledge and belief,"  take a picture of it on their smart phone (or scan in any way that is easier for them), and email it back to BSF.  You folks can then compile and forward the certifications to us along with the spreadsheet.  Of course, we would need your agreement that the photo of the signed certification will have the same force and effect as an original signed interrogatory response.

(2)  We don't mind you providing us with the extra information that we didn't include in the stream-lined discovery requests; but, we do need the information that we requested.  We cannot see how these could be discovery requests to which you are objecting at this time.   Your long list of questions – way longer than ours – omits any questions about what the AP's actual regular schedule is/was , and whether her/his hours varied in different time periods. In particular, you leave out the portion of Int. 3 in which we ask "for how many hours you worked daily and weekly, and whether you possess, or are aware of, documents reflecting your hours worked."  This discovery obviously is particularly critical to whether the conditional FLSA collective action should be decertified, whether state labor claims should be certified, and whether and to what extent Plaintiffs can assert overtime claims at all in a class action. On another topic, we asked each opt-in for "the amount that you were paid." You replaced that with "stipend." In communicating with host families, Cultural Care used the word stipend as it was used in the DOS guidance, and host families may have done the same in communicating with au pairs.  We don't want just one category of payment.  We want to know what each au pair was actually paid, whether the host family characterized the payments as a stipend, a bonus, a gift, or some combination.  In short, we need those two questions covered as we proposed them.

Our four document requests are limited and highly relevant, as are our five Requests for Admission.  These materials and answers are critically important, not only to summary judgment and trial, but more immediately to our decisions as to which opt-ins to seek to depose.

So, in sum, we are willing to work with you on a spreadsheet in lieu of interrogatory responses, if you put those two topics back in using our language, and if we get smartphone pictures (or some other scan or picture) of signed certifications for each AP who responds to your outreach.

But, given the small and very relevant number of document requests and RFAs in the stream-lined discovery, we cannot agree to forego those. We need them currently.

    We look forward to your response.


Joan A. Lukey
logo



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949
f 617.502.4949
joan.lukey@choate.com
www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Friday, October 13, 2017 3:41 PM
**To:** Lukey, Joan; Beltrandefendants
**Subject:** RE: stream-lined opt-in discovery

Joan,

Thank you for Cultural Care's Amended Discovery Requests. I write to propose an approach that will get you much of the information you request more quickly and efficiently than the normal discovery process. This approach would involve us requesting the information from your discovery requests to which we do not object now. We would produce this information in an excel spreadsheet eliminating the need for Plaintiffs to produce a formal discovery response for individual Plaintiffs and for Cultural Care to review individual responses and compile them. If Cultural Care agrees, we will request this information for each opt in and produce whatever we receive from them in response to the questions outlined below by November 3rd and on a rolling basis thereafter.

Plaintiffs would propose that document requests be served either on a sampling of the au pairs, or on the au pairs that Cultural Care proposes to depose. Plaintiffs will not agree to the production of documents for all Plaintiffs. If Cultural Care wants to pursue document requests from all opt ins, Plaintiffs propose you serve an amended request with the document requests and any other items in dispute, thereby narrowing the issues submitted for judicial review. This approach would avoid unnecessary delay in producing the information that Cultural Care seeks and gets the information to you sooner than you would receive it through the normal discovery process.

Please let me know if you are agreeable to this approach or any comments or amendments you might have to Plaintiffs' proposal. The information we would request from opt ins is below:

Thanks,

Dawn

- The number of host families with which they were placed
- Full name/Full name when au pair
- Date of Birth
- Current Address
- Country They Were Living in Before Coming to the US as an Au Pair
- How they first learned of the opportunity to become an au pair
- Month and Year they first applied to join the au pair program
- Whether they applied to a single sponsor agency or one
- Organization that recruited them to be an au pair
- Key Benefits of being an au pair as they understood them
- Downsides of Being an Au Pair as they understood them.
- Whether they met with a staff member of the sponsor agency when being recruited
- Whether they paid fees to participate in the program
- Number of Interviews with Host Families before being accepted into the Program
- Whether training was required by the Sponsor agency
- Host Family Name and Begin and End Date of Placement with Host Family
- Full Names and Relation of any Adults that lived in the household while the au pair was there
- Whether the weekly stipend was discussed in the initial interview with the host family for the position
- How the au pair and the family decided the weekly stipend
- The weekly stipend paid
- Person or entity that paid them
- Whether the amount of the stipend every varied
- If it did vary, how and why
- How they were paid
- Whether they received any payments or benefits from the host family other than the weekly stipend
- Number of children in the host family
- Age of Each Child, whether they attended school or daycare, and numbers of hours in school or daycare
- Main childcare tasks performed for this family
- Other childcare activities the au pair spent time on
- Whether the au pair provided services other than childcare to the host family
- Expected to be on call when not actively scheduled to provide childcare?
- Whether they had responsibilities for children waking overnight
- Whether there were times that they provided childcare that were unexpected or outside of the  normal schedule
- Whether they ever made a complaint and if so who it was reported to and how it was resolved

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Thursday, October 12, 2017 5:06 PM
**To:** Dawn Smalls
**Cc:** Beltrandefendants
**Subject:** stream-lined opt-in discovery

Dawn –

As I promised in our conversation Friday, here is a very streamlined version of discovery that we are propounding to all Cultural Care opt-in Plaintiffs.  You have already received a complete list of the opt-ins known to us whom we expect will be served at this time.  Please let us know if you would like to receive the lists again.

Please note that this agreement to streamline is entered into only on behalf of Cultural Care, and only because you expressed displeasure with the number of opt-ins (c. 1,100 at last count) to whom this basic discovery is directed.  By streamlining our requests, we do not mean to suggest that other Defendants have any obligation whatsoever to do the same.

Please note that we could not completely stop the work on Plaintiffs' analogous requests seeking all files on all opt-in au pairs.  As I mentioned, this is a mammoth task that certainly rivals, and likely significantly exceeds, the costs and burden attendant on Cultural Care's written discovery to opt-ins.  Certain work in mid-stream needed to be completed to prevent major inefficiencies and increased costs.

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]