# Exhibit 4

| | |
|---|---|
| **From:** | Lukey, Joan |
| **To:** | Dawn Smalls; Joshua Libling; Beltrandefendants; Brooke Colaizzi |
| **Cc:** | Maria Guarisco |
| **Subject:** | RE: Opt-In Discovery |
| **Date:** | Thursday, October 5, 2017 10:30:27 PM |
| **Attachments:** | image001.gif |

Dawn –

    I gather that we'll speak tomorrow at 5.  Is there a call-in number that you would like to use?  I can circulate mine if you want.

    To be clear, we disagree with your comments below.  In particular, we note that the only communications that we have ever had on the issue of written discovery to the opt-in plaintiffs has been to the effect that it will go to all opt-ins, just as your discovery request goes to all opt-ins.  For us, that is a given.  Subsequent conversations focused on the number of depositions do not in any way undercut the premise relating to written discovery.

    Also, like Brooke, we note that this is not a group issue.  Each sponsor has a very specific interest in asking tailored questions to the opt-ins who are in a conditional class suing each of them.

    We are not already in possession of the information that we are seeking, or we wouldn't be looking for it.

    I look forward to speaking at 5 ET tomorrow.

Joan A. Lukey
logo



Choate, Hall & Stewart LLP

Two International Place

Boston, MA 02110

t 617.248.4949

f 617.502.4949

joan.lukey@choate.com

www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Thursday, October 05, 2017 12:21 PM
**To:** Lukey, Joan; Joshua Libling; Beltrandefendants; Brooke Colaizzi
**Cc:** Maria Guarisco
**Subject:** RE: Opt-In Discovery

Joan and Brooke,

    Joan's email states that Defendants have always been clear that you would seek written discovery of all opt-ins. That is incorrect. While that was the proposal on behalf of all Defendants that Joan made in our phone call on August 17th, Justin sent an email on August 24th, the night before the hearing, revising the prior proposal and reducing the number of proposed depositions to 10%. That email made no mention of written discovery.  At the August 25th hearing Tom specifically raised the  discovery plan for opt ins and again made mention of a 10% sampling of depositions, but made no mention of a plan to serve written discovery of all opt in plaintiffs. A presumption of

written discovery to all opt ins is also not supported by the language of the court approved notice which states: "[w]hile this suit is pending you **may** be required to submit documents and written answers to questions (emphasis added)." The language of the notice is incorrect if the reality is that all opt in plaintiffs will have to submit to written discovery.

Written discovery to all opt in plaintiffs, which now approach more than several thousand, would be patently disproportionate and burdensome. Written discovery to all opt ins for a class of this size is also not something that is done as a matter of course. In fact, courts often refuse written discovery requests directed at "all" opt-ins as unnecessary and too burdensome. See Morales v. Farmland Foods, Inc., 2010 WL 3447513, at *2 (D. Neb., Aug. 27, 2010) (denying defendant's request for written discovery of 281 opt in class stating that written discovery of all opt-ins "is inappropriate in this type of lawsuit" because "[t]he individual discovery required … would destroy the economy of scale envisioned by the FLSA collective action procedure" and finding limited discovery to a random sample of fifteen percent of the opt-in class members reasonable.) See also Morales v. Farmland Foods, Inc., 2010 WL 4941708, at *3 (D. Neb. Nov. 30, 2010); Fast v. Applebee's Intern., Inc., 2008 WL 5432288, at *2 (W.D.Mo.,2008) (denying defendant's request for written discovery of all opt ins).

In terms of needing to obtain information from opt-ins to determine which opt-ins to depose, you have all of their applications and personnel files, and have much of the information you request in your discovery requests already in your possession. See Fast v. Applebee's Intern., Inc., 2008 WL 5432288, at *2 (W.D.Mo.,2008) (finding any discovery of opt ins must not otherwise available to defendants). Plaintiffs served a RFP to obtain the personnel files of all opt ins so that Plaintiffs would have the same information that Defendants already have in your possession. That should not be a basis to seek written discovery to all opt ins. To the extent that it is, Plaintiffs are willing to consider withdrawing that request and limiting it to opt-ins from which you seek discovery or seek to depose.

Plaintiffs note that this is an issue common to both Interexchange's and Cultural Care's requests and that the prior conferral on a discovery plan between Joan and I, the subsequent email from Justin, and the discussion by Tom at the hearing, was made on behalf of all Defendants. It does not make sense to now have separate conversations about nearly identical discovery requests with each Defendant individually. Accordingly, we reiterate our request to have a representative confer with Plaintiffs regarding a discovery plan for opt in plaintiffs for all issues common to FLSA Defendants.

While Plaintiffs have a number of objections to the requests themselves, I will reserve those for our Responses. However, the question of whether written discovery is served to all opt ins or some subset is a threshold question that needs to be resolved before any discovery of the opt ins can commence.

A call on Friday at 4:00 p.m. works for Plaintiffs. To the extent that we are conferring on Friday, I suggest also adding to the agenda the outstanding discovery issues I raised in my email to Joan on Monday to see if we can come to some sort of resolution on those or whether we need to schedule them for an informal discovery conference. We can handle these Cultural Care-specific

issues after dealing with the common issues on opt-in discovery.

Dawn

---

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Wednesday, October 04, 2017 5:55 PM
**To:** Dawn Smalls; Joshua Libling; Beltrandefendants
**Cc:** Maria Guarisco
**Subject:** RE: Opt-In Discovery

Hello, Dawn –

I am glad to respond on behalf of Cultural Care, but I do not have the authority to respond for others.

We have always been clear with you that the written discovery would go to all opt-ins, so that we could determine whom we wish to depose. While we have discussed limitations on the percentage of opt-ins whom we can *depose*, we have never suggested that our written discovery would go to a pool smaller than all opt-ins. (See my email to you on August 17 at 5:15 p.m., in which I interlineate responses to your email of the same date at 3:51 p.m. You correctly summarized my proposal in our phone call: "You proposed that each FLSA defendant be permitted to take the greater of 20 or 20% of opt-ins depositions, as well as have the right to issue 10 interrogatories and 10 document requests to *all* opt ins" (emphasis added). Indeed, Plaintiffs follow the same tack in their September 19, 2017 RFP seeking, "[a]ll documents concerning *any* Opt-in" (emphasis added).

There is no need to confer with regard to the fact that written discovery is going to all opt-ins, each of whom is now a party suing Defendants. If you have an issue with the interrogatories or RFPs themselves, that is a different matter. It is hard to imagine that that is the case because they are so targeted, but please let us know.

Judge Arguello summed the circumstances up accurately at the hearing when she said that Defendants "want to start getting it moving so they can study who is coming in and who they might want to depose. And when they do this, the 10 or 20 [%], whatever it is, I assume they look to see who would be the best for their defense." We need the information in the written discovery responses to determine whom to depose, and we need to get that going now. The Court's direction that the parties confer was, as we understand it, related to the number of depositions, not to any limitation on gathering the written information necessary to determine whom we should depose.

We will be glad to confer with regard to the percentage of opt-ins (for Cultural Care as a large sponsor) that will be deposed. But, the written discovery doesn't require conferral, and we ask that you begin the process because the clock is running.

Glad to speak with you on behalf of Cultural Care about the deposition numbers as soon as you want. Would some time Friday afternoon be good for you?

Joan A. Lukey
logo


Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949

f 617.502.4949

joan.lukey@choate.com

www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Wednesday, October 04, 2017 3:28 PM
**To:** Lukey, Joan; Joshua Libling; Beltrandefendants
**Cc:** Maria Guarisco
**Subject:** RE: Opt-In Discovery

Joan,
Before we can proceed with opt in discovery, a conferral is necessary. The proposal last before the court was a 10% sampling of opt ins and we were directed to confer and "figure out what it is you can do."  No agreement has been made nor have the parties conferred since the hearing before Judge Arguello in August. In the interest of coming to an agreement, I suggest having a call. Let us know when works for Defendants. We are flexible today and tomorrow.
Thanks,
Dawn

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Wednesday, October 04, 2017 2:51 PM
**To:** Joshua Libling; Beltrandefendants
**Cc:** Dawn Smalls; Maria Guarisco
**Subject:** RE: Opt-In Discovery

Good afternoon, Josh –

 As far as I know, our written opt-in discovery is either out the door to you, or will be momentarily.  Given the difference in circumstances among Sponsors, including size and numbers, I would imagine that, while it is similar to InterExchange's, it is not identical.  Our requests are extremely tailored, and we will be glad to discuss them with you if you have any questions or concerns.


Joan A. Lukey
logo



Choate, Hall & Stewart LLP

Two International Place

Boston, MA 02110

t 617.248.4949

f 617.502.4949

joan.lukey@choate.com

www.choate.com

---

**From:** Joshua Libling [mailto:jlibling@BSFLLP.com]
**Sent:** Wednesday, October 04, 2017 2:20 PM
**To:** Beltrandefendants
**Cc:** Dawn Smalls; Maria Guarisco

**Subject:** Opt-In Discovery

Counsel,

Please see the attached correspondence.

Joshua

**Joshua J. Libling**
Counsel

**BOIES SCHILLER FLEXNER LLP**

575 Lexington Avenue
New York, NY 10022
(t) +1 212 446 2381
jlibling@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this

message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com