# Exhibit 5

| | |
|---|---|
| **From:** | Lukey, Joan |
| **To:** | Dawn Smalls |
| **Cc:** | Wolosz, Justin J.; Kruzer, Lyndsey M. |
| **Subject:** | Re: summary of our conversation on November 1 |
| **Date:** | Tuesday, November 7, 2017 3:00:04 PM |
| **Attachments:** | image001.gif |

Thank you, Dawn. We agree to the revised RFA questions, and to deferring the issue of the number of depositions. We are anxious to get written discovery so we can start identifying dependents. So, please go ahead with the surveys. If there are any issues that require discussion at this point, I am in the office tomorrow. Thank you.

Joan Lukey
617 248-4949

On Nov 7, 2017, at 1:48 PM, Dawn Smalls <DSmalls@BSFLLP.com<mailto:DSmalls@BSFLLP.com>> wrote:

Joan,

Your email correctly summarizes our conversation with one exception. I did not agree that the cap on depositions should be 10%. I said that it was our position that 10% was the baseline for discussion since that is what Justin offered in writing the night before the hearing, and what Tom reiterated in court the next day. In any event, you correctly state that we have not come to agreement on the total number of depositions appropriate for opt in discovery. Plaintiffs agree that we can defer this issue for now and that you may begin noticing depositions when you choose to do so. We will revisit this issue once Cultural Care notices more than 5% of the opt-in Plaintiffs for depositions.

With respect to the remainder, we have conferred internally and agree to the proposal outlined below with the exception of the revised language for the requests to admit. We still have concerns that the questions as written call for a legal conclusion by asking whether the au pair's schedule was set by, and whether they were paid by, their host family as opposed to their sponsor agency. We will add these questions if we can delete the "as opposed to your sponsor agency" language, even though we believe that all three questions are duplicative of questions already asked and you will already have the information you seek.

Please let me know whether you would like to discuss. I am available today and tomorrow but will be out of the office Thursday through Monday if a follow up call would be helpful to bring this to resolution.

Thanks,

Dawn

From: Lukey, Joan [mailto:joan.lukey@choate.com]
Sent: Tuesday, November 07, 2017 6:44 AM
To: Dawn Smalls
Cc: Wolosz, Justin J.; Kruzer, Lyndsey M.
Subject: summary of our conversation on November 1

Good morning, Dawn –

With apologies for the delay, here is the promised summary of our call on November 1:

While reserving the rights of our respective legal teams to object or seek to modify, we each agreed to recommend to our teams a proposal to resolve the discovery disputes regarding written discovery to the FLSA opt-in Plaintiffs as follows:

1. Interrogatories/RFAs: In lieu of traditional interrogatories, a survey would go to all Cultural Care opt-in plaintiffs. The survey would be comprised of (a) questions concerning the bullet points in your email to me of October 13, 2017 (attached), (b) the additional three questions in your email to me of October 23 (attached), and (c) numbers 1, 4, and 5 of our RFAs, adapted into questions as set forth below (at *) in blue type. Each responding au pair would certify at the end of the survey that her/his answers are true and complete. You would consolidate the answers for each responding au pair, by name, into a spreadsheet using the au pair's actual unedited answers. We would then be served with the spreadsheets on a rolling basis as you compile information, in a timely enough fashion for us to begin and to complete the deposition process, also on a rolling basis. You will provide us a stipulation that each responding au pair has certified that her/his answers are true and complete, and that we may use the spreadsheets in the same manner as interrogatory responses. We will preserve our position that any au pair who fails to respond is subject to a default judgment, and you will preserve your position that she/he is not subject to a default judgment, reserving the issue for the court at a later point.

2. Document requests: We will reduce our RFPs to a single category, which we request be posed to each Cultural Care opt-in plaintiff, to wit: "Any documents relating to amounts paid to you and hours that you worked." We agreed that a response that the au pair possesses no such documents is not a ground for default. However, we preserve our right to argue that a failure to respond to the request at all is a ground for default, and you preserve your position that it is not.

Based on my notes and memory, that's the full extent of the recommendations that we agreed to discuss promptly with our teams.

We deferred the issue of the percentage of opt-in plaintiffs that we could depose, with your position being that it is 10%. I suggested that, while we might argue for a higher percentage in court at some point, the question might also be academic, as we may choose to depose a number at or lower than 10%.

*RFAs incorporated as questions into survey:

· On one or more occasions [did] you receive[] more than $195.75 in weekly payment(s) from your host family or host families?

· [Was] your schedule set by, or determined in conjunction with, your host family, [as opposed to] your sponsor agency?

· [Was] your stipend [] paid by your host family, [as opposed to] your sponsor agency?

If you believe that I have set forth any of these points incorrectly, or missed anything, please let me know. Thank you.

Joan A. Lukey
<image001.gif>
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949
f 617.502.4949

joan.lukey@choate.com<mailto:joan.lukey@choate.com>
www.choate.com<http://www.choate.com/>

_____
Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com<http://choate.com>
_____

_____
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]


Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com