# Exhibit 14

| | |
|---|---|
| **From:** | Wolosz, Justin J. |
| **To:** | Joshua Libling; Lukey, Joan; Dawn Smalls |
| **Cc:** | Kruzer, Lyndsey M.; O"Keefe, Kevin P.; Maria Guarisco |
| **Subject:** | RE: summary of our conversation on November 1 |
| **Date:** | Monday, December 11, 2017 11:17:30 PM |
| **Attachments:** | Stip re Survey Responses CHS Comments.DOCX<br>Redline Stipulation.pdf |

Joshua,

Attached is our proposed revision to the stipulation, in clean and redline.  Please let us know if Plaintiffs will agree to the stipulation in this form, or if you would like to discuss.

Justin

Justin J. Wolosz

logo 

Choate, Hall & Stewart LLP

Two International Place

Boston, MA 02110

t 617.248.5221

f 617.502.5221

jwolosz@choate.com

www.choate.com

**From:** Joshua Libling [mailto:jlibling@BSFLLP.com]
**Sent:** Tuesday, December 05, 2017 8:32 AM
**To:** Lukey, Joan; Dawn Smalls; Wolosz, Justin J.
**Cc:** Kruzer, Lyndsey M.; Maria Guarisco
**Subject:** RE: summary of our conversation on November 1

Per Dawn's e-mail, below, please see the attached draft stipulation.  We look forward to receiving your comments.

Joshua

**Joshua J. Libling**
Counsel

**BOIES SCHILLER FLEXNER** LLP

575 Lexington Avenue
New York, NY 10022
(t) +1 212 446 2381
jlibling@bsfllp.com
www.bsfllp.com

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Monday, December 4, 2017 4:19 PM

**To:** Dawn Smalls; Wolosz, Justin J.
**Cc:** Kruzer, Lyndsey M.; Joshua Libling; Maria Guarisco
**Subject:** RE: summary of our conversation on November 1

No problem.  We look forward to receiving the draft stipulation.

Joan A. Lukey



Choate, Hall & Stewart LLP

Two International Place

Boston, MA 02110

t 617.248.4949

f 617.502.4949

joan.lukey@choate.com

www.choate.com

---

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Monday, December 04, 2017 4:16 PM
**To:** Lukey, Joan; Wolosz, Justin J.
**Cc:** Kruzer, Lyndsey M.; Joshua Libling; Maria Guarisco
**Subject:** RE: summary of our conversation on November 1

OK. Thank you for the clarification.

---

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Monday, December 04, 2017 4:13 PM
**To:** Dawn Smalls; Wolosz, Justin J.
**Cc:** Kruzer, Lyndsey M.; Joshua Libling; Maria Guarisco
**Subject:** RE: summary of our conversation on November 1

Hi, Dawn –

   Sorry for the confusion.  The explanation is set forth in footnote one in the discovery requests (see attached): We issued the requests to preserve our rights as to the new set of plaintiffs, but assume that these plaintiffs (like the others) will produce subject to our agreement.

Joan A. Lukey



Choate, Hall & Stewart LLP

Two International Place

Boston, MA 02110

t 617.248.4949

f 617.502.4949

joan.lukey@choate.com

www.choate.com

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Monday, December 04, 2017 3:41 PM
**To:** Wolosz, Justin J.; Lukey, Joan
**Cc:** Kruzer, Lyndsey M.; Joshua Libling; Maria Guarisco
**Subject:** RE: summary of our conversation on November 1

Joan,

We were preparing to send over a draft stipulation in anticipation of making our first production this week pursuant to the agreement below but were confused by the issuance of the attached discovery request which we received on Thursday.  Can you explain?  I had understood our agreement to provide for the production of information outside of formal discovery requests.

Thanks,

Dawn

---

**From:** Dawn Smalls
**Sent:** Tuesday, November 07, 2017 3:21 PM
**To:** 'Wolosz, Justin J.'; Lukey, Joan
**Cc:** Kruzer, Lyndsey M.
**Subject:** RE: summary of our conversation on November 1

Yes. Sounds good. Thanks. I also promised you additional clarification on our discovery requests which I will get you later today.

---

**From:** Wolosz, Justin J. [mailto:jwolosz@choate.com]
**Sent:** Tuesday, November 07, 2017 3:19 PM
**To:** Dawn Smalls; Lukey, Joan
**Cc:** Kruzer, Lyndsey M.
**Subject:** RE: summary of our conversation on November 1

Thanks Dawn.  We would like to propose a spreadsheet format for our production as well.  We'll put together a model of what we're thinking of and get it over to you later today or tomorrow, and then maybe we can discuss.  Make sense?

Justin

Justin J. Wolosz



Choate, Hall & Stewart LLP

Two International Place

Boston, MA 02110

t 617.248.5221

f 617.502.5221

jwolosz@choate.com

www.choate.com

**From:** Dawn Smalls [mailto:DSmalls@BSFLLP.com]
**Sent:** Tuesday, November 07, 2017 3:06 PM
**To:** Lukey, Joan
**Cc:** Wolosz, Justin J.; Kruzer, Lyndsey M.
**Subject:** RE: summary of our conversation on November 1

OK. We will get the process started. Plaintiffs had adjourned our discovery request to you pending resolution of your discovery requests to opt in plaintiffs. How would you propose to address those? We do not want to impose unnecessary discovery requests, but also need access to the information you have and are potentially going to use on the opt in plaintiffs.

**From:** Lukey, Joan [mailto:joan.lukey@choate.com]
**Sent:** Tuesday, November 07, 2017 2:56 PM
**To:** Dawn Smalls
**Cc:** Wolosz, Justin J.; Kruzer, Lyndsey M.
**Subject:** Re: summary of our conversation on November 1

Thank you, Dawn. We agree to the revised RFA questions, and to deferring the issue of the number of depositions. We are anxious to get written discovery so we can start identifying dependents. So, please go ahead with the surveys. If there are any issues that require discussion at this point, I am in the office tomorrow. Thank you.

Joan Lukey
617 248-4949

On Nov 7, 2017, at 1:48 PM, Dawn Smalls <DSmalls@BSFLLP.com<mailto:DSmalls@BSFLLP.com>> wrote:

Joan,

Your email correctly summarizes our conversation with one exception. I did not agree that the cap on depositions should be 10%. I said that it was our position that 10% was the baseline for discussion since that is what Justin offered in writing the night before the hearing, and what Tom reiterated in court the next day. In any event, you correctly state that we have not come to agreement on the total number of depositions appropriate for opt in discovery. Plaintiffs agree that we can defer this issue for now and that you may begin noticing depositions when you choose to do so. We will revisit this issue once Cultural Care notices more than 5% of the opt-in Plaintiffs for depositions.

With respect to the remainder, we have conferred internally and agree to the proposal outlined below with the exception of the revised language for the requests to admit. We still have concerns that the questions as written call for a legal conclusion by asking whether the au pair's schedule was set by, and whether they were paid by, their host family as opposed to their sponsor agency. We will add these questions if we can delete the "as opposed to your sponsor agency" language, even though we believe that all three questions are duplicative of questions already asked and you will already have the information you seek.

Please let me know whether you would like to discuss. I am available today and tomorrow but will be out of the office Thursday through Monday if a follow up call would be helpful to bring this to resolution.

Thanks,

Dawn

From: Lukey, Joan [mailto:joan.lukey@choate.com]
Sent: Tuesday, November 07, 2017 6:44 AM
To: Dawn Smalls
Cc: Wolosz, Justin J.; Kruzer, Lyndsey M.
Subject: summary of our conversation on November 1

Good morning, Dawn –
With apologies for the delay, here is the promised summary of our call on November 1:
While reserving the rights of our respective legal teams to object or seek to modify, we each agreed to recommend to our teams a proposal to resolve the discovery disputes regarding written discovery to the FLSA opt-in Plaintiffs as follows:
1. Interrogatories/RFAs: In lieu of traditional interrogatories, a survey would go to all Cultural Care opt-in plaintiffs. The survey would be comprised of (a) questions concerning the bullet points in your email to me of October 13, 2017 (attached), (b) the additional three questions in your email to me of October 23 (attached), and (c) numbers 1, 4, and 5 of our RFAs, adapted into questions as set forth below (at *) in blue type. Each responding au pair would certify at the end of the survey that her/his answers are true and complete. You would consolidate the answers for each responding au pair, by name, into a spreadsheet using the au pair's actual unedited answers. We would then be served with the spreadsheets on a rolling basis as you compile information, in a timely enough fashion for us to begin and to complete the deposition process, also on a rolling basis. You will provide us a stipulation that each responding au pair has certified that her/his answers are true and complete, and that we may use the spreadsheets in the same manner as interrogatory responses. We will preserve our position that any au pair who fails to respond is subject to a default judgment, and you will preserve your position that she/he is not subject to a default judgment, reserving the issue for the court at a later point.
2. Document requests: We will reduce our RFPs to a single category, which we request be posed to each Cultural Care opt-in plaintiff, to wit: "Any documents relating to amounts paid to you and hours that you worked." We agreed that a response that the au pair possesses no such documents is not a ground for default. However, we preserve our right to argue that a failure to respond to the request at all is a ground for default, and you preserve your position that it is not.
Based on my notes and memory, that's the full extent of the recommendations that we agreed to discuss promptly with our teams.
We deferred the issue of the percentage of opt-in plaintiffs that we could depose, with your position being that it is 10%. I suggested that, while we might argue for a higher percentage in court at some point, the question might also be academic, as we may choose to depose a number at or lower than 10%.
*RFAs incorporated as questions into survey:

· On one or more occasions [did] you receive[] more than $195.75 in weekly payment(s) from your host family or host families?

· [Was] your schedule set by, or determined in conjunction with, your host family, [as opposed to] your sponsor agency?

· [Was] your stipend [] paid by your host family, [as opposed to] your sponsor agency?

If you believe that I have set forth any of these points incorrectly, or missed anything, please let me know. Thank you.
Joan A. Lukey
<image001.gif>
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617.248.4949
f 617.502.4949
joan.lukey@choate.com<mailto:joan.lukey@choate.com>
www.choate.com<http://www.choate.com/>

_____

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at
choate.com<http://choate.com>

_____

_____

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]


Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-

mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *ET AL.*

     Plaintiffs,

v.

INTEREXCHANGE, INC., *ET AL.*

     Defendants.

---

**STIPULATION REGARDING OPT-IN DISCOVERY**

---

Plaintiffs hereby stipulate and agree to the following ~~facts~~:

1.    On October 4, 2017, Defendant Cultural Care, Inc. ("Cultural Care") issued discovery requests, including interrogatory requests, to FLSA opt-in plaintiffs (the "Opt-ins").

2.    Since that date, Cultural Care has propounded additional, significantly similar, discovery requests as additional plaintiffs have opted-in.

3.    Plaintiffs and Cultural Care engaged in meet-and-confers regarding these discovery requests and agreed, *inter alia*, that much of the information sought by Cultural Care would be provided through production of a spreadsheet containing answers to a questionnaire sent to the Opt-ins ("Questionnaire Response").

4.    The Questionnaire Response shall be considered signed <ins>by counsel</ins> under the provisions of Federal Rule of Civil Procedure Rules 26(g)(1) and ~~33(b)(5)~~ <ins>signed by all Opt-ins whose information is included pursuant to Federal Rule of</ins>

1

<u>Civil Procedure 33(b)(3) and 33(b)(5),</u> regardless of whether an attorney or Opt-In signature appears on the face of the Questionnaire Response.

5.      The Questionnaire Response shall be ~~subject to~~<u>usable for all purposes permitted through</u> Federal Rule of Civil Procedure Rule 33(c)<u> and the Federal Rules of Evidence as if signed by counsel and the respective Opt-ins</u>.

<u>6.      The intent of this Stipulation is to permit Cultural Care to use the Questionnaire Response at trial or in any other proceeding as if each entry were contained in a interrogatory response signed by counsel and the respective Opt-ins.  Accordingly, the Parties stipulate that the Questionnaire Response is admissible as a summary pursuant to Federal Rule of Evidence 1006.  In addition, Plaintiffs agree not to object on the ground that the content is not contained in a signed interrogatory response, and further agree that they will cooperate in executing any further agreement that may be required in order to ensure that the Questionnaire Response may be used in the manner set forth herein.</u>

<u>7.</u>      ~~6.~~ By agreeing to the aforementioned provisions, Plaintiffs do not waive, but expressly reserve, any and all other rights, objections, or positions they may have or may be entitled to raise.  Without limiting the foregoing in any way, and by way of example only, Plaintiffs reserve the right to take the position that failure of an Opt-In to answer one or any of the items in the questionnaire is not ~~a default or otherwise a failure to answer a properly issued discovery request.  Plaintiffs understand that Cultural Care similarly reserves any and all other rights, objections, or positions~~<u>sufficient to warrant entry of a default.  Conversely, Cultural Care takes the position that failure of an Opt-In to answer one or any of the items in the questionnaire</u>

2

is sufficient to warrant entry of a default, as to that individual.  It is the intent of the parties to preserve and defer for subsequent ruling by the Court the determination of whether the failure to respond, in whole or in part, to the questionnaire is sufficient to warrant entry of a default.

~~Dated:~~        December ___, 2017

                                        BOIES SCHILLER FLEXNER LLP

*DRAFT*_____
Dawn L. Smalls
575 Lexington Avenue
New York, New York  10022
Tel:  (212) 446-2300
Fax: (212) 446-2350
dsmalls@bsfllp.com

*Attorneys for Plaintiffs*

CHOATE HALL & STEWART LLP

*DRAFT*_____
Joan A. Lukey
(joan.lukey@choate.com)
Justin J. Wolosz
(jwolosz@choate.com)
Lyndsey M. Kruzer
(lkruzer@choate.com)
Two International Place
Boston, Massachusetts 02110
Tel: (617) 248-4790
Fax:  (617) 248-4000


LEWIS ROCA ROTHGERBER CHRISTIE LLP
James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000

3

8417331v1

Fax: (303) 623-9222

*Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair*

4

8417331v1

Document comparison by Workshare Compare on Monday, December 11, 2017 11:06:07 PM

**Input:**

| | |
|---|---|
| Document 1 ID | file://C:\Users\jwolosz\Desktop\Stip re Survey Responses 4832-3779-4391 v2.docx |
| Description | Stip re Survey Responses 4832-3779-4391 v2 |
| Document 2 ID | interwovenSite://IMANAGE/EXCHANGE/8417331/1 |
| Description | #8417331v1<EXCHANGE> - Stip re Survey Responses 4832-3779-4391 v2 with JAL edits |
| Rendering set | Standard |

**Legend:**

Insertion

Deletion

Moved from

Moved to

Style change

Format change

Moved deletion

| | |
|---|---|
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

**Statistics:**

| | Count |
|---|---|
| Insertions | 29 |
| Deletions | 6 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 35 |