IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

        Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

        Defendants.

_____

**REPLY IN FURTHER SUPPORT OF JOINT MOTION TO COMPEL DISCOVERY [ECF NO. 973] OF DEFENDANTS CULTURAL CARE INC.
AND GO AU PAIR**

## INTRODUCTION

Defendants Cultural Care, Inc. ("CCI") and American Cultural Exchange, LLC (d/b/a Go Au Pair) and Go Au Pair Operations, LLC (collectively, "Go Au Pair") hereby jointly reply to Plaintiffs' Opposition to Defendants CCI and Go Au Pair's Joint Motion to Compel Discovery, ECF No. 973 (the "Motion"). Plaintiffs' opposition brief, ECF No. 1017 (the "Opposition"), simply does not address the relevant question presented by the Motion, i.e., are CCI and Go Au Pair entitled to the discovery requested? The case law in Colorado indicates that the answer is plainly yes.

First, the survey method to obtain relevant information from Opt-In Plaintiffs was suggested by Plaintiffs' counsel and accepted by defense counsel as a reasonable compromise for both sides months ago. Defendants could have insisted on the traditional documentary discovery to which they are otherwise entitled, but did not in

order to lighten Plaintiffs' burden and therefore avoid a potential court dispute.

Second, obtaining written responses in the agreed upon format from *all* opt-in au pairs is uniquely necessary in this case. In typical FLSA collective actions, the defendant, as employer, has access to the hours and wages information for all plaintiffs. Here, where thousands of different host families are the alleged employers of thousands of different au pairs, and the sponsors alleged to be at most joint employers, which they deny, Defendants CCI and Go Au Pair do not have access to that information. The survey responses, already a stipulated concession in lieu of traditional written discovery to which CCI and Go Au Pair agreed to lessen the burden on Plaintiffs and their counsel (*see* Motion 3), are the only opportunity for CCI and Go Au Pair to learn basic information regarding the individual opt-in Plaintiff au pair's hours, stipend amount, and job duties. That highly varied information (Motion 1) will form the basis of the decertification motions for these Defendants.

In order to seek decertification of the conditional collective action, CCI and Go Au Pair require the written discovery in the form which Plaintiffs desired and to which they agreed for their own convenience, and CCI requires the ability to take the limited noticed depositions. For the reasons set forth below and in the Motion, the Opt-In Plaintiffs should be compelled to satisfy their discovery obligations.

I.   **OPT-IN PLAINTIFFS MUST COMPLY WITH THEIR BASIC DISCOVERY OBLIGATIONS TO ALLOW DEFENDANTS TO PROVE THEIR DEFENSES.**

Courts across the country routinely permit individualized discovery of FLSA opt-in plaintiffs in order to gather information for a decertification motion and to prepare defenses. *See, e.g.*, *Renfro v. Spartan Comput. Servs.*, No. 06-2284-KHV, 2008 WL

821950, at *2-3 (D. Kan. Mar. 26, 2008); *Coldiron v. Pizza Hut, Inc.*, No. CV 03-05865-TJHMCS, 2004 WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004); *Khadera v. ABM Indus.*, No. C08-417RSM, 2011 WL 3651031, at *2-3 (W.D. Wash. Aug. 18, 2011); *Krueger v. New York Telephone Co.*, 163 F.R.D. 446, 451 (S.D.N.Y. 1995); *Brooks v. Farm Fresh, Inc.*, 759 F. Supp. 1185, 1188 (E.D. Va. 1991); *Kaas v. Pratt & Whitney*, No. 89-8343-CIV-PAINE, 1991 WL 158943, at *5-6 (S.D. Fla. March 18, 1991). FLSA classes differ in a material respect from Rule 23 classes: "unlike class action plaintiffs who automatically become class members until they opt out of the lawsuit, FLSA plaintiffs chose to participate in the lawsuit by filing their consent to join." *Renfro*, 2008 WL 821950, at *3.

Discovery from the FLSA Opt-In Plaintiffs is necessary to evaluate whether decertification of the conditional collective class is mandated. "[O]nce a FLSA collective action is initially certified upon a determination that a group of employees are 'similarly situated,' the opt-in plaintiffs may be subject to some individualized discovery, following which they will be required to demonstrate that they are 'similarly situated' under a stricter standard." *Green v. Drake Beam Morin, Inc.*, No. 11-cv-01063-REB-CBS, 2011 WL 6046940, at *1 n.2 (D. Colo. Dec. 6, 2011) (citing *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001)). In deciding whether decertification is warranted, the court reviews several factors including: (1) the disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. Second Am. Order Granting Cond. Collective Action Cert. 7, ECF No. 569; *Scott v.*

*Raudin McCormick, Inc.*, No. 08-4045-EFM, 2010 WL 5093650, at *2-3 (D. Kan. Dec. 8, 2010); *see also Thiessen*, 267 F.3d at 1102-03.  Written discovery is essential to the evaluation of these factors.

Moreover, discovery is necessary to distinguish the claimants with clearly deficient claims from those whose claims may, at least arguably, have merit.  The survey responses provide the only potential class-wide source of necessary information regarding the number of hours and stipend amounts, as well as other key information relevant to the decertification motion.  For example, at least 23 FLSA Opt-In Plaintiffs asserting claims against CCI appear to have been sponsored by a different defendant or to have participated in an au pair program outside the class period.  Discovery has also demonstrated that a substantial percentage of Opt-In Plaintiffs worked so few hours each week that their effective hourly wage was well above minimum wage, even without accounting for room-and-board deductions permitted by Department of Labor and Department of State regulations.

Furthermore, by agreeing to participate in this action, Opt-In Plaintiffs agreed to participate in discovery. Federal Rule of Civil Procedure 26 states that "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."  Opt-in plaintiffs are not immune to this rule.  As clearly stated in the notice authorized by this Court: "While this suit is pending you may be *required* to submit documents and written answers to questions and to testify under oath at a deposition hearing . . . ."  Notice of Your Right to Join Lawsuit, Mot. Ex. 5, ECF No. 973-5 (emphasis added).  Outright refusal to participate in the discovery process prevents

4

Defendants and the Court from evaluating the propriety of the claims.  *Marshall v. La. State*, No. 15-1128, 2017 WL 90655, at *5-6 (E.D. La. Jan. 10, 2017) (finding that opt-in plaintiffs' failure to respond to discovery questionnaire "prevents the Court from accurately determining whether they are similarly situated such that they could proceed collectively in this action"); *Arnold v. DirecTV, Inc.*, No. 4:10-CV-00352-JAR, 2014 WL 3611842, at *1 (E.D. Mo. July 14, 2014) ("Although the questionnaire was not court-ordered discovery, it was in fact a discovery process agreed upon by the parties in lieu of traditional interrogatories and requests for production.  The failure of these Opt-Ins to respond to the questionnaire makes it impossible for the Court to determine whether they are similarly situated such that they could proceed collectively in this action.").

In an attempt to draw attention from the fact that approximately 43% (in the case of Go Au Pair) and 42% (in the case of CCI) of the Opt-In collective actions refused instructions from their own counsel to provide information necessary to prosecute their claims—never mind that their refusal also constitutes a default with respect to CCI's and Go Au Pair's validly issued party discovery requests—Plaintiffs challenge the evidentiary sufficiency of the Motion and the declaration submitted by CCI and Go Au Pair's counsel with the Motion.  Opposition 9 n.7.  CCI and Go Au Pair do not wish to involve the Court in a another round of *ad hominem* attacks; the Stipulations speak for themselves.  *See* ECF Nos. 973-2, 973-4.  Should the Court desire additional declarations from CCI's or Go Au Pair's counsel to clarify this exact same information, CCI and Go Au Pair will promptly provide them.  CCI and Go Au Pair entered into the agreement with Plaintiffs in good faith, believing that they would produce 100% of the

survey responses for their respective classes, in circumstances where Plaintiffs' counsel were already distributing surveys for their own use and desired to avoid the burden of responding to any interrogatories and requests for production ("RFPs"). Motion 2-3. Plaintiffs cannot circumvent the agreement by stating they only agreed to produce the responses they received, any more than they could do so with interrogatories or RFPs. If Opt-In Plaintiffs refuse to respond as required and Plaintiffs' counsel are uninterested in pressing their clients to gather the requested information, an order compelling Plaintiffs to participate in the discovery process is a necessary and appropriate result.

## II.     THE DISCOVERY REQUESTED IS NOT BURDENSOME.

> As the party asserting an undue burden objection, [Plaintiff] must set forth facts justifying the objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. This means [Plaintiff] must show not only undue burden or expense but that the burden or expense is unreasonable in light of the benefits to be secured from discovery. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents.

*Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2011 WL 5103300, at *4-5 (D. Kan. Oct. 27, 2011) (citations omitted). Plaintiffs' Opposition bemoans the undue burden imposed upon plaintiffs who affirmatively elected to join a federal lawsuit, and whose counsel agreed to the use of surveys to avoid the alleged burden to Plaintiffs of responding to interrogatories and RFPs, but the Opposition offers nothing beyond supposition and hyperbole in support. This objection, founded upon the apparent unwillingness of hundreds of Plaintiffs to fill out a survey, which was designed by Plaintiffs' own counsel in significant part for Plaintiffs' affirmative case, lacks merit.

Plaintiffs claim the burden of collecting the information would be insurmountable; but, by their own admission Plaintiffs have already requested the information from all Opt-In Plaintiffs. Opposition 9 n.7. Plaintiffs' counsel simply need to request that their clients submit their responses, and remind them of their obligation to do so.

In addition, the survey responses received to date prove that the burden for these hundreds of Plaintiffs to complete the survey is not substantial. The survey data produced by Plaintiffs to date, including partially completed survey responses, include timestamps indicating when the Plaintiff started the survey and when the Plaintiff submitted the survey, which does not even take into account whether other activities intervened between the start and end points. Of the 1,704 partial and completed survey responses produced to date pertaining to CCI Opt-In Plaintiffs,[1] over 90% of the Opt-In Plaintiffs submitted the surveys in less than two hours, and over 75% surveys were submitted in less than an hour. Declaration of Kevin O'Keefe ¶¶ 6,7. Plaintiffs argue that obtaining the written discovery promised to CCI and Go Au Pair through an online survey would be a "Herculean burden for Plaintiffs and their counsel." Opposition 11. This unfounded assertion is belied by the minimal time that Plaintiffs have spent on the surveys to date, as well as by the testimony from various Plaintiffs that they completed the survey on their mobile phones.[2] Considering the ease of access and the limited

---

[1] The discrepancy between the 1,704 survey responses received by CCI and the 1,184 Opt-In Plaintiffs that have responded with partial or completed surveys (Kruzer Decl. ¶ 7, ECF No. 973-1) is the result of duplicate entries submitted by several hundred Plaintiffs.

[2] *See* DiMarco Tr. 64:12-17; Swartz Tr. 188:9-25; Simpson Tr. 79:12. It is worth noting that these Plaintiffs testified that they completed the survey on their cellphones to

7

amount of time expended by the Plaintiffs who have already filled out the survey, it is unclear how this minimal imposition on Plaintiffs who elected to join a lawsuit translates in any way to a "Herculean burden."

### III. CCI AND GO AU PAIR ARE NOT REQUESTING DISMISSAL AT THIS STAGE.

Defendants CCI and Go Au Pair have not at this time requested dismissal as to non-responding Plaintiffs.  Motion 8.  Notwithstanding, Opt-In Plaintiffs and their counsel have a responsibility to be active participants in this action, and thus, sanctions may be warranted for failure to produce the information and witnesses requested.  *Dinkel v. Medstar Health, Inc.*, 304 F.R.D. 339, 342 (D.D.C. 2014); *see also* Fed. R. Civ. P. 37(b)(2), (d).  The law is clear: dismissal is a permissible sanction for failure to comply with a discovery request.  *Smith v. BNSF Ry. Co*, No. 06–2534–CM, 2010 WL 3862025, at *1–2 (D. Kan. 2010).  When comparing the factors the Tenth Circuit has set forth to evaluate sanctions for non-participation in discovery to the facts before this Court (*see* Motion 5), dismissal may be warranted if the Court grants the Motion and Plaintiffs continue to refuse to participate in discovery.

First, the prejudice to CCI and Go Au Pair is clear.  Failing to provide discovery responses for hundreds of Plaintiffs hinders CCI's and Go Au Pair's ability to prepare their motions for decertification.  Second, the Court's notice states clearly that Opt-In Plaintiffs may be *required* to submit written answers to questions.  *Supra* at 4.  Failing to adhere to that requirement interferes with the judicial process.  *See, e.g.*, *Marshall*,

---

explain why their survey responses, submitted under oath, differed from the answers provided during their sworn testimony.  None attributed the changes, virtually all more favorable to their litigation positions, to intervening deposition preparation.

8

2017 WL 90655, at *5-6; *Arnold*, 2014 2014 WL 3611842, at *1.  Additionally, it is not clear what, if any, effort Plaintiffs' counsel has undertaken to encourage these Plaintiffs to respond to the stipulated discovery requests.  If these Plaintiffs continue to refuse to participate in the discovery process after an Order compelling them to respond, dismissal would be an appropriate sanction.

Finally, the Opposition complains that CCI and Go Au Pair are setting a "dismissal trap."  Opposition 11, 12, 14.  Notwithstanding Plaintiffs' counsel's colorful language, dismissal of a claim resulting from a party's refusal to participate in discovery is hardly a trap; it is a remedy expressly provided in Fed. R. Civ. P. 37(b)(2), (d). Furthermore, neither CCI nor Go Au Pair is requesting dismissal with no notice to the defaulting Opt-In Plaintiffs; rather, both Defendants have requested that Opt-In Plaintiffs receive additional notice that failure to respond would result in potential dismissal. Moreover, CCI's and Go Au Pair's position on this matter has been clear since they entered into the Stipulations with Plaintiffs; the Opposition's use of pejoratives and unfounded complaints of burden does not change the law or the facts.

### IV.   CCI IS ENTITLED TO TAKE THE REMAINING REQUESTED DEPOSITIONS.

CCI has made every effort to accommodate Plaintiffs in scheduling the opt-in depositions.  In addition to offering to travel to the au pairs to make attendance easier, depositions were scheduled on holidays and weekends at times that were convenient for the au pairs, video conferences were scheduled for those au pairs who live a great distance from the United States, and CCI even offered to pay reasonable travel expenses for those au pairs that lived in countries with blocking statutes.  Furthermore,

CCI requested depositions for only fifty-two au pairs (less than 3% of the class) and have taken depositions for only 1.9% of its class. CCI is not aware of any authority indicating that deposing 3% of the members of a collective action constitutes an undue burden, and based on the case law cited in the Opposition, Plaintiffs are not aware of any such authority either. *See, e.g., Scott v. Bimbo Bakeries, USA, Inc.*, No. 10-3154, 2012 WL 6151734, at *6 (E.D. Pa. Dec. 11, 2012) (ordering depositions for approximately 3% of the class); *Craig v. Rite Aid Corp.*, No. 4:08-CV-2317, 2011 WL 9686065, at *5 (M.D. Pa. Feb. 7, 2011) (ordering depositions for 4.6% of the class).

CCI is not requesting previously unscheduled depositions; it is only requesting that the deponents it has identified should appear for the depositions requested months ago. Defendants were provided with no explanation as to why Carolina Vieira da Motta Mello, Laura Froissart, Mariano Rogerio Gomes Alves, Claire Alexandra Bohlsen, and Lauren Kimpton would not appear. Further, after abruptly cancelling Estafania Vagas Mondragon's deposition a day before it was set to occur, Plaintiffs never contacted CCI to reschedule as they claimed they would. Individualized discovery is necessary to determine whether or not the Opt-In Plaintiffs are similarly situated under the FLSA, making these depositions integral to CCI's motion to decertify the collective action.

## **CONCLUSION**

For the reasons stated herein, and in CCI and Go Au Pair's Joint Motion to Compel Discovery, CCI and Go Au Pair request that the Court grant CCI and Go Au Pair's Motion to Compel, and grant such other relief as the Court deems necessary under the circumstances.

Dated:  April 23, 2018

Respectfully submitted,

*s/ Diane R. Hazel*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone: (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane R. Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO  80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

*s/ Kathryn A. Reilly*
Kathryn A. Reilly (reilly@wtotrial.com)
Grace A. Fox (fox@wtotrial.com)
Brett M. Mull (mull@wtotrial.com)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

***Attorneys for Defendants Agent Au Pair, Go Au Pair Operations, and American Cultural Exchange, LLC d/b/a Go Au Pair***

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on April 23, 2018, I have caused to be electronically filed the foregoing REPLY IN FURTHER SUPPORT OF JOINT MOTION TO COMPEL DISCOVERY [ECF NO. 973] OF DEFENDANT CULTURAL CARE, INC. AND GO AU PAIR with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*s/ Diane R. Hazel*