# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ,
SARAH CAROLINA AZUELA RASCON,
CATHY CARAMELO,
LINDA ELIZABETH,
GABRIELA PEREZ REYES,
        and those similarly situated,

        Plaintiffs,
v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION,
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA,
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR,
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR,
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR, and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

        Defendants.

---

## REPLY IN FUTHER SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE SUMMARY JUDGEMENT TESTIMONY OF STANLEY COLVIN, ESQ. [ECF No. 944]

---

## PRELIMINARY STATEMENT

The case for excluding Stanley Colvin's testimony is simple: he is a lawyer offering testimony on the law, which is inherently improper.  Centuries of jurisprudence say so; as does our Constitution.  That ends the analysis, but Mr. Colvin was also paid in exchange for his testimony, is a former government lawyer subject to certain privileges which limit his full testimony, represents at least one Defendant as its lawyer in a separate case that presents similar questions to those before this Court, and has offered legal advice to Defendants in this case.  Mr. Colvin's testimony cannot be allowed as a matter of law.

## ARGUMENT

### I.      No Witness—Lay or Expert—Gets To Tell the Court What the Law Is.

Mr. Colvin has all the markings of an expert witness: Defendants hired him because of his purported credentials, expertise and knowledge; they formally retained him and paid him a fixed hourly rate, for services including to "prepare a written report" (Ex. 4 at 2[1]); and he offers that 'expertise' to the Court in order to resolve issues in the case.[2]  But of course Defendants do not proffer him as a legal expert because there can be only one expert on the law in this case – the Court – and because they would otherwise have to follow the procedures set forth in FRCP 26(a), which they have not done.  Defendants instead claim that he is a "fact witness" offering "factual context" around the laws specifically at issue in this case, what they mean, how to interpret

---

[1]      "Ex." refers to the exhibits to the Smalls Declaration submitted in support of Plaintiffs' motion.  *See* ECF Nos. 945-1 to 945-15.

[2]      Defendants play word games in claiming that his "declaration" is somehow different than the "report" he was hired to prepare.  ECF No. 979 ("Opp.") at 3. Regardless of what the document is called, Mr. Colvin admitted that it was "encompassed" by his contractual bargain with Defendants.  Colvin Tr. 106:2-11 (Ex. 3).

them, and a history lesson in how they came about.  Opp. at 4.

However, the Court cannot rely on any "factual context" from a fact witness to construe the plain language of statutes and regulations.  The only "factual context" the Court requires are the statutes and regulations themselves, which the Court has already determined speak for themselves.  *See generally* ECF No. 258.  There is no authority for the proposition that the Court should defer to a "fact witness" to perform its function of interpreting the law.  Defendants cite none, and to do so would be contrary to the Constitution, Article III, Section I's investiture of "[t]he judicial power of the United States" in the federal courts.

Defendants try to circumvent this clear prohibition on "fact testimony" on the proper interpretation of regulations and statutes by quibbling with Mr. Colvin's witness label.  Although they proffer him as an expert on *au pair* program legal regulations, they claim Plaintiffs are wrong to call him an expert.  It does not matter what they call him, as "lay [fact] witnesses. . . are [also] not permitted to give opinions as to what the law is." *United States v. Kingston*, 971 F.2d 481, 486 (10th Cir. 1992).  Indeed, "[i]n no instance can a witness be permitted to define the law of the case."  *Id.* at 810; *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998).  Defendants in their opposition brief do not address either case.

Instead, Defendants rely almost exclusively on *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988).  *See* Opp. at 5-6.  In that case, the Tenth Circuit explicitly barred lawyers like Mr. Colvin from offering 'expert' testimony on the law, but said that witnesses could, of course, make reference to law in providing factual testimony.  *Id.* Here Mr. Colvin is offering testimony about the proper interpretation of the law, not

providing fact testimony with reference to the law.  *See, e.g.*, Ex. 1, Colvin Decl. ¶ 22

(testifying about Congress' intent when it passed legislation in 1997).  To compound the

impropriety of his testimony, he offers it on topics that have already been before and

decided by the Court: the room and board credit, and the parallel activity antitrust

defense.  The room and board credit is an issue of the law that the Court has already

decided.  *See* ECF No. 258 at 25-27.  Indeed the Court has already considered the very

notices Mr. Colvin now purports to interpret, and held that there was "no legal authority

for the notion that the conduct of an agency like the DOS can somehow trump the plain

language of a regulation."  *Id.* at 24.  As the Court recently had cause to remind

Defendants, "deponents' beliefs and experiences [ ] have no bearing on the Court's

legal analysis".  ECF No. 969 at 3.[3]  Similarly, Defendants' "antitrust defense" is an

issue of law.  Even if his "fact" testimony were permissible on either of these two issues,

Mr. Colvin is not capable of offering testimony as he is not authorized to speak on

behalf of the Department of State (or the Department of Labor, or Congress).[4]

## II.  Defendants' *Quid Pro Quo* Contract Renders Mr. Colvin's Testimony Inadmissible.

Defendants proffer Mr. Colvin as a fact witness, and do not dispute that he

testified because they paid him to do so.  *See* Colvin Tr. 106:6-8 (Ex. 3).  Although

Defendants claim he prepared no formal written report, submission of his Declaration

was entirely contingent on their approval, and their payment to him for it.  Yet, as

---

[3]  There Cultural Care sought to depose individual *au pairs* about their subjective experiences in order to prove that Department of State regulations preempted state and local wage laws.  ECF No. 969 at 3.  Not only did the Court reaffirm its prior ruling (that "Defendants' preemption argument has no support in federal law"), the Court rejected Cultural Care's attempt to offer firsthand fact testimony on a purely legal issue.  *Id.*

[4]  Mr. Colvin was one of a number of people involved in the *au pair* legislative and regulatory process – any one of whom could offer similar or conflicting testimony.  Plaintiffs made this point in their opening brief (Mot. at 12), and Defendants ignored it.

Defendants well know, fact witnesses cannot be paid in exchange for offering testimony.

In response, Defendants characterize their payments to Mr. Colvin as 'reimbursements.'[5]  Opp. at 8.  This representation is false.  What Defendants have done is to pay Mr. Colvin $10,000 up front, with the possibility of earning more for additional time spent.  *See* Ex. 4 at 2.  That is not mere reimbursement; that is a *quid pro quo*.  Moreover, among the tasks Mr. Colvin was paid for include "[d]ocument review and research" and for his declaration.  *Id.* at 11-12.  A "fact witness" does not need to conduct research before offering their testimony.  Further, a cursory review of the contract Defendants signed with Mr. Colvin clearly establishes that he is being paid in exchange for being a witness, rather than simply being reimbursed for his time:  the contract's scope is much broader than the reimbursement of expenses and specifies that payment will be made only if certain conditions are met and on the transmission of certain deliverables.  *Id.* at 1-2.[6]  Indeed, one of those deliverables for which Mr. Colvin was paid is the written testimony now at issue.  *See* Colvin Tr. 106:2-11 (Ex. 3).

Defendants also confuse the legal standard for exclusion of evidence with that of proving an ethical violation.  Opp. at 8.  While Defendants' opposition discusses whether they may have violated the Colorado Rules of Professional Conduct by entering into an agreement to pay Colvin to testify, that is not an issue Plaintiffs seek to

---

[5]      Defendants' attempt to draw a false analogy to Plaintiffs' retention of an investigator (David Keil) at the outset of this case only highlights what is so objectionable about Mr. Colvin.  Opp. at 10 n.5.  Plaintiffs hired an independent consultant with no connection to this case to perform investigative work.  Defendants then deposed Mr. Keil as to the scope of his work and his actions during his employment by Plaintiffs.  By contrast, Defendants offer Mr. Colvin as a percipient "fact" witness, who is being paid to offer favorable eye-witness testimony on fundamental matters in this lawsuit.

[6]      Indeed a witness' reimbursement for his or her time is ordinarily $40 per day as set by statute.  *See* 28 U.S.C. § 1821(b).

address here.  Rather, Plaintiffs address the issue of whether Mr. Colvin's testimony should be excluded on the basis that he provided it because he was being paid to do so.  Federal courts routinely exclude testimony on this basis, and Plaintiffs cited several cases showing why.  Mot. at 10 (citing *Rocheux Int'l of New Jersey v. U.S. Merchants Fin. Grp., Inc.*, Civ. No. 06-6147, 2009 WL 3246837, at *4 (D.N.J. 2009); *Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n*, 865 F. Supp. 1516, 1526-27 (S.D. Fla. 1994)).  Defendants fail to rebut, or even mention, any of these cases.  Indeed, Defendants offer no authority at all for the proposition that Mr. Colvin's bought testimony should not be excluded.

### III.   Mr. Colvin's Multiple And Competing Allegiances Renders His Testimony Prejudicial.

Mr. Colvin wears multiple hats for the Defendants: he is the lawyer for at least one Defendant in a separate case relating to the *au pair* stipend and whether it is compliant with local and state laws; he advised Defendants in this case to raise their (failed) preemption defense; and he used to be employed by Defendants' regulator, the U.S. Department of State.  Each of these positions brings with it certain duties of confidentiality.  As a result, offering Mr. Colvin as a fact witness inevitably prejudices Plaintiffs because he cannot offer complete testimony on the very topics Defendants offer him for.  For example, at Mr. Colvin's deposition he invoked an amorphous attorney-client "proprietary governmental information" privilege to prevent questioning about his State Department tenure.  Colvin Tr. 40:5-18; 45:15-46:7 (Ex. 3).  Yet in Defendants' brief, they claim Mr. Colvin can offer testimony about substantive "discussions" he had with the Department of Labor while employed by the State Department.  Under Mr. Colvin's own "proprietary governmental information" privilege,

5

this would be inappropriate, thus presenting a classic privilege-as-sword-and-shield problem.  Indeed, if such a privilege were even to exist, it would presumably be owned by the Government and not be Mr. Colvin's to selectively waive.  Similarly, in the billing statements he provided to Plaintiffs documenting services he performed for the Defendants, Mr. Colvin repeatedly redacted certain entries as privileged, an action inappropriate for a fact witness.  Ex. 4 at 12-13.

Defendants' only response is to question whether Mr. Colvin represents EurAupair.  Opp. at 14.  But there can be no doubt that Mr. Colvin represents EurAupair – as an attorney – in a matter involving similar legal and factual issues in this case.  Mr. Colvin explicitly stated that he was EurAupair's lawyer in a letter he wrote to the New York State Department of Labor letter when he said, "I represent EurAupair", and requested relief on EurAupair's behalf.  Ex. 9 at 1.[7]  The document's letterhead is from "STANLEY S. COLVIN *Attorney-At-Law*".  *Id.*  There can be no dispute that Mr. Colvin was acting as EurAupair's lawyer – the same company on whose behalf he wants to testify as a fact witness here on many of the same legal issues at issue in that dispute.[8]

In a last-ditch effort to rescue Mr. Colvin's testimony, Defendants claim that it is too early for the Court to consider exclusion.  It is not.  The Court may exclude at summary judgment any evidence that would not be admissible at trial.  *See* Mot. at 8 (citing *Gross v. Burggraf Constr. Co.,* 53 F.3d 1531, 1541 (10th Cir. 1995); *Daviscourt v.*

---

[7]     In closing his letter, Colvin states: "EurAupair respectfully requests that you withdraw your finding".  Ex. 9 at 3.

[8]     Defendants also cite *Perez v. Alegria*, No. 15-mc-401-SAC, 2015 WL 4744487 (D. Kan. June 24, 2015), which has no bearing on the conflict issue here.  There the owner of a restaurant (also a lawyer) was not permitted to invoke privilege to shield himself from testifying about underpaying his workers.  The same issue is not present here, where Mr. Colvin proposes to testify on behalf of his client in a separate matter.

*Columbia State Bank*, No. 05-cv-00687-WYD-BNB, 2007 WL 2889705, at \*6 (D. Colo. Sept. 26, 2007); *Vitamins Online, Inc. v. Heartwise, Inc.*, No. 2:13-CV-982-DAK, 2016 WL 538458, at \*2 (D. Utah Feb. 9, 2016)).  Defendants again do not address or mention any of these cases, and instead of relying on authority from this Circuit, they point to three out-of-circuit cases.  Opp. at 10.  In all three, the courts recognized that they could exclude evidence at summary judgment that would not otherwise be admissible at trial, but chose not to.  *See, e.g.*, *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (refusing to exclude expert evidence under FRE 403 at summary judgment that could otherwise be admissible at trial under FRE 702 and 703); *Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 428 (7th Cir. 2000) (statistical evidence admissible at summary judgment under FRE); *Brimberry v. Nw. Mut. Life Ins. Co.*, No. CV 13-00127 RSWL (AJWx), 2013 WL 4677592, at \*3 (C.D. Cal. Aug. 28, 2013) (summary judgment evidence must include evidence that "may be admissible at trial", which the court can, but "need not" exclude).  The Court is fully able to exclude Mr. Colvin's testimony at summary judgment and should do so here. [9]  There is no reason to wait.  The record on Mr. Colvin's testimony is complete, and nothing is going to happen between now and trial that will change the current analysis.

---

[9]     Defendants also inexplicably cite *United States v. Kienlen*, 349 Fed. App'x 349 (10th Cir. 2009), as somehow supportive of non-exclusion at summary judgment.  But the case is not about summary judgment at all.  There a criminal defendant charged with manslaughter waived her right to a jury trial, and after being convicted in a bench trial, challenged admitted evidence as prejudicial under Rule 403.  The Tenth Circuit held that in a bench trial, the evidence could not be prejudicial under 403, citing two other Circuits who held similarly, reasoning that there was no jury to prejudice.  *Id.* at 351 (citing *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517 (5th Cir. 1981), and *Schultz v. Butcher*, 24 F.3d 626 (4th Cir. 1994)).  These cases say nothing about excluding evidence at summary judgment.

## <u>CONCLUSION</u>

For the foregoing reasons, and those stated in Plaintiffs' moving brief, the Court should exclude Mr. Colvin's Declaration, and all references to it, from the summary judgment record.

Dated: April 23, 2018

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

/s/ *Dawn L. Smalls*
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

TOWARDS JUSTICE
Alexander Hood
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

8

## Certificate of Service

I hereby certify that on April 23, 2018, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to all

counsel of record.


 */s/ Dawn L. Smalls*
Dawn L. Smalls