**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
DAYANNA PAOLA CARDENAS CAICEDO;
ALEXANDRA IVETTE GONZALEZ;
and those similarly situated,

      Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

      Defendants.

_____

**DEFENDANTS' A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC
AND 20/20 CARE EXCHANGE, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED
COMPLAINT AND JURY DEMAND**
_____

Defendants, A.P.EX. American Professional Exchange, LLC and 20/20 Care

Exchange, Inc. (hereinafter "Defendants"), by their attorney, Lawrence D. Stone of

Nixon Shefrin Hensen Ogburn, P.C., hereby respond to the enumerated allegations in Plaintiffs' Third Amended Complaint ("Complaint"), and state as follows:

1. Defendants admit paragraph 16 as to the allegation that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in its present form, paragraph 17 in that venue is proper pursuant to 28 U.S.C. § 1391, paragraphs 45 and 46, except A.P.EX.'s address is now 806 East Avenue Pico, Suite I 270, San Clemente, CA 92673, the second sentence in paragraph 49, the first sentence of paragraph 51, the fourth sentence in paragraph 69, the third sentence in paragraph 77 and paragraph 86.

2. The following paragraphs set forth legal conclusions for which a response is not necessary:  6, 70, 88, 165, 166, 238, 358-361, and 364.

3. The following paragraphs are not applicable to these Defendants as they involve claims against other Defendants for which a response is not necessary or for which Defendants do not have knowledge or information and deny the same:  14, 15, 183-236, 262-318, 327-357, 362-363, 365-538, 542-561, 575-588, and 598-648.

4. A response to the following paragraphs is not necessary or for which Defendants do not have knowledge as they do not contain any factual allegations:  47 and 649.

5. Defendants incorporate by reference their responses to paragraphs 1-649 in response to paragraphs 539, 574, 589, 598, 605, 608, 611, 614, 617, 628, 637, and 643 of the Complaint.

6. Defendants deny, deny as stated or deny due to lack of knowledge or information the remaining allegations in the Complaint.

## GENERAL DENIALS

7. Defendants deny any allegation, averment, statement or conclusion of law that is not expressly admitted.

8. These Defendants deny the allegations regarding the other Defendants and sponsors due to lack of knowledge or information.

## PLAINTIFFS' PRAYER FOR RELIEF

9. To the extent that the Plaintiffs' prayer for relief may be deemed to require a response, it is denied. Defendants state that Plaintiffs are not entitled to maintain this action as a class-action and deny that Plaintiffs are entitled to any relief or damages whatsoever.

## SEPARATE DEFENSES

10. Defendants assert the following separate defenses to count I in the first amended complaint, which is the only claim asserted against Defendants. Defendants assert these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on the Plaintiffs. Defendants have not yet conducted any discovery, which might reveal additional defenses. Defendants therefore reserve the right to amend this answer if appropriate to assert additional defenses.

### FIRST DEFENSE

11. Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

12.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, 15 U.S.C. 15 b.

## THIRD DEFENSE

13.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of Defendants and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

## FOURTH DEFENSE

14.     Plaintiffs' claims are barred, in whole or in part, because of conduct of which Plaintiffs complain is reasonable and justified, has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

## FIFTH DEFENSE

15.     Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

## SIXTH DEFENSE

16.     The actions of Defendants constitute bona fide, legitimate business competition, and Defendants' actions were carried out in furtherance of their legitimate business interests.

## SEVENTH DEFENSE

17. Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

## EIGHTH DEFENSE

18. Plaintiffs' claims are barred because Defendants reasonably relied upon the weekly stipend established, calculated and applied by the State Department and the Department of Labor to be paid to participants in the au pair program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in Defendants' au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

## NINTH DEFENSE

19. If, for some reason, any or all of the alleged acts and omissions of Defendants were not within the scope of conduct authorized by the State Department and/or the Department of Labor, such a situation was not reasonably foreseeable by Defendants.

## TENTH DEFENSE

20. Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by,

due to, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

## ELEVENTH DEFENSE

21.     Plaintiffs' claims are barred, in whole or in part, because Defendants have acted in good faith and with intent to comply with the law.

## TWELFTH DEFENSE

22.     Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties.  Defendants are not liable for the acts of others over which it has no control.

## THIRTEENTH DEFENSE

23.     Plaintiffs' claims for damages against Defendants are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

## FOURTEENTH DEFENSE

24.     The alleged injury, loss or damage suffered by Plaintiffs, if any, would be compensated adequately by damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

## FIFTEENTH DEFENSE

25.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or latches.

### SIXTEENTH DEFENSE

26. Count I cannot be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

### SEVENTEENTH DEFENSE

27. Any alleged dispute between Defendants and the au pairs it sponsored are subject to mandatory arbitration provisions for which Defendants reserve the right to move to dismiss this action and/or compel arbitration, and for which this Answer shall not be deemed a waiver of these rights.

### EIGHTEENTH DEFENSE

28. The actions of Defendants have been procompetitive and Defendants' actions were carried out in furtherance of Defendants' legitimate business interests and did not lessen competition in the market.

### NINETEENTH DEFENSE

29. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack antitrust standing.

### TWENTIETH DEFENSE

30. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not direct sellers of any product or service to Defendants.

### TWENTY-FIRST DEFENSE

31. Plaintiffs' damages may be barred or diminished to the extent they failed to mitigate their damages.

## TWENTY-SECOND DEFENSE

32. Defendants adopt by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

## TWENTY-THIRD DEFENSE

33. A new sponsor has been approved by the Department of State which approval establishes Defendants' lack of market power and a sponsor's ease of entry into the market.

## TWENTY-FOURTH DEFENSE

34. Plaintiffs' anti-trust claim against Defendants is barred because the stipend applicable to au pairs sponsored by Defendants is overwhelmingly the rate applicable to professional au pairs (i.e. $250/week or more) and not the standard rate ($195.75/week).

## TWENTY-FIFTH DEFENSE

35. Plaintiffs' anti-trust claim against Defendants is preempted by federal law.

## TWENTY-SIXTH DEFENSE

36. Plaintiffs' claims are barred, in whole or in part, because the conduct of which Plaintiffs complain is reasonable and justified, is procompetitive and has not, and will not, substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy or prevent competition.

### TWENTY-SEVENTH DEFENSE

37. Defendants do not compete with co-defendants as Defendants serve a different market in that their focus is on the placement of professional au pairs as opposed to standard au pairs.

### TWENTY-EIGHTH DEFENSE

38. Plaintiffs do not have any direct or circumstantial evidence of a conspiracy or a traditional conspiracy.

### TWENTY-NINTH DEFENSE

39. An opportunity to collude or a discussion of business practices is not equivalent to an agreement to fix prices.

### THIRTIETH DEFENSE

40. Plaintiffs lack evidence of "plus factors" sufficient to overcome Defendants' parallel conduct.

### THIRTY-FIRST DEFENSE

41. Plaintiffs lack any evidence of a motive for Defendants to conspire to fix the stipend for standard au pairs.

### THIRTY-SECOND DEFENSE

42. Defendants' actions, if taken independently of alleged collusion, would not contradict their economic self-interest.

### THIRTY-THIRD DEFENSE

43. Defendants incorporate by reference the legal defenses asserted in their Motion for Summary Judgment and Reply.

WHEREFORE, Defendants pray that Plaintiffs' Third Amended Complaint be dismissed, that judgment be entered in favor of Defendants and against Plaintiffs, and that Defendants be awarded costs, expert witness fees, attorneys' fees and such other and further relief as this Court may deem just and proper.

DEFENDANTS REQUEST A JURY OF SIX (6) AS TO ALL ISSUES SO TRIABLE.

Respectfully submitted this 25th day of April, 2018.

NIXON SHEFRIN HENSEN OGBURN, P.C.

*s/ Lawrence D. Stone*
Lawrence D. Stone
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111
(303) 773-3500
lstone@nixonshefrin.com

Attorneys for Defendants A.P.EX. American Professional Exchange, LLC dba ProAuPair; and 20/20 Care Exchange, Inc. dba The International Au Pair Exchange

Defendants' Addresses:

A.P.EX. American Professional Exchange, LLC
806 East Avenue Pico, Suite I 270
San Clemente, CA  92673

20/20 Care Exchange, Inc.
1250 Newell Avenue
Walnut Creek, CA  92672

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2018, I have electronically filed the foregoing **DEFENDANTS' A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC AND 20/20 CARE EXCHANGE, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the counsel of record.

*s/ Peggy Skinner*
Peggy Skinner