**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al.,

    Plaintiffs,

v.

INTEREXCHANGE, INC., et al.,

    Defendants.

---

**DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY D/B/A AU PAIR IN AMERICA'S MOTION TO DISMISS COUNT IX PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND/OR FED. R. CIV. P. 12(b)(6)**

---

Defendant American Institute for Foreign Study d/b/a Au Pair in America ("APIA") hereby files its Motion to Dismiss Count IX Pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). APIA moves only to dismiss the portion of Count IX in which Plaintiffs seek to assert a claim for unpaid wages under Illinois law. In support of the instant motion, APIA states as follows:

    **I.**    **INTRODUCTION**

Count IX, Plaintiffs' claim for unpaid wages under the laws of several states, must be dismissed as it pertains to Illinois law because the only Plaintiff who claims to have "worked" in Illinois, Plaintiff Camila Gabriela Perez Reyes ("Reyes"), was at all relevant times exempt from the Illinois Minimum Wage Law. As such, she lacks standing to proceed with Illinois wage claims both individually and as the representative

of the Illinois Subclass, and she cannot state a claim upon which relief may be granted.[1]

Plaintiffs allege that Reyes worked as an au pair in Illinois in 2011 and 2012. During that time, however, individuals employed in domestic service in or about a private home, like Reyes, were exempt from the Illinois Minimum Wage Law. Indeed, Illinois did not extend the protections of the Minimum Wage Law to domestic workers until January 1, 2017 (five years after Reyes ceased her participation in the APIA au pair program). As Reyes was at all relevant times exempt from the Illinois Minimum Wage Law, the Illinois portion of Count IX must be dismissed against APIA.

## II.     CERTIFICATION PURSUANT TO CIV. PRACTICE STANDARD 7.1D

On April 23, 2018, counsel for APIA contacted Plaintiffs' counsel and provided a summary of the arguments set forth herein. Plaintiffs' counsel stated that Plaintiffs intend to oppose this Motion. Pursuant to Civil Practice Standard 7.1D(c), APIA certifies that the Court need not consider any materials outside the pleadings in connection with this Motion.

## III.    RELEVANT FACTS AND PROCEDURAL HISTORY

Reyes was not named in Plaintiffs' Complaint, Amended Complaint, or Second Amended Complaint, and none of these iterations of Plaintiffs' complaint identified a nominal Plaintiff who claimed to have participated in the au pair program in Illinois. (Dkt. #s 1, 101, and 395.) Nevertheless, on June 3, 2017, Plaintiffs filed a Motion for Rule 23 Class Certification and Appointment of Class Counsel ("Motion to Certify"), in

---

[1] APIA asserts that Plaintiffs' Illinois wage claim is subject to dismissal under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

which they sought to certify an APIA Illinois subclass represented by Reyes. (Dkt. # 559-1, pp. 4-7.) That same date, Plaintiffs also filed a Motion to Amend the Complaint, seeking among other things to add Reyes as a nominal Plaintiff. (Dkt. # 564, p. 2.)

By Order dated February 2, 2018, the Court granted in part Plaintiffs' Motion to Certify. In the Order, the Court certified an Au Pair In America Illinois Subclass (the "Illinois Subclass"). (Dkt. # 828, p. 35.) The Illinois Subclass was defined as:

> All persons sponsored by Defendant Au Pair in America (American Institute for Foreign Study) to work as a standard au pair in the State of Illinois pursuant to a J-1 Visa.

(*Id.*) On April 9, 2018, the Court reconsidered, *sua sponte*, its initial denial of the Motion to Amend and granted Plaintiffs leave to file a Third Amended Complaint. (Dkt. # 977, pp. 6-7.) On April 11, 2018, Plaintiffs filed their Third Amended Complaint, which adds Reyes as a nominal Plaintiff and representative for the Illinois Subclass. (Dkt. # 983.) Count IX of the Third Amended Complaint, which is brought by Reyes and other named Plaintiffs, is styled as "Claims for Unpaid Wages under the Laws of Several States and the District of Columbia[.]" (*Id.*)

The Third Amended Complaint contains scant allegations about Reyes. Specifically, with respect to Reyes, the Third Amended Complaint merely alleges:

> 29. Named Plaintiff Camila Gabriela Perez Reyes is a natural person who currently resides in Chile but who performed the service contract at issue in this Complaint in Illinois. . . . .
>
> 535. Ms. Reyes was an au pair for Au Pair in America from 2011 to 2012 in the State of Illinois.
>
> 536. Ms. Reyes paid an agency $1,500 to participate in the au pair program.

3

537. The agency in Chile informed Ms. Reyes that she would be paid $195.75 per week for her work.

538. The host family for whom she worked in Illinois paid her $200 per week.

(*Id.* at ¶¶ 29, 535-538.)

## IV. ARGUMENT

### a. Legal Standard

Plaintiffs bear the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing the[] elements [of standing]."); *see also Heath v. Bd. of Cty. Comr's of Boulder Cty.*, 92 F. App'x 667, 672 (10th Cir. 2004) (affirming dismissal for lack of Article III standing under Fed. R. Civ. P. 12(b)(1)). To do so, they must establish three elements: "(1) injury in fact—meaning the invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct—meaning that the injury can fairly be traced to the action of the defendant; and (3) a likelihood that the injury will be redressed by a favorable decision—meaning that the prospect of obtaining relief from . . . a favorable ruling is not too speculative." *Rector v. City & Cty. of Denver*, 348 F.3d 935, 942 (10th Cir. 2003) (internal citation omitted).

Further, "to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting and citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If plaintiffs

4

"have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 547. In assessing a Rule 12(b)(6) motion, courts are not required to take plaintiffs' legal conclusions as true. *Id.* at 555.

### b. Reyes Was Exempt from the Illinois Minimum Wage Law and Cannot Proceed on Count IX.

#### i. Until 2017, Au Pairs Were Exempt under Illinois' Minimum Wage Law.

During the entire time that Reyes claims she "worked" as an au pair in Illinois, *i.e.*, 2011 to 2012, Illinois wage and hour law exempted au pairs from its coverage. Indeed, until 2017, the Illinois Minimum Wage Law defined "employee" as:

> [A]ny individual permitted to work by an employer in an occupation, but does not include any individual permitted to work . . . In domestic service in or about a private home.

820 ILCS 105/3(d)(3) (2016). Thus, au pairs and other domestic workers were explicitly excluded from the protections of the Illinois Minimum Wage Law. It was not until January 1, 2017 that the Illinois legislature amended the state's wage and hour laws to extend the protections of the Illinois Minimum Wage Law to domestic workers. 820 Ill. Comp. Stat. Ann. 182/99 (noting that the amendment took effect on January 1, 2017). In so doing, the Illinois legislature noted that domestic workers, such as au pairs, had "historically been excluded from the protections under State law extended to workers in other industries." 820 Ill. Comp. Stat. Ann. 182/5.

#### ii. Reyes Lacks Standing to Proceed on Her Claim for Unpaid Wages under Illinois Law.

In light of this statutory history, Reyes lacks standing to pursue Count IX in her individual capacity and as a representative of the Illinois Subclass. Indeed, she cannot

5

establish even the threshold injury-in-fact requirement. Specifically, Ms. Reyes did not suffer an injury by APIA's alleged failure to pay wages in accordance with the Illinois Minimum Wage Law because that law never applied to Reyes. *Lujan*, 504 U.S. at 561. Therefore, the portions of Count IX that arise under Illinois law must be dismissed.

This conclusion is further supported by the Court's decisions related to standing. In its February 2, 2018 Class Certification Order (Dkt. # 828), the Court held that the "Named Plaintiffs lack Article III standing to assert claims under the laws of states in which they did not work, live, or reside." (*Id.*, p. 14.) The record in this matter conclusively demonstrates that none of the nominal Plaintiffs participated in the au pair program in Illinois after January 1, 2017. Therefore, Plaintiffs' claims under the Illinois Minimum Wage Law must be dismissed as a matter of law, and the wage claim portion of the Illinois Subclass must be decertified for want of an adequate representative. *See Rector v. City & Cty. of Denver*, 348 F.3d 935, 950 (10th Cir. 2003) (finding plaintiff "and the subclass she represents lack standing to assert the claims"); *Avendano v. Averus, Inc.*, 14-cv- 01614-CMA, ECF No. 92 at 10-11 (D. Colo. Sept. 29, 2016) (same); *Smith v. Pizza Hut, Inc.*, 2011 WL 2791331, *8-10 (D. Colo. July 14, 2011) ("[T]he Court finds that Plaintiff lacks standing to bring claims under state laws to which Plaintiff has never been subjected and the class action claim must therefore be dismissed for lack of standing.").

### iii. Reyes Has Failed to State a Claim for Unpaid Wages under Illinois Law.

Reyes also has failed to state a plausible claim upon which relief can be granted. Reyes concedes that she was an au pair in Illinois only during 2011 and 2012. (Dkt. #

983 at ¶ 535.) As discussed above, au pairs were exempt from the Illinois Minimum Wage Law during that time period. Thus, based on her *own allegations* that she worked as an au pair during the time when the exemption was in effect, it is inarguable that Reyes was not covered by the law. Count IX must therefore be dismissed because Reyes has not stated a plausible claim. *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (granting 12(b)(6) motion, finding plaintiffs exempt from protections of FLSA); *see also Copley v. Fla. Physicians Ins. Co.*, No. 807-CV-2100-T-30TGW, 2008 WL 544875, at *2 (M.D. Fla. Feb. 26, 2008) (granting 12(b)(6) motion where plaintiff "failed to plead sufficient facts demonstrating how or why she should not be classified as an administrative employee exempt from the FLSA").

This conclusion is supported by and consistent with this Court's ruling concerning Plaintiffs' wage claims under Utah and Pennsylvania law. Like Illinois law, these states' wage laws exempted domestic workers from their coverage. In her recommended ruling related to Defendants' previous motions to dismiss,[2] Magistrate Judge Tafoya concluded that Plaintiffs' claim under the Utah Minimum Wage Act should be dismissed because the Utah law exempts any employee entitled to minimum wage under the FLSA. (Dkt. # 240, pp. 35, 43.) Because Plaintiffs alleged (and the Court agreed) that they were entitled to minimum wage under the FLSA, Magistrate Judge Tafoya found that Plaintiffs were not entitled to recover under the Utah Minimum Wage Act. That is, Plaintiffs had effectively plead themselves into an exemption with respect to their Utah

---

[2] This Court agreed with Magistrate Judge Tafoya and adopted her ruling. (Dkt. # 258, p. 35.)

7

claim – like Plaintiffs have done with their Illinois wage claim – resulting in the dismissal of the Utah claim under Rule 12(b)(6).

Magistrate Judge Tafoya also implied that Plaintiffs' Pennsylvania wage claim would have been dismissed based on its exemption for domestic workers but for the fact that the Supreme Court of Pennsylvania had held that the exemption did not apply in the context of joint employment. (Dkt. # 240, p. 35.) Unlike the Pennsylvania exemption, however, there is no support in the statute or case law for the conclusion that the Illinois exemption is inapplicable in the joint employment context. Thus, Plaintiffs cannot claim a 'joint-employment exception' to resuscitate their Illinois wage claims.

## V. CONCLUSION

WHEREFORE, for the reasons stated above, APIA respectfully requests that the Court grant the instant Motion in its entirety, together and with such other and further relief as the Court deems just and proper.

Respectfully submitted this 25th day of April, 2018.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

s/ *Robert M. Tucker*
Stephen J. Macri
Robert M. Tucker
1745 Broadway, 22nd Floor
New York, NY 10019
(212) 492-2071
Email: stephen.macri@ogletree.com
robert.tucker@ogletree.com

***Attorneys for American Institute for Foreign Study d/b/a Au Pair in America***

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2018, I electronically filed the foregoing **DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY D/B/A AU PAIR IN AMERICA'S MOTION TO DISMISS COUNT IX PURSUANT TO FED. R. CIV. P. 12(b)(1) AND/OR FED. R. CIV. P. 12(b)(6)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/Mary Alice Lydick*
Mary Alice Lydick, Practice Assistant