**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al.

      Plaintiffs,

              v.

INTEREXCHANGE, INC., et al.

      Defendants.

---

**DEFENDANT EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS'
ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

---

      Defendant EurAupair Intercultural Child Care Programs ("EurAupair") answers

Plaintiffs' Third Amended Complaint as follows:

**<u>INTRODUCTORY STATEMENT</u>**

1.     Answering Paragraph 1, EurAupair admits that the Mutual Educational and

Cultural Exchange Act of 1961, 22 U.S.C. § 2451, *et seq.*, indicates that the

congressional purpose of the exchange visitor programs is:

> to enable the Government of the United States to increase mutual
> understanding between the people of the United States and the people of
> other countries by means of educational and cultural exchange; to
> strengthen the ties which unite us with other nations by demonstrating the
> educational and cultural interests, developments, and achievements of the
> people of the United States and other nations, and the contributions being
> made toward a peaceful and more fruitful life for people throughout the
> world; to promote international cooperation for educational and cultural
> advancement; and thus to assist in the development of friendly,
> sympathetic, and peaceful relations between the United States and the
> other countries of the world.

EurAupair also admits that under the au pair exchange visitor program:

> foreign nationals are afforded the opportunity to live with an American host family and participate directly in the home life of the host family. All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31.  EurAupair denies the remaining allegations in Paragraph 1.

2.      Answering Paragraph 2, EurAupair admits that the au pair exchange visitor program initially was administered by the United States Information Agency, which subsequently was merged into the United States Department of State.  EurAupair also admits that, as of November 2014, 15 organizations were authorized by the United States Department of State to place au pairs with American families as set forth in the governing regulations, 22 C.F.R. § 62.31, *et seq.*  EurAupair denies the remaining allegations in Paragraph 2.

3.      EurAupair denies the allegations in Paragraph 3.

4.      Answering Paragraph 4, EurAupair admits that government agencies oversee the au pair exchange visitor program.  EurAupair asserts that the allegations concerning the stipend due to "J-1 visa holders" does not apply to participants in the au pair exchange visitor program.  EurAupair denies the remaining allegations in Paragraph 4.

5.      EurAupair denies the allegations in Paragraphs 5-12.

## NATURE OF THE ACTION

6.      Answering Paragraph 13, EurAupair admits that plaintiff seeks the relief set forth in that paragraph.  EurAupair denies that it has violated state or federal antitrust laws and denies that plaintiffs are entitled to any relief whatsoever.

7.      Answering Paragraphs 14-15, EurAupair admits that plaintiffs assert the claims set forth in those paragraphs.  EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 14-15 and therefore denies them.

## JURISDICTION AND VENUE

8.      Answering Paragraph 16, EurAupair admits that this Court has jurisdiction over this lawsuit in its present form.

9.      Answering Paragraph 17, EurAupair admits that venue is proper in this Court. The remaining allegations in Paragraph 17 are denied.

## PARTIES

10.      Answering Paragraphs 18-20, EurAupair denies the characterization of an au pair's participation in the United States Department of State cultural exchange visitor program as a "service contract." EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 18-20 and therefore denies them.

11.    Paragraph 21 in Plaintiffs' Second Amended Complaint has been struck and no response is required.[1]

12.    Answering Paragraphs 22-29, EurAupair denies the characterization of an au pair's participation in the United States Department of State cultural exchange visitor program as a "service contract." EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 22-29 and therefore denies them

13.    EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 30-33 and therefore denies them.

14.    Answering Paragraph 34, EurAupair admits that it is a California public benefit non-profit entity with its principal place of business at 250 North Coast Highway, Laguna Beach, California 92651.

15.    EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 35-46 and therefore denies them.

16.    Answering Paragraph 47, EurAupair admits that the defendants are, at times, referred to collectively in the Second Amended Complaint as the "Sponsors" or the "Sponsor Defendants."

## STATEMENT OF ALLEGED FACTS

17.    EurAupair denies the allegations in Paragraph 48.

18.    Answering Paragraph 49, EurAupair admits that participants in the au pair exchange visitor program must have a J-1 visa, and that the au pair exchange visitor

---

[1] Plaintiff Dayanna Paola Cardenas Caicedo has been dismissed from this lawsuit, and this allegation has been stricken. *See* ECF No. 432.

program is one of several J-1 visa "cultural exchange" programs overseen and/or administered by the United States Department of State. EurAupair further admits that the au pair exchange visitor program is carried out under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, as well as the applicable regulations issued by the United States Department of State.  EurAupair denies the remaining allegations in Paragraph 49.

19.     Answering Paragraph 50, EurAupair asserts that the regulations governing the au pair exchange visitor program are set forth in 22 C.F.R. § 62.31, *et seq.*  EurAupair admits that among the requirements for participants in the au pair exchange visitor program are that they must be between the ages of 18 and 26, must have a secondary school education (or equivalent), and must be proficient in spoken English.  Additionally, EurAupair admits that foreign nationals participating in the au pair exchange visitor program:

> are afforded the opportunity to live with an American host family and participate directly in the home life of the host family.  All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31(a).  EurAupair further admits that the host families provide participants in the au pair exchange visitor program a suitable private bedroom and a weekly stipend.  EurAupair denies the remaining allegations in Paragraph 50.

20.     Answering Paragraph 51, EurAupair admits that the United States Department of State authorizes certain qualified entities to act as program sponsors in the au pair

exchange visitor program.  EurAupair further admits that all of the entities authorized to serve as program sponsors as of November 2014 are named as defendants in this case.  EurAupair denies the remaining allegations in Paragraph 51.

21.     Answering Paragraph 52, EurAupair admits that the program sponsors are the only entities as of November 2014 authorized by the United States Department of State to place au pair exchange visitors with host families in the United States.  EurAupair further admits that the placement of au pair exchange visitors with a host family is governed by United States Department of State regulations.  EurAupair denies the remaining allegations in Paragraph52.

22.     Answering Paragraph 53, EurAupair admits that it is a public benefit non-profit entity that has generated revenue from program fees paid by host families.  EurAupair denies that it receives revenues from au pairs.  EurAupair lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and therefore denies them.

23.     Answering Paragraph 54, EurAupair admits that United States Department of State regulations govern the au pair exchange visitor program and state in part that au pair exchange visitors:

> (1) Are compensated at a weekly rate based upon 45 hours of child care services per week and paid in conformance with the requirements of the Fair Labor Standards Act as interpreted and implemented by the United States Department of Labor . . .;
>
> (2) Do not provide more than 10 hours of child care per day, or more than 45 hours of child care in any one week . . .;
>
> (3) Receive a minimum of one and one half days off per week in addition to one complete weekend off each month; and

(4) Receive two weeks of paid vacation.

22 C.F.R. § 62.31(j).  EurAupair denies the remaining allegations in Paragraph 54.

24.  EurAupair denies the allegations in Paragraph 55.

25.  EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 56-60 and therefore denies them.

26.  Answering Paragraphs 60-62, EurAupair admits that the report was issued but asserts that the report is in writing and speaks for itself.  EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 60-62.

27.  Answering Paragraph 64, EurAupair admits that in 1994-1995, the United States Information Agency conducted formal rulemaking concerning the au pair exchange visitor program.  However, the interim final rule is in writing and speaks for itself, and all attempts to paraphrase or characterize the final rule are denied.  EurAupair lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 64 and therefore denies them.

28.  Answering Paragraphs 65-71, EurAupair admits that the United States Information Agency issued final regulations in 1995.  Without citation, these paragraphs purport to quote selectively from those regulations and the accompanying statements by the United States Information Agency.  Those regulations and statements speak for themselves and no further answer is required.  The remaining allegations in Paragraphs 65-71 are denied.

29.  EurAupair denies the allegations in Paragraphs 72-73.

30.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 and therefore denies them.  EurAupair denies that the sponsors "have a cartel."

31.     EurAupair denies the allegations in Paragraphs 75-76.

32.     Answering Paragraph 77, EurAupair admits that, as of November 2014, the sponsors were the only entities designated by the United States Department of State to serve as sponsoring organizations in the au pair exchange visitor program.  EurAupair denies the remaining allegations in Paragraph 77.

33.     Answering Paragraph 78, EurAupair admits that the sponsor defendants were the only entities designated by the United States Department of State in November 2014 to sponsor participants in the au pair exchange visitor program in the United States.  EurAupair denies the remaining allegations in Paragraph 78.

34.     Answering Paragraph 79, EurAupair admits that it competes with the Sponsor Defendants in attracting au pairs for program participation and that it collects a fee in connection with the placement of au pair exchange visitors with host families.  Except as expressly admitted, EurAupair denies the allegations in Paragraph 79.

35.     EurAupair denies the allegations in Paragraphs 80-83.

36.     Answering Paragraph 84, EurAupair admits that plaintiffs purport to use the term "standard au pair" to describe au pair positions as set forth in Paragraph 84.  EurAupair denies that the term "standard au pair" has any significant meaning in light of the economic realities of the au pair exchange visitor program.  EurAupair denies the remaining allegations in Paragraph 84.

37.     EurAupair denies the allegations in Paragraph 85.

38.     Answering Paragraph 86, EurAupair admits that the United States Department of State administers the au pair exchange visitor program.

39.     EurAupair denies the allegations in Paragraph 87.

40.     Answering Paragraph 88, EurAupair admits that 22 C.F.R. § 62.31(j) states in part that au pairs are to be "compensated at a weekly rate based upon 45 hours of child care services per week and paid in conformance with the requirements of the Fair Labor Standards Act as interpreted and implemented by the United States Department of Labor . . . ."  The au pair regulations are in writing and speak for themselves, and all attempts to paraphrase or characterize them are denied.  EurAupair denies any remaining allegations in Paragraph 88.

41.     Answering Paragraph 89, EurAupair admits that as of July 24, 2009, the United States Department of State designated $195.75, which included a 40% credit for room and board, as the weekly stipend to be paid to participants in the au pair exchange visitor program.  EurAupair denies the remaining allegations in Paragraph 89.

42.     EurAupair denies the allegations in Paragraphs 90-92.

43.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 93-94 and therefore denies them.

44.     EurAupair denies the allegations in Paragraphs 95-97.

45.     To the extent a responsive pleading is required, EurAupair denies that the quotations in Paragraphs 98-100 accurately and/or completely convey the substance of the conversation that Plaintiffs' investigator is alleged to have had.  EurAupair further

denies that it participated in an agreement or understanding with other sponsors concerning the amount of the weekly stipend to be paid by host families to their au pairs.  EurAupair denies the remaining allegations Paragraphs 98-100.

46.     EurAupair denies the allegations in Paragraph 101.

47.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 102-108 and therefore denies them.

48.     Answering Paragraph 109, EurAupair admits that its website did inform and still does inform host families that the minimum regular weekly stipend is $195.75 as established by the U.S. Department of State and that experienced au pairs in the "Par Expérience" program receive at least a minimum weekly stipend of $250.  EurAupair denies the remaining allegations in Paragraph 109.

49.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 110-120 and therefore denies them.

50.     EurAupair denies the allegations in Paragraphs 121-127.

51.     Answering Paragraph 128, EurAupair admits that some foreign nationals seek to participate in the au pair exchange visitor program as a means for experiencing life in the United States.  EurAupair denies the remaining allegations in Paragraph 128.

52.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129 and therefore denies them.

53.     EurAupair denies the allegations in Paragraphs 130-131.

54.     Answering Paragraph 132, EurAupair admits that it is a member of an association called The Alliance for International Exchange (formerly The Alliance for

International Educational and Cultural Exchange), which is referred to in Paragraph 132 as the "Alliance." EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 132 and therefore denies them.

55.     Answering paragraphs 133-134, EurAupair admits that it is a member of an association called the International Au Pair Association, which is referred to in Paragraph 133 as "IAPA." EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 133-134 and therefore denies them.

56.     Answering Paragraph 135, EurAupair admits that representatives of EurAupair attend meetings of the Alliance and IAPA, which are also attended by representatives of other sponsor defendants. EurAupair denies the remaining allegations in Paragraph 135.

57.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136 and therefore denies them.

58.     EurAupair denies the allegations in Paragraphs 137-140.

59.     Answering Paragraph 141, EuAupair admits that it posts stipend information online. EurAupair denies the remaining allegations in Paragraph 141.

60.     EurAupair denies the allegations in Paragraphs 142-143.

61.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 144-145 and therefore denies them.

62.     EurAupair denies the allegations in Paragraphs 146-147.

63.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 148-150 and therefore denies them.

64.     EurAupair denies the allegations in Paragraphs 151-157.

## ALLEGATIONS CONCERNING INTEREXCHANGE, CULTURAL CARE AND AU PAIR IN AMERICA

65.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in these Paragraphs 158-172 and therefore denies them. Additionally, EurAupair states that the allegations in these paragraphs purport to describe regulations issued and other actions taken by the United States Information Agency, the United States Department of State, and the United States Department of Labor concerning the weekly stipend paid to participants in the au pair exchange visitor program.  The regulations and other actions taken by the United States Information Agency, the United States Department of State, and the United States Department of Labor speak for themselves and no answer is required to these paragraphs.

66.     Answering Paragraph 173, EurAupair admits that it understands that the amount of the weekly stipend to be paid to participants in the au pair exchange visitor program as designated by the United States Department of State is a minimum weekly stipend. The remaining allegations in Paragraph 173 are denied.

67.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 174-181 and therefore denies them.

68.     Answering Paragraphs 182-236, EurAupair understands that the allegations contained in these paragraphs pertain to defendants other than EurAupair.  In particular, EurAupair understands that the use of the term "Sponsor" or "Sponsors" as used in

these paragraphs pertains to one or more of defendants Interexchange, Cultural Care, Au Pair in America, and AuPairCare, and not to EurAupair.  Based upon this understanding, EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in these Paragraphs 182-236 and therefore denies them.  To the extent plaintiffs intended to refer to EurAupair in any of these paragraphs, EurAupair denies those allegations.

69.      Answering Paragraphs 237-364, EurAupair understands that the allegations contained in these paragraphs pertain to defendants other than EurAupair.  In particular, EurAupair understands that the use of the term "Sponsor" or "Sponsors" as used in these paragraphs pertains to one or more of defendants Interexchange, Cultural Care, GoAuPair, Au Pair in America, AuPairCare, and Expert Au Pair, and not to EurAupair. Based upon this understanding, EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in these Paragraphs 237-364 and therefore denies them.  To the extent plaintiffs intended to refer to EurAupair in any of these paragraphs, EurAupair denies those allegations.

## INJURIES ALLEGEDLY SUFFERED BY NAMED PLAINTIFFS

70.      EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 365-538.

## CLASS ACTION ALLEGATIONS

71.      Answering Paragraph 539, EurAupair incorporates by reference its response to all previous paragraphs of the Second Amended Complaint.

72.     Answering Paragraph 540, EurAupair admits that plaintiffs purport to assert Counts I-VII and IX-X as class action claims.  EurAupair denies the remaining allegations in Paragraph 540 and denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

73.     Answering Paragraph 541, EurAupair admits that plaintiffs purport to define what they call the "Price Fixed Class" as set forth in that paragraph.  EurAupair denies the remaining allegations in Paragraph 541 and denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

74.     Answering Paragraphs 542-561, EurAupair states that the alleged classes purportedly defined in these paragraphs relate to claims that are not asserted against EurAupair and therefore no response is required from EurAupair.  In any event, EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 542-561and therefore denies them.

75.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 562 and therefore denies them.  EurAupair denies that certification of a class in this case would be proper under Rule 23 of the Federal Rules of Civil Procedure.

76.     EurAupair denies the allegations in Paragraphs 563-565.

77.     Answering Paragraph 566, EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies them.

78.     EurAupair denies the allegations in Paragraphs 567-568.

79.     EurAupair lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 569-570 and therefore denies them.

80.     Answering Paragraph 571, EurAupair admits that proceedings have been pending in this jurisdiction since in or about 2014.  EurAupair lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 571.

81.     EurAupair denies the allegations in Paragraphs 572-573.

82.     Answering Paragraphs 574-588, EurAupair states that these paragraphs relate to claims that are not asserted against EurAupair and therefore no answer by EurAupair is required.

## COUNT I:  ALLEGED RESTRAINT OF TRADE

83.     Answering Paragraph 559, EurAupair incorporates by reference its response to all previous paragraphs of the Second Amended Complaint.  EurAupair denies that plaintiffs may assert their claims on behalf of any other similarly situated participants in the au pair exchange visitor program and denies the remaining allegations in Paragraph 559.

84.     EurAupair denies the allegations in Paragraphs 590-597.

## COUNTS II - XI

85.     Answering Paragraphs 598-648, the allegations in these paragraphs pertain to claims that are not asserted against EurAupair and therefore no response by EurAupair is required.

86.     EurAupair denies all allegations of the Second Amended Complaint that are not expressly admitted.

## DEMAND FOR JURY TRIAL

87.     Answering Paragraph 649, EurAupair admits that plaintiffs have demanded a trial by jury for all issues so triable.

## PLAINTIFFS' PRAYER FOR RELIEF

88.     To the extent that the plaintiffs' prayer for relief may be deemed to require a response, it is denied.  EurAupair states that plaintiffs are not entitled to maintain this action as a class-action and deny that plaintiffs are entitled to any relief or damages whatsoever.

## SEPARATE DEFENSES

EurAupair asserts the following separate defenses to Count I in the Second Amended Complaint, which is the only claim asserted against EurAupair.  EurAupair asserts these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on the plaintiffs.  EurAupair has not yet conducted any discovery, which might reveal additional defenses.  EurAupair therefore reserves the right to amend this answer if appropriate to assert additional defenses.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Neither a class nor a collective action would be appropriate or in conformity with applicable law.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs have not suffered antitrust injury proximately caused by the conduct of EurAupair and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of conduct of which plaintiffs complain is reasonable and justified, has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

## SEVENTH DEFENSE

The actions of EurAupair have been procompetitive and EurAupair's actions were carried out in furtherance of EurAupair's legitimate business interests and purposes.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

## NINTH DEFENSE

Plaintiffs' claims are barred because EurAupair reasonably relied upon the weekly stipend established, calculated, and applied by the United States Department of State and the United States Department of Labor to be paid to participants in the au pair exchange visitor program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in EurAupair's au pair exchange visitor program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange visitor program.

## TENTH DEFENSE

If, for some reason, any or all of the alleged acts and omissions of EurAupair were not within the scope of conduct authorized by the United States Department of State and/or the United States Department of Labor, such a situation was not reasonably foreseeable by EurAupair.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine, and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in response from directives, laws, regulations, authorizations, policies, and/or acts of government and/or their agencies.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because EurAupair has acted in good faith and with intent to comply with the law.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if they would be allowed to recover any part of the damages alleged in the complaint.

**FOURTEENTH DEFENSE**

Because EurAupair was not the employer or joint employer of the Plaintiffs or any other au pair, there is no common pay practice and a collective action would not be appropriate or in conformity with applicable law.

**FIFTEENTH DEFENSE**

There is no liability because no host family was an agent or employee of EurAupair.

**SIXTEENTH DEFENSE**

There is no liability because EurAupair was not the "employer" or "joint-employer" of the Plaintiffs or any other au pair.

**SEVENTEENTH DEFENSE**

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**EIGHTEENTH DEFENSE**

Any injuries, losses, or damages suffered by plaintiffs were the result of the independent actions and decisions of third parties.  EurAupair is not liable for the acts of others over which it has no control.

**NINETEENTH DEFENSE**

The alleged injury, loss, or damage suffered by plaintiffs, if any, would be compensated adequately by damages.  Accordingly, plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or latches.

**TWENTY-FIRST DEFENSE**

Count I cannot be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

**TWENTY-SECOND DEFENSE**

EurAupair adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

## EURAUPAIR'S PRAYER FOR RELIEF

Therefore, EurAupair prays for relief as follows:

1.      That this Court decline to certify as a class action the claims asserted in Count 1 in the Second Amended Complaint;

2.      That plaintiffs take nothing by way of the claim asserted in Count I of the Second Amended Complaint, and the action be dismissed with prejudice;

3.      That judgment be entered in favor of EurAupair and against plaintiffs with respect to Count I in the Second Amended Complaint;

4.      That the Court award EurAupair its attorneys' fees and all are other costs reasonably incurred in defense of this action; and

5.      That the Court award such other relief as it made deem just and proper.

Respectfully submitted this 25th day of April 2018.

By: *s/ Martha L. Fitzgerald*
Martha Louise Fitzgerald
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone:  303-223-1100
Facsimile:  303-223-1111
Email:  mfitzgerald@bhfs.com;
dmeschke@bhfs.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of April, 2018, a true and correct copy of the foregoing **DEFENDANT EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** was electronically filed using the CM/ECF system which will send notification of such filing to the following:

Sigrid S. McCawley
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn Smalls
Sabria A. McElroy
Joshua J. Libling
Juan Valdivieso
Sean Rodriguez
Byron Pacheco
BOIES SCHILLER &
FLEXNER, LLP
smccawley@bsfllp.com
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
smcelroy@bsfllp.com
jlibling@bsfllp.com
jvaldivieso@bsfllp.com
srodriguez@bsfllp.com
bpacheco@bsfllp.com

Alexander N. Hood
TOWARDS JUSTICE -
DENVER
alex@towardsjustice.org

**Counsel for Plaintiffs**

Lawrence Daniel Stone
Kathleen E. Craigmile
NIXON SHEFRIN HENSEN
OGBURN, P.C.
lstone@nixonshefrin.com
kcraigmile@nixonshefrin.com

**Counsel for Defendant A.P.E.X. American Professional Exchange, LLC, and 20/20 Care Exchange, Inc. dba The International Au Pair Exchange, Inc.**

Thomas B. Quinn
Peggy Kozal
Nathan Huey
Jennifer Arnett-Roehrich
GORDON & REES SCULLY
MANSUKHANI
tquinn@gordonrees.com
pkozal@gordonrees.com
nhuey@gordonrees.com
jarnett-roehrich@grsm.com

**Counsel for Au PairCare, Inc.**

Joseph B. Cartafalsa
Stephen J. Macri
Robert M. Tucker
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Joseph.carafalsa@ogletree.com
Stephen.macri@ogletree.com
robert.tucker@ogletree.com

Eric J. Stock
GIBSON, DUNN & CRUTCHER,
LLP
estock@gibsondunn.com

**Counsel for Defendants American Institute for Foreign Study dba Au Pair in America, and APF Global Exchange, NFP dba Aupair Foundation AND American Institute for Foreign Study dba Au Pair in America**

Joan A. Lukey
Lyndsey M. Kruzer
Kevin P. O'Keefe
Robert M. Buchanan, Jr.
Justin J. Wolosz
Michael T. Gass
Samuel N. Rudman
CHOATE HALL & STEWART
joan.lukey@choate.com
lkruzer@choate.com
kokeefe@choate.com
rbuchanan@choate.com
jwolosz@choate.com
mgass@choate.com
srudman@choate.com

Diane Hazel
James M. Lyons
Jessica L. Fuller
LEWIS ROCA ROTHGERBER
CHRISTIE LLP
dhazel@lrrc.com
jlyons@lrrc.com
jfuller@lrrc.com

**Counsel for Cultural Care, Inc. dba Cultural Care Au Pair**

Kathryn A. Reilly
Natalie E. West
Brett M. Mull
V. William Scarpato III
WHEELER TRIGG
O'DONNELL LLP
reilly@wtotrial.com
west@wtotrial.com
mull@wtotrial.com
scarpato@wtotrial.com

Brian A. Birenbach
THE REITZ LAW FIRM LLC
brian@rietzlawfirm.com

**Counsel for Defendants American Cultural Exchange, LLC dba GoAuPair, Au Pair International, Inc., and Agent Au Pair**

Brooke A. Colaizzi
Heather F. Vickles
Alyssa L. Levy
Joseph H. Hunt
Raymond M. Deeny
SHERMAN & HOWARD LLC
bcolaizzi@shermanhoward.com
hvickles@shermanhoward.com
alevy@shermanhoward.com
jhunt@shermanhoward.com
rdeeny@shermanhoward.com

**Counsel for Defendant InterExchange, Inc.**

William J. Kelly III
Chanda M. Feldkamp
KELLY & WALKER LLC
wkelly@kellywalkerlaw.com
cfeldkamp@kellywalkerlaw.com

**Counsel for Defendant US AuPair, Inc.**

Adam A. Hubbard
Jonathan S. Bender
James E. Hartley
HOLLAND & HART
aahubard@hollandhart.com
jsbender@hollandhart.com
jhartley@hollandhart.com

**Counsel for Defendant Cultural Homestay International**

Bogdan Enica
bogdane@hotmail.com

**Counsel for Defendant Expert Group International, Inc.**

Meshach Y. Rhoades
Martin J. Estevao
Vance O. Knapp
ARMSTRONG TEASDALE LLP
mrhoades@armstrongteadale.com
mestevao@armstrongteasdale.com
vknapp@armstrongteasdale.com

**Counsel for Defendant GreatAuPair, LLC**

_s/ Shirley M. Newman_
Shirley M. Newman, Paralegal

16768311