**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, ET AL.,

      Plaintiffs,

v.

INTEREXCHANGE, INC., ET AL.,

      Defendants.

_____

**DEFENDANT GREATAUPAIR, LLC'S**
**ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

_____

      Defendant GreatAuPair, LLC ("GAP"), by and through its undersigned counsel, respectfully responds to Plaintiffs' Third Amended Complaint (the "Complaint") as follows:

      1.     Answering Paragraph 1, GAP admits that Congress created the au pair cultural exchange program, but denies all other allegations in Paragraph 1.

      2.     Answering Paragraph 2, GAP admits that the au pair exchange program is regulated by the Department of State.  GAP denies all other allegations in Paragraph 2.

      3.     GAP denies the allegations in Paragraph 3.

      4.     Answering Paragraph 4, GAP admits that the Department of State oversees the au pair exchange program, but denies all other allegations in Paragraph 4.

      5.     GAP denies the allegations in Paragraphs 5–12.

**Nature of the Action**

6.      Answering Paragraphs 13–15, GAP admits that Plaintiffs seek the relief and assert the claims set forth in those paragraphs, but denies that it has violated state or federal antitrust laws and denies that Plaintiffs are entitled to any relief whatsoever. GAP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 13–15.

**Jurisdiction and Venue**

7.      Answering Paragraph 16, GAP admits that this Court has jurisdiction over this lawsuit in its present form.  However, because any dispute involving an au pair sponsored by GAP would be subject to a mandatory arbitration provision, GAP reserves the right to challenge the Court's jurisdiction in the future should any claims be brought on behalf of an au pair sponsored by GAP.

8.      Answering Paragraph 17, GAP admits that venue is proper in this Court, but denies any other allegations in Paragraph 17.

**Parties**

9.      GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 18–31.

10.      Answering Paragraph 32, GAP admits that Paragraph 32 was previously true, but GAP is now located at 12600 Hill Country Blvd., Suite R-275, Austin, Texas 78738.

11.      GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 33–46.

12.    Paragraph 47 contains no factual allegations and therefore no response is required.  To the extent a further response is deemed required, GAP denies these allegations.

## Statement of Alleged Facts

13.    GAP denies the allegations in Paragraph 48.

14.    Answering Paragraph 49, GAP admits that participants in the au pair exchange program must have a J-1 visa, and that the au pair exchange program is one of several J-1 visa cultural exchange programs overseen by the Department of State. GAP denies any other allegations in Paragraph 49.

15.    Answering Paragraph 50, GAP admits that, pursuant to Department of State regulations, a participant in the au pair exchange program must be between the ages of 18 and 26, must have a secondary school education or equivalent, and must be proficient in spoken English.  GAP further admits that the host families provide participants in the au pair exchange program a private bedroom and a weekly stipend. GAP denies all other allegations in Paragraph 50.

16.    Answering Paragraph 51, GAP admits that the Department of State authorizes certain entities to act as sponsors in the au pair exchange program.  GAP denies all other allegations in Paragraph 51.

17.    Answering Paragraph 52, GAP admits that sponsors are the only entities authorized by the Department of State to place au pairs with host families, and admits that au pair placements are governed by Department of State regulations.  GAP denies all other allegations in Paragraph 52.

18.     GAP denies the allegations in Paragraph 53 as to itself and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to any other sponsor.

19.     Answering Paragraph 54, GAP admits that the Department of State regulations govern the au pair exchange program, but denies any other allegations in Paragraph 54.

20.     GAP denies the allegations in Paragraph 55.

21.     Either GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 56–70, or those paragraphs state legal conclusions and do not contain any factual allegations, and no response is required.  To the extent a response is deemed required, GAP denies those allegations.

22.     GAP denies the allegations in Paragraphs 71–73.

23.     GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 74, and denies all other allegations in that paragraph.

24.     GAP denies the allegations in Paragraphs 75–78.

25.     Answering Paragraphs 79–82, GAP admits that it competes with other sponsors, but denies all other allegations in those paragraphs for lack of knowledge or information or otherwise.

26.     GAP denies the allegations in Paragraphs 83–85.

27.     Answering Paragraph 86, GAP admits that the Department of State oversees and administers the au pair exchange visitor program, but denies any other allegations in that paragraph.

28.     GAP denies the allegations in Paragraph 87.

29.     Answering Paragraph 88, GAP admits that a Department of State regulation addresses au pair compensation to be paid by host families, but denies any other allegations in that paragraph.

30.     Answering Paragraph 89, GAP admits that the Department of State designated $195.75 as the weekly stipend for host families to pay to participants in the au pair exchange program after including a 40% credit for room and board.  GAP denies all other allegations in Paragraph 89.

31.     GAP denies the allegations in Paragraphs 90–92.

32.     GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 93–94.

33.     GAP denies the allegations in Paragraphs 95–98.

34.     GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 99–106.

35.     Answering Paragraph 107, GAP admits that its website informed host families that the minimum weekly stipend required by the Department of State was $195.75, but denies all other allegations in Paragraph 107.

36.     GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 108–120.

37.      GAP denies the allegations in Paragraphs 121–127.

38.      Answering Paragraph 128, GAP admits that some foreign nationals may seek to participate in the au pair exchange program as a means to experience life in the United States, but denies all other allegations in Paragraph 128.

39.      GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129.

40.      GAP denies the allegations in Paragraphs 130–131.

41.      Answering Paragraph 132, GAP admits that it became a member of an association called the Alliance for International Education and Cultural Exchange in 2014, the same year that this lawsuit was filed.  GAP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 132.

42.      GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 133–134.

43.      GAP denies the allegations in Paragraph 135.

44.      GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136.

45.      GAP denies the allegations in Paragraphs 137–143.

46.      GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 144–145.

47.      GAP denies the allegations in Paragraphs 146–147.

48.      GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 148–150.

49.     GAP denies the allegations in Paragraphs 151–157.

**Allegations Concerning Interexchange, Cultural Care,**
**Au Pair in America, AuPairCare, GoAuPair, and Expert AuPair**

50.     GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 158–364, which relate to sponsors other than GAP.  To the extent any response is deemed required, GAP denies those allegations.

**Injuries Allegedly Suffered by Plaintiffs**

51.     GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 365–538.

**Rule 23 Class Action Allegations**

52.     Paragraphs 539–540 contain no factual allegations and therefore no response is required.  To the extent a response is deemed required, GAP denies any allegations.

53.     GAP denies the allegations in Paragraph 541 and denies that certification of a class in this case is proper under Rule 23 of the Federal Rules of Civil Procedure.

54.     GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 542–561, which address alleged classes relating to claims that are not asserted against GAP.

55.     GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 562.

56.     GAP denies the allegations in Paragraphs 563–565.

57.     GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 566.

7

58.     GAP denies the allegations in Paragraphs 567–568.

59.     GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 569–571.

60.     GAP denies the allegations in Paragraphs 572–573.

61.     GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 574–588, which relate to claims that are not asserted against GAP.

### Count I: Alleged Restraint of Trade

62.     Paragraph 589 contains no factual allegations and therefore no response is required.  To the extent a response is deemed required, GAP denies any allegations.

63.     GAP denies the allegations in Paragraphs 590–97.

### Counts II – XI

64.     GAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 598–648, which relate to claims that are not asserted against GAP.

### GENERAL DENIALS

65.     GAP denies any allegation, averment, statement, or conclusion of law that is not expressly admitted.

66.     GAP denies the allegations regarding the other defendants due to lack of knowledge or information.

67.     A statement by GAP that it lacks knowledge or information sufficient to form a belief about the truth of an allegation shall have the effect of a denial of that allegation.

## PLAINTIFFS' PRAYER FOR RELIEF

68.     To the extent that Plaintiffs' prayer for relief may be deemed to require a response, it is denied.  GAP states that Plaintiffs are not entitled to maintain this action as a class-action and deny that Plaintiffs are entitled to any relief or damages whatsoever.

## SEPARATE DEFENSES

69.     GAP asserts the following separate defenses to Count I of the Complaint, which is the only claim asserted against GAP.  GAP asserts these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on Plaintiffs.  Additional defenses may be revealed through further investigation and discovery.  GAP therefore reserves the right to amend this Answer if appropriate to assert additional defenses.

## FIRST DEFENSE

70.     Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

71.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, 15 U.S.C. § 15b.

## THIRD DEFENSE

72.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by GAP or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

## FOURTH DEFENSE

73.     Plaintiffs' claims are barred, in whole or in part, because the conduct about which Plaintiffs complain is reasonable and justified and has not, and will not, substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

## FIFTH DEFENSE

74.     Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

## SIXTH DEFENSE

75.     GAP's actions constitute bona fide, legitimate business competition and were carried out in furtherance of its legitimate business interests.

## SEVENTH DEFENSE

76.     Plaintiffs' claims are barred because they have not alleged properly defined relevant products (or services) and geographic markets.

## EIGHTH DEFENSE

77.    Plaintiffs' claims are barred because GAP reasonably relied upon the weekly stipend established, calculated, and applied by the State Department and the Department of Labor to be paid to participants in the au pair program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in GAP's au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

## NINTH DEFENSE

78.    If, for some reason, any or all of the alleged acts and omissions of GAP were not within the scope of conduct authorized by the State Department and/or the Department of Labor, such a situation was not reasonably foreseeable by GAP.

## TENTH DEFENSE

79.    Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine, and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due to, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

## ELEVENTH DEFENSE

80.    Plaintiffs' claims are barred, in whole or in part, because GAP has acted in good faith and with intent to comply with the law.

## TWELFTH DEFENSE

81.     Any injuries, losses, or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties.  GAP is not liable for the acts of others over which it has no control.

## THIRTEENTH DEFENSE

82.     Plaintiffs' claims for damages against GAP are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

## FOURTEENTH DEFENSE

83.     The alleged injury, loss, or damage suffered by Plaintiffs, if any, would be compensated adequately by damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

## FIFTEENTH DEFENSE

84.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or latches.

## SIXTEENTH DEFENSE

85.     Count I cannot be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

## SEVENTEENTH DEFENSE

86.     Any alleged dispute between GAP and the au pairs it sponsored is subject to mandatory arbitration provisions for which GAP reserves the right to move to dismiss

this action and/or compel arbitration, and for which this Answer shall not be deemed a waiver of these rights.

EIGHTEENTH DEFENSE

87.     GAP's actions have been procompetitive and carried out in furtherance of GAP's legitimate business interests.

NINETEENTH DEFENSE

88.     The alleged injury, loss, or damage suffered by Plaintiffs, if any, were not proximately caused by or attributable to GAP because GAP believes it has sponsored no au pairs in the State of Colorado during the relevant time period.

TWENTIETH DEFENSE

89.     GAP adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this Answer.


WHEREFORE, GreatAuPair, LLC prays that Plaintiffs' Complaint be dismissed, that judgment be entered in favor of GAP and against Plaintiffs, and that GAP be awarded costs, attorneys' fees, and such other and further relief as this Court may deem just and proper.


GREATAUPAIR, LLC REQUESTS A JURY OF SIX (6) AS TO ALL ISSUES SO TRIABLE.

Respectfully submitted this 25th day of April, 2018.

ARMSTRONG TEASDALE LLP

*s/ Meshach Y. Rhoades*

Meshach Y. Rhoades
Martin J. Estevao
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
(720) 722-7195
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com

Attorneys for Defendant GreatAuPair, LLC

Defendant's Address:

12600 Hill Country Blvd.
Suite R-275
Austin, Texas 78738

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of April, 2018, I served the foregoing **DEFENDANT GREATAUPAIR, LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT JUDGMENT** was served on all counsel of record through the Court's CM/ECF electronic case filing system.


*/s/ Barbara L. Werner*
Barbara L. Werner