## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMK-KMT

JOHANA PAOLA BELTRAN, et al.,

      Plaintiffs,

v.

INTEREXCHANGE, INC., et al.,

      Defendants.

---

## APF GLOBAL EXCHANGE, NFP'S ANSWER TO THIRD AMENDED COMPLAINT

---

      APF Global Exchange, NFP (APF), by and through its attorneys of record, for its answer to Plaintiffs' Third Amended Complaint admits, denies and alleges as follows.

      In this answer, Defendant APF responds for and about itself and its responses should not be taken as comment on the experience or actions of other sponsors unless expressly stated otherwise.

## <u>INTRODUCTORY STATEMENT</u>

      1.    Defendant APF admits that Congress created the J-1 visa program to facilitate cultural exchange between nations, admits that today the au pair program recruits foreign nationals to provide child care to American families, and denies all remaining allegations of paragraph 1.

2.      Defendant APF admits that the au pair program was initially administered by the United States Information Agency (USIA) which merged with the United States Department of State ("State Department") and that the program currently has fifteen sponsor organizations which were designated by the State Department to provide certain services to exchange visitors as directed by the State Department. Defendant APF denies all remaining allegations of paragraph 2.

3.      Defendant APF denies the allegations of paragraph 3.

4.      Defendant APF states that the State Department website speaks for itself and denies all remaining allegations of paragraph 4.

5.      Defendant APF denies the allegations of paragraphs 5, 6, 7, 8 and 10.

6.      Defendant APF admits that many au pairs join great families and have exceptional experiences and denies the remaining allegations of paragraph 9.

7.      Defendant APF states that the references to "agents of sponsors" and violations of law state legal conclusions to which no response is required and therefore denies the same. Defendant APF admits that au pairs in its program were recruited in their home countries, states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning other au pairs or sponsors and therefore denies the same. Defendant APF denies all remaining allegations of paragraph 11.

8.      Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 regarding the named Plaintiffs and sponsors other than itself and therefore denies the same and denies all other allegations contained in paragraph 12.

## NATURE OF THE ACTION

9.      Defendant APF admits that paragraphs 13, 14 and 15 of the Amended Complaint purport to describe the claims for which Plaintiffs seek relief. Defendant APF denies that it has violated any law or statute and aver that Plaintiffs fail to state a claim for relief with respect to Defendant APF as to some or all of the claims asserted. Accordingly, Defendant APF denies paragraphs 13, 14 and 15.

## JURISDICTION AND VENUE

10.      With respect to the allegations contained in paragraph 16, Defendant APF admits that Plaintiffs seek to invoke the jurisdiction of this Court but denies that Defendant APF has violated any law, statute or regulation referred to in the Amended Complaint.

11.      With respect to the allegations contained in paragraph 17, Defendant APF admits that Plaintiffs seek to establish that venue is proper in this Court but denies that Defendant has violated any law, statute or regulation or common law referred to in the Amended Complaint.

## PARTIES

12.     Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45 and 46 regarding the named Plaintiffs and Defendants other than Defendant APF and therefore denies the same and denies all other allegations contained in these paragraphs.

13.     Defendant APF admits the allegations of paragraph 39.

14.     For purposes of using references consistent with those used in the Amended Complaint, in this Answer, Defendant APF will refer to all Defendants collectively as the "Sponsors" or the "Sponsor Defendants" as Plaintiffs state in paragraph 47. Defendant denies that the Sponsors acted collectively and denies any allegations in paragraph 47.

## STATEMENT OF ALLEGED FACTS

15.     Defendant APF denies the allegations of paragraphs 48, 55, 59, 60, 72, 73, 75, 76, 81, 82, 83, 87, 90, 91, 92, 95, 96, 97, 98, 99, 100, 101, 117, 119, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 137, 138, 139, 140, 141, 142, 143, 146, 147, 148, 151, 152, 153, 154, 155, 156, 157, 164, 243, 258, 260, 261 and 364.

16.     Defendant APF admits that au pair placement is made possible through the J-1 visa au pair program, the J-1 visa au pair program is one of several J-1 visa "cultural exchange" programs overseen and administered by the State Department

under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, and denies all remaining allegations of paragraph 49.

17.     Defendant APF admits that the State Department facilitates J-! visa programs and designates sponsors and denies all remaining allegations of paragraphs 51 and 86.

18.     Defendant APF admits that sponsors designated by the State Department are the exclusive entities authorized to recruit and place au pairs with host families in the United States and admits that to participate in the au pair program, exchange visitors must be sponsored by a State Department-designated sponsor. Defendant APF denies all remaining allegations of paragraph 52.

19.     Defendant APF admits that it is a not-for-profit entity and it generates revenue from program fees paid by host families and au pairs. Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 53 and therefore denies the same.

20.     Defendant APF states that the State Department regulations speak for themselves and denies the allegations of paragraph 54.

21.     Defendant APF admits that the J-1 visa au pair program began in the United States around 1986, admits that the United States information Agency had administrative responsibilities, and denies the remaining allegations of paragraph 56.

22.     Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 57, 58, 61, 74, 85, 93, 94, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 115, 116, 118, 119, 120, 134, 136, 144, 145, 149, 150, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202,  203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 218, 219, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 248, 253, 257, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 362, 363, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522,

523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536, 537 and 538 and therefore denies the same.

23.     Plaintiffs' allegations in paragraphs 64, 67, 69, 70, 71, 158, 159, 160, 238, 243, 247, 249, 250, 251, 252, 253, 254, 255, 358, 359, 360 and 361 state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied.

24.     Defendant APF states the documents and websites referenced in paragraphs 62, 63, 65, 66, 68, 113, 114, 161, 162, 163, 165, 166, 167, 170, 171, 172, 220, 245 and 246 speak for themselves and further state that these paragraphs state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied.

25.     Defendant APF admits that the Sponsor Defendants are the only sponsors currently designated by the State Department, and denies all remaining allegations of paragraph 77.

26.     Defendant APF denies that the Sponsors comprise 100 percent of the State Department–designated sponsors of J-1 visa au pairs at this time, states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the number of State Department designated sponsors in November 2014 and therefore denies the same, and denies the remaining allegations of paragraph 78.

27.     Defendant APF admits that it competes with other sponsors in attracting au pairs to participate in the program, admits that revenue is generated from the placement of au pairs with host families and denies the remaining allegations concerning Defendant APF in paragraph 79. Defendant APF states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 79 regarding other sponsors and therefore denies the same and denies all remaining allegations of paragraph 79.

28.     Defendant APF admits that it seeks to attract potential au pairs for the program through marketing efforts, information on its website and outreach in foreign nations; states that it offers contests, and states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 80 regarding other sponsors and therefore denies the same and denies all other allegations of paragraph 80.

29.     Defendant APF denies that there are 15 current sponsors, denies it sponsors a single au pair position, denies that it sponsors additional positions with a higher stipend, and denies the remaining allegations of paragraph 84 regarding Defendant APF. Defendant APF states that it lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 84 concerning other sponsors and therefore denies the same and denies all remaining allegations of paragraph 84.

30.     Defendant APF states that the regulations speak for themselves and that Plaintiffs' allegations in paragraph 85 state legal conclusions to which no response is required. To the extent the statements contained in paragraph 88 are construed to constitute factual allegations, they are denied.

31.     Defendant APF admits there exists a State Department bulletin dated July 24, 2009, states that the bulletin speaks for itself and denies all remaining allegations of paragraph 89.

32.     Defendant APF admits that the Alliance holds events where its members have the opportunity to meet, denies the remaining allegations regarding the Alliance, and states that it lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 135 and therefore denies the same.

33.     Defendant APF denies the allegations relating to Defendant APF in paragraphs 148, 237, 239, 240, 241 and 242, states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs regarding others and therefore denies the same, and denies the remaining allegations of those paragraphs.

34.     On information and belief, Defendant APF admits the allegations of paragraph 168.

35.     Defendant APF states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 169 regarding what was

posted on the USIA website from March 1997 through September 1999 and therefore denies the same and denies all remaining allegations of paragraph 169.

36.     Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 174 whether it has access to the materials referenced in paragraph 174 and therefore denies the same and denies all remaining allegations in paragraph 174.

37.     Defendant APF states that the allegations of paragraph 173, state legal conclusions to which no response is required. To the extent the statements contained in this paragraph are construed to constitute factual allegations, they are denied insofar as they apply to Defendant APF. Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph regarding others and therefore denies the same and denies all remaining allegations of this paragraph.

38.     Defendant APF admits the allegations of paragraphs 132 and 133 and as to Defendant APF, states that it lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in these paragraphs and therefore denies the same and denies all remaining allegations of these paragraphs.

39.     Defendant APF denies that "the contractual wage was only $4.35," states that the remaining allegations of paragraph 244 state legal conclusions to which no response is required. To the extent the statements contained in this paragraph are construed to constitute factual allegations, they are denied.

## RULE 23 CLASS ALLEGATIONS

40.     In response to paragraph 539, Defendant APF incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

41.     Defendant APF admits that Plaintiffs purport to allege class action claims, denies that Plaintiff's Third Amended Complaint contains a Count VII, denies that Plaintiffs have properly asserted such claims, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraph 540.

42.     Defendant APF admits that Plaintiffs purport to allege a "Price Fixed Class," denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraph 541.

43.     Defendant APF admits that Plaintiffs purport to allege and define classes in paragraphs 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555, 556, 557, 558, 559, and 561 and states that the alleged classes purportedly defined in those paragraphs relate to claims that are not asserted against Defendant APF and therefore no response is required from Defendant APF. Defendant APF further states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and therefore denies the same, denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of these paragraphs.

44.     Defendant APF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 562 and therefore denies the same and denies all remaining allegations of paragraph 562.

45.      Defendant APF denies the allegations of paragraphs 563, 564, 565, 566, 567, 568, 569, 572 and 573.

46.      Defendant APF lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 570 and 571 and therefore denies the same and denies all allegations of those paragraphs.

## 29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

47.     In response to paragraph 574, Defendant APF incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

48.     Defendant APF admits that Plaintiffs purport to allege class action claims, denies that Plaintiffs have properly asserted such claims, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of paragraph 575.

49.     Defendant APF lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 576 and therefore denies the same.

50.     Defendant APF admits that Plaintiffs purport to allege and define classes in paragraphs 577, 578, 579, 580, 581, 582, 583, 584, 585, 586 and 587 and states that

the alleged classes purportedly defined in those paragraphs relate to claims that are not asserted against Defendant APF and therefore no response is required from Defendant APF. Defendant APF further states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and therefore denies the same, denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations of those paragraphs.

51.     Defendant APF denies the allegations of paragraph 588.

## COUNT 1: RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1 ET SEQ.

**Brought by:**

**Plaintiffs and the Price Fixed Class Against the Sponsor Defendants**

52.     For its response to paragraph 589, Defendant APF incorporates by reference all previous paragraphs of this Answer as though fully set forth herein. Defendant APF admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated. Defendant APF denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

53.     Defendant APF denies the allegations of paragraphs 590, 591, 593, 594, 595, 596 and 597.

54.     Defendant APF admits that the Sponsors directly compete with one another and denies the remaining allegations of paragraph 592.

## COUNTS II through XI

55.     For its response to paragraphs 598 through 648, Defendant APF states that the allegations pertain to claims that are not asserted against Defendant APF and therefore no response is required.

## DEMAND FOR JURY TRIAL

56.     For its response to paragraph 649, Defendant APF admits that Plaintiffs have demanded a jury trial on all issues so triable.

## PRAYER FOR RELIEF

57.     Defendant APF admits that Plaintiffs seek certain relief, deny that they are entitled to such relief, and deny the allegations of paragraphs (a) through (q).

## GENERAL DENIAL

58.     Any allegation not specifically admitted above is denied.

## DEFENSES

A.      Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted.

B.      Plaintiffs' claims are barred in whole or in part by applicable statutes of limitation.

C.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of Defendant APF and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

D.      Plaintiffs' claims are barred, in whole or in part, because the conduct of which Plaintiffs complain is reasonable and justified, has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

E.      Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim. In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

F.      The actions of Defendant APF constitute bona fide, legitimate business competition, and Defendant APF's actions were carried out in furtherance of Defendant APF's legitimate business interests.

G.      Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

H.      Plaintiffs' claims are barred because Defendant APF reasonably relied upon the weekly stipend established, calculated and applied by the State Department to be paid to participants in the au pair program, specifically including the credit for room and board. The weekly stipend paid by host families to participants in the Defendant

APF au pair program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair program.

I.      If, for some reason, any or all of the alleged acts and omissions of Defendant APF were not within the scope of conduct authorized by the State Department, such a situation was not reasonably foreseeable by Defendant APF.

J.      Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine and/or the doctrine of implied immunity. Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Amended Complaint was caused by, due to, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

K.      Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties. Defendant APF is not liable for the acts of others over which it has no control.

L.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack antitrust standing.

M.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs are not direct sellers of any product or service to Defendant APF.

N.      Plaintiffs' claims for equitable relief are barred, in whole or in part, because plaintiffs lack standing to seek such relief.

O.      Plaintiffs' claims for damages against Defendant APF are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

P.      The alleged injury, loss or damage suffered by Plaintiffs, if any, would be compensated adequately by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

Q.      Counts I through VI, IX, X and XI cannot be certified as class actions under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

R.      The Court lacks jurisdiction over Plaintiffs' claims as they are subject to arbitration agreements requiring plaintiffs to submit the claims to binding arbitration.

S.      Defendant APF acted in good faith and upon reasonable grounds for believing it was not violating the law.

T.      Plaintiffs' claims are barred in whole or in part by estoppel.

U.      Plaintiffs' claims are barred in whole or in part by waiver.

V.      Plaintiffs' claims are barred by unclean hands.

W.      Plaintiffs' are not entitled to the relief requested.

X.      Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if they were allowed to recover the damages alleged in the complaint.

Y.      Defendant APF adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

Defendant APF Global respectfully requests that Plaintiffs' Third Amended Complaint be dismissed in its entirety and that Defendant APF Global be awarded its costs herein and such other and further relief as the Court deems just and appropriate.

Dated this 25th day of April, 2018.                    Respectfully submitted,


s/ *Susan M. Schaecher*
Susan M. Schaecher
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO 80202
Phone: (303) 218-3650
Facsimile: (303) 218-3651
sschaecher@fisherphillips.com

**ATTORNEYS THE DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2018, I electronically filed the foregoing APF GLOBAL EXCHANGE, NFP'S ANSWER TO THIRD AMENDED COMPLAINT through the Court's CF/ECF system which will serve the pleading to the following e-mail addresses:

Byron Pacheco
Dawn Smalls
Joshua James Libling
Matthew Lane Schwartz
Peter Murray Skinner
Randall Wade Jackson
Boies Schiller & Flexner, LLP-New York
575 Lexington Avenue, 7th Floor
New York, NY 10022
bpacheco@bsfllp.com
DSmalls@BSFLLP.com
jlibling@bsfllp.com
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com


Juan Pablo Valdivieso
Sean Phillips Rodriguez
Boies Schiller & Flexner, LLP-Oakland
1999 Harrison Street , Suite 900
Oakland, CA 94612
jvaldivieso@bsfllp.com
srodriguez@bsfllp.com


Sabria Alexandria McElroy
Sigrid Stone McCawley
Boies Schiller & Flexner, LLP-Ft. Lauderdale
401 East Las Olas Boulevard , Suite 1200
Ft. Lauderdale, FL 33301
llouis@bsfllp.com
smcelroy@bsfllp.com
smccawley@bsfllp.com


Alexander Neville Hood
Towards Justice-Denver

1535 High Street, Suite 300
Denver, CO 80218
alex@towardsjustice.org


Susan Penniman Klopman
H & K Law, LLC
3900 East Mexico Avenue, Suite 330
Denver, CO 80210
sklopman@hklawllc.com


Brooke A. Colaizzi
Raymond Myles Deeny
Alyssa Lauren Levy
Heather Fox Vickles
Joseph H. Hunt
Sherman & Howard, L.L.C.-Denver
633 17th Street, Suite 3000
Denver, CO 80202-3622
BColaizzi@shermanhoward.com
rdeeny@shermanhoward.com
alevy@shermanhoward.com
hvickles@shermanhoward.com
jhunt@shermanhoward.com


Chanda Marie Feldkamp
William James Kelly, III
Kelly & Walker, LLC
1512 Larimer Street, Suite 200
Denver, CO 80202
cfeldkamp@kellywalkerlaw.com
wkelly@kellywalkerlaw.com


Martin Jose Estevao
Meshach Yustine Rhoades
Vance Orlando Knapp
Armstrong Teasdale, LLP-Denver
4643 South Ulster Street, Suite 800
Denver, CO 80237
mestevao@armstrongteasdale.com
mrhoades@armstrongteasdale.com

vknapp@armstrongteasdale.com


Bogdan Enica
Bogdan Enica, Attorney at Law
111 2nd Avenue NE, Suite 213
St Petersburg, FL 33701-3440
bogdane@hotmail.com


David Meschke
Martha Louise Fitzgerald
Brownstein Hyatt Farber Schreck, LLP-Denver
410 17th Street, Suite 2200
Denver, CO 80202-4432
dmeschke@bhfs.com
mfitzgerald@bhfs.com


Adam A. Hubbard
James Edward Hartley
Jonathan S. Bender
Holland & Hart, LLP-Boulder
1800 Broadway
One Boulder Plaza, Suite 300
Boulder, CO 80302
aahubbard@hollandhart.com
jhartley@hollandhart.com
jsbender@hollandhart.com


Diane Rebecca Hazel
James Michael Lyons
Jessica Lynn Fuller
Lewis Roca Rothgerber Christie LLP-Denver
1200 17th Street
One Tabor Center
Suite 3000
Denver, CO 80202-5855
dhazel@lrrc.com
jlyons@lrrc.com
jfuller@lrrc.com

Joan A. Lukey
Justin J. Wolosz
Kevin Patrick O'Keefe
Lyndsey Marie Kruzer
Michael T. Gass
Robert M. Buchanan, Jr.
Samuel Newland Rudman
Choate, Hall & Stewart, LLP
Two International Place
Boston, MA 02110
joan.lukey@choate.com
jwolosz@choate.com
kokeefe@choate.com
lkruzer@choate.com
mgass@choate.com
rbuchanan@choate.com
srudman@choate.com


Jennifer Arnett Roehrich
Nathan Andrew Huey
Peggy E. Kozal
Thomas Baker Quinn
Gordon & Rees LLP-Denver
555 17th Street, Suite 3400
Denver, CO 80202
jarnett-roehrich@grsm.com
nhuey@gordonrees.com
pkozal@gordonrees.com
tquinn@gordonrees.com


Brett Michelle Mull
Kathryn A. Reilly
V. William Scarpato III
Natalie Elizabeth West
Wheeler Trigg O'Donnell, LLP-Denver
370 17th Street, Suite 4500
Denver, CO 80202-5647
mull@wtotrial.com
reilly@wtotrial.com
scarpato@wtotrial.com
west@wtotrial.com

Brian Alan Birenbach
Rietz Law Firm, LLC
P.O. Box 5268
114 Village Place, #301
Dillon, CO 80435
brian@rietzlawfirm.com


Eric Jonathan Stock
Gibson Dunn & Crutcher, LLP-New York
200 Park Avenue, 48th Floor
New York, NY 10166-0193
estock@gibsondunn.com


Stephen J. Macri
Joseph B. Cartafalsa
Robert M. Tucker
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1745 Broadway, 22nd Floor
New York, New York  10019
Stephen.macri@ogletree.com
Joseph.cartafalsa@ogletree.com
Robert.tucker@ogletree.com


Kathleen E. Craigmile
Lawrence Daniel Stone
Nixon Shefrin Hensen Ogburn, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111-3061
kcraigmile@nixonshefrin.com
lstone@nixonshefrin.com


Harvey J. Wolkoff
Ropes & Gray, LLP-Boston
800 Boylston Street
Prudential Tower
Suite 3600
Boston, MA 02199-3600
harvey.wolkoff@ropesgray.com

*s/ Susan Schaecher*
Susan Schaecher
For Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, Colorado  80202
303-218-3650
303-218-3651 facsimile
sschaecher@laborlawyers.com