IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

       Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

       Defendants.

---

**DEFENDANT AU PAIR INTERNATIONAL, INC'S ANSWER
TO THIRD AMENDED COMPLAINT [ECF NO. 983]**

---

Defendant Au Pair International, Inc. ("API") respectfully submits the following

Answer to the Third Amended Complaint as follows:

## INTRODUCTORY STATEMENT

1. API admits that the Mutual Educational and Cultural Exchange Act of

1961, 22 U.S.C. § 2451, *et seq.*, indicates that Congress created the J-1 visa

program to facilitate exchange visitor programs that would

> enable the Government of the United States to increase mutual
> understanding between the people of the United States and the people of
> other countries by means of educational and cultural exchange; to
> strengthen the ties which unite us with other nations by demonstrating the
> educational and cultural interests, developments, and achievements of the
> people of the United States and other nations, and the contributions being
> made toward a peaceful and more fruitful life for people throughout the
> world; to promote international cooperation for educational and cultural
> advancement; and thus to assist in the development of friendly,
> sympathetic, and peaceful relations between the United States and the
> other countries of the world.

22 U.S.C. § 2451. API further admits that under the au pair program,

> foreign nationals are afforded the opportunity to live with an American host family and participate directly in the home life of the host family. All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31. Except as expressly admitted, API denies the allegations in paragraph 1.

2. API admits that the au pair program initially was administered by the United States Information Agency ("USIA"), which subsequently merged into the State Department. Except as expressly admitted, API denies the allegations in paragraph 2.

3. API denies the allegations in paragraph 3.

4. API admits that the State Department oversees the au pair program, which is a J-1 visa program.  The State Department's website and regulations speaks for themselves.  To the extent the allegations in paragraph 4 are inconsistent with the State Department's website or the regulations, API denies them.  API further denies the remaining allegations in paragraph 4.

5. API denies the allegations in paragraph 5.

6. API denies the allegations in paragraph 6.

7. API denies the allegations in paragraph 7.

8. API denies the allegations in paragraph 8.

9. API admits that many au pairs join great families and have exceptional experiences.  Except as expressly admitted, API denies the allegations in paragraph 9.

10.      API denies the allegations in paragraph 10.

11.      API denies the allegations in paragraph 11.

12.      API denies the allegations in paragraph 12.

## NATURE OF THE ACTION

13.      API admits that Plaintiffs seek the relief set forth in paragraph 13, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

14.      API admits that Plaintiffs assert the claims identified in paragraph 14, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

15.      API admits that Plaintiffs assert the claims identified in paragraph 15, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

16.      API admits that this Court has jurisdiction over this lawsuit.

17.      API admits that venue is proper in this Court, but denies the remaining allegations in paragraph 17.

## PARTIES

18.      API lacks information sufficient to form a belief as to truth of the allegations in paragraph 18 and, therefore, denies them.

19.      API lacks information sufficient to form a belief as to truth of the allegations in paragraph 19 and, therefore, denies them.

20.      API lacks information sufficient to form a belief as to truth of the allegations in paragraph 20 and, therefore, denies them.

21.      API lacks information sufficient to form a belief as to truth of the allegations in paragraph 21 and, therefore, denies them.

22.      API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, denies them.

23.      API lacks information sufficient to form a belief as to truth of the allegations in paragraph 23 and, therefore, denies them.

24.      API lacks information sufficient to form a belief as to truth of the allegations in paragraph 24 and, therefore, denies them.

25.      API lacks information sufficient to form a belief as to truth of the allegations in paragraph 25 and, therefore, denies them.

26.      API lacks information sufficient to form a belief as to truth of the allegations in paragraph 26 and, therefore, denies them.

27.      API lacks information sufficient to form a belief as to truth of the allegations in paragraph 27 and, therefore, denies them

28.      API lacks information sufficient to form a belief as to truth of the allegations in paragraph 28 and, therefore, denies them

29.      API lacks information sufficient to form a belief as to truth of the allegations in paragraph 29 and, therefore, denies them

30.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 30 and, therefore, denies them.

31.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 31 and, therefore, denies them.

32.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 32 and, therefore, denies them.

33.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 33 and, therefore, denies them.

34.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 34 and, therefore, denies them.

35.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 35 and, therefore, denies them.

36.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 36 and, therefore, denies them.

37.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 37 and, therefore, denies them.

38.      API admits that it is a business entity with its principal place of business at 4450 Arapahoe Ave., Suite 100, Boulder, Colorado 80303

39.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 39 and, therefore, denies them.

40.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 40 and, therefore, denies them.

41.     API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 41 and, therefore, denies them.

42.     API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 42 and, therefore, denies them.

43.     API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 43 and, therefore, denies them.

44.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 44 and, therefore, denies them.

45.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 45 and, therefore, denies them.

46.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 46 and, therefore, denies them.

47.     API admits that at times, the defendants are referred to collectively in the Third Amended Complaint as the "Sponsors" or the "Sponsor Defendants."

## STATEMENT OF FACTS

**I.      BACKGROUND**

**A.      The J-1 Visa *Au Pair* Program**

48.     API denies the allegations in paragraph 48.

49.     API admits that participants in the au pair program must have a J-1 visa and that the au pair program is one of several J-1 visa "cultural exchange" programs overseen and administered by the United States Department of State ("DOS"). API further admits that the au pair program is carried out under the authority of the Mutual

Educational and Cultural Exchange Act of 1961, as amended, as well as the applicable regulations.  Except as expressly admitted, API denies the allegations in paragraph 49.

50.     With respect to the allegations in paragraph 50, API states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, API denies the allegations in paragraph 50.

51.     With respect to the allegations in paragraph 51, API states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, API denies the allegations in paragraph 51.

52.     With respect to the allegations in paragraph 52, API states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, API denies the allegations in paragraph 52.

53.     API admits that the sponsors are a mix of for-profit and non-profit entities that have generated revenue from program fees paid by host families and au pairs. Except as expressly admitted, API denies the allegations of paragraph 53.

54.     With respect to the allegations in paragraph 54, API states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, API denies the allegations in paragraph 54.

**B.**     **Historical Labor Abuses in the *Au Pair* Program**

55.     API denies the allegations in paragraph 55.

    **1.**     **The Program Began with a Price-Fixing Cartel that Paid Illegal Wages in Contravention of Federal and State Labor Laws.**

56.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 56 and, therefore, denies them.

57.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 57 and, therefore, denies them.

58.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 58 and, therefore, denies them.

59.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 59 and, therefore, denies them.

60.     API lacks information sufficient to form a belief as to truth of the allegations in paragraph 60 and, therefore, denies them.

    **2.**     **The Program Came Under Nearly Immediate Scrutiny for Early Sponsors' Abuses.**

61.     API admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, API denies the allegations in paragraph 61.

62.     API admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its

content.  To the extent a response is required, API denies the allegations in paragraph 62.

63.     API admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, API denies the allegations in paragraph 63.

### 3.     The Government Issued Rules to Require Sponsors to Protect *Au Pairs'* Rights as Employees.

64.     API admits that USIA initiated a formal rulemaking concerning the au pair program in 1994. API lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 64 and, therefore, denies them.

65.     API admits that USIA issued a final rule in February 1995. That rule and any related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, API denies the allegations in paragraph 65.

66.     With respect to the allegations in paragraph 63, API states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, API denies the allegations in paragraph 66.

### 4.     The Government Created a Programmatic Wage Floor.

67.     With respect to the allegations in paragraph 67, API states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no

further response is required regarding their content. To the extent a response is required, API denies the allegations in paragraph 67.

68.     With respect to the allegations in paragraph 68, API states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, API denies the allegations in paragraph 68.

69.     API denies the allegations contained in the first sentence of paragraph 69. The second sentence of paragraph 69 states a legal conclusion to which no response is required. With respect to the remaining allegations in paragraph 69, API states that regulations governing the au pair program and any formal opinions issued by the Department of Labor ("DOL") speak for themselves, and no further response is required regarding their content. To the extent a response is required, API denies the allegations in the third through fifth sentences of paragraph 69.

70.     With respect to the allegations in paragraph 70, API admits that regulations governing the au pair program are codified at 22 C.F.R. § 63.31. Those regulations speak for themselves, and no further response is required regarding their content. To the extent a response is required, API denies the allegations in paragraph 70.

71.     API denies the allegations in paragraph 71.

     **5.**    **Abuses of *Au Pairs'* Rights as Employees Continued Under a "Cartel" of Sponsors, Which Fixed Wages at the Programmatic Wage Floor, Irrespective of Federal and State Minimum Wage Laws.**

72.    API denies the allegations contained in the first sentence of paragraph 72. With respect to the allegations in the second sentence of paragraph 72, API states that the USIA rulemaking of June 27, 1997, as documented in the Federal Register, speaks for itself, and no further response is required regarding its content. To the extent a response is required, API denies the allegations in the second sentence of paragraph 72.

73.    API denies the allegations in paragraph 73.

74.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 74 and, therefore, denies them.

75.    Go Au Pair denies the allegations in paragraph 75.

**II.**    **THE SPONSOR DEFENDANTS HAVE ILLEGALLY FIXED STANDARD *AU PAIR* WAGES**

76.    API denies the allegations in paragraph 76.

**A.**    <u>**The Sponsor Collectively Control the Market for J-1 Vis Au Pair Employment.**</u>

77.    API admits that DOS-designated sponsors are the only entities authorized to serve as sponsoring organizations in the au pair program.  API denies the remaining allegations in paragraph 77.

78.    API admits that, as of November 2014, the Sponsor Defendants were the only DOS-authorized sponsors of the au pair program in the United States. Except as expressly admitted, API denies the allegations in paragraph 78.

79.     API admits that it competes with the Sponsor Defendants in attracting au pairs to work with it, and that it generates revenue in connection with the placement of sponsors with host families.  Except as expressly admitted, API denies the allegations in paragraph 79.

80.     API denies the allegations in paragraph 80.

81.     API denies the allegations in paragraph 81.

82.     API denies the allegations in paragraph 82.

**B.      The Sponsor Defendants Have Conspired to Fix Standard _Au Pair_ Wages**

83.     API denies the allegations in paragraph 83.

84.     API admits that Plaintiffs use the term "standard au pair" to describe au pair positions as set forth in paragraph 84, but API denies that the term "standard au pair" has any significant meaning in light of the economic realities of the au pair program.  Further, it is the host families and not API who determines the weekly stipend paid to the au pairs. API denies the remaining allegations in paragraph 84.

85.     API denies the allegations in paragraph 85.

**1.      The Sponsors Have Conspired to Set Standard _Au Pair_ Wages at the Programmatic Wage Floor, Which is Currently $197.75 Per Week.**

86.     API admits the allegation in paragraph 86.

87.     API denies the allegations in paragraph 87.

88.     With respect to the allegations in paragraph 88, API states that the governing regulations speak for themselves, and no further response regarding their content is required.

89.     API admits that as of July 24, 2009, the State Department designated $195.75, which included a 40% credit for room and board, as the weekly stipend to be paid to participants in the au pair exchange program.  Except as expressly admitted, API denies the allegations in paragraph 89.

90.     API denies the allegations in paragraph 90.

91.     API denies the allegations in paragraph 91.

92.     API denies the allegations in paragraph 92.

93.     API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 93 and, therefore, denies them.

94.     API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 94 and, therefore, denies them.

95.     API denies the allegations in paragraph 95.

**2.      Several Sponsors Have Admitted that the Sponsors Collectively Colluded to Set Standard *Au Pair* Wages at that Amount.**

96.     API denies the allegations in paragraph 96.

97.     API denies the allegations in paragraph 97.

98.     API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 98 and, therefore, denies them.

99.     API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 99 and, therefore, denies them.

100.     API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 100 and, therefore, denies them.

3. **The Sponsors Uniformly Advertise Standard *Au Pair* Wages at the Identical Amount.**

101.   API denies the allegations in paragraph 101.

a. **InterExchange**

102.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 102 and, therefore, denies them.

b. **Cultural Care**

103.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 103 and, therefore, denies them.

c. **Au Pair in America**

104.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 104 and, therefore, denies them.

d. **GoAuPair**

105.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 105 and, therefore, denies them.

e. **USAuPair**

106.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 106 and, therefore, denies them.

f. **GreatAuPair**

107.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 107 and, therefore, denies them.

### g.   Expert Au Pair

108.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 108 and, therefore, denies them.

### h.   EurAuPair

109.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 109 and, therefore, denies them.

### i.   Cultural Homestay

110.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 110 and, therefore, denies them.

### j.   AuPairCare

111.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 111 and, therefore, denies them.

### k.   Au Pair International

112.   API admits that in November 2014 its website displayed the following information:

| | Standard Au Pair and Infant Specialized Au Pair | Au Pair Professional | Pre Selected Au Pair |
|---|---|---|---|
| Application Fee | $350 $0 | $350 $0 | $350 |
| Program Fee* | $6,990 $6,690 | $7,490 | $6,490 $5,990 |
| Weekly Stipend ** | $195.75 | $225 | $195.75 |
| Average cost for 45 hours of customized care | $324/week $7.20/hour | $369/week $8.20/hour | $310/week $6.90/hour |

*Also see our great payment terms. $495/month payment plan available

**Paid directly to au pair weekly

*** A flight fee surcharge may be billed based on the requested airport by the host family

Except as expressly admitted, API denies the allegations in paragraph 112.

### l.     APF Global Exchange

113.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 113 and, therefore, denies them.

### m.     Agent Au Pair

114.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 114 and, therefore, denies them.

### n.     ProAuPair

115.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 115 and, therefore, denies them.

### o.     The International Au Pair Exchange

16

116.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 116 and, therefore, denies them.

117.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 117 and, therefore, denies them.

118.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 118 and, therefore, denies them.

119.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 119 and, therefore, denies them.

120.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 120 and, therefore, denies them.

### 4.    The Sponsors Have Maintained the Fixed Standard *Au Pair* Wage, Despite Illegality and Difference in Market Conditions.

121.    API denies the allegations in paragraph 121.

122.    API denies the allegations in paragraph 122.

123.    API denies the allegations in paragraph 123.

124.    API denies the allegations in paragraph 124.

125.    API denies the allegations in paragraph 125.

126.    API denies the allegations in paragraph 126.

### 5.    The Sponsors Have Had the Means, Opportunity, and Motive to Conspire to Fix Standard *Au Pair* Wages.

127.    API denies the allegations in paragraph 127.

128.    With respect to the allegations in paragraph 128, API states that it lacks sufficient information regarding the reasons foreign nationals choose to participate in the au pair program and, therefore, denies those allegations.

129.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 129 and, therefore, denies them.

130.    API denies the allegations in paragraph 130.

131.    API denies the allegations in paragraph 131.

132.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 132 and, therefore, denies them.

133.    API admits that it is a member of an association called the International Au Pair Association, which the Third Amended Complaint refers to as the "Association." API lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 133 and, therefore, denies them.

134.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 134 and, therefore, denies them.

135.    API admits that from time to time, representatives of API attend meetings of the Alliance and IAPA, which meetings are also attended by representatives of other sponsor defendants. Except as expressly admitted, API denies the remaining allegations in paragraph 135.

136.    API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 136 and, therefore, denies them.

137.    API denies the allegations in paragraph 137.

138.   API denies the allegations in paragraph 138.

139.   API denies the allegations in paragraph 139.

140.   API denies the allegations in paragraph 140.

141.   API admits that it posts information on its website relating to the weekly stipend established by DOS. Except as expressly admitted, API denies the allegations in paragraph 141.

142.   API denies the allegations in paragraph 142.

143.   API denies the allegations in paragraph 143.

144.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 144 and, therefore, denies them.

145.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 145 and, therefore, denies them.

6.   **The Sponsors Have Used Deception as One Means of Maintaining Fixed Standard *Au Pair* Wages.**

146.   API denies the allegations in paragraph 146.

147.   API denies the allegations in paragraph 147.

148.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 148 and, therefore, denies them.

149.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 149 and, therefore, denies them.

150.   API lacks sufficient information to form a belief as to the truth of the allegations in paragraph 150 and, therefore, denies them.

C.   **The Sponsor Defendants' Conspiracy Has Damaged and/or Continues to Damage Plaintiffs and All Those Similarly Situated.**

151.   API denies the allegations in paragraph 151.

152.   API denies the allegations in paragraph 152.

153.   API denies the allegations in paragraph 153.

154.   API denies the allegations in paragraph 154.

155.   API denies the allegations in paragraph 155.

156.   API denies the allegations in paragraph 156.

157.   API denies the allegations in paragraph 157.

III.   **INTEREXCHANGE, CULTURAL CARE, AND AU PAIR IN AMERICA HAVE DECEIVED STANDARD *AU PAIRS* TO INDUCE THEM TO ACCEPT ILLEGAL WAGES.**

A.   **InterExchange, Cultural Care, Au Pair in America, and AuPairCare Have Fasley Informed *Au Pairs* That They Are Not Entitled, by Law, to Any Amount Beyond $195.75 Per Week.**

1.   **The State Department's Posted Minimum Wage of $195.75 Represents a Programmatic Wage Floor, Not a Maximum or Government-Fixed Amount.**

158.   API admits that its website lists a minimum weekly stipend of $195.75 as specified by DOS, but that it lacks information sufficient to form a belief as to whether all other defendant-sponsors list a minimum weekly stipend in that amount. Whether a minimum weekly stipend of $195.75 is compelled by law states a legal conclusion to which no response is required. Except as expressly admitted, API denies the allegations in paragraph 158.

159.   API admits that the current $195.75 weekly minimum stipend amount is a programmatic wage floor established by DOS.

160.    With respect to the allegations in paragraph 160, API states that any government action or publication speaks for itself, and no further response is required.

161.    Statements on the DOS website speak for themselves, and no further response is required.

162.    API lacks sufficient information to form a belief as to truth of the allegation in paragraph 162 and, therefore, denies it.

163.    With respect to the allegations contained in paragraph 163, API states that "USIA's original rule" speaks for itself, and no further response is required.

164.    API admits that DOS has from time to time informed au pair sponsors of increases in the federal minimum wage, and the corresponding increases to the au pair weekly stipend.

165.    API admits that USIA amended the au pair regulations in 1997 and that the 1997 amendments reflect the currently-effective regulations. With respect to the remaining allegations in paragraph 162, API states that the governing regulations speak for themselves, and no further response is required regarding their content.

166.    With respect to the allegations in paragraph 166, API states that the February 1997 DOL opinion letter speaks for itself, and no further response is required regarding its content.

167.    With respect to the allegations in paragraph 167, API states that the August 1997 DOL opinion letter speaks for itself, and no further response is required regarding its content

168.    API admits the allegations in paragraph 168.

169.    API admits that the USIA website previously posted a document entitled "Fact Sheet: Au Pair Stipend." That document speaks for itself, and no further response is required regarding its content.

170.    API admits that the 1997 amendments to the au pair regulations reflect the currently-effective rules. Except as expressly admitted, API denies the allegations in paragraph 170.

171.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 171 and, therefore, denies them.

172.    With respect to the allegations in paragraph 172, API states that the governing regulations, DOL letter, DOS notices, and DOS website speak for themselves, and no further response is required regarding their content.

**2.      The Sponsors All Know that the Published Federal Minimum Weekly Wage of $195.75 Is Simply a Programmatic Wage Floor.**

173.    API admits it is aware that the amount of the weekly stipend required under the regulations governing the au pair program is a minimum weekly stipend. Except as expressly admitted, API denies the allegations in paragraph 173.

174.    With respect to the allegations in the first half of paragraph 174, API states that it lacks information sufficient to form a belief as to the truth of those allegations and, therefore, denies them. With respect to the allegations in the second half of paragraph 174, API states that the referenced "government materials" speak for themselves, and no further response is required.

175.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 175 and, therefore, denies them.

176.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 176 and, therefore, denies them.

177.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 177 and, therefore, denies them.

178.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 178 and, therefore, denies them.

179.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 179 and, therefore, denies them.

180.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 180 and, therefore, denies them.

181.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 181 and, therefore, denies them.

182.    The allegations in paragraphs 182-364 pertain to defendants other than API and, thus, no response is required. With respect to those allegations, API states that it understands the term "Sponsor" or "Sponsors," as used in paragraphs 183-364, to refer to defendants other than API. To the extent Plaintiffs intended to refer to API in any of these paragraphs, API denies those allegations.

## V.    THE NAMED PLAINTIFFS' SUFFERED AS A RESULT OF DEFENDANTS' WRONGFUL ACTIONS

365.    The allegations in paragraphs 365-538 pertain to defendants other than API and, thus, no response is required. To the extent a response is required, API states

that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 365-538 and, therefore, denies them.

## RULE 23 CLASS ALLEGATIONS

539.    API incorporates by reference its response to all previous paragraphs in the Third Amended Complaint.

540.    API admits that Plaintiffs assert Counts I-VII and IX-X as class action claims pursuant to Federal Rule of Civil Procedure 23, but denies that certification of a class would be proper under Rule 23.

541.    API admits that Plaintiffs purport to define a class referred to as the "Price Fixed Class," as set forth in paragraph 541, but denies that certification of such a class would be proper under Rule 23.

542.    The allegations in paragraphs 542-561 attempt to define a putative class relating to claims that are not asserted against API and, thus, no response is required.

562.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 562 and, therefore, denies them. API denies that certification of any putative class is proper under Rule 23.

563.    API denies the allegations in paragraph 563.

564.    API denies the allegations in paragraph 564.

565.    API denies the allegations in paragraph 565.

566.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 566 and, therefore, denies them.

567.    API denies the allegations in paragraph 567.

568.    API denies the allegations in paragraph 568.

569.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 569 and, therefore, denies them.

570.    API lacks information sufficient to form a belief as to the truth of the allegations in paragraph 570 and, therefore, denies them.

571.    API admits that this case has been pending in this jurisdiction since 2014. API lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 571 and, therefore, denies them.

572.    API denies the allegations in paragraph 572.

573.    API denies the allegations in paragraph 573.

## 29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

574.    The allegations in paragraphs 574-588 attempt to define putative classes relating to claims that are not asserted against API and, thus, no response is required.

## COUNT I: RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1, *ET SEQ.*

589.    API incorporates by reference its responses to all previous paragraphs in the Third Amended Complaint. With respect to the allegations in the second sentence of paragraph 589, API admits that Plaintiffs purport to assert Count I on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

590.    API denies the allegations in paragraph 590.

591.    API denies the allegations in paragraph 591.

592.    API denies the allegations in paragraph 592.

593.    API denies the allegations in paragraph 593.

594.    API denies the allegations in paragraph 594.

595.    API denies the allegations in paragraph 595.

596.    API denies the allegations in paragraph 596.

597.    API denies the allegations in paragraph 597.

## COUNTS II-XI

598.    The allegations in paragraphs 598-648 pertain to Counts II-XI, which are not asserted against API, and thus no response is required.

## DEMAND FOR JURY TRIAL

649.    API admits that Plaintiffs have demanded a jury trial.

## PLAINTIFFS' PRAYER FOR RELIEF

To the extent that a response to Plaintiffs' prayer for relief is required, API denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

API asserts the following affirmative defenses to Count I, which is the only claim asserted against it. API asserts these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on Plaintiffs. API has not conducted any discovery, which might reveal additional defenses; API therefore reserves the right to amend this answer as appropriate to assert additional defenses.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, and/or waiver.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of API and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct of which Plaintiffs complain is reasonable and justified, and such conduct has not, and will not, substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule-of-reason claim.  In particular, the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

SEVENTH DEFENSE

The actions of API have been procompetitive, and API's actions were carried out in furtherance of its legitimate business interests.

EIGHTH DEFENSE

Plaintiffs' claims are barred because they have not alleged any properly-defined or relevant product (or service) and geographic market.

NINTH DEFENSE

Plaintiffs' claims are barred because API reasonably relied upon the weekly stipend established, calculated, and consistently applied by the State Department and the Department of Labor to be paid to participants in the au pair exchange program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in API's au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

TENTH DEFENSE

If, for some reason, any or all of the alleged acts and omissions of API were not within the scope of conduct authorized by the State Department and/or the Department of Labor, such a situation was not reasonably foreseeable by  API.

ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal-instrumentality doctrine, the sovereign-immunity doctrine, the state-action doctrine, and/or the doctrine of implied immunity.  Plaintiffs' claims are further

barred because the alleged conduct that is the subject of the Third Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because API has acted in good faith, with a reasonable basis, and with intent to comply with the law.

## THIRTEENTH DEFENSE

Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties.  API is not liable for the acts of others over which it has no control.

## FOURTEENTH DEFENSE

Plaintiffs' claims for damages against API are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

## FIFTEENTH DEFENSE

The alleged injury, loss or damage suffered by Plaintiffs, if any, would be compensated adequately by damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

## SIXTEENTH DEFENSE

None of the Counts asserted against API may be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure, or a collective action under 29 U.S.C. § 216(b).

SEVENTEENTH DEFENSE

API adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

**API'S PRAYER FOR RELIEF**

Therefore, API prays for relief as follows:

1.      That Plaintiffs take nothing by way of the claims asserted in Count I of the Third Amended Complaint, and that this action be dismissed with prejudice;

2.      That judgment be entered in favor of API and against Plaintiffs with respect to all Counts asserted against  API;

3.      That the Court award API its attorneys' fees and all are other costs reasonably incurred in defense of this action; and

4.      That the Court award such other relief as it made deem just and proper.

Dated: April 25, 2018.                    Respectfully submitted,


                                         *s/ Kathryn A. Reilly*
                                         Kathryn A. Reilly
                                         Brett M. Mull
                                         V. William Scarpato III
                                         Natalie West
                                         Wheeler Trigg O'Donnell LLP
                                         370 Seventeenth Street, Suite 4500
                                         Denver, CO  80202-5647
                                         Telephone:  303.244.1800
                                         Facsimile:  303.244.1879
                                         Email:  Reilly@wtotrial.com
                                                 Mull@wtotrial.com
                                                 Scarpato@wtotrial.com
                                                 West@wtotrial.com

                                         Attorneys for Defendant Au Pair International, Inc.


## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on April 25, 2018, I electronically filed the foregoing **DEFENDANT AU PAIR INTERNATIONAL, INC.'S ANSWER TO THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


                                         *s/ Claudia Jones*
                                         Legal Secretary