IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

       Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

       Defendants.

---

**DEFENDANT AGENT AU PAIR'S ANSWER
TO THIRD AMENDED COMPLAINT [ECF NO. 983]**

---

Defendant Agent Au Pair") respectfully submits the following Answer to the Third Amended Complaint as follows:

**<u>INTRODUCTORY STATEMENT</u>**

1.    Agent Au Pair admits that the Mutual Educational and Cultural Exchange Act of 1961, 22 U.S.C. § 2451, *et seq.*, indicates that Congress created the J-1 visa program to facilitate exchange visitor programs that would

> enable the Government of the United States to increase mutual understanding between the people of the United States and the people of other countries by means of educational and cultural exchange; to strengthen the ties which unite us with other nations by demonstrating the educational and cultural interests, developments, and achievements of the people of the United States and other nations, and the contributions being made toward a peaceful and more fruitful life for people throughout the world; to promote international cooperation for educational and cultural advancement; and thus to assist in the development of friendly, sympathetic, and peaceful relations between the United States and the other countries of the world.

22 U.S.C. § 2451. Agent Au Pair further admits that under the au pair program,

> foreign nationals are afforded the opportunity to live with an American host family and participate directly in the home life of the host family. All au pair participants provide child care services to the host family and attend a U.S. post-secondary educational institution. Au pair participants provide up to forty-five hours of child care services per week and pursue not less than six semester hours of academic credit or its equivalent during their year of program participation.

22 C.F.R. § 62.31. Except as expressly admitted, Agent Au Pair denies the allegations in paragraph 1.

2.      Agent Au Pair admits that the au pair program initially was administered by the United States Information Agency ("USIA"), which subsequently merged into the State Department. Except as expressly admitted, Agent Au Pair denies the allegations in paragraph 2.

3.      Agent Au Pair denies the allegations in paragraph 3.

4.      Agent Au Pair admits that the State Department oversees the au pair program, which is a J-1 visa program.  The State Department's website and regulations speaks for themselves.  To the extent the allegations in paragraph 4 are inconsistent with the State Department's website or the regulations, Agent Au Pair denies them. Agent Au Pair further denies the remaining allegations in paragraph 4.

5.      Agent Au Pair denies the allegations in paragraph 5.

6.      Agent Au Pair denies the allegations in paragraph 6.

7.      Agent Au Pair denies the allegations in paragraph 7.

8.      Agent Au Pair denies the allegations in paragraph 8.

9.    Agent Au Pair admits that many au pairs join great families and have exceptional experiences.  Except as expressly admitted, Agent Au Pair denies the allegations in paragraph 9.

10.    Agent Au Pair denies the allegations in paragraph 10.

11.    Agent Au Pair denies the allegations in paragraph 11.

12.    Agent Au Pair denies the allegations in paragraph 12.

## NATURE OF THE ACTION

13.    Agent Au Pair admits that Plaintiffs seek the relief set forth in paragraph 13, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

14.    Agent Au Pair admits that Plaintiffs assert the claims identified in paragraph 14, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

15.    Agent Au Pair admits that Plaintiffs assert the claims identified in paragraph 15, but denies that it has violated any law and that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

16.    Agent Au Pair admits that this Court has jurisdiction over this lawsuit.

17.    Agent Au Pair admits that venue is proper in this Court, but denies the remaining allegations in paragraph 17.

## PARTIES

18.    Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 18 and, therefore, denies them.

19.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 19 and, therefore, denies them.

20.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 20 and, therefore, denies them.

21.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 21 and, therefore, denies them.

22.     Agent Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, denies them.

23.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 23 and, therefore, denies them.

24.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 24 and, therefore, denies them.

25.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 25 and, therefore, denies them.

26.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 26 and, therefore, denies them.

27.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 27 and, therefore, denies them

28.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 28 and, therefore, denies them

29.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 29 and, therefore, denies them

30.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 30 and, therefore, denies them.

31.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 31 and, therefore, denies them.

32.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 32 and, therefore, denies them.

33.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 33 and, therefore, denies them.

34.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 34 and, therefore, denies them.

35.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 35 and, therefore, denies them.

36.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 36 and, therefore, denies them.

37.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 37 and, therefore, denies them.

38.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 38 and, therefore, denies them.

39.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 39 and, therefore, denies them.

40.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 40 and, therefore, denies them.

41.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 41 and, therefore, denies them.

42.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 42 and, therefore, denies them.

43.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 43 and, therefore, denies them.

44.     Agent Au Pair admits that it is a business entity with its mailing address at 1450 Sutter Street #526, San Francisco, California 94109.

45.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 45 and, therefore, denies them.

46.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 46 and, therefore, denies them.

47.     Agent Au Pair admits that at times, the defendants are referred to collectively in the Third Amended Complaint as the "Sponsors" or the "Sponsor Defendants."

## STATEMENT OF FACTS

I.      **BACKGROUND**

    A.      **The J-1 Visa *Au Pair* Program**

48.     Agent Au Pair denies the allegations in paragraph 48.

49.     Agent Au Pair admits that participants in the au pair program must have a J-1 visa and that the au pair program is one of several J-1 visa "cultural exchange"

programs overseen and administered by the United States Department of State ("DOS"). Agent Au Pair further admits that the au pair program is carried out under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended, as well as the applicable regulations.  Except as expressly admitted, Agent Au Pair denies the allegations in paragraph 49.

50.     With respect to the allegations in paragraph 50, Agent Au Pair states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, Agent Au Pair denies the allegations in paragraph 50.

51.     With respect to the allegations in paragraph 51, Agent Au Pair states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, Agent Au Pair denies the allegations in paragraph 51.

52.     With respect to the allegations in paragraph 52, Agent Au Pair states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, Agent Au Pair denies the allegations in paragraph 52.

53.     Agent Au Pair admits that the sponsors are a mix of for-profit and non-profit entities that have generated revenue from program fees paid by host families and au pairs.  Except as expressly admitted, Agent Au Pair denies the allegations of paragraph 53.

54.     With respect to the allegations in paragraph 54, Agent Au Pair states that the au pair program is governed by a comprehensive set of regulations that speak for themselves, and no further response concerning their content is required. To the extent a response is required, Agent Au Pair denies the allegations in paragraph 54.

**B.      Historical Labor Abuses in the _Au Pair_ Program**

55.     Agent Au Pair denies the allegations in paragraph 55.

**1.      The Program Began with a Price-Fixing Cartel that Paid Illegal Wages in Contravention of Federal and State Labor Laws.**

56.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 56 and, therefore, denies them.

57.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 57 and, therefore, denies them.

58.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 58 and, therefore, denies them.

59.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 59 and, therefore, denies them.

60.     Agent Au Pair lacks information sufficient to form a belief as to truth of the allegations in paragraph 60 and, therefore, denies them.

**2.      The Program Came Under Nearly Immediate Scrutiny for Early Sponsors' Abuses.**

61.     Agent Au Pair admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required

regarding its content.  To the extent a response is required, Agent Au Pair denies the allegations in paragraph 61.

62.     Agent Au Pair admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, Agent Au Pair denies the allegations in paragraph 62.

63.     Agent Au Pair admits that the General Accounting Office issued a report on February 5, 1990.  That report speaks for itself, and no further response is required regarding its content.  To the extent a response is required, Agent Au Pair denies the allegations in paragraph 63.

> ### 3.     The Government Issued Rules to Require Sponsors to Protect *Au Pairs'* Rights as Employees.

64.     Agent Au Pair admits that USIA initiated a formal rulemaking concerning the au pair program in 1994. Agent Au Pair lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 64 and, therefore, denies them.

65.     Agent Au Pair admits that USIA issued a final rule in February 1995. That rule and any related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, Agent Au Pair denies the allegations in paragraph 65.

66.     With respect to the allegations in paragraph 63, Agent Au Pair states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, Agent Au Pair denies the allegations in paragraph 66.

### 4. The Government Created a Programmatic Wage Floor.

67.     With respect to the allegations in paragraph 67, Agent Au Pair states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, Agent Au Pair denies the allegations in paragraph 67.

68.     With respect to the allegations in paragraph 68, Agent Au Pair states that the relevant USIA-promulgated rules and related commentary speak for themselves, and no further response is required regarding their content. To the extent a response is required, Agent Au Pair denies the allegations in paragraph 68.

69.     Agent Au Pair denies the allegations contained in the first sentence of paragraph 69. The second sentence of paragraph 69 states a legal conclusion to which no response is required. With respect to the remaining allegations in paragraph 69, Agent Au Pair states that regulations governing the au pair program and any formal opinions issued by the Department of Labor ("DOL") speak for themselves, and no further response is required regarding their content. To the extent a response is required, Agent Au Pair denies the allegations in the third through fifth sentences of paragraph 69.

70.     With respect to the allegations in paragraph 70, Agent Au Pair admits that regulations governing the au pair program are codified at 22 C.F.R. § 63.31. Those regulations speak for themselves, and no further response is required regarding their content. To the extent a response is required, Agent Au Pair denies the allegations in paragraph 70.

71.     Agent Au Pair denies the allegations in paragraph 71.

**5.      Abuses of *Au Pairs'* Rights as Employees Continued Under a "Cartel" of Sponsors, Which Fixed Wages at the Programmatic Wage Floor, Irrespective of Federal and State Minimum Wage Laws.**

72.     Agent Au Pair denies the allegations contained in the first sentence of paragraph 72. With respect to the allegations in the second sentence of paragraph 72, Agent Au Pair states that the USIA rulemaking of June 27, 1997, as documented in the Federal Register, speaks for itself, and no further response is required regarding its content. To the extent a response is required, Agent Au Pair denies the allegations in the second sentence of paragraph 72.

73.     Agent Au Pair denies the allegations in paragraph 73.

74.     Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 74 and, therefore, denies them.

75.     Agent Au Pair denies the allegations in paragraph 75.

**II.     THE SPONSOR DEFENDANTS HAVE ILLEGALLY FIXED STANDARD *AU PAIR* WAGES**

76.     Agent Au Pair denies the allegations in paragraph 76.

**A.      The Sponsor Collectively Control the Market for J-1 Vis Au Pair Employment.**

77.     Agent Au Pair admits that DOS-designated sponsors are the only entities authorized to serve as sponsoring organizations in the au pair program.  Agent Au Pair denies the remaining allegations in paragraph 77.

78.     Agent Au Pair admits that, as of November 2014, the Sponsor Defendants were the only DOS-authorized sponsors of the au pair program in the United States. Except as expressly admitted, Agent Au Pair denies the allegations in paragraph 78.

79.     Agent Au Pair admits that it competes with the Sponsor Defendants in attracting au pairs to work with it, and that it generates revenue in connection with the placement of sponsors with host families.  Except as expressly admitted, Agent Au Pair denies the allegations in paragraph 79.

80.     Agent Au Pair denies the allegations in paragraph 80.

81.     Agent Au Pair denies the allegations in paragraph 81.

82.     Agent Au Pair denies the allegations in paragraph 82.

**B.      The Sponsor Defendants Have Conspired to Fix Standard *Au Pair* Wages**

83.     Agent Au Pair denies the allegations in paragraph 83.

84.     Agent Au Pair admits that Plaintiffs use the term "standard au pair" to describe au pair positions as set forth in paragraph 84, but Agent Au Pair denies that the term "standard au pair" has any significant meaning in light of the economic realities of the au pair program.  Further, it is the host families and not Agent Au Pair who determines the weekly stipend paid to the au pairs. Agent Au Pair denies the remaining allegations in paragraph 84.

85.     Agent Au Pair denies the allegations in paragraph 85.

**1.      The Sponsors Have Conspired to Set Standard *Au Pair* Wages at the Programmatic Wage Floor, Which is Currently $197.75 Per Week.**

86.     Agent Au Pair admits the allegation in paragraph 86.

87.     Agent Au Pair denies the allegations in paragraph 87.

88.     With respect to the allegations in paragraph 88, Agent Au Pair states that the governing regulations speak for themselves, and no further response regarding their content is required.

89.     Agent Au Pair admits that as of July 24, 2009, the State Department designated $195.75, which included a 40% credit for room and board, as the weekly stipend to be paid to participants in the au pair exchange program.  Except as expressly admitted, Agent Au Pair denies the allegations in paragraph 89.

90.     Agent Au Pair denies the allegations in paragraph 90.

91.     Agent Au Pair denies the allegations in paragraph 91.

92.     Agent Au Pair denies the allegations in paragraph 92.

93.     Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 93 and, therefore, denies them.

94.     Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 94 and, therefore, denies them.

95.     Agent Au Pair denies the allegations in paragraph 95.

> **2.     Several Sponsors Have Admitted that the Sponsors Collectively Colluded to Set Standard *Au Pair* Wages at that Amount.**

96.     Agent Au Pair denies the allegations in paragraph 96.

97.     Agent Au Pair denies the allegations in paragraph 97.

98.     Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 98 and, therefore, denies them.

99.     Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 99 and, therefore, denies them.

100.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 100 and, therefore, denies them.

### 3.     The Sponsors Uniformly Advertise Standard *Au Pair* Wages at the Identical Amount.

101.    Agent Au Pair denies the allegations in paragraph 101.

#### a.     InterExchange

102.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 102 and, therefore, denies them.

#### b.     Cultural Care

103.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 103 and, therefore, denies them.

#### c.     Au Pair in America

104.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 104 and, therefore, denies them.

#### d.     GoAuPair

105.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 105 and, therefore, denies them Except as expressly admitted, Agent Au Pair denies the allegations in paragraph 105.

#### e.     USAuPair

106.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 106and, therefore, denies them.

#### f.      GreatAuPair

107.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 107 and, therefore, denies them.

#### g.      Expert Au Pair

108.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 108 and, therefore, denies them.

#### h.      EurAuPair

109.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 109 and, therefore, denies them.

#### i.      Cultural Homestay

110.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 110 and, therefore, denies them.

#### j.      AuPairCare

111.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 111 and, therefore, denies them.

#### k.      Au Pair International

112.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 112 and, therefore, denies them.

#### l.      APF Global Exchange

113.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 113 and, therefore, denies them.

#### m.      Agent Au Pair

114.   Agent Au Pair admits that in November 2014 its website displayed the following information:

| Program Fees | | | |
|---|---|---|---|
| Fee Type | Standard Au Pair | Infant Qualified Au Pair | Repeat Families |
| Application Fee | $300 *WAIVED* | $300 *WAIVED* | $0 - *WAIVED* |
| Program Fee | $7,500. | $7,500. | $7,500. |
| Weekly Stipend (paid to au pair) | $195.75 | $195.75 | $195.75 |
| Average Weekly Cost | $340.00 | $340.00 | $330.00 |
| Education Allowance | Up to $500 | Up to $500 | Up to $500 |
| Domestic Transportation ($0 for Bay Area families) | Varies by State | Varies by State | Varies by State |

Except as expressly admitted, Agent Au Pair denies the allegations in paragraph 114.

### n.   ProAuPair

115.   Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 115 and, therefore, denies them.

### o.   The International Au Pair Exchange

116.   Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 116 and, therefore, denies them.

117.   Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 117 and, therefore, denies them.

118.   Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 118 and, therefore, denies them.

119.   Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 119 and, therefore, denies them.

120.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 120 and, therefore, denies them.

### 4.    The Sponsors Have Maintained the Fixed Standard *Au Pair* Wage, Despite Illegality and Difference in Market Conditions.

121.    Agent Au Pair denies the allegations in paragraph 121.

122.    Agent Au Pair denies the allegations in paragraph 122.

123.    Agent Au Pair denies the allegations in paragraph 123.

124.    Agent o Au Pair denies the allegations in paragraph 124.

125.    Agent Au Pair denies the allegations in paragraph 125.

126.    Agent Au Pair denies the allegations in paragraph 126.

### 5.    The Sponsors Have Had the Means, Opportunity, and Motive to Conspire to Fix Standard *Au Pair* Wages.

127.    Agent Au Pair denies the allegations in paragraph 127.

128.    With respect to the allegations in paragraph 128, Agent Au Pair states that it lacks sufficient information regarding the reasons foreign nationals choose to participate in the au pair program and, therefore, denies those allegations.

129.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 129 and, therefore, denies them.

130.    Agent Au Pair denies the allegations in paragraph 130.

131.    Agent Au Pair denies the allegations in paragraph 131.

132.    Agent Au Pair admits that it is a member of an association called the Alliance for International Education and Cultural Exchange, which the Third Amended Complaint refers to as the "Alliance." Agent Au Pair lacks sufficient information to form a

belief as to the truth of the remaining allegations in paragraph 132 and, therefore, denies them.

133.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 133 and, therefore, denies them.

134.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 134 and, therefore, denies them.

135.    Agent Au Pair admits that from time to time, representatives of Agent Au Pair attend meetings of the Alliance and IAPA, which meetings are also attended by representatives of other sponsor defendants. Except as expressly admitted, Agent Au Pair denies the remaining allegations in paragraph 135.

136.    Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 136 and, therefore, denies them.

137.    Agent Au Pair denies the allegations in paragraph 137.

138.    Agent Au Pair denies the allegations in paragraph 138.

139.    Agent Au Pair denies the allegations in paragraph 139.

140.    Agent Au Pair denies the allegations in paragraph 140.

141.    Agent Au Pair admits that it posts information on its website relating to the weekly stipend established by DOS. Except as expressly admitted, Agent Au Pair denies the allegations in paragraph 141.

142.    Agent Au Pair denies the allegations in paragraph 142.

143.    Agent Au Pair denies the allegations in paragraph 143.

144.   Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 144 and, therefore, denies them.

145.   Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 145 and, therefore, denies them.

### 6.   The Sponsors Have Used Deception as One Means of Maintaining Fixed Standard *Au Pair* Wages.

146.   Agent Au Pair denies the allegations in paragraph 146.

147.   Agent Au Pair denies the allegations in paragraph 147.

148.   Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 148 and, therefore, denies them.

149.   Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 149 and, therefore, denies them.

150.   Agent Au Pair lacks sufficient information to form a belief as to the truth of the allegations in paragraph 150 and, therefore, denies them.

### C.   The Sponsor Defendants' Conspiracy Has Damaged and/or Continues to Damage Plaintiffs and All Those Similarly Situated.

151.   Agent Au Pair denies the allegations in paragraph 151.

152.   AgentAu Pair denies the allegations in paragraph 152.

153.   AgentAu Pair denies the allegations in paragraph 153.

154.   AgentAu Pair denies the allegations in paragraph 154.

155.   AgentAu Pair denies the allegations in paragraph 155.

156.   AgentAu Pair denies the allegations in paragraph 156.

157.   AgentAu Pair denies the allegations in paragraph 157.

III. **INTEREXCHANGE, CULTURAL CARE, AND AU PAIR IN AMERICA HAVE DECEIVED STANDARD *AU PAIRS* TO INDUCE THEM TO ACCEPT ILLEGAL WAGES.**

    A. <u>**InterExchange, Cultural Care, Au Pair in America, and AuPairCare Have Fasley Informed *Au Pairs* That They Are Not Entitled, by Law, to Any Amount Beyond $195.75 Per Week.**</u>

        1. **The State Department's Posted Minimum Wage of $195.75 Represents a Programmatic Wage Floor, Not a Maximum or Government-Fixed Amount.**

158.     Agent Au Pair admits that its website lists a minimum weekly stipend of $195.75 as specified by DOS, but that it lacks information sufficient to form a belief as to whether all other defendant-sponsors list a minimum weekly stipend in that amount. Whether a minimum weekly stipend of $195.75 is compelled by law states a legal conclusion to which no response is required. Except as expressly admitted, AgentAu Pair denies the allegations in paragraph 158.

159.     Agent Au Pair admits that the current $195.75 weekly minimum stipend amount is a programmatic wage floor established by DOS.

160.     With respect to the allegations in paragraph 160, AgentAu Pair states that any government action or publication speaks for itself, and no further response is required.

161.     Statements on the DOS website speak for themselves, and no further response is required.

162.     Agent Au Pair lacks sufficient information to form a belief as to truth of the allegation in paragraph 162 and, therefore, denies it.

163.    With respect to the allegations contained in paragraph 163, Agent Au Pair states that "USIA's original rule" speaks for itself, and no further response is required.

164.    Agent Au Pair admits that DOS has from time to time informed au pair sponsors of increases in the federal minimum wage, and the corresponding increases to the au pair weekly stipend.

165.    Agent Au Pair admits that USIA amended the au pair regulations in 1997 and that the 1997 amendments reflect the currently-effective regulations. With respect to the remaining allegations in paragraph 162, Agent Au Pair states that the governing regulations speak for themselves, and no further response is required regarding their content.

166.    With respect to the allegations in paragraph 166, Agent Au Pair states that the February 1997 DOL opinion letter speaks for itself, and no further response is required regarding its content.

167.    With respect to the allegations in paragraph 167, Agent Au Pair states that the August 1997 DOL opinion letter speaks for itself, and no further response is required regarding its content

168.    Agent Au Pair admits the allegations in paragraph 168.

169.    Agent Au Pair admits that the USIA website previously posted a document entitled "Fact Sheet: Au Pair Stipend." That document speaks for itself, and no further response is required regarding its content.

170.    Agent Au Pair admits that the 1997 amendments to the au pair regulations reflect the currently-effective rules. Except as expressly admitted, Agent Au Pair denies the allegations in paragraph 170.

171.    Agent Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 171 and, therefore, denies them.

172.    With respect to the allegations in paragraph 172, Agent Au Pair states that the governing regulations, DOL letter, DOS notices, and DOS website speak for themselves, and no further response is required regarding their content.

    **2. The Sponsors All Know that the Published Federal Minimum Weekly Wage of $195.75 Is Simply a Programmatic Wage Floor.**

173.    Agent Au Pair admits it is aware that the amount of the weekly stipend required under the regulations governing the au pair program is a minimum weekly stipend. Except as expressly admitted, Agent Au Pair denies the allegations in paragraph 173.

174.    With respect to the allegations in the first half of paragraph 174, Agent Au Pair states that it lacks information sufficient to form a belief as to the truth of those allegations and, therefore, denies them. With respect to the allegations in the second half of paragraph 174, Agent Au Pair states that the referenced "government materials" speak for themselves, and no further response is required.

175.    Agent Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 175 and, therefore, denies them.

176.    Agent Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 176 and, therefore, denies them.

177.    Agent Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 177 and, therefore, denies them.

178.    Agent Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 178 and, therefore, denies them.

179.    Agent Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 179 and, therefore, denies them.

180.    Agent Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 180 and, therefore, denies them.

181.    Agent Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 181 and, therefore, denies them.

182.    The allegations in paragraphs 182-364 pertain to defendants other than Agent Au Pair and, thus, no response is required. With respect to those allegations, Agent Au Pair states that it understands the term "Sponsor" or "Sponsors," as used in paragraphs 182-364, to refer to defendants other than Agent Au Pair. To the extent Plaintiffs intended to refer to Agent Au Pair in any of these paragraphs, Agent Au Pair denies those allegations.

V.    **THE NAMED PLAINTIFFS' SUFFERED AS A RESULT OF DEFENDANTS' WRONGFUL ACTIONS**

365.    The allegations in paragraphs 365-538 pertain to defendants other than Agent Au Pair and, thus, no response is required. To the extent a response is required,

Agent Au Pair states that it lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 365-538 and, therefore, denies them.

## RULE 23 CLASS ALLEGATIONS

539.    Agent Au Pair incorporates by reference its response to all previous paragraphs in the Third Amended Complaint.

540.    Agent Au Pair admits that Plaintiffs assert Counts I-VII and IX-X as class action claims pursuant to Federal Rule of Civil Procedure 23, but denies that certification of a class would be proper under Rule 23.

541.    Agent Au Pair admits that Plaintiffs purport to define a class referred to as the "Price Fixed Class," as set forth in paragraph 541, but denies that certification of such a class would be proper under Rule 23.

542.    The allegations in paragraph 542-561 attempt to define a putative class relating to claims that are not asserted against Agent Au Pair and, thus, no response is required.

543.

562.    Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 562 and, therefore, denies them. Agent Au Pair denies that certification of any putative class is proper under Rule 23.

563.    Agent Au Pair denies the allegations in paragraph 563.

564.    Agent Au Pair denies the allegations in paragraph 564.

565.    Agent Au Pair denies the allegations in paragraph 565.

566.    Agent Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 566 and, therefore, denies them.

567.    Agent Au Pair denies the allegations in paragraph 567.

568.    Agent Au Pair denies the allegations in paragraph 568.

569.    Agent Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 569 and, therefore, denies them.

570.    Agent Au Pair lacks information sufficient to form a belief as to the truth of the allegations in paragraph 570 and, therefore, denies them.

571.    Agent Au Pair admits that this case has been pending in this jurisdiction since 2014. Agent Au Pair lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 571 and, therefore, denies them.

572.    Agent Au Pair denies the allegations in paragraph 572.

573.    Agent Au Pair denies the allegations in paragraph 573.

**29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS**

574.    The allegations in paragraphs 551-588 attempt to define putative classes relating to claims that are not asserted against Agent Au Pair and, thus, no response is required.

**COUNT I: RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1, *ET SEQ.***

589.    Agent Au Pair incorporates by reference its responses to all previous paragraphs in the Third Amended Complaint. With respect to the allegations in the second sentence of paragraph 589, Agent Au Pair admits that Plaintiffs purport to assert

Count I on behalf of themselves and all others similarly situated, but denies that Plaintiffs may bring claims on behalf of others and that they are entitled to any relief.

590.   Agent Au Pair denies the allegations in paragraph 590.

591.   Agent Au Pair denies the allegations in paragraph 591.

592.   Agent Au Pair denies the allegations in paragraph 592.

593.   Agent Au Pair denies the allegations in paragraph 593.

594.   Agent Au Pair denies the allegations in paragraph 594.

595.   Agent Au Pair denies the allegations in paragraph 595.

596.   Agent Au Pair denies the allegations in paragraph 596.

597.   Agent Au Pair denies the allegations in paragraph 597.

## COUNTS II-XI

598.   The allegations in paragraphs 598-648 pertain to Counts II-XI, which are not asserted against Agent Au Pair, and thus no response is required.

## DEMAND FOR JURY TRIAL

649.   Agent Au Pair admits that Plaintiffs have demanded a jury trial.

## PLAINTIFFS' PRAYER FOR RELIEF

To the extent that a response to Plaintiffs' prayer for relief is required, Agent Au Pair denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Agent Au Pair asserts the following affirmative defenses to Count I, which is the only claim asserted against it. Agent Au Pair asserts these defenses without assuming the burden of proof or production on any of these defenses that would otherwise rest on

Plaintiffs. Agent Au Pair has not conducted any discovery, which might reveal additional defenses; Agent Au Pair therefore reserves the right to amend this answer as appropriate to assert additional defenses.

FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, and/or waiver.

FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of Agent Au Pair and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct of which Plaintiffs complain is reasonable and justified, and such conduct has not, and will not, substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule-of-reason claim.  In particular, the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

SEVENTH DEFENSE

The actions of Agent Au Pair have been procompetitive, and Agent Au Pair's actions were carried out in furtherance of its legitimate business interests.

EIGHTH DEFENSE

Plaintiffs' claims are barred because they have not alleged any properly-defined or relevant product (or service) and geographic market.

NINTH DEFENSE

Plaintiffs' claims are barred because Agent Au Pair reasonably relied upon the weekly stipend established, calculated, and consistently applied by the State Department and the Department of Labor to be paid to participants in the au pair exchange program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in Agent Au Pair's au pair exchange program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

TENTH DEFENSE

If, for some reason, any or all of the alleged acts and omissions of Agent Au Pair were not within the scope of conduct authorized by the State Department and/or the Department of Labor, such a situation was not reasonably foreseeable by Agent Au Pair.

ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal-instrumentality doctrine, the sovereign-immunity doctrine, the state-action doctrine, and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Agent Au Pair has acted in good faith, with a reasonable basis, and with intent to comply with the law.

THIRTEENTH DEFENSE

Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties.  Agent Au Pair is not liable for the acts of others over which it has no control.

FOURTEENTH DEFENSE

Plaintiffs' claims for damages against Agent Au Pair are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

### FIFTEENTH DEFENSE

The alleged injury, loss or damage suffered by Plaintiffs, if any, would be compensated adequately by damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

### SIXTEENTH DEFENSE

Agent Au Pair adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

### **AGENT AU PAIR'S PRAYER FOR RELIEF**

Therefore, Agent Au Pair prays for relief as follows:

1.      That Plaintiffs take nothing by way of the claims asserted in Count I of the Third Amended Complaint, and that this action be dismissed with prejudice;

2.      That judgment be entered in favor of Agent Au Pair and against Plaintiffs with respect to all Counts asserted against Agent Au Pair;

3.      That the Court award Agent Au Pair its attorneys' fees and all are other costs reasonably incurred in defense of this action; and

4.      That the Court award such other relief as it made deem just and proper.

Dated: April 25, 2018.              Respectfully submitted,


*s/ Kathryn A. Reilly*
Kathryn A. Reilly
Brett M. Mull
V. William Scarpato III
Natalie West
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:  Reilly@wtotrial.com
        Mull@wtotrial.com
        Scarpato@wtotrial.com
        West@wtotrial.com

Attorneys for Defendant Agent Au Pair

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on April 25, 2018, I electronically filed the foregoing **DEFENDANT AGENT AU PAIR'S ANSWER TO THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Claudia Jones*
Legal Secretary