# Exhibit A

 Positive
As of: April 27, 2018 5:37 PM Z

# Frost v. Zeff

Common Pleas Court of Philadelphia County, First Judicial District of Pennsylvania, Civil Trial Division

April 27, 2015, Decided; April 27, 2015, Filed

Case No. 003279 Commerce Program

**Reporter**
2015 Phila. Ct. Com. Pl. LEXIS 100 *

MARK B. FROST, et al., Plaintiffs v. GREGG L. ZEFF, et al., Defendants

**Subsequent History: [*1]** 827 EDA 2015, 829 EDA 2015.

Affirmed by, Judgment entered by *Frost v. Zeff, 2015 Pa. Super. Unpub. LEXIS 4502 (2015)*

## Core Terms

Plaintiffs', defendants', shareholder, summary judgment motion, statute of limitations, counterclaims, breach of fiduciary duty, Memorandum, unjust enrichment, law firm, conversion, breach of contract, individually, professional corporation, summary judgment, cause of action, derivative, cross-claimant, allegations, break-up, injuries, monies

## Case Summary

### Overview

HOLDINGS: [1]-The common pleas court entered an opinion in support of its orders dismissing an attorney's counterclaims because the attorney lacked standing; [2]-Any injuries to the attorney were sustained by virtue of his status as a shareholder in a corporation; [3]-Pursuant to *15 Pa.C.S. § 1717*, any claim for harm done to the corporation could only be redressed by its shareholders in an action filed to in the right of the corporation; [4]-The counterclaims were also properly dismissed because they were filed beyond the applicable statutes of limitations, *42 Pa.C.S. § 5524*; *[5]*-The two year statute of limitations for filing actions for fraud, conversion, misrepresentation, breach of fiduciary duty, and negligence expired by the time the counterclaims were filed.

### Outcome

Recommended that order be affirmed.

## LexisNexis® Headnotes

Civil Procedure > ... > Pleadings > Crossclaims > General Overview

### *HN1*[ ]  Pleadings, Crossclaims

See *Pa.R.C.P. No. 1031.1*.

Business & Corporate Law > ... > Actions Against Corporations > Derivative Actions > Enforcement of Corporate Rights

### *HN2*[ ]  Derivative Actions, Enforcement of Corporate Rights

In Pennsylvania, only the corporation and a shareholder by an action in the right of the corporation may bring a lawsuit to recover injuries suffered by the corporation. Any claim for harm done to a professional corporation may only be redressed by its shareholders in an action filed to in the right of the corporation.

Business & Corporate Law > ... > Actions Against Corporations > Derivative Actions > General Overview

### *HN3*[ ]  Actions Against Corporations, Derivative Actions

Generally referred to as a "derivative action," *15 Pa.C.S. § 1717* explains: the duty of the board of directors,

Case No. 1:14-cv-03074-CMA-KMT   Document 1043-1   filed 04/27/18   USDC Colorado   pg 3 of 10

Page 2 of 9
2015 Phila. Ct. Com. Pl. LEXIS 100, *1

committees of the board and individual directors under *15 Pa.C.S. § 1712*, relating to standard of care and justifiable reliance, is solely to the business corporation and may be enforced directly by the corporation or may be enforced by a shareholder, as such, by an action in the right of the corporation, and may not be enforced directly by a shareholder or by any other person or group.

Governments > Legislation > Statute of Limitations > Time Limitations

Torts > Procedural Matters > Statute of Limitations > General Overview

**HN4**[ ] **Statute of Limitations, Time Limitations**

See *42 Pa.C.S. § 5524*.

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

**HN5**[ ] **Summary Judgment, Entitlement as Matter of Law**

See *Pa.R.C.P. No. 1035.2*.

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

**HN6**[ ] **Summary Judgment, Entitlement as Matter of Law**

Summary judgment is a means to eliminate the waste of time and resources of both the litigants and the courts.

Civil Procedure > ... > Summary Judgment > Burdens of Proof > Movant Persuasion & Proof

**HN7**[ ] **Burdens of Proof, Movant Persuasion & Proof**

The movant has the burden of demonstrating that no genuine issue of material fact exists and that they are entitled to summary judgment as a matter of law.

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Appropriateness

**HN8**[ ] **Entitlement as Matter of Law, Appropriateness**

In deciding a motion for summary judgment, the record must be viewed in a light most favorable to the non-moving party and summary judgment may only be entered in cases where the right to summary judgment is clear and free from doubt.

Business & Corporate Law > ... > Shareholder Actions > Actions Against Corporations > Direct Actions

Business & Corporate Law > ... > Actions Against Corporations > Derivative Actions > Procedural Matters

Business & Corporate Law > ... > Actions Against Corporations > Derivative Actions > Enforcement of Corporate Rights

**HN9**[ ] **Actions Against Corporations, Direct Actions**

In Pennsylvania, only the corporation and a shareholder by an action in the right of the corporation may bring a lawsuit to recover injuries suffered by the corporation. A shareholder does not have standing to institute a direct suit for a harm that is peculiar to the corporation and that is only indirectly injuries to the shareholder. Rather, such a claim belongs to the corporation. A shareholder only has individual standing if the injury is one to the plaintiff as a stockholder and to him or her individually, and not to the corporation. Thus, if the injury is one to plaintiff as a shareholder as an individual, and not to the corporation, it is an individual action. By contrast, if the wrong is primarily against the corporation, the redress for it must be sought by the corporation, or by a shareholder on behalf of the corporation.

Business & Corporate Law > ... > Shareholder Actions > Actions Against Corporations > Direct Actions

2015 Phila. Ct. Com. Pl. LEXIS 100, *1

*HN10*[] **Actions Against Corporations, Direct Actions**

A stockholder's claimed direct injury must be independent of any alleged injury to the corporation.

Business & Corporate Law > ... > Shareholder Actions > Actions Against Corporations > Direct Actions

*HN11*[] **Actions Against Corporations, Direct Actions**

If the action is based on a contract to which the shareholder is a party, or on a right that belongs severally to the shareholder, or on a fraud affecting the shareholder directly, or where there is a duty owed to the individual independent of the person's status as a shareholder, it is an individual action.

Business & Corporate Law > ... > Actions Against Corporations > Derivative Actions > Enforcement of Corporate Rights

*HN12*[] **Derivative Actions, Enforcement of Corporate Rights**

Courts determine whether the injury is peculiar to the corporation by looking to the gravamen of the complaint. The claim is peculiar to the corporation if it seeks to recover assets due to the corporation, even if damage to a shareholder results indirectly as the result of the injury to the corporation.

Business & Corporate Law > ... > Actions Against Corporations > Derivative Actions > Enforcement of Corporate Rights

*HN13*[] **Derivative Actions, Enforcement of Corporate Rights**

An action in which the holder can prevail only by showing an injury or breach of duty to the corporation should be treated as a derivative action.

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

*HN14*[] **Amendment of Pleadings, Leave of Court**

Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party.

Governments > Legislation > Statute of Limitations > General Overview

*HN15*[] **Legislation, Statute of Limitations**

Statutes of limitations require that an aggrieved plaintiff bring their claims within a certain time of the injury. Statutes of limitations are designed to effectuate three purposes: (1) preservation of evidence, (2) the right of potential defendants to repose, and (3) administrative efficiency and convenience.

Torts > Intentional Torts > Breach of Fiduciary Duty > Defenses

Torts > Intentional Torts > Conversion > Defenses

Torts > ... > Statute of Limitations > Begins to Run > General Overview

*HN16*[] **Breach of Fiduciary Duty, Defenses**

A two-year statute of limitations period applies to both breach of fiduciary duty claims and conversion claims. *42 Pa.C.S. § 5524*. The statute begins to run as soon as the right to institute and maintain a suit arises. Lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations.

Governments > Legislation > Statute of Limitations > General Overview

*HN17*[] **Legislation, Statute of Limitations**

A person asserting a claim is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period.

**Judges:** PAMELA PRYOR DEMBE, J.

**Opinion by:** PAMELA PRYOR DEMBE

Case No. 1:14-cv-03074-CMA-KMT   Document 1043-1   filed 04/27/18   USDC Colorado   pg 5 of 10

Page 4 of 9
2015 Phila. Ct. Com. Pl. LEXIS 100, *1

# Opinion

Mark B. Frost, Esq, and Gregg L. Zeff, Esq. formed Frost & Zeff, PC. The law firm broke up and spawned litigation that has given rise to the instant appeal and cross appeal. Each party filed a motion for summary judgment and the lower court granted both motions after determining that neither party had properly pled a claim for relief against the other and that various claims were barred by the applicable Statute of Limitations. Both parties have appealed.

Background

On March 1, 2013, Plaintiffs Mark B. Frost (Mark Frost") and Mark B. Frost & Associates (Frost Law Firm) filed a writ of summons against Defendants, Frost & Zeff, PC. Gregg L. Zeff ("Gregg Zeff"), Zeff Law Firm, LLC, and the Law Office of Gregg L. Zeff (Zeff Law Firm ).[1] The complaint included claims against all defendants for (1) breach of contract (count I); (2) unjust enrichment (count II); (3) conversion (count III); and breach of Fiduciary duty (count IV). Defendants filed an answer, cross claim and counterclaims

On September 24, 2014, the court entered an order granting Defendant's Motion for Summary Judgment and dismissed **[*2]** Frost's complaint against the Defendants[2] and Defendant Zeff's cross claim against codefendant Frost & Zeff, PC. Plaintiff filed an appeal. (827 EDA 2015) The supporting memorandum of law is attached hereto as Exhibit A.

The remainder of this opinion is in support of the lower court's entry of an order granting on February 12, 2015 granting Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim.

Defendants' answer to plaintiff's complaint included counterclaims which remained outstanding after the order of September 24, 2014. On September 26, 2015, the court returned the counterclaims case to the active docket.

On November 26, 2014, Plaintiff filed a Motion for Summary Judgment on the counterclaims arguing that while Defendants purported to countersue on behalf of the Frost & Zeff, PC they were in reality seeking a judgment in favor of Defendant Gregg L. Zeff. The lower court agreed and granted Plaintiffs Motion for Summary Judgment on February 12, 2015. This cross-appeal followed.

Discussion

Defendants' counterclaims filed on behalf of Zeff and the Zeff Law Firm (ZLF) against Frost and Mark B. Frost and Associates (FLF) consisted of counts: **[*3]** (1) Fraud; (2) Constructive Fraud (against Frost only), (3) Conversion, (4) Unjust Enrichment, (5) Misrepresentation, (6) Breach of Fiduciary Duty (against Frost only), (7) Accounting,(8) Negligence (Zeff v. Frost only), (9) Breach of Fiduciary Duty (Against Frost & Zeff, PC, only), and (10) Accounting (against Frost & Zeff, PC only) and (11) for relief pursuant to *PA R. CIV P. Rule 1031.1* (against Frost & Zeff, PC).[3]

The facts underlying the counterclaims consist of Zeff's allegations **[*4]** that Frost had an affair and used money from Frost and Zeff, PC to pay child support, that Frost used Frost & Zeff funds to pay personal expenses, borrowed money from the Frost & Zeff impeding the firm's cash flow, diverted funds from cases the Frost & Zeff had settled and that Frost did all of this without permission from the shareholders. The events that form the basis for the counterclaims occurred before Frost & Zeff, PC ceased conducting business in March, 2009. The counterclaims were filed on July 13, 2013.

---

[1] Plaintiffs' Complaint at ¶¶ 1-5.

[2] Mark Frost and the Frost Law Firm.

[3] *HN1*[↑] Any party may set forth in the answer or reply under the heading "Cross-claim" a cause of action against any other party to the action that the other party may be

(1) solely liable on the underlying cause of action or

*Note*: The term "underlying cause of action" refers to the cause of action set forth in the plaintiffs complaint or the defendant's counterclaim.

(2) liable to or with the cross-claimant on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action is based.

*Note*: Subparagraph (2) permits a cross-claimant to raise a claim that another party is liable over to the cross-claimant or jointly and severally liable with the cross-claimant.

*Pa.R.C.P. No. 1031.1*

2015 Phila. Ct. Com. Pl. LEXIS 100, *4

Standing

*HN2*[⬆] In Pennsylvania, only the corporation and "a shareholder ... by an action in the right of the corporation" may bring a lawsuit to recover injuries suffered by the corporation.[4] Any claim for harm done to Frost & Zeff, PC as a professional corporation may only be redressed by its shareholders in an action filed to in the right of the corporation. See *Hill v. Ofalt, 2014 PA Super 17, 85 A. 3d 540, 548 (Pa. Super. Ct. 2014)*. Accepting the allegations of the counterclaims as true, any injuries to Zeff were sustained by virtue of his status as a shareholder in Frost v. Zeff PC, . See, E.g. *Morrison Informatics, Inc. v. Members 1st Credit Union, 2014 PA Super 166, 97 A.3d 1233, 1239 (Pa. Super. Ct. 2014)* appeal granted in part sub nom. Morrison Informatics, Inc. v. Members 1st Fed. Credit Union, 111 A.3d 170, 2015 Pa. LEXIS 526 (Pa. Mar. 11, 2015). Therefore the counterclaims were properly **[*5]** dismissed for lack of standing.

Statutes of Limitation

The counterclaims were also dismissed because they were filed beyond the applicable statutes of limitations

*42 Pa.C.S.A. 5524* provides in pertinent part:

> *HN4*[⬆] The following actions and proceedings must be commenced within two years
> (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter."

The court properly dismissed **[*6]** the counterclaims for fraud (count I), constructive fraud (count II), conversion (count III), misrepresentation (count V), breach of fiduciary duty (count VI), negligence (count XI), breach of fiduciary duty, accounting (count X) because the two year statute of limitations for filing these actions had expired by the time the counterclaims were filed. The counterclaim for unjust enrichment (count IV) is also barred by the applicable statute of limitations. *42 Pa.C.S.A. § 5525(a)(4)*. Therefore, the order of the lower court should be affirmed.

DATE:

BY THE COURT

/s/ Pamela Pryor Dembe

Dembe, J.

**EXHIBIT A**

**MEMORANDUM OPINION**

**I. BACKGROUND**

On March 1, 2013, plaintiffs Mark B. Frost ("Frost") and Mark B. Frost & Associates ("Frost & Associates") (collectively referred to as "plaintiffs"), filed a writ of summons against defendants, Frost & Zeff, P.C., Gregg L. Zeff ("Zeff"), Zeff Law Firm, LLC, and the Law Office of Gregg L. Zeff (collectively referred to as "defendants").[1] Plaintiffs' complaint, filed on July 1, 2013, seeks monetary recovery against all defendants under alleged claims for: (1) breach of contract (count I); (2) unjust enrichment (count II); (3) conversion (count III); and breach of fiduciary duty (count IV). **[*7]** [2]

Plaintiff Frost is an attorney licensed in the Commonwealth of Pennsylvania.[3] Plaintiff Frost & Associates is a Philadelphia law firm and professional corporation.[4] Defendant Zeff is an attorney licensed in Pennsylvania and New Jersey.[5] Defendants Zeff Law Firm , LLC and the Law Office of Gregg L. Zeff are New

---

[4] *HN3*[⬆] Generally referred to as a "derivative action," *15 Pa. C.S.A. § 1717* explains: [t]he duty of the board of directors, committees of the board and individual directors under [*15 Pa.C.S.A. §] 1712* (relating to standard of care and justifiable reliance) is solely to the business corporation and may be enforced directly by the corporation or may be enforced by a shareholder, as such, by an action in the right of the corporation, and may not be enforced directly by a shareholder or by any other person or group.

[1] Plaintiffs' Complaint at ¶¶ 1-5.

[2] Plaintiffs' Complaint at ¶¶ 88-105.

[3] Plaintiffs' Complaint at ¶ 1.

[4] Plaintiffs' Complaint at ¶ 2.

[5] Plaintiffs' Complaint at ¶ 3.

Case No. 1:14-cv-03074-CMA-KMT   Document 1043-1   filed 04/27/18   USDC Colorado   pg 7 of 10

Page 6 of 9
2015 Phila. Ct. Com. Pl. LEXIS 100, *7

Jersey law firms and professional corporations.[6]

Defendant Frost & Zeff is a Philadelphia law firm and professional corporation.[7] On or about 1995, plaintiff Frost and defendant Zeff were both principals of Frost & Zeff, with plaintiff Frost as the majority shareholder owning sixty percent of the stock and defendant Zeff owning twenty percent of the stock.[8] In March 2009 defendant Zeff left the firm.[9] Frost & Zeff has not conducted business since approximately March 2009.[10]

Plaintiff brought direct suit against all defendants for "conduct that occurred prior to the break-up of Frost & Zeff, and allegations regarding the break-up of the firm and thereafter."[11] Such allegations include "wrongful withholding of monies, failing to pay monies for vendors and other creditors, and failing to comply with agreements made regarding the payment of monies owed."[12] Prior to the breakup of Frost & Zeff, and thereafter, plaintiffs contend that various vendors, individuals and entities sought payment on various debts and loans that Frost & Zeff had incurred.[13] Plaintiff Frost alleges that he was directly and individually responsible for such debts, and that defendant Zeff, as minority shareholder, was required to contribute to the payment of such debts accrued on behalf of Frost & Zeff.[14]

Frost & Zeff ceased operations in approximately 2009, and thereafter, several malpractice suits were filed against Frost & Zeff and bills from a variety of vendors and creditors were sent to Frost & Zeff.[15] Such suits and bills accrued around late 2009 to early 2010.[16]

Presently before this court is defendants' motion for summary judgment to dismiss all claims based on lack of standing and statute of limitations arguments.[17] This court addresses both arguments below.

## II. DISCUSSION

The Pennsylvania Rules of Civil Procedure provide in pertinent part:

> *Rule 1035.2 Motion*
>
> **HN5**[ ] After the relevant **[*10]** pleadings are closed, but within such time as not to unreasonably delay trial, any part may move for summary judgment in whole or in part as a matter of law
>> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse part who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issue to be submitted to a jury.

**HN6**[ ] Summary judgment is a means to eliminate the waste of time and resources of both the litigants and the

---

[6] Plaintiffs' Complaint at ¶ 3; Defendants' Answer to plaintiffs' Complaint at ¶ 3.

[7] Plaintiffs' Complaint at ¶ 5; Defendants' Answer to plaintiffs' Complaint at ¶ 5.

[8] Plaintiffs' Complaint at 7; At the time Frost & Zeff incorporated in 1995 as a professional corporation, **[*8]** third party George Szymanski, Jr. ("Szymanski") was also a principal, owning the remaining twenty percent of the stock, however Szymanski left the firm one year later in 1996. Plaintiffs' Complaint at ¶¶ 7-8.

[9] Plaintiffs' Complaint at ¶ 41.

[10] Plaintiffs' Complaint at ¶ 5; Defendants' Answer to plaintiffs' Complaint at ¶ 5.

[11] Plaintiffs' Complaint ¶¶ 1-87; Plaintiffs' Memorandum in Opposition to defendants' **[*9]** Motion for Summary Judgment ¶ 9.

[12] Plaintiffs' Complaint ¶¶ 1-87; Plaintiffs' Memorandum in Opposition to defendants' Motion for Summary Judgment ¶ 9.

[13] Plaintiffs' Complaint ¶¶ 1-87; Plaintiffs' Memorandum in Opposition to defendants' Motion for Summary Judgment ¶¶ 9-10.

[14] See plaintiffs' Memorandum in Opposition to defendants' Motion for Summary Judgment.

[15] Plaintiffs' Complaint at ¶¶ 42-87; See plaintiffs' Memorandum in Opposition to defendants' Motion for Summary Judgment.

[16] Plaintiffs' Complaint at ¶¶ 42-87; See plaintiffs' Memorandum in Opposition to defendants' Motion for Summary Judgment.

[17] Defendants' Motion for Summary Judgment.

2015 Phila. Ct. Com. Pl. LEXIS 100, *10

courts.[18] *HN7*[↑] The movant has the burden of demonstrating that no genuine issue of material fact exists and that they are entitled to summary judgment as a matter of law.[19] *HN8*[↑] In deciding a motion for summary judgment, the record must be viewed in a light most favorable to the non-moving party and summary judgment may only be entered in cases where the right to summary judgment is clear and free from doubt.[20]

Defendants' motion for **[*11]** summary judgment is premised upon lack of standing and statute of limitation arguments.[21] The court finds, for the reasons that follow, that (1) plaintiffs do not have standing to bring breach of contract or unjust enrichment claims against defendants; and (2) plaintiffs' conversion and breach of fiduciary duty claims are time-barred by the statute of limitations.

### I. Plaintiffs Do Not Have Standing To Bring Breach of Contract or Unjust Enrichment Claims Against Defendants.

Defendants' Motion for Summary Judgment argues that plaintiffs do not have standing to sue defendants directly because any cognizable injury was to the Frost & Zeff professional corporation and not to plaintiffs individually.[22] Plaintiffs argue in response that they have standing to sue defendants directly because plaintiffs have personally incurred substantial damages resulting from defendant Zeff's failure to pay debts "due to the firm."[23]

*HN9*[↑] In Pennsylvania, only the corporation and "a shareholder ... by an action in the right of the **[*12]** corporation" may bring a lawsuit to recover injuries suffered by the corporation.[24] A shareholder does not have standing to institute a direct suit for "a harm that is peculiar to the corporation and that is only indirectly injuries to the shareholder."[25] Rather, such a claim belongs to the corporation. A shareholder only has individual standing "if the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation..."[26] Thus, if the injury is one to plaintiff as a shareholder as an individual, and not to the corporation, it is an individual action.[27] By contrast, if the wrong is primarily against the corporation, the redress for it must be sought by the corporation, or by a shareholder on behalf of the corporation.

*HN12*[↑] Courts determine whether the injury is peculiar to the corporation by looking to the "gravamen of the complaint."[28] The claim is peculiar to the corporation if it seeks to recover assets due to the corporation, even if damage to a shareholder results indirectly as the result of the injury to the corporation.[29]

---

[18] *Liles v. Balmer, 389 Pa. Super. 451, 567 A.2d 691, 692 (Pa. Super. 1989)*.

[19] *Krug v. City of Philadelphia, 152 Pa. Commw. 475, 620 A.2d 46, 49 (Pa. Commw. 1993)*.

[20] *O'Brien Energy v. American Employers' Insurance Co., 427 Pa. Super. 456, 629 A.2d 957, 960 (Pa. Super. 1993)*; *American States v. Maryland Casualty Co., 427 Pa. Super. 170, 628 A.2d 880, 885 (Pa. Super. 1993)*.

[21] Defendants' Motion for Summary Judgment at ¶ 14.

[22] Defendants' Motion for Summary Judgment a ¶ 15.

[23] Plaintiffs' Memorandum of Law in Opposition to defendants' Motion for Summary Judgment at Page 18.

[24] Generally referred to as a "derivative action," *15 Pa. C.S.A. § 1717* explains: [t]he duty of the board of directors, committees of the board and individual directors under [*15 Pa.C.S.A. §] 1712* (relating to standard of care and justifiable reliance) is solely to the business corporation and may be enforced directly by the corporation or may be enforced by a shareholder, as such, by an action in the right of the corporation, and may not be enforced directly by a shareholder **[*13]** or by any other person or group.

[25] *Hill v. Ofalt, 2014 PA Super 17, 85 A.3d 540, 548 (Pa. Super. 2014)* (quoting *Reifsnyder v. Pgh. Outdoor Adver. Co., 405 Pa. 142, 173 A.2d 319, 321 (Pa. 1961))*.

[26] *HN10*[↑] A stockholder's claimed direct injury must be independent of any alleged injury to the corporation. See *Hill, 85 A.3d at 548*; *White v. First Nat'l Bank, 252 Pa. 205, 97 A. 403, 405 (1916)*.

[27] For example, *HN11*[↑] if the action is based on a contract to which the shareholder is a party, or on a right that belongs severally to the shareholder, or on a fraud affecting the shareholder directly, or where there is a duty owed to the individual independent of the person's status as a shareholder, it is an individual action. See *Hill, 85 A.3d at 548*.

[28] *Hill, 85 A.3d at 549*.

[29] 12B Fletcher Cyclopedia of the Law of Corporations § 5911 (2013); ALI *Principles of Corporate Governance § 7.01(a)* (*HN13*[↑]) "[a]n action in which the holder can prevail only by showing an injury or breach of duty to the corporation should be treated as a derivative action").

2015 Phila. Ct. Com. Pl. LEXIS 100, *13

Upon review, this court finds plaintiffs lack standing to assert breach of contract and unjust enrichment because any breach of contract and unjust enrichment claims belong to Frost & Zeff as a professional [*14] corporation rather than to plaintiffs individually. Defendants' alleged failure to pay debts due to the firm is an injury suffered by the firm rather than plaintiffs individually. The difficulty with plaintiffs' case is any breach of contract or unjust enrichment claim for monies due to the firm is an asset of the firm rather than of plaintiff individually as a shareholder. Plaintiffs argue that they have standing to sue defendants directly because plaintiffs have personally incurred substantial damages resulting from defendants' failure to pay debts "due to the firm."[30] However, such injury is regarded as "indirect" and thus is insufficient to give rise to a direct cause of action by plaintiff as a stockholder.[31] Any injuries suffered by plaintiffs individually were as a result of harm done to Frost & Zeff. Therefore, this court determines the breach of contract claim and unjust enrichment claim is only proper as a derivative action, and because plaintiffs sought strategically to bring a direct suit alleging injury to the firm, plaintiffs do not have proper standing to assert their breach of contract and unjust enrichment claim for monies "due to the firm."[32]

---

[30] Plaintiffs' Memorandum of Law [*15] in Opposition to defendants' Motion for Summary Judgment at Page 18.

[31] *Hill, 85 A.3d at 551* (affirming that plaintiff's injury was "indirect" to the corporate injury although the IRS had placed a tax lien upon plaintiff personally, and the IRS had threatened to file suit against plaintiff personally, reasoning that plaintiff's injury was "both dependent upon and derivative to the corporate injury").

[32] Plaintiffs ask this court to allow leave to amend plaintiffs' complaint to name Frost & Zeff as a plaintiff. Plaintiffs' Memorandum in Opposition to defendants' Motion for Summary Judgment at Page 2. However, given that discovery is complete, the statute of limitations has run on all possible breach of contract and unjust enrichment claims, and there is no reason that plaintiffs could not have asked for leave to amend their complaint earlier, this court does not grant leave to amend. In filing direct claims rather than derivative, plaintiffs have elected to disassociate themselves from the corporation rather than to avail themselves of the remedies set forth for individuals in this very situation, i.e., shareholder derivative suits. Plaintiff Frost elected to incorporate Frost & Zeff, and must follow the remedies [*16] set forth within the law for any damages he may have suffered as a result. *HN14*[ ] Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a

## II. Plaintiffs Conversion and Breach of Fiduciary Duty Claims Are Barred By The Statute Of Limitations.

Plaintiffs assert personal and direct claims of conversion and breach of fiduciary duty.[33] Defendants argue that such claims are barred by the statute of limitations. Plaintiffs do not argue an exception to the limitations period applies, and instead concede in their Memorandum of Law in Opposition to defendants' Motion for Summary Judgment:

> [a]dmittedly, the break-up of Frost & Zeff occurred outside of the two-year window from the filing of the instant action. However, had Zeff provided in discovery a full accounting of the Frost & Zeff cases that have been maintained by Zeff since the break-up of the firm, [p]laintiffs would be in a position to determine whether any of said cases were resolved within the past two years, thereby giving rise to a claim of conversion or breach of fiduciary duty.[34]

*HN15*[ ] Statutes of limitations require that an aggrieved plaintiff bring their claims within a certain time of the injury.[35] Statutes of limitations "are designed to effectuate three purposes: (1) preservation of evidence; (2) the right of potential defendants to repose; and (3) administrative efficiency and convenience."[36]

*HN16*[ ] A two-year statute of limitations period applies to both breach of fiduciary duty claims and conversion claims.[37] The statute begins to run "as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of

---

new party. *Saracina v. Cotoia, 417 Pa. 80, 208 A.2d 764, 766 (Pa. 1965)*.

[33] Plaintiffs have standing to assert such claims because such claims are individual in nature and not on behalf [*17] of the corporation.

[34] Plaintiffs' Memorandum of Law in Opposition to defendants' Motion for Summary Judgment at Page 16 Footnote 3.

[35] *Dalrymple v. Brown, 549 Pa. 217, 701 A.2d 164, 167 (Pa. 1997)*.

[36] *Kingston Coal Company v. Felton Min. Co., Inc., 456 Pa. Super. 270, 690 A.2d 284, 288 (Pa. Super. 1997)*; *Meehan v. Archdiocese of Philadelphia, 2005 PA Super 91, 870 A.2d 912, 919 (Pa. Super. 2005)*.

[37] *42. Pa. C.S.A. § 5524*.

Case No. 1:14-cv-03074-CMA-KMT   Document 1043-1   filed 04/27/18   USDC Colorado   pg 10 of 10

Page 9 of 9

2015 Phila. Ct. Com. Pl. LEXIS 100, *17

the statute of limitations."[38]

Upon consideration, this court finds all facts alleged by plaintiffs, taken in the light most favorable to plaintiffs, that form the basis of the conversion and breach of fiduciary duty claims, are time-barred [*18] by the two-year statute of limitations. Unless plaintiffs establish an exception to this limitations period, plaintiffs claims are time-barred on its face[39] because the writ of summons was filed on March 1, 2013 and all facts alleged that make the basis of any conversion or breach of fiduciary duty claim accrued to plaintiffs personally prior to March 1, 2011.

### III. CONCLUSION

For the forgoing reasons, defendants' Motion for Summary Judgment on all claims is granted, and all claims against defendants are dismissed with prejudice.

**BY THE COURT**,

/s/ Pamela Pryor Dembe

**PAMELA PRYOR DEMBE, J.**

---

End of Document

---

[38] *Pocono Int'l Raceway. Inc. v. Pocono Produce, Inc., 503 Pa. 80, 468 A.2d 468, 471 (Pa. 1983)* HN17[↑] "A person asserting a claim "is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period," Id.

[39] See *Aquilino v. Philadelphia Catholic Archdiocese, 2005 PA Super 339, 884 A.2d 1269, 1275 (Pa. Super. 2005)*.