IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE, INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

Defendants.

_____

**DEFENDANT AUPAIRCARE, INC.'S ANSWER TO THIRD AMENDED COMPLAINT**
_____

Defendant AuPairCare, Inc. ("AuPairCare") by and through its attorneys of record, hereby answers the Third Amended Complaint (Doc. 983) pursuant to Fed. R. Civ. P. 8 and 12, denying each and every allegation not specifically admitted, and, without assuming any burden of proof that otherwise would not be placed on AuPairCare, averring separate defenses as follows:

## <u>INTRODUCTORY STATEMENT</u>

1.      To the extent that the allegations contained in paragraph 1 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 1 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

2.      To the extent that the allegations contained in paragraph 2 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 2 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

3.      To the extent that the allegations contained in paragraph 3 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 3 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

4.      To the extent that the allegations contained in paragraph 4 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 4 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

5.      To the extent that the allegations contained in paragraph 5 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 5 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

6.      To the extent that the allegations contained in paragraph 6 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 6 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

7.      To the extent that the allegations contained in paragraph 7 are construed to require a response by AuPairCare because they are asserted by au pairs not

sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 7 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

8.      To the extent that the allegations contained in paragraph 8 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 8 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

9.      To the extent that the allegations contained in paragraph 9 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 9 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

10.      To the extent that the allegations contained in paragraph 10 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further

states that beyond the foregoing response, no answer is required because the allegations of paragraph 10 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

11. To the extent that the allegations contained in paragraph 11 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 11 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

12. To the extent that the allegations contained in paragraph 12 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 12 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

## **NATURE OF THE ACTION**

13. AuPairCare admits that au pairs not sponsored by AuPairCare seek relief under antitrust laws, but denies that they are entitled to such relief. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 13 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

14.     AuPairCare states that no answer is required because the allegations of paragraph 14 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 14.

15.     AuPairCare states that no answer is required because the allegations in paragraph 15 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 15.

## JURISDICTION AND VENUE

16.      AuPairCare states that no answer is required because the allegations in paragraph 16 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 16.

17.     To the extent that the allegations contained in paragraph 17 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 17 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

## PARTIES

18.     To the extent that the allegations contained in paragraph 18 are construed to require a response by AuPairCare because they are asserted by an au

pair not sponsored by AuPairCare who is alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 18 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

19.     To the extent that the allegations contained in paragraph 19 are construed to require a response by AuPairCare because they are asserted by an au pair not sponsored by AuPairCare who is alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 19 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

20.     To the extent that the allegations contained in paragraph 20 are construed to require a response by AuPairCare because they are asserted by an au pair not sponsored by AuPairCare who is alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 20 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

21.     To the extent that the allegations contained in paragraph 21 are construed to require a response by AuPairCare because they are asserted by an au pair not sponsored by AuPairCare who is alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 21 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

22.     To the extent that the allegations contained in paragraph 22 are construed to require a response by AuPairCare because they are asserted by an au pair not sponsored by AuPairCare who is alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 22 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

23.     To the extent that the allegations contained in paragraph 23 are construed to require a response by AuPairCare because they are asserted by an au pair not sponsored by AuPairCare who is alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 23 pertain to

claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

24.     AuPairCare states that no answer is required because the allegations in paragraph 24 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 24.

25.     AuPairCare states that no answer is required because the allegations in paragraph 25 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 25.

26.     To the extent that the allegations contained in paragraph 26 are construed to require a response by AuPairCare because they are asserted by an au pair not sponsored by AuPairCare who is alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 26 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

27.     To the extent that the allegations contained in paragraph 27 are construed to require a response by AuPairCare because they are asserted by an au pair not sponsored by AuPairCare who is alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing

response, no answer is required because the allegations of paragraph 27 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

28.    To the extent that the allegations contained in paragraph 28 are construed to require a response by AuPairCare because they are asserted by an au pair not sponsored by AuPairCare who is alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 28 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

29.    To the extent that the allegations contained in paragraph 29 are construed to require a response by AuPairCare because they are asserted by an au pair not sponsored by AuPairCare who is alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 29 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

30.    AuPairCare states that no answer is required because the allegations in paragraph 30 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 30.

31.     AuPairCare states that no answer is required because the allegations in paragraph 31 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 31.

32.     AuPairCare states that no answer is required because the allegations in paragraph 32 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 32.

33.     AuPairCare states that no answer is required because the allegations in paragraph 33 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 33.

34.     AuPairCare states that no answer is required because the allegations in paragraph 34 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 34.

35.     AuPairCare states that no answer is required because the allegations in paragraph 35 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 35.

36.     AuPairCare states that no answer is required because the allegations in paragraph 36 pertain to claims that have been stayed by order of the Court's Order

entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 36.

37.     To the extent that the allegations contained in paragraph 37 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby admits the allegations of paragraph 37. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 29 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

38.     AuPairCare states that no answer is required because the allegations in paragraph 38 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 38.

39.     AuPairCare states that no answer is required because the allegations in paragraph 39 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 39.

40.     AuPairCare states that no answer is required because the allegations in paragraph 40 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 40.

41.     AuPairCare states that no answer is required because the allegations in paragraph 41 pertain to claims that have been stayed by order of the Court's Order

entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 41.

42.     AuPairCare states that no answer is required because the allegations in paragraph 42 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 42.

43.     AuPairCare states that no answer is required because the allegations in paragraph 43 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 43.

44.     AuPairCare states that no answer is required because the allegations in paragraph 44 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 44.

45.     AuPairCare states that no answer is required because the allegations in paragraph 45 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 45.

46.     AuPairCare states that no answer is required because the allegations in paragraph 46 pertain to claims that have been stayed by order of the Court's Order entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 46.

47.     AuPairCare admits that Plaintiffs refer to Defendants collectively as "Sponsors" or "Sponsor Defendants," but denies that Defendants should be grouped together as a single entity. AuPairCare denies any remaining allegations of paragraph 47.

## STATEMENT OF FACTS

I.     **Background**

A. **The J-1 Visa *Au Pair* Program**

48.     To the extent that the allegations contained in paragraph 48 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 48 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

49.     AuPairCare states that no answer is required because the allegations in paragraph 49 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 49.

50.     AuPairCare states that no answer is required because the allegations in paragraph 50 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 50.

51.     AuPairCare states that no answer is required because the allegations in paragraph 51 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 51.

52.     To the extent that the allegations contained in paragraph 52 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 52 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

53.     To the extent that the allegations contained in paragraph 53 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 53 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

54.     AuPairCare states that no answer is required because the allegations in paragraph 54 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 54.

**B.  Historical Labor Abuses in the *Au Pair* Program**

55.    To the extent that the allegations contained in paragraph 55 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 55 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

**1.  The Program Began with a Price-Fixing Cartel that Paid Illegal Wages in Contravention of Federal and State Labor Laws.**

56.    AuPairCare states that no answer is required because the allegations in paragraph 56 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 56.

57.    AuPairCare states that no answer is required because the allegations in paragraph 57 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 57.

58.    To the extent that the allegations contained in paragraph 58 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 58 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

59.     To the extent that the allegations contained in paragraph 59 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 59 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

60.     To the extent that the allegations contained in paragraph 60 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 60 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

## 2. The Program Came Under Nearly Immediate Scrutiny for Early Sponsors' Abuses.

61.     AuPairCare states that no answer is required because the allegations in paragraph 61 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 61.

62.     AuPairCare states that no answer is required because the allegations in paragraph 62 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 62.

63.     AuPairCare states that no answer is required because the allegations in paragraph 63 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 63.

### 3.  The Government Issued Rules to Require Sponsors to Protect *Au Pairs'* Rights as Employees.

64.     AuPairCare states that no answer is required because the allegations in paragraph 64 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 64.

65.     AuPairCare states that no answer is required because the allegations in paragraph 65 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 65.

66.     AuPairCare states that no answer is required because the allegations in paragraph 66 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 66.

### 4.  The Government Created a Programmatic Wage Floor.

67.     To the extent that the allegations contained in paragraph 67 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the

allegations of paragraph 67 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

68.     To the extent that the allegations contained in paragraph 68 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 68 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

69.     To the extent that the allegations contained in paragraph 69 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 69 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

70.     To the extent that the allegations contained in paragraph 70 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 70 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

71.    To the extent that the allegations contained in paragraph 71 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 71 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

**5. Abuse of *Au Pairs'* Rights as Employees Continued Under a "Cartel" of Sponsors, Which Fixed Wages at the Programmatic Wage Floor, Irrespective of Federal and State Minimum Wage Laws.**

72.    To the extent that the allegations contained in paragraph 71 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 71 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

73.    To the extent that the allegations contained in paragraph 73 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 73 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

74.    To the extent that the allegations contained in paragraph 74 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 74 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

75.    To the extent that the allegations contained in paragraph 75 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 75 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

## II.    THE SPONSOR DEFENDANTS HAVE ILLEGALLY FIXED STANDARD *AU PAIR* WAGES

76.    To the extent that the allegations contained in paragraph 76 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 76 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

## A. **The Sponsors Collectively Control the Market for J-1 Visa Au Pair Employment.**

77.     To the extent that the allegations contained in paragraph 77 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 77 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

78.     To the extent that the allegations contained in paragraph 78 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 78 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

79.     To the extent that the allegations contained in paragraph 79 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 79 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

80.    To the extent that the allegations contained in paragraph 80 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 80 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

81.    To the extent that the allegations contained in paragraph 81 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 81 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

82.    To the extent that the allegations contained in paragraph 82 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 82 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

**B.  The Sponsor Defendants Have Conspired to Fix Standard *Au Pair* Wages.**

83.    To the extent that the allegations contained in paragraph 83 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 83 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

84.    To the extent that the allegations contained in paragraph 84 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 84 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

85.    To the extent that the allegations contained in paragraph 85 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 85 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

**1.    The Sponsors Have Conspired to Set Standard *Au Pair* Wages at the Programmatic Wage Floor, Which is Currently $195.75 Per Week.**

86.     AuPairCare states that no answer is required because the allegations in paragraph 86 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 86.

87.     To the extent that the allegations contained in paragraph 87 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 87 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

88.     To the extent that the allegations contained in paragraph 88 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 88 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

89.     To the extent that the allegations contained in paragraph 89 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the

allegations of paragraph 89 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

90.    To the extent that the allegations contained in paragraph 90 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 90 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

91.    To the extent that the allegations contained in paragraph 91 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 91 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

92.    To the extent that the allegations contained in paragraph 92 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 92 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

93.     To the extent that the allegations contained in paragraph 93 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 93 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

94.     To the extent that the allegations contained in paragraph 94 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 94 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

95.     To the extent that the allegations contained in paragraph 95 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 95 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

**2.     Several Sponsors Have Admitted that the Sponsors Collectively Colluded to Set Standard *Au Pair* Wages at that Amount.**

96.    To the extent that the allegations contained in paragraph 96 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 96 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

97.    To the extent that the allegations contained in paragraph 97 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 97 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

98.    To the extent that the allegations contained in paragraph 98 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 98 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

99.    To the extent that the allegations contained in paragraph 99 are construed to require a response by AuPairCare because they are asserted by au pairs

not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 99 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

100.   To the extent that the allegations contained in paragraph 100 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 100 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### 3.   The Sponsors Uniformly Advertise Standard *Au Pair* Wages at the Identical Amount.

101.   To the extent that the allegations contained in paragraph 101 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 101 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### a.  InterExchange

102.   To the extent that the allegations contained in paragraph 102 are construed to require a response by AuPairCare because they are asserted by au pairs

not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 102 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### b.  Cultural Care

103.   To the extent that the allegations contained in paragraph 103 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 103 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### c.  Au Pair in America

104.   To the extent that the allegations contained in paragraph 104 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 104 pertain to

claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### d.  GoAuPair

105.   To the extent that the allegations contained in paragraph 105 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 105 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### e.  USAuPair

106.   To the extent that the allegations contained in paragraph 106 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 106 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### f.  GreatAuPair

107.   To the extent that the allegations contained in paragraph 107 are construed to require a response by AuPairCare because they are asserted by au pairs

not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 107 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### g.  Expert AuPair

108.   To the extent that the allegations contained in paragraph 108 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 108 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### h.  EurAuPair

109.   To the extent that the allegations contained in paragraph 109 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 109 pertain to

claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### i.  Cultural Homestay

110.   To the extent that the allegations contained in paragraph 110 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 110 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### j.  AuPairCare

111.   To the extent that the allegations contained in paragraph 111 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 111 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### k.  Au Pair International

112.   To the extent that the allegations contained in paragraph 112 are construed to require a response by AuPairCare because they are asserted by au pairs

not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 112 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### l.  APF Global Exchange

113.   To the extent that the allegations contained in paragraph 113 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 113 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### m. Agent Au Pair

114.   To the extent that the allegations contained in paragraph 114 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 114 pertain to

claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### n.  ProAuPair

115.   To the extent that the allegations contained in paragraph 115 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 115 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### o.  The International Au Pair Exchange

116.   To the extent that the allegations contained in paragraph 116 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 116 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

117.   To the extent that the allegations contained in paragraph 117 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against

AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 117 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

118.  To the extent that the allegations contained in paragraph 118 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 118 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

119.  To the extent that the allegations contained in paragraph 119 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 119 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

120.  To the extent that the allegations contained in paragraph 120 are construed to require a response by AuPairCare because they are asserted by au pairs

not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 120 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

> **4.    The Sponsors Have Maintained the Fixed Standard *Au Pair* Wage, Despite Illegality and Differences in Market Conditions.**

121.   To the extent that the allegations contained in paragraph 121 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 121 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

122.   To the extent that the allegations contained in paragraph 122 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 122 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

123.    To the extent that the allegations contained in paragraph 123 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 123 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

124.    To the extent that the allegations contained in paragraph 124 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 124 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

125.    To the extent that the allegations contained in paragraph 125 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 125 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

126.    To the extent that the allegations contained in paragraph 126 are construed to require a response by AuPairCare because they are asserted by au pairs

not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 126 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### 1. The Sponsors Have Had the Means, Opportunity, and Motive to Conspire to Fix Standard *Au Pair* Wages.

127.  To the extent that the allegations contained in paragraph 127 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 127 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

128.  To the extent that the allegations contained in paragraph 128 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 128 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

129.  To the extent that the allegations contained in paragraph 129 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against

AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 129 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

130.  To the extent that the allegations contained in paragraph 130 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 130 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

131.  To the extent that the allegations contained in paragraph 131 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 131 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

132.  To the extent that the allegations contained in paragraph 132 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby admits that it is a member of the Alliance for International Education and Cultural Exchange, but denies the remaining allegations for

lack of sufficient knowledge or information. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 132 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

133.   To the extent that the allegations contained in paragraph 133 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby admits that it is a member of the International Au Pair Asociation, but denies the remaining allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 133 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

134.   To the extent that the allegations contained in paragraph 134 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 134 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

135.   To the extent that the allegations contained in paragraph 135 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against

AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 135 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

136.  To the extent that the allegations contained in paragraph 136 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 136 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

137.  To the extent that the allegations contained in paragraph 137 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 137 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

138.  To the extent that the allegations contained in paragraph 138 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further

states that beyond the foregoing response, no answer is required because the allegations of paragraph 138 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

139.   To the extent that the allegations contained in paragraph 139 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 139 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

140.   To the extent that the allegations contained in paragraph 140 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 140 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

141.   To the extent that the allegations contained in paragraph 141 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the

allegations of paragraph 141 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

142.  To the extent that the allegations contained in paragraph 142 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 142 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

143.  To the extent that the allegations contained in paragraph 143 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 143 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

144.  To the extent that the allegations contained in paragraph 144 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 144 pertain to

claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

145.   To the extent that the allegations contained in paragraph 145 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations for lack of sufficient knowledge or information.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 145 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### 6. The Sponsors Have Used Deception as One Means of Maintaining Fixed Standard *Au Pair* Wages.

146.   To the extent that the allegations contained in paragraph 146 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 146 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

147.   To the extent that the allegations contained in paragraph 147 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the

allegations of paragraph 147 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

148.    To the extent that the allegations contained in paragraph 148 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.    AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 148 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

149.    To the extent that the allegations contained in paragraph 149 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.    AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 149 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

150.    To the extent that the allegations contained in paragraph 150 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.    AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 150 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

**C. The Sponsor Defendants' Conspiracy Has Damages and/or Continues to Damage Plaintiffs and All Those Similarly Situated.**

151.   To the extent that the allegations contained in paragraph 151 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 151 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

152.   To the extent that the allegations contained in paragraph 152 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 152 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

153.   To the extent that the allegations contained in paragraph 153 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 153 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

154.   To the extent that the allegations contained in paragraph 154 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 154 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

155.   To the extent that the allegations contained in paragraph 155 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 155 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

156.   To the extent that the allegations contained in paragraph 156 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 156 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

157.   To the extent that the allegations contained in paragraph 157 are construed to require a response by AuPairCare because they are asserted by au pairs

not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 157 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### III.   INTEREXCHANGE, CULTURAL CARE, AND AU PAIR IN AMERICA HAVE DECEIVED STANDARD *AU PAIRS* TO INDUCE THEM TO ACCEPT ILLEGAL WAGES.

### A.   InterExchange, Cultural Care, Au Pair in America, and AuPairCare Have Falsely Informed *Au Pairs* That They Are Not Entitled, by Law, to Any Amount Beyond $195.75 Per Week.

#### 1.   The State Department's Posted Minimum Wage of $195.75 Represents a Programmatic Wage Floor, Not a Maximum or Government-Fixed Amount.

158.   AuPairCare states that no answer is required because the allegations in paragraph 158 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 158.

159.   AuPairCare states that no answer is required because the allegations in paragraph 159 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 159.

160.   AuPairCare states that no answer is required because the allegations in paragraph 160 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 160.

161.   AuPairCare states that no answer is required because the allegations in paragraph 161 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 161.

162.   AuPairCare states that no answer is required because the allegations in paragraph 162 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 162.

163.   AuPairCare states that no answer is required because the allegations in paragraph 163 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 163.

164.   AuPairCare states that no answer is required because the allegations in paragraph 164 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 164.

165.   AuPairCare states that no answer is required because the allegations in paragraph 165 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 165.

166.   AuPairCare states that no answer is required because the allegations in paragraph 166 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 166.

167.  AuPairCare states that no answer is required because the allegations in paragraph 167 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 167.

168.  AuPairCare states that no answer is required because the allegations in paragraph 168 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 168.

169.  AuPairCare states that no answer is required because the allegations in paragraph 169 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 169.

170.  AuPairCare states that no answer is required because the allegations in paragraph 170 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 170.

171.  AuPairCare states that no answer is required because the allegations in paragraph 171 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 171.

172.   AuPairCare states that no answer is required because the allegations in paragraph 172 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 172.

## 2.   The Sponsors All Know that the Published Federal Minimum Weekly Wage of $197.75 Is Simply a Programmatic Wage Floor.

173.   AuPairCare states that no answer is required because the allegations in paragraph 173 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 173.

174.   AuPairCare states that no answer is required because the allegations in paragraph 174 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 174.

175.   AuPairCare states that no answer is required because the allegations in paragraph 175 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 175.

176.   AuPairCare states that no answer is required because the allegations in paragraph 176 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 176.

177.   AuPairCare states that no answer is required because the allegations in paragraph 177 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 177.

178.   AuPairCare states that no answer is required because the allegations in paragraph 178 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 178.

179.   AuPairCare states that no answer is required because the allegations in paragraph 179 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 179.

180.   AuPairCare states that no answer is required because the allegations in paragraph 180 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 180.

181.   AuPairCare states that no answer is required because the allegations in paragraph 181 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 181.

182.   AuPairCare states that no answer is required because the allegations in paragraph 182 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 182.

### a.  InterExchange

183.   AuPairCare states that no answer is required because the allegations in paragraph 183 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 183.

184.   AuPairCare states that no answer is required because the allegations in paragraph 184 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 184.

185.   AuPairCare states that no answer is required because the allegations in paragraph 185 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 185.

186.   AuPairCare states that no answer is required because the allegations in paragraph 186 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 186.

187.   AuPairCare states that no answer is required because the allegations in paragraph 187 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 187.

### b.  Cultural Care

188.   AuPairCare states that no answer is required because the allegations in paragraph 188 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 188.

189.   AuPairCare states that no answer is required because the allegations in paragraph 189 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 189.

190.   AuPairCare states that no answer is required because the allegations in paragraph 190 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 190.

### c.  Au Pair in America

191.   AuPairCare states that no answer is required because the allegations in paragraph 191 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 191.

192.   AuPairCare states that no answer is required because the allegations in paragraph 192 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 192.

193.    AuPairCare states that no answer is required because the allegations in paragraph 193 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 193.

194.    AuPairCare states that no answer is required because the allegations in paragraph 194 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 194.

### d.  AuPairCare

195.    AuPairCare states that no answer is required because the allegations in paragraph 195. pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 195.

196.    AuPairCare states that no answer is required because the allegations in paragraph 196 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 196.

### 3.    Yet, These Sponsors Have Falsely Informed *Au Pairs* and Host Families that the State Department Published Amount is a Fixed or Maximum Amount.

197.    AuPairCare states that no answer is required because the allegations in paragraph 197 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 197.

198.    AuPairCare states that no answer is required because the allegations in paragraph 198 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 198.

### a.  InterExchange

199.    AuPairCare states that no answer is required because the allegations in paragraph 199 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 199.

200.    AuPairCare states that no answer is required because the allegations in paragraph 200 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 200.

201.    AuPairCare states that no answer is required because the allegations in paragraph 201 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 201.

202.    AuPairCare states that no answer is required because the allegations in paragraph 202 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 202.

203.    AuPairCare states that no answer is required because the allegations in paragraph 203 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 203.

204.   AuPairCare states that no answer is required because the allegations in paragraph 204 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 204.

205.   AuPairCare states that no answer is required because the allegations in paragraph 205 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 205.

### b.  Cultural Care

206.   AuPairCare states that no answer is required because the allegations in paragraph 206 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 206.

207.   AuPairCare states that no answer is required because the allegations in paragraph 207 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 207.

208.   AuPairCare states that no answer is required because the allegations in paragraph 208 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 208.

209.    AuPairCare states that no answer is required because the allegations in paragraph 209 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 209.

210.    AuPairCare states that no answer is required because the allegations in paragraph 210 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 210.

211.    AuPairCare states that no answer is required because the allegations in paragraph 211 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 211.

### c.  Au Pair in America

212.    AuPairCare states that no answer is required because the allegations in paragraph 212 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 212.

213.    AuPairCare states that no answer is required because the allegations in paragraph 213 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 213.

214.    AuPairCare states that no answer is required because the allegations in paragraph 214 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 214.

### d.  AuPairCare

215.   AuPairCare states that no answer is required because the allegations in paragraph 215 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 215.

216.   AuPairCare states that no answer is required because the allegations in paragraph 216 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 216.

217.   AuPairCare states that no answer is required because the allegations in paragraph 217 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 217.

### B. In Deceiving *Au Pairs*, InterExchange, Cultural Care, Au Pair in America, and AuPairCare Have Operated Through Patterns of Rackettering Activity That Have Injured Plaintiffs and Those Similary Situated.

#### 1.   The Enterprises

218.   To the extent that the allegations contained in paragraph 218 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further

states that beyond the foregoing response, no answer is required because the allegations of paragraph 218 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

219.   To the extent that the allegations contained in paragraph 219 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 219 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

220.   To the extent that the allegations contained in paragraph 220 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 220 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

221.   To the extent that the allegations contained in paragraph 221 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the

allegations of paragraph 221 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

222.   To the extent that the allegations contained in paragraph 222 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 222 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

223.   To the extent that the allegations contained in paragraph 223 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 223 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

224.   To the extent that the allegations contained in paragraph 224 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 224 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### 2.  Association

225.    To  the  extent  that  the  allegations  contained  in  paragraph  225  are construed to require a response by AuPairCare because they are asserted by au pairs not  sponsored  by  AuPairCare  who  are  alleging  an  antitrust  claim  against AUPAIRCARE,  AUPAIRCARE  hereby  denies  such  allegations.    AuPairCare  further states  that  beyond  the  foregoing  response,  no  answer  is  required  because  the allegations of paragraph 225 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

226.    To  the  extent  that  the  allegations  contained  in  paragraph  226  are construed to require a response by AuPairCare because they are asserted by au pairs not  sponsored  by  AuPairCare  who  are  alleging  an  antitrust  claim  against AUPAIRCARE,  AUPAIRCARE  hereby  denies  such  allegations.    AuPairCare  further states  that  beyond  the  foregoing  response,  no  answer  is  required  because  the allegations of paragraph 226 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### 3.  Participation

227.    To  the  extent  that  the  allegations  contained  in  paragraph  227  are construed to require a response by AuPairCare because they are asserted by au pairs not  sponsored  by  AuPairCare  who  are  alleging  an  antitrust  claim  against AUPAIRCARE,  AUPAIRCARE  hereby  denies  such  allegations.    AuPairCare  further states  that  beyond  the  foregoing  response,  no  answer  is  required  because  the allegations of paragraph 227 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

228.   To the extent that the allegations contained in paragraph 228 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 228 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### 4. Patter of Racketeering Activity

229.   To the extent that the allegations contained in paragraph 229 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 229 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

230.   To the extent that the allegations contained in paragraph 230 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 230 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

231.    To the extent that the allegations contained in paragraph 231 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 231 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

232.    To the extent that the allegations contained in paragraph 232 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 232 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

233.    To the extent that the allegations contained in paragraph 233 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 233 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

234.    To the extent that the allegations contained in paragraph 234 are construed to require a response by AuPairCare because they are asserted by au pairs

not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 234 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

### 5. These Actions Have Injured *Au Pairs*

235. To the extent that the allegations contained in paragraph 235 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 235 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

236. To the extent that the allegations contained in paragraph 236 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 236 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

**C. In Deceiving and/or Misleading *Au Pairs*, InterExchange, Cultural Care, GoAuPair, Au Pair in America, AuPairCare and Expert Au Pair Breached Fiduciary Duties to, Made Negligent Misrepresentations to, and/or Engaged in Constructive Fraud Against *Au Pairs*.**

237.    AuPairCare states that no answer is required because the allegations in paragraph 237 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 237.

## 1.  The Sponsors Have Known That $4.35 per Hour is Not a Legal Wage.

238.    AuPairCare states that no answer is required because the allegations in paragraph 238 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 238.

239.    AuPairCare states that no answer is required because the allegations in paragraph 239 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 239.

240.    AuPairCare states that no answer is required because the allegations in paragraph 240 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 240.

241.    AuPairCare states that no answer is required because the allegations in paragraph 241 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 241.

242.    AuPairCare states that no answer is required because the allegations in paragraph 242 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 242.

243.   AuPairCare states that no answer is required because the allegations in paragraph 243 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 243.

244.   AuPairCare states that no answer is required because the allegations in paragraph 244 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 244.

245.   AuPairCare states that no answer is required because the allegations in paragraph 245 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 245.

246.   AuPairCare states that no answer is required because the allegations in paragraph 246 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 246.

247.   AuPairCare states that no answer is required because the allegations in paragraph 247 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 247.

248.   AuPairCare states that no answer is required because the allegations in paragraph 248 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 248.

249.   AuPairCare states that no answer is required because the allegations in paragraph 249 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 249.

250.   AuPairCare states that no answer is required because the allegations in paragraph 250 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 250.

251.   AuPairCare states that no answer is required because the allegations in paragraph 251 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 251.

252.   AuPairCare states that no answer is required because the allegations in paragraph 252 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 252.

253.   AuPairCare states that no answer is required because the allegations in paragraph 253 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 253.

254.   AuPairCare states that no answer is required because the allegations in paragraph 254 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 254.

255.   AuPairCare states that no answer is required because the allegations in paragraph 255 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 255.

256.   AuPairCare states that no answer is required because the allegations in paragraph 256 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 256.

257.   AuPairCare states that no answer is required because the allegations in paragraph 257 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 257.

258.   AuPairCare states that no answer is required because the allegations in paragraph 258 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 258.

259.   AuPairCare states that no answer is required because the allegations in paragraph 259 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 259.

260.   AuPairCare states that no answer is required because the allegations in paragraph 260 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 260.

261.   AuPairCare states that no answer is required because the allegations in paragraph 261 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 261.

**2. Specifically, InterExchange, Cultural Care, GoAuPair, Au Pair in America, AuPairCare and Expert Au Pair Have Known That $4.35 per Hour is Not a Legal Wage**

**a.   InterExchange**

262.   AuPairCare states that no answer is required because the allegations in paragraph 262 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 262.

263.   AuPairCare states that no answer is required because the allegations in paragraph 263 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 263.

264.   AuPairCare states that no answer is required because the allegations in paragraph 264 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 264.

265.   AuPairCare states that no answer is required because the allegations in paragraph 265 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 265.

266.   AuPairCare states that no answer is required because the allegations in paragraph 266 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 266.

267.   AuPairCare states that no answer is required because the allegations in paragraph 267 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 267.

268.   AuPairCare states that no answer is required because the allegations in paragraph 268 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 268.

269.   AuPairCare states that no answer is required because the allegations in paragraph 269 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 269.

**b.  Cultural Care**

270.   AuPairCare states that no answer is required because the allegations in paragraph 237 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 270.

271.   AuPairCare states that no answer is required because the allegations in paragraph 271 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 271.

272.   AuPairCare states that no answer is required because the allegations in paragraph 272 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 272.

273.   AuPairCare states that no answer is required because the allegations in paragraph 273 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 273.

274.   AuPairCare states that no answer is required because the allegations in paragraph 274 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 274.

275.   AuPairCare states that no answer is required because the allegations in paragraph 275 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 275.

276.   AuPairCare states that no answer is required because the allegations in paragraph 276 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 276.

277.   AuPairCare states that no answer is required because the allegations in paragraph 277 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 277.

278.   AuPairCare states that no answer is required because the allegations in paragraph 278 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 278.

279.   AuPairCare states that no answer is required because the allegations in paragraph 279 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 279.

280.   AuPairCare states that no answer is required because the allegations in paragraph 280 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 280.

### c.  GoAuPair

281.   AuPairCare states that no answer is required because the allegations in paragraph 281 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 281.

282.   AuPairCare states that no answer is required because the allegations in paragraph 282 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 282.

283.   AuPairCare states that no answer is required because the allegations in paragraph 283 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 283.

284.   AuPairCare states that no answer is required because the allegations in paragraph 284 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 284.

285.   AuPairCare states that no answer is required because the allegations in paragraph 285 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 285.

286.   AuPairCare states that no answer is required because the allegations in paragraph 286 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 286.

287.   AuPairCare states that no answer is required because the allegations in paragraph 287 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 287.

288.   AuPairCare states that no answer is required because the allegations in paragraph 288 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 288.

289.   AuPairCare states that no answer is required because the allegations in paragraph 289 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 289.

290.   AuPairCare states that no answer is required because the allegations in paragraph 290 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 290.

291.   AuPairCare states that no answer is required because the allegations in paragraph 291 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 291.

292. AuPairCare states that no answer is required because the allegations in paragraph 292 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 292.

293. AuPairCare states that no answer is required because the allegations in paragraph 293 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 293.

### d. AuPairCare

294. AuPairCare states that no answer is required because the allegations in paragraph 294 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 294.

295. AuPairCare states that no answer is required because the allegations in paragraph 295 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 295.

296. AuPairCare states that no answer is required because the allegations in paragraph 296 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 296.

297.   AuPairCare states that no answer is required because the allegations in paragraph 297 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 297.

298.   AuPairCare states that no answer is required because the allegations in paragraph 298 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 298.

299.   AuPairCare states that no answer is required because the allegations in paragraph 299 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 299.

300.   AuPairCare states that no answer is required because the allegations in paragraph 300 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 300.

**e.  Expert Au Pair**

301.   AuPairCare states that no answer is required because the allegations in paragraph 301 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 301.

302.   AuPairCare states that no answer is required because the allegations in paragraph 302 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 302.

303.   AuPairCare states that no answer is required because the allegations in paragraph 303 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 303.

304.   AuPairCare states that no answer is required because the allegations in paragraph 304 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 304.

305.   AuPairCare states that no answer is required because the allegations in paragraph 305 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 305.

**f.   Au Pair in America**

306.   AuPairCare states that no answer is required because the allegations in paragraph 306 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 306.

307.   AuPairCare states that no answer is required because the allegations in paragraph 307 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 307.

308.   AuPairCare states that no answer is required because the allegations in paragraph 308 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 308.

309.   AuPairCare states that no answer is required because the allegations in paragraph 309 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 309.

310.   AuPairCare states that no answer is required because the allegations in paragraph 310 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 310.

311.   AuPairCare states that no answer is required because the allegations in paragraph 311 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 311.

312.   AuPairCare states that no answer is required because the allegations in paragraph 312 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 312.

D. **In Deceiving and/or Misleading *Au Pairs*, InterExchange, Cultural Care, GoAuPair, Au Pair in America, AuPairCare and Expert Au Pair Violated the *Au Pairs* Rights As Consumers.**

313.   AuPairCare states that no answer is required because the allegations in paragraph 313 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 313.

314.   AuPairCare states that no answer is required because the allegations in paragraph 314 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 314.

315.   AuPairCare states that no answer is required because the allegations in paragraph 315 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 315.

316.   AuPairCare states that no answer is required because the allegations in paragraph 316 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 316.

317.   AuPairCare states that no answer is required because the allegations in paragraph 317 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 317.

318.   AuPairCare states that no answer is required because the allegations in paragraph 318 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 318.

### IV. INTEREXCHANGE, CULTURAL CARE, AU PAIR IN AMERICA, GOAUPAIR, AUPAIRCARE AND EXPERT AU PAIR EMPLOYED THE *AU PAIRS* THEY SPONSORED AND FAILED TO PAY THEM AT LEAST MINIMUM WAGE FOR THE HOURS THEY WORKED

#### A. The Sponsors Employed the *Au Pairs*

319.   AuPairCare states that no answer is required because the allegations in paragraph 319 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 319.

320.   AuPairCare states that no answer is required because the allegations in paragraph 320 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 320.

321.   AuPairCare states that no answer is required because the allegations in paragraph 321 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 321.

322.   AuPairCare states that no answer is required because the allegations in paragraph 322 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 322.

323.   AuPairCare states that no answer is required because the allegations in paragraph 323 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 323.

324.   AuPairCare states that no answer is required because the allegations in paragraph 324 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 324.

325.   AuPairCare states that no answer is required because the allegations in paragraph 325 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 325.

326.   AuPairCare states that no answer is required because the allegations in paragraph 326 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 326.

### B. Each Sponsor Individually Demonstrated Their Control

#### 1.    InterExchange

327.   AuPairCare states that no answer is required because the allegations in paragraph 327 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 327.

328.   AuPairCare states that no answer is required because the allegations in paragraph 328 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 328.

329.   AuPairCare states that no answer is required because the allegations in paragraph 329 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 329.

330.   AuPairCare states that no answer is required because the allegations in paragraph 330 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 330.

331.   AuPairCare states that no answer is required because the allegations in paragraph 331 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 331.

332.   AuPairCare states that no answer is required because the allegations in paragraph 332 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 332.

## 2.   Cultural Care

333.   AuPairCare states that no answer is required because the allegations in paragraph 333 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 333.

334.   AuPairCare states that no answer is required because the allegations in paragraph 334 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 334.

### 3.   Au Pair in America

335.   AuPairCare states that no answer is required because the allegations in paragraph 335 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 335.

336.   AuPairCare states that no answer is required because the allegations in paragraph 336 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 336.

337.   AuPairCare states that no answer is required because the allegations in paragraph 337 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 337.

338.   AuPairCare states that no answer is required because the allegations in paragraph 338 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 338.

339.   AuPairCare states that no answer is required because the allegations in paragraph 339 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 339.

### 4.    GoAuPair

340.    AuPairCare states that no answer is required because the allegations in paragraph 340 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 340.

341.    AuPairCare states that no answer is required because the allegations in paragraph 341 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 341.

342.    AuPairCare states that no answer is required because the allegations in paragraph 342 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 342.

### 5.    AuPairCare

343.    AuPairCare states that no answer is required because the allegations in paragraph 343 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 343.

344.    AuPairCare states that no answer is required because the allegations in paragraph 344 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 344.

345.   AuPairCare states that no answer is required because the allegations in paragraph 345 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 345.

346.   AuPairCare states that no answer is required because the allegations in paragraph 346 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 346.

347.   AuPairCare states that no answer is required because the allegations in paragraph 347 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 347.

348.   AuPairCare states that no answer is required because the allegations in paragraph 348 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 348.

349.   AuPairCare states that no answer is required because the allegations in paragraph 349 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 349.

350.   AuPairCare states that no answer is required because the allegations in paragraph 350 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 350.

351.   AuPairCare states that no answer is required because the allegations in paragraph 351 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 351.

### 6.   Expert Au Pair

352.   AuPairCare states that no answer is required because the allegations in paragraph 352 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 352.

353.   AuPairCare states that no answer is required because the allegations in paragraph 353 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 353.

354.   AuPairCare states that no answer is required because the allegations in paragraph 354 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 354.

355.   AuPairCare states that no answer is required because the allegations in paragraph 355 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 355.

### C.  **The Sponsors Failed to Pay the *Au Pairs* Minimum Wage or Overtime**

356.   AuPairCare states that no answer is required because the allegations in paragraph 356 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 356.

357.   AuPairCare states that no answer is required because the allegations in paragraph 357 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 357.

358.   AuPairCare states that no answer is required because the allegations in paragraph 358 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 358.

359.   AuPairCare states that no answer is required because the allegations in paragraph 359 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 359.

360.   AuPairCare states that no answer is required because the allegations in paragraph 360 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 360.

361.   AuPairCare states that no answer is required because the allegations in paragraph 361 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 361.

362.   AuPairCare states that no answer is required because the allegations in paragraph 362 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 362.

363.   AuPairCare states that no answer is required because the allegations in paragraph 363 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 363.

364.   AuPairCare states that no answer is required because the allegations in paragraph 364 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 364.

**V.   THE NAMED PLAINTIFFS' SUFFERED AS A RESULT OF DEFENDANTS' WRONGFUL ACTIONS**

**A.   Ms. Beltran's Experience in the _Au Pair_ Program**

365.   AuPairCare states that no answer is required because the allegations in paragraph 365 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 365.

366.   AuPairCare states that no answer is required because the allegations in paragraph 366 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 366.

367.   AuPairCare states that no answer is required because the allegations in paragraph 367 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 367.

368.   AuPairCare states that no answer is required because the allegations in paragraph 368 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 368.

369.   AuPairCare states that no answer is required because the allegations in paragraph 369 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 369.

370.   AuPairCare states that no answer is required because the allegations in paragraph 370 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 370.

371.   AuPairCare states that no answer is required because the allegations in paragraph 371 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 371.

372.   AuPairCare states that no answer is required because the allegations in paragraph 372 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 372.

373.   AuPairCare states that no answer is required because the allegations in paragraph 373 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 373.

374.   AuPairCare states that no answer is required because the allegations in paragraph 374 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 374.

375.   AuPairCare states that no answer is required because the allegations in paragraph 375 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 375.

376.   AuPairCare states that no answer is required because the allegations in paragraph 376 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 376.

377.    AuPairCare states that no answer is required because the allegations in paragraph 377 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 377.

378.    AuPairCare states that no answer is required because the allegations in paragraph 378 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 378.

379.    AuPairCare states that no answer is required because the allegations in paragraph 379 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 379.

380.    AuPairCare states that no answer is required because the allegations in paragraph 380 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 380.

381.    AuPairCare states that no answer is required because the allegations in paragraph 381 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 381.

382.    AuPairCare states that no answer is required because the allegations in paragraph 382 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 382.

383. AuPairCare states that no answer is required because the allegations in paragraph 383 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 383.

384. AuPairCare states that no answer is required because the allegations in paragraph 384 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 384.

385. AuPairCare states that no answer is required because the allegations in paragraph 385 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 385.

386. AuPairCare states that no answer is required because the allegations in paragraph 386 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 386.

387. AuPairCare states that no answer is required because the allegations in paragraph 387 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 387.

388.   AuPairCare states that no answer is required because the allegations in paragraph 388 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 388.

389.   AuPairCare states that no answer is required because the allegations in paragraph 389 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 389.

390.   AuPairCare states that no answer is required because the allegations in paragraph 390 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 390.

391.   AuPairCare states that no answer is required because the allegations in paragraph 391 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 391.

392.   AuPairCare states that no answer is required because the allegations in paragraph 392 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 392.

393.   AuPairCare states that no answer is required because the allegations in paragraph 393 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 393.

394.   AuPairCare states that no answer is required because the allegations in paragraph 394 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 394.

395.   AuPairCare states that no answer is required because the allegations in paragraph 395 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 395.

396.   AuPairCare states that no answer is required because the allegations in paragraph 396 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 396.

**B. Ms. Hlatshaneni's Experience in the *Au Pair* Program**

397.   AuPairCare states that no answer is required because the allegations in paragraph 397 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 397.

398.   AuPairCare states that no answer is required because the allegations in paragraph 398 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 398.

399.   AuPairCare states that no answer is required because the allegations in paragraph 399 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 399.

400.   AuPairCare states that no answer is required because the allegations in paragraph 400 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 400.

401.   AuPairCare states that no answer is required because the allegations in paragraph 401 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 401.

402.   AuPairCare states that no answer is required because the allegations in paragraph 402 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 402.

403.   AuPairCare states that no answer is required because the allegations in paragraph 403 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 403.

404.   AuPairCare states that no answer is required because the allegations in paragraph 404 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 404.

405.   AuPairCare states that no answer is required because the allegations in paragraph 405 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 405.

406.   AuPairCare states that no answer is required because the allegations in paragraph 406 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 406.

407.   AuPairCare states that no answer is required because the allegations in paragraph 407 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 407.

408.   AuPairCare states that no answer is required because the allegations in paragraph 408 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 408.

409.   AuPairCare states that no answer is required because the allegations in paragraph 409 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 409.

410.   AuPairCare states that no answer is required because the allegations in paragraph 410 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 410.

411.   AuPairCare states that no answer is required because the allegations in paragraph 411 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 411.

412.   AuPairCare states that no answer is required because the allegations in paragraph 412 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 412.

413.   AuPairCare states that no answer is required because the allegations in paragraph 413 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 413.

**C.  Ms. Deetlefs' Experience in the *Au Pair* Program**

414.   AuPairCare states that no answer is required because the allegations in paragraph 414 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 414.

415.   AuPairCare states that no answer is required because the allegations in paragraph 415 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 415.

416.   AuPairCare states that no answer is required because the allegations in paragraph 416 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 416.

417.   AuPairCare states that no answer is required because the allegations in paragraph 417 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 417.

418.   AuPairCare states that no answer is required because the allegations in paragraph 418 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 418.

419.   AuPairCare states that no answer is required because the allegations in paragraph 419 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 419.

420.   AuPairCare states that no answer is required because the allegations in paragraph 420 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 420.

421.   AuPairCare states that no answer is required because the allegations in paragraph 421 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 421.

422.   AuPairCare states that no answer is required because the allegations in paragraph 422 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 422.

423.   AuPairCare states that no answer is required because the allegations in paragraph 423 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 423.

424.   AuPairCare states that no answer is required because the allegations in paragraph 424 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 424.

425.   AuPairCare states that no answer is required because the allegations in paragraph 425 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 425.

426.   AuPairCare states that no answer is required because the allegations in paragraph 426 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 426.

427. AuPairCare states that no answer is required because the allegations in paragraph 427 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 427.

428. AuPairCare states that no answer is required because the allegations in paragraph 428 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 428.

429. AuPairCare states that no answer is required because the allegations in paragraph 429 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 429.

430. AuPairCare states that no answer is required because the allegations in paragraph 430 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 430.

431. AuPairCare states that no answer is required because the allegations in paragraph 431 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 431.

432.   AuPairCare states that no answer is required because the allegations in paragraph 432 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 432.

433.   AuPairCare states that no answer is required because the allegations in paragraph 433 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 433.

434.   AuPairCare states that no answer is required because the allegations in paragraph 434 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 434.

**D.   Ms. Cardenas Caicedo's Experience in the *Au Pair* Program**

435.   AuPairCare states that no answer is required because the allegations in paragraph 435 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 435.

436.   AuPairCare states that no answer is required because the allegations in paragraph 436 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 436.

437.   AuPairCare states that no answer is required because the allegations in paragraph 437 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 437.

438.   AuPairCare states that no answer is required because the allegations in paragraph 438 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 438.

439.   AuPairCare states that no answer is required because the allegations in paragraph 439 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 439.

440.   AuPairCare states that no answer is required because the allegations in paragraph 440 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 440.

441.   AuPairCare states that no answer is required because the allegations in paragraph 441 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 441.

442.   AuPairCare states that no answer is required because the allegations in paragraph 442 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 442.

443.   AuPairCare states that no answer is required because the allegations in paragraph 443 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 443.

444.   AuPairCare states that no answer is required because the allegations in paragraph 444 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 444.

445.   AuPairCare states that no answer is required because the allegations in paragraph 445 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 445.

446.   AuPairCare states that no answer is required because the allegations in paragraph 446 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 446.

447.   AuPairCare states that no answer is required because the allegations in paragraph 447 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 447.

448.   AuPairCare states that no answer is required because the allegations in paragraph 448 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 448.

449. AuPairCare states that no answer is required because the allegations in paragraph 449 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 449.

450. AuPairCare states that no answer is required because the allegations in paragraph 450 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 450.

**E. Ms. Ivette Gonzalez's Experience in the *Au Pair* Program**

451. AuPairCare states that no answer is required because the allegations in paragraph 451 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 451.

452. AuPairCare states that no answer is required because the allegations in paragraph 452 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 452.

453. AuPairCare states that no answer is required because the allegations in paragraph 453 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 453.

454.   AuPairCare states that no answer is required because the allegations in paragraph 454 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 454.

455.   AuPairCare states that no answer is required because the allegations in paragraph 455 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 455.

456.   AuPairCare states that no answer is required because the allegations in paragraph 456 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 456.

457.   AuPairCare states that no answer is required because the allegations in paragraph 457 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 457.

458.   AuPairCare states that no answer is required because the allegations in paragraph 458 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 458.

459.   AuPairCare states that no answer is required because the allegations in paragraph 459 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 459.

460. AuPairCare states that no answer is required because the allegations in paragraph 460 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 460.

461. AuPairCare states that no answer is required because the allegations in paragraph 461 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 461.

462. AuPairCare states that no answer is required because the allegations in paragraph 462 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 462.

463. AuPairCare states that no answer is required because the allegations in paragraph 463 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 463.

464. AuPairCare states that no answer is required because the allegations in paragraph 464 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 464.

465.   AuPairCare states that no answer is required because the allegations in paragraph 465 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 465.

466.   AuPairCare states that no answer is required because the allegations in paragraph 466 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 466.

467.   AuPairCare states that no answer is required because the allegations in paragraph 467 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 467.

468.   AuPairCare states that no answer is required because the allegations in paragraph 468 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 468.

469.   AuPairCare states that no answer is required because the allegations in paragraph 469 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 469.

470.   AuPairCare states that no answer is required because the allegations in paragraph 470 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 470.

**F.   Ms. Rascon's Experience in the *Au Pair* Program**

471.   AuPairCare states that no answer is required because the allegations in paragraph 471 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 471.

472.   AuPairCare states that no answer is required because the allegations in paragraph 472 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 472.

473.   AuPairCare states that no answer is required because the allegations in paragraph 473 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 473.

474.   AuPairCare states that no answer is required because the allegations in paragraph 474 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 474.

475.   AuPairCare states that no answer is required because the allegations in paragraph 475 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 475.

476.   AuPairCare states that no answer is required because the allegations in paragraph 476 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 476.

477.   AuPairCare states that no answer is required because the allegations in paragraph 477 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 477.

478.   AuPairCare states that no answer is required because the allegations in paragraph 478 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 478.

479.   AuPairCare states that no answer is required because the allegations in paragraph 479 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 479.

480.   AuPairCare states that no answer is required because the allegations in paragraph 480 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 480.

481.   AuPairCare states that no answer is required because the allegations in paragraph 481 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 481.

482.   AuPairCare states that no answer is required because the allegations in paragraph 482 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 482.

483.   AuPairCare states that no answer is required because the allegations in paragraph 483 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 483.

484.   AuPairCare states that no answer is required because the allegations in paragraph 484 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 484.

### G. Ms. Jimenez's Experience in the *Au Pair* Program

485.   AuPairCare states that no answer is required because the allegations in paragraph 485 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 485.

486.   AuPairCare states that no answer is required because the allegations in paragraph 486 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 486.

487.    AuPairCare states that no answer is required because the allegations in paragraph 487 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 487.

488.    AuPairCare states that no answer is required because the allegations in paragraph 488 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 488.

489.    AuPairCare states that no answer is required because the allegations in paragraph 489 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 489.

490.    AuPairCare states that no answer is required because the allegations in paragraph 490 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 490.

491.    AuPairCare states that no answer is required because the allegations in paragraph 491 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 491.

492.    AuPairCare states that no answer is required because the allegations in paragraph 492 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 492.

493. AuPairCare states that no answer is required because the allegations in paragraph 493 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 493.

494. AuPairCare states that no answer is required because the allegations in paragraph 494 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 494.

495. AuPairCare states that no answer is required because the allegations in paragraph 495 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 495.

**H. Ms. Harning's Experience in the *Au Pair* Program**

496. AuPairCare states that no answer is required because the allegations in paragraph 496 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 496.

497. AuPairCare states that no answer is required because the allegations in paragraph 497 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 497.

498.   AuPairCare states that no answer is required because the allegations in paragraph 498 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 498.

499.   AuPairCare states that no answer is required because the allegations in paragraph 499 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 499.

500.   AuPairCare states that no answer is required because the allegations in paragraph 500 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 500.

501.   AuPairCare states that no answer is required because the allegations in paragraph 501 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 501.

502.   AuPairCare states that no answer is required because the allegations in paragraph 502 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 502.

503.   AuPairCare states that no answer is required because the allegations in paragraph 503 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 503.

504.   AuPairCare states that no answer is required because the allegations in paragraph 504 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 504.

505.   AuPairCare states that no answer is required because the allegations in paragraph 505 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 505.

506.   AuPairCare states that no answer is required because the allegations in paragraph 506 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 506.

507.   AuPairCare states that no answer is required because the allegations in paragraph 507 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 507.

508.   AuPairCare states that no answer is required because the allegations in paragraph 508 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 508.

509.   AuPairCare states that no answer is required because the allegations in paragraph 509 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 509.

**I.   Ms. Mapledoram's Experience in the *Au Pair* Program**

510.   AuPairCare states that no answer is required because the allegations in paragraph 510 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 510.

511.   AuPairCare states that no answer is required because the allegations in paragraph 511 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 511.

512.   AuPairCare states that no answer is required because the allegations in paragraph 512 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 512.

513.   AuPairCare states that no answer is required because the allegations in paragraph 513 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 513.

514.   AuPairCare states that no answer is required because the allegations in paragraph 514 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 514.

515.   AuPairCare states that no answer is required because the allegations in paragraph 515 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 515.

516.   AuPairCare states that no answer is required because the allegations in paragraph 516 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 516.

517.   AuPairCare states that no answer is required because the allegations in paragraph 517 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 517.

518.   AuPairCare states that no answer is required because the allegations in paragraph 518 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 518.

519.   AuPairCare states that no answer is required because the allegations in paragraph 519 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 519.

**J.**   **Cathy Caramelo's Experience in the *Au Pair* Program**

520.   AuPairCare states that no answer is required because the allegations in paragraph 520 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 520.

521.   AuPairCare states that no answer is required because the allegations in paragraph 521 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 521.

522.   AuPairCare states that no answer is required because the allegations in paragraph 522 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 522.

523.   AuPairCare states that no answer is required because the allegations in paragraph 523 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 523.

524.   AuPairCare states that no answer is required because the allegations in paragraph 524 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 524.

525.   AuPairCare states that no answer is required because the allegations in paragraph 525 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 525.

**K. Linda Elizabeth's Experience in the *Au Pair* Program**

526. AuPairCare states that no answer is required because the allegations in paragraph 526 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 526.

527. AuPairCare states that no answer is required because the allegations in paragraph 527 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 527.

528. AuPairCare states that no answer is required because the allegations in paragraph 528 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 528.

529. AuPairCare states that no answer is required because the allegations in paragraph 529 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 529.

530. AuPairCare states that no answer is required because the allegations in paragraph 530 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 530.

531.   AuPairCare states that no answer is required because the allegations in paragraph 531 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 531.

532.   AuPairCare states that no answer is required because the allegations in paragraph 532 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 532.

533.   AuPairCare states that no answer is required because the allegations in paragraph 533 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 533.

534.   AuPairCare states that no answer is required because the allegations in paragraph 534 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 534.

**L.   Camila Gabriela Perez Reyes's Experience in the *Au Pair* Program**

535.   AuPairCare states that no answer is required because the allegations in paragraph 535 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 535.

536.   AuPairCare states that no answer is required because the allegations in paragraph 536 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 536.

537.   AuPairCare states that no answer is required because the allegations in paragraph 537 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 537.

538.   AuPairCare states that no answer is required because the allegations in paragraph 538 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 538.

## RULE 23 CLASS ALLEGATIONS

539.   AuPairCare incorporates by reference its responses to paragraphs 1-538 as if fully set forth herein.

540.   To the extent that the allegations contained in paragraph 540 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 540 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

541.   To the extent that the allegations contained in paragraph 541 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against

AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 541 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

542.    AuPairCare states that no answer is required because the allegations in paragraph 542 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 542.

543.    AuPairCare states that no answer is required because the allegations in paragraph 543 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 543.

544.    AuPairCare states that no answer is required because the allegations in paragraph 544 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 544.

545.    AuPairCare states that no answer is required because the allegations in paragraph 545 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 545.

546.    AuPairCare states that no answer is required because the allegations in paragraph 546 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 546.

547.   AuPairCare states that no answer is required because the allegations in paragraph 547 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 547.

548.   AuPairCare states that no answer is required because the allegations in paragraph 548 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 548.

549.   AuPairCare states that no answer is required because the allegations in paragraph 549 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 549.

550.   AuPairCare states that no answer is required because the allegations in paragraph 550 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 550.

551.   AuPairCare states that no answer is required because the allegations in paragraph 551 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 551.

552.    AuPairCare states that no answer is required because the allegations in paragraph 552 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].    To the extent any answer is required, AuPairCare denies the allegations of paragraph 552.

553.    AuPairCare states that no answer is required because the allegations in paragraph 553 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].    To the extent any answer is required, AuPairCare denies the allegations of paragraph 553.

554.    AuPairCare states that no answer is required because the allegations in paragraph 554 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].    To the extent any answer is required, AuPairCare denies the allegations of paragraph 554.

555.    AuPairCare states that no answer is required because the allegations in paragraph 555 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].    To the extent any answer is required, AuPairCare denies the allegations of paragraph 555.

556.    AuPairCare states that no answer is required because the allegations in paragraph 556 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].    To the extent any answer is required, AuPairCare denies the allegations of paragraph 556.

557.    AuPairCare states that no answer is required because the allegations in paragraph 557 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 557.

558.   AuPairCare states that no answer is required because the allegations in paragraph 558 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 558.

559.   AuPairCare states that no answer is required because the allegations in paragraph 559 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 559.

560.   AuPairCare states that no answer is required because the allegations in paragraph 560 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 560.

561.   AuPairCare states that no answer is required because the allegations in paragraph 561 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 561.

562.   To the extent that the allegations contained in paragraph 562 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the

allegations of paragraph 562 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

563.   To the extent that the allegations contained in paragraph 563 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 563 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

564.   To the extent that the allegations contained in paragraph 564 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 564 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

565.   To the extent that the allegations contained in paragraph 565 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 565 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

566.   To the extent that the allegations contained in paragraph 566 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 566 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

567.   To the extent that the allegations contained in paragraph 567 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 567 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

568.   To the extent that the allegations contained in paragraph 568 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.  AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 568 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

569.   To the extent that the allegations contained in paragraph 569 are construed to require a response by AuPairCare because they are asserted by au pairs

not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 569 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

570. To the extent that the allegations contained in paragraph 570 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 570 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

571. To the extent that the allegations contained in paragraph 571 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 571 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

572. To the extent that the allegations contained in paragraph 572 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations. AuPairCare further

states that beyond the foregoing response, no answer is required because the allegations of paragraph 572 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

573.   To the extent that the allegations contained in paragraph 573 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 573 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

## 29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

574.   AuPairCare incorporates by reference its responses to paragraphs 1-573 as if fully set forth herein.

575.   AuPairCare states that no answer is required because the allegations in paragraph 575 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 575.

576.   AuPairCare states that no answer is required because the allegations in paragraph 576 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 576.

577.   AuPairCare states that no answer is required because the allegations in paragraph 577 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 577.

578.    AuPairCare states that no answer is required because the allegations in paragraph 578 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 578.

579.    AuPairCare states that no answer is required because the allegations in paragraph 579 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 579.

580.    AuPairCare states that no answer is required because the allegations in paragraph 580 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 580.

581.    AuPairCare states that no answer is required because the allegations in paragraph 581 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 581.

582.    AuPairCare states that no answer is required because the allegations in paragraph 582 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 582.

583.    AuPairCare states that no answer is required because the allegations in paragraph 583 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 583.

584.    AuPairCare states that no answer is required because the allegations in paragraph 584 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 584.

585.    AuPairCare states that no answer is required because the allegations in paragraph 585 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 585.

586.    AuPairCare states that no answer is required because the allegations in paragraph 586 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 586.

587.    AuPairCare states that no answer is required because the allegations in paragraph 587 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].  To the extent any answer is required, AuPairCare denies the allegations of paragraph 587.

588.    AuPairCare states that no answer is required because the allegations in paragraph 588 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 588.

## COUNT I: RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. §§ 1 *ET SEQ.*

### Brought by:

### Plaintiffs and the Price Fixed Class against the Sponsor Defendants

589.   To the extent that the allegations contained in paragraph 589 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 589 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

590.   To the extent that the allegations contained in paragraph 590 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 590 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

591.   To the extent that the allegations contained in paragraph 591 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further

states that beyond the foregoing response, no answer is required because the allegations of paragraph 591 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

592.   To the extent that the allegations contained in paragraph 592 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 592 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

593.   To the extent that the allegations contained in paragraph 593 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 593 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

594.   To the extent that the allegations contained in paragraph 594 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the

allegations of paragraph 594 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

595.   To the extent that the allegations contained in paragraph 595 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 595 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

596.   To the extent that the allegations contained in paragraph 596 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 596 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

597.   To the extent that the allegations contained in paragraph 597 are construed to require a response by AuPairCare because they are asserted by au pairs not sponsored by AuPairCare who are alleging an antitrust claim against AUPAIRCARE, AUPAIRCARE hereby denies such allegations.   AuPairCare further states that beyond the foregoing response, no answer is required because the allegations of paragraph 597 pertain to claims that have been stayed by order of the Court entered on November 15, 2017 [Doc. No. 756].

## COUNT II:  CIVIL RICO, 18 U.S.C. 1964(C)

### Brought by:

- **Ms. Beltran and the InterExchange Fraud Class against InterExchange**
- **Mmes. Deetlefs, Cardenas, Caramelo, Elizabeth, and Rascon and the Cultural Care Fraud Class against Cultural Care**
- **Mmes. Jimenez and Harning and the AuPairCare Fraud Class against AuPairCare**
- **Mmes. Jimenez and Harning and the AuPairCare Fraud Class against AuPairCare**

598.    AuPairCare incorporates its responses to paragraphs 1-597 as if fully set forth herein.

599.    AuPairCare states that no answer is required because the allegations in paragraph 599 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 599.

600.    AuPairCare states that no answer is required because the allegations in paragraph 600 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 600.

601.    AuPairCare states that no answer is required because the allegations in paragraph 601 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 601.

602.    AuPairCare states that no answer is required because the allegations in paragraph 602 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 602.

603.   AuPairCare states that no answer is required because the allegations in paragraph 603 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 603.

604.   AuPairCare states that no answer is required because the allegations in paragraph 604 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 604.

## COUNT III:  BREACH OF FIDUCIARTY DUTY UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

### Brought by:

- **Ms. Beltran and the InterExchange Fraud Class against InterExchange**
- **Mmes. Deetlefs, Cardenas, Caramelo, Elizabeth, and Rascon and the Cultural Care Fraud Class against Cultural Care**
- **Mmes. Hlatshaneni and Reyes and the Au Pair in America Fraud Class against Au Pair in America**
- **Ms. Ivette and the GoAu Pair Fraud Class against GoAuPair**
- **Ms. Jimenez and Harning and the AuPairCare Fraud Class against AuPairCare**
- **Ms. Mapledoram and the Expert Au Pair Fraud Class against Expert Au Pair**

605.   AuPairCare incorporates by reference its responses to paragraphs 1-604 as if fully set forth herein.

606.   AuPairCare states that no answer is required because the allegations in paragraph 606 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 606.

607.   AuPairCare states that no answer is required because the allegations in paragraph 607 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 607.

## COUNT IV:  NEGLIGENT MISREPRESENTATION THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

### Brought by:

- **Ms. Beltran and the InterExchange Fraud Class against InterExchange**
- **Mmes. Deetlefs, Cardenas, Caramelo, Elizabeth, and Rascon and the Cultural Care Fraud Class against Cultural Care**
- **Mmes. Hlatshaneni and Reyes and the Au Pair in America Fraud Class against Au Pair in America**
- **Ms. Ivette and the GoAu Pair Fraud Class against GoAuPair**
- **Ms. Jimenez and Harning and the AuPairCare Fraud Class against AuPairCare**
- **Ms. Mapledoram and the Expert Au Pair Fraud Class against Expert Au Pair**

608.   AuPairCare incorporates by reference its responses to paragraphs 1-607 as if fully set forth herein.

609.   AuPairCare states that no answer is required because the allegations in paragraph 609 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 609.

610.   AuPairCare states that no answer is required because the allegations in paragraph 610 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 610.

## COUNT V:  CONSTRUCTIVE FRAUD OR FRAUDULENT CONCEALMENT UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBI

### Brought by:

- **Ms. Beltran and the InterExchange Fraud Class against InterExchange**
- **Mmes. Deetlefs, Cardenas, Caramelo, Elizabeth, and Rascon and the Cultural Care Fraud Class against Cultural Care**
- **Mmes. Hlatshaneni and Reyes and the Au Pair in America Fraud Class against Au Pair in America**
- **Ms. Ivette and the GoAu Pair Fraud Class against GoAuPair**
- **Ms. Jimenez and Harning and the AuPairCare Fraud Class against AuPairCare**
- **Ms. Mapledoram and the Expert Au Pair Fraud Class against Expert Au Pair**

611.   AuPairCare incorporates by reference its responses to paragraphs 1-610 as if fully set forth herein.

612.   AuPairCare states that no answer is required because the allegations in paragraph 612 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 612.

613.   AuPairCare states that no answer is required because the allegations in paragraph 613 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 613.

## COUNT VI:  CONSUMER PROTECTION UNDER THE LAWS OF THE SEVERAL STATES AND THE DISTRICT OF COLUMBIA

### Brought by:

- **Ms. Beltran and the InterExchange Fraud Class against InterExchange**

- **Mmes. Deetlefs, Cardenas, Caramelo, Elizabeth, and Rascon and the Cultural Care Fraud Class against Cultural Care**
- **Mmes. Hlatshaneni and Reyes and the Au Pair in America Fraud Class against Au Pair in America**
- **Ms. Ivette and the GoAu Pair Fraud Class against GoAuPair**
- **Ms. Jimenez and Harning and the AuPairCare Fraud Class against AuPairCare**
- **Ms. Mapledoram and the Expert Au Pair Fraud Class against Expert Au Pair**

614.    AuPairCare incorporates by reference its responses to paragraphs 1-613 as if fully set forth herein.

615.    AuPairCare states that no answer is required because the allegations in paragraph 615 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 615.

616.    AuPairCare states that no answer is required because the allegations in paragraph 616 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 616.

## COUNT VIII:  FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201 *ET SEQ.*

### Brought by:

- **Ms. Beltran and the InterExchange 216(b) Class against InterExchange and the Noonans**
- **Mmes. Deetlefs, Cardenas, Caramelo, Elizabeth, and Rascon and the Cultural Care 216(b) Class and the Cultural Care 216(b) Sub-Class against Cultural Care**
- **Mmes. Hlatshaneni and the Au Pair in America 216(b) Class, and the Au Pair in America 216(b) Sub-Class against Au Pair in America**
- **Ms. Ivette and the GoAu Pair 216(b) Class and the GoAuPair 216(b) Sub-Class against GoAuPair**
- **Ms. Jimenez and Harning and the AuPairCare 216(b) Class and the AuPairCare 216(b) Sub-Class against AuPairCare**

- **Ms. Mapledoram and the Expert Au Pair 216(b) Class and the Expert Au Pair 216(b) Sub-Class against Expert Au Pair**

617.   AuPairCare incorporates by reference its responses to paragraphs 1-616 as if fully set forth herein.

618.   AuPairCare states that no answer is required because the allegations in paragraph 618 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 618.

619.   AuPairCare states that no answer is required because the allegations in paragraph 619 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 619.

620.   AuPairCare states that no answer is required because the allegations in paragraph 620 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 620.

621.   AuPairCare states that no answer is required because the allegations in paragraph 621 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 621.

622.   AuPairCare states that no answer is required because the allegations in paragraph 622 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 622.

623.   AuPairCare states that no answer is required because the allegations in paragraph 623 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 623.

624.   AuPairCare states that no answer is required because the allegations in paragraph 624pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 624.

625.   AuPairCare states that no answer is required because the allegations in paragraph 625 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 625.

626.   AuPairCare states that no answer is required because the allegations in paragraph 626 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 626.

627.   AuPairCare states that no answer is required because the allegations in paragraph 627 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 627.

### <u>COUNT IX: CLAIMS FOR UNPAID WAGES UNDER THE LAWS OF SEVERAL STATES AND THE DISTRICT OF COLUMBIA</u>

**Brought by:**
- **Ms. Beltran and the InterExchange National Wage Class against InterExchange.**

- **Mmes. Deetlefs, Cardenas, Caramelo, Elizabeth and Rascon, and the Cultural Care National Wage Class against Cultural Care.**
- **Mmes. Hlatschaneni and Reyes and the Au Pair in America National Wage Class Against Au Pair in America.**
- **Ms. Ivette and the GoAuPair National Wage Class against GoAuPair.**
- **Mmes. Jimenez and Harning and the AuPairCare National Wage Class against AuPairCare.**
- **Ms. Mapledoram and the Expert Au Pair National Wage Class against Expert Au Pair.**

628. AuPairCare incorporates by reference its responses to paragraphs 1-627 as if fully set forth herein.

629. AuPairCare states that no answer is required because the allegations in paragraph 629 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 629.

630. AuPairCare states that no answer is required because the allegations in paragraph 630 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 630.

631. AuPairCare states that no answer is required because the allegations in paragraph 631 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 631.

632. AuPairCare states that no answer is required because the allegations in paragraph 632 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756]. To the extent any answer is required, AuPairCare denies the allegations of paragraph 632.

633.    AuPairCare states that no answer is required because the allegations in paragraph 633 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 633.

634.    AuPairCare states that no answer is required because the allegations in paragraph 634 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 634.

635.    AuPairCare states that no answer is required because the allegations in paragraph 635 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 635.

636.    AuPairCare states that no answer is required because the allegations in paragraph 636 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 636.

## COUNT X: VIOLATIONS OF NEW YORK WAGE ACT

### Brought by:

- **Ms. Beltran and the InterExchange New York Wage Class against InterExchange.**
- **Mmes. Deetlefs, Cardenas, Caramelo, Elizabeth, and Rascon and the Cultural Care New York Wage Class against Cultural Care.**
- **Mmes. Hlatshaneni and Reyes and the Au Pair in America New York Wage Class against Au Pair in America.**
- **Ms. Ivette and the GoAuPair New York Wage Class against GoAuPair.**

637.   AuPairCare incorporates by reference its responses to paragraphs 1-636 as if fully set forth herein.

638.   AuPairCare states that no answer is required because the allegations in paragraph 638 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 638.

639.   AuPairCare states that no answer is required because the allegations in paragraph 639 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 639.

640.   AuPairCare states that no answer is required because the allegations in paragraph 640 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 640.

641.   AuPairCare states that no answer is required because the allegations in paragraph 641 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 641.

642.   AuPairCare states that no answer is required because the allegations in paragraph 642 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 642.

## COUNT XI: VIOLATIONS OF NEW JERSEY WAGE ACT

### Brought by:

- **Mmes. Jimenez and Harning, and the AuPairCare National Wage Class against Defendant AuPairCare.**

643.    AuPairCare incorporates by reference its responses to paragraphs 1-642 as if fully set forth herein.

644.    AuPairCare states that no answer is required because the allegations in paragraph 644 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 644.

645.    AuPairCare states that no answer is required because the allegations in paragraph 645 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 645.

646.    AuPairCare states that no answer is required because the allegations in paragraph 646 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 646.

647.    AuPairCare states that no answer is required because the allegations in paragraph 647 pertain to claims that have been stayed by order of the Court's entered on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 647.

648.    AuPairCare states that no answer is required because the allegations in paragraph 648 pertain to claims that have been stayed by order of the Court's entered

on November 15, 2017 [Doc. No. 756].   To the extent any answer is required, AuPairCare denies the allegations of paragraph 648.

## DEMAND FOR JURY TRIAL

649.   AuPairCare admits that Plaintiffs have demanded a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

650.   AuPairCare denies each and every allegation in the Third Amended Complaint not specifically admitted above.

651.   AuPairCare denies Plaintiff Beltran, any other Plaintiff, or any putative class or collective action member is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.   The Third Amended Complaint fails to state a claim upon which relief can be granted.

2.   Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

3.   This Defendant had no duty or obligation to the Plaintiffs under the circumstances forming the basis for the Third Amended Complaint and no other duty or obligation on the part of this Defendant exists as a matter of law.

4.   Plaintiffs lack standing to sue on all or a portion of the claims for relief asserted in the Third Amended Complaint, and in particular but without limitation, lack antitrust standing.

5.   Plaintiffs are not the real parties in interest to prosecute all or a portion of the claims for relief asserted in the Third Amended Complaint.

6.      The alleged conduct of this Defendant and other Sponsor Defendants amounts or amounted to parallel conduct and is therefore not actionable under 15 U.S.C. § 1.

7.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury proximately caused by the conduct of AuPairCare and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

8.      Plaintiffs' claims are barred, in whole or in part, because the conduct complained of is reasonable and justified, is procompetitive, and has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

9.      Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

10.     The actions of AuPairCare have been procompetitive, did not lessen competition in the market, and were carried out in furtherance of its legitimate business interests.

11.     Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

12.     Plaintiffs' claims are barred because AuPairCare reasonably relied upon the weekly stipend designated by the State Department and the Department of Labor to be paid to participants in the au pair exchange program, specifically including the credit for room and board.  The weekly stipend paid by host families to participants in AuPairCare's au pair exchange program, including the credit for room and board, is

consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair exchange program.

13.     If any alleged act or omission by AuPairCare was not within the scope of conduct authorized by the State Department and Department of Labor, such situation was not reasonably foreseeable by AuPairCare.

14.     Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Third Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

15.     Plaintiffs' claims are barred, in whole or in part, because AuPairCare has acted at all times in good faith and with intent to comply with all applicable federal and state laws.

16.     Any injuries, losses, or damages suffered by Plaintiffs were the result of the actions of third parties for which AuPairCare is not responsible.

17.     Plaintiffs' claims are or may be barred by 15 U.S.C. § 6a.

18.     Plaintiffs' claims for damages against AuPairCare are barred because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating any alleged damages.

19.     The alleged injury, loss, or damage suffered by Plaintiffs, if any, would be compensated adequately by damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to equitable relief.

20.     Plaintiffs' claims are barred, in whole or in part, because they are preempted by federal law, including but not limited to the United States Constitution.

21.     Defendant AuPairCare is not an "employer" or a "joint employer" within the meaning of the FLSA or any applicable state statute, law, or regulation, including but not limited to the Colorado Wage Act, Colorado Minimum Wage Order, and New York state laws.

22.     Because AuPairCare is not an "employer" or "joint employer" of Plaintiffs or any other au pair, there is no common pay practice and a collective action is not appropriate or in conformity with applicable law.

23.     Plaintiffs are exempt from minimum wage and overtime requirements under the FLSA and other state statutes, laws, and regulations, including but not limited to the Colorado Wage Act, Colorado Minimum Wage Order, and New York and New Jersey state laws.

24.     Defendant AuPairCare at all times acted in good faith and had reasonable grounds to believe its actions were not in violation of the FLSA or any other law.

25.     Plaintiffs' claims are barred by 29 U.S.C. § 259 on the basis that Defendant AuPairCare acted in good faith, in conformity with, and in reliance upon published, written regulations and interpretations of the U.S. Department of Labor, and the U.S. Department of State.

26.     At no time were the actions of Defendant AuPairCare willful; thus, if applicable at all, the FLSA limitations period is two years.

27.     Plaintiffs' claims are barred in whole or in part based on the failure to join indispensable parties.

28.     AuPairCare is not liable because no host family was an agent or employee of AuPairCare.

29.     The named Plaintiffs, including Plaintiffs Jimenez and Harning, are not similarly situated to other potential plaintiffs and are not proper class representatives.

30.     The named Plaintiffs, including Plaintiffs Jimenez and Harning, lack standing to assert claims on behalf of persons other than themselves.

31.     The Third Amended Complaint does not meet the requirements of a class action under Fed. R. Civ. P. 23, or a collective action under 29 U.S.C. § 216(b).

32.     No confidential relationship existed between Plaintiffs, or any au pair, and AuPairCare, as is necessary to create a fiduciary duty.

33.     Plaintiffs' claims are barred, in whole or in part, by failure to substantially perform, and prior breach of, the terms of their agreements with AuPairCare.

34.     Enforcement of any alleged contract between Plaintiffs and AuPairCare is barred by the statute of frauds.

35.     Plaintiffs' claims, including the claims of Jimenez and Harning, are barred, in whole or in part, because of their own misconduct and/or pursuant to the doctrines of unclean hands, estoppel, waiver, and/or laches.

36.     Liquidated damages are barred pursuant to 29 U.S.C. § 260 because Defendant AuPairCare acted in good faith and with reasonable ground for believing it was acting in conformity with the FLSA, and that its actions did not violate the FLSA.

37.     AuPairCare is not liable for damages, if any, because it was acting in accordance with bona fide custom and practice.

38.     Some activities alleged to be compensable are not compensable as prescribed by the Portal-to-Portal Act, 29 U.S.C. § 245, *et seq.*

39.     Compensation owed, if any, is subject to a statutory credit pursuant to 29 U.S.C. § 207, and a credit pursuant to 29 C.F.R. §§ 531.31, *et seq.*

40.     Plaintiffs' damages, if any, are barred or limited under the doctrines of workers' compensation exclusivity.

41.     Plaintiffs' damages, if any, are barred or limited due to failure to reasonably mitigate.

42.     Plaintiffs' damages, if any, are barred or limited by applicable statutory damage caps.

43.     Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged.

44.     Plaintiffs' damages, if any, are barred or limited by doctrines of settlement, release, and accord and satisfaction.

45.     Any claim asserted by or on behalf of an au pair sponsored by AuPairCare is subject to mandatory arbitration.

46.     AuPairCare had no duty or obligation to the Plaintiffs under the circumstances forming the basis for the Third Amended Complaint and no other duty or obligation on the part of AuPairCare existed as a matter of law.

47.     Plaintiffs are not the real parties in interest to prosecute all or a portion of the claim asserted in the Third Amended Complaint.

48.     Plaintiffs present no actual case or controversy or justifiable issues suitable for determination by this Court.

49.     On information and belief, Plaintiffs are not suitable class representatives. Therefore, Plaintiffs cannot satisfy the prerequisites to maintaining a class action.

50.     Certain of Plaintiffs' claims are barred because Plaintiffs failed to exhaust their administrative remedies.

51.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not direct sellers of any product or service to AuPairCare.

52.     Plaintiffs' claimed injuries and damages, if any, were the result of the independent conduct and decisions over third parties.  AuPairCare is not liable for the acts of others over which it has no control.

53.     Plaintiffs' state law claims are barred, in whole or in part, due to federal preemption.

54.     AuPairCare adopts by reference any applicable defense pleaded by any other Defendant that is not set forth in this Answer.

WHEREFORE, Defendant AuPairCare respectfully requests that this Court decline to certify this action as a class action under Fed. R. Civ. P. 23 or as a collective action under 29 U.S.C. § 216(b); that the Third Amended Complaint be dismissed in its entirety, with prejudice; that judgement be entered in favor of AuPairCare and against Plaintiffs on all claims; and that the Court award AuPairCare its attorneys' fees and all other costs reasonably incurred in defense of this action.

Respectfully submitted this 27th day of April, 2018

> *s/ Thomas B. Quinn*
> Thomas B. Quinn
> Peggy E. Kozal
> Nathan Huey
> Jennifer Arnett-Roehrich
> GORDON & REES LLP
> 555 Seventeenth Street, Suite 3400
> Denver, Colorado 80202
> Tel: (303) 534-5160
> Fax: (303) 534-5161
> tquinn@grsm.com
> pkozal@grsm.com
> nhuey@grsm.com
> jarnett-roehrich@grsm.com
>
> **Attorneys for Defendant**
> **AuPairCare, Inc.**

## CERTIFICATE OF SERVICE (CM/ECF)

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system, which will send notification to all counsel referenced below, and/or sent via electronic mail on this the 27th day of April, 2017 addressed to:

| | | |
|---|---|---|
| Sigrid S. McCawley | Brooke A. Colaizzi | William J. Kelly, III |
| Sabria McElroy | Raymond M. Deeny | Chanda M. Feldkamp |
| Matthew L. Schwartz | Heather F. Vickles | KELLY & WALKER, LLC |
| Peter M. Skinner | Joseph H. Hunt | wkelly@kellywalkerlaw.com |
| Randall W. Jackson | Alyssa L. Levy | cfeldkamp@kellywalkerlaw.com |
| Dawn L. Smalls | SHERMAN & HOWARD, LLC | **Attorneys for Defendant USAuPair, Inc.** |
| Joshua Libling | bcolaizzi@shermanhoward.com | |
| Juan P. Valdivieso | rdeeny@shermanhoward.com | |

- 154 -

| | | |
|---|---|---|
| Byron Pacheco<br><br>BOIES SCHILLER & FLEXNER, LLP<br><br>smccawley@bsfllp.com<br><br>smcelroy@bsfllp.com<br><br>mlschwartz@bsfllp.com<br><br>pskinner@bsfllp.com<br><br>rjackson@bsfllp.com<br><br>dsmalls@bsfllp.com<br><br>srogriguez@bsfllp.com<br><br>jlibling@bsfllp.com<br><br>jvaldivieso@bsfllp.com<br><br>bpacheco@bsfllp.com<br><br><br>*and*<br><br>Alexander N. Hood<br><br>TOWARDS JUSTICE – DENVER<br><br>alex@towardsjustice.org<br><br>***Attorneys for Plaintiffs*** | hvickles@shermanhoward.com<br><br>jhunt@shermanhoward.com<br><br>alevy@shermanhoward.com<br><br>***Attorneys for Defendant InterExchange, Inc.*** | |
| Meshach Y. Rhoades<br><br>Martin J. Estevao<br><br>Vance Orlando Knapp<br><br>ARMSTRONG TEASDALE, LLP<br><br>mrhoades@armstrongteasdale.com<br><br>mestevao@armstrongteasdale.com<br><br>vknapp@armstrongteasdale.com<br><br>***Attorneys for Defendant GreatAuPair, LLC*** | Bogdan Enica<br><br>BOGDAN ENICA, ATTORNEY AT LAW<br><br>bogdane@hotmail.com<br><br>***Attorney for Defendant Expert Group International, Inc. d/b/a Expert AuPair*** | David B. Meschke<br><br>Martha L. Fitzgerald<br><br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br><br>dmeschke@bhfs.com<br><br>mfitzgerald@bhfs.com<br><br>***Attorneys for Defendant EurAupair InterCultural Child Care Programs*** |

| | | |
|---|---|---|
| James E. Hartley | Brian A. Birenbach | Kathryn A. Reilly |
| Adam A. Hubbard | RIETZ LAW FIRM, LLC | Grace A. Fox |
| Jonathan S. Bender | brian@rietzlawfirm.com | Natalie West |
| HOLLAND & HART, LLP | *and* | WHEELER TRIGG O'DONNELL, LLP |
| jhartley@hollandhart.com | Kathryn A. Reilly | reilly@wtotrial.com |
| aahubbard@hollandhart.com | Grace A. Fox | fox@wtotrial.com |
| jsbender@hollandhart.com | Natalie West | west@wtotrial.com |
| ***Attorneys for Defendant Cultural Homestay International*** | V. William Scarpato III | ***Attorney for Defendant Agent Au Pair*** |
| | WHEELER TRIGG O'DONNELL, LLP | |
| | reilly@wtotrial.com | |
| | fox@wtotrial.com | |
| | west@wtotrial.com | |
| | scarpato@wtotrial.com | |
| | ***Attorneys for Defendants Au Pair International, Inc.; American Cultural Exchange, LLC d/b/a GoAuPair*** | |
| Lawrence L. Lee | Eric J. Stock | Joan A. Lukey |
| Susan M. Schaecher | Gibson, Dunn & Crutcher LLP | Robert M. Buchanan, Jr. |
| FISHER & PHILLIPS, LLP | estock@gibsondunn.com | Michael T. Gass |
| llee@laborlawyers.com | mao@gibsondunn.com | Justin J. Wolosz |
| sschaecher@laborlawyers.com | ***Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in America*** | Lyndsey M. Kruzer |
| | | Kevin P. O'Keefe |
| | | CHOATE, HALL & STEWART, LLP |
| | | joan.lukey@choate.com |
| | | rbuchanan@choate.com |
| | | mgass@choate.com |
| | | jwolosz@choate.com |
| and | Lawrence D. Stone | lkruzer@choate.com |
| | | kokeefe@choate.com |
| | Kathleen E. Craigmile | *and* |
| Joseph B. Cartalfasa | | Diane R. Hazel |
| Robert M. Tucker | NIXON SHEFRIN HENSEN OGBURN, P.C. | James M. Lyons |
| | | Jessica L. Fuller |
| Stephen J. Macri | | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
| | | dhazel@lrrc.com |

| | | |
|---|---|---|
| Joseph B. Cartafalsa<br><br>OGLETREE, DEAKINS<br><br>Stephen.macri@ogletree.com<br><br>Jopseh.cartafalsa@ogletree.com<br><br>**Attorneys for Defendants APF Global Exchange, NFP d/b/a Aupair Foundation; American Institute for Foreign Study d/b/a Au Pair in America** | lstone@nixonshefrin.com<br><br>kcraigmile@nixonshefrin.com<br><br>**Attorneys for Defendants A.P.E.X. American**<br><br>**Professional Exchange, LLC d/b/a**<br><br>**ProAuPair;**<br><br>**20/20 Care Exchange, Inc.**<br><br>**d/b/a The International Au Pair Exchange** | jlyons@lrrc.com<br>jfuller@lrrc.com<br>**Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair** |

/s/ Linda S. Montoya
For Gordon & Rees LLP