IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*,

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*,

    Defendants.

---

**CERTAIN DEFENDANTS' UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 985] AND TO CERTAIN EXHIBITS FILED IN SUPPORT OF PLAINTIFFS' REPLY [ECF NO. 986]**

---

Pursuant to D.C.COLO.LCivR 7.2 and the Court's direction, Defendants American Institute for Foreign Study d/b/a Au Pair in America ("APIA"), Go Au Pair Operations LLC and American Cultural Exchange, LLC d/b/a Go Au Pair (together, "Go Au Pair"), and Cultural Care, Inc. ("Cultural Care") (collectively, "Moving Defendants") hereby move the Court for an Order restricting public access, under Level 1, to (1) Plaintiffs' Reply in Support of their Motion for Partial Summary Judgment ("Reply") [ECF No. 985]; and (2) certain exhibits attached to the Declaration of Joshua Libling in Support of Plaintiffs' Reply ("Reply Appendix") [ECF No. 986]. In support thereof, Moving Defendants state as follows:

1. As required by D.C.COLO.LCivR 7.1(a), counsel for Moving Defendants conferred with Plaintiffs' counsel in good faith regarding this Motion. Plaintiffs do not oppose the relief requested.

2. All parties to this action have stipulated to an Amended Stipulated Protective Order ("Amended Stipulated Protective Order") that is consistent with the requirements set forth in *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, App. A (D. Colo. 2000).

3. The Amended Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure of discovery duties created by the Federal Rules of Civil Procedure." (Am. Stipulated Protective Order ¶ 1, ECF No. 694.)

4. Under the Amended Stipulated Protective Order, all parties agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY under Level 1 restricted access. (*Id.* ¶ 8.)

5. On April 13, 2018, Plaintiffs' filed their Reply and Reply Appendix under Level 1 restricted access. In accordance with D.C.COLO.LCivR 7.2(c)(1) and (2), Moving Defendants identify below the material in Plaintiffs' Reply and in Plaintiffs' Reply Appendix for which restriction is sought and the interests to be protected as follows:

**Plaintiffs' Reply**[1]

**a.** Pages 15 and 21 of the Reply [ECF No. 985] identify amounts expended by APIA on recruitment and training in South Africa. APIA considers this information to be competitively sensitive and, thus, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Publicizing this confidential, proprietary information would cause APIA serious

---

[1] Moving Defendants are willing to submit a redacted version of the Reply that omits all confidential and highly confidential information for filing on the public docket.

injury. Because of the competitively sensitive and confidential business information on pages 15 and 21 of the Reply, APIA requests that the Reply remain under Level 1 restricted access.

    **b.**    Page 19 of the Reply [ECF No. 985] identifies internal expenses of Cultural Care's operations derived from an exhibit, discussed *infra*, that was designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. This information is sensitive and proprietary to Cultural Care. Publicizing this confidential, proprietary information would cause Cultural Care serious injury. Because of the competitively sensitive and confidential business information on page 19 of the Reply, Cultural Care requests that the Reply remain under Level 1 restricted access.

    **c.**    Footnote 9 on page 25 of the Reply quotes a deposition of an au pair and identifies by name a third-party host family. Publicizing this information would result in unnecessary disclosure of personal and confidential information. Because of the competitively sensitive and confidential business information on page 25 of the Reply, Cultural Care requests that the Reply remain under Level 1 restricted access.

**Plaintiffs' Reply Appendix**

    **d.**    **Declaration of Joshua Libling ¶¶ 34, 37, and 39.** Paragraph 34 of Mr. Libling's declaration reveals personally identifying information about a third-party host family. Paragraphs 37 and 39 of Mr. Libling's declaration identify international representatives with which Go Au Pair has contracted; Go Au Pair considers these relationships to be confidential and competitively sensitive. To avoid the unnecessary disclosure of a nonparty's personal information and to protect its confidential business

information, Go Au Pair requests that Mr. Libling's declaration remain under Level 1 restricted access. Go Au Pair is willing to submit a redacted version of Mr. Libling's declaration that omits all confidential and highly confidential information for filing on the public docket.

       **e.**       **Exhibits 1 and 2 (REPLY APP 1-53, ECF No. 986-1).** APIA moves to restrict access to these documents because they are APIA marketing materials that reflect APIA's proprietary and confidential marketing strategies.

       **f.**       **Exhibit 3 (REPLY APP 54-84, ECF No. 986-1).** Exhibit 3 consists of APIA's Host Family Agreements, which APIA considers to be confidential and proprietary. APIA moves to restrict access to these documents because publicizing this information would result in unnecessary disclosure of APIA's proprietary business information.

       **g.**       **Exhibit 4 (REPLY APP 85-87, ECF No. 986-1).** Exhibit 4 is a confidential email communication regarding the APIA au pair program. Publicizing this information would result in unnecessary disclosure of personal and confidential information. APIA thus requests that Exhibit 4 remain under Level 1 restricted access.

       **h.**       **Exhibit 5 (REPLY APP 88-90, ECF No. 986-1).** Exhibit 5 is an email exchange between a host family and APIA that reflects personally identifying information of non-parties. Publicizing this information would result in unnecessary disclosure of personal and confidential information. APIA thus requests that Exhibit 5 remain under Level 1 restricted access.

      **i.**      **Exhibit 6 (REPLY APP 91-119, ECF No. 986-1).** APIA moves to restrict access to Exhibit 6 because it contains competitively sensitive materials related to APIA's recruiting and marketing.

      **j.**      **Exhibit 7 (REPLY APP 120-31, ECF No. 986-1).** APIA moves to restrict access to Exhibit 7 because it contains proprietary guidance to APIA's community counselors regarding their interactions with au pairs and host families.

      **k.**      **Exhibit 9 (REPLY APP 135-70, ECF No. 986-1).** APIA moves to restrict access to Exhibit 9 because it contains proprietary guidance to APIA host families regarding placement of au pairs in their homes.

      **l.**      **Exhibit 10 (REPLY APP 171-95, ECF No. 986-1).** APIA moves to restrict access to Exhibit 10 because it contains competitively sensitive APIA guidelines for au pairs. Public disclosure of this information would irreparably compromise the business standing of APIA, and expose its proprietary business information.

      **m.**      **Exhibit 11 (REPLY APP 196-383, ECF No. 986-2).** Exhibit 11 consists of income statements that contain highly confidential information regarding APIA's financial performance and profitability. This information should remain restricted from public view to protect the privacy interests of individual third parties and to preserve the confidentiality of information APIA considers to be competitively sensitive and, thus, highly confidential. Because Exhibit 11 reflects confidential and sensitive information, APIA requests that it remain under Level 1 restricted access.

      **n.**      **Exhibit 12 (REPLY APP 384-416, ECF No. 986-2).** APIA moves to restrict access to Exhibit 12 because it contains host family applications and contains

sensitive information related to third parties. Publicizing this information would result in unnecessary disclosure of personal and confidential information of non-parties.

  o. **Exhibit 15 (REPLY APP 485-566, ECF No. 986-3).** Exhibit 15 is an internal operations and policy manual prepared by Cultural Care and distributed to its Local Childcare Consultants, which manual has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Amended Stipulated Protective Order. The manual includes internal operational and marketing policies and information and is confidential and proprietary to Cultural Care. Disclosing this confidential, proprietary information would cause Cultural Care serious injury. Because of the competitively sensitive and confidential business information in Exhibit 15, Cultural Care requests that Exhibit 15 remains under Level 1 restricted access.

  p. **Exhibit 17 (REPLY APP 596-602, ECF No. 986-3).** Exhibit 17 consists of excerpts of Cultural Care's annual reports, which reflect its profits and losses and, thus, have been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Cultural Care's profit and loss information is confidential and proprietary to Cultural Care. Publicizing this confidential, proprietary information would cause Cultural Care serious competitive injury. Because of the competitively sensitive and confidential business information in Exhibit 17, Cultural Care requests that Exhibit 17 remains under Level 1 restricted access.

  q. **Exhibits 32 and 34 (REPLY APP 680-91, 696-98, ECF No. 986-4).** Exhibits 32 and 34 are email exchanges produced by Go Au Pair that reflect personally identifying information of third-party host family members. Publicizing this information

would result in unnecessary disclosure of personal and confidential information. Go Au Pair requests that Exhibits 32 and 34 remain under Level 1 restricted access, but is willing to submit redacted versions of these exhibits for filing on the public docket.

    r.    **Exhibits 35 and 37 (REPLY APP 699-704, 719-47, ECF No. 986-4).** Exhibit 35 and 37 are contracts between Go Au Pair and two of its international sending agents. These documents reflect confidential and competitively sensitive business information regarding Go Au Pair's financial arrangements with these sending agents. Publicizing this confidential, sensitive information would cause Go Au Pair serious competitive injury. Because of the competitively sensitive and confidential business information in Exhibits 35 and 37, Go Au Pair requests that these exhibits remain under Level 1 restricted access.

    s.    **Exhibit 56 (REPLY APP 947-54, ECF No. 986-5).** Exhibit 56 contains excerpts from AIFS' Senior Vice President and Director Ruth Ferry's deposition discussing confidential business operations and competitively sensitive information, including, but not limited to, placement rates and advertisement strategy. Because of the competitively sensitive and confidential business information in Exhibit 56, APIA requests that it remain under Level 1 restricted access.

    t.    **Exhibits 58, 62, and 63 (REPLY APP 966-71, 994-1008, ECF No. 986-5).** Exhibits 58, 62, and 63 contain excerpts of the transcripts of the depositions of FLSA opt-in Plaintiffs Laura Juliana Cano Ligarreto, Liliana Paulin Lozano, and Aurelie-Juliette Therese Ruehl. The exhibits reflect personally identifying information of non-party host family members and Local Childcare Consultants, including some potentially sensitive

7

personal information, specifically at pages REPLY APP 969-71, 997-99, and 1003-07. Publicizing this information would result in unnecessary disclosure of personal and confidential information. Cultural Care requests that Exhibits 58, 62, and 63 remain under Level 1 restricted access, or, in the alternative, is willing to submit versions redacting personally identifying information for public filing.

u. **Exhibit 67 (REPLY APP 1027-32, ECF No. 986-5).** Exhibit 67 contains testimony that details APIA's policies and practices related to its relationships with au pairs and host families, constitutes material developed at significant investment of time and expense, and is considered to be of competitive value. Because of the competitively sensitive and confidential business information in Exhibit 67, APIA requests that it remain under Level 1 restricted access.

WHEREFORE, for the foregoing reasons, Moving Defendants respectfully request that this Court issue an Order restricting public access, under Level 1, to the foregoing documents.

Dated:  April 27, 2018

Respectfully submitted,

*s/ Natalie West*
Kathryn A. Reilly
Brett M. Mull
V. William Scarpato III
Natalie West
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:  Reilly@wtotrial.com
        Mull@wtotrial.com
        Scarpato@wtotrial.com
        West@wtotrial.com

***Attorneys for Defendants American Cultural Exchange, LLC d/b/a Go Au Pair and Go Au Pair Operations LLC***

*s/ Diane R. Hazel*
Joan A. Lukey
(joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer
(lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane R. Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER
CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

*s/ Robert M. Tucker*
Stephen J. Macri
(stephen.macri@ogletree.com)
Robert M. Tucker
(robert.tucker@ogletree.com)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
1745 Broadway, 22nd Floor
New York, NY 10019
(212) 492-2071

***Attorneys for American Institute for Foreign Study d/b/a Au Pair in America***

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on April 27, 2018, I caused to be electronically filed the foregoing **CERTAIN DEFENDANTS' UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 985] AND TO CERTAIN EXHIBITS FILED IN SUPPORT OF PLAINTIFFS' REPLY [ECF NO. 986]** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Claudia Jones for Natalie West*
