**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ,
SARAH CAROLINA AZUELA RASCON,
CATHY CARAMELO,
LINDA ELIZABETH,
GABRIELA PEREZ REYES,
    and those similarly situated,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION,
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA,
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR,
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR,
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR, and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

    Defendants.

**PLAINTIFFS' MOTION TO RATIONALIZE THE PROCEDURE
AND PAGE LIMITS FOR
CULTURAL CARE'S DISPOSITIVE MOTIONS [ECF No. 1043]**

**CERTIFICATE OF CONFERRAL**

On each of April 25, 26, and 27 the parties to this motion met and conferred regarding it by email, and further conferred by teleconference on April 26.  The parties have not come to an agreement.

**INTRODUCTION**

Cultural Care today—in the middle of the summary judgment phase—filed a 17-page motion to dismiss (the "Motion").  ECF No. 1043.  As it stands, the Motion will cause more work and delay for all involved:  It raises factual issues that are the subject of discovery that both sides agree is appropriate.  The Motion also raises legal issues Cultural Care can (and surely will) brief in an upcoming supplemental summary judgment filing.  Plaintiffs even offered to resolve Cultural Care's only stated concern about forgoing a motion to dismiss.

Cultural Care insists upon another round of merits briefing anyway.  After initially saying the Third Amended Complaint ("TAC") needed to "allege" more, Cultural Care now says it does not need to comply with this Court's Practice Standard 7.1D because no fact allegations could resolve its arguments.  It is hard to imagine the Motion serves any purpose other than to expand Cultural Care's summary judgment page limits and further delay trial.

Cultural Care's latest dispositive motion will only create more, and lengthier, filings.  Before the Court is a stipulation that Cultural Care may have 7 pages of supplemental summary judgment argument to address the newly added Named Plaintiffs.  Cultural Care's Motion gives it an additional 17 pages, plus a reply brief.

The parties and this Court have addressed (and, through the summary judgment proceedings are addressing), the merits of Plaintiffs' claims many times. The Court should not permit another round.

Plaintiffs therefore move alternatively to (1) summarily dismiss the Motion without prejudice (*i.e.*, Cultural Care may raise the same issues in the stipulated-to supplemental summary judgment papers); or (2) have the Motion be construed as one for summary judgment, reduce the page limits for Cultural Care's upcoming supplemental motion for summary judgment, and adjust Plaintiffs' summary judgment page limits so that they can fairly respond to Cultural Care's overlong motion to dismiss. Either procedure will streamline the briefing, enable the pleading stage to close promptly, and ensure that Cultural Care abides by reasonable page limits.

## BACKGROUND

Pending before this Court are fifteen summary judgment motions. During the pendency of those motions Plaintiffs were permitted to file a Third Amended Complaint ("TAC"). ECF No. 977. The TAC officially adds two Named Plaintiffs who represent subclasses of Cultural Care *au pairs*. ECF Nos. 828, 977. Plaintiffs and Cultural Care agree that supplemental discovery and a supplemental summary judgment filing to address the new Named Plaintiffs is appropriate. *See* ECF No. 1027. The two sides have filed a stipulation that would set a schedule and, for Cultural Care, 7-page limit for the supplemental summary judgment phase. *Id.*

During the pre-filing meet-and-confer efforts, Plaintiffs asked why a motion to dismiss adds anything when the supplemental summary judgment filing is available to litigate the same issues. For instance, Cultural Care appeared to say initially that some

fact allegations are insufficient. *See* Declaration of Sean P. Rodriguez ("Rodr. Decl.") Ex. 1 (stating that the TAC does not "allege" facts or conclusions). The simple answer is that there will be actual evidence in the record—not just allegations—before the Motion will be fully briefed: The named Plaintiffs' depositions are already set for May 14 and May 30. *Id.* at Ex. 2-3. Cultural Care also observes that its motion to dismiss raises issues of law, and cites that as a reason to add another round of dispositive-motion briefing. Motion at 2. That contention too has an easy answer: Summary judgment can be had on issues of law.

Plaintiffs asked Cultural Care to explain what additional facts it thinks are necessary, as required under this Court's Practice Standard 7.1D. Rodriguez Ex. 1. Cultural Care declined, and it now proclaims that it "has decided" this Court's Practice Standard should not apply to its motion to dismiss at this stage of the litigation. Motion at 2. In fact, no Rule 12(b)(6) proceedings make sense now, but if Cultural Care wants full-blown Rule 12(b)(6) motion practice, it must accept the full consequences of that tactic.

Finally, Cultural Care has adverted to the idea that Plaintiffs might argue that Cultural Care "waived" arguments by not filing a motion to dismiss. Plaintiffs assured Cultural Care that they would take no such unreasonable position as to the TAC in light of this case's procedural posture. Rodr. Ex. 1.

## **LEGAL STANDARD**

### I.    The Court May Control The Time And Manner For Hearing Challenges To A Complaint's Sufficiency

Parties do not have the right to bring non-jurisdictional motions to dismiss at any particular stage of the proceedings. The defenses raised in Rule 12(b)(6) motions are

3

ordinarily heard before trial; there is no other mandatory deadline. Fed. R. Civil P. 12(i) ("If a party so moves, any defense listed in Rule 12(b)(1)-(7) . . . must be heard and decided before trial unless the court orders a deferral until trial."); *see St. Gregory Cathedral School v. LG Electronics, Inc.*, No. 6:12-cv-739, 2015 WL 11121531, at *9 (E.D. Tex. Mar. 13, 2015) (court can defer consideration of claims under Fed. R. Civ. P. 12(i)); *Calip v. Concentra Health Service, Inc.*, 2010 WL 637800, at *3 (N.D. Tex. Feb. 22, 2010) (deferring motion to dismiss ruling on statute of limitations applicable to issue until summary judgment stage*); see also Boit v. Gar-Tec Prod., Inc.*, 967 F.2d 671, 677 (1st Cir. 1992) (conclusion that the district court has flexibility as to the timing and manner of determining a jurisdictional challenge under Rule 12 is "supported not only by a court's authority to exercise reasonable control over the order of proceedings and timing of decisions in a case but as well by" Federal Rules 1 and 12(d)).

And nothing in Rule 12 requires that Rule 12(b)(6) defenses be heard in the form of a "motion to dismiss." The defenses "listed" in Rule 12(b)(6) "must be heard"— passive voice—on a motion to dismiss; "may" (not "must") be heard via other motions; and none of the defenses Cultural Care's Motion raises will be waived if not made in an immediate Rule 12(b)(6) motion. Fed. R. Civil P. 12(i), (h). Indeed, the Rules abhor such formalisms when they create inefficiency. Fed. R. Civil P. 1 (the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination" of matters).

Instead, the district "courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion." *United States v. Nicholson*, 983 F.2d 983,

4

988 (10th Cir. 1993).  For instance, the Court also may summarily dismiss (or "strike" from its docket) an inappropriate motion in order to manage the cases before it.  *Kitson v. Bank of Edwardsville*, 240 F.R.D. 610, 611 (S.D. Ill. 2006) ("the Court has of course the inherent power to strike submissions to the Court other than pleadings"; noting that the strike procedure in Rule 12(c) does not apply to motion).

## II. The Court Alternatively May Construe A Motion To Dismiss As One For Summary Judgment

The Court also has discretion to construe a motion to dismiss as one for summary judgment.  To do so the moving party must be given reasonable notice and may need to be given the opportunity to submit additional evidence.  *Barham v. Town of Greybull Wyoming*, 483 F. Appx. 506, 507 (10th Cir. 2012).  A party's own conduct may be deemed to put that party on notice that the Court may construe its motion as one for summary judgment.  *Jones v. Midland Funding, LLC*, No. 2:15-CV-00121 DS, 2015 WL 5555797, at *1 (D. Utah Sept. 21, 2015) (discussing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987)); *Calbart v. Sauer*, 504 Fed. Appx. 778, at *2 (10th Cir. 2012); *see also* Fed. R. Civ. P. 12(d) & Adv. Comm. N. (1946 Amendment) (expressly adopting this rule where the Court chooses to consider matters outside the pleadings).

## ARGUMENT

Motions to dismiss serve to streamline discovery and narrow issues before the fact stages.  Cultural Care's Motion will do neither.  To the extent it seeks additional allegations, it is redundant and wasteful.  Depositions of the newly added Named Plaintiffs will be complete before motion to dismiss briefing concludes.  *See* Dkt. No. 1027; Rodr. Exs. 2-3.  Cultural Care will therefore have actual evidence—not just allegations—sooner than the motion to dismiss will be resolved.

5

The motion to dismiss is also redundant so far as it raises legal arguments. For instance, Cultural Care argues about the statute of limitations and state consumer protection and employment law. Cultural Care's motion for summary judgment argued the consumer protection and employment law of 3 different states in 8 pages. *See* ECF No. 879 at 11-14, 16-19. Just as it has before, Cultural Care may raise its arguments with respect to the newly added Named Plaintiffs in its upcoming supplemental summary judgment proceeding.

In addition, Cultural Care's motion makes an argument for partial decertification of a Rule 23 subclass. Motion at 4-5; ECF Nos. 828, 977. That goes well beyond the sufficiency of the allegations to state a claim on which relief can be granted. This issue alone suffices to trigger Fed. R. Civ. P. 12(d), permitting the Court to treat the Motion as one for summary judgment.

Cultural Care can claim no prejudice. It will make all the same arguments it would have otherwise—just on a fuller, factual record. In fact, the relief Plaintiffs request is milder than this Court's authority to deny the Motion for failure to abide by this Court's Practice Standard 7.1D.

## **CONCLUSION**

Plaintiffs therefore respectfully ask the Court to summarily deny the Motion without prejudice. Alternatively, Plaintiffs ask the Court to treat the motion as one for summary judgment. If this latter course of action is appropriate, then Plaintiffs request that in light of Cultural Care's motion to dismiss, which comprises 17 pages, Cultural Care's 7-page supplemental summary judgment motion be reduced to 3 pages and,

further, that Plaintiffs' 10-page supplemental summary judgment page limit be increased to 27 pages.

Dated: April 27, 2018

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

  /s/ *Sean R. Rodriguez*
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

TOWARDS JUSTICE
Alexander Hood
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on April 27, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                              *Sean P. Rodriguez*
                                              Sean P. Rodriguez