IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

    Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

    Defendants.

_____

**OPPOSITION OF DEFENDANT CULTURAL CARE, INC. TO "PLAINTIFFS' MOTION TO RATIONALIZE THE PROCEDURE AND PAGE LIMITS FOR CULTURAL CARE'S DISPOSITIVE MOTIONS" [ECF NO. 1047]**

    The claims asserted by the two new Plaintiffs named in the Third Amended Complaint ("TAC"), Linda Elizabeth and Cathy Caramelo, harbor serious defects. Ms. Elizabeth is not a member of the Cultural Care Pennsylvania Subclass she purports to represent, and even if she were, her claims are time-barred. Both Plaintiffs' wage-and-hour claims in Texas are prohibited by the relevant statute. Plaintiffs' claims suffer from other legal infirmities as well, which are set forth in the Motion of Defendant Cultural Care, Inc. to Dismiss the Third Amended Complaint in Part Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 1043) (the "Motion to Dismiss").

    Rather than respond to the Motion to Dismiss, Plaintiffs have filed this novel "Motion to Rationalize the Procedure and Page Limits for Cultural Care's Dispositive Motions" (the "Motion"). The Motion is premised upon a bait-and-switch in Plaintiffs' approach. Just two weeks ago, Plaintiffs negotiated and reached agreement (subject to

Court approval) with Cultural Care, Inc. ("CCI") regarding a discovery schedule and short, supplemental summary judgment filings that would be permitted with respect to these two new plaintiffs. Numerous times during that negotiation, CCI informed Plaintiffs' counsel that CCI also planned to move to dismiss the claims, in part, on legal grounds. Two weeks later, however, when it came time for CCI to file its motion to dismiss, Plaintiffs changed their approach and took the position—for the first time—that the short supplemental summary judgment filing is *all* that CCI should be permitted to file. According to Plaintiffs' new position, CCI must squeeze any legal argument that it would properly make in a motion to dismiss for a failure to state a claim upon which relief can be granted, and any fact-based argument in support of summary judgment, within a seven-page submission.

Plaintiffs' Motion must fail. As explained more fully below, Federal Rule of Civil Procedure ("Rule") 12(b) authorized CCI to file its Motion to Dismiss, and Plaintiffs have no authority for the novel proposition that they can force CCI to follow a different procedure. Although Plaintiffs suggest they want to streamline, they have instead multiplied these proceedings with this Motion, which is a transparent attempt to limit CCI's ability to avail itself of the provisions of Rule 12(b), while simultaneously preventing CCI from articulating its arguments in full. It would be unfair and inappropriate to allow Plaintiffs to manipulate the conferral process in this manner and force CCI to shortchange its defense. Plaintiffs' Motion should be denied.

## BACKGROUND

Plaintiffs filed the original complaint in this litigation on November 13, 2014. ECF No. 1. They filed a First Amended Complaint in March 2015 (ECF No. 101) and moved (unopposed by Defendants) to amend the complaint a second time on August 16, 2016, the deadline for amended pleadings. ECF No. 329. The Court allowed this amendment, and Plaintiffs filed a Second Amended Complaint on October 17, 2016. ECF Nos. 394, 395. On June 3, 2017, nearly ten months after the deadline for amended pleadings, Plaintiffs filed another motion to amend (the "Motion to Amend") with a proposed Third Amended Complaint ("TAC"). ECF No. 561. On February 13, 2018, the Court denied the Motion to Amend. ECF No. 850.

On April 9, 2018, the Court reconsidered, *sua sponte*, a portion of its initial denial of the Motion to Amend and granted Plaintiffs leave to file the TAC adding three new named Plaintiffs, two of whom are former au pairs who were sponsored by CCI. ECF No. 977. The next day, in the interest of avoiding any delay, counsel for CCI contacted Plaintiffs' counsel to confer regarding a schedule for discovery and a small number of pages as a supplemental summary judgment submission addressing the two new plaintiffs. *See* Exhibit 1 to Declaration of Kevin P. O'Keefe ("O'Keefe Decl."), filed herewith as Exhibit A. CCI's email that began the conferral, and further communication throughout the exchange that followed, made clear to Plaintiffs' counsel that CCI separately planned to move to dismiss in part the TAC, based on legal arguments on the face of the complaint, and that the short supplemental summary judgment submission would address arguments based on the discovery that CCI was planning.

3

*See id.* Ultimately, the parties agreed to jointly request that the Court allow CCI to file a seven-page supplemental summary judgment submission, to which Plaintiffs would respond, after which CCI could file a three-page reply. *See* Joint Motion for Relief from Scheduling Order and for Supplemental Briefing ("Jt. Mot. to Extend") at 3, ECF No. 1027.[1]

At no time during the conferral process that occurred over the period of April 10-19, 2018 did Plaintiffs say (or suggest) that they would take the position that CCI's short, supplemental summary judgment filing would somehow extinguish CCI's ability to file a Rule 12 motion to dismiss. *See* O'Keefe Decl. ¶ 5; Declaration of Lyndsey M. Kruzer ("Kruzer Decl.") ¶ 4, filed herewith as Exhibit B. Although Plaintiffs' counsel did at one point ask *if* there might be a benefit "to discussing ways to avoid briefing an additional motion," the parties agreed to defer such discussion until the conferral on the Motion to Dismiss. *See* O'Keefe Decl. Ex. 1. Two weeks later, however, when CCI sought to confer on the Motion to Dismiss, Plaintiffs changed their approach. Instead of discussing ways to avoid a motion to dismiss, Plaintiffs (through a different attorney who was not involved in negotiating the supplemental summary judgment schedule) announced their position that CCI should be prohibited from filing *any* Motion to Dismiss. *See* O'Keefe Decl. ¶ 7. Plaintiffs' counsel demanded that CCI assert any legal or fact-based argument with respect to the ten claims asserted by these two new

---

[1] The Joint Motion also addressed supplemental submissions with respect to Plaintiffs' Motion for Summary Judgment, and submissions by another Defendant. Plaintiffs' Motion does not seek relief with respect to the other Defendant's motion to dismiss in part the Third Amended Complaint.

4

plaintiffs in the seven-page supplemental summary judgment submission that the parties jointly requested. *See id.* CCI disagreed and filed its Motion to Dismiss. Plaintiffs filed this Motion the same day.

## ARGUMENT

### I.     The Federal Rules of Civil Procedure Permit CCI to Move to Dismiss.

Plaintiffs offer no argument claiming that CCI's Motion to Dismiss is procedurally improper, nor could they. Pursuant to Rule 12(b)(6), "a party may assert the following defenses by motion" in response to "a claim for relief in any pleading . . . (6) failure to state a claim upon which relief can be granted." *See id.* ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); *cf.* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). "Nothing in [this Court's] Order granting [Plaintiffs] leave to amend suggests . . . that Defendants were foreclosed from re-filing a Motion to Dismiss aimed at the operative pleading . . . ." *sPower Dev. Co. v. Colo. Pub. Utils. Comm'n*, No. 17-cv-00683-CMA-NYW, 2018 WL 1014142 28639, at *1 n.1 (D. Colo. Feb. 22, 2018). Plaintiffs, correctly, do not posit that CCI is raising defenses in its Motion to Dismiss that could have been raised earlier. It is therefore undisputed that the defenses are being raised at the earliest possible opportunity, the precise purpose of Rule 12 motions. *Bolden v. Culture Farms, Inc.*, No. 85-4297, 1989 WL 160469, at *4 (D. Kan. Nov. 21, 1989).

Plaintiffs nevertheless suggest that CCI is engaging in some kind of gamesmanship and requesting dismissal on technical grounds that could be remedied if

5

Plaintiffs included additional allegations in support of their claims (which Plaintiffs called "magic words" during the conferral process).  Motion at 5.  Nothing could be further from the truth.  As CCI explained before, during, and after its conferral with Plaintiffs' counsel, CCI is not aware of any facts that could be inserted into the TAC in order to cure the deficiencies identified in the Motion to Dismiss (nor have Plaintiffs offered any):

- Ms. Elizabeth's claims under Pennsylvania law, accruing back in 2007, are time-barred.  Moreover, as stated above, she is not even a member of the Cultural Care Pennsylvania Subclass that she purports to represent.
- Texas' minimum wage law has several statutory exemptions that preclude its application in this case.  The Court has already dismissed Plaintiffs' claims brought under Utah's wage laws based on similar exemptions.  Recommendation on Mot. to Dismiss at 35, ECF No. 240, *adopted in relevant part*, Order on Mot. to Dismiss at 35, ECF No. 258.
- Pennsylvania and Texas law require more than the alleged arms-length commercial relationship to sustain claims for breach of fiduciary duty and constructive fraud.
- Pennsylvania and Texas consumer protection statutes are limited to purchases of goods and services for personal use.

These are issues of law that Plaintiffs cannot cure with additional facts or allegations.[2]

---

[2] Accordingly, Plaintiffs' attempt to manufacture an issue based on the Court's Civil Practice Standard 7.1D (with which CCI fully complied) is beside the point.  Moreover, even if some claims could be saved with additional allegations—which they cannot—Plaintiffs do not have leave to file a Fourth Amended Complaint.

Plaintiffs' Motion then characterizes CCI's arguments in support of dismissal of these claims as "redundant," because CCI could raise them at the summary judgment stage. Motion at 6. As a matter of fact, CCI could delay even longer and raise these defenses at trial (*see* Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 12(h)(2)), but Plaintiffs offer no principled basis as to why CCI must wait that long to assert these defenses, much less why it should. Plaintiffs' real contention appears to be that CCI's arguments for dismissal as a matter of law should not be heard until some later point that is more convenient for Plaintiffs' counsel. Motion at 3-4 ("The defenses raised in Rule 12(b)(6) motions are ordinarily heard before trial; there is no other mandatory deadline."). None of the authority Plaintiffs cite at pages 4-5 of their Motion, however, supports a position that convenience to Plaintiffs justifies requiring CCI to proceed in this manner. *See United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) (affirming that district court did not abuse discretion in advancing a criminal trial date); *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 677 (1st Cir. 1992) (reasoning that district courts may require more than prima facie evidence to rebut a challenge to personal jurisdiction, and granting defendant's motion to dismiss); *St. Gregory Cathedral Sch. v. LG Elecs., Inc.*, No. 6:12-cv-739, 2015 WL 11121531, at *8-9 (E.D. Tex. Mar. 13, 2015) (deferring arguments for dismissal of state law claims because they would be addressed at subsequent class certification briefing stage); *Calip v. Concentra Health Serv.*, No. 3:08-CV-2104-O, 2010 WL 637800, at *3 (N.D. Tex. Feb. 22, 2010) (deferring ruling on statute of limitations where plaintiff argued that a different law applied); *Kitson v. Bank of Edwardsville*, 240 F.R.D. 610, 611 (S.D. Ill. 2006) (noting that district courts have inherent authority to

strike submissions to the court, but declining to do so).  To the contrary, if anything, Plaintiffs' authority undercuts their position.  *See St. Gregory*, 2015 WL 11121531, at *8 n.7 ("The volume of Plaintiffs' claims prevented the parties from adequately briefing each of the claims [at the motion to dismiss stage]—even with the increased page limits.  That the parties could not adequately address whether these claims are pleaded plausibly suggests to the Court that the parties would similarly struggle to present all of these claims to a jury.").

Plaintiffs' second point (Motion at 5) merely restates Federal Rule of Civil Procedure 12(d), which provides that a district court may convert a motion to dismiss into a motion for summary judgment if matters are presented outside the pleadings.[3] Plaintiffs' recitation of the law, while correct, is inapposite.  The arguments raised in the Motion to Dismiss are pure legal arguments or they seek to apply the substantive legal doctrines of Pennsylvania and Texas to Plaintiffs' well established theory of the case.  As CCI stated to Plaintiffs throughout the conferral process, the arguments are properly raised under Rule 12 because they concern the basic sufficiency of Plaintiffs' pleadings and the legal doctrines of the states that Plaintiffs purport to invoke.  Conversion to summary judgment is unnecessary, and the parties will each have an opportunity to

---

[3] *Calbart v. Sauer*, 504 F. App'x 778, 781-82 (10th Cir. 2012) (affirming district court's exercise of authority pursuant to Fed. R. Civ. P. 12(d) to convert a motion to dismiss to a motion for summary judgment); *Barham v. Town of Greybull Wyoming*, 483 F. App'x 506, 507 (10th Cir. 2012) (same); *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987) (holding that a motion to dismiss on jurisdictional grounds pursuant to Fed. R. Civ. P. 12(b)(1) can be converted to a summary judgment motion); *Jones v. Midland Funding, LLC*, No. 2:15-CV-00121 DS, 2015 WL 5555797, at *1 (D. Utah Sep., 21, 2015) (converting motion to dismiss to summary judgment motion).

address fact-specific arguments in their short, supplemental summary judgment submissions, if the Court permits those to be filed.  See Jt. Mot. to Extend.

## II. Plaintiffs' Motion and Requested Relief Would Multiply These Proceedings, Not Streamline Them.

Ignoring the irrefutable argument that (for example) Ms. Elizabeth was not even an au pair during the period of the subclass she purports to represent, Plaintiffs contend that CCI's Motion to Dismiss "will cause more work and delay for all involved."  Motion at 1.  Yet, they inexplicably seek to address that supposed concern by filing this *additional* Motion (plus a corresponding Motion for Forthwith Treatment) that CCI and the Court must now address.  If Plaintiffs truly wanted to avoid having to file motion papers, or to avoid delay, they would simply respond to CCI's Motion to Dismiss and allow the normal process set forth in the Rules of Civil Procedure to proceed.

Plaintiffs also ignore the fact that CCI's Motion to Dismiss makes threshold legal arguments that, if accepted by the Court, will save work for the parties and the Court. The Motion to Dismiss will be fully briefed by June 1 (or earlier if Plaintiffs file their opposition more quickly).  See D.C.COLO.LCivR 7.1(d).  The supplemental discovery and summary judgment filings would not, on the parties' proposed schedule, be completed until June 29, 2018.  Jt. Mot. to Extend at 3.  If the Court agrees with CCI that (for example) Ms. Elizabeth cannot assert the Pennsylvania claims for which she purports to serve as class representative, the Court would never need to address any summary judgment arguments regarding her Pennsylvania claims, nor would notice be sent to the Pennsylvania subclass.  To defer addressing these legal issues—and

9

potentially send notice to a defective subclass that has no representative—would only risk confusing putative class members. [4]

### III. The Relief Requested by Plaintiffs Would be Unfair and Prejudicial to CCI.

Finally, the circumstances of the conferral process warrant denial of Plaintiffs' Motion. When the Court *sua sponte* reversed its prior decision and allowed Plaintiffs leave to amend to add Ms. Elizabeth and Ms. Caramelo as named Plaintiffs, CCI proceeded in a prompt and diligent manner. CCI contacted Plaintiffs' counsel the day after the Court's ruling, in order to confer regarding an expedited discovery schedule and limited supplemental summary judgment briefing, making clear that CCI would also be moving to dismiss in part. O'Keefe Decl. ¶ 3; O'Keefe Decl. Ex. 1. Plaintiffs never disclosed that after CCI agreed that the supplemental summary judgment submission could be limited to seven pages, they would take the position that CCI must address its Motion to Dismiss arguments within that same document. O'Keefe Decl. ¶ 5; Kruzer Decl. ¶ 4. Had they disclosed such a position, CCI would not have agreed to the joint request for a seven-page limitation. O'Keefe Decl. ¶ 5; Kruzer Decl. ¶ 4. It would be improper and prejudicial to allow Plaintiffs to manipulate the conferral process in this manner by granting the severe restriction they now seek.

Moreover, even setting aside the conferral issue, restricting CCI's submission as Plaintiffs urge would be improper. CCI has filed no prior Motion to Dismiss with respect

---

[4] Plaintiffs' offer (Motion at 3) to agree that foregoing a motion to dismiss would not constitute a waiver does nothing to address these timing concerns. Their position is also contrary to what they have argued previously. Pls.' Opp. to S.J. at 100, ECF No. 942 (arguing that "[d]efendants [waived the defense] by failing to raise it at the pleading stage . . . .").

to these Plaintiffs, and had no opportunity to oppose class certification with respect to the sub-classes they purport to represent in Pennsylvania or Texas, because Ms. Elizabeth and Ms. Caramelo were not Plaintiffs at the time class certification was briefed.  See CCI Opp. to Mot. for R.23 Cert. at 1 n.1, ECF No. 604 (reserving the right to challenge additional Texas and Pennsylvania classes if Ms. Elizabeth and Ms. Caramelo are allowed to join the Action).  If Plaintiffs have their way, CCI's seven-page supplemental submission (and three-page reply) on summary judgment will be CCI's only opportunity to submit pretrial argument to the Court regarding the viability of these two plaintiffs' claims and the two statewide subclasses that they purport to assert and represent.  Plaintiffs should not be permitted to hamstring CCI's ability to defend against Plaintiffs' claims in this manner.  As the Supreme Court has consistently held, "[t]he fundamental requirement of due process is the opportunity to be heard and it is an opportunity which must be granted at a meaningful time and in a meaningful manner." Parratt v. Taylor, 451 U.S. 527, 540 (1981) (internal citation omitted).

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' "Motion to Rationalize the Procedure and Page Limits for Cultural Care's Dispositive Motions" should be denied.

Dated: May 1, 2018                                   Respectfully submitted,


*s/ Diane R. Hazel*
Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane R. Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 1, 2018, I have caused to be electronically filed the foregoing Opposition of Defendant Cultural Care, Inc. to "Plaintiffs' Motion to Rationalize the Procedure and Page Limits for Cultural Care's Dispositive Motions" [ECF No. 1047] with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record, including:

| | |
|---|---|
| Matthew L. Schwartz (mlschwartz@bsfllp.com) Peter M. Skinner (pskinner@bsfllp.com) Randall W. Jackson (rjackson@bsfllp.com) Dawn L. Smalls (dsmalls@bsfllp.com) Joshua J. Libling (jlibling@bsfllp.com) Sigrid S. McCawley (smccawley@bsfllp.com) Sabria A. McElroy (smcelroy@bsfllp.com) Byron Pacheco (bpacheco@bsfllp.com) Sean P. Rodriguez (srodriguez@bsfllp.com) Juan P. Valdivieso (jvaldivieso@bsfllp.com) Boies Schiller & Flexner, LLP<br><br>Alexander N. Hood (alex@towardsjustice.org) Towards Justice-Denver<br><br>***Counsel for Plaintiffs*** | Brooke A. Colaizzi (bcolaizzi@shermanhoward.com) Raymond Myles Deeny (rdeeny@shermanhoward.com) Alyssa Lauren Levy (alevy@shermanhoward.com) Heather Fox Vickles (hvickles@shermanhoward.com) Joseph H. Hunt (jhunt@shermanhoward.com)<br><br>***Counsel for InterExchange, Inc.*** |
| Chanda Marie Feldkamp (cfeldkamp@kellywalkerlaw.com) William James Kelly, III (wkelly@kellywalkerlaw.com)<br><br>***Counsel for USAuPair, Inc.*** | Martin Jose Estevao (mestevao@armstrongteasdale.com) Meshach Yustine Rhoades (mrhoades@armstrongteasdale.com) Vance Orlando Knapp (vknapp@armstrongteasdale.com)<br><br>***Counsel for GreatAuPair, LLC*** |
| Bodgan Enica (bogdane@hotmail.com) | Martha Louise Fitzgerald (mfitzgerald@bhfs.com) David Meschke |

13

| | |
|---|---|
| ***Counsel for Expert Group International, Inc. d/b/a Expert AuPair*** | (dmeschke@bhfs.com)<br><br>***Counsel for Euraupair InterCultural Child Care Programs*** |
| Adam Hubbard<br>(ahubbard@hollandhart.com)<br>James Edward Hartley<br>(jhartley@hollandhart.com)<br>Jonathan S. Bender<br>(jsbender@hollandhart.com)<br><br>***Counsel for Cultural Homestay International*** | Thomas Baker Quinn<br>(tquinn@gordonrees.com)<br>Peggy Kozal<br>(pkozal@gordonrees.com)<br>Jennifer Arnett Roehrich<br>(jarnett@roehrich@grsm.com)<br>Nathan Andrew Huey<br>(nhuey@gordonrees.com)<br><br>***Counsel for AuPairCare, Inc.*** |
| Kathryn A. Reilly<br>(reilly@wtotrial.com)<br>Brett Michelle Mull<br>(mull@wtotrial.com)<br>Natalie Elizabeth West<br>(west@wtotrial.com)<br><br>***Counsel for Au Pair International, Inc., American Cultural Exchange, LLC d/b/a GoAuPair, Agent Au Pair, and GoAuPair Operations, LLC*** | Susan M. Schaecher<br>(sschaecher@fisherphillips.com)<br><br>***Attorney for Defendant APF Global Exchange, NFP*** |
| Eric Jonathan Stock<br>(estock@gibsondunn.com)<br>John B. Fulfree (jfulfree@putneylaw.com)<br>Joseph B. Cartafalsa<br>(joseph.cartafalsa@ogletreedeakins.com)<br>Robert M. Tucker<br>(Robert.tucker@ogletreedeakins.com)<br>Stephen J. Macri<br>(Stephen.macri@ogletree.com)<br><br>***Counsel for American Institute for Foreign Study d/b/a Au Pair in America*** | Brian Alan Birenbach<br>(brian@rietzlawfirm.com)<br><br>***Counsel for Au Pair International, Inc. and American Cultural Exchange, LLC d/b/a GoAuPair*** |
| Kathleen E. Craigmile<br>(kcraigmile@nixonshefrin.com)<br>Lawrence Daniel Stone<br>(lstone@nixonshefrin.com)<br><br>***Counsel for A.P.E.X. American*** | |

| | |
|---|---|
| ***Professional Exchange, LLC d/b/a ProAuPair and 20/20 Care Exchange, LLC d/b/a International Au Pair Exchange*** | |

          *s/ Diane R. Hazel*