IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.

       Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

       Defendants.

## GO AU PAIR'S CORRECTED, UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT [REPLACES ECF 1052]

Defendants American Cultural Exchange, LLC d/b/a Go Au Pair and Go Au Pair Operations LLC (together, "Go Au Pair"), for good cause shown, seek leave of this Court to file a sur-reply in response to Plaintiffs' Reply in Further Support of Plaintiffs' Motion for Partial Summary Judgment ("Reply" or "Pls.' Reply") [ECF No. 985]. A copy of Go Au Pair's sur-reply is attached hereto as Exhibit A.

### CERTIFICATE OF CONFERRAL

As required by D.C.COLO.LCivR 7.1(A), the undersigned conferred with Plaintiffs' counsel in good faith regarding the subject of this motion. Plaintiffs do not oppose the relief requested in this Motion.

## ARGUMENT

Go Au Pair seeks leave to address arguments and evidence presented for the first time in Plaintiffs' Reply. Although the Federal Rules of Civil Procedure provide only for a motion, response, and reply, the Court has discretion to permit a sur-reply to respond to evidence and legal arguments raised for the first time in the moving party's reply brief. *See Pippin v. Burlington Res. Oil & Gas Co.,* 440 F.3d 1186, 1191-92 (10th Cir. 2006). The Court, in fact, should not rely on new materials submitted in a reply unless it permits the non-moving party to respond. *Id.* ("[I]f the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials."). Granting Go Au Pair leave to file a sur-reply is warranted in light of these standards.

Plaintiffs' Reply raises several new arguments, factual claims, and evidence as to Go Au Pair. In particular:

1.      Plaintiffs advance a new argument concerning 29 C.F.R. § 785.23, the Department of Labor ("DOL") regulation on which they rely in claiming entitlement to payment under the FLSA for an assumed 45 hours of work (even if they worked less). Plaintiffs' Motion argued that § 785.23 renders the exact hours worked "immaterial" when the parties have reached a "'reasonable agreement'" setting forth "a framework for hours worked," and that "<u>22 C.F.R. § 62.31(j)(1) provides that agreement.</u>" (Pls.' MSJ 5-6 (quoting 29 C.F.R. § 785.23 as to "reasonable agreement") (emphasis added).) In fact, this three-paragraph section of Plaintiffs' Motion did not cite to or even mention Go Au Pair's contracts with au pairs or host families. (*Id.*) Now, however, Plaintiffs argue

2

that it is those contracts (not 22 C.F.R. § 62.31(j)) that supply the "reasonable agreement" required by § 785.23 (Pls.' Reply 11). Go Au Pair is entitled to respond to this new, and entirely different, iteration of their argument.

2. Plaintiffs try to advance their joint-employer argument with new factual claims that are found nowhere in their Motion. For example:

- Plaintiffs claim for the first time that DOS's website describes Defendants as their "employer." (Pls.' Reply 15.)

- Plaintiffs also assert for the first time that Go Au Pair "moves au pairs between worksites." (Pls.' Reply 31-32.)

- With respect to training au pairs, Plaintiffs' Motion stated only that "Sponsors provide au pairs with training" and cited testimony by Go Au Pair that it provides the 32 hours of training required by DOS. (Pls.' MSJ 9 & n.12.) In their Reply, however, they now argue that Go Au Pair "customizes its [training] program . . . beyond DOS requirements" and incorrectly suggest that training in child safety instruction is not required by DOS regulations. (Pls.' Reply 21.)

- Plaintiffs' Motion argued that Go Au Pair "hires" au pairs because it has the regulatory obligation to ensure that applicants meet the DOS-established eligibility requirements and that they have a host family placement before departing their home countries. (Pls.' MSJ 7 (citing 22 C.F.R. §§ 62.31(d)-(e).) But now they argue that Go Au Pair "hires" au pairs because it "creates the applications for prospective au pairs, including the criteria in them," screens au pairs according to its "own" criteria, and "go[es] above and beyond the DOS regulations by requiring other quality indicators." (Pls.' Reply 17-18).

- In terms of "firing" au pairs, Plaintiffs' Motion claimed only that "sponsors" can terminate au pairs without host families' consent and that host families must obtain sponsor approval to end a placement, but cited no evidence to support this claim as to Go Au Pair. (Pls.' MSJ 11 & n.19.) They now claim, however, that Go Au Pair "can terminate an au pair's job by terminating her visa" and offer new evidence that supposedly supports that assertion. (Pls.' Reply 32-33.)

Go Au Pair is entitled to respond to these new factual claims. *See Pippin,* 440 F.3d at 1191-92. Indeed, a sur-reply is particularly appropriate here, as Plaintiffs chose to raise

3

these factual claims for the first time in their Reply despite having had <u>two</u> previous opportunities to do so—their own Motion and in opposition to Go Au Pair's summary judgment motion on the same issue. Plaintiffs, however, chose to present the exact same argument and evidence (verbatim) on those two occasions.

3. Plaintiffs' Reply also relies on new evidence they previously failed to cite in support of their summary judgment arguments or which they did not include in their prior submissions at all. Plaintiffs, in fact, attached to their Reply nearly 100 pages of new evidence related to Go Au Pair, nearly all of which was available to them before they filed their Motion.[1] (*See* ECF No. 986-4 (REPLY APP 675-747, 978-87, 1010-14).) This evidence includes:

- Aspects of Go Au Pair's agreements with au pair participants that Plaintiffs have never before cited and which they now argue supports the new factual claims regarding Go Au Pair's alleged ability to terminate placements (Pls.' Reply 33);

- Email correspondence with an au pair (who is neither an FLSA opt-in Plaintiff nor a member of the Maryland wage class class) that Plaintiffs cite in support of their new claim that Go Au Pair "moves au pairs between worksites" (*id.* 31-32); and

- Aspects of Go Au Pair's Local Area Representative Manual that Plaintiffs have never before cited and which Plaintiffs now argue supports their new factual claims that Go Au Pair exceeds DOS regulatory requirements in screening, training, and monitoring au pairs (*id.* 19, 21, 30).

Go Au Pair is entitled to respond to this new evidence. *See Pippin,* 440 F.3d at 1191-92.

4. Finally, Plaintiffs attempt to salvage their claim for unpaid training against Go Au Pair—which they did not specifically address in their Motion—by

---

[1] Plaintiffs' appendix includes about five pages of deposition testimony from a FLSA opt-in plaintiff whose deposition was taken after Plaintiffs filed their Motion. (Pls.' Reply App. 1010-14.)

4

mischaracterizing the authority they cite (and the nature of their claim). *Compare De Leon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295, 1310 (N.D. Ga. 2008) (addressing minimum-wage claim for reimbursement of pre-employment <u>expenses</u> incurred abroad), *with* Pls.' Reply (citing *De Leon-Granados* as addressing claim for "pre-employment <u>services</u> undertaken abroad" (emphasis added).[2])

## **CONCLUSION**

For these reasons, Go Au Pair respectfully requests leave to file the attached sur-reply in further opposition to Plaintiffs' Motion for Partial Summary Judgment.

---

[2] The distinction between expenses and services is outcome determinative, as the FLSA expressly excludes from its purview "any employee whose <u>services</u> during the workweek are <u>performed in workplace within a foreign country</u>." 29 U.S.C. § 213(f) (emphasis added).

Dated: May 1, 2018.  Respectfully submitted,

                        *s/ Kathryn A. Reilly*
                        Kathryn A. Reilly
                        Brett M. Mull
                        V. William Scarpato III
                        Natalie West
                        Wheeler Trigg O'Donnell LLP
                        370 Seventeenth Street, Suite 4500
                        Denver, CO  80202-5647
                        Telephone:  303.244.1800
                        Facsimile:  303.244.1879
                        Email:  Reilly@wtotrial.com
                                  Mull@wtotrial.com
                                  Scarpato@wtotrial.com
                                  West@wtotrial.com

Attorneys for Defendants Agent Au Pair, Inc., American Cultural Exchange, LLC d/b/a Go Au Pair, Go Au Pair Operations LLC, and Au Pair International Inc.

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on May 1, 2018, I electronically filed the foregoing GO AU PAIR'S CORRECTED, UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record:

                        *s/ Claudia Jones*