**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ,
SARAH CAROLINA AZUELA RASCON,
CATHY CARAMELO,
LINDA ELIZABETH,
GABRIELA PEREZ REYES,
    and those similarly situated,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION,
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA,
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR,
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR,
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR, and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

    Defendants.

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO RATIONALIZE
THE PROCEDURE AND PAGE LIMITS FOR
CULTURAL CARE'S DISPOSITIVE MOTIONS [ECF No. 1047]**

**POINTS IN REPLY**

In the midst of summary judgment proceedings Cultural Care made a full-size motion to dismiss. Plaintiffs moved to avoid the burdens and inefficiencies of another round of unnecessary briefing. ECF No. 1047. Cultural Care's opposition (ECF No. 1053 (the "Opp.")) fundamentally misinterprets the Federal Rules and mischaracterizes the conferral process. Plaintiffs therefore submit these brief points in reply:

1. Plaintiffs' proposal is not "novel." Opp. at 2. It follows from core principles of civil procedure. Wright & Miller confirm: "As a matter of practice many courts have ignored the differences" between Rules 12 and 56—a practice consistent with "the purpose of the rules to secure the just, speedy, and inexpensive determination of every action." 10A Wright & Miller § 2713 (4th ed.); *compare* ECF No. 1047 at 3-5.

2. Contrary to Cultural Care's reading of the Federal Rules, there is no difference between what it can raise under Rules 12 and 56 in this context. *First*, Cultural Care's arguments will not be waived if not made under Rule 12(b)—not under Rule 12(h), and not under the substantive law that governs Cultural Care's arguments. *Second*, everything Rule 12(b)(6) does here, Rule 56 can do too (and **more** because Rule 56 can result in merits determinations on the actual facts). 10A Wright & Miller § 2713. This too is basic procedure:

> Of course, a summary-judgment motion may be made on the basis of the pleadings alone, and if this is done it functionally is the same as a motion to dismiss for failure to state a claim or for a judgment on the pleadings.

*Id.*

3. Cultural Care cries "bait and switch." Opp. at 1. Cultural Care manufactures its indignance for the briefing; the meet and confer process was substantive and demonstrates there was neither baiting nor switching. ECF No. 1048-1

1

(April 25-26 email chain among S. Rodriguez, K. O'Keefe, and J. Wolosz). In fact, when Cultural Care first mentioned a motion to dismiss a couple weeks ago, Plaintiffs immediately suggested discussing the basis for such a motion in order to avoid duplicative motion practice. ECF No. 1053-1 (Apr. 16, 2018 email from J. Libling to L. Kruzer). Cultural Care demurred, preferring to discuss only after agreeing with Plaintiffs on a proposal for supplemental summary judgment briefing. *Id.* (Apr. 17, 2018 email from K. O'Keefe to J. Libling). Plaintiffs reiterated their concern but could not force Cultural Care to confer. *Id.* (Apr. 19, 2018 email from J. Libling to K. O'Keefe). After negotiating the summary judgment page limits, Cultural Care then outlined for the first time the proposed bases for its motion to dismiss—and in so doing confirmed that there is no need for a redundant motion to dismiss. *See* ECF No. 1048-1 (Apr. 25-26, 2018 correspondence between K. O'Keefe and S. Rodriguez). Plaintiffs responded as they had indicated they would—by stating that the motions were duplicative and by offering to resolve any issues Cultural Care had, either by re-pleading or by agreeing that Cultural Care would not waive anything by raising all its arguments in the agreed summary judgment papers. *Id.* (Apr. 25, 2018 email from S. Rodriguez to K. O'Keefe). In short, Plaintiffs always stated that only one motion was necessary. Cultural Care negotiated a summary judgment procedure, then made an additional motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that the procedural order offered at Dkt. No. 1047-1 be adopted by the Court.

2

Dated: San Francisco, California
May 2, 2018

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

  /s/ *Sean P. Rodriguez*
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

TOWARDS JUSTICE
Alexander Hood
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

3

**Certificate of Service**

I hereby certify that on May 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    /s/ *Sean P. Rodriguez*
Sean P. Rodriguez