**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEEFS;
ALEXANDRA IVETTE GONZALEZ;
SARAH CAROLINA AZUELA RASCON;
LAURA MEJIA JIMENEZ; JULIANE HARNING;
NICOLE MAPLEDORAM; CATHY CARAMELO;
LINDA ELIZABETH; CAMILA GABRIELA PEREZ
REYES; and those similarly situated

       Plaintiffs,

v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR;
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AUPAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE

       Defendants.

---

**AMERICAN INSTITUTE FOR FOREIGN STUDY
D/B/A AU PAIR IN AMERICA'S ANSWER
TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

---

American Institute for Foreign Study d/b/a Au Pair in America ("Au Pair in America"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., as and for its Answer to Plaintiffs' Third Amended Complaint (the "Third Amended Complaint"), states as follows:

## <u>INTRODUCTORY STATEMENT</u>

1.      Admits that Congress created the J-1 visa program to facilitate cultural exchange between nations, and that today the au pair program recruits foreign nationals to provide childcare to American families. Defendant Au Pair in America denies all remaining allegations contained in paragraph 1 of the Third Amended Complaint.

2.      Admits that the au pair program was initially administered by the United States Information Agency (USIA), which merged with the United States Department of State ("State Department") and that the sponsor organizations were designated by the State Department to provide certain services to exchange visitors as directed by the State Department. Defendant Au Pair in America denies all remaining allegations contained in paragraph 2 of the Third Amended Complaint.

3.      Denies each and every allegation contained in paragraph 3 of the Third Amended Complaint.

4.      Defendant Au Pair in America states that the State Department website speaks for itself and denies all remaining allegations contained in paragraph 4 of the Third Amended Complaint.

5.      Denies each and every allegation contained in paragraphs 5, 6, 7, 8, 9 and 10 of the Third Amended Complaint.

6.      Defendant Au Pair in America states that Plaintiffs' references to "agents of sponsors" and violations of law in paragraph 11 state legal conclusions to which no response is required.  Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning other au pairs or sponsors.  Defendant Au Pair in America denies all other allegations contained in paragraph 11 of the Third Amended Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 regarding the named Plaintiffs other than Lusapho Hlatshaneni and Camila Gabriela Perez Reyes, and sponsors other than itself, and denies the other allegations contained in paragraph 12 of the Third Amended Complaint.

## NATURE OF THE ACTION

8.      Admits that paragraphs 13, 14 and 15 of the Third Amended Complaint purport to describe claims for which Plaintiffs seek relief, and, accordingly, denies paragraphs 13, 14 and 15 thereof.

## JURISDICTION AND VENUE

9.      Admits that Plaintiffs seek to invoke the jurisdiction of this Court as alleged in paragraph 16, but denies that Au Pair in America has violated any law, statute or regulation referred to in the Third Amended Complaint.

10.     Defendant Au Pair in America admits that Plaintiffs seek to establish that venue is proper in this Court as alleged in paragraph 17 of the Third Amended

Complaint, but denies that Au Pair in America has violated any law, statute or regulation or common law referred to therein.

## **PARTIES**

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 42, 43 regarding the named Plaintiffs and Defendants other than Lusapho Hlatshaneni, Camila Gabriela Perez Reyes and Defendant Au Pair in America and denies all other allegations contained in these paragraphs.

12.     Admits that Plaintiff Lusapho Hlatshaneni is a natural person, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 concerning Plaintiff Hlatshaneni's current residence, and denies all other allegations contained in paragraph 19 of the Third Amended Complaint.

13.     Admits that Plaintiff Camila Gabriela Perez Reyes is a natural person, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 concerning Plaintiff Reyes' current residence, and denies all other allegations contained in paragraph 29 of the Third Amended Complaint.

14.     Admits the allegations in paragraph 40 of the Third Amended Complaint.

15.     For purposes of using references in this Answer consistent with those used in the Third Amended Complaint, Defendant Au Pair in America will refer to all Defendants collectively as the "Sponsors" or the "Sponsor Defendants" as Plaintiffs state in paragraph 47, and denies all other allegations in paragraph 47.

## STATEMENT OF ALLEGED FACTS

16.     Denies each and every allegation in paragraphs 48, 55, 57, 58, 59, 60, 72, 73, 75, 76, 78, 80, 81, 82, 83, 84, 85, 87, 89, 90, 91, 92, 95, 96, 97, 98, 99, 100, 101, 117, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 137, 138, 139, 140, 141, 142, 143, 146, 147, 151, 152, 153, 154, 156, 157, 161, 164, 193, 194, 197, 198, 212, 213, 214, 218, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 239, 240, 241, 242, 243, 245, 256, 257, 258, 259, 260, 261, 311, 336, 364, 401, 405, 406, 409, 412, and 537 of the Third Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 74, 93, 94, 102, 103, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 118, 120, 133, 134, 136, 144, 145, 149, 150, 175, 178, 179, 180, 181, 183, 184, 185, 186, 187, 188, 189, 190, 195, 196, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 215, 216, 217, 248, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 327, 328, 329, 330, 331, 332, 333, 334, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 357, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 402, 403, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463,

464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 536 and 538 of the Third Amended Complaint.

18.     Defendant Au Pair in America states the documents and websites referenced in paragraphs 61, 62, 63, 104, 119, 155, 162, 166, 167, 168, 171, 176, 192, 246, 307, 308, 309, 310, 312, 335, 336, 337, 338 of the Third Amended Complaint speak for themselves, and further states that all other factual allegations contained in these paragraphs are denied.

19.     Plaintiffs' allegations in paragraphs 50, 58, 64, 65, 66, 67, 68, 69, 70, 77, 158, 159, 160, 163, 165, 170, 172, 220, 221, 222, 223, 224, 225, 238, 247, 249, 250, 251, 252, 253, 254, 255, 358, 359, 360, and 361 state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are construed to constitute factual allegations, they are denied insofar as they apply to Defendant Au Pair in America.  Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs regarding other sponsors.

20.     Admits the allegations contained in paragraphs 86, 168, 191, 306, 400, and 413 of the Third Amended Complaint.

21.     Admits that au pair placement is made possible through the J-1 visa au pair program, and that the J-1 visa au pair program is one of several J-1 visa "cultural

exchange" programs overseen and administered by the State Department under the authority of the Mutual Educational and Cultural Exchange Act of 1961, as amended. Defendant Au Pair in America denies all remaining allegations contained in paragraph 49 of the Third Amended Complaint.

22.     Admits that the State Department facilitates J-1 visa programs by designating entities to act as sponsors, and denies the remaining allegations contained in paragraph 51 of the Third Amended Complaint.

23.     Admits that sponsors designated by the State Department are the exclusive entities authorized to recruit and place au pairs with host families in the United States, and admits that to participate in the au pair program, exchange visitors must be sponsored by a State Department-designated sponsor. Defendant Au Pair in America denies all remaining allegations contained in paragraph 52 of the Third Amended Complaint.

24.     Admits that it is a for-profit entity and it generates revenue from program fees paid by host families and au pairs. Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Third Amended Complaint.

25.     Defendant Au Pair in America states that the State Department regulations speak for themselves, and denies the allegations contained in paragraph 54 of the Third Amended Complaint.

26.     Admits that the J-1 visa au pair program began in the United States around 1986, admits that the United States information Agency had administrative

responsibilities, and denies the remaining allegations contained in paragraph 56 of the Third Amended Complaint.

27.    Defendant Au Pair in America states that the allegation in paragraph 71 that the rules set a programmatic wage floor, and the reference to "abusive labor practices" state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are interpreted to represent factual allegations, they are denied.

28.    Admits that it generates revenue from the placement of au pairs with host families, and denies the remaining allegations concerning Defendant Au Pair in America. Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 concerning other sponsors.

29.    Defendant Au Pair in America admits that it seeks to attract potential au pairs for the program through marketing efforts, information on its website and outreach in foreign nations and that it gives an "Au Pair of the Year" award, and denies the remaining allegations concerning Defendant Au Pair in America.  Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 regarding other sponsors.

30.    Admits that it sponsors an au pair extraordinaire position with a minimum stipend above $195.75 per week, denies that there are 15 current sponsors, and denies the remaining allegations contained in paragraph 84 regarding Defendant Au Pair in America. Defendant Au Pair in America states that it lacks sufficient knowledge and

information to form a belief as to the truth of the allegations contained in paragraph 84 concerning other sponsors.

31.     Defendant Au Pair in America states that the regulations speak for themselves and that the allegations in paragraph 88 of the Third Amended Complaint state legal conclusions to which no response is required. To the extent the statements contained in paragraph 88 of the Third Amended Complaint are interpreted to represent factual allegations, they are denied.

32.     Admits that there exists a State Department bulletin dated July 24, 2009, and states that the bulletin speaks for itself.  Defendant Au Pair in America denies all remaining allegations contained in paragraph 89 of the Third Amended Complaint.

33.     Admits the allegations contained in paragraph 132 as to Defendant Au Pair in America, and denies sufficient knowledge and information to form a belief as to the truth of the remainder of Plaintiffs' allegations contained in paragraph 132 of the Third Amended Complaint.

34.     Admits that the Alliance holds events where its members have the opportunity to meet, and denies the remaining allegations regarding the Alliance. Defendant Au Pair in America further denies sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 135 of the Third Amended Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 regarding what was posted on the USIA

website from March 1997 through September 1999, and denies all remaining allegations contained in paragraph 169 of the Third Amended Complaint.

36.     Defendant Au Pair in America states that paragraph 173 states a legal conclusion to which no response is required. To the extent the allegations contained in paragraph 173 are interpreted to represent factual allegations, they are denied insofar as they apply to Defendant Au Pair in America.  Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 regarding other sponsors.

37.     Defendant Au Pair in America states that paragraph 174 states a legal conclusion to which no response is required. To the extent the allegations contained in paragraph 174 are interpreted to represent factual allegations, they are denied insofar as they apply to Defendant Au Pair in America.  Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 regarding other sponsors.

38.     Denies the allegations relating to Defendant Au Pair in America in paragraph 177, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs regarding other sponsors.

39.     Denies the allegations relating to Defendant Au Pair in America in paragraph 182, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other sponsors.

40.     Denies the allegations relating to Defendant Au Pair in America in paragraph 219 of the Third Amended Complaint and states that the contracts between

Au Pair in America and the host families who participate in the au pair program speak for themselves. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 219 regarding other sponsors.

41.    Denies that "the contractual wage was only $4.35," and states that the remaining allegations contained in paragraph 244 of the Third Amended Complaint state legal conclusions to which no response is required. To the extent the statements contained in these paragraphs are interpreted to represent factual allegations, they are denied.

42.    Denies the allegations relating to Defendant Au Pair in America in paragraphs, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326 and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning other sponsors.

43.    Defendant Au Pair in America states that its agreements with Ms. Hlatshaneni and Ms. Reyes speak for themselves and denies all remaining allegations contained in paragraph 339 of the Third Amended Complaint.

44.    Denies the allegations contained in paragraph 356 as to Defendant Au Pair in America, and denies sufficient knowledge and information to form a belief as to the truth of the allegations concerning other sponsors.

45.    Admits that au pairs it sponsors participate in training before joining their host families, and denies the remaining allegations in paragraph 362 concerning Defendant Au Pair in America.  Defendant Au Pair in America further denies sufficient

knowledge and information to form a belief as to the truth of the allegations concerning other sponsors.

46.     Denies the allegations contained in paragraph 363 as to Defendant Au Pair in America, and denies sufficient knowledge and information to form a belief as to the truth of the allegations concerning other sponsors.

47.     On information and belief, Defendant Au Pair in America admits that Ms. Hlatshaneni went to African Ambassadors' office in Cape Town and applied to be an au pair.  Defendant Au Pair in America states the allegation in paragraph 399 that African Ambassadors was an agent of Defendant Au Pair in America states a legal conclusion to which no response is required. To the extent the statements in paragraph 399 are construed to constitute factual allegations, they are denied.

48.     Admits that Ms. Hlatshaneni and other au pairs participated in an orientation in Tarrytown, New York, states that the reference to "agents" states a legal conclusion to which no response is required, and denies all remaining allegations contained in paragraph 404 of the Third Amended Complaint.

49.     Admits that Defendant Au Pair in America provided training in accordance with Department of State regulations, and denies all remaining allegations contained in paragraph 407 of the Third Amended Complaint.

50.      Admits that Ms. Hlatshaneni was placed with a family in Virginia at the conclusion of her orientation, and denies all remaining allegations contained in paragraph 408 of the Third Amended Complaint.

51.     Admits that in February 2014, after one year with a family in Virginia, Ms. Hlatshaneni matched with a new family in California, and denies all remaining allegations contained in paragraphs 410 and 411 of the Third Amended Complaint.

52.     Admits that Ms. Reyes participated in the Au Pair in America program from 2011 to 2012 in the State of Illinois.

## RULE 23 CLASS ALLEGATIONS

53.     In response to paragraph 539, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

54.     Admits that Plaintiffs purport to allege class action claims, denies that Plaintiffs have properly asserted such claims, denies that Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations contained in paragraph 540 of the Third Amended Complaint.

55.     Admits that Plaintiffs purport to allege a "Price Fixed Class," denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations contained in paragraph 541 of the Third Amended Complaint.

56.     Admits that Plaintiffs purport to allege and define classes in paragraphs 542, 543, 545, 546, 547, 548, 551, 552, 553, 555, 556, 558, 559, 560, and 561 and states that the alleged classes purportedly defined in those paragraphs relate to claims that are not asserted against Defendant Au Pair in America and, therefore, no response is required.  Defendant Au Pair in America denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 542, 543, 545,

546, 547, 548, 551, 552, 553, 555, 556, 558, 559, 560, and 561 and therefore denies the same.  Defendant Au Pair in America denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations contained in paragraphs 542, 543, 545, 546, 547, 548, 551, 552, 553, 555, 556, 558, 559, 560, and 561 of the Third Amended Complaint.

57.     Admits that Ms. Hlatshaneni and Ms. Reyes purport to allege an "Au Pair in America National Wage Class," denies that Ms. Hlatshaneni and Ms. Reyes have properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's or Ms. Reyes' claims meet the standards for class actions, and denies all remaining allegations contained in paragraph 544 of the Third Amended Complaint.

58.     Admits that Ms. Hlatshaneni and Ms. Reyes purport to allege an "Au Pair in America New York Wage Class," denies that Ms. Hlatshaneni and Ms. Reyes have properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's or Ms. Reyes' claims meet the standards for class actions, and denies all remaining allegations contained in paragraph 549 of the Third Amended Complaint.

59.     Admits that Ms. Reyes purports to allege an "Au Pair in America Illinois Wage Class," denies that Ms. Reyes has properly asserted an appropriate class, denies that any of Ms. Reyes' claims meet the standards for class actions, and denies all remaining allegations contained in paragraph 550 of the Second Amended Complaint.

60.     Admits that Ms. Hlatshaneni and Ms. Reyes purport to allege an "Au Pair in America Fraud Class," denies that Ms. Hlatshaneni and Ms. Reyes have properly

asserted an appropriate class, denies that any of Ms. Hlatshaneni's or Ms. Reyes' claims meet the standards for class actions, and denies all remaining allegations contained in paragraph 557 of the Third Amended Complaint.

61.     Denies each and every allegation in paragraphs 562, 563, 564, 565, 566, 567, 568, 571, 572 and 573 of the Third Amended Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 569 and 570 of the Third Amended Complaint.

## 26 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

63.     In response to paragraph 574, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

64.     Admits that Plaintiffs purport to allege class action claims, denies that Plaintiffs have properly asserted such claims, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations contained in paragraph 575 of the Third Amended Complaint.

65.     Defendant Au Pair in America states that Plaintiffs' allegations in paragraph 576 require no response, as they make reference to documents attached to the Third Amended Complaint, which speak for themselves.

66.     Admits that Plaintiffs purport to allege and define classes in paragraphs 577, 580, 581, 582, 583, 584, 585, 586 and 587, and states that the alleged classes purportedly defined in those paragraphs relate to claims that are not asserted against Defendant Au Pair in America and therefore, no response is required. Defendant further

denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 577, 580, 581, 582, 583, 584, 585, 586 and 587 and therefore denies the same.  Defendant Au Pair in America further denies that Plaintiffs have properly asserted an appropriate class, denies that any of Plaintiffs' claims meet the standards for class actions, and denies all remaining allegations contained in those paragraphs.

67.     Defendant Au Pair in America acknowledges that Ms. Hlatshaneni alleges an "Au Pair in America 216(b) Class," denies that Ms. Hlatshaneni has properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's claims meet the standards for collective actions, and denies all remaining allegations contained in paragraph 578 of the Third Amended Complaint.

68.     Defendant Au Pair in America acknowledges that Ms. Hlatshaneni alleges an "Au Pair in America Sub-216(b)[sic] Class," denies that Ms. Hlatshaneni has properly asserted an appropriate class, denies that any of Ms. Hlatshaneni's claims meet the standards for collective actions, and denies all remaining allegations contained in paragraph 579 of the Third Amended Complaint.

69.     Denies each and every allegation in paragraph 588 of the Third Amended Complaint.

## ANSWERING COUNT I

70.     For its response to paragraph 589, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.  Defendant Au Pair in America admits that Plaintiffs allege this count on

their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

71.     Denies each and every allegation contained in paragraphs 590, 591, 593, 594, 595, 596, 597 of the Third Amended Complaint.

72.     Admits that the Sponsors directly compete with one another, and denies the remaining allegations contained in paragraph 592 of the Third Amended Complaint.

## ANSWERING COUNT II

73.     For its response to paragraph 598, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

74.     Admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated. Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek, and denies the remaining allegations contained in paragraph 599 of the Third Amended Complaint.

75.     Denies each and every allegation contained in of paragraphs 600, 601, 602, 603, 604 of the Third Amended Complaint.

## ANSWERING COUNT III

76.     For its response to paragraph 605, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

77.     For its response to paragraph 606, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

78.     Denies each and every allegation contained in paragraph 607 of the Third Amended Complaint.

## ANSWERING COUNT IV

79.     For its response to paragraph 608, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

80.     For its response to paragraph 609, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

81.     Denies each and every allegation contained in paragraph 610 of the Third Amended Complaint.

## ANSWERING COUNT V

82.     For its response to paragraph 611, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

83.     For its response to paragraph 612, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

84.     Denies each and every allegation contained in paragraph 613 of the Third Amended Complaint.

## ANSWERING COUNT VI

85.     For its response to paragraph 614, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

86.     For its response to paragraph 615, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

87.     Denies each and every allegation contained in paragraph 616 of the Third Amended Complaint.

**ANSWERING COUNT VIII[1]**

88.     For its response to paragraph 617, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

89.     For its response to paragraph 618, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

90.     Denies each and every allegation contained in paragraphs 619, 621, 622, 623, 624, 625, 626, and 627 of the Third Amended Complaint.

91.     Admits the allegations contained in paragraph 620 as to Defendant Au Pair in America and states it lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 620 concerning other sponsors.

**ANSWERING COUNT IX**

92.     For its response to paragraph 628, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

93.     For its response to paragraph 629, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in

---

[1] Plaintiffs' Third Amended Complaint omits a "Count VII."

America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

94.     Denies each and every allegation contained in paragraphs 630, 631, 632, 633, 634, 635 and 636 of the Third Amended Complaint.

## ANSWERING COUNT X

95.     For its response to paragraph 637, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

96.     For its response to paragraph 638, Defendant Au Pair in America admits that Plaintiffs allege this count on their own behalf and denies that Plaintiffs may assert their claims on behalf of others allegedly similarly situated.  Defendant Au Pair in America denies that Plaintiffs have properly stated a claim or are entitled to any of the relief they seek.

97.     Denies knowledge or information sufficient to form a belief as the truth of the allegations regarding InterExchange and Cultural Care and denies the remaining allegations contained in paragraphs 639, 640, and 641 of the Third Amended Complaint.

98.     Denies each and every allegation contained in paragraph 642 of the Third Amended Complaint.

## ANSWERING COUNT XI

99.     For its response to paragraph 643, Defendant Au Pair in America incorporates by reference all previous paragraphs of this Answer as though fully set forth herein.

100.    Count XI of the Third Amended Complaint is not brought against Defendant Au Pair in America.  Therefore, a response by Defendant Au Pair in America to paragraphs 644, 645, 646, 647 and 648 is not required.  To the extent any allegation in paragraphs 644, 645, 646, 647 and 648 is deemed an allegation against Defendant Au Pair in America, the allegation is denied.

## DEMAND FOR JURY TRIAL

101.    Defendant Au Pair in America admits that Plaintiffs have demanded a jury trial on all claims so triable.

## PRAYER FOR RELIEF

102.    Denies that Plaintiffs are entitled to any of the relief requested in the WHEREFORE Paragraph of the Third Amended Complaint, including all subsections thereof.

103.    Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden, Defendant Au Pair in America asserts the following defenses:

## AS AND FOR A FIRST DEFENSE

107.    Plaintiffs' claims, in whole or in part, fail to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

108.    The Third Amended Complaint is barred, in whole or in part, to the extent that it was not filed within the period of time mandated by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE

109.    Plaintiffs' claims are barred, in whole or in part, as Plaintiffs have not suffered antitrust injury proximately caused by the conduct of Au Pair in America and/or have not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent.

## AS AND FOR A FOURTH DEFENSE

110.    Plaintiffs' claims are barred, in whole or in part, as the conduct of which Plaintiffs complain is reasonable and justified, has not, and will not substantially lessen competition in any relevant market, tend to create a monopoly, or injure, destroy, or prevent competition.

## AS AND FOR A FIFTH DEFENSE

111.    Plaintiffs' claims are barred, in whole or in part, as said claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.  In particular, the procompetitive benefits of the conduct alleged by plaintiffs outweigh any alleged anticompetitive effects.

## AS AND FOR A SIXTH DEFENSE

112.    Au Pair in America's actions were carried out in furtherance of its legitimate business interests.

## AS AND FOR A SEVENTH DEFENSE

113.    Plaintiffs' claims are barred because they have not alleged properly defined relevant product (or service) and geographic markets.

## AS AND FOR AN EIGHTH DEFENSE

114.    Plaintiffs' claims are barred because Au Pair in America reasonably relied upon the weekly stipend established, calculated and applied by the State Department to be paid to participants in the au pair program, specifically including the credit for room and board. The weekly stipend paid by host families to participants in Au Pair in America's au pair program, including the credit for room and board, is consistent with, and authorized by, the statutory and regulatory rules and regulations governing the au pair program.

## AS AND FOR A NINTH DEFENSE

115.    If any or all of the alleged acts and omissions of Au Pair in America were not within the scope of conduct authorized by the State Department, such a situation was not reasonably foreseeable by Au Pair in America.

## AS AND FOR A TENTH DEFENSE

116.    Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the federal instrumentality doctrine, the sovereign immunity doctrine, the state action doctrine and/or the doctrine of implied immunity.  Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Third Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

## AS AND FOR AN ELEVENTH DEFENSE

117.    Any injuries, losses or damages suffered by Plaintiffs were the result of the independent actions and decisions of third parties.  Au Pair in America is not liable for the acts of others over which it has no control.

## AS AND FOR A TWELFTH DEFENSE

118.    Plaintiffs' claims for damages against Au Pair in America are barred, as the alleged damages, if any, are speculative and impossible to ascertain.

## AS AND FOR A THIRTEENTH DEFENSE

119.    Counts I through VI, IX and X cannot be certified as class actions under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

## AS AND FOR A FOURTEENTH DEFENSE

120.    Count VIII cannot be maintained as a collective action under the provisions of the Fair Labor Standards Act.

## AS AND FOR A FIFTEENTH DEFENSE

121.    The Court lacks jurisdiction over Plaintiffs' claims as they are subject to arbitration agreements requiring plaintiffs to submit the claims to binding arbitration.

## AS AND FOR A SIXTEENTH DEFENSE

122.    Plaintiffs were paid in full all compensation due and owing them for work performed.

## AS AND FOR A SEVENTEENTH DEFENSE

123.    Plaintiffs were properly paid for all work time, but, should it be determined that some hours of work were not properly paid, which Au Pair in America specifically

denies, such amount was negligible and de minimis and the Court should deny any recovery for such claim.

## AS AND FOR AN EIGHTEENTH DEFENSE

124.   Plaintiffs were au pairs and, therefore, exempt from the minimum wage and overtime requirements of state laws.

## AS AND FOR A NINETEENTH DEFENSE

125.   Defendant Au Pair in America acted in good faith and upon reasonable grounds for believing they were not violating the law.

## AS AND FOR A TWENTIETH DEFENSE

126.   Plaintiffs' damages, if any, under state law are limited by the provisions of those laws.

## AS AND FOR A TWENTY-FIRST DEFENSE

127.   Plaintiffs' contract-based claims and claims based on Utah law are barred by res judicata.

## AS AND FOR A TWENTY-SECOND DEFENSE

128.   Plaintiffs' claims are barred in whole or in part by estoppel.

## AS AND FOR A TWENTY-THIRD DEFENSE

129.   Plaintiffs' claims are barred in whole or in part by waiver.

## AS AND FOR A TWENTY-FOURTH DEFENSE

130.   Plaintiffs' claims are barred by unclean hands.

## AS AND FOR A TWENTY-FIFTH DEFENSE

131.   Plaintiffs' are not entitled to the relief requested.

## AS AND FOR A TWENTY-SIXTH DEFENSE

132.   The Plaintiffs' claims are barred, in whole or in part, as the named plaintiffs are not proper class representatives.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

133.   Certain of Plaintiffs' claims are preempted by federal law.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

134.   There is no liability because no host family was an agent or employee of Au Pair in America.

## AS AND FOR A TWENTY-NINTH DEFENSE

135.   Certain of Plaintiffs' claims are barred, as Plaintiffs failed to exhaust their administrative remedies.

## AS AND FOR A THIRTIETH DEFENSE

136.   There is no liability because Au Pair in America was not the "employer" or "joint-employer" of the Plaintiffs or any other au pair.  Since Au Pair in America was not the employer or joint employer of the Plaintiffs or any other au pair, there is no common pay practice and a collective action would not be appropriate or in conformity with applicable law.

## AS AND FOR A THIRTY-FIRST DEFENSE

137.   Plaintiffs failed to mitigate their damages, if any, and to protect themselves from avoidable consequences.

## AS AND FOR A THIRTY-SECOND DEFENSE

138.    Plaintiffs lack standing to assert their claims, in whole or part, on behalf of themselves and as representatives of any class or collective actions.

## AS AND FOR A THIRTY-THIRD DEFENSE

139.    To the extent Ms. Reyes was "employed" during her participation in the Au Pair in America program, she was employed in domestic service and, thus, exempt from the Illinois Minimum Wage Law.

## AS AND FOR A THIRTY-FOURTH DEFENSE

140.    Defendant Au Pair in America adopts by reference any applicable defense pleaded by any other defendant that is not set forth in this answer.

**WHEREFORE**, Defendant Au Pair in America demands judgment dismissing the Third Amended Complaint in its entirety, with prejudice, together with costs, fees (including attorneys' fees) and disbursements incurred defending this action and such other and further relief as the Court deems appropriate.

Dated: New York, New York
       May 16, 2018

          OGLETREE, DEAKINS, NASH, SMOAK &
           STEWART, P.C.


          /s/  Robert M. Tucker
          Stephen J. Macri
          Robert M. Tucker
          1745 Broadway, 22nd Floor
          New York, NY 10019
          (212) 492-2071
          Email:   stephen.macri@ogletree.com
             robert.tucker@ogletree.com

          ***Attorneys for American Institute for Foreign Study d/b/a Au Pair in America***

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on this 16th day of May 2018, I electronically filed Defendant

American Institute for Foreign Study d/b/a Au Pair in America's Answer to Plaintiffs'

Third Amended Complaint with the Clerk of the Court using the CM/ECF system, which

will send notification of such filing to all counsel on record.


/s/ *Robert M. Tucker*

34127551.1