**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN;
LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS;
ALEXANDRA IVETTE GONZALEZ;
SARAH CAROLINE AZUELA RASCON;
LAURA MEJIA JIMENEZ;
JULIANE HARNING;
NICOLE MAPLEDORAM;
CATHY CARAMELO;
LINDA ELIZABETH;
CAMILA GABRIELA PEREZ REYES;

and those similarly situated,

      Plaintiffs,
v.

INTEREXCHANGE, INC.;
USAUPAIR, INC.;
GREATAUPAIR, LLC;
EXPERT GROUP INTERNATIONAL INC.,
DBA EXPERT AUPAIR; EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS;
CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.;
AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
ASSOCIATES IN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

      Defendants.

---

**CERTAIN DEFENDANTS' MOTION TO RECONSIDER ORDER GRANTING**
**PLAINTIFFS' MOTION TO EXCLUDE THE SUMMARY JUDGMENT TESTIMONY OF**
**STANLEY COLVIN, ESQ. [ECF NO. 1079]**

---

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.L.CIV.R. 7.1(A)**

In compliance with Local Rule 7.1(A), counsel for Cultural Care, Inc. ("CCI") conferred with Plaintiffs' counsel, and Plaintiffs oppose the requested relief.

**INTRODUCTION**

The legal and factual underpinning of substantially all of Plaintiffs' claims in this sprawling international class action turns on only a handful of key facts, including: (1) the intent underlying the regulations promulgated by the United States Information Agency ("USIA") over twenty years ago and more recently enforced by the United States Department of State ("DOS") regarding the Au Pair Program ("Program"), specifically with respect to the provision pertaining to the payment of stipends to au pairs; (2) the import of post-implementation guidance directed to Program sponsors by the USIA and DOS regarding the operation of those regulations; and (3) formal and informal communications from USIA and DOS to Program sponsors over these twenty-plus years regarding the stipend.  Each of these facts provides critical context to understanding Defendants' actions.  Stanley Colvin, a former officer of USIA and DOS, was responsible for overseeing and administering the Program since its inception, drafted and reviewed the key regulations and guidance documents at issue, and communicated directly with sponsors, including Defendants, on numerous occasions regarding the stipend.  His written testimony and deposition testimony—the substance of which has not genuinely been refuted—is almost certainly the best evidence bearing on these crucial factual issues.

1

Notwithstanding its indisputable relevance, in its May 14, 2018 Order, ECF No. 1079 (the "Order") the Court excluded Mr. Colvin's testimony from consideration of Defendants' motions for summary judgment.  While the Order was issued in response to Plaintiffs' Motion to Exclude, ECF No. 944 (the "Motion"), the Court's reasoning adopts none of Plaintiffs' arguments.  Instead, the Order undertakes a different analysis, citing authority that largely was not addressed by the parties, and therefore not by Defendants, and concluding that Mr. Colvin's testimony cannot be deemed "lay opinion" and therefore should be excluded.

Respectfully, the Order's analysis and conclusion are based on a fundamental misconception:  Mr. Colvin's testimony consists largely of facts within his personal knowledge, not opinion.  For example, Mr. Colvin provides an account, based on his first-hand knowledge, of the steps USIA and DOS took with respect to calculating and implementing the au pair stipend calculation, the underlying intent of the agencies' regulations and guidance regarding the stipend (much of which Mr. Colvin himself drafted or commented upon), and – most significantly – the information USIA and DOS conveyed to Program sponsors (often through Mr. Colvin himself).  Such information, which is critical to this case, is based on  Mr. Colvin's decades of experience working with the au pair and other visitor exchange programs.

Even if, after recounting a straightforward factual history that goes to the fundamental tenets of the parties' claims and defenses,[1] Mr. Colvin's testimony extends

---

[1] Plaintiffs' own motion acknowledges that Mr. Colvin's declaration encompassed a straightforward factual history of the Program.  *See* Motion at 4 ("In paragraphs eight

105035384_1

to what the Court has construed to be opinion testimony, there is no legal basis to exclude Mr. Colvin's testimony in its entirety.  *See* Fed. R. Evid. 701 adv. comm.'s note (2000) ("The amendment [adding Fed. R. Evid. 701(c)] does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*.").  Defendants thus respectfully request that the Court reconsider the Order, particularly with respect to its wholesale exclusion[2] of Mr. Colvin's declaration and deposition testimony, and hold that Mr. Colvin's factual testimony upon which Defendants rely shall be considered in ruling upon the summary judgment motions.

## BACKGROUND

Defendants first provided Plaintiffs with Mr. Colvin's declaration on June 20, 2017, less than a week after Mr. Colvin executed it.  Order at 4; Declaration of Stanley Colvin at 64-80, ECF No. 861-1 ("Colvin Decl.").  Recognizing the import of Mr. Colvin's testimony, Plaintiffs deposed Mr. Colvin promptly on July 25, 2017.  *See* Order at 4. Plaintiffs were able to examine the factual bases for Mr. Colvin's statements for nearly six hours, and Mr. Colvin was clear throughout the deposition that he was providing historical context for the Program, not serving as an expert witness.  *Id*; *see, e.g.,* Ex. A, Colvin Dep. 124:20-125:12; 149:1-5.

---

through twenty-four, Mr. Colvin provides his own narrative of the history of the au pair program, complete with legal citations.").

[2] Although Defendants do not ask for reconsideration on the remaining portions of Mr. Colvin's declaration in this motion, Defendants are currently consulting with Mr. Colvin and, if appropriate, may seek leave by separate motion to designate Mr. Colvin as an expert witness.

105035384_1

In their summary judgment motions, Defendants cited to Mr. Colvin's testimony, including his declaration and his oral testimony offered in response to Plaintiffs' questions.  *See, e.g.,* Certain Defs.' Mot. for S.J. at 31-32, ECF 860; AuPairCare, Inc.'s Mot. for S.J. at 3, ECF 871; CCI's Opp. To Pls.' Mot. for Partial S.J. at 4, 19, ECF 937; Certain Defs.' Reply in Support of Mot. for S.J. at 18-19, ECF 988.  Defendants offered Mr. Colvin's testimony as evidentiary support to rebut Plaintiffs' principal theory of the case: namely, that the Program operated across the country for over twenty years apparently in open and blatant disregard of wage and hour laws, while subject to rigorous monitoring and oversight by USIA, DOS, and Congress.  *See, e.g.,* Certain Defs.' Mot. for S.J. at 31-32, ECF 860 (citing to Mr. Colvin's testimony to support a key defense to antitrust claims: that the agencies responsible for administering the Program have consistently communicated a uniform, national stipend to Sponsors).

In their 176-page brief in opposition to Defendants' summary judgment motions, Plaintiffs elected not to rebut the substance of Mr. Colvin's testimony, but rather to challenge his credibility.  *See* Pls.' Opp. to Defs.' Mot. for S.J. at 127-28, 139-40 & nn. 294-95, ECF No. 942.  On the same day, Plaintiffs filed the Motion seeking to exclude Mr. Colvin's testimony from this Court's consideration of the Defendants' summary judgment motions.  The Motion primarily argued that Mr. Colvin's testimony should be excluded because it purportedly constituted legal opinions, because Defendants compensated Mr. Colvin for his time, and because the prejudice attached to his testimony outweighed its probative value.  *See* Motion at 1-2, 13.  Defendants filed their opposition on April 9, 2018, addressing each of Plaintiffs' purported grounds for

exclusion.  *See* Defs.' Opp. to Mot. to Exclude at 1-2, ECF No. 979 ("Opposition").

Plaintiffs' Reply merely reiterated their arguments that Mr. Colvin was providing legal

opinions and that Mr. Colvin allegedly had "multiple and competing allegiances" to some

Defendants.  *See generally* Reply in Support of Mot., ECF No. 1021.

On May 14, 2018, the Court issued the Order.  The Court reasoned that Mr.

Colvin should have been qualified as an expert witness, rather than disclosed as a fact

witness.  Order at 6.  Specifically, the Order construed Mr. Colvin's testimony as opinion

based on specialized knowledge and therefore barred by Federal Rule of Evidence

701(c).  *Id.* at 6-7.  While the Order addresses some specific aspects of Mr. Colvin's

testimony, including a statement addressing a factual allegation raised by Plaintiffs in

their class certification motion, the Order largely considers Mr. Colvin's declaration and

his hours of deposition testimony as a collective whole and excludes them both in their

entirety.  *Id.* at 11-12).

## ARGUMENT

In its prior orders, this Court has recognized that reconsideration "is appropriate

where the court has misapprehended the facts, a party's position, or the controlling law."

Order Granting Pls.' Mot. for Reconsideration at 7, ECF No. 858 (quoting *Servants of

Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *see also* Order on All Parties'

Jt. Report re: Proposed R.23 Notification Plan at 5-6, ECF No. 977.  While the Federal

Rules of Civil Procedure do not provide an explicit mechanism for reconsideration of an

interlocutory order, this Court has recognized a nexus between reconsideration motions

and  Rules 59(e) and 60(b).  *See* Order Granting Pls.' Mot. for Reconsideration at 6,

ECF No. 858.  When a motion for reconsideration is "filed within ten days after entry of judgment [it] is considered a Fed. R. Civ. P. 59(e) motion."  *Servants of Paraclete*, 204 F.3d at 1012 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Here, reconsideration is warranted under either or both of Rules 59(e) and 60(b) because the premise underlying the Court's analysis is incorrect.  The Order excluded Mr. Colvin's oral and written testimony—in their entirety—based upon the generalization that Mr. Colvin is offering only opinions based on specialized knowledge.  *See* Order at 11-12.  However, the most probative evidence offered by Mr. Colvin is factual testimony based on his personal experiences concerning the history of the Program and the interactions between USIA and DOS and the Program sponsors over more than twenty years. Few facts could be more probative in this antitrust/price-fixing case than personal knowledge of what DOS – often through the witness himself – said to the sponsors. Accordingly, even if testimony from Mr. Colvin about his personal opinions should be excluded (which Defendants respectfully dispute for purposes of preserving their appellate rights),[3] that holding has nothing to do with the admissibility and the Court's consideration of Mr. Colvin's fact testimony.

## I.  Federal Rule of Evidence 701 Only Applies to Opinion Testimony.

The Court's analysis in the Order focuses on Federal Rule of Evidence 701, and whether Mr. Colvin's testimony can qualify as "lay opinion," or whether it is excluded

---

[3] As set forth in greater detail in the Opposition, Defendants maintain that all of Mr. Colvin's testimony—including that which the Order construes as expert opinion testimony—should be admitted.  Defendants only seek reconsideration with respect to fact  testimony of Mr. Colvin.

because it is based upon "specialized knowledge" requiring a full expert disclosure. *See* Fed. R. Evid. 701(c).  But "Rule 701 by its terms only concerns opinion testimony by a lay witness, and thus has no application to lay witness testimony that is factual in nature."  *Cook v. Rockwell Int'l Corp.*, 508 F. Supp. 2d. 1071, 1157 (D. Colo. 2006) (citing *United States v. Caballero*, 277 F.3d 1235, 1247 (10th Cir. 2002)).

The Order construes certain of Mr. Colvin's statements as opinion testimony, prompting the analysis pursuant to Rule 701.  *See* Order at 4 (finding that a paragraph in Mr. Colvin's declaration opined on the merits of Plaintiffs' Class Certification Motion). Even if this part of Mr. Colvin's testimony is appropriately construed as inadmissible opinion testimony based on specialized knowledge (which Defendants respectfully dispute), that finding does not impact whether Mr. Colvin is permitted to provide factual testimony, or, for that matter, proper lay opinion.  Indeed, the Tenth Circuit has made this distinction explicit:  "Both Federal Rules of Evidence 701 and 702 distinguish between expert and lay testimony, not between expert and lay witnesses.  Indeed, it is possible for the same witness to provide both lay and expert testimony in a single case." *Caballero*, 277 F.3d at 1247 (citing *United States v. Figueroa- Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997)); *see also* Fed. R. Evid. 701 adv. comm. note (2000) ("The amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*.").

The opinions cited in the Order are consistent with (and implicitly recognize) this conceptual distinction.  In *United States v. Vega*, the defendant did not seek to exclude all testimony from the witnesses, nor did the Court exclude all testimony.  813 F.3d 386,

7

105035384_1

393 (1st Cir. 2016) (explaining that defendant contests "the portion" of the witness's testimony in which the witness opined that the anti-kickback statute made certain conduct illegal); *id.* at 395 (finding that a witness's "testimony about his interpretation of the chart he found . . . could be properly admitted as lay testimony," because "[a] jury could follow the reasoning process [the witness] used and understand [his interpretation]").  Ultimately, the First Circuit held that the portion of the witnesses' testimony that provided their "opinions" that certain conduct violated Medicare law and was not based on personal knowledge of the conduct at issue fell outside the bounds of lay opinion.  *Id.* at 395.  There is no suggestion that a witness's opinions "based on the product of applying familiar reasoning processes to their job experience" should be excluded under Rule 701.  *See id.*

Likewise, in *Bank of China v. NBM LLC*, the Second Circuit analyzed a challenge to testimony regarding whether, within the context of a transaction, certain acts were outside of "normal, true trade" practices and may constitute fraud.  359 F.3d 171, 180 (2d Cir. 2004).  The Court ultimately determined that these "opinions" were improperly admitted, and that the witness should not have been permitted to testify to them as lay opinions.  *Id.* at 182.  The Court did not, however, rule that the witness's testimony should have been stricken in its entirety.  In particular, the Court cited the witness's personal role in investigating the conduct at issue as appropriate grounds for testimony, including any opinions derived from that role.  *See id.* at 181 ("Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm

of an expert, but because of the particularized knowledge that the witness has by virtue of his [] position in the business.") (quoting Fed. R. Evid. 701 adv. comm.'s note (2000)).

The majority of the facts in Mr. Colvin's testimony come from his personal experiences at the USIA and the DOS.  Mr. Colvin personally oversaw the day-to-day administration of the Educational and Cultural Affairs' Office of Exchange Coordination and Designation and had responsibility for all aspects of the Exchange Visitor Program, including specifically, the Au Pair Program.  *See* Colvin Decl. at ¶¶ 6-8.  Mr. Colvin's testimony recounts his role in the "drafting and review of dozens of regulations, proposed regulations, and guidance documents" pertaining to the Program and his role as the principal author of regulations governing the Program.  *See id.* at ¶13.  Mr. Colvin also personally provided information to sponsors regarding the au pair stipend, and personally authored and/or oversaw the Fact Sheet (and updated versions thereof) detailing the calculation of the au pair stipend that the USIA and DOS distributed to Program sponsors.  *See id.* at ¶¶17, 23.  These are factual statements subject to cross-examination, evidenced not least by Plaintiffs' six-hour deposition.  To the extent that these statements can be construed as opinions at all, they are founded on Mr. Colvin's first-hand knowledge and experience and reliant upon straightforward logic and pattern recognition.  *See Vega*, 813 F.3d at 395.

Defendants have attached as Exhibit B to this motion a version of the Colvin Declaration in which all paragraphs that arguably constitute opinion testimony have been stricken.  As this modified version of the declaration demonstrates, Mr. Colvin's testimony is predominantly factual and therefore outside the realm of opinion testimony

prohibited by Federal Rule of Evidence 701(c).  These fact portions of the declaration should be admitted and considered in connection with summary judgment.  Striking them unfairly prejudices Defendants.

## II.   Mr. Colvin's Testimony Regarding Facts Within His Personal Knowledge Is Admissible.

Testimony founded on Mr. Colvin's decades of experience as a government officer is not subject to special burdens or prohibitions foreclosing it from consideration as appropriate evidence offered by lay witnesses based on personal experience. Courts routinely confirm that government employees are entitled to testify as to factual information within their personal knowledge.  *See, e.g., United States v. Georgiou*, 742 F. Supp. 2d 613, 631-632 (E.D. Pa. 2010) (concluding that an SEC employee did not provide impermissible expert testimony where he explained his role as an employee at the SEC, defined terms relevant to the case, and opined regarding his perception of the record); *United States v. Rollins*, 544 F.3d 820, 831-32 (7th Cir. 2008) (finding that the district court did not abuse its discretion in allowing a DEA Agent to testify as to his "impressions" of recorded conversations between defendants in a conspiracy in which the Agent played a role).  As explained above and as demonstrated in Exhibit A, the majority of Colvin's testimony reflects factual recounting of his time spent at USIA and DOS and factual statements stemming from his over 20 years of personal involvement with the Program.  *See SEC v. Sabhlok*, 495 F. App'x 786, 787 (9th Cir. 2012) (explaining that "[i]nsofar as . . . percipient witnesses simply recounted [their] roles, their testimony was not within the scope of Rule 702.").  Mr. Colvin was personally involved in drafting and issuing Program regulations and guidance, and Mr. Colvin personally

communicated with Program sponsors concerning the very regulations that underlie both Plaintiffs' claims and the sponsors' defenses.  Mr. Colvin's testimony, based upon personal knowledge as a percipient witness, is admissible under the Federal Rules of Evidence.

Regardless of whether Mr. Colvin has specialized knowledge due to his employment within the meaning of Federal Rule of Evidence 701(c), his factual testimony founded on his personal knowledge and observations are admissible.  "He was an actor with regard to the occurrences from which the tapestry of this lawsuit was woven, and the defendants sought to present his testimony on that basis."  *Gomez v. Rivera Rodriguez,* 344 F.3d 103, 112-13 (1st Cir. 2003).  In *Gomez*, plaintiffs sued the Mayor of Puerto Rico, claiming a political animus, for his application of a statutory grant program which thereby left plaintiffs unemployed.  *See id.* at 108.  The defendants sought to introduce the testimony of the Deputy Secretary for Legal Affairs and Norms, who met with the defendant to discuss the application of the statute.  *See id.* at 108-09.  The trial court ruled that the witness would offer opinions as to the interpretation of the law, and therefore should have been identified as an expert.  *Id.* at 112.  Because Defendant failed to do so, the trial court barred the witness from testifying.  *See id.*  The First Circuit held that the trial court's exclusion constituted an abuse of discretion, reasoning that the witness's personal involvement in the application of the statute and his role as "a percipient witness ma[de] a world of difference."  *Id.* at 114.  Defendant and the witness discussed the application of the law that gave rise to the claims at issue in the action.  The testimony was therefore "admissible to show the [defendant's]

understanding [of the law] at the time and his ensuing state of mind." *Id.* at 115.  Similar

to Mr. Colvin, the witness' specialized knowledge regarding the law was therefore

beside the point:

> Let us be perfectly clear. [The witness] obviously has
> specialized knowledge by virtue of his position with DLHR
> and his chairmanship of the board that assesses and
> approves Law 52 proposals. But the triggering mechanism
> for application of Rule 26's expert witness requirements is
> not the status of the witness, but, rather, the essence of the
> proffered testimony. Accordingly, a party need not identify a
> witness as an expert so long as the witness played a
> personal role in the unfolding of the events at issue and the
> anticipated questioning seeks only to elicit the witness's
> knowledge of those events.

*Id.* at 113-14.  As the principal author of many of the regulations and guidance

documents that inform the foundations of Plaintiffs' claims, Mr. Colvin can testify to facts

and opinions derived from his personal knowledge of the management and oversight of

the Program for more than twenty years.  Reconsideration is therefore warranted to

evaluate Mr. Colvin's testimony as admissible observations based on personal

knowledge and experience.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court

reconsider its decision to exclude the testimony of Mr. Colvin, and hold that Mr. Colvin's

factual testimony should properly be considered in connection with the parties' motions

for summary judgment.

Dated: May 24, 2018                            Respectfully submitted,

                                                *s/ James M. Lyons*
                                                _____
                                                Joan A. Lukey (joan.lukey@choate.com)

Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane R. Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***


*s/ Kathryn A. Reilly*
Kathryn A. Reilly
(reilly@wtotrial.com)
Brett M. Mull (mull@wtotrial.com)
Natalie E. West
(west@wtotrial.com)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

***Attorneys for Defendants Agent Au Pair, Go Au Pair Operations, and American Cultural Exchange, LLC d/b/a Go Au Pair***


*s/ James E. Hartley*
James E. Hartley
(jhartley@hollandhart.com)
Jonathan S. Bender

13

(jsbender@hollandhart.com)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202

Adam A. Hubbard
(aahubbard@hollandhart.com)
Holland & Hart LLP
1800 Broadway, Suite 300
Boulder, CO 80302

**Attorneys for Defendant Cultural Homestay International**

s/ Susan M. Schaecher
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

**Attorneys for Defendants APF Global Exchange, NFP**

s/ Stephen J. Macri
Stephen J. Macri
(Stephen.macri@ogletree.com)
Joseph B. Cartafalsa
(joseph.cartafalsa@ogletree.com)
Robert M. Tucker
(robert.tucker@ogletree.com)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1745 Broadway, 22nd Floor
New York, NY 10019
(212) 492-2071

s/ Eric J. Stock
Eric J. Stock
(estock@gibsondunn.com)

14

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-2301

**Attorneys for Defendant**
**American Institute for Foreign**
**Study d/b/a Au Pair in America**


s/ Bogdan Enica
Bogdan Enica
(Bogdan@expertaupair.com)
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701

**Attorney for Defendant Expert**
**Group International, Inc. d/b/a**
**Expert Au Pair**


s/ Peggy E. Kozal
Peggy E. Kozal
(pkozal@gordonrees.com)
Thomas Baker Quinn
(tquinn@gordonrees.com)
Nathan A. Huey
(nhuey@gordonrees.com)
Heather K. Kelly
(hkelly@gordonrees.com)
Gordon & Rees LLP
555 17th Street, Suite 3400
Denver, CO 80202

**Attorneys for Defendant**
**AuPairCare, Inc.**


s/ Martha L. Fitzgerald
Martha L. Fitzgerald
(mfitzgerald@bhfs.com)
David B. Meschke

15

(dmeschke@bhfs.com)
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432

***Attorneys for Defendant EurAuPair Intercultural Child Care Programs***


*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
(bcolaizzi@shermanhoward.com)
Heather F. Vickles
(hvickles@shermanhoward.com)
Raymond M. Deeny
(rdeeny@shermanhoward.com)
Joseph Hunt
(jhunt@shermanhoward.com)
Alyssa L. Levy
(alevy@shermanhoward.com)
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

***Attorneys for Defendant InterExchange, Inc.***


*s/ William J. Kelly III*
William J. Kelly III
(wkelly@kellywalkerlaw.com)
Chandra Marie Feldkamp
(cfeldkamp@kellywalkerlaw.com)
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202

***Attorneys for Defendant USAuPair, Inc.***

16

<u>s/ Meshach Y. Rhoades</u>
Meshach Y. Rhoades
(mrhoades@armstrongteasdale.com)
Martin J. Estevao
(mestevao@armstrongteasdale.com)
1700 Broadway, Suite 2100
Denver, CO 80290-2101
(720) 722-7195

**_Attorneys for Defendant_**
**_GreatAuPair, LLC_**

17

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on May 24, 2018, I have caused to be electronically filed the foregoing **DEFENDANTS' MOTION TO RECONSIDER ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE THE SUMMARY JUDGMENT TESTIMONY OF STANLEY COLVIN, ESQ. [ECF NO. 1079]** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*


                              *s/ James M. Lyons*
                              James M. Lyons

18

105035384_1