IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA

JOHANA PAOLA BELTRAN; et al.

       Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.

      Defendants.

_____

**DEFENDANT CULTURAL CARE, INC.'S SUPPLEMENTAL BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Cultural Care, Inc. ("CCI") submits this supplemental brief in further support of Certain Defendants' Motion for Summary Judgment, ECF 860 ("Joint S.J. Motion"), and CCI's Individual Brief in Support of Summary Judgment, ECF 879 ("CCI S.J. Brief").  In particular, CCI moves for summary dismissal of the new claims asserted by Plaintiffs Cathy Caramelo ("Ms. Caramelo") and Linda Elizabeth ("Ms. Elizabeth") in Plaintiffs' Third Amended Complaint, ECF 983 ("TAC").[1]  For the following reasons, and for the reasons set forth in the Joint S.J. Motion and the CCI S.J. Brief, the Court should dismiss Plaintiffs' claims in their entirety.

## I.    MS. ELIZABETH'S PENNSYLVANIA CLAIMS ARE TIME-BARRED

"Pennsylvania favors strict application of the statutes of limitation," *Wachovia Bank, N.A. v. Ferretti*, 2007 PA Super 320, ¶ 22, and Plaintiffs must prove any exceptions, *Van Buskirk v. Carey Can. Mines, Ltd.*, 760 F.2d 481, 487 (3d Cir. 1985).

### A.    Ms. Elizabeth Is Not a Member of the Cultural Care Pennsylvania Subclass and Cannot Rely on Class Standing to Advance Her Claims

Ms. Elizabeth completed her au pair program term in Pennsylvania in October 2008 at the latest, TAC ¶ 530; Ex. 1, Elizabeth Dep. 32:17-24, 34:21-22, and she is not a member of the Pennsylvania subclass, *see* Proposed Class Notice at 7, ECF 1011-2 ("If you were an au pair sponsored by one of the Sponsors **before January 1, 2009**, you are not included in the Class.").  Ms. Elizabeth has no standing to assert the Pennsylvania subclass claims and cannot rely upon class members to assert claims on her behalf.  *See Warnick v. Dish Network LLC*, 301 F.R.D. 551, 560 (D. Colo. 2014);

---

[1] CCI moved to dismiss certain of these claims as a matter of law (*see* ECF 1043), which the Court denied without prejudice to raise at summary judgment (ECF 1058). CCI reargues and incorporates by reference its arguments in support of dismissal.

*see also Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95, 111 (2d Cir. 2013).

### B.    The Pennsylvania Claims Are Barred by the Statutes of Limitations

"[T]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations . . . even though a person may not discover his injury until it is too late to take advantage of the appropriate remedy . . . ." *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.,* 468 A.2d 468, 471 (Pa. 1983) (citations omitted); *accord Yenchi v. Ameriprise Fin., Inc.*, 161 A.3d 811, 816 n.4 (Pa. 2017); Class Cert. Order at 26, ECF 828 (claims accrued when plaintiffs began au pair programs).  Accrual occurred no later than the first time a stipend was paid to her in 2007.[2]  Ms. Elizabeth was required to assert her breach of fiduciary duty, negligent misrepresentation, and constructive fraud claims within two years of accrual, 42 Pa. Cons. Stat. § 5524(7); her Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") claim within six years, 43 Pa. Cons. Stat. § 5527(b); and her Pennsylvania Wage Payment and Collection Law claim within three years, 43 Pa. Stat. § 260.9a(g).  All of her claims expired before November 2014, and she cannot relate her claims back by rule.  *See* Fed. R. Civ. P. 15(c); *accord* Colo. R. Civ. P. 15(c).

### C.    There Is No Basis to Toll the Statutes of Limitations

Pennsylvania recognizes two exceptions to the statute of limitations, the discovery rule and fraudulent concealment, and neither are applicable.  "The party seeking to invoke the discovery rule bears the burden of establishing the inability to

---

[2] Even if the claims were incorrectly deemed to run from the last date of her au pair tenure in October 2008, the limitations periods expired before November 2014.

know of the injury despite the exercise of reasonable diligence," an objective standard as applied to a reasonable person. *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997). Lack of understanding of the law does not toll the statute. *See Wachovia Bank*, 2007 PA Super 320, ¶¶ 22-23. Plaintiffs' claims are founded on public documents, including state and federal minimum wage laws and the guidance published by the Department of State ("DOS") on its J-1 visa website, which were discoverable from 2007 through 2014.

"[I]n order for fraudulent concealment to toll the statute of limitations, the defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied." *Kingston Coal Co. v. Felton Mining Co.*, 690 A.2d 284, 291 (Pa. Super. Ct. 1997). Plaintiffs must prove fraudulent concealment by clear and convincing evidence, *Fine v. Checcio*, 870 A.2d 850, 860 (Pa. 2005), and "mere silence in the absence of a duty to speak cannot suffice," *Glenbrook Leasing Co. v. Beausang*, 2003 PA Super 489, ¶ 10. The only purported breach of alleged duty by CCI was allegedly misrepresenting that stipends were fixed, *see* TAC ¶ 607, but purported— and factually unfounded—misrepresentations are not "an affirmative independent act of concealment." *Kingston Coal*, 690 A.2d at 291.[3]

## II.   PLAINTIFFS' CLAIMS ARE DEFICIENT AS A MATTER OF FACT AND LAW

### A.   Plaintiffs' Breach of Fiduciary Duty Claims Fail

CCI's purported fiduciary obligations are allegedly derived from contracts between CCI and the au pair—which CCI did not have with any Plaintiff—or the

---

[3] In addition, CCI does not recruit or perform initial screening of prospective au pairs or assign them to homes. (ECF 862-19 (Defs. S.J. R. App. 535 – Jordan Dep. 37; Defs. S.J. R. App. 565 – Rannefors Dep. 242-43)), and au pairs choose their own host families (ECF 862-19 (Defs. S.J. R. App. 543 – Jordan Dep. 181-84)).

regulations promulgated by DOS.  *See* TAC ¶ 607.  In Pennsylvania, imposing fiduciary duties requires clear and convincing evidence, and "superior knowledge or expertise of a party does not impose a fiduciary duty . . . or otherwise convert an arms'-length transaction into a confidential relationship."  *Yenchi*, 161 A.3d at 820 & n.10, 823.  Similarly, Texas requires more than an arms-length commercial transaction.  *E-Learning LLC v. AT&T Corp.*, 517 S.W.3d 849, 861 (Tex. App. 2017) ("[T]he special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit.").  No special relationship of trust and confidence existed between CCI and either plaintiff, and subjective trust will not create a fiduciary obligation under either state's law.  *Id.*; *Yenchi*, 161 A.3d at 820 & n.10, 823.

### B.   Plaintiffs' Negligent Misrepresentation Claims Are Unsupported

Even if Plaintiffs had evidence that CCI told host families that the stipend was "fixed" (which they do not), Plaintiffs have no admissible evidence that au pairs relied upon statements to host families, or that host families set the stipend based on the statement, or that CCI expected that they would.  *See Admiral Ins. Co. v. Heath Holdings USA, Inc.*, No. 3:03-CV-1634-G, 2004 WL 1144062, at *8 (N.D. Tex. May 21, 2004) (negligent misrepresentation cannot be founded on indirect reliance by third parties absent knowledge of reliance by particular third parties).  Moreover, Plaintiffs' alleged reliance and harm assumes that au pairs would have negotiated higher stipends, but Plaintiffs cannot recover for theories; actual pecuniary loss is required.  *David Pflumm Paving & Excav. v. Found. Servs. Co.*, 2006 PA Super 41, ¶¶ 18-21; *LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 244-45 (Tex. 2014).

### C.    Plaintiffs' Constructive Fraud Claims Are Not Cognizable

Plaintiffs' constructive fraud claims are founded on allegations that CCI made misrepresentations concerning the minimum weekly stipend amount to induce Plaintiffs to join the au pair program.  *See* TAC ¶ 613.  Plaintiffs are mistaken.  CCI does not recruit or enter into contracts with au pairs.  *See supra* n.3.  Pennsylvania and Texas law also require a relationship of trust or confidence, *Bucci v. Wachovia Bank, N.A.*, 591 F. Supp. 2d 773, 784 (E.D. Pa. 2008), and Texas requires "a preexisting special relationship of trust and confidence that is betrayed in *later* dealings," *Hubbard v. Shankle*, 138 S.W.3d 474, 483 (Tex. App. 2004) (emphasis added).  Because CCI did not recruit or contract with Ms. Caramelo or Ms. Elizabeth (*see supra* n.3), it had no "pre-existing special relationship" with them that could have been betrayed in later dealings after they became au pairs.

### D.    Plaintiffs' Consumer Protection Claims Fail

"[Ms. Elizabeth] has not demonstrated that [s]he purchased or leased goods or services from [CCI], and therefore [her] UTPCPL claim must fail."  *Shannon v. Equifax Info. Servs., LLC*, 764 F. Supp. 2d 714, 726 (E.D. Pa. 2011).  Plaintiffs did not purchase or lease anything from CCI, nor did they pay a fee to CCI.  In addition, Plaintiffs' claims are founded upon an alleged—and disputed—employment relationship with CCI.  As with the UTPCPL, Texas' Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.* applies to *consumer* transactions.  The plain language of both statutes precludes Plaintiffs' alleged employment-based claims. *Stanissis v. DynCorp. Int'l LLC*, No. 3:14-CV-2736-D, 2015 WL 9478184, at *6-7 (N.D.

Tex. Dec. 29, 2015); *see also Carpenter v. Shu-Bee's, Inc.*, No. 10-cv-0734, 2012 WL 2594276, at *8 (E.D. Pa. July 5, 2012) (UTPCPL does not apply to purchase "for a commercial purpose which happened to take place in a residential setting").

### E.    Plaintiffs' State-Based Wage-and-Hour Claims Are Exempted from the Texas Minimum Wage Act

Both Ms. Caramelo and Ms. Elizabeth assert claims for unpaid wages under the Texas Minimum Wage Act, Tex. Lab. Code Ann. § 62.001, *et seq.* ("TMWA").  *See* TAC ¶¶ 628-36.  Texas law, however, excludes domestic employment from the TMWA:

> An employer is exempt from this [TMWA] with respect to the employment of a person who:
> (1) performs domestic services in or about a private home, including a person who performs the duties of baby-sitting in or out of the employer's home; or
> (2) lives in or about a private home and furnishes personal care for a resident of the home.

Tex. Lab. Code Ann. § 62.154.  Ms. Caramelo's and Ms. Elizabeth's duties were performed in a private home, in which they resided.  The exemption by its terms applies even if Plaintiffs' joint employment theory is corrected (which CCI maintains it is not), including where the claimant resides in a home that is not the employer's.  *See id.* These claims are expressly exempted from the TMWA.

Moreover, to the extent that Ms. Caramelo and Ms. Elizabeth are covered under the Fair Labor Standards Act, Texas law likewise excludes their claims from the TMWA. Tex. Lab. Code Ann. § 62.151.  This Court has already dismissed unpaid wages claims based on similar statutory provisions.  *See* Recommendation on Mot. to Dismiss at 35, ECF 240, *adopted in relevant part*, Order on Mot. to Dismiss at 35, ECF 258.

Finally, Texas law does not provide for overtime wages.  *See* Tex. Lab. Code

Ann. § 62.051.  Plaintiffs cannot seek damages for overtime based on Texas law.

**F.    Mses. Caramelo and Elizabeth's Testimony Confirms that the Training Subclasses' Claims Must Be Dismissed**

Ms. Elizabeth and Ms. Caramelo's sworn testimony directly undermines Plaintiffs' manufactured factual dispute, in which they claim that CCI exceeds the regulatory-required training by running a "week-long training camp."  As CCI discussed in its prior briefing (*see, e.g.,* Reply in Support of MSJ), CCI conducts the government-mandated training of "not less than" 32 total hours of training on child safety and child development.  22 C.F.R. § 62.31(f)-(g).  Ms. Elizabeth and Ms. Caramelo's testimony confirms CCI's undisputed presentation of the facts.  *See, e.g.*, Ex. 1, Elizabeth Dep. at 56:14-59:4 (testifying that she arrived at training school Monday night, and training occurred on Tuesday, Wednesday, and part of the day Thursday); 60:4-61:5 (training focused on "general skills" not specific to CCI, including child safety, childcare, and CPR); Ex. 2, Caramelo Dep. (Rough) at 47:11-16 (training lasted either 2 or 3 days).

Given this factual testimony, which supports CCI's undisputed facts and undermines Plaintiffs' manufactured dispute, CCI is entitled to summary judgment in its favor on the training claims under state and federal law for the reasons discussed in its prior summary judgment briefing.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Ms. Elizabeth's Pennsylvania claims in their entirety, as well as Ms. Caramelo and Ms. Elizabeth's Texas claims for breach of fiduciary duty and constructive fraud and violations of Texas' Deceptive Trade Practices-Consumer Protection Act and Texas' Minimum Wage Act.

Dated:  June 8, 2018                          Respectfully submitted,


                                              s/ Diane R. Hazel
                                              Joan A. Lukey (joan.lukey@choate.com)
                                              Robert M. Buchanan, Jr.
                                              (rbuchanan@choate.com)
                                              Michael T. Gass (mgass@choate.com)
                                              Justin J. Wolosz (jwolosz@choate.com
                                              Lyndsey M. Kruzer (lkruzer@choate.com)
                                              CHOATE HALL & STEWART LLP
                                              Two International Place
                                              Boston, Massachusetts  02110
                                              Telephone:  (617) 248-4790

                                              James M. Lyons (jlyons@lrrc.com)
                                              Jessica L. Fuller (jfuller@lrrc.com)
                                              Diane R. Hazel (dhazel@lrrc.com)
                                              LEWIS ROCA ROTHGERBER CHRISTIE LLP
                                              One Tabor Center, Suite 3000
                                              1200 Seventeenth Street
                                              Denver, CO 80202
                                              Tel: (303) 623-9000
                                              Fax: (303) 623-9222

                                              *Attorneys for Defendant Cultural Care,
                                              Inc. d/b/a Cultural Care Au Pair*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on June 8, 2018, I have caused to be electronically filed the foregoing **DEFENDANT CULTURAL CARE, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

*s/ Diane R. Hazel*

9