**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; et al.,

Plaintiffs,

v.

INTEREXCHANGE, INC.; et al.,

Defendants.

---

**APIA'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

---

American Institute for Foreign Study, d/b/a Au Pair in America ("APIA"), submits this brief in accordance with the Court's May 2, 2018 Order Granting Joint Motion for Relief From Scheduling Order and for Supplemental Briefing. Dkt. # 1058.[1]

## I. APIA IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' MINIMUM WAGE AND OVERTIME CLAIMS

### a. APIA DID NOT EMPLOY REYES OR OTHER APIA-SPONSORED AU PAIRS

As discussed in the Joint MSJ Brief and the APIA MSJ Brief, APIA is entitled to summary judgment on Plaintiffs' minimum wage and overtime claims because Plaintiffs

---

[1] APIA adopts and incorporates, as if fully set forth herein, Defendants' Joint Motion for Summary Judgment (Dkt. # 860) ("Joint MSJ Brief"), APIA's Supplemental Brief in Support of Defendants' Joint MSJ (Dkt. # 883) ("APIA MSJ Brief"), APIA's Brief in Opposition to Plaintiffs' Partial MSJ (Dkt. # 932), Defendants' Joint Reply in Support of MSJ (Dkt. # 988) ("Joint MSJ Reply Brief"), and APIA's Supplemental Brief in Further Support of Defendants' Motion for Summary Judgment (Dkt. # 1004) ("APIA MSJ Reply Brief"). The instant Brief supplements these filings with information and legal argument specific to nominal Plaintiff Camila Gabriela Perez Reyes.

cannot demonstrate that APIA employed the au pairs who participated in the APIA program. *See* Dkt. # 860, pp. 44-50; Dkt. # 883, pp. 8-13. The testimony adduced during Ms. Reyes' deposition provides further evidence in support of the conclusion that Plaintiffs' have failed to prove that APIA was the au pairs' "employer."

During her testimony, Ms. Reyes confirmed that her host family retained exclusive control over the following "employer" functions:

- interviewing and selecting or "hiring" the au pair;[2]
- supervision of the au pair;[3]
- assignment of specific duties to the au pair;[4]
- weekly payment of au pair stipends or other compensation;[5]
- setting the schedule(s) of childcare assistance;[6]
- determination of the number of daily/weekly hours of childcare assistance;[7] and
- promulgation/implementation of "work" rules or policies.[8]

Therefore, the only nominal Plaintiffs who participated in the APIA program – Ms. Reyes

---

[2] Deposition of Camila Gabriela Perez Reyes, Movant's App'x. p. 3, at 61:6 – 25, 63:1 – 3.

[3] Movant's App'x. p. 8, at 110:21 – 23.

[4] Movant's App'x. pp. 7-8, at 108:25 – 109:24.

[5] Movant's App'x. pp. 12, 14, at 125:16 – 25; 133:20 – 134:8.

[6] Movant's App'x. pp. 8-10, at 112:20 – 113:2; 118:9 – 25.

[7] Movant's App'x. p. 8, at 112:16 – 18.

[8] Movant's App'x. p. 8, at 111:4 – 18.

and Ms. Hlatshaneni – have confirmed that host families (not APIA) retain exclusive and independent control over these critical "employer" functions of the "employment" relationship. *See* Dkt. # 883, p. 12.

**b. HOST FAMILIES HAVE PROPERLY APPLIED ROOM AND BOARD CREDITS TOWARD ANY MINIMUM-WAGE OBLIGATIONS**

For the reasons set forth in the Joint MSJ Brief and the APIA MSJ Brief, host families have properly credited room and board expenses towards satisfaction of any minimum-wage obligations they may have under the FLSA or state law. Dkt. # 860, pp. 51-55; Dkt. # 883, p. 14. Au pairs voluntarily accepted room and board provided by their host families as a condition of program participation. APIA confirms that each host family provides the au pair with a private bedroom and board. Dkt. # 605-4, ¶ 21; 22 C.F.R. § 62.31(e)(6). Reyes confirmed that: (i) she understood during the application process that her host family would provide room and board throughout her placement; (ii) she viewed this as a benefit and convenience; and (iii) she received/accepted room and board from her host family. Movant's App'x. pp. 2, 11-12, at 24:6 – 24; 123:22 – 24; 124:21 – 125:3.

**c. TIME SPENT IN DOS-REQUIRED TRAINING IS NOT COMPENSABLE**

As discussed in the Joint MSJ Brief and the APIA MSJ Brief, Plaintiffs' unpaid training claims must fail because time spent in DOS-required training is not compensable under the FLSA or the New York Labor Law ("NYLL"). Dkt. # 860, p. 56.

Ms. Reyes cannot pursue her NYLL unpaid training claim individually or as a

representative of the New York Training Subclass[9] because she received training outside of New York. APIA did not begin training au pairs in New York until February 2013. Dkt. # 861, p. 11. Prior to February 2013, au pairs participating in the APIA program received training in Stamford, Connecticut. *Id*. Ms. Reyes, who participated in the au pair program in 2011 to 2012, recalled received training in Stamford. Movant's App'x. p. 4, at 66:18 – 20. As Ms. Reyes never "worked," lived, or resided in New York, she is unable to assert NYLL claims in her individual capacity or her capacity as a subclass representative.[10] *See Rector v. City & County of Denver*, 348 F.3d 935, 949-50 (10th Cir. 2003), *Avendano v. Averus, Inc*., 14-cv-01614-CMA, Dkt. # 92 at pp. 10-11 (D. Colo. Sept. 29, 2016); *O'Neill v. Mermaid Touring Inc.*, 968 F.Supp.2d 572, 578-79 (S.D.N.Y. 2013).

**d. REYES' ILLINOIS MINIMUM WAGE LAW CLAIMS FAIL AS A MATTER OF LAW.**

On April 25, 2018, APIA moved to dismiss Count IX of the Third Amended Complaint.[11] By Order dated May 2, 2018, the Court denied APIA's motion to dismiss

---

[9] The Court certified a New York Training Subclass consisting of "all persons subjected to unpaid standard au pair training by Defendants Au Pair in America (American Institute for Foreign Study), Cultural Care, Inc. or InterExchange, Inc. ***in New York***." Dkt. # 828, p. 35 (emphasis added). Ms. Hlatshaneni and Ms. Reyes are representatives of this subclass. Dkt. # 559-1, p. 2.

[10] Additionally, Ms. Reyes and all other au pairs who commenced participation in the APIA program before February 2013 are not members of the New York Training Subclass because they did not receive training in New York. *See* Dkt. # 828, p. 35.

[11] APIA adopts and incorporates its Motion to Dismiss Count IX ("APIA MTD Brief") (Dkt. # 1031), as if fully set forth herein.

"without prejudice to assert such arguments in any Motion for Summary Judgment that may be filed." Dkt. # 1062. As discussed in detail in the APIA MTD Brief, Ms. Reyes cannot sustain individual or class claims under the Illinois Minimum Wage Law.

Ms. Reyes was exempt from the Illinois Minimum Wage Law at all times during her placement because she "worked" in "domestic service in or about a private home." *See* 820 ILCS 105/3(d)(3) (2016). Consistent with the allegations in the Third Amended Complaint (Dkt. # 983, ¶¶ 29, 535-38), Ms. Reyes testified that during her time as an au pair, she resided with an Illinois host family and performed only childcare duties for her host family. Movant's App'x. pp. 5, 7, at 73:17 – 74:25, 103:18 – 106:2. Based on Ms. Reyes' testimony and the allegations in the Third Amended Complaint, it is inarguable that Ms. Reyes was an exempt domestic service "worker." *See* 820 ILCS 105/3(d)(3) (2016). Therefore, Plaintiffs' claims under the Illinois Minimum Wage Law must be dismissed and the wage claim portion of the Illinois Subclass must be decertified for want of an adequate representative. *See Rector*, 348 F.3d at 950; *Avendano*, Dkt. # 92 at pp. 10-11; *Smith v. Pizza Hut, Inc.*, 2011 WL 2791331, *8-10 (D. Colo. July 14, 2011).

## II. ALL MISREPRESENTATION-BASED CLAIMS FAIL AS A MATTER OF LAW

Plaintiffs assert the following misrepresentation-based claims under Illinois law: (1)

breach of fiduciary duty;[12] (2) negligent misrepresentation;[13] (3) fraudulent concealment and/or constructive fraud;[14] and (4) violation of consumer protection laws of Illinois[15]. (*See* Third Amended Complaint, Counts III-VI.) For the reasons set forth in the APIA MSJ Brief, Plaintiffs have failed to meet their burden of proof and APIA is entitled to summary

---

[12] Plaintiffs bear the burden of proving: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damages proximately caused by the breach of that duty. *Lawlor v. N. Am. Corp. of Ill.*, 2012 IL 112530, ¶ 69, 983 N.E.2d 414, 433.

[13] Plaintiffs must demonstrate: (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement; (3) an intention to induce the other party to act; (4) reliance on the truth of the statement; (5) damage resulting from such reliance, and (6) that the party was under a duty to communicate accurate information. *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 843 N.E.2d 327, 332 (Ill. 2006).

[14] To prevail on a claim for fraudulent concealment, a plaintiff must show: "(1) the defendant concealed a material fact under circumstances that created a duty to speak; (2) the defendant intended to induce a false belief; (3) the plaintiff could not have discovered the truth through reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and justifiably relied upon the defendant's silence as a representation that the fact did not exist; (4) the concealed information was such that the plaintiff would have acted differently had he or she been aware of it; and (5) the plaintiff's reliance resulted in damages." *Abazari v. Rosalind Franklin Univ. of Med. & Sci.*, 40 N.E.3d 264, 274 (2015). "The elements of constructive fraud are: (1) a fiduciary relationship; (2) a breach of the duties that are imposed as a matter of law because of that relationship; and (3) damages." *D'Attomo v. Baumbeck*, 36 N.E.3d 892, 917 (2015).

[15] "The elements of a claim under the [Illinois] Consumer Fraud Act are: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade and commerce; and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Kupper v. Powers*, 71 N.E.3d 347, 360 (2017).

judgment on each of these claims.[16] *See* Dkt. # 863, pp. 17-19. Contrary to Plaintiffs' unsupported assertions, Reyes cannot establish that APIA misrepresented the stipend to her and other au pairs by representing the $195.75 amount as fixed. Reyes testified that no APIA representative or document informed her she was prohibited from receiving a weekly stipend in an amount greater than $195.75. Movant's App'x. pp. 12-13, at 128:4 – 129:3, 130:19 –21. In fact, Ms. Reyes actually received a weekly stipend in an amount greater than $195.75. Movant's App'x. pp. 12-13, at 125:21 – 25, 126:20 – 22, 133:1 – 8.

**CONCLUSION**

For all the foregoing reasons, and those in the papers incorporated herein, APIA respectfully requests that the Court grant the instant Motion in its entirety, together and with such other and further relief as the Court deems just and proper.

---

[16] Plaintiffs' Illinois negligent misrepresentation claims must fail since APIA is not "in the business" of supplying information. *Fox Assocs. V. Robert Half Int'l, Inc.*, 777 N.E.2d 603, 607 (Ill. App. Ct. 2002) (defendant must be "in the business of providing information" to be liable for negligent misrepresentation). Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act claims are time-barred since the alleged deceptive act occurred when Ms. Reyes commenced participation in the au pair program (April 2011) more than three year before the commencement of this action. 815 ILCS 505/10a(e).

Respectfully submitted this 8th day of June, 2018.

s/ *Robert. M. Tucker*

Stephen J. Macri
Robert M. Tucker
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1745 Broadway, 22nd Floor
New York, NY 10019
(212) 492-2071
Email: stephen.macri@ogletree.com
robert.tucker@ogletree.com

***Attorneys for American Institute for Foreign Study d/b/a Au Pair in America***

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on June 8, 2018, I have caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ *Robert M. Tucker*
Robert M. Tucker