**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ,
SARAH CAROLINA AZUELA RASCON,
CATHY CARAMELO,
LINDA ELIZABETH,
GABRIELA PEREZ REYES,
        and those similarly situated,

        Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION,
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA,
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR,
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR,
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR, and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

        Defendants.

---

**PLAINTIFFS' OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO
RECONSIDER ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE THE
SUMMARY JUDGEMENT TESTIMONY OF STANLEY COLVIN, ESQ. [ECF No. 1086]**

---

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

LEGAL STANDARD ..................................................................................................... 2

ARGUMENT .................................................................................................................. 3

I.    DEFENDANTS HAVE NOT IDENTIFIED A BASIS FOR RECONSIDERATION...... 3

    A.    THERE WAS NO MANIFEST INJUSTICE AND NO NEW ARGUMENT.............. 3

    B.    DISAGREEMENT WITH A DECISION IS NOT A BASIS FOR
    RECONSIDERATION................................................................................................ 6

II.   EVEN ASSUMING THE COURT RECONSIDERS ITS ORDER, DEFENDANTS'
ARGUMENTS ARE UNAVAILING. ................................................................................ 8

III.    THE COURT SHOULD AWARD PLAINTIFFS COSTS AND FEES FOR THIS
MOTION. .................................................................................................................. 11

CONCLUSION ........................................................................................................... 12

## INTRODUCTION

Defendants have moved for reconsideration because they disagree with the Court's findings.  There are no new facts.  There is no new law.  There is no old law that the Court overlooked.  The motion for reconsideration is a classic case of misusing procedure to increase the cost of litigation and re-argue an issue already decided.  The Court should deny the motion on procedural grounds and grant Plaintiffs their costs and fees incurred in opposing.

Defendants are also wrong on the merits.  The Court held that Colvin's testimony is based on specialized knowledge and therefore prohibited by FRE 701.  Defendants rebrand "specialized knowledge" as "personal experience," Mot. at 6 (ECF No. 1086), but this creative nomenclature highlights the correctness of the Court's holding.  Lay testimony is based on what the witness did or what they directly perceived.  Expert testimony must be reliable according to prevailing standards in the relevant field.  There is no other kind of witness testimony – and FRE 701 prohibits a witness who does not qualify as an expert from offering their views based on their "personal experiences" as lay evidence.  In short, the "personal experiences" of a former government employee with no authority to speak on behalf of his former agency, and who is being paid to deliver inadmissible legal opinions beneficial to his clients, cannot be admitted as evidence.

The Court should reject Defendants' motion for reconsideration on procedural grounds.  If not, the Court should deny the motion on the merits, reaffirming its prior reasoning.  Even if the Court does not reaffirm based on its prior reasoning, the Court should reaffirm its prior ruling for the other reasons provided by Plaintiffs in their original motion.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).  Where a party's motion seeks reconsideration of a non-final order, that motion falls within the Court's discretionary power to revisit and amend its interlocutory orders as justice requires.  *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n. 2 (10th Cir. 2008) ("The District Court's partial summary judgment ruling was not a final judgment.  Thus, [plaintiff's] motion for reconsideration is considered an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."); *see also Fox v. Pittsburg State University*, No. 14-cv-2606-JAR-KGG, 2016 WL 4919463, at *1 (D. Kan. Sept. 15, 2016) (order excluding summary judgment testimony is non-final and subject to interlocutory review upon reconsideration).

"There are three major grounds justifying reconsideration of an interlocutory order: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  *Kennett v. Bayada Home Health Care, Inc.*, No. 14-cv-02005-CMA-MJW, 2016 WL 374231, at *1-2 (D. Colo. Feb. 1, 2016) (Arguello, J.) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  Concomitantly, a motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Kennett*, 2016 WL 374231, at *2.  However, such motions are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241,

2

1243 (10th Cir. 1991)); *see also Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) ("Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider is not at the disposal of parties who want to rehash old arguments.... [a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence.") (internal quotation marks and citation omitted). "Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare." *Seabron v. American Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012).

## ARGUMENT

## I.    DEFENDANTS HAVE NOT IDENTIFIED A BASIS FOR RECONSIDERATION.

Defendants cite no "intervening change in the controlling law, new or overlooked evidence." *Kennett*, 2016 WL 374231, at *1-2. Rather, they appear to argue that the Court committed manifest injustice by addressing an issue not briefed, and committed clear error by misapplying the law. Even putting aside the merits of Defendants' substantive arguments, these positions fail to meet the procedural requirements for a motion for reconsideration.

### A.  There Was No Manifest Injustice And No New Argument.

Defendants first claim that reconsideration is appropriate because, in excluding Colvin's testimony, the Court "adopt[ed] none of Plaintiffs' arguments," and instead "undert[ook] a different analysis" and cited "authority that largely was not addressed by the parties." Mot. at 2. This claim is both factually false and does not meet the standards for manifest injustice.

Plaintiffs raised precisely the argument that the Court ultimately adopted in excluding Colvin's testimony.  In their underlying motion, Plaintiffs explained that while Colvin appeared to be offering expert testimony on the law, Defendants had improperly classified Colvin as a "fact witness" in order to "sidestep *Specht* **and** FRE 702."  Pl. Mot. at 9 (ECF No. 944) (emphasis added).  Although Plaintiffs focused their argument on Defendants' attempt to avoid *Specht v. Jensen*, 853 F.2d 805, 806 (10th Cir. 1988) (barring attorneys from offering expert testimony on the law under FRE 702), Plaintiffs also cited and quoted two other cases that stand for the proposition regarding "specialized knowledge" that the Court ultimately adopted.  *See* Pl. Mot. at 9 (citing *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d at 1216 (10th Cir. 2011) and *Dowdy v. Coleman Company, Inc.*, 2012 WL 12888581, at *3 (D. Utah Apr. 6, 2012)). In *James River* the court excluded supposed lay testimony because it was actually expert testimony that required specialized knowledge, reasoning that parties cannot "circumvent [FRE] 702 by offering expert testimony as lay opinion."  658 F.3d 1207, 1216.  In *Dowdy*, the plaintiff attempted to avoid Fed. R. Civ. P. 26(a) by labelling an expert as a fact witness.  2012 WL 12888581, at *3.  There the court applied FRE 701's prohibition on lay witness testimony based on "specialized knowledge", and warned that litigants "are prohibited from offering expert testimony cloaked as fact witness testimony."  *Id.*  Indeed, the case cited by the Court here to explain the difference between lay and expert opinion, *LifeWise Master Funding v. Telebank*, 374 F.3d 917 (10th Cir. 2004) (*see* Order at 7), was discussed extensively by the Tenth Circuit in the *James River* case cited by Plaintiffs. *See* 658 F.3d at 1214-15 (*LifeWise* "illustrate[s] the differen[ce] between [FRE] 701 lay opinion testimony and [FRE] 702 expert testimony").

4

Defendants made a strategic decision not to address this caselaw in their opposition, but they did address the issue.  Defendants' opposition disavowed any notion that Colvin had offered expert testimony, and argued that he offered "factual context" about the law.  *See* ECF No. 979 at 3.  The Court's ruling, of course, addressed the scope of permissible "context."  Order at 10-11 (explaining why the "context" in question was actually prohibited "specialized knowledge").  Defendants may now believe that, when they made the strategic choice to defend Colvin on the ground that he was a fact witness, they made an error by ignoring the case law cited by Plaintiffs regarding the limits on permissible fact witness testimony.  Defendants' regret, however, does not justify an attempt to re-write history.  Nor are Defendants' strategic mistakes a basis for reconsideration.  "Courts will not grant relief when the mistake of which the movant complains is the result of an attorney's deliberate litigation tactics." *United States v. Loera*, 182 F. Supp. 3d 1173, 1202 (D.N.M. 2016).

Indeed, even assuming Defendants were correct that the Court decided the underlying motion on grounds not expressly briefed by the parties, that also would not be a basis for reconsideration.  It is black letter law that "[w]hen an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law."  *Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 99 (U.S. 1991).  As a result, courts are free to "consider an issue antecedent to and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief."  *Tomelleri v. MEDL Mobile, Inc.*, 657 Fed. Appx. 793,

795 (10th Cir. 2016) (citing *U.S. Nat'l Bank of Or. V. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993)).

In sum, there has been no manifest injustice. *See Grynberg v. Ivanhoe Energy, Inc.*, No. 08-cv-2528, 2010 WL 2802649, at *3 (D. Colo. July 15, 2010) ("In the context of a motion for reconsideration, a manifest injustice is defined as an error by the court that is direct, obvious, and observable.") (citations omitted); *Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-cv-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (manifest justice must be "apparent to the point of being indisputable") (citations omitted). The Court decided Plaintiffs' motion by accepting an argument contained in Plaintiffs' original briefing and addressed by Defendants in opposition. Even if it did not, the issue was indisputably before the Court and the Court had discretion to consider arguments not expressly raised by the parties.

**B. Disagreement With a Decision Is Not a Basis For Reconsideration.**

Defendants next argue that the Court committed clear error because a "majority of the facts" in Colvin's testimony come from his "personal experiences," which Defendants imagine to be different than those based on the "specialized knowledge" prohibited by FRE 701. Mot. at 9. A motion for reconsideration, however, "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.,* 846 F. Supp. 1482, 1483 (D. Kan.1994), *aff'd,* 43 F.3d 1484 (10th Cir.1994). The Court has already considered how to characterize Colvin's testimony, and properly decided that it cannot be admitted under FRE 701. Defendants' motion seeks to re-litigate that finding.

Courts in the Tenth Circuit concur that a disagreement with the court's reasoning or analysis is not a basis for reconsideration. *See, e.g., Sayed v. Broman*, No. 13-cv-02961-CMA-MJW, 2015 WL 2345638, at *1 (D. Colo. May 14, 2015) (Arguello, J.) ("A disagreement with the court and a mere request that a court rethink a decision it has already made are improper bases for relief under Rule 59(e)."); *Adetomiwa v. Redstone College*, No. 15-cv-01413-PAB-NYW, 2015 WL 9259964, at *1 (D. Colo. Dec. 18, 2015) ("Plaintiff's disagreement with this court's resolution of his motion to recuse does not entitle him to reconsideration."); *Banks v. Katzenmeyer*, No. 13-cv-02599-KLM, 2015 WL 4467373, at *4 (D. Colo. July 22, 2015) (same); *U.S. v. Sims*, 252 F. Supp. 2d 1255, 1264 (D.N.M. 2003) ("Defendant's disagreement with this Court's analysis does not provide a legally sufficient basis to revisit the Prior Opinion.").  Instead, "[w]hen a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute should be dealt with in the normal appellate process."  *Lacefield v. Big Planet,* No. 2:06-CV-844, 2008 WL 2661127, at *1 (D. Utah July 3, 2008).

Defendants do not argue that the Court misidentified the relevant law. Defendants do not argue that the Court adopted an incorrect legal standard. Defendants do not argue that the Court failed to consider an additional relevant legal standard.  Defendants simply disagree with the Court's characterization of Colvin's testimony and, hence, the Court's application of settled law to undisputed facts. Accordingly, their "request that [the C]ourt rethink a decision it has already made [is] improper."  *Sayed*, 2015 WL 2345638, at *1.

II.     **EVEN ASSUMING THE COURT RECONSIDERS ITS ORDER, DEFENDANTS' ARGUMENTS ARE UNAVAILING.**

Defendants disagree with the Court's decision to exclude "all" of Colvin's testimony and claim to "only seek reconsideration with respect to fact testimony of Mr. Colvin." Mot. at 6 n.3, 7. This argument is wrong for three reasons: It is wrong on its own terms, its terms are wrong, and it is wrong as a matter of law.

Defendants' argument is wrong on its own terms. Whatever the distinction between "personal experience" and "specialized knowledge" is supposed to be, the revised declaration offered by Defendants does not adhere to it. Colvin still purports to testify concerning whether "the USIA[] was consistent in its position," what "USIA was particularly concerned with," the importance of uniformity to the *au pair* program, the reasons USIA distributed or amended certain documents, to what those documents were intended to refer, and the DOL's position on the stipend. Mot. at Ex. B ¶¶ 14, 18, 20, 21, 23. Mr. Colvin is neither the USIA, nor the DOL, nor Congress and he cannot have personal experience of their concerns and intentions. This is particularly so when the plain language of the relevant statutes and regulations are available to the parties and the Court.

Defendants' argument is also wrong because the distinction between "personal experience" and "specialized knowledge" is illusory in this context. This is not a case in which Mr. Colvin is testifying about a car accident he witnessed. The sole purpose of his declaration, whether edited or not, is to provide "context" for certain federal statutes, regulations, and agency actions. As the Court bolded in its opinion, testimony is impermissible where it "**reflected specialized knowledge he has because of his extensive experience**." Order at 9 (quoting *Bank of China, N.Y. Branch v. NBM LLC*,

359 F.3d 171, 182 (2d Cir. 2004)).  The Court similarly recognized that at every stage Mr. Colvin emphasized his reliance upon "his long tenure at USIA and DOS" to justify commentary on statutes and regulations.  Order at 10-11 (citing Colvin's declaration and deposition testimony).  There can be no denying that the reason Defendants submitted Colvin's testimony was to use Colvin's specialized experience to add weight to Defendants' claims about the intent behind the laws and regulations governing the *au pair* program.  But the only reason Colvin's views might have any weight on those topics is because he has specialized experience.  Outside the context of expert testimony, that is impermissible.

Finally, Defendants are wrong as a matter of law.  The cases now cited by Defendants are consistent with the Court's entirely correct application of the law.  Mot. at 10-11.  Three of Defendants' cases involve law enforcement or regulatory agents testifying as to the facts of what they observed in the course of government investigations.  *E.g., United States v. Georgiou*, 742 F. Supp. 2d 613, 632 (E.D. Pa. 2010) (undercover SEC agent permitted to "provide[] factual information from his investigation of the stock transactions in this case and summarized that information in his slides and on the witness stand"); *United States v. Rollins*, 544 F.3d 820, 831-32 (7th Cir. 2008) (DEA agent permitted to testify as to his "first-hand perception" of intercepted phone calls); *SEC v. Sabhlok*, 495 F. App'x 786, 787 (9th Cir. 2012) (SEC agents involved in investigation permitted to testify as to their roles; however, allowing them to speak "about general legal and accounting principles" was error – though harmless because exclusion would not have altered the verdict).  The testimony in these cases is fundamentally different than that being offered by Colvin.  Defendants do

not cite Colvin in their summary judgment papers because of specific events he observed or actions he undertook.  Rather, they use his participation in government, and the specialized knowledge he obtained, in order to introduce into evidence his opinions regarding the motivations and intentions of agencies; opinions which are barely-disguised conclusions about the legal questions before the Court.

Defendants' final case, *Gomez v. Rivera Rodriguez,* 344 F.3d 103 (1st Cir. 2003), is also inapposite.  There, government workers in Puerto Rico sued the mayor alleging they were unlawfully fired for political reasons.  Because the mayor's own state of mind was at issue, the court allowed a government employee who worked with the mayor to testify "as to the legal advice that he gave the Mayor," but not as to ultimate conclusions of law.  *Id.* at 114-115 (citing *Specht*, 853 F.2d at 808).  Here, Defendants do not offer Colvin's testimony as that of a percipient witness testifying as to what he himself did or advice that he himself gave.  Rather, they offer it as evidence of what Congress, the DOS, USIA, and the Department of Labor believed to be the meaning of the law – which itself is improper.  *Gomez*, 344 F.3d at 115 (noting that "his testimony was **not admissible** for the purpose of proving what obligations the law imposed upon the Mayor") (emphasis added).  *Gomez*, like the other cases cited by Defendants, exposes the fundamental weakness of Defendants' position: in all of those cases, the witness was testifying as to what he personally saw or did.  Here, Colvin is testifying not as to what he said or did, but rather as to what the Department of Labor, Department of State or Congress meant when it said or did something.  The latter is unquestionably improper.[1]

---

[1]     Defendants' reliance on two cases cited by the Court's Order, *United States v.*

In sum, the Court got it right.  Regardless of what label Defendants use, Colvin's testimony is "undoubtedly based upon specialized knowledge…he had by virtue of his long tenure at USIA and DOS."  Order at 10.  As the Court noted, his declaration contains detailed sections explaining his experience, and that he was retained because of it.  *Id.* at 10-11.  Like the employee in *Vega*, Colvin "could have formed his opinions only by understanding technical laws and DOS regulations."  *Id.* at 11.  His testimony does not merely relay personal observations; he lends "the Court his knowledge of technical regulations and statutes" in order to "provide definitive commentary on the matter."  *Id.* (quoting *Vega,* 813 F.3d at 395).  Were the Court to reverse itself on this point, however, the same result should be reached for the reasons previously briefed in the underlying motion, which Plaintiffs incorporate here (ECF No. 944).  Most notably, it should be excluded because Mr. Colvin offers opinions on topics reserved exclusively to the Court, such as legal interpretations of statutes; Mr. Colvin cannot function as a fact witness because he is being paid to provide testimony helpful to Defendants; and admitting his testimony would be highly prejudicial.

## III.    THE COURT SHOULD AWARD PLAINTIFFS COSTS AND FEES FOR THIS MOTION.

Because Defendants' motion is untethered to the relevant legal standard, and is another attempt to delay this case and increase litigation costs, Plaintiffs seek costs and fees for litigating this motion.  *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988) (awarding fees as a sanction where party's motion to reconsider merely reargued "contentions already considered by th[e] court" and "waste[d] valuable judicial

---

*Vega,* 813 F.3d 386, 393 (1st Cir. 2016) and *Bank of China v. NBM LLC*, 359 F.3d 171, 180 (2d Cir. 2004), is also misplaced.  *See* Mot. at 7-9.  Courts in both instances applied the same legal principles the Court applied here in distinguishing improper expert testimony from proper fact testimony.

resources"). Costs and fees are warranted as the Court has advised against precisely this kind of needless re-litigation of matters already decided. *See* ECF No. 969 at 3 (rejecting Defendants' attempt to seek discovery on an issue "already concluded"); ECF No. 955 at 11 n.2 (declining to "re-explain" prior analysis to Defendants because of "an eye for judicial efficiency").

## **CONCLUSION**

For the foregoing reasons, and those stated in Plaintiffs' underlying motion papers, Plaintiffs respectfully request that the Court deny Defendants' motion to reconsider in its entirety.

Dated: June 14, 2018

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

  /s/ *Byron Pacheco*
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

TOWARDS JUSTICE
Alexander Hood
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org

*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on June 14, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

 /s/ Byron Pacheco
Byron Pacheco