IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ,
SARAH CAROLINE AZUELA RASCON,
CAMILA GABRIELA PEREZ REYES,
CATHY CARAMELO, and
LINDA ELIZABETH,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., *d/b/a* Expert AuPair,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC., *d/b/a* Cultural Care Au Pair,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, *d/b/a/* Aupair Foundation,
AMERICAN INSTITUTE FOR FOREIGN STUDY, *d/b/a* Au Pair in America,
AMERICAN CULTURAL EXCHANGE, LLC, *d/b/a* GoAuPair,
AGENT AU PAIR,
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC, *d/b/a* ProAuPair,
20/20 CARE EXCHANGE, INC., *d/b/a* The International Au Pair Exchange,
ASSOCIATES IN CULTURAL EXCHANGE*, d/b/a* GoAuPair, and
GOAUPAIR OPERATIONS, LLC, *d/b/a* GoAuPair,

    Defendants.

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

The Court addresses in this Order the parties' competing Motions for Summary Judgment, most of which were filed on February 16, 2018:

- Certain Defendants' Joint Motion for Summary Judgment (Doc. # 860);

- Defendant InterExchange. Inc.'s Motion for Summary Judgment (Doc. # 859);

- Defendant Cultural Homestay International's Motion for Summary Judgment (Doc. # 863);

- Defendant GreatAuPair, LLC's Motion for Summary Judgment (Doc. # 864);

- Defendant Expert Group International, Inc.'s Motion for Summary Judgment (Doc. # 866);

- Defendant USAuPair, Inc.'s Motion for Summary Judgment (Doc. # 867);

- Defendant APF Global Exchange, NFP's Motion for Summary Judgment (Doc. # 869);

- Defendant AuPairCare, Inc.'s Motion for Summary Judgment (Doc. # 871);

- Defendant Au Pair International, Inc.'s Motion for Summary Judgment (Doc. # 873);

- Defendant EurAupair InterCultural Child Care Programs' Motion for Summary Judgment (Doc. # 877);

- Defendant Cultural Care, Inc.'s Motion for Summary Judgment (Doc. # 879), and its Supplemental Brief in Support thereof (Doc. # 1097);

- Defendants American Cultural Exchange, LLC's and GoAuPair Operations, LLC's Motion for Summary Judgment (Doc. # 884);

- Defendants A.P.E.X. American Professional Exchange, LLC's and 20/20 Care Exchange, Inc.'s Motion for Summary Judgment (Doc. # 890);

- Defendant American Institute for Foreign Study's Brief in Support of Certain Defendants' Joint Motion for Summary Judgment (Doc. # 1004);

- Plaintiffs' Motion for Summary Judgment (Doc. # 915).

Various Defendants responded to Plaintiffs' Motion for Summary Judgment on March 16, 2018. (Doc. ## 931, 932, 933, 937, 940.) Plaintiffs replied in support of their Motion for Summary Judgment on April 13, 2018. (Doc. # 987.) With the Court's permission (Doc. # 1063), Defendants American Cultural Exchange, LLC and GoAuPair Operations, LLC filed a Joint Sur-Reply in opposition to Plaintiffs' Motion for Summary Judgment on May 3, 2018. (Doc. # 1065.)

Plaintiffs responded to all Defendants' Motions for Summary Judgment in a consolidated Response on March 17, 2018. (Doc. # 946.) Certain Defendants jointly replied in support of their Motions for Summary Judgment on April 13, 2018. (Doc. # 988.)

The Court has repeatedly and extensively explained the factual and procedural background of this class action in previous orders. *See, e.g.*, (Doc. ## 240, 569, 828, 1079.) It declines to do so again here. The Court, having reviewed all filings and relevant case law and being fully advised in the premises, denies all Motions for Summary Judgment.

# I. SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party

4

may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in her favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

## II. DISCUSSION

Upon review of the parties' numerous, lengthy briefings and the evidence referenced therein, the Court determines that genuine issues of material fact preclude the Court from granting any of the Motions to Summary Judgment. Among the numerous genuine issues of material fact:

- Whether an anti-competitive conspiracy existed among and between Defendants to fix *au pairs*' stipends at $195.75, *see* (Doc. # 860 at 5–22; Doc. # 946 at 7–29);

- Whether increased competition in the *au pair* services market would change the market structure and increase *au pairs*' wages, *see* (Doc. # 946 at 57–65);

- Whether RICO Defendants engaged in racketeering activity, such as wire fraud, by conveying false wage information to *au pairs*, s*ee* (Doc. # 859 at 4; Doc. # 946 at 87–88);

- Whether Defendants are joint employers of *au pairs*, *see* (Doc. # 860 at 35–41; Doc. # 915 at 6–13);

- Whether the federal government intended for the statutes and regulations governing the *au pair* program to preempt state and local regulations, *see* (Doc. # 860 at 26–33; Doc. # 946 at 126–37);

As such, no party is entitled to summary judgment.

### III.   CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Certain Defendants' Joint Motion for Summary Judgment (Doc. # 860) is DENIED;

2. Defendant InterExchange. Inc.'s Motion for Summary Judgment (Doc. # 859) is DENIED;

3. Defendant Cultural Homestay International's Motion for Summary Judgment (Doc. # 863) is DENIED;

4. Defendant GreatAuPair, LLC's Motion for Summary Judgment (Doc. # 864) is DENIED;

5. Defendant Expert Group International, Inc.'s Motion for Summary Judgment (Doc. # 866) is DENIED;

6. Defendant USAuPair, Inc.'s Motion for Summary Judgment (Doc. # 867) is DENIED;

7. Defendant APF Global Exchange, NFP's Motion for Summary Judgment (Doc. # 869) is DENIED;

8. Defendant AuPairCare, Inc.'s Motion for Summary Judgment (Doc. # 871) is DENIED;

9. Defendant Au Pair International, Inc.'s Motion for Summary Judgment (Doc. # 873) is DENIED;

10. Defendant EurAupair InterCultural Child Care Programs' Motion for Summary Judgment (Doc. # 877) is DENIED;

11. Defendant Cultural Care, Inc.'s Motion for Summary Judgment (Doc. # 879) is DENIED;

12. Defendants American Cultural Exchange, LLC's and GoAuPair Operations, LLC's Motion for Summary Judgment (Doc. # 884) is DENIED;

13. Defendants A.P.E.X. American Professional Exchange, LLC's and 20/20 Care Exchange, Inc.'s Motion for Summary Judgment (Doc. # 890) is DENIED; and

14. Plaintiffs' Motion for Summary Judgment (Doc. # 915) is DENIED.

DATED: June 19, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge