IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, *et al.*,

    Plaintiffs,

v.

INTEREXCHANGE, INC., *et al.*,

    Defendants.

**CERTAIN DEFENDANTS' UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DECERTIFY THE FLSA CLASSES [ECF NO. 1093] AND TO CERTAIN EXHIBITS FILED IN SUPPORT OF PLAINTIFFS' OPPOSITION [ECF NO. 1094, 1095]**

Pursuant to D.C.COLO.LCivR 7.2 and the Court's direction, Defendants American Institute for Foreign Study d/b/a Au Pair in America ("APIA"), Go Au Pair Operations LLC and American Cultural Exchange, LLC d/b/a Go Au Pair (together, "Go Au Pair"), and Cultural Care, Inc. ("Cultural Care") (collectively, "Moving Defendants") hereby move the Court for an Order restricting public access, under Level 1, to (1) Plaintiffs' Consolidated Opposition to Defendants' Motions to Decertify the FLSA Classes ("Plaintiffs' Opposition") [ECF No. 1093]; and (2) certain exhibits attached to the Declaration of Byron Pacheco in Support of Plaintiffs' Opposition ("Pacheco Declaration") [ECF Nos. 1094, 1095]. In support thereof, Moving Defendants state as follows:

1.    As required by D.C.COLO.LCivR 7.1(a), counsel for Moving Defendants conferred with Plaintiffs' counsel regarding this Motion. Plaintiffs do not oppose the relief requested herein.

2. All parties to this action have stipulated to an Amended Stipulated Protective Order ("Amended Stipulated Protective Order") that is consistent with the requirements set forth in *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, App. A (D. Colo. 2000).

3. The Amended Stipulated Protective Order applies "to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure of discovery duties created by the Federal Rules of Civil Procedure." (Am. Stipulated Protective Order ¶ 1, ECF No. 694.)

4. Under the Amended Stipulated Protective Order, all parties agreed to file documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY under Level 1 restricted access. (*Id.* ¶ 8.)

5. On June 6, 2018, Plaintiffs filed their Opposition and the Pacheco Declaration under Level 1 restricted access. In accordance with D.C.COLO.LCivR 7.2(c)(1) and (2), Moving Defendants identify below the material in Plaintiffs' Opposition and the Pacheco Declaration for which restriction is sought and the interests to be protected as follows:

**Plaintiffs' Opposition**[1]

a. The second full paragraph (except for the first sentence) on page 7 of the Opposition [ECF No. 1093] contains testimony that details APIA's policies and practices related to its relationships with au pairs and host families, constitutes material

---

[1] Moving Defendants are willing to submit a redacted version of the Opposition that omits all confidential and highly confidential information for filing on the public docket.

developed at significant investment of time and expense, and is considered to be of competitive value. Because of the competitively sensitive and confidential business information contained in this portion of Plaintiffs' Opposition, APIA respectfully moves for it to remain under Level 1 restricted access.

  **b.**  The second and third sentences of the first full paragraph on page 8 of Plaintiffs' Opposition [ECF No. 1093] contain testimony that details APIA's policies and practices related to its relationships with au pairs and host families, constitutes material developed at significant investment of time and expense, and is considered to be of competitive value. Because of the competitively sensitive and confidential business information contained in this portion of Plaintiffs' Opposition, APIA respectfully moves for it to remain under Level 1 restricted access.

  **c.**  Footnote 25 on page 29 of the Opposition [ECF No. 1093] contains a quote from an APIA document.  The quote comes from an APIA Internal memorandum to community counselors containing proprietary business information. Because APIA would lose its competitive business advantage if this confidential, proprietary information became public, it respectfully moves for this portion of Plaintiffs' Opposition to remain under Level 1 restricted access.

  **Pacheco Declaration**

  **d.**  **Appendix A (ECF No. 1095-1).** Appendix A contains the deposition transcripts of all 20 FLSA opt-in Plaintiffs deposed by APIA. These transcripts reflect personally identifying information of non-party host family members, as well as information regarding APIA's policies and practices related to its relationships with au

pairs and host families, which APIA considers to be of competitive value. To protect the confidentiality of private third parties, and because APIA would lose its competitive business advantage if this confidential, proprietary information became public, it respectfully moves for Appendix A to remain under Level 1 restricted access. APIA is willing to submit a redacted version of Appendix A that omits all confidential and highly confidential information for filing on the public docket.

  **e.**  **Appendix B (ECF No. 1095-2).** Appendix B contains the deposition transcripts of all 36 FLSA opt-in Plaintiffs deposed by Cultural Care. These transcripts reflect personally identifying information of non-party host family members and Local Childcare Consultants, including some potentially sensitive personal information. Publicizing this information would result in unnecessary disclosure of personal and confidential information. Cultural Care requests that Appendix B remain under Level 1 restricted access, or, in the alternative, is willing to submit versions redacting personally identifying information for public filing.

  **f.**  **Appendix D (ECF No. 1095-4).** Appendix D contains the deposition transcripts of all 14 FLSA opt-in Plaintiffs deposed by Go Au Pair. These transcripts reflect personally identifying information of non-party host family members, including some potentially sensitive personal information. Publicizing this information would result in unnecessary disclosure of personal and confidential information. Go Au Pair requests that Appendix D remain under Level 1 restricted access, or, in the alternative, is willing to submit versions redacting personally identifying information for public filing.

g. **Exhibit 2 (ECF No. 1094-2).** Exhibit 2 is the declaration of named plaintiff Lusapho Hlatshanei, which declaration contains testimony detailing APIA's policies and practices related to its relationships with au pairs and host families. Because APIA would lose its competitive business advantage if this confidential, proprietary information became public, it respectfully moves for Exhibit 2 to remain under Level 1 restricted access. APIA is willing to submit a redacted version of Exhibit 2 that omits all confidential and highly confidential information for filing on the public docket.

h. **Exhibit 3 (ECF No. 1094-3).** Exhibit 3 is the deposition transcript for named plaintiff Lusapho Hlatshanei, which contains testimony that details APIA's policies and practices related to its relationships with au pairs and host families, constitutes material developed at significant investment of time and expense, and is considered to be of competitive value. Because APIA would lose its competitive business advantage if this confidential, proprietary information became public, it respectfully moves for Exhibit 3 to remain under Level 1 restricted access. APIA is willing to submit a redacted version of Exhibit 3 that omits all confidential and highly confidential information for filing on the public docket.

i. **Exhibits 5 and 6 (ECF Nos. 1094-5, 1094-6).** Exhibits 5 and 6 are deposition transcripts of the named plaintiffs Beaudette Deetlefs and Sarah Carolina Azuela Rascon. These exhibits reflect personally identifying information of non-party host family members and Local Childcare Consultants, including some potentially sensitive personal information. Publicizing this information would result in unnecessary disclosure of personal and confidential information. Cultural Care requests that

Exhibits 5 and 6 remain under Level 1 restricted access, or, in the alternative, is willing to submit versions redacting personally identifying information for public filing.

    **j.**    **Exhibit 13 (ECF No. 1094-13).** Exhibit 13 is APIA's orientation packet which contains competitively sensitive APIA guidelines for au pairs. If this information was released to the public, it would irreparably compromise the business standing of AIFS, and expose its proprietary business information. Because APIA would lose its competitive business advantage if this confidential, proprietary information became public, it respectfully moves for Exhibit 13 to remain under Level 1 restricted access.

    **k.**    **Exhibit 14 (ECF No. 1094-14)**. Exhibit 14 is APIA's Fact Sheet and should be restricted from public access because it contains competitively sensitive information related to APIA. Because APIA would lose its competitive business advantage if this confidential, proprietary information became public, it respectfully moves for Exhibit 14 to remain under Level 1 restricted access.

    **l.**    **Exhibit 21 (ECF No. 1094-21).** Exhibit 21 is a stipend response summary that should be restricted from public access because it contains sensitive information related to APIA and host families. APIA requests that Exhibit 21 remain under Level 1 restricted access since it contains confidential, proprietary information which would cause APIA, and potentially third parties, serious injury if it was to be publicly available.

    **m.**    **Exhibit 22 (ECF No. 1094-22).** Exhibit 22 is the January 13, 2017 Expert Report of William O. Kerr, Ph.D. and supporting exhibits. Exhibit 22 contains sensitive and proprietary business information concerning APIA and Cultural Care, as well as the personal identifying information of third parties. Exhibit 22 was originally filed at ECF

No. 560-65. A motion to restrict access with respect to this document was filed at ECF No. 573. The Court granted that motion at ECF No. 583. In accordance with the Court's earlier order, APIA and Cultural Care request that the original, unredacted Exhibit 22 remain under Level 1 restricted access.

**n.** **Exhibit 23 (ECF No. 1094-23).** Exhibit 23 is a compilation of Cultural Care LCC monthly contact reports. The documents were produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order. These reports reflect personal and confidential information about non-party au pairs, host families, and Local Childcare Consultants, including personally identifying information and what appear to be payment records. Publicizing this information would result in unnecessary disclosure of personal and confidential information. Cultural Care requests that Exhibit 23 remains under Level 1 restricted access, or, in the alternative, is willing to submit a version redacting personally identifying information for public filing.

**o.** **Exhibit 24 (ECF No. 1094-24).** Go Au Pair designated the documents that constitute Exhibit 24 as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. These documents provide detailed information regarding Go Au Pair's business, as they reflect raw data and analysis showing the size of Go Au Pair's business and the number of au pairs that come through Go Au Pair's program. As such, Exhibit 24 contains proprietary business information of competitive value and significance. The Court has previously granted Go Au Pair's request to maintain restricted access to this same content. (*See* ECF No. 656 (granting ECF No. 634).)

p.    **Exhibit 27 (ECF No. 1094-27).** Exhibit 27 is an internal memorandum to APIA's community counselors containing proprietary business information. Publicizing this confidential, proprietary information would cause APIA and potentially third parties serious injury.  Because of the competitively sensitive and confidential business information contained within the Exhibit, APIA requests that the Exhibit 27 remain under Level 1 restricted access.

q.    **Exhibit 28 (ECF No. 1094-28).** Exhibit 28 is an executed Host Family Financial Responsibility Agreement. The document was produced by Cultural Care and designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Amended Stipulated Protective Order. Exhibit 28 reflects confidential business information about Cultural Care's agreements with its customers. Publicizing this information would result in unnecessary disclosure of personal and confidential information and would make available Cultural Care's confidential and sensitive business information. Cultural Care requests that Exhibit 28 remains under Level 1 restricted access.

WHEREFORE, for the foregoing reasons, Moving Defendants respectfully request that this Court issue an Order restricting public access, under Level 1, to the foregoing documents.

Dated: June 20, 2018	Respectfully submitted,


<span>	</span>*s/ Natalie West*
<span>	</span>Kathryn A. Reilly
<span>	</span>Brett M. Mull
<span>	</span>V. William Scarpato III
<span>	</span>Natalie West
<span>	</span>Wheeler Trigg O'Donnell LLP
<span>	</span>370 Seventeenth Street, Suite 4500
<span>	</span>Denver, CO  80202-5647
<span>	</span>Telephone:  303.244.1800
<span>	</span>Facsimile:  303.244.1879
<span>	</span>Email:  Reilly@wtotrial.com
<span>	</span>          Mull@wtotrial.com
<span>	</span>          Scarpato@wtotrial.com
<span>	</span>          West@wtotrial.com

***Attorneys for Defendants American Cultural Exchange, LLC d/b/a Go Au Pair and Go Au Pair Operations LLC***

9

        *s/ Lyndsey Kruzer*
Joan A. Lukey
(joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer
(lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane R. Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER
CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

**Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair**

        *s/ Robert M. Tucker*
Stephen J. Macri
(stephen.macri@ogletree.com)
Robert M. Tucker
(robert.tucker@ogletree.com)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1745 Broadway, 22nd Floor
New York, NY 10019
(212) 492-2071

**Attorneys for American Institute for Foreign Study d/b/a Au Pair in America**

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on June 20, 2018, I caused to be electronically filed the foregoing **CERTAIN DEFENDANTS' UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 1) TO PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DECERTIFY THE FLSA CLASSES [ECF NO. 1093] AND TO CERTAIN EXHIBITS FILED IN SUPPORT OF PLAINTIFFS' OPPOSITION [ECF NO. 1094, 1095]** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Natalie West*