**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS; ALEXANDRA IVETTE GONZALEZ;
SARAH CAROLINE AZUELA RASCON; LAURA MEJIA JIMENEZ;
JULIANE HARNING; NICOLE MAPLEDORAM;
CATHY CARAMELO; LINDA ELIZABETH;
CAMILA GABRIELA PEREZ REYES;

and those similarly situated,

    Plaintiffs,

v.

INTEREXCHANGE, INC.; USAUPAIR, INC.;
GREATAUPAIR, LLC; EXPERT GROUP INTERNATIONAL INC.,
DBA EXPERT AUPAIR; EURAUPAIR INTERCULTURAL CHILD CARE
PROGRAMS; CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.; AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
ASSOCIATES IN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

    Defendants.

**REPLY IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO RECONSIDER
ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE THE SUMMARY
JUDGMENT TESTIMONY OF STANLEY COLVIN, ESQ. [ECF NO. 1079]**

Defendants Agent Au Pair; American Cultural Exchange, LLC d/b/a Go Au Pair; American Institute for Foreign Study d/b/a Au Pair in America; APF Global Exchange, NFP; AuPairCare, Inc.; Cultural Care, Inc. d/b/a Cultural Care Au Pair; Cultural Homestay International; EurAuPair Intercultural Child Care Programs; Expert Group International, Inc. d/b/a Expert Au Pair; Go Au Pair Operations; GreatAuPair, LLC; InterExchange, Inc.; and USAuPair, Inc. (collectively, "Defendants") submit this reply brief relating to their Motion to Reconsider Order Granting Plaintiffs' Motion to Exclude the Summary Judgment Testimony of Stanley Colvin, Esq., ECF No. 1086 (the "Reconsideration Motion") and in response to Plaintiffs' brief in opposition, ECF No. 1101 (the "Opposition").

The thrust of the instant motion, seeking reconsideration of the exclusion of Mr. Colvin's testimony for the purposes of Defendants' summary judgment motions, appears to have been rendered moot by the Court's June 19, 2018 order denying the parties' motions, ECF No. 1102 (the "Summary Judgment Order"). Defendants therefore file this short reply to respond to the new matter asserted in the Opposition, specifically Plaintiffs' request for fees and costs (*see* Opposition at 11-12), and to preclude any waiver argument related to Defendants' proffering Mr. Colvin's factual testimony at trial. As the Summary Judgment Order has made clear, there is a genuine issue of material fact as to "[w]hether the federal government intended for the statutes and regulations governing the *au pair* program to preempt state and local regulations," and Mr. Colvin's percipient testimony bears on precisely that issue. Summary Judgment Order at 6 (citations omitted).

1

## THERE IS NO LEGAL BASIS FOR PLAINTIFFS TO SEEK COSTS AND FEES

Plaintiffs conclude their Opposition with baseless allegations that Defendants are seeking to delay this case and increase litigation costs and that the Reconsideration Motion is unfounded, all without offering a single factual point in support. As discussed in the Reconsideration Motion (*see id.* at 5), Plaintiffs, Defendants, and the Court *sua sponte* have each identified grounds for reconsideration of prior orders at times during this litigation. Indeed, Plaintiffs' Opposition agrees that an order excluding summary judgment testimony is an interlocutory, non-final order that may be reconsidered by the Court at any time prior to the entry of Judgment. *See* Opposition at 2. The Court has plenary authority to reconsider such orders:

> In short, a district court can use whatever standard it wants to review a motion to reconsider an interlocutory order. It can review the earlier ruling de novo and essentially reanalyze the earlier motion from scratch, it can review the ruling de novo but limit its review, it can require parties to establish one of the law-of-the-case grounds, or it can refuse to entertain motions to reconsider altogether.

Order on Jt. Report re: Proposed R.23 Notif. Plan at 6, ECF No. 977 (quoting *Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015)).

Defendants do not merely "disagree" with the Order. *See* Opposition at 6-7. Rather, the Reconsideration Motion raises legal arguments that were not addressed by either party in the initial briefing because the Court ruled on a basis that was not raised by either party. Specifically, the Court excluded Stanley Colvin's testimony from the summary judgment record on the ground that it was not admissible as lay opinion testimony pursuant to Rules 701(c) and 702 of the Federal Rules of Evidence because

2

it is based upon specialized knowledge. Neither party had addressed that argument in their initial briefing, and the arguments that the parties did address do not appear to have been reached by the Court.

In that regard, Plaintiffs' own authority supports the propriety of the Reconsideration Motion. *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) ("A motion to reconsider is proper when the court has obviously misapprehended a party's position, the facts or the law, or *has decided issues outside of those presented in the original motion*.") (emphasis added);[1] *Sayed v. Broman*, No. 13-cv-02961-CMA-MJW, 2015 WL 2345638, at *2 (D. Colo. May 14, 2015) ("[A] motion to alter or amend . . . that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to Fed. R. Civ. P. 59(e)."); *accord Adetomiwa v. Redstone Coll.*, No. 15-cv-01413-PAB-NYW, 2015 WL 9259964, at *1 (D. Colo. Dec. 18, 2015) (citing no "basis for this court to determine that her [prior order] was clearly in error"); *Banks v. Katzenmeyer*, No. 13-cv-02599-KLM, 2015 WL 4467373, at *3-4 (D. Colo. July 22, 2015) (same); *Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah June 30, 2008) (same); *United States v. Sims*, 252 F. Supp. 2d 1255, 1261 (D.N.M. 2003) (same).

Moreover, Plaintiffs agree that the Reconsideration Motion correctly identified the law, reaffirming the authority that Defendants have cited, although seeking to distinguish

---

[1] In fact, the district court in *Voelkel* did reconsider its prior order, treating the reconsideration motion as a renewed motion for summary judgment and entering judgment for defendants. *See* 846 F. Supp. at 1484-85.

3

it. *See* Opposition at 9-11 & n.1.[2] While Plaintiffs may disagree with Defendants' requested relief, that does not mean that a motion adverse to Plaintiffs' position is frivolous and requires sanctions.

The Reconsideration Motion is proper as a matter of procedure and substance and is supported by good law. It has not delayed these proceedings, and it has not increased costs any more than have the multiple reconsideration motions previously filed by Plaintiffs in this case. Defendants have not offered "a nearly verbatim reiteration of [their] earlier arguments," and there is no cause to assert costs and fees under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or any other legal standard (noticeably absent from Plaintiffs' brief). *Contrast Shields v. Shetler*, 120 F.R.D. 123, 126, 127 (D. Colo. 1988) (denying reconsideration motion as frivolous because it offered no new arguments or authority, and imposing sanctions for bad faith and vexatious litigation conduct).

For the foregoing reasons, Plaintiffs' requests for costs and fees associated with responding to the Reconsideration Motion should be denied.

---

[2] Plaintiffs' arguments, however, do not square with the undisputed facts surrounding Mr. Colvin's testimony: He personally drafted or edited many of the regulatory documents that inform the parties' claims and defenses, and he personally observed how the USIA, the DOS, the United States Department of Labor, and Congress took specific actions or declined to take other actions with respect to the management, oversight, and supervision of the J-1 Au Pair Program.

4

| | |
|---|---|
| Dated: June 28, 2018 | Respectfully submitted,<br><br>*s/ Diane R. Hazel*<br>Joan A. Lukey (joan.lukey@choate.com)<br>Robert M. Buchanan, Jr. (rbuchanan@choate.com)<br>Michael T. Gass (mgass@choate.com)<br>Justin J. Wolosz (jwolosz@choate.com<br>Lyndsey M. Kruzer (lkruzer@choate.com)<br>CHOATE HALL & STEWART LLP<br>Two International Place<br>Boston, Massachusetts 02110<br>Telephone: (617) 248-4790<br><br>James M. Lyons (jlyons@lrrc.com)<br>Jessica L. Fuller (jfuller@lrrc.com)<br>Diane R. Hazel (dhazel@lrrc.com)<br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>One Tabor Center, Suite 3000<br>1200 Seventeenth Street<br>Denver, CO 80202<br>Tel: (303) 623-9000<br>Fax: (303) 623-9222<br><br>***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***<br><br><br>*s/ Kathryn A. Reilly*<br>Kathryn A. Reilly (reilly@wtotrial.com)<br>Brett M. Mull (mull@wtotrial.com)<br>Natalie E. West (west@wtotrial.com)<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202-5647<br><br>***Attorneys for Defendants Agent Au Pair, Go Au Pair Operations, and American Cultural Exchange, LLC d/b/a Go Au Pair*** |

5

*s/ James E. Hartley*
James E. Hartley
(jhartley@hollandhart.com)
Jonathan S. Bender
(jsbender@hollandhart.com)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202

Adam A. Hubbard
(aahubbard@hollandhart.com)
Holland & Hart LLP
1800 Broadway, Suite 300
Boulder, CO 80302

**Attorneys for Defendant Cultural Homestay International**


*s/ Susan M. Schaecher*
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

**Attorneys for Defendants APF Global Exchange, NFP**


*s/ Stephen J. Macri*
Stephen J. Macri
(Stephen.macri@ogletree.com)
Joseph B. Cartafalsa
(joseph.cartafalsa@ogletree.com)
Robert M. Tucker
(robert.tucker@ogletree.com)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1745 Broadway, 22nd Floor
New York, NY 10019
(212) 492-2071

6

*s/ Eric J. Stock*
Eric J. Stock
(estock@gibsondunn.com)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-2301

***Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in America***

*s/ Bogdan Enica*
Bogdan Enica
(Bogdan@expertaupair.com)
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701

***Attorney for Defendant Expert Group International, Inc. d/b/a Expert Au Pair***

*s/ Peggy E. Kozal*
Peggy E. Kozal
(pkozal@gordonrees.com)
Thomas Baker Quinn
(tquinn@gordonrees.com)
Nathan A. Huey
(nhuey@gordonrees.com)
Heather K. Kelly
(hkelly@gordonrees.com)
Gordon & Rees LLP
555 17th Street, Suite 3400
Denver, CO 80202

***Attorneys for Defendant AuPairCare, Inc.***

*s/ Martha L. Fitzgerald*
Martha L. Fitzgerald
(mfitzgerald@bhfs.com)
David B. Meschke
(dmeschke@bhfs.com)
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432

**Attorneys for Defendant**
**EurAuPair Intercultural Child Care Programs**

*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
(bcolaizzi@shermanhoward.com)
Heather F. Vickles
(hvickles@shermanhoward.com)
Raymond M. Deeny
(rdeeny@shermanhoward.com)
Joseph Hunt
(jhunt@shermanhoward.com)
Alyssa L. Levy
(alevy@shermanhoward.com)
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

**Attorneys for Defendant**
**InterExchange, Inc.**

*s/ William J. Kelly III*
William J. Kelly III
(wkelly@kellywalkerlaw.com)
Chandra Marie Feldkamp
(cfeldkamp@kellywalkerlaw.com)
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202

***Attorneys for Defendant
USAuPair, Inc.***


*s/ Meshach Y. Rhoades*
Meshach Y. Rhoades
(mrhoades@armstrongteasdale.com)
Martin J. Estevao
(mestevao@armstrongteasdale.com)
1700 Broadway, Suite 2100
Denver, CO 80290-2101
(720) 722-7195

***Attorneys for Defendant
GreatAuPair, LLC***

## **CERTIFICATE OF SERVICE (CM/ECF)**

   I hereby certify that on June 28, 2018, I have caused to be electronically filed the foregoing REPLY IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO RECONSIDER ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE THE SUMMARY JUDGMENT TESTIMONY OF STANLEY COLVIN, ESQ. [ECF NO. 1079] with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

              *s/ Diane R. Hazel*