**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS; ALEXANDRA IVETTE GONZALEZ;
SARAH CAROLINE AZUELA RASCON; LAURA MEJIA JIMENEZ;
JULIANE HARNING; NICOLE MAPLEDORAM;
CATHY CARAMELO; LINDA ELIZABETH;
CAMILA GABRIELA PEREZ REYES;

and those similarly situated,

Plaintiffs,

v.

INTEREXCHANGE, INC.; USAUPAIR, INC.;
GREATAUPAIR, LLC; EXPERT GROUP INTERNATIONAL INC.,
DBA EXPERT AUPAIR; EURAUPAIR INTERCULTURAL CHILD CARE
PROGRAMS; CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.; AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
ASSOCIATES IN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

Defendants.

---

**DEFENDANT CULTURAL CARE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DECERTIFY COLLECTIVE ACTION [ECF NO. 1068]**

---

## INTRODUCTION

Plaintiffs' sixty-page Opposition brief does nothing to remedy the deficiency that has plagued their FLSA claims since the inception of the case: Plaintiffs seek to maintain a massive wage-and-hour class action without knowing the hours worked and compensation received by their putative class members. Opposition, ECF No. 1093. In an effort to obscure this deficiency, Plaintiffs make sweeping generalizations regarding the au pair experience and conflate various legal arguments; but at bottom, it would be fundamentally unfair to allow Plaintiffs to proceed on a class-wide basis, when they have no way of identifying which class members were allegedly damaged or, for those who allegedly were injured, what the nature and extent of the damages are.

In this reply brief, Defendant Cultural Care, Inc. ("CCI") will address the key errors of fact and law in Plaintiffs' Opposition. For the reasons stated herein and those set forth in CCI's Motion, ECF No. 1068, the collective action should be decertified.

## REPLY REGARDING FACTS SUPPORTING CCI's MOTION

In CCI's Motion, CCI set forth the factual basis for its request to decertify, including several examples of variation in hours worked and compensation received by Opt-In Plaintiffs sponsored by CCI. Unable to deny these facts – which came from Opt-In Plaintiffs themselves – Plaintiffs argue that the Court should ignore this evidence because the au pairs selected for deposition were "handpicked," rather than selected by a lottery process. Opp. at 9. However, variation is variation, and Courts regularly allow discovery of opt-in plaintiffs without a random sample. *See In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, No. 06-cv-17430-WYD-CBS, 2009 WL 1120293, at *2 (D. Colo.

Apr. 27, 2009) (defendant was "entitled to chose [sic] which Plaintiffs it will serve with written discovery or depose"); *Goodman v. Burlington Coat Factory Warehouse Corp*., 292 F.R.D. 230, 233 (D.N.J. Aug. 15, 2013) (denying plaintiffs' request to select deponents "randomly" and stating that the "Court does not believe it is appropriate to dictate to defendants who they must depose. Just as defendants have the right to sequence discovery as they deem appropriate . . . defendants also have the right to depose who they want."); *Oropeza v. AppleIllinois, LLC*, No. 06 C 7097, 2010 WL 3034247, at *6 (N.D. Ill. Aug. 3, 2010) (ordering both plaintiffs and defendants to choose which opt-in plaintiffs to depose because "the time it would take to design such a [random sample] would only further delay completing discovery and the ultimate resolution of [the] case."). Plaintiffs have no basis for saying that CCI was required to engage in random sampling, which would have proven difficult given statutes preventing depositions in certain countries, and could have required both parties to expend even more resources on travel. *See* Order on Depositions of FLSA Opt-In Class Members at 3, ECF No. 969 (April 4, 2018). In any event, the evidence in the Motion was offered directly by class members who *chose* to opt in to this lawsuit. This evidence is highly probative and should be considered by the Court in determining whether certification is proper.

## ARGUMENT

Plaintiffs' Opposition (1) ignores variations in the putative classes borne out by the evidentiary record, (2) attempts to ignore their burden of proving their claims against each defendant by lumping defendants together, and (3) formulates broad, sweeping

questions in an attempt to ignore individual variation and manufacture common questions. This Court should look past these tactics, and hold Plaintiffs to their burden of proving that the FLSA class should be certified.

## I. Plaintiffs Are Incorrect in Asserting That the Court Should Deny the Motion Because It Allowed Plaintiffs' Rule 23 Motion.

Plaintiffs' primary argument is that the Court should deny CCI's Decertification Motion because it decided Plaintiffs' Rule 23 Motion in their favor. This circular argument fails for two main reasons. First, the Parties briefed and the Court decided the Rule 23 Motion without the advantage of opt-in discovery. *See* Plaintiffs' Motion for Rule 23 Certification, ECF No. 559 (filed June 3, 2017); Order Granting in Part and Denying in Part Plaintiffs' Rule 23 Class Certification, ECF No. 828 (February 2, 2018). As discussed in CCI's Motion and herein, opt-in discovery revealed meaningful variation among Opt-In Plaintiffs that must be considered at the decertification phase. Indeed, this Court recognized the importance of gathering and considering such evidence in its order granting conditional certification. *See* Second Amended Order Granting Motion for Conditional Collective Action Certification at 9, ECF No. 569 ("The Court recognizes that additional discovery might bolster existing evidence of material differences between the Plaintiffs and putative class members. More searching scrutiny will be warranted at the close of discovery but, at this early phase, the interests of justice and judicial economy counsel in favor of certification."). Between December 2017 and April 2018, CCI deposed 36 Opt-In Plaintiffs and received survey responses (in lieu of formal discovery) from 953 Plaintiffs. The Court must now consider this evidence and apply greater scrutiny in determining whether certification is proper.

Second, Rule 23 certification does not require a Court to maintain a conditionally certified FLSA class. To the contrary, courts have decertified a conditionally certified FLSA class *and* the corresponding Rule 23 class after the Rule 23 class had initially been certified.[1] In *Weil v. Metal Techs., Inc.*, for example, the court conditionally certified an FLSA collective action and certified a Rule 23 class action based on alleged wage violations. 260 F. Supp. 3d 1002, 1019-20 (S.D. Ind. 2017). The plaintiffs alleged that they were wrongfully paid only for scheduled shift times, and not for the entire time from when they clocked in until when they clocked out. *Id.* at 1012. After the conditional certification and Rule 23 certification, discovery of the opt-in plaintiffs revealed variation among plaintiffs of whether they actually performed work while clocked in and, if so, what the nature of the work was. *Id.* at 1008-09. As a result, the court found that decertification of the Rule 23 and FLSA classes was necessary because the plaintiffs did not show they were subject to a common wage violation. *Id.* at 1022; *see also Blair v. Transam Trucking, Inc.,* -- F. Supp. 3d --, No. 09-2443-EFM-KGG, 2018 WL 1523101, at *24-25, *31 (D. Kan. Mar. 28, 2018) (decertifying both Rule 23 and 216(b) classes because the there was no common proof to demonstrate injury for all class members in the Rule 23 class, and the 216(b) class was not similarly

---

[1] Rule 23 certification is not final. *See Gen. Tel. Co. of SW v. Falcon,* 457 U.S. 147, 160 (1982) ("the judge remains free to modify [a Rule 23 class certification] in light of subsequent developments in the litigation."). Such a modification includes the ability to decertify. *See Eggleston v. Chi. Journeymen Plumbers' Local Union* No. 130, 657 F.2d 890, 896 (7th Cir. 1981) ("a favorable class determination by the court is not cast in stone. If the certification of the class is later deemed to be improvident, the court may decertify…"). CCI intends to move to decertify the Rule 23 state labor classes, based, in part, on some of the same evidence presented in their Motion.

situated).

## II. Plaintiffs Cannot Establish Liability or Damages on a Class-Wide Basis Without Knowing What Hours Au Pairs Actually Worked.

### A. Plaintiffs Cannot Show Liability on a Class-Wide Basis.

Plaintiffs cannot show liability on a class-wide basis because members of the conditionally certified class did not all work enough hours to have minimum wage and/or overtime claims. Even by Plaintiffs' own self-reported data, nearly 30% did not work, on average, over 40 hours per week. *See* Motion at 13. Moreover, some Opt-In Plaintiffs report working so few hours that, even if Plaintiffs could prove the room and board credit was illegal – which they cannot – they would still not have a minimum wage claim. *See, e.g.*, Motion at 12-13 n. 8 (citing au pairs who worked fewer than 27 hours per week).

Plaintiffs attempt to sidestep the key issue – that too much variation in hours exists to show liability on a class-wide basis – by arguing that the DOS Regulations form a "reasonable agreement" that requires host families to pay au pairs as if they worked 45 hours each week. As CCI detailed in its Motion, Plaintiffs cannot maintain a collective action based upon the DOS Regulations because (a) Plaintiffs have not brought an action to enforce DOS Regulations; and (b) to prove violation of the FLSA, Plaintiffs must show that the Opt-Ins *actually worked* the time. *See* Motion at 10-14.

Moreover, Plaintiffs' allegations of a "reasonable agreement," as presented in their Opposition, would necessitate an individualized inquiry. Any agreement that exists concerning the hours of childcare provided or the stipend paid is an agreement between each host family and its au pair. Indeed, each Opt-In Plaintiff has a different employer-in-fact, and Plaintiffs have presented no evidence concerning agreements among these

parties. Plaintiffs have no basis for their contention that each au pair and host family have agreed the au pair will provide 45 hours of care for $195.75. A number of host families informed au pairs before matching that the au pair would work considerably fewer than 45 hours per week.[2] Likewise, Plaintiffs' self-reported data shows that host families and au pairs agree to a wide range of hours for varying stipends. *See* Motion at 12-13; *see also* O'Keefe Decl. ¶¶ 11-12, ECF No. 1068-36 (May 9, 2018).

### B. Damages Are Relevant to the Certification Decision.

Plaintiffs likewise cannot prove damages on a classwide basis, which is fatal to their attempt to maintain the FLSA collective action. Even if Plaintiffs could show liability on a classwide basis, which they cannot, the question of damages would be highly individualized. As discussed in the Motion, there is no classwide source of information concerning hours worked and stipends paid. *See* Motion at 13. Indeed, even when surveyed, 89% of Plaintiffs did not respond to provide their stipend or hours meaning there is *no data at all* available for nearly nine out of ten putative class members. *See* ECF No. 1068-36 at ¶ 10. Because the determination of damages would require individualized inquires, decertification is proper to ensure fairness and manageability. *See Hernandez v. United Auto Credit Corp.,* No. C-08-03404 RMW,

[2] *See, e.g.,* Ex. 1, Pavot HF App. (CC00035827) (estimated work week of 34 hours on host family application); Ex. 2, Mhlanzi HF App. (CC00037817) (estimated work week of 30 hours on host family application); Ex. 3, Ellis HF App. (CC00037879) (estimated work week of 31.30 hours on host family application); Ex. 4, Montanari HF App. (CC00038120) (estimated work week of 25.45 hours on host family application); Ex. 5, Di Marco HF App. (CC00035885) (estimated work week of 32 hours); Ex. 6, Kruschwitz HF App. (CC00035942) (estimated work week of 20.45 hours); Ex. 7, Escalante HF App. 2 (CC00036338) (estimated work week of 25 hours); Ex. 8, Cunnane HF App. (CC00037602) (estimated work week of 33.30 hours); Ex. 9, Ruehl HF App. (CC00036870) (estimated work week of 28.45 hours).

2010 WL 1337702, at *5 (N.D. Cal. April 2, 2010) ("where there appears to be substantially different employment experiences among the various [plaintiffs], the procedural advantages of a collective action cannot be realized… It is difficult to see how a class action could proceed fairly and efficiently, given that each plaintiff's work situation will have to be examined to see what duties he or she performed.").

### C. Plaintiffs Cannot Choose to Frame Their Common Questions of Law to Achieve Class Certification.

The Supreme Court has made clear that it is not the existence of a common question that matters, but rather the "'capacity of a classwide proceeding to generate common *answers*[.]'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). As the Court noted, "'[a]ny competently crafted class complaint literally raises common 'questions.''" *Id.* at 349. Plaintiffs cannot gloss the issues in this case as common by saying it is a common question, for example, whether au pairs were underpaid without acknowledging that to *resolve* that common question would necessarily involve a multitude of individual inquiries such as joint-employment, the schedule an au pair worked, what they were paid, and the value of the room and board they received.

Courts in the Tenth Circuit have mirrored this reasoning, finding "the phrasing of plaintiffs' question is not dispositive." *See, e.g., Frederick v. S. Star Cent. Gas Pipeline, Inc.*, No. 10-1063-JAR, 2011 WL 3880902, at *3 (D. Kan. Sep. 2, 2011)*; see also Burdette v. Vigindustries, Inc.*, No. 10-1083-JAR, 2012 WL 405621, at *12 (D. Kan. Feb. 8, 2012). Ignoring the specific phrasing of Plaintiffs' allegedly common questions, it is hard to imagine a scenario where thousands of plaintiffs placed in thousands of different homes who worked different schedules for different families and received different

stipend amounts could ultimately be found "common" enough for class-wide treatment to be suitable. As explained above, even if common *questions* exist in this scenario, there are no common *answers* which, as the Supreme Court explained in *Dukes*, is the touchstone of the inquiry.

## III. Certification is Procedurally Unfair to CCI.

Plaintiffs argue in their Opposition that class certification is procedurally beneficial to Plaintiffs. However, the Opposition is completely silent on the *unfairness* to defendants, and CCI in particular, of proceeding collectively. Courts are clear that the reduction in cost to plaintiffs and any increased judicial utility "must . . . [be balanced against] the cost of any potential detriment to the defendant and the potential for judicial inefficiency that could stem from collective treatment." *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1134 (N.D. Cal. 2011). The myriad individual inquiries necessitated by the nature of Plaintiffs' claims would make "[p]roceeding collectively in this case . . . unmanageable, chaotic and counterproductive." *Reed v. City of Orange*, 266 F.R.D. 446, 462 (C.D. Cal. 2010).

There is a clear detriment to CCI in this case. Plaintiffs themselves are unable to manage the sheer complexity of the causes of action they seek to maintain. The opposition brief repeatedly speaks to "Defendants" and aggregates them even though the claims must be proven with respect to each defendant. *See* Opp. at 1 ("Defendants took 89 depositions of FLSA opt-ins."), 2 (referring to *Defendants*' "best conceivable record"). Despite having nominally separate sections in their brief for each FLSA defendant, it is clear that Plaintiffs desire Defendants to be treated as a single entity in

this instance. But, each defendant has separate policies, procedures, and documentation. It would be procedurally unfair for CCI to have to defend against the policies, procedures, and documents of any other defendant. Further, as CCI has repeatedly maintained, it is *not* a joint-employer. CCI has no records of hours worked or stipend paid and thus is deprived of the traditional and accepted manner of defending against a class. This is a symptom of the reality that a putative class consisting of thousands of employees at thousands of different work sites managed and employed by thousands of different people is not suitable for class treatment.[3] *See Reed*, 266 F.R.D. at 462 (finding "Plaintiffs' varying factual and employment settings and the lack of substantial evidence that Plaintiffs were subjected to a uniform decision, policy or practice" precluded class treatment).

**IV. The Statute of Limitations Should Not Be Equitably Tolled.**

It is Plaintiffs' burden to show that (a) equitable tolling applies and (b) that determination can be made collectively rather than on an individual basis. *Chavez v. Milyard*, No. 10-cv-01122-BNB, 2010 WL 3155997, at *3 (D. Colo. Aug. 5, 2010) (Arguello, J); *Blair v. TransAm Trucking, Inc*, 2018 WL 1523101, at *27 (D. Kan. Mar. 28, 2018). The factual record in this case plainly shows Plaintiffs have failed to meet the high bar for equitable tolling. Equitable tolling is to be applied "sparingly." *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181 (D. Colo. 2012). It is only appropriate "when the defendant's conduct rises to the level of active deception; where

[3] Indeed, for Plaintiffs to establish – and Defendants to refute – the hours and compensation information that they have been unable to show to date, thousands of host families may need to provide testimony for trial.

a plaintiff has been lulled into inaction by a defendant, and 'likewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights.'" *U.S. v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (quoting *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996)). An alleged "misinterpretation of the applicable law and actions reliant upon that interpretation are not grounds for tolling the statute of limitations under the FLSA." *Redmond v. Chains*, Inc., 996 P.2d 759, 763-64 (Colo. App. 2000) (citing *Shunney v. Fuller Co.*, 111 F. Supp. 543 (D.R.I. 1953) (FLSA statute of limitations is not tolled where alleged misrepresentations were misrepresentations of law)). Consistent with this principle, equitable tolling is not warranted, for example, simply because an employer allegedly represents to employees that they are not entitled to overtime pay. *See Hart v. Sandridge Energy, Inc.*, No. CIV-14-178-R, 2014 WL 2983358, at *2-3 (W.D. Okla. July 1, 2014). Moreover, Plaintiffs have not shown that the misrepresentations they allege were made on a classwide basis.

Given the foregoing, Plaintiffs have not raised facts sufficient to justify the "extraordinary" remedy of equitable tolling.

## CONCLUSION

For the foregoing reasons and those set forth in CCI's Motion, CCI respectfully requests that the Court enter an order decertifying the conditionally certified collective action in this case.

Dated: July 11, 2018

Respectfully Submitted,

*s/ Diane R. Hazel*

Joan A. Lukey (joan.lukey@choate.com)
Robert M. Buchanan, Jr. (rbuchanan@choate.com)
Michael T. Gass (mgass@choate.com)
Justin J. Wolosz (jwolosz@choate.com
Lyndsey M. Kruzer (lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane R. Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on July 11, 2018, I have caused to be electronically filed the foregoing DEFENDANT CULTURAL CARE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DECERTIFY COLLECTIVE ACTION [ECF NO. 1068] with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

*s/ Diane R. Hazel*