# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ,
SARAH CAROLINA AZUELA RASCON,
CATHY CARAMELO,
LINDA ELIZABETH,
GABRIELA PEREZ REYES,
    and those similarly situated,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION,
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA,
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR,
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR,
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR, and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

    Defendants.

---

# PLAINTIFFS' MOTION TO CLARIFY ORDER DENYING
# MOTIONS FOR SUMMARY JUDGMENT [ECF No. 1102]

---

## <u>TABLE OF CONTENTS</u>

INTRODUCTION.............................................................................................................. 1

LEGAL STANDARD....................................................................................................... 6

ARGUMENT................................................................................................................... 6

I.    PREEMPTION IS A PURELY LEGAL ISSUE. ......................................................... 6

II.    THE COURT SHOULD RESOLVE THE TENSION BETWEEN THE ORDER AND ITS PRIOR RULINGS. ................................................................................................... 9

CONCLUSION ............................................................................................................. 12

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO. LCivR 7.1(A)**

Pursuant to D.C.Colo.LCivR 7.1(a), Plaintiffs conferred by email with counsel for Defendants on July 16 and 17, 2018 (and by telephone with counsel for Cultural Care, Inc.). Defendants AuPairCare, Inc., Cultural Care, Inc., InterExchange, Inc., Expert AuPair, and APF Global Exchange indicated that they oppose the motion; the remaining Defendants did not respond prior to filing.

**INTRODUCTION**

Plaintiffs seek clarification of the Court's holding regarding preemption in its June 19, 2018 Order Denying Motions for Summary Judgment (the "Order"). The Court held that "genuine issues of material fact preclude the Court from granting any of the Motions for Summary Judgment," including "[w]hether the federal government intended for the statutes and regulations governing the *au pair* program to preempt state and local regulations, *see* (Doc. # 860 at 26-33; Doc. # 946 at 126-137)." This Order's holding regarding preemption appears inconsistent with several prior orders of this Court. In particular, the Court has three times held that Defendants' preemption defense fails as a matter of law. The Court has also twice endorsed the proposition that preemption is not subject to factual discovery because it presents only pure issues of law–as have Defendants. Given these prior rulings, the notion that preemption (i) remains a live dispute in this case, and (ii) that it must be resolved by presenting "genuine issues of material fact" to a factfinder has caused considerable confusion. Plaintiffs' concern is practical: the tension between the Court's orders has caused significant confusion as the parties consider trial strategies. Additional action by the Court is appropriate to clarify the record to enable the parties to adequately prepare for trial.

1

**Procedural History**

Defendants first raised preemption as an affirmative defense in a raft of motions to dismiss.  *See* ECF Nos. 127 at 12-17, 130 at 8-12, 131 at 5, 136 at 4-6.  While those motions were pending, Defendants also filed a raft of motions to stay discovery pending resolution of their motions to dismiss.  *See* ECF Nos. 160, 162, 164, 166.  Defendants reasoned that because their motions to dismiss raised purely legal issues that could resolve the entire case in their favor (including preemption), Plaintiffs would not be prejudiced by a stay, whereas Defendants would suffer prejudice by having to participate in such discovery.  *See, e.g.,* ECF Nos. 160 at 9-10, 164 at 9-11.

Defendant Cultural Care explained that a stay was appropriate because it had "request[ed] dismissal of all Plaintiffs' claims based on threshold legal issues," including because Plaintiffs' state-law wage claims and other state common law claims "are preempted by federal law."  ECF No. 160 at 9-10.  Defendants InterExchange, Go Au Pair, and AIFS likewise argued that a discovery stay was warranted because the "Motions to Dismiss raise substantive threshold legal issues that, if resolved in Moving Defendants' favor, would substantially, if not completely, resolve this case", including that Plaintiffs' claims "are preempted by federal law."  ECF No. 164 at 5.  They reiterated that the "preemption issue is not a pleading deficiency, but rather a substantive argument that would resolve the claims completely."  *Id.* at 10.

Magistrate Judge Tafoya held a hearing on Defendants' motions to stay, where Defendants reiterated that discovery should be stayed because they sought dismissal based on legal defenses, including preemption.  *See* ECF No. 218 (July 6, 2015 Hearing Tr. at 20:9-17).  In light of the Defendants' purported legal defenses in their

motion to dismiss, Judge Tafoya agreed that the burdens of discovery on Defendants outweighed the prejudice to Plaintiffs, and stayed discovery pending resolution of the motions to dismiss.  *Id.* at 16:25-18:13, 48:13-54:1; *see also* ECF No. 198.

On February 22, 2016, Magistrate Judge Tafoya issued a report and recommendation largely denying Defendants' motion to dismiss.  *See* ECF No. 240. Judge Tafoya rejected Defendants' preemption defense as a matter of law, finding that their arguments "fail[] for many reasons, not the least of which is that federal law and regulations do not dictate that *au pairs* are not entitled to the protection of state wage laws.  Instead, they dictate just the opposite."  *Id.* at 28.  The Court held that state and local wage laws are not preempted and also that the FLSA – which itself incorporates state and local minimum wage laws – applies to *au pairs*:

> Defendants make broad claims that the DOS's scheme and regulations governing the au pair program pre-empt state laws regarding minimum wage, but they fail to cite to any federal law, regulation or guidelines that provides for what would essentially be an exemption to the FLSA's savings clause.  29 C.F.R. § 62.31(j)(1) specifically requires that *au pairs* are compensated 'in conformance with the requirements of the FLSA' and it does not include language indicating 'except for the savings clause.' (ECF No. 240 at 30-31.)

The Court went on to analyze other indicia of Congressional intent, including government agency interpretations of the statutes and regulations.  In particular, the Court focused on the statutorily mandated "Wilberforce Pamphlet," which Congress requires to be given to all *au pairs*, and states that *au pairs* "have the right to earn at least the federal legal minimum wage. . . .  Also check – [t]he minimum wage for the state in which you work.  If that wage is higher, you have to right to be paid the higher amount."  *Id.* at 31.  Based on its analysis of the statute, regulations, and agency interpretations, the Court concluded that "Defendants' contention that an overall federal

3

scheme and/or federal regulations pre-empt the state minimum wage laws in this country as applied to *au pairs* has no support under federal law." *Id.* at 32.

Defendants objected to Judge Tafoya's report and recommendation, including her preemption ruling. *See, e.g.*, ECF Nos. 247 at 9-11. This Court considered their "slightly recast" preemption arguments and in a March 31, 2016 Order, squarely rejected them: "the Court nevertheless agrees that Judge Tafoya properly decided that state wage laws are not preempted." ECF No. 258 at 28. The Court reasoned:

> the regulations implemented by the USIA expressly provided that the *au pair* program **must** conform with the FLSA, **without exception**; the FLSA, in turn, explicitly provides that, if a state sets a higher minimum wage than that mandated by the FLSA, employees within that state are entitled to receive that higher wage. *See* 22 C.F.R. § 62.31(j)(1); 29 U.S.C. § 218(a).

*Id.* at 28 (emphases in original). The Court adopted Judge Tafoya's reasoning and held that "Plaintiffs' claims under state wage laws are not, in fact, preempted by some kind of amorphous 'federal framework.'" *Id.* at 29.

Despite the motion to dismiss rulings on preemption – which Defendants had characterized as a "threshold legal issue" rather than a factual one – in late 2017 and early 2018, Defendant Cultural Care initiated discovery on preemption by asking *au pairs* questions about their views on the cultural exchange aspects of being *au pairs*. *See, e.g.,* ECF No. 953 at 13 (questioner requests an *au pair*'s personal journals at a deposition because "[t]hey're at least factually relevant to" Cultural Care's "cultural exchange preemption argument"); *see also* ECF No. 924 at 5-6, 8-9. The parties thereafter filed competing motions seeking to establish whether it was proper for Cultural Care to conduct such discovery, given that the motions to dismiss had already resolved the issue, as a matter of law. *See* ECF Nos. 924, 953. Plaintiffs also argued

that even if the motion to dismiss rulings had not resolved the issue, fact witness testimony would still be irrelevant because preemption is a purely legal issue.  ECF Nos. 953 at 9-13, 951 at 3-7.

On April 4, 2018, the Court denied Cultural Care's discovery motion and granted Plaintiffs' motion for a protective order, adopting the reasoning Plaintiffs had proffered:

> Defendant Cultural Care shall not ask questions regarding its preemption defense, including questions about a deponent's motivations for participating in the program. *See* (Doc. # 924-1 at 2.)  This Court already concluded that "Plaintiffs' claims under state wage laws are not, in fact, preempted by some kind of amorphous 'federal framework,'" (Doc. # 258 at 29), when it affirmed and adopted United States Magistrate Judge Kathleen M. Tafoya's finding that Defendants' preemption argument "has no support in federal law," *see* (Doc. # 240 at 32).  Moreover, were the Court to entertain Defendants' position on preemption, the deponents' beliefs and experiences would have no bearing on the Court's legal analysis of Congress's intent.

ECF No. 969 at 3.  Defendants argued preemption a fourth time in their motions for summary judgment.  *See, e.g.*, ECF No. 860 at 26-33.  In opposition, Plaintiffs explained that (i) the issue had already been decided, and (ii) even if the Court's prior rulings were not law of the case, there is no basis in law to find any preemption of state and local law.  *See* ECF No. 942 at 126-139.  Plaintiffs also argued, as they had previously, that preemption is a pure issue of law about which there could only be legal (not factual) disputes, and that there could be no preemption because the regulations at issue expressly contemplate compliance with state and local law.  *Id.* at 129-133.

On June 19, 2018, the Court denied all parties' summary judgment motions, reasoning that preemption was among the genuine issues of material fact for trial.  *See* Order at 6 (ECF No. 1102).  Based on the procedural history of this case and the Court's prior holdings, Plaintiffs request that the Court clarify this holding.

**LEGAL STANDARD**

This Court has the discretionary power to revisit and amend its interlocutory orders as justice requires. *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) ("The District Court's partial summary judgment ruling was not a final judgment. Thus, [plaintiff's] motion . . . is considered an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." (internal quotation marks omitted)). Moreover, "a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (citing Fed. R. Civ. P. 54(b) ("any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment . . . .")). Indeed Rule 54(b) "provides that a district court can freely reconsider its prior rulings; and . . . puts no limit or governing standard of the district court's ability to do so, other than that it must do so 'before the entry of judgment,'" and "[t]he Tenth Circuit has not cabined district courts' discretion beyond what [R]ule 54(b) provides." ECF No. 977 at 6 (citing *Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015) (citation omitted).

**ARGUMENT**

**I.      PREEMPTION IS A PURELY LEGAL ISSUE.**

Clarification of the Order is appropriate because preemption is a purely legal issue, and as such, there can be no "genuine issues of material fact" to present to a factfinder to determine whether federal law preempts state and local law. There is uniform agreement among federal courts in this Circuit and around the country that preemption "presents a pure federal-law question." *Allison v. UNUM Life Ins. Co. Of*

6

*America*, 381 F.3d 1015, 1027 n.1 (10th Cir. 2004) (quoting *Hollaway v. UNUM Life Ins. Co. of Am.*, 89 P.3d 1022, 1034 (Okla. 2003) (Opala, V.C.J., dissenting)); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 214 (1985) (whether state law is preempted "is, of course, a question of federal law"); *Garley v. Sandia Corp.,* 236 F.3d 1200, 1206 (10th Cir. 2001) ("Whether state law is preempted by federal law is a conclusion of law which we also review *de novo.*"); *In re Federal-Mogul Global Inc.,* 684 F.3d 355, 364 n.16 (3d Cir. 2012) ("The scope of preemption presents a pure question of law, which we review de novo."); *Flibotte v. Pa. Truck Lines, Inc.*, 131 F.3d 21, 25 n.1 (1st Cir. 1997) ("[P]reemption . . . embodies a pure question of law susceptible to resolution on the face of the pleadings . . . .") (state law preempted); *McNeal v. Frontier AG, Inc.*, 998 F. Supp. 2d 1037,1044 (D. Kan. 2014) ("ERISA preemption . . . is a question of federal law"); *Dobbs v. Wyeth Pharms.*, 797 F. Supp. 2d 1264, 1267 (W.D. Okla. 2011) ("Where, as here, the moving party asserts entitlement to judgment because a claim is preempted by federal law, the motion presents a legal question for the court . . . .").

This is because "[p]re-emption fundamentally is a question of congressional intent." *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990); *see also Wyeth v. Levine*, 555 U.S. 555, 565 (2009) ("[T]he purpose of Congress is the ultimate touchstone in every pre-emption case."). To determine Congressional intent, courts "look to the statute's language, structure, subject matter, context, and history—factors that typically help courts determine a statute's objectives and thereby illuminate its text." *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998). Courts may also look to administrative agency interpretations of statutes and regulations and may accord them "some weight." *Geier v. Am. Honda Motor Co.,* 529 U.S. 861, 883 (2000).

Absent from the preemption analyses courts typically perform is any weighing of witness testimony or disputed facts. *See United States v. Supreme Court of N.M.*, 839 F.3d 888, 904-906 (10th Cir. 2016) (affirming denial of motion for discovery on preemption claim because the "facts, even if established, would not have affected the district court's central legal conclusion"). This is because "[f]ederal preemption is a legal question [for] the court . . . and is not a proper issue for consideration by a jury." *Skrovig v. BNSF Ry. Co.*, No. CIV. 10-4022, 2012 WL 1252811, at *3 (D.S.D. Mar. 30, 2012) (citing *Surrick v. Killion,* 449 F.3d 520, 528 (3d Cir. 2006) ('The question presented is . . . one of federal preemption, which is predominantly legal.')); *see also Dobbs,* 797 F. Supp. 2d at 1267 ("Where, as here, the moving party asserts entitlement to judgment because a claim is preempted by federal law, the motion presents only a legal question for the court . . . .").

Here, Defendants proffered a preemption defense that is a pure issue of law. Indeed Defendants themselves stated so when they moved to stay discovery pending resolution of their motions to dismiss because preemption presented a "threshold legal issue" about which they needed no factual discovery. ECF Nos. 160 at 9-10, 164 at 5. And Defendants cannot now reverse course and claim otherwise. *See Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007) (Judicial estoppel protects "the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001))). While there remain many disputed factual issues to be tried to a jury, none involve whether Congress intended the *au pair* program to preempt state and local wage laws. *See Pelletier v. Main Street Textiles, LP*, 470 F.3d

8

48, 54-55 (1st Cir. 2006) (testimony offered "to show what the regulations meant" usurps the role of the court and is inadmissible); *see also Rumsfeld v. United Technologies Corp.* 315 F.3d 1361, 1369 (Fed. Cir. 2003) (testimony of former agency employee as to "the proper interpretation" of regulations "is simply irrelevant to our interpretive task").  Only the Court can decide this issue, based on a careful examination of the relevant indicia of Congressional intent.  The Court has done so three times before, each time concluding that Plaintiffs' state law claims are not preempted, after reviewing the relevant statutes, regulations, and indicia of agency interpretations, including the Wilberforce Pamphlet.  *See* ECF No. 240 at 28-32; ECF No. 258 at 27-29; ECF No. 969 at 3.  Preemption is an issue for the Court to decide, not a jury, as it is a matter on which there are only disputes of law, not fact.

## II.    THE COURT SHOULD RESOLVE THE TENSION BETWEEN THE ORDER AND ITS PRIOR RULINGS.

The Order's holding that there remains a material dispute of fact regarding preemption is also in direct tension with the Court's prior rulings.  The Court has thrice affirmed the legal conclusion that Plaintiffs' state law claims are not preempted by federal statutes or regulations.  *See* ECF No. 240 at 28-32 ("[F]ederal law and regulations do not dictate that *au pairs* are not entitled to the protection of state wage laws. Instead, they dictate just the opposite."); ECF No. 258 at 27-29 (The Court "agrees that Judge Tafoya properly decided that state wages laws are not preempted."); ECF No. 969 at 3 ("This Court already concluded that Plaintiffs' claims under state wage laws are not, in fact, preempted by some kind of amorphous federal framework...when it affirmed and adopted [Judge Tafoya's] finding that Defendants' preemption argument has no support in federal law.") (citations and internal quotation marks omitted).  The

Court has also twice endorsed the proposition that preemption presents only a legal issue about which there is no fact discovery or witness testimony to be proffered.  *See* ECF No. 218 (July 6, 2015 Hearing Tr. at 16:25-18:13, 48:13-54:1) ("So I think [discovery] will be a massive undertaking, and I don't think we should undertake it until we're absolutely sure that on the motions to dismiss…that you've got grounds to go forward."); ECF No. 969 at 3 ("Were the Court to entertain Defendants' position on preemption, the deponents' beliefs and experiences would have no bearing on the Court's legal analysis of Congress's intent.").  The Court's recent summary judgment Order, however, stands in contrast to these five prior rulings regarding preemption (contained in the four orders at ECF Nos. 218, 240, 258, and 969).  The Court has previously expressed its willingness to revisit its decisions where they are in tension with one another.  *See* ECF No. 977 at 5-6 ("To resolve this tension [between two orders], the Court *sua sponte* reconsiders" a prior order.).  Here, Plaintiffs similarly request that the Court resolve the tension by clarifying the Order.

The parties will be able to more effectively prepare for trial if the Court clarifies for the parties whether the Court anticipates revisiting preemption post-trial, or whether the Court believes that there are additional legal analyses that need to be undertaken on this issue.  Moreover, the preemption holding in the Order has had reverberations beyond this case.  *See Cultural Care, Inc. v. Office of the Attorney Gen. of Mass.*, No. 16-cv-11777-IT (D. Mass., filed Aug. 31, 2016).  After this Court twice rejected Defendants' preemption defense, Cultural Care sued the Attorney General of Massachusetts in order to re-litigate preemption in its home forum, claiming that the Massachusetts Domestic Workers' Bill of Rights (Mass. Gen. Law ch. 149, §§ 190-191),

which only governs working conditions not the payment of the minimum wage or overtime, is preempted by *au pair* program regulations. *See Cultural Care, Inc. v. Office of the Attorney Gen. of Mass.*, No. 16-cv-11777-IT, 2017 WL 3272011, at *1 (D. Mass. Aug. 1, 2017). Cultural Care argued that the federal government has so occupied the entire field of "cultural exchange" that there is no room for states to legislate, even with respect to the payment of the minimum wage or overtime according to state or local law, which is outside the scope of the Massachusetts Domestic Workers' Bill of Rights. *Id.* at *3. It also claimed that specific provisions of the Bill conflict with enforcement of *au pair* program regulations. *Id.* at *6-8. As here, the district court rejected the defense. *Id.* On appeal, the Massachusetts Attorney General informed the First Circuit that this Court, like the *Capron* district court, had held that state and local laws are not preempted by *au pair* program regulations. *See* Smalls Decl. Ex. A (Brief of Defendants-Appellees, *Capron v. Mass. Attorney Gen.*, (1st Cir. March 21, 2018) (Case No. 17-2140)). However, the very next day after this Court issued its summary judgment Order, Cultural Care raced to tell the First Circuit that "preemption remains an open question in the *Beltran* litigation." *See* Smalls Decl. Ex. B (Plaintiffs-Appellants' Response to Motion to Clarify Court Order, *Capron v. Mass. Attorney Gen.*, (1st Cir. June 20, 2018) (Case No. 17-2140)).

In sum, for the efficient and just resolution of this action, Plaintiffs appeal to the Court to provide clarification on this issue.[1]

---

[1] Should the Court decide to reach the merits of Defendants' preemption defense as stated in their summary judgment papers, Plaintiffs respectfully refer the Court to their prior arguments regarding why this defense fails as a matter of law, which are hereby incorporated by reference. *See* ECF No. 942 at 126-139.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court clarify the

preemption holding in its summary judgment Order.

Dated: July 17, 2018                    Respectfully Submitted,

                                        BOIES SCHILLER FLEXNER LLP

                                         /s/ *Dawn L. Smalls*
                                        Matthew L. Schwartz
                                        Peter M. Skinner
                                        Randall W. Jackson
                                        Dawn L. Smalls
                                        Joshua J. Libling
                                        Byron Pacheco
                                        575 Lexington Avenue
                                        New York, New York 10022
                                        Tel: (212) 446-2300
                                        Fax: (212) 446-2350
                                        mlschwartz@bsfllp.com
                                        pskinner@bsfllp.com
                                        rjackson@bsfllp.com
                                        dsmalls@bsfllp.com
                                        jlibling@bsfllp.com
                                        bpacheco@bsfllp.com

                                        Sean P. Rodriguez
                                        Juan P. Valdivieso
                                        1999 Harrison Street, Suite 900
                                        Oakland, CA 94612
                                        Tel: (510) 874-1000
                                        Fax: (510) 874-1460
                                        srodriguez@bsfllp.com
                                        jvaldivieso@bsfllp.com

                                        TOWARDS JUSTICE
                                        Alexander Hood
                                        1535 High Street, Suite 300
                                        Denver, Colorado  80218
                                        Tel: (720) 239-2606
                                        Fax: (303) 957-2289
                                        alex@towardsjustice.org

                                        *Attorneys for Plaintiffs*

**<u>Certificate of Service</u>**

I hereby certify that on July 17, 2018, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to all

counsel of record.


_/s/ Dawn L. Smalls_____
Dawn L. Smalls