No. 17-2140

In The
# United States Court of Appeals
For the First Circuit

---

ERIN CAPRON; JEFFREY PENEDO; CULTURAL CARE, INC., d/b/a Cultural Care Au Pair

*Plaintiffs-Appellants*,

*v.*

OFFICE OF THE ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS; MAURA T. HEALEY, in Her Capacity as Attorney General of the Commonwealth of Massachusetts

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## PLAINTIFFS-APPELLANTS' RESPONSE TO MOTION TO CLARIFY COURT ORDER AND ATTACHED LETTER TO U.S. DEPARTMENT OF STATE, AND STATEMENT OF ADDITIONAL AUTHORITY

JOAN A. LUKEY
JUSTIN J. WOLOSZ
CHOATE HALL & STEWART LLP
TWO INTERNATIONAL PLACE
Boston, MA 02110
(617) 248-5000
*Attorneys for Plaintiffs-Appellants*

## I. The Attorney General's Letter

Plaintiffs-Appellants Cultural Care, Inc. ("Cultural Care"), Erin Capron, and Jeffrey Penedo, by and through their undersigned counsel, hereby respond to Defendants-Appellees' ("Defendants") Motion to Clarify Court Order and Attached Letter to U.S. Department of State ("Mot.").

The Court's letter contains no "significant error." *Contra* Mot. at 2. In a Final Rule in 1995, the United States Information Agency noted that there was a "programmatic need for a uniform wage" for au pairs. 60 Fed. Reg. 8547, 8551[1] (Feb. 15, 1995) (JA 136). In 1997, far from abandoning the "uniform wage" principle, the USIA ensured the continuation of a uniform wage by tying it expressly to the federal minimum wage, such that the stipend would self-adjust with the federal minimum wage while always remaining uniform nationwide. 62 Fed. Ref. 34632, 34633. No reference whatsoever was made to abandoning the "programmatic need for a uniform wage." *See* Cultural Care's Reply Brief at 23–25.

---

[1] The Court's letter contains the correct Federal Register cite, but referenced 1997 instead of 1995. The correct date is obvious to one reviewing the regulation.

1

The stipend formula employed by the United States Information Agency, and later the Department of State, has remained unchanged since at least 1995. *See, e.g.*, ADD-83, Notice Federal Minimum Wage Increase, dated June 14, 2007, specifying the stipend adjustments in July of 2007, 2008 and 2009, calculated by multiplying the evolving federal minimum wage times 45 hours, minus the same 40% room and board credit. *See also* JA 375, Department of State Weekly Wage Due to Au Pair Program Participants,[2] calculated as 45 times $5.15 [federal min. wage] less the 40% room and board credit.

The agencies' unbroken practice thus confirms that the programmatic need for a uniform wage remains.

The Court's order and letter contain no "significant error" and therefore do not require revision.

## II. Supplemental Authority

At the oral argument in this matter on June 4, the Commonwealth argued that the District Court in Denver, in the case of *Beltran v. Interexchange, Inc.*, Civil Case No. 14-cv-03074-CMA-KMT, had ruled that the State Department's au pair regulations do not

---

[2] The document is undated, but includes a reference to a recent effective date in August of 2001.

preempt federal law.  While Plaintiffs-Appellants consider this to be of limited, if any, precedential value to this Court, they note that, in the context of denying cross motions for summary judgement, the *Beltran* Court has now ruled that "genuine issues of material fact preclude the Court from granting any of the Motions to [sic] Summary Judgment." The identified  issues include, "[w]hether the federal government intended for the statutes and regulations governing the au pair program to preempt state and local regulations." Doc. No. 1102 at 5-6. Hence, preemption remains an open question in the *Beltran* litigation.

Dated: June 20, 2018

/s/ Joan A. Lukey

Joan A. Lukey
Justin J. Wolosz
CHOATE HALL & STEWART LLP
2 International Place
Boston, MA 02110
(617) 248-5000

*Attorneys for Plaintiffs-Appellants*

3

## **CERTIFICATE OF COMPLIANCE**

I certify that:

1. This response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 469 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B).

2. This response complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it was prepared in Microsoft Office Word in 14-point, proportionally spaced Century Schoolbook font.

/s/ Joan A. Lukey
Joan A. Lukey

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2018, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Robert E. Toone
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108

/s/ Joan A. Lukey
Joan A. Lukey