# EXHIBIT H

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CULTURAL CARE, INC. d/b/a CULTURAL CARE AU PAIR, ERIN CAPRON, and JEFFREY PENEDO,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF THE ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS and MAURA T. HEALEY, IN HER CAPACITY AS ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS ,<br><br>Defendants. | Civil Action<br>No. 16-11777-JCB |

## **DEFENDANTS' MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), defendants respectfully move to dismiss all claims filed against them by plaintiffs in this action. As grounds for this motion, defendants state as follows:

1. Plaintiffs are Cultural Care, Inc., an au pair agency, and two host family members with au pairs placed by Cultural Care. They filed this action on August 31, 2016, seeking declaratory and injunctive relief against the Massachusetts Domestic Workers' Bill of Rights ("Domestic Workers law"), M.G.L. ch. 149, §§ 190-191, and supporting Attorney General regulations, 940 C.M.R. § 32.

2. In Counts I and II, plaintiffs claim that the Domestic Workers law and regulations are preempted by federal law under the Supremacy Clause of the Constitution, U.S. Const., Art. IV, cl. 2. *See* Compl. ¶¶ 36-44. Plaintiffs do not claim express preemption, but rather two

1

theories of implied preemption: field preemption, *see id.* ¶¶ 39, 43, and conflict preemption, *see id.* ¶¶ 38, 42. In Counts III and IV, plaintiff Cultural Care (but not the host family member plaintiffs) claims that the Domestic Workers law and regulations are unconstitutional under the dormant Commerce Clause, U.S. Const., Art. I, § 8, cl. 3. *See* Compl. ¶¶ 45-56.

3.  Plaintiffs' field preemption claim should be dismissed under Rule 12(b)(6) because they cannot show either a framework of regulation so pervasive as to make reasonable the inference that Congress left no room for the states to supplement it with their own generally applicable worker protection laws, or a federal interest so dominant that the federal system precludes enforcement of state laws. To the contrary, the State Department regulations governing the program expressly require au pair sponsors to comply with state law. They also recognize that au pairs are protected employees under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the savings clause of that Act requires employers to comply with more generous wage and hour protections under state law, *id.* § 218(a). The State Department further requires sponsors to inform au pairs of the information set forth in the Wilberforce Pamphlet, which advises au pairs that they may be entitled to "earn more than the federal minimum wage" if they work "in a state, city, or county that has a higher minimum wage."

4.  Plaintiffs' conflict preemption claim should be dismissed under Rule 12(b)(6) because state law does not interpose an obstacle to the achievement of Congress's objectives, and compliance with both state and federal regulations is not physically impossible. The pertinent federal statutes do not explicitly or implicitly foreclose the application of state labor laws, and the protection of workers does not conflict with the objective of worldwide peace and justice. Nor can plaintiffs show, as they must to establish a facial preemption claim, that there is

no possible set of conditions under which the Domestic Workers law and regulations would not conflict with federal law.

5. Cultural Care's claim for violation of the dormant Commerce Clause should be dismissed under Rule 12(b)(1) and (6) because its asserted interests do not relate to a barrier imposed on interstate or foreign commerce, the Domestic Workers law and regulations do not unconstitutionally burden or discriminate against interstate or foreign commerce, and Congress has consented to the enactment of more protective labor laws by the states.

WHEREFORE, for these reasons and the reasons set forth in their supporting memorandum of law, defendants request that the Court dismiss all claims against them in the complaint.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL,


/s/ Robert E. Toone
Robert E. Toone, BBO #663249
Elizabeth A. Kaplan, BBO #568911
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617-963-2178
Robert.Toone@state.ma.us

Dated:  November 8, 2016


**CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)**

I certify that on November 2, 2016, I conferred with plaintiffs' counsel and attempted in good faith to resolve or narrow the issues raised in this motion.

/s/ Robert E. Toone

## CERTIFICATE OF SERVICE

   I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on November 8, 2016.

                    /s/ Robert E. Toone