# EXHIBIT J

OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

MARGARET CARTER
CLERK

JOHN JOSEPH MOAKLEY
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2500
BOSTON, MA 02210
(617) 748-9057

June 13, 2018

SENT BY EMAIL, FAX, AND U.S. MAIL

Jennifer Gillian Newstead
Legal Adviser
Office of the Legal Adviser
U.S. Department of State
320 21st St., N.W.
Washington, D.C. 20451

Hon. Noel Francisco
Solicitor General of the United States
U.S. Department of Justice
950 Pennsylvania Ave, N.W.
Washington, D.C. 20530

Re: <u>Capron, et al.</u> v. <u>Massachusetts Attorney General, et al.,</u> Docket No. 17-2140

Dear Ms. Newstead and Mr. Francisco,

On June 4, 2018, a panel of the First Circuit heard argument in <u>Capron, et al.</u> v.

<u>Massachusetts Attorney General, et al.,</u> No. 17-2140.  This case requires the First Circuit to decide

whether federal law governing the federal au pair program — namely, the Fulbright-Hays Act, 22

U.S.C. § 2451 <u>et seq.;</u> the federal au pair program regulations, 22 C.F.R § 62.31; and other

associated regulatory documents, including 60 Fed. Reg. 8547 and 62 Fed. Reg. 34,632 —

preempts the application of the Massachusetts Domestic Workers' Bill of Rights, Mass. Gen. Laws

ch. 149, §§ 190-191, and its accompanying regulations, to host families, sponsoring agencies, and

J-1 visaholders in the federal au pair program.

Our Circuit has not previously addressed the issues presented in this case, nor has any other

federal circuit court.  Given the importance of the issues and the extent to which their resolution

may depend on the interpretation of the statutes and regulations governing the federal au pair

program, the Court hereby solicits the views of the U.S. Department of State in an <u>amicus curiae</u>

brief on the following questions:

1.      To what extent, if any, does 22 C.F.R. § 62.31, and in particular 22 C.F.R. § 62.31(j),
preempt state and local labor and employment laws, including state and local laws that impose a
higher minimum-wage requirement than federal law?

2.      Has the Department of State ever previously stated that 22 C.F.R. § 62.31, and in particular
22 C.F.R. § 62.31(j), preempts state and local labor and employment laws, and, if so, in what form?

3.      Is the Department of State aware of any state and local labor and employment laws being
applied to participants in the au pair program, and, if so, in what circumstances and how has the
Department of State responded?

4.      Under 22 C.F.R. § 62.31(j)(i), au pair participants of the Exchange Visitor Program must
be "compensated at a weekly rate based upon 45 hours of child care services per week and <u>paid in
conformance with the requirements of the Fair Labor Standards Act</u> as interpreted and
implemented by the United States Department of Labor . . . ." <u>Id.</u> (emphasis added).  What does
that reference to the Fair Labor Standards Act mean, and does it incorporate state law requirements
via the Act's savings clause?

5.      In adopting its 1997 rules governing the oversight and administration of the federal au pair
program, the United States Information Agency noted that there was a "programmatic need for a
uniform wage."  Exchange Visitor Program, 60 Fed. Reg. 8547, 8551 (June 27, 1997) (to be
codified at 22 C.F.R. pt. 514).  Is there still such a need, and, if so, what is the basis for the need?

6.      For purposes of determining the preemptive effect, if any, of 22 C.F.R. § 62.31, and in
particular 22 C.F.R. § 62.31(j), on state and local labor and employment laws, what is the
significance, if any, of the various notices and other information provided by the U.S. Department
of State and the United States Information Agency concerning the federal au pair program?  <u>See,
e.g.,</u> U.S. Dep't of State, <u>Notice: Federal Minimum Wage Increase (June 14, 2007); U.S. Dep't of
State, Know Your Rights: An Information Pamphlet Describing Your Rights While Working in
the United States,</u> https://travel.state.gov/content/dam/visas/LegalRightsandProtections
/Wilberforce/Wilberforce-ENG-100116.pdf (last visited June 8, 2018); <u>J-1 Visa Exchange Visitor
Program,</u> U.S. Dep't of State Bureau of Educ. and Cultural Affairs, https://j1visa.state.gov; U.S.
Info.      Agency,      <u>Fact      Sheet:      Au      Pair      Stipend</u>      (Mar.      14,      1997),
http://dosfan.lib.uic.edu/usia/GC/GC_Docs/AuPair/stipend.htm.  What level of deference should
courts give to such notices and other information?

7.      We would also appreciate any other comments you wish to make.

We would appreciate a prompt response to this request.  If the Department decides to file an amicus brief as requested, the brief should be no more than thirty double-spaced pages.  Nine paper copies of the brief should be filed with the Clerk's Office, with one additional copy served on counsel for each party.  The Department should indicate the date by which it will file such brief, preferably within 90 days of the date of this letter.

Enclosed is a CD of all of the materials submitted in conjunction with the appeal.  Most of these documents are also available through PACER.  Please notify us as soon as is practicable upon receipt of this letter whether the Department intends to accept our invitation to file an amicus brief.

The panel greatly appreciates the Department's attention to this matter.


Sincerely,

/s/ Margaret Carter, Clerk


cc:    The Honorable Juan R. Torruella
       The Honorable Sandra L. Lynch
       The Honorable David J. Barron
       Joan A. Lukey
       Justin J. Wolosz
       Robert E. Toone