**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ,
SARAH CAROLINA AZUELA RASCON,
CATHY CARAMELO,
LINDA ELIZABETH,
GABRIELA PEREZ REYES,
    and those similarly situated,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION,
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA,
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR,
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR,
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR, and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

    Defendants.

**JOINT STATUS REPORT IN ADVANCE OF SCHEDULING CONFERENCE**

On August 6, 2018, the Court ordered that the Parties consult and submit to the Court the "unique procedures" and other procedural and logistical issues they intend to present at the scheduling conference set for August 15, 2018.  ECF No. 1125. Accordingly, all Parties[1] in the above-captioned litigation, having conferred by telephone and e-mail, state as follows:

***Trial length***

1.   The Parties[2] are in agreement with the 6-week trial length as ordered by the Court.  However, the Parties disagree about the allocation of time.

   a.   **Plaintiffs' position.**  Plaintiffs believe that the Court is well equipped to manage the trial of this action, and that strict allocations of time are not necessary.  For planning purposes, plaintiffs believe that they can present their case-in-chief in three trial weeks, and their rebuttal case in one trial week or less.

   b.   **Defendants' position.**  Defendants contend that the time should be split evenly between the two sides, and that each side receive an equal number of hours of trial time.  Based on the Court's standard trial day, as set forth in the Practice Standards, Defendants understand that each trial day will be 5 hours and 45 minutes.  Across 30 days of trial, the total of 172.5 hours should be divided equally, so that each side will receive 86.25 trial hours exclusive of jury empanelment and deliberations.  To ensure a fair use of the hours at trial, time spent on cross-examination should be charged against the side that is cross-examining the witness.  Alternatively, if the Court

---

[1] A.P.E.X. and 20/20, antitrust-only Defendants represented by Lawrence Stone, have not at this point agreed to the trial approach accepted by the other thirteen sponsors. The other Defendants will work with Mr. Stone to find a compromise solution.  For ease of reference, the other thirteen sponsors are referred to simply as "Defendants."

[2] A.P.E.X. and 20/20 believe a seven (7) week trial is necessary.

is not amenable to splitting by trial hour, Defendants propose an equal split of 15 trial days for Plaintiffs' case and 15 trial days for Defendants' case.

Defendants oppose Plaintiffs' request that Plaintiffs receive more than half of the trial time because they carry the burden of proof on most claims. Defendants are comprised of 15 different businesses and organizations defending against dozens of claims in multiple jurisdictions against which they must defend, many of which present unique issues that must be defended individually by each Defendant. Moreover, Defendants have several key defenses that will require significant trial time, e.g., statutes of limitations, condition precedent requirements on state claims. While Defendants are working to streamline the trial as much as possible (see paragraph 2, below), representation of fifteen Defendants by thirteen law firms creates serious logistical issues. Whatever counting procedure the Court chooses, the time allocated to Plaintiffs and Defendants should be the same.

***Lead Trial Counsel and Multiparty Coordination***

2.      **Defendants' position.**  In order to streamline the cross-examination of Plaintiffs' witnesses and the presentation of the defense case, Defendants have selected a trial team of approximately three or four attorneys ("Defendants' Principal Trial Team" or the "Team"), one of whom will be designated "lead counsel." These attorneys will commit to being present at counsel table and for all conferences with the Court throughout the trial, will conduct cross-examinations of Plaintiffs' witnesses on behalf of all defense counsel (with the current possible exception of Mr. Stone), and will conduct the direct examination of Defendants' expert witnesses and fact witnesses whose testimony is not limited to one Defendant's case. Other counsel of record for

various Defendants will participate in witness examinations from time to time, including especially with the examination of their respective client's representatives. Such counsel will generally be present throughout the trial to ensure continuity and familiarity with the Court's earlier rulings. Subject to reaching agreement with Mr. Stone, each witness will be examined or cross-examined only by one attorney from the Defendants' side.

Defendants believe that this approach will allow for the most efficient presentation to the Court and to the jury and will allow for the dozens of claims and defenses in this case to be presented in as streamlined a fashion as is possible.

**Plaintiffs' position.**  Plaintiffs have no objection to the Defendants identifying a small group of lawyers to act as lead/joint trial counsel on behalf of all Defendants, so long as all Defendants agree to be bound by any decisions or statements made by the defense trial team (except if any Defendant stakes out a different position contemporaneously). For obvious reasons, plaintiffs' counsel and the Court must be able to rely upon the representations, concessions, stipulations, and positions advanced by lead/joint defense counsel, rather than being forced to re-litigate issues already resolved.

*Streamlining claims*

3.  **Defendants' position.**  Notwithstanding the foregoing efforts, Defendants have serious concerns about the manageability of this case if Plaintiffs do not streamline the claims and classes/sub-classes prior to trial. As the case stands, Plaintiffs purport, for example, to bring several state-law claims, each with different elements and burdens of proof against Defendants. These claims – and the defense

3

thereof – will require individualized evidence that is specific, in some instances, to certain states and certain Plaintiffs.  As far as Defendants can tell from Plaintiffs' filings to date, the alleged damages for these sub-classes are entirely duplicative of the damages sought on Plaintiffs' antitrust and wage-and-hour claims.

Defendants have raised their concerns with Plaintiffs, who suggested streamlining the case at the jury instruction phase.  Defendants respectfully submit that such narrowing should be done in advance to allow for an efficient presentation to the jury.

Defendants believe that it is crucial to the streamlined management and presentation of this case that the Final Pretrial Order be submitted by the Parties – and that several issues therein be resolved by the Court – significantly before trial.  Several key legal issues in this case remain unresolved and will influence which witnesses and exhibits will be presented at trial.  Furthermore, as Defendants discuss above, the case can be feasibly tried within the time allotted only if Plaintiffs clarify which claims they are pursuing, which is properly done in the pretrial order.

**Plaintiffs' position.**  Defendants have failed to win dismissal or summary judgment on the remaining claims, and have no basis on which to demand that the plaintiffs forego any claims at trial.  Plaintiffs believe, moreover, that proper jury instructions and an appropriate verdict form can easily overcome any perceived concerns of the Defendants.

The Defendant's concerns are misplaced, in any event.  The lion's share of the facts are relevant to most or all claims, and the state law claims have very few relevant differences.  For example, most state wage-and-hour laws use factors that are similar to

4

or the same as federal law. Likewise, the facts giving rise to Defendants' special relationship with Plaintiffs (and therefore to their tort liability and fiduciary duties) arises from Defendants' positions as sponsors and putative caretakers of young men and woman in a foreign country.

Notwithstanding the foregoing, Plaintiffs have no objection to early resolution of disputes over jury instructions so that all parties can efficiently prepare for trial. The joint proposal below reflects this approach.

*Trial Schedule*

4. Plaintiffs and Defendants jointly propose the following:

| **Event** | **Deadline Based on existing Orders, FRCP, Local Rules/Practice Standards** | **Plaintiffs' Proposed Deadline** | **Defendants' Proposed Deadline** |
|---|---|---|---|
| Defendants provide updated class member information |  | November 5, 2018 | same |
| Final Pretrial Order | 7 days before Final Pretrial Conference | January 18, 2018 | October 23, 2018 |
| Final Pretrial Conference | Not yet set | January 25, 2019 | October 30, 2018 |
| **Final class notice** | November 11, 2018 | November 27, 2018 | same |
| Rule 702 motions | December 11, 2018 (with oppositions and replies due in accordance with the D. Colo. local rules) | December 11, 2018 | November 9, 2018 (with oppositions due December 7, 2018 and replies due December 21) |
| Motions in Limine | January 29, 2019 (responses due | January 18, 2019 (responses due | same |

5

|  | February 12, 2019) | February 12, 2019) |  |
|---|---|---|---|
| Designation of Testimony in Lieu of Live Witness | January 29, 2019 | January 29, 2019 | December 14, 2018 |
| Parties to exchange proposed jury instructions and begin meet-and-confer efforts to identify jointly proposed instructions and narrow disputes as to others |  | December 14, 2018 | same |
| Counter-Designation of Testimony in Lieu of Live Witness | February 5, 2019 | February 5, 2019 | January 24, 2019 |
| Request for Remote Witness Testimony | February 4, 2019 | February 4, 2019 | same |
| Submission of Proposed Verdict Form and Jury Instructions | February 5, 2019 | January 5, 2019 | January 10, 2019 |
| Submission of joint exhibit list | February 12, 2019 | February 5, 2019 | January 22, 2019 |
| Submission of witness list | February 12, 2019 | February 5, 2019 | same |
| Submission of proposed case-specific voir dire questions | February 12, 2019 | February 12, 2019 | same |
| Brief with Objections to Competing and Non-Stipulated Jury Instructions | February 12, 2019 | January 10, 2019 | February 5, 2019 |

All other deadlines would remain the same.

6

The deadlines that Defendants seek to move most substantially, and the reasons for the move, are:

- The Pretrial Order:  The suggested advancement of this deadline to October is to permit Defendants to know which claims Plaintiffs intend to pursue, which is of critical importance, e.g., to determining the selection of witnesses and exhibits.  The early filing would also permit the Court to consider ruling on such issues in advance of trial.

- The designation of deposition testimony in lieu of live testimony:  The suggested advancement of this deadline relates to the anticipated extensive use of deposition testimony in this case (largely because of the unavailability of au pairs living internationally), which will trigger the need for extended time to prepare extensive counter-designations.

- Jury instructions: The suggested advancement of this deadline relates to the requirement that, once the proposed instructions are in, Plaintiffs and Defendants brief the competing instructions.  Defendants anticipate several contentious and very important instructions, which makes it advisable (a) to enlarge the time for briefing; and (b) to give the Court adequate time for review without unnecessary time restrictions.

- Rule 702 (*Daubert*) motions: The suggested advancement of this deadline by about a month is largely to avoid the necessity for briefing occurring entirely over the holidays.  In addition, to the extent that the Court chooses to rule earlier, the parties will be in a better position to prepare for trial.

*Motions in Limine*

5.     Furthermore, the Parties have conferred with regard to their anticipated motions *in limine*, and certain defendants anticipate a number of difficult or unusual evidentiary issues. The Parties will need the Court's assistance regarding these issues, and believe that additional background information, arguments and authority, may assist the Court in ruling on at least some of the topics pre-trial, or at least being in a better position to rule on any remaining issues during, and in the context of, the presentation of evidence.

**Defendants' Position.**  Given the formatting requirements of Fed.R.Civ.P. 10 and D.C.COLO.LCivR 10.1, the number of areas and issues for which motions *in limine* are anticipated, and the number of Parties involved, the Parties request supplemental pages of briefing in addition to the aforementioned schedule modifications.  The Parties respectfully seek leave of this Court to exceed the page limitations set forth in Judge Arguello's Civ. Practice Standard 7.1B(c), such that each side's consolidated *motion in limine* shall not exceed 24 pages, and that the respective responses thereto shall not exceed 24 pages.

**Plaintiffs' Position.**   Plaintiffs do not perceive any particularly unique or complex *in limine* issues, but given Defendants' position and the number of parties involved, have no objection to each side submitting a single consolidated set of motions *in limine*, not to exceed 24 pages.

Dated:  August 13, 2018                                   Respectfully submitted,

*s/ Diane R. Hazel*
Joan A. Lukey
(joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass
(mgass@choate.com)
Justin J. Wolosz
(jwolosz@choate.com
Lyndsey M. Kruzer
(lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-4790

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER
CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

***Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair***

*s/ Kathryn A. Reilly*
Kathryn A. Reilly
(reilly@wtotrial.com)
Grace A. Fox (fox@wtotrial.com)
Natalie E. West
(west@wtotrial.com)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

***Attorneys for Defendants Agent Au Pair, Au Pair International, Inc., Go Au Pair Operations, and American Cultural Exchange, LLC d/b/a Go Au Pair***

*s/ James E. Hartley*
James E. Hartley
(jhartley@hollandhart.com)
Jonathan S. Bender
(jsbender@hollandhart.com)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202

Adam A. Hubbard
(aahubbard@hollandhart.com)
Holland & Hart LLP
1800 Broadway, Suite 300
Boulder, CO 80302

***Attorneys for Defendant Cultural Homestay International***

*s/ Susan M. Schaecher*
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

***Attorneys for Defendants APF Global Exchange, NFP***

*s/ Stephen J. Macri*
Stephen J. Macri
(Stephen.macri@ogletree.com)
Joseph B. Cartafalsa
(joseph.cartafalsa@ogletree.com)
Robert M. Tucker
(robert.tucker@ogletree.com)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1745 Broadway, 22nd Floor
New York, NY 10019
(212) 492-2071

*s/ Eric J. Stock*
Eric J. Stock
(estock@gibsondunn.com)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-2301

***Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in America***

*s/ Bogdan Enica*
Bogdan Enica
(Bogdan@expertaupair.com)
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701

***Attorney for Defendant Expert Group International, Inc. d/b/a Expert Au Pair***

*s/ Peggy E. Kozal*
Peggy E. Kozal
(pkozal@gordonrees.com)
Thomas Baker Quinn
(tquinn@gordonrees.com)
Nathan A. Huey
(nhuey@gordonrees.com)
Heather K. Kelly
(hkelly@gordonrees.com)
Gordon & Rees LLP
555 17th Street, Suite 3400
Denver, CO 80202

***Attorneys for Defendant AuPairCare, Inc.***

*s/ Martha L. Fitzgerald*
Martha L. Fitzgerald
(mfitzgerald@bhfs.com)
David B. Meschke
(dmeschke@bhfs.com)

11


Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432

***Attorneys for Defendant EurAuPair Intercultural Child Care Programs***

*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi (bcolaizzi@shermanhoward.com)
Heather F. Vickles (hvickles@shermanhoward.com)
Raymond M. Deeny (rdeeny@shermanhoward.com)
Joseph Hunt (jhunt@shermanhoward.com)
Alyssa L. Levy (alevy@shermanhoward.com)
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

***Attorneys for Defendant InterExchange, Inc.***

*s/ William J. Kelly III*
William J. Kelly III (wkelly@kellywalkerlaw.com)
Chandra Marie Feldkamp (cfeldkamp@kellywalkerlaw.com)
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202

***Attorneys for Defendant USAuPair, Inc.***

*s/ Meshach Y. Rhoades*
Meshach Y. Rhoades
Martin J. Estevao
4643 S. Ulster Street, Suite 800
Denver, CO 80237

(720) 722-7195
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com

***Attorneys for Defendant
GreatAuPair, LLC***

*s/ Joshua J. Libling*
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 13, 2018, I caused to be electronically filed the foregoing Joint Status Report in Advance of Scheduling Conference with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Byron Pacheco (bpacheco@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
David Seligman (david@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*


Lawrence Stone (LStone@nixonshefrin.com)

*Counsel for A.P.E.X. and 20/20*

*s/ Diane R. Hazel*