# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-CBS

**JOHANA PAOLA BELTRAN; et al.,**

**Plaintiffs,**

**v.**

**INTEREXCHANGE, INC.; et al.,**

**Defendants.**

_____

REPORTER'S TRANSCRIPT
(Motions Hearing)
_____

Proceedings before the HONORABLE CHRISTINE M. ARGUELLO, Judge, United States District Court, for the District of Colorado, commencing at 9:03 a.m. on the 25th day of August, 2017, Alfred A. Arraj United States Courthouse, Denver, Colorado.

A P P E A R A N C E S

**FOR THE PLAINTIFFS:**
DAWN SMALLS and JOSHUA J. LIBLING, Boies Schiller & Flexner, LLP, 575 Lexington Ave., 7th Floor, New York, NY 10022
ALEX N. HOOD and DAVID SELIGMAN, Towards Justice, 1535 High St., Suite 300, Denver, CO 80218

**FOR THE DEFENDANT AUPAIRCARE INC.,**
THOMAS B. QUINN and PEGGY E. KOZAL, Gordon & Rees, LLP, 555 17th St., Suite 3400, Denver, CO 80202

**FOR DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY:**
ROBERT M. TUCKER, Putney, Twombly, Hall & Hirson LLP, 521 Fifth Ave., 10th Floor, New York, NY 10175

**FOR DEFENDANTS AU PAIR INTERNATIONAL, ET AL:**
KATHRYN A. REILLY, Wheeler Trigg O'Donnell, LLP, 370 17th St., Suite 4500, Denver, CO 80202-5647

**FOR DEFENDANT CULTURAL CARE, INC.:**
JAMES M. LYONS and DIANE B. HAZEL, Lewis Roca Rothgerber Christie LLP, 1200 17th St., One Tabor Center Suite 3000 Denver, CO 80202-5855
JUSTIN J. WOLOSZ, Choate, Hall & Stewart, LLP, Two International Place Boston, MA 02110

**FOR DEFENDANT EURAUPAIR INTERCULTURAL CHILD CARE:**
MARTHA L. FITZGERALD and DAVID MESCHKE, Brownstein Hyatt Farber Schreck, LLP, 410 17th St., Suite 2200, Denver, CO 80202-4432

**FOR DEFENDANT CULTURAL HOMESTAY INTERNATIONAL:**
JONATHAN S. BENDER, Holland & Hart, LLP, 555 17th St., Suite 3200, Denver, CO 80202
ADAM A. HUBBARD, Holland & Hart, LLP, 1800 Broadway, One Boulder Plaza, Suite 300, Boulder, CO 80302

**FOR DEFENDANT INTEREXCHANGE:**
BROOKE A. COLAIZZI and ALYSSA L. LEVY, Sherman & Howard, LLC, 633 17th St., Suite 3000, Denver, CO 80202-3622

**FOR DEFENDANT USAUPAIR, INC:**
WILLIAM JAMES KELLY, III, Kelly & Walker, LLC, 1512 Larimer St., Suite 200, Denver, CO 80202

**FOR DEFENDANT APF GLOBAL EXCHANGE, NFP:**
LAWRENCE L. LEE, Fisher & Phillips, LLP, 1801 California St., Suite 2700, Denver, CO 80202-3025

**FOR DEFENDANTS APEX AND 20/20 CAR EXCHANGE:**
LAWRENCE D. STONE, Nixon Shefrin Hensen Ogburn, P.C., 5619 DTC Parkway, Suite 1200, Greenwood Village, CO 80111-3061

**FOR DEFENDANT GREATAUPAIR, LLC:**
MESHACH Y. RHOADES and MARTIN J. ESTEVAO, Armstrong Teasdale, LLP, 4643 S. Ulster St., Suite 800 Denver, CO 80237

**FOR DEFENDANT EXPERT GROUP INTERNATIONAL, INC.**
BOGDAN ENICA, Attorney at Law, 111 2nd Avenue NE, Suite 213, St Petersburg, FL 33701-3440 (Appearing Telephonically)

1   up at this hearing, so I will try to make it short.

2           So we are convened for a motions hearing on

3   Defendants' Motion for Order to Show Cause, Document No.

4   596; Plaintiffs' Motion to Amend the FLSA, Document No.

5   618; and Plaintiffs' Motion to Amend the Scheduling Order,

6   Document No. 620.

7           Now, before we get to the matters that we are here

8   to discuss, I want to address what I consider to be

9   extremely unprofessional conduct by the attorneys and

10  members of the staff at one or more of your firms.

11          First, it is clear to me that you all do not get

12  along, and that despite your reputations as being among

13  the highest caliber of trial attorneys in the community,

14  you are not behaving as I would expect legal professionals

15  who come before me should behave.

16          There is a difference between zealous advocacy and

17  being needlessly difficult or nasty to one another.  This

18  case, I am afraid, has spun out of control because of what

19  appears to me to be a deep antipathy among counsel in this

20  suit.

21          It is not an exaggeration to say that out of my

22  more than 200 civil matters, you are my most dysfunctional

23  case.  Frankly, there is not another case that comes even

24  close to the dysfunctionality that I am facing in this

25  case.

```
 1            And that is actually the main reason I called you
 2    all here today.  Many of the issues that you want me to
 3    adjudicate could be resolved if you all decided to sit
 4    down and act like professionals with one another.  You
 5    long ago crossed the line in this case.  And I am giving
 6    you fair warning, I am not going to tolerate anything
 7    other than professionalism moving forward.
 8            And if I get a sense that any of you are filing
 9    frivolous motions or being needlessly obstructive, I will
10    not hesitate to impose sanctions.  Are we clear?
11            MS. SMALLS:  Yes, Your Honor.
12            MR. QUINN:  Yes.
13            THE COURT:  On a related note, last week, a
14    paralegal employed by defense counsel, called my chambers
15    to inquire about moving the date of this hearing because
16    of a scheduling conflict.  I carry a case load of more
17    than 200 civil cases and approximately 60 criminal cases.
18    I also believe that justice delayed is justice denied.
19    And my chambers works very hard, and prides itself on
20    running one of the most efficient dockets in this
21    courthouse.
22            And I say "my chambers," because it is my judicial
23    assistant, my law clerks, my courtroom deputy, and myself,
24    all working together as a team, that makes my docket move
25    smoothly and efficiently.  My chambers also goes to great
```

```
 1    length to attempt to accommodate the litigants, which is
 2    why we actually answer our phone calls to chambers, unless
 3    we are on another line.
 4           So, it truly irks me when attorneys or paralegals
 5    for the litigants presume that their case trumps every
 6    other matter on my docket, and you are rude to my judicial
 7    assistant or my law clerks.
 8           After being told that the date she proposed would
 9    not work on my calendar because of an existing trial or
10    hearing settings, this paralegal proceeded to lecture my
11    staff, remarking on the inefficiency with which we conduct
12    our business.  And then she had the audacity to ask my
13    staff to provide her with the case numbers and the matters
14    being heard on the dates that she proposed were available
15    to you all, implying a belief that my staff was lying
16    about the limitations on my ability to fit this hearing
17    into the dates she proposed.
18           Now, I know how law firms work.  I was a partner in
19    two of the most prestigious law firms in this state.
20    These staff members are taking their cues from you all.
21    You are their bosses, and they are mimicking what they
22    hear you say.
23           So, I want to make something absolutely clear to
24    you all.  You may think your case is the most important
25    case in the world.  And, to you and your client, it may
```