# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CULTURAL CARE, INC., | * | |
| ERIN CAPRON, and JEFFREY | * | |
| PENEDO, | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-11777-IT |
| | * | |
| OFFICE OF THE ATTORNEY | * | |
| GENERAL OF THE COMMONWEALTH | * | |
| OF MASSACHUSETTS and MAURA T. | * | |
| HEALEY, | * | |
| Defendants. | * | |

ORDER

June 21, 2017

TALWANI, D.J.

Before the court is Plaintiffs' <u>Motion for Leave to File a Second Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss</u> [#31] seeking to file a Supplemental Memorandum [#31-1] and the Declaration of Stanley Colvin [#31-2]. The motion is DENIED.

The parties' <u>Joint Statement Pursuant to Local Rule 16.1</u> [#12] proposed a schedule based on Defendants' stated intention to file a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiffs further stated that if Defendants did not raise the issue of preemption in their motion to dismiss, Plaintiffs intended to file a motion for summary judgment on that issue one week after the due date for the motion to dismiss; Plaintiffs proposed a summary judgment briefing schedule in which the briefing would be completed one week after the deadline for completion of briefing on the motion to dismiss. Plaintiffs contended that discovery was "not necessary in this case in order for the Court to determine, as a matter of law,

whether the MA Act or the MA Regulations are preempted by the Fulbright-Hays Act," and that expert disclosures also were not necessary. Joint Statement 4 & n.1. Defendants, in turn, asked that discovery be stayed until the motion to dismiss was resolved.

At the October 24, 2016, scheduling conference, Plaintiffs again informed the court that they intended to address the preemption issue as a matter of law. The court stayed discovery and adopted the parties' proposed briefing schedule for the motion to dismiss.

Defendants filed their Motion to Dismiss [#19] as scheduled, addressing Plaintiffs' preemption claims. Plaintiffs did not file a motion for summary judgment, did not ask that Defendants' motion to dismiss be converted to one for summary judgment, did not request that the stay of discovery be lifted, and to the court's knowledge, made no expert disclosures.

Less than one hour before a hearing on the motion to dismiss, Plaintiffs filed the motion seeking leave to present a declaration that purportedly explains the United States Information Agency and United States Department of State's "practices and the meaning behind certain key documents." Mot. Leave File 2d Supp. Mem. Opp. Defs.' Mot. Dismiss 2 [#31].

The record on a motion to dismiss generally includes only facts alleged in the complaint and exhibits attached thereto. Freeman v. Town of Hudson, 714 F.3d 29, 35 (1st Cir. 2013). While "narrow exceptions" exist in which the court may consider certain extrinsic documents on a motion to dismiss, a declaration such as the one proposed here is not one of them. Id. at 36. Accordingly, where matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56, and parties must be given a reasonable opportunity to present material additional material. Fed. R. Civ. P. 12(d). Here, even if timely presented with Plaintiffs' Opposition to the Motion, the declaration would be appropriately excluded as outside the pleading, and the matter would not have been converted

2

to a motion for summary judgment, in light of Plaintiffs' repeated statements that the matter could be decided as a matter of law and that discovery should be stayed. Presented immediately before the hearing, long after all briefing was completed, and, as described at the hearing, after apparently securing Defendants' agreement not to enforce the Massachusetts Regulations until the court resolved the pending motion, the motion presents no colorable issue.

Accordingly, Plaintiffs' Motion for Leave to File a Second Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss [#31] is DENIED.

IT IS SO ORDERED.

Date: June 21, 2017                                             /s/ Indira Talwani
                                                                United States District Judge

3