# Exhibit F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CULTURAL CARE, INC., | * | |
| ERIN CAPRON, and JEFFREY | * | |
| PENEDO, | * | |
|     Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-11777-IT |
| | * | |
| OFFICE OF THE ATTORNEY | * | |
| GENERAL OF THE COMMONWEALTH | * | |
| OF MASSACHUSETTS and MAURA T. | * | |
| HEALEY, | * | |
|     Defendants. | * | |

ORDER

TALWANI, D.J.

Plaintiffs challenge the application and enforcement of the Massachusetts Domestic Workers Bill of Rights, Mass. Gen. Laws ch. 149, § 190, and its accompanying regulations codified at 940 Mass. Code Regs. § 32 (collectively, "domestic workers laws"), to foreign nationals participating in the federal *au pair* program under the J-1 Exchange Visitor Visa Program. Compl. ¶¶ 29, 33 [#1]. On August 1, 2017, the court allowed Defendants' motion to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and on August 2, 2017, dismissed the case. Mem. & Order [#37]; Order of Dismissal [#38]. Now before the court is Plaintiffs' <u>Rule 59(e) Motion Requesting That the Court Reconsider the Dismissal Opinion, Vacate the Judgment, and Allow the Case to Proceed as Pled, or, in the Alternative, That the Court Vacate the Judgment and Allow Plaintiffs Leave to File an Amended Complaint Pursuant to Rule 15(a)(2) and to Supplement the Record</u> [#39].

Reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." <u>Palmer v. Champion Mortg.</u>, 465 F.3d 24, 30 (1st Cir. 2006). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has

come to light or that the rendering court committed a manifest error of law." Id.

Plaintiffs' arguments in support of their motion for reconsideration largely reiterate prior arguments and do not demonstrate a manifest error of law. To the extent that Plaintiffs purport the Declaration of Stanley Covin and two letters from members of Congress to be "newly discovered evidence," see Pl.'s Mem. in Support of Rule 59(e) Motion ["Pl.'s Mem."] 7 [#40], the court has already declined to consider documents outside the pleadings in ruling on Defendants' motion to dismiss. Order 2-3 [#33]. Plaintiffs make no argument that the court's Order [#33] constituted a manifest error of law. See Pl.'s Mem. 17-19 [#40].

Plaintiffs also request, in the alternative, leave to amend their Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiffs had twenty-one days to amend the Complaint as a matter of right after Defendants filed their motion to dismiss, and Plaintiffs could have sought leave from the court to amend the Complaint thereafter. At no point prior to the dismissal of the case did Plaintiffs do so. At this late stage, in the absence of postjudgment relief, the court "lacks power to grant a motion to amend the complaint under Rule 15(a)." Fisher v. Kadant, 589 F.3d 505, 509 (1st Cir. 2009) (explaining that "once judgment has entered, the case is a dead letter, and the district court is without power to allow an amendment to the complaint because there is no complaint left to amend").

Accordingly, the Plaintiffs' Motion [#39] is DENIED.

IT IS SO ORDERED.

October 26, 2017                                         /s/ Indira Talwani
                                                         United States District Judge

2