IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN; LUSAPHO HLATSHANENI;
BEAUDETTE DEETLEFS; ALEXANDRA IVETTE GONZALEZ;
SARAH CAROLINE AZUELA RASCON; LAURA MEJIA JIMENEZ;
JULIANE HARNING; NICOLE MAPLEDORAM;
CATHY CARAMELO; LINDA ELIZABETH;
CAMILA GABRIELA PEREZ REYES;

and those similarly situated,

      Plaintiffs,

v.

INTEREXCHANGE, INC.; USAUPAIR, INC.;
GREATAUPAIR, LLC; EXPERT GROUP INTERNATIONAL INC.,
DBA EXPERT AUPAIR; EURAUPAIR INTERCULTURAL CHILD CARE
PROGRAMS; CULTURAL HOMESTAY INTERNATIONAL;
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR;
AUPAIRCARE INC.; AU PAIR INTERNATIONAL, INC.;
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION;
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA;
ASSOCIATES IN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR;
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR;
AGENT AU PAIR;
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR; and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

      Defendants.

_____

**CERTAIN DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO RECONSIDER ORDER GRANTING PLAINTIFFS' MOTION TO CLARIFY THE ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND, UPON RECONSIDERATION, GRANTING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 1126]**

## INTRODUCTION

Moving Defendants[1] respectfully submit this reply in support of their Motion ("Mot.") to Reconsider Order Granting Plaintiffs' Motion to Clarify The Order Denying Motions for Summary Judgment And, Upon Reconsideration, Granting in Part Plaintiffs' Motion for Summary Judgment [ECF No. 1126] (the "Order"), ECF No. 1130.  In filing the Motion, Defendants acted in circumstances where Plaintiffs' underlying Motion to Clarify was ruled upon before Defendants filed their Opposition.

Defendants fully accept the Court's authority to resolve the legal issues before it—including the authority to do so before a motion is fully briefed.  Defendants will continue working cooperatively with opposing counsel to prepare this case for trial, and will of course be guided by the rulings of this Court as they do so.  Those commitments, however, do not lessen defense counsel's obligations to their clients, which they believe more than justified (if not required) their filing of this Motion, to pursue and preserve critical defenses.  For the reasons set forth in the Motion—some of which were not previously before the Court, and others of which the Court has not previously addressed—Defendants respectfully submit that the Court's original summary judgment decision was correct, and that Plaintiffs' motion to clarify should have been denied.

## SUMMARY OF ARGUMENT

Defendants focus in this Reply upon three arguments:  First, the Department of State's ("DOS's") interpretation of the au pair regulations as they pertain to preemption

---

[1] All Defendants join this reply brief except A.P.E.X. American Professional Exchange, LLC and 20/20 Care Exchange, Inc.  For ease of reference, the thirteen Moving Defendants are referred to herein as "Defendants."

is scheduled to be filed in less than two weeks, and the Court may find it beneficial to have the responsible agency's interpretation of the au pair regulations before it forecloses further consideration of the preemption issue.  Second, fact disputes concerning preemption that were not addressed in the Court's prior orders, and in some instances were not yet fully before the Court, must be resolved by the jury as the finder of fact.  Third, regardless of whether the Court is inclined to agree with the foregoing arguments, Plaintiffs have identified no basis for sanctioning Defendants or their counsel.[2]

**I.     RECONSIDERATION IS APPROPRIATE.**

Plaintiffs' Opposition depends on their threshold assertion that Defendants must identify a change in controlling law or new evidence to justify reconsideration.  *See, e.g.*, Pls.' Opp'n to Certain Defs.' Mot. to Reconsider Order Granting Pls.' Mot. to Clarify at 5 ("Opp'n"), ECF No. 1135.  Plaintiffs are incorrect:  The Court has broad discretion to "freely reconsider its prior rulings," and indeed, it has exercised that authority previously in this case.  *See* Order on All Parties' Joint R. Regarding Proposed Rule 23 Notification Plan at 6, ECF No. 977 (stating that the court can "freely reconsider its prior rulings"); *see Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008).  As Plaintiffs explained when they sought and won reconsideration and reversal of the Court's decision denying summary judgment regarding preemption, the Federal Rules put "no

---

[2]  Defendants actually proposed in the opening section of their Motion to Reconsider that the Court excuse Plaintiffs' counsel from responding, as (a) Defendants did not expect the Court to reverse course in such a short timeframe, and (b) the purpose of the Motion was to preserve arguments that would otherwise have been contained in an Opposition. Mot. at 1.  Plaintiffs' counsel chose to oppose and seek sanctions six days later, before the Court could even consider Defendants' suggestion. ECF No. 1135.

limit or governing standard" on the Court's ability to reconsider its prior rulings. Plts.' Mot. to Clarify the Order Denying Mots. for S.J. at 6 ("Mot. to Clarify"), ECF No. 1118.

Without wishing to burden the Court with lengthy argument on a matter addressed so recently, Defendants preserve in particular the following points:

(1)  Plaintiffs have offered no reason why the Court should unequivocally close the door on the preemption issue without the benefit of DOS's views, which are scheduled to be expressed to the United States Court of Appeals for the First Circuit ("First Circuit") within a matter of weeks. The Office of the Solicitor General in the Department of Justice ("DOJ") is poised to report DOS's official position, at the First Circuit's request, on or about September 11 in a case pending in Massachusetts.[3] Plaintiffs' attempt to suggest that the First Circuit's inquiry is irrelevant, Opp'n at 10 n.5, is unavailing.  *See, e.g.*, *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (discussing deference given to an agency interpretation of its own regulations) (internal quotation marks omitted); *Mellow Partners v. Comm'r*, 890 F.3d 1070, 1079 (D.C. Cir. 2018) (applying so-called "*Auer* deference"). Nor do Plaintiffs cite any case where a court

---

[3]  After receiving the First Circuit's request, the DOJ responded as follows: "We will endeavor to file an amicus brief, if authorized to do so, by September 11. We will inform the Court promptly if the Solicitor General needs more time to make a determination." ECF No. 1130-11. As of this filing, DOJ has not sought any such extension.

DOJ agreed to file a brief after Defendants' summary judgment briefing was complete. *See* ECF No. 1130-11. Hence, the possible implications of DOS's forthcoming opinion were not previously presented to the Court, although Plaintiffs attached to their Motion to Clarify a document that referred to the First Circuit's request to DOS.  S*ee* ECF No. 1118-2.

refused to defer to a forthcoming agency interpretation *in advance*, as they seem to urge here.  *See* Opp'n at 10 n.5.[4]

(2)  Defendants have identified fact disputes regarding their preemption defense that must be resolved by the jury, which renders reconsideration appropriate.  *See* Mot. at 12-13.  For example, the jury could find that the application of state and local wage laws would dramatically raise the costs of participation for host families, leading to reduced participation, and in turn frustration of the effective operation of the program.  *Id.* at 12.  Such potential head-on conflicts require resolution by the jury.  *See id.* at 12-13.  Plaintiffs do not identify a prior order rejecting that argument, nor do they deny that a sharp increase in the minimum stipend could reduce host-family participation.  *See* Opp'n at 8-9.  Indeed, they concede that preemption sometimes "requires resolving antecedent or ancillary factual disputes."  Opp'n at 6.

Plaintiffs' contention that reduced participation by host families cannot constitute a conflict as a matter of law, Opp'n at 8, is based on a fatally flawed premise:  While it is obviously true that Congress did not intend for au pairs to be merely a "cheap foreign alternative to domestic childcare providers," *id.*, Congress and DOS did intend to create a successful cultural exchange program in which a wide array of host families throughout the United States can participate.  *See, e.g.*, 22 U.S.C. § 2460(c) (Fulbright-Hays programs, including the au pair program, must "maintain their nonpolitical

---

[4] Plaintiffs also argue that reconsideration should be denied because DOJ may choose not to file a brief.  Opp'n at 10.  DOJ's correspondence with the First Circuit suggests otherwise.  *See* ECF No. 1130-11.  In any event, the Court will know whether DOJ chooses to file a brief by September 11.

character and shall be balanced and representative of the diversity of American political, social, and cultural life."). As the Supreme Court has made clear, if applying state and local laws will "dramatically increase the burdens facing" participants in a federally regulated program, such state and local laws may well conflict with federal law. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 350 (2001) (state laws preempted where applying "50 States' tort regimes will dramatically increase the burdens facing potential applicants" for FDA approval).[5] So too here, where the record amply demonstrates that the application of state and local law would reduce host-family participation, *see* Mot. at 12-13, but the degree to which it would do so must be determined by the finder of fact. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 514 (1988) ("[W]hether the facts establish the conditions for the defense is a question for the jury.").

## II.   PLAINTIFFS' REQUEST FOR SANCTIONS SHOULD BE DENIED.

Even if the Court were to deny this motion, Plaintiffs request for sanctions under 28 U.S.C. § 1927 is wholly misplaced. Motions for reconsideration, plausibly asserted, do not merit sanctions. *See, e.g.*, *Elec. Bus. Sys. v. Omron Bus. Sys.*, No. 87-2033 S, 1990 WL 95107, at *3 (D. Kan. June 12, 1990) (sanctions unwarranted where the motions for reconsideration "were not filed solely to harass" and "counsel was simply trying to assert his client's case"). That is particularly so where, as here, the Court

---

[5] Plaintiffs claim that an increase in costs to "consumers" cannot trigger preemption. Opp'n at 8–9. They rely exclusively on dicta from an out-of-circuit decision, which held that the state law at issue was preempted. *See DiFiore v. Am. Airlines, Inc.*, 646 F.3d 81, 89 (1st Cir. 2011). And in any event, host families are themselves participants—not merely "consumers"—in a federal program. *Cf. Buckman*, 531 U.S. at 350.

- 5 -

resolves a motion—which is dispositive of a key defense—before briefing is complete, and a party did not have the opportunity to set forth its position fully. *See Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *3-4, *14 (D. Colo. Sep. 28, 2008) (sanctions not warranted where the Court resolved a motion before it was "fully briefed" and the losing party sought reconsideration).

The standard for sanctions under 28 U.S.C. § 1927 is an "extreme standard," and "fees should be awarded only in instances evidencing a serious and standard disregard for the orderly process of justice." *Baca v. Berry*, 806 F.3d 1262,1268 (10th Cir. 2015) (internal quotation marks omitted). *Compare Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc) (courts must "strictly construe[]" § 1927 to avoid "dampen[ing] the legitimate zeal of an attorney in representing his client")*, and Conry v. Estate of Barker*, No. 14-cv-02672-CMA-KLM, 2017 WL 5952709, at *2-3 (D. Colo. Dec. 1, 2017) (Arguello, J.) (denying a request for sanctions)*, with Steinert v. Winn Grp.*, 440 F.3d 1214, 1221 (10th Cir. 2006) (sanctions warranted where attorney acts "recklessly or with indifference to the law," "is cavalier and bent on misleading the court," "intentionally acts without a plausible basis," or when "the entire course of the proceedings is unwarranted").

Defense counsel's conduct was neither "unreasonabl[e]" nor "vexatious[]." 28 U.S.C. § 1927. At the end of the day, defense counsel stands accused of doing precisely what Plaintiffs did earlier: seeking reconsideration of an important order regarding preemption based on legitimate, good-faith arguments. *See* Mot. to Clarify at 6-10; Opp'n at 11-13. Importantly, Defendants had no prior opportunity to raise the

- 6 -

primary argument they have asserted in seeking reconsideration.  *See supra* at 3 & n.3.  And they filed this Motion only after the Court granted Plaintiffs' Motion to Clarify, before Defendants had an opportunity to respond.  *See* Order at 16.

To be clear, Defendants do not dispute the Court's authority to decide a motion early—indeed, the local rules expressly contemplate that the Court may do so.  *See* D.COLO.LCIVR. 7.1(d).  The Court's decision, however, does not lessen counsel's obligation to zealously advocate for their clients by explaining why the arguments in Plaintiffs' Motion should be rejected.  *See Braley*, 832 F.2d at 1512 (courts must "strictly construe[]" § 1927 to avoid "dampen[ing] the legitimate zeal of an attorney in representing his client").  Nor would the filing of a one-page notice of disagreement with the Order have been sufficient to preserve Defendants' grounds on appeal.  *See, e.g.*, *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 790 (10th Cir. 2017) (the failure to develop an argument in the district court "with the necessary specificity constitutes forfeiture").  Counsels' conduct cannot be deemed "unreasonable" under Section 1927 where reconsideration was sought in these circumstances.  *See Chao*, 2008 WL 4427087, at *3-4, *14 (denying sanctions where the Court resolved a motion before it was "fully briefed" and the losing party sought reconsideration).

Nor was it "vexatious."  To the contrary, counsel went out of their way to lessen the likely burden on Plaintiffs' counsel.  In the very first paragraph of their Motion, Defendants acknowledged that the Court was not likely to grant the Motion, and suggested that Plaintiffs be excused from filing opposing papers unless the Court expressly requested that they do so.  (Plaintiffs never gave the Court the opportunity to

accept that recommendation, as they rushed to file their opposition 15 days before it was due.)  Defendants' course of conduct is a far cry from the kind of behavior that merits sanctions under Section 1927.  *See Steinert*, 440 F.3d at 1221; *Chao*, 2008 WL 4427087, at *3-4, *14; *Elec. Bus. Sys.*, 1990 WL 95107, at *3.  The request for sanctions should be denied.[6]

## CONCLUSION

For the foregoing reasons, the Court should reconsider the Order and deny Plaintiffs' request for sanctions.

Dated:  August 29, 2018

Respectfully submitted,

*s/ Diane R. Hazel*
Joan A. Lukey
(joan.lukey@choate.com)
Robert M. Buchanan, Jr.
(rbuchanan@choate.com)
Michael T. Gass
(mgass@choate.com)
Justin J. Wolosz
(jwolosz@choate.com
Lyndsey M. Kruzer
(lkruzer@choate.com)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790

---

[6] Plaintiffs argue in a single sentence and in a footnote that Defendants and/or defense counsel should be sanctioned under the Court's inherent authority or as a deterrent measure.  Opp'n at 11–12 & n.7.  Plaintiffs develop no separate argument as to why Defendants should be sanctioned under the Court's inherent authority, however, and Section 1927 sanctions should not be imposed for the sake of deterrence.  *See Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th Cir. 2008) (explaining that § 1927 "indicates a purpose to compensate victims of abusive litigation practices, not to deter and punish offenders").

James M. Lyons (jlyons@lrrc.com)
Jessica L. Fuller (jfuller@lrrc.com)
Diane Hazel (dhazel@lrrc.com)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222

*Attorneys for Defendant Cultural Care, Inc. d/b/a Cultural Care Au Pair*

*s/ Kathryn A. Reilly*
Kathryn A. Reilly (reilly@wtotrial.com)
Grace A. Fox (fox@wtotrial.com)
Natalie E. West (west@wtotrial.com)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

*Attorneys for Defendants Agent Au Pair, Au Pair International, Inc., Go Au Pair Operations, and American Cultural Exchange, LLC d/b/a Go Au Pair*

*s/ Susan M. Schaecher*
Susan M. Schaecher, Esq.
(sschaecher@laborlawyers.com)
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651

*Attorneys for Defendants APF Global Exchange, NFP*

*s/ James E. Hartley*
James E. Hartley
(jhartley@hollandhart.com)
Jonathan S. Bender
(jsbender@hollandhart.com)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202

Adam A. Hubbard
(aahubbard@hollandhart.com)
Holland & Hart LLP
1800 Broadway, Suite 300
Boulder, CO 80302

***Attorneys for Defendant Cultural Homestay International***

*s/ Stephen J. Macri*
Stephen J. Macri
(Stephen.macri@ogletree.com)
Joseph B. Cartafalsa
(joseph.cartafalsa@ogletree.com)
Robert M. Tucker
(robert.tucker@ogletree.com)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1745 Broadway, 22nd Floor
New York, NY 10019
(212) 492-2071

*s/ Eric J. Stock*
Eric J. Stock
(estock@gibsondunn.com)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-2301

***Attorneys for Defendant American Institute for Foreign Study d/b/a Au Pair in America***

- 10 -

*s/ Bogdan Enica*
Bogdan Enica
(Bogdan@expertaupair.com)
Expert AuPair
111 Second Ave NE, Ste. 213
St. Petersburg, FL 33701

**Attorney for Defendant Expert Group International, Inc. d/b/a Expert Au Pair**

*s/ Peggy E. Kozal*
Peggy E. Kozal
(pkozal@gordonrees.com)
Thomas Baker Quinn
(tquinn@gordonrees.com)
Nathan A. Huey
(nhuey@gordonrees.com)
Heather K. Kelly
(hkelly@gordonrees.com)
Gordon & Rees LLP
555 17th Street, Suite 3400
Denver, CO 80202

**Attorneys for Defendant AuPairCare, Inc.**

*s/ Martha L. Fitzgerald*
Martha L. Fitzgerald
(mfitzgerald@bhfs.com)
David B. Meschke
(dmeschke@bhfs.com)
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432

**Attorneys for Defendant EurAuPair Intercultural Child Care Programs**

*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
(bcolaizzi@shermanhoward.com)
Heather F. Vickles
(hvickles@shermanhoward.com)
Raymond M. Deeny
(rdeeny@shermanhoward.com)
Joseph Hunt
(jhunt@shermanhoward.com)
Alyssa L. Levy
(alevy@shermanhoward.com)
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

***Attorneys for Defendant InterExchange, Inc.***


*s/ William J. Kelly III*
William J. Kelly III
(wkelly@kellywalkerlaw.com)
Chandra Marie Feldkamp
(cfeldkamp@kellywalkerlaw.com)
KELLY & WALKER LLC
1512 Larimer Street, Suite 200
Denver, CO 80202

***Attorneys for Defendant USAuPair, Inc.***


*s/ Meshach Y. Rhoades*
Meshach Y. Rhoades
Martin J. Estevao
4643 S. Ulster Street, Suite 800
Denver, CO 80237
(720) 722-7195
mrhoades@armstrongteasdale.com
mestevao@armstrongteasdale.com

***Attorneys for Defendant GreatAuPair, LLC***

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 29, 2018, I caused to be electronically filed the foregoing Certain Defendants' Reply Brief In Support Of Their Motion To Reconsider Order Granting Plaintiffs' Motion To Clarify The Order Denying Motions For Summary Judgment And, Upon Reconsideration, Granting In Part Plaintiffs' Motion For Summary Judgment [ECF No. 1126] with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Matthew L. Schwartz (mlschwartz@bsfllp.com)
Peter M. Skinner (pskinner@bsfllp.com)
Randall W. Jackson (rjackson@bsfllp.com)
Dawn L. Smalls (dsmalls@bsfllp.com)
Joshua J. Libling (jlibling@bsfllp.com)
Sigrid S. McCawley (smccawley@bsfllp.com)
Sabria A. McElroy (smcelroy@bsfllp.com)
Sean P. Rodriguez (srodriguez@bsfllp.com)
Juan P. Valdivieso (jvaldivieso@bsfllp.com)
Byron Pacheco (bpacheco@bsfllp.com)
Boies Schiller & Flexner, LLP

Alexander N. Hood (alex@towardsjustice.org)
David Seligman (david@towardsjustice.org)
Towards Justice-Denver

*Counsel for Plaintiffs*

Lawrence D. Stone (LStone@nixonshefrin.com)

*Counsel for A.P.E.X. American Professional Exchange, LLC and 20/20 Care Exchange, Inc.*

                                                            *s/ Diane R. Hazel*