**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ,
SARAH CAROLINA AZUELA RASCON,
CATHY CARAMELO,
LINDA ELIZABETH,
GABRIELA PEREZ REYES,
    and those similarly situated,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION,
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA,
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR,
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR,
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR, and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

    Defendants.

**PLAINTIFFS' STATEMENT IN RESPONSE TO CERTAIN DEFENDANTS'
SUPPLEMENT TO THEIR REPLY BRIEF IN SUPPORT OF THEIR MOTION TO
RECONSIDER [ECF NO. 1146]**

## STATEMENT

Plaintiffs write to briefly address the supplemental reply certain Defendants filed with the Court on September 27, 2018. *See* ECF No. 1146. Defendants' supplement attaches an amicus brief submitted by the Office of the Solicitor General on behalf of the Department of State on September 25, 2018, in a case pending before the U.S. Court of Appeals for the First Circuit, *Capron v. Office of the Attorney General of the Commonwealth of Massachusetts*, No. 17-2140 (1st. Cir. 2017) ("*Capron*").

As a threshold matter, this Court has repeatedly ruled that the relevant statutes and regulations unambiguously do not preempt state wage laws. As such, the government's amicus brief in *Capron*—which claims that the regulatory regime is ambiguous—stands in stark contrast to the considered views of this Court. Indeed in rejecting the preemption defense for the fourth time, the Court confirmed that its ruling on preemption had been law of the case since at least 2016, when it first addressed the issues at the motion to dismiss stage. *See* ECF No. 1126.

Equally important, the government's amicus brief addresses a different case, which challenges a different Massachusetts law than is at issue in *Beltran*, in a different circuit, and for those reasons (as detailed below), it need not have any bearing on the preemption defense this Court has considered and repeatedly rejected, and on which the Court has already granted summary judgment in Plaintiffs' favor.

***First***, *Capron* and *Beltran* address different Massachusetts laws: in *Capron*, Cultural Care claims that the Domestic Worker Bill of Rights ("DWBOR"), a law that governs working conditions for domestic workers, is preempted by federal law as applied to *au pairs*. *See Cultural Care, Inc. v. Off. Of the Att'y Gen. of Mass.*, No. 16-cv-11777-IT, 2017 WL 3272011, at *1 (D. Mass. Aug. 1, 2017). The *Beltran* plaintiffs bring

1

no claims under the DWBOR; this Court has certified a subclass of Massachusetts *au pairs* who bring, *inter alia*, claims for violations of Massachusetts minimum wage and overtime law, Mass. Gen. Laws ch. 151, §§ 1-1B.  See ECF No. 828 at 29-30, 36.[1]

**Second**, as the government admits, its new position on the applicability of state wage laws to the *au pair* program is wholly inconsistent with its prior position.  See ECF No. 1146-1 at 19 n.6, 7.  Accordingly, it should be entitled to minimal deference, if any. *See Succar v. Ashcroft*, 394 F.3d 8, 36 (1st Cir. 2005) (An "agency interpretation of a relevant provision which conflicts with the agency's earlier interpretation is 'entitled to considerably less deference' than a consistently held agency view." (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 446 n.3 (1987)).  Moreover, "[a]n agency's conclusion that state law is preempted is not necessarily entitled to deference." *In re Universal Serv. Fund Tel. Billing Practice Litig.*, 619 F.3d 1188, 1200 (10th Cir. 2010) (citing *Wyeth v. Levine*, 555 U.S. 555 (2009)).  In determining whether to accord it any deference, the court should consider "whether [the] agency's preemption determination was consistent with the positions it took in the past and whether its rulemaking process was procedurally sound." *Id.*  There has been no formal rulemaking here, and "agency litigating positions are not entitled to deference when they are merely appellate counsel's *post hoc* rationalizations for agency action, advanced for the first time in the reviewing court." *Martin v. Occupational Safety and Health Review Com'n*, 499 U.S. 144, 156 (1991) (internal quotation marks omitted).

---

[1] Indeed, in the district court in *Capron*, Judge Talwani explicitly rejected Cultural Care's attempt to conflate its DWBOR challenge with minimum wage and overtime laws. *See Cultural Care, Inc.*, 2017 WL 3272011 at *7, *8 ("[T]he overtime requirement is not set by the domestic workers law challenged here, but instead by the Minimum Fair Wage Law, Mass. Gen. Laws ch. 151 § 1A. . . . Nor are these [minimum wage related] costs properly before the court . . . .").

***Third***, the First Circuit has not ruled in *Capron* – a case that Cultural Care filed in Massachusetts in order to collaterally attack this Court's repeated finding that state and local wage laws are not preempted by the au pair regulations.  Even in the event the First Circuit reaches a different result, its decision would not bind this Court, or any other in the Tenth Circuit.

In sum, the government's new position is a reversal of its prior position and is contrary to the determination of two district courts in two different jurisdictions, and should not be given deference in this action.  However, in the event the Court would like to consider the government's amicus brief, *see* ECF No. 1135, Plaintiffs welcome the opportunity for further briefing on this issue.

Dated: October 8, 2018

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

  /s/ *Dawn L. Smalls*
Matthew L. Schwartz
Peter M. Skinner
Randall W. Jackson
Dawn L. Smalls
Joshua J. Libling
Byron Pacheco
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com
pskinner@bsfllp.com
rjackson@bsfllp.com
dsmalls@bsfllp.com
jlibling@bsfllp.com
bpacheco@bsfllp.com

3

Sean P. Rodriguez
Juan P. Valdivieso
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
srodriguez@bsfllp.com
jvaldivieso@bsfllp.com

TOWARDS JUSTICE
Alexander Hood
1535 High Street, Suite 300
Denver, Colorado  80218
Tel: (720) 239-2606
Fax: (303) 957-2289
alex@towardsjustice.org
*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on October 8, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                               */s/ Dawn L. Smalls*
                                               Dawn L. Smalls