# EXHIBIT A

## Sean Rodriguez

| | |
|---|---|
| **From:** | Peggy Kozal <pkozal@grsm.com> |
| **Sent:** | Monday, October 15, 2018 11:47 AM |
| **To:** | Sean Rodriguez |
| **Cc:** | beltrandefendants@choate.com; LStone@nixonshefrin.com; Dawn Smalls; Joshua Libling; Laura Harris; Juan Valdivieso; Dawn Smalls; Joshua Libling; Laura Harris; Juan Valdivieso; Byron Pacheco; Kristina James |
| **Subject:** | RE:  Beltran "stock" instructions |

Sean,

We are disappointed in Plaintiffs' position.  Particularly disappointing are your misstatements about the schedule and process that the parties previously agreed upon.  Nevertheless, we see no benefit to trying to hash out the cause of the delay at this point and will proceed with filing a motion seeking the extension.

Peggy

**PEGGY E. KOZAL**
**Partner**
**GORDON & REES**
**SCULLY MANSUKHANI**
Direct: 303-200-6888


**From:** Sean Rodriguez [mailto:srodriguez@bsfllp.com]
**Sent:** Monday, October 15, 2018 9:44 AM
**To:** Peggy Kozal
**Cc:** beltrandefendants@choate.com; LStone@nixonshefrin.com; Dawn Smalls; Joshua Libling; Laura Harris; Juan Valdivieso; Dawn Smalls; Joshua Libling; Laura Harris; Juan Valdivieso; Byron Pacheco
**Subject:** RE: Beltran "stock" instructions

Peggy,

We're happy to work with you on a compressed schedule for exchanging redlines and meeting and conferring, but we need to keep the existing deadline.  I note that we turned around our responses to Defendants' first set of redlines in two days.

Defendants requested schedule change—more than 2 weeks—would interfere with other pretrial deadlines that we planned around after Defendants insisted on a more compressed schedule than we did at the last scheduling conference.  It is also is unwarranted for the reasons below:

*First*, we planned around the schedule that Defendants successfully advocated; we are ready for trial.  Unnecessary delay will only further harm the classes.

In addition, the redlines in Defendants' first responses to instructions proposed by us give us concern that Defendants are will make unfounded and unreasonable changes to our numerous of our proposals (which largely hew to model instructions).  We are concerned drawing out the process would only force both sides to waste time on additional meet and confer efforts that will not resolve the issues.

*Second*, Defendants cannot blame Plaintiffs for the jury instruction timeline.

1

As noted in my 10/5 letter, Defendants began discussions about the jury instruction schedule with a statement that they would be providing a complete set of proposed instructions *no matter what* in October.  I want to be clear:  Defendants presented us with an ultimatum, and the only room for negotiation was around the precise day in October when Defendants would deliver their positions.  (Plaintiffs agreed that any instructions they were able to send by September 20 would be omitted from Defendants' proposed set, and that Defendants would respond to those instructions rather than offer new instructions in October.)

At some point in our discussions, it appears that Defendants determined that Plaintiffs must propose instructions.  We never accepted that obligation, but as I explained we were working on our instructions for internal purposes and we'd be happy to propose as many instructions as possible as soon as feasible.  However, in *every* conversation I reiterated that Defendants could not rely on Plaintiffs to deliver instructions by any date certain.  I also repeatedly stated that we were would not send affirmative-defense instructions.

Any miscommunications were unfortunate, but there is no room to place blame on Plaintiffs.  The situation is especially disappointing because, at least until recently, we had avoided the acrimony that has often arisen in this case.

*Third*, Defendants cannot claim prejudice from the timing.  Plaintiffs delivered their complete set on 10/8 (subject to caveats for inadvertent errors or omissions; we haven't found any yet).  In light of the above—including the fact that Defendants originally told us they were going to send their full set of instructions in early October—we disagree with Defendants' position.

Truly,

Sean P. Rodriguez
Partner

**BOIES SCHILLER FLEXNER LLP**
1999 Harrison Street
Suite 900
Oakland, CA 94612
(d) +1 510 874 1101
(o) +1 510 874 1000
srodriguez@bsfllp.com
www.bsfllp.com



---------- Forwarded message ----------

> **From:** Peggy Kozal <pkozal@grsm.com>
> **Date:** October 11, 2018 at 8:20:32 PM PDT
> **Subject:** FW: Beltran "stock" instructions
> **To:** Sean Rodriguez <srodriguez@bsfllp.com>
> **Cc:** beltrandefendants@choate.com,LStone@nixonshefrin.com,Dawn Smalls <dsmalls@bsfllp.com>,Joshua Libling <jlibling@bsfllp.com>,Laura Harris <lharris@bsfllp.com>,Juan Valdivieso <jvaldivieso@bsfllp.com>,Byron Pacheco <bpacheco@bsfllp.com>
>
> Sean,
>
> In light of Plaintiffs' delay in sending us their proposed instructions, Defendants do not believe that the October 23 deadline for submission of instructions and briefing to the Court is workable.  Below is our proposal for a modification to the schedule.  Larry Stone has not provided input or feedback on this proposal.  Larry, if you want to weigh in, please do.

2

1. October 8:  Plaintiffs sent us proposed jury instructions.

2. October 15:  Plaintiffs send proposed verdict forms and any remaining instructions.

3. October 22:  Defendants respond with edits, affirmative defenses and other proposed jury instructions.

4. October 22:  Defendants respond with edits to the verdict forms.

5. October 26:  Plaintiffs send additional edits/responses to Defendants' jury instructions.

6. November 1:  The parties have most, if not all, of the meet and confer efforts done.

7. November 8:  All parties' deadline for submission to the court of proposed instructions, verdict forms and briefs with objections.

If this schedule is acceptable to Plaintiffs, we suggest that the parties jointly file a request with the Court.  Please advise us of Plaintiffs' position by end of day tomorrow.  If more time is needed to assess Plaintiffs' position on the timeline, let us know.  However, we are not inclined to let this matter linger past Monday.  Thank you.

Peggy

**PEGGY E. KOZAL**
Partner
**GORDON & REES**
**SCULLY MANSUKHANI**
Direct: 303-200-6888

---

**From:** Peggy Kozal
**Sent:** Wednesday, October 10, 2018 1:12 PM
**To:** 'Sean Rodriguez'; beltrandefendants@choate.com; LStone@nixonshefrin.com
**Cc:** Dawn Smalls; Joshua Libling; Laura Harris; Juan Valdivieso; Byron Pacheco
**Subject:** RE: Beltran "stock" instructions

Sean,

Attached are Defendants' revisions and comments to Plaintiffs' proposals regarding Judge Arguello's stock instructions.  Please let us know if Plaintiffs will agree to our changes or believe that further conferral would be productive.

We will send a proposal separately for how we suggest the parties proceed given Plaintiffs' significant delay in providing the instructions.

Peggy

**PEGGY E. KOZAL**
Partner

3

**GORDON & REES**
**SCULLY MANSUKHANI**
Direct: 303-200-6888

---

**From:** Sean Rodriguez [mailto:srodriguez@bsfllp.com]
**Sent:** Friday, September 28, 2018 12:38 PM
**To:** beltrandefendants@choate.com; LStone@nixonshefrin.com
**Cc:** Dawn Smalls; Joshua Libling; Laura Harris; Juan Valdivieso; Byron Pacheco
**Subject:** Beltran "stock" instructions

Counsel,

Please find attached our proposals as to Judge Arguello's "stock" final instructions *except* for those regarding damages and deliberation.

We propose to have this introductory set in the initial section, followed by instructions for the substantive claims, and finally a concluding section on damages, the verdict form, and Judge Arguello's "stock" admission regarding deliberations.

We are working diligently to send you the those remaining sections, and will do so as soon as possible.  Katie, Peggy, thank you for acting as liasons on this.  I'll be back in touch on Monday with respect to the remaining instructions.

Kind regards,


**Sean P. Rodriguez**
Partner

**BOIES SCHILLER FLEXNER** LLP
1999 Harrison Street
Suite 900
Oakland, CA 94612
(d) +1 510 874 1101
(o) +1 510 874 1000
srodriguez@bsfllp.com
www.bsfllp.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then eleting this electronic message from your computer. [v.1 08201831BSF]

---

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Kentucky * Maryland * Massachusetts * Missouri * Nebraska * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia * Wisconsin

4

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
http://www.grsm.com