**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ,
SARAH CAROLINE AZUELA RASCON,
CAMILA GABRIELA PEREZ REYES,
CATHY CARAMELO,
LINDA ELIZABETH,
And those similarly situated,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., *d/b/a* Expert AuPair,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC., *d/b/a* Cultural Care Au Pair,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, *d/b/a/* Aupair Foundation,
AMERICAN INSTITUTE FOR FOREIGN STUDY, *d/b/a* Au Pair in America,
AMERICAN CULTURAL EXCHANGE, LLC, *d/b/a* GoAuPair,
AGENT AU PAIR,
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC, *d/b/a* ProAuPair,
20/20 CARE EXCHANGE, INC., *d/b/a* The International Au Pair Exchange,
ASSOCIATES IN CULTURAL EXCHANGE, *d/b/a* GoAuPair, and
GOAUPAIR OPERATIONS, LLC, *d/b/a* GoAuPair

    Defendants.

---

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS AND
COLLECTIVE ACTION SETTLEMENT**

---

Having considered Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement (Doc. # 1189), this Court preliminarily approves the parties' proposed settlement.

The Court previously found that this matter meets the requirements for class certification under Federal Rule of Civil Procedure 23, and ordered that Class Members receive notice and an opportunity to exclude themselves from the class action. (Doc. ## 828, 1057.) The Court has also previously conditionally certified Fair Labor Standards Act ("FLSA") classes as to certain Defendants, and ordered that au pairs sponsored by those Defendants be provided with notice and the opportunity to opt-in to the collective action. (Doc ## 525, 539, 569.)

This Court now finds that it may preliminarily approve the parties' proposed settlement, as it is fair, adequate, and reasonable, and because the parties reached their proposed agreement as a result of intensive, non-collusive, arm's-length negotiations. *See Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) ("In exercising its discretion, the trial court must approve a settlement if it is fair, reasonable and adequate.").

For the FLSA collective actions, it is necessary for the Court to finally certify the conditionally certified FLSA classes. *See Thiessen v. GE Capital Corp.,* 267 F.3d 1095, 1102-03 (10th Cir. 2001) (outlining two-stage FLSA certification process). At the time of the final settlement approval hearing, the Court will also review the settlement for fairness under the FLSA and for final certifications.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (requiring court approval of FLSA settlement); *Baker v. Vail Resorts Mgmt. Co.,* No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (same). To that end, the Court orders that the

Plaintiffs will move for final certification of the FLSA classes together with their motion for final approval of the settlement.

This Court will hold a final hearing on the settlement (the "Fairness Hearing") on **June 6, 2019, at 9:00 AM**, in Courtroom A602, at the United States District Court for the District of Colorado, Alfred A. Arraj Courthouse, 901 19th Street, Denver, CO 80294, to determine whether this Court should finally approve the parties' proposed settlement, and to resolve all related matters.  **The Court has set aside one-half day for this Hearing.**

Attendance by FLSA opt-in plaintiffs and Class Members at the Fairness Hearing is not necessary. They need not appear at the hearing or take any other action to indicate their approval of the proposed settlement. Class Members wishing to be heard are, however, required to appear at the Fairness Hearing or to submit an objection in accordance with the Settlement Notice described below. The Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Submissions by the parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later **than May 16, 2019**.  If reply papers are necessary, they are to be filed no later than **May 30, 2019**.

This Court approves, as to form and content, the Notice of Proposed Settlement of Class and Collective Action, Fairness Hearing, and Right to Appear ("Settlement Notice"). The Court also approves JND Legal Administration as the Claims Administrator.

This Court finds that the proposed Settlement Notice, as reflected in the parties' Settlement Agreement and exhibits thereto, meets the requirements of due process under

3

the Constitution and Federal Rule of Civil Procedure 23(e), that it is the best practicable notice under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of the class action settlement.

This Court finds that the proposed Settlement Notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of it (where applicable). *See DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) ("[O]ur precedent focuses upon whether the district court gave 'the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.'") (quoting *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001)).

The Court therefore orders that notice be disseminated by mail, e-mail, or text message depending on what contact information is available for each au pair. The parties may agree on the language for any short-form e-mail or text message notice, so long as the communication directs the Class Members to where they can find the full Settlement Notice and, in the case of e-mail, attaches the full Settlement Notice.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715 ("CAFA"), the Claims Administrator will serve the Settlement Notice and any other documents required by the CAFA, on the United States Attorney General and the Attorney Generals for the States where Class Members reside, unless such service is already completed at the time this order is issued.

Any Class or Collective Action Member who wishes to participate in the settlement must submit a valid claim form to the Claims Administrator **on or before May 2, 2019**.

Any Class Member who is eligible for exclusion because they were sponsored by

Defendant AuPairCare, Inc. (from January 1, 2009 through October 28, 2018) or by any Defendant in 2017 and 2018, and who wishes to be excluded from the class action settlement must do so **on or before May 2, 2019**. To be excluded, a Class Member must return the Exclusion Request Form (attached to the Settlement Notice) or otherwise submit a written request to the Claims Administrator, which includes his or her:

    a. Full name;

    b. Address;

    c. Telephone number; and

    d. A statement indicating that he or she wishes to be excluded from the class action settlement.

Any Class Member who is eligible for exclusion and submits a valid and timely request for exclusion will neither be bound by the terms of the Settlement Agreement, nor receive any of the benefits of the Settlement Agreement.

    Any Class Member who wishes to comment on or object to the proposed settlement must mail or e-mail a written notice of objection to the Claims Administrator, postmarked **on or before May 2, 2019**. The objection should include the Class Member's name, address, telephone number, e-mail address and signature; a detailed list of any other objections that the Class Member or his or her lawyer has made to any class action settlements submitted to any court in the United States in the previous five (5) years; a detailed statement of the Class Member's comments or objections, including: whether the objection applies only to the individual Class Member, to a subset of the Class, or the entire Class; the grounds for the objections; and supporting documents, if any. Plaintiffs will be responsible for promptly filing and serving on all parties any objections or comments received with the Court. Class Members who do not submit a valid and timely objection will be barred from seeking review

of the proposed class action settlement by appeal, or otherwise (to the extent that such review would otherwise be permitted).

This order should not be construed as, or deemed to be, evidence of a presumption, implication, concession, or admission by any Defendant concerning (1) any alleged liability, fault, or wrongdoing; or (2) the appropriateness of any measure of alleged loss or damages.

If the parties' Settlement Agreement is terminated pursuant to its terms, or if this Court does not finally approve the parties' proposed settlement, Plaintiffs and Defendants will be returned to the position they were in prior to execution of their Settlement Agreement, with the same *status quo* rights and interests as they had prior to execution their Settlement Agreement.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Court sets the following schedule:

| Event | Date |
|---|---|
| **Settlement Notice Sent** | February 1, 2019 |
| **Deadline to Submit Claim Form** | May 2, 2019 |
| **Deadline to Submit Exclusion Form** | May 2, 2019 |
| **Deadline to Submit Comments or Objections** | May 2, 2019 |
| **Motion for Final Approval and Attorneys' Fees** | May 16, 2019 |
| **Responses to Comments or Objections** | May 16, 2019 |
| **Replies to Motions/Responses (if any)** | May 30, 2019 |
| **Fairness Hearing – Half Day** | June 6, 2019, at 9:00 AM |

It is FURTHER ORDERED that the Final Trial Preparation Conference set for February 19, 2019, and the Jury Trial set to commence on February 25, 2019, are VACATED.

It is FURTHER ORDERED that Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement (Doc. # 1189) is GRANTED.

DATED: January 23, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge