IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN, et al.;

    Plaintiffs,

v.

INTEREXCHANGE, INC., et al.;

    Defendants.

## DECLARATION OF RUTH F. FERRY

I, Ruth F. Ferry, hereby declare as follows:

    1.    I am Senior Vice President of American Institute For Foreign Study, Inc. ("AIFS") and Director of the Au Pair in America ("APIA") program; I also serve as AIFS' responsible officer for the Department of State ("DOS"). I have worked with AIFS for approximately 37 years, and have held my current position since approximately 1998.

    2.    I am the ultimate manager of various APIA program functions and responsibilities, including the following: compliance with DOS regulations and guidelines; recruitment of host families; and placement or "matching" of host families with au pairs.

    3.    I submit this declaration in response to the settlement objection filed by Shireem Logan. Ms. Logan participated as an au pair in the APIA program from September 16, 2013 until September 15, 2015. This declaration is based on my

personal knowledge and my review of APIA records maintained in the ordinary course of its business.

4.   Ms. Logan's settlement objection does not speak about either the substantive provisions or relative fairness of the Parties' Settlement Agreement. Instead, it contains unrelated and troubling statements about some of her experiences as an au pair.

5.   On April 23, 2014, Ms. Logan reported to her host parents that she had witnessed inappropriate behavior between two of their children. In response, the host parents promptly removed one of the children from the family home, reported the incident to the police, and engaged in other remedial and therapeutic actions.

6.   On April 24, 2014, APIA's local Community Counselor for Maryland, where Ms. Logan resided, first became aware of this incident. The Community Counselor immediately reported the incident to APIA's Regional Program Manager. In response, APIA offered to remove Ms. Logan from the host family's home and to provide her with various forms of physical and emotional support and assistance. Ms. Logan refused all of APIA's responsive offers. She expressed that she felt safe while residing with her host family and insisted that she remain in residence with her host family.

7.   On the same day it became aware of the incident, APIA reported it to the DOS in accordance with its regulatory obligation. 22 C.F.R. § 62.31(l)(4). Thereafter, APIA supplied supplementary information to the DOS on May 2, 2014. A redacted copy of APIA's report to the DOS is attached hereto as *Exhibit A*.

8. After their initial discussion of the incident, the Community Counselor remained in regular contact with Ms. Logan. The Community Counselor continuously inquired about and monitored Ms. Logan's living situation, safety and well-being. Ms. Logan remained placed with her host family without any further report of incident until August 21, 2014, when she chose to match with a new host family and planned to extend her participation in the APIA program for an additional year. Ms. Logan did not request counseling or therapeutic services from APIA during or subsequent to her participation in the APIA program.

9. Ms. Logan alleges that there was a six-week period when she was homeless.

10. APIA records confirm that Ms. Logan resided with a host family for the entirety of her APIA program participation, except during the period from September 23, 2014 until October 13, 2014. During this twenty-day period, Ms. Logan was between host family placements. Contrary to the contentions in her settlement objection, Ms. Logan informed APIA that she was residing with a friend in the Boston, Massachusetts area while awaiting placement with her new host family.

11. APIA supported Ms. Logan fully and, in all respects, treated her compassionately, fairly and in conformity with DOS regulations and guidelines throughout the term of her participation in the APIA program.

I declare under penalty of perjury, pursuant to the laws of the United States of America, that the foregoing declaration is true and correct. Executed this 16th day of May 2019.

_____
Ruth F. Ferry