**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ,
SARAH CAROLINA AZUELA RASCON,
CATHY CARAMELO,
LINDA ELIZABETH,
GABRIELA PEREZ REYES,
    and those similarly situated,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., DBA EXPERT AUPAIR,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC. D/B/A CULTURAL CARE AU PAIR,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, DBA AUPAIR FOUNDATION,
AMERICAN INSTITUTE FOR FOREIGN STUDY DBA AU PAIR IN AMERICA,
ASSOCIATES IN CULTURAL EXCHANGE DBA GOAUPAIR,
AMERICAN CULTURAL EXCHANGE, LLC, DBA GOAUPAIR,
GOAUPAIR OPERATIONS, LLC, DBA GOAUPAIR,
AGENT AU PAIR,
A.P.EX. AMERICAN PROFESSIONAL EXCHANGE, LLC DBA PROAUPAIR, and
20/20 CARE EXCHANGE, INC. DBA THE INTERNATIONAL AU PAIR EXCHANGE,

    Defendants.

**DECLARATION OF PETER M. SKINNER IN SUPPORT OF
PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF CLASS AND COLLECTIVE
ACTION SETTLEMENT AND FOR FEES**

I, PETER M. SKINNER, declare as follows:

1. I am an attorney duly licensed to practice law in the State of New York and am a Partner with the law firm of Boies Schiller Flexner LLP, counsel for the Plaintiffs and for the Class. I am admitted to practice in the United States District Court for the District of Colorado.

2. The matters stated herein are based on my personal knowledge and, if called upon to testify, I could and would testify competently thereto.

3. I submit this declaration in support of Plaintiffs' Motions for Final Approval of Class and Collective Action Settlement and for Fees.

4. The settlement was reached after the parties engaged in extensive discovery and motion practice for over four years, including motions to dismiss, a motion to compel arbitration, FLSA conditional certification, Rule 23 class certification, summary judgment, appeals in two different Circuit Courts, and numerous motions to compel discovery or for protective orders.

5. During discovery, the parties exchanged hundreds of thousands of pages of documents, subpoenaed records and depositions from third parties, and conducted approximately 143 depositions on three continents (plus two more, remotely): Plaintiffs conducted 34 depositions, and Defendants conducted 109, of which 90 were of FLSA opt-in au pairs.

6. During discovery, Plaintiffs retained two experts and Defendants offered three, some of whom submitted multiple expert reports at different stages of the litigation.

7. With the assistance of Magistrate Judge Michael E. Hegarty, the Parties engaged in arm's-length negotiations beginning with an approximately 13-hour in-person

session on October 17, 2018, in Denver, Colorado.  The Parties provided Judge Hegarty with 10 mediation briefs in advance of that meeting, totaling over 100 pages, with 75 exhibits totaling approximately 1,466 pages (along with a limited amount of *ex parte* material).

8. Although no deal was reached that day, the Parties continued to negotiate under Judge Hegarty's supervision over the next several weeks.  The October 17 mediation was the first time that the Defendants engaged in meaningful settlement discussions.

9. On November 19, 2018, the Parties reached agreement on the core terms of a Settlement, including the Settlement amount, the nature of the agreed-upon prospective relief, and scope of the releases Defendants would receive.  The Parties then negotiated the final language over several more weeks, finally agreeing upon the proposed Settlement Agreement on January 9, 2019.

10. I believe that the financial consideration offered by the Defendants in the Settlement is fair and reasonable.

11. Based on information obtained during the course of the litigation, I believe the Settlement amount is close to if not more than the maximum Plaintiffs might realistically collect following a successful trial and any potential appeals given the exhaustion of available insurance and Defendants' financial limitations.  Any post-verdict recovery would also likely entail judgment enforcement efforts aimed at the Defendants' affiliates.

12. Prior to reaching a final agreement, Class Counsel discussed the proposed Settlement with all named plaintiffs, each of whom approved the Settlement.

13. The Settlement was finalized and filed with the Court on January 9, 2019.

14. Given the facts and circumstances of this case, it is my belief that the Settlement is fair, reasonable, and adequate and that it should be approved by the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 16th day of May, 2019 at New York, New York.

    Respectfully submitted,

    /s/ *Peter M. Skinner*
    Peter M. Skinner
    BOIES SCHILLER FLEXNER LLP
    575 Lexington Avenue
    New York, NY 10022
    Tel. (212) 446-2300
    Fax. (212) 446-2350
    pskinner@bsfllp.com

    *Counsel for Plaintiffs*