**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-03074-CMA-KMT

JOHANA PAOLA BELTRAN,
LUSAPHO HLATSHANENI,
BEAUDETTE DEETLEFS,
ALEXANDRA IVETTE GONZALEZ,
JULIANE HARNING,
NICOLE MAPLEDORAM,
LAURA MEJIA JIMENEZ,
SARAH CAROLINE AZUELA RASCON,
CAMILA GABRIELA PEREZ REYES,
CATHY CARAMELO,
LINDA ELIZABETH,
And those similarly situated,

    Plaintiffs,

v.

INTEREXCHANGE, INC.,
USAUPAIR, INC.,
GREATAUPAIR, LLC,
EXPERT GROUP INTERNATIONAL INC., *d/b/a* Expert AuPair,
EURAUPAIR INTERCULTURAL CHILD CARE PROGRAMS,
CULTURAL HOMESTAY INTERNATIONAL,
CULTURAL CARE, INC., *d/b/a* Cultural Care Au Pair,
AUPAIRCARE INC.,
AU PAIR INTERNATIONAL, INC.,
APF GLOBAL EXCHANGE, NFP, *d/b/a/* Aupair Foundation,
AMERICAN INSTITUTE FOR FOREIGN STUDY, *d/b/a* Au Pair in America,
AMERICAN CULTURAL EXCHANGE, LLC, *d/b/a* GoAuPair,
AGENT AU PAIR,
A.P.E.X. AMERICAN PROFESSIONAL EXCHANGE, LLC, *d/b/a* ProAuPair,
20/20 CARE EXCHANGE, INC., *d/b/a* The International Au Pair Exchange,
ASSOCIATES IN CULTURAL EXCHANGE*, d/b/a* GoAuPair, and
GOAUPAIR OPERATIONS, LLC, *d/b/a* GoAuPair,

    Defendants.

## AMENDED ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement. (Doc. # 1205.) The parties reached a Settlement Agreement on January 9, 2019, as a result of intensive, non-collusive, arm's length negotiations facilitated by United States Magistrate Judge Michael E Hegarty. (Doc. # 1208-1 at 2–49) The Court gave its preliminary approval to the Settlement Agreement on January 23, 2019 (Doc. # 1191), and the parties subsequently sent the Settlement Notice to potential class members and collected claim forms and requests for exclusion from them. On May 16, 2019, Plaintiffs filed the Motion for Final Approval of Class and Collective Action Settlement presently before the Court. (Doc. # 1205.) The Court heard argument on Plaintiffs' request for final approval of the Settlement Agreement on July 18, 2019. *See* (Doc. # 1228.)

Being intimately familiar with the lengthy, labyrinthine history of this matter and having thoroughly reviewed the Settlement Agreement, the Court GRANTS Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement. (Doc. # 1205.) It is

FURTHER ORDERED that:

1. The Court finally approves the class and collective action settlement. This Court also finally certifies the Fair Labor Standards Act ("FLSA") classes that were conditionally certified in this action. *See* (Doc. ## 525, 539, 569.)

2. Any capitalized term that is not defined in this Order shall have the meaning provided in the Settlement Agreement.

3. The Court confirms that it has jurisdiction over this matter and the parties to it.

4. This Court approves the terms of the Settlement Agreement, and the Plan of Allocation, the material terms of which include, but are not limited to:

   a. Class Counsel will establish a Qualified Settlement Fund ("QSF");

   b. Defendants will pay their respective shares of the settlement amount, which totals $65,500,000, into the QSF;

   c. Within thirty (30) days after the Effective Date, and going forward, Defendants (and their agents, where applicable) will provide a statement to host families and au pairs to the effect that the weekly au pair stipend is a minimum payment requirement and host families and au pairs are free to agree to compensation higher than the legally applicable minimum.

   d. From the QSF, Class Counsel will receive attorneys' fees of $22,925,000, representing 35% of the QSF;[1] each of the eleven class representatives will receive a service award of $5,000; each of the FLSA deponents will receive a service award of $1,000 (unless they are a class representative); and each FLSA opt-in plaintiff will receive $100 (unless they were deposed).  The awards to class representatives, FLSA deponents, and FLSA opt-ins shall be in addition to any funds they receive as members of the Rule 23 Class Action;

   e. Class Counsel's litigation expenses, as well as Expenses for

---

[1] Contemporaneous with the issuance of this Order, the Court issues an Order Granting Plaintiffs' Motion for Attorneys' Fees and Expenses.

      administration of the settlement and sending of notice pursuant to 28 U.S.C. § 1715 will be deducted from the QSF;

  f. $536 shall be taxed from the QSF in favor of the United States and payable into the Court to repay the filing and service costs the Court previously waived;

  g. The remainder of the QSF will be distributed to Class Members, as detailed in the Plan of Allocation;

  h. The Institute of International Education's Au Pair Scholarship Program is named as the *cy pres* recipient contemplated by Settlement Agreement, pursuant to the conditions set forth in the Declaration of Joshua L. Libling Regarding *Cy Pres* (Doc. # 1221); and

  i. Class Members who did not exclude themselves are bound by the terms of the Settlement Agreement, including all releases therein, and their claims are dismissed with prejudice.

5. This Court additionally finds that:

  a. The Settlement Notice, and the distribution thereof, satisfied the requirements of due process under the Constitution and Federal Rule of Civil Procedure 23(e), that it was the best practicable under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement. *See DeJulius v. New England Health Care Emp. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005).

b. The Settlement Notice was adequate and gave all Settlement Class Members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of it (where applicable).

c. This Court additionally finds that the parties' settlement, on the terms and conditions set forth in their Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members.  See Fed. R. Civ. P. 23(e); *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) ("In assessing whether the settlement is fair, reasonable and adequate, the trial court should consider: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.").

d. Moreover, this standard substantially overlaps with the standard that courts apply in deciding whether to approve settlements under the FLSA, 29 U.S.C. §§ 201, *et seq.*  See *Pliego v. Los Arcos Mexican Rest., Inc.*, 313 F.R.D. 117, 128 (D. Colo. 2016).  As such, the Court also finds that the parties' settlement is fair and reasonable under the FLSA.

e. This Court further finds that the Settlement Class Members were given a

fair and reasonable opportunity to object to the settlement. Six Settlement Class Members objected to the settlement. And the class members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this order. There are 1,284 such persons.

6. The deadlines previously imposed by the Court for filing claim forms to participate in the settlement are lifted to the extent that: (a) the Class Administrator may honor claim forms actually received prior to May 16, 2019; and (b) the Class Administrator may contact potential class members who submitted both a claim form and a request from exclusion, have the potential class members indicate their preference, and honor that preference.

7. Effective upon the Effective Date, Released Parties, as defined in the next sentence, shall be released and forever discharged by all Settlement Class Members (the "Releasing Parties") from any and all causes of action, judgments, liens, indebtedness, costs, damages, penalties, expenses, obligations, attorneys' fees, losses, claims, liabilities and demands of whatever kind or character (each a "Claim"), known or unknown, arising on or before the Effective Date, that are, were or could have been asserted against any of the Released Parties by reason of, arising out of, or in any way related to any of the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters referenced in the Litigation, whether any such Claim was or could have been asserted by any Releasing Party on her or his

own behalf or on behalf of other Persons. Released Parties means the Defendants in this action, together with their respective parents, subsidiaries, officers, directors, employees, contractors, shareholders, attorneys, agents, representatives, insurers, host families, and affiliates, expressly, but without limitation, including recruiting affiliates named and unnamed in the course of this Litigation for those Defendants who use the services of others to identify, recruit and/or screen au pair candidates. Notwithstanding the foregoing, this Release shall not extend to claims or potential claims that any au pair may possess against her or his host family or families if such claims are (i) unrelated to the Claims asserted in the Litigation or (ii) unrelated to host family obligations under the federal Au Pair Program requirements, e.g., compensation, hours, education, or services required.

8. Except as set forth in the Settlement Agreement, this Order and the Settlement Agreement shall not be offered or received against the or Released Parties and their counsel for any purpose, and in particular:

    a. Do not constitute, and shall not be offered or received against any Parties or Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Released Parties with respect to the truth of any fact alleged by Plaintiffs or any other Settlement Class Member or the validity of any Claim that has been or could have been asserted in the Litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or

      wrongdoing of the Released Parties;

   b. Do not constitute, and shall not be offered or received against any Parties or Released Parties as evidence of a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by Released Parties, or against the Plaintiffs, or any other Settlement Class Member as evidence of any infirmity in the Claims or defenses that have been or could have been asserted in the Litigation;

   c. Do not constitute, and shall not be offered or received against any Parties or Released Parties, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; and

   d. Do not constitute, and shall not be construed against any Parties or Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

9. This Order is binding on all Settlement Class Members, except those individuals who validly and timely excluded themselves from the Class or from the Settlement.

10. Pursuant to the Court of Appeals for the Tenth Circuit's July 29, 2019 directive and mandate (Doc. ## 1231–33), the Court hereby vacates Paragraph 10 of its July 28, 2019 Order Granting Final Approval of Class and Collective Action Settlement (Doc. # 1229 at 9) and substitutes this paragraph in its place.  This Court acknowledges that on October 30, 2018, the Tenth Circuit remanded an appeal filed by Defendant AuPairCare, Inc. ("APC") and directed this Court to sever the arbitration provider selection clause, which it found to be substantively unconscionable, and to compel Plaintiffs and Defendant APC to arbitrate.  (Doc. # 1161.)  This Court never compelled Plaintiffs and Defendant APC to arbitrate because all parties were in the midst of settlement negotiations.  The Tenth Circuit acknowledges that the parties' settlement obviates the need for this Court to sever and compel arbitration as it directed in its October 30, 2018 Opinion.  (Doc. # 1232 at 2).  As such, this paragraph of the Order Granting Final Approval of Class and Collective Action Settlement is amended to include this clarification.  This action is now dismissed with prejudice as to all other issues and as to all parties and claims.

11. This Court retains continuing and exclusive jurisdiction over the parties and all matters relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

DATED: August 1, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge